**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| GREAT BASIN, LLC, | Case No. 24-11966 ([●]) |
| Debtor. | |
| Tax I.D. No. 6158 | |
| In re: | Chapter 11 |
| BIG LOTS, INC., | Case No. 24-11967 ([●]) |
| Debtor. | |
| Tax I.D. No. 9097 | |
| In re: | Chapter 11 |
| BIG LOTS MANAGEMENT, LLC, | Case No. 24-11969 ([●]) |
| Debtor. | |
| Tax I.D. No. 7948 | |
| In re: | Chapter 11 |
| CONSOLIDATED PROPERTY HOLDINGS, LLC, | Case No. 24-11968 ([●]) |
| Debtor. | |
| Tax I.D. No. 0984 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BROYHILL LLC, | Case No. 24-11971 ([●]) |
| Debtor. | |
| Tax I.D. No. 7868 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS STORES – PNS, LLC, | Case No. 24-11970 ([●]) |
| Debtor. | |
| Tax I.D. No. 5262 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS STORES, LLC, | Case No. 24-11973 ([●]) |
| Debtor. | |
| Tax I.D. No. 6811 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BLBO TENANT, LLC, | Case No. 24-11972 ([●]) |
| Debtor. | |
| Tax I.D. No. 0552 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS STORES – CSR, LLC, | Case No. 24-11976 ([●]) |
| Debtor. | |
| Tax I.D. No. 6182 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CSC DISTRIBUTION LLC, | Case No. 24-11974 ([●]) |
| Debtor. | |
| Tax I.D. No. 8785 | |

| | |
|---|---|
| In re: | Chapter 11 |
| CLOSEOUT DISTRIBUTION, LLC, | Case No. 24-11978 ([●]) |
| Debtor. | |
| Tax I.D. No. 0309 | |

| | |
|---|---|
| In re: | Chapter 11 |
| DURANT DC, LLC, | Case No. 24-11975 ([●]) |
| Debtor. | |
| Tax I.D. No. 2033 | |

| | |
|---|---|
| In re: | Chapter 11 |
| AVDC, LLC, | Case No. 24-11981 ([●]) |
| Debtor. | |
| Tax I.D. No. 3400 | |

| | |
|---|---|
| In re: | Chapter 11 |
| GAFDC LLC, | Case No. 24-11977 ([●]) |
| Debtor. | |
| Tax I.D. No. 8673 | |

In re:

PAFDC LLC,

        Debtor.

Tax I.D. No. 2377

Chapter 11

Case No. 24-11982 ([●])

---

In re:

WAFDC, LLC,

        Debtor.

Tax I.D. No. 6163

Chapter 11

Case No. 24-11979 ([●])

---

In re:

INFDC, LLC,

        Debtor.

Tax I.D. No. 2820

Chapter 11

Case No. 24-11983 ([●])

---

In re:

BIG LOTS ECOMMERCE LLC,

        Debtor.

Tax I.D. No. 9612

Chapter 11

Case No. 24-11980 ([●])

---

In re:

BIG LOTS F&S, LLC,

        Debtor.

Tax I.D. No. 3277

Chapter 11

Case No. 24-11984 ([●])

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each

of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order Directing Joint*

*Administration of Chapter 11 Cases and Granting Related Relief* (this "**Motion**").  This Motion is

supported by the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer*

*of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* (the

"**Ramsden Declaration**") filed contemporaneously herewith and incorporated herein by reference.

In further support of this Motion, the Debtors respectfully state as follows:

**Relief Requested**

1.      By this Motion, and pursuant to rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**") and rule 1015-1 of the Local Rules for the United States

Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), directing

the joint administration of the Chapter 11 Cases for procedural purposes only.  Specifically, the

Debtors request that the United States Bankruptcy Court for the District of Delaware (the "**Court**")

maintain one file and one docket for all of the Chapter 11 Cases under the case of Big Lots, Inc.

and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 ([●]) |
| Debtors.¹ | (Jointly Administered) |

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Big Lots, Inc.) to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Big Lots, Inc., Great Basin, LLC, Big Lots Management, LLC, Consolidated Property Holdings, LLC, Broyhill LLC, Big Lots Stores - PNS, LLC, Big Lots Stores, LLC, BLBO Tenant, LLC, Big Lots Stores - CSR, LLC, CSC Distribution LLC, Closeout Distribution, LLC, Durant DC, LLC, AVDC, LLC, GAFDC LLC, PAFDC LLC, WAFDC, LLC, INFDC, LLC, Big Lots eCommerce LLC, and Big Lots F&S, LLC.  **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 24-11967.**

3.     In addition, the Debtors request that the Court waive the requirement of section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

**Jurisdiction, Venue, and Authority**

4.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

5.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

6.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

7.      On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

8.      Big Lots is a one-stop shop home discount retailer.  Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies.  Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

9.      Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Ramsden Declaration.

## **Basis for Relief**

10.     Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Each Debtor is an "affiliate," as that term is defined under section 101(2) of the Bankruptcy Code, of Big Lots, Inc. or one of its Debtor affiliates.  Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that Big Lots, Inc. is an affiliate of each of the other Debtors.  Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases, stating that "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration."  Del. Bankr. L.R. 1015-1.

11.     The request for joint administration of interrelated chapter 11 cases is generally noncontroversial and routinely approved by this Court under similar circumstances.  *See, e.g.*, *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Feb. 14, 2024) [D.I. 46] (directing joint administration of chapter 11 cases); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023) [D.I. 169] (same); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023) [D.I. 55] (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) [D.I. 57] (same); *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Mar. 30, 2023) [D.I. 67] (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Aug. 24, 2022) [D.I. 71] (same); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del.

Nov. 18, 2021) [D.I. 79] (same).  The Debtors submit that the circumstances described herein warrant similar relief.

12.     On the date hereof, the Debtors commenced the 19 Chapter 11 Cases referenced above by filing petitions for voluntary relief with the Court.  Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation with one another, joint administration of the Chapter 11 Cases is warranted and would provide significant administrative convenience without harming the substantive rights of any party in interest.  Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources.  The Debtors' financial affairs and business operations are closely related.  Many of the motions, hearings, and orders in the Chapter 11 Cases will affect each Debtor and its respective estate.  The rights of creditors would not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates.  Moreover, each creditor shall still file its claim against a particular estate.  In fact, all creditors would benefit by the reduced costs that would result from the joint administration of the Chapter 11 Cases.  The Court also would be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally, supervision of the administrative aspects of the Chapter 11 Cases by the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") would be simplified.

13.     Furthermore, it is appropriate to waive the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.  This information is available on all of the Debtors' chapter 11 petitions.  Waiver of this

requirement is purely procedural in nature and would ease the administrative burden on the Debtors.

14.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.  This Court has granted similar relief.  *See, e.g., In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Feb. 14, 2024) [D.I. 46]; *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023) [D.I. 169]; *Celadon Group, Inc.*, 19-12606 (KBO) (Bankr. D. Del. Dec. 10, 2019) [D.I. 49].

15.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors' estates and stakeholders and, therefore, should be granted.

## **Emergency Consideration**

16.     Pursuant to Local Rule 9013-1(m), the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003(b).  Bankruptcy Rule 6003 provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ."  Fed. R. Bankr. P. 6003.  As set forth in this Motion and the Ramsden Declaration, the Debtors believe that (a) an orderly transition into chapter 11 is critical to preserve and maximize the value of the Debtors' estates, and (b) any delay in granting the relief requested herein could cause immediate and irreparable harm.  Furthermore, the failure to receive the relief requested herein during the first 21 days of the Chapter 11 Cases may severely impact the Debtors' restructuring at this critical

-10-

juncture.  Accordingly, the Debtors submit that the relief requested herein satisfies Bankruptcy Rule 6003.

## **Notice**

17.    Notice of this Motion will be provided to the following parties:  (a) the office of the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

18.    As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect thereto as required by Local Rule 9013-1(m).  A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   September 9, 2024
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 /s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (*pro hac vice* forthcoming)
Adam L. Shpeen (*pro hac vice* forthcoming)
Stephen D. Piraino (*pro hac vice* forthcoming)
Ethan Stern (*pro hac vice* forthcoming)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*