**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GREAT BASIN, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 6158 | Chapter 11<br><br>Case No. 24-11966 (JKS) |
| In re:<br><br>BIG LOTS, INC.,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 9097 | Chapter 11<br><br>Case No. 24-11967 (JKS) |
| In re:<br><br>BIG LOTS MANAGEMENT, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 7948 | Chapter 11<br><br>Case No. 24-11969 (JKS) |
| In re:<br><br>CONSOLIDATED PROPERTY HOLDINGS, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 0984 | Chapter 11<br><br>Case No. 24-11968 (JKS) |

-2-

| | |
|---|---|
| In re: <br><br> BROYHILL LLC, <br><br>        Debtor. <br><br> Tax I.D. No. 7868 | Chapter 11 <br><br> Case No. 24-11971 (JKS) |
| In re: <br><br> BIG LOTS STORES – PNS, LLC, <br><br>        Debtor. <br><br> Tax I.D. No. 5262 | Chapter 11 <br><br> Case No. 24-11970 (JKS) |
| In re: <br><br> BIG LOTS STORES, LLC, <br><br>        Debtor. <br><br> Tax I.D. No. 6811 | Chapter 11 <br><br> Case No. 24-11973 (JKS) |
| In re: <br><br> BLBO TENANT, LLC, <br><br>        Debtor. <br><br> Tax I.D. No. 0552 | Chapter 11 <br><br> Case No. 24-11972 (JKS) |
| In re: <br><br> BIG LOTS STORES – CSR, LLC, <br><br>        Debtor. <br><br> Tax I.D. No. 6182 | Chapter 11 <br><br> Case No. 24-11976 (JKS) |

| | |
|---|---|
| In re:<br><br>CSC DISTRIBUTION LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 8785 | Chapter 11<br><br>Case No. 24-11974 (JKS) |
| In re:<br><br>CLOSEOUT DISTRIBUTION, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 0309 | Chapter 11<br><br>Case No. 24-11978 (JKS) |
| In re:<br><br>DURANT DC, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 2033 | Chapter 11<br><br>Case No. 24-11975 (JKS) |
| In re:<br><br>AVDC, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 3400 | Chapter 11<br><br>Case No. 24-11981 (JKS) |
| In re:<br><br>GAFDC LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 8673 | Chapter 11<br><br>Case No. 24-11977 (JKS) |

| | |
|---|---|
| In re:<br><br>PAFDC LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 2377 | Chapter 11<br><br>Case No. 24-11982 (JKS) |
| In re:<br><br>WAFDC, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 6163 | Chapter 11<br><br>Case No. 24-11979 (JKS) |
| In re:<br><br>INFDC, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 2820 | Chapter 11<br><br>Case No. 24-11983 (JKS) |
| In re:<br><br>BIG LOTS ECOMMERCE LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 9612 | Chapter 11<br><br>Case No. 24-11980 (JKS) |
| In re:<br><br>BIG LOTS F&S, LLC,<br><br>　　　　Debtor.<br><br>Tax I.D. No. 3277 | Chapter 11<br><br>Case No. 24-11984 (JKS)<br><br>**Re: D.I. 2** |

-5-

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Chapter 11 Cases for procedural purposes only, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 157 and § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth in this order (this "**Order**").

2. The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to Big Lots, Inc., Case No. 24-11967.

3. Nothing in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors, or the Debtors' estates.

4. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

5. A docket entry shall be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Big Lots, Inc.) substantially as follows:

> An order has been entered in this case in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of this case solely for procedural purposes with the chapter 11 cases of Big Lots, Inc., Great Basin, LLC, Big Lots Management, LLC, Consolidated Property Holdings, LLC, Broyhill LLC, Big Lots Stores - PNS, LLC, Big Lots Stores, LLC, BLBO Tenant, LLC, Big Lots Stores - CSR, LLC, CSC Distribution LLC, Closeout Distribution, LLC, Durant DC, LLC, AVDC, LLC, GAFDC LLC, PAFDC LLC, WAFDC, LLC, INFDC, LLC, Big Lots eCommerce LLC, and Big Lots F&S, LLC. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 24-11967**.

6. The requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors is waived.

7. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for the Chapter 11 Cases.

8. Nothing in this Order affects any requirement that any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on the claim and not against the jointly administered Debtors.

9. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

11. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 10th, 2024**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**