**<u>Exhibit B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS., *et al.*, | Case No. 24-11967 (——JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. ——14** |

**INTERIM ORDER AUTHORIZING (I) DEBTORS TO (A) HONOR PREPETITION
EMPLOYEE OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS
PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS,
(II) CURRENT AND FORMER EMPLOYEES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS, AND (III) FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Big Lots Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders, pursuant to sections 105(a), 362(d), 363(b), 507(a)(4), 507(a)(5), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors to (i) honor and pay (or cause to be paid), in their sole discretion, all or a portion of the Prepetition Employee Obligations and (ii) unless otherwise set forth herein, continue, in their sole discretion, the Employee Programs, as applicable, as those

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Employee Programs were in effect as of the Petition Date and as may be modified, terminated, amended, or supplemented from time to time by the Debtors in their sole discretion, and to make or cause to make payments pursuant to the Employee Programs in the ordinary course of business, as well as to pay or cause to be paid related administrative obligations, (b) permitting current and former Employees holding claims under the Workers' Compensation Program to proceed with such claims in the appropriate judicial or administrative fora, and (c) authorizing the applicable financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to pay the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that

#99004147v2

the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis to the extent set forth in this order (this "**Order**").

2.    Except as provided otherwise in this Order, the Debtors are authorized, but not directed, to (a) pay or cause to be paid, in their sole discretion, all amounts required under or related to the Prepetition Employee Obligations in the ordinary course of business and in accordance with the Employee Programs as were in effect prior to the Petition Date and (b) continue, in their sole discretion, to pay and honor, or cause to be paid or honored, their obligations arising under or related to the Employee Programs in the ordinary course of business and in accordance with the Employee Programs as were in effect prior to the Petition Date, as those Employee Programs were in effect as of the Petition Date and as such Employee Programs may be modified, terminated, amended, or supplemented from time to time, in the ordinary course of the Debtors' businesses.; *provided* that, absent further order of the Court, the Debtors' payments on account of Prepetition Employee Obligations shall not exceed the amounts set forth in the table below:

| **Prepetition Employee Obligation** | **Prepetition Amounts Estimated to be Due and Owing During Interim Period** |
| --- | --- |
| Employee Wages | **$19,470,000** |
| Contract Worker Compensation | **$4,235,000** |

3

#99004147v2

| Employer Taxes | $880,000 |
|---|---|
| Withholdings | $3,690,500 |
| Health and Welfare Plan | $1,490,500 |
| Paid Time Off | N/A |
| Worker's Compensation | $1,100,000 |
| 401(k) Plan | $3,000,000 |
| Non-Insider Incentive Plans | $2,000,000 |
| _Annual Exempt Bonus Plan_ | $0 |
| _Store Operating Bonus_ | $2,000,000[3] |
| Long-Term Incentive Performance Plan | $0 |
| Miscellaneous Incentive Program | $187,000 |
| Relocation Benefits | $66,000 |
| Severance Obligations | $379,000 |
| WARN Obligations | $0 |
| Miscellaneous Programs | $236,500 |

3.    Notwithstanding footnote 3 of the Motion, the interim relief granted pursuant to this Order shall not apply to any Employee Programs and/or Prepetition Employee Obligations not specifically identified in the Motion.

4.    3. Notwithstanding any other provision herein, the Debtors shall not pay Wages to any Employee or other party on account of Prepetition Employee Obligations in excess of the

---

[3] For the avoidance of doubt, the inclusion of this amount on account of the Store Operating Bonus shall not be deemed an admission by the Debtors that such amount is a prepetition obligation.

#99004147v2

statutory ~~cap~~caps pursuant to section 507(a)(4) and section 507(a)(5) of the Bankruptcy Code prior to the entry of a final Order.

5.    Notwithstanding anything to the contrary herein, this Order is not authorizing a continuation of any incentive or severance plan, without prejudice to the Debtors' rights under the Bankruptcy Code.

6.    ~~4.~~ Nothing in this Order (a) authorizes any payment subject to section 503(c) of the Bankruptcy Code, (b) shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time, or (c) shall constitute a determination by the Court as to whether any individual entitled to payment pursuant to this Order is an Insider.

7.    ~~5.~~ The Debtors are authorized, but not required, to modify, replace, terminate, amend, or supplement from time to time, in the ordinary course of the Debtors' businesses, the ERISA Severance Plan; *provided*, that nothing in this Order authorizes the Debtors to continue the ERISA Severance Plan or pay any amounts to any terminated Employee on account thereof.

8.    ~~6.~~ The Debtors are authorized, but not required, to (a) continue, in the Debtors' sole discretion, utilizing third parties for certain services as described in the Motion and to pay or cause to be paid related claims as and when such obligations are due and (b) pay, in the Debtors' sole discretion, prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs.

9.    ~~7.~~ Subject to entry of a final Order, the Debtors are authorized, but not required, in their sole discretion to reject, pursuant to section 365(a) of the Bankruptcy Code, the Prepetition LTIP Agreements in their entirety, effective *nunc pro tunc* to the Petition Date.

10.    ~~8.~~ Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow current and former Employees to proceed with

their claims under the Workers' Compensation Program in the appropriate judicial or administrative fora, and the Employees are authorized to so proceed. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program. The notice requirements under Bankruptcy Rule 4001(d) with respect to the above are waived.

11.    9. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

12.    10. The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) for the Prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and (b) reimburse the Employees or the applicable payee, as the case may be, for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

13.    11. A final hearing to consider the relief requested in the Motion shall be held on ——————— October 9, 2024 at ———— .m1:00 p.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served on the Notice Parties so as to be

6

actually received on or prior to ~~_____~~October 2, 2024 at ~~_____ .m~~4:00 p.m. (prevailing Eastern Time).

14.    ~~12. Nothing~~Subject to the relief granted herein, nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

15.    ~~13.~~Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

16.    ~~14.~~Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

17.    ~~15.~~Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7

18.    16. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

19.    17. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

#99004147v2