**<u>Exhibit B</u>**

**Redline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (——JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. ——16** |

## INTERIM ORDER (I) AUTHORIZING DEBTORS TO ASSUME THE CONSULTING AGREEMENT, (II) AUTHORIZING STORE CLOSING SALES AND APPROVING RELATED PROCEDURES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders pursuant to sections 105(a), 363(b), 363(f), and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6003, 6004, 6006, and 6007, (a) authorizing BL Stores to assume the Services Agreement (a copy of which is attached hereto as **Schedule 1**), (b) authorizing and approving the continuation of the Store Closing Sales free and clear of all liens, claims, interests, and encumbrances, (c) approving the Store Closing Procedures (a copy of which is attached hereto as **Schedule 2**), and (d) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter an interim order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings

of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      The Debtors have demonstrated compelling and sound business justifications for assuming the Services Agreement, conducting the Store Closing Sales and Store Closings, and adopting the Store Closing Procedures (on an interim basis, subject to entry of the Final Order); as such, assumption of the Services Agreement, conducting the Store Closing Sales and Store Closings, and adoption of the Store Closing Procedures constitutes an exercise of the Debtors' sound business judgement and is in the best interests of the Debtors and their estates and stakeholders.

C.      The Consultant and BL Stores negotiated and entered into the Services Agreement in good faith, at arm's-length, and without collusion, and the terms therein are fair, reasonable, and appropriate.

D.      The Store Closing Procedures are fair, reasonable, appropriate and designed to maximize the value of the Store Closing Assets, and conducting the Store Closing Sales and Store Closings in accordance with the Store Closing Procedures will provide an efficient means for the Debtors to dispose of the Store Closing Assets and are in the best interests of the Debtors and their estates and stakeholders.

E.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

F.      The Dispute Resolution Procedures are fair and reasonable and comply with applicable law.

G.      The Debtors have represented that they intend to neither sell, lease, nor abandon Personal Identifying Information pursuant to the relief requested in the Motion.

H.      The Debtors have represented that they will utilize all commercially reasonable efforts to remove or cause to be removed any confidential or Personal Identifying Information from any Store Closing Asset prior to its Sale or abandonment. ~~As a result~~Subject to entry of a final order, the appointment of a consumer privacy ombudsman is unnecessary.

I.      The Consultant is not an insider of the Debtors.

J.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this order (this "**Interim Order**") is in the best interests of the Debtors and their estates and stakeholders.

ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted on an interim basis as set forth in this Interim Order.

2.      A final hearing to consider the relief requested in the Motion shall be held on ~~_____~~October 9, 2024 at ~~_____ .m~~11:00 a.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served on the Notice Parties so as to be actually received on or prior to ~~_____~~October 2, 2024 at ~~_____ .m~~4:00 p.m. (prevailing Eastern Time).

~~3. The Debtors and the Consultant are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.~~

3.      ~~4.~~To the extent of any conflict between the Store Closing Procedures and the Services Agreement, the Services Agreement shall control.  To the extent of any conflict among this Interim Order, the Store Closing Procedures, and the Services Agreement, the terms of this Interim Order shall control.

4.      5. Services Agreement. BL Stores is authorized, on an interim basis, to assume the Services Agreement pursuant to sections 363 and 365 of the Bankruptcy Code.

5.      6. The Debtors are authorized to act and perform in accordance with the terms of the Services Agreement on an interim basis, including making payments to the Consultant required by the Services Agreement without a further order of the Court and without the need for the Consultant to apply for same. The Consultant's fees and expenses shall be paid from the gross proceeds of the Store Closing Sales, and shall be subject to any Approved DIP Budget agreed to by the Debtors and the terms of the Services Agreement, including as to the Expense Budget.

6.      7. Subject to the restrictions set forth in this Interim Order and the Store Closing Procedures, the Debtors and the Consultant are hereby authorized to take any and all actions as may be necessary or desirable to implement the Services Agreement, and any actions taken by the Debtors and the Consultant necessary or desirable to implement the Services Agreement are hereby approved and ratified from and after the Petition Date.

7.      8. The Services Agreement and related documents may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court so long as (i) any such modifications, amendment or supplements are not adverse to the Debtors or their estates, (ii) the interest of the landlords under the applicable Leases are not adversely affected, or as otherwise ordered by the Court.

8.      9. Notwithstanding anything contrary in the Services Agreement, the Debtors and their estates shall not indemnify the Consultant for any damages arising primarily out of the Consultant's fraud, willful misconduct, or gross negligence.

9.    10. Store Closing Sales and Store Closings.  The Debtors are authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to continue conducting or to commence the Store Closing Sales in accordance with this Interim Order, the Store Closing Procedures, and the Services Agreement.

10.    11. The Store Closing Procedures are approved in their entirety on an interim basis.

12. All entities that are presently in possession of some or all of the Store Closing Assets that are or may be subject to the Services Agreement or this Order are hereby directed to surrender possession of such Store Closing Assets to the Debtors or the Consultant.

11.    13. Neither the Debtors nor the Consultant nor any of their respective officers, employees, or agents shall be required to obtain the approval of any third party, including any Governmental Unit or landlord, to conduct the Store Closing Sales and Store Closings and to take the actions related to the Store Closing Sales and Store Closings, as authorized herein.

12.    14. The Debtors and/or the Consultant and the landlords of the Stores are authorized to enter into the Side Letters modifying the Store Closing Procedures without further order of the Court, and each such Side Letter shall be binding on the Debtors, the Consultant, and the applicable landlords, *provided, however*, that the Store Closing Procedures may not be materially modified without the consent of the Debtors and the DIP Agents (as defined in the DIP Orders), which shall not be unreasonably withheld, conditioned, or delayed. In the event of any conflict between the Store Closing Procedures and any Side Letter, the terms of such Side Letter shall control. To the extent there is a conflict between either the Store Closing Procedures, the Consultant Agreement or the Side Letter on the one hand, and this Interim Order on the other hand, this Interim Order shall control; *provided*, *however*, that the applicable Side Letter, if any,

shall control over this Interim Order solely as it relates to the conduct of the Store Closing Sales at the applicable Store.

13.    15. Newspapers and other media in which the Store Closing Sales may be advertised and all applicable landlords are directed to accept this Interim Order as binding authority authorizing the Debtors and the Consultant to conduct the Store Closing Sales and Store Closings pursuant to the Services Agreement, including, conducting and advertising the sale of the Store Closing Assets in the manner contemplated by and in accordance with this Interim Order, the Store Closing Procedures, any applicable Side Letter, and the Services Agreement (as modified by any Side Letter).

14.    16. The Debtors and the Consultant are authorized to take such actions as may be necessary and appropriate to implement the Services Agreement and conduct the Store Closing Sales and Store Closings without further order of the Court as provided in the Services Agreement and the Store Closing Procedures, including advertising the Store Closing Sales as a "going out of business," "store closing sale", "sale on everything", "everything must go", or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall closing locations, and at enclosed mall closing locations to the extent that the applicable closing location entrance does not require entry into the enclosed mall common area), use of sign-walkers, A-frames, and other street signage, as contemplated in the Store Closing Procedures (subject to any Side Letter).

15.    17. Except as expressly provided in the Services Agreement or the Store Closing Procedures, the Debtors and the Consultant may conduct the Store Closing Sales, Additional Consultant Goods Sales, and Store Closings notwithstanding any Lease Restriction affecting or purporting to restrict the conduct of the Store Closing Sales, Additional Consultant Goods Sales,

or Store Closings or the abandonment of any Store Closing Assets.  Such Lease Restrictions shall not be enforceable with respect to the Store Closing Sales, Additional Consultant Goods Sales, Store Closings, or abandonment of Store Closing Assets, and the breach of any such Lease Restrictions in connection with the Store Closing Sales, Additional Consultant Goods Sales, Store Closings, or abandonment of Store Closing Assets shall not constitute a default under the applicable instrument, including a Lease, or provide a basis to terminate such instrument; *provided* that the Store Closing Sales, Additional Consultant Goods Sales, Store Closings, and abandonment of Store Closing Assets are conducted in accordance with the terms of this Interim Order or the Store Closing Procedures.

16.    18. Except as expressly provided for herein or in the Store Closing Procedures, no person or entity, including any Governmental Unit, landlord, licensor, service provider, utility, or creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Store Closing Sales, the Additional Consultant Goods Sales, the advertising and promotion (including the posting of signs and exterior banners or the use of sign-walkers) of such sales, or the Store Closings, and all such parties and persons of every nature and description, including any Governmental Unit, landlord, licensor, service provider, utility, or creditor, or anyone acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, obstructing, or otherwise impeding the conduct of the Store Closing Sales, Additional Consultant Goods Sales, or Store Closings and (b) instituting any action or proceeding in any court (other than in the Court) or administrative body seeking an order or judgment against, among others, the Debtors, the Consultant, or the landlords at the Stores that might in any way directly or indirectly obstruct, interfere with, hinder, or adversely affect the conduct of the Store Closing Sales, Additional Consultant Goods Sales, or Store

Closings or seek to recover damages for breach(es) of covenants or provisions in any Lease, license, or contract based upon any relief authorized herein.

17.    ~~19.~~ In accordance with and subject to the terms and conditions of the Services Agreement, the Consultant shall have the right to use the Stores, the Store Closing Assets, and other assets of the Debtors for the purpose of conducting Store Closing Sales free of any interference from any entity or person, subject to compliance with the Store Closing Procedures and this Interim Order.

18.    ~~20.~~ The Consultant is authorized to supplement the Merchandise in the Stores with Additional Consultant Goods; *provided* that any such Additional Consultant Goods must be of like kind and no lesser quality than the Merchandise.  Sales of Additional Consultant Goods shall be run through the Debtors' cash register systems; *provided*, *however*, that the Consultant shall mark the Additional Consultant Goods using either a "dummy" SKU or department number or in such other manner that shall distinguish the Additional Consultant Goods from the Merchandise.  The Consultant and the Debtors shall cooperate to ensure that the Additional Consultant Goods are marked in such a way that a reasonable consumer could distinguish the Additional Consultant Goods from the Merchandise.

19.    ~~21.~~ All transactions relating to the Additional Consultant Goods are, shall be construed as, and are acknowledged by the Debtors to be, a true consignment from the Consultant to the Debtors under Article 9 of the Uniform Commercial Code in effect in the State of Delaware (the "**UCC**") and not a consignment for security purposes.  For the avoidance of doubt, any disbursements by the Debtors to the Consultant of proceeds of the Additional Consultant Goods shall not be considered disbursements for purposes of calculating quarterly fees payable by the Debtors pursuant to 28 U.S.C. § 1930(a)(6).

20.    22. The Consultant shall pay to the Debtors an amount equal to five percent (5%) of the gross proceeds (excluding sales taxes) from the sale of Additional Consultant Goods in the Stores completed during the Sale Term.  All remaining amounts from the sale of the Additional Consultant Goods shall be the exclusive property of the Consultant, and no other person or entity shall have any claim against any of the Additional Consultant Goods or their proceeds.  At the Consultant's sole cost and expense, the Debtors shall insure the Additional Consultant Goods at the Consultant's request and, if required, promptly file any proofs of loss with regard to the same with the Debtors' insurers.  The Consultant shall be responsible for payment of any deductible under any such insurance in the event of any casualty affecting the Additional Consultant Goods.

21.    23. The Consultant is hereby granted a first-priority security interest in and lien on (a) the Additional Consultant Goods and (b) the Additional Consultant Goods proceeds, which security interest shall be deemed perfected, on an interim basis, pursuant to this Interim Order without the requirement of filing UCC financing statements or providing notifications to any prior secured parties; *provided* that the Consultant is authorized to deliver any notices and file any financing statements under the applicable UCC and amendments thereof with respect to the Consultant's interest in the Additional Consultant Goods and any proceeds from the sale thereof.

22.    24. All Store Closing Sales and Additional Consultant Goods Sales shall be "as is" and final.  No returns related to the purchase of the Store Closing Assets or Additional Consultant Goods shall be accepted at any Stores or any stores that are not participating in the Store Closing Sales.  Conspicuous signs stating that "all sales are final" and "as is" shall be posted at the point-of-sale areas at all Stores.

23.    25. The Consultant shall not be liable for sales taxes except with respect to the Additional Consultant Goods or as expressly provided in the Services Agreement, and the

payment of all sales taxes (except with respect to the Additional Consultant Goods or as expressly provided in the Services Agreement) is the responsibility of the Debtors.  The Debtors are directed to remit all taxes arising from the Store Closing Sales to the applicable Governmental Units as and when due; *provided* that, in the case of a bona fide dispute, the Debtors are only directed to pay such taxes upon the resolution of such dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit.  For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected.  The Consultant shall collect, remit to the Debtors, and account for sales taxes as and to the extent provided in the Services Agreement.  This Interim Order does not (a) enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state or federal law or (b) constitute a declaratory judgment with respect to any party's liability for taxes under state or federal law.

24.    26. Pursuant to section 363(f) of the Bankruptcy Code, all Store Closing Sales, whether by the Consultant or the Debtors, shall be free and clear of any and all liens, claims, interests, encumbrances, and defenses (including rights of setoff and recoupment), including security interests of whatever kind or nature, mortgages conditional sales or title retention agreements, pledges, deeds of trust, hypothecations, liens, encumbrances, assignments, preferences, debts, easements, charges, suits, licenses, options, rights-of-recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, taxes (including foreign, state, and local taxes), licenses, covenants, restrictions, indentures, instruments, leases, options, off-sets, claims for reimbursement, contribution, indemnity or exoneration, successor, product, environmental, tax, labor, ERISA, alter ego and other liabilities, causes of action,

contract rights, and claims, to the fullest extent of the law, in each case, of any kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), known or unknown, whether prepetition or post-petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable (collectively, "**Encumbrances**"), as provided for herein because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) has been satisfied; *provided, however,* that, subject to the terms of the DIP Orders, any Encumbrance shall attach to the proceeds of the Store Closing Sales with the same validity, amount, force, and priority that, and to the same extent as, any such Encumbrance has with respect to the Store Closing Assets, subject to any claims and defenses that the Debtors may possess with respect thereto. Unless a party asserting a prepetition Encumbrance on any of the Store Closing Assets timely and properly objects to this Motion, such party shall be deemed to have consented to the Store Closing Procedures and the Store Closing Sales.

25. 27. The Debtors and the Consultant are authorized and empowered to transfer Store Closing Assets and Additional Consultant Goods among, and into, the Stores. The Debtors and/or the Consultant are authorized to sell or abandon the Store Closing Assets and the Additional Consultant Goods, in each case as provided for and in accordance with the terms of the Services Agreement or the Store Closing Procedures. The landlord of each Store with any abandoned Store Closing Assets is (a) authorized to dispose of such property without liability to any third parties and (b) solely entitled to assert general unsecured claims against the Debtors' estates for any rejection damages associated with the disposition of abandoned property.

26. 28. ~~Neither the Store Closing Procedures, Services Agreement, nor this Order authorize the Debtors to transfer or sell to the Consultant or any other party any Personal Identifying Information of any customers unless such sale or transfer is permitted by the Debtors' privacy policy and state or federal privacy and/or identity theft prevention laws and rules. The foregoing shall not limit the Consultant's~~ The Consultant may use ~~of~~ the Debtors' customer lists and mailing lists (if any) in accordance with the Services Agreement solely for purposes of advertising and promoting Store Closing Sales.

27. ~~29.~~ The Debtors shall utilize all commercially reasonable efforts to remove or cause to be removed any confidential or Personal Identifying Information from any Store Closing Asset prior to its Sale or abandonment.  At the conclusion of the Store Closing Sales, the Consultant shall provide the Debtors with written verification that the Consultant has not removed, copied, or transferred any Personal Identifying Information and that any records containing Personal Identifying Information were shredded, erased, or otherwise modified to render the Personal Identifying Information unreadable or undecipherable.

28. ~~30.~~ Nothing in this Interim Order shall (a) alter or affect the Debtors' obligations to comply with section 365(d)(3) of the Bankruptcy ~~code~~ Code or (b) alter or modify the rights of any lessor or other counterparty to a Lease with the Debtors to file an appropriate motion or otherwise seek relief if the Debtors fail to comply with section 365(d)(3) of the Bankruptcy Code; *provided* that the conduct of the Stores Closings and Store Closing Sales in accordance with the Store Closing Procedures, as may have been modified by any Side Letter, shall not be in violation of section 365(d)(3) of the Bankruptcy Code.  The Debtors are authorized to enter into short-term extension agreements with respect to any Lease that is set to expire during the Sale Term.

31. Provided that the Store Closing Sales are conducted in accordance with the terms of this Order, the Services Agreement, or the Store Closing Procedures (subject to any Side Letter), and in light of the provisions in the laws that exempt court-ordered sales from their provisions, the Debtors and the Consultant shall be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Store Closing Sales in accordance with the terms of this Order and the Store Closing Procedures, without the necessity of further showing compliance with any such Liquidation Sale Laws.

29.    32. The Store ClosingNothing in this Interim Order, the Services Agreement, or the Store Closing Procedures releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property after the date of entry of this Interim Order. Nothing contained in this Interim Order, the Services Agreement, or the Store Closing Procedures shall in any way (a) diminish the obligation of any entity to comply with environmental laws or (b) diminish the obligations of the Debtors to comply with environmental laws consistent with its rights and obligations as debtor in possession under the Bankruptcy Code. The Store Closings and the Sales shall not be exempt from laws of general applicability, including, without limitation, public health and safety, criminal, tax, (including the collection of sales taxes), labor, employment (including applicable WARN Act obligations), environmental, antitrust, fair competition, traffic, and consumer protection laws (, including consumer laws regulating deceptive practices and false advertising, consumer protection, the sale of gift certificates, layaway programs, return of goods, express or implied warranties of goods, and "weights and measures" regulation and monitoring) (collectively, "**General Laws**").  Nothing in

this Interim Order, the Services Agreement, or the Store Closing Procedures, shall alter or affect obligations to comply with all applicable federal safety laws and regulations.  Nothing in this Interim Order shall be deemed to bar any Governmental Unit (as such term is defined in section 101(47) of the Bankruptcy Code) from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Debtors' rights to assert in that forum or before thethis Court that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code or this Interim Order.  Notwithstanding any other provision in this Interim Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Interim Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.  Nothing in this Interim Order shall be deemed to have made any rulings on any such issues.

30.    33. Notwithstanding any other provision in this Interim Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Interim Order or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code. Nothing in this Interim Order shall be deemed to have made any rulings on any such issues.

31.    With respect to any Additional Closing Stores, within five (5) business days after filing any Additional Closing Store List with the Court, the Debtors will serve by first-class mail, copies of the Interim Order or the Final Order, as applicable, the Services Agreement, and the Store Closing Procedures attached on the U.S. Trustee, the Additional Closing Store Landlords and counsel to any official committee appointed in the Chapter 11 Cases.

32.    34. To the extent that the Store Closing Sales are subject to any Liquidation Sale Laws, including any federal, state or local statute, ordinance, rule, or licensing requirement

directed at regulating "going out of business," "store closing," or similar inventory liquidation sales, or bulk sale laws, laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, signage, and use of sign-walkers solely in connection with the Store Closing Sales, including ordinances establishing license or permit requirements, waiting periods, time limits, or bulk sale restrictions that would otherwise apply solely to the Store Closing Sales, the following dispute resolution procedures in this section shall apply:

a. Within three business days after entry of this Interim Order, the Debtors will serve, by first-class mail, copies of this Interim Order (with the Services Agreement and the Store Closing Procedures attached) on the following: (i) the office of the Attorney General for each state where the Store Closing Sales are being conducted; (ii) the county consumer protection agency or similar agency for each county where the Store Closing Sales are being conducted; (iii) the division of consumer protection for each state where the Store Closing Sales are being conducted; and (iv) the landlords of the Stores.

b. To the extent that there is a dispute arising from or relating to the Store Closing Sales, the Store Closings, this Interim Order, the Services Agreement, or the Store Closing Procedures, which dispute relates to any Liquidation Sale Laws (a "**Reserved Dispute**"), the Court will retain exclusive jurisdiction to resolve the Reserved Dispute. A party wishing to submit a Reserved Dispute (a "**Disputing Party**") must serve a notice of Reserved Dispute (a "**Dispute Notice**") within ten days following entry of the this Interim Order (the "including an additional ten days after an Additional Closing Store List is filed) (the "**Dispute Deadline**") on the following: (i) proposed counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017, Attn: Brian M. Resnick, Esq. (brian.resnick@davispolk.com), Adam L. Shpeen, Esq. (adam.shpeen@davispolk.com), Stephen D. Piraino, Esq. (stephen.piraino@davispolk.com), and Ethan Stern, Esq. (ethan.stern@davispolk.com), and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq. (rdehney@morrisnichols.com), Andrew R. Remming, Esq. (aremming@morrisnichols.com), Daniel B. Butz, Esq. (dbutz@morrisnichols.com), Tamara K. Mann, Esq. (tmann@morrisnichols.com), and Casey B. Sawyer, Esq. (csawyer@morrisnichols.com); (ii) the Consultant, Gordon Brothers Retail Partners, LLC, 101 Huntington Avenue, Suite 1100, Boston, MA 02199, Attn: Andy Stone (astone@gordonbrothers.com) and David Braun (dbraun@gordonbrothers.com); (iii) counsel to the Consultant, Riemer & Braunstein LLP, Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036 (Attn: Steven E. Fox) (sfox@riemerlaw.com); (iv) the United States Trustee for Region 3 (the "**U.S. Trustee**"), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey; (v) counsel to the DIP ABL Agent (as

defined in the DIP Orders), (A) Choate Hall, & Stewart, LLP, 2 International Place, Boston, MA 02110, Attn: John Ventola (jventola@choate.com), Jonathan Marshall (jmarshall@choate.com) and Jacob Lang (jslang@choate.com), and (B) Blank Rome LLP, 1201 N. Market Street Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com) and Stanley Tarr (stanley.starr@blankrome.com); (vi) counsel to the DIP Term Agent (as defined in the DIP Orders), (A) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon (csimon@otterbourg.com), James V. Drew (jdrew@otterbourg.com), and Sarah L. Hautzinger (shautzinger@otterbourg.com), and (B) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight, Esq. (knight@rlf.com); and (vii) counsel to any official committee appointed in the Chapter 11 Cases; and (viii) the affected landlord and their counsel of record (if known).  If the Debtors, the Consultant, and the Disputing Party are unable to resolve the Reserved Dispute within 15 days after service of the Dispute Notice, the Disputing Party may file a motion with the Court requesting that the Court resolve the Reserved Dispute (a "**Dispute Resolution Motion**").

c.   In the Dispute Resolution Motion, the Disputing Party shall be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of the applicable Liquidation Sale Laws or the lack of preemption of such Liquidation Sale Laws by the Bankruptcy Code.

d.   Nothing in this Interim Order precludes the Debtors, any landlord, or any other interested party from asserting that (i) any provision of any Liquidation Sale Laws is preempted by the Bankruptcy Code, or (ii) neither the terms of this Interim Order nor the conduct of the Consultant or the Debtors pursuant to this Interim Order violates any Liquidation Sale Laws. The filing of a Dispute Resolution Motion will not affect the finality of this Interim Order or limit or interfere with the Debtors' or the Consultant's ability to conduct the Store Closing Sales, absent further order of the Court.  Nothing in this Interim Order constitutes a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

e.   In a dispute relating to the Leases between the Consultant and/or the Debtors and a landlord, the Debtors, the Consultant, and the landlord may seek an emergency hearing before the Court on no less than three business days' notice, unless the parties agree to a hearing on a shorter notice, in each respect subject to the Court's availability.

f.   Notwithstanding anything to the contrary herein, in view of the importance of the use of sign-walkers, banners, and other advertising for the Store Closing Sales, to the extent that disputes arise during the course of the Store Closing Sales regarding laws regulating the use of sign-walkers, banners, or other advertising and the Debtors and the Consultant are unable to resolve the matter consensually, any party may request an immediate telephonic hearing with the Court.  Such hearing will, to the extent practicable and subject to the Court's availability, be scheduled initially no later than within three business days of such request.  This scheduling procedure shall not be

deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

g.  If, at any time, a dispute arises between the Debtors and/or the Consultant and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in this Interim Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions of subparagraph (d) above by serving a notice to the other party and proceeding thereunder in accordance with that paragraph. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made de novo.

h.  Provided that the Store Closing Sales are conducted in accordance with the terms of this Interim Order, the Services Agreement, or the Store Closing Procedures (subject to any Side Letter), and in light of the provisions in the laws that exempt court-ordered sales from their provisions, the Debtors and the Consultant shall be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Store Closing Sales in accordance with the terms of this Interim Order and the Store Closing Procedures, without the necessity of further showing compliance with any such Liquidation Sale Laws.

33.  35. Subject to paragraphs 30 and 32 above, each and every federal, state, and local agency, department, and Governmental Unit with regulatory authority over the Store Closing Sales shall consider this Interim Order as binding authority that no further approval, license, or permit of any federal, state, or local agency, department, or Governmental Unit shall be required, nor shall the Debtors or the Consultant be required to post any bond, to conduct Store Closing Sales.  Nothing in this Interim Order is intended to affect any rights of any Applicable Government Unit to enforce any law affecting the Debtors' conduct of any store closing sale that occurred prior to the Petition Date.

34.  36. The Consultant shall not be liable for any claims against the Debtors, and the Debtors shall not be liable for any claims against Consultant, in each case other than as expressly provided for in the Services Agreement.

35.  37. To the extent that the Debtors are subject to any state Fast Pay Laws in connection with the Store Closing Sales, the Debtors shall be presumed to be in compliance with

such laws to the extent, in applicable states, such payroll payments are made by the later of (a) the Debtors' next regularly scheduled payroll and (b) seven (7) calendar days following the termination date of the relevant employee, and, in all such cases, consistent with, and subject to, any previous orders of the Court regarding payment of same.

36.    Prior to conducting Sales at any additional stores pursuant to the procedures set forth herein (the "**Additional Closing Stores**"), the Debtors shall file a list including such Additional Closing Store with this Court (each, an "**Additional Closing Store List**"), and serve a notice of their intent to conduct the Sales at the Additional Closing Store on the applicable landlords (collectively, the "**Additional Closing Store Landlords**"), the Additional Closing Store Landlord's counsel of record (if known), and other interested parties by email (to the extent available to the Debtors) or overnight mail. With respect to Additional Closing Store Landlords, the Debtors will mail, if applicable, such notice to the notice address set forth in the lease for such Additional Closing Store (or, if none, at the last known address available to the Debtors).

37.    The Additional Closing Store Landlords and any interested parties shall have five (5) days after service of the applicable Additional Closing Store List to object to the application of this Interim Order and the Store Closing Procedures, or otherwise enter into a Side Letter. If no timely objections are filed with respect to the application of this Interim Order to an Additional Closing Store, the Debtors are authorized, pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, to proceed with conducting the Sales at the Additional Closing Stores in accordance with this Interim Order, the Store Closing Procedures, and the Services Agreement. If any objections are filed with respect to the application of this Interim Order, to an Additional Closing Store, and such objections are not resolved, the objections and the application of this Interim Order to the Additional Closing Store will be considered by the Court

at the next regularly scheduled omnibus hearing, subject to the rights of any party to seek relief on an emergency basis on shortened notice, to the extent necessary. Any objections as to particular Additional Closing Stores will not affect the Debtors' and Consultant's right to begin Closing Sales at non-objected Additional Closing Stores.

38.    Neither the Consultant nor any of its respective affiliates (whether individually, as part of a joint venture, or otherwise) shall be precluded from providing additional services to the Debtors including pursuant to the Services Agreement and/or bidding on the Debtors' assets not subject to the Services Agreement in connection with any other future process that may or may not be undertaken by the Debtors to close additional stores; *provided* that any such services and/or transactions is approved by separate order of the Court.

39.    The Consultant shall act solely as an independent consultant to the Debtors and shall not be liable for any claims against the Debtors other than as expressly provided in the Services Agreement (including the Consultant's indemnity obligations thereunder) or the Store Closing Procedures, with the exception of acts of fraud, gross negligence, or willful misconduct and, for greater certainty, the Consultant shall not be deemed to be an employer, or a joint or successor employer or a related or common employer or payor of any of the Debtors' employees within the meaning of any legislation governing employment or labor standards or pension benefits or health and safety or other statute, regulation, or rule of law or equity for any purpose whatsoever, and shall not incur any successor liability whatsoever.

40.    The Debtors are authorized and permitted to transfer to the Consultant personal information in the Debtors' custody and control solely for the purposes of assisting with and conducting the Store Closing Sales and only to the extent necessary for such purposes; *provided*

that Consultant removes such personal information from the Store Closing Assets prior to the sale or abandonment of the same.

41.    Notwithstanding anything to the contrary in this Interim Order or the Services Agreement, the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; provided that the Debtors will either (a) provide for the return of such property to the Debtors' headquarters or (b) return such property to the applicable lessor, or other owner of the property; provided, however, that the Debtors may abandon property owned by the Landlord at the applicable Store.

42.    No later than seven (7) days prior to objection deadline to entry of a final order on the Motion, the Consultant shall file a declaration disclosing any connections to the Debtors, their creditors, and other parties in interest in these Chapter 11 Cases, and the Debtors shall serve the same on the U.S. Trustee, any official committee of unsecured creditors appointed in these cases, and all parties who have filed requests for service under Bankruptcy Rule 2002, by email, or if the email address is not available to the Debtors, then by first class mail.  If the Consultant syndicates a portion of its services in connection with a Store Closing Sale to a comparable retail liquidation firm (a "**Syndicated Consultant**"), such Syndicated Consultant shall, within fifteen (15) business days of entering into an agreement to perform such services, shall file a declaration disclosing connections to the Debtors, their creditors, and other parties in interest in these Chapter 11 Cases, and the Debtors shall serve the same on the U.S. Trustee, any official committee of unsecured creditors appointed in these cases, and all parties who have filed requests for service under Bankruptcy Rule 2002, by email, or if the email address is not available to the Debtors, then by first class mail.

43. 41. Within 30 days of the conclusion of the Store Closing Sales, the Debtors shall file with the Court a summary report of the Store Closing Sales that will include (a) a list of the Stores closed and (b) gross revenue from the Store Closing Sales.

42. Notwithstanding anything stated herein, the proceeds of the Store Closing Sales, with the exception of those proceeds from the sale of the Additional Consultant Goods that are due and payable to the Consultant, shall be payable in accordance with the DIP Orders and the Approved Budget (as defined in the DIP Orders).

44. On a confidential basis and for professionals' "eyes only" and upon the written (including email) request of the U.S. Trustee (which request has been made) or the official committee of unsecured creditors, if any, the Debtors shall provide such requesting party, if any, with copies of periodic reports and detailed information regarding the calculation of fees paid to the Consultant and expenses reimbursed to the Consultant concerning the Sales that are prepared by the Debtors, their professionals or the Consultant.

45. 43. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor it is intended to constitute, (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Interim Order.

46.    44.   Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Interim Order is hereby waived, and the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

47.    45.   The Debtors and the Consultant are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Interim Order without seeking further order of the Court.

48.    46.   The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Schedule 1

**Services Agreement**

## Schedule 2[1]

## Store Closing Procedures

1.      The Store Closing Sales shall be conducted during normal business hours or such hours as otherwise permitted by the respective Leases for the Stores.

2.      The Store Closing Sales shall be conducted in accordance with applicable state and local "Blue Laws," and, thus, where such a law is applicable, no Store Closing Sales shall be conducted on Sunday unless the Debtors have been operating such Stores on a Sunday prior to the commencement of the Store Closing Sales.

3.      On "shopping center" property, neither the Debtors nor the Consultant shall distribute handbills, leaflets, or other written materials to customers outside of any Stores' premises unless permitted by the applicable Lease or if distribution is customary in the "shopping center" in which such Store is located; *provided* that the Debtors and the Consultant may solicit customers in the Stores themselves.  On "shopping center" property, neither the Debtors nor the Consultant shall use any flashing lights or amplified sound to advertise the Store Closing Sales or solicit customers, except as permitted under the applicable Lease or agreed by the landlord.

4.      The Debtors and the Consultant shall have the right to use and sell the Store Closing Assets and the Additional Consultant Goods.  The Debtors and the Consultant may advertise the Store Closing Sales and the Additional Consultant Goods Sales in a manner consistent with these Store Closing Procedures.  The purchasers of any the Store Closing Assets or Additional Consultant Goods sold during the Store Closing Sales shall be permitted to remove

---

[1]   Capitalized terms used but not defined in these Store Closing Procedures shall have the meanings ascribed to them in the Motion.

the Store Closing Assets or the Additional Consultant Goods either through the back or alternative shipping areas at any time, or through other areas after Store business hours; *provided*, *however*, that the foregoing shall not apply to the sale of *de minimis* Store Closing Assets or Additional Consultant Goods, whereby the item(s) can be carried out of the Store in a shopping bag.

5.       At the conclusion of the Store Closing Sales (such date, the "**Termination Date**"), the Consultant shall vacate the Stores; *provided* that the Consultant may abandon any Store Closing Assets (including machinery, rolling stock, office equipment and personal property, and conveyor systems and racking) not sold in the Store Closing Sales at the Termination Date, without cost or liability of any kind to the Consultant.  The Consultant shall notify the Debtors and the DIP Agents (as defined in the DIP Orders) of its intention to abandon any Store Closing Assets at least three (3) days prior to the Termination Date.  The Debtors will have the option to remove the Store Closing Assets, at its own cost prior to the Termination Date, or abandon the Store Closing Assets.  For the avoidance of doubt, as of the Termination Date, the Consultant may leave in place, and without further responsibility, any of the Store Closing Assets.

6.       The Consultant and the Debtors may advertise each Store Closing as a "going out of business," "store closing," "sale on everything," "everything must go," or similar themed sale. The Consultant and the Debtors may also have "countdown to closing" signs prominently displayed in a manner consistent with these Store Closing Procedures.  All signs, banners, ads and other advertising collateral, promotions, and campaigns shall be approved by the Debtors in accordance with these Store Closing Procedures.

7.        The Consultant and the Debtors shall be permitted to utilize sign walkers, display, hanging signs, and interior banners in connection with the Store Closing Sales; *provided* that such sign walkers, display, hanging signs, and interior banners shall be professionally produced and hung in a professional manner.  The Debtors and the Consultant shall not use neon or day-glo on its sign walkers, display, hanging signs, or interior banners if prohibited by the applicable Lease or applicable law.  Furthermore, with respect to enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Store Closing Procedures.  In addition, the Debtors and the Consultant shall be permitted to utilize exterior banners at (a) non-enclosed mall Stores and (b) enclosed mall Stores to the extent that the entrance to the applicable Store does not require entry into the enclosed mall common area; *provided, however*, that such banners shall be located or hung so as to make clear that the Store Closing Sales are being conducted only at the affected Stores and shall not be wider than the storefront of the Stores.  In addition, the Debtors and the Consultant shall be permitted to utilize sign walkers in a safe and professional manner, and in accordance with the terms of the Agreed Orders.  Nothing contained in these Store Closing Procedures shall be construed to create or impose upon the Debtors or the Consultant any additional restrictions not contained in the applicable Lease.  No property of the landlord of a Store shall be removed or sold during the Store Closing Sales.  The hanging of exterior banners or in-Store signage and banners shall not constitute an alteration to a Store.

8.        Except with respect to the hanging of exterior banners, neither the Debtors nor the Consultant shall make any alterations to the storefront, roof, or exterior walls of any Stores or shopping centers, or to interior or exterior store lighting, except as authorized by the applicable Lease.

9.      Affected landlords will have the ability to negotiate with the Debtors or, at the Debtors' direction, the Consultant any particular modifications to the Store Closing Procedures.

10.     The Debtors and/or the Consultant and the landlord of any Store are authorized to enter into the Side Letters without further order of the Court; *provided* that such agreements do not have a material adverse effect on the Debtors or their estates.

11.     At the conclusion of each Store Closing Sale, pending assumption or rejection of applicable leases, the landlords of the Stores shall have reasonable access to the Stores' premises as set forth in the applicable leases. The Debtors and their agents and representatives shall continue to have access to the Stores pending assumption or rejection of applicable leases.

12.     Conspicuous signs shall be posted in each of the affected Stores to the effect that all sales are "as is" and "final."

13.     The Consultant and the Debtors will keep Store premises and surrounding areas clear and orderly, consistent with past practices.

14.     An unexpired nonresidential real property lease shall not be deemed rejected by reason of a Store Closing or the adoption of these Store Closing Procedures.

15.     The rights of landlords against the Debtors for any damages to a Store shall be reserved in accordance with the provisions of the applicable Lease; *provided* that, to the extent certain Leases of Stores require written confirmation of receipt of a key to effectuate surrender, this requirement is waived.

16.     If and to the extent that a landlord of any Store contends that the Debtors or the Consultant is in breach of or default under these Store Closing Procedures, such landlord shall provide at least three business days' written notice, served by email or overnight delivery, on:

If to the Debtors:
Big Lots, Inc.

4900 E. Dublin-Granville Road
Columbus, Ohio 43081
Ronald A. Robins
rrobins@biglots.com

With copies to:

DAVIS POLK & WARDWELL LLP
450 Lexington Ave
New York, NY 10017
Attn: Brian M. Resnick, Adam L. Shpeen,
Stephen D. Piraino, and Ethan Stern
Tel: 212-450-4000
Email: brian.resnick@davispolk.com, adam.shpeen@davispolk.com,
stephen.piraino@davispolk.com, and ethan.stern@davispolk.com

-and-

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Attn: Robert J. Dehney, Sr., Andrew R. Remming, Daniel B. Butz,
Tamara K. Mann, and Casey B. Sawyer
Tel: (302) 658-9200
Email: rdehney@morrisnichols.com, aremming@morrisnichols.com,
dbutz@morrisnichols.com, tmann@morrisnichols.com, and
csawyer@morrisnichols.com

If to the Consultant:

GORDON BROTHERS RETAIL PARTNERS, LLC
101 Huntington Avenue, Suite 1100
Boston, MA 02199
Attn: Andy Stone and David Braun
Tel: (516) 375-7739
Email: astone@gordonbrothers.com and dbraun@gordonbrothers.com

With copies to (which shall not constitute notice):

RIEMER & BRAUNSTEIN LLP
Times Square Tower
Seven Times Square, Suite 2506
New York, NY 10036
Attn:  Steven E. Fox
Tel: (212) 789-3150
Email: sfox@riemerlaw.com

17.     Notwithstanding anything stated herein, the proceeds of the Store Closing Sales, with the exception of those proceeds from the sale of the Additional Consultant Goods that are due and payable to the Consultant, shall be payable in accordance with the DIP Orders and the Approved Budget (as defined in the DIP Orders).

18.     If the parties are unable to resolve the dispute, either the landlord or the Debtors shall have the right to schedule a hearing before the Court on no less than three business days' written notice to the other party, served by email or overnight delivery, subject to the Court's availability.

**Schedule 3**

**Initial Store Closings**

**BIG LOTS, INC. Stores**

**Schedule 3**

| Store List |
| --- |

| # | Store # | Name | Address | City | State | Zip | Gross Sq. Feet | Selling Sq. Feet |
|---|---------|------|---------|------|-------|-----|----------------|------------------|
| 1 | 190 | HENDERSON | 1321 2ND ST | HENDERSON | KY | 42420 | 27,157 | 20,301 |
| 2 | 293 | SANDUSKY | 410 E PERKINS AVE | SANDUSKY | OH | 44870 | 46,304 | 28,699 |
| 3 | 320 | WEST CHESTER | 7779 TYLERSVILLE RD | WEST CHESTER | OH | 45069 | 40,081 | 28,865 |
| 4 | 418 | EVANSVILLE | 410 E DIAMOND AVE | EVANSVILLE | IN | 47711 | 30,621 | 21,448 |
| 5 | 428 | CINCINNATI | 8576 BEECHMONT AVE | CINCINNATI | OH | 45255 | 25,078 | 18,025 |
| 6 | 438 | CHAMPAIGN | 2004 W SPRINGFIELD AVE | CHAMPAIGN | IL | 61821 | 30,565 | 18,961 |
| 7 | 474 | CRAWFORDSVILLE | 1424 DARLINGTON AVE | CRAWFORDSVILLE | IN | 47933 | 27,377 | 18,803 |
| 8 | 513 | PORT RICHEY | 11854 US HIGHWAY 19 | PORT RICHEY | FL | 34668 | 35,246 | 24,442 |
| 9 | 536 | ORLANDO | 11672 E COLONIAL DR | ORLANDO | FL | 32817 | 24,987 | 18,428 |
| 10 | 555 | STUART | 2236 SE FEDERAL HWY | STUART | FL | 34994 | 26,008 | 18,266 |
| 11 | 562 | COCONUT CREEK | 4847 COCONUT CREEK PKWY | COCONUT CREEK | FL | 33063 | 25,000 | 18,624 |
| 12 | 564 | TARPON SPRINGS | 41306 US HWY 19 N | TARPON SPRINGS | FL | 34689 | 25,536 | 17,891 |
| 13 | 819 | CANANDAIGUA | 4406 STATE ROUTE 5 & 20 STE 129 | CANANDAIGUA | NY | 14424 | 27,327 | 20,666 |
| 14 | 830 | ITHACA | 2309 N TRIPHAMMER RD | ITHACA | NY | 14850 | 48,179 | 25,695 |
| 15 | 1007 | OLATHE | 140 S CLAIRBORNE RD | OLATHE | KS | 66062 | 22,355 | 17,477 |
| 16 | 1019 | KANSAS CITY | 7533 STATE AVE | KANSAS CITY | KS | 66112 | 33,004 | 23,070 |
| 17 | 1051 | HAMMOND | 1709 W THOMAS ST | HAMMOND | LA | 70401 | 28,700 | 20,040 |
| 18 | 1066 | SAINT JOSEPH | 1417 N BELT HWY | SAINT JOSEPH | MO | 64506 | 25,365 | 17,554 |
| 19 | 1077 | GROVES | 5000 TWIN CITY HWY | GROVES | TX | 77619 | 29,858 | 19,318 |
| 20 | 1091 | TULSA | 5644 W SKELLY DR | TULSA | OK | 74107 | 35,886 | 23,194 |
| 21 | 1102 | LAFAYETTE | 3557 AMBASSADOR CAFFERY PKWY | LAFAYETTE | LA | 70503 | 32,929 | 25,232 |
| 22 | 1169 | NORTH CHESTERFIELD | 8533 MIDLOTHIAN TPKE | NORTH CHESTERFIELD | VA | 23235 | 45,359 | 30,886 |
| 23 | 1171 | STOCKBRIDGE | 31 HWY 138 W STE 150 | STOCKBRIDGE | GA | 30281 | 51,548 | 27,662 |
| 24 | 1196 | PLATTSBURGH | 316 CORNELIA ST | PLATTSBURGH | NY | 12901 | 20,264 | 14,692 |
| 25 | 1198 | SYLACAUGA | 1391 W FORT WILLIAMS ST | SYLACAUGA | AL | 35150 | 24,470 | 18,206 |
| 26 | 1250 | CREST HILL | 1608 N LARKIN AVE | CREST HILL | IL | 60403 | 26,500 | 17,096 |
| 27 | 1251 | CLAREMONT | 216 WASHINGTON ST | CLAREMONT | NH | 03743 | 31,587 | 22,894 |
| 28 | 1255 | TERRELL | 1418 W MOORE AVE | TERRELL | TX | 75160 | 24,393 | 16,584 |
| 29 | 1267 | TORRINGTON | 1931 E MAIN ST | TORRINGTON | CT | 06790 | 30,482 | 23,664 |
| 30 | 1274 | UNION CITY | 1410 S 1ST ST | UNION CITY | TN | 38261 | 34,360 | 20,130 |
| 31 | 1280 | DURHAM | 2000 AVONDALE DR STE E | DURHAM | NC | 27704 | 27,982 | 20,817 |
| 32 | 1314 | SAINT LOUIS | 4433 LEMAY FERRY RD | SAINT LOUIS | MO | 63129 | 18,002 | 14,587 |
| 33 | 1364 | FOLSOM | 9500 GREENBACK LN STE 22 | FOLSOM | CA | 95630 | 41,961 | 27,736 |
| 34 | 1373 | ORANGE PARK | 700 BLANDING BLVD STE 1 | ORANGE PARK | FL | 32065 | 32,600 | 23,063 |
| 35 | 1394 | BOYNTON BEACH | 901 N CONGRESS AVE | BOYNTON BEACH | FL | 33426 | 26,356 | 18,833 |
| 36 | 1408 | ELKHART | 138 W HIVELY AVE | ELKHART | IN | 46517 | 20,377 | 15,702 |
| 37 | 1449 | NEWARK | 311 DEO DR | NEWARK | OH | 43055 | 33,577 | 24,833 |
| 38 | 1493 | NORTHAMPTON | 178 N KING ST | NORTHAMPTON | MA | 01060 | 28,670 | 20,430 |
| 39 | 1519 | HALLANDALE | 1761 E HALLANDALE BEACH BLVD | HALLANDALE | FL | 33009 | 31,665 | 23,352 |
| 40 | 1531 | MADISONVILLE | 180 MADISON SQUARE DR. | MADISONVILLE | KY | 42431 | 30,000 | 22,119 |
| 41 | 1532 | TOLEDO | 4925 JACKMAN RD STE 16 | TOLEDO | OH | 43613 | 39,851 | 26,484 |
| 42 | 1585 | LEXINGTON PARK | 21800 N SHANGRI LA DR UNIT 20 | LEXINGTON PARK | MD | 20653 | 25,448 | 18,949 |
| 43 | 1590 | SAVANNAH | 13051 ABERCORN ST | SAVANNAH | GA | 31419 | 32,204 | 22,154 |
| 44 | 1597 | BUFFALO | 2276 DELAWARE AVE | BUFFALO | NY | 14216 | 27,947 | 20,128 |
| 45 | 1607 | POUGHKEEPSIE | 43 BURNETT BLVD | POUGHKEEPSIE | NY | 12603 | 33,855 | 21,674 |
| 46 | 1612 | MIAMI LAKES | 5580 NW 167TH ST | MIAMI LAKES | FL | 33014 | 26,656 | 22,240 |
| 47 | 1625 | GALVESTON | 5910 BROADWAY ST | GALVESTON | TX | 77551 | 26,205 | 19,236 |
| 48 | 1628 | PLANTATION | 7067 W BROWARD BLVD STE B | PLANTATION | FL | 33317 | 26,333 | 18,838 |
| 49 | 1638 | KENNETT SQUARE | 345 SCARLET RD STE 22 | KENNETT SQUARE | PA | 19348 | 43,004 | 30,511 |
| 50 | 1659 | SHEBOYGAN | 3426 KOHLER MEMORIAL DR | SHEBOYGAN | WI | 53081 | 37,572 | 24,470 |
| 51 | 1660 | NEWINGTON | 3105 BERLIN TPKE | NEWINGTON | CT | 06111 | 27,523 | 20,348 |
| 52 | 1671 | DAYTON | 359 MIAMISBURG CENTERVILLE RD | DAYTON | OH | 45459 | 31,673 | 22,643 |
| 53 | 1678 | ORLANDO | 11230 S ORANGE BLOSSOM TRL | ORLANDO | FL | 32837 | 42,663 | 28,239 |
| 54 | 1691 | COLDWATER | 373 N WILLOWBROOK RD | COLDWATER | MI | 49036 | 34,540 | 25,347 |
| 55 | 1719 | BIG RAPIDS | 750 PERRY AVE | BIG RAPIDS | MI | 49307 | 32,541 | 25,083 |
| 56 | 1728 | FORT WAYNE | 3958 ILLINOIS RD | FORT WAYNE | IN | 46804 | 32,622 | 23,676 |
| 57 | 1755 | CENTEREACH | 231 CENTEREACH MALL | CENTEREACH | NY | 11720 | 32,570 | 23,843 |
| 58 | 1762 | BUFFALO | 698 S OGDEN ST | BUFFALO | NY | 14206 | 31,055 | 21,288 |
| 59 | 1789 | CARLE PLACE | 260 VOICE RD | CARLE PLACE | NY | 11514 | 31,909 | 22,670 |
| 60 | 1793 | RUTLAND | 303 US ROUTE 4 E | RUTLAND | VT | 05701 | 25,837 | 18,174 |
| 61 | 1796 | SARASOTA | 3750 BEE RIDGE RD | SARASOTA | FL | 34233 | 28,108 | 17,596 |
| 62 | 1801 | NAPLES | 2882 TAMIAMI TRL E | NAPLES | FL | 34112 | 35,707 | 24,532 |
| 63 | 1810 | CALUMET CITY | 1699 RIVER OAKS DR | CALUMET CITY | IL | 60409 | 28,048 | 19,908 |
| 64 | 1817 | CINCINNATI | 11372 PRINCETON PIKE | CINCINNATI | OH | 45246 | 32,424 | 22,785 |
| 65 | 1835 | AUSTIN | 2506 W PARMER LN STE A | AUSTIN | TX | 78727 | 33,570 | 24,431 |
| 66 | 1863 | WEST SPRINGFIELD | 1150A UNION STREET EXT | WEST SPRINGFIELD | MA | 01089 | 30,100 | 21,840 |
| 67 | 1866 | INDIANAPOLIS | 8401 MICHIGAN RD | INDIANAPOLIS | IN | 46268 | 34,723 | 25,213 |
| 68 | 1869 | LANSING | 5625 W SAGINAW HWY UNIT 1 | LANSING | MI | 48917 | 35,036 | 24,784 |
| 69 | 1881 | SAINT LOUIS | 4930 CHRISTY BLVD STE 2 | SAINT LOUIS | MO | 63116 | 35,040 | 24,192 |
| 70 | 1896 | ELK GROVE | 8539 ELK GROVE BLVD | ELK GROVE | CA | 95624 | 39,763 | 25,480 |
| 71 | 1916 | STOCKTON | 2720 COUNTRY CLUB BLVD | STOCKTON | CA | 95204 | 27,513 | 19,935 |
| 72 | 1917 | CANYON COUNTRY | 19331 SOLEDAD CANYON RD | CANYON COUNTRY | CA | 91351 | 42,095 | 29,287 |
| 73 | 1918 | SACRAMENTO | 8700 LA RIVIERA DR | SACRAMENTO | CA | 95826 | 34,910 | 25,008 |
| 74 | 1919 | APACHE JUNCTION | 10603 E APACHE TRAIL | APACHE JUNCTION | AZ | 85120 | 33,299 | 24,701 |
| 75 | 1925 | PORTLAND | 16074 SE MCLOUGHLIN BLVD STE 8 | PORTLAND | OR | 97267 | 23,832 | 17,836 |
| 76 | 1934 | WOODLAND | 52 W COURT ST | WOODLAND | CA | 95695 | 30,000 | 21,219 |
| 77 | 1938 | TEMECULA | 27411 YNEZ RD | TEMECULA | CA | 92591 | 28,332 | 20,090 |
| 78 | 1947 | RALEIGH | 6540 GLENWOOD AVE | RALEIGH | NC | 27612 | 33,199 | 23,895 |
| 79 | 1948 | SAN ANTONIO | 16648 SAN PEDRO AVE | SAN ANTONIO | TX | 78232 | 34,436 | 23,496 |

BIG LOTS, INC. Stores

Exhibit

Store List

| # | Store # | Name | Address | City | State | Zip | Gross Sq. Feet | Selling Sq. Feet |
|---|---------|------|---------|------|-------|-----|----------------|------------------|
| 80 | 1957 | HERCULES | 1551 SYCAMORE AVE | HERCULES | CA | 94547 | 31,669 | 20,948 |
| 81 | 1962 | ANAHEIM | 6336 E SANTA ANA CANYON RD | ANAHEIM | CA | 92807 | 29,956 | 21,589 |
| 82 | 1966 | DALLAS | 3610 FOREST LN | DALLAS | TX | 75234 | 33,920 | 24,674 |
| 83 | 1984 | PHILADELPHIA | 199 FRANKLIN MILLS BLVD | PHILADELPHIA | PA | 19154 | 30,149 | 22,042 |
| 84 | 1987 | PLACERVILLE | 47 FAIR LN | PLACERVILLE | CA | 95667 | 30,963 | 19,677 |
| 85 | 4012 | EL CAJON | 1085 E MAIN ST | EL CAJON | CA | 92021 | 25,670 | 19,651 |
| 86 | 4014 | FONTANA | 17575 FOOTHILL BLVD | FONTANA | CA | 92335 | 35,864 | 22,696 |
| 87 | 4031 | GARDENA | 2900 W ROSECRANS AVE | GARDENA | CA | 90249 | 23,726 | 19,159 |
| 88 | 4045 | VICTORVILLE | 14790 LA PAZ DR | VICTORVILLE | CA | 92395 | 25,875 | 21,195 |
| 89 | 4047 | LA MESA | 6145 LAKE MURRAY BLVD | LA MESA | CA | 91942 | 21,370 | 17,443 |
| 90 | 4051 | CORONA | 740 N MAIN ST | CORONA | CA | 92880 | 20,087 | 15,720 |
| 91 | 4054 | SANTA MARIA | 1417 S BROADWAY | SANTA MARIA | CA | 93454 | 25,342 | 19,457 |
| 92 | 4087 | YUCCA VALLEY | 56865 29 PALMS HWY | YUCCA VALLEY | CA | 92284 | 25,573 | 17,632 |
| 93 | 4091 | KEARNS | 4041W 5415 S | KEARNS | UT | 84118 | 24,278 | 18,857 |
| 94 | 4098 | CHINO | 12550 CENTRAL AVE | CHINO | CA | 91710 | 24,171 | 17,776 |
| 95 | 4104 | COLORADO SPRINGS | 1990 S ACADEMY BLVD | COLORADO SPRINGS | CO | 80916 | 26,160 | 20,659 |
| 96 | 4106 | LODI | 380 S CHEROKEE LN | LODI | CA | 95240 | 25,936 | 20,490 |
| 97 | 4115 | SACRAMENTO | 6630 VALLEY HI DR | SACRAMENTO | CA | 95823 | 23,746 | 16,988 |
| 98 | 4119 | BOISE | 7001 W STATE ST | BOISE | ID | 83714 | 30,399 | 20,415 |
| 99 | 4122 | VISALIA | 2525 S MOONEY BLVD | VISALIA | CA | 93277 | 28,380 | 21,122 |
| 100 | 4123 | COLORADO SPRINGS | 5085 N ACADEMY BLVD | COLORADO SPRINGS | CO | 80918 | 29,795 | 22,045 |
| 101 | 4140 | GARLAND | 825 W CENTERVILLE RD | GARLAND | TX | 75041 | 34,087 | 23,584 |
| 102 | 4143 | RICHARDSON | 1322 S PLANO RD STE 200 | RICHARDSON | TX | 75081 | 25,279 | 18,757 |
| 103 | 4146 | HOUSTON | 10951 FM 1960 RD W | HOUSTON | TX | 77070 | 32,234 | 22,053 |
| 104 | 4154 | SANTA ROSA | 2055 MENDOCINO AVE | SANTA ROSA | CA | 95401 | 22,538 | 18,125 |
| 105 | 4157 | CAMARILLO | 353 CARMEN DR | CAMARILLO | CA | 93010 | 24,850 | 19,469 |
| 106 | 4162 | BOSSIER CITY | 3161 E TEXAS ST | BOSSIER CITY | LA | 71111 | 22,050 | 17,272 |
| 107 | 4164 | FRESNO | 4895 E KINGS CANYON RD | FRESNO | CA | 93727 | 26,880 | 19,882 |
| 108 | 4166 | CULVER CITY | 5587 SEPULVEDA BLVD | CULVER CITY | CA | 90230 | 30,206 | 20,047 |
| 109 | 4192 | DECATUR | 2738 CANDLER RD | DECATUR | GA | 30034 | 32,440 | 21,468 |
| 110 | 4193 | MESA | 6839 E MAIN ST | MESA | AZ | 85207 | 29,589 | 20,272 |
| 111 | 4195 | HOUSTON | 8210 KIRBY DR | HOUSTON | TX | 77054 | 22,050 | 17,404 |
| 112 | 4224 | MIAMI | 18325 S DIXIE HWY | MIAMI | FL | 33157 | 39,439 | 26,702 |
| 113 | 4228 | MIAMI | 8265 W FLAGLER ST | MIAMI | FL | 33144 | 23,157 | 17,982 |
| 114 | 4238 | SAN BERNARDINO | 499 W ORANGE SHOW RD | SAN BERNARDINO | CA | 92408 | 37,447 | 27,645 |
| 115 | 4244 | BAKERSFIELD | 2621 FASHION PL | BAKERSFIELD | CA | 93306 | 18,660 | 15,336 |
| 116 | 4246 | WHITTIER | 13241 WHITTIER BLVD | WHITTIER | CA | 90602 | 35,936 | 23,880 |
| 117 | 4252 | ANAHEIM | 1670 W KATELLA AVE | ANAHEIM | CA | 92802 | 28,656 | 22,426 |
| 118 | 4261 | SAN JOSE | 1832 HILLSDALE AVE | SAN JOSE | CA | 95124 | 19,701 | 16,691 |
| 119 | 4266 | CHICO | 1927 E 20TH ST | CHICO | CA | 95928 | 24,392 | 18,352 |
| 120 | 4276 | HOLLYWOOD | 3921 OAKWOOD BLVD | HOLLYWOOD | FL | 33020 | 20,000 | 17,112 |
| 121 | 4283 | MERCED | 665 FAIRFIELD DR | MERCED | CA | 95348 | 25,382 | 17,274 |
| 122 | 4289 | RENO | 5017 S MCCARRAN BLVD | RENO | NV | 89502 | 33,022 | 24,454 |
| 123 | 4295 | SPRING VALLEY | 633 SWEETWATER RD | SPRING VALLEY | CA | 91977 | 25,013 | 18,270 |
| 124 | 4301 | FREEDOM | 1986 FREEDOM BLVD | FREEDOM | CA | 95019 | 34,323 | 23,021 |
| 125 | 4311 | CONCORD | 2060 MONUMENT BLVD | CONCORD | CA | 94520 | 18,705 | 15,253 |
| 126 | 4316 | REDLANDS | 810 TRI CITY CTR | REDLANDS | CA | 92374 | 35,340 | 19,600 |
| 127 | 4328 | TORRANCE | 955 SEPULVEDA BLVD | TORRANCE | CA | 90502 | 26,865 | 18,783 |
| 128 | 4357 | GRAND JUNCTION | 2401 N AVE STE 19B | GRAND JUNCTION | CO | 81501 | 28,751 | 21,863 |
| 129 | 4386 | LONG BEACH | 2238 N BELLFLOWER BLVD | LONG BEACH | CA | 90815 | 18,606 | 15,136 |
| 130 | 4393 | SANTA CLARA | 3735 EL CAMINO REAL | SANTA CLARA | CA | 95051 | 23,200 | 17,918 |
| 131 | 4400 | TUCSON | 7025 E TANQUE VERDE RD | TUCSON | AZ | 85715 | 29,900 | 20,340 |
| 132 | 4426 | VACAVILLE | 818 ALAMO DR | VACAVILLE | CA | 95688 | 23,200 | 17,734 |
| 133 | 4432 | SANTA PAULA | 568 W MAIN ST STE B | SANTA PAULA | CA | 93060 | 24,837 | 17,449 |
| 134 | 4446 | UKIAH | 225 ORCHARD PLZ | UKIAH | CA | 95482 | 21,032 | 16,360 |
| 135 | 4449 | GRESHAM | 2083 NE BURNSIDE RD | GRESHAM | OR | 97030 | 26,249 | 20,615 |
| 136 | 4457 | TRACY | 2681 N TRACY BLVD | TRACY | CA | 95376 | 34,118 | 22,700 |
| 137 | 4473 | BAKERSFIELD | 1211 OLIVE DR | BAKERSFIELD | CA | 93308 | 31,944 | 24,363 |
| 138 | 4475 | BEAVERTON | 18565 SW TUALATIN VALLEY HWY | BEAVERTON | OR | 97003 | 28,594 | 19,154 |
| 139 | 4478 | TUCSON | 2520 S HARRISON RD | TUCSON | AZ | 85748 | 27,191 | 18,582 |
| 140 | 4481 | RICHLAND | 1743 GEORGE WASHINGTON WAY | RICHLAND | WA | 99354 | 22,943 | 17,561 |
| 141 | 4482 | GRANTS PASS | 304 NE AGNESS AVE | GRANTS PASS | OR | 97526 | 32,090 | 22,932 |
| 142 | 4483 | MISSION VIEJO | 27142 LA PAZ RD | MISSION VIEJO | CA | 92692 | 25,224 | 17,778 |
| 143 | 4484 | LACEY | 1515 MARVIN RD NE | LACEY | WA | 98516 | 31,533 | 22,854 |
| 144 | 4486 | WESTMINSTER | 4830 W 120TH AVE | WESTMINSTER | CO | 80020 | 36,354 | 24,875 |
| 145 | 4489 | AMERICAN FORK | 702 E STATE RD | AMERICAN FORK | UT | 84003 | 27,965 | 20,044 |
| 146 | 4490 | GREELEY | 2628 11TH AVE | GREELEY | CO | 80631 | 33,801 | 23,550 |
| 147 | 4499 | EUGENE | 1960 ECHO HOLLOW RD | EUGENE | OR | 97402 | 37,706 | 25,489 |
| 148 | 4500 | LAS VEGAS | 8140 S EASTERN AVE | LAS VEGAS | NV | 89123 | 36,759 | 25,914 |
| 149 | 4501 | LAS VEGAS | 8570 W LAKE MEAD BLVD | LAS VEGAS | NV | 89128 | 35,574 | 24,501 |
| 150 | 4507 | PHOENIX | 2330 W BETHANY HOME RD | PHOENIX | AZ | 85015 | 31,494 | 20,857 |
| 151 | 4508 | SCOTTSDALE | 10220 N 90TH ST | SCOTTSDALE | AZ | 85258 | 36,877 | 28,283 |
| 152 | 4510 | FAIRVIEW HEIGHTS | 10850 LINCOLN TRL | FAIRVIEW HEIGHTS | IL | 62208 | 36,146 | 24,009 |
| 153 | 4513 | LITTLETON | 8100 W CRESTLINE AVE UNIT B5 | LITTLETON | CO | 80123 | 33,102 | 23,767 |
| 154 | 4515 | VANCOUVER | 2100B SE 164TH AVE STE E | VANCOUVER | WA | 98683 | 25,492 | 17,817 |
| 155 | 4520 | BERLIN | 1400 US ROUTE 302 | BERLIN | VT | 05641 | 53,680 | 31,857 |
| 156 | 4521 | KENT | 1301 W MEEKER ST | KENT | WA | 98032 | 30,000 | 22,630 |
| 157 | 4522 | LYNNWOOD | 5710 196TH ST SW | LYNNWOOD | WA | 98036 | 24,007 | 18,275 |

**BIG LOTS, INC. Stores**

**Exhibit**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Store List** | | | | | | | | |

| # | Store # | Name | Address | City | State | Zip | Gross Sq. Feet | Selling Sq. Feet |
|---|---------|------|---------|------|-------|-----|----------------|------------------|
| 158 | 4523 | PRESCOTT | 1260 GAIL GARDNER WAY | PRESCOTT | AZ | 86305 | 34,383 | 23,995 |
| 159 | 4534 | PORTLAND | 1100 BRIGHTON AVE | PORTLAND | ME | 04102 | 25,153 | 18,049 |
| 160 | 4537 | OROVILLE | 1875 ORO DAM BLVD E | OROVILLE | CA | 95966 | 30,998 | 22,879 |
| 161 | 4539 | ATASCADERO | 2240 EL CAMINO REAL | ATASCADERO | CA | 93422 | 25,272 | 18,737 |
| 162 | 4541 | PUYALLUP | 120 31ST AVE SE | PUYALLUP | WA | 98374 | 28,376 | 21,216 |
| 163 | 4553 | OAKBROOK TERRACE | 17W714 W 22ND ST | OAKBROOK TERRACE | IL | 60181 | 30,839 | 23,019 |
| 164 | 4554 | INDIO | 42225 JACKSON ST STE B | INDIO | CA | 92203 | 27,024 | 20,790 |
| 165 | 4555 | NORTH HIGHLANDS | 3615 ELKHORN BLVD | NORTH HIGHLANDS | CA | 95660 | 37,522 | 24,258 |
| 166 | 4560 | LAS VEGAS | 3940 BLUE DIAMOND RD | LAS VEGAS | NV | 89139 | 28,453 | 20,943 |
| 167 | 4564 | RANCHO SANTA MARGARITA | 30501 AVENIDA DE LAS FLORES | RANCHO SANTA MARGARITA | CA | 92688 | 28,216 | 21,101 |
| 168 | 4566 | FRISCO | 3333 PRESTON ROAD STE 700 | FRISCO | TX | 75034 | 37,622 | 28,807 |
| 169 | 4568 | GREEN VALLEY | 18705 S I-19 FRONTAGE RD | GREEN VALLEY | AZ | 85614 | 29,062 | 21,003 |
| 170 | 4573 | SPOKANE | 9612 N NEWPORT HIGHWAY | SPOKANE | WA | 99218 | 30,877 | 23,250 |
| 171 | 4578 | GILBERT | 2817 S. MARKET ST. | GILBERT | AZ | 85295 | 33,862 | 22,592 |
| 172 | 4580 | COVINGTON | 17307 SE 272ND ST. | COVINGTON | WA | 98042 | 28,935 | 21,403 |
| 173 | 4581 | MODESTO | 3900 SISK ROAD | MODESTO | CA | 95356 | 32,810 | 23,909 |
| 174 | 4582 | PHOENIX | 2020 N 75th AVE STE 40 | PHOENIX | AZ | 85035 | 35,182 | 24,179 |
| 175 | 4586 | AURORA | 6626 SOUTH PARKER ROAD | AURORA | CO | 80016 | 30,075 | 21,189 |
| 176 | 4588 | ROHNERT PARK | 565 ROHNERT PARK EXPRESSWAY | ROHNERT PARK | CA | 94928 | 39,718 | 22,081 |
| 177 | 4590 | PHOENIX | 230 E. BELL RD. | PHOENIX | AZ | 85022 | 29,918 | 21,274 |
| 178 | 4591 | STEPHENVILLE | 2133 W. WASHINGTON STREET | STEPHENVILLE | TX | 76401 | 24,560 | 17,582 |
| 179 | 4592 | GREAT FALLS | 1200 10TH AVENUE SOUTH | GREAT FALLS | MT | 59405 | 32,275 | 22,646 |
| 180 | 4594 | LIVERMORE | 4484 LAS POSITAS ROAD | LIVERMORE | CA | 94551 | 26,488 | 19,303 |
| 181 | 4595 | SALEM | 2025 LANCASTER DR. NE | SALEM | OR | 97305 | 48,319 | 31,222 |
| 182 | 4596 | YUBA CITY | 1320 FRANKLIN ROAD | YUBA CITY | CA | 95993 | 27,083 | 19,731 |
| 183 | 4599 | SALINA | 2450 SOUTH 9TH ST. | SALINA | KS | 67401 | 28,557 | 21,242 |
| 184 | 4604 | TEMPE | 940 EAST BASELINE RD. | TEMPE | AZ | 85283 | 29,954 | 22,368 |
| 185 | 4605 | LAYTON | 1030 NORTH MAIN STREET | LAYTON | UT | 84041 | 29,834 | 21,198 |
| 186 | 4612 | WENATCHEE | 151 EASY WAY | WENATCHEE | WA | 98801 | 40,463 | 26,789 |
| 187 | 4614 | PAYSON | 400 E STATE HWY 260 STE A | PAYSON | AZ | 85541 | 29,964 | 21,791 |
| 188 | 4615 | ELGIN | 204 S. RANDALL RD. | ELGIN | IL | 60123 | 28,491 | 21,718 |
| 189 | 4617 | MANTECA | 1321 WEST YOSEMITE AVE. | MANTECA | CA | 95337 | 30,953 | 23,470 |
| 190 | 4618 | NORTH BEND | 2121 NEWMARK ST. | NORTH BEND | OR | 97459 | 37,741 | 27,978 |
| 191 | 4621 | PORT ORCHARD | 3399 BETHEL RD. SE | PORT ORCHARD | WA | 98366 | 31,481 | 22,217 |
| 192 | 4625 | PHOENIX | 4727 EAST BELL RD. | PHOENIX | AZ | 85032 | 30,451 | 21,006 |
| 193 | 4627 | COLORADO SPRINGS | 2975 NEW CENTER POINT | COLORADO SPRINGS | CO | 80922 | 30,102 | 21,302 |
| 194 | 4631 | HENDERSON | 390 W LAKE MEAD PKWY | HENDERSON | NV | 89015 | 30,002 | 21,028 |
| 195 | 4634 | GLENDALE | 17510 N 75TH AVE | GLENDALE | AZ | 85308 | 34,361 | 24,247 |
| 196 | 4635 | LOCKPORT | 340 SUMMIT DRIVE | LOCKPORT | IL | 60441 | 29,947 | 21,976 |
| 197 | 4640 | CENTRALIA | 1139 W BROADWAY | CENTRALIA | IL | 62801 | 34,296 | 24,449 |
| 198 | 4642 | RENO | 200 LEMMON DR. | RENO | NV | 89506 | 28,010 | 20,075 |
| 199 | 4644 | PORT ANGELES | 1940 E. 1ST ST | PORT ANGELES | WA | 98362 | 27,976 | 20,348 |
| 200 | 4645 | LA HABRA | 1020 W IMPERIAL HWY | LA HABRA | CA | 90631 | 36,443 | 26,146 |
| 201 | 4648 | LAVEEN | 3630 W. BASELINE RD. | LAVEEN | AZ | 85339 | 30,561 | 21,895 |
| 202 | 4649 | LOGAN | 1617 NORTH MAIN STREET | LOGAN | UT | 84341 | 27,757 | 20,397 |
| 203 | 4650 | OLYMPIA | 2815 CAPITAL MALL DRIVE SW | OLYMPIA | WA | 98502 | 35,111 | 24,800 |
| 204 | 4653 | LAKEWOOD | 5401 100TH ST SW STE 102 | LAKEWOOD | WA | 98499 | 32,046 | 23,535 |
| 205 | 4654 | HOWELL | 3669 E. GRAND RIVER AVE | HOWELL | MI | 48843 | 29,705 | 20,297 |
| 206 | 4656 | HELENA | 2930 PROSPECT AVE | HELENA | MT | 59601 | 30,093 | 20,582 |
| 207 | 4657 | MURRAY | 5516 SOUTH 900 EAST | MURRAY | UT | 84117 | 32,499 | 22,544 |
| 208 | 4660 | ALBANY | 2000 14TH AVE SE | ALBANY | OR | 97322 | 33,283 | 23,601 |
| 209 | 4667 | MESA | 2840 E MAIN ST., STE 109 | MESA | AZ | 85213 | 35,000 | 25,190 |
| 210 | 4673 | NILES | 7233 W DEMPSTER ST | NILES | IL | 60714 | 32,036 | 22,248 |
| 211 | 4676 | OCEANSIDE | 1702 OCEANSIDE BLVD | OCEANSIDE | CA | 92054 | 43,253 | 26,939 |
| 212 | 4678 | CHEYENNE | 3501 E LINCOLNWAY | CHEYENNE | WY | 82001 | 35,005 | 23,979 |
| 213 | 4679 | OKEMOS | 2020 GRAND RIVER AVE | OKEMOS | MI | 48864 | 47,228 | 29,345 |
| 214 | 4681 | TACOMA | 1414 72ND ST | TACOMA | WA | 98404 | 41,830 | 29,375 |
| 215 | 4684 | FRESNO | 3520 W. SHAW AVE | FRESNO | CA | 93711 | 45,015 | 30,003 |
| 216 | 4685 | LONGMONT | 2151 MAIN ST | LONGMONT | CO | 80501 | 37,877 | 24,681 |
| 217 | 4688 | ONTARIO | 4430 ONTARIO MILLS PKWY | ONTARIO | CA | 91764 | 37,363 | 25,848 |
| 218 | 4692 | BELLINGHAM | 1650 BIRCHWOOD AVE | BELLINGHAM | WA | 98225 | 41,267 | 25,641 |
| 219 | 4695 | PORTAGE | 6207 S WESTNEDGE AVE | PORTAGE | MI | 49002 | 51,595 | 30,017 |
| 220 | 4701 | LAS VEGAS | 5055 W SAHARA AVE | LAS VEGAS | NV | 89146 | 35,152 | 23,300 |
| 221 | 4703 | FRESNO | 7370 N BLACKSTONE AVE | FRESNO | CA | 93650 | 37,744 | 27,707 |
| 222 | 4704 | BAYTOWN | 4815 E FREEWAY | BAYTOWN | TX | 77521 | 46,699 | 29,032 |
| 223 | 4705 | SALINAS | 370 NORTHRIDGE MALL | SALINAS | CA | 93906 | 43,195 | 28,144 |
| 224 | 4707 | RENTON | 14215 SE PETROVITSKY RD | RENTON | WA | 98058 | 43,557 | 28,470 |
| 225 | 4708 | EVERETT | 6727 EVERGREEN WAY | EVERETT | WA | 98203 | 44,424 | 27,758 |
| 226 | 4715 | TUCSON | 4525 N ORACLE RD | TUCSON | AZ | 85705 | 45,127 | 29,144 |
| 227 | 4717 | GILROY | 360 E 10TH ST | GILROY | CA | 95020 | 37,728 | 27,496 |
| 228 | 4718 | N LAS VEGAS | 1601 W CRAIG RD | N LAS VEGAS | NV | 89032 | 58,493 | 31,389 |
| 229 | 4720 | UNION | 2700 US HIGHWAY 22 | UNION | NJ | 07083 | 37,645 | 24,065 |
| 230 | 4721 | DENNIS PORT | 400 MAIN ST | DENNIS PORT | MA | 02639 | 36,410 | 25,172 |
| 231 | 4722 | TUCSON | 3900 W INA RD | TUCSON | AZ | 85741 | 37,714 | 24,844 |
| 232 | 4724 | PHOENIX | 4835 E RAY RD | PHOENIX | AZ | 85044 | 45,545 | 26,928 |
| 233 | 4725 | BURIEN | 14907 4TH AVE SW | BURIEN | WA | 98166 | 24,400 | 18,015 |

**BIG LOTS, INC. Stores**

**Exhibit**

| | Store List | | | | | | | |
|---|---|---|---|---|---|---|---|---|

| # | Store # | Name | Address | City | State | Zip | Gross Sq. Feet | Selling Sq. Feet |
|---|---|---|---|---|---|---|---|---|
| 234 | 4726 | LAS VEGAS | 5120 S FORT APACHE | LAS VEGAS | NV | 89148 | 36,704 | 23,075 |
| 235 | 4728 | BURBANK | 8148 S CICERO AVE | BURBANK | IL | 60459 | 39,462 | 24,049 |
| 236 | 4731 | PHILLIPSBURG | 1202 NEW BRUNSWICK AVE | PHILLIPSBURG | NJ | 08865 | 33,179 | 23,906 |
| 237 | 4732 | PETOSKEY | 1401 SPRING STREET | PETOSKEY | MI | 49770 | 31,896 | 22,600 |
| 238 | 4733 | DELANO | 912 COUNTY LINE RD | DELANO | CA | 93215 | 38,318 | 27,006 |
| 239 | 4734 | YPSILANTI | 2850 WASHTENAW AVE | YPSILANTI | MI | 48197 | 32,436 | 23,572 |
| 240 | 4735 | FOND DU LAC | 616 W JOHNSON ST | FOND DU LAC | WI | 54935 | 46,942 | 31,021 |
| 241 | 4736 | MCALLEN | 3300 W EXPRESSWAY 83 UNIT 200 | MCALLEN | TX | 78501 | 35,193 | 23,942 |
| 242 | 4738 | FLAGSTAFF | 1416 E ROUTE 66 | FLAGSTAFF | AZ | 86001 | 28,516 | 22,026 |
| 243 | 4739 | LOS BANOS | 951 W PACHECO BLVD | LOS BANOS | CA | 93635 | 36,454 | 23,577 |
| 244 | 4744 | ALAMOGORDO | 3199 N WHITE SANDS BLVD | ALAMOGORDO | NM | 88310 | 34,370 | 24,720 |
| 245 | 4747 | BEAUMONT | 1482 E 2ND ST | BEAUMONT | CA | 92223 | 42,109 | 29,261 |
| 246 | 4748 | WATERFORD | 40 BOSTON POST RD | WATERFORD | CT | 06385 | 29,264 | 20,882 |
| 247 | 4749 | TURLOCK | 1840 COUNTRYSIDE DR | TURLOCK | CA | 95380 | 33,796 | 23,560 |
| 248 | 4752 | KILGORE | 98 MIDTOWN PLZ | KILGORE | TX | 75662 | 37,534 | 24,949 |
| 249 | 4754 | ATWATER | 1085 BELLEVUE RD | ATWATER | CA | 95301 | 35,529 | 25,055 |
| 250 | 4758 | RAPID CITY | 1617 EGLIN ST | RAPID CITY | SD | 57701 | 35,379 | 24,491 |
| 251 | 4759 | FORT WORTH | 8400 EAST FWY | FORT WORTH | TX | 76120 | 30,095 | 20,938 |
| 252 | 4762 | FAIRFIELD | 1500 OLIVER RD | FAIRFIELD | CA | 94534 | 27,045 | 19,165 |
| 253 | 4763 | LOMPOC | 1009 N H ST, STE M | LOMPOC | CA | 93436 | 31,423 | 22,601 |
| 254 | 4764 | QUEENSBURY | 751 UPPER GLEN ST, STE 2 | QUEENSBURY | NY | 12804 | 30,884 | 21,637 |
| 255 | 4766 | PARADISE | 6646 CLARK RD | PARADISE | CA | 95969 | 32,310 | 21,941 |
| 256 | 4767 | WEST BEND | 1690 S MAIN ST | WEST BEND | WI | 53095 | 34,627 | 24,080 |
| 257 | 4768 | MILPITAS | 111 RANCH DR | MILPITAS | CA | 95035 | 32,081 | 23,470 |
| 258 | 4769 | PEORIA | 24760 N LAKE PLEASANT PKWY | PEORIA | AZ | 85383 | 27,755 | 20,257 |
| 259 | 4770 | ALBERT LEA | 2614 BRIDGE AVE | ALBERT LEA | MN | 56007 | 30,023 | 22,127 |
| 260 | 4773 | CERES | 1611 E HATCH RD, STE A | CERES | CA | 95351 | 38,357 | 25,315 |
| 261 | 4775 | WINDSOR | 560 WINDSOR AVE | WINDSOR | CT | 06095 | 44,049 | 29,870 |
| 262 | 4776 | NEENAH | 699 S GREEN BAY RD | NEENAH | WI | 54956 | 34,499 | 24,096 |
| 263 | 4778 | STEVENS POINT | 5601 US HIGHWAY 10 E | STEVENS POINT | WI | 54482 | 42,128 | 28,810 |
| 264 | 5086 | CHARLOTTE | 8215 UNIVERSITY CITY BLVD STE E | CHARLOTTE | NC | 28213 | 35,231 | 23,672 |
| 265 | 5087 | WATERBURY | 650 WOLCOTT ST | WATERBURY | CT | 06705 | 33,693 | 22,709 |
| 266 | 5089 | HOLLAND | 2353 N PARK DR | HOLLAND | MI | 49424 | 30,611 | 22,620 |
| 267 | 5090 | FAYETTEVILLE | 2999 N COLLEGE AVE | FAYETTEVILLE | AR | 72703 | 28,324 | 21,183 |
| 268 | 5096 | INDEPENDENCE | 4201 S NOLAND RD | INDEPENDENCE | MO | 64055 | 36,070 | 23,481 |
| 269 | 5100 | DAYTONA BEACH | 2400 W INTERNATIONAL SPEEDWAY | DAYTONA BEACH | FL | 32114 | 28,380 | 20,263 |
| 270 | 5102 | POMPANO BEACH | 1440 NE 23RD ST | POMPANO BEACH | FL | 33062 | 27,850 | 20,789 |
| 271 | 5106 | MILFORD | 56 TURNPIKE SQUARE | MILFORD | CT | 06460 | 24,334 | 18,175 |
| 272 | 5108 | RALEIGH | 1515 GARNER STATION BLVD | RALEIGH | NC | 27603 | 32,898 | 23,601 |
| 273 | 5111 | KOKOMO | 2136 E MARKLAND AVE. | KOKOMO | IN | 46901 | 43,144 | 21,274 |
| 274 | 5112 | ROSWELL | 610 HOLCOMB BRIDGE RD STE 300 | ROSWELL | GA | 30076 | 30,000 | 21,737 |
| 275 | 5125 | LEXINGTON | 1980 PAVILION WAY | LEXINGTON | KY | 40509 | 33,274 | 25,644 |
| 276 | 5131 | NORTH LITTLE ROCK | 4213 E. MCCAIN BOULEVARD | NORTH LITTLE ROCK | AR | 72117 | 40,412 | 28,876 |
| 277 | 5136 | EXTON | 201 WEST LINCOLN HWY | EXTON | PA | 19341 | 27,156 | 19,809 |
| 278 | 5141 | HUNTSVILLE | 6275 UNIVERSITY DR NW | HUNTSVILLE | AL | 35806 | 28,701 | 20,244 |
| 279 | 5147 | MANCHESTER | 1470 PLEASANT VALLEY ROAD | MANCHESTER | CT | 06042 | 26,610 | 18,529 |
| 280 | 5154 | MADISON HEIGHTS | 32399 JOHN R RD. | MADISON HEIGHTS | MI | 48071 | 32,833 | 21,985 |
| 281 | 5166 | SANFORD | 1101 WP BALL BLVD | SANFORD | FL | 32771 | 33,824 | 23,919 |
| 282 | 5169 | DESTIN | 34940 EMERALD COAST PKWY | DESTIN | FL | 32541 | 26,209 | 19,078 |
| 283 | 5170 | KENTWOOD | 4254 28TH ST. SE | KENTWOOD | MI | 49512 | 36,094 | 26,720 |
| 284 | 5174 | SEEKONK | 179 HIGHLAND AVE | SEEKONK | MA | 02771 | 28,565 | 19,810 |
| 285 | 5175 | REISTERSTOWN | 11989 REISTERSTOWN RD #A | REISTERSTOWN | MD | 21136 | 33,405 | 24,541 |
| 286 | 5191 | FRANKLIN | 209 S ROYAL OAKS BLVD STE 206 | FRANKLIN | TN | 37064 | 39,546 | 27,970 |
| 287 | 5194 | ASHLAND | 41 POND ST | ASHLAND | MA | 01721 | 23,965 | 18,016 |
| 288 | 5195 | FAYETTEVILLE | 375 PAVILION PARKWAY | FAYETTEVILLE | GA | 30214 | 39,995 | 29,424 |
| 289 | 5200 | PRATTVILLE | 1957 COBBS FORD RD. | PRATTVILLE | AL | 36066 | 29,946 | 21,675 |
| 290 | 5203 | BESSEMER | 710 ACADEMY DR | BESSEMER | AL | 35022 | 32,507 | 23,059 |
| 291 | 5219 | GLEN BURNIE | 6623 GOVERNOR RITCHIE HWY | GLEN BURNIE | MD | 21061 | 34,155 | 24,254 |
| 292 | 5227 | STONE MOUNTAIN | 5370 STONE MOUNTAIN HWY STE 300 | STONE MOUNTAIN | GA | 30087 | 34,731 | 21,202 |
| 293 | 5228 | BOWIE | 4420 MITCHELLVILLE RD. | BOWIE | MD | 20716 | 25,150 | 18,085 |
| 294 | 5245 | NEW MILFORD | 169 DANBURY RD | NEW MILFORD | CT | 06776 | 30,004 | 21,973 |
| 295 | 5254 | YORK | 2980 WHITEFORD RD | YORK | PA | 17402 | 32,600 | 21,567 |
| 296 | 5267 | MENOMONEE FALLS | N78W14511 APPLETON AVE | MENOMONEE FALLS | WI | 53051 | 27,706 | 19,323 |
| 297 | 5273 | FREEHOLD | 220 TROTTERS WAY | FREEHOLD | NJ | 07728 | 28,624 | 20,267 |
| 298 | 5279 | NORWICH | 42 TOWN RD STE 1200 | NORWICH | CT | 06360 | 33,579 | 24,294 |
| 299 | 5292 | DEFIANCE | 1520 N CLINTON ST | DEFIANCE | OH | 43512 | 27,240 | 19,245 |
| 300 | 5295 | Woodbridge | 471 Green Street | Woodbridge | NJ | 07095 | 42,611 | 30,887 |
| 301 | 5302 | CHARLOTTE | 9535 S BLVD STE C | CHARLOTTE | NC | 28273 | 33,855 | 24,490 |
| 302 | 5304 | LA CROSSE | 3960 MORMON COULEE RD | LA CROSSE | WI | 54601 | 28,929 | 20,995 |
| 303 | 5305 | MOUNT PLEASANT | 5415 WASHINGTON AVE | MOUNT PLEASANT | WI | 53406 | 43,012 | 26,168 |
| 304 | 5319 | OCEAN | 2353 STATE ROUTE 66 | OCEAN | NJ | 07712 | 41,952 | 30,159 |
| 305 | 5323 | NORTH BERGEN | 3129 KENNEDY BLVD | NORTH BERGEN | NJ | 07047 | 32,569 | 23,262 |
| 306 | 5325 | MADISON | 2301 GALLATIN PIKE N | MADISON | TN | 37115 | 32,225 | 23,934 |
| 307 | 5329 | KANSAS CITY | 13637 WASHINGTON ST | KANSAS CITY | MO | 64145 | 28,710 | 20,372 |

BIG LOTS, INC. Stores

**Exhibit**

| Store List |
| --- |

| # | Store # | Name | Address | City | State | Zip | Gross Sq. Feet | Selling Sq. Feet |
|---|---------|------|---------|------|-------|-----|----------------|------------------|
| 308 | 5336 | ROYAL PALM BEACH | 511 N STATE RD 7 | ROYAL PALM BEACH | FL | 33411 | 30,916 | 21,545 |
| 309 | 5349 | VIRGINIA BEACH | 1650 GENERAL BOOTH BLVD, STE 200 | VIRGINIA BEACH | VA | 23454 | 35,034 | 23,970 |
| 310 | 5351 | BRADENTON | 7381 52ND PL E | BRADENTON | FL | 34203 | 46,905 | 31,412 |
| 311 | 5357 | NORFOLK | 5900 E. VIRGINIA BEACH BLVD. | NORFOLK | VA | 23502 | 42,682 | 28,868 |
| 312 | 5365 | NEW HARTFORD | 4645 COMMERCIAL DR | NEW HARTFORD | NY | 13413 | 46,257 | 26,696 |
| 313 | 5377 | TAMPA | 12601 CITRUS PLAZA DR | TAMPA | FL | 33625 | 38,275 | 24,842 |
| 314 | 5389 | FORT MYERS | 15271 MCGREGOR BLVD | FORT MYERS | FL | 33908 | 41,995 | 27,048 |
| 315 | 5394 | BOCA RATON | 21697 STATE ROAD 7 | BOCA RATON | FL | 33428 | 36,113 | 25,498 |
| 316 | 5397 | CORAOPOLIS | 2820 GRACY CENTER WAY | CORAOPOLIS | PA | 15108 | 38,000 | 26,343 |
| 317 | 5398 | EAST BRUNSWICK | 275 ROUTE 18 | EAST BRUNSWICK | NJ | 08816 | 34,988 | 23,582 |
| 318 | 5401 | CHARLOTTESVILLE | 590 BRANCHLANDS BLVD | CHARLOTTESVILLE | VA | 22901 | 45,630 | 28,845 |
| 319 | 5402 | WOODBRIDGE | 14603 TELEGRAPH RD | WOODBRIDGE | VA | 22192 | 44,997 | 28,130 |
| 320 | 5408 | DURHAM | 3420 SOUTHWEST DURHAM DR | DURHAM | NC | 27707 | 58,135 | 32,774 |
| 321 | 5410 | CINCINNATI | 9690 COLERAIN AVE | CINCINNATI | OH | 45251 | 37,874 | 23,043 |
| 322 | 5415 | MANASSAS | 7743 SUDLEY RD | MANASSAS | VA | 20109 | 35,164 | 23,909 |
| 323 | 5420 | LOUISVILLE | 4025 POPLAR LEVEL RD UNIT 102 | LOUISVILLE | KY | 40213 | 41,388 | 26,669 |
| 324 | 5431 | SIMI VALLEY | 1189 SIMI TOWN CENTER WAY | SIMI VALLEY | CA | 93065 | 30,988 | 21,843 |
| 325 | 5436 | RIVERSIDE | 2620 CANYON SPRINGS PARKWAY | RIVERSIDE | CA | 92507 | 35,100 | 24,030 |
| 326 | 5444 | ORLANDO | 1801 S SEMORAN BLVD | ORLANDO | FL | 32822 | 39,740 | 26,450 |
| 327 | 5449 | CLIFTON HEIGHTS | 713 E BALTIMORE AVE | CLIFTON HEIGHTS | PA | 19018 | 33,780 | 23,730 |
| 328 | 5450 | BONITA SPRINGS | 25191 CHAMBER OF COMMERCE DR | BONITA SPRINGS | FL | 34135 | 27,860 | 20,170 |
| 329 | 5453 | AIKEN | 1016 PINE LOG RD | AIKEN | SC | 29803 | 42,996 | 29,114 |
| 330 | 5455 | NEWBERRY | 1937 WILSON RD | NEWBERRY | SC | 29108 | 30,784 | 21,773 |
| 331 | 5457 | LAUREL | 3331 CORRIDOR MARKETPLACE | LAUREL | MD | 20724 | 30,672 | 21,433 |
| 332 | 5459 | TROY | 1327 S BRUNDIDGE ST | TROY | AL | 36081 | 45,755 | 30,060 |
| 333 | 5461 | SAINT MARYS | 1170 INDIANA AVE | SAINT MARYS | OH | 45885 | 36,387 | 24,180 |
| 334 | 5463 | THOMSON | 687 MAIN ST | THOMSON | GA | 30824 | 30,573 | 21,280 |
| 335 | 5467 | JEFFERSON CITY | 3225 MISSOURI BLVD | JEFFERSON CITY | MO | 65109 | 30,000 | 21,107 |
| 336 | 5471 | DENHAM SPRINGS | 2354 S RANGE AVE | DENHAM SPRINGS | LA | 70726 | 27,060 | 20,334 |
| 337 | 5472 | JEFFERSON | 822 E MAIN ST | JEFFERSON | NC | 28640 | 46,027 | 28,999 |
| 338 | 5473 | WAYNESBORO | 263 S LIBERTY ST | WAYNESBORO | GA | 30830 | 32,959 | 21,900 |
| 339 | 5477 | NATCHITOCHES | 339 SOUTH DR | NATCHITOCHES | LA | 71457 | 36,871 | 24,504 |
| 340 | 5478 | WARSAW | 2806 FRONTAGE RD | WARSAW | IN | 46580 | 31,089 | 22,607 |
| 341 | 5480 | CHESTER | 1841 J A COCHRAN BYP STE A | CHESTER | SC | 29706 | 34,573 | 23,476 |
| 342 | 5481 | CLEWISTON | 328 E SUGARLAND HWY | CLEWISTON | FL | 33440 | 36,517 | 23,887 |
| 343 | 5482 | LYNCHBURG | 2110 WARDS RD | LYNCHBURG | VA | 24502 | 34,152 | 23,145 |
| 344 | 5489 | ANDALUSIA | 130 COVINGTON MALL | ANDALUSIA | AL | 36420 | 32,868 | 23,765 |