**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**(**Jointly Administered**)**<br><br>**Re: Docket No. 6** |

**ORDER CONFIRMING THE STATUTORY
PROTECTIONS OF THE BANKRUPTCY CODE**

Upon the motion (the "**Motion**")² of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to section 105 of the Bankruptcy Code, confirming the application of the Statutory Protections, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant

---

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#99005668v2

to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this order (this "**Order**").

2. Pursuant to section 362 of the Bankruptcy Code, the commencement of the Chapter 11 Cases shall operate as a stay, applicable to all Persons (and all those acting for or on their behalf) and all foreign or domestic Governmental Units (and all those acting for or on their behalf), of:

> (a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any of the Debtors that was or could have been commenced before the Petition Date, or an act to recover a claim against any of the Debtors that arose prior to the Petition Date;

#99005668v2

(b) the enforcement, against any of the Debtors or against property of any of the Debtors' estates, of a judgment obtained before the Petition Date;

(c) any act to obtain possession of, or exercise control over, property of any of the Debtors' estates;

(d) any act to create, perfect, or enforce any lien against property of any of the Debtors' estates to the extent that such lien secures a claim that arose before the Petition Date;

(e) any act to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date;

(f) the setoff of any debt owing to any of the Debtors that arose before the Petition Date against any claim against any of the Debtors; and

(g) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.

3. Pursuant to section 365(e) of the Bankruptcy Code, and notwithstanding any provision in an executory contract or unexpired lease or any applicable law, an executory contract or unexpired lease of any of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the Petition Date solely because of a provision in any such contract or lease that is conditioned on (a) the insolvency or financial condition of a Debtor or (b) the commencement of the Chapter 11 Cases.

4. Pursuant to section 525 of the Bankruptcy Code (and subject to the exceptions set forth in section 525(a) of the Bankruptcy Code), a foreign or domestic Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, any of the Debtors solely on account of (a) the commencement of the Chapter 11 Cases,

#99005668v2

(b) the Debtors' insolvency before the commencement of the Chapter 11 Cases or during the Chapter 11 Cases but before the grant or denial of a discharge, or (c) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases.

5. Pursuant to section 541(c) of the Bankruptcy Code, any interest of any of the Debtors in property becomes property of any of the Debtors' estates, notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law, that (a) restricts or conditions transfer of such interest by the Debtors, (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Chapter 11 Cases, or (c) effects or gives an option to effect a forfeiture, modification, or termination of the Debtors' interest in property.

6. This Order shall not affect the substantive rights of any party, nor create any rights, defenses, or arguments not otherwise available under applicable law.  Specifically, this Order shall not affect the exceptions contained in sections 362(b), 365(b)(4), and 365(e)(2) of the Bankruptcy Code, the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, or, with respect to an unexpired lease or executory contract, any party's rights under section 365 of the Bankruptcy Code.

7. The form of notice attached as **Exhibit 1** to this Order (the "**Notice**") is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, Governmental Units or other regulatory authorities, or interested parties wherever located.  The Debtors are authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in the Chapter 11 Cases to any foreign party in interest at the Debtors' discretion. The Debtors shall file a certification certifying the accuracy of any such translations procured and provided to foreign parties in interest.

#99005668v2

8. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10. Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

11. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

13. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

## Form of Notice

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BIG LOTS, INC., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-11967 (JKS) <br><br> (Jointly Administered) <br><br> **Re: Docket No. \_\_\_** |

**NOTICE OF ENTRY OF ORDER CONFIRMING THE STATUTORY
PROTECTIONS OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that, on September 9, 2024 (the "**Petition Date**"), Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Chapter 11 Cases are pending before the Honorable Judge Stickles, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Big Lots, Inc.*, No. 24-11967 (JKS).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

#99005668v2

Debtors from, among other things, (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against any of the Debtors (i) that was or could have been commenced before the Petition Date or (ii) that is an act to recover a claim against any of the Debtors that arose before the Petition Date, (b) the enforcement, against any of the Debtors or against any property of any of the Debtors' estates, of a judgment obtained before the Petition Date, or (c) any act to obtain possession of, or exercise control over, property of any of the Debtors' estates.[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Confirming the Statutory Protections of the Bankruptcy Code* (the "**Order**") [D.I. ___], entered on [___], 2024, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to an executory contract or unexpired lease with any of the Debtors, or governmental units (whether of the United States (including any state or locality therein or any territory or possession thereof), or any foreign country (including any division, department, agency, instrumentality, or service thereof, and all those acting on their behalf)), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division, subdivision, or any similar governing authority is prohibited from, among other things, (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the

---

[2] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party. The Debtors expressly reserve the right to contest any claims that may be asserted against the Debtors.

3

Debtors, (b) placing conditions upon such a grant to the Debtors, or (c) discriminating against the Debtors with respect to such a grant solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the Petition Date, are insolvent during the pendency of the Chapter 11 Cases, or have not paid a dischargeable debt, as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to executory contracts or unexpired leases with any of the Debtors are prohibited from terminating such contracts or leases because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure (among other applicable substantive law and rules of procedure), any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Chapter 11 Cases located online at http://www.deb.uscourts.gov (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding the Chapter 11 Cases located online at https://www. cases.ra.kroll.com/BigLots, or (c) contacting the undersigned proposed co-counsel for the Debtors. Parties are encouraged to consult with their own counsel to determine their rights under the Bankruptcy Code.

4

Dated: [●], 2024
Wilmington, Delaware

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    /s/ *[Draft]*
    Robert J. Dehney, Sr. (No. 3578)
    Andrew R. Remming (No. 5120)
    Tamara K. Mann (No. 5643)
    Sophie Rogers Churchill (No. 6905)
    Casey B. Sawyer (No. 7260)
    1201 N. Market Street, 16th Floor
    Wilmington, DE 19801
    Tel: (302) 658-9200
    rdehney@morrisnichols.com
    aremming@morrisnichols.com
    tmann@morrisnichols.com
    srchurchill@morrisnichols.com
    csawyer@morrisnichols.com

    -and-

    DAVIS POLK & WARDWELL LLP

    Brian M. Resnick (*pro hac vice* forthcoming)
    Adam L. Shpeen (*pro hac vice* forthcoming)
    Stephen D. Piraino (*pro hac vice* forthcoming)
    Ethan Stern (*pro hac vice* forthcoming)
    450 Lexington Avenue
    New York, NY 10017
    Tel.: (212) 450-4000
    brian.resnick@davispolk.com
    adam.shpeen@davispolk.com
    stephen.piraino@davispolk.com
    ethan.stern@davispolk.com

    *Proposed Counsel to the Debtors and Debtors in Possession*