IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**(**Jointly Administered**)**<br><br>Re: Docket No. 6 & 127 |

**ORDER CONFIRMING THE STATUTORY
<u>PROTECTIONS OF THE BANKRUPTCY CODE</u>**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to section 105 of the Bankruptcy Code, confirming the application of the Statutory Protections, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this order (this "**Order**").

2. Pursuant to section 362 of the Bankruptcy Code, the commencement of the Chapter 11 Cases shall operate as a stay, applicable to all Persons (and all those acting for or on their behalf) and all foreign or domestic Governmental Units (and all those acting for or on their behalf), of:

    (a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against any of the Debtors that was or could have been commenced before the Petition Date, or an act to recover a claim against any of the Debtors that arose prior to the Petition Date;

    (b) the enforcement, against any of the Debtors or against property of any of the Debtors' estates, of a judgment obtained before the Petition Date;

    (c)    any act to obtain possession of, or exercise control over, property of any of the Debtors' estates;

    (d)    any act to create, perfect, or enforce any lien against property of any of the Debtors' estates to the extent that such lien secures a claim that arose before the Petition Date;

    (e)    any act to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date;

    (f)    the setoff of any debt owing to any of the Debtors that arose before the Petition Date against any claim against any of the Debtors; and

    (g)    the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.

3.    Pursuant to section 365(e) of the Bankruptcy Code, and notwithstanding any provision in an executory contract or unexpired lease or any applicable law, an executory contract or unexpired lease of any of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the Petition Date solely because of a provision in any such contract or lease that is conditioned on (a) the insolvency or financial condition of a Debtor or (b) the commencement of the Chapter 11 Cases.

4.    Pursuant to section 525 of the Bankruptcy Code (and subject to the exceptions set forth in section 525(a) of the Bankruptcy Code), a foreign or domestic Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, any of the Debtors solely on account of (a) the commencement of the Chapter 11 Cases, (b) the Debtors' insolvency before the commencement of the Chapter 11 Cases or during the Chapter 11

Cases but before the grant or denial of a discharge, or (c) the fact that the Debtors have not paid a debt that is dischargeable in the Chapter 11 Cases.

5. Pursuant to section 541(c) of the Bankruptcy Code, any interest of any of the Debtors in property becomes property of any of the Debtors' estates, notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law, that (a) restricts or conditions transfer of such interest by the Debtors, (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Chapter 11 Cases, or (c) effects or gives an option to effect a forfeiture, modification, or termination of the Debtors' interest in property.

6. This Order shall not affect the substantive rights of any party, nor create any rights, defenses, or arguments not otherwise available under applicable law. Specifically, this Order shall not affect the exceptions contained in sections 362(b), 365(b)(4), and 365(e)(2) of the Bankruptcy Code, the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, or, with respect to an unexpired lease or executory contract, any party's rights under section 365 of the Bankruptcy Code.

7. The form of notice attached as **Exhibit 1** to this Order (the "**Notice**") is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, Governmental Units or other regulatory authorities, or interested parties wherever located. The Debtors are authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in the Chapter 11 Cases to any foreign party in interest at the Debtors' discretion. The Debtors shall file a certification certifying the accuracy of any such translations procured and provided to foreign parties in interest.

8. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10. Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

11. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

13. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 11th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

#99005668v2

6