## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No.** 9 |

### INTERIM ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders, pursuant to sections 105 and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) prohibiting the Utilities from altering, refusing, or discontinuing any Utility Service on account of prepetition accounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance, (b) determining that the Debtors' proposed offer of deposits provides the Utilities with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, and (c) approving the Adequate Assurance Procedures, as more fully

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth in this order (this "**Order**").

2.      Notwithstanding anything herein to the contrary, the relief provided for in sections 3, 4, 6, 7, 9 and 10 herein shall only apply to Utilities after they have been served pursuant to paragraphs 14(a) or 15, as applicable (service by email shall suffice).

3.      The Adequate Assurance Deposit, in conjunction with the Debtors' cash position and access to the DIP Facilities, (a) demonstrates the Debtors' ability to pay for future Utility Services in the ordinary course of business and the Utilities are deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code and (b) constitute adequate assurance to the Utilities (the "**Proposed Adequate Assurance**"). For the avoidance of doubt, the Adequate Assurance Deposit amount shall be an amount equal to two weeks of all of the Utility Services, calculated as a historical average of the Utility Service spend over the first six months of 2024 without reduction for netting of any existing deposits held by the Utilities.

4.      Absent compliance with the procedures set forth in the Motion and this Order, the Debtors' Utilities are prohibited from altering, refusing, or discontinuing Utility Services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Proposed Adequate Assurance.

5.      The Debtors are authorized, but not directed, to pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices for Utility Services rendered by the Utilities to the Debtors after the Petition Date.

6.      The Debtors shall deposit the Adequate Assurance Deposit in the Utility Deposit Account within 20 calendar days of entry of this Order. No liens shall attach to the

Utility Deposit Account or the funds contained therein except as to the Debtors'
reversionary interest in such Utility Deposit Account. Each Utility shall be entitled to the
funds in the Adequate Assurance Deposit attributable to such Utility as indicated in the
column labeled "Proposed Adequate Assurance" on the attached Utilities List.

7.      The Debtors' Utilities are prohibited from requiring additional adequate
assurance of payment other than in accordance with the following Adequate Assurance
Procedures:

(a)      The Debtors or their advisors will provide a copy of the Motion and
this Order to each of the Utilities listed on the Utilities List within three business
days after entry of this Order by the Court.

(b)      If a Utility is not satisfied with the Proposed Adequate Assurance, it
must serve a written request (a "**Request**") upon (i) the Debtors, c/o Big Lots, Inc.,
4900 E. Dublin-Granville Road, Columbus, OH 43081, Attn: Matt Barga (email:
MBarga@biglots.com) and (ii) proposed counsel to the Debtors, (A) Davis Polk &
Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn:  Brian M.
Resnick, Esq., Adam L. Shpeen, Esq., and Stephen D. Piraino, Esq.
(notice.biglots@davispolk.com) and (B) Morris, Nichols, Arsht & Tunnell LLP,
1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney,
Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq.,
and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com); and the Request
must set forth (i) the location(s) for which Utility Services are provided, (ii) the
account number(s) for such location(s), (iii) the outstanding balance for each
account, and (iv) an explanation of why the Utility believes that the Proposed
Adequate Assurance is not sufficient adequate assurance of future payment.

(c)      If the Debtors determine, in their sole discretion, that a Request or
any consensual agreement reached in connection therewith is reasonable, the
Debtors, without further order of the Court, may enter into agreements granting
additional adequate assurance to the Utility serving such Request and, in connection
with such agreements, provide the Utility with additional adequate assurance of
payment, including cash deposits, prepayments, or other forms of security, with
notice within 15 calendar days following entry into such agreement to the U.S.
Trustee and counsel to any official committee appointed in the Chapter 11 Cases.

(d)      If the Debtors determine that a Request is unreasonable, then they
shall, within 21 calendar days after receipt of such Request, or such longer period
as may be agreed to between the Debtors and the Utility (email being sufficient),
file a motion (a "**Determination Motion**") pursuant to section 366(c)(3) of the
Bankruptcy Code seeking a determination from the Court that the Proposed

4

Adequate Assurance, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment. The Debtors will schedule such Determination Motion for the next available omnibus hearing, subject to applicable notice requirements and without prejudice to the Debtors' ability to adjourn the Determination Motion with the consent of the Utility. Pending notice and a hearing on the Determination Motion, the Utility that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors.

(e)     If an undisputed amount relating to Utility Services provided post-petition by a Utility is unpaid, and remains unpaid beyond any applicable grace period, such Utility may request a disbursement from the Utility Deposit Account in such undisputed unpaid amount by giving notice to (i) the Debtors, c/o Big Lots, Inc., 4900 E. Dublin-Granville Road, Columbus, OH 43081, Attn: Matt Barga (MBarga@biglots.com), (ii) proposed counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., and Stephen D. Piraino, Esq. (notice.biglots@davispolk.com) and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq., (biglots.mnat@morrisnichols.com) (iii) the U.S. Trustee, 844 N. King Street, Wilmington, DE 19801 Attn: Linda Casey (linda.casey@usdoj.gov), (iv) (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com) and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com) and Stanley Tarr (stanley.tarr@blankrome.com), (v) (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com) and (z) Richards Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John Knight, Esq. (knight@rlf.com) and (vi) counsel to any official committee of unsecured creditors appointed in the Chapter 11 Cases (collectively, the "**Utility Notice Parties**"). The Debtors shall honor such request within 15 business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility to resolve any dispute regarding such request without further order of the Court. To the extent a Utility receives a disbursement from the Utility Deposit Account in accordance with this provision, the Debtors shall subsequently replenish the Utility Deposit Account in the amount so disbursed.

(f)     Absent compliance with the Adequate Assurance Procedures set forth in the foregoing provisions (a)–(e), the Debtors' Utilities are prohibited from altering, refusing, or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

8.      The Debtors are authorized to amend the Utilities List, in their sole discretion, to add any subsequently identified Utility. Subject to paragraph 15 hereof, this Order and the Adequate Assurance Procedures shall apply to any such Utility regardless of when such Utility may be added to the Utilities List by Supplemental Notice. The Debtors shall serve a copy of the Motion and this Order (or subsequent final order as applicable) on any Utility that is subsequently added to the Utilities List.  Such subsequently added Utility that objects to this Order shall have 20 calendar days from the date of service of this Order to file an objection in accordance with the Bankruptcy Rules, the Local Rules, and the Adequate Assurance Procedures. For the avoidance of doubt, such deadline does not apply to any such Utility serving a Request on the Debtors.

9.      The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility is added to the Utilities List by an amount equal to two weeks of Utility Service provided by such additional Utility, calculated using the historical average for such payments over the first six months of 2024.

10.     The Adequate Assurance Procedures as proposed are hereby approved.  As a result, upon entry of this Order, the Debtors are not required to provide any additional adequate assurance beyond what is stated in this Order, unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

11.     The portion of the Adequate Assurance Deposit attributable to each Utility shall be returned to the Debtors, without further Court order, on the earliest to occur of (a) the reconciliation and payment by the Debtors of the final invoice of such Utility in accordance with  applicable non-bankruptcy law  following  the  termination of Utility

Services from such Utility (including on a contract-by-contract or store-by-store basis, to the extent applicable), (b) solely for Utilities who provide services to the Debtors' assets that are sold, the closing date for the sale of all or substantially all of the Debtors' assets, (c) the effective date of a chapter 11 plan confirmed in the Chapter 11 Cases, or (d) the date upon which the Chapter 11 Cases are dismissed or converted to a case under chapter 7 of the Bankruptcy Code; *provided, however*, that if there are any outstanding disputes related to post-petition payments due between the Debtors and the applicable Utility, only the portion of the Adequate Assurance Deposit in excess of any disputed amounts shall be returned to the Debtors without further Court order.

12.     The Debtors may amend the Utilities List to delete a Utility only if it has provided two-weeks' advance notice to such Utility and has not received any objection from such Utility.  If an objection is received and the Debtors and the Utility are unable to resolve such objection, the Debtors shall request a hearing before the Court at the next omnibus hearing date or such other date that the Debtors and the Utility may agree upon.

13.     Nothing herein constitutes a finding that any entity is or is not a Utility hereunder or a utility under section 366 of the Bankruptcy Code, whether or not such entity is included in the Utilities List.

14.     The Debtors shall (a) serve a copy of this Order upon each of the Utilities identified on the Utilities List and (b) post this Order on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.

15.     The Debtors shall (a) file a copy of any Supplemental Notice, (b) serve such notice upon each of the Utilities identified therein, and (c) post any Supplemental Notice

on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.

16.      A final hearing to consider the relief requested in the Motion shall be held on October 9, 2024 at 1:00 p.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served on the Notice Parties so as to be actually received on or prior to October 2, 2024 at 4:00 p.m. (prevailing Eastern Time).

17.      Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

18.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

19.      Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

20.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

21.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

22.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 11th, 2024**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**