**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 5 & 142 |

**INTERIM ORDER (I) CONFIRMING THE MANNER OF SATISFYING
THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS AND (II) AUTHORIZING DEBTORS TO REDACT CERTAIN
<u>PERSONAL INFORMATION</u>**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code and Bankruptcy Rules 1007 and 2002, (a) confirming the manner of satisfying the requirement to file a list of equity security holders and (b) authorizing the Debtors to redact certain personal information from documents filed with the Court in the Chapter 11 Cases (including any Creditor Matrix, Schedule, or Statement), each as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth in this order (this "**Order**").

2. The Debtors are authorized to file a list of all holders of Common Stock registered directly with the transfer agent(s) of the Debtors' Common Stock, and all banks, brokers,

intermediaries, or mailing agents that hold Common Stock in "street name" for the Beneficial Owners and such filing will be deemed to satisfy Bankruptcy Rule 1007(a)(3).

3. The Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the transfer agent(s) of the Debtors' Common Stock, and all banks, brokers, intermediaries, or mailing agents that hold Common Stock in "street name" for the Beneficial Owners and such service will be deemed to satisfy Bankruptcy Rule 2002(d).

4. The Debtors are authorized, but not directed, to redact the home and email addresses of individuals listed from any document filed or to be filed with the Court in the Chapter 11 Cases (including any Creditor Matrix, Schedule, or Statement); *provided*, that the Debtors shall file under seal and provide unredacted versions of any Creditor Matrix, Schedule, Statement, or other document filed with the Court and redacted in accordance with this Order to (a) the Court, the U.S. Trustee, and counsel to any official committee appointed in the Chapter 11 Cases and (b) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that sets forth a reasonable basis for the request that is reasonably related to the Chapter 11 Cases, in each case, subject to the restrictions and obligations under any applicable data privacy and protection laws and regulations; *provided, further*, that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request; *provided, further*, that, to the extent notice and/or service by mail (as opposed to email) is required or requested, Kroll Restructuring Administration LLC shall serve individuals at their personal home addresses, ensuring that each individual will receive the same notices in the Chapter 11 Cases as all other creditors without the unnecessary public disclosure of their home address.

5. Nothing in this Order (a) precludes a party in interest's right to file a motion requesting that the Court unseal information redacted in accordance with this Order or (b) shall

waive or otherwise limit the service of any document upon, or the provision of any notice to, any individual whose personal information is sealed or redacted in accordance with this Order. The Debtors shall provide the personal information to any party in interest that files a motion indicating a reasonable basis for why such information is needed (such basis to be reasonably related to the Chapter 11 Cases) if, and to the extent, such motion is granted by the Court after notice and a hearing.

6.  Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

7.  A final hearing to consider the relief requested in the Motion shall be held on October 9, 2024 at 1:00 p.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served on the Notice Parties so as to be actually received on or prior to October 2, 2024 at 4:00 p.m. (prevailing Eastern Time).

8.  Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

9. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10. The Debtors and Kroll Restructuring Administration LLC are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

11. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 12th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE