**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Hearing Date:**<br>**October 9, 2024 at 1:00 p.m. (ET)**<br>**Objection Deadline:**<br>**October 2, 2024 at 4:00 p.m. (ET)** |

**APPLICATION OF DEBTORS FOR AUTHORITY TO
EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS
ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submit this *Application of Debtors for Authority To Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (this "**Application**"). This Application is supported by the (a) *Declaration of Brian M. Resnick in Support of the Application of Debtors for Authority To Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Resnick Declaration**") and (b) *Declaration of Ronald A. Robins, Jr. in Support of the Application of Debtors for Authority To Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "**Robins Declaration**"), attached hereto as

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Exhibit A** and **Exhibit B**, respectively, and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

### Relief Requested

1. By this Application, and pursuant to section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit C** (the "**Proposed Order**"), authorizing the Debtors to employ and retain Davis Polk & Wardwell LLP ("**Davis Polk**") as their restructuring counsel *nunc pro tunc* to the Petition Date (as defined below) to perform the legal services that will be required during the Chapter 11 Cases. The Debtors request that the Court (as defined below) approve the employment and retention of Davis Polk under the terms and conditions set forth in this Application, as more fully described in the Resnick Declaration and the Robins Declaration.[2]

### Jurisdiction, Venue, and Authority

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

---

[2] The Debtors are also seeking Court authority to employ and retain Morris, Nichols, Arsht & Tunnell LLP ("**MNAT**") as their Delaware counsel in connection with the Chapter 11 Cases. It is intended that the services of MNAT shall complement and not duplicate the services to be rendered by Davis Polk. The Debtors, Davis Polk, and MNAT are mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

2

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

6. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court, on September 10, 2024, in each of the Chapter 11 Cases.[3]

---

[3] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

7.  Big Lots is a one-stop shop home discount retailer. Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies. Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

8.  Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77], which is incorporated herein by reference.

### Davis Polk's Qualifications

9.  The Debtors selected Davis Polk as their restructuring counsel because of the firm's extensive experience and knowledge in bankruptcy and restructuring work, as well as in broader corporate transactional and litigation work. Davis Polk has been actively involved in a wide variety of major chapter 11 cases, including (in the last three years): *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Sept. 8, 2024); *In re Lumio Holdings, Inc.*, No. 24-11916 (JKS) (Bankr. D. Del. Sept. 3, 2024); *In re AIO US, Inc.*, No. 24-11836 (CTG) (Bankr. D. Del. Aug. 12, 2024); *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. June 17, 2024); *In re ConvergeOne Holdings, Inc.*, No. 24-90194 (CML) (Bankr. S.D. Tex. Apr. 4, 2024); *In re Airspan Networks Holdings Inc.*, No. 24-10621 (TMH) (Bankr. D. Del. Mar. 31, 2024); *In re Enviva Inc.*, No. 24-10453 (BFK) (Bankr. E.D. Va. Mar. 12, 2024); *In re Hornblower Holdings LLC*, No. 24-90061 (MI) (Bankr. S.D. Tex. Feb. 21, 2024); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 6, 2023); *In re Air Methods Corp.*, No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 24, 2023); *In*

*re Instant Brands Acquisition Holdings Inc.*, No. 23-90716 (DRJ) (Bankr. S.D. Tex. June 12, 2023); *In re Wesco Aircraft Holdings, Inc. (Incora)*, No. 23-90611 (MI) (Bankr. S.D. Tex. June 1, 2023); *In re Diebold Holding Co., LLC*, No. 23-90602 (DRJ) (Bankr. S.D. Tex., June 1, 2023); *In re Monitronics Int'l, Inc.*, No. 23-90332 (CML) (Bankr. S.D. Tex. May 15, 2023); *In re Envision Healthcare Corp.*, No. 23-90243 (CML) (Bankr. S.D. Tex. May 15, 2023); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. Apr. 23, 2023); *In re Virgin Orbit Holdings, Inc.*, No. 23-10405 (KBO) (Bankr. D. Del. Apr. 4, 2023); *In re Invacare Corp.*, No. 23-90068 (CML) (Bankr. S.D. Tex. Jan. 31, 2023); *In re Party City Holdco Inc.*, No. 23-90005 (DRJ) (Bankr. S.D. Tex. Jan. 17, 2023); *In re Phoenix Servs. Topco, LLC*, No. 22-10906 (MFW) (Bankr. D. Del. Sept. 27, 2022); *In re Cineworld Grp. plc*, No. 22-90168 (MI) (Bankr. S.D. Tex. Sept. 7, 2022); *In re Lumileds Holding BV*, No. 22-11155 (LGB) (Bankr. S.D.N.Y. Aug. 29, 2022); *In re Celsius Net., LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 13, 2022); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022); *In re Talen Energy Supp., LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. May 9, 2022); *In re Ector Cnty. Energy Ctr., LLC*, No. 22-10320 (JTD) (Bankr. D. Del. Apr. 11, 2022); *In re Ruby Pipeline, LLC*, No. 22-10278 (CTG) (Bankr. D. Del. Mar. 31, 2022); *In re Tilden Marcellus, LLC*, No. 22-20212 (GLT) (Bankr. W.D. Pa. Feb. 4, 2022); *In re Alto Maipo SpA*, No. 21-11508 (KBO) (Bankr. D. Del. Nov. 17, 2021); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 16, 2021); *In re Rockdale Marcellus, LLC*, No. 21-22080 (GLT) (Bankr. W.D. Pa. Sept. 21, 2021); *In re Tenrgys, LLC*, No. 21-01515 (JW) (Bankr. S.D. Miss. Sept. 17, 2021); *In re Basic Energy Serv., Inc.*, No. 21-90002 (DRJ) (Bankr. S.D. Tex. Aug. 17, 2021); *In re Alpha Latam Mgmt., LLC*, No. 21-11109 (JKS) (Bankr. D. Del. Aug. 1, 2021); and *In re Limetree Bay Serv., LLC*, No. 21-32351 (DRJ) (Bankr. S.D. Tex. July 12, 2021).

10. Davis Polk is intimately familiar with the Debtors' businesses and financial affairs and is well-qualified to provide the services required by the Debtors in the Chapter 11 Cases. Davis Polk has provided periodic advice to the Debtors as corporate counsel since December 1, 2017 and as restructuring counsel since March 2024 on a broad array of matters and has performed services necessary to enable the Debtors to file for protection under chapter 11. Davis Polk, along with MNAT, as proposed Delaware counsel, Guggenheim Securities, LLC ("**Guggenheim Securities**"), as proposed investment banker, AlixPartners, LLP ("**AlixPartners**"), as proposed financial advisor, Kroll Inc. ("**Kroll**"), as claims and noticing agent, and the Debtors, has been primarily responsible for the Debtors' preparations for the Chapter 11 Cases. Accordingly, Davis Polk has significant relevant experience with the Debtors to deal effectively and efficiently with the primary legal issues and problems likely to arise in the context of the Chapter 11 Cases.

11. The Debtors believe that Davis Polk is both well-qualified and uniquely able to represent them in the Chapter 11 Cases in an efficient and effective manner. If the Debtors are required to retain restructuring counsel other than Davis Polk in connection with the prosecution of their Chapter 11 Cases, the Debtors, their estates, and all parties in interest would be unduly and materially prejudiced, including by the time and substantial expense necessary to enable other counsel to become familiar with the Debtors' businesses, operations, and restructuring needs. The Debtors, therefore, request that the Court authorize Davis Polk to represent the Debtors.

**Scope of Services**

12. The services of Davis Polk are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors in possession faithfully and to implement the restructuring of the Debtors. Subject to further order of the Court, the Debtors propose to employ Davis Polk to render such legal services as may be requested by the Debtors and able to be performed by Davis Polk, including, without limitation:

> (a)  preparing, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;
>
> (b)  counseling the Debtors with regard to their rights and obligations as debtors in possession and their powers and duties in the continued management and operation of their businesses and properties;
>
> (c)  providing advice, representation, and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with asset sale transactions, debt restructuring, statutory bankruptcy issues, post-petition financing, strategic transactions, securities laws, and real estate, environmental, labor, intellectual property, employee benefits, business and commercial litigation, and corporate and tax matters;
>
> (d)  taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;
>
> (e)  taking all necessary or appropriate actions in connection with any chapter 11 plan, any related disclosure statement, and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates;
>
> (f)  taking all necessary and appropriate actions in connection with any potential sale of all or substantially all of the Debtors' assets; and
>
> (g)  acting as general restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

**Compensation**

13. For the services rendered by Davis Polk, the Debtors propose to pay Davis Polk the applicable rates for timekeepers on this matter set forth in the Resnick Declaration and to reimburse Davis Polk according to its customary reimbursement policies, and the Debtors respectfully submit that such rates and policies are reasonable. Davis Polk adjusts its rates periodically, typically on or around January 1 of each year.

14. As set forth in the Resnick Declaration, prior to the Petition Date, on May 13, 2024, August 26, 2024, and September 4, 2024, the Debtors provided Davis Polk with advance payments to establish a retainer totaling $1,500,000.00 (excluding advance payments towards and to replenish a retainer) (the "**Retainer**") in connection with, and in contemplation of, the Chapter 11 Cases. Additionally, Davis Polk submitted invoices to the Debtors, applied the Retainer towards Davis Polk's invoiced services and fees, and subsequently sought and received replenishment of the Retainer by the Debtors. As of the Petition Date, the Retainer balance was approximately $780,000.00, and the Debtors do not owe any amount to Davis Polk on account of legal services rendered prior to the Petition Date.

15. In this district, evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's."). Moreover, Davis Polk believes that its request for approval of an evergreen retainer in the Chapter 11 Cases satisfies the five-part test articulated by Judge Carey in *Insilco*. *First*, Davis Polk submits that the proposed terms of its engagement reflect normal business terms in the marketplace. *Second*, Davis Polk submits that both it and the Debtors are sophisticated business entities that negotiated the Retainer at arm's-length. *Third*, Davis Polk believes that approval of the Retainer as an evergreen retainer is in the best interests of the Debtors' estates, as it would

appropriately enable Davis Polk to render the extensive legal services needed to assist the Debtors in faithfully executing their duties as debtors and debtors in possession and to implement the restructuring of the Debtors. *Fourth*, Davis Polk is unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer. *Fifth*, given the size, circumstances, and posture of the Chapter 11 Cases, Davis Polk believes approval of the Retainer as an evergreen retainer provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in the Chapter 11 Cases.

16. The Debtors understand that, in connection with the reimbursement of reasonable and necessary expenses, it is Davis Polk's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including, among others, travel, meals, lodging, photocopying, postage, vendor charges, delivery services, and other expenses incurred in providing professional services.

17. Davis Polk will be required to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and Local Rules, and any other applicable procedures and orders of the Court. The Debtors understand that Davis Polk intends to make reasonable efforts to comply with the requests of the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "**UST Guidelines**"), in connection with any interim and final fee applications to be filed by Davis Polk in the Chapter 11 Cases.

### **Davis Polk's Disinterestedness**

18. The Debtors have reviewed the Resnick Declaration and, to the best of the Debtors' knowledge, information, and belief, Davis Polk and its professionals (a) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtors or their estates and (b) except as disclosed in the Resnick Declaration, have no relevant and disabling connection to the Debtors, their significant creditors, or certain other potential parties in interest whose names were supplied to Davis Polk by the Debtors.

19. Davis Polk has informed the Debtors that it will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no disqualifying circumstances have arisen and that, if any new facts or relationships that Davis Polk believes should be disclosed to the Court and the parties in interest in the Chapter 11 Cases are discovered, Davis Polk would file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

### **Supporting Authority**

20. The Debtors seek retention of Davis Polk as their restructuring counsel under section 327(a) of the Bankruptcy Code, which provides that a debtor:

> [W]ith the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21. Bankruptcy Rule 2014(a) requires that a professional retention application under section 327 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

22. The Debtors submit that, as detailed above and as set forth in the Resnick Declaration and Robins Declaration, the retention and employment of Davis Polk as restructuring counsel to the Debtors in the Chapter 11 Cases is warranted. Davis Polk (a) does not hold or represent an interest adverse to the Debtors' estates, (b) is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and (c) has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Resnick Declaration. Accordingly, the Debtors respectfully request that the Court approve this Application and enter the Proposed Order authorizing the Debtors' retention of Davis Polk as restructuring counsel effective as of the Petition Date.

### *Nunc Pro Tunc* Relief is Appropriate

23. Davis Polk has agreed to serve as restructuring counsel for the Debtors on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to the Petition Date, so that Davis Polk may be compensated for its pre-Application services. The Debtors believe that no party in interest would be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Davis Polk has provided and continues to provide valuable services to the Debtors' estates during the interim period. *See In re Ark. Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *In re Indian River Homes, Inc.*, 108

B.R. 46, 52 (D. Del. 1989).

## Notice

24. Notice of this Application will be provided to the following parties: (a) the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg, P.C., as counsel to the Term Agent; (i) Kirkland & Ellis LLP, as counsel to the Stalking Horse Bidder; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

25. A copy of this Application and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Application and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: September 18, 2024
Wilmington, Delaware

**BIG LOTS, INC.**, on behalf of itself and each of its affiliated Debtors and Debtors in Possession

/s/ *Ronald A. Robins, Jr.*
Name: Ronald A. Robins, Jr.
Title: Executive Vice President, Chief Legal and Governance Officer