**Exhibit B**

**Robins Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**DECLARATION OF RONALD A. ROBINS, JR. IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Ronald A. Robins, Jr., am the Executive Vice President, Chief Legal and Governance Officer of each of the above-captioned debtors (collectively, the "**Debtors**" or **"Big Lots"**), in support of the *Application of Debtors for Authority To Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date*, dated September 18, 2024 (the "**Application**"),² declares as follows:

1. I have been the Executive Vice President, Chief Legal and Governance Officer of Big Lots since September 2019. I joined Big Lots as the Senior Vice President, General Counsel and Corporate Secretary in May 2015.

2. I submit this declaration (the "**Declaration**") in connection with the Application wherein the Debtors seek entry of an order authorizing the employment and retention of Davis

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Polk as their restructuring counsel in the Chapter 11 Cases *nunc pro tunc* to the Petition Date.

### The Debtors' Selection of Davis Polk

3. It is my strong belief that it is critical to select restructuring advisors with the utmost care to maximize the likelihood of a successful restructuring, while at the same time focusing on costs to ensure that the Debtors' limited resources are being appropriately utilized.

4. I, as Executive Vice President, Chief Legal and Governance Officer, along with certain other members of the Debtors' senior management, am responsible for retaining and supervising outside counsel. I am familiar with the markets for professionals both in and out of bankruptcy, and, in particular, Davis Polk's preeminent restructuring practice and its work as restructuring counsel to numerous chapter 11 debtors and distressed companies that successfully restructured in- and out-of-court.

5. Beginning in March 2024, as the Debtors faced growing liquidity and financial challenges, Davis Polk began providing restructuring advice along with other strategic and general corporate advice.

6. In preparation for the Chapter 11 Cases, the Debtors did not consider any other firms for the role of restructuring counsel given Davis Polk's extensive knowledge of, and experience with, the Debtors and their operations, as well as their substantial experience representing debtors in chapter 11 cases.

7. Since March 2024, Davis Polk has advised the Debtors on various restructuring issues, including both in-court and out-of-court strategies. During that time, Davis Polk has become intimately familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of the Chapter 11 Cases. I believe, for this reason, as well as because of Davis Polk's extensive experience in corporate reorganizations, that Davis Polk is both well-

qualified and uniquely suited to represent the Debtors in the Chapter 11 Cases in an efficient and timely manner.

## Rate Structure and Cost Supervision

8.    In connection with the filing of the Chapter 11 Cases, the Debtors and Davis Polk have agreed upon rates for this matter that are discounted from their customary rates.  Davis Polk has informed the Debtors that its billing rates and material terms for the engagement are comparable to or less than (a) the rates that Davis Polk charges for non-bankruptcy representations and the material terms for such non-bankruptcy engagements and (b) the billing rates and terms of other comparably skilled counsel.

9.    The Debtors understand that it is their responsibility to track their professionals' billing practices to be sure that the fees and expenses the estates pay are fair and reasonable, and the Debtors will review the fee statements of Davis Polk and of all of the Debtors' other professionals to ensure that continues to be the case.

10.    Davis Polk and the Debtors are in the process of developing a prospective budget and staffing plan for the period from the Petition Date through December 9, 2024.  Additionally, the Court has approved a general 13-week Debtor budget on an interim basis, which includes Davis Polk's engagement and which budget is set forth in Exhibit 4 to the *Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552 and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing the Debtors To (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 114].  I will review and work with Davis Polk on the budget and staffing plan.  I also understand that, in

the course of large chapter 11 cases such as these, it is likely that there will be unforeseen issues that the Debtors and Davis Polk will need to address.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 18, 2024
New York, New York

By: */s/ Ronald A. Robins, Jr.*
Ronald A. Robins, Jr.
Executive Vice President, Chief
Legal and Governance Officer
Big Lots, Inc.