**<u>Exhibit C</u>**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**ORDER APPROVING APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN DAVIS POLK & WARDWELL LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application (the "**Application**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rules 2014-1 and 2016-1, approving the employment and retention of Davis Polk as restructuring counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to the terms set forth in the Application and in the Resnick Declaration; the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due, proper, and adequate notice of the Application and opportunity for a hearing on the Application having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Application, the Resnick Declaration, and the Robins Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Application on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application, the Resnick Declaration, and the Robins Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that (a) Davis Polk does not hold or represent an interest adverse to the Debtors' estates and (b) Davis Polk is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Application, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The relief requested in the Application is granted as set forth in this order (the "**Order**").

2. The Debtors are hereby authorized to employ and retain Davis Polk as their restructuring counsel *nunc pro tunc* to the Petition Date in the Chapter 11 Cases, all as contemplated by the Application and on the terms provided in the Application, the Resnick Declaration, and the Robins Declaration, to the extent that the terms of the Application do not conflict with the terms of this Order.

3. Davis Polk is hereby authorized to render the following professional services:

   a. preparing, on behalf of the Debtors, as debtors in possession, all necessary or appropriate motions, applications, objections, replies, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

   b. counseling the Debtors with regard to their rights and obligations as debtors in possession and their powers and duties in the continued management and operation of their businesses and properties;

   c. providing advice, representation, and preparation of necessary documentation and pleadings and taking all necessary or appropriate actions in connection with debt restructuring, statutory bankruptcy issues, post-petition financing, strategic transactions, asset sale transactions, securities laws, and real estate, environmental, labor, intellectual property, employee benefits, business and commercial litigation, and corporate and tax matters;

   d. taking all necessary or appropriate actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

   e. taking all necessary or appropriate actions in connection with any chapter 11 plan, any related disclosure statement, and all related documents and such further actions as may be required in connection with the administration of the Debtors' estates;

   f. taking all necessary and appropriate actions in connection with any potential sale of all or substantially all of the Debtors' assets; and

   g. acting as general restructuring counsel for the Debtors and performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

4. Davis Polk shall apply for compensation for its services and reimbursement for any reasonable and necessary expenses and disbursements in accordance with the rates (as may be adjusted from time to time) and disbursement policies as set forth in the Application and the Resnick Declaration and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable order of the Court. Davis Polk shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the UST Guidelines in connection with the Application and any fee application(s) to be filed by Davis Polk in the Chapter 11 Cases. All fees and expenses incurred by Davis Polk and approved by the Court shall be treated as administrative expenses under section 503 of the Bankruptcy Code.

5. The balance of the Retainer shall be treated as an evergreen retainer and may be held by Davis Polk as security throughout the Chapter 11 Cases.

6. Davis Polk shall provide ten-days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee appointed in the Chapter 11 Cases before any increases in the rates set forth in the Application are implemented.

7. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of the Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of the Chapter 11 Cases to cases under chapter 7.

8. To the extent that there may be any inconsistency between the terms of the Application, the Resnick Declaration, the Robins Declaration, and this Order, the terms of this Order shall govern.

9. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

-5-

10. The Debtors and Davis Polk are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

11. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.