IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**October 9, 2024, at 1:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**October 2, 2024, at 4:00 p.m. (ET)** |

**APPLICATION OF DEBTORS FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF PWC US TAX LLP AS TAX COMPLIANCE AND TAX ADVISORY
SERVICES PROVIDER TO THE DEBTORS EFFECTIVE AS OF SEPTEMBER 9, 2024
AND (II) GRANTING RELATED RELIEF**

Big Lots, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, "Debtors"), hereby submit this application (the "Application") and in support thereof respectfully represent as follows:

**Relief Requested**

1.      By this Application, and pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]      The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Delaware (the "Local Rules"), Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to retain and employ PwC US Tax LLP ("PwC US Tax") as their tax compliance and tax advisory services provider, effective as of September 9, 2024, in accordance with the terms and conditions of the Engagement Letter (as defined below). In support of this Application, the Debtors submit the *Declaration of Craig Keller in Support of Application of Debtors for Entry of an Order (I) Authorizing the Retention and Employment PwC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors Effective as of September 9, 2024, and (II) Granting Related Relief,* a copy of which is attached hereto as **Exhibit B** (the "Keller Declaration") and incorporated herein.

## Jurisdiction and Venue

2.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and this Application is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.  Pursuant Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

4.  The statutory predicates for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a) and Local Rules 2014-1 and 2016-1.

**Background**

5.  On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

6.  On September 10. 2024, the Court entered an order [D.I. 95] authorizing the joint administration of these Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

7.  Big Lots is a one-stop home discount retailer. Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies. Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

8.  Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings filed by Big Lots, Inc.* [D.I. 3].

**Facts Specific to the Relief Requested**

**A.**     **Qualifications**

11. The Debtors seek to employ PwC US Tax to provide tax compliance and tax advisory services to the Debtors because, among other things, PwC US Tax is a leading tax firm. PwC US Tax has considerable experience providing tax services, including to businesses in a chapter 11 environment and PwC US Tax has been employed in numerous cases under the Bankruptcy Code. Accordingly, the Debtors believe that PwC US Tax is qualified to provide the Professional Services (as defined below) during these Chapter 11 Cases in an efficient and timely manner.

12. As set forth in the Keller Declaration, the Debtors engaged PwC US Tax as their tax compliance and tax advisory services provider pursuant to the terms and conditions in the following agreements, as amended (collectively the "Engagement Letter").[2]

    a.    the July 11, 2012, Master Services Agreement, as amended, attached hereto as "**Exhibit C**" (the "Master Services Agreement");

    b.    the following Statements of Work relating to the Master Services Agreement

        (i)    the Statement of Work dated March 29, 2024, attached hereto as "**Exhibit D**" (the "Tax Compliance SOW");

        (ii)    an Addendum dated June 26, 2024, to the Tax Compliance SOW, attached hereto as "**Exhibit E**" (the "Tax Compliance Addendum"); and

        (iii)    the Statement of Work dated September 3, 2024, attached hereto as "**Exhibit F**" (the "Tax Advisory SOW").

---

[2] All summaries herein are provided for convenience only and are qualified by reference to the Engagement Letter. To the extent that this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter shall control. Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to them in the Engagement Letter.

4

13. PwC US Tax has indicated a desire and willingness to act in these Chapter 11 Cases to render the Professional Services on the terms set forth in the Engagement Letter, as the same may be modified by the Proposed Order. Pursuant to the Engagement Letter and subject to the Court's entry of the Proposed Order, all services that PwC US Tax provides to the Debtors will be: (a) at the request of the Debtors; and (b) appropriately directed by the Debtors so as to avoid unnecessary duplication of efforts among the Debtors' other professionals retained in these Chapter 11 Cases.

B. **Scope of Services**

14. As requested by the Debtors, and consistent with the terms of the Engagement Letter, PwC US Tax will provide the following tax compliance and tax advisory services (collectively, the "Professional Services"):

    a. **Tax Compliance SOW**
       i. *2023 Tax Compliance*:

- PwC US Tax will provide assistance in the preparation of the U.S. federal income tax return for Big Lots, Inc. and subsidiaries ("Big Lots") for the tax year beginning January 29, 2023, through February 3, 2024, as requested by Big Lots, as outlined in Exhibit I of the Tax Compliance SOW.
- PwC US Tax will prepare and sign as preparer the U.S. state and local tax returns for Big Lots for the tax year beginning January 29, 2023, through February 3, 2024, as requested by Big Lots for itself and certain entities, as listed in Exhibit I of the Tax Compliance SOW.

    b. **The Tax Compliance Addendum**: PwC US Tax will provide assistance in the preparation of the seven (7) additional state income tax returns listed in Exhibit I to the Tax Compliance Addendum.

    c. **The Tax Advisory SOW**: PwC US Tax will assist Big Lots by analyzing potential tax attributes and tax considerations with respect to the potential debt restructuring as requested by Big Lots. As part of the analysis, PwC US Tax expects to perform the following services although it acknowledges that PwC US Tax services may be limited to questions as directed from Big Lots in relation to the below matters:

      i. Assist in gaining an understanding of Big Lot's tax information and attributes to estimate the outside stock basis and inside asset basis of Big Lots and its subsidiaries to the extent information is available.
      ii. Assist in understanding the historic capital structure of each relevant entity, including the terms of historic and currently outstanding debt, recent capital contributions and distributions, and outstanding equity rights.
      iii. Assist in understanding the income tax profile of Big Lots, including the overall balance sheet, tax attributes, and existing restrictions/limitations to tax attributes.
      iv. Read draft purchase agreement and other supporting documents and provide comments with respect to tax matters provided for in such agreements.
      v. Provide additional tax services as Big Lots requests and as mutually agreed with Big Lots in connection with the Debt Restructuring.

15. Should the Debtors request PwC US Tax perform additional services not contemplated by the Engagement Letter, the Debtors and PwC US Tax will mutually agree upon such services and fees in writing in advance to the provision of such services. In the event the additional services require an amendment to or statement of work with respect to the Engagement Letter or entry into a separate engagement letter, the Debtors shall file notice of such documents with the Court, in accordance with the Court's approval procedures and the terms of the Proposed Order. Provided no objection is timely filed to the proposed services and agreements, PwC US Tax will continue to provide the requested services subject to any prior order entered by the Court on PwC US Tax's retention.

### C. Professional Compensation

16. Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, in consideration for the services to be rendered by PwC US Tax in these Chapter 11 Cases, the contracted for Professional Services are provided under a fixed and hourly fee arrangement pursuant to the Engagement Letter. The following outlines the proposed

compensation structure that is set forth in the Engagement Letter (collectively, the "Fee and Expense Structure"):

    a. Tax Compliance Services: The Tax Compliance Services is a fixed fee arrangement whereby PwC US Tax has agreed to be paid $130,000, exclusive of expenses.

    b. Tax Compliance Addendum: The Tax Compliance Addendum is a fixed fee arrangement whereby PwC US Tax has agreed to be paid $5,000, exclusive of expenses.

    c. Pre-petition, PwC US Tax was paid $135,000 of such fixed fee amount, of which $83,000 remains to be applied against approved post-petition fees for such post-petition Tax Compliance Services and Tax Compliance Addendum Services.

    d. Tax Advisory SOW: The Tax Advisory SOW is an hourly fee arrangement. The hourly rates are set forth below, exclusive of expenses.

| Staff Class | Tax Advisory Rate per Hour |
|---|---|
| Partner/Principal | $1265 - $1330 |
| Managing Director | $1083-$1208 |
| Director | $1006 - $1195 |
| Senior Manager | $918-$1141 |
| Manager | $829-$1107 |
| Senior Associate | $702-$952 |
| Associate Experienced | $554- $743 |
| Associate | $479-$527 |

    e. Pre-Petition the Debtors paid PwC US Tax a retainer of $75,000 of which $26,396 remains as of the Petition Date to be applied against approved post-petition fees for such post-petition Tax Advisory services.

17.    PwC US Tax will invoice the Debtors for PwC US Tax's actual, reasonable and necessary expenses during these Chapter 11 Cases, including travel (and internal per-ticket charges), delivery services, applicable sales, use, excise or value-added tax, the fees and expenses of outside counsel to the extent applicable, and other expenses incurred in providing the Professional Services.

7

18. As set forth in the Keller Declaration, the Debtors understand that PwC US Tax will apply to the Court for allowances of compensation and reimbursement of expenses for all work performed under the Engagement Letter in accordance with applicable *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (collectively, the "Fee Guidelines"), the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court, and in accordance with the terms and conditions of the Engagement Letter.

19. The Debtors are advised that it is not the practice of PwC US Tax's professionals to keep detailed time records in one-tenth-of-an-hour (0.10) increments as customarily kept by attorneys who are compensated subject to Court-approval. Instead, the customary practice of PwC US Tax's professionals is to keep reasonably detailed records of services rendered during an engagement in half-hour (0.50) increments. The Debtors request that the Court allow PwC US Tax's professionals to provide the following in its monthly, interim and final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date.

20. Given the nature of the services to be provided by PwC US Tax, the Debtors submit that such billing format and associated time details will be sufficient for parties-in-interest to make informed judgments regarding the nature and appropriateness of PwC US Tax's services and fees.

Accordingly, to the extent necessary, based on the foregoing, the Debtors respectfully seek a waiver of the information requirements set forth in the compensation procedures.

21. Except as set forth in the Keller Declaration, PwC US Tax has not shared or agreed to share any compensation to be paid by the Debtors with any non-affiliated or unrelated entity, in accordance with section 504 of the Bankruptcy Code.

**D.  Indemnification**

22. As part of the overall compensation payable to PwC US Tax under the terms of the Engagement Letter, the Debtors agreed to certain indemnification obligations described in the Engagement Letter and subject to modifications set forth in the Proposed Order.

23. The terms of the Engagement Letter and the indemnification provisions were fully negotiated at arm's length. The Debtors believe that the indemnification provisions are reasonable and in the best interest of the Debtors, their estates, and creditors, and are customary and reasonable for engagements of this nature.

24. The Debtors believe that the proposed modifications to the indemnification provisions of the Engagement Letter as set forth in the Proposed Order are appropriate under the circumstances.

**E.  Retroactive Retention**

25. At the Debtors' request, beginning after September 9, 2024, PwC US Tax was providing the requested services to the Debtors in anticipation that its requested retention would be approved effective as of September 9, 2024. With that understanding, PwC US Tax has provided, and will continue to provide, valuable services to the Debtors. Concurrently, PwC US Tax is working diligently to complete its relationship search process in support of this Application. PwC US Tax is taking all necessary actions to prepare and file this Application. Accordingly, the

Debtors respectfully request that PwC US Tax's retention be made effective retroactive to September 9, 2024, so that PwC US Tax may be compensated for the services it has provided prior to the hearing and approval of this Application.

### F. Disinterestedness

26. In reliance on the Keller Declaration, the Debtors believe that, except as set forth in the Keller Declaration, PwC US Tax: (a) has no connection with the Debtors and the parties identified in that certain Parties in Interest list; (b) does not hold any interest adverse to the Debtors or the Debtors' estates; and (c) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code.

27. As of the Petition Date, PwC US Tax was not owed any money by the Debtors on account of pre-petition services performed by PwC US Tax. In the 90 days prior to the Petition Date, PwC US Tax was paid $258,366, of which $195,000 was on account of pre-petition retainer/prepayments.

28. The Debtors' knowledge, information, and belief regarding certain of the matters set forth in this Application, including, without limitation PwC US Tax LLP's disinterestedness, are based on, and are made in reliance upon, the Keller Declaration.

29. The Debtors have been informed that PwC US Tax will conduct a periodic review of its files to ensure that no disqualifying circumstances arise. To the extent any information PwC US Tax disclosed requires amendment, modification or supplementation as additional information becomes available, PwC US Tax will submit a supplemental declaration to the Court.

## Basis for Relief

**A.    The Debtors' Retention and Employment of PwC US Tax Is Appropriate Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014.**

30.    Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

31.    Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . . or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

32.    Bankruptcy Rule 2014 provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327 . . . of the Code shall be made only on application of the trustee or committee.

Fed. R. Bankr. P. 2014.

33.    As set forth above, the Debtors have selected PwC US Tax to provide the Professional Services set forth in the Engagement Letter and described herein because PwC US Tax is a well-respected and experienced professional services firm. PwC US Tax possesses

11

extensive experience in the area of tax services that will be useful to the Debtors and PwC US Tax has indicated a desire and willingness to act in these Chapter 11 Cases and to render the necessary and contracted for Professional Services to the Debtors.

34. The Debtors believe that the Fee and Expense Structure appropriately reflect the nature of the services to be provided by PwC US Tax in connection with these Chapter 11 Cases, and is consistent with, and typical of, arrangements entered into by PwC US Tax and other firms that provide tax services with respect to rendering comparable services for clients similar to the Debtors, both in and out of chapter 11. PwC US Tax and the Debtors also believe that the Fee and Expense Structure are reasonable and at market rates. The Fee and Expense Structure are reasonable terms and conditions of employment and should be approved by the Court under section 328(a) of the Bankruptcy Code in light of: (a) industry practice; (b) market rates charged for comparable services both in and out of the chapter 11 context; (c) PwC US Tax's substantial experience with respect to the Professional Services; and (d) the nature and scope of work to be performed by PwC US Tax in connection with these Chapter 11 Cases.

35. Furthermore, not granting the relief requested herein would deprive the Debtors of the assistance of a highly qualified professional tax services provider, which would disadvantage the Debtors and all parties in interest in these Chapter 11 Cases. The Debtors would be potentially forced to engage a new tax services provider. Engaging a new tax compliance and tax advisory services provider to replace PwC US Tax would necessarily require the Debtors to needlessly expend additional time and resources at a critical stage of these Chapter 11 Cases. Accordingly, the Debtors submit that the services provided by PwC US Tax are critical to the success of these Chapter 11 Cases.

**B.     Retroactive Relief is Warranted.**

36.    The Debtors believe that employment of PwC US Tax effective as of September 9, 2024, is warranted under the circumstances of these Chapter 11 Cases so that PwC US Tax may be compensated for its services rendered prior to entry of the Proposed Order.  Further, the Debtors believe that no party in interest will be prejudiced by the granting of the retroactive employment because PwC US Tax has provided, and will continue to provide, valuable services to the Debtors' estates.

37.    Courts in this district routinely approve retroactive employment similar to that requested herein.

**C.     Approval of the Indemnification Provisions of the Engagement Letter, As Limited and Modified by the Proposed Order, Is Appropriate.**

38.    The Engagement Letter provides, among other things, that the Debtors will indemnify and hold each indemnified party harmless from and against any and all third-party claims, losses, liabilities and damages arising from or relating to the services or deliverables provided under the Engagement Letter (the "<u>Indemnification Provisions</u>").  The Indemnification Provisions are standard engagement provisions, both in and out of chapter 11 cases, and reflect the qualifications and limits on such terms that are customary for PwC US Tax and other similar tax services providers as approved in this and other jurisdictions.

39.    In connection with this Application, and in light of the Debtors' pending Chapter 11 Cases, PwC US Tax agrees to the following limitations and modifications to the Indemnification Provisions, which are reflected in the Proposed Order:

      a.    All requests for payment of indemnity, contribution or otherwise pursuant to the Engagement Letter shall be made by means of fee application and shall be subject to the approval of, and review by, this Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Local Rules and any orders of the Court and is reasonable under the circumstances of the litigation or settlement in respect of which

13

    indemnity is sought; *provided* that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim or expense is determined by final judicial order to have primarily resulted from the gross negligence, self-dealing, willful misconduct or bad faith of such indemnified party;

  b. In no event shall any indemnified party be indemnified or receive contribution or other payment of an indemnity claim under the Engagement Letter if the Debtors or a representative of the Debtors' estates asserts a claim that a court of competent jurisdiction determines by final order primarily arose out of the gross negligence, self-dealing, willful misconduct or bad faith of such indemnified party; and

  c. In the event that an indemnified party seeks reimbursement for attorneys' fees from the Debtors in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorney shall be attached to PwC US Tax's own fee applications, and such invoices and time records shall be subject to the Fee Guidelines and the approval of this Court under the standards of section 330 and 331 of the Bankruptcy Code without regard to whether such indemnified party's attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

  40. The Debtors believe that the Indemnification Provisions, as limited and modified by the aforementioned language (and set forth in the Proposed Order), are customary and reasonable for tax services providers, both in and out of court in chapter 11 cases. *See United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234 (3d Cir. 2003) (finding that indemnification agreement between debtor and financial advisor was reasonable under section 328 of the Bankruptcy Code).

## **Notice**

  41. Notice of this Application will be provided to the following parties: (a) the office of the United States Trustee for Region 3; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct

business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter the Proposed Order, authorizing the Debtors to employ and retain PwC US Tax as tax compliance and tax advisory services provider to the Debtors effective as of September 9, 2024, pursuant to the terms and conditions of the Engagement Letter, subject to the limitations and modifications proposed herein and provided for in the Proposed Order, and (b) grant such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 18, 2024

**BIG LOTS, INC.**
(for itself and on behalf of its affiliated debtors)

By: /s/ Ronald A. Robins, Jr.
Ronald A. Robins, Jr.
Executive Vice President,
Chief Legal and Governance Officer