# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>October 9, 2024, at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>October 2, 2024, at 4:00 p.m. (ET) |

## DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") file this application (the "***Application***") for entry of an order, substantially in the form of **Exhibit A** hereto (the "***Retention Order***"), authorizing the employment and retention of Kroll Restructuring Administration LLC ("***Kroll***") as administrative advisor ("***Administrative Advisor***") in the Debtors' chapter 11 cases effective *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele, Managing Director of Kroll (the "***Steele Declaration***"), attached hereto as **Exhibit B**, and respectfully represent as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Jurisdiction, Venue, and Authority**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of the chapter 11 cases and related proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 327 of the Bankruptcy Code, rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1.

**Background**

5. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the chapter 11 cases.

6. Big Lots is a one-stop shop home discount retailer. Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including

furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies.  Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

7. Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Ramsden Declaration**") [Docket No. 3].

**Relief Requested**

8. The Debtors previously filed an application (the "***Section 156(c) Application***") for an order appointing Kroll as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), which application was granted by this Court on September 10, 2024 [Docket No. 96].

9. The Debtors believe that administration of these chapter 11 cases will require Kroll to perform duties outside the scope requested in the Section 156(c) Application.  Therefore, to enable Kroll to provide services outside the scope of the order approving the Section 156(c) Application, the Debtors submit this Application, pursuant to section 327 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, for an order authorizing the Debtors to employ and retain Kroll as Administrative Advisor for the Debtors in accordance with the Engagement Agreement attached hereto as **Exhibit C** (the "***Engagement Agreement***").

**Kroll's Qualifications**

10. Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtor's counsel, official claims and noticing agent and/or administrative advisor in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include: *PARTS iD, Inc.*, No. 23-12098 (LSS) (Bankr. D. Del.); *Pa. Real Estate Inv. Tr.*, No. 23-11974 (KBO) (Bankr. D. Del); *Near Intel., Inc.*, No. 23-11962 (TMH) (Bankr. D. Del); *Timber Pharms., Inc.* No. 23-11878 (JKS) (Bankr. D. Del), *Mallinckrodt plc*, No. 23-11258 (JTD) (Bankr. D. Del.); *FTX Trading Ltd.,* No. 22-11068 (JTD) (Bankr. D. Del); *Troika Media Grp., Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y.); *Mercon Coffee Corp.*, No. 23-11945 (MEW) (Bankr. S.D.N.Y.); *SVB Fin. Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y.); *Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.); *Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y.); *Strategic Materials, Inc.*, No. 23-90907 (CML) (Bankr. S.D. Tex.); *Genesis Care Pty Limited*, No. 23-90614 (MI) (Bankr. S.D. Tex.); *Rite Aid Corp.*, No. 22-02890 (MBK) (Bankr. D.N.J.); and *BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J.).

**Services to be Provided**

11. Pursuant to the Engagement Agreement, the Debtors seek to retain Kroll to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

    (a) Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests

4

    for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b)  Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)  Assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)  Provide a confidential data room, if requested;

(e)  Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)  Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Bankruptcy Court (the "***Clerk***").

## Professional Compensation

12.  The fees Kroll will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Kroll's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Kroll as Administrative Advisor. The Debtors believe Kroll's rates are more than reasonable given the quality of Kroll's services and its professionals' bankruptcy expertise. Additionally, Kroll will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

13.  Kroll intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement. Kroll will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and

any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

14. As stated in the Section 156(c) Application, prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $50,000, which was received by Kroll on September 3, 2024. Except as stated in this paragraph, Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date.

15. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Kroll and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence, fraud or willful misconduct or as otherwise provided in the Engagement Agreement. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

## Disinterestedness

16. Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

17. Kroll believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Kroll will supplement its disclosure

to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Basis for Relief

18. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

19. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

20. In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Kroll pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases. The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties-in-interest that will be involved in these cases.

21. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order

appointing Kroll as the Administrative Advisor in these chapter 11 cases pursuant to sections 327(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

### Notice

22. The Debtors have provided copies of this Application to: (a) the office of the United States Trustee for Region 3; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***"). A copy of the Application is also available on the Debtors' case website at https://www.cases.ra.kroll.com/ BigLots. The Debtors submit that no further notice is necessary under the circumstances.

WHEREFORE, the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the employment and retention of Kroll as Administrative Advisor for the Debtors and granting such other relief as may be appropriate.

Respectfully submitted,

Dated: September 18, 2024

BIG LOTS, INC.

(for itself and on behalf of its affiliated debtors)

By: */s/ Ronald A. Robins, Jr.*
_____

Ronald A. Robins, Jr.
Executive Vice President, Chief Legal and Governance Officer