**EXHIBIT B**

Dehney Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**DECLARATION OF ROBERT J. DEHNEY, SR. IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Robert J. Dehney, Sr., hereby declare under penalty of perjury:

1. I am a partner in the firm of Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**"), which maintains an office for the practice of law at 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801. I am an attorney at law, duly admitted and in good standing to practice in the state of Delaware as well as the United States District Court for the District of Delaware.

2. I submit this declaration (the "**Declaration**") in connection with the *Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (the "**Application**")[2] and to provide certain disclosures under sections 327(a) and

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined in this Declaration are defined in the Application. Morris Nichols does not waive by the Application and this Declaration and their contents, and hereby reserves and preserves, all privileges.

329(a) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[3]

4. Morris Nichols's attorneys have knowledge and experience in bankruptcy, reorganization, litigation, corporate governance and other areas that are or may be relevant to these chapter 11 cases.

5. Insofar as I have been able to ascertain to date, Morris Nichols does not have any material connection with the Debtors, their significant creditors, or any other parties in interest herein or their respective attorneys or accountants, other than as described in this Declaration.

6. Furthermore, to the best of my knowledge, upon reasonable inquiry, neither I nor any professional of the Morris Nichols team that is providing services to the Debtors is a creditor of the Debtors.

7. Due to the size and diversity of Morris Nichols's practice, Morris Nichols may have represented or otherwise dealt with or may now be representing or otherwise dealing with certain entities or persons (and their attorneys or accountants or both) who are or may consider themselves to be creditors, equity security holders, or parties interested in these chapter 11 cases.

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Morris Nichols and are based on information provided by them.

2

However, Morris Nichols does not and will not represent any entity other than the Debtors in connection with these cases.

8. In addition, Morris Nichols is or has been engaged in a number of matters in which attorneys and other professionals representing various parties in interest in these cases are also involved; in a number of cases, Morris Nichols and those professionals represent or have represented the same clients. Moreover, due to the nature and size of its practice, Morris Nichols has or has had relationships as Delaware counsel, co-counsel, or referring counsel with many major law firms in most, if not all, major cities in the United States, which includes law firms representing creditors or other parties in interest in these cases; all such relationships are on matters unrelated to these cases. Morris Nichols is also a member of certain lawyer associations and networks, including the TerraLex network and ALAS, a mutual insurance company owned by law firms, which may include law firms representing creditors or other parties in interest in these cases. Furthermore, Morris Nichols, as part of its practice, also has and continues to represent agents, trustees and similar entities in bankruptcy cases in which participants in the related facilities may be or believe they are creditors or other parties in interest in the above-captioned bankruptcy cases; Morris Nichols does not represent these participants and they are not generally part of Morris Nichols's conflict system.

9. Morris Nichols has conducted, and continues to conduct, research into its relations with the Debtors, their creditors, and other parties interested in these cases. As part of this inquiry, Morris Nichols obtained the names of individuals or entities that may be parties in interest in these chapter 11 cases (the "**Potential Parties in Interest**") annexed hereto as **Schedule 1**. Morris Nichols has entered the names of the Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning the

clients of Morris Nichols. This inquiry has thus far revealed that certain of the Potential Parties in Interest are current or former Morris Nichols clients (the list of such clients is referred to herein as the "**Client Match List**").[4]

10. Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Morris Nichols attorneys responsible for certain clients listed on the Client Match List, Morris Nichols determined that the representation of the clients on the Client Match List concerned matters unrelated to these chapter 11 cases. In particular, to the best of my knowledge, information and belief, (a) Morris Nichols currently serves as counsel to those entities, and/or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 2** on matters unrelated to these chapter 11 cases; and (b) Morris Nichols formerly represented those entities, and/or affiliates of those entities, identified on the schedule annexed hereto as **Schedule 3** on matters unrelated to these cases since September 4, 2022. Although Morris Nichols values all of its clients, none of the entities listed on the Client Match List represent significant financial revenues for Morris Nichols.[5] Morris Nichols's computer database covers a period of time prior to September 4, 2022; however, as a matter of practice, Morris Nichols has not listed on **Schedule 3** former clients for such prior period (consistent with the disinterested time frames of two years). Morris Nichols has not yet completed its review with respect to certain parties on the Potential Parties in Interest List, which review is ongoing. Should Morris Nichols, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, Morris Nichols will so advise the Court.

---

[4] To the extent that a Client Match Entity disclosed in either **Schedule 2** or **Schedule 3** attached to this Declaration is not an "affiliate" (as such term is defined in section 101(2) of the Bankruptcy Code) of or is otherwise unrelated to a Potential Party in Interest, such Client Match Entity shall not be construed as an affiliate of or entity related to such Potential Party in Interest and Morris Nichols reserves all rights with respect thereto.

[5] None of the entities listed on the Client Match List represent greater than 1% of Morris Nichols' revenue over the last 2 years.

4

11. Delaware Corporate Organizers, Inc., which provides no legal services, is a wholly owned subsidiary of Morris Nichols, and serves as registered agent for certain Delaware corporations (for which services no attorney-client relationship exists), performs various non-legal corporate services and may serve as registered agent and/or performed other non-legal corporate services for parties who are connected to these cases.

12. Furthermore, two individuals who may be employed by the Office of the United States Trustee for the District of Delaware, Dion Wynn, or the United States Bankruptcy Court for the District of Delaware, Bonnie Anemone, are former employees of Morris Nichols. Both Mr. Wynn and Ms. Anemone left Morris Nichols more than ten years ago.

13. Other than as set forth herein, Morris Nichols is neither a creditor of the Debtors, an equity holder of the Debtors, nor an insider of the Debtors. For so long as it represents the Debtors, Morris Nichols will not represent any entities other than the Debtors in connection with these chapter 11 cases.

14. Morris Nichols does not represent any interest adverse to the Debtors or the Debtors' estates in the matters upon which Morris Nichols is proposed to be engaged.

15. Morris Nichols is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in that it:

   a. is not a creditor (including by reason of unpaid fees and expenses for prepetition services), equity security holder or insider of the Debtors;

   b. is not and was not, within two (2) years before the date of the filing of the Debtors' chapter 11 petitions, a director, officer, or employee of any of the Debtors; and

   c. does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5

16. In connection with these chapter 11 cases, Morris Nichols was retained by the Debtors under an advance payment retainer pursuant to an engagement letter executed by the Debtors on July 22, 2024 (the "**Engagement Agreement**").

17. In the 90 days before the Petition Date, Morris Nichols received the following payments from the Debtors:

| Type of Transaction | Payment Date | Payment Amount | Advance Balance |
|---|---|---|---|
| Opening Advance Balance | 08/05/24 | $100,000.00 | $100,000.00 |
| Additional Retainer Payment | 08/29/24 | $469,092.82 | $569,092.82 |
| Payment (retainer draw) | 08/29/24 | ($69,092.85) | $499,999.97 |
| Additional Retainer Payment | 09/06/24 | $130,786.40 | $630,786.37 |
| Payment (retainer draw) | 09/09/24 | ($80,786.40) | $549,999.97 |

18. As indicated in the above chart, the Debtors have paid in full each invoice issued by Morris Nichols. As a result, on the Petition Date, Morris Nichols held a balance of $549,999.97 (the "**Advance Payment**"). After all fees and charges that accrued prior to the Petition Date have been finally posted (the "**Final Billed Amount**"), Morris Nichols will issue a final billing statement (the "**Final Billing Statement**") for the actual fees, charges, and disbursements for the period prior to the Petition Date. The Final Billed Amount (net of payments received) shall be paid from the Advance Payment. Morris Nichols will apply the balance of the Advance Payment to its fee applications during the case. Morris Nichols will then hold the balance of the Advance Payment as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Morris Nichols's final fee application in these cases.

19. Morris Nichols has not been paid any other compensation by the Debtors within the ninety days before the Petition Date and Morris Nichols is not a creditor of the Debtors.

6

20. Subject to Court approval in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the orders and Local Rules of this Court, the Debtors propose to pay Morris Nichols the following hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by Morris Nichols on the Debtors' behalf.  The following are Morris Nichols's currently hourly rates for work of this nature:

| | |
|---|---|
| Partners | $850–1,695 |
| Associates and Special Counsel | $545–965 |
| Paraprofessionals | $345–395 |
| Other Support Staff | $195 |

21. These hourly rates are adjusted from time to time, typically at the beginning of the year.

22. Morris Nichols will comply with all of the requirements of this Court, the Bankruptcy Code and the Bankruptcy Rules with respect to fee and expense applications of professionals employed by the bankruptcy estates.  Morris Nichols will seek interim and final approval of payment of compensation and reimbursement of expenses in connection with these cases pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the applicable orders and Local Rules of this Court.

23. All filing fees in these chapter 11 cases have been paid.

24. Morris Nichols intends to use its reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "**Appendix B Guidelines**").  To that end, Morris Nichols provides the following statements in response to the request for additional information set forth in Part D.1. of the Appendix B Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| **Response:** | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| **Response:** | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| **Response:** | In connection with the chapter 11 cases, Morris Nichols was retained by the Debtors pursuant to the Engagement Agreement dated July 22, 2024. The material terms of the prepetition restructuring engagement are the same as the terms described herein.<br><br>For work performed for the Debtors in 2023, Morris Nichols's hourly rates are as follows:<br><br>Partners $850–1,695<br>Associates and Special Counsel $545–965<br>Paraprofessionals $345–395<br>Other Support Staff $195 |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| **Response:** | Morris Nichols and the Debtors are working on a budget and staffing plan for the chapter 11 cases. |

25. Further, Morris Nichols and its partners, counsel and associates have not received, agreed to, or been promised any compensation in connection with its representation of the Debtors in these cases other than as set forth in the Application.

26. Morris Nichols has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel

8

and associates of Morris Nichols, or (b) any compensation another person or party has received or may receive.

27. The proposed employment of Morris Nichols is not prohibited by or improper under Bankruptcy Rule 5002. Except as disclosed herein, I am not related, and to the best of my knowledge, information, and belief, no attorney at Morris Nichols is related, to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof.

28. By reason of the foregoing, I believe that Morris Nichols is eligible for retention and employment as bankruptcy co-counsel for the Debtors pursuant to sections 327(a) and 1107(b) and the applicable Bankruptcy Rules and Local Rules.

Executed on: September 18, 2024
                Wilmington, Delaware

                                              */s/ Robert J. Dehney, Sr.*
                                              Robert J. Dehney, Sr.

## Schedule 1

**Potential Parties in Interest List**

## Schedule 2

Morris Nichols represents the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to these chapter 11 cases.

44th and Wadsworth LLC
Aon plc
Artesian Water Company, Inc.
AT&T
AT&T Mobility
Atlantic Properties, LLC
AXIS Surplus Insurance
Bank of America, N.A.
Berkshire Hathaway Specialty Insurance Co.
Berkshire Gas Company
CenterPoint Energy
Distribution Solutions Group, Inc.
GBR Ephrata LLC and Ephrata Holdings LP
GBR Erwin One Limited Liability Company
GBR Greeneville LP
GBR Market Street LLC
GBR Neighborhood Road LLC
GBR North King LLC & Northhampton Holding, LP
GBR Spencerport LLC Brockport 31, LP
Greenberg Traurig LLP
Highland Management Company
Kirkland & Ellis LLP
Lexington Insurance
MidAmerican Energy Company
National Union Fire Insurance Company of PA (AIG)
American International Reinsurance Company LTD (AIG)
AIG Specialty Insurance Company
Oak Street Real Estate Capital
Procter & Gamble
RPT Realty LP
RPT Spring Meadows, LLC
Southern Hills Center LTD
Southwest Gas
St. Charles Plaza LLC
The Vanguard Group, Inc.
Thomson Reuters West
U.S. Bank, N.A.
Waste Management National Services, Inc.
Waste Management 4648
Wells Fargo Bank, N.A.

**Schedule 3**

Morris Nichols formerly represented the Potential Parties in Interest and/or affiliates thereof identified below on matters unrelated to these chapter 11 cases.

Amerco Real Estate Company
Anthem Inc.
Aspen
Berkely Research Group, LLC
BlackRock, Inc.
Davis Polk & Wardwell
Fish & Richardson PC
FMR LLC
Hub International Limited
Huntington National Bank
Kimco & Kimco Coral Springs 623 LLC
PNC Bank, National Association
RPI Courtyard, LTD
RPI Overland, LTD
RPI Ridgmar Town Square, LTD
Summit Northwest Village, LLC
Summit Properties Partnership