# **EXHIBIT C**

Rule 2016 Statement

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**STATEMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP PURSUANT TO 11 U.S.C. § 329, FED. R. BANKR. 2016, AND DEL. BANKR. L.R. 2016-1**

Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**"), pursuant to section 329 of Title 11 of the United States Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, respectfully states as follows:

1. Morris Nichols is the proposed bankruptcy co-counsel for the above-captioned debtors and debtors in possession (the "**Debtors**") in these chapter 11 cases.

2. This Statement is made and submitted in connection with the *Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (the "**Application**").[2]

3. The Debtors have agreed to pay Morris Nichols for the legal services rendered or to be rendered on the Debtors' behalf by Morris Nichols attorneys and paralegals,

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined in this Statement are defined in the Application.

which include those services set forth in the Application. The Debtors also have agreed to reimburse Morris Nichols for its actual and necessary expenses incurred in connection with these chapter 11 cases.

4. Morris Nichols was retained by the Debtors under an advance payment retainer pursuant to an engagement letter executed by the Debtors on July 22, 2024 (the "**Engagement Agreement**").

5. In the 90 days before the Petition Date, Morris Nichols received the following payments from the Debtors:

| Type of Transaction | Payment Date | Payment Amount | Advance Balance |
|---|---|---|---|
| Opening Advance Balance | 08/05/24 | $100,000.00 | $100,000.00 |
| Additional Retainer Payment | 08/29/24 | $469,092.82 | $569,092.82 |
| Payment (retainer draw) | 08/29/24 | ($69,092.85) | $499,999.97 |
| Additional Retainer Payment | 09/06/24 | $130,786.40 | $630,786.37 |
| Payment (retainer draw) | 09/09/24 | ($80,786.40) | $549,999.97 |

6. As indicated in the above chart, the Debtors have paid in full each invoice issued by Morris Nichols. As a result, on the Petition Date, Morris Nichols held a balance of $549,999.97 (the "**Advance Payment**"). After all fees and charges that accrued prior to the Petition Date have been finally posted (the "**Final Billed Amount**"), Morris Nichols will issue a final billing statement (the "**Final Billing Statement**") for the actual fees, charges, and disbursements for the period prior to the Petition Date. The Final Billed Amount (net of payments received) shall be paid from the Advance Payment. Morris Nichols will apply the balance of the Advance Payment to its fee applications during the case. Morris Nichols will then hold the balance of the Advance Payment as a postpetition advance payment to be applied against any unpaid fees and expenses approved by the Court with respect to Morris Nichols's final fee application in these cases.

7. Morris Nichols has not been paid any other compensation by the Debtors within the ninety days before the Petition Date and Morris Nichols is not a creditor of the Debtors.

8. Morris Nichols will seek approval of payment of compensation upon its filing of applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

9. All filing fees in these chapter 11 cases have been paid.

10. Morris Nichols further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of Morris Nichols, or (b) any compensation another person or party has received or may receive.

Dated: September 18, 2024
       Wilmington, Delaware

Respectfully submitted,

/s/ Robert J. Dehney, Sr.
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
*Proposed Counsel to the Debtors and Debtors in Possession*