# **EXHIBIT D**

Robins Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF RONALD A. ROBINS, JR., IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

I, Ronald A. Robins, Jr., Executive Vice President, Chief Legal & Governance Officer, and General Counsel & Corporate Secretary of Big Lots, Inc., being duly sworn, state the following under penalty of perjury:

1. I submit this declaration (the "**Declaration**") in support of the *Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (the "**Application**").[2] Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined in this declaration are defined in the Application.

**THE DEBTORS' SELECTION OF COUNSEL**

2. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

3. To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings. Morris Nichols has extensive experience representing debtors in chapter 11 cases before this Court.

4. In addition, Morris Nichols has become familiar with the Debtors' business and many of the legal issues that may arise in the context of these chapter 11 cases through preparing these chapter 11 cases for filing. I believe that for those reasons, Morris Nichols is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner. Thus, the Debtors decided to continue to retain Morris Nichols as the Debtors' bankruptcy co-counsel during these chapter 11 cases.

**RATE STRUCTURE**

5. In my capacity as General Counsel & Corporate Secretary, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. Morris Nichols has informed the Debtors that its rates for bankruptcy representations are comparable to the rates it charges for non-bankruptcy representations. As discussed below, I, along with my team, am also responsible for reviewing the invoices regularly submitted by Morris Nichols, and, based upon the Engagement Agreement, the rates Morris Nichols charged the Debtors in the prepetition period are the same as the regular, annually adjusted rates Morris Nichols will charge the Debtors in the postpetition period.

**COST SUPERVISION**

6.      The Debtors recognize that they have the responsibility to closely monitor the billing practices of their counsel to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and the exigencies of these chapter 11 cases. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. To that end, the Debtors will review and monitor the invoices that Morris Nichols submits.

Dated: September 18, 2024

                                         */s/ Ronald A. Robins, Jr.*
                                         Ronald A. Robins, Jr.
                                         Executive Vice President,
                                         Chief Legal and Governance Officer