**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, [1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline October 2, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: October 9, 2024 at 1:00 p.m. (ET)** |

**MOTION OF SOUTHPOINT PLAZA, L.L.C. AND GKKI, L.L.C. (I) TO COMPEL
DEBTORS TO IMMEDIATELY ASSUME OR REJECT A LEASE OF
NON-RESIDENTIAL REAL PROPERTY; (II) COMPEL PAYMENT OF AN
ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b); AND (III) COMPEL
DEBTORS TO COMPLY WITH THEIR OBLIGATIONS UNDER 11 U.S.C. § 365(d)(3)**

Southpoint Plaza, L.L.C. and GKKI, L.L.C, (collectively "Southpoint"), Missouri limited liability companies as tenants in common, and a landlord and creditor in the above-referenced bankruptcy proceedings, hereby move (the "Motion") for entry of an order (i) compelling the Debtors to Immediately Assume or Reject A Lease Of Non-residential Real Property; (ii) compelling payment of administrative rent under 11 U.S.C. § 503(b); and (iii) compelling the Debtors to comply with their obligations under 11 U.S.C. § 365(d)(3).  In support of this Motion, Southpoint respectfully represents as follows:

**JURISDICTION**

1.      The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding arising under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") that the Court has

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Error! Unknown document property name.**

authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (M). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 365(d)(3), 503(b) and 365(d)(2).  Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

### A.       Procedural Background

2.       On September 9, 2024 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions under Chapter 11 of Title 11 of the Bankruptcy Code.  The Debtors have continued in the management and operation of their business and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

### B.       The Lease

3.       Southpoint, formerly Central City South Associates, is the Landlord, and one of the Debtors, PNS, LLC formerly PNS Stores, Inc. (the "Tenant" or "Debtor"), is the Tenant under an unexpired lease (the "Lease") of non-residential real property located at 4433 Lemay Ferry Road, St. Louis, MO 63129 (the "Premises").  A copy of the Lease and all modifications thereto is attached hereto as **Exhibit A**.  The current term of the Lease expires on January 31, 2026.

4.       As of the time of filing of this Motion, Debtors have not paid post-petition rent for the period of September 9 to September 30, while they are conducting a going-out-of-business sale at the Premises.  As of the Petition Date, the Tenant had failed to pay pre-petition rent due for August and September 2024 and common area charges ("CAM"), all as required under the Lease.  The foregoing non-payment of rent and additional rent are in violation of Section 17.1 of the Lease and Section 2 of the Third Lease Modification Agreement.

**RELIEF REQUESTED**

**A.      Order Compelling Compliance with Obligations Under 11 U.S.C. § 365(d)(3)**

5.      Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, that:

> [t]he [debtor-in-possession] shall timely perform all of the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential lease property . . . until such lease is assumed or rejected . . .

11 U.S.C. § 365(d)(3).

6.      Section 365(d)(3) protects landlords by requiring debtor-tenants to perform timely their obligations arising under the lease. *See In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001); *In re Valley Media, Inc.*, 290 B.R. 73, 74 (Bankr. D. Del. 2003).  This section of the Bankruptcy Code expressly requires debtor-tenants immediately to comply with <u>*all*</u> their lease obligations in full as they come due in the post-petition period. *See Id.*; *I*<u>*n re DVI,*</u> *Inc.*, 308 B.R. 703 (Bankr. D. Del. 2004).

7.      Currently, the Debtor is liable for payment of post-petition rent under 11 U.S.C. § 503(b).

8.      Section 503(a) and (b) provide as follows:

> (a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--

>> (1)(A) the actual, necessary costs and expenses of preserving the estate, including--

>> * * *

11 U.S.C. §§503(a) and (b).

9.      The Debtor's post-petition use of the Premises following the Petition Date constitutes actual, necessary costs and expenses of the estate as contemplated by §503(b)(1)(A) of the Bankruptcy Code, and as such, should be paid in full.  As Judge Sontchi held in *In re Goody's Family Clothing Inc.*, 392 B.R. 604 (Bankr. D. Del. 2008), *aff'd,* 610 F.3d 812 (3d Cir. 2010) not only does Section 503(b)(1) permit a Landlord to recover from a debtor for the post-petition use and occupancy of a Landlord's premises, the mere use and occupancy is sufficient to meet any burden of the Landlord to prove its case under 503(b).  In this case, the Debtor has been occupying the Premises since the petition date for the purposes of conducting going-out-of business sales, which use and occupancy has benefitted the Debtor.  Accordingly, Southpoint requests that the Court enter an order compelling the Debtor to immediately pay all post-petition administrative rent for the period September 9 to September 30 pursuant to 11 U.S.C. §503(b).

10.     By the time of any hearing on this Motion, rent and additional rent under the lease will come due beginning October 1, 2024.  Accordingly, the Debtor will have the affirmative duty to timely pay all rent and additional rent as it comes due.  Southpoint therefore respectfully requests that this Court order the Tenant to timely perform all its obligations under the Lease as such obligations come due, as required by section 365(d)(3).

**B.     The Debtors Should Be Compelled to Immediately Assume or Reject the Lease**

11.     Finally, Southpoint respectfully requests that the Court exercise its authority under Bankruptcy Code Section 365(d)(2) and enter an order compelling the Debtors to assume or reject the Lease on an expedited basis.

12.     Section 365(d)(2) of the Bankruptcy Code expressly provides, in relevant part, that:

> In a case under chapter … 11 … of this title, the trustee may assume or reject an executory contract … of the debtor at any time before confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2).

13.     Accordingly, on the request of a non-debtor party to an executory contract or unexpired lease, the Court may order the debtor to determine within a specified period of time whether to assume or reject such executory contract or unexpired lease. 11 U.S.C. § 365(d)(2); *Zions Credit Corp. v. Rebel Rents* (*In re Rebel Rents, Inc.*), 291 B.R. 520, 529-31 (Bankr. C.D. Cal. 2003) (granting debtor thirty days within which to assume or reject personal property leases).  This provision is intended to "'prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-à-vis the estate.'" *University Med. Ctr. v. Sullivan* (*In re University Med. Ctr.*), 973 F.2d 1065, 1078-79 (3d Cir. 1992) (footnote omitted, and quoting S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

14.     It is within the Court's discretion to avoid unnecessary delay by establishing a deadline by which a debtor must make its Section 365(a) election.  *See, e.g., In re Winn-Dixie Stores, Inc.*, 345 B.R. 402, 406 (Bankr. M.D. Fla. 2006).  In doing so, the Court must balance the interests of the debtor against those of the non-debtor party to the contract. *See, e.g., In re Physician Health Corp.*, 262 B.R. 290, 292 (Bankr. D. Del. 2001).  This is an equitable inquiry in which the Court balances the potential harm to the estate from making an accelerated decision against the potential harm to the counter-party to the contract from having to wait for assumption or rejection. *See, e.g., In re Kmart Corp.*, 290 B.R. 614, 619 (Bankr. N.D. Ill. 2003). While the Bankruptcy Code enables a debtor substantial time within which to make a final decision on

whether to assume or reject an executory contract, such right should not be utilized by a debtor if the result would be to harm its creditors and its estates.

15.     While a debtor should be permitted a reasonable time to decide whether to accept or reject an executory contract, *see, e.g., Rebel Rents*, 291 B.R. at 530, what constitutes a reasonable time period for a debtor to make such election is also within the Court's discretion, "in light of all the circumstances of the case." *In re Wheeling-Pittsburgh Steel Corp*., 54 B.R. 385, 388 (Bankr. D. Pa. 1985); *In re Dunes Casino Hotel*, 63 B.R. 939, 949 (Bankr. D.N.J. 1986); *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 323 (Bankr. E.D. Pa. 1988) (a bankruptcy court has "broad discretion" to determine whether to shorten the time in which a debtor has to assume or reject an executory contract).

16.     In determining what constitutes a reasonable time, courts consider a number of factors, including: (i) the nature of the interests at stake; (ii) the balance of the harm to the contract parties; (iii) the good to be achieved; (iv) the safeguards afforded to the contract parties; and (v) whether the imposition of a deadline is arbitrary. *In re G-1 Holdings, Inc.*, 308 B.R. 196, 213 (Bankr. D.N.J. 2004); *In re Grant Broadcasting of Phila., Inc.*, 71 B.R. 891, 902 (Bankr. E.D. Pa. 1987).

17.     Here, the Debtor is conducting a going-out-of-business sale and clearly has no intention of retaining the Premises.  While the Debtors may claim that the Lease could be sold, the practical reality is that there will be no buyer for a Lease that expires in roughly 1 year.  In order to transfer the Lease under Section 365(b)(1), the Debtor must cure any defaults and provide adequate assurance of future performance. It makes no financial sense for the Debtors or a buyer to cure what will likely soon be three months of Lease arrearages which will total $45,000.00 ($15,000.00 a month), together with three months of CAM charges which total

$2,990.94 ($996.98 a month), 2024 Premises insurance billed in February of $7,563.63 and which remains unpaid, and real estate taxes of approximately $48,000.00 that are due on or before December 31, 2024 all in order to obtain a market rate Lease for approximately 1 year. Moreover, and critically, Southpoint has a letter of intent from a prospective tenant for a 10-year lease that is being threatened by the Debtors continued use and occupancy.

18.     Under any application of the factors to be considered when determining whether to order the Debtor to assume or reject the Lease on an expedited basis, relief is warranted here. As to the first factor, Southpoint has a strong interest in having the Tenant comply with the terms of the Lease – it is both a legal requirement of the Bankruptcy Code and a contractual requirement under the Lease.

19.     The balance of the harms also weighs in Southpoint's favor.  Southpoint has a letter of intent with a new tenant standing ready, willing and able to enter into a new 10-year lease with options, while the Debtor has realistically no chance of selling a one-year Lease given the significant payments that will be required to cure the multiple defaults of the Tenant.

20.     The good to be achieved is the specified relief that the Bankruptcy Code already requires.  Thus, that factor weighs in favor of Southpoint.  Likewise, the safeguards imposed upon the parties are specified in the Code: the Tenant must comply with its obligations under the Lease.  Finally, requiring the Debtors to immediately make a determination whether to assume or reject is not arbitrary.  Either the Tenant intends to comply with the Lease or it does not. In light of its going-out-of-business sale being conducted on the premises, the Debtor does not need the lease.

21.     Under the foregoing standards, this Court should compel the Debtors to assume or reject the Lease within three (3) business days of the granting of this Motion.  Pending the

Debtors' determination whether to assume or reject the Lease, Tenant should be ordered to comply with all the terms of the Lease, including, but not limited to payment of all post-petition obligations contained in the Lease.

22.    This Motion is filed without prejudice to Southpoint's right to file additional motions under Section 365 of the bankruptcy code or otherwise, and Southpoint hereby expressly reserves its right to seek all payment of rent, additional rent, cure claims, rejection claims or any other claims of any kind against the Debtors, whether administrative, secured, priority or non-priority claims.  Southpoint further reserves its right to seek administrative expenses or other amounts that may become due and payable under the Lease with respect to the period prior to or following the Petition Date.

*[Remainder of page intentionally left blank]*

WHEREFORE, Southpoint respectfully requests that this Court enter an order (i) compelling the Tenant to immediately, and on a continuing basis, comply with the terms of the Lease including requiring the Tenant to timely perform all obligations under the Lease as they arise, or (ii) alternatively, compelling the Debtors to assume or reject the Lease within three (3) business days of the entry of an Order approving the Motion; and (iii) for such other and further relief as is just and proper.

Dated: September 19, 2024

**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: cdonnelly@morrisjames.com

 and

**UB GREENSFELDER LLP**
Randall F. Scherck (admitted *pro hac vice*)
(MO Bar No. 31085)
10 S. Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 516-2623
Facsimile: (314) 241-4245
E-mail: RScherck@ubglaw.com

*Counsel to Southpoint Plaza, L.L.C. and*
*GKKI, L.L.C.*