# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> BIG LOTS, INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 24-11967 (JKS) <br><br> (Jointly Administered) <br><br> Hearing Date: October 9, 2024 at 1:00 p.m. <br><br> Ref. Docket Nos.: 18, 199 |

**LIMITED OBJECTION BY 1600 EASTCHASE PARKWAY LEASING LLC, TO DEBTORS'[1] MOTION FOR ENTRY OF ORDERS (I) (A) APPROVING BIDDING PROCEDURES FOR SALE OF DEBTORS ASSETS, (B) APPROVING THE STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF DEBTORS ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION, AND SALE HEARING, AND (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) (A) APPROVING SALE OF DEBTORS ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

1600 Eastchase Parkway Leasing LLC ("Landlord"), hereby files this limited objection to the Debtors' Motion For Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, and (B) Authorizing Assumption and Assignment of Executory Contracts and

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

1

Unexpired Leases; and (III) Granting Related Relief (the "Motion") [Dkt. No.199].

## BACKGROUND

1. On or about December 30, 2021, Landlord's predecessor-in-interest, BRE DDR BR Eastchase TX LLC and PNS Stores, Inc. entered into a lease (the "Lease") for premises located at 1450 Eastchase Parkway, Unit #232 (Suite 130), Store #4759, Fort Worth, TX 76120 (the "Premises").

2. On or about February 11, 2022, PNS Stores, Inc. converted to Big Lots Stores - PNS, LLC.

3. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

4. Upon information and belief, Debtors are operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the Petition Date, Eighty-Six Thousand One Hundred Fifty-Three and 72/100 Dollars (**$86,153.72**) was due and owing on the Premises' Lease in unpaid rent, plus any additional rent, charges, damages, interest, late fees, attorneys' fees and costs and unbilled reconciliation charges. (See attached "**Exhibit "A"**").

## OBJECTIONS

**A.      General Objections - Compliance with Bankruptcy Code**

6. Landlord objects to any proposed assumption and assignment procedures unless such procedures mandate compliance with all requirements of Bankruptcy Code Section 365, including subsections (b) and (f). Without such compliance, any proposed assumption and assignment must be denied.

**B.      Sale/Auction Objections**

  **i.      Open-Ended Assignment and Assumption and/or Rejection Authority**

  7. Landlord objects to the Debtors' "open-ended" authority to assume and assign and/or reject leases regardless of whether the Stalking Horse and/or any other prospective buyer has any intent to take an assignment of the Lease.

  8. The proposed bidding procedures do not require any buyer to finalize its list of designated contracts for assumption assignment until after the hearing for approval of the sale. Pursuant to the bidding procedures, contracts can be added and/or removed up to three (3) days prior to the Closing Date.

  9. In addition, while the Procedures require the Debtors file and serve Assumption Notices, there appears to be no date and/or deadline for this notice to be served.

  10. This "open-ended" authority to the Debtors will require all non-debtor counterparties, such as Landlord to stay engaged and file objections to protect their rights, even if the Lease is not being designated for assumption and/or assignment.

  11. Unequivocal notice of proposed assumption assignment of the Lease must be provided to Landlord and its undersigned counsel seven (7) days prior to any hearing thereon.

  **ii.      Bidding/Attendance at the Auction**

  12. Landlord also objects to bidding and attendance restrictions in the proposed bidding procedures. Specifically, the proposed bidding procedures require that only qualified bidders may attend the Auction.

  13. Landlord should be permitted to have one of its representatives attend the Auction whether it bids or not, so that it may monitor the same.  Given the compressed time-frame, the real-time information garnered at the Auction will better enable Landlord to assess its

position vis-à-vis potential assignees of its Lease. If not bidding, Landlord recognizes that its sole position will be to monitor and that it would not be able to bid or otherwise substantively participate in the Auction process.

14. Second, Landlord should be permitted to credit bid for its Lease. Unlike other potential bidders, Landlord has a vested interest in its Lease and should be permitted to protect its lease by bidding the same.

**C.    Adequate Assurance**

15. Debtors must demonstrate adequate assurance of future performance and provide the same timely. 11 U.S.C. § 365(b)(1)(C); see also 11 U.S.C. § 365(f)(2).  Debtors bear the burden of persuasion under Section 365. See In re Lafayette Radio Electronics Corp., 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991); In re Rachels Industries, Inc., 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); see also Richmond Leasing Co. v. Capital Bank, N.A.,762 F.2d 1303, 1309 (5th Cir. 1985) (Holding a specific factual showing through competent evidence to determine adequate assurance of future performance). See e.g., Matter of Haute Cuisine, Inc., 58 B.R. 390 (Bankr. 5 M.D. Fla. 1986) (even though experts presented cash flow projections, the court found that insufficient documentary evidence had been presented).

16. Section 365(b)(3) heightens the adequate assurance requirements for shopping center leases. See In re Sun TV and Appliances, Inc., 234 B.R. 356, 359 (Bankr. D. Del. 1999). To assume and assign shopping center leases, Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A) - (D). See In re Joshua Slocum, 922 F.2d at 1086; see also In re Rickel Home Centers, Inc., 209 F.3d 291,   299 (3d Cir. 2000). The heightened adequate assurance includes:

- the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee. See 11 U.S.C. § 365(b)(3)(A);

4

- any percentage rent due under the lease will not decline substantially. See 11 U.S.C. § 365(b)(3)(B);
- assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach of any such provision in any other lease, financing agreement, or master agreement relating to such shopping center. See 11 U.S.C. § 365(b)(3)(C); and
- assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center. See 11 U.S.C. § 365(b)(3)(D).

17. The Motion appears to require potential bidders to provide financial information, However, there is no time period for providing adequate assurance information prior to the sale.

18. Landlord and other counter-parties must be provided with Adequate Assurance Information earlier (at least seven (7) days prior to the Auction). Landlord needs this time to review the same and prepare objections, if appropriate. Accordingly, Landlord requests a reasonable time-frame to provide Landlords and other counterparties with Adequate Assurance Information, well ahead of the Auction deadline.

**D.    Cure**

19. Landlord demands that the Debtors must pay the full cure amount based upon actual amounts that are due on the date that the Lease is assumed and assigned by the Debtors. See, Bankruptcy Code Section 365(b).

20. Further, Landlord reserve its rights to include additional rent, attorneys' fees, costs, damages and in their asserted cure amounts year-end adjustments, including, without limitation, adjustments for, which have not yet been billed or have not yet become due under Leases as the Debtors are responsible to satisfy the same.

21. Further, the Motion fails to provide a framework under which disputed or undisputed cure amounts are paid to the Landlords. The Cure Procedures should provide that any undisputed cure amounts must be paid to the Landlord on the effective date of the assignment of the Lease. The Cure Procedures should provide that any disputed cure amounts

5

must be reserved, in cash, at the highest amount asserted, pending an out-of-court resolution or judicial proceedings.

**E.    Landlord Objects to any Change in Use of Other Provisions in the Leases**

22.    Landlords demand the "Use" for the Premises remain the same. Currently, the Motion as well as proposed form of Order do not make that clear.

23.    Through the BAPCPA "[s]ection 365(f)(1) is amended to make sure that all of the provisions of Section 365(b) are adhered to and that 365(f) of the code does not override Section 365(b)." Floor Statement of Senator Orrin Hatch, 151 Cong. Rec. S. 2459, 2461-62 (daily ed. March 10, 2005).

24.    The changes embodied in the BAPCPA specifically preserve a landlord's right to enforce use and other lease provisions. Senator Hatch's remarks in the Congressional Record note:

> A shopping center operator. . . must be given broad leeway to determine the mix of retail tenants it leases to. Congress decided that use or similar restrictions in a retail lease, which the retailer cannot evade under nonbankruptcy law, should not be evaded in bankruptcy. It is my understanding that some bankruptcy judges have not followed this mandate. Under another provisions of the Code, Section 365(f), a number of bankruptcy judges have misconstrued the Code and allowed the assignment of a lease even though terms of the lease are not being followed. 151 Cong. Rec. S. 2459, 2461-62 (daily ed. March 10, 2005).

25.    The Bankruptcy Code requires strict enforcement of use and other lease provisions.

26.    The Sale cannot proceed if the use changes without Landlord's approval. Further, the Sale cannot be free and clear of obligations to pay all charges due under the Lease, including accrued but unbilled year-end adjustments and reconciliations.

4883-9468-7462, v. 6

## JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS AND RESERVATION OF RIGHTS

27. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of other shopping center lessors and other to the Motion. Further, Landlord reserves all rights to make further and or future objections when a proposed assignee and/or "winning bid" is identified.

**WHEREFORE**, for the foregoing reasons, Landlord respectfully requests the relief set forth above, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s /*John R. Weaver, Jr.*

Dated: September 20, 2024                         John R. Weaver, Jr.

and
/S/ Thomas S. Onder
Thomas S. Onder
/S/ Joseph H. Lemkin
Joseph H. Lemkin
**STARK & STARK**
**A Professional Corporation**

(609) 896-9060 (main)
(609) 895-7395 (facsimile)

Attorneys for
1600 Eastchase Parkway Leasing LLC

# **EXHIBIT A**

Eastchase  
c/o Lexington Realty International  
911 E. County Line Road  
Suite 206  
Lakewood, NJ  08701  
(732)-415-6880  

**Date:** 9/9/2024  
**INVOICE #:**  
**Big Lots #4759**  
**Suite** 130  
**Lease ID:** 003463  

Amount Enclosed: _____

Big Lots #4759  
1600 Eastchase Parkway130  
Fort Worth, TX  76120  

## Please enclose this portion with your remittance.

**MAKE CHECKS PAYABLE TO:**  
1600 East Chase Parkway Leasing LLC  
c/o Lexington Realty International  
1600 Eastchase Parkway Leasing  
911 E. County Line Road #206  
Lakewood, NJ  08701  

| Date | Code | Description | Charges | Payments | Amount Due |
|---|---|---|---:|---:|---:|
| 8/1/2023 | PRIOWN | Real Estate Taxes Actual | -5,347.83 | .00 | -5,347.83 |
| 7/23/2024 | INSYE | INSYE 2023 | 4,587.05 | .00 | 4,587.05 |
| 7/23/2024 | PTAXYE | PTAXYE 2023 | 51,241.57 | .00 | 51,241.57 |
| 7/31/2024 | CAMYE | CAMYE 2023 | 13,335.69 | .00 | 13,335.69 |
| 9/1/2024 | RENT | Rent | 19,855.33 | .00 | 19,855.33 |
| 9/1/2024 | CAM | CAM | 2,481.91 | .00 | 2,481.91 |

| Current | 30 | 60 | 90 | 120 | BALANCE DUE |
|---:|---:|---:|---:|---:|---:|
| 22,337.24 | 69,164.31 | 0.00 | 0.00 | -5,347.83 | 86,153.72 |

**SAVE TIME!   SAVE POSTAGE!**

**Enroll in Clickpay today to ensure easy and efficient rent payment!**  
**Log on to www.clickpay.com/pay**  
**Enter your Lease ID (located on top right corner of  this statement) and follow the prompts.**