# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**October 9, 2024 at 1:00 p.m. (ET)**<br><br>**Objection Deadline:**<br>**October 2, 2024 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING
TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES,
(II) SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
(III) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (IV) STATEMENTS OF FINANCIAL AFFAIRS**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order Extending Time To File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs* (this "**Motion**"). This Motion is supported by the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3] (the "**Ramsden Declaration**"), which was filed on

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

September 9, 2024 and incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 1007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the deadline by which the Debtors must file their (a) schedules of assets and liabilities, (b) schedules of current income and expenditures, (c) schedules of executory contracts and unexpired leases, and (d) statements of financial affairs (collectively, the "**Schedules and Statements**") by 45 days, for a total of 59 days from the Petition Date (as defined below), through and including November 7, 2024, without prejudice to the Debtors' ability to request additional extensions or modifications to or waivers of any Schedules and Statements requirements.

### Jurisdiction, Venue, and Authority

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.  Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5.  On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

6.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court, on September 10, 2024, in each of the Chapter 11 Cases.[2]

7.  Big Lots is a one-stop shop home discount retailer. Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies. Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

---

[2] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

8. Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Ramsden Declaration.

**Basis for Relief**

9. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(c) and 9006(b) and Local Rule 1007-1(b), the Court is authorized to grant an extension to the deadline for filing the Schedules and Statements "for cause." *See* Fed. R. Bankr. P. 1007(c) (providing that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . ., trustee, examiner, or other party as the court may direct"); Del. Bankr. L.R. 1007-1(b) (same); Fed. R. Bankr. P. 9006(b) (providing that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order").

10. Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad." (citation omitted)); *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) ("The Third Circuit has construed [section 105 of

-4-

the Bankruptcy Code] to give bankruptcy courts 'broad authority' to provide appropriate equitable relief to assure the orderly conduct of reorganization proceedings, and to 'craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.'" (citations omitted)); *Patrick v. Dell Fin. Servs., L.P. (In re Patrick)*, 344 B.R. 56, 58 (Bankr. M.D. Pa. 2005) ("There is no doubt that § 105(a) is a 'powerful [and] versatile tool' designed to empower bankruptcy courts to fashion orders in furtherance of the Bankruptcy Code." (quoting *Joubert v. ABN AMRO Mortg. Grp., Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005))).

11. Collectively, the Debtors have more than 5,000 creditors. The Debtors respectfully submit that sufficient cause exists here for the requested extension because requiring the Debtors to file the Statements and Schedules within the statutory deadlines proscribed by the Bankruptcy Rules would divert management's time and attention from ensuring a smooth transition into chapter 11 and focusing their efforts on the marketing and sale process for all or substantially all of the Debtors' assets as described in the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Authorizing Potential Selection of Stalking Horse Bidder(s), (C) Approving Bid Protections, (D) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (E) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (F) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "**Sale Process**").

12. Due to the complexity and scope of their operations, the number of contracts to which Big Lots is party, and the numerous other matters that the Debtors must attend to in

connection with filing the Chapter 11 Cases, the Debtors anticipate that they will be unable to complete the Schedules and Statements for the nineteen Debtor entities in the 14 days required under Bankruptcy Rule 1007 and Local Rule 1007-1(a).  To prepare the Schedules and Statements, the Debtors must compile information from books, records, financial statements, and documents of each Big Lots entity relating to creditor claims and the Debtors' assets, executory contracts, and unexpired leases.  This information is voluminous and located in numerous places throughout Big Lots' organization.  Collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term, when these resources would be best used to stabilize and improve the Debtors' business operations.  In addition, employee efforts during the initial post-petition period are critical, and the Debtors must devote their time and attention to business operations to maximize the value of the Debtors' estates during the critical months following the Petition Date.  Finally, because not all of the invoices related to prepetition goods and services have yet been received by the Debtors and/or entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the required information to accurately prepare the Schedules and Statements.

13.     The Debtors, therefore, respectfully submit that good and sufficient cause exists for granting the requested reporting extension.  Unavoidably, the Debtors' primary focus in the days leading up to the Petition Date has been on the Sale Process, seeking to finalize debtor-in-possession financing, stabilizing business operations, and reacting to the events surrounding the filings.  While the Debtors, with the help of their professional advisors, have mobilized their employees to work diligently and expeditiously on the preparation of the Schedules and Statements, resources are strained.  Not only have the same employees with the expertise to complete the Schedules and Statements been diligently preparing for the chapter 11 filings, but

they have also been heavily engaged on numerous other restructuring workstreams, including conducting the Sale Process, preservation of relationships with creditors and other parties in interest, and ensuring the Debtors' smooth transition into chapter 11 during a sensitive time.

14.  In view of the amount of work entailed in completing the Schedules and Statements, and the competing demands on the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial post-petition period and to conduct the Sale Process, the Debtors will be unable to complete the Schedules and Statements for the nineteen Debtor entities in the 14 days required under Bankruptcy Rule 1007(c).

15.  Accordingly, the Debtors request that the Court extend the statutory deadlines prescribed by the Bankruptcy Rules for the filing of the Schedules and Statements for an additional 45 days (making the Schedules and Statements due on or before 59 days after the Petition Date) without prejudice to the Debtors' ability to request additional extensions.[3]

16.  The Debtors respectfully submit that the proposed extension of the Schedules and Statements deadline would not prejudice creditors and other parties in interest because the Debtors would work with the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and any official committee appointed in the Chapter 11 Cases to make available sufficient financial data and creditor information to permit at least an initial meeting to be timely held.

17.  In fact, this Court routinely grants relief similar to that requested herein. *See, e.g.*, *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. July 18, 2024) [D.I. 253] (59 days from the petition date); *In re Proterra Inc*, No. 23-11120 (BLS) (Bankr. D. Del. Sept. 5, 2023) [D.I.

---

[3] Pursuant to Local Rule 9006-2, if a motion to extend time to take any action is filed before the expiration of the period prescribed, the time shall automatically be extended until the Court acts on the motion, without the necessity of a bridge order.

193] (60 days from the petition date); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) [D.I. 197] (58 days from the petition date); *In re Kidde-Fenwal, Inc.*, No. 23-10638 (LSS) (Bankr. D. Del. June 21, 2023) [D.I. 193] (same); *In re CBC Rest. Corp.*, No. 23-10245 (KBO) (Bankr. D. Del. Apr. 24, 2023) [D.I. 381] (65 days from the petition date to file Schedule G and 51 days from the petition date to file all other schedules and statements); *In re Stanadyne LLC*, No. 23-10207 (TMH) (Bankr. D. Del. Mar. 31, 2023) [D.I. 151] (60 days from the petition date); *In re PWM Prop. Mgmt. LLC,* No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021) [D.I. 188] (88 days from the petition date); *In re Alpha Latam Mgmt., LLC*, No. 21-11109 (JKS) (Bankr. D. Del. Sept. 1, 2021) [D.I. 140] (75 days from the petition date); *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del. Nov. 10, 2020) [D.I. 461] (73 days from the petition date); *In re Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. June 24, 2020) [D.I. 540] (80 days from the petition date); *In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (Bankr. D. Del. May 3, 2019) [D.I. 182] (73 days from the petition date).

## Notice

18. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

19. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the

nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: September 22, 2024
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*