# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al*.,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: September 23, 2024 at 4:00 p.m. (ET)**<br><br>**Hearing Date: October 9, 2024 at 1:00 p.m. (ET)**<br><br>**Related Doc: 18** |

**RESPONSE AND RESERVATION OF RIGHTS OF WPG MANAGEMENT ASSOCIATES, INC. TO MOTION OF DEBTORS FOR ENTRY OF ORDERS (I) (A) APPROVING BIDDING PROCEDURES FOR SALE OF DEBTORS' ASSETS, (B) APPROVING THE STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION, AND SALE HEARING, AND (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) (A) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

WPG Management Associates, Inc. ("WPG Management"), by its undersigned counsel, hereby files this response and reservation of rights (this "Response") to the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting*

*Related Relief* (Docket No. 18) (the "Bid Procedures Motion")[1]. In support of this Response, WPG Management respectfully states:

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Debtor Big Lots Management, LLC, as lessor, and WPG Management, as lessee, are parties to that certain Lease, dated April 7, 2023 (the "Office Lease"), for office space on the 4th floor (the "Leased Premises") of the building located at 4900 East Dublin Granville Road, Columbus, Ohio (the "Columbus Property"). A memorandum of lease was recorded with the Franklin County Recorder's Office on April 24, 2023 with Instrument Number 202304340038798.

4. In April 2024, pursuant to the Subordination and Non-Disturbance clause in the Office Lease, Big Lots Management, LLC obtained subordination, non-disturbance and attornment agreements, recorded with the Franklin County Recorder's Office on April 19, 2024 with Instrument Number 202404190038230, and on May 17, 2024 with Instrument Number 202405170048480, respectively, pursuant to which it was agreed that WPG Management's leasehold interest in the Columbus Property shall not be diminished, interfered with or disturbed during the term of the Office Lease and any such extensions.

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Bid Procedures

5.	As set forth in the Office Lease, the initial term of the Office Lease is sixty-two (62) months beginning on June 1, 2023, with one option to extend in favor of WPG Management for an additional successive period of three (3) years.

6.	On September 9, 2024, the Debtors filed the Bid Procedures Motion seeking, among other things, entry of an order approving proposed Bidding Procedures and procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases. The Bid Procedures Motion also requests that this Court approve the sale of the Bid Assets "free and clear of" all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtor and any purchaser of the Bid Assets. *See* Bid Procedures Motion at ¶¶ 1, 56.

7.	Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, is the Stalking Horse Bidder under the proposed Bidding Procedures. The Stalking Horse APA provides that "all Owned Real Property" are included in the Assets (as defined in the Stalking Horse APA) to be acquired by the Stalking Horse Bidder. *See* Stalking Horse APA, Sec. 201.

**RESPONSE**

8.	WPG Management does not object generally to the Debtors establishing procedures for the sale of substantially all of the Debtors' assets. WPG Management appreciates the Debtors' efforts to preserve the going concern value of their businesses and undertake a sale process to maximize the value of the estates for the benefit of creditors; however, WPG Management does intend to object, to the extent necessary, to any sale that seeks to impair, limit and/or modify WPG Management's rights under the Office Lease, the Bankruptcy Code and/or applicable law.

Motion.

### I. *WPG Management's Rights and Remedies Under Section 365(h) of the Bankruptcy Code*

9. Section 365(a) of the Bankruptcy Code provides that, subject to bankruptcy court approval, a trustee or debtor-in-possession pursuant to 11 U.S.C. § 1107(a) "may assume or reject any executory contract or unexpired lease of the debtor."11 U.S.C. § 365(a).

10. Notwithstanding the right of a trustee or debtor-in-possession to reject an unexpired lease under section 365(a) of the Bankruptcy Code, section 365(h)(1) of the Bankruptcy Code affords protections to a non-debtor lessee facing rejection of its lease by a debtor-lessor. *See* 11 U.S.C. § 365(h). Section 365(h)(1) of the Bankruptcy Code gives a non-debtor lessee the option of either treating the lease as terminated or retaining its rights under the lease for the balance of the lease term, including renewal options. *See id*.

11. In event that a Successful Bidder seeks to acquire the Columbus Property free and clear of liens, claims, interests and encumbrances, with the intent of terminating WPG Management's leasehold interest in the Columbus Property, WPG Management intends to object to any such sale and assert its rights and remedies under section 365(h)(1) of the Bankruptcy Code.

### II. *WPG Management's Preservation of Adequate Protection Rights Under Section 363(e) of the Bankruptcy Code*

12. Section 363(e) of the Bankruptcy Code requires that, "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court… shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

13. Courts have recognized, separate from a lessee's rights under section 365(h) of the Bankruptcy Code, that a debtor-lessor's sale of leased real property free and clear of liens, claims, interests and encumbrances under section 363(f) of the Bankruptcy Code is subject to providing "adequate protection" to the lessee. *See* 11 U.S.C. § 363(e); *In re Haskell, L.P.*, 321 B.R. 1, 6 & 9 (Bankr. D. Mass. 2005) (recognizing sales under section 363(f) of the Bankruptcy Code are subject to the adequate protection requirement and the debtor has not offered or provided adequate protection of the tenant's possessory interest in the lease).

14. WPG Management has a possessory interest in the Columbus Property pursuant to the Office Lease that entitles WPG Management to adequate protection under section 363(e) of the Bankruptcy Code if the Columbus Property is sold pursuant to the proposed Bidding Procedures. *Haskell*, 321 B.R. at 6. However, the Debtors' Bid Procedures Motion does not offer adequate protection for WPG Management's interest in the Office Lease.

15. WPG Management respectfully submits that the only appropriate form of adequate protection of WPG Management's interest in the Office Lease would be continued possession of the Leased Premises. *See* 11 U.S.C. § 361; *Haskell*, 321 B.R. at 10 ("The Court finds that under the circumstances of this case adequate protection can only be achieved through continued possession of the leased premises."); *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 712 (S.D.N.Y. 2014) (holding that the lessee was entitled to continued possession of the leased premises in order to adequately protect the lessee's interests in connection with the debtor's sale of the real property).

16. WPG Management operates its business headquarters from the Leased Premises and employs approximately 158 people with respect to its operations at the Leased Premises.

Any sale of the Columbus Property "free and clear" of the Office Lease would severely interfere with and disrupt the business operations of WPG Management. Moreover, nothing in the Office Lease indicates that WPG Management could be compelled to accept money for its leasehold interest at the Columbus Property. In fact, the Office Lease includes a non-disturbance clause in connection with any Encumbrance (as defined in the Office Lease) holder and contemplates the recognition and protection of WPG Management's leasehold interest in the event of a transfer of the Columbus Property. In the event any Successful Bidder seeks to acquire the Columbus Property free and clear of the Office Lease, WPG Management intends to seek adequate protection of its interest in the Office Lease.

## RESERVATION OF RIGHTS

17. WPG Management reserves any and all rights to supplement and/or amend this Response and expressly reserves the right to assert any further objections with respect to the Bid Procedures Motion as it deems necessary or appropriate. Nothing in this Response is intended to be, or should be construed as, a waiver by WPG Management of any of its rights under the Office Lease, the Bankruptcy Code, including sections 363(e) and 365(h) of the Bankruptcy Code, or applicable law. WPG Management expressly reserves all such rights.

[*Signature page follows*]

Dated: September 23, 2024  
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold, Esq.
Ohio Bar No. 0061351
(Admitted *pro hac vice*)
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com

**Counsel for WPG Management Associates, Inc.**

0028924.0790918   4855-2782-1285v4