**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 24-11967 (JKS)<br>)<br>) (Jointly Administered)<br>)<br>) Re D.I. 18 |

**PROTECTIVE OBJECTION OF AMERICAN NATIONAL INSURANCE COMPANY TO MOTION OF DEBTORS FOR ENTRY OF ORDERS (I) (A) APPROVING BIDDING PROCEDURES FOR SALE OF DEBTORS' ASSETS, (B) APPROVING THE STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION, AND SALE HEARING, AND (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) (A) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

AMERICAN NATIONAL INSURANCE COMPANY ("American National" or "Landlord"), by and through its undersigned counsel, files this Protective Objection to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief ("Objection"), and respectfully states:

**INTRODUCTION & BACKGROUND**

1. American National objects to its Lease with Debtor Big Lots Stores – PNS, LLC

485635.3

("Tenant Debtor") being included in a sale to a bidder without being provided providing adequate assurances.

2. On September 9, 2024 ("Petition Date") Tenant Debtor and related Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On September 9, 2024, Debtors filed Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief [D.I. 18] ("Bidding Procedures Motion"). The hearing date on the Bidding Procedures Motion is set for Wednesday, October 9, 2024 at 1:00 p.m. The objection deadline to the Bidding Procedures Motion is September 23, 2024 at 4:00 p.m. (ET).

4. American National is the owner of non-residential property located at 1406 E. Loop 336 West, Conroe, Montgomery County, Texas 77304 (the "Property"), commonly known as the Montgomery Plaza Shopping Center. The Property includes a 315,708 square foot single structure with a mixed tenant lineup, including Academy and PNS Stores, Inc. d/b/a Big Lots ("Big Lots"), and a shared common parking lot.

5. American National, as landlord, and Tenant Debtor, as tenant, are parties to a Lease Agreement dated September 4, 2004, and its amendments, regarding the Property (collectively, the "Lease"). The Property is a "Shopping Center," as that term is used in Section 365 of the Bankruptcy Code.

485635.3

**The Proposed Order allows for non-compliance of Section 365 of the Bankruptcy Code.**

6. Among other things and including the financial assurances, Section 365 of the Bankruptcy Code provides that a debtor holding a lease of real property in a shopping center provide adequate assurance– …

> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

*See generally*, 11 U.S.C.A. § 365; 11 U.S.C.A. § 365 (3) (C) and (D).

The Proposed Order [D.I.18-2, Exhibit B] acknowledges the requirements of Section 365 of the Bankruptcy Code, stating *inter alia* that, "[a] bid will be considered only if the bid: . . . includes evidence of the bidder's ability to comply with section 365 of the Bankruptcy Code . . . in a form that would permit the Debtors to disseminate immediately such evidence to the non-Debtor counterparties to such Contract(s) and Lease(s). [D.I. 18-2, Exhibit B at 27-29].

7. But as described in the Bidding Procedures Motion and as provided for in the proposed order, "[t]he Debtors shall have the right to deem a bid a Qualified Bid even if such bid does *not* conform to one or more of the requirements *above*"; and, "*above*" specifically includes the requirement to comply with Section 365 of the Bankruptcy Code. *See, Bidding Procedures Motion* at 20 Section E and Section D at 12; *See, also*, [D.I. 18-2, Exhibit B, *Proposed Order*, at 8].

**The Proposed Order Provides Insufficient Time to Object**

8. Unless directed by the Court, under the Bankruptcy Code the default notice requirement for an assignment, assumption, or sale of a non-residential lease is 21 days. FED. R.

485635.3

3

BANKR. P. 2002. The Debtors propose to reduce this to, effectively, two days. The Debtors propose October 22, 2024 with no mandated time as a "target date" for the Debtors to file notice of a Successful Bidder. [D.I. 18-2 at 37]. But, Debtors also propose a *mandated* objection deadline of October 25, 2024. *Id.*

**The Proposed Order waives the automatic stay imposed by Rule**

9. Generally, unless otherwise ordered by the Court, Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order." FED. R. BANKR. P. 6004(h). In addition, unless otherwise ordered by the Court, Bankruptcy Rule 6006 provides an, "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order. FED. R. BANKR. P. 6006(d). Debtors propose to waive these stays, and have such sale, assignment, or assumption take immediate effect. [D.I. 18, *Bidding Procedures Motion* at ¶67]; *see, also*, [D.I. 18-2 at ¶34, "Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Bidding Procedures Order is hereby waived, and the terms and conditions of this Bidding Procedures Order shall be effective and enforceable immediately upon its entry."]

## OBJECTION

10. American National files this protective objection to the Bidding Procedures Motion to the extent Tenant Debtor intends to assume and assign the Lease without curing any and all defaults, providing adequate assurance of future performance, and/or complying with all restrictive covenants and use conflict provisions in the Lease, including assignment of the Lease to a bidder who would cause American National to breach its lease with any co-tenant of the Property or disrupt the Property's tenant mix and balance . 11 U.S.C. § 365(b)(1)(A)-(C) and (b)(3).

485635.3

11. American National objects that the proposed bidding procedures provide insufficient time for impacted non-debtor parties to object to any proposed sale, or lease assumption or assignment. Similar to the lease covering American National's Property, most of the leases in this matter are likely shopping centers under Section 365 of the Code. Once a bidder (or non-bidder selected by the debtor) is identified, Lessors need time to consider the impact of such bidder on their respective tenant mix and other tenant leases. As is suggested by the general Bankruptcy Code rule on this topic, two or even three days is insufficient notice. American National requests a minimum of seven days from notice to file any objection.

12. Without a stay, Section 363 (m) makes any damage created by any sale, assumption, or assignment irreversible creating irreparable damages. Therefore, American National objects to any provision in the order that waives the 14-day stays imposed by Fed. R. Bankr. P. 6004(h) and Fed. R. Bankr. P. 6006(d).

## RESERVATION OF RIGHTS AND JOINDER

13. American National reserves its rights to: (a) modify, supplement, or amend this Objection; (b) object to the proposed sale and to assert any objections at any sale hearing; (c) assert additional or future objections to the assumption and assignment of the Lease, and (d) seek allowance and payment of any administrative expense claims with respect to any amounts that are currently owing or will in the future be owing under the Lease from and after the Petition Date.

14. American National hereby joins any other objections filed by Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein.

485635.3

WHEREFORE, American National Insurance Company respectfully requests that the Court enter an Order: (i) expressly determining that American National's rights and entitlements under the Lease are preserved and adequately protected pursuant to 11 U.S.C. § 365(b)(1)(A)-(C) and (b)(3) and (ii) granting to American National all other and further relief to which it may be justly entitled.

Respectfully submitted,

**FLASTER/GREENBERG P.C.**

Dated: September 23, 2024

*/s/ Damien Nicholas Tancredi*
Damien Nicholas Tancredi, Esquire (DE 5395)
1007 Orange Street, Suite 400
Wilmington, DE 19801
Telephone: 302-351-1910
Damien.tancredi@flastergreenberg.com

**GREER, HERZ & ADAMS, LLP**
Joseph R. Russo, Jr.
Texas State Bar No. 24002879
Tara B. Annweiler
Texas State Bar No. 00783547
tannweiler@greerherz.com
Marc D. Young
myoung@greerherz.com
Texas State Bar No. 24098650
One Moody Plaza, 18th Floor
Galveston, Texas 77550
P: 409.797.3200
F: 409.766.6424

**ATTORNEYS FOR AMERICAN NATIONAL INSURANCE COMPANY**

485635.3