**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.,* | Case No. 24-11967(JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Objection Deadline: Sept. 23, 2024 at 4:00 p.m.<br>Hearing Date:  October 9, 2024 at 1:00 p.m. |
| | **Ref. Docket No. 18** |

## STATEMENT OF RESERVATION OF RIGHTS OF THE GERSON COMPANY REGARDING DEBTORS' SALE PROCEDURES MOTION

The Gerson Company ("Gerson"), an unsecured creditor of certain of the Debtors, files this statement of reservation of rights ("Reservation of Rights") to the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Sale Procedures Motion") [D.I. 18], and respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND

1. For many years, Gerson was a supplier of finished goods to the Debtors. Prior to the Petition Date, Gerson filed a complaint in the United States District Court for the Western District of Kentucky against certain Debtors and other parties, including officers and employees of the Debtors, asserting causes of action for, *inter alia*, copyright infringement, federal trade dress infringement, and unfair competition under the Lanham Act (the "IP Litigation"). The case is styled as *The Gerson Co. v. Big Lots, Inc., et al.*, Case No. 3:24-cv-00370-GNS (W.D. Ky.). A copy of Gerson's most recent amended complaint is attached as **Exhibit A**.

2. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On September 9, 2024, the Debtors filed a motion seeking authority to sell substantially all of their assets [D.I. 18] (the "Sale Procedures Motion"). The Sale Procedures Motion seeks the approval of a sale transaction pursuant to a stalking horse asset purchase agreement (the "APA"). A proposed version of an order approving the APA, lacking the APA schedules, was attached to the Sale Procedures Motion.

4. The Court scheduled a hearing on the Sale Procedures Motion for October 9, 2024, with a deadline for objections set for September 23, 2024, at 4:00 pm (ET). [D.I. 199].

5. The IP Litigation is stayed as to the Debtors under 11 U.S.C. § 362(a). No party has sought or obtained a stay of the IP Litigation pending against the non-Debtor defendants.

## RESERVATION OF RIGHTS

6. Gerson files this Reservation of Rights to reserve all rights with respect to the Sale Procedures Motion to protect its interests regarding any purported transfer of its intellectual property. Without the APA schedules, it is impossible to determine from the Sale Procedures

Motion, APA, and other documents in the record whether the sale assets are intended to include intellectual property or other assets that are the subject of the IP Litigation or whether an order approving the proposed sale would eliminate Gerson's claims in the IP Litigation or Gerson's rights to enforce its intellectual property rights against the buyer if it engages in the same infringement that certain of the Debtors have.

7. Gerson's concerns are aggravated by a flagrantly false representation in the APA, which states that:

> To the Knowledge of each Selling Entity, the operation of the Business by the Selling Entities does not infringe, misappropriate, or otherwise violate, and, since January 1, 2022, has not infringed, misappropriated, or otherwise violated, any Intellectual Property of any Person in any material respect. None of the Selling Entities has received any written notice since January 1, 2022 that it is infringing, misappropriating, or otherwise violating the Intellectual Property of any other Person which notice remains unresolved. To the Knowledge of each Selling Entity, no Person is infringing, misappropriating, or otherwise violating any Owned Intellectual Property and no such Proceedings are currently being asserted or threatened in writing against any Person by any Selling Entity.

APA at § 5.11(c) [D.I. 18-3 at 45]. The Debtors who are defendants in the IP Litigation had appeared by counsel in the litigation forum prior to the Debtors' execution of the APA and its presentation to this Court.

8. To the extent that the APA warrants that the Debtors are not violating the intellectual property of Gerson and purports to transfer such intellectual property to a prospective buyer, Gerson reserves all its rights as to its entitlement to protect its intellectual property, generally, and with respect to the IP Litigation, specifically, and to enforce its intellectual property rights against any buyer of the Debtors' assets.

9. Gerson does not otherwise object to the Sale Procedures Motion because Gerson appreciates that an efficient sale process is appropriate in these cases and understands why the Debtors propose to quickly sell substantially all of their assets pursuant to 11 U.S.C. § 363(f).

Gerson does not wish to derail the disposition of the Debtors' assets, only to ensure that its dispute with the Debtors is not improperly extinguished by the Sale Order. Prior to entry of a final sale order, Gerson requests that the Debtors disclose with greater particularity the assets for sale and expect that this will be accomplished by the final APA schedules. While the Sale Procedures Motion states that substantially all of the Debtors' assets are available for sale, there is not a detailed list or description of the assets nor does the APA attached to the Sale Procedures Motion include schedules. A detailed description of the assets would assist potential bidders evaluating a bid for all or a subset of the assets, particularly as the Debtors might not file their schedules and other disclosures required under Rule 1007(b) until after the proposed bid deadline.

10. Accordingly, Gerson respectfully reserves all its rights to object to the sale, the terms of the APA, or any final sales agreement that purports to transfer the disputed intellectual property free and clear of Gerson's claims.

Dated:  September 23, 2024              Respectfully submitted,

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:  302-552-5503
Email: sveghte@klehr.com

-And-

WILLIAM P. HARBISON
JOSEPH H. HADDAD
**SEILLER WATERMAN LLC**
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, KY 40202
Phone: 502-584-7400 | Fax: 502-583-2100
E-mail:  harbison@derbycitylaw.com

*Counsel for The Gerson Company*