# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.: 3:24-CV-370-GNS |
| | ) |
| BIG LOTS, INC. | ) |
| | ) |
| Serve: Counsel of Record | ) |
| | ) |
| and | ) |
| | ) |
| BIG LOTS ECOMMERCE LLC | ) |
| | ) |
| Serve: Counsel of Record | ) |
| | ) |
| and | ) |
| | ) |
| BIG LOTS STORES, INC. | ) |
| (D/B/A BIG LOTS) | ) |
| | ) |
| Serve: Counsel of Record | ) |
| | ) |
| and | ) |
| | ) |
| BIG LOTS STORES, LLC | ) |
| (D/B/A BIG LOTS) | ) |
| | ) |
| Serve: Counsel of Record | ) |
| | ) |
| and | ) |
| | ) |
| BIG LOTS MANAGEMENT, LLC | ) |
| | ) |
| Serve: Counsel of Record | ) |
| | ) |
| and | ) |
| | ) |
| BRUCE THORN, INDIVIDUALLY | ) |
| Serve: 10115 E. Hualapai Drive, | ) |
| Scottsdale, Arizona 85255 | ) |
| | ) |
| and | ) |

1

KRISTEN COX, INDIVIDUALLY  )
    Serve: 4900 East Dublin Granville  )
    Road, Columbus, Ohio 43081  )
    )
and  )
    )
JUAN GUERRERO, INDIVIDUALLY  )
    Serve: 4900 East Dublin Granville  )
    Road, Columbus, Ohio 43081  )
    )
and  )
    )
KEVIN KUEHL, INDIVIDUALLY  )
    Serve: 10559 Wellington Boulevard,  )
    Powell, Ohio 43065-8765  )
    )
and  )
    )
SETH MARKS, INDIVIDUALLY  )
    Serve: 4900 East Dublin Granville  )
    Road, Columbus, Ohio 43081  )
    )
and  )
    )
SHELLY TROSCLAIR, INDIVIDUALLY  )
    Serve: 6008 Shala Circle,  )
    Nashport, Ohio 43830  )
    )
and  )
    )
MATT WEGER, INDIVIDUALLY  )
    Serve: 175 Walnut Ridge Lane,  )
    Westerville, Ohio 43081  )
    )
and  )
    )
MARGARITA GIANNANTONIO,  )
INDIVIDUALLY  )
    Serve: 6742 Printers Boulevard,  )
    New Albany, Ohio 43054  )
    )
and  )
    )
STEVEN ROGERS, INDIVIDUALLY  )
    Serve: 7180 Troy Hill Drive, #L,  )
    Elkridge, Maryland 21075  )

```
                                                    )
and                                                 )
                                                    )
VIITION (ASIA) LIMITED, a                           )
Singaporean Company                                 )
                                                    )
and                                                 )
                                                    )
MILLENIUM GIFTS LIMITED, a                          )
Hong Kong Company                                   )
                                                    )
and                                                 )
                                                    )
JOHN DOES Numbers 1 through 99,                     )
                                                    )
          Defendants.                               )
```

## FIRST AMENDED COMPLAINT

********

Comes now Plaintiff, The Gerson Company ("Gerson"), by and through undersigned counsel, and for its First Amended Complaint against Defendants, Big Lots, Inc., Big Lots Ecommerce LLC, Big Lots Stores, Inc., Big Lots Stores, LLC, Big Lots Management, LLC(collectively, "Big Lots"), Bruce Thorn, Kristen Cox, Juan Guerrero, Kevin Kuehl, Seth Marks, Shelly Trosclair, Matt Weger, Margarita Giannantonio, Steven Rogers (collectively, the "Individual Infringers"), Viition (Asia) Limited, Millenium Gifts (collectively, the "Foreign Suppliers"), and John Does 1 through 99  (Plaintiff and Defendants collectively, the "Parties"), for Federal Copyright Infringement, states as follows:

## INTRODUCTION

1.      Gerson files this amended action for Federal Copyright Infringement pursuant to 17 U.S.C. §101 *et seq* by and through the unlawful copying, reproduction, publication, creation of derivative works, display, transmittal, importation, distribution, and sale of Gerson's Copyrighted

Works in products Big Lots markets and sells to the public online and in its stores, including in Louisville, Jefferson County, Kentucky (the "Infringing Products").

## PARTIES

2.      Plaintiff, Gerson, is a Missouri corporation with its principal place of business located at 1450 South Lone Elm Road, Olathe, Kansas 66061.

3.      Defendant, Big Lots, Inc., is an Ohio corporation headquartered at 4900 East Dublin Granville Road, Columbus, Ohio 43081. Upon information and belief, Big Lots, Inc. is the parent company of Big Lots' subsidiaries, and itself or through its subsidiaries conducted the business which is the subject of this Complaint in Kentucky.

4.      Defendant, Big Lots Ecommerce LLC, is an Ohio limited liability company headquartered at 4900 East Dublin Granville Road, Columbus, Ohio 43081. Upon to information and belief Big Lots Ecommerce LLC is responsible for, among other things, Big Lots' online commerce through its website biglots.com which sells merchandise, including the Infringing Products in Kentucky.

5.      Defendant, Big Lots Stores, Inc., is an Ohio corporation registered, and doing business in Kentucky with its principal office at 300 Phillipi Road, Columbus, Ohio 43228.

6.      Defendant, Big Lots Stores, LLC is an Ohio limited liability company registered, and doing business in Kentucky with its principal office at 4900 East Dublin Granville Road, Columbus, Ohio 43081.

7.      Defendant, Big Lots Management, LLC is an Ohio limited liability company registered, and doing business in Kentucky with its principal office at 4900 East Dublin Granville Road, Columbus, Ohio 43081.

8.      Defendant, Bruce Thorn, is the President, Chief Executive Officer, and a member of the Board of Directors for Big Lots, Inc. Upon information and belief, Bruce Thorn resides at 10115 E. Hualapai Drive Scottsdale, Arizona 85255.

9.      Defendant, Kristen Cox, is Big Lots, Inc.'s Senior Vice President and Chief of Stores Officer. Upon information and belief, Kristen Cox can be served at Big Lots, Inc. headquarters at 4900 East Dublin Granville Road, Columbus, Ohio 43081.

10.      Defendant, Juan Guerrero, is Big Lots, Inc.'s Senior Vice President and Chief Supply Chain Officer. Upon information and belief, Juan Guerrero can be served at Big Lots, Inc. headquarters at 4900 East Dublin Granville Road, Columbus, Ohio 43081.

11.      Defendant, Kevin Kuehl, is Big Lots, Inc.'s Senior Vice President and General Merchandise Manager of Home, Apparel, and Global Sourcing. Upon information and belief, Kevin Kuehl resides at 10559 Wellington Blvd Powell, Ohio 43065-8765.

12.      Defendant, Seth Marks, is Big Lots, Inc.'s Senior Vice President of Extreme Value Sourcing. Upon information and belief, Seth Marks can be served at Big Lots, Inc. headquarters at 4900 East Dublin Granville Road, Columbus, Ohio 43081.

13.      Defendant, Shelly Trosclair, is Big Lots, Inc.'s Senior Vice President and General Merchandise Manager of Furniture & Seasonal. Upon information and belief, Shelly Trosclair resides at 6008 Shala Circle, Nashport, Ohio 43830.

14.      Defendant, Matt Weger, is Big Lots, Inc.'s Senior Vice President and Chief Digital & Technology Officer. Upon information and belief, Matt Weger resides at 175 Walnut Ridge Lane Westerville, Ohio 43081.

15.    Defendant, Margarita Giannantonio, was formerly Big Lots, Inc.'s Chief Merchandising Officer. Upon information and belief, Margarita Giannantonio resides at 6742 Printers Blvd. New Albany, Ohio 43054.

16.    Defendant, Steven Rogers, was formerly Big Lots, Inc.'s Vice President of Purchasing. Upon information and belief, Steven Rogers resides in Arizona, but his address is unknown to Plaintiff at this time. However, upon information and belief, Steve Rogers may be served at 7180 Troy Hill Drive, #L, Elkridge, Maryland 21075.

17.    Defendant, Viition (Asia) Limited, is a Singaporean supplier of manufactured products, including the Infringing Products. Viition (Asia) Limited's principal place of business is located at 10 Anson Road, #27-18, International Plaza, Singapore 079903, and can be served through the Hague Convention.

18.    Defendant, Millenium Gifts Limited, is a supplier of manufactured products, including the Infringing Products, from Hong Kong. Millenium Gift's principal place of business is located at Hongfan Building, Jiangnan Industrial Zone, Quanzhou Fujian, China 362321, and can be served through the Hague Convention.

19.    John Does Numbers 1 through 99 are fictitious names for Defendant persons or business entities which have without authorization copied, reproduced, published, created derivative works, displayed, transmitted, imported, distributed, and sold Gerson's Copyrighted Works in and through the Infringing Products which are the subject of this Complaint for or on behalf of Big Lots, or in concert or privity with them, including without limitation, manufacturers, importers, distributors, exhibitors, and vendors, and for persons, including corporate officers, directors, managers, operators, representatives, and agents, or business entities or individuals having the right to supervise the infringing activities and a financial interest therein. The true

identities of these John Doe Defendants are unknown to Gerson at this time but will be added by amendment to this Complaint once their identity becomes known to Plaintiff.

20.     At all times relevant herein, Big Lots, the Individual Infringers, and the Foreign Suppliers either directly engaged in the business of copying, reproducing publishing, creating derivative works of, displaying, transmitting, importing, distributing, and selling Gerson's Copyrighted Works in and through the Infringing Products without authorization, or were in a position with the right to supervise the infringing activities and had a financial interest therein.

## JURISDICTION

21.     Pursuant to 17 U.S.C. § 101 *et seq* and 28 U.S.C. §§ 1331 and 1338, jurisdiction is proper in the United States District Court for the Western District of Kentucky because this case pertains to causes of action arising under the Federal Copyright Act.

22.     Pursuant to 28 U.S.C. §1391(b), and the Kentucky Long Arm Statute, jurisdiction and venue are proper in the Western District of Kentucky because the Foreign Suppliers and Individual Infringers, through Big Lots, have been conducting business by and through the sale of the Infringing Products within the Commonwealth of Kentucky, including within Western District of Kentucky.

## FACTUAL BACKGROUND

23.     For over 80 years Gerson has been a leader in the creation, development, importation, and distribution of on-trend seasonal and everyday home décor products. Its mission is to design, source, and provide exciting quality products at competitive prices, delivered accurately, efficiently, and with integrity. Gerson hosts showroom spaces to display its home décor products in Olathe, Kansas, Atlanta, Georgia, Dallas, Texas, and Las Vegas, Nevada. Gerson also has sourcing offices in Hong Kong and Shanghai, China.

24.     In or about 2003, Sandy Cooper and the company she founded, Garden Meadow, Inc. ("Garden Meadow") began developing several lines of decorative solar-powered garden lights and accessories in  decorative design configurations of things like, people, fairies, plants, fungi, animals, insects, birds, and fish, with specific coloration, both when illuminated and unilluminated, made from metal, most with a rustic brown patina and an ornate filigree decorative styling (collectively, the "Garden Meadow Decorative Solar Powered Metal Sculptures").

25.     On July 16, 2014, Gerson acquired by assignment all intellectual property owned by Garden Meadow and its principal Sandy Cooper (the "Assignment"), including without limitation, copyrights in and to the Garden Meadow Decorative Solor Powered Metal Sculptures.

26.     At all times since the Assignment, Gerson has manufactured, marketed, distributed, and sold the Garden Meadow Decorative Solar Powered Metal Sculptures and, in addition, has created works including but not limited to works based on, derived from, or sharing design features of Garden Meadow Decorative Solar Powered Metal Sculptures. (The Garden Meadow Decorative Solar Powered Metal Sculptures and the new works created by Gerson are collectively referred to herein as "Decorative Solar Powered Metal Sculptures.")

27.     Gerson advertises, markets, promotes and sells its Decorative Solar Powered Metal Sculptures through the hundreds of thousands of catalogs and other marketing materials it has widely distributed over the years, as well as at trade shows and in showrooms in the United States and internationally, including China, and through its long-cultivated, specialized, and highly valuable knowledge of and relationships with decision-makers at certain high volume retailers who are or have been customers, like Big Lots, or prospective customers, which Gerson has developed through research, trial and error, and significant investment over many years.

28.     Gerson owns copyright in the Decorative Solar Powered Metal Sculptures which are the subject of this litigation. Copyright registrations have been issued for the Decorative Solar Powered Metal Sculptures depicted in paragraphs 30 through 42 below (collectively, the "Copyrighted Works").

29.     Gerson is the owner of Copyright Registration No. VA0001670130, titled "Solar Garden Girl" which was created by Sandy Cooper in 2008, and has an Effective Date of Registration ("EDR") of May 26, 2009. Gerson acquired ownership of the "Solar Garden Girls" copyright by Assignment. A photograph of "Solar Garden Girls" is below as well as incorporated by reference herein and attached as Exhibit A.



30.     Gerson is the owner of Copyright Registration No. VA0001719664 titled "Solar Fairies with Planter" which was created by Sandy Cooper in 2009 and has an EDR of May 4, 2010. Gerson acquired ownership of the "Solar Fairies with Planter" copyright by Assignment. A photograph of "Solar Fairies with Planter" is below as well as incorporated by reference herein and attached at Exhibit B.



9

31.      Gerson is the owner of Copyright Registration No. VAu000967176 titled "Roly Poly Frogs" which was created by Sandy Cooper in 2008. "Roly Poly Frogs" has an EDR of July 31, 2008. Gerson acquired ownership of the "Roly Poly Frogs" copyright by Assignment. A photograph of "Roly Poly Frogs" is below as well as incorporated by reference herein and attached at Exhibit C.



32.      Gerson is the owner of Copyright Registration No. VA0001772480 titled "Solar Frog Prince" which was created by Garden Meadow Inc. in 2010 and has an EDR of May 12, 2011. Gerson acquired ownership of the "Solar Frog Prince" copyright by Assignment.  A photograph of "Solar Frog Prince" is below as well as incorporated by reference herein and attached at Exhibit D.



33.      Gerson is the owner of Copyright Registration No. VA0001425761 titled "Solar Engraved Duck" which was created by Sandy Cooper in 2006 and has an EDR of July 17, 2007. Gerson acquired ownership of the "Solar Engraved Duck" copyright by Assignment. A photograph

of "Solar Engraved Duck" is below as well as incorporated by reference herein and attached at Exhibit E.



34.     Gerson is the owner of Copyright Registration No. VAu000967184 titled "Solar Scroll Dogs" which was created by Sandy Cooper in 2008. "Solar Scroll Dogs" has an EDR of July 31, 2008. Gerson acquired ownership of the "Solar Scroll Dogs" copyright by Assignment. A photograph of "Solar Scroll Dogs" is below as well as incorporated by reference herein and attached at Exhibit F.



35.     Gerson is the owner of copyright registration no. VA0001720786 titled "Solar Welcome Dog and Cat" which was created by Sandy Cooper in 2009 and has an EDR of May 11, 2010. Gerson acquired ownership of the "Solar Welcome Dog and Cat" copyright by Assignment. A photograph of "Solar Welcome Dog and Cat" is below as well as incorporated by reference herein and attached at Exhibit G.



36.     Gerson is the owner of copyright registration no. VA2396154 titled "Duck Boots 71176" which was created by Gerson in 2020 and has an EDR of March 13, 2024. A photograph of "Duck Boots 71176" is below as well as incorporated by reference herein and attached at Exhibit H.



37.     Gerson is the owner of copyright registration no. VA2395900 titled "Frog Crown 71184" which was created by Gerson in 2020 and has an EDR of March 13, 2024. A photograph of "Frog Crown 71184" is below as well as incorporated by reference herein and attached at Exhibit I.



38.     Gerson is the owner of copyright registration no. VA2395996 titled "Frog Top Hat 71184" which was created by Gerson in 2020 and has an EDR of March 13, 2024. A photograph of "Frog Top Hat 71184" is below as well as incorporated by reference herein and attached at Exhibit J.



39.     Gerson is the owner of copyright registration no. VA2395680 titled "Spinner Frog 72134" which was created by Gerson in 2010 and has an EDR of March 13, 2024. A photograph of "Spinner Frog 72134" is below as well as incorporated by reference herein and attached at Exhibit K



40.     Gerson is the owner of copyright registration no. VA2395757 titled "Garden Fairy 71638" which was created by Gerson in 2019 and has an EDR of March 13, 2024. A photograph of "Garden Fairy 71638" is below as well as incorporated by reference herein and attached at Exhibit L.



41.     Gerson is the owner of Copyright Registration No. Vau000967188 titled "Solar Scroll Owls" which was created by Sandy Cooper in 2008. "Solar Scroll Owls" has an EDR of July 31, 2008. Gerson acquired ownership of the "Solar Scroll Owls" copyright by Assignment. A photograph of "Solar Scroll Owls" is below as well as incorporated by reference herein and attached at Exhibit M.



42.     At all times referred to herein, Gerson has promoted, including without limitation through catalogs, online, and the physical display of the Decorative Solar Powered Metal Sculptures, and depictions thereof, and it continues to promote  Decorative Solar Powered Metal Sculptures, including the Copyrighted Works in showrooms in the United States and abroad, at trade shows, through visits to and communications with buyers, and through broad dissemination of print and online catalogs and other advertising and marketing materials and media.

43.     Gerson's customers for Decorative Solar Powered Metal Sculptures include big box retailers, including but not limited to Big Lots, to which customers Gerson directs marketing materials and media to promote the Decorative Solar Powered Metal Sculptures. At all times relevant herein, as a customer of Garden Meadow and Gerson, Big Lots has had access to Decorative Solar Powered Metal Sculptures, including without limitation the Copyrighted Works, and promotional material and media related thereto.

44.     Beginning in or about 2006, and every year since, first Garden Meadow, and then Gerson, sold Decorative Solar Powered Metal Sculptures to Big Lots for Big Lots' sale online via its website at biglots.com as well as in its brick-and-mortar stores across the United States.

45.     As part of their usual course of business, at all times referred to herein, Garden Meadow, and then Gerson, presented and offered to sell Decorative Solar Powered Metal Sculptures to Big Lots, including without limitation the Copyrighted Works, and Big Lots selected and purchased Decorative Solar Powered Metal Sculptures from Garden Meadow, and then Gerson, for its subsequent sale to consumers online via its website at biglots.com and in its brick-and-mortar stores.

46.     At all times referred to herein, Big Lots had access to the Decorative Solar Powered Metal Sculptures, including without limitation the Copyrighted Works, and knew that first Garden

Meadow, and then Gerson, owned all rights, title, and interest, including copyright, therein and thereto. Big Lots knew that Garden Meadow, and then Gerson, was the owner of such rights and had the exclusive authority to fulfill orders by Big Lots for Decorative Solar Powered Metal Sculptures and ordered Decorative Solar Powered Metal Sculptures from Garden Meadow and then Gerson. As part of their ongoing course of business first Garden Meadow, and then Gerson, would present the available assortment of Decorative Solar Powered Metal Sculptures, including without limitation the Copyrighted Works, to Big Lots for it to select and purchase for inclusion in its garden light offerings for the upcoming spring and summer for Big Lots' subsequent advertisement and sale in its brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky, and on its website at biglots.com.

47.    In or about the spring of 2023, a Gerson representative became aware that Big Lots was considering purchase of unauthorized copies of Decorative Solar Powered Metal Sculptures that were substantially similar to the Copyrighted Works, shown to Big Lots by Gerson.

48.    In or about April 3, 2023, a Gerson representative advised Big Lot's Senior Seasonal Buyer, Nicole Landers, that the unauthorized copies of the Decorative Solar Powered Metal Sculptures under consideration for purchase infringed Gerson's proprietary rights, including copyright, in and to its Copyrighted Works, by sending notice of the infringement allegations via email to which Big Lot's representative Nicole Landers responded " appreciate you letting me know! Thank you!!"

49.    Upon information and belief, Nicole Landers forwarded the April 3, 2023, email to other colleagues at Big Lots, including but not limited to the Individual Infringers.

50.    Upon information and belief, Big Lots copied Gerson's Decorative Solar Powered Metal Sculptures shown to it by Gerson to develop, design, manufacture, and produce

unauthorized copies of Gerson's Copyrighted Works, which are the Infringing Products complained of herein, incorporated herein by reference and more specifically depicted in Exhibit N.

51.     Upon information and belief, Big Lots recognized the Infringing Products as being and intended the Infringing Products to be substantially similar to Gerson's Decorative Solar Powered Metal Sculptures, including the Copyrighted Works, and procured them for subsequent advertisement and sale as a lower cost substitute for Gerson's Decorative Solar Powered Metal Sculptures.

52.     Upon information and belief, the Foreign Suppliers were the manufacturers and/or suppliers of the Infringing Products Big Lots procured.

53.     Upon information and belief, the Foreign Suppliers copied, reproduced, published, created derivative works of, displayed, transmitted, imported, and distributed Gerson's Copyrighted Works in and through the Infringing Products, which they sold to Big Lots for Big Lots to advertise and sell online and in its brick-and-mortar stores across the United States.

54.     Commencing at least as early as January 12, 2024, on Big Lots' website at biglots.com, and at least as early as January 26, 2024, in Big Lots' brick-and-mortar stores, the Infringing Products were available for purchase throughout the United States, including without limitation in Louisville, Jefferson County, Kentucky.

55.     On or about January 26, 2024, and again on or about January 29, 2024, a Gerson representative sent a letter via email to Big Lots Chief Merchandising Officer, Margarita Giannantonio, advising her of Big Lots' procurement of the Infringing Products and that Big Lots was actively selling the Infringing Products online as well as in its brick-and-mortar stores despite the previous correspondence with Nicole Landers.

56.     Upon information and belief, Margarita Giannantonio forwarded the January 26, 2024, and January 29, 2024, emails to other colleagues at Big Lots, including but not limited to the Individual Infringers.

57.     On or about February 6, 2024, undersigned counsel sent Big Lots' General Counsel, Rocky Robins, a letter via email and FedEx advising that Big Lots was actively selling the Infringing Products online as well as in its brick-and-mortar stores despite the previous correspondences with Margarita Giannantonio and Nicole Landers.

58.     Upon information and belief, Rocky Robins forwarded the February 6, 2024, letter to other colleagues at Big Lots, including but not limited to the Individual Infringers.

59.     The Infringing Products are unauthorized copies of the protectable elements of, and substantially similar to, Gerson's Copyrighted Works.

60.     The Infringing Products are lower quality and cheaper than Gerson's Decorative Solar Powered Metal Sculptures.

61.     Bruce Thorn as the President, Chief Executive Officer, and a member of the Board of Directors for Big Lots, Inc. initiated and supervised the implementation and execution of Big Lots' business endeavors and initiatives, which included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

62.     Upon information and belief, Bruce Thorn's compensation schedule and bonus structure gave him a financial stake in the sale of Infringing Products.

63.     Kristen Cox as Big Lots, Inc.'s Senior Vice President and Chief of Stores Officer initiated and oversaw the development, implementation, and execution of Big Lots' brick-and-

mortar stores' operational strategies, which included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

64.     Upon information and belief, Kristen Cox's compensation schedule and bonus structure gave her a financial stake in the sale of the Infringing Products.

65.     Juan Guerrero as Big Lots, Inc.'s Senior Vice President and Chief Supply Chain Officer controlled Big Lots' product movement from vendors to stores and company in-stocks including importing, transporting, distributing, merchandising planning and replenishment, and eCommerce fulfillment, which directly included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

66.     Kevin Kuehl as Big Lots, Inc.'s Senior Vice President and General Merchandise Manager of Home, Apparel, and Global Sourcing controlled Big Lots' merchandise strategy including buying and international product procurement, which directly included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

67.     Seth Marks as Big Lots, Inc.'s Senior Vice President of Extreme Value Sourcing controlled strategic sourcing efforts with Big Lots, Inc.'s Merchandising Team to procure products, which directly included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at

biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

68.     Shelly Trosclair as Big Lots, Inc.'s Senior Vice President and General Merchandise Manager of Furniture & Seasonal controlled Big Lots' overall merchandising strategy and execution, which directly included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

69.     Matt Weger as Big Lots, Inc.'s Senior Vice President and Chief Digital & Technology Officer controlled Big Lots' Information Technology and e-commerce teams which directly included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

70.     Margarita Giannantonio, as Big Lots, Inc.'s former Chief Merchandising Officer controlled the development and implementation of product strategies aimed to maximize sales growth, profitability, and relevance across all product categories, which directly included the copying, reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

71.     Steven Rogers as Big Lots, Inc.'s former Vice President of Purchasing controlled product acquisition for all Big Lots stores, which directly which included the copying,

reproduction, publication, display, transmittal, importation, distribution, advertisement, purchase, and sale of the Infringing Works by Big Lots online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §101 *et seq*)

72.     Gerson incorporates by reference paragraphs 1 through 71 above as if fully set forth herein.

73.     Gerson is the sole owner of all right, title, and interest, including copyright, to the following Decorative Solar Powered Metal Sculptures previously identified above collectively as the "Copyrighted Works": "Solar Garden Girl"; "Solar Fairies with Planter"; "Roly Poly Frogs"; "Solar Frog Prince"; "Solar Engraved Duck"; "Solar Scroll Dogs"; "Solar Welcome Dog and Cat"; "Duck Boots 71176"; "Frog Crown 71184"; "Frog Top Hat 71184"; "Spinner Frog 72134"; "Garden Fairy 71638"; "Solar Scroll Owl."

74.     Big Lots copied, reproduced, published, displayed, transmitted, imported, distributed, advertised, and eventually sold the Infringing Products depicted below:

| Gerson's Copyrighted Works | Big Lots' Infringing Products |
|---|---|
|  | |

21





75.     Big Lots, or by and through its agents, employees, and representatives, including Juan Guerrero, Kevin Kuehl, Seth Marks, Shelly Trosclair, Matt Weger, Margarita Giannantonio, and Steven Rogers, with notice of Gerson's right, title, and interest in and to the Copyrighted Works, and without Gerson's authorization, infringed Gerson's Copyrighted Works by copying, reproducing, publishing, displaying, transmitting, importing, distributing, advertising, and the eventual sale of the Infringing Products online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

76.     Upon information and belief, Big Lots, Juan Guerrero, Kevin Kuehl, Seth Marks, Shelly Trosclair, Matt Weger, Margarita Giannantonio, and Steven Rogers willfully, deliberately,

and maliciously infringed Gerson's Copyrighted Works by copying, reproducing, publishing, displaying, transmitting, importing, distributing, advertising, and the eventual sale of the Infringing Products without authorization despite numerous communications from Gerson advising that the Infringing Products infringed the Copyrighted Works.

77.    Upon information and belief, the Foreign Suppliers without Gerson's authorization infringed Gerson's Copyrighted Works by creating derivative works of, and copying, reproducing, publishing, displaying, transmitting, importing, distributing, advertising, and eventually the sale of the Infringing Products to Big Lots.

78.    Big Lots, Juan Guerrero, Kevin Kuehl, Seth Marks, Shelly Trosclair, Matt Weger, Margarita Giannantonio, Steven Rogers, and the Foreign Suppliers are directly liable for copyright infringement because each of them, upon information and belief, either created derivative works of, or copied, reproduced, published, displayed, transmitted, imported, distributed, advertised, or eventually sold the Infringing Products online at biglots.com as well as in Big Lots' brick-and-mortar stores across the United States, including in Louisville, Jefferson County, Kentucky.

79.    Defendants Bruce Thorn and Kristen Cox in their roles with Big Lots had control or supervisory authority over the infringing actions complained of herein.

80.    In the alternative, Defendants Juan Guerrero, Kevin Kuehl, Seth Marks, Shelly Trosclair, Matt Weger, Margarita Giannantonio, and Steven Rogers in their roles with Big Lots also had control or supervisory authority over the infringing actions complained of herein.

81.    Upon information and belief, the Individual Infringers' compensation schedule and bonus structure gave them a financial stake in the sale of the Infringing Products because, incentives based, at least in part, on the sale of the Infringing Products gave them a financial stake in the infringing activities at issue herein, including as a portion of the Individual Infringers' salary,

or as a bonus, some portion of which derived from the sale of the Infringing Products, or, the impact of the revenues derived from the sale of the Infringing Products impacted Big Lots' stock price.

82.     Because the Individual Infringers had control or supervisory authority over the infringing activities complained of herein as well as a financial stake in the sale of the Infringing Products, the Individual Infringers are vicariously liable in their individual capacity to Gerson.

83.     Big Lots', the Individual Infringers', and the Foreign Suppliers' creation of derivative works, and copying, reproducing, publishing, displaying, transmitting, importing, distributing, advertising, and the eventual sale of the Infringing Products caused Gerson to suffer irreparable injury because their acts of infringement damaged, and will continue to damage Gerson's exercise of and authority with respect to its exclusive rights in and to Decorative Solar Powered Metal Sculptures, including without limitation, the Copyrighted Works, and its good works, good name, good reputation, goodwill and its valuable relationship with its big-box customers.

84.     Monetary damages are an inadequate remedy at law to completely compensate Gerson for Big Lots', the Individual Infringers', and the Foreign Suppliers' actions complained of herein because, upon information and belief, unless enjoined from doing so by this Court, all will continue to commit acts of infringement against Gerson's intellectual property in the future, including with respect to the Copyrighted Works and Decorative Solar Powered Metal Sculptures.

85.     A permanent injunction is warranted considering the differences in hardships potentially suffered by the Parties. Big Lots, the Individual Infringers, and the Foreign Suppliers must simply cease committing acts of infringement against Gerson's Decorative Solar Powered Metal Sculptures, including without limitation the Copyrighted Works, and Gerson will no longer

suffer damages caused by Big Lots, the Individual Infringers, and the Foreign Suppliers to Gerson's exercise of and authority with respect to its exclusive rights in and to Decorative Solar Powered Metal Sculptures, including without limitation the Copyrighted Works, and its good works, good name, good reputation, goodwill, and its valuable relationship with its big-box customers.

86.    Ordering a permanent injunction enjoining Big Lots, the Individual Infringers, and the Foreign Suppliers from committing acts of infringement against Gerson's intellectual property, including without limitation the Decorative Solar Powered Metal Sculptures, also including without limitation the Copyrighted Works, would not hurt public interest because it is in the public's interest for infringing goods be removed from the market.

87.    Big Lots', the Individual Infringers', and the Foreign Suppliers' infringement of Gerson's Copyrighted Works caused and will continue to cause immediate and irreparable harm to Gerson unless this Court enjoins them.

**WHEREFORE,** Gerson respectfully requests the following relief:

1.    That Big Lots, the Infringing Individuals, and the Foreign Suppliers be required to account to Gerson for Big Lots' profits and the actual damages suffered by Gerson as a result of Big Lots' infringement;

2.    That Big Lots, the Infringing Individuals, and the Foreign Suppliers be ordered to surrender to Gerson all property, tangible and intangible including, but not limited to all goods, merchandise and materials that infringe upon Gerson's Copyrighted Works, and all tooling, templates, patterns, or other means and media used by Big Lots, the Infringing Individuals, and the Foreign Suppliers to copy, manufacture, reproduce, publish, display, distribute, transmit, market, promote, license and sell the Infringing Products;

3.      That Gerson be awarded actual damages and profits or statutory damages against Big Lots, the Infringing Individuals, and the Foreign Suppliers, in an amount to be determined, subject to Gerson's election with respect thereto;

4.      That Big Lots, the Infringing Individuals, and the Foreign Suppliers be compelled to pay Gerson's attorney fees and costs in connection with this action;

5.      That Gerson be allowed the option to elect statutory damages for Big Lots', the Infringing Individuals', and the Foreign Suppliers' copyright infringement, including but not limited to their willful and malicious copyright infringement;

6.      For leave to amend this Amended Complaint, including by adding parties and claims and by amending this prayer for damages, and otherwise, as the facts and circumstances may warrant from time to time;

7.      For trial by jury of all issues so triable; and

8.      For all other and further relief to which Gerson may otherwise be entitled.

Respectfully submitted,

 _/s/ Christopher A. Bates_____
KYLE A. CITRYNELL, KY Bar No. 77512
CHRISTOPHER A. BATES, KY Bar No. 87308
D. RYAN MCCRAY, KY Bar No. 100535
SEILLER WATERMAN LLC
462 South Fourth Street, 22nd Floor,
Louisville, KY 40202
Telephone: (502) 584-7400
Email: citrynell@derbycitylaw.com
Email: bates@derbycitylaw.com
Email: mccray@derbycitylaw.com
*Counsel for The Gerson Companies*

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D



# EXHIBIT E



# EXHIBIT F



# EXHIBIT G



# EXHIBIT H



# EXHIBIT I



# EXHIBIT J



# EXHIBIT K



# EXHIBIT L



# EXHIBIT M



# EXHIBIT N

**Big Lots' Infringing Products**





AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.  3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Juan Guerrero, Individually
4900 East Dublin Granville Road
Columbus, OH 43081

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  09/03/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

|  |  |  |
|---|---|---|
| THE GERSON COMPANY | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-CV-370-GNS |
| BIG LOTS, INC., ET AL. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kevin Kuehl, Individually
10559 Wellington Boulevard
Powell, OH 43065-8765

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/03/2024_____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*


                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.  3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Kristen Cox, Individually
4900 East Dublin Granville Road
Columbus, OH 43081

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/03/2024_____        _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.  3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Margarita Giannantonio, Individually
6742 Printers Boulevard
New Albany, OH 43054

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  09/03/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                            *Server's signature*

                                                 _____
                                                            *Printed name and title*


                                                 _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.  3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Matt Weger, Individually
175 Walnut Ridge Lane
Westerville, OH 43081

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  09/03/2024

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Seth Marks, Individually
4900 East Dublin Granville Road
Columbus, OH 43081

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/03/2024_____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No.  3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Shelly Trosclair, Individually
6008 Shala Circle
Nashport, OH 43830

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____09/03/2024_____      _____
                                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| THE GERSON COMPANY | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| BIG LOTS, INC., ET AL. | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No. 3:24-CV-370-GNS

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Steven Rogers, Individually
7180 Troy Hill Drive, #L
Elkridge, Maryland 21075

Service: Kentucky Secretary of State
Summons Branch
700 Capital Avenue, Suite 86
Frankfort, KY 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kyle A. Citrynell
Christopher A. Bates
Seiller Waterman, LLC
462 S. 4th Street, 22nd floor
Louisville, KY 40202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: 09/03/2024

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:24-CV-370-GNS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                   _____
                                               *Server's signature*

                                         _____
                                            *Printed name and title*


                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc: