**Exhibit 1**

**Lease Sale Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 137** |

## ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-POSSESSION TO TERMINATE OR ASSUME, ASSIGN AND SELL CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, (i) establishing procedures (the "**Lease Sale Procedures**") to sell or transfer certain unexpired leases of non-residential real property (each, a "**Lease**"); (ii) scheduling an auction to sell the leases detailed in the Lease Sale Procedures (the "**Lease Auction**") and a hearing to approve one or more Sales (the "**Lease Sale Hearing**"); and (iii) granting related relief; and the Court having entered an interim order granting the relief requested in the Motion on September 11, 2024 [Docket No. 137] (the "**Order**"); and in accordance with the Order, the Debtors having conducted a Lease Auction on September 18, 2024;

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the Debtors having filed a notice of Successful Bidder on September 19, 2024 [Docket No. 229] (the "**Post-Auction Notice**"); and the Debtors having determined, in the exercise of their business judgement and in consultation with their advisors and the Consultation Parties, that the offers listed on **Exhibit A** attached hereto are the highest and best offers for the respective Leases; and the Court having determined that the legal and factual bases set forth in the Motion and the A&G Declaration [Docket No. ___] establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

      **NOW, THEREFORE**, the Court hereby finds as follows:

      A.     After good and sufficient notice of the Motion having been provided and the occurrence of the Lease Auction on September 18, 2024, the purchase prices listed on **Exhibit A** are the highest and best offers received by the Debtors for the Leases listed therein.

      B.     A reasonable opportunity to object or be heard regarding the Post-Auction Notice has been afforded to all interested persons and entities, including the landlords for the premises referenced on **Exhibit A** (the "**Landlords**").

      C.     The Debtors have determined in the exercise of their reasonable business judgment that the Leases should be sold and assigned or terminated, as applicable, to the parties listed on **Exhibit A** (the "**Buyers**").

      D.     The assumption, assignment and sale or termination, as applicable, of the Leases to the Buyers pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors.

      E.     The consideration to be paid by Buyers pursuant to the Assumption and Assignment Agreements or Termination Agreements dated September 30, 2024 (the

"**Agreements**"), copies of which are attached as **<u>Exhibit B</u>** hereto, constitutes adequate and fair value for the Leases.

        F.        Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, the Buyers have provided adequate assurance of future performance under the Leases, as applicable.

        G.        The assumption and assignment of the Leases to the Buyers is in compliance with Section 365(b)(3) of the Bankruptcy Code.

        H.        The Agreement was negotiated and entered into in good faith, from an arm's length bargaining positions, by the Debtors and the Buyers. Each Buyer is hereby found to be a good faith purchaser of the Leases and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

        I.        The Debtors have provided sufficient notice certain known and potentially interested third parties concerning the abandonment of personal property left at the Lease premises.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

        1.        The Procedures Motion as to the assignment of the Leases to each Buyer is hereby approved.

        2.        Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the Debtors are each hereby authorized to assume, sell and assign to each Buyer the Leases, pursuant to the terms and provisions of the Agreement all of the terms of which are hereby approved.

        3.        In accordance with Section 363 of the Bankruptcy Code, the Leases shall be transferred free and clear of all free and clear of any leasehold mortgages, subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, liens,

interests, mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.

4. Upon the entry of this Order and the occurrence of the Closing Date (as defined in the Agreement), each Buyer shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in each of the Leases which are due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

5. Upon entry of this Order and the occurrence of the Closing Date, each Buyer shall be entitled to the protections of Bankruptcy Code Section 363(m).

6. Pursuant to Section 365(b)(l) of the Bankruptcy Code, to the extent a Cure Cost is owed to a Counterparty, the applicable Cure Cost will be paid by the Debtors. Any objection of any Counterparty to the assumption or assignment or transfer of any Leases, any Cure Cost, or seeking further adequate assurance of future performance other than that provided in the Agreement, to the extent not otherwise resolved by agreement, contemplated to be heard after the Lease Sale Hearing, or by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to any Buyer or the Debtors as a result of the assumption and assignment of the Leases. Upon remittance of the Cure Costs by the Debtors, the Landlords shall be barred from asserting any additional cure amounts or other claims with respect to the Leases.

7. On and after the Closing Date, each Buyer shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under the Leases due on or after the Closing Date.

8. The proceeds of the Lease Sales shall be payable in accordance with the DIP Orders and the Approved Budget (as defined in the DIP Orders).

9. All personal property and furniture, fixtures and equipment ("**FF&E**") remaining in the stores subject to the Leases on or after the Closing Date shall be deemed abandoned and each Buyer may, without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or consenting third parties.

10. The sale and assignment of the Leases, payment of the Cure Costs and the transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any liability pursuant to Section 365(k) of the Bankruptcy Code.

11. Except as otherwise agreed between any Landlord and each Buyer, nothing in this Order shall be deemed to annul or vary any provision of the Leases other than the following provisions (the "**Invalid Provisions**"):

    a. a provision prohibiting each Buyer's Intended Use of the premises, as defined in each Agreement;

    b. a provision unreasonably prohibiting necessary alterations to the premises or signage required to convert the premises to each Buyer's Intended Use, as defined in each Agreement;

    c. a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Leases or an increase in rent or other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by any Buyer in reestablishing retail operations after the assignment, to the extent any such provision does not permit any Buyer to "go dark" until the later of: (i) one hundred twenty (120) days after the Closing Date (as defined in the Agreement) of the assignment of the Leases, or such later time, when the particular facts and circumstances of a given store warrant additional time, which circumstances shall

include, without limitation, the age and condition of the shopping center, the ability to obtain any permits and documents necessary to complete construction, the location of the premises in the shopping center, the shape of the premises to be assigned, the demographics of the shopping center's location and the overall quality of the shopping center and its existing tenants or (ii) the Going Dark Period (as defined in each Agreement) listed in each applicable Agreement;

   d. a provision conditioning assignment on landlord consent, or requiring payment to the landlord as the price of assignment, or granting landlord the right to recapture the leased premises following the assignment;

   e. a provision effecting forfeiture or a modification of any of a Buyer's rights or obligations presently in effect under the Leases upon an assignment by the Debtors of the Leases;

   f. a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

   g. a provision restricting a Buyer's ability to place reasonable signage on the premises;

   h. a provision requiring the use of a certain tradename;

   i. a provision regarding minimum sales revenues required to be satisfied at the stores covered by the Leases; and

   j. any radius provisions set forth in the Leases to the extent applicable to any existing stores of each Buyer located near the Debtors' premises (but such radius provisions shall at all times apply to any new stores which might be opened by each Buyer in the area of Debtors' premises after Closing).

12. None of the Invalid Provisions shall apply to any Buyer in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or Buyers of the Invalid Provisions shall constitute an event of default under any of the Leases.

13. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and Buyers are authorized to close the Lease Sales set forth in the Agreements immediately upon entry of this Order. Time is of the essence in closing the Lease Sale transaction referenced herein, and the Debtors and Buyers intend to close the Lease Sale transactions as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

14. Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Leases and the Agreements.

15. The Landlords of the Leases shall accept and honor the assignment of the Leases to the Buyers.

16. The Landlords shall cooperate and expeditiously execute and deliver, within ten (10) days of any reasonable requests of any Buyer and at no cost to the Landlords, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Agreement.

17. Notwithstanding anything to the contrary in the Interim Order, this Order or the Lease Sale Procedures, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant to any Lease Sale(s) without the express prior written consent of the applicable insurer and/or third-party administrator.

18. Any party which did not object to the Lease Auction, Cure Cost & Lease Sale Hearing Notice within the time set forth in the notice is deemed to consent to the Debtors' assumption and assignment of the Leases and the satisfaction of the requirements of Section 365 of the Bankruptcy Code.

19. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of each Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the Lease Sale (but all landlord/tenant disputes arising subsequent to closing which do not involve the Lease Sale, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

20. The Debtors and Buyers are hereby authorized and directed to execute and deliver any and all documents and to do all things reasonably necessary to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Leases, in accordance with the terms of the Agreements, and to carry out the terms and conditions of such Agreements.

21. The Agreements and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with

the terms thereof without further order of the Court but shall not in any way effect the rights and obligations under the Leases, provided that any such modification, amendment or supplement is not material and adverse to the Debtors.

22. The Buyers are not successors in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the Leases first accruing after each Buyer takes assignment thereunder as provided for under the Agreement), or their bankruptcy estates as a result of each Buyer taking title or possession of the Leases and the subject premises, and the Buyers are not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Agreement.

23. This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

24. Any remaining objections to the assignment of the Leases to each Buyer that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections are overruled in all respects and denied.

25. Any provision in the Leases regarding percentage rent to the extent of Debtors' sales prior to the Closing Date shall not be imputed against the Buyers provided that each Buyer shall be liable for Percentage Rent for the portion of calendar year 2024 remaining after the Closing Date for a partial calendar year as if the Term began on the Closing Date (and each Buyer shall not be liable to pay any Percentage Rent based upon sales that occurred prior to the Closing exhibit Date) and no Percentage Rent is due and owing for period prior to the Closing Date.

26. To the extent this Order is inconsistent with any prior order or filing with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern and any prior orders shall be deemed amended or otherwise modified to the extent required to permit

consummation of the Sale Transactions.  To the extent there is any inconsistency between the terms of this Order and the terms of the Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

27. The failure to specifically include any particular provision of the Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Agreement and all other related documents be authorized and approved in their entirety pursuant to this Order.

28. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates; *provided, further*, that the Debtors shall provide any such modification, amendment, or supplement to the Secured Parties and any official committee appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement; *provided further,* that after Closing, the final versions of the Agreement any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court.

# EXHIBIT A

| Lease Asset(s) | Lease Counterparty | Successful Bidder | Type of Agreement | Price[3] |
|---|---|---|---|---|
| #4634, 17510 N 75th Ave., Glendale, AZ | Glendale Arrowhead, LLC | Glendale Arrowhead, LLC | Lease Termination | $56,674 |
| #4667, 2840 E Main St., STE 109, Mesa, AZ | RED MOUNTAIN ASSET FUND I, LLC | Burlington Coat Factory Warehouse Corporation | Assignment Agreement | $95,712 |
| #4754, 1085 Bellevue Rd, Atwater, CA | Ethan Conrad | Ethan Conrad | Lease Termination | $28,661 |
| #4739, 951 W Pacheco Blvd, Los Banos, CA | Ethan Conrad | Ethan Conrad | Lease Termination | $33,690 |
| #4283, 665 Fairfield Dr, Merced CA | Ethan Conrad | Ethan Conrad | Lease Termination | $26,488 |
| # 1918, 8700 La Riviera Dr, Sacramento, CA | Ethan Conrad | Ethan Conrad | Lease Termination | $36,161 |
| #4054, 1417 S Broadway, Santa Maria, CA | Mideb Nominees, Inc. | Burlington Coat Factory Warehouse Corporation | Assignment Agreement | $95,712 |
| #4749, 1840 Countryside Dr, Turlock, CA | NINE ISLAND 11, LLC | Burlington Coat Factory Warehouse Corporation | Assignment Agreement | $95,712 |
| #1659, 3426 Kohler Memorial Dr, Sheboygan, WI | Plankview Green Development, LLC | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |
| #5147, 1470 Pleasant Valley Rd, Manchester, CT | Plaza at Buckland Hills, LLC | Burlington Coat Factory Warehouse Corporation | Assignment Agreement | $95,712 |
| #5169, 34940 Emerald Coast Pkwy, Destin, Fl | Paradise Isle Destin, LLC | Paradise Isle Destin, LLC | Lease Termination | $54,687 |
| #4635, 340 Summit Drive, Lockport IL | Gator Lockport LLC | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |
| #4735, 616 W Johnson St, Fond Du Lac, WI | NS Retail Holdings, LLC | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |
| #5457, 3331 Corridor Marketplace, Laurel, MD | Corridor Market Place, LLC | [to come] | Assignment Agreement | [to come] |
| #4767, 1690 S Main St, West Bend, WI | Spirit Realty LP | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |
| #4764, 751 Upper Glen St, STE 2, Queensbury, NY | UPPER GLEN STREET ASSOCIATES, LLC | Ocean State Jobbers, Inc. | Assignment Agreement | $80,000 |

---

[3] Certain Landlord bid prices may be netted by outstanding cure amounts as provided for in the applicable Termination Agreements.

| Location | Landlord | Tenant | Agreement Type | Amount |
|---|---|---|---|---|
| #5449, 713 E Baltimore Ave, Clifton Heights, PA | Gator Clifton Partners, LTD | Burlington Coat Factory Warehouse Corporation | Assignment Agreement | $95,712 |
| #5305, 5415 Washington Ave, Mount Pleasant, WI | NH Lakeville LLC | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |
| #5415, 7743 Sudley Rd, Manassas, VA | Agree Central, LLC | Agree Central, LLC | Lease Termination | $325,000 |
| #5463, 687 Main St, Thomson, GA | Thomson Plaza Shopping Center, LLC | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |
| #5477, 339 South Dr, Natchitoches, LA | River South Commons, LLC | Ollie's Bargain Outlet, Inc. | Assignment Agreement | $80,007 |

**EXHIBIT B**

**Agreements**

**[to come]**