**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 16 & 239** |

**NORTHTOWNE PLAZA PROPERTIES, LTD.'S LIMITED OBJECTION TO THE NOTICE
OF LIST OF ADDITIONAL CLOSING STORES PURSUANT TO THE INTERIM ORDER (I)
AUTHORIZING DEBTORS TO ASSUME THE CONSULTING AGREEMENT, (II)
AUTHORIZING STORE CLOSING SALES AND APPROVING RELATED PROCEDURES,
AND (III) GRANTING RELATED RELIEF [D.I. 239]**

Northtowne Plaza Properties, Ltd. ("Northtowne") by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 239] (the "Additional Store Closing Notice") filed by Big Lots, Inc. and each of its subsidiaries (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"). In support of the Limited Objection, Northtowne respectfully states as follows:

**PRELIMINARY STATEMENT**

Northtowne understands that the Debtors are implementing their chosen reorganization pathway, which includes the liquidation and closing of certain of their stores. However, Northtowne is entitled to be protected by its contractual rights with respect to the Lease (defined herein) between it

---

[1]   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

1

and the Debtors and seeks to reserve its rights to pursue an administrative claim to the extent it incurs damages during and following the proposed store closing sale at its leased premises which it previously negotiated for under the terms of the Lease.

### RELEVANT BACKGROUND

1.      The Debtors and Northtowne are parties to a commercial lease agreement pertaining to a certain shopping center commonly known as North Towne Plaza Shopping Center located at 6900 San Pedro Avenue, San Antonio, Texas (the "Leased Premises").[2]  The original lease was entered into on December 24, 1997 and has been twice amended (the "Lease")[3].

2.      At the conclusion of the Lease, the Debtors have the contractual obligation to remove all their personal property from the Leased Premises and repair any damage to the Leased Premises caused by the removal of the Debtors' personal property.  If the Debtors fail to remove their personal property from the Leased Premises, Northtowne is entitled to remove the property, store it, and repair all damage caused by the removal at the Debtors' expense.

3.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions initiating the Chapter 11 Cases.

4.      As of the Petition Date, the Debtors and Northtowne were parties to the Lease which is an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code.

5.      On the Petition Date, the Debtors filed the *Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 16] (the "Store Closing Motion").

6.      As a schedule to the Store Closing Motion, the Debtors proposed store closing procedures for the store closing sales [D.I. 16-1] (the "Store Closing Procedures").

7.      Paragraph 5 of the Store Closing Procedures provides that

---

[2] Northtowne reserves the right to supplement this filing with Lease exhibits to the extent a factual hearing is necessary to resolve this Limited Objection.

[a]t the conclusion of the store Closing Sales (such date, the "Termination Date"), the Consultant shall vacate the Stores; *provided* that the Consultant may abandon any Store Closing Assets (including machinery, rolling stock, office equipment and personal property, and conveyor systems and racking) not sold in the Store Closing Sales at the Termination Date, without cost or liability of any kind to the Consultant. The Consultant shall notify the Debtors and the DIP Agents (as defined in the DIP Orders) of its intention to abandon any Store Closing Assets at least three (3) days prior to the Termination Date. The Debtors will have the option to remove the Store Closing Assets, at its own cost prior to the Termination Date, or abandon the Store Closing Assets. For the avoidance of doubt, as of the Termination Date, the Consultant may leave in place, and without further responsibility, any of the Store Closing Assets.

Store Closing Procedures ¶ 5.

8.     On September 11, 2024, the Court entered the Interim Order Approving the Store Closing

Motion [D.I. 134] (the "Interim Store Closing Order").

9.     Paragraph 28 of the Interim Store Closing Order states that

[n]othing in this Interim Order shall (a) alter or affect the Debtors' obligations to comply with section 365(d)(3) of the Bankruptcy Code or (b) alter or modify the rights of any lessor or other counterparty to a Lease with the Debtors to file an appropriate motion or otherwise seek relief if the Debtors fail to comply with section 365(d)(3) of the Bankruptcy Code; *provided* that the conduct of the Store Closing and Store Closing Sales in accordance with the Store Closing Procedures, as may have been modified by any Side Letter, shall not be in violation of section 365(d)(3) of the Bankruptcy Code. The Debtors are authorized to enter into short-term extension agreements with respect to any Lease that is set to expire during the Sale Term.

Interim Store Closing Order ¶ 28.

10.     Further, paragraph 36 of the Interim Store Closing Order states that

[p]rior to conducting Sales at any additional stores pursuant to the procedures set forth herein (the "Additional Closing Stores"), the Debtors shall file a list including such Additional Closing Store with this Court (each, an "Additional Closing Store List"), and serve a notice of their intent to conduct the Sales at the Additional Closing Store on the applicable landlords (collectively, the "Additional Closing Store Landlords"), the Additional Closing Store Landlord's counsel of record (if known), and other interested parties by email (to the extent available to the Debtors) or overnight mail. With respect to Additional Closing Store Landlords, the Debtors will mail, if applicable, such notice to the notice address set forth in the lease for such Additional Closing Store (or, if none, at the last known address available to the Debtors).

*Id.* at ¶ 36.

---

[3] For purposes of this filing, the originally entered lease and its subsequent amendments are all referred to as the Lease.

11.     On September 20, 2024, the Debtors filed the Additional Store Closing Notice.

12.     In the Additional Store Closing Notice, Leased Premises is identified as a store that will be closed and at which the Debtors intend to conduct a store closing sale.

## LIMITED OBJECTION

13.     11 U.S.C. § 363(e) provides that

> [n]otwithstanding any other provisions of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. § 363(e).

14.     Additionally, section 365(d)(3) of the Bankruptcy Code mandates that "[t]he trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3).

15.     While recognizing that the Debtors are implementing their chosen reorganization strategy, which may include closing the store that is the subject of the Lease and liquidating their assets, Northtowne is concerned that the Store Closing Procedures do not adequately protect its interests pursuant to 11 U.S.C. § 363(e) and that the Debtors will not perform their contractual obligations under the Lease prior to its rejection under 11 U.S.C. § 365(d)(3).

16.     Specifically, Northtowne requests that this Court recognize that the Debtors have the obligation to remove all their personal property from the Leased Premises and repair any damage to the Leased Premises caused by the removal of the Debtors' personal property.  If the Debtors fail to remove their personal property from the Leased Property, Northtowne is entitled

under the Lease to remove the property, store it, and repair all damage caused by the removal at the Debtors' expense.

17.     To the extent that this provision of the Lease is not complied with and all areas of the Leased Premises are not left in "broom swept condition" causing Northtowne to incur clean-up costs following the Debtors' abandonment of the Leased Promises,[4] Northtowne is entitled to an administrative claim for those costs.[5]

18.     Furthermore, Northtowne seeks to ensure that all banners that are hung by the Debtors and their professionals in accordance with the Store Closing Procedures are done so in strict conformity with the provisions of the Lease.  To the extent that the provisions of the Lease conflict with the Store Closing Procedures, the Lease should control.

19.     Additionally, at the conclusion of the store closing sale, the Debtors should be required to turn over (1) any and all store alarm codes, keys, passwords for systems, etc. and (2) copies of all inspection reports for the HVAC system, fire alarm, system, alarm system, etc.

## RESERVATION OF RIGHTS

20.     Northtowne specifically reserves and preserves all of its rights to assert any additional administrative claims that may arise during the proposed store closing sale at the Leased Premises in addition to those that have been asserted herein.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Northtowne requests that this Court enter an order modifying the Store Closing Procedures as they relate to the Leased Premises to ensure strict compliance with the Lease, reserving Northtowne's right to assert an administrative claim following

---

[4] Prior to surrendering the Leased Premises, a non-exclusive list of what could cause the incurrence of an administrative claim related to clean-up includes but is not limited to failure to clean the frontage windows, failure to remove all signage, failure to remove all trade fixtures, failure to clean the outside loading dock and compactor areas, failure to remove all storage containers, and failure to remove all parking lot carriages.

[5] This Limited Objection shall not be deemed a waiver of Northtowne's right to receive all post-petition rent payments that are properly due and owing to it in full, including ongoing tax payments owed as rent under the Lease, as an administrative claim, which Northtowne intends to enforce and shall be asserted at the appropriate procedural posture.

the conclusion of the store closing sale and surrender of the Leased Premises (to the extent applicable), and granting such other and further relief as is just and proper.

Dated: September 25, 2024
       Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.**C

 /s/ Joseph C. Barsalona II
Joseph C. Barsalona II (No. 6102)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6497
Facsimile: (201) 488-5556
Email:  jbarsalona@pashmanstein.com

-and-

David E. Sklar (admitted *pro hac vice*)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: dsklar@pashmanstein.com

*Counsel to Northtowne Plaza Properties, Ltd.*