# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**Objection Deadline:**<br>October 9, 2024 at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>October 2, 2024 at 4:00 p.m. (ET) |

### DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER
### (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY
### CONTRACTS, AND (II) GRANTING RELATED RELIEF

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS LISTED ON EXHIBIT 1 TO THE PROPOSED ORDER, ATTACHED HERETO AS EXHIBIT A.**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts, and (II) Granting Related Relief* (this "**Motion**"). In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**RELIEF REQUESTED**

1. The Debtors seek entry of an order substantially in the form attached as **Exhibit A** (the "**Proposed Order**"): (i) authorizing the Debtors to reject certain executory contracts (the "**Specified Contracts**") identified on **Exhibit 1**,[2] and (ii) granting related relief.

**JURISDICTION, VENUE, AND AUTHORITY**

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("**Local Rules**") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**"), as supplemented by rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2] The Debtors seek to reject the Specified Contracts identified on **Exhibit 1** to the Proposed Order to the extent that the Specified Contracts have not already been terminated in accordance with the terms of the applicable contract.

**BACKGROUND**

5.  On September 9, 2024 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 23, 2024, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to 11 U.S.C. § 1102(a)(1). No trustee or examiner has been appointed in the Chapter 11 Cases.

6.  Big Lots is a one-stop shop home discount retailer. Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies. Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

7.  Additional detail regarding the Debtors, their business, the events leading to the filing of this chapter 11 case, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* (D.I. 77) (the "**Ramsden Declaration**") and incorporated herein by reference.

8.  By this Motion, to preserve and maximize the value of their estates, the Debtors, in an exercise of their business judgment, seek to reject the Specified Contracts.

**A.  Rejection of the Specified Contracts**

9.  As the Debtors have continued to work tirelessly to maintain their business as a going concern and preserve liquidity, the Debtors have, in consultation with their advisors, identified certain executory contracts that are financially burdensome, no longer necessary to the

administration of the Debtors' estates, and unlikely to generate value for the Debtors' estates on a go-forward basis. These executory contracts include, for example, marketing, cloud service and software service agreements which the Debtors have reasonably determined are duplicative, can be replaced at a lesser cost or are not necessary to the Debtors' continued operations. Accordingly, in the exercise of their business judgment, the Debtors seek to reject the Specified Contracts identified in this Motion.

**BASIS FOR RELIEF**

**I.    Rejecting the Specified Contracts is a Sound Exercise of the Debtors' Business Judgment and Should be Authorized.**

10.    Section 365(a) of the Bankruptcy Code provides that a debtor may, with court approval, assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365(a). In determining whether to approve a debtor's request to assume or reject an executory contract or unexpired lease, courts generally defer to the debtor's business judgment. *See Sharon Steel Corp. v. Nat'l Fuel Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989); *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts to authorize the rejection of an executory contract is that of "business judgment"); *see also In re Taylor*, 913 F.2d 102 (3d. Cir. 1990); *In re Buckhead Am. Corp.*, 180 B.R. 83 (Bankr. D. Del. 1995).

11.    Courts generally will not second-guess a debtor's business judgment concerning rejection of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (internal citation omitted). The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's

4

estate. *N.L.R.B. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3rd Cir. 1982) (noting that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate") *aff'd*, 465 U.S. 513 (1984).  Further, "[s]ection 365 enables the [debtor] to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed").

12. Under the circumstances, the rejection of the Specified Contracts is an appropriate exercise of the Debtors' business judgment that will reduce financial, administrative and other burdens on the Debtors' estates.  The Debtors have determined that the costs of continued performance under the Specified Contracts outweigh any revenues that these assets currently generate or that they are likely to generate in the near future, which would result in a depletion of value of the Debtors' estates with no countervailing benefit.  For these reasons, the Court should authorize the Debtors to reject the Specified Contracts.

**II.     This Motion Complies with Bankruptcy Rule 6006(f).**

13. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not each between the same parties. Rule 6006(f) states, in part, that such a motion shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;

>   . . .
>
>   (5)   be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
>   (6)   be limited to no more than 100 executory contracts or unexpired leases.

Bankr. R. 6006(f) (subparts (3) and (4) pertain only to motions to assume executory contracts or unexpired leases).

14.     This Motion complies with the requirements of Rule 6006(f) applicable to this Motion because the first page of the Motion states in a conspicuous place that parties should locate their names and contract on **Exhibit 1** to the Proposed Order, **Exhibit 1** lists parties alphabetically and identifies the corresponding Specified Contract, and the Debtors will immediately provide notice to all counterparties to the Specified Contracts of the proposed rejection upon the scheduling of a hearing.

## **RESERVATION OF RIGHTS**

15.     Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtors that exists against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Debtors' rights under the Bankruptcy Code, any other applicable law or any agreement; or (vii) an admission or concession by the Debtors that any lien is valid, and the Debtors expressly reserve and preserve their rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

## **NOTICE**

16. Notice of this Motion is being provided to: (a) the counterparties to the Specified Contracts; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Committee; (d) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (e) Otterbourg P.C., as counsel to the Term Agent; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **CONCLUSION**

The Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A** and grant such other relief as is just and proper under the circumstances.

| | |
|---|---|
| Dated: September 25, 2024<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/ *Sophie Rogers Churchill*<br>Robert J. Dehney, Sr. (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Tamara K. Mann (No. 5643)<br>Sophie Rogers Churchill (No. 6905)<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>Wilmington, DE 19801<br>Tel: (302) 658-9200<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>tmann@morrisnichols.com<br>srchurchill@morrisnichols.com<br>csawyer@morrisnichols.com<br><br>*-and-*<br><br>DAVIS POLK & WARDWELL LLP<br><br>Brian M. Resnick (admitted pro hac vice)<br>Adam L. Shpeen (admitted pro hac vice)<br>Stephen D. Piraino (admitted pro hac vice)<br>Ethan Stern (admitted pro hac vice)<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>stephen.piraino@davispolk.com<br>ethan.stern@davispolk.com<br><br>*Proposed Counsel to the Debtor and Debtor in Possession* |