## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date:**<br>**October 9, 2024, at 1:00 p.m. (ET)** |
| | **Objection Deadline:**<br>**October 2, 2024 at 4:00 p.m. (ET)** |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order Establishing Procedures For Interim Compensation and Reimbursement of Expenses For Retained Professionals* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1.      By this Motion, and pursuant to sections 105, 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016(a) of the Federal Rules of Bankruptcy Procedure

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

(the "**Bankruptcy Rules**"), and rule 2016-2 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing and establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals who (a) will be retained pursuant to section 327 of the Bankruptcy Code and, if applicable, section 1103 of the Bankruptcy Code and (b) are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code (collectively, the "**Retained Professionals**").  Specifically, the Debtors request that the payment of fees and reimbursement of expenses of Retained Professionals be structured in accordance with the procedures described herein.

## Jurisdiction, Venue, and Authority

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.    General Background

5.    On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 23, 2024, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to 11 U.S.C. § 1102(a)(1).  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.    The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court, on September 10, 2024, in each of the Chapter 11 Cases.[2]

7.    Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3].

### B.    Retention of Professionals

8.    On September 18, 2024, the Debtors filed applications seeking approval to employ and retain, as Retained Professionals, (a) Davis Polk & Wardwell LLP, as proposed counsel to

---

[2]    *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

represent them in the Chapter 11 Cases, (b) Morris, Nichols, Arsht & Tunnell LLP, as proposed

Delaware counsel, (c) AlixPartners, LLP, as proposed financial advisors, (d) Guggenheim

Securities, LLC, as proposed investment banker, and (e) Kroll Restructuring Administration LLC

as claims and noticing agent.[3]  The Debtors may need to retain additional Retained Professionals

in connection with the continued proceedings of the Chapter 11 Cases.[4]

### C.    The Proposed Compensation Procedures

9.    The Debtors believe that establishing orderly procedures for the payment of fees

and reimbursement of expenses of Retained Professionals would (a) streamline the administration

of the Chapter 11 Cases and otherwise promote efficiency for the Court, the office of the United

States Trustee for the District of Delaware (the "**U.S. Trustee**"), and all other parties in interest,

(b) allow the Debtors to closely monitor the costs of administering the Chapter 11 Cases, (c) ensure

that the Debtors are maintaining an appropriate level of liquidity so as to satisfy their retention

obligations, and (d) ensure the accuracy of the Debtors' forecasted cash flows.  Accordingly, the

Debtors propose that the payment of compensation and reimbursement of expenses of the Retained

---

[3]  On September 10, 2024, the Court entered an order authorizing the Debtors' employment and retention of Kroll Restructuring Administration LLC as claims and noticing agent.  *See Order Authorizing Retention and Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent* [D.I. 96].  Both with respect to its retention as allowed pursuant to the aforementioned order and with respect *Debtors' Application for an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor* Nunc Pro Tunc *To the Petition Date* [D.I. 209], Kroll Restructuring Administration LLC is considered a Retained Professional in the Chapter 11 Cases.

[4]  The Debtors may seek authority to retain other ordinary course professionals (the "Ordinary Course Professionals Motion").  If the Ordinary Course Professionals Motion is granted, such professionals would not be required to file individual retention applications and would, subject to monthly invoices reflecting reasonable fees, be paid in full each month without filing monthly fee statements or interim or final fee applications.  As may be set forth in the Ordinary Course Professionals Motion, any ordinary course professional seeking payment of fees and disbursements exceeding the applicable monthly cap would be obligated to file a notice of excess fees.  For the avoidance of doubt, the term "Retained Professionals" used herein does not include any professional retained in accordance with any order entered granting the Ordinary Course Professionals Motion.

Professionals be structured in accordance with the terms and conditions set forth in **Exhibit 1** to the Proposed Order (the "**Compensation Procedures**"),[5] and incorporated herein by reference.

10.     Pursuant to the Compensation Procedures, Retained Professionals may file Monthly Fee Statements with the Court and serve them upon the Compensation Notice Parties (which includes the Debtors, counsel to any official committee appointed in the Chapter 11 Cases, Choate, Hall & Stewart LLP, as counsel to the ABL Agent, Otterbourg P.C., as counsel to the Term Agent and the U.S. Trustee.  If no objections from the Compensation Notice Parties are received by the applicable Retained Professional(s) within 14 days of such filing, 80% of the fees and 100% of the expenses requested by such Retained Professional(s) would be payable by the Debtors.  Interim Fee Applications may be similarly filed with the Court and served on the Compensation Notice Parties every three months, through which the Retained Professionals will seek the Court's approval of the 20% holdback of their fees.

11.     Finally, the Debtors request that the Court limit service of the Monthly Fee Statements and the Interim Fee Applications (and the notices thereof) to the Compensation Notice Parties and submit that establishing a streamlined process for serving and providing notice of such statements and applications is appropriate to provide the parties most active in the Chapter 11 Cases the opportunity to review the Retained Professionals' fees and expenses while also saving the Debtors unnecessary administration costs.

**Basis for Relief**

12.     Section 330 of the Bankruptcy Code provides, in relevant part, as follows:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A)

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Compensation Procedures.

reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

13.     Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

[A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.  Under section 331 of the Bankruptcy Code, professionals are limited to seeking payment of fees and expenses no more than three times per year absent approval from the bankruptcy court increasing such frequency.  While the Bankruptcy Code remains silent as to the circumstances that may warrant such increases in frequency, "[t]he legislative history noted that the appropriate cases warranting more frequent applications include 'very large cases where the legal work is extensive.'"  3 Collier on Bankruptcy P 331.03 (16th 2023) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41–42 (1978) ("The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments.")).

14.     Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad." (citation omitted)); *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) ("The Third Circuit has construed [section 105 of

-6-

the Bankruptcy Code] to give bankruptcy courts 'broad authority' to provide appropriate equitable relief to assure the orderly conduct of reorganization proceedings, and to 'craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.'" (citations omitted)); *Patrick v. Dell Fin. Servs., L.P. (In re Patrick)*, 344 B.R. 56, 58 (Bankr. M.D. Pa. 2005) ("There is no doubt that § 105(a) is a 'powerful [and] versatile tool' designed to empower bankruptcy courts to fashion orders in furtherance of the Bankruptcy Code." (quoting *Joubert v. ABN AMRO Mortg. Grp., Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir.2005))).

15.    Interim compensation procedures are necessary to avoid having professionals fund the bankruptcy cases. Courts consider several factors in deciding whether to establish interim compensation procedures, including "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation); *see also In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727–30 (Bankr. D. Del. 2000) (approving interim compensation procedures because more frequent payment avoids imposing an "intolerable burden" and "a significant economic disadvantage" on the debtors' professionals, while also permitting the debtors to "better manage their cash flow," and indicating that courts should consider the size of the bankruptcy case when deciding whether to establish interim compensation procedures) (citing *In re Knudsen Corp.*, 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988)).

16.    Here, implementation of the proposed Compensation Procedures is justified and in the best interest of the Debtors' estates and their creditors. The proposed Compensation

Procedures would (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to the Chapter 11 Cases, (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses, (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Statements, and (d) eliminate undue financial burdens on the Retained Professionals. Moreover, absent streamlined compensation procedures, the professional fee application and review process could create an exceptional burden on the Debtors, the Court, the Retained Professionals, and other parties in interest. The proposed Compensation Procedures would greatly simplify the process and preempt unnecessary Court involvement and expenditure of judicial resources. Accordingly, the Debtors submit the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and their creditors, and as such should be granted.

17. In fact, this Court routinely grants relief similar to that requested herein. *See, e.g.*, *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. July 31, 2024) [D.I. 350] (establishing procedures for interim compensation and reimbursement of expenses for retained professionals); *In re Am. Physician Partners, LLC*, No. 23-11469 (BLS) (Bankr. D. Del. Oct. 16, 2023) [D.I. 242]; *In re Amyris, Inc.*, No. 23-11131 (TMH) (Bankr. D. Del. Sept. 14, 2023) [D.I. 279]; *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) [D.I. 519]; *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. Jul. 19, 2023) [D.I. 208]; *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Apr. 25, 2023) [D.I. 200]; *In re ExpressJet Airlines LLC*, No. 22-10787 (MFW) (Bankr. D. Del. Sep. 29, 2022) [D.I. 155]; *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [D.I. 173]; *In re Salem Harbor Power Dev. LP*, No. 22-10239 (MFW) (Bankr. D. Del. Apr. 19, 2022) [D.I. 121]; *In re BHCosmetics Holdings, LLC*, No.

22-10050 (CSS) (Bankr. D. Del. Feb. 7, 2022) [D.I. 125]; *In re PWM Prop. Mgmt. LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021) [D.I. 190].

18.     Based on the foregoing, the Debtors respectfully submit that the Compensation Procedures are fair and reasonable and that the relief requested herein is reasonable, appropriate, and in the best interests of the Debtors, their estates, and their creditors, and as such should be granted.

<u>**Notice**</u>

19.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel to any official committee appointed in the Chapter 11 Cases; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

20.     A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    September 25, 2024
          Wilmington, Delaware

                                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                            */s/ Casey B. Sawyer*
                                            Robert J. Dehney, Sr. (No. 3578)
                                            Andrew R. Remming (No. 5120)
                                            Tamara K. Mann (No. 5643)
                                            Sophie Rogers Churchill (No. 6905)
                                            Casey B. Sawyer (No. 7260)
                                            1201 N. Market Street, 16th Floor
                                            Wilmington, DE 19801
                                            Tel: (302) 658-9200
                                            rdehney@morrisnichols.com
                                            aremming@morrisnichols.com
                                            tmann@morrisnichols.com
                                            srchurchill@morrisnichols.com
                                            csawyer@morrisnichols.com

                                            *-and-*

                                            DAVIS POLK & WARDWELL LLP

                                            Brian M. Resnick (admitted *pro hac vice*)
                                            Adam L. Shpeen (admitted *pro hac vice*)
                                            Stephen D. Piraino (admitted *pro hac vice*)
                                            Ethan Stern (admitted *pro hac vice*)
                                            450 Lexington Avenue
                                            New York, NY 10017
                                            Tel.: (212) 450-4000
                                            brian.resnick@davispolk.com
                                            adam.shpeen@davispolk.com
                                            stephen.piraino@davispolk.com
                                            ethan.stern@davispolk.com

                                            *Proposed Counsel to the Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Hearing Date:**<br>**October 9, 2024, at 1:00 p.m. (ET)** |
| | **Objection Deadline:**<br>**October 2, 2024 at 4:00 p.m. (ET)** |

## NOTICE OF DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS, AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that today, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts, and (II) Granting Related Relief* (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to approval of the relief requested in the Motion must be (a) in writing; (b) filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **October 2, 2024, at 4:00 p.m. (ET)** (the "**Objection Deadline**"); and (c) served so as to be received on or before the Objection Deadline by the undersigned proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING ON THE MOTION WILL BE HELD **OCTOBER 9, 2024, AT 1:00 P.M. (ET)** BEFORE THE HONORABLE J. KATE STICKLES AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**PLEASE TAKE FURTHER NOTICE THAT ONLY OBJECTIONS MADE IN WRITING AND TIMELY FILED AND RECEIVED IN ACCORDANCE WITH THE PROCEDURES ABOVE WILL BE CONSIDERED BY THE COURT AT SUCH HEARING.**

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

*(Remainder of page intentionally left blank)*

Dated:  September 25, 2024
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL
LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and Debtors in
Possession*