**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Case No.:    1:24-bk-11967 (JKS) |
| BIG LOTS, INC., et al., | Chapter 11 |
| Debtors, | [Jointly Administered] |
| | **Objection Deadline:  10/02/2024** |
| | **Hearing Date/Time:  10/09/2024 / 1:00 PM** |

**OMNIBUS LIMITED OBJECTION TO
(1) MOTION OF DEBTORS' FOR INTERIM AND
FINAL ORDERS AUTHORIZING DEBTOR TO ASSUME
THE SERVICES AGREEMENT, ET AL.; (2) MOTION OF DEBTORS
FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY; ET AL.; (3)
MOTION OF DEBTORS FOR ENTRY OF ORDERS APPROVING BIDDING
PROCEDURES FOR SALE OF DEBTORS ASSETS, ET AL.; AND
<u>(4) MOTION OF DEBTORS TO APPROVE DEBTOR IN POSSESSION FINANCING</u>**

**SCOTT RANDOLPH, AS ORANGE COUNTY, FLORIDA TAX COLLECTOR** (the "Tax Collector"), by and through his undersigned attorneys, files this his Omnibus Limited Objection to (1) Motion Of Debtors' For Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, et al. (Doc. №. 16) (the "Store Closing Motion"); (2) Motion Of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property, et al. (Doc. №. 17) (the "Lease Rejection Motion"); (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, et al. (Doc. №. 18) (the "Sale Motion"); and (4) Motion of Debtors to Approve Debtor in Possession Financing (Doc. №. 19) (the "Postpetition Financing Motion"), as follows:

BACKGROUND

1.     These are Chapter 11 bankruptcy cases, the Orders for Relief having been entered on September 9, 2024.  No trustee having been appointed, Debtors continue to operate their affairs as Debtors-in-Possession.

2. The Tax Collector is a first priority secured creditor of the Debtors with respect to ad valorem tangible personal property taxes assessed against Debtor's tangible personal property at seven (7) locations in Orange County, Florida for the year 2024. Copies of the Tax Collector's tangible personal property tax statements for Debtors' seven (7) locations are attached hereto as composite Exhibit A.

3. Pursuant to Fla. Stat. § 197.122, the Tax Collector's lien for the Debtor's tangible personal property taxes arose as of January 1, 2024 and is superior to all other liens on the tangible personal property, including purchase money security interests.

4. Pursuant to Fla. Stat. § 197.333, the 2024 taxes will become due on November 1, 2024 (with a 4% discount) and become delinquent on April 1, 2025. If the 2024 taxes are not paid prior to April 1, 2025, the taxes accrue interest at a rate of one and one-half percent (1.5%) per month pursuant to Fla. Stat. § 197.172 and § 506(b) of the Bankruptcy Code.

5. On September 9, 2024, Debtors filed their Store Closing Motion (Doc. №. 16). The Store Closing Motion requests authority for Debtors to close stores located in Orange County, Florida and sell tangible personal property free and clear of the Tax Collector's lien without payment to the Tax Collector.

6. On September 9, 2024, Debtors filed their Lease Rejection Motion (Doc. №. 17). The Lease Rejection Motion requests authority for Debtors to reject leases in Orange County, Florida and abandon personal property to landlords free and clear of the Tax Collector's lien without payment to the Tax Collector.

7. On September 9, 2024, Debtors filed their Sale Motion (Doc. №. 18). The Sale Motion requests authority for Debtors to sell tangible personal property free and clear of the Tax Collector's lien without payment to the Tax Collector.

8.On September 9, 2024, Debtors filed their Postpetition Financing Motion (Doc. №. 19). Although not clear, the motion appears to provide for the priming of the Tax Collector's first priority lien on the tangible personal property without payment to the Tax Collector.

### **RELIEF REQUESTED**

9.By this Objection, the Tax Collector requests entry of an order granting the Tax Collector adequate protection with respect to his secured claims and liens relating to the payment of 2024 tangible personal property taxes with respect to the Store Closing Motion, the Lease Rejection Motion, the Sale Motion, and the Postpetition Financing Motion (collectively, the "First Day Motions").

10.Section 363(e) of the Bankruptcy Code provides in relevant part: "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

11.Section 361 of the Bankruptcy Code informs as to what relief may be afforded a creditor entitled to adequate protection. In addition to (i) ordering one-time or periodic cash payments or (ii) providing an additional or replacement lien to the extent of a decrease in value of such entity's interest in property, this Court may grant "such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

12. The Tax Collector has no objection to the First Day Motions provided that the Court orders the Debtors to pay their 2024 tangible personal property taxes in November of 2024 when due.

13. Alternatively, the Tax Collector requests that the Tax Collector's lien for the 2024 tangible personal property taxes is preserved against the tangible personal property subject to the First Day Motions so that the Tax Collector has an appropriate remedy should the Buyer or landlord fail to pay the 2024 tangible personal property taxes when they come due.

14. The Tax Collector therefore requests that this Court condition approval of the First Day Motions upon an Order pursuant to § 363(e) of the Bankruptcy Code providing that the Tax Collector's lien for 2024 taxes be preserved against the tangible personal property subject to the First Day Motions or is otherwise adequately protected.

15. In the alternative, should the Court order the tangible personal property to be sold or abandoned free and clear of liens, the Tax Collector requests the Court to order that sufficient proceeds be set aside in a separate escrow account to pay the 2024 taxes on the tangible personal property subject to sale with statutory interest.

WHEREFORE, the Tax Collector respectfully requests that this Court grant the relief requested herein, and such other and further relief as this Court deems just and proper.

| | |
|---|---|
| DATED: SEPTEMBER 26, 2024 | **SEITZ, VAN OGTROP & GREEN, P.A.** |

/s/ *R. Karl Hill*
R. KARL HILL (#2747)
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
302-888-7604
khill@svglaw.com

and

MICHAEL A. PAASCH
Florida Bar №. 852805
DINSMORE & SHOHL LLP
225 East Robinson Street, Suite 600
Orlando, Florida 32801
Telephone: 407-425-9044
michael.paasch@dinsmore.com

*Counsel for Creditor, Scott Randolph,
 Orange County, Florida Tax Collector*