IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BIG LOTS, INC., et al., | ) | Case No. 24-11967 (JKS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  |  | **Related Docket Nos. 13, 66, 137 & 151** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF UPPER GLEN STREET ASSOCIATES, L.L.C. TO DEBTORS' PROPOSED CURE AMOUNTS FOR CERTAIN UNEXPIRED LEASES**

Upper Glen Street Associates, L.L.C. ("**Landlord**"), by and through its undersigned counsel, files this Limited Objection and Reservation of Rights to the Debtors' Notice of Proposed Cure Amounts for Certain Unexpired Leases (Docket No. 66, the "**Cure Notice**") filed in connection with the Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief (Docket No. 13) (the "**Lease Sale Motion**"), and respectfully states as follows:

1. Landlord and Big Lots Stores - PNS LLC (the "**Debtor**") are parties to an unexpired lease dated January 27, 2022 and amendments thereto (the "**Lease**") of non-residential real property located at 751 Upper Glen Street, Suite 2, Queensbury, New York (the "**Leased Premises**").

2. On September 9, 2024 (the "**Petition Date**"), the Debtor and each of its affiliates (collectively, the "**Debtors**") filed voluntary Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The Debtors have continued to operate their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On the Petition Date, the Debtor also filed the Cure Notice indicating that the "Cure Value" ("**Cure Amount**") for the Lease is $42,307.

4. On September 17, 2024, Debtor, through its counsel, advised Landlord that it received a qualified bid (as defined in the Lease Sale Motion) for the Lease from Ocean State Jobbers, Inc. ("**Ocean State**") and provided Ocean State's adequate assurance information.

5. Landlord does not object to the sale of its Lease to Ocean State or to the adequate assurance information provided and hopes to reach an amicable agreement with the Debtors and/or Ocean State regarding the Cure Amount. The Cure Amount indicated by the Debtor, however, is incorrect and includes only regular monthly rent payments due through September 1, 2024. It does not include school taxes or reimbursement for certain repairs to the Leased Premises, both of which are owed by the Debtor under the terms of the Lease and must be cured pursuant to 11 U.S.C. § 365(b)(1)(A).

6. Attached hereto as Exhibit A is a copy of the relevant pages of the Lease. Section 5.E., "Real Estate Taxes," provides that the Landlord shall pay all real estate taxes (excluding certain special assessments not relevant here). Tenant shall pay to Landlord its pro rata share of such taxes within thirty (30) days of receipt of Landlord's invoice to Tenant. (Exhibit A, pp. 15-16). Attached hereto as Exhibit B is Landlord's invoice dated September 4, 2024 for school taxes for the period July 1, 2024 to June 30, 2025, inclusive, in the amount of $29,276.94. While the thirty (30)-day period in which to pay such taxes has not yet expired, ninety-one (91) days of this obligation ($7,299.18) is attributable to the pre-assumption period. Moreover, the entire amount comes due on or about October 3, 2024. If for any reason the assumption is delayed beyond October 3, 2024, the entire amount must be paid as part of the Cure Amount.

4860-8227-6073, v. 2

7. Section 7 of the Lease, entitled "<u>Maintenance</u>," provides that Tenant shall make all repairs necessary to keep the interior portions of the Leased Premises in good repair and defines "interior portions" to include "(ix) electrical, plumbing, sprinkler and other mechanical systems and equipment…exclusively serving" the Leased Premises.  In connection with a five (5)-year mandated New York State inspection, to ensure the Leased Premises passed inspection, Landlord performed necessary repairs to the sprinkler system on October 24, 2023 and February 26, 2024 and is entitled to prompt reimbursement from the Debtors.  Attached hereto as <u>Exhibit C</u> is the invoice to the Debtor dated September 9, 2024.  The entire repair charge, $1,142.76, is attributable to the pre-petition period.  Moreover, if for any reason the assumption is delayed beyond October 8, 2024, the entire amount must be paid as part of the Cure Amount.

8. While neither the taxes nor the repair charges are yet in default, some or all of both are attributable to the pre-assumption period.  If the order approving the sale of this Lease is entered on September 30, 2024, and the assumption occurs on that date, the taxes and repair bill could be paid by Ocean State on or before their due dates.  If, however, if entry of the order and assumption of the Lease is delayed for any reason, the school tax invoice will become delinquent on or about October 3rd and the repair bill on or about October 8th.  In that event, Lessor files this Limited Objection and Reservation of Rights to preserve its right to collect these amounts as part of the Cure Amount.

**CONCLUSION**

Wherefore, Landlord respectfully requests that the Court enter an Order: (i) denying the assumption and assignment of the Lease until such time as the correct cure amount, $72,726.70, is paid to the Landlord in full upon assumption, and (ii) granting such other and further relief as is just and equitable

Dated: September 26, 2024.
      Wilmington, Delaware

Respectfully submitted,

**CHIPMAN BROWN CICERO & COLE, LLP**

    */s/ Mark D. Olivere*
Mark D. Olivere (No. 4291)
Kristi J. Doughty (No. 3826)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email:  olivere@chipmanbrown.com
      doughty@chipmanbrown.com

-and-

**LIPPES MATHIAS, LLP**
Joann Sternheimer, Esq.
Lippes Mathias, LLP
54 State Street
Albany, New York 12207
Telephone: (518) 462-0110
Email: jsternheimer@lippes.com

*Counsel to Upper Glen Street Associates, L.L.C.*