**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, *et al.,*[1]<br><br>　　　　　　　　　Debtors, | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 151** |

**LIMITED OBJECTION OF JOFFE PROPERTIES, LP TO NOTICE OF (A) BID DEADLINE, (B) SALE HEARING, AND (C) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND <u>RESERVATION OF RIGHTS</u>**

Joffe Properties, LP ("<u>Joffe</u>"), by and through its undersigned counsel, files this limited objection and reservation of rights (collectively, the "<u>Limited Objection</u>") to the Debtors' proposed cure amounts set forth in the *Notice of (A) Bid Deadline, (B) Sale Hearing, and (C) Potential Assumption and Assignment of Certain Unexpired Leases* [D.I. 151] (the "<u>Notice</u>"). In support of the Limited Objection, Joffe states as follows:

## <u>BACKGROUND</u>

1.　　Joffe, as Landlord, and Debtor Big Lots Stores-PNS, LLC, as Tenant, are parties to a shopping center lease (the "<u>Joffe Lease</u>") at 5587 Sepulveda Blvd, Culver City, CA.

2.　　On September 9, 2024, each of the above-captioned Debtors (collectively, "<u>Big Lots</u>") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

are operating their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

3. Also on September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures To Reject Executory Contracts and Unexpired Leases* (the "Rejection Motion") [D.I. 17]. The Rejection Motion seeks, among other things, entry of an order authorizing the rejection of the Initial Leases set forth on Exhibit 1 annexed to the Proposed Order accompanying the Rejection Motion. The Joffe Lease is listed on Exhibit 1 at Row 77 with a proposed Effective Rejection Date of September 30, 2024.

4. On September 12, 2024, the Debtors filed the *Notice of (A) Bid Deadline, (B) Sale Hearing, and (C) Potential Assumption and Assignment of Certain Unexpired Leases* [D.I. 151] (the "Cure Notice"). The Cure Notice states that the Debtors "have determined, in the exercise of their business judgment, that each unexpired lease set forth on Exhibit B attached hereto may be assumed and assigned subject to the results of the Lease Auction, subject to the payment of any cure costs (the "Cure Costs") in the amounts set forth on Exhibit B required to assume such unexpired lease, effective as of the date (the "Assumption Date") set forth in Exhibit B or such other date as the Debtors and the Counterparties to such unexpired leases agree." The Cure Notice lists a deadline of September 26, 2024 at 5:00 p.m. (prevailing Eastern Time) to object to any Lease Sale on any grounds, including on account of Cure Costs.

5. The Joffe Lease is listed on Exhibit B to the Cure Notice at Row 80 with an asserted Cure Value of $147,898.

6.      On September 24, 2024, Joffe received a letter from Big Lots stating *"Dear Landlord: Please find enclosed the keys to the premises along with the alarm code. Tenant hereby returns possession of the premises to the landlord as of September 30, 2024 at 11:59pm."*

7.      On September 25, 2024, Joffe's counsel contacted Debtors' counsel and was advised by Debtors' counsel that the Joffe Lease is slated for rejection as of September 30, 2024. However, the hearing on the Rejection Motion is not scheduled to occur until October 9, 2024.

8.      While it is anticipated that the Joffe Lease will be rejected pursuant to the Rejection Motion, Joffe files this Limited Objection out an abundance of caution given that the Debtors reserve the right to remove any contract or lease from the schedule to any Rejection Notice at any time prior to the applicable Rejection Objection Deadline. The *Notice of Hearing Regarding Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* lists October 2, 2024, at 4:00 p.m. (ET) as the applicable Rejection Objection Deadline.

## **LIMITED OBJECTION**

9.      Section 365(b) of the Bankruptcy Code provides in pertinent part as follows:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A)    cures, or provides adequate assurance that the trustee will promptly cure, such default…

(B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)    provides adequate assurance of future performance under such contact or lease.

11 U.S.C. § 365(b)(1).

10. The Debtors' asserted Cure Value of $147,898 does not take into account rent, CAM charges, and other amounts that will come due under the Joffe Lease, and to which Joffe will become entitled to as additional cure amount, if the lease is not rejected as anticipated. Joffe asserts that all amounts due under the Joffe Lease as of the date of any assumption and assignment must be included in the cure amount and paid to Joffe as a condition to any such assumption and assignment.

## **RESERVATION OF RIGHTS**

11. Joffe hereby reserves the right to revise and/or supplement this objection and make such other and further objections as may be appropriate, including, but not limited to, the assertion of additional cure amounts and objecting to any assumption and assignment based on the lack of adequate assurance of future performance.

## **CONCLUSION**

12. For the reasons set forth above, in the event the Joffe Lease is not rejected as anticipated, Joffe respectfully request that this Court: (a) sustain this Limited Objection; (b) enter an order requiring the Debtors or Successful Bidder, as applicable, to pay all amounts owing to Joffe under the Joffe Lease through the date of any such assumption or assumption and assignment, including the cure amounts set forth herein and any additional cure amounts including, but not limited to, cure amounts accruing after the date of this Objection; and (c) grant Joffe such further relief as it deems proper.

[SIGNATURE PAGE FOLLOWS]

Dated: September 26, 2024

Respectfully submitted,

**AUSTRIA LEGAL, LLC**

*/s/ Matthew P. Austria*
Matthew P. Austria (No. 4827)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 521-5197
Facsimile: (302) 291-1772
Email: maustria@austriallc.com

-and-

**SOUTH BAY LAW FIRM**
Michael D. Good
3655 Torrance Blvd., Ste. 300
Torrance, CA 90503
Telephone: (310) 373-2075
Facsimile: (310) 356-3229
Email: mgood@southbaylawfirm.com

*Counsel for Joffe Properties, LP*