## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date:**<br>**To Be Determined** |
| | **Objection Deadline:**<br>**October 3, 2024 at 4:00 p.m. (ET)** |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING PROCEDURES FOR THE RETENTION AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS *NUNC PRO TUNC* TO THE PETITION DATE

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals Nunc Pro Tunc to the Petition Date* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to sections 105, 327, 328, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2014(a) of the Federal Rules of Bankruptcy

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Procedure (the "**Bankruptcy Rules**"), and rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as <u>**Exhibit B**</u> (the "**Proposed Order**"), approving procedures for the retention and compensation of certain professionals that the Debtors employ in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), *nunc pro tunc* to the Petition Date, without the submission of separate retention applications or the entry of separate retention orders for each such Ordinary Course Professional.

## Jurisdiction, Venue, and Authority

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.    General Background

5.      On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 23, 2024, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to 11 U.S.C. § 1102(a)(1).  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court, on September 10, 2024, in each of the Chapter 11 Cases.[2]

7.      Big Lots is a one-stop shop home discount retailer.  Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies.  Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

8.      Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3].

---

[2] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

**B.    The Ordinary Course Professionals**

9.    The Debtors employ various Ordinary Course Professionals to provide services in matters unrelated to the Chapter 11 Cases.  A non-exclusive list of Ordinary Course Professionals that the Debtors employ as of the Petition Date is attached hereto as **Exhibit A** (the "**Ordinary Course Professionals List**").[3]  The Debtors seek to continue employing such Ordinary Course Professionals in the same manner and for the same purposes as the Ordinary Course Professionals were retained before the Petition Date.  The Debtors may also seek to employ additional Ordinary Course Professionals as necessary during the Chapter 11 Cases and will file supplemental lists as necessary.  In the past, the Ordinary Course Professionals have rendered services relating to such diverse subjects as intellectual property, customer claims, litigation, regulatory, compensation, general corporate matters, tax, transactional work, as well as other services for the Debtors in relation to issues that have a direct and significant impact on the Debtors' day-to-day operations.

10.    The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth in the OCP Compensation Procedures (as defined below) are in the best interests of their estates and their creditors.  The Ordinary Course Professionals have a great deal of background knowledge, expertise, and familiarity with the Debtors and their operations.  Thus, the Debtors believe that the continued employment of the Ordinary Course Professionals, many of whom are already familiar with the Debtors' businesses and affairs, is necessary to avoid disruption of the Debtors' normal business operations.

---

[3] Although **Exhibit A** is substantially complete, due to the breadth of issues confronting the Debtors in the normal operation of their businesses, the Debtors may have inadvertently omitted one or more Ordinary Course Professionals.  Accordingly, the Debtors request that the relief sought herein apply to all Ordinary Course Professionals regardless of whether such Ordinary Course Professionals are specifically identified on the Ordinary Course Professional List.  To the extent that the Debtors discover omitted Ordinary Course Professionals, they will file a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals List.

11.     Furthermore, the relief requested would save the estates the substantial expense associated with applying for separate court approval for the employment of each professional.  The requested relief also would avoid the incurrence of substantial additional fees relating to the preparation and prosecution of fee applications.  Likewise, the OCP Compensation Procedures would relieve the Court and the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") of the burden of reviewing numerous fee applications involving relatively small amounts of fees and expenses.

12.     Accordingly, the Debtors propose that the payment of compensation and reimbursement of expenses of the Ordinary Course Professionals be structured in accordance with the terms and conditions set forth in **Exhibit 1** to the Proposed Order (the "**OCP Compensation Procedures**"), incorporated herein by reference.

## Basis for Relief

13.     Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons" retained to represent or perform services of the estate.  11 U.S.C. § 327. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code, courts generally consider whether such entity is involved in the debtor's actual restructuring effort, rather than the debtor's ongoing business operations. *See, e.g., In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *2–4 (D. Del. Dec. 15, 1997) (concluding that servicer met the definition of "professional" where it was undisputed that the servicer "play[ed] a substantial role in the Debtor's estate and that maximizing recovery of the[ ] [r]eceivables [wa]s important to the Debtor's continued operations and reorganization"); *In re Am. Tissue, Inc.*, 331 B.R. 169, 174 (Bankr. D. Del. 2005) (holding that a litigation consulting firm was not a "professional" for purposes of section 327 of the Bankruptcy Code as the litigation consulting firm "did not play a central or significant role in the overall administration of the [d]ebtors'

estate"); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."); *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (explaining that "it is not enough that the party be a professional by education or training," but that they "must also play an integral role in the administration of the bankruptcy case" for consideration as a "professional person" under section 327(a) of the Bankruptcy Code); *In re First Merchs.*, 1997 WL 873551, at *2 (defining "professionals" within the meaning of section 327 as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are merely involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of the administration of the debtor's estate").  In making this determination, courts often consider the following factors:

(a)    whether the entity controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization;

(b)    whether the entity is involved in negotiating the terms of a plan of reorganization;

(c)    whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d)    whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e)    the extent of the entity's involvement in the administration of the debtor's estate; and

(f)    whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See, e.g.*, *In re First Merchs.*, 1997 WL 873551, at *3 (listing factors); *In re Am. Tissue, Inc.*, 331 B.R. at 174. The foregoing factors must be considered in their totality when determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. *See First Merchs.*, 1997 WL 873551, at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered *in toto*.").

14.     Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad." (citation omitted)); *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) ("The Third Circuit has construed [section 105 of the Bankruptcy Code] to give bankruptcy courts 'broad authority' to provide appropriate equitable relief to assure the orderly conduct of reorganization proceedings, and to 'craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.'" (citations omitted)); *Patrick v. Dell Fin. Servs., L.P. (In re Patrick)*, 344 B.R. 56, 58 (Bankr. M.D. Pa. 2005) ("There is no doubt that § 105(a) is a 'powerful [and] versatile tool' designed to empower bankruptcy courts to fashion orders in furtherance of the Bankruptcy Code." (quoting *Joubert v. ABN AMRO Mortg. Grp., Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005))).

15.     The Debtors submit that the Ordinary Course Professionals' employment relates only indirectly to the Debtors' restructuring efforts. In light of the fact that the Ordinary Course Professionals are only granted marginal discretion in performing their work, and that they will not

be involved in administering the Chapter 11 Cases, the Debtors believe that the Ordinary Course Professionals are not "professionals" whose retention must be approved by the Court under section 327 of the Bankruptcy Code.  Specifically, the Ordinary Course Professionals would provide services in connection with the Debtors' ongoing business operations—such services that are ordinarily provided by non-bankruptcy professionals.  Nevertheless, out of an abundance of caution, the Debtors seek the relief requested herein to establish clear mechanisms for the retention and payment of the Ordinary Course Professionals and, thereby, avoid any subsequent controversy with respect thereto.

16.     The Debtors represent that (a) the retention of the Ordinary Course Professionals is necessary for the day-to-day operations of the Debtors' businesses, (b) the expenses for the Ordinary Course Professionals will be monitored, and (c) the Ordinary Course Professionals will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-Ordinary Course Professional.

17.     Moreover, the Debtors submit that, in light of the additional cost associated with the preparation of retention applications for professionals who would receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional.  Accordingly, the Debtors request that the Court dispense with any requirement of individual employment applications and retention orders for each Ordinary Course Professional.

18.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any Ordinary Course Professional has an interest adverse to the Debtors or their estates with respect to the matters for which they are to be employed, and thus, all of the Ordinary Course

-8-

Professionals that the Debtors propose to retain meet the applicable retention requirements under section 327(e) of the Bankruptcy Code.  By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

19.     Other than the Ordinary Course Professionals, all attorneys employed by the Debtors during the Chapter 11 Cases will be retained by the Debtors pursuant to separate retention applications.  Such professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other orders of the Court.

20.     Finally, this Court routinely grants relief similar to that requested herein.  *See, e.g.*, *In re Solar Biotech, Inc.*, No. 24-11402 (LSS) (Bankr. D. Del. Sept. 16, 2024) [D.I. 219]; *In re LL Flooring Holdings, Inc.*, No. 24-11680 (BLS) (Bankr. D. Del. Sept. 11, 2024) [D.I. 273]; *In re DermTech, Inc.*, No. 24-11378 (JTD) (Bankr. D. Del. July 15, 2024) [D.I. 99]; *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. July 29, 2024) [D.I. 343]; *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 20, 2023) [D.I. 617]; *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. June 30, 2023) [D.I. 298]; *In re ExpressJet Airlines LLC*, No. 22-10787 (MFW) (Bankr. D. Del. Sep. 30, 2022) [D.I. 163]; *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [D.I. 181].  The Debtors submit that the circumstances described herein warrant similar relief.

**Debtors' Reservation of Rights**

21.     Nothing contained herein is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, a waiver or impairment of the Debtors' rights to dispute any claim on any grounds, or an assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any

claims related to any Ordinary Course Professional or compensation thereof under applicable bankruptcy and non-bankruptcy law.  Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed, as an admission as to the amount, priority, character, or validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)**

22.     To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances.  The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve and maximize value for their estates and economic stakeholders.  Accordingly, the Debtors respectfully submit that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rule 6004(h).

**Notice**

23.     Notice of this Motion will be provided to the following parties:  (a) the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent; (i) each of the

Ordinary Course Professionals listed on **<u>Exhibit A</u>** attached hereto; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

24.    A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   September 26, 2024
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*