DRAFT

## Exhibit B

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. \_\_\_** |

**ORDER APPROVING PROCEDURES FOR THE RETENTION AND**
**COMPENSATION OF ORDINARY COURSE PROFESSIONALS**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, approving procedures for the retention and compensation of Ordinary Course Professionals, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth in this order (this "**Order**").

2. The Debtors are authorized, but not directed, in their sole discretion to employ the Ordinary Course Professionals, *nunc pro tunc* to the Petition Date, and to compensate such Ordinary Course Professionals pursuant to the terms and conditions set forth in **Exhibit 1** attached hereto (the "**OCP Compensation Procedures**").

3. To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an

"**Ordinary Course Professional Agreement**"), such indemnification provisions are approved subject to the following modifications, applicable during the pendency of the Chapter 11 Cases:

(a) The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement for services other than the services provided under the Ordinary Course Professional Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(b) Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either: (i) judicially determined (the determination having become final no longer subject to appeal) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by the Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing the Chapter 11 Cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in the Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

4. The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. This Order is without prejudice to the Debtors' right to request modification of the Monthly Cap (as defined in the OCP Compensation Procedures).

7. Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

8. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

-5-

11. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

12. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

13. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

## OCP Compensation Procedures

## OCP Compensation Procedures

(a) Each Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (the "**Ordinary Course Professional Declaration**"), substantially in the form attached hereto as **Annex A**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Ordinary Course Professional is to be employed, and shall periodically update such Ordinary Course Professional Declaration to the extent necessary to reflect new facts or circumstances relevant to their retention.

(b) The Debtors' attorneys shall promptly file each Ordinary Course Professional Declaration with the Court and serve it on the following parties (collectively, the "**Reviewing Parties**"):

    (i) the U.S. Trustee (Attn: Linda Casey);

    (ii) Choate, Hall & Stewart LLP, as counsel to the ABL Agent and Otterbourg P.C., as counsel to the Term Agent; and

    (iii) McDermott Will & Emery, as counsel to the Committee.

(c) The Reviewing Parties shall then have 10 days following such service (the "**Objection Deadline**") to notify the Debtors, the Debtors' attorneys, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration. The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(d) If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work.

(e) If an objection is asserted by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within 10 days of the Objection Deadline (the "**Resolution Deadline**"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least 14 days from the Resolution Deadline, or such other date that may be agreeable to the applicable Ordinary Course Professional, the Debtors, and the objecting Reviewing Party. No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration has been filed with the Court and (i) the Objection Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

(f) Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors shall be permitted to pay each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services

rendered and disbursements incurred, 100% of the post-petition fees and disbursements incurred, up to $100,000 per month on average over a rolling three-month period (the "**Monthly Cap**") per Ordinary Course Professional. The Debtors may increase the Monthly Cap for any Ordinary Course Professional with the consent (email is sufficient) of the Reviewing Parties. Absent consent, the Debtors shall file a motion seeking Court authority to increase the Monthly Cap.

(g)  Notwithstanding any professional being designated as an Ordinary Course Professional, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate. To the extent that an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Cap (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of fees in excess of the applicable cap (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred. The Reviewing Parties shall then have 14 days to file an objection to the Notice of Excess Fees with the Court. If no objection is filed after 14 days, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application. If an objection is timely filed and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(h)  Unless a chapter 11 plan has been confirmed, at three-month intervals during the pendency of the Chapter 11 Cases (each, a "**Quarter**"), beginning with the three-month interval which commences on the Petition Date, the Debtors shall file with the Court and serve on the Reviewing Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all post-petition payments made to that Ordinary Course Professional through the reported Quarter; and (iv) a general description of the services rendered by that Ordinary Course Professional. The initial Ordinary Course Professional statement shall cover the period beginning on the Petition Date and ending on December 9, 2024, and shall be filed no later than January 9, 2025.

(i)  The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Cases; *provided*, that such Ordinary Course Professionals comply with these procedures.

(j)  If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professionals List during the Chapter 11 Cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals List (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant Ordinary Course Professionals' Affidavits. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals shall be subject to the terms and conditions set forth herein.

**Annex A**

**Ordinary Course Professional Declaration**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. \_\_\_** |

**DECLARATION OF DISINTERESTEDNESS OF**
_____

**IN SUPPORT OF EMPLOYMENT OF**
_____

**AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

_____, declares and says:

1. I am a [_____] of _____, located at _____ (the "**Firm**").

2. Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Firm provide [INSERT BRIEF DESCRIPTION OF SERVICES – E.G., ACCOUNTING] to the Debtors, and the Firm has consented to provide those services.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

-2-

3.      Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases.  The Firm does not perform services for any such person in connection with the Chapter 11 Cases.

4.      Neither I nor [any partner or associate of the Firm], insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

5.      Neither I nor [any partner or associate of the Firm] has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the [partners and associates] of the Firm.

6.      The Debtors owe the Firm $_____ for prepetition services.

7.      The Firm is conducting further inquiries regarding its retention by creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

8.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on _____, 2024.

                                                  _____
                                                      [Name]