UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | Chapter 11 |
| **BIG LOTS, INC., et al.,** | Case No. 24-11967-JKS |
| Debtors, | Jointly Administered |
| _____ / | Objection Deadline: 10/02/2024<br>Hearing Date/Time: 10/09/2024 / 1:00 PM |

**CREDITOR BROWARD COUNTY'S LIMITED OBJECTION
AND NOTICE OF JOINDER IN SCOTT RANDOLPH, AS ORANGE COUNTY,
FLORIDA TAX COLLECTOR'S OMNIBUS LIMITED OBJECTION TO (1) MOTION
OF DEBTORS FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO
ASSUME THE SERVICES AGREEMENT, ET AL.; (2) MOTION OF DEBTORS FOR
ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY; ET AL.; (3)
MOTION OF DEBTORS FOR ENTRY OF ORDERS APPROVING BIDDING
PROCEDURES FOR SALE OF DEBTORS ASSETS, ET AL.; AND (4) MOTION OF
DEBTORS TO APPROVE DEBTOR IN POSSESSION FINANCING**

Creditor Broward County, Florida ("Broward County") hereby joins in the objection (the "Objection") [Doc. No. 293] filed by Scott Randolph as Orange County, Florida, Tax Collector ("OCT") to *Debtors Motions; (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, et al. (Doc. №. 16) (the "Store Closing Motion"); (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property, et al. (Doc. №. 17) (the "Lease Rejection Motion"); (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, et al. (Doc. №. 18) (the "Sale Motion"); and (4) Motion of Debtors to Approve Debtor in Possession Financing (Doc. №. 19) (the "Postpetition Financing Motion")* (the "Motions"). In support of its Limited Objection, Broward County states as follows.

## SUMMARY AND RELIEF REQUESTED

The debtors appear to be proposing (1) to prime Broward County's property-tax liens (D.E. 20) without adequate protection and (2) to dispose of Broward County's collateral without adequate protection (D.E. 16 and 18). Broward County respectfully asks the Court to (A) exclude Broward County's tax liens from any priming lien and (B) require the Debtors to pay estimated taxes before disposing of property that secures payment of those taxes.

## LIMITED OBJECTION / REQUEST FOR ADEQUATE PROTECTION

1. Broward County is a political subdivision of the State of Florida.

2. In its capacity as tax collector, Broward County is a creditor of the Debtors.

3. Broward County's duties include collection of ad valorem tangible personal property taxes and ad valorem real estate taxes pursuant to Chapter 197, Florida Statutes.

4. Broward County, as tax collector, is in substantially the same position as the OCT.[1]

5. Broward County holds statutory first liens, "superior to all other liens" on tangible personal property ("TPP") of the Debtors. *See* § 197.122, Fla. Stat. These liens arise by operation of law on January 1 of each year and become due and payable on November 1. *Id*.; § 197.333, Fla. Stat.

6. The Motions apply to various locations in Broward County. The locations below have estimated 2024 tangible personal property taxes, in which the liens arose on January 1, 2024.

| Account No. | Debtor | Situs | City | Est. 2024 |
|---|---|---|---|---|
| C00000947159 | Big Lots Stores, LLC 24-11973-JKS | 4847 COCONUT CREEK PKWY | Coconut Creek | $1,437.48 |

---

[1] Although the undersigned represents only Broward, the County is informed and believes that Big Lots had numerous other locations in Florida and that numerous other Florida tax collectors are similarly situated.

| | | | | |
|---|---|---|---|---|
| C00000947157 | Big Lots Stores, LLC 24-11973-JKS | 1761 E HALLANDALE BEACH BLVD | Hallandale | $1,173.18 |
| C00000947151 | Big Lots Stores, LLC 24-11973-JKS | 7067 W BROWARD BLVD B | Plantation | $1,053.07 |
| 600000030785 | Big Lots Stores, LLC 24-11973-JKS | 1440 E COPANS RD | Pompano | $963.99 |
| 600000031539 | Big Lots Stores, LLC 24-11973-JKS | 725 N UNIVERSITY DR | Coral Springs | $955.14 |
| C00000947158 | Big Lots Stores, LLC 24-11973-JKS | 1003 W STATE RD 84 | Ft. Lauderdale | $1,506.63 |
| | | | **Claim Total (Big Lots Stores, LLC):** | **$7,089.49** |
| C00000947152 | Big Lots Stores - PNS, LLC 24-11970-JKS | 3921 OAKWOOD BLVD | Hollywood | $1,727.32 |
| C00000947153 | Big Lots Stores - PNS, LLC 24-11970-JKS | 7930 PINES BLVD | Pembroke Pines | $1,132.56 |
| | | | **Claim Total (Big Lots Stores – PNS, LLC):** | **$2,859.88** |
| | | | **Total All:** | **$9,949.37** |

7.    By this Joinder, Broward County incorporates by reference herein the Objection and prayers for relief set forth in the Objection, supports the arguments made therein, and requests that the relief sought in the Objection be granted to Broward County.

8.    Pursuant to 11 U.S.C. § 363, Broward County does not consent to the sale and objects to the sale of the TPP unless any such sale is made subject to the County's statutory liens or all taxes are paid at time of sale.

9. The Debtors cannot claim they were unaware of their tax obligations. "All owners of property are held to know that taxes are due and payable annually and are responsible for ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed. § 197.122, Fla. Stat.

10. But for the automatic stay, the County could seize sufficient property of the estate to cover its taxes. *See* § 197.412, Fla. Stat.

11. In addition, removal or disposal of liened property from the county boundaries without the lienholder's consent is a criminal offense in Florida. §§ 818.01, 818.03, Fla. Stat.

12. On September 23, 2024, the undersigned wrote to debtors' counsel, but has not yet received a response.

13. Section 363(e) of the Bankruptcy Code provides that a secured party may request adequate protection "at any time."

## PRAYER FOR RELIEF

WHEREFORE, Broward County respectfully asks this Court to enter an order providing:

A. That Broward County's liens be expressly excluded from any order granting priming liens to a DIP lender or other person; and

B. That if a lease is rejected at a location within Broward County, the Debtors must first pay all estimated 2024 taxes; and

C. That if the Debtors sell any property that is subject to a Broward County tax lien, they must first pay all estimated 2024 taxes.

D. Any other relief as the Court deems just and proper.

Respectfully submitted this 27th day of September 2024,

Andrew J. Meyers

                                                                    Broward County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone:    (954) 357-7600
Telecopier:   (954) 357-7641

By    /s/ Scott Andron
       Scott Andron
       Assistant County Attorney
       Florida Bar No.112355
       sandron@broward.org
       *Attorney for Creditor*
       *Broward County, Florida*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 27, 2024, a true and correct copy of this document was served via the Court's CM/ECF system on all counsel of record who are deemed to have consented to electronic service.

                                                                 /s/ Scott Andron
                                                                  Scott Andron