IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS INC*., et al.*,<br><br>Debtors*[1]*. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Joint Administration Requested) |

**LIMITED OPPOSITION TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO PAY PREPETITION CRITICAL VENDOR CLAIMS, FOREIGN VENDOR CLAIMS, AND 503(B)(9) CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTORS' UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM POST-PETITION DELIVERY OF GOODS ORDERED PREPETITION AND AUTHORIZING DEBTORS TO PAY THOSE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS, (III) AUTHORIZING DEBTORS TO RETURN GOODS, (IV) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF LIEN CLAIMANTS, AND (V) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Dewan & Sons and Attic Products (collectively, the "India Vendors"), by counsel, hereby oppose the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(B)(9) Claims in the Ordinary Course of Business, (Ii) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising from Post-Petition Delivery of Goods Ordered Prepetition and*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (Iii) Authorizing Debtors to Return Goods, (Iv) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, And (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* (the "Motion", ECF 11), setting forth the following in support:

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases (the "Bankruptcy Cases") are jointly administered under the above-captioned case. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Bankruptcy Cases.

2. Movants are India-based foreign trade vendors of the pre-petition Debtors, who manufactured and supplied goods to the Debtors, shipping those goods from India. The Debtors placed orders for goods from the India Vendors which have been, or will be, delivered to the Debtors' freight forwarder, but have not been paid for (the "Unpaid Goods").

3. Some of those goods were received by the Debtors in the 20-day period preceding the Petition Date (the "503(b)(9) Goods"), and some goods have been received by the Debtors (or are expected to be received by the Debtors) post-Petition Date (the "Post-Petition Goods"). The India Vendors have claims against the Debtors for Unpaid Goods that are in part general unsecured claims (because they were "received" by the Debtors more than 20 days prior to the Petition Date), and in part administrative (the 503(b)(9) Goods and the Post-Petition Goods).

4. The India Vendors, through counsel, reached out to Debtors' counsel to reach an agreement as to which of the Unpaid Goods would be granted administrative status under the Bankruptcy Code, but to date have been unable to reach a common understanding.

**SUMMARY OF THE INDIA VENDORS' CLAIMS**

5. Movant Dewan & Sons has a general unsecured claim against the Debtors for a sum total of $164,757.16, on the basis of the Unpaid Goods that were received by the Debtors more than 20 days prior to the Petition Date. A detailed accounting of Dewan & Sons' Unpaid Goods, and their correct classification, is attached hereto as **Exhibit A**. Dewan & Sons also has a 503(b)(9) claim equal to $188,011.56 for the 503(b)(9) Goods that it shipped to Debtors. Furthermore, there are $766,715.37[2] in Post-Petition Goods that the Debtors have or will receive from Dewan & Sons after the Petition Date, also with administrative priority.

6. Movant Attic Products has a general unsecured claim against the Debtors for a sum total of $30,975.00, on the basis of the Unpaid Goods that were received by the Debtors more than 20 days prior to the Petition Date. A detailed accounting of Attic Products' Unpaid Goods, and their correct classification, is attached hereto as **Exhibit B**. Attic Products also has a 503(b)(9) claim equal to $30,975 for the 503(b)(9) Goods that it shipped to Debtors. Furthermore, there are $286,810.72 in Post-Petition Goods that the Debtors have or will receive from Attic Products after the Petition Date, also with administrative priority.

**OBJECTION**

7. The India Vendors object to the Motion to the extent that it would impair their claims as classified *supra*, or to the extent that they would be coerced by the terms of the Motion into relinquishing their rights to payment established on the Bankruptcy Code.

8. The India Vendors object to the Motion to the extent that it purports to artificially place limitations on the Debtors' administrative liabilities. For example, the Motion would purport to

---

[2] Not all of the invoices relating to the Post-Petition Goods are presently due. The India Vendors seek payment for the Unpaid Goods in the normal course.

limit the Debtors' liability to vendors asserting claims under section 503(b)(9) of the Bankruptcy Code to $37,000,000. The Motion would have the Court limit expenses owed to Foreign Vendor Claims[3] to $60,000,000.

9. Movants further object to the Motion to the extent that it would purport to allow Debtors to "condition payment of any such …Foreign Vendor Claim [and/or] 503(b)(9) Claim …upon an agreement to continue to supply Goods or Services to the Debtors on such Vendor's or Lien Claimant's 'Customary Trade Terms' during the pendency of the Chapter 11 Cases, or on other such terms and conditions as are acceptable to the Debtors." Motion at 12. The Motion would improperly impair the India Vendor's rights under the Bankruptcy Code, by conditioning the payment of their valid administrative claims on their agreeing on the terms set for in the Vendor Agreement, as set forth in the Motion, Exhibit A.

10. The India Vendors also object to the Motion to the extent that it does not clarify how the Debtors plan to determine the administrative status of goods that were ordered by the Debtors from the Foreign Vendors. If the Debtors are purporting to use the date that goods were delivered to its freight forwarder abroad as the "received" date for those goods, the India Vendors object and assert their argument that the Debtors must apply the dates that the respective goods were actually "received" in their warehouses in the United States.

11. The India Vendors do not object to Motion to the extent that it seeks Court authorization to pay the Foreign Vendors amounts owed as administrative claims of the bankruptcy estate, to the extent that they have valid 503(b)(9) Claims (as properly classified) and Prepetition Order Claims.

---

[3] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

**ARGUMENT**

12. The Court should allow administrative expenses, after notice and hearing, in the amount of the value of any goods received by the debtor within 20 days before the Filing Date. 11 U.S.C. § 503(b)(9). For the purposes of the 503(b)(9) Goods, "receipt" occurred when the debtor took physical possession of the items in the United States, even if contractual risk passes earlier in transit under e.g. FOB incoterms, as is the case here. *In re World Imports, Ltd.*, 862 F.3d 338, 346 (3d Cir. 2017). The Movants' respective 503(b)(9) Goods at issue for the present objection were taken into Debtors' possession within 20 days before the Filing Date, so these 503(b)(9) claims should be allowed.

13. With respect to the Post-Petition Goods, those should also be granted administrative priority under section 503(b)(1) of the Bankruptcy Code, where such claims are for the actual, necessary costs and expenses of preserving the bankruptcy estate. See 11 U.S.C. § 503(b)(1). The Debtors elegantly make this argument in the Motion in a section entitled "Goods Ordered Prepetition and Delivered to the Debtors Post-Petition are Entitled to Administrative Expense Status Under Section 503(b)(1) of the Bankruptcy Code, and Payment of the Prepetition Order Claims is within the Ordinary Course of Business." Motion at 22-24.

> The Debtors submit that, pursuant to section 503(b)(1) of the Bankruptcy Code, obligations that arise in connection with the post-petition delivery of desired and necessary Goods, including Goods ordered prepetition, are in fact administrative expense priority claims in virtually all instances. Indeed, even if the Goods had been received in the ordinary course of the Debtors' business 20 days before the Petition Date, the related claims would receive administrative expense priority under section 503(b)(9) of the Bankruptcy Code. See *In re GWLS Holdings, Inc.*, No. 08-12430 (PJW) (Bankr. D. Del. Oct. 22, 2008); *In re Chateaugay Corp.*, 10 F.3d 944, 956 (2d Cir. 1993) (holding that an obligation from post-petition performance related to a prepetition transaction is entitled to administrative expense priority). Further, where transactions involve both the delivery of goods and associated services, courts have granted priority under section 503(b)(9) of the Bankruptcy Code to the portion of the claim relating to the sale of goods. See *In re NE Opco, Inc.*, 501 B.R. 233, 257 (Bankr. D. Del. 2013). Thus,

the granting of the relief requested herein would likely not provide the Prepetition Order Vendors with any greater priority than they would otherwise have if the relief herein is not granted. Motion ⁋ 40.

14. As administrative expenses of the Debtors' estate, the 503(b)(9) Goods and the Post-Petition Goods need to be paid in full under any viable plan. A chapter 11 debtor cannot emerge from bankruptcy without paying the holders of allowed administrative claims in full on the effective date of the plan or obtaining their consent to different treatment. 11 U.S.C. § 1129(a)(9).

15. The Motion, where the Debtors seek to make such payments conditional, or where the Debtors seek to artificially limit the amount to be allocated to certainly administrative expense categories, would potentially impair the Debtors' ability to emerge from bankruptcy.

## RESERVATION OF RIGHTS

16. Nothing in this Objection is intended to be, or should be construed as, a waiver by the India Vendors of any of their rights under their respective invoices, the Bankruptcy Code, or applicable law, including other orders of this Court entered herein. The India Vendors expressly reserve all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to the impairment of their administrative claims any and all grounds; (ii) be deemed as "Critical Vendors" by the Debtors, should the parties mutually consent to that treatment; and (iii) assert any further objections as they deem necessary or appropriate.

## CONCLUSION

17. Base on the foregoing, the India Vendors respectfully request that the Court deny the Motion, or modify the relief being requested by the Debtors in the Motion, ensuring that the Debtors stay strictly within the confines of the Bankruptcy Code, especially with respect to full payment of the India Vendors' administrative claims (503(b)(9) and otherwise).

Dated: October 2, 2024          **SARACHEK LAW FIRM**

<p style="margin-left: 40%;">
<i><u>/s/ Zachary E. Mazur</u></i><br>
Zachary E. Mazur (NY Bar No. 5706726)<br>
670 White Plains Road, Penthouse Suite<br>
Scarsdale, NY 10583<br>
Telephone: 646 519-4396<br>
Email: zachary@saracheklawfirm.com
</p>

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com

*Attorneys for the India Vendors*