**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br>**Obj. Deadline: Oct. 2, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 9, 2024 at 1:00 p.m. (ET)**<br><br>**Re: Docket Nos. 16, 20, 114, 134** |

**OMNIBUS LIMITED OBJECTION OF CERTAIN
LANDLORDS TO MOTIONS OF DEBTORS TO APPROVE
(A) STORE CLOSING PROCEDURES AND (B) POST-PETITION FINANCING**

TLM Realty Corp., 260 Voice Road, LLC, Aston Properties, Inc., Basser-Kaufman, Benderson Development Company, LLC, Cloverleaf Group, Delco Development Co. of Hicksville, L.P., Kite Realty Group, NNN REIT, Inc., NewMark Merrill Companies, Inc., Regency Centers, L.P., and SITE Centers Corp. (collectively, the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, submit this limited objection (the "Limited Objection") to the following motions filed by the above-captioned debtors (the "Debtors"):

(i) *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552, (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate*

---

[1]   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

>   *Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "<u>DIP Motion</u>")[2]; and

(ii) *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* (the "<u>Store Closing Motion</u>")[3] (together, the "<u>Motions</u>").

In support of this Limited Objection, Landlords respectfully state as follows:

## **<u>PRELIMINARY STATEMENT</u>**

1. The Landlords are entitled to payment of all Lease obligations arising under or coming due post-petition and the order approving DIP financing on a final basis should be (i) subject to the terms of, and (ii) neither impair, prejudice, nor modify landlord rights under, the Leases between the Debtors and their Landlords. Administrative solvency in these cases is not guaranteed and the Landlords should not have to bear the burden of administrative insolvency.

2. While the Lenders stand to benefit from the DIP Motion, the Landlords, in contrast, are forced to bear the direct burden of maintaining the Debtors' stores where the Debtors have been operating and preserving the going concern value of the Debtors' businesses, all without being paid substantial amounts due for rent and related charges and paying the costs of the restructuring process with no guarantee of administrative solvency or a successful case outcome. The Lenders should be required to pay *all the costs* of liquidating their collateral through the Debtors' chosen mechanism – a chapter 11 bankruptcy.

3. The Landlords oppose the proposed budget and the Debtors' attempt to waive the estates' rights under sections 506(c) and 552(b) of the Bankruptcy Code without providing for payment of all rent and charges related to the Debtors' post-petition use of the stores.

---

[2]   Docket No. 20. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the DIP Motion.
[3]   Docket No. 16. Capitalized terms used herein but not otherwise defined herein or in the DIP Motion shall have the meanings ascribed to them in the Store Closing Motion.

2

If the Court is inclined to grant such waivers, then the Landlords request that post-petition rent and charges be paid in the near term directly to the Landlords or that funds sufficient to cover the amounts due to all landlords in these cases be placed in escrow as adequate protection pursuant to sections 363(e) and 361 of the Bankruptcy Code and budgeted to be paid to the Landlords no later than November 9, 2024.

4. In addition to objecting to the DIP Motion, the Landlords request adequate protection for the Debtors' continued use of the Landlords' property outside of the ordinary course of business by conducting store closing sales in violation of the provisions of their leases to liquidate the Lenders' collateral.

## BACKGROUND

5. Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to written leases (the "Leases") for the stores listed on Exhibit 1 (collectively, the "Leased Premises"). The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See*, *e.g.*, *In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

6. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code with this Court. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

7. On the Petition Date, the Debtors filed the Motions.

8. On September 10, 2024, following the first-day hearing in these cases, the Court entered an order (the "Interim DIP Order")[4] approving the DIP Motion on an interim basis and scheduling a hearing to consider entry of a final order (the "Final DIP Order") granting the DIP Motion. The Interim DIP Order also approved, on an interim basis, the Debtors' DIP financing budget (the "Budget"), which was attached as Exhibit 4 to Exhibit A of the DIP Motion.

9. At most locations, the Debtors failed to pay September rent when due, including the rent due under the Leases for the Debtors' use and occupancy of the Leased Premises from September 9 through September 30, 2024 (the "Stub Rent").

## LIMITED OBJECTION

**A.     The Debtors Should Not Be Permitted To Waive The Rights Of The Estates Under Sections 506(c) And 552(b) Of The Bankruptcy Code**

10. The Landlords object to the DIP Motion and entry of any final order on the DIP Motion or approval of any budget that (i) includes waivers of sections 506(c) and 552(b) of the Bankruptcy Code and (ii) fails to direct the Debtors to immediately pay the Stub Rent for the affected landlords. Absent modification of the budget, the DIP Motion should be denied.[5]

11. The Landlords respectfully assert that the Court should not approve any waiver of the estates' rights under sections 506(c) and 552(b) of the Bankruptcy Code. Section 506(c) of the Bankruptcy Code allows a debtor to charge the costs of preserving or disposing of a secured lender's collateral to the collateral itself. *See* 11 U.S.C. § 506(c). This provision ensures that the cost of liquidating a secured lender's collateral is not paid from unsecured recoveries. *See,*

---

[4] Docket No. 114.
[5] The Landlord also objects to (i) any liens being placed directly on the Leases, unless explicitly allowed under the terms of the Leases, and (ii) any enhanced collateral access rights for the Secured Lenders other than those allowed under separate agreements with the Landlords, permitted by applicable non-bankruptcy law, or as approved by the Court pursuant to separate motion and order. The Interim Order contained language clarifying these issues and, to the extent such language is carried over to any subsequently entered orders, the Landlord does not object on those bases.

*e.g.*, *Precision Steel Shearing v. Fremont Fin. Corp. (In re Visual Indus., Inc.)*, 57 F.3d 321, 325 (3d Cir. 1995) (stating, "section 506(c) is designed to prevent a windfall to the secured creditor"); *Kivitz v. CIT Group/Sales Fin., Inc.*, 272 B.R. 332, 334 (D. Md. 2000) (stating, "the reason for [section 506(c)] is that unsecured creditors should not be required to bear the cost of protecting property that is not theirs"). Similarly, the "equities of the case" exception in section 552(b) of the Bankruptcy Code allows a debtor, committee, or other party-in-interest to exclude post-petition proceeds from pre-petition collateral on equitable grounds, including to avoid having unencumbered assets fund the cost of a secured lender's foreclosure. *See* 11 U.S.C. § 552(b).

12. As the Bankruptcy Court for the District of Delaware did in *In re Sports Authority Holding*, the advance waivers of sections 506(c) and 552(b) sought by the Debtors and DIP Lenders should be denied. *In re Sports Authority Holdings*, Case No. 16-10527 (MFW) (Bankr. D. Del. Apr. 26, 2016) [Docket No. 1415] (the "Hearing Transcript"). In that case, the debtors requested approval of a DIP facility that rolled up the entire prepetition secured debt, proposed to pay off the prepetition lenders immediately upon an expedited sale, granted the DIP lenders a surcharge waiver, and failed to adequately fund administrative and priority claims, including rent and section 503(b)(9) claims. In denying the surcharge waiver, Judge Walrath ruled:

> But in a case where the landlords and other administrative claims are clearly not budgeted or being paid while the . . . secured lenders' collateral is being liquidated and their secured claim is being paid, I have a serious problem with that. And I think the fix is no 506(c) waiver for anybody. And to the extent that administrative claims are not paid at the end of this case, there will be a claim against the lenders for those costs under 506(c) to the extent they were necessary for the preservation or realization of their collateral.

*See* Hearing Transcript at 195:6-16 (relevant pages attached hereto as Exhibit 2).

13. The Approved Budget neither provides funds for the Stub Rent nor allows the immediate payment of the Stub Rent. There are no assurances in the DIP Motion, the Approved

Budget, or the Interim Order that the Debtors' estates will have enough money to pay all administrative claims, including Stub Rent.

14. Absent sufficient funding in a consensual budget that reserves funds for the payment of all Stub Rent and ensures (i) the immediate payment of the Stub Rent to the Landlords, (ii) administrative solvency, and (iii) a controlled exit from these chapter 11 cases, the Debtors should not be allowed to waive their statutory ability to surcharge the Secured Lenders' collateral and/or recover costs, including Stub Rent, as adequate protection or under the equities of the case. *See, e.g., In re Mortgage Lenders Network USA, Inc.*, Hearing Transcript (Docket No. 346) at 20-21, Case No. 07-10146 (PJW) (Bankr. D. Del. Mar. 20, 2007) (recognizing that 506(c) waivers require creditor consent); *see also In re Townsends, Inc.*, Case No. 10-14092 (CSS) Hearing Transcript (Docket No. 338) at 23-25 (Bankr. D. Del. Jan. 21, 2011) (refusing to approve financing for a sale process that would leave the estate administratively insolvent); *In re NEC Holdings Corp.*, Case No. 10-11890 (PJW) Hearing Transcript (Docket No. 224) at 100 (Bankr. D. Del. July 13, 2010) (requiring that secured creditors pay the "freight" of the bankruptcy by ensuring an administratively solvent estate).

**B.**     **The Landlords Are Entitled To Adequate Protection Under Sections 363(e) And 361 Of The Bankruptcy Code**

15. Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

11 U.S.C. § 363(e).

16. Section 363(e) is straightforward and non-discretionary. If a creditor with an "interest" in property used by the Debtors makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see Worldcom,* 304 B.R. 611; *see also In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary…").

17. The U.S. Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983).

18. A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease. *See In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) of the Bankruptcy Code reserves for bankruptcy courts the discretion to condition the time, place and manner of store closing sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations"). A landlord's interests in its lease and the premises it leases to a debtor are further evidenced by the allowance of landlords' stub rent claims in other cases pursuant to section 503(b) of the Bankruptcy Code. *See, e.g., In re Goody's Family Clothing Inc.*, 401 B.R. 656, 665 (D. Del. 2009) (affirming the allowance of stub rent claims under section 503(b)(1) of the Bankruptcy Code). Thus, with an interest in property being used by the Debtors, and the request made herein, the Landlords are entitled to receive adequate protection.

19. The plain language of section 361 of the Bankruptcy Code states that adequate protection may take one of three forms – a debtor may (i) tender an upfront cash payment or periodic cash payments, (ii) grant replacement liens, or (iii) grant other related relief (other than

an administrative claim under section 503(b)(1) of the Bankruptcy Code) amounting to the indubitable equivalent of the protected party's interest in the property. Section 361(3) is also clear that adequate protection *may not* take the form of a deferred administrative claim. Under section 361 of the Bankruptcy Code, only a contemporaneous transfer of value satisfies the requirements of adequate protection.

20. The Landlords recognize that the Debtors or their Lenders may not be willing to make immediate payment of Stub Rent. The Landlords are willing to work with the Secured Lenders to agree to an acceptable timeline that provides for payment of the Stub Rent in the short term so that the Landlords are not forced to bear the risk that they may never be paid if a plan is not confirmed or these cases are administratively insolvent.

**C.    The Landlords Are Entitled To Payment of Rent for the Debtors' Post-Petition Use of the Landlords' Property to Conduct Store Closing Sales**

21. Section 365(d)(3) of the Bankruptcy Code protects Landlords from delays in post-petition payments. The objective of this section is straightforward – it requires landlords to receive timely compensation for the post-petition, pre-rejection use and occupancy of landlords' property at the contract rate specified in the leases, rather than landlords having to wait for payment of an administrative claim under section 503(b)(1) of the Bankruptcy Code. *See* 130 Cong. Rec. § 8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch).

22. The Debtors propose using the Landlords' properties to operate store closing sales, yet the Store Closing Motion entirely fails to address the Stub Rent owed to the Landlords. Under these circumstances, it is inequitable to compel the Landlords to involuntarily become post-petition interest-free lenders, precisely the inequity that Congress meant to rectify by passing section 365(d)(3) of the Bankruptcy Code. *In re Pudgies's Dev. of NY, Inc.*, 239 B.R. 688, 692 (S.D.N.Y. 1999).

23. Accordingly, the Debtors should be required to pay Stub Rent in a timely manner. In particular, the Court should require the Debtors to pay the Landlords' Stub Rent on or before the earlier of (a) 10 business days after lease rejection or (b) 60 days after the Petition Date.

## **JOINDER**

24. The Landlords hereby join the objections by other landlords to the Motions to the extent that such objections are not inconsistent with the relief sought herein.

## **RESERVATION OF RIGHTS**

25. The Landlords reserve their rights to amend and/or supplement this Objection and to raise any additional objections to the Motions at the final hearing.

## CONCLUSION

**WHEREFORE**, Landlords respectfully request that the Court enter an order (i) modifying the relief requested in the Motions as requested herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  October 2, 2024

        **LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

        */s/ Susan E. Kaufman*
        Susan E. Kaufman (DE Bar No. 3381)
        919 N. Market Street, Suite 460
        Wilmington, DE 19801
        Tel: (302) 472-7420
        Fax: (302) 792-7420
        Email: skaufman@skaufmanlaw.com

        -and-

        **KELLEY DRYE & WARREN LLP**
        Robert L. LeHane
        Jennifer D. Raviele
        Allison B. Selick
        3 World Trade Center
        175 Greenwich Street
        New York, New York 10007
        Tel: (212) 808-7800
        Fax: (212) 808-7897
        Email: rlehane@kelleydrye.com
                jraviele@kelleydrye.com
                aselick@kelleydrye.com