# __Exhibit 2__

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
|  | . | Chapter 11 |
| IN RE: | . |  |
|  | . | Case No. 16-10527 (MFW) |
| SPORTS AUTHORITY HOLDINGS, | . |  |
| INC., et al, | . | Courtroom No. 4 |
|  | . | 824 Market Street |
|  | . | Wilmington, Delaware 19801 |
| Debtors. | . |  |
|  | . | Tuesday, April 26, 2016 |

. . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Debtors:            Michael R. Nestor, Esq.
                            Andrew L. Magaziner, Esq.
                            YOUNG, CONAWAY, STARTGATT
                             & TAYLOR, LLP
                            Rodney Square
                            1000 North King Street
                            Wilmington, Delaware 19801

For the Debtors:            Robert A. Klyman, Esq.
                            GIBSON, DUNN & CRUTCHER, LLP
                            333 South Grand Avenue
                            Los Angeles, California 90071

(Appearances Continued)

Audio Operator:             Electronically Recorded
                            by Brandon McCarthy, ECRO

Transcription Company:      Reliable
                            1007 N. Orange Street
                            Wilmington, Delaware 19801
                            (302)654-8080
                            Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1   for the GOB leases.  But there's no commitment to allow that
2   payment to be made.  And I assume that the lenders are going to
3   retain a security interest in that cash escrow agreement.  Even
4   if they don't, that's clearly insufficient.
5       The debtor is correct under <u>Montgomery Ward</u>, you don't
6   have to pay the stub rent on the first day of the case.  But in
7   a case where the landlords and other administrative claims are
8   clearly not budgeted or being paid while the landlord -- excuse
9   me, while the secured lenders' collateral is being liquidated
10  and their secured claim is being paid, I have a serious problem
11  with that.
12      I think the fix is no 506(c) waiver for anybody.  And
13  to the extent that administrative claims are not paid at the
14  end of this case, there will be a claim against the lenders for
15  those costs under 506(c) to the extent they were necessary for
16  the preservation or realization of their collateral.
17      With respect to the DIP fees and interest, I accept
18  the debtors' testimony that the interest and other fees are
19  simply what were otherwise due to the lenders under the pre-
20  petition claims with the exception of the one six-million-
21  dollar fee.  I am not as outraged by that as the committee is,
22  and I don't think that that was unreasonable because I can't
23  look at it in hindsight.  I have to look at it from the
24  debtors' perspective at the day they entered into this DIP
25  loan, and given the terms and the amount, I'm not -- my