IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter   11 |
| | § | |
| BIG LOTS, INC., | § | Case No.  24-11967 (JKS) |
| *et al*.,[1] | § | |
| | § | Jointly Administered |
| Debtors. | § | |

**JOINT LIMITED OBJECTION OF THE TEXAS TAX AUTHORITIES TO THE DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 504, 506, 507, AND 552 (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED SUPERPRIORITY POST-PETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**
(Relates to Document 20)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COME NOW the Texas Tax Authorities,[2] secured creditors and parties in interest and file this Joint Limited Objection to Debtors' *Motion for Entry of Interim and Final Orders Pursuant*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

[2] Texas Taxing Authorities is defined as all ad valorem taxing jurisdictions represented by the firms of Linebarger Goggan Blair and Sampson, LLP, Perdue Brandon Fielder Collins and Mott LLP, and McCreary Veselka Bragg and Allen including but not limited to Angelina County, Bexar County, Cameron County, City of Carrollton, Cypress-Fairbanks Independent School District, Dallas County, Ector CAD, City of El Paso, Fort Bend County, City of Frisco, Gainesville Independent School District, Galveston County, Grayson County, Greenville Independent School District, Gregg County, Harris County ESD #08, Harris County ESD #09, Harris County ESD #11, Harris County ESD #12, Harris County ESD #29, Harris County ESD #48, Hidalgo County, Hood CAD, City of Houston (for accounts represented by Linebarger), Houston Community College System, Houston Independent School District, City of Humble, Irving Independent School District, Jefferson County, Kerr County, Lamar CAD, Lewisville Independent School District, Little Elm Independent School District, Lone Star College System, City of McAllen, Montgomery County, Nueces County, Orange County, Parker CAD, City of Pasadena, Rockwall CAD, San Patricio County, Sherman Independent School District, City of Stephenville, Stephenville Independent School District, Tarrant County, Tom Green CAD, Victoria County, City of Webster, Alief ISD, Bonham Independent School District, Brazoria County, Brownsville Independent School District, City of Burleson, Burleson Independent School District, Carrollton-Farmers Branch Independent School District, Clear Creek Independent School District, City of

1

to 11 U.S.C. §§ 105, 361, 362, 363, 364, 504, 506, 507, and 552 *(I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "DIP Motion"), and respectfully show as follows:

Background

1.  The Texas Tax Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable personal and real property within their boundaries, in order to operate and discharge their public purposes.

2.  The Texas Tax Authorities hold secured pre-petition tax claims for tax year 2024 in the estimated amount of $1,243,691.14 (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within their taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each tax year.

3.  The Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Sections 32.01 and Section 32.05(b) of the Texas Property Tax Code. The priority of the tax claim is determined under applicable non-bankruptcy law. 11 U.S.C. §506; *Butner v. U.S.*, 440 U.S. 48, 55 (1979). The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. *See* Texas Property Tax Code §32.05 (b); *See*

---

Cleburne, Cleburne Independent School District, Cooke County Appraisal District, Fort Bend County Levee Improvement District #2, Fort Bend Independent School District, Fountainhead MUD, Frisco Independent School District, Galena Park Independent School District, City of Garland, Garland Independent School District, City of Grapevine, Grapevine-Colleyville Independent School District, Harris County MUD #81, Harris County MUD #102, Harris County MUD #191, Harris County MUD #285, City of Houston (for accounts represented by Perdue Brandon), Hunt County, Johnson County, Kerrville Independent School District, Klein Independent School District, City of Lake Worth, Lubbock Central Appraisal District, Midland County, Nacogdoches County, Plano Independent School District, Potter County Tax Office, Randall County Tax Office, Reid Road MUD #1, Richardson Independent School District, Titus County Appraisal District, City of Tomball, Tomball Independent School District, Tyler Independent School District, Weslaco Independent School District, Wichita County Tax Office, Bell TAD, Bowie CAD, Brazos County, Brown CAD, Comal County, Denton County, Erath County, Harrison County and CAD, Midland CAD, Pine Tree ISD, Taylor County CAD, City of Waco and Waco ISD, Williamson County.

*also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. *See City of Dallas v. Cornerstone Bank*, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtors. *See In re Universal Seismic*, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. *See In re: Winns*, 177 B.R. 253 (Bankr. W.D. Tex. 1995). The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02.

## Limited Objection

4. The Texas Tax Authorities object to the DIP Motion to the extent that their liens are being primed. The Debtors have failed to provide adequate protection for the Texas Tax Authorities' senior liens as required by 11 U.S.C. 364(d)(1)(B). The Texas Tax Authorities request that language be added to the final order on the DIP Motion to protect their liens from subordination by any party.

5. Additionally, the Texas Tax Authorities request adequate protection in the form of a final order that provides for sufficient funds to be set aside in a segregated account for the sole purpose of paying the Tax Claims. The Texas Tax Authorities further request that the Court enter an order that the segregated funds not be paid to any other party until the Tax Claims are paid in full.

6. Nothing in the Texas Tax Authorities' request is an attempt to impede on the Debtors' rights to object to the allowance of the claims filed by the Texas Tax Authorities or to seek payment of claims prior to allowance. Any language establishing a segregated account funded to

3

pay the claims of the Texas Tax Authorities would provide for a full reservation of the Debtor's rights.

7. Counsel for the Texas Tax Authorities have attempted to confer with counsel for the Debtors to attempt to reach an agreement, but an agreement has not been reached.

8. Inclusion of the language below would resolve this objection:

> *"Notwithstanding any other provisions in this Final Order or any final orders pertaining to the use of cash collateral in these Chapter 11 Cases, any statutory liens on account of ad valorem taxes held by the Texas Taxing Authorities (insert footnote with list of taxing authorities) (the "Tax Liens") shall neither be primed by nor made subordinate to any liens granted to any party hereby to the extent the Tax Liens are valid, senior, perfected, and unavoidable, and all parties' rights to object to the priority, validity, amount, and extent of the claims and liens asserted by the Texas Taxing Authorities are fully preserved. Furthermore, as adequate protection for the asserted secured tax claims of the Texas Taxing Authorities that are secured by the Tax Liens (the "Tax Claims"), the Debtors shall set aside the amount of $1,243,691.14 in a segregated account (the "Texas Tax Reserve"). The Tax Liens of the Texas Taxing Authorities shall attach to the Tax Reserve to the same extent and with the same priority as the liens attached to the Debtors' assets securing the Tax Liens. The funds in the Tax Reserve shall be on the order of adequate protection and shall constitute neither the allowance of the Tax Claims nor a cap on the amounts the Texas Taxing Authorities may be entitled to receive. The funds from the Tax Reserve may be distributed only upon agreement between the Texas Taxing Authorities and the Debtors, or by subsequent order of the Court, duly noticed to the Texas Taxing Authorities. Notwithstanding any order that may be entered converting these Chapter 11 cases to cases under chapter 7, the funds in the Tax Reserve will continue to be held for the benefit of the Texas Tax Authorities and the Tax Liens shall remain attached to the funds in the Tax Reserve in their relative priority until the Tax Claims are paid in full."*

<u>Prayer</u>

WHEREFORE, The Texas Tax Authorities respectfully request that a final order approving the DIP Motion (1) include clarifying language that their liens are not primed nor made subordinate to any other party, (2) provide for sufficient funds to pay the Tax Claims to be set aside in a segregated account, (3) that the Court enter an order that the segregated funds not be paid to any other party until the claims of The Texas Tax Authorities have been paid in full, and (4), and grant them such other and further relief as is just and proper.

Dated: October 2, 2024

>Respectfully submitted,
>**Attorneys for The Texas Tax Authorities**
>
>PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
>
>*/s/ Melissa E. Valdez*
>**Melissa E. Valdez**
>Texas Bar No. 24051463
>1235 North Loop West, Suite 600
>Houston, Texas 77008
>(713) 862-1860 *Telephone*
>(713) 862-1429 *Facsimile*
>mvaldez@pbfcm.com
>
>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
>
>*/s/    Tara L. Grundemeier*
>**Tara L. Grundemeier**
>Texas State Bar No. 24036691
>Post Office Box 3064
>Houston, Texas 77253-3064
>(713) 844-3478 *Telephone*
>(713) 844-3503 *Facsimile*
>tara.grundemeier@lgbs.com
>
>McCREARY, VESELKA, BRAGG & ALLEN, P.C.
>
>*/s/ Julie Anne Parsons*
>**Julie Anne Parsons**
>Texas State Bar No. 00790358
>P. O. Box 1269
>Round Rock, TX 78680-1269
>(512) 323-3200 *Telephone*
>(512) 323-3205 *Facsimile*
>jparsons@mvbalaw.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the foregoing Joint Limited Objection has been sent to the parties listed below by email, first class mail, or by the Court's ECF notification system on this the 2nd day of October 2024.

**COUNSEL TO THE DEBTORS**

DAVS POLK & WARDWELL, LLP
Brian M. Resnick.
Adam L. Shpeen
Stephen D. Piraino
Ethan Stern
450 Lexington Avenue
New York, NY 10017
Email: brian.resnick@davispolk.com; adam.shpeen@davispolk.com; stephen.piraino@davispolk.com; ethan.stern@davispolk.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney, Sr.
Andrew R. Remming
Daniel B. Butz
Sophie Rogers Churchill
Tamara K. Mann
Casey B. Sawyer
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19801
Email: rdehney@morrisnichols.com; aremming@morrisnichols.com; dbutz@morrisnichols.com; srchurchill@morrisnichols.com; tmann@morrisnichols.com; csawyer@morrisnichols.com

**COUNSEL TO THE DIP ABL AGENT AND PREPETITION ABL AGENT**

CHOATE, HALL & STEWART LLP
John F. Ventola
Jonathan D. Marshall
Jacob S. Lang
Two International Place
Boston, MA 02110
Email: jventola@choate.com; jmarshall@choate.com; jslang@choate.com

BLANK ROME, LLP
Regina Stango Kelbon
Stanley Tarr
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Email: regina.kelbon@blankrome.com; stanley.tarr@blankrome.com

**COUNSEL TO THE DIP TERM AGENT AND PREPETITION TERM LOAN AGENT**

OTTERBOURG, P.C.
Chad B. Simon
James v. Drew
Sarah L. Hautzinger
230 Park Ave, Ste 29
New York, NY 10169
Email: CSimon@otterbourg.com; JDrew@otterbourg.com; shautzinger@otterbourg.com

RICHARDS, LAYTON & FINGER, P.A.
John H. Knight
920 N. King Street
Wilmington, Delaware 19801
Email: knight@rlf.com

**OFFICE OF THE UNITED STATES TRUSTEE**
Linda J. Casey
844 King Street, Suite 2207 Lockbox #35
Wilmington, Delaware 19801
Email: linda.casey@usdoj.gov

And all other parties via CM/ECF-enotice.

/s/*Melissa E. Valdez*
Melissa E. Valdez