IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 24-11967-JKS<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 16, 134 and 347 |

**LIMITED OBJECTION OF CACTUS CROSSING, LLC TO MOTION
OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I)
AUTHORIZING DEBTORS TO ASSUME THE SERVICES AGREEMENT (II)
AUTHORIZING STORE CLOSING SALES AND APPROVING RELATED
PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Cactus Crossing, LLC ("Cactus Crossing" or the "Landlord"), by and through undersigned counsel, hereby objects to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* (D.I. 16) (the "Motion") and the *Second Notice of Filing of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* (D.I. 347) (the "Second Notice") filed by Debtors, Big Lots, Inc., *et al* (the "Debtors") on the limited grounds set forth below (the "Objection"). Landlord represents as follows:

## BACKGROUND

1. Landlord and Big Lots Stores, Inc. ("Tenant") are parties (the "Parties") to a lease (the "Original Lease") of non-residential real property located at 6660 West Cactus Road, Glendale,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots Ecommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Arizona 85304 (the "Property"), dated June 26, 2002 between a former landlord, Gardiner Group, LLC ("Former Landlord") and Tenant. The Original Lease is not attached hereto because it is voluminous and contains confidential and proprietary information. The Original Lease was extended and Landlord was added on September 30, 2009 (the "First Lease Extension and Modification Agreement") and was extended again on November 21, 2017 (the "Second Lease Extension and Modification Agreement"). The Original Lease, the First Lease Extension and Modification Agreement and the Second Lease Extension and Modification Agreement are hereinafter referred to as the "Lease."

2. On September 1, 2024, the Tenant failed to pay the following amounts owed under the Lease: $21,338.64 in monthly rent, $3,355 for CAM charges, $458 for insurance charges, and $855.16 for sales taxes ("September Rent"), which is due and owing under the Lease. As a result of non-payment, Tenant is in default under the Lease. *See* Declaration of Alec Maher in Support of Objection at ¶¶ 6 – 8, which is attached hereto as Exhibit 1.

3. As of September 1, 2024, Tenant owed Landlord not less than $26,006.80. *Id*.

4. On September 9, 2024, the Debtors each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On September 9, 2024, Debtors filed the Motion seeking the entry of interim and final orders authorizing Debtors to assume a Master Services Agreement, authorizing and approving the continuation of sales of the Debtors' Merchandise, authorizing the sale of the furniture, fixtures, equipment, signage, black-out pylons, and other personal property located in or at the Stores or otherwise under the Debtors' control, approving the guidelines for conducting Store Closing Sales and granting further relief.

6. On September 27, 2024, Debtors filed the Second Notice and listed the Property as one of the stores Debtors intend to close and are seeking authority to conduct a Store Closing Sale.

7. Debtors seek approval of the Store Closing Procedures and other relief that would (a) permit the Debtors to commence the Store Closing Sales and Store Closings in a timely manner as circumstances allow, (b) facilitate the sale or transfer of Store Closing Assets free and clear of liens, claims, interests, and encumbrances, (c) establish fair and uniform procedures to assist the Debtors in administering the Store Closing Sales and Store Closings efficiently, and (d) distribute proceeds from the Store Closing Sales in accordance with the orders (the "**DIP Orders**") entered by this Court.

## OBJECTION

7. Landlord does not object to the Store Closing Sales occurring or the proposed procedures outlined in the Debtors' filings but objects to the sales being made free and clear of Landlord's lien in the Store Closing Assets without further order directing Debtors to segregate all proceeds generated from the sale of the Store Closing Assets at the Property pending resolution of the Landlord's asserted lien in such proceeds or a stipulation from Debtors that Landlord's lien will attach to the proceeds from the sale of the Store Closing Assets at the Property.

8. Under Arizona law, Landlord holds a prepetition lien in the Store Closing Assets pursuant to Arizona's Landlord Tenant Act, A.R.S. § 33-301 et seq.

9. Tenant's failure to pay amounts owed under the Lease prepetition created a secured claim in favor of Landlord in an amount not less than $26,006.80.

10. Debtors' Motion asserts that the Store Closing Assets, collectively defined as the Merchandise, furniture, fixtures, equipment, signage, black-out pylons, and other personal property located in or at the Stores or otherwise under the Debtors' control, should be sold pursuant to the Store Closing Sales free and clear of all liens, claims, interests, and encumbrances, with any such liens,

claims, interests, and encumbrances attaching to the proceeds of the applicable sale. (Motion at ¶¶ 39 – 43).

11. Under A.R.S. § 33-362(A), "[t]he landlord shall have a lien on all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid. The lien shall not secure the payment of rent accruing after the death or bankruptcy of the lessee, or after an assignment for the benefit of the lessee's creditors."

12. "It is well established in Arizona that the landlord's lien attaches at the commencement of the tenancy." *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 205 (1973) (citing *Dewar v. Hagans*, 61 Ariz. 201, 205 (1944) and *Murphey v. Brown*, 12 Ariz. 268, 274 (1909)). "The general rule is that a landlord's lien attaches at the commencement of the term or when the property is first brought on the leased premises." *Ex-Cell-O Corp. v. Lincor Properties of Arizona*, 158 Ariz. 307, 309 (App. 1988) (citing 1 American Law of Property § 3.72 (1952)).

13. Although a landlord's right to "seize" a tenant's "personal property" does not arise until the tenant "neglects to pay rent when due[,]" A.R.S. § 33-362 "by contrast, includes no temporal limitation, meaning a landlord's lien immediately 'attach[es] when [property is] placed upon the [leased] premises,' and it remains in place 'until all rent for the term has been paid.'" *PNC Bank, N.A. v. Coury in and for County of Maricopa*, 257 Ariz. 25, 91 – 92 (App. Feb. 6, 2024) (quoting *Murphey*, 12 Ariz. at 274 and citing *Ex-Cell-O Corp.*, 158 Ariz. at 309)).

14. Tenant failed to pay September Rent as owed on September 1, 2024. Declaration of Alec Maher in Support of Objection at ¶ 7.

15. There is no security deposit. *Id*. at ¶ 10.

16. Landlord held a valid and enforceable lien in all of Tenant's property that was placed upon the leased premises as of September 1, 2024 in an amount not less than $26,006.80.

17. Landlord's lien shall attach to the proceeds generated from the sale of Store Closing Assets at the Property.

18. Debtor's Motion and Proposed Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief ("Proposed Interim Order") requests that the Court authorize the sale of the Store Closing Assets free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interests and encumbrances attaching to the proceeds of the applicable sale. (Motion at ¶¶ 39 – 43; *see also* Proposed Interim Order attached as Exhibit A to the Motion at ¶ 26).

19. Debtor's Motion and Proposed Interim Order also asserts that "unless a party asserting a prepetition lien, claim, interest, or encumbrance on any of the Store Closing Assets timely and properly objects to this Motion, such party should be deemed to have consented to the Store Closing Procedures and the Store Closing Sales." (Motion at ¶ 42; *see also* Proposed Interim Order attached as Exhibit A to the Motion at ¶ 26).

20. Debtor's assertion that a party asserting a prepetition lien, claim, interest, or encumbrance shall be deemed to have consented to the Store Closing Procedures and the Store Closing Sales coupled with Debtor's request that the Store Closing Assets be sold free and clear creates ambiguity as to whether Landlord's lien would in fact attach to any proceeds from the sale of Store Closing Assets at the Property.

21. Debtors bear the burden of demonstrating that one of the five conditions in section 363(f) is applicable. *In re Laines*, 352 B.R. 410, 414 (Bankr. E. D. Va. 2005).

22. Landlord does not consent to the sale of the Store Closing Assets free and clear of any interest to the extent that Landlord is deemed to have waived any secured claim in the proceeds under Arizona law, so section 362(f)(2) is not satisfied.

23. Further, Debtor did not articulate an objective basis sufficient under the facts and circumstances to support its assertion that a *bona fide* dispute exists as to Landlord's secured interest, so section 363(f)(4) is not satisfied in this case. See *In re Robotic Vision Systems, Inc.*, 322 B.R. 502, 506 (Bankr. D. N.H. 2005) ("A *bona fide* dispute exists when there is an objective basis for either factual or legal dispute as to the validity of an interest in property. At a minimum, a party must articulate in a pleading or in an argument an objective basis under the facts and circumstances of the case for the court to determine that a bona fide dispute exists.").

24. Landlord requests that this Court order Debtors to place all proceeds from the Store Closing Sale at the Property into a segregated account and prohibit Debtors from disbursing such funds until the priority of Landlord's lien in such proceeds can be determined.

25. Alternatively, Landlord requests that the Court order that Landlord's lien pursuant to A.R.S. § 33-362 attaches to any proceeds generated from the sale of the Store Closing Assets at the Property after those funds are deposited in to the Debtor's general operating account. Also, assuming the Debtor stipulates that Landlord's lien will attach to the proceeds even after those proceeds are placed in the Debtor's operating account, Landlord will withdraw its objection.

## RESERVATION OF RIGHTS

26. Landlord reserves its rights to object to any other relief sought by the Debtors in connection with the Motion.

## CONCLUSION

**WHEREFORE**, Landlord requests that the Court enter an order conditioning the Store Closing Sales on (a) the Debtors or the Consultant depositing any proceeds from the Store Closing Assets at the Property into a segregated account and prohibiting Debtors or the Consultant from distributing the proceeds from the Store Closing Assets at the Property absent further order from this Court and agreement between the Parties or, alternatively, or (b) that Landlord's lien pursuant

6

to A.R.S. § 33-362 attaches to any proceeds generated from the sale of the Store Closing Assets at the Property even after the funds are deposited into Debtor's general operating account and (c) granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2024                    **CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
csimon@crosslaw.com

- and -

Christopher R. Kaup, Esq.
David M. Barlow, Esq.
**TIFFANY & BOSCO, PA**
Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
(602) 255-6000
crk@tblaw.com
dmb@tblaw.com

*Counsel to Cactus Crossing, LLC*