## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al*, [1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
|  | **Re: D.I. 19, 20 & 114** |

**LIMITED OBJECTION OF NORTHTOWNE PLAZA
PROPERTIES, LTD. TO THE DEBTORS' MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS, PURSUANT TO 11 U.S.C. §§ 105,
361, 362, 363, 364, 503, 506, 507, AND 552, (I) AUTHORIZING DEBTORS
TO (A) OBTAIN SENIOR SECURED SUPERPRIORITY POST-PETITION FINANCING
AND (B) USE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS, (III) PROVIDING ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, (IV) SCHEDULING
A FINAL HEARING, AND (V) GRANTING RELATED RELIEF [D.I. 19 & 20]**

Northtowne Plaza Properties, Ltd. ("Northtowne"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Motion for Entry of Interim and Final Orders, pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV)*

---

[1] The Debtors in this case are administered jointly. The last four digits of their respective employer identification numbers are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 19, 20] (the "Motion")[2] filed by Big Lots, Inc. and each of its subsidiaries (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"). In support of this Limited Objection, Northtowne respectfully states as follows:

## PRELIMINARY STATEMENT

Through the Motion, the Debtors seek approval of, amongst other items, use of cash collateral under the terms of a thirteen-week budget in the Chapter 11 Cases (the "Budget"). Northtowne is a lessor of Debtors pursuant to a commercial lease agreement (the "Lease") for their use and occupancy of a certain shopping center commonly known as North Towne Plaza Shopping Center, Big Lots Store #1224, located at 6900 San Pedro Avenue, San Antonio, Texas (the "Leased Premises"). The Debtors are utilizing the Leased Premises to implement their reorganization strategy, and the Lease has not yet been rejected. However, the Budget only identifies "total operating disbursements" and "total non-operating disbursements" for non-financing related post-petition expenses it intends to pay in the Chapter 11 Cases and does not specifically identify (i) if the Debtors are proposing to pay post-petition rent payments as they accrue or (ii) any line item for stub rent that accrued between September 9 and September 30, 2024. Therefore, Northtowne was compelled to file this Limited Objection to ensure that the Debtors intend to pay the post-petition rent payments owed to it under the Lease as they accrue and reserve appropriate amounts for September stub rent.

## RELEVANT BACKGROUND

1.     The Debtors and Northtowne are parties to the Lease for the use and occupancy of

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

the Leased Premises.[3] The original lease was entered into on December 24, 1997 and has been twice amended (the "<u>Lease</u>").[4]

2.      On September 9, 2024 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions initiating the Chapter 11 Cases.

3.      As of the Petition Date, the Debtors and Northtowne were parties to the Lease which is an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code.

4.      Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code including operating a Big Lots store from the Leased Premises.

5.      On the Petition Date, the Debtors filed the Motion.

6.      On September 10, 2024, the Court entered an order approving the Motion on an interim basis [D.I. 114] (the "<u>Interim Order</u>").

7.      The Budget is attached to the Interim Order as an exhibit [D.I. 114-4].

8.      On September 20, 2024, the Debtors filed the *Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 239] (the "<u>Additional Store Closing Notice</u>").[5]

9.      In the Additional Store Closing Notice, Leased Premises is identified as a store that

---

[3] Northtowne reserves the right to supplement this filing with Lease exhibits to the extent a factual hearing is necessary to resolve this Limited Objection.

[4] For purposes of this filing, the originally entered lease and its subsequent amendments are all referred to as the Lease.

[5] Northtowne filed a limited objection to the Additional Store Closing Notice, which remains pending as of this filing [D.I. 274].

will be closed and at which the Debtors intend to conduct a store closing sale.

10.     At present, the Debtors have neither formally assumed nor rejected the Lease and the

Debtors operations have continued on the Leased Premises since the Petition Date.

## LIMITED OBJECTION

11.     Section 363(d)(3) of the Bankruptcy Code provides that

> [t]he trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

12.     The Third Circuit "determined that the "clear and express intent of § 365(d)(3) is to require the [debtor] to perform the lease in accordance with its terms."" *In re Goody's Family Clothing Inc.,* 610 F.3d 812, 816 (3d Cir. 2010) *quoting In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001).

13.     With respect to when an obligation under a lease contract arises, the Third Circuit has found that

> [t]he term "obligation" is not defined in the Code, and it is thus apparently used in its commonly understood sense. Black's Law Dictionary defines it as "[t]hat which a person is bound to do or forebear; any duty imposed by law, promise, contract, relations of society, courtesy, kindness, etc." In the context of a lease contract, it seems to us that the most straightforward understanding of an obligation is something that one is legally required to perform under the terms of the lease and that such an obligation arises when one becomes legally obligated to perform.

*In re Montgomery Ward Holding Corp.,* 268 F.3d at 209 *quoting Black's Law Dictionary* 968-69 (5th ed. 1979).

14.    Here, the Lease remains in full force and effect and the Debtors are contractually obligated to perform their obligations as they accrue post-petition, which includes but is not limited to payment of all post-petition rent obligations due and owing under the Lease to Northtowne, under 11 U.S.C. § 365(d)(3) and applicable Third Circuit precedent. *See 11 U.S.C. § 365(d)(3); In re Goody's Family Clothing Inc.,* 610 F.3d at 816; *In re Montgomery Ward Holding Corp.,* 268 F.3d at 209. This means that all obligations due on October 1, 2024, and the first of the month until the Lease is rejected, must be paid in full and on time. The Budget must account for such obligations in a dedicated line item to ensure that Northtowne (and the other landlords in these Chapter 11 Cases) are not financing the Debtors cases with free rent.

15.    Similarly concerning is the Budget's failure to list a reserve for stub rent. In the Third Circuit, rent that accrues post-petition, but not exactly when the obligation 'arises' in connection with section 365(d)(3), is an administrative expense claim under section 503 of the Bankruptcy Code that must be paid in the case. *In re DVI, Inc.*, 308 N.R. 703, 707-8 (Bankr. D. Del. 2004)[6]; *See Also In re Goody's Family Clothing Inc.*, 610 F.3d at 818 (Finding that "[t]he purpose of § 365(d)(3) is to protect landlords from the burdensome requirements of § 503(b)(1) in securing payment from non-occupying debtors; it would be perverse indeed to conclude that it then precluded the use of § 503(b)(1) to secure "stub rent" from a debtor actually occupying the premises."). Such "stub rent" claims in these Chapter 11 Cases accrued between the Petition Date, September 9, 2024, and September 30, 2024, as the applicable Big Lots store remained operating

---

[6] In *In re DVI, Inc.*, the Bankruptcy Court in this district found that "the amount of an administrative expense claim for rent is typically the fair market rental value of the Premises. The contract rate is presumed to be the fair market value unless the presumption is rebutted." *In re DVI, Inc.*, 308 B.R. 703, 708 (Bankr. D. Del. 2004).

and generating revenue all to the benefit of the Debtors' estates. Nevertheless, the Budget does not account for payment of the September stub rent, and essentially burdens the Debtors' landlords (including Northtowne) with financing the first month of the Chapter 11 Cases for free.

16.     Given the lack of clarity in the Budget as to whether the Debtors were proposing to pay rent payments due to landlords as they accrue post-petition *in any form*, Northtowne was compelled to file this Limited Objection to the extent that the Budget does not include payment of all rent payments owed under the Lease to Northtowne as they accrue post-petition until such time that the Lease is rejected and a reserve for payment of "stub rent" owed to Northtowne.[7]

### RESERVATION OF RIGHTS

17.     Northtowne specifically reserves and preserves all of its rights to supplement this Limited Objection and assert any additional claims or defenses that it has under the Lease and specifically intends to enforce all obligations under the Lease in full to the maximum extent of the law.

### CONCLUSION

**WHEREFORE**, based on the foregoing, Northtowne requests that to the extent that the Debtors do not intend to utilize the relief sought in the Motion to satisfy the Debtors' post-petition obligations owed to Northtowne under the Lease in full as they accrue and provide for a reserve for payment of "stub rent" owed to Northtowne, that the relief sought in the Motion be denied or that any final order approving the Motion be modified to ensure that the Debtors are proposing to pay all post-petition obligations under the Lease, including but not limited to monthly rent as it

---

[7] On October 1, 2024, an additional $26,468.17 become due and owing to Northtowne under the Lease and rent owed to Northtowne shall continue to accrue monthly on the first of every month.

becomes due, as they arise until such time that the Lease is rejected by the Debtors and that the

Debtors are establishing a reserve for payment of "stub rent" owed to Northtowne.

Dated: October 2, 2024
Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.**C

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6497
Facsimile: (201) 488-5556
Email:  jbarsalona@pashmanstein.com

-and-

David E. Sklar (admitted *pro hac vice*)
Court Plaza South, East Wing
21 Main Street, Suite 200
Hackensack, NJ 07601
Telephone: (201) 488-8200
Email: dsklar@pashmanstein.com

*Counsel to Northtowne Plaza Properties, Ltd.*