# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X

IN RE:

BIG LOTS, INC., *et al*[1],

        **Debtors.**

---------------------------------------------------------------X

Chapter 11

Case No. 24-11967 (JKS)
(Jointly Administered)

Objection Date: October 25, 2024
                at 4:00 PM

Hearing Date: November 4, 2024
              at 10:00 AM

## MOTION OF JUDITH OWCZARKOWSKI, AS ADMINISTRATRIX FOR THE ESTATE OF NORMAN OWCZARKOWSKI FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE AND WAIVER OF FOURTEEN DAY STAY IMPOSED BY RULE 4001 (a)(3)

Judith Owczarkowski, as administratrix for the Estate of Norman Owczarkowski ("Movant" or Ms. Owczarkowski), by and through her undersigned counsel, respectfully moves this Court (the "Motion"), pursuant to section 362 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for relief from the automatic stay to pursue a claim against one of the jointly administered debtors, in particular

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Big Lots, Inc. ("Debtor"), in a civil action currently pending in the Supreme Court of the State of New York, County of Erie, styled <u>Judith Owczarkowski, as administratrix for the Estate of Norman Owczarkowski</u> <u>Norman Owczarkowski, Plaintiff, v. Big Lot Stores, Inc. et al, Defendants</u>, Index No.: 807969/2022 (the "Civil Action") to settlement or final judgment and to satisfy such settlement or final judgment from insurance proceeds. In support of this Motion, Movant respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are section 362 of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1.

## BACKGROUND

**A. THE BANKRUPTCY CASE**

3. The collective debtors are affiliates of the Big Lots, Inc. that filed this jointly administered Chapter 11 case on or about September 9, 2024 (the "Petition Date").

**B. THE CIVIL ACTION**

4. On or around July 20, 2022, Norman Owczarkowski ("Mr. Owczarkowski") commenced the Civil Action against Big Lot Stores, Inc. (incorrectly named in the Complaint and should have been Big Lots Stores, LLC as successor in interest to Big Lots Stores, Inc.). Mr. Owczarkowski passed away on April 27, 2023, and his wife, Judith Owczarkowski, as administratrix of the Estate of Norman Owczarkowski, has been substituted for Mr.

Owczarkowski. Ms. Owczarkowski seeks damages from Debtor for personal injuries that her husband alleged he sustained as a result of an accident that occurred on August 15, 2021.

5. A brief statement of the underlying facts in the Civil Action is as follows:

   a. Mr. Owczarkowski was an invitee to the premises located at 4101 Transit Rd, Buffalo, NY 1422 on August 15, 2021, specifically, in the entrance of the store.

   b. Mr. Owczarkowski was lawfully on the Debtor's premises identified above, and more particularly, the entrance of the store.

   c. Mr. Owczarkowski was caused to sustain severe personal injuries as a direct result of the negligence, carelessness, recklessness and other culpable conduct of the Debtor, its agents, servants and/or employees.

   d. Mr. Owczarkowski tried to exit the Big Lots store located therein, the automatic doors malfunctioned, closed on him, shut in on him, and violently struck him.

   e. Mr. Owczarkowski was struck by the automatic doors on his right side, causing him to fall to the ground. He fell on his right side. He was dragged across the floor.

   f. The Debtor, its agents, servants and/or employees, were negligent, careless, and reckless in among other things:

      i. failing and omitting to keep and maintain the premises and more particularly, the automatic doors located therein, in a safe condition, under the circumstances;

      ii. allowing dangerous and malfunctioning automatic doors to exist on their property;

      iii. in failing to maintain and keep the automatic doors on the property in a safe condition, causing and creating a dangerous condition;

      iv. in failing to clean, make regular inspections, and keep the automatic doors on the property safe, causing and creating a dangerous condition;

      v. in improperly installing the automatic doors located on the property;

      vi. the defendants had actual and constructive notice of the dangerous conditions described herein in part because of numerous prior occasions where the automatic doors on the

|      |     |
| ---- | --- |
|      | property malfunctioned in a similar manner; |
| vii. | the defendants had actual and constructive notice of the dangerous conditions described herein in part because of employee/agent statements made within the scope of their authority as employees, during the existence of their employer/employee relationship, including but not limited to, calling the subject automatic doors, "wicked" at the incident scene; |
| viii. | defendants had actual and constructive notice that the subject automatic doors malfunctioned in a similar manner on many prior occasions, providing them with notice, and an opportunity to fix same but they failed to do so; |
| ix. | failing and omitting to clean, make regular and routine inspections, and keep safe the premises; |
| x. | causing, allowing and permitting a dangerous, unsafe and hazardous condition to exist at the premises; |
| xi. | failing and omitting to provide persons such as the plaintiff with any notice or warning of the existence of the dangerous, unsafe and hazardous condition at the accident site; |
| xii. | failing and omitting to periodically inspect and maintain the premises so that proper repairs and maintenance were performed thereat; |
| xiii. | failing and omitting to take necessary steps at the accident site so that the site was free and clear of a dangerous condition; |
| xiv. | failing and omitting to keep the area free of said dangerous conditions; |
| xv. | causing, allowing and permitting an unsafe condition to exist at the premises; |
| xvi. | allowing conditions to exist on their property that posed a reasonably foreseeable hazard to the plaintiff; |
| xvii. | failing to prevent the harm sustained by the plaintiff; |
| xviii. | the defendants' negligence was a proximate cause of the injuries sustained by the plaintiff. |

6. On or about September 16, 2022 the Debtor, Big Lots Stores, LLC, et al. filed a collective answer to Ms. Owczarkowski's Complaint.

## RELIEF REQUESTED

7. By this Motion, Movant requests entry of an order granting relief from the automatic stay to allow him to prosecute the Civil Action to settlement or final judgment and to enforce any such settlement or judgment, as against **Debtor Big Lots Stores, LLC** solely against this Debtor's insurance proceeds.

## BASIS FOR RELIEF REQUESTED

8. Section 362(d)(1) of the Bankruptcy Code provides that:

> the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay —
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . .

11 U.S.C. § 362(d)(1).

9. "Although cause is not defined ... Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in nonbankruptcy forums . . ." *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history); see also *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (citing legislative history: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere"). The determination of whether cause exists to permit the movant to proceed with his state court litigation

is left to the court's discretion and is to be made based on the facts of the case. *Laguna Assocs. Ltd v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 737 (6th Cir. 1994).

10.     In determining whether cause exists, most courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC*, 411 B.R. 460, 463-64 (Bankr. Ga. 2008). In carrying out this balancing test, courts have considered numerous factors, including:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien available by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(11) Whether the parties are ready for trial in the other proceeding;

(12) The impact of the stay on the parties and the balance of harm to Mr. Owczarkowski.

*In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001); see also *Sonnax Industries Inc. v. Tri Component Production Corp*. ( *In re Sonnax Industries, Inc.*), 907

F.2d 1280, 1286 (2d Cir. 1990). In weighing these factors, courts only consider those factors that are relevant to the particular case at hand and do not assign equal weight to each factor. *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).

11. In this case, several of the factors are relevant and all weigh heavily in favor of lifting the stay so that the Movant can proceed with his claim.

12. Determining whether "cause" exists to permit the Movant to proceed is whether "the interests of the estate" are outweighed "by the hardships incurred by the creditor-plaintiff." *In re Indian River Estates*, 293 B.R. 429 (Bankr. N.D. Ohio 2003). Because no harm will befall the Debtor and Movant will effectively be prejudiced by delaying his claims, a lifting of the stay is appropriate.

### A. Lifting the Stay to allow the claims to proceed in State Court will completely resolve the issues between Movant and the Debtor.

13. First, this Honorable Court can completely resolve the issues between the Movant and this particular Debtor by lifting the automatic stay and permitting Movant to pursue his claims in state court. By lifting the stay and permitting Movant and this particular Debtor to litigate the personal injury claim in New York state court to its conclusion, the relationship between Movant and the particular Debtor will be over.

### B. Lifting the Stay will not interfere with the Bankruptcy Estate(s)

14. The Debtor's estate(s) will suffer little prejudice if Movant is allowed to pursue his claims against the Debtor.

15. The purpose of the automatic stay is to enable the bankruptcy court:

> [t]o prevent certain creditors from gaining a preference for their claims against the debtor, to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation of the debtor.

*See Rexene*, 141 B.R. 574 at 576 (Bankr. D. Del. 1992) (quoting *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982)). In this case, the Debtor will not be harmed because if Movant is successful in obtaining a judgment against, or settlement with, the Debtor, Movant is merely seeking to collect from the Debtor's insurance and will not seek to collect on any such judgment or settlement from the estate(s) assets without further order of this Court. Further, Movant is attempting to liquidate his claim against the Debtor in a timely and efficient manner. Movant is seeking to liquidate claims in order to recover under applicable insurance policies.

16. "Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson*, 116 B.R. 247, 250-51 (D. Cob. 1990). "Where, as here, the plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay"; *In re Grace Indus, Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006); *see also In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D. N.J. 1988) ("Since the movants only seek to litigate their claims to the point of judgment and do not seek relief from the stay in order to attach the property of the debtor, such relief does not interfere with the bankruptcy proceedings"); and *Houston v. Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) (the Bankruptcy Code does not bar suit against Debtor as a nominal defendant to a state court proceeding.)

**C. The New York State Court is the appropriate forum and promotes judicial efficiency.**

17. Because the Civil Action was commenced in the Supreme Court of the State of New York, and involves questions of New York law, Movant's claims against the Debtor should be liquidated in the appropriate court. Further, as the Debtor has already answered the Complaint in

the Civil Action, counsel representing the Debtor in the Civil Action by way of its insurance carrier is familiar with the underlying claims. It is often more, "appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." *See Rexene*, 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 341 (1977)). Such is the case here and judicial efficiency will be promoted by having all the claims resolved in one forum.

> **D. The hardship to the Movant by the maintenance of the automatic stay considerably outweighs any conceivable hardship to the Debtor by modifying the automatic stay.**

18. "When the court is reasonably confident that the policy proceeds will be sufficient to satisfy all creditors with claims that may be paid under the policy, the court should grant relief from the stay to permit an action either against the debtor, if necessary, or directly against the insurer." 3 *Collier on Bankruptcy* § 362.07 [3][a]. To the extent there are applicable insurance proceeds available to satisfy Movant's claim, Movant is prejudiced by the delay in recovering on the claim, when such recovery will have little or no impact on the Debtor's estate(s).

19. In the event this Court grants the relief from stay, Movant respectfully requests waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3).

## CONCLUSION

**WHEREFORE**, Ms. Owczarkowski respectfully requests that this Court enter an order (i) granting the Motion; (ii) lifting the automatic stay to allow Movant to liquidate her claim against Debtor **Big Lots Stores, LLC** and to proceed against the insurance proceeds; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 4, 2024

MARGOLIS EDELSTEIN
*/s/ James Huggett*
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 888-1112
jhuggett@margolisedelstein.com

*Attorneys for Judith Owczarkowski, as Administratrix for the Estate of Norman Owczarkowski*

Of counsel, Craig T. Mierzwa, Esq.