IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Big Lots, Inc., *et al.,* [1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 14<br>Obj. Deadline:  October 2, 2024<br>Extended to October 6 for UST<br>Hearing Date: October 9, 2024 at 1:00 p.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING (I) DEBTORS TO (A) HONOR PREPETITION EMPLOYEE OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) CURRENT AND FORMER EMPLOYEES TO PROCEED WITH OUTSTANDING WORKERS' COMPENSATION CLAIMS, AND (III) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), files this objection ("Objection") to the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, And (III)*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC(9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Financial Institutions to Honor and Process Related Checks and Transfers* (D.I. 14; the "Motion"), and in support of that Objection states:

## PRELIMINARY STATEMENT

1. The Debtors seek entry of an order finding that all employees of the Debtors holding tiles of Vice President or below are not "insiders" under the Bankruptcy Code and, by extension, are entitled to severance payments without the restrictions of 11 U.S.C. § 503(c)(2). The Debtors, however, have failed to provide a sufficient factual record to rebut the presumption that employees with the title of Vice President or Director are not insiders.

## JURISDICTION AND STANDING

2. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

3. The U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to

prevent circumvention of that responsibility."); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

4. Under § 307 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>" or "<u>Code</u>"), the United States Trustee has standing to be heard on the Motion and the issues raised in this Objection.

## BACKGROUND AND RELEVANT FACTS

5. On September 9, 2024, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

6. The Debtors remain in possession of their assets and continue to manage their business(es) as debtors in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7. The U.S. Trustee appointed an Official Committee of Unsecured Creditors on September 23, 2024 (D.I. 248).

8. On September 9, 2024, the Debtors filed this Motion, seeking authorization to pay severance to employees that they deem to be "non-insiders." Mot. ¶ 39.

9. The Motion does not provide further information regarding the "non-insiders" that would be entitled to severance.

10. On September 25, 2024, the Debtors filed a declaration[2] in support of the Motion. The declaration discloses that employees with the title of Vice President and Director are eligible to receive payments under the severance plan. Schlonsky Decl. ¶ 6.

11. The declaration discloses that the Debtors employee approximately 27,700 employees and operate more than 1,300 stores across 48 states. Schlonsky Decl. ¶ 5. The declaration states that Vice Presidents and Directors (a) are not part of the Debtors' *executive* management team; (b) are not members of the Debtors' Board of Directors; (c) do not lead a Big Lots department of business segment; (d) are not appointed by the Board of Directors; (e) do not liaise with members of the Debtors' Board of Directors in the ordinary course of business; (f) do not participate in setting corporate strategy; and (g) cannot sign contracts or approve invoices valued at over $100,000 (Vice Presidents) or $10,000 (Directors). Schlonsky Decl. ¶¶ 7-14.

## LAW, ANALYSIS AND ARGUMENT

*The Statutory Framework and Burden of Proof*

12. Section 503(c) of the Bankruptcy Code provides as follows:

[T]here shall neither be allowed, nor paid –

. . . .

(2) a severance payment to an insider of the debtor, unless—

(A) the payment is part of a program that is generally applicable to all full-time employees; and

(B) the amount of the payment is not greater than 10 times the amount of the mean severance pay given to nonmanagement

---

[2] *Declaration of Michael Schlonsky, Executive Vice President and Chief Human Resources Officer of Big Lots, Inc., in Support of Debtors' Motion for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* (D.I. 283; the "Schlonsky Decl.")

> employees during the calendar year in which the payment is made; or
>
> (3) other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition.

11 U.S.C. § 503(c).

13. Congress added § 503(c) to the Bankruptcy Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act to "eradicate the notion that executives were entitled to bonuses simply for staying with the Company through the bankruptcy process." *In re Global Home Products, LLC,* 369 B.R. 778, 784 (Bankr. D. Del. 2007) (citations omitted); *In re Residential Capital, LLC*, 478 B.R. 154, 169 (Bankr. S.D.N.Y. 2012) (to the same effect, quoting *Global Home Products,* 369 B.R. at 784); s*ee also In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 800 (Bankr. D. Del. 2007) ("[I]t is widely acknowledged that the amendment was a response to perceived abuses of the bankruptcy system by 'the executives of giant companies . . . who lined their own pockets, but left thousands of employees and retirees out in the cold.'") (quoting *In re Dana Corp.*, 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2006) ("*Dana II*") and Statement of Senator Edward Kennedy (March 1, 2005)).

14. Under § 503(c), insider severance plans are "severely restricted." *See Global Home Products,* 369 B.R. at 785.

***The Debtor Has Not Provided Sufficient Information to Rebut the Presumption That Employees with Officer or Director Titles are not Insiders***

15. The Debtors have the burden of establishing, by way of evidence, that each of the participants in a severance program are not "insiders," as that term is defined in § 101(31) of the Bankruptcy Code. That section of the Code defines an "insider" of a corporation

to include an "officer," a "director," a "person in control" of a debtor, or a "relative of a general partner, director, officer, or person in control of the debtor." 11 U.S.C. § 101(31)(B).

16. As stated by this Court in *In re Foothills Texas, Inc.*, 408 B.R. 573 (Bankr. D. Del. 2009) (Sontchi, J.), "Congress has explicitly stated that an officer is an insider. Having been found to be the former, one must be the latter. Thus, under the plain meaning of the statute an officer is, per se, an insider. In summation, *a person holding the title of an officer, including a vice president, is presumptively what he or she appears to be - an officer and, thus, an insider*." *Id.* at 585 (emphasis added).

17. This presumption can be overcome, but only with "the submission of evidence sufficient to establish that the officer does not, in fact, *participate in the management of the debtor*." *Id.* (emphasis added).

18. In *Foothills*, the debtors had 10 employees, and sought to pay retention bonuses to two employees who each had the title of vice president (Vice President, Land and Legal; Vice President, Engineering). *Id.,* at 575. The Debtors asserted that the "senior management team" consisted of the Chief Executive Officer, the President, and the Chief Financial Officer. *Id.*, at 576. These three officers "supervise[d] the day-to-day management of the Debtors as a whole." *Id.*

19. The Vice President of Land and Legal in the *Foothills* matter oversaw the Debtors' oil and gas leases and communicated with landlords regarding same. He was responsible for ensuring that the Debtors were in compliance with state and federal laws and regulations and communicating with governmental authorities. *Id.* This employee was not a member of senior management and did not play a role in making operational, tactical or strategic decisions for the Debtors and did not supervise any employees. *Id.*

20. The Vice President, Engineering, was responsible for overseeing the Debtors' oil and gas production, evaluation of reserves, technical reporting and development of capital spending projects. *Id.* He reported to the President and was not a member of senior management. He also did not play any role in making operational, tactical or strategic decisions for the Debtors. *Id.*

21. The *Foothills* court expressly rejected the notion that the term "insider" applied only to an officer who was "in the collective group exercising overall authority regarding the debtor's corporate decisions." *Id.,* at 581. Rather, the court focused on whether the employees were "in charge of important aspects of the Debtor's business." *Id.,* at 584. Given the broad responsibilities over significant aspects of the Debtors' business, and the fact that the employees reported directly to the Debtors' President, the court found that they "clearly participat[ed] in the management of the Debtors." *Id.* As such, the Debtors did not rebut the presumption that the officers were insiders.[3]

22. Thus, in order for severance to be approved for any participant who holds the title of officer of the Debtor, including the title of Vice-President, the Debtor therefore must either (i) submit evidence to rebut the presumption that such participant participates in the management of the Debtors and, by extension, is not an officer; or (ii) show that the requirements of 11 U.S.C. §503(c)(2) are met with respect to such participant.

23. In particular, the facts set forth in the Schlonsky Declaration are insufficient to overcome the presumption. The Debtors focus on the fact that the Vice Presidents and Directors are not members of the "executive management team" and assert that they cannot

---

[3] The court further stated, "Indeed, the Debtors' CFO testified that he considered both of them to be performing the job of a *manager*. This, in and of itself, is sufficient evident to find that [the officers] are participating in the management of the Debtors' business." *Id.*

set general corporate policy and do not participate in the setting of Debtors' corporate direction and strategy. However, such facts are insufficient under *Foothills* to rebut the presumption that employees with officer titles are insiders. The Motion fails to set forth any facts regarding each Participant's role in the Debtors to determine if they "participate in the management of the Debtors."

24. Furthermore, the Debtors must establish that any Participant that is not a statutory insider is also not a non-statutory insider. *See In re Winstar Communications, Inc.,* 554 F.3d. 382, 397-97 (3d Cir. 2008) (holding that non-statutory insiders do not have to have actual control of the debtor, but rather whether there is a close relationship and anything else to suggest that transactions are not at arms' length).

25. Section 503(c)(2) of the Bankruptcy Code prohibits payment of severance to insiders absent specific findings identified in that subsection. Thus, the severance plan may not be approved with insider participants unless the requisite findings are made.

**[Continued on next page – space intentionally left blank]**

**WHEREFORE,** the United States respectfully requests that this Court deny the Motion and grant such other relief as this Court deems appropriate, fair and just.

Dated: October 7, 2024
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**Regions 3 and 9**

By: */s/ Linda J. Casey*
    Linda J. Casey
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)
    Linda.Casey@usdoj.gov

## CERTIFICATE OF SERVICE

I, Linda Casey, hereby attest that on October 7, 2024, I caused to be served a copy of the *United States Trustee's Objection to Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* by electronic service on the registered parties via the Court's CM/ECF system and upon the following parties via electronic mail:

| | |
|---|---|
| Morris, Nichols, Arsht & Tunnell LLP<br>Robert J. Dehney, Sr.<br>Andrew R. Remming<br>Tamara K. Mann<br>Sophie Rogers Churchill<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>Wilmington, DE 19801<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>tmann@morrisnichols.com<br>srchurchill@morrisnichols.com<br>csawyer@morrisnichols.com | Davis Polk & Wardwell LLP<br>Brian M. Resnick<br>Adam L. Shpeen<br>Stephen D. Piraino<br>Ethan Stern<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>stephen.piraino@davispolk.com<br>ethan.stern@davispolk.com |
| Cole Schotz P.C.<br>Justin R. Alberto<br>Stacy L. Newman<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>jalberto@coleschotz.com<br>snewman@coleschotz.com | Mcdermott Will & Emery<br>Darren Azman<br>Kristin K. Going<br>One Vanderbilt Avenue<br>New York, NY, 10017<br>dazman@mwe.com<br>kgoing@mwe.com |

        By: /s Linda J. Casey
           Linda J. Casey, Esq.