**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, *et al.*,[1]<br><br>Debtors, | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: October 25, 2024 4:00 p.m. ET**<br>**Hearing Date: November 4, 2024 at 10:00 a.m. ET** |

**MOTION OF DELL FINANCIAL SERVICES L.L.C. FOR RELIEF FROM
AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d), OR IN THE
ALTERNATIVE, FOR ADEQUATE PROTECTION PAYMENTS**

Dell Financial Services L.L.C. ("DFS"), by and through its undersigned counsel, files this its Motion for Relief from the Automatic Stay, or in the Alternative, for Adequate Protection Payments (the "Motion") and in support hereof, states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are section 362 of the Bankruptcy Code and Fed. R. Bankr. P. 4001(a)(1).

2. Pursuant to Local Rule 9013-1(f), DFS consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.

that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

3. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and each of its subsidiaries (together, the "Debtors") commenced a bankruptcy case, by filing a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code (collectively, the "Bankruptcy Cases"). Since that time, the Debtors have rapidly filed a number of motions to close stores and sell their business.

4. Prior to the Petition Date, the Debtors entered into Subscription Agreement No. 613856-86711 and seven (7) related schedules (collectively, the "Subscription Agreement"). Pursuant to the Subscription Agreement, Debtors financed certain computer, servers, laptops, and related equipment (the "Equipment") described more specifically and identified in the attachments to the Agreement. A true and correct copy of the Subscription Agreement, including the related schedules, is attached as **Exhibit A** and incorporated herein for all purposes.

5. Additionally, the Debtors entered into a Payment Plan Agreement, Agreement No. 011-90121760-001 (the "License Agreement"), for an Enterprise Software License Agreement. A true and correct copy of the License Agreement is attached as **Exhibit B** and incorporated herein for all purposes.

6. At the expiration or earlier cancellation or termination of the Subscription Agreement, the Debtors are required to remove all data from the Equipment, return the Equipment at a place designated by DFS, and cease use of software or other services provided with the Equipment. *See* Ex. A, on page 1. The Debtors would also pay DFS for any missing, incomplete, or damaged Equipment. *Id.*

7. DFS perfected its security interest in the Equipment by filing a Uniform Commercial Code Financing Statement (UCC-1) with the State of Ohio. A true and correct copy of the UCC-1 is attached as **Exhibit C** and incorporated herein for all purposes.

8. Attached as **Exhibit D** and incorporated herein is a detailed asset report listing all the Equipment including serial numbers, type of Equipment, and the initial location the Equipment that was delivered to the Debtors under the Agreement.

9. As of the Petition Date, the Debtors failed to make required payments in the amount of $1,498,042.88. The fair market value of the Equipment is $4,713,212. The Equipment's value continues to decrease with the passage of time due to depreciation and usage. The total principal owed to DFS under the Agreement is approximately 5.7 million dollars, and as such, there is no "equity cushion" to adequately protect DFS's interest in the Equipment. As such, there is a lack of adequate protection of DFS' perfected security interests and liens in the Equipment.

10. On September 11, 2024, the Court entered the *Interim Order (i) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [Dkt. No. 134] authorizing store closures. To date, more than 390 locations have been designated to be closed and some have already closed.

11. Based upon the store closing sales and the potential that the Equipment is at the closing or closed locations, there is no protection provided for DFS in the Equipment. As the sales and closing process takes place, the value of the Equipment will steadily decline or become non-existent due to depreciation and usage, potential theft, shrinkage, and loss. DFS's interest in the Equipment is not being adequately protected

during the pendency of this Bankruptcy Case, and the Debtors have not provided or offered adequate protection of DFS's interests in the Equipment.

12. DFS has sent written requests to Debtors' counsel to locate and account for the Equipment, but has not received any form of substantive response. As store closings take place, it is not known by DFS: (1) if the Equipment is located in these stores subject to the store closings; (2) if the Equipment is being left behind or moved to another location; and/or (3) if the Equipment is safeguarded at a central location at the Debtors' office that is not subject to the store closing sales. The Debtors are also required to provide insurance for the Equipment, but the status of current insurance policies for casualty loss and liability is not known. (*See,* Exhibit A, pages 1 and 2 Para 7).

13. The Debtors have not offered any form of adequate protection for DFS's interests in the Equipment and has not paid any amount for the Equipment to the extent the Equipment is being used by the Debtors post-petition to operate its business.

14. DFS has had to retain counsel to represent it before this Court and is incurring attorneys' fees and court costs as a result of bringing this Motion.

## RELIEF REQUESTED

15. DFS moves the Court for an Order substantially in the form attached hereto granting relief from the automatic stay permitting DFS to terminate the Subscription Agreement and directing the Debtors to: 1) de-install and cease use of software or other services provided with the Equipment; 2) remove all data from the Equipment; and 3) consolidate and turn over the Equipment at a place designated by DFS.

16. In the alternative, DFS requests adequate protection payments for the continuing usage of the Equipment, which is equal to the monthly amounts due under the

Subscription Agreement, or $170,731.90 per month, and for the use of the software under the License Agreement, whereby the annual payment amount is $219,040.49, which is a monthly amount of $18,353.37.[2]

## BASIS FOR RELIEF REQUESTED

17. Bankruptcy Code section 362(d)(1) provides that a court may terminate or modify the automatic stay upon the request of a party in interest "for cause."  11 U.S.C. § 362(d)(1). The Code does not define cause; it must be "determined on a case-by-case basis." *Izzarelli v. Rexene Products Co. (In re Rexene Products Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Matter of Fernstorm Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

18. Because the term "cause" is such an "intentionally broad and flexible concept," multitudes of cases exist, all of which "offer no precise standards to determine when 'cause' exists to successfully obtain relief from the stay." *In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004)); *accord Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997). Bankruptcy courts are therefore guided by "the particular circumstances of the case and . . . considerations that under the law make for the ascertainment of what is just to the claimants, the debtor and the estate." *Foust v. Munson S.S. Lines*, 299 U.S. 77, 83 (1936). Procedurally, after the movant makes a prima facie showing that cause

---

[2] For schedules under the Agreement where payments are due on an annual basis, the annual payment amount has been amortized into monthly payment amounts, and the converted monthly payment amount is reflected in the total monthly amount due.

exists, the ultimate burden shifts to the non-movant to prove that cause does not exist to lift the automatic stay. *See* 11 U.S.C. § 362(g); *In re Brown*, 311 B.R. at 412.

19. Courts have held that the inability of a debtor to provide adequate assurance of performance and cure of default under an unexpired lease or executory contract constitutes cause entitling the other party to relief from stay to terminate the lease or contract. *See, e.g., In re Future Growth Enterprises, Inc.*, 61 B.R. 469 (Bankr. E.D. Pa. 1986). Courts have also held that the prospect of irreparable injury to the moving party was sufficient cause to grant relief from stay. *See, e.g., In re Montgomery Mall Ltd. Partnership*, 704 F.2d 1173, 1176 (10th Cir. 1983).

20. In the absence of adequate protection from the Debtors regarding the location, safekeeping, and status of insurance coverage on the Equipment, and in the absence of payment for the postpetition use of the Equipment, DFS faces a clear risk of substantial financial loss and irreparable injury. The value of the Equipment will steadily decline or become non-existent due to depreciation and usage, potential theft, shrinkage, and loss. This prospect of irreparable injury to DFS constitutes sufficient cause to grant relief from stay.

21. Furthermore, to the extent that the Equipment is <u>not</u> being used by the Debtors, it is not necessary for an effective reorganization by the Debtors. As set forth above, the Debtors have no equity interest in the Equipment because the Equipment is worth less than the amount owed by the Debtors. As such, if the Equipment is not being used by the Debtors, an additional basis exists under Section 362(d)(2) of the Bankruptcy Code for lifting the automatic stay and allowing DFS to terminate both the Subscription Agreement and the License Agreement, and requiring the Debtors to return the

Equipment as set forth in the Subscription Agreement, and cease using the software licenses.

23. Pursuant to Section 363(e), at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. 11 U.S.C. § 363(e). In the alternative to granting relief from the automatic stay as requested herein, it is respectfully requested that the Debtors' continuing use of the Equipment be conditioned upon the Debtors making adequate protection payments to DFS.

## **CONCLUSION**

23. For all of the foregoing reasons, cause exists under Section 362(d) of the Bankruptcy Code to grant DFS relief from the automatic stay.

WHEREFORE, DFS respectfully requests that this Court enter an order substantially in the proposed form attached hereto granting relief from the automatic stay and: (a) permitting DFS to terminate the Subscription Agreement; and (b) directing the Debtors to de-install or cease use of software and other services provided with the Equipment, remove all data from the Equipment, and consolidate and turn over the Equipment at a location designated by DFS. In the alternative, DFS respectfully requests adequate protection payments in connection with the Subscription Agreement and the License Agreement. DFS also requests that the Court waive the 14-day stay required by Bankruptcy Rule 4001(a)(3) and grant such other and additional relief as the Court deems just and proper.

Date: October 7, 2024

Respectfully submitted,

**AUSTRIA LEGAL, LLC**

*/s/ Matthew P. Austria*
Matthew P. Austria (DE # 4827)
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 521-5197
Fax: (302) 291-1722
Email: maustria@austriallc.com

-and-

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
Sabrina L. Streusand
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
Email: streusand@slollp.com

*Attorneys for Dell Financial Services L.L.C.*

8