**<u>Exhibit B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (——JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No.** ——13 |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT CERTAIN
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND
(II) AUTHORIZING AND ESTABLISHING PROCEDURES TO REJECT
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 6007, (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures herein for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, and (c) authorizing and approving the Rejection Notice to affected Counterparties, substantially in the form attached hereto, as more fully described in the Motion;

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the form and manner of the Rejection Notice to be delivered pursuant to the Rejection Procedures are reasonably calculated to provide each Counterparty with proper notice of (a) the prospective rejection of its Contract or Lease, (b) the effective date thereof, and (c) the objection deadline in connection therewith; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing (if any) establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth in this order (this "**Order**").

2.      Pursuant to sections 365 and 105 of the Bankruptcy Code, the Initial Leases are rejected, effective as of the applicable Initial Lease Rejection Dates as set forth on **Exhibit 1** annexed hereto.

3.      The Debtors are authorized, but not directed, to abandon any personal property, furniture, fixtures and equipment belonging to the Debtors and remaining in the Premises of the Initial Leases as of the applicable Initial Lease Rejection Dates, which personal property shall be deemed abandoned as of the applicable Initial Lease Rejection Date.  As of the applicable Initial Lease Rejection Date, Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such abandoned personal property without further notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

4.      3. The following procedures (the "**Rejection Procedures**") are hereby approved in connection with rejecting Contracts and Leases:

(a)    **Rejection Notice**.  To reject a Contract or Lease in accordance herewith, the Debtors shall file a notice, substantially in the form attached hereto as **Exhibit 2** (the "**Rejection Notice**"), that includes a copy of this Order (without the form Rejection Notice attached hereto) and form of order (the "**Rejection Order**") authorizing the rejection of such Contract(s) effective as of the Rejection Date (or such other date to which the Debtors and the applicable Rejection Counterparty agree or as ordered by the Court); and sets forth, among other things, the following:  (i) the Contracts or Leases to be rejected; (ii) the names and addresses of the applicable Counterparties; (iii) the for a real property Lease, the store number and physical address of the leased premises; (iv) the name of the applicable Debtor; (iv v) the proposed effective date of the rejection for such Contracts or Leases (the "**Rejection Date**"), which may be the filing date of the Motion Rejection Notice or, for a real property Lease, shall be the later of (A) the proposed effective date of the rejection for such Lease as set forth in the Rejection Notice; (B) the date upon which the applicable Debtor surrenders in writing (including via email) the premises to the landlord and returns the keys, key codes, or security codes, as applicable; and (v (or certifies in writing that the landlord is authorized to change the locks); and (C) such other date to which the Debtors and the applicable

Counterparty have agreed to or as the Court may order; (vi) for a real property Lease, any known third party having an interest in personal property, furniture, fixtures and equipment ("**FF&E**") located in or on the leased premises that the Debtors seek to abandon together with a general description of such Abandoned Property (as defined below); and (vii) the deadlines and procedures for filing objections to the Rejection Notice. Each Rejection Notice may list multiple Contracts or Leases up to and, notwithstanding Bankruptcy Rule 6006(f)(6), may list more than including 100 Contracts or Leases; *provided*, that each Rejection Notice shall list all Contracts and Leases alphabetically by Counterparty and a copy of such Rejection Notice shall be served upon the applicable Counterparty in accordance with subparagraph (b) below. For the avoidance of doubt, nothing herein shall prejudice the Debtors' right to file multiple separate Rejection Notices in their sole discretion.

(b)     **Service of Rejection Notice**.  The Debtors shall cause the Rejection Notice to be served via first-class mail, overnight mail, delivery service, fax, or email upon (i) the Counterparties (and their counsel of record, if known) listed thereon and each of the Objection Service Parties.  at the notice address provided in the applicable Contract or Lease, (iii) any known third party that may have an interest in property that the Debtors seek to abandon, (iv) the U.S. Trustee, (v) any official committee appointed in the Chapter 11 Cases, and any party that has requested notice pursuant to Bankruptcy Rule 2002.

(c)     **Objection Procedures**.  The Unless otherwise ordered by the Court, the deadline to file an objection (a "**Rejection Objection**") to the proposed rejection of a Contract or Lease or any proposed abandonment of personal property in connection therewith shall be 4:00 p.m. (prevailing Eastern Time) on the date that is twenty one fourteen (21 14) days from the date that the Rejection Notice is filed and served (the "**Rejection Objection Deadline**").  The Rejection Objection Deadline may be extended with respect to a particular Contract or Lease by the Debtors upon written notice to the applicable Counterparty (email being sufficient).   A Rejection Objection will be considered timely only if, on or prior to the Rejection Objection Deadline, it is filed with the Court and served upon (i) proposed counsel to the Debtors and , (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn:  Brian M. Resnick, Esq., Adam L. Shpeen, Esq., and Stephen D. Piraino, Esq. (notice.biglots@davispolk.com) and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq., (biglots.mnat@morrisnichols.com) (ii) the U.S. Trustee, 844 N. King Street, Wilmington, DE 19801 Attn: Linda Casey (linda.casey@usdoj.gov), (iii) (A) Cole Schotz P.C., 500 Delaware

Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com), Stacy L. Newman, Esq. (snewman@coleschotz.com) and Sarah Carnes Esq. (scarnes@coleschotz.com) and (B) McDermott Will & Emery, One Vanderbilt Avenue, New York, NY, 10017, Attn: Darren Azman (dazman@mwe.com) and Kristin K. Going (kgoing@mwe.com), proposed co-counsel to the official committee appointed in these Chapter 11 Cases; and (iv) if the objecting party is not the Counterparty to the Contract or Lease, then upon the affected Counterparty to such Contract or Lease (the "**Objection Service Parties**"). In addition to the foregoing, a Rejection Objection must (i) be in writing~~, and~~ and in English~~, and in text-searchable format~~, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (iii) state, with specificity, the legal and factual bases thereof. For the avoidance of doubt, an objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed thereon. For the further avoidance of doubt, if a Rejection Objection only pertains to the abandonment of personal property but not the underlying rejection of the related Contract or Lease, or vice versa, only the component actually objected to shall be considered opposed.

(d)    **No Unresolved Objection**. If no timely Rejection Objection is filed to a Rejection Notice, or there is no outstanding and unresolved ~~timely and properly filed~~ Rejection Objection~~,~~ pending, by the Rejection Objection Deadline, including to the proposed abandonment of any Abandoned Property located at the Lease premises, the Debtors shall submit a proposed Rejection Order and file such proposed order with the Court under either a certificate of no objection or a certification of counsel, and each Contract and Lease on the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date or such other date as may be agreed to by the Debtors and the applicable Counterparty or as ordered by the Court.

(e)    **Unresolved Timely Objection**. If a timely and properly filed Rejection Objection remains outstanding and unresolved as of the Rejection Objection Deadline, including to the proposed abandonment of any Abandoned Property located at a leased premises, the Debtors may request that the Court schedule a hearing on such ~~objection.~~Rejection Objection. If such Rejection Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise agreed to by the Debtors and the applicable Counterparty, or as ordered by the Court.

(f)    **Modifications of Rejection Notice**. The Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice

at any time prior to the applicable Rejection ~~Objection Deadline~~Date by filing a modified Rejection Notice with the Court.

(g) ~~**Abandoned Property**. The Debtors are authorized, but not directed, to abandon any of the Debtors' personal property that may be located on the premises subject to the underlying rejected Contract or Lease, and such property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code at the same time that the underlying Contract or Lease is deemed rejected in accordance with subparagraphs (d) (e) hereof. Counterparties may, in their sole discretion and without further notice or order of the Court, utilize or dispose of such abandoned property without any liability to the Debtors or third parties and, to the extent applicable, the automatic stay shall be deemed modified to the extent necessary to allow Counterparties to effectuate the foregoing.~~

(g) ~~(h)~~ **Rejection Damages**. Any claims arising out of the rejection of a Contract or Lease or the abandonment of any personal property in connection therewith must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases, and (ii) 35 days after the date of ~~filing of the applicable Rejection Notice, or (iii) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated.~~ entry of an order authorizing rejection of a Contract or Lease; Any person or entity that fails to timely file such proof of claim (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim with respect thereto in the Chapter 11 Cases, (ii) ~~shall~~may not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the Chapter 11 Cases, and (iii) ~~shall~~may not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.

5.    The following procedures ("**Abandonment Procedures**") are approved with respect to abandoning the Debtors' personal property and FF&E that may be located on the leased premises that are subject to a rejected Contract or Lease (any such property, the "**Abandoned Property**"):

(a) At any time on or before the applicable Rejection Date, the Debtors may remove or abandon any of the personal property or FF&E that may be located on the leased premises that are subject to a rejected Contract or Lease.

(b) The Debtors shall generally describe the Abandoned Property in the Rejection Notice and serve such notice on any and all third parties that may have an interest in the Abandoned Property.

#99078969v7

(c) Absent a timely and properly filed Rejection Objection, any and all of the Debtors' personal property and FF&E located on the leased premises as of the Rejection Date of the applicable Lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.

(d) As of the Rejection Date, Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

(e) The Debtors shall not abandon (i) any of their business, financial or other records; (ii) any personal property that is leased to the Debtors or which is otherwise not owned by the Debtors, and shall use their reasonable best efforts to return such property to the owner of the property; *provided*, *however*, that the Debtors may abandon personal property owned by a landlord to the landlord at the applicable premises; and personal property against which the Debtors know a third party has asserted a lien.

(f) To the extent that the Debtors propose to abandon any personal property that, to their knowledge, contains "personally identifying information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual, the Debtors shall remove such confidential information from such personal property before such abandonment.

(g) The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law.

6. ~~4. The~~ Subject to the right of Counterparties or any affected third parties to file a Rejection Objection, the Debtors' rejection of the Contracts and Leases in accordance with the Rejection Procedures is hereby approved and effective pursuant to section 365 of the Bankruptcy Code.

7. ~~5.~~ Approval of the Rejection Procedures and this Order shall not prevent the Debtors from seeking to reject a Contract or Lease by a separate court filing (*e.g.*, a motion,

stipulation, or chapter 11 plan), nor, for the avoidance of doubt, shall the Debtors be precluded from assuming and assigning a Contract or Lease by a separate court filing.

8.    6. Absent order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

9.    7. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Contract or Lease.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

10.    8. Any period of time prescribed or allowed by the Rejection Procedures shall be computed in accordance with Bankruptcy Rule 9006.

11.    9. Notwithstanding the relief granted herein and any actions taken hereunder (including under the Rejection Procedures), nothing contained herein shall (a) create, nor is it intended to create any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12.    10. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the

amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or (g) an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

13.    Upon rejection of any lease that is the record situs of property encumbered by a statutory tax lien, the Debtors shall pay any undisputed and invoiced 2024 tangible personal property taxes to Broward County, Florida, and the Orange County, Florida, tax collector, as soon as reasonably practicable but no later than 30 days after the rejection of any such lease and receipt of such invoice.

14.    ~~11.~~ This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

15.    ~~12.~~ Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

16.    ~~13.~~ The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

17.    ~~14.~~ The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Initial Leases**

**Exhibit 2**

**Form of Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (——JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No.** ___ |

**[NUMBER] NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS
AND/OR UNEXPIRED LEASES (AND THE ABANDONMENT OF PROPERTY)**

> **PARTIES RECEIVING THIS NOTICE SHOULD CHECK SCHEDULE 1
> ATTACHED HERETO FOR THEIR NAMES AND THEIR CONTRACTS
> OR LEASES AND READ THE CONTENTS OF THIS NOTICE
> CAREFULLY.**

**PLEASE TAKE NOTICE** that, on September 9, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors' chapter 11 cases are being jointly administered under the lead case *In re Big Lots, Inc.*, No. 24-[●]24-11967 ([●]JKS).

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2024 the Court entered the order attached hereto (without exhibits) as Schedule 2*Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts And Unexpired Leases* [D.I. [●]] (the "**Rejection Procedures Order**")[2] that, among other things, authorized and established procedures for the

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC, LLC (8673); PAFDC, LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Motion and additional information about the Chapter 11 Cases can be accessed on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots. If you have any questions, please contact, Kroll Restructuring Administration LLC, the Debtors' claims and noticing agent, at [●]844.217.1398 (US and Canada Toll-Free) or 646.809.2073 (Outside the US and Canada). Kroll Restructuring Administration LLC cannot provide legal advice.

rejection of Contracts and Leases and the abandonment of certain property in connection therewith (the "**Rejection Procedures**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Rejection Procedures Order and this written notice (this "**Rejection Notice**"), the Debtors hereby notify you that they have determined, in the exercise of their sound business judgment, that each Contract or Lease set forth on **Schedule 1** attached hereto shall be deemed rejected effective as of the date (the "**Rejection Date**") set forth therein or such other date as the Debtors and the applicable Counterparty agree.

PLEASE TAKE FURTHER NOTICE that, the Debtors hereby notify you of their intent to abandon certain personal property, furniture, fixtures and equipment that may be located on the leased premises subject to a rejected Contract or Lease (any such property, the "Abandoned Property"), which Abandoned Property is generally described in **Schedule 1** attached hereto:

PLEASE TAKE FURTHER NOTICE that parties seeking to object to the proposed rejection of any of the Contracts or Leases on **Schedule 1** attached hereto, or the proposed abandonment of property in connection therewith, must file and serve a written objection (a "**Rejection Objection**") so that such Rejection Objection is filed with the Court on the docket of the Chapter 11 Cases and that the following parties actually receive such objection no later than 4:00 p.m. (prevailing Eastern Time) on [●] (the "**Rejection Objection Deadline**"): (a) the U.S. Trustee, 844 N. King Street, Wilmington, DE 19801, Attn: Linda Casey; (b) [proposed] counsel to the Debtors, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Adam L. Shpeen, Stephen D. Piraino and Ethan Stern (notice.biglots@davispolk.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Andrew R. Remming, Daniel B. Butz, Tamara K. Mann, and Casey B. Sawyer, (biglots.mnat@morrisnichols.com); and (c) counsel to any(A) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com), Stacy L. Newman, Esq. (snewman@coleschotz.com) and Sarah Carnes Esq. (scarnes@coleschotz.com) and (B) McDermott Will & Emery, One Vanderbilt Avenue, New York, NY, 10017, Attn: Darren Azman (dazman@mwe.com) and Kristin K. Going (kgoing@mwe.com), proposed co-counsel to the official committee appointed in thethese Chapter 11 Cases; and (d) if the objecting party is not the affected Counterparty to such Contract or Lease, the affected Counterparty to such Contract or Lease (the "**Objection Service Parties**").  Please note that the Rejection Objection Deadline may be extended with respect to a particular Contract or Lease by the Debtors upon written notice to the applicable Counterparty (email being sufficient).

PLEASE TAKE FURTHER NOTICE that each Rejection Objection must (a) be in writing, and in English, and in text-searchable format, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (c) state, with specificity, the legal and factual bases thereof.

PLEASE TAKE FURTHER NOTICE that, absent the proper and timely filing and service of a Rejection Objection, the Debtors shall submit a proposed order, substantially in the form attached hereto as **Schedule 2** (the "**Rejection Order**"), authorizing the rejection of

- 2 -

~~each~~any such Contract ~~and~~(s) or Lease ~~set forth~~(s) listed on **Schedule 1** ~~attached hereto shall become~~ effective ~~on~~as of the Rejection Date ~~set forth therein (~~or such other date ~~as~~to which the Debtors and the applicable rejection Counterparty agree~~, and any personal property of the Debtors listed on~~ **Schedule 1** ~~attached hereto shall be deemed abandoned as of that same date.~~ or as ordered by the Court) and file such proposed Rejection Order with the Court under a certificate of counsel following the expiration of the Rejection Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that, if a Rejection Objection is properly and timely filed and served and not withdrawn or resolved, the Debtors shall file with the Court a notice for a hearing to consider the Rejection Objection. If such Rejection Objection is overruled or withdrawn, such Contract or Lease (and any abandonment of personal property in connection therewith) shall be treated as set forth in the immediately preceding paragraph, unless otherwise agreed by the affected parties or as ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, absent a further order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit ~~or pursuant to another similar arrangement~~.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to the rejection of your Contract or Lease, you must do so by the later of (a) the deadline for filing proofs of claim established in the Chapter 11 Cases, or (b) 35 days after the date of ~~filing~~entry of the applicable Rejection ~~Notice, or (c) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated~~Order. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU ~~WILL~~MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (X) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES, (Y) BEING TREATED AS A CREDITOR OF THE DEBTORS FOR THE PURPOSE OF VOTING ON ANY CHAPTER 11 PLAN IN THE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (Z) RECEIVING OR BEING ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM IN THE CHAPTER 11 CASES.

*[Remainder of page intentionally left blank]*

Dated:    [●] 2024
            Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *[Draft]*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-*and*-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick ([admitted] *pro hac vice*)
Adam L. Shpeen ([admitted] *pro hac vice*)
Stephen D. Piraino ([admitted] *pro hac vice*)
Ethan Stern ([admitted] *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

2

## **Schedule 1**

**Schedule of Rejected Contracts and Leases**

**Schedule 2**

**Proposed Rejection Order** ~~(without form Rejection Notice)~~

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | Re: Docket No. ____ |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF [•] AND (B) ABANDON CERTAIN PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order: (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, (c) authorizing and approving the Rejection Notice to affected Counterparties and (d) granting related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on a final basis [Docket. No. [•]]; and the filing of the notice of rejection (the "Rejection Notice") by the Debtors [Docket. No. [•]]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#99078969v7

United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Rejection Notice and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Rejection Notice, and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Rejection Notice and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Contract and Leases listed on Schedule 1 attached hereto are hereby rejected as of [•] (the "Rejection Date").

2.      The Debtors are authorized, but not directed, to abandon any abandoned property described on Schedule 1 attached hereto, and any abandoned property of the Debtors remaining in any leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date.

3.      All applicable landlords or their designees shall be authorized to use or dispose of any abandoned property without notice or liability to any Debtor or consenting non-Debtor third party and without further order of the Court, and, to the extent applicable, the automatic stay is modified to allow such disposition.

#98616123v14
#99078969v7

4.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts or Leases were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of any Contract is limited to the remedies available under the termination provision of such Contract; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5.      Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7.      Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

8.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

9.      The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

#98616123v14
#99078969v7

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

#98616123v14
#99078969v7

**Schedule 1**

**Schedule of Rejected Contracts and Leases**