**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF AMENDED[2] AGENDA FOR HEARING SCHEDULED FOR**
**OCTOBER 9, 2024, AT 1:00 P.M. (ET)[3]**

> This proceeding will be conducted **in-person** in Courtroom 6.
> All counsel and witnesses are expected to attend unless permitted to appear remotely via Zoom.  Please refer to Judge Stickles' Chambers Procedures (https://www.deb.uscourts.gov/content/judge-j-kate-stickles) and the Court's website (http://www.deb.uscourts.gov/ecourt-appearances) for information on who may participate remotely, the method of allowed participation (video or audio), Judge Stickles' expectations of remote participants, and the advance registration requirements.
>
> Registration is required by 4:00 p.m. (Prevailing Eastern Time) the business day before the hearing unless otherwise noticed using the *eCourtAppearances* tool available on the Court's website.

## ADJOURNED MATTERS

1.   Motion of Debtors for Entry of Interim and Final Orders (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information (D.I. 5, filed 9/9/24).

     Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Official Committee of Unsecured Creditors ("Committee") and the Office of the United States Trustee ("U.S. Trustee").**

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  **Amended items appear in bold.**

[3]  This hearing will be held before the Honorable J. Kate Stickles at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom #6, Wilmington, Delaware 19801.

<u>Responses Received</u>: None at this time.

<u>Related Documents</u>:

a)      Interim Order (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information (<u>D.I. 146</u>, entered 9/12/24); and

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (<u>D.I. 154</u>, filed 9/12/24).

<u>Status</u>: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

2.      Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers (<u>D.I. 7</u>, filed 9/9/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

<u>Responses Received</u>: None at this time.

<u>Related Documents</u>:

a)      Interim Order Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers (<u>D.I. 118</u>, entered 9/11/24); and

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (<u>D.I. 154</u>, filed 9/12/24).

<u>Status</u>: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

3.      Motion of Debtors for Entry of Interim and Final Orders Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors Estates (<u>D.I. 8</u>, filed 9/9/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

<u>Responses Received</u>:

a)      Informal comments received from Jeffrey M. Kurzon; and

b)      **Letter Regarding Employee's Stocks (<u>D.I. 438</u>, filed 10/7/24).**

Related Documents:

a)    Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors Estates (D.I. 117, entered 9/11/24); and

b)    Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

4.    Motion of Debtors for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (D.I. 9, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)    Informal comments received from Keter Environmental Services ("**Keter**");

b)    Informal comments received from Direct Energy Business, LLC;

c)    Objection of Certain Utility Companies to the Motion of Debtors for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (D.I. 272, filed 9/25/24); and

d)    **Informal comments received from UGI Utilities ("UGI").**

Related Documents:

a)    Interim Order (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (D.I. 136, entered 9/11/24);

b)    Notice of Amended Exhibit to Motion of Debtors for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (D.I. 139, filed 9/12/24); and

c)    Omnibus Notice of First Day Motions and Final Hearing Theron (<u>D.I. 154</u>, filed 9/12/24).

<u>Status</u>: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

5.    Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Practices and (II) Financial Institutions to Honor and Process Related Checks and Transfers (<u>D.I. 10</u>, filed 9/9/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

<u>Responses Received</u>:

a)    Informal comments received from the U.S. Trustee.

<u>Related Documents</u>:

a)    Interim Order Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Practices and (II) Financial Institutions to Honor and Process Related Checks and Transfers (<u>D.I. 126</u>, entered 9/11/24); and

b)    Omnibus Notice of First Day Motions and Final Hearing Theron (<u>D.I. 154</u>, filed 9/12/24).

<u>Status</u>: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

6.    Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers (<u>D.I. 12</u>, filed 9/9/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 4, 2024, at 5:00 p.m. (ET) for Liberty Mutual Insurance Company ("**Liberty Mutual**"); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee**.

<u>Responses Received</u>

a)    Informal comments received from Liberty Mutual; and

b)    Informal comments received from the Chubb Companies ("**Chubb**").

Related Documents:

a)      Interim Order Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 119, entered 9/11/24); and

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

7.      Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims (D.I. 15, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee; and

b)      Informal comments received from PrimeRevenue, Inc ("**PrimeRevenue**").

Related Documents:

a)      Interim Order (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims (D.I. 112, entered 9/10/24); and

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

8.      Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 16, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the Committee;

b)      Informal comments received from the U.S. Trustee;

c)      Informal comments received from the Orange County Tax Collector and the Broward County Tax Collector;

d)      Informal comments received from National Association of Attorneys General;

e)      Informal comments received from Chubb;

f)      Northtowne Plaza Properties, Ltd.'s Limited Objection to the Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 274, filed 9/25/24);

g)      Casitas Oceanside Three LP's Joinder and Limited Objection to Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 323, filed 9/26/24);

h)      Omnibus Limited Objection of Certain Landlords to Motions of Debtors to Approve (A) Store Closing Procedures and (B) Post-Petition Financing (D.I. 385, filed 10/2/24);

i)      Joint Limited Objection of the Texas Tax Authorities to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 388, filed 10/2/24);

j)      Limited Objection of Cactus Crossing, LLC to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 396, filed 10/2/24);

6

k)      Joinder and Objection of the Grove Shops LLC to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 400, filed 10/2/24);

l)      Limited Objection and Reservation of Rights of Landlord Columbia Park Retail Owner, LLC to Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 401, filed 10/2/24); and

m)      **Milelli Realty-Lehigh Street, LLC's Joinder to the Omnibus Limited Objection of Certain Landlords to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 439, filed 10/7/24).**

Related Documents:

a)      Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 134, entered 9/11/24);

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24);

c)      Notice of Filing of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 239, filed 9/20/24);

d)      Declaration of Joseph Malfitano in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 257, filed 9/24/24);

e)      Declaration of Eric W. Kaup in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 258, filed 9/24/24);

f)      Declaration of Mark P. Naughton in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 259, filed 9/24/24);

g)      Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of

Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24); and

h)  **Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24).**

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

9.  Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 18, filed 9/9/24).

Objection Deadline: September 23, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. for various landlords represented by Allen Matkins Leck Gamble Mallory & Natsis LLP, Ballard Spahr LLP, Barclay Damon LLP, and Frost Brown Todd LLP **and extended to October 9, 2024, at 5:00 p.m. (ET) for Kelley Drye & Warren LLP (the "Landlords"); extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee**.

Responses Received:

a)  Informal comments received from the U.S. Trustee;

b)  Informal comments received from the Committee;

c)  Informal comments received from the Landlords;

d)  Limited Objection by 1600 Eastchase Parkway Leasing LLC, to Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B)

Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 237, filed 9/20/24);

e)    Response and Reservation of Rights of WPG Management Associates, Inc. to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 244, filed 9/23/24);

f)    Protective Objection of American National Insurance Company to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 246, filed 9/23/24);

g)    Statement of Reservation of Rights of the Gerson Company Regarding Debtors' Sale Procedures Motion (D.I. 247, filed 9/23/24);

h)    Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24); and

i)    **Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24).**

Related Documents:

a)      Declaration of Adam Rifkin in Support of Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 197, filed 9/17/24);

b)      Notice of Filing of Exhibits Related to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 198, filed 9/17/24); and

c)      Notice of Hearing Regarding Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 199, filed 9/17/24).

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

10.     [REDACTED] Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 20, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 4, 2024, at 5:00 p.m. (ET) for Chubb and Liberty Mutual; **extended to October 14, 2024, at 5:00 p.m. (ET) for the Landlords**; **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

<u>Responses Received</u>:

a)      Informal comments received from the Committee;

b)      Informal comments received from the Landlords;

c)      Informal comments received from the U.S. Trustee;

d)      Informal comments received from the Orange County Tax Collector and the Broward County Tax Collector;

e)      Informal comments received from Liberty Mutual;

f)      Informal comments received from Comenity Capital Bank;

g)      Informal comments received from Chubb;

h)      Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24);

i)      Omnibus Limited Objection of Certain Landlords to Motions of Debtors to Approve (A) Store Closing Procedures and (B) Post-Petition Financing (D.I. 385, filed 10/2/24);

j)      Joint Limited Objection of the Texas Tax Authorities to the Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 387, filed 10/2/24);

k)      Limited Objection Pomeroy Enterprises, LLC to the Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 395, filed 10/2/24);

l)      Limited Objection of Northtowne Plaza Properties, Ltd. to the Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363,

364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 398, filed 10/2/24);

m)      Joinder and Objection of the Grove Shops LLC to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 400, filed 10/2/24);

n)      **Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24); and**

o)      **Milelli Realty-Lehigh Street, LLC's Joinder to the Omnibus Limited Objection of Certain Landlords to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 439, filed 10/7/24).**

Related Documents:

a)      [SEALED] Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 19, filed 9/9/24);

b)      Debtors' Motion for Entry of an Order Authorizing the Filing Under Seal of the Commercial Information in the Debtor in Possession Financing Facilities (D.I. 21, filed 9/9/24)

c)      [SEALED] Notice of Filing of Fee Letters Related to Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, And 552, (I) Authorizing the Debtors To (A) Obtain Senior Secured Superpriority Post-Petition Financing And (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection To Prepetition Secured Parties, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief (D.I. 69, filed 9/9/24);

    d)       Order Authorizing the Filing Under Seal of the DIP Fees in the Debtor in Possession Financing Facilities (D.I. 107, entered 9/10/24);

    e)       Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status And (B) Adequate Protection To Prepetition Secured Creditors, (III) Modifying Automatic Stay, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief (D.I. 114, entered 9/10/24);

    f)       Notice of Hearing Regarding Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 153, filed 9/12/24); and

    g)       Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

11.    Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 205, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)       Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

12.    Debtors' Application for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP as Financial Advisor for the Debtors Effective as of the Petition Date (D.I. 206, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

13.     Debtors' Application for Entry of an Order (A) Authorizing the Debtors to Retain A&G Realty Partners, LLC as a Real Estate Consultant and Advisor Effective as of the Petition Date and (B) Waiving Certain Reporting Requirements (D.I. 207, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

14.     Debtors' Application for an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor *Nunc Pro Tunc* to the Petition Date (D.I. 209, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

15.     Debtors' Application for Entry of an Order, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors and Debtors-in-Possession Effective as of the Petition Date, and Modifying Certain Time-Keeping Requirements (D.I. 210, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

16.      Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors and *Nunc Pro Tunc* to the Petition Date (D.I. 211, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

17.      Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts, and (II) Granting Related Relief (D.I. 288, filed 9/19/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

18.      Motion of Debtor for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Retained Professionals (D.I. 289, filed 9/19/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); **extended to October 14, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.**

Responses Received:

a)      Informal comments received from the U.S. Trustee; and

b)      Informal comments received from the DIP Lenders.

Related Documents: None.

Status: This matter has been adjourned to October 21, 2024, at 1:30 p.m. (ET).

## MATTER UNDER CERTIFICATION

19.     Motion of Southpoint Plaza, L.L.C. and GKKI, L.L.C. (I) to Compel Debtors to Immediately Assure or Reject a Lease of Non-residential Real Property; (II) Compel Payment of an Administrative Expense Claim Under 11 U.S.C. § 503(b); and (III) Compel Debtors to Comply with their Obligations Under 11 U.S.C. § 365(d)(3) (D.I. 225, filed 9/19/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 5, 2024, for the Debtors.

Responses Received:

a)      Informal comments received from the Debtors.

Related Documents:

a)      Certification of Counsel Regarding Stipulation Resolving the Motion of Southpoint Plaza, L.L.C. and GKKI, L.L.C. (I) to Compel Debtors to Immediately Assure or Reject a Lease of Non-residential Real Property; (II) Compel Payment of an Administrative Expense Claim Under 11 U.S.C. § 503(b); and (III) Compel Debtors to Comply with their Obligations Under 11 U.S.C. § 365(d)(3) (D.I. 425, filed 10/5/24); and

b)      **Order Approving Stipulation Resolving the Motion of Southpoint Plaza, L.L.C. and GKKI, L.L.C. (I) to Compel Debtors to Immediately Assure or Reject a Lease of Non-residential Real Property; (II) Compel Payment of an Administrative Expense Claim Under 11 U.S.C. § 503(b); and (III) Compel Debtors to Comply with their Obligations Under 11 U.S.C. § 365(d)(3) (D.I. 435, entered 10/7/24).**

**Status: An order has been entered. A hearing on this matter is no longer necessary.**

## MATTERS GOING FORWARD

20.     Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay

16

Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 11, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. (ET) for the Committee and the U.S. Trustee.

Responses Received:

a)      Informal comments received from the Committee;

b)      Informal comments received from PrimeRevenue;

c)      Limited Opposition to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 382, filed 10/2/24); and

d)      **Statement and Reservation of Rights of the Official Committee of Unsecured Creditors in Response to the Debtors' Vendors Motion (D.I. 441, filed 10/8/24).**

Related Documents:

a)      Interim Order (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 106, entered 9/10/24);

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24); and

c)      **Certification of Counsel Regarding Final Order (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising from Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors to Pay those Obligations in the Ordinary Course of**

**Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 445, filed 10/8/24).**

**Status: On October 8, 2024, the Debtors filed a revised proposed form of order under certification of counsel, resolving all outstanding objections and informal comments. Accordingly, a hearing on this matter is no longer necessary unless the Court directs otherwise.**

21.    Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief (D.I. 13, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 9, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee with respect to the terms of the final order.

Responses Received:

a)    Informal comments received from the U.S. Trustee;

b)    Informal comments received from Chubb; and

c)    Informal comments received from the Landlords.

Related Documents:

a)    Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief (D.I. 137, entered 9/11/24).

b)    Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24);

c)    **Certification of Counsel Regarding Second Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief (D.I. 442, filed 10/8/24); and**

d)    **Notice of Proposed Cure Amounts for Certain Unexpired Leases (D.I. 443, filed 10/8/24).**

**Status: On October 8, 2024, the Debtors filed a proposed form of interim order under certification of counsel, resolving all informal comments. Accordingly, a hearing on this matter is no longer necessary unless the Court directs otherwise.**

22.     Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 14, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. (ET) for the Committee and the U.S. Trustee.

Responses Received:

a)      Informal comments received from the U.S. Trustee;

b)      Informal comments received from the Committee; and

c)      United States Trustee's Objection to Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 426, filed 10/7/24).

Related Documents:

a)      Interim Order Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 113, entered 9/10/24);

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24);

c)      Notice of Supplemental Declaration in Support of Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 283, filed 9/25/24); and

d)      **Notice of Filing of Proposed Final Order Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 444, filed 10/8/24);**

    e)    **Notice of Withdrawal of Notice of Filing of Proposed Final Order Authorizing (I) Debtors To (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees To Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions To Honor and Process Related Checks and Transfers (D.I. 448, filed 10/9/24); and**

    f)    **Notice of Filing of Revised Proposed Final Order Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 449, filed 10/9/24).**

**Status: This matter is going forward. The Debtors intend to seek entry of the revised form of proposed order filed at D.I. 444 at the hearing.  The Debtors intend to present the testimony of Michael Schlonsky, Executive Vice President and Chief Human Resources Office of Big Lots, Inc., in support of the motion.**

23.    Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases (D.I. 17, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. (ET) for the Landlords, the Committee, and the U.S. Trustee.

Responses Received:

a)    Informal comments received from RAR2 Bethel Industrial LLC;

b)    Informal comments received from the U.S. Trustee;

c)    Informal comments received from the Landlords;

d)    Omnibus Limited Objection of Orange County Florida Tax Collector to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24);

e)    Objection and Reservation of Rights of CPR/CHI Merrillville II Owner, L.L.C. to Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases (D.I. 394, filed 10/2/24); and

f) **Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al.*; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al.*; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al.*; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24).**

Related Documents:

a) Notice of Hearing Regarding Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases (D.I. 152, filed 9/12/24);

b) Notice of Filing of Amended Exhibit to Proposed Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases (D.I. 373, filed 9/30/24); and

c) **Certification of Counsel Regarding Stipulation Resolving the Objection and Reservation of Rights of CRP/CHI Merrillville II Owner, L.L.C. to Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases (D.I. 446, filed 10/9/24);**

d) **Certification of Counsel Regarding Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases (D.I. 447, filed 10/9/24).**

**Status: The Debtors believe that objections (d) and (f) are resolved with respect to this matter. The Debtors have submitted a certification of counsel resolving objection (e). One October 9, 2024, the Debtors filed a revised form of order under certification of counsel resolving the informal comments of the U.S. Trustee, RAR2 Bethel Industrial LLC, and the Landlords. Accordingly, a hearing on this matter is no longer necessary unless the Court directs otherwise.**

24. Application of Debtors for Entry of an Order (I) Authorizing the Retention and Employment of PWC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors Effective as of September 9, 2024 and (II) Granting Related Relief (D.I. 208, filed 9/18/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. (ET) for the Committee; **extended to October 7, 2024, at 5:00 p.m. (ET) for the U.S. Trustee**.

<u>Responses Received</u>:

a)      Informal comments received from the U.S. Trustee.

<u>Related Documents</u>:

a)      **Second Supplemental Declaration of Craig Keller in Support of the Application of Debtors for an Order (I) Authorizing the Retention and Employment of PWC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors, Effective as of September 9, 2024, and (II) Granting Related Relief (D.I. 451, filed 10/9/2024).**

<u>Status</u>: This matter is going forward.  The Debtors anticipate that this matter will be resolved consensually in advance of the hearing or adjourned.

25.     Motion of the Debtors for Entry of an Order (I) Approving (A) the Procedures for the Sale of Certain of the Debtors' De Minimis Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) the Form and Manner of Notice of De Minimis Asset Sales, and (II) Granting Related Relief (D.I. 287, filed 9/19/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. (ET) for the Committee and the U.S. Trustee.

<u>Responses Received</u>:

a)      Informal comments received from the U.S. Trustee;

b)      Informal comments received from Chubb;

c)      Informal comments received from the Committee;

d)      Informal comments received from the Landlords; and

e)      Informal comments received from the DIP Agents.

<u>Related Documents</u>: None.

<u>Status</u>: The Debtors intend to submit a revised form of proposed order in advance of the hearing.  This matter is going forward.

Dated:    October 9, 2024
          Wilmington, Delaware

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                    */s/ Casey B. Sawyer*
                                    Robert J. Dehney, Sr. (No. 3578)
                                    Andrew R. Remming (No. 5120)
                                    Tamara K. Mann (No. 5643)
                                    Sophie Rogers Churchill (No. 6905)
                                    Casey B. Sawyer (No. 7260)
                                    1201 N. Market Street, 16th Floor
                                    Wilmington, DE 19801
                                    Tel: (302) 658-9200
                                    rdehney@morrisnichols.com
                                    aremming@morrisnichols.com
                                    tmann@morrisnichols.com
                                    srchurchill@morrisnichols.com
                                    csawyer@morrisnichols.com

                                    *-and-*

                                    DAVIS POLK & WARDWELL LLP

                                    Brian M. Resnick (admitted *pro hac vice*)
                                    Adam L. Shpeen (admitted *pro hac vice*)
                                    Stephen D. Piraino (admitted *pro hac vice*)
                                    Jonah A. Peppiatt (admitted *pro hac vice*)
                                    Ethan Stern (admitted *pro hac vice*)
                                    450 Lexington Avenue
                                    New York, NY 10017
                                    Tel.: (212) 450-4000
                                    brian.resnick@davispolk.com
                                    adam.shpeen@davispolk.com
                                    stephen.piraino@davispolk.com
                                    jonah.peppiatt@davispolk.com
                                    ethan.stern@davispolk.com

                                    *Proposed Counsel to the Debtors and
                                    Debtors in Possession*