<u>**Exhibit A**</u>

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 287** |

### ORDER (I) APPROVING (A) THE PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' *DE MINIMIS* ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) THE FORM AND MANNER OF NOTICE OF *DE MINIMIS* SALES, (II) AUTHORIZING THE SALE OF CERTAIN OF DEBTORS' *DE MINIMIS* ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Rule 6004-1, for entry of an order (i) approving (a) procedures (the "**De Minimis Sale Procedures**") for the sale of certain *de minimis* assets, including, but not limited to, those assets described in the Motion, for a Sale Price of $1,000,000 or less, (b) the form and manner of the De Minimis Sale Notice, attached hereto as **Exhibit 1**, (ii) authorizing the sale of the Debtors' *de minimis* assets free and clear of liens, claims, encumbrances and interests (collectively, the "**Liens**"), and (iii) granting related relief, as more fully described in the Motion; and this Court

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein are defined in the Motion.

having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having determined that the legal and factual bases set forth in the Motion, the Ramsden Declaration, and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The following De Minimis Sale Procedures, as described in the Motion, are hereby approved and may be implemented by the Debtors in the Chapter 11 Cases:

- Sale Price Less Than or Equal to $10,000. If the aggregate Sale Price[3] for a De Minimis Asset Sale in any individual transaction or series of related transactions to a single buyer or a group of related buyers is less than or equal to $10,000 (a "**Category One Sale**"), no notice or hearing shall be required. In such instance, the Debtors are authorized to consummate such Category One Sale if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of their estates, without further order of the Court or notice to any party; *provided*, that, prior to the consummation of any Category One Sale, the Debtors will use commercially reasonable efforts to notify any known or potentially interested third parties (the "**Interested Parties**") concerning the sale of personal property in which such Interested Parties may hold a Lien. Any such Category One Sale shall be deemed final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transactions, free and clear of all liens, claims, and interests, with such liens, claims, or interests attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the transaction. Good faith purchasers of such De Minimis Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

- Sale Price Greater than $10,000 and Less Than or Equal to $350,000. If the aggregate Sale Price for a De Minimis Asset Sale in any individual transaction or series of related transactions to a single buyer or a group of related buyers is greater than $10,000 and less than or equal to $350,000 (a "**Category Two Sale**"), no notice or hearing shall be required; *provided*, that, prior to the consummation of any Category Two Sale, the Debtors will use commercially reasonable efforts to notify any Interested Parties concerning the sale of personal property in which such Interested Parties may hold a Lien. In such instance the Debtors will file a notice of De Minimis Asset sales on a bi-weekly basis to inform the Court and parties in interest of any Category Two Sales that occurred in the preceding two weeks. Any such Category Two Sale shall be deemed final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transactions, free and clear of all liens, claims, and interests, with such liens, claims, or interests attaching only to the sale proceeds with the same validity, extent and priority as immediately prior to the transaction. Good faith purchasers of such De Minimis Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

- Sale Price Greater than $350,000 and Less Than or Equal to $1,000,000. If the aggregate Sale Price for a De Minimis Asset Sale in any individual transaction or series of related transactions to a single buyer or a group of related buyers is greater than $350,000 and less than or equal

---

[3] "**Sale Price**" shall mean the total net cash consideration and fair market value of non-cash consideration estimated to be received by the Debtors for each De Minimis Asset (notwithstanding the total purchase price of any lot, bulk, or similar type bids), in each case, plus the amount of any liabilities to be assumed by the purchaser (to the extent quantifiable or reasonably estimable).

to $1,000,000 (a "**Category Three Sale**"), the following De Minimis Sale Procedures shall apply:

      (a)      The Debtors shall file a notice (a "**De Minimis Sale Notice**") with the Court specifying (i) the applicable De Minimis Asset(s) to be sold, (ii) the identity of the purchaser, (iii) any commissions to be paid to third parties (such as brokers), (iv) the Sale Price, and (v) the disclosure of any relationship between the purchaser and the Debtors. The Debtors shall serve the Category Three Sale Notice on the following parties: (a) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street Suite 2207 Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Official Committee of Unsecured Creditors (the "**Committee**"); (c) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (d) Otterbourg P.C., as counsel to the Term Agent; and (e) any person or entity with a particularized interest in the asset(s) to be sold (collectively, the "**Notice Parties**").

      (b)      Parties will have five business (5) days after the service of a De Minimis Sale Notice (the "**De Minimis Sale Objection Deadline**") to object (each, an "**Objection**") to a proposed Category Three Sale. After the expiration of the De Minimis Sale Objection Deadline, the Debtors may immediately sell the De Minimis Asset(s) listed in the De Minimis Sale Notice and take any actions and execute any agreements or other documentation that are necessary or desirable to close the transaction and obtain the sale proceeds.

      (c)      If any party in interest wishes to object to a proposed Category Three Sale, such party must (i) file a written Objection with the Court on or before the De Minimis Sale Objection Deadline and (ii) serve the Objection on the Debtors and each of the other Notice Parties so that it is actually received by such parties on or before the De Minimis Sale Objection Deadline. Any such Objection shall identify, with specificity, the legal and factual bases for such Objection. If an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting party, the De Minimis Assets that are the subject of the Objection will not be sold except upon order of the Court; *provided*, *however*, that any De Minimis Asset set forth in the De Minimis Sale Notice that is not the subject of an Objection may be immediately sold in accordance with paragraph (ii).

- Sale Price Greater than $1,000,000. If the Sale Price for the sale of any De Minimis Asset is greater than $1,000,000, the Debtors shall file a motion with the Court requesting approval of the sale.

3.      Local Rule 6004-1 is hereby waived with respect to any sale of De Minimis Assets undertaken pursuant to the De Minimis Sale Procedures.

4.      The Debtors shall be permitted to compensate any broker engaged by the Debtors in connection with any sale or attempted sale of assets; *provided*, *however*, that if an Objection to the payment of any broker's fees is timely received and filed by the De Minimis Sale Objection Deadline (if applicable), then the portion of such broker's fees to which the Objection is directed shall not be paid until such Objection is consensually resolved or until the Court approves such payment; *provided*, *further*, that any such professional shall complete a verified statement, substantially in the form attached to the De Minimis Sale Notice (a "**Verified Statement**"), to be filed with the applicable De Minimis Sale Notice.

5.      The De Minimis Sale Procedures satisfy section 363(f) of the Bankruptcy Code and assets sold pursuant to the De Minimis Sale Procedures shall be sold free and clear of all Liens.

6.      In the case of a Category One Sale, the property may be sold free and clear of all Liens without a notice or a hearing if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of their estates, without further order of the Court or notice to any party; *provided*, that any such Lien will be satisfied from the proceeds of the sale to the extent that such Lien is valid; *provided*, *further*, that, prior to the consummation of any Category One Sale, the Debtors shall use commercially reasonable efforts to notify any Interested Parties concerning the sale of personal property in which such Interested Parties may hold a Lien.

7.      In the case of a Category Two Sale, the property may be sold free and clear of all Liens without a notice or a hearing if the Debtors determine in the reasonable exercise of their business judgment that such sales or transfers are in the best interests of their estates, without further order of the Court or notice to any party; *provided*, that any such Lien will be satisfied from the proceeds of the sale to the extent that such Lien is valid; *provided*, *further*, that the Debtors

shall (a) prior to the consummation of any Category Two Sale, use commercially reasonable efforts to notify any Interested Parties concerning the sale of personal property in which such Interested Parties may hold a Lien and (b) file with the Court on a bi-weekly basis a notice of any Category Two Sales that occurred in the preceding two weeks.

8.    Any holder of a Lien on any De Minimis Asset(s) proposed to be sold in a Category Three Sale will receive a De Minimis Sale Notice and will have an opportunity to object to any sale in which they claim an interest.  If a holder of a Lien receives the De Minimis Sale Notice and does not object within the prescribed time period, then such holder will be deemed to have consented to the proposed sale and the property may be sold free and clear of the holder's Lien pursuant to section 363(f) of the Bankruptcy Code, with any such Lien to be satisfied from the proceeds of the sale.

9.    Those who purchase any De Minimis Assets in accordance with the De Minimis Sale Procedures shall be afforded the protections under section 363(m) of the Bankruptcy Code.

10.    Notwithstanding anything to the contrary in this Order, the De Minimis Sale Procedures, any notice pursuant thereto (including any De Minimis Sale Notice), or agreements into pursuant to or related thereto, none of the Debtors' insurance policies and/or agreements related thereto, including, but not limited to, any rights, proceeds, benefits, claims, rights to payments and/or recoveries thereunder and/or any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred pursuant to any sale(s) or abandonment of De Minimis Assets, without the express prior written consent of the applicable insurer and/or third party administrator.

11.    Notwithstanding anything to the contrary in this Order, the Debtors shall not (a) sell, assign or otherwise transfer any real property lease pursuant to this Order or the De Minimis

Sale Procedures or (b) absent further order of the Court, sell any De Minimis Assets to any "Insider" of the Debtors within the meaning of section 101(31) of the Bankruptcy Code.

12.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13.    The Debtors are authorized to take any and all actions necessary or appropriate to implement the De Minimis Sale Procedures.

14.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this De Minimis Sale Procedures Order.

**<u>Exhibit 1</u>**

**De Minimis Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. __** |

### NOTICE OF SALE OF CERTAIN OF THE DEBTORS' *DE MINIMIS* ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order (I) Approving (A) the Procedures for the Sale of Certain of the Debtors' De Minimis Assets Free and Clear of Liens, Claims, Encumbrances and Interests, (B) the Form and Manner of Notice of De Minimis Asset Sales, (II) Authorizing the Sale of Certain of Debtors' De Minimis Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* [D.I. [●]] (the "**De Minimis Sale Procedures Order**"), which authorizes the sale of the Debtors' assets pursuant to the procedures set forth in the De Minimis Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that objections (each, an "**Objection**"), if any, to the proposed sale of any assets listed on Appendix A attached hereto must be made on or before [●], **2024, at 4:00 p.m. (ET)** (the "**Objection Deadline**"), (ii) made in writing, and identify with specificity the legal and factual bases therefor, (iii) filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Wilmington, DE 19801, and (iv) served upon (A) proposed counsel for the Debtors, (y) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian M. Resnick, Adam. L. Shpeen, Stephen D. Piraino, and Ethan Stern) and (z) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., 16th Floor, P.O. Box 1347, Wilmington, DE 19801 (Attn: Robert J. Dehney, Sr. and Andrew R. Remming), (B) counsel to the ABL Agent, (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola, Esq., Jonathan D. Marshall, Esq., and Jacob S. Lang, Esq.) and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801 (Attn: Regina Stango Kelbon, Esq. and Stanley Tarr, Esq.), (C) counsel to the Term Agent, (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Chad B.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Simon, Esq., James V. Drew, Esq., and Sarah L. Hautzinger, Esq.) and (z) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801 (Attn: John H. Knight, Esq.), (D) counsel to the Committee, (y) McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman, Esq. and Kristin K. Going, Esq.) and (z) Cole Schotz P.C., 500 Delaware Avenue, Suite 200, Wilmington, DE 19801 (Attn: Justin Alberto, Esq., Stacy L. Newman, Esq., and Sarah Carnes, Esq.), and (E) counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Christopher Marcus, P.C., Douglas A. Ryder, P.C., and Nicholas M. Adzima).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the De Minimis Sale Procedures Order, if no Objection is timely filed and served in accordance with the procedures above, the asset(s) listed on Appendix A will be sold free and clear of all liens, claims, encumbrances and other interests pursuant to, among other provisions, section 363 of title 11 of the United States Code, in accordance with the De Minimis Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely received and filed and cannot be resolved by the Debtors and the objecting party, the assets that are the subject of the Objection will not be sold except upon order of the Court; *provided, however* that any asset set forth in the De Minimis Sale Notice and within Appendix A that is not the subject of an Objection may be immediately sold.

[**PLEASE TAKE FURTHER NOTICE** that pursuant to the De Minimis Asset Sale Procedures Order, the Debtors intend to employ [broker] in connection with the sale contemplated herein, as set forth in the Verified Statement attached hereto as **Appendix B**.]

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights with respect to the *de minimis* asset sale process, including without limitation, the right to modify in whole or in part the requirements or timeline of any *de minimis* asset sale, to reject any proposal, to terminate a company's participation in the process, to terminate or suspend discussion or negotiations with a company, or any other company or any party or parties about the subjects covered by the *de minimis* asset sale process or to terminate any pending *de minimis* asset sale.

*[Remainder of page intentionally left blank]*

Dated: [●], 2024
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ _____

Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## APPENDIX A

| Asset(s) to be Sold | Sale Price | Name and Address of Purchaser | Proposed Purchase Price and Commissions to Third Parties | Location of Asset(s) | Relationship Between Debtors and Purchaser (if any) |
|---|---|---|---|---|---|
| | | | | | |

**APPENDIX B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al*., | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. __** |

## <u>VERIFIED STATEMENT OF [BROKER]</u>

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [COMPANY], located at [STREET, CITY, STATE, ZIP CODE] (the "**Company**").

2.      The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have requested that the Company provide [_____DESCRIPTION_____] of services to the Debtors in connection with the sale of [_____DESCRIPTION OF ASSETS_____] (the "**Assets**"), and the Company has consented to provide such services.

3.      Following a successful sale of the Assets, the Company shall receive the following compensation (the "**Compensation**") in exchange for its services: [____DESCRIPTION OF COMPENSATION____].

4.      The Company may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

persons that are parties in interest in the Debtors' chapter 11 cases. The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5.       Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.       Neither I nor any principal, partner, director, officer, of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

7.       The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:

_____, 2024        _____
                                                   [DECLARANT'S NAME]