**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>October 23, 2024, at 4:00 p.m. (ET)<br><br>**Hearing Date**: TBD |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR EFFECTIVE AS OF THE PETITION DATE**

The debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby file this application (this "**Application**") and respectfully state as follows:

**RELIEF REQUESTED**

1. By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to employ and retain Deloitte & Touche LLP ("**Deloitte & Touche**") as their independent auditor, effective as of to the Petition Date (as defined below), in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Deloitte & Touche, dated May 24, 2024 (the "**Engagement Letter**"). In support of this Application, the Debtors submit the *Declaration of Natalie Martini in Support of Application of Debtors for Entry of an Order Authorizing the*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Retention and Employment of Deloitte & Touche LLP as Independent Auditor Effective as of the Petition Date* (the "**Martini Declaration**"), attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014-1.

## BACKGROUND

3. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 23, 2024, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to 11 U.S.C. § 1102(a)(1). No trustee or examiner has been appointed in the above-

captioned cases (the "**Chapter 11 Cases**").

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* filed on the Petition Date.

## DELOITTE & TOUCHE'S QUALIFICATIONS

5. The Debtors seek to employ and retain Deloitte & Touche to provide integrated audit services. Deloitte & Touche has significant experience performing integrated audit services and has performed such services in large and complex chapter 11 cases on behalf of debtors throughout the United States. Such experience renders Deloitte & Touche well-qualified and able to provide services to the Debtors in a cost-effective, efficient, and timely manner. Deloitte & Touche's services fulfill an important need and are not provided by any of the Debtors' other professionals.

6. Deloitte & Touche has provided various professional services to the Debtors since approximately October 1989. In providing such prepetition professional services to the Debtors, Deloitte & Touche has become familiar with the Debtors and their financial affairs, debt structure, business operations, and related matters. Having worked closely with the Debtors' management, Deloitte & Touche has developed relevant experience and knowledge regarding the Debtors that will assist it in providing effective and valuable services to the Debtors. Accordingly, Deloitte & Touche is well-qualified to provide services for the Debtors in the Chapter 11 Cases in an efficient manner.

## SERVICES PROVIDED BY DELOITTE & TOUCHE

7. Subject to this Court's approval of the Application, as set forth more fully in the Engagement Letter,[2] Deloitte & Touche has agreed to provide certain independent audit and review services to the Debtors in accordance with the terms and conditions of the Engagement Letter. Specifically, Deloitte & Touche will perform an integrated audit in accordance with the standards of the Public Company Accounting Oversight Board (PCAOB) (United States) (the "**PCAOB Standards**") and express an opinion on the fairness of the presentation of Debtor Big Lots, Inc. (the "**Company**") consolidated financial statements for the year ending February 1, 2025, in conformity with accounting principles generally accepted in the United States of America ("generally accepted accounting principles"), in all material respects, and (2) the effectiveness of the Company's internal control over financial reporting as of February 1, 2025, based on the criteria established in Internal Control — Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission. Deloitte & Touche will also perform a review of the Company's condensed interim financial information in accordance with the PCAOB Standards for each of the quarters in the year ending February 1, 2025, prepared for submission to the Securities and Exchange Commission.

8. Further, pursuant to the Engagement Letter, Deloitte & Touche may provide audit services and conduct procedures associated with the base audit services described above that are beyond the scope of procedures that were anticipated to be performed at the time the Engagement Letter was signed (collectively, the "**Out-of-Scope Services**").

9. In addition to the foregoing, Deloitte & Touche, at the request of the Debtors, may

---

[22] The summary of the Engagement Letter provided for herein is for convenience only. To the extent that the summary contained herein conflicts with the Engagement Letter, the Engagement Letter shall control in all respects. Capitalized terms used but not otherwise defined in the summary shall have the meanings ascribed to such terms in the Engagement Letter.

provide additional services deemed appropriate and necessary to benefit the Debtors' estates. Should Deloitte & Touche agree in its discretion to undertake any such matter, Deloitte & Touche and the Debtors may enter into additional engagement letters, as is necessary, and file, for disclosure purposes, such additional engagement letters with the Court. Unless required by the Court, the Debtors and Deloitte & Touche do not intend to seek separate retention orders with regard to any additional engagement letters. Instead, any additional engagement letters will be appended to a notice that will be filed with the Court and served on the applicable notice parties, and, absent any objections filed within ten days after the filing and service of such notice, such additional engagement agreement(s) will be performed by Deloitte & Touche pursuant to the Proposed Order.

## **PROFESSIONAL COMPENSATION**

10. Deloitte & Touche's retention by the Debtors is conditioned upon its ability to be retained in accordance with its terms and conditions of employment, including the proposed compensation arrangements set forth in the Engagement Letter, as modified by the Proposed Order.

11. Pursuant to the Engagement Letter, the parties agreed that Deloitte & Touche will bill the Debtors a fixed fee for such services, excluding the Out-of-Scope Services, in accordance with an agreed-upon billing schedule, as follows:

| Invoice Date | Amount |
|---|---|
| May 31, 2024 | $375,000 |
| August 31, 2024 | $375,000 |
| November 30, 2024 | $375,000 |
| February 28, 2025 | $375,000 |
| April 2025 | Final Expenses |
| **Total** | **$1,500,000** |

12. In addition to the fees set forth above, the Debtors propose to reimburse Deloitte & Touche for all actual, reasonable, and necessary expenses actually incurred including, but not

5

limited to, expenses incurred on account of travel and lodging, report production, delivery services, and other expenses incurred in providing Deloitte & Touche's services.

13. The Debtors are advised that the compensation terms contemplated by the Engagement Letter are reasonable and comparable to those generally charged by bankruptcy auditing service providers of similar stature to Deloitte & Touche for similar engagements. The hourly rates summarized above are consistent with Deloitte & Touche's billing practices for comparable engagements. The Debtors submit that the compensation terms are fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

14. The Debtors propose that all compensation and expenses be sought in accordance with section 328(a) of the Bankruptcy Code and not be subject to any other standard of review, including section 330 of the Bankruptcy Code. The Debtors also propose that, notwithstanding Deloitte & Touche's retention under section 328(a), the U.S. Trustee will retain the right to object to the compensation to be paid to Deloitte & Touche pursuant to the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

15. According to the Debtors' books and records, the Debtors paid Deloitte & Touche approximately $125,000 on account of invoices issued by Deloitte & Touche during the 90-day period before the Petition Date. As of the Petition Date, no amounts were outstanding with respect to the invoice(s) issued by Deloitte & Touche.

16. The Debtors are advised that Deloitte & Touche intends to file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58)

(together with any other applicable guidelines issued by the Office of the United States Trustee, the "**U.S. Trustee Guidelines**") established by the U.S. Trustee, the Local Rules, and any applicable orders of the Court.

17. Some services incidental to the tasks to be performed by Deloitte & Touche in these Chapter 11 Cases may be performed by personnel now employed by, or associated with, affiliates of Deloitte & Touche, such as Deloitte Transactions and Business Analytics LLP, Deloitte Financial Advisory Services LLP, Deloitte Tax LLP, and Deloitte Consulting LLP, or their respective subsidiaries, including subsidiaries located outside the United States.

18. In particular, the Debtors are informed that Deloitte & Touche may subcontract a portion of attest services to its indirect subsidiary, Deloitte & Touche Assurance & Enterprise Risk Services India Private Limited ("**Deloitte & Touche India**").  In such case, a specifically assigned team of personnel from Deloitte & Touche India assists in such services under the supervision, and with the input, of personnel of Deloitte & Touche.  The hourly rates charged to the clients by Deloitte & Touche for services performed by Deloitte & Touche India personnel are comparable to the rates charged for similar services by Deloitte & Touche but do not directly correlate with the hourly rates attributed to such services by Deloitte & Touche India.  The connections of Deloitte & Touche India (along with the connections of Deloitte & Touche and its other affiliates) to parties in interest in these Chapter 11 Cases were searched by Deloitte & Touche and are set forth on **Schedule 2** of the Martini Declaration.

19. The Debtors are advised that Deloitte & Touche has received no promises regarding compensation in these Chapter 11 Cases other than in accordance with the Bankruptcy Code and as set forth in the Martini Declaration.  Deloitte & Touche has no agreement with any nonaffiliated or unrelated entity to share any compensation earned in these Chapter 11 Cases.

## **NO DUPLICATION OF SERVICES**

20. The services of Deloitte & Touche will complement and not duplicate the services rendered by any other professional retained in these Chapter 11 Cases. Deloitte & Touche understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with the Debtors to avoid any unnecessary duplication of services.

## **DELOITTE & TOUCHE'S DISINTERESTEDNESS**

21. Deloitte & Touche has reviewed the list of parties in interest provided by the Debtors. To the best of the Debtors' knowledge, information, and belief, and except to the extent disclosed herein and in the Martini Declaration, Deloitte & Touche: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) does not hold or represent an interest materially adverse to the Debtors' estates; and (c) has no connection to the Debtors, their significant creditors, or other significant related parties herein, except as disclosed in the Martini Declaration.

22. Given the large number of parties in interest in these Chapter 11 Cases, despite the efforts to identify and disclose Deloitte & Touche's relationships with parties in interest in these Chapter 11 Cases, Deloitte & Touche is unable to state with certainty that every client relationship or other connection has been disclosed in the Martini Declaration. In the event that Deloitte & Touche discovers additional material information that it determines requires disclosure, it will file a supplemental disclosure promptly with this Court.

**BASIS FOR RELIEF**

**I.   The Debtors Should be Permitted To Retain and Employ Deloitte & Touche in Accordance with the Terms of the Engagement Letter Pursuant to Sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code.**

23.   The Debtors seek approval of the retention and employment of Deloitte & Touche pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code.  Section 328(a) provides, in relevant part, that a debtor in possession, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).  Section 327(a) of the Bankruptcy Code, in turn, authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a).  Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

24.   Section 328 of the Bankruptcy Code permits the compensation of professionals, including auditors, on more flexible terms that reflect the nature of their services and market conditions.  As the U.S. Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Secs. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of

compensation agreed to with the trustee (or debtor or committee).

123 F.3d at 862 (footnote omitted).

25.     The Court's approval of the Debtors' retention of Deloitte & Touche in accordance with the terms and conditions of the Engagement Letter is warranted. First, as discussed above and in the Martini Declaration, Deloitte & Touche satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code.[3] Deloitte & Touche began providing services for the Debtors prior to the commencement of these Chapter 11 Cases and has already committed a significant amount of time and effort with respect to performing audit services for the Debtors during the Debtors' current fiscal year. The Debtors require Deloitte & Touche to continue to provide audit services. Deloitte & Touche has extensive experience and an excellent reputation in providing audit services to debtors in bankruptcy reorganizations and other restructuring situations. Deloitte & Touche has become familiar with the Debtors' business operations, capital structure, financing documents, and other material information. The Debtors believe that Deloitte & Touche is well-qualified to provide its services to the Debtors in a cost-effective, efficient, and timely manner. Furthermore, as detailed herein, Deloitte & Touche does not hold or represent an interest adverse to the estate and is disinterested.

26.     In addition, the Debtors believe that the compensation terms are market-based, fair, and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code. Such terms reflect Deloitte & Touche's commitment to the efforts necessary to perform audit services, Deloitte

---

[3] Rule 2014(a) of the Bankruptcy Rules requires that an application must be made for retention of professionals pursuant to section 327 of Bankruptcy Code. Under Rule 2014(a), such application shall: "state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Additionally, the application "shall be accompanied by a verified statement of the person to be employed setting forth the person's connections" to the parties in interest list. Fed. R. Bankr. P. 2014. Here, Rule 2014 is satisfied by the contents of this Application and the Martini Declaration attached hereto.

& Touche's particular knowledge and experience, and the market prices for Deloitte & Touche's services for engagements of this nature both out of court and in a chapter 11 context. Indeed, the Debtors believe that the fee structure contemplated in the Engagement Letter appropriately reflects: (a) the nature and scope of services to be provided by Deloitte & Touche; and (b) Deloitte & Touche's substantial experience with respect to providing auditing services.

27. As set forth above, Deloitte & Touche intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the applicable U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court.

28. Courts in this jurisdiction have approved relief similar to that requested in this Application. *See, e.g.*, *In re Mallinckrodt plc*, No. 20-12522 (JTD) [D.I. 894] (Bankr. D. Del. Dec. 21, 2020) (authorizing retention of Deloitte & Touche as independent auditor); *In re Libbey Glass Inc.*, No. 20-11439 (LSS) [D.I. 328] (Bankr. D. Del. Aug. 3, 2020) (same); *In re Old Holdco, Inc.*, No. 20-11570 (LSS) [D.I. 219] (Bankr. D. Del. July 23, 2020) (same); *In re Quorum Health Corp.*, No. 20-10766 (BLS) [D.I. 456] (Bankr. D. Del. June 2, 2020) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) [D.I. 372] (Bankr. D. Del. May 18, 2020) (same); *In re RentPath Holdings, Inc.*, No. 20-10312 (BLS) [D.I. 265] (Bankr. D. Del. Apr. 3, 2020) (same).

**II.     The Debtors Should be Permitted to Retain and Employ Deloitte & Touche Effective as of the Petition Date**

29. The Debtors also believe that employment of Deloitte & Touche effective as of the Petition Date is warranted under the circumstances of these Chapter 11 Cases. Deloitte & Touche has provided, and will continue to provide, valuable audit services to the Debtors. *See, e.g.*, *In re Ark. Co.*, 798 F.2d 645, 648 (3d Cir. 1986) ("[T]he bankruptcy courts have the power to authorize

retroactive employment of counsel and other professionals under their broad equity power." (collecting cases)); *see also* Rule 2014-1(b) of the Local Rules ("If the retention motion is granted, the retention shall be effective as of the date the motion was filed, unless the Court orders otherwise.").

30. Courts routinely grant such relief in this jurisdiction. *See, e.g.*, *In re Mallinckrodt plc*, No. 20-12522 (JTD) [D.I. 894] (Bankr. D. Del. Dec. 21, 2020) (granting retention effective as of a date prior to the date of the application); *In re Libbey Glass Inc.*, No. 20-11439 (LSS) [D.I. 328] (Bankr. D. Del. Aug. 3, 2020) (same); *In re Old Holdco, Inc.*, No. 20-11570 (LSS) [D.I. 219] (Bankr. D. Del. July 23, 2020) (same); *In re Quorum Health Corp.*, No. 20-10766 (BLS) [D.I. 456] (Bankr. D. Del. June 2, 2020) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) [D.I. 372] (Bankr. D. Del. May 18, 2020) (same); *In re RentPath Holdings, Inc.*, No. 20-10312 (BLS) [D.I. 265] (Bankr. D. Del. Apr. 3, 2020) (same).

**III.    Retention of Deloitte & Touche is Important to the Debtors' Restructuring Efforts.**

31. The Debtors submit that the retention of Deloitte & Touche is in the best interests of all parties in interest in these Chapter 11 Cases. Deloitte & Touche is a preeminent auditing firm that is intimately familiar with the Debtors' businesses. Denial of the relief requested herein will deprive the Debtors of the assistance of well-qualified auditing professionals who have served them since 2011. Indeed, if the Debtors were forced to engage a new auditor who lacks a thorough understanding of the Debtors' businesses and the initiatives that have been implemented over the course of Deloitte & Touche's engagement, such change would mandate the commitment of significant resources to educate a replacement.

32. Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry of an order authorizing the Debtors to retain and employ Deloitte & Touche in these Chapter 11

Cases on the terms described herein and in the Engagement Letter.

### NOTICE

33. Notice of this Application will be given to: (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent; (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.

34. A copy of this Application is available from (a) the Court's website, www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Kroll Restructuring Administration LLC, at https://cases.ra.kroll.com/biglots.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  October 9, 2024

**BIG LOTS, INC.**
(for itself and on behalf of its affiliated debtors)

By:  */s/Ronald A. Robins, Jr.*
Ronald A. Robins, Jr. Executive Vice President, Chief Legal and Governance Officer