IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 13 & 459** |

**SECOND INTERIM ORDER (I) ESTABLISHING PROCEDURES
TO SELL CERTAIN LEASES, (II) APPROVING THE
SALE OF CERTAIN LEASES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders pursuant to sections 105, 363, rules 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 and 9014, and Rule 6004-1 of the Local Rules, (a) establishing procedures authorizing, but not directing, the Debtors to sell or transfer certain unexpired leases of non-residential real property (each, a "**Lease**"), pursuant to the procedures attached hereto as **Exhibit 1** (the "**Lease Sale Procedures**"), by which the Debtors, in consultation with the Consultation Parties, will solicit and select the highest or otherwise best offer(s) for the sales, assignments, or transfers (the "**Lease Sales**") of certain unexpired leases (the "**Lease Assets**"), including with any related ancillary agreement(s) thereto or through the sale of

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#99189957v1
#99182420v8

designation rights related thereto; (b) approving the form and manner of notice of each Lease Auction and Lease Sale Hearing , including the notice of proposed cure amounts, attached hereto as **Exhibit 2** (the "**Lease Auction, Cure Cost & Lease Sale Hearing Notice**"); (c) scheduling an auction or auctions to sell the Leases detailed in the Lease Sale Procedures (each, a "**Lease Auction**") and a hearing or hearings to approve one or more Sales (each, a "**Lease Sale Hearing**"); (d) approving the form and manner of the Post-Auction Notice attached hereto as **Exhibit 3**; and (e) granting related relief, all as more fully set forth in the Motion; and upon the Ramsden Declaration; and upon the Ramsden Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to

avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth in this order (this "**Order**"). For the avoidance of doubt, the relief granted herein only applies to the Lease Auction to be held in October 2024 (the "**October Lease Auction**"), and any subsequent auctions and sales will be subject to further court order.

**I.     Important Dates and Deadlines.**

2. The following dates and deadlines are hereby approved on an interim basis in connection with the October Wave Lease Auction (and may be adjourned from time to time by the Debtors in consultation with the Consultation Parties):

   a) <u>**Lease Auction, Cure Cost & Lease Sale Hearing Notice**</u>: **Within one day after entry of this Second Interim Order,** is the time to file and serve the initial notice of leases being subject to the October Lease Auction and the various deadlines below.

   b) <u>**Bid Deadline**</u>: **October 15, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which all binding Bids must be actually received pursuant to the Lease Sale Procedures.

   c) <u>**Notice of Qualified Bid Deadline**</u>: **October 17, at 5:00 p.m. (prevailing Eastern Time)**, is the date and time by which the Debtors shall notify the Bidders for Lease Assets whether their Bids are Qualified Bids.

   d) <u>**Notice of Adequate Assurance Deadline**</u>: **October 17, at 5:00 p.m. (prevailing Eastern Time)**, is the date and time by which the Debtors shall notify applicable Counterparties of the Adequate Assurance terms of any Qualified Bids, including any submitted Bidder A&A Agreements.

   e) <u>**Lease Auction**</u>: **October 18, at 10:00 a.m. (prevailing Eastern Time)**, is the date and time by which the Lease Auction, if needed, will be held virtually via Zoom. The Debtors shall send written notice of the date, time and virtual access information for

such Auction to the Qualified Bidders no later two business days before such Lease Auction, and file a notice of the date, time, and virtual access information for the Lease Auction with the Court no later than two business days before such Lease Auction and post such notice on the Debtors' Case Website: https://www.cases.ra.kroll.com/BigLots. The Debtors, in consultation with the Consultation Parties, may modify the date, time, and virtual venue of the Lease Auction by providing written notice to Qualified Bidders and filing a notice with the Court so long as such notice is no later than two days before such Lease Auction.

f) **File Post-Auction Notice**: **October 21 at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which the Debtors must file with the Court a list of all proposed final Lease Sales.

g) **Lease Sale Objection Deadline**: **October 25, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline to object to any Lease Sale on any grounds, including on account of Cure Costs.

h) **Adequate Assurance Objection Deadline**: **October 25, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline to object to the proposed the Successful Bidder's proposed form of adequate assurance of future performance with respect to Lease Assets.

i) **Lease Sale Hearing**: **October 31**, **at 12:00 p.m. (prevailing Eastern Time)**, as the date by which the Debtors shall seek approval from this Court to designate the Successful Bidders in connection with the October Lease Auction.

**II.     Lease Auction and Lease Sales Procedures.**

3. The Lease Sale Procedures, attached as **Exhibit 1** hereto, are incorporated herein and are hereby approved on an interim basis, and the Lease Sale Procedures shall govern the submission, receipt, and analysis of all bids related to any Lease Sales. Any party desiring to submit a bid shall comply with the Lease Sale Procedures and this Order. The Debtors, in consultation with the Consultation Parties, are authorized to take any and all actions necessary to implement the Lease Sale Procedures.

4. If the Debtors do not receive a Qualified Bid as to a particular Lease Asset by the corresponding Bid Deadline, the corresponding Lease Auction shall be cancelled as to such asset. If the Debtors receive one or more Qualified Bids, the Debtors will conduct a Lease Auction in

accordance with the Lease Sale Procedures. For the avoidance of doubt, Lease Assets that did not receive a Qualified Bid by the Bid Deadline cannot be bid on during the Lease Auction.

5.  At the Lease Auction, each Qualified Bidder will be entitled, but will not be obligated, to submit overbids and, to the extent a Qualified Bidder has a valid and perfected lien on the Lease Assets included in its bid, will be entitled in any such overbids to credit bid all or a portion of the value of the secured portion of its claims within the meaning of section 363(k) of the Bankruptcy Code. For the avoidance of doubt, all parties' rights are reserved with respect to any credit bids, and nothing in this Order shall be a finding that any Qualified Bidder has a valid or perfected lien on the Lease assets.

6.  At or following the Lease Auction, the Debtors, in consultation with the Consultation Parties, may: (a) select, in their business judgment, pursuant to the Lease Sale Procedures, (i) the highest or otherwise best bid as the Successful Bidder and (ii) the second highest or otherwise second best bid as the Backup Bidder; and (b) reject any bid (regardless of whether such bid is a Qualified Bid) that, in the Debtors' business judgment, is (i) inadequate, insufficient, or not the highest or best bid, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, or the Lease Sale Procedures, or (iii) contrary to, or otherwise not in the best interests of the Debtors' estates, affected stakeholders, or other parties in interest. For the avoidance of doubt, the Debtors are not required to name a Successful Bidder for any given Lease Asset or group thereof and may elect, in consultation with the Consultation Parties, to not sell such asset to the highest or otherwise best bidder.

**III.    Lease Auction, Cure Cost & Lease Sale Hearing Notice**

7.  The Lease Auction, Cure Cost & Lease Sale Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, is approved on an interim basis. As soon as practicable after

the entry of the Order, the Debtors shall cause a Lease Auction, Cure Cost & Lease Sale Hearing Notice to be filed and served upon the Notice Parties and Counterparties. Each Lease Auction, Cure Cost & Lease Sale Hearing Notice will indicate that copies of this Motion and any future sale documents, if applicable, can be obtained on the Case Website.

8. As soon as practicable after the entry of the Order, the Debtors shall post a publication version of each Lease Auction, Cure Cost & Lease Sale Hearing Notice onto the Case Website. Such notice shall be deemed sufficient and proper notice of the Lease Sales with respect to known interested parties.

9. The Lease Auction, Cure Cost & Lease Sale Hearing Notice will include, among other things, the: (i) the Lease or Leases subject to the particular Lease Auction, Cure Cost & Lease Sale Hearing Notice; (ii) the names and addresses of the Counterparties to such Leases; (iii) the proposed cure amount (the "**Cure Costs**"), if any for each such Lease; and (iv) the proposed date, time, and place of the corresponding Lease Auction and Lease Sale Hearing and the deadline for filing any Lease Sale Objection or Adequate Assurance Objection (each as defined and described below), and will therefore, comply with Bankruptcy Rule 2002(c).

10. The inclusion of an Assumed Lease on any Lease Auction, Cure Cost & Lease Sale Hearing Notice will not: (a) obligate the Debtors to sell or assume any Assumed Lease listed thereon or the Successful Bidder to take assignment of such Assumed Lease; or (b) constitute any admission or agreement of the Debtors that such Assumed Lease is an executory contract. Only those Assumed Leases that are included on a schedule of assumed and acquired leases attached to a final assignment and assumption agreement with a Successful Bidder (including amendments or modifications to such schedules in accordance with such assignment and assumption agreement)

will be assumed and assigned to the applicable Successful Bidder. No Assumed Lease shall be assumed absent closing on the assignment thereof to the applicable Successful Bidder.

11. Parties and Counterparties objecting to approval of a proposed Lease Sale or to the Cure Costs listed in the Lease Auction, Cure Cost & Lease Sale Hearing Notice must file a written objection (each, a "**Lease Sale Objection**") so that such Lease Sale Objection is filed with the Court and served so as to be **actually received** by **October 25, at 5:00 p.m. (prevailing Eastern Time)** and serve such Sale Objection on: (a) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn.: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., and Ethan Stern, Esq. (notice.biglots@davispolk.com); and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com), proposed co-counsel to the Debtors; (b) (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com) and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com) and Stanley Tarr (stanley.tarr@blankrome.com); (c) (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com) and (z) Richards Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John Knight, Esq. (knight@rlf.com); (d) the Office of the United States Trustee for the District of Delaware, Attn: Linda Casey; and (e) (y) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com), Stacy L. Newman, Esq. (snewman@coleschotz.com) and Sarah Carnes Esq. (scarnes@colescholtz.com) and (z)

7

McDermott Will & Emery, One Vanderbilt Avenue, New York, NY, 10017, Attn: Darren Azman (dazman@mwe.com) and Kristin K. Going (kgoing@mwe.com), proposed co-counsel to the official committee appointed in these Chapter 11 Cases (collectively, the "**Objection Notice Parties**").

12.     If the Counterparty to the proposed Assumed Lease does not file and serve a Lease Sale Objection in a manner that is consistent with the requirements set forth herein, and absent a subsequent order of the Court in connection with such objection establishing an alternative Cure Cost, (a) the Cure Costs, if any, set forth in Lease Auction, Cure Cost & Lease Sale Hearing Notice shall be controlling, notwithstanding anything to the contrary in any Assumed Lease or any other document, and (b) the Counterparty to the Assumed Lease will be deemed to have consented to the assumption and assignment of the Assumed Lease and the Cure Costs, if any, and will be forever barred from asserting any other claims related to such Assumed Lease against the Debtors or the Successful Bidder, or the property of any of them.

**IV.     Notice of Qualified Bid(s)**

13.     Within two business day after the Bid Deadline, the Debtors shall notify (email being sufficient) the Counterparties of any Lease Asset receiving a Qualified Bid of the terms of proposed Adequate Assurance contained in such Qualified Bid(s).

**V.     Notice of Successful Bidder(s)**

14.     As soon as reasonably practicable after the conclusion of any Lease Auction, the Debtors will file on the docket a notice (the "**Post-Auction Notice**") identifying (a) the proposed assignee(s) of such Lease(s) (the "**Assignee**" or "**Successful Bidder**"); (b) the effective date of the assumption for each such Lease (the "**Assumption Date**"); and (c) a description of any material

amendments to the Lease made outside of the ordinary course of business with the written consent of the Lease counterparty, substantially in the form attached hereto as **Exhibit 3**.

## VI. Adequate Assurance Objections

15. Counterparties objecting to a Successful Bidder's proposed form of adequate assurance of future performance must file a written objection (each, an "**Adequate Assurance Objection**") so that such Adequate Assurance Objection is filed with the Court and **actually received** by **October 25, at 5:00 p.m. (prevailing Eastern Time)** and serve such Adequate Assurance Objection on the Objection Notice Parties (as defined herein).

16. If no objection to the proposed form of adequate assurance of future performance is timely filed, each Lease shall be assumed as of the Assumption Date set forth in the applicable Lease Auction, Cure Cost & Lease Sale Hearing Notice or Post-Sale Notice or such other date as the Debtors and the counterparty or counterparties to such Lease(s) agree; *provided*, *however* that the Assumption Date for a lease of non-residential real property shall not occur earlier than the date the Debtors filed and served the applicable Lease Auction, Cure Cost & Lease Sale Hearing Notice.

17. For the avoidance of doubt, all provisions of the applicable assigned Lease, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such Lease by the Debtors to the Assignee.

18. Notwithstanding anything herein or in the Lease Sale Procedures to the contrary, if any Consultation Party bids on any Lease Assets, such Consultation Party shall no longer have any consultation rights with respect to such Lease Assets.

## VII. Procedures for Unsold Property

19. If the Debtors receive no bids on certain properties prior to the close of the Lease Auction or the highest or otherwise best bid at such Lease Auction will not (in the Debtors' business judgment and in consultation with the Consultation Parties) maximize the value of the Lease Asset(s) being sold, the Debtors in their sole discretion (and in consultation with the Consultation Parties), may (i) pursuant to a separate motion, sell such Lease Assets through private sale, (ii) subject to the terms of the Final Order, include such Lease Assets on a future auction, if any, or (iii) pursuant to a separate motion (which shall include any procedure for rejection approved by the Court), reject the leases associated with the Lease Assets.

**VIII. Miscellaneous**

20. The form of *Notice of Abandonment, Utilization and Disposal of Personal Property on Certain of the Debtors' Leased Premises Sold Pursuant to the October Wave Lease Sales* (the "**Abandonment Notice**") attached hereto as **Exhibit 4** to this Order is hereby approved. Pursuant to the Abandonment Notice, the Debtors are authorized to seek to abandon all personal property and furniture, fixtures and equipment ("FF&E") remaining in the stores subject to the sold Leases at the Lease Sale Hearing. Parties seeking to object to the Debtors' proposed abandonment of the Abandoned Property must file with the Court and serve a written objection in accordance with the Abandonment Notice and within the time frame set forth therein.

21. The form of Notice of Potential Utilization and Disposal of Personal Property on Certain of the Debtors' Leased Premises Sold Pursuant to the October Wave Lease Sales (the "**Disposal Notice**") attached hereto as **Exhibit 5** to this Order is hereby approved. Pursuant to the Disposal Notice, the Debtors are authorized to seek to allow each Buyer to utilize and/or dispose of all personal property and FF&E remaining in the stores subject to the sold Leases at the Lease Sale Hearing. Parties seeking to object to the Buyer's proposed usage and/or disposal of the such

property must file with the Court and serve a written objection in accordance with the Disposal Notice and within the time frame set forth therein.

22. For the avoidance of doubt, any fees or commissions payable to A&G Realty Partners, LLC will be subject to further order of the Court.

23. The Debtors are authorized to establish an escrow account (the "**Escrow Account**") to accept deposits from Qualified Bidders and may pay any reasonable fees related to such account. Any deposits made by Qualified Bidders into the Escrow Account shall not be property of the Debtors' estates.

24. Notwithstanding anything to the contrary contained in the Motion, this Order, or the Lease Sale Procedures, any Lease Sales effected pursuant hereto or thereto, and any relief or authorization granted herein shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of any interim and final orders entered by the Court in respect of the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 20] (the "**DIP Motion**" and such orders in respect thereto, the "**DIP Orders**") or the DIP Credit Agreements (as defined in the DIP Motion) and any rights, terms, or conditions set forth therein. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

25. Notwithstanding anything to the contrary in this Order, the Lease Sale Procedures, any notice pursuant thereto, or agreements or side letters into pursuant to or related thereto, none

of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the applicable Buyer and applicable insurer and/or third-party administrator.

26. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or otherwise deemed waived.

27. The Debtors, in consultation with the Consultation Parties, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

28. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

29. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 9th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE