**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 17 & 447** |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT CERTAIN**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND**
**(II) AUTHORIZING AND ESTABLISHING PROCEDURES TO REJECT**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively,

the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for

entry of an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code and

Bankruptcy Rules 6004, 6006, and 6007, (a) authorizing the rejection of the Initial Leases,

(b) authorizing and establishing the Rejection Procedures herein for (i) rejecting Contracts and

Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease,

and (c) authorizing and approving the Rejection Notice to affected Counterparties, substantially in

the form attached hereto, as more fully described in the Motion; and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the form and manner of the Rejection Notice to be delivered pursuant to the Rejection Procedures are reasonably calculated to provide each Counterparty with proper notice of (a) the prospective rejection of its Contract or Lease, (b) the effective date thereof, and (c) the objection deadline in connection therewith; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing (if any) establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth in this order (this "**Order**").

2.      Pursuant to sections 365 and 105 of the Bankruptcy Code, the Initial Leases are rejected, effective as of the applicable Initial Lease Rejection Dates as set forth on **Exhibit 1** annexed hereto.

#99078969v7

3.  The Debtors are authorized, but not directed, to abandon any personal property, furniture, fixtures and equipment belonging to the Debtors and remaining in the Premises of the Initial Leases as of the applicable Initial Lease Rejection Dates, which personal property shall be deemed abandoned as of the applicable Initial Lease Rejection Date.  As of the applicable Initial Lease Rejection Date, Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such abandoned personal property without further notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

4.      The following procedures (the "**Rejection Procedures**") are hereby approved in connection with rejecting Contracts and Leases:

(a)    **Rejection Notice**.  To reject a Contract or Lease in accordance herewith, the Debtors shall file a notice, substantially in the form attached hereto as **Exhibit 2** (the "**Rejection Notice**"), that includes a form of order (the "**Rejection Order**") authorizing the rejection of such Contract(s) effective as of the Rejection Date (or such other date to which the Debtors and the applicable Rejection Counterparty agree or as ordered by the Court); and sets forth, among other things, the following:  (i) the Contracts or Leases to be rejected; (ii) the names and addresses of the applicable Counterparties; (iii) for a real property Lease, the store number and physical address of the leased premises; (iv) the name of the applicable Debtor; (v) the proposed effective date of the rejection for such Contracts or Leases (the "**Rejection Date**"), which may be the filing date of the Rejection Notice or, for a real property Lease, shall be the later of (A) the proposed effective date of the rejection for such Lease as set forth in the Rejection Notice; (B) the date upon which the applicable Debtor surrenders in writing (including via email) the premises to the landlord and returns the keys, key codes, or security codes, as applicable (or certifies in writing that the landlord is authorized to change the locks); and (C) such other date to which the Debtors and the applicable Counterparty have agreed to or as the Court may order; (vi) for a real property Lease, any known third party having an interest in personal property, furniture, fixtures and equipment ("**FF&E**") located in or on the leased premises that the Debtors seek to abandon together with a general description of such Abandoned Property (as defined below); and (vii) the deadlines and procedures for filing objections to the Rejection Notice.  Each Rejection Notice may list multiple Contracts or Leases up to and including 100 Contracts or Leases.  For the avoidance of

doubt, nothing herein shall prejudice the Debtors' right to file multiple separate Rejection Notices in their sole discretion.

(b)     **Service of Rejection Notice**.  The Debtors shall cause the Rejection Notice to be served via first-class mail, overnight mail, delivery service, fax, or email upon (i) the Counterparties (and their counsel of record, if known) listed thereon at the notice address provided in the applicable Contract or Lease, (iii) any known third party that may have an interest in property that the Debtors seek to abandon, (iv) the U.S. Trustee, (v) any official committee appointed in the Chapter 11 Cases, and any party that has requested notice pursuant to Bankruptcy Rule 2002.

(c)     **Objection Procedures**.  Unless otherwise ordered by the Court, the deadline to file an objection (a "**Rejection Objection**") to the proposed rejection of a Contract or Lease or any proposed abandonment of personal property in connection therewith shall be 4:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) days from the date that the Rejection Notice is filed and served (the "**Rejection Objection Deadline**").  The Rejection Objection Deadline may be extended with respect to a particular Contract or Lease by the Debtors upon written notice to the applicable Counterparty (email being sufficient).  A Rejection Objection will be considered timely only if, on or prior to the Rejection Objection Deadline, it is filed with the Court and served upon (i) proposed counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., and Stephen D. Piraino, Esq. (notice.biglots@davispolk.com) and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq., (biglots.mnat@morrisnichols.com) (ii) the U.S. Trustee, 844 N. King Street, Wilmington, DE 19801 Attn: Linda Casey (linda.casey@usdoj.gov), (iii) (A) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com), Stacy L. Newman, Esq. (snewman@coleschotz.com) and Sarah Carnes Esq. (scarnes@colescholtz.com) and (B) McDermott Will & Emery, One Vanderbilt Avenue, New York, NY, 10017, Attn: Darren Azman (dazman@mwe.com) and Kristin K. Going (kgoing@mwe.com), proposed co-counsel to the official committee appointed in these Chapter 11 Cases; and (iv) if the objecting party is not the Counterparty to the Contract or Lease, then upon the affected Counterparty to such Contract or Lease (the "**Objection Service Parties**").  In addition to the foregoing, a Rejection Objection must (i) be in writing and in English, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (iii) state, with specificity, the legal and factual bases thereof.  For the avoidance of doubt, an objection to the rejection of any particular Contract or Lease listed on a

Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed thereon.  For the further avoidance of doubt, if a Rejection Objection only pertains to the abandonment of personal property but not the underlying rejection of the related Contract or Lease, or vice versa, only the component actually objected to shall be considered opposed.

(d)     **No Unresolved Objection**.  If no timely Rejection Objection is filed to a Rejection Notice, or there is no outstanding and unresolved Rejection Objection pending, by the Rejection Objection Deadline, including to the proposed abandonment of any Abandoned Property located at the Lease premises, the Debtors shall submit a proposed Rejection Order and file such proposed order with the Court under either a certificate of no objection or a certification of counsel, and each Contract and Lease on the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date or such other date as may be agreed to by the Debtors and the applicable Counterparty or as ordered by the Court.

(e)     **Unresolved Timely Objection**.  If a timely and properly filed Rejection Objection remains outstanding and unresolved as of the Rejection Objection Deadline, including to the proposed abandonment of any Abandoned Property located at a leased premises, the Debtors may request that the Court schedule a hearing on such Rejection Objection.  If such Rejection Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise agreed to by the Debtors and the applicable Counterparty, or as ordered by the Court.

(f)     **Modifications of Rejection Notice**.  The Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice at any time prior to the applicable Rejection Date by filing a modified Rejection Notice with the Court.

(g)     **Rejection Damages**.  Any claims arising out of the rejection of a Contract or Lease or the abandonment of any personal property in connection therewith must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases, and (ii) 35 days after the date of entry of an order authorizing rejection of a Contract or Lease; Any person or entity that fails to timely file such proof of claim (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim with respect thereto in the Chapter 11 Cases, (ii) may not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the Chapter 11 Cases, and (iii) may not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.

5.      The following procedures ("**Abandonment Procedures**") are approved with respect to abandoning the Debtors' personal property and FF&E that may be located on the leased premises that are subject to a rejected Contract or Lease (any such property, the "**Abandoned Property**"):

    (a) At any time on or before the applicable Rejection Date, the Debtors may remove or abandon any of the personal property or FF&E that may be located on the leased premises that are subject to a rejected Contract or Lease.

    (b) The Debtors shall generally describe the Abandoned Property in the Rejection Notice and serve such notice on any and all third parties that may have an interest in the Abandoned Property.

    (c) Absent a timely and properly filed Rejection Objection, any and all of the Debtors' personal property and FF&E located on the leased premises as of the Rejection Date of the applicable Lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.

    (d) As of the Rejection Date, Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

    (e) The Debtors shall not abandon (i) any of their business, financial or other records; (ii) any personal property that is leased to the Debtors or which is otherwise not owned by the Debtors, and shall use their reasonable best efforts to return such property to the owner of the property; *provided*, *however*, that the Debtors may abandon personal property owned by a landlord to the landlord at the applicable premises; and personal property against which the Debtors know a third party has asserted a lien.

    (f) To the extent that the Debtors propose to abandon any personal property that, to their knowledge, contains "personally identifying information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual, the Debtors shall remove such confidential information from such personal property before such abandonment.

    (g) The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any leased premises as and to the extent they are required to do so by applicable law.

6.    Subject to the right of Counterparties or any affected third parties to file a Rejection Objection, the Debtors' rejection of the Contracts and Leases in accordance with the Rejection Procedures is hereby approved and effective pursuant to section 365 of the Bankruptcy Code.

7.    Approval of the Rejection Procedures and this Order shall not prevent the Debtors from seeking to reject a Contract or Lease by a separate court filing (*e.g.*, a motion, stipulation, or chapter 11 plan), nor, for the avoidance of doubt, shall the Debtors be precluded from assuming and assigning a Contract or Lease by a separate court filing.

8.    Absent order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit.

9.    All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Contract or Lease.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

10.   Any period of time prescribed or allowed by the Rejection Procedures shall be computed in accordance with Bankruptcy Rule 9006.

11.   Notwithstanding the relief granted herein and any actions taken hereunder (including under the Rejection Procedures), nothing contained herein shall (a) create, nor is it intended to create any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or (g) an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

13.     Upon rejection of any lease that is the record situs of property encumbered by a statutory tax lien, the Debtors shall pay any undisputed and invoiced 2024 tangible personal property taxes to Broward County, Florida, and the Orange County, Florida, tax collector, as soon as reasonably practicable but no later than 30 days after the rejection of any such lease and receipt of such invoice.

14.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

15.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

#99078969v7

16.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

17.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.


**Dated: October 9th, 2024**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

#99078969v7