**<u>Exhibit 1</u>**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 17 & 394** |

**STIPULATION AMONG DEBTORS, AND CRP/CHI MERRILLVILLE II OWNER, L.L.C. RESOLVING THE OBJECTION TO THE REJECTION MOTION**

The undersigned counsel to the above-captioned debtors and debtors in possession (the "**Debtors**"), CRP/CHI Merrillville II Owner, L.L.C. (the "**Landlord**," and together with the Debtors, the "**Parties**") hereby stipulate and agree as follows:

**WHEREAS**, on September 9, 2024 (the "**Petition Date**"),[2] the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and related pleadings with the United States Bankruptcy Court for the District of Delaware;

**WHEREAS**, The Debtors and the Landlord are party to the lease (the "**Lease**") of non-residential real property located at 9602 Georgia Street, Merrillville, Indiana (the "**Property**");

**WHEREAS**, on September 9, 2024, (the "**Petition Date**") the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* (D.I. 17) (the "**Rejection Motion**");

**WHEREAS**, the Property is listed on <u>Exhibit 1</u> of the Rejection Motion

**WHEREAS**, On October 2, 2024, the Landlord filed the *Objection and Reservation of Rights of CRP/CHI Merrillville II Owner, L.L.C. To Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

*Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* (D.I. 394) (the "**Objection**").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, that to resolve the Objection to the Rejection Motion, counsel for the Debtors and the Landlord have agreed as follows:

1. The foregoing recitals are hereby incorporated by reference into this stipulation with the same force and effect as if set forth fully hereinafter.

2. This Stipulation shall be submitted under certification of counsel in resolution of the Objection and shall not become effective unless and until it is approved in an order entered by the Bankruptcy Court. Upon entry of an order from the Bankruptcy Court approving this Stipulation, the terms and conditions of this Stipulation shall be immediately effective and enforceable.

3. The Debtors' Lease of the Property shall be rejected under section 365 of the Bankruptcy Code as of the Petition Date.

4. Within ten (10) days of the entry of an order approving this Stipulation, the Debtors shall pay the Landlord one hundred seventy thousand seven hundred thirteen dollars and ninety-one cents ($170,713.91) under the Lease of the Property as an administrative expense under section 503 of the Bankruptcy Code.

5. Other than as set forth in paragraph 4, the Landlord shall waive any and all other administrative expense claims under sections 503 or 365 of the Bankruptcy Code against the Debtors that relate to the Property.

6. Nothing herein shall constitute a waiver or release of any pre-petition claim the Landlord may have, and nothing herein shall act as a waiver of any of the Debtors' rights, defenses or otherwise related thereto.

7. For the avoidance of doubt, nothing herein shall constitute a waiver or release of any other claims, defenses, or remedies the Landlord may have against non-Debtor parties relating to the Property.

8. The Parties represent and warrant that they have full authority to enter into this Stipulation and to consummate the transactions provided by this Stipulation.

9. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, each of which is deemed an original and all which together shall constitute the same instrument.

10. The Parties acknowledge that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

11. The Parties consent to the Court's jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation. Any motion or application brought before the Court to resolve any dispute arising under or related to this Stipulation shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

12. Neither this Stipulation, nor any actions taken pursuant hereto, constitute evidence admissible against the Parties in any action or proceeding other than one to enforce the terms of this Stipulation.

13. The Parties agree that if any provision of this Stipulation is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Stipulation and the legality, validity, and enforceability of the remaining provisions shall not be affected.

Dated: October 9, 2024
Wilmington, Delaware

| | |
|---|---|
| POLSINELLI PC | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Shanti M. Katona*<br>Shanti M. Katona (Del. Bar No. 5352)<br>Michael V. DiPietro (Del. Bar No. 6781)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>skatona@polsinelli.com<br>mdipietro@polsinelli.com<br><br>-and-<br><br>Michael L. Schuster<br>1401 Lawrence Street, Suite 2300<br>Denver, Colorado 80202<br>Telephone: (720) 931-1188<br>Facsimile: (720) 228-2272<br>mschuster@polsinelli.com<br><br>*Counsel to the Landlord* | /s/ *Casey B. Sawyer*<br>Robert J. Dehney, Sr. (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Daniel B. Butz (No. 4227)<br>Tamara K. Mann (No. 5643)<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>Wilmington, DE 19801<br>Tel: (302) 658-9200<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>dbutz@morrisnichols.com<br>tmann@morrisnichols.com<br>csawyer@morrisnichols.com<br><br>-and-<br><br>DAVIS POLK & WARDWELL LLP<br><br>Brian M. Resnick (admitted *pro hac vice*)<br>Adam L. Shpeen (admitted *pro hac vice*)<br>Stephen D. Piraino (admitted *pro hac vice*)<br>Jonah A. Peppiatt (admitted *pro hac vice*)<br>Ethan Stern (admitted *pro hac vice*)<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>stephen.piraino@davispolk.com<br>jonah.peppiatt@davispolk.com<br>ethan.stern@davispolk.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |