# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**(**Jointly Administered**)**<br><br>Re: Docket Nos. 11, 106 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY PREPETITION CRITICAL VENDOR CLAIMS, FOREIGN VENDOR CLAIMS, AND 503(B)(9) CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (II) GRANTING ADMINISTRATIVE EXPENSE STATUS TO DEBTORS' UNDISPUTED OBLIGATIONS TO VENDORS ARISING FROM POST-PETITION DELIVERY OF GOODS ORDERED PREPETITION AND AUTHORIZING DEBTORS TO PAY THOSE OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS, (III) AUTHORIZING DEBTORS TO RETURN GOODS, (IV) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF LIEN CLAIMANTS, AND (V) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders, pursuant to sections 105(a), 363, 503(b), and 507(a)(2) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) establishing procedures pursuant to which the Debtors may engage in discussions with counterparties that may qualify as Critical

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Vendors, Foreign Vendors, Prepetition Order Vendors, 503(b)(9) Claimants, or Lien Claimants regarding the validity and amount of their respective claims and to determine, in the Debtors' sole discretion, whether such parties so qualify for the relief requested in the Motion, (b) authorizing, but not directing, the Debtors to pay in the ordinary course of business, in their sole discretion and business judgment, prepetition obligations related to Critical Vendors, Foreign Vendors, and 503(b)(9) Claimants, (c) granting Prepetition Order Vendors administrative priority status under sections 503(b) and 507(a)(2) of the Bankruptcy Code for undisputed obligations arising from the Prepetition Orders for certain Goods received and accepted by the Debtors on or after the Petition Date, and authorizing, but not directing, the Debtors to pay such obligations in the ordinary course of business, in their sole discretion, under section 363 of the Bankruptcy Code, (d) authorizing the Debtors, in their sole discretion, under section 546(h) of the Bankruptcy Code, to return Goods purchased from Vendors by the Debtors prior to the Petition Date for credit against such Vendors' prepetition claims, (e) authorizing, but not directing, the Debtors to pay, in their sole discretion, all or a portion of the Lien Claims, and (f) authorizing the applicable financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to pay the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having

been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth in this order (this "**Order**").

2. The Debtors' Prepetition Order Vendors shall be granted administrative expense claims with priority status, pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code, with respect to those obligations of the Debtors for Goods delivered to and accepted by the Debtors on or after the Petition Date under Prepetition Orders that the Debtors determine are valid claims against the Debtors' estates.

3. The Debtors are authorized, but not directed, to pay Critical Vendor Claims and the Foreign Vendor Claims in the ordinary course of business, subject to the terms and conditions of this Order; *provided*, that, absent further order of the Court, payments made on account of the

Critical Vendor Claims and the Foreign Vendor Claims shall not exceed $60,000,000 in the aggregate.

4. The Debtors are authorized, but not directed, to pay Prepetition Order Claims in the ordinary course of business.

5. The Debtors are authorized, but not directed, to pay 503(b)(9) Claims in the ordinary course of business.

6. The Debtors are authorized, but not directed, to pay Lien Claims in the ordinary course of business.

7. For the avoidance of doubt and notwithstanding anything to the contrary in this Order, the Motion, or the Interim Order,[3] nothing in this Order shall prohibit the Debtors from paying the Prepetition Order Claims, 503(b)(9) Claims, or Lien Claims in full and in the ordinary course of business prior to the confirmation of a chapter 11 plan.

8. For the avoidance of doubt and notwithstanding anything to the contrary in this Order, the Motion, or the Interim Order, nothing in the Motion, this Order, the Interim Order, or any Vendor Agreement shall limit or affect the amount or priority of payment of any Prepetition Order Claim, 503(b)(9) Claim, or Lien Claim; *provided*, that payment of any such claim pursuant to this Order shall reduce any such claim on a dollar for dollar basis; *provided, further*, that nothing in the Motion, this Order, or the Interim Order, shall affect the amount or priority of any Prepetition Order Claim, 503(b)(9) Claim, or Lien Claim, except to the extent any holder of a Prepetition Order Claim, 503(b)(9) Claim, or Lien Claim agrees to a reduction in return for immediate

---

[3] "**Interim Order**" means the *Interim Order (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 106].

payment or payment on an otherwise agreed schedule as set forth in any agreed-to Vendor Agreement or other agreement between the Debtors and any Prepetition Order Claimant, 503(b)(9) Claimant, or Lien Claimant, or the ability of any creditor to assert a Prepetition Order Claim, 503(b)(9) Claim, or Lien Claim.

9. The Debtors, upon reasonable notice to the Committee, may condition payment of any Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim pursuant to this Order upon agreement by such creditor to continue to supply Goods or Services to the Debtors on such creditor's Customary Trade Terms during the pendency of the Chapter 11 Cases.

10. The Debtors shall maintain a schedule of payments made pursuant to the Interim Order and this Order (the "**Vendor Payment Schedule**") and provide a copy of such Vendor Payment Schedule to the Committee and the DIP Agents[4] each Friday following entry of this Order; *provided*, that the Debtors need not provide such Vendor Payment Schedule during any week in which no new payments would be reflected thereon.

11. As a further condition of receiving payment on account of a Critical Vendor Claim, Foreign Vendor Claim, Prepetition Order Claim, 503(b)(9) Claim, or Lien Claim pursuant to this Order, the Debtors are authorized to require that such Critical Vendor, Foreign Vendor, Prepetition Order Claimant, 503(b)(9) Claimant, or Lien Claimant agree to take whatever action is necessary to remove any existing Liens or Interests at such Vendor's or Lien Claimant's sole cost and expense and waive any right to assert a Lien or Interest on account of the paid Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim.

---

[4] "**DIP Agents**" has the meaning set forth in the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 20].

12. Any party that accepts payment from the Debtors on account of a Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim pursuant to this Order shall be deemed to have agreed to the terms and provisions of this Order.

13. The Debtors may enter into, and may cause Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants to enter into, a letter or contract substantially in the form of the letter attached to the Motion as **Exhibit A** (the "**Vendor Agreement**") as a condition to paying a Critical Vendor Claim, Foreign Vendor Claim, Prepetition Order Claim, 503(b)(9) Claim, or Lien Claim pursuant to this Order; *provided*, *however*, that the Debtors' inability to enter into a Vendor Agreement shall not preclude them from paying a Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim when, in their sole discretion, such payment is necessary to the Debtors' businesses or operations or the preservation and maximization of the value of the Debtors' estates. The Debtors shall provide the Committee and the DIP Agents with weekly notice of entry into Vendor Agreements; *provided*, that no such notice shall be required during any week in which no new Vendor Agreements would be reflected thereon.

14. If the Debtors determine, after consultation with the Committee, that a Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant has not complied with the terms and provisions of a Vendor Agreement or this Order, or has failed to continue to provide Customary Trade Terms following the receipt of payment on account of its Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim in accordance with a Vendor Agreement or this Order, or on such terms as were individually agreed to between the Debtors and such creditor, the Debtors may terminate such Vendor Agreement together with the other benefits to such Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants as contained in this Order; *provided*, *however*, that the Vendor Agreement may be reinstated if (a) such

determination is subsequently reversed by the Court for good cause after it is shown that the determination was materially incorrect after notice and a hearing upon a motion from the creditor, (b) the underlying default under the Vendor Agreement is fully cured by the creditor not later than five business days after the date the initial default occurred, or (c) the Debtors, after consultation with the Committee, reach a subsequent agreement with the creditor.

15. If a Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant that has received payment on account of a Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim (as applicable) pursuant to this Order and, thereafter, refuses to continue to supply Goods or Services for the applicable period in compliance with the Vendor Agreement or this Order, then the Debtors may, after consultation with the Committee, and without further order of the Court (a) declare that the payment of such Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim is a voidable post-petition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover from such Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant in cash or in goods (including by setoff against post-petition obligations) and (b) demand that such Vendor or Lien Claimant immediately return such payments in respect of its Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim to the extent that the aggregate amount of such payments exceeds the post-petition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever. Upon recovery of such payment by the Debtors, such creditor's Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim shall be reinstated in such an amount as to restore the Debtors and the applicable Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant to their original positions, as if the agreement had never

been entered into and the payment of the creditor's Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, or Lien Claim had not been made.

16. Payment of a Critical Vendor Claim, Foreign Vendor Claim, 503(b)(9) Claim, and Lien Claim pursuant to this Order may include a communication of the following statement:

> By accepting this payment, the payee agrees to the terms of the Order of the United States Bankruptcy Court for the District of Delaware, dated [●], 2024, in the jointly administered chapter 11 cases of Big Lots, Inc., *et al.* (No. 24-11967) (JKS), entitled *Final Order (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers,* a copy of which can be found at https://www.cases.ra.kroll.com/BigLots, and submits to the jurisdiction of that Court for enforcement thereof.

17. Nothing in this Order shall authorize the Debtors to pay claims of (a) "insider[s]" as defined in section 101(31) of the Bankruptcy Code, (b) employees of the Debtors, or (c) "professional persons" as that phrase appears in section 327(a) of the Bankruptcy Code.

18. All Vendor Agreements, together with the other benefits to the Critical Vendors, Foreign Vendors, 503(b)(9) Claimants, and Lien Claimants as contained in this Order, shall be deemed to have terminated upon entry of an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

19. The Debtors are authorized, but not directed, to return (after reasonable notice to the Committee) Goods that were delivered before the Petition Date for an offset of the purchase price of such Goods against such Vendors' prepetition claims, subject to the limitations imposed by any orders of the Court and the prior rights of holders of security interests in such Goods or the

proceeds of such Goods, to the extent of such interests. The Debtors may not return Goods in excess of $1,000,000 in value in the aggregate without receiving consent from the DIP Agents. In addition, the Debtors are authorized, but not directed, to return (after reasonable notice to the Committee) Goods that were delivered after the Petition Date for an offset of the purchase price of such Goods against such Vendors' post-petition claims, subject to the limitations imposed by any orders of the Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods, to the extent of such interests.

20. All applicable banks and other financial institutions [5] are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

21. The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) on account of the Critical Vendor Claims, Foreign Vendor Claims, Prepetition Order Claims, 503(b)(9) Claims, and Lien Claims to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and (b) reimburse the applicable Critical Vendors, Foreign Vendors, Prepetition Order Vendors, 503(b)(9) Claimants, and Lien Claimants, or other applicable payees, as the case may be, for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

---

[5] For the avoidance of doubt, the term "other financial institutions" shall include, without limitation, PrimeRevenue, Inc.

22. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

23. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

24. Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

25. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

26. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

27. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 9th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE