## Schedule 2

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. ___** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF OCTOBER 31, 2024 AND (B) ABANDON CERTAIN PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order: (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, (c) authorizing and approving the Rejection Notice to affected Counterparties and (d) granting related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on a final basis [D.I. 461]; and the filing of the notice of rejection (the "**Rejection Notice**") by the Debtors [D.I. [•]]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent

with Article III of the United States Constitution; and this Court having found that venue in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

notice of the Rejection Notice and of the opportunity to be heard at the hearing thereon were

appropriate under the circumstances and that no other notice need be provided, except as set forth

herein; and this Court having reviewed the Rejection Notice, and having heard the statements and

argument in support of the relief requested at a hearing, if any, before this Court (the "**Hearing**");

and this Court having determined that the legal and factual bases set forth in the Rejection Notice

and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings

had before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The Contract and Leases listed on **Schedule 1** attached hereto are hereby rejected

as of October 31, 2024 (the "**Rejection Date**").

2.      The Debtors are authorized, but not directed, to abandon any abandoned property

described on **Schedule 1** attached hereto, and any abandoned property of the Debtors

remaining in any leased premises after the Rejection Date shall be deemed abandoned as of the

Rejection Date.

3.      All applicable landlords or their designees shall be authorized to use or dispose of

any abandoned property without notice or liability to any Debtor or consenting non-Debtor

third party and without further order of the Court, and, to the extent applicable, the automatic

stay is modified to allow such disposition.

4.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the

Contracts or Leases were terminated prior to the Rejection Date; that any claim for damages

arising from the rejection of any Contract is limited to the remedies available under the termination provision of such Contract; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5.      Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7.      Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

8.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

9.      The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Schedule 1**

**Schedule of Rejected Contracts and Leases Abandoned Property**