**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: Docket Nos. 18, 197** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO MOTION OF DEBTORS FOR ENTRY OF
ORDERS (I) (A) APPROVING BIDDING PROCEDURES FOR SALE OF DEBTORS'
ASSETS, (B) APPROVING THE STALKING HORSE BID PROTECTIONS, (C)
SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF DEBTORS'
ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION,
AND SALE HEARING, AND (E) APPROVING ASSUMPTION AND ASSIGNMENT
PROCEDURES, (II) (A) APPROVING SALE OF DEBTORS' ASSETS FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND (B) AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
<u>UNEXPIRED LEASES AND (III) GRANTING RELATED RELIEF</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>) of the above-captioned

debtors and debtors in possession (the "<u>Debtors</u>"), by and through its undersigned proposed

counsel, hereby files this limited objection (the "<u>Objection</u>") to the *Motion of Debtors for Entry of

Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the

Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of

Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing,*

---

[1]   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective
    employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots
    Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores
    - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC
    (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC
    (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots
    eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is
    4900 E. Dublin-Granville Road, Columbus, OH 43081.

*and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors'
Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Authorizing
Assumption and Assignment of Executory Contracts and Unexpired Leases and (III) Granting
Related Relief* [Docket No. 18] (the "Bidding Procedures Motion").[2]

## LIMITED OBJECTION

1.      The Committee does not object to the Debtors' designation of the bid submitted by
Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP (the "Stalking Horse
Bidder" or "Nexus"), as the Stalking Horse Bid in principle, nor does it object to granting Nexus
customary bid protections[3] in connection therewith.  The Committee understands that the Stalking
Horse Bid contemplates the continuation of a significant portion of the Debtors' business,
including preserving thousands of jobs.  As such, the Committee would support a sale to Nexus
subject, of course, to higher and better offers at an auction.

2.      However, as currently structured, the Stalking Horse APA contemplates only a
nominal cash payment to the estates.  The approximate $760 million purchase price is comprised
of: (i) $2.5 million in cash (the "Cash Purchase Price"); (ii) the payoff of the aggregate existing
secured debt in the amount of approximately $757.5 million (the "Debt Payoff Amount"); and (iii)
the assumption of "certain liabilities" in an amount that will depend, in part, upon the number of
leases Nexus ultimately assumes in connection with the sale.[4]  The Stalking Horse APA requires

---

[2] Capitalized terms used but otherwise defined herein shall have the meanings ascribed to such terms in the Bidding
Procedures Motion.

[3] The Bid Protections consist of (i) a Break-Up Fee in an amount equal to $7.5 million and (ii)an Expense
Reimbursement of the out-of-pocket expenses actually incurred by the Stalking Horse Bidder, up to a maximum of
$1.5 million. *See* Stalking Horse APA §§ 1.01, 13.07. The Committee does not objection to the Bid Protections subject
to requested modifications outlined herein.

[4] *See* Stalking Horse APA § 3.01.

Nexus to obtain fully executed Debt Commitment Letters (*i.e.*, proof of financing) prior to the hearing on the Bidding Procedures Motion solely as a condition to closing the sale.[5]  The Committee understands that, as of the date hereof, Nexus remains engaged in financing discussions with the Debtors' existing secured lenders, but has not yet obtained committed financing from them or any alternative financing source.

3.     The Committee remains optimistic that Nexus will ultimately secure the requisite funding or otherwise reach agreement with the secured lenders regarding the roll of some or all of the Debtors' existing secured debt.  However, in the event Nexus is ultimately deemed the Successful Bidder for the Debtors' assets but cannot close due to lack of such financing, it should not be entitled to payment of the $1.5 million Expense Reimbursement and the return of its $2.5 million cash deposit.[6]  The purpose of a stalking horse bid is to establish a baseline bid and set the floor for other bidders to bid against.  As such, a stalking horse bid must be committed with some assurances to the estates.  As currently contemplated, the Stalking Horse APA would permit the Stalking Horse Bidder to simply walk away with no pecuniary loss at any time prior to closing if it cannot secure the necessary financing upon which the bulk of its bid is premised.

4.     Accordingly, this Court should only approve the Stalking Horse Bid if it is modified to provide that, in the event Nexus is deemed the Successful Bid, it shall forfeit its Expense Reimbursement and the Deposit Amount if the sale cannot close due to the Stalking Horse Bidder's failure to obtain financing necessary to satisfy the Debt Payoff Amount.

---

[5] *See* Stalking Horse APA § 9.05.

[6] The APA currently entitles the Stalking Horse Bidder to payment of the Expense Reimbursement and return of the Deposit Amount even if the failure to close is caused by its inability to obtain the requisite financing.  *See* Stalking Horse APA §§ 3.02(b), 13.07(b)(ii)(B).

Dated: October 14, 2024
        Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:    (302) 652-3131
Fax:    (302) 652-3117
Email: jalberto@coleschotz.com
          snewman@coleschotz.com
          jdougherty@coleschotz.com

*-and-*

Sarah A. Carnes, Esq. (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
scarnes@coleschotz.com

*- and -*

**MCDERMOTT WILL & EMERY LLP**

Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
Stacy Lutkus (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY, 10017
Tel:    (212) 547-5400
Fax:    (212) 547-5444
Email: dazman@mwe.com
          kgoing@mwe.com
          salutkus@mwe.com
          nrowles@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*