IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BIG LOTS. *et al.*,[1] | : | Case No. 24-11967 (JKS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket Nos. 16, 134, & 485** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
WESTERVILLE SQUARE, INC. TO INTERIM ORDER (I)
AUTHORIZING DEBTORS TO ASSUME THE CONSULTING AGREEMENT,
(II) AUTHORIZING STORE CLOSING SALES AND APPROVING RELATED
PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Westerville Square, Inc., as the landlord ("Landlord") of Store No. 1668 located at 60 E Schrock Rd, Westerville, Ohio, 43081 (the "Premises") under the lease (the "Lease") with the above-captioned Debtors, by and through its undersigned counsel, files this limited objection and reservation of rights to the *Motion for Entry of Final Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 16] (the "Motion") and in response to the *Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 134] (the "Interim Order") and the *Fourth Notice of Filing of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 485] (the "Fourth Notice"),[2] and in support thereof, respectfully states as follows:

## LIMITED OBJECTION

1. The Landlord has been working cooperatively with the Debtors prior to the bankruptcy filing and will continue to do so. Indeed, the Landlord has a separate lease that is not subject to this Motion for which it believes has reached an amicable resolution. However, notwithstanding the foregoing, the Landlord finds itself in a position where it may be required to accept a store closing sale (and ultimately, a rejection of the Lease) for an unknown length of time without having been paid all post-petition obligations due under the Lease. While the Landlord does not object to the concept of a store closing motion, it should not be done without paying, in full and timely, all post-petition obligations owed to the Landlord and it should be disclosed when the Debtors anticipate vacating the Premises.

2. The Debtors have failed to pay the Landlord for post-petition rent obligations and other charges owing under the Lease for the Debtors' use and occupancy of the Premises between September 9, 2024 and September 30, 2024 (the "Stub Rent"). Under the Lease, the Debtors owe the Landlord not less than $10,465.53 in Stub Rent.

3. The Landlord does not object to the Store Closing Sales proposed to be conducted at the Premises in accordance with the Store Closing Procedures, *provided; however*; that the Debtors (i) pay the Landlord the Stub Rent and any additional amounts owed under the terms of the Lease go-forward in a timely fashion, and (ii) surrender the Premises in the condition, and pursuant to the terms, required under the Lease.[3]

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, Interim Order, or Fourth Notice, as applicable.

[3] Section 24 of the Lease provides, in relevant part, that the "[Debtors] agree[] to surrender the [Premises] to Landlord in broom clean condition, ordinary wear and tear and damage by fire and other casualty expected."

4. The Landlord is entitled to timely payment of all Lease obligations arising under or coming due post-petition under Section 365(d)(3) of the Bankruptcy Code. This section allows for landlords to receive timely compensation for the post-petition, pre-rejection use and occupancy of landlords' property at the contract rate specified in the leases, rather than making landlords wait for payment of an administrative claim under 503(b)(1) of the Bankruptcy Code.

5. The Landlord objects to the Motion as it has the impact of forcing the Landlord to bear the burden of maintaining one of the Debtors' stores, helping to preserve the going concern value of the Debtors' business operations, while assuming the risk that it will not be paid obligations due under the Lease.

6. In addition, the Landlord requests adequate protection under Section 363(e) of the Bankruptcy Code—through payment of the Stub Rent and continued payment of all post-petition rent obligations—from the Debtors' continued use of the Landlord's property outside of the ordinary course of business by conducting store closing sales in violation of the provisions of the Lease to liquidate the collateral of the Lenders.[4]  Section 363(e) is straightforward and non-discretionary.  If a creditor with an "interest" in property used by the debtors makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see In re Worldcom, Inc.*, 304 B.R. 611, 618 (Bankr. S.D.N.Y. 2004); *see also In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary…").  A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease. *See In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) of the Bankruptcy Code

---

[4] Section 4.B. of the Lease provides, among other things, that "[the Debtors] shall not, without Landlord's prior written consent, given in Landlord's sole discretion, use any portion of the [Premises] . . . to conduct or advertise any auction, bankruptcy, fire, distress, liquidation, sheriff's or receiver's sale on or from the [Premises] . . . ."

3

reserves for bankruptcy courts the discretion to condition the time, place and manner of store closing sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations").

7. Thus, with an interest in property being used by the Debtors, and the request made herein, the Landlord is entitled to receive adequate protection and demands timely payment of the post-petition obligations due and owed.

## JOINDER

8. The Landlord hereby joins the objections by other landlords to the Motion to the extent that such objections are not inconsistent with the relief sought herein.

## RESERVATION OF RIGHTS

9. The Landlord reserves all rights to amend or supplement this objection as well as any additional grounds for objections to the Motion at the final hearing.

## CONCLUSION

WHEREFORE, Landlord respectfully requests the Court enter an order (i) modifying the relief requested in the Motion as requested herein; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: October 16, 2024　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　*/s/ Gregory J. Flasser*
　　　　　　　　　　　　　　　　　　Aaron H. Stulman (No. 5807)
　　　　　　　　　　　　　　　　　　Gregory J. Flasser (No. 6154)
　　　　　　　　　　　　　　　　　　**POTTER ANDERSON & CORROON LLP**
　　　　　　　　　　　　　　　　　　1313 North Market Street, 6th Floor
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　Telephone: (302) 984-6000
　　　　　　　　　　　　　　　　　　Facsimile:  (302) 658-1192
　　　　　　　　　　　　　　　　　　Email: astulman@potteranderson.com
　　　　　　　　　　　　　　　　　　　　　　gflasser@potteranderson.com

　　　　　　　　　　　　　　　　　　*Counsel for Westerville Square, Inc.*