**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**(**Jointly Administered**)**<br><br>**Re:** ~~Docket No.~~ **D.I. 289** |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by Retained Professionals, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Compensation Procedures attached hereto as **Exhibit 1**, as applicable.

#99239593v1

pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth in this order (this "**Order**").

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific Retained Professionals, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures annexed hereto as **Exhibit 1**.

3. In each Interim Fee Application, all Retained Professionals who have been or are hereafter retained pursuant to section 327 or 1103 of the Bankruptcy Code, except those that the

Debtors retain in the ordinary course of business, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

4. The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee statement or application).

5. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

6. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

8. The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

# Exhibit 1

# Compensation Procedures[1]

**Monthly Fee Statements**

a. On or after the 5th day of each month following the month or months for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a statement, which will include the relevant time entries and descriptions and expense details, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "**Monthly Fee Statement**").

b. Each Retained Professional shall serve a copy of its Monthly Fee Statement by ~~first-class mail or by~~ electronic mail on the following parties (collectively, the "**Compensation Notice Parties**"):

   (i) the Debtors, c/o Big Lots, Inc., 4900 E, Dublin-Granville Road, Columbus, OH 43081 (Attn: Ronald A. Robins, rrobins@biglots.com);

   (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY ~~,~~ 10017 ~~(~~, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., and Ethan Stern, Esq., notice.biglots@davispolk.com~~)~~;

   (iii) proposed Delaware counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com);

   (iv) counsel to the ABL Agent, Choate Hall, & Stewart, LLP, 2 International Place, Boston, MA 02110, Attn: John Ventola (jventola@choate.com), Jonathan Marshall (jmarshall@choate.com) and Jacob Lang (jslang@choate.com);

   (v) counsel to the Term Agent, Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon (csimon@otterbourg.com), James V. Drew (jdrew@otterbourg.com), and Sarah L. Hautzinger (shautzinger@otterbourg.com);

   ~~(vi) counsel to any official committee appointed in the Chapter 11 Cases; and~~

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(i) proposed counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin Going, Esq. (kgoing@mwe.com);

(vi) proposed Delaware counsel to the Official Committee of Unsecured Creditors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy Newman, Esq. (snewman@coleschotz.com); and

(vii) the U.S. Trustee, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Casey, linda.casey@usdoj.gov).

c. Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous month(s).

d. Each Monthly Fee Statement shall set forth the applicable objection deadline and shall comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including Local Rule 2016-2(c)-(g).

e. ~~d.~~ Compensation Notice Parties will have until 4:00 p.m. (prevailing Eastern Time) on the day that is ~~14~~21 days after the filing of a Monthly Fee Statement (the "**Objection Deadline**") to object to requested fees and expenses in accordance with the procedures described in subparagraph (f) below.

~~e. After the expiration of the Objection Deadline, and with no objection having been filed and served in accordance with the terms of these procedures, the Debtors are authorized to pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection.~~

f. If any of the Compensation Notice Parties wish to object to a Retained Professional's Monthly Fee Statement, the objecting party shall~~, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon such Retained Professional and each of the other Compensation Notice Parties (the "Notice of~~ file an objection (an "**Objection** ~~to Monthly Statement~~") setting forth with reasonable detail the nature of the objection and the amount at issue (the "**Disputed Amount**")~~. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Notice of Objection to Monthly Statement (or such longer or shorter period as mutually agreed to by the Retained Professional and the objecting party), (i) the objecting party shall file its objection to the Disputed Amount (the "Objection") with the Court within three business days~~ with the Court by the Objection Deadline and serve such Objection on the applicable Retained Professional and each of the Compensation Notice Parties ~~and (ii)~~. Upon the occurrence of the Objection Deadline, the Debtors are authorized and directed

to pay the Retained Professional the amount requested in the Monthly Fee Statement *less* the Disputed Amount (as defined below). Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the Disputed Amount, or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application ~~or Final Fee Application (each~~ (as defined below) or a final fee application, at which time the parties may request that the Court consider the Objection.

g. After the expiration of the Objection Deadline, and with no objection having been filed and served in accordance with the terms of these procedures, a Retained Professional shall file a certificate of no objection with respect to the unopposed portion of the fees and expenses requested in the Monthly Fee Statement (each, a "**CNO**").  After a CNO is filed, the Debtors are authorized to pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection without further order of the Court.

h. Each Retained Professional shall serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

i. Each Retained Professional that is an attorney shall, unless such attorney is employed and retained pursuant to the OCP Motion and is not required to file fee applications in accordance with the terms thereof (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, and (b) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application or final fee application.

j. Any member of the Committee may submit statements of expenses (excluding the fees and expenses of an individual Committee member's third-party counsel or any other third-party advisors) and supporting vouchers to the Committee's counsel, which counsel shall collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

**Interim Fee Applications**

a. At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), Retained Professionals ~~may~~ shall file with the Court and serve on the

Compensation Notice Parties an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses detailed by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding Interim Fee Period.  The initial Interim Fee Period ~~may~~shall include the period from the Petition Date through December ~~9~~31, 2024.  All subsequent Interim Fee Periods shall include the three-month periods ending on March 31, June 30, September 30, and December 31, and March 31. For the avoidance of doubt, copies of all Interim Fee Applications need only be served upon the Compensation Notice Parties, such service to be made by electronic mail, where available, or where electronic mail is not available, by first-class mail.  Parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of any notice of hearing on any Interim Fee Application, such service to be made by electronic mail, where available, or where electronic mail is not available, by first-class mail.

b. Retained Professionals ~~may~~shall file and serve their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period, or as soon as reasonably practicable thereafter.

c. Each Interim Fee Application must include any information requested by the Court ~~or required by~~and shall comply with the applicable ~~Local Rules.~~requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including Local Rule 2016-2(c)-(g).  Each Interim Fee Application shall also include the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**").

d. Parties in interest shall have ~~14~~21 days after service of ~~the~~an Interim Fee Application to file ~~an~~and serve upon the affected Retained Professional and Compensation Notice Parties an Additional Objection.

e. The Debtors may request that the Court consider the Interim Fee Applications at a hearing once every three months or at such other intervals as the Court deems appropriate.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are pending and no Additional Objections are timely filed and upon the filing of an appropriate CNO.  Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors are authorized and directed to promptly pay such Retained Professional all fees (including the 20% holdback) and expenses requested in the Interim Fee Application.

f. A pending Objection or Additional Objection to compensation or reimbursement of any Retained Professional does not disqualify ~~a~~such Retained Professional from future allowance and payment of compensation or reimbursement.

g. Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection or an Additional Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services

rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

h. No Retained Professional may file a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327, 328 or 1103 of the Bankruptcy Code.