**<u>Exhibit B</u>**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.¹ | (Jointly Administered) |
| | **Re: D.I. ─209** |

**ORDER AUTHORIZING EMPLOYMENT
AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC
AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "***Application***") of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for employment and retention of Kroll Restructuring Administration LLC ("***Kroll***") as administrative advisor ("***Administrative Advisor***") *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code,² Bankruptcy Rule 2014 and Local Rule 2014-1, all as more fully described in the Application; and upon the Steele Declaration submitted in support of the Application; and the Court being satisfied that Kroll has the capability and experience to provide the services described in the Application and that Kroll does not hold an interest adverse to the Debtors or the estates; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

that the employment of Kroll is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor; it is hereby ORDERED THAT:

1. The Application is approved as set forth in this Order.

2. The Debtors are authorized to retain Kroll as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Kroll is authorized to take such other action to comply with all duties set forth in the Application.

4. Kroll shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. Kroll shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Kroll, or provide contribution or reimbursement to Kroll, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from Kroll's gross negligence, willful misconduct or fraud; (ii) for a

contractual dispute in which the Debtors allege the breach of Kroll's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which Kroll should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

8. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, Kroll believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Kroll must file an application therefor in this Court, and the Debtors may not pay any such amounts to Kroll before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Kroll for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Kroll. All parties in interest shall retain the right to object to any demand by Kroll for indemnification, contribution or reimbursement.

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statement of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of its schedules of assets and labilities and statement of financial affairs.

11. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

14. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

15. Notwithstanding anything to the contrary in the Engagement Agreement, Kroll shall not be permitted, absent further order of the Court, to open bank accounts for the Debtors.

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.4.0.111 Document comparison done on 10/16/2024 11:20:02 PM** ||
| **Style name:** MNAT_DEFAULT_STYLE ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://work.mnat.com/WILM/18386374/1 ||
| **Modified DMS:** iw://work.mnat.com/WILM/18339956/1 ||
| **Changes:** ||
| Add | 3 |
| Delete | 1 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 4 |