# **Exhibit 1**

## **Compensation Procedures**[1]

**Monthly Fee Statements**

a. On or after the 5th day of each month following the month or months for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a statement, which will include the relevant time entries and descriptions and expense details, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "**Monthly Fee Statement**").

b. Each Retained Professional shall serve a copy of its Monthly Fee Statement by electronic mail on the following parties (collectively, the "**Compensation Notice Parties**"):

   (i) the Debtors, c/o Big Lots, Inc., 4900 E, Dublin-Granville Road, Columbus, OH 43081 (Attn: Ronald A. Robins, rrobins@biglots.com);

   (ii) proposed counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., and Ethan Stern, Esq., notice.biglots@davispolk.com;

   (iii) proposed Delaware counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com);

   (iv) counsel to the ABL Agent, Choate Hall, & Stewart, LLP, 2 International Place, Boston, MA 02110, Attn: John Ventola (jventola@choate.com), Jonathan Marshall (jmarshall@choate.com) and Jacob Lang (jslang@choate.com);

   (v) counsel to the Term Agent, Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon (csimon@otterbourg.com), James V. Drew (jdrew@otterbourg.com), and Sarah L. Hautzinger (shautzinger@otterbourg.com);

   (i) proposed counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017 (Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin Going, Esq. (kgoing@mwe.com);

   (vi) proposed Delaware counsel to the Official Committee of Unsecured Creditors, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#99239593v1

        Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy Newman, Esq. (snewman@coleschotz.com); and

  (vii)  the U.S. Trustee, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Casey, linda.casey@usdoj.gov).

c. Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous month(s).

d. Each Monthly Fee Statement shall set forth the applicable objection deadline and shall comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including Local Rule 2016-2(c)-(g).

e. Compensation Notice Parties will have until 4:00 p.m. (prevailing Eastern Time) on the day that is 21 days after the filing of a Monthly Fee Statement (the "**Objection Deadline**") to object to requested fees and expenses in accordance with the procedures described in subparagraph (f) below.

f. If any of the Compensation Notice Parties wish to object to a Retained Professional's Monthly Fee Statement, the objecting party shall file an objection (an "**Objection**") setting forth with reasonable detail the nature of the objection and the amount at issue (the "**Disputed Amount**") with the Court by the Objection Deadline and serve such Objection on the applicable Retained Professional and each of the Compensation Notice Parties. Upon the occurrence of the Objection Deadline, the Debtors are authorized and directed to pay the Retained Professional the amount requested in the Monthly Fee Statement *less* the Disputed Amount (as defined below). Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the Disputed Amount, or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application (as defined below) or a final fee application, at which time the parties may request that the Court consider the Objection.

g. After the expiration of the Objection Deadline, and with no objection having been filed and served in accordance with the terms of these procedures, a Retained Professional shall file a certificate of no objection with respect to the unopposed portion of the fees and expenses requested in the Monthly Fee Statement (each, a "**CNO**"). After a CNO is filed, the Debtors are authorized to pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection without further order of the Court.

h. Each Retained Professional shall serve, via first class mail, a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

i. Each Retained Professional that is an attorney shall, unless such attorney is employed and retained pursuant to the OCP Motion and is not required to file fee applications in

    accordance with the terms thereof (a) apply for compensation for professional services rendered and for reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, and (b) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application or final fee application.

j. Any member of the Committee may submit statements of expenses (excluding the fees and expenses of an individual Committee member's third-party counsel or any other third-party advisors) and supporting vouchers to the Committee's counsel, which counsel shall collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures; *provided* that payment of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

**Interim Fee Applications**

a. At three-month intervals or such other intervals convenient to the Court (the "**Interim Fee Period**"), Retained Professionals shall file with the Court and serve on the Compensation Notice Parties an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses detailed by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during the preceding Interim Fee Period. The initial Interim Fee Period shall include the period from the Petition Date through December 31, 2024. All subsequent Interim Fee Periods shall include the three-month periods ending on March 31, June 30, September 30, and December 31, and March 31. For the avoidance of doubt, copies of all Interim Fee Applications need only be served upon the Compensation Notice Parties, such service to be made by electronic mail, where available, or where electronic mail is not available, by first-class mail. Parties that have entered their appearance pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of any notice of hearing on any Interim Fee Application, such service to be made by electronic mail, where available, or where electronic mail is not available, by first-class mail.

b. Retained Professionals shall file and serve their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period, or as soon as reasonably practicable thereafter.

c. Each Interim Fee Application must include any information requested by the Court and shall comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including Local Rule 2016-2(c)-(g). Each Interim Fee

Application shall also include the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**").

d.  Parties in interest shall have 21 days after service of an Interim Fee Application to file and serve upon the affected Retained Professional and Compensation Notice Parties an Additional Objection.

e.  The Debtors may request that the Court consider the Interim Fee Applications at a hearing once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are pending and no Additional Objections are timely filed and upon the filing of an appropriate CNO. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors are authorized and directed to promptly pay such Retained Professional all fees (including the 20% holdback) and expenses requested in the Interim Fee Application.

f.  A pending Objection or Additional Objection to compensation or reimbursement of any Retained Professional does not disqualify such Retained Professional from future allowance and payment of compensation or reimbursement.

g.  Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection or an Additional Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred. All fees and expenses paid to Retained Professionals under these Compensation Procedures are subject to disgorgement until final allowance by the Court.

h.  No Retained Professional may file a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327, 328 or 1103 of the Bankruptcy Code.