**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: October 17, 2024 at 12:00 p.m. (ET)[1]** |
| | **Hearing Date: October 21, 2024 at 1:30 p.m. (ET)** |
| | **Related Docs: 20, 114** |

**WPG LEGACY, LLC'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, AND 552 (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED SUPERPRIORITY POST-PETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF**

WPG Legacy, LLC ("WPG"), as managing agent for the owners of the properties (the "Landlords") identified herein, by its undersigned counsel, Frost Brown Todd LLP, files this limited objection (this "Limited Objection") to the entry of a final order (the "Final Order") in connection with the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (Docket No. 20)

---

[1] The Debtors extended WPG Legacy, LLC's objection deadline.

(the "Financing Motion")[2] and respectfully states as follows:

## BACKGROUND

1.      On September 9, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions (the "Cases") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      The Landlords and Debtors are parties to certain unexpired lease agreements, as amended and modified (the "Leases") relating to four locations (the "Leased Premises") at the following shopping centers:

| Shopping Center | Location |
|-----------------|----------|
| Grand Central Mall | Vienna, WV |
| St. Charles Towne Plaza | Waldorf, MD |
| White Oaks Plaza | Springfield, IL |
| Palms Crossing Town Center | McAllen, TX |

4.      The Leased Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5.      On the Petition Date, the Debtors filed the Financing Motion seeking to obtain this Court's approval of debtor-in-possession financing on an interim and final basis. Attached as Exhibit 4 to the proposed order approving the Financing Motion is the Debtors' DIP budget (the "Approved Budget"). While the Approved Budget includes a line-item for "Total Operating Disbursements", it

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Financing Motion or Interim Order (defined herein), as applicable.

is unclear if the Approved Budget includes amounts due and owing under the Leases for the Debtors' use and occupancy of the Leased Premises from the Petition Date through and including September 30, 2024 ("Stub Rent").

6.      On September 8, 2022, this Court entered its *Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status And (B) Adequate Protection To Prepetition Secured Creditors, (III) Modifying Automatic Stay, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief* (Docket No. 114) (the "Interim Order") approving the Financing Motion on an interim basis in accordance with the terms of the Approved Budget. The Interim Order provides that each of the DIP Credit Parties and the Prepetition Secured Creditors (collectively, the "Secured Lenders") shall receive a waiver of the provisions of section 506(c) of the Bankruptcy Code and any "equities of the case" exception under section 552(b) of the Bankruptcy Code subject to and upon entry of the Final Order.

7.      The Debtor has failed to pay to WPG the Stub Rent for their use and occupancy of the Leased Premises, totaling not less than $136,670.75, and, upon information and belief, the Debtors have not made any provision in their Approved Budget for the payment of Stub Rent.

8.      WPG understands the landlord constituency and the Committee are in good faith discussions with the Secured Lenders and the Debtors, through counsel, regarding their concerns with the Financing Motion, including the waivers under sections 506(c) and 522(b) of the Bankruptcy Code and payment of Stub Rent, and WPG is hopeful a consensual resolution can be reached in advance of the Final Hearing. Since discussions are ongoing, WPG files this Limited Objection out of an abundance of caution to preserve its rights.

3

## **LIMITED OBJECTION**

9.    Although WPG does not object to the Debtors' need for post-petition financing to allow the Debtors to operate postpetition, including the payment of all postpetition rent obligations owing under the Leases, and work towards a successful restructuring in these Cases, WPG does object to any attempt by the Debtors and the Secured Lenders to impair, limit and/or modify WPG's rights under the Leases, the Bankruptcy Code and applicable law.

### **A.    All Postpetition Rent Should be Included in the Approved Budget and Final Order Approved by this Court.**

10.    The Debtors' leased premises are critical to the Debtors' ongoing business operations and revenue generation, the primary beneficiaries of which are the Secured Lenders, yet the Approved Budget fails to include the payment of Stub Rent to landlords. The use and occupancy of the Leased Premises by the Debtors provides an actual, necessary, and continuing benefit to the Debtors, the Secured Lenders and the Debtors' estates. Without access to and the ability to use the Leased Premises, the Debtors would not be able to operate their retail business and pursue a sales process in these Cases. For these reasons, this Court should order the Debtors to budget for the payment of all postpetition rent, including but not limited to Stub Rent, to WPG and the Debtors' other landlords in the Final Order. Absent the timely payment of these obligations, WPG is effectively providing an involuntary, unsecured, post-Petition Date loan to the Debtors in the amount of postpetition rent. The Debtors should not be afforded the protections of the Bankruptcy Code, be permitted to waive their rights under sections 506(c) and 552(b) of the Bankruptcy Code, or gain the benefit of the continued operation of their business at the Leased Premises without paying all postpetition rent obligations owing to WPG, including Stub Rent.

11.    The Debtors' waiver of their right to assert surcharge claims against the Secured

Lenders under section 506(c) of the Bankruptcy Code increases the risk that the costs of the administration of these Cases will be borne by the Debtors' landlords, rather than the Secured Lenders. This result contravenes the essential purpose of section 506(c) of the Bankruptcy Code, which allows a debtor to charge the costs of preserving or disposing of a secured lender's collateral to the collateral itself. 11 U.S.C. § 506(c). *See In re Visual Indus., Inc.*, 57 F.3d 321, 325 (3d Cir. 1995) ("[Section] 506(c) is designed to prevent a windfall to the secured creditor . . . The rule understandably shifts to the secured party . . . the costs of preserving or disposing of the secured party's collateral, which costs might otherwise be paid from the unencumbered assets of the bankruptcy estate . . .") (citation omitted); *see also In re Codesco, Inc.*, 18 B.R. 225, 230 (Bankr. S.D.N.Y. 1982) ("The underlying rationale for charging a lienholder with the costs and expenses of preserving or disposing of the secured collateral is that the general estate and unsecured creditors should not be required to bear the cost of protecting what is not theirs."). Indeed, courts have rejected the waiver of surcharge rights under section 506(c) of the Bankruptcy Code under similar circumstances. *See, e.g., In re Colad Group, Inc.*, 324 B.R. 208, 224 (Bankr. W.D.N.Y. 2005) (refusing to approve postpetition financing agreement to the extent that the agreement purported to modify statutory rights and obligations created by the Bankruptcy Code by prohibiting any surcharge of collateral under section 506(c)).

12.     To properly address this concern, WPG submits that the Approved Budget should be modified to expressly provide for the payment of all postpetition rent, including Stub Rent or, at a minimum, to include a reserve for payment of such amounts. WPG opposes the entry of a Final Order to the extent the Debtors seek to waive the protections under sections 506(c) and 552(b) of the Bankruptcy Code without providing for the payment of Stub Rent and the payment of all ongoing post-petition rent under the Leases to WPG.

**B.  WPG is Entitled to Adequate Protection Pursuant to Section 363(e) of the Bankruptcy Code.**

13.     The payment of all postpetition rent owing under the Leases is warranted as adequate protection for the Debtors' continued use and occupancy of the Leased Premises under section 363(e) of the Bankruptcy Code, which provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. 363(e).

14.     Section 363(e) of the Bankruptcy Code provides a basis to grant adequate protection to real property lessors. *See, e.g.*, *In re Knight Jewelry*, 168 B.R. 199 (Bankr. W.D. Mo. 1994) (granting relief from the automatic stay because, among other things, retail debtor did not provide adequate protection to landlord creditor); *Matter of Cont'l Airlines, Inc.*, 154 B.R. 176, 180 (Bankr. D. Del. 1993) (concluding that adequate protection is available under § 363(e) of the Bankruptcy Code for a decrease in value due to the use, sale, or lease of an entity's interest in property); *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392 (Bankr. S.D. N.Y. 2001) (providing that a "landlord's right to adequate protection seems to follow clearly from the language of Section 363(e)…"); *In re Ernst Home Center, Inc.*, 209 B.R. 955, 966-67 (Bankr. W.D. Wash. 1997) (finding that adequate protection is available to real property lessors under Section 363(e)).

15.     It is appropriate for adequate protection to take the form of timely cash payments for the Debtors' post-Petition Date use and occupancy of the Leased Premises. *See* 11 U.S.C. § 361; *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 794 (Bankr. D. Del. 2002). Any administrative expense claim

granted to WPG for Stub Rent cannot serve as adequate protection, particularly due to the possibility of nonpayment of Stub Rent to WPG. The Debtors continue to occupy the Leased Premises for the benefit of their estates and the Secured Lenders. Because of the commencement of these Cases, WPG has no choice but to allow the continued occupancy of the Leased Premises by the Debtors. WPG should not be expected to bear these risks and this Court should require the Debtors to budget and pay all postpetition rent, including Stub Rent, as adequate protection for the continued use and occupancy of the Leased Premises by the Debtors.

## JOINDER

16.     WPG joins in any objections to the entry of a final order filed by the Debtors' other shopping center landlords, to the extent that such objections are not inconsistent with this Limited Objection.

## RESERVATION OF RIGHTS

17.     WPG reserves any and all rights to supplement and/or amend this Limited Objection and expressly reserves the right to assert any further objections with respect to the Financing Motion as it deems necessary or appropriate.

## CONCLUSION

**WHEREFORE**, WPG respectfully requests that this Court sustain this Limited Objection and grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:  October 17, 2024
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

**Counsel for WPG Legacy, LLC**

8