**Exhibit A**

**Revised Proposed Order**

Case 24-11967-JKS    Doc 532-1    Filed 10/17/24    Page 1 of 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Re: D.I. 208 & 468** |

**AMENDED ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF PWC US TAX LLP AS TAX COMPLIANCE AND TAX ADVISORY SERVICES PROVIDER TO THE DEBTORS EFFECTIVE AS OF SEPTEMBER 9, 2024 AND (II) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of Big Lots, Inc. and certain of its affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to employ and retain PwC US Tax LLP ("PwC US Tax") as tax compliance and tax advisory services provider to the Debtors, effective as of the September 9, 2024, pursuant to the terms and conditions of the Engagement Letter, subject to the limitations and modifications provided for herein; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and it appearing that venue of these Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings given to them in the Application.

having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that PwC US Tax does not hold or represent an interest adverse to the Debtors or their estates and is disinterested under 11 U.S.C. § 101(14); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and upon the record of the hearing (if any held) to consider the relief requested in the Application, the Keller Declaration, filed contemporaneously with the Application, and all proceedings had before this Court; and that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a) and Local Rules 2014-1 and 2016-1, to employ and retain PwC US Tax as tax compliance and tax advisory services provider to the Debtors, effective as of the September 9, 2024, in accordance with the terms and conditions set forth in the Engagement Letter, as limited and modified by this Order.

3. The terms and conditions of PwC US Tax's employment as provided in the Engagement Letter are reasonable and are hereby approved as set forth herein. Further, the Fee and Expense Structure, as set forth in the Engagement Letter, is approved and PwC US Tax shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, subject to Court approval.

4. PwC US Tax may file monthly, interim and/or final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these Chapter 11 Cases with this Court in accordance with the Bankruptcy Code Sections 330 and 331, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, and, solely as to a fixed fee portion of engagements, PwC US Tax shall be excused from keeping time records for services rendered in one-tenth (0.10) of an hour increments.

5. PwC US Tax shall include in its fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date.

6. Solely as to any fixed fee compensation requests: (i) PwC US Tax shall be excused from keeping time records in tenth of an hour (0.10) increments; and (ii) any objections related thereto shall be subject only to the standard of review set forth in Section 328 of the Bankruptcy Code, and shall not be subject to the standard of review in Section 330 of the Bankruptcy Code or any other standard of review, *provided, however*, the U.S. Trustee retains all rights to respond or object to PwC US Tax's fee applications for compensation and requests for reimbursement of out-of-pocket expenses on all grounds, including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code.

7. If the Debtors request and PwC US Tax agrees to provide additional services, PwC US Tax and the Debtors may enter into additional agreements, statements of work or amendments with respect to the Engagement Letter. Any additional agreements, statements of work or amendments will be filed with the Court and served on the applicable notice parties, and, absent any objections filed within fourteen (14) days after the filing and service of such supplemental declaration, PwC US Tax's employment and retention, including as to the additional agreements, statements of work, amendments and/or services, shall continue as authorized pursuant to this Order.

8. Prior to any increases in PwC US Tax's rates for any individual retained by PwC US Tax and providing services in these cases, PwC US Tax shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, counsel to any statutory committee appointed in these Chapter 11 Cases and other parties required to be served under applicable rules in these Chapter 11 Case. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

9. The Debtors shall be bound by the Indemnification Provisions pursuant to the Engagement Letter and, during the pendency of these Chapter 11 Cases, subject to the following conditions:

    a. Subject to the provisions of (b) and (c) below, the Debtors are authorized to indemnify, contribute, or reimburse, and shall indemnify, contribute, or reimburse PwC US Tax and the Beneficiaries (as that term is defined in the Engagement Letter) (the

4

       "Indemnified Person(s)") for any claims arising from, related to, or in connection with services to be provided by PwC US Tax and the Beneficiaries as specified in the Application, but not for any claim arising from, related to, or in connection with their post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and the indemnification, contribution, or reimbursement therefor are approved by this Court.;

b.     The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Person's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of PwC US Tax's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Company, 315 F.3d 217 (3d Cir. 2003) ; or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order; and

c.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Person for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

10. Notwithstanding anything to the contrary in the Application, the Keller Declaration or the Engagement Letter, any limitation of liability in the Engagement Letter shall be of no force and effect during the pendency of the Chapter 11 Cases.

11. To the extent that the provisions of this Order are inconsistent with the provisions of the Application, the Engagement Letter or the Keller Declaration, the provisions of this Order shall govern.

12. The Debtors and PwC US Tax are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. Notwithstanding any provision to the contrary in the Application, the Engagement Letter or the Keller Declaration, the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order. For the avoidance of doubt, during the pendency of the Debtors' bankruptcy cases, any provision of the unmodified Engagement Letter that provides for mediation or arbitration shall not be applicable unless this Court lacks or declines to exercise jurisdiction.