**Exhibit B**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re:** ——**207** |

**ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN A&G REALTY
PARTNERS, LLC AS A REAL ESTATE CONSULTANT AND ADVISOR TO
THE DEBTORS EFFECTIVE AS OF THE PETITION DATE AND
(B) WAIVING CERTAIN REPORTING REQUIREMENTS**

Upon the application (the "**Application**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtor**s") for entry of an order (this "**Order**") authorizing and approving (a) the retention and employment of A&G Realty Partners, LLC ("**A&G**") as a real estate advisor, effective as of the Petition Date, pursuant to the terms of that certain real estate services agreement dated as of June 6, 2024, as amended (collectively the "**Services Agreement**"), a copy of which is attached to the Application, (b) approving of the terms of A&G's employment and retention, including the fee and expense structure, and the reimbursement, and related provisions set forth in the Services Agreement, (c) approving a waiver of certain reporting requirements, and (d) granting certain related relief; and this Court

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

having reviewed the Application and upon consideration of the Graiser Declaration; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court being able to issue a final order consistent with Article III of the United States Constitution; and the venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits and a hearing having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, its estate, its creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are authorized to retain and employ A&G as a real estate advisor and consultant effective as of the

Petition Date, on the terms and conditions set forth in the Application and the Services Agreement and in accordance with the Fee Structure, except as provided by this Order.

3.       The terms of the Services Agreement are reasonable terms and conditions of employment and are approved.

4.       The terms and provisions of the Services Agreement are approved and the Debtors are authorized to compensate A&G in accordance with the Services Agreement, including Schedule B thereto. A&G shall not be required to file monthly or interim fee applications for its Services; provided, however that A&G shall be required to file a final fee application for compensation upon completion of its Services which shall be subject to the standard of review provided for in section 328(a) of the Bankruptcy Code.

5.       A&G will be compensated for 100 percent (100%) of the amount due upon submission of an acceptable invoice, which shall be paid no later than ten days after receipt of invoice, to the Debtors for all Services, other than the Additional Services. Other than the Additional Services, the Debtors shall not be required to submit interim fee applications for the Services or required to maintain records of detailed time entries in connection with professional services rendered under the Services Agreement.  Upon completion of their work for the Debtors, A&G will file a final fee application for review by the Court and parties in interest pursuant to section 328(a) of the Bankruptcy Code for all Services. Notwithstanding the foregoing, the U.S. Trustee retains all rights to object to A&G's fee applications (including expense reimbursement) on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.      The information requirements of Local Rule 2016-2(d) are waived, and A&G shall not be required to maintain records of detailed time entries in connection with professional services rendered under the Services Agreement.

7.      The Debtors and A&G shall file an additional retention application for any Additional Services that may be performed during these Chapter 11 Cases.  The Debtors and A&G ~~shall submit monthly, interim, and final fee applications for any~~must seek further approval of any terms of employment for Additional Services ~~provided on an hourly basis only and the time detail provided with such fee applications may be provided in a summary fashion. Specifically, A&G will submit time records setting forth the hours spent on each activity and a description of the Additional Services provided, but will not break out their time into tenth-of-an-hour increments.~~at the appropriate time, if applicable.

8.      A&G shall disclose any and all facts that may have a bearing on whether A&G, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

9.      Notwithstanding anything to the contrary in the Application, the Declaration or the Engagement Letter, if any services are to be performed by any affiliate of A&G, that affiliate shall promptly file appropriate disclosures regarding any connections they may have with parties in interest in these cases, as well as disclosure regarding their disinterestedness. To the extent that A&G uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, A&G shall (i) not pass through the cost of such Contractors to the Debtors; (ii) ensure that the Contractors are subject to the same

conflicts checks as required for A&G; and (iii) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors.

10. ~~9.~~ A&G shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

11. A&G shall not be entitled to any indemnification from the Debtors on account of claims JLL may make against A&G stemming from the JLL Agreement (as defined in the Services Agreement).

12. A&G shall not unilaterally terminate its engagement under the Services Agreement absent prior approval of the Court.

13. For the avoidance of doubt, the first and third sentences of paragraph 23 of the Services Agreement shall be of no force and effect during the term of these Chapter 11 proceedings.

14. ~~10.~~ To the extent that there may be any inconsistency between the terms of the Application, the Services Agreement, and this Order, the terms of this Order shall govern.

15. ~~11.~~ The Debtors are authorized and empowered to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

16. ~~12.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.