# Exhibit 1

## OCP Compensation Procedures

## OCP Compensation Procedures

(a)      Each Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (the "**Ordinary Course Professional Declaration**"), substantially in the form attached hereto as **Annex A**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Ordinary Course Professional is to be employed, and shall periodically update such Ordinary Course Professional Declaration to the extent necessary to reflect new facts or circumstances relevant to their retention.

(b)      Each Ordinary Course Professional identified in Exhibit A of the Motion shall, within 30 days of entry of the Order, provide to the Debtors and file on the docket their Ordinary Course Professional Declaration.  Any Ordinary Course Professionals not identified in Exhibit A of the Motion shall, within 30 days of commencement of work for the Debtors, provide to the Debtors and file on the docket their Ordinary Course Professional Declaration.

(c)      The Debtors' attorneys shall promptly file each Ordinary Course Professional Declaration with the Court and serve it on the following parties (collectively, the "**Reviewing Parties**"):

        (i)      the U.S. Trustee (Attn: Linda Casey);

        (ii)      Choate, Hall & Stewart LLP, as counsel to the ABL Agent and Otterbourg P.C., as counsel to the Term Agent;

        (iii)      McDermott Will & Emery, as proposed counsel to the Committee; and

        (iv)      Cole Schotz P.C., as proposed Delaware counsel to the Committee.

(d)      The Reviewing Parties shall then have 10 days following such service (the "**Objection Deadline**") to notify the Debtors, the Debtors' attorneys, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration.  The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(e)      If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced work.

(f)      If an objection is asserted by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within 10 days of the Objection Deadline (the "**Resolution Deadline**"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least 14 days from the Resolution Deadline, or such other date that may be agreeable to the applicable Ordinary Course Professional, the Debtors, and the objecting Reviewing Party.  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional Declaration has been filed with the Court and (i) the Objection Deadline has passed with no

objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

(g)    Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors shall be permitted to pay each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred; *provided*, *however*, that (i) the fees of each Ordinary Course Professional set forth on Annex 1 to Exhibit A, excluding costs and disbursements, may not exceed $100,000 per month on average over a rolling three-month period (the "**Tier 1 OCP Cap**") and (ii) the fees of each Ordinary Course Professional set forth on Annex 2 to Exhibit A, excluding costs and disbursements, may not exceed $75,000 per month on average over a rolling three-month period (the "**Tier 2 OCP Cap**" and, together with the Tier 1 OCP Cap, the "**OCP Caps**"). The Debtors may amend the OCP Caps set forth in this paragraph, and the OCP Cap to which any Ordinary Course Professional is subject, with the consent (email is sufficient) of the Reviewing Parties.  Absent consent, the Debtors shall file a motion seeking Court authority to increase the Monthly Cap.

(h)    Notwithstanding any professional being designated as an Ordinary Course Professional, the Debtors may choose to file a separate application to employ any Ordinary Course Professional pursuant to section 327 or 328 of the Bankruptcy Code in their discretion if the Debtors determine a separate retention application is advisable or appropriate.  To the extent that an Ordinary Course Professional seeks compensation in excess of its applicable Monthly Cap (the "**Excess Fees**"), the Ordinary Course Professional shall file with the Court a notice of its fees (the "**Notice of Excess Fees**") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred.  The Reviewing Parties shall then have 21 days to file an objection to the Notice of Excess Fees with the Court.  If no objection is filed after 21 days, the Excess Fees shall be deemed approved, and the Ordinary Course Professional may be paid 100% of its fees and 100% of its expenses without the need to file a fee application.  If an objection is timely filed and such objection cannot be resolved within 21 days, the Debtors will schedule the matter for a hearing before the Court.

(i)    Unless a chapter 11 plan has been confirmed, at three-month intervals during the pendency of the Chapter 11 Cases (each, a "**Quarter**"), beginning with the three-month interval which commences on the Petition Date, the Debtors shall file with the Court and serve on the Reviewing Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts of fees and expenses incurred for services rendered by that Ordinary Course Professional during the reported Quarter, (iii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iv) all post-petition payments made to that Ordinary Course Professional through the reported Quarter; and (v) a general description of the services rendered by that Ordinary Course Professional.  The initial Ordinary Course Professional statement shall cover the period beginning on the Petition Date and ending on December 9, 2024, and shall be filed no later than January 9, 2025.

(j)     The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Cases; *provided*, that such Ordinary Course Professionals comply with these procedures.

(k)     If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professionals List during the Chapter 11 Cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals List (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant Ordinary Course Professionals' Affidavits.  Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals shall be subject to the terms and conditions set forth herein.

## Annex A

**Ordinary Course Professional Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. ___** |

**DECLARATION OF DISINTERESTEDNESS OF**
_____

**IN SUPPORT OF EMPLOYMENT OF**
_____

**AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

_____, declares and says:

1.      I am a [_____] of _____, located at

_____ (the "**Firm**"). The Firm [is / is not]

a legal services firm.

2.      Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of

which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), have requested that the Firm provide [INSERT BRIEF DESCRIPTION OF

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

SERVICES – E.G., ACCOUNTING] to the Debtors, and the Firm has consented to provide those services.

3.      Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Debtors or to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with the Chapter 11 Cases.

4.      For Legal Services Firms: Neither I nor [any partner or associate of the Firm], insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed. For non-legal services firms: Neither I nor [any partner or associate of the Firm], insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

5.      Neither I nor [any partner or associate of the Firm] has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the [partners and associates] of the Firm.

6.      The Debtors owe the Firm $_____ for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code. [FOR LEGAL SERVICES FIRMS: The Firm understands that it must file a proof of claim for such fees and expenses unless the amount thereof is properly listed in the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated, or disputed.] [FOR NON-LEGAL SERVICES FIRMS: The Firm agrees to waive its prepetition claim.]

7.      The Firm [is / is not] party to an indemnification agreement with the Debtors.

8.      The Firm reviewed its connections to, if any, the key parties-in-interest provided on **Exhibit 1**. The Firm is conducting further inquiries regarding its retention by creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

9.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on _____, 2024.

_____
[Name]

## Exhibit 1

**Key Parties-In-Interest**