# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Re: D.I. 210 & 526** |

## ORDER, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF GUGGENHEIM SECURITIES, LLC AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE, AND MODIFYING CERTAIN TIME-KEEPING REQUIREMENTS

Upon consideration of the application (the "**Application**")[2] of the Debtors for entry of an order (this "**Order**") authorizing the Debtors to retain and employ Guggenheim Securities, LLC ("**Guggenheim Securities**") as their investment banker, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-2, effective as of the Petition Date, pursuant to the terms of the Engagement Letter, all as more fully described in the Application; and this Court being satisfied, based on the representations made in the Application and the Erickson Declaration, that Guggenheim Securities does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and this Court

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court being able to issue a final order consistent with Article III of the United States Constitution; and the venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Application having been withdrawn, resolved or overruled on the merits; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

    1.    The Application is GRANTED as set forth herein.

    2.    Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Guggenheim Securities as their investment banker in these Chapter 11 Cases, effective as of the Petition Date, pursuant to the terms and subject to the conditions set forth in the Engagement Letter to the extent approved herein.

    3.    Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy

Code, and the Debtors are authorized to pay, reimburse, and indemnify Guggenheim Securities in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4. Notwithstanding anything to the contrary in the Engagement Letter, in connection with any Debt Financing constituting a "debtor-in-possession" financing consummated in connection with a Bankruptcy Case ("**DIP Financing**"), on account of which Guggenheim Securities has been actually paid a Financing Fee under the Engagement Letter (any Financing Fee so paid specifically on account of any such DIP Financing, a "**DIP Financing Fee**"), an amount equal to 50% of any such DIP Financing Fee shall be credited against any Restructuring Transaction Fee or Sale Transaction Fee that thereafter becomes payable pursuant to Sections 4(b) or 4(d) of the Engagement Letter; it being understood that such portion of any such DIP Financing Fee can only be credited once against any one of the foregoing fees and cannot be credited against any other fee payable under the Engagement Letter.

5. Guggenheim Securities shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders and procedures of this Court; *provided* that the fees, expenses and other compensation payable to Guggenheim Securities pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding any provisions to the contrary in this Order, the U.S. Trustee shall retain the right and be entitled to object to Guggenheim Securities' fees, expenses and other compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. In the event that, during the pendency of these Chapter 11 Cases, Guggenheim Securities requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Guggenheim Securities' fee applications, and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines, and the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Guggenheim Securities shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Guggenheim Securities and the structure of Guggenheim Securities' compensation pursuant to the Engagement Letter, Guggenheim Securities and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2(d), the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Letter, and shall instead be required only to maintain time records of its services rendered for the Debtors in half-hour increments.

8. Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Guggenheim Securities absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order entered by the Court in these Chapter 11 Cases allowing for

interim compensation, except that the Debtors are authorized to pay the $200,000 Monthly Fee to Guggenheim Securities each month when required under the Engagement Letter without a prior fee application; *provided*, however, that Guggenheim Securities shall file monthly fee statements and interim fee applications pursuant to the deadlines and other procedures specified for monthly fee statements and interim fee applications set forth in any order entered by the Court in these Chapter 11 Cases allowing for interim compensation, except as otherwise expressly set forth in this Order.  All fees paid to Guggenheim Securities by the Debtors pursuant to the Engagement Letter during these Chapter 11 Cases are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Guggenheim Securities' final fee application.

9. The indemnification, contribution, and reimbursement provisions included in the Indemnification Provisions annexed to the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

   a. subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the indemnified persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; *provided*, *however*, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

   b. notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense to the extent that it is (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct or actual fraud, (ii) for a contractual dispute in which the Debtors allege breach of Guggenheim Securities' obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which

5

      that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;

   c.  if, during the pendency of these Chapter 11 Cases, the Indemnification Provisions annexed to the Engagement Letter are held to be unenforceable by reason of the exclusions set forth in subparagraph (b) above, then any limitations on Guggenheim Securities' contribution obligations set forth in the third sentence of the fourth paragraph of the Indemnification Provisions annexed to the Engagement Letter shall not apply; and

   d.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Guggenheim Securities believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Guggenheim Securities must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Guggenheim Securities. The U.S. Trustee and all other parties in interest shall retain the right to object to any request for indemnification by Guggenheim Securities under the relevant standards set forth above that apply, respectively, to the U.S. Trustee and to all other parties in interest.

  10.  Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent Guggenheim Securities retains the services of subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these Chapter 11 Cases to conduct certain of its investment banking services under the Engagement Letter in its stead, then (a) if Guggenheim Securities seeks to pass through to the Debtors, and requests to be reimbursed for, the fees and/or costs of the Contractors, Guggenheim Securities shall pass through the fees of such Contractors to the Debtors at the same rate that Guggenheim Securities pays the Contractors and seek reimbursement for actual costs of the Contractors only; and (b) Guggenheim Securities

shall ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014.

11. None of the fees payable to Guggenheim Securities under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

12. Notwithstanding anything to the contrary in the Application, the Erickson Declaration or the Engagement Letter, during these Chapter 11 Cases, that portion of the second sentence of Paragraph O of the Annex to the Engagement Letter concerning fiduciary duties shall have no force or effect.

13. To the extent that there may be any inconsistency between the terms of the Engagement Letter, the Application, the Erickson Declaration, and this Order, the terms of this Order shall govern.

14. The Debtors and Guggenheim Securities are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

16. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 18th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE