**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF AMENDED[2] AGENDA FOR HEARING SCHEDULED FOR**
**OCTOBER 21, 2024, AT 1:30 P.M. (ET)**

> This proceeding will be conducted **in-person** in Courtroom 6.
> All counsel and witnesses are expected to attend unless permitted to appear remotely via Zoom.  Please refer to Judge Stickles' Chambers Procedures (https://www.deb.uscourts.gov/content/judge-j-kate-stickles) and the Court's website (http://www.deb.uscourts.gov/ecourt-appearances) for information on who may participate remotely, the method of allowed participation (video or audio), Judge Stickles' expectations of remote participants, and the advance registration requirements.
>
> Registration is required by 4:00 p.m. (Prevailing Eastern Time) the business day before the hearing unless otherwise noticed using the *eCourtAppearances* tool available on the Court's website.

## RESOLVED MATTERS

1.  Motion of Debtors for Entry of Interim and Final Orders (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information (D.I. 5, filed 9/9/24).

    Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Official Committee of Unsecured Creditors ("**Committee**") and the Office of the United States Trustee ("**U.S. Trustee**").

    Responses Received:

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Amended items appear in **bold**.

a)      Informal comments received from the Committee.

Related Documents:

a)      Interim Order (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information (D.I. 146, entered 9/12/24).

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

c)      Certification of Counsel Regarding Final Order (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information (D.I. 506, filed 10/16/24).

d)      Final Order (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information (D.I. 517, entered 10/17/24).

Status: An order has been entered with respect to this matter.  No hearing is necessary.

2.      Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 7, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

Responses Received: None.

Related Documents:

a)      Interim Order Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 118, entered 9/11/24).

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

c)      Certificate of No Objection Regarding Final Order Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 510, filed 10/16/24).

  d)  Final Order Authorizing (I) Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 520, entered 10/17/24).

  <u>Status</u>: An order has been entered with respect to this matter.  No hearing is necessary.

3.  Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Practices and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 10, filed 9/9/24).

  <u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

  <u>Responses Received</u>:

  a)  Informal comments received from the U.S. Trustee.

  b)  Informal comments received from the Committee.

  <u>Related Documents</u>:

  a)  Interim Order Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Practices and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 126, entered 9/11/24).

  b)  Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

  c)  Certification of Counsel Regarding Final Order Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and Otherwise Continue Customer Practices and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 507, filed 10/16/24).

  d)  Final Order Authorizing (I) Debtors to Honor Prepetition Obligations to Customers and to Otherwise Continue Customer Practices and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 518, entered 10/17/24).

  <u>Status</u>: An order has been entered with respect to this matter.  No hearing is necessary.

4.  Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the

Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 12, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 4, 2024, at 5:00 p.m. (ET) for Liberty Mutual Insurance Company ("**Liberty Mutual**"); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

Responses Received:

a)      Informal comments received from Liberty Mutual.

b)      Informal comments received from the Chubb Companies ("**Chubb**").

c)      Informal comments received from the Committee.

d)      Informal comments received from the U.S. Trustee.

Related Documents:

a)      Interim Order Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 119, entered 9/11/24).

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

c)      Certification of Counsel Regarding Final Order Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 513, filed 10/16/24).

d)      Final Order Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter Into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers (D.I. 524, entered 10/17/24).

<u>Status</u>: An order has been entered with respect to this matter.  No hearing is necessary.

5.      Debtors' Application for an Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor *Nunc Pro Tunc* to the Petition Date (D.I. 209, filed 9/18/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.
<u>Responses Received</u>:

a)      Informal comments received from the U.S. Trustee.

<u>Related Documents</u>:

a)      Certification of Counsel Regarding Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor *Nunc Pro Tunc* to the Petition Date (D.I. 514, filed 10/16/24).

b)      Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Administrative Advisor Nunc Pro Tunc to the Petition Date (D.I. 521, entered 10/17/24).

<u>Status</u>: An order has been entered with respect to this matter.  No hearing is necessary.

6.      Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts, and (II) Granting Related Relief (D.I. 288, filed 9/19/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

<u>Responses Received</u>: None.

<u>Related Documents</u>:

a)      Certificate of No Objection Regarding Order (I) Authorizing the Debtors to Reject Certain Executory Contracts, and (II) Granting Related Relief (D.I. 516, filed 10/17/24).

b)      Omnibus Order (I) Authorizing the Debtor to Reject Certain Executory Contracts Nunc Pro Tunc to September 9, 2024, and (II) Granting Related Relief (D.I. 525, entered 10/17/24).

<u>Status</u>: An order has been entered with respect to this matter.  No hearing is necessary.

7.      Motion of Debtor for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Retained Professionals (D.I. 289, filed 9/19/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

<u>Responses Received</u>:

a)      Informal comments received from the U.S. Trustee.

b)      Informal comments received from the DIP Lenders.

<u>Related Documents</u>:

a)      Certification of Counsel Regarding Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Retained Professionals (<u>D.I. 508</u>, filed 10/16/24).

b)      Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals (<u>D.I. 519</u>, entered 10/17/24).

<u>Status</u>: An order has been entered with respect to this matter.  No hearing is necessary.

## MATTERS UNDER CERTIFICATION

8.      Debtors' Application for Entry of an Order, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors and Debtors-in-Possession Effective as of the Petition Date, and Modifying Certain Time-Keeping Requirements (<u>D.I. 210</u>, filed 9/18/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 17, 2024, at 12:00 p.m. (ET) for the U.S. Trustee.

<u>Responses Received</u>:

a)      Informal comments received from the U.S. Trustee.

<u>Related Documents</u>:

a)      Supplemental Declaration of Stuart Erickson in Support of Debtors' Application for Entry of an Order, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors and Debtors-in-Possession, Effective as of the Petition Date, and Modifying Certain Time-Keeping Requirements (<u>D.I. 522</u>, filed 10/17/24).

b)      Certification of Counsel Regarding Order Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors

and Debtors-in-Possession Effective as of the Petition Date, and Modifying Certain Time-Keeping Requirements (D.I. 526, filed 10/17/24).

    **c)**      **Order, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Guggenheim Securities, LLC as Investment Banker for the Debtors and Debtors-In-Possession, Effective as of the Petition Date, and Modifying Certain Time-Keeping Requirements (D.I. 550, entered 10/17/24).**

     <u>**Status:**</u> **An order has been entered with respect to this matter.   No hearing is necessary.**

9.      Motion of Debtors for Entry of an Order Extending Time to File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs (D.I. 240, filed 9/22/24).

     <u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

     <u>Responses Received</u>:

     a)      Informal comments received from the U.S. Trustee.

     <u>Related Documents</u>:

     a)      Certification of Counsel Regarding Order Extending Time to File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs (D.I. 509, filed 10/16/24).

     **b)**      **Order Extending Time to File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs (D.I. 542, entered 10/17/24).**

     <u>**Status:**</u> **An order has been entered with respect to this matter.   No hearing is necessary.**

## MATTERS GOING FORWARD

10.      Motion of Debtors for Entry of Interim and Final Orders Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of, and Declarations of Worthlessness with Respect to, Interests in the Debtors Estates (D.I. 8, filed 9/9/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

<u>Responses Received</u>:

a)      Informal comments received from Jeffrey M. Kurzon.

b)      Letter Regarding Employee's Stocks, filed by Betty L. Berens (<u>D.I. 438</u>, filed 10/7/24).

<u>Related Documents</u>:

a)      Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors Estates (<u>D.I. 117</u>, entered 9/11/24).

b)      Omnibus Notice of First Day Motions and Final Hearing Theron (<u>D.I. 154</u>, filed 9/12/24).

<u>Status</u>: This matter is going forward.

11.     Motion of Debtors for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (<u>D.I. 9</u>, filed 9/9/24).

<u>Objection Deadline</u>: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

<u>Responses Received</u>:

a)      Informal comments received from Keter Environmental Services ("**Keter**").

b)      Informal comments received from Direct Energy Business, LLC.

c)      Informal comments received from UGI Utilities ("**UGI**").

d)      Informal comments received from the Committee.

e)      Objection of Certain Utility Companies to the Motion of Debtors for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (<u>D.I. 272</u>, filed 9/25/24).

Related Documents:

a)    Interim Order (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (D.I. 136, entered 9/11/24).

b)    Notice of Amended Exhibit to Motion of Debtors for Entry of Interim and Final Orders (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance (D.I. 139, filed 9/12/24).

c)    Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

Status: This matter is going forward at this time.  The Debtors have revised the proposed form of order to incorporate comments received from the Keter, Direct Energy Business, LLC, UGI, and the Committee.  The Debtors believe that the informal comments are resolved.  The Debtors are working to resolve objection (e) and expect that objection (e) will be withdrawn or resolved in advance of the hearing.

12.    Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims (D.I. 15, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 16, 2024, at 12:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)    Informal comments received from the U.S. Trustee.

b)    Informal comments received from the Committee.

c)    Informal comments received from PrimeRevenue, Inc ("**PrimeRevenue**").

Related Documents:

a)    Interim Order (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank

Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims (D.I. 112, entered 9/10/24).

b)    Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

**c)    Certification of Counsel Regarding Final Order (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims (D.I. 537, entered 10/17/24).**

**d)    Final Order (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposita and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims (D.I. 547, entered 10/18/24).**

**Status: An order has been entered with respect to this matter.  No hearing is necessary.**

13.    Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 16, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 16, 2024 at 5:00 p.m. (ET) for Blue Owl Real Estate Capital LLC ("**Blue Owl**"); extended to October 16, 2024, at 6:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)    Informal comments received from the Committee.

b)    Informal comments received from the U.S. Trustee.

c)    Informal comments received from the Orange County Tax Collector and the Broward County Tax Collector.

d)     Informal comments received from the National Association of Attorneys General.

e)     Informal comments received from Chubb.

f)     Northtowne Plaza Properties, Ltd.'s Limited Objection to the Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 274, filed 9/25/24).

g)     Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24).

h)     Casitas Oceanside Three LP's Joinder and Limited Objection to Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 323, filed 9/26/24).

i)     Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24).

j)     Omnibus Limited Objection of Certain Landlords to Motions of Debtors to Approve (A) Store Closing Procedures and (B) Post-Petition Financing (D.I. 385, filed 10/2/24).

k)     Joint Limited Objection of the Texas Tax Authorities to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 388, filed 10/2/24).

l)     Limited Objection of Cactus Crossing, LLC to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 396, filed 10/2/24).

m)   Joinder and Objection of the Grove Shops LLC to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 400, filed 10/2/24).

n)   Limited Objection and Reservation of Rights of Landlord Columbia Park Retail Owner, LLC to Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 401, filed 10/2/24).

o)   Milelli Realty-Lehigh Street, LLC's Joinder to the Omnibus Limited Objection of Certain Landlords to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 439, filed 10/7/24).

p)   Amended Limited Objection and Reservation of Rights of Landlord Columbia Park Retail Owner, LLC to Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 454, filed 10/9/24).

q)   United States Trustees Objection to Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 503, filed 10/16/24).

**r)   Limited Objection and Reservation of Rights of Westerville Square, Inc. to Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 501, filed 10/16/24).**

Related Documents:

a)   Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 134, entered 9/11/24).

b)   Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

c)   Notice of Filing of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 239, filed 9/20/24).

d)   Declaration of Joseph Malfitano in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 257, filed 9/24/24).

e)    Declaration of Eric W. Kaup in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 258, filed 9/24/24).

f)    Declaration of Mark P. Naughton in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief (D.I. 259, filed 9/24/24).

Status: The Debtors have revised the proposed form of order to incorporate informal comments received from the Committee, Broward County Tax Collector, Orange County Tax Collector, the Texas Tax Collector, the National Association of Attorneys General, and Chubb.  Additionally, the Debtors believe that objections (f)–(o) are or will be resolved.  This matter is going forward with respect to the objection filed by the U.S. Trustee.  **The Debtors may present the testimony of Jonathan Ramsden in support of this matter.**

14.    Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 18, filed 9/9/24).

Objection Deadline: September 23, 2024, at 4:00 p.m. (ET); extended to October 7, 2024, at 9:00 a.m. for various landlords represented by Allen Matkins Leck Gamble Mallory & Natsis LLP, Ballard Spahr LLP, Barclay Damon LLP, and Frost Brown Todd LLP; extended to October 9, 2024, at 5:00 p.m. (ET) for various landlords represented by Kelley Drye & Warren LLP (all commenting landlords collectively, the "**Landlords**"); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee and the U.S. Trustee.

Responses Received:

a)    Informal comments received from the Landlords.

b)    **[Withdrawn]** Limited Objection by 1600 Eastchase Parkway Leasing LLC, to Debtors' Motion for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances

and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 237, filed 9/20/24).

c)      Response and Reservation of Rights of WPG Management Associates, Inc. to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 244, filed 9/23/24).

d)      Protective Objection of American National Insurance Company to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 246, filed 9/23/24).

e)      Statement of Reservation of Rights of the Gerson Company Regarding Debtors' Sale Procedures Motion (D.I. 247, filed 9/23/24).

f)      Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24).

g)      Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24).

h)      Limited Objection of the Official Committee of Unsecured Creditors to Motion of the Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling

Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 487, filed 10/14/24).

i)     United States Trustee's Objection to Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 494, filed 10/15/24).

Related Documents:

a)     Declaration of Adam Rifkin in Support of Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 197, filed 9/17/24).

b)     Notice of Filing of Exhibits Related to Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 198, filed 9/17/24).

c)     Notice of Hearing Regarding Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and

Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief (D.I. 199, filed 9/17/24).

Status: **The Debtors have resolved the comments received from the Landlords and objections (b), (d) and (g).** The Debtors anticipate filing a revised form of proposed order in advance of the hearing. This matter is going forward. **The Debtors may present the testimony of Adam Rifkin in support of this matter.**

15. [SEALED] Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 19, filed 9/9/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 4, 2024, at 5:00 p.m. (ET) for Chubb and Liberty Mutual; extended to October 16, 2024, at 5:00 p.m. (ET) for the Committee, the U.S. Trustee and Blue Owl; extended to October 17, 2024, at 12:00 p.m. (ET) for the Landlords.

Responses Received:

a) Informal comments received from the Committee.

b) Informal comments received from the Landlords.

c) Informal comments received from the U.S. Trustee.

d) Informal comments received from the Orange County Tax Collector and the Broward County Tax Collector.

e) Informal comments received from Liberty Mutual.

f) Informal comments received from Comenity Capital Bank.

g) Informal comments received from Chubb.

h) Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al*.; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al*.; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al*.; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 293, filed 9/26/24).

i)     Omnibus Limited Objection of Certain Landlords to Motions of Debtors to Approve (A) Store Closing Procedures and (B) Post-Petition Financing (D.I. 385, filed 10/2/24).

j)     Joint Limited Objection of the Texas Tax Authorities to the Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 387, filed 10/2/24).

k)     Limited Objection Pomeroy Enterprises, LLC to the Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 395, filed 10/2/24).

l)     Limited Objection of Northtowne Plaza Properties, Ltd. to the Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 398, filed 10/2/24).

m)     Joinder and Objection of the Grove Shops LLC to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 400, filed 10/2/24).

n)     Creditor Broward County's Limited Objection and Notice of Joinder in Scott Randolph, as Orange County, Florida Tax Collector's Omnibus Limited Objection to (1) Motion of Debtors' for Interim and Final Orders Authorizing Debtor to Assume the Services Agreement, *et al.*; (2) Motion of Debtors for Entry of an Order Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property; *et al.*; (3) Motion of Debtors for Entry of Orders Approving Bidding Procedures for Sale of Debtors Assets, *et al.*; and (4) Motion of Debtors to Approve Debtor in Possession Financing (D.I. 339, filed 9/27/24).

o)     Milelli Realty-Lehigh Street, LLC's Joinder to the Omnibus Limited Objection of Certain Landlords to the Motions of the Debtors to Approve (I) Store Closing Procedures and (II) Post Petition Financing (D.I. 439, filed 10/7/24).

p)     Limited Objection of Arc Asandsc001, LLC, Arc Nwnchsc001, LLC, Americal Management Co. Inc., Arapahoe Crossings, LP, Bre Retail Np Memphis Commons

Owner LLC, Bre Retail Np Owner 1 LLC, Bre Retail Residual Nc Owner L.P., Bre Retail Residual Shoppes at Valley Forge Owner LLC, Bre Retail Residual Owner 1 LLC, Brixmor Coconut Creek Owner, LLC, Brixmor Ga Apollo II Tx LP, Brixmor Ga Panama City, LLC, Brixmor Ga Washtenaw Fountain, LLC, Brixmor Holdings 12 Spe, LLC, Brixmor/Ia Cayuga Plaza, LLC, Brixmor/Ia Rutland Plaza LLC, Brixmor Lehigh Sc LLC, Brixmor Miracle Mile, LLC, Brixmor Watson Glen LLC, Brixton Capital, Ca New Plan Sarasota, LP, California Property Owner I, LLC, County Line Plaza Realty Associates, LP, Crosspoint Realty Services, Inc., Federal Realty Op LP, French Shopping Center LLC, Gerrity Group, Greenberg Gibbons Commercial, Hanford Mall 2020 LLC, Kr Collegetown LLC, Ns Retail Holdings, LLC, Newsem Tyrone Gardens Property Owner LLC, Plaza at Buckland Hills, LLC, Rd Management LLC, Robhana Group, Starwood Retail Properties, Sterling Organization, The Carrington Company, Trussville Promenade I Owner, LLC, Value Investment Group, Inc., and Watt Companies, Inc. to Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 523, filed 10/17/24).

q)    Limited Objection of Multiple Landlords to Debtors' Motion for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552, (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, etc. (D.I. 527, filed 10/17/24).

r)    **WPG Legacy, LLC's Limited Objection to Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 529, filed 10/17/24).**

Related Documents:

a)    [REDACTED] Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 20, filed 9/9/24).

b)    [SEALED] Notice of Filing of Fee Letters Related to Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503,

506, 507, And 552, (I) Authorizing the Debtors To (A) Obtain Senior Secured Superpriority Post-Petition Financing And (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection To Prepetition Secured Parties, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief (D.I. 69, filed 9/9/24).

c)      Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status And (B) Adequate Protection To Prepetition Secured Creditors, (III) Modifying Automatic Stay, (IV) Scheduling A Final Hearing, and (V) Granting Related Relief (D.I. 114, entered 9/10/24).

d)      Notice of Hearing Regarding Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (D.I. 153, filed 9/12/24).

e)      Omnibus Notice of First Day Motions and Final Hearing Theron (D.I. 154, filed 9/12/24).

Status: **The Debtors have resolved objection (m) and anticipate that certain other objections will be resolved.** The Debtors anticipate filing a revised form of proposed order in advance of the hearing. This matter is going forward.

16.      Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors *Nunc Pro Tunc* to the Petition Date (D.I. 205, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 17, 2024, at 12:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)      Informal comments received from the U.S. Trustee.

Related Documents: None at this time.

Status: This matter is going forward at this time. The Debtors are working to resolve outstanding comments from the U.S. Trustee, **including by filing a supplemental declaration of Brian M. Resnick in further support of the application.**

17.  Debtors' Application for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP as Financial Advisor for the Debtors Effective as of the Petition Date (D.I. 206, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 17, 2024, at 12:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)    Informal comments received from the U.S. Trustee.

Related Documents:

a)    **Certification of Counsel Regarding Order Authorizing the Employment and Retention of AlixPartners, LLP as Financial Advisor for the Debtors Effective as of the Petition Date (D.I. 543, filed 10/18/24).**

Status: **On October 18, 2024, the Debtors submitted a certification of counsel with respect to this matter. Accordingly, a hearing on this matter is only necessary if the Court has questions.**

18.  Debtors' Application for Entry of an Order (A) Authorizing the Debtors to Retain A&G Realty Partners, LLC as a Real Estate Consultant and Advisor Effective as of the Petition Date and (B) Waiving Certain Reporting Requirements (D.I. 207, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 17, 2024, at 12:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)    Informal comments received from the U.S. Trustee.

Related Documents:

a)    **Certification of Counsel Order (A) Authorizing the Debtors to Retain A&G Realty Partners, LLC as a Real Estate Consultant and Advisor Effective as of the Petition Date and (B) Waiving Certain Reporting Requirements (D.I. 544, filed 10/18/24).**

b)    **Order (A) Authorizing the Debtors to Retain A&G Realty Partners, LLC as a Real Estate Consultant and Advisor to the Debtors Effective as of the Petition Date and (B) Waiving Certain Reporting Requirements (D.I. 549, entered 10/18/24).**

Status: **An order has been entered with respect to this matter.  No hearing is necessary.**

19.    Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors and *Nunc Pro Tunc* to the Petition Date (D.I. 211, filed 9/18/24).

Objection Deadline: October 2, 2024, at 4:00 p.m. (ET); extended to October 15, 2024, at 5:00 p.m. (ET) for the Committee; extended to October 17, 2024, at 12:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)    Informal comments received from the U.S. Trustee.

Related Documents: None at this time.

Status: This matter is going forward at this time. The Debtors are working to resolve outstanding comments from the U.S. Trustee.

*[Remainder of Page Intentionally Left Blank]*

Dated:   October 18, 2024
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
jonah.peppiatt@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and
Debtors in Possession*