# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: November 1, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: November 8, 2024 at 10:30 a.m. (ET)** |

## APPLICATION FOR ORDER UNDER BANKRUPTCY CODE SECTION 1103 AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 25, 2024

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court for entry of an order under section 1103 of title 11 of the United States Code (the "Bankruptcy Code"), approving this application (the "Application") and authorizing the employment and retention of FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI"), as financial advisor to the Committee. In support of this Application, the Committee respectfully relies on the Declaration of Clifford Zucker (the "Zucker Declaration"), filed contemporaneously herewith and attached hereto as **Exhibit B**, and respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

§ 14089. This Application is a core proceeding pursuant to 28 U.S.C. 157.

2. The predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Rules 2014(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

### A. General Background

3. On September 9, 2024 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuit to Bankruptcy Rule 1015(b). *See* Docket No. 24.

4. On September 23, 2024 the United States Trustee for Region 3 ("U.S. Trustee") filed the *Notice of Appointment of Committee of Unsecured Creditors*. Docket No. 248. The Committee consists of the following seven members:

(a) Realty Income Corporation;

(b) Blue Owl Real Estate Capital LLC;

(c) America's Realty, LLC;

(d) Zest Garden Limited;

(e) NCR Voyiz Corporation (f/k/a NCR Corporation);

(f) Twin Star International, Inc.and

(g) Everstar Merchandise Co., Limited.

5. On September 24, 2024, the Committee selected McDermott Will & Emery LLP

and Cole Schotz P.C. as its co-counsel, and on September 25 2024, the Committee selected FTI Consulting, Inc. as its financial advisor.

### B. FTI's Qualifications

6. FTI provides services in areas ranging from corporate finance and interim management to economic consulting, forensic and litigation consulting, strategic communications, and technology. FTI's clients include many of the world's largest public companies and majorities of the twenty-five largest banks and one-hundred largest law firms in the world. FTI's expertise includes liquidity and capital structure assessment, debt and equity restructuring advice, asset sales, and identification of reorganization alternatives.

7. The Committee is familiar with FTI's professional standing and reputation. FTI has considerable experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for the results it has obtained for debtors and creditors in chapter 11 cases throughout the United States. The Committee requires FTI's services to enable it to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their estates and to reorganize successfully. Finally, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

### Scope of Services

8. FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtors' short term cash flow,

liquidity, and operating results;

- Assistance with the review of the Debtors' proposed employee compensation and benefit programs;

- Assistance with the review of the Debtors' analysis of core business assets and the potential disposition or liquidation of non-core assets;

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

**FTI's Eligibility for Employment**

9. FTI has informed the Committee that, to the best of FTI's knowledge, information, and belief, except as may be set forth in the Zucker Declaration, it does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code. To the best of the Committee's knowledge and based upon the Zucker Declaration, (a) FTI's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on **Exhibit B** to the Zucker Declaration; and (b) the FTI professionals working on this matter are not relatives of the U.S. Trustee or of any known employee in the office thereof, or any United States bankruptcy judge of the District of Delaware. FTI has not provided, and will not provide any professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these chapter 11 cases.

10. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

11. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

**Terms of Retention**

12. FTI is not owed any amounts with respect to pre-petition fees and expenses.

13. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the U.S. Trustee.

14. FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any

reasonable legal fees incurred by FTI related to FTI's retention and defense of fee applications in these cases, subject to Court approval.

15. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

| | Per Hour (USD)[2] |
|---|---|
| Senior Managing Directors | $1,225 – $1,525 |
| Directors / Senior Directors / Managing Directors | $910 – $1,155 |
| Consultants/Senior Consultants | $515 – $820 |
| Administrative / Paraprofessionals | $355 – $385 |

16. FTI will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. In the event FTI seeks reimbursement for attorneys' fees during the term of the Debtors' chapter 11 cases, FTI will include the applicable invoices and supporting time records from such attorneys (in summary form and redacted for privilege and work product). Such attorneys do not need to have been retained under Bankruptcy Code section 1103.

17. FTI believes that the foregoing fee structure and terms are reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

## Indemnification

18. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

> a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any

---

[2] FTI hourly rates increased as of 10/1. The rates shown herein reflect the new hourly rates. For the period between 9/25 and 9/30, FTI will bill at the lower rates.

6

claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissable pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI. For the avoidance of doubt, nothing contained herein is intended to limit the rights of any parties in interest to object to any demand for indemnity, contribution, or reimbursement.

19. The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

## Relief Requested

20. By this Application, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A,** authorizing the Committee to employ and retain FTI as its financial advisor pursuant to Bankruptcy Code section 1103.

## Basis for Relief Requested

21. The Committee seeks approval of the Application pursuant to Bankruptcy Code section 1103. Bankruptcy Code section 1103(a) provides, in relevant part, that a creditors'

7

committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). The employment of FTI and its professionals by the Committee are reasonable and in line with the terms and conditions typical for engagements of this size and character. Because the Committee will require substantial assistance with these chapter 11 cases, it is reasonable for the Committee to seek to employ and retain FTI to serve as its financial advisor on the terms and conditions in this Application.

22. Bankruptcy Code section 328(a) provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

23. FTI's fee structure is fair and reasonable in light of the services being provided and commensurate with the fee structures generally offered by firms of similar stature to FTI for comparable engagements. In addition, given the numerous issues FTI may need to address during these chapter 11 cases, FTI's commitment to the variable level of time and effort necessary to address all such related issues as they arise, and the market prices for FTI's services for engagements of this nature in an out-of-court context, the Committee has determined that the FTI fee arrangement is fair and reasonable.

24. Finally, to the best of the Committee's knowledge, information, and belief, FTI does not have any interest materially adverse to the Debtors' estataes or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Further, the Committee understands that FTI believes it is disinterested because, to the best of FTI's knowledge, information, and belief, FTI

8

has no connection with the Debtors, their creditors, or any other party-in-interest, except as disclosed in the Zucker Declaration.

## No Prior Request

25.     No prior Application for the relief requested herein has been made to this or any other Court.

## Notice

26.     Notice of this Application will be provided to the following parties: (i) the Debtors, (ii) the U.S. Trustee, (iii) counsel to the proposed DIP lenders, and (iv) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee submits that no further notice is required.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above effective as of September 25, 2024**,** and grant such further relief as is just and proper.

**Date:**  October 18, 2024

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BIG LOTS, INC.**

**Blue Owl Real Estate Capital LLC,**
solely in its capacity as Committee Co-Chair and not in its individual capacity[3]

*/s/ Andrew Morris*
Andrew Morris
Committee Chair

---

[3] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.