## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>       Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Re: D.I. 16, 18 & 19** |

## MOTION OF DEBTORS FOR LEAVE TO FILE THE OMNIBUS REPLY IN SUPPORT OF THE STORE CLOSING MOTION, BIDDING PROCEDURES MOTION AND DIP MOTION

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Leave To File the Omnibus Reply in Support of the Store Closing Motion, Bidding Procedures Motion and DIP Motion* (this "**Motion**"), and move for leave to file the *Debtors' Omnibus Reply in Support of the Store Closing Motion, Bidding Procedures Motion and DIP Motion* (the "**Omnibus Reply**"), attached as **Exhibit B** hereto, and respectfully state as follows:

### Relief Requested

1.       By this Motion, and pursuant to rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors move the Court for authority to file the Omnibus Reply in support of (a) the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors To Assume the Services Agreement,*

---

[1]    The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*(II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 16] (the "**Store Closing Motion**"), (b) the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "**Bidding Procedures Motion**"), and (c) the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 19] (the "**DIP Motion**," and, together with the Store Closing Motion and the Bidding Procedures Motion, the "**Motions**").[2]

### Jurisdiction, Venue, and Authority

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Omnibus Reply, Store Closing Motion, Bidding Procedures Motion or the DIP Motion, as applicable.

3.       This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).   In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.       Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.       The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Local Rule 9006-1(d).

## Background

6.       On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.   The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.   No request has been made for the appointment of a trustee or examiner.   On September 23, 2024, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") [D.I. 248].

7.       The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024 in each of the Chapter 11 Cases.[3]

---

[3]  *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC,*

8.      Big Lots is a one-stop shop home discount retailer.  Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies.  Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

9.      Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Ramsden Declaration.

### Basis for Relief

10.      Local Rule 9006-1(d) states, "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda."  Del. Bankr. L.R. 9006-1(d).  Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. prevailing Eastern Time two (2) business days prior to any hearing.  Del. Bankr. L.R. 9029-3(a).

11.      Presently, the Motions are set for hearing on October 21, 2024, at 1:30 p.m. (ET) (the "**Hearing**"), for which the agenda was due on October 17, 2024, at 12:00 p.m. (ET).  Pursuant to Local Rule 9006-1(d), the Debtors had until October 16, 2024, at 4:00 p.m (prevailing Eastern Time) to file any reply.  The Debtors respectfully submit that cause exists to grant the relief requested by this Motion.

12.      To allow for time to continue negotiations to resolve comments and objections to the Store Closing Motion, the Debtors extended the objection deadline to October 16, 2024, at

---

*LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

5:00 p.m. (ET) for Blue Owl Real Estate Capital LLC ("**Blue Owl**") and until 6:00 p.m. (ET) for the Office of the United States Trustee (the "**U.S. Trustee**").

13.     Likewise, to continue negotiations surrounding comments and objections to the Bidding Procedures Motion, the Debtors extended the objection deadline to October 15, 2024, at 5:00 p.m. (ET) for the U.S. Trustee and the Official Committee of Unsecured Creditors (the "**Committee**").

14.     Additionally, the objection deadline for the DIP Motion was extended until October 16, 2024, at 5:00 p.m. (ET) for the Committee, the U.S. Trustee, and Blue Owl, and until October 17, 2024, at 12:00 p.m. (ET) for certain commenting landlords represented by Allen Matkin Leck Gamble Mallory & Natsis LLP, Ballard Spahr LLP, Barclay Damon LLP, Frost Brown Todd LLP, and Kelley Drye & Warren LLP (the "**Landlords**") to continue negotiations to resolve comments and objections.

15.     These extensions of the objection deadlines proved fruitful: the Debtors were able to resolve nearly all of the pending comments received from the above parties, as well as the Committee's objection to the Bidding Procedures Motion [D.I. 487].  Nevertheless, there remain certain open issues with the U.S. Trustee and the Landlords that the Debtors have not been able to resolve.  Accordingly, the U.S. Trustee filed its objection to the Bidding Procedures Motion on October 15, 2024, and its objection to the Store Closing Motion on October 16, 2024.  Moreover, the Landlords filed several objections to the Store Closing and DIP Motions on October 17, 2024.  Given the timing of the objections, it was impossible for the Debtors to file a reply before 4:00 p.m. (ET) on October 16, 2024.

16.     The Debtors' Omnibus Reply will provide the Court with important information and legal authority to support the Motions, and will address the arguments raised in the Objections

(as defined in the Omnibus Reply, and as filed by the "**Objecting Parties**").  The Debtors believe that the Omnibus reply will aid the Court in its consideration of the issues and allow for a more efficient use of the Court's time at the Hearing.  The Objecting Parties will also not be prejudiced by the filing of the Omnibus Reply, as it will provide them with a greater opportunity and time to review and prepare for the Debtors' arguments in support of the Motions.

17.      Accordingly, the Debtors submit that, under the circumstances, there is sufficient cause to grant leave to file the Omnibus Reply.

### Notice

18.      Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel to the Committee (on a consolidated basis); (c) counsel for the Objecting Parties (d) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (e) Otterbourg P.C., as counsel to the Term Agent; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

19.      A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    October 21, 2024
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*