<u>**Exhibit A**</u>

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 8 & 117** |

**FINAL ORDER ESTABLISHING NOTIFICATION AND HEARING
PROCEDURES FOR, AND APPROVING RESTRICTIONS ON, CERTAIN
TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH
RESPECT TO INTERESTS IN THE DEBTORS' ESTATES**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders, pursuant to sections 105 and 362 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) enforcing the automatic stay by implementing the Procedures, (b) establishing and implementing restrictions on, and notification requirements regarding the Beneficial Ownership of, certain transfers of, and declarations of worthlessness with respect to, Common Stock, (c) directing that any purchase, sale, or other transfer of, or declaration of worthlessness with respect to, Common Stock in violation of the Procedures shall be null and void *ab initio*, (d) approving the form of notice notifying holders of Common Stock of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Procedures, and (e) granting related relief, as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §

1334 and the *Amended Standing Order of Reference from the United States District Court for the*

*District of Delaware,* dated February 29, 2012;  and the Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that venue

of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice

Parties, such notice having been adequate and appropriate under the circumstances and it appearing

that no other or further notice need be provided; and the Court having reviewed and considered

the Motion and the Ramsden Declaration; and the Court having held a hearing, if necessary, to

consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having

determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration

and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having

found that the relief requested in the Motion is in the best interests of the Debtors, their creditors,

their estates, and all other parties in interest; and all objections and reservations of rights filed or

asserted in respect of the Motion, if any, having been withdrawn, resolved or overruled; and upon

all of the proceedings had before the Court; and after due deliberation and sufficient cause

appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth in this order (this "**Order**").

2.      The Procedures attached hereto as **<u>Exhibit A</u>** are hereby approved on a final basis and incorporated herein by reference.

3.      Any transfer of Beneficial Ownership of Common Stock or declaration of worthlessness with respect to Common Stock, in violation of the Procedures, including, but not limited to, the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the Person making such transfer or conversion shall be required to take remedial actions specified by the Debtors, which may include the actions specified in the Treasury's Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer or conversion is null and void *ab initio*.

5.      In the case of any such declaration of worthlessness with respect to Common Stock in violation of the Procedures, including the notice requirements, the Beneficial Owner making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      All time periods set forth in this Order (including in the Procedures) shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      The Debtors may, after consultation with the committee of unsecured creditors appointed in these Chapter 11 Cases, retroactively or prospectively waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

8.      To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in the Chapter 11 Cases, the terms of this Order shall govern.

9.      The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse noncompliance therewith.

10.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

11.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors'  or any other party in interests' respective rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

13.     Within five business days of the entry of this Order, the Debtors shall serve copies of this Order on the Notice Parties.

14.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

15.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

16.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit A

**Procedures**

**Procedures for Restrictions on Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates[1]**

These procedures for restrictions on certain transfers of and declarations of worthlessness with respect to interests in the Debtors' estates (these "**Procedures**") are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain transfers of Common Stock and declarations of worthlessness with respect to Common Stock to ensure preservation of the Tax Attributes.  The Procedures are set forth below:

Notice of Substantial Shareholder Status.  Any Person who is or becomes a Substantial Shareholder, must, on or before the later of (a) 15 days after service of a notice substantially in the form attached to the Motion as **Exhibit D** (the "**Notice of Interim Order**"), or (b) 10 days after that Person becomes a Substantial Shareholder, serve a notice by first class mail and, where available, email and fax, substantially in the form attached hereto as **Exhibit A-1** (the "**Substantial Shareholder Notice**"), containing the Beneficial Ownership information upon the following: (i) the Debtors, c/o Big Lots, Inc., 4900 E. Dublin-Granville Road, Columbus, OH 43081, Attn: Matt Barga (MBarga@biglots.com), (ii) proposed counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn:  Brian M. Resnick, Esq., Adam L. Shpeen, Esq., and Stephen D. Piraino, Esq. (notice.biglots@davispolk.com) and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq., (biglots.mnat@morrisnichols.com), (iii) (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com) and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com) and Stanley Tarr (stanley.tarr@blankrome.com), (iv) (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com) and (z) Richards Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John Knight, Esq. (knight@rlf.com) and (v) proposed counsel to the committee of unsecured creditors appointed in these Chapter 11 Cases (the "**Committee**"), (A) McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017, Attn: Kristin Going (kgoing@mwe.com), Darren Azman (dazman@mwe.com), Stacy Lutkus (salutkus@mwe.com) and Natalie Rowles (nrowles@mwe.com), and (B) Cole Schotz, 500 Delaware Avenue, Suite 1410 Wilmington, DE 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com) and Stacy L. Newman (snewman@coleschotz.com) ( (collectively, the "**Notice Parties**").

Restrictions and Procedures for Trading in Common Stock.  Any Person that, after the Effective Time (as defined below):

is not a Substantial Shareholder and wishes to purchase or otherwise acquire Beneficial Ownership of an amount of Common Stock that would cause the Person to become a Substantial Shareholder;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is a Substantial Shareholder and wishes to purchase or otherwise acquire Beneficial Ownership of any additional Common Stock; or

is a Substantial Shareholder and wishes to sell or otherwise dispose of Beneficial Ownership of any Common Stock,

must file with the Court and serve upon the Notice Parties an advance written declaration of the intended transfer of Common Stock, substantially in the form attached hereto as **Exhibit A-2** (a "**Declaration of Intent to Accumulate Common Stock**") or **Exhibit A-3** (a "**Declaration of Intent to Transfer Common Stock**" and, together with a Declaration of Intent to Accumulate Common Stock, each a "**Declaration of Proposed Transfer**"), as applicable.

The Debtors and the Committee shall have 20 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on the applicable Person an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.

If the Debtors or the Committee, as applicable, file an objection, such transaction shall remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.

If the Debtors or the Committee, as applicable, do not object within such 20-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of the Procedures must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Proposed Transfer.

Procedures for Declarations of Worthlessness of Common Stock. Prior to filing any federal or state tax return, or any amendment to any such return, or taking any other action that claims any deduction for worthlessness with respect to Common Stock for a taxable year ending before the Debtors' emergence from chapter 11, the applicable 50% Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction, substantially in the form attached hereto as **Exhibit A-4** (a "**Declaration of Intent to Claim a Worthless Stock Deduction**"). The same procedures applicable to a Declaration of Proposed Transfer (described in Section 0 hereof) shall apply with respect to a Declaration of Intent to Claim a Worthless Stock Deduction.

Confidentiality. The Debtors and the Debtors' counsel shall keep all information provided in all notices delivered pursuant to an interim or final order entered by the Court (an "**Interim Order**" or "**Final Order**," respectively)_ strictly confidential and shall not disclose the contents thereof to any Person (including any lender), except to the extent (a) necessary to respond to a petition or objection filed with the Court, (b) otherwise required by law, or (c) that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other Person, subject to further Court order. To the extent that confidential information is necessary to respond to a petition or objection filed with the Court,

such confidential information shall be filed under seal or in redacted form in accordance with the procedures set forth in Local Rule 9018-1(d).

Sanctions for Noncompliance Relating to Common Stock.  Acquisitions and dispositions of Beneficial Ownership of Common Stock or claims of deductions of worthlessness with respect to Common Stock in violation of the Procedures set forth in Sections 0 and 0 of these Procedures shall be void *ab initio* as an act in violation of the automatic stay prescribed by section 362 of the Bankruptcy Code and pursuant to the Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.  The sanction for violating Section 0 of these Procedures shall be reversal of the noncompliant transaction, or such other (or additional) measures as the Court may consider appropriate.  The sanction for violating Section 0 of these Procedures shall be the requirement to file an amended tax return revoking the declaration of worthlessness, or such other (or additional) measures as the Court may consider appropriate.

Discretionary Waiver by the Debtors.  The Debtors may, upon consultation with the Committee, waive, in writing (including via email), any sanctions, remedies, or notification procedures imposed by the Interim Order or the Final Order, as applicable.

Continued Compliance with Other Applicable Laws and Rules.  The requirements set forth in the Interim Order or Final Order, as applicable, are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Special Rules.  A Person acquiring or disposing of Beneficial Ownership of Common Stock in the capacity of Agent of another Person shall not be treated as a Substantial Shareholder solely to the extent acting in the capacity of Agent, and shall not have an affirmative duty to inquire whether the account, customer, investment fund, principal, trust, or beneficiary is subject to any restrictions or requirements under the Interim Order or the Final Order, as applicable; *provided*, *however*, that the account, customer, investment fund, principal, trust, or beneficiary shall not be excluded from the Interim Order or the Final Order, as applicable, by reason of this Section 0.

Definitions.  For purposes of these Procedures:

"**50% Shareholder**" means any person or entity that currently is or becomes a "50-percent shareholder" within the meaning of section 382(g)(4)(D) of the I.R.C. and the Treasury regulations thereunder with respect to Common Stock, provided that ownership shall be measured using the definition of Beneficial Ownership described below.

"**Agent**" means a broker, account manager, agent, custodian, nominee, prime broker, clearinghouse, or trustee (but not including a trustee qualified under section 401(a) of the I.R.C.).

"**Applicable Number**" has the meaning given in the definition of Substantial Shareholder.

"**Beneficial Ownership**" means ownership in accordance with the applicable rules of sections 382 and 383 of the I.R.C. and the Treasury regulations thereunder (other than section 1.382-2T(h)(2)(i)(A) of the Treasury regulations), and includes direct, indirect, and constructive ownership of Common Stock (*e.g.,* including that (a) a holding company would be considered to beneficially own all Common Stock owned by its subsidiaries, (b) a partner in a partnership would

#99239879v1

be considered to beneficially own its proportionate share of any Common Stock owned by such partnership, (c) an individual and such individual's family members may be treated as one individual, (d) Persons acting in concert to make a coordinated acquisition of Common Stock may be treated as a single entity, and (e) a holder would be considered to beneficially own Common Stock that such holder has an Option to acquire to the extent provided in section 1.382-4(d) of the Treasury regulations). An "**Option**" to acquire Common Stock includes all interests described in section 1.382-4(d)(9) of the Treasury regulations, including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. "**Beneficial Ownership**" and "**Beneficial Owner**" shall have correlative meanings.

"**Declaration of Proposed Transfer**" has the meaning given in Section 0 hereof.

"**Effective Time**" means the time of effectiveness of the Interim Order or the Final Order, as applicable.

"**Motion**" means the *Motion of Debtors for Entry of Interim and Final Orders Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* filed in the Chapter 11 Cases.

"**Person**" means a person or Entity (as such term is defined in section 1.382-3(a) of the Treasury regulations).

"**Procedures**" has the meaning given in the preamble hereof.

"**Substantial Shareholder**" means a Beneficial Owner of at least 1,335,688 shares of Common Stock (representing approximately 4.5% of all shares of Common Stock issued and outstanding as of the Petition Date) (such number of shares, the "**Applicable Number**").

"**Substantial Shareholder Notice**" has the meaning given in Section 0 hereof.

Notice Procedures.

Within five business days after the Court's entry of the Interim Order or Final Order, as applicable, the Debtors propose to provide a notice of Interim Order or notice of Final Order, as applicable, describing the authorized trading restrictions and notification requirements, substantially in the form attached as **Exhibit D** to the Motion, to the Notice Parties (as set forth in the Motion), any identified Substantial Shareholders (or their respective counsels), all holders of Common Stock registered directly with the transfer agent(s) of the Debtors' Common Stock, and all banks, brokers, intermediaries, or mailing agents (collectively, the "**Nominees**") that hold Common Stock in "street name" for the Beneficial Owners.

Within five business days after receipt of such notice, any holder registered directly with any transfer agent and any broker, bank, dealer, or other agent, intermediary or nominee (each a "**Nominee**") that holds the Debtors' Common Stock in 'street name' for the beneficial owner thereof, shall, in turn, provide the notice to any holder for whose

account the registered holder or Nominee holds at least an Applicable Number of shares of Common Stock.  Any such holder shall, in turn, provide the notice to any Person for whom the holder holds at least an Applicable Number of shares of Common Stock, and, in the holder's discretion, may provide the notice to additional Persons for whom the holder holds any shares of Common Stock.  Any Person, or Agent acting on such Person's behalf, that sells an aggregate amount of at least an Applicable Number of shares of Common Stock (or an Option with respect thereto) to another Person shall provide a copy of the notice to such purchaser or to any Agent acting on such purchaser's behalf.

## **Exhibit A-1**

### **Substantial Shareholder Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | |

### SUBSTANTIAL SHAREHOLDER NOTICE

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its Beneficial Ownership[2] of Common Stock in an amount at least equal to 1,335,688 shares of Common Stock (representing approximately 4.5% of all shares of Common Stock issued and outstanding as of the Petition Date).

**PLEASE TAKE FURTHER NOTICE** that, as of _____ _____, 202[●], the undersigned has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of shares of Common Stock | Date Acquired | Directly Owned (✓) |
|---|---|---|
| | | |
| | | |
| | | |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* [D.I. ____] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* [D.I. ____], as applicable (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that they have examined this Declaration and accompanying attachments (if any), and, to the best of their knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

*[Signature page follows]*

---

[3] All persons and entities required to file a notice(s) pursuant to these procedures MUST redact all but the last 4 digits of their taxpayer identification number from such notices when filing the same with the Court.

#99239879v1

Respectfully submitted,

(Name of Declarant)

_____

By:

Name:
Address:

Telephone:
Facsimile:

Dated: _____ __, 20__
              ,

      (City)          (State)

3

**Exhibit A-2**

**Declaration of Intent to Accumulate Common Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "**Proposed Transfer**") one or more shares of the Debtors' Common Stock.[2]  The Debtors are debtors and debtors in possession in Case No. 24-11967 (JKS) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party would have _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* [D.I. [●]] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* [D.I. [●]], as applicable (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the committee of unsecured creditors appointed in these Chapter 11 Cases (the "**Committee**") have 20 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If either the Debtors or the Committee file an objection, such Proposed Transfer shall remain ineffective unless such objection is withdrawn by the Debtors or the Committee, as the case may be, or such transaction is approved by a final and non-appealable order of the Court. If neither the Debtors nor the Committee object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Common Stock would each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that they have examined this Declaration and accompanying attachments (if any), and, to the best of their knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

*[Signature page follows]*

---

[3] All persons and entities required to file a notice(s) pursuant to these procedures MUST redact all but the last 4 digits of their taxpayer identification number from such notices when filing the same with the Court.

#99239879v1

Respectfully submitted,

(Name of Declarant)

_____

By:

Name:
Address:


Telephone:
Facsimile:



Dated: _____ __, 20__
                  ,

    (City)          (State)

**<u>Exhibit A-3</u>**

**Declaration of Intent to Transfer Common Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | |

<u>**DECLARATION OF INTENT TO TRANSFER COMMON STOCK**</u>

      **PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "**Proposed Transfer**") one or more shares of the Debtors' Common Stock.[2]  The Debtors are debtors and debtors in possession in Case No. 24-11967 (JKS) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party would have Beneficial Ownership of _____ shares of Common Stock.

      **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

    [1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

    [2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* [D.I. [●]] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect to Interests in the Debtors' Estates* [D.I. [●]], as applicable (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the committee of unsecured creditors appointed in these Chapter 11 Cases (the "**Committee**") have 20 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If either the Debtors or the Committee file an objection, such Proposed Transfer shall remain ineffective unless such objection is withdrawn by the Debtors or the Committee, as the case may be, or such transaction is approved by a final and non-appealable order of the Court. If neither the Debtors nor the Committee object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock would each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

*[Signature page follows]*

---

[3] All persons and entities required to file a notice(s) pursuant to these procedures MUST redact all but the last 4 digits of their taxpayer identification number from such notices when filing the same with the Court.

#99239879v1

Respectfully submitted,

(Name of Declarant)

_____
By:

Name:
Address:

Telephone:
Facsimile:

Dated: _____ __, 20__
        ,

    (City)      (State)

**Exhibit A-4**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[11] | |

## <u>DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION</u>

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "**Proposed Worthlessness Claim**") with respect to the Debtors' Common Stock.[12]  The Debtors are debtors and debtors in possession in Case No. 24-11967 (JKS) pending in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock, or an Option with respect to _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare that _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock became worthless during the tax year ending _____.

---

[11]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[12]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Interim Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect To Interests in the Debtors' Estates* [D.I. ____] or *Final Order Establishing Notification and Hearing Procedures for, and Approving Restrictions on, Certain Transfers of and Declarations of Worthlessness with Respect To Interests in the Debtors' Estates* [D.I. ____], as applicable (the "**Order**").

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this declaration (this "**Declaration**") is being filed with the Court and served upon the Debtors and Davis Polk & Wardwell LLP and Morris, Nichols, Arsht & Tunnell LLP, proposed counsel to the Debtor, and the other Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the committee of unsecured creditors appointed in these Chapter 11 Cases (the "**Committee**") have 20 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein.  If the Debtors or the Committee file an objection, such Proposed Worthlessness Claim shall not be effective unless such objection is withdrawn by the Debtors or the Committee, as the case may be, or such action is approved by a final and non-appealable order of the Bankruptcy Court.  If neither the Debtors nor the Committee object within such 20-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party would each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional 20-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

This notice is given in addition to, and not as a substitute for, any requisite notice under Bankruptcy Rule 3001(e).

*[Signature page follows]*

6

#99239879v1

Respectfully submitted,

(Name of Declarant)

_____

By:


Name:
Address:


Telephone:
Facsimile:



Dated: _____ __, 20__
                    ,

(City)        (State)

7

#99239879v1