IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 206 & 543** |

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND
RETAIN ALIXPARTNERS, LLP AS THEIR FINANCIAL
<u>ADVISOR EFFECTIVE AS OF THE PETITION DATE</u>**

Upon the application (the "**Application**")[2] of the above-captioned debtors (the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing the employment and retention of AlixPartners as financial advisor to the Debtors, in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached to the Application as **<u>Exhibit B</u>**, effective as of the Petition Date; and (ii) granting such other and further relief as is just and proper, all as more fully set forth in the Application; and upon consideration of the Percy Declaration; and the Court having found that AlixPartners is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, as supplemented by section 1107(b) of the Bankruptcy Code; and the Court having found the terms and conditions of AlixPartners' employment, including, but

---

[1] The debtors and debtors in possession in the chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

not limited to, the Fee and Expense Structure set forth in the Engagement Letter and Application, are reasonable under section 330 of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein; and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having held a hearing on the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interest of the Debtors, their estates, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth in this Order.

2. Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to employ and retain AlixPartners as their financial advisor in these Chapter 11 Cases, effective as of the Petition Date, and in accordance with the terms and conditions set forth in the Engagement Letter attached to the Application as **Exhibit B**.

3. The terms of the Engagement Letter, including, without limitation, the indemnification provisions, are reasonable, and are approved in all respects, as modified by this Order.

4. AlixPartners is authorized to apply the Retainer to unpaid amounts to satisfy any unbilled or other remaining prepetition fees and expenses that AlixPartners becomes aware of during its ordinary course billing review and reconciliation. The balance of the Retainer shall be treated as an evergreen retainer and held by AlixPartners as security throughout the Chapter 11 Cases.

5. AlixPartners shall file monthly, interim, and final requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of the Court. AlixPartners shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines.

6. AlixPartners' compensation terms set forth in the Engagement Letter, including, without limitation, the Fee and Expense Structure, are approved pursuant to section 327 of the Bankruptcy Code, and AlixPartners shall be compensated and reimbursed pursuant to section 327 of the Bankruptcy Code in accordance with the terms of the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

7. The Debtors will reimburse AlixPartners for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter including, without limitation, fees, disbursements and other charges by AlixPartners' counsel to the extent

provided for in the Engagement Letter as modified by this Order (including, without limitation, pursuant to the indemnification provisions as modified by this Order), which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise; *provided, however*, that AlixPartners shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of AlixPartners' fee applications in these Chapter 11 Cases.

8. Any completion fees, success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of this case on a reasonableness standard and are not being pre-approved by entry of this Order.

9. To the extent AlixPartners uses the services of independent contractors (the "**Contractors**") in these Chapter 11 Cases, AlixPartners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that AlixPartners pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflict checks as required for AlixPartners; and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

10. The indemnification provisions included in the Engagement Letter are approved, subject to the following:

   a) No AlixPartners Party (as that term is defined in the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court.

   b) The Debtors shall have no obligation to indemnify any AlixPartners Party, or provide contribution or reimbursement to any AlixPartners Party, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the AlixPartners Party's gross negligence, bad faith, fraud, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege breach of an AlixPartners Party's contractual obligations, unless the Court

4

        determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the AlixPartners Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order.

    c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, an AlixPartners Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the AlixPartners Party must file an application therefor in the Court, and the Debtors may not pay any such amounts to the AlixPartners Party before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by any AlixPartners Party for indemnification, contribution and/or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the AlixPartners Parties. All parties in interest shall retain the right to object to any demand by any AlixPartners Party for indemnification, contribution and/or reimbursement.

11.    Any limitation of liability set forth in the Engagement Letter, or otherwise, is hereby eliminated for the duration of these Chapter 11 Cases.

12.    To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13.    AlixPartners shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

14.    AlixPartners shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. The Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 21, 2024

J. Kate Stickles
United States Bankruptcy Judge