# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 211 & 586** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") in these chapter 11 cases, for entry of an order, pursuant to sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the retention and employment of Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") as bankruptcy co-counsel to the Debtors *nunc pro tunc* to the Petition Date; and upon the Dehney Declaration, the Rule 2016 Statement, and the Robins Declaration, as attached to the Application; and the Court being satisfied that Morris Nichols does not represent any interest adverse to the Debtors' estates, that Morris Nichols is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that the retention and employment of Morris Nichols is in the best interests of the Debtors and their estates; and the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined in this Order are defined in the Application.

Court having jurisdiction over the Application pursuant to 28 U.S.C. § 157(b)(2)(A); and sufficient notice of the Application having been given under the circumstances; and the Court having determined that the relief requested in the Application is just and proper; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Morris Nichols as their attorneys in these chapter 11 cases *nunc pro tunc* to the Petition Date.

3. In connection with these chapter 11 cases, Morris Nichols shall be compensated for professional services, and reimbursed for expenses incurred, in accordance with Bankruptcy Code sections 330 and 331, the applicable provisions of the Bankruptcy Rules and the Local Rules, and with any other applicable procedures and orders of this Court. Morris Nichols also intends to make a reasonable effort to comply with the *Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases, Effective as of November 1, 2013* (the "**U.S. Trustee Fee Guidelines**"), both in connection with the Application and in the interim and final fee applications to be filed by Morris Nichols in these chapter 11 cases.

4. Morris Nichols will apply the Advance Payment less any Final Billed Amount to its fee applications during these cases. Morris Nichols will then hold the balance of the Advance Payment as security throughout the Debtors' bankruptcy cases until Morris Nichols's final fees and expenses are awarded and payable to Morris Nichols pursuant to section 330 of the Bankruptcy Code, at which point Morris Nichols shall apply the Advance Payment to any unpaid allowed fees and expenses and return any unearned portion of the Advance Payment to the Debtors.

5. Consistent with the U.S. Trustee Fee Guidelines, Morris Nichols shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these chapter 11 cases before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, Morris Nichols shall (i) to the extent that Morris Nichols uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, pass-through the cost of such Contractors to the Debtors at the same rate that Morris Nichols pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. Morris Nichols shall use reasonable efforts to avoid unnecessary duplication of services provided by any of the Debtors' retained professionals in these chapter 11 cases.

8. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: October 22nd, 2024  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE