IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 24-11967 (JKS), *et seq.*<br>(Jointly Administered)<br><br>Hearing Date: November 8, 2024, 10:30 a.m.<br>Objections due by: November 1, 2024 |

# CICERO 8148 LLC'S MOTION TO
# COMPEL IMMEDIATE REJECTION OF LEASE,
# PAYMENT OF POSTPETITION RENT, ALLOWANCE AND
# PAYMENT OF ADMINISTRATIVE CLAIMS, AND RELATED RELIEF

Cicero 8148 LLC ("Movant"), by its undersigned counsel, hereby files this Motion To Compel Immediate Rejection of Lease and Surrender of Possession of Premises and for the Allowance and Payment of Administrative Claims, and in support hereof states as follows:

## JURISDICTION AND VENUE

1.  This matter is a core proceeding and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND AND FACTS

3. On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (including the Debtor, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On or about November 1, 1972, the Penrich Associates, as landlord, entered into a lease (the "Lease") of non-residential real property located at 8148 S Cicero Ave, Burbank, IL (Store No. 4728) (the "Leased Property") with Children's Bargain Town U.S.A., Inc., as tenant. Through a series of assignments and mergers, Movant is now the landlord and debtor Big Lots Stores-PNS, LLC (the "Debtor") is now the tenant under the Lease. The Lease is an unexpired lease of non-residential real property as that term is used in § 365 of the Bankruptcy Code.

5. On September 11, 2024, the Court entered the an Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief (Docket No. 137) (the "Lease Sale Procedures Order"), in which it imposed certain "Lease Sale Procedures" on an interim basis with respect to various leases of the Debtors, including but not limited to the Lease. Subsequently, the Debtors filed and served a Notice To Proposed Cure Amounts for Certain Unexpired Leases (Docket No. 443) (the

"Cure Notice"), in which the Debtor understated the proposed cure amount in the event the Lease were to be sold.

6. In order to protect its rights in case in case the Debtor were to propose a sale of the Lease, Movant was forced to file an objection to the Cure Notice (Docket No. 535).

7. The Lease Sale Procedures Order provided for a series of bidding and auction deadlines for the sale of, among other things, the Lease. Those deadlines, other than the sale hearing date, have passed. Movant has been advised by Debtors' counsel that the Debtors received no bids in connection with the Lease. There has been no motion to assume, assign, and/or reject the Lease at this time.

8. The Debtor gave Movant the keys to the Property and disabled the alarm system on or about October 15, 2024. At that time, the Debtors had removed most of their operating assets, demonstrating an apparent intention no longer to use the Property for the operation of its business.

9. The Debtors have failed to remit to Movant the monthly rent payments due under the Lease Agreement since before the Petition Date. In addition, the Debtor had various maintenance, upkeep, and other obligations under the Lease that it has failed to make, creating numerous defaults under the Lease. The postpetition amount due is at least $49,682.98, calculated as follows as of the November 1, 2024 response deadline on this Motion:

    (A)    The Debtors are in default on rent for three months, totaling $32,500.50. Two of these monthly rent payments (October 1 and November 1) were due postpetition, totaling $21,666.68.

    (B)    Under the Lease, the Debtor is required to pay all property taxes associated with the Property. The prorated property taxes from the Petition Date through and including November 1, 2024 total $28,016.30.

10.    In addition, the Debtor had various maintenance, upkeep, and other obligations under the Lease that it has failed to make, creating numerous defaults under the Lease:

    (A)    Under the Lease, the Debtor is required to maintain the Property in good repair at its own expense. During an October 15, 2024 inspection, Movant became aware that the Property had not been kept in good repair and there were serious upkeep issues. Most notably, the plumbing on the Property had fallen into disrepair and had caused substantial flooding. Landlord obtained an estimate from a licensed plumber showing that the repair cost is $47,000.00.

    (B)    The bricks on the side of the building were not kept up and need to be tuckpointed. Movant obtained an estimate showing that the repair cost is $86,336.00.

  (C) The parking lots, which the Debtor is required to maintain, are in extreme disrepair, causing a hazard for vehicles. The repair cost is estimated at $57,000.00.

  (D) Movant has been contacted by the Code Enforcement Division of the City of Burbank, which indicated an intention to issue a citation against Movant for failure to remove debris around the store. Due to the exigent circumstances, Movant is begin forced to remove this debris itself and estimates the cost of at $1,000.00.

  (E) The Debtor also failed to pay to remove the trash from the Property. Due to the exigent circumstances, Movant is being forced to remove the trash itself and estimates the cost of at $1,000.00.

  11. The foregoing are only the defaults, defects, and repairs that Movant was able to identify since October 15, 2024, when it was given access to the Property. For example, Movant may later discover hidden damage, slip-and-fall lawsuits that have not yet been brought against Movant, mechanic's liens, utility liens, and other damage that it could not reasonably foresee and therefore cannot include in this motion, and reserves the right to seek additional amounts at trial.

## RELIEF REQUESTED AND AUTHORITIES

12. Movant requests entry of an order that compels the Debtor to reject the lease and surrender the premises pursuant to 11 U.S.C. § 365(d). Movant is entitled to such relief as the result of the estate's failure to pay all postpetition rent and other amounts due under the Lease. While the Debtor has informally tendered possession, the requested order should also facilitate the Debtor's prompt surrender of possession of the Property and grant Movant relief to retake possession.

13. Under the Bankruptcy Code, the Debtor has been obligated since the beginning of the case to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). If the Debtor wished to delay its performance of these obligations, then it could have requested that the Court give up to a 60-day extension from the Petition Date, for cause. The Debtor did not request it, and the Court did not extend the deadline. The Debtor should therefore be required to make the October 1, 2024 payment and the November 1, 2024 payment.

14. The leading case in our district on this issue is *In re Valley Media, Inc.,* 290 B.R. 73 (Bankr. D.Del. 2003) (Walsh, J.). In reliance upon *Centerpoint Properties v. Montgomery Ward Holding Corp.,* 268 F.3d 205 (3rd Cir. 2001), Judge Walsh concluded that a debtor could be compelled to make a tax payment

that had come due postpetition, without resorting to a § 503(b) analysis of whether it constitutes an administrative expense claim. While § 365(d)(3) does not provide for a specific remedy if the debtor or trustee fails to meet its obligation, Judge Walsh determined that compelling immediate payment was warranted. In doing so, he distinguished another decision in which compelling immediate payment was not granted, but only because that estate had been administratively insolvent. *Id.* at 77 (referring to *In re J.T. Rapps, Inc.*, 225 B.R. 257, 262-63 (Bankr.D.Mass.1998)).

15. In this case, the Debtors knowingly and voluntarily kept the Lease open notwithstanding the requirement to meet all obligations until the Lease is rejected. Therefore, the Court should compel the Debtor to pay October and November rent immediately.

16. Movant also requests allowance of an administrative expense claim for the postpetition rent and a prorated amount of the postpetition taxes due through the date of rejection. 11 U.S.C. § 503(b)(1)(A) provides for allowance of "administrative expenses… including the actual, necessary costs and expenses of preserving the estate." Even though the Debtor informally tendered possession to Movant on or about October 15, 2024, this was in the middle of an ongoing sale process in which the Lease was one of the assets to be sold. Movant could not legally take any steps to use or relet the Property until the Debtor used that opportunity, which constituted an actual, necessary benefit to preserving the estate.

17. As such, the postpetition rent and other postpetition amounts due to Movant under the Lease must be deemed an allowed administrative expense claim, with administrative priority, until the Lease is rejected. In the event rejection occurs on November 1, 2024, the Debtors will have had the right to quiet enjoyment of the Property for 53 days. Prorating the rent due at $361.11 per day and the property taxes at $466.94 per day, the total administrative claim should be $43,859.92, if the Lease is rejected on November 1, 2024.

18. In Chapter 11 cases, administrative expense claims must be paid on or before confirmation of the plan, but the Court has discretion to require earlier payment of an allowed administrative claim. Even aside from what may be *required* under § 365(d)(3), that language informs the Court as to the public policy considerations associated with the timing of payment. Requiring "timely" payment and then allowing the Debtor to defer payment of the administrative claim "would mean that the [Debtor] could benefit from disobeying the specific mandate of the statute, an untenable interpretation." *Towers v. Chickering and Gregory (In re Pacific-Atlantic Trading Co.)*, 27 F.3d 401, 405 (9th Cir. 1994). It would emasculate the statutory requirement of promptness to allow the Debtor until confirmation of a plan, if that ever were to occur, to make this payment.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order, in the form appended hereto:

(A) Compelling the Trustee to reject the lease and to surrender possession of the premises and related relief;

(B) Compelling the Debtor to make payment of $49,682.98 in accordance with § 365(d)(3);

(C) Allowing Movant an administrative expense claim of $43,859.92, plus such amounts as may come due on or after November 1, 2024; and

(D) Granting Movant such further relief as this Court deems just and proper.

Dated: October 22, 2024
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

**/s/ Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

*Attorney for Cicero 8148 LLC*