**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 24-11967 (JKS) |
| BIG LOTS, INC, *et al.*, | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | : | **Re: Docket No. 575** |
| | : | |

### RAF SALINA LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' SECOND NOTICE OF SUCCESSFUL BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASE ASSETS AND ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES

RAF Salina LLC ("Landlord"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") to the *Second Notice of Successful Bidders with Respect to the Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases* [Docket No. 575] (the "Second Notice"). In support of its Limited Objection, the Landlord respectfully sets forth as follows:

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

53246437.2

2. Landlord, successor in interest to Gateway Adams, Inc., and one of the Debtors, Big Lots Stores – PNS, LLC f/k/a PNS Stores, Inc. ("Tenant"), are parties to that certain lease (the "Lease") with a commencement date of July 12, 2011 (which Lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"), related to real property located at 2450 South 9th Street, Salina, KS 67401, and known to the Debtors as Store #4599 (the "Store") that is located in the shopping center commonly known as Midstate Plaza Shopping Center.[2]

3. The term of the Lease currently ends on January 31, 2029, with one option period remaining thereafter.

4. The Debtors are currently seeking to consummate a sale of certain of its lease assets. In connection therewith, on October 21, 2024, the Debtors filed the Second Notice [Docket No. 575]. Exhibit A to the Second Notice lists, among other things, the successful bidders at the recently concluded auction of certain of the Debtors' lease assets and the proposed amount to be paid to cure existing defaults for unexpired leases of nonresidential real property to be assumed by the Debtors and assigned to the successful bidders. Burlington Coat Factory Warehouse Corporation ("Burlington") has been designated as the successful bidder for the Lease. The Debtors' proposed cure amount for the Store is $16,545 (the "Proposed Cure Amount").

5. Landlord objects to the Proposed Cure Amount reflected in the Second Notice. Landlord asserts that, at present, the amount to be paid to cure existing monetary defaults is not less than $61,621.64. A copy of the Landlord's ledger stating the amount currently owed is annexed hereto as **Exhibit A** and is incorporated herein by reference. Further, Landlord objects to the Proposed Cure Amount as it may not satisfy all of the Debtors' obligations under the Lease

---

[2] The Lease, and any amendments thereto, are voluminous, should already be in the Debtors' possession, and accordingly, are not attached to this Limited Objection.

as required by section 365 of the Bankruptcy Code, including, *inter alia*, as it may not include amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations) as well as attorneys' fees and other amounts due under the Lease. Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Proposed Cure Amount.[3]

6. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the Lease after the Petition Date as well as prior to or as of the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or

---

[3] Landlord reserves its rights to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001). Here, Section 7.8 of the Lease specifically contemplates an award of attorneys' fees.

provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

7.   Landlord reserves its rights to supplement this Limited Objection to add additional sums that may accrue and/or become due under the Lease after the date hereof.

### RESERVATION OF RIGHTS

8.   Landlord reserves its rights later to object to an assumption and assignment of the Lease on the basis of adequate assurance of future performance by Burlington or any other any successful bidder that may be proposed as the assignee of the Lease.  Burlington or any successful bidder must provide Landlord with adequate assurance of future performance pursuant to section 365(f)(2)(B) of the Bankruptcy Code.  Because the Lease is a shopping center lease, the Bankruptcy Code requires heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B)  that any percentage rent due under such lease will not decline substantially;
>
> (C)  that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D)  that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).  Landlord has not received information regarding the foregoing and, therefore, reserves its rights to object to any assumption and assignment of the Lease to the extent

53246437.2

that it lacks adequate assurance that the successful bidder will be able to meet its obligations thereunder.

WHEREFORE, the Landlord respectfully requests that the Court (i) sustain this Limited Objection, (ii) condition the assumption and assignment of the Lease accordingly, and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: October 25, 2024
Wilmington, Delaware

**SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6898
luke.murley@saul.com

*Attorneys for RAF Salina LLC*

53246437.2