**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Dkt. Ref. No. 511**<br><br>**Obj. Due: November 4, 2024 at 12:00 noon** |

**CURE CLAIM OBJECTION RELATED TO DEBTORS'
NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT [DOCKET NO. 511]**

RCG-Pascgoula SPE, LLC ("RCG") hereby submits this objection (the "Cure Claim Objection") to the Proposed Cure Amount (defined below) that the above-captioned debtors and debtors in possession (collectively, the "Debtors") have proposed to pay in connection with the potential assumption and assignment of the Lease (defined below). In support of this Cure Claim Objection, RCG respectfully shows the Court the following:

**FACTUAL BACKGROUND**

A.   **RCG's Lease with the Debtor.**

1.   On or about August 8, 2001, Big Lots Stores, LLC f/k/a Big Lots Stores, Inc. (the "Debtor") entered into a Lease with IRT Property Company, which was subsequently amended, modified, extended, and ultimately assigned to RCG (the "Lease") wherein RCG agreed

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

to lease Debtor certain real property and improvements at a shopping center know as Shipyard Plaza located at 4201 Denny Avenue, Pascagoula, Mississippi 39581, Store# 1656 (the "Facility").

2. By virtue of various amendments, modifications, and extensions the Lease currently expires pursuant to its terms on January 31, 2030. Pursuant to the terms of the Lease, Debtor is obligated to pay RCG base rent, common area maintenance, taxes, insurance, and certain other charges.

### B. Debtors' Bankruptcy Cases and the Proposed Assumption and Assignment of the Lease.

3. On September 9, 2024 (the "Petition Date"), the Debtors, including the Debtor, each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On September 9, 2024, the Debtors filed a motion (the "Sale Motion"), which, among other things, seeks Court approval to sell substantially all of the Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to higher and better bids.

5. In connection with and related to the proposed Sale Motion the Debtors filed and served a *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "Notice").

6. The Notice identified the Lease as an unexpired lease to potentially be assumed and assigned as part of the proposed sale, and indicated that the amount necessary to cure any pre-petition defaults under the Lease is $21,032 (the "Proposed Cure Amount").

7. The Notice further provides that if RCG, fails to object to the Proposed Cure Amount prior to November 4, 2024 at 12:00 p.m. (prevailing Eastern Time), it will be barred from

objecting to the proposed assumption and assignment of the Lease, including any cure costs or defaults associated with such proposed assumption and assignment of the Lease.

**C.     Pre-Petition Amounts Owed to RCG under the Lease.**

8.      As of the Petition Date, the Debtor owed RCG $42,421.36 for base rent, common area maintenance, taxes, and insurance under the terms of the Lease (the "Unpaid Pre-Petition Fees").[2]

9.      A summary of the Unpaid Pre-Petition Fees is attached to this Cure Claim Objection as **Exhibit A**.

## OBJECTION TO PROPOSED CURE CLAIM

10.     As set forth above, the Debtors have not paid RCG the Unpaid Pre-Petition Fees, as required under the terms and conditions of the Lease.

11.     To the extent that the Debtors seek to assume and assign the Lease, the Debtors are required to pay the sum of at least $42,421.36 (the "Corrected Cure Amount") to RCG in order to satisfy the Debtors' pre-petition cure obligations under 11 U.S.C. § 365(b).

12.     RCG objects to the Proposed Cure Amount and any proposed assumption and assignment of the Lease to the extent that any proposed order approving such assumption and assignment fails to provide that the Debtors or the proposed purchaser/assignee of the Lease shall promptly pay RCG the Corrected Cure Amount. *See* 11 U.S.C. § 365(b).

13.     RCG does *not* object to the proposed assumption and assignment of the Lease; provided that, it is promptly paid the Corrected Cure Amount and any unpaid post-petition rent (if any) that may be due, and provided further that, the proposed purchaser assumes all of the

---

[2]     The Notice provides that the Proposed Cure Amount shall only apply to amounts necessary to cure any defaults under the Lease that existed prior to the Petition Date. However, RCG expressly reserves the right to include additional post-petition charges as they come due while the Sale Motion and the proposed assumption and assignment of the Lease remains pending and/or file a motion requesting the payment of any such administrative expenses.

Debtor's obligations under the Lease from the effective date of any such assumption and assignment through the expiration of the Lease, and that the Debtor (and applicable assignee) provides RCG with adequate assurance of future performance under the Lease pursuant to 11 U.S.C. 365(b)(1)(C).

WHEREFORE, RCG respectfully requests that the Court: (i) enter an order determining that RCG is entitled to the prompt payment of the Corrected Cure Amount and any unpaid post-petition rent (if any) that may be due as a condition of the assumption and assignment of the Lease; (ii) enter an order directing the Debtors or the purchaser/assignee of the Lease to promptly pay RCG the Corrected Cure Amount and any unpaid post-petition rent (if any) that may be due in the amount of at least $42,421.36, to the extent that the Debtors are authorized to assume or assign the Lease and have provided RCG with adequate assurance of future performance; and (iii) grant RCG such other and further relief as this Court may deem just and proper.

*[Signature page follows]*

Dated: October 25, 2024

Respectfully submitted,

MORRIS JAMES LLP

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-6811
Fax: (302) 571-1750
Email: ckunz@morrisjames.com

-and-

ARNALL GOLDEN GREGORY LLP

Sean C. Kulka
Georgia Bar No. 648919
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363-1031
Tel.: (404) 873-8500
Fax: (404) 873-8683
Email: sean.kulka@agg.com

*Counsel for RCG-Pascgoula SPE, LLC*