```
                IN THE UNITED STATES BANKRUPTCY COURT
                    FOR THE DISTRICT OF DELAWARE
```

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Re: Docket No. 511 |
|  | ) |
|  | ) Obj. Deadline: 11/4/24 at 12:00 p.m. |
|  | ) Hearing Date: 11/8/24 at 10:30 a.m. |
|  | ) |

**OBJECTION OF CONSTELLATION NEWENERGY, INC. AND CONSTELLATION NEW ENERGY – GAS DIVISION, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Constellation NewEnergy, Inc. ("CNE") and Constellation NewEnergy – Gas Division, LLC ("CNEG"), by counsel, hereby object to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (the "Cure Notice")(Docket No. 511), and set forth the following:

**FACTUAL BACKGROUND**

**Procedural Facts**

1. On September 9, 2024 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. The Debtors' Chapter 11 bankruptcy cases are being jointly administered.

### Facts Concerning Cure Notice

4. On October 16, 2024, the Debtors filed the Cure Notice.

5. Attached to the Cure Notice is a schedule listing contracts that the Debtors may potentially assume and assign to a successful bidder in connection with a sale of the Debtors' assets and proposed cure costs for each listed contract (the "Cure Schedule").

6. The Cure Schedule lists numerous documents with CNE, each with a proposed estimated cure amount of $0.

7. The Cure Schedule lists numerous documents with CNEG, each with a proposed estimated cure amount of $0.

8. The Deadline for Objecting to the Cure Notice is November 4, 2024 at 12:00 p.m.

### Facts Regarding CNE[1]

9. CNE provides electricity and related services to the

---

[1] Neither CNE nor CNEG is aware of any contracts with the Debtor other than the electricity supply agreements and gas supply agreements described in paragraphs 9 and 13 of this Objection.

Debtors pursuant to numerous electricity supply agreements (collectively, the "Electricity Agreements") that set forth the terms and conditions concerning CNE's provision of electricity and related services to the Debtors.

10.  Both prior to and since the Petition Date, CNE has provided the Debtors with electricity and related services pursuant to the terms of the Electricity Agreements.

11.  The pre-petition debt owed by the Debtors to CNE is estimated to be not less than $163,542.  CNE is in the process of finalizing the prepetition numbers and will update this Objection once that process is complete.

12.  In addition, the Debtors are continuing to incur charges under the Electricity Agreements.

### Facts Regarding CNEG

13.  CNEG provides natural gas and related services to the Debtors pursuant to Debtors pursuant to numerous gas supply agreements (collectively, the "Gas Agreements"; and together with the Electricity Agreements, the "Agreements") that set forth the terms and conditions concerning CNEG's provision of natural gas and related services to the Debtors.

14.   Both prior to and since the Petition Date, CNEG has provided the Debtors with gas and related services pursuant to the terms of the Gas Agreements.

15.   The pre-petition debt owed by the Debtors to CNEG is

estimated to be not less than $5,546. CNEG is in the process of finalizing the prepetition numbers and will update this Objection once that process is complete.

16. In addition, the Debtors are continuing to incur charges under the Gas Agreements.

## Discussion

17. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

18. Accordingly, if the Debtors want to assume and assign the Agreements, the Debtors must first pay CNE and/or CNEG the applicable prepetition debt owing thereunder, plus any unpaid post-petition charges incurred thereunder through the effective date of assumption, as a condition to such assumption/assignment.

WHEREFORE, for all of the foregoing reasons, this Court should enter an order (1) requiring, as a condition to the Debtors assumption and/or assignment of the Agreements that the Debtors pay

to CNE and/or CNEG the applicable prepetition debt, in actual amounts to be determined, plus all unpaid post-petition amounts accrued thereunder through the effective date of assumption, and (2) granting such other and further relief that the Court deems just and appropriate.

| | |
|---|---|
| Dated: October 28, 2024 | WHITEFORD TAYLOR & PRESTON LLC |
| | /s/ *William F. Taylor, Jr.*<br>William F. Taylor, Jr. (#2936)<br>600 North King Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 353-4145<br>wtaylor@whitefordlaw.com |
| | and |
| | LAW FIRM OF RUSSELL R. JOHNSON III, PLC<br>Russell R. Johnson III (VSB No. 31468)<br>John M. Craig (VSB No. 32977)<br>2258 Wheatlands Drive<br>Manakin-Sabot, Virginia  23103<br>Telephone: (804) 749-8861<br>russell@russelljohnsonlawfirm.com<br>john@russelljohnsonlawfirm.com |
| | *Counsel for Constellation NewEnergy, Inc. and Constellation NewEnergy – Gas Division, LLC* |