**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: October 28, 2024 at 5:00 p.m. (ET)**[2]<br>**Re: Docket Nos. 461 & 477** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CERES MARKETPLACE INVESTORS, LLC TO THE PROPOSED REJECTION OF THE UNEXPIRED LEASE AT 1611 E HATCH RD, STE A, CERES, CA AND PROPOSED ABANDONMENT OF PERSONAL PROPERTY IN CONNECTION THEREWITH**

Ceres Marketplace Investors LLC, as the landlord ("Landlord") of Store No. 4773 located at 1611 E Hatch Rd, Ste A, Ceres, CA (the "Premises") under that certain lease dated September 27, 2022 (the "Lease") with debtor Big Lots Stores – PNS, LLC, by and through its undersigned counsel, files this limited objection and reservation of rights in response to the *First Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (and the Abandonment of Property)* [D.I. 477] (the "Rejection Notice"),[3] and in support thereof, respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Extended by agreement of the Debtors.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Notice, as applicable.

2

**LIMITED OBJECTION[4]**

1. The Landlord does not object to the rejection of the Lease *per se*, but does object to the Debtors' request to abandon personal property, FF&E, or otherwise surrender the Premises in any way inconsistent with the terms of the Lease. *See* Rejection Procedures Order [D.I. 461].

2. In accordance with the Lease, the Debtors must leave the Premises in broom clean condition with all of its trade fixtures removed from the Premises. Any damage resulting from the removal of trade fixtures must be repaired by the Debtors at the Debtors' cost.[5]

3. Additionally, as stated in the Lease, the Debtors are required to remove all signage upon the termination of the lease.[6] This includes both the Debtors' main sign above the entrance of the Premises and the four sign panels located on two monument pylon structures, in which the Debtors must replace with a blank white panel.

4. The Landlord should not be required to bear the significant cost to remove personal property, FF&E of the Debtors, or otherwise clean up after the Debtors, should they leave the Premises in disarray. To the extent that the Premises are not returned to the Landlord in the condition as required by the terms of the Lease, the Landlord reserves all rights to assert an administrative expense claim for hold-over rent and/or damages.[7]

---

[4] The Landlord notes that the Lease was also included in a proposed lease sale by the Debtors. The Landlord understands that the Lease will not be sold or otherwise assumed and assigned. Instead, the Debtors propose to reject the Lease as of October 31, 2024, per the Rejection Notice.

[5] Section 23 of the Lease provides, in relevant part, that when the Lease terminates, the Debtors "agree[] to surrender the [Premises] to Landlord in broom clean condition reasonable wear and tear or damage by fire or other Casualty expected, but with all of its trade fixtures removed from the [Premises] and damage resulting from such removal therefrom repaired by [the Debtors] at [the Debtors'] cost."

[6] Section 8 of the Lease provides, in relevant part, that "[o]nce [the Debtors'] signs are installed, [the Debtors] shall not be required to remove, replace, change, or alter such signs until the expiration or earlier termination of this Lease…"

[7] Section 23 of the Lease provides, in relevant part, that if the Debtor "retains possession of the [Premises] or any part thereof after the…earlier termination…such holding over shall constitute an extension of this Lease on a month-to-month basis."

## RESERVATION OF RIGHTS

5. The Landlord reserves all rights to amend or supplement this objection as well as any additional grounds for objections to the Motion at the final hearing.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests the Court require to the Debtors to return the Premises in the condition as required for under the Lease and grant such other relief as the Court deems just and proper.

Dated: October 28, 2024　　　　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　*/s/ Aaron H. Stulman*
　　　　　　　　　　　　　　　　　　　　Aaron H. Stulman (No. 5807)
　　　　　　　　　　　　　　　　　　　　**POTTER ANDERSON & CORROON LLP**
　　　　　　　　　　　　　　　　　　　　1313 N. Market Street, 6th Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801-3700
　　　　　　　　　　　　　　　　　　　　Telephone: (302) 984-6000
　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 658-1192
　　　　　　　　　　　　　　　　　　　　Email: astulman@potteranderson.com

　　　　　　　　　　　　　　　　　　　　*Counsel to Ceres Marketplace Investors LLC*