IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case Nos. 24-11967 (JKS), *et seq.*<br>(Jointly Administered)<br><br>Hearing Date: November 21, 2024, 10:30 a.m.<br>Objections due by: November 14, 2024 |

## CARL BRANDT, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECT SETOFF

Carl Brandt, Inc. ("Movant"), by its undersigned counsel, hereby files this Motion for Relief from the Automatic Stay To Effect Setoff, and in support hereof states as follows:

### JURISDICTION AND VENUE

1. This matter is a core proceeding and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.

BACKGROUND AND FACTS

3. On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (including the Debtor, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Before the Petition Date, Movant provided goods to the Debtors for sale in the operation of their business. Movant continues to provide those goods after the Petition Date.

5. As of the Petition Date, Movant had five (5) unpaid invoices (the "Prepetition Invoices") for goods previously shipped to debtor Big Lots, Inc. (the "Debtor") totaling $43,362.00, as follows:

| Shipment Date | Invoice No. | Invoice Amount |
|---|---|---|
| 7/22/2024 | INV59317 | $8,098.20 |
| 7/22/2024 | INV59318 | $7,286.40 |
| 7/22/2024 | INV59319 | $11,048.40 |
| 7/22/2024 | INV59320 | $7,662.60 |
| 7/22/2024 | INV59321 | $9,266.40 |
|  | **TOTAL** | **$43,362.00** |

(the "Prepetition Shipments"). Movant's headquarters are located in Connecticut, the Debtor's headquarters are located in Ohio, and the goods were shipped to the Debtor's facilities in California.

6. On September 6, 2024 (which is also before the Petition Date), the Debtor made a prepayment to Movant for the shipment of additional goods in the amount of $33,438.04 (the "Prepetition Payment"). Before the additional goods could be shipped to the Debtor, however, the Debtor filed its Chapter 11 petition in this case.

7. Movant desires to continue doing business with the Debtor, but may not be willing to do so while there is a large unpaid balance for the prepetition period. If Movant is permitted to set off the Prepetition Payment against the Prepetition Invoices, that will reduce the prepetition balance and incentivize Movant to continue doing business with the Debtor during its Chapter 11 case.

8. There are no other entities involved in Movant's transactions with the Debtor.

## RELIEF REQUESTED AND AUTHORITIES

9. Movant requests entry of an order granting relief from the automatic stay for Movant to set off the Prepetition Payment against the Debtor's liability for the Prepetition Invoices.

10. Section 362(a)(7) of the Bankruptcy Code provides for a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor . . . ." Section 362(d)(1) of the Bankruptcy Code allows a party in interest to request relief from the automatic

stay "for cause." Although cause is not defined in the Bankruptcy Code, courts have determined whether cause exists by looking at "the totality of the circumstances in each particular case." *See Bricker v. Scalera (In re Scalera),* 521 B.R. 513, 516 (Bankr. W.D.Pa. 2014); *In re Project Orange Assocs., LLC,* 432 B.R. 89, 113 (Bankr. S.D.N.Y. 2010).

11. The right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A." *Citizens Bank v. Strumpf,* 516 U.S. 16, 18 (1995); *see also, In re WL Homes LLC,* 471 B.R. 349, 351 (Bankr. D.Del. 2012).

12. The existence of the right of setoff constitutes sufficient "cause" to grant stay relief to permit setoff of mutual, prepetition debts. *See, In re Nuclear Imaging Sys., Inc.,* 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000). Upon demonstrating a right to setoff, a creditor has established a *prima facie* showing of cause for stay relief under § 362(d)(1) of the Bankruptcy Code. *Id. See also, In re Gould,* 401 B.R. 415, 426 (9th Cir. BAP 2009); *United States v. Orlinski (In re Orlinski),* 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991).

13. A creditor's contractual or common law right of setoff is preserved under the Bankruptcy Code. Section 553 of the Bankruptcy Code provides, in pertinent part:

> [e]xcept as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

11 U.S.C. § 553(a).

14. "Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Strumpf,* 516 U.S. at 18.

15. A creditor seeking to setoff or recoup a debt must establish a claim and a right to do so under state or federal law. *In re Pieri,* 86 B.R. 208, 210 (9th Cir. 1988). "Although no federal right of setoff is created by the Bankruptcy Code, 11 U. S. C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Strumpf,* 516 U.S. at 18.

16. It is not clear which state law applies to the setoff of the Prepetition Payment against the Prepetition Invoices, but it does not matter as all of the possible states recognize setoff. *See David S. Karton, a Law Corp. v. Musick, Peeler Garrett LLP,* 83 Cal. App. 5th 1027, 1041 (2022) ("section 431.70 authorizes a party who has been sued and has a 'cross-demand for money' against the plaintiff to assert in the answer the defense of payment) (citation omitted); California Code of Civil Procedure § 431.70 ("Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and

an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other"); Connecticut General Statutes § 52-139(a) ("In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other"); *Gallicchio Bros., Inc. v. C & S Oil Co.,* 191 Conn. 104, 108 n.4 (1983) ("Mutual debts, under our present statute, are cross debts in the same capacity and right and of the same kind and quality"); *Lewis v. United Joint Venture,* 691 F.3d 835, 839 (6th Cir. 2012) ("the right to setoff mutual debts exists as a remedy under Ohio law"); *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.,* 28 Ohio St. 3d 441, 447, 504 N.E.2d 1100, 1104 (1986) (the right to setoff in an ordinary debtor-creditor relationship is "an equitable and statutory defense").

17.    As set forth in § 553(a) above, the three (3) elements necessary to exercise a right of setoff are as follows: (a) A debt exists from the creditor to the debtor that arose before the commencement of the bankruptcy case; (b) the creditor has a claim against the debtor that arose before the commencement of the bankruptcy case; and (c) the debt and the claim are mutual obligations. *Folger Adam Security, Inc. v. DeMatteis/MacGregor JV,* 209 F.3d 252, 262-63 (3rd Cir. 2000).

18.    Here, Movant satisfies each of the elements necessary to exercise a right of setoff under § 553(a) of the Bankruptcy Code. The Prepetition Payment and the Prepetition Invoices both arose before the Petition Date, fulfilling the first two

elements under section 553(a). Under § 553(a) of the Bankruptcy Code, a creditor may set off its claim for damages from a prepetition contract against a prepetition debt that it otherwise would owe to the debtor. *See, e.g., In re Commc'n Dynamics, Inc.,* 382 B.R. 219, 230 (Bankr. D. Del. 2008); *In re Public Serv. Co. of New Hampshire,* 884 F.2d 11, 15 (1st Cir. 1989).

19. Third, the mutuality requirement under section 553(a) of the Bankruptcy Code requires that the claims sought to be set off exist between the same parties. *SemCrude, L.P.,* 399 B.R. at 393 (Bankr. D. Del. 2009), *aff'd,* 428 B.R. 590 (D. Del. 2010). The Prepetition Payment and the Prepetition Invoices are owed to and from the same parties, so the mutuality element has been satisfied. Movant therefore holds a valid and enforceable right of setoff against the Debtor under § 553(a) of the Bankruptcy Code.

20. Therefore, Movant is entitled to entry of an order by this Court permitting stay relief so as to permit Movant to setoff the Prepetition Payment against the Prepetition Invoices.

21. Given the limited economic relief sought in this Motion and the fact that most parties requesting notice in this case are receiving notices electronically through the Court's CM/ECF system, Movant asserts that email notice to counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors, and the trial attorney for the United States Trustee is sufficient under the circumstances.

22. Movant submits that cause exists to waive the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3), as it is necessary and appropriate for Movant to be able to effectuate its setoff promptly upon entry of the order approving the instant Motion. As noted above, Movant would like to continue doing business with the Debtors, and any delay in execution of the order may prejudice Movant and/or the Debtor's interests.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order, in the form appended hereto, granting Movant relief from the automatic stay to permit Movant to setoff the Prepetition Payment against the Prepetition Invoices, and granting Movant such further relief as this Court deems just and proper.

Dated: October 28, 2024
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

**/s/ Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

*Attorney for Carl Brandt, Inc.*