# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 511** |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF OGDEN PLAZA, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT

Ogden Plaza, LLC (hereafter "Landlord") by and through counsel, files this Limited Objection and Reservation of Rights (the "Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "Cure Notice") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, "Debtors") and, in support hereof, respectfully represents as follows:

### BACKGROUND

**A. Procedural History**

1. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

---

[1] The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

2. On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] (the "Bid Procedures Motion").

3. On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases.* [Dk. No. 95].

4. On October 16, 2024, the Debtors filed the Cure Notice which underestimated the amount owed to the Landlord for its lease interest and lists the preliminary estimated cure amount as $24,306.00 (the "Proposed Cure Amount"). The Cure Notice establishes November 4, 2024, as the deadline to object to the Cure Notice.

**B. Lease History**

5. The Landlord is the owner of the premises located at 6832-F Market Street, Wilmington, North Carolina 28405 (the "Premises") at which Big Lots Stores, Inc, (the "Debtor") operates store number 5462 at the Premises pursuant to that certain written lease of nonresidential real property (the "Lease")[2].

6. Pursuant to the Lease, rent is due the first of every month. Additionally, the Debtor is responsible for payment of a portion of the common area maintenance ("CAM") expenses on a monthly basis.

---

[2] Due to the voluminous nature of the Lease, it is not attached here but, Landlord will provide the Lease upon request.

7.      Additionally, the Lease assigns the responsibility for paying the real property taxes against the Premise (the "Real Estate Taxes") to the Landlord. A copy of the 2024 Real Estate Taxes is attached hereto as **Exhibit A**. However, the Lease obligates the Debtor to pay Landlord a pro-rata share of the Real Estate Taxes due for that particular year (the "2024 Tax Share"). The 2024 Tax Share due from Debtor for the year 2024 is $23,511.04.

8.      Pursuant to the Lease, the Debtor is solely responsible for all public and private utility services rendered or furnished directly to the Premises, including but not limited to water, sewerage, gas, electricity, telephone, and trash. Currently, Landlord does not know the status of any outstanding utilities payments but hereby reserves its rights to seek payment for any outstanding amounts not paid by the Debtor.

9.      As of the Petition Date, the Debtor failed to pay the rent and CAM expenses due under the Lease for September 1, 2024. In addition, the Debtor has not paid is 2024 Tax Share in the amount of $23,511.04, thus, the Debtor is in default of its obligations under the Lease in the total amount of $47,817.50 (the "Pre-Petition Rent"). The Pre-Petition Rent owed is significantly greater than the Proposed Cure Amount contemplated in the Debtors Cure Notice.

10.     The Pre-Petition Rent is broken down in the table below:

| Description | Amount Due |
|---|---|
| September Rent | $21,446.88 |
| September CAM | $2,859.58 |
| 2024 Tax Share | $ 23,511.04 |

## LIMITED OBJECTION

11.     Landlord is not opposed to the assumption and assignment of the Lease for the Premises. However, to assume and assign the Lease, Debtor is required to pay the Pre-Petition Rent and to assume the Lease in its entirety.

17000088/5

12. The Court should enter an order conditioning any assumption of the Lease on payment in full of all Pre-Petition Rent, and any other amounts that come due under the terms of the Lease prior to the time the Lease is assumed (the "Outstanding Lease Obligations").

## ARGUMENT

13. Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Simply put, the Debtors must cure all defaults of the Lease and provide adequate assurance of future performance before it may be assumed. *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

14. Here, the Landlord objects to the Debtors' Proposed Cure Amount because it fails to accurately reflect all of the Outstanding Lease Obligations. The Debtors have used, and continue to use, the Premises to generate business since the Petition Date but have not paid all Outstanding Lease Obligations.

15. The Landlord objects to the assumption of the Lease absent payment of all amounts owed thereunder.

## RESERVATION OF RIGHTS

16. Landlord hereby reserves its rights to object to adequate assurance of future performance per 11 U.S.C. § 365(b)(1)(C) and to amend or supplement this Objection in the future as it deems appropriate based on the foregoing items or otherwise when the Lease is identified as a lease to be actually assumed or assumed and assigned. Nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Lease between the Debtors and Landlord. Additionally, Landlord reserves its right to seek a § 503(b)(1) administrative claim for the stub-rent owed for the period of September 10, 2024, – September 30, 2024.

## CONCLUSION

17. WHEREFORE, Landlord respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing up until the date of assumption; (iii) requiring the Debtors to provide adequate assurance of future performance; (iv) establishing the cure amount of $47,817.50 is owed to Landlord under the Lease pursuant to section 365(b)(1)(A) of the Bankruptcy Code; and (v) grant the Landlord such further relief as it deems proper.

Dated: October 28, 2024

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Carl N. Kunz, III (DE Bar No. 3201)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
cdonnelly@morrisjames.com

*Counsel to Ogden Plaza, LLC*