**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al.*, | ) | Case No.: 24-11967 (JKS) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 511** |
| | ) | |

**OBJECTION OF PARAGON WINDERMERE, LLC AND LEBANON WINDERMERE, LLC TO DEBTORS' POTENTIAL/PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE**

Paragon Windermere, LLC and Lebanon Windermere, LLC, tenants in common (collectively, the "Landlord"), by and through undersigned counsel, hereby submits this Objection to Debtors' *Potential/Proposed Assumption and Assignment of Lease*, and in support hereof, respectfully state as follows:

**BACKGROUND**

1. On October 31, 2000, the Landlord's predecessor in interest entered into a lease with a tenant now known as Big Lots Stores, LLC ("Debtor"), one of the Debtors herein, which lease was modified on July 17, 2006 and on July 8, 2022 (as modified, the "Lease").

2. Pursuant to the Lease, the Debtor leases approximately 25,200 square feet of space (the "Premises") located at Landlord's shopping center known as the Windermere Center and generally located at 6225 Allisonville Road, Indianapolis, Indiana 46220.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4873328.2

3. The term of the Lease is scheduled to expire on January 31, 2029, subject to the tenant's conditional option to extend the term for two successive periods of five years each. Pursuant to the Lease, the Debtor is obligated to pay the Landlord base rent of $14,700.00 per month, common area maintenance, taxes, insurance and certain other charges.

4. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. As of the Petition Date, the Debtor was indebted to the Landlord under the Lease in the amount not less than $46,800.10 for unpaid base rent, common area maintenance, insurance and taxes (the "Unpaid Pre-Petition Rent"). A summary of the Unpaid Pre-Petition Rent is attached hereto as **Exhibit A**.

5. On September 9, 2024, the Debtors filed a motion for approval to sell substantially of the Debtors' assets and to assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to higher and better bids (Dkt. No. 18; the "Sale Motion"). Related to the Sale Motion, on October 16, 2024, the Debtors filed a Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount (Dkt. No. 511; the "Notice").

6. The schedule attached to the Notice identifies the Lease as one of the leases that may be "potentially" assumed and assigned as part of the sale, and asserts that the amount necessary to cure the monetary defaults under the Lease is $35,043.00 (the "Proposed Cure Amount").

7. The Notice provides that any objections to the "potential" assumption and assignment of the Lease, including the Proposed Cure Amount, must be filed by November 4, 2024. However, on October 25, 2024, the Court entered an Order approving the bid procedures and the assumption/assignment procedures requested by the Debtors in the Sale Motion (Dkt. No.

612; the "Bidding Procedures Order"), which provides in paragraph 23 that any objections to the "potential" assumption/assignment of the Lease must be filed no later than 4:00 P.M. Eastern Standard Time on November 6, 2024.

### OBJECTIONS TO PROPOSED/POTENTIAL ASSUMPTION AND ASSIGNMENT OF LEASE

**A.     The Proposed Cure Amount is Incorrect.**

8.     Pursuant to 11 U.S.C. §§ 365(b) and (f), the Debtor may not assume or assign the Lease unless all monetary defaults are cured at the time of assumption/assignment.

9.     As stated above, the Proposed Cure Amount is incorrect, and the correct cure amount is an amount not less than $46,800.10.  The Landlord objects to any assumption/assignment of the Lease that is not conditioned on the prompt payment of the correct cure amount to the Landlord, and the cure of all defaults existing at the time of assumption and assignment of the Lease.

**B.     Objections Relating to Adequate Assurance of Performance.**

10.     Pursuant to 11 U.S.C. § 365(b)(1)(C), the Lease may not be assumed or assigned unless the Landlord is provided with adequate assurance of future performance under the Lease. To date, the Landlord has not received any adequate assurance, or any financial information related thereto, demonstrating that the Stalking Horse Bidder (or any other qualified bidder) is able to perform and meet its future commitments under the Lease.

11.     As mentioned, the Premises are located in Landlord's shopping center. Accordingly, pursuant to 11 U.S.C. § 365(b)(3), the Landlord is also entitled to adequate assurance:

- of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor

- and its guarantors, if any, as of the time the debtor became the lessee under the lease;

- that any percentage rent due under such lease will not decline substantially;

- that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

- that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

12. Neither the Debtor nor any "potential" assignee has provided Landlord with adequate assurance that the conditions in 11 U.S.C. § 365(b)(3) will be satisfied.

13. The Landlord objects to any assumption or assignment of its Lease that fails to comply with Section 365 of the Bankruptcy Code, including subsections (b) and (f).

WHEREFORE, the Landlord respectfully (i) objects to the Notice and the potential assumption/assignment of the Lease, and reserves all of its rights under 11 U.S.C. § 365, (ii) requests that the Court enter an order fixing the cure amount under the Lease at $46,800.10 <u>plus</u> any additional unpaid amounts under the Lease following the Petition Date, (iii) requests that any assumption/assignment of the Lease be conditioned on Landlord's receipt of adequate assurance that the assignee is able to perform the Lease in the future, and (iv) requests such other and further relief as is just and proper.

Dated: October 29, 2024

                                                  CROSS &amp; SIMON, LLC

Dated: October 29, 2024

CROSS & SIMON, LLC

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Tel.: (302) 777-4200
Fax: (302) 777-4224
Email: csimon@crosslaw.com

-and-

BOSE MCKINNEY & EVANS LLP
James P. Moloy
Indiana Bar No. 10301-49
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Tel.: (317) 684-5000
Fax: (317) 684-5173
Email: jmoloy@boselaw.com

*Counsel for Paragon Windermere, LLC and Lebanon Windermere, LLC*