# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.,<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Objection Deadline: November 4, 2024 at 12:00 PM.<br><br>**Re: D.I. 18, 511, 612.** |

**LIMITED OBJECTION AND RESERVATION OF
RIGHTS BY 415 ORCHARD ASSOCIATES, LLC, TO DEBTORS'**[1]
**NOTICE OF: (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT;
AND (II)  ORDER (I) (A) APPROVING BIDDING PROCEDURES FOR SALE OF
DEBTORS' ASSETS, (B) APPROVING THE STALKING HORSE BID PROTECTIONS,
(C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF
DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICE OF SALE,
AUCTION, AND SALE HEARING, AND (E) APPROVING ASSUMPTION AND
ASSIGNMENT PROCEDURES, (II) (A) APPROVING SALE OF DEBTORS' ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES
AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

1

415 Orchard Associates, LLC ("Landlord"), by and through its undersigned counsel, hereby files its limited objection (the "Objection") to the Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount (the "Cure Notice") [D.I. 511]. In support of its Objection, Landlord respectfully represents as follows:

## BACKGROUND

### A.   Procedural History

1.   On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

2.   On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18].

3.   On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases*. [D.I. 95].

4.   On October 16, 2024, the Debtors filed the Cure Notice which underestimated the amount owed to the Landlord for its lease interest and lists the preliminary estimated cure amount

2

as $40,763.00 (the "Proposed Cure Amount"). The Cure Notice establishes November 4, 2024, as the deadline to object to the Cure Notice.

5. On October 25, 2024, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Dk. No. 612] (the "Sale Order"). The Sale Order provides, *inter alia*, that any Assumption and Assignment Objection (as defined in the Sale Order) by a Counterparty (as defined in the Sale Order) with respect to an actual or proposed unexpired lease of real property to be assumed and assigned by the Debtor must be filed by November 6, 2024. Given the Cure Notice objection deadline of November 4, 2024, and the substantial overlap between the Cure Notice and the Sale Order, this Objection also constitutes an "Assumption and Assignment Objection" as defined in the Sale Order.

**B.    Lease History**

6. The Landlord is the owner of the premises located at 415 Orchard Avenue STE 7 Altoona, PA (the "Premises") at which Big Lots Stores, Inc, (the "Debtor") operates store number 1867 at the Premises pursuant to that certain written lease of nonresidential real property (as

amended from time to time) (the "Lease").[2] The Lease is a "lease of real property in a shopping center," for purposes of section 365(b)(3) of the Bankruptcy Code.

7. Pursuant to the Lease, rent is due on the first day of every month. Additionally, the Debtor is responsible for payment of a portion of the common area maintenance ("CAM") expenses on a monthly basis.

8. Moreover, the Lease assigns the responsibility for paying the school taxes against the Premises (the "School Taxes") to the Landlord. However, the Lease obligates the Debtor to pay Landlord its pro-rata share of the School Taxes due for that particular year (the "2024 Tax Share"). The 2024 Tax Share due from Debtor for the year 2024 is $16,179.95.

9. Further, the lease obligates the Debtor the pay its pro rata share of the insurance charges Landlord is obligated to pay for the Premises (the "2024 Insurance Share"). The 2024 Insurance Share due from Debtor for the year 2024 is $3,048.21.

10. Pursuant to the Lease, the Debtor is solely responsible for all public and private utility services rendered or furnished directly to the Premises, including but not limited to water, sewerage, gas, electricity, telephone, and trash. Currently, Landlord does not know the status of any outstanding utilities' payments but hereby reserves its rights to seek payment for any outstanding amounts not paid by the Debtor.

11. As of the Petition Date, the Debtor failed to pay the rent and CAM expenses due under the Lease on September 1, 2024. In addition, the Debtor has not paid is 2024 Tax Share in the amount of $16,179.95. Further, the Debtor is in default of its monetary obligations for the

---

[2] Due to its voluminous size, the Lease is not attached hereto but Landlord will make the Lease available upon request.

period commencing on the Petition Date through September 30, 2024 (the "September Stub Rent"), thus, the Debtor is in default of its obligations under the Lease in an amount of no less than $44,166.77 (the "Actual Cure Amount"). The Actual Cure Amount owed is greater than the Proposed Cure Amount contemplated in the Debtors Cure Notice. A chart setting forth the Actual Cure Amount and its components is attached hereto as Exhibit A.

## LIMITED OBJECTION TO CURE NOTICE

12. Landlord is agnostic as to whether the Debtor assumes and assigns the Lease. However, to assume and assign the Lease, Debtor is required to pay the Actual Cure Amount and to assume and assign the Lease in its entirety and in conformity with the applicable provisions of Section 365 of the Bankruptcy Code.

13. Landlord respectfully requests that the Court enter an order conditioning any assumption and/or assignment of the Lease on payment in full of the Actual Cure Amount, and any other amounts that come due under the terms of the Lease prior to the time of any such assumption and/or assignment of the Lease (the "Outstanding Lease Obligations").

## ARGUMENT

14. Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b)(1).

15. Section 365(b)(3) heightens the adequate assurance requirements for shopping center leases. See In re Sun TV and Appliances, Inc., 234 B.R. 356, 359 (Bankr. D. Del. 1999). To assume and assign shopping center leases, Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A) - (D). See In re Joshua Slocum, 922 F.2d at 1086; see also In re Rickel Home Centers, Inc., 209 F.3d 291, 299 (3d Cir. 2000). This heightened adequate assurance includes: (i) the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee (§ 365(b)(3)(A)); (ii) any percentage rent due under the lease will not decline substantially (§ 365(b)(3)(B)); (iii) assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision in any other lease, financing agreement, or master agreement relating to such shopping center (§ 365(b)(3)(C)); and (iv) assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center. (§ 365(b)(3)(D)).

16. Simply put, the Debtors must cure <u>all</u> defaults under the Lease and provide adequate assurance of future performance as a precondition to any assumption and assignment. See In re Thane Int'l, Inc., 586 B.R. 540, 546 (Bankr. D. Del. 2018).

17. Here, the Landlord objects to the Debtors' Proposed Cure Amount because it fails to accurately reflect all of the Outstanding Lease Obligations. The Debtors have used, and continue to use, the Premises to generate business since the Petition Date but have not paid all Outstanding Lease Obligations.

18. Accordingly, the Landlord objects to any assumption of the Lease absent payment of all amounts owed thereunder.

**RESERVATION OF RIGHTS**

19. Landlord hereby reserves its rights to object to adequate assurance of future performance pursuant to 11 U.S.C. § 365(b)(1)(C) and (b)(3)(A-D), and to amend or supplement this Objection in the future as it deems appropriate based on the foregoing items or otherwise when the Lease is identified as a lease to be actually assumed or assumed and assigned. Nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Lease between the Debtors and Landlord. Additionally, Landlord reserves its right to seek a § 503(b)(1) administrative claim for the stub-rent owed for the period of September 10, 2024 – September 30, 2024, and for rent accruing after November 1, 2024[3] through the date of any assumption and assignment, as applicable.

**JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS**

20. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of other shopping center lessors to the Cure Notice. Further, Landlord reserves all rights to make further and or future objections if and when a proposed assignee and/or "winning bid" for the Lease is identified.

---

[3] The Debtor paid its obligations under the Lease for the month of October, 2024 and the Landlord expects the Debtor will continue to meet its obligations under the Lease for November, 2024 through the date the Lease is actually assumed or rejected.

**CONCLUSION**

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing up until the date of any assumption and assignment of the Lease; (iii) requiring the Debtors to provide adequate assurance of future performance; (iv) establishing the cure amount of $44,166.77 is owed to Landlord under the Lease pursuant to section 365(b)(1)(A) of the Bankruptcy Code; and (v) grant the Landlord such further relief as it deems proper.

Dated: October 31, 2024
Wilmington, Delaware

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ John W. Weiss*
John W. Weiss (No. 4160)
Alexis Gambale (No. 7150)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jweiss@pashmanstein.com
 agambale@pashmanstein.com

-and-
**ROYER COOPER COHEN BRAUNFELD LLC**

Marc Skapof
1120 Avenue of the Americas, 4th Floor
New York, NY 10036
Tel: (212) 994-0452
Email: mskapof@rccblaw.com

*Counsel to 415 Orchard Associates, LLC*