IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline: November 14, 2024 at 4:00 p.m. (ET)** <br> **Hearing Date: November 21, 2024 at 10:30 a.m. (ET)** |

### GERALD BOGLE'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Gerald Bogle ("Mr. Bogle" or "Movant"), by his undersigned counsel, hereby files this *Motion for Relief from the Automatic Stay* (the "Motion"), by and through which, Mr. Bogle seeks authority to resume and prosecute to conclusion the civil action against Debtor Big Lots, LLC, in the United States District Court for the Western District of Washington styled as *Gerald Bogle v. Big Lots, LLC*, No. 3:23-cv-05588 (the "Washington Action"), pursuant to an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), and in support of the Motion, Mr. Bogle states as follows:

### VENUE AND JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

---

[1] The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

17009747/1

**BACKGROUND**

3. Mr. Bogle was hired by Big Lots, LLC, one of the above-captioned debtors (collectively, the "Debtors") on or about March 2, 2009, and worked as a district manager who managed and was responsible for the stores from Port Angeles, Washington to Portland, Oregon.

4. Mr. Bogle excelled at this role, even earning several accolades from the Debtors corporate office. Mr. Bogle's stores regularly ranked high in the relevant metrics.

5. In March 2021, however, Mr. Bogle began to experience discriminatory behavior based on his age[2] perpetrated by the Debtors Regional Manager Mr. Mani Alagarsamy ("Mr. Alagarsamy"), which created a hostile work environment.

6. Mr. Bogle experience forms of age discrimination, including, but not limited to being: a) referred to as "old boy;" b) told younger people would not respond well to him and his style of dress; and c) told to dress younger.

7. This pernicious discrimination created a hostile work environment which led Mr. Alagarsamy to, among other things: a) fraudulently alter store metrics to make Mr. Bogle look bad; b) make unannounced visits to Mr. Bogle's stores when other younger district managers would receive notice; c) give Mr. Bogle unwarranted performance reviews; and d) display dishonestly in evaluations of Mr. Bogle.

8. Due to the discrimination and hostile work environment fostered by the Debtors, Mr. Bogle developed and was diagnosed with depression and anxiety.

9. Mr. Bogle made numerous attempts to notify representatives of the Debtors regarding the discrimination and hostile work environment, and each time the Debtors failed to take remedial measures to end the discriminatory behavior and hostile work environment.

---

[2] Mr. Bogle was 60 years old in 2021 when the discriminatory behavior began.

10. Instead of working to remedy the problem, the Debtors engaged in retaliatory actions against Mr. Bogle, including giving him his lowest rated performance review during his thirteen years with the company, and sending him to disciplinary counseling. The counseling was baseless, pretextual, and punitive and resulted in another poor performance review.

11. As a result, Mr. Bogle's conditioned worsened and on March 24, 2022, received a doctor's note excusing him from work for six weeks. On April 18, 2022, Mr. Bogle's physician advised him to not return to work due to the toll Debtors' actions.

12. On May 6, 2022, this culminated in the Debtors constructively discharging Mr. Bogle.

13. On June 30, 2023, Mr. Bogle filed the *Plaintiff's Complaint for Damages* (the "Complaint"), attached hereto as **Exhibit B**, thereby initiating the Washington Action. The case progressed with a lengthy discovery process which included numerous discovery requests and motion practice. Eventually, the parties entered into arbitration on April 24, 2024. *See Arbitration Scheduling Order* attached hereto as **Exhibit C**. However, the arbitration stalled on when Mr. Bogle learned of the Debtors chapter 11 filing and as a result of the bankruptcy filing, the Washington Action was stayed.

14. On September 9, 2024, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

**ARGUMENT**

15. Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if –
>
>> (A) the debtor does not have equity in such property; and
>>
>> (B) such property is not necessary to be effective reorganization . . . .

11 U.S.C § 362(d).

16. Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). In circumstances such as those here, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

17. Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facie* showing by a movant, the debtor has the burden of proving that a movant is not entitled to relief from the stay. *In re Rexene Prods., Co.*, 141 B.R. at 577; 11 U.S.C. § 362 (g).

18. "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576.

19. Courts in this District rely upon Rexene's three-pronged balancing test to determine whether "cause" exists for granting relief from the automatic stay to continue litigation:

   a. any great prejudice to either the bankruptcy estate or the debtor will result,

   b. the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

   c. the movant has a probability of prevailing on the merits.

See In re Tribune Co., 418 B.R. at 126 (citing Rexene Prods. Co., 141 B.R. at 576).

20. Cause exists in this case to grant Mr. Bogle relief from the automatic stay. First, there will be no prejudice to the Debtors or their bankruptcy estates. Mr. Bogle's claim will need to be liquidated, and Mr. Bogle does not believe it is likely that the Debtors' key personnel will be required to attend any potential depositions or trial in the Washington Action.

21. Further, the hardship that will be suffered by Mr. Bogle far outweighs any potential hardship to the Debtors if Mr. Bogle is not granted relief from the automatic stay. Mr. Bogle experienced numerous forms of age-related discrimination, including, but not limited to being called old and remarks related to the way he dressed. This discriminatory behavior fostered a hostile work environment which led the Debtors agents and representatives to fraudulently alter store metrics, provided unwarranted and dishonest performance reviews and evaluations. Even beyond the delay in Mr. Bogle's right to receive a payment on account of the discrimination he suffered, any delay in the Washington Action necessarily runs the risk of witnesses' availability to testify.

22. Additionally, Movant suffered serious medical disabilities, including depression and anxiety, and is seeking general, compensatory, and punitive damages.

23. Movant has paid, and will continue to pay, an appreciable price, mentally and emotionally, as a direct result of the injuries he sustained by the Debtors. The Washington Action commenced well before the Petition Date, and the parties investigated the matter. Further, formal discovery had been completed and arbitration had begun. Given the level of Mr. Bogle's disabilities sustained and the advance nature of the proceedings, failure to litigate the Washington Action to conclusion may result in Movant not having an adequate remedy at law.

24. Mr. Bogle need only prove the third *Rexene* prong with a showing that is "very slight," *Rexene Prods.*, 141 B.R. at 578. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where . . . the decision-making process should be relegated to bodies other than this court." *Id.* (quoting *Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)). The facts set forth in the Complaint provide sufficient probability to support a damages award in favor of Mr. Bogle. Mr. Bogle did nothing to contribute to the cause of his discrimination nor could he have known the consequences that would result.

25. By contrast, Debtors, through its agents and representatives, engaged in discriminatory behavior and fostered a hostile work environment. The Debtors were aware of the discriminatory behavior and the effect it was having upon Mr. Bogle and took no remedial measure, and, in fact, engaged in retaliatory actions against him furthering his depression and anxiety. Thus, no "strong defense" exists concerning liability in the matter. Accordingly, Movant submits the *Rexene* factors have been met, warranting relief from the automatic stay.

26. Mr. Bogle believes that relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Mr. Bogle respectfully submits that any order granting this Motion should be

effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed. R. Bankr. P. 4001(a)(3).

**WHEREFORE**, Mr. Bogle requests that this Court (i) enter an order, substantially in the form appended hereto, lifting and modifying the automatic stay set forth in 11 U.S.C. § 362(a); and (ii) grant Mr. Bogle such further relief as this Court deems just and proper.

Dated:  October 31, 2024

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Jeffrey R. Waxman (DE Bar No. 4159)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: cdonnelly@morrisjames.com

*Counsel for Gerald Bogle*

17009747/1