# **EXHIBIT B**

Complaint

17009747/1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GERALD BOGLE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BIG LOTS, LLC, a Delaware Corporation.<br><br>　　　　　　　Defendant. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>JURY TRIAL REQUESTED |

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page i

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment, equitable relief, and money damages, under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"); the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); and the Washington Law Against Discrimination, RCW 49.60, *et seq*. ("WLAD"), and Washington's tort of wrongful discharge in violation of public policy to correct the discriminatory and unlawful actions by Defendant Big Lots ("Defendant"). This lawsuit is to provide appropriate relief to Plaintiff Gerald Bogle ("Mr. Bogle" or "Plaintiff"), an employee who was adversely affected by Defendant's discrimination, retaliation, hostile work environment, and other unlawful actions.

2. Mr. Bogle seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages, compensatory damages, liquidated damages, punitive damages, and attorney's fees and costs to the fullest extent allowed by law.

## II. PARTIES

3. Plaintiff Bogle is a resident of Pierce County, Washington.

4. Defendant is an Ohio corporation whose corporate headquarters is located in the State of Ohio.

## III. JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 and § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. Venue is proper in the Western District of Washington at Tacoma under 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the jurisdiction of the U.S. District Court for the Western District of Washington at Tacoma, and Plaintiff was employed in Pierce County, Washington.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

7. At all relevant times, Defendant was continuously doing business in the Western District of Washington and transacting business in the Western District of Washington.

8. At all relevant times, Defendant was an employer engaged in an industry affecting commerce and had the requisite number of employees under the aforementioned statutes.

9. Mr. Bogle timely filed a charge with the Equal Employment Opportunity Commission (EEOC).

10. All jurisdictional prerequisites have been met.

## IV. FACTUAL ALLEGATIONS

11. The preceding paragraphs 1 through 10 are re-alleged and hereby incorporated by reference.

12. Defendant engaged in unlawful employment practices against Mr. Bogle.

13. Defendant's unlawful conduct was motivated by Mr. Bogle's age, disability, and opposition to Defendant's discriminatory conduct.

14. Defendant discriminated, retaliated, and took adverse actions against Mr. Bogle for opposing discrimination and retaliation in the workplace.

15. Mr. Bogle is 62 years old.

16. Defendant hired Mr. Bogle on March 2, 2009.

17. Mr. Bogle was hired as a District Manager and managed stores from Port Angeles, Washington to Portland, Oregon.

18. Mr. Bogle was a high achiever in this role and received several accolades, including the "Best of the Best" by the company's CEO. Mr. Bogle's stores were also consistently ranked high in metrics.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

19. In March 2021, Regional Manager Mani Alagarsamy began supervising Mr. Bogle in his role as District Manager.

20. Regional Manager Alagarsamy is significantly younger than Mr. Bogle and was in his forties when the unlawful actions took place.

21. In 2021, Mr. Bogle was 60 years old and the oldest District Manager working under Defendant Alagarsamy.

22. It did not take long for Defendant's Regional Manager Alagarsamy to begin demonstrating his animus against Mr. Bogle because of Mr. Bogle's age.

23. Defendant engaged in discriminatory behavior and created a hostile work environment based on Mr. Bogle's age, including, but not limited to:

    a. Referring to Mr. Bogle as "old boy";

    b. Telling Mr. Bogle that younger people will not respond well to him and his style of dress;

    c. Telling Mr. Bogle to dress younger and trendier.

24. Defendant's Regional Manager treated Mr. Bogle worse due to his age furthering the hostile work environment and age discrimination, including, but not limited to:

    a. Fraudulently altering metrics to make Mr. Bogle look bad;

    b. Making many unannounced visits to Mr. Bogle's stores when all other stores with younger district manages received notice in advance;

    c. Giving Mr. Bogle unwarranted negative performance reviews despite him being a high performer;

    d. Otherwise, being manipulative and not forthright in evaluating Mr. Bogle.

25. On June 2, 2021, Mr. Bogle complained in writing to Mr. Alagarsamy about him fraudulently altering metrics.

26. Due to Defendant's hostile work environment and discrimination, Mr. Bogle was diagnosed with depression and anxiety, qualified disabilities.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 3

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

27. Mr. Bogle's has qualified disabilities under the ADA and Washington's law against discrimination, the WLAD.

28. On February 23, 2022, Mr. Bogle complained in writing about the above mistreatment by Mr. Alagarsamy to Defendant, specifically referencing the hostile work environment, being targeted, and age discrimination in an email to Executive Vice President (EVP) Nick Padovano.

29. Mr. Bogle also disclosed his disability in the same email.

30. In the same email, he further advised Defendant that the hostile work environment was causing him "clinical depression."

31. Defendant had notice of the hostile work environment, retaliation, and age discrimination.

32. Defendant also had notice of Mr. Bogle's concerns about being unfairly targeted.

33. Defendant took no prompt or effective remedial measures to end the hostile work environment or remedy the discrimination and retaliation.

34. Defendant had notice of Mr. Bogle's disability.

35. Defendant took no action to accommodate Mr. Bogle's disability.

36. Defendant failed to engage in any type of interactive process despite having notice of his disability.

37. Instead of remedying the hostile work environment or attempting to make reasonable accommodations, Defendant retaliatorily escalated the hostile work environment.

38. On March 16, 2022, in retaliation, Defendant through Regional Manager Alagarsamy gave Mr. Bogle a false and negative performance review.

39. The score was the lowest rating he had received during his 13-year career with Defendant.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

40. On March 16, 2022, Mr. Bogle complained in writing about this performance review to Defendant, specifically sending it to EVP Padovano and Executive Vice President of Human Resources, EVP Mike Schlonsky.

41. In that same email, Mr. Bogle provided evidence of the false nature of the reviews, cited a hostile work environment based on his age, explained how Defendant's actions were impacting his disability, and requested that they stop it since it was causing him anxiety and depression.

42. Again, Defendant took no prompt or remedial measures to end the hostile work environment.

43. Again, Defendant offered zero accommodations for Mr. Bogle's disability.

44. Again, Defendant failed to engage in an interactive process at all and made no effort to accommodate his disability.

45. Instead, on March 22, 2022, in retaliation, Defendant gave Mr. Bogle disciplinary counseling.

46. The counseling was baseless, false, punitive, and retaliatory.

47. This worsened Mr. Bogle's disability.

48. Defendant cited poor performance in the disciplinary counseling letter.

49. Defendant's stated reasons for Mr. Bogle's disciplinary counseling are pretext for discrimination, retaliation, and furthered the hostile work environment based on age, disability, and retaliation for engaging in protected activity.

50. On March 24, 2022, Mr. Bogle received a doctor's note to step out of work for six weeks due to Defendant's actions.

51. On April 18, 2022, Mr. Bogle's physician advised him to not return to work for Defendant.

52. Due to Defendant's actions, Mr. Bogle was constructively discharged on May 6, 2022.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

53. When Regional Manager Alagarsamy learned that Mr. Bogle would not be returning to work for Defendant, he openly expressed satisfaction, and pleasure that Mr. Bogle would not be returning to work.

54. The effect of the practices complained of in the above paragraphs has been to deprive Mr. Bogle of equal employment opportunities and otherwise adversely affect his status as an employee.

55. The unlawful employment practices complained of in the above paragraphs were intentional.

56. The unlawful employment practices complained of in the above paragraphs were done with malice and/or with reckless indifference to Mr. Bogle's rights as protected by state and federal laws.

57. Defendant failed to act to eliminate the discrimination and retaliation against Mr. Bogle and other similarly situated employees.

58. Defendant's actions also violated Washington's tort of wrongful discharge in violation of public policy, which protects employees from being terminated in violation of Washington's fundamental policies including protecting employees from discrimination and retaliation.

59. As a result of Defendant's conduct, Mr. Bogle has suffered and continues to suffer economic losses and non-pecuniary losses and other damages prayed for herein.

## V. RESERVATION OF RIGHTS

60. Plaintiff reserves the right to add, revise, or withdraw any claims, or add parties, including potential successor entities, as information is obtained through the course of litigation including, but not limited to, adding in similarly situated parties or additional defendants.

61. The actions stated above are not and cannot comprise an exhaustive or complete list of Defendant's wrongful acts, adverse actions, or hostile work environment. This complaint

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 6

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

does not include each and every fact or legal theory that supports Plaintiff's claims or damages that may be presented at trial.

## VI.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A.      Grant a permanent injunction enjoining Defendant, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other unlawful employment practices.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial.

E.      Order Defendant to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation emotional harm, physical harm, physical pain, suffering, humiliation, embarrassment, anxiety, impact to Plaintiff's career and reputation, and loss of enjoyment of life, in an amount to be determined at trial.

F.      Order Defendant to pay Plaintiff punitive damages for the conduct described in the above paragraphs, in amounts to be determined at trial, to the fullest extent allowed by law.

G.      Order Defendant to pay liquidated and/or double damages to Plaintiff as allowed under the aforementioned statutes, including but not limited to the damages provided.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 7

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

H. Order Defendant to make Plaintiff whole by providing relief under RCW 49.48 *et. seq*., and RCW 49.52 *et. seq*, or any other applicable statute, including awarding double damages.

I. Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

J. Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

K. Award Plaintiff other damages including prejudgment interest and post-judgment interest.

L. Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

M. The right to conform the pleadings to the evidence presented at trial.

N. Such other relief as may be just and equitable.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 8

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

DATED this 30th day of June, 2023.

THE BLANKENSHIP LAW FIRM, PLLC

By: /s Scott C.G. Blankenship
Scott C. G. Blankenship, WSBA No. 21431
Tobin S. Klusty, WSBA No. 52567
The Blankenship Law Firm, PLLC
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email: sblankenship@blankenshiplawfirm.com
tklusty@blankenshiplawfirm.com

Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 9

THE BLANKENSHIP LAW FIRM, PLLC
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700