# **EXHIBIT C**

Arbitration Scheduling Order

Judge Laura C. Inveen (ret.), Arbitrator

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| GERRY BOGLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BIG LOTS LLC,<br><br>　　　　　Defendant. | No. 01-24-0000-4682<br><br>SCHEDULING ORDER |

This matter is governed by the <u>Big Lots Mutual Arbitration Agreement for Current Associates</u> entered into between the parties, the Federal Arbitration Act, and the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association. Washington state substantive law applies.  A preliminary hearing was held by phone on April 24, 2024.

**Preliminary Hearing Attendees:**

<u>For Claimant</u>:  Scott Blankenship, *The Blankenship Law Firm, PLLC*

<u>For Respondent</u>:  Cory D. Catignani, *Vorys, Sater, Seyour and Pease LLC*

<u>For the Association</u>:  Jose Guerrero

By agreement of the Parties and Order of the Arbitrator, the following is Ordered:

1. **Date of Arbitration Hearing:**

   The hearing shall be held June 9, 10, 11, 12, and 13, 2025. Pursuant to the Arbitration Agreement, the Hearing shall not exceed 5 days.  The Parties may mutually agree to extend or shorten the length of the Hearing.  If one Party requests to extend or shorten the length of the Hearing, and the other Party opposes the request, the Arbitrator shall decide whether to extend or shorten the length of the Hearing.  Claimant anticipates requesting additional time.

2. **Location of Arbitration Hearing:**

   The hearing shall be held at the Blankenship Law Firm's office[1] in Seattle, Washington or other mutually agreeable location, or by Zoom if agreed to by the parties. Any party may reserve the right to request the remote testimony of specific witnesses under the AAA rules.

3. **Deadline for Counsel to Confer Regarding Mediation:**  March 31, 2025.

4. **Deadline to Amend Pleadings:**  July 3, 2024.

5. **Discovery and Discovery Disputes:**

   The parties will conclude discovery, including depositions and motions by March 11, 2025 (90 days before arbitration).

   The parties will exchange under the AAA Initial Discovery Protocols for Employment Arbitration Cases (https://www.adr.org/sites/default/files/document_repository/Initial-Discovery-Protocols-for-Employment-Arbitration-Cases.pdf) on or before May 20, 2024 (four weeks after management conference), to include a disclosure of witnesses, contact information and brief description of knowledge, and the documents specified in the protocol.  Any party who

---

[1] 1000 2nd Avenue, Ste. 3250, Seattle, WA

SCHEDULING ORDER
Page 1

believes the other party's disclosures are inadequate under the protocols may meet and confer and invoke the discovery dispute procedure set out herein for any unresolved issues.

The limits of discovery shall be modeled after LCR 26 of the King County Superior Court Local rules. During discovery, parties shall serve no more than Forty (40) interrogatories (not to be duplicative of information required by the Initial Discovery Protocols for Employment Arbitration Cases). Parties shall be permitted to serve no more than Twenty-Five (25) Requests for Admission.

Each Party shall take no more than Ten (10) depositions with each deposition limited to one day of seven hours; provided, that each party may conduct one deposition that shall be limited to two days and seven hours per day.

Discovery may be served on or after May 20, 2024, with responses due 30 days after service. Nothing precludes either party from seeking leave from the Arbitrator to serve additional discovery requests.

All discovery disputes are to be submitted to the Arbitrator with sufficient time for the other party to respond pursuant to the procedures set forth above and the Arbitrator to rule prior to the close of discovery.

If a discovery dispute cannot be resolved by mutual agreement after having an in person or telephonic meeting on the subject, the dispute may be resolved by the Arbitrator in a telephone conference, or a letter or e-mail of up to three pages outlining the relief sought and the basis therefor. The other party shall reply as soon as possible but in no event later than five business days from receipt of the original e-mail. The Arbitrator can resolve the dispute based on the email submissions, conduct a telephone conference, or request further briefing.

6. **Identification of Hearing Witnesses and Exhibits:**

- **The parties will exchange witness and exhibit lists for hearing**: April 25, 2025 (about 45 days before hearing.) The AAA does not require a copy of the exhibits.

- **Rebuttal/responsive witnesses and exhibits**: May 5, 2025 (about 35 days before hearing.

- **Expert reports**, if any, will be served no later than 60 days before the close of discovery.

- **Opposing expert reports** (if any) will be served 30 days after the service of initial expert reports (if any).

- **Expert depositions**: The parties will work cooperatively to set expert depositions prior to the close of discovery.

- **Hearing briefs and hearing exhibits**: Each party shall provide their Hearing briefs and exhibits by May 30, 2024. The briefs shall include a statement of the exact relief sought, (*e.g.,* specific amount of any monetary relief sought, precise wording of any non-monetary relief sought, any amounts sought for interest along with the legal basis for and how computed). The parties shall also provide electronic or hard copies of any cases upon which they substantially rely to support the position. Each proposed hearing exhibit shall be pre-marked for identification using the following designations:

    - Claimant:  C1-____
    - Respondent:  R1- ___
    - The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits. Joint exhibits shall

SCHEDULING ORDER
Page 3

be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.). A hard copy of the exhibits shall be provided to the arbitrator. The parties may also choose to provide electronic copies.

7. **Communication:**

The parties agree to participate in Direct Exchange. Provided there is no ex parte communication with the Arbitrator, the parties may communicate directly with the Arbitrator by submitting documents to her and also sending copies to the other parties and to the AAA. There shall be no direct oral or written communication between the parties and the Arbitrator except as contemplated by this Order. Any communication to the Arbitrator shall be copied to the AAA (this shall not include hearing exhibits and discovery responses).

8. **Court Reporter:** See AAA Rule 20. If both parties desire a stenographic record of the hearing, the parties will arrange between themselves for the presence of a court reporter. The cost of the court reporter will be divided evenly between the parties. If the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record. The party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other party at least three days in advance of the hearing.[2]

9. **Form of Award:**

Reasoned award, following post-hearing briefing. Post hearing briefing to be due thirty (30) days after receipt of the transcript. After the arbitration hearing is completed, the record will not be closed. Rather, the Arbitrator will issue an Interim Award resolving all issues in

---

[2] By this order, Claimant is not precluded from moving for an order for relief from payment of court reporter expenses, as counsel indicated in the pre-hearing conference.

SCHEDULING ORDER
Page 4

dispute except those relating to claims for attorneys' fees and costs. The Interim Award will set a schedule for additional written submissions from the parties on the reserved fees and costs issues. After these have been received the record will be closed. Unless the parties agree otherwise, the fees and costs issues will be resolved based on these written submissions, without an additional hearing and without oral argument. Following the closing of the record, a Final Award will be issued in due course.

**10. Additional Management Conference Calls:**

January 7, 2025 at 4:00 p.m. to discuss any open discovery issues (notice to be provided in advance of subject matter). This may be stricken by agreement of the parties.

June 2, 2025 at 4:00 p.m. to discuss hearing issues.

**11. Additional Issues:**

**Dispositive motions.** Pursuant to the Arbitration Agreement, the Arbitrator has the authority to entertain a motion to dismiss and/or motion for summary judgment by any Party. Leave to file a summary judgment motion shall be submitted to the Arbitration no later than 30 days after the close of discovery.

**Subpoenas to third parties.** No subpoenas shall be issued to any third parties without prior application for and leave to do so from the Arbitrator, with notice to all counsel.

Dated this 26th day of April, 2024

Signed: *Laura C. Inveen*

Judge Laura C. Inveen (ret.), Arbitrator