IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC. *et al.*,[1]<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 24-11967 (JKS)<br>)<br>) (Jointly Administered)<br>)<br>) |

**OBJECTION OF LAFAYETTE PLACE OMV, LLC TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Lafayette Place OMV, LLC ("Lafayette Place"), hereby submits its objection to the above captioned Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (the "Cure Notice") (D.I. 511). In support of its Objection, Lafayette Place states as follows:

**RELEVANT BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (D.I. 1). Upon information and belief, the Debtors continue to operate their business under sections 1107(a) and 1108 of the Bankruptcy Code.

3. Lafayette Place and Debtor Big Lots Stores, LLC are parties to that certain lease agreement (the "Lease Agreement") entered into as of May 16, 2014 for store number 5327 located

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

at Lafayette Place Shopping Center in Tallahassee, Florida. A copy of the Lease Agreement is attached hereto as **Exhibit A**.

6. Debtors are currently behind in their rent and CAM obligations to Lafayette Place in the amount of $61,048.74 as shown on the account statement and proof of claim attached hereto as **Exhibit B**. Specifically, the Debtor owes September rent and sales tax of $30,032.79, plus 2023 CAM of $31,015.95, for a total amount to cure of $61,048.74. A CAM reconciliation statement is attached as **Exhibit C**.

## OBJECTION

7. The Lease Agreement is identified on the Cure Notice, but with a purported cure amount of $30,033.00. To the extent the Debtors seek to assume the Lease Agreement, Lafayette Place objects to the assumption to the extent the cure amount is incorrect and to the extent not enough information has been provided regarding the assignee's ability to provide adequate assurance of future performance.

### A.    Objection to the Proposed Cure Amount

8. Pursuant to sections 365(b)(1) and 365(f)(2)(A) of the Bankruptcy Code, prior to assumption of a contract in default, (i) the trustee must cure or provide adequate assurance that the trustee will promptly cure a default; (ii) compensate, or provide adequate assurance of prompt compensation, of a party other than the debtor to such contract, for any actual pecuniary loss to such party resulting from such default; and (iii) provide adequate assurance of future performance under such contract.

9. Lafayette Place objects to the Cure Notice as it fails to provide the correct cure amount for all amounts currently due of $61,048.74, and for additional amounts which may be incurred by the time of assumption of the contract.

**B.      Adequate Assurance and Clarification Regarding Counterparties to the Assumed Contracts and their Respective Obligations**

10.     Lafayette Place also objects to the assumption and assignment of the Lease Agreement as it has not been provided with adequate assurance of future performance.

11.     Adequate assurance of future performance "is considered to be something less than an absolute guarantee." *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (quoting *In re PRK Enters., Inc.*, 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999)). To determine what constitutes adequate assurance of future performance, the Court must evaluate the facts and circumstances of each case. *Id.*; *see In re Fleming Companies*, 499 F.3d 300, 307 (3d Cir. 2007) ("Adequate assurance of future performance are not words of art; the legislative history of the Bankruptcy Code shows that they were intended to be given a practical, pragmatic construction," and "must be determined by consideration of the facts of the proposed assumption." (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n.10 (3d Cir. 2001)).

12.     In order for Lafayette Place to determine that sufficient adequate assurance is provided, at a minimum, it must be able to evaluate the financial ability of the purported assignee of the Lease Agreement.

**Joinder**

13.     Lafayette Place hereby joins in and incorporates by reference any objections filed by other contract counter-parties to the assumption and assignment of their contracts.

**RESERVATION OF RIGHTS**

13.     Lafayette Place reserves its right to amend, modify or supplement this Objection and to raise any additional arguments and objections as permitted under applicable law, including without limitation, the right to objections regarding adequate assurance of future performance under section 365.

**CONCLUSION**

WHEREFORE, Lafayette Place respectfully requests that the Court enter an Order (i) sustaining this Objection to the extent that the Debtors do not rectify the cure amount of $61,048.74 as set forth herein and requiring any order authorizing the assumption of any agreements of Lafayette Place to include the cure amounts set forth herein; and (ii) granting Lafayette Place such other and further relief as the Court deems proper.

Dated:  October 31, 2024  **GELLERT SEITZ BUSENKELL & BROWN, LLC**

By: */s/ Ronald S. Gellert*
Ronald S. Gellert  (DE 4259)
Amy D. Brown (DE 4077)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5814
E-mail:  rgelllert@gsbblaw.com
              abrown@gsbblaw.com

*Counsel for Lafayette Place OMV, LLC*