# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BIG LOTS, INC., *et al.* | § | Case No. 24-11967 (JKS) |
| | § | |
| Debtors | § | |
| | § | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## Big Lots eCommerce LLC

### CASE NO. 24-11980

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

## GLOBAL NOTES AND
## STATEMENTS OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### General

Big Lots, Inc. and certain of its affiliates, as debtors and debtors in possession (the "**Debtors**" or "**Big Lots**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and, collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

These global notes and statements of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements and should be referred to and referenced in connection with any review of the Schedules and Statements.[2]

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their directors, managers, officers, agents, attorneys, financial advisors, and other representatives and professionals do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their directors, managers, officers, agents, attorneys, financial advisors, and other representatives and professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, managers, officers, agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Jonathan Ramsden, Chief Financial and Administrative Officer of Big Lots and its subsidiaries and an authorized signatory for each of the Debtors. In reviewing the Schedules and Statements, Mr. Ramsden has relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Given the scale of the Debtors' business, Mr. Ramsden has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate; *provided*, that the Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except to the extent required by applicable law.

**Global Notes and Overview of Methodology**

1. **Description of the Cases**.  On September 9, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 10, 2024, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) (D.I. 95).  On September 23, 2024, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Committee**") (D.I. 248). Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

2. **Global Notes Control**.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.  In the event that the Schedules and Statements differ from any of the Global Notes, the Global Notes shall control.

3. **Reservation of Rights**.  Commercially reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except to the extent required by applicable law.  Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims the Debtors may hold against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   a. **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation as to the validity of any claim against any Debtors or any assertion made therein or herein, or a waiver of any of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   b. **Claims Listing and Descriptions**.  The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate, including but not limited to, with respect to the description, designation, or Debtor against which any claim against a Debtor is asserted.  Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their

Schedules and Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated" and object to the extent, validity, enforceability, priority, or avoidability of any claim (regardless of whether such claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").

c.     **Recharacterization**.  The Debtors have made commercially reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired on a postpetition basis.

d.     **Classifications**.  The listing of (i) a claim (a) on Schedule D as "secured," or (b) on Schedule E/F as either "priority" or "unsecured priority," or (ii) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize, or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims, the characterization of the structure of any transaction, and any document or instrument related to such creditor's claim.

e.     **Estimates and Assumptions**.  To prepare these Schedules and Statements and report information on an entity-by-entity basis, the Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date.  Actual results could differ from such estimates.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f.     **Causes of Action**.  Despite commercially reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover

assets.  The Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at law, in equity, or otherwise (collectively, "**Causes of Action**"). Causes of Action also include:  (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (ii) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including, without limitation, securities laws, negligence, and gross negligence; (iii) the right to object to or otherwise contest claims or interests; (iv) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (v) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (vi) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including, without limitation, fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such claims or causes of action.

g.     **Intellectual Property Rights**.  Exclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property on the Schedules and Statements shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

h.     **Insiders**.  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe might be included under the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods, irrespective of the title that the person holds.  Certain individuals that may hold a senior title, but who would not fall under the definition of "insider" have not been included.  However, the listing or

omission of a party as an "insider" for the purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should be construed as, an admission that such parties are insiders for purposes of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent to which any individual or entity exercised management responsibilities or functions; (c) corporate decision-making authority over the Debtors; or (d) whether such individual or entity (or the Debtors) could successfully argue that they are not an insider under applicable law, including, without limitation, the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date or may no longer serve in such capacities. Nevertheless, the Debtors have included such individuals or entities herein out of an abundance of caution, and the Debtors reserve all rights with respect thereto. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

## 4. <u>Methodology</u>

a. **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for the Debtors. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. Nevertheless, due to limitations within the Debtors' accounting systems, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, to the extent a Debtor reports more assets than liabilities, such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date.   Likewise, to the extent a Debtor reports more liabilities than assets, such report shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential revision.

b.    **Reporting Date**.  The asset information provided herein, except as otherwise noted, represents the Debtors' asset data as of August 31, 2024[3], the date of the Debtors' closure to their balance sheet, and the Debtors' liability data, except as otherwise noted, is as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

c.    **Confidentiality or Sensitive Information**.  There may be instances in which certain information in the Schedules and Statements has been intentionally redacted due to, among other things, concerns for the privacy of an individual or concerns about the confidential or commercially sensitive nature of certain information.  Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third-party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing.  The alterations will be limited to only what is necessary to protect the Debtor or the applicable third party.  The Debtors may also be authorized or required to redact certain personal identification information from the public record pursuant to orders of the Court authorizing the Debtors to redact, seal, or otherwise protect such information from public disclosure.[4]

d.    **Consolidated Entity Accounts Payable and Disbursement Systems**.  Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively, and disbursements are reported on Statement 4, per the Debtors' unaudited books and records.  As described more fully in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing (A) Debtors To Continue To Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors To Open and Close Bank Accounts, and (C) Financial Institutions To Administer the Bank Accounts and Honor and Process Related*

---

[3]    The Debtors operate under a 4-4-5 fiscal calendar and have elected to report for the month ending August 31, 2024.

[4]    *See, e.g.*, *Final Order (I) Confirming the Manner of Satisfying the Requirement To File a List of Equity Security holders and (II) Authorizing Debtors to Redact Certain Personal Information* (D.I. 517) (the "**Redaction Order**").

*Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims* (D.I. 15) (the "**Cash Management Motion**"), the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated from their operations (the "**Cash Management System**"). The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. The Cash Management System is supported by approximately eight hundred and thirty-two (832) bank accounts.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the Debtors engaged in intercompany transactions (the "**Intercompany Transactions**") in the ordinary course of business, which resulted in intercompany receivables and payables (the "**Intercompany Claims**"). The Debtors maintain strict records of the Intercompany Claims and can generally ascertain, trace, and account for Intercompany Transactions. Pursuant to the *Final Order (I) Authorizing (A) Debtors To Continue To Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors To Open and Close Bank Accounts, and (C) Financial Institutions To Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims* (D.I. 547) (the "**Cash Management Order**"), the Court granted the Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business, subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F, may not accurately reflect current positions.

In addition, certain of the Debtors make payments on behalf of other Debtors. Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e.      **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f.      **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, unless otherwise indicated, net book values set forth in these Schedules and Statements are presented as of August 31, 2024 for all assets.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.

Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights the Debtors have with respect to such asset.  Nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date or at any time prior to or after the Petition Date.

g.      **Currency**.  All amounts shown in the Schedules and Statements are in U.S. dollars, unless otherwise indicated.

h.      **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Court entered various orders authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); (iv) taxes and assessments; (v) customer program obligations; and (vi) critical vendor obligations (collectively, the "**First Day Orders**").  As such, outstanding liabilities may have been reduced by Court-approved postpetition payments made on account of prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements unless otherwise indicated.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i.      **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval.  To the extent the Debtors

pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplication of payment for such liabilities.

j.    **Setoffs**.  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors.  In accordance with the Debtors' agreements with their vendors and other contract counterparties, these amounts are set off on a reoccurring basis against future revenues in a normal course reconciliation process with these partners.  Certain of these ordinary course setoffs are not independently accounted for and, as such, may be excluded from the Schedules and Statements. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted against them, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code.

k.    **Accounts Receivable**.  The accounts receivable information listed on the Schedules includes receivables from the Debtors' credit card merchants, payment processors, and customers and is calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' program policies, day-to-day operating policies, and any applicable Court order.

l.    **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  Certain intangibles are listed in the asset schedules for the Debtors.  Such treatment may not reflect actual legal ownership.

The Debtors may lease furniture, fixtures, and equipment (the "**FF&E**") from certain third-party lessors.  The Debtors have endeavored to list any such leases in the Schedules and Statements.  Nothing in the Statements or Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such lease, including, but not limited to, the recharacterization thereof.

m.    **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the Debtors reserve all of their rights with respect to such liens (if any).  UCC liens as of the Petition Date, if any, are listed on Schedule D.

n.  **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts, or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero, are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights, and unfavorable lease liabilities.  In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other orders that may be entered by the Court.  Other immaterial assets and liabilities may also have been excluded.

o.  **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

p.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined."  To the extent there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

q.  **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, and taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and postpetition payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

r.  **Guarantees and Other Secondary Liability Claims**.  The Debtors exercised their commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Nevertheless, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing.  Where such Guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors have reflected the obligations

under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings, debt instruments, and other such agreements on Schedule H. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. The Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified.

s.      **Leases**. The Debtors have not included future obligations under any capital or operating leases in the Schedules and Statements. To the extent there was an amount outstanding on account of such lease as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules. In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other property interests, and/or equipment from third-party lessors for use in the daily operation of their business. Any such prepetition obligations that are known to the Debtors have been listed on Schedule E/F, and the underlying lease agreements are listed on Schedule G or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A/B. Moreover, the Debtors have been engaged in a multi-wave process of auctioning, selling, and rejecting unexpired leases pursuant to the *Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief* (D.I. 137), the *Second Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief* (D.I. 460), the *Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* (D.I. 461), and various other omnibus orders approving the Debtors' rejection of certain executory contracts and unexpired leases. Any post-petition lease sale, assumption and assignment, or rejection is not reflected in the Schedules and Statements. Nothing in the Schedules and Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

t.      **Executory Contracts**. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents. In addition,

although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease.

u.    **Allocation of Liabilities**.  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

v.    **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

w.    **Umbrella or Master Agreements**.  Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only for the Debtor entity that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules to reflect changes regarding the liabilities of the Debtors with respect to such agreements, if appropriate.  The master service agreements or other ancillary documents have been listed in Schedule G, but such listing does not reflect any decision by the Debtors as to whether such agreements are executory in nature.

## <u>Specific Schedule Disclosures</u>

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules.  Those Schedule-specific notes are incorporated herein by reference.  Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the Debtors' books and records as of August 31, 2024.  To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

1.  **Schedule A/B – Assets – Real and Personal Property.**

a.      **Part 1 – Cash and cash equivalents**.  The Debtors' Cash Management System is comprised of approximately eight hundred and thirty-two (832) bank accounts. Further details with respect to the Cash Management System are provided in the Cash Management Motion.  The cash amounts listed are as of the Petition Date for the corresponding Debtor and reflect the bank balance, not the net book value.

Certain cash balances are reported under cash on hand.  This represents cash in store registers or safes that had not yet been picked up for deposit in bank accounts.

b.      **Part 3 – Accounts receivable**.  The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.  The Debtors have made reasonable efforts to segregate their receivable balances into the relevant aging categories, but in some cases, information was not readily available to fully segregate the balances.  The accounts receivable balances in this section exclude intercompany receivables.

c.      **Part 4 – Investments**.  Part 4 identifies only subsidiaries owned directly by the applicable Debtor entity.  Subsidiaries owned indirectly by the Debtor entity are not listed.  Ownership interests in subsidiaries, partnerships, and joint interests are listed in Schedule A/B, Question 15, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

d.      **Part 5 – Inventory, excluding agricultural assets.**  The Debtors' review and reconciliation of their purchase and receipt records is ongoing, and as such, an estimate of the value of property purchased within 20 days before the Petition Date has not been included in the Schedules.

e.      **Part 7 – Office furniture, fixtures, and equipment; and collectibles**.  Actual realizable values may vary significantly relative to net book values as reported in the Schedules.

f.      **Part 8 – Machinery, equipment, and vehicles**.  Property owned by the Debtors is listed in Schedule A/B.  Leases for property are listed on Schedule G.  Actual realizable values of the assets identified may vary significantly relative to net book values as reported in the Schedules.

g.      **Part 9 – Real Property**.  Real property leased by the Debtors is listed on both Part 9 of Schedule A/B and on Schedule G.  Furthermore, property values are scheduled in accordance with the Debtors' books and records, which may not comport with the legal owner of record.  Actual realizable values of the assets identified may vary significantly relative to net book values as reported in the

Schedules. The Debtors' records are undergoing continual review with respect to the reported depreciation of assets associated with ongoing store closures. The amounts set forth in the Schedules for certain property may not reflect full depreciation amounts. The Debtors reserve all rights to recharacterize their interests in real property at a later date.

h. **Part 10 – Intangibles and intellectual property**. Part 10 identifies the various trademarks, copyrights, patents, and website domains owned and maintained by the Debtors. The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.

i. **Part 11 – All other assets**. The Debtors maintain approximately 101 insurance policies administered by multiple third-party insurance carriers. The insurance policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, fiduciary liability, and directors' and officers' liability (including tail coverage). The Debtors more fully describe such policies in the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors To (A) Continue and Renew their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter Into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers* (D.I. 12) (the "**Insurance Motion**"). The Debtors have included the insurance policies on the Schedules of Big Lots, Inc. Due to volume, the Debtors have not separately listed each policy on each of the Debtors' Schedules. However, the policies provide coverage for all of the Debtors. Any policies owned by suppliers to which Debtor entities may have been added as a beneficiary are not included.

The Debtors have included net operating loss carryforwards ("NOLs") in response to Question 72. The NOLs balances included in the Schedules are as of February 4, 2024, the Debtors' most recent fiscal year-end.

The Debtors have included intercompany receivable balances in response to Question 77. These balances are reflected as of August 31, 2024.

Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist and should not be construed as a waiver of such cause of action, claim, or right.

2. **Schedule D – Creditors Who Have Claims Secured by Property.**

a. The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates. To the best of the

Debtors' knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date.

b.      Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (i) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken, and (ii) the descriptions provided on Schedule D and herein are intended to be a summary.   Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.   Detailed descriptions of the Debtors' prepetition debt structure, guarantees, and descriptions of collateral relating to each obligation, if any, contained on Schedule D are contained in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* (D.I. 3) (the "**First Day Declaration**").

c.      Schedule D does not include beneficiaries of letters of credit.  Although the claims of such parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

d.      The Debtors' reasonably accessible records do not include information with respect to the Debtor entity contractually obligated under the Surety Bonds.  All Surety Bonds have related indemnity agreements and/or letters of credit supporting them, which are contracted with Big Lots Stores, LLC.  Therefore, the Debtors have listed all Surety Bonds on Schedule D for Big Lots Stores, LLC.  The Debtors reserve their rights to modify or amend their Schedules to attribute such obligations to a different Debtor entity, if appropriate.

e.      The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.  The Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

f.      Secured claims include both principal and accrued interest as of the Petition Date.

**3.   Schedule E/F – Creditors Who Have Unsecured Claims.**

a.      **Part 1 – Creditors with Priority Unsecured Claims**.  The claims listed on Part 1 arose and were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Part 1.

To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

The Debtors have not listed any wage or wage-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1. The Debtors believe that all such claims for wages, salaries, expenses, benefits, and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these Chapter 11 Cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

The Debtors also have not listed any tax-related obligations that the Debtors have paid pursuant to the First Day Orders on Part 1. The Debtors believe that all such claims for taxes as described in the First Day Orders have been or will be satisfied in the ordinary course during these Chapter 11 Cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on Part 1. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors may otherwise be unable to determine with certainty the amount of the remaining claims listed on Part 1. Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors have included the potential taxing authority obligations on the Schedules of Big Lots, Inc. The Debtors' reasonably accessible records do not include information with respect to the Debtor entity potentially liable on account of these obligations. The Debtors reserve their rights to modify or amend their Schedules to attribute such obligations to a different Debtor entity, if appropriate.

b.  **Part 2 – Creditors with Nonpriority Unsecured Claims**. The Debtors have exercised commercially reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor, including, but not limited to, any and all rights preserved pursuant to section 558 of the Bankruptcy Code. Additionally, certain creditors may assert mechanic's liens or other similar liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor of any

Debtor listed on Part 2. In addition, certain claims listed on Part 2 may potentially be entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors have made commercially reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, software companies, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2.

Part 2 does not include certain balances, such as deferred liabilities, accruals, or reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Part 2 does not include reserves for liabilities that may have arisen under litigation or threatened litigation in which a Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or allowances, including, but not limited to, the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders, and reflective of additional prepetition obligations that were accounted for after the Petition Date. Each Debtor's Schedule E/F will, if applicable, reflect some of that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 Cases pursuant to the First Day Orders and other orders of the Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

The Debtors have included intercompany payable balances in Schedule E/F. These balances are reflected as of August 31, 2024.

4. <u>**Schedule G – Executory Contracts and Unexpired Leases.**</u>

    a.    Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**") as of the filing of the Statements and Schedules, the Debtors' collection and review process of the Agreements is ongoing, and inadvertent errors, omissions, or over- or under-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements, and confidentiality agreements, that may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease, that such Agreement was in effect on the Petition Date, or that such Agreement is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

5. <u>**Schedule H – Codebtors.**</u>

    a.    The Debtors are party to various debt agreements that were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims and counterclaims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H. In the event that two or more Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such Debtor at the full amount of such potential claim. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors. To the extent these Global Notes include notes specific to Schedules D–G, such Global Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**<u>Specific Notes with Respect to the Debtors' Statements of Financial Affairs</u>**

6.  **<u>Statement 1 and 2.</u>**  Gross revenue from businesses and non-business revenue are reported for periods under which the Debtors otherwise report financial information in the ordinary course of business.  The Debtors report financial information using a 4-4-5 fiscal calendar.

7.  **<u>Statement 3</u>**.  As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.

    a.  The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from June 11, 2024 to the Petition Date.  Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

    b.  The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

    c.  The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

8.  **<u>Statement 4</u>**.  Refer to the Global Notes and Overview of Methodology section regarding all payments to insiders.

9.  **<u>Statement 7</u>**.  Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum.  While the Debtors believe they were diligent in their efforts to include all such information on Statement 7, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7.  The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

10. **<u>Statement 9</u>**.  Statement 9 excludes charitable contributions that the Debtors collect and remit on behalf of their customers.  For the avoidance of doubt, Statement 9 excludes *de minimis* charitable contributions.

11. **<u>Statement 10</u>**.  In the ordinary course of the Debtors' business operations, the Debtors incur *de minimis* losses.  Based on available information, such losses are not disclosed in the Statements.

12. **<u>Statement 11</u>**.  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one (1) year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statement 11.  Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy proceedings from payments for services unrelated to the Debtors' bankruptcy proceedings can be difficult.  The Debtors may have therefore included some payments related to non-bankruptcy-related services on Statement 11 out of an abundance of caution.

Additional information regarding the Debtors' retention of professional service firms is described more fully in individual retention applications and related orders.

In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their postpetition lenders or other parties.

13. **Statement 16**.  The Debtors collect a limited amount of information about customers and their representatives.  Examples of the types of information collected by the Debtors include, among other things, name, mailing address, email address and telephone number.

14. **Statement 20**.  The locations listed for off-premises storage do not include certain cloud-based storage of electronic data.

15. **Statement 21.**  The Debtors maintain certain inventory in their store locations pursuant to arrangements with third party vendors for scan-based trading.  The inventory is owned by the third party vendors up until the point of purchase, at which time title transfers to the Debtors, and then immediately to the purchasing customer.  The Debtors do not have visibility into the specific amounts of inventory being held for this purpose, and therefore have not included this information in response to Statement 21.

16. **Statement 26.**  The Debtors provide certain parties, such as banks, factors, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided full lists of these parties in response to Statement 26.

17. **Statement 27.**  The Debtors inventory product at their various store locations and distribution centers on a rolling basis. In an effort to reduce the volume of disclosures that would be otherwise applicable, the Debtors have omitted such frequent cycle counts conducted by the stores and distribution centers.  Also, on an annual basis, the Debtors conduct a physical inventory count at each store.  Due to the volume of information for the number of stores the Debtors operate, these physical counts have not been included in response to Statement 27.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Big Lots eCommerce LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-11980 |

Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**    **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| General Description | Type of Account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|
| 2. **Cash on hand** | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1   PNC BANK, NATIONAL ASSOCIATION | STAND-ALONE | 6032 | $0.00 |
| 4. **Other cash equivalents (Identify all)** | | | |
| 5. **Total of Part 1.** Add lines 2 through 4. Copy the total to line 80. | | | **$0.00** |

# Schedule A/B: Assets - Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.

# Schedule A/B: Assets - Real and Personal Property

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
☑ Yes. Fill in the information below.

| General Description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
| --- | --- | --- | --- |
| 11. **Accounts receivable** | | | |
| 11.1  A. 90 DAYS OLD OR LESS: | $140,951.17 | -  $0.00 | =  $140,951.17 |

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$140,951.17

# Schedule A/B: Assets - Real and Personal Property

| Part 4: | Investments |
|---------|-------------|

13. **Does the debtor own any investments?**

   ☑ No. Go to Part 5.
   ☐ Yes. Fill in the information below.

| General Description | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------|-------------------------------------|

14. **Mutual funds or publicly traded stocks not included in Part 1**
   Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
   Name of entity:

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
   Describe:

17. **Total of Part 4.**
   Add lines 14 through 16. Copy the total to line 83.

# Schedule A/B: Assets - Real and Personal Property

**Part 5:**   **Inventory, excluding agriculture assets - detail**

18.  **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.
☑ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.  **Raw materials** | | | | |
| 20.  **Work in progress** | | | | |
| 21.  **Finished goods, including goods held for resale** | | | | |
| 22.  **Other Inventory or supplies** | | | | |
| 22.1  MAINTENANCE PARTS | | $77,769.12 | NET BOOK VALUE | $77,769.12 |

23.  **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

**$77,769.12**

24.  **Is any of the property listed in Part 5 perishable?**

☑ No.
☐ Yes.

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No.
☐ Yes.

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

## Schedule A/B: Assets - Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| 29. **Farm animals** | | | |
| 30. **Farm machinery and equipment** | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 84.

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes.

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 7:** Office furniture, fixtures, and equipment; and collectibles - detail

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 40.1 FIXTURES & EQUIPMENT | $1,280,847.61 | NET BOOK VALUE | $1,280,847.61 |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 COMPUTER SOFTWARE | $121,239.82 | NET BOOK VALUE | $121,239.82 |
| 42. **Collectibles** | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 84.

$1,402,087.43

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.
☑ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 8:**    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48. **Watercraft, trailers, motors, and related accessories** | | | |
| 49. **Aircraft and accessories** | | | |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 NEW STORE ASSETS UNDER CONSTRUCTION | $21,457.34 | NET BOOK VALUE | $21,457.34 |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 84.

**$21,457.34**

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No.
☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 9:**     **Real property - detail**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 9.
☑ Yes. Fill in the information below.

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 LAND IMPROVEMENTS - ECOMMERCE DC - #0990 - COLUMBUS, OH | LEASED | $37,666.66 | NET BOOK VALUE | $37,666.66 |
| 55.2 BUILDING AND LEASEHOLD IMPROVEMENTS - ECOMMERCE DC - #0990 - COLUMBUS, OH | LEASED | $40,408.92 | NET BOOK VALUE | $40,408.92 |

56. **Total of Part 9.**
Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

        **$78,075.58**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No.
☑ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 10:**  Intangibles and intellectual property - detail

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1  CUSTOMER RECORDS | UNDETERMINED | N/A | UNDETERMINED |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

| | UNDETERMINED |
|---|---|

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No.
☑ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 11:**  **All other assets**

---

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| General Description | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**

| | |
|---|---|
| 77.1  INTERCOMPANY RECEIVABLE - BIG LOTS MANAGEMENT, LLC | $421,092.62 |
| 77.2  INTERCOMPANY RECEIVABLE - BIG LOTS STORES - CSR, LLC | $255,860.50 |
| 77.3  INTERCOMPANY RECEIVABLE - BIG LOTS STORES - PNS, LLC | $222,989.93 |
| 77.4  INTERCOMPANY RECEIVABLE - BIG LOTS STORES, LLC | $25,806,106.59 |
| 77.5  INTERCOMPANY RECEIVABLE - BIG LOTS, INC. | $32.95 |
| 77.6  INTERCOMPANY RECEIVABLE - GREAT BASIN, LLC | $11,006.95 |
| 77.7  A/P CREDITS OWED - DANCOR SOLUTIONS | $4,990.15 |

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$26,722,079.69**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No.
☐ Yes.

# Schedule A/B: Assets - Real and Personal Property

**Part 12:**    Summary

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0.00 | | |
| 82. Accounts receivable. Copy line 12, Part 3. | $140,951.17 | | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | | |
| 84. Inventory. Copy line 23, Part 5. | $77,769.12 | | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $1,402,087.43 | | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $21,457.34 | | |
| 88. Real property. Copy line 56, Part 9. | | $78,075.58 | |
| 89. Intangibles and intellectual property. Copy line 66, Part 10. | **UNDETERMINED** | | |
| 90. All other assets. Copy line 78, Part 11. | $26,722,079.69 | | |
| 91. Total. Add lines 80 through 90 for each column. | $28,364,344.75 **+ UNDETERMINED** | $78,075.58 | |

92. **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**

**$28,442,420.33**
+ UNDETERMINED

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Big Lots eCommerce LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-11980 |

## Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in the information below.

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | |
| 2.1 1903P LOAN AGENT, LLC<br>OTTERBOURG, P.C (COUNSEL TO 1903P LOAN AGENT, LLC)<br>230 PARK AVE STE 29<br>NEW YORK CITY, NY 10169<br>USA<br>EMAIL: CSIMON@OTTERBOURG.COM,<br>JDREW@OTTERBOURG.COM,<br>SHAUTZINGER@OTTERBOURG.COM | ☑ | ☐ | ☑ | DATE: 04/18/2024<br>ALL WORKING CAPITAL AND NON-WORKING CAPITAL ASSETS<br>TERM LOAN FACILITY<br>CO-INTEREST: FIRST PRIORITY LIEN ON TERM LOAN PRIORITY COLLATERAL, SECOND PRIORITY LIEN ON ABL PRIORITY COLLATERAL | ☑ ☑ ☐ | $115,372,302.36 | UNDETERMINED |

# Schedule D: Creditors Who Have Claims Secured by Property

**Part 1:** List Creditors Who Have Secured Claims

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C - U - D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| 2.2 PNC BANK, NATIONAL ASSOCIATION<br>CHOATE, HALL & STEWART LLP (COUNSEL TO PNC BANK, NATIONAL ASSOCIATION)<br>TWO INTERNATIONAL PLACE<br>BOSTON, MA 02110<br>USA<br>EMAIL: JVENTOLA@CHOATE.COM, JMARSHALL@CHOATE.COM, JSLANG@CHOATE.COM | ☑ | ☐ | ☑ | DATE: 09/21/2022<br>ALL WORKING CAPITAL AND NON-WORKING CAPITAL ASSETS<br>ABL FACILITY<br>CO-INTEREST: FIRST PRIORITY LIEN ON ABL PRIORITY COLLATERAL, SECOND PRIORITY LIEN ON TERM LOAN PRIORITY COLLATERAL | ☑ ☑ ☐ | $379,269,853.85 | UNDETERMINED |
| | | | | | **Secured Debt Total:** | **$494,642,156.21** | **UNDETERMINED** |

## UCC Liens

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.3 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT<br>101 HUNTINGTON AVENUE, SUITE 1100<br>BOSTON, MA 02199 | ☐ | ☐ | ☐ | UCC LIEN | ☑ ☑ ☐ | UNDETERMINED | UNDETERMINED |
| 2.4 PNC BANK, NATIONAL ASSOCIATION, AS AGENT<br>ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL<br>(P7-PFSC-04-L)<br>PITTSBURGH, PA 15219 | ☐ | ☐ | ☐ | UCC LIEN | ☑ ☑ ☐ | UNDETERMINED | UNDETERMINED |
| | | | | | **UCC Liens Total:** | **UNDETERMINED** | **UNDETERMINED** |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    **$494,642,156.21** + UNDETERMINED

# Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|---------------------------------------------------------------|

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors**

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|--------------------------|------------------------------------------------------|-------------------------------------------------|

| Fill in this information to identify the case and this filing: | |
| --- | --- |
| Debtor Name: | Big Lots eCommerce LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-11980 |

Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:**      **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- |

2. **Total: All Creditors with PRIORITY Unsecured Claims**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| **Intercompany** | | | | | |
| 3.1 AVDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $2,133,740.96 |
| 3.2 BIG LOTS F&S, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $38,469.03 |
| 3.3 BIG LOTS MANAGEMENT, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $3,656.38 |
| 3.4 BIG LOTS STORES - CSR, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $1,521,116.91 |
| 3.5 BIG LOTS STORES - PNS, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $9,846,428.76 |
| 3.6 BIG LOTS STORES, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $67.24 |
| 3.7 BIG LOTS, INC.<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $17,427.59 |
| 3.8 CLOSEOUT DISTRIBUTION, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $45,821.38 |
| 3.9 CONSOLIDATED PROPERTY HOLDINGS, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $19,571.67 |
| 3.10 CSC DISTRIBUTION LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $84,392.44 |
| 3.11 DURANT DC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651 | | ☐ ☐ ☐ | INTERCOMPANY PAYABLE | ☐ | $81,216.23 |

**Intercompany Total:  $13,791,908.59**

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| **Trade Payables** | | | | | |
| 3.12 ALLIED DATA SOLUTIONS ADS<br>3095 LOYALTY CIRCLE<br>COLUMBUS, OH 43219-3673<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $1,973.61 |
| 3.13 AMERIWOOD INDUSTRIES<br>410 E FIRST ST. SOUTH<br>WRIGHT CITY, MO 63390<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $3,477.50 |
| 3.14 APPRISS RETAIL<br>PO BOX 639032<br>CINCINNATI, OH 45263<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $463.25 |
| 3.15 ASHLEY FURNITURE<br>PO BOX 190<br>ARCADIA, WI 54612-0190<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $379,157.80 |
| 3.16 BLUE RIDGE HOME FASHIONS<br>15761 TAPIA ST<br>IRWINDALE, CA 91706-4500<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $3,136.86 |
| 3.17 BOREN BROTHERS WASTE SERVICES<br>808 RHOADS AVENUE<br>COLUMBUS, OH 43205-2572<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $1,208.37 |
| 3.18 CAPITAL FIRE PROTECTION<br>3360 VALLEYVIEW DR<br>COLUMBUS, OH 43204-1202<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $859.44 |
| 3.19 COMFORTROL INC<br>3155 LAMB AVE<br>COLUMBUS, OH 43219-2344<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $402.15 |
| 3.20 CORVEL CORPORATION<br>PO BOX 713303<br>PHILADELPHIA, PA 19171-3303<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $229.44 |
| 3.21 CRYSTAL ART GALLERY<br>DEPT CH 16738<br>PALATINE, IL 60055-6738<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $4,722.23 |
| 3.22 CVB INC<br>1525 W 2960 SOUTH<br>LOGAN, UT 84321-5798<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $246,347.53 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**  **List All Creditors with NONPRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.23 D&J MASTER CLEAN INC<br>680 DEARBORN PARK LN<br>COLUMBUS, OH 43085<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $752.50 |
| 3.24 DANCOR INC<br>2155 DUBLIN RD<br>COLUMBUS, OH 43228<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $5,195.12 |
| 3.25 DISTRIBUTION SOLUTIONS<br>PO BOX 736847<br>DALLAS, TX 75373-6847<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $6,972.56 |
| 3.26 E&E CO LTD<br>45875 NORTHPOINT LOOP<br>FREMONT, CA 94538-6414<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $50,737.99 |
| 3.27 EMERALD HOME FURNISHINGS<br>3025 PIONEER WAY E<br>TACOMA, WA 98443-1602<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $36,047.29 |
| 3.28 GARDEN WINDS<br>4950 E 2ND ST<br>BENICIA, CA 94510<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $46,272.60 |
| 3.29 GHP GROUP INC<br>6440 W HOWARD STREET<br>NILES, IL 60714-3302<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $29,077.60 |
| 3.30 GLITZHOME LLC<br>2704 HANDLEY EDERVILLE RD<br>FORT WORTH, TX 76118-6915<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $6,479.33 |
| 3.31 GORDON COMPANIES INC<br>85 INNSBRUCK DR<br>BUFFALO, NY 14227-2703<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $32,703.53 |
| 3.32 HALLMART COLLECTIBLES INC<br>11684 VENTURE BLVD STE 953<br>STUDIO CITY, CA 91604-2699<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $345.91 |
| 3.33 HOME FASHIONS INT'L<br>418 CHANDLER DR<br>GAFFNEY, SC 29340 | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $97,024.59 |
| 3.34 HONEY CAN DO INTL LLC<br>5300 ST CHARLES RD<br>BERKELEY, IL 60163<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $2,648.08 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**  List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.35 INFOARMOR INC<br>DEPT 3189 PO BOX 123189<br>DALLAS, TX 75312-3189<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $1.84 |
| 3.36 INTELLIGRATED SYSTEMS LLC<br>16996 COLLECTIONS CENTER DR<br>CHICAGO, IL 60693-0169<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $297.06 |
| 3.37 JECO INC<br>623 S DOUBLEDAY AVE<br>ONTARIO, CA 91761-1520<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $132,088.00 |
| 3.38 JORDAN MFG CO INC<br>1200 S 6TH ST<br>MONTICELLO, IN 47960-8200<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $228,716.72 |
| 3.39 KEECO, LLC/22155<br>PO BOX 809207<br>CHICAGO, IL 60680<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $2,500.07 |
| 3.40 KENNEY MANUFACTURING<br>PO BOX 84 5858<br>BOSTON, MA 02284-5500<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $1,249.57 |
| 3.41 KIDS2 INC<br>PO BOX 740209<br>ATLANTA, GA 30074<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $11,029.38 |
| 3.42 LIFESTYLE SOLUTIONS INC<br>6955 MOWRY AVE<br>NEWARK, CA 94560-4923<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $81,099.32 |
| 3.43 MASTERPIECE ART GALERY INC<br>DEPT CH 167368<br>PALATINE, IL 60055-6738<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $205.87 |
| 3.44 MOHAWK CARPET DISTRIBUTION INC<br>PO BOX 935550<br>ATLANTA, GA 31193-5550<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $7,973.72 |
| 3.45 MONARCH SPECIALTIES<br>4155 AUTOROUTE CHOMEDEY<br>LAVAL, QC H7P 0A8<br>CA | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $66,226.06 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.46 MR BAR B Q PRODUCTS LLC<br>10 HUB DR STE 101<br>MELVILLE, NY 11747-3522<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $19,389.37 |
| 3.47 NATIONWIDE<br>FILE 50939<br>LOS ANGELES, CA 90074-0939<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $9.69 |
| 3.48 OHIO COMMERCIAL DOOR CO<br>962 FREEWAY DR N<br>COLUMBUS, OH 43229-5445<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $1,134.38 |
| 3.49 ORIENTAL WEAVERS USA INC<br>PO BOX 740209<br>ATLANTA, GA 30374-0209<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $9,185.00 |
| 3.50 PACKAGING CORP OF AMERICA<br>36596 TREASURY CENTER<br>CHICAGO, IL 60694-6500<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $7,411.21 |
| 3.51 PACKSIZE LLC<br>29575 NETWORK PLACE<br>CHICAGO, IL 60673-1295<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $7,500.00 |
| 3.52 S LICHTENBERG & CO INC<br>295 5TH AVE<br>NEW YORK, NY 10016-7101<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $480.01 |
| 3.53 SAUDER WOODWORKING<br>PO BOX 633834<br>CINCINNATI, OH 45263-3834<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $17,995.96 |
| 3.54 SCOTTS COMPANY LLC<br>PO BOX 93211<br>CHICAGO, IL 60673-3211<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $644.99 |
| 3.55 SEALY INC<br>PO BOX 931855<br>ATLANTA, GA 31193-1855<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $83,550.00 |
| 3.56 SERTA INC<br>2600 FORBS AVE<br>HOFFMAN ESTATES, IL 60192-3723<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $70,469.00 |
| 3.57 SILCO FIRE & SECURITY<br>PO BOX 933381<br>CLEVELAND, OH 44193<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $5,058.55 |

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C - U - D | Basis for Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.58 STERLING DISTRIBUTION<br>PO BOX 783048<br>PHILADELPHIA, PA 19178-3048<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $268.79 |
| 3.59 STEVE SILVER COMPANY.<br>1000 FM 548 NORTH<br>FORNEY, TX 75126-6458<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $115,432.00 |
| 3.60 SUNNEST SERVICE LLC<br>619 SLACK STREET<br>STEUBENVILLE, OH 43952<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $187,267.05 |
| 3.61 T- MOBILE<br>PO BOX 742596<br>CINCINNATI, OH 45274-2596<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $51.40 |
| 3.62 TERMINIX PROCESSING CENTER<br>PO BOX 802155<br>CHICAGO, IL 60680-2131<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $3,848.42 |
| 3.63 TRUE INNOVATIONS LLC<br>2052 ALTON PKWY<br>IRVINE, CA 92606-4904<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $10,537.60 |
| 3.64 YELLOWSTONE LANDSCAPE INC<br>PO BOX 786187<br>PHILADELPHIA, PA 19178<br>US | | ☐ ☐ ☐ | TRADE PAYABLES | ☐ | $2,872.67 |

Trade Payables Total: **$2,030,728.98**

3. **Total: All Creditors with NONPRIORITY Unsecured Claims**    **$15,822,637.57**

# Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number for this entity |
|---|---|---|

# Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**    Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

5a. **Total claims from Part 1**

$0.00
+ UNDETERMINED

5b. **Total claims from Part 2**

$15,822,637.57
+ UNDETERMINED

5c. **Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

$15,822,637.57
+ UNDETERMINED

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | Big Lots eCommerce LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-11980 |

Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Part 1:**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2. **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

**Other Executory Contracts**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.1 CONFIDENTIALITY AGREEMENT | | | ☐ | 1WORLDSYNC, INC. | 300 S RIVERSIDE PLAZA CHICAGO, IL 60606 USA |
| 2.2 ORDER FORM FOR MANAGED SERVICES | | | ☐ | ACCERTIFY | 2 PIERCE PLACE SUITE 900 ITASCA, IL 60143 USA |
| 2.3 MASTER TERMS AND CONDITIONS | | | ☐ | ACCERTIFY, INC. | TWO PIERCE PLACE, SUITE 900 ITASCA, IL 60143 USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.4 MASTER TERMS AND CONDITIONS | | | ❑ | ACCERTIFY, INC. | TWO PIERCE PLACE, SUITE 900<br>ITASCA, IL 60143<br>USA |
| 2.5 ORDER FORM FOR ACCERTIFY MODULES AND SERVICES | | | ❑ | ACCERTIFY, INC. | 123 MAIN ST.<br>COLUMBUS, OH 43081<br>USA |
| 2.6 ORDER FORM FOR FRAUD MANAGEMENT AND CHARGEBACK MANAGEMENT MODULES | | | ❑ | ACCERTIFY, INC. | 123 MAIN ST.<br>COLUMBUS, OH 43081<br>USA |
| 2.7 STATEMENT OF WORK FOR SUPPLIER DIRECT FULFILLMENT PROGRAM | | | ❑ | BESTWAY (USA) INC. | 3411 E. HARBOUR DR.<br>PHOENIX, AZ 85034<br>USA |
| 2.8 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | BESTWAY USA INC. | 3411 E. HARBOUR DR.<br>PHOENIX, AZ 85034<br>USA |
| 2.9 MUTUAL NON-DISCLOSURE AGREEMENT | | | ❑ | BLOOMREACH, INC. | 700 E. EL CAMINO REAL<br>MOUNTAIN VIEW, CA 94041<br>USA |
| 2.10 MUTUAL NON-DISCLOSURE AGREEMENT | | | ❑ | BLOOMREACH, INC. | 700 E. EL CAMINO REAL, SUITE 130<br>MOUNTAIN VIEW, CA 94041<br>USA |
| 2.11 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | BLUE RIDGE HOME FASHIONS | 15761 TAPIA ST<br>IRWINDALE, CA 91706-4500<br>USA |
| 2.12 CHANGE REQUEST ORDER | | | ❑ | DIGITAL MANAGEMENT, INC. | 35 CORPORATE DR SUITE 100<br>BURLINGTON, MA 01603<br>USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.13 AMENDMENT TO MASTER ECOMMERCE WEBSITE DEVELOPMENT SERVICES AGREEMENT | | | ❑ | DIGITAL MOBILE INNOVATIONS, LLC | 35 CORPORATE DR BURLINGTON, MA 01803 USA |
| 2.14 STATEMENT OF WORK FOR FRONT-END DEVELOPMENT SERVICES | | | ❑ | DIGITAL MOBILE INNOVATIONS, LLC | 35 CORPORATE DR. BURLINGTON, MA 01803 USA |
| 2.15 STATEMENT OF WORK FOR FRONT-END DEVELOPMENT SERVICES | | | ❑ | DIGITAL MOBILE INNOVATIONS, LLC | 35 CORPORATE DR. BURLINGTON, MA 01803 USA |
| 2.16 STATEMENT OF WORK FOR MOBILE APPLICATION DEVELOPMENT | | | ❑ | DIGITAL MOBILE INNOVATIONS, LLC | 35 CORPORATE DR. BURLINGTON, MA 01803 USA |
| 2.17 STATEMENT OF WORK FOR SOFTWARE ENGINEERING SERVICES | | | ❑ | DIGITAL MOBILE INNOVATIONS, LLC | 35 CORPORATE DR - SUITE 100 BURLINGTON, MA 01803 USA |
| 2.18 STATEMENT OF WORK (NON PARCEL) | | | ❑ | DOREL HOME FURNISHINGS, INC | 410 E. 1ST ST. SOUTH WRIGHT CITY, MO 63390 USA |
| 2.19 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | DOREL HOME FURNISHINGS, INC. | 410 E. 1ST ST. SOUTH WRIGHT CITY, MO 63390 USA |
| 2.20 AMENDMENT B NEW RATES FOR BIG LOTS HOME DELIVERY | | | ❑ | ESTES FORWARDING WORLDWIDE, LLC | 100 GATEWAY CENTRE SUITE 210 RICHMOND, VA 232325 USA |
| 2.21 MASTER TRANSPORTATION SERVICES AGREEMENT | | | ❑ | ESTES FORWARDING WORLDWIDE, LLC | 100 GATEWAY CENTRE SUITE 210 RICHMOND, VA 232325 USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.22 SERVICE SCHEDULE - HOME DELIVERY | | | ☐ | ESTES FORWARDING WORLDWIDE, LLC | 123 MAIN ST. COLUMBUS, OH 43081 USA |
| 2.23 AMENDMENT TO CUSTOMER WORK FROM HOME AUTHORIZATION | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.24 AMENDMENT TO WORK ORDER | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.25 AMENDMENT TO WORK ORDER | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.26 AMENDMENT TO WORK ORDER | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.27 AMENDMENT TO WORK ORDER | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.28 AMENDMENT TO WORK ORDER | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.29 CUSTOMER WORK FROM HOME AUTHORIZATION | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.30 MASTER SERVICES AGREEMENT | | | ☐ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.31 WORK ORDER TO MASTER SERVICES AGREEMENT | | | ❑ | FIRST CONTACT LLC | 200 CENTRAL AVENUE ST. PETERSBURG, FL 33701 USA |
| 2.32 STATEMENT OF WORK | | | ❑ | GORDON COMPANIES, INC. | 85 INNSBRUCK DR CHEEKTOWAGA, NY 14227 USA |
| 2.33 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | GORDON COMPANIES, INC. | 85 INNSBRUCK DR CHEEKTOWAGA, NY 14227 USA |
| 2.34 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | HOME FASHIONS INTERNATIONAL, LLC | 418 CHANDLER DRIVE GAFFNEY, SC 29340 USA |
| 2.35 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | HOME FASHIONS INTERNATIONAL, LLC | 418 CHANDLER DRIVE GAFFNEY, SC 29340 USA |
| 2.36 STATEMENT OF WORK FOR SUPPLIER DIRECT FULFILLMENT PROGRAM | | | ❑ | HOMESTAR NORTH AMERICA, LLC | 607 MEACHUM ROAD STATESVILLE, NC 28677 USA |
| 2.37 STATEMENT OF WORK FOR SUPPLIER DIRECT FULFILLMENT PROGRAM | | | ❑ | HOMESTAR NORTH AMERICA, LLC | 607 MEACHUM ROAD STATESVILLE, NC 28677 USA |
| 2.38 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❑ | HOMESTAR NORTH AMERICA, LLC | 607 MEACHUM ROAD STATESVILLE, NC 28677 USA |
| 2.39 STATEMENT OF WORK | | | ❑ | HONEY-CAN-DO INTERNATIONAL | 5300 ST. CHARLES RD BERKELEY, IL 60163 USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.40 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❏ | HONEY-CAN-DO INTERNATIONAL | 5300 ST. CHARLES RD BERKELEY, IL 60163 USA |
| 2.41 STATEMENT OF WORK (NON PARCEL) | | | ❏ | HOOKER FURNISHINGS, INC | 440 COMMONWEALTH BLVD E MARTINSVILLE, VA 24112 USA |
| 2.42 STATEMENT OF WORK: EASYPUT SYSTEM MODIFICATION | | | ❏ | INTELLIGRATED SOFTWARE, LLC | 7901 INNOVATION WAY MASON, OH 45040 USA |
| 2.43 STATEMENT OF WORK | | | ❏ | JORDAN MANUFACTURING COMPANY, INC. | 1200 S. 6TH STREET MONTICELLO, IN 47960 USA |
| 2.44 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❏ | JORDAN MANUFACTURING COMPANY, INC. | 1200 S. 6TH STREET MONTICELLO, IN 47960 USA |
| 2.45 STATEMENT OF WORK FOR SOFTWARE ENGINEERING SERVICES | | | ❏ | KNOWLEDGEPATH SOLUTIONS, LLC | 35 CORPORATE DR. BURLINGTON, MA 01803 USA |
| 2.46 STATEMENT OF WORK FOR SOFTWARE ENGINEERING SERVICES | | | ❏ | KNOWLEDGEPATH SOLUTIONS, LLC | 35 CORPORATE DR. BURLINGTON, MA 01803 USA |
| 2.47 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ❏ | LB INTERNATIONAL INC. | 150 ENGINEERS ROAD HAUPPAUGE, NY 11788 USA |
| 2.48 STATEMENT OF WORK FOR SUPPLIER DIRECT FULFILLMENT PROGRAM | | | ❏ | LIFESTYLE SOLUTIONS, INC. | 6955 MOWRY AVENUE NEWARK, CA 94560 USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.49 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ☐ | LIFESTYLE SOLUTIONS, INC. | 6955 MOWRY AVENUE NEWARK, CA 94560 USA |
| 2.50 IMPLEMENTATION SERVICES STATEMENT OF WORK | | | ☐ | MANHATTAN ASSOCIATES, INC. | 2300 WINDY RIDGE PKWY., SUITE 700 ATLANTA, GA 30339 USA |
| 2.51 STAFFING SERVICES AGREEMENT | | | ☐ | MINUTE MEN, INC. | 3740 CARNEGIE AVENUE CLEVELAND, OHIO 44115 USA |
| 2.52 STATEMENT OF WORK | | | ☐ | MOHAWK CARPET DISTRIBUTION, INC. | PO BOX 935550 ATLANTA, GA 31193-5550 USA |
| 2.53 STATEMENT OF WORK FOR TRANSPORTATION AND DELIVERY SERVICES | | | ☐ | MXD GROUP, INC. | 7795 WALTON PARKWAY NEW ALBANY, OH 43054 USA |
| 2.54 STATEMENT OF WORK | | | ☐ | NATURAL COMMERCE, INC. | 520 FOLLY ROAD, SUITE 25-309 CHARLESTON, SC 29412 USA |
| 2.55 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ☐ | NATURAL COMMERCE, INC. | 520 FOLLY ROAD, SUITE 25-309 CHARLESTON, SC 29412 USA |
| 2.56 STATEMENT OF WORK | | | ☐ | NUMARK INDUSTRIES COMPANY LIMITED | FLAT M, 3F, KAISER ESTATE PHASE 3, 11 HOK YUEN STREET, HUNGHOM, KOWLOON, HONG KONG SAR, CHINA HUNGHOM, KOWLOON HONG KONG SAR, CHINA |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.57 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ☐ | NUMARK INDUSTRIES COMPANY LIMITED | FLAT M, 3F, KAISER ESTATE PHASE 3, 11 HOK YUEN STREET, HUNGHOM, KOWLOON, HONG KONG SAR, CHINA HUNGHOM, KOWLOON HONG KONG SAR, CHINA |
| 2.58 CUSTOMER RENEWAL ORDER FORM | | | ☐ | OPTIMIZELY, INC. | 631 HOWARD STREET, SUITE 100 SAN FRANCISCO, CA 94105 USA |
| 2.59 MASTER SUBSCRIPTION AGREEMENT | | | ☐ | OPTIMIZELY, INC. | 631 HOWARD STREET, SUITE 100 SAN FRANCISCO, CA 94105 USA |
| 2.60 ORDER FORM FOR OPTIMIZELY SERVICES | | | ☐ | OPTIMIZELY, INC. | 631 HOWARD STREET, SUITE 100 SAN FRANCISCO, CA 94105 USA |
| 2.61 PAYMENT PLAN AGREEMENT FOR SOFTWARE ACQUISITION | | | ☐ | ORACLE AMERICA, INC | PO BOX 203448 DALLAS, TX 75320 USA |
| 2.62 PAYMENT SCHEDULE FOR SOFTWARE ACQUISITION | | | ☐ | ORACLE AMERICA, INC | PO BOX 203448 DALLAS, TX 75320 USA |
| 2.63 PAYMENT SCHEDULE FOR SOFTWARE ACQUISITION | | | ☐ | ORACLE AMERICA, INC | PO BOX 203448 DALLAS, TX 75320 USA |
| 2.64 AMENDMENT TO ORDERING DOCUMENT | | | ☐ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD CITY, CA 94065 USA |
| 2.65 AMENDMENT TO ORDERING DOCUMENT | | | ☐ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD CITY, CA 94065 USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.66 AMENDMENT TO ORDERING DOCUMENT | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD CITY, CA 94065 USA |
| 2.67 AMENDMENT TO ORDERING DOCUMENT | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD CITY, CA 94065 USA |
| 2.68 ORDERING DOCUMENT | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 USA |
| 2.69 ORDERING DOCUMENT | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 USA |
| 2.70 ORDERING DOCUMENT | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 USA |
| 2.71 ORDERING DOCUMENT FOR ORACLE SOFTWARE AND SERVICES | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 USA |
| 2.72 ORDERING DOCUMENT FOR ORACLE SOFTWARE AND SERVICES | | | ❏ | ORACLE AMERICA, INC. | 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 USA |
| 2.73 UNLIMITED DEPLOYMENT LICENSE CERTIFICATION | | | ❏ | ORACLE USA INC. | 500 ORACLE PARKWAY REDWOOD CITY, CA 94065 USA |
| 2.74 UNLIMITED DEPLOYMENT LICENSE CERTIFICATION | | | ❏ | ORACLE USA INC. | 500 ORACLE PARKWAY REDWOOD CITY, CA 94065 USA |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.75 TERMINATION OF SUPPLY AGREEMENT | | | ☐ | PACKAGING CORPORATION OF AMERICA | 1 NORTH FIELD COURT LAKE FOREST, IL 60045 USA |
| 2.76 ADDENDUM TO EQUIPMENT LOAN AND SUPPLY AGREEMENT | | | ☐ | PACKSIZE, LLC | 6440 WASATCH BOULEVARD SALT LAKE CITY, UTAH 84121 USA |
| 2.77 AMENDMENT TO PACKAGING AS A SERVICE AGREEMENT | | | ☐ | PACKSIZE, LLC | 3760 WEST SMART PACK WAY SALT LAKE CITY, UTAH 84104 USA |
| 2.78 EQUIPMENT LEASE & SUPPLY AGREEMENT | | | ☐ | PACKSIZE, LLC | 6440 WASATCH BLVD. SALT LAKE CITY, UT 84121 USA |
| 2.79 ADDENDUM TO MERCHANT AGREEMENT FOR PAY LATER SUITE | | | ☐ | PAYPAL, INC. | 2211 N. 1ST STREET SAN JOSE, CA 95131 USA |
| 2.80 MARKETING PROGRAM ADDENDUM | | | ☐ | PAYPAL, INC. | 2211 N. 1ST STREET SAN JOSE, CA 95131 USA |
| 2.81 MERCHANT AGREEMENT | | | ☐ | PAYPAL, INC. | 2211 NORTH FIRST STREET SAN JOSE, CA 95131 USA |
| 2.82 MASTER TRANSPORTATION SERVICES AGREEMENT | | | ☐ | PILOT AIR FREIGHT, LLC DBA PILOT FREIGHT SERVICES | 314 N. MIDDLETOWN RD LIMA, PA 19037 USA |
| 2.83 TRANSPORTATION SCHEDULE FOR HOME DELIVERY SERVICES | | | ☐ | PILOT AIR FREIGHT, LLC DBA PILOT FREIGHT SERVICES | 314 N. MIDDLETOWN RD LIMA, PA 19037 USA |

# Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.84 MASTER SERVICES AGREEMENT | | | ☐ | POWERREVIEWS, INC. | 1 N. DEARBORN, 8TH FLOOR CHICAGO, IL 60602 USA |
| 2.85 SERVICE ORDER | | | ☐ | POWERREVIEWS, INC. | 1 NORTH DEARBORN STREET SUITE 800 CHICAGO, IL 60602 USA |
| 2.86 SERVICE ORDER | | | ☐ | POWERREVIEWS, INC. | 1 NORTH DEARBORN STREET SUITE 800 CHICAGO, IL 60602 USA |
| 2.87 SERVICE ORDER FOR POWERREVIEWS SERVICES | | | ☐ | POWERREVIEWS, INC. | 1 NORTH DEARBORN STREET SUITE 800 CHICAGO, IL 60602 USA |
| 2.88 STATEMENT OF WORK FOR IMPLEMENTATION SERVICES | | | ☐ | POWERREVIEWS, INC. | ONE NORTH DEARBORN STREET, 8TH FLOOR CHICAGO, IL 60602 USA |
| 2.89 STATEMENT OF WORK FOR SOFTWARE AS A SERVICE - RATINGS & REVIEWS SUBSCRIPTION | | | ☐ | POWERREVIEWS, INC. | ONE NORTH DEARBORN STREET, 8TH FLOOR CHICAGO, IL 60602 USA |
| 2.90 ORDER FORM ADDENDUM | | | ☐ | PRODUCTSUP CORP. | 251 LITTLE FALLS DRIVE WILMINGTON, DELAWARE 19808 USA |
| 2.91 ORDER FORM FOR SUBSCRIPTION SERVICES | | | ☐ | PRODUCTSUP CORP. | 251 LITTLE FALLS DRIVE WILMINGTON, DELAWARE 19808 USA |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.92 SERVICE ORDER | | | ☐ | RACKSPACE US, INC | 1 FANATICAL PLACE<br>SAN ANTONIO, TX 78218<br>USA |
| 2.93 SERVICE ORDER | | | ☐ | RACKSPACE US, INC | 1 FANATICAL PLACE<br>SAN ANTONIO, TX 78218<br>USA |
| 2.94 SERVICE ORDER | | | ☐ | RACKSPACE US, INC | 1 FANATICAL PLACE<br>SAN ANTONIO, TX 78218<br>USA |
| 2.95 SERVICE ORDER | | | ☐ | RACKSPACE US, INC | 1 FANATICAL PLACE<br>SAN ANTONIO, TX 78218<br>USA |
| 2.96 AMENDMENT TO TRANSPORTATION AND DELIVERY SERVICES AGREEMENT | | | ☐ | RYDER LAST MILE, INC. | 7795 WALTON PARKWAY<br>NEW ALBANY, OH 43054<br>USA |
| 2.97 FIRST AMENDMENT TO STATEMENT OF WORK | | | ☐ | SEALY MATTRESS MANUFACTURING COMPANY, LLC | 1000 TEMPUR WAY<br>LEXINGTON, KY 40511<br>USA |
| 2.98 STATEMENT OF WORK FOR SUPPLIER DIRECT-TO-CONSUMER FULFILLMENT PROGRAM | | | ☐ | SEALY MATTRESS MANUFACTURING COMPANY, LLC | 1000 TEMPUR WAY<br>LEXINGTON, KY 40511<br>USA |
| 2.99 MASTER SUBSCRIPTION TERMS AND CONDITIONS | | | ☐ | SITECORE USA, INC. | 101 CALIFORNIA ST, SUITE 1600<br>SAN FRANCISCO, CA 94111<br>USA |
| 2.100 SAAS PRODUCTS ORDER | | | ☐ | SITECORE USA, INC. | 101 CALIFORNIA ST, SUITE 1600<br>SAN FRANCISCO, CA 94111<br>USA |

## Schedule G: Executory Contracts and Unexpired Leases

**Part 1:**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2.101 RATEWARE XL LICENSE - SHIPPER | | | ☐ | SOUTHEM MOTOR CARRIERS ASSOCIATION, INC. D/B/A "SMC3" | 500 WESTPARK DRIVE PEACHTREE CITY, GA 30269 USA |
| 2.102 CZARLITE BASE RATE LICENSE - SHIPPER | | | ☐ | SOUTHERN MOTOR CARRIERS ASSOCIATION, INC. D/B/A "SMC" | 500 WESTPARK DRIVE PEACHTREE CITY, GA 30269 USA |
| 2.103 CZARLITE BASE RATE LICENSE - SHIPPER | | | ☐ | SOUTHERN MOTOR CARRIERS ASSOCIATION, INC. D/B/A "SMC" | 500 WESTPARK DRIVE PEACHTREE CITY, GA 30269 USA |
| 2.104 RATEWARE XL LICENSE AGREEMENT | | | ☐ | SOUTHERN MOTOR CARRIERS ASSOCIATION, INC. D/B/A "SMC" | 500 WESTPARK DRIVE PEACHTREE CITY, GA 30269 USA |
| 2.105 MASTER AGREEMENT | | | ☐ | SOUTHERN MOTOR CARRIERS ASSOCIATION, INC. D/B/A SMC | 500 WESTPARK DRIVE PEACHTREE CITY, GA 30269 USA |
| 2.106 STATEMENT OF WORK | | | ☐ | TRUE INNOVATIONS & DESIGN (USA) LLC | 1578 AIR WING RD SAN DIEGO, CA 92154 USA |
| 2.107 SUPPLIER DIRECT FULFILLMENT PROGRAM AGREEMENT | | | ☐ | TRUE INNOVATIONS & DESIGN (USA) LLC | 1578 AIR WING RD SAN DIEGO, CA 92154 USA |

| Total number of contracts | 107 |
|---|---|

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Big Lots eCommerce LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-11980 |

Form 206H

# Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**Part 1:**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| **ABL Facility** | | |
| 2.1 AVDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.2 BIG LOTS F&S, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.3 BIG LOTS MANAGEMENT, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.4 BIG LOTS STORES - CSR, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.5 BIG LOTS STORES - PNS, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.6 BIG LOTS STORES, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.7 BIG LOTS, INC.<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.8 BLBO TENANT, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.9 BROYHILL LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.10 CLOSEOUT DISTRIBUTION, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.11 CONSOLIDATED PROPERTY HOLDINGS, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.12 CSC DISTRIBUTION LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.13 DURANT DC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.14 GAFDC LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.15 GREAT BASIN, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.16 INFDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.17 PAFDC LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |
| 2.18 WAFDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | PNC BANK, NATIONAL ASSOCIATION | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|

**Term Loan Facility**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.19 AVDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.20 BIG LOTS F&S, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.21 BIG LOTS MANAGEMENT, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.22 BIG LOTS STORES - CSR, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.23 BIG LOTS STORES - PNS, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.24 BIG LOTS STORES, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.25 BIG LOTS, INC.<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.26 BLBO TENANT, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.27 BROYHILL LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.28 CLOSEOUT DISTRIBUTION, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.29 CONSOLIDATED PROPERTY HOLDINGS, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |

# Schedule H: Codebtors

**Part 1:**

| Codebtor Name and Mailing Address | Creditor Name | D - E/F - G |
|---|---|---|
| 2.30 CSC DISTRIBUTION LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.31 DURANT DC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.32 GAFDC LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.33 GREAT BASIN, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.34 INFDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.35 PAFDC LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |
| 2.36 WAFDC, LLC<br>4900 E. DUBLIN GRANVILLE ROAD<br>COLUMBUS, OH 43081-7651<br>USA | 1903P LOAN AGENT, LLC | ☑ ☐ ☐ |

**Total Number of Co-Debtor / Creditor Rows**    **36**

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name: | Big Lots eCommerce LLC |
| United States Bankruptcy Court: | THE DISTRICT OF DELAWARE |
| Case Number (if known): | 24-11980 |

Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**Part 1:**   **Summary of Assets**

1. **Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)**

1a. **Real Property:**
Copy line 88 from Schedule A/B

**$78,075.58**

1b. **Total personal property:**
Copy line 91A from Schedule A/B

**$28,364,344.75**
+ UNDETERMINED

1c. **Total of all property:**
Copy line 92 from Schedule A/B

**$28,442,420.33**
+ UNDETERMINED

**Part 2:**   **Summary of Liabilities**

2. **Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)**
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**$494,642,156.21**
+ UNDETERMINED

3. **Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)**

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F

**$0.00**

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F

**$15,822,637.57**

4. **Total liabilities**
Lines 2 + 3a + 3b

**$510,464,793.78**
+ UNDETERMINED

| Fill in this information to identify the case and this filing: |
| --- |
| Debtor Name: _____ Big Lots eCommerce LLC _____ |
| United States Bankruptcy Court: _____ THE DISTRICT OF DELAWARE _____ |
| Case Number (if known): _____ 24-11980 _____ |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☑ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☑ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☑ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☑ Schedule H: Codebtors (Official Form (206H)
- ☑ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** 10/31/2024 _____

**Signature:** /s/ Jonathan Ramsden _____

Jonathan Ramsden, Executive Vice President, Chief Financial and Administrative Officer _____

**Name and Title**