**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | **Chapter 11** |
| | § | |
| | § | **CASE NO. 24-11967(JKS)** |
| **BIG LOTS, INC., et al** | § | |
| Debtors. | § | **Jointly Administered** |

---

**LEASE SALE AND ADEQUATE ASSURANCE OBJECTION AND CURE AMOUNT
OBJECTION OF COLONY MARKETPLACE TENANCY IN COMMON RELATING
TO DEBTOR'S STORE LOCATED AT 500 MAIN STREET IN THE COLONY, TX**

---

Creditor and landlord  Red Bird Highland, Ltd., a Texas limited, partnership, JAS Maverick Properties, LLC, a California limited liability company, and Christmannier, LLC, a Texas limited liability company, as cotenants under that certain Tenancy in Common Agreement for The Colony Marketplace dated June 26, 2014, known as Colony Marketplace Tenancy in Common (sometimes "Colony Marketplace Tenancy in Common " or "Landlord"), by and through its undersigned counsel, files this Lease Sale and Adequate Assurance Objection And Cure Amount Objection Of  Colony Marketplace Tenancy in Common  Relating to Debtor's Store Located at 500 Main Street in the Colony, TX ("Objection"), and respectfully states:

**Background**

1.      Big Lots, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "Debtors") filed their voluntary petitions  for relief under Chapter 11 of Title 11  of the United States Code on September 9, 2024 (the "Petition Date").  The Debtors continue to operate their business and manage their properties  as debtors-in-possession  pursuant to  11  U.S.C.

§§1107(a) and 1108.

2.      The Landlord  Colony Marketplace Tenancy in Common and one (1) of the Debtors are parties to an unexpired lease dated as of on or about June 30, 2004, as modified and extended, of nonresidential real property located at 500 Main Street in the Colony, TX (sometimes the" Big Lots Colony TX Lease" or "Lease") of premises ( sometimes the "Big Lots Colony, TX  Premises" or the "Premises") located at 500 Main Street in the Colony, TX.

3.      The  Big Lots Colony, TX  Premises is located  within  a "shopping  center" as that term is  used  in  §365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). The proper cure amount is $32,241.01  plus any attorneys fees  plus additional charges and rent accruing after the date hereof, not $15,722.00 as alleged by Debtor, as evidenced by the attached ledger attached hereto as Exhibit "A" and incorporated herein the same as if fully copied and set forth at length.

**LEASE SALE AND ADEQUATE ASSURANCE OBJECTION AND CURE AMOUNT OBJECTION OF COLONY MARKETPLACE TENANCY IN COMMON RELATING TO DEBTOR'S STORE LOCATED AT 500 MAIN STREET IN THE COLONY, TX**

4.      Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired lease sought to be assumed and assigned. In particular, Bankruptcy Code section 365(b)(1) provides that in the event of a default under an unexpired lease, a debtor may not assume the lease unless, at the time of the assumption of such lease, the debtor "(A) cures, or provides adequate assurance that the debtor will promptly cure, such default; (B) compensates, or

provides adequate assurance that the debtor will promptly compensate, the non-debtor party to the contract for any actual pecuniary loss to such party resulting from such default; and ( C ) provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1). A debtor must cure both monetary and nonmonetary defaults.  *See id.*

5.      The cure notice and the bidding procedures, however, do not specify any other economic and non-economic obligations of the Debtors under the Big Lots Colony TX  Lease. Among other obligations, the Debtors are responsible for payment of monthly operating expenses and any shortfall after the annual reconciliation of actual expenses to estimated amounts paid each month.  Further, the Debtors are obligated to Landlord  for Landlord's attorneys' fees (pursuant to Section 19 of the Lease) incurred in connection with enforcing its contractual rights under the Big Lots Colony TX Lease for the Big Lots Colony TX Premises.   Finally, the Debtors remain liable for any amounts coming due prior to any assumption and assignment of  the Big Lots Colony TX Lease for the  Big Lots Colony TX Premises, as well as all noneconomic obligations thereunder.

6.      Further, all other provisions of the  Big Lots Colony TX  Lease must be  complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 4 of the Lease)  and the assignment clause (pursuant to Section 22 of the Lease)  and the providing of adequate assurances that future obligations will be met by the tenant under the Big Lots Colony TX  Lease.

### The Potential Purchaser Must Provide Adequate Assurance of Future Performance

7.      Section 365 of the Bankruptcy Code requires that a Debtor provide adequate

assurance that it (or any assignee) will have the ability to perform under such lease as a condition to assuming the Lease. 11 U.S.C. §§ 365(b)(1)( c ) & (f)(2). The Debtors bear the ultimate burden of persuasion as to this issue. *See In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Adequate assurance of future performance is determined by the existing factual conditions, and the court may look to many factors in determining what is necessary to provide adequate assurance of future performance under section 365(b), including sufficient economic backing, economic conditions, certificates, credit reports, escrow deposits, or other similar forms of security or guarantee. *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981); *In re Belize Airways*, 5 B.R. 152 (Bankr. S.D. Fla. 1980). Courts also look to the operating experience of the proposed assignees. *In re Bygaph, Inc.*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986).

8.      The Debtors must demonstrate that the potential purchaser has the ability to establish adequate assurance of future performance under the Big Lots Colony TX Lease as of the time of the assignment of the Big Lots Colony TX Lease. Landlord demands strict proof at any hearing on the proposed assumption and assignment of the Big Lots Colony TX  Lease as to the Potential Purchaser's ability to provide adequate assurance of future performance as required in accordance with section 365 of the Bankruptcy Code. As a part of the showing of adequate assurance as required by section 365, the Debtors must show specifically, in addition to all other requirements of section 365, that any proposed assignee's "financial condition ... [is] similar to the financial condition... of the debtor... as of the time the debtor became the lessee under the lease." 11 U.S.C. § 365.

9.      Additionally, all other provisions of the  Big Lots Colony TX  Lease must be complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 4 of the Lease)  and the assignment clause (pursuant to Section 22 of the Lease)  and the providing of adequate assurances that future obligations will be met by the tenant under the  Big Lots Colony TX  Lease.

10.      In addition, the Debtor remains responsible for all accrued or accruing charges under the Big Lots Colony TX Lease and must pay such charges when they come due under the Lease.  The Debtor must assume the Big Lots Colony TX Lease subject to its terms, and must assume all obligations owing under the Big Lots Colony TX Lease, including obligations that have accrued but may not yet have been billed under the Big Lots Colony TX Lease.  Any final assumption or confirmation order should clearly state that the Debtor will assume the Big Lots Colony TX Lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the assumption.  Furthermore, any provision in an assumption or confirmation order that purports to release the Debtor of further liability based upon a payment of cure amounts, must  specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Big Lots Colony TX  Lease.

11.      Some charges for which the Debtor bears responsibility under the Big Lots Colony TX  Lease have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods.  The Debtor pays fixed minimum rent, along with common area maintenance ("CAM"), insurance and real estate taxes and such other amounts as required pursuant to the terms of the Big Lots Colony TX Lease.  Certain charges, such as CAM, insurance and real estate taxes are estimated prospectively, billed to and paid by the tenant during

the year, and then reconciled after year-end. The reconciliation compares the amounts estimated

and paid against actual charges incurred.  To the extent the estimated payments exceed actual

charges; the result is a credit to the tenant.  To the extent the estimated payments do not cover

actual charges incurred under the Big Lots Colony TX  Lease, the result is an additional amount

(or debit) for which the tenant is liable.  In some instances, year-end reconciliations and

adjustments for previous years may not yet be complete.  In other instances, certain charges may

be paid in arrears, and cannot be calculated (in some cases) until a year or more after year-end.

Because these accrued, but unbilled, charges are not yet due under the Big Lots Colony TX

Lease, they do not create a current default that gives rise to a requirement to cure by the Debtors

at this time.

      12.     Finally, the Big Lots Colony TX Lease requires the Debtors to indemnify and

hold the Landlord harmless with respect to any claims resulting from injury or damages to

persons or property occurring in or about the leased Premises (Section 11 of the Lease). Any

assumption of the Lease must be subject to the terms of the Big Lots Colony TX Lease, including

the continuation of all indemnification obligations, regardless of when any claim arose.   Nothing

in any assumption or confirmation order should preclude the Landlord from pursuing the Debtor,

its insurance, or any other party that may be liable under the Lease.  Any ability to assume the

Big Lots Colony TX Lease is subject to the protections provided by Section 365(b) and (f).

Therefore, any  assumption must be in accordance with all provisions of the Big Lots Colony TX

Lease. The Landlord specifically reserves its right to pursue such rights irrespective of any

amounts claimed herein.

      13.     Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding

balances due under the Big Lots Colony TX Lease upon assumption. To the extent there is a dispute over the total cure obligation for the Big Lots Colony TX Lease, all undisputed cure amounts should be paid upon the earlier of the assumption of the Big Lots Colony TX Lease and the effective date of any confirmed plan of reorganization. The proper cure amount is $32,241.01 plus any attorneys fees plus additional charges and rent accruing after the date hereof, not $15,722.00 as alleged by Debtor, as evidenced by the attached ledger attached hereto as Exhibit "A" and incorporated herein the same as if fully copied and set forth at length.

14.    Furthermore, the Landlord is entitled to attorneys' fees incurred in enforcing the terms of the Lease. Section 19 of the Big Lots Colony TX Lease allows Landlord to recover its attorneys fees. Such fees will be by future supplementation properly included in the Landlord's cure amounts as actual pecuniary losses suffered by the Landlord. *See In re Williams*, 2011 Bankr. LEXIS 2463, *3 (Bankr. D. Del. June 24, 2011) (Shannon, B.J.) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees."). *See In re: Trak Auto Cooperation,* 277 B.R. 655, 669-670 ( Eastern District, Virginia 2002 ) ("Where the debtor's lease provides for the payment of counsel fees and late fees or interest, we will uphold the terms of the contract")*; In re: Muma Services, Inc.,* 279 B.R. 478, 488-89 (Bankr. D. Del. 2002); *In re: Valley Media,* 290 B.R. 73, 75-76 (Bankr. D. Del. 2003); *See also In re: Shangri-La Inc.,* 167 F.3d 843 ( 4th Cir. 1999 ).

### Reservation Of Rights

15.    Landlord reserves its rights to make such other and further objections with respect to the Big Lots Colony TX Lease as may be appropriate including, but not limited to,

objections regarding adequate assurances of future performance under 11 U.S.C. §365.

16.     Landlord joins in any objections to the lease sale and adequate assurances and cure notice that are filed or made by other landlords to the extent they are not inconsistent with this Objection.  Landlord joins in any future objections to the lease sale and adequate assurances and cure notice that are filed or made by other landlords in the future to the extent they are not inconsistent with this Objection.

17.     Landlord reserves all of its rights to object to the assumption and assignment of the Big Lots Colony TX   Lease for Big Lots Colony TX Premises on all grounds available under applicable bankruptcy and non-bankruptcy law, and to supplement this objection upon discovery of any additional monetary or non-monetary obligations that may arise prior to assumption and assignment of under the Big Lots Colony TX  Lease for the Big Lots Colony TX Premises. Nothing herein shall be construed as a waiver of any rights.

18.     The Landlord reserves its rights to supplement this  objection  and make such other and further objections as it deems necessary or appropriate.

**WHEREFORE**, the Landlord Colony Marketplace Tenancy in Common respectfully requests that the Court modify any proposed order that grants the motion as consistent with the foregoing objections and that the Court  grant the Landlord,  Colony Marketplace Tenancy in Common,  such further and additional relief as the Court may deem just and proper.

**Respectfully submitted,**
**RASHTI AND MITCHELL**
**ATTORNEYS AT LAW**

/s/ Timothy T. Mitchell
Timothy T. Mitchell
Texas State Bar Number 14223000
Donna Kaye Rashti
Texas State Bar Number 16553400
4422 Ridgeside Drive
Dallas, Texas 75244, Phone 972-661-9471
tim@rashtiandmitchell.com
donna@rashtiandmitchell.com
**Attorneys for Colony Marketplace Tenancy in**
**Common**

## CERTIFICATE OF SERVICE

I Timothy T. Mitchell do hereby certify that a true and correct copy of the above Lease Sale and Adequate Assurance Objection and Cure Amount Objection of Colony Marketplace Tenancy in Common Relating to Debtor's Store Located at 500 Main Street in the Colony, TX has been served upon the parties listed on the Court's ECF transmission list in this case via ECF e-notice, fax or U.S. mail, on this 31st day of October, 2024.

/s/ Timothy T. Mitchell
Timothy T. Mitchell
Texas State Bar Number 14223000
**Attorneys for Colony Marketplace**
**Tenancy in Common**

**HARKINSON INVESTMENT CORPORATION**

## OCCUPANT LEDGER

Unit Reference Number   :       147-100A                                 Occupant Name/Type :    BIG LOTS STORES, INC. #1878 / CURRENT

### Open Items

| Date | Charge Code | Charge Description | Amount | Balance |
|------|-------------|--------------------|--------|---------|
| 02/07/2024 | CAM | CAM Adjustment - January 2024 | 81.57 | 81.57 |
| 02/07/2024 | CAM | CAM Adjustment - February 2024 | 81.57 | 163.14 |
| 03/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 244.71 |
| 04/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 326.28 |
| 05/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 407.85 |
| 06/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 489.42 |
| 07/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 570.99 |
| 08/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 652.56 |
| 09/01/2024 | CAM | COMMON AREA MAINTENANCE | 3,128.44 | 3,781.00 |
| 09/01/2024 | RNT | MONTHLY RENT | 12,675.00 | 16,456.00 |
| 10/01/2024 | CAM | COMMON AREA MAINTENANCE | 81.57 | 16,537.57 |
| 11/01/2024 | CAM | COMMON AREA MAINTENANCE | 3,128.44 | 19,666.01 |
| 11/01/2024 | RNT | MONTHLY RENT | 12,675.00 | 32,341.01 |

**There are no comments for this occupant.**

## DOES NOT INCLUDE ANY LATE  FEES

**Exhibit A**