**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **BIG LOTS, INC.,** *et al.* | : | No. 24-11967(JKS) |
| | : | |
| Debtors | : | Related Document 511 |

**OBJECTION to CURE AMOUNT
and to ASSUMPTION and ASSIGNMENT of LEASE**

**Clover Cortez LLC**, (the **"Landlord"**), by its undersigned counsel, hereby makes this objection to the "cure amount" stated by the Debtors with respect to the Lease (defined below) and to the assumption and assignment of the Lease, as follows:

1. The Landlord is the lessor of Big Lots' location #5171, located at 5584 Cortez Road West, Bradenton, FL 34210 (the **"Location"**).

2. In the Notice of Potential Assumption and Assignment, dated October 16, 2024 (docket #511, at Page 22 of the attachment thereto), the "cure amount" due under the terms of the Lease is shown as $18,792.00 (the **"Alleged Cure Amount"**).

3. The Alleged Cure Amount is incorrect.

4. The correct cure amount (the **"Correct Cure Amount"**) is not less than $108,873.81, as detailed in attached **Exhibit "A"**.

5.      The claim is incorporated by reference. Copies of the Lease and its amendments (which are voluminous) are available from the Landlord's counsel upon request.

6.      The Landlord objects to any assumption of the Lease unless the total Correct Cure Amount is paid.

7.      The Location is part of a "shopping center" as that term is used in 11 U.S.C. §365.

8.      The Landlord specifically reserves its right to object to any other relief sought by the Debtors in connection with the assumption of the Lease, including, but not limited to, any additional amounts coming due under the Lease after the filing of this Objection, and any assignee's proposed adequate assurance of future performance (including, but not limited to, such adequate assurance pursuant to Sections 365(b) and 365(f) of the Bankruptcy Code), including but not limited to compliance with the "shopping center" provisions of Section 365.

Dated: October 31, 2024

**MARTINEZ-MONFORT, P.A.**
By: /s/ Luis Martinez-Monfort, Esq.
(FBN 0132713)
Martinez-Monfort P.A.
4427 W. Kennedy Blvd., Suite 250
Tampa, FL 33609
Telephone (813) 940-8383
luis@martinezmonfort.com
*Attorney for Landlord*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **BIG LOTS, INC.,** *et al.* | : | No. 24-11967(JKS) |
| | : | |
| Debtors | : | |

## CERTIFICATE OF SERVICE

I, Luis Martinez-Monfort, Esq. do hereby certify that on October 31, 2024, I (or the ECF system) caused a true and correct copy of the foregoing objection to be sent to each of the following persons, by email and to their firms by first class mail:

(1) Counsel to the Debtors:
    **Davis Polk & Wardwell, LLP**
     Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq.,
      Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq.,
     and Ethan Stern, Esq.
    450 Lexington Avenue
    New York, NY 10017
     and to notice.biglots@davispolk.com
         and
    **Morris, Nichols, Arsht & Tunnell, LLP**
    Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq.,
     Daniel B. Butz, Esq., Tamara K. Mann, Esq.,
      and Casey B. Sawyer, Esq.
    1201 North Market Street, 16th Floor
    Wilmington, DE 19801
     and to biglots.mnat@morrisnichols.com

(2) Counsel to the ABL Agent:
    **Choate, Hall & Stewart, LLP**
     Attn: John F. Ventola, Esq., and Jonathan D. Marshall, Esq.,
      and Jacob S. Lang, Esq.
    Two International Place
    Boston, MA 02110
     and to jventola@choate.com, jmarshall@choate.com,
    and Jacob S. Lang, Esq. jslang@choate.com
         and

**[CONTINUED on NEXT PAGE]**

**[CONTINUED from PREVIOUS PAGE]**

    **Blank Rome, LLP**
    Attn: Regina Stango Kelbon, Esq., and Stanley Tarr, Esq.
    1201 North Market Street, Suite 800
    Wilmington, DE 19801
    and to regina.kelbon@blankrome.com and
     stanley.tarr@blankrome.com

(3) Counsel to the Term Agent
    **Otterbourg, P.C.**
    Attn: Chad B. Simon, Esq., James V. Drew, Esq.
     and Sarah L. Hautzinger, Esq.
    230 Park Avenue
    New York, NY 10169
     and to CSimon@otterbourg.com, JDrew@otterbourg.com,
     and shautzinger@otterbourg.com
        and
    **Richards, Layton & Finger, P.A.**
    Attn: John H. Knight, Esq.
    920 North King Street
    Wilmington, DE 19801
    and to knight@rlf.com

(4) Counsel to the Committee
    **McDermott Will & Emery, LLP**
    Attn: Darren Azman, Esq. and Kristin G. Going, Esq.
    One Vanderbilt Avenue
    New York, NY 10017
    and to dazman@mwe.com, and kgoing@mwe.com
        and
    **Cole Schotz, P.C.**
    Attn: Justin R. Alberto, Esq. and Stacy L. Newman, Esq.
    500 Delaware Avenue, Suite 1410
    Wilmington, DE 19801
    and to jalberto@coleschotz.com, and snewman@coleschotz.com

(5) Counsel to the Stalking Horse Bidder
    **Kirkland & Ellis, LLP**
    Attn: Christopher Marcus, P.C., Douglas A. Ryder, P.C.
     and Nicholas M. Adzima, Esq.
    601 Lexington Avenue
    New York, New York 10022
    and to cmarcus@kirkland.com, douglas.ryder@kirkland.com,
     and nicholas.adzima@kirkland.com

**[CONTINUED on NEXT PAGE]**

**[CONTINUED from PREVIOUS PAGE]**

(6) U.S. Trustee
      Office of the United States Trustee:
      Attn: Linda Casey, Esq.
      844 King Street, Suite 2207
      Lockbox 35
      Wilmington, Delaware 19801
      and to linda.casey@usdoj.gov

                                                    /s/ Luis Martinez-Monfort, Esq.
                                                    Luis Martinez-Monfort
                                                    (FBN 0132713)

# Exhibit A

|  | Amount Due | Comments |
|---|---|---|
| Unpaid Base Rent | $ 17,249.47 | Tenant failed to pay Base Rent for September 2024. |
| Unpaid CAM | $ 37,944.34 | Tenant has short paid the monthly CAM reimbursement due from January 2022 up to the present time. Tenant performed a detailed multi-year CAM audit, which was reviewed by Landlord. As a result, Landlord reduced the outstanding CAM balance by $1,365.99. |
| Pending Insurance Claim for Roof | $ 53,680.00 | Pursuant to Section 12 of the Tenant's lease with the Landlord, Tenant is responsible for property insurance for the Demised Premises. During Hurricane Milton, the roof sustained damage for which the Tenant's insurance should be drawn upon. Landlord is conducting repairs on Tenant's behalf and the cost for such is being charged to Tenant's account balance, which Tenant may seek to recoup from their insurer at their election. |
| **Correct Cure Amount** | **$ 108,873.81** | |

*Notes:*

*Unpaid Base Rent and Unpaid CAM are inclusive of Sales Tax*

*Pending Insurance Claim for Roof is based on estimates from third party providers; Final expense total to be provided*

*Copies of Tenant's ledger and supporting documents for insurance claim are available upon request*