**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br>Re: D.I. 511 |

**2310 SAUNDERS, LLC'S LIMITED OBJECTION TO ASSUMPTION AND ASSIGNMENT OF LEASE AND NOTICE OF PROPOSED CURE AMOUNT FOR CERTAIN UNEXPIRED LEASE AND RESERVATION OF RIGHTS**

2310 Saunders, LLC ("Landlord") hereby submits this limited objection and reservation of rights (the "Objection") to the cure amount that the above-captioned debtors and debtors in possession (collectively, the "Debtors") have proposed to pay in connection with the potential assumption and assignment of the Lease (as defined below). In support of this Objection, Landlord states as follows:

**RELEVANT BACKGROUND**

1. Landlord, successor in interest to Crossett Development I, LLC, and one of the Debtors Big Lots Stores, Inc. ("Tenant"), are parties to that certain Lease (the "Lease") with a commencement date of May 1, 2003 (which Lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"),[2] related to real property located

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

[2] The Lease, and any amendments thereto, are voluminous, should already be in the Debtors' possession, and accordingly, are not attached to this Objection.

1

at 2310 E. Saunders St., Laredo, Texas and known to the Debtors as Store #1604 (the "<u>Leased Property</u>").

2. The term of the Lease currently ends on January 31, 2027.

3. Pursuant to the terms of the Lease, Tenant is obligated to pay Landlord base rent, common area maintenance, taxes, insurance, and certain other charges. The Lease is an unexpired lease of non-residential real property as that term is used in section 365 of the Bankruptcy Code.

4. On September 9, 2024 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 13] (the "<u>Lease Sale Motion</u>").

6. On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "<u>Bidding Procedures Motion</u>") [Docket No. 18],[3] which, among other things, sought Court approval for procedures for the solicitation of bids (the "<u>Bidding Procedures</u>") in connection with

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

2

(i) the proposed sale of substantially all of the Debtors' assets to the Stalking Horse Bidder and the assumption of certain liabilities, subject to the submission of higher or otherwise better offers, (ii) the Sale Transaction and (iii) the Auction, (b) the form and manner of notice related to the Sale Transaction, and (c) procedures for the assumption and assignment of Contracts and Leases in connection with the Sale Transaction.

7. On September 11, 2024, the Court entered the *Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief* [Docket No. 137] (the "Interim Order") that imposed certain "Lease Sale Procedures" on an interim basis with respect to a "First Wave" of lease sales.

8. October 9, 2024, the Court entered the *Second Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief* [Docket No. 460] (the "Second Interim Order") which set forth certain deadlines in connection with the sale of certain leases.

9. On October 29, 2024, the Court entered the *Third Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Dkt. No. 650] (the "Third Interim Order").

10. In connection with and related to the proposed Bidding Procedures Motion, on October 16, 2024, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 511] (the "Cure Notice"). Attached to the Cure Notice is a schedule listing executory contracts and unexpired leases, including, but not limited to the Lease, that the Debtors may potentially assume and assign to a successful bidder in connection with a sale of the Debtors' assets and proposed cure costs for each listed contract or lease (the "Cure Schedule").

11. The Cure Schedule identified the Lease as an unexpired lease to be potentially assumed and assigned as part of the proposed sale and indicated that the amount necessary to cure any defaults under the Lease as of the Petition Date is $33,494.00 (the "Proposed Cure Amount").

12. The Cure Notice further provides that if Landlord, fails to object to the Proposed Cure Amount prior to November 4, 2024 at 12:00 p.m. (prevailing Eastern Time), it will be barred from objecting to the proposed assumption and assignment of the Lease, including any cure costs or defaults associated with such proposed assumption and assignment of the Lease.

## AMOUNTS OWED TO LANDLORD UNDER THE LEASE

13. Landlord objects to the Proposed Cure Amount reflected in the Cure Notice. Landlord asserts that, as of the Petition Date, the amount to be paid to cure existing monetary defaults is not less than $43,070.86 (the "Unpaid Pre-Petition Fees").[4] A copy of the Landlord's ledger stating the amount currently owed is annexed hereto as **Exhibit 1** and is incorporated herein by reference.

14. Both prior to and since the Petition Date, Landlord has provided the Debtors with access to the Leased Property pursuant to the terms of the Lease. In addition, the Debtors will continue to incur charges under the Lease through the effective date of the Debtors' assumption and/or assignment thereof.

## OBJECTION

15. The Bankruptcy Code requires the Debtors to cure all defaults under an unexpired lease as of the date of assumption. Section 365(b)(1) of the Bankruptcy Code provides:

---

[4] The Cure Notice provides that the Proposed Cure Amount shall only apply to amounts necessary to cure any defaults under the Lease that existed prior to the Petition Date. However, Landlord expressly reserves the right to include additional post-petition charges as they come due while the Bidding Procedures Motion and the proposed assumption and assignment of the Lease remains pending and/or file a motion requesting the payment of any such administrative expenses.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

16. The Proposed Cure Amount to assume and assign the Lease is insufficient. To the extent that the Debtors seek to assume and assign the Lease, the Debtors are required to pay the sum of at least $43,070.86 to Landlord in order to satisfy the Debtors' existing monetary defaults under section 365(b) of the Bankruptcy Code and $10,000.00 in attorneys' fees,[5] for a total of $53,070.86 (the "Correct Cure Amount").

17. Therefore, Landlord objects to the Proposed Cure Amount and any proposed assumption and assignment of the Lease to the extent that any proposed order approving such assumption and assignment fails to provide that the Debtors or the proposed purchaser/assignee of the Lease shall promptly pay Landlord the Correct Cure Amount. *See* 11 U.S.C. § 365(b).

18. Accordingly, if the Debtors want to assume, or assume and assign, the Lease, the Debtors must first pay the Correct Cure Amount owed under the Lease, plus any other unbilled

---

[5] Landlord reserves its rights to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *See In re Crown Books Corp.*, 269 B.R. 12, 16, 18 (Bankr. D. Del. 2001). Here, section 41 of the Lease specifically contemplates an award of attorneys' fees. As of the date of this Objection, the amount of attorneys' fees includes an estimate of $3,000 incurred in connection with this Objection that may continue to accrue.

Landlord also reserves its rights to file a motion to compel performance under section 365(d)(3) of the Bankruptcy Code, which provides that a debtor in possession must timely perform all postpetition obligations of the debtor under a lease of non-residential real property, until the lease is assumed or rejected.

and unpaid post-petition charges incurred thereunder through the effective date of assumption, as a condition to such assumption/assignment. These amounts must be paid in full as a condition precedent to assumption of Lease pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code.

19. Landlord does not object to the proposed assumption and assignment of the Lease; provided that, it is promptly paid the Correct Cure Amount and any unpaid post-petition rent (if any) that may be due, and provided further that, the proposed purchaser assumes all of the Debtors' obligations under the Lease from the effective date of any such assumption and assignment through the expiration of the Lease, and that the Debtors (and applicable assignee) provide Landlord with adequate assurance of future performance under the Lease pursuant to section 365(b)(1)(C) of the Bankruptcy Code.

20. Further, Landlord objects to the Proposed Cure Amount as it may not satisfy all of the Debtors' obligations under the Lease as required by section 365 of the Bankruptcy Code, including, *inter alia*, as it may not include amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations) as well as attorneys' fees and other amounts due under the Lease. Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Proposed Cure Amount.

21. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future

performance under the contract or lease. *See* 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the Lease after the Petition Date as well as prior to or as of the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

## RESERVATION OF RIGHTS

22. Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law. Landlord expressly reserves all such rights including, without limitation, the right to: (a) supplement and/or amend this Objection to assert any additional objections with respect to the Cure Notice and/or any proposed assumption and assignment of the Lease; (b) amend the cure costs under the Lease; (c) assert any additional unliquidated obligations and/or nonmonetary defaults under the Lease; (d) object to the assumption and assignment of the Lease to any proposed purchaser with providing adequate assurance of future performance; (e) assert a claim for allowance of administrative expenses under section 503 of the Bankruptcy Code; and (f) demand immediate payment of all amounts due under, and full compliance with, the Lease to the extent required under section 365 of the Bankruptcy Code.

23. Landlord reserves its rights later to object to an assumption and assignment of the Lease on the basis of adequate assurance of future performance by any Successful Bidder that may

be proposed as the assignee of the Lease. Any successful bidder must provide Landlord with adequate assurance of future performance pursuant to section 365(f)(2)(B) of the Bankruptcy Code. Because the Lease is a shopping center lease, the Bankruptcy Code requires heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

*See* 11 U.S.C. § 365(b)(3).

24. Landlord has not received information regarding the foregoing and, therefore, reserves its rights to object to any assumption and assignment of the Lease to the extent that it lacks adequate assurance that the Successful Bidder will be able to meet its obligations thereunder.

WHEREFORE, Landlord respectfully requests that this Court (i) sustain this Objection, (ii) condition the Debtors' request for the assumption and assignment of the Lease upon payment of the Correct Cure Amount, including attorneys' fees and expenses, on or before closing of the Sale Transaction, and the Debtors' providing of adequate assurance of future performance under the Lease by any proposed assignee thereof, and (iii) grant Landlord such further relief as this Court deems just and proper.

Dated: November 1, 2024
Wilmington, Delaware

Respectfully submitted,

**Greenberg Traurig, LLP**

*/s/ Dennis A. Meloro*
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Dennis.Meloro@gtlaw.com

*Counsel to 2310 Saunders, LLC*

**Certificate of Service**

    I hereby certify that in addition to the notice and service provided through the Court's ECF system, on November 1, 2024, I caused a true and correct copy of *2310 Saunders, LLC's Limited Objection to Assumption and Assignment of Lease and Notice of Proposed Cure Amount for Certain Unexpired Lease and Reservation of Rights* to be served via electronic mail or first-class mail on the parties listed on the attached service list.

**SERVICE LIST**

| | |
|---|---|
| Brian M. Resnick, Esq.<br>Adam L. Shpeen, Esq.<br>Stephen D. Piraino, Esq.<br>Jonah A. Peppiatt, Esq.<br>Ethan Stern, Esq.<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>notice.biglots@davispolk.com | Darren Azman, Esq.<br>Kristin G. Going, Esq.<br>MCDERMOTT WILL & EMERY LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>dazman@mwe.com<br>kgoing@mwe.com |
| Robert J. Dehney, Sr., Esq.<br>Andrew R. Remming, Esq.<br>Daniel B. Butz, Esq.<br>Tamara K. Mann, Esq.<br>Casey B. Sawyer, Esq.<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street, 16th Floor<br>Wilmington, DE 19801<br>biglots.mnat@morrisnichols.com | Justin R. Alberto, Esq.<br>Stacy L. Newman, Esq.<br>COLE SCHOTZ P.C.<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>jalberto@coleschotz.com<br>snewman@coleschotz.com<br><br>*Proposed Counsel to the Committee* |
| *Counsel to the Debtors* | |
| John F. Ventola, Esq.<br>Jonathan D. Marshall, Esq.<br>Jacob S. Lang, Esq.<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, MA 02110<br>jventola@choate.com<br>jmarshall@choate.com<br>jslang@choate.com | Chad B. Simon, Esq.<br>James V. Drew, Esq.<br>Sarah L. Hautzinger, Esq.<br>OTTERBOURG P.C.<br>230 Park Avenue<br>New York, NY 10169<br>CSimon@otterbourg.com<br>JDrew@otterbourg.com<br>shautzinger@otterbourg.com |
| Regina Stango Kelbon, Esq.<br>Stanley Tarr, Esq.<br>BLANK ROME LLP<br>1201 N. Market Street, Suite 800<br>Wilmington, DE 19801<br>regina.kelbon@blankrome.com<br>stanley.tarr@blankrome.com<br><br>*Counsel to the ABL Agent* | John H. Knight, Esq.<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 N. King Street<br>Wilmington, DE 19801<br>knight@rlf.com<br><br>*Counsel to the Term Agent* |

10

Christopher Marcus, P.C.
Douglas A. Ryder, P.C.
Nicholas M. Adzima, Esq.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
cmarcus@kirkland.com
douglas.ryder@kirkland.com
nicholas.adzima@kirkland.com

*Counsel to the Stalking Horse Bidder*


Linda J. Casey, Esq.
Office of the United States Trustee
Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
linda.casey@usdoj.gov

*U.S. Trustee*