IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Related to Docket No. 511<br>Objection Deadline: Nov. 4, 2024, at 12PM |

**OBJECTION OF SOUTHGATE SHOPPING CENTER LLP TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Southgate Shopping Center LLP (the "Landlord"), by and through its undersigned counsel, herby files this objection to the Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 511] (the "Notice").[2] In support thereof, the Landlord states as follows:

1. The Landlord and debtor Big Lots Stores, LLC ("Big Lots") are parties to a Lease Agreement dated June 29, 1968 (together with all modifications, amendments, subleases, and extensions, the "Lease") for the premises located at the Southgate Shopping Center, 344 Hospital Drive, Glen Burnie, Maryland.

2. On September 9, 2024 (the "Petition Date"), the Debtors, including Big Lots, each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Notice.

"Court"). The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' cases are being jointly administered.

3. On October 16, 2024, the Debtors filed the Notice whereby the Debtors seek to assume the Lease with a cure amount of $35,395.00.

**OBJECTION**

4. Section 365 of the Bankruptcy Code provides the standard for assuming executory contracts and unexpired leases. A "debtor cannot assume such a contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole." *ReGen Capital I, Inc. v. Halperin (In re Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008); *see also In re G-I Holdings, Inc.*, 580 B.R. 388 (Bankr. D.N.J. 2018). In particular, the debtor must "cure the default, or provide adequate assurance that it will promptly cure it[.]" *Id*. This "strives to restore the debtor-creditor relationship . . . to pre-default conditions . . . bringing the contract back into compliance with its terms[.]" *Id*. (internal citations omitted). All defaults, both pre-petition and post-petition, must be cured in connection with an assumption.

5. Pursuant to 11 U.S.C. § 365(b)(1), the Landlord objects to any assumption and assignment of the Lease unless and until the entire cure amount is paid to the Landlord and the Landlord receives adequate assurance that these pre-petition amounts and future amounts due under the Lease will be paid. The correct cure amount for the Lease as of the filing of this Objection is approximately $74,725.21, which includes unpaid September rent, real estate taxes and estimated costs of repair to the premises.

6. The proposed cure amount set forth in the Notice also does not reflect all accrued but unbilled charges which may come due under the Lease, including those accrued but unbilled charges for common area maintenance, real estate taxes, insurance, and post-petition

administrative rent. Any order entered in connection with the Notice must require that the Debtors comply with all obligations under the Lease and cure all defaults under the Lease.

7.    Section 365(b)(1)(C) also requires that the debtor "provides adequate assurance of further performance under" the lease. The Landlord objects to the Notice to the extent that Notice also fails to provide the Landlord with adequate assurance of future performance and the Debtors' ability to comply with future obligations under the Lease.

8.    The Landlord does not waive any of its rights under the Lease or applicable law. The Landlord expressly reserves all rights to amend, modify, or supplement this objection.

WHEREFORE, the Landlord respectfully request that this Court (1) enter an order requiring the Debtors to pay the correct cure amount as set forth in this objection; (2) require the Debtors to provide adequate assurance of future performance under the Lease; and (3) grant such other and further relief as is just and appropriate under the circumstances.

Dated: November 1, 2024
      Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**
 /s/ R. Craig Martin
R. Craig Martin (DE 005032)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com

-and-

Dale K. Cathell
Virginia R. Callahan
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 580-3000
Facsimile: (410) 580-30001
Email: dale.cathell@us.dlapiper.com
      virginia.callahan@us.dlapiper.com

*Counsel for Southgate Shopping Center LLP*