**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Doc. No. **511** |
| | Objection Deadline : November 4, 2024, at 12:00 p.m. |

**LIMITED OBJECTION OF TOWN N' COUNTRY PLAZA, LLC F/K/A TOWN N' COUNTRY PLAZA, L.P. TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE, INCLUDING CURE AMOUNT, AND RESERVATION OF RIGHTS**

Town N' Country Plaza, LLC f/k/a Town N' Country Plaza, L.P. (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the Debtors' proposed assumption and assignment of lease, including the proposed cure amount indicated the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Lease and Cure Amount (Doc. 511) (the "Notice"), and in support of its Objection, Landlord respectfully represents as follows:

**BACKGROUND**

1. Landlord and Big Lots Stores, Inc. (n/k/a Big Lots Stores, LLC) (the "Debtor") are parties to that certain lease agreement originally dated September 15, 1994, as subsequently extended on April 24, 2006, July 29, 2011, and May 13, 2016 (and as may have been further

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores -PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081

1

amended, supplemented, or otherwise modified, the "Lease"). The Lease relates to approximately retail space located at 7565 W. Hillsborough Ave., Tampa, FL (the "Leased Premises"). Copies of the Lease documents are attached as Composite Exhibit "A." Landlord converted from a limited partnership to a limited liability company in 2021.

2. The Debtors filed voluntary petitions for relief under Chapter 11 of the United States Code on September 9, 2024 ("Petition Date"). The Debtors have remained in possession of the estates' assets and continue to manage their financial affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On October 16, 2024, the Debtors filed the Notice (Doc. 511), in which the Debtors provided notice of the potential assignment (the "Proposed Assignment") of the Lease to Gateway BL Acquisition, LLC ("Gateway"). The Landlord is not in possession of any proposed assumption and assignment agreement.

4. In the Notice, the Debtors include a proposed cure cost of $18,928.00 (the "Proposed Cure Amount").

5. The deadline to file objections to the Proposed Assignment and Proposed Cure Amount is November 4, 2024, at 12:00 p.m.

**OBJECTION**

6. Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the debtor is required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the debtor will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired leases sought to be assumed and assigned.

**Cure Amount and Adequate Assurance**

7. As of the date of this filing, the Debtors owe $50,174.85 in rent and other charges (the "Actual Cure Amount"). Copies of the documents supporting the Actual Cure Amount are attached as Composite Exhibit "B." Therefore, the Debtors must not only satisfy the Actual Cure Amount, but the Debtors must also provide adequate assurance that Gateway will be able to perform under the Lease in the future, before the Debtors may assume and assign the Lease.

8. To the extent there is a dispute over the total cure obligation for the Lease, all undisputed cure amounts should be paid upon assumption and assignment of the Lease. The Debtors should be required to escrow any disputed amounts, and the Court conduct a further proceeding within thirty (30) days of the assumption of the Lease to deal with any disputes that remain unresolved after such period.

9. Further, the Debtors proposed assumption and assignment of the Lease is subject to all terms of the Lease, including all obligations due and owing under the Lease such obligations that may have accrued, but may not have been billed under the Lease. By way of limited example, the Debtors are responsible for real estate taxes and any "true up" charges for common area maintenance charges each year.

10. As further example the Leased Premises suffered damage during Hurricane Helene and/or Hurricane Milton. At present, it appears that he Debtors are remediating or repairing the damage, but to the extent it is not remediated or repaired at the time of the Proposed Assignment, Gateway should be required to provide adequate assurance that it will discharge the Debtors' repair obligations under the Lease.

11. As the Landlord has not been provided with the proposed assumption and assignment agreement, any final assumption and assignment of the Lease should clearly state that Gateway will assume these lease obligations and pay and perform them when due, regardless of

whether they relate to the period prior to, or after, the proposed assumption and assignment.

12.     Any release in favor of the Debtors of further liability based upon a payment of cure amounts, must specify that such release does not apply to any and all obligations of Gateway to pay accrued or accruing, but unbilled, charges that come due under the Lease or otherwise discharge the Debtors duties under the Lease.

### **Indemnification and Hold Harmless**

13.     Additionally, the Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Leased Premises subject of the Lease. Any assumption and assignment of the Lease must be subject to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when any claim arose.1[2] Nothing in any order should preclude the Landlord from pursuing the Debtors, its insurance, or any other party that may be liable under the Lease, and the Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

### **Restricted Uses and Exclusive Use Covenants**

14.     Finally, the Leased Premises is located within shopping center (the "Plaza") and the Landlord has restrictions on the uses of the various leased premises located therein and has certain agreements with other tenants that provide them with exclusive use rights within the Plaza. A statement of the restrictions and exclusive uses is attached as Exhibit "C." Any assumption and assignment of the Lease must ensure that Gateway does not use the Leased Premises for any of the restricted uses and that the use of the Leased Premises does not violate any of the exclusive

---

[2] Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Lease.

4

use agreements that Landlord has with other tenants that lease premises within the Plaza. The Debtors by virtue of section 4 of the Lease benefit from their own restrictive covenant with the Landlord, and Gateway should not be permitted to use or occupy the Premises for any purpose that would violate any similar covenants with other tenants in the Plaza, including: use for a hardware operation; auto parts store or sale of automobile parts, supplies and/or accessories; rental-purchase dealer, furniture dealer, or appliance dealer; full service hair salon; or thrift store and/or collection bins.

## **RESERVATION OF RIGHTS**

15. The Landlord reserves its rights to (a) amend this Objection for purposes of asserting any additional amounts which may be owed (whether pre-petition or administrative claims), including, without limitation, any rent based on percentage of sales, (b) assert any claims (including, without limitation, administrative claims) for damages to the Leased Premises, the removal of personal property left behind by the Debtors and/or for damages relating to removal or change of signage, (c) object to the proposed form of assumption and assignment agreement, (d) enforce any other rights of the Landlord or obligations of the Debtors and/or assignee in connection with the assignment of the Lease, (e) object in the event the prior written consent of Ross is required but not obtained, and (f) object in the absence of compliance with any other restrictive use covenants, including, but not limited to, for the benefit of any other existing tenants.

WHEREFORE, the Landlord respectfully requests that this Court enter an Order sustaining this Objection or granting relief consistent with this Objection and granting the Landlord such other and further relief as it deems just and proper.

Dated: November 1, 2024

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Email: dklauder@bk-legal.com

-and-

**Anthony & Partners, LLC**

Townsend J. Belt *(pro hac vice pending)*
Florida Bar Number: 0066811
tbelt@anthonyandpartners.com
lortega@anthonyandpartners.com
eservice@anthonyandpartners.com
100 South Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813-273-5616
Telecopier: 813-221-4113

*Co-Counsel to Town N' Country Plaza, LLC f/k/a Town N' Country Plaza, L.P.*