IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| | § | CASE NO. 24-11967(JKS) |
| BIG LOTS, INC., et al | § | |
| Debtors. | § | Jointly Administered |

**LEASE SALE AND ADEQUATE ASSURANCE OBJECTION OF WESTCHASE SERIES 8, A SERIES OF WESTCHASE PARTNERS, LLC RELATING TO DEBTOR'S STORE LOCATED AT SUMMER PLACE SHOPPING CENTER IN GALLATIN, TN**

Creditor and landlord Westchase Series 8, a series of Westchase Partners, LLC (sometimes "Summer Place" or "Landlord"), by and through its undersigned counsel, files this Lease Sale and Adequate Assurance Objection of Westchase Series 8, a series of Westchase Partners, LLC Relating to Debtor's Store Located at Summer Place Shopping Center in Gallatin, TN ("Objection"), and respectfully states:

**Background**

1. Big Lots, Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on September 9, 2024 (the "Petition Date"). The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§1107(a) and 1108.

2. The Landlord Westchase Series 8, a series of Westchase Partners, LLC and one (1) of the Debtors are parties to an unexpired lease dated as of on or about June 11, 2012, of

nonresidential real property located at Summer Place Shopping Center in Gallatin, TN ( sometimes the "Big Lots Summer Place Lease" or "Lease") of premises ( sometimes the "Big Lots Summer Place Premises" or the "Premises") located in Summer Place Shopping Center, 370 Sumner Hall Drive, Gallatin, TN 37066. This Objection supplements that certain objection of Lease Sale and Adequate Assurance Objection of JHR Summer Place Shopping Center, LLC Relating to Debtor's Store Located at Summer Place Shopping Center in Gallatin, TN filed under docket entry #696 herein on October 31, 2024. Debtor has "Summer Place Shopping Center, LLC" listed in its records at the Landlord, but the Landlord is "Westchase Series 8, a series of Westchase Partners, LLC".

3. The Big Lots Summer Place Premises is located within a "shopping center" as that term is used in §365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

**LEASE SALE AND ADEQUATE ASSURANCE OBJECTION OF WESTCHASE SERIES 8, A SERIES OF WESTCHASE PARTNERS, LLC RELATING TO DEBTOR'S STORE LOCATED AT SUMMER PLACE SHOPPING CENTER IN GALLATIN, TN**

4. Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired lease sought to be assumed and assigned. In particular, Bankruptcy Code section 365(b)(1) provides that in the event of a default under an unexpired lease, a debtor may not assume the lease unless, at the time of the assumption of such lease, the debtor "(A) cures, or provides adequate assurance that the debtor will promptly cure, such default; (B) compensates, or

provides adequate assurance that the debtor will promptly compensate, the non-debtor party to the contract for any actual pecuniary loss to such party resulting from such default; and ( C ) provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1). A debtor must cure both monetary and nonmonetary defaults. *See id.*

5. The cure notice and the bidding procedures, however, do not specify any other economic and non-economic obligations of the Debtors under the Big Lots Summer Place Lease. Among other obligations, the Debtors are responsible for payment of monthly operating expenses and any shortfall after the annual reconciliation of actual expenses to estimated amounts paid each month. Further, the Debtors are obligated to Landlord for Landlord's attorneys' fees (pursuant to Section 40 of the Lease) incurred in connection with enforcing its contractual rights under the Big Lots Summer Place Lease for the Big Lots Summer Place Premises. Finally, the Debtors remain liable for any amounts coming due prior to any assumption and assignment of the Big Lots Summer Place Lease for the Big Lots Summer Place Premises, as well as all noneconomic obligations thereunder.

6. Further, all other provisions of the Big Lots Summer Place Lease must be complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 4 of the Lease) and the assignment clause (pursuant to Section 22 of the Lease) and the providing of adequate assurances that future obligations will be met by the tenant under the Big Lots Summer Place Lease.

**The Potential Purchaser Must Provide Adequate Assurance of Future Performance**

7. Section 365 of the Bankruptcy Code requires that a Debtor provide adequate

assurance that it (or any assignee) will have the ability to perform under such lease as a condition to assuming the Lease. 11 U.S.C. §§ 365(b)(1)( c ) & (f)(2). The Debtors bear the ultimate burden of persuasion as to this issue. *See In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Adequate assurance of future performance is determined by the existing factual conditions, and the court may look to many factors in determining what is necessary to provide adequate assurance of future performance under section 365(b), including sufficient economic backing, economic conditions, certificates, credit reports, escrow deposits, or other similar forms of security or guarantee. *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981); *In re Belize Airways*, 5 B.R. 152 (Bankr. S.D. Fla. 1980). Courts also look to the operating experience of the proposed assignees. *In re Bygaph, Inc.*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986).

8. The Debtors must demonstrate that the potential purchaser has the ability to establish adequate assurance of future performance under the Big Lots Summer Place Lease as of the time of the assignment of the Big Lots Summer Place Lease. Landlord demands strict proof at any hearing on the proposed assumption and assignment of the Big Lots Summer Place Lease as to the Potential Purchaser's ability to provide adequate assurance of future performance as required in accordance with section 365 of the Bankruptcy Code. As a part of the showing of adequate assurance as required by section 365, the Debtors must show specifically, in addition to all other requirements of section 365, that any proposed assignee's "financial condition ... [is] similar to the financial condition... of the debtor... as of the time the debtor became the lessee under the lease." 11 U.S.C. § 365.

9. Additionally, all other provisions of the Big Lots Summer Place Lease must be complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 4 of the Lease) and the assignment clause (pursuant to Section 22 of the Lease) and the providing of adequate assurances that future obligations will be met by the tenant under the Big Lots Summer Place Lease.

10. In addition, the Debtor remains responsible for all accrued or accruing charges under the Big Lots Summer Place Lease and must pay such charges when they come due under the Lease. The Debtor must assume the Big Lots Summer Place Lease subject to its terms, and must assume all obligations owing under the Big Lots Summer Place Lease, including obligations that have accrued but may not yet have been billed under the Big Lots Summer Place Lease. Any final assumption or confirmation order should clearly state that the Debtor will assume the Big Lots Summer Place Lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the assumption. Furthermore, any provision in an assumption or confirmation order that purports to release the Debtor of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Big Lots Summer Place Lease.

11. Some charges for which the Debtor bears responsibility under the Big Lots Summer Place Lease have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods. The Debtor pays fixed minimum rent, along with common area maintenance ("CAM"), insurance and real estate taxes and such other amounts as required pursuant to the terms of the Big Lots Summer Place Lease. Certain charges, such as CAM,

insurance and real estate taxes are estimated prospectively, billed to and paid by the tenant during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred. To the extent the estimated payments exceed actual charges; the result is a credit to the tenant. To the extent the estimated payments do not cover actual charges incurred under the Big Lots Summer Place Lease, the result is an additional amount (or debit) for which the tenant is liable. In some instances, year-end reconciliations and adjustments for previous years may not yet be complete. In other instances, certain charges may be paid in arrears, and cannot be calculated (in some cases) until a year or more after year-end. Because these accrued, but unbilled, charges are not yet due under the Big Lots Summer Place Lease, they do not create a current default that gives rise to a requirement to cure by the Debtors at this time.

12.    Finally, the Big Lots Summer Place Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the leased Premises (Section 11 of the Lease). Any assumption of the Lease must be subject to the terms of the Big Lots Summer Place Lease, including the continuation of all indemnification obligations, regardless of when any claim arose. Nothing in any assumption or confirmation order should preclude the Landlord from pursuing the Debtor, its insurance, or any other party that may be liable under the Lease. Any ability to assume the Big Lots Summer Place Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Big Lots Summer Place Lease. The Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

13. Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances due under the Big Lots Summer Place Lease upon assumption. To the extent there is a dispute over the total cure obligation for the Big Lots Summer Place Lease, all undisputed cure amounts should be paid upon the earlier of the assumption of the Big Lots Summer Place Lease and the effective date of any confirmed plan of reorganization.

14. Furthermore, the Landlord is entitled to attorneys' fees incurred in enforcing the terms of the Lease. Section 40 of the Big Lots Summer Place Lease allows Landlord to recover its attorneys fees. Such fees will be by future supplementation properly included in the Landlord's cure amounts as actual pecuniary losses suffered by the Landlord. *See In re Williams*, 2011 Bankr. LEXIS 2463, *3 (Bankr. D. Del. June 24, 2011) (Shannon, B.J.) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees."). *See In re: Trak Auto Cooperation,* 277 B.R. 655, 669-670 ( Eastern District, Virginia 2002 ) ("Where the debtor's lease provides for the payment of counsel fees and late fees or interest, we will uphold the terms of the contract")*; In re: Muma Services, Inc.,* 279 B.R. 478, 488-89 (Bankr. D. Del. 2002); *In re: Valley Media,* 290 B.R. 73, 75-76 (Bankr. D. Del. 2003); *See also In re: Shangri-La Inc.,* 167 F.3d 843 ( 4th Cir. 1999 ).

### Reservation Of Rights

15. Landlord reserves its rights to make such other and further objections with respect to the Big Lots Summer Place Lease as may be appropriate including, but not limited to, objections regarding adequate assurances of future performance under 11 U.S.C. §365.

16. Landlord joins in any objections to the lease sale and adequate assurances and

cure notice that are filed or made by other landlords to the extent they are not inconsistent with this Objection. Landlord joins in any future objections to the lease sale and adequate assurances and cure notice that are filed or made by other landlords in the future to the extent they are not inconsistent with this Objection.

17. Landlord reserves all of its rights to object to the assumption and assignment of the Big Lots Summer Place Lease for Big Lots Summer Place Premises on all grounds available under applicable bankruptcy and non-bankruptcy law, and to supplement this objection upon discovery of any additional monetary or non-monetary obligations that may arise prior to assumption and assignment of under the Big Lots Summer Place Lease for the Big Lots Summer Place Premises. Nothing herein shall be construed as a waiver of any rights.

18. The Landlord reserves its rights to supplement this objection and make such other and further objections as it deems necessary or appropriate.

**WHEREFORE**, the Landlord Westchase Series 8, a series of Westchase Partners, LLC respectfully requests that the Court modify any proposed order that grants the motion as consistent with the foregoing objections and that the Court grant the Landlord Westchase Series 8, a series of Westchase Partners, LLC, such further and additional relief as the Court may deem just and proper.

**Respectfully submitted,**
**RASHTI AND MITCHELL**
**ATTORNEYS AT LAW**

/s/ Timothy T. Mitchell
Timothy T. Mitchell
Texas State Bar Number 14223000
Donna Kaye Rashti
Texas State Bar Number 16553400
4422 Ridgeside Drive
Dallas, Texas 75244, Phone 972-661-9471
tim@rashtiandmitchell.com
donna@rashtiandmitchell.com
**Attorneys for Westchase Series 8, a series of Westchase Partners, LLC**

## CERTIFICATE OF SERVICE

I Timothy T. Mitchell do hereby certify that a true and correct copy of the above Lease Sale and Adequate Assurance Objection of Westchase Series 8, a series of Westchase Partners, LLC Relating to Debtor's Store Located at Summer Place Shopping Center in Gallatin, TN has been served upon the parties listed on the Court's ECF transmission list in this case via ECF e-notice, fax or U.S. mail, on this 1st day of November, 2024.

/s/ Timothy T. Mitchell
Timothy T. Mitchell
Texas State Bar Number 14223000
**Attorneys for Westchase Series 8, a series of Westchase Partners, LLC**
