IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*[1], | Chapter 11 |
| Debtors. | (Jointly Administered) |
| _____/ | Re: D.I. 511 |

## OBJECTION OF BAY VALLEY SHOPPING CENTER LLC TO DEBTORS' PROPOSED CURE COSTS IN NOTICE OF ASSIGNMENT AND ASSUMPTION

Bay Valley Shopping Center LLC ("**Bay Valley**") hereby objects to the *Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* filed on October 16, 2024 (the "**Assignment and Assumption Notice**," D.I. 511), and in support states as follows.

1. On September 9, 2024 (the "**Petition Date**"), the Debtors filed their voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code.

2. The Debtors continues to manage and operate their business as debtors-in-possession pursuant to 11 U.S.C. § 1184.

3. Bay Valley is a creditor of the Debtors, and is the current leaseholder and landlord for the real property located at 2580 Tittabawassee Road, Saginaw, Michigan, where Big Lots Stores, LLC rents space for one of its locations pursuant to a lease (the "**Lease**").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

4. In their Assignment and Assumption Notice, the Debtors identify Bay Valley as counterparty to a lease which they wish to assume. However, the Assignment and Assumption Notice suggests the pre-petition cure amount is $49,040.

5. The actual pre-petition cure amount owed by the Debtors under the Lease is **$62,311.87**.

6. A copy of the Accounts Receivable Aging as of the Petition Date is attached hereto as **Exhibit 1**, followed by the invoices representing the amounts due as of the Petition Date.

7. Bay Valley requests that in order to assume the Lease, the Debtors cure the Pre-Petition arrearage in the amount of $62,311.87.

8. Further, certain obligations may accrue on a future date but will not become due under the terms of the Lease prior to the date the Lease is assumed. For instance, CAM, insurance, real estate taxes, and other expenses are paid monthly based on estimated amounts due. The actual amounts due are reconciled every year. Further, additional amounts may have been incurred by the Debtors but not yet billed for services that are not Big Valley's responsibility under the Lease, e.g., certain repairs and maintenance, HVAC repairs, etc. In the event more amounts are owed that are not included in the proposed cure amount, they should be paid by the Debtors/assignee. The order approving the assumption of the Lease should make clear that Big Valley's rights with respect to accrued, but not yet due obligations under the Lease (including, without limitation, for CAM, insurance, and real estate taxes), are not impaired or otherwise prejudiced by the assumption/assignment of the Lease, and that those amounts will be paid post-assumption as they become due based on the parties' prior practices and/or under the terms of the Lease or applicable law.

9. There also could be indemnity obligations that have arisen but are not yet known to Big Valley. Any order approving the assumption should make clear that the Debtors/assignee is required to comply with all contractual obligations to indemnify and hold Big Valley harmless with respect to events that may have occurred before or after the Petition Date, but that are not known to Big Valley as of the date of the assumption including, without limitation, claims for personal injury and property damage that occurred at the leased premises and presently unknown deferred maintenance, damage and/or destruction to the leased premises.

10. Further, the proposed cure amount does not include amounts that became or will become due under the Lease after the Petition Date but before the effective date of assumption.

11. Amounts that first become due under the Lease after the Petition Date but prior to the rejection or assumption of the Lease must be promptly paid under Section 365(d)(3) of the Code. The proposed cure amount should not be construed as limiting any of the Debtors' obligations under section 365(d)(3) of the Code.

12. In the event these 365(d)(3) obligations are not paid, the Debtors/assignee should be required to pay them, as well as all pre-petition amounts due, on the date the Lease is assumed.

### Joinder

13. Big Valley hereby joins in the objection of any other similarly situated party in interest to the extent that such objection is not inconsistent herewith.

### Reservation of Rights

14. Big Valley reserves all rights with respect to the Lease, including, without limitation, its right to amend or supplement this Objection and to raise any other arguments in connection herewith. Nothing herein shall be deemed to waive any of Big Valley's procedural, substantive, or other rights, privileges, and remedies in connection with the Lease (including,

without limitation, all rights under section 365(d)(3) and 503(b)), all of which are hereby reserved.

15. Rent and other recoverable expenses continue to accrue. Big Valley reserves the right to amend and/or supplement this objection to reflect such additional amounts or to account for any additional adjustments that have not yet been billed or have not yet become due under the Lease through the date the Lease is assumed.

Respectfully submitted,

Dated: November 1, 2024

/s/ *Scott Leonhardt*
Scott Leonhardt (DE 4885)
ESBROOK P.C.
1000 N. West Street, Suite 1200
Wilmington, DE 19801
302-650-7540
Scott.leonhardt@esbrook.com

-and-

Dennis W. Loughlin (P57084)
WARNER NORCROSS + JUDD LLP
2715 Woodward Ave., Ste. 300
Detroit, MI 48201
313-546-6000
dloughlin@wnj.com

*Counsel for Bay Valley Shopping Center LLC*