IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

## CURE CLAIM OBJECTION RELATED TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNTS [DOCKET NO. 511]

Lawrenceville Commercial Properties, LLC ("LCP"),[2] by and through its undersigned counsel, hereby files this objection to the proposed cure amount that the above captioned debtors and debtors-in-possession (collectively, "Debtors") have proposed to pay in connection with the potential assumption and assignment of LCP's lease. In support, LCP states the following:

### BACKGROUND

A.  **LCP's lease with the Debtor.**

1. The lease at issue concerns Debtor (tenant) and its Store #370, located at 250 Grayson Hwy Ste 1, Lawrenceville, Georgia, and LCP, a Florida limited liability company (landlord), with the lease originating in October 5, 1989 (the "Lease").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 4308

[2] Pursuant to Del. Bankr. L.R. 9013-1(h), LCP does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. On July 1, 2019, Debtor exercised its option to extend the term of the Lease commencing February 1, 2020 and expiring on January 31, 2025 ("Third Option Term").[3]

3. LCP is guaranteed a minimum rent of $149,072.00 per annum, payable in equal monthly installments of $12,422.67, for the Third Option Term.[4]

4. Under the terms of the Lease, the Debtor is to pay percentage rent in an amount equal to two- and one-half percent (2½%) of the excess of Debtor's annual gross sales and income which exceeds the annal base sum of $5,962,880.00.

5. The Debtor is also to pay its pro rata share of such Common Area Charges per Section 5.D of the Lease, its pro rata share of taxes and assessment per Section 5.E., and continue to pay its pro rata share of Insurance Premiums per Section 13.B.

**B.    Debtor's Proposed Cure Claim Amount.**

6. On September 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

7. On September 9, 2024, the Debtors filed a motion (the "Sale Motion"), which *inter alia*, seeks Court approval to sell substantially all of the Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to higher and better bids.

8. In connection with the Sale Motion, the Debtors filed its *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [D.I. 511] (the "Notice").

---

[3] Exhibit A
[4] Exhibit A

9. The Notice identified the Lease as an unexpired lease that could potentially be assumed and assigned as part of the proposed sale and indicated that the amount necessary to cure any pre-petition defaults under the Lease is $32,477 (the "Proposed Cure Amount").

10. The Notice further provides that if LCP fails to object to the Proposed Cure Amount prior to November 4, 2024 at 12:00 p.m. (Eastern), it will be barred from objecting to the assumption and assignment of the Lease, including any cure costs or defaults associated with such proposed assumption and assignment of the Lease.

C. **Pre-petition Amounts owed to LCP.**

11. As of the Petition Date, the Debtor owes LCP $59,123.10 ("Unpaid Pre-Petition Amount"), which includes common area maintenance, property taxes, and rent charges.[5]

12. A summary of the Unpaid Pre-Petition Amount is attached as **Exhibit B**.

13. As set forth above, the Debtors have not paid LCP the Unpaid Pre-Petition Amount, as required under the terms and conditions of the Lease.

14. To the extent that the Debtors seek to assume and assign the Lease, the Debtors are required to pay the Unpaid Pre-Petition Amount to LCP to satisfy the Debtors' pre-petition cure obligations under 11 U.S.C. § 365(b).

15. LCP objects to the Proposed Cure Amount and any proposed assumption and assignment of the Lease to the extent that any proposed order approving such assumption and assignment fails to provide that the Debtors or the proposed purchaser/assignee of the Lease shall promptly pay LCP (i) the Unpaid Pre-Petition Amount of $59,123.10 and (ii) any unpaid post-petition amounts accrued or due under the Lease. *See* 11 U.S.C. § 365(b).

---

[5] LCP reserves the right to include additional post-petition charges as they come due while the Sale Motion and the proposed assumption and assignment of the Lease remains pending and/or file a motion requesting the payment of any such administrative expenses.

16. LCP also reserves all rights to seek all reasonable post-petition attorney fees and costs related to the lease as part of this cure objection.

17. LCP does not object to the proposed assumption and assignment of the Lease provided that the Unpaid Pre-Petition Amount and any unpaid post-petition rent due is tendered, the proposed purchaser assumes all obligations under the Lease (including any indemnification obligations as to any latent claims), and that the Debtor (and applicable assignee) provides LCP with adequate assurance of future performance under the Lease pursuant to 11 U.S.C. 365(b)(1)(C).

WHEREFORE, LCP respectfully requests that the Court: (I) enter an order determining that LCP is entitled to the prompt payment of the Unpaid Pre-Petition Amount and any unpaid post-petition rent due as a condition of the assumption and assignment of the Lease; (ii) enter an order directing the Debtors or the purchaser/assignee of the Lease to promptly pay LCP the Unpaid Pre-Petition Amount and any unpaid post-petition rent due in the amount of at least $59,123.10, to the extent that the Debtors are authorized to assume or assign the Lease and have provided LCP with adequate assurance of future performance; and (iii) grant LCP such other relief as this Court may deem just and proper.

Dated: November 1, 2024

Respectfully submitted,

**LOIZIDES, P.A**
/s/ Christopher D. Loizides
Christopher D. Loizides (No. 3968)
1225 King St., Suite 800
Wilmington, DE 19801
Telephone: (302) 654-0248
Email: loizides@loizides.com

**JOHNSON, POPE, BOKOR,**
**RUPPEL & BURNS, LLP**
James B. Eising II (FL Bar No. 1034650)

(admitted *pro hac vice*)
400 N. Ashley Dr., Suite 3100
Tampa, FL 33602
Telephone: (813)225-2500
Email: AL@jpfirm.com
Emal: jeising@jpfirm.com

*Counsel for* Lawrenceville Commercial Properties, LLC