# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al*, [1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 511 & 683** |

### OBJECTION OF NORTHTOWNE PLAZA PROPERTIES, LTD. TO THE NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT [D.I. 511 & 683]

Northtowne Plaza Properties, Ltd. ("Northtowne"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511] (the "Cure Notice") filed by Big Lots, Inc. and each of its debtor subsidiaries (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"). In support of this Objection, Northtowne respectfully states as follows:

### PRELIMINARY STATEMENT

In order to cure the arrears on the lease agreement between Northtowne and the Debtors, the Debtors, or any purchaser, must cure the arrears owed to Northtowne in full including all amounts that have accrued, or will continue to accrue, following the filing of the Chapter 11 Cases

---

[1] The Debtors in this case are administered jointly. The last four digits of their respective employer identification numbers are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

up until the date of assumption. Since the Cure Notice does not propose to cure the arrears owed to Northtowne in full, Northtowne is compelled to file this Objection.

## RELEVANT BACKGROUND

1. The Debtors and Northtowne are parties to the Lease for the use and occupancy of the Leased Premises.[2] The original lease was entered into on December 24, 1997 and has been twice amended (the "Lease").[3]

2. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions initiating the Chapter 11 Cases.

3. As of the Petition Date, the Debtors and Northtowne were parties to the Lease which is an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code.

4. Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code including operating a Big Lots store from the Leased Premises.

5. On the Petition Date, the Debtors filed the *Motion for Entry of Interim and Final Orders, pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 (I) Authorizing Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 19, 20] (the "Cash Collateral Motion").

---

[2] Northtowne reserves the right to supplement this filing with Lease exhibits to the extent a factual hearing is necessary to resolve this Objection.
[3] For purposes of this filing, the originally entered lease and its subsequent amendments are all referred to as the Lease.

6. On September 10, 2024, the Court entered an order approving the Cash Collateral Motion on an interim basis [D.I. 114] (the "Interim Cash Collateral Order").

7. On September 20, 2024, the Debtors filed the *Notice of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 239] (the "Additional Store Closing Notice").

8. On September 25, 2024, Northtowne filed a limited objection to the Additional Store Closing Notice [D.I. 274] (the "Store Closing Objection").

9. On October 2, 2024, Northtowne filed a limited objection to the Cash Collateral Motion asserting, amongst other arguments, that the Debtors were responsible to satisfy their post-petition obligations under the Lease [D.I. 398] (the "Cash Collateral Objection").

10. Northtowne and the Debtors resolved the Store Closing Objection and the Cash Collateral Objection partly on the basis that the Debtors would pay rent as an administrative claim until the Lease was rejected.

11. On October 16, 2024, the Debtors filed the Cure Notice, which asserted that Northtowne was owed a cure amount of $24,468.17 as of the Petition Date.[4]

12. As of the Petition Date, the Debtors owed $37,698.51 pursuant to the Lease.

13. At present under the Lease, the Debtors owe on a monthly basis $20,300.97 for base rent, $3,073.31 for common area maintenance, and $1,093.89 for property insurance

---

[4] On October 31, 2024, following the auction for the sale of the Debtors' assets, the Debtors filed the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts [D.I. 683]* again asserting that Northtowne was owed a cure amount of $24,468.17 as of the Petition Date. For the avoidance of doubt, this Objection is objecting to the cure amount asserted in both filings.

reimbursement. Accordingly, the Debtors owe Northtowne $24,468.17 on an ongoing monthly basis on the first of each month until the Lease is rejected[5].

14. At present, the Debtors have neither formally assumed nor rejected the Lease, and the Debtors operations have continued on the Leased Premises since the Petition Date.

15. For the month of October, the Debtors only made a payment of base rent and as such are incurring an administrative claim on a monthly basis by failing to pay the full monthly amount owed under the Lease.[6] To date, Northtowne has not received the November rent payment.

16. An invoice for the amount owed under the Lease as of the filing of this Objection is attached hereto as **Exhibit A**.

## LIMITED OBJECTION

17. Northtowne files this Objection asserting that in order to cure the amounts owed under the Lease that it will need to be paid a cure amount $37,698.51 for amounts owed under the Lease as of the Petition Date and be paid all amounts that accrue following the Petition Date that remain unpaid as of the date of the assumption and assignment of the Lease.

18. It is well-settled that, where a debtor in possession elects to assume an executory contract under section 365 of the Bankruptcy Code, it assumes the contract *cum onere*; that is, the Debtors may only assume the entire contract, with all of the benefits, burdens and obligations attendant thereto. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-32 (1984) (holding that, "[s]hould the debtor-in-possession elect to assume the executory contract, however, it assumes

---

[5] Until November 2024, the Debtors had been accruing a post-petition $2,000 per month storage charge for use of four storage containers on the Leased Premises, but this charge has been removed since the Debtors removed the storage containers.

[6] Northtowne expressly reserves its right to pursue an administrative claim for all post-petition amounts owed under the Lease prior to rejection of the Lease that are not paid to it.

the contract *cum onere* . . . and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate"); *In re Weinstein Company Holdings LLC,* 997 F.3d 497, 505 (3d. Cir. 2021)(finding that "[t]o assume a contract, the debtor or the buyer must cure all existing defaults (or provide adequate assurance of a cure), basically putting the contract in the same place as if the bankruptcy did not happen."); *In re Columbia Gas System, Inc.*, 50 F.3d 233, 239 (3d Cir. 1995)(finding that "[t]he debtor (or trustee that has stepped into the debtor's shows) may elect to assume an executory contract, in which case § 365 mandates that the debtor accept the liability with the asset and fully perform his end of the bargain."); *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 24 (2d Cir. 1996) (same); *AGV Prod., Inc. v. Metro-Goldwyn-Mayer, Inc.*, 115 F. Supp. 2d 378, 391 (S.D.N.Y. 2000) (holding that, "[i]f an executory contract is assumed, it is said to be assumed *cum onere*, with all of its benefits and burdens").

19. As such, under the Bankruptcy Code, the Debtors and/or the proposed purchaser of the Debtors' assets must provide for assumption of (and adequate assurance of payment for) all obligations under assumed executory contracts and unexpired leases as of the assumption date—not just cure amounts. *See id*.

20. Therefore, in order to assume the Lease, the Debtor and/or any proposed purchaser of the Debtors' assets must pay Northtowne a prepetition cure amount of $37,698.51 along with all amounts that accrue post-petition that remain unpaid on or before the assumption date of the Lease.

**RESERVATION OF RIGHTS**

21. Northtowne specifically reserves and preserves its right to amend or supplement this Objection to assert any additional amounts that may be due under the Lease between it and

5

the Debtors, and to assert any further and additional objections to the Cure Notice, including but not limited to on the basis of adequate assurance of future performance, to the extent appropriate.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Northtowne requests that this Court enter an order permitting the assumption and assignment of the Contract to the Purchaser only upon the entry of an order requiring, as a condition of such assumption and assignment, the prompt payment of the total cure amount for amounts owed under the Lease incurred both pre- and post-petition and identifying the precise party (or parties) who will be required to pay the total cure amount owed to Northtowne, providing that the purchaser, if any, shall be responsible for the payment all obligations arising under the Lease after the closing of the Sale, and granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: November 4, 2024<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.**C<br><br>  */s/ Joseph C. Barsalona II*  <br>Joseph C. Barsalona II (No. 6102)<br>824 North Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 592-6497<br>Facsimile: (201) 488-5556<br>Email:  jbarsalona@pashmanstein.com<br><br>-and-<br><br>David E. Sklar (admitted *pro hac vice*)<br>Court Plaza South, East Wing<br>21 Main Street, Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 488-8200<br>Email: dsklar@pashmanstein.com<br><br>*Counsel to Northtowne Plaza Properties, Ltd.* |