UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>BIG LOTS, Inc. et al.,<br><br>　　　　Debtors | )<br>) Chapter 11<br>)<br>) Case No. 24-11967 (JKS)<br>)<br>) (Jointly Administered)<br>)<br>) Re: Doc. No. 511<br>)<br>) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SJN DATA CENTER LLC, DBA ENCORE TECHNOLOGIES TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

SJN Data Center LLC, dba Encore Technologies ("Encore"), by and through counsel, hereby files this limited objection (this "Limited Objection") with respect to the proposed cure amount set forth in Notice of Potential Assumption of Executory Contracts and Unexpired Leases and Cure Amount filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") on October 7, 2024 (the "Cure Notice") [D.I. 511], and respectfully represent in support thereof as follows:

**INTRODUCTION**

1.　　Edgio, Inc. are parties to that certain Master Services Agreement dated March 23, 2016 (the "MSA"), which governs (a) the sale or license by Encore of IT hardware and software application programs; (b) the performance by Encore of IT professional services; (c) the provision by Encore of IT managed services; and/or (d) the provision by Encore of data center co-location and related services and the acquisition, receipt or use of the same. In the Cure Notice, the Debtors identified the MSA as an executory contract that may be assumed and assigned in connection with the sale of Debtors' assets. After the date of the MSA, the Debtors and Encore entered into several

related agreements pursuant to the MSA. The Cure Notice includes a single proposed cure amount for the MSA of $476,233. The actual cure amount is $601,497.93. Although Encore does not oppose assumption of the MSA and its related agreements, it objects to such assumption to the extent that the proposed cure amount fails to satisfy all existing defaults under the MSA and any related agreements in accordance with 11 U.S.C. § 365(b).

## FACTS

2. On September 9, 2024 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. On the Petition Date, the Debtors filed a motion (the "Motion) [D.I. 18] seeking, among other things, the entry of an order (a) approving proposed bidding procedures by which the Debtors will solicit and select the highest or otherwise best offer for the sale of substantially all or a portion of their assets; (b) approving the form and manner of notice with respect to certain procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts, (c) scheduling certain dates and deadlines with respect to the Motion.

5. On October 16, 2024, the Debtors filed the Cure Notice identifying multiple contracts, including the MSA as executory contracts that may be assumed and assigned as a part of the contemplated sale and listed the proposed cure amount as $476,233.

**LIMITED OBJECTION**

6. Encore does not oppose the assumption of the MSA provided that Encore receives the prompt cure required by 11 U.S.C. § 365.

7. 11 U.S.C. § 365(b)(1) states, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure such default . . . ;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. A cure under 11 U.S.C. § 365 means that all unpaid amounts due under the agreement have been paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005). Accordingly, the MSA may not be assume unless and to the extent that all pre- and post-petition amounts are paid promptly and in full.

9. The Cure Notice includes a proposed cure amount of $476,233 and designates such amount to a Change Order related to the MSA. Although Encore does not oppose assumption of the MSA and its related contracts, it objects to such assumption to the extent that the proposed cure amount fails to satisfy all existing defaults under the MSA and its related contracts in accordance with 11 U.S.C. § 365(b). In fact, Encore is owed an amount not less than $601,497.93 in outstanding cure amounts, plus any and all additional post-petition arrearages arising under the MSA or its related contracts after the date this Limited Objection is filed that remain outstanding

as of the date of the proposed assumption.  Attached hereto as Exhibit A is a listing of the invoices that remain unpaid and arising under the MSA and its related agreements.  Prior to the date of this Objection, Encore has sought to work with the Debtors to reconcile the cure amount.  This Limited Objection is filed to preserve Encore's ability to continue to work with the Debtors to reconcile the cure amount.

10. In addition to the cure amount, the Cure Notice identifies certain other contracts between Encore and the Debtors.  Each of the contracts identified in the Cure Notice arise under the MSA and should not be considered separate divisible executory contracts.  Encore reserves the right to object to any assumption and assignment of the MSA that does not include assumption and assignment the entire MSA and all contracts related thereto.

## RESERVATION OF RIGHTS

Encore reserves all rights to: (i) raise additional objections in connection with any assumption and assignment of the MSA once an actual assignee is known; (ii) raise further objections to an assignment of the MSA to any successful bidder upon receipt of adequate assurance of future performance information; (iii) require any proposed assumption and assignment to comply with all MSA terms; and (iv) raise any further relevant objections to the assumption and assignment of the MSA in connection with the sale hearing.

WHEREFORE, Encore, respectfully requests that any assumption of its MSA be conditioned upon the payment of the cure amount described herein, together with such other and further relief as is just and proper.

|  |  |
|---|---|
| Dated: November 4, 2024 | Respectfully submitted,<br><br>KEATING MUETHING & KLEKAMP PLL<br><br>/s/ Jason V. Stitt<br>Jason V. Stitt (OH Bar 0078513)<br>Keating Muething & Klekamp PLL<br>Suite 1400<br>One East Fourth Street<br>Cincinnati, Ohio 45202<br>Telephone: (513) 639-3964<br>Facsimile: (513) 579-6457<br>E-mail: jstitt@kmklaw.com<br><br>*Attorneys for SJN Data Center LLC, dba Encore Technologies* |

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 4, 2024, a true and correct copy of the foregoing was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in this case and upon the parties listed below via electronic mail.

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq., and Ethan Stern, Esq. (notice.biglots@davispolk.com)

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com)

Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110,
Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com)

Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com) and Stanley Tarr, Esq. (stanley.tarr@blankrome.com),

Otterbourg P.C.
230 Park Avenue
New York, NY 10169
Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com), James V. Drew, Esq. (JDrew@otterbourg.com), and Sarah L. Hautzinger, Esq. (shautzinger@otterbourg.com)

Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
Attn: John H. Knight, Esq. (knight@rlf.com),

McDermott Will & Emery LLP
One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin G. Going, Esq. (kgoing@mwe.com)

Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy L. Newman, Esq. (snewman@coleschotz.com)

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Christopher Marcus, P.C. (cmarcus@kirkland.com), Douglas A. Ryder, P.C. (douglas.ryder@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com)

U.S. Trustee
Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Attn: Linda J. Casey (linda.casey@usdoj.gov)

                                     /s/ Jason V. Stitt
                                     Jason v. Stitt (Ohio Bar No. 0078513)

## **EXHIBIT A**

| Customer Name | Document Number | Doc Date | Trx Amt | Current Amt |
|---|---|---|---|---|
| Big Lots | INVPS025025 | 3/29/2024 | $2,727.81 | $2,727.81 |
| Big Lots | INVDRP061317 | 5/31/2024 | $1,695.60 | $1,695.60 |
| Big Lots | INVDRP061330 | 5/31/2024 | $4,805.25 | $4,805.25 |
| Big Lots | INVSTF53120244 | 5/31/2024 | $19,008.00 | $19,008.00 |
| Big Lots | INVSTF53120245 | 5/31/2024 | $18,480.00 | $18,480.00 |
| Big Lots | INVDRP061699 | 6/14/2024 | $2,171.88 | $2,171.88 |
| Big Lots | INVDRP061703 | 6/14/2024 | $4,343.76 | $4,343.76 |
| Big Lots | INVDRP061742 | 6/17/2024 | $1,018.00 | $1,018.00 |
| Big Lots | INVDRP061762 | 6/17/2024 | $23,146.82 | $23,146.82 |
| Big Lots | INVDRP061764 | 6/17/2024 | $2,700.00 | $2,700.00 |
| Big Lots | INVDRP061798 | 6/18/2024 | $509.00 | $509.00 |
| Big Lots | INVDRP062109 | 6/27/2024 | $10,859.40 | $10,859.40 |
| Big Lots | INVDRP062111 | 6/27/2024 | $6,094.00 | $6,094.00 |
| Big Lots | INVDRP062124 | 6/27/2024 | $6,200.00 | $6,200.00 |
| Big Lots | INVDRP062196 | 6/28/2024 | $2,545.00 | $2,545.00 |
| Big Lots | INVSTF63020242 | 6/28/2024 | $17,280.00 | $17,280.00 |
| Big Lots | INVSTF63020243 | 6/28/2024 | $16,800.00 | $16,800.00 |
| Big Lots | INVDRP062517 | 7/16/2024 | $103.00 | $103.00 |
| Big Lots | INVDRP062525 | 7/16/2024 | $101.33 | $101.33 |
| Big Lots | INVDRP062543 | 7/16/2024 | $478.41 | $478.41 |
| Big Lots | INVDRP062657 | 7/22/2024 | $3,598.70 | $3,598.70 |
| Big Lots | INVDRP062839 | 7/30/2024 | $960.00 | $960.00 |
| Big Lots | INVPS025347 | 7/31/2024 | $12,500.00 | $12,500.00 |
| Big Lots | INVPS025348 | 7/31/2024 | $185,200.00 | $185,200.00 |
| Big Lots | INVSTF73120242 | 7/31/2024 | $15,120.00 | $15,120.00 |
| Big Lots | INVSTF73120243 | 7/31/2024 | $16,416.00 | $16,416.00 |
| Big Lots | INVDRP063054 | 8/7/2024 | $3,598.70 | $3,598.70 |
| Big Lots | INVDRP063159 | 8/12/2024 | $742.66 | $742.66 |
| Big Lots | INVDCS21549 | 8/15/2024 | $81,356.10 | $81,356.10 |
| Big Lots | INVDCS21553 | 8/22/2024 | $11,948.57 | $11,948.57 |
| Big Lots | INVDCS21554 | 8/22/2024 | $71,557.50 | $71,557.50 |
| Big Lots | INVDRP063671 | 8/27/2024 | $1,126.51 | $1,126.51 |
| Big Lots | INVDRP063715 | 8/28/2024 | $1,081.45 | $1,081.45 |
| Big Lots | INVDRP063736 | 8/28/2024 | $3,400.00 | $3,400.00 |
| Big Lots | INVSTF083120241 | 8/30/2024 | $21,600.00 | $21,600.00 |
| Big Lots | INVSTF083120242 | 8/30/2024 | $16,800.00 | $16,800.00 |

| Big Lots | INVDRP064013 | 9/6/2024 | $1,439.48 | $1,439.48 |
| --- | --- | --- | --- | --- |
| Big Lots | INVDCS21587 | 9/8/2024 | $3,225.00 | $3,225.00 |
| Big Lots | INVSTF090820241 | 9/8/2024 | $3,360.00 | $3,360.00 |
| Big Lots | INVSTF090820242 | 9/8/2024 | $5,400.00 | $5,400.00 |
| | | | Total | $601,497.93 |

13986155.1