**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| BIG LOTS, INC., *et al.*,[1] | : Case No. 24-11967 (JKS) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
BAYSHORE MALL 1A, 1B, AND 2 TO NOTICE OF POTENTIAL
ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC (together, "Bayshore") (c/o Pintzuk Organization)[2], successor in interest to Bayshore Mall Acquisition, LLC, by and through its undersigned counsel, hereby files the following limited objection and reservation of rights (the "Limited Objection") with respect to the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount (the "Notice").

## BACKGROUND

1.      Bayshore is the owner of the real property located at 3845 Bayshore Rd., Cape May, New Jersey 08204 (the "Property"), consisting of commercial space in a shopping center mall.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Bayshore was identified in the Potential Assumed Contract Schedule appended to the Notice as "Pintzuk Organization".

2.      The above-captioned Debtors are a series of related and/or affiliated corporations. The Debtors utilize the Property as Big Lots Store #1775 pursuant to the lease by and between the Debtors (through Big Lots Stores, LLC) and Bayshore Mall Acquisition, LLC dated May 7, 2003, as renewed, amended, assigned, and/or modified (the "Lease").[3]

3.      Bayshore purchased the Property from Bayshore Mall Acquisition, LLC in March 2004. *See* Deed, attached hereto as **Exhibit "B"**.

4.      Bayshore Mall Acquisition, LLC assigned all leases for the Property, including the Lease, to Bayshore as part of the sale.

5.      On or around September 30, 2023, the Debtors stopped meeting their obligations under the Lease, including but not limited to making full, timely rent payments.

6.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

7.      On September 10, 2024, the Bankruptcy Court directed joint administration, but not substantive consolidation, of the Debtors' bankruptcy cases. ECF No. 95.

8.      On September 23, 2024, the United States Trustee appointed an Official Committee of Unsecured Creditors in connection with the Debtors' bankruptcy cases.  ECF No. 248.

9.      On October 16, 2024, the Debtors filed a Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount. ECF No. 511. The

---

[3] The original Lease, attached hereto as **Exhibit A**, between Bayshore and Big Lots Stores, LLC has been renewed, amended, assigned, and/or modified at least three times, including but not limited to: (i) on or around July 31, 2008 (Option 1 renewal notification deadline); (ii) on or around July 31, 2013 (Option 2 renewal notification deadline); (iii) on or around July 31, 2018 (Option 3 renewal notification deadline); (iv) on or around July 31, 2023 (Option 4 renewal notification deadline).

4885-9391-2308

Notice estimates the cure amount – *i.e.*, the amount that must be paid pursuant to Bankruptcy Code Section 365(b) to assume an executory agreement or unexpired lease – for the Lease as $27,681.00 (the "Proposed Cure Amount"). *Id.* The Debtors' Proposed Cure Amounts, however, are limited to liabilities that arose prior to the Petition Date. As discussed below, the pre-petition arrearage of the Lease is $40,998.55 and the post-petition arrearage through November 1, 2024 is $28,625.50, totaling $69,624.05.

10.    The Debtors and Bayshore are currently in the process of negotiating a modification to the Lease.

## **OBJECTION**

11.    Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(11) cures, or provides adequate assurance that the trustee will promptly cure such default, . . .

(B)  compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12.    It is well-settled that the debtor bears the burden of demonstrating that the proposed cure and the assurances of future performance that it has provided to the non-debtor party are adequate. *In re Rachels Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990) ("In a proceeding under § 365, the party moving to assume a lease has the ultimate burden of persuasion that the lease is subject to assumption and that all requirements for assumption have

3

been met."); *In re F.W. Rest. Assocs.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995) (debtor bears the burden of proof on the issues of prompt cure and adequate assurance of future performance, *inter alia*).

13.     Bayshore does not object to the assumption of the Lease provided the Debtors satisfy the cure and other requirements under the Bankruptcy Code.  However, Bayshore objects to the Notice on the bases that it: 1) specifies incorrect cure amounts for the Lease; 2) may conflict with the terms of the modified Lease as negotiated by the Debtors and Bayshore.

14.     First, the Notice fails to set forth the accurate amount necessary to cure the default under the Lease and Section 365 of the Bankruptcy Code, which, as of November 1, 2024, totals $69,624.05.  Attached hereto as **Exhibit C** is a schedule showing all amounts due for Rent and Additional Rent under the Lease through November 1, 2024.  Bayshore reserves the right to supplement and/or amend Exhibit B to include further amounts which may be due through any assumption date.

15.     The Proposed Cure Amounts are insufficient to cure the defaults under the Lease. The unpaid balance owed to Bayshore totals $69,624.05, comprised of $40,998.55 pre-petition and $28,625.50 post-petition Rent and Additional Rent through November 1, 2024.

16.     It is respectfully submitted that the Debtors have understated the amounts necessary to cure the defaults in the Lease as required by Section 365 of the Bankruptcy Code, and therefore Bayshore submits this Limited Objection to require the Debtors to update Exhibit "A" to the Notice to accurately reflect the cure amounts for the Lease.  Specifically, pursuant to Sections 365(b), 365(d)(5) and 503(b)(1), as of the date of this Limited Objection, the total cure amount under the Lease is no less than the amount set forth on Exhibit C hereto.

17.     Furthermore, through the Debtors' post-petition operations, which continue as of the date of this Limited Objection, additional amounts may come due and Bayshore reserves all rights with regard to all post-petition amounts due under the Lease or otherwise.

18.     Bayshore has been engaging in – and intends to continue engaging in – negotiations with the Debtors to resolve the disputes over the cure amount with the hope that those discussions will result in a resolution of this Limited Objection.

19.     Additionally, Bayshore has been engaged with the Debtors in negotiations concerning the further amendment of the Lease and Bayshore. The terms of any agreed amendment to the Lease shall control over inconsistent amounts set forth in the Notice.

20.     For the sake of clarity, this Limited Objection is limited to the cure amounts for the Lease as of the filing of this Limited Objection and the extent, if any, that the Notice conflicts with the Lease as eventually modified by the Debtors and Bayshore.

## **RESERVATION OF RIGHTS**

21.     Bayshore reserves the right to assert further objections to the Notice, including on the basis of adequate assurance of future performance of a lease of real property in a shopping center pursuant to 11 U.S.C. § 365(b)(3), and to the extent that additional costs are incurred under the Lease.

22.     Bayshore reserves the right to assert further objections to the Notice to include in the cure amount any sum or sums that become due or amounts that, after reconciliation, are due and owing as of the date hereof.

23.     Bayshore hereby reserves the right to assert an objection to the adequate assurance of performance under the Lease.

4885-9391-2308

24.     Bayshore also expressly reserves its rights under the Lease and applicable law to assert against the Debtors or any other appropriate party, including the reorganized Debtors, including but not limited to tenant mix requirements and any and all amounts that may be due and owing to them or their affiliated or related parties under the Lease.

25.     Bayshore hereby joins in the objections filed by other counterparties to contracts with the Debtors to the extent that such objections supplement and are not otherwise inconsistent with this Limited Objection.

**WHEREFORE,** Bayshore respectfully requests that this Court enter an Order sustaining the Limited Objection: (a) requiring the Debtor to revise the Proposed Cure Amounts to be consistent with the amounts set forth in this Limited Objection, as the same are updated through the date of the effective date of any assumption and/or assignment; (b) granting relief consistent with the relief requested herein; and (c) granting such other and further relief as the Court may deem just equitable and proper.

Respectfully submitted,

Dated: November 4, 2024

By: */s/ Leslie B. Spoltore*
Leslie B. Spoltore, Esquire
Edmond M. George, Esquire (*pro hac vice pending*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
123 South Justison Street, Suite 100
Wilmington, DE 19801
Phone: (302) 238-6947
Email: leslie.spoltore@obermayer.com
        edmond.george@obermayer.com

*Counsel to Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC*

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| BIG LOTS, INC., *et al.*,[1] | : | Case No. 24-11967 (JKS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## CERTIFICATE OF SERVICE

I, Leslie B. Spoltore, hereby certify that on November 4, 2024, I caused a copy of the foregoing Limited Objection and Reservation of Rights of Bayshore Mall 1A, 1B, and 2 to Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount to be filed electronically with the Court and served through the Court's CM/ECF system upon all registered electronic filers appearing in this case, by email upon the Objection Notice Parties, and by first-class mail upon the parties set forth below.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP


By: */s/ Leslie B. Spoltore*
Leslie B. Spoltore, Esquire

---

[1] The debtors and debtors in possession in these Chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**OBJECTION NOTICE PARTIES EMAIL SERVICE LIST**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq., and Ethan Stern, Esq.
notice.biglots@davispolk.com
*Counsel to the Debtors*

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq.
biglots.mnat@morrisnichols.com
*Counsel to the Debtors*

Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (marshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com)
*Counsel to the ABL Agent*

Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com) and Stanley Tan, Esq. (stanley.tarr@blankrome.com)
*Counsel to the ABL Agent*

Otterbourg P.C.
230 Park Avenue
New York, NY 10169
Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com), James V. Drew, Esq. (JDrew@otterbourg.com), and Sarah L. Hautzinger, Esq. (shautzinger@otterbourg.com)
*Counsel to the Term Agent*

Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
Attn: John H. Knight, Esq. (knight@rlf.com)
*Counsel to the Term Agent*

McDermott Will & Emery LLP

One Vanderbilt Avenue
New York, NY 10017
Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin G. Going, Esq. (kgoing@mwe.com)
*Proposed Counsel to the Committee*

Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy L. Newman, Esq.
(snewman@coleschotz.com)
*Proposed Counsel to the Committee*

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Christopher Marcus, P.C. (cmarcus@kirkland.com), Douglas A. Ryder, P.C.
(douglas.ryder@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com)
*Counsel to the Stalking Horse Bidder*

U.S. Trustee
Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Attn: Linda J. Casey (linda.casey@usdoj.gov)

## **MAIL SERVICE LIST**

Morris, Nichols, Arsht & Tunnell LLP
Robert J. Dehney, Sr., Esq.
Andrew R. Remming, Esq.
Daniel B. Butz, Esq.
Tamara K. Mann, Esq.
Casey B. Sawyer, Esq.
1201 N. Market Street
16th Floor
Wilmington, DE 19801
*Debtors' Counsel*

Davis Polk & Wardwell LLP
Brian M. Resnick, Esq.
Adam L. Shpeen, Esq.
Stephen D. Piraino, Esq.
Ethan Stern, Esq.
450 Lexington Avenue
New York, NY 10017
*Debtors' Counsel*

United States Department of Justice
Office of the United States Trustee
Linda J. Casey, Esq.
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
*Trial Attorney for the United States Trustee*

Cole Schotz P.C.
Justin R. Alberto, Esq.
Stacy L. Newman, Esq.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
*Counsel to the Official Committee of Unsecured Creditors*

McDermott Will & Emery LLP
Darren Azman, Esq.
Kristin Going, Esq.
Stacy Lutkus, Esq.
Natalie Rowles, Esq.
One Vanderbilt Avenue
New York, New York 10017-3852
*Counsel to the Official Committee of Unsecured Creditors*

4