IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No.: 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 511<br><br>Obj. Deadline: 11/4/2024 at 12:00 p.m. |

**OBJECTION AND RESERVATION OF RIGHTS OF DIRECT ENERGY REGARDING NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Direct Energy Business, LLC ("Direct Energy"), by the undersigned counsel, hereby objects to the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount (the "Cure Notice") (D.I. 511), and sets forth the following:

**FACTUAL BACKGROUND**

A. **Procedural History**

1. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under Chapter 11 of the U.S. Bankruptcy Code, 11. U.S.C. § 101 *et seq*. (the "Bankruptcy Code").

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. The Debtors' Chapter 11 bankruptcy cases are being jointly administered.

B. **Facts Concerning Cure Notice**

4. On October 16, 2024, the Debtors file the Cure Notice.

5. Attached to the Cure Notice is a schedule listing contracts that the Debtors may potentially assume and assign to a successful bidder in connection with the sale of the Debtors'

1

assets, together with the cure amounts the Debtors believe must be paid to the applicable contract counterparties as a condition to assumption and assignment under section 365 of the Bankruptcy Code.

6.  The Cure Notice identifies the following executory contracts and cure amounts as they relate to Direct Energy:

| Debtor Name | Contract Counterparty | Preliminary Estimated Cure Amount | Contract Title |
|---|---|---|---|
| Big Lots, Inc. | Direct Energy Business LLC | $0.00 | Energy Supply Agreement |
| Big Lots, Inc. | Direct Energy Business LLC | $0.00 | PowerSupply Coordination Services Agreement |
| Big Lots, Inc. | Direct Energy Business LLC | $0.00 | PowerSupply Coordination Services Agreement |
| Big Lots, Inc. | Direct Energy Business LLC | $0.00 | PowerSupply Coordination Services Agreement |
| Big Lots, Inc. | Direct Energy Business LLC | $0.00 | PowerSupply Coordination Agreement |
| Big Lots, Inc. | Direct Energy Business LLC | $0.00 | PowerSupply Coordination Services Agreement |

**C. The Applicable Contracts**

7.  Direct Energy provides electricity and related services to the Debtors pursuant to numerous contracts, including Commodity Master Agreements, PowerSupply Coordination Services Agreements, Transaction Confirmations and pricing attachments, which memorialize the terms of the sale of electric power to Debtors. The respective Commodity Master Agreements, PowerSupply Coordination Services Agreement, Transaction confirmations and pricing attachments are all collectively referred to herein as the "Direct Energy Contracts."

8.  Both prior to and since the Petition Date, Direct Energy has provided the Debtors with electricity and related services pursuant to the terms of the Direct Energy Contracts. The Debtors have defaulted on their obligations to pay Direct Energy for the electricity it has delivered pursuant to the Direct Energy Contracts. To wit, Direct Energy is currently owed a total of

$1,043,904.13 for electricity delivered to the Debtors. The chart below is a breakdown of the Debtors' outstanding debt to Direct Energy, segregated by Customer ID and Debtor Name.

| Customer ID | Customer Name | Outstanding Debt |
|---|---|---|
| 340 | Big Lots, Inc. | $945,739.92 |
| 1915898 | Big Lots Stores LLC | $98,164.21 |

9. A summary of the outstanding debt for each of the Debtors' accounts with Direct Energy is attached hereto as **Exhibit A**. A chart identifying each outstanding and unpaid invoice for the Debtors' accounts with Direct Energy is attached hereto as **Exhibit B**. Due to the volume of outstanding and unpaid invoices, copies of such invoices are available upon request by the Court or by Debtors—in lieu of attaching such documents hereto.

## **OBJECTION**

10. Section 365(b)(1)(A) and (B) of the Bankruptcy Code provide, in pertinent part, as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default …
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default.

11. Thus, in order to assume the Direct Energy Contracts, the Debtors are required to, *inter alia*, (a) cure any defaults, or provide adequate assurance that such defaults will be promptly cured, and (b) compensate, or provide adequate assurance that the Debtors will compensate, Direct Energy for any actual pecuniary losses resulting from such defaults. Bankruptcy Code

3

§ 365(b)(1)(A) and (B); *see also, e.g.*, *In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001); *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 24–26 (Bankr. D. Kan. 2001).

12. Direct Energy objects to the Cure Notice because it fails to accurately describe the cure costs that must be paid in order for the Debtors to assume the Direct Energy Contracts. As shown above, the Debtors propose to pay a cure amount of $0.00 in order to permit assumption and assignment of the Direct Energy Contracts under § 365 of the Bankruptcy Code. The Debtors' proposed cure amount has no basis in fact.

13. As shown above, the total amount owed to Direct Energy in order to cure all defaults under the Direct Energy Contracts and to permit assumption of the Direct Energy contracts is currently $1,043,904.13.

14. It is undisputed that the Debtors used the electricity invoiced by Direct Energy yet failed to pay their bills. Furthermore, additional amounts may become due and owing during later billing periods as the Debtors were authorized to pay on a timely basis, in accordance with their prepetition practices, invoices for electricity provided by Direct Energy. *See* Final Utility Order (D.I. 579) at 3.

15. As such, this Court should not permit the Debtors to assume and assign the Direct Energy Contracts without curing the full amount of $1,043,904.13, plus any additional amounts incurred through the closing of the sale.

## RESERVATION OF RIGHTS

16. In filing this Objection, Direct Energy expressly reserves its right to terminate the Direct Energy Contracts based on the safe harbors contained within Bankruptcy Code sections 556, 560, and 561, and based upon the Final Utility Order. *See* Final Utility Order (D.I. 579) at 7-

8. Direct Energy further reserves the right to terminate the Direct Energy Contracts based upon unpaid post-petition amounts currently owed, or owing and unpaid in the future.

## REQUEST FOR RELIEF

WHEREFORE, Direct Energy respectfully requests that this Court (a) condition the Debtors' assumption and assignment of the Direct Energy Contracts upon the Debtors' payment of the applicable cure amounts to Direct Energy as described herein (the "Cure Amounts"); (b) condition the Debtors' assumption and assignment of any of the Direct Energy Contracts upon (i) the filing and service by the Debtors of a supplemental cure notice listing the Direct Energy Contracts and corrected Cure Amounts and (ii) the Debtors' payment of the applicable Cure Amounts to Direct Energy; and (c) grant such other and further relief as is just and proper.

Dated: November 4, 2024

                                        Respectfully submitted

                                        GELLERT SEITZ BUSENKELL & BROWN LLC

                                        /s/ *Michael Busenkell*
                                        Michael Busenkell (DE 3393)
                                        1201 N. Orange Street, Suite 300
                                        Wilmington, DE 19801
                                        Telephone: (302) 425-5800
                                        Facsimile: (302) 425-5814
                                        Email: mbusenkell@gsbblaw.com

                                        *Counsel for Direct Energy Business, LLC*