**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC. et al.,[1] | Case No. 24-11967 (JKS) |
| Debtors. | Jointly Administered |

**OBJECTION TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED
LEASES AND CURE AMOUNT**

THF Greengate East Development LP ("Greengate"), THF Paducah Development LP ("Paducah") and TKG Sheridan Crossing Development, LLC ("Sheridan" and collectively with Greengate and Paducah, the "Landlords"), by their undersigned counsel, submit this limited objection (the "Objection") to the Debtors' *Notice of Potential Assumption And Assignment of Executory Contracts or Unexpired Leases and Cure Amount* ("Cure Notice") [D.I. 511], and respectfully state as follows:

1. On September 9, 2024, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This Court entered its order authorizing the joint administration and procedural consolidation of these Chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

2. No trustee or examiner has been appointed and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. Prior to the Petition Date, Debtors leased retail space from Landlords pursuant to unexpired leases of nonresidential real property (the "Leases"). The Leases are leases "of real property in a shopping center" for purposes of 11 U.S.C. § 365(b)(3).

4. On September 9, 2024, the Debtors' filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "Bid Procedures Motion"). On October 25, 2024, the Court entered an order approving the Bid Procedures Motion [D.I. 612] (the "Bidding Procedures Order").

5. Pursuant to Bidding Procedures Order, the Debtors filed the Cure Notice, which lists the cure amounts for the Greengate Lease as $28,596, for the Paducah Lease as $13,411 and for the Sheridan Lease as $57,700 according to the Debtors' books and records (collectively, the "Cure Amounts").

## **OBJECTION**

6. Landlords do not contest the Cure Amounts as of the date of this Objection, but Debtors' Cure Amounts do not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption and assignment of the Leases by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the

Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and assignment of the Leases, and (ii) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption and assignment by the Debtors. See 11 U.S.C. § 365(b)(1).

7. Further Debtors' Cure Amounts do not include amounts that may become due under the Leases after the Leases are assumed and assigned, but which may relate to the pre-assumption and assignment period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing cure amounts in connection with the assumption and assignment of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the Debtors' Cure Amounts.

8. Leases provide that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption and assignment of the Leases (i.e., personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption and assignment of the Leases must provide that the assumption and assignment is pursuant to the terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

9. In the event that the Debtors or any proposed assignee of the Leases proposes an alternate use of any of the premises, then Landlords reserve their rights to object to any such proposed use.

10. To the extent not inconsistent with the arguments raised herein, Landlords join in the objections of other landlords.

11. Landlords hereby reserve their rights to make such other and further objections as may be appropriate to the Leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## **CONCLUSION**

12. For the reasons set forth above, Landlords respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the Leases affirmatively requires the Debtors to pay all amounts accrued but not yet billed including attorneys' fees and expenses, if appropriate; and (iii) grant Landlords such further relief as it deems proper.

November 1, 2024

/s/ David P. Primack
David P. Primack (#4449)
MANNING GROSS +
MASSENBURG LLP
1007 N. Orange Street, Suite 711
Wilmington, DE 19801
(302) 657-2100
dprimack@mgmlaw.com

*Counsel to the Landlords*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC. et al.,[1] | Case No. 24-11967 (JKS) |
| Debtors. | Jointly Administered |

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that on this 4th day of November the foregoing *Objection to Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511] was served on all parties registered to receive CM/ECF notifications in this matter.

/s/ David P. Primack
David P. Primack (#4449)
MANNING GROSS +
MASSENBURG LLP
1007 N. Orange Street, Suite 711
Wilmington, DE 19801
(302) 657-2100
dprimack@mgmlaw.com

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.