**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: D.I. 511 |

**THE SAWMILL DUBLIN LANDLORD'S LIMITED OBJECTION TO CURE NOTICE
AND RESERVATION OF RIGHTS**

Ashton Woods LP (the "Sawmill Dublin Landlord" or the "Landlord") files its limited objection, reservation of rights, and joinder (the "Limited Objection") with respect to the Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* (D.I. 511) (the "Cure Notice"), and in support thereof respectfully states as follows:

**RELEVANT FACTS**

1.　　The Landlord is the lessor of Big Lots Store #1666, located at 6569 Sawmill Road, Dublin, Ohio (the "Store") pursuant to an unexpired written non-residential real property lease agreement between the Landlord and Big Lots Stores, LLC (the "Tenant") (as amended from time to time, the "Lease").  The Store is part of a shopping center as that term is defined in 11 U.S.C. § 365(b). The Lease is voluminous and may contain confidential or proprietary information.  Further,

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081

1

4873-0782-8213

the Landlord believes that the Debtors have a copy of the Lease. Therefore, the Lease is not attached to this Motion; however, a copy of the Lease is available upon request.

2. Big Lots, Inc. and its affiliated Debtors (including the Tenant) filed for Chapter 11 relief on September 9, 2024 (the "Petition Date").

3. The Lease has not been rejected.

4. The Debtors filed the Cure Notice on October 16, 2024.

5. The Schedule attached to the Cure Notice identified the Lease as a Potential Assumed Contract. See page 6 of 79. Further, the Cure Notice stated a pre-petition Lease cure amount of $30,841.00 (the "Cure Amount"). The Cure Notice did not identify any post-petition amounts due.[2]

6. The Cure Notice provides that any landlord that fails to timely object to the potential assumption and assignment of the Lease, the Debtors' proposed Cure Costs or the ability of the Successful Bidder to provide adequate assurance of future performance shall be forever barred from asserting any objection or claims relating to the assumption and assignment of the Lease.

## RELIEF REQUESTED

7. Bankruptcy Code §365(b)(1) prohibits the assumption of an executory contract unless, among other things, there is (a) a prompt cure of any default and (b) adequate assurance of future performance under the contract. Further, because the Store is a part of a shopping center, Bankruptcy Code §365(b)(3) provides additional protections for the Landlord, including (x) the assignee's financial condition and operating performance must be similar to the Debtor, (y) the assignment is subject to all the provisions of the Lease, including provisions such as radius,

---

[2] The Landlord is currently in negotiations with the Debtor regarding a potential amendment of the Lease and files this Limited Objection under compulsion of the Cure Notice's objection deadline.

2

4873-0782-8213

location, use or exclusivity and will not breach any such provision in any other agreement, and (z) the assignment will not disrupt the tenant mix or balance.

8. Any assumption of an executory contract must be *cum onere* [taken with all burdens]*,* and include all of the conditions, liabilities, obligations along with any benefits. N.L.R.B. v. Bildisco, 465 U.S. 513, 531 (1984).

9. Further, the cure paid upon assumption and assignment must include all amounts due under the Lease as of the assumption, not just as of the Petition Date.

10. Since the Petition Date, the Tenant has continued to occupy, and the Debtors have received the benefits from the use of the Store.

11. The Landlord does not object to the Cure Amount.

12. However, the Landlord objects to the Cure Notice to the extent that it seeks to limit liability upon assumption and assignment to only pre-petition arrearages. Any cure payment to the Landlord must include all pre-petition *and* post-petition obligations, including base rent and any other amounts coming due under the Lease, such as CAM charges, RE taxes, insurance, and other amounts due and recoverable under Bankruptcy Code §§ 365(d)(3) and 503(b) and applicable law.

13. There also could be indemnity obligations that have arisen but are not yet known to Landlord. Any order approving the assumption should make clear that the Debtors/assignee is required to comply with all contractual obligations to indemnify and hold Landlord harmless with respect to events that may have occurred before or after the Petition Date, but that are not known to Landlord as of the date of the assumption including, without limitation, claims for personal injury and property damage that occurred at the leased premises and presently unknown deferred maintenance, damage and/or destruction to the leased premises.

14. The Landlord further objects to the Cure Notice to the extent that it seeks to limit the Landlord's rights to adequate assurance of future performance under §§ 365(b)(1) and (3).

## RESERVATION OF RIGHTS

15. The Landlord reserves the right to revise, supplement or amend this limited objection.

16. The Landlord also reserves (and does not waive) all other rights, claims, and interests with respect to Lease, the Store, and any related matters, including, without limitation, (a) all rights under 11 U.S.C. §§ 365(b), 365(d)(3), 365(f), and 503(b), and (b) any rights to attorney's fees under the Lease and/or applicable law, and (c) the right to supplement or amend this objection, including additional amounts and obligations which may arise after the filing of this Limited Objection.

## JOINDER IN OTHER LANDLORD CURE OBJECTIONS

17. The Landlord joins in any legal objections of other similarly situated shopping center landlords.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an order (i) granting this Limited Objection; (ii) compelling the Debtors and any assignee to fully comply with Bankruptcy Code § 365(b) and other applicable law, and (iii) for such other and further relief as is just and proper.

4873-0782-8213

Dated: November 4, 2024
Wilmington, DE 19801

**ESBROOK P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE 4885)
1000 N. West Street
Suite 1200
Wilmington, DE 19801
(Phone) 302.650.7540
E-Mail: scott.leonhardt@esbrook.com

and

Robert B. Berner (0020055)
Bailey Cavalieri LLC
409 E. Monument Ave., Suite 103
Dayton, Ohio 45402
(Phone) 937.223.0254
E-Mail: rberner@baileycav.com

*Counsel for the Landlord*