**THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| BIG LOTS, INC., *et al.,* | : | Case No. 24-11967 (JKS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docs. 18 & 511** |
| | : | **Objections: Nov. 4, 2024, at 12:00 p.m.** |

**LIMITED OBJECTION OF BEAUCLERC SDC, LLC
TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE,
INCLUDING CURE AMOUNT, AND RESERVATION OF RIGHTS**

BEAUCLERC SDC, LLC (the "<u>Landlord</u>"), by and through its undersigned counsel, hereby files this limited objection (the "<u>Objection</u>") to the Debtors' proposed assumption and assignment of lease, including the proposed cure amount indicated on the schedule attached to the *Notice of Potential Assumption an Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (Doc. 511) (the "<u>Notice</u>"), and in support of its Objection, Landlord respectfully represents as follows:

**<u>BACKGROUND</u>**

1.      Landlord and Big Lots Stores, Inc. (n/k/a Big Lots Stores, LLC) (the "<u>Debtor</u>") are parties to that certain lease agreement originally dated April 21, 1993, as may have been subsequently extended, amended and/or modified (the "<u>Lease</u>"). The Lease relates to approximately 31,592 square feet of retail space located at Beauclerc Village Shopping Center, 9718 St. Augustine Road, Jacksonville, FL 32257-6040 (the "<u>Leased Premises</u>"). Landlord acquired the property and received an assignment of all leases in November 2018.

2.      The Debtors filed voluntary petitions for relief under Chapter 11 of the United

States Code on September 9, 2024 ("Petition Date"). The Debtors have remained in possession of

the estates' assets and continue to manage their financial affairs pursuant to 11 U.S.C. §§ 1107 and

1108.

3.      On October 16, 2024, the Debtors filed the Notice, in which the Debtors provided

notice of their intention to potentially assume and assign (the "Proposed Assignment") the Lease

to the prospective purchaser (or designee) of substantially all of the Debtors' assets ("Purchaser").

The Landlord is not in possession of any proposed assumption and assignment agreement.

4.      In the Notice, the Debtors include a proposed cure cost of **$35,362.00** (the

"Proposed Cure Amount").

5.      The deadline to file objections to the Proposed Assignment and Proposed Cure

Amount is November 4, 2024, at 12:00 p.m.

## LIMITED OBJECTION

6.      Prior to any assumption or assignment of unexpired leases in these bankruptcy

cases, the debtor is required by section 365(b)(1) of the Bankruptcy Code to provide adequate

assurance (a) that the debtor will promptly cure all defaults under the unexpired leases to be

assumed and assigned and (b) of the future performance of a proposed assignee under the terms of

an unexpired leases sought to be assumed and assigned.

### A.      *Cure Amount and Adequate Assurance*

7.      As of the date of this filing, the Debtors owe **$35,495.49** in rent and other charges

(the "Actual Cure Amount"). Therefore, the Debtors must satisfy the Actual Cure Amount and

also provide adequate assurance that Purchaser will be able to perform under the Lease in the

future, before the Debtors may assume and assign the Lease.

8.      To the extent there is a dispute over the total cure obligation for the Lease, all

undisputed cure amounts should be paid upon assumption and assignment of the Lease. The Debtors should be required to escrow any disputed amounts, and the Court conduct a further proceeding within thirty (30) days of the assumption of the Lease to deal with any disputes that remain unresolved after such period.

9.      Additionally, the Debtors proposed assumption and assignment of the Lease is subject to all terms of the Lease, including all amounts due and owing under the Lease such obligations that may have accrued, but may not have been billed under the Lease.  By way of limited example, the Debtors are responsible for real estate taxes, utilities, and common area maintenance charges, including, without limitation, any "true up" amounts for these charges.

10.      As the Landlord has not been provided with the proposed assumption and assignment agreement, any final assumption and assignment of the Lease should clearly state that Purchaser will assume these lease obligations and pay and perform them when due, regardless of whether they relate to the period prior to, or after, the proposed assumption and assignment.

11.      Any release in favor of the Debtors of further liability based upon a payment of cure amounts must specify that such release does not apply to any and all obligations of Purchaser to pay accrued or accruing, but unbilled, charges that come due under the Lease.

**B.      *Indemnification and Hold Harmless***

12.      The Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Leased Premises subject of the Lease. Any assumption and assignment of the Lease must be subject to the terms of the Lease, including the continuation of all such indemnification obligations, regardless of when any claim arose.[1] Nothing in any order should preclude the

---

[1] Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Lease.

Landlord from pursuing the Debtors, its insurance, or any other party that may be liable under the Lease, and the Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

**C.      *Percentage Rent***

13.      The Debtors are responsible for percentage rent and obligated to provide monthly and year-end statements regarding gross sales and income. The Debtors are then obligated to pay any percentage rental due in accordance with the Lease.

**D.      *Signage***

14.      The Debtors are responsible for the costs in connection with (a) obtaining any necessary permits, (b) placing, erecting, and maintaining signage, and (c) complying with any local codes and ordinances relating to signage. To the extent Purchaser wishes to change signage, then the Purchaser is bound by the terms of the Lease relating to same.

**E.      *Restrictive Use Covenants***

15.      The Debtors are bound by certain restrictive covenants set forth in the lease, which may include exclusivity, permitted and prohibited uses on the Leased Premises. Accordingly, the Purchaser is bound by these restrictions.

16.      While the Landlord does not necessarily object to an assignment of the subject to this Objection, such assignment would be subject to any such restrictive covenants.

## **RESERVATION OF RIGHTS**

17.      The Landlord reserves its rights to (a) amend this Objection for purposes of asserting any additional amounts which may be owed (whether pre-petition or administrative claims), including, without limitation, any rent based on percentage of sales, (b) assert any claims (including, without limitation, administrative claims) for damages to the Leased Premises, the

removal of personal property left behind by the Debtors and/or for damages relating to removal or change of signage, (c) object to the proposed form of assumption and assignment agreement, (d) enforce any other rights of the Landlord or obligations of the Debtors and/or assignee in connection with the assignment of the Lease, and (e) object in the absence of compliance with any other restrictive use covenants, including, but not limited to, for the benefit of any other existing tenants.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an Order sustaining this Objection or granting relief consistent with this Objection and granting the Landlord such other and further relief as it deems just and proper.

Dated: November 4, 2024

**FOX ROTHSCHILD LLP**

/s/ Howard A. Cohen
Howard A. Cohen (DE No. 4082)
1201 N. Market Street, Ste. 1200
Wilmington, DE 19801
(302) 427-5507 - direct
(302) 656-8920 -fax
Hcohen@foxrothschild.com

*Counsel for BEAUCLERC SDC, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this 4th day of November 2024, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases. I also caused a copy of the foregoing to be served by email on those parties entitled to notice under the Notice, as shown on the service list attached hereto as **Exhibit A.**

*/s/ Howard A. Cohen*
Howard A. Cohen, Esquire (No. 4082)

## EXHIBIT "A"

## SERVICE LIST

Davis Polk & Wardwell LLP
Notice.biglots@davispolk.com

Morris Nichols Arsht & Tunnell LLP
Biglots.mnat@morrisnichols.com

Choate Hall & Stewart LLP
jventola@choate.com
jmarshall@choate.com
jslang@choate.com

Blank Rome LLP
Regina.kelbon@blankrome.com
Stanley.tarr@blankrome.com

Linda Casey, Esq. (UST)
Linda.Casey@usdoj.gov

Otterbourg P.C.
Csimon@otterbourg.com
jdrew@otterbourg.com
shautziner@otgterbourg.com

Richards Layton & Finger, PA
Knight@rlf.com

Cole Schotz P.C.
jalberto@coleschotz.com
snewman@coleschotz.com
scarnes@coleschotz.com

McDermott Will & Emery
dazman@mwe.com
kgoing@mwe.com

Kirkland & Ellis LLP
cmarcus@kirkland.cm
douglas.ryder@kirkland.com
Nicholas.adzima@kirland.com