## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. [1] | (Jointly Administered) |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS
### OF INTELLIGRATED SYSTEMS, LLC TO DEBTORS' NOTICE
### OF POTENTIAL ASSUMPTION AND ASSIGNMENT EXECUTORY
### CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT

Intelligrated Systems, LLC ("ISL"), by and through its undersigned counsel, submits this limited objection and reservation of rights (this "Objection") in response to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511] (the "Cure Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). In support of this Objection, ILS states as follows.

### BACKGROUND

1.      On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]     The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2. Prior to the Petition Date, ISL and Big Lots Stores, Inc. entered into (i) that certain Amended and Restated Master Agreement, dated as of July 19, 2016 (the "Master Agreement"), and (ii) that certain Addendum B to Master Agreement (the "Addendum" and together with the Master Agreement, the "Agreements"[2]), pursuant to which ILS provided, among other things, technical support services to the Debtor and certain of its debtor-affiliates identified below.

3. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors seek entry of an order, among other things, approving the Bidding Procedures[3] in connection with the proposed sale of substantially all of the Debtors' assets to the Stalking Horse Bidder, or such other Successful Bidder after an Auction, and procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction (the "Assumption and Assignment Procedures").

4. On October 25, 2024, the Court entered an order approving, among other things, the Assumption and Assignment Procedures [D.I. 612] (the "Bidding Procedures Order").

---

[2] The Agreements, the individual invoices and other records which more particularly evidence the Debtors' indebtedness to ISL are voluminous, may contain proprietary information and terms, and are subject to confidentiality restrictions. Accordingly, copies of such documents do not accompany this Objection. The Agreements and any additional documents and information related to this Objection would be made available by ISL to appropriate persons upon reasonable request, and with appropriate non-disclosure protections in place.

[3] Capitalized terms not defined herein shall have their same meaning as in the Cure Notice.

5.      On October 16, 2024, the Debtors filed the Cure Notice. Appended to the Cure Notice is a list of the Debtors' executory contracts, together with the Cure Costs the Debtors believe must be paid to the applicable contract counterparties as a condition to assumption and assignment under Section 365 of the Bankruptcy Code (the "Potential Assumed Contracts Schedule"). The Debtors identify the obligations owing under to ILS pursuant to the Agreements in the Potential Assumed Contracts Schedule and assign each of them with a Cure Cost (under the heading "Preliminary Estimated Cure Amount") of zero dollars ($0.00).

6.      Pursuant to the Cure Notice, the proposed Cure Cost listed on the Potential Assumed Contracts Schedule "represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the Petition Date, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Petition Date." Cure Notice, p. 2.

7.      The Cure Notice underestimates the amount owed to ILS pursuant to the Agreements. ILS identifies the current amounts currently due and owing to it by the Debtors as:

| Debtor | Amount Owed |
|---|---|
| AVDC, LLC | $2,317.22 |
| Big Lots Stores, LLC | $235,146.15 |
| CSC Distribution LLC | $29,249.03 |
| Durant DC, LLC | $258,132.30 |
| Total | $524,844.70 |

### LIMITED OBJECTION

8.      ILS objects to the Debtors' proposed Cure Costs related to the Agreements as they do not include all amounts currently due and owing to ILS, or which may become due to ILS, or which may remain unpaid, as of the effective date of any assumption, or assumption and assignment, of the Agreements.

3

## **ARGUMENT**

9.     To assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must include all of the conditions, liabilities and obligations, as well as the benefits, of such contract or lease. See *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (indicating that a debtor is required to assume a contract "*cum onere*"); *Kimmelman v. The Port Authority of New York and New Jersey (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 318 (3d Cir. 2003) (holding the non-debtor party to an executory contract must be given the full benefit of its bargain and made whole before assumption of the contract can be permitted); *In re Gardinier, Inc.*, 831 F.2d 974, 975 (11th Cir. 1987) (finding "a bankruptcy trustee cannot accept the benefits of an executory contract without also assuming its burdens"). The proper Cure Costs should include all liabilities and obligations that have arisen or accrued under the Agreements after the Petition Date as well as prior to or as of the Petition Date. See 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default… .") (emphasis added).

10.     ILS objects to any assumption, or assumption and assignment, of the Agreements unless and until each of the aforementioned requirements of Section 365(b)(1) of the Bankruptcy Code have been satisfied as of the effective date of such assumption, or assumption and assignment. Accordingly, the proper cure amount for the Agreements should include both the Pre-

Petition Indebtedness and any post-petition amounts that are currently due, or become due, under the Agreements through and including the date upon which the Agreements are assumed by the Debtors and assigned to the Stalking Horse Purchaser or any other Successful Bidder.

## **RESERVATION OF RIGHTS**

11.     ILS reserves the right to update, supplement or modify this Objection as may be necessary or appropriate, and to submit additional documents or evidence in support hereof. ILS additionally reserves the right later to object to an assumption and assignment of the Agreements on the basis of adequate assurance of future performance by any Successful Bidder which may be proposed as the assignee of the Agreements. Nothing herein shall be deemed to waive any of ILS's procedural, substantive or other rights, privileges or remedies in connection with the Agreements, all of which are hereby expressly reserved.

WHEREFORE, for the reasons set forth above, Intelligrated Systems, LLC respectfully requests that the Court enter an order:

(i)     conditioning the Debtors' assumption, or assumption and assignment of each of the Agreements upon (a) the Debtors' payment of all outstanding amounts due and owing to Intelligrated Systems, LLC as of the date of any such assumption and assignment, and (b) the Debtors' compliance with all other requirements for such assumption and assignment, including but not limited to the provision of adequate assurance of future performance, and

(ii)     granting such other and further relief to Intelligrated Systems, LLC as is just and proper.

Dated: November 4, 2024

[*Signature Page Follows*]

Dated: November 4, 2024
        Wilmington, Delaware

*/s/ Scott R. Cheatham*

Scott R. Cheatham
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: 832-498-0607
Email: scott.cheatham@arlaw.com

*Counsel to Intelligrated Systems, LLC*