**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 511** |

**LIMITED OBJECTION OF AT&T ENTERPRISES, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT, AND RESERVATION OF RIGHTS**

AT&T Enterprises, LLC (on behalf of itself and its affiliates, "AT&T"), by and through its undersigned counsel, hereby submits its Limited Objection to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [ECF No. 511] (the "Notice") and represents as follows.

**I.    BACKGROUND**

1. AT&T and the Debtors (as defined below) are parties to numerous pre-petition contracts (collectively, as amended and updated from time to time, the ("Contracts")).

2. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. ("Big Lots") and 18 affiliated debtors (collectively with Big Lots, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. On October 16, 2024, the Debtors filed the Notice. The Debtors attached a schedule to the Notice listing executory contracts, which may be assumed or assumed and assigned with estimated cure amounts (the "Potential Assumed Contracts Schedule") [ECF No. 511-1]. The Potential Assumed Contracts Schedule lists multiple Contracts between AT&T and the Debtors (as reflected in **Exhibit A** attached hereto).

4. The cure amounts set forth in the Potential Assumed Contracts Schedule (collectively, the "<u>Notice Cure Amount</u>") are erroneously listed.

## II. **OBJECTION**

5. At this time, AT&T does not object in principle to a potential assumption and assignment of any Contract between itself and the Debtors. However, AT&T objects to the Notice in its current form on the grounds that the Notice Cure Amount is incorrect and in certain instances, the Debtors have failed to provide sufficient information to enable AT&T to identify certain of the Contracts set for potential assumption and/or assumption and assignment.

### A. **The Debtors Fail to Accurately Reflect the Correct Cure Amounts and Titles for the Relevant Contracts.**

6. AT&T objects to the Notice on the basis that the Notice Cure Amount is not correctly reflected.

7. Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the Debtors are required to cure any defaults under the Contracts in order to assume or assume and assign the Contracts.

8. The Notice Cure Amount listed on the Potential Assumed Contracts Schedule provides a preliminary estimated cure amount of "$115,573" in relation to a purported "*Service Order Confirmation for Base Rate, Fr*" *See* Potential Assumed Contracts Schedule at 8. However, the Notice Cure Amount is incorrect. The remaining AT&T Contracts on the Potential Assumed Contracts Schedule are erroneously listed with a preliminary estimated cure amount of "$-", which appears to indicate a zero or undetermined cure .

9. As of the Petition Date, the Debtors owed AT&T at least **$196,496.28** for the provision of pre-petition services rendered in connection with the Contracts (the "<u>Cure Amount</u>").[1]

10. AT&T reserves its rights with respect to the **$196,496.28** Cure Amount owed to

---

[1] Supporting documentation evidencing these amounts can be made available upon the Court's request.

AT&T, and any additional balances attributable to any agreement proposed to be assumed and/or assigned.

11. AT&T also asserts that the Notice fails to provide sufficient information AT&T can use to identify certain of the Contracts set for potential assumption and/or assumption and assignment. The Debtors use general descriptors or reference exhibits and orders placed under broader Contracts in the Notice – in many instances without referencing dates, or contract numbers, which would assist AT&T in honing in on the correct Contracts.

12. For example, the entire Cure Amount proposed by the Debtor is tied to one service order, but AT&T has no information about what service is implicated or which Contract the service order attaches to. Further, AT&T shows balances across several Contracts and Debtor entities. AT&T hereby requests additional details with respect to the Contracts the Debtors plan to assume or assume and assign.

13. Finally, all AT&T pricing schedules are part and parcel of their corresponding Master Agreement and cannot be assumed and/or assumed and assigned independent of the same. Currently, the Notice lists five Master Agreements for assumption or assumption and assignment. AT&T's records show several Master Agreements executed by and among the parties between 2004 and 2024. However, some of those agreements have been superseded. Given the lack of detail provided in the Notice, it is difficult for AT&T to confirm that the appropriate Master Agreements are listed in the Notice. AT&T respectfully requests that the correct Master Agreement(s) be added to the Notices. AT&T stands ready to assist the Debtor in an effort to resolve this issue quickly.

### III. RESERVATION OF RIGHTS

14. This Limited Objection is without prejudice to AT&T to raise additional arguments regarding the Notice and any amendments thereto, cure amounts (including the Cure Amount), the proposed sale, and any proposed assumption, assignment, or rejection of any AT&T agreement.

Such arguments are fully reserved by AT&T to the greatest extent allowed by law. Additionally, AT&T reserves and preserves all rights of setoff and recoupment (as applicable). This Limited Objection is without prejudice to AT&T's right to seek other appropriate relief, including adequate assurance of future performance under any agreements with the Debtors that the Debtors may seek to assume, or assume and assign to any third-party.

## CONCLUSION

AT&T respectfully requests that its Limited Objection and reservations of rights be upheld and for such further relief as this Court deems appropriate. Specially, AT&T requests that this Court enter an order that requires the Notice to be amended to appropriately identify the relevant Contracts and Cure Amount for the Contracts.. AT&T further requests that this Court grant any other further relief as this Court deems proper.

Dated: November 4, 2024
   Wilmington, Delaware

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Email: dklauder@bk-legal.com

-and-

Robert T. Franciscovich (*pro hac vice* pending)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: robert.franciscovich@arnoldporter.com

*Counsel for AT&T Enterprises, LLC*

4