**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., et al., | (Jointly Administered) |
| Debtors. | Objection Deadline: November 4, 2024, at 12:00 P |

_____/

**LIMITED OBJECTION AND RESERVATION OF RIGHTS BY FOG CP, LLC TO DEBTORS'[1] NOTICE OF: (I) POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT; AND (II) ORDER (I)(A) APPROVING BIGGING PROCEDURES FOR SALE OF DEBTORS' ASSETS, (B) APPROVING THE STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF SEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING, AND € APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, (II)(A) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) GRANTING RELATED RELIEF**

Fog CP, LLC ("Landlord", by and through its undersigned counsel, hereby files its limited objection (the "Objection) to the Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount (the "Cure Notice") [D.I. 511].  In support of its Objection, Landlord respectfully states as follows:

**BACKGROUND**

**A.  Procedural History**

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC, LLC (8673); PAFDC LLC (2377); WAFDC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

1.      On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

2.      On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse id Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relie*f [D.I. 18].

3.      On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95].

4.      On October 16, 2024, the Debtors filed the Cure Notice which underestimated the amount owed to the Landlord for its lease interest and lists the preliminary estimated cure amount as $23,165.00 (the "Proposed Cure Amount").  The Cure Notice establishes November 4, 2024, as the deadline to object to the Cure Notice.

5.      On October 25, 2024, the Court entered the *Order (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of*

*Executory Contracts and Unexpired Lease, and (III) Granting Related Relief* [D.I. 612] (the "Sale Order"). The Sale Order provides, *inter alia*, that any Assumption and Assignment Objection (as defined in the Sale Order) by a Counterparty (as defined in the Sale Order) with respect to an actual or proposed unexpired lease of real property to be assumed and assigned by the Debtor must be filed by November 6, 2024. Given the Cure Notice objection deadline of November 4, 2024, and the substantial overlap between the Cure Notice and the Sale Order, this Objection also constitutes an "Assumption and Assignment Objection" as defined in the Sale Order.

**B. Lease History**

6.       The Landlord is the owner of the premises located at 1243 S. Missouri Avenue, Clearwater, Florida 33756 (the "Premises") at which Big Lots-PNS, LLC operates store number 4220 pursuant to that certain written lease of non-residential real property (as amended from time to time) (the "Lease").[2] The Lease is a "Lease of real property in a shopping center," for the purposes of § 365(b)(3) of the Bankruptcy Code.

7.       Pursuant to the Lease, rent is due on the first day of every month, Additionally, the Debtor is responsible for payment of a portion of the common area maintenance ("CAM") expenses on a monthly basis.

8.       Moreover, the Lease assigns the responsibility for paying the school taxes against the Premises (the "School Taxes") to the Landlord. However, the Lease obligates the Debtor to pay Landlord its pro-rata share of the school taxes due for that particular year (the "2024 Tax Share").

9.       Further, the Lease obligates the Debtor to pay its pro rata share of the insurance charges Landlord is obligated to pay for the Premises (the "2024 Insurance Share").

---

[2] Due to its size, the Lease is not attached hereto but Landlord will make the Lease available upon receipt.

10.     Pursuant to the Lease, the Debtor is solely responsible for all public and private utility services rendered or furnished directly to the Premises, including but not limited to water, sewerage, gas, electricity, telephone, and trash.  Currently, landlord does not know the status of any outstanding utilities; payments but hereby reserves its rights to seek payment for any outstanding amounts not paid by the Debtor.

11.     As of the Petition Date, Debtor's obligations to Landlord include the total amount of rent due per month plus CAM charges, School Taxes, and the 2024 Insurance Share (the "Actual Cure Amount").  The Actual Cure Amount owed is greater than the Proposed Cure Amount contemplated in the Debtors' Cure Notice.

## LIMITED OBJECTION TO CURE NOTICE

12.     To assume and assign the Lease, Debtor is required to pay the Actual Cure Amount and to assume and assign the Lease in its entirety and in conformity with the applicable provisions of § 365 of the Bankruptcy Code.

13.     Landlord respectfully requests that the Court enter an order conditioning any assumption and/or assignment of the Lease on payment of full of the Actual Cure Amount, and any other amounts that come due under the terms of the Lease proper to the time of any such assumption and/or assignment of the Lease (the "Outstanding Lease Obligations").

## ARGUMENT

14.     § 365(b) of the Bankruptcy Code provides in pertinent part as follows:

"If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
Cures, or provides adequate assurance that the trustee will promptly cure such default…

Compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

Provides adequate assurance of future performance under such contract or lease. 11 U.S.C. § 365(b)(1).

15.     Accordingly, the Debtors must cure all defaults under the Lease and provide adequate assurance of future performance as a precondition to any assumption and assignment. *See In re Thane Int'l, Inc.*, 586, B.R. 540 (Bankr. D. Del. 2018).

16.     Here, the Landlord objects to the Debtors' proposed Cure Amount because it fails to accurately reflect all of the Outstanding Lease Obligations. The Debtors have used, and continue to use, the Premises to generate business since the Petition Date but have not paid all Outstanding Lease Obligations.

17.     Accordingly, the Landlord, objects to any assumption of the Lease absent payment of all amounts owed thereunder.

**RESERVATION OF RIGHTS**

18.     Landlord hereby reserves its rights to object to adequate assurance of future performance pursuant to 11 U.S.C. § 365(b)(1)(C) and (b)(3)(A-D), and to amend or supplement this Objection in the future as it deems appropriate based on the foregoing items or otherwise when the Lease is identified as a lease to be actually assumed or assumed and assigned. Nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Lease between the Debtors and Landlord. Additionally, Landlord reserves its right to seek a § 365(b)(1) administrative claim for rent accruing thereafter through the date of any assumption and assignment, as applicable.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing up until the date of any assumption and assignment of the Lease; (iii) requiring the Debtors to provide adequate assurance of future performance; (iv) establishing the Actual Cure Amount is the correct amount owed to Landlord under the Lease pursuant to § 365(b)(1)(A) of the Bankruptcy Code; and (iv) grant the Landlord such other and further relief as it deems proper.

Dated: November 4, 2024

/s/ Andrew W. Lennox
Andrew W. Lennox        (FBN: 937681)
alennox@lennoxlaw.com
Casey Reeder Lennox      (FBN: 041986)
clennox@lennoxlaw.com
LENNOX LAW, P.A.
PO Box 20505
Tampa, FL 33622
Tel:  813-831-3800
Fax: 813-749-9456
*Counsel for Fog CP, LLC*