**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | **Chapter 11** |
| **BIG LOTS, INC., et al.,**[1] | **Case No. 24-11967 (JKS)** |
| **Debtors.** | **(Jointly Administered)** |

**CURE CLAIM LIMITED OBJECTION RELATED TO DEBTORS'
NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
CURE AMOUNTS [DOCKET NO. 511] AND RESERVATION OF RIGHTS**

GH2 NSB BB, LLC ("GH2")[2] hereby files this objection to the proposed cure amount that the

above captioned debtors and debtors-in-possession (collectively, the "Debtors") have proposed to pay

in connection with the potential assumption and assignment of GH2's lease. In support, GH2 states the

following:

**BACKGROUND**

**A. GH2's Lease with the Debtor.**

1. On July 31, 2019, GH2 and debtor Big Lots Stores, Inc. (the "Debtor Tenant")

entered into a Lease Agreement for real property located at 1998 State Road 49, New Smyrna

Beach, Florida and known as Store # 5272 (the "Lease").

2. On May 16, 2019, GH2 and the Debtor Tenant entered into a *First Lease Extension

and Modification Agreement* which, among other things, extended the expiration date under the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.
[2] Pursuant to Del. Bankr. L.R. 9013-1(h), GH2 does consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties. cannot enter final orders or judgments consistent with Article III of the United States Constitution

Lease from January 31, 2023, for six additional years, until January 31, 2029 (the "Extension"). A copy of the Lease and the Extension is attached hereto as composite Exhibit "A".[3]

**B. Debtors' Proposed Cure Claim Amount.**

3.      On September 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

4.      On September 9, 2024, the Debtors filed a motion (the "Sale Motion"), which *inter alia,* seeks Court approval to sell substantially all the Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to higher and better bids.

5.      In connection with the Sale Motion, the Debtors filed its *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [D.I. 511] (the "Notice").

6.      The Notice identified the Lease as an unexpired lease that could potentially be assumed and assigned as part of the proposed sale and indicated that the amount necessary to cure any pre-petition defaults under the Lease is $25,770 (the "Proposed Cure Amount").

7.      The Notice further provides that if GH2 fails to object to the Proposed Cure Amount prior to November 4, 2024 at 12:00 p.m. (Eastern), it will be barred from objecting to the assumption and assignment of the Lease, including any cure costs or defaults associated with such proposed assumption and assignment of the Lease.

**C. Pre-petition Amounts owed to GH2.**

8.      As of the Petition Date, the Debtor owes GH2 at least $115,197.09 ("Unpaid Pre-Petition Amount"), which includes common area maintenance, property taxes, insurance and rent

---

[3] The monetary and non-monetary obligations of the Debtor Tenant to GH2 are described by the Lease and the Extension.

#61973061 v2

charges. The Unpaid Pre-Petition Amount is through the Petition Date and is based upon amounts both known and estimated by GH2, incurred and accrued.  With respect to real property taxes, the Volusia County, Florida Tax Collector issued a tax bill to GH2 on November 1, 2024 which is in transit to GH2 for calendar year 2024.  Therefore, since the Unpaid Pre-Petition Amount only reflects real property taxes owed for eight months of this calendar year, the amount which will shortly be due under the Lease with respect to real property taxes will be for twelve months of this calendar year, and at least 50% greater than the amount reflected by the Unpaid Pre-Petition Amount.   A summary of the Unpaid Pre-Petition Amount is attached as Exhibit "B."

9. The Debtors have not paid GH2 the Unpaid Pre-Petition Amount. To the extent the Debtors seek to assume and assign the Lease, the Debtors are required to pay the Unpaid Pre-Petition Amount to GH2 to satisfy the Debtors' pre-petition cure obligations under 11 U.S.C. § 365(b).  In addition, by this objection, GH2 is also placing any proposed assignee of the Lease on notice of the additional amounts which will be due and owing shortly under the Lease (within the next 30 days).

10. GH2 objects to the Proposed Cure Amount and any proposed assumption and assignment of the Lease to the extent that any proposed order approving such assumption and assignment fails to provide that the Debtors or the proposed assignee of the Lease shall promptly pay GH2 (i) the Unpaid Pre-Petition Amount of $59,123.10 and (ii) any unpaid post-petition amounts accrued or due under the Lease. *See 11 U.S.C. § 365(b).*

## **RESERVATION OF RIGHTS**

11. GH2 reserves the right to include additional post-petition charges as they come due while the Sale Motion and the proposed assumption and assignment of the Lease remains pending and/or file a motion requesting the payment of any such administrative expenses.

#61973061 v2

12.     GH2 also reserves all rights to seek all reasonable post-petition attorney fees and costs related to the lease as part of this cure objection.

13.     GH2 further reserves all other rights to object to the proposed assumption and assignment of the Lease, including any proposed adequate assurances of future performance under the Lease pursuant to 11 U.S.C. 365(b)(1)(C) and 365(f)(2)(B).  In particular, GH2 reserves the right to oppose any proposed assignee of the Lease which fails to satisfy the "shopping center restrictions" imposed by 11 U.S.C. 365(b)(3).

**WHEREFORE**, GH2 respectfully requests that the Court: (I) enter an order determining that GH2 is entitled to the prompt payment of the Unpaid Pre-Petition Amount and any unpaid post-petition rent due as a condition of the assumption and assignment of the Lease; (ii) enter an order directing the Debtors or the purchaser/assignee of the Lease to promptly pay GH2 the Unpaid Pre-Petition Amount and any unpaid post-petition rent due in the amount of at least $115,197.09, to the extent that the Debtors are authorized to assume or assign the Lease and have provided GH2 with adequate assurance of future performance; and (iii) grant GH2 such other relief as this Court may deem just and proper.

DATED:  <u>November 4, 2024     </u>.          Respectfully submitted,

**GRAYROBINSON, P.A.**

333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Phone:  305.913.0367
E-mail:steven.solomon@gray-robinson.com

By: <u>/s/ Steven J. Solomon     </u>
   Steven J. Solomon
   Florida Bar No.  931969
   *Counsel for GH2 NSB BB, LLC*

#61973061 v2

## CERTIFICATE OF SERVICE

I, Steven J. Solomon, hereby certify that on this 4th day of November the foregoing Objection to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 511] was served on all parties registered to receive CM/ECF notifications in this matter and on the parties on the attached service list in the manner so indicated.

**GRAYROBINSON, P.A.**

333 SE 2nd Avenue, Suite 3200
Miami, FL 33131
Phone: 305.913.0367
E-mail:steven.solomon@gray-robinson.com

By: /s/ Steven J. Solomon
    Steven J. Solomon
    Florida Bar No. 931969
    *Counsel for GH2 NSB BB, LLC*

#61973061 v2

Davis Polk & Wardwell LLP
450 Lexington Avenue, New York, NY 10017
Brian M. Resnick, Esq.
Adam L. Shpeen, Esq.
Stephen D. Piraino, Esq.
Jonah A. Peppiatt, Esq.
Ethan Stern, Esq.
(notice.biglots@davispolk.com)

Morris, Nichols, Arsht & Tunnell LLP,
1201 N. Market Street, 16th Floor
Wilmington, DE 19801,
Robert J. Dehney, Sr., Esq.
Andrew R. Remming, Esq.
Daniel B. Butz, Esq.
Tamara K. Maim, Esq.
and Casey B. Sawyer, Esq.
(biglots.mnat@morrisnichols.com)

*Counsel to the Debtors and Debtors in Possession*

Choate, Hall & Stewart LLP
Two International Place, Boston, MA 02110,
John F. Ventola, Esq. (jventola@choate.com)
Jonathan D. Marshall, Esq. (marshall@choate.com)
Jacob S. Lang, Esq. (jslang@choate.com)

Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com)
Stanley Tarr, Esq. (stanley.tarr@blankrome.com)

*Counsel to the ABL Agent,*

Otterbourg P.C.
230 Park Avenue,
New York, NY 10169,
Chad B. Simon, Esq. (CSimon@otterbourg.com)
James V. Drew, Esq. (JDrew@otterbourg.com)
Sarah L. Hautzinger, Esq. (shautzinger@otterbourg.com)

Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
John H. Knight, Esq. (knight@rlf.com)

*Counsel to the Term Agent*
McDermott Will & Emery LLP
One Vanderbilt Avenue,
New York NY 10017
Darren Azman, Esq. (dazman@mwe.com)
Kristin G. Going, Esq. (kgoing@mwe.com)

Cole Schotz P.C.,
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Justin R. Alberto, Esq. (jalberto@coleschotz.com)
Stacy L. Newman, Esq (snewman@coleschotz.com)

*Counsel to the Committee*

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Christopher Marcus, P.C. (cmarcus@kirkland.com)
Douglas A. Ryder, P.C. (douglas.ryder@kirkland.com)
Nicholas M. Adzima (nicholas.adzima@kirkland.com)

*Counsel to the Stalking Horse Bidder*

The U.S. Trustee,
Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35,
Wilmington, Delaware 19801,
Linda J. Casey (linda.casey@usdoj.gov)

#61973061 v2