UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al*,.[1] | ) | Case No. 24-11967 (JKS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **RE: Docket No. 511** |

## OBJECTION TO DEBTORS' STATED CURE AMOUNTS

Premium Asset Management, Inc. ("PAM"), by and through counsel and as managing agent to certain landlords (the "Landlords")[2], hereby files this Objection (the "Objection") to *Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 511] (the "Cure Notice"), and states as follows:

1. On September 9, 2024 (the "Petition Date"), Big Lots, Inc, and certain affiliates (collectively, the "Debtors") filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[3]

3. On October 16, 2024, Debtors filed their Cure Notice [Docket No. 511].

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] PAM is managing agent to landlord counter-parties to two (2) leases, the properties referenced below in Table 1.

[3] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4. Debtors' leased space from Landlords pursuant to two (2) unexpired leases of nonresidential real property (the "PAM Leases").

5. The PAM Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum LTD*, 922 F.2d 1081 (3d. Cir. 1990).

**CURE CLAIM OBJECTION**

6. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

7. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The PAM Leases provides for recovery of attorneys' fees and expenses. PAM hereby objects to assumption of the PAM Leases listed in the Cure Notice absent payment of PAM's attorneys' fees and expenses.

8. As of the date of this Objection, PAM Objects to the cure amounts proposed for two (2) PAM Leases. Pursuant to Table 1 the Proposed Cure Amounts are insufficient to the Cure the defaults under the PAM Leases.

**TABLE 1:**

| Store Number/Landlord | Property Location | Debtor Proposed Cure Amounts | PAM Lease Cure Amounts[4] | Attorneys' Fees | Total Cure Amount |
|---|---|---|---|---|---|
| #553/DTS 11 Properties, LLC | Fort Lauderdale, FL | 20,761.00 | $21,871.17 | $5,650.00 | $27,521.17 |
| #5230/Premium Asset Management, Onc | Vero Beach, FL | 81,100.00 | $85,560.65 | $5,650.00 | $91,210.65 |

9. PAM further objects to the assumption of the PAM Leases absent payment of all cure amounts owed thereunder from the date of this Objection through the effective date of assumption, including any amounts that will become due or be invoiced on or after the Objection filing date (including, but not limited to, additional amounts, not yet known, that accrued following the filing date , such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

10. True and correct Lease Summaries supporting the actual PAM Lease Cure Amounts contained in Table 1 are attached hereto and incorporated collectively as **Exhibit A.**

## JOINDER

11. In addition to the foregoing, PAM further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

---

[4] The cure amounts specified in this chart do not reflect any amounts that will become due or be invoiced on or after the date of this Objection, or attorneys' fees and costs, and PAM reserves all of its rights with respect thereto. PAM further avers that additional amounts, not yet known, may be due with regard to calendar year 2024, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance. PAM further reserves all rights with respect thereto.

## RESERVATION OF RIGHTS

12. PAM hereby reserves its rights to make such other and further objections as may be appropriate to all PAM leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

13. For the reasons set forth above, PAM respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the PAM Leases affirmatively require Debtors to pay all amounts accrued but not yet billed following the date of this Objection, including attorneys' fees and expenses; and (iii) grant PAM such further relief as it deems proper.

Date: November 4, 2024
Wilmington, DE

        HOGAN♦McDANIEL

        */s/Garvan F. McDaniel*
        Garvan F. McDaniel (DE Bar No. 4167)
        1311 Delaware Avenue
        Wilmington, Delaware 19806
        Telephone: 302.656.7540
        Facsimile: 302.656.7599
        Email: gfmcdaniel@dkhogan.com

        *ATTORNEY FOR PREMIUM ASSET MANAGEMENT, INC*