# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*,[1] | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Related to Docket Nos. 511** |

## OBJECTION AND RESERVATION OF RIGHTS OF MILELLI REALTY-LEHIGH STREET, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT

Milelli Realty-Lehigh Street, LLC ("Landlord"), a creditor and party in interest, through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") regarding the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Doc. No. 511] (the "Cure Notice"), and in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1. The Landlord files this Objection to preserve its right to receive all amounts owed to it under the Lease. The Cure Notice mistakenly identifies the Proposed Cure Amount for the Lease as $29,753.00. Based on the Landlord's records, however, the amount necessary to cure the Outstanding Lease Obligations as of November 1, 2024, is no less than $136,174.20.

2. Furthermore, the Debtors have not provided evidence of adequate assurance of future performance as required for assumption of an executory contract by Section 365(b)(1)(A)

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] All capitalized terms used but not defined in this Preliminary Statement shall have the same meaning ascribed to them as used *infra*.

ME1 50558584v.1

of the Bankruptcy Code. Before the Debtors may assume the Lease, the Court should direct the Debtors to provide evidence of adequate assurance of future performance to the Landlord according to Section 365(b)(1)(A).

3. Finally, to the extent the property is determined to be located in a shopping center, any assignment of the Lease would be subject to the requirements of Section 365(b)(3).

## FACTUAL BACKGROUND

**A.     PROCEDURAL HISTORY**

1. On September 9, 2024 ("Petition Date") each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors' Cases are being jointly administered. Doc. No. 95.

4. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors seek entry of an order,

among other things, approving the Bidding Procedures[3] in connection with the proposed sale of substantially all of the Debtors' assets to the Stalking Horse Bidder, or such other Successful Bidder after an Auction, and procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction (the "Assumption and Assignment Procedures").

5. The Court entered an order approving, among other things, the Assumption and Assignment Procedures [Doc. No. 612] (the "Bidding Procedures Order") on October 25, 2024.

6. On October 16, 2024, the Debtors filed the Cure Notice, with a schedule listing contracts that the Debtors may potentially assume and assign to a successful bidder in connection with the sale of the Debtors' assets, together with the cure amounts the Debtors believe must be paid to the applicable contract counterparties as a condition to assumption and assignment under section 365 of the Bankruptcy Code.

7. Among other things, the Cure Notice identified Landlord as follows:

| Debtor Name | Contract Counterparty Name | Preliminary Estimated Cure Amount | Contract/Lease Title or Description | Real Property Lease Premises Location |
|---|---|---|---|---|
| Big Lots Stores, LLC | MILELLI REALTY-LEHIGH STREET, L.L.C. | $29,753.00 | Real Property Lease – Store #1448 | 2349 LEHIGH ST ALLENTOWN, PA |

B. **RELEVANT CONTRACTUAL HISTORY**

8. Landlord leases to the Debtors Big Lots store 1448, located at 2349 Lehigh Street, Allentown, PA 18103 (the "Premises") pursuant to a lease entered into between Landlord and Big Lots Stores, LLC on or about February 5, 1991 (as subsequently amended, the "Lease").

9. Both prior to and since the Petition Date, Landlord has provided the Debtor with exclusive use and possession of the Premises pursuant to the terms of the Lease.

---

[3] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them as in the Cure Notice.

3

10. The Debtors defaulted on their obligations under the Lease by failing to pay Landlord for obligations due under the Lease including but not limited to the rent due under the Lease for the Debtor's use and occupancy of the Leased Premises since September 9, 2024, which totals not less than $136,174.20 (the "Outstanding Lease Obligations"), as further described in **Exhibit A**.

11. Landlord is entitled to payment of all Lease obligations arising under or coming due post-petition (including but not limited to the Outstanding Lease Obligations) and any order approving the Cure Notice should neither impair, prejudice, nor modify rights under the Lease between the Debtors and Landlord.[4]

## OBJECTION

**A.   THE DEBTORS' CURE NOTICE UNDERSTATES THE AMOUNT NECESSARY TO CURE.**

12. Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

11 U.S.C. § 365(b)(1). Simply put, the Debtors must cure all defaults of the Lease or provide adequate assurance of prompt cure before it may be assumed. *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

---

[4] The Landlord has and continues to work in good faith with the Debtors' retained realtor towards a mutually acceptable lease amendment, but files this objection out of an abundance of caution to reserve and preserve all rights.

13. Here, the Landlord objects to the Debtors' proposed cure amount (the "<u>Proposed Cure Amount</u>") because it fails to accurately reflect all of the Outstanding Lease Obligations. The Debtors have used, and continue to use, the Premises to generate business since the Petition Date but have not paid all Outstanding Lease Obligations, including, without limitation, rent, common area maintenance costs, insurance costs, and real estate taxes. The cure costs have increased, and will continue to increase post-petition by virtue of accruing rent, fees, costs, and interest.

14. The Landlord objects to the assumption of the Lease absent payment of all amounts owed thereunder, including any Outstanding Lease Obligations owed through the effective date of assumption.

15. The Landlord further objects to the assumption of the Lease to the extent it violates Section 365(b)(3) of the Bankruptcy Code.

**B.**     <u>THE DEBTORS MUST PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE</u>

16. Section 365(b)(1)(C) of the Bankruptcy Code requires that if there has been a default in an executory contract or lease, before it may be assumed, the Debtor must provide adequate assurance of future performance under such contract. 11 U.S.C. § 365(b)(1)(C).

17. The Bankruptcy Code does not provide a definition of adequate assurance. *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (holding that adequate assurance of future performance was not provided on an unexpired lease, where the debtor-landlord would only have $485,900.11 to fund future expenses, would not receive rent under the terms of the lease for 14 months, and the interest rate on the debtor's loan amounted to $780,000.00 per year).

18. However, based on the legislative history courts have turned to the Uniform Commercial Code for guidance. *Id*. The UCC considers the adequacy of assurance to be based

on commercial reasonableness, as such courts have held that the term adequate assurance was intended to be given a practical pragmatic construction. *Id.* What constitutes adequate assurance of future performance must be determined by consideration of the facts of the proposed assumption. *In re Fleming Companies, Inc.*, 499 F.3d 300, 307 (3d Cir. 2007).

19. Separate from the Cure Amount owed under the Lease, the Debtors have yet to provide evidence of adequate assurance of future performance. The Court should direct the Debtors to provide evidence of adequate assurance of future performance, which should include, but is not limited to, evidence of the creditworthiness of any assignee to make future payments due under the Lease.

20. In the alternative, the Court should deny Debtors' request to assume the Lease. Adequate assurance is a standard determined on a case by case basis, however, to date, the Debtors have failed to provide evidence of adequate assurance of future performance. For this reason, regardless of what constitutes adequate assurance in this case, it is appropriate for the court to direct Debtors to provide evidence of adequate assurance of future performance or deny the Debtors' request to assume the Lease.

**RESERVATION OF RIGHTS**

21. The Landlord hereby reserves its right to file supplementary cure objections and make such other and further objections as may be appropriate, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

**CONCLUSION**

22. For the reasons set forth above, the Landlord objects to any assumption of the Lease without a complete cure of all Outstanding Lease Obligations upon assumption and to any

assignment of the Lease to the Buyer without adequate assurances of future performance in form and substance satisfactory to the Landlord.

23. Accordingly, the Landlord respectfully requests that this Court (i) sustain this Objection; (ii) require the Debtors to pay all amounts accrued or accruing up until the date of the assumption; (iii) condition any proposed assignment of the Lease upon compliance with Section 365(b)(3) of the Bankruptcy Code; (iv) require the Debtors to provide adequate assurance of future performance; and (v) grant the Landlord such further relief as it deems proper.

Dated: November 4, 2024
      Wilmington, Delaware

Respectfully Submitted,

**McCARTER & ENGLISH, LLP**

By: */s/ Shannon D. Humiston*
    Shannon D. Humiston (No. 5740)
    Renaissance Centre
    405 N. King Street, 8th Floor
    Wilmington, Delaware 19801
    Telephone: (302) 984-6313
    Facsimile: (302) 984-2496
    shumiston@mccarter.com

and

Jeffrey T. Testa
100 Mulberry Street
Four Gateway Center
Newark, NJ 07012
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
jtesta@mccarter.com
*Pro hac to be submitted*

*Counsel for Milelli Realty-Lehigh Street, LLC*