IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 4, 2024 at 12:00 p.m. (ET)**<br>**Re: Docket Nos. 511 & 683** |

# OBJECTION AND RESERVATION OF RIGHTS OF WESTERVILLE SQUARE, INC. RELATED TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT

Westerville Square, Inc., as the landlord ("Landlord") of Store No. 1668 located at 60 E Schrock Rd, Westerville, Ohio, 43081 (the "Premises") under that certain lease (the "Lease") dated August 8, 2023 with the Debtors, by and through its undersigned counsel, files this objection (the "Cure Claim Objection") in response to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 511 & 683] (the "Notices")[2] and in support thereof, respectfully states as follows:

## OBJECTION

1. The Debtors filed the Notices, which identified the Lease as an unexpired lease to potentially be assumed and assigned, indicating that the amount necessary to cure any prepetition

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Notices, as applicable.

defaults under the Lease is $14,271 (the "Proposed Cure Amount"). The Landlord does not object to the proposed assumption and assignment of the Lease *per se*. However, the Proposed Cure Amount does not include attorneys' fees expended by the Landlord in connection with the bankruptcy case, as required under the terms and conditions of the Lease.

2. Specifically, section 20(C) of the Lease provides, in relevant part, that "[u]pon any event of default, Tenant shall pay to Landlord, as additional rent, all costs incurred by Landlord (***including court costs and reasonable attorneys' fees and expenses***) in (i) obtaining possession of the [Premises], (ii) removing and storing Tenant's or any other occupant's property, (iii) repairing, restoring, altering, remodeling, or otherwise putting the [Premises] into condition substantially similar to that at the time of Landlord's initial delivery to Tenant, (iv) the costs of reletting all or any part of the [Premises], including brokerage commissions, and (v) performing Tenant's obligations which Tenant failed to perform." (emphasis added). Additionally, section 42 of the Lease provides that "[i]f either party shall employ an attorney to enforce or defend any of its rights or remedies…on account of any failure by either party to perform any covenant herein, or due to any violation or default in the performance of any obligation, term, provision, or condition…the non-prevailing party shall be responsible for the prevailing party's reasonable attorney's fees…which shall be paid on demand."

3. It is well established under Delaware law that attorneys' fees may be recovered as part of a cure claim if they are provided for in the lease agreement, state law allows for recovery under the lease agreement, and the fees are reasonable. *See, e.g.*, *In re Filene's Basement*, 2013 WL 620288, *7 (Bankr. D. Del. 2013) (holding that "a party may recover attorneys' fees if the party is successful in its claim, the fees are reasonable, and the agreement between the parties specifically

allows for such recovery and is permissible under state law") (citing *In re Crown Books Corp.*, 269 B.R. 12, 15-16 (Bankr. D. Del. 2001)).

4. Currently, the Landlord estimates that it has incurred (or will incur) attorneys' fees no less than $15,000 in connection with the Lease.[3] The Landlord reserves all rights to amend or supplement this Cure Claim Objection, to the extent necessary, for any additional amounts incurred in connection with enforcing or defending its rights or remedies under the Lease.

5. Accordingly, to the extent the Debtors seek to assume and assign the Lease, the Debtors are required to pay the sum of no less than $29,271 (the "Corrected Cure Amount") to the Landlord in order to satisfy the Debtors' pre-petition cure obligations under 11 U.S.C. § 365(b).

## RESERVATION OF RIGHTS

6. The Landlord reserves all rights to amend or supplement this objection as well as any additional grounds for objections to the Notices in advance of any hearing.

[*Remainder of Page Left Intentionally Blank*]

---

[3] Supporting documentation of these fees can be provided upon reasonable request.

## **CONCLUSION**

WHEREFORE, the Landlord respectfully requests the Court enter an order (i) requiring the Debtors to pay the Corrected Cure Amount in connection with any assumption and assignment of the Lease; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: November, 4 2024  
      Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*  
Aaron H. Stulman (No. 5807)  
**POTTER ANDERSON & CORROON LLP**  
1313 North Market Street, 6th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 984-6000  
Facsimile: (302) 658-1192  
Email: astulman@potteranderson.com

*Counsel for Westerville Square, Inc.*