## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 511 |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BDPM GROUP, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT

BDPM Group, LLC (hereafter "Landlord") by and through counsel, files this Limited Objection and Reservation of Rights (the "Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "Cure Notice") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, "Debtors") and, in support hereof, respectfully represents as follows:

### BACKGROUND

#### A. Procedural History

1. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

---

[1] The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

17014430/2

2.      On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] (the "Bid Procedures Motion").

3.      On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases.* [Dk. No. 95].

4.      On October 16, 2024, the Debtors filed the Cure Notice which underestimated the amount owed to the Landlord for its lease interest and lists the preliminary estimated cure amount as $9,591.00 (the "Proposed Cure Amount"). The Cure Notice establishes November 4, 2024, as the deadline to object to the Cure Notice.

**B.  Lease History**

5.      The Landlord is the owner of the premises located at 3550 U.S. Hwy 31 South, Pelham, County of Shelby, Alabama (the "Premises"), at which Big Lots Stores, Inc, (the "Debtor") operates store number 1057 pursuant to that certain written lease of nonresidential real property (the "Lease") as the same has been amended from time to time[2].

6.      Pursuant to the Lease, rent is due the first of every month in the amount of $9,591.34. As of the Petition Date, the September rent is overdue (the "Pre-Petition Rent"). Additionally, the Debtor is responsible for payment of a portion of the common area maintenance

---

[2] Due to the voluminous nature of the Lease and its amendments, it is not attached here but, Landlord will provide the Lease upon request.

("CAM") expenses on an annual basis. At present, the unpaid CAM charges incurred through October 31, 2024 amount to $18,343.02 (the "Accrued CAM"). That amount will increase throughout the remainder of 2024.

7.      Additionally, the Debtor is responsible for prompt payment of the real property taxes against the Premise (the "Real Estate Taxes"). The Debtor is also responsible for prompt payment of the property insurance for 2024 ("Property Insurance"). Although neither the Real Estate Taxes nor the Property Insurance is presently due, the Debtor's portion of the 2024 Real Estate Taxes will be $18,220.40. The Debtor's Portion of the Property Insurance for 2024 will be $3,165.14.

8.      Pursuant to the Lease, the Debtor is solely responsible for all public and private utility services rendered or furnished directly to the Premises, including but not limited to water, sewerage, gas, electricity, telephone, and trash. Currently, Landlord does not know the status of any outstanding utilities payments but hereby reserves its rights to seek payment for any outstanding amounts not paid by the Debtor.

9.      Moreover, as of the filing of this Objection, the Debtor failed to pay the rent due under the Lease for September 1, 2024 and November 1, 2024. Thus, the Debtor is in default of its obligations under the Lease in the total amount of $19,182.68 (the "Unpaid 2024 Rent"). The Unpaid 2024 Rent owed, in conjunction with the Real Estate Taxes, Property Insurance, and accrued and accruing CAM is significantly greater than the Proposed Cure Amount contemplated in the Debtors Cure Notice.

10.     The Unpaid 2024 Rent, Accrued CAM, 2024 Real Estate Taxes, and Property Insurance total $58,911.24 and is broken down in the table below:

| Description | Amount Due |
|---|---|
| Unpaid 2024 Rent | $19,182.68 |
| Accrued CAM as of 10/31/24 | $18,343.02 |
| 2024 Real Estate Taxes | $18,220.40 |
| Property Insurance | $3,165.14 |

## **LIMITED OBJECTION**

11.     Landlord is not opposed to the assumption and assignment of the Lease for the Premises. However, to assume and assign the Lease, Debtor (or its proposed assignee) is required to pay the Unpaid 2024 Rent and to assume the Lease and all accruing obligations in their entirety.

12.     The Court should enter an order conditioning any assumption of the Lease on payment in full of all Unpaid 2024 Rent, and any other amounts that come due under the terms of the Lease prior to the time the Lease is assumed (the "Outstanding Lease Obligations"), as well as confirming that the Debtor or its proposed assignee will perform all obligations under the Lease as and when they come due even if they relate to the period of time prior to the assumption/assignment of the Lease.

## **ARGUMENT**

13.     Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such
contract or lease.

11 U.S.C. § 365(b)(1). Simply put, the Debtors must cure all defaults of the Lease and provide

adequate assurance of future performance before it may be assumed. *See In re Thane Int'l, Inc.*,

586 B.R. 540, 546 (Bankr. D. Del. 2018).

14.    Here, the Landlord objects to the Debtors' Proposed Cure Amount because it fails

to accurately reflect all of the Outstanding Lease Obligations. The Debtors have used, and continue

to use, the Premises to generate business since the Petition Date but have not paid all Outstanding

Lease Obligations.

15.    The Landlord objects to the assumption of the Lease absent payment of all amounts

owed thereunder.

<u>**RESERVATION OF RIGHTS**</u>

16.    Landlord hereby reserves its rights to object to adequate assurance of future

performance per 11 U.S.C. § 365(b)(1)(C) and to amend or supplement this Objection in the future

as it deems appropriate based on the foregoing items or otherwise when the Lease is identified as

a lease to be actually assumed or assumed and assigned. Nothing contained herein should be

construed as a waiver of any right to object to the Debtors' treatment of or performance under the

Lease between the Debtors and Landlord. Additionally, Landlord reserves its right to seek a §

503(b)(1) administrative claim for the stub-rent owed for the period of September 10, 2024, –

September 30, 2024.

17014430/2

## **CONCLUSION**

17.    WHEREFORE, Landlord respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing up until the date of assumption; (iii) requiring the Debtors to provide adequate assurance of future performance; (iv) establishing the cure amount of $58,911.24 is or will be owed to Landlord under the Lease pursuant to section 365(b)(1)(A) of the Bankruptcy Code; and (v) grant the Landlord such further relief as it deems proper.

Dated: November 4, 2024

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Carl N. Kunz, III (DE Bar No. 3201)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail:  ckunz@morrisjames.com
        cdonnelly@morrisjames.com

*Counsel to BDPM Group, LLC*

17014430/2