**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS)<br>(Jointly Administered) |
| Debtors. | Re: Docket Nos. 511, 683 |

**CORTA STEVENS POINT, LLC'S LIMITED OBJECTION TO ASSUMPTION AND ASSIGNMENT OF LEASE AND NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

CORTA Stevens Point, LLC ("**Landlord**"), by its undersigned counsel, files this limited objection (the "**Objection**") to the proposed assumption and assignment as provided in the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts [Doc 511] (the "**Cure Notice**") filed by the debtors and debtors in possession in the above captioned case (each a "**Debtor**," collectively the "**Debtors**"). In support of the Objection, Landlord states as follows:

1. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

2. On January 18, 2022, Landlord and Big Lots Stores-PNS, LLC ("**Tenant**") entered into a lease agreement (the "**Lease**"), attached hereto as **Exhibit A**, as amended by the April 10, 2023, First Lease Modification Agreement. The Lease is an unexpired lease of non-residential real property under § 365 of the Bankruptcy Code.

3. On August 12, 2024, Landlord sent Tenant a Default Notice for failure to pay August rent, attached hereto as **Exhibit B**.

4. On September 10, 2024, Landlord sent Tenant a second Default Notice for failure to pay September rent, attached hereto as **Exhibit C**.

5. On September 11, 2024, the Court entered the Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases and (III) Granting Related Relief [Doc 137].

6. On October 9, 2024, the Court entered the Second Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief [Doc 460].

7. On October 16, 2024, the Debtors filed the Cure Notice in which they listed various leases, including but not limited to the Lease, and proposed cure amounts for each lease.

8. In connection with the Lease, the Debtors asserted a proposed cure amount of $35,988.

9. As of the Petition Date, the Debtors were in arrears in the amount of $38,252.04, as shown in Landlord's proof of claim filed in this case [Claim 542] ("**POC**"), attached hereto as **Exhibit D**.

10. Debtors' rent obligation for September was $23,291.75 ("**September Rent**"). The prorated post-petition amount of the September Rent is $16,304.23 ("**Post-Petition September**

Rent"). The POC includes the entire September Rent amount as it came due prior to the Petition Date.

11. The lease provides that Tenant is to pay the monthly rent in advance on the first of each and every month. Lease § 5(B). The October rent became due and owing on October 1, 2024.

12. The October rent totals $23,291.75 ("**October Rent**"), including $20,000 in Minimum Base Rent, $964.25 in Insurance, and $2,327.50 in Common Area Maintenance, as provided for under the Lease.

13. An additional $23,291.75 ("**November Rent**," together with the Post-Petition September Rent, and the October Rent, the "**Post-Petition Rent**") became due on November 1, 2024.

14. Landlord is filing CORTA Stevens Point, LLC's Motion to Compel Immediate Payment of Post-Petition Rent ("**Motion to Compel**") contemporaneously herewith. The Motion to Compel requests immediate payment of the Post-Petition Rent.

15. The Debtors are currently in default in an amount that is the total of Landlord's claim for pre-petition arrearages and the Post-Petition Rent. Thus, if the Debtors continue to fail to pay the Post-Petition Rent, the correct cure amount for the assumption of the Lease must be $84,835.54, plus costs and attorneys' fees in an amount to be determined, in accordance with section 40 of the Lease.

16. The Bankruptcy Code requires debtors to cure all defaults under an unexpired lease as of the date of assumption. Section 365(b)(1) of the Bankruptcy Code provides, in part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;

3

11 U.S.C. § 365(b)(1).

17. The Debtors are also required to cure all nonmonetary and/or unliquidated obligations under the Lease including, without limitation, indemnification obligations. *See* 11 U.S.C. § 365(b)(2); *In re Akron Thermal, L.P.*, No. 07-51884, 2008 WL 1886171, *17 (Bankr. N.D.Ohio Apr. 25, 2008; *In re Fleming Cos., Inc.*, No. 03-10945, 2004 WL 385517, *5 (Bankr. D.Del. Feb. 27, 2004). For example, the Debtors are obligated to indemnify Landlord against any injury, and loss or damage which may occur to any person as a result of any of the Debtors' work or installations made in the leased premises. Lease § 1(B)(1). The Debtors and any buyer are therefore required to provide adequate assurance that such unliquidated obligations (the "**Unliquidated Obligations**") will be promptly cured even if they are not discovered and/or liquidated until after the sale closes.

18. Landlord thus objects to entry of an order approving a sale of the Lease that does not (a) require that the full amount of the cure cost under the Lease be paid at or prior to assumption and assignment and (b) provide that any and all Unliquidated Obligations shall survive the assumption and assignment, and that any assignee shall take the Lease subject to all of its respective terms and undertake to satisfy all monetary and non-monetary obligations under the Lease, regardless of whether such obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Lease.

WHEREFORE, CORTA Stevens Point, LLC respectfully request that the Court enter an order conditioning the Debtors' request for assumption of the Lease upon (i) payment of the correct cure cost, on or before closing, (ii) survival of any Unliquidated Obligations after the assumption and assignment, (iii) the Debtors' providing of adequate assurance of future performance under the

Lease by any proposed assignee thereof; and (iv) granting such other and further relief as is just and appropriate in the circumstances.

Dated: November 4, 2024

CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
kmann@crosslaw.com

- and –

Michael P. Richman, Esq.
RICHMAN & RICHMAN LLC
122 W. Washington Avenue, Suite 850
Madison, WI 53703
(608) 630-8990
mrichman@randr.law

*Counsel to CORTA Stevens Point, LLC*

5