IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Big Lots, Inc., *et al.*[1] | ) ) ) | Case No. 24-11967 (JKS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) |
|  |  | **Related to Docket No. 870** |

### MOTION OF BLUE OWL REAL ESTATE CAPITAL LLC TO SHORTEN NOTICE OF ITS EMERGENCY MOTION TO EXTEND CHALLENGE PERIOD

Blue Owl Real Estate Capital LLC ("**Blue Owl**"),[2] the above captioned debtors' (the "**Debtors**") largest unsecured creditor and member of the Official Committee of Unsecured Creditors (the "**Committee**"), hereby files this Motion to Shorten Notice (the "**Motion to Shorten**") of Blue Owl's Emergency Motion to Extend Challenge Period and Remove Blanket "Professional Eyes Only" Designation From Productions or, in the Alternative, Appoint an Examiner (the "**Challenge Extension Motion**"), filed contemporaneously herewith, and respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases (the "**Debtors**"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

[2] The affiliates of Blue Owl Real Estate Capital, LLC involved in these Chapter 11 Cases are as follows: BIG AVCA Owner LLC, BIG BCLA Owner LLC, BIG CSCO Owner LLC, BIG FBTX Owner LLC, BIG FRCA Owner LLC, BIG LACA Owner LLC, BIG LCNM Owner LLC, BIG LOCA Owner LLC, BIG SATX Owner LLC, BIG TAMI Owner LLC, BIG VICA Owner LLC, BIG YVCA Owner LLC, BIGCOOH002 LLC, BIGMOAL001 LLC, BIGDUOK001 LLC, and BIGTRPA001 LLC.

11199705.v2

**Relief Requested**

1. By this Motion to Shorten, and pursuant to sections 102 and 105 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and 9006-1(e) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), Blue Owl seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "***Proposed Order***"), shortening notice of the Challenge Extension Motion filed by Blue Owl [Docket No. 870]. Blue Owl requests that the Court hear the Challenge Extension Motion **on or before noon Easter Time on November 7, 2024**, with any objections due prior to the time of the hearing on the Challenge Extension Motion.

**Jurisdiction, Venue, and Authority**

2. The United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, Blue Owl confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Bankruptcy Court in connection with this Motion to Shorten to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 9006 and Local Rule 9006-1(e).

### **Background**

6. On September 9, 2024 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***")

7. These Chapter 11 Cases are jointly administered for procedural purposes only [Docket No. 95]). The Debtors continue to operate their businesses as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

8. On September 23, 2024, Joseph J. McMahon, Assistant United States Trustee for the District of Delaware, appointed the members of the Committee in these Chapter 11 Cases, including Blue Owl. Shortly thereafter, the Committee selected McDermott Will & Emery LLP ("***McDermott***") to serve as its counsel and FTI Consulting, Inc. ("***FTI***") to serve as its financial advisor.

9. On October 22, 2024, the Court entered the *Final Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* [Docket No. 584] (the "***Final DIP Order***").

10. On October 30, 2024, the Debtors conducted an auction for the sale of Debtors' assets and filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* [Docket No. 661]. A hearing to approve the sale is set for November 12, 2024 at 1:30 p.m.

11. Pursuant to paragraph 42 of the Final DIP Order, any "Challenge" as defined in the Final DIP Order must be commenced prior to November 7, 2024 at 12:00 p.m. (the "**Challenge Deadline**"). An extension of the Challenge Deadline can occur via consent or for good cause shown. Despite attempts to obtain a consensual extension of the Challenge Deadline, no such consent has been forthcoming -- thereby necessitating the filing of the Challenge Extension Motion and the Motion to Shorten.

### Basis for Relief

12. Expediting a hearing on the Challenge Extension Motion is necessary because without granting the relief requested in the Challenge Extension Motion, the Challenge Deadline will expire before sufficient information is obtained to allow for any thorough investigation to be completed.

13. As more fully set forth in the Challenge Extension Motion (which is fully incorporated herein by reference), good cause exists to (a) extend the Challenge Deadline by two weeks until November 21, 2024 at 12:00 pm (ET), and (b) remove the "Professional Eyes Only" designation to documents produced to the Committee.

14. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).

15. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

16. Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Fourteen (14) days' notice is typically required for a motion such as the Challenge Extension Motion, unless the Court for cause shown shortens the time of giving notice. Fed. R. Bankr. P. 2002(a)(4); Del. Bankr. L.R. 9006-1(c)(i).

17. Blue Owl respectfully submits that good cause exists to shorten notice of the Challenge Extension Motion because the extending the Challenge Period by two weeks is not prejudicial to the Debtors, the Prepetition Secured Parties, or any other party in interest. In fact, granting the extension is a benefit to the Debtors' estates as an investigation with adequate information may occur. Blue Owl respectfully submits that good cause exists to warrant expedited consideration of the Challenge Extension Motion, and that a prompt hearing is in the best interests of the Debtors, their estates, and their creditors.

**Averment Pursuant to Local Rule 9006-1(e)**

18. Pursuant to Local Rule 9006-1(e), Blue Owl hereby states that it has communicated with the Debtors' counsel, counsel for the Committee, and counsel for the Prepetition Secured Creditors prior to filing the Challenge Extension Motion and this Motion to Shorten regarding the

respective relief sought therein. Unfortunately, Blue Owl did not receive a response from the parties prior to the filing of the Challenge Extension Motion and this Motion to Shorten.

### Notice

19. Notice of this Motion to Shorten will be provided to the following parties: (a) counsel to the Debtors; (b) counsel to the U.S. Trustee; (c) counsel to the Committee; (d) counsel to the Prepetition Secured Creditors and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Based on the circumstances surrounding this Motion to Shorten and the nature of the relief requested herein, Blue Owl respectfully submits that no other or further notice is required.

WHEREFORE, Blue Owl respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank.*]

11199705.v2

| | |
|---|---|
| Dated: November 4, 2024<br>Wilmington, Delaware | */s/ Domenic E. Pacitti* |

Domenic E. Pacitti (Delaware Bar No. 3989)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: 302-552-5511 |
Facsimile: 302-426-9193
Email: dpacitti@klehr.com

-and-

Benjamin Finestone (admitted *pro hac vice*)
Victor Noskov (*pro hac vice* pending)
Zachary Russell (*pro hac vice* pending)
Joanna D. Caytas (*pro hac vice* pending)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: benjaminfinestone@quinnemanuel.com
      victornoskov@quinnemanuel.com
      zacharyrussell@quinnemanuel.com
      joannacaytas@quinnemanuel.com

*Counsel for Blue Owl Real Estate Capital LLC*