IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWAR

| | |
|---|---|
| In re: § | |
| § | Chapter 11 |
| BIG LOTS., *et al.*, § | |
| § | Case No. 24-11967 (JKS) |
| Debtors. § | |
| § | (Jointly Administered) |

**LIMITED OBJECTION OF AND RESERVATION OF RIGHTS OF DML WESTCHASE PLAZA LP REGARDING THE DEBTORS' NOTICE OF FILING OF CURE SCHEDULE IN CONNECTION WITH PROPOSED SALE**

DML Westchase Plaza LP ("DML" or the "Landlord"), a creditor and contract counterparty in the above-captioned cases, by and through its undersigned counsel, submits this limited objection and reservation of rights ("Limited Objection") regarding the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases* [Dkt. No. 511] (the "Assumption Notice"). In support of this Limited Objection, Disrespectfully states as follows:

**Background**

1. DML and Big Lot Stores, Inc., are parties to that certain lease agreement originally dated June 27, 2005, as may have been subsequently amended and/or modified for the premises located at 9795 Westheimer Road, Houston, Texas (the "Lease"), commonly referred to by the Debtor as Store 1986.

**Limited Objection and Reservation of Rights**

2. Assumption of the Lease requires compliance with all contract terms, and amounts determined to be owed under such assumed contracts are not discharged. *See In re Nat'l Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000).

3. Where there has been a default in an executory contract, a debtor may not assume the contract unless, at the time of assumption of such contract, the debtor:

(A) cures, or provides adequate assurance that the debtor will promptly cure, such

{00040076. }

    default;

    (B) compensates, or provides adequate assurance that the debtor will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract.

*See* 11 U.S.C. § 365(b)(1).

4. Put simply, "[i]f [a] debtor has defaulted under the contract . . . the debtor may not assume the contract unless the debtor, *inter alia,* cures the default or provides adequate assurance that it will do so." *Quantum Diversified Holdings, Inc. v. Wienheimer (In re Escarent Entities, L.P.)*, 423 F. App'x 462, 465 (5th Cir. 2011).

5. "Where the debtor assumes an executory contract, it must assume the entire contract, *cum onere*—the debtor accepts both the obligations and the benefits of the executory contract." *In re Nat'l Gypsum Co.*, 208 F.3d at 506 (citing *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984)).

6. As of the Petition Date, the Debtor was in monetary default under the Lease in the amount of $20,827.05 (the "Pre-Petition Default"). The Assumption Notice correctly identified the amount of the Pre-Petition Default as of the Petition Date. Pursuant to the terms of the Lease and the parties' historical practice, the Debtor is billed in arrears for certain ad valorem property taxes owed pursuant to the Lease. On or about October 22, 2024, the Landlord invoiced the Debtor for its pro-rata share of the 2023 ad valorem property taxes owed in the amount of $165,765.59, with such amounts being due and payable within 30 days of the Debtor's receipt of such invoice (the "2023 Property Taxes"). Any successful bidder for the Lease must account for and pay the 2023 Property Taxes consistent with the terms of the Lease.

## **RESERVATION OF RIGHTS**

7. DML does not waive any of its rights under the Lease or applicable law. DML expressly

reserves all rights to amend, modify, or supplement this Limited Objection, and to object to adequate assurance of future performance by a Successful Bidder if and as necessary at the appropriate time consistent with any final sales order. The Landlord further reserves its rights to (a) amend this Objection for purposes of asserting any additional amounts which may be owed (whether pre-petition or administrative claims), including, without limitation, any rent based on percentage of sales, (b) assert any claims (including, without limitation, administrative claims) for damages to the leased premises.

WHEREFORE, DML Westchase Plaza LP respectfully requests that this Court enter an Order sustaining this Objection or granting relief consistent with this Objection and granting the Landlord such other and further relief as it deems just and proper.

| | |
|---|---|
| Dated: November 4, 2024<br>Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br><br>*/s/ Frederick B. Rosner*<br>Frederick B. Rosner (DE 3995)<br>824 N. Market Street, Suite 810<br>Wilmington, Delaware 19801<br>Tel: (302) 777-1111<br>Email: rosner@teamrosner.com<br><br>and<br><br>T. Josh Judd, Esq. (*Pro Hac Vice Pending*)<br>ANDREWS MYERS P.C.<br>SBN: 24036866<br>1885 Saint James Place, 15th Floor<br>Houston, TX 77056<br>Tel: 713-850-4200<br>Fax: 713-850-4211<br>jjudd@andrewsmyers.com<br><br>*Counsel for DML Westchase Plaza LP* |