### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date:** TBD<br>**Objection Deadline:** TBD |

### CORTA STEVENS POINT, LLC'S MOTION TO COMPEL
### IMMEDIATE PAYMENT OF POST-PETITION RENT

CORTA Stevens Point, LLC ("**Landlord**"), by its undersigned counsel, files this motion (the "**Motion**") to compel the debtors and debtors in possession in the above captioned case (each a "**Debtor**," collectively the "**Debtors**") to immediately pay post-petition rent arising from an unexpired lease of nonresidential real property. In support of the Motion, Landlord states as follows:

1. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On January 18, 2023, Landlord and Big Lots Stores-PNS, LLC ("**Tenant**") entered into a lease agreement (the "**Lease**"), attached hereto as **Exhibit A**, as amended by the April 10,

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

2023, First Lease Modification Agreement. The Lease is an unexpired lease of non-residential real property under § 365 of the Bankruptcy Code.

3. On August 12, 2024, Landlord sent Tenant a Default Notice for failure to pay August rent, attached hereto as **Exhibit B**.

4. On September 10, 2024, Landlord sent Tenant a second Default Notice for failure to pay September rent, attached hereto as **Exhibit C**.

5. On October 16, 2024, the Debtors filed the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts [Doc 511] in which they listed various leases, including but not limited to the Lease.

6. Debtors' rent obligation for September totals $23,291.75 ("**September Rent**"). The prorated post-petition amount of the September Rent is $16,304.23 ("**Post-Petition September Rent**")

7. The lease provides that Tenant is to pay the monthly rent in advance on the first of each and every month. Lease § 5(B). The October rent became due and owing on October 1, 2024.

8. The October rent totals $23,291.75 ("**October Rent**"), including $20,000 in Minimum Base Rent, $964.25 in Insurance, and $2,327.50 in Common Area Maintenance, as provided for under the Lease.

9. An additional $23,291.75 ("**November Rent**," together with the Post-Petition September Rent and October Rent the "**Post-Petition Rent**") became due on November 1, 2024.

10. The Debtors currently are required to pay Landlord Post-Petition Rent of $62,887.13.

11. The Lease further provides that:

> In the event either Landlord or Tenant is required to enforce the provisions of this Lease, then the prevailing party shall be entitled to court costs and reasonable

attorney's fees from the non-prevailing party. This provision applies to court costs and attorney's fees incurred in any trial and/or appellate courts, and which costs and fees shall be paid upon demand therefor.

Lease § 40

12. Landlord is filing CORTA Stevens Point, LLC's Limited Objection to Assumption and Assignment of Lease and Notice of Potential Assumption and Assignment of Executory Contract or Unexpired Leases and Cure Amounts ("**Objection to Assumption**") contemporaneously herewith. The Objection to Assumption demonstrates, among other things, that the Post-Petition Rent should be included in the proposed cure amount for Debtors' assumption of the Lease.

## RELIEF REQUESTED

13. Landlord requests an order compelling Debtors to immediately pay the Post-Petition Rent as an administrative expense.

14. Landlord further requests payment of reasonable legal fees for the enforcement of the Lease under § 40 of the Lease in amount to be determined.

## BASIS FOR RELIEF REQUESTED

15. Bankruptcy Code § 365(d)(3) requires a debtor-lessee of an unexpired lease of nonresidential real property to "…timely perform all of the obligations of the debtor …arising from and after the order for relief…" Bankruptcy Code § 365(d)(3) protects landlords by requiring debtor-tenants to timely perform their lease obligations. *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3rd Cir. 2001). *Montgomery Ward* further states that "an obligation arises under a lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under that lease." *Id*. at 211.

3

16. Bankruptcy Code §§ 503 (a) and (b) provides a separate right to request payment of an administrative expense for the "… actual, necessary costs and expenses of preserving the estate…" Accordingly, a landlord is entitled to payment of an administrative expense for a debtor/tenant's post-petition use and occupancy of a leased property. *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 817 (3d Cir. 2010), *cert denied*, 562 U.S. 1064.

17. From the Petition Date through the date of this filing, the Debtors had the use and benefit of the leased premises (and will continue to have the use and benefit of the store through at least the proposed assignment of the lease). Therefore, the Landlord is entitled to immediate payment of the Post-Petition Rent.

18. Section 40 of the Lease provides for the payment of legal fees requested herein. Such provisions are routinely enforced in both Wisconsin and Delaware. *See e.g., Vander Wielen v. Van Asten*, 2005 WI App 220, ¶33, 287 Wis. 2d 726, 706 N.W.2d 123 (enforcing the attorney fees provision in a commercial lease); *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 281 (Del. 2022).

WHEREFORE, CORTA Stevens Point, LLC respectfully request that the Court enter an order (1) ordering the Debtors to immediately pay the Post-Petition Rent owed to Landlord, (2) ordering Debtors to pay the court costs and reasonable attorney's fees incurred by Landlord in enforcing the provisions of the Lease to Landlord, and (3) granting such other and further relief as is just and appropriate in the circumstances.

| | |
|---|---|
| Dated: November 4, 2024 | CROSS & SIMON, LLC |

 */s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
kmann@crosslaw.com

- and –


Michael P. Richman, Esq.
RICHMAN & RICHMAN LLC
122 W. Washington Avenue, Suite 850
Madison, WI 53703
(608) 630-8990
mrichman@randr.law

*Counsel to CORTA Stevens Point, LLC*