# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BIG LOTS, INC.. *et al.*,[1]<br>　　　　　　Debtors. | Chapter 11<br>Case No. 24-11967(JKS)<br>(Jointly Administered)<br>**Objection Deadline: November 4, 2024**<br>Related to Docket Nos. 511 |

## OBJECTION OF ALBERTSONS AND SAFEWAY TO POTENTIAL ASSUMPTION OF UNEXPIRED LEASES, CURE AMOUNTS, AND ADEQUATE ASSURANCE

Albertson's LLC ("Albertsons") and Safeway Inc. ("Safeway", and together with Albertsons, "Landlords") hereby submit this objection and reservation of rights to the *Notice of Potential Assumption of Executory Contracts or Unexpired Leases and Cure Amounts* filed on October 16, 2024 [D.I. 511] (the "Notice"), and in support hereof state as follows:

### BACKGROUND

1.　On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2.　Albertsons, as landlord, and Debtor Big Lots Stores-PNS, LLC, as tenant, are parties to that certain lease dated July 21, 1997 (together will all exhibits and attachments thereto, as amended and assigned from time to time, the "Arlington Lease") for the non-residential real property located at 2100 Cooper, Arlington, Texas (the "Arlington Property").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

3. Safeway, as landlord, and Debtor Big Lots Stores, LLC, as tenant, are parties to that certain lease dated June 18, 2012 (together will all exhibits and attachments thereto, as amended and assigned from time to time, the "Chester Lease," and together with the Arlington Lease, the "Leases") for the non-residential real property located at 24 Kent Town Market, Chester, Maryland (the "Chester Property," and together with the Arlington Property, the "Properties").

4. The Notice identifies the Arlington Lease as an unexpired lease that may be assumed and assigned with a purported cure amount of $12,870.

5. The Notice identifies the Chester Lease as an unexpired lease that may be assumed and assigned with a purported cure amount of $23,596.

## **OBJECTION**

6. Landlords are not opposed to Debtors' efforts to assume and assign their interests in the Leases. But as part of any proposed assumption and assignment, Debtors must ensure that Landlords receive proper treatment under the provisions of the Bankruptcy Code, including cure or adequate assurance of the prompt cure of defaults under the Leases, and adequate assurance of future performance under the Leases.

7. In order to assume and assign the Leases, Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Leases, including, without limitation, any and all defaults with respect to (i) insurance, (ii) common area maintenance charges, (iii) real estate taxes, (iv) utilities (including electricity, gas, oil, water, telephone, sanitary sewer services and all other and utilities), (v) attorneys' fees and costs, (vi) repair, maintenance, and replacement obligations with respect to the Properties (including building and any building systems/components), (vii) satisfaction of any liens, (viii) defense and indemnity obligations with respect to any third party claims, and (ix) compliance with other provisions of

the Leases (such as any use restrictions) and laws, owing under the Lease that remain undetermined as of the date of the proposed assumption (the "<u>Unliquidated Obligations</u>"). Thus, for example, Debtors are not entitled to assume or assign the Lease by merely curing arrearages in rent. Instead, Debtors must cure, or provide adequate assurance of promptly curing, all liquidated cure amounts and other Unliquidated Obligations under the Leases, including, without limitation, their current and future obligations to maintain the Properties and make repairs and replacements, as a condition to the assumption and assignment of the Leases. *See* 11 U.S.C. § 365(b)(1).

8. Any assumption or assignment of the Leases must be done, if at all, subject to all of its benefits and burdens. Section 365 of the Bankruptcy Code provides only for the assumption or assignment of an executory contract or unexpired lease in its entirety, and debtors may not assume only the favorable parts of a contract or lease and reject parts that they deem unfavorable. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not "cherry-pick" the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere,* or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 97 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is "selling" a lease or executory contract, rather than assuming and assigning it.").

9. Landlords object to Debtors' proposed cure amounts, and further object to the extent the Debtors seek authorization for the sale or assignment of the Leases free and clear of any liquidated cure amounts or Unliquidated Obligations under the Leases, including without limitation any obligations to satisfy unbilled taxes or other charges, reconciliations, or adjustments. Any order approving the assumption and assignment of the Leases should make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all Unliquidated Obligations under the Leases shall survive, and that any assignee shall take the Leases subject to all of its terms and undertake to satisfy all monetary and other non-monetary obligations under the Leases, regardless of whether such Unliquidated Obligations could be argued to have existed, occurred, arose, accrued or related prior to the assumption and assignment of the Leases.

10. A statement of liquidated cure amounts known by Albertsons, with respect to the Arlington Lease, is attached hereto as **Exhibit A**. Based on currently available information, at least $25,740.20 must be paid to Albertsons to cure these and other defaults under the Arlington Lease.

11. A statement of liquidated cure amounts known by Safeway, with respect to the Chester Lease, is attached hereto as **Exhibit A**. Based on currently available information, at least $47,192.26 must be paid to Safeway to cure these and other defaults under the Chester Lease.

12. The cure amounts identified in Exhibit A do not include any Unliquidated Obligations or other cure amounts that may become due and owing after the date hereof and prior to the time the Leases are actually assumed and assigned, or any amounts that are currently unknown or undetermined by Landlords. Landlords reserve the right to amend or supplement any statement of cure amount as necessary or appropriate under the circumstances, including without limitation to account for property inspections, reconciliations or adjustments which have not yet been billed or have not yet become due under the terms of the Leases, amounts that become due

and owing after the date hereof and prior to the time the Leases are actually assumed and assigned, or amounts that Landlords becomes aware of after the date hereof.

### OBJECTION REGARDING ADEQUATE ASSURANCE INFORMATION

13.     Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code require that adequate assurance of future performance be provided in connection with the assumption or assignment of an unexpired lease.  Debtors and any proposed assignee have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Leases.   *See In re Res. Tech. Corp.*, 624 F.3d 376, 385 (7th Cir. 2010); *In re C.W. Mining Co.*, Adv No. 09-2248, 2010 WL 458914, at *9 (Bankr. D. Utah Feb. 10, 2010); *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B. R. 797, 802 - 03 (Bankr. W.D. Tenn. 1990).

14.     Landlords have not yet received any adequate assurance information, and expressly reserve their right to amend this objection as necessary or appropriate to the extent that such information is provided.

### RESERVATION OF RIGHTS

15.     Landlords expressly reserve all of their rights under their respective Lease with respect to any and all obligations of Debtors and/or any proposed assignee as tenant, including without limitation Landlords' rights to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Properties, unsatisfied liens on the Properties created by Debtors and/or the proposed assignee and/or insurance premiums, and charges to compensate for non-monetary defaults, including without limitation all maintenance, indemnification and environmental obligations of Debtors and/or any proposed assignee.  Landlords further reserve all rights to raise further objections, as

necessary or appropriate under the circumstances, relating to any motion or request to assume or assign the Leases.

**WHEREFORE**, Landlords hereby request that any final order approving any assumption or assignment of the Leases incorporate the objections and other relief requested herein, and that they be granted such other or further relief as is just and appropriate under the circumstances.

| | |
|---|---|
| Dated: November 4, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>BUCHANAN INGERSOLL & ROONEY PC<br><br><br>*/s/Geoffrey G. Grivner*<br>Geoffrey G. Grivner (#4711)<br>500 Delaware Avenue, Suite 720<br>Wilmington, DE 19801-7407<br>Telephone: (302) 552-4200<br>Facsimile: (302) 552-4295<br>Email: geoffrey.grivner@bipc.com<br><br>*Counsel for Albertson's LLC and Safeway Inc.* |

## **CERTIFICATE OF SERVICE**

I, Geoffrey G. Grivner, hereby certify that, on this 4th day of November 2024, I caused a true and correct copy of the foregoing *Objection of Albertsons and Safeway to Potential Assumption of Unexpired Leases, Cure Amounts, and Adequate Assurance* to be served *via* CM/ECF on all parties who have registered for electronic service in these cases.

Dated: November 4, 2024
Wilmington, Delaware

                                                  */s/Geoffrey G. Grivner*

## EXHIBIT A

### ARLINGTON LEASE

| Description | Amount |
|---|---|
| September Rent | $ 12,870.20 |
| November Rent | $ 12,870.20 |
| Cure Total: | $ 25,740.40 |

### CHESTER LEASE

| Description | Amount |
|---|---|
| September Rent | $ 18,125.00 |
| September CAM | $ 5,471.13 |
| November Rent | $ 18,125.00 |
| November CAM | $ 5,471.13 |
| | $ 47,192.26 |