**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 18, 511, 612, 683, 863 |

**AMENDED OBJECTION OF LOOP 288 PROPERTIES, LLC TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Loop 288 Properties, LLC ("Loop"), as successor in interest to BIG DETX Owner LLC, by and through its undersigned attorneys, hereby submits this objection ("Cure Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683] (the "Assumption Notice") filed by the above-captioned debtors (the "Debtors") in these chapter 11 cases. In support of the Cure Objection, Loop respectfully submits as follows:

**RELEVANT BACKGROUND**

1. Loop is the owner of the real property located at 2249 S. Loop 288, Denton, Texas 76205 (the "Property").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2. The Debtors utilize the Property as Big Lots Store #4096 pursuant to the Lease Agreement by and between BIG DETX Owner LLC and BLBO Tenant, LLC, dated August 25, 2023 (the "Lease").

3. Loop purchased the Property from BIG DETX Owner LLC in June 2024. BIG DETX Owner LLC assigned the Lease to Loop as part of the sale.

4. Since the time of the sale, Loop has not received any rent payments from the Debtors for September through November 2024.

5. On September 9, 2024 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "Sale Motion").

7. On October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [D.I. 612] (the "Bidding Procedures Order").

8. On October 31, 2024, and pursuant to the Bidding Procedures Order, the Debtors filed and served upon Loop the Assumption Notice regarding a possible assumption and assignment of the Lease and proposed $58,355.97 as the cure amount in connection therewith (the "Proposed Cure Amount"). [2]

9. As of the date hereof, the Debtors owe Loop an amount no less than $57,837.30 in unpaid rent, in addition to an estimated $56,708.20 due for unpaid real estate taxes, and unliquidated amounts, including amounts due for attorneys' fees and court costs (the "Actual Cure Amount").

10. Section 365(b) of the Bankruptcy Code provides in relevant part that the Debtors "may not assume such contract or lease unless, at the time of assumption of such contract or lease [the Debtors] (A) cures or provides adequate assurance that the trustee will promptly cure such default; (B) compensates, or provide adequate assurance that the [debtors] will promptly compensation, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default." 11 U.S.C. § 365(b).

11. The cure amount under section 365(b) of the Bankruptcy Code must include all prepetition and postpetition amounts due under the assumed contract. *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) ("Landlords were seeking to collect sums due them under their Leases . . . those actions are compensable under both the terms of the Leases and the Bankruptcy Code.").

12. As of the date hereof, the Debtors are in default under the Lease in the sum of no less than $114,545.50 plus unliquidated amounts.

---

[2] On October 16, 2024, the Debtors filed a Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount [D.I. 511] that also identified the Lease with a cure amount that was $0.03 higher.

**RESERVATION OF RIGHTS**

13.     Loop reserves all rights to amend or supplement this Objection and any present or future defaults associated with the assumption and/or assignment of the Agreement.  Furthermore, Loop requests that any order that is entered approving assumption and/or assignment of the Agreement provides that the Debtors promptly cure any and all defaults that are present on the effective date of assumption and/or assignment, and pay all amounts associated with services performed up to and on the effective date of assumption and/or assignment.

14.     Nothing contained in this Objection is intended to be, or should be construed as, a waiver by Loop of any of its rights under any contract(s) to which it is a party, the Bankruptcy Code, or applicable law.  Loop expressly reserves all rights, including, without limitation, the right to (a) supplement and/or amend this Objection and assert any additional objections with respect to the Proposed Cure Amount, including the ability of any third party to satisfy the cure amount or provide adequate assurance of future performance as required by the Bankruptcy Code; (b) supplement or amend this Objection and to assert any additional objections with respect to any specific contract(s) to which Loop is a party and which the Debtors seek to assume or assume and assign; (c) assert any nonmonetary defaults under any contract to which Loop is a party; (d) file a request for payment of any amounts due under any agreements including the Lease as an administrative expense under 11 U.S.C. § 503, (e) assert any rights for indemnification or contribution against the Debtor's estate arising under any contract(s) to which Loop is a party; and (f) assert any further objections as it deems necessary or appropriate.

WHEREFORE, Loop respectfully requests (a) that in the event that the Court approves a sale of the Debtor's assets, the Court enter an Order establishing that the cure amount for the Lease be increased to at least $114,545.50 and (b) such other and further relief as the Court deems appropriate.

Dated: November 4, 2024

**BAYARD, P.A.**
By:  */s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com

and

**THE VIDA LAW FIRM, PLLC**
Behrooz P. Vida (*pro hac vice* application forthcoming)
3000 Central Drive
Bedford, TX 76021
Email: behrooz@vidalawfirm.com

*Counsel for Loop 288 Properties, LLC*