**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC, *et al.,* | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 511 & 683** |

**SIEGEN VILLAGE SHOPPPING CENTER, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT [DOC. 511] AND NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT [DOC. 683]**

Siegen Village Shopping Center, LLC ("Landlord"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 511] and *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 683] (collectively, the "Notice"). In support of its Limited Objection, the Landlord respectfully sets forth as follows:

1.  On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

2. Landlord, successor in interest to GC Siegen, LLC, and one of the Debtors, Big Lots Stores, Inc. ("Tenant"), are parties to that certain lease (the "Lease") with a commencement date of January 21, 2003 (which Lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Lease"), related to real property located at 6900 Siegen Lane, Baton Rouge, Louisiana, and known to the Debtors as Store #1758 (the "Store") that is located in the shopping center commonly known as Siegen Village Shopping Center.[2]

3. The term of the Lease currently ends on January 8, 2029, with no option period remaining thereafter.

4. The Debtors are currently seeking to sell, auction and/or consummate a sale of certain of its lease assets. In connection therewith, on October 16, 2024, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 511]. Thereafter, on October 31, 2024, the Debtors filed the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683]. Attached to the October 31, 2024, *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] is a Proposed Assumed Contracts Schedule that lists, among other things, the proposed amount to be paid to cure existing defaults for unexpired leases of nonresidential real property to be assumed by the Debtors and assigned to the successful bidders. The Debtors' proposed cure amount for the Store is $64,729.95

---

[2] The Lease, and any amendments thereto, are voluminous, should already be in the Debtors' possession, and accordingly, are not attached to this Limited Objection.

(the "Proposed Cure Amount").

5. Landlord objects to the Proposed Cure Amount reflected in the Notice. Landlord asserts that, at present, the amount to be paid to cure existing monetary defaults is not less than $70,452.07. A copy of the Landlord's ledger stating the amount currently owed is annexed hereto as **Exhibit A** and is incorporated herein by reference. Further, Landlord objects to the Proposed Cure Amount as it may not satisfy all of the Debtors' obligations under the Lease as required by section 365 of the Bankruptcy Code, including, *inter alia,* as it may not include amounts that may become due under the Lease after the Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period *(i.e.,* real estate tax and common area maintenance reconciliations) as well as attorneys' fees and other amounts due under the Lease. Any order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Proposed Cure Amount[3].

6. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or

---

[3] Landlord reserves its rights to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *In re Crown Books Corp.,* 269 B.R. 12, 18 (Bankr. D. Del. 2001). Here, Section 38. of the Lease specifically contemplates an award of attorneys' fees.

lease. *See N.L.R.B.* v. *Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract *"cum onere"); In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the Lease after the Petition Date as well as prior to or as of the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease,* the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ") (emphasis added).

7. Additionally, Debtor has failed to pay those post-petition rents and charges as they accrue and currently owe approximately $50,569.29 in post-petition rents and charges. Additional post-petition rents and charges shall become due and owing in accordance with the Lease.

8. Landlord reserves its rights to supplement this Limited Objection to add additional sums that may accrue and/or become due under the Lease after the date hereof.

## **RESERVATION OF RIGHTS**

9. Landlord reserves its rights later to object to an assumption and assignment of the Lease on the basis of adequate assurance of future performance by the proposed as the assignee of the Lease. The proposed assignee or any successful bidder must provide Landlord with adequate assurance of future performance pursuant to section 365(f)(2)(B) of the Bankruptcy Code. Because the Lease is a shopping center lease, the Bankruptcy Code requires heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if

any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B)   that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). Landlord has not received information regarding the foregoing and, therefore, reserves its rights to object to any assumption and assignment of the Lease to the extent that it lacks adequate assurance that the successful bidder will be able to meet its obligations thereunder.

WHEREFORE, the Landlord respectfully requests that the Court (i) sustain this Limited Objection, (ii) condition the assumption and assignment of the Lease accordingly, and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: November 4, 2024

**Respectfully Submitted:**
THE COHN LAW FIRM
A LIMITED LIABILITY COMPANY
10754 Linkwood Court
Baton Rouge, LA 70810
Telephone: (225) 769-0858
Fax: (225) 769-1016

BY: /s/ Bartley P. Bourgeois
_____
DAVID M. COHN, LBR #4237
D. BRIAN COHN, LBR #28000
BARTLEY P. BOURGEOIS, LBR#26606
ALLYSON S. JARREAU, LBR#36686

Attorneys for *Siegen Village Shopping Center, LLC --- FIRST FILING*