# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
|  | Re: Docket No. 511 |

### LIMITED OBJECTION OF THE GROVE SHOPS LLC TO THE DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT

The Grove Shops LLC ("The Grove Shops" or "Landlord"), by and through its undersigned counsel, hereby files a Limited Objection (the "Objection") to the Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [D.I. 511] (the "Cure Notice"), and in support thereof, respectfully states as follows:

### Objection

1. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its affiliated Debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Grove Shops is the landlord of a Big Lots store (Store No. 4664) located at 90 Shops at 5 Way, Plymouth, Massachusetts, pursuant to a written lease (the "Lease"). A copy of the Lease is in the possession of the Debtors and can be made available upon request.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3. The Lease has not been rejected. The Debtors have continued to occupy, use, and enjoy the leased premises. As such, the Debtors were obligated, following the Petition Date, to continue to timely perform all obligations under the Lease until such time as the Lease is assumed or rejected.

4. On October 16, 2024, the Debtors filed the Cure Notice which identified the Lease as a Potentially Assumed Contract. [D.I. 511, p. 31]. The Cure Notice listed a Preliminary Estimated Cure Amount of $27,682.

5. Pursuant to section 365(b)(1) of the Bankruptcy Code, the Debtors must cure any outstanding defaults before the time the Lease is assumed. Furthermore, because the Lease is a lease of real property in a shopping center, it is entitled to certain protections in accordance with Section 365(b)(3) of the Bankruptcy Code.

6. The Preliminary Estimated Cure Amount listed in the Cure Notice does not reflect all obligations of the Debtors under the Lease as of the date of the filing of this limited Objection.

7. As of today, the amount which is currently outstanding under the Lease is $55,364.

8. Accordingly, Landlord objects to the Debtor's Cure Notice to the extent it seeks to limit liability upon assumption and assignment to $27,682 or only to amounts owing as of the Petition Date. The cure amount necessary to assume and assign the Lease is $55,364.

9. There may also be indemnity obligations that have arisen but are not yet known to Landlord. Any order approving the assumption should make clear that the Debtors and/or any assignee are required to comply with all contractual obligations to indemnify and hold Landlord harmless with respect to events that may have occurred before or after the Petition Date but that are not known to Landlord as of the date of the assumption including, but not limited to and without limitation, claims for personal injury and property damage that occurred at the leased premises, claims for deferred maintenance, and claims for damage and/or destruction to the leased premises.

10. Landlord further objects to the Cure Notice to the extent that it seeks to limit Landlord's rights to adequate assurance of future performance under §§ 365(b)(1) and (3).

## RESERVATION OF RIGHTS

11. Landlord reserves the right to amend and/or supplement this Objection and to raise any additional arguments or objections prior to or at any hearing held in connection with this objection.

12. Landlord further reserves the right to amend and/or supplement this Objection to update, as may be appropriate, the amount which must be paid to Landlord to cure any defaults under the Lease prior to assumption thereof.

## JOINDER

13. Landlord hereby joins the objections by other landlords to the Cure Notice to the extent that such objections are not inconsistent with the relief sought herein.

## CONCLUSION

WHEREFORE, Landlord respectfully requests the Court enter an order (i) granting this objection; (ii) compelling the Debtors and any assignee of the Lease to fully comply with their obligations under the Bankruptcy Code, the Lease, and other applicable law; and (iii) granting such other and further relief as the court deems just and proper.

| | |
|---|---|
| Dated: November 4, 2024<br>Wilmington, Delaware | */s/ Raymond H. Lemisch*<br>Raymond H. Lemisch, Esq. (DE Bar No. 4204)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801-3062<br>Telephone: (302) 426-1189<br>Email: rlemisch@klehr.com<br><br>*Counsel to The Grove Shops LLC* |