## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Nov. 12, 2024 at 1:30 p.m. (ET)** |
| | **Objection Deadline: Nov. 6, 2024, at 4 p.m. (ET)** |
| | **RE:  D.I. 18, 511, 612** |

## LIMITED OBJECTION TO PROPOSED
## ASSUMPTION AND ASSIGNMENT OF LEASE

Edifis LJC, Ltd. and Edifis USC, LLC (together, "Landlord") hereby submit this limited objection (the "Limited Objection") to the proposed assumption and assignment of leases more particularly described below that the above-captioned debtors and debtors in possession (collectively, the "Debtors") have proposed. In support of this Limited Objection, Landlord states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1.      On September 9, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On September 10, 2024, this Court entered its order authorizing joint administration of these Chapter 11 cases [D.I. 95].  No trustee or examiner has been appointed and Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.      Edifis LJC, Ltd., as successor-in-interest to SRPF A/Lake Jackson Retail Investors, L.P., as landlord, and Debtor Big Lots Stores, Inc., as tenant, are parties to that certain lease agreement, as amended, relating to a portion of a shopping center consisting of

approximately 31,405 square feet and commonly known as Suite BB at 125 Highway, 332 West Lake Jackson, Texas 77566 (the "Lake Jackson Lease").

3.      Edifis USC, LLC, as successor-in-interest to Principle Equity Properties, L.P., as landlord, and Debtor, Big Lots Stores-PNS, LLC, fka PNS Stores, Inc, as tenant, are parties to that certain lease dated June 26, 2009, as amended, for approximately 27,533 square feet of shopping center commonly known as University Shopping Center, 1913 Texas Avenue, College Station, Texas 77840 (the "College Station Lease").

4.      On September 9, 2024, the Debtors filed a motion (the "Sale Motion") [D.I. 18], which, among other things, seeks Court approval to sell substantially all of the Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to higher and better bids.

5.      In connection with and related to the proposed Sale Motion, the Debtors filed and served a *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "Notice").

6.      The Notice identified the Lake Jackson Lease and the College Station Lease as unexpired leases to potentially be assumed and assigned as part of the proposed sale, and indicated that the amount necessary to cure any prepetition defaults under the Lake Jackson Lease is $23,482 and under the College Station Lease is $16,513 (the "Proposed Cure Amounts").

7.      The Notice provides that if Landlord fails to object to the Proposed Cure Amount prior to November 4, 2024, at 12:00 p.m. (prevailing Eastern Time), it will be barred from objecting to the proposed assumption and assignment of the leases, including any cure costs or defaults associated with such proposed assumption and assignment.

8.      Recently, on October 25, 2024, the Court entered its *Order (I) Approving Bidding*

*Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III)*
*Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form*
*and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and*
*Assignment Procedures, and (VI) Granting Related Relief* [D.I. 612], which extended the
objection deadline through November 6, 2024 at 4:00 p.m.

### ARGUMENT

9.     Bankruptcy Code section 365(b)(1)(A) provides that unless a lessee-debtor either
(a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will
promptly cure those defaults, it cannot assume and assign a lease. As one court has held, "Section
365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the
full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop,*
*Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord, In re Valley View Shopping Center, L.P.*,
260 B.R. 10, 25 (Bankr. D. Kan. 2001); *In re Mushroom Transportation Co., Inc.*, 78 B.R. 754,
759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete
mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier*
*Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992). Bankruptcy Code section 365(b)(1)(A)
"clearly and unambiguously" requires the cure of all defaults before an unexpired lease of
nonresidential real property may be assumed. *In re Building Block Child Care Centers, Inc*. 234
B.R. 762, 765 (9th Cir. BAP 1999); *accord, In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R.
42, 49 (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the entirety of an
unexpired lease upon assumption and cure any defaults.") (emphasis in original).

10.     Debtors bear the burden of proving the requirements of Bankruptcy Code section 365(b) by a preponderance of the evidence. *See In re PRK Enterprises, Inc*., 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999).

11.     Debtors' Notice acknowledges the obligation to pay unpaid monetary obligations identifying the Proposed Cure Amounts as the amounts asserted to be due to satisfy the "cure" requirement for the proposed assignment of the Lake Jackson Lease and College Station Lease, as delineated in Exhibit A to the Notice. The correct cure amount for the Lake Jackson Lease and College Station Lease, as reflected in Landlord's books and records and detailed in **Exhibit A** hereto, is $54,791.92 for the Lake Jackson and $76,553.51 for the College Station.

12.     The current cure amount asserted by Landlord does not, however, include rent and charges that accrue after October 31, 2024. Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels Industries, Inc*., 109 B.R. 797, 811-12 (Bankr. W.D. Tenn. 1990). Debtors remain required to pay accruing post-petition rent and charges on a timely basis, as required by Bankruptcy Code section 365(d)(3) and Landlord reserves its rights and remedies against Debtors with respect to any additional sums.

13.     Where, as here, there are defaults under a lease sought to be assumed and assigned, Bankruptcy Code section 365(b)(1) comes into play. The Lake Jackson Lease and College Station Lease contain provisions (at Paragraphs 40 (College Station Lease) and 21, (Lake Jackson Lease), respectively) for the recovery of reasonable attorneys' fees in proceedings for the enforcement of the leases.

14.     Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)(1)(B) due upon assumption and assignment of a

lease if the underlying lease provides for them. *In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998). "Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.*, 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993); *see also Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S. Ct. 1199, 1203-1206 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code specifically provides otherwise); *In re Crown Books Corporation*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (lessor may recover attorney fees as part of cure amount for debtor's assumption of lease only if lease specifically requires their payment). "[T]here is no logical distinction, for purposes of § 365, between claims for attorney's fees in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entertainment, Inc.*, 223 B.R. at 154. Landlord's attorneys' fees, which currently are in excess of $5,000.00, continue to accrue. Landlord reserves its right to supplement this Limited Objection to provide such further attorneys' fees information as may be requested by Debtors.

## RESERVATION OF RIGHTS

15.     Landlord fully reserves its rights to (a) further supplement or amend this Limited Objection and assert any additional objections, including any additional cure obligations that may arise under the Lake Jackson Lease and/or the College Station Lease in the ordinary course of business, and (b) further object to the Notice on additional grounds based upon any new information provided by Debtors or upon any different relief requested by Debtors, including a proposed assignment of the leases to an entity other than the proposed purchaser.

## JOINDER

16.     To the extent not inconsistent with the foregoing, Landlord joins in the objections

of other shopping center landlords to the proposed assumption and assignment of retail leases to the proposed purchaser on the terms proposed.

## **CONCLUSION**

17.     Any assignment of the Lake Jackson Lease and the College Station Lease must be subject to the existing terms, conditions, and covenants of the leases and Debtors must provide (a) adequate assurance of future performance, and (b) a complete assumption and assignment of all lease obligations (including insurance and indemnification obligations).

Dated: November 5, 2024
      Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC


*/s/ William A. Hazeltine*
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Telephone: (302) 428-8191
Email: whazeltine@sha-llc.com


-and-


*/s/ Eric J. Silver, Esq.*
ERIC J SILVER
Florida Bar Number 57262
esilver@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower Building, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:      (305) 789-3200
Facsimile:      (305) 789-3395

*Counsel for Edifis LJC, Ltd. and Edifis USC, LLC*