IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Related to D.I. 870 |

**RESPONSE OF 1903P LOAN AGENT, LLC TO BLUE OWL CAPITAL LLC'S EMERGENCY MOTION TO EXTEND CHALLENGE PERIOD AND REMOVE BLANKET "PROFESSIONAL EYES ONLY" DESIGNATION FROM PRODUCTIONS OR, IN THE ALTERNATIVE, APPOINT AN EXAMINER**

1903P Loan Agent, LLC ("DIP Term Agent"), through its undersigned counsel, submits this response (the "Response") to *Blue Owl Capital LLC's Emergency Motion to Extend Challenge Period and Remove Blanket "Professional Eyes Only" Designation from Productions or, in the Alternative, Appoint an Examiner* (D.I. 870) (the "Motion")[1] and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. In the Motion, Blue Owl, a member of the Official Committee of Unsecured Creditors ("Committee"), seeks (a)(i) an extension of the Challenge Deadline from November 7, 2024 at 12:00 p.m. (ET) to November 22, 2024 at 12:00 p.m. (ET) and (ii) removal of the confidentiality restrictions placed on documents produced to the Committee or (b) in the alternative, appointment of an examiner. Since the filing of the Motion, the DIP Term Agent and the DIP ABL Agent have proposed a resolution that would extend the Challenge Deadline to November 15, 2024 at 12:00 p.m. (ET). To the extent that Blue Owl agrees to this proposed compromise, it would moot the Motion with respect to the Challenge Deadline, but in any event, the Motion should be denied in its entirety for the reasons set forth below.

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Motion.

RLF1 31831998v.1

2.     While not mentioned anywhere in the Motion, at the time the Motion was filed, the DIP Term Agent and other parties were considering the Committee's request to consensually extend the Challenge Deadline from November 7, 2024 at 12:00 p.m. to November 22, 2024—with an initial extension to at least November 11, 2024 at 12:00 p.m.—and related request made "on behalf of Committee members who have requested to review produced documents" to re-designate documents already produced as "Confidential."  Twenty-nine minutes after the Committee's email requesting same was sent, and certainly before the time provided by the Committee to respond to this request had even run, Blue Owl filed the Motion, thereby hijacking the Committee's judgment in addressing this issue and seeking for itself by its Motion "emergency" relief that could have been, and was in the process of, being resolved on a consensual basis.  While Blue Owl's motivations are unclear, what is clear is that the Motion wastes the parties' and the Court's resources and needlessly injects contention into a discovery process that is not reflective of how the parties have been operating to date.

3.     To the contrary, from the beginning, the DIP Term Agent has been cooperating with the Committee on its investigation on a voluntary and expedited basis and has worked, and continues to work, with the Committee to consensually resolve any issues as they arise.  To date, the DIP Term Agent has produced over 2,300 documents and expects to complete its production by mid-week.  The Committee should have ample time to review the documents and consider whether to bring a Challenge by the extension currently agreed to by the DIP Term Agent, the DIP ABL Agent, and the Debtors of November 15, 2024.  This date balances the Committee's need for appropriate time to consider a Challenge and the interest of all parties in interest in finality in connection with the proposed sale.

4.       In view of the expedited nature of the discovery, the DIP Term Agent has proposed, and the Committee has agreed, to produce documents pursuant to this Court's Local Rule 9018-1(f), whereby Committee investigations may be conducted using information shared on an attorneys' eyes only basis.  The Motion aggressively attacks this position as "absurd" (Motion, ¶ 4) (despite it being specifically contemplated by this Court's Local Rules) but it is anything but. The DIP Term Agent's willingness and ability to move expeditiously and produce large volumes of documents requires sufficient confidence that the sensitive commercial information of the DIP Term Agent and its affiliates will not be inadvertently shared and used for inappropriate purposes. The DIP Term Agent cannot move with the necessary speed if it must carefully review and consider each of thousands of documents from the perspective of commercial sensitivity.

5.       And there is no legitimate reason for the DIP Term Agent to be required to do so. The Committee has hired experienced counsel to advise it, and counsel is more than capable of an investigation of potential Challenges and presenting the results in summary form to the Committee, which is one of the standard tasks of counsel to any official committee of unsecured creditors. There is no apparent reason why this case should be any different.

6.       Moreover, the DIP Term Agent has already consented to sharing of documents with Blue Owl's counsel to facilitate Blue Owl's exercise of its fiduciary duties as Committee member. Further, the DIP Term Agent is amenable to a process whereby, to the extent that counsel for the Committee or counsel for Blue Owl identify certain of DIP Term Agent's documents that they believe must be shared with Committee members in order to understand the advice being given with respect to a Challenge, counsel would be free to request that the DIP Term Agent allow such sharing, and the DIP Term Agent would consider such requests in good faith, and the Court could resolve any disputes if needed.  But that universe of "must-see" documents is likely to be very

small, if not nonexistent. The DIP Term Agent should not be burdened with re-reviewing thousands of documents, particularly given the time exigency and sensitivities involved. Indeed, Blue Owl cannot have it both ways—on the one hand, complaining about the speed with which documents have been produced and using that as a basis for seeking to extend the Challenge Period, while, on the other hand, requesting that each of the producing parties re-review the thousands of documents that have been produced to date to de-designate them for the stated reason that a review by both the Committee's and Blue Owl's counsel is somehow insufficient.

7. Accordingly, the Motion should be denied.

## BACKGROUND

8. On the evening of Friday, October 18, 2024, the Committee served its First Request for the Production of Documents to 1903P Loan Agent, LLC (the "Committee Requests to DIP Term Agent") seeking certain documents on a voluntary basis by a requested response date of October 25, 2024.

9. On October 22, 2024, counsel for the DIP Term Agent and the Committee had an initial "meet and confer" call with regard to the Committee Requests to DIP Term Agent.

10. On October 22, 2024, the Court entered the Final DIP Order. *See* D.I. 584. The Final DIP Order established the Challenge Deadline as November 7, 2024 at 12:00 p.m. (ET). *See* Final DIP Order, ¶ 42. At the time the Final DIP Order was entered, this Challenge Deadline was the day prior to the Debtors' proposed hearing date of November 8, 2024 to approve the sale of substantially all of their assets (the "Sale Hearing"). *See Notice of Filing of (I) Revised Proposed Bidding Procedures Order and (II) Proposed Stalking Horse Sale Order*, dated October 20, 2024 (D.I. 558). The Sale Hearing was subsequently scheduled for November 12, 2024 at 1:30 p.m. (ET). *See Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the*

*Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief*, dated October 25, 2024 (D.I. 612).

11. On October 28, 2024, counsel for the DIP Term Agent and the Committee had a further call to discuss the Committee Requests to DIP Term Agent, and that evening the DIP Term Agent produced approximately 1,672 documents to the Committee.

12. On October 29, 2024, counsel for the Committee agreed in writing to the application of Local Rule 9018-1(f)[2] to documents designated confidential by the producing party at the time of production and that the documents were being produced solely in connection with the Committee's investigation to determine if it will assert a "Challenge" (as defined in the DIP Order).

13. On the same day, counsel for Blue Owl sent an email to counsel for the DIP Term Agent requesting its agreement to lift the professional eyes' only designation under the Local Rule and extend the challenge deadline to November 21, 2024.

14. On October 30, 2024, counsel for the Committee emailed counsel for the DIP Term Agent requesting consent for the Challenge Deadline to be extended to November 11, 2024 at noon.

---

[2] Local Rule 9018-1(f) provides that: "[i]f any information or documents are designated confidential by the producing party at the time of production and the parties have not stipulated to a confidentiality agreement, until such an agreement has been agreed to by the parties or ordered by the Court, disclosure shall be limited to members and employees of the law firm representing the receiving party and such other persons as to which the parties agree. Such persons are under an obligation to keep such information and documents confidential and to use them only for purposes of the contested matter or the proceeding with respect to which they have been produced. Additionally, parties may stipulate to the application of this rule in connection with informal discovery conducted outside a contested matter or adversary proceeding (e.g., a statutory committee's investigation of the validity, perfection or amount of a secured creditor's prepetition lien), in which case the documents and information produced shall be used only for the purpose defined by the parties' stipulation."

15. On October 31, 2024, counsel for the DIP Term Agent indicated its willingness to extend the Challenge Deadline to November 10, 2024 (not November 11 as requested) at noon on certain conditions, including a re-confirmation that "any documents and information produced to the Committee in connection with its investigation of a potential Challenge are being produced pursuant to Local Rule 9018-1(f) on an attorneys' eyes only basis and may only be used for purposes of such investigation" notwithstanding any contrary protective order that might be entered. Counsel for the DIP Term Agent also stated that "[w]e agree to extend "attorneys' eyes" as used above to include Quinn Emanuel as counsel for Blue Owl, provided that Quinn Emanuel agrees that the only permitted use of the documents and information produced to Quinn Emanuel under this agreement is for purposes of assisting Blue Owl in fulfilling its duties as a member of the Committee in connection with the Committee's investigation of a potential Challenge."

16. On November 4, 2024, at 12:41 p.m., counsel for the Committee made a further request that the Challenge Deadline be extended, this time on an "initial" basis to November 11, 2024 at noon "to avoid the need for the Committee to seek immediate relief from the court" (and requesting a response to this initial request by 5:00 p.m.) but also requesting a further extension of the Challenge Deadline to November 22, 2024 (with no response date or time being specified for this request). Blue Owl filed the Motion a mere twenty-nine minutes after the Committee's November 4 email. Later that day, prior to the Committee's stated 5:00 p.m. deadline, counsel for the DIP Term Agent agreed to the requested extension of the Challenge Deadline to November 11, 2024 at noon, and reiterated the DIP Term Agent's understanding of the previously agreed terms of production of documents, and the previously offered terms by which counsel for Blue Owl could review the documents.

17. Later that day, at 6:59 p.m., the DIP Term Agent made an additional production to the Committee of approximately 670 documents on the previously agreed terms. The DIP Term Agent expects to make its final rolling production mid-week.

## RESPONSE

### A. Challenge Deadline

18. The goal of all parties in interest in this case is a consensual going-concern sale. The Challenge Deadline accordingly has been timed to ensure that nothing undermines the closing or consummation of the proposed sale. Indeed, to the extent the Sale Hearing was to occur at a time when an unknown Challenge might still be brought, it would be extraordinarily difficult to predict all the different implications of the Challenge and how to adequately protect the interests of all parties. Accordingly, it is critical that the Challenge, if any, be (i) brought sufficiently in advance of the Sale Hearing to allow for it to be understood by the parties and the Court and addressed through modifications to the Sale Order if necessary, and (ii) resolved prior to the closing. As it now stands, both the DIP Term Agent and the DIP ABL Agent are willing to consent to, and have proposed, a further extension of the Challenge Deadline to November 15, 2024, and Debtors have confirmed their consent to same. The DIP Term Agent submits that this way of proceeding properly balances the needs and interests of all parties-in-interest.

### B. Confidentiality Restrictions

19. As set forth above, the DIP Term Agent has consistently stated, and the Committee has consistently agreed, that its productions must be governed by Local Rule 9018-1(f) whereby Committee investigations may be conducted using information shared on an attorneys' eyes' only basis.

20. The Motion contains no mention of Local Rule 9018-1(f) and virtually no discussion of any reasons why Blue Owl itself as opposed to its counsel must be permitted to view documents produced in discovery. The only stated reason (also provided by Blue Owl's counsel in emails on the subject) seems to be that Blue Owl itself is the statutory fiduciary, not Committee counsel or Blue Owl's counsel. Blue Owl's argument misses several key points. First, it defies common sense and experience with regard to how counsel routinely advise clients without the need to use specific source documents as exhibits. Second, it ignores the burden that would be imposed on other parties like the DIP Term Agent from having to re-review and mark specific documents. Third, it ignores the potential prejudice to the DIP Term Agent from inadvertent disclosure of commercially sensitive information, made more likely by the time pressure involved. And fourth, it ignores the reasonable alternative available to Blue Owl, and agreed upon by the DIP Term Agent, of having counsel identify specific documents that can be requested to be shown to Blue Owl or other Committee members as needed.

21. For all these reasons, the Motion should be denied it entirety on this issue, and any documents and information produced to the Committee in connection with its investigation of a potential Challenge should remain subject to previously agreed stipulations. Specifically, this would require continued treatment (i) on an attorneys' eyes' only basis and (ii) only to be used for purposes of the Committee's investigation. For the avoidance of doubt, "attorneys' eyes" may include Quinn Emanuel as counsel for Blue Owl, provided that Quinn Emanuel agrees that the only permitted use of the documents and information produced to Quinn Emanuel under this agreement is for purposes of assisting Blue Owl in fulfilling its duties as a member of the Committee in connection with the Committee's investigation of a potential Challenge—a condition which should not be controversial.

### C. Request for an Examiner

22. Finally, the Motion's request for an examiner is completely unsupported. There has been no showing that this Committee cannot discharge its duties to conduct an investigation of any potential Challenges, and to consider whether to seek to bring such a Challenge consistent with its fiduciary duties. The Motion points to purported "untimely and deficient discovery" which may prevent the Committee from completing its investigation – but the Committee itself has said no such thing, and has itself sought and obtained additional time to complete its work.

23. The Motion gives the impression that it simply seeks delay, and that no amount of investigation will satisfy Blue Owl in any event. An examiner would certainly fit that bill, and makes absolutely no sense in the context of these cases.

24. The request for an examiner, along with the rest of the Motion, should be denied.

Dated: November 5, 2024
Wilmington, Delaware

        RICHARDS, LAYTON & FINGER, P.A.

        /s/ *John H. Knight*
        John H. Knight (No. 3848)
        920 N. King Street
        Wilmington, DE 19801
        Tel. (302) 651-7700
        Knight@RLF.com

        *-and-*

        OTTERBOURG P.C.
        Chad B. Simon (*pro hac vice*)
        James V. Drew (*pro hac vice*)
        230 Park Avenue
        New York, NY 10169
        Tel.: (212) 661-9100
        csimon@otterbourg.com
        jdrew@otterbourg.com

        *Counsel to 1903P Loan Agent, LLC*