# Exhibit 2

mwe.com

Monica S. Asher
Attorney at Law
MAsher@mwe.com
+1 212 547 5706

October 17, 2024

**VIA EMAIL AND FEDERAL EXPRESS**

Brian Resnick
Adam Shpeen
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, New York 10017
brian.resnick@davispolk.com
adam.shpeen@davispolk.com

Re: *In re Big Lots, Inc.*, *et al.*, Case No. 24-11967 (JKS) (Bankr. D. Del.)

Dear Brian and Adam:

We are proposed co-counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases") pending in the United States Bankruptcy Court for the District of Delaware.

We have attached the Committee's First Request for the Production of Documents to the Debtors. Under the Local Rules for the United States Bankruptcy Court for the District of Delaware, "a motion under Fed. R. Bankr. P. 2004 is not required if the proposed examinee agrees to voluntarily appear or produce documents." *See* Del. Bankr. L.R. 2004-1(c); *see also* Del. Bankr. L.R. 2004-1(e) ("consensual discovery can be conducted by agreement and not under the provisions of Fed. R. Bankr. P. 2004 or this Local Rule, as applicable"). We are seeking the voluntary cooperation of Big Lots, Inc. and certain of its affiliates, as debtors and debtors-in-possession in the Chapter 11 Cases (the "Debtors"). Absent cooperation, we will seek court intervention.

Please confirm via email or other writing no later than **October 18, 2024**, that the Debtors will provide the requested information by **October 24, 2024**. If the Debtors decline to cooperate or do not timely respond, the Committee will promptly seek court intervention. We are available to discuss a mutually agreeable date, time, place and scope of production via a phone call or Zoom conference. *See* Del. Bankr. L.R. 2004-1(a).



One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Brian Resnick
Adam Shpeen
October 17, 2024
Page 2

Sincerely,

Monica S. Asher

CC:    Darren Azman (dazman@mwe.com)
        Kristin K. Going (kgoing@mwe.com)
        Andrew B. Kratenstein (akratenstein@mwe.com)
        Stacy Lutkus (salutkus@mwe.com)
        Justin R. Alberto (jalberto@coleschotz.com)
        Stacy L. Newman (snewman@coleschotz.com)

Enclosure



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**BIG LOTS, INC.,** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS DIRECTED TO THE DEBTORS**

**TO:** Big Lots, Inc. and certain of its affiliates (the "Debtors"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases")

**PLEASE TAKE NOTICE** that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases, by and through its undersigned counsel, Cole Schotz, P.C. and McDermott Will & Emery LLP, hereby requests that the Debtors produce the documents and electronic information identified in Schedule A (the "Requests") in their possession, custody, or control to the offices of Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, on or before October 24, 2024, or by such other date as may be ordered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**PLEASE TAKE FURTHER NOTICE** that the Committee reserves its rights under 11 U.S.C. §§ 101-1532, *et seq.* (the "Bankruptcy Code"), the Bankruptcy Rules, the Local Rules, any other applicable law regarding the subject matter hereof to amend, supplement, and/or modify Schedule A in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable law. The Requests are provided without prejudice to, or waiver of, the Committee's right to conduct further discovery at a later date.

| | |
|---|---|
| Dated: October 17, 2024<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Tel:  (302) 652-3131<br>Fax:  (302) 652-3117<br>Email: jalberto@coleschotz.com<br>       snewman@coleschotz.com<br><br>*- and -*<br><br>**MCDERMOTT WILL & EMERY LLP**<br><br>Darren Azman (admitted *pro hac vice*)<br>Kristin K. Going (admitted *pro hac vice*)<br>Stacy Lutkus (admitted *pro hac vice*)<br>Natalie Rowles (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY, 10017<br>Tel:  (212) 547-5400<br>Fax:  (212) 547-5444<br>Email: dazman@mwe.com<br>       kgoing@mwe.com<br>       salutkus@mwe.com<br>       nrowles@mwe.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

## SCHEDULE A

## DEFINITIONS APPLICABLE TO ALL REQUESTS

Unless otherwise specifically indicated, the terms listed below are intended to have the following meanings in the text of these Requests, in the Definitions themselves, and in the Instructions. These Definitions shall apply regardless of whether a term is capitalized. The use of the singular form of any word includes the plural and the use of the plural form includes the singular, and any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Affiliate(s)" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2. "All", "any", and "each" shall be construed as encompassing any and all.

3. "And" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Requests any information, including Documents and Communications, which might otherwise be construed to be outside their scope.

4. "Bank Accounts" shall have the meaning set forth in the Cash Management Motion.

5. "Bankruptcy Cases" and "Chapter 11 Cases" means those certain jointly administered chapter 11 cases styled as *In re Big Lots, Inc., et al.*, No. 24-11967 (JKS) (Bankr. D. Del.), pending in the Bankruptcy Court.

6. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

7. "Board(s)" means any group or subcommittee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors, including the Big Lots, Inc. Board of Directors.

1

8. "Board Materials" means all Documents (including drafts) created by or for, or provided to or considered by, the Board or any other similar governance body.

9. "Cash Management Motion" means *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims* [Docket No. 15] filed by the Debtors on the docket of the Bankruptcy Cases.

10. "Committee" shall mean the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases.

11. "Communication(s)" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure and includes the transmission, sending, and/or receipt of information of any kind (in the form of facts, ideas, inquiries, or otherwise), or the attempt to elicit information of any kind, by and/or through any means, including but not limited to meetings, discussions, conversations, telephone calls, e-mail messages, writing, language, instant messages, text messages, chats, iMessages, calendars, faxes, WhatsApp, Groupme, WeChat, Signal, memoranda, analyst reports, photographs, videotapes, and all forms of electronic transmission.  Requests for Communications also include a request for all Documents Concerning such Communications.  The term "Communication" includes electronic information stored on or accessible from Directors' and Officers' personal cell phones, email accounts, electronic devices, and messaging applications.

12. "<u>Concerning</u>" is to be understood in its broadest sense and means arising out of, commenting upon, comprising, concerning, constituting, containing, describing, discussing, evidencing, identifying, including, involving, listing, mentioning, referring to, reflecting, regarding, relating to, reporting, setting forth, showing, stating, or summarizing the subject matter identified.

13. "<u>Debtor(s)</u>," "<u>You</u>", or "<u>Your</u>" means, individually and collectively, any of the debtors whose Bankruptcy Cases are jointly administered in the Bankruptcy Cases and their respective subsidiaries and Affiliates and any and all predecessors, Officers, Directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on their behalf (including the outside counsel of such entities).

14. "<u>Directors</u>" means the current and former members of the Board.

15. "<u>Document(s)</u>" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes all items written by hand, printed, recorded, generated, or reproduced by any mechanical or electronic process, including but not limited to electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

16. "<u>Interim DIP Order</u>" means *Interim Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4401, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 114] entered by the Bankruptcy Court on the docket of the Bankruptcy Cases.

17. "Identify" (with respect to Documents) means to state, to the extent known: (i) the type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, You may produce the Documents.

18. "Including", "Include", or "Includes" means including without limitation and shall not be construed to limit the scope of any definition or Request herein.

19. "Master Services Agreement" means that certain Master Services Agreement by and between Gordon Brothers Retail Partners, LLC and the Debtors, dated as of November 30, 2022 (as amended as of April 18, 2024, as further amended as of July 19, 2024, and as may be further altered, amended, modified, or supplemented from time to time in accordance with the terms thereof.

20. "Officers" means all current and former officers of the Debtors, including the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, and any other executive of similar title, of the Debtors.

21. "Person" or "Entity" includes any natural person or entity, including but not limited to any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

22. "Petition Date" means September 9, 2024.

23. The terms "Prepetition ABL Agent", "Prepetition ABL Credit Agreement", "Prepetition ABL Documents", "Prepetition ABL Facility", "Prepetition ABL Lenders", "Prepetition Term Loan Agent", "Prepetition Term Loan Credit Agreement", "Prepetition Term Loan Documents", "Prepetition Term Loan Facility", and "Prepetition Term Loan Lenders" shall have the meaning set forth in the Interim DIP Order.

**INSTRUCTIONS**

1.  Unless otherwise indicated in a particular Request, these Requests seek information from January 1, 2022, to the present.

2.  Documents and Communications shall be produced as they have been kept in the ordinary course of business. In this respect, the file folder in which the Documents are contained is deemed an integral part of the Document and shall also be produced. Excel spreadsheets shall be produced in their native format. No Document or file requested should be altered, changed or modified in any respect. No Document or file requested should be disposed of or destroyed.

3.  To the extent You use a data room for production of Documents with respect to any Request, You shall indicate in Your response the specific location and file path in the data room for which relevant Documents can be located.

4.  Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

5.  These Requests shall not be deemed to call for identical copies of Documents. A Document with handwritten notes, editing marks, or any other mark that differentiates the Document shall not be deemed identical to one without such modifications, additions or deletions.

6.  Electronic data should be produced with all native files and metadata intact, in full-text searchable format. Any responsive, electronically stored data shall be converted/processed to TIFF files and Bates numbered, and include fully searchable text. Additionally, email and native file collections should include linked native files. Documents must be produced with load files necessary to load such Documents onto Summation. Images should be single-page TIFF files and file names cannot contain embedded spaces. The text and metadata of emails and the

attachments, and native file Document collections should be extracted and provided in a .DAT file. Searchable text of the entire Document must be provided for every record, at the Document level, and extracted text must be provided for Documents that originated in electronic format. Data should be produced as such Documents and data have been maintained in the normal course, preserving any and all folder and subfolder designations.

7. These Requests extend to all Documents and/or Communications in Your possession, custody, and/or control, or in the possession, custody, and/or control of Persons or Entities under Your control, whether or not such Documents and/or Communications were created or prepared by You. The terms "possession", "custody", and "control" mean possession, custody, or control, or rights to possession, custody, or control of Documents and/or Communications by You, including Documents and/or Communications in the possession of any attorneys, without limitation, and Documents and/or Communications in the custody, possession, or control of any of Your accountants, advisors, representatives, and/or other agents of same. "Possession," "custody," or "control" used independently and conjunctively shall include constructive possession, whereby the party to whom the Request is directed has the right to compel the production of a matter or documents from a third party, through agency, authority, representation, or otherwise.

8. Each reference to a corporation, partnership, joint venture, unincorporated association, government agency or other fictitious Person shall be deemed to include each and all of its subsidiaries, affiliates, predecessors and successors, and with respect to each of such entities, its officers, directors, shareholders, employees, partners, limited partners, representatives, agents, accountants, attorneys and any other Person who acted or purported to act on its behalf.

9. Each reference to a natural Person shall be deemed to include that Person's agents, attorneys, representatives, and any other Person who acted or purported to act on that Person's behalf.

10. If any of these Requests cannot be answered in full, answer to the extent possible, specifying the reasons for Your inability to answer the remainder and stating whatever information, knowledge, or belief You do or might have concerning the unanswered portion.

11. If there are no Documents or Communications responsive to a Request, so state in writing.

12. If you object to any Request, please state with specificity all grounds for the objection so that the parties may meet and confer. Objecting to a portion of a Request does not relieve You of the duty to respond to those parts of the Request to which You do not object.

13. If any Document or Communication called for by these Requests is withheld in whole or in part because You claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, You shall provide a privilege log at the time of the production.

14. If any Document(s) responsive to any Request has (have) been lost, misplaced or destroyed, then so state and identify each such Document, identifying the specific Request to which each such Document would have been responsive.

15. A more specific Request for a Document does not exclude such Document from a more general Request. Each of these Requests shall be construed independently and not by reference to any other Request for the purpose of limitation.

16. These Requests are continuing. Promptly supplement Your responses when and if You become aware of additional responsive materials as required by the FRCP and the Bankruptcy Local Rules. Such supplemental responses are to be served upon the undersigned

counsel for the Committee within three (3) days of the date that You become aware of or receive such additional information.

17. In accordance with Local Rule 2004-1(a), the Committee is willing to meet and confer regarding the scope of these Requests, including, but not limited to, the use of search terms, the applicable time period, and any other reasonable limitation that would otherwise reduce the burden to You in responding to the Requests.

## **DOCUMENT REQUESTS**

1. All Documents and Communications (both internal and with any other Person or Entity) concerning the negotiation and execution of the Prepetition ABL Documents, including Documents sufficient to Identify the assets that the Debtors granted and pledged to secure or guarantee the obligations under the Prepetition ABL Credit Agreement, the Prepetition ABL Documents, and the Prepetition ABL Facility.

2. All Documents and Communications (both internal and with any other Person or Entity) concerning due diligence performed by the Debtors, the Prepetition ABL Agent, and the Prepetition ABL Lenders in connection with the Prepetition ABL Credit Agreement, the Prepetition ABL Documents, and the Prepetition ABL Facility.

3. All Documents and Communications (both internal and with any other Person or Entity) concerning the negotiation and execution of the Prepetition Term Loan Documents, including Documents sufficient to Identify the assets that the Debtors granted and pledged to secure or guarantee the obligations under the Prepetition Term Loan Credit Agreement, the Prepetition Term Loan Documents, and the Prepetition Term Loan Facility.

4. All Documents and Communications (both internal and with any other Person or Entity) concerning due diligence performed by the Debtors, the Prepetition Term Loan Agent,

and the Prepetition Term Loan Lenders in connection with the Prepetition Term Loan Credit Agreement, the Prepetition Term Loan Documents, and the Prepetition Term Loan Facility.

5. All deposit account control agreement(s) setting forth the relative rights and duties of the parties thereto with respect to any of the Debtors' Bank Accounts.

6. All Documents and Communications (both internal and with any other Person or Entity) concerning the negotiation and execution of the Master Services Agreement.

7. All Documents and Communications concerning any solvency analysis on a balance sheet or cash flow basis of the Debtors, including Documents sufficient to Identify the time period in which the Debtors became insolvent and/or unable to pay debts as they come due.

8. All Board Materials, meeting agendas, resolutions, minute of meetings, and consents in lieu of a meeting of the Board, and any related meeting materials, presentations, and slide decks provided to, or regarding actions taken by, the Board or any committee thereof for the period commencing on September 1, 2020 through the Petition Date.

9. Your Document preservation or destruction policies.