## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: November 6, 2024 at 4:00 p.m. (ET)** |
| | **Hearing Date: November 12, 2024 at 1:30 p.m. (ET)** |
| | **Related Doc: 18, 511, 612 & 683** |

## OBJECTION AND RESERVATION OF RIGHTS OF WPG LEGACY, LLC TO THE (I) NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND PROPOSED CURE AMOUNT AND (II) PROPOSED SALE TO THE SUCCESSFUL BIDDER

WPG Legacy, LLC ("WPG"), as the managing agent for the owners of the property identified herein (the "WPG Landlords"), by its undersigned counsel, submits this objection and reservation of rights (this "Objection") to the above-captioned debtors' (the "Debtors") *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* (Docket No. 511) (the "First Assignment Notice"), the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (Docket No. 683) (the "Second Assignment Notice" and together with the First Assignment Notice, the "Assignment

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Notices")[2] and the Proposed Sale (defined herein). In support of this Objection, WPG respectfully states:

## BACKGROUND

1.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2.      Upon information and belief, the Debtors are operating its business and managing its properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The Debtors and the WPG Landlords are parties to those certain unexpired leases (the "WPG Leases")[3] of nonresidential real property (the "Leased Premises"). Specifically, the Debtors are leasing the following retail spaces from the WPG Landlords:

| WPG Landlord | Shopping Center | Location |
|---|---|---|
| St. Charles Towne Plaza, LLC | St. Charles Towne Plaza | Waldorf, MD |
| Palms Crossing Town Center, LLC | Palms Crossing Town Center | McAllen, TX |
| Grand Central Parkersburg LLC | Grand Central Mall | Vienna, WV |
| White Oaks Plaza, LLC | White Oaks Plaza | Springfield, IL |

4.      The Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5.      On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E)*

---

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Assignment Notices or Bidding Procedures Order (defined herein), as applicable.

[3] The WPG Leases and related documentation are voluminous, and therefore, have not been attached to this Objection.

*Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (Docket No. 18) (the "Bid Procedures Motion"), pursuant to which the Debtors sought, among other things, entry of an order establishing bid procedures for the sale (the "Proposed Sale") of substantially all of the Debtors' assets and procedures for the assumption and assignment of the Debtors' unexpired leases.

6.    On October 25, 2024, this Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (Docket No. 612) (the "Bidding Procedures Order") which, among other things, approved the Bidding Procedures and procedures for (i) filing objections to the Proposed Sale and (ii) providing notice to lease counterparties of the potential assumption and assignment of any unexpired leases in connection with the Proposed Sale. Pursuant to the Bidding Procedures Order, November 6, 2024 is the Cure Objection Deadline and Sale Objection Deadline.

7.    As contemplated by the Bidding Procedures Order, on October 16, 2024, the Debtors filed the First Assignment Notice which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Proposed Sale, including the WPG Leases. Pursuant to the First Assignment Notice, the Debtors proposed the following Cure Payments for the WPG Leases:

| WPG Landlord | Shopping Center | Proposed Cure Amount |
|---|---|---|
| St. Charles Towne Plaza, LLC | St. Charles Towne Plaza | $22,887.00 |
| Palms Crossing Town Center, LLC | Palms Crossing Town Center | $26,428.00 |
| Grand Central Parkersburg LLC | Grand Central Mall | $73,995.00 |
| White Oaks Plaza, LLC | White Oaks Plaza | $12,231.00 |

8.     On October 30, 2024, the Debtors filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* (Docket No. 661) (the "Successful Bidder Notice"), pursuant to which the Debtors selected Gateway BL Acquisition, LLC (the "Successful Bidder") as the successful bidder for the sale of substantially all the Debtors' assets. The Successful Bidder Notice provides, in relevant part, "[f]rom and after the Closing through the effective date of a chapter 11 plan of liquidation, the Buyer shall have the right to cause any Debtor to designate additional leases that have not yet been rejected by such Debtor to Buyer, its affiliates, and third parties (subject to appropriate notice and opportunity to object for counterparties)…" Successful Bidder Notice at Ex. A, ¶ 3 (the "Designation Rights Period").

9.     Prior to entry of the Successful Bidder Notice and in accordance with the Bid Procedures Order, on October 24, 2024, counsel for WPG received a three-page letter (the "Adequate Assurance Package") from Nexus Capital Management LP, parent company of the Successful Bidder, purporting to provide adequate assurance of future performance.

10.    On October 31, 2024, the Debtors filed the Second Assignment Notice identifying the executory contracts and unexpired leases that the Debtors intend to assume and assign to the Successful Bidder. The Second Assignment Notice identifies the WPG Leases on the Proposed Assumed Contracts Schedule and lists the cure amounts as follows (the "Proposed Cure Amount"):

| WPG Landlord | Shopping Center | Proposed Cure Amount |
|---|---|---|
| St. Charles Towne Plaza, LLC | St. Charles Towne Plaza | $22,887.00 |

| Palms Crossing Town Center, LLC | Palms Crossing Town Center | $26,428.00 |
| Grand Central Parkersburg LLC | Grand Central Mall | $73,994.90 |
| White Oaks Plaza, LLC | White Oaks Plaza | $12,231.16 |

11.     As of the filing of this Objection, the Debtors have not filed the proposed sale order as it relates to the Successful Bidder (the "Proposed Sale Order") or the amended asset purchase agreement (the "Purchase Agreement"), referenced in the Successful Bidder Notice, detailing the terms of the Designation Rights (defined herein).

## OBJECTION

12.     Although WPG does not object to the Debtors' right to sell substantially all of the Debtors' assets, WPG object to the assumption and assignment of the WPG Leases, the Proposed Sale, and the grant of designation rights ("Designation Rights") to the Successful Bidder to the extent WPG's rights under the WPG Leases, the Bankruptcy Code and applicable law are impaired, limited, and/or modified. Moreover, any assumption of the WPG Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the WPG Leases, including, but not limited to, paying all amounts due and owing under each of the WPG Leases through the effective date of the assumption of the WPG Leases and providing adequate assurance of future performance information to WPG in accordance with the terms of the Bidding Procedures Order.

**A. The Debtors' Proposed Cure Amount is Incorrect and Must Provide for Payment of all Obligations due Under the WPG Leases**

13.     The Proposed Cure Amount is not accurate and will not cure all amounts due and owing to WPG under the WPG Leases. As of the date of this Objection, the aggregate cure amount owing under the WPG Leases is not less than $235,902.99, plus any unbilled charges that are accruing, including, but not limited to reconciliation amounts for CAM, taxes and insurance, which may come due in the future, and any indemnity and contribution obligations (the "WPG Cure

5

Amount").[4] Attached hereto and incorporated herein as **Exhibit A** are schedules containing an itemization of the amounts due and owing under each of the WPG Leases, as well as a condensed table summarizing the WPG Cure Amount by WPG Lease below:

| WPG Landlord | Shopping Center | Cure Amount |
|---|---|---|
| St. Charles Towne Plaza, LLC | St. Charles Towne Plaza | $23,410.21 |
| Palms Crossing Town Center, LLC | Palms Crossing Town Center | $120,613.28 |
| Grand Central Parkersburg LLC | Grand Central Mall | $75,180.20 |
| White Oaks Plaza, LLC | White Oaks Plaza | $15,199.30 |
| | **Total:** | $234,402.99 |

14.     The WPG Cure Amount represents the amounts currently due and owing to WPG under the WPG Leases. The WPG Cure Amount may increase prior to any actual date of assumption and assignment of the WPG Leases if the Debtors do not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance and other amounts that may come due, pursuant to the terms of the WPG Leases, and regardless of when those amounts accrued.

15.     WPG notes that the WPG Leases impose certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against WPG in connection with the WPG Leases. Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured if the WPG Leases are to be assumed and assigned as part of the Proposed Sale. WPG objects to the Proposed Cure Amount to the extent that it fails to include amounts related to the indemnification and contribution

---

[4] The WPG Cure Amount includes $1,500.00 in attorneys' fees. WPG is entitled to attorneys' fees as part of the WPG Cure Amount for the WPG Leases, as the WPG Leases specifically provide for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by WPG in enforcing its rights under the WPG Leases must be paid as part of any assumption of the WPG Leases. *See id.*

covenants and obligations for which the Debtors are responsible to WPG under the WPG Leases.

16.     In connection with the assumption and assignment of the WPG Leases, all rights of WPG under the WPG Leases (including defenses thereto) must be preserved. As such, any order approving the Proposed Sale should specify that WPG's setoff, recoupment, and subrogation rights are preserved, and that the Debtors and any proposed assignee remain liable to WPG for (i) any accrued but unbilled charges under the WPG Leases including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the WPG Leases; (iii) any percentage rent that may be due under the WPG Leases; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification and other contractual obligations under each WPG Leases regardless of when they accrued. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the WPG Leases. *See* 11 U.S.C. § 365(b)(1).

17.     To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or WPG suffers other pecuniary losses with respect to the WPG Leases, WPG further reserves the right to amend the WPG Cure Amount to: (i) reflect such additional amounts; and (ii) to account for year-end adjustments, including, without limitation, adjustments for calendar year 2024 (collectively, the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the WPG Leases. The Debtors or any assignee of the WPG Leases must be responsible for satisfying the Adjustment Amounts when due in accordance with the terms of the WPG Leases regardless of when such Adjustment Amounts were incurred. To the extent that the Debtors are to remain responsible for any Adjustment Amounts, WPG requests that at the closing of the Proposed Sale, such funds be placed into a separate and segregated escrow account

outside of the Debtors' chapter 11 bankruptcy estates so that there is no question that sufficient, earmarked, unencumbered funds will be available to pay WPG when said Adjustment Amounts become due and owing to WPG in accordance with the terms of the WPG Leases.

18.     Further, under section 365(k) of the Bankruptcy Code the Debtors remain responsible for any contractual obligations under the WPG Leases that arose prior to the assumption and assignment of any WPG Lease, thus, any provision in the proposed order approving the Proposed Sale that purports to release the Debtors from any further liability under the WPG Leases, including those contractual obligations that arose prior to the assumption and assignment of the WPG Leases should be stricken.

19.     Finally, the proposed order approving the Proposed Sale or any order approving the assumption and assignment of the WPG Leases must provide, among other things, that the Debtors, the Successful Bidder or the proposed assignee promptly pay to WPG all amounts due and owing under the WPG Leases through the effective date of assumption and assignment of the WPG Leases (i.e., the WPG Cure Amount), as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Objection.

**B.  The Debtors are Required to Assume and Assign the WPG Leases in Their Entirety, Including Any and All Obligations Contained Therein, and all WPG's Rights Under the WPG Leases and Applicable Law Must be Preserved.**

20.     Any assumption and assignment of the WPG Leases requires the Debtors to assume and assign the WPG Leases in their entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained in the WPG Leases for which the Debtors are responsible. *See, e.g., In re N.Y. Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-

debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962 (1998))); *see also, e.g.*, *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted)). Further, the Proposed Sale cannot override the parties' contractually bargained for rights under the Lease. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens).

21.    The Purchaser or any Successful Bidder must be responsible for satisfying  all obligations and charges when due in accordance with the terms of the WPG Leases regardless of when such amounts were incurred. Accordingly, the proposed Sale Order must preserve WPG's right to payment of these charges and expressly provide that any assignee of the WPG Leases (including, but not limited to, the Purchaser or any Successful Bidder) continues to be responsible for any and all express and implied covenants and obligations under the WPG Leases or related documents or supplements, regardless of when such covenants or obligations arose.

22.    Further, WPG's rights under the WPG Leases and applicable law must survive any Sale. Any acquisition of the WPG Leases free and clear of liens and claims could presumably result in the impairment of WPG's setoff and recoupment rights under the WPG Leases and applicable law. WPG's rights under the WPG Leases (including defenses thereto) cannot be

extinguished through the Proposed Sale.

### C. **Debtors Must Demonstrate Adequate Assurance of Future Performance**

23.      In accordance with section 365 of the Bankruptcy Code, WPG must be provided with sufficient information with respect to adequate assurance of future performance prior to the potential assumption and assignment of the WPG Leases to the Successful Bidder or proposed assignee. The adequate assurance of future performance information provided to WPG as part of the Proposed Sale must demonstrate the heightened standards for adequate assurance of future performance in a shopping center will be satisfied by the Successful Bidder or proposed assignee in accordance with section 365 of the Bankruptcy Code.

24.      Under this requirement, the Debtors must provide to WPG assurances: (a) of the source of rent and other consideration due under the WPG Leases, and that the financial condition and operating performance of the Successful Bidder or proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the WPG Leases; (b) that any percentage rent due under the WPG Leases, if applicable, will not decline substantially; (c) that assumption and assignment of the WPG Leases is subject to all provisions of the WPG Leases, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the WPG Leases will not disrupt any tenant mix in the shopping center. *See* 11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating the Successful Bidder or proposed assignee's ability to provide adequate assurance of future performance. *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991). *See also In re Federated Dept. Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983).

25.    In order to satisfy the heightened adequate assurance of future performance burden, the Successful Bidder or any proposed assignee of the WPG Leases must provide the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (ii) the proposed assignee's intended use for the space; (iii) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the WPG Leases, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the WPG Leases; (v) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vi) a contact person for the proposed assignee WPG may directly contact in connection with the adequate assurance of future performance information.[5]

26.    WPG demands strict proof of the Successful Bidder's or the proposed assignee's ability to establish adequate assurance of future performance with respect to the WPG Leases. WPG is entitled to the full benefit of its bargain under the WPG and the full protections provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the WPG Leases must be in accordance with all provisions of the WPG Leases and the Bankruptcy Code. *See, e.g.*, *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

**D.    Any Designation Rights Must Comply with the WPG Leases and the Bankruptcy Code and Protect WPG's Rights**

27.    WPG objects to any attempt by the Debtors to side-step or invalidate the bargained-for protections in the WPG Leases, including, but not limited to, the continuous operating covenants

---

[5] WPG expressly reserves the right to request further adequate assurance information that WPG may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the ability of any proposed assignee of the WPG Leases to satisfy the requirements of section 365 of the Bankruptcy Code.

with the grant of the Designation Rights. WPG is entitled to the full benefit of its bargain under the WPG Leases and is entitled to the full protections provided by section 365 of the Bankruptcy Code. *See, e.g., In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). The Debtors and the Successful Bidder must strictly comply with all of the terms and conditions of the WPG Leases during the Designation Rights Period until such lease has been assumed, assumed and assigned or rejected. 11 U.S.C. § 365(d)(3); *see, e.g., In re new Almacs, Inc.*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996) (each recognizing that section 365(d)(3) of the Bankruptcy Code imposes an affirmative duty on a debtor to comply with all of its leasehold obligations).

28.    The Debtors' grant of the Designation Rights to the Successful Bidder as well as any proposed assumption and assignment of the WPG Leases and use of the Leased Premises during the Designation Rights Period must be in accordance with all provisions of the WPG Leases and the Bankruptcy Code. *See id.*

29.    The Debtors and the Successful Bidder must remain fully liable to WPG for the payment of all amounts due and owing to WPG under the WPG Leases during the Designation Rights Period. To the extent this Court approves the grant of the Designation Rights to the Successful Bidder, any order that is entered by this Court approving the same should expressly provide that the Debtors and the Successful Bidder must timely perform all of the obligations under the WPG Leases and section 365 of the Bankruptcy Code during the Designation Rights Period.

30.    The Successful Bidder and the Debtors must also be required to provide evidence that insurance coverage that complies with the terms of the WPG Leases is in place during the Designation Rights Period, effective as of the first day of the Designation Rights Period.

31.    WPG also objects to the granting of any Designation Rights to the extent that the use

and occupancy of the Leased Premises during the Designation Rights period violates any provision of the WPG Leases, including, but not limited to, any radius, location, use and/or exclusivity provisions contained in the WPG Leases. The Successful Bidder must also be required to adhere to all of the terms and conditions of the WPG Leases during the Designation Rights Period.

32.    Accordingly, if this Court approves the sale of the Designation Rights to the Successful Bidder, WPG respectfully requests that the Proposed Sale Order include (in addition to what is discussed otherwise herein) the following:

- Procedures that provide WPG with sufficient notice of future requests of the Debtors, or of the Successful Bidder, for approval of any proposed assumption and assignment of a WPG Leases.  Such procedures should provide WPG with an opportunity to object, on any basis, to any proposed assumption and/or assignment of the WPG Leases at such time that the Debtors or the Successful Bidder may seek to actually assume and assign the WPG Lease.

- A requirement that any proposed assignment of a WPG Leases comply with the provisions of the WPG Lease, including but not limited to use provisions, alteration provisions, signage provisions, and radius restrictions. The Debtors should not be allowed to sell the Designation Rights with a blanket order that allows the Successful Bidder to ignore or otherwise breach critical terms of the WPG Leases.

- A provision that makes clear that the Debtors remain obligated under the WPG Leases through the effective date of assumption and assignment or rejection of the WPG Leases, and that no agreement with the Successful Bidder alters the Debtors' obligations under the WPG Leases.

33.    Importantly, all rights of WPG to object to a proposed assumption and assignment of the WPG Leases at such time in the future during the Designation Rights Period (and to the extent that the Debtors or the Successful Bidder actually seeks to assume and assign the WPG Leases) must be expressly preserved in the Proposed Sale Order. The provisions requested herein will protect the rights of WPG and will ensure compliance with section 365 of the Bankruptcy Code.

34.    For the reasons set forth herein, WPG's concerns regarding the Designation Rights and the possible assumption and assignment of the WPG Leases as part of the Designation Rights

should be addressed by the Debtors and the Successful Bidder in the Proposed Sale Order.

**E.** **The Debtors' Proposed Designation Rights Period Must Comply with the Express Terms of Section 365(d)(4) of the Bankruptcy Code.**

35.    The WPG Leases are unexpired leases of nonresidential real property, which enjoys the protections of section 365(d)(4) of the Bankruptcy Code.  Section 365(d)(4) of the Bankruptcy Code requires (and it is well established) that the Debtors must assume or reject an unexpired lease of nonresidential real property by the date of confirmation of the Plan.  Specifically, section 365(d)(4) provides that the Debtors must assume or reject unexpired leases of nonresidential real property "by the earlier of (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." 11 U.S.C. § 365(d)(4)(A).  Section 365(d)(4) permits only one non-consensual 90-day extension of the time within which to assume or reject unexpired leases of nonresidential real property.  *See* 11 U.S.C. § 365(d)(4)(B)(i).

36.    Currently, the deadline for the Debtors to assume or reject leases under section 365(d)(4)(A) of the Bankruptcy Code is January 7, 2025, which they can then seek a 90-day extension to April 7, 2025, upon filing a motion for cause. 11 U.S.C. § 365(d)(4)(A)(i) & (B)(i); *see* Docket No. 1 (the Debtor's Petition Date is September 9, 2024, thus the initial section 364(d)(4) deadline is January 7, 2025).  Any further extension of the deadline to assume or reject an unexpired lease of nonresidential real property may only be granted "upon prior written consent of the lessor in each instance."  11 U.S.C. § 365(d)(4)(B)(ii).

37.    WPG presents this Objection to reserve its rights if the Proposed Sale Order provides an extension of the Designation Rights Period which runs afoul of the protections afforded to WPG under section 365(d)(4).

## RESERVATION OF RIGHTS

38.    Nothing in this Objection is intended to be, or should be construed as, a waiver by

WPG of any of its rights under any of the WPG Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to WPG Cure Amount, any proposed assumption and assignment of the WPG Leases, the Proposed Sale, the Stalking Horse Agreement and any amendment thereto, and the Proposed Sale Order; (b) amend the WPG Cure Amount; (c) assert any nonmonetary defaults under the WPG Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the WPG Leases; and (e) assert any further objections as it deems necessary or appropriate as it relates to the WPG Leases and/or the interests of WPG.

## **JOINDER**

39.     WPG joins in any objections that are filed by other landlords to the extent that they are not inconsistent with this Objection.

**WHEREFORE**, WPG respectfully requests that this Court: (a) sustain this Objection; (b) affirmatively require the Debtors and the Successful Bidder to comply with each and every term, condition and obligation set forth in the WPG Leases; and (c) grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

*[Signature Page Follows]*

Dated: November 5, 2024                        Respectfully submitted,

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB #3381)
Law Office of Susan E. Kaufman, LLC
919 North Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (320) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
(Admitted *pro hac vice*)
Frost Brown Todd LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com

**COUNSEL FOR WPG LEGACY, LLC**

## Exhibit A

0028924.0790918   4892-6607-9220v4