**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: November 6, 2024 at 4:00 p.m. (ET)** |
| | **Hearing Date: November 12, 2024 at 1:30 p.m. (ET)** |
| | **Related Doc: 18, 511, 612 & 683** |

**OBJECTION AND RESERVATION OF RIGHTS OF WPG MANAGEMENT ASSOCIATES, INC. TO THE NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT AND PROPOSED SALE TRANSACTION**

WPG Management Associates, Inc. ("WPG Management"), by its undersigned counsel, hereby files this objection and reservation of rights (this "Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (Docket No. 511) (the "First Assignment Notice"), the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (Docket No. 683) (the "Second Assignment Notice" and together with the First Assignment Notice, the "Assignment Notices"), and the proposed Sale Transaction pursuant to the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment*

*Procedures, and (VI) Granting Related Relief* (Docket No. 612) (the "Bid Procedures Order")[1]. In support of this Objection, WPG Management respectfully states:

## BACKGROUND

1.     On September 9, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2.     Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     Debtor Big Lots Management, LLC, as lessor, and WPG Management, as lessee, are parties to that certain Lease, dated April 7, 2023 (the "Office Lease"), for office space on the 4th floor (the "Leased Premises") of the building located at 4900 East Dublin Granville Road, Columbus, Ohio (the "Columbus Property"). A memorandum of lease with respect to the Office Lease was recorded with the Franklin County Recorder's Office on April 24, 2023 with Instrument Number 202304340038798 (the "Memorandum of Lease").

4.     In April 2024, pursuant to the Subordination and Non-Disturbance clause in the Office Lease, Big Lots Management, LLC obtained subordination, non-disturbance and attornment agreements from PNC Bank, National Association, recorded with the Franklin County Recorder's Office on April 19, 2024 with Instrument Number 202404190038230, and 1903P Loan Agent, LLC, recorded with the Franklin County Recorder's Office on May 17, 2024 with Instrument Number 202405170048480, whereby such entities agreed that WPG Management's leasehold

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Assignment Notices

interest in the Columbus Property shall not be diminished, interfered with or disturbed during the term of the Office Lease and any such extensions.

5.    As set forth in the Office Lease, the initial term of the Office Lease is sixty-two (62) months beginning on June 1, 2023, with one option to extend in favor of WPG Management for an additional successive period of three (3) years.

6.    The Office Lease is an unexpired lease of non-residential real property within the scope of section 365 of the Bankruptcy Code.

7.    On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Bid Procedures Motion") (Docket No. 18) seeking, among other things, entry of an order approving proposed Bidding Procedures and procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases. The Bid Procedures Motion also requests that the Court approve the sale of the Bid Assets "free and clear of" all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtor and any purchaser of the Bid Assets. *See* Bid Procedures Motion at ¶¶ 1, 56.

8.    Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, is the

---

or Bid Procedures Order, as applicable.

Stalking Horse Bidder under the proposed Bidding Procedures. Under the Stalking Horse APA, the Debtors intend to sell the Assets (as defined in the Stalking Horse APA) "free and clear of all Encumbrances (other than Permitted Encumbrances)." *See* Stalking Horse APA, Sec. 2.01(a). The Stalking Horse APA provides that "all Owned Real Property" are included in the Assets (as defined in the Stalking Horse APA) to be acquired by the Stalking Horse Bidder. *See* Stalking Horse APA, Sec. 2.01(b)(iv). Presumably, the Columbus Property is part of the Owned Real Property to be sold to the Stalking Horse Bidder; however, the filed Stalking Horse APA does not expressly identify the Owned Real Property (as defined in the Stalking Horse APA).

9.      On October 16, 2024, in connection with the proposed Bidding Procedures, the Debtors filed the First Assignment Notice, identifying the executory contracts and unexpired leases that may potentially be assumed and assigned to the Successful Bidder (defined herein) along with the proposed cure amounts necessary to cure any monetary defaults thereunder. The Office Lease was not listed on the First Assignment Notice.

10.     On October 25, 2024, this Court entered the Bid Procedures Order approving, among other things, the Bidding Procedures, which contemplate the Bid Assets being sold free and clear of any "pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon." *See* Bidding Procedures, ¶ 11.

11.     On October 30, 2024, the Debtors filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* (Docket No. 661) pursuant to which the Debtors selected Gateway BL Acquisition, LLC (the "Successful Bidder") as the successful bidder for the sale of substantially all the Debtors' assets.

12.     On October 31, 2024, the Debtors filed the Second Assignment Notice identifying

the executory contracts and unexpired leases that the Debtors intend to assume and assign to the

Successful Bidder. The Second Assignment Notice identifies the Office Lease on the Proposed

Assumed Contracts Schedule and lists a proposed cure amount of $0.00.

13.     Although the Office Lease is listed on the Proposed Assumed Contracts Schedule, as

set forth on the Second Assignment Notice, the assumption and assignment of the Contracts and

Leases on the Proposed Assumed Contracts Schedule is not guaranteed and subject, among other

things, to the Successful Bidder's right to remove an Assumed Contract or Assumed Leased from

the Proposed Assumed Contracts Schedule. Accordingly, it is unclear if the Office Lease will

ultimately be assumed and assigned by the Debtors to the Successful Bidder. As a result, WPG

Management files this Objection out of an abundance of caution to preserve and reserve WPG

Management's rights under the Office Lease, the Bankruptcy Code and applicable law, as it relates

to the proposed Sale Transaction in the event the Office Lease is not assumed and assigned to the

Successful Bidder.

## **OBJECTION**

14.     WPG Management does not object generally to the sale of the Debtors' assets and

the assumption and assignment of the Office Lease. WPG Management appreciates the Debtors'

efforts to preserve the going concern value of their businesses and undertake a sale process to

maximize the value of the estates for the benefit of creditors; however, WPG Management does

object to any sale that seeks to impair, limit and/or modify WPG Management's rights under the

Office Lease, the Bankruptcy Code and/or applicable law.

> I.      *WPG Management Objects to any Proposed Sale Free and Clear of WPG Management's Rights Under Section 365(h) of the Bankruptcy Code*

15.     Section 365(a) of the Bankruptcy Code provides that, subject to bankruptcy court

approval, a trustee or debtor-in-possession pursuant to 11 U.S.C. § 1107(a) "may assume or reject any executory contract or unexpired lease of the debtor."11 U.S.C. § 365(a).

16.     Notwithstanding the right of a trustee or debtor-in-possession to reject an unexpired lease under section 365(a) of the Bankruptcy Code, section 365(h)(1) of the Bankruptcy Code affords protections to a non-debtor lessee facing rejection of its lease by a debtor-lessor. *See* 11 U.S.C. § 365(h). Section 365(h)(1) of the Bankruptcy Code gives a non-debtor lessee the option of either treating the lease as terminated or retaining its rights under the lease for the balance of the lease term, including renewal options. *See id.*

17.     In enacting section 365(h)(1) of the Bankruptcy Code, Congress sought to "codify a delicate balance between the rights of a debtor-lessor and the rights of its tenants" by preserving the parties' expectations in a real estate transaction. *In re Lee Road Partners, Ltd.*, 155 B.R. 55, 60 (Bankr. E.D.N.Y. 1993) ("In short, § 365(h) seeks to prevent forcible evictions whenever possible."); *see In re Haskell, L.P.*, 321 B.R. 1 (Bankr. D. Mass. 2005) (debtor cannot sell its assets free and clear of a tenant's section 365(h) rights because it would be "doing indirectly what it could not do directly" under section 365(h) of the Bankruptcy Code). The provision's legislative history indicates that lawmakers intended to preserve the possessory rights of tenants and ensure that rejection of a lease by a debtor-lessor does not deprive the tenant of its estate for the term for which it bargained. *See* H.R. Rep. No. 95-595, 349–50 (1977); S. Rep. No. 95-989, 60 (1978); *In re Taylor*, 198 B.R. 142, 166 (Bankr. D.S.C. 1996) ("To allow a sale free and clear of a leasehold interest pursuant to § 363 even if the lessee received the value of its interest from the proceeds would effectively provide a debtor-lessor with means of dispossessing the lessee, a result which would appear to be in contravention of Congressional intent").

18.     In the event that the Successful Bidder seeks to acquire the Columbus Property free and clear of liens, claims, interests and encumbrances, with the intent of terminating WPG Management's leasehold interest in the Columbus Property, WPG Management objects to any such sale and asserts its rights and remedies under section 365(h)(1) of the Bankruptcy Code, including WPG Management's right to elect to retain possession of the Leased Premises pursuant to section 365(h)(1)(A)(ii) of the Bankruptcy Code. If the Office Lease is rejected by the Debtors, WPG Management, pursuant to its rights under section 365(h)(1)(B) of the Bankruptcy Code, may elect to retain its rights under the Office Lease and offset future rent against any damages caused by the Debtors' nonperformance under the Office Lease after the rejection date.[2] Further, the proposed Sale Order should expressly reserve WPG Management's possessory rights under section 365(h) of the Bankruptcy Code and expressly make the proposed Sale Transaction subject to such rights.

**II.**     *WPG Management is Entitled to Adequate Protection Under Section 363(e) of the Bankruptcy Code in Connection With the Proposed Sale Transaction*

19.     Section 363(e) of the Bankruptcy Code requires that, "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court… shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

20.     Courts have recognized, separate from a lessee's rights under section 365(h) of the Bankruptcy Code, that a debtor-lessor's sale of leased real property free and clear of liens, claims, interests and encumbrances under section 363(f) of the Bankruptcy Code is subject to

---

[2] WPG Management acknowledges that if it elects to retain its rights under the Office Lease, it may not assert a claim against the Debtors' estates.

providing "adequate protection" to the lessee. *See* 11 U.S.C. § 363(e); *Haskell*, 321 B.R. at 6 & 9 (recognizing sales under section 363(f) of the Bankruptcy Code are subject to the adequate protection requirement and the debtor has not offered or provided adequate protection of the tenant's possessory interest in the lease).

21.     Here, WPG Management has a possessory interest in the Columbus Property pursuant to the Office Lease that entitles it to adequate protection under section 363(e) of the Bankruptcy Code if the Columbus Property is sold pursuant to the Bidding Procedures. *Haskell*, 321 B.R. at 6.

22.     While section 361 of the Bankruptcy Code sets forth a non-exclusive list of the ways in which adequate protection may be provided, including replacement liens, periodic cash payments or such other relief to enable the entity to realize the indubitable equivalent of such entity's interest in the property, the only appropriate form of adequate protection of WPG Management's interest in the Office Lease would be continued possession of the Leased Premises. *See* 11 U.S.C. § 361; *Haskell*, 321 B.R. at 10 ("The Court finds that under the circumstances of this case adequate protection can only be achieved through continued possession of the leased premises."); *Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 712 (S.D.N.Y. 2014) (holding that the lessee was entitled to continued possession of the leased premises in order to adequately protect the lessee's interests in connection with the debtor's sale of the real property).

23.     WPG Management operates its business headquarters from the Leased Premises and employs approximately 158 with respect to its operations at the Leased Premises. Any attempted sale of the Columbus Property "free and clear" of the Office Lease would severely

interfere with and disrupt the business operations of WPG Management. Moreover, nothing in the Office Lease indicates that WPG Management could be compelled to accept money for its leasehold interest at the Columbus Property. In fact, the Office Lease includes a non-disturbance clause in connection with any Encumbrance (as defined in the Office Lease) holder and contemplates the recognition and protection of WPG Management's leasehold interest in the event of a transfer of the Columbus Property.  In the event the Successful Bidder seeks to acquire the Columbus Property free and clear of the Office Lease, this Court should permit WPG Management to remain in possession of the Leased Premises pursuant to the terms of the Lease as adequate protection of its interest. Adequate protection of WPG Management's interest can only be achieved through continued possession of the Leased Premises. *Haskell*, 321 B.R. at 10

## RESERVATION OF RIGHTS

24.    WPG Management reserves any and all rights to supplement and/or amend this Objection and expressly reserves the right to assert any further objections with respect to the Assignment Notices, the proposed Sale Transaction, the proposed Sale Order and the Successful Bidder's asset purchase agreement as it deems necessary or appropriate. Nothing in this Objection is intended to be, or should be construed as, a waiver by WPG Management of any of its rights under the Office Lease, the Bankruptcy Code, including sections 363(e) and 365(h) of the Bankruptcy Code, or applicable law. WPG Management expressly reserves all such rights.

## CONCLUSION

**WHEREFORE**, WPG Management respectfully requests that this Court sustain this Objection and grant WPG Management such other and further relief as this Court deems just and

appropriate under the circumstances.

Dated:  November 5, 2024
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold, Esq.
Ohio Bar No. 0061351
(Admitted *pro hac vice*)
FROST BROWN TODD LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com  E-mail

***Counsel for WPG Management Associates, Inc.***

0028924.0790918  4855-7022-8211v2