## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | ) |
| | ) Case No. 24-11967(JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Obj. Deadline:  Nov. 6, 2024 @ 4:00 p.m.** |
| | ) **Sale Hearing:  Nov. 12, 2024 @ 1:30 p.m.** |
| _____ | ) Re:     Docket Nos. 18 and 683 |

### LIMITED OBJECTION OF
### WALNUT CREEK PLAZA, LLC TO THE DEBTORS'
### SALE MOTION AND ASSUMPTION AND ASSIGNMENT NOTICE

Walnut Creek Plaza, LLC ("Walnut Creek" or "Landlord"), by and through its undersigned counsel, hereby files this *Objection* (the "Objection") to the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] (the "Sale Motion") and *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the "Assumption and Assignment Notice"), and in support thereof, respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND

1.      Walnut Creek is the landlord of a Big Lots store (Store No. 4532) located at 989 N. Walnut Creek Dr., Suite 151, Mansfield, TX 76063, pursuant to a written lease (as amended and modified, the "Lease"). The Lease relates to approximately 26,860 square feet of retail space in Mansfield, Texas (the "Leased Premises").

2.      The Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on September 9, 2024 ("Petition Date"). The Debtors have remained in possession of the estates' assets and continue to manage their financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      On the Petition Date, the Debtors filed the Sale Motion.

4.      On October 31, 2024, the Debtors filed the Assumption and Assignment Notice, wherein the Debtors provided notice of their intention to assume and assign the Lease to Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, the proposed purchaser of substantially all of the Debtors' assets (the "Purchaser"). As of the date hereof, the Landlord is not in possession of any proposed Sale Order or assumption and assignment agreement.

5.      The deadline to file objections to the Sale Motion and the Assumption and Assignment Notice is November 6, 2024, at 4:00 p.m. (ET).

## OBJECTION

6.      Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance of the Purchaser's future performance under the terms of unexpired leases sought to be assumed and assigned.

### A.    *Adequate Assurance of Future Performance*

7.    The Debtors proposed assumption and assignment of the Lease is subject to all terms of the Lease, including all amounts due and owing under the Lease such as obligations that may have accrued but may not have been billed under the Lease.

8.    By way of limited example, the Debtors are responsible for real estate taxes, utilities, and common area maintenance charges, including, without limitation, any "true up" amounts for these charges.

9.    As the Landlord has not been provided with any proposed Sale Order or any proposed assumption and assignment agreement, any final assumption and assignment of the Lease should clearly state that the Purchaser will assume all lease obligations and pay and perform them when due, regardless of whether they relate to the period prior to, or after, the proposed assumption and assignment. For the avoidance of doubt, the Landlord respectfully requests that the Debtors be required to execute an assumption and assignment agreement prior to any final assumption and assignment of the Lease.

10.    Any release in favor of the Debtors of further liability based upon a payment of cure amounts must specify that such release does not apply to any and all obligations of the Purchaser to pay accrued or accruing, but unbilled, charges that come due under the Lease.

### B.    *Indemnification and Hold Harmless*

11.    The Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Leased Premises subject of the Lease. Any assumption and assignment of the Lease must be subject to the terms of the Lease, including the continuation of all such indemnification

obligations, regardless of when any claim arose.[2] Nothing in any order should preclude the Landlord from pursuing the Debtors, their insurance, or any other party that may be liable under the Lease, and the Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

## C.    Signage

12.    The Debtors are responsible for the costs in connection with (a) obtaining any necessary permits, (b) placing, erecting, and maintaining signage, and (c) complying with any local codes and ordinances relating to signage. To the extent the Purchaser wishes to change signage, then the Purchaser is bound by the terms of the Lease relating to the same.

## D.    Restrictive Use Covenant

13.    The Debtors are bound by certain restrictive covenants set forth in the Lease, which may include exclusivity and permitted and prohibited uses on the Leased Premises. Accordingly, the Purchaser must be bound by these restrictions too.

14.    While the Landlord does not necessarily object to an assignment of the Lease, subject to this Objection, such assignment must be subject to any such restrictive covenants in the Lease.

## RESERVATION OF RIGHTS

15.    The Landlord reserves its rights to (a) amend this Objection for purposes of asserting any additional amounts which may be owed (whether pre-petition or administrative claims), (b) assert any claims (including, without limitation, administrative claims) for damages to the Leased Premises, the removal of personal property left behind by the Debtors, and/or for damages relating to removal or change of signage, (c) object to the proposed form of assumption

---

[2] Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f) of the Bankruptcy Code. Therefore, any assumption must be in accordance with all provisions of the Lease.

and assignment agreement, (d) enforce any other rights of the Landlord or obligations of the Debtors and/or assignee in connection with the assignment of the Lease, (e) object in the absence of compliance with any other restrictive use covenants, including, but not limited to, for the benefit of any other existing tenants, and (f) assert any rights under section 365(d)(3) of the Bankruptcy Code.

## JOINDER

16.    The Landlord joins the objections of other landlords to the Sale Motion and Assumption and Assignment Notice to the extent such objections are consistent with the foregoing.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that the Court sustain the Objection and grant any other relief as the Court deems just and proper.

Dated: November 5, 2024

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB # 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Harrison A. Pavlasek (*pro hac vice pending*)
FORSHEY & PROSTOK LLP
TX State Bar No. 24126906
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
hpavlasek@forsheyprostok.com

*Attorneys for Walnut Creek Plaza, LLC*