IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 511, 612 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
THE STOP & SHOP SUPERMARKET COMPANY LLC AND FOOD LION LLC
TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

The Stop & Shop Supermarket Company LLC ("Stop & Shop") and Food Lion LLC ("Food Lion"), both affiliates of Ahold Delhaize USA, Inc., file this limited objection and reservation of rights (the "Limited Objection") and respectfully represent as follows:

**BACKGROUND**

**A.    Sublease History**

1.    Debtor Big Lots Stores, LLC (f/k/a Big Lots Stores, Inc. and hereinafter referred to as "Big Lots") is the current subtenant under the following three subleases (collectively, the "Subleases"), pursuant to which Stop & Shop and Food Lion are the current sublandlords, as applicable:

- Sublease, dated as of November 17, 2004 (as may be amended or otherwise modified from time to time), between Stop & Shop and Big Lots, with the premises located at 2485 Warwick Avenue, Warwick, Rhode Island ("Store No. 1954");

- Sublease, dated as of March 28, 2013 (as may be amended or otherwise modified from time to time), between Food Lion and Big Lots (the "2013 Food Lion Sublease"), with the premises located at 526 N. Belair Road, Evans, Georgia ("Store No. 5299"); and

- Sublease, dated as of February 24, 2020 (as may be amended or otherwise modified from time to time), between Food Lion and Big Lots, with the premises located at 12295 Capital Boulevard, Wake Forest, North Carolina ("Store No. 5428").

2. Each Sublease provides that Big Lots is responsible to pay to Stop & Shop or Food Lion, as applicable, base rent plus other amounts such as additional rent, which may include items such as common area maintenance charges ("CAM"), depending upon the terms of the applicable Sublease. Specifically as it pertains to Store No. 5299, the 2013 Food Lion Sublease provides, in relevant part, that Big Lots is responsible to pay to Food Lion Base Rent plus Additional Rent which includes, without limitation, CAM, Insurance, and Real Estate Taxes (each as defined in the 2013 Food Lion Sublease).

3. As of the Petition Date, Big Lots failed to pay certain amounts owed to Stop & Shop or Food Lion, as applicable, pursuant to the terms of the operative Sublease. Specifically as it pertains to Store No. 5299, Big Lots failed to pay certain amounts owed to Food Lion, on account of Base Rent and CAM, totaling $120,241.51. Further details pertaining to the amounts owed to Food Lion by Big Lots in connection with Store No. 5299, governed by the 2013 Food Lion Sublease, are set forth on the Aged Delinquencies Report, dated as of October 28, 2024, attached hereto as **Exhibit 1**.

**B.    Procedural History**

4. On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and thereby commenced their individual chapter 11 cases.

5. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets*

*Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Bid Procedures Motion") [Docket No. 18].

6. On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 95].

7. On October 16, 2024, in connection with the Bid Procedures Motion, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (the "Cure Notice") [Docket No. 511].

8. The Cure Notice lists the three Subleases, each as leases to be potentially assumed and assigned to the Successful Bidder(s) (as defined in the Bid Procedures Motion), with Cure Costs[1] listed as follows:

- Store No. 1954, located at 2485 Warwick Avenue in Warwick, Rhode Island: $17,500

- Store No. 5299, located at 526 N. Belair Road in Evans, Georgia: $31,282

- Store No. 5428, located at 12295 Capital Boulevard in Wake Forest, North Carolina: $27,675

9. On October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (the "Bid Procedures Order") [Docket No. 612].

---

[1] Unless specified otherwise, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bid Procedures Order.

10. The Assumption and Assignment Procedures contained in the Bid Procedures Order provide that the deadline for parties to object to the Debtors' proposed Cure Costs contained in the Cure Notice is November 6, 2024 at 4:00 p.m. (Eastern Time).

## **LIMITED OBJECTION**

11. Food Lion hereby files this Limited Objection to the Debtors' Cure Cost listed for Store No. 5299 in the amount of $31,282 because it is incorrect. As set forth on the Aged Delinquencies Report attached hereto as Exhibit 1, the correct Cure Cost in connection with Store No. 5299 is $120,241.51.

12. For the avoidance of doubt, Stop & Shop and Food Lion do not hereby object to the Debtors' Cure Costs listed for Store Nos. 1954 and 5428 but do, nonetheless, reserve their rights as provided for further in this Limited Objection.

13. Further, neither Stop & Shop nor Food Lion object in principle to the assumption and/or assignment of the Subleases. However, upon information and belief, Food Lion submits that, in order for the Debtors to assume and/or assign the 2013 Food Lion Sublease, the amount necessary to cure all monetary defaults thereunder is not less than $120,241.51.

## **ARGUMENT**

14. Section 365(b) of the Bankruptcy Code provides, in relevant part, that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  This section of the Bankruptcy Code allows "a debtor to 'continue in a beneficial contract provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of said contract." *In re J.W. Mays*, 30 B.R. 769, 772 (Bankr. S.D.N.Y. 1983).  Hence, the Debtors must cure *all* defaults under the Subleases as of the date of assumption (not merely prepetition defaults as of the Petition Date), including namely the 2013 Food Lion Sublease, and provide adequate assurance of future performance before they may be assumed.  *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

15.     Here, as noted above, Food Lion specifically objects to the Debtors' proposed Cure Cost in connection with the 2013 Food Lion Sublease because it fails to accurately reflect all of the outstanding monetary obligations that Big Lots owes to Food Lion under such Sublease.  Big Lots has used, and continues to use, Store No. 5299 to generate business since the Petition Date, yet remains in default under the operative 2013 Food Lion Sublease.  As such, ADUSA objects to the assumption of the 2013 Food Lion Sublease absent payment of all amounts owed thereunder, in an amount not less than $120,241.51.

## RESERVATION OF RIGHTS

16.     Stop & Shop and Food Lion hereby reserve their rights to object to any other relief sought by the Debtors in connection with the assumption and/or assignment of the Subleases, including without limitation, any additional amounts coming due under the Subleases around or after the filing of this Limited Objection, and any assignee's proposed adequate assurance of future performance pursuant to section 365(b)(1)(C) of the Bankruptcy Code.  Stop & Shop and Food Lion also reserve the right to amend or supplement this Limited Objection in the future as they deem appropriate based upon the foregoing items or otherwise when the Subleases are identified as leases to be actually assumed and/or assigned.  Further, Stop & Shop and Food Lion reserve the

right to seek an administrative claim for the stub-rent owed under each of the Subleases for the period of September 10, 2024 through September 30, 2024, pursuant to section 503(b)(1) of the Bankruptcy Code.

17. Nothing contained herein shall be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Subleases between Big Lots and Stop & Shop or Food Lion, as applicable.

WHEREFORE, Stop & Shop and Food Lion respectfully request that the Court enter and order (i) sustaining this Limited Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing under each of the Subleases up until the date of assumption; (iii) requiring the Debtors to provide adequate assurance of future performance pursuant to the Subleases; (iv) establishing the Cure Cost pertaining to Store No. 5299 in the amount of $120,241.51 is owed to Food Lion pursuant to the 2013 Food Lion Sublease in accordance with section 365(b)(1)(A) of the Bankruptcy Code; and (v) granting Stop & Shop and Food Lion such other and further relief as the Court deems proper.

Dated: November 5, 2024         Respectfully submitted,

*/s/ Gregory G. Hesse*
Gregory G. Hesse (TX Bar No. 09549419)
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone:     (214) 979-3000
E-mail:          ghesse@HuntonAK.com

***Counsel for The Stop & Shop Supermarket Company LLC and Food Lion LLC***