**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br>Re:  D.I. 511 & 683 |

**LIMITED OBJECTION OF 1255 SUNRISE REALTY, LLC
AND 4101 TRANSIT REALTY LLC TO DEBTORS' PROPOSED
ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES**

1255 Sunrise Realty, LLC ("1255 Sunrise") and 4101 Transit Realty LLC ("4101 Transit," together with 1255 Sunrise, "Landlords"), by their undersigned counsel, hereby object to the potential assumption and assignment of certain unexpired leases as set forth in the Debtors' notices of potential or proposed assumption and assignment of executory contracts or unexpired leases and cure amounts filed on October 16, 2024 (D.I. 511) and October 31, 2024 (D.I. 683) (together, the "Assumption and Assignment Notice"), and in support state as follows.

**Background**

1. On September 9, 2024 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Landlords are creditors and lease counterparties of Debtor Big Lots Stores, LLC (the "Debtor").  1255 Sunrise is the current landlord for the property located at 1255 Sunrise Highway, Copiague, NY 11726 (designated Real Property Lease Store #1753 on the Assumption

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

and Assignment Notice) (the "1255 Sunrise Lease").  4101 Transit is the current landlord for the property located at 4101 Transit Road, Buffalo, New York 14221 (designated Real Property Lease Store #1852 on the Assumption and Assignment Notice) (the "4101 Transit Lease," together with the 1255 Sunrise Lease, the "Leases").

3. As of the Petition Date, the Debtor failed to make the rent and additional rent payments due on September 1, 2024 on each of the Leases.

4. The Debtors identify the Leases as unexpired leases in the Assignment and Assumption Notice, with pre-petition cure amounts of $47,731.00 for the 1255 Sunrise Lease, and of $21,547.00 for the 4101 Transit Lease.

## Argument

5. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  The Bankruptcy Code further provides that adequate assurance of future performance of a lease of *real property in a shopping center* includes adequate assurance that any percentage rent under the lease will not decline substantially, and that assumption and assignment of the lease remain subject to all restrictive covenants contained therein, among other protections. *See* 11 U.S.C. § 365(b)(3).

6. ***Cure Amounts.*** The cure amounts identified by the Debtors are sufficient to cure the Debtor's outstanding *prepetition* default for failure to pay the rent and additional rent payments due on September 1, 2024 under each respective Lease. However, as set forth above, the Bankruptcy Code requires debtors to cure all defaults under an unexpired lease as of the date of assumption, not as of the Petition Date. As of the date hereof, Landlords have not received the rent and additional rent due on November 1, 2024 under each respective Lease. Those amounts, plus all amounts that may become due after the date hereof, but prior to the date of assumption, must be included in the cure payment.

7. Additionally, certain obligations may accrue in the future but will not be due under the terms of the Leases prior to assumption, such as CAM, percentage rent, real estate taxes, and other monthly expenses paid on an estimated basis and reconciled annually. Any amounts owed that are not included in the proposed cure amount should be paid by the Debtors or the assignee. Any order approving the Lease assumptions and assignments should specify that the Landlords' rights regarding accrued but not yet due obligations under the Leases (including CAM, insurance, and real estate taxes) remain unimpaired and are not prejudiced by the assumption or assignment. Landlords object to the proposed cure amount to the extent it purports to represent "all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the Petition Date, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Petition Date," as stated in the Assignment and Assumption Notice. The cure amounts identified on the Assumption and Assignment Notice are not an accurately reflection of all such amounts. These amounts should be paid post-assumption as they become due in accordance with the parties' past practices or as dictated by the Leases or applicable law.

8. The Debtors are required to cure all nonmonetary and/or unliquidated obligations under the Leases including, without limitation, indemnification obligations. For example, the Debtor is obligated to indemnify the respective Landlords against certain losses. *See* 1255 Sunrise Lease §§ 7.5, 14.1; 4101 Transit Lease § 11.[2] Landlords objects to entry of an order approving a sale of their respective Leases to the extent it does not provide that any and all unliquidated obligations shall survive the assumption and assignment, and that any assignee shall take the Lease subject to all of its respective terms and undertake to satisfy all monetary and non-monetary obligations under the Lease, regardless of whether such obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Lease.

9. ***Adequate Assurance of Future Performance.*** Landlords reserve the right to object on the basis of lack of adequate assurance of future performance to the extent that the respective Leases are proposed to be assigned to any party other than the Stalking Horse Bidder (as defined in the Assumption and Assignment Notice). In connection with such rights to adequate assurance of future performance, each Lease constitute a "lease of real property in a shopping center" for purposes of section 365(b)(3) of the Bankruptcy Code, and any assignee, whether the Stalking Horse Bidder or any other purchaser, must comply with all restrictive covenants stipulated within the respective Leases.

10. ***Section 365(d)(3) Rights.*** Amounts that first become due under the Leases after the Petition Date but prior to the rejection or assumption of the Leases must be promptly paid under section 365(d)(3) of the Bankruptcy Code. Landlords object to the extent the proposed cure amount is construed as limiting any of the Debtor's obligations under section 365(d)(3) of the Bankruptcy Code.

---

[2] The Leases are voluminous and so have not been attached hereto. Copies of the Leases are available upon reasonable written request to the undersigned, subject to appropriate confidentiality protection.

**Reservation of Rights**

11. Landlords reserve the right to join in the objection of any other similarly situated party in interest to the extent that such objection is not inconsistent herewith. Landlords reserve all rights with respect to their Leases, including, without limitation, their right to amend or supplement this Objection and to raise any other arguments in connection herewith. Nothing herein shall be deemed to waive any of Landlords' procedural, substantive, or other rights, privileges, and remedies in connection with their respective Leases (including, without limitation, all rights under sections 365(d)(3) and 503(b) of the Bankruptcy Code), all of which are hereby reserved.

**WHEREFORE,** Landlords respectfully request that the Court enter an order conditioning the Debtors' request for assumption and assignment of the Leases upon: (i) payment of the full amount required to cure all defaults as of the date of any assumption and assignment; (ii) survival of any unliquidated obligations following such assumption and assignment; (iii) the Debtors' providing of adequate assurance of future performance under the Leases by any proposed assignee thereof; and (iv) granting such other and further relief in favor of the Landlords as the Court may deem just or proper.

Dated: November 5, 2024
Dallas, Texas

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

*/s/ Gregory G. Hesse*
Gregory G. Hesse (Delaware Bar No. 005710)
Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
(214) 979-3000
ghesse@huntonak.com

*Counsel for 1255 Sunrise Realty, LLC and 4101 Transit Realty LLC*