# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>Hearing Date: November 12, 2024 at 1:30 p.m. (ET)<br>Objection Deadline: November 6, 2024 at 4:00 p.m. (ET)<br><br>Related Docket Nos. 511, 683 |

**OBJECTION AND RESERVATION OF RIGHTS OF BRUNSWICK MZL, LLC, CHILI MZL, LLC, G&I X TREXLER TOWN MZL, LLC AND JACKSONVILLE MZL, LLC TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Brunswick MZL, LLC (the "Brunswick Landlord"), Chili MZL, LLC (the "Chili Landlord"), G&I X Trexler Town MZL, LLC (the "Trexler Landlord") and Jacksonville MZL, LLC (the "Jacksonville Landlord" and, collectively with the Brunswick Landlord, the Chili Landlord and the Trexler Landlord, the "Landlords"), by their undersigned counsel, files this objection and reservation of rights (the "Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [DI 683] (the "Cure Notice"). In support of this Objection, the Landlords respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**BACKGROUND**

A. **Procedural Background**

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing these Chapter 11 cases (the "Bankruptcy Cases"). No trustee or examiner has been appointed in the Bankruptcy Cases and the Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtors also filed, *inter alia*, the *Motion of Debtors for Entry of Orders (i) (a) Approving Bidding Procedures for Sale of Debtors' Assets, (b) Approving the Stalking Horse Bid Protections, (c) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (d) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (e) Approving Assumption and Assignment Procedures, (ii) (a) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (b) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (iii) Granting Related Relief* [DI 18] (the "Sale Motion").

3. On October 16, 2024, in connection with the Sale Motion, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [DI 511] (the "Initial Cure Notice").

4. On October 25, 2024, the Court entered the *Order (i) Approving Bidding Procedures for Sale of Debtors' Assets, (ii) Approving the Staling Horse Bid Protections, (iii) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (iv) Approving Form*

*and Manner of Notices of Sale, Auction, and Sale Hearing, (v) approving Assumption and Assignment Procedures, and (vi) Granting Related Relief* [DI 612] (the "Bid Procedures Order").

5. On October 30, 2024, the Debtors filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* [DI 661] (the "Successful Bidder Notice"), in which the Debtors announced the stalking horse bidder, Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, as the successful bidder for certain of the Debtors' assets (the "Successful Bidder").

6. On October 31, 2024, the Debtors filed the Cure Notice.

7. As set forth in the Bid Procedures Order, the Successful Bidder Notice and the Cure Notice, a hearing on the proposed sale of the Debtors' assets (the "Sale"), as well as the assumption and assignment of certain unexpired leases, is currently scheduled for November 12, 2024, at 1:30 p.m. (ET).

**B.    The Leases**

8. Brunswick Lease/Store No. 1694. The Brunswick Landlord (as successor-in-interest to Developers Diversified Cook's Corner, LLC, successor-in-interest to Developers Diversified Cook's Corner, LP) and Debtor Big Lots Stores, LLC (f/k/a Big Lots Stores, Inc.) are parties to that certain Lease Agreement originally dated March 29, 2002 (as may have been amended, supplemented or otherwise modified, the "Brunswick Lease"), pursuant to which the referenced Debtor tenant leases approximately 40,000 square feet of retail space for the operation of Store No. 1694 in the Brunswick Landlord's shopping center known as "Cook's Corner Shopping Center" and generally located at 8 Gurnet Road, Brunswick, Maine 04011, as more particularly described in the Brunswick Lease.

9. <u>Chili Lease/Store No. 4706</u>. The Chili Landlord and Debtor Big Lots Stores - PNS, LLC (f/k/a PNS Stores, Inc.) are parties to that certain Lease Agreement originally dated February 19, 2019 (as may have been amended, supplemented or otherwise modified, the "<u>Chili Lease</u>"), pursuant to which the referenced Debtor tenant leases approximately 38,000 square feet of retail space for the operation of Store No. 4706 in the Chili Landlord's shopping center known as "Chili Plaza Shopping Center" and generally located at 800-810 Paul Road, Chili, New York 14624, as more particularly described in the Chili Lease.

10. <u>Trexler Lease/Store No. 1956</u>. The Trexler Landlord (as successor-in-interest to Cedar-Trexler Plaza 2, LLC, successor-in-interest to Trexler Plaza Associates) and Debtor Big Lots Stores, LLC (f/k/a Big Lots Stores, Inc.) are parties to that certain Lease Agreement originally dated January 13, 2005 (as may have been amended, supplemented or otherwise modified, the "<u>Trexler Lease</u>"), pursuant to which the referenced Debtor tenant leases approximately 33,824 square feet of retail space for the operation of Store No. 1956 in the Trexler Landlord's shopping center known as "Trexlertown Shopping Center" and generally located at 7150 Hamilton Boulevard, Trexlertown, Pennsylvania 18087, as more particularly described in the Trexler Lease.

11. <u>Jacksonville Lease/Store No. 5143</u>. The Jacksonville Landlord (as successor-in-interest to Argyle Forest Retail I, LLC) and Debtor Big Lots Stores, LLC (f/k/a Big Lots Stores, Inc.) are parties to that certain Lease Agreement originally dated July 7, 2010 (as may have been amended, supplemented or otherwise modified, the "<u>Jacksonville Lease</u>" and, collectively with the Brunswick Lease, the Chili Lease and the Trexler Lease, the "<u>Leases</u>"), pursuant to which the referenced Debtor tenant leases approximately 28,445 square feet of retail space for the operation of Store No. 5143 in the Jacksonville Landlord's shopping center known as "Oakleaf Town

Center" and generally located at 9625 Crosshill Boulevard, Jacksonville, Florida 32222, as more particularly described in the Jacksonville Lease.

13. The Leases are each a "lease of real property in a shopping center" for purposes of section 365(b)(3) of the Bankruptcy Code.

13. Pursuant to the terms of the Leases, rent is due in advance on the first day of each month. Additionally, pursuant to the terms of the Chili Lease, the Trexler Lease and the Jacksonville Lease, the respective Debtor tenants are obligated to pay certain common area maintenance charges, real estate taxes, insurance amounts, and certain other charges. The Brunswick Lease is a "gross" lease pursuant to which the Debtor tenant is obligated to pay, in addition to the monthly fixed minimum rent, an additional percentage rent and certain other charges.

C. **The Cure Notice**

14. In the schedule included with the Cure Notice, the Debtors have listed each of the Leases, which may be assumed and assigned to the Successful Bidder in connection with the Sale, along with a "preliminary estimated cure amount" (the "Proposed Cure Amounts"). A summary of the information provided in the Cure Notice with respect to the Leases and the Proposed Cure Amounts is set forth below:

| DEBTOR TENANT | LANDLORD | STORE NO. | STORE LOCATION | PROPOSED CURE AMOUNT |
|---|---|---|---|---|
| Big Lots Stores, LLC | Brunswick | 1694 | Brunswick, ME | $23,833.33 |
| Big Lots Store – PNS, LLC | Chili | 4706 | Chili, NY | $28,719.24 |
| Big Lots Stores, LLC | Trexler | 5143 | Trexlertown, PA | $25,942.82 |
| Big Lots Stores, LLC | Jacksonville | 1956 | Jacksonville, FL | $36,800.72 |

15.     Based on the Landlords' review of their books and records, the Proposed Cure Amounts are incorrect as of the date of the filing of this Objection.  Additionally, the landlord entity for the Brunswick Lease is incorrectly identified in the Cure Notice schedule as "Brunswick Property Management LLC."  As noted above, the Brunswick Landlord is "Brunswick MZL, LLC."  The Debtors have also included in the Cure Notice schedule two line items for the Trexler Lease – one with the Proposed Cure Amount set forth above and one with a Proposed Cure Amount of $0.  The latter may have been inadvertently included, but should be removed to avoid confusion.

16.     Set forth below is a summary of the actual cure amounts for the Leases as of the date of this Objection (each, an "Actual Cure Amount" and, collectively, the "Actual Cure Amounts"):

| DEBTOR TENANT | LANDLORD | STORE NO. | STORE LOCATION | PROPOSED CURE AMOUNT |
|---|---|---|---|---|
| Big Lots Stores, LLC | Brunswick | 1694 | Brunswick, ME | $49,096.67 |
| Big Lots Store – PNS, LLC | Chili | 4706 | Chili, NY | $94,642.25 |
| Big Lots Stores, LLC | Trexler | 5143 | Trexlertown, PA | $40,034.88 |
| Big Lots Stores, LLC | Jacksonville | 1956 | Jacksonville, FL | $69,036.57 |

17. A detailed summary of the charges comprising the Actual Cure Amounts based on information in the Landlords' ledgers with respect to the Leases is attached to the Objection as **Exhibit A**.

18. The Landlords timely file this Objection to address the foregoing, as well as certain other issues related to the Debtors' proposed assumption and assignment of the Leases.

## **OBJECTION**

19. While not opposed generally to the proposed Sale and assumption and assignment of the Leases to the Successful Bidder, the Landlords do object to the Proposed Cure Amounts, as well as the proposed assumption and assignment of the Leases without the cure of all existing defaults and adequate assurance of future performance under the Leases.

A.     **The Proposed Cure Amounts Are Incorrect**

20. The Landlords object to the Proposed Cure Amounts as not encompassing all obligations under the Leases. In order to assume and assign the Leases, the Debtors must: (a) cure all existing defaults; (b) compensate the Landlords for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or

7

lease. 11 U.S.C. § 365(b)(1). The Debtors' assumption and assignment of the Leases must be *cum onere* – including all of the conditions, liabilities and obligations, as well as the benefits of the Leases. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (same). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the Leases before, on and after the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an…unexpired lease of the debtor, the trustee may not assume such…lease unless, at the time of assumption of such…lease, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default…").

21. Currently, the Debtors are in monetary default to the Landlords in at least the amount of the Actual Cure Amounts, as set forth in the detailed summary attached to this Objection as **Exhibit A**. As such, the Landlords request that the Proposed Cure Amounts be modified to the Actual Cure Amounts.

22. In addition to the Actual Cure Amounts, there are additional amounts that may accrue under the Leases between now and a future date of assumption or assumption and assignment that must be paid or reserved for by Court order as part of any cure and assumption or assumption and assignment of the Leases. The Cure Notice and the Proposed Cure Amounts also do not address amounts that are not currently due and payable, but which relate back to the pre-assumption and assignment time period and may become due and payable post-assumption and assignment.

23. The amount necessary to cure defaults under the Leases may increase prior to the actual assumption or assumption and assignment of the Lease if the Debtors do not pay all amounts that accrue prior to assumption of the Lease. Any assumption and assignment of the Lease must

be conditioned upon full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to the Landlords of all amounts due and owing under the Leases through the effective date of the assumption or assumption and assignment of the Leases.

24. The Leases also provide that the Debtor tenant shall indemnify and hold the applicable Landlord harmless with respect to certain claims which may not become known until after the assumption of the Leases, examples of which may include claims for personal injuries or damage to the premises by the Debtors or their agents. Any assumption or assumption and assignment of the Leases must be pursuant to the terms of the Leases, including the assumption of all indemnification obligations, regardless of when they arose.

25. Accordingly, and in addition to the requested modification of the Proposed Cure Amounts, the Landlords request that any order approving the Sale and assumption and assignment of the Leases must also provide that the Debtors and/or the Successful Bidder (or any other proposed assignee of the Leases) are liable as part of the cure for the following pursuant to the terms of the Leases regardless of when the charges accrued: (a) pre-petition and post-petition rent and other charges due under the Leases, (b) amounts due and owing under the Leases which may be unbilled as of the date of this Objection, including, but not limited to, regular or periodic adjustments for common area maintenance expenses, real estate taxes, insurance amounts and similar charges, (c) any regular or periodic adjustments under the Leases which were not due or had not been determined as of the date of this Objection, (d) any non-monetary defaults, and (e) insurance and indemnification obligations under the Lease.

B. **No Adequate Assurance of Future Performance Has Been Provided**

26. The Landlords also object to the assumption and assignment to the Successful Bidder (or any other proposed assignee) of the Leases as the Landlords have not been provided with adequate assurance of future performance.

27. Pursuant to section 365(b)(1)(C) of the Bankruptcy Code, the Leases may not be assumed or assumed and assigned unless the Landlords are provided with adequate assurance of future performance under the Leases. To date, the Landlords have not received any adequate assurance, or any financial information related thereto, demonstrating that the Successful Bidder (or any other proposed assignee of the Leases) is able to perform and meet its obligations under the Leases.

28. As noted above, the Leases are each a "lease of real property in a shopping center" for purposes of section 365(b)(3) of the Bankruptcy Code. Accordingly, the Landlords are also entitled to adequate assurance:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). *See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000); *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 359 (Bankr. D. Del. 1999).

29. In order for the Landlords to determine that sufficient adequate assurance is provided, they must be able to at least evaluate the financial wherewithal of the Successful Bidder (or any other proposed assignee of the Leases). The Landlords request that information regarding adequate assurance under section 365(b) of the Bankruptcy Code be provided as promptly as possible. The Landlords submit that, prior to any assumption or assumption and assignment of the Leases, such information, as well as sufficient time for the review thereof, be provided.

## ATTORNEYS' FEES

30. The Brunswick Lease, the Chili Lease and the Jacksonville Lease provide for the payment of the applicable Landlord's attorneys' fees by the applicable Debtor tenant under certain circumstances, including, but not limited to, in connection with the applicable Landlord enforcing the provisions of the applicable Lease. The Brunswick Landlord, the Chili Landlord and the Jacksonville Landlord request that the applicable Landlord's attorneys' fees incurred in this matter should be paid in addition to the applicable Actual Cure Amounts.

## RESERVATION OF RIGHTS

31. The Landlords reserve the right: (a) to amend, modify and/or supplement this Objection, including, without limitation, to add and supplement the objections in this Objection to the Cure Notice, or to amend and or supplement the Actual Cure Amounts; (b) to assert, in addition to the Actual Cure Amounts, any and all additional amounts, true-ups, regular and periodic adjustments, and reconciliations that have not yet come due, but that may come due and have yet to be calculated; and (c) to assert, in addition to the Actual Cure Amounts, additional amounts that may come due and owing prior to any assumption or assumption and assignment of the Leases.

32. In addition, the Landlords reserves all rights with respect to the Debtors' burden of providing adequate assurance of future performance by the Successful Bidder (or any other proposed assignee of the Leases).

### JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

33. To the extent consistent with the objections raised in this Objection, the Landlords also join in and incorporate by reference the objections of other shopping center lessors to the Cure Notice and/or the Initial Cure Notice.

WHEREFORE, the Landlords respectfully request that the Court (i) sustain this Objection and condition the assumption or the assumption and assignment of the Leases accordingly, (ii) require that the full amounts of the Actual Cure Amounts asserted herein are paid prior to any assumption or assumption and assignment of the Leases, (iii) require that any additional amounts asserted by the Landlords under the Leases be paid prior to any assumption or assumption and assignment of the Leases, (iv) require the Landlords be provided with adequate assurance of future performance under the Leases and (v) provide such other and further relief as is just and proper.

Dated: November 5, 2024  
       Wilmington, Delaware

**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

*/s/ Gregory T. Donilon*  
Gregory T. Donilon (No. 4244)  
1105 North Market Street, 15th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 504-7800  
Facsimile: (215) 731-3740  
Email: gdonilon@mmwr.com

*ATTORNEY FOR LANDLORDS BRUNSWICK MZL, LLC, CHILI MZL, LLC, JACKSONVILLE MZL, LLC AND G&I X TREXLER TOWN MZL, LLC*