## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **RE: D.I. 683** |
| | **Obj Deadline: November 6, 2024 at 4 pm**. |

### LIMITED OBJECTION OF MUZAK, LLC TO
### DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF
### EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS

Muzak, LLC d/b/a Mood Media ("Mood Media"), by and through its undersigned counsel, submits this objection (this "Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683] ("Cure Notice").[2]  In support of this Objection, Mood Media respectfully states as follows:

### BACKGROUND

1.    Mood Media and the Big Lots Stores, Inc. entered the Mood Media Multi Territory Account Service Agreement dated September 6, 2016 (the "Initial Agreement"). The Initial Agreement was subsequently amended (the "Amendment" together with the Initial Agreement, the "Mood Media Agreement") on December 18, 2019. Pursuant to the Mood Media Agreement,

---

[1]   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cure Notice.

Mood Media provides background music and on-site messaging services (the "Services") to the Debtors' stores. Mood Media also provides the associated equipment as part of the services.

2.    On September 9, 2024 (the "Petition Date"), the above captioned debtors (each a "Debtor," and collectively, the "Debtors") commenced the above-referenced jointly administered bankruptcy cases (the "Cases") under Chapter 11 of the Bankruptcy Code.

3.    On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors seek entry of an order, among other things, approving the Bidding Procedures in connection with the proposed sale of substantially all of the Debtors' assets to the Stalking Horse Bidder, or such other Successful Bidder after an Auction, and procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction (the "Assumption and Assignment Procedures").

4.    On September 23, 2016, an Official Committee of Unsecured Creditors was appointed [D.I. 248].

5.    On October 25, 2024, the Court entered an order approving, among other things, the Assumption and Assignment Procedures [D.I. 612] (the "Bidding Procedures Order").

6.    On October 16, 2024, the Debtors filed the Cure Notice. Appended to the Cure Notice is a list of the Debtors' executory contracts, together with the cure amounts the Debtors believe

must be paid (the "Cure Costs") to the applicable contract counterparties as a condition to assumption and assignment under Section 365 of the Bankruptcy Code (the "Contracts Schedule").

7.    The Debtors identify fifteen (15) contracts (the "Notice Contracts") reflecting the obligations owing to Mood Media (or its affiliates or predecessor) pursuant to the Notice Contracts. The Contracts Schedule does not provide a "Preliminary Estimated Cure Amount" or otherwise provides a cure amount of zero dollars ($0.00).

8.    However, the current unpaid amount due under the Mood Media Agreement is $102,998.36 for invoices for the period of July 1, 2024 through September 1, 2024. The outstanding invoices for this period is reflected in the statement of account attached hereto as **Exhibit A**.

**OBJECTION**

9.    Mood Media files this Objection to (a) clarify the Cure Costs associated with the Mood Media Agreement, and (b) reserve certain rights.

10.   Mood Media objects to the $0.00 Cure Cost associated with the Mood Media Agreement; the correct Cure Costs is at least $102,998.36.

11.   Furthermore, defaults or other obligations of the Debtors under the Mood Media Agreement may arise or accrue prior to the closing date of any relevant sale transaction(s).  Prior to assumption of the Mood Media Agreement, the Debtors are required by section 365(b)(1)(A) of the Bankruptcy Code to cure *all* outstanding defaults, including those that may arise or accrue post-petition through the closing date of any relevant sale transaction.  *See* 11 U.S.C. §365(b)(1)(A).  Accordingly, Mood Media demands, as a condition to assumption and assignment of any Mood Media Agreement, that any such defaults relevant thereto, including post-petition defaults, be cured.

12. Mood Media expressly reserves the right to amend, modify, or supplement this Objection to assert additional monetary or non-monetary defaults under the Mood Media Agreement that it determines must be cured.  Moreover, by this Objection, or any later appearance, pleading, or claim, Mood Media does not waive any other rights, claims, actions, defenses, set-offs, or recoupments to which it is or may be entitled under the Mood Media Agreement, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, set-offs, and recoupments are expressly reserved.  These include without limitation the right of Mood Media to amend, modify, or supplement this Objection to include as additional Cure Costs, any postpetition liabilities of the Debtors under the Mood Media Agreement, which may have accrued, are accruing and/or will accrue prior to the closing date of any relevant sale transaction(s), none of which are presently reflected in the corrected Cure Costs identified herein.

## CONCLUSION

WHEREFORE, Mood Media respectfully requests entry of an order (i) conditioning the assumption and assignment of the Mood Media Agreement on the payment of $102,998.36 plus any additional post-petition amounts that may arise or accrue prior to the closing date of any relevant sale transaction, and (ii) granting such other relief as it deems just and proper.

Dated:   November 6, 2024

**COOCH AND TAYLOR, P.A**

*/s/ R. Grant Dick IV*
R. Grant Dick IV (Del. No. 5123)
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
Facsimile: 302-984-3939
Email: gdick@coochtaylor.com

- and -

**FOLEY & LARDNER LLP**
Mark J. Wolfson, Esq.
100 North Tampa St. # 2700
Tampa, Florida 33609
813.225.4119
mwolfson@foley.com

*Attorneys for Muzak, LLC d/b/a Mood Media*