## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

BIG LOTS, INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 24-11967 (JKS)
(Jointly Administered)

**Hearing Date: Nov. 12, 2024 at 1:30 pm (ET)**
**Objection Deadline: Nov. 6, 2024 at 4:00 pm (ET)**

**Re: Docket Nos. 511, 612, 683**

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF KIN PROPERTIES INC. AND ITS AFFILIATED LANDLORDS TO DEBTORS' NOTICES OF POTENTIAL AND PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS IN CONNECTION WITH PROPOSED STALKING HORSE SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS

Kin Properties, Inc., Nasan LLC, Pasan LLC, Esan LLC, Alisan LLC, Fundamentals Company, Inc., Oakland Realty Company, Inc., Roseff LLC, Hall Properties Company, Nathan Jeffrey LLC, Jasan LLC, Fort Wayne Matador, Inc., Aleff LLC, Aneff LLC and Jefan LLC (collectively, "Kin Landlords") in the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases") hereby filed this limited objection to the Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511] and *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683], and in support hereof respectfully states as follows.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND

1.     On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.  No trustee or examiner has been appointed and the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.     The Kin Landlords are the owners or managing agents for the owners of numerous properties, including single-tenant and multi-tenant retail and industrial properties, located throughout the United States and in Canada.  One or more of the Debtors lease space from one or more of the Kin Landlords pursuant to written leases (the "Leases") for the premises (the "Leased Premises") identified in composite **Exhibit A** attached hereto.  The Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See*, *e.g.*, *In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

3.     On October 16, 2024, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511], therein identifying the Leases as "Potential Assumed Contracts" in connection with the proposed sale of substantially all of the Debtors' assets to Gateway BL Acquisition, LLC as Stalking Horse Bidder, and setting forth purported cure amounts in connection with the potential assumption and assignment of the Leases.

4.     On October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction For, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form*

*and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [D.I. 612] (the "Sale Order").

5.    On October 31, 2024, the Debtors filed the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683], identifying the Leases as "Proposed Assumed Contracts" to be assumed and assigned in connection with the Sale Transaction as described in the Sale Order, and again setting forth the purported cure amounts in connection with the potential assumption and assignment of the Leases.

## OBJECTION

6.    The Kin Landlords are not opposed to the Debtors' efforts to assume and assign their interests in the Leases. But as part of any proposed assumption and assignment, the Debtors must ensure that the Kin Landlords receive proper treatment under the provisions of the Bankruptcy Code, including the cure or adequate assurance of the prompt cure of defaults under the Lease, and adequate assurance of future performance under the Leases.

7.    In order to assume and assign the Leases, the Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Leases, including, without limitation, any and all defaults with respect to insurance requirements under the Leases, real estate taxes and other charges, amounts payable under reciprocal easement agreements, utilities (including electricity, gas, oil, water, telephone, sanitary sewer services and all other and utilities), attorneys' fees and costs, repair, maintenance, and replacement obligations, and environmental cleanup obligations, hazardous materials restrictions, the satisfaction of liens, compliance with laws, indemnification obligations, or similar charges owing under the Lease that remain undetermined as of the date of the proposed assumption (the "Unliquidated Obligations"). Thus, for example, the Debtors are not entitled to assume

or assign the Leases by merely curing arrearages in rent.  Instead, the Debtors must cure, or provide adequate assurance of promptly curing, all liquidated cure amounts and other Unliquidated Obligations under the Leases, including, without limitation, their current and future obligations to maintain the Leased Premises and make repairs and replacements, as a condition to the assumption and assignment of the Leases.  *See* 11 U.S.C. § 365(b)(1).

8.      Any assumption or assignment of the Leases must be done, if at all, subject to all of benefits and burdens of such Leases.  Section 365 of the Bankruptcy Code provides only for the assumption or assignment of an executory contract or unexpired lease in its entirety, and debtors may not assume only the favorable parts of a contract or lease and reject parts that they deem unfavorable.  *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not "cherry-pick" the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere,* or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 97 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements

of section 365 by saying it is "selling" a lease or executory contract, rather than assuming and assigning it.").

9.      The Kin Landlords object to the Debtors' proposed cure amounts, and further object to the extent the Debtors seek authorization for the sale or assignment of the Leases free and clear of any liquidated cure amounts or Unliquidated Obligations under the Leases, including without limitation any obligations to satisfy unbilled taxes or other charges, reconciliations, or adjustments. Any order approving the assumption and assignment of the Leases should make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all Unliquidated Obligations under the Leases shall survive, and that any assignee shall take the Leases subject to all of respective terms of the Leases and undertake to satisfy all monetary and other non-monetary obligations under the Leases, regardless of whether such Unliquidated Obligations could be argued to have existed, occurred, arose, accrued or related to a period prior to the assumption and assignment of the Leases.  Furthermore, any order approving the assumption and assignment of the Leases should specify that the Kin Landlord's setoff, recoupment and subrogation rights are preserved, regardless of when such rights accrued.

10.     Statements of liquidated cure amounts known by the Kin Landlords are attached hereto as composite **Exhibit A**.  The cure amounts identified on **Exhibit A** do not include all Unliquidated Obligations or other cure amounts that may become due and owing after the date hereof and prior to the time the Lease is actually assumed and assigned, or any amounts that are currently unknown or undetermined by the Kin Landlords.  The Kin Landlords reserve the right to amend or supplement any statement of cure amount as necessary or appropriate under the circumstances, including without limitation to account for property inspections, reconciliations or adjustments which have not yet been billed or have not yet become due under the terms of the

Lease, amounts that become due and owing after the date hereof and prior to the time the Lease is actually assumed and assigned, or amounts that the Landlord becomes aware of after the date hereof.

### OBJECTION REGARDING ADEQUATE ASSURANCE INFORMATION

11.     Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code require that adequate assurance of future performance be provided in connection with the assumption or assignment of an unexpired lease.  The Debtors and any proposed assignee have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Leases.  *See In re Res. Tech. Corp.*, 624 F.3d 376, 385 (7th Cir. 2010); *In re C.W. Mining Co.*, Adv No. 09-2248, 2010 WL 458914, at *9 (Bankr. D. Utah Feb. 10, 2010); *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B. R. 797, 802 - 03 (Bankr. W.D. Tenn. 1990).

12.     The Kin Landlords have not yet received any adequate assurance information, and expressly reserve their right to amend this objection as necessary or appropriate to the extent that such information is provided.

### RESERVATION OF RIGHTS

13.     The Kin Landlords expressly reserve all of their rights under the Lease with respect to any and all obligations of the Debtors and/or any proposed assignee as tenant, including without limitation the Kin Landlords' right to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Leased Premises, unsatisfied liens on the Leased Premises created by the Debtors and/or the proposed assignee and/or insurance premiums, and charges to compensate for non-monetary defaults, including without limitation all maintenance, indemnification and environmental

obligations of the Debtors and/or any proposed assignee.  The Kin Landlords further reserve all rights to raise further objections, as necessary or appropriate under the circumstances, relating to any motion or request to assume or assign the Leases.

## **JOINDER**

The Kin Landlords hereby join in any objections filed by other landlords to the extent not inconsistent with this Limited Objection.

WHEREFORE, the Kin Landlords hereby request that any final order approving any assumption or assignment of the Lease incorporate the objections and other relief requested herein, and that they be granted such other or further relief as is just and appropriate under the circumstances.

**[SIGNATURE PAGE FOLLOWS]**

Dated: November 6, 2024

**BAYARD, P.A.**

By:     */s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com

and

**TAYMAN LANE CHAVERRI LLP**

Jeffrey Rhodes (*pro hac vice*)
2001 L Street, NW, Suite 500
Washington, DC 20036
Email: jrhodes@tlclawfirm.com

*Counsel for Kin Properties, Inc., Nasan LLC, Pasan LLC, Esan LLC, Alisan LLC, Fundamentals Company, Inc., Oakland Realty Company, Inc., Roseff LLC, Hall Properties Company, Nathan Jeffrey LLC, Jasan LLC, Fort Wayne Matador, Inc., Aleff LLC, Aneff LLC and Jefan LLC*