**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC, *et al.*,<br><br>Debtors.[1] | : Chapter 11<br>:<br>: Case No. 24-11967 (JKS)<br>:<br>: (Jointly Administered)<br>:<br>: **Re: Docket Nos. 18, 511, 612, 683**<br>: |

**LIMITED OBJECTION OF TEJAS CORPORATION TO PROPOSED**
**ASSUMPTION AND ASSIGNMENT OF LEASE AND CURE COSTS**

NOW COMES Tejas Corporation ("Tejas"), and hereby files this Limited Objection ("Limited Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts*, dated October 31, 2024 (D.I. 683) (the "Cure Notice"). In support of this Limited Objection, Tejas states as follows:

**Introduction**

Big Lots, Inc., *et al.* ("Debtors")[2] seek to establish a cure amount for the potential assumption and assignment of that certain commercial real property Lease Agreement, dated June 14, 2012 (as Amended, Extended, and/or Modified) ("Lease Agreement") relating to certain real property located (generally) at 634 Walton Road (US 2), Farmington, Maine (the "Commercial Premises"). Tejas does not generally oppose assumption and assignment, and files this Limited

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  As defined in footnote 1 of the Cure Notice.

53324929.3

Objection to reserve the right to receive full cure in the event that the Lease Agreement is assumed and assigned to a potential buyer.

## Background

1. On September 9, 2024, Debtors commenced these voluntary chapter 11 cases under the United States Bankruptcy Code (the "Bankruptcy Code"). Debtors' cases are jointly administered.

2. Prior to the filing of their cases, Debtor PNS Stores, Inc., d/b/a Big Lots and Tejas entered into the Lease Agreement with respect to the Commercial Premises.

3. On October 31, 2024, Debtors filed the Cure Notice. The Cure Notice lists Tejas's Lease Agreement with Debtor PNS Stores, Inc., d/b/a Big Lots and indicates that the "Preliminary Estimated Cure Amount" for the Lease Agreement is **$6,900.03**. *See* Cure Notice, Schedule 1, p. 97.

## Limited Objection

4. Tejas does not object to the assumption and assignment of the Lease Agreement provided the cure amount necessary to satisfy all existing defaults in accordance with Section 365(b) of the Bankruptcy Code is paid.

5. Tejas's records indicate that a total cure amount of **$55,200.24** is owed under the Lease Agreement.

6. Bankruptcy Code Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee —
>
> cures, or provides adequate assurance that the trustee will promptly cure, such default...
>
> compensates, or provides adequate assurance that the trustee will promptly

compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

7. Section 365(b)(3) heightens the adequate assurance requirements for shopping center leases. *See In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 359 (Bankr. D. Del. 1999). To assume and assign shopping center leases, Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A) – (D). *See In re Joshua Slocum*, 922 F.2d at 1086; *see also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000). This heightened adequate assurance includes: (i) the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee (Section 365(b)(3)(A)); (ii) any percentage rent due under the lease will not decline substantially (Section 365(b)(3)(B)); (iii) assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision in any other lease, financing agreement, or master agreement relating to such shopping center (Section 365(b)(3)(C)); and (iv) assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center. (Section 365(b)(3)(D)).

8. In other words, Debtors must cure *all* defaults under the Lease Agreement and provide adequate assurance of future performance as a precondition to any assumption and assignment. *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

9. Here, Tejas objects to Debtors' Preliminary Estimated Cure Amount because it fails to accurately reflect all the outstanding obligations due under the Lease Agreement. Further,

Debtors have used, and continue to use, the Commercial Premises to generate business since the Filing Date but have not paid all outstanding Lease Agreement obligations.

10. Accordingly, Tejas objects to any assumption of the Lease Agreement absent payment of all amounts owed thereunder.

## RESERVATION OF RIGHTS

11. Tejas hereby reserves its rights to object to adequate assurance of future performance pursuant to 11 U.S.C. §§ 365(b)(1)(C) and (b)(3)(A – D), and to amend or supplement this Limited Objection in the future as it deems appropriate based on the foregoing items or otherwise when the Lease Agreement is identified as a lease to be actually assumed or assumed and assigned.

12. Nothing contained herein should be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Lease Agreement between Debtors and Tejas.

13. Additionally, Tejas reserves its right to seek a Section 503(b)(1) administrative expense claim for the stub-rent owed for the period of September 10, 2024 – September 30, 2024, and for rent accruing after October 1, 2024 through the date of any assumption and assignment, as applicable.

## JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

14. Finally, to the extent consistent with the objections expressed herein, Tejas also joins in the objections of other shopping center lessors to the Cure Notice. Further, Tejas reserves all rights to make further and or future objections if and when a proposed assignee and/or "winning bid" for the Lease is identified.

53324929.3

WHEREFORE, Tejas Corporation respectfully requests that the Court enter an Order: (i) conditioning the assumption and assignment of the Lease Agreement upon the payment of the cure amount set forth above; and (ii) granting Tejas Corporation such other and further relief as may be just and equitable under the circumstances.

Dated: November 6, 2024
Wilmington, Delaware

/s/ Lucian B. Murley
Lucian B. Murley (DE Bar No. 4892)
**SAUL EWING LLP**
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6898
luke.murley@saul.com

-and-

**CRESWELLLAW**
Randy J. Creswell, Esq.
PO Box 7340
Portland, ME  04112
207.358.1010
rcreswell@creswelllaw.com

*Attorneys for Tejas Corporation*

53324929.3