**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| BIG LOTS, INC, *et al.*, | : Case No. 24-11967 (JKS) |
| | : |
| Debtors.[1] | : (Jointly Administered) |
| | : |
| | : **Re: Docket No. 511** |
| | : |

**ROF GRANDVILLE LLC, NEW PORT RICHEY DEVELOPMENT COMPANY LLC, AND YUKON ROUTE 66 II LLC'S LIMITED OBJECTIONS AND RESERVATIONS OF RIGHTS TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

ROF Grandville LLC ("ROF Grandville"), New Port Richey Development Company LLC ("New Port Richey"), and Yukon Route 66 II LLC ("Yukon Route 66", collectively with ROF Grandville and New Port Richey, the "Landlords"), by and through their undersigned counsel, hereby file their limited objections and reservations of rights (the "Limited Objections") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases* [Docket No. 511] (the "Notice"). In support of their Limited Objections, the Landlords respectfully set forth as follows:

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

53297729.3

Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

**Landlord ROF Grandville**

2.      Landlord ROF Grandville, successor in interest to RCG-Grandville, LLC, and one of the Debtors, Big Lots Stores – PNS, LLC f/k/a PNS Stores, Inc., are parties to that certain lease with a commencement date of June 24, 2019 (which lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Grandville Lease"), related to real property located at 3655 Canal Avenue SW, Grandville, MI 49418 (the "Grandville Store") that is located in the shopping center commonly known as Grandville Marketplace Shopping Center.

3.      The term of the Lease currently ends on January 31, 2030, with three option periods remaining thereafter.

4.      The Debtors are currently seeking to consummate a sale of substantially all of their assets to Gateway BL Acquisition, LLC or such party submitting a higher and better bid for the assets (the "Purchaser").  In connection therewith, on October 16, 2024, the Debtors filed the Notice [Docket No. 511].  Exhibit A to the Notice lists, among other things, the proposed amount to be paid to cure existing defaults for unexpired leases of nonresidential real property to be assumed by the Debtors and assigned to the Purchaser.  The Debtors' proposed cure amount for the Grandville Store is $21,771 (the "Proposed Grandville Cure Amount").

5.      Landlord ROF Grandville objects to the Proposed Grandville Cure Amount reflected in the Notice. Landlord ROF Grandville asserts that, at present, the amount to be paid to cure existing monetary defaults is not less than $89,023.19.  A copy of the Landlord ROF Grandville's ledger stating the amount currently owed is annexed hereto as **Exhibit A** and is incorporated herein by reference.

53297729.3

**Landlord New Port Richey**

6. Landlord New Port Richey, successor in interest to Trademart, Inc., and one of the Debtors, Big Lots Stores, LLC f/k/a Big Lots Stores, Inc., are parties to that certain lease with a commencement date of May 26, 1986 (which lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "New Port Richey Lease"), related to real property located at 3655 1000 Cumberland Gap Parkway, Corbin, KY 40701 (the "New Port Richey Store") that is located in the shopping center commonly known as Trademart Shopping Center.

7. The term of the Lease currently ends on January 31, 2032.

8. Pursuant to the Notice, The Debtors' proposed cure amount for the Grandville Store is $22,275 (the "Proposed New Port Richey Cure Amount").

9. Landlord New Port Richey objects to the Proposed New Port Richey Cure Amount reflected in the Notice. Landlord New Port Richey asserts that, at present, the amount to be paid to cure existing monetary defaults is not less than $69,962.33. A copy of the Landlord New Port Richey's ledger stating the amount currently owed is annexed hereto as **Exhibit B** and is incorporated herein by reference.

**Landlord Yukon Route 66**

10. Landlord Yukon Route 66, successor in interest to Wannamaker Yukon, LLC., and one of the Debtors, Big Lots Stores, LLC f/k/a Big Lots Stores, Inc., are parties to that certain lease with a commencement date of March 6, 2014 (which lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "Yukon Route 66 Lease", with the ROF Grandville Lease and the New Port Richey Lease, the "Leases"), related to real property located at 1630 Garth Brooks Blvd., Yukon, OK 73099 (the "Yukon Route 66 Store",

53297729.3

with the ROF Grandville Store and the New Port Richey Store, the "Stores") that is located in the shopping center commonly known as Yukon Village Shopping Center.[2]

11. Pursuant to the Notice, the Debtors' proposed cure amount for the Yukon Route 66 Store is $93,381 (the "Proposed Yukon Route 66 Cure Amount", with the Proposed ROF Grandville Cure Amount and the Proposed New Port Richey Cure Amount, the "Proposed Cure Amounts").

12. Landlord Yukon Route 66 objects to the Proposed Yukon Route 66 Cure Amount reflected in the Notice. Landlord Yukon Route 66 asserts that, at present, the amount to be paid to cure existing monetary defaults is not less than $135,565.45. A copy of the Landlord Yukon Route 66's ledger stating the amount currently owed is annexed hereto as **Exhibit C** and is incorporated herein by reference.

## ARGUMENT

13. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same).

14. The proper cure amount must include all liabilities and obligations that have arisen or accrued under the Leases after the Petition Date as well as prior to or as of the Petition Date.

---

[2] The Leases, and any amendments thereto, are voluminous, should already be in the Debtors' possession, and accordingly, are not attached to this Limited Objection.

*See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

15. A table summarizing the Landlords' objections to the Proposed Cure Amounts is set forth below:

| Landlord | Proposed Cure Amount | Actual Cure Amount |
|---|---|---|
| ROF Grandville | $21,771 | $89,023.19 |
| New Port Richey | $22,275 | $69,962.33 |
| Yukon Route 66 | $93,381 | $135,565.45 |

16. The Landlords object to the Proposed Cure Amounts as they may not satisfy all of the Debtors' obligations under the Leases as required by section 365 of the Bankruptcy Code, including, *inter alia*, as it may not include amounts that may become due under any of the Leases after such Lease is assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations) as well as attorneys' fees and other amounts due under the Leases. Any order establishing a cure amount in connection with the assumption or assumption and assignment of any of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Lease, notwithstanding the Proposed Cure Amounts.[3]

17. Landlords reserve their right to supplement this Limited Objection to add additional sums that may accrue and/or become due under the Leases after the date hereof.

---

[3] Landlords reserve their right to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001).

53297729.3

## **RESERVATION OF RIGHTS**

18. Landlords reserve their right later to object to an assumption and assignment of any of the Leases on the basis of adequate assurance of future performance by the Purchaser. The Purchaser must provide the Landlords with adequate assurance of future performance pursuant to section 365(f)(2)(B) of the Bankruptcy Code. Because the Leases are shopping center leases, the Bankruptcy Code requires heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). Landlords have not received information regarding the foregoing and, therefore, reserve their rights to object to any assumption and assignment of any Lease to the extent that it lacks adequate assurance that the successful bidder will be able to meet its obligations thereunder.

WHEREFORE, the Landlords respectfully request that the Court (i) sustain the Limited Objections, (ii) condition the assumption and assignment of any Lease accordingly, and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: November 6, 2024
Wilmington, Delaware

**SAUL EWING LLP**

<u>/s/ Lucian B. Murley</u>
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6898
luke.murley@saul.com

*Attorneys for ROF Grandville LLC, New Port Richey Development Company LLC and Yukon Route 66 II LLC*