**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: November 6, 2024 at 4:00 p.m. (ET)**<br><br>**Hearing Date: November 12, 2024 at 1:30 p.m. (ET)**<br><br>**Related Doc: 18, 511, 612 & 683** |

**OBJECTION AND RESERVATION OF RIGHTS OF TEMPUR SEALY INTERNATIONAL, INC. TO THE (I) NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT AND (II) PROPOSED SALE TRANSACTION**

Tempur Sealy International, Inc., on behalf of its subsidiaries and affiliates ("Tempur Sealy"), by its undersigned counsel, files this objection and reservation of rights (this "Objection") to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (Docket No. 511) (the "First Assignment Notice"), the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* (Docket No. 683) (the "Second Assignment Notice" and together with the First Assignment Notice, the "Assignment Notices"), and the proposed Sale Transaction pursuant to the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (Docket No. 612) (the "Bid Procedures

Order")[1]. In support of this Objection, Tempur Sealy respectfully states:

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors and Tempur Sealy or its subsidiaries and/or affiliates are parties to the following agreements (collectively, the "Agreements"):

- Sealy Retailer Agreement, entered into May 15, 2019, as amended by the First Amendment to Sealy Retailer Agreement, entered into February 1, 2021 and Second Amendment to Sealy Retailer Agreement, entered into August 11, 2021
- Statement of Work, entered into September 16, 2019, as amended by the First Amendment to Statement of Work, entered into January 20, 2020
- Dealer Agreement, signed September 28, 2004
- Trailer Interchange Agreement, entered into March 30, 2020
- Trademark Sublicense Agreement, effective August 1, 2021

4. Pursuant to the Agreements, the Debtors, among other things, offer for sale certain Tempur Sealy branded bedding products under the trademarks and trade names of Tempur-Pedic®, Sealy® and Stearns & Foster®, the sale of which is regulated by the Agreements (collectively, the "Tempur Merchandise"). Furthermore, pursuant to the Agreements, the Debtors may be entitled to, among other things, assert claims to or against Tempur Sealy for indemnification, warranties, rebates, or other similar incentives relating to the Tempur

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Assignment Notices or Bid Procedures Order, as applicable.

Merchandise that may otherwise be due and owing to the Debtors under the Agreements (collectively, the "Credits").[2]

5. The Debtors and Tempur Sealy have continued to do business with each other post-Petition Date and additional amounts may become due and owing under the Agreements on the effective date of the assumption and assignment of the Agreements. Tempur Sealy reserves its right to amend and supplement this Objection from time to time and at any time.[3]

6. On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Bid Procedures Motion") (Docket No. 18) seeking, among other things, entry of an order approving proposed Bidding Procedures and procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases. The Bid Procedures Motion also requests that this Court approve the sale of the Bid Assets "free and clear of" all liens, claims, interests and encumbrances, except certain permitted encumbrances as determined by the Debtor and any purchaser of the Bid Assets. *See* Bid Procedures Motion at ¶¶ 1, 56.

---

[2] All rights of Tempur Sealy under the Agreements with respect to the validity of the Credits are reserved by Tempur Sealy.
[3] The continuing business relationship between the Debtors and Tempur Sealy may give rise to continuing rights of setoff and/or recoupments in favor of Tempur Sealy.

7. Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, is the Stalking Horse Bidder under the proposed Bidding Procedures. Under the Stalking Horse APA, the Debtors intend to sell the Assets (as defined in the Stalking Horse APA) "free and clear of all Encumbrances (other than Permitted Encumbrances)." *See* Stalking Horse APA, Sec. 2.01(a). The Assets include, among other things, certain of the Debtors' executory contracts (that are not expressly identified in the filed Stalking Horse APA) and the Debtors' Accounts Receivables (as defined in the Stalking Horse APA) which Tempur Sealy understands may include any Credits under the Agreements, if any, presumably resulting in the impairment of Tempur Sealy's setoff and recoupment rights under the Agreements and/or applicable law.

8. On October 16, 2024, in connection with the proposed Bidding Procedures, the Debtors filed the First Assignment Notice identifying the executory contracts and unexpired leases that may potentially be assumed and assigned to the Successful Bidder along with the proposed cure amounts necessary to cure any monetary defaults thereunder. The First Assignment Notice identifies the Agreements for potential assumption and assignment and lists a proposed cure amount of $0.00 for each Agreement.

9. On October 25, 2024, this Court entered the Bid Procedures Order approving, among other things, the Bidding Procedures, which contemplate the Bid Assets being sold free and clear of any "pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon." *See* Bidding Procedures, ¶ 11.

10. On October 30, 2024, the Debtors filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* (Docket No. 661) pursuant to which the Debtors selected Gateway BL Acquisition, LLC (the "Successful Bidder") as the successful bidder for the sale of substantially all

the Debtors' assets.

11. On October 31, 2024, the Debtors filed the Second Assignment Notice identifying the executory contracts and unexpired leases that the Debtors intend to assume and assign to the Successful Bidder. The Second Assignment Notice identifies the Agreements on the Proposed Assumed Contracts Schedule and lists a proposed cure amount of $0.00 for each Agreement (collectively, the "Proposed Cure Amount").

**OBJECTION**

12. Tempur Sealy does not object to the Debtors' proposed going concern sale of the Debtors' business and the assumption and assignment of the Agreements. Tempur Sealy enjoys an excellent business relationship with the Debtors and Tempur Sealy is supportive of a sale transaction that will allow the Debtors' retail stores to continue as going concerns. However, Tempur Sealy does object to the proposed Sale Transaction to the extent such sale seeks to impair, limit, and/or modify Tempur Sealy's rights, including its rights to setoff and recoupment, under the Agreements, the Bankruptcy Code, and applicable law. Any assumption and assignment of the Agreements to the Successful Bidder must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Agreements, including, but not limited to, paying all amounts due and owing under the Agreements through the effective date of the assumption and assignment of the Agreements and complying with the terms of the Agreements. Further, the proposed Sale Order should clearly provide that Tempur Sealy's rights under the Agreements, including Tempur Sealy's rights in connection with the Credits, are fully preserved.

    **I.**    *The Debtors' Proposed Cure Amount is Incorrect*

13. As of the date of this Objection, the aggregate cure amount owing under the

Agreements is not less than $4,096,504.70, plus any amounts incurred post-petition in the ordinary course of the Debtors' business that remain unpaid (the "Cure Amount")[4]. Attached hereto and incorporated herein as **Exhibit A** is an itemization of the Cure Amount.

14. The Cure Amount represents the amounts currently due and owing to Tempur Sealy under the Agreements. Because Tempur Sealy is continuing to provide goods to the Debtors under the Agreements post-Petition Date, the Cure Amount may increase prior to any actual date of assumption and assignment of the Agreements if the Debtors do not pay all amounts that accrue after the date of this Objection, and other amounts that may come due, pursuant to the terms of the Agreements, and regardless of when those amounts accrued. Accordingly, Tempur Sealy expressly reserves its right to amend or supplement this Objection and the Cure Amount from time to time and at any time, and requests that the Debtors remain liable for, among other things: (a) all post-petition charges under the Agreements; (b) all amounts accruing under the Agreements which may be unbilled as of the date of this Objection; (c) any regular or periodic adjustment of charges under the Agreements which were not due or had not been determined as of the date of this Objection; (d) any non-monetary defaults; and/or (e) other contractual obligations under the Agreements.

15. Further, any assumption and assignment of the Agreements requires the Debtors to assume and assign the Agreements in their entirety, including any and all conditions,

---

[4] The Cure Amount includes certain amounts that the Debtors have agreed to pay pursuant to an agreement reached between Tempur Sealy and the Debtors in accordance with the *Final Order (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* (Docket No. 463). Tempur Sealy will supplement this filing and reduce the Cure Amount on account of payments received by Tempur Sealy prior to the effective date of any assumption and assignment of the Agreements.

covenants, monetary and non-monetary obligations and terms contained in the Agreements for which the Debtors are responsible. *See, e.g., In re N.Y. Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962 (1998)); *see also, e.g.*, *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted)). Moreover, the proposed Sale Transaction cannot override the contractually bargained for rights of Tempur Sealy under the Agreements. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens). In connection with the assumption and assignment of the Agreement, all rights of Tempur Sealy under the Agreements (including defenses thereto) must be preserved.

16. Consistent with the foregoing, Tempur Sealy respectfully requests the proposed Sale Order or any order approving the assumption and assignment of the Agreements provide, among other things, that the Debtors or the Successful Bidder shall cure any default(s) under the

Agreements and pay to Tempur Sealy the amounts that remain due and owing under the Agreements through the effective date of assumption and assignment of the Agreements (*i.e.*, the Cure Amount), as the same may increase to reflect amounts that become due or are determined after the date of this Objection.

## II. *Tempur Sealy's Right of Setoff Must be Preserved in Connection With the Proposed Sale Transaction*

17. The Debtors intend to sell to the Stalking Horse Bidder or the Successful Bidder the Accounts Receivable (which Tempur Sealy understands may include amounts owing under the Agreements) and the Agreements free and clear of Encumbrances, impairing Tempur Sealy's defenses as well as Tempur Sealy's right of setoff under the Agreements and/or applicable law. If the Debtors and Successful Bidder intend for the proposed Sale Transaction or the proposed Sale Order to bar any and all defenses by Tempur Sealy, including any right of setoff pursuant to section 553 of the Bankruptcy Code.[5]

18. Accordingly, the proposed Sale Order should expressly provide that any defenses of Tempur Sealy in connection with the sale of the Accounts Receivable, including but not limited to Tempur Sealy's right of setoff under the Agreements, including Tempur Sealy's rights in connection with the Credits, are fully preserved.[6]

---

[5] Even if the Debtors are permitted to sell the Accounts Receivables free and clear of Tempur Sealy's right of setoff, the sale of the Accounts Receivables must be conditioned upon adequate protection of Tempur Sealy's right of setoff pursuant to section 363(e) of the Bankruptcy Code. *See Precision Indus., Inc. v. Qualitech Steel SBQ, LLC (In re Qualitech Steel Corp.)*, 327 F.3d 537, 547-48 (7th Cir. 2003) ("[P]arties whose interests may be adversely affected by the sale of estate property. . . . have the right to seek protection under section 363(e), and upon request, the bankruptcy court is obligated to ensure that their interests are adequately protected.").

[6] To be clear and for the avoidance of doubt, Tempur Sealy is not seeking relief from this Court to exercise any rights of setoff or recoupment that it may have under the Agreements, the Bankruptcy Code and applicable law; rather, Tempur Sealy is only seeking to ensure that its rights of setoff and recoupment are preserved and not impaired by the proposed Sale Transaction.

### III.  *The Proposed Sale Transaction Cannot be Free and Clear of Tempur Sealy's Recoupment Rights*

19.  Similarly, the Debtors should not be permitted to sell the Accounts Receivables, the Agreements or any of its assets free and clear of Tempur Sealy's recoupment rights. The proposed Sale Order should expressly preserve any recoupment rights that Tempur Sealy may have in connection with the Agreements and the Accounts Receivable. Tempur Sealy's rights under the Agreements and/or applicable law cannot be extinguished through the proposed Sale Transaction or the proposed Sale Order.

### IV.  *Tempur Sealy Requests Language be Included in the Proposed Sale Order*

20.  Tempur Sealy requests that the proposed Sale Order clearly provide that Tempur Sealy's rights in connection with the Agreements and the sale of the Accounts Receivable are fully preserved by including the following language in the proposed Sale Order:

> Notwithstanding any other provision of this Order or the Successful Bidder's Asset Purchase Agreement to the contrary, to the extent the assets transferred to the Successful Bidder include any assets related to Tempur Sealy International, Inc., such transfer shall not be free and clear of, and shall not impair in any respect, any contractual or statutory rights of setoff or recoupment or other affirmative defenses to payment held by Tempur Sealy International, Inc.

### **RESERVATION OF RIGHTS**

21.  Nothing in this Objection is intended to be, or should be construed as, a waiver by Tempur Sealy of any of its rights under the Agreements, the Bankruptcy Code, or applicable law. Tempur Sealy expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the proposed Sale Transaction,

the proposed Sale Order and the Successful Bidder's asset purchase agreement and amendment thereto; (b) amend the Cure Amount; and (c) assert any further objections as it deems necessary or appropriate.

## CONCLUSION

**WHEREFORE**, Tempur Sealy respectfully requests that this Court sustain this Objection and grant Tempur Sealy such other and further relief as this Court deems just and appropriate under the circumstances.

| | |
|---|---|
| Dated: November 6, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>LAW OFFICE OF SUSAN E. KAUFMAN, LLC<br><br>*/s/ Susan E. Kaufman*<br>Susan E. Kaufman (DSB# 3381)<br>919 N. Market Street, Suite 460<br>Wilmington, DE 19801<br>Tel: (302) 472-7420<br>Fax: (302) 792-7420<br>Email: skaufman@skaufmanlaw.com<br><br>-and-<br><br>Ronald E. Gold, Esq.<br>Ohio Bar No. 0061351<br>(Admitted *pro hac vice*)<br>FROST BROWN TODD LLP<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Tel: (513) 651-6800<br>Fax: (513) 651-6981<br>Email: rgold@fbtlaw.com<br><br>**Counsel for Tempur Sealy International, Inc.** |

0011277.0793974  4890-8907-2627v8