`

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 511 & 683** |

### OBJECTION AND RESERVATION OF RIGHTS OF TROPICANA PALM PLAZA LLC WITH RESPECT TO DEBTORS' NOTICES OF POTENTIAL AND PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES, CURE AMOUNT, AND ADEQUATE ASSURANCE

Tropicana Palm Plaza LLC, a Nevada limited liability company ("Landlord"), by and through its undersigned counsel, submits this objection and reservation of rights (this "Objection") in response to the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511] and the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683] (each a "Cure Notice") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors").[2] In support of this Objection, Landlord states as follows.

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081

[2] Terms defined in the Cure Notices shall have the same meanings as ascribed thereto in the Cure Notices when used in this Objection, unless otherwise defined herein.

the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  Landlord and Debtor Big Lots Stores-PNS, LLC ("Tenant"), are parties to that certain lease dated in or around August 2020 (together with all exhibits and attachments thereto, as amended and assigned from time to time (the "Lease" for non-residential real property located at 5120 S. Fort Apache, Las Vegas, Nevada 89148 (the "Premises"), located in the shopping center known as "Tropicana Beltway Center."

3.  On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [D.I. 18] (the "Sale Motion"). Pursuant to the Sale Motion, the Debtors seek entry of an order, among other things, approving Bidding Procedures in connection with a Sale Transaction and procedures for the assumption and assignment of executory contracts and leases in connection with the proposed Sale Transaction.

4.  On October 25, 2024, the Court entered an order approving, among other things, the Assumption and Assignment Procedures [D.I. 612].

5.  On October 16, 2024, the Debtors filed the first Cure Notice. On October 31, 2024, the Debtors filed the second Cure Notice. Attached to each Cure Notice is a schedule setting forth executory contracts which are proposed to be assumed and assigned in connection with a Sale Transaction and setting forth the cure costs associated therewith. On the Potential Assumed

Contracts Schedule, the Debtors identify the Lease and specify a cure cost (the "Cure Cost") of $51,833.28.

6. According to the Cure Notices, the proposed Cure Cost listed on the Potential Assumed Contracts Schedule "represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the Petition Date, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Petition Date." *Cure Notices* at 2.

## **OBJECTION**

7. The Debtors' statement of Cure Costs for the Lease is incorrect. The actual amount of Cure Costs is not less than $114,516.95, as detailed the statement attached hereto as **Exhibit A** and incorporated herein by this reference. The actual amount of Cure Costs will be determined by Landlord and will include amounts due to the date hereof plus any additional rents, fees, costs or other amounts that may become due, including reconciliation and attorneys' fees and costs. Landlord demands that Debtor pay the full cure amount based upon actual amounts that are due on the date that the Lease is assumed and assigned by the Debtors. *See,* Bankruptcy Code section 365(b).

8. To assume the Lease, the Debtors must, at the time of assumption, (a) cure all existing defaults; (b) compensate the Landlord for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the Lease. *See* 11 U.S.C. § 365(b)(1).

3

9. Accordingly, the Lease may not be assumed unless, among other things, the Debtors pay the full amount of the Cure Costs, as a condition to the assumption and assignment of the Lease. *See*, 11 U.S.C. § 365(b)(1).

10. Any assumption or assignment of the Lease must be done, if at all, subject to all of its benefits and burdens. Bankruptcy Code section 365 provides only for the assumption or assignment of an executory contract or unexpired lease in its entirety, and debtors may not assume only the favorable parts of a contract or lease and reject parts that they deem unfavorable. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)).

11. Landlord objects to the Debtors' proposed Cure Costs, and further objects to the extent the Debtors seek authorization for the sale or assignment of the Lease free and clear of any liquidated cure amounts of unliquidated obligations under the Lease, including without limitation, any obligations to satisfy unbilled taxes or other charges, reconciliations, or adjustments. Any order approving the assumption and assignment of the Lease should make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all unliquidated obligations under the Lease shall survive, and that any assignee shall take the Lease subject to all of its terms and undertake to satisfy all monetary and other non-monetary obligations under the Lease, regardless of whether such obligations could be argued to have existed, occurred, arose, accrued, or related prior to the assumption and assignment of the Lease.

12. Bankruptcy Code sections 365(b)(1)(C) and 365(f)(2)(B) require that adequate assurance of future performance be provided in connection with the assumption or assignment of an unexpired lease. Debtors and any proposed assignee have the burden of proving adequate

assurance of future performance with respect to the potential assumption and assignment of the Lease. *See In re Res. Tech. Corp.*, 624 F.3d 376, 385 (7th Cir. 2010); *In re C.W. Mining Co.*, Adv. No. 09-2248, 2010 WL 458914, at *9 (Bankr. D. Utah, Feb. 10, 2020); *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995).

13.     Landlord has not yet received any adequate assurance information and expressly reserves its right to amend this objection as necessary or appropriate to the extent that such information is provided.

14.     Section 365(b)(3) heightens the adequate assurance requirements for shopping center leases. *See In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 359 (Bankr. D. Del. 1999). To assume and assign shopping center leases, Debtors must satisfy the heightened requirements set forth in 11 U.S.C. § 365(b)(3)(A) - (D). *See In re Joshua Slocum*, 922 F.2d at 86; *see also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000). The heightened adequate assurance includes:

- the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee. *See* 11 U.S.C. § 365(b)(3)(A);

- any percentage rent due under the lease will not decline substantially. *See* 11 U.S.C. § 365(b)(3)(B);

- assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach of any such provision in any other lease, financing agreement, or master agreement relating to such shopping center. *See* 11 U.S.C. § 365(b)(3)(C);

- any percentage rent due under the lease will not decline substantially. *See* 11 U.S.C. § 365(b)(3)(B); and

- assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center. *See* 11 U.S.C. § 365(b)(3)(D).

15. Further, the Motion fails to provide a framework under which disputed or undisputed cure amounts are paid to the Landlord. The Cure Procedures should provide that any undisputed cure amounts must be paid to the Landlord on the effective date of the assignment of the Lease. The Cure Procedures should provide that any disputed cure amounts must be reserved, in cash, at the highest amount asserted, pending an out-of-court resolution or judicial proceedings.

## **RESERVATION OF RIGHTS**

16. Landlord hereby reserves its right to object to any other relief sought by the Debtors in connection with the assumption of the Lease, including with respect to any amounts coming due under the Lease after Petition Date and with respect to any assignee's proposed adequate assurance of future performance and compliance with the "shopping center" provisions of Bankruptcy Code section 365.

Dated: November 6, 2024
Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Tel: (302) 516-1700
Fax: (302) 516-1699
Email: jedmonson@rc.com

- And -

**CARLYON CICA CHTD.**
Candace C. Carlyon (NV Bar No. 2666)
   (*pro hac vice pending*)
Dawn M. Cica (NV Bar No. 4565)
   (*pro hac vice pending*)
265 East Warm Springs Road, Suite 107
Las Vegas, Nevada 89119
Telephone: (702) 685-4444
Email:   dcica@carlyoncica.com
          ccarlyon@carlyoncica.com

*Co-Counsel to Tropicana Palm Plaza LLC*