IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Obj. Deadline: Nov. 6, 2024 at 4:00 p.m. (ET)**<br>**Related Docket Nos.: 511 & 683** |

### LIMITED OBJECTION OF CNSC, LP TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES

CNSC, LP, a Texas limited partnership ("CNSC" or "Landlord") objects to the potential assumption and assignment of its unexpired lease described in the Debtors' notice of potential or proposed assumption and assignment of executory contracts or unexpired leases and cure amounts filed on October 16, 2024 [D.I. 511] and October 31, 2024 [D.I. 683] (together, the "Assumption and Assignment Notice"), and in support state as follows:

1. On September 9, 2024 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. CNSC is a creditor herein and the landlord under its lease agreement with Debtor Big Lots Stores, Inc. dated March 19, 1999, and subsequently amended on July 29, 2005. (designated as Real Property Lease Store #1451 on the Assumption and Assignment Notice and hereinafter referred to as the "CNSC Lease").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158), Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Close out Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3. As of the Petition Date, the Debtor failed to, under the CNSC Lease, make the rent and additional rent payments due on September 1, 2024 and prior months. In connection therewith, in the Assignment and Assumption Notice the Debtors incorrectly identify a cure amount of $23,853.52 due under the CNSC Lease. The correct pre-petition cure amount is $35,551.52.

4. In addition to the fact that the cure amount identified by the Debtors is insufficient to cure the Debtor's outstanding *prepetition* default for failure to pay the rent and additional rent payments due on September 1, 2024 and prior months, the Bankruptcy Code requires debtors to cure all defaults under an unexpired lease as of the date of assumption, not as of the Petition Date. As of the date hereof, Landlords have not received the rent and additional rent due on November 1, 2024 under the CNSC Lease. Those amounts, plus all amounts, including post-petition attorneys' fees and costs, that may become due after the date hereof, but prior to the date of assumption, must be included in the cure payment.

5. Also, certain obligations may accrue in the future but will not be due under the terms of the CNSC Lease prior to assumption, such as common area maintenance charges, percentage rent, real estate taxes, and other monthly expenses paid on an estimated basis and reconciled annually. Any amounts owed that are not included in the proposed cure amount should be paid by the Debtors or the assignee. Any order approving the CNSC Lease assumption and assignment should specify that the Landlord's rights regarding accrued but not yet due obligations under the CNSC Lease (including common area maintenance charges, insurance, and real estate taxes) remain unimpaired and are not prejudiced by the assumption or assignment. Therefore, CNSC further objects to the proposed cure amount to the extent it purports to represent "all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the Petition Date, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Petition Date," as stated in the Assignment and Assumption Notice. The

cure amount identified on the Assumption and Assignment Notice is not an accurate reflection of all such amounts. These amounts should be paid post-assumption as they become due in accordance with the parties' past practices or as dictated by the Lease or applicable law.

6. In addition, CNSC objects to entry of an order approving a sale of the CNSC Lease to the extent it does not provide that any and all unliquidated obligations shall survive the assumption and assignment, and that any assignee shall take the CNSC Lease subject to all of its respective terms and undertake to satisfy all monetary and non-monetary obligations under the Lease, regardless of whether such obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Lease.

7. CNSC also reserves the right to object on the basis of lack of adequate assurance of future performance to the extent that the CNSC Lease is proposed to be assigned to any party other than the Stalking Horse Bidder (as defined in the Assumption and Assignment Notice). In connection with such rights to adequate assurance of future performance, the CNSC Lease constitutes a "lease of real property in a shopping center" for purposes of section 365(b)(3) of the Bankruptcy Code, and any assignee, whether the Stalking Horse Bidder or any other purchaser, must comply with all restrictive covenants contained in the CNSC Lease.

8. Furthermore, CNSC objects to the extent the proposed cure amount is construed as limiting any of the Debtor's obligations under section 365(d)(3) of the Bankruptcy Code.

9. Moreover, CNSC reserves the right to join in the objection of any other similarly situated party in interest to the extent that such objection is not inconsistent herewith. Landlord reserves all rights with respect to the CNSC Lease, including, without limitation, their right to amend or supplement this objection and to raise any other arguments in connection herewith. Nothing herein shall be deemed to waive any of CNSC's procedural, substantive, or other rights, privileges, and remedies in connection with the CNSC Lease (including, without limitation, all

rights under sections 365(d)(3) and 503(b) of the Bankruptcy Code), all of which are hereby reserved.

WHEREFORE, CNSC, LP respectfully requests that the Court enter an order conditioning the Debtors' request for assumption and assignment of the CNSC Lease upon: (i) payment of the full amount required to cure all defaults as of the date of any assumption and assignment; (ii) survival of any unliquidated obligations following such assumption and assignment; (iii) the Debtors' providing adequate assurance of future performance under the CNSC Lease by any proposed assignee thereof; and (iv) granting such other and further relief in favor of the Landlord as the Court may deem just or proper.

Dated: November 6, 2024
Wilmington, Delaware

**BALLARD SPAHR LLP**

*/s/ Laurel D. Roglen*
Leslie C. Heilman, Esq. (DE No. 4716)
Laurel D. Roglen, Esq. (DE No. 5759)
Margaret A. Vesper, Esq. (DE No. 6995)
919 North Market Street, 11th Floor
Wilmington, DE 19801
Telephone:  (302) 252-4465
Facsimile:  (302) 252-4466
E-mail:   heilmanl@ballardspahr.com
            roglenl@ballardspahr.com
            vesperm@ballardspahr.com

-and-

**LAW OFFICES OF WILLIAM B. KINGMAN, P.C.**
William B. Kingman, Esq.
3511 Broadway
San Antonio, Texas 78209
Telephone: (210) 829-1199
Email: bkingman@kingmanlaw.com

*Attorneys for CNSC, LP*