**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) <br> Cure Objection Deadline: November 6, 2024, at 4:00 p.m. (Eastern Time) <br> Related Docket No. 612 & 683 |

**OBJECTION OF DARNESTOWN ROAD PROPERTY LIMITED PARTNERSHIP TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Darnestown Road Property Limited Partnership ("Darnestown") hereby files its objection (the "Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Dkt. No. 683] (the "Cure Notice") filed by the above-captioned debtors (the "Debtors"), and in support thereof states as follows:

## BACKGROUND

A. **Darnestown's Lease**

1. On or about May 2, 2003, Darnestown and Big Lots Stores, Inc., an Ohio corporation, ("Big Lots") entered into a Deed of Lease Agreement (the "Lease"), pursuant to which Darnestown leased to Big Lots real property located at 8028 West Broad Street, Richmond, Virginia 23228 (the "Premises"). A true and accurate copy of the Lease is attached hereto as **Exhibit A**.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

2. The Premises is located in a "shopping center" as that phrase is used in Bankruptcy Code section 365(b)(3).

3. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' cases have been consolidated for procedural purposes and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. Prior to the Petition Date, Big Lots defaulted on its pre-petition obligations under the Lease by, *inter alia*, failing to pay rent and other obligations as they came due. Specifically, Big Lots failed to make payments for September 2024 rent in the amount of $16,845.31, common area maintenance ("CAM") charges in the amount of $1,527.99, and insurance charges in the amount of $365.84, for a total of $18,739.14. An additional $500.64 owed prepetition under the Lease was also unpaid by Big Lots.

5. As a result of Big Lot's default and nonperformance under the Lease, Darnestown has incurred reasonable attorneys' fees and costs totaling not less than $5,000.00 through November 6, 2024.[2] The Lease provides that upon default by Big Lots, it "shall pay to Landlord, as additional rent, all reasonable costs incurred by Landlord (including courts costs and attorneys' fees and expenses) in (i) obtaining possession of the Demised Premises … and (vi) recovering any unpaid Rent and Additional Rent due hereunder." Lease, at ¶ 19 C.

6. Darnestown continues to accrue, without limitation, rent, CAM charges, insurance charges, and attorneys' fees and therefore reserves its right to supplement this objection at the time of any assumption or assumption and assignment of the Lease with the current amount owed.

---

[2] Darnestown will provide a statement detailing its attorneys' fees upon request.

### B. Proposed Assumption or Assumption and Assignment of the Lease

7. On October 25, 2024, the Court entered a Bidding Procedures Order, pursuant to which the Court approved, *inter alia*, procedures for the assumption or assumption and assignment of unexpired leases.

8. Pursuant to the Bidding Procedures Order, on October 31, 2024, the Debtors filed their Cure Notice, which identifies the Lease as an unexpired lease that may be assumed and indicates that the "Preliminary Estimated Cure Amount" under the Lease is $18,823.71 (the "Proposed Cure Amount").

9. The Cure Notice also provides that objections to the proposed assumption and assignment of an assumed lease with respect to the ability of a successful bidder for that lease to provide adequate assurance of future performance must be filed with the Court by November 6, 2024, at 4:00 p.m.

10. The Notice of Successful Bidder filed at Docket Number 661 indicates that the Debtor may wish to assign the Lease to Gateway BL Acquisition, LLC.

### **OBJECTION**

11. Section 365(a) of the Bankruptcy Code provides that a chapter 11 debtor may assume or reject an unexpired lease or executory contract subject to the Court's approval. Section 365(b)(1) conditions the assumption of such unexpired leases or executory contracts as follows:

> **(1)** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default

arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

**(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

**(C)** provides adequate assurance of future performance under such contract or lease.

### A. Big Lots Must Cure Existing Defaults and Compensate for Darnestown's Pecuniary Loss.

12. Darnestown objects to the Proposed Cure Amount as it does not reflect the correct amount necessary to cure all defaults under the Lease and to compensate Darnestown for all pecuniary loss resulting from such defaults.

13. As set forth above, Darnestown has reviewed its accounts and records and determined that Big Lots is in default of the Lease for, *inter alia*, nonpayment of September 2024 rent, CAM charge, and insurance charges, plus attorneys' fees related to the default and the proposed assumption or assumption and assignment of the Lease, which constitute "pecuniary loss" under section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001); *In re Williams*, No. 10-11108 BLS, 2011 Bankr. LEXIS 2463 (Bankr. D. Del. June 24, 2011).

14. Rent and other charges continue to accrue under the terms of the Lease, and Darnestown continues to accrue attorneys' fees related to the assumption or assumption and assignment of the Lease. Further, Darnestown has not yet determined whether Big Lots has complied with its repair and maintenance obligations under the Lease. Darnestown accordingly,

reserves its right to supplement this Objection to update the amounts of rent, CAM charges, insurance charges, accrued attorneys' fees, and other charges due under the terms of the Lease.

15.   Further, the Lease provides for the payment by Big Lots of adjustments, reconciliations, or other charges that accrue under the Lease, but are billed at a later date.  For example, the Lease provides for an annual reconciliation of CAM expenses, after which Big Lots must pay within thirty days any deficiency in its CAM payments during the previous year.  Lease, at ¶ 11.  Any order establishing a cure amount in connection with the Lease must also provide for the payment of any adjustments, reconciliations, or other charges under the Lease that accrue prior to assumption but are not billed until after assumption.

16.   The Proposed Cure Amount also does not include Big Lots' obligation under the Lease to indemnify Darnestown against certain claims arising from Big Lots' use of the Premises, such as third-party claims for injury or property damage.  See Lease, at ¶ 11.  Assumption of the Lease must also include assumption of liability for such obligations, and Darnestown objects to the Proposed Cure Amount insofar as it does not include such obligations.

**B. Big Lots Must Provide Adequate Assurance of Future Performance.**

17.   Before assuming or assuming and assigning the Lease, Big Lots must provide adequate assurance of future performance under the Lease pursuant to sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.  Darnestown requires that Big Lots or any assignee of the Lease provide sufficient evidence of their ability to perform their obligations under the terms of the Lease, plus the adequate assurance for a shopping-center landlord required by section 365(b)(3) of the Bankruptcy Code, namely that –

> **(A)** … the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor

5

became the lessee under the lease;
**(B)** … any percentage rent due under such lease will not decline substantially;
**(C)** … assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
**(D)** … assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

18. Further, all of the above-stated obligations of Big Lots under the Lease should be assumed by Big Lots and/or any assignee as part of any assumption or assumption and assignment of the Lease. Darnestown reserves its right to object to any proposed assumption or assumption and assignment of the Lease absent strict compliance with the requirements of section 365(b)(1)(C) and (f)(2)(B).

## RESERVATION OF RIGHTS

19. Darnestown reserves all of its rights under the Lease and applicable law, including without limitation the right to supplement or amend this Objection to assert any additional amounts due and owing under the Lease or to assert any further objection related to the proposed assumption or assumption and assignment of the Lease.

## JOINDER

20. Darnestown joins in any objections filed by other landlords that are not inconsistent with this Objection.

WHEREFORE, Darnestown respectfully requests that this Court enter an Order (1) sustaining this Objection and conditioning any assumption and assignment of the Lease accordingly, (2) requiring payment of all amounts due under the Lease and assumption of all obligations owed under the Lease, regardless of when those amounts or obligations mature, (3) requiring adequate assurance of future performance by the reorganized Debtors or any assignee, and (4) granting such other relief the Court deems just and proper.

Dated: November 6, 2024
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Alan M. Root*
Alan M. Root (DE Bar No. 5427)
1313 N. Market St., Suite 5400
Wilmington, Delaware 19801
Tel: (302) 295-0191
Email: root@chipmanbrown.com

-and-

**SPOTTS FAIN PC**
Neil E. McCullagh, Esq.
411 E. Franklin Street, Suite 600
Richmond, VA 23219
Tel: (804) 697-2064
Email: nmccullagh@spottsfain.com

*Counsel to Darnestown Road Property Limited Partnership*