**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC, *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: Nov. 6, 2024 at 4:00 p.m. (ET)** |
| | **Related Docket Nos.: 18 & 683** |

**OBJECTION OF 2413 BREWERTON ROAD PLAZA LLC, BENENSON CAPITAL PARTNERS, LLC, CRI NEW ALBANY SQUARE LLC, DLC MANAGEMENT CORPORATION, GIBRALTAR MANAGEMENT CO., INC., NATIONAL REALTY & DEVELOPMENT CORP., RIVERCREST REALTY ASSOCIATES, LLC, AND WHEELER REIT, LP TO PROPOSED LEASE ASSUMPTIONS/ASSIGNMENT AND RESERVATION OF RIGHTS WITH RESPECT TO THE SALE ASPECT OF THE SALE/BID PROCEDURES MOTION**

2413 Brewerton Road Plaza LLC, Benenson Capital Partners, LLC, CRI New Albany Square LLC, DLC Management Corporation, Gibraltar Management Co., Inc., National Realty & Development Corp., Rivercrest Realty Associates, LLC, and Wheeler REIT, LP (collectively, the "Landlords"), by and through their attorneys, respectfully submit this objection (the "Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683] (the "Cure Notice") and reservation of rights with respect to the sale aspect of the Bid Procedures/Sale Motion (as defined below).[2] In support of this Objection, the Landlords respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158), Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Close out Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Certain of the Landlords are engaged in lease amendment negotiations that may impact the ultimate Correct Cure Amounts (as defined herein).

## JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

## BACKGROUND

2.      On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Court.

3.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Landlords or their affiliates are parties to unexpired leases of nonresidential real property (each, a "Lease" and collectively, the "Leases") of the premises (the "Premises") identified on **Exhibit 1** hereto.

5.      The Premises are located within "shopping centers" as that term is used in Section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6.      On September 9, 2024, the Debtors filed a motion, *inter alia*, to establish procedures governing the potential sale of substantially all of the Debtors' assets and approve the ultimate proposed sale [D.I. 18] (the "Bid Procedures/Sale Motion").

7.      On October 25, 2024, the Court entered an order granting the bidding procedures aspect of the Bid Procedures/Sale Motion [D.I. 612] (the "Bidding Procedures Order").

30044792.1

8.    On October 25, 2024, the Landlords, through counsel, received information in support of the Successful Bidder's proposed purchase of substantially all of the Debtors' assets (the "Stalking Horse Adequate Assurance Package").

9.    On October 30, 2024, the Debtors held an auction covering substantially all of the Debtors' assets.  Also on October 30, 2024, the Debtors filed a *Notice of Successful Bidder for the Sale of the Debtors' Assets* [D.I. 661], which declared Gateway BL Acquisition, LLC (the "Successful Bidder"), an affiliate of Nexus Capital Management LP ("Nexus"), as the successful bidder.

10.    On October 31, 2024, the Debtors filed a Cure Notice [D.I. 683].[3]  Pursuant to the Cure Notice, the Debtors may seek to assume and assign the Leases to the Successful Bidder upon the closing the sale transaction.

## OBJECTION

*A.    The Proposed Cure Amounts Are Either Incorrect or Subject to Change*

11.    As a condition of any assumption and assignment of the Leases, the Landlords are entitled to have all defaults cured.  11 U.S.C. § 365(b)(1)(A).  The Debtors are currently in default under the Leases for failure to pay rent and other charges currently due and owing.

12.    The Landlords object to the Proposed Cure Amounts to the extent that they do not reflect the correct cure amounts for the Leases as of the date of assumption (the "Correct Cure Amounts").  The Proposed Cure Amounts and the Correct Cure Amounts, exclusive of (i) attorneys' fees and (ii) accrued rent and charges and indemnity obligations, are as listed on **Exhibit 2** hereto.  The Correct Cure Amounts are accurate as of the dates listed in **Exhibit 2** hereto,

---

[3] Prior to entry of the Bid Procedures Order, on October 16, 2024, the Debtors filed a Notice of Proposed Assumption/Assignment [D.I. 511] that also included the Leases.

30044792.1

and **Exhibit 2** also includes a detailed statement of certain of the Landlords' Correct Cure Amounts (exclusive of attorneys' fees and accrued rent and charges and indemnity obligations).

B.      *The Proposed Cure Amounts Do Not Include Attorneys' Fees*

13.      The Landlords further object to the Proposed Cure Amounts because they do not include attorneys' fees, which the Landlords are entitled to under the Leases.  Therefore, attorneys' fees must be included as part of the Landlords' cure amounts as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B).  *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

14.      Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Leases, and the Landlords may seek to supplement this Objection by the time of any proposed assumption and assignment with the current amount of accrued attorneys' fees.

C.      *Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, but Unbilled or Not Due Rent and Charges and Indemnity Obligations*

15.      It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens.  *See In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)).  The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired

30044792.1

lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

16.     Therefore, in the event the Debtors seek to assume and assign the Leases, the Debtors are first obligated to cure all outstanding defaults under the Leases, including the payment of the Correct Cure Amounts, plus attorneys' fees that accrued at the time of assumption and assignment.

17.     Further, the Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance, real property taxes, water, insurance premiums and any percentage rent which has accrued, or will accrue under the Leases through any assumption and assignment of the Leases and are not yet due.

18.     Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment of the Leases. The Leases obligate the Debtors to indemnify and hold the Landlords harmless from and against various claims, liabilities and expenses. Any assignee must assume liability for such obligations.

19.     The Debtors' obligations to pay this additional rent and charges and to satisfy their indemnity obligations are essential to the Landlords' entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance, and are assumed by any assignee *cum onere*. *See, In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

20.     Therefore, all of these obligations should be assumed by any assignee as part of any assumption and assignment of the Leases in accordance with the requirement that the Landlords receive adequate assurance of future performance under the Leases.

D.    *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance Under a Fair Process*

21.    The Landlords reserve their rights to object to any proposed assumption and assignment of the Leases to the Successful Bidder, another affiliate of Nexus, or any other proposed assignee of the Leases absent identification of the exact proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and the Bidding Procedures Order, and the Landlords having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment.

22.    To the extent the Leases are subject to potential assumption and assignment through designation rights, the Landlords must be afforded due process with proposed cure amounts and adequate assurance of future performance information provided at the time of assumption and assignment, which may differ materially from the Proposed Cure Amounts and Stalking Horse Adequate Assurance Package, respectively.

## JOINDER AND RESERVATION OF RIGHTS

23.    The Landlords reserve their rights to supplement this Objection and make such other and further objections as they deem necessary or appropriate, including with respect to any amended Proposed Cure Amounts and the proposed order on the sale aspect of the Bid Procedures/Sale Motion.

24.    The Landlords hereby join any other objections filed by the Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with this Objection and grant the Landlords such other and further relief as this Court deems just and proper.

30044792.1

Dated:   November 6, 2024
         Wilmington, Delaware

**BALLARD SPAHR LLP**

By:    */s/ Leslie C. Heilman*
Leslie C. Heilman, Esq. (DE No. 4716)
Laurel D. Roglen, Esq. (DE No. 5759)
919 North Market Street, 11th Floor
Wilmington, DE 19801
Telephone:  (302) 252-4465
Facsimile:  (302) 252-4466
E-mail:   heilmanl@ballardspahr.com
           roglenl@ballardspahr.com

-and-

**BARCLAY DAMON LLP**

Kevin M. Newman, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202-2020
Telephone:  (315) 425-2700
Email:  knewman@barclaydamon.com

Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, NY 10020
Telephone:  (212) 784-5810
Email:  sfleischer@barclaydamon.com

Niclas A. Ferland
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Telephone:  (203) 672-2667
Email:  nferland@barclaydamon.com

*Attorneys for 2413 Brewerton Road Plaza LLC, Benenson Capital Partners, LLC, CRI New Albany Square LLC, DLC Management Corporation, Gibraltar Management Co., Inc., National Realty & Development Corp., Rivercrest Realty Associates, LLC, and Wheeler REIT, LP*

7