**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 683** |

**OBJECTION AND RESERVATION OF RIGHTS OF EXETER 16290 NV LLC,**
**BELLEVUE HOLDINGS, LLC, GPR INVESTMENTS LLC, USPG FRANKLIN LLC**
**AND USPG EIGHT, LLC TO THE NOTICE OF PROPOSED ASSUMPTION**
**AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES**
**AND CURE AMOUNT**

Exeter 16290 NV LLC ("**Exeter**"), Bellevue Holdings, LLC ("**Bellevue**"), GPR Investments LLC ("**GPR**"), USPG Franklin LLC ("**USPG Franklin**") and USPG Eight, LLC ("**USPG Eight**," collectively with Exeter, Bellevue, GPR and USPG Franklin, the "**Landlords**"), through their undersigned counsel, Clark Hill PLC, hereby submit this objection and reservation of rights (the "**Objection**") with respect to the cure amounts identified in the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [ECF No. 683] (the "**Assumption Notice**"). In support of this Objection, the Landlords respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      At this time, the Landlords do not necessarily oppose the assumption and assignment of their agreements if it complies with 11 U.S.C. § 365, the agreements' terms are adhered to by the assignee and the accurate cure amount is paid. However, the proposed cure amounts in the Assumption Notice are inaccurate and the Assumption Notice contains ambiguous language concerning amounts billed post-petition or not yet billed but potentially relating to

1

prepetition events or actions. Accordingly, the Debtors must (1) revise the proposed cure to reflect the accurate outstanding amount and (2) either (a) incorporate into the proposed cure the amounts for obligations billed post-petition or not yet billed but relating to prepetition events or actions or (b) provide clarity that the Debtors are not seeking to bar the Landlords right to seek payment of these amounts.

## BACKGROUND FACTS

2.      Landlords and certain of the above-captioned Debtors (the "**Debtors**") are parties to lease agreements (each a "**Lease**" and collectively, the "**Leases**").[1] The agreements with the Landlords relate to Big Lots located in shopping centers in Kentucky, Michigan, Nevada, North Carolina and South Carolina (the "**Leased Premises**").

3.      The Debtors filed voluntary petitions for relief under chapter 11 of the United States Code on September 9, 2024 (the "**Petition Date**"). The Debtors have remained in possession of the estates' assets and continue to manage their financial affairs pursuant to 11 U.S.C. §§ 1107 and 1108, including the Leased Premises.

4.      On October 31, 2024, the Debtors filed the Assumption Notice, providing notice of executory contracts and unexpired leases that may be assumed and assigned in conjunction with the sale to Nexus Capital Management LP.  The Assumption Notice states that "Each Cure Cost listed on the Proposed Assumed Contracts Schedule represents all liabilities of any nature of the Debtors arising under an Assumed Contract or Assumed Lease prior to the Petition Date, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Petition Date." (the "**Ambiguous Language**"). It is not clear from the Ambiguous Language whether the

---

[1] Due to the voluminous nature, copies of the Leases are not attached to this Objection. Copies of the Leases may be retrieved by contacting Landlords' counsel at ahornisher@clarkhill.com.

Debtors are seeking to avoid and bar Landlords from seeking amounts relating to prepetition actions or events that were billed post-petition or have not yet been billed, such as reconciliations or taxes. A table summarizing the issues relating to the proposed cure and the Ambiguous Language associated with the Leased Premises is below.

| Leased Premises | Landlord | Proposed Cure | Proposed Cure Discrepancy[2] | Ambiguous Language Discrepancy |
|---|---|---|---|---|
| Spartanburg, NC (Store No. 5360) | USPG Franklin LLC | $29,690.26 | N/A | Yes |
| Beaufort, SC (Store No. 5440) | USPG Eight, LLC | $21,265.09 | N/A | Yes |
| Gaylord, MI (Store No. 1871) | GPR Investments LLC | $17,720.67 | N/A[3] | Yes |
| Henderson, NV (Store No. 4514) | Exeter 16290 NV LLC | $34,440.13 | Exeter books and records reflect $69,820.85 outstanding | Yes |
| Bellevue, KY (Store No. 109) | Bellevue Holdings, LLC | $17,475.23 | N/A[4] | Yes |

---

[2] The Landlords explicitly reserve the right to amend the outstanding amount and oppose the proposed cure amounts as set forth in the Assumption Notice in a supplemental objection, including but not limited to, incorporating charges billed post-petition or not yet billed and future obligations.

[3] Post-Petition amounts remain outstanding on the account, including a water bill, for which GPR does not waive.

[4] Attached as **Exhibit A** are invoices for August and September Common Area Maintenance that were billed post-petition but relate to pre-petition conduct. To the extent the Debtors seek to bar the collection of these amounts per the Ambiguous Language, the Landlord objects to the proposed cure amount of $17,475.23.

H0002\D17948\279524805.v2

## OBJECTIONS

**Objection to Proposed Cures[5]**

5.       As reflected in the table above, the proposed cure is inaccurate for the Exeter Lease. The current outstanding amount owed to Exeter is $69,820.85, as reflected in **Exhibit B**.

6.       The Leases are a lease "of real property in a shopping center" as that term is used in Section 365(b)(3).  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). Pursuant to 11 U.S.C. § 365(b)(1)(A), as a condition to any assumption of the Leases, all defaults must be cured upon assumption. The amounts set forth in the Assumption Notice do not reflect all outstanding balances due and owing to Exeter, and the proposed cure amount does not account for accrued but billed post-petition or unbilled charges which may come due in the future (discussed further below). Accordingly, Exeter objects to the proposed assumption of its Lease unless the Debtors comply with all of the requirements of Sections 365(b) and (f) of the Bankruptcy Code. Absent the ability, or willingness, of the Debtors to satisfy the Bankruptcy Code's requirements any proposed assumption must be denied.

7.       Therefore, the proposed cure amount set forth by the Debtors must be modified to reflect the additional charges owing for a total amount of $69,820.85.

**Objection to Ambiguous Language**

8.       It is not clear whether the Ambiguous Language is seeking to avoid and bar Landlords from seeking payment of amounts that may be associated with prepetition actions or events, which were billed post-petition or have not yet been billed. The Landlords object to the proposed cure amount in the Assumption Notice to the extent that the proposed cure is meant to include amounts that were billed post-petition or not yet billed that are associated with pre-petition

---

[5] The Landlords explicitly reserve the right to file lease rejection damages as permitted under § 502 of the Bankruptcy Code.

events or actions. For example, reconciliations for common area maintenance or taxes that the Debtors are obligated to satisfy under the Leases. The Debtors seeking to relieve themselves of these liabilities is not appropriate under § 365 of the Bankruptcy Code, which as discussed above, requires the full satisfaction of all outstanding amounts. Accordingly, the Debtors must (1) either incorporate the amounts relating to prepetition actions or events that have been billed post-petition or have not yet been billed to the proposed cure amount to recognize the liability for accruing charges due under the Leases or (2) provide clarity that the Debtors are not seeking to bar the Landlords right to seek payment of these amounts.

### RESERVATION OF RIGHTS

9.      This Objection is not intended to be, and should not be construed as, a waiver by any Landlord of any of their rights under the Leases, the Bankruptcy Code, or applicable law. Each Landlord expressly reserves all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to the proposed assumption of the Leases on any and all grounds including revisions premised upon the Debtors intentions as to the Ambiguous Language; (ii) amend the cure amounts; (iii) assert additional non-monetary defaults under the Leases; (iv) assert rights for indemnification or contribution against the Debtors arising under the Leases; and (v) assert any further objections as they deem necessary or appropriate as it relates to the Leases and/or or interest of any Landlord, including objecting to confirmation of the Debtors' plan.

### JOINDER IN OBJECTIONS

10.     Each Landlord joins in any objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with this Objection.

H0002\D17948\279524805.v2

## CONCLUSION

WHEREFORE, the Landlords respectfully request that this Court enter an order: (a) sustaining this Objection; and (b) granting each Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 6, 2024

Respectfully submitted,

CLARK HILL PLC

By: /s/ *Karen M. Grivner*
Karen M. Grivner (Bar No. 4372)
824 N. Market Street, Suite 710
Wilmington, Delaware 19801
Tel: (302) 250-4750
Fax: (302) 421-9439
Email: kgrivner@clarkhill.com

-and-

Audrey L. Hornisher (TX Bar No. 24094369)
901 Main Street, Suite 6000
Dallas, Texas 75202
Tel: (214) 651-4300
Fax: (214) 214-651-4330
Email: ahornisher@clarkhill.com

*Attorneys for Exeter 16290 NV LLC, Bellevue Holdings, LLC, GPR Investments LLC, USPG Franklin LLC and USPG Eight, LLC*

6

## **CERTIFICATE OF SERVICE**

I, Karen M. Grivner, certify that on November 6, 2024 a true and correct copy of the foregoing *Objection and Reservation of Rights of Exeter 16290 NV LLC, Bellevue Holdings, LLC, GPR Investments LLC, USPG Franklin LLC and USPG Eight, LLC to the Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* was served electronically via the CM/ECF system on all parties registered to receive notice and via e-mail on the following parties:

Brian M. Resnick
Adam L. Shpeen
Stephen D. Piraino
Jonah A. Peppiatt
Ethan Stern
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017
notice.biglots@davispolk.com
*Debtors' Counsel*

Robert J. Dehney, Sr.
Andrew R. Remming
Daniel B. Butz
Tamara K. Mann
Casey B. Sawyer
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
biglots.mnat@morrisnichols.com
*Debtors' Counsel*

John F. Ventola
Jonathan D. Marshall
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
jventola@choate.com
jmarshall@choate.com
*Counsel to ABL Agent*

Regina Stango Kelbon
Stanley Tarr
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
regina.kelbon@blankrome.com
stanley.tarr@blankrome.com
*Counsel to ABL Agent*

Chad B. Simon
James V. Drew
Sarah L. Hautzinger
Otterbourg P.C.
230 Park Avenue
New York, NY 10169
csimon@otterbourg.com
jdrew@otterbourg.com
shautzinger@otterbourg.com
*Counsel to Term Agent*

John H. Knight
Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
knight@rlf.com
*Counsel to Term Agent*

Darren Azman
Kristin G. Going
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017
dazman@mwe.com
kgoing@mwe.com
*Counsel to Committee*

Justin R. Alberto
Stacy L. Newman
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
jalberto@coleschotz.com
snewman@coleschotz.com
*Counsel to Committee*

H0002\D17948\279524805.v2

Christopher Marcus
Douglas A. Ryder
Nicholas M. Adzima
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
cmarcus@kirkland.com
douglas.ryder@kirkland.com
nicholas.adzima@kirkland.com
*Counsel to Stalking Horse Bidder*

Linda J. Casey
Office of the United States Trustee
Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
linda.casey@usdoj.gov

/s/ *Karen M. Grivner*
Karen M. Grivner

8