# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 683** |
| | **Obj. Deadline:**<br>November 6, 2024 at 4:00 p.m. (ET) |

### ENGIE'S LIMITED OBJECTION
### AND RESERVATION OF RIGHTS WITH RESPECT TO NOTICE OF
### PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
### OR UNEXPIRED LEASES AND CURE AMOUNTS

Creditor ENGIE Insight Services Inc. ("ENGIE") files this limited objection and reservation of rights (the "Objection") to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the "Cure Notice") filed by the Debtors, and in support states as follows:

### BACKGROUND

1. The Debtors filed their Chapter 11 petitions on September 9, 2024 (the "Petition Date").

2. ENGIE and certain Debtors are parties to contracts designed to assist the Debtors in managing payments owed to their numerous utility providers (the "Utility Services Agreements").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3. Before the Petition Date, ENGIE advanced at least $205,108.71 in payment of the Debtors' utility bills for which ENGIE remains unpaid. The Debtors have also failed to pay a further $19,343.26 in servicing fees under the Utility Services Agreements.

4. On October 31, 2024, the Debtors filed their Cure Notice containing the following entry for ENGIE, and indicating a $0.00 cure amount for the Utility Services Agreements:

| Debtor Name | Contract Counterparty Name | Preliminary Estimated Cure Amount | Contract/Lease Title or Description |
|---|---|---|---|
| Big Lots Stores, LLC | Engie Insight Services Inc | $ - | Amendment No 4 |
| Big Lots, Inc. | ENGIE Insight Services Inc., dba ENGIE Impact | $ - | Amendment to Facility IQ Client Service Agreement |

## **OBJECTION**

5. Section 365 of the Bankruptcy Code requires the Debtors' cure of all defaults under the Utility Services Agreements as a condition to their assumption and assignment. Specifically, that section provides in relevant part that "[i]f there has been a default in the executory contract or unexpired lease of the debtor, the trustee may not assume such contract unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default." 11 U.S.C. § 365(b)(1)(A). Under section 365(b)(1)(A), the Debtors are compelled to cure both pre- and post-petition arrearages. *See*, *e.g.*, *In re Handy Andy Home Centers, Inc.*, 196 B.R. 87, 93 (Bankr. N.D. Ill. 1996) (the debtor must cure pre- and post-petition defaults prior to assumption); *In re Rachels Industries, Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990).

6. ENGIE objects to the $0.00 cure amount. Amounts owing to ENGIE as of the Petition Date that remain unpaid total at least $224,451.97.

7. Accordingly, ENGIE seeks affirmative language in any order authorizing the assumption and assignment of the Utility Services Agreements that, to the extent any successful bidder has the Utility Services Agreements assumed and assigned to it, such successful bidder shall be responsible for all obligations with respect to such assigned executory contract which accrued

pre- or post-petition.  ENGIE further reserves the right to amend this Objection to reflect any post-petition defaults.

## RESERVATION OF RIGHTS

8.     ENGIE reserves all rights to supplement, modify or amend this Objection as necessary to, among other things (i) object to the assumption and assignment of any other executory contract between ENGIE and the Debtors included on any supplemental or amended Notice; (ii) object to the proposed cure amounts thereunder; (iii) object to any other relief sought by the Debtors with respect to any agreement to which ENGIE and any of the Debtors are party. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all rights, claims, causes of action and defenses that ENGIE has asserted, or may assert, with respect to any claims, including administrative claims, against the Debtors.

**WHEREFORE**, ENGIE respectfully requests that the Court enter an order (i) denying the assumption of the Utility Services Agreements unless the correct cure amount is paid; and (ii) granting such other and further relief as may be just and proper.

Dated:  November 6, 2024        Respectfully submitted,

*/s/ David H. Conaway*
David H. Conaway (NC Bar #10648)
Ronald D.P. Bruckmann (FL Bar # 84912)
SHUMAKER, LOOP & KENDRICK, LLP
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
dconaway@shumaker.com
rbruckmann@shumaker.com

*Attorneys for ENGIE*

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 6, 2024 the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System, including the following Objection Notice Parties:

- counsel to the Debtors, (y) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq., and Ethan Stern, Esq. (notice.biglots@davispolk.com) and (z) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com)

- counsel to the ABL Agent, (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com) and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com) and Stanley Tarr, Esq. (stanley.tarr@blankrome.com)

- counsel to the Term Agent, (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com), James V. Drew, Esq. (JDrew@otterbourg.com), and Sarah L. Hautzinger, Esq. (shautzinger@otterbourg.com) and (z) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight, Esq. (knight@rlf.com)

- proposed counsel to the Committee, (y) McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin G. Going, Esq. (kgoing@mwe.com), and (z) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy L. Newman, Esq. (snewman@coleschotz.com)

- counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C. (cmarcus@kirkland.com), Douglas A. Ryder, P.C. (douglas.ryder@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com)

- the U.S. Trustee, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801. Attn: Linda J. Casey (linda.casey@usdoj.gov)

        */s/ David Conaway*
        *Counsel for ENGIE*

31675504v1