# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: November 6, 2024 at 4:00 p.m. (ET)**<br><br>**Hearing Date: November 12, 2024 at 1:30 p.m. (ET)**<br><br>**Related Doc: 18, 511, 612, 661, & 683** |

**OBJECTION AND RESERVATION OF RIGHTS OF RAMSEY PIKE, LLC
TO THE (I) NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND PROPOSED CURE
AMOUNT AND (II) PROPOSED SALE TO SUCCESSFUL BIDDER**

Ramsey Pike, LLC ("Ramsey Pike"), by its undersigned counsel, files this objection and reservation of rights (this "Objection") to the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "First Assignment Notice"), the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the "Second Assignment Notice" and together with the First Assignment Notice, the "Assignment Notices"), and the Proposed Sale (defined herein) pursuant to the *Order (I) Approving Certain Bidding Procedures for Sale of the Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 612] (the "Bid Procedures Order"). In support of this

Objection, Ramsey Pike respectfully states[1]:

## **BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors and Ramsey Pike are parties to that certain unexpired lease of nonresidential real property (the "Lease") identified below, where the Debtors lease retail space (the "Premises").

| Landlord | Shopping Center | City, State |
|---|---|---|
| Ramsey Pike, LLC | Cross Roads Plaza | Pikeville, KY |

4. The Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086–87 (3d Cir. 1990).

5. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Assignment Notices, Bid Procedures Order, or the Successful Bidder Notice (as defined herein), as applicable.

[Docket No. 18] (the "Bid Procedures Motion") pursuant to which the Debtors sought, among other things, entry of an order establishing bid procedures for the sale (the "Proposed Sale") of certain of the Debtors' assets and procedures for the assumption and assignment of the Debtors' unexpired leases.

6. As contemplated by the proposed Bidding Procedures, on October 16, 2024, the Debtors filed the First Assignment Notice, which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Proposed Sale, including the Lease. The First Assignment Notice proposes the following amount necessary to cure all monetary defaults under the Lease:

| Store No. | Landlord | Cure Amount |
|---|---|---|
| 4710 | Ramsey Pike, LLC | $24,877.00 |

7. On October 25, 2024, this Court entered the Bid Procedures Order, which, among other things, approved the Bidding Procedures and procedures for (i) filing objections to the Proposed Sale and (ii) providing notice to lease counterparties of assumption and assignment of any unexpired leases in connection with the Proposed Sale.

8. On October 30, 2024, the Debtors filed their *Notice of Successful Bidder for the Sale of the Debtors' Assets* [Docket No. 661] (the "Successful Bidder Notice"). The Successful Bidder Notice identifies Gateway BL Acquisition, LLC as the Successful Bidder.

9. The Successful Bidder Notice provides, in relevant part, " From and after the Closing through the effective date of a chapter 11 plan of liquidation, the Buyer shall have the right to cause any Debtor to designate additional leases that have not yet been rejected by such Debtor to Buyer, its affiliates, and third parties (subject to appropriate notice and opportunity to object for counterparties)…" *Id.* at Ex. A, ¶ 3 (the "Designation Rights Period").

10.     On October 31, 2024, the Debtors filed the Second Assignment Notice identifying the executory contracts and unexpired leases that the Debtors intend to assume and assign to the Successful Bidder. The Second Assignment Notice identifies the Lease on the Proposed Assumed Contracts Schedule and lists a proposed cure amount of $24,877.38 (the "Proposed Cure Amount").

11.     As of the filing of this Objection, the Debtors have not filed the proposed sale order as it relates to the Successful Bidder (the "Proposed Sale Order") or the amended Stalking Horse Agreement, referenced in the Successful Bidder Notice, detailing the express terms of the Designation Rights (defined herein).

## OBJECTION

12.     Although Ramsey Pike does not object to the Debtors' right to sell certain of the Debtors' assets, Ramsey Pike does object to the assumption and assignment of the Lease, the Proposed Sale, and the grant of designation rights ("Designation Rights") to the Successful Bidder to the extent Ramsey's Pikes rights under the Lease, the Bankruptcy Code and applicable law are impaired, limited, and/or modified. Moreover, any assumption and assignment of the Lease must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the Lease, including, but not limited to, paying all amounts due and owing under the Lease through the effective date of the assumption and assignment of the Lease.

### A.     The Debtors' Proposed Cure Amount is Incorrect and Must Provide for Payment of all Obligations due Under the Lease

13.     As of the date of this Objection, the aggregate cure amount owing under the Lease is not less than $30,371.88, plus unbilled charges that are accruing, including, but not limited to reconciliation amounts for CAM, taxes and insurance, which may come due in the future, and any

4

indemnity and contribution obligations (the "Cure Amount").[2] Attached hereto and incorporated herein as **Exhibit A** is an itemization of the amounts due and owing under the Lease.

14. The Cure Amount may increase prior to any actual date of assumption and assignment of the Lease if the Debtors do not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance, and other amounts that may come due, pursuant to the terms of the Lease, and regardless of when those amounts accrued.

15. Ramsey Pike notes that the Lease imposes certain indemnification and contribution obligations that arise out of litigation or other claims that may be asserted or threatened against Ramsey Pike in connection with the Lease. Each of these indemnification and contribution covenants and obligations must be assumed, paid, and otherwise cured if the Lease is to be assumed and assigned as part of the Proposed Sale. Ramsey Pike objects to the Proposed Cure Amount to the extent that it fails to include amounts related to the indemnification and contribution covenants and obligations for which the Debtors are responsible to Ramsey Pike under the Lease.

16. In connection with the assumption and assignment of the Lease, all rights of Ramsey Pike under the Lease (including defenses thereto) must be preserved. As such, any order approving the Proposed Sale should specify that Ramsey Pike's setoff, recoupment, and subrogation rights are preserved, and that the Debtors and any proposed assignee remain liable to Ramsey Pike for: (i) any accrued but unbilled charges under the Lease, including, but not limited to, year-end adjustments for common area maintenance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation charges that come due under the Lease; (iii) any percentage rent that may be due under

---

[2] The Cure Amount includes $5,493.50 in attorneys' fees. Ramsey Pike is entitled to attorneys' fees as part of the Cure Amount for the Lease, as the Lease specifically provides for the recovery of such fees. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption). Thus, any attorneys' fees incurred by Ramsey Pike in enforcing its rights under the Lease must be paid as part of any assumption and assignment of the Lease. *See id.*

the Lease; (iv) any non-monetary defaults; and/or (v) any insurance, indemnification, and other contractual obligations under the Lease regardless of when they accrued. This result is mandated by the requirement that the Debtors cure all arrears and that the Debtors provide adequate assurance of future performance under the terms of the Lease. *See* 11 U.S.C. § 365(b)(1).

17. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or Ramsey Pike suffers other pecuniary losses with respect to the Lease, Ramsey Pike further reserves the right to amend the Cure Amount to: (i) reflect such additional amounts; and (ii) to account for year-end adjustments, including, without limitation, adjustments for calendar years 2023 and 2024 (collectively, the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease. The Debtors or any assignee of the Lease must be responsible for satisfying the Adjustment Amounts when due in accordance with the terms of the Lease regardless of when such Adjustment Amounts were incurred. To the extent that the Debtors are to remain responsible for any Adjustment Amounts, Ramsey Pike requests that at the closing of the Sale, such funds be placed into a separate and segregated escrow account outside of the Debtors' chapter 11 bankruptcy estates, so that there is no question that sufficient, earmarked, unencumbered funds will be available to pay Ramsey Pike when said Adjustment Amounts become due and owing to Ramsey Pike in accordance with the terms of the Lease.

18. Further, under section 365(k) of the Bankruptcy Code the Debtors remain responsible for any contractual obligations under the Lease that arose prior to the assumption and assignment of the Lease, thus, any provision in the proposed order approving the Sale that purports to release the Debtors from any further liability under the Lease, including those contractual obligations that arose prior to the assumption and assignment of the Lease, should be stricken.

19. Finally, the proposed order approving the Sale or any order approving the assumption

and assignment of the Lease must provide, among other things, that the Debtors, the Successful Bidder, or the proposed assignee promptly pay to Ramsey Pike all amounts due and owing under the Lease through the effective date of assumption and assignment of the Lease (i.e., the Cure Amount), as the same may increase to reflect attorneys' fees and any other amounts that become due or are determined after the date of this Objection.

### B. The Debtors Must Demonstrate Adequate Assurance of Future Performance

20. In accordance with section 365 of the Bankruptcy Code, Ramsey Pike must be provided with sufficient information with respect to adequate assurance of future performance prior to the potential assumption and assignment of Lease to the Successful Bidder or proposed assignee. The adequate assurance of future performance information provided to Ramsey Pike as part of the Proposed Sale must demonstrate that the heightened standards for adequate assurance of future performance in a shopping center will be satisfied by the Successful Bidder or proposed assignee in accordance with section 365 of the Bankruptcy Code.

21. Under this requirement, the Debtors must provide to Ramsey Pike assurances: (a) of the source of rent and other consideration due under the Lease, and that the financial condition and operating performance of the Successful Bidder or proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Lease; (b) that any percentage rent due under the Lease, if applicable, will not decline substantially; (c) that assumption and assignment of the Lease is subject to all provisions of the Lease, including but not limited to radius, location, use, or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the Lease will not disrupt any tenant mix in the shopping center. *See* 11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating the Successful Bidder's or proposed

assignee's ability to provide adequate assurance of future performance. *In re Lafayette Radio Elecs. Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991); *see also, e.g.*, *In re Federated Dep't Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983).

22. In order to satisfy the heightened adequate assurance of future performance burden, the Successful Bidder or any proposed assignee of the Lease must provide the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (ii) the proposed assignee's intended use for the space; (iii) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the Lease, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the Lease; (v) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vi) a contact person for the proposed assignee Ramsey Pike may directly contact in connection with the adequate assurance of future performance information.[3]

23. Ramsey Pike demands strict proof of the Successful Bidder's or the proposed assignee's ability to establish adequate assurance of future performance with respect to the Lease. Ramsey Pike is entitled to the full benefit of its bargain under the Lease and the full protections provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the Lease must be in accordance with all provisions of the Lease and the Bankruptcy Code. *See, e.g.*, *In re Entm't, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

---

[3] Ramsey Pike expressly reserves the right to request further adequate assurance information that Ramsey Pike may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the ability of any proposed assignee of the Lease to satisfy the requirements of section 365 of the Bankruptcy Code.

**C. The Debtors are Required to Assume and Assign the Lease in its Entirety, Including Any and All Obligations Contained Therein, and all Ramsey Pike's Rights Under the Lease and Applicable Law Must be Preserved**

24. Any assumption and assignment of the Lease requires the Debtors to assume and assign the Lease in its entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained in the Lease for which the Debtors are responsible. *See, e.g., In re N.Y. Skyline, Inc.*, 432 B.R. 66, 77 (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962 (1998))); *see also, e.g.*, *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted)). Further, the Proposed Sale cannot override the parties' contractually bargained for rights under the Lease. *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens).

25. The Successful Bidder must be responsible for satisfying all obligations and charges when due in accordance with the terms of the Lease regardless of when such amounts were incurred. Accordingly, the Proposed Sale Order must preserve Ramsey Pike's right to payment of

these charges and expressly provide that any assignee of the Lease (including, but not limited to, the Successful Bidder) continues to be responsible for any and all express and implied covenants and obligations under the Lease or related documents or supplements, regardless of when such covenants or obligations arose.

26. Further, Ramsey Pike's rights under the Lease and applicable law must survive the Proposed Sale. Any acquisition of the Lease free and clear of liens and claims could presumably result in the impairment of Ramsey Pike's setoff and recoupment rights under the Lease and applicable law. Ramsey Pike's rights under the Lease (including defenses thereto) cannot be extinguished through the Proposed Sale.

### D. Any Designation Rights Must Comply With the Lease and the Bankruptcy Code and Protect Ramsey Pike's Rights

27. Ramsey Pike objects to any attempt by the Debtors to side-step or invalidate the bargained-for protections in the Lease with the grant of the Designation Rights. Ramsey Pike is entitled to the full benefit of its bargain under the Lease and is entitled to the full protections provided by section 365 of the Bankruptcy Code. *See, e.g., In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). The Debtors and the Successful Bidder must strictly comply with all the terms and conditions of the Lease during the Designation Rights Period until such lease has been assumed, assumed and assigned or rejected. 11 U.S.C. § 365(d)(3); *see, e.g., In re new Almacs, Inc.*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996) (each recognizing that section 365(d)(3) of the Bankruptcy Code imposes an affirmative duty on a debtor to comply with all of its leasehold obligations).

28. The Debtors' grant of the Designation Rights to the Successful Bidder as well as any proposed assumption and assignment of the Lease and the Successful Bidder's use of the

Premises during the Designation Rights Period must be in accordance with all provisions of the Lease and the Bankruptcy Code, including section 365 of the Bankruptcy Code. *See Almacs,* 196 B.R. at 248 ("The language of code § 365(d)(3) is clear that the obligation of the Debtor to perform in a timely manner is *mandatory*, not permissive.") (emphasis added).

29. The Debtors and the Successful Bidder must remain fully liable to Ramsey Pike for the payment of all amounts due and owing to Ramsey Pike under the Lease during the Designation Rights Period. To the extent this Court approves the grant of the Designation Rights to the Successful Bidder, any order that is entered by this Court approving the same should expressly provide that the Debtors and the Successful Bidder must timely perform all the obligations under the Lease and section 365 of the Bankruptcy Code during the Designation Rights Period.

30. The Successful Bidder and the Debtors must also be required to provide evidence that insurance coverage that complies with the terms of the Lease is in place during the Designation Rights Period, effective as of the first day of the Designation Rights Period.

31. Ramsey Pike also objects to the granting of any Designation Rights to the extent that the use and occupancy of the Premises violates any provision of the Lease, including, but not limited to, any radius, location, use and/or exclusivity provisions contained in the Lease during the Designation Rights Period. The Successful Bidder must also be required to adhere to all the terms and conditions of the Lease during the Designation Rights Period.

32. In addition, because the Lease is an unexpired lease of nonresidential real property, the protections of section 365(d)(4) of the Bankruptcy Code apply. Section 365(d)(4) of the Bankruptcy Code provides that the Debtors must assume or reject unexpired leases of nonresidential real property "by the earlier of (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." 11 U.S.C. § 365(d)(4)(A).

Section 365(d)(4) permits only one non-consensual 90-day extension of the time within which to assume or reject unexpired leases of nonresidential real property. *See* 11 U.S.C. § 365(d)(4)(B)(i).

33. Currently, the deadline for the Debtors to assume or reject leases under section 365(d)(4)(A) of the Bankruptcy Code is January 7, 2025, which they can then seek a 90-day extension to April 7, 2025, upon filing a motion for cause. 11 U.S.C. § 365(d)(4)(A) & (B)(i). Any further extension of the deadline to assume or reject an unexpired lease of nonresidential real property may only be granted "upon prior written consent of the lessor in each instance." 11 U.S.C. § 365(d)(4)(B)(ii).

34. Ramsey Pike objects to the Designation Rights Period in the event the Debtors and the Successful Bidder seek to extend the time to assume or reject the Lease beyond the time frame set forth in section 365(d)(4)(A)(i) & (B)(i) of the Bankruptcy Code without Ramsey Pike's consent as required by section 365(d)(4)(B)(ii) of the Bankruptcy Code.

35. If this Court approves the sale of the Designation Rights to the Successful Bidder, Ramsey Pike respectfully requests that the Proposed Sale Order include (in addition to what is discussed otherwise herein):

- Procedures that provide Ramsey Pike with sufficient notice of future requests of the Debtors, or of the Successful Bidder, for approval of any proposed assumption and assignment of the Lease. Such procedures should provide Ramsey Pike with an opportunity to object, on any basis, to any proposed assumption and/or assignment of the Lease at such time that the Debtors or the Successful Bidder may seek to actually assume and assign the Lease.

- A requirement that any proposed assignment of the Lease comply with the provisions of the Lease, including but not limited to use provisions, alteration provisions, signage provisions, and radius restrictions. The Debtors should not be allowed to sell the Designation Rights with a blanket order that allows the Successful Bidder to ignore or otherwise breach critical terms of the Lease.

- A provision that makes clear that the Debtors remain obligated under the Lease through the effective date of assumption and assignment or rejection of the Lease, and

that no agreement with the Successful Bidder alters the Debtors' obligations under the Lease.

36. Importantly, all rights of Ramsey Pike to object to a proposed assumption and assignment of the Lease at such time in the future during the Designation Rights Period (and to the extent that the Debtors or the Successful Bidder actually seeks to assume and assign the Lease) must be expressly preserved in the Proposed Sale Order. The provisions requested herein will protect the rights of Ramsey Pike and will ensure compliance with section 365 of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

37. Nothing in this Objection is intended to be, or should be construed as, a waiver by Ramsey Pike of any of its rights under the Lease, the Bankruptcy Code, or applicable law. Ramsey Pike expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the Proposed Sale, the Stalking Horse Agreement, as amended, and the Proposed Sale Order; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Lease; (d) assert any rights for indemnification or contribution against the Debtors arising under the Lease; and (e) assert any further objections as it deems necessary or appropriate.

## **JOINDER**

38. Ramsey Pike joins in any objections to the Proposed Sale that are filed by other landlords to the extent they are not inconsistent with this Objection.

**WHEREFORE**, Ramsey Pike respectfully requests that this Court sustain this Objection and grant Ramsey Pike such other and further relief as this Court deems just and appropriate under the

circumstances.

| | |
|---|---|
| Dated: November 6, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>LAW OFFICE OF SUSAN E. KAUFMAN, LLC<br><br>*/s/ Susan E. Kaufman*<br>Susan E. Kaufman (DSB# 3381)<br>919 N. Market Street, Suite 460<br>Wilmington, DE 19801<br>Tel: (302) 472-7420<br>Fax: (302) 792-7420<br>Email: skaufman@skaufmanlaw.com<br><br>-and-<br><br>Ronald E. Gold, Esq.<br>Ohio Bar No. 0061351<br>(Admitted *pro hac vice*)<br>FROST BROWN TODD LLP<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Tel: (513) 651-6800<br>Fax: (513) 651-6981<br>Email: rgold@fbtlaw.com<br><br>**COUNSEL FOR RAMSEY PIKE, LLC** |

## **EXHIBIT A**

*Cure Amount Itemization*

| **Description** | **Amount** |
|---|---|
| September Rent and Charges | $24,878.38 |
| Attorneys' Fees | $5,493.50 |
| **TOTAL** | **$30,371.88** |

0158719.0794660  4876-0331-0324v8