IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BIG LOTS, INC., *et al.*[1] | § | Case No. 24-11967 (JKS) |
| | § | |
| Debtors. | § | (Jointly Administered) |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS

**COME NOW** RPI Courtyard Ltd. ("**Courtyard**"), RPI Overland Ltd. ("**Overland**") and RPI Ridgmar Town Square, Ltd ("**Ridgmar**"), by and through their counsel, Singer & Levick, P.C., and file this, their *Limited Objection and Reservation of Rights to Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* ("**Objection**") and, in support of same, would respectfully show as follows:

1. Debtor Big Lots Stores, LLC ("**Tenant**") is a party to the following non-residential Lease Agreements (collectively, "**Leases**") with each of the above Landlords, each of which own and lease certain non-residential property in various shopping centers throughout the United States. The locations for these Leases are shopping centers within the meaning of Section 365(b)(3) of the BANKRUPTCY CODE:

    (a) Courtyard ("**Landlord Courtyard**") for the premises located at 139 S. Interstate 35, Braunfels, TX ("**Courtyard Lease**");

---

[1] The Debtors and Debtors in possession in these Chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC(9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is: 4900 E. Dublin-Granville Road, Columbus, OH 43081.

  (b)  Overland ("**Landlord Overland**") for the premises located at 5781 SW Green Oaks Blvd., Arlington, TX ("**Overland Lease**"); and

  (c)  Ridgmar ("**Landlord Ridgmar**") for the premises located at 1255 Town Square Drive, Fort Worth, TX ("**Ridgmar Lease**").

Together, Landlord Courtyard, Landlord Overland and Landlord Ridgmar are hereinafter referenced collectively as the "**RPI Landlords**."

  2.  On September 9, 2024 ("**Petition Date**"), Big Lots, Inc. and its associated entities (together, "**Debtors**") each filed voluntary Petitions for Chapter 11 protection under Title 11 of the UNITED STATES CODE ("**BANKRUPTCY CODE**").

  3.  On September 9, 2024, Debtors filed their *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* ("**Procedures Motion**") (**Dkt.018**).

  4.  On October 25, 2024, the Court entered its *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* ("**Procedures Order**") (**Dkt.612**).

5. On October 30, 2024, the Debtors filed their *Notice of Successful Bidder for the Sale of Debtors' Assets* ("**Bidder Notice**") (**Dkt.661**).

6. On October 31, 2024, Debtors filed their *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* ("**Cure Notice**") (**Dkt.683**). Attached to the Cure Notice was a listing of the leases which were subject to such proposed assumption and assignment, as well as the proposed cure amounts for each ("**Proposed Cure Amounts**"). All three RPI Landlords were listed on the Cure Notice Schedule (**Dkt.683-1:P.88**).

7. Attached hereto as **Exhibit A**, and incorporated herein by reference, is a chart which shows the Leases that are the subject of this pleading, the Debtors' Proposed Cure Amounts, as well as the amounts listed on the books and records of each RPI Landlord as the amounts owed for the affected Leases ("**Correct Cure Amounts**").

## CURE OBJECTION AND BASIS THEREFORE

8. The RPI Landlords are not objecting to the assumption of their Leases, but rather file this Objection for the purpose of objecting to the entry of any Order that sets the Proposed Cure Amounts listed on Exhibit A as the final cure amount for their Leases because they are incorrect and do not include all of the amounts which are owed to the RPI Landlords. The RPI Landlords submit that the Correct Cure Amounts listed on Exhibit A are the current amounts which should be used in any final order authorizing the assumption of each of their Leases and/or establishing the cure amount(s), plus any additional unpaid amounts which accrue and remain unpaid prior to the date of assumption or, in the case of an assumption and assignment to a proposed purchaser, prior to Closing. These amounts include both pre- and post-petition charges, including charges for September 2024 Stub Rent which remain unpaid, and including any other

charges which may accrue prior to the date of assumption.  In addition, the RPI Landlords reserve the right to include any attorneys' fees and costs which may be payable under the terms of any of the Leases.

9. Prior to the date of any assumption or assignment, and regardless of when those amounts accrue, pursuant to the contractual obligations of the Leases, other amounts such as common area maintenance, taxes, insurance and potentially other amounts, including any periodic adjustment of charges, may come due to the RPI Landlords.  Either any cure amount should include any unpaid amounts which accrue prior to the date of any assumption and assignment, or the Debtors or proposed purchaser must be responsible for payment of these amounts.

10. Additionally, the Proposed Cure Amounts do not include amounts that may become due under the Leases after the date of the assumption and assignment that relate to the pre-assumption and assignment period (i.e., real estate taxes, etc.).  Any proposed Order establishing a cure amount in connection with the assumption of any of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the cure amount, that will become payable after the date of the assumption.

11. Additionally, there may also be unknown and/or unasserted claims that may exist presently or may exist in the future against the RPI Landlords for which the Debtors may be obligated to indemnify and defend the RPI Landlords.  The RPI Landlords reserve their rights under the Leases and all applicable law to assert a claim for any and all amounts which may be due and owing for any currently unknown and/or unasserted claim against the RPI Landlords that may presently exist or may exist in the future for which the Debtors may be obligated to indemnify and defend the RPI Landlords.  Any assumption of the Leases must include these obligations.

12. To assume an executory contract or unexpired contract, a debtor-in-possession must, at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1). When assuming a contract, the debtor must do so *cum onere*, with all the burdens as well as the benefits. *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("[s]hould the debtor in possession elect to assume the executory contract, … it assumes the contract cum onere"); *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007) (citations omitted). If a contract is proposed to be assigned to a purchaser or other third party, the requirement of adequate assurance of future performance is applicable to such assignee. *See* 11 U.S.C. § 365(f)(2)(B); *In re Fleming Companies, Inc.*, 499 F.3d at 305.

13. Accordingly, any Order that is entered establishing a cure amount with respect to the Leases must require the Debtors to (1) pay the RPI Landlords their actual cure amount, (2) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(b)(3) pending the actual assumption of the Leases, (3) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption by the Debtors (*see* 11 U.S.C. §365(b)(1), and (4) ensure that the proposed purchaser or, in the case of a reorganization, the Reorganized Debtors, will be expressly responsible and liable for the payment of any charges that come due under the Leases post-assumption and assignment, but that may relate to a pre-assumption and assignment period. In addition, any purchaser must execute a document in a form acceptable by the RPI Landlords in which it ratifies the Leases and assumes the obligations.

## RESERVATION OF RIGHTS CONCERNING CURE AND ASSUMPTION

14. The RPI Landlords reserve their rights to supplement this Objection prior to any final determination by the Court regarding assumption and assignment of the Leases, including the amount and payment required for purposes of cure under Section 365 of the BANKRUPTCY CODE.

15. The RPI Landlords further reserve the right to object to any other relief sought by the Debtors in connection with any proposed assignment including, without limitation, any proposed showing of adequate assurance of future performance for any purchaser if assigned. Currently, the Debtors are in the midst of a sale process. A winning bidder has been designated, and the RPI Landlords have received the adequate assurance package. The RPI Landlords are in the process of reviewing such information, but reserve the right to object to such assumption and assignment pending final review of the adequate assurance package.

16. This Reservation of Rights is not intended to be, nor should be construed as, a waiver by the RPI Landlords of any of their rights under the Leases, the BANKRUPTCY CODE, or applicable law. The RPI Landlords file this Objection and Reservation of Rights to reserve and preserve any and all rights any of them have in connection with any proposed assumption and assignment of their Leases and adequate assurance including, without limitation, issues regarding the financial condition and ability of any proposed assignee to meet the heightened requirements for assumption and assignment of contracts and leases as set forth in Section 365 of the BANKRUPTCY CODE.

## JOINDER TO OTHER LANDLORD OBJECTIONS

17. The RPI Landlords, and to the extent not inconsistent with the Objections expressed herein, join in the Objections and Responses to the Cure Notice asserted by other landlord objectors.

18. The RPI Landlords further reserves all rights to object to any other relief sought by the Debtors in connection with the Cure Notice.

19. The RPI Landlords' Objection and Joinder is not intended to be, nor should be construed as, a waiver by any of the RPI Landlords of any of their rights under their Leases, the BANKRUPTCY CODE, or applicable law. The RPI Landlord file this Objection and Joinder to reserve and preserve any and all rights any of them have in connection with their individual Leases.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, RPI Courtyard Ltd., RPI Overland Ltd. and RPI Ridgmar Town Square, Ltd. request that the Court enter an Order:

(a) establishing the actual cure amount owed to each of the RPI Landlords consistent with the Correct Cure Amounts set forth on the attached Exhibit A;

(b) requiring Debtors to comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption of the Leases;

(c) requiring Debtors to cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption to any proposed purchaser or, alternatively, the Reorganized Debtors;

(d) requiring Debtors to ensure that any proposed purchaser or, in the case of a reorganization, the Reorganized Debtors, be expressly responsible and liable for the payment of any charges that come due under the Leases post-assumption and assignment, including the year-end adjustment, but that may relate to a pre-assumption and assignment period; and

(e) granting the RPI Landlords such additional and further relief as the Court may deem to be just and proper.

DATED:  November 6, 2024

        SINGER & LEVICK, P.C.

        By:     /s/ *Michelle E. Shriro*
               Michelle E. Shriro
               State Bar No. 18310900

        16200 Addison Road, Suite 140
        Addison, Texas  75001
        Phone:  972.380.5533
        Fax:  972.380.5748
        Email: mshriro@singerlevick.com

        **SULLIVAN · HAZELTINE · ALLINSON LLC**

        */s/ William D. Sullivan*
        William D. Sullivan (No. 2820)
        William A. Hazeltine (No. 3294)
        919 North Market Street, Suite 420
        Wilmington, DE 19801
        Tel: (302) 428-8191
        Fax: (302) 428-8195
        Email: bsullivan@sha-llc.com
                  whazeltine@sha-llc.com

        ATTORNEYS FOR:
        RPI COURTYARD LTD., RPI OVERLAND LTD.
        AND RPI RIDGMAR TOWN SQUARE, LTD.