IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., et al., | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) CURE AMOUNTS**

NOW COME Donlen Trust and Donlen LLC (together the "Donlen Parties") which Donlen Parties hereby submit this limited objection and reservation of rights (the "Limited Objection") to the Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts (ECF Doc. No. 683) (the "Assumption and Cure Notice"). In support of the Limited Objection, the Donlen Parties state the following:

**BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] 1 The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3.  Prior to the Petition Date, the Donlen Parties entered into several executory contracts with Debtor Big Lots Stores, Inc., inclusive of a lease agreement, a services agreement and amendments thereto and other related agreements with certain of the Debtors (collectively, the "Donlen Agreements"). Stated generally, these contracts provide for and govern the Debtor's fleet of motor vehicles leased from the Donlen Parties, and for which the Donlen Parties provide certain services relative to fuel, maintenance, repair and general administration.

4.  On October 31, 2024, the Debtors filed the Assumption and Cure Notice pursuant to which they identify certain executory contracts that they may assume and assign in connection with the proposed sale of the Debtor's assets, and the proposed cure costs in connection with any such assumption and assignment.

5.  The Assumption and Cure Notice identifies three (3) separate executory contracts between Debtors and the Donlen Parties[2] as contracts the Debtors may assume and assign, which identified contracts are set forth in the chart below.

| **Debtor** | **Contract Counterparty** | **Description of Contract** | **Cure Amount** |
|---|---|---|---|
| Big Lots Stores LLC | Donlen LLC | Power of Attorney | $18,484.74 |
| Great Basin LLC | Donlen Trust | Master Motor Vehicle Fixed Term Lease Agreement | none listed |
| Big Lots Inc. | Wheels LLC | Services Agreement | $142,347.19 |

---

[2] The Assumption and Cure Notice list other contract with Donlen Trust relative to trailers that are subject to potential assumption and assignment. Some of these contracts may have been conflated as there are separate contracts with Donlen Parties that are subject to the ultimate beneficial interest of another party (Capteris). Any objection as to Assumption of the Capteris leases and/or contracts will be addressed by separate submission.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

6. In the first instance, the Donlen Parties submit that they do not oppose the proposed assumption of the executory contracts between the parties. Having said that, however, as a practical matter, the Donlen Parties believe that there may be discrepancies between the contracts and cure amounts as listed on the Assumption and Cure Notice and the actual contracts between the parties.

7. For instance, the Donlen Parties are not aware of a "Power of Attorney" contract and do not know what this listing refers to, albeit the cure amount seems to approximate the monthly payment under a lease agreement (defined, *infra*) between Great Basin LLC and Capteris, LLC. Additionally, while Assumption and Cure Notice lists a "Services Agreement" it lists the counterparty as "Wheels LLC." While Wheels LLC is an affiliate of the Donlen Parties, the Services Agreements applicable to the leased fleet vehicles is between Big Lots Stores, Inc. and Donlen LLC.[3] Finally, while the Assumption and Cure Notice does list a master vehicle lease, it lists the Master Motor Vehicle Fixed Term Lease Agreement dated August 29, 2023 with Great Basin LLC, but not the Master Motor Vehicle Lease Agreement dated April 8, 2008 between Donlen Trust and Big Lots Stores, Inc. for the fleet vehicles leased by Big Lots. Accordingly, this Limited Objection is filed to preserve the rights of the Donlen Parties and to serve as a vehicle to confirm the executory contracts subject to assumption and assignment, and the appropriate cure amount(s)subject to each such contract.

8. Specifically, the Donlen Parties submit that the executory contracts between the parties and applicable cure amounts are more accurately identified as follows:

---

[3] The contract was originally executed by Donlen Corporation and was subsequently assigned to affiliate Donlen LLC.

| Debtor | Contract Counterparty | Description of Contract | Cure Amount |
|---|---|---|---|
| Big Lots Stores, Inc. | Donlen LLC – as assigned from Donlen Corporation | Fleet Maintenance Management Agreement (the "Services Agreement") | Not less than $87,427.97 |
| Big Lots Stores, Inc. | Donlen Trust | Master Motor Vehicle Lease Agreement (the "Lease Agreement") | Not less than $54,919.22 |
| Big Lots Stores, Inc. | Donlen LLC – as assigned from Donlen Corporation | Fleet Administrative Services Agreement | See Fleet Maintenance Management Agreement, above |
| Big Lots Stores, Inc. | Donlen LLC – as assigned from Donlen Corporation | Annual Vehicle Registration Renewal Agreement – Donlen Lease only | See Fleet Maintenance Management Agreement, above |
| Big Lots Stores, Inc. | Donlen LLC – as assigned from Donlen Corporation | Purchase Agreement | See Fleet Maintenance Management Agreement, above |
| Big Lots Stores, Inc. | Donlen LLC – as assigned from Donlen Corporation | Remarketing Agreement | See Fleet Maintenance Management Agreement, above |
| Big Lots Stores, Inc. | Donlen LLC – as assigned from Donlen Corporation | Annual Vehicle Registration Renewal Agreement – Donlen Lease and non-Donlen Lease | See Fleet Maintenance Management Agreement, above |

9. For clarity and ease of reference, the Donlen Parties have expressed separate cure amounts for the Lease Agreement (inclusive of amendments and related agreements) and the Services Agreement. The cure amount asserted for the Services Agreement includes the amounts due for all non-lease administrative agreements which are subsumed under the Services Agreement for billing purposes.

10. Additionally, sums that have or may become due post-petition that are unpaid as of any assumption date would properly be classified as "cure" obligations, and the Donlen Parties

likewise reserve the right to assert any such balances as "cure" together with any additional legal fees/costs recoverable under the Lease Agreement and/or the Services Agreement, as applicable.

11.     As a condition of assuming and assigning any executory contract, a Debtor is required to provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).  In this case, there has been no specific proffer as the wherewithal or ability of the putative assignee to perform under the Donlen Agreements on a going forward basis. Accordingly, the Donlen Parties reserve all rights as to this issue.

*(Remainder of page intentionally blank)*

WHEREFORE, the Donlen Parties assert this limited objection to the Assumption and Cure Notice to identify and include potentially omitted or misdescribed contracts, assert certain rights under the agreements adequate assurance, and to correct the proposed cure balances as set forth in the Assumption and Cure Notice, and otherwise reserve all rights with respect to the Lease Agreement, the Services Agreement, and/or other agreements between the Debtors and the Donlen Parties.

Dated: November 6, 2024	**K&L GATES LLP**

*/s/ Matthew B. Goeller*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 King Street, Suite 901
Wilmington, Delaware 19801
Tel: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

**K&L GATES LLP**
David S. Catuogno
One Newark Center, 10th Floor
Newark, New Jersey 07102
Tel: (973) 848-4000
david.catuogno@klgates.com

*Counsel for Donlen Trust and Donlen LLC*

## **CERTIFICATE OF SERVICE**

I, Matthew B. Goeller, certify that on November 6, 2024, I caused the attached *Limited Objection to Debtors' Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Cure Amounts* to be electronically filed with the Clerk, United States Bankruptcy Court, District of Delaware by ECF and a true and correct copy of the foregoing was served upon the parties who have requested e-notice, via the CM/ECF electronic notice system.

Dated:  November 6, 2024                                              */s/ Matthew B. Goeller*
                                                                                              Matthew B. Goeller (No. 6283)