# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>Obj. Deadline: Nov. 6, 2024 at 4:00 p.m.<br><br>**Ref. Docket Nos. 18, 511, 612, 683** |

### SHOW LOW YALE CASITAS, LLC's LIMITED OBJECTION TO ASSUMPTION AND ASSIGNMENT OF LEASE AND NOTICE OF PROPOSED CURE AMOUNTS FOR CERTAIN EXPIRED LEASES

Show Low Yale Casitas, LLC, store #4519, located at 4421 S. White Mountain Road, Suite A, Show Low, AZ ("Landlord") files this limited objection (the "Objection") to the Debtors' Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts (the "Cure Notice") [D.I. 683]. In support of its Objection, Landlord respectfully states as follows:

1. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 and commenced the above-captioned cases (the "Bankruptcy Case").

2. The Landlord is the owner of the premises located at 4421 South White Mountain Road, Suite A, Show Low, Arizona (the "Premises") at which Big Lots Stores-PNS, LLC (the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

"Debtor") operates store number 4519 at the Premises pursuant to that certain Lease Agreement dated July 26, 2005, as amended (the "Lease").

3. The Lease has not been rejected. The Debtor has continued to occupy, use, and enjoy the leased premises. As such, the Debtor was obligated, following the Petition Date, to continue to timely perform all obligations under the Lease until such time as the Lease is assumed or rejected.

4. On October 31, 2024, the Debtors filed the Cure Notice which underestimated the amount owed to the Landlord for its lease interest and lists the preliminary estimated cure amount of $15,817.00, (the "Cure Amount").

5. As of the Petition Date, the amount outstanding was $20,767.70, and the amount currently outstanding is $28,232.53. See Ledger attached hereto as Exhibit A.

6. The Debtors must cure all defaults under the Lease and provide adequate assurance of future performance as a precondition to any assumption and assignment. *See In re Thane Int'l, Inc.,* 586 B.R. 540, 546 (Bankr. D. Del. 2018).

7. Accordingly, Landlord objects to the Cure Notice to the extent it seeks to limit liability upon assumption and assignment to only the amounts owing as of the Petition Date. The cure amount necessary to assume and assign the Lease is currently $28,232.53.

8. There may also be indemnity obligations that have arisen but are not yet known to Landlord. Any order approving the assumption should make clear that the Debtors and/or any assignee are required to comply with all contractual obligations to indemnify and hold Landlord harmless with respect to events that may have occurred before or after the Petition Date but that are not known to Landlord as of the date of the assumption including, but not limited to and without limitation, claims for personal injury and property damage that occurred at the leased premises, claims for deferred maintenance, and claims for damage and/or destruction to the leased premises.

9. Landlord further objects to the Cure Notice to the extent that it seeks to limit Landlord's rights to adequate assurance of future performance under §§ 365(b)(1) and (3).

**RESERVATION OF RIGHTS**

10.     Landlord reserves the right to amend and/or supplement this Objection and to raise any additional arguments or objections prior to or at any hearing held in connection with this objection.  Landlord further reserves the right to amend and/or supplement this Objection to update, as may be appropriate, the amount which must be paid to Landlord to cure any defaults under the Lease prior to assumption thereof.

**JOINDER**

11.     Landlord hereby joins the objections by other landlords to the Cure Notice to the extent that such objections are not inconsistent with the relief sought herein.

**CONCLUSION**

WHEREFORE, Landlord respectfully requests the Court enter an order (i) sustaining this objection; (ii) compelling the Debtors and any assignee of the Lease to fully comply with their obligations under the Bankruptcy Code, the Lease, and other applicable law; and (iii) granting such other and further relief as the court deems just and proper.

Dated:  November 6, 2024

Respectfully submitted,

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
919 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:  302-552-5503
Email: sveghte@klehr.com

-And-

Steven J. Brown
**STEVEN BROWN & ASSOCIATES, LLC**
1414 E. Indian School Road, Suite 200
Phoenix, AZ  85014
Phone: 602-264-9224 | Fax: 602-264-8158
E-mail:  sbrown@sjbrownlaw.com

*Counsel for Show Low Yale Casitas, LLC*