**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al.*,[1] | ) | Case No. 24-11967 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: Nov. 6, 2024 at 4:00 PM ET** |
| | ) | **Sale Hearing: Nov. 12, 2024 at 1:30 PM ET** |
| | ) | |
| | ) | **Related Docket No. 683** |

**OBJECTION OF NORTH OAK MARKETPLACE 07 A, LLC AND NORTH OAK
MARKETPLACE 18 B, LLC TO DEBTORS' NOTICE OF PROPOSED ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND
<u>CURE AMOUNTS</u>**

North Oak Marketplace 07 A, LLC and North Oak Marketplace 18 B, LLC (together, the

"**Landlord**") objects (the "**Objection**") to the Debtors' *Notice of Proposed Assumption and*

*Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the

"**Notice**"), and state as follows:

1.      The Landlord and Big Lots Stores, Inc. (the "**Debtor**") are parties to that certain

Lease Agreement dated March 15, 2006 (Store #1994) (as amended, the "**Lease**") for the premises

located at 4826 North Oak Trafficway, Kansas City, Missouri (the "**Premises**").

2.      On September 9, 2024, the Debtors, including the Debtor, each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

The Debtors are authorized to operate their business and manage their affairs as debtors in

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are jointly administered in the above-captioned case.

3.       On September 9, 2024, the Debtors filed the *Motion for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing To Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18].

4.       On October 16, 2024, the Debtors filed the proposed *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 511].

5.       On October 25, 2024, the Court entered the *Order (i) Approving Bidding Procedures for Sale of Debtors' Assets, (ii) Approving the Staling Horse Bid Protections, (iii) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (iv) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (v) approving Assumption and Assignment Procedures, and (vi) Granting Related Relief* [Docket No. 612].

6.       On October 30, 2024, the Debtors filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* [Docket No. 661], announcing the stalking horse bidder, Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP (the "**Successful Bidder**"), as the successful bidder for certain of the Debtors' assets.

7.    On October 31, 2024, the Debtors filed the Notice, seeking to assume and assign the Lease with a cure amount of $22,980.88 (the "**Proposed Cure Amount**") [Docket No. 683, sched. at 73].

8.    However, as set forth below, the actual cure amount is $30,519.59 (the "**Actual Cure Amount**"):

| Date | Description | Ctl | Charge | Payment | Net Due | Balance |
|------|-------------|-----|--------|---------|---------|---------|
| 6/27/2024 | Utility: Sewer/water 4/26-5/24/24 | C-1343906 | 93.49 | 0.00 | 93.49 | 93.49 |
| 8/14/2024 | 08/2024 Late Fee Unpaid balance 5%*$21,886.55 | C-1347227 | 1,094.33 | 0.00 | 1,094.33 | 1,187.82 |
| 9/17/2024 | 09/2024 Late Fee Unpaid balance 5%*$21,886.55 | C-1349621 | 1,094.33 | 0.00 | 1,094.33 | 2,282.15 |
| 9/19/2024 | The Waldinger Corp-Inv #7316448-1 | C-1351631 | 662.50 | 0.00 | 662.50 | 2,944.65 |
| 9/19/2024 | The Waldinger Corp-Inv #7315116-1 | C-1351632 | 4,292.55 | 0.00 | 4,292.55 | 7,237.20 |
| 10/15/2024 | 10/2024 Late Fee Unpaid balance 5%*$21,886.55 | C-1351954 | 1,094.33 | 0.00 | 1,094.33 | 8,331.53 |
| 10/31/2024 | 09/24 Legal Fees: Fennemore Craig | C-1354204 | 395.00 | 0.00 | 395.00 | 8,726.53 |
| 11/1/2024 | CAM/Operating Exp. Estimate (11/2024) | C-1352811 | 2,560.56 | 0.00 | 2,560.56 | 11,287.09 |
| 11/1/2024 | Rent (11/2024) | C-1352812 | 19,232.50 | 0.00 | 19,232.50 | 30,519.59 |

## OBJECTION

9.    A debtor may assume and assign an unexpired lease. *See* 11 U.S.C. § 365. A "debtor cannot assume such a contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole." *ReGen Capital I, Inc. v. Halperin (In re Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008); *see also In re G-I Holdings, Inc.*, 580 B.R. 388 (Bankr. D.N.J. 2018). "Specifically, a debtor must . . . cure the default, or provide adequate assurance that it will promptly cure it; . . . [and] provide adequate assurance of future performance under the contract." *Wireless Data*, 547 F.3d at 489 (citing 11 U.S.C. § 365(b)(1)(A)–(C)); *see also* 11 U.S.C. § 365(f)(2). This "strives to restore the debtor-creditor relationship . . . to pre-default conditions, bringing the contract back into compliance with its terms." *Id.* (citations omitted).

## The Proposed Cure Amount Is Incorrect

10.     A debtor must assume a lease in its entirety, including all of the conditions, covenants, monetary and non-monetary obligations, and terms in the lease for which the debtor is responsible. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . . ." (citation omitted)); *In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) ("If [the debtor] accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other." (citation omitted)). All defaults, both pre-petition and post-petition, must be cured in connection with an assumption. *See* 11 U.S.C. § 365(b)(1)(A).

11.     Currently, the Debtor is in monetary default to the Landlord in at least the amount of the Actual Cure Amount. In addition to the Actual Cure Amount, there are additional amounts that may accrue under the Lease between now and the future date of assumption that must be paid or reserved for as part of any cure and assumption of the Lease. The Notice and Proposed Cure Amount does not address amounts that are not currently due and payable, but which relate back to the pre-assumption period and may become due and payable post-assumption.

12.     The amount necessary to cure the default under the Lease may increase prior to the actual assumption if the Debtor does not pay all amounts that accrue prior to the assumption. Any assumption of the Lease must be conditioned upon full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to the Landlord of all amounts due and owing under the Lease through the effective date of the assumption of the Lease.

13.     The Lease also provides that the Debtor shall indemnify and hold the applicable Landlord harmless with respect to certain claims which may not become known until after the assumption of the Lease, examples of which may include claims for personal injuries or damage

to the premises by the Debtor or its agents. Any assumption of the Lease must be pursuant to the terms of the Lease, including the assumption of all indemnification obligations, regardless of when they arose.

14. Accordingly, and in addition to the requested modification of the Proposed Cure Amount, the Landlord requests that any order approving the sale and assumption of the Lease must also provide that the Debtor and/or the Successful Bidder (or any other proposed assignee of the Lease) are liable as part of the cure for the following pursuant to the terms of the Lease regardless of when the charges accrued: (a) pre- and post-petition rent and other charges due under the Lease, (b) amounts due and owing under the Lease which may be unbilled as of the date of this Objection, including, but not limited to, regular or periodic adjustments for common area maintenance expenses, real estate taxes, insurance amounts, and similar charges, (c) any regular or periodic adjustments under the Lease which were not due or had not been determined as of the date of this Objection, (d) any non-monetary defaults, and (e) insurance and indemnification obligations under the Lease.

**The Debtors Have Not Provided Adequate Assurance of Future Performance**

15. The Landlord also objects to the assumption and assignment to the Successful Bidder (or any other proposed assignee) of the Lease because the Landlord has not been provided with adequate assurance of future performance.

16. Pursuant to section 365(b)(1)(C) of the Bankruptcy Code, the Debtors may not assume and assign the Lease unless the Landlord is provided with adequate assurance of future performance. To date, the Landlord has not received any adequate assurance, or any financial information related thereto, demonstrating that the Successful Bidder (or any other proposed assignee of the Lease) is able to perform and meet its obligations under the Lease.

17.     The Premises are part of a strip mall. As such, the Lease is a "lease of real property in a shopping center" for purposes of section 365(b)(3) of the Bankruptcy Code, which entitles the Landlord to adequate assurance of the following:

(A)     of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B)     that any percentage rent due under such lease will not decline substantially;

(C)     that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D)     that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3); *see also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000); *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 359 (Bankr. D. Del. 1999).

18.     In order for the Landlord to determine that sufficient adequate assurance is provided, it must be able to evaluate the financial wherewithal of the Successful Bidder (or any other proposed assignee of the Lease). The Landlord requests that the Debtors promptly provide information regarding adequate assurance under section 365(b) of the Bankruptcy Code. The Landlord submits that, prior to any assumption and assignment of the Lease, such information, as well as sufficient time for the review thereof, be provided.

## RESERVATION OF RIGHTS

19.     The Landlord reserves the right to (a) amend, modify, or supplement this Objection, including, without limitation, to add and supplement the objections in this Objection to the Notice, or to amend or supplement the Actual Cure Amount; (b) assert, in addition to the Actual Cure

Amount, any and all additional amounts, true-ups, regular and periodic adjustments, and reconciliations that have not yet come due, but that may come due and have yet to be calculated; and (c) assert, in addition to the Actual Cure Amount, additional amounts that may come due and owing prior to any assumption or assumption and assignment of the Lease.

20.     The Landlord reserves all rights with respect to the Debtors' burden of providing adequate assurance of future performance by the Successful Bidder (or any other proposed assignee of the Lease).

## JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS

21.     To the extent consistent with the objections raised in this Objection, the Landlord joins in and incorporates by reference the objections of other shopping center lessors to the Notice.

WHEREFORE, the Landlord respectfully requests that the Court (i) sustain this Objection and condition the assumption and assignment of the Lease as set forth herein; (ii) require that the full amount of the Actual Cure Amount asserted herein are paid prior to any assumption and assignment of the Lease; (iii) require that any additional amounts asserted by the Landlord under the Lease be paid prior to any assumption and assignment of the Lease; (iv) require the Debtors to provide the Landlord with adequate assurance of future performance under the Lease; and (v) provide any other relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: November 6, 2024

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Alan M. Root*
Alan M. Root (DE Bar No. 5427)
1313 N. Market St., Suite 5400
Wilmington, Delaware 19801
Tel: (302) 295-0191
Email: root@chipmanbrown.com

*-and-*

**FENNEMORE CRAIG, P.C.**
Patrick R. Akers
3615 Delgany Street, Suite 1100
Denver, Colorado 80216
(303) 291-3200
(303) 291-3201 (facsimile)
pakers@fennemorelaw.com

*Counsel for the Landlord*