**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
| Debtors.[1] | ) (Jointly Administered) |

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING RULE 30(b)(6) DEPOSITION OF GATEWAY BL ACQUISITION, LLC**

**TO:** Gateway BL Acquisition, LLC ("Gateway"), an affiliate of Nexus Capital Management LP, as party to that certain Asset Purchase Agreement, dated as of September 8, 2024, by and among Big Lots, Inc., each of the subsidiaries of Big Lots, Inc. listed on the signature pages thereto, and Gateway BL Acquisition, LLC

**PLEASE TAKE NOTICE** that, in connection with the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*, and pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

and Rule 7030-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases, by and through its undersigned counsel, Cole Schotz P.C. and McDermott Will & Emery LLP, will take the deposition of Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP ("Gateway" or the "Stalking Horse Bidder") commencing on November 11, 2024 at 2:00 p.m. (EST) and continuing from day to day until completed remotely via the offices of McDermott Will & Emery LLP before an officer authorized by law to administer oaths.

The testimony will be recorded by audio, video or stereographic means. The Committee will conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. The deposition shall be stenographically recorded by a person authorized by law to administer oaths. The court reporter may also be remote via one of the options above for purposes of reporting the proceeding and may or may not be in the presence of the deponent.

Please contact undersigned counsel at least one (1) business day prior to the deposition to advise of the names and email addresses of those participating so that the necessary credentials, call-in numbers, testing, and information can be provided to you prior to the proceedings. In addition, the Committee may utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

Gateway shall produce to testify on its behalf one or more officers, directors or managing agents, or designate other persons who consent to testify on its behalf, who have knowledge of the topics set forth in Schedule A hereto.

Dated: November 4, 2024
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:   (302) 652-3131
Fax:   (302) 652-3117
Email: jalberto@coleschotz.com
           snewman@coleschotz.com

- *and* -

**MCDERMOTT WILL & EMERY LLP**

Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
Stacy Lutkus (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY, 10017
Tel:   (212) 547-5400
Fax:   (212) 547-5444
Email: dazman@mwe.com
           kgoing@mwe.com
           salutkus@mwe.com
           nrowles@mwe.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Affiliate(s)" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Assets" shall have the meaning ascribed to it in the Stalking Horse APA.

6. "Assigned Contract" shall have the meaning ascribed to it in the Stalking Horse APA.

7. "Bankruptcy Cases" and "Chapter 11 Cases" means those certain jointly administered chapter 11 cases styled as *In re Big Lots, Inc., et al*., No. 24-11967 (JKS) (Bankr. D. Del.), pending in the Bankruptcy Court.

8. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

9. "Bidding Procedures Motion" means *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets,*

*(D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] filed on the docket in the Bankruptcy Cases.

10. "<u>Board</u>" means any group or subcommittee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors, including the Big Lots, Inc. Board of Directors.

11. "<u>Closing Date</u>" shall have the meaning ascribed to it in the Stalking Horse APA.

12. "<u>Committee</u>" shall mean the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases.

13. "<u>Company Employee</u>" shall have the meaning ascribed to it in the Stalking Horse APA.

14. "<u>Debtor(s)</u>" means, individually and collectively, any of the debtors whose Bankruptcy Cases are jointly administered in the Bankruptcy Court and their respective subsidiaries and Affiliates and all predecessors, Officers, Directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on their behalf (including the outside counsel of such entities).

15. "<u>Directors</u>" means all current and former members of the Board.

16. "<u>Include</u>" and "<u>Including</u>" means "include without limitation" and "including".

17. "<u>Officers</u>" means all current and former officers of the Debtors, including the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, and any other executive of similar title, of the Debtors.

18. "Person" or "Entity" includes any natural person or entity, including but not limited to any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

19. "Sale Transaction" shall have the meaning ascribed to it in the Bidding Procedures Motion.

20. The terms "Seller" and "Selling Entity" shall have the meanings ascribed to them in the Stalking Horse APA.

21. "Stalking Horse APA" means the Asset Purchase Agreement, dated as of September 8, 2024, by and among Big Lots, Inc., each of the subsidiaries of Big Lots, Inc. listed on the signature pages thereto, and the Stalking Horse Bidder, attached as Exhibit C to the Bidding Procedures Motion.

22. "You" or "Your" means, individually and collectively, Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, and its subsidiaries, Affiliates, and any and all predecessor, officers, directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on its behalf (including the outside counsel of such entities).

## TOPICS

1. Discussions and/or negotiations between You and the Debtors regarding the terms and provisions of the Stalking Horse APA.

2. The initial draft of the Stalking Horse APA.

3. The proposal of section 2.01(b)(viii) of the Stalking Horse APA for inclusion in the Stalking Horse APA.

4. Your understanding of the projected value of the rights, claims, accounts, and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against any Persons (other than another Selling Entity) as described in section 2.01(b)(viii) of the Stalking Horse APA.

5. Your willingness to close the Sale Transaction if section 2.01(b)(viii) of the Stalking Horse APA were modified so as to exclude from the Assets right, claims, accounts, and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against any Persons other than any (i) Company Employee employed by You after the Closing Date, (ii) vendor continuing to transact with You after the Closing Date, or (iii) counterparty to an Assigned Contract.