**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 683 |

**OBJECTION OF MORGAN BRITTON LLC TO ASSUMPTION AND ASSIGNMENT OF LEASE AND NOTICE OF PROPOSED CURE AMOUNT FOR UNEXPIRED LEASE AND RESERVATION OF RIGHTS**

Morgan Britton LLC ("Landlord"),[2] by and through its undersigned counsel, hereby files this objection to the cure amount that the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") proposed to be paid in connection with the potential assumption and assignment of the Lease (as defined below), as set forth in the Debtors' *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* filed on October 31, 2024 at docket number 683 ("Notice"). In support thereof, the Landlord respectfully represents as follows:

**BACKGROUND**

1. Landlord and Debtor Big Lots Stores, Inc. ("Tenant") are party to that certain Lease Agreement dated March 20, 2012 (as modified, amended, or extended from time to time, the "Lease") with respect to certain retail space located within a shopping center at real property

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Notice.

17024169/1

commonly known as 3660 Dewey Avenue, Rochester, New York 14616 ("Shopping Center"). A copy of the Lease is attached hereto as Exhibit A.

2. The original term of the Lease ending on January 31, 2023, and was subsequently extended to end on January 31, 2028 ("Extended Term").

3. Pursuant to Section 5.A of the Lease, the Tenant is to pay gross rent in monthly installments in advance on the first day of each and every month of $25,966.67 ("Gross Rent"). As of the date hereof, the Debtors have not paid rent for September 2024 and October 2024, and the Gross Rent due and owing under the Lease is $51,933.34. Copies of the invoices evidencing the unpaid Gross Rent are attached hereto as Exhibit B.

4. On September 9, 2024 ("Petition Date"), the Debtors filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtors continue to operate as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

5. On October 31, 2024, the Debtors filed the Notice in accordance with the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief*, entered by the Bankruptcy Court on October 25, 2024 at docket number 612.

6. As set forth in the Notice, the Debtors propose to assume and assign certain executory contracts and unexpired leases, including the Lease, to Gateway BL Acquisition, LLC ("Proposed Purchaser").

7. The Lease is listed on the Proposed Assumed Contracts Schedule with a Cure Cost of $25,966.67 ("Proposed Cure Amount").

8. Pursuant to the Notice, the deadline to object to assumption and assignment of the Lease and the Proposed Cure Amount is November 6, 2024 at 4:00 p.m. (prevailing Eastern Time).

## OBJECTION

9. Bankruptcy Code section 365(b)(1) provides that:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10. Accordingly, the Debtors may not assume and assign the Lease unless all of the existing monetary defaults thereunder have been cured.  In order to assign the Lease under Bankruptcy Code section 365(b)(1), the Debtors must pay to the Landlord not less than $51,933.34, plus any additional amounts which may come due after the date hereof but prior to the effective date of the assumption and assignment of the Lease, including attorneys' fees which are recoverable under Section 40 of the Lease (collectively, the "Lease Arrearages").  The Landlord objects to the Proposed Cure Amount and any proposed assumption and assignment of the Lease to the extent that the Lease Arrearages are not paid in full.

11. Further, Bankruptcy Code section 365(b)(3) provides that, with respect leases of real property in shopping centers, adequate assurance of future performance by an assignee of such lease includes:

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

12. Thus, the Debtors must provide adequate assurance of future performance by any Successful Bidder, including the Proposed Purchaser, to whom the Lease will be assigned, including, but not limited to, (1) that the Successful Bidder's financial condition and operating performance is similar to that of the Tenant, (2) that assignment of the Lease will be subject to all provisions of the Lease, and will not breach any other lease, financing agreement, or master agreement relating to the Shopping Center, and (3) that assumption and assignment of the Lease will not disrupt any tenant mix or balance in the Shopping Center. The Landlord objects to the assumption and assignment of the Lease to the extent that the Debtors have not provided adequate assurance of future performance, as required by Bankruptcy Code section 365(b)(1) and (2), by the proposed assignee.

**RESERVATION OF RIGHTS**

13. Nothing in this Objection is intended to be, or should be construed as, a wavier by Landlord of any of its rights under the lease, the Bankruptcy Code, or applicable law.  Landlord expressly reserves all such rights including, without limitation, the right to:  (a) supplement and/or amend this Objection to assert any additional objections with respect to the Notice and/or any proposed assumption and assignment of the Lease; (b) amend the Lease Arrearages due under the Lease; (c) assert any additional unliquidated obligations and/or nonmonetary defaults under the Lease, including legal fees and expenses to the extent allowed by law; (d) object to the assumption and assignment of the Lease to any proposed assignee with providing adequate assurance of future performance; (e) assert a claim for allowance of administrative expenses under Bankruptcy Code section 503; and (f) demand immediate payment of all amounts due under, and full compliance with, the Lease to the extent required under Bankruptcy Code section 365.

WHEREFORE, Landlord respectfully requests that the Court (a) sustain this Objection, (b) condition the Debtors' request for the assumption and assignment of the Lease upon payment of the Lease Arrearages due and owing upon assignment of the Lease, and the Debtors' providing of adequate assurance of future performance under the Lease by any proposed assignee thereof, and

[remainder of page left intentionally blank]

(iii) grant Landlord such further relief as this Court deems just and proper.


Dated: November 6, 2024

**MORRIS JAMES LLP**

*/s/ Jeffrey R. Waxman*
Jeffrey R. Waxman (DE Bar No. 4159)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com

PHILLIPS LYTLE LLP
Catherine N. Cervone, Esq.
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone: (716) 847-8400

*Attorneys for Morgan Britton LLC*

17024169/1