**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
|  | Re: Docket Nos. 511, 612, 683 |
|  | Obj. Deadline: 11/6/24 by 4:00 p.m. (ET) |

**LIMITED OBJECTION OF HAROLDS HEIRS LLC TO NOTICE**
**OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
**CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Harolds Heirs LLC ("Harolds Heirs" or "Landlord"), by and through its undersigned counsel, hereby files its Limited Objection (the "Objection") to the Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.N. 511] (the "Cure Notice"), and in support of its Limited Objection, Harolds Heirs respectfully represents as follows:

**BACKGROUND**

1.  On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its affiliated debtors (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On September 10, 2024, the Court entered its order authorizing joint administration of these Chapter 11 cases [D.N. 95]. Debtors have remained in possession of the estates' assets and continue to manage their financial affairs pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been appointed.

2. Harolds Heirs, as successor-in-interest to Dr. Harold Godwin, as landlord, and Debtor Big Lots Stores, Inc., as tenant, are parties to that certain Lease Agreement dated August 31, 2001, as modified, amended, or extended from time to time, for that nonresidential real property located at 3910 Raeford Road, Fayetteville, North Carolina 28304 (the "Lease").

3. The Lease is a lease "of real property in a shopping center" as that term is used in Bankruptcy Code Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d. Cir. 1990).

4. On September 9, 2024, Debtors filed a motion (the "Sale Motion") seeking, among other things, approval to sell substantially all of Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse purchaser or another successful bidder.

5. On October 16, 2024, in connection with and related to the Sale Motion, Debtors filed and served the Cure Notice, which identified the Lease as an unexpired lease potentially to be assumed and assigned. The Cure Notice states that the amount necessary to cure any prepetition liabilities under the Lease is $21,500.00 (the "Proposed Cure Amount"). [D.N. 511, p. 43].

6. The Cure Notice provides that if Harolds Heirs fails to object to the Proposed Cure Amount by or before November 4, 2024, at 12:00 p.m. (prevailing Eastern Time), it will be barred from objecting to the proposed assumption and assignment of the Lease, including any cure costs

2

or defaults associated with such proposed assumption and assignment.

7. On October 25, 2024, the Court extended the objection deadline through November 6, 2024 at 4:00 p.m. (prevailing Eastern Time) by entry of its *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [D.N. 612].

## **LIMITED OBJECTION**

8. Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, Debtors are required by Bankruptcy Code Section 365(b)(1) to provide adequate assurance (a) that Debtors will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired leases sought to be assumed and assigned.

9. Debtors bear the burden of proving the requirements of Bankruptcy Code Section 365(b) by a preponderance of the evidence. *See In re PRK Enterprises, Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999).

10. In the Cure Notice, Debtors assert that the cure amount with respect to the Lease is $21,500.00. As of the date hereof, the actual arrearages currently owed under the Lease through the Petition Date are in the amount of $86,000.00. The difference between the Proposed Cure Amount and the actual cure amount of $86,000.00 is attributable to Debtors' withholding of rent payments in June, July, and August of 2024. ***See* Exhibit A.**

11. In addition, Debtors remain responsible for all accrued or accruing charges under the Lease and must pay such charges when they come due under the Lease. Debtors assume and

3

assign the Lease subject to its terms and must assume and assign all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the Lease. Any final assumption or sale order should clearly state that Debtors (or any Successful Bidder) will assume these lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the closing of the Sale. In addition, any provision in a sale order that purports to release Debtors (or any Successful Bidder) of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Lease.

12. Harolds Heirs can provide only the information presently available regarding amounts owing by Debtors, while reserving the right to amend the Objection as necessary to include any additional or unknown charges that arise, including but not limited to subsequent rent defaults, attorneys' fees, costs, and interest. There is no basis to impose upon Harolds Heirs the equivalent of an administrative bar date, limiting its recourse to recover charges to which it is entitled under the Lease.

13. Bankruptcy Code Section 365(b)(1)(A) requires that Debtors promptly cure outstanding balances due under the Lease upon assumption or assumption and assignment of the Lease. To the extent there is a dispute over the total cure obligation for the Lease, all undisputed cure amounts should be paid immediately. Debtors should escrow disputed amounts, and the Court should set a status conference within thirty (30) days of the assumption or assumption and assignment of the Lease to address any disputes that remain unresolved after such period.

## **RESERVATION OF RIGHTS**

14. Harolds Heirs reserves the right to (i) further supplement or amend this Objection and assert any additional objections, including any additional cure obligations that may arise under

the Lease in the ordinary course of business, (ii) further object to the Cure Notice on additional grounds based upon any new information provided by Debtors or upon different relief requested by Debtors, including a proposed assignment of the Lease to an entity other than proposed purchaser, and (iii) raise other and further objections to any proposed Sale Order(s), the identity of the Successful Bidder and any proposed assignee, or transaction documents once any final proposed Sale Order and/or Asset Purchase Agreements are filed of record.

## JOINDER

15. Harolds Heirs hereby joins in the objections filed by the Debtors' other landlords and creditors to the extent that such objections are not inconsistent with the provisions hereof.

## CONCLUSION

For all of the foregoing reasons, Harolds Heirs respectfully requests that the Court enter an order consistent with the foregoing objections; and for such other and further relief as may be just and proper under all of the circumstances.

Dated: November 6, 2024

/s/ *Karen C. Bifferato*
Karen C. Bifferato, Esquire
CONNOLLY GALLAGHER LLP
1201 North Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 888-6221
Email: kbifferato@connollygallagher.com

-and-

Michael D. Mueller, Esquire
WILLIAMS MULLEN
200 South 10th Street, Suite 1600
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
Email: mmueller@williamsmullen.com

-and-

Lonnie M. Player, Jr., Esquire
PLAYER MCLEAN, LLP
1019 Hay Street
Fayetteville, North Carolina 28305
Telephone: (910) 426-5291
Facsimile: (910) 426-9500
Email: lonnie@playermclean.com

*Counsel for Harolds Heirs LLC*