**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11967 (JKS) |
| | ) | (Jointly Administered) |
| BIG LOTS, INC., *et al.*,[1] | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | **Re: Docket No. 511** |

**LIMITED OBJECTION OF BOONE INVESTMENT GROUP, LLC**
**TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS OR**
**UNEXPIRED LEASES AND CURE AMOUNT**

Boone Investment Group, LLC ("Boone") hereby files this limited objection and reservation of rights (the "Limited Objection") to the Debtors' *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 511] (the "Assumption Notice") and respectfully states the following:

**BACKGROUND**

1. On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2. Boone, as landlord, and Debtor Big Lots Stores, Inc., as tenant ("Tenant"), are parties to that certain Lease Agreement dated October 31, 2001 (together with all exhibits and attachments thereto and as amended and assigned from time to time, the "Lease") for certain

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

property located at New Market Centre, 223 New Market Ctr., Boone, North Carolina 28607 (the

"Premises").  A true and correct copy of the Lease is attached hereto as **Exhibit "1"**.

3.        The Lease contains a number of provisions applicable to the Assumption Notice

and this Limited Objection.

4.        Section 4(A) of the Lease states, in pertinent part:

Use. Tenant covenants and agrees that the Demised Premises shall be used and
occupied for the purpose of the sale of general merchandise, furniture, furniture
accessories, appliances, toys, seasonal merchandise, food items (subject to all terms
and conditions of Exhibit F), and furnishings, and for no other purpose or purposes.

(*See* Ex. 1, § 4(A)) (the "Exclusive Use").

5.        In addition, Exhibit F of the Lease contains a number of "Shopping Center

Exclusives", which constitute exclusive uses granted to other tenants in the shopping center

containing the Premises (the "Prohibited Uses"). (*See* Ex. 1, Ex. F.)

6.        The Assumption Notice identifies the Lease as an unexpired lease that may be

assumed and assigned by the Debtors pursuant to 11 U.S.C. § 365 with a purported cure amount

of $24,265.00 (the "Cure Amount").  The stated Cure Amount does not include unpaid amounts

accrued post-petition, which must be paid to fulfill Tenant's obligations under the Lease.

**LIMITED OBJECTION**

7.        Boone files this Limited Objection, not to express its opposition to Debtors' efforts

to assume and assign Tenant's interest in the Lease, but to oppose such assumption and assignment

to the extent that Debtors propose to do so in violation of the provisions of, without limitation, §

365 of the Bankruptcy Code. Specifically, to comply with such provisions, Debtors must ensure

that they provide adequate assurance of future performance under the Lease to Boone.

8.        In order to assume and assign the Lease, Debtors are required, at the time of

assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-

monetary defaults under the Lease, including, without limitation, defaults related to compliance with all provisions of the Lease, including the Exclusive Use and the Prohibited Uses.

9.      The proposed assumption and assignment of the Lease must be accomplished subject to all of the Lease's provisions, both beneficial and burdensome. Section 365 of the Bankruptcy Code expressly provides that the assumption and assignment of an unexpired lease must be assumed and assigned in its entirety and not assumed and assigned only subject to the beneficial portions of such unexpired lease. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not 'cherry-pick' the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R. 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is 'selling' a lease or executory contract, rather than assuming and assigning it.").

10.      As with respect to shopping center leases (like the Lease), the Bankruptcy Code specifically provides that any assumption and assignment must be subject to any existing use provisions. *See* 11 U.S.C. § 365(b)(3)(C) (providing that, for a bankruptcy court to approve the

assumption and assignment of a shopping center lease, the "assumption or assignment of such lease [must be] subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center").

11.    Bankruptcy courts across the country have agreed that any proposed assumption and assignment of an unexpired lease must be assumed and assigned subject to any existing restricted use provisions in such unexpired lease. *See In re Trak Auto Corp.*, 367 F.3d 237, 244 (4th Cir. 2004) ("Specifically, when a shopping center lease is assigned in bankruptcy, Congress's purpose in § 365(b)(3)(C) is to preserve the landlord's bargained-for protections with respect to premises use and other matters that are spelled out in the lease with the debtor-tenant."); *In re Three A's Holdings, L.L.C.*, 364 B.R. 550, 560 (Bankr. D. Del. 2007) (denying proposed assumption and assignment of lease where proposed assignee's use of leased premises would violate restrictive covenant applicable to such lease).

12.    Boone objects to the Assumption Notice to the extent the Debtors seek authorization for the assumption and assignment of the Lease free and clear of any of Tenant's obligations or prohibitions under the Lease, including, but not limited to, the Exclusive Use and the Prohibited Uses.

13.    Any order approving the assumption and assignment of the Lease should clarify that the assumption and assignment of the Lease is subject to all of Tenant's obligations and prohibitions under the Lease, including, but not limited to, the Exclusive Use and the Prohibited Uses, which could have or did exist, occur, arise, or accrued prior to the assumption and assignment of the Lease.

14.    In addition, any order approving the assumption and assignment of the Lease should provide that the Cure Amount will be adjusted to include all unpaid amounts due to Boone under

the Lease as of the date of the assumption and assignment of the Lease, and that amounts which

have accrued but are not yet due, such as Tenant's share of common area maintenance ("CAM")

expenses, will be obligations the purchaser/assignee of the Lease must pay to Boone when such

obligations become due under the provisions of the Lease.

## RESERVATION OF RIGHTS

15.      Boone reserves the right to modify, supplement, or amend this Limited Objection

as further information becomes available, including reserving the right to object to the Cure

Amount before the date of assumption and assignment of the Lease.

## CONCLUSION

Accordingly, Boone objects to the proposed assumption and assignment of the Lease and

respectfully asks the Court to enter an order consistent with this Limited Objection.

Dated: November 6, 2024                           CROSS & SIMON, LLC

                                                  */s/ Kevin S. Mann*
                                                  Kevin S. Mann (No. 4576)
                                                  1105 N. Market Street, Suite 901
                                                  Wilmington, DE 19801
                                                  (302) 777-4200
                                                  kmann@crosslaw.com

                                                  -and-

                                                  Julio E. Mendoza, Jr., Esq.
                                                  MAYNARD NEXSEN PC
                                                  1230 Main Street, Suite 700 (29201)
                                                  Columbia, SC 29202
                                                  (803) 540-2026
                                                  rmendoza@maynardnexsen.com

                                                  *Counsel for Boone Investment Group, LLC*