# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

RECEIVED
2024 NOV -5 PM 3: 17

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BIG LOTS, INC., et al.[1], | ) | |
| Debtors | ) | Case No. 24-11967 (JKS) |
| | ) | |
| | ) | (Jointly Administered) |

## CONROAD ASSOCIATES, LP'S AMENDED MOTION TO COMPEL PAYMENT OF NOVEMBER (AND FUTURE) RENT AND AMENDED FILING ASSUMPTION AND ASSIGNMENT OBJECTIONS

NOW COMES Landlord Conroad Associates, LP ("Conroad" or "Landlord"), as owner and landlord of Big Lots Stores #251 and #260 (collectively the "Properties"), and the joinders and objections contained herein shall constitute an amendment to its Assumption and Assignment Objection, Cure Objection, Adequate Assurance Objection, and Sale Objection, hereby makes the following objections, including those to which Conroad joins and to *Order (I) APPROVING BIDDING PROCEDURES* (DE 612) (filed by Big Lots, Inc. and each of its subsidiaries (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"), and respectfully represents as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

## LEASE

1. Landlord is the Owner and Lessor of the Properties leased to Debtors at 1612 N. State Street, Greenfield, Indiana (Store #251) and 204 Charleston Avenue East, Mattoon, Illinois (Store #260). The leases (the "Leases") are identified as Potential Assumed Contracts on the Schedule attached to Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount , Initial Leases, to the Debtors' Motion to Reject Unexpired Leases, filed 10/16/24, (DE 511).

## JOINDER AND RESERVATION OF RIGHTS

2. Landlord also joins in any other Objections filed by any other landlords concerning Objections to Debtor's procedures regarding leases and to adequate assurance of future performance. Landlord reserves the right to supplement this limited Objection where it may be necessary or appropriate.

## OBJECTIONS

3. The Debtors listed a Preliminary Cure Amount of $17,786.00 for Store #251 and $8,955.00 for Store #260, which appears to represent the September, 2024 rent and no other costs or damages. The Cure Amount, as known to the best of Landlord's knowledge and belief, for Store #251 should be at least $25,786.00 because an $8,000.00 Post-Petition lien has been filed against Landlord's property, which constitutes both a Pre-Petition and a Post-Petition default under the lease for Store #251. The lien and Debtors' failure to indemnify Landlord constitutes a past and continuing default under the Store #251 lease and needs to be cured prior to the assumption and assignment of the Store #251 lease. The face amount of the lien is stated to be $8,000.00, but satisfaction of the lien will include interest, attorneys fees, and costs. The Debtors are required to cure all non-monetary and/or unliquidated obligations under the Leases, including, without limitation, indemnification obligations. See 11 U.S.C Section 365(b)(2). Conroad has not been paid November rent for the Properties and it is unknown what other costs and expenses due under the Leases remain unpaid. The Cure Cost or Cure Amount set forth by Debtor is not in good faith, as Debtor knows of the outstanding post-petition lien, Debtor's indemnity, and Debtor's obligation to cure. The Cure Cost or Cure Amount should be amended to include rent

for November ($17,786.00 for Store #251 and $8,955.00 for Store #260), future months, and any other unknown financial obligations under the Leases through the date the Lease are assigned or sold.

4. Conroad has made a formal request for adequate assurance of performance, in accordance with the Bankruptcy Code and the procedures set forth by sale procedures. Neither Nexus or Debtor has provided information that satisfies the Bankruptcy Code or supporting law.

5. Debtors failure to pay any Post-Petition Rent and other financial obligations under the Leases converts Landlord's priority claims under the Bankruptcy Code to a subordinated Post-Petition debt that allows Debtor to profit from the use of the Properties for the benefit of increasing the cash available for the Stalking Horse Bidder. Section 363(e) of the Bankruptcy Code requires adequate protection to any party with an interest in property used by the Debtor during the bankruptcy proceedings. The only means of providing such assurance is to require the immediate payment of all Post-Petition rents and other financial obligations under the Leases. Section 365(d)(3) of the Bankruptcy Code requires landlords to receive timely payment for post-petition, pre-rejection use and occupancy of the Properties. The timely payment of any financial obligations under the Leases is particularly salient in this situation, where the Stalking Horse Bidder is attempting to use Landlord's unpaid rent as equity in its purchase of the Assets and has submitted proposed orders to the Court to absolve itself of liabilities in contravention of the Bankruptcy Code. Established bankruptcy law requires any assignee (whether Stalking Horse Bidder, buyer at auction, or other) of an assumed contract to agree to assume and satisfy all of the obligations under the executory contract (the Leases). Nexus' proposed orders before the Court attempt to absolve Nexus of pre-closing obligations and liabilities. In addition to the foregoing obligations under the Leases, Conroad objects to and asks the Court to compel any buyer or assignee of the Leases to assume all obligations (including specifically, without limitation, an indemnities) under the Leases, whether known or unknown, whether Pre-Petition, Post-Petition, or subsequent to the assignment or sale of the Leases.

6. Counsel for Debtors has represented to Conroad that the real estate taxes for Store #251 would be paid on November 1, 2024. Conroad has been unable to verify that such taxes were timely paid and asks the Court to require all outstanding real estate taxes be paid when due and no later

than the sale or assignment of the Leases. Any outstanding real estate taxes, including interest, penalties, and other costs should be included in the Cure Cost or Cure Amount.

7. The Debtors continue to occupy, benefit from, operate, and profit from the Properties. The Debtors are required to comply with substantially all the terms, covenants, and conditions of the Leases, which would include, but are not be limited to, maintaining the Properties in good order and repair, complying with all building codes and local ordinances, as well as other covenants and conditions contained in the Leases.

8. The Bankruptcy Code requires the Debtors to cure all defaults under the Leases as of the date of assumption and assignment. Section 365(b)(1). Conroad again objects to entry of an order approving or ratifying a sale of the Leases that does not (a) require that the full amount of the Cure Amount and Cure Costs (which shall include all unpaid rent, delinquent real estate taxes, and other financial obligations) under the Leases be paid at or prior to assumption and assignment of the Leases, (b) provide that any and all unliquidated and unknown covenants and obligations under the Leases that might have arisen or accrued at any time prior to the sale or assignment of the Leases, and (c) in any manner releases Debtors and/or the assignee/purchaser of the Leases from its continuing obligation to fulfill the terms, conditions, covenants, warranties, indemnifications, and obligations under the Leases. .

9. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants, and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)1)(B) due upon the assumption and assignment of a lease if the underlying lease provides for them. Conroad is using its best efforts to mitigate attorneys' fees in this matter, but Debtor's and Nexus' efforts to propose orders and profit from orders that are not consistent with established Bankruptcy law is compelling Conroad to engage counsel to protect Conroad's interests under the law.

10. Nothing in this Objection shall be construed to waive or limit Conroad's rights under the Leases, Bankruptcy Code, or other law. Conroad reserves its rights to amend or supplement this Objection and make other objections to protect its interests and enforce its rights under the Leases.

## CONCLUSION

**WHEREFORE,** Landlord respectfully request the Court enter an order sustaining the objection; enter an order reflecting the correction in the Cure Amount be set forth in this Cure Objection; and, providing for adequate assurance for the Landlord that all past and future obligations under the Leases are assumed by the assignee/buyer of the Leases; and (2) granting Landlord such other and further relief as the Court deems just and proper.

Dated: November 4, 2024                               Respectfully Submitted,

                                                             Conroad Associates, L.P.

                                                             By:_____
                                                             Its: General Partner

## CERTIFICATE OF SERVICE

I, Lloyd Abrams, do hereby certify that on November 4, 2024, a copy of the foregoing was emailed to the parties listed on the attached service list in the manner indicated.

_____
Lloyd Abrams

SALE OBJECTIONS PARTIES:

(i) proposed counsel to the Debtors, (y) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq., and Ethan Stern, Esq. (notice.biglots@davispolk.com) and (z) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com), (ii) counsel to the ABL Agent, (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com), and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com) and Stanley Tarr, Esq. (stanley.tarr@blankrome.com), (iii) counsel to the Term Agent, (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq.

(CSimon@otterbourg.com), James V. Drew, Esq. (JDrew@otterbourg.com), and Sarah L. Hautzinger, Esq. (shautzinger@otterbourg.com) and (z) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight, Esq. (knight@rlf.com), (iv) proposed counsel to the Committee, (y) McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin G. Going, Esq. (kgoing@mwe.com), and (z) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy L. Newman, Esq. (snewman@coleschotz.com), (v) counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C. (cmarcus@kirkland.com), Douglas A. Ryder, P.C. (douglas.ryder@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com), and (vi) the U.S. Trustee, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) (collectively, the "Objection Notice Parties").

Align top of FedEx Express® shipping label here.

ORIGIN ID:MGCA  (314) 283-3937
KEVIN ABRAMS

40700 DESERT CREEK LN

RANCHO MIRAGE, CA 92270
UNITED STATES US

SHIP DATE: 04NOV24
ACTWGT: 0.15 LB
CAD: 6991701/SSF02560

BILL CREDIT CARD

TO **USBC DISTRICT OF DELAWARE**
**824 MARKET STREET**
**3RD FLOOR**
**WILMINGTON DE 19801**
(302) 252-2900           REF:
INV:
PO:                      DEPT:



FedEx Express



U.S.M.S. X-RAY

TRK# 2813 8832 5957
0201

TUE – 05 NOV 5:00P
**STANDARD OVERNIGHT**

**XS ZWIA**

19801
DE-US  PHL

