# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Case No. 24-11967 (JKS)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**Related Docket No: 683** |

## LIMITED OBJECTION OF MICROSOFT TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS

Microsoft Corporation, by and through its undersigned counsel, respectfully submits the following Limited Objection to the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the "Notice") filed by the above-captioned debtors and debtors-in-possession (the "Debtors" or "Big Lots"), and states as follows:

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

2. On October 25, 2024, the Court entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures and the Assumption Procedures.

3. On October 31, 2024, the Debtors filed the Notice, providing contract counterparties just four business days to object to the contracts scheduled for potential assumption and assignment and the listed cure amounts.

4. The Notice includes a list of some **95** Microsoft contracts. (Docket No. 683, Page 67 - 69 of 109). As is often the case, the descriptions provided in the Notice are insufficient to determine which contracts the Debtors intend to reference. As an example, over thirty contracts are described as "Volume Licensing Agreement" with one of two entities ("Big Lots Stores, LLC" or "Big Lots, Inc."). Due to this lack of specificity, it takes much longer for Microsoft to complete its analysis of contracts listed in the Notice to determine which, if any, remain active and whether there is an associated cure amount due.

5. Pending completion of this investigation, Microsoft assumes that Big Lots seeks to assume all active Microsoft contracts that provide Debtors with licenses to use Microsoft's software products and services throughout its enterprise. These "Licensing Agreements" are executory contracts for the non-exclusive license of intellectual property and the payment of royalties as described by 11 U.S.C. § 365(n), and payments due under the Licensing Agreements constitute royalties. *In re Prize Frize*, 32 F.3d 426 (9th Cir. 1994).

6. Microsoft received the Notice on Monday, November 4, 2024 and has been diligently reviewing its files to assemble and review active contracts and the associated cure amounts.

# ARGUMENT

**I.    Microsoft objects to the assumption or assignment of any Licensing Agreements pending completion of its review of the contracts listed in the Notice and the associated cure amounts.**

7. Pursuant to Section 365 of the Bankruptcy Code, a debtor may not assume or assume and assign an executory contract without first curing all defaults, monetary and otherwise, existing as of the proposed date of assumption. 11 U.S.C. § 365(b)(1).

8. The Notice suggests that a cure amount of just $32,372.24 is due under the 95 Microsoft contracts listed therein, and that cure amount is assigned to a single contract described generically as a "Enterprise Subscription Enrollment Amendment." (Docket No. 683, Page 68 of 109)

9. While this may prove to be correct, Microsoft cannot confirm the correct cure amount until it has been given adequate time to review all active Licensing Agreements with the Debtors to confirm: (1) which contracts remain active; and (2) the associated cure amounts, if any.

10. Microsoft, therefore, objects to the assumption and assignment of any Licensing Agreements pending further investigation into active contracts and the associated cure amounts.

**II.   Microsoft objects to the assumption or assignment of any Licensing Agreements without Microsoft's prior consent.**

11. Pursuant to section 365(c)(1) of the Bankruptcy Code, the Debtors may neither assume nor assign Microsoft Licensing Agreements without Microsoft's prior consent. Licenses of Microsoft products and services are licenses of copyrighted materials and, therefore, may not be assumed or assigned without Microsoft's consent. *In re Catapult Entertainment*, 165 F.3d 747 (9th Cir. 1999) (since federal patent law excused non-debtor licensor from rendering performance, debtor could not assume or assign the non-exclusive patent license without the non-debtor's licensor's consent). The analysis of the court in *In re Catapult* holds true for non-exclusive copyright licenses.

3

164597910.1

*See In re Access Beyond Technologies, Inc.*, 237 B.R. 32, 48 49 (Bankr. D. Del. 1999) (*citing In re West Elec., Inc.*, 852 F.2d 79 (3d Cir. 1988)); *In re Patient Educ. Media,* 210 B.R. 237, 243 (Bankr. S.D.N.Y. 1997) (holding that debtor could not assume and assign non-exclusive license without copyright owner's consent).

12. Microsoft, therefore, objects to the assumption or assignment of the Licensing Agreements without its prior consent.

## RESERVATION OF RIGHTS

13. Microsoft reserves the right to amend or withdraw this Limited Objection or revise the stated cure amounts pending further investigation. Depending on the timing of the actual assumption and cure, the amount owed may increase for unpaid post-petition use of Microsoft's products and services.

## CONCLUSION

14. WHEREFORE, (a) Microsoft objects to the assumption and assignment of any Licensing Agreements pending further investigation into active contracts; and (b) Microsoft objects to the assumption or assignment of the Licensing Agreements without its prior consent.

[*Remainder of page intentionally left blank.*]

Dated: November 6, 2024

FOX ROTHSCHILD LLP

*/s/ Stephanie Slater Ward*

Stephanie Slater Ward (DE Bar No. 6922)
1201 North Market Street, Suite 1200
Wilmington, DE  19801
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
Email: sward@foxrothschild.com

-and-

David P. Papiez, WA State Bar No. 54186
1001 Fourth Avenue, Suite 4400
Seattle, WA  98154-1192
Telephone: (206) 624-3600
Facsimile: (206) 389-1708
Email: dpapiez@foxrothschild.com

*Attorneys for Microsoft Corporation*

164597910.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2024, a true and correct copy of the foregoing LIMITED OBJECTION OF MICROSOFT TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS was served via the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware to all parties registered to receive such notice.

Also, the parties below were served via email:

**Counsel to the Debtors**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Attn: Brian M. Resnick, Esq.
Adam L. Shpeen, Esq.
Stephen D. Piraino, Esq.
Jonah A. Peppiatt, Esq.
Ethan Stern, Esq.
notice.biglots@davispolk.com

And

Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
\Wilmington, DE 19801
Attn: Robert J. Dehney, Sr., Esq.
Andrew R. Remming, Esq.
Daniel B. Butz, Esq.
Tamara K. Mann, Esq.
Casey B. Sawyer, Esq.
biglots.mnat@morrisnichols.com

**Counsel to the ABL Agent**
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
John F. Ventola, Esq. jventola@choate.com
Jonathan D. Marshall, Esq.
jmarshall@choate.com

**Proposed counsel to the Committee**
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017
Attn: Darren Azman, Esq. dazman@mwe.com
Kristin G. Going, Esq. kgoing@mwe.com

And

Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Justin R. Alberto, Esq.
jalberto@coleschotz.com
Stacy L. Newman, Esq.
snewman@coleschotz.com

**Counsel to the Stalking Horse Bidder**
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Christopher Marcus, P.C.
cmarcus@kirkland.com
Douglas A. Ryder, P.C.
douglas.ryder@kirkland.com
Nicholas M. Adzima
nicholas.adzima@kirkland.com

And

Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Regina Stango Kelbon, Esq.

Stanley Tarr, Esq
stanley.tarr@blankrome.com

**Counsel to the Term Agent**
Otterbourg P.C.
230 Park Avenue
New York, NY 10169
Attn: Chad B. Simon, Esq.
CSimon@otterbourg.com
James V. Drew, Esq. JDrew@otterbourg.com
Sarah L. Hautzinger, Esq.
shautzinger@otterbourg.com

 And

Richards, Layton & Finger, P.A.
920 N. King Street
Wilmington, DE 19801
Attn: John H. Knight, Esq. knight@rlf.com

**U.S. Trustee**
Caleb Boggs Federal Building
844 King Street, Suite 2207 Lockbox 35
Wilmington, Delaware 19801
Attn: Linda J. Casey linda.casey@usdoj.gov

*/s/ Stephanie Slater Ward*
Stephanie Slater Ward (DE Bar No. 6922)

164597910.1