**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 511 and 683** |

**OBJECTION AND RESERVATION OF RIGHTS OF REGENCY COMMERCIAL ASSOCIATES LLC AND ITS AFFILIATES TO DEBTORS' (1) NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT AND (2) NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

## I.  INTRODUCTION

Regency Commercial Associates LLC and its affiliates including but not limited to Regency CSP IV LLC, Regency Central Indiana LLC, Regency Hannibal LLC, Regency Mount Vernon LLC and Regency Summersville LLC (collectively, "Regency") by and through counsel, files this Objection and Reservation of Rights (the "Objection") to that *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] and that *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (together, the "Assumption Notices") filed by the above-captioned Debtors and Debtors-in-Possession (collectively, "Debtors").

Regency and certain of the Debtors are parties to 9 unexpired nonresidential leases pursuant to which the Debtors lease space in certain shopping centers owned and operated by Regency

---

¹ The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

(individually, a "Regency Lease" and collectively, the "Regency Leases"). Regency and the Debtors, through A&G Real Estate Partners, LLC ("A&G"), have been discussing certain amendments to certain of the Regency Leases but no agreement has yet been reached. Regency is filing this Objection to clarify that, to the extent the Regency Leases are assumed and assigned to Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, as the Stalking Horse Bidder ("Gateway"), until a lease amendment is agreed upon, executed and delivered by both parties thereto, it is the prepetition lease documents in their present form that are being assumed and assigned to the Stalking Horse Bidder. Additionally, Regency objects to the approximately $169,700 cure amount listed by the Debtors for the Regency Leases because the correct cure amount for the Regency Leases as of November 1, 2024 is not less than $444,323.37 as reflected on Exhibit 1 attached hereto.

Regency states the following in support of its Objection.

## II. BACKGROUND

### A. The Regency Leases

1. Prior to the Petition Date (defined below), Regency and certain of the Debtors were parties to nine (9) unexpired nonresidential real property leases pursuant to which the Debtors leased space from Regency in various shopping centers throughout the country.[2] A schedule reflecting certain information relating to the Regency Leases is attached at Exhibit 1 (the "Regency Lease Schedule") and incorporated here by reference.[3]

---

[2] Due to the voluminous nature of the Regency Leases, copies are not attached here.
[3] The Regency Lease Schedule is based upon the schedules submitted by the Debtors in their Assumption Notices and contains additional columns to correct or provide additional information.

2.  Pursuant to the Regency Leases, rent is due the first day of every month. As of the Petition Date, Regency was owed not less than $173,180.53 under the Regency Leases for rents due on or before September 1, 2024 as set forth on Exhibit 1.

3.  As of the date of the filing of this Objection, Regency has received a partial installment of the rent due and payable on the Regency Leases as of October 1, 2024. However, Regency has not received the rent due and payable on the Regency Leases as of November 1, 2024 which amount totals not less than $118,630.17 as set forth on Exhibit 1.

4.  Further, certain of the Regency Leases also provide that the Debtors are responsible for payment of other items such as overage rent, a portion of the common area maintenance ("CAM") expenses, a pro rata share of real estate taxes, insurance premiums, utility expenses, and attorney fees, among other items (the "Additional Obligations"). As of November 1, 2024, the unpaid Additional Obligations owing on the Regency Leases are not less than $152,513.67 as set forth in Exhibit 1.[4]

5.  Thus, as of November 1, 2024, the correct cure amount for the Regency Leases is not less than $444,323.37, which includes September and November rent and the Additional Obligations.

### B. Procedural History

6.  On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

---

[4] The Additional Obligations consist of certain amounts due to Regency from October 1, 2024 through October 18, 2024 in the amount of $1,901.37 and other Additional Obligations in the total amount of $150,612.30 for total Additional Obligations of not less than $152,513.67.

7.  On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] (the "Bid Procedures Motion").

8.  On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases.* [Docket No. 95].

9.  On October 4, 2024, the Debtors filed that *Third Notice of Filing of List of Additional Closing Stores Pursuant to the Interim Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [Docket No. 424] (the "Third Closing Store Notice"). The Third Closing Store Notice identifies Store Numbers 452 and 5418 – locations leased from Regency - as stores at which the Debtors intended to conduct store closing sales.

10. On October 16, 2024, the Debtors filed that *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "Potential Assumption and Assignment Notice") with the Court. The Potential Assumption and Assignment Notice lists all nine of the Regency Leases as being subject to a potential assumption and assignment and with an estimated collective cure amount of $169,700. The Potential Assumption and Assignment Notice incorrectly identifies the landlords for Store Numbers 256, 257 and 316.  The correct landlord entitiesare Regency Central Indiana LLC for

4

Store Numbers 256 and 257 and Regency CSP IV LLC for Store Number 316. This corrected information, along with the correct cure amount for each Regency Lease appears in the Regency Lease Schedule attached at Exhibit 1.

11. October 25, 2024, the Court entered that *Order (I) Approving Bidding Procedures For Sale Of Debtors' Assets, (II) Approving The Stalking Horse Bid Protections, (III) Scheduling Auction For , And Hearing To Approve, Sale Of Debtors' Assets, (IV) Approving Form And Manner Of Notice Of Sale, Auction, And Sale Hearing, (V) Approving Assumption And Assignment Procedures, And (VI) Granting Related Relief* (the "Bid Procedures Order"). [Docket No. 612].

12. On October 31, 2024, the Debtors filed that *Notice of Successful Bidder for the Sale Of the Debtors' Assets* (the "Sale Notice") with the Court in which the Debtors gave notice that Gateway was the Successful Bidder for the sale of the Debtors' assets. [Docket No. 661].

13. Also on October 31, 2024, the Debtors filed that *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the "Proposed Assumption and Assignment Notice") with the Court. Like the Potential Assumption and Assignment Notice, the Proposed Assumption and Assignment Notice lists all nine of the Regency Leases as among those that are proposed to be assumed and assigned to the Successful Bidder with a proposed collective cure amount of approximately $169,700. The Proposed Assumption and Assignment Notice also incorrectly identifies the landlords for Store Numbers 256, 257 and 316 with the correct landlord entity being Regency Central Indiana LLC for Store Numbers 256 and 257 and Regency CSP IV LLC for Store Number 316. This corrected information, along with the correct cure amount for each of the Regency Leases appears in the Regency Lease Schedule attached at Exhibit 1.

14. Regency and A&G are engaged in ongoing discussions relating to certain proposed amendments to the Regency Leases for Store Numbers 1840, 1243, 257, 316, 5419 and 4668 but no agreement has yet been reached. Should one or more lease amendments be signed by both parties for any of these Regency Leases prior to the closing of the sale to the Successful Bidder, Regency has no objection to the assumption and assignment of a fully executed amended Regency Lease to the Gateway on the terms set forth in such fully executed lease amendment. As to the three remaining Regency Leases, Regency notes that Debtors indicated their intent to conduct store closing sales at Store Numbers 452, 5418 and 256 and the lease for Store Number 256 expires on March 31, 2025 with no renewal option.

### III. **OBJECTION**

While Regency and A&G are presently negotiating amendments to certain of the Regency Leases, no agreement on those amendments has yet been reached. Accordingly, the Debtors may only assume and assign the Regency Leases in their current form, not as they may later be amended, and only upon paying the full cure amount set forth in Exhibit 1. Should some or all of the contemplated lease amendments be finalized and signed by the parties prior to the closing of the anticipated sale to Gateway, Regency does not oppose the proposed assumption and assignment to Gateway on the terms set forth in such fully executed lease amendments.

Absent the contemplated lease amendments and for the Regency Leases for Store Numbers 256, 452 and 5418, to assume and assign a Regency Lease, the Debtors are required to cure any and all defaults thereunder, including monetary defaults, and to assume that lease in its entirety.

In particular, Section 365(b) provides in pertinent part as follows:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Simply put, the Debtors must cure all of the defaults for any Regency Lease that they seek to assume and assign and also provide adequate assurance of future performance for any Regency Lease that may be assumed. *See Stanley Jacobs Prod., Ltd. v. 9472541 Can. Inc. (In re Thane Int'l, Inc.)*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

Here, Regency objects to the Debtors' proposed cure amount for each Regency Lease because the proposed cure amounts fail to accurately reflect all of the outstanding lease obligations for the Regency Leases in the collective amount of not less than $443,323.37 as reflected in the Regency Lease Schedule which obligations include rents owing as of September 1, 2024 and November 1, 2024 and the Additional Obligations (the "Outstanding Lease Obligations"). The Debtors have used, and continue to use, all of premises leased from Regency to generate business since the Petition Date but have not paid all of Outstanding Lease Obligations.

Further, certain obligations may accrue on a future date but will not become due under the terms of the Regency Leases prior to the date that a Regency Lease is assumed. For instance, CAM, insurance, real estate taxes, utilities, and other expenses are paid monthly based on estimated amounts due. The actual amounts due are reconciled every year. Further, additional amounts may have been incurred by the Debtors but not yet billed for services that are not Regency's responsibility under the Regency Leases, e.g., certain repairs and maintenance, HVAC repairs, etc. In the event more amounts are owed that are not included in the proposed cure amount, they must

be paid by the Debtors/assignee. Any order approving the assumption of a Regency Lease should make clear that Regency's rights with respect to accrued, but not yet due obligations under the said Regency Lease (including, without limitation, for CAM, insurance, real estate taxes, utilities, overage rent, attorney's fees and unreimbursed expenditures), are not impaired or otherwise prejudiced by the assumption and assignment of said Regency Lease, and that those amounts will be paid post-assumption as they become due based on the parties' prior practices and/or under the terms of said Regency Lease or applicable law.

There also could be indemnity obligations that have arisen but are not yet known to Regency. Any order approving the proposed assumption and assignment of a Regency Lease should make clear that the Debtors/assignee is required to comply with all contractual obligations to indemnify and hold Regency harmless with respect to events that may have occurred before or after the Petition Date, but that are not known to Regency as of the date of the assumption including, without limitation, claims for personal injury and property damage that occurred at the leased premises and presently unknown deferred maintenance, damage and/or destruction to the leased premises, including attorney's fees.

Further, the proposed cure amount does not include all amounts that became or will become due under the Regency Leases after the Petition Date but before the effective date of assumption.

Amounts that first become due under the Regency Leases after the Petition Date but prior to the rejection or assumption of a Regency Lease must be promptly paid under Section 365(d)(3) of the Code. The proposed cure amount should not be construed as limiting any of the Debtors' obligations under Section 365(d)(3) of the Code.

In the event these 365(d)(3) obligations are not paid, the Debtors/assignee should be required to pay them, as well as all prepetition amounts due, on the date any Regency Lease is assumed.

Regency further objects to the Assumption Notices to the extent that they seek to limit liability upon assumption and assignment to only pre-petition arrearages. Any cure payment to Regency must include all pre-petition and post-petition obligations, including rent and any other amounts coming due under a Regency Lease, such as CAM charges, real estate taxes, insurance, utilities, overage rent, attorney's fees, and other amounts due and recoverable under Sections 365(d)(3) and 503(b) of the Code.

The Court should enter an order conditioning every assumption and assignment of any Regency Lease in its present form upon payment in full of all Outstanding Lease Obligations for such assumed Regency Lease, as set forth in Exhibit 1, and any other amounts that come due under the terms of such Regency Lease prior to the time such Regency Lease is assumed.

### IV.    RESERVATION OF RIGHTS

Regency hereby reserves all rights with respect to the Regency Leases, including, without limitation, its rights to object to, amend, or supplement this Objection and raise all other arguments in connection herewith in the future as it deems appropriate based on the foregoing items or otherwise. Nothing contained herein should be construed as a waiver of any procedural, substantive or other right to object to the Debtors' treatment of or performance under the Regency Leases between the Debtors and Regency or any privileges or remedies under the Regency Leases. Additionally, Regency reserves its right to seek a Section 503(b)(1) administrative claim for the stub-rent owed for the period of September 10, 2024 – September 30, 2024.

Rent and other recoverable expenses continue to accrue under the Regency Leases. Regency reserves the right to amend and/or supplement this Objection to reflect such additional amounts or

to account for any additional adjustments that have not yet been billed or have not yet become due under a Regency Lease through the date that the Regency Lease is assumed.

## V.  JOINDER IN OTHER LANDLORD CURE OBJECTIONS

Regency joins in any legal objections of other similarly situated shopping center landlords.

## VI.  CONCLUSION

WHEREFORE, Regency respectfully requests that the Court enter an order (i) sustaining this Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing up until the date of assumption; (iii) establishing the cure amount of not less than $443,323.37 plus any additional unpaid amounts under the Regency Leases incurred both pre-petition and post-petition that are owed to Regency under the Regency Leases pursuant to Section 365(b)(1)(A) of the Code; and (iv) granting Regency such further relief as it deems proper.

Dated: November 6, 2024                                Respectfully submitted,

/s/*Joseph H. Huston, Jr.*
Joseph H. Huston, Jr. (No. 4035)
Stevens & Lee, P.C.
919 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 425-3310
Fax: (610) 371-7972
jhh@stevenslee.com

and

Lea Pauley Goff ( admission *pro hac vice* pending)
Emily L. Pagorski (admission *pro hac vice* pending)
Stoll Keenon Ogden PLLC
400 West Market Street, Suite 2700
Louisville, Kentucky 40202
(502) 333-6000
lea.goff@skofirm.com
emily.pagorski@skofirm.com

*Counsel for Regency Commercial Associates LLC and its affiliates*