# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Big Lots, Inc., *et al.*[1] | ) Case No. 24-11967 (JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket Nos. 18 and 683** |

### LIMITED CURE OBJECTION AND RESERVATION OF RIGHTS OF BLUE OWL TO THE DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS

Blue Owl Real Estate Capital, LLC and certain of its affiliates[2] (collectively, "Blue Owl"), by and through their undersigned counsel, submit this cure objection and reservation of rights (the "Objection") to the proposed assumption and assignment of unexpired leases pursuant to the Debtors' *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Docket No. 683] (the "Notice and Cure Schedule"). In support of this Objection, Blue Owl respectfully states as follows:

### Background

1. Blue Owl owns and leases to the Debtors various parcels of real property pursuant to written non-residential real property leases (the "Blue Owl Leases"), including several leases included on

---

[1] The debtors and debtors in possession in these chapter 11 cases (the "**Debtors**"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

[2] The full list of Blue Owl entities includes Blue Owl Real Estate Capital, LLC, BIG AVCA Owner LLC, BIG BCLA Owner LLC, BIG CSCO Owner LLC, BIG FBTX Owner LLC, BIG FRCA Owner LLC, BIG LACA Owner LLC, BIG LCNM Owner LLC, BIG LOCA Owner LLC, BIG SATX Owner LLC, BIG TAMI Owner LLC, BIG VICA Owner LLC, BIG YVCA Owner LLC, BIGCOOH002 LLC, BIGMOAL001, BIGDUOK001 LLC, and BIGTRPA001 LLC.

the Debtors' Notice and Cure Schedule. The Leases are unexpired, and the Debtors are responsible for continued performance of the obligations arising thereunder.

2. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (a) Approving Bidding Procedures for Sale of Debtors' Assets, (b) Approving the Stalking Horse Bid Protections, (c) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (d) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (e) Approving Assumption and Assignment Procedures, (II) (a) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (b) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] (the "Bidding Procedures Motion").

4. On October 25, 2024, the Court approved the relief requested in the Bidding Procedures Motion and entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (II) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 612] (the "Bidding Procedures Order").

5. Pursuant to the Bidding Procedures Order, the Debtors filed the Notice and Cure Schedule, which contains a schedule of executory contracts and unexpired leases that may be assumed and assigned in connection with a sale of the Debtors' assets.

6. Several of the Blue Owl Leases are listed on the Notice and Cure Schedule, including the Debtors' leases with Blue Owl affiliates BIG FBTX Owner LLC, BIG LACA Owner LLC, BIG LCNM

Owner LLC, BIG SATX Owner LLC, BIG TAMI Owner LLC, BIGMOAL001 LLC, BIGDUOK001 LLC, and BIGTRPA001 LLC.

7. In the Notice and Cure Schedule, the Debtors list the cure amounts due under most of the Blue Owl Leases identified in the Notice and Cure Schedule as $0.00, with the exception of (a) the Debtors' lease with BIG LACA Owner LLC, which has a proposed cure amount scheduled as $11,790.00, and (b) the Debtors' lease with BIG TAMI Owner LLC, which has a proposed cure amount scheduled as $70,921.92 (all such proposed cure amounts contained in the Notice and Cure Schedule, collectively, the "Proposed Cure Amounts").

| Blue Owl Lessor | Address |
|---|---|
| BIG FBTX Owner LLC | 2865 Valley View Lane, Farmers Branch, TX |
| BIG LACA Owner LLC | 1070 W Avenue K Ste A, Lancaster, CA |
| BIG LCNM Owner LLC | 2350 East Lohman Avenue, Las Cruces, NM |
| BIG SATX Owner LLC | 1739 SW Loop 410, Ste 200, San Antonio, TX |
| BIG TAMI Owner LLC | 23351 Eureka Road, Taylor, MI |
| BIGMOAL001 LLC | 2855 Selma Highway, Montgomery, Alabama |
| BIGDUOK001 LLC | 2306 Enterprise Drive, Durant, OK |
| BIGTRPA001 LLC | 20 Rausch Creek Road, Tremont, PA |

8. Certain of the Proposed Cure Amounts appear inconsistent with Blue Owl's books and records and do not accurately reflect defaults due and owing under the Blue Owl Leases. For example, according to Blue Owl's records, the Debtors owe more than $74,954 under the lease located at 1070 W Avenue K Ste A, Lancaster, California, yet the Debtors' Proposed Cure Amount for that property is only $11,790. While Blue Owl will continue to work constructively with the Debtors to consensually resolve any discrepancies in the Proposed Cure Amounts, Blue Owl files this Objection to reserve its rights regarding the actual amounts due and owing under the Blue Owl Leases pursuant to Blue Owl's books and records (such actual amounts, the "Actual Cure Amounts").

**Objection**

A. **The Debtors' Proposed Cure Amounts Are Not Correct.**

9. Blue Owl objects to the Proposed Cure Amounts as failing to fully cure outstanding defaults under the Blue Owl Leases. To the extent the Debtors seek to assume, or assume and assign, the Blue Owl Leases, Blue Owl objects to such assumption, or assumption and assignment, unless and until the Debtors pay the Actual Cure Amounts.

10. Section 365(b) of the Bankruptcy Code, in relevant part, states:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default[,] and (C) provides adequate assurance of future performance under such contract or lease.

11. The Debtors' Proposed Cure Amounts are not the correct amounts required to cure defaults outstanding under the applicable Blue Owl Leases. Blue Owl objects to the assumption, or assumption and assignment, of any Blue Owl Lease unless the Debtors fully comply with all requirements of the Bankruptcy Code, including section 365(b). In the event the Debtors fail to render such compliance, Blue Owl respectfully requests that the Court order the Debtors to comply with such requirements or, in the alternative (at Blue Owl's election), deny the Debtors' request to assume, or assume and assign, any Blue Owl Lease.

12. Because Blue Owl has, and continues to, perform under the Blue Owl Leases following the Petition Date, additional amounts due and owing under the Blue Owl Leases have, and will continue to, accrue. Section 365(b) requires that a debtor cure prepetition and postpetition defaults in connection with any assumption or assumption and assignment. Thus, any order approving the assumption, or assumption and assignment, of any Blue Owl Lease must—in addition to requiring payment of the Actual Cure Amount—further mandate the Debtors' payment of unbilled amounts without respect to whether those amounts arose pre or postpetition.

**Reservation of Rights**

13.     Blue Owl reserves all rights to amend, modify, and supplement this Objection at or prior to any hearing before the Court to consider approval of the assumption, or assumption and assignment, of any Blue Owl Lease, including, without limitation, Blue Owl's rights to assert additional objections to the assumption, or assumption and assignment, of any Blue Owl Lease.  Blue Owl additionally reserves all rights to modify or increase the Actual Cure Amounts listed herein upon reconciliation of any amounts due under the Blue Owl leases.

**Joinder**

14.     Blue Owl hereby joins the objections filed by other landlords to the Notice and Cure Schedule to the extent that such objections are not inconsistent with this Objection.

**Conclusion**

Blue Owl respectfully request entry of an order confirming that, in the event the Debtors assume, or assume and assign, any Blue Owl Leases, that the Debtors shall pay no less than the Actual Cure Amounts plus all unbilled amounts, regardless of whether such amounts arose pre or post-petition.

| | |
|---|---|
| Dated: November 6, 2024<br>Wilmington, Delaware | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br><br>*/s/ Domenic E. Pacitti*<br>Domenic E. Pacitti (DE Bar No. 3989)<br>919 N. Market St.<br>Wilmington, DE 19801<br>Tel:    (302) 552-5511<br>Fax:   (302) 426-9193<br>Email: dpacitti@klehr.com<br><br>*Counsel to Blue Owl Real Estate Capital LLC* |