**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>Re: Docket Nos. 511, 683 |

**CREDITOR CEDARS ENTERPRISES, TOO, INC.'S LIMITED OBJECTED TO THE DEBTOR'S NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND CURE AMOUNT**

Movant Cedars Enterprises Too, Inc.'s ("Cedars"), by its undersigned counsel, files this Limited Objection ("Limited Objection") to the Debtor's Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount ("Notice"). In support of the Limited Objection, Cedars relies upon and incorporates by reference the Declaration of Antonio Zoghbi In Support of Cedars' Limited Objection to the Debtor's Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount ("Zoghbi Declaration") attached hereto as **Exhibit A**. In further support hereof, Cedars avers as follows:

**FACTUAL BACKGROUND**

1. On September 9, 2024 ("Petition Date"), Big Lots, Inc. and its affiliated Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On September 10, 2024, the Court entered

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (681); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution,, LLC (0309); Durant DC< LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

its order authorizing joint administration of these Chapter 11 case [Dkt. 95].

2. Cedars is a California corporation that provides both residential and commercial construction services across the country. Cedars specializes in providing premium construction services to the commercial retail industry, with a particular emphasis on large retail chains, and has garnered a reputation for delivering high quality work products in a timely fashion. For that reason, Cedars has been a preferred contractor of Big Lots, Inc. for many years.

3. Big Lots hired Cedars to make certain improvements to six of its retail locations pursuant to the terms of that certain Construction Agreement entered into by Cedars and Big Lots on February 13, 2024 ("Construction Agreement"). Cedars is informed and believes that these improvements were specifically negotiated for in connection with the sale of the improved properties by Big Lots on or around August 2023. Cedars performed its obligations pursuant to the Construction Agreement and requests by Big Lots. Cedars has performed work in the following amounts that remain unpaid as of the filing of this Limited Objection:

   i. 2900 W Rosecrans Ave., Gardena, CA 90249 (Store #4031) (unpaid balance of $291,023.21);

   ii. 56865 29 Palms Hwy, Yucca Valley, CA (Store #4087) (unpaid balance of $5,280.00);

   iii. 12550 Central Ave., Chino, CA 91710 (Store #4098) (unpaid balance of $5,280.00 mechanics lien);

   iv. 1815 W. Slauson Ave., Los Angeles, CA 90047 (Store #4315) (unpaid balance of $273,007.89);

   v. 3003 W. Manchester Blvd., Inglewood, CA 90305 (Store #4118) (unpaid balance of $5,280.00); and

    vi. 299 Borchard Dr., Ventura, CA 93003 (Store #4900) (unpaid balance of $196,703.93).

  The total amount of the unpaid balance due under the Construction Agreement is $776,575.03. In addition, Cedars incurred an estimated $21,764.00 in costs towards the enforcement if its rights to the mechanics' liens for a grand total of $798,339.03. Attached hereto to the Zoghbi Declaration as Exhibit "1" is an accounting of the work performed and amounts unpaid owed to Cedars ("Accounting"). The Accounting references change orders and invoices that the Debtors are in possession of or have access to each of the change orders and invoices, but Cedars will make such documents available for the Debtors upon request.

  4. Cedars recorded mechanics liens with respect to each of the unpaid balances listed above. In addition, Cedars has filed Notice of Perfection of Lien with respect to all six mechanics liens in this case [Dkt. Nos. 997 through and including 1004].

  5. On September 9, 2024, the Debtors filed a motion to sell substantially all of the Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to overbid [Dkt. 18].

  6. On October 16, 2024, the Debtors filed the Cure Notice which identified "Construction Contracts" with Cedars as a Potentially Assumed Contract [Dkt. 511, p. 14]. On October 31, 2024, the Debtors filed a Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts which lists two "Construction Agreements" with Cedars to be cured in the amounts of $369,893.21 for one, and unknown or $0 for the other [Dkt. 683, p. 19]. The Notice indicates that these "Construction Agreements" are not limited to a specific real property lease premise location. Pursuant to the October 31, 2024, Notice, the deadline to object to a cure amount listed on the Notice was extended to November 6, 2024, at

4:00 prevailing eastern time [Dkt. 683].

7.  The estimated cure amount for the "Construction Agreements" with Cedars is incorrect. As of the filing of this Limited Objection, the true amount outstanding under the Construction Agreements is $776,575.03 plus $21,764.00 in costs towards the enforcement if its rights to the mechanics' liens for a grand total of $798,339.03.

## LEGAL ANALYSIS

8.  Pursuant to 11 U.S.C. § 365(b)(1), the Debtors must cure any outstanding defaults before the Construction Agreements can be assumed.

9.  The "cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 13677 (9th Cir. 1992). There is no question that the Bankruptcy Code requires defaults to be cured before unexpired leases or executory contracts can be assumed. *See In re Building Block Childe Care Centers, Inc.*, 234 B.R. 762, 765 (9th Cir. BAP 1999); *In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42, 49 (Bankr. S.D. Fla. 2005).

10. The Debtor's Notice acknowledges that there is a cure amount relating to the Construction Agreement with Cedars and lists that amount as $369,893.21 as an "Preliminary Estimated Cure Amount."

11. Although the Notice lists two "Construction Agreements," the Notice does not separate the Construction Agreement by real property location or location and treats the Construction Agreement essentially as a lump sum.

12. Pursuant to Section 365(b)(1)(B), Cedars is entitled to add such fees including attorneys' fees and other fees and costs as is required under the Construction Contract. *See In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998) ("Although attorneys' fees are not

independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties."); *see also Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S.Ct. 1199, 1203-1206 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code provides otherwise). The *In re Entertainment* court additionally found that "there is no logical distinction, for purposes of § 365, between claims for attorney's fees in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entertainment, Inc.*, 223 B.R. at 154. Cedars is incurring additional attorney's fees in relation to the Construction Agreement and reserves the right to supplement this Limited Objection as necessary to provide such further attorneys' fees information as may be requested or required by Debtors or the Court.

13. The total amount owed to Cedars as of the date of the filing of this Limited Objection is $798,339.03. As a result, the full amount of $798,339.03must be cured prior to the assumption of the Construction Agreement.

## RESERVATION OF RIGHTS

14. Cedars reserves all rights to further supplement this Limited Objection and assert any additional objections, including any additional cure obligations that may arise under the "Construction Agreements" in the ordinary course of business as well as to object to the Notice on additional grounds based on new information provided by Debtors.


## **CONCLUSION**

15. Any assignment of the "Construction Agreements" with Cedars must occur only with the full cure amount of $798,339.03 being paid to Cedars and must be subject to the terms, conditions, and covenants of the Construction Agreement

Dated: November 6, 2024

**RAINES FELDMAN LITTRELL LLP**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella Jr. (No. 3855)
1200 North Broom Street
Wilmington, DE 19806-4204
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com

-and-

**GOLDEN GOODRICH LLP**
Jeffrey I. Golden
33070 Bristol Street,
Suite 650
Costa Mesa, California 92626
Telephone: (714) 966-1000
Fax: (714) 966-1002
E-mail: jgolden@go2.law

*Counsel for Cedars Enterprises Too, Inc.*