## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 683** |

## AMENDED OBJECTION OF Y&O COMPANIES
## TO DEBTORS' CURE AMOUNT NOTICE, ET AL.

**COME NOW** Y&O Faulkner, LLC, Y&O 240 LLC, and Y&O Town and Country, LLC (individually and/or collectively as the case may be, "***Y & O***" or "***Y & O Companies***") by and through undersigned counsel, and file this their Amended Objection of Y&O Companies to Debtors' Cure Amount Notice, et al. ("***Objection***") and in support thereof, would show the Court the following:

### I.    PROCEDURAL BACKGROUND

1.    On September 9, 2024 (the "***Petition Date***"), Big Lots, Inc. ("***BLI***") along with numerous affiliates, each filed a Voluntary Petition for Relief for Non-Individuals under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***").  Since the Petition Date, the above referenced debtors (the "**Debtors**") have been authorized to operate and manage their businesses

---

[1]    The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

as debtors-in-possession of their assets in accordance with Section 1107 and 1108 of the Bankruptcy Code.

**Faulker Plaza Lease**

2. Y & O Faulkner, LLC as "Landlord" ("***Y & O Faulker***") and Big Stores Lots, LLC ("***BSLL***"") as "Tenant" are parties to that certain Lease Agreement dated March 20, 2003 (as amended, the " ***Faulkner Lease***"). A true and correct copy of the Faulkner Lease (inclusive of amendments) is attached as **Exhibit "A"** and is incorporated herein by reference for all purposes.

3. Pursuant to the Faulkner Lease, BSLL leased certain real property now owned by Y&O Faulkner and located at Faulkner Plaza, 150 E. Oak Street, Conway, Arkansas for the ***Lease Term*** (as defined in the Faulkner Lease) and the payment of, amongst other things, **Annual Fixed Minimum Rent** (as defined in the Faulker Lease) at a rate, as of the Petition Date, of no less than 15,596.88 per month and **Percentage Rent**(as defined in the Faulker Lease) .

4. As of the Petition Date, BSLL was liable to Y & O Faulker under the Faulkner Lease for unpaid monthly rent, insurance, common area maintenance charges ("***CAM***"), property taxes, late charges, interest and/or other costs due under the Faulkner Lease as detailed therein/herein (the "***Faulkner Prepetition Claim***").

**Walnut Square Lease**

5. Y & O 240, LLC as "Landlord" ("***Y & O 240***") and BSLL as "Tenant" are parties to that certain Lease Agreement dated March 31, 2004 (as amended, the " ***Walnut Square Lease***"). A true and correct copy of the Walnut Square Lease (inclusive of amendments) is attached as **Exhibit "B"** and is incorporated herein by reference for all purposes.

6. Pursuant to the Walnut Square Lease, BSLL leased certain real property now owned by Y & O 240 and located at 7301 S. Pennsylvania Ave., Suite A, Oklahoma City, Oklahoma 73159, for the ***Term*** (as defined in the Walnut Square Lease) and the payment of, amongst other

things, *Fixed Minimum Rent* (as defined in the Walnut Square Lease) at a rate, as of the Petition Date, of no less than $ 16,640.00 per month.

7.      As of the Petition Date, BSLL was liable to Y & O 240 under the Walnut Square Lease for unpaid monthly rent, insurance, CAM charges, property taxes, late charges, interest and/or other costs due under the Lease as detailed therein/herein and the payment of, amongst other things, *Annual Fixed Minimum Rent* (as Walnut Square Lease) at a rate, as of the Petition Date, of no less than $ 21,749.00 per month (collectively, the "*Walnut Square Prepetition Claim*").

**Town & Country Lease**

8.      Y & O Town & Country, LLC as "Landlord" ("*Y & O TC*") and BSLL as "Tenant" are parties to that certain Lease Agreement dated August 5, 1999 (as amended, the " *Town and Country Lease*"). A true and correct copy of the Town & Country Lease (inclusive of amendments) is attached as **Exhibit "C"** and is incorporated herein by reference for all purposes.

9.      Pursuant to the Town & Country Lease, BSLL leased certain real property now owned by Y & O TC and located at 160 Air Depot Drive, Midwest City, Oklahoma , for the *Lease Term* (as defined in the Town & Country Lease) and the payment of, amongst other things, *Annual Fixed Minimum Rent* (as defined in the Town & Country Lease) at a rate, as of the Petition Date, of no less than $ 13,392.00 per month.

10.    As of the Petition Date, BSLL was liable to Y & O TC under the Town & Country Lease for unpaid monthly rent, insurance, CAM charges, property taxes, late charges, interest and/or other costs due under the Lease as detailed therein/herein including, but not limited to late fees for September 2024 rent no less than $18,458.70 (collectively, the "*Town & Country Prepetition Claim*").

**Bankruptcy Sale/ Cure Notice Background**.

11.    On September 9, 2024, Debtors filed a motion seeking approval of certain procedures for the auction and sale of some or all of the Debtors' assets which included (a) procedures for the solicitation of bids (the "Bidding Procedures") in connection with (i) the proposed sale of substantially all of the Debtors' assets to Gateway BL Acquisition, LLC as the stalking horse bidder (the "Stalking Horse Bidder as well as, amongst other things,  the assumption of certain liabilities, subject to the submission of higher or otherwise better offers, (ii) the Sale Transaction ( as defined in the Bidding Procedures) and (iii) the Auction ( as defined in the Bidding Procedures), (b) the form and manner of notice related to the Sale Transaction, and (c)  procedures for the assumption and assignment of  executory contracts and unexpired leases in connection with the Sale Transaction (the "Assumption and Assignment Procedures").

12.    On October 25, 2024, the Court entered that certain order at Docket No. 612( the "***Bidding Procedures Order***")  approving, among other things, the Bidding Procedures.  Pursuant to the Bidding Procedures and/or the Bidding Procedures Order, the Debtors advised that they may potentially assume and assign to the "Successful Bidder" one or more of those executory contracts and unexpired leases listed on Schedule A annexed pursuant to section 365 of the Bankruptcy Code.

13.    On October 30, 2024, the Auction was conducted resulting in the Stalking Horse Bidder being identified as the Successful Bidder.

14.    On October 31, 2024, Debtors filed their Notice of Proposed Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amounts [Docket No.638 ] ("***Cure Notice***"), which, in the attached Proposed Assumed Contracts Schedule, included the

Falkner Lease, the Walnut Square Lease and the Town & Country Lease (collectively the "**Leases**") as "Proposed Assumed Contracts."

15.    The Cure Notice provided , amongst other things, the proposed "Cure Amount" for each of the Leases as highlighted below.

Y&O 240 LLC $ 21,749.00 Store #1847 7301 S PENNSYLVANIA AVE STE A OKLAHOMA CITY, OK

Y&O FAULKNER LLC $ 18,568.95 Real Property Lease Store #1257 150 E OAK ST CONWAY, AR

Y&O TOWN & COUNTRY LLC $ 18,458.71 #1488 160 N AIR DEPOT BLVD MIDWEST CITY, OK

*See* Cure Notice, pdf page 114.

16.    The Cure Notice further advised that "(p)ursuant to the Assumption and Assignment Procedures, objections to the proposed assumption and assignment of an Assumed Contract or Assumed Lease (an "Assumption and Assignment Objection") with respect to the ability of a Successful Bidder to provide adequate assurance of future performance must (a) be in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) state, with specificity, the legal and factual bases thereof (including, to the extent modified from the previously stated amount, the Cure Costs), (d) by no later than November 6, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "Assumption and Assignment Objection Deadline"), (i) be filed with the Court and (ii) be served on (1) counsel to the Debtors, …." See Cure Notice, ¶ 4

17.    Y&O hereby lodges its formal Cure Notice objections as set forth below.

## OBJECTION

18.    Y&O further repeats, restates, reiterates and realleges the foregoing paragraphs hereinabove as though set forth at length herein.

19.    11 U.S.C. §365 provides in pertinent part as follows:

> (b)*(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee -*

*(A) cures, or provides adequate assurance that the trustee will promptly cure, such default ...and pecuniary losses resulting from such default shall be compensated in  accordance with the provisions of this paragraph;*

*(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and*

*(C) provides adequate assurance of future performance under such contract or lease.*

*************************************

*(f) ... (2)The Trustee may assign an executory contract or unexpired lease of the debtor only if—*

*(A)   The trustee assumes such contract or lease in accordance with the provisions of this section; and*

*(B)   Adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there had been a default in such contract or lease.*

20.     Y&O further objects to the Cure Notice, as well as any proposed assumption and/or assignment of the Leases as contemplated by the Bidding Order, absent compliance with obligations due Y&O  under 11 U.S.C. §365 to, *inter alia*, (a) cure <u>all</u> monetary and non-monetary defaults, whether prepetition or post-petition, under the Leases, (b) provide, *inter alia,* adequate assurance of future performance of the obligations due Y&O  under same, (c) compensate Y&O for its pecuniary loss relating to same, and (d) provide Y&O adequate assurance of future performance by any assignee of the Leases.

21.     Y&O specifically objects to the Cure Notice to the extent it seeks to incorrectly fix the cure amount due to Y&O under the Leases which, to the extent not paid,  as of November 4, 2024, is as follows:

(a) For the Faulkner Plaza Lease,  the  Faulkner Prepetition Claim and/or Percentage Rent due  and such other amounts as are due under the Faulkner

Lease and/or applicable law including, but not limited to, interest and penalties on any delinquent property tax obligations BSLL has under the Faulkner Lease as well as attorneys' fees due Y&O Faulkner totaling no less than $32,035.99;

(b) For the Walnut Square Lease, the Walnut Square Prepetition Claim as well as such other amounts as are due under the Walnut Square Lease and/or applicable law including, but not limited to, interest and penalties on any delinquent property tax obligations Debtor has under the Walnut Square Lease as well as attorneys' fees due Y&O 240 totaling no less than 43,498.00; and

(c) For the Town and Country Lease, the Town and Country Prepetition Claim plus no less than $184.59 in September 2024, rent late fees, $21,749.00 in October rent (and triple net charges) and $21,749.00 in November, 2024 rent( (and triple net charges) for a total of no less than $37,101.99 as well as such other amounts as are due under the Town and Country Lease and/or applicable law including, but not limited to, interest and penalties on any delinquent property tax obligations Debtor has under the Town and Country Lease as well as attorneys' fees due Y&O TC.

22.    In addition, Y&O objects to the Cure Notice to the extent it ignores non-rent obligations due Y&O under the Leases including, but not limited to, amounts due Y & O to cure defaults under the: (a) "maintenance, etc." obligations under, Article VI of the Faulker Square Lease (b)"maintenance, etc.," obligations under Section 7 of the Walnut Square Lease and/or (c)"maintenance, etc.," obligations under Article IX of the Town & Country Lease .

23.    Y&O further asserts that any assumption and/or assignment of the Leases must provide Y&O with adequate assurance of future performance of the obligations due Y&O under same, compensate Y&O for its pecuniary loss relating to same, and provide Y&O adequate assurance of future performance by any assignee of the Leases all in amounts and manner to be determined by the Bankruptcy Court as of the assumption date .

24.    Y&O also joins in the objections of other landlords with Potentially Assignable Agreements and/or Proposed Assumed Contracts to the extent consistent with this Objection and

reserves the right to amend, revise and/or supplement this Objection at any time prior to any assumption and/or assignment of one, some or all of the Leases.

WHEREFORE ALL PREMISES CONSIDERED, Y&O requests that the Court (a) deny Debtors' proposed cure amounts as reflected in the Cure Notice, (b) fix the cure obligations due under the Leases as detailed herein above, (c) deny the assumption and/or assignment of the Leases as contemplated by the Bidding Procedures absent written agreement with Y&O approved by the Bankruptcy Court or compliance by the Debtors with 11 U.S.C. §365 as determined by a final non-appealable order from the Bankruptcy Court, and (d) afford Y&O such other and further relief as to which it may show itself to be justly entitled.

Dated: November 6, 2024

CROSS & SIMON, LLC

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
csimon@crosslaw.com

- and -

SCHEEF & STONE, L.L.P.
Peter C. Lewis, Esq.
Texas State Bar No. 12302100
500 N. Akard St., Ste. 2700
Dallas, TX 75201
(214) 706-4200
peter.lewis@solidcounsel.com

*Counsel to Y & O Companies*