**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 18 and 683** |

**LIMITED CURE OBJECTION AND RESERVATION OF RIGHTS OF REALTY INCOME CORPORATION TO THE DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

Realty Income Corporation (together with its affiliates, "**RIC**"), by and through its undersigned counsel, submits this objection and reservation of rights (the "**Objection**") to the *Notice of Successful and Backup Bidder with Respect to the Auction and Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases* [Docket No. 229] (the "**Cure Notice**") filed by the above-captioned debtors (collectively, the "**Debtors**"), and in support thereof, respectfully states as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1. Realty Income Corporation and one or more of the Debtor entities are parties to various leases listed on the Debtors' Cure Notice.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores -PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.



301888028v2

2. On September 9, 2024 (the "**Petition Date**"), the Debtors each filed with the United States Bankruptcy Court for the District of Delaware (this "**Court**") a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only.

3. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (a) Approving Bidding Procedures for Sale of Debtors' Assets, (b) Approving the Stalking Horse Bid Protections, (c) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (d) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (e) Approving Assumption and Assignment Procedures, (II) (a) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (b) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] (the "**Bidding Procedures Motion**").

4. On October 25, 2024, the Court approved the relief requested in the Bidding Procedures Motion and entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (II) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 612] (the "**Bidding Procedures Order**").

5. The Debtors filed the Cure Notice pursuant to the Bidding Procedures Order on October 31, 2024. The deadline to object on the basis of cure pursuant to the Cure Notice was

November 6, 2024. RIC files this Objection on the date hereof pursuant to an extension granted by counsel for the Debtors.

6. The Cure Notice contains a schedule of unexpired leases that may be assumed and assigned in connection with the sale of the Debtors' assets, including eight (8) RIC leases. RIC objects to the cure amounts listed in connection with seven (7) of those leases (collectively, the "**RIC Leases**").

7. The Debtors' proposed cure amounts are not the correct amounts required to cure defaults outstanding under the RIC Leases.

8. Set forth below are RIC's monetary cure claims for amounts due in connection with the RIC Leases, not including any sums which may become due after November 7, 2024 (which amounts must be paid when due under the RIC Leases) (the "**RIC Cure Amounts**").

| Address | City | State | RIC's Cure | Debtors' Cure |
|---|---|---|---|---|
| 3161 S. McKenzie Street | Foley | AL | $46,042.84 | $23,665.06 |
| 28 E 15th Street 1600 S. Broadway | Edmond | OK | $35,087.68 | $28,437.28 |
| 142 Executive Dr | Danville | VA | $42,181.74 | $23,603.08 |
| 4905 West Waco Drove | Waco | TX | $20,104.75 | $19,424.54 |
| 3550 N. Federal Highway | Jensen Beach | FL | $48,164.50 | $44,638.82 |
| 2660 Weir Rd. | Chester | VA | $34,528.41 | $27,500 |
| 28 White Crossing Lane | Whiteville | NC | $54,239.77 | $12,434.27 |

**OBJECTION**

9. RIC does not object generally to the Debtors' proposed sale transaction, or the assumption and assignment of the RIC Leases as part of such a transaction; however, RIC files this Objection because, prior to the entry of an order approving the assumption and assignment of the RIC Lease, RIC is entitled to insist that any defaults, including prepetition and post-petition defaults, be cured.

10. Section 365(b) of the Bankruptcy Code, in relevant part, states:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default[,] and (C) provides adequate assurance of future performance under such contract or lease.

11. The Debtors' proposed cure amounts are inconsistent with the RIC Cure Amounts based on RIC's reconciliation and review of its books and records. RIC objects to the assumption, or assumption and assignment, of any of the RIC Leases unless the Debtors fully comply with all requirements of the Bankruptcy Code, including section 365(b).

12. Since the Petition Date, RIC has performed and continues to perform under the RIC Leases. To the extent additional amounts accrue, section 365(b) of the Bankruptcy Code requires that a debtor cure prepetition and postpetition defaults in connection with any assumption or assumption and assignment. Thus, any order approving the assumption, or assumption and assignment, of any of the RIC Leases must be cured.

**Reservation of Rights**

13. RIC reserves all rights with respect to the RIC Leases, the Cure Notice, and the RIC Cure Amounts under the RIC Leases, the Bankruptcy Code, and other applicable law.

14. RIC expressly reserves the right to amend or supplement this Objection, including with respect to the cure amount and requirements under section 365(b) of the Bankruptcy Code, at any time prior to any assumption or assignment of the RIC Leases, to assert additional non-monetary defaults or any rights for indemnification or contribution against the Debtors under the RIC Leases, to assert any rights of RIC with respect to the RIC Leases, to object to the assumption and assignment of the RIC Leases on the grounds of adequate assurance or other grounds, and to assert any further objections as it deems necessary or appropriate and as the evidence may allow at any hearing thereon.

**CONCLUSION**

15. RIC respectfully requests entry of an order confirming that, in the event the Debtors assume, or assume and assign, any of the RIC Leases, that the Debtors shall pay no less than the RIC Cure Amounts listed herein, plus all unbilled amounts, regardless of whether such amounts arose pre or postpetition.

Dated: November 7, 2024

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone: (302) 295-0191
Facsimile: (302) 295-0199
Email: chipman@chipmanbrown.com

-and-

**KATTEN MUCHIN ROSENMAN LLP**
John E. Mitchell (TX Bar No. 00797095)
Yelena E. Archiyan (TX Bar No. 24119035)
2121 N. Pearl St., Suite 1100
Dallas, TX 75201
Telephone: (214) 765-3600
Facsimile: (214) 765-3602
Email: john.mitchell@katten.com
yelena.archiyan@katten.com

*Counsel for Realty Income Corporation*