| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT _____, INDIANA |
| T'RON BOWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Vs | ) | Cause No: |
| | ) | |
| BIG LOTS STORES, LLC; | ) | |
| BIG LOTS STORES, LLC d/b/a | ) | |
| BIG LOTS; PARAGON WINDERMERE, LLC; | ) | |
| and LEBANON WINDMERE, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT
## COMMON ALLEGATIONS

COMES NOW, **T'RON BOWIE**, by counsel MARSHALL P. WHALLEY & ASSOCIATES, P.C., and for his common allegations and claims against Defendants, **BIG LOTS STORES, LLC; BIG LOTS STORES, LLC d/b/a BIG LOTS; PARAGON WINDERMERE, LLC; LEBANON WINDERMERE, LLC,** states:

1. At all relevant times, Plaintiff, **T'RON BOWIE**, was a resident of the City of Gary, Lake County, Indiana, and was an employee of NFI Industries, Inc. ("hereinafter NFI"), which is a supply-chain logistics company.

2. At all times relevant, Defendants, **BIG LOTS STORES, LLC** and **BIG LOTS STORES, LLC d/b/a BIG LOTS (hereinafter "BIG LOTS"),** were limited liability companies operating business in the State of Indiana as a chain of discount retail stores.

3. At all relevant times, Defendants, **BIG LOTS,** maintained, controlled, leased, owned, and/or operated a warehouse facility located at 9602 Georgia Street in Crown Point, Indiana where Plaintiff, **T'RON BOWIE** would pick up semi-trucks to transport shipments to various locations across the State of Indiana.

4. NFI employed **T'RON BOWIE** to transport and unload merchandise, on behalf of **BIG LOTS** from a warehouse facility located at 9602 Georgia Street in Crown Point, Indiana to various locations throughout the State of Indiana, one of these

1

locations being a **BIG LOTS** retail store located at 6225 Allisonville Road Indianapolis, Indiana 46220.

5. At all times relevant, Defendants, **PARAGON WINDERMERE, LLC** and **LEBANON WINDERMERE, LLC,** were Indiana limited liability companies that maintained, controlled, owned, and/or operated the property located at 6225 Allisonville Road Indianapolis, Indiana.

6. Upon information and belief and as part of their agreement with NFI, **BIG LOTS** agreed to wrap and secure all of their merchandise, goods, and/or furniture onto pallets to ensure they could be safely transported and moved.

7. Upon information and belief, and as part of their agreement with NFI, **BIG LOTS** agreed to provide NFI employees with manual pallet jacks; operational loading docks; scissor lifts; and/or agreed to delegate other **BIG LOT's** employees and**/**or hire, train, and manage additional dock employees to assist NFI employees in safely unloading the heavy merchandise, goods, and/or furniture from the semi-trucks once they arrived at the **BIG LOTS** drop-off locations.

8. On or about October 24, 2022 and at all times relevant, Plaintiff, **T'RON BOWIE**, picked up a truckload of unpalletized goods, merchandise and/or furniture at the warehouse owned, leased, occupied, managed, and/or maintained by Defendant **BIG LOTS** located at 9602 Georgia Street in Crown Point, Indiana

9. On or about October 24, 2022, and at all times relevant, Plaintiff, **T'RON BOWIE**, transported the semi-truckload of merchandise, goods and/or furniture to the property owned, leased, occupied, managed, and/or maintained by Defendants **PARAGON WINDERMERE, LLC; LEBANON WINDERMERE, LLC** and **BIG LOTS** located at 6225 Allisonville Road Indianapolis, Indiana.

10. On or about October 24, 2022, and at all times relevant, when Plaintiff, **T'RON BOWIE** arrived at the property located at 6225 Allisonville Road Indianapolis, Indiana, the drop-off location was not equipped with an operational loading dock; no scissor lifts and/or pallet jacks were made available; and/or **BIG LOTS** did not provide stores associates or other hired help to unload the unpalletized merchandise and furniture.

11. On or about October 24, 2022, and at all times relevant, Plaintiff, **T'RON BOWIE**, as an invitee on the premises, was seriously injured while attempting to lift and unload the unpalletized heavy merchandise and furniture from the semi-truck in the absence of an operational loading dock.

**COUNT I**

**AGAINST DEFENDANT BIG LOTS STORES, LLC and BIG LOTS STORES LLC d/b/a BIG LOTS**

COMES NOW, Plaintiff, **T'RON BOWIE**, by and through counsel, and in support of his claims against Defendants, **BIG LOTS STORES, LLC** and **BIG LOTS STORES, LLC d/b/a BIG LOTS (hereinafter "BIG LOTS"), states:**

1–11. Plaintiff alleges and incorporates by reference paragraphs one (1) through eleven (11) of the Common Allegations as paragraphs one (1) through eleven (11) of Count I.

12. On or about October 24, 2022, and at all times relevant, Defendants, **BIG LOTS** voluntarily assumed non-delegable duties to develop and follow procedures intended to minimize the risk to employees of subcontractors who were transporting and delivering goods, merchandise, and/or furniture on their behalf. These duties included but were not limited to:

    a. Maintaining its premises in a reasonably safe condition in order to prevent injury;
    b. Ensuring all loading docks were operational;
    c. Delegating employees or hiring other dock help to safely unload the merchandise;
    d. Supplying and/or providing pallet jacks or scissor lifts to ensure heavy merchandise, goods and furniture could be safely unloaded;
    e. Implementing and enforcing systems to prevent serious injuries;
    f. Developing written protocols which reasonably defined and communicated the safety protocols to all persons who were involved in the operation;
    g. Developing clear and unambiguous written procedures which would reasonably ensure that, if followed, all persons involved in the operation would know what they were supposed to do in order to not create a dangerous condition;
    h. Carefully training all **BIG LOTS** personnel involved in the operation to ensure that they understood written procedures;

      i. Monitoring the actual performance of all **BIG LOTS** personnel involved in the operation to ensure that they were consistently following **BIG LOTS'** safety procedures;

      j. Reporting any violation of **BIG LOTS**' safety procedures by any **BIG LOTS** personnel involved in the operation.

13. As a direct and proximate result of Defendants' breaches of their contractual, common law, and assumed duties, Plaintiff, **T'RON BOWIE** sustained: serious personal injuries; incurred substantial expenses for medical care and treatment; has been prevented from, or interfered with, the ability to engage in normal recreational and social activities; has endured physical and mental pain and suffering which will continue into his future; and sustained significant temporary and permanent economic and non-economic damages.

Wherefore Plaintiff, **T'RON BOWIE**, prays for a judgment against Defendants, **BIG LOTS STORES, LLC** and **BIG LOTS STORES, LLC d/b/a BIG LOTS,** in such an amount that will fully and fairly compensate him for his losses, expenses, economic and non-economic damages, and for all other just and proper relief deemed appropriate in the circumstances, with Plaintiff reserving his right to add additional and/or different remedies after the completion of discovery.

## COUNT II

COMES NOW, Plaintiff, **T'RON BOWIE**, by and through counsel, and in support of his claims against Defendants, **PARAGON WINDERMERE, LLC; LEBANON WINDERMERE, LLC** states:

1- 13. Plaintiff alleges and incorporates by reference paragraphs one (1) through thirteen (13) of Count I as paragraphs one (1) through thirteen (13) of Count II.

14. On or about October 24, 2022, and at all times relevant, Defendants, **PARAGON WINDERMERE, LLC; LEBANON WINDERMERE, LLC,** as owners, operators, lessors, and/or managers of the property located at 6225 Allisonville Road Indianapolis, Indiana**,** had a duty to: maintain their premises in a reasonably safe condition in order to prevent injury; ensure all loading docks were operational; supply and/or provide pallet jacks or scissor lifts to ensure heavy merchandise, goods and furniture could be safely unloaded; take reasonable measures to

4

15. inspect and maintain their premises; and/or protect invitees, such as Plaintiff, from dangers and hazards.

15. As a direct and proximate result of Defendants' breaches of their contractual, common law, and assumed duties, Plaintiff, **T'RON BOWIE** sustained: serious personal injuries; incurred substantial expenses for medical care and treatment; has been prevented from, or interfered with, the ability to engage in normal recreational and social activities; has endured physical and mental pain and suffering which will continue into his future; and sustained significant temporary and permanent economic and non-economic damages.

Wherefore Plaintiff, **T'RON BOWIE**, prays for a judgment against Defendants, **PARAGON WINDERMERE, LLC; LEBANON WINDERMERE, LLC,** in such an amount that will fully and fairly compensate him for his losses, expenses, economic and non-economic damages, and for all other just and proper relief deemed appropriate in the circumstances, with Plaintiff reserving his right to add additional and/or different remedies after the completion of discovery.

Respectfully submitted,

MARSHALL P. WHALLEY & ASSOCIATES, P.C.

*/s/ Kara Brodowski*
Kara Brodowski #33954-45
Marshall P. Whalley & Associates, P.C.
51 W. 112th Avenue
Crown Point, IN 46307

### **JURY DEMAND**

Plaintiff demands Trial by Jury.

Respectfully submitted,

MARSHALL P. WHALLEY & ASSOCIATES, P.C.

*/s/ Kara Brodowski*
Kara Brodowski #33954-45
Marshall P. Whalley & Associates, P.C.
51 W. 112th Avenue
Crown Point, IN 46307

MARSHALL P. WHALLEY & ASSOCIATES, P.C.
51 West 112th Avenue
Crown Point, IN 46307
219-769-2900