# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket Nos. 13, 460, 575, 604, 680 & 935** |

### AGREED ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-POSSESSION TO ASSUME, ASSIGN AND SELL ITS SEMORAN BLVD., ORLANDO, FLORIDA REAL PROPERTY LEASE

Upon the motion (the "Motion")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "Debtors"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, (i) establishing procedures (the "Lease Sale Procedures") to sell or transfer certain unexpired leases of non-residential real property, (ii) scheduling an auction to sell such leases (the "Lease Sales") detailed in the Lease Sale Procedures (the "Lease Auction") and a hearing to approve one or more Sales (the "Lease Sale Hearing"); and (iii) granting related relief [Docket No. 13]; the Court having entered an interim order granting the relief requested in the Motion on October 9, 2024 [Docket No. 460] (the "Second Interim Order"); and in accordance with the Second Interim Order, the Debtors having conducted a Lease Auction

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

on October 18, 2024; and the Debtors having filed a notice of Successful Bidder on October 21, 2024 [Docket No. 575] (the "Post-Auction Notice"); and the Debtors having filed a *Notice of Abandonment, Utilization and Disposal of Personal Property on Certain of the Debtors' Leased Premises Sold Pursuant to the September Wave Lease Sales* on October 9, 2024 [Docket No. 465] (the "Notice of Abandonment"); and the Debtors having filed a *Notice of Potential Utilization and Disposal of Personal Property on Certain of the Debtors' Leased Premises Sold Pursuant to the October Wave Lease Sales* on October 9, 2024 [Docket No. 467] (the "Notice of Disposal"); and the Debtors having determined, in the exercise of their business judgement and in consultation with their advisors and the Consultation Parties, that the offer of Brook Valley Thrift Stores, Inc., d/b/a City Thrift ("City Thrift") in the amount of $217,000.00 (the "City Thrift Purchase Price") is the highest and best offer for the Lease Agreement, dated February 5, 2021 (the "Lease"), between Debtor Big Lot Stores, Inc. and Shadrall Orlando, LP ("Landlord") covering certain premises located at 1801 S. Semoran Blvd., Orlando, Florida (the "Premises"); and the Court having determined that the legal and factual bases set forth in the Motion and the *Declaration of Todd Eyler of A&G Real Estate Partners, in Support of Order (I) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (II) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 619] establish just cause for the relief granted herein; and the Debtors having served notice of Motion, the Lease Sale Hearing, the Notice of Abandonment, Notice of Disposal and related filings; and after due deliberation and good and sufficient cause appearing therefor;

    **NOW, THEREFORE**, the Court hereby finds as follows:

A.  After good and sufficient notice of the Motion having been provided and the occurrence of the Lease Auction on October 18, 2024, the City Thrift Purchase price is the highest and best offer received by the Debtors for the Lease.

B.  The Debtors have determined in the exercise of their reasonable business judgment that the Lease should be (i) sold and assigned to City Thrift pursuant to the Assignment Agreement (the "Assignment Agreement") between Debtors and City Thrift.

C.  The assumption, assignment and sale of the Lease to City Thrift pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interest of the Debtors, their estates and their creditors.

D.  The consideration to be paid by City Thrift pursuant to the Assumption and Assignment Agreement, a copy of which is attached as Exhibit A, constitutes adequate and fair value for the Lease.

E.  Landlord filed the *Objection to Proposed Sale of Lease #5444, 1801 S. Semoran Blvd., Orlando, Florida* (Docket No. 604] (the "Landlord Objection"), whereby Landlord objected to the sale, and related assumption and assignment of the Lease to City Thrift. The Court, in its *Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors-in-Possession to Terminate or Assume, Assign and Sell Certain Non-Residential Real Property Leases* [Docket No. 729] (the "October Leases Sale Order"), based on agreement of the parties, provided that the Debtors, City Thrift, and Landlord had until November 8, 2024 to attempt to consensually resolve the Landlord's Objection. The parties have mutually resolved the Landlord Objection, with such resolution being reflected in this Agreed Order and a *First Amendment to Lease* executed by City Thrift and Landlord (the "Lease Amendment") which becomes effective upon the Court's approval of the sale, and related assumption and assignment of the Lease to City

Thrift per this Agreed Order. Based on the parties agreements, the execution of the Lease Amendment and the entry of this Agreed Order, Landlord consents to the Sale, and related assumption and assignment of the Lease, to City Thrift by Debtors.

F. Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, to the extent required under the Lease Sale Procedures, City Thrift has provided adequate assurance of future performance under the Lease, through resolution of the Landlord's Objection via this Agreed Order and the Lease Amendment.

G. The assumption and assignment of the Lease to City Thrift is in compliance with Sections 365(b) and (f) of the Bankruptcy Code.

H. The Assignment Agreement was negotiated and entered into in good faith, from arm's length bargaining positions, by the Debtors and City Thrift. City Thrift is hereby found to be a good faith purchaser of the Lease and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

I. Through, *inter alia*, the Notice of Abandonment and the Notice of Disposal, the Debtors have provided sufficient notice to certain known and potentially interested third parties concerning the abandonment and disposal of personal property that will be left at the Premises upon the Closing Date of the sale of the Lease, and related assumption and assignment, to City Thrift.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1. The Lease Sale Procedures Motion, as it pertains to the assignment of the Lease to City Thrift, is hereby approved.

2. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Debtor Big Lots Stores, Inc. is hereby authorized to assume, sell and assign to City Thrift the Lease, pursuant to

the terms and provisions of this Agreed Order and the Assignment Agreement attached hereto as **Exhibit A**, all of the terms of which are hereby approved.

3. In accordance with Section 363 of the Bankruptcy Code, effective as of the Closing Date of the sale, and related assumption and assignment of the Lease, to City Thrift, the Lease shall be transferred free and clear of any leasehold mortgages, subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, liens, interests, mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.

4. Upon the entry of this Agreed Order and the occurrence of the Closing Date, City Thrift shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and under the Lease which arise from and after the Closing Date and City Thrift shall have the rights of the tenant thereunder, subject to the terms of the Lease, as amended by the Lease Amendment between City Thrift and Landlord.

5. Upon entry of this Order and the occurrence of the Closing Date, City Thrift is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

6. Pursuant to Section 365(b)(l) of the Bankruptcy Code, the Cure Cost of $116,494.00 owed to Landlord shall be promptly paid by the Debtors. The Landlord Objection of Landlord to the assumption or assignment or transfer of the Lease, and the Cure Cost related to the Lease, is resolved by agreement of the parties, such that this Agreed Order should be entered. Upon remittance of the Cure Costs by the Debtors to Landlord pursuant to the terms of this Agreed Order, the Landlord shall be barred from asserting any additional cure amounts or other claims with respect to the Lease against Debtors. For the avoidance of doubt, the Landlord shall be forever (i) barred from objecting to the applicable Cure Cost and from asserting any additional cure or

other amounts with respect to the Lease, and the Debtors and City Thrift shall be entitled to rely solely upon the Cure Cost set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, City Thrift or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the Lease, or that there is any objection or defense to the assumption or assumption and assignment of the Lease, provided that nothing in this Agreed Order shall alter the terms and provisions of the Lease Amendment between City Thrift and Landlord. On and after the Closing Date, City Thrift shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under the Lease due on or after the Closing Date.

7. The proceeds of the Lease Sale shall be payable in accordance with the DIP Orders and the Approved Budget (as defined in the DIP Orders).

8. All personal property and furniture, fixtures and equipment ("FF&E") remaining in the Premises covered by the Lease on or after the Closing Date, shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. City Thrift may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; provided, however, that the DIP Lenders and the Debtors' pre-petition secured lenders consent to the release of their interests (if any) in, and liens on (if any), the FF&E, and to City Thrift's disposition of such FF&E, and any such interests and liens are hereby released; provided, further, that the Debtors are not aware of any other parties with interests in the FF&E.

9. Any party, other than Landlord, which did not object to the Lease Auction, Cure Cost & Lease Sale Hearing Notice within the time set forth in the notice is deemed to consent to

the Debtors' assumption and assignment of the Lease to City Thrift and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Absent further order of the Court, in accordance with the Notice of Abandonment, any party served with the Notice of Abandonment that did not timely object to abandonment in accordance with objection procedures set forth in such notice is deemed to have consented to the abandonment of the Debtors' personal property remaining on the Premises as of the effective date of the Lease Sale. In accordance with the Notice of Disposal, any party served with the Notice of Disposal that did not timely object to disposal in accordance with objection procedures set forth in such notice is deemed to have consented to (i) the transfer to City Thrift ownership of personal property remaining on the Premises as of the Closing Date of the Lease Sale and (ii) allow the Debtors or City Thrift to utilize and/or dispose of any personal property remaining on the Premises without further Court order and without liability or further notice to any third party. The sale and assignment of the Lease, payment of the Cure Costs and any transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any further liability pursuant to Section 365(k) of the Bankruptcy Code.

10.     Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and City Thrift are authorized to close the Lease Sale set forth in the Assignment Agreement immediately upon entry of this Agreed Order. Time is of the essence in closing the Lease Sale transaction referenced herein, and the Debtors and City Thrift intend to close the Lease Sale as soon as practicable. This Agreed Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Agreed Order.

11. Upon entry of this Agreed Order, this Agreed Order and the findings hereunder shall be binding upon all parties.

12. Upon the entry of this Agreed Order and the occurrence of the Closing Date, the Landlord shall accept and honor the assignment of the Lease to City Thrift and City Thrift shall thereafter operate as the tenant under the Lease, as amended by the Lease Amendment.

13. Subject to the provisions of the Lease, as amended by the Lease Amendment, Landlord shall cooperate and expeditiously execute and deliver, any reasonable requests of City Thrift, at no cost to Landlord, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the Premises by City Thrift.

14. Notwithstanding anything to the contrary in the Second Interim Order or this Agreed Order, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) with respect to the Lease and the Premises shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of City Thrift and Landlord and their applicable insurer and/or third-party administrator. City Thrift shall provide Landlord with insurance policies required under the Lease prior to taking possession of the Premises.

15. Notwithstanding anything to the contrary in the Second Interim Order, this Agreed Order, or the Lease Sale Procedures, Landlord does not release, and is not releasing, the Debtors from any claims for indemnification under the Lease, arising from any third party claims that may be asserted against the Landlord for occurrences taking place prior to the Closing Date of the Sale

of the Lease and assignment to City Thrift. Nothing in this Agreed Order or any applicable agreements related thereto shall impair or prejudice Landlord's rights with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the Premises with regard to events that occurred prior to such Closing Date.

16. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Agreed Order, (ii) to enforce and implement the terms and provisions of the agreements related to the sale, and the related assumption and assignment of the Lease to City Thrift, and (iii) to resolve any disputes arising under or related to the Lease Sale (but any Landlord/tenant disputes arising subsequent to the Closing Date, as applicable, which do not involve the Lease Sale, this Agreed Order or the Debtors shall not be subject to the jurisdiction of this Court).

17. The Debtors, City Thrift and Landlord are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Agreed Order, to transfer the Debtors' interests in and to the Lease, in accordance with the terms of the parties' agreements, and to carry out the terms and conditions of such agreements.

18. City Thrift is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the Lease first accruing after the Closing Date) or their bankruptcy estates as a result of City Thrift taking title or possession of the Lease and the Premises, and City Thrift are not assuming any liabilities or obligations of the Debtors or their bankruptcy estates.

19. This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

20. To the extent there is any inconsistency between the terms of this Agreed Order and the terms of the parties' agreements (including all ancillary documents executed in connection therewith), the terms of this Agreed Order shall govern.

21. The failure to specifically include any particular provision of the Assignment Agreement or other related documents in this Agreed Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement and all other related documents be authorized and approved in their entirety pursuant to this Agreed Order.

22. The Assignment Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Agreed Order and does not have any adverse effect on the Debtors' estates; *provided, further*, that the Debtors shall provide any such modification, amendment, or supplement to the Secured Parties, the applicable Landlord under the Lease and any official committee appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement.

Dated: November 7th, 2024
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE