## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline:**<br>**November 14, 2024, at 4:00 p.m. (ET)** |
| | **Hearing Date:**<br>**November 21, 2024, at 10:30 a.m. (ET)** |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) ESTABLISHING CERTAIN BAR DATES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS, AND (II) GRANTING RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief, Including Notice and Filing Procedures* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Relief Requested**

1.      By this Motion, and pursuant to sections 501, 502, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 3002, and 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1(e) and 3003-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors request that the Court enter an order (the "**Bar Date Order**") substantially in the form attached as **Exhibit A**:

    a.      establishing **5:00 p.m. prevailing Eastern Time on December 30, 2024** as the deadline (the "**General Bar Date**") for each person or entity, other than a governmental unit, as defined in section 101(27) of the Bankruptcy Code (a "**Governmental Unit**"), to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date, unless otherwise provided in this Motion;

    b.      establishing **5:00 p.m. prevailing Eastern Time March 10, 2025** as the deadline (the "**Government Bar Date**") by which a Governmental Unit must file a proof of claim in respect of a prepetition claim against any of the Debtors;

    c.      establishing the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. prevailing Eastern Time on the date that is thirty-five (35) days after the date of the entry of an order approving rejection of an executory contract or unexpired lease of the Debtors as the deadline (the "**Rejection Bar Date**") by which an entity asserting a claim for damages against any of the Debtors arising from such rejection must file a proof of claim on account of such damages;

    d.      establishing the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' schedules of assets and liabilities (the "**Schedules**") as the deadline (the "**Amended Schedule Bar Date**") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date;

2

e.      approving the forms of notice to be used to inform potential creditors of the foregoing bar dates (collectively, the "**Bar Dates**");

f.      approving mailing procedures with respect to notice of the Bar Dates; and

g.      granting related relief.

## Jurisdiction, Venue, and Authority

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of these Chapter 11 Cases and related proceedings is proper in this district pursuant to a 28 U.S.C. §§ 1408 and 1409.

## Background

5.      On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 23, 2024, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to 11 U.S.C. § 1102(a)(1).  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court, on September 10, 2024, in each of the Chapter 11 Cases.[2]

7.      On September 10, 2024, the Court entered the *Order Authorizing Retention and Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent* [D.I. 96], which authorized Kroll Restructuring Administration LLC ("**Kroll**" or "**Claims and Noticing Agent**") to serve as the Debtors' claims and noticing agent.

8.      Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3].

9.      Big Lots is a one-stop shop home discount retailer. Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies. Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

10.      On October 17, 2024, the Court entered the *Order Extending Time to File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures,*

---

[2]  *See In re Great Basin, LLC, No. 24-11966 (JKS); In re Big Lots, Inc., No. 24-11967 (JKS); In re Big Lots Management, LLC, No. 24-11969 (JKS); In re Consolidated Property Holdings, LLC, No. 24-11968 (JKS); In re Broyhill LLC, No. 24-11971 (JKS); In re Big Lots Stores - PNS, LLC, No. 24-11970 (JKS); In re Big Lots Stores, LLC, No. 24-11973 (JKS); In re BLBO Tenant, LLC, No. 24-11972 (JKS); In re Big Lots Stores - CSR, LLC, No. 24-11976 (JKS); In re CSC Distribution LLC, No. 24-11974 (JKS); In re Closeout Distribution, LLC, No. 24-11978 (JKS); In re Durant DC, LLC, No. 24-11975 (JKS); In re AVDC, LLC, No. 24-11981 (JKS); In re GAFDC LLC, No. 24-11977 (JKS); In re PAFDC LLC, No. 24-11982 (JKS); In re WAFDC, LLC, No. 24-11979 (JKS); In re INFDC, LLC, No. 24-11983 (JKS); In re Big Lots eCommerce LLC, No. 24-11980 (JKS); In re Big Lots F&S, LLC, No. 24-11984 (JKS).*

*(III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs* [D.I. 542], which extended the deadline by which the Debtors must file their schedules of assets and liabilities and statement of financial affairs (collectively, the "**Schedules**") through and including October 31, 2024, without prejudice to the Debtors' ability to request additional extensions.  On October 31, 2024, each of the Debtors filed its Schedules.  On November 5, 2024, certain of the Debtors filed amended Schedules.

11.    The Debtors seek to establish the Bar Dates to ascertain the current universe of claims against their estates and facilitate a chapter 11 plan of liquidation or another disposition of these Chapter 11 Cases.

## The Proposed Bar Dates

12.    Bankruptcy Rule 3003(c)(3) states that the Court shall fix the time within which proofs of claim may be filed.  Bankruptcy Rule 3003(c)(2) requires a creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated to file a proof of claim within the time fixed by the Court under Bankruptcy Rule 3003(c)(3).  Additionally, Bankruptcy Rules 3003(c)(3) and 3002(c)(4) provide that the Court may fix a time for filing a claim arising from rejection of an executory contract or unexpired lease.  Furthermore, Local Rule 2002-1(e) permits a chapter 11 debtor to request a bar date for filing proofs of claim.

13.    Bankruptcy Rule 2002(a) provides that creditors are entitled to at least twenty-one (21) days' notice of the time fixed for filing proofs of claim under Bankruptcy Rule 3003, and Bankruptcy Rule 2002(p) provides that a creditor with a foreign address is entitled to at least thirty (30) days' notice of such deadline.

14.    As detailed further below, the proposed Bar Dates comply with applicable Bankruptcy Rules.  In particular, each of the Bar Dates provides at least thirty (30) days' notice to

potential claimants, including in respect of claims arising from rejection of executory contracts or unexpired leases or claims based on amendments to the schedules.

**A.    The General Bar Date**

15.    The Debtors request that the Court establish 5:00 p.m. prevailing Eastern Time on December 30, 2024 as the General Bar Date.  The General Bar Date will be the deadline by which each person or entity, other than a Governmental Unit, must file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days of the Petition Date, except as otherwise provided in this Motion.  The Debtors and Kroll have determined that, subject to entry of the Bar Date Order by November 21, 2024, service of Bar Date Notice (as defined below) will be completed by November 27, 2024.  As such, the General Bar Date complies with applicable Bankruptcy Rules because it provides at least thirty (30) days' notice to potential claimants, which is more than is required by Bankruptcy Rule 2002(a) and satisfies Bankruptcy Rule 2002(p) with respect to creditors with a foreign address.

**B.    The Government Bar Date**

16.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before one hundred eighty (180) days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."

17.    The Debtors request that the Court establish March 10, 2025 as the Government Bar Date.  The Government Bar Date will be the deadline by which any Governmental Unit must file a proof of claim in respect of any prepetition claim against any of the Debtors, including,

without limitation, any secured claim, unsecured claim, priority claim, or any claim for unpaid taxes. As March 10, 2025 is the first business day at least one hundred eighty (180) days after the Petition Date, the proposed Government Bar Date complies with section 502(b)(9) of the Bankruptcy Code.

**D.    The Rejection Bar Date**

18.    The Debtors request that the Court establish the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. prevailing Eastern Time on the date that is thirty-five (35) days after the date of the entry of an order approving rejection of an executory contract or unexpired lease of the Debtors as the Rejection Bar Date. The Rejection Bar Date will apply to any entity asserting a claim against any of the Debtors arising from rejection of an executory contract or unexpired lease. As noted above, the Rejection Bar Date complies with Bankruptcy Rules 2002, 3002(c)(4), and 3003(c)(3) because it provides over thirty (30) days' notice to potential claimants, which is more than is required by the Bankruptcy Rules.

**E.    Amended Schedule Bar Date**

19.    The Debtors request that the Court establish the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' Schedules as the Amended Schedule Bar Date. The Amended Schedule Bar Date will apply to any entity whose claim is affected by an amendment to the Schedules. In particular, an entity whose claim is added or removed from the Schedules, changed in respect of amount or priority, or designated as contingent, unliquidated, or disputed when it previously was not so designated, shall be given notice of the Amended Schedule Bar Date and shall be required (to the extent necessary to dispute any such amendment) to file, amend, or supplement a proof of claim by such date. As noted above,

the Amended Schedule Bar Date complies with Bankruptcy Rules 2002 and 3003(c)(3) because it

provides thirty (30) days' notice to potential claimants.  An amendment to the Schedules to include

any intercompany amount owed between the Debtor entities shall not extend the General Bar Date.

### The Proposed Claim Filing Requirements and Procedures

**A.    Who Must File a Proof of Claim**

20.    Except as otherwise provided herein, the Debtors propose that the following

persons or entities asserting claims against the Debtors arising, or deemed to arise, before the

Petition Date be required to file proofs of claim by the applicable Bar Date (regardless of whether

such claim is secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities

wish to be treated as creditors with respect to such claim for the purposes of voting and distribution

in these cases:

    a.    any person or entity whose claim is not listed on the applicable Debtor's Schedules;

    b.    any person or entity whose claim is listed on the applicable Debtor's Schedules as contingent, unliquidated, or disputed;

    c.    any person or entity whose claim is improperly classified on the applicable Debtor's Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount than identified in the applicable Schedules;

    d.    any person or entity whose claim is identified on the incorrect Debtor's Schedules, or not identified on the Schedules of all Debtors against whom the entity desires to, and has a basis to, assert such claim;

    e.    any person or entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date;

    f.    any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

g.      any person or entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security; and

h.      any person or entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor.

**B.      Who is Not Required to File a Proof of Claim**

21.      The Debtors propose that the following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

a.      any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated, or disputed, (ii) the person or entity does not disagree with the amount, nature, or priority of the claim as identified on the Schedules, and (iii) the person or entity does not dispute that the claim is the obligation of the specific Debtor or Debtors on whose Schedules the claim is identified;

b.      any person or entity whose claim is allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

c.      any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d.      any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

e.      any person or entity whose claim is based solely on owning an equity security in the Debtors;

f.      any employee of the Debtors who was employed at any time on or after the Petition Date and whose prepetition salary, wages, benefits or other remuneration have been paid pursuant to Court order; *provided, however*, that all other claims of employees arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, wage and hour violations, or unfair business practices, must be filed by the applicable Bar Date;

g.      any director, officer, or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution, or reimbursement;

h.      any Debtor having a claim against another Debtor; and

        i.     any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtors.

22.     Persons or entities who have already filed proofs of claim that comply with the procedures set forth in the Bar Date Order prior to the entry of the Bar Date Order shall not be required to refile such proofs of claim.

**C.     Requirements and Procedures for Filing a Proof of Claim**

23.     The Debtors have prepared, and request that the Court approve, the customized proof of claim form (the "**Claim Form**") attached as <u>**Exhibit 1**</u> to the proposed Bar Date Order. The Claim Form is derived from and substantially conforms to Official Form B410 but is customized for these Chapter 11 Cases. In addition, with the Claims and Noticing Agent's assistance, the Debtors propose to provide each creditor listed on the Debtors' Schedules with a personalized Claim Form indicating how the creditor's claim is reflected on the Schedules, including: (i) the identity of the Debtor against which the creditor's claim is scheduled; (ii) the amount of the scheduled claim, if any; (iii) whether the claim is contingent, unliquidated, or disputed; and (iv) whether the claim is listed as secured, unsecured priority, or unsecured nonpriority.

24.     The Debtors propose that each proof of claim be required to meet the following minimum requirements:

     a.     be submitted on the Claim Form or Official Form B410, or substantially conform to such official form;

     b.     be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and

     c.     if the claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

25.     The Debtors propose the following requirements for filing a proof of claim:

a.     <u>Electronic proofs of claim</u>.  A proof of claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim."  A claim must be submitted **so as to be actually received** on or before the applicable Bar Date.

b.     <u>Hardcopy proofs of claim</u>.  An original, signed copy of the proof of claim must be sent **so as to be actually received** on or before the applicable Bar Date as follows:

**If by first class mail:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

c.     <u>Other methods not accepted</u>.  Proofs of claim sent by means other than as described above, including by means of email or fax, will not be accepted.

**Consequences of Failure to Timely File a Claim**

26.     Bankruptcy Rule 3003(c)(2) provides that "any creditor who fails to [timely file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2).  Consistent with this rule, the Debtors request that the Court order that any claimant that fails to file a proof of claim in accordance with the foregoing requirements and procedures before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Chapter 11 Cases.

<u>**Notice of the Bar Dates**</u>

**A.    Actual Notice of the Bar Dates to Known Potential Creditors**

27.    Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors propose to provide actual notice of the Bar Dates, in substantially the form attached as **<u>Exhibit 2</u>** to the proposed Bar Date Order (the "**Bar Date Notice**"), and the Claim Form (collectively with the Bar Date Notice, the "**Bar Date Notice Package**") to the following potential creditors and other parties in interest, wherever located:

a.    the Office of the U.S. Trustee;

b.    counsel to the Committee;

c.    the Debtors' equity security holders, who shall be provided the Bar Date Notice Package by the Debtor's Claims and Noticing Agent using commercially reasonable efforts, including by serving electronically and/or first class mail;

d.    all known creditors and other known holders of potential claims against the Debtors' or their estates;

e.    all parties who have filed claims in these Chapter 11 Cases, including administrative expense claims, as of the date of entry of the Bar Date Order;

f.    all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated by a counterparty pursuant to the terms of the contract or lease;

g.    all parties who have filed a request for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.    all parties who have otherwise filed a document in these Chapter 11 Cases and are identified on the Court's electronic docket as of the date of entry of the Bar Date Order;

i.    all current employees of the Debtors and former employees of the Debtors who left the Debtors' employ within three (3) years prior to the Petition Date or at any time following the Petition Date through the date of entry of the Bar Date Order;

j.    all taxing authorities for jurisdictions in which the Debtors do business or did business within three (3) years prior to the Petition Date;

k.     all government agencies that regulate the Debtors' business;

l.     the office of the attorney general for each state in which any Debtor is incorporated or maintained or conducted business within three (3) years prior to the Petition Date;

m.     the Securities and Exchange Commission (the "**SEC**");

n.     all known lienholders;

o.     all parties to litigation pending or threatened against the Debtors as of the date of entry of the Bar Date Order;

p.     all providers of utility services to the Debtors, including past providers who provided service within three (3) years of the Petition Date;

q.     the Debtors' current insurance providers, the Debtors' past insurance providers under whose policies open claims remain pending, and the Debtors' past insurance providers who provided coverage within three (3) years before the Petition Date, regardless of whether a claim is currently pending in respect of such coverage;

r.     the Debtors' ordinary course professionals;

s.     the Debtors' banks; and

t.     all parties included on the creditor matrix filed in these Chapter 11 Cases

(collectively, the "**Bar Date Notice Parties**").

28.     The proposed Bar Date Notice provides notice of: (a) the Bar Dates; (b) who must file a proof of claim on account of a prepetition claim; (c) the procedures for preparing and filing a proof of claim; (d) the consequences of failing to timely file a proof of claim or request; and (e) where parties can find further information about the Debtors' Chapter 11 Cases.

29.     The Debtor's Claims and Noticing Agent will mail the Bar Date Notice within four (4) business days of entry of the Bar Date Order. Thus, the proposed Bar Date of December 30, 2024 will be at least thirty (30) days from the date the Bar Date Notice is mailed. Therefore, each potential claimant will receive at least thirty (30) days' notice by mail of the Bar Date that applies to their potential claim. For mailings subsequent to the initial mailing of the Bar Date Notice for

13

the General Bar Date, the Debtors propose that they be granted authority (but not direction) to amend the Bar Date Notice to remove stale or nonessential information.  For example, if the General Bar Date has passed at the time the Debtors mail notice of a Rejection Bar Date or Amended Schedule Bar Date, then the Debtors should be permitted (but not required) to remove information concerning the General Bar Date, as such date would no longer be relevant.

30.     The Debtors request that service of the Bar Date Notice in the manner described above be deemed to constitute good and sufficient notice of the Bar Dates in accordance with Bankruptcy Rule 2002(a)(7).

**B.      Publication Notice of the Bar Dates for Unknown Potential Creditors**

31.     To supplement the foregoing actual notice to known creditors and potential creditors, the Debtors propose to provide notice by publication consistent with Bankruptcy Rule 2002(l).  Fed. R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  The publication notice, a copy of which is attached to the proposed Bar Date Order as **Exhibit 3**, provides the same key information as the Bar Date Notice, but for cost savings omits certain provisions that are not absolutely necessary.

32.     The Debtors propose to publish the notice in the national edition of *Wall Street Journal*, or another publication with similar national circulation, with any modifications necessary for ease of publication.  The foregoing publication is sufficient to provide constructive notice to unknown potential creditors of the Debtors.  The Debtors propose to publish all such notices at least twenty-one (21) days prior to the General Bar Date so as to provide at least the amount of time contemplated by Bankruptcy Rule 2002(a)(7).

**Basis for Relief**

33.     As discussed above, Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which proofs of claim may be filed in a chapter 11 case.  Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.").  Likewise, section 503(a) of the Bankruptcy Code contemplates that the bankruptcy court will fix a deadline for filing administrative expense claims because it requires that such claims be "timely."  11 U.S.C. § 503(a) ("An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.").

34.     Moreover, establishing claims bar dates enables a debtor and parties in interest to ascertain and evaluate the debtor's liabilities and, with that information, proceed to a chapter 11 plan or other disposition.  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995) (noting that establishing a bar date advances one of the key goals of a bankruptcy, "to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate").  Without a bar date, the debtor may not be able to formulate a disclosure statement or proceed with a plan because, among other reasons, it may not be able to determine the treatment of creditors without knowing with certainty the quantum of claims.  Indeed, courts typically require that a disclosure statement discuss the amount and nature of claims against the debtor.  Similarly, without knowing the quantum of administrative or priority claims against its estate, a debtor may not be able to demonstrate that a plan is feasible, as such claims typically need to be paid when the plan goes effective.  For these reasons, establishing the Bar Dates in these cases is essential to the Debtors' efforts to pursue a chapter 11 plan or other disposition of these Chapter 11 Cases.

35.     Furthermore, the proposed Bar Dates and notice procedures set forth herein fully comply with the applicable notice requirements of the Bankruptcy Code and the Bankruptcy Rules. The proposed Bar Dates and notice procedures each provide at least thirty (30) days' notice of the applicable Bar Date, in compliance with Bankruptcy Rule 2002(p)(2) and in excess of the twenty-one (21) days required by Bankruptcy Rule 2002(a), and, in the case of the Government Bar Date, provide the time stated in section 502(b)(9) of the Bankruptcy Code.

36.     Additionally, the Debtors' proposed noticing campaign is consistent with applicable law, which requires actual notice to "known" potential creditors. *See Chemetron*, 72 F.3d at 346. "[A] 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). "A creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts.'" *Id.* (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983)). "Reasonably diligent efforts" do not require impracticable or extended searches, and a debtor does not have a duty to search out every conceivable or possible creditor. *See id.* (citations omitted). Rather, "the requisite search instead focuses on the debtor's own books and records." *Id.*

37.     For "unknown" potential creditors, publication notice generally is sufficient. *See id.* at 348. Courts recognize, however, that it "is impracticable to expect a debtor to publish notice in every newspaper a possible unknown creditor may read." *Id.* (internal quotation and citation omitted). "Publication in national newspapers is regularly deemed sufficient notice to unknown creditors . . . ." *Id.* at 348–49 (citations omitted).

38.     The Debtors' noticing campaign for known and unknown potential creditors meet these criteria. The Debtors' proposed list of notice parties encompasses each of the categories of

potential claimants that the Debtors believe may exist based on their books and records and current and historical operations, and thus is designed to provide notice of the Bar Dates to all potential creditors who are "reasonably ascertainable" based on the Debtors' books and records. Additionally, for "unknown" potential creditors, the Debtors' proposed notice by publication fits squarely within the law as the Debtors propose to publish notice in a national newspaper of general circulation.

39.     For the foregoing reasons, the Debtors submit that the Bar Dates and related noticing and procedures are consistent with the Bankruptcy Code, Bankruptcy Rules, and applicable law, and should therefore be approved.

**Proposed Redaction of Personally Identifiable Information**

40.     On October 17, 2024, the Court entered the *Final Order (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information* (the "**Equity Holder Order**") [D.I. 517] which authorized the Debtors, among other things, to redact the home and email addresses of individuals listed from any document filed or to be filed with the Court in the Chapter 11 Cases.  The Debtors submit that authority to redact any such information on the claims register is necessary to ensure that the Debtors and Kroll may prevent the disclosure of confidential information and comply with applicable law.  Furthermore, the Equity Holder Order provided the Debtors with authorization to serve the notices required under Bankruptcy Rule 2002(d) on the transfer agent(s) of the Debtors' common stock, and all banks, brokers, intermediaries, or mailing agents that hold common stock in "street name" for the beneficial owners [D.I. 517, ¶ 3].

**<u>Notice</u>**

41.    Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Emery LLP, as proposed counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg P.C., as counsel to the Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

42.    A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Bar Date Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: November 7, 2024
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Casey Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
jonah.peppiatt@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*