## EXHIBIT A

**Proposed Bar Date Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. ___** |

**ORDER (I) ESTABLISHING CERTAIN BAR DATES FOR FILING PROOFS
OF CLAIM AGAINST THE DEBTORS, AND (II) GRANTING RELATED
RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively,

the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for

entry of an order, pursuant to sections 501, 502, and 503 of the Bankruptcy Code, Bankruptcy

Rules 2002, 3002, and 3003, and Local Rules 2002-1(e) and 3003-1, (i) establishing certain bar

dates for filing prepetition claims in the Chapter 11 Cases and (ii) granting related relief, including

approving the form and manner of notice thereof; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing

Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157; and the Court having found that it may enter a final order consistent with Article III of the

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms not defined herein are defined in the Motion.

United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth in this order (this "**Bar Date Order**").

2. Unless otherwise provided herein, the following Bar Dates are hereby established in these Chapter 11 Cases:

   a. 5:00 p.m. prevailing Eastern Time on December 30, 2024 as the deadline (the "**General Bar Date**") for each person or entity, other than a Governmental Unit, to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date, unless otherwise provided in this Order;

   b. March 10, 2025 as the deadline (the "**Government Bar Date**") by which a Governmental Unit must file a proof of claim in respect of a prepetition claim against any of the Debtors;

     c.     the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. prevailing Eastern Time on the date that is thirty-five (35) days after the date of the entry of an order approving rejection of an executory contract or unexpired lease of the Debtors as the deadline (the "**Rejection Bar Date**") by which an entity asserting a claim for damages against any of the Debtors arising from such rejection must file a proof of claim on account of such damages; and

     d.     the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' Schedules as the deadline (the "**Amended Schedule Bar Date**") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date.

3.     The Claim Form, substantially in the form attached hereto as **Exhibit 1**, the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, and the form of publication notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 3**, are each hereby approved.

**Who Must File a Proof of Claim**

4.     Except as otherwise set forth herein, the following persons or entities asserting claims against the Debtors arising, or deemed to arise, before the Petition Date are required to file proofs of claim by the applicable Bar Date (regardless of whether such claims are secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claims for the purposes of voting and distribution in these cases:

     a.     any person or entity whose claim is not listed on the applicable Debtor's Schedules;

     b.     any person or entity whose claim is listed on the applicable Debtor's Schedules as contingent, unliquidated, or disputed;

     c.     any person or entity whose claim is improperly classified on the applicable Debtor's Schedules or is listed in an incorrect amount and who desires to

have its claim allowed in a different classification or amount than identified in the applicable Schedules;

d.      any person or entity whose claim is identified on the incorrect Debtor's Schedules, or not identified on the Schedules of all Debtors against whom the entity desires to, and has a basis to, assert such claim;

e.      any person or entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days of the Petition Date;

f.      any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

g.      any person or entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security; and

h.      any person or entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices.

**Who is Not Required to File a Proof of Claim**

5.      The following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

a.      any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated, or disputed, (ii) the person or entity does not disagree with the amount, nature, or priority of the claim as identified on the Schedules, and (iii) the person or entity does not dispute that the claim is the obligation of the specific Debtor or Debtors on whose Schedules the claim is identified;

b.      Any person or entity whose claim is allowable under §503(b) and §507(a)(2) of the Bankruptcy Code as an administrative expense (other than a claim arising under §503(b)(9) of the Bankruptcy Code);

c.      any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d.      any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

e.     any person or entity whose claim is based solely on owning an equity security in the Debtors;

f.     any employee of the Debtors who was employed at any time on or after the Petition Date and whose prepetition salary, wages, benefits or other remuneration have been paid pursuant to Court order; provided, however, that all other claims of employees arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, wage and hour violations or unfair business practices, must be filed by the applicable Bar Date;

g.     any director, officer, or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution, or reimbursement;

h.     any Debtor having a claim against another Debtor; and

i.     any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtors.

6.     Persons or entities who have already filed proofs of claim that comply with the procedures set forth in this Bar Date Order prior to the entry of this Bar Date Order are not required to refile such proofs of claim.

**Requirements and Procedures for Filing a Proof of Claim**

7.     The following procedures and requirements with respect to preparing and filing proofs of claim are hereby established:

a.     proofs of claim must be submitted on the Claim Form or Official Form B410, or substantially conform to such official form;

b.     proofs of claim must be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and

c.     if the claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

d.     Electronic proofs of claim.  A proof of claim may be filed electronically at https://cases.ra.kroll.com/BigLots  using  the  interface  available  after

clicking the link entitled "Submit a Claim." A claim must be submitted **so as to be actually received** on or before the applicable Bar Date.

e.    <u>Hardcopy proofs of claim</u>. An original, signed copy of the proof of claim must be sent **so as to be actually received** on or before the applicable Bar Date as follows:

**If by first class mail:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

f.    <u>Other methods not accepted</u>. Proofs of claim sent by means other than as described above, including by means of email or fax, will not be accepted.

8.    The Debtors, with assistance from the Claims and Noticing Agent, will provide each creditor listed on the Debtors' Schedules with a personalized Claim Form indicating how the creditor's claim is reflected on the Schedules, including: (i) the identity of the Debtor against which the creditor's claim is scheduled; (ii) the amount of the scheduled claim, if any; (iii) whether the claim is contingent, unliquidated, or disputed; and (iv) whether the claim is listed as secured, unsecured priority, or unsecured nonpriority.

**Consequences of Failure to File a Proof of Claim or Administrative Claim**

9.    Absent further order of the Court to contrary, any entity who is required (and not exempt) under this Bar Date Order, but fails, to submit a proof of claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their property, shall be forever enjoined from asserting claims for any and all indebtedness or liability with respect to or arising from such claim in these Chapter 11 Cases. Without limiting the foregoing sentence, any creditor asserting a claim

entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a proof of claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

10.     Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a prepetition claim who is required to file but fails to file such claim in accordance with the foregoing requirements and procedures before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Chapter 11 Cases.

**<u>Actual Notice of the Bar Dates to Known Potential Creditors</u>**

11.     Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors shall provide the Bar Date Notice Package to the following potential creditors and other parties in interest, wherever located:

     a.     the Office of the U.S. Trustee;

     b.     counsel to the Committee;

     c.     the Debtors' equity security holders, who shall be provided the Bar Date Notice Package by the Debtor's Claims and Noticing Agent using commercially reasonable efforts, including by serving electronically and/or first class mail;

     d.     all known creditors and other known holders of potential claims against the Debtors' or their estates;

     e.     all parties who have filed claims in these Chapter 11 Cases, including administrative expense claims, as of the date of entry of the Bar Date Order;

     f.     all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated by a counterparty pursuant to the terms of the contract or lease;

     g.     all parties who have filed a request for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.    all parties who have otherwise filed a document in these Chapter 11 Cases and are identified on the Court's electronic docket as of the date of entry of the Bar Date Order;

i.    all current employees of the Debtors and former employees of the Debtors who left the Debtors' employ within three (3) years prior to the Petition Date or at any time following the Petition Date through the date of entry of the Bar Date Order;

j.    all taxing authorities for jurisdictions in which the Debtors do business or did business within three (3) years prior to the Petition Date;

k.    all government agencies that regulate the Debtors' business;

l.    the office of the attorney general for each state in which any Debtor is incorporated or maintained or conducted business within three (3) years prior to the Petition Date;

m.    the SEC;

n.    all known lienholders;

o.    all parties to litigation pending or threatened against the Debtors as of the date of entry of the Bar Date Order;

p.    all providers of utility services to the Debtors, including past providers who provided service within three (3) years of the Petition Date;

q.    the Debtors' current insurance providers; the Debtors' past insurance providers under whose policies open claims remain pending; and the Debtors' past insurance providers who provided coverage within three (3) years before the Petition Date, regardless of whether a claim is currently pending in respect of such coverage;

r.    the Debtors' ordinary course professionals;

s.    the Debtors' banks; and

t.    all parties included on the creditor matrix filed in these Chapter 11 Cases.

**Publication Notice of the Bar Dates for Unknown Potential Creditors**

12.    The Debtors shall publish the Bar Date Notice, in substantially the form attached hereto as **Exhibit 3**, in the national edition of *Wall Street Journal* or another publication with

similar national circulation, with any modifications necessary for ease of publication, promptly

after entry of this Bar Date Order and at least twenty-one (21) days prior to the General Bar Date.

**Supplemental Service**

13.      After the initial service of the Bar Date Notice Packages, the Debtors may, in their

discretion, make supplemental service of the Bar Date Notice Package, including in the event that:

(a) notices are returned by the post office with forwarding addresses; and (b) additional potential

claimants become known after the initial service of the Bar Date Notice Packages.  For holders of

claims receiving such supplemental service, except for entities that are exempt from complying

with the applicable Bar Dates as set forth in this Order, the deadline to file Proofs of Claim, if

necessary, shall be the later of (a) the Bar Date or the Government Bar Date, as applicable, or

(b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the supplemental

service of the Bar Date Notice Packages (or another time period as may be fixed by the Court).

**Additional Relief**

14.      The Debtors and the Claims and Noticing Agent are authorized and empowered to

take such steps and perform such actions as may be necessary to implement and effectuate the

terms of this Bar Date Order, including without limitation, paying of costs incurred in connection

with noticing the Bar Dates.

15.      The Debtors and the Claims and Noticing Agent are authorized to redact from the

claims register the home and email addresses of individuals, including the Debtors' individual

creditors and interest holders, employees, former employees, and equity holders.

16.      The Debtors are authorized to serve the notices required under Bankruptcy Rule

2002(d) on the registered holders of the Debtors' equity securities.

17.     Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these cases.

18.     Nothing in this Bar Date Order shall prejudice the right of the Debtors or their estates, or any other party in interest, to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

19.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Bar Date Order is hereby waived, and the terms and conditions of this Bar Date Order shall be effective and enforceable immediately upon its entry.

20.     The Debtors may make corrections, additions, or deletions to the Bar Date Notice Package and the publication notice as appropriate, including to remove stale or non-pertinent information.

21.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Bar Date Order without seeking further order of the Court.

22.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**EXHIBIT 1**

**Claim Form**

**United States Bankruptcy Court, District of Delaware**

## Fill in this information to identify the case (Select only one Debtor per claim form):

| | | |
|---|---|---|
| ☐ Big Lots, Inc. (Case No. 24-11967) | ☐ Big Lots Stores, LLC (Case No. 24-11973) | ☐ GAFDC LLC (Case No. 24-11977) |
| ☐ AVDC, LLC (Case No. 24-11981) | ☐ BLBO Tenant, LLC (Case No. 24-11972) | ☐ Great Basin, LLC (Case No. 24-11966) |
| ☐ Big Lots eCommerce LLC (Case No. 24-11980) | ☐ Broyhill LLC (Case No. 24-11971) | ☐ INFDC, LLC (Case No. 24-11983) |
| ☐ Big Lots F&S, LLC (Case No. 24-11984) | ☐ Closeout Distribution, LLC (Case No. 24-11978) | ☐ PAFDC LLC (Case No. 24-11982) |
| ☐ Big Lots Management, LLC (Case No. 24-11969) | ☐ Consolidated Property Holdings, LLC (Case No. 24-11968) | ☐ WAFDC, LLC (Case No. 24-11979) |
| ☐ Big Lots Stores - CSR, LLC (Case No. 24-11976) | ☐ CSC Distribution LLC (Case No. 24-11974) | |
| ☐ Big Lots Stores - PNS, LLC (Case No. 24-11970) | ☐ Durant DC, LLC (Case No. 24-11975) | |

## Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name | Name |
| Number     Street | Number     Street |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known)_____     Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| **7.  How much is the claim?** | $_____ . **Does this amount include interest or other charges?**<br>    ☐ No<br>    ☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br>         charges required by Bankruptcy Rule 3001(c)(2)(A). |
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| **9. Is all or part of the claim secured?** | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>    **Nature of property:**<br>    ☐  Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>    ☐  Motor vehicle<br>    ☐  Other. Describe: _____<br><br>    **Basis for perfection:** _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**             $_____<br><br>    **Amount of the claim that is secured:**    $_____<br><br>    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured<br>                                         amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>    **Annual Interest Rate** (when case was filed)_____%<br>    ☐  Fixed<br>    ☐  Variable |
| **10. Is this claim based on a lease?** | ☐ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |
| **11. Is this claim subject to a right of setoff?** | ☐ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).       $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).       $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).       $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).       $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).       $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies.       $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $_____ |

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
             First name          Middle name          Last name

Title      _____

Company  _____
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
             Number      Street

               _____
             City                    State     ZIP Code

Contact phone  _____    Email  _____

# Instructions for Proof of Claim

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/BigLots.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.ra.kroll.com/BigLots/EPOC-Index.

### Do not file these instructions with your form

**EXHIBIT 2**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. [___]** |

**NOTICE OF BAR DATES FOR FILING PROOFS
OF CLAIM AGAINST THE DEBTORS**

On September 9, 2024 (collectively, the "**Petition Date**"), the following debtors (the "**Debtors**") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "**Court**"):

| Debtors | Case No. |
|---|---|
| Big Lots, Inc. | Case No. 24-11967 (JKS) |
| ADVC, LLC | Case No. 24-11981 (JKS) |
| Big Lots eCommerce LLC | Case No. 24-11980 (JKS) |
| Big Lots F&S, LLC | Case No. 24-11984 (JKS) |
| Big Lots Management, LLC | Case No. 24-11969 (JKS) |
| Big Lots Stores – CSR, LLC | Case No. 24-11976 (JKS) |
| Big Lots Stores – PNS, LLC | Case No. 24-11970 (JKS) |
| Big Lots Stores, LLC | Case No. 24-11973 (JKS) |
| BLBO Tenant, LLC | Case No. 24-11972 (JKS) |
| Broyhill LLC | Case No. 24-11971 (JKS) |
| Closeout Distribution, LLC | Case No. 24-11978 (JKS) |
| Consolidated Property Holdings, LLC | Case No. 24-11968 (JKS) |
| CSC Distribution LLC | Case No. 24-11974 (JKS) |
| Durant DC, LLC | Case No. 24-11975 (JKS) |
| GAFDC LLC | Case No. 24-11977 (JKS) |
| Great Basin, LLC | Case No. 24-11966 (JKS) |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| INFDC, LLC | Case No. 24-11983 (JKS) |
| PAFDC LLC | Case No. 24-11982 (JKS) |
| WAFDC, LLC | Case No. 24-11979 (JKS) |

On November 21, 2024, the Court entered an order (the "**Bar Date Order**")[2] establishing the following deadlines for filing certain prepetition claims and administrative expense claims in the Debtors' Chapter 11 Cases:

(a) **December 30, 2024, 5:00 p.m. prevailing Eastern Time** as the deadline (the "**General Bar Date**") to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date, unless otherwise provided in the Bar Date Order.

(b) **March 10, 2025**, as the deadline (the "**Government Bar Date**") by which a governmental unit (as defined in section 101(27) of the Bankruptcy Code) must file a proof of claim in respect of a prepetition claim against any of the Debtors;

(c) the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. prevailing Eastern Time on the date that is thirty-five (35) days after the date of the entry of an order approving rejection of an executory contract or unexpired lease of the Debtors as the deadline for an entity asserting a claim for damages against any of the Debtors arising from such rejection to file a proof of claim on account of such damages; and

(d) the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' schedules of assets and liabilities (the "**Schedules**") as the deadline for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date.

**Consult the Bar Date Order for Details on Who Must File a Claim.**  Consult the Bar Date Order for additional details on whether you are required to file a proof of claim.  Copies of the Bar Date Order, the Schedules, and other documents and information regarding the Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots.

**Instructions for Filing Proofs of Claim for Prepetition Claims.**  Any person or entity asserting a prepetition claim against the Debtors **MUST** abide by the following procedures and requirements in preparing and filing proofs of claim: (i) proofs of claim must be (a) submitted on the enclosed claim form or Official Form B410 and (b) written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Bar Date Order.

under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and (ii) if the claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

A proof of claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim."  If filed by hardcopy, an original, signed copy of the proof of claim must be sent to:

> **If by first class mail:**
> Big Lots, Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850
>
> **If by hand delivery, or overnight courier:**
> Big Lots, Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

A claim must be submitted **so as to be actually received** on or before the applicable Bar Date.  Proofs of claim sent by means other than as described above will not be accepted.

**Consequences of Failing to Timely File Your Claim**.  ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THE DEBTORS BELIEVE YOU HAVE A CLAIM.

**Additional Information**.  Copies of the Debtors' Schedules, the Bar Date Order, and certain other pleadings, orders, and notices, and other information regarding the Chapter 11 Cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/BigLots.  Filings in the Chapter 11 Cases are also available for a fee at the Court's website at **www.deb.uscourts.gov/**.  A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov**.  Documents filed in this case also may be examined between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you have any questions relating to this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, by: (a) phone at (844) 217-1398 (toll-

free) or +1 (646) 809-2073 (International), or (b) email at BigLotsInfo@ra.kroll.com. You can also find further information at https://cases.ra.kroll.com/BigLots.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

[*Remainder of page left intentionally blank*]

Dated: November [__], 2024
    Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel:  (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
jonah.peppiatt@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF DEADLINES TO FILE CERTAIN CLAIMS**</u>

**To all persons or entities with claims against the following debtors:** Big Lots, Inc., Case No. 24-11967 (JKS); ADVC, LLC, Case No. 24-11981 (JKS); Big Lots eCommerce LLC, Case No. 24-11980 (JKS); Big Lots F&S, LLC, Case No. 24-11984 (JKS); Big Lots Management, LLC, Case No. 24-11969 (JKS); Big Lots Stores – CSR, LLC, Case No. 24-11976 (JKS); Big Lots Stores – PNS, LLC, Case No. 24-11970 (JKS); Big Lots Stores, LLC, Case No. 24-11973 (JKS); BLBO Tenant, LLC, Case No. 24-11972 (JKS); Broyhill LLC, Case No. 24-11971 (JKS); Closeout Distribution, LLC, Case No. 24-11978 (JKS); Consolidated Property Holdings, LLC, Case No. 24-11968 (JKS); CSC Distribution LLC, Case No. 24-11974 (JKS); Durant DC, LLC, Case No. 24-11975 (JKS); GAFDC LLC, Case No. 24-11977 (JKS); Great Basin, LLC, Case No. 24-11966 (JKS); INFDC, LLC, Case No. 24-11983 (JKS); PAFDC LLC, Case No. 24-11982 (JKS); and WAFDC, LLC, Case No. 24-11979 (JKS) (collectively, the "**Debtors**"). On September 9, 2024 (collectively, the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

By order dated [November 21], 2024 (the "**Bar Date Order**"), the Court established claim filing deadlines as follows: (i) all persons or entities with a claim against any of the Debtors that arose before the Petition Date, no matter how remote or contingent, **MUST FILE A PROOF OF CLAIM** on or before <u>**December 30, 2024, 5:00 p.m. prevailing Eastern Time**</u>; and (ii) governmental units (as defined in section 101(27) of the Bankruptcy Code) **MUST FILE A PROOF OF CLAIM** on or before <u>**March 10, 2025**</u>. A claim must be submitted <u>**so as to be actually received**</u> on or before the applicable deadline to be deemed timely.

Copies of the Bar Date Order, the Debtors' schedules of assets and liabilities and other documents and information regarding the Debtors' Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots or by calling at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International). Consult the Bar Date Order for additional details on whether you are required to file a proof of claim, as well as instructions and procedures for completing and filing proofs of claim. Do not contact the Clerk of Court for legal advice.

**ANY PERSON OR ENTITY THAT IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM BUT FAILS TO DO SO SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSE OF VOTING AND DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES.**

*BY ORDER OF THE COURT*