IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 11, 2024, at 4:00 p.m. (ET)**<br><br>Re:  D.I. 632 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CAPTERIS, LLC
TO THE FOURTH NOTICE OF REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Capteris, LLC ("Capteris"), by and through its undersigned counsel, files this Limited Objection and Reservation of Rights (the "Limited Objection") to the Fourth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (D.I. 632). In support of this Limited Objection, Capteris states as follows:

**PRELIMINARY STATEMENT**

1. Capteris has a "Lease" (as defined below), which is comprised of an equipment schedule that incorporates the terms of a "Master Lease Agreement" (also as defined below) with the Debtor Great Basin, LLC ("Great Basin"), which grants a lease interest to Great Basin for twenty-five trailers, referred to as the "Collateral" below.  Great Basin uses these trailers to move goods to, from, and among the Debtors, or to the Debtors from their suppliers or distribution centers.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4854-7176-2423

2.       As set forth below, on October 28, 2024, the Debtors filed a notice seeking to **reject** the lease of each trailer leased to Great Basin pursuant to the "Equipment Schedule" (also as defined below).  See D.I. 632.  No mention was made of the Master Lease Agreement.

3.       Then, the Debtors filed a Notice of Proposed Assumption that seeks to **assume** the Master Lease Agreement.  See D.I. 683 at the "Proposed Assumed Contracts Schedule," at page 33 of 109.  That same Notice of Proposed Assumption lists, on the same page, a "Tax Lease-FMV" and a "Power of Attorney" – but it is unclear what these agreements or documents are.  (In addition, the Proposed Assumed Contracts Schedule lists Donlen Trust as the counterparty, but Capteris purchased the lease interest pursuant to the Specification (as defined below); the parties will determine who is subject to the "Tax Lease-FMV" and "Power of Attorney" once those documents are better identified.)

4.       This Limited Objection is filed (as was Capteris's limited objection to the Notice of Proposed Assumption, see D.I. 991) so the parties can figure out what is being assumed, what is being rejected, the correct cure amounts, and the identity of the "Tax Lease-FMV" and a "Power of Attorney" so that Capteris can respond on that front as well.  Once assumption or rejection is known, cure amounts can be calculated (and the undersigned will work with counsel to the Debtors in the meantime on that).  Finally, to the extent the Debtors seek to assume parts of the Master Lease Agreement pertaining to some trailers but not all of them (which is not clear now), that may give rise to other objections, which are hereby reserved.

## BACKGROUND

5.       On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and each of its subsidiaries, including Great Basin (collectively, the "Debtor") commenced a bankruptcy case, by

filing a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor is continuing to operate its business and manage its property as debtor-in-possession.

6. Prior to the Petition Date, on August 29, 2023, Great Basin and Donlen Trust entered into a Master Motor Vehicle Fixed Term Lease Agreement (collectively, the "Master Lease Agreement"). Pursuant to the Master Lease Agreement, Great Basin leased twenty-five trailers (the "Collateral") pursuant to Transaction Schedule FMV (Closed-End Lease) #2993-001 dated August 29, 2023 (the "Equipment Schedule", and, together with the Master Lease Agreement, the "Lease"). Liens were perfected by noting the same on the Certificates of Title (the "Titles").

7. On or about October 30, 2023, Donlen Trust and its affiliates sold the Lease to Capteris Funding LLC pursuant to a True Sale and Allocation Specification (the "Specification"), incorporating the terms of a SUBI Purchase and Sale Agreement. In turn, on or about October 30, 2023, Capteris Funding LLC assigned its purchase to Capteris pursuant to an Assignment Pursuant to Purchase Agreement (the "Assignment"). Pursuant to the Assignment, Capteris became the legal interest holder of the Lease and the Collateral.

8. On September 9, 2024, the Debtor filed a motion with the Court seeking entry of an order, among other things, approving (a) procedures for the solicitation of bids in connection with (i) the proposed sale of substantially all of the Debtors' assets to Gateway BL Acquisition, LLC for approximately $760 million consisting of $2.5 million in cash plus the Debt Payoff Amount (as defined in the Stalking Horse APA) and the assumption of certain liabilities, subject to the submission of higher or otherwise better offers, (ii) the Sale Transaction and (iii) the Auction, (b) the form and manner of notice related to the Sale Transaction, and (c) procedures for the

assumption and assignment of Contracts and Leases in connection with the Sale Transaction (D.I. 18).

9. On October 25, 2024, the Court entered its Order (I) Approving Bidding Procedure for Sale of the Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (V) Approving Assumption and Assignment procedures, and (VI) Graning Related Relief (D.I. 612).

10. Thereafter, on October 28, 2024, the Debtor filed a Fourth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (D.I. 632) (the "Rejection Notice"). The Rejection Notice lists twenty-five (25) trailers that serve as collateral for the Lease allegedly owned by Donlen Trust.

11. Thereafter, on October 31, 2024, the Debtor filed a Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts (D.I. 683) (the "Assumption and Cure Notice").  The Assumption and Cure Notice lists three Donlen leases or contracts, as follows:

| Debtor Name | Contract Counterparty Name | Preliminary Estimated Cure Amount | Contract/Lease Title or Description | Real Property lease Premises Location |
|---|---|---|---|---|
| Big Lots Stores, LLC | Donlen LLC | $18,484.74 | Power of Attorney | N/A |
| Great Basin, LLC | Donlen LLC dba Capteris Capital | | Tax Lease-FMV | N/A |
| Great Basin, LLC | Donlen Trust | | Master Motor Vehicle Fixed Term Lease Agreement | N/A |

4854-7176-2423

12. As a final item, Capteris notes that the Debtor's Assumption and Cure Notice also lists other contracts, originally with certain Donlen parties that **remain** with such Donlen parties.

## LIMITED OBJECTION

13. Section 365(b) of the Bankruptcy Code provides in pertinent part as follows: (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default… (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contact or lease. 11 U.S.C. § 365(b)(1).

14. Capteris collateral is listed in the Rejection Notice but the same does not specify the Lease or the Master Lease. This is important because the Assumption and Cure Notice appears to identify the Master Lease.

15. The Assumption and Cure Notice, Capteris' potential contracts or leases are potentially further identified as "Power of Attorney" (identified for Donlen LLC), "Tax Lease – FMV" (identified for Donlen LLC dba Capteris Capital), and "Master Motor Vehicle Fixed Term Lease Agreement" (identified for Donlen Trust).

    a. The document identified as "Power of Attorney" identifies a cure amount that is almost identical to one (1) month of rental payments due under the Lease.

    b. The document identified as "Tax Lease – FMV" identifies Capteris Capital but no cure amount.

        c.     The document identified as "Master Motor Vehicle Fixed Term Lease Agreement" identifies the full naming convention of the Master Lease Agreement - but lists no cure amount.

16.    Read together, these documents would assume the Master Lease Agreement but reject the leases for each item of Collateral under it, which is likely not what was intended.

17.    In order to clarify whether the Lease is subject to the Rejection Notice or the Assumption and Cure Notice, Capteris requests that the Debtor specify the lease agreements intended to be assumed, by date and by collateral description.

18.    Given the lack of clarity of the Assumption and Cure Notice and the potential contradiction of the Rejection Notice, Capteris is filing this Limited Objection to preserve its rights and hopefully determine whether its Lease is in fact being assumed and assigned or rejected.

## **RESERVATION OF RIGHTS**

19.    Capteris hereby reserves its rights to revise this Limited Objection and make such other and further objections as may be appropriate. This includes any arguments that the Master Lease Agreement and the Equipment Schedule covering the 25 trailers / items of Collateral may only be assumed or rejected *in toto*.

## CONCLUSION

20. For the reasons set forth above, Capteris respectfully requests that this Court (a) sustain this Limited Objection; (b) require the Debtor to clarify the agreement(s) to which these notices pertain, (c) require that any order authorizing the assumption and assignment of the Lease Agreement require the Debtor to pay all amounts owing thereunder through the effective date of any such assumption and assignment, and (d) grant Capteris such further relief as it deems proper.

Dated: November 11, 2024

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
Monarch Plaza
3414 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone:   (404) 443-6774
Facsimile:   (404) 221-6501
Email: mduedall@bakerdonelson.com

*Counsel for Capteris, LLC*

4854-7176-2423

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing *Limited Objection of Capteris, LLC to the Fourth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to this document, to all parties who receive electronic notices in these cases.

Dated: November 11, 2024

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

*/s/ Mark I. Duedall*
Mark I. Duedall (No. 3346)
Monarch Plaza
3414 Peachtree Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone:    (404) 443-6774
Facsimile:    (404) 221-6501
Email: mduedall@bakerdonelson.com

*Counsel for Capteris, LLC*

4854-7176-2423