## **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 436** |

**ORDER APPROVING STIPULATION REGARDING MOTION OF DELL FINANCIAL
SERVICES L.L.C. FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(d), OR IN THE ALTERNATIVE, FOR
ADEQUATE PROTECTION PAYMENTS**

Upon consideration of the *Stipulation Regarding Motion of Dell Financial Services L.L.C. for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d), or in the Alternative, for Adequate Protection Payments* (the "**Stipulation**"),[2] attached hereto as **Exhibit A**; and the Court having jurisdiction over the matters raised in the Stipulation, and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

interests of the Debtors, their estates, creditors, and all parties-in-interest, and just cause exists for the relief granted herein; it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      The Stipulation is APPROVED.

2.      The Motion is hereby resolved.

3.      The Debtors are authorized to take any action necessary or appropriate to implement the terms of the Stipulation and this Order without further order of the Court.

4.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

5.      This Order is effective immediately upon entry by the Court and is not subject to the fourteen-day stay provided for in Federal Rule of Bankruptcy Procedure 4001(a)(3).

## EXHIBIT A

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 436** |

**STIPULATION REGARDING MOTION OF DELL FINANCIAL SERVICES L.L.C.**
**FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO**
**11 U.S.C. § 362(d), OR IN THE ALTERNATIVE, FOR**
**ADEQUATE PROTECTION PAYMENTS**

Dell Financial Services L.L.C. ("**DFS**"), by and through its undersigned counsel, and the above-captioned debtors (the "**Debtors**" and, together with DFS, the "**Parties**"), by and through their undersigned counsel, hereby stipulate as follows:

**RECITALS**

WHEREAS, on September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**");

WHEREAS, the Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

WHEREAS, on October 7, 2024, DFS filed the *Motion of Dell Financial Services L.L.C. for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d), or in the Alternative, for Adequate Protection Payments* [D.I. 436] (the "**Motion**");

WHEREAS, as more fully set forth in the Motion, DFS sought an order granting relief from the automatic stay permitting DFS to terminate the Subscription Agreement[2] and directing the Debtors to: (1) de-install and cease use of software or other services provided with the Equipment, (2) remove all data from the Equipment, (3) consolidate and turn over the Equipment at a place designated by DFS, and (4) in the alternative, provide adequate protection payments for the continuing usage of the Equipment;

WHEREAS, the Equipment in question is listed on the Asset Report attached as Exhibit D to the Motion (the "**DFS Equipment**");

WHEREAS, subsequent to the filing of the Motion, the Parties have discussed their respective interests with regard to the DFS Equipment and, by entry into this stipulation (the "**Stipulation**"), seek to confirm their mutual understanding and agreement with respect to: (1) the Debtors' continuing use and, where applicable, storage and preservation of the Equipment, (2) the steps the Debtors and their agents will implement upon entry into the Stipulation to account for the DFS Equipment and prevent the abandonment and/or disposal thereof, including procedures for the return of any DFS Equipment to Big Lots headquarters from any closing Big Lots Store Location, and (3) the Debtors' commitment to making monthly postpetition payments to DFS in the ordinary course of business as well as maintaining required insurance coverage with respect to the Equipment pursuant to the various existing agreements between the parties, including the Subscription Agreement;

---

[2] Capitalized terms not defined herein shall have the meaning assigned to such terms in the Motion.

NOW THEREFORE, in consideration of the above and the material promises contained in this Stipulation, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## **<u>STIPULATION</u>**

1.      <u>Accounting of DFS Equipment</u>. The Debtors shall provide an accounting (the "**Accounting**") to DFS's undersigned counsel of the DFS Equipment by December 6, 2024. The Accounting shall include a spreadsheet in the format of the Asset Report with additional columns inserted identifying: (1) the current location of each item of DFS Equipment; and (2) if any item of DFS Equipment is missing or no longer in the possession of the Debtors, a designation as such and the last-known location of said DFS Equipment.

2.      <u>Material Representations of the Debtors</u>. The Debtors hereby confirm that the Debtors will use their reasonable best efforts to (a) prevent the abandonment and/or disposal of any DFS Equipment, (b) take steps to preserve the DFS Equipment from damage or loss, and (c) acknowledge the abandonment procedures authorized by the Court do not apply to leased property. For the avoidance of doubt, notwithstanding any lack of clarity or absence or confirmation within any of Debtors' Notices of Abandonment, Utilization and Disposal of Personal Property, and any similarly-styled filings noticing the Debtors' intent to abandon and/or dispose of property (collectively, "**Notices of Abandonment**"), the Debtors hereby confirm they do not intend to, and will not, abandon and/or dispose of any DFS Equipment or authorize any agent or third party to abandon and/or dispose of any DFS Equipment. In the event the Debtors subsequently intend to abandon and/or dispose of any DFS Equipment, the Debtors hereby agree Debtors shall file a Notice with the Court specifically identifying the property of "Dell Financial Services L.L.C. Equipment" in the Notice. That Parties agree by this Stipulation that the absence of "Dell Financial

Services L.L.C." or any other "Dell" entity from any Notice of Abandonment shall serve as confirmation that the Debtors are not abandoning any DFS Equipment pursuant to the Notice.

       3.        <u>Store Closing Procedures/Return of Equipment to Big Lots Headquarters</u>.

       (a)     Upon execution of this Stipulation, Debtors' counsel shall provide Gordon Brothers with a copy of the Asset Report via email and advise Gordon Brothers Retail Partners, LLC, as the Debtors' store closing consultant ("**Gordon Brothers**") therein that in conducting store closings pursuant to Court-authorized procedures, no computer equipment at any closing store locations shall be abandoned or otherwise disposed of unless such equipment is determined by the Debtors, in their reasonable judgment, to not be DFS Equipment.

       (b)     The Debtors shall arrange for the return of any DFS Equipment at any Big Lots closing store location to the Debtors' corporate headquarters at 4900 E. Dublin-Granville Road, Columbus, OH 43081 (the "**Debtors' Headquarters**"). Any DFS Equipment held at the Debtors' Headquarters shall be stored in a locked, temperature-controlled, secure location if not in use.

       4.        <u>Monthly Postpetition Payments to DFS</u>. The Debtors hereby acknowledge their obligation, consistent with past business practice under the Subscription Agreement, to make postpetition payments to DFS each month pursuant to the executory contracts in place between the Parties, including the Subscription Agreement. The Debtors hereby express their intention to, and will in fact, make the full payment(s) due each month until a final determination is made with respect to the assumption, assumption and assignment, or rejection of applicable executory contract(s).

       5.        <u>Material Representations by DFS</u>. In consideration of the above terms, and provided the Debtors continue to comply with their obligations under this Stipulation, DFS agrees

to withdraw the Motion upon entry of an Order approving this Stipulation and prior to the omnibus hearing presently scheduled in the Chapter 11 Cases on November 21, 2024, at 10:30 a.m. (prevailing Eastern Time) (the "**Hearing**"); *provided*, that, said Order is entered prior to the Hearing; *provided*, *further*, that, nothing in this Stipulation shall limit DFS from filing a motion to enforce the terms of this Stipulation and the Debtors' compliance hereunder (an "**Enforcement Motion**"); *provided*, *further*, that, DFS shall not be permitted to file an Enforcement Motion pursuant to the preceding proviso unless it first (a) reasonably perceives the Debtors to be in breach of the terms of this Stipulation, (b) notifies the undersigned counsel to the Debtors, in writing (email being sufficient) of such perceived breach, and (c) provides the Debtors with five (5) days to cure such perceived breach.

6.      <u>Reservation of Rights</u>. Subject to the provisions of paragraph 5 of this Stipulation, (a) the Parties reserve all rights with regard to the relief sought in the Motion, including the Debtors' rights to object to such relief and (b) nothing herein shall limit any of DFS' rights to pursue any relief with respect to the DFS Equipment.

*[Remainder of page intentionally left blank]*

5

Date: November 12, 2024

Date: November 12, 2024

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/  *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
jonah.peppiatt@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**AUSTRIA LEGAL, LLC**

/s/  *Matthew P. Austria*
Matthew P. Austria (DE # 4827)
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 521-5197
Fax: (302) 291-1722
Email: maustria@austriallc.com

-and-

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
Sabrina L. Streusand
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
Email: streusand@slollp.com

*Attorneys for Dell Financial Services L.L.C.*