UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al.* | ) | Bankr. No. 24-11967 (JKS) |
| | ) | |
| Debtors[1]) | ) Related Docket Nos. 13,650, 663, 666, 1053) | |
| | ) | |
| | ) | (Jointly Administered) |

**BIG MIFL2 OWNER LLC'S OBJECTION TO
DEBTORS' REJECTION/ABANDONMENT MOTION**

Big Mifl2 Owner LLC ("Big Mifl2"), by its undersigned attorney, hereby submits this objection (the "Objection") to the Rejection/Abandonment Motion (defined below) that the above-captioned debtors and debtors in possession (collectively, the "Debtors") have proposed to abandon personal property, furniture, fixtures and equipment ("FF&E") and otherwise on the Premises [Docket No.666] of non-residential including real property located at 18325 South Dixie Highway, Miami, Florida (the "Premises")[2], and in support of this Objection, Landlord respectfully states as follows:

**FACTUAL BACKGROUND**

A.  **Big Mifl2 Owner LLC's Lease with the Debtor.**

1.  The Landlord and BLBO Tenant, LLC ("Tenant") are parties to an unexpired lease (the "Lease") dated effective as of August 25, 2023, of nonresidential real property located

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basom. LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Store, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH  43081.

[2] The store in which the Debtor Tenant has been operating its going out of business sale on the Premises is referred to hereinafter as the "**Building.**"

at 18325 South Dixie Highway, Miami, Florida 33517. Notably, the performance of all the Tenant's obligations under the Lease are guaranteed by Big Lots, Inc. The Lease between Big Mifl2 and the Tenant was part of a comprehensive sale and leaseback transaction with Big Lots, Inc.

### OBJECTION TO THE ABANDONMENT BY THE DEBTORS AND/OR TENANT OF ANY PERSONAL PROPERTY AT THE PREMISES

2. Big Mifl2 does not object to the rejection of the Lease, but strongly objects to the Debtors' request to abandon personal property, FF&E or otherwise in contravention of the contractual terms agreed upon by the parties to the Lease.

3. On October 26, 2024, this Court entered an Order approving sales procedures for the so-called "November Leases," as part of the Third Wave of potential assumption and assignment by the Debtors of unexpired leases to successful bidders [Docket No. 650].

4. On October 30, 2024, the Debtors filed a Notice of Abandonment, Utilization and Disposal of Personal Property on Certain of the Debtors' Leased Premises Sold Pursuant to the November Wave Sales. Big Mifl2's Lease was scheduled in the November Wave Leases Sales ("Sale Notice") [Docket No. 663].

5. On October 30, 2024, the Debtors also filed its Fifth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (and the Abandonment of Property) (the "Rejection/Abandonment Motion") [Docket No. 666]. Big Mifl2's Lease is scheduled as one of the unexpired leases to be rejected on November 30, 2024.

6. Big Mifl2, once again, does not object to the rejection of the Lease by the Debtors, *it does strongly object, however, to the Debtors/Tenant abandoning personal property, FF&E or otherwise on the Premises and/or in the Building.* Under paragraph 12 of the Lease, the Tenant is required to leave the Premises/Building "in as good or better condition as existed on the

commencement of" the Lease. The Debtors' failure to leave the Building/Premises in as good or better condition as existed on the commencement of the Lease constitutes a post-petition breach of the Lease. Additionally, the Lease provides that "[a]ny of Tenant's Personal Property installed or placed on the Premises by Tenant or any subtenant or assignee of Tenant, if not removed within ten (10) days after termination or expiration of this Lease shall be deemed abandoned and become the property of Landlord without any payment or offset therefor *if Landlord so elects."* Lease at paragraph 12. (Emphasis added). Big Mifl2 does not elect, but rather strongly objects to the Debtor/Tenant abandoning personal property, FF&E or otherwise on the Premises as another post-petition breach of the Lease.

7. A post-petition breach of the Lease gives rise to an administrative claim under 11 U.S.C. § 503(b).

8. Big Mifl2 and other landlords have been funding the Debtors' cases from the Petition Date, September 9, 2024. The Tenant's quarterly rent payment of $108,794.94 was not paid when due on September 1, 2024. Big Mifl2 has no option other than to pay the real estate taxes that were billed post-petition and become due in November 2024. Big Mifl2 has incurred other costs and expenses including, but not limited to, property inspection reports, mold inspections and letter reports, attorneys' fees and expenses and hours of internal monitoring by Big Mifl2's senior management of the Debtors' case.

9. Big Milf2 should not now be required to incur the significant expenses necessary to dispose of the Debtors' personal property, FF&E or otherwise, and to repair the damage arising from the removal of the fixtures and concomitant expenditure of time. Like Debtors' counsel, landlords should not be required to fund Chapter 11 debtors' cases.

10. Based upon the record in this case, Big Mifl2 does not believe that an allowed administrative expense claim is sufficient to warrant approval of Debtors' request for an Order by this Court authorizing abandoning personal property, FF&E or otherwise on the Premises.

11. At a hearing held on November 8, 2024, to consider the requested continuation of the challenge period and related discovery issues, Blue Owl's counsel represented that there would be a zero distribution to unsecured creditors. Notably, Debtor's counsel confirmed that there "would be no meaningful distribution" to unsecured creditors.

12. The relief sought in the Rejection/Abandonment Motion to abandon personal property, FF&E and otherwise should not be granted considering the significant expense that will be involuntarily imposed on Big Mifl2 and other landlords.

13. The November Wave of Lease Sales did not create a significant amount of money for the Debtors' estates. The concern arises that the Debtors' estates will become administratively insolvent after the landlords and other creditors have funded the Debtors' Chapter 11 case.

14. The Debtors should bear the burden of proof that their estates are not now, and will not become, administratively insolvent.

## RESERVATION OF RIGHTS

15. Big Mifl2 reserves all rights to amend or to supplement its Objection as well as to assert any additional grounds for objection to the Rejection/Abandonment Motion at the final hearing.

## CONCLUSION

For all the foregoing reasons, Big MIFL2 respectfully requests that the Court: (i) enter an order rejecting Big Mifl2's Lease, (ii) denying the Debtors' request for this Court's authority to abandon personal property, FF&E and otherwise in direct contravention of the Lease and (iii)

requiring the Debtors to return the Premises in the condition as required under the Lease and (iv) for such other relief is just and appropriate.

November 13, 2024

Respectfully submitted,

JMCARBINO LAW

By: */s/Jeffrey M. Carbino*
Jeffrey M. Carbino (DE No. 4062)
1007 N. Orange Street, Suite 420
Wilmington, DE 19801
Telephone: (610) 639-3695
Email: jcarbinolaw@outlook.com

Attorneys for the Big Mifl2 Owner LLC

LEGAL\73888837\2