**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 )  |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) ) |
| Debtors.[1] | ) (Jointly Administered) ) |
|  | ) **Related to Docket No. 552** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF BIG LOTS, INC., *ET AL.*, TO RETAIN AND EMPLOY MCDERMOTT WILL & EMERY LLP AS COUNSEL, EFFECTIVE SEPTEMBER 24, 2024**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Big Lots, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for the approval of the Committee's retention and employment of McDermott Will & Emery LLP ("McDermott") as counsel in connection with the Chapter 11 Cases, effective September 24, 2024; and upon consideration of the declaration of Darren Azman (the "Azman Declaration"), which is attached to the Application as Exhibit B; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Application.

this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is **GRANTED** to the extent set forth herein.

2. The Committee's retention and employment of McDermott as counsel in connection with the Chapter 11 Cases, including to represent the Committee in the Chapter 11 Cases and any matter or proceeding arising in or relating to the Chapter 11 Cases, on the terms and conditions that are set forth in the Application and the Azman Declaration, effective September 24, 2024, is approved under Bankruptcy Code section 1103(a).

3. The terms and conditions of McDermott's retention and employment as the Committee's counsel in connection with the Chapter 11 Cases, which are set forth in the Application and the Azman Declaration, are reasonable and approved as such under Bankruptcy Code section 328(a).

4. McDermott shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330(a) and 331, Bankruptcy Rule 2016, the Local Rules, and any order establishing procedures for professionals' interim compensation and reimbursement of expenses.

5. McDermott shall provide 10 days' notice to the Debtors, the U.S. Trustee, and the Committee before implementing any increases in its hourly rates. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330(a), and nothing in this Order shall prevent the Court from reviewing any rate increase under Bankruptcy Code section 330(a).

6. Notwithstanding anything in the Application or this Order to the contrary, all parties shall retain the right and be entitled to object to McDermott's fee applications based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, including, without limitation, objections to fees and expenses on the basis of duplication of efforts among the Committee's professionals.

7. McDermott shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, which became Effective on November 1, 2013, in connection with both the Application and any interim or final fee applications that McDermott files in the Chapter 11 Cases.

8. McDermott shall neither apply nor receive payment from the Debtors' estates for any fees or expenses arising from the defense of an objection to a request for the award, allowance, or payment of McDermott's fees and expenses.

9. Notwithstanding anything in the Application to the contrary, McDermott shall (i) to the extent that McDermott uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that McDermott pays the Contractors; (ii) seek reimbursement for

actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for McDermott; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

10. To the extent that the Application is inconsistent with this Order, this Order shall govern.

11. The Committee is authorized to take any action that is necessary or appropriate to effectuate the relief granted in this Order.

12. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately on its entry.

13. The Court retains jurisdiction of any matter arising from or relating to this Order or its interpretation, implementation, or enforcement.

Dated: November 13th, 2024  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE