**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE | § | |
| | § | Case No.   24-11967(JKS) |
| **BIG LOTS, INC., et al.** | § | |
| | § | **Chapter 11** |
| **Debtors** | § | |
| | § | Re: Docket Nos. 650 and 683 |

**OBJECTION AND RESERVATION OF RIGHTS OF**
**DISTRICT & URBAN TEXAS INC TO THE NOTICE OF**
**PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY**
**CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNTS**

District & Urban Texas, Inc. ("District"), as owner and/or managing agent for the owners of the properties identified herein (the "Landlord"), by its undersigned counsel, files this objection and reservation of rights (this "Objection") to the Debtors' *Notice of Proposed Assumption And Assignment of Executory Contracts or Unexpired Leases and Cure Amount* ("Cure Notice") [D.I. 683, 650]. In support of this Objection, District & Urban Texas, Inc. respectfully states as follows:

**PREILIMNARY STATEMENT**

1. Landlord does not seek to prevent Debtors from assigning the Lease to the proposed buyer. However, Landlord files this objection to assert its rights to sufficient evidence of adequate assurance of future performance by such entity, the curing of all defaults under the Lease, and compliance with all provisions of the Lease on a go-forward basis.

2. Specifically, Landlord asserts that: (i) Debtors or the Proposed Assignee (as defined below) must cure all amounts due and owing under the Lease, including non-monetary defaults, and satisfy any pecuniary losses; (ii) Debtors must provide Landlord with adequate assurance of future performance with respect to the Proposed Assignee of the Lease; (iii) Debtors must timely

pay all post-petition rent and additional rent due under the Lease; and (iv) the Proposed Assignee must provide Landlord with security as required by section 365(l) of the Bankruptcy Code.

3. Landlord will continue to work with Debtors to address these outstanding issues, but reserves the right to argue them at the hearing.

## BACKGROUND

4. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (this "Court"). This Court entered its order authorizing the joint administration and procedural consolidation of these Chapter 11 cases.

5. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Landlord District & Urban Texas, Inc and the Debtor are parties to an unexpired lease dated as of on or about December 23, 2022, as amended and extended, of nonresidential real property (the "Store Number 4772 Lease" or the "Lease") of the premises (the "Store Number 4772 Premises" or the "Premises") located in Debtor's store # 4772, at 9669 FM 1960 Bypass Rd, Ste. 500 Humble, TX 77338.

7. The Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086–87 (3d Cir. 1990).

8. On September 9, 2024, the Debtors' filed the (the "Bid Procedures Motion"). On October 25, 2024, the Court entered an order approving the Bid Procedures Motion [D.I. 612] (the "Bidding Procedures Order"). (the "Bid Procedures Motion") pursuant to which the Debtors

sought, among other things, entry of an order establishing bid procedures for the sale (the "Proposed Sale") of substantially all of the Debtors' assets and procedures for the assumption and assignment of the Debtors' unexpired leases.

9.  As contemplated by the Bid Procedures Order, the Debtors filed the Cure Notice, which identifies certain executory contracts and unexpired leases that the Debtors may assume and assign in connection with the Proposed Sale, including the Leases. The Notice proposes the following amounts necessary to cure all monetary defaults under the Leases (the "Proposed Cure Amount"):

**Store No.** 4772    **Landlord:** District & Urban Texas, Inc.    **Cure Amount:** $26,465.05

10. As of the filing of this Objection, the Debtors have not filed the proposed Sale Order.

## OBJECTION
### I. Debtors Must Satisfy The Correct Cure Amount Before The Lease Can Be Assigned

11. Section 365(b)(1)(A) of the Bankruptcy Code provides that, unless a debtor either (a) cures all defaults existing under a lease, or (b) provides a lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and assign such lease. See 11 U.S.C. § 365(b)(1)(A). Prior to assumption and assignment, Debtors are also required by section 365(b)(1)(B) of the Bankruptcy Code to compensate Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. See 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Lease are compensable. See *LJC Corp. v. Boyle,* 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.,* 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.,* 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74 St. Drug Corp.,* 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.,* 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).

12. Landlords do not contest the Cure Amounts as of the date of this Objection, but

Debtors' Cure Amounts do not take into consideration the passage of time between the filing of the Cure Notice and the effective date of any assumption and assignment of the Leases by the Debtors. Accordingly, any order that is entered establishing cure amounts with respect to the Leases must require that the Debtors (i) comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and assignment of the Leases, and (ii) cure any additional defaults that may occur under the Leases between the date of this Objection and the effective date of any assumption and assignment by the Debtors. See 11 U.S.C. § 365(b)(1).

13. Further Debtors' Cure Amounts do not include amounts that may become due under the Leases after the Leases are assumed and assigned, but which may relate to the pre-assumption and assignment period (i.e., real estate tax and common area maintenance reconciliations). Any order establishing cure amounts in connection with the assumption and assignment of the Leases must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the Leases, notwithstanding the Debtors' Cure Amounts.

14. The Leases provide that the Debtors must indemnify and hold Landlord harmless with respect to any existing claims that may not become known until after the assumption and assignment of the Leases (i.e., personal injury claims, damage to the leased premises or shopping center caused by the Debtors or their agents). Any order approving the assumption and assignment of the Leases must provide that the assumption and assignment is pursuant to the terms of the Leases, and that the Debtors will continue to be responsible for all such indemnification obligations, regardless of when they arose.

15. In the event that the Debtors or any proposed assignee of the Leases proposes an alternate use of any of the premises, then Landlords reserve their rights to object to any such proposed use.

## II. Debtors And/Or The Proposed Assignee Must Provide Evidence Of Adequate Assurance Of Future Performance Under The Lease

### *A. Adequate Assurance of Future Performance for Leases*

16. Prior to any assumption or assignment of unexpired leases in these bankruptcy cases, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the Debtors will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired leases sought to be assumed and assigned. In particular, Bankruptcy Code section 365(b)(1) provides that in the event of a default under an unexpired lease, a debtor may not assume the lease unless, at the time of the assumption of such lease, the debtor "(A) cures, or provides adequate assurance that the debtor will promptly cure, such default; (B) compensates, or provides adequate assurance that the debtor will promptly compensate, the non-debtor party to the contract for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract." 11 U.S.C. § 365(b)(1). A debtor must cure both monetary and nonmonetary defaults.

17. The cure notice and the bidding procedures, however, do not specify any other economic and non-economic obligations of the Debtors under the Lease for Debtor's Store Number 4772. Among other obligations, the Debtors are responsible for payment of monthly operating expenses and any shortfall after the annual reconciliation of actual expenses to estimated amounts paid each month. Further, the Debtors are obligated to Landlord for Landlord's attorneys' fees (pursuant to Section 40 of the Lease) incurred in connection with enforcing its contractual rights under the Store Number 4772 Lease for Debtor's Store Number 4772. Finally, the Debtors remain liable for any amounts coming due prior to any assumption

and assignment of the Lease for Debtor's Store Number 4772, as well as all noneconomic obligations thereunder.

18. Further, all other provisions of the Store Number 4772 Lease must be complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 4 of the Lease) and the assignment clause (pursuant to Section 22 of the Lease, which specifically requires Landlord's consent to any assignment of the Lease) and the providing of adequate assurances that future obligations will be met by the tenant under the Lease.

### B. Gateway BL Acquisition, LLC Must Provide Adequate Assurance of Future Performance

19. Section 365 of the Bankruptcy Code requires that a Debtor provide adequate assurance that it (or any assignee) will have the ability to perform under such lease as a condition to assuming the Lease. 11 U.S.C. §§ 365(b)(1)( c ) & (f)(2). The Debtors bear the ultimate burden of persuasion as to this issue. *See In re Rachels Industries, Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); see also *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Adequate assurance of future performance is determined by the existing factual conditions, and the court may look to many factors in determining what is necessary to provide adequate assurance of future performance under section 365(b), including sufficient economic backing, economic conditions, certificates, credit reports, escrow deposits, or other similar forms of security or guarantee. *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981); *In re Belize Airways*, 5 B.R. 152 (Bankr. S.D. Fla. 1980). Courts also look to the operating experience of the proposed assignees. *In re Bygaph, Inc.*, 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986).

20. The Debtors must demonstrate that the potential purchaser has the ability to establish adequate assurance of future performance under the Lease as of the time of the assignment of the Lease. Landlord demands strict proof at any hearing on the proposed assumption and assignment of the Lease as to the Potential Purchaser's ability to provide adequate assurance of future performance as required in accordance with section 365 of the Bankruptcy Code. As a part of the showing of adequate assurance as required by section 365, the Debtors must show specifically, in addition to all other requirements of section 365, that any proposed assignee's "financial condition ... [is] similar to the financial condition... of the debtor... as of the time the debtor became the lessee under the lease." 11 U.S.C. § 365.

21. In order to satisfy the heightened adequate assurance of future performance burden, the Successful Bidder or any proposed assignee of the Leases must provide the following information:

    (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store and any guarantor;

    (ii) a statement setting forth the proposed assignee's intended use for the space;

    (iii) audited (or unaudited, if audited is not available) financial statements and annual reports for the past three (3) years, including all supplements or amendments for the proposed assignee and any guarantors;

    (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the Leases, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the Leases;

    (v) all documents and other evidence of the proposed assignee's retail experience and

      experience operating stores in a shopping center;

 (vi)  the number of retail business the proposed assignee and any guarantor operates and all trade names used;

 (vii)  and a contact person for the proposed assignee District may directly contact in connection with the adequate assurance of future performance information

22. Additionally, all other provisions of Store Number 4772 Lease must be complied with in line with applicable bankruptcy law, including but not limited to the permitted use clause (pursuant to Section 4 of the Lease) and the assignment clause (pursuant to Section 22 of the Lease, which specifically requires District's consent to any assignment of the Lease) and the providing of adequate assurances that future obligations will be met by the tenant under the Store Number 4772 Lease.

23. In addition, the Debtor remains responsible for all accrued or accruing charges under the Lease and must pay such charges when they come due under the Lease. The Debtor must assume the Lease subject to its terms, and must assume all obligations owing under the Lease, including obligations that have accrued but may not yet have been billed under the Lease. Any final assumption or confirmation order should clearly state that the Debtor will assume the Lease obligations and pay them when due, regardless of whether they relate to the period prior to, or after, the assumption.  Furthermore, any provision in an assumption or confirmation order that purports to release the Debtor of further liability based upon a payment of cure amounts, must specify that such release does not apply to obligations to pay accrued or accruing, but unbilled, charges that come due under the Lease.

24. Finally, the Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in

or about the leased Premises. Any assumption of the Lease must be subject to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when any claim arises. Nothing in any assumption or confirmation order should preclude the Landlord from pursuing the Debtor, its insurance, or any other party that may be liable under the ability to assume the Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Lease. The Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

25. Section 365(b)(1)(A) requires that the Debtors promptly cure outstanding balances due under the Lease upon assumption. To the extent there is a dispute over the total cure obligation for the Lease, all undisputed cure amounts should be paid upon the earlier of the assumption of the Lease and the effective date of any confirmed plan of reorganization.

### C. The Debtors are Required to Assume and Assign the Leases in Their Entirety, Including Any and All Obligations Contained Therein, and all District's Rights Under the Leases and Applicable Law Must be Preserved.

26. Any assumption and assignment of the Leases requires the Debtors to assume and assign the Leases in their entirety, including any and all conditions, covenants, monetary and non- monetary obligations and terms contained in the Leases for which the Debtors are responsible. See, e.g., *In re N.Y. Skyline, Inc., 432 B.R. 66, 77* (Bankr. S.D.N.Y. 2010) ("When the debtor assumes the lease . . . it must assume both the benefits and the burdens of the contract. Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party." (quotation omitted)); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) ("When the debtor assumes its unexpired lease . . . it assumes it *cum onere*—the debtor must accept [the] obligations of the executory contract along with the benefits." (citing *Adventure Res., Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir.), *cert. denied*, 525 U.S. 962

(1998))); see also, e.g., *Citibank, N.A. v. Tele/Res., Inc.*, 724 F.2d 266, 269 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor's contract rights, leaving them in full force and effect as to the party charged. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor." (citations omitted)). Further, the Proposed Sale cannot override the parties' contractually bargained for rights under the Lease. See, e.g., *In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (holding that executory contracts are assumed *cum onere*, subject to all their benefits and burdens).

27. Gateway BL Acquisition, LLC or any Successful Bidder must be responsible for satisfying all obligations and charges when due in accordance with the terms of the Lease regardless of when such amounts were incurred. Accordingly, the proposed Sale Order must preserve District's right to payment of these charges and expressly provide that any assignee of the Leases (including, but not limited to, the Purchaser or any Successful Bidder) continues to be responsible for any and all express and implied covenants and obligations under the Leases or related documents or supplements, regardless of when such covenants or obligations arise.

28. Further, District's rights under the Leases and applicable law must survive any Sale. Any acquisition of the Leases free and clear of Liens and claims could presumably result in the impairment of District's setoff and recoupment rights under the Leases and applicable law. District's rights under the Leases (including defenses thereto) cannot be extinguished through the Proposed Sale.

29. Landlord requests that the assumption and assignment of the Lease be conditioned upon Debtors' timely performance of all obligations arising under the Lease before the Lease is

assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code, including, without limitation, the payment in full of rent and additional rent on the first day of each month.

## RESERVATION OF RIGHTS

30. Nothing in this Objection is intended to be, or should be construed as, a waiver by District of any of its rights under the Leases, the Bankruptcy Code, or applicable law. District expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Proposed Cure Amount, adequate assurance of future performance, the Proposed Sale, and any asset purchase agreement; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Leases; (d) assert any rights for indemnification or contribution against the Debtors arising under the Leases; and (e) assert any further objections as it deems necessary or appropriate.

## JOINDER

31. District joins in any objections to the Proposed Sale that are filed by other landlords to the extent they are not inconsistent with this Objection.

WHEREFORE, Landlord respectfully requests that the Court enter an order (i) conditioning the assumption and assignment of the Lease on (a) Debtors or the Proposed Assignee providing adequate assurance of future performance in accordance with section 365(b) of the Bankruptcy Code; and (b) Debtors or the Proposed Assignee promptly paying the cure amount, plus any additional pecuniary losses suffered by Landlord; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: November 14, 2024						Respectfully submitted,

								THE LAW OFFICE OF JAMES TOBIA, LLC

								By:	*James Tobia*
								James Tobia, Esq. (#3798)
								1716 Wawaset Street
								Wilmington, DE 19806
								Tel. (302) 655-5303
								Fax (302) 656-8053
								Email: jtobia@tobialaw.com

									And

								HERRIN LAW, PLLC

								/s/ *Manolo Santiago*
								Manolo Santiago
								(*Motion to be admitted Pro Hac Vice to be filed*)
								Texas State Bar No. 24129258
								12001 N. Central Expressway, Suite 920
								Dallas, TX 75243
								Phone 469.607.8551
								Fax 214.722.0271
								Email msantiago@herrinlaw.com