UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-11967-JKS |
| BIG LOTS, et al. | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |

## MOTION TO ALLOW LATE FILING OF OBJECTION OF
## JEWELL SQUARE, RLLP TO CURE AMOUNT

Jewell Square, RLLP, by and through its counsel, Wadsworth Garber Warner Conrardy, PC, for its Motion to Allow Late Filing of Objection to Cure Amount respectfully states as follows:

### BACKGROUND

1.     The above captioned Debtors each filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code on September 9, 2024.

2.     The restructuring plan in this case is largely a sale process.

3.     Jewell Square and debtor Big Lots Stores – PNS, LLC are parties to a commercial real property lease for the property located at 7777 W Jewell Ave. Lakewood, Colorado (the "Lease").

4.     Jewell Square has been sending pleadings filed in this case and other documents (including correspondence) that it receives to its real estate counsel upon receipt.  Jewell Square was, however, unaware of having received the Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount (the "Notice;" Docket No. 683). A review of Jewell Square's property manager's email files conducted earlier today revealed that, inter alia, the Notice, had gone into her spam folder.

5.     In addition, the Debtors have regularly been in contact with Jewell Square indicating that the Debtors would not assume and assign the Lease unless Jewell Square makes rent concessions on the Lease.  The most recent correspondence was sent by the Debtors to Jewell Square on November 5, 2024 indicating Jewell Square had until November 10, 2024 to determine whether it would make such concessions. *See* Exhibit A.  Other representative correspondence are attached hereto as Exhibit B.

6.      Based upon not having received the Notice and the correspondence the Debtors were sending to Jewell Square, Jewell was under the impression the Lease would not be assumed unless concessions were made by Jewell Square.  Jewell Square is unwilling to make any concessions on the Lease and therefore anticipated the Lease would not be included in the sale process.

7.      Pursuant to the Notice, objections to cure amounts listed in the Notice were due November 6, 2024 (the "Objection Deadline").

8.      On November 7, 2024, Jewell Square filed its Objection to the cure amount with respect to the Lease (the "Cure Objection").

9.      Jewell Square learned of the Objection Deadline when it saw objections to cure were being filed and engaged undersigned counsel.

10.     The hearing on cure objections was set for November 12, 2024. However, on November 7, 2024, the Debtors filed their Amended Notice of Hearing Agenda indicating that the hearing on the cure objections had been continued indefinitely.  On November 8, 2024, the Debtors filed a Second Amended Notice of Hearing Agenda indicating the hearing on November 12, 2024 had been vacated and no matters with respect to the proposed sale would be proceeding.

## ANALYSIS

### I.   *Bankruptcy Rule 9006(b)(1) and the Excusable Neglect Standard*

11.     Bankruptcy Rule 9006(b)(1) provides in pertinent part:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

12.     Thus, the plain language of Bankruptcy Rule 9006(b)(1) requires the filing of a motion showing cause and establishing that the failure to act was the result of excusable neglect.

13.     Neither the Bankruptcy Rules nor the Bankruptcy Code define "excusable neglect." *See e.g., Matter of Lewis*, 93 B.R. 462, 467 (Bankr. S.D. Miss. 1987).  "Rather, it is a flexible concept and has become a term of art, subject to interpretation by the trier of facts and has been defined as: '... the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.'" *Id.* (quoting *In re Manning*, 4

B.C.D. 304, 305 (Bankr.D.Conn. 1978)).

14.     In determining whether "excusable neglect" exists, courts consider the following factors:

> [T]he danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

15.     In determining whether "excusable neglect" exists, courts also consider "whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay). *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005); *In re Conlon*, No. 13-10603, 2013 WL 5230707, at *2 (Bankr. D.R.I. June 17, 2013) (finding excusable neglect where "[c]ounsel's delayed confirmation objection by only a few days was a singular incident in this case."); *In re Gutschow*, 2010 Bankr.LEXIS 1314, at *6 (Bankr.D. Neb. April 19, 2010) (finding excusable neglect despite counsel's oversight because "counsel has not run afoul of other deadlines in this case."); *Perry v. Wolaver*, 2006 U.S. Dist. LEXIS 23234 (D. Me. April 24, 2006) (finding excusable neglect because counsel's oversight in timely filing a response to a motion for summary judgment was an isolated incident).

16.     The burden of proving excusable neglect lies with the late filing party.  *See In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005).

17.      Each of the elements of excusable neglect is satisfied,

### *The Late Filed Objection to Cure was a Single Unintentional Act.*

18.     Jewell Square did not realize that it had received the Notice until a search of the spam folder was conducted earlier today. Based upon the correspondence Jewell Square had received from the Debtors it was under the impression that the Lease would not be assumed or included in the sale process unless Jewell Square made lease concessions.  As set forth in the Exhibit A, Jewell Square had until November 10, 2024, *four days after the objection deadline*, to decide whether to make such concessions.  Jewell Square had already determined that it would not make any concessions.

19.     Thus, Jewell Square had every reason to believe that the Lease would not be assumed as a part of the sale process.  Jewell Square was reasonable in assuming that nothing

would occur with respect to assumption of the Lease prior to November 10, 2024.

20.    Thus, Jewell Square's missing of the Objection Deadline by one day was unintentional.

21.    The late filing was the first time that Jewell Square was late in filing any document in these cases.  Thus, the filing of the Cure Objection by one day after the Objection Deadline was a single unintentional act.

*There is No Danger of Prejudice to the Debtors.*

22.    The Cure Objection was one day late.  The hearing on the cure objections has been postponed indefinitely.  There is nothing proceeding with respect to the sale in the immediate. The Debtors, in their Second Amended Notice of Hearing Agenda (Docket No. 1045) identifies one-hundred and sixty-two objections to the Debtors' asserted cure amounts.  The Second Amended Notice of Hearing Agenda does not include the Cure Objection.  Such a large number of cure objections may be an indication the Debtors were not careful or accurate in the listing of the cure amounts in the Notice.

23.    Whether there are 162 or 163 cure objections will not cause any additional burdens upon the Debtors.  This is particularly true since the hearing on the cure objections has been indefinitely postponed. Further, resolution of the Cure Objection is simple, identify the correct cure amount for Jewell Square.

24.    By contrast, Jewell Square will be prejudiced if the Cure Objection is not heard. The Debtors assert the cure amount is $16,773.77 when the correct cure amount is $44,289.50. It is not news to the Debtors that the $16,773.77 amount is incorrect since Jewell Square had prior communications with Debtors regarding the outstanding balance and that monthly billing statements reflecting Debtor's arrearages were provided on a monthly basis prior to Debtors' bankruptcy filing.

*The Length of Delay*

25.    The length of delay was nominal, one day.

*The Reason for Delay*

**26.**    The reason for the delay is detailed herein.  If there is anyone to blame for the delay, it rests with the confusion the Debtors created with its correspondence with Jewell Square. Jewell Square has acted in good faith. Once it learned of the Objection Deadline it promptly filed its

objection. In addition to serving the Cure Objection via ECF, Jewell Square, through counsel, emailed every service party listed in the Notice at the email address listed in the Notice on November 7, 2024.

## **CONCLUSION**

WHEREFORE Jewell Square respectfully requests that the Court enter an Order, a proposed form is filed herewith, allowing the late filing of the Cure Objection as if it were timely filed and for such other and further relief as the Court deems just.


Dated: November 14, 2024.                      Respectfully submitted,

                                               */s/ Aaron Garber*
                                               Aaron A. Garber DE #3837 (CO # 36099)
                                               **Wadsworth Garber Warner Conrardy, P.C.**
                                               2580 West Main Street, Suite 200
                                               Littleton, CO 80120
                                               Telephone: (303) 296-1999
                                               Telecopy: (303) 296-7600
                                               Email: agarber@wgwc-law.com

**EXHIBIT A**

## Aaron Garber

**From:** Amanda Halstead <ahh@mhzlegal.com>
**Sent:** Friday, November 8, 2024 7:47 AM
**To:** Aaron Garber
**Subject:** Exhibit - Big Lots 4341 Lakewood
**Attachments:** CEO Letter.pdf

**From:** Susan Ciancanelli <susan@agrep.com>
**Sent:** Tuesday, November 5, 2024 8:27 AM
**To:** Blake Kahlich <blake@primesqft.com>
**Subject:** Big Lots 4341 Lakewood

Good morning,

I am aware that you have discussed this lease with my colleague, Allie Graiser, but I wanted to give you an update with regard to the bankruptcy and sale of the company.

Attached is a letter from Bruce Thorn, CEO of Big Lots which I will summarize below.

The bid process and auction are now complete and Nexus is the winner and is filing papers with the court.

Nexus is scheduled to take assignment of leases that they are moving forward with on December 2 or 3. That is a hard deadline that will not be extended.

I also want to let you know that if you have reconsidered your decision now that the sale has gone through, I am more than happy to have another discussion with you.

**I want to make sure that you know that the last day that we can submit any terms for approval is November 10**. After that day, no other terms can be submitted and the Nexus will then make decisions on those locations where there was no assistance. Stores will continue to be added to the close list. If your location is already on a close list, then now is the time to try and save it. I cannot guarantee that it will be saved, but by doing nothing, the going out of business sale will continue and will close.

Again, I urge you to consider assisting at this time and I am more than happy to have a conversation and give you my opinion of what is needed. I would appreciate your final response as soon as possible as we only have approximately one week to come to terms.

Regards,
Sue

**Susan Ciancanelli**
**Sr. Managing Director ǀ A&G Real Estate Partners**
445 Broadhollow Rd, Suite 410
Melville NY 11747
Mobile: 631.626.1127

susan@agrep.com
www.agrep.com



CONFIDENTIAL, PROTECTED AND NON-BINDING STATEMENT: This email and all other electronic communications from A&G Realty Partners, or any of its affiliates and their respective representatives are for informational purposes only and contains information that may be confidential, be protected by the attorney-client or other applicable privileges or constitute non-public information. No such communication is intended by the sender to constitute an electronic signature, electronic record or any agreement by the sender to conduct a transaction by electronic means. The parties do not intend to be bound by this communication or any agreement until both agree to, sign and exchange signature pages to a formal written contract, and neither party may reasonably rely on any promises inconsistent with this paragraph. All pages included in this email are intended for the use of the party to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this email is not the intended recipient, any use, dissemination, distribution or reproduction of this communication is strictly prohibited and may be unlawful. If you have received this message in error, please notify the sender immediately by email reply and please delete this message from your computer and destroy any copies.



Dear Big Lots Landlord,

On September 9, 2024, Big Lots commenced Chapter 11 proceedings to facilitate a sale of the Company. Following the initial announcement, I conducted a call with the Company's landlords to share Big Lots' transformative path forward and introduce you to A&G Real Estate Partners. A&G has been assisting us with our ongoing store-by-store analysis and helping to ensure that we move ahead with the right go-forward footprint. To that end, out of our 1,400 stores, we have already closed or announced to close 550 stores and 2 distribution centers.

Following our call, A&G reached out to you with a proposal regarding our lease with the goal of reaching a mutually agreeable resolution. **Unfortunately, we have not reached agreement and wanted to make you aware that Big Lots' restructuring will soon be ending and certain actions are required.**

### SALE PROCESS CONCLUDING SOON

Recently, we announced that Nexus Capital Management was selected as the winning bidder to acquire Big Lots. As you may recall, when we began the sale and restructuring process, we did so with an offer from Nexus to acquire the Company, noting that Nexus's offer was subject to higher or otherwise better offers from third parties. Upon completing a competitive sale process, we determined that Nexus's bid was ultimately the highest and best bid and we intend to move full speed ahead with the sale to Nexus.

As I previously noted, Nexus is an investment firm with an established track record of partnering with companies and their teams to create long-term value. They have invested in a number of companies across various industries, including consumer-facing companies such as FTD, Toms, Mav Beauty, and Dollar Shave Club. Importantly, the Nexus team recognizes Big Lots' potential and we are thrilled to partner with them as they support us in achieving our mission of returning our iconic brand to its status as America's leading extreme value retailer.

In terms of next steps, we will seek Court approval for the sale at a hearing that is currently scheduled to be held on November 12, and anticipate closing the transaction in early December. Until then, we will continue to operate as we have throughout this process and closely monitor performance in our stores.

### WE NEED YOUR COOPERATION

Given the short timeframe that we have, it is critical for us to be able to consider your lease for assumption and inclusion as part of the go-forward business. As part of this, we are asking for concessions so that our remaining locations can be viable operating stores and we can become a stronger credit tenant to you.

**This is not a wait and see moment, but a time to put your final and best deal on the table**.



As you know, with every retail restructuring, the need for short-term support is critical. Many of our landlords have recognized the difficult choice in front of them between absorbing some financial compromise associated with a lease amendment or losing out on a reliable and strong tenant. Landlords of properties that were on the verge of receiving lease rejections have stepped forward with concessions that have secured our partnership with them on a post-emergence basis.

To ensure that your store location is included in our go-forward plans, your lease amendments will need to be fully executed no later than November 22. **Please reach out to A&G as soon as possible to discuss our path forward**.

Please note that as we await your response, we will continue to implement our store optimization plan and close additional store locations. We are focused on ensuring that we have the right stores in the right locations so that we can be successful and better serve the needs of our customers. Big Lots will run the going-out-of-business sales for those affected stores and A&G will market those leases. To date, over 50 leases have been purchased.

We sincerely hope you will work with us to be part of our future. Thank you very much for your continued support. We look forward to being your tenant for many years to come.

Best,

Bruce Thorn
President & CEO

**EXHIBIT B**

## Aaron Garber

| | |
|---|---|
| **From:** | Amanda Halstead <ahh@mhzlegal.com> |
| **Sent:** | Friday, November 8, 2024 7:50 AM |
| **To:** | Aaron Garber |
| **Subject:** | |
| **Attachments:** | Big Lots Landlord Letter - 4341 (LAKEWOOD, COLORADO).pdf |

**From:** Dwyer, Susan <susan.dwyer@davispolk.com>
**Sent:** Tuesday, October 8, 2024 11:18:56 AM
**To:** Blake Kahlich <blake@primesqft.com>
**Subject:** Big Lots – Correspondence Regarding Lease

To Whom This May Concern – Please find attached a letter from counsel to Big Lots, Inc.

**Davis Polk**

Adam L. Shpeen
+1 212 450 4169
adam.shpeen@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

CONFIDENTIAL

October 7, 2024

Re:   *In re Big Lots, Inc., et al*, Case No. 24-11967 (JKS) (Bankr. D.N.J.)
      Store # 4341

**VIA E-MAIL**:
blake@primesqft.com

To Whom It May Concern:

We represent Big Lots, Inc. and its affiliates (collectively, the "Debtors") in connection with their pending cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors commenced their chapter 11 cases on September 9, 2024 (the "Petition Date"). Pursuant to that certain lease agreement (the "Lease") between one of the Debtors and you (the "Landlord"), the Debtors lease the premises located at 7777 W JEWELL AVE, LAKEWOOD, COLORADO 80232 (the "Premises").

As you may be aware, the Debtors are working with A&G Realty Partners, LLC ("A&G") as their real estate consultant to engage with the Debtors' landlords to, among other things, negotiate the terms of potential go-forward leases in the coming weeks. These negotiations are occurring on an accelerated timeline so that they have been completed in advance of the Debtor's sale of all of their assets to a buyer, which is currently expected to close next month. Rent concessions and other modifications to existing lease terms will be critical in determining whether leases are to be assumed and assigned to the eventual buyer of the Debtors' assets, or rejected.

In the few weeks since the filing of the Debtors' chapter 11 cases, the Debtors have already made progress in right-sizing their store footprint by identifying leases that do not fit into the Company's go-forward operations or where the lease economics make continued operations unprofitable. For example, the Debtors have identified 444 stores where they are conducting store closing sales [Docket Nos. 124-1, 239-1, 424-1], and pursuant to the Debtors' *Motion for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases* [Docket No. 17], the Debtors have already sought to reject 79 leases.

This letter is written to inform you that negotiations between you and A&G to reach agreement with respect to certain modifications to the Lease have, to date, been unsuccessful. The Debtors would like to continue leasing the Premises and to include the Premises in their go-forward business strategy, but absent modifications to the Lease they may not seek to assume and assign to their eventual buyer the Lease or continue operating a store on the Premises. If the Debtors are unable to reach an agreement with you regarding an acceptable Lease amendment, on or before November 1, 2024, the Debtors intend to decide shortly thereafter whether to close their store at the Premises and market the lease for sale.

**In the meantime, we invite you to engage with A&G (specifically Mike Elleman at Melleman@agrep.com) to discuss the Lease.**

[*Remainder of this page intentionally left blank*]

#99195923v1

**DavisPolk**

CONFIDENTIAL

Sincerely,

Adam L. Shpeen

## Aaron Garber

| | |
|---|---|
| **From:** | Amanda Halstead <ahh@mhzlegal.com> |
| **Sent:** | Friday, November 8, 2024 7:52 AM |
| **To:** | Aaron Garber |
| **Subject:** | A&G Intro- Store #4341- Lakewood |

**From:** Mike Elleman <MElleman@agrep.com>
**Sent:** Monday, September 16, 2024 9:07 AM
**To:** Blake Kahlich <blake@primesqft.com>
**Subject:** Re: Big Lots Bankruptcy- A&G Intro- Store #4341- Lakewood

Blake-

My sincere apologies for following up in the midst of your family emergency, but, I need to hear from you or someone in your office in the next day or two. This store is now on a list of stores that will close unless we are able to agree upon acceptable rent concessions. If it closes, the lease will not necessarily be rejected allowing the landlord to recapture the space. The lease will be marketed and potentially sold to another retailer, which may not have good credit or match the merchandising character of your center. I urge you to please have someone get back to me with available times to discuss what needs to be done to save this store.

Thanks,
Mike

*Michael Elleman*
*A&G Real Estate Partners*
*239-298-4220*
www.agrep.com



On Sep 10, 2024, at 1:24 PM, Blake Kahlich <blake@primesqft.com> wrote:

Mike,

I'm out of town on a family emergency, but I forwarded this email to other people in the office. Thank you very much.

Blake Kahlich
Prime Management LLC
1888 Sherman Street, Suite 500
Denver, CO 80203
M 303.319.9079

**From:** Mike Elleman <MElleman@agrep.com>
**Sent:** Tuesday, September 10, 2024 10:17:28 AM
**To:** Blake Kahlich <blake@primesqft.com>
**Subject:** Big Lots Bankruptcy- A&G Intro- Store #4341- Lakewood

Good afternoon, Blake-

I am reaching out to you on behalf of Big Lots following the landlord call.   If you were unable to join the call, the replay information is:

Replay Dial-In: 877-660-6853 / 201-612-7415
**Access ID: 13748793**

It is important for you to listen to the call before we speak.


A&G Real Estate Partners was retained by the company as their real estate advisors and will be working through the negotiations with all the landlords.   Attached is the company proposal in the form of a lease amendment.   As the company is making store closing decisions over the next few weeks it is important that we speak as soon as possible. Please let me know a few windows of time you have available to speak this week.

I look forward to connecting and working with you on this matter in which time is of the essence. If you are not the correct contact, I would appreciate you pointing me in the right direction.

Thanks,

Mike

*Michael Elleman*
*A&G Real Estate Partners*
*239-298-4220*
www.agrep.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                          )
                                                )        Case No. 24-11967-JKS
BIG LOTS, et al.                                )
                                                )        Chapter 11
        Debtors.                                )
                                                ) Objections due by: November 28, 2024
                                                ) Hearing date: December 19, 2024 at 2:00 p.m.

**NOTICE OF MOTION TO ALLOW LATE FILING OF OBJECTION OF
JEWELL SQUARE, RLLP TO CURE AMOUNT**

TO: Attached Service List

        Jewell Square, RLLP have filed a Motion to Allow Late Filing of Objection of Jewell
Square, RLLP which seeks the following relief: The movants seek to transfer the venue of this
case from Delaware to Colorado.

        You are required to file a response to the attached motion on or before **NOVEMBER 28,
2024**. If the Motion is a Motion filed pursuant to Local Rule 9013-1, responses may be presented
orally at the hearing.

        At the same time, you must also serve a copy of the response upon movant's attorney:

                Aaron A. Garber
                Wadsworth Garber Warner Conrardy, P.C.
                2580 West Main Street, Suite 200
                Littleton, CO 80120
                Telephone: (303) 296-1999
                Telecopy: (303) 296-7600
                Email: agarber@wgwc-law.com

        HEARING ON THE MOTION WILL BE HELD ON IF YOU FAIL TO RESPOND IN
ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF

DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING

DATED: November 14, 2024   Respectfully submitted,

          By: /s/ Aaron A. Garber
            Aaron A. Garber (Colorado Bar No. 36099;
            Delaware Bar No. 3837)
            **Wadsworth Garber Warner Conrardy, P.C.**
            2580 West Main Street, Suite 200
            Littleton, CO 80120
            Telephone: (303) 296-1999
            Telecopy: (303) 296-7600
            Email: agarber@wgwc-law.com

**CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on November 14, 2024, I served by ECF a copy of the **MOTION TO ALLOW LATE FILING OF OBJECTION OF JEWELL SQUARE, RLLP TO CURE AMOUNT, notice, and order** on all parties against whom relief is sought and those otherwise set forth below:

Justin R. Alberto    jalberto@coleschotz.com, pratkowiak@coleschotz.com;jford@coleschotz.com;bankruptcy@coleschotz.com;lmorton@coleschotz.com
Elihu Ezekiel Allinson, III    ZAllinson@SHA-LLC.com, ecf@williamdsullivanllc.com;hcoleman@sha-llc.com
Scott Andron    sandron@broward.org, swulfekuhle@broward.org
Tara B. Annweiler    tannweiler@greerherz.com
Todd Allan Atkinson    todd.atkinson@wbd-us.com, heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com
Matthew P. Austria    maustria@austriallc.com
Scott A Bachert    sbachert@kerricklaw.com
Judah S. Balasiano    judah@balasianolaw.com
Steven Balasiano    Steven@BalasianoLaw.com
Elizabeth Banda Calvo    ebcalvo@pbfcm.com, ebcalvo@pbfcm.com;ebcalvo@ecf.inforuptcy.com
Joseph Charles Barsalona II    jbarsalona@pashmanstein.com, joseph--barsalona-5332@ecf.pacerpro.com
Ryan Walter Beall    rbeall@go2.law
Karen C. Bifferato    kbifferato@connollygallagher.com
Ryan J Bird    rbird@gilbertbirdlaw.com, rbird@gilbertbirdlaw.com
Wanda Borges    ecfcases@borgeslawllc.com
Bartley P Bourgeois    bartley@thecohnlawfirm.com
Morton R. Branzburg    mbranzburg@klehr.com, jtaylor@klehr.com
Joshua Brooks    brooks@lrclaw.com, ramirez@lrclaw.com;huynh@lrclaw.com;hitchens@lrclaw.com;ford@lrclaw.com
Kimberly A. Brown    brown@lrclaw.com, ramirez@lrclaw.com;huynh@lrclaw.com;hitchens@lrclaw.com;Ford@lrclaw.com
William J. Burnett    william.burnett@flastergreenberg.com, william.burnett@ecf.inforuptcy.com;nicole.pettit@flastergreenberg.com
Michael G. Busenkell    mbusenkell@gsbblaw.com
Daniel B. Butz    dbutz@mnat.com, rebecca-weidman-3578@ecf.pacerpro.com;jlawrence@morrisnichols.com;john-lawrence-0804@ecf.pacerpro.com
Kevin M. Capuzzi    kcapuzzi@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
Jeffrey M. Carbino    jcarbinolaw@outlook.com, jeffreycarbino@gmail.com;jeffrey-carbino-7516@ecf.pacerpro.com;nmeyers@leechtishman.com
Paul W. Carey    pcarey@mirickoconnell.com
Candace C Carlyon    ccarlyon@carlyoncica.com, crobertson@carlyoncica.com;nrodriguez@carlyoncica.com

James S. Carr     KDWBankruptcyDepartment@kelleydrye.com,
MVicinanza@ecf.inforuptcy.com;bankcourt15@KelleyDrye.com
Jeffery D. Carruth     jcarruth@wkpz.com,
jcarruth@aol.com;ATTY_CARRUTH@trustesolutions.com;jcarruth@ecf.courtdrive.com
Linda J. Casey     Linda.Casey@usdoj.gov
David S. Catuogno     david.catuogno@klgates.com
Siena Cerra     scerra@morrisjames.com, slisko@morrisjames.com;ddepta@morrisjames.com
William E. Chipman     chipman@chipmanbrown.com,
fusco@chipmanbrown.com;dero@chipmanbrown.com
Wayne M Chiurazzi     wchiurazzi@the-attorneys.com
Shawn M. Christianson     schristianson@buchalter.com, cmcintire@buchalter.com
Howard A. Cohen     hcohen@foxrothschild.com,
msteen@foxrothschild.com,rsolomon@foxrothschild.com
Marcus O Colabianchi     mcolabianchi@duanemorris.com
Shannah L. Colbert     scolbert@mirickoconnell.com
Kevin G. Collins     kevin.collins@btlaw.com, klytle@btlaw.com
Mark D. Collins     rbgroup@rlf.com;ann-jerominski-2390@ecf.pacerpro.com
David H. Conaway     dconaway@shumaker.com
Mark B. Conlan     mconlan@gibbonslaw.com, nmitchell@gibbonslaw.com
Scott D. Cousins     scott.cousins@lewisbrisbois.com, aran.heining@lewisbrisbois.com
Michael David DeBaecke     mdebaecke@ashbygeddes.com,
kjones@ashbygeddes.com;adellose@ashbygeddes.com;DKosloske@ashbygeddes.com
Rocco Ignatius Debitetto     ridebitetto@hahnlaw.com,
hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
Robert J. Dehney     rdehney@morrisnichols.com, robert-dehney-
4464@ecf.pacerpro.com;rebecca-weidman-
3578@ecf.pacerpro.com;jlawrence@morrisnichols.com;john-lawrence-0804@ecf.pacerpro.com
Michael Vincent DiPietro     mdipietro@polsinelli.com,
lsuprum@polsinelli.com;delawaredocketing@polsinelli.com
Monique Bair DiSabatino     monique.disabatino@saul.com, robyn.warren@saul.com
R. Grant Dick     gdick@coochtaylor.com, gdick@ecf.courtdrive.com
Gregory T. Donilon     gdonilon@mmwr.com, gregory-donilon-6537@ecf.pacerpro.com
Christopher M. Donnelly     cdonnelly@morrisjames.com,
ddepta@morrisjames.com;slisko@morrisjames.com
Jennifer V. Doran     jdoran@hinckleyallen.com, calirm@haslaw.com
Amish R. Doshi     amish@doshilegal.com
James Drew     jdrew@otterbourg.com, awilliams@otterbourg.com
Mark Iver Duedall     mduedall@bakerdonelson.com
Katharina Earle     kearle@gibbonslaw.com, nmitchell@gibbonslaw.com
Jamie Lynne Edmonson     jedmonson@rc.com, lshaw@rc.com
William Ehrlich     william@ehrlichlawfirm.com
Michael Seth Etkin     metkin@lowenstein.com
Justin Cory Falgowski     jfalgowski@burr.com
Turner Falk     turner.falk@saul.com, tnfalk@recap.email
William P. Fennell     william.fennell@fennelllaw.com,
wpf@ecf.courtdrive.com;hala.hammi@fennelllaw.com;brendan.bargmann@fennelllaw.com;sam

antha.larimer@fennelllaw.com;naomi.cwalinski@fennelllaw.com
Niclas A. Ferland    nferland@barclaydamon.com
Benjamin Finestone    benjaminfinestone@quinnemanuel.com
Brian T. FitzGerald    fitzgeraldb@hillsboroughcounty.org,
connorsa@hillsboroughcounty.org;stroupj@hillsboroughcounty.org
Gregory Joseph Flasser    gflasser@potteranderson.com,
kmccloskey@potteranderson.com;lhuber@potteranderson.com;tmistretta@potteranderson.com
Scott L. Fleischer    sfleischer@barclaydamon.com, scott-fleischer-2734@ecf.pacerpro.com
Thomas Joseph Francella    TFrancella@raineslaw.com, thomas-francella-
6506@ecf.pacerpro.com;thomas-francella-jr-0613@ecf.pacerpro.com;sshidner@raineslaw.com
Joseph D. Frank    jfrank@fgllp.com, csmith@fgllp.com;csucic@fgllp.com
Simon E. Fraser    sfraser@cozen.com, simon-fraser-1269@ecf.pacerpro.com
Brian C. Free    brian.free@hcmp.com
Terri Jane Freedman    tfreedman@csglaw.com
Nicole M. Fulfree    nfulfree@lowenstein.com
David W. Gaffey    dgaffey@whitefordlaw.com
Alexis R. Gambale    agambale@pashmanstein.com, lsalcedo@pashmanstein.com
Craig Solomon Ganz    ganzc@ballardspahr.com,
PHXDocketingbkr@ballardspahr.com;PHXLitLAAs@ballardspahr.com
Aaron A. Garber    agarber@wgwc-law.com, ngarber@wgwc-
law.com,8931566420@filings.docketbird.com
Ronald S. Gellert    rgellert@gsbblaw.com
Edmond M George    edmond.george@obermayer.com
Stephen B Gerald    sgerald@tydings.com,
trogers@whitefordlaw.com;clano@whitefordlaw.com
Matthew B. Goeller    matthew.goeller@klgates.com, alyssa.domorod@klgates.com
Ronald E Gold    rgold@fbtlaw.com,
awebb@fbtlaw.com;eseverini@fbtlaw.com;jkleisinger@fbtlaw.com;dgharkhany@fbtlaw.com
Jeffrey Ian Golden    jgolden@go2.law
Eric S. Goldstein    egoldstein@goodwin.com,
bankruptcyparalegal@goodwin.com;bankruptcy@goodwin.com
Alberto F. Gomez    al@jpfirm.com
Michael I. Gottfried    MGottfried@elkinskalt.com,
cavila@elkinskalt.com;lwageman@elkinskalt.com;1648609420@filings.docketbird.com;tpariza
d@elkinskalt.com
Geoffrey G. Grivner    geoffrey.grivner@bipc.com,
sherry.fornwalt@bipc.com;donna.curcio@bipc.com;mark.pfeiffer@bipc.com;eservice@bipc.co
m;joseph.roadarmel@bipc.com
Karen M. Grivner    kgrivner@clarkhill.com, kwebster@clarkhill.com
Tara L. Grundemeier    houston_bankruptcy@lgbs.com
Hiram Abif Gutierrez    edinburgbankruptcy@pbfcm.com
Emily Margaret Hahn    ehahn@abernathy-law.com
William A. Hazeltine    whazeltine@sha-llc.com
Leslie C. Heilman    heilmanl@ballardspahr.com, friedmanm@ballardspahr.com
Gregory G. Hesse    ghesse@huntonak.com, crankin@huntonak.com;creeves@huntonak.com
R. Karl Hill    khill@svglaw.com, csnyder@svglaw.com;cwalters@svglaw.com

Adam Hiller    ahiller@adamhillerlaw.com
John Turner Holt    jtholt@alexandervann.com
James E. Huggett    jhuggett@margolisedelstein.com,
tyeager@margolisedelstein.com;csmith@margolisedelstein.com;Miller.GeorgetteR50524@notif
y.bestcase.com;SmithCR50524@notify.bestcase.com
Shannon Dougherty Humiston    shumiston@mccarter.com
Joseph H. Huston    jhh@stevenslee.com
Ericka Fredricks Johnson    ejohnson@bayardlaw.com,
rhudson@bayardlaw.com;ccampbell@bayardlaw.com
Michael Joseph Joyce    mjoyce@mjlawoffices.com
Eve Helen Karasik    ehk@lnbyb.com
Shanti M. Katona    skatona@polsinelli.com,
LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
Susan E. Kaufman    skaufman@skaufmanlaw.com
Brya Michele Keilson    bkeilson@morrisjames.com,
ddepta@morrisjames.com;slisko@morrisjames.com
Regina S. Kelbon    kelbon@blankrome.com
Daniel C. Kerrick    dckerrick@dkhogan.com, bankruptcy@gmlaw.com
Jamie Kirk    bk-jkirk@texasattorneygeneral.gov
David M. Klauder    dklauder@bk-legal.com, DE17@ecfcbis.com
Jeremy C. Kleinman    jkleinman@fgllp.com, csucic@fgllp.com;csmith@fgllp.com
John Henry Knight    knight@rlf.com, RBGroup@RLF.com;ann-jerominski-
2390@ecf.pacerpro.com
David J. Kozlowski    dkozlowski@gmail.com, autodocket@morrisoncohen.com
Kroll Restructuring Administration LLC    info@ra.kroll.com
Carl N. Kunz    ckunz@morrisjames.com, ddepta@morrisjames.com;slisko@morrisjames.com
Jeffrey Kurtzman    kurtzman@kurtzmansteady.com
Jeffrey S Kwong    jsk@lnbyg.com
Nina M. LaFleur    nina@lafleurlaw.com
Jacob S Lang    jslang@choate.com
David Lapa    david@melalaw.com,
office@melalaw.com;pallavi.bhave@melalaw.com;chezki@melalaw.com
Robert L.
LeHane    KDWBankruptcyDepartment@kelleydrye.com;MVicinanza@ecf.inforuptcy.com;jch
urchill@kelleydrye.com
Raymond Howard Lemisch    rlemisch@klehr.com
Joseph H Lemkin    jlemkin@stark-stark.com
Andrew Lennox    alennox@lennoxlaw.com
Scott J. Leonhardt    scott.leonhardt@esbrook.com, scott.leonhardt@esbrook.com
William J. Levant    wlevant@kaplaw.com
Peter C. Lewis    peter.lewis@solidcounsel.com
Zhao Liu    liu@teamrosner.com,
wang@teamrosner.com,dong@teamrosner.com,chen@teamrosner.com
Edward LoBello    elobello@bsk.com,
elobello@bsk.com;kdoner@bsk.com;CourtMail@bsk.com
Christopher Dean Loizides    loizides@loizides.com

Kevin J. Mangan     kevin.mangan@wbd-us.com, Heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com;Rachel.metzger@wbd-us.com;nichole.wilcher@wbd-us.com

Kevin Scott Mann     kmann@crosslaw.com, smacdonald@crosslaw.com

Jonathan D. Marshall     jmarshall@choate.com

R. Craig Martin     craig.martin@dlapiper.com, carolyn.fox@dlapiper.com;DLAPiper@ecfxmail.com

J. Michael McCague     jmm@gmwpclaw.com

Daniel J. McCarthy     dmccarthy@hillfarrer.com

James McClammy     james.mcclammy@davispolk.com, ecf.ct.papers@davispolk.com

Laura L. McCloud     agbankdelaware@ag.tn.gov

Garvan F. McDaniel     gfmcdaniel@dkhogan.com, gdurstein@dkhogan.com

Kyle P. McEvilly     kmcevilly@gibbonslaw.com

Drew McGehrin     dsmcgehrin@duanemorris.com

Brian J. McLaughlin     brian.mclaughlin@offitkurman.com, Emily.Rodriguez@offitkurman.com

Jennifer McLain McLemore     jmclemore@williamsmullen.com, avaughn@williamsmullen.com;sbeaulieu@williamsmullen.com

Dennis A. Meloro     melorod@gtlaw.com, bankruptcydel@gtlaw.com;melorod@gtlaw.com;dennis-meloro-3182@ecf.pacerpro.com

Michael G. Menkowitz     mmenkowitz@foxrothschild.com, brian-oneill-fox-5537@ecf.pacerpro.com;rsolomon@foxrothschild.com

Rachel B. Mersky     rmersky@monlaw.com

Craig Thomas Mierzwa     cmierzwa@simonattys.com

Angela Z. Miller     amiller@phillipslytle.com, sreiner@phillipslytle.com

Mark Minuti     mark.minuti@saul.com, robyn.warren@saul.com

Timothy T Mitchell     dkrm@aol.com, donna@rashtiandmitchell.com

Byron Z Moldo     bmoldo@ecjlaw.com, aantonio@ecjlaw.com;dperez@ecjlaw.com

James P. Moloy     jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com

Laura J. Monroe     lmbkr@pbfcm.com, krobertson@ecf.inforuptcy.com

Kevin H Morse     kmorse@clarkhill.com

Michael D. Mueller     mmueller@williamsmullen.com, avaughn@williamsmullen.com

Lucian Borders Murley     luke.murley@saul.com, robyn.warren@saul.com

Tara E Nauful     tara@bestlawsc.com

Kevin M. Newman     knewman@barclaydamon.com, kmnbk@barclaydamon.com

Stacy L. Newman     snewman@coleschotz.com, pratkowiak@coleschotz.com;lmorton@coleschotz.com;bankruptcy@coleschotz.com

Seth A. Niederman     sniederman@foxrothschild.com, msteen@foxrothschild.com;r59257@notify.bestcase.com

Mark D. Olivere     olivere@chipmanbrown.com, fusco@chipmanbrown.com;dero@chipmanbrown.com

Thomas Onder     tonder@stark-stark.com, ereid@stark-stark.com

Michael A. Paasch     michael.paasch@dinsmore.com

Domenic E. Pacitti     dpacitti@klehr.com

Carl Palomino     attorneycarlpalomino@gmail.com

Julie Anne Parsons     jparsons@mvbalaw.com,

kalexander@mvbalaw.com;julie.parsons@ecf.courtdrive.com
Raymond M. Patella     rpatella@lawjw.com
Kristhy M. Peguero     kpeguero@jw.com, kgradney@jw.com;dtrevino@jw.com
William Walt Pettit     walt.pettit@hutchenslawfirm.com
Dana S. Plon     dplon@sirlinlaw.com
David P. Primack     dprimack@mgmlaw.com, scarney@mdmc-law.com
Echo Yi Qian     eqian@morrisnichols.com
Dean George Rallis     drallis@hahnlawyers.com,
jevans@hahnlawyers.com;drallis@ecf.courtdrive.com;jevans@ecf.courtdrive.com
Timothy M. Reardon     treardon@brouse.com
Reliable Companies     gmatthews@reliable-co.com
Andrew R. Remming     aremming@mnat.com, andrew-remming-
0904@ecf.pacerpro.com;rebecca-weidman-
3578@ecf.pacerpro.com;jlawrence@morrisnichols.com;john-lawrence-0804@ecf.pacerpro.com
Jeffrey Rhodes     jrhodes@tlclawfirm.com
John Jeffery Rich     jrich@madisoncountyal.gov
Richard W. Riley     rriley@wtplaw.com, clano@wtplaw.com
Colin R. Robinson     crobinson@pszjlaw.com
Beth E Rogers     Brogers@berlawoffice.com
Sophie Rogers Churchill     srchurchill@morrisnichols.com, rebecca-weidman-
3578@ecf.pacerpro.com;john-lawrence-0804@ecf.pacerpro.com;jlawrence@morrisnichols.com
Laurel D. Roglen     roglenl@ballardspahr.com, carbonej@ballardspahr.com
Alan Michael Root     root@chipmanbrown.com,
aroot51@hotmail.com;fusco@chipmanbrown.com;dero@chipmanbrown.com
Frederick Brian Rosner     rosner@teamrosner.com,
chen@teamrosner.com,dong@teamrosner.com,wang@teamrosner.com
Sommer Leigh Ross     slross@duanemorris.com, AutoDocketWILM@duanemorris.com
Jeffrey C. Roth     jeff@rothandscholl.com
Richard A Rozanski     richard@rarlaw.net
LESLIE B. SPOLTORE     leslie.spoltore@obermayer.com,
helen.belair@obermayer.com,coleen.schmidt@obermayer.com,michael.vagnoni@obermayer.co
m,lucille.acello@obermayer.com
Diane W. Sanders     austin.bankruptcy@publicans.com
Joseph E. Sarachek     joe@saracheklawfirm.com,
jon@saracheklawfirm.com;paul@saracheklawfirm.com
Casey Sawyer     csawyer@morrisnichols.com, casey-sawyer-8914@ecf.pacerpro.com;rebecca-
weidman-3578@ecf.pacerpro.com;john-lawrence-
0804@ecf.pacerpro.com;jlawrence@morrisnichols.com
Erin Powers Severini     eseverini@fbtlaw.com
Michelle E. Shriro     mshriro@singerlevick.com, scotton@singerlevick.com
Eric J Silver     esilver@stearnsweaver.com
Chad B. Simon     csimon@otterbourg.com
Christopher Page Simon     csimon@crosslaw.com, smacdonald@crosslaw.com
David E. Sklar     dsklar@pashmanstein.com
Steven J. Solomon     steven.solomon@gray-robinson.com, ana.marmanillo@gray-robinson.com
Stephen W. Spence     sws@bmbde.com, sumspence@gmail.com

Barbara Spiegel    barbara.spiegel@doj.ca.gov
Charles S. Stahl    cstahl@smbtrials.com
Jason A. Starks    BKECF@traviscountytx.gov
Don Stecker    don.stecker@lgbs.com
Benjamin Joseph Steele    ecf@primeclerk.com
Jason V. Stitt    jstitt@kmklaw.com
Sabrina L. Streusand    streusand@slollp.com, prentice@slollp.com
Aaron H. Stulman    astulman@potteranderson.com,
lhuber@potteranderson.com;bankruptcy@potteranderson.com;kmccloskey@potteranderson.com
;tmistretta@potteranderson.com
Brian A. Sullivan    bsullivan@werbsullivan.com, hbelair@werbsullivan.com
William D. Sullivan    wdsecfnotices@sha-llc.com
Steven L Taggart    staggart@olsentaggart.com
Damien Nicholas Tancredi    damien.tancredi@flastergreenberg.com,
damien.tancredi@ecf.inforuptcy.com;jennifer.vagnozzi@flastergreenberg.com;krystall.hasker@f
lastergreenberg.com
Lisa Bittle Tancredi    lisa.tancredi@wbd-us.com, cindy.giobbe@wbd-
us.com;nichole.wilcher@wbd-us.com
Stanley B. Tarr    stanley.tarr@blankrome.com
Gregory A. Taylor    gtaylor@ashbygeddes.com,
kjones@ashbygeddes.com;adellose@ashbygeddes.com;DKosloske@ashbygeddes.com
William F. Taylor    wtaylor@whitefordlaw.com, clano@whitefordlaw.com
Jeffrey Thomas Testa    jtesta@mccarter.com, lrestivo@mccarter.com
James Tobia    tobijam@comcast.net;bankserve@tobialaw.com
Gordon J. Toering    gtoering@wnj.com
John Kendrick Turner    john.turner@lgbs.com, Dora.Casiano-
Perez@lgbs.com;Dallas.Bankruptcy@lgbs.com
John M Turner    jmt@tmsdlaw.com
U.S. Trustee    USTPRegion03.WL.ECF@USDOJ.GOV
Melissa E. Valdez    mvaldez@pbfcm.com,
mvaldez@ecf.courtdrive.com;arandermann@pbfcm.com
Lyndel Anne Vargas    LVargas@chfirm.com,
chps.ecfnotices@gmail.com;chps.ecfnotices@ecf.courtdrive.com
Sally E. Veghte    sveghte@klehr.com
John Ventola    jventola@choate.com
Margaret A. Vesper    vesperm@ballardspahr.com
Steven Walsh    SWalsh@beneschlaw.com,
docket2@beneschlaw.com;lmolinaro@beneschlaw.com
Christopher A. Ward    cward@polsinelli.com,
LSuprum@Polsinelli.com;delawaredocketing@polsinelli.com
Matthew P. Ward    matthew.ward@wbd-us.com, Heidi.sasso@wbd-
us.com;cindy.giobbe@wbd-us.com;nichole.wilcher@wbd-us.com
Stephanie Slater Ward    sslater@foxrothschild.com
Jeffrey R. Waxman    jwaxman@morrisjames.com,
ddepta@morrisjames.com;slisko@morrisjames.com
John R. Weaver    jrweaverlaw@verizon.net, DCrivaro@stark-stark.com;DMisener@stark-

stark.com
A.J. Webb    awebb@fbtlaw.com, awebb@ecf.courtdrive.com
John W. Weiss    jweiss@pashmanstein.com
Jennifer Wertz    jwertz@jw.com, kgradney@jw.com;dtrevino@jw.com;steso@jw.com
Jordan Williams    jordan.williams@blankrome.com
Samuel C. Wisotzkey    swisotzkey@kmksc.com, kmksc@kmksc.com
Scott Alan Zuber    szuber@csglaw.com, ecf@csglaw.com
Richard Zucker    rzucker@lasserhochman.com


Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M.
Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq., and
Ethan Stern, Esq. (notice.biglots@davispolk.com) and (z) Morris, Nichols, Arsht & Tunnell
LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr.,
Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B.
Sawyer, Esq. (biglots.mnat@morrisnichols.com), (2) counsel to the ABL Agent, (y) Choate, Hall
& Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq.
(jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com) and (z) Blank
Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango
Kelbon, Esq. (regina.kelbon@blankrome.com) and Stanley Tarr, Esq.
(stanley.tarr@blankrome.com), (3) counsel to the Term Agent, (y) Otterbourg P.C., 230 Park
Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq. (CSimon@otterbourg.com), James
V. Drew, Esq. (JDrew@otterbourg.com), and Sarah L. Hautzinger, Esq.
(shautzinger@otterbourg.com)
and (z) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John
H. Knight, Esq. (knight@rlf.com), (4) proposed counsel to the Committee, (y) McDermott Will
& Emery LLP, One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman, Esq.
(dazman@mwe.com) and Kristin G. Going, Esq. (kgoing@mwe.com), and (z) Cole Schotz P.C.,
500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq.
(jalberto@coleschotz.com) and Stacy L. Newman, Esq. (snewman@coleschotz.com), (5) counsel
to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New
York 10022, Attn: Christopher Marcus, P.C. (cmarcus@kirkland.com), Douglas A. Ryder, P.C.
(douglas.ryder@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com), and
(6) the U.S. Trustee, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35,
Wilmington, Delaware 19801. Attn: Linda J. Casey (linda.casey@usdoj.gov)


By: */s/ Nichole Garber*
    For Wadsworth, Garber, Warner Conrardy, P.C.