## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| BIG LOTS, INC., *et al.*,[1] | : Case No. 24-11967 (JKS) (Jointly Administered) |
| | : |
| | : **Hearing Date: Dec. 12, 2024 at 2:00 p.m.** |
| Debtors. | : **Objection Deadline: Nov. 29, 2024 at 4:00 pm** |

### APPLICATION OF GOVIND DAYAMA D/B/A NANDINI TEXTILE FOR AN ORDER COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE

Govind Dayama d/b/a Nandini Textile ("**Nandini**"), a creditor in the above-captioned, jointly-administered bankruptcy proceeding, by and through its undersigned counsel, applies (the "**Application**") to this Honorable Court to enter an order compelling the Debtors to pay for certain goods received by AVDC, LLC, Durant DC, LLC, Closeout Distribution, LLC, CSC Distribution, LLC and Big Lots Stores, LLC (collectively, the "**Purchasers**") post-petition (and removed from port without Nandini's authorization), and in support thereof, respectfully represents as follows:

### PRELIMINARY STATEMENT[2]

1.  After the Petition Date, the Debtors received Post-Petition Goods from Nandini totaling $66,860.64. On information and belief, the Debtors have or will use the Post-Petition Goods as merchandise in their stores. Thus, the cost of the Post-Petition Goods is necessary to preserve the value of the Debtors' estate. To date, however, the Debtors have failed to remit the

---

[1] The debtors and debtors in possession (collectively, the "**Debtors**") in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] All capitalized terms used but not otherwise defined herein shall have the same meaning as ascribed to them *infra*.

cost of these goods to Nandini. Accordingly, Nandini moves for immediate payment of the Post-Petition Goods.

## JURISDICTION

2.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Sections 105, 503(a), 503(b)(1), and 507(a)(2) of the Bankruptcy Code.

3.  Pursuant to Local Rule 9013-1(f), Nandini consents to the entry of a final judgement or order.

## BACKGROUND

4.  On September 9, 2024 ("**Petition Date**") each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

5.  The Debtors' Cases are being jointly administered under case number 24-11967 (JKS). Doc. No. 95.

6.  On the dates shown below, Purchasers issued the following five Purchase Orders (collectively, the "**POs**") to Nandini:

| Debtor | PO Number | Date of PO | Total Amount |
|---|---|---|---|
| AVDC, LLC | 95378880 | 05/13/2024 | $ 12,296.16 |
| CSC Distribution, LLC | 95378881 | 05/13/2024 | $ 13,113.36 |
| Closeout Distribution, LLC | 95378882 | 05/13/2024 | $ 15,224.40 |
| Durant DC, LLC | 95378883 | 05/13/2024 | $ 11,529.36 |
| Big Lots Stores, LLC | 95378884 | 05/13/2024 | $ 14,697.36 |
|  |  |  |  |
|  |  | **TOTAL** | **$ 66,860.64** |

7.  Copies of the POs are attached as **Exhibit "A"**.

2

8.      The goods listed on the POs (the "**Post-Petition Goods**") were received in the United States post-petition, were removed from the port by Purchasers or their agents and were then (upon information and belief) delivered to Purchasers' distribution center without Nandini's authorization, and without payment (as required by the terms of the agreement between the parties).  Invoices for the Post-Petition Goods are attached as **Exhibit "B"**.  One invoice was issued for each PO, as follows:

| Debtor | PO Number | Invoice Number | Date of Invoice | Total Amount |
|---|---|---|---|---|
| AVDC, LLC | 95378880 | NT/24-25/1125 | 07/12/24 | $ 12,296.16 |
| CSC Distribution, LLC | 95378881 | NT/24-25/1132 | 07/29/24 | $ 13,113.36 |
| Closeout Distribution, LLC | 95378882 | NT/24-25/1133 | 07/29/24 | $ 15,224.40 |
| Durant DC, LLC | 95378883 | NT/24-25/1124 | 07/12/24 | $ 11,529.36 |
| Big Lots Stores, LLC | 95378884 | NT/24-25/1134 | 07/29/24 | $ 14,697.36 |
|  |  |  |  |  |
|  |  |  | **TOTAL** | **$ 66,860.64** |

9.      All of the Post-Petition Goods were shipped to the United States on July 13, 2024, and July 30, 2024, well before the Petition Date.  True and correct copies of the Indian Customs EDI System forms attached hereto as **Exhibit "C"**.

10.     After Nandini discovered that the Debtors had filed for bankruptcy, it attempted to stop the shipment and recover the Post-Petition Goods before they were delivered to Big Lots.  A true and correct copy of the correspondence from Nandini to Yusen Logistics is attached as **Exhibit "D"**.

11.     On information and belief, the Post-Petition Goods were received in the United States after the Petition Date.

12.     To date, Purchasers have failed to pay any portion of the amount due for the Post-Petition Goods.

**RELIEF REQUESTED**

13. Nandini respectfully requests that the Court enter an order compelling payment in full for the Post-Petition Goods by a date certain.

**BASIS FOR RELIEF REQUESTED**

A. **NANDINI IS ENTITLED TO PAYMENT FOR THE POST-PETITION GOODS**

14. First, timely performance of all Post-Petition obligations is required by the Bankruptcy Code.

15. Second, the balance due on the Post-Petition Goods should be treated as an administrative claim. 11 U.S.C. § 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, actual, necessary costs and expenses of preserving the bankruptcy estate. "[W]hen third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir., 2010) (internal citations omitted, second modification in original).

16. When goods are delivered to and accepted by a Debtor-in-Possession post-petition, payment of the amount due for those goods is entitled to treatment as an administrative expense, even if they were ordered pre-petition. *In re: Bluestem Brands, Inc.*, 71 Bankr. Ct. Dec 145; 2021 WL 3174911 (Bankr. D. Del., July 27, 2021); *In re Christmas Tree Shops, LLC*, Case No. 23-10576 (TMH), Doc. No. 257 (Bankr. D. Del., June 12, 2023).

17. It is well settled that the decision whether to order payment of § 503(b)(1) administrative claims is within the sound discretion of this Honorable Court. *See*, *e.g.*, *In re HQ Global Holdings, Inc.*, 282 B.R. 169, at 173 (Bankr. D. Del., 2002).

18. The Debtors received the Post-Petition Goods after the Petition Date. On information and belief, the Debtors will sell or have already started to sell the Post-Petition Goods at their retail stores. Accordingly, the cost of the Post-Petition Goods is an actual, necessary expense of preserving the Debtors' estates that must be immediately paid.

## NOTICE

19. Notice of this Motion is being provided to: (i) the Debtors; (ii) counsel to the Debtors; (iii) the Office of the United States Trustee; (iv) counsel to the official committee of unsecured creditors; and (v) all parties requesting notice in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of relief requested herein, Nandini respectfully submits that no other or further notice is necessary.

## CONCLUSION

For the foregoing reasons, Nandini respectfully requests that this Court grant the Motion and such other and further relief as is just and proper.

Dated: November 15, 2024  
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Shannon D. Humiston*  
Kate Roggio Buck (No. 5140)  
Shannon D. Humiston (No. 5740)  
Renaissance Centre  
405 N. King Street, 8th Floor  
Wilmington, DE 19801  
Telephone: (302) 984-6300  
Facsimile: (302) 984-6399  
kbuck@mccarter.com  
shumiston@mccarter.com  

*Attorneys for Nandini Textiles, Ltd.*