IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BIG LOTS, INC., *et al.*,<br>　　Debtors. | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Re: D.I. 548** |

**DECLARATION OF DISINTERESTEDNESS OF JORGE GUTIERREZ
IN SUPPORT OF EMPLOYMENT OF GIBBS & BRUNS LLP
AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Jorge Guttierrez declares and says:

1. I am a partner of Gibbs & Bruns, LLP, located at 1100 Louisiana St., Suite 5300, Houston, TX 77002 (the "**Firm**"). The Firm is a legal services firm.

2. Debtors have requested that the Firm provide legal services to Debtor Big Lots Stores Inc., and the Firm has consented to provide those services.[1]

3. The Firm provides legal services to Big Lots Stores Inc. pursuant to the terms of its pre-existing Contingent Fee Engagement Agreement, under which the Firm will charge Big Lots Stores Inc. a contingency fee on any recovery arising from Big Lots Stores Inc.'s claims against Visa International, Visa U.S.A., Inc., Visa Inc., Visa International Service Association, MasterCard Incorporated, and MasterCard International Incorporated in the matter styled *Target Corp. et al. v. Visa Inc., et al.,* No. 1:13-cv-03477-AKH (pending in the United States District Court for the Southern District of New York) and related proceedings. The contingency fee agreement is reasonable and consistent with the contingency fee agreements entered into by the Firm with clients for work of this nature.

4. Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters

---

[1] Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**") are each a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

- 1 -

unrelated to the Debtors or to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with the Chapter 11 Cases.

5. Neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

6. Neither I nor any partner or employee of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the partners and employees of the Firm.

7. The Debtors owe the Firm $237.63 for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code. The Firm understands that it must file a proof of claim for such fees and expenses unless the amount thereof is properly listed in the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated, or disputed.

8. The Firm is not party to an indemnification agreement with the Debtors.

9. The Firm reviewed its connections to, if any, the key parties-in-interest provided on Exhibit 1. The Firm is conducting further inquiries regarding its retention by creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

10. Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States Of America that the foregoing is true and correct, and that this declaration was executed on November 15, 2024.

_____
Jorge M. Gutierrez, Jr.