## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 1038** |

## ORDER (I) ESTABLISHING CERTAIN BAR DATES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS, AND (II) GRANTING RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 501, 502, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 3002, and 3003, and Local Rules 2002-1(e) and 3003-1, (i) establishing certain bar dates for filing prepetition claims in the Chapter 11 Cases and (ii) granting related relief, including approving the form and manner of notice thereof; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms not defined herein are defined in the Motion.

§ 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED, as set forth in this order (this "**Bar Date Order**").

2.    Unless otherwise provided herein, the following Bar Dates are hereby established in these Chapter 11 Cases:

a.    (i) **11:59 p.m. prevailing Eastern Time on December 30, 2024** if submitted electronically on Kroll's website, or (ii) **5:00 p.m. prevailing Eastern Time on December 30, 2024** if submitted by hardcopy, as the deadline (the "**General Bar Date**") for each person or entity, other than a Governmental Unit, to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date, unless otherwise provided in this Order;

2

b.     **March 10, 2025** as the deadline (the "**Government Bar Date**") by which a Governmental Unit must file a proof of claim in respect of a prepetition claim against any of the Debtors;

c.     **the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. prevailing Eastern Time on the date that is thirty-five (35) days after the date of the entry of an order approving rejection of an executory contract or unexpired lease of the Debtors** as the deadline (the "**Rejection Bar Date**") by which an entity asserting a claim for damages against any of the Debtors arising from such rejection must file a proof of claim on account of such damages; and

d.     **the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' Schedules** as the deadline (the "**Amended Schedule Bar Date**") for an entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date.

3.     The Claim Form, substantially in the form attached hereto as **Exhibit 1**, the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, and the form of publication notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 3**, are each hereby approved.

**Who Must File a Proof of Claim**

4.     Except as otherwise set forth herein, the following persons or entities asserting claims against the Debtors arising, or deemed to arise, before the Petition Date are required to file proofs of claim by the applicable Bar Date (regardless of whether such claims are secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claims for the purposes of voting and distribution in these cases:

a.     any person or entity whose claim is not listed on the applicable Debtor's Schedules;

b.    any person or entity whose claim is listed on the applicable Debtor's Schedules as contingent, unliquidated, or disputed;

c.    any person or entity whose claim is improperly classified on the applicable Debtor's Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount than identified in the applicable Schedules;

d.    any person or entity whose claim is identified on the incorrect Debtor's Schedules, or not identified on the Schedules of all Debtors against whom the entity desires to, and has a basis to, assert such claim;

e.    any person or entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days of the Petition Date;

f.    any person or entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

g.    any person or entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security; and

h.    any person or entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices.

## **Who is Not Required to File a Proof of Claim**

5.    The following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

a.    any person or entity whose claim is listed on the Schedules, if (i) the claim is not listed as contingent, unliquidated, or disputed, (ii) the person or entity does not disagree with the amount, nature, or priority of the claim as identified on the Schedules, and (iii) the person or entity does not dispute that the claim is the obligation of the specific Debtor or Debtors on whose Schedules the claim is identified;

b.    Any person or entity whose claim is allowable under §503(b) and §507(a)(2) of the Bankruptcy Code as an administrative expense (other than a claim arising under §503(b)(9) of the Bankruptcy Code);

4

c.      any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d.      any person or entity whose claim has been paid in full in accordance with an order of the Court entered on or before the applicable Bar Date;

e.      any person or entity whose claim is based solely on owning an equity security in the Debtors;

f.      any employee of the Debtors who was employed at any time on or after the Petition Date and whose prepetition salary, wages, benefits or other remuneration have been paid pursuant to Court order; <u>provided</u>, <u>however</u>, that all other claims of employees arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, wage and hour violations or unfair business practices, must be filed by the applicable Bar Date;

g.      any director, officer, or employee of the Debtors who served in such capacity at any time after the Petition Date for claims based on indemnification, contribution, or reimbursement;

h.      any Debtor having a claim against another Debtor; and

i.      any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtors.

6.      Persons or entities who have already filed proofs of claim that comply with the procedures set forth in this Bar Date Order prior to the entry of this Bar Date Order are not required to refile such proofs of claim.

**<u>Requirements and Procedures for Filing a Proof of Claim</u>**

7.      The following procedures and requirements with respect to preparing and filing proofs of claim are hereby established:

a.      proofs of claim must be submitted on the Claim Form or Official Form B410, or substantially conform to such official form;

b.      proofs of claim must be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and

c.     if the claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

d.     <u>Electronic proofs of claim</u>.  A proof of claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim."  A claim must be submitted **so as to be actually received** on or before the applicable Bar Date.

e.     <u>Hardcopy proofs of claim</u>.  An original, signed copy of the proof of claim must be sent **so as to be actually received** on or before the applicable Bar Date as follows:

**If by first class mail:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

f.     <u>Other methods not accepted</u>.  Proofs of claim sent by means other than as described above, including by means of email or fax, will not be accepted.

8.     The Debtors, with assistance from the Claims and Noticing Agent, will provide each creditor listed on the Debtors' Schedules with a personalized Claim Form indicating how the creditor's claim is reflected on the Schedules, including: (i) the identity of the Debtor against which the creditor's claim is scheduled; (ii) the amount of the scheduled claim, if any; (iii) whether the claim is contingent, unliquidated, or disputed; and (iv) whether the claim is listed as secured, unsecured priority, or unsecured nonpriority.

**Consequences of Failure to File a Proof of Claim or Administrative Claim**

9.     Absent further order of the Court to contrary, any entity who is required (and not exempt) under this Bar Date Order, but fails, to submit a proof of claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined

from asserting such claim against the Debtors and their property, shall be forever enjoined from asserting claims for any and all indebtedness or liability with respect to or arising from such claim in these Chapter 11 Cases. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a proof of claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and not liquidated.

10.    Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a prepetition claim who is required to file but fails to file such claim in accordance with the foregoing requirements and procedures before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in these Chapter 11 Cases.

**Actual Notice of the Bar Dates to Known Potential Creditors**

11.    Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors shall provide the Bar Date Notice Package to the following potential creditors and other parties in interest, wherever located:

a.    the Office of the U.S. Trustee;

b.    counsel to the Committee;

c.    the Debtors' equity security holders, who shall be provided the Bar Date Notice Package by the Debtor's Claims and Noticing Agent using commercially reasonable efforts, including by serving electronically and/or first class mail;

d.    all known creditors and other known holders of potential claims against the Debtors' or their estates;

e.    all parties who have filed claims in these Chapter 11 Cases, including administrative expense claims, as of the date of entry of the Bar Date Order;

7

f.      all counterparties to executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated by a counterparty pursuant to the terms of the contract or lease;

g.      all parties who have filed a request for notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

h.      all parties who have otherwise filed a document in these Chapter 11 Cases and are identified on the Court's electronic docket as of the date of entry of the Bar Date Order;

i.      all current employees of the Debtors and former employees of the Debtors who left the Debtors' employ within three (3) years prior to the Petition Date or at any time following the Petition Date through the date of entry of the Bar Date Order;

j.      all taxing authorities for jurisdictions in which the Debtors do business or did business within three (3) years prior to the Petition Date;

k.      all government agencies that regulate the Debtors' business;

l.      the office of the attorney general for each state in which any Debtor is incorporated or maintained or conducted business within three (3) years prior to the Petition Date;

m.      the SEC;

n.      all known lienholders;

o.      all parties to litigation pending or threatened against the Debtors as of the date of entry of the Bar Date Order;

p.      all providers of utility services to the Debtors, including past providers who provided service within three (3) years of the Petition Date;

q.      the Debtors' current insurance providers; the Debtors' past insurance providers under whose policies open claims remain pending; and the Debtors' past insurance providers who provided coverage within three (3) years before the Petition Date, regardless of whether a claim is currently pending in respect of such coverage;

r.      the Debtors' ordinary course professionals;

s.      the Debtors' banks; and

t.      all parties included on the creditor matrix filed in these Chapter 11 Cases.

8

**Publication Notice of the Bar Dates for Unknown Potential Creditors**

12.     The Debtors shall publish the Bar Date Notice, in substantially the form attached hereto as **Exhibit 3**, in the national edition of *Wall Street Journal* or another publication with similar national circulation, with any modifications necessary for ease of publication, promptly after entry of this Bar Date Order and at least twenty-one (21) days prior to the General Bar Date.

**Supplemental Service**

13.     After the initial service of the Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental service of the Bar Date Notice Package, including in the event that: (a) notices are returned by the post office with forwarding addresses; and (b) additional potential claimants become known after the initial service of the Bar Date Notice Packages.  For holders of claims receiving such supplemental service, except for entities that are exempt from complying with the applicable Bar Dates as set forth in this Order, the deadline to file Proofs of Claim, if necessary, shall be the later of (a) the Bar Date or the Government Bar Date, as applicable, or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the supplemental service of the Bar Date Notice Packages (or another time period as may be fixed by the Court).

**Additional Relief**

14.     Notwithstanding paragraph 2.a. of this Bar Date Order, the Rejection Bar Date shall be the deadline by which any landlord counterparty of an unexpired non-residential real property lease of the Debtors that is rejected must file a proof of claim in respect of any prepetition claim against any of the Debtors on account of unpaid rent due under such rejected lease (a "Prepetition Rent Claim").  For the avoidance of doubt, Prepetition Rent Claims of a landlord counterparty of an unexpired non-residential real property lease of the Debtors are not required to be filed by the General Bar Date.

9

15. Notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, the Claim Form, or the Bar Date Notice, and solely for the ease of administration, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and predecessors (collectively, the "**Chubb Companies**"), may file a single consolidated proof of claim for all claims based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "**Consolidated Claim**") in the chapter 11 case of Big Lots, Inc., Case No. 24-11967 (the "**Lead Case**"), which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors specified in the Consolidated Claim, and (b) as the documents supporting the Consolidated Claim are voluminous and contain confidential information, the documents supporting the Consolidated Claim are not required to be filed with, and will not be filed with, the Consolidated Claim, and a summary of the documents supporting the Consolidated Claim will be filed with the Consolidated Claim instead (such summary shall include a list of then-known insurance policies and related documents and agreements); *provided, however*, that if a request for such supporting materials is made by Debtors or any Debtor's successor's (including any person or entity responsible under a plan of reorganization for the administration of claims) request in connection with the claims administration process, the Chubb Companies shall comply with such request within a reasonable time, provided that appropriate steps are taken to ensure the confidentiality of such supporting documents, as necessary or appropriate. For the avoidance of doubt, and without altering any of the foregoing, the authorization granted hereby is without prejudice to the right of any party to object to the Consolidated Claim on the basis of insufficient information or to seek to disallow

and/or expunge the Consolidated Claim to the extent it is determined that all or any portion of the Consolidated Claim is not allowable against any individual Debtor. The authorization granted hereby to allow the Chubb Companies to file the Consolidated Claim is for procedural purposes only, is intended for administrative convenience, and shall not be interpreted or construed to substantively affect any right, objection, claim, or defense of any party in interest to the Consolidated Claim including, (i) to the amount, extent, validity, priority, perfection, or enforceability of any claim or security interest asserted by the Consolidated Claim and (ii) the right of the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claim is asserted, or (c) amend the amount or nature of the Consolidated Claim; *provided*, *however*, that the Consolidated Claim shall not be disallowed, reduced, or expunged solely on the basis that the Consolidated Claim is filed (i) only in the Lead Case and only against Big Lots, Inc. (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by ACE American Insurance Company (instead of by each of the Chubb Companies, respectively).

16.     The Debtors and the Claims and Noticing Agent are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Bar Date Order, including without limitation, paying of costs incurred in connection with noticing the Bar Dates.

17.     The Debtors and the Claims and Noticing Agent are authorized to redact from the claims register the home and email addresses of individuals, including the Debtors' individual creditors and interest holders, employees, former employees, and equity holders.

18.     The Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of the Debtors' equity securities.

19.     Notification of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these cases.

20.     Nothing in this Bar Date Order shall prejudice the right of the Debtors or their estates, or any other party in interest, to dispute or assert offsets or defenses to any claim reflected in the Schedules or otherwise.

21.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Bar Date Order is hereby waived, and the terms and conditions of this Bar Date Order shall be effective and enforceable immediately upon its entry.

22.     The Debtors may make corrections, additions, or deletions to the Bar Date Notice Package and the publication notice as appropriate, including to remove stale or non-pertinent information.

23.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Bar Date Order without seeking further order of the Court.

24.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**EXHIBIT 1**

**Claim Form**

**EXHIBIT 2**

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. [___]** |

## NOTICE OF BAR DATES FOR FILING PROOFS
## OF CLAIM AGAINST THE DEBTORS

On September 9, 2024 (collectively, the "**Petition Date**"), the following debtors (the "**Debtors**") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "**Court**"):

| Debtors | Case No. |
|---|---|
| Big Lots, Inc. | Case No. 24-11967 (JKS) |
| ADVC, LLC | Case No. 24-11981 (JKS) |
| Big Lots eCommerce LLC | Case No. 24-11980 (JKS) |
| Big Lots F&S, LLC | Case No. 24-11984 (JKS) |
| Big Lots Management, LLC | Case No. 24-11969 (JKS) |
| Big Lots Stores – CSR, LLC | Case No. 24-11976 (JKS) |
| Big Lots Stores – PNS, LLC | Case No. 24-11970 (JKS) |
| Big Lots Stores, LLC | Case No. 24-11973 (JKS) |
| BLBO Tenant, LLC | Case No. 24-11972 (JKS) |
| Broyhill LLC | Case No. 24-11971 (JKS) |
| Closeout Distribution, LLC | Case No. 24-11978 (JKS) |
| Consolidated Property Holdings, LLC | Case No. 24-11968 (JKS) |
| CSC Distribution LLC | Case No. 24-11974 (JKS) |
| Durant DC, LLC | Case No. 24-11975 (JKS) |
| GAFDC LLC | Case No. 24-11977 (JKS) |
| Great Basin, LLC | Case No. 24-11966 (JKS) |

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| INFDC, LLC | Case No. 24-11983 (JKS) |
| PAFDC LLC | Case No. 24-11982 (JKS) |
| WAFDC, LLC | Case No. 24-11979 (JKS) |

On November 21, 2024, the Court entered an order (the "**Bar Date Order**")[2] establishing the following deadlines for filing certain prepetition claims and administrative expense claims in the Debtors' Chapter 11 Cases:

(a) (i) **11:59 p.m. prevailing Eastern Time on December 30, 2024** if submitted electronically on Kroll's website, or (ii) **5:00 p.m. prevailing Eastern Time on December 30, 2024** if submitted by hardcopy, as the deadline (the "**General Bar Date**") to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within twenty (20) days before the Petition Date, unless otherwise provided in the Bar Date Order;

(b) **March 10, 2025** as the deadline (the "**Government Bar Date**") by which a governmental unit (as defined in section 101(27) of the Bankruptcy Code) must file a proof of claim in respect of a prepetition claim against any of the Debtors;

(c) the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 11:59 p.m. prevailing Eastern Time on the date that is thirty-five (35) days after the date of the entry of an order approving rejection of an executory contract or unexpired lease of the Debtors as the deadline for an entity asserting a claim for damages against any of the Debtors arising from such rejection to file a proof of claim on account of such damages; and

(d) the later of (i) the General Bar Date or the Government Bar Date (as applicable) and (ii) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) days following service of notice of an amendment to the Debtors' schedules of assets and liabilities (the "**Schedules**") as the deadline for an entity whose proof of claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date.

**Consult the Bar Date Order for Details on Who Must File a Claim.** Consult the Bar Date Order for additional details on whether you are required to file a proof of claim. Copies of the Bar Date Order, the Schedules, and other documents and information regarding the Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots.

**Instructions for Filing Proofs of Claim for Prepetition Claims.** Any person or entity asserting a prepetition claim against the Debtors **MUST** abide by the following procedures and requirements in preparing and filing proofs of claim: (i) proofs of claim must be (a) submitted on

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Bar Date Order.

the enclosed claim form or Official Form B410 and (b) written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and (ii) if the claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

A proof of claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim." If filed by hardcopy, an original, signed copy of the proof of claim must be sent to:

> **If by first class mail:**
> Big Lots, Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850
>
> **If by hand delivery, or overnight courier:**
> Big Lots, Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

A claim must be submitted **so as to be actually received** on or before the applicable Bar Date. Proofs of claim sent by means other than as described above will not be accepted.

**Consequences of Failing to Timely File Your Claim**. ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE APPLICABLE BAR DATE AS DESCRIBED IN THIS NOTICE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THE DEBTORS BELIEVE YOU HAVE A CLAIM.

**Additional Information**. Copies of the Debtors' Schedules, the Bar Date Order, and certain other pleadings, orders, and notices, and other information regarding the Chapter 11 Cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/BigLots. Filings in the Chapter 11 Cases are also available for a fee at the Court's website at **www.deb.uscourts.gov/**. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov**. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern

Time), Monday through Friday, at the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you have any questions relating to this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, by: (a) phone at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International), or (b) email at BigLotsInfo@ra.kroll.com. You can also find further information at https://cases.ra.kroll.com/BigLots.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

*[Remainder of page left intentionally blank]*

Dated: November [__], 2024
     Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
jonah.peppiatt@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINES TO FILE CERTAIN CLAIMS

**To all persons or entities with claims against the following debtors:**  Big Lots, Inc., Case No. 24-11967 (JKS); ADVC, LLC, Case No. 24-11981 (JKS); Big Lots eCommerce LLC, Case No. 24-11980 (JKS); Big Lots F&S, LLC, Case No. 24-11984 (JKS); Big Lots Management, LLC, Case No. 24-11969 (JKS); Big Lots Stores – CSR, LLC, Case No. 24-11976 (JKS); Big Lots Stores – PNS, LLC, Case No. 24-11970 (JKS); Big Lots Stores, LLC, Case No. 24-11973 (JKS); BLBO Tenant, LLC, Case No. 24-11972 (JKS); Broyhill LLC, Case No. 24-11971 (JKS); Closeout Distribution, LLC, Case No. 24-11978 (JKS); Consolidated Property Holdings, LLC, Case No. 24-11968 (JKS); CSC Distribution LLC, Case No. 24-11974 (JKS); Durant DC, LLC, Case No. 24-11975 (JKS); GAFDC LLC, Case No. 24-11977 (JKS); Great Basin, LLC, Case No. 24-11966 (JKS); INFDC, LLC, Case No. 24-11983 (JKS); PAFDC LLC, Case No. 24-11982 (JKS); and WAFDC, LLC, Case No. 24-11979 (JKS) (collectively, the "**Debtors**").  On September 9, 2024 (collectively, the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

By order dated [November 21], 2024 (the "**Bar Date Order**"), the Court established claim filing deadlines as follows: (i) all persons or entities with a claim against any of the Debtors that arose before the Petition Date, no matter how remote or contingent, **MUST FILE A PROOF OF CLAIM** on or before **December 30, 2024**, at (a) 11:59 p.m. prevailing Eastern Time if submitted electronically on Kroll's website, or (b) 5:00 p.m. prevailing Eastern Time if submitted by hardcopy; and (ii) governmental units (as defined in section 101(27) of the Bankruptcy Code) **MUST FILE A PROOF OF CLAIM** on or before **March 10, 2025**. A claim must be submitted **so as to be actually received** on or before the applicable deadline to be deemed timely.

Copies of the Bar Date Order, the Debtors' schedules of assets and liabilities and other documents and information regarding the Debtors' Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots or by calling at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International).  Consult the Bar Date Order for additional details on whether you are required to file a proof of claim, as well as instructions and procedures for completing and filing proofs of claim.  Do not contact the Clerk of Court for legal advice.

**ANY PERSON OR ENTITY THAT IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM BUT FAILS TO DO SO SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSE OF VOTING AND DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES.**

*BY ORDER OF THE COURT*