## Exhibit B

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | Jointly Administered |
| Debtors.[1] | **Re: D.I. 450, 476** |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT
CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 6007, (a) authorizing the rejection of the Distribution Center Leases effective as of the Distribution Center Leases Rejection Date and, (b) authorizing the abandonment of personal property in connection with the rejection of the Distribution Center Leases, and (c) granting related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the form and manner of notice of the Motion as well as the *Notice of Abandonment, Utilization and Disposal of Personal Property Located at Certain of the Debtors' Leased Distribution Centers Proposed to be Rejected Pursuant to the Motion of Debtors for Entry of an Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [D.I. 476] (the "**Abandonment Notice**") was reasonably calculated to provide all parties, including each Counterparty, the DIP Agents, the Debtors' secured lenders, and any non-Debtor party with any potential interest or other rights in any personal property located at the Distribution Centers (collectively, the "**Interested Parties**"), with proper notice of (a) the prospective rejection of the applicable Distribution Center Lease, (b) the effective date thereof, (c) the abandonment, surrender, and other treatment of all personal property, furniture, fixtures, equipment, machinery, and other items located at the Distribution Centers, and (d) the objection deadlines in connection therewith; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing (if any) establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect

-2-

of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Motion is granted to the extent set forth in this order (this "**Order**").

2.     Pursuant to sections 365 and 105 of the Bankruptcy Code, the applicable Distribution Center Leases are rejected, effective as of the later of (a) October 31, 2024, and (b) the date that the Debtors surrender the applicable Distribution Centers to the landlords party to the Distribution Center Leases (as applicable, the "**Landlords**") and provide written confirmation (email being sufficient) to the Landlords that the Debtors have surrendered the applicable Distribution Centers (such later date, the "**Distribution Center Leases Rejection Date**").

3.     The Debtors' rejection of the Distribution Center Leases is hereby approved pursuant to section 365 of the Bankruptcy Code.

4.     Following the applicable Distribution Center Leases Rejection Date, the Debtors, any actual or prospective purchasers or transferees of any property located in the Distribution Centers, and any agents or affiliates of any of the foregoing, shall be and hereby are prohibited from accessing or otherwise using (directly or indirectly) the applicable Distribution Centers for any purpose whatsoever, without the express consent of the Landlords or their designees, and no Landlord Parties[3] shall have any liability for refusing to allow the Debtors or such other foregoing parties to access or otherwise use the applicable Distribution Centers following the

---

[3] The term "**Landlord Parties**" means the Landlords and any of their affiliates, managers, officers, shareholders, predecessors, successors, assigns, agents, designees, advisors, professionals, or representatives.

applicable Distribution Center Leases Rejection Date; *provided*, that notwithstanding the foregoing, following the Distribution Center Leases Rejection Date, nothing contained in this paragraph shall inhibit (a) the orderly transfer of the Leased Printer[4] from the Distribution Center in Columbus, Ohio to its applicable lessor (the "**Printer Lessor**"), or (b) the Printer Lessor's ability to retrieve the Leased Printer at a reasonable date and time; *provided*, *further*, that the Debtors shall work in good faith to coordinate and finalize the removal of the Leased Printer from the Distribution Center in Columbus, Ohio, as soon as reasonably practicable.

5.      Absent order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

6.      The Debtors are authorized, but not directed, to abandon any personal property, furniture, fixtures, equipment, machinery, or other items, in each case, other than personal property leased by or otherwise not owned by the Debtors (collectively, "**Personal Property**") present in the Distribution Centers as of the Distribution Center Leases Rejection Date.[5]  Any Personal Property remaining in the applicable Distribution Centers on the applicable Distribution Center Leases Rejection Date (such property, the "**Abandoned Property**") shall be deemed permanently abandoned and surrendered to the Landlords, and any rights, interests, claims, liens, or encumbrances with respect to such Abandoned Property—including any related claims against

---

[4] The term "**Leased Printer**" means that certain COLVS4300 Canon-brand printer leased by the Debtors, identified with the model number 4300 and serial number 89429.

[5] For the avoidance of doubt, the term "**Personal Property**" shall include any personal property, furniture, fixtures, equipment, machinery, or other items owned by the Debtors that was (a) purchased by actual or prospective purchasers, and (b) not retrieved from the applicable Distribution Center by such purchasers prior to the Distribution Center Leases Rejection Date.

the Landlord Parties—whether held by the Debtors, their lenders, or the DIP Agents, shall be permanently abandoned, surrendered, waived, and extinguished, including pursuant to sections 105, 363, and 544 of the Bankruptcy Code; *provided*, *however*, nothing in this paragraph shall diminish any rights or interests held by the Landlords in any Abandoned Property.

7.      If the Debtors become aware that property they lease or otherwise do not own, excluding the Leased Printer, was left at the Distribution Centers after the Distribution Center Leases Rejection Date, the Debtors shall promptly (a) inform the Landlords, (b) provide the Landlords with a detailed description of such property, and (c) notify the Landlords of which non-Debtor parties hold a purported interest in such property.

8.      The Landlord Parties shall be authorized to use, sell, lease, or dispose of any Abandoned Property in their sole discretion without notice or liability to any Debtor, any of their lenders, consenting third parties, or the DIP Agents, in accordance with applicable law.

9.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Distribution Center Lease.

10.     All rights, claims, and defenses of the Landlord Parties are preserved, including, without limitation, all rights of the Landlord Parties to bring any claim or assert any administrative priority against the Debtors and their affiliates, or, without limitation, any other party, related to or arising out of the Distribution Center Leases, including, without limitation, the condition of or damage caused to the Distribution Centers and/or the Debtors' use of the Distribution Center in Columbus, Ohio, to store the Leased Printer after the Distribution Center Leases Rejection Date, and any representations made by the Debtors and their affiliates in connection therewith.

11.     Notwithstanding anything to the contrary contained herein, nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Landlord Parties as to the amount, priority, character, or validity of any claim or cause of action by or against the Landlord Parties, (b) a waiver or impairment of any rights, claims, or defenses of the Landlord Parties to dispute the amount, priority, character, or validity of any claim, whether brought by or against the Landlord Parties, on any grounds, whether under bankruptcy or non-bankruptcy law, (c) a waiver or impairment of any rights or defenses of the Landlord Parties to contest any ownership interested asserted by any party as to property in the Distribution Centers, or (d) a promise by the Landlord Parties to pay any claim or expense whatsoever.

12.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

13.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or (g) an admission as to the amount, priority, enforceability, perfection, or

validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

14.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

15.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

16.     Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

17.     The Abandonment Notice shall be deemed good and sufficient notice of the treatment of Abandoned Property, and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and all principles of fairness and due process are satisfied by such Abandonment Notice.

18.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

19.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.