# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Lots, Inc., *et al.,* | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Related to D.I. 584 and 1151** |

## BLUE OWL CAPITAL LLC'S SECOND MOTION TO EXTEND CHALLENGE PERIOD

Blue Owl Real Estate Capital LLC ("***Blue Owl***"),[2] the Debtors' largest unsecured creditor and chair of the Official Committee of Unsecured Creditors (the "***Committee***"), hereby files this motion (the "***Motion***") for entry of an Order substantially in the form attached hereto as <u>Exhibit A</u>, extending the Challenge Deadline in the Final DIP Order[3] as modified by the Order Extending Challenge Period[4] and as further extended by agreement, for a period of 45 days from the current Challenge Deadline, *i.e.*, from November 18, 2024 at 11:59 p.m. (ET), to January 2, 2025 at 11:59

---

[1]    The debtors and debtors in possession in these chapter 11 cases (the "***Debtors***"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]    The affiliates of Blue Owl Real Estate Capital, LLC involved in these Chapter 11 Cases are as follows: BIG AVCA Owner LLC, BIG BCLA Owner LLC, BIG CSCO Owner LLC, BIG FBTX Owner LLC, BIG FRCA Owner LLC, BIG LACA Owner LLC, BIG LCNM Owner LLC, BIG LOCA Owner LLC, BIG SATX Owner LLC, BIG TAMI Owner LLC, BIG VICA Owner LLC, BIG YVCA Owner LLC, BIGCOOH002 LLC, BIGMOAL001 LLC, BIGDUOK001 LLC, and BIGTRPA001 LLC.

[3]    *Final Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief*, entered on October 22, 2024 (D.I. 584) (the "***Final DIP Order***"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Final DIP Order.

[4]    Order Extending Challenge Period (D.I. 1052).

p.m. (ET). Blue Owl also formally joins in the *Emergency Motion of the Official Committee of Unsecured Creditors for an Order Further Extending the Challenge Deadline* (D.I. 1151) (the "***Committee Motion***") to extend the Challenge deadline.   In support of this Motion, Blue Owl respectfully states as follows:

## RELIEF REQUESTED

1.       By this Motion, Blue Owl requests that the Court extend the current Challenge Deadline by 45 days from the current Challenge Deadline, *i.e.*, from November 18, 2024 at 11:59 p.m. (ET), to January 2, 2025 11:59 p.m. (ET), so that Blue Owl and the Committee may have an opportunity to properly and completely investigate claims and causes of action against the Secured Lenders.

2.       Blue Owl and the Committee have been in continuing discussions with the Debtors and Secured Lenders regarding a consensual extension of the Challenge Period to continue negotiations on a resolution, but, thus far, they have refused to provide more than an additional three days.  In the event the Court declines to grant the primary relief requested herein, Blue Owl respectfully requests, in the alternative, a three-business day extension be granted from the date that the Court resolves this Motion, so that Blue Owl may timely file a Challenge to the extent appropriate at that point in time based on the work completed.

3.       The import of the investigation could not be more critical.  The Debtors are seeking to sell substantially all of their assets, projecting no recovery for unsecured creditors.  Worse, the Debtors are seeking to ensure that any estate claims and causes of action are stapled onto the proposed sale, effectively, to ensure that such claims will never be monetized for the benefit of unsecured creditors.  The Debtors are pushing to do so even though the buyer has made it clear that it does not want claims against directors and officers that will not continue to work for the

Company and that it is willing to move forward with the Sale even if such claims are not transferred.  That the Debtors have tried to justify this gratuitous transfer of value away from unsecured creditors by conducting a half-baked one-week "internal investigation" (without board approval and costing an unknown amount to conduct) only puts the magnifying glass on the conduct of the Debtors and its directors and officers in these cases.  Where a debtor in possession acts as such, it falls to the Committee and to vigilant creditors such as Blue Owl, to take on the task of administering the bankruptcy estate.

<u>**JURISDICTION AND VENUE**</u>

4.      The Court has jurisdiction to consider this Motion under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

6.      The legal bases for the relief requested herein are Bankruptcy Code sections 105(a), 1103, and 1104, Bankruptcy Rule 9006, and 9006-2 of the Bankruptcy Local Rules.

<u>**BACKGROUND**</u>

7.      On September 9, 2024 (the "***Petition Date***"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Court***") and, thereby, commenced their individual chapter 11 cases (collectively, the "***Chapter 11 Cases***").

8.      These Chapter 11 Cases are jointly administered for procedural purposes only.  The Debtors continue to operate their businesses as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

9.      On September 23, 2024, Joseph J. McMahon, Assistant United States Trustee for the District of Delaware, appointed the members of the Committee in these Chapter 11 Cases, including Blue Owl.  Blue Owl has been elected the Chair of the Committee.  Shortly thereafter, the Committee selected McDermott Will & Emery LLP to serve as its counsel, Cole Schotz P.C. to serve as its special real estate counsel, efficiency counsel, and Delaware counsel, and FTI Consulting, Inc. to serve as its financial advisor.

10.     On October 22, 2024, the Court entered the Final DIP Order, setting he Challenge Deadline for November 7, 2024 at 12:00 p.m. (ET).

11.     On October 30, 2024, the Debtors announced that the auction for the sale of Debtors' assets was cancelled because only one qualifying bid was received by the Debtors.  A hearing to approve the sale was set for November 12, 2024.

12.     On November 4, 2024, Blue Owl filed the *Blue Owl Capital LLC's Emergency Motion to Extend Challenge Period and Remove Blanket "Professional Eyes Only" Designation from Productions or, in the Alternative, Appoint an Examiner* (D.I. 870) ("**First Motion to Extend**").

13.     Also on November 4, 2024, Blue Owl filed the *Motion of Blue Owl Real Estate Capital LLC to Shorten Notice of Its Emergency Motion to Extend Challenge Period* (D.I. 871), which the Court granted on the same day (D.I. 882), setting a hearing on the First Motion to Extend for November 5, 2024.

14.     PNC Bank, N.A., 1903P Loan Agent LLC, and the Debtors each filed their respective responses to the First Motion to Extend (D.Is. 903, 904, 905).

15.     On November 5, 2024, the Court held a hearing on the First Motion to Extend.

16.     On November 8, 2024, the Court entered the Order Extending Challenge Period, setting the Challenge Deadline to November 15, 2024, at 12:00 p.m. (ET).

17.     Prior to the expiration of the November 15, 2024 Challenge Deadline, the Debtors and the Committee reached an agreement to further extend the Challenge Deadline to November 18, 2024, at 11:59 p.m. (ET).

18.     Blue Owl now files this Motion to further extend the Challenge Deadline by an additional 45 days to January 2, 2025 at 11:59 p.m. (ET).

## ARGUMENT

19.     Blue Owl believes the estate has more-than-colorable claims against the Prepetition Secured Parties, including agents PNC Bank, N.A. and 1903P Loan Agent LLC, sounding in fraudulent transfer under Bankruptcy Code sections 544 and 548.  It appears evident that the value provided to the Debtors, if any, by the term loans incurred in April 2024—mere months before the Petition Date—was not provided to the lion's share of the Debtors, including Big Lots Stores, Inc., which is the entity selling the greatest percentage of assets (and, thus generating the greatest percentage of sale proceeds) in the Debtors' proposed sale transaction.  Rather, it appears that the economic substance of the term loans inured solely to the "benefit" of the Debtor that housed the most money-losing stores, *e.g.*, BLS PNS.  Thus, liens granted and obligations incurred at Debtors who did not receive the benefit of the Term Loan funds are subject to avoidance and recovery. Notwithstanding the foregoing, the Debtors (and, unsurprisingly, their secured lenders) have taken the position that substantially every dollar of anticipated sale proceeds should be turned over to the secured lenders immediately after the sale.

20.     The work required to solidify these conclusions is forensic and data-intensive.  Blue Owl and the Committee have been working diligently to formulate such claims, in responsible

fashion, but require more time in view of the dates by which the producing parties finally produced all of the materials they are prepared to produce.

21.     Importantly, the relief requested herein will not prevent consummation of the Sale or any other liquidation activities.  Blue Owl supports the preservation of the business as a going concern, and we support the Sale, subject to resolution of the limited issues raised in Blue Owl's *Objection to the Proposed Sale of Substantially All of the Debtors' Assets and Joinder in Support of the Official Committee of Unsecured Creditors' Sale Objection* (D.I 992) ("***Sale Objection***"). But, as explained in the Sale Objection, consummation of the Sale extension of the Challenge Deadline are not mutually exclusive, the Sale proceeds need only be held in escrow by the Debtors pending resolution of the Challenge Period.

22.     In the event the Court declines to grant the primary relief requested herein, Blue Owl respectfully requests, in the alternative, a 3-business day extension be granted from the date that the Court resolves this motion, so that Blue Owl may timely file a Challenge to the extent appropriate at that point in time based on the work completed.

## RESERVATION OF RIGHTS

23.     Blue Owl reserves the right to amend, modify, or supplement this Motion in all respects.  Nothing herein constitutes a waiver of Blue Owl's rights or remedies.

## NOTICE

24.     Notice of the Motion has been provided to (a) counsel to the Debtors, (b) the U.S. Trustee, (c) counsel to the Secured Lenders, (d) counsel to the Committee; and (e) all other parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the relief requested herein, Blue Owl submits that no other notice is necessary under the circumstances.

## <u>CONCLUSION</u>

For the foregoing reasons, Blue Owl requests that the Court enter an order extending the

Challenge Deadline until January 2, 2025 at  11:59 p.m. (ET).

Date: November 18, 2024
Wilmington, Delaware

**KLEHR HARRISON HARVEY
BRANZBURG LLP**

/s/  *Domenic E. Pacitti*

Domenic E. Pacitti (Delaware Bar No. 3989)
919 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: 302-552-5511 |
Facsimile: 302-426-9193
Email:  dpacitti@klehr.com

-and-

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Benjamin Finestone (admitted *pro hac vice*)
Victor Noskov (admitted *pro hac vice*)
Zachary Russell (admitted *pro hac vice*)
Joanna D. Caytas (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email:  benjaminfinestone@quinnemanuel.com
         victornoskov@quinnemanuel.com
         zacharyrussell@quinnemanuel.com
         joannacaytas@quinnemanuel.com

*Counsel for Blue Owl Real Estate Capital LLC*