# Exhibit C

# Nexus Interrogatories

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**BIG LOTS, INC.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF FIRST SET OF INTERROGATORIES OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS DIRECTED TO GATEWAY BL ACQUISITION, LLC**

**TO:**   Gateway BL Acquisition, LLC ("Gateway"), an affiliate of Nexus Capital Management LP, as party to that certain Asset Purchase Agreement, dated as of September 8, 2024, by and among Big Lots, Inc., each of the subsidiaries of Big Lots, Inc. listed on the signature pages Thereto, and Gateway BL Acquisition, LLC

**PLEASE TAKE NOTICE** that, in connection with the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief*, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), incorporated herein by Rules 7026, 7033, and 9014 of the Federal Rules of

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases, by and through its undersigned counsel, Cole Schotz P.C. and McDermott Will & Emery LLP, hereby requests that Gateway respond to the interrogatories set forth on Schedule A (collectively, the "Interrogatories") fully, separately, in writing, and under oath and serve such responses on the Committee at the offices of Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, on or before November 4, 2024 at 5:00 p.m. Eastern Time, or at such other time to which the Committee agrees.

**PLEASE TAKE FURTHER NOTICE** that the Committee reserves its rights under 11 U.S.C. §§ 101-1532, *et seq.* (the "Bankruptcy Code"), the Federal Rules, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and any other applicable law regarding the subject matter hereof and to amend, supplement, and/or modify the Interrogatories in accordance with the Bankruptcy Code, the Federal Rules, the Local Rules, and any other applicable law. The Interrogatories are provided without prejudice to, or waiver of, the Committee's right to conduct further discovery at a later date.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: November 1, 2024<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Tel:  (302) 652-3131<br>Fax:  (302) 652-3117<br>Email: jalberto@coleschotz.com<br>         snewman@coleschotz.com<br><br>*- and -*<br><br>**MCDERMOTT WILL & EMERY LLP**<br><br>Darren Azman (admitted *pro hac vice*)<br>Kristin K. Going (admitted *pro hac vice*)<br>Stacy Lutkus (admitted *pro hac vice*)<br>Natalie Rowles (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY, 10017<br>Tel:  (212) 547-5400<br>Fax:  (212) 547-5444<br>Email: dazman@mwe.com<br>         kgoing@mwe.com<br>         salutkus@mwe.com<br>         nrowles@mwe.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

**SCHEDULE A**
**DEFINITIONS**

The following definitions of terms apply to all Interrogatories. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Affiliate(s)" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Assets" shall have the meaning ascribed to it in the Stalking Horse APA.

6. "Assigned Contract" shall have the meaning ascribed to it in the Stalking Horse APA.

7. "Bankruptcy Cases" and "Chapter 11 Cases" means those certain jointly administered chapter 11 cases styled as *In re Big Lots, Inc., et al.*, No. 24-11967 (JKS) (Bankr. D. Del.), pending in the Bankruptcy Court.

8. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

9. "Bidding Procedures Motion" means *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets,*

1

*(D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 18] filed on the docket in the Bankruptcy Cases.

10. "Board" means any group or subcommittee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors, including the Big Lots, Inc. Board of Directors.

11. "Closing Date" shall have the meaning ascribed to it in the Stalking Horse APA.

12. "Committee" shall mean the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases.

13. "Company Employee" shall have the meaning ascribed to it in the Stalking Horse APA.

14. "Debtor(s)" means, individually and collectively, any of the debtors whose Bankruptcy Cases are jointly administered in the Bankruptcy Court and their respective subsidiaries and Affiliates and all predecessors, Officers, Directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on their behalf (including the outside counsel of such entities).

15. "Directors" means all current and former members of the Debtors' Board.

16. "Identify" means, when used in reference to:

    a. A natural person, his or her:

        i. Full name;

        ii. Present or last known home and business address;

      iii.    Present or last known telephone number; and

      iv.    Present or last known position, business affiliation, and job description.

  b.    A company, corporation, association, partnership, or any legal entity other than a natural person, its:

      i.    Full name and type of organization or entity;

      ii.    Address of principal place of business; and

      iii.    Jurisdiction and date of incorporation or organization, if known.

  c.    An object or process, its:

      i.    Name; and

      ii.    A sufficiently detailed description.

17.    "Include" and "Including" means "include without limitation" and "including".

18.    "Officers" means all current and former officers of the Debtors, including the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, and any other executive of similar title, of the Debtors.

19.    "Person" or "Entity" includes any natural person or entity, including but not limited to any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

20.    The terms "Seller" and "Selling Entity" shall have the meanings ascribed to them in the Stalking Horse APA.

21.    "Stalking Horse APA" means the Asset Purchase Agreement, dated as of September 8, 2024, by and among Big Lots, Inc., each of the subsidiaries of Big Lots, Inc. listed

on the signature pages thereto, and the Stalking Horse Bidder, attached as Exhibit C to the Bidding Procedures Motion.

22. "You" or "Your" means, individually and collectively, Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, and its subsidiaries, Affiliates, and any and all predecessors, officers, directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on its behalf (including the outside counsel of such entities).

## INSTRUCTIONS

1. The preceding definitions apply to these Instructions and each of the succeeding Interrogatories.

2. All terms defined above shall have the meanings set forth therein, whether capitalized in the Interrogatories or not.

3. If You are unable to answer any of these Interrogatories fully after exercising due diligence to secure the necessary information, You must answer them to the fullest extent possible and explain why You are unable to answer the remainder.

4. If You are unable to answer, or if You object to, a portion of any Interrogatory, or to any subpart thereof, You must nonetheless answer the remainder of the Interrogatory, or the non-objected to subparts, fully and completely.

5. If an Interrogatory asks for precise information and the precise information requested is unknown to You, You must answer with Your best approximation and state the basis for Your approximation.

6. No Interrogatory is to be read as limiting, in any manner, any other discovery request.

7.      If You object to any Interrogatory or part thereof on the basis of privilege or other protection from discovery, identify the privilege or protection claimed, as well as each statement or communication for which such privilege or protection is claimed, together with the following information with respect to each such statement or communication: (a) the date made; (b) the names of all persons present; (c) the subject matter; (d) the basis on which the privilege is claimed.

8.      These Interrogatories are continuing in nature, such that a supplemental response is requested if and when You discover, obtain or recollect other or further information responsive to any Interrogatory. In addition, You must amend the answer to any Interrogatory if and when You discover or ascertain that the answer was incorrect when made or that the answer is no longer correct.

## INTERROGATORIES

1.      Identify all Persons who discussed and/or negotiated the terms and provisions of the Stalking Horse APA with the Debtors on Your behalf.

2.      Identify the Person or Entity that prepared the initial draft of the Stalking Horse APA.

3.      Identify the Person or Entity that proposed section 2.01(b)(viii) of the Stalking Horse APA for inclusion in the Stalking Horse APA.

4.      State the projected value of the rights, claims, accounts, and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against any Persons (other than another Selling Entity) as described in section 2.01(b)(viii) of the Stalking Horse APA.

5.      State whether You would terminate the Stalking Horse APA if section 2.01(b)(viii) of the Stalking Horse APA were modified so as to exclude from the Assets rights, claims, accounts,

and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against any Persons other than any (i) Company Employee employed by You after the Closing Date, (ii) vendor continuing to transact with You after the Closing Date, or (iii) counterparty to an Assigned Contract.