# Exhibit D

# Nexus Responses

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al*., | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**GATEWAYS' RESPONSES AND OBJECTIONS TO**
**THE COMMITTEE'S REQUEST FOR PRODUCTION AND**
**INTERROGATORIES IN CONNECTION WITH SALE HEARING**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Gateway BL Acquisition, LLC ("Gateway") serves its Responses and Objections to the Committee's First Requests for Production of Documents and Interrogatories relating to the sale (collectively, the "Requests").

**GENERAL OBJECTIONS**

1.      The following General Objections apply to each specific response below.

2.      Gateway objects to the Requests, including the Instructions and Definitions, to the extent they seek to impose upon Gateway duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

3.      Gateway objects to the Requests to the extent they seek information or documents protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, the joint defense privilege, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity. No privileged information will intentionally be provided in response to these Requests or any other discovery. Inadvertent

disclosure of information that is confidential or privileged shall not constitute waiver of any privilege or of any other ground for objection to discovery, the information contained therein, the subject matter thereof, or of Gateway's right to object to the use of the information therein.

4.        Gateway objects to the Instructions to the extent they impose search and production requirements that are overbroad, unduly burdensome, and not proportional or relevant to the needs and issues to be litigated at the sale hearing.

5.        Gateway objects to the Requests to the extent they request documents or seek information already known to the Committee, in the Committee's possession, or information that is as readily available to the Committee as it is to Gateway.

6.        The Committee identified more than two dozen definitions.  In the interest of expediency, Gateway will not assert line-level objections to each such Definition.  Instead, Gateway reserves its objections and will meet and confer with the Committee to the extent issues arise.  Gateway does, however, object to the definitions of the terms "Communications" and "Documents" as overbroad, unduly burdensome, and imposing obligations beyond those required under the Federal Rules of Civil Procedure.  Gateway further objects to these definitions and the Requests where they seek discovery that is not relevant to or proportional to the needs of the issues to be decided at the sale hearing or where the burden or expense of finding, collecting, and producing responsive documents could outweigh its potential benefit.

7.        Gateway objects to the definition of "You" and "Your" because they are overbroad and seek discovery from "Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP, and its subsidiaries, Affiliates, and any and all predecessors, officers, directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on its behalf (including the outside counsel of such entities)."  Gateway responds to the Requests on

behalf of Gateway only.  Gateway objects to these Requests to the extent they request Gateway to provide information not in Gateway's possession, custody, or control.

8.        Gateway's responses are based upon the knowledge, information, and belief that it has acquired to present.  Gateway reserves the right to amend these responses, assert additional objections, and supplement any document production or interrogatory response.

9.        Gateway objects to each of the Interrogatories to the extent they seek information that is more properly suited for document, deposition, or expert discovery.

10.        Gateway objects to the Interrogatories to the extent they presume facts.  Gateway responds to the Interrogatories without affirming any conclusory or argumentative statements made by the Committee in the Interrogatories.  Gateway's responses shall not be construed as an admission that any definition or characterization provided by the Committee is either factually accurate or legally binding.

11.        Gateway objects to each Interrogatory to the extent it is compound, and therefore improper in form, overly burdensome, and not proportional to the needs of the issues to be litigated at the sale hearing, including insofar as the Interrogatories seek information regarding multiple topics, contain discrete subparts, and/or ask multiple questions subsumed into one.

**RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications evidencing any negotiations Concerning the value or purchase of any estate claims and causes of action under the Stalking Horse APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gateway reasserts and incorporate each of its General Objections.  Gateway further objects to this Request to the extent it seeks information outside Gateway's possession, custody, or control. Gateway further objects to this Request to the extent it seeks production of documents or

communications protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  Gateway further objects to this Request as overbroad, unduly burdensome, and not proportional or relevant to the needs and issues to be decided at the sale hearing, including because it seeks "all" documents and communications "evidencing any negotiations Concerning the value or purchase of any estate claims and causes of action."

Subject to and without waiving Gateway's general and specific objections, Gateway will meet and confer with the Committee regarding this Request.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons who discussed and/or negotiated the terms and provisions of the Stalking Horse APA with the Debtors on Your behalf.

**RESPONSE TO INTERROGATORY NO. 1:**

Gateway reasserts and incorporate each of its General Objections.  Gateway further objects to this Interrogatory to the extent it seeks information that is not within Gateway's possession, custody, or control.  Gateway further objects to this Interrogatory as overly broad as it seeks the identification of "all Persons who discussed" any one of dozens of terms and provisions in the Stalking Horse APA.

Subject to its general and specific objections, Gateway identifies the following Gateway-related persons who discussed and/or negotiated the terms and provisions of the Stalking Horse APA with the Debtors and the Debtors' advisors:  counsel from Kirkland & Ellis and Evan P. Glucoft, among potentially others.

4

**INTERROGATORY NO. 2:**

Identify the Person or Entity that prepared the initial draft of the Stalking Horse APA.

**RESPONSE TO INTERROGATORY NO. 2:**

Gateway reasserts and incorporates its General Objections.  Gateway further objects to this Interrogatory because it seeks information that is not within Gateway's possession, custody, or control.  Further responding, Gateway states that it did not prepare the initial draft of the Stalking Horse APA.

**INTERROGATORY NO. 3:**

Identify the Person or Entity that proposed section 2.01(b)(viii) of the Stalking Horse APA for inclusion in the Stalking Horse APA.

**RESPONSE TO INTERROGATORY NO. 3:**

Gateway reasserts and incorporates its General Objections.  Gateway further objects to this Interrogatory because it seeks information that is not within Gateway's possession, custody, or control.  Further responding, Gateway states that a version of section 2.01(b)(viii) was included in the auction draft of the Stalking Horse APA, which Gateway did not prepare.

**INTERROGATORY NO. 4:**

State the projected value of the rights, claims, accounts, and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against any Persons (other than another Selling Entity) as described in section 2.01(b)(viii) of the Stalking Horse APA.

**RESPONSE TO INTERROGATORY NO. 4:**

Gateway reasserts and incorporates its General Objections.  Gateway further objects to this Interrogatory to the extent it seeks information that is not within Gateway's possession, custody, or control.  Gateway further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to its general and specific objections, Gateway does not have responsive, non-privileged information to disclose in response to this Interrogatory.

**INTERROGATORY NO. 5:**

State whether You would terminate the Stalking Horse APA if section 2.01(b)(viii) of the Stalking Horse APA were modified so as to exclude from the Assets rights, claims, accounts, and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against any Persons other than any (i) Company Employee employed by You after the Closing Date, (ii) vendor continuing to transact with You after the Closing Date, or (iii) counterparty to an Assigned Contract.

**RESPONSE TO INTERROGATORY NO. 5:**

Gateway reasserts and incorporates its General Objections. Gateway objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Further responding, Gateway did not demand the specific inclusion of and would be prepared to proceed to close the APA even if it were modified by the Court so as to exclude from the Assets, all claims and causes of action of the Seller or any of its Subsidiaries (as defined in the Stalking Horse APA) against (i) any of the Seller's lenders, and (ii) any of the Seller's or its Subsidiaries' current or former employees, officers, and directors; *provided*, *however,* that Gateway must acquire any rights, claims, accounts, and causes of action against each current employee, officer, or director of the Seller or its Subsidiaries that is employed or retained (including on a consulting basis) by Gateway or NewCo on or within 90 days after the Closing Date, a list of which would be identified by Gateway or NewCo on a confidential basis prior to the Sale Hearing.

Dated: November 11, 2024

By: */s/ McClain Thompson*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C.
Nicholas Adzima
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
christopher.marcus@kirkland.com
nicholas.adzima@kirkland.com

Judson Brown, P.C.
McClain Thompson
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (212) 446-4800
judson.brown@kirkland.com
mcclain.thompson@kirkland.com

*Counsel to Gateway BL Acquisition, LLC*

## VERIFICATION REGARDING INTERROGATORY RESPONSES

I, the undersigned, certify that I am authorized to execute this verification on behalf of Gateway BL Acquisition, LLC.  I have reviewed Gateway BL Acquisition, LLC's responses to the Committee's Interrogatories in connection with the Sale, and the statements set forth above in response to the Interrogatories, gathered from a variety of sources, are true and correct to the best of my knowledge, information, and belief at this time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of November, 2024.


*/s/ Evan P. Glucoft*
Evan P. Glucoft
Managing Director
Nexus Capital Management LP
On behalf of Gateway BL Acquisition, LLC