## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
|  | **Re: Docket No. 1151** |

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SHORTEN NOTICE AND SCHEDULE EXPEDITED HEARING ON EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER FURTHER EXTENDING THE CHALLENGE DEADLINE

The Official Committee of Unsecured Creditors (the "Committee") of Big Lots, Inc., as debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits this motion (the "Scheduling Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), scheduling an expedited hearing on and shortening notice of the *Motion of the Official Committee of Unsecured Creditors for an Order Further Extending the Challenge Deadline* [Docket No. 1151] (the "Extension Motion")[2], and respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Extension Motion.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction to consider the Scheduling Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware dated February 29, 2012.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      The bases for the relief sought in the Scheduling Motion are Bankruptcy Code sections 102(1) and 105(a), Bankruptcy Rules 2002 and 9006, and Local Rule 9006-1(e).

## RELIEF REQUESTED

4.      By this Scheduling Motion, the Committee seeks entry of the Proposed Order scheduling an expedited hearing on the Extension Motion at the Court's discretion, but no later than December 2, 2024, shortening notice of the Extension Motion and granting related relief.

## BACKGROUND

5.      On September 9, 2024, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and thereby commenced the Chapter 11 Cases. The Debtors are managing their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 23, 2024, the U.S. Trustee filed a notice appointing the Committee.[3]

7.      On October 22, 2024, the Court entered the *Final Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash*

---

[3]      Docket No. 248.

68457/0001-48852919

*Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* (the "Final DIP Order").[4]

8.      Under the Final DIP Order, any Challenge must be commenced prior to the Challenge Deadline.[5]  The Challenge Deadline may be extended in writing by the Prepetition Agents in their sole discretion or by the Court "for good cause shown pursuant to an application filed by a party in interest prior to the expiration of the Challenge Deadline."[6]  Pursuant to its *Order Extending Challenge Period*,[7] the Court previously extended the Challenge Deadline for cause to November 15, 2024 at 12:00 p.m. (ET).  On November 12, 2024, the Committee requested a further extension of the Challenge Deadline from the Prepetition Agents through and including November 18, 2024.  The Prepetition Agents agreed in writing to the requested extension.

9.      The Challenge Deadline can be extended by this Court for good cause shown.  The Committee has requested a further consensual extension of the Challenge Deadline but has been unable to obtain the required consent, thus necessitating the Extension Motion and this Scheduling Motion.

10.      Further, on October 30, 2024, the Debtors filed the *Notice of Successful Bidder for the Sale of the Debtors' Assets* (the "Auction Notice"),[8] which set forth proposed modifications to the Stalking Horse APA on Exhibit A thereto (the "APA Amendments").  The APA Amendments,

---

[4]      Docket No. 584.

[5]      Final DIP Order ¶ 42.

[6]      *Id.*

[7]      Docket No. 1052.

[8]      Docket No. 661.

3

among other things, modified the target closing date for the sale date under the Stalking Horse

APA to December 2, 2024 or December 3, 2024 (the "Target Sale Closing Date").

## **BASIS FOR RELIEF**

11.     The Committee believes scheduling an expedited hearing to consider the relief

requested in the Extension Motion is in the best interests of the Committee, the Debtors, and the

Secured Parties.  Absent the relief requested, the Extension Motion would be heard at the next

omnibus hearing currently scheduled for December 19, 2024, approximately two weeks after the

Target Sale Closing Date.[9]  While the Debtors and Prepetition Agents consent to the request for

expedited consideration of the Extension Motion, the Debtors and Prepetition Agents have

informed the Committee of their position that the Extension Motion and *Blue Owl Capital LLC's*

*Second Motion to Extend Challenge Period* [Docket No. 1152] (the "Blue Owl Extension Motion"

and, with the Extension Motion, the "Extension Motions") should be heard at the November 21,

2024 Sale hearing (the "Sale Hearing").[10]  The Committee disagrees that the Extension Motions

must be heard at the Sale Hearing, but rather believes that the Extension Motions should be

appropriately decided before the Target Closing Date.  However, the Committee defers to the

Court's discretion on the appropriate date for scheduling.

12.     As more fully described in the Extension Motion, good cause exists to extend to

the Challenge Deadline by an additional forty-five (45) days.  Good cause also exists to shorten

notice on the Extension Motion, as the Committee, the Debtors, and the Prepetition Agents desire

clarity on the case trajectory in advance of Sale Closing.

13.     The Bankruptcy Code provides for shortened relief where good cause is shown.

---

[9] *See Order Scheduling Omnibus Hearing* [Docket No. 1099].

[10] The Debtors have indicated that they intend to file papers requesting that the Extension Motion be heard at the Sale Hearing.

14.     Section 102(1)(A) of the Bankruptcy Code provides that the phrase "after notice and hearing" means "after such notice as is appropriate in the particular circumstances."  *See* 11 U.S.C. § 102.  Further, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).

15.     Bankruptcy Rule 9006(c)(1) provides that the Court "for cause shown may in its discretion with or without motion or notice order the period reduced."  *See* Fed. R. Bankr. P. 9006(c)(1).  When exercising that discretion, courts should consider "the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012), *as corrected* (Oct. 25, 2012) (citing *In re Grant Broad. of Phila., Inc.*, 71 B.R. 390, 397 (Bankr. E.D. Pa. 1987)).

16.     Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Fourteen (14) days' notice is typically required for a motion such as the Extension Motion, unless the Court for cause shown shortens the time of giving notice. Fed. R. Bankr. P. 2002(a)(4); Del. Bankr. L.R. 9006-1(c)(i).  Together, Local Rule 9006-1(e) and section 105(a) of the Bankruptcy Code provide ample authority for the Court to grant this Scheduling Motion. The exigencies in support of such relief have been demonstrated herein as well as the Extension Motion.

17.     The Committee submits that good cause exists to shorten notice of its Extension Motion.  As a result of its investigation efforts, which are ongoing, the Committee believes that the estates hold viable claims against the Prepetition Secured Creditors under a variety of theories relevant to identified infirmities with the Prepetition Secured Creditors' liens as well as the

68457/0001-48852919

constructive fraudulent transfer of a $7.5 million "early termination fee" to the Prepetition Term Loan Agent on the eve of the Debtors' bankruptcy. Successful prosecution of a Challenge with respect to those claims may reduce the extent of the Prepetition Liens and amount of the Prepetition Obligations, thereby creating meaningful unencumbered value for the benefit of unsecured creditors.

18.     The Committee has identified an additional constructive fraudulent transfer cause of action in respect of the Prepetition Term Loan Facility, the determination of the colorability of which claim will require supplemental diligence as well as forensic and valuation work. The Committee requires more time to further investigate and develop facts (to the extent they exist) necessary to support a complaint asserting such claim. In light of these facts, the Committee respectfully requests that the Court hear the Extension Motion at its earliest convenience but no later than the December 2, 2024 Target Sale Closing Date. Importantly, there will be no prejudice to the Debtors or other parties in interest by granting the relief sought herein.

19.     Any prejudice to the Debtors, Prepetition Secured Creditors, or any other party in interest is outweighed by the importance of the Committee completing its investigation before the Challenge Deadline expires.

## **AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)**

20.     Before filing this Scheduling Motion, undersigned counsel notified counsel to the Debtors, the Prepetition Agents and the Office of the U.S. Trustee for the District of Delaware (the "U.S. Trustee") of the Committee's and Blue Owl's intention to seek shortened notice of the Extension Motion. The U.S. Trustee does not object to the relief sought herein. The Debtors and Prepetition Agents have each requested that the Extension Motion be heard at the November 21, 2024 Sale Hearing.

68457/0001-48852919

## **NOTICE**

21.     Notice of this Scheduling Motion will be provided to the following parties: (a) counsel to the Debtors; (b) counsel to the U.S. Trustee; (c) counsel to the Prepetition Agents and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Based on the circumstances surrounding this Scheduling Motion and the nature of the relief requested herein, the Committee respectfully submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Committee respectfully requests that the Court enter the Proposed

Order, granting the relief requested herein and such other and further relief as the Court deems just

and proper.

Dated: November 19, 2024
       Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel:    (302) 652-3131
Fax:   (302) 652-3117
Email: jalberto@coleschotz.com
        snewman@coleschotz.com

*-and-*

**MCDERMOTT WILL & EMERY LLP**

Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
Stacy Lutkus (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY, 10017
Tel:    (212) 547-5400
Fax:   (212) 547-5444
Email: dazman@mwe.com
       kgoing@mwe.com
       salutkus@mwe.com
       nrowles@mwe.com

*Counsel to the Official Committee of
Unsecured Creditors*

8