IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Related to D.I. 1177** |

**MOTION OF 1903P LOAN AGENT, LLC FOR ENTRY OF
AN ORDER GRANTING LEAVE TO FILE REPLY TO OBJECTIONS OF
OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND
BLUE OWL REAL ESTATE CAPITAL LLC TO SALE**

1903P Loan Agent, LLC ("DIP Term Agent"), pursuant to Rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby file this motion (the "Motion for Leave") for the entry of an order in substantially the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the DIP Term Agent to file its reply (Docket No. 1177) (the "Reply"), filed contemporaneously herewith, to address the issues raised (a) in the *Limited Objection of the Official Committee of Unsecured Creditors* (the "Committee") *to Proposed Sale of Substantially All of the Debtors' Assets* (D.I. 981) (the "Committee Sale Objection"), (b) in *Blue Owl Real Estate Capital LLC's* ("Blue Owl") *Objection to the Proposed Sale of Substantially All of the Debtors' Assets and Joinder in Support of the Official Committee of Unsecured Creditors' Sale Objection* (D.I. 992) (the "Blue Owl Sale Objection"), and (c) the *Supplemental Limited Objection of the Official Committee of Unsecured Creditors to Proposed Sale of Substantially All of the Debtors' Assets* (D.I. 1154) (the "Committee Supplemental Sale Objection," and together with the Committee Sale Objection and the Blue Owl Sale Objection, the "Sale Objections") and respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the DIP Term Agent consents to the entry of a final order by the Court in connection with this Motion for Leave to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Facts Relevant to This Motion for Leave**

2. On September 9, 2024, the Debtors filed the *Motion of Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II) (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (D.I. 18) (the "Bidding Procedures Motion").

3. On October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (D.I. 612) (the "Bidding Procedures Order"), which among other things, (i) approved the Nexus Buyer's entitlement to certain bid

protections as the Debtors' stalking horse bidder, and (ii) approved certain Bidding Procedures attached thereto as Exhibit 1 (the "Bidding Procedures")

4. On October 30, 2024, consistent with the Bidding Procedures, the Debtors filed a *Notice of Successful Bidder for the Sale of the Debtors' Assets* (D.I. 661) (the "Notice of Successful Bidder") which announced that at an auction that day the Debtors selected, as highest and best, the bid of the Nexus Buyer pursuant to the Nexus APA (such proposed transaction as modified, the "Sale").

5. On November 6, 2024, the Committee and Blue Owl filed the Sale Objections objecting to, among other things, the Sale. A hearing to consider approval of the Sale is currently scheduled for November 21, 2024 at 10:30 a.m. (prevailing Eastern Time) (the "Hearing").

6. In the early hours of November 19, 2024, the Committee filed the Committee Supplemental Sale Objection.

**Basis for Relief Requested**

7. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). The agenda for the Hearing was due by 12:00 p.m. (prevailing Eastern Time) on September 19, 2024. Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Reply was 4:00 p.m. (prevailing Eastern Time) on November 18, 2024 (the "Reply Deadline"). As a result, absent leave of the Court, the DIP Term Agent would be unable to file the Reply and the Court would be denied the opportunity to review the Reply in advance of the Hearing.

8. Cause exists to grant the relief requested by the Motion for Leave and approve an extension of the time by which to file the Reply under Local Rule 9006-1(d). The DIP Term Agent submits that the Court's consideration of the Reply will help streamline argument at

the Hearing and otherwise assist the Court in deciding the merits of the Sale Objections. Further, permitting the DIP Term Agent to file its Reply after the Reply Deadline will not prejudice the parties, as the Committee and Blue Owl are aware of the issues addressed by the Reply and other parties in interest will have sufficient time to review the Reply in advance of the Hearing.

### **Notice**

9. Notice of this Motion for Leave shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Debtors; (iii) counsel to the Committee; (iv) and counsel to Blue Owl, (v) counsel to the ABL Agent and (vi) any other party entitled to notice pursuant to Bankruptcy Rule 2002. The DIP Term Agent respectfully submits that no further notice of this Motion for Leave is required.

10. No prior request for the relief sought herein has been made by the DIP Term Agent to this or any other Court.

WHEREFORE the DIP Term Agent respectfully requests entry of the Proposed Order in substantially the form attached here as Exhibit A: (i) granting the relief sought herein; and (ii) granting to the DIP Term Agent such other and further relief as the Court may deem proper.

Dated: November 19, 2024
Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

/s/ *Zachary J. Javorsky*
John H. Knight (No. 3848)
Zachary J. Javorsky (No. 7069)
920 N. King Street
Wilmington, DE 19801
Tel. (302) 651-7700
knight@rlf.com
javorsky@rlf.com

-and-

OTTERBOURG P.C.
Chad B. Simon (*pro hac vice*)
James V. Drew (*pro hac vice*)
230 Park Avenue
New York, NY 10169
Tel.: (212) 661-9100
csimon@otterbourg.com
jdrew@otterbourg.com

*Counsel to 1903P Loan Agent, LLC*