# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 548** |

## DECLARATION OF DISINTERESTEDNESS OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF EMPLOYMENT OF ROBBINS GELLER RUDMAN & DOWD LLP AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Benny C. Goodman III declares and says:

1. I am a partner of Robbins Geller Rudman & Dowd LLP, located at 655 West Broadway, Suite 1900, San Diego, CA 92101 (the "**Firm**"). The Firm is a legal services firm.

2. Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Firm provide legal representation to the Debtors in connection with the litigation captioned *Corpus Christi Firefighters' Retirement System vs. Macellum Capital Management, L.P. et al.,* Case No. AM-21CV002695, and the Firm has consented to provide those services.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3. Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Debtors or to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with the Chapter 11 Cases.

4. Neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.

5. Neither I nor any partner or associate of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors (if any) with any person other than the partners and associates of the Firm or with other attorneys for serving as local counsel, as authorized referral fees, or for other services performed in connection with the Ohio Litigation. For the avoidance of doubt, this is a contingency fee arrangement and legal fees and expenses will be paid only out of, or in addition to, a recovery (*i.e.*, judgment or settlement) from the defendants. Big Lots will have no responsibility for legal fees and expenses pursuant to the terms of the Retention Agreement between Big Lots, Inc. and the Firm.

6. The Debtors owe the Firm $0.00 for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code. The Firm understands that it must file a proof of claim for such fees and expenses (if any) unless the amount thereof is properly listed in the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated, or disputed.

7. The Firm is not party to an indemnification agreement with the Debtors.

8. The Firm reviewed its connections to, if any, the key parties-in-interest provided on **Exhibit 1**. The Firm is conducting further inquiries regarding its retention by creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 19, 2024.

> /s/ *Benny C. Goodman III*
> Benny C. Goodman III