THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket Nos. 554, 1115 and 1139** |

**ORDER AUTHORIZING RETENTION OF
FTI CONSULTING, INC. AS FINANCIAL ADVISOR
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the Application[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Committee to retain FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI") as financial advisor; and upon the Declaration of Cliff Zucker in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interest in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

---

1   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2   Capitalized terms not defined herein have the meanings given to them in the Application.

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with section 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI as of September 25, 2024 as their financial advisor on the terms set forth in the Application.

3. FTI shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4. FTI is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and future fee applications as approved by the Court; provided that FTI shall not be entitled to reimbursement of legal fees or expenses incurred in connection with defending its fee applications.

5. The following indemnification provisions are approved:

   a. subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's performance of any other services other than those in connection with the engagement, unless such services and indemnification therefor are approved by this Court; and

   b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, unless the Court determines that indemnification would be permissable pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, breach of fiduciary duty (if any), bad faith, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

   c. if, before the earlier of (i) the entry of an order confirming a chapter

11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI. For the avoidance of doubt, nothing contained herein is intended to limit the rights of any parties in interest to object to any demand for indemnity, contribution, or reimbursement.

6. FTI shall provide ten (10) days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in rates are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. FTI will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or asise, FTI will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. To the extent that FTI uses the services of independent or third-party contractors or subcontractors (the "Contractors") in these chapter 11 cases and FTI seeks to pass through the fees and costs of the Contractors, FTI shall (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI shall ensure that the Contractors

perform the conflicts checks and file such disclosures as required by the Bankruptcy Code and Bankruptcy Rules.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. If there is any inconsistency between the terms of the Application, the. Simms Declaration and this Order, this Order shall govern.

12. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: November 20th, 2024  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE

4