**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC. *et al.*,[1] | Case No. 24-11967(JKS) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 18, 612, 1153** |

**OBJECTION AND RESERVATION OF RIGHTS**
**OF ALBERTSONS LLC AND SAFEWAY INC. TO SALE ORDER**

Albertson's LLC ("Albertsons") and Safeway Inc. ("Safeway", and together with Albertsons, "Landlords") hereby submit this objection and reservation of rights with respect to the proposed sale and proposed sale order (the "Sale Order") [D.I. 1153]:

**BACKGROUND**

1.      On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2.      Albertsons, as landlord, and Debtor Big Lots Stores-PNS, LLC, as tenant, are parties to that certain lease dated July 21, 1997 (together will all exhibits and attachments thereto, as amended and assigned from time to time, the "Arlington Lease") for the non-residential real property located at 2100 Cooper, Arlington, Texas (the "Arlington Property").

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

3.        Safeway, as landlord, and Debtor Big Lots Stores, LLC, as tenant, are parties to

that certain lease dated June 18, 2012 (together will all exhibits and attachments thereto,  as

amended and assigned from time to time, the "Chester Lease," and together with the Arlington

Lease, the "Leases") for the non-residential real property located at 24 Kent Town Market,

Chester, Maryland (the "Chester Property," and together with the Arlington Property, the

"Properties").

## OBJECTION

4.        Landlords object to the relief sought in paragraph 29 of the Sale Order which

provides:

> Notwithstanding any term of any Assigned Contract to the
> contrary, the Buyer shall be authorized to (a) use the leased
> premises, (b) operate its business at the leased premises, (c) make
> such alterations and modifications to the interior and exterior
> of the  leased premises (including signage, together with
> appropriate changes to existing tenant signage in the respective
> shopping center, including signage affixed to the building
> panels on all directional and other ground and off-premises signs
> where the Debtors are presently represented) as are determined by
> the Buyer to be necessary to operate its business at such leased
> premises, and (d) exercise, utilize, or take advantage of any
> renewal options and any other current or future rights, benefits,
> privileges, and options granted or provided to the Debtors in or
> under any Assigned Contract.

5.        Albertsons and Safeway also object to paragraph 51 of the Sale Order which

contains similar language.

6.        The relief requested in these two paragraphs exceeds the relief authorized by the

Bankruptcy Code including sections 363 and 365. The relief is also not authorized by any provision

of applicable law.

7.        In particular, the sale order should: a) not relieve the buyer from complying with

any use restrictions and prohibitions set forth in the assigned lease or executory contract; b) subject

the buyer to any limitations and conditions, including required approvals, as set forth in the assigned lease or executory contract; c) include a catchall such as found in section 29(d) of the Sale Order which is overly broad and, for example, should not allow the buyer to vary the terms of any term extension option in connection with the assigned lease or executory contract.

## <u>RESERVATION OF RIGHTS</u>

8.      Landlords expressly reserve all of their rights under their respective Lease with respect to any and all obligations of Debtors and/or any proposed assignee as tenant, including without limitation Landlords' rights to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Properties, unsatisfied liens on the Properties created by Debtors and/or the proposed assignee and/or insurance premiums, and charges to compensate for non-monetary defaults, including without limitation all maintenance, indemnification and environmental obligations of Debtors and/or any proposed assignee.  Landlords further reserve all rights to raise further objections, as necessary or appropriate under the circumstances, relating to any motion or request to assume or assign the Leases.

**WHEREFORE**, Landlords hereby request that the Court deny the sale motion to the extent the Sale Order includes any provision to which Landlords object as set forth herein.

Dated: November 20, 2024
Wilmington, Delaware

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By:    */s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (#4711)
500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
Telephone: (302) 552-4200
Facsimile: (302 552-4295

*Counsel for Albertsons LLC and Safeway Inc.*

## CERTIFICATE OF SERVICE

I, Geoffrey G. Grivner, hereby certify that, on this 20th day of November 2024, I caused a true and correct copy of the foregoing *Objection and Reservation of Rights of Albertsons LLC and Safeway Inc. to Sale Order* to be served *via* CM/ECF on all parties who have registered for electronic service in these cases.

Dated: November 20, 2024
Wilmington, Delaware

*/s/ Geoffrey G. Grivner*