**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1115**<br><br>**Objection Deadline: December 4, 2024 at 4:00 p.m. (ET)**<br>**Hearing Date: December 19, 2024 at 2:00 p.m. (ET)** |

**MOTION TO FILE UNDER SEAL THE
SUPPLEMENTAL DECLARATION OF CLIFF ZUCKER
IN SUPPORT OF THE APPLICATION ORDER UNDER
BANKRUPTCY CODE SECTION 1103 AUTHORIZING THE
EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC.
AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 25, 2024**

The Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") states as follows in support of this motion (the "Motion to Seal"):

**RELIEF REQUESTED**

1. The Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) authorizing the Committee to file under seal the *Supplemental Declaration of Cliff Zucker in Support of the Application Order Under Bankruptcy Code Section 1103 Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

68457/0001-48852172

*Advisor for the Official Committee of Unsecured Creditors Effective as of September 25, 2024* (the "Supplemental Declaration")[2] [Docket No. 1115]; (b) directing that the Supplemental Declaration shall remain under seal and not be made available to anyone except (i) the United States Bankruptcy Court for the District of Delaware (the "Court"), (ii) the United States Trustee for the District of Delaware (the "U.S. Trustee"), (iii) counsel to the Debtors, and (iv) any other party as may be ordered by the Court or agreed to by the Debtors and the Committee; and (c) granting related relief.

## JURISDICTION AND VENUE

2. The United States District Court for the District of Delaware has jurisdiction to consider this Motion under 28 U.S.C. §1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. The Committee confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, §§ 101–1532 (the "Bankruptcy Code"), Rule 9018

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplemental Declaration or the Application, as applicable.

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9018-1(d).

**RELEVANT BACKGROUND**

5. On September 9, 2024 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.

6. On September 23, 2024, the U.S. Trustee appointed the Committee. *See Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 248]. Thereafter, the Committee selected McDermott Will & Emery LLP as counsel, Cole Schotz P.C. as special real estate counsel, efficiency counsel and Delaware counsel and FTI Consulting, Inc. as financial advisor.

7. On October 18, 2024, the Committee filed the *Application for Order Under Bankruptcy Code Section 1103 Authorizing the Employment and Retention of FTI Consulting, Inc* (the "Application") [Docket No. 554].

8. Pursuant to the *Notice of Application for Order Under Bankruptcy Code Section 1103 Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of September 25, 2024*, objections or responses to the Application and entry of the Proposed Order were to be filed and served on the undersigned counsel by November 1, 2024, at 4:00 p.m. (prevailing Eastern Time), which was extended until November 12, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "Objection Deadline") for the U.S. Trustee.

9. Prior to the Objection Deadline, the Committee received informal comments to the Application and Proposed Order from the U.S. Trustee.

10. On November 15, 2024, the Committee filed the Supplemental Declaration to address the U.S. Trustee's informal comments.

3

11. The Supplemental Declaration includes certain confidential information (the "Confidential Information") related to the Mantella Agreement and Remanded Litigation.

**BASIS FOR RELIEF REQUESTED**

12. Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.* Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018. Further, Local Rule 9018-1(d)(i) states, in relevant part, that "[a]ny entity seeking to file a document under seal must file a motion requesting such relief." DEL. BANKR. L.R. 9018-1(d)(i).

14. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*). Stated

differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

15. "Commercial information"—*i.e.,* "information which would result in 'an unfair advantage' to competitors by providing them information as to the commercial operations of the debtor"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see also Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

16. Importantly, the Debtors requested that the Confidential Information not be publicly filed on the docket. The Confidential Information includes nonpublic information

regarding the Mantella Agreement and Remanded Litigation, which is currently pending, and therefore the kind of commercial information that section 107(b) contemplates protecting. Accordingly, the Committee seeks to file under seal the Supplemental Declaration.[3]

17. Disclosure of the Confidential Information would cause confidential and sensitive information that is not publicly available to be revealed, which may expose the parties to potential harm and impact the pending Remanded Litigation.

18. The Committee submits that parties in interest will not be materially prejudiced by the relief sought herein because the unredacted Supplemental Declaration will be available to the Court, the U.S. Trustee, the Debtors and any other party ordered by the Court or agreed to between the Debtors and the Committee. Further, any party-in-interest may make a request to receive the unredacted Supplemental Declaration.

19. For the reasons set forth herein, the Committee respectfully requests that the Court grant this Motion to Seal authorizing the Committee to file under seal the Supplemental Declaration.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

20. Pursuant to Local Rule 9018-1(d)(iii), undersigned counsel has conferred with the Debtors in good faith and reached an agreement regarding the information in the Supplemental

---

[3] Local Rule 9018-1(d)(iii) provides:

> If the Proposed Sealed Document is known by the filer thereof to contain information that has been designated by another entity as confidential pursuant to a protective order, contract or applicable law or as otherwise requiring protection for the benefit of another entity pursuant to section 107 of the Bankruptcy Code . . . the filer thereof, prior to the filing of the Sealing Motion, shall attempt to confer in good faith with the Holder of Confidentiality Rights in an effort to reach agreement concerning what information in the Proposed Sealed Document must remain sealed from public view.

DEL. BANKR. L.R. 9018-1(d)(iii).

Declaration that should remain sealed.

21. Contemporaneously herewith, the Committee is filing a proposed redacted version of the Supplemental Declaration publicly on the docket that redacts the Confidential Information, as identified by the Debtors.

## NOTICE

22. Notice of this Motion to Seal will be given to: (i) counsel to the Debtors; (ii) the U.S. Trustee; and (iii) any other party entitled to notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Committee respectfully requests that the Court enter the Proposed Order (a) authorizing the Committee to file under seal the Supplemental Declaration; (b) directing that the Supplemental Declaration shall remain under seal and not be made available to anyone except (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Debtors, and (iv) any other party as may be ordered by the Court or agreed to by the Debtors and the Committee; and (c) granting related relief.

[*Remainder of Page Intentionally Left Blank*]

68457/0001-48852172

| | |
|---|---|
| Dated: November 20, 2024<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>Jack M. Dougherty (No. 6784)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Tel:   (302) 652-3131<br>Fax:   (302) 652-3117<br>Email: jalberto@coleschotz.com<br>         snewman@coleschotz.com<br>         jdougherty@coleschotz.com<br><br>*-and-*<br><br>Sarah A. Carnes, Esq. (admitted *pro hac vice*)<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Telephone: (212) 752-8000<br>Facsimile: (212) 752-8393<br>Email: scarnes@coleschotz.com<br><br>*- and -*<br><br>**MCDERMOTT WILL & EMERY LLP**<br><br>Darren Azman (admitted *pro hac vice*)<br>Kristin K. Going (admitted *pro hac vice*)<br>Stacy Lutkus (admitted *pro hac vice*)<br>Natalie Rowles (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY, 10017<br>Tel:   (212) 547-5400<br>Fax:   (212) 547-5444<br>Email: dazman@mwe.com<br>         kgoing@mwe.com<br>         salutkus@mwe.com<br>         nrowles@mwe.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

68457/0001-48852172