**EXHIBIT A**

(a) Section 1.01 (*Definitions*) of the Agreement is hereby amended to add the following definitions:

"**Designation Rights Period**" means the period from the Closing Date through (a) as it pertains to those 365 Contracts consisting of unexpired non-residential real property leases (each, a "**Post-Closing Lease**"), the earlier of (x) the effective date of a chapter 11 plan of liquidation concerning the Selling Entities in the Bankruptcy Cases, (y) the expiration of the Selling Entities' deadline to assume or reject leases under section 365(d)(4) of the Bankruptcy Code, and (z) January 31, 2025, and (b) as it pertains to all other 365 Contracts, the effective date of a chapter 11 plan of liquidation concerning the Selling Entities in the Bankruptcy Cases.

(b) Section 2.05 (*Cure Costs; Desired 365 Contracts*) of the Agreement is hereby amended and restated in its entirety as follows:

Section 2.05    *Cure Costs; Desired 365 Contracts.*

(a) Disclosure Schedule 11(a) sets forth a complete list as of the date hereof of all 365 Contracts that Buyer intends to assume at the Closing (as updated prior to the Closing pursuant to Section 2.05(d), the "**Pre-Closing Desired 365 Contracts**"). Seller shall use commercially reasonable efforts to provide timely and proper written notice of the motion seeking entry of the Sale Order to all known parties to any executory Contracts or unexpired Leases to which the Selling Entities are a party that are Desired 365 Contracts and take all other reasonable actions reasonably necessary to cause such Contracts to be assumed by the applicable Selling Entity and assigned to Buyer (or its designee) pursuant to Section 365 of the Bankruptcy Code to the extent that such Contracts are Desired 365 Contracts at Closing; *provided* that no Selling Entity shall be required to make any payment or grant any accommodation in connection therewith other than the payment of Cure Costs relating thereto in accordance with this Section 2.05(a). Upon Closing, subject to the terms and conditions hereof, (i) Seller or its Subsidiaries, as applicable, will assign each Desired 365 Contracts to Buyer or its designee, (ii) Buyer (or such designee) will assume Liabilities under each Desired 365 Contract in accordance with **Error! Reference source not found.** and pursuant to Section 365 of the Bankruptcy Code and the Sale Order, and (iii) Seller shall pay all Cure Costs relating thereto as and when finally determined by the Bankruptcy Court pursuant to the procedures set forth in the Sale Order.

(b) At any time prior to the Closing Date, but only to the extent consistent with the Bidding Procedures Order and the Bidding Procedures, Buyer will have the right, by written notice to Seller, to:

(i) designate a 365 Contract (including any 365 Contract that is a Desired 365 Contract immediately before such designation) as an Excluded Contract, and upon such designation such 365 Contract will

constitute an Excluded Contract and Excluded Asset (and, if applicable, will cease to constitute an Asset); and

(ii) designate a 365 Contract as a Desired 365 Contract, and upon such designation such 365 Contract will constitute an Asset and Assigned Contract and will be conveyed to Buyer (or its designee) under this Agreement at Closing (and, if applicable, will cease to constitute an Excluded Asset), so long as (A) such 365 Contract is added to the Assigned Contracts prior to the entry of any Order of the Bankruptcy Court approving the rejection of such 365 Contract, and (B) the assumption and assignment has been or is approved by the Bankruptcy Court (including through the Sale Order).

(c) At any time after Closing but in no event later than the expiration of the Designation Rights Period, Buyer may notify (a "**Post-Closing Designation Notice**") Seller from time to time of its determination to designate a 365 Lease (the "**Post-Closing Designated Leases**") or 365 Contract (the "**Post-Closing Designated Contracts**", and together with the **Post-Closing Designated Leases**, the "**Post-Closing Desired 365 Contracts**", and together with the Pre-Closing Desired 365 Contracts, the "**Desired 365 Contracts**") that has not previously been (x) rejected by the Selling Entities or (y) designated as an Assigned Asset pursuant to Disclosure Schedule 2.05(a) or Section 2.05(b) or designated and assigned pursuant to this Section 2.05(c), for assumption by the applicable Selling Entity and assignment to Buyer (or its designee). Within three Business Days of Seller's receipt of a Post-Closing Designation Notice, the applicable Selling Entity shall provide written notice to the counterparty of such Post-Closing Desired 365 Contract (such counterparty, the "**365 Counterparty**") of Seller's intent to assume and assign such Post-Closing Desired 365 Contract (each, a "**Seller's Notice**"). Each Seller's Notice shall be filed with the Bankruptcy Court no later than the expiration of the Designation Rights Period and include: (i) the proposed Cure Costs applicable to such Post-Closing Desired 365 Contract; (ii) the identity of the proposed assignee, (ii) adequate assurance of future performance of the assignee; (iii) the deadline to object to the assumption and assignment of such Post-Closing Desired 365 Contract (the "**Objection Deadline**"), which deadline shall be no fewer than 14 days from service of such notice, and (iv) notice that, following the expiration of the Objection Deadline, such Post-Closing Desired 365 Contract will be deemed assumed and assigned to the assignee effective as of the date the Seller Notice is filed with the Court. The assumption and assignment of a Post-Closing Desired 365 Contract shall be effective as of the date the Seller Notice is filed with the Court (which date shall not be later than the expiration of the Designation Rights Period) without further order of the Bankruptcy Court upon expiration of the applicable Objection Deadline unless: (A) the 365 Counterparty timely serves an objection upon Buyer and the applicable Selling Entity that relates to adequate assurance of future performance or a cure issue that could not have been raised in an objection to any cure notice prior to the Sale Hearing and pertains to matters arising after the Closing; or (B) the 365 Counterparty otherwise consents to the assumption and assignment on terms mutually agreed by Buyer (or its designee)

and such 365 Counterparty. If Buyer (or its designee), the applicable Selling Entity and the 365 Counterparty are unable to resolve such objection timely served pursuant to clause (A) above, the Selling Entities shall schedule the matter for hearing on no less than five Business Days' notice. Any Contract that is not timely designated for assumption and assignment before the expiration of the Designation Rights Period shall not be acquired by Buyer (or its designee). Notwithstanding anything to the contrary in this Agreement, Buyer shall pay all Cure Costs solely to the extent arising from any Post-Closing Desired 365 Contracts.

(d) Notwithstanding anything to the contrary in Section 2.05(c), during the Designation Rights Period, Buyer may deliver a written notice to Seller of Buyer's entry into an agreement with a 365 Counterparty to any Post-Closing Desired 365 Contract pursuant to which such 365 Counterparty consents to the assumption by the applicable Selling Entity and assignment to Buyer or its designee of such Post-Closing Desired 365 Contract on the terms set forth in such agreement (each, an "**Agreed Assignment Notice**"). Each Agreed Assignment Notice shall be filed with the Bankruptcy Court no later than the expiration of the Designation Rights Period. The assumption and assignment of any Post-Closing Desired 365 Contract pursuant to this Section 2.05(d) shall be effective on the date set forth in the notice, provided that such date is no later than the expiration of the Designation Rights Period.

(e) To the extent that Buyer makes a valid designation with respect to any 365 Contracts pursuant to Article 1Section 1(b), the applicable Exhibits and Schedules to this Agreement will be deemed to have automatically been updated (without action of any Party or Person) to reflect such designation.

(f) If Buyer exercises its rights in Article 1Section 1(b) to designate a 365 Contract as a Desired 365 Contract or as an Excluded Asset (as the case may be), then the Parties acknowledge and agree that there will be no increase or reduction in (and such designation shall not otherwise affect) the Purchase Price as a result of such designation or change in designation, nor will there be any delay to the Closing.

(g) No later than December 28, 2024, Buyer shall transfer to Seller a sum equal to the amount of estimated succeeding monthly rent and related charges (including, but not limited to, CAM, insurance, taxes, and other charges reasonably expected to come due under the applicable Post-Closing Leases in January 2025) ("**January Rent Costs**") for all of the Debtors' unexpired Post-Closing Leases that have not previously been assumed or rejected as of December 28, 2024 (the "**January Rent Escrow**"). If Seller has not timely received the January Rent Costs for a particular unexpired Post-Closing Lease in accordance with this Section 2.05(g), Seller shall be entitled to reject such Post-Closing Lease notwithstanding Buyer's designation of the Post-Closing Lease as a Post-Closing Designated Lease. Seller shall timely pay the January Rent Costs for all such unexpired Post-Closing Leases that have not been assigned or rejected on or before December 31, 2024 in the ordinary course of business under

the terms of the applicable Post-Closing Lease. Any amounts remaining in the January Rent Escrow attributable to Post-Closing Leases rejected on or before December 31, 2024 shall be returned to Buyer no later than January 15, 2025. No later than January 28, 2025, Buyer shall transfer a sum equal to the amount of estimated succeeding monthly rent and related charges (including, but not limited to, CAM, insurance, taxes, and other charges reasonably expected to come due under the applicable Post-Closing Leases in January 2025) ("**February Rent Costs**") for all of the Debtors' unexpired Post-Closing Leases that have not previously been assumed or rejected as of January 28, 2025 (the "**February Rent Escrow**"). If Seller has not timely received the February Rent Costs for a particular unexpired lease in accordance with this Section 2.05(g), Seller shall be entitled to reject such lease notwithstanding Buyer's designation of the lease as a Post-Closing Designated Lease. Any amounts remaining in the February Rent Escrow attributable to leases rejected on or before January 31, 2025 shall be returned to Buyer no later than February 15, 2025.

(h) Buyer will be responsible and reimburse the Selling Entities for the Selling Entities' reasonable, documented out-of-pocket fully-loaded costs to the extent such costs are incurred by the Selling Entities arising under or with respect to any Post-Closing Lease that was not set to be rejected effective as of December 31, 2024 through the date such Post-Closing Lease is either assumed and assigned or rejected, including any non-ordinary course claims (including, for the avoidance of doubt, any damages, personal injury claims, tax charges, and insurance charges) that arise under or with respect to such Post-Closing Lease and any costs incurred by the Debtors in connection with such designation, assumption, or assignment (including in respect of any notices and objections). Notwithstanding the foregoing, Buyer shall not assume, pay, or otherwise have any Liability with respect to any Liability described in this Section 2.05(h) to the extent such Liability is a Pre-Closing Liability.

(i) For the avoidance of doubt, no party other than the applicable Debtor-tenant shall operate in the leased premises during the Designation Rights Period without the prior written consent of the lease counterparty.