IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Big Lots, Inc., *et al.* [1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 1063<br>UST Obj. Deadline:  November 25, 2024<br>Hearing Date: TBD |

**UNITED STATES TRUSTEE'S OBJECTION TO DECLARATION OF
DISINTERESTEDNESS OF ROBERT J. TANOUSS IN SUPPORT OF EMPLOYMENT
OF PORTER, WRIGHT, MORRIS & ARTHUR LLP
AND ITS RETENTION AS AN "ORDINARY COURSE PROFESSSIONAL"**

In support of his Objection to the *Declaration of Disinterestedness of Robert J. Tanouss in Support of Employment of Porter, Wright, Morris & Arthur LLP* (the "Porter Firm") (D.I. 1063; the "Tanouss Declaration", and the retention of the Porter Firm as an "Ordinary Course Professional," Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), through his undersigned counsel, states:

**PRELIMINARY STATEMENT**

1.      The U.S. Trustee objects to the Motion to the extent that it seeks the approval of the Porter Firm as an Ordinary Course Professional, rather than submitting a separate retention application for the Porter Firm under section 327(a) of the Bankruptcy Code.  The retention of

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC(9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

the Porter Firm is to assist the Debtors in connection with the chapter 11 cases and to represent the Debtors in carrying out their duties under the Bankruptcy Code.

## JURISDICTION & STANDING

2. This Court has jurisdiction to hear the Porter Firm's proposed retention as an "ordinary course" professional and this objection.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Porter Firm's proposed employment and this objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

5. On September 9, 2024, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. On September 23, 2024, the U.S. Trustee appointed an official committee of unsecured creditors in this case. D.I. 248.

7. On September 26, 2024, the Debtors filed the *Motion Of Debtors For Entry Of An Order Approving Procedures For The Retention And Compensation Of Ordinary Course*

*Professionals Nunc Pro Tunc To The Petition Date* (the "OCP Motion"), seeking to retain certain professionals in the ordinary course of business.  D.I. 314.

8. The OCP Motion defined "Ordinary Course Professionals" as "certain professionals that the Debtors employ in the ordinary course of business." *Id.* ¶ 1. The OCP Motion further clarified that, through the OCP Motion, the Debtors were seeking to "continue" employing Ordinary Course Professionals that the Debtors employ "to provide services in matters unrelated to the Chapter 11 Cases." *Id.* ¶ 9.

9. The order approving the OCP Motion authorized the employment of the "Ordinary Course Professionals" as defined in the OCP Motion. D.I. 548 ¶ 2 & fn. 2.

10. On November 12, 2024, the Debtors filed the Tanouss Declaration, allegedly pursuant to the order approving the OCP Motion, seeking to retain the Porter Firm as an Ordinary Course Professional. The Tanouss Declaration disclosed that the firm was retained to provide "an internal investigation report into whether any colorable claims may be made against any of its current and former directors and principal officers, namely claims for breach of fiduciary duty to the Debtors, and the Firm has consented to provide those services." Tanouss Decl. ¶ 2.

11. Based upon the testimony and other statements at the hearing held on November 21, 2024, the Porter Firm was retained by the Debtors post-petition and had not previously been retained by the Debtors.[2]  Further, the Debtors retained the Porter Firm to conduct the investigation after the Committee raised issues regarding the sale of such claims to the purchaser of substantially all of the Debtors' assets.

---

[2] The U.S. Trustee has not obtained a copy of the transcript at this time and will supplement this Objection as necessary.

## ARGUMENT

12. Section 327 of the Bankruptcy Code (the "Code") governs the employment of professional persons.[3] The purpose of section 327 is to ensure both that the person's employment is "held to the strictest of fiduciary standards and that the professional possesses no conflict of interest with the estate." *See In re Cornerstone Prods., Inc.*, 416 B.R. 591 (Bankr. E.D. Tex. 2008) ("The purpose of § 327(a) is to ensure that any auctioneer or other professional appointed to represent the estate will tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities."); *In re Buchanan*, 1998 WL 1041291, *2 (Bankr. E.D. Va. Aug. 11, 1998). Among other things, the retention of professionals without a formal application process would impair full and fair disclosure of the terms of each professionals' engagement, and would deny parties in interest a full determination of whether the professional satisfies the "disinterestedness" and "adverse interest" standards under section 327(a). To implement these statutory provisions, Bankruptcy Rule 2014 dictates the manner in which a professional is to be retained under section 327 and requires that the application state, among other things, the specific facts showing the necessity for the employment, the reasons for the selection, and any connections with parties in interest. *See* Fed. R. Bankr. P. 2014.

13. Section 327(a) of the Code provides that a trustee, or debtor in possession, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."   11 U.S.C. § 327(a) (emphasis added).

---

[3] The U.S. Trustee does not believe that the status of the Porter Firm as a "professional" is in dispute. To the extent that the Debtors or the Porter Firm takes the position that the Porter Firm is not, in fact, a professional, the U.S. Trustee reserves its right to file a reply addressing this point.

14. Subsection 327(e) of the Code provides that a trustee, or debtor in possession, "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e) (emphasis added).

15. By the explicit terms of subsection 327(e), a professional can be retained under that section only if it is a law firm that has previously represented the debtor and is not representing the debtor in conducting the case. The Porter Firm, while it is a law firm, did not previously represent the Debtors and was retained specifically to assist the Debtors in connection with the chapter 11 case and to evaluate potential causes of action that the Debtors were seeking to sell. As such, the Porter Firm may only be retained under Section 327(a) of the Bankruptcy Code.

16. The attempt to retain the Porter Firm under the provisions of the order approving the OCP Motion is inappropriate. The OCP Motion sought procedures to retain professionals that were not representing the Debtors in connection with the bankruptcy case and who were retained in the ordinary course. The Porter Firm was not retained in the ordinary course, but was retained specifically in response to issues raised by the Committee in connection with the sale of certain causes of action pursuant to section 363 of the Bankruptcy Code. Thus, the Porter Firm's retention was specific to the bankruptcy cases, and the firm was representing the Debtors in connection with their duties under the Bankruptcy Code. Thus, the Porter Firm must file an application to be retained pursuant to 11 U.S.C. § 327(a) and must file fee applications pursuant to 11 U.S.C. § 330.

WHEREFORE, the U.S. Trustee requests that this Court issue an order requiring the Porter Firm to file a retention application under Section 327(a) in order to be retained as a professional of the Debtors and/or granting such other relief as this Court deems appropriate, fair and just.

    Respectfully submitted,

    **ANDREW R. VARA**
    **UNITED STATES TRUSTEE**

**By:**   */s/ Linda J. Casey*
    Linda J. Casey
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207
    Lockbox 35
    Wilmington, DE 19801
    (302) 573-6566
    Linda.Casey@usdoj.gov

Dated: November 25, 2024