IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No.  24-11967 (JKS) |
| BIG LOTS, INC., et al. | : |  |
| Debtors.[1] | : |  |

**MOTION OF MAUREEN SCULLON TO MODIFY THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Maureen Scullon ("Movant"), by and through the undersigned counsel, files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit "A,"** pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), to modify the automatic stay to allow the Movant to proceed with her personal injury claims related to the negligence of Big Lots Stores, Inc. ("Big Lots Stores"), which may bear a relationship to one of the Debtors, namely, Big Lots, Inc. ("Big Lots"), but is not listed as one of the Debtors in these bankruptcy cases.  Movant seeks to continue to litigate her action (the "SCULLON Action") (as defined below) and collect from available insurance to the policy limits.

---

[1] The debtors an debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC(9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

**INTRODUCTION**

1.      Pursuant to her verified Complaint, *see infra*., Exhibit "B", Movant Maureen Scullon was injured when she fell on common area outside the Big Lots Store located in the Penn Hills Shopping Center located at 11628 Penn Hills Drive, Pittsburgh, Pennsylvania (Allegheny County). In the Scullon Action, defense counsel at Travelers informed Scullon that Big Lots tendered to her client so any verdict would be coming from defendant Penn Hills Shopping Center's policy (with Travelers) and not a Big Lots policy.

2.      Prior to filing the Motion, Debtors filed an Omnibus Objection to Motions for Relief From Automatic Stay Under Section 362 of the Bankruptcy Code ("Debtors's Omnibus Objection") [Doc. No. 1103], and the Movant's Motion can address the shortcomings therein. Debtors failed to attach a complete copy of all applicable policies or any complete insurance policy to its Omnibus Objection. In addition, per Scullon's complaint, her injury was in 2019, and the Debtor's attach a selected number of pages from a 2023 endorsement to a policy. Moreover, Debtors' statement regarding the $1 million per occurrence self-insured retention ("SIR") stating that "So these costs will be borne by the Debtors, to the direct detriment of the Debtors' estates, creditors may lead one to believe that the Debtors will pay the self-insured retention ("SIR") out of their DIP accounts. It would be the rare policy that states how an insured must pay the SIR or that it must pay it out of its financial accounts. Generally, an insured would have a separate insurance policy to pay an SIR or it may have a letter of credit to pay the SIR. SIR may also be reduced by the defense costs paid in a given action, so the Debtors should provide how much defense costs are in the Scullon Action. In some states, a state court may rule that an insurer still has an obligation to defend even if the SIR is not paid. It would be questionable for this Court to weigh in on that issue in favor the Debtors's insurers, when this Court does not have

jurisdiction over Scullon's personal injury action, and even if it did, the issue is not ripe at this stage.

3. Unless the Debtors address these concerns and provide Debtors' potentially applicable insurance policies to Movant, the hardship to the Movant by denial of relief from the stay to proceed against insurance, considerably outweighs the hardship to the Debtors in granting the stay. Debtors that are big retail outlets have insurance in place to cover such tort claims against the companies.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief sought herein is 11 U.S.C. § 362(d).

## BACKGROUND

7. On or about May 8, 2021, the Movant filed a premises liability action in the Allegheny County Court of Common Pleas in Pennsylvania. designated as Case Number GD-21-006032 (the "Scullon Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit "B."**

8. The facts of the Scullon Action are set forth in the Complaint. See **Exhibit "B."**

9. This Motion seeks stay relief to litigate the claim against Big Lots Stores, Inc. against the limits of applicable insurance coverage available to Big Lots Stores, Inc. which could be or may not be only that policy provided by Starr Indemnity & Liability Co.

## RELIEF REQUESTED AND BASIS THEREFOR

10. Pursuant to section 362(d) of the Bankruptcy Code, Movant hereby seeks modification of the automatic stay for the purpose of allowing Movant to proceed in the Scullon Action and collect from available insurance to the policy limits.

11. Section 362(d) the Bankruptcy Code provides for relief from the automatic stay under certain circumstances. Bankruptcy Code Section 362(d) states in part:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay... such as by terminating, annulling, modifying or conditioning such stay- for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d).""Cause" is not defined in the Bankruptcy Code. This allows bankruptcy courts to have flexibility and to determine cause on a case-by-case basis. *See, In re Rexene Prods.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992).

12. Courts in this District apply a three-factor balancing test to determine whether cause exists to lift the automatic stay, which examines whether (1) any great prejudice to either the bankrupt estate or the debtor will result from lifting the stay; (2) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) the creditor has a probability of prevailing on the merits. *See, In re Rexene,* 141 at 576). Cause may be established by a single factor, however, that weighs in favor of lifting the stay. *In re Rexene,* 141 B.R. at 576.

13. Under Section 362(d)(l), bankruptcy courts have routinely granted relief to permit personal injury plaintiffs to prosecute their claims in non-bankruptcy forums and to limit their collection efforts to the available insurance benefits. *See also In re Holtkamp,* 669 F.2d 505 (7th Cir. 1982)(a bankruptcy court modified the stay for appellee to pursue personal

injury suit when insurance company assumed financial responsibility for defending the action).

14. As the legislative history of § 362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *Todd Shipyards,* 92 B.R. at 603-04 (citing H.R.Rep. 95-595, 95th Cong. 1st Sess. 341 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 50 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5836, 6297).

15. In deciding whether there is sufficient cause to lift the stay, courts conduct a balancing test whereby the interests of the estate are weighed against the hardships that will be incurred by a movant. *Todd Shipyards,* 92 B.R. at 602 (citations omitted). There is no rigid test for determining whether sufficient cause exists to modify the automatic stay, but courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *In re Continental Airlines,* Inc., 152 B.R. 420, 423 (Bankr. D. Del. 1993) (citing Int'l Business Machines v. *Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.),* 938 F.2d 731, 734-37 (7th Cir. 1991)).

16. Under the facts of this case, the automatic stay should be modified for the purpose of allowing Movant to proceed with the Scullon Action against Big Lots Stores, Inc, and to collect against the available insurance for all the reasons stated herein.

A. **Lifting The Stay Will Not Prejudice or Greatly Prejudice Big Lots or its Estates.**

17. This bankruptcy was filed on September 9, 2024. Debtor has had its "breathing spell" to the extent it needed it. There will be minimal if any prejudice to the Debtors or the other creditors to allow Movant to proceed in the Scullon Action. The Scullon Action will not impede Debtors or prevent it from filing a plan. The Movant's claim is a personal injury claim and she should be allowed to proceed in the Scullon Action. Contrary to what the Debtors imply in their Omnibus Objection, there is no reason for the Debtors to spend any money that might harm the Debtors because Movants would collect against available insurance company or companies ONLY, and the Debtors SIR may be covered by other insurance and certainly is not required to be paid out of the Debtors's bank accounts. Granting this Motion will not in any way force Debtors to devote resources to address Movant's claim before any others issues in their bankruptcy cases. The Movant's action is precisely why the Debtors have multiple layers and policies of insurance.

B. **The Hardship To The Non-Bankrupt Party by Maintenance of The Stay Considerably Outweighs The Hardship To The Debtor.**

18. Considering that there really is no hardship on the Debtors to allow Movant to proceed against Debtors' insurance, especially considering that counsel for the defense has indicated that Big Lots has already tendered its policy to the defendant shopping center, continuing the Automatic Stay will import substantial hardship on the Movant that far outweighs hardships on the Debtors.

19. Movant has physical damages including more than economic damages, and will suffer great hardship if not allowed relief from stay and is required to wait some indefinite period of time to recover damages from Big Lots Stores' insurance.

C. **Movants Very Likely Will Prevail in the Scullon Action**

20. Movant's case is not complex because it is clear that Big Lots or certainly not Movant had the responsibility to maintain the passageway leading to the store's entrance, and given the facts in the case, Movant will very likely proceed in the Scullon Action so this prong weighs in favor of Movant as well.

## NOTICE

21. Movant has served this motion on (a) counsel for the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the Official Committee of Unsecured Creditors; d) counsel for the DIP secured lender, if any e) Big Lots Stores'/defense counsel in the Scullon Action; and f) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the relief requested, Movant submits that no other or further notice need be given.

## CONCLUSION

22. Based on the foregoing, Movant should be granted relief from the automatic stay to proceed to with litigation and liquidate their claim against Big Lots and proceed to collect from

its available insurance to the limits of the policy.

                                              **ELLIOTT GREENLEAF, P.C.**

By:   /s/*Deirdre M. Richards*
       Deirdre M. Richards (#4191)
       1105 N. Market Street, 17th Floor
       Wilmington, DE 19801
       Telephone: (302) 384-9402
       dmr@elliottgreenleaf.com

       *Attorneys for Maureen Scullon*

Dated: November 27, 2024
    39048v2