## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
| Debtors.[1] | ) (Jointly Administered) |

**DECLARATION OF CHRIS MACKE, VICE PRESIDENT, LEGAL – REAL ESTATE OF BIG LOTS, INC. IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING (A) THE DEBTORS' ASSUMPTION OF AND PERFORMANCE UNDER THE PURCHASE AGREEMENT, AND (B) THE SALE OF THE WESTMINSTER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (II) APPROVING THE SETTLEMENT AND (III) GRANTING RELATED RELIEF**

I, Chris Macke, hereby declare under penalty of perjury:

1. I am the Vice President, Legal – Real Estate of Big Lots, Inc. (together with its affiliated debtors and debtors in possession, the "**Debtors**" or the "**Company**"). I joined Big Lots in 2013. I graduated from Ohio State University with a bachelor of science and from Capital University Law School with a juris doctor.

2. I submit this declaration (this "**Declaration**") in support of the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Sale of the Westminster Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (II) Approving the Settlement and*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*(III) Granting Related Relief* (the "**Motion**").[2]

3.  The statements in this Declaration are, except where specifically noted, based on: (a) my personal knowledge; (b) information regarding the Debtors' operations and finances that I obtained from the Debtors' advisors or employees; (c) my review of the Debtors' books, records, and relevant documents; and/or (d) information provided to me by the Debtors' advisors working under my supervision. I am over the age of 18 and am authorized to submit this Declaration on behalf of the Debtors. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

### The Proposed Sale and Negotiation of the Purchase Agreement

4.  I understand that, in 2022, the Company began the process of soliciting purchasers of the Property. As noted in the Motion, the Property no longer fit within the Company's broader business strategy and represented a logical divestiture opportunity.

5.  In February of 2023, the Company entered into an agreement to sell the Property to Buyer. Shortly thereafter, the Property was vandalized. The damage to the Property resulted in a dispute between the parties, which was ultimately litigated in the United States District Court for the Central District of California, under Case No. SACV 24-757-MWF (JDEx) (the "**Litigation**"). The parties are now committed to consummating the Sale pursuant to the Purchase Agreement, and, in so doing, settling and releasing all disputes, claims, demands and causes of action against one another relating to the Litigation, including all causes of action brought or that could have been brought arising from the allegations raised in the Litigation, as set forth in greater detail in Section 6 of the Purchase Agreement (the "**Settlement**").

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or that certain purchase agreement attached as **Exhibit 1** to the Sale Order (the "**Purchase Agreement**").

**Entry into the Sale Is Beneficial to the Debtors and the Debtors' Estates**

6. I believe the Sale constitutes the highest or otherwise best offer for the Property and will provide a greater recovery for the Debtors' estates than any available alternative. I understand that after engaging in good faith, arm's-length negotiations, the Seller and Buyer agreed on the applicable purchase price in cash for the Property, which totals approximately $6.1 million in cash consideration. I believe that the value generated by the Sale and the resolution of the Litigation pursuant to the Settlement outweighs any benefits of retaining and maintaining the Property. As shown by the Purchase Agreement, the Debtors are in the very final stages of consummating the Sale for what is a fair price, especially when considered against other indications of interest received, which are less competitive with respect to the proposed consideration for the Property. For all these reasons, I believe that the proposed Sale is the value-maximizing disposition of the Property.

**The Sale is Appropriate as a Private Sale**

7. It is my opinion that consummating the Sale on a private basis is appropriate in light of the facts and circumstances of these chapter 11 cases and is in the best interest of the Debtors' estates and all parties in interest. I do not believe that the cost and timing of conducting a public marketing and sale process for the Property would result in incremental value sufficient to justify the incurrence of such costs and delay, particularly in light of the condition of the Property and Debtors' liquidity constraints. I believe there are no likely purchasers that would emerge for the Property that would offer consideration exceeding the purchase price contemplated by the Purchase Agreement.

8. Accordingly, I believe a private sale is the best course of action and is in the best interest of the Debtors' estates.

**Buyer Is Entering into the Sale in Good Faith**

9. It is my understanding that the Debtors engaged in good faith, arm's-length negotiations around the terms of the Sale and have used commercially reasonable efforts to negotiate and finalize the terms of the Purchase Agreement. The Debtors and Buyer were each represented by separate counsel in connection with the negotiation and documentation of the Purchase Agreement. To the best of my knowledge, the Debtors and Buyer have negotiated and acted at all times in good faith, and Buyer is not affiliated with the Debtors in any way.

10. Moreover, I am not aware of any facts indicating that either the Debtors or Buyer are fraudulently entering into the transaction contemplated by the Purchase Agreement. I believe that Buyer conducted itself in good faith and in a non-collusive, fair manner. To the best of my knowledge, Buyer is purchasing the Property in good faith and for value.

11. For each of the foregoing reasons, I believe that the consideration and other benefits that will accrue to the Debtors' estates as a result of the Sale is fair. At this time, the Debtors have not received a higher or better offer for the Property. I believe that the proposed Sale is the best available option to maximize the value of the Property for the benefit of the Debtors' estates.

**Conclusion**

12. Accordingly, for all the foregoing reasons, I believe that entering into the Purchase Agreement and consummating the Sale is fair, reasonable, and represents a sound exercise of the Debtors' business judgment. I believe that Buyer's offer is the highest and best offer presently available to the Debtors and that the private sale of the Property is appropriate under the circumstances.

13. Given the details described above and based on my experience as an investment banking professional and involvement in other sale transactions, I believe that the Court should

approve the private sale of the Property to Buyer, as well as the related assumption of the Purchase Agreement and Settlement of the Litigation.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 27, 2024
Wilmington, Delaware

*/s/ Chris Macke*
Chris Macke
Vice President, Legal – Real Estate
Big Lots, Inc.