## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| BIG LOTS, INC., *et al.*,[1] | |
| | Chapter 11 |
| Debtors. | |
| | Re: Docket No. 1236 |

**OBJECTION OF BOONE INVESTMENT GROUP, LLC TO DEBTORS' FOURTH NOTICE OF (A) BID DEADLINE, (B) SALE HEARING, AND (C) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES**

Boone Investment Group, LLC ("Boone") hereby files this objection and reservation of rights (the "Objection") to the Debtors' *Fourth Notice of (A) Bid Deadline, (B) Sale Hearing, and (C) Potential Assumption and Assignment of Certain Unexpired Leases* [Docket No. 1236] (the "Assumption Notice") and respectfully states the following:

## BACKGROUND

1. On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2. Boone, as landlord, and Debtor Big Lots Stores, Inc., as tenant ("Tenant"), are parties to that certain Lease Agreement dated October 31, 2001 (together with all exhibits and attachments thereto and as amended and assigned from time to time, the "Lease") for certain

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

property located at New Market Centre, 223 New Market Ctr., Boone, North Carolina 28607 (the "Premises"). A true and correct copy of the Lease is attached hereto as **Exhibit "1"**.

3. The Lease contains a number of provisions applicable to the Assumption Notice and this Objection.

4. Section 4(A) of the Lease states, in pertinent part:

> Use. Tenant covenants and agrees that the Demised Premises shall be used and occupied for the purpose of the sale of general merchandise, furniture, furniture accessories, appliances, toys, seasonal merchandise, food items (subject to all terms and conditions of Exhibit F), and furnishings, and for no other purpose or purposes.

(*See* Ex. 1, § 4(A)) (the "Exclusive Use").

5. In addition, Exhibit F of the Lease contains a number of "Shopping Center Exclusives", which constitute exclusive uses granted to other tenants in the shopping center containing the Premises (the "Prohibited Uses"). (*See* Ex. 1, Ex. F.)

6. The Assumption Notice identifies the Lease as an unexpired lease that may be assumed and assigned by the Debtors pursuant to 11 U.S.C. § 365 with a purported cure amount of $24,265.00 (the "Cure Amount"). The stated Cure Amount does not include unpaid amounts accrued post-petition, which must be paid to fulfill Tenant's obligations under the Lease.

## OBJECTION

7. Boone files this Objection, not to express its opposition to Debtors' efforts to assume and assign Tenant's interest in the Lease, but to oppose such assumption and assignment to the extent that Debtors propose to do so in violation of the provisions of, without limitation, § 365 of the Bankruptcy Code. Specifically, to comply with such provisions, Debtors must ensure that they provide adequate assurance of future performance under the Lease to Boone.

8. In order to assume and assign the Lease, Debtors are required, at the time of assumption, to cure or provide adequate assurance[2] of the prompt cure of all monetary and non-monetary defaults under the Lease, including, without limitation, defaults related to compliance with all provisions of the Lease, including the Exclusive Use and the Prohibited Uses.

9. The proposed assumption and assignment of the Lease must be accomplished subject to all of the Lease's provisions, both beneficial and burdensome. Section 365 of the Bankruptcy Code expressly provides that the assumption and assignment of an unexpired lease must be assumed and assigned in its entirety and not assumed and assigned only subject to the beneficial portions of such unexpired lease. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not 'cherry-pick' the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R. 32, 47 (Bankr. D. Del. 1999)

---

[2] As of the date of this Objection, Boone has not received an adequate assurance package from any potential assignee of the Lease. As such, Boone reserves the right to supplement this Objection to the extent that the Debtors are not able to provide adequate assurance of future performance before any hearing on the assumption and assignment of the Lease.

("A debtor cannot avoid the requirements of section 365 by saying it is 'selling' a lease or executory contract, rather than assuming and assigning it.").

10. As with respect to shopping center leases (like the Lease), the Bankruptcy Code specifically provides that any assumption and assignment must be subject to any existing use provisions. *See* 11 U.S.C. § 365(b)(3)(C) (providing that, for a bankruptcy court to approve the assumption and assignment of a shopping center lease, the "assumption or assignment of such lease [must be] subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center").

11. Bankruptcy courts across the country have agreed that any proposed assumption and assignment of an unexpired lease must be assumed and assigned subject to any existing restricted use provisions in such unexpired lease. *See In re Trak Auto Corp.*, 367 F.3d 237, 244 (4th Cir. 2004) ("Specifically, when a shopping center lease is assigned in bankruptcy, Congress's purpose in § 365(b)(3)(C) is to preserve the landlord's bargained-for protections with respect to premises use and other matters that are spelled out in the lease with the debtor-tenant."); *In re Three A's Holdings, L.L.C.*, 364 B.R. 550, 560 (Bankr. D. Del. 2007) (denying proposed assumption and assignment of lease where proposed assignee's use of leased premises would violate restrictive covenant applicable to such lease).

12. Boone objects to the Assumption Notice to the extent that the Cure Amount is inaccurate. While the Cure Amount does accurately reflect the unpaid rent that was due as of the Petition Date, since that time, Boone has received a Claim of Lien on Real Property (a copy of which is attached hereto as Exhibit 2) from Moore's Electrical & Mechanical Construction, Inc. Such lien relates to work performed by the claimant for Debtor Big Lots Stores, LLC from June 25, 2024 through August 1, 2024 in the amount of $48,664.44. This lien must be released before

the Debtors can assume and assign the Lease. As such, the Debtors need to either make payment to the contractor directly or the Cure Amount must be increased to $72,929.44.

13. Boone further objects to the Assumption Notice to the extent the Debtors seek authorization for the assumption and assignment of the Lease free and clear of any of Tenant's obligations or prohibitions under the Lease, including, but not limited to, the Exclusive Use and the Prohibited Uses.

14. Any order approving the assumption and assignment of the Lease should clarify that the assumption and assignment of the Lease is subject to all of Tenant's obligations and prohibitions under the Lease, including, but not limited to, the Exclusive Use and the Prohibited Uses, which could have or did exist, occur, arise, or accrued prior to the assumption and assignment of the Lease.

15. In addition, any order approving the assumption and assignment of the Lease should provide that the Cure Amount will be adjusted to include all unpaid amounts due to Boone under the Lease as of the date of the assumption and assignment of the Lease, and that amounts which have accrued but are not yet due, such as Tenant's share of common area maintenance ("CAM") expenses, will be obligations the purchaser/assignee of the Lease must pay to Boone when such obligations become due under the provisions of the Lease.

## RESERVATION OF RIGHTS

16. Boone reserves the right to modify, supplement, or amend this Objection as further information becomes available, including reserving the right to object to the Cure Amount and adequate assurance of future performance before the date of assumption and assignment of the Lease.

## **CONCLUSION**

Accordingly, Boone objects to the proposed assumption and assignment of the Lease and respectfully asks the Court to enter an order consistent with this Objection.

Dated: December 2, 2024         CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

-and-

Julio E. Mendoza, Jr., Esq.
MAYNARD NEXSEN PC
1230 Main Street, Suite 700 (29201)
Columbia, SC 29202
(803) 540-2026
rmendoza@maynardnexsen.com

*Counsel for Boone Investment Group, LLC*