IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.<sup>1</sup> | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

## MOTION OF HH-LAVEEN, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE RENT

Under 11 U.S.C. § 503(b)(1)(A), HH-Laveen, LLC ("Laveen") moves (this "Motion") the Court to compel Big Lots Store – PNS, LLC ("Big Lots") to pay Post-Petition rent of $17,246.46. To support the Motion, Laveen relies on the *Declaration of Margaret Rice* ("Rice Decl.") and respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over Laveen's Motion under 28 U.S.C. §§ 157 and 1334. Laveen's Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O). This Court is the proper venue for Laveen's Motion under 28 U.S.C. §§ 1408 and 1409.

2. Laveen bases its Motion on 11 U.S.C. §§ 105, 365, and 503.

3. Laveen consents to the entry of final orders or judgments by this Court.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

## FACTUAL BACKGROUND

4.     On March 21, 2013, Laveen entered into that certain Lease Agreement (the "Lease") with PNS Stores, Inc. dba Big Lots for a 30,595 square foot storeroom located at 3630 W. Baseline Road, Phoenix, Arizona 85041 (the "Premises"). A true and correct copy of the Lease is attached to the Rice Decl. as **Exhibit A**. The Lease was set to expire on January 31, 2021, and Big Lots was given the option to extend the lease for four or five year option terms. During the original term of the Lease, in exchange for Big Lots' use of the premises, Big Lots was required to make monthly rental payments to Laveen of $16,572.29 ($198,867.50 per annum). Upon exercise of Big Lots' option to extend the Lease, rent would increase to $18,229.52/month for the first option term, $20,052.47/month for the second option term, $22,057.72/month for the third option term, and $24,263.49/month for the fourth option term.

5.     On September 21, 2020, Big Lots gave notice to Laveen that it wished to exercise its option to extend the term of the Lease for five years (the "Extension Notice"). A true and correct copy of the Extension Notice is attached to the Rice Decl. as **Exhibit B**. Pursuant to the Extension Notice, the Lease term was extended through and including January 31, 2026 and Big Lots was required to make monthly rent payments to Laveen, beginning on February 1, 2021, of $18,229.52.

6.     On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its affiliated Debtors (including Big Lots the lessee) filed for chapter 11 relief. After the Petition Date, Big Lots continued to occupy and enjoy possession of the Premises.

7.     On September 9, 2024, the Big Lots Debtors sought an interim order authorizing them to reject certain initial leases, abandon personal property with each unexpired lease, and obtain additional relief. (ECF No. 17). The Big Lots Debtors identified the Lease as one of the initial set of leases for rejection effective as of September 30, 2024. (ECF No. 17, pg. 32.)

Consistent with its intention, Big Lots retained and enjoyed possession of the Premises, and continued its liquidation sale therein, until the lease rejection.

8. The Debtor has not paid the base rent or other amounts due under the Lease (*i.e.*, taxes, insurance, and common area maintenance) for the period from the Petition Date through September 30, 2024 (the "Post-Petition Rent"). The total Post-Petition Rent due is $17,246.46 – comprised of stub rent for the period of September 9, 2024 through September 30, 2024 at $783.93 per day.

**RELIEF REQUESTED**

9. The Bankruptcy Code authorizes landlords to seek administrative claims for unpaid rent in at least two scenarios. First, under § 365(d)(3), a debtor-lessee of an unexpired lease of non-residential real property must "timely perform all of the obligations of the debtor … arising from and after the order for relief …." 11 U.S.C. § 365(d)(3). If a debtor fails to pay postpetition rent, the landlord may seek payment of an administrative claim under § 365(d)(3). This Court, however, limited such claims to rent that arose postpetition. *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 n.9 (Bankr. D.Del. 2008), *aff'd*, 610 F.3d 812 (3d Cir. 2010). For rent that arose prepetition, as this Court recognized in *Goody's Family*, a landlord may seek an administrative claim for unpaid rent under § 503(b) as an actual and necessary expense of preserving a debtor's estate. *Id.* at 609; *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 312 (Bankr. D. Del. 2009).

10. From the Petition Date through September 30, 2024, when Big Lots rejected the Lease, the Debtor retained possession of the Premises and continued its liquidation sale at the Premises. In continuing to use the Premises post-petition, Big Lots should pay "for that use and occupancy" through an administrative expense under § 503(b)(1). *See In re Goody's Family Clothing, Inc.*, 392 B.R. at 614 (recognizing "the mere fact that the Debtors are occupying the

3

[l]andlord's premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving [a debtor's estate] under section 503(b)(1)." (citing *Zagata Fabricators, Inc. v. Superior Air Prods*., 893 F.2d 624, 627 (3d Cir. 1990))). Thus, Laveen should receive immediate allowance and payment of an administrative claim of $17,246.46, which should be paid immediately by the Debtor.

**WHEREFORE**, Laveen respectfully requests that this Court enter an order (i) allowing the amount of $17,246.46 as an administrative claim for post-petition rent and compelling Big Lots to immediately pay such amount; and (ii) for such other and further relief as is just and proper.

Dated: December 2, 2024

THE POWELL FIRM, LLC

/s/ Jason C. Powell
JASON C. POWELL, ESQUIRE (No. 3768)
1813 N. Franklin Street
P.O. Box 289
Wilmington, DE 19899
(302)65-1572
jpowell@delawarefirm.com

-and-

/s/ *Khaled Tarazi*
**Buchalter, PC**
15279 N. Scottsdale Road, Suite 400
Scottsdale, AZ 85252-2659
Telephone:    (480) 383-1800
Facsimile:    (480) 824-9400
Email:          ktarazi@buchalter.com

*Counsel for HH-Laveen, LLC*