**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1151, 1152, 1154, 1193 & 1196** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE FILING UNDER SEAL EXHIBITS ATTACHED TO THE DECLARATION OF
ADAM L. SHPEEN IN SUPPORT OF DEBTORS' RESPONSE TO (A) EMERGENCY
MOTIONs TO EXTEND THE CHALLENGE DEADLINE, (B) SUPPLEMENTAL
LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO PROPOSED SALE OF SUBSANTIALLY ALL OF THE DEBTORS'
ASSETS, AND (C) MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO SHORTEN NOTICE AND SCHEDULE EXPEDITED HEARING**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below and sealing certain financing information attached to the *Declaration of Adam L. Shpeen in Support of Debtors' Response to (A) Emergency Motions to Extend the Challenge Deadline, (B) Supplemental Limited Objection of the Official Committee of Unsecured Creditors to Proposed Sale of Substantially All of the Debtors' Assets, and (C) Motion of the Official Committee of*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Unsecured Creditors to Shorten Notice and Schedule Expedited Hearing* [D.I. 1196] (the "**Shpeen Declaration**"). In support of this Motion, the Debtors respectfully represent as follows:

## RELIEF REQUESTED

1. By this Motion, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request entry of an order (a) authorizing the Debtors to file under seal and to redact the fee letter (the "**Fee Letter**") which is attached as <u>Exhibit F</u> to the Shpeen Declaration and (b) directing that the Fee Letter shall remain under seal and confidential and not be made available to any person without the prior written consent of the Debtors and the applicable DIP Agent[2] except to (i) the Court, (ii) the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), (iii) McDermott Will & Emery LLP and Cole Schotz P.C., counsel to Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "**Committee**"); (iv) Quinn Emanuel Urquhart & Sullivan, LLP and Klehr Harrison Harvey Branzburg LLP, counsel to Blue Owl Real Estate Capital LLC ("**Blue Owl**"); and (v) any other party as may be ordered by the Court or agreed to by the Debtors and the applicable DIP Agent, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the applicable DIP Agent that preserve the confidentiality of the Fee Letter (and any information derived therefrom).

---

[2] As used herein, "DIP Agents" shall mean (y) 1903P Loan Agent, LLC, as DIP Term Agent and Prepetition Term Agent and (z) PNC Bank, National Association, as DIP ABL Agent and Prepetition ABL Agent, each as referred to in the *Final Order under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* [D.I. 584] (the "**Final DIP Order**").

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## RELEVANT BACKGROUND

4. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner in the Chapter 11 Cases.

5. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[3]

---

[3] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS) *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979

6. On September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

7. On November 18, 2024, the Committee filed (a) the *Emergency Motion of the Official Committee of Unsecured Creditors for an Order Further Extending the Challenge Deadline* [D.I. 1151] (the "**Committee Extension Motion**") and (b) the *Limited Objection (Supplemental) of the Official Committee of Unsecured Creditors to Proposed Sale of Substantially All of the Debtors' Assets* [D.I. 1154] (the "**Committee Supplemental Sale Objection**"). On November 18–19, 2024, Blue Owl filed (a) its *Second Motion to Extend Challenge Period* [D.I. 1152] (the "**Blue Owl Second Extension Motion**") and (b) *Joinder of Blue Owl Real Estate Capital LLC in the Motion of the Official Committee of Unsecured Creditors to Shorten Notice and Schedule Expedited Hearing on Emergency Motion of the Official Committee of Unsecured Creditors for an Order Further Extending the Challenge Deadline* [D.I. 1172] (the "**Blue Owl Joinder**," and, together with the Committee Extension Motion, the Committee Supplemental Sale Objection, and the Blue Owl Second Extension Motion, the "**Challenge Period Pleadings**").

8. On November 20, 2024, the Debtors filed the *Debtors' Response to (A) Emergency Motions to Extend the Challenge Deadline, (B) Supplemental Limited Objection of the Official Committee of Unsecured Creditors to Proposed Sale of Substantially All of the Debtors' Assets, and (C) Motion of the Official Committee of Unsecured Creditors to Shorten Notice and Schedule Expedited Hearing* [D.I. 1193] in response to the Challenge Period Pleadings. The Debtors filed

---

(JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

the Shpeen Declaration in support of the response. The Fee Letter was attached as <u>Exhibit F</u> to the Shpeen Declaration.

9. Due to the sensitive and confidential nature of the information contained in the Fee Letter, the Debtors seek to file the Fee Letter under seal.

**BASIS FOR RELIEF**

10. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Commercial Information under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(b).

12. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the

5

application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

13. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection. *See, e.g., Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Id.* Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

14. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See id*.

## THE MOTION TO SEAL SHOULD BE GRANTED

15. Cause exists to redact the Fee Letter because the information contained therein constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as it concerns the terms of a private, confidential commercial contract between the Debtors and the DIP Term Agent that contains sensitive information relating to pricing. In accordance with industry-wide customs, the DIP Term Agent treats information such as the Fee

6

Letter as highly sensitive and generally do not make such information available to competitor financial institutions, much less to the public.

16. Broad publication of the Fee Letter would be inappropriate and materially harmful to the businesses of the DIP Term Agent. In fact, given the intense competition in the investment banking and lending industries, disclosure of the Fee Letter could heavily constrain the ability of the DIP Term Agent and their affiliates to negotiate their fees in future transactions, putting them at a strategic disadvantage relative to their competitors and causing commercial injury. As a result, absent protection of the Fee Letter, the DIP Term Agent would be placed at a competitive disadvantage. Accordingly, maintaining the confidentiality of the Fee Letter enables the DIP Term Agent to remain competitive and willing to arrange and extend postpetition financing to other chapter 11 debtors.

17. To balance the need for confidentiality with disclosure, the Debtors' proposed redactions are limited in scope. The Debtors propose to redact only those terms and conditions that constitute the highly sensitive, commercial information regarding the specific terms and conditions that could reveal the DIP Term Agent's fees or its methodologies for calculating fees.

18. Courts in this district have granted similar requests to seal or redact portions of postpetition or exit financing documents—such as fees in connection with debtor in possession financing—and the commercial information contained therein. *See, e.g., In re Secure Home Holdings LLC*, No. 21-10745 (JKS) (Bankr. D. Del. Apr. 28, 2021) (D.I. 70) (authorizing debtors to file under seal debtor-in-possession financing fee letters*); In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Bankr. D. Del. Nov. 25, 2019) (D.I. 71) (same); *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. Apr. 29, 2019) (D.I 227) (same); *In re CTI Foods, LLC*, No. 19-10497 (CSS) (Bankr. D. Del. Mar. 12, 2019) (D.I. 68) (same); *In re Checkout Holding*

*Corp.*, No. 18-12794 (KG) (Bankr. D. Del. Jan. 17, 2019) (D.I. 221) (same); *In re ATD Corp.*, No. 18- 12221 (KJC) (Bankr. D. Del. Oct. 9, 2018) (D.I. 136) (same); *In re Velocity Holding Co., Inc.*, No. 17-12442 (KJC) (Bankr. D. Del. Nov. 30, 2017) (D.I. 116) (same*)*; *In re GST Autoleather, Inc.*, No. 17-12100 (LSS), (Bankr. D. Del. Oct. 5, 2017) (D.I. 72) (same); *In re Verso Corp.*, No. 16-10163 (KG) (Bankr. D. Del. Feb. 25, 2016) (D.I. 330) (same).  Indeed, this Court previously authorized the Debtors to seal the fee letters relating to the debtor-in-possession financing approved in these chapter 11 cases. *See Order Authorizing the Filing Under Seal of the DIP Fees in the Debtor in Possession Financing Facilities* [D.I. 107].

19. Further, other parties in interest will not be materially prejudiced because the Commercial Information will be reviewed by the Court, the U.S. Trustee, counsel to the Committee, if any, and any party ordered by the Court, on a confidential basis.  Accordingly, the Debtors submit that good cause exists for the Court to grant them leave to file under seal and to redact the Commercial Information.

20. The Debtors have provided and unredacted version of the Shpeen Declaration and its exhibits to the Court pursuant to Local Rule 9018-1.  The Debtors have already provided unredacted versions of such documents on a confidential basis to the Committee and Blue Owl. Substantially contemporaneously herewith, the Debtors have filed a redacted version of the Shpeen Declaration on the Court's docket.

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)**

21. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the Fee Letter is subject to the Confidentiality Rights (as defined in Local Rule 9018-1(d)(iii)) of the DIP Term Agent. The Debtors and the DIP Term Agent have conferred in good faith and reached an agreement concerning what information must remain sealed.

**NOTICE**

22. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) McDermott Will & Emery LLP and Cole Schotz P.C., counsel to the Committee; (iii) Quinn Emanuel Urquhart & Sullivan, LLP and Klehr Harrison Harvey Branzburg LLP, counsel to Blue Owl; (iv) Choate, Hall & Stewart LLP and Blank Rome LLP, counsel to the DIP ABL Agent and the Prepetition ABL Agent; (v) Otterbourg, P.C. and Richard, Layton & Finger, P.A., counsel to the DIP Term Agent and the Prepetition Term Agent; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the District of Delaware; and (viii) the Securities and Exchange Commission; (xi) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*Signature page follows*.]

Dated:  December 2, 2024
        Wilmington, Delaware

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ *Sophie Rogers Churchill*

        Robert J. Dehney, Sr. (No. 3578)
        Andrew R. Remming (No. 5120)
        Daniel B. Butz (No. 4227)
        Tamara K. Mann (No. 5643)
        Sophie Rogers Churchill (No. 6905)
        1201 N. Market Street, 16th Floor
        Wilmington, DE 19801
        Tel: (302) 658-9200
        rdehney@morrisnichols.com
        aremming@morrisnichols.com
        dbutz@morrisnichols.com
        tmann@morrisnichols.com
        srchurchill@morrisnichols.com

        *-and-*

        DAVIS POLK & WARDWELL LLP
        Brian M. Resnick (admitted *pro hac vice*)
        Adam L. Shpeen (admitted *pro hac vice*)
        James I. McClammy (admitted *pro hac vice*)
        Stephen D. Piraino (admitted *pro hac vice*)
        Ethan Stern (*pro hac vice* pending)
        450 Lexington Avenue
        New York, NY 10017
        Tel.: (212) 450-4000
        brian.resnick@davispolk.com
        adam.shpeen@davispolk.com
        james.mcclammy@davispolk.com
        stephen.piraino@davispolk.com
        ethan.stern@davispolk.com

        *Counsel to the Debtors and Debtors in Possession*