Case 24-11967-JKS    Doc 1308    Filed 12/05/24    Page 1 of 6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BIG LOTS, INC., et al., | ) Case No. 24-11967 (JKS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) Hearing Date: December 19, 2024 at 1:00 p.m. EST |
| | ) Objection Deadline: December 12, 2024 at 4:00 p.m. EST |

## MOTION OF CALITEX, LLC AND VANYARMOUTH, LLC FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Calitex, LLC and Vanyarmouth, LLC ("Movants"), by and through undersigned counsel, hereby moves this Court, (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, for entry of an order modifying the automatic stay of 11 U.S.C. §362(a) to allow Movants to complete a Texas state court appeal process involving Debtor Big Lots Stores, LLC ("Debtor").

In support of this Motion, Movants respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin - Granville Road, Columbus, OH 43081.

4. The statutory predicates for the relief requested herein are Sections 362 of the Bankruptcy Code and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. Movant Vanyarmouth, LLC is the current owner of certain nonresidential commercial Property known as 719 North Hampton Road, De Soto, Texas 75115(the "Property") and Movant Calitex, LLC is the property management company acting as agent of the Property. The property was leased to Debtor in 1998 (the "Lease").

6. Prior to the Petition Date, on or about January 13, 2023, Debtor filed suit in the 116th District Court of Dallas County, Texas, Cause No. DC-23-00832, against Movants, seeking monetary damages for repairs related to the Property.

7. On or about January 10, 2024, an initial judgment was signed by the trial court awarding damages to Debtor Big Lots Stores, LLC, as well as injunctive relief and other relief. The judgment was subsequently amended and the latest version of the judgment that is on appeal is the "Third Amended Final Judgment" signed February 7, 2024.

8. On or about January 15, 2024, Movants filed a notice of appeal in the Texas Fifth Court of Appeals, (the "Appellate Court") styled Calitex, LLC and Vanyarmouth, LLC, Appellants v. Big Lots Stores, LLC, NO. 05-24-00054-CV (the "Appeal").

9. The parties fully briefed the Appeal, and awaited a decision by the Appellate Court".

10. On September 9, 2024 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue

to manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

11. Through this Motion, Movants seek the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief so that the parties may continue the Appeal to resolution, and the Appellate Court decide the Appeal and take appropriate steps as deemed necessary to effectuate said decision.

12. Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay….
>
> (1) For cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 547, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often...examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

13. In the present case, "cause" exists because without modification of the stay, issue preclusion may prevent Movants from challenging the effect of the state court judgment in this court. *See In re* Wilson, 116 F.3d 87, 89 (3d Cir. 1997). It is settled law that issue preclusion applies to bankruptcy proceedings. *Graham v. Internal Revenue Service (In re Graham)*, 973 F.2d 1089 (3d Cir. 1992), even where the previous adjudication occurred in state court. *Langanella v. Braen (In*

*re Braen)*, 900 F.2d 621 at 624-630 (3d Cir. 1990) (issue preclusion applies even where the previous adjudication occurred in state court).

14. Further, Courts regularly follow the logic of the intent behind § 362(d), which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to *leave* the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009)(quoting legislative history of § 362(d)) (internal citations omitted).

15. As this Court has explained:
> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to Section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."
>
> *Rexene Prods..* 141 B.R. at 576 (*quoting* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

16. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (1) prejudice to the estate or the debtor, (2) hardship to the moving party resulting from maintenance of the stay weighed against hardship to the debtor, and (3) probability of success of the moving party on the merits. *Trump Entm't Resorts, Inc.*, 526 B.R. 116, 120-21 (Bankr. D. Del. 2015) (citing *Izzrelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

4

17. Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because the parties have fully briefed the Appeal and merely await a verdict from the Appellate Court.

18. Second, the Movants will face substantial hardship if the stay is not lifted. If the Appeal is not completed, Debtor will have a sizable judgment against the Movant. Movants have litigated that this judgment should be overturned on Appeal and that would still need to be adjudicated if the Appeal is not decided. At best, the parties will need to re-litigate the applicability of the judgment under appeal. Not only will relief benefit Movant, but will also benefit Debtors as it is in Debtor's interest to finally resolve these matters, in a forum where briefing has been completed.

19. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing the Appeal to be decided in the forum where the Appeal has been fully briefed and is presently postured. Moreover, the Debtors will not suffer any hardship if the appeal is allowed to proceed, as it will be most efficient to both parties and the estate to allow the Appeal to be completed.

20. Third, the likelihood of success on the merits prong is satisfied, as "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Movants' favor. Movants' Appeal asserts *inter alia* that (a) Big Lots offered insufficient evidence or no evidence at the trial that the cost of repairs was reasonable or that the work was of good and workmanlike quality—both of which were both expressly called for by the lease and also required under Texas caselaw, and (b) the legal fees awarded failed to meet the elements set

forth in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 477 (Tex. 2019) and were excessive under Texas law. When weighing the above factors, the Court should lift the automatic stay to permit the Appellate Court to decide the Appeal.

21. Counsel for Movants has made multiple efforts over an extended time period to communicate with Debtors' counsel regarding the requested relief, but was unable to achieve substantive communications. Thus, the parties have not yet reached agreement on the requested relief.

22. Movants believe that relief granted in connection with this Motion will have no meaningful effect on the administration of these cases and Movants respectfully submit that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

## CONCLUSION

**WHEREFORE**, Movants respectfully requests entry of an Order in substantially the form attached hereto, and for such further additional relief as may be just and proper under the circumstances.

DATED: December 5, 2024                    THE LAW OFFICE OF JAMES TOBIA, LLC

By: */s/ James Tobia*
James Tobia, Esq. (#3798)
1716 Wawaset Street
Wilmington, DE 19806
Tel. (302) 655-5303
Fax (302) 656-8053
Email: jtobia@tobialaw.com
*Attorney for Movants Calitex, LLC and Vanyarmouth, LLC*