IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>December 19, 2024, at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>December 12, 2024, at 4:00 p.m. (ET) |

### MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' TIME TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' CHAPTER 11 CASES

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to 28 U.S.C. § 1452, rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 9006-2 of the Local

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors respectfully request entry of an order ("**Order**"), substantially in the form attached hereto as **Exhibit A**, extending the time for the Debtors to file notices of removal of claims and causes of action relating to these chapter 11 cases pending as of the Petition Date (the "**Removal Deadline**") by approximately 90 days, from December 9, 2024, through and including March 10, 2025.[2]

2. The Debtors request that the extended Removal Deadline apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2) (the "**Prepetition Actions**") in addition to any and all matters initiated after the Petition Date but prior to the entry of the Order as specified in Bankruptcy Rule 9027(a)(3) (the "**Postpetition Actions**", and together with the Prepetition Actions, the "**Actions**").

3. Further, the Debtors request that the relief requested herein be granted without prejudice to (a) the Debtors' or any of their successors' right to seek further extensions of the Removal Deadline pursuant to Bankruptcy Rule 9027 and (b) any position the Debtors or any of their successors may take regarding whether section 362 of the Bankruptcy Code applies to any given Action.

**Jurisdiction**

4. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

---

[2] A 90-day extension from December 9, 2024, falls on Sunday, March 9, 2025. Therefore, the Debtors are requesting to extend the Removal Deadline to the next following business day, Monday, March 10, 2025.

5.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

6.  Venue of these Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7.  On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

8.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[3]

9.  On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the

---

[3] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS) *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

"**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

10. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1] (the "**First Day Declaration**").

11. As of the Petition Date, the Debtors were parties to certain judicial and/or administrative proceedings in various courts and/or administrative agencies that are stayed under the Bankruptcy Code. The Actions may be subject to removal pursuant to 28 U.S.C. § 1452.

## Basis for Relief

12. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of claims and causes of action pending as of the Petition Date. Specifically, 28 U.S.C. § 1452 provides, in part, that for claims related to bankruptcy cases:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452.

13. Bankruptcy Rule 9027(a)(2) sets forth the time for a debtor to file notices to remove claims or causes of action, and provides that:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after the entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but

not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

14. Bankruptcy Rule 9006(b)(1) permits the Court to extend the Removal Deadline "for cause shown," and provides, in part, that:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

15. Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed . . . , the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

16. It is well established that this Court has authority to grant the relief requested by this Motion and extend the Removal Deadline. *See, e.g.*, *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3d Cir. 1984) (holding that the deadline for removal of actions may be extended pursuant to Bankruptcy Rule 9006); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding that Bankruptcy Rule 9006 authorizes expansion of time to file notice of removal); *In re Jandous Elec. Const. Corp.*, 106 B.R. 48, 49–50 (Bankr. S.D.N.Y. 1989) (holding that a court may extend the time in which to file motions to remove civil actions pursuant to Bankruptcy Rule 9006). Indeed, requests to extend the time to file notices of removal are routinely granted in this district. *See, e.g.*, *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. Oct. 2, 2024) [D.I. 619] (enlarging the time to file removal notices by 90 days); *In re Supply Source Enters., Inc.*, No. 24-11054 (BLS)

(Bankr. D. Del. Aug. 12, 2024) [D.I. 290] (enlarging the time to file removal notices by 180 days); *In re Tritek Int'l Inc.*, No. 23-10520 (TMH) (Bankr. D. Del. Aug. 5, 2024) [D.I. 691] (same); *In re Near Intelligence, Inc.*, No. 23-11962 (TMH) (Bankr. D. Del. Mar. 22, 2024) [D.I. 358] (enlarging the time to file removal notices by 90 days); *In re Vesta Holdings, LLC,* No. 22-11019 (LSS) (Bankr. D. Del. Feb. 17, 2023) [D.I. 297] (enlarging the time to file removal notices by 180 days); *In re Elec. Last Mile Sols., Inc.*, No. 22-10537 (MFW) (Bankr. D. Del. Sept. 26, 2023) [D.I. 231] (same); *In re Legacy EJY Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. Oct. 3, 2022) [D.I. 484] (same); *In re Sequential Brands Grp., Inc.*, No. 21-11194 (JTD) (Bankr. D. Del. Nov. 30, 2021) [D.I. 328] (same); *In re Klausner Lumber Two LLC*, No. 20-11518 (KBO) (Bankr. D. Del. Sept. 14, 2020) [D.I. 234] (same).

17. Absent further order of the Court, the removal deadline currently expires on Monday, December 9, 2024.[4]

18. Since the Petition Date, the Debtors have devoted significant resources and efforts maximizing the value of their estates. The Debtors have successfully negotiated with creditors and handled numerous issues, including (i) obtaining Court approval of the going-concern sale to Gateway BL Acquisition, LLC, (ii) preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs, (iii) conducting various store closing sales as part of the Debtors' restructuring efforts, (iv) rejecting leases that did not assist the Debtors' value maximizing efforts, (v) selling non-residential real property leases that would otherwise burden the estates with rent obligations, (vi) establishing proofs of claim bar dates, (vii) coordinating with the U.S. Trustee and the Committee to provide requested information and comply with reporting

---

[4] Sunday, December 8, 2024, is 90 days after the Petition Date, and Monday, December 9, 2024, is the next following business day.

requirements; and (viii) meeting the general statutory and other requirements in these Chapter 11 Cases. The Debtors intend to file a combined disclosure statement and plan of liquidation in the coming days.

19. Given these tasks and the status of the Actions, the Debtors have not determined whether removal is appropriate. The Debtors require a reasonable amount of additional time to analyze the Actions and make appropriate determinations concerning their potential removal. Accordingly, out of an abundance of caution, the Debtors believe it is in the best interests of their estates to seek an extension of the time prescribed under Bankruptcy Rule 9027(a) to protect the ability to remove the Actions if they deem removal appropriate.

20. To the extent any claim or cause of action exists, the other parties to any such claims or causes of action pending as of the Petition Date will suffer no prejudice from the relief sought herein. Prepetition causes of action against the Debtors are stayed by operation of the automatic stay under section 362(a) of the Bankruptcy Code. The Debtors may become aware of Actions following their review of proofs of claim filed in these Chapter 11 Cases, at which point the Debtors will analyze such potential Actions to determine whether to remove any of them. Consequently, the Debtors are seeking an extension of the Removal Deadline to provide them with additional time to decide whether to remove any such Actions. If the Debtors ultimately seek to remove the Actions, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).

21. The Debtors submit that the relief requested herein is reasonable and in the best interests of their estates, their creditors, and stakeholders. The extension sought will afford the Debtors or any of their successors the opportunity to make fully informed decisions with respect to the removal of any Action and will ensure that the Debtors do not forfeit valuable rights under

28 U.S.C. § 1452. Accordingly, preserving the Debtors' ability to remove claims and causes of action pending as of the Petition Date, pursuant to Bankruptcy Rule 9027(a)(2), imposes no delay or unnecessary burden on the Debtors' litigation counterparties.

### Notice

22.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as co-counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the DIP ABL Agent; (h) Otterbourg P.C., as counsel to the DIP Term Agent; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors submit that no other or further notice is necessary.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter the Order, attached hereto as **Exhibit A**, and grant such other relief as is just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: December 5, 2024<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br> /s/ *Casey B. Sawyer*<br>Robert J. Dehney, Sr. (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Tamara K. Mann (No. 5643)<br>Sophie Rogers Churchill (No. 6905)<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 658-9200<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>tmann@morrisnichols.com<br>srchurchill@morrisnichols.com<br>csawyer@morrisnichols.com<br><br>-and-<br><br>DAVIS POLK & WARDWELL LLP<br><br>Brian M. Resnick (admitted *pro hac vice*)<br>Adam L. Shpeen (admitted *pro hac vice*)<br>Stephen D. Piraino (admitted *pro hac vice*)<br>Jonah A. Peppiatt (admitted *pro hac vice*)<br>Ethan Stern (admitted *pro hac vice*)<br>450 Lexington Avenue<br>New York, New York 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>stephen.piraino@davispolk.com<br>jonah.peppiatt@davispolk.com<br>ethan.stern@davispolk.com<br><br>*Counsel to the Debtors and Debtors in Possession* |