## EXHIBIT B

**Assumption & Assignment Agreements**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSUMPTION AND ASSIGNMENT AGREEMENT (the "**Agreement**"), dated as of November 30, 2024, is by and between Big Lots Stores – PNS, LLC, a California limited liability company ("**Assignor**") and Dick's Sporting Goods, Inc., a Delaware corporation ("**Assignee**" and together with Assignor, collectively, the "**Parties**" and each a "**Party**"). For the avoidance of doubt, all provisions of the applicable Lease, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such contract by the Debtors to the Assignee.

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. 2024) (the "**Chapter 11 Cases**"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto (the "**Leases**") with respect to the premises set forth on Schedule A (the "**Premises**"), pursuant to the terms and conditions of the *Lease Sale Procedures for the Sale of Certain Lease Assets* (the "**Lease Sale Procedures**") subject to approval by the Court in the Chapter 11 Cases.

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties hereto agree as follows:

## AGREEMENT

1. Assignment and Assumption.

    (a) Effective as of the Closing Date (as defined below) and upon payment of the Purchase Price as set forth below, Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Assigned Assets free and clear (subject to this Agreement's express terms regarding the assumption/cure of certain liabilities) of leasehold mortgages (if any), subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, mortgages, trust deeds, liens, pledges, hypothecations, charges, debentures, mechanics liens, bills, interests, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances of any type whatsoever (collectively, the "**Interests**"). The "**Assigned Assets**" shall consist of (i) the Lease, (ii) all reports (including, without limitation, engineering, environmental, HVAC and roof reports), surveys (including, without limitation, boundary and topographical surveys), plans, blueprints, as-builts, CAD files and other schematics, franchises, grants, authorizations, licenses, easements, variances, exceptions, consents, certificates (including, without limitation, certificates of occupancy), site plan approvals and all other planning approvals, zoning variances, building permits, fire, health and safety permits, conditional or special use permits (including, without limitation, for firearms or other special occupancies or uses), general assembly or general use permits or other similar documentation, environmental permits, other permits of any kind, other

approvals, clearances and orders of a governmental authority, together with all architect, engineer, contractor, vendor and supplier warranties and guarantees with respect to any of the foregoing and/or the related Improvements (as defined below), in each case related to the Lease and (iii) all building systems (including, without limitation, HVAC, electrical, plumbing, mechanical, vertical transportation and other similar systems), leasehold alterations, improvements, structures, buildings, fixtures and equipment which are affixed to and constitute a part of or are used in the operation of the Premises, together with all tenant improvements (other than movable partitions, trade fixtures, furniture, office machines, equipment, merchandise, inventory, racking, shelving and similar items) located thereon, in each case located on or comprising the Premises (the items described in this clause (iii), the "**Improvements**").

(b)  No later than the Closing Date, Assignor shall surrender the Premises to Assignee, deliver possession thereof to Assignee and deliver all access codes and keys (or written confirmation that Assignee is authorized to change the locks), key codes and alarm codes for the Premises (if practically available) to Assignee.

(c)  Effective as of the Closing Date and upon consummation of the sale, transfer, conveyance, assignment and set over set forth in Section 1(a) above, Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Assigned Assets which come due after the Closing Date. Other than the Cure Costs as set forth below, Assignee shall have no liabilities (and both Assignor and the landlord in respect of the Lease shall be barred from asserting any cure costs or other claims) with respect to the Assigned Assets that came due on or before the Closing Date.

2.  Payment of Purchase Price.  (a) Assignee shall, on the Closing Date, deliver the purchase price for the Assigned Assets in the amount of $600,000.00 (net of the amount of $20,000.00 (which was previously deposited by Assignee into an escrow account maintained by the Assignors (the "Deposit")) (the "**Purchase Price**") in immediately available funds wired to the account specified by Assignor and (b) the Deposit shall be released from escrow to Assignors. The Purchase Price is inclusive of cure amounts owed as a result of the assumption of the Lease in connection with this Agreement in the amount of $124,486.85 (the "**Cure Costs**"), which amount shall be promptly turned over by Assignor to the landlord in respect of the Lease.

3.  No Further Liability of Assignor.  Except as provided for herein, from and after the date hereof, Assignor shall have no further obligations and duties with respect to the Assigned Assets.

4.  Effectiveness.  Assignee's obligation to consummate the transactions contemplated by this Agreement is subject to the satisfaction (or waiver by Assignee) of each of the following conditions:  (a) this Agreement shall have been executed by Assignor and Assignee, (b) the representations and warranties of Assignor set forth herein shall be true and correct in all material respects and (c) the Court shall have entered an order acceptable to Assignee in its sole discretion authorizing Assignors to enter into this Agreement and perform the transactions contemplated hereby (the "**Approval Order**"), which Approval Order shall not have been modified, vacated or stayed. The business day immediately succeeding the first day on which such conditions are satisfied or waived (so long as such conditions continue to be satisfied or waived on such

succeeding business day) shall be referred to herein as the "**Closing Date**"; provided that the Closing Date shall occur no earlier than November 30, 2024.

5. <u>Further Assurances</u>.  At any time and from time to time after the Closing Date, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Assigned Assets.

6. <u>Representations</u>.  Assignor represents and warrants to Assignee that (a) it has delivered to Assignee each Lease (including, without limitation, all amendments, supplements and other modifications thereto and all notices, certificates, elections, instructions, directions or other communication relating thereto), (b) the Lease is legal, valid, binding and enforceable against Assignor and, to Assignor's knowledge, each other party thereto, is in full force and effect and has not been terminated, amended, supplemented or otherwise modified except pursuant to such documents as Assignor has delivered to Assignee, (c) Assignor has good title to the Lease and a valid leasehold interest in the Premises, free and clear of any Interests, except for such as shall be released upon consummation of the assignment contemplated hereby pursuant to the terms of the Approval Order and (d) subject to entry of the Approval Order, (i) Assignor has the requisite corporate power and authority necessary to enter into and perform its obligations under this Agreement and to consummate the transactions contemplated hereby, (ii) the execution, delivery and performance of this Agreement and Assignor's obligations hereunder have been duly authorized by all necessary corporate action and (iii) this Agreement has been duly executed and delivered by Assignor and constitutes, when executed and delivered by Assignor, a legal, valid and binding obligation of Assignor enforceable against Assignor in accordance with its terms.

7. <u>"As Is Where Is" Transaction</u>.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assigned Assets except as otherwise expressly provided herein.  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any particular purpose as to any portion of the Assigned Assets except as otherwise expressly provided herein.  Assignee further acknowledges that the Assignee has conducted (or has had an opportunity to conduct) an independent inspection and investigation of the physical condition of the Assigned Assets and all such other matters relating to or affecting the Assigned Asset(s as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Assigned Assets, Assignee is doing so based upon such independent inspections and investigations.  Accordingly, except as otherwise expressly set forth herein, Assignee will accept the Assigned Assets "AS IS" and "WHERE IS."

8. <u>Abandonment</u>.  Subject to Court approval, upon the Closing Date, any personal property remaining at the premises is deemed abandoned and Assignee is free to dispose of or utilize any personal property without further notice or liability to the Debtor or any consenting third parties.

9. <u>Compliance With Law</u>.  Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

10. <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law.

11. <u>Jurisdiction</u>.  The Parties consent to the jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

12. <u>No Reliance</u>.  Except as specifically set forth in this Agreement, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

13. <u>Construction</u>.  This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document.  All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other.  The execution and delivery of this Agreement is the free and voluntary act of the Parties.

14. <u>Execution in Counterparts</u>.  This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

15. <u>Miscellaneous</u>.  Assignor acknowledges and agrees that Assignee shall have no obligation to pay a broker commission or any other compensation to any broker or real estate consultant engaged by Assignor with respect to this Agreement.

16. <u>Intended Use & Going Dark</u>.  Assignee intends to use the Premises as an expanded DICK'S store, a combined DICK'S/Golf Galaxy store, or a DICK's House of Sport store (the "**Intended Use**").  In order to facilitate such usage, Assignee may need to delay reestablishing retail operations for a period of time as described in that certain letter agreement, dated as of November 26, 2024, between Assignee and DT Route 22 Retail LLC (the "**Going Dark Period**").

*[Signatures appear on following page]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR:**
**BIG LOTS STORES – PNS, LLC**

By: _____
Name: _____
Title: _____

**ASSIGNEE:**
**DICK'S SPORTING GOODS, INC.**

By: _____
Name: _____
Title: _____

**Schedule A to the Assumption and Assignment Agreement**

**Description of Lease Asset(s)**

Lease Agreement, dated as of December 16, 2019, by and between DT Route 22 Retail LLC, a Delaware limited liability company, as landlord, and PNS Stores Inc., a California corporation (n/k/a Big Lots Stores – PNS, LLC, a California limited liability company), as tenant, relating to store location no. 4720, located at 2700 US Highway 22, Union, NJ 07083.