**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline:** December 27, 2024 at 4:00 p.m. (ET) |

**SECOND MONTHLY FEE STATEMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2024, THROUGH AND INCLUDING OCTOBER 31, 2024**

| | |
|---|---|
| Name of Professional: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 22, 2024, *nunc pro tunc* to September 9, 2024 |
| Period for which compensation and reimbursement is sought: | October 1, 2024, through October 31, 2024 |
| Amount of compensation sought as actual, reasonable and necessary: | $466,410.40 (80% of $583,013.00) |
| Amount of reimbursement sought as actual, reasonable and necessary: | $17,511.93 |

This is a  x  monthly   ___ interim   ___ final application

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

The total time expended for preparation of this fee statement is approximately 15 hours and the corresponding compensation requested is approximately $12,075.00.[2]

If this is not the first fee statement filed, disclose the following for each prior fee statement:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 11/26 D.I. 1252 | 9/9/24-9/30/24 | $478,009.00/$48,690.26 | Pending |

---

[2] Allowance for compensation for such time is not requested in this application, but may be sought in a subsequent fee statement.

**COMPENSATION BY PROFESSIONAL**

**BIG LOTS, INC., et al.**
**(Case No. 24-11967 (JKS)**

**October 1, 2024, through October 31, 2024**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,695 | 13.7 | 23,221.50 |
| Andrew R. Remming | Partner/Bankruptcy. Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2008. | 1,145 | 91.1 | 104,309.50 |
| Matthew B. Harvey | Partner/Bankruptcy. Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014. Member of the DE Bar since 2008. | 1,145 | 0.5 | 572.50 |
| Daniel B. Butz | Senior Counsel/Bankruptcy. Joined the firm as an associate in 2002. Member of the DE Bar since 2002. | 1,075 | 149.0 | 160,175.00 |
| Tamara K. Mann | Special Counsel/Bankruptcy. Joined the firm as an associate in 2011. Member of the DE Bar since 2011. | 965 | 22.2 | 21,423.00 |
| Sophie Rogers Churchill | Associate/Bankruptcy. Joined the firm as an associate in 2021. Member of the DE Bar since 2022. | 635 | 177.8 | 112,903.00 |
| Echo Qian | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 595 | 3.1 | 1,844.50 |
| Grace E. Venit | Associate/Bankruptcy. Joined the firm as an associate in 2022. Member of the DE Bar since 2022. | 595 | 5.0 | 2,975.00 |
| Austin Park | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 545 | 4.6 | 2,507.00 |
| Casey B. Sawyer | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 545 | 165.8 | 90,361.00 |

3

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Brianna N. V. Turner | Associate/Bankruptcy. Joined the firm as a law clerk in 2024. | 545 | 63.4 | 34,553.00 |
| J. Luke Brzozowski | Associate/Bankruptcy. Joined the firm as a law clerk in 2023. | 545 | 0.5 | 272.50 |
| Byron Poland | Litigation Support | 395 | 0.7 | 276.50 |
| Desiree M. Vale | Paralegal | 395 | 1.5 | 592.50 |
| Rebecca L. Weidman | Paralegal | 395 | 55.3 | 21,843.50 |
| Valerie Walker | Legal Assistant | 355 | 0.5 | 177.50 |
| Marie Reed | Legal Assistant | 355 | 14.1 | 5,005.50 |
| **Total** | | | **768.8** | **583,013.00** |
| **BLENDED RATE: $758.34** | | | | |
| **ATTORNEY BLENDED RATE: $796.78** | | | | |

**COMPENSATION BY PROJECT CATEGORY**
**BIG LOTS, INC., et al.**
**(Case No. 24-11967 (JKS)**
**October 1, 2024, through October 31, 2024**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 3.80 | 1,759.00 |
| Asset Dispositions/363 Sales | 166.70 | 131,675.50 |
| Automatic Stay Matters | 6.20 | 5,056.00 |
| Creditor Communications and Meetings | 4.80 | 4,509.00 |
| Fee Applications (MNAT - Filing) | 3.10 | 1,701.50 |
| Fee Applications (Others - Filing) | 0.40 | 407.00 |
| Executory Contracts/Unexpired Leases | 112.10 | 94,765.50 |
| Other Contested Matters | 52.00 | 39,201.00 |
| Employee Matters | 9.20 | 7,733.00 |
| Financing Matters/Cash Collateral | 21.30 | 19,989.50 |
| Tax Matters | 5.60 | 4,623.00 |
| Insurance Matters | 2.90 | 2,301.50 |
| Reclamation/503(b)(9) Matters | 0.40 | 377.00 |
| Utility Matters | 22.80 | 17,845.00 |
| Vendor/Supplier Matters | 26.40 | 21,270.00 |
| Court Hearings | 176.70 | 121,085.50 |
| Claims Objections and Administration | 1.80 | 1,492.00 |
| Litigation/Adversary Proceedings | 0.20 | 215.00 |
| Professional Retention (MNAT - Filing) | 5.70 | 3,265.50 |
| Professional Retention (MNAT - Objections) | 0.20 | 127.00 |
| Professional Retention (Others - Filing) | 51.10 | 35,679.50 |
| Professional Retention (Others - Objections) | 7.40 | 5,572.00 |
| General Case Strategy | 35.60 | 28,838.00 |
| Schedules/SOFA/U.S. Trustee Reports | 52.40 | 33,525.00 |
| **TOTAL** | **768.80** | **$583,013.00** |

**EXPENSE SUMMARY**

**BIG LOTS, INC., et al.**
**(Case No. 24-11967 (JKS)**
**October 1, 2024, through October 31, 2024**

| Expense Category | Total Expenses |
| --- | --- |
| Pacer | 857.20 |
| In-House Printing - color | 4,642.40 |
| In-House Printing - black & white | 2,670.00 |
| In-House Duplicating - color | 82.98 |
| In-House Duplicating | 48.74 |
| Computer Research - Westlaw | 91.10 |
| Meals | 1,981.19 |
| Courier/Delivery Service | 955.01 |
| Transcripts | 4,685.26 |
| Support Staff Overtime | 91.31 |
| Use of Facilities/Equipment | 1,325.00 |
| Supplemental Tech Trial Support Services | 81.74 |
| **Grand Total Expenses** | **$17,511.93** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**(**Jointly Administered**)**<br><br><u>Objection Deadline</u>**:**<br>December 27, 2024 at 4:00 p.m. (ET) |

**SECOND MONTHLY FEE STATEMENT OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD OCTOBER 1, 2024, THROUGH AND INCLUDING OCTOBER 31, 2024**

Morris, Nichols, Arsht & Tunnell LLP ("<u>Morris Nichols</u>"), as bankruptcy co-counsel for the debtors and debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), submits this fee statement (the "<u>Fee Statement</u>") for monthly and interim allowance of compensation for professional services rendered by Morris Nichols to the Debtors for the period of October 1, 2024, through October 31, 2024 (the "<u>Statement Period</u>"), and reimbursement of actual and necessary expenses incurred by Morris Nichols during the Statement Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (D.I. 519) (the "Interim Compensation Procedures Order").[2] In support of this Fee Statement, Morris Nichols represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Fee Statement pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3.  On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

---

[2] Capitalized terms used but not defined herein are defined in the Interim Compensation Procedures Order.

2

**MORRIS NICHOLS'S RETENTION**

5.     Prior to the commencement of these chapter 11 cases, the Debtors retained Morris Nichols to provide advice regarding, among other things, preparing for, commencing, and prosecuting these cases under chapter 11 of the Bankruptcy Code.  On September 18, 2024, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 211) (the "Morris Nichols Retention Application").

6.     On October 22, 2024, this Court granted the Morris Nichols Retention Application pursuant to the *Order Authorizing the Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 587) (the "Morris Nichols Retention Order").

**INTERIM COMPENSATION PROCEDURES ORDER**

7.     The Court entered the Interim Compensation Procedures Order on October 17, 2024.  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all retained Professionals in these cases.

8.     In particular, the Interim Compensation Procedures Order provides that Professionals may file and serve a Monthly Fee Statement following the month or months for which compensation is sought, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. Parties in interest will have 21 days (or the next business day if such day is not a business day) after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested compensation for services rendered and reimbursement of expenses incurred.  Provided that there are no objections to such Monthly Fee Statement filed before the expiration of the Objection Deadline, the Professional may file a certificate of no objection (the "Certificate of No Objection")

3

with the Court.

9. Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Statement.

**RELIEF REQUESTED**

10. Morris Nichols submits this Fee Statement for (a) allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as co-counsel for the Debtors in these cases during the Statement Period and (b) reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols in representing the Debtors during the Statement Period.

11. During the Statement Period, Morris Nichols incurred fees in the amount of $583,013.00. For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $17,511.93. As of the date of this Fee Statement, Morris Nichols has received no payments with respect to these amounts.

12. Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols's timekeepers billing time to the Debtors' cases during the Statement Period.

13. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

14. **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Statement Period.

15. Morris Nichols charges $.10 per page for photocopying and printing. Morris Nichols does not charge for outgoing domestic facsimiles or incoming facsimiles.

16. In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

17. Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Morris Nichols has endeavored to coordinate with the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors.  Morris Nichols believes it has been successful in this regard.

18. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

19. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his or her information, knowledge, and belief that this Fee Statement complies with that Rule.

*[Remainder of the Page Intentionally Left Blank]*

WHEREFORE, Morris Nichols respectfully requests that the Debtors pay Morris Nichols $483,922.33, which is equal to the sum of 80% ($466,410.40) of Morris Nichols's requested compensation ($583,013.00) and 100% ($17,511.93) of Morris Nichols's requested expense reimbursement.

Dated: December 6, 2024
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*Counsel to the Debtors and Debtors in Possession*