**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Case No. 24-11967 (JKS) |
| ) | (Jointly Administered) |
| BIG LOTS, INC., *et al.*,[1] ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | **Re: Docket No. 1236** |

**OBJECTION OF B & B CASH GROCERY STORES, INC. TO DEBTORS' FOURTH NOTICE OF (A) BID DEADLINE, (B) SALE HEARING, AND (C) POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES**

B & B Cash Grocery Stores, Inc. ("B & B") hereby files this objection and reservation of rights (the "Objection") to the Debtors' *Fourth Notice of (A) Bid Deadline, (B) Sale Hearing, and (C) Potential Assumption and Assignment of Certain Unexpired Leases* [Docket No. 1236] (the "Assumption Notice") and respectfully states the following:

**BACKGROUND**

1. On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2. B & B, as landlord, and Debtor Big Lots Stores, LLC, as tenant ("Tenant"), are parties to that certain Lease Agreement dated April 5, 1995 (together with all exhibits and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

attachments thereto and as amended, extended and assigned from time to time, the "Lease")[2] for certain property located at 14948 N. Florida Ave, Tampa, FL (the "Premises"). A true and correct copy of the Lease is attached hereto as Exhibit "1".

3. The Lease contains a number of provisions applicable to the Assumption Notice and this Objection.

4. Section 4 of the Lease states, in pertinent part:

> Tenant covenants and agrees that the Demised Premises shall be used and occupied for the purpose of the retail sale of general merchandise. After the date of this Lease and thereafter during the term hereof so long as (i) Tenant is not in default hereunder, (ii) Tenant is open for business on an on-going basis (subject to temporary periods during which Tenant is closed due to remodeling or repairs after a casualty), and (iii) Tenant is conducting its business on the Demised Premises as a liquidator, close out store or dollar store, Landlord shall not enter into any lease for space in the Shopping Center with any other liquidator, close out store or dollar store operation ("Competing Business").

(*See* Ex. 1, § 4) (the "Exclusive Use").

5. Section 6 of the Lease states, in pertinent part, that the Debtor "shall have the right to make changes, additions, and alterations **inside**" of the Premises. (See Ex. 1, § 6)(emphasis added). Any alterations or repairs to the outside of the Premises are the responsibility of B & B and the Debtor shall not make any outside alterations or repairs without the written consent of B & B. (See Ex. 1, § 7).

6. Exhibit D to the Lease includes the specifications to any signage attached to the outside of the Premises.

7. The Assumption Notice identifies the Lease as an unexpired lease that may be assumed and assigned by the Debtors pursuant to 11 U.S.C. § 365 with a purported cure amount

---

[2] The original tenant under the Lease was Consolidated Stores Corporation, which, at some point changed its name to Big Lots Stores, Inc. and, ultimately, Big Lots Stores, LLC.

2

of $15,212.00 (the "Cure Amount"). The stated Cure Amount does not include unpaid amounts accrued post-petition, which must be paid to fulfill Tenant's obligations under the Lease.

## OBJECTION

8. B & B files this Objection, not to express its opposition to Debtors' efforts to assume and assign Tenant's interest in the Lease, but to oppose such assumption and assignment to the extent that Debtors propose to do so in violation of the provisions of, without limitation, § 365 of the Bankruptcy Code. Specifically, to comply with such provisions, Debtors must ensure that they provide adequate assurance of future performance under the Lease to B & B.

9. In order to assume and assign the Lease, Debtors are required, at the time of assumption, to cure or provide adequate assurance[3] of the prompt cure of all monetary and non-monetary defaults under the Lease, including, without limitation, defaults related to compliance with all provisions of the Lease, including the Exclusive Use.

10. The proposed assumption and assignment of the Lease must be accomplished subject to all of the Lease's provisions, both beneficial and burdensome. Section 365 of the Bankruptcy Code expressly provides that the assumption and assignment of an unexpired lease must be assumed and assigned in its entirety and not assumed and assigned only subject to the beneficial portions of such unexpired lease. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not 'cherry-pick' the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract,

---

[3] Although B & B received what is purported to be an adequate assurance package from the potential assignee of the Lease, such package does not clearly evidence the potential assignee's ability to fully perform under the terms of the Lease.

*cum onere*, or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R. 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is 'selling' a lease or executory contract, rather than assuming and assigning it.").

11. B & B objects to the Assumption Notice to the extent that the Cure Amount is inaccurate. While the Cure Amount does accurately reflect the unpaid rent that was due as of the Petition Date, since that time, additional amounts have accrued. Any order approving the assumption and assignment of the Lease should provide that the Cure Amount will be adjusted to include all unpaid amounts due to B & B under the Lease as of the date of the assumption and assignment of the Lease, and that amounts which have accrued but are not yet due, such as Tenant's share of common area maintenance expenses, insurance and taxes (collectively, the "Expenses"), will be obligations the purchaser/assignee of the Lease must pay to B & B when such obligations become due under the provisions of the Lease. B & B has estimated that those Expenses total $68,450.53, which has accrued since January 2024. Pursuant to the Lease, this amount must be paid. A copy of the Expense reconciliation is attached hereto as Exhibit "2".

12. Further, as with respect to shopping center leases (like the Lease), the Bankruptcy Code specifically provides that any assumption and assignment must be subject to any existing use provisions. *See* 11 U.S.C. § 365(b)(3)(C) (providing that, for a bankruptcy court to approve the assumption and assignment of a shopping center lease, the "assumption or assignment of such

lease [must be] subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center").

13. Bankruptcy courts across the country have agreed that any proposed assumption and assignment of an unexpired lease must be assumed and assigned subject to any existing restricted use provisions in such unexpired lease. *See In re Trak Auto Corp.*, 367 F.3d 237, 244 (4th Cir. 2004) ("Specifically, when a shopping center lease is assigned in bankruptcy, Congress's purpose in § 365(b)(3)(C) is to preserve the landlord's bargained-for protections with respect to premises use and other matters that are spelled out in the lease with the debtor-tenant."); *In re Three A's Holdings, L.L.C.*, 364 B.R. 550, 560 (Bankr. D. Del. 2007) (denying proposed assumption and assignment of lease where proposed assignee's use of leased premises would violate restrictive covenant applicable to such lease).

14. B & B further objects to the Assumption Notice to the extent the Debtors seek authorization for the assumption and assignment of the Lease free and clear of any of Tenant's obligations or prohibitions under the Lease, including, but not limited to, the Exclusive Use, the alteration provisions, the signage requirements, and any extended "dark" period.

15. Any order approving the assumption and assignment of the Lease should clarify that the assumption and assignment of the Lease is subject to all of Tenant's obligations and prohibitions under the Lease, which could have or did exist, occur, arise, or accrued prior to the assumption and assignment of the Lease.

**RESERVATION OF RIGHTS**

16. B & B reserves the right to modify, supplement, or amend this Objection as further information becomes available, including reserving the right to object to the Cure Amount and

adequate assurance of future performance before the date of assumption and assignment of the Lease.

## **CONCLUSION**

Accordingly, B & B objects to the proposed assumption and assignment of the Lease and respectfully asks the Court to enter an order consistent with this Objection.

Dated: December 11, 2024                CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

-and-

Randall P. Mueller, Esquire
Carey, O'Malley, Whitaker, Mueller, Roberts & Smith P.A.
712 S. Oregon Avenue
Tampa, FL  33606
813-250-0577
rmueller@careyomalley.com

*Counsel for B & B Cash Grocery Stores, Inc.*