**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date: December 19, 2024 at 1:00 pm (ET)**<br>**Obj. Deadline: December 12, 2024 at 5:00 pm (ET)**<br><br>**Re:  Docket Nos. 13, 1198, 1236 & 1312** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE KIN
LANDLORDS TO DEBTORS' FOURTH NOTCE OF SUCCESSFUL BIDDERS WITH
RESPECT TO THE AUCTION OF CERTAIN OF THE DEBTORS' LEASE ASSETS
AND ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES**

Kin Properties, Inc. and Fort Wayne Matador, Inc. (collectively, the "Kin Landlords")

hereby file this limited objection to the *Fourth Notice of Successful Bidders With Respect to the*

*Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain*

*Unexpired Leases* [D.I. 1312] (the "Fourth Notice"), and all related motions and notices, and in

support hereof respectfully states as follows.

**BACKGROUND**

1.      On September 9, 2024 (the "Petition Date"), the above-captioned debtors and

debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary

petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their
respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big
Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots
Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR,
LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033);
AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big
Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate
headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

(the "Bankruptcy Code") in this Court.  No trustee or examiner has been appointed and the Debtors

continue to operate their businesses and manage their properties as debtors in possession pursuant

to 11 U.S.C. §§ 1107 and 1108.

2.        The Kin Landlords and Debtor Big Lots Stores, LLC are parties to that certain

unexpired lease of nonresidential real property (the "Kin Lease") for the premises located at 901

E. Langsford Road, Lees Summit, Missouri (the "Leased Premises"), leased by the Debtors in

connection with the operation of a retail store (Big Lots Store No. 5264).

3.        The Leased Premises is located in a shopping center as that term is used in section

365(b)(3) of the Bankruptcy Code. *See*, *e.g.*, *In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir.

1990).

4.        On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Interim*

*and Final Orders (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of*

*Certain Leases, and (III) Granting Related Relief* [D.I. 13] pursuant to which the Debtors

sought entry of an order establishing procedures for the sale of the Lease Assets (as defined

therein).

5.        On November 20, 2024, this Court entered the *Fourth Interim Order (I)*

*Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and*

*(III) Granting Related Relief* [D.I. 1198] which, among other things, approved certain procedures

(the "Lease Procedures") for the lease auction to be held in December 2024.

6.        On November 25, 2024, the Debtors filed the *Fourth Notice of (A) Bid Deadline,*

*(B) Sale Hearing, and (C) Potential Assumption and Assignment of Certain Unexpired Leases*

[D.I. 1236], therein identifying certain Lease Assets, including the Kin Lease, subject to potential

assumption and assignment pursuant to the Lease Procedures.

7.      On December 5, 2024, the Debtors filed the Fourth Notice, whereby the Debtors propose to assume and assign the Kin Lease to Ollie's Bargain Outlet, Inc. ("Ollie's").  The Fourth Notice lists a purported cure amount payable in connection with the Kin Lease in the amount of $19,175.

8.      The Kin Landlords, Debtors and Ollie's, through counsel, are in discussions regarding a potential consensual resolution of the proposed assumption and assignment of the Kin Lease.  While those discussions are ongoing and in light of the upcoming hearing on December 19, 2024, the Kin Landlords file this limited objection to preserve all rights and claims.

## LIMITED OBJECTION

9.      The Kin Landlords are not opposed to the Debtors' efforts to assume and assign their interests in the Kin Lease.  But as part of any proposed assumption and assignment, the Debtors must ensure that the Kin Landlords receive proper treatment under the provisions of the Bankruptcy Code, including the cure or adequate assurance of the prompt cure of defaults under the Kin Lease, and adequate assurance of future performance under the Kin Lease.

10.     In order to assume and assign the Kin Lease, the Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Kin Lease, including, without limitation, any and all defaults with respect to rent, insurance requirements under the Kin Lease, real estate taxes and other charges, amounts payable under reciprocal easement agreements, utilities (including electricity, gas, oil, water, telephone, sanitary sewer services and all other and utilities), attorneys' fees and costs, repair, maintenance, and replacement obligations, environmental cleanup obligations, hazardous materials restrictions, the satisfaction of liens, compliance with laws, indemnification obligations, or similar charges owing under the Kin Lease that remain undetermined as of the date of the

proposed assumption (the "Unliquidated Obligations"). Thus, for example, the Debtors are not entitled to assume or assign the Kin Lease by merely curing arrearages in rent. Instead, the Debtors must cure, or provide adequate assurance of promptly curing, all liquidated cure amounts and other Unliquidated Obligations under the Kin Lease, including, without limitation, performing their current and future obligations to maintain the Leased Premises and make repairs and replacements, as a condition to the assumption and assignment of the Leases. *See* 11 U.S.C. § 365(b)(1).

11.     Any assumption or assignment of the Kin Lease must be done, if at all, subject to all of the benefits and burdens of such lease. Section 365 of the Bankruptcy Code provides only for the assumption or assignment of an executory contract or unexpired lease in its entirety, and debtors may not assume only the favorable parts of a contract or lease and reject parts that they deem unfavorable. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not "cherry-pick" the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere,* or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 97 (3d Cir. 1951)); *see also In re*

*Access Beyond Technologies, Inc.*, 237 B.R 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is "selling" a lease or executory contract, rather than assuming and assigning it.").

12.    The Kin Landlords object to the Debtors' proposed cure amount, and further object to the extent the Debtors seek authorization for the sale or assignment of the Kin Lease free and clear of any liquidated cure amounts or Unliquidated Obligations under the Leases, including without limitation any obligations to satisfy unbilled taxes or other charges, reconciliations, or adjustments. Any order approving the assumption and assignment of the Kin Lease should make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all Unliquidated Obligations under the Kin Lease shall survive, and that any assignee shall take the Kin Lease subject to all of respective terms of the Kin Lease (including, without limitation, lease provisions relating to alterations to the Leased Premises, prohibited uses and restrictions of record, including with respect to signage) and undertake to satisfy all monetary and other non-monetary obligations under the Kin Lease, regardless of whether such Unliquidated Obligations could be argued to have existed, occurred, arose, accrued or related to a period prior to the assumption and assignment of the Leases. Furthermore, any order approving the assumption and assignment of the Kin Lease should, among other things, (i) provide that the transfer of the Kin Lease shall be subject to any easements, reciprocal easement agreements, operating or redevelopment agreements, licenses, permits, dedications, covenants, or other rights applicable to such real estate that run with the land or limit or condition the permitted use of the property, and (ii) specify that the Kin Landlords' setoff, recoupment, indemnification and subrogation rights are preserved, regardless of when such rights accrued.

13.    Statements of liquidated cure amounts known by the Kin Landlords are included in the schedule attached hereto as **Exhibit A** (the "Cure Schedule").  The Cure Schedule further identifies certain repair and maintenance items (based on a property inspection report that the Kin Landlords, through counsel, have provided to the Debtors and Ollies) that are the responsibility of the tenant under the Kin Lease.  The Kin Landlords are continuing to investigate the situation at the Leased Premises and reserve the right to increase or reduce the amount of any asserted or estimated repair and maintenance cost.  Furthermore, the Cure Schedule does not identify or include Unliquidated Obligations or other cure amounts that may become due and owing after the date hereof and prior to the time the Kin Lease is actually assumed and assigned, or any amounts that are currently unknown or undetermined by the Kin Landlords.  The Kin Landlords reserve the right to amend or supplement the Cure Schedule as necessary or appropriate under the circumstances, including without limitation to account for further property inspections, reconciliations or adjustments which have not yet been billed or have not yet become due under the terms of the Kin Lease, amounts that become due and owing after the date hereof and prior to the time the Kin Lease is actually assumed and assigned, or amounts that the Kin Landlords become aware of after the date hereof.

## OBJECTION REGARDING ADEQUATE ASSURANCE INFORMATION

14.    Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code require that adequate assurance of future performance be provided in connection with the assumption or assignment of an unexpired lease.  The Debtors and any proposed assignee have the burden of proving adequate assurance of future performance with respect to the potential assumption and assignment of the Kin Lease.  *See In re Res. Tech. Corp.*, 624 F.3d 376, 385 (7th Cir. 2010); *In re C.W. Mining Co.*, Adv No. 09-2248, 2010 WL 458914, at *9 (Bankr. D. Utah Feb. 10, 2010); *In*

*re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143, 147 (Bankr. D. Conn. 1995); *In re Rachels Indus.*
*Inc.*, 109 B. R. 797, 802 - 03 (Bankr. W.D. Tenn. 1990).

15.     On December 3, 2024, the Kin Landlords, through counsel, received Ollie's
adequate assurance information, which the Kin Landlords are reviewing.  The Kin Landlords
accordingly reserve all rights, including the right to request further adequate assurance
information.

## RESERVATION OF RIGHTS

16.     The Kin Landlords expressly reserve all of their rights under the Kin Lease and
applicable law with respect to any and all obligations of the Debtors and/or any proposed assignee
as tenant, including without limitation the Kin Landlords' right to claim any amounts of rent,
charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that
have been assessed against the Leased Premises, unsatisfied liens on the Leased Premises created
by the Debtors and/or the proposed assignee and/or insurance premiums, and charges to
compensate for non-monetary defaults, including without limitation all maintenance,
indemnification and environmental obligations of the Debtors and/or any proposed assignee.  The
Kin Landlords further reserve all rights to raise further objections, as necessary or appropriate
under the circumstances, relating to any motion or request to assume or assign the Kin Lease.

## JOINDER

The Kin Landlords hereby join in any objections filed by other landlords to the extent not
inconsistent with this Limited Objection.

WHEREFORE, the Kin Landlords hereby request that any final order approving any
assumption or assignment of the Kin Lease incorporate the objections and other relief requested

herein, and that they be granted such other or further relief as is just and appropriate under the circumstances.

Dated: December 12, 2024

**BAYARD, P.A.**

By: */s/ Ericka F. Johnson*

Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com

and

**TAYMAN LANE CHAVERRI LLP**

Jeffrey Rhodes (*pro hac vice*)
2001 L Street, NW, Suite 500
Washington, DC 20036
Email: jrhodes@tlclawfirm.com

*Counsel for Kin Properties, Inc. and Fort Wayne Matador, Inc.*