**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al,.*[1] | ) | Case No. 24-11967 (JKS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **RE: Docket No. 1236, 1312** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PREMIUM ASSET MANAGEMENT, INC TO THE ASSUMPTION AND ASSIGNMENT OF LEASE PURSUANT TO THE LEASE SALES PROCEDURES

Premium Asset Management, Inc. ("PAM"), by and through counsel, and as managing agent to certain landlords (the "Landlord")[2], hereby files this Objection (the "Objection") to the Debtors' *Fourth Notice of (A) Bid Deadline, (B) Sale Hearing, and (C) Potential Assumption and Assignment of Certain Unexpired Leases* [Docket No. 1236] (the "Assumption Notice") and *Fourth Notice of Successful Bidders with Respect to the Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases* [Docket No. 1312] ("Successful Bidder Notice" and with the Assumption Notice, collectively the "Notice") and states as follows:

1.  On September 9, 2024 (the "Petition Date"), Big Lots, Inc, and certain affiliates (collectively, the "Debtors") filed a Voluntary Petition for relief under Chapter 11 of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] PAM is managing agent to landlord counter-parties as reference in PAM's original Cure Objection filed at Docket No. 857.

Bankruptcy Code before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. The Debtors have continued to operate their business and manage their properties as debtor's-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. The Debtors and PAM are parties to that certain unexpired lease of nonresidential real property (the "PAM Lease") involving the Debtors' retail store (Store #5230) (the "Leased Premises") located in Vero Beach, Florida.

4. The Leased Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. See, e.g., *In re Joshua Slocum Ltd.,* 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5. On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 13] (the "Lease Procedures Motion") pursuant to which the Debtors sought entry of an order establishing procedures for the sale of the Lease Assets.

6. On November 20, 2024, this Court entered the *Fourth Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [Docket No. 1198] (the "Lease Procedures Order") which, among other things, approved certain procedures (the "Lease Procedures") for the Lease Auction to be held in December of 2024.

7. As contemplated by the Lease Procedures Order, on November 25, 2024, the Debtors filed the Assumption Notice which identifies certain Lease Assets, including the PAM

Lease, that may be assumed and assigned pursuant to the Lease Procedures. The Assumption Notice lists the cure amount for the PAM Lease as $81,000.00 (the "Proposed Cure Amount").

8. On December 5, 2024, the Debtors filed the Successful Bidder Notice whereby the Debtors propose to assume and assign the PAM Lease (the "Proposed Assignment") to Aldi, Inc (the "Proposed Assignee" or "Aldi").

## **OBJECTION**

9. Section 365(b) provides in pertinent part as follows:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10. Section 365(b)(1) includes compensation to landlords for sums incurred for attorneys' fees and expenses. The PAM Lease provides for recovery of attorneys' fees and expenses. PAM hereby objects to assumption of the PAM Lease listed in the Proposed Cure Amount absent payment of PAM's attorneys' fees and expenses.

11. The Proposed Cure Amount is not accurate and will not cure all amounts due and owing to PAM under the PAM Lease. As of the date of this Limited Objection, the aggregate cure amount owing under the PAM Lease is not less than $165,210.00, plus any indemnity and contribution obligations and additional accrued but unbilled amounts (the "PAM Cure Amount"). Attached hereto and incorporated herein as **Exhibit A** is an itemization of the amounts

3

due and owing under the PAM Lease. The itemization includes amounts for attorney's fees through December 11, 2024. PAM reserves the right to supplement this amount as December fees and costs are finalized.

12. PAM further objects to the assumption of the PAM Leases absent payment of all cure amounts owed thereunder from the date of this Objection through the effective date of assumption, including any amounts that will become due or be invoiced on or after the Objection filing date (including, but not limited to, additional amounts, not yet known, that accrued following the filing date, such as year-end adjustments to various items including, but not limited to, real estate taxes, common area maintenance, percentage rent and insurance), as well as attorneys' fees and costs.

13. The PAM Lease must be assumed without modification, *cum onere,* with all of their benefits and burdens, as expressly provided in 11 U.S.C. §365(b)(3)(C). The trustee, however, may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other. *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951); see also, *In re Fleming*, 499 F.3d 300, 308 (3d Cir. 2007) ("Section 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder."); *In re Dewalt*, 107 B.R. 719, 727 (B.A.P. 9th Cir. 1989) *rev'd on other grounds* 961 F.2d 848, 851 (9th Cir. 1992) ("The courts have unanimously held that the debtor must assume the detriments as well as the benefits of such contracts."); *Schokbeton Inds. v. Schokbeton Products Corp.*, 466 F.2d 171, 175 (5th Cir. 1972) ("the universally recognized rule that a trustee cannot accept the benefits of an executory contract without accepting the burdens as well."); *Matter of Steelship Corp.*, 576 F.2d 128, 132 (8th Cir. 1978) ("It is well settled that the trustee cannot accept the benefits of an executory contract without assuming its burdens as well."); *In re Airlift Intern.,*

4

*Inc.*, 761 F.2d 1503, 1512 (11th Cir. 1985) ("It is well-settled that when the debtor or trustee enters into a post-petition agreement he is bound by the terms of such agreement, and if he receives the benefits he must adopt the burdens."); *Matter of Chicago, Rock Island and Pac. R. Co.*, 860 F.2d 267, 272 (7th Cir. 1988) ("A trustee in bankruptcy takes the debtor's contracts *cum onere,* that is, subject to existing burdens. '[A] trustee cannot accept the benefits of an executory contract without accepting the burdens as well.'"); *In re ANC Rental Corp.*, 277 B.R. 226, 238-39 (Bankr. D. Del. 2002) (same).

## JOINDER

14. In addition to the foregoing, PAM further joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the relief requested in this Objection.

## RESERVATION OF RIGHTS

15. PAM hereby reserves its rights to make such other and further objections as may be appropriate to all PAM leases, including, but not limited to, objections regarding adequate assurance of future performance under Section 365.

## CONCLUSION

16. For the reasons set forth above, PAM respectfully requests that this Court (i) sustain this Objection; (ii) require that any order authorizing the assumption of the PAM Lease affirmatively require Debtors to pay all amounts accrued but not yet billed following the date of this Objection, including attorneys' fees and expenses; and (iii) grant PAM such further relief as it deems proper.

Date: December 12, 2024
Wilmington, DE

        HOGAN♦McDANIEL

        */s/Garvan F. McDaniel*
        Garvan F. McDaniel (DE Bar No. 4167)
        1311 Delaware Avenue
        Wilmington, Delaware 19806
        Telephone: 302.656.7540
        Facsimile: 302.656.7599
        Email: gfmcdaniel@dkhogan.com

        *ATTORNEY FOR PREMIUM ASSET MANAGEMENT, INC*