**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Related Docket Nos. 1198 and 1312** |

**ROSS STORES, INC.'S OBJECTION TO DEBTORS' FOURTH NOTICE OF
SUCCESSFUL BIDDERS WITH RESPECT TO THE AUCTION OF CERTAIN OF
THE DEBTORS' LEASE ASSETS AND ASSUMPTION AND ASSIGNMENT
OF CERTAIN UNEXPIRED LEASES**

Ross Stores, Inc. ("Ross"), party-in-interest in the above-captioned Chapter 11 cases,

submits this Objection ("Objection") to the *Fourth Notice of Successful Bidders with Respect to*

*the Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain*

*Unexpired Leases* [Dkt No. 1312] ("Assumption Notice"), filed by Big Lots, Inc., *et al.*

("Debtors").  In support of this Objection, Ross respectfully states as follows:

**INTRODUCTION**

1.       The Assumption Notice was filed in connection with the *Fourth Interim Order*

*(I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and*

*(III) Granting Related Relief* [Dkt. No 1198], which approved procedures for the Debtors to

conduct an auction for the sale or transfer of unexpired leases.

2.       The Assumption Notice identifies for assumption and assignment, Debtors' lease

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

#5216 ("Lease #5216") for property located at 5702 Nolensville Rd., Nashville, TN ("Property"). The purchaser/assignee is Burlington Coat Factory Warehouse Corporation ("Burlington"). The Debtors have a potential back up bid from 5620 Nolensville Pike LLC who is the current landlord of the Property ("Landlord").

3.    Ross is a leading off-price retailer that offers first quality, name brand apparel for men, women, and children at prices substantially reduced from those charged by typical department stores. In the retail industry, Ross' business is categorized as off-price apparel and home products.

4.    Ross leases from the Landlord premises located at 5706 Nolensville Road, Nashville, TN ("Nashville Ross"). The Nashville Ross store is located in the same parcel as the Property. Burlington competes directly with Ross in the off-price apparel and home product market and if Burlington is allowed to assume Lease #5216, their store would be adjacent to the Nashville Ross store.

5.    In negotiating a lease, Ross often seeks the exclusive right for its primary business in a shopping center or development. In negotiating its lease with the Landlord, Ross negotiated the exclusive right for sale of off-price apparel ("Exclusive"), including the exclusion of Burlington, as set forth in the Memorandum of Lease (defined below). At the time that Ross negotiated and entered into the Lease, there were no other large off-price apparel tenants in the shopping center.

6.    The Exclusive serves to prevent competitors such as Burlington from "free riding" on Ross' investment in the shopping center where the Nashville Ross store is located. Without the Exclusive, other off-price retailers could wait to see how Ross' business performed before deciding to invest in this location.

7.      Ross has now been operating in the Nashville Ross for more than 2 years, and has built a successful store.  Throughout this time, Ross has paid substantial rent in exchange for its bargained for benefits, which includes protection from competitors guaranteed by the Exclusive.  Ross relied on the Exclusive when entering into the lease, agreeing to the rent amount, and developing its business at the Nashville Ross location.  Now the Debtors are proposing to assign Lease #5216 to a direct competitor of Ross, Burlington, which is an express violation of the Ross' lease with the Landlord.  Because of this, adequate assurance cannot be provided and the backup bid by the Landlord may be the best and highest offer for the Debtors.

**<u>BACKGROUND</u>**

8.      The Debtors filed the above-captioned case on September 9, 2024 ("<u>Petition Date</u>") and an order directing joint administration was entered shortly thereafter.  The Debtors continue to operate as debtors in possession.

9.      On October 11, 2022, Ross recorded with the Davidson County a Memorandum of Lease, which sets forth certain key terms of the lease between Ross and the Landlord ("<u>Memorandum of Lease</u>").  A true and correct copy of the Memorandum of Lease is attached hereto as **<u>Exhibit A</u>**.  Specifically, the Memorandum of Lease, in relevant part, states with respect to section 15.3 of the lease, the following:

> Without the prior written consent of Tenant, which consent may be withheld in the absolute and sole discretion of Tenant, no tenant or occupant of Landlord's Parcel (other than Tenant) may use, and Landlord, if it has the capacity to do so, shall not permit any other tenant or occupant of Landlord's Parcel to (a) use its premises for Off Price Sale (as hereinafter defined) of merchandise. . . . For purposes of this Section 15.3, "Off Price Sale" shall mean the retail sale of merchandise on an everyday basis at prices reduced from those charged by full price retailers . . . (As of the Effective Date, examples of Off Price Sale retailers include such retailers as . . . Burlington . . . .  The foregoing use restrictions shall not apply to Existing Tenants listed on Exhibit L . . . .

10.      On December 5, 2024, the Debtors filed the Assumption Notice which identifies the Property to be assumed and assigned to Burlington with a purchase price of $300,000 and a cure amount of $23,708.  The Property lease is subject to a backup bid from the Landlord for $250,000, a $50,000 difference.

## ARGUMENT

**I.    Burlington Cannot Provided Adequate Assurance of Future Performance for Lease #5216.**

11.      Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance.  11 U.S.C. § 365(b)(1).

12.      Lease #5216 is a lease for real property in a shopping center as that term is defined by Bankruptcy Code section 365(b)(3).  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3d Cir. 1990).  It is well-established that "[t]he Bankruptcy Code imposes heightened restrictions on the assumption and assignment of leases of shopping centers."  Id. at 1086.

13.      Pursuant to Bankruptcy Code section 365(b)(3)(C) and (D), Burlington cannot provide adequate assurance of future performance under Lease #5216 because Burlington cannot operate a store that space without violating the terms of the lease Landlord has with Ross and without disrupting the existing tenant mix.

14.      Specifically, Bankruptcy Code section 365(b)(3)(C) states:

> (3)      For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance—
>
> (C)      that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, **and will not breach any such provision contained in any other lease**, financing agreement, or master agreement relating to such shopping center . . . .

4

11 U.S.C. § 365(b)(3)(C) (emphasis added).  Bankruptcy Code section 365(b)(3)(D) further

provides that adequate assurance of future performance includes assurance "that assumption or

assignment of such lease will not disrupt any tenant mix or balance in such shopping center."  11

U.S.C. § 365(b)(3)(D).

15.    While adequate assurance of future performance is not defined in the Bankruptcy

Code, several courts have looked to legislative history for guidance and have concluded that "the

term was intended to be given a practical, pragmatic construction" in light of the facts of each case.

In re DBSI, Inc., 405 B.R. 698, 708 (Bankr. D. Del. 2009).  The emphasis is on protection of the

lessor, and the intention "is to afford landlord with a measure of protection from having to be

saddled with a debtor that may continue to default and return to bankruptcy."  In re Natco

Industries, Inc., 54 B.R. 436, 441 (Bankr. S.D.N.Y. 1985).  By implication, Bankruptcy Code

section 365 operates to remove doubts entertained by a lessor concerning the status of his lease

with the bankruptcy estate.  See In re Standard Furniture Co., 3 B.R. 527, 530 (Bankr. S.D. Cal.

1980).

16.    The lease with Ross specifically prohibits the use by any other tenant of space

within the shopping center for Off Price Sale.  Moreover, it specifically prohibits Burlington from

operating within the shopping center.  While the lease provides for an exception for Existing

Tenants (defined as tenants on Exhibit L to the Memorandum of Lease), it is notable that the parties

negotiated for exceptions for the exiting **tenants**, which does not include any direct competitors

of Ross, as opposed to the lease having been drafted as creating an exception for existing leases.

This is because a material term of Ross' bargain with the Landlord was tenant mix.  Prohibiting

assignment of leases that would breach use and exclusivity provisions in any other lease and

negatively impact tenant mix is not only what the plain language of Bankruptcy Code sections

365(b)(3)(C) and (D) state, but it is the practical, pragmatic construction of such section. Accordingly, Lease #5216 cannot be assumed and assigned to Burlington pursuant to Bankruptcy Code sections 365(b)(3)(C) and (D).

17.     Moreover, no parties are unduly prejudiced by such a finding.  The Memorandum of Lease was publicly recorded and all parties in interest were or should have been aware of the use restrictions when bidding on Lease #5216.  Accordingly, these restrictions should have been considered when the Debtors were determining the highest or otherwise best offer for the Lease #5216.  Highest or otherwise best is not simply a monetary calculation.  Nonetheless, the costs of litigation that are likely to drain the limited difference between the winning bid and the back-up bid should have been factored into the Debtors' declaration of the winning bid in this case.

18.     Creditors are not harmed because the "value" from the proposed sale to Burlington was illusory.  A precondition to realizing the sale value would be the Debtors' ability under the Bankruptcy Code to assume and assign Lease #5216 to Burlington.  Bankruptcy Code sections 365(b)(3)(C) and (D) prohibit such assignment.  Therefore, the creditors are not losing value that could not have been realized under the Bankruptcy Code.

## JOINDER AND RESERVATION OF RIGHTS

19.     To the extent not inconsistent with the arguments raised in this Objection, Ross joins in the objection filed by 5620 Nolensville Pike, LLC and any other landlords' objections raising objections to assumption and assignment of leases.

20.     Ross reserves the right to modify, supplement, or amend this Objection as further information becomes available.

**<u>CONCLUSION</u>**

For the foregoing reasons, Ross objects to the proposed assumption and assignment of

Lease #5216 and asks the Court to enter an order consistent with this Objection.

Dated: December 13, 2024          BAYARD, P.A.
       Wilmington, Delaware

                                          */s/ Ericka F. Johnson*
                                          Ericka F. Johnson (No. 5024)
                                          Steven D. Adler (No. 6257)
                                          600 N. King Street, Suite 400
                                            Wilmington, Delaware 19801
                                            Phone: (302) 655-5000
                                            Email: ejohnson@bayardlaw.com
                                                          sadler@bayardlaw.com

                                          *-Counsel to Ross Stores, Inc.*