**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br><u>Hearing Date</u>: TBD<br><br><u>Obj. Deadline</u>: December 27, 2024, at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
<u>NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF</u>**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each

of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order (I) Extending Time*

*to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related*

*Relief* (this "**Motion**").  In support of this Motion, the Debtors respectfully state as follows:

**<u>Relief Requested</u>**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>**, (a) extending the deadline by which they must assume or reject their

unexpired leases of nonresidential real property (the "**Unexpired Leases**") for 90 days, from

January 7, 2025 up to and including April 7, 2025, in accordance with section 365(d)(4) of the

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Bankruptcy Code, and (b) granting related relief.[2]  The Debtors further request that the proposed extension be without prejudice to the Debtors' rights to seek additional extensions.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are section 365(d)(4) of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9006-2.

**Background**

6.      On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to

---

[2] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline has automatically extended such deadline until such time as the Court rules on this Motion.

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

7.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[3]

8.      On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

9.      Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (the "**First Day Declaration**").[4]

---

[3] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS) *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

[4] Capitalized terms used but not defined herein shall have the meanings given to them in the First Day Declaration.

<u>**Basis for Relief**</u>

**I.    Cause Exists to Extend the Time to Reject Unexpired Leases.**

10.    Section 365(d)(4) of the Bankruptcy Code provides a 120-day window, as well as a discretionary 90-day extension of such window, for the assumption or rejection of an unexpired nonresidential lease:

(A)    Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of

(i)    the date that is 120 days after the date of the order for relief; or

(ii)    the date of the entry of an order confirming a plan.

(B)

(i)    The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii)    If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11.    Thus, an unexpired lease of nonresidential real property under which a debtor is the lessee will be deemed automatically rejected if the debtor does not assume or reject such lease within the earlier of 120 days after its bankruptcy filing and plan confirmation. However, a court may extend the above deadline for an additional 90 days on the motion of the debtor or the lessor for cause. 11 U.S.C. 365(d)(4)(B)(i).

12.    The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code. Additionally, the Bankruptcy Code does not establish formal criteria for evaluating a request for an extension of the initial 120-day period. The decision to extend a debtor's time to assume or reject unexpired leases of nonresidential real property is within the sound discretion of

the court, and courts have identified several non-exclusive factors to consider in determining

whether such cause exists, including:

> (i)      The complexity of the case facing the debtor;
>
> (ii)     Whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;
>
> (iii)    Whether the debtor is paying for the use of the property;
>
> (iv)    Whether the debtor's continued occupation could damage the lessor beyond the compensation available to it under the Bankruptcy Code;
>
> (v)     Whether the leases are an important asset of the estate; and
>
> (vi)    The number of leases the debtor must evaluate.

*See South St. Seaport L.P. v. Burger Boys, Inc.* (*In re Burger Boys, Inc.*), 94 F.3d 755, 760–61 (2d

Cir. 1996); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc.* (*In re Channel Home Ctrs., Inc.*),

989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a

bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in

light of the plan it is formulating."); *In re GST Telecom Inc.*, No. 00-1982- GMS 2001 WL 686971,

at *3 (D. Del. June 8, 2001) (holding that "equity dictates that courts can grant debtors additional

time in which to decide whether to assume or reject a particular lease").

13.      Here, ample cause exists for the Court to grant the requested relief.  *First*, the

Chapter 11 Cases are large and complex and involve a substantial number of leases for

nonresidential real property.   On the Petition Date, the Debtors were the lessee under

approximately 1,400 leases.  Since then, approximately 344 leases have been noticed to be rejected

pending entry of an order of the Court.[5]  Additionally, the Debtors have assumed and assigned

---

[5] As of the date of this Motion, approximately 142 leases have been rejected pursuant to orders of the Court, and approximately 149 leases were noticed for rejection on December 2, 2024 and remain pending entry of an order approving such rejection. The remainder of the leases noticed for rejection were ultimately removed and assumed by the Debtors and assigned to the respective successful bidder pursuant to the Lease Sale Procedures (as defined in the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Procedures To Sell Certain Leases, (II)*

numerous leases through the Lease Sale Procedures, and many other leases are due to be assumed and assigned in connection with a sale of substantially all of the Debtors' assets.  Once any issues relating to lease rejection are adjudicated or resolved, the Debtors will be in the position to assume or reject such remaining Unexpired Leases in order maximize their value to the Debtors' estates.

14.    *Second*, the Debtors' do not want to inadvertently reject an otherwise Unexpired Lease, which may be valuable to the estate.  The requested 90-day extension will preserve the Debtors' optionality with respect to the continued monetization of the remaining Unexpired Leases.

15.    *Third*, as required by section 365(d)(3) of the Bankruptcy Code, the Debtors have been, and intend to continue to ensure the timely payments on account of the postpetition rent obligations arising under the Unexpired Leases, in the ordinary course of business.

16.    *Fourth*, the timely payment of postpetition rent obligations means that the requested extension will not prejudice or otherwise affect the substantive rights of the lessors under the Unexpired Leases.  *See, e.g.*, *In re Bon Ton Rest. & Pastry Shop, Inc.*, 52 B.R. 850, 854–55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline; *see also In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo . . . . ") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989)).

17.    Courts in this district have consistently granted extensions for debtors to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code.  *See,*

---

*Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 13], as well as the various interim orders granting the relief requested therein, *see* D.I. 137, 460, 650, 1198).

*e.g.*, *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Aug. 21, 2024) (extending time period to assume or reject unexpired nonresidential real-property leases by an additional 90 days); *In re Trex Wind-Down, Inc.*, No. 23-11878 (JKS) (Bankr. D. Del. Apr. 4, 2024) (same); *In re AeroCision Parent, LLC*, No. 23-11032 (KBO) (Bankr. D. Del. Nov. 2, 2023) (same); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Mar. 3, 2023) (same); *In re Phoenix Services Topco, LLC*, No. 22-10906 (MFW) (Bankr. D. Del. Feb. 10, 2023) (same); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) (Bankr. D. Del. Oct. 13, 2020) (same); *In re Destination Maternity Corp.*, 19-12256 (BLS) (Bankr. D. Del. Jan. 21, 2020) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same).

18.     Accordingly, the Debtors submit that cause exists for the Court to extend the time within which the Debtors may assume or reject the Unexpired Leases, through and including, April 7, 2024.

<u>**Reservation of Rights**</u>

19.     Nothing in this Motion is intended or shall be deemed to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law or otherwise affect the rights of the Debtors to contest the validity, priority, or amount of any claim; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) an assumption or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (d) an admission with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code.  If the Court grants the relief requested herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Unexpired Leases under sections 365(d)(3) and

365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

## Notice

20.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as proposed co-counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the DIP ABL Agent; (h) Otterbourg P.C., as counsel to the DIP Term Agent; (i) all landlords; (j) counterparties to the Unexpired Leases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors submit that no other or further notice is necessary.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter the Order, attached hereto as **Exhibit A**, and grant such other relief as is just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court enter the proposed Order, substantially in the form attached hereto, and grant such other relief as this Court deems appropriate under the circumstances.

Dated: December 13, 2024
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4277)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:    (302) 658-9200
Email:        rdehney@morrisnichols.com
              aremming@morrisnichols.com
              dbutz@morrisnichols.com
              tmann@morrisnichols.com
              srchurchill@morrisnichols.com

- and -

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Jonah A. Peppiatt (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4000
Email:        brian.resnick@davispolk.com
              adam.shpeen@davispolk.com
              stephen.piraino@davispolk.com
              jonah.peppiatt@davispolk.com
              ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*