**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 1360** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SHORTEN NOTICE PERIOD WITH RESPECT TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ENFORCE THE FINAL DIP ORDER AND COMPEL PAYMENT OF STUB RENT AND SECTION 503(b)(9) CLAIMS, OR (II) IN THE ALTERNATIVE, CONVERT THESE CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee")[2] of Big Lots, Inc., as debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits this motion (the "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening the time for notice and consideration of the *Motion of the Official Committee of Unsecured Creditors to (I) Enforce the Final DIP Order and Compel Payment of Stub Rent and Section 503(b)(9) Claims, or (II) in the Alternative, Convert These Cases to Cases Under Chapter 7 of the Bankruptcy Code*

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion to Compel or the *Motion of Debtors for Entry of Interim and Final Orders, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552, (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket Nos. 19 and 20] (the "DIP Motion"), as applicable.

[Docket No. 1360] (the "Motion").[3] In support of this Motion to Shorten, the Committee respectfully states as follows:

**BASIS FOR RELIEF AND RELIEF REQUESTED**

1. The bases for the relief sought herein are Bankruptcy Code section 105, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. By this Motion to Shorten, the Committee seeks entry of the Proposed Order (i) shortening the notice and objection periods solely with respect to the Motion to Compel, (ii) scheduling the hearing to consider the Motion to Compel for the December 19th Omnibus Hearing, (iii) scheduling a status conference on the Motion to Convert for the December 19th Omnibus Hearing, and (iv) and granting related relief.

**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Committee confirms its consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that

[3] "Motion to Compel" shall mean, with respect to the Motion, the Committee's request to compel the Debtors to pay Stub Rent and 503(b)(9) Claims. "Motion to Convert" shall mean the Committee's alternative request to convert these cases to cases under Chapter 7 of the Bankruptcy Code. As discussed herein, the Committee is only seeking to have its Motion to Compel heard at the next omnibus hearing scheduled for December 19, 2024 at 2:00 p.m. (ET) (the "December 19th Omnibus Hearing"). With respect to the Committee's alternative Motion to Convert, the Committee respectfully requests that the December 19th Omnibus Hearing be used as a status conference only.

the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

5. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 cases (the "Chapter 11 Cases").

6. On the Petition Date, the Debtors filed the DIP Motion. On October 22, 2024, the Court entered the *Final Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* [Docket No. 584] (the "Final DIP Order").

7. On December 16, 2024, the Committee filed the Motion.

8. As discussed more fully in the Motion, the Debtors have not paid approximately $23.0 million in outstanding Stub Rent. Likewise, as of the date hereof, the Committee estimates the Debtors owe approximately $65.8 million in aggregate outstanding 503(b)(9) Claims.

9. The DIP Milestones required the Debtors to consummate the Sale no later than December 13, 2024.[4] Due to the Debtors' failure to consummate the Sale prior to the expiration of that DIP Milestone, the Committee is aware that, on December 14, 2024, each of the DIP Agents issued a notice to the Debtors declaring an Event of Default arising from the Debtors failure to

[4] *See* Final DIP Order, Ex. 5.

timely close the Sale. However, it is the Committee's understanding that, as of the date hereof, the DIP Agents have not issued a DIP Termination Declaration terminating the Debtors' access to the DIP Financing.

**BASIS FOR RELIEF**

10. Local Rule 9006-1 provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." DEL. BANKR. L.R. 9006-1(c)(i). However, the Court may shorten this period for cause shown provided the movant files a motion specifying the exigencies justifying shortened notice. FED. R. BANKR. P. 9006-1(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also* DEL. BANKR. L.R. 9006-1(e).

11. These cases have been pending for more than three months. To date, the Debtors have not paid approximately $88.8 million in Stub Rent and 503(b)(9) Claims. Given that the DIP Agents may seek to exercise remedies and terminate the Debtors' access to financing that could otherwise be used to pay Stub Rent and 503(b)(9) Claims, the Committee submits that shortened notice on the Motion to Compel is necessary. Further, shortened notice is necessary to prevent further harm to the Debtors' unsecured creditors who continue to do business with the Debtors, notwithstanding the Debtors' ongoing failure to pay Stub Rent and 503(b)(9) Claims in accordance with the Final DIP Order and Approved Budget. The Debtors' landlords and vendors are entitled to immediate clarity on whether the Debtors can and will pay these claims so that they can take appropriate action and make informed decisions regarding future transactions with the Debtors.

12. Any prejudice to the Debtors, the DIP Lenders, or any other party in interest is outweighed by the importance of ensuring payment of all authorized but outstanding Stub Rent and 503(b)(9) Claims.

**AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)**

13. Before filing this Motion to Shorten, undersigned counsel notified counsel to the Debtors, the DIP Agents and the Office of the U.S. Trustee for the District of Delaware (the "U.S. Trustee") of the Committee's intention to seek shortened notice of the Motion to Compel. The U.S. Trustee does not take a position on the Motion to Shorten with respect to the Motion to Compel, but has agreed that the December 19th Omnibus Hearing should be used as a status conference on the Motion to Convert. As of the time of filing of this Motion to Shorten, the Debtors and DIP Agents have not indicated whether they object to shortened notice on the Motion to Compel.

**NOTICE**

14. Notice of this Motion to Shorten will be provided to the following parties: (a) counsel to the Debtors; (b) counsel to the U.S. Trustee; (c) counsel to the DIP Agents and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. Based on the circumstances surrounding this Motion to Shorten and the nature of the relief requested herein, the Committee respectfully submits that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Committee respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: December 16, 2024
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Tel: (302) 652-3131
Fax: (302) 652-3117
Email: jalberto@coleschotz.com
snewman@coleschotz.com

*-and-*

**MCDERMOTT WILL & EMERY LLP**

Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
Stacy Lutkus (admitted *pro hac vice*)
Natalie Rowles (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 547-5400
Fax: (212) 547-5444
Email: dazman@mwe.com
kgoing@mwe.com
salutkus@mwe.com
nrowles@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*