**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., et al., | ) | Case No. 24-11967 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**<u>FIRST APPLICATION OF VORYS, SATER, SEYMOUR AND PEASE LLP FOR
COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE
PROFESSIONAL TO THE DEBTORS FOR THE PERIOD FROM SEPTEMBER 9, 2024
THROUGH NOVEMBER 30, 2024</u>**

| | |
|---|---|
| Name of Applicant: | Vorys, Sater, Seymour & Pease LLP |
| Authorized to Provide Professional Services to: | Debtors as Ordinary Course Professional (Doc. 1014) |
| Date of Retention: | November 16, 2024[1] |
| Period for which compensation and reimbursement is sought: | September 9, 2024 through November 30, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $618,500.00[2] |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is an:  _X_  interim ____ final application

---

[1] Vorys, as one of the Debtors' Ordinary Course Professionals (as defined in the Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals (the "<u>OCP Order</u>") [Doc. 548]) was deemed an Ordinary Course Professional on November 16, 2024.

[2] In addition to the agreed, reduced hourly rate identified herein, Vorys further agreed to an $80,000 "collar". This $80,000 credit has been applied, which further reduces the effective hourly rate to $321.80.

| Prior Fee Applications Filed[3] | | | | | |
|---|---|---|---|---|---|
| Date Filed / Docket # | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
| n/a | n/a | n/a | n/a | n/a | n/a |

| Cumulative Time Summary by Professionals | | | | |
|---|---|---|---|---|
| Name | Title | Hourly Rate[4] | Hours Billed | Total Billed |
| Bagent, Kalie P. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 103.40 | $37,583.50 |
| Baldwin, William D. G. | Partner (Finance, Energy, Real Estate) | $360.00/$365.00 | 16.00 | $5,790.00 |
| Burba, Trevor J. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 50.50 | $18,292.50 |
| Cook, Deanna R. | Partner (Finance, Energy, Real Estate) | $360.00/$365.00 | 233.00 | $84,755.00 |
| Dominique, Haley C. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 218.00 | $79,291.00 |
| Gibbons, Michael H. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 169.70 | $61,656.50 |

---

[3] Vorys has received compensation in accordance with the OCP Order. Vorys is filing this Fee Application solely to the extent that Vorys is seeking payment of Excess Fees pursuant to the OCP Compensation Procedures (as such terms are defined in the OCP Order).

[4] Vorys and the Debtors agreed to a flat hourly billing rate of $365.00 for the first $400,000.00 in fees and then reduced the flat hourly billing rate to $360.00. The standard hourly rates of the Vorys professionals providing services to the Debtor as sought herein are as high as $710.00 per hour.

| | | $360.00/$365.00 | | |
|---|---|---|---|---|
| Iammarino, Alexander D. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 59.90 | $21,830.00 |
| Miller, Bradley T. | Partner (Finance, Energy, Real Estate) | $360.00/$365.00 | 196.00 | $71,252.50 |
| Nevergall, John D. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 206.40 | $74,933.50 |
| Nunez, Jacinto A. | Partner (Finance, Energy, Real Estate) | $360.00/$365.00 | 333.70 | $121,325.00 |
| Rothfeld, Leah I. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 25.20 | $9,099.50 |
| Sajovec, Roberta J. | Paralegal (Finance, Energy, Real Estate) | $360.00/$365.00 | 164.00 | $59,555.50 |
| Stanley, Mary E. | Associate (Finance, Energy, Real Estate) | $360.00/$365.00 | 146.20 | $53,143.50 |
| **Grand Total:** $698,508.00[5] | | | | |
| **Total Blended Hourly Rate:** $321.80 | | | | |

| Compensation by Project Category | | |
|---|---|---|
| **Project Category** | **Total Hours** | **Total Fees** |
| Assumption/Rejection of Leases and Contracts | 1,922.00 | $618,500.00 |

| Expense Summary | | |
|---|---|---|
| **Expense Category** | **Service Provider (if applicable)** | **Total Expenses** |
| n/a | n/a | $0.00 |

---

[5] Vorys voluntarily reduced its fees by $80,008.00, which accounts for 219.20 hours billed.

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., et al., | ) | Case No. 24-11967 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**FIRST APPLICATION OF VORYS, SATER, SEYMOUR AND PEASE LLP FOR
COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE
PROFESSIONAL TO THE DEBTORS FOR THE PERIOD FROM SEPTEMBER 9, 2024
THROUGH NOVEMBER 30, 2024**

Vorys, Sater, Seymour and Pease LLP ("Applicant" or "Vorys") respectfully submits its

Application for Compensation by Vorys Professional Utilized in the Ordinary Course of Business

by the Debtors the period from September 9, 2024 through November 30, 2024 (the

"Application"). The total amount sought by Vorys as Excess Fees under the OCP Order (defined

herein) is $618,500.00 in professional fees (the "Vorys Excess Fees") and $0.00 in reimbursement

of expenses for the period covered by this Application, totaling $618,500.00.

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

**PRELIMINARY STATEMENT AND BACKGROUND**

2.      On September 9, 2024 (the "Petition Date"), the Debtors commenced these Chapter

11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States

Code (as amended, the "Bankruptcy Code"). The Debtors are authorized to continue operating

their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these

Chapter 11 Cases.

3.      On September 26, 2024, the Debtors filed their *Motion for Entry of an Order Approving the Retention and Compensation of Ordinary Course Professionals Nunc Pro Tunc to the Petition Date* (Doc. 314).  On October 18, 2024, the Court entered its *Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals* [Doc. 548] (the "<u>OCP Order</u>"), which established procedures for the retention and compensation of Ordinary Course Professionals[6].

4.      On November 6, 2024, the *Declaration of Disinterestedness of Adam K. Brandt in Support of Employment of Vorys, Sater, Seymour and Pease LLP as a Professional Utilized in the Ordinary Course of Business* (the "<u>Vorys Declaration</u>") (Doc. 1014) was filed with the Court.  No party objected to the Vorys Declaration and Vorys thus was deemed an Ordinary Course Professional in accordance with the terms of the OCP Order.

5.      Vorys has performed legal services as an Ordinary Course Professional to the Debtors of this case after the Petition Date pursuant to the OCP Order and the Debtors' requests.  All of the services rendered by Vorys were performed for and on behalf of the Debtors and not on behalf of any committee, creditor, or other person.

### Tasks Performed by Vorys

6.       The legal services performed by Vorys can be summarized by project category as follows:

7.      **Task 1. Assumption/Rejection of Leases and Contracts (1,922.00 hours; $618,500.00; Blended Rate: $321.80).**    Vorys reviewed and analyzed approximately 305 unexpired leases, negotiated favorable amendments to such leases with the leasing counter-parties,

---

[6] Capitalized terms not otherwise defined herein shall have the meanings given to them in the OCP Order.

prepared twelve distinct forms of lease amendments, and communicated regularly with the Debtors and the Debtors' broker, A&G Real Estate Partners (the "Broker").  Vorys' efforts in negotiating and amending these leases provided a substantial benefit to the Debtors' estates by obtaining reduced rental rates and lease terms, and obtaining additional lease options that made the Debtors' leases substantially more attractive to bidders in the Debtors' proposed sale of substantially all of its assets.

## LAW AND ANALYSIS

8.      Although Vorys is an Ordinary Course Professional employed pursuant to the terms of the OCP Order, Vorys has incurred the Vorys Excess Fees which exceed the applicable monthly cap for Vorys under the OCP Order.  In accordance with the OCP Order, Vorys and the Debtors sought "consent (email is sufficient) of the Reviewing Parties" (*i.e.*, the Debtors, the Committee, the Term Agent, and the United States Trustee). OCP Compensation Procedures ¶ (g).   While the Debtors, the Committee, and the Term Agent each promptly consented to Debtors' payment of the Vorys Excess Fees sought herein, the United States Trustee, through counsel, requested that Vorys file a fee application.  Accordingly, Vorys is filing this Application to aid the United States Trustee in review of the requested fees in hopes of an expeditious resolution of the matter.  Should the United States Trustee consent to the Vorys Excess Fees in accordance with the OCP Order, Vorys will withdraw this Application.

9.      For professionals employed by the Bankruptcy Court, Section 330(a)(1)(A) of the Bankruptcy Code provides that an attorney may request "reasonable compensation for actual, necessary services rendered."

10.    Bankruptcy Code Section 330(a)(3) directs the Court to "consider the nature, the extent, and the value of such services, taking into account all relevant factors."    These factors include:

A.    The time spent on such services;

B.    The rates charged for such services;

C.    Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the case;

D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, important, and nature of the problem, issue, or task addressed;

E.    whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;

F.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

11 U.S.C. § 330(a)(3)(A–F).

11.    <u>The Time Spent</u>.    As reflected in Exhibit A, the firm's attorneys and paraprofessionals have expended a total of 1,922.00 hours on this case September 9, 2024 through November 30, 2024.  Vorys has devoted the time necessary to represent the Debtors in an efficient manner.  The time incurred was reasonable in light of the complexity of the Debtor's estate, the time constraints upon which Vorys was requested to provide services, and the amount of services requested by the Debtors.

12.    <u>The Rates Charged</u>.  This factor undoubtedly supports the fees requested in this Application.  The hourly rates of Vorys' attorneys and paraprofessional were charged at a flat rate of $365/$360 per hour.  The rates charged are not only commensurate with the abilities of the persons involved, in fact, they are in most instances far below the standard hourly rates charged to

4

other clients for similar work.  Additionally, Vorys agreed to a substantial discount in this case.

In particular, Vorys agreed to a flat hourly billing rate of $365.00 for all professionals providing

services to the Debtors up to the first $400,000 of services.  Thereafter, all remaining time was

billed at an even further reduced billing rate of $360 per hour for all professionals providing

services.  Finally, Vorys voluntarily reduced its fees by $80,008.00 (or 219.20 of service hours

provided by Vorys).  As a result, the blended hourly rate for the attorneys and paraprofessionals is

**$321.80.**

13.    <u>The Necessity of the Services Rendered</u>.  The fees sought in this Application were

necessary for the Debtors to maximize value of their estate assets by negotiating favorable

amendments to approximately 305 of their approximately 550 unexpired leases – amendments that

directly benefited the Debtors by encouraging active bidding for their assets and the ultimate

purchaser's designation for a higher number of unexpired leases for assumption and assignment.

In particular, the Debtors attempted to negotiate amendments to leases with their in-house staff;

however, the sheer number of leases was overwhelming to the Debtors.  As a result, the Debtors

needed Vorys to assist on a condensed time table to handle 305 of the total unexpired leases at

issue.

14.    <u>The Services Were Performed Within a Reasonable Amount of Time Based Upon</u>

<u>the Complexity of the Case</u>.  As stated above, Vorys reviewed, analyzed, and negotiated

amendments to approximately 305 unexpired leases over a condensed two month time period.

Debtors needed Vorys to work on an expedited schedule given the fast pace of the Debtors' sale

procedures.

15.    <u>Vorys Demonstrated Skill and Experience</u>.  As explained above, Vorys is employed

as an Ordinary Course Professional and Vorys was not providing bankruptcy related services to

the Debtors, rather Vorys provided bankruptcy-adjacent services through reviewing, analyzing, and negotiating amendments to approximately 305 unexpired leases.  While Vorys does retain bankruptcy professionals with significant experience in bankruptcy law, the relevant skills and expertise for the matters upon which Vorys was engaged here relate to real estate and leasing issues.  The attorneys involved in this matter for which Vorys is seeking Excess fees regularly draft and negotiate commercial leases around the country for clients similarly situated to the Debtors.  This skill and experience translated to Vorys' services in this case, which resulted in the favorable results obtained.

16.    The Compensation is Reasonable. By this Application, Vorys seeks $618,500.00 in fees, which amount is substantially lower than the estimated benefit to the Debtors' estates.  The services provided by Vorys provided a direct benefit to the Debtors' estates by obtaining reduced rental rates and terms, and increasing lease options for 305 of the Debtors' unexpired leases.  Vorys understands that the Debtors' Broker has estimated the total cost savings from all lease amendments would result in savings equal to many multiples of the Vorys Excess Fees.

17.    Vorys submits that the compensation sought herein for the Vorys Excess Fees incurred by Vorys under the OCP Order is reasonable and represents the work that was necessary to the proper and zealous representation of the Debtors, and the proper administration of the estate through maximizing value of the Debtors' assets for sale.  Vorys further submits that the Vorys Excess Fees sought by this Application were necessary to the administration of the case and provided a direct benefit the estate at the time the services were rendered.

18.    Vorys, in compliance with Fed. R. Bankr. P. 2016, hereby states that: (i) no compensation previously received has been shared with any other entity; and (ii) no agreement or understanding exists between Vorys and any other entity for the sharing of compensation received

6

or to be received for services rendered in connection with this case.  Vorys did not receive any pre- or post-employment retainer in this matter and is holding no funds belonging to the Debtors.

19.     Vorys has submitted this Application to the Debtors for review prior to filing it, and they have no objection to it.

## Certificate Of Compliance And Waiver

20.     The undersigned representative of Vorys certifies that Vorys has reviewed the requirements of rule 2016-2 of the Local Rules and that the Fee Application substantially complies with that Local Rule. To the extent that the Fee Application does not comply in all respects with the requirements of Local Rule 2016-2, Vorys believes that such deviations are not material and respectfully requests that any such requirement be waived.

## Conclusion

21.     Vorys respectfully requests an Order (i) approving and authorizing the payment of compensation to Vorys for its professional fees in the amount of $618,500.00; (ii) reasonable expenses in the amount of $0.00 and (iii) granting such other and further relief to which Vorys may be entitled.

Dated: December 17, 2024                          Respectfully submitted,

                                                  /s/ *Tiffany Strelow Cobb*
                                                  Tiffany Strelow Cobb (OH 0067516)
                                                  VORYS, SATER, SEYMOUR AND PEASE LLP
                                                  52 East Gay Street
                                                  Columbus, OH 43215
                                                  (614) 464-8322
                                                  tscobb@vorys.com

                                                  *Vorys, Sater, Seymour and Pease LLP*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 17, 2024 a copy of the foregoing *First Application of Vorys, Sater, Seymour and Pease LLP for Compensation for Services Rendered as Ordinary Course Professional to the Debtors for the Period from September 9, 2024 through November 30, 2024* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

*/s/ Tiffany Strelow Cobb*
Tiffany Strelow Cobb (OH 0067516)

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., et al., | ) | Case No. 24-11967 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## CERTIFICATION OF JACINTO A. NUNEZ, ESQ.

Jacinto A. Nunez, deposes and says:

1.    I am a partner in the applicant firm, Vorys, Sater, Seymour and Pease LLP.

2.    I have personally led, as the engagement partner, the professional services

rendered by Vorys, Sater, Seymour and Pease LLP and am familiar with all work

3.    I have reviewed the foregoing Fee Application and the facts set forth therein are

true and correct to the best of my knowledge, information, and belief.


Date:   12/17/2024              /s/ *Jacinto A. Nunez*
                               Jacinto A. Nunez, Esq.