## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: January 7, 2025 at 4:00 p.m. (ET)** |

### SUMMARY COVER SHEET TO COMBINED FIRST MONTHLY FEE APPLICATION OF PWC US TAX LLP AS TAX COMPLIANCE AND TAX ADVISORY SERVICES PROVIDER TO THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 9, 2024 THROUGH OCTOBER 31, 2024

| | |
|---|---|
| Name of Applicant: | PwC US Tax LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 9, 2024, effective as of September 9, 2024 |
| Period for Which Compensation and Reimbursement Are Requested: | September 9, 2024 through October 31, 2024[2] |
| Total Amount of Compensation Sought as Actual, Reasonable and Necessary: | $274,457.70[3] |
| Less 20% Holdback: | $54,891.54 |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] PwC US Tax LLP reserves the right to include any fees and expenses in the period indicated above in future application(s) if it is not included herein.

[3] Pursuant to a prior agreement with the Office of the United States Trustee, PwC US Tax LLP agreed to reduce its first fee application request by $13,300. The fees requested by this Application ($274,457.70) reflect the $13,300 reduction.

| | |
|---|---|
| 80% of Compensation Sought as Actual, Reasonable and Necessary: | $219,566.16 |
| Amount of Expense Reimbursement Requested: | $0.00 |

This is a(n):  monthly   __x__    interim  _____    final application  _____

**SUMMARY OF PREVIOUSLY FILED MONTHLY FEE APPLICATIONS:**

This is PwC US Tax LLP's first monthly fee statement in these cases.

**SUMMARY OF PREVIOUSLY FILED INTERIM FEE APPLICATIONS:**

PwC US Tax LLP has not yet filed an interim fee application in these cases.

## SUMMARY OF FEES AND EXPENSES
## For the Period from September 9, 2024 through October 31, 2024

**Summary of Hours and Compensation by Billing Category and Project Category:**

| Billing Category and Project Category | Hours | Total Compensation |
|---|---:|---:|
| **Fixed Fee Services** | | |
| Tax Compliance Services | 154.20 | $20,000.00 [1] |
| *Subtotal - Hours and Compensation - Fixed Fee Services* | *154.20* | *$20,000.00* |
| **Hourly Services** | | |
| Tax Advisory Services | 241.90 | $256,032.70 |
| *Subtotal - Hours and Compensation - Hourly Services* | *241.90* | *$256,032.70* |
| **Bankruptcy Compliance Services** | | |
| Retention Applications | 24.10 | $11,725.00 |
| *Subtotal - Hours and Compensation - Bankruptcy Compliance Services* | *24.10* | *$11,725.00* |
| **Subtotal - Hours and Compensation** | 420.20 | $287,757.70 |
| **Less Fee Reduction** | | -$13,300.00 [2] |
| **Total - Hours and Compensation - All Services** | 420.20 | $274,457.70 |

[1] As set forth in the PwC US Tax Retention Application, the tax compliance engagement is a fixed fee arrangement whereby PwC US Tax has agreed to be paid a total $150,000, exclusive of expenses. Prior to the Petition Date, PwC US Tax was paid $135,000 for tax compliance services, of which $83,000 remains as of the Petition Date to be applied against approved post-petition fees for such post-petition tax compliance services. By this Application, PwC US Tax seeks approval for, but not payment of, $20,000 of the fixed fee amount, and will seek approval, but not payment of, $63,000 in a subsequent fee application(s). The balance of the $150,000 fixed fee for tax compliance services, or $15,000, was not paid prior to the Petition Date and PwC US Tax will seek approval and payment of $15,000 in a subsequent fee application(s).

[2] Pursuant to a prior agreement with the Office of the United States Trustee, PwC US Tax agreed to reduce its first fee application request by $13,300.

**Summary of Hours and Compensation by Project Category and Professional (Fixed Fee Services):**

| Project Category and Professional | Position | Hours | Total Compensation |
|---|---|---:|---:|
| **Fixed Fee Services** | | | |
| *Tax Compliance Services* | | | |
| Craig Keller | Partner | 2.00 | |
| Lesa Shoemaker | Partner | 1.50 | |
| Brian Trueman | Director | 17.00 | |
| Nicole Berkow | Senior Manager | 6.50 | |
| Anna Belluardo | Manager | 44.00 | |
| Austin Oberhausen | Manager | 1.00 | |
| Nicholl Troncoso | Manager | 1.00 | |
| Matt Koebbeman | Senior Associate | 1.00 | |
| Stella Huang | Senior Associate | 40.20 | |
| Hope Randolph | Associate | 3.00 | |
| Matthew Messer | Associate | 5.50 | |
| Tommy McAvoy | Associate | 30.00 | |
| Bryanna Fountain | Specialist | 0.50 | |
| Emily Nguyen | Specialist | 1.00 | |
| *Subtotal - Tax Compliance Services* | | 154.20 | $20,000.00 |
| **Total - Hours and Compensation Sought - Fixed Fee Services** | | 154.20 | $20,000.00 |

**Summary of Hours and Compensation by Project Category and Professional (Hourly Services):**

| Project Category and Professional | Position | Rate | Hours | Total Compensation |
|---|---|---:|---:|---:|
| **Hourly Services** | | | | |
| *Tax Advisory Services* | | | | |
| Art Sewall | Partner | $1,330 | 0.50 | $665.00 |
| Sean Kelly | Partner | $1,330 | 17.80 | $23,674.00 |
| Bob Ritter | Partner | $1,265 | 7.90 | $9,993.50 |
| Craig Keller | Partner | $1,265 | 6.10 | $7,716.50 |
| Lesa Shoemaker | Partner | $1,265 | 11.10 | $14,041.50 |
| Elyse Acosta | Senior Manager | $1,141 | 86.80 | $99,038.80 |
| Brian Trueman | Director | $1,006 | 13.60 | $13,681.60 |
| Zak Adkins | Director | $1,006 | 0.90 | $905.40 |
| Maddi Cooperrider | Senior Associate | $952 | 1.10 | $1,047.20 |
| Will Gaziano | Senior Associate | $952 | 65.10 | $61,975.20 |
| Evan Amundson | Senior Manager | $918 | 1.00 | $918.00 |
| Steven Shao | Manager | $829 | 1.00 | $829.00 |
| Evan Hannan | Experienced Associate | $743 | 29.00 | $21,547.00 |
| *Subtotal - Tax Advisory Services* | | | 241.90 | $256,032.70 |
| **Subtotal - Hourly Services** | | | 241.90 | $256,032.70 |
| **Bankruptcy Compliance Services** | | | | |
| *Retention Applications* | | | | |
| Thalia Cody | Director | $550 | 13.90 | $7,645.00 |
| Chris Lewis | Manager | $400 | 10.20 | $4,080.00 |
| *Subtotal - Retention Applications* | | | 24.10 | $11,725.00 |
| **Subtotal - Bankruptcy Compliance Services** | | | 24.10 | $11,725.00 |
| **Total - Hours and Compensation Sought - Hourly Services** | | | 266.00 | $267,757.70 |

**Summary of Expenses by Category:**

None requested during this application period.

5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | ) ) | Case No. 24-11967 (JKS) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | **Objection Deadline: January 7, 2025 at 4:00 p.m. (ET)** |

**COMBINED FIRST MONTHLY FEE APPLICATION OF PWC US TAX LLP
AS TAX COMPLIANCE AND TAX ADVISORY SERVICES PROVIDER TO
THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM SEPTEMBER 9, 2024 THROUGH OCTOBER 31, 2024**

PwC US Tax LLP ("PwC US Tax"), as tax compliance and tax advisory services provider to the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 Cases, hereby submits its combined first monthly application (this "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "Guidelines") and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Docket

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

No. 519] (the "Interim Compensation Order"), entered October 17, 2024, requesting interim allowance and payment in the aggregate amount of $219,566.16, which is equal to (a) 80% (or $219,566.16) of the $274,457.70[2] of total compensation earned by PwC US Tax for its services to the Debtors during the period from September 9, 2024 through and including October 31, 2024 (the "Application Period"); and (b) 100% of the $0.00 of necessary expenses incurred by PwC US Tax during the Application Period in connection with its services to the Debtors. In support of this Application, PwC US Tax respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, the Guidelines, and the Interim Compensation Order.

## BACKGROUND

3. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 10, 2024, the Court entered an order authorizing

---

[2] Pursuant to a prior agreement with the Office of the United States Trustee, PwC US Tax agreed to reduce its first fee application request by $13,300. The fees requested by this Application ($274,457.70) reflect the $13,300 reduction.

2

the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 95].

4.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On September 23, 2024, the Office of the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 248].

5.  On October 17, 2024, the Court entered the Interim Compensation Order. The Interim Compensation Order provides, among other things, that each retained professional shall be entitled, following the end of each monthly period for which compensation and/or expense reimbursement is sought, to file and serve a monthly fee statement for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application"). Parties shall have twenty-one (21) days after service of a Monthly Fee Application to file an objection to the compensation or expenses that are the subject thereof (the "Objection Deadline"). Upon the expiration of the Objection Deadline, the applicant may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and/or expenses requested in the applicable Monthly Fee Application. After the filing of a CNO, the Debtors are authorized to and shall promptly pay the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application not subject to an objection.

6.  Additional information regarding the Debtors' organizational structure, business operations, historical revenues and liabilities, and a description of the events precipitating the filing of the Chapter 11 Cases, is set forth in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [Docket No. 3].

**RETENTION AND EMPLOYMENT OF PWC US TAX**

7. On September 18, 2024, the Debtors filed the *Application of Debtors for Entry of an Order (I) Authorizing the Retention and Employment of PwC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors Effective as of September 9, 2024, and (II) Granting Related Relief* [Docket No. 208] (as supplemented, the "PwC US Tax Retention Application").[3]

8. On October 10, 2024, the Court entered the *Order (I) Authorizing the Retention and Employment of PWC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors Effective as of September 9, 2024 and (II) Granting Related Relief* [Docket No. 291] (as amended, the "PwC US Tax Retention Order"),[4] approving the PwC US Tax Retention Application and authorizing the retention and employment of PwC US Tax effective as of September 9, 2024, pursuant to the terms of the Engagement Letter.

9. As set forth in the PwC US Tax Retention Application, prior to the Petition Date, the Debtors paid PwC US Tax a retainer of $75,000, of which $26,396 remains as of the Petition Date to be applied against approved post-petition fees for post-petition Tax Advisory services (but not the fees requested herein).

**RELIEF REQUESTED**

10. By this Application, and in accordance with the Interim Compensation Order, PwC US Tax requests interim allowance and payment in the aggregate amount of $219,566.16 which is

---

[3] Capitalized terms used in this Application but not otherwise defined herein shall have the meanings ascribed to such terms in the PwC US Tax Retention Application. Supplemental declarations in support of the PwC US Tax Retention Application were filed at Docket Nos. 343, 451, 589 and 1143.

[4] On October 18, 2024, the Court entered an *Amended Order (I) Authorizing the Retention and Employment of PwC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors Effective as of September 9, 2024 and (II) Granting Related Relief* [Docket No. 546].

equal to the sum of (a) 80% (*i.e.*, $219,566.160) of the $274,457.70 of the total compensation earned by PwC US Tax during the Application Period for its services to the Debtors; and (b) 100% of the $0.00 of necessary expenses incurred by PwC US Tax during the Application Period in connection with its services to the Debtors.

### SUMMARY OF SERVICES RENDERED BY PWC US TAX

11.     The services rendered by PwC US Tax during the Application Period are categorized as set forth in **Exhibit A** and in the summary cover sheet submitted with this Application. The professionals who provided services to the Debtors during the Application Period are also identified, by billing category and project category, respectively, in **Exhibit B** and **Exhibit D** and in the summary cover sheet submitted with this Application. Attached hereto as **Exhibit C** and **Exhibit E** are detailed statements of the time expended and compensation earned by PwC US Tax during the Application Period. PwC US Tax professionals expended a total of 420.20 hours in connection with these Chapter 11 Cases during the Application Period, including 154.20 for fixed fee services and 266.00 for hourly services, which resulted in a blended hourly billing rate for professionals (solely for hourly services) of $1,006.61. All services for which PwC US Tax is requesting compensation were performed for or on behalf of the Debtors.

12.     The following is an overview of the services that PwC US Tax rendered as tax compliance and tax advisory services provider to the Debtors during the Application Period:

    **(a)**    <u>**Tax Compliance Services**</u>.[5]  **Hours: 154.20, Fees: $20,000.00**

During the Application Period, PwC US Tax (i) provided assistance in the preparation of the U.S. federal income tax return for Big Lots, Inc. and subsidiaries ("<u>Big Lots</u>") for the tax year beginning January 29, 2023 through February 3, 2024, as requested by Big Lots; and (ii) prepared and signed as preparer certain U.S. state and local tax returns for Big Lots for the tax year beginning January 29, 2023, through February 3, 2024, as requested by Big Lots for itself and certain entities.

    **(b)**    <u>**Tax Advisory Services**</u>.  **Hours: 241.90, Fees: $256,032.70**

During the Application Period, PwC US Tax professionals assisted Big Lots by analyzing potential tax attributes and tax considerations with respect to the potential debt restructuring as requested by Big Lots including, without limitation, the following services: (i) assisted in gaining an understanding of Big Lot's tax information and attributes to estimate the outside stock basis and inside asset basis of Big Lots and its subsidiaries to the extent information is available; (ii) assisted in understanding the historic capital structure of each relevant entity, including the terms of historic and currently outstanding debt, recent capital contributions and distributions, and outstanding equity rights; (iii) assisted in understanding the income tax profile of Big Lots, including the overall balance sheet, tax attributes, and existing restrictions/limitations to tax attributes; and (iv) read draft purchase agreement and other supporting documents and provide comments with respect to tax matters provided for in such agreements.

    **(c)**    <u>**Bankruptcy Compliance Services**</u>.  **Hours: 24.10, Fees: $11,725.00**

During the Application Period, PwC US Tax professionals providing services to the Debtors consulted with internal PwC bankruptcy retention and billing advisors to ensure compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Interim Compensation Order.  The services provided by these bankruptcy retention and billing advisors included, but was not limited to: (a) assistance with preparation of the bankruptcy retention documents; and (b) assistance with the disinterestedness disclosures.  All of

---

[5] As set forth in the PwC US Tax Retention Application, the tax compliance engagement is a fixed fee arrangement whereby PwC US Tax has agreed to be paid a total $150,000, exclusive of expenses.  Prior to the Petition Date, PwC US Tax was paid $135,000 for tax compliance services, of which $83,000 remains as of the Petition Date to be applied against approved post-petition fees for such post-petition tax compliance services.  By this Application, PwC US Tax seeks approval for, but not payment of, $20,000 of the fixed fee amount, and will seek approval, but not payment of, $63,000 in a subsequent fee application(s).  The balance of the $150,000 fixed fee for tax compliance services, or $15,000, was not paid prior to the Petition Date and PwC US Tax will seek approval and payment of $15,000 in a subsequent fee application(s).

the services are incremental to the normal billing procedures by PwC for its non-bankruptcy clients.

13. As set forth above, detailed descriptions of these services, the amount of fees incurred, and the amount of hours spent providing such services throughout the Application Period are provided in the attached exhibits. All entries itemized in PwC US Tax's time records attached hereto as **Exhibit C** and **Exhibit E** (i) are categorized in accordance with the appropriate project categories, (ii) include a description of each activity or service that each individual performed, and (iii) identify the number of hours (in increments of one-tenth of an hour for hourly services and one-half of an hour for fixed fee services) spent by each individual providing the services. However, in some instances, services may overlap between project categories. Thus, some services may appear under more than one project category; however, in no instance is a specific time entry recorded or charged more than once.

## SUMMARY OF EXPENSES INCURRED

14. PwC US Tax does not request reimbursement of any expenses during the Application Period.[6]

## ALLOWANCE OF COMPENSATION

15. The professional time expended by PwC US Tax, the value of said time in fees, and the value of the actual expenses incurred by the firm were actual, reasonable, and necessary. In all respects, PwC US Tax's fees and expenses meet the standards for allowance under Bankruptcy Code section 330, as well as the standards that govern the review and allowance of bankruptcy professionals' fees. *See*, *e.g.*, *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3d Cir. 1994).

---

[6] PwC's standard practice is to treat certain expenses as having been incurred when such obligations are recorded and reflected as payable in PwC's accounting system. Accordingly, reimbursement for certain disbursements incurred during the Application Period may still be pending submission and will be requested in a future fee application.

16.     Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 the "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

17.     The reasonable value of the services rendered by PwC US Tax for the Application Period as tax compliance and tax advisory services provider to the Debtors in these Chapter 11 Cases is $274,457.70. The hourly rates and fixed fees reflected on the exhibits hereto are PwC US Tax's customary rates and fees for work of this nature. The professional services performed by

8

PwC US Tax were in the best interests of the Debtors and their estates and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

18. In accordance with section 330 of the Bankruptcy Code, the fees requested are reasonable in light of factors including, among other things, (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Accordingly, allowance and payment of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## RESERVATION OF RIGHTS

19. Although PwC US Tax has made every effort to include all fees and expenses incurred during the Application Period in this Application, some fees and expenses may inadvertently be omitted from this Application, including as a result of accounting and processing delays in the Application Period. PwC US Tax reserves the right to submit further applications to the Court for allowance of such fees and expenses not included herein. Subsequent fee applications will be filed in accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

## CERTIFICATION OF COMPLIANCE AND WAIVER

20. To the best of its knowledge, PwC US Tax believes that this Application, together with the exhibits attached hereto, and the description of services set forth herein of work performed are in compliance with the requirements of the PwC US Tax Retention Order. To the extent that

9

this Application does not comply in all respects with those requirements, PwC US Tax believes that such deviations are not material and respectfully requests that such requirements be waived.

## NOTICE

21.     In accordance with the Interim Compensation Order, this Application will be served upon the Compensation Notice Parties (as defined in the Interim Compensation Order). In light of the nature of the relief requested, PwC US Tax submits that no other or further notice is necessary.

WHEREFORE, PwC US Tax requests (i) interim allowance and payment in the aggregate amount of $219,566.16, which is equal to (a) 80% (*i.e.*, $219,566.16) of the $274,457.70 of total compensation earned by PwC US Tax during the Application Period for its services to the Debtors, and (b) 100% of the $0.00 of necessary expenses incurred by PwC US Tax during the Application Period in connection with its services to the Debtors, for a total interim award of $219,566.16; and (ii) such other and further relief as may be just and proper.

Dated: December 17, 2024            **PWC US TAX LLP**

By:     */s/ Craig Keller*
Craig Keller, Partner
41 South High Street, Suite 2500
Columbus, Ohio 43215-6101
Tel: +1 (614) 225 8700
Email: craig.keller@pwc.com

*Tax Compliance and Tax Advisory Services Provider to the Debtors and Debtors in Possession*