**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) Re: Docket No. 1360 |
|  | ) |
|  | ) Obj. Deadline: 12/19/24 at 9:30 a.m.(ET) |
|  | ) Hearing Date: 12/19/24 at 2:00 p.m. (ET) |

**JOINDER OF CERTAIN UTILITY COMPANIES TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) ENFORCE THE FINAL DIP ORDER AND COMPEL PAYMENT OF STUB RENT AND SECTION 503(b)(9) CLAIMS, OR (II) IN THE ALTERNATIVE, CONVERT THESE CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

Baltimore Gas and Electric Company, Commonwealth Edison Company, PECO Energy Company, The Potomac Electric Power Company, Delmarva Power & Light Company, Atlantic City Electric Company, Boston Gas Company, KeySpan Energy Delivery Long Island, Massachusetts Electric Company, Niagara Mohawk Power Corporation, CenterPoint Energy Resources Corp., Constellation NewEnergy, Inc., Constellation NewEnergy – Gas Division, LLC, Tucson Electric Power Company, UNS Electric, Inc., UNS Gas, Inc., Ohio Edison Company, Potomac Edison Company, West Penn Power Company, Pennsylvania Electric Company, Monongahela Power Company, Metropolitan Edison Company, Pennsylvania Power Company, Jersey Central Power & Light Company, Toledo Edison Company, The Cleveland Electric Illuminating Company, New York State Electric and Gas Corporation

and Rochester Gas & Electric Corporation (collectively, the "Utilities"), hereby file this *Joinder* (the "Joinder") to the *Motion of the Official Committee of Unsecured Creditors To (I) Enforce the Final DIP Order and Compel Payment of Stub Rent and Section 503(b)(9) Claims, or (II) In the Alternative, Convert These Cases Under Chapter 7 of the Bankruptcy Code* (the "Motion")(Docket No. 1360), and set forth the following:

## Introduction

The Utilities filed this Joinder to the Motion of the Official Committee of Unsecured Creditors (the "Committee") because the Debtors have not only not paid administrative expenses consisting of remaining Stub Rent obligations and 503(b)(9) claims, the Debtors have also not paid the Utilities' numerous post-petition utility bills and Deposit charges owed to the Utilities that have resulted in the Utilities issuing numerous termination of utility services notices to the Debtors.

If the Debtors claim that they have insufficient funding to pay the Utilities' post-petition charges and agreed-upon Deposits in full, the Utilities' request that the Court instruct the Debtors to cease paying any administrative expenses until the Court ascertains if the Debtors are administratively insolvent.

**Facts**

**Procedural Facts**

1. On September 9, 2024 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

2. The Debtors' Chapter 11 bankruptcy cases are being jointly administered.

**The Utility Motion**

3. On the Petition Date, the Debtors filed the *Motion of Debtors For Entry of Interim and Final Orders (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures For Determining Requests For Additional Adequate Assurance* (the "Utility Motion")(Docket No. 9).

4. On September 11, 2024, the Court entered the *Interim Order (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures For Determining Requests For Additional Adequate Assurance* (the "Interim Utility Order")(Docket No. 136). The Interim Utility

Order set (i) an objection deadline of October 2, 2024 and (ii) the final hearing on the Utility Motion to take place on October 9, 2024 at 1:00 p.m.

5. On September 25, 2024, the Utilities, together with other utility companies (collectively, the "Objecting Utilities"), filed the *Objection of Certain Utility Companies To the Motion of Debtors For Entry of Interim and Final Orders (I) Prohibiting Utilities From Altering, Refusing, or Discontinuing Service, (II) Deeming Utilities Adequately Assured of Future Performance, and (III) Establishing Procedures For Determining Requests For Additional Adequate Assurance* (the "Objection") (Docket No. 272).

6. Following good-faith negotiations, the Objecting Utilities and the Debtors resolved the Objection with an adequate assurance settlement letter agreement dated October 18, 2024 (the "Adequate Assurance Settlement Agreement") whereby the Debtors agreed, in part, that (i) the Utilities (other than Baltimore Gas and Electric Company which held a prepetition deposit credit) would include one-month deposit amounts (the "Deposits") in the post-petition bills from the Utilities to the Debtors that would be paid by the applicable due date set forth in the post-petition invoices, and (ii) the Debtors would pay all undisputed post-petition bills received from the Utilities for post-petition utility charges on or before the applicable due date on the invoice, which is a due date in accordance with applicable state

laws, regulations and/or tariffs.

7. The Deposits and post-petition utility bills were supposed to be paid by Engie, which is the Debtors' agent that purportedly pays the Debtors' utility bills.

8. On October 21, 2024, the Utilities filed a Notice of Withdrawal (Docket No. 561) pursuant to the adequate assurance settlement between the Objecting Utilities and the Debtors.

9. By email on November 11, 2024, Debtors' counsel informed the Utilities' counsel that Engie was provided with a copy of the Adequate Assurance Settlement Letter Agreement, and requested copies of past-due post-petition bills and termination notices.

10. From October 24, 2024 through the filing of this Joinder, the Utilities' counsel has sent over forty (40) emails to Debtors' counsel regarding the following: (i) Engie refusing to pay the Deposits; (ii) Engie failing to pay bills from the Utilities for post-petition utility service; (iii) numerous disconnect notices issued by the Utilities for the non-payment of post-petition utility charges, including Deposits; and (iv) numerous unpaid post-petition bills. Attached to those emails were numerous disconnect notices, unpaid post-petition bills and correspondence from Engie to the Utilities regarding its refusal to pay billed Deposits.

## **Discussion**

Despite the Debtors and Engie receiving post-petition utility

bills from the Utilities and from Debtors' counsel for post-petition utility service provided by the Utilities to the Debtors, which included agreed-upon Deposit charges, the Debtors and Engie have not paid numerous post-petition bills resulting in the issuance of disconnect notices and the possible termination of post-petition utility service by a Utility at a Debtor service address. Although the Debtors rely on Engie to timely pay the Debtors' post-petition utility bills from the Utilities, the Court should not permit the Debtors to use Engie as an excuse to avoid paying the Utilities' post-petition bills and Deposits. If Engie is unable or unwilling to timely pay the post-petition utility bills from the Utilities, then the Debtors should immediately come up with another way to pay the post-petition utility Deposits and bills.

If the Debtors claim that the that they do not have access to sufficient funding to pay the Utilities' post-petition charges and agreed-upon Deposits in full, the Debtors should be instructed by the Court to cease paying any administrative expenses until the Court ascertains if the Debtors are administratively insolvent.

WHEREFORE, the Utilities respectfully request that this Court enter an order:

1. Requiring the Debtors to pay all post-petition charges owed to the Utilities, including the agreed-upon Deposits; and

2. Providing such other and further relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated: December 18, 2024 | WHITEFORD, TAYLOR & PRESTON LLC |

*/s/ William F. Taylor, Jr.*
William F. Taylor, Jr. (#2936)
Richard W. Riley (DE#4052)
600 North King Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 353-4145
Facsimile: (302) 357-3270
E-mail: wtaylor@whitefordlaw.com
rriley@whitefordlaw.com

and

LAW FIRM OF RUSSELL R. JOHNSON III, PLC
Russell R. Johnson III (VSB No. 31468)
John M. Craig (VSB No. 32977)
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
E-mail: russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com

*Counsel for Baltimore Gas and Electric Company, Commonwealth Edison Company, PECO Energy Company, The Potomac Electric Power Company, Delmarva Power & Light Company, Atlantic City Electric Company, Boston Gas Company, KeySpan Energy Delivery Long Island, Massachusetts Electric Company, Niagara Mohawk Power Corporation, Consolidated Edison Company of New York, Inc.,  CenterPoint Energy Resources Corp., Constellation NewEnergy, Inc., Constellation NewEnergy – Gas Division, LLC, Tucson Electric Power Company, UNS Electric, Inc., UNS Gas, Inc., Ohio Edison Company, Potomac Edison Company, West Penn Power Company, Pennsylvania Electric Company, Monongahela Power Company, Metropolitan Edison Company, Pennsylvania Power Company, Jersey Central Power & Light*

7

*Company, Toledo Edison Company, The Cleveland Electric Illuminating Company, New York State Electric and Gas Corporation and Rochester Gas & Electric Corporation*