## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No.: 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: January 21, 2025 at 1:00 p.m.**<br>**Obj. Deadline: January 3, 2025 at 4:00 p.m.** |

## MOTION TO COMPEL IMMEDIATE PAYMENT OF STUB RENT

Paragon Windermere, LLC and Lebanon Windermere, LLC, tenants in common (collectively, the "Landlord"), by and through undersigned counsel, hereby moves the Court to compel the immediate payment of Stub Rent for Store No. 1582 (as those terms are defined below) in accordance with 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and in support thereof respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion in accordance with 28 U.S.C. §§ 157 and 1334.  This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory support for the relief requested in this Motion is 11 U.S.C. §§ 365(d)(3) and 503(b)(1).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND FACTS

2.      On October 31, 2000, the Landlord's predecessor in interest entered into a lease with a tenant now known as Big Lots Stores, LLC ("Debtor"), one of the Debtors herein, which lease was modified on July 17, 2006 and on July 8, 2022 (as modified, the "Lease").

3.      Pursuant to the Lease, the Debtor leased approximately 25,200 square feet at a shopping center generally located at 6225 Allisonville Road, Indianapolis, Indiana 46220 (using the Debtor's designation, the store is referred to herein as "Store No. 1582").

4.      Pursuant to the Lease, the Debtor is obligated to pay the Landlord base rent of $14,700.00 per month, common area maintenance, taxes, insurance and certain other charges. Under the Lease, rent is due and payable in advance on the first day of each month.

5.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code.  Notwithstanding that the Debtor continues to occupy Store No. 1582 as of the date of this Motion, the Debtor failed to pay the rent under the Lease that was due and payable on September 1, 2024, covering the month ended September 30, 2024.[2]

6.      The rent payable by Debtor under the Lease on September 1, 2024 was $17,521.30, broken down as follows: (i) base rent of $14,700.00, (ii) insurance of $720.47, and (iii) CAM of $2,100.83.  Applying a multiplier of 70% to account for the number of days in September 2024 that were post-petition (i.e. 21/30 equals 70%), the total amount of stub rent owed to the Landlord is $12,264.91 (the "Stub Rent").

---

[2] On December 2, 2024, the Debtors filed their Eighth Notice of rejected contracts/leases (Doc. 1297), indicating that the Lease of Store No. 1582 will be rejected effective December 31, 2024.  However, as of the date of this Motion, no Rejection Order has yet been entered regarding the Lease, and the Debtor remains in possession of Store No. 1582.  The Landlord expressly reserves the right to file additional claims relating to the Lease; the instant Motion only pertains to the Stub Rent.

## **RELIEF REQUESTED**

7.      Bankruptcy Code § 365(d)(3) requires the debtor/tenant under an unexpired lease of non-residential real property to "timely perform all of the obligations of the debtor… arising from and after the order for relief."  Furthermore, Bankruptcy Code § 503(b)(1)(A) grants administrative priority for the "actual, necessary costs and expenses of preserving the estate." Accordingly, a landlord is entitled to payment of an administrative expense for a debtor/tenant's post-petition use and occupancy of leased property.  *In re Goody's Family Clothing Inc.*, 392 B.R. 604 (Bankr. D. Del. 2008), *aff'd*, 610 F.3d 812 (3rd Cir. 2010).

8.      From the Petition Date through September 30, 2024, the Debtor used and occupied Store No. 1582.  Accordingly, the Landlord is entitled to the immediate payment of the Stub Rent in the amount of $12,264.91.

9.      An Affidavit in support of the relief requested in this Motion is attached hereto as **Exhibit A**.

WHEREFORE, the Landlord respectfully requests that the Court enter an order (i) compelling the Debtor to immediately pay the Stub Rent in the amount of $12,264.91, and (ii) grant such other and further relief as is just and proper.

Dated: December 20, 2024                CROSS & SIMON, LLC

/s/ Christopher P. Simon
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE  19801
Tel.: (302) 777-4200
Fax: (302) 777-4224
Email: csimon@crosslaw.com

-and-

BOSE MCKINNEY & EVANS LLP

James P. Moloy
Indiana Bar No. 10301-49
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
Tel.: (317) 684-5000
Fax: (317) 684-5173
Email: jmoloy@boselaw.com

*Counsel for Paragon Windermere, LLC and
Lebanon Windermere, LLC*