IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Objection Deadline: 1/7/2025 at 4:00 p.m. (ET)**<br>**Hearing Date: 1/21/2025 at 1:00 p.m. (ET)** |

**MOTION OF ECOL PARTNERSHIP, LLC FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EPXENSE CLAIM**

ECOL Partnership, LLC ("Landlord"), a creditor and party-in-interest of the above-captioned debtors and debtors in possession in the above jointly administered cases, pursuant to Section 503 of the Bankruptcy Code, files this *Motion for Allowance and Payment of Administrative Expense Claim* (this "Motion"), and in support states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2. The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

## BACKGROUND

3. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its affiliates (the "Debtors") commenced the above-captioned jointly administered cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/biglots/

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

### a. Lease Agreement between Landlord and the Debtor

4. Landlord and one of the Debtors, Big Lots Stores - PNS, LLC, as tenant (the "Debtor"), are parties and subject to a Lease Agreement dated January 8, 2018 (together with all amendments, exhibits, schedules, attachments, and other integrated documents, the "Lease Agreement"). The Lease Agreement is an unexpired lease of nonresidential real property as that term is used in Section 365 of the Bankruptcy Code.

5. Pursuant to the Lease Agreement, the Debtor leased certain nonresidential real property located at 1300 Disc Dr., Sparks, NV (as further defined in the Lease Agreement, the "Demised Premises"). The Demised Premises is identified by the Debtor as Store #4677. Section 3 Lease Agreement sets forth the Term and provides, in part:

> The original term of this Lease shall be for a period of ten (10) years, commencing on the Term Commencement Date . . . and ending January 31, 2029.

6. The Lease Agreement has not been assumed or rejected, and the Debtor remains in possession of the Demised Premises.

### b. Store Closing Lease Sale Proceedings

7. On November 18, 2024, the Debtors filed their List of Additional Store Closures [D.I. 1148] (the "Additional Closing Store List"), pursuant to which any stores listed would be subject to the Store Closing Order [D.I. 576] (the "Store Closing Order"). The Demised Premises was listed on the Additional Closing Store List.

8. The Debtor remains in possession of the Demised Premises and continues to use the Demised Premises in its ordinary course of its business. Landlord was recently informed by

the Debtors' lease sale agent, A&G Real Estate Partners, that the Lease Agreement remains subject to a future sale process with a projected bid deadline in January 2025.

### c. Amounts Due to Landlord under the Lease Agreement

9. In exchange for the Debtor's use of the Demised Premises during the Term of the Lease Agreement, the Debtor was required to make monthly payments to Landlord of $20,985.50, comprised of base rent of $18,160.00 and estimated monthly operating expenses of $2,825.50, in addition to quarterly property tax installments and various maintenance, upkeep, and other obligations.

10. The Debtor is in default for failure to pay amounts due under the Lease Agreement prior to and after the Petition Date—the Debtor has not made the post-petition payments due and owing notwithstanding its continued use of the Demised Premises. The total post-petition amounts currently due under the Lease Agreement as of December 2024 is $68,041.81. A summary account statement is attached as ***Exhibit 1***.

## BASIS FOR RELIEF REQUESTED

11. Section 365(d)(3) of the Bankruptcy Code requires a debtor-in-possession to pay timely all post-petition rent and related charges until an unexpired lease is rejected. *See* 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such leases is assumed or rejected, notwithstanding section 503(b)(l) of this title").

12. Further, Section 503(b)(1)(A) affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812,

818 (3d Cir. 2010). Section 507(a) of the Bankruptcy Code adds that administrative expense claims allowed under Section 503(b) will be given high priority.

13. Here, the Debtor has failed to pay the post-petition rent to date totaling $68,041.81, and amounts will continue to accrue absent rejection of the Lease Agreement by December 31, 2024. Collectively, the current post-petition rent of $68,041.81 and all future rent due and owing under the Lease Agreement through the date of assumption or rejection (the "Post-Petition Rent"), constitute Landlord's administrative expense claim.

14. Accordingly, the Landlord is entitled to allowance and immediate payment of the Post-Petition Rent currently due, and allowance and prompt payment of rent that will be due under the Lease Agreement, all as an administrative expense claim pursuant to Sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

15. Landlord reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to Landlord or that become defaulted with the passage of time. Landlord further reserves its rights to raise any additional objections to assumption of the Lease Agreement, including the ability of any proposed assignee to perform and to provide the necessary adequate assurance information. Landlord expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit Landlord's rights, remedies, or interests with respect to the Lease Agreement.

## CONCLUSION

16. In accordance with the Debtors' obligations under Section 365(d)(3) of the Bankruptcy Code, and Sections 503(a), 503(b)(1)(A), and 507(a)(2), Landlord respectfully

requests entry of an Order (a) allowing the Post-Petition Rent and all future rent due and owing under the Lease Agreement through the date of assumption or rejection as an administrative expense claim, (b) ordering the Debtors to immediately pay the Post-Petition Rent, (c) ordering that the Debtors promptly pay all rent due and owing Landlord under the Lease Agreement that accrues after December 31, 2024 without further order of the Court, and (d) granting such other and further relief as this Court deems necessary and appropriate.

Dated:  December 20, 2024          **MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

*/s/ Marc J. Phillips*
Marc J. Phillips (No. 4445)
1105 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 504-7823
Email: mphillips@mmwr.com

-and-

Matthew J. Ochs (Colorado No. 31713)
**HOLLAND & HART LLP**
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: (303) 295-8000
Email:  mjochs@hollandhart.com

*Counsel to Landlord ECOL Partnership, LLC*