## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 1262** |

**ORDER (I) AUTHORIZING AND APPROVING (A) THE DEBTORS' ASSUMPTION OF AND PERFORMANCE UNDER THE PURCHASE AGREEMENT AND (B) THE SALE OF THE WESTMINSTER ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (II) APPROVING THE SETTLEMENT AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and, each, a "**Debtor**"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), seeking entry of an order (this "**Order**"): (a) authorizing and approving (i) the Debtors' entry into and performance under that certain Purchase Agreement, attached as **Exhibit 1** to this Order, whereby Seller has agreed to sell, and Buyer has agreed to purchase, the Property, and (ii) the sale of the Property to Buyer free and clear

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code, (b) approving the Settlement of the Litigation, and (c) granting related relief, all as more fully set forth in the Motion; and upon the Ramsden Declaration and the Macke Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**

A.    <u>Notice</u>.  As evidenced by the certificate filed with the Court [Docket No. 1347], proper, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding, (i) the Motion; (ii) the entry of this Order; and (iii) the Sale contemplated under the Purchase Agreement have been provided to all parties entitled thereto.  Such notice constitutes good and sufficient notice of, and a reasonable opportunity to object or be heard regarding, the

Motion and the entry of this Order under Bankruptcy Code §§102(1), 363 and 365 and Bankruptcy Rules 2002 (including, without limitation, 2002(i)), 6004, 6006, and 9019 and Local Rule 6004-1. No other or further notice of, opportunity to object to, or other opportunity to be heard regarding the Motion or the entry of this Order need be given to any entity.

B.    <u>Disclosures</u>.  The disclosures made by the Debtors in the Motion and related documents filed with the Court concerning the Sale are sufficient under the circumstances.

C.    <u>Entry Into and Sale is in Best Interests of the Debtors' Estates</u>.  The Debtors' determination that a sale of the Property through a private sale on the terms and conditions set forth in the Purchase Agreement is in the best interests of the Debtors' estates and constitutes a valid and sound exercise of the Debtors' business judgment.  The total consideration provided to the Debtors for the Property represents the highest and best offer reasonably and practicably received by the Debtors for the Property.  No other entity or group of entities has presented a higher or otherwise better offer to the Debtors to purchase the Property for greater economic value to the Debtors' estates.  The Sale contemplated under the Purchase Agreement, including the total consideration to be realized by the Debtors thereunder, (i) is the highest and best offer received for the Property by the Debtors and (ii) is in the best interests of the Debtors, their creditors, their estates, and other parties in interest.  The assumption of the Purchase Agreement by the Debtors is therefore also in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

D.    <u>Good Faith</u>.  The sales process engaged in by Buyer and Seller, and the negotiation of the Purchase Agreement, was non-collusive, in good faith, and substantively and procedurally fair to all parties in interest.  Buyer is acquiring the Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.  Neither Buyer nor any

of its affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of its respective representatives, successors, or assigns is an "insider" (as defined under section 101(31) of the Bankruptcy Code) of any Debtor, and, therefore, each such person is entitled to the full protections of section 363(m), and otherwise has proceeded in good faith in all respects in connection with these chapter 11 cases in that:  (1) Buyer recognized that the Debtors were free to deal with any other party interested in acquiring the applicable Property; (2) all payments to be made by Buyer and other agreements or arrangements entered into, or to be entered into, by such Buyer in connection with the Sale have been disclosed; (3) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (4) the negotiation and execution of the Purchase Agreement, including the applicable Sale contemplated thereby, were at arms'-length and in good faith.  There was no evidence of insider influence or improper conduct by Buyer or any of their affiliates in connection with the negotiation of the Sale with the Debtors.

E.    <u>No Collusion</u>.  The Sale and transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code.  None of the Debtors, Buyer, or any of their respective affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective representatives, attorneys, successors, or assigns have engaged in any conduct that would cause or permit the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

F.    <u>Purchasers Not Successors</u>.  By consummating the Sale substantially pursuant to the terms of the Purchase Agreement, neither Buyer nor its affiliates are a mere continuation of any Debtor or any Debtor's estate, and there is no continuity, no common identity, and no continuity of enterprise between Buyer and any Debtor.  By consummating the Sale substantially pursuant to the terms of the Purchase Agreement, Buyer and its affiliates shall not be deemed to

be holding itself out as a continuation of the Debtors based on the Sale, the Purchase Agreement, any subsequent documentation entered into for purposes of consummating such transaction, or this Order.  Neither Buyer nor its affiliates are a successor to any Debtor or any Debtor's estate by reason of any theory of law or equity, and the Sale does not amount to a consolidation, merger, or *de facto* merger of any purchaser and the Debtors.

G.    <u>Binding Agreement</u>.  The Purchase Agreement is a valid and binding contract between the Seller and Buyer and shall be enforceable pursuant to its terms.  The Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under laws of the United States, any state, territory, possession, or the District of Columbia.  The Purchase Agreement and the Sale itself, and the consummation thereof, shall be, to the extent provided in the applicable agreement, specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed with respect to any of the Debtors, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.  The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, and their creditors (whether known or unknown), the applicable purchaser, and each of their respective affiliates, successors, and assigns, and any affected third parties, including, without limitation, all persons asserting encumbrances (collectively, the "**Bound Parties**"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary, and

shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner, receiver, party, entity, or other fiduciary.  The provisions of this Order and the terms and provisions of the Purchase Agreement, shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtors, dismissing these chapter 11 cases, or converting these chapter 11 cases to cases under chapter 7.  The rights and interests granted pursuant to this Order and the Purchase Agreement shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.  Any trustee appointed for the Debtors under any provision of the Bankruptcy Code, whether the Debtors are proceeding under chapter 7 or chapter 11 of the Bankruptcy Code, shall be authorized and directed to perform under the Purchase Agreement and this Order without the need for further order of the Court.

H.      <u>Free and Clear Sale</u>.  The Debtors may sell the Property free and clear of all claims against or interests in the Debtors, their estates, or any of the Property because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.  Those holders of claims or interests who did not object or who withdrew their objections to the Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2).  Those holders of claims or interests who did object, fall within one or more of the other subsections of Bankruptcy Code section 363(f), including that such holders of claims or interests are adequately protected by having their claims that constitute interests in the Property, if any, attach to the proceeds of the Sale with the same priority that existed immediately prior to the closing.

I.      If the Sale was not free and clear of all claims or interests, or if Buyer would, or in the future could, be liable for any of such claims, such purchaser would not have entered into and consummated the Sale, thus adversely affecting the Debtors and their estates and creditors. In addition, the sale of the Property other than pursuant to a transfer that is free and clear of all claims, interests, and encumbrances, would be of substantially less benefit to the Debtors' estates. The total consideration to be provided under the Sale reflects Buyer's reliance on this Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the applicable assets free and clear of all claims.

J.      <u>Sound Business Purpose</u>. The Debtors have demonstrated good, sufficient and sound business purposes and justifications for approval of the Settlement, and the approval of and entry into the Settlement and any ancillary agreements thereto (i) are a result of due deliberation by the Debtors and constitute a sound and reasonable exercise of the Debtors' business judgment consistent with their fiduciary duties; (ii) provide value and are beneficial to the Debtors' estates, and are in the best interests of the Debtors, their estates and their stakeholders; and (iii) are reasonable and appropriate under the Circumstances.

K.      <u>The Settlement Is Fair</u>. Given the facts and circumstances of these Chapter 11 Cases and the natures of the claims and causes of action that may be asserted by or on behalf of the Debtors and their estates against Buyer and by Buyer against the Debtors and their estates, the compromises and obligations contained in the Settlement are fair, reasonable and adequate, in the best interests of the Debtors' estates and their creditors, and represent a valid and proper exercise of the Debtors' business judgment.

L.      <u>Reasonableness of Settlement</u>. The compromise and settlement of claims set forth in the Settlement substantially exceeds the lowest point in the range of reasonableness. The benefits and consideration that Buyer will provide pursuant to the Settlement are fair, equitable and constitute adequate consideration for the releases and other consideration that Buyer is to receive pursuant to the Settlement and constitute reasonably equivalent value therefor.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Motion is granted and approved to the extent indicated herein, and the Sale and Settlement contemplated thereby are authorized and approved as set forth in this Order.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn or otherwise resolved are overruled on the merits and denied.  All persons and entities with notice of the relief sought in the Motion and set forth in this Order that failed to timely object thereto are deemed to consent to such relief, including for purposes of section 363(f)(2) of the Bankruptcy Code.

3.      The Debtors are authorized to enter into, and perform under, the Purchase Agreement and all other ancillary documents, including, without limitation, all exhibits and schedules attached to the Purchase Agreement.

4.      The Purchase Agreement and all other ancillary documents, all of the terms and conditions thereof, and the Sale and Settlement contemplated thereby, are hereby approved in all respects, except as otherwise expressly set forth herein.  The failure specifically to include any particular terms of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale and Settlement be authorized and approved in their entirety.

5.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale of the Property to Buyer pursuant to and in accordance with the terms and conditions of the Purchase Agreement, (b) close the Sale as contemplated in the Purchase Agreement and this Order, (c) effectuate the Settlement as contemplated in the Purchase Agreement, and (d) execute and deliver, perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and ancillary documents that may be reasonably necessary or desirable to implement the Sale and Settlement, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other ancillary documents.

6.      This Order shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in the Debtors, all holders of any claims against any Debtor, any holders of claims against or on some or all of the Property, all counterparties to any executory contract or unexpired lease of the Debtors, any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in any of these chapter 11 cases or upon a conversion to chapter 7 of the Bankruptcy Code of any of the Debtors' cases, and any filing agents, filing officers, title agents, recording agencies, secretaries of state, and other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Property.  The terms and provisions of the Purchase Agreement and this Order shall inure to the benefit of the Debtors, their estates and their creditors, Buyer and its affiliates, and any other affected third parties, including all persons asserting any claims in the Property to be sold pursuant to the Purchase Agreement, notwithstanding any

subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise shall be binding.  This Order shall survive any dismissal or conversion of any of these chapter 11 cases or any dismissal of any subsequent chapter 7 cases.

7.      The transfer of the Property shall constitute a legal, valid, binding, and effective transfer of each such Property and, upon the Debtors' receipt of the purchase consideration, shall be free and clear of liens, claims, and encumbrances.  Those holders of claims who did not object (or who ultimately withdrew their objections, if any) to the Sale are deemed to have consented to the Sale being free and clear of their claims pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of claims who did object could be compelled in a legal or equitable proceeding to accept money satisfaction of such claims pursuant to section 363(f)(5) of the Bankruptcy Code, or fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are therefore adequately protected by having their claims that constitute interests in the Property, if any, attach to the proceeds of the Sale with the same priority that existed immediately prior to the closing.  Upon the closing, the Debtors shall transfer the Property to Buyer.  Pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Property shall be free and clear of liens and all interests, liabilities, obligations, or claims (including all "claims" within the meaning of section 101(5) of the Bankruptcy Code).

8.      All persons and entities holding liens or interests in the Property arising under or out of, in connection with, or in any way relating to the Debtors or the transfer of such Property to Buyer hereby are forever barred, estopped, and permanently enjoined from asserting against Buyer or its successors or assigns, its property, or such persons' or entities' liens or interests in and to the Property.

9.      Except to the extent of the Debtors' post-closing obligations to Buyer set forth in the Purchase Agreement, after the closing of the sale, the Debtors shall have no further liability with respect to the Property, and any claims, whether administrative or otherwise, relating to or arising from such Property after the closing of the sale asserted against the Debtors shall be deemed disallowed.

10.     All liens and interests in the Property held by the Debtors' DIP Lenders shall attach to the proceeds of the Sale with the same priority that existed immediately prior to the closing. Notwithstanding anything to the contrary herein, the net cash proceeds of the Sale will not be transferred or applied other than in accordance with the Final DIP Order [Docket No. 584].

11.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel any of the liens and other encumbrances of record.

12.     If any person or entity that has filed statements or other documents or agreements evidencing liens on, or interests in, any of the Property shall not have delivered to the Debtors prior to the closing in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, and any other documents necessary for the purpose of documenting the release of liens or interests which the person or entity has or may assert with respect to such assets, the Debtors and Buyer are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to such assets.

13.     This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons

and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

14.     The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or the rights of any party holding a lien, claim or encumbrance on or against the Property.

15.     The Sale contemplated by the Purchase Agreement is undertaken by the Seller and Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate any transaction shall not affect the validity of such transaction (including, for the avoidance of doubt, the sale of the Property free and clear of all claims), unless such authorization and consummation of such transaction was stayed pending such appeal.  Buyer is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.  Buyer has not colluded with any potential purchasers, or any other parties interested in the Property, and therefore the sale of the Property may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

16.     The automatic stay pursuant to section 362 is hereby lifted to the extent necessary, without further order of this Court, to (a) allow Buyer to deliver any notice provided for in the

Purchase Agreement and any ancillary documents and (b) allow Buyer to take any and all actions permitted under this Order, the Purchase Agreement, and any ancillary documents in accordance with the terms and conditions thereof.

17.     The Debtors, including their respective officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Purchase Agreement and this Order.  The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of the Purchase Agreement and this Order and the relief granted pursuant to this Order.

18.     From time to time, as and when requested by any party, each party to the Sale shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to effectuate the Settlement and consummate the Sale, including such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in Buyer its right, title and interest in and to the Property, as applicable.

19.     Notwithstanding the provisions of the Bankruptcy Rules, including Bankruptcy Rules 6004(h), 6006(d), and 7062, or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is waived and shall not apply.  Time is of the essence in closing the Sale and the Seller and Buyer intend to close the Sale as soon as practicable.  The Debtors and Buyer are authorized to close the Sale immediately upon entry of this Order.

20.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a presumption, concession or admission by the Debtors of any fault, liability or wrongdoing as to any facts, claims or contentions that have been or might be alleged or asserted in connection with the Litigation that is the subject of the Settlement and the various releases contemplated thereby; or (h) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6004(a) and the Local Rules are satisfied by such notice.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23.     The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement entered into for purposes of consummating the Sale and effectuating the Settlement, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Property or Settlement of the Litigation.

**Dated: December 20th, 2024**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**