### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*[1] | Case No. 24-11967 (JKS) (Jointly Administered) |
| Debtors. | **Objection Deadline: 12/31/2024 at 4:00 p.m. (ET)** **Hearing Date: 1/7/2025 at 1:00 p.m. (ET)** |

### MOTION OF HYBRID PROMOTIONS, LLC FOR ALLOWANCE AND COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Hybrid Promotions, LLC d/b/a Hybrid Apparel ("Hybrid"), a creditor of the above-captioned debtors and debtors in possession in the above jointly administered cases, pursuant to Section 503 of the Bankruptcy Code, files this *Motion for Allowance and Compelling Immediate Payment of Administrative Expense Claim* (this "Motion"), and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2. The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 503(a), 503(b)(1)(A), and 507(a)(2).

### BACKGROUND

3. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its various affiliated entities (collectively, the "Debtors") commenced the above-captioned jointly administered cases (collectively, the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

*a.*    ***Agreement between Hybrid and the Debtor***

4. Hybrid and one of the Debtors, Big Lots Stores - PNS, LLC, as well as

---

[1] A complete list of the Debtors in these chapter 11 cases is available on the website of the Debtors' claims and noticing agent, https://cases.ra.kroll.com/biglots/.

potentially other Debtors, are parties and subject to a series of Purchase Orders (together with all amendments, exhibits, schedules, attachments, and other integrated documents, the "Agreement").

5.    The Agreement has not expired or been terminated, nor has it been assumed or rejected by the Debtors, and remains in effect on the parties.

**b.    *Goods Provided to the Debtors Pursuant to the Agreement***

6.    Pursuant to the Agreement, Hybrid manufactured and provided to the Debtors goods for sale.  Since the Petition Date, Hybrid has manufactured and shipped to the Debtors goods valued at $1,883,726.34.

7.    Hybrid also has produced and is in the process of producing goods for delivery to the Debtors in 2025, pursuant to the Agreement, which have not yet been delivered but which are scheduled to be delivered to the Debtors.  To date, Hybrid has produced and is in the process of producing additional goods that have not yet been delivered, valued at $1,153,324.08 for the Debtors' account.  These additional goods were manufactured especially for the Debtors and would not have been manufactured, absent the orders submitted by the Debtors.

8.    The Debtors are in default for failure to pay amounts due under the Agreement after the Petition Date—the Debtors have not made the post-petition payments due and owing notwithstanding their receipt of goods and Hybrid's manufacture and storage of goods.  The total post-petition amounts currently past due under the Agreement is $1,197,062.52.  The Debtors owe Hybrid an additional $620,701.62 for goods already produced and delivered, which is due to be paid in January 2025 and an additional $65,962.20 for goods already produced and delivered, which is due to be paid in December 2024. Combined, this represents a total of $1,883,726.34 owed to Hybrid for goods produced and delivered.  The total post-petition amounts due, including deliveries already made and future deliveries which Hybrid has produced and/or is in the process of producing is $3,037,050.42, which includes the amount due for goods already delivered and for goods produced but not yet delivered.  A summary account statement is attached as ***Exhibit 1***.

## BASIS FOR RELIEF REQUESTED

9.    Section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to

claims for the actual, necessary costs and expenses of preserving an estate.   "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority."   *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)* 536 F.2d 950, 954 (1st Cir. 1976)   Under Section 507(a) of the Bankruptcy Code, administrative expense claims allowed under Section 503(b) are to be given high priority.

10.   Here, the Debtors have failed to pay the cost of contracted-for goods provided to the Debtors by Hybrid and to be sold for the Debtors' benefit.  Hybrid was induced to produce and deliver these goods after the Petition Date, pursuant to the parties' Agreement, which goods were delivered to the Debtors for the purpose of sale as part of the Debtors ongoing business operations. Collectively, the current post-petition amounts due and owing under the Agreement through the date of assumption or rejection, constitute Hybrid's administrative expense claim.

11.   Accordingly, Hybrid is entitled to allowance and immediate payment in the amount of $2,416,348.80 (the "Post-Petition Costs"), all as an administrative expense claim pursuant to Sections 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

12.   Hybrid reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to Hybrid or that become defaulted with the passage of time.  Hybrid further reserves its rights to raise any additional objections to assumption of the Agreement, including the ability of any proposed assignee to perform and to provide the necessary adequate assurance information.  Hybrid expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit Hybrid's rights, remedies, or interests with respect to the Agreement.

## CONCLUSION

13.   In accordance with the Debtors' obligations under Sections 503(a),  503(b)(1)(A), and  507(a)(2) of the Bankruptcy Code,  Hybrid  respectfully requests entry of an Order (a) allowing the Post-Petition Costs and all future costs due and owing under the Agreement through

the date of assumption or rejection as an administrative expense claim, (b) ordering the Debtors to immediately pay the Post-Petition Costs, and (c) granting such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

THE WILLIAMS LAW FIRM, P.A.

Dated: December 23, 2024          By: */s/ John Legaré Williams*
                                  John Legaré Williams (Del. Bar. #4473)
                                  Brian Charles Crawford (Del. Bar. # 4941)
                                  1201 N. Orange Street, Suite 600
                                  Wilmington, DE  19801
                                  Tel: (302) 575-0873
                                  Fax: (302) 575-0925
                                  Email: John@TrustWilliams.com
                                        Brian@TrustWilliams.com

                                  and

                                  MANATT, PHELPS & PHILLIPS, LLP
                                  Schuyler G. Carroll (pro hac vice pending)
                                  7 Times Square
                                  New York, NY 10036
                                  Tel: (212) 790-4500
                                  e-mail: SCarroll@manatt.com

                                  *Attorneys for Hybrid Promotions LLC d/b/a Hybrid Apparel*