## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Related to Docket No. ___** |

### [PROPOSED] ORDER GRANTING MOTION OF HYBRID PROMOTIONS, LLC FOR ALLOWANCE AND COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon the *Motion for Allowance and Compelling Immediate Payment of Administrative Expense Claim* (this "Motion") pursuant to Sections 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code filed by Hybrid Promotions, LLC dba Hybrid Apparel ("Hybrid"); and it appearing that the relief sought in the Motion and the entry of this Order are appropriate and necessary; and upon consideration of the Motion and all of the proceedings before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Hybrid shall have and is hereby granted and an allowed administrative expense claim against the Debtors for the Post-Petition Costs, comprised of $1,883,726.34 and all future costs due and owing under the Agreement through the date of assumption or rejection the Agreement, including but not limited to the amount of $1,153,324.08 for goods produced and stored for the benefit of Debtors' account.

3. The Debtors shall immediately pay the Post-Petition Costs currently due and owing of $1,883,726.34, and the Debtors shall promptly pay all costs due and owing Hybrid under the Agreement that accrue after December 31, 2024 without further order of this Court.

4. This Order shall be without prejudice to Hybrid's right to seek allowance of

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/biglots/

further claims against the Debtors' estates, including, but not limited to, claims for damages arising from the Debtors' rejection of the Agreement.

5. No stay of this Order shall be in effect, including, but not limited to, any stay contemplated under Fed. R. Bankr. P. 4001(a)(3).

6. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or enforcement of this Order.