**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al.*,[1] | ) | Case No. 24-11967 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 1397 |

**OBJECTION OF THE GROVE SHOPS LLC TO THE DEBTOR'S SEVENTH NOTICE OF
FILING OF LIST OF ADDITIONAL CLOSING STORES PURSUANT TO THE FINAL
ORDER (I) AUTHORIZING DEBTORS TO ASSUME THE CONSULTING AGREEMENT,
(II) AUTHORIZING STORE CLOSING SALES AND APPROVING RELATED
PROCEDURES, AND (III) GRANTING RELATED RELIEF**

The Grove Shops LLC ("The Grove Shops" or "Landlord"), by and through its undersigned

counsel, hereby files an Objection (the "Objection") to the Debtor's *Seventh Notice of Filing of List*

*of Additional Closing Stores Pursuant to the Final Order (I) Authorizing Debtors to Assume the*

*Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and*

*(III) Granting Related Relief* [D.I. 1397] (the "Seventh Store Closing Notice"), and in support thereof,

respectfully states as follows:

**Objection**

1.      On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its affiliated Debtors

(collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      On the Petition Date, the Debtors filed their *Motion of Debtors for Entry of Interim*

*and Final Orders (I) Authorizing Debtors to Assume the Services Agreement, (II) Authorizing Store*

---

[1]     The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer
identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948);
Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC
(6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution,
LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163);
INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate
headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 16] (the "Store Closing Motion"). The Store Closing Motion was approved by the Court on an interim basis on September 11, 2024 [D.I. 134], and a *Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* was entered by the Court on October 21, 2024 [D.I. 576] ("the "Store Closing Order").

3.      The Grove Shops is the landlord of a Big Lots store ("Store No. 4664 or "Store No. 4664") located at 90 Shops at 5 Way, Plymouth, MA 02360, pursuant to a written lease (the "Lease"). A copy of the Lease is in the possession of the Debtors and can be made available upon request.

4.      The Lease has not been rejected. The Debtors have continued to occupy, use, and enjoy Store No. 4664. As such, the Debtors were obligated and continue to be obliged following the Petition Date, to continue to timely perform all obligations under the Lease until such time as the Lease is assumed or rejected.

5.      Up until this past week, the Debtors had been pursuing a reorganization strategy centered around a going-concern sale to Nexus Capital Management. While pursuing this broader strategy, the Debtors have been conducting store closures on a piecemeal basis. As of the date of this Objection, the Debtors have amended their initial list of store closures on no less than six separate occasions.

6.      While Landlord is sympathetic to the uncertainties present in this Chapter 11 case, this slow trickle of store closures has left Grove Shops in a state of continued uncertainty regarding the ultimate disposition of Store No. 4664. After several months of uncertainty, on December 19, 2024 the Debtors filed the Seventh Store Closing Notice which added Store No. 4664 to the list of closing stores.

7.      Landlord objects to its treatment under the <u>Seventh Store Closing Notice</u> to the extent that it seeks to limit Landlord's rights to adequate assurance of future performance under sections 365(b)(1) and (3) of the Bankruptcy Code; adequate protection under section 363(e) of the Bankruptcy Code; and continued performance of the Debtors' obligations under the Lease pursuant to section 365(d)(3) of the bankruptcy code.

8.      Landlord does not believe that the store closing procedures which are currently in place pursuant to the Store Closing Order adequately protect Landlord's rights as set forth in the preceding paragraph. Specifically, Landlord requests that the following provisions shall govern the closing of Store No. 4664:

a.  Window signs shall: (i) be limited to one per window not to exceed 36 inches by 60 inches each, (ii) be set back at least twelve (12) inches from the glass, and (iii) shall not contain more than three (3) colors per sign in addition to black and white. In addition to the window signs, each 1,000 square feet of leasable space shall contain no more than three (3) hanging signs, which signs may not exceed 36 inches by 60 inches each. "Toppers" shall not exceed 11 inches by 14 inches and shall be limited to one for each rack, counter or shelf. Consumer notification/policy signs shall not be deemed signs for purposes of the in-store signage limitations contemplated by this letter agreement. All signs shall be professionally produced and may not be hand lettered or similar.

b.  No more than two interior banners (not to exceed 3 feet by 15 feet) may be used, which shall be hung in the rear half of Store #4664. Subject to the proviso attached to this sentence, the Debtor may place up to two exterior banners, provided, however, that only one exterior banner may be used unless Store #4664 has two existing exterior signs, in which case two exterior banners may be used. If Store

#4664 does not have two existing exterior signs, the Debtor may seek the consent of Landlord for the placement of one additional exterior banner. All exterior banners must be no greater in size than 3 feet by 30 feet (the size of the exterior banner is not precedential) and proximate in location to the Debtor's current sign(s). The Debtor will consult with any contact person that Landlord may provide to the Debtor in connection with the placing of the exterior banner(s) so as to avoid damaging the building in connection with hanging an exterior banner, and the Debtor shall timely repair any damages resulting from the hanging and/or removal of any banner.

c.  To the extent the Debtor utilizes language similar to the following on any signage, such signage may state either "Store Closing Sale", "Sale on Everything", "Everything Must Go", or "Going out of Business." Signage may not include any of the following: "Total Liquidation Sale", "Court Ordered Sale", "Bankruptcy Sale", "Chapter 11 Sale", or "Lost Our Lease."

d.  The following are not permitted on Landlord's owned property at Store #4664: tethered hot-air or other balloons or other inflatable devices, inflatable images, sandwich boards, A-Frames, sign walkers, rooftop advertising, flashing lights, strobe lights, large spotlights, bullhorns or any other type of amplified sound, and any other exterior signs, not otherwise permitted herein, in the common area of the shopping center. The Debtor shall not distribute handbills, leaflets, or other written materials outside of Store #4664 on Landlord's property or otherwise advertise or solicit customers on Landlord's property outside of Store #4664. For the avoidance of doubt, the Debtor will have the right to use sign walkers other than on Landlord's property.

e.  Debtor shall conduct its GOB Sale at Store #4664 during the normal business hours maintained by the Debtor prior to the filing of its bankruptcy petition.

f.  The Debtor shall not conduct an auction, fire sale, tent sale, sidewalk sale, or other outside or common area sale.

g.  At the conclusion of its GOB sale, the Debtor shall vacate Store #4664 in broom clean condition, ordinary wear and tear excepted. The Debtor further agrees to remove all fixtures, equipment, and signage, and shall, at its expense, repair any damage to Store #4664 caused by or resulting from such removal.

h.  The Debtor shall be permitted to include supplemental inventory in its sale.

i.  Only Furniture, Fixtures, and Equipment owned by the Debtor, ("FF&E") may be sold by the Debtor sold during the GOB Sale or otherwise and such FF&E shall not be removed from the Store through the front entrance; provided, however, that the foregoing shall not apply to de minimis FF&E sales made whereby the item(s) can be carried out of the front door of Store #4664 , in a shopping cart, or in a shopping bag. FF&E shall only be removed through the rear entrance or loading dock, as applicable and physically practicable.

j.  If requested by Landlord no later than ten (10) days after the commencement of any GOB Sale, prior to the sale of any FF&E, the Debtor will conduct a walk-through with Landlord to discuss issues with respect to the potential sale/removal of any FF&E that Landlord believes does not belong to (or may not be sold by) the Debtor. Landlord and the Debtor will work cooperatively to promptly resolve any such issues with the Debtors, or seek a ruling from the Bankruptcy Court.

k.  The Debtor shall complete its sale at Store #4664 no later than January 31, 2025, subject to extension by mutual agreement between Landlord and the Debtor after

notice to Landlord and in all other respects the terms of the Lease shall govern except to the extent same may be modified or amended pursuant to a side letter agreement executed by and between Landlord and Debtor regarding the conduct of any GOB Sale in the Big Lots location at 90 Shops at 5 Way, Plymouth, MA 02360.

## RESERVATION OF RIGHTS

9.      Landlord reserves the right to amend and/or supplement this Objection and to raise any additional arguments or objections prior to or at any hearing held in connection with this objection.

10.     Landlord specifically reserves and preserves all of its rights to assert any administrative claims that may arise during the proposed store closing sale at Store #4664.

## JOINDER

11.     Landlord hereby joins the objections by other similarly situated landlords to the extent that such objections are not inconsistent with the relief sought herein.

## CONCLUSION

WHEREFORE, Landlord respectfully requests the Court enter an order (i) granting this objection; (ii) compelling the Debtors and any assignee of the Lease to fully comply with their obligations under the Bankruptcy Code, the Lease, and other applicable law; and (iii) granting such other and further relief as the court deems just and proper.

Dated:  December 24, 2024
Wilmington, Delaware

*/s/ Raymond H. Lemisch*
Raymond H. Lemisch, Esq. (DE Bar No. 4204)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone:  (302) 426-1189
Email:  rlemisch@klehr.com

*Counsel to The Grove Shops LLC*

**CERTIFICATE OF SERVICE**

      I, Raymond H. Lemisch, hereby certify that on the 4th day of November 2024, a true and correct copy of *The Grove Shops LLC's Objection to the Debtor's Seventh Notice of Filing of List of Additional Closing Stores Pursuant to the Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* was served on all parties registered to receive CM/ECF notifications in this matter and via electronic mail on the parties listed below.

| | |
|---|---|
| Robert J. Dehney, Sr., Esq. | Brian M. Resnick, Esq. |
| Andrew R. Remming, Esq. | Adam L. Shpeen, Esq. |
| Daniel B. Butz, Esq. | Stephen D. Piraino, Esq. |
| Tamara K. Mann, Esq. | Ethan Stern, Esq. |
| Casey B. Sawyer, Esq. | DAVIS POLK & WARDWELL LLP |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | 450 Lexington Avenue |
| 1201 N. Market Street, 16th Floor | New York, New York 10017 |
| Wilmington, Delaware 19801 | Email: notice.biglots@davispolk.com |
| Email: biglots.mnat@morrisnichols.com | brian.resnick@davispolk.com |
| rdehney@morrisnichols.com | adam.shpeen@davispolk.com |
| aremming@morrisnichols.com | stephen.piraino@davispolk.com |
| dbutz@morrisnichols.com | ethan.stern@davispolk.com |
| tmann@morrisnichols.com | |
| csawyer@morrisnichols.com | |

 

                                        */s/ Raymond H. Lemisch*
                                        Raymond H. Lemisch (DE Bar No. 4204)