**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Related to Docket Nos. 1351 |

**LIMITED OBJECTION, AND JOINDER TO OBJECTIONS,
OF LAFAYETTE STATION LLC, SOUTH OAKS STATION
LLC AND FIVE TOWN STATION LLC TO MOTION OF
DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING TIME
TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL
REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Lafayette Station LLC, South Oaks Station LLC and Five Town Station LLC, affiliates of Phillips Edison & Company (collectively, the "**Landlords**") file this limited objection (the "**Objection**") to the *Motion of Debtors for Entry of an Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [D.I. 1351] (the "**Extension Motion**") and further join the objections of certain landlords to the Extension Motion, as thus far reflected at docket no. 1414. In support of the Objection, the Landlords state as follows:

**BACKGROUND**

1. On September 9, 2024 (the "**Petition Date**"), the above-captioned debtors (the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

53624661.3

"**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. As of the Petition Date, the Landlords were parties to leases with the Debtors for the following locations (together, the "**Leases**"):

   (a) South Oaks Station LLC: Store #5483, 1530 Ohio Ave., South, Live Oak, FL 32064;

   (b) Five Town Station, LLC : Store #1265, Five Town Plaza, 320 Cooley Street, Springfield, MA 01128; and

   (c) Lafayette Station, LLC: Store #132, Lafayette Square Shopping Center, 2050 S. 22nd Street, Lafayette, IN 47905.

3. Based on the Landlords' records, outstanding post-petition amounts are owed in connection with each of the Leases, in the total amount of $139,142.83.

4. On October 22, 2024, this Court entered the *Final Order under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* [D.I. 584], attached to which was the Court-approved DIP Budget.

5. On November 22, 2024, this Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1232] (the "**Sale Order**") approving the proposed sale of the Debtors' "core" assets (the "**Sale**") to Gateway BL Acquisition, LLC ("**Nexus**").

6.     On December 13, 2024, the Debtors filed the Extension Motion, seeking to extend the deadline to assume or reject unexpired leases of nonresidential real property (the "**365(d)(4) Deadline**") from January 7, 2025 to April 7, 2025.

7.     On December 19, 2024, the Debtors issued a press release indicating that the Sale to Nexus would not close.  In addition, at a December 19, 2024 omnibus hearing, the Debtors confirmed that the Sale would not close and that stub rent was not paid as anticipated, in accordance with the DIP Budget.  Further, at the hearing, the Debtors were unable to confirm whether the cases were administratively solvent, or whether the Debtors would have continued access to DIP financing sufficient to pay go-forward expenses, including lease obligations.

8.     Following the hearing, on December 19, 2024, the Debtors filed the *Seventh Notice of Filing of List of Additional Closing Stores Pursuant to the Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures and (III) Granting Related Relief* [D.I. 1397] (the "**Store Closing Notice**"), attached to which as Exhibit A is the Additional Closing Store List (as defined therein).  Each of the Leases is included on the Additional Closing Store List.  Indeed, the Landlords understand that the Additional Closing Store List includes *all* leases not previously included in a prior Store Closing Notice due to the Debtors' intent to commence closing sales at all locations

9.     On December 26, 2024, the Debtors filed a *Notice of Filing of Budget* [D.I. 1434], attached to which as Exhibit A is an updated Wind-Down Budget.  The Wind-Down Budget contemplates payment of rent through February 2025; however, it does not appear to contemplate the payment of stub rent.  A status conference is presently scheduled for December 30, 2025 at which the Landlords look forward to additional clarity regarding the Wind-Down Budget and the status of the Debtors' wind-down and sale efforts.

**LIMITED OBJECTION**

10. As the Debtors correctly note in the Extension Motion, the 365(d)(4) Deadline may be extended for "cause," which is determined using several non-exclusive factors, including the size and complexity of the cases and whether the debtor is paying for the use of the property. *See* 11 U.S.C. § 365(d)(4)(B)(i); *see also South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61 (2d Cir. 1996). The primary purpose of section 365(d)(4) of the Bankruptcy Code is "to protect lessors . . . from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases." *Matter of American Healthcare Mgmt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990); *see also In re Bon Ton Restaurant and Pastry Shop, Inc.*, 52 B.R. 850, 853 (Bankr. N.D. Ill. 1985) ("The policy behind section 365 is to prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-à-vis the estate.").

11. While the Landlords submit that these Chapter 11 Cases *are* complex and involve a large number of leases, the recent turn of events in these cases undercuts the appropriateness of the requested extension of the 365(d)(4) Deadline to **April 7, 2025**. Indeed, a three month extension of the 365(d)(4) Deadline is inappropriate where the Debtors cannot provide assurance of timely payment of post-petition lease obligations through the date of the requested extension. *See In re Muir Training Techs., Inc.*, 120 B.R. 154, 159 (Bankr. S.D. Cal. 1990) (rejecting request to extend 365(d)(4) deadline where, among other factors, party did not receive any post-petition rent payments and many leases were in default prior to filing); *In re Victoria Station Inc.*, 88 B.R. 231, 236 (B.A.P. 9th Cir. 1988) (permitting extension of 365(d)(4) deadline where, *inter alia*, case involved numerous and complicated leases, the debtor continued to occupy the space and all post-petition lease obligations were satisfied). Landlords should not be forced to "foot the bill" for the

53624661.3

Debtors' attempts to maximize value for the primary benefit of their secured lenders. That the Debtors may seek to salvage the Nexus Sale or an alternative bulk sale of certain leases to a prospective purchaser does not justify such a lengthy extension of the 365(d)(4) Deadline in these circumstances.

12.     While the Landlords do not oppose a shorter extension of the 365(d)(4) Deadline, before *any* further extension of the 365(d)(4) Deadline is permitted, immediate assurance is needed regarding, *inter alia* (i) the timing of satisfaction of outstanding post-petition amounts owed to the Landlords, (ii) the timing of payment of stub rent, and (iii) the existence of an agreed DIP budget contemplating timely satisfaction of go-forward rent obligations. A shorter extension of the 365(d)(4) Deadline should not be prejudicial to the Debtors, which have already included all remaining store locations in the Store Closing Notice. This definitive movement towards a wind down of their operations, combined with the Debtors' insistence that it will act quickly in its attempts to salvage a "core" sale, demonstrates that the requested three-month extension is unnecessary for the Debtors' restructuring efforts.

13.     For these reasons, the Landlords object to the Extension Motion and further join in the objections to the Extension Motion filed by any other landlords to the extent consistent with this Objection, as if set forth in detail herein.

## **RESERVATION OF RIGHTS**

14.     The Landlords reserve the right to amend or supplement this Objection and make such other and further objections as may be necessary or appropriate, whether at or prior to the hearing on the Extension Motion, including to any proposed form of order.

[remainder of page left intentionally blank]

53624661.3

**CONCLUSION**

15.    The Landlords respectfully request that the Court deny the Extension Motion unless the relief sought is modified in the manner set forth herein, and grant such other and further relief as is may be just and equitable under the circumstances.

Dated:  December 27, 2024                             **SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Monique B. DiSabatino  (DE Bar No. 6027)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6806
Email: monique.disabatino@saul.com

 -and-

Turner N. Falk, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia PA 19102
Telephone: (215) 972-8415
Email: turner.falk@saul.com

*Attorneys for Lafayette Station LLC, South Oaks Station LLC, Five Town Station LLC and Phillips Edison & Company*