## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline: January 10, 2025 at 4:00 p.m. (ET)<br>Hearing Date: January 21, 2025 at 1:00 p.m. (ET) |

**MOTION OF OGDEN PLAZA LLC TO COMPEL IMMEDIATE PAYMENT OF STUB RENT AND POST-PETITION RENT AND OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)**

Ogden Plaza LLC ("Ogden"), by and through its undersigned counsel, hereby files this *Motion of Ogden Plaza LLC to Compel Immediate Payment of Stub Rent and Post-Petition Rent and Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* (the "Motion") seeking an order substantially in the form attached hereto as **Exhibit A**, compelling immediate payment of Stub Rent for Store 5462[2] in accordance with 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and in support thereof respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The debtors and debtors-in-possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163) INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

[2] As those terms are defined below.

17102456/2

2.      The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

## SUMMARY OF ARGUMENT

3.      Section 365(d)(3) of the Bankruptcy Code requires a debtor-in-possession to pay timely all post-petition rent and related charges until an unexpired lease is rejected. See 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such leases is assumed or rejected, notwithstanding section 503(b)(l) of this title").

4.      Further, as this Court explained in *In re Sportsman's Warehouse, Inc.*, the "debtor's use and occupancy of leased premises post-petition is an actual and necessary expense of preserving the estate" giving rise to an administrative expense under section 503(b) of the Bankruptcy Code to the extent of "the actual value or benefit the debtor is receiving." 436 B.R. 308, 315 (Bankr. D. Del. 2009). The rent payable to a landlord is "presumed to be the contract rate of rent" and the landlord is also entitled to real-estate taxes, payable as administrative expenses. *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 20 (Bankr. D. Del. 2010); *see also In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010 ("When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority.").

## BACKGROUND FACTS AND RELIEF REQUESTED

5.      Ogden is the owner of the premises located at 6832-F Market Street, Wilmington, North Carolina 28405 (the "Premises") at which Big Lots Stores, Inc, (the "Debtor") operates store number 5462 ("Store 5462") at the Premises pursuant to that certain written lease of nonresidential real property between Ogden Plaza, LLC and Big Lots Stores, Inc., dated October 25, 2021 (as

amended) (the "Lease"). The Lease has not been assumed or rejected, and the Debtor remains in possession of the Premises and continues to enjoy its full use and occupation.

6. Pursuant to the Lease, the Debtor is obligated to pay Ogden base rent per month, plus common area maintenance, taxes and insurance charges. Under the Lease, rent is due and payable the first of every month, real estate taxes and insurance charges are due thirty days after demand for payment.

7. Following the filing of the Debtors' chapter 11 cases on September 9, 2024 (the "Petition Date"), the Debtors did not pay post-petition rent, taxes, and other charges for September 2024. For the period of September 9 through September 30, 2024, Ogden is entitled to no less than $17,824.10 (the "Stub-Rent Amount"), including $15,727.07 for post-petition rent, and common area maintenance charges of $2,097.03.

8. Additionally, Ogden is entitled to $23,511.04 in real estate taxes from the Debtors, who failed to pay their pro-rata share within thirty days after receiving an invoice from Ogden.

9. The Court should enter an order compelling immediate payment by Debtors to Ogden of the Stub Rent Amount pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1)(A).

**ARGUMENT**

10. Allowance and payment of an administrative expense claim under section 503(b) is appropriate as the Debtors' use and occupancy of the property is a necessary expense of preserving the estate. The Debtors' use and occupancy of the property after the Petition Date is manifest. Since the Petition date, the Debtors have continued to use and occupy the premises to the exclusion of Ogden. Moreover, as the U.S. Court of Appeals for the Third Circuit has indicated: "The mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense

of preserving the Debtors' estates under section 503(b)(1)." *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990). Accordingly, Ogden is entitled to be paid the September Stub Rent, in the amount of $17,824.10, as an administrative expense claim pursuant to 11 U.S.C. §503(b)(1).

11. Ogden is also entitled to immediate payment of all post-petition rent and additional rent obligations as they come due under the Lease pursuant to 11 U.S.C. §365(d)(3). Debtor has failed to pay certain post-petition obligations as they have been billed to Debtor post-petition. For example, Debtor has been billed for its proportionate share of 2024 real estate taxes. Pursuant to the terms of the Lease, the Debtor is obligated to pay those amounts, in full, to Ogden within 30 days of being billed. Ogden presented all bills for the 2024 real estate taxes to the Debtor on November 13, 2024. Payment for those amounts was due within 30 days, but the Debtor has neither paid the billed amounts nor contested the amount billed. Indeed, the Debtor agreed that the amount due was proper, and incorporated the amounts billed into its proposed cure amount if the Lease was to be assumed and assigned. At this point, there is no indication whether the Lease will ever be assumed or assumed and assigned and cure paid. Thus, the 2024 real estate taxes are presently due as an administrative expense to be paid pursuant to 11 U.S.C. § 365(d)(1).

12. Moreover, Ogden requests an order compelling the Debtor to timely pay all future obligations arising under the Lease as and when they come due.

13. Nothing in the Bankruptcy Code suggests that the Debtors can pick and choose among their administrative expenses, paying some (like attorneys' fees) in full and others (like stub rent payable to landlords) in part, or not at all.

14. In addition, Ogden is entitled to adequate protection under 11 U.S.C. §§ 361 and 363(e) due to the Debtors' continuing use of the Premise.

15. Ogden joins in the arguments of other landlords also seeking to compel immediate payment of post-petition stub-rent to the extent not inconsistent herewith.

16. Ogden requests that the Court direct the Debtors to make immediate payment of stub rent to Ogden for the month of September. The Debtor should also be compelled to pay all outstanding amounts that are due for the 2024 real estate taxes and all future amounts that come due under the Lease.  Failing that, the Court should prohibit the Debtors from paying any administrative expenses incurred by or with respect to any person, including the Debtors' professionals, unless the Debtors can adequately assure the Court that they are not, and will not become, administratively insolvent.

## RESERVATION OF RIGHTS

17. Ogden reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to Ogden or that become defaulted with the passage of time. Ogden further reserves its rights to raise any additional objections to assumption of the Lease, including the ability of any proposed assignee to perform and to provide the necessary adequate assurance information. Ogden expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit Ogden's rights, remedies, or interests with respect to the Lease.

[*Remainder of page intentionally left blank*]

WHEREFORE, Ogden respectfully requests that the Court grant this Motion and enter the attached Order and grant such other and further relief that the Court deems just and proper.

Dated: December 27, 2024

**MORRIS JAMES LLP**

*/s/ Christopher M. Donnelly*
Carl N. Kunz, III (DE Bar No. 3201)
Christopher M. Donnelly (DE Bar No. 7149)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail:  ckunz@morrisjames.com
          cdonnelly@morrisjames.com

*Counsel to Ogden Plaza, LLC*

6

17102456/2