**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline:  Dec. 27, 2024 at 4:00 pm (ET)**<br><br>**Re:  Docket No. 1351** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF KIN PROPERTIES INC. AND ITS AFFILIATED LANDLORDS TO**
**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) EXTENDING TIME TO**
**ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL**
**PROPERTY AND (II) GRANTING RELATED RELIEF**

Kin Properties, Inc., Nasan LLC, Pasan LLC, Esan LLC, Alisan LLC, Fundamentals Company, Inc., Oakland Realty Company, Inc., Roseff LLC, Hall Properties Company, Nathan Jeffrey LLC, Jasan LLC, Fort Wayne Matador, Inc., Aleff LLC, Aneff LLC and Jefan LLC (collectively, "Kin Landlords") in the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases") hereby files this limited objection and reservation of rights with respect to the *Motion of Debtors for Entry of an Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [D.I. 1351], and in support hereof respectfully state as follows.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court. No trustee or examiner has been appointed and the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. One or more of the Debtors lease space from one or more of the Kin Landlords for certain premises (the "Leased Premises") pursuant to unexpired leases of nonresidential real property (the "Leases"), including certain Leases that have not yet been assumed or rejected.

3. On October 16, 2024, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 511], therein identifying certain Leases as "Potential Assumed Contracts" in connection with the proposed sale of substantially all of the Debtors' assets to Gateway BL Acquisition, LLC as Stalking Horse Bidder, and setting forth purported cure amounts in connection with the potential assumption and assignment of such Leases.

4. On October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction For, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [D.I. 612].

5. On October 31, 2024, the Debtors filed the *Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [D.I. 683], identifying

certain Leases as "Proposed Assumed Contracts" to be assumed and assigned in connection with the Sale Transaction as described in the Sale Order, and again setting forth the purported cure amounts in connection with the potential assumption and assignment of such Leases.

6. On November 6, 2024, the Kin Landlords filed a limited objection and reservation of rights to the Debtors' notices of potential assumption and assignment of the affected Leases and proposed cure amounts [D.I. 942], and therein identified certain unpaid amounts due and owing under the Leases, including without limitation unpaid stub rent, taxes, and other amounts for which the tenants are responsible pursuant to the terms of Leases. *See id*. The aggregate amount of stub rent owed to the Kin Landlords alone is approximately $85,000.

7. On November 22, 2024, the Court entered an order [D.I. 1232] (the "Sale Order") authorizing the sale to Gateway BL Acquisition, LLC.

8. On December 13, 2024, the Debtors filed the Motion, seeking entry of an order extending the 120-day deadline by which the Debtors must assume or reject unexpired leases of nonresidential real property for 90 days, from January 7, 2025 to and including April 7, 2025.

9. On December 19, 2024, following a status conference held by the Court earlier that day, the Debtors filed a *Notice of Status Conference* [D.I. 1398] in which they stated, *inter alia*, that the sale transaction with Gateway BL Acquisition, LLC was "no longer viable." The Debtors also filed on December 19, 2024 the *Seventh Notice of Filing of List of Additional Closing Stores Pursuant to the Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 1397].

10. As set forth in the December 19, 2024 Notice of Status Conference, a further status conference has been set for December 30, 2024 at 11:00 am ET. On December 26, 2024, the

Debtors filed a budget that includes line items for January and February rent, but it is unclear whether all outstanding stub rent and other unpaid charges under the Leases are included.

## **LIMITED OBJECTION**

11. Section 365(d)(4)(A) of the Bankruptcy Code provides, in relevant part, as follows:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

12. Further, section 365(d)(4)(B)(i) provides that the Court "may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B)(i).

13. Among the factors courts consider when determining whether cause exists to extend the time to assume or reject nonresidential real property leases are the following: (i) whether the debtor has been paying for the use of the property; (ii) whether the debtor's continued occupation could cause damage to the lessor beyond the compensation available under the Bankruptcy Code; (iii) whether the debtor has had enough time to evaluate its financial situation and decide whether assumption or rejection is appropriate; (iv) whether the debtor has already had sufficient time to formulate a plan of reorganization; (v) the overall complexity of the case, including the number of leases involved; and (vi) whether the leases at issue are the debtor's primary assets. *South Street Seaport Ltd. Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996).

14. To the extent the Debtors are otherwise able to establish cause sufficient to justify an extension of the statutory period to assume or reject nonresidential real property leases, any order authorizing such an extension should require that the Debtors immediately pay all outstanding stub rent payable under the Leases, as well as all other post-petition obligations arising under the Leases, including without limitation the timely performance of all obligations under the Leases in accordance with section 365(d)(3) of the Bankruptcy Code.

15. Requiring the Debtors to pay for their ongoing use of the Leased Premises in these cases is necessary to provide adequate protection of the Kin Landlords' interests in the Leases pursuant to section 363(e) of the Bankruptcy Code. *See* 11 U.S.C. § 363(e) ("Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."). Pursuant to sections 363(e) and 361 of the Bankruptcy Code, the Kin Landlords request adequate protection of their interests under the Leases. *See In re Ames Department Stores, Inc.,* 136 B.R. 357, 358 (Bankr. S.D.N.Y. 1992) (recognizing applicability of section 363(e) to protect interests of landlords).

## **RESERVATION OF RIGHTS**

16. The Kin Landlords expressly reserve all of their rights under the Leases with respect to any and all obligations of the Debtors and/or any proposed assignee as tenant, including without limitation the Kin Landlords' right to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Leased Premises, unsatisfied liens on the Leased Premises created by the Debtors and/or the proposed assignee and/or insurance premiums, and charges to compensate for non-monetary

defaults, including without limitation all maintenance, indemnification and environmental obligations of the Debtors and/or any proposed assignee. The Kin Landlords further reserve all rights to raise further objections, as necessary or appropriate under the circumstances, relating to any motion or request to assume or assign the Leases.

## JOINDER

17. The Kin Landlords hereby join in any objections filed by other landlords to the extent not inconsistent with this Limited Objection.

WHEREFORE, the Kin Landlords hereby request that any order approving any extension of the time to assume or reject unexpired leases of nonresidential real property incorporate the objections and other relief requested herein, and that they be granted such other or further relief as is just and appropriate under the circumstances.

**[SIGNATURE PAGE FOLLOWS]**

Dated: December 27, 2024

**BAYARD, P.A.**
By: */s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com

and

**TAYMAN LANE CHAVERRI LLP**
Jeffrey Rhodes (*pro hac vice*)
2001 L Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 921-4080
Email: jrhodes@tlclawfirm.com

*Counsel for Kin Properties, Inc., Nasan LLC, Pasan LLC, Esan LLC, Alisan LLC, Fundamentals Company, Inc., Oakland Realty Company, Inc., Roseff LLC, Hall Properties Company, Nathan Jeffrey LLC, Jasan LLC, Fort Wayne Matador, Inc., Aleff LLC, Aneff LLC and Jefan LLC*