## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 1437** |

**MOTION TO SHORTEN NOTICE OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE GBRP APA, (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") submit this motion

(the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "**Proposed Order**"), shortening notice of the *Motion of Debtors for Entry of an*

*Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and*

*Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA,*

*(III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and*

*(IV) Granting Related Relief* (D.I. 1437) (the "**Sale Motion**")[2] and respectfully state as follows:

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

## RELIEF REQUESTED

1.      The Debtors file this Motion to Shorten seeking entry of an order (a) shortening notice with respect to the Sale Motion, (b) scheduling the Sale Motion to be heard at the hearing currently scheduled for **December 30, 2024 at 11:00 a.m. (ET)** (the "**Hearing**"), (c) setting **December 30, 2024 at 9:00 a.m. (ET)** as the deadline for interested parties to file and serve any objections to the Sale Motion, and (d) granting such other relief as the Court deems just and proper.

## JURISDICTION

2.      The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-1(e).

## Background

### A.      General Background

4.      On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United

States Code (as amended, the "**Bankruptcy Code**").  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

6.      Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (the "**First Day Declaration**").

**B.      The Nexus Sale**

7.      On November 22, 2024, the Court entered an order approving a going-concern sale (the "**Nexus Sale**") of substantially all of the Debtors' assets to Gateway BL Acquisition, LLC, an affiliate of Nexus Capital Management LP ("**Nexus**").  On December 19, 2024, the Court held a status conference (the "**Status Conference**") wherein the Debtors announced that the Nexus Sale was no longer viable and that the Debtors intend to pursue store closing sales at the Debtors' remaining stores pursuant to the *Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 576] (such sales, the "**Store Closing Sales**").  The Debtors also explained at the Status Conference that pursuing the store closing sales would not preclude the

Debtors from continuing to work towards a going concern sale, and that the Debtors were engaged in discussions concerning such a going concern transaction with various parties, including GBRP and other possible parties.

8.      At the Status Conference, the Court urged all parties in interest to work collaboratively and expeditiously to determine the value-preserving path forward for the Debtors' chapter 11 estates.  *See* Dec. 19, 2024 Hr'g Tr. at 44:4–11 [D.I. 1416] ("[O]bviously, time is of the essence.  This is what I would categorize as a melting ice cube.").  The Debtors committed to exploring all available alternatives quickly, and the Court scheduled a further status conference on December 30 for the purpose of updating the Court and all parties in interest on the Debtors' progress.

**C.      The GBRP Sale**

9.      As it became apparent that the Nexus Sale was not likely to close, the Debtors and their advisors worked diligently to pursue all available options, including a letter of interest received from GBRP on December 15, 2024 for a partial going-concern transaction (the "**GBRP Sale**").  The Debtors quickly determined that pursuing the proposed GBRP Sale was in the best interest of the Debtors' estates and all interested parties, as it would (a) provide greater certainty with respect to the Debtors' ability to satisfy administrative and other go-forward "freight" expenses in the Chapter 11 Cases, (b) preserve a substantial number of the Debtors' stores, operations and jobs, and (c)  maximize the remaining value of the Debtors' estates in conjunction with the Store Closing Sales.  Moreover, GBRP is aligned with the Debtors' goal of consummating the sale quickly.

10.      To that end, on December 27, 2024, the Debtors agreed upon the GBRP APA and filed the Sale Motion.  As described more fully below, the Debtors believe that expedited

consideration of the Sale Motion is necessary to maximize the value of the estates and preserve recoveries for the Debtors' stakeholders.

## **BASIS FOR RELIEF**

11.     Local Rule 9006-1(c)(i) provides, in relevant part, that unless the Bankruptcy Rules or Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

12.     Pursuant to Bankruptcy Rule 2002(a)(2), absent cause, the Debtors are required to provide creditors at least 21 days' notice of "the proposed use, sale, or lease of property of the estate other than in the ordinary course of business." Fed. R. Bankr. P. 2002(a)(2).

13.     Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).  Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

14.     Pursuant to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings").  Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

15.     Sufficient cause exists to justify shortening the notice period to consider the relief requested in the Motion at the Hearing.  As this Court acknowledged at the Status Conference, these Chapter 11 Cases can be fairly categorized as a "melting ice cube" and it is imperative that all parties "move expeditiously." *See* Dec. 19, 2024 Hr'g Tr. at 44:4–11 [D.I. 1416].  The Debtors submit that the certainty provided by the GBRP Sale represent the best path forward for these Chapter 11 Cases at this juncture.  In particular, the GBRP Sale provides for the payment of all outstanding *and ongoing* administrative expenses relating to the Store Closing Sales, including (1) all go-forward administrative expenses incurred in connection with the Store Closing Sales process, (2) the full payoff of the DIP Facilities, (3) payment in full of outstanding "Stub Rent," and (4) a "Wind-Down Budget" consisting of (a) severance for Store and corporate employees, (b) certain tax liabilities, (c) workers' compensation liabilities, (d) certain professional fees, and (e) U.S. Trustee fees.

16.     Therefore, sufficient cause exists for the Court to hear the Sale Motion on shortened notice as requested in this Motion to Shorten. Accordingly, the Court should schedule the Sale Motion to be heard at the status conference scheduled for December 30, 2024, at 11:00 a.m. (ET), with objections to be filed and served no later than December 30, 2024, at 9:00 a.m. (ET).

## AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

17.     Pursuant to Local Rule 9006-1(e), the Debtors notified the United States Trustee and the Committee of their intention to file this Motion.  The Debtors did not receive a response from the Committee prior to filing this Motion.  The U.S. Trustee has indicated that it does not consent to shortened notice of the Sale Motion.

## NOTICE

18.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel for the Committee; (c) the state attorneys general for states in which the Debtors conduct business; (d) each county consumer protection agency or similar agency in which the Debtors conduct business; (e) the division of consumer protection for each state in which the Debtors conduct business; (f) the United States Attorney's Office for the District of Delaware; (g) the Securities and Exchange Commission; (h) the Internal Revenue Service; (i) Choate, Hall & Stewart LLP, as counsel to the DIP ABL Agent; (j) Otterbourg P.C., as counsel to the DIP Term Agent; (k) Riemer & Braunstein LLP, as counsel to GBRP; (l) the landlords of the Stores; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## CONCLUSION

For the reasons set forth above, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

Dated: December 27, 2024
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 /s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)

1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
James I. McClammy (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
james.mcclammy@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*