IN THE UNITED STATES BANKRUTPCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BIG LOTS, INC., *et al.*, | : | Case No. 24-11967 (BLS) |
| | : | |
| Debtors.[1] | : | (Joint Administration Requested) |
| | : | |
| | : | Obj. Deadline: December 27, 2024 at 4:00 p.m. (ET) |
| | : | Hearing Date: TBD |

**OBJECTION OF COMMODORE REALTY, LLC AND G&I IV SOUTHGATE SHOPPING CENTER, LLC TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Commodore Realty, LLC ("**Commodore**") and G&I IX Southgate Shopping Center LLC ("**G&I**") (each a "**Landlord**"), by undersigned counsel, file this Objection to Motion of Debtors for Entry of an Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief (the "**Motion**") and, in support, state:

## I.     BACKGROUND

1. On September 9, 2024 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code in this Court. Those chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered.

2. Commodore, as landlord, is a party to an unexpired, non-residential real property lease for Store No. 529 with a premises at 565 U.S. Highway 41 Bypass North, Venice, Florida 34285 (the "**Premises**").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081

1

3. G&I as landlord, is a party to an unexpired, non-residential real property lease for Store No. 522 with a premises at 5201 U.S. Highway 19, New Port Richey, Florida 34652 (the "**Premises**").

4. The Motion was filed on December 13, 2024. Subsequently, there was a status conference requested by certain landlords and held on December 19, 2024, at which the Debtors announced that the sale of substantially all of their assets to Nexus Capital Management, L.P. ("**Nexus**") has been aborted and requested and obtained the Court's permission to commence going-out-of-business ("**GOB**") sales immediately to liquidate inventory at all remaining stores. The Debtors filed a Seventh Notice of Filing of List of Additional Store Closings Pursuant to the Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief on December 19, 2024 at ECF No. 1434 ("**Seventh Notice**"), which lists Store Nos. 522 and 529 as remaining stores where GOB sales are being conducted.

5. The Motion seeks an extension of time to assume or reject non-residential real property leases on remaining stores through April 7, 2025 under Section 365(d)(4) of the Bankruptcy Code. However, the wind-up budget filed by the Debtors on December 26, 2024 at ECF No. 1397, only provides for the payment of rent at the GOB stores through March 8, 2025, a month prior to the requested extension deadline.

## II.     ARGUMENT

6. In the Motion, Debtors have requested an extension of time to assume and assign or reject the Lease, under Section 365(d)(4) of the Bankruptcy Code, through April 7, 2025.

7. Section 365(d)(4) provides:

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

 (i) the date that is 120 days after the date of the order for relief; or

 (ii) the date of the entry of an order confirming a plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

 (iii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

8. While Section 365(d)(4)(B) does not define "cause" for an extension past the initial 120-day lease disposition period, the following factors which Debtors enumerate in their Motion are commonly accepted as pertinent to a court's determination of cause:

 i. whether the debtor was paying for the use of the property;

 ii. whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code;

 iii. whether the lease is the debtor's primary asset; and

 iv. the number of leases the debtor must evaluate.

*See S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755,760-61 (2d Cir. 1996); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *Channel Home Centers Inc.*, 989 F.2d 682, 689 (3d Cir. 1993).

9.     Factor 1 requires a determination whether the debtor is paying for use of the property. Although Debtors have listed the leases for Store Nos. 522 and 529 as "store closing leases" on the Seventh Notice, the wind-up budget only provides for the payment of rent through March 9, 2024. Factor I is therefore not satisfied to justify an extension though April 7, 2025.

10.     Factor 2 requires a determination of whether the Debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code. It is unclear at this time whether these estates are administratively insolvent. Therefore, the Debtors must demonstrate the ability to pay all post-petition obligations under the leases for Store Nos. 522 and 529 through ultimate disposition of each lease.

11.     Factors 3 and 4 require an evaluation whether the lease is Debtors' primary asset and the number of leases the Debtors must evaluate. The Debtors have failed to close on a sale of substantially all of the remaining leases including the leases for Store Nos. 522 and 529 to Nexus and have conducted a series of auctions, none of which have included the leases for Store Nos. 522 and 529. Therefore, it does not appear that Factors 3 and 4 have been met.

12.     In fact, there does not appear to be any legal or equitable justification for the requested extension through April 7, 2025.  Thus, any further extension of the period to dispose of leases for Store Nos. 522 and 529 under Section 365(d)(4) should be no later than the conclusion of the GOB sale at the respective store and should be conditioned on a sufficient reserve to satisfy all post-petition obligations under the respective leases until such disposition.

WHEREFORE, Commodore Realty, LLC and G&I IX Southgate Shopping Center LLC request that the Court sustain its Objection and enter an order in conformity therewith, and grant such other relief as may be just.

Dated: December 27, 2024                         **OFFIT KURMAN, P.A.**

/s/ Brian McLaughlin
Brian McLaughlin (DE Bar No. 2462)
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
Telephone: (302) 351-0916
E-mail: Brian.McLaughlin@offitkurman.com
      and
Joyce A. Kuhns, Esquire (Admitted Pro Hac Vice)
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
Telephone: (410) 209-6463
E-mail: jkuhns@offitkurman.com

*Counsel for Commodore Realty, LLC and G&I IX Southgate Shopping Center LLC*