## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS INC., *et al.*[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | <u>Objection Deadline</u>: 1/10/2025 at 4:00 PM ET |
| | <u>Hearing Date</u>: 1/21/2025 at 1:00 PM ET |

## HELLO SOFA, LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF <u>ADMINISTRATIVE CLAIM</u>

Hello Sofa, LLC ("**Claimant**"), by and through its undersigned attorneys, files this *Motion for Allowance and Payment of Administrative Expense Claim* ("**Motion**"). Claimant requests entry of an order allowing its administrative expense claim as set forth herein, ordering payment thereof within seven (7) days pursuant to 11 U.S.C. § 503(b), and granting any other form of relief that the Court finds just and proper. In support of the Motion, Claimant sets forth the following.

### <u>JURISDICTION AND VENUE</u>

1.      The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### <u>FACTUAL BACKGROUND</u>

2.      The Debtors commenced the above-captioned, jointly administered cases by filing voluntary petitions under chapter 11 of title 11 of the U.S. Code (the "**Bankruptcy Code**") on September 9, 2024 (the "**Petition Date**").

---

[1]      The debtors and debtors in possession in these chapter 11 cases (hereafter, "**Debtors**") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots  Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores -  PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);  CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);  GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC  (9612); and Big Lots F&S, LLC (3277).

3.     The Debtors are operating as debtors-in-possession.  No trustee or examiner has been appointed.

4.     On the Petition Date, the Debtors filed that certain *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 11] (the "**Critical Vendor Motion**").  Per the Critical Vendor Motion, in order to preserve the going concern value of the estate, the Debtors requested authority to pay the prepetition claims of certain vendors, suppliers, and service providers in part in recognition of the importance of the Debtors' relationships with such vendors, suppliers, and service providers and their desire that the bankruptcy cases have as little effect on the debtors' ongoing businesses and operations as possible. *See* Critical Vendor Motion, Exh. A.

5.   As the Debtors explained:

> The Debtors strongly believe that the uninterrupted supply of Goods and Services, on Customary Trade Terms, and the continuing support of their customers are imperative to the Debtors' ongoing businesses and operations and the preservation and maximization of the value of the Debtors' estates. The continued availability of trade credit, in amounts and on terms consistent with those that the Debtors have worked hard to obtain over time, is also clearly advantageous to the Debtors, as it allows the Debtors to maintain and enhance necessary liquidity and to focus on returning to profitability and preserving and maximizing the value of the Debtors.

Critical Vendor Motion at 20.

6.      Also on the Petition Date, the Debtors filed a Motion to Approve Debtor in Possession Financing [D.I. 19] (the "**DIP Financing Motion**").

7.      On September 10, 2024, the Bankruptcy Court entered an interim order [D.I. 106] (the "**Interim Critical Vendor Order**") authorizing the debtors, under certain conditions, to pay prepetition claims of certain vendors, suppliers, and service providers that agree to the terms set forth below and to be bound by the terms of the Order.

8.      On September 23, 2024, the U.S. Trustee filed a notice of appointment of a committee of unsecured creditors [D.I. 248] (the "**Committee**").

9.      On October 9, 2024, the Court entered a final order [D.I. 463] (the "**Final Critical Vendor Order**") authorizing the debtors to pay prepetition claims of certain vendors on a final basis.

10.      On October 22, 2024, the Court entered the Final DIP Order [D.I. 584].

11.      Claimant is a postpetition trade creditor of the Debtors who has received purchase orders from the Debtors since the Petition Date and fulfilled those orders in the ordinary course of business.

12.      The Debtors placed postpetition orders for goods from the Claimant which have been delivered but have not been paid for.

13.      Claimant has delivered goods with a purchase price and value of no less than $903,781.00 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to Claimant is attached hereto as **Exhibit A**.

14.     Claimant seeks allowance and immediate payment of this postpetition trade debt as an administrative claim in the total amount of $903,781.00.

## **RELIEF REQUESTED**

### *i.      Claimant is Entitled to an Administrative Expense for Goods Ordered by and Delivered to the Debtors Postpetition.*

15.     11 U.S.C. § 503(b) mandates the allowance of an administrative expense for the ". . . actual, necessary costs and expenses of preserving the estate[.]"  To qualify as an administrative expense, an expense "must arise from a [post-petition] transaction with the debtor-in-possession" and "be beneficial to the debtor-in-possession in the operation of the business."  *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314-315 (3rd Cir. 2011).  To be awarded an administrative expense claim, a claimant must demonstrate that it conducted a transaction with a debtor in possession that, in turn, provided a benefit to such debtor's estate. See *Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.)*, 181 F.3d 527, 532–33 (3d Cir. 1999) (noting that, to establish a priority claim under section 503(b)(1)(A) of the Bankruptcy Code, the debt must arise post-petition and benefit the estate (citations omitted)).

16.     Claims arising from goods purchased in the ordinary course of business by a debtor-in-possession are generally entitled to administrative priority. *See e.g., In re Thatcher Glass Corp.*, 59 B.R. 797, 799 (Bankr. D. Conn. 1986); *see also* "There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate." *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D. N.Y. 2003 (cited with approval in *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010).

17.     Since the Petition Date, the Debtors have stocked their stores with close to one million dollars in inventory purchased from the Claimant.  The goods provided by Claimant to the Debtors have been "vital" and necessary for maintaining the value of the Debtors' estates.

Claimant's uninterrupted shipment of goods to the Debtors has been critical to the Debtors' businesses during this bankruptcy, providing direct and substantial benefits to the estates. Claimant is therefore entitled to administrative expense priority for the value of the goods delivered postpetition.

     *ii.*     ***The Court Should Compel Payment of Claimant's Administrative Expense Claim Within Seven Days.***

18.     The Court has discretion to require that Claimants' administrative expense be paid immediately. *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *Id.* "In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (internal citations omitted). "Courts will also consider the particular needs of each administrative claimant and the length and expense of the case's administration." *In re NE OPCO, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) (internal citations omitted). "To qualify for exceptional immediate payment, a creditor must show that 'there is a necessity to pay and not merely that the Debtor has the ability to pay.'" *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) (internal citation omitted).

19.     There is no prejudice to the Debtors in requiring immediate payment of this administrative expense. The Debtors have authorization—and a DIP and cash collateral budget—permitting them to pay more than $50 million in operating disbursements per week, which amount includes post-petition delivery claims. *See* D.I. at 431 (Interim DIP Order); D.I. 584 (Final DIP Order). The Debtors have thus already decided that, in their business judgment, the prejudice to the Debtors and other creditors arising from immediate payment of post-petition delivery claims

is outweighed by the necessity of business continuity. *See* Critical Vendor Motion. The Debtors have also budgeted and set aside sufficient funds to pay post-petition delivery claims without impairing their ability to operate or restructure during the pendency of these cases. The Debtors thus already have the capacity, ability, and authority to pay Claimants' administrative expenses, and the Court has ruled that payment of other post-petition delivery claims is a proper exercise of the Debtors' business judgment. Despite having sufficient cash on hand and/or availability under the DIP ABL Facility to do so, the Debtors have failed to timely pay Claimant for postpetition deliveries and have provided no explanation for the delay.

20.    Claimant will suffer severe hardship if its administrative claim is not paid immediately. Claimant is a manufacturer with high overhead costs, including a relentless payroll. If forced to wait indefinitely for payment of the administrative expense amount, Claimant will suffer severe financial distress and disruption in its ability to accept and fulfill future orders for customers, including any potential purchasers of the Debtors' businesses. In reliance on the Debtors' representations that they had the ability, authority, and intent to timely pay Claimant for postpetition deliveries, Claimant agreed to and did deliver in excess of $903,781.00 in goods. These receivables are particularly large in proportion to the size of Claimants' business. Nonpayment or even a delay in payment presents an existential threat to Claimants' business.

21.    Claimant further submits that there would be no meaningful prejudice to other creditors if Claimant is paid immediately. As holder of an allowed administrative expenses, Claimant is entitled to payment in full on its administrative claim in any potential plan or liquidation, so immediate payment will not disadvantage any other creditors.

22.    The totality of the circumstances supports compelling the Debtors to pay Claimant's administrative claim immediately, as further delay in payment will only prejudice

Claimant, and there is no cognizable prejudice to the Debtors or to the Debtors' other creditors. Accordingly, Claimant requests that its administrative expense claim be paid within seven days after the entry of this Court's order granting the Motion.

## **RESERVATION OF RIGHTS**

23.      By entering this motion or making these claims, the Claimant does not waive any rights related to the matters herein, including the right to submit this claim to insurance.

## **CONCLUSION**

Claimant respectfully requests that the Court enter an order (a) allowing Claimant's administrative expense claim against the debtors in an amount no less than $903,781.00, (b) ordering the Debtors to pay that administrative expense within seven days of entry of the order, and (c) granting such other relief as is just and proper.

Dated: December 27, 2024
Wilmington, DE

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
1201 North Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6864
Email: evan.miller@saul.com

-and-

**PHELPS DUNBAR LLP**
Danielle Mashburn-Myrick *(admitted Pro Hac Vice)*
101 Dauphin Street, Suite 1000
Mobile, AL 36602
Telephone: (251) 441-8202
Email: Danielle.mashburn-myrick@phelp.com

*Attorneys for Hello Sofa, LLC*