**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**BIG LOTS, INC.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**REGARDING RULE 30(b)(6) DEPOSITION OF THE DEBTORS**

**TO:** Big Lots, Inc. and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases")

**PLEASE TAKE NOTICE** that, in connection with the *Motion of Debtors for Entry of an Order Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1437], and pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 7030-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Cases, by and through its undersigned counsel, Cole Schotz P.C. and McDermott Will & Emery LLP, will take the deposition of Big Lots, Inc. and

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

certain of its affiliates (the "Debtors") commencing on December 29, 2024 at 12:00 p.m. Eastern Time and continuing from day to day until completed remotely via the offices of McDermott Will & Emery LLP before an officer authorized by law to administer oaths.

The testimony will be recorded by audio, video or stereographic means. The Committee will conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services offered by Veritext ("Web Deposition") or telephonically only to provide remote access for those parties wishing to participate in the deposition via the internet and/or telephone. The deposition shall be stenographically recorded by a person authorized by law to administer oaths. The court reporter may also be remote via one of the options above for purposes of reporting the proceeding and may or may not be in the presence of the deponent.

Please contact undersigned counsel at least one (1) day prior to the deposition to advise of the names and email addresses of those participating so that the necessary credentials, call-in numbers, testing, and information can be provided to you prior to the proceedings. In addition, the Committee may utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

The Debtors shall produce to testify on their behalf one or more officers, directors or managing agents, or designate other persons who consent to testify on their behalf, who have knowledge of the topics set forth in Schedule A hereto.

| | |
|---|---|
| Dated: December 27, 2024<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Tel:   (302) 652-3131<br>Fax:  (302) 652-3117<br>Email: jalberto@coleschotz.com<br>            snewman@coleschotz.com<br><br>*- and -*<br><br>**MCDERMOTT WILL & EMERY LLP**<br><br>Darren Azman (admitted *pro hac vice*)<br>Kristin K. Going (admitted *pro hac vice*)<br>Stacy Lutkus (admitted *pro hac vice*)<br>Natalie Rowles (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, NY, 10017<br>Tel:   (212) 547-5400<br>Fax:  (212) 547-5444<br>Email: dazman@mwe.com<br>            kgoing@mwe.com<br>            salutkus@mwe.com<br>            nrowles@mwe.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

## SCHEDULE A

### DEFINITIONS

Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. "Affiliate(s)" shall have the meaning ascribed to it in 11 U.S.C. § 101(2).

2. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

3. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Asset Purchase Agreement" means the Asset Purchase Agreement, dated as of December 27, 2024, by and among Big Lots, Inc., each of the subsidiaries of Big Lots, Inc. listed on the signature pages thereto, and Gordon Brothers Retail Partners, LLC, attached as Exhibit 1 to the Proposed GBRP Sale Order [Docket No. 1437-3].

6. "Assets" shall have the meaning ascribed to it in the Asset Purchase Agreement.

7. "Assigned Contract" shall have the meaning ascribed to it in the Asset Purchase Agreement.

8. "Bankruptcy Cases" and "Chapter 11 Cases" means those certain jointly administered chapter 11 cases styled as *In re Big Lots, Inc., et al.*, No. 24-11967 (JKS) (Bankr. D. Del.), pending in the Bankruptcy Court.

9. "Bankruptcy Court" means the United States Bankruptcy Court for the District of Delaware.

10. "Big Lots Marks" shall have the meaning ascribed to it in the Asset Purchase Agreement.

11. "Board" means any group or subcommittee with the responsibility of, among other things, governing the Debtors or overseeing the activities and operations of the Debtors, including the Big Lots, Inc. Board of Directors.

12. "Buyer" shall have the meaning ascribed to it in the Asset Purchase Agreement.

13. "Closing Date" shall have the meaning ascribed to it in the Asset Purchase Agreement.

14. "Company Employee" shall have the meaning ascribed to it in the Asset Purchase Agreement.

15. "Debtor(s)," "You", or "Your" means, individually and collectively, any of the debtors whose Bankruptcy Cases are jointly administered in the Bankruptcy Court and their respective subsidiaries and Affiliates and all predecessors, Officers, Directors, employees, agents, consultants, advisors, attorneys, and representatives or other Persons acting on their behalf (including the outside counsel of such entities).

16. "Directors" means all current and former members of the Debtors' Board.

17. "GBRP Sale Motion" means the *Motion of Debtors for Entry of an Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1437] filed on the docket in the Bankruptcy Cases.

18. "<u>Identify</u>" means, when used in reference to:

    a. A natural person, his or her:

        i. Full name;

        ii. Present or last known home and business address;

        iii. Present or last known telephone number; and

        iv. Present or last known position, business affiliation, and job description.

    b. A company, corporation, association, partnership, or any legal entity other than a natural person, its:

        i. Full name and type of organization or entity;

        ii. Address of principal place of business; and

        iii. Jurisdiction and date of incorporation or organization, if known.

    c. An object or process, its:

        i. Name; and

        ii. A sufficiently detailed description.

19. "<u>Include</u>" and "<u>Including</u>" means "include without limitation" and "including".

20. "<u>Officers</u>" means all current and former officers of the Debtors, including the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, and any other executive of similar title, of the Debtors.

21. "<u>Person</u>" or "<u>Entity</u>" includes any natural person or entity, including but not limited to any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

22. "<u>Proposed GBRP Sale Order</u>" means the proposed *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets*

*Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief, which is attached as Exhibit B to the GBRP Sale Motion*, attached as Exhibit B to the GBRP Sale Motion.

23. The term "<u>Purchasers</u>" shall have the meaning ascribed to it in the GBRP Sale Motion.

24. The terms "<u>Seller</u>" and "<u>Selling Entity</u>" shall have the meanings ascribed to them in the Asset Purchase Agreement.

**TOPICS**

1. Discussions and/or negotiations with the Purchasers on behalf of the Debtors regarding the terms and provisions of the Asset Purchase Agreement.

2. The initial draft of the Asset Purchase Agreement.

3. The proposal of section 2.01(a)(viii) of the Asset Purchase Agreement for inclusion in the Asset Purchase Agreement.

4. Any investigation or analysis of claims or potential causes of action against any Person or Entity that the Debtors have undertaken to date, including the mandate, scope and/or parameters of such investigation or analysis, other than those described in Debtors' November 8, 2024 Responses to First Set of Interrogatories of the Official Committee of Unsecured Creditors.

5. Any investigation or analysis that the Debtors have undertaken to date regarding the personal assets of Directors and Officers, including the scope and/or parameters of such investigation or analysis.

6. The projected value of the rights, claims, accounts, and causes of action (including warranty and similar claims) of Seller or any of its Subsidiaries (as defined in the Asset Purchase Agreement) against any Persons (other than another Selling Entity) as described in section 2.01(a)(viii) of the Asset Purchase Agreement.

7. The Buyer covenant set forth in section 2.05(b) of the Asset Purchase Agreement to designate not fewer than 200 non-residential real property leaseholds for Seller's retail store locations for assumption and assignment as Assigned Contracts, including the number of such locations that will continue to be operated as retail store locations under the Big Lots Marks.