**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS INC., *et al.*,<br><br>Debtors[1]. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re**: 1437 |

**OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER
(I) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS
TO ENTER INTO AND PERFORM UNDER THE GBRP APA, (III) AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Attic Products, Dan Dee International, LLC ("Dan Dee"), Dewan & Sons and Alpine Plus (collectively, the "Claimants"), by and through their undersigned attorneys, hereby object to the *Motion of Debtors for Entry of an Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1437] (the "Sale Motion"), setting forth the following in support:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND

1. On September 9, 2024 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). The cases (the "Bankruptcy Cases") are jointly administered under the above-captioned case. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Bankruptcy Cases.

2. Claimants are foreign trade vendors of the pre-petition Debtors, who manufactured and supplied goods to the Debtors, shipping those goods from abroad. The Debtors placed orders for goods from the Claimants which were delivered to the Debtors' freight forwarder, but have not been paid for (the "Unpaid Goods").

3. Some of those goods were received by the Debtors in the 20-day period preceding the Petition Date (the "503(b)(9) Goods"), and some goods have been received by the Debtors (or are expected to be received by the Debtors) post-Petition Date (the "Post-Petition Goods"). The Claimants have claims against the Debtors for Unpaid Goods that are in part general unsecured claims (because they were "received" by the Debtors more than 20 days prior to the Petition Date), and in part administrative (the 503(b)(9) Goods and the Post-Petition Goods).

4. Furthermore, the Claimants continued to supply goods to the Debtors post-petition, based on purchase orders that were issued by the Debtors in possession (the "DIP Goods"). The Claimants relied on the representations made in this Court's final DIP financing order. [D.I. 584]. Those orders are also unpaid.

5. Some of the Claimants filed a *Motion for Allowance and Payment of Administrative Claims* [D.I. 1259] with reference to the 503(b)(9) Goods and the Post-Petition Goods, which is currently pending. That motion describes the Claimants 503(b)(9) Goods and the Post-Petition Goods claims, but does not address the DIP Goods, which they assumed would be paid in due course.

### **OBJECTION**

6. The Sale Motion makes it clear that the Debtors intend to run an administratively insolvent estate. The "Wind Down Budget" filed by the Debtors on December 26, 2024 does not even pretend to address the millions of dollars of the Debtors' accrued administrative trade claims, which run in the hundreds of millions of dollars.

7. The Sale Motion impermissibly bifurcates administrative claims in a way that finds no support under the Bankruptcy Code. For example, the Debtors propose to prioritize payment of certain leases over trade claims. The Debtors further separate past due administrative trade claims (accrued to date) from "go forward" administrative trade claims.

8. The Debtors have paid certainly trade vendors in full on their administrative claims, while proposing to pay other trade creditors, like the Claimants, nothing at all. The Debtors prioritize payment of professional fees over trade claimants, which is not supported by the Bankruptcy Code.

9. The Debtors seek this Court's blessing of a sale process that benefits certain parties, such as the secured lenders, but without "paying the freight" of the bankruptcy. This is not allowed in Delaware.

10. The Sale Motion seeks the Court's permission to sell the Debtors' assets free and clear of liens, largely for the benefit of the secured lenders, where some of those assets consist of goods supplied by the Claimants, including the 503(b)(9) Goods, the Post-Petition Goods, and the DIP Goods.

11. The Sale Motion seeks "sufficient time (nine weeks) to confer with all relevant case parties to determine the best path forward to resolve these cases – whether through a chapter 11 plan, conversion, or dismissal." Sale Motion at 4. Yet, it is clear now that Chapter 7 conversion is the only viable alternative here. The Official Committee of Unsecured Creditors makes this argument cogently in its *Motion of the Official Committee of Unsecured Creditors to (I) Enforce the Final DIP Order and Compel Payment of Stub Rent and Section 503(b)(9) Claims, or (II) in the Alternative, Convert These Cases to Cases Under Chapter 7 of the Bankruptcy Code*. [D.I. 1360].

12. Confirmation of any chapter 11 plan requires full payment of administrative claims, yet the Debtors do not even pretend that this is a possibility in the Sale Motion.

13. Similarly, a structured dismissal also would require full payment of administrative claims: "A distribution scheme ordered in connection with the dismissal of a Chapter 11 case cannot, without the consent of the affected parties, deviate from the basic priority rules that apply under the primary mechanisms the Code establishes for final distributions of estate value in business bankruptcies." *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 455, 137 S. Ct. 973, 978 (2017).

14. Given the inevitability of a conversion to Chapter 7, there is no justification for permitting these Debtors to continue in possession, where they pick and choose which administrative claimants to pay at their whim.

**RESERVATION OF RIGHTS**

15. Nothing in this Objection is intended to be, or should be construed as, a waiver by the Claimants of any of their rights under their respective invoices, the Bankruptcy Code, or applicable law, including other orders of this Court entered herein. The Claimants expressly reserve all such rights, including, without limitation, the right to supplement and/or amend this Objection and (ii) assert any further objections as they deem necessary or appropriate.

## **CONCLUSION**

16.     Based on the foregoing, the Claimants respectfully request that the Court deny the Sale Motion, or modify the relief being requested by the Debtors in the Sale Motion, ensuring that the Debtors stay strictly within the confines of the Bankruptcy Code, especially with respect to full payment of the Claimants' administrative claims (503(b)(9), Post-Petition, DIP Goods and otherwise).

Dated: December 29, 2024                **SARACHEK LAW FIRM**

*/s/ Zachary E. Mazur*
Zachary E. Mazur (NY Bar No. 5706726)
670 White Plains Road, Penthouse Suite
Scarsdale, NY 10583
Telephone: 646 519-4396
Email: zachary@sarachecklawfirm.com

**THE ROSNER LAW GROUP LLC**

*/s/ Frederick B. Rosner*
Frederick B. Rosner, Esq.
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
Email: rosner@teamrosner.com

*Attorneys for the Claimants*