IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BIG LOTS, INC., *et al.*, | § | Case No. 24-11967 (JKS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**JOINT LIMITED OBJECTION OF THE TEXAS TAXING AUTHORITIES TO THE DEBTORS' MOTON FOR ENTRY OF AN ORDER (I) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER THE GBRP APA, (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) <u>GRANTING RELATED RELIEF</u>**
**(Related to Docket Entry No. 1437)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW COME the Texas Taxing Authorities[1], secured creditors and parties in interest, and file this joint limited objection to the *Motion of Debtors for Entry of an Order (I) Approving Sale*

---

[1] The Texas Taxing Authorities are defined as all ad valorem taxing jurisdictions represented by the firms of Linebarger Goggan Blair & Sampson, LLP, Perdue Brandon Fielder Collins and Mott LLP, and McCreary Veselka Bragg and Allen including but not limited to Angelina County, Bexar County, Cameron County, City of Carrollton, Cypress-Fairbanks Independent School District, Dallas County, Ector CAD, City of El Paso, Fort Bend County, City of Frisco, Gainesville Independent School District, Galveston County, Grayson County, Greenville Independent School District, Gregg County, Harris County Emergency Service District #8, Harris County Emergency Service District #9, Harris County Emergency Service District #11, Harris County Emergency Service District #12, Harris County Emergency Service District #29, Harris County Emergency Service District #48, Hidalgo County, Hood CAD, City of Houston (for accounts collected by Linebarger), Houston Community College System, Houston Independent School District, City of Humble, Irving Independent School District, Jefferson County, Kerr County, Lamar CAD, Lewisville Independent School District, Little Elm Independent School District, Lone Star College System, City of McAllen, McLennan County, Montgomery County, Nueces County, Orange County, Parker CAD, City of Pasadena, Rockwall CAD, San Patricio County, Sherman Independent School District, Smith County, City of Stephenville, Stephenville Independent School District, Tarrant County, Tom Green CAD, Tyler County, Victoria County, City of Webster, Alief Independent School District, Bonham Independent School District, Brazoria County, Brownsville Independent School District, City of Burleson, Burleson Independent School District, Carrollton-Farmers Branch Independent School District, Clear Creek Independent School District, City of Cleburne, Cleburne Independent School District, Cooke County Appraisal District, Fort Bend County Levee Improvement District #2, Fort Bend Independent School District, Fountainhead MUD, Frisco Independent School District, Galena Park Independent School District, City of Garland, Garland Independent School District, City of Grapevine, Grapevine-Colleyville Independent School District, Harris County MUD #81, Harris County MUD #102, Harris County MUD #191, Harris County MUD #285, City of Houston (for accounts collected by Perdue), Hunt County, Johnson County, Kerrville Independent School District, Klein Independent School District, City of Lake Worth,

1

*of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter Into And Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Motion"), and respectfully show as follows:

## Background

1. The Texas Taxing Authorities are political subdivisions of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable property within their boundaries.

2. The Texas Taxing Authorities hold secured pre-petition tax claims in the estimated amount of $1,243,691.14[2] for the 2024 and prior tax years on business personal property located in the Debtors' Texas stores (the "Tax Claims"). These claims are secured by tax liens on the tangible personal property of the Debtors within the Texas Taxing Authorities' taxing boundaries (the "Tax Liens"). The Tax Liens attach to the taxpayer's property on January 1 of each year pursuant to Texas Property Tax Code §32.01.[3]

3. The Texas Taxing Authorities' Tax Liens are superior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Sections 32.04 and Section 32.05(b) of the Texas Property Tax Code. See also *Stanford v. Butler*, 826 F.2d 353 (5th

---

Lubbock Central Appraisal District, Midland County, Nacogdoches County, Plano Independent School District, Potter County Tax Office, Randall County Tax Office, Reid Road MUD #1, Richardson Independent School District, Titus County Appraisal District, City of Tomball, Tomball Independent School District, Tyler Independent School District, Weslaco Independent School District, Wichita County Tax Office, Bell TAD, Bowie CAD, Brazos County, Brown CAD, Comal County, Denton County, Erath County, Harrison County and CAD, Midland CAD, Pine Tree Independent School District, Taylor County CAD, City of Waco, Waco Independent School District, Williamson County, Collin County, Collin College, Paris Junior College, City of Plano, City of Paris, City of McKinney, McKinney Independent School District and City of Sherman.

[2] The Texas Taxing Authorities are in the process of amending their claims to reflect the certified 2024 tax amounts that are now due and owing.

[3] On January 1, 2025, tax liens will attach to the Debtors' property to secure payment of the 2025 taxes.

Cir. 1987): *Universal Seismic Associates, Inc*. 288 F.3d 205 (5th Cir. 2002); *In Re Winn's Stores, Inc*. 177 B.R. 253 (Bktcy W.D. Tex. 1995).

4. The property taxes are due upon receipt pursuant to Texas Property Tax Code Sec. 31.02.

## **Limited Objection to Motion**

5. The Texas Taxing Authorities object to the Motion in that it seeks to sell assets that will be encumbered by the 2025 Tax Liens without the consent of the Texas Taxing Authorities and without providing adequate protection.

6. The sale of assets will create cash collateral proceeds to which the Tax Liens attach. Pursuant to 11 U.S.C. § 363(c)(4), absent consent by these claimants or an order of the Court permitting use of their cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. Accordingly, absent the Texas Taxing Authorities' consent, an amount equal to the Debtors' pre-closing 2025 tax liability should be deposited into the Texas Tax Reserve (as defined in the Final DIP Order[4]) that was established as adequate protection for the 2024 and prior tax years.

7. The Texas Taxing Authorities further object to the Motion on the basis that the proposed order purports to grant the Agent priming liens over the Texas Taxing Authorities. As senior secured creditors with liens priming all other creditors, the Texas Taxing Authorities object to any priming of their tax liens in favor of the Agent.

8. Lastly, to the extent any of the Remaining Merchandise constitutes the Texas Taxing Authorities' collateral, the Texas Taxing Authorities object to the Agent taking title to the Remaining Merchandise on the Sale Termination Date free and clear of the tax liens.

9. Counsel for the Texas Taxing Authorities have been in communication with Debtors' counsel and will continue to confer with counsel in an attempt to reach an agreement.

---
[4] Any capitalized term not defined herein shall have the meaning originally ascribed to it in the Motion.

**Prayer**

WHEREFORE, the Texas Taxing Authorities respectfully request that a Final Order approving the Motion (i) provide sufficient funds to pay the Debtors' pre-closing 2025 tax liability to be set aside in a segregated account for the sole purpose of paying the taxes; (ii) include language that their liens are not primed nor made subordinate to any other party; (iii) provide that any Remaining Merchandise that constitutes the Texas Taxing Authorities' collateral is not transferred to the Agent free and clear of the tax liens; and (iv) grant the Texas Taxing Authorities such other and further relief as is just and proper.

Dated: December 30, 2024

Counsel for the Texas Taxing Authorities

| | |
|---|---|
| **LINEBARGER GOGGAN BLAIR & SAMPSON, LLP** | **PERDUE BRANDON FIELDER COLLINS & MOTT, LLP** |
| */s/    Tara L. Grundemeier* | */s/       Melissa E. Valdez* |
| **Tara L. Grundemeier** | **Melissa E. Valdez** |
| Texas State Bar No. 24036691 | Texas State Bar No. 24051463 |
| 4828 Loop Central Drive; Suite 600 | 1235 North Loop West, Suite 600 |
| Houston, Texas 77081 | Houston, Texas, 77008 |
| (713) 844-3478 *Telephone* | (713) 862-1860 *Telephone* |
| (713) 844-3503 *Facsimile* | (713) 862-1429 *Facsimile* |
| tara.grundemeier@lgbs.com | mvaldez@pbfcm.com |

**McCREARY VESELKA BRAGG & ALLEN, P.C.**

*/s/  Julie A. Parsons*
**Julie A. Parsons**
Texas State Bar No. 00790358
700 Jeffrey Way #100
Round Rock, Texas 78665
(513) 323-3200 *Telephone*
julie.parsons@mvbalaw.com

4

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware on December 30, 2024 to all parties who have registered for and consented to electronic service in these cases.

                                              */s/ Tara L. Grundemeier*
                                              Tara L. Grundemeier