UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: December 30, 2024 at 11:00 a.m. (ET)**<br><br>**Hearing Date: December 30, 2024 at 11:00 a.m. (ET)**<br><br>**Related Doc: 1437** |

**OBJECTION AND RESERVATION OF RIGHTS OF WPG LEGACY, LLC
TO THE MOTION FOR ENTRY OF AN ORDER (I) APPROVING SALE OF
DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES, (II) AUTHORIZING THE DEBTORS TO ENTER INTO AND
PERFORM UNDER THE GBRP APA, (III) AUTHORIZING ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV)
GRANTING RELATED RELIEF**

WPG Legacy, LLC ("WPG"), as the managing agent for the owners of the property identified herein (the "WPG Landlords"), by its undersigned counsel, Frost Brown Todd LLP and Law Offices of Susan E. Kaufman, LLC, submits this objection and reservation of rights (this "Objection") to the above-captioned debtors' (the "Debtors") *Motion for Entry of an Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Docket No. 1437) (the "Sale Motion").[1] In support of this Objection, WPG respectfully states:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Sale Motion.

**BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court").

2. Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtors and the WPG Landlords are parties to three (3) remaining unexpired leases (the "WPG Leases")[2] of nonresidential real property (the "Leased Premises"). Specifically, the Debtors are leasing the following retail spaces from the WPG Landlords:

| WPG Landlord | Shopping Center | Location |
|---|---|---|
| St. Charles Towne Plaza, LLC | St. Charles Towne Plaza | Waldorf, MD |
| Grand Central Parkersburg LLC | Grand Central Mall | Vienna, WV |
| White Oaks Plaza, LLC | White Oaks Plaza | Springfield, IL |

4. The Leased Premises are located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5. Pursuant to the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Docket No. 1232) (the "Nexus Sale Order") entered on November 22, 2024, the Debtors obtained authority to consummate a sale (the

---

[2] The WPG Leases and related documentation are voluminous, and therefore, have not been attached to this Objection.

"Proposed Nexus Sale") of substantially all of its assets to Gateway BL Acquisition, LLC (together with its affiliates, including Nexus Capital Management LP, "Nexus").

6. Pursuant to the *Final Order Under Bankruptcy Code Sections 105, 105, 361, 362, 363, 364, 503, 506, 507, and 552, and Bankruptcy Rules 2002, 4001, 6003, 6004, and 9014 (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Prepetition Secured Creditors, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* (Docket No. 584) (the "Final DIP Order") and the DIP Facilities (as defined in the Final DIP Order), the deadline for the Debtors to close the sale of substantially all of its assets to Nexus was December 13, 2024.

7. At the status conference held on December 19, 2024 (the "Status Conference"), the Debtors announced that the Proposed Nexus Sale was unable to close, and that the Debtors could no longer proceed with the sale contemplated under the Nexus Sale Order. The Debtors also requested and were granted authority at the Status Conference to immediately commence store closing sales at the Debtors' remaining retail locations.

8. On December 27, 2024, the Debtors filed the Sale Motion, which seeks authority to enter into a sale (the "Proposed Sale") of substantially all of its assets to Gordon Brothers Retail Partners, LLC (the "Proposed Purchaser"). As part of the Proposed Sale, the Proposed Purchaser appears to have partnered with, Variety Wholesalers ("Variety") to acquire "at least 200" of the Debtors' leases, with the option to expand to up to 400 total leases pursuant to certain procedures set forth in the Asset Purchase Agreement. *See* Proposed APA at Section 2.05(b).

9. In addition to purchasing substantially all of the Debtors' assets, WPG understands that the Proposed Purchaser will continue to conduct store closing sales at the Debtors' retail

3

locations through March 31, 2025 and that the Proposed Purchaser will continue to serve as the Debtors' consultant for those store closing sales. Pursuant to the *Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* (Docket No. 576) (the "Store Closing Order"), WPG entered into those certain side letters dated October 7, 2024 and December 20, 2024 with the Proposed Purchaser in its capacity as the Debtors' real estate consultant (the "Side Letters") governing the ongoing store closing sales at the WPG Leased Premises.

10. In connection with the proposed acquisition of certain of the Debtors' leases by Variety, the Sale Motion proposes that the "assumption and assignment of executory contracts and unexpired leases would be subject to a 'Designation Rights Period' commencing on the Initial Closing and ending March 31, 2025, or such earlier date as the Proposed Purchaser may determine, in its sole discretion." Sale Mot. at ¶ 34. Notably, the Designation Rights Period extends beyond the Debtors' deadline under section 365(d)(4) to assume or reject unexpired executory contracts and unexpired leases, which is currently **January 7, 2024**. While the Debtors have filed their *Motion of Debtors for Entry of an Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "(d)(4) Extension Motion") (Docket No. 1351), this Court has not yet ruled on the (d)(4) Extension Motion.[3] Additionally, while the Designation Rights Period is proposed to end March 31, 2025, this timeline conflicts with the Administration Budget which was filed as an exhibit to the Sale Motion, which only provides for the payment of administrative expenses through March 8, 2025.

11. Pursuant to the Proposed Sale Order, the Debtors must file a notice identifying executory contracts and unexpired leases designated by the Proposed Purchaser for assumption

---

[3] The Debtors granted WPG an extension of time until December 31, 2024, to respond to the (d)(4) extension Motion.

and assignment (a "Designated 365 Contract Notice"). *See* Proposed Sale Order at ¶ 46. Following service of the Designated 365 Contract Notice, relevant contract counterparties must file any objections to the proposed assumption and assignment within fourteen (14) days. *Id.* at ¶ 48. However, WPG understands that the Proposed Sale Order does not contemplate that any objections to a Designated 365 Contract Notice may include objections based on cure amounts. *Id.* at ¶ 49.

12. The Sale Motion also provides that any executory contracts or unexpired leases subject to pending cure objections shall not be "assumed, assigned, or sold unless (a) all such objections relating to such executory contract or unexpired lease are withdrawn, (b) the counterparty to such executory contract or unexpired lease consents in writing, or (c) the Court subsequently orders otherwise." *Id.* at ¶ 35.

13. Prior to entry of the Nexus Sale Order and in accordance with the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (Docket No. 612) (the "Bidding Procedures Order"), WPG filed its *Objection and Reservation Of Rights Of WPG Legacy, LLC To The (I) Notice Of Proposed Assumption And Assignment Of Executory Contracts Or Unexpired Leases And Proposed Cure Amount And (II) Proposed Sale To The Successful Bidder* (Docket No. 907) (the "WPG Cure Objection"). As set forth in the WPG Cure Objection, WPG objected to (x) the cure amounts asserted by the Debtors for the WPG Leases in connection with the Proposed Nexus Sale and (y) the adequate assurance of future performance by Nexus.

14. Pursuant to email communications with lead bankruptcy counsel for the Debtors, the Davis Polk & Wardwell law firm, as of the Status Conference, the WPG Cure Objection was

5

resolved as to both the cure amounts for the WPG Leases and the adequate assurance concerns raised therein solely with respect to Nexus.[4]

## OBJECTION

15. Although WPG does not object to the Debtors' attempt to capture value through a sale of its remaining assets, WPG does object to the assumption and assignment of the WPG Leases, the Proposed Sale, and the grant of the Designation Rights to the Proposed Purchaser to the extent WPG's rights under the WPG Leases, the Bankruptcy Code and applicable law are impaired, limited, and/or modified. Moreover, any assumption of the WPG Leases must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the WPG Leases, including, but not limited to, paying all amounts due and owing under each of the WPG Leases through the effective date of the assumption of the WPG Leases and providing adequate assurance of future performance information to WPG. As part of the Nexus Order, WPG, along with other landlords, negotiated with the Debtors regarding certain protections for landlords that were included in the Nexus Order. While many of these provisions were included in the Proposed Sale Order that was filed with this Court, those negotiated resolutions are critical to WPG and other similarly situated landlords and should be included in the Proposed Sale Order. WPG restates those issues herein solely to ensure that they are included in any order entered by this Court in connection with the Sale Motion, if this Court approves the Proposed Sale.

**A. The Debtors are Required to Assume and Assign the WPG Leases in Their Entirety, Including Any and All Obligations Contained Therein, and all WPG's Rights Under the WPG Leases and Applicable Law Must be Preserved in the Final Order Approving the Proposed Sale.**

---

[4] For the avoidance of doubt, WPG reserves the right to assert its right to payment for additional amounts accrued and unpaid under the WPG Leases from and after the date of the Status Conference and the agreement reached. Further, WPG's resolution of its adequate assurance of future performance objection with respect to Nexus does not apply to any other assignee of the Debtors' interest in any of the WPG Leases that may be contemplated under the Sale Motion.

16. As set forth in the WPG Cure Objection, assumption and assignment of the WPG Leases by the Debtors requires the Debtors to assume and assign the WPG Leases in their entirety, including any and all conditions, covenants, monetary and non-monetary obligations and terms contained in the WPG Leases for which the Debtors are responsible.

17. The Proposed Purchaser must be responsible for satisfying all obligations and charges when due in accordance with the terms of the WPG Leases regardless of when such amounts were incurred. Accordingly, the Proposed Sale Order must preserve WPG's right to payment of these charges and expressly provide that any assignee of the WPG Leases will be responsible for any and all express and implied covenants and obligations under the WPG Leases or related documents or supplements, regardless of when such covenants or obligations arose.

18. Further, WPG's rights under the WPG Leases and applicable law must survive any Sale, which language was originally negotiated in the Nexus Sale Order. *See* Nexus Sale Order at ¶ 12. Language mirroring these negotiated provisions is currently reflected in the Proposed Sale Order. *See* Proposed Sale Order at ¶ 11. WPG requests that a final order approving the Proposed Sale include such language.

B. **Debtors Must Provide for Payment of all Obligations due Under the WPG Leases**

19. Although, as set forth above, the WPG Cure Objection was deemed resolved by the Debtors and lead bankruptcy counsel for the Debtors prior to the Status Conference, WPG reserves the right to supplement any cure claim that WPG may have under the WPG Leases in accordance with the Designation Rights Procedures for any additional amounts due and owing subsequent to the Status Conference, including but not limited to any taxes, common area maintenance and other amounts that may come due, pursuant to the terms of the WPG Leases, and regardless of when those amounts accrued.

20. WPG specifically requests that the following provisions, which were previously negotiated in the Nexus Sale Order and are currently reflected in the Proposed Sale Order, remain in the final form of any order approving the Proposed Sale:

- The indemnification obligations under the WPG Leases must be preserved in any assumption and assignment of the WPG Leases. *See* Proposed Sale Order at ¶ 11; *see* Nexus Sale Order at ¶ 12.

- WPG's right to payment continues for year-end adjustment and reconciliation amounts that become due or accrue after the entry of the final order approving the Proposed Sale, percentage rent, insurance and indemnification obligations, and any non-monetary defaults regardless of when they accrued. *See Id.*

- The Debtors must remain responsible for any contractual obligations under the WPG Leases that arose prior to the assumption and assignment of any WPG Lease. *See* Proposed Sale Order at ¶ 52; *see* Nexus Sale Order at ¶ 54.

C. **Debtors Must Demonstrate Adequate Assurance of Future Performance**

21. WPG must be provided with sufficient information with respect to adequate assurance of future performance prior to any proposed assumption and assignment of the WPG Leases to any proposed assignee. As set forth in the Proposed Sale Order, along with serving the Designated 365 Contract Notice, the Debtors will provide adequate assurance information to impacted contract counterparties and counterparties may file any objections to such information within fourteen (14) days of such service. *See* Proposed Sale Order at ¶ 48.

22. Under this requirement, the Debtors must provide to WPG assurances: (a) of the source of rent and other consideration due under the WPG Leases, and that the financial condition and operating performance of Variety or any proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the WPG Leases; (b) that any percentage rent due under the WPG Leases, if applicable, will not decline substantially; (c) that assumption and assignment of the WPG Leases is subject to all provisions of the WPG Leases, including but not

limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the WPG Leases will not disrupt any tenant mix in the shopping center. *See* 11 U.S.C. § 365(b)(3).

23. In order to satisfy the heightened adequate assurance of future performance burden, r any proposed assignee of the WPG Leases must provide the following information: (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store; (ii) the proposed assignee's intended use for the space; (iii) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto; (iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the WPG Leases, and any financial projections, calculations and/or proformas prepared in contemplation of purchasing the WPG Leases; (v) all documents and other evidence of the proposed assignee's retail experience and experience operating stores in a shopping center; and (vi) a contact person for the proposed assignee WPG may directly contact in connection with the adequate assurance of future performance information.[5]

24. WPG demands strict proof of any proposed assignee's ability to establish adequate assurance of future performance with respect to the WPG Leases. WPG is entitled to the full benefit of its bargain under the WPG Leases and the full protections provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the WPG Leases must be in accordance with all provisions of the WPG Leases and the Bankruptcy Code.

### D. Any Designation Rights Must Comply with the WPG Leases and the Bankruptcy Code and Protect WPG's Rights

---

[5] WPG expressly reserves the right to request further adequate assurance information that WPG may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the ability of any proposed assignee of the WPG Leases to satisfy the requirements of section 365 of the Bankruptcy Code.

25. WPG objects to any attempt by the Debtors to side-step or invalidate the bargained-for protections in the WPG Leases, including, but not limited to, the continuous operating covenants with the grant of the Designation Rights. WPG is entitled to the full benefit of its bargain under the WPG Leases and is entitled to the full protections provided by section 365 of the Bankruptcy Code. *See, e.g., In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). The Debtors and the Proposed Purchaser must strictly comply with all of the terms and conditions of the WPG Leases during the Designation Rights Period until such lease has been assumed, assumed and assigned or rejected. 11 U.S.C. § 365(d)(3); *see, e.g., In re new Almacs, Inc.*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 831 (Bankr. S.D.N.Y. 1996) (each recognizing that section 365(d)(3) of the Bankruptcy Code imposes an affirmative duty on a debtor to comply with all of its leasehold obligations).

26. The Debtors' grant of the Designation Rights to the Proposed Purchaser as well as any proposed assumption and assignment of the WPG Leases and use of the Leased Premises during the Designation Rights Period must be in accordance with all provisions of the WPG Leases and the Bankruptcy Code. *See id.*

27. The Debtors and the Proposed Purchaser must remain fully liable to WPG for the payment of all amounts due and owing to WPG under the WPG Leases during the Designation Rights Period. WPG previously negotiated provisions of the Nexus Sale Order to address these concerns, which are reflected in the Proposed Sale Order. *See* Nexus Sale Order at ¶ 54; *see* Proposed Sale Order at ¶ 52. WPG respectfully requests that these provisions be included in the final form of order if this Court approves the Proposed Sale.

28. For the reasons set forth herein, WPG's concerns regarding the Designation Rights and any proposed assumption and assignment of the WPG Leases as part of the Designation Rights

should be addressed by the Debtors and the Proposed Purchaser in the Proposed Sale Order.

## **RESERVATION OF RIGHTS**

29. Nothing in this Objection is intended to be, or should be construed as, a waiver by WPG of any of its rights under any of the WPG Leases, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections to any proposed assumption and assignment of the WPG Leases, the Proposed Sale, and the Proposed Sale Order; (b) assert any nonmonetary defaults under the WPG Leases; (c) assert any rights for indemnification or contribution against the Debtors arising under the WPG Leases; and (d) assert any further objections as it deems necessary or appropriate as it relates to the WPG Leases and/or the interests of WPG.

## **JOINDER**

30. WPG joins in any objections that are filed by other landlords to the extent that they are not inconsistent with this Objection.

**WHEREFORE**, WPG respectfully requests that this Court: (a) sustain this Objection; (b) affirmatively require the Debtors and the Proposed Purchaser to comply with each and every term, condition and obligation set forth in the WPG Leases; and (c) grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature Page Follows*]

Dated: December 30, 2024

Respectfully submitted,

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB #3381)
Law Office of Susan E. Kaufman, LLC
919 North Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (320) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
(Admitted *pro hac vice*)
Frost Brown Todd LLP
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com

-and-

Rebecca L. Matthews (TX Bar No. 2406776)
(Admitted *pro hac vice*)
Mark A. Platt (TX Bar No. 00791453)
(Admitted *pro hac vice*)
FROST BROWN TODD LLP
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Tel: (214) 580-5852
Fax: (214) 545-3473
Email: rmatthews@fbtlaw.com
         mplatt@fbtlaw.com

**COUNSEL FOR WPG LEGACY, LLC**

0028924.0790918  4898-2588-6474v2