# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>　　　　　Debtor(s). | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>Jointly Administered |

### JCOOPERUSA LLC'S MOTION FOR ALLOWANCE
### AND IMMEDIATE PAYMENT OF ADMINISTRATIVE
### EXPENSE CLAIMS, PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Administrative priority creditor, JCooperUSA LLC (hereinafter, "**Creditor**"), by and through its undersigned counsel, hereby submits this motion, pursuant to section 503(b)(1)(A) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an Order allowing and directing immediate payment of its administrative expense claims in the aggregate amount of $2,156,274.00 (the "**Motion**"). In support of this Motion, Creditor states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein is 11 U.S.C. § 503(b)(1)(A).

### PROCEDURAL AND FACTUAL BACKGROUND

5. On September 9, 2024 (the "**Petition Date**"), the above-captioned debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

6. The Debtor(s) are operating as debtors-in-possession. No trustee or examiner has been appointed.

7. On September 10, 2024, the Court entered an order authorizing the procedural joint administration of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b). [Bankr. D.I. 95].

8. No deadline has been set for the filing of administrative expense claims incurred post-petition.

9. Post-petition, Creditor has received purchase orders from the Debtor(s) and has fulfilled those orders in the ordinary course of business.

10. More specifically, Post-Petition, Creditor received purchase orders for and has delivered $2,156,274.00 worth of goods to the Debtor(s) – all in the ordinary course of business.

11. The Debtor(s) accepted the goods, and never asserted that any of the goods were unacceptable or defective in any way. The goods enabled the Debtor(s) to continue their business operations Post-Petition.

12. The Debtor(s) were invoiced for the foregoing goods in the ordinary course. But, the Debtors(s) never paid for the goods.

13. The amounts charged by Creditor are reasonable and agreed upon amounts.

14. Accordingly, the Debtor(s) owe Creditor an aggregate total of $2,156,274.00.

## LEGAL DISCUSSION

15. By this Motion, Creditor requests the entry of an Order allowing and directing immediate payment of Creditor's administrative expense claims in the aggregate amount of $2,156,274.00.

16. Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expense of preserving the estate . . ." 11 U.S.C. § 503(b)(1)(A).

17. "In determining whether a claim is entitled to administrative status, courts generally apply a two-part test: '(1) the expense must have arisen from a post-petition transaction between the creditor and the debtor, and (2) the expense must have been 'actual and necessary' to preserve the estate.'" *In re Indianapolis Downs, LLC*, 486 B.R. 286, 301 (Bankr. D. Del. 2013) (*citing In re New Century TRS Holdings, Inc.*, 446 B.R. 656, 661 (Bankr.D.Del.2011)). The Third Circuit construes the concept of "necessary costs" to include expenses incurred in the ordinary operation of the business. *Penn Dept. of Envtl. Resources v. Tri-State Clinical Labs., Inc.*, 178 F.3d 685, 689 (3d. Cir. 1999) (*citing Reading Co. v. Brown*, 391 U.S. 471, 483 (1968)).

18. Additionally, Courts have discretion to order the immediate payment of administrative claims. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (*citing Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985)). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id.* Courts use their discretion as to timing to "ensure the 'orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets,' especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King, 392 B.R. 62*, 68 (Bankr. S.D.N.Y. 2008) (*citing In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

19. Here, the requirements of § 503(b)(1)(A) are plainly met.

20. Additionally, there is no prejudice to the Debtors in requiring immediate payment of these administrative expenses. The Debtors have authorization—and a DIP and cash collateral budget— permitting them to pay more than $50 million in operating disbursements per week, which amount includes post-petition delivery claims. See D.I. 431 (Interim DIP Order); D.I. # 584 (Final DIP Order). The Debtors have thus already decided that, in their business judgment, the

prejudice to the Debtors and other creditors arising from immediate payment of post-petition delivery claims is outweighed by the necessity of business continuity. See Critical Vendor Motion. The Debtors have also budgeted and set aside sufficient funds to pay post-petition delivery claims without impairing their ability to operate or restructure during the pendency of these cases. The Debtors thus already have the capacity, ability, and authority to pay Claimants' administrative expenses, and the Court has ruled that payment of other post-petition delivery claims is a proper exercise of the Debtors' business judgment. Despite having sufficient cash on hand and/or availability under the DIP ABL Facility to do so, on Friday, December 13, 2024, the Debtors failed to timely pay Claimants for Post-Petition deliveries and have provided no explanation for the delay.

21. On the other hand, Creditor will suffer severe hardship if its administrative claims are not paid immediately. Creditor is a furniture manufacturer with high overhead costs, including a relentless payroll. If forced to wait indefinitely for payment of the administrative expense amounts, Creditor will suffer severe financial distress and disruptions in its ability to accept and fulfill future orders for the Debtor(s), any potential purchasers of the Debtors' businesses, and Creditor's other customers. Delayed payment will also result in the loss of hourly positions for Creditor's manufacturing workers and is likely to also result in the loss of salaried positions as well. Delay in receipt of over $2 million will require drastic adjustments to Creditor's labor expenses, and would cause significantly tightened cashflow. Delay in payment to Creditor could also result in adverse consequences to Creditor under its existing financing arrangements, leaving it without necessary liquidity to continue operations. In reliance on the Debtor(s), representations that they had the ability, authority, and intent to timely pay Creditor for postpetition deliveries, Creditor therefore agreed to and did deliver in excess of $2 million of goods. These receivables

are particularly large in proportion to the size of Creditor's business. Nonpayment or even a delay in payment presents an existential threat to Creditor's business.

22. Creditor further submit that there would be no meaningful prejudice to other creditors if Claimants are paid immediately. As holders of allowed administrative expenses, Claimants are entitled to payment in full on their administrative claims in any potential plan or liquidation, so immediate payment will not disadvantage any other creditors.

23. The totality of the circumstances supports compelling the Debtor(s) to pay Creditor's administrative priority claims immediately, as further delay in payment will only prejudice Creditor, and there is no cognizable prejudice to the Debtor(s) or to the Debtor(s)' other creditors.

23. Accordingly, Creditor is entitled to entry of an Order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing its administrative expense claims in the aggregate amount of $2,156,274.00.

## CONCLUSION

WHEREFORE, Creditor respectfully requests that the Court enter an order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing its administrative expense claims in the aggregate amount of $2,156,274.00 and directing immediate payment thereof, and granting such other and further relief as this Court deems just and proper.

Dated: December 30, 2024       Respectfully submitted,

KASEN & KASEN, P.C.
*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esquire (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

*Counsel to Creditor*