UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>       Debtor(s). | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>Jointly Administered |

**DECLARATION IN SUPPORT OF JCOOPERUSA LLC'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Keith Zagar, of full age, hereby declares under penalty of perjury, as follows:

1. I make this declaration in support of *JCooperUSA LLC'S Motion for Allowance and Immediate Payment of Administrative Expense Claims, Pursuant to 11 U.S.C. § 503(b)(1)(A)* (the "**Motion**").

2. I have personal knowledge of the factual averments set forth herein, and if called upon to do so, I could and would appear before the Court and competently testify to the truth thereof.

3. I am an owner and officer JCooperUSA LLC.

4. As an owner and officer, I am responsible for managing customer accounts from a credit perspective, including the customer accounts of the above-captioned Debtor(s).

5. It is my understanding that the Debtors filed for bankruptcy on September 9, 2024 (the "**Petition Date**").

6. Post-petition, Creditor has received purchase orders from the Debtor(s) and has fulfilled those orders in the ordinary course of business.

7. More specifically, Post-Petition, Creditor received purchase orders for and has delivered $2,156,274.00 worth of goods to the Debtor(s) – all in the ordinary course of business.

8. The Debtor(s) accepted the goods, and never asserted that any of the goods were unacceptable or defective in any way. The goods enabled the Debtor(s) to continue their business operations Post-Petition.

9. The Debtor(s) were invoiced for the foregoing goods in the ordinary course. But, the Debtors(s) never paid for the goods.

10. The amounts charged by Creditor are reasonable and agreed upon amounts.

11. Accordingly, the Debtor(s) owe Creditor an aggregate total of $2,156,274.00.

12. Attached hereto marked as **Exhibit A** are the outstanding post-petition invoices, and a summary thereof.

13. Creditor will suffer severe hardship if its administrative claims are not paid immediately.

14. Creditor is a furniture manufacturer with high overhead costs, including a relentless payroll.

15. If forced to wait indefinitely for payment of the administrative expense amounts, Creditor will suffer severe financial distress and disruptions in its ability to accept and fulfill future orders for the Debtor(s), any potential purchasers of the Debtors' businesses, and Creditor's other customers.

16. Delayed payment will also result in the loss of hourly positions for Creditor's manufacturing workers and is likely to also result in the loss of salaried positions as well.

17. Delay in receipt of over $2 million will require drastic adjustments to Creditor's labor expenses, and would cause significantly tightened cashflow.

18. Delay in payment to Creditor could also result in adverse consequences to Creditor under its existing financing arrangements, leaving it without necessary liquidity to continue operations.

19. In reliance on the Debtor(s), representations that they had the ability, authority, and intent to timely pay Creditor for postpetition deliveries, Creditor therefore agreed to and did deliver in excess of $2 million of goods.

20. These receivables are particularly large in proportion to the size of Creditor's business. Nonpayment or even a delay in payment presents an existential threat to Creditor's business.

Pursuant to 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the foregoing statements made by me are true and correct. I am aware that if any of said statements are willfully false, I am subject to the penalties of perjury.

Dated: December 30, 2024         */s/ Keith Zagar*
              KEITH ZAGAR