IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. 1296** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF DECEMBER 31, 2024 AND (B) ABANDON CERTAIN PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order: (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, (c) authorizing and approving the Rejection Notice to affected Counterparties and (d) granting related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on a final basis [D.I. 461]; and the filing of the notice of rejection (the "**Rejection Notice**") by the Debtors [D.I. 1296]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Rejection Notice and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Rejection Notice, and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Rejection Notice and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Contract and Leases listed on **Schedule 1** attached hereto are hereby rejected as of December 31, 2024 (the "**Rejection Date**") or, for a real property Lease, the later of (A) the Rejection Date; (B) the date upon which the applicable Debtor surrenders in writing (including via email) the premises to the landlord and returns the keys, key codes, or security codes, as applicable (or certifies in writing that the landlord is authorized to change the locks); and (C) such other date to which the Debtors and the applicable Counterparty have agreed to.

2. The Debtors are authorized, but not directed, to abandon any abandoned property described on **Schedule 1** attached hereto, and any abandoned property of the Debtors remaining in any leased premises after the Rejection Date shall be deemed abandoned as of the Rejection Date.

3. All applicable landlords or their designees shall be authorized to use or dispose of any abandoned property without notice or liability to any Debtor or consenting non-Debtor third party and without further order of the Court, and, to the extent applicable, the automatic stay is modified to allow such disposition.

4. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts or Leases were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of any Contract is limited to the remedies available under the termination provision of such Contract; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5. Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

7. Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

9. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: January 2nd, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE