## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hrg. Date:  1/21/2025 at 1:00 p.m. (Eastern)** |
| | **Obj. Due:  1/14/2025 at 4:00 p.m. (Eastern)** |

### D.H. PACE COMPANY, INC.'S MOTION FOR ALLOWANCE
### OF ADMINISTRATIVE EXPENSE CLAIM AND TO COMPEL PAYMENT

D.H. Pace Company, Inc. ("D.H. Pace"), by and through its undersigned counsel, moves this Court pursuant to this *Motion for Allowance of Administrative Expense Claim and to Compel Payment* (this "Motion") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A**, directing the above-captioned debtors (the "Debtors") to pay immediately all post-petition amounts due to D.H. Pace as an administrative expense claim pursuant to section 503(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code").  In support of this Motion, D.H. Pace respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); Big Lots Stores - CSR, LLC (6182); BLBO Tenant, LLC (0552); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

2.       The bases for the relief requested herein are Bankruptcy Code sections 503(b)(1) and 507(a)(2), Rule 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rules 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  D.H. Pace consents to the Court's entry of a final judgment or order with respect to this Motion

## BACKGROUND

3.       On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code commencing the above-captioned bankruptcy cases (the "Cases") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.       D.H. Pace is a national leader in commercial door-related products and services, and provides nationwide coverage for carpentry, maintenance, repair, inspection, and locksmith services for doors.  Prior to, and continuing after the Petition Date, D.H. Pace provided the Debtors with repair services for the automatic doors at the Debtors' facilities (the "Services") pursuant to a "break/fix" agreement between the parties.

5.       As opposed to an ongoing maintenance agreement, the "break/fix" agreement between D.H. Pace and the Debtors obligated D.H. Pace to provide Services upon the Debtors' request, when there was an urgent need for a door to be repaired.  Under this arrangement, D.H. Pace provided Services to the Debtors, so that the Debtors' stores could remain physically open, and to prevent injuries or any other potential premises liability for the Debtors arising from defective doors.

6.       Examples of the Services D.H. Pace provided to the Debtors post-petition include: (i) repairing an automatic entry front door, and electrical equipment at a Big Lots facility in Murphy, North Carolina; (ii) replacing hinges on a door that was stuck open at a Big Lots facility

in Katy, Texas; (iii) installing a safety beam across automatic interior doors, and fixing a fallen wire at a Big Lots facility in Westerville, Ohio. *See* Invoice Nos. CD2400002770, CD2400003623, and CD2400007215, attached hereto with other unpaid post-petition invoices as **Exhibit C**. As a result of these, and other services provided to the Debtors' post-petition, which Services were necessary for the Debtors to continue operations at the relevant locations, the Debtors incurred post-petition obligations to D.H. Pace in the aggregate amount of $200,606.16, which amounts remain unpaid as of the date hereof.[2] A schedule of the invoices comprising this sum of $200,606.16 is attached hereto as **Exhibit B**.

## RELIEF REQUESTED

7.    Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, D.H. Pace respectfully requests the entry of an order allowing and directing the immediate payment of an administrative expense claim for D.H. Pace in the amount of $200,606.16.

## BASIS FOR RELIEF

8.    Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense. 11 U.S.C. § 503(b)(1)(A). A request for priority payment of an administrative expense pursuant to section 503 qualifies if it arose post-petition and results in a direct benefit to the estates. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) ("An administrative expense claim is entitled to priority under Section 503(b)(1)(A) if: (1) there was a post-petition transaction

---

[2] In addition to the post-petition amounts due and owing, on October 21, 2024, D.H. Pace timely filed a proof of claim against the Debtors in the amount of $35,250.02, for amounts due as of the Petition Date, which was recorded as claim number 2515 (the "Proof of Claim").

between the claimant and the estate, and (2) those expenses yielded a benefit to the estate.")
(cleaned up).

9.      D.H. Pace provided the Services to the Debtors post-petition under a "break/fix"
agreement.  This resulted in a direct benefit to the Debtors' estates because D.H. Pace's Services
reduced litigation risk to the Debtors, allowed the Debtors to continue to operate their business by
actually keeping the Debtors' doors open and, thereby, allowing the Debtors to generate revenue
for the benefit of their estates.  Without the Services, the Debtors would not have been able to
continue safe operations at the relevant locations.  Accordingly, D.H. Pace's post-petition Services
were crucial to the Debtors' ability to operate their business post-petition and thereby preserve
going concern value.

## RESPONSES TO THE MOTION

10.      To contest the Motion, a party-in-interest must file and serve a written response to
the Motion (a "Response") so that it is received no later than January 14, 2025, at 4:00 p.m.
(prevailing Eastern Time) (the "Response Deadline").  Every Response must be filed with the
Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North
Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the
Response is received no later than the Response Deadline, at the following addresses:

CHIPMAN BROWN CICERO & COLE, LLP
Attn: Mark L. Desgrosseilliers
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone:  302.295.0192
Facsimile:  302.295.0199
Email:  desgross@chipmanbrown.com

## **NOTICE**

11.     Notice of this Motion has been provided to: (a) the U.S. Trustee, (b) the Debtors, and (c) all parties that have requested notice pursuant to Local Bankruptcy Rule 2002.  D.H. Pace submits that no other or further notice is required.

## **RESERVATION OF RIGHTS**

12.     D.H Pace reserves all rights with respect to this Motion and all other pending pleadings and claims in the above-captioned bankruptcy cases, and as against the Debtors or any other party under the Bankruptcy Code or any and all other applicable law.  D.H. Pace further reserves all rights to amend or supplement this Motion at any time prior to any hearing on the Motion.

WHEREFORE, D.H. Pace respectfully requests that this Court:

i.  grant this Motion by entering an order substantially similar to the proposed order attached hereto as **Exhibit A**;

ii.  allow and authorize the immediate payment to D.H. Pace of amounts of at least $200,606.16 for the essential post-petition Services provided to the Debtors as an administrative expense of the Debtors' estates;

iii.  order the Debtors to immediately pay such amount to D.H. Pace; and

iv.  grant D.H. Pace such other and further relief as is appropriate and just under the circumstances.

DATED: January 3, 2025                    Respectfully submitted,

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801
Telephone:  302.295.0192
Facsimile:  302.295.0199
Email:  desgross@chipmanbrown.com

*Counsel for D.H. Pace Company, Inc.*