**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors | Chapter 11<br><br>Case No. 24-11967 (JKS) (Jointly Administered)<br><br>**Hearing Date: January 21, 2025 at 1:00 p.m.**<br>**Objection Deadline: January 14, 2025 at 4:00 p.m.** |

**APPLICATION OF HOMELEGANCE INC. FOR ALLOWANCE OF**
**ADMINISTRATIVE EXPENSE**

Homelegance Inc. ("Homelegance"), a creditor in the above-captioned, jointly-administered bankruptcy proceeding, by and through its undersigned counsel, applies (the "Application") to this Honorable Court to enter an order, substantially in the form attached hereto as **Exhibit A**, granting Homelegance an allowed administrative expense claim pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") in the amount of $12,312.00 and an allowed administrative claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code in the amount of $172,368.00,[2] representing the value of certain goods received by Closeout Distribution, LLC ("Closeout"), CSC Distribution, LLC ("CSC"), and Big Lots Stores, LLC ("Big Lots") (collectively, the "Purchasers" or the "Debtors") within twenty days before the petition date and post-petition, and in support thereof, respectfully represents as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] The total of the 503(b)(9) and 503(b)(1)(A) claims is $184,680.00.

53636491.3

## PRELIMINARY STATEMENT[3]

1. After the Petition Date, CSC and Big Lots received goods from Homelegance (the "Post-Petition Goods") with a value totaling $172,368.00. On information and belief, the Debtors have or will use the Post-Petition Goods as merchandise in their stores. Thus, the cost of the Post-Petition Goods is necessary to preserve the value of the Debtors' estates. To date, however, the Debtors have failed to remit the cost of these goods to Homelegance. Accordingly, Homelegance applies to this Honorable Court for allowance of administrative expense claims in the amount of $172,368.00 pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

2. Within twenty days prior to the petition date, Closeout received goods from Homelegance totaling $12,312.00 (the "503(b)(9) Goods"). Accordingly, Homelegance applies to this Honorable Court for allowance of an administrative expense claim in the amount of $12,312.00 pursuant to section 503(b)(9) of the Bankruptcy Code.

## JURISDICTION

3. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are Sections 105, 503(a), and 503(b)(1), and 507(a)(2) of the Bankruptcy Code.

4. Pursuant to Local Rule 9013-1(f), Homelegance consents to the entry of a final judgment or order.

---

[3] All capitalized terms used but not otherwise defined herein shall have the same meaning as ascribed to them *infra*.

**BACKGROUND**

5. On September 9, 2024 (the "Petition Date") each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

6. Homelegance manufactured all goods sold to the Debtors in Vietnam. All goods in question were shipped by the Debtors' logistics company from Vietnam to a port in the United States and ultimately to one of the Debtors' U.S. facilities. The Debtors were invoiced for the Homelegance products through Yusen Logistics Co., LTD ("Yusen"), and Yusen's forwarder's-cargo-receipts provided the date of each shipment from Vietnam. The Debtors maintained an automated inquiry phone line for its vendors like Homelegance, which showed the invoices and payments, but did not show the date that the goods were received in the Debtors' U.S. facilities. However, through various cargo tracking services, Homelegance determined that each of the shipping containers holding goods which are the subject of this Application were either received by the Debtors within the twenty days prior to the Petition Date or after the Petition Date.

7. On the dates shown below, Purchasers issued the following Purchase Orders (collectively, the "POs") to Homelegance:

[The remainder of this page is intentionally left blank.]

| Debtor | PO Number(s) | Date of PO | Value of Goods | Code Section Applicable |
|---|---|---|---|---|
| CSC Distribution, LLC | 95313440 | 4/15/2024 | $86,814.00 | 503(b)(1)(A) |
| Closeout Distribution, LLC | 95313441 | 4/15/2024 | $12,312.00 | 503(b)(9) |
| Big Lots Stores, LLC | 95313441, 95313440, 95313547 | 4/15/2024 | $184,680.00[4] | 503(b)(1)(A) |
|  |  | **TOTAL** | $184,680.00[5] |  |

8. **Goods Received by CSC Distribution, LLC:** Copies of the POs, invoices, forwarder's-cargo-receipts, and packing lists are attached as **Exhibit B**.

9. **Goods Received by Closeout Distribution, LLC:** Copies of the PO, invoice, forwarder's-cargo-receipt, and packing list are attached as **Exhibit C**.

10. **Goods Received by Big Lots Stores, LLC:** Copies of the POs, invoices, forwarder's-cargo-receipts, and packing lists are attached as **Exhibit D**.

11. The goods listed in the POs were received from Homelegance by a common carrier in Vietnam and shipped to the United States in shipping containers. One invoice was issued for each shipping container as follows:

---

[4] Big Lots is listed as the entity responsible for billing on all of Homelegance's transactions with both CSC and Closeout. Thus, the amount of the administrative claim against Big Lots is duplicative of the claims against CSC and Closeout, as some of these goods were delivered to CSC or Closeout with Big Lots being responsible for billing. However, the claim against Big Lots also includes additional value for goods which were both delivered to Big Lots and for which Big Lots is responsible for billing. The total value unique to Big Lots is $86,184.00 (PO 95313547). The total administrative claim against Big Lots which is duplicative of the claims against CSC and Closeout is $98,496.00 (POs 95313440 and 95313441).

[5] Because the amounts of the claim against CSC and Closeout are duplicative of amounts included in the Big Lots claim, the total amount of the claim against these Debtors collectively is the total amount listed here.

53636491.3

| Invoice # | Container # | Invoice Date | Date Common Carrier Received Cargo | PO # | Debtor in Receipt of Goods | Total Amount |
|---|---|---|---|---|---|---|
| HL088733 | TCNU5398382 | 7/2/2024 | 7/1/2024 | 95313440 | CSC | $12,312.00 |
| HL088734 | TEMU8900283 | 7/2/2024 | 7/1/2024 | 95313440 | CSC | $12,312.00 |
| HL088735 | TGHU6063750 | 7/2/2024 | 7/1/2024 | 95313440 | CSC | $12,312.00 |
| HL088736 | NYKU4873590 | 7/2/2024 | 7/1/2024 | 95313440 | CSC | $12,312.00 |
| HL088737 | NYKU0701709 | 7/2/2024 | 7/1/2024 | 95313440 | CSC | $12,312.00 |
| HL088928 | CMAU4936841 | 7/8/2024 | 7/5/2024 | 95313441 | Closeout | $12,312.00 |
| HL089028 | HLXU8199523 | 7/9/2024 | 7/8/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089029 | HLXU8637527 | 7/9/2024 | 7/8/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089030 | UACU5477098 | 7/9/2024 | 7/8/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089031 | SEGU5672619 | 7/9/2024 | 7/8/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089049 | TCLU1526066 | 7/11/2024 | 7/10/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089050 | TGCU0000273 | 7/11/2024 | 7/10/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089051 | CMAU7372920 | 7/11/2024 | 7/10/2024 | 95313547 | Big Lots | $12,312.00 |
| HL089340 | CMAU6320201 | 7/18/2024 | 7/16/2024 | 95313440 | CSC | $12,312.00 |
| HL089341 | CMAU5806375 | 7/18/2024 | 7/16/2024 | 95313440 | CSC | $12,312.00 |
|  |  |  |  |  | Total | $184,680.00 |

12. Upon information and belief, each of the shipping containers listed by "Container #" in the table above, with the exception of the 503(b)(9) claim against Closeout, was received at the applicable Big Lots-affiliated distribution center via a common carrier on or after the Petition

53636491.3

Date. Upon information and belief, shipping container # CMAU4936841 was received by Closeout on September 6, 2024 (within twenty days prior to the Petition Date). Screenshots of freight tracking services indicating the movements of these shipping containers are attached as **Exhibit E**.[6]

13. At all times while the goods were in transit with common carriers toward their destination at the applicable distribution centers referenced in the POs, Homelegance had the right to stop transit and seek return of the goods.

14. To date, the Debtors have failed to pay any portion of the amount due for the Post-Petition Goods or the 503(b)(9) Goods referenced in this application.

15. Accordingly, Homelegance is entitled to an allowed administrative expense in the total amount of $184,680.00.

## RELIEF REQUESTED

16. Homelegance respectfully requests that the Court enter an order granting Homelegance an allowed administrative expense claim in these consolidated bankruptcy cases.

---

[6] With the exception of the claim against Closeout (the Section 503(b)(9) Claim), these screenshots either indicate the date that the shipping container was received by the consignee on or after the petition date or indicate that the shipping container was still in transit, as of the petition date, to the distribution center listed on the applicable PO. In the event that any of these shipping containers were received by the applicable Debtor prior to the petition date, Homelegance is entitled to an administrative expense claim under 11 U.S.C. § 503(b)(9). Homelegance has sought further information related to these shipments in good faith from both Big Lots' agents and from freight tracking services; and, as of the date of this application, those parties have been nonresponsive. Homelegance reserves the right to seek information from the Debtors or these third parties under Rule 2004 and other applicable law to the extent necessary in any potential contested matter related to this application. Due to the limited information available to Homelegance and in order to preserve its rights in these administrative expense claims, Homelegance has asserted administrative expense claims under 11 U.S.C. § 503(b)(9) by filing proofs of claim in each of the applicable Debtors' cases with respect to the entire value sought in this application. In the event that this application is granted by the Court or the Debtors and Homelegance reach a consensual resolution of this application pursuant to the orders of this Court, Homelegance will accordingly amend its proofs of claim to reduce the amounts claimed under Section 503(b)(9).

53636491.3

**BASIS FOR RELIEF REQUESTED**

17. The balance due on the Post-Petition Goods and the 503(b)(9) Goods should be treated as an administrative claim. 11 U.S.C. § 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, actual, necessary costs and expenses of preserving the bankruptcy estate. See, e.g., In re Energy Future Holdings Corp., 990 F.3d 728, 741-42 (3d Cir. 2021) (holding that claim is entitled to administrative expense priority under section 503(b)(1) if "(1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate"); see also In re Bluestem Brands, Inc., No. 20-10566 (MFW), 2021 WL 3174911 at *15 (Bankr. D. Del. July 27, 2021) (amounts owed for goods ordered and shipped prepetition but received post-petition were entitled to administrative expense priority); In re S. Mont. Elec. Generation & Transmission Coop., Inc., No. 11-62031 (RBK), 2013 WL 85162, at *5 (Bankr. D. Mont. Jan. 8, 2013) (the portion of an asserted section 503(b)(9) claim for goods delivered post-petition should be treated as a section 503(b)(1)(A) claim).

18. This Court has previously held that—in the absence of evidence to the contrary—goods or services exchanged at the contract rate are presumed to be exchanged at fair market value, such that the contract rate is presumed to be the "value" for purposes of section 503(b). In re Smurfit-Stone Container Corp., No. 09-10235 (BLS), 2010 Bankr. LEXIS 661, 15-16 (Bankr. D. Del. March 8, 2010) ("There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate. This presumption is viable unless the debtor introduces convincing evidence to the contrary." (citations and internal

53636491.3

quotation marks omitted)); see also In re Goody's Family Clothing, Inc., 392 B.R. 604, 614 (Bankr. D. Del. 2008) ("[Fair market value. . . is presumably the lease rate unless there is evidence to the contrary."). Accordingly, the purchase price for the goods here is presumed to be the "value" of the goods, for purposes of section 503(b).

19. When goods are delivered to and accepted by a debtor-in-p,ossession post-petition, payment of the amount due for those goods is entitled to treatment as an administrative expense, even if they were ordered pre-petition. In re Bluestem Brands, Inc., 2021 WL 3174911 (Bankr. Del., July 27, 2021); In re Christmas Tree Shops, LLC, Case No. 23-10576 (TMH), ECF No. 257 (Bankr. D. Del., June 12, 2023).

20. The Debtors received the Post-Petition Goods after the Petition Date. On information and belief, the Debtors will sell or have already started to sell the Post-Petition Goods at their retail stores. Accordingly, the cost of the Post-Petition Goods is an actual, necessary expense of preserving the Debtors' estates, and Homelegance is entitled to an administrative expense claim with respect to the value of the Post-Petition Goods.

21. With respect to the 503(b)(9) Goods, Homelegance is entitled to allowance of an administrative expense claim under Section 503(b)(9).

22. Section 503(b)(9) of the Bankruptcy Code provides that, "there shall be allowed administrative expenses . . . including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

23. Administrative claims are entitled to priority payment under section 507(a)(2) of the Bankruptcy Code.

24. For the purposes of Section 503(b)(9), "goods are 'received' when the debtor or its agent takes physical possession of them" even if they are ordered or shipped FOB on an earlier date. In re World Imports, Ltd., 862 F.3d 338, 242 (3d Cir. 2017). In World Imports, a vendor shipped goods from China to a debtor prepetition via a common carrier, FOB their port of origin. The shipment left China more than twenty days prepetition but arrived in the United States and was accepted by the debtor within the twenty days prepetition. Id. at 340-41. When the debtor filed a chapter 11 bankruptcy, the vendor claimed the goods were entitled to section 503(b)(9) priority. The Third Circuit held that the use of the "FOB" term controlled how the parties allocated the risk of loss, not title to the goods or "receipt" of the goods for purposes of section 503(b)(9). Id. at 344. The goods were received for section 503(b)(9) purposes when the debtor took control of them upon delivery in the United States, so the vendor was entitled to administrative priority. Id.

25. The material facts here are identical: The 503(b)(9) Goods were shipped by common carrier FOB, and received by the Debtors within twenty days of the Petition Date. The goods were "received" by the Debtors during the priority period, so binding precedent dictates that Homelegance is entitled to administrative priority pursuant to section 503(b)(9).

26. Accordingly, Homelegance is entitled to an administrative expense claim with respect to the value of the 503(b)(9) Goods.

## RESERVATION OF RIGHTS

27. The filing of this Application shall not be construed as a waiver or release of any of Homelegance's claims, rights, or remedies. Homelegance reserves the right to supplement or amend this Application in any manner and for any purpose including without limitation to assert additional administrative claims for any additional period.

53636491.3

# **CONCLUSION**

28.  Homelegance respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, (a) allowing Homelegance an administrative claim in the total amount of $184,680.00 (including $172,368.00 for Post-Petition Goods and $12,312.00 for 503(b)(9) Goods), and (b) granting such other and further relief as the Court may deem just and appropriate.

Dated: January 3, 2025

**SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6898
luke.murley@saul.com

-and-

Turner N. Falk
Center Square West 1500 Marker Street, 38th Floor
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

*Attorney for Homelegance Inc.*

53636491.3