## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS)<br>Jointly Administered |
| Debtors. | **Hearing date: January 21, 2025 at 1:00 p.m. ET**<br>**Objection deadline: January 14, 2025 at 4:00 p.m. ET** |

## MOTION OF ZURU LLC FOR
## ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Zuru LLC ("Zuru" or "Movant"), by its undersigned attorneys, files this Motion for Allowance and Payment of Administrative Expense Claim, and in support hereof states as follows:

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Vaco consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4.        Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.        The statutory predicates for the relief requested herein are 11 U.S.C.§§ 105, 503, and 507.

### Procedural and Factual Background

6.        Zuru and the Debtors are parties to a certain Purchase Order Terms and Conditions (Import) agreement effective November 1, 2022 (as amended, the "Contract").

7.        On September 9, 2024 (the "Petition Date"), the above captioned debtors (each a "Debtor," and collectively, the "Debtors") commenced the above-referenced jointly administered bankruptcy cases (the "Bankruptcy Cases") under Chapter 11 of the Bankruptcy Code.

8.        The Debtors are operating as debtors-in-possession. No trustee or examiner has been appointed.

9.        On the Petition Date, the Debtors filed that certain *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From PostPetition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 11] (the "Critical Vendor Motion"). Per the Critical Vendor Motion, in order to preserve the going concern value of the estate, the Debtors requested authority to pay the prepetition claims of certain vendors, suppliers, and service providers in part in recognition of the importance of the Debtors'

2

relationships with such vendors, suppliers, and service providers and their desire that the bankruptcy cases have as little effect on the debtors' ongoing businesses and operations as possible.

10.     Also on the Petition Date, the Debtors filed a *Motion to Approve Debtor in Possession Financing* [D.I. 19] (the "DIP Financing Motion").

11.     On September 10, 2024, the Bankruptcy Court entered an interim order [D.I. 106] (the "Interim Critical Vendor Order") authorizing the debtors, under certain conditions, to pay prepetition claims of certain vendors, suppliers, and service providers.

12.     On September 23, 2024, the U.S. Trustee filed a notice of appointment of a committee of unsecured creditors [D.I. 248] (the "Committee").

13.     On October 9, 2024, the Court entered a final order [D.I. 463] (the "Final Critical Vendor Order") authorizing the debtors to pay prepetition claims of certain vendors on a final basis.

14.     On October 22, 2024, the Court entered the Final DIP Order [D.I. 584].

15.     Zuru provided certain goods to the Debtors under the Contract pre- and postpetition.

16.     In the twenty (20) days prior to the Petition Date, Zuru shipped to Debtors FOB goods in the amount of $47,920.00 (the "503(b)(9) Claim"). On October 1, 2024, Zuru filed proofs of claims against the various Debtors, including its claims under 11 U.S.C. §503(b)(9).

17.     Zuru also received purchase orders from the Debtors before and after the Petition Date and fulfilled those orders postpetition in the ordinary course of business.

18.    The Debtors placed postpetition orders for goods from the Zuru which have been delivered but have not been paid for. Zuru is therefore a postpetition trade creditor of the Debtors.

19.    In additional to the 503(b)(9) Claim, Zuru has delivered goods with a purchase price and value of no less than $296,572.92 (the "Post-Petition Invoices"). Therefore, the total amount due pursuant to Section 503 of the Bankruptcy Code totals $344,492.92 (the "Zuru Administrative Expense Claim") A summary of account for Post-Petition Invoices owed by the Debtors to Zuru is attached hereto as **Exhibit A**.

20.    Zuru seeks allowance and immediate payment of this postpetition trade debt as an administrative claim in the total amount of $344,492.92.[2]

### Relief Requested and Basis Therefor

21.    Zuru respectfully requests that this Court enter an order that allows a claim for post-petition services in the amount of the Zuru Administrative Expense Claim as an administrative expense claim pursuant to Sections 503(b)(1)(A), 503(b)(9), and 507(a)(2) of the Bankruptcy Code, and that requires immediate payment thereof.

22.    Section 503(b) of the Bankruptcy Code provides, in pertinent part, that allowed administrative expense claims exist for the "actual, necessary costs and expenses of preserving the estate ... ." 11 U.S.C. § 503(b)(1)(A). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have second priority. 11 U.S.C. § 507(a)(2).

---

[2] Subsequent to the December 19th Status Conference, Movant canceled certain shipments and is seeking the return of certain others from the freight carrier. To the extent Movant is unsuccessful in retrieving these goods, Movant reserves the right to update its administrative expense claim accordingly.

4

23.     "An administrative expense claim is entitled to priority under Section 503(b)(1)(A) if: (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741-42 (3d Cir. 2021) (internal quotations omitted).

24.     Claims arising from goods purchased in the ordinary course of business by a debtor-in-possession are generally entitled to administrative priority. *See e.g., In re Thatcher Glass Corp.*, 59 B.R. 797, 799 (Bankr. D. Conn. 1986); *see also In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010)(citing *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D. N.Y. 2003.)("There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate.")

25.     The Zuru Administrative Expense Claim is entitled to administrative expense priority pursuant to sections 503(b)(1)(A), 503(b)(9), and 507(a)(2) of the Bankruptcy Code because the claim was incurred by the Debtors' estates after the Petition Date, and there was a benefit to the estate from Zuru's provision of postpetition goods.

26.     The Debtors and their estates benefited from Zuru's shipment of goods postpetition and Zuru is entitled to allowance and immediate payment of an administrative expense claim.

WHEREFORE, Zuru respectfully requests that this Court enter an order that (i) allows the Zuru Administrative Expense Claim in the amount of $344,492.92 as an administrative expense priority claim pursuant to sections 503(b)(1)(A), 503(b)(9), and 507(a)(2) of the Bankruptcy Code, (ii) compels the Debtors to pay the Zuru Administrative Expense Claim in full within ten (10) days of the date of an order entered hereon; and (iii) grants Zuru such other and further relief as is just and equitable.

Dated: January 3, 2025

          **COOCH AND TAYLOR, P.A**

          */s/ R. Grant Dick IV*
          R. Grant Dick IV (Del. No. 5123)
          The Brandywine Building
          1000 N. West Street, Suite 1500
          Wilmington, DE 19801
          Telephone: 302-984-3800
          Facsimile: 302-984-3939
          Email: gdick@coochtaylor.com

          *Counsel to Zuru LLC*