**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

### MOTION OF RESPAWN FOR ALLOWANCE AND PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM

RESPAWN, LLC ("*RESPAWN*"), by and through its undersigned counsel, hereby moves, pursuant to 11 U.S.C. § 503(b), for entry of an order allowing it a chapter 11 administrative expense claim in the amount of $182,520.00, and requiring the Debtors to pay the allowed amount immediately, and respectfully states as follows:

### Venue and Jurisdiction

1. This matter is a core proceeding and this Court has jurisdiction pursuant to 11 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is 11 U.S.C. § 503(b).

### Pertinent Background

3. On September 9, 2024 (the "*Petition Date*"), the above-captioned debtors (collectively, the "*Debtors*") filed voluntary petitions for relief under chapter 11 of title 11 of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "*Bankruptcy Code*") in this Court.

4. RESPAWN is a manufacturer of gaming furniture and accessories. Upon request of the Debtors through submissions of orders, RESPAWN provided the Debtors with gaming furniture and accessories for resale by the Debtors in their retail stores, both prior to and after the Petition Date.[2]

5. The Debtors have failed to make any post-petition payments to RESPAWN for goods ordered by the Debtors and supplied by RESPAWN post-petition. The Debtors have accepted all of the goods ordered and delivered.

6. RESPAWN is due the amount of $182,520.00 from the Debtors post-petition, as outlined on the attached Exhibit A.

## Relief Requested

7. RESPAWN respectfully requests that the Court allow it a chapter 11 administrative expense claim in the amount of $182,520.00 pursuant to section 503(b)(1) of the Bankruptcy Code. RESPAWN also requests that the Court require payment of all allowed amounts by the Debtors.

8. Section 503(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor

---

[2] RESPAWN filed a proof of claim [Claim No. 1869 on the claims register] for $18,252.00 for goods sold prior to the Petition Date.

and the debtor; and (2) the estate must receive a benefit from the transaction.'" *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. 2010).

9. Here, RESPAWN is entitled to an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. First, RESPAWN provided goods to the Debtors for resale in their retail stores post-petition at a time when Debtors were still operating their businesses. Thus, RESPAWN and Debtors engaged in post-petition transactions, and RESPAWN's post-petition goods benefited Debtors' estates by providing the Debtors with merchandise to sell in their stores.

10. Further, RESPAWN relied upon the Debtors' post-petition debtor-in-possession financing and the budgets approved by the Court in determining whether to sell goods to the Debtors. The Debtors specifically placed post-petition orders with RESPAWN, backed by their ability to pay under the terms of the DIP financing, and then failed to pay for these contracted-for goods.

11. Further, now that the Debtors are in "wind-down" mode, they filed a wind-down budget [Docket No. 1434] with respect to the payment of administrative expenses. It is unclear whether this budget contemplates payment of administrative claims for goods provided to the Debtors, as the "Merchandise Vendors" line is blank. However, the Debtors continue to remain open, conducting going out of business sales and ostensibly selling RESPAWN's goods. The wind-down budget does contemplate other administrative claims being paid, including the rent claims and the claims of professionals. The Court should not permit other parties to be paid on the backs of the Debtors' merchandise vendors such as RESPAWN.

12. Based on the foregoing, the Court should enter an order granting RESPAWN a chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code and order the Debtors to pay said claim immediately.

WHEREFORE, RESPAWN respectfully requests that the Court enter an order granting RESPAWN a chapter 11 administrative expense claim in the amount of $182,520.00; order the Debtors to pay the administrative expense claim immediately; and grant RESPAWN such other and further relief that is just and equitable.

Respectfully Submitted,

Dated: January 6, 2025

GOLDSTEIN & MCCLINTOCK LLLP

By: */s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk, Esq. (Bar ID 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
marias@goldmclaw.com

*Counsel for RESPAWN, LLC*