IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 24-11967 (JKS), *et seq.*<br>(Jointly Administered) |

## MOTION FOR ALLOWANCE AND
## PAYMENT OF ADMINISTRATIVE CLAIMS AND RELATED RELIEF

CLARKSVILLE SQUARE, LLC ("Movant"), by its undersigned counsel, hereby files this Motion for Allowance and Payment of Administrative Claims and Relief, and the attached Declaration of Shauna Jones, and in support hereof states as follows:

### JURISDICTION AND VENUE

1. This matter is a core proceeding, and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper in this district pursuant to 28 U.S.C. §1409.

3. Clarksville Square bases its Motion on 11 U.S.C. §§ 105, 365, and 503.

4. Clarksville Square consents to the entry of final orders or judgments by this Court.

### BACKGROUND AND FACTS

5. On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (including the Debtor, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GADFC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

#103419293v1

Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On or about January 15, 1988, Clarksville Square, LLC, as landlord, entered into a lease (the "Lease") of non-residential real property located at Clarksville Square Shopping Center, Clarksville, Tennessee (Store No. 310) (the "Leased Property") with Big Lot Stores, Inc., as tenant. The Lease has been amended and extended several times with the latest extension dated April 19, 2017. Debtor Big Lots Stores, LLC (the "Debtor" or "Tenant"), as successor to Big Lots Stores, Inc., is now the Tenant under the Lease. The Lease is an unexpired lease of non-residential real property as that term is used in §365 of the Bankruptcy Code.

## ADMINISTRATIVE EXPENSES

7. On October 9, 2024, the Court entered the Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases [D.I. 461] (the "Rejection Procedures Order")[2] that, among other things, authorized and established procedures for the rejection of Contracts and Leases and the abandonment of certain property in connection therewith (the "Rejection Procedures").

8. To date, the Lease has neither been rejected nor assumed.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Motion and additional information about the Chapter 11 Cases can be accessed on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots. If you have any questions, please contact Kroll Restructuring Administration, LLC, the Debtors' claims and noticing agent, at 844.217.1398 (US and Canada Toll-Free) or 646.809.2073 (Outside the US and Canada). Kroll Restructuring Administration LLC cannot provide legal advice.

**Base Rent**

9.   The Debtor has not paid the base rent due under the Lease for the period from the Petition Date through September 30, 2024 (the "Post-Petition Rent"), which totals **$11,468.81**. Additionally, monthly rent continues to accrue at **$15,639.29**.

**Taxes**

10.  Under paragraph 5.E of the Lease, the Debtor is required to pay its pro rata share of property taxes. The property taxes for the year 2024 total $61,845.00, and the Tenant's pro rata portion of the property taxes is **$30,236.02**.

**Insurance**

11.  Under paragraph 12.B. of the Lease, the Tenant is required to pay its pro rata portion of the insurance premiums.

12.  The insurance premium for the shopping center for the period from February 28, 2024, to February 28, 2025 is $18,774.89. Tenant's pro rata portion of the premium is **$8,149.05**.

**Reservation of Rights**

13.  Movant reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-rejection period that subsequently become known to Movant or that become defaulted with the passage of time. Movant expressly reserves all rights and remedies at law or in equity against Debtors and nothing contained herein is intended to or should be construed to limit Movant's rights, remedies, or interests with respect to the Lease Agreement.

## RELIEF REQUESTED AND AUTHORITIES

14. Under the Bankruptcy Code, the Debtor is required to "timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected ...." 11 U.S.C. § 365(d)(3).

15. If a debtor fails to pay post-petition expenses, the landlord may seek payment of an administrative claim under § 365(d)(3). *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 n.9 (Bankr. D.Del. 2008), aff'd, 610 F.3d 812 (3d Cir. 2010).

16. The leading case in our district interpreting § 365(d)(3) on this issue is *In re Valley Media, Inc.*, 290 B.R. 73 (Bankr. D.Del. 2003) (Walsh, J.). In reliance upon *Centerpoint Properties v. Montgomery Ward Holding Corp.*, 268 F. 3d 205 (3rd Cir. 2001), Judge Walsh concluded that a debtor could be compelled to make a tax payment that had come due post-petition, without resorting to a § 503(b) analysis of whether it constitutes an administrative expense claim. In doing so, Judge Walsh distinguished another decision in which compelling immediate payment was not granted, but only because that estate had been administratively insolvent. *Id.* at 77 (referring to *In re J.T. Rapps, Inc.*, 225 B.R. 257, 262-63 (Bankr.D.Mass.1998)).

17. Further, in continuing to occupy the Premises post-petition, Big Lots should pay for that "use and occupancy" through an administrative expense under § 503(b)(1). *See In re Goody's Family Clothing, Inc.*, 392 B.R. at 614 (recognizing "the mere fact that the Debtors are occupying the [l]andlord's premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving [a debtor's estate] under section 503(b)(1)."

18. Accordingly, the Debtor should be compelled to make immediate payment to Movant, for the following post-petition rent expenses: **$11,468.81** (rent); **$30,236.02** (taxes); and

$8,149.05 (insurance), for a total of **$49,853.88**. Further, the Debtor should be compelled to continue remitting monthly rental payments of **$15,639.29**.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order, in the form appended hereto:

(A)    Allowing Movant an administrative expense claim of **$49,853.88**;

(B)    Compelling the Debtor to reimburse the Movant for **$49,853.88** within ten (10) days;

(C)    Compelling the Debtor to continue remitting monthly rent of **$15,639.29**; and

(D)    Granting Movant such further relief as this Court deems just and proper.

Dated: January 7, 2025

                                                 SEITZ, VAN OGTROP & GREEN, P.A.

                                                 */s/ R. Karl Hill*
                                                 R. KARL HILL (2747)
                                                 222 Delaware Avenue, Suite 1500
                                                 Wilmington, DE 19801
                                                 302-888-7604
                                                 *Attorneys for Movant,*
                                                 *Clarksville Square, LLC*

OF COUNSEL:

JONES WALKER LLP
C. Ellis Brazeal III (admitted pro hac vice)
420 20th Street N, Suite 1100
Birmingham, AL 35203
T: (205) 244-5237
ebrazeal@joneswalker.com