**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., et al., | Case No. 24-11967(JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 1596** |

**DECLARATION OF MATTHEW POOLE IN SUPPORT OF SQUARETRADE, INC.'S**
**MOTION FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE EXPENSE CLAIM**

I, Matthew Poole, hereby declare as follows:

1.      I am over 18 years of age.  I am the Senior Director, Corporate Counsel of SquareTrade, Inc. ("Claimant").  The statements set forth in this declaration are based upon my own personal knowledge, and/or my review of Claimant's books and records and other business records that I have access to.

2.      I submit this Declaration in support of Claimant's "*Motion For Allowance And Payment Of Administrative Expense Claim*" (the "Motion").  All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Motion.

3.      Claimant markets, sells, and administers service contracts called Protection Plans ("Protection Plans") that provide extended warranty coverage for various consumer goods – such as furniture, electronics and appliances.  These Protection Plans are sold direct to consumers and through large retailers such as Big Lots.

4.      On or around July 8, 2021, Claimant and Big Lots Stores, LLC[2] and certain of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

[2] Big Lots Stores, LLC was formerly known as Big Lots Stores, Inc.

other Debtors entered into that certain "*SquareTrade, Inc. Retailer Agreement*" (as amended, the "Agreement").  The Agreement includes a confidentiality provision, and will be filed with the Court under seal if necessary.

5.      After the Petition Date, the Debtors continued to sell and benefit from the sale of Claimant's Protection Plans to their customers for certain products purchased through the Debtors' "brick and mortar" stores and website.

6.      Among other things, the Agreement provides that: (1) the Debtors shall pay to Claimant the wholesale cost (the "Wholesale Cost") for each Protection Plan that is sold to the Debtors' customers ("Customers"); (2) Claimant will handle all claims by the repair or replacement of the covered product, or by the issuance of a retailed branded electronic gift card or check; and (3) the Debtors shall sell to Claimant the retail branded electronic gift cards at an agreed-upon discount.

**Protection Plans Claim**

7.      The Debtors have failed to pay Claimant for Protection Plans sold post-petition (the "Protection Plans Claim"), including several post-petition invoices totaling **$522,952.38**:

- (1) the October 2024 invoice in the amount of $158,705.10;

- (2) the November 2024 invoice in the amount of $239,486.58; and

- (3) the December 2024 invoice in the amount of $124,760.70.[3] [4]

8.      Because the Debtors continued to sell Protection Plans in their stores and website, there may be future amounts that are due and owing to Claimant from the post-petition sale of other Protection Plans, and Claimant reserves the right to amend or supplement this Motion, or file another Motion to have these amounts allowed and paid.  Further, in the event Debtors elect to restart selling Protection Plans, Claimant would have additional administrative expense claims.

---

[3] The amounts due to Claimant under the October 2024, November 2024 and December 2024 invoices (the "Invoices") constitute the aggregate amount of the "Wholesale Cost" due to Claimant from the Debtors sale of Protection Plans to their Customers (the "Wholesale Costs") during the relevant periods.

[4] The amounts due to Claimant under the Invoices constitute the aggregate amount of the "Wholesale Cost" due to Claimant from the Debtors sale of Protection Plans to their Customers (the "Wholesale Costs") during the relevant periods.

**Gift Card Claim**

9.      In addition to the Protection Plans Claim, Claimant also holds a claim comprising of the amounts outstanding on the gift cards (the "GC Claim Amount") purchased by Claimant from the Debtors pursuant to the Agreement (the "Gift Card Claim," and together with the Protection Plans Claim, the "Administrative Claims") both prior to and after the Petition Date.

10.      Pursuant to the Agreement, Claimant purchased gift cards from the Debtors to be given to customers that have purchased and submitted claims under the Protection Plans.

11.      Pursuant to the Debtors' "*Motion For Entry Of . . . Orders Authorizing . . . Debtors To Honor Prepetition Obligations To Customers And Otherwise Continue Customer Practices . . . .*" [Doc. No. 10] and order thereon, the Debtors obtained an order allowing them to, among other things, honor "Gift Cards purchased prior to the Petition Date . . .  maintain the Gift Card Program on a post-petition basis, and . . . honor all Customer obligations related thereto in the ordinary course of business."  *See* (Doc. No. 10, pg. 11 of 24).

12.      However, given: (1) the Debtors' stated inability to close the Nexus Sale, and (2) their intention of completing going out of business sales for all of their stores and to stop honoring gift cards shortly following the initial closing date for the GBRP sale,[5] it appears that the Debtors will no longer honor the gift cards purchased by Claimant and given to Customers – which will result in Claimant having to honor qualifying Customers' claims with alternative forms of payment.

13.      Claimant currently owes the Debtors approximately $35,691.59 for gift cards purchased post-petition (the "$35,691.59 Credit"). Debtors owe Claimant at least $522,952.38 for the Protection Plan Claim and additional amounts for the Gift Card Claim (the "Total Administrative Expense Claim"). By the Motion, Claimant requests authority to offset the $35,691.59 Credit against the Total Administrative Expense Claim such that Claimant retains the $35,691.59.

---

[5] *See* https://cases.ra.kroll.com/biglots/Home-Index; (Doc. No. 1437, pg. 170 of 186).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge, and belief.

Dated: January 7, 2025

By:    /s/ *Matthew Poole*
        Matthew Poole