IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BIG LOTS, INC., *et al.,*[1] | Case Nos. 24-11967 (JKS), *et seq.* |
| Debtors. | (Jointly Administered) |

## MOTION FOR ALLOWANCE AND
## PAYMENT OF ADMINISTRATIVE CLAIMS AND RELATED RELIEF

PHENIX CITY SQUARE, LLC ("Movant"), by its undersigned counsel, hereby files this Motion for Allowance and Payment of Administrative Claims and Relief, and the Declaration of Shauna Jones, and in support hereof states as follows:

### JURISDICTION AND VENUE

1.      This matter is a core proceeding, and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.

2.      Venue is proper in this district pursuant to 28 U.S.C. §1409.

3.      Phenix City bases its Motion on 11 U.S.C. §§ 105, 365, and 503.

4.      Phenix City consents to the entry of final orders or judgments by this Court.

### BACKGROUND AND FACTS

5.      On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (including the Debtor, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GADFC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.        On or about August 3, 1993, The Equitable Life Assurance Society of the United States, as landlord, entered into a lease (the "Lease") of non-residential real property located at Phenix City Square Shopping Center, Phenix City, Alabama (Store No. 480) (the "Leased Property") with Consolidated Stores Corporation, as tenant.  The Lease has been amended and extended several times with the latest extension dated August 24, 2020.  Through a series of assignments and mergers, Movant is now the landlord and debtor Big Lots Stores, LLC (the "Debtor" or "Tenant"), as successor to Big Lots Stores, Inc., is now the Tenant under the Lease. The Lease is an unexpired lease of non-residential real property as that term is used in §365 of the Bankruptcy Code.

## ADMINISTRATIVE EXPENSES

7.        On October 9, 2024, the Court entered the Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases [D.I. 461] (the "Rejection Procedures Order")[2]that, among other things, authorized and established procedures for the rejection of Contracts and Leases and the abandonment of certain property in connection therewith (the "Rejection Procedures").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable.  A copy of the Motion and additional information about the Chapter 11 Cases can be accessed on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.  If you have any questions, please contact Kroll Restructuring Administration, LLC, the Debtors' claims and noticing agent, at 844.217.1398 (US and Canada Toll-Free) or 646.809.2073 (Outside the US and Canada).  Kroll Restructuring Administration LLC cannot provide legal advice.

8.    Pursuant to the Rejection Procedures Order, the Debtor filed its Eighth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (and the Abandonment of Property) (the "Eighth Rejection Notice").

9.    In the Eighth Rejection Notice, the Debtor provided notice that it intended to reject the Lease effective December 31, 2024.

10.    By Order dated January 2, 2025, this Court approved the rejection of the Lease as of December 31, 2024.

**Base Rent**

11.    The Debtor has not paid the base rent due under the Lease for the period from the Petition Date through September 30, 2024 (the "Post-Petition Rent"), which totals **$12,364.00**.

**Taxes**

12.    Under paragraph 5.E of the Lease, the Debtor is required to pay its pro rata share of any increase of property taxes over the Base Year of 1992. The property taxes for the year 2024 total $38,886.90 and were paid on December 17, 2024. The Base Year taxes were $13,403.62; and the Tenant's pro rata portion of the property taxes is 62.98%. Accordingly, the Tenant owes **$16,049.37**.

**Insurance**

13.    Under paragraph 13.A. of the Lease, the Tenant is required to pay its pro rata portion of any increase in insurance premiums over the Base Year of 1992.

14.    The insurance premium for the shopping center for the period from April 9, 2024, to April 9, 2025 is $26,627.00. The 1992 Base Year premium was $10,451.00, and the Tenant's pro rata portion of the premium is 62.98%. Accordingly, the Tenant is obligated to pay **$10,187.64** for its pro rata portion of the insurance.

3

**Reservation of Rights**

15.     Movant reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-rejection period that subsequently become known to Movant or that become defaulted with the passage of time.  Movant expressly reserves all rights and remedies at law or in equity against Debtors and nothing contained herein is intended to or should be construed to limit Movant's rights, remedies, or interests with respect to the Lease Agreement.

## RELIEF REQUESTED AND AUTHORITIES

16.     Under the Bankruptcy Code, the Debtor is required to "timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected ...." 11 U.S.C. § 365(d)(3).

17.     If a debtor fails to pay post-petition expenses, the landlord may seek payment of an administrative claim under § 365(d)(3). *In re Goody's Family Clothing, Inc.,* 392 B.R. 604, 609 n.9 (Bankr. D.Del. 2008), aff'd, 610 F.3d 812 (3d Cir. 2010).

18.     The leading case in our district interpreting § 365(d)(3) on this issue is *In re Valley Media, Inc.*, 290 B.R. 73 (Bankr. D.Del. 2003) (Walsh, J.).  In reliance upon *Centerpoint Properties v. Montgomery Ward Holding Corp.*, 268 F. 3d 205 (3rd Cir. 2001), Judge Walsh concluded that a debtor could be compelled to make a tax payment that had come due post-petition, without resorting to a § 503(b) analysis of whether it constitutes an administrative expense claim. In doing so, Judge Walsh distinguished another decision in which compelling immediate payment was not granted, but only because that estate had been administratively insolvent.  *Id.* at 77 (referring to *In re J.T. Rapps, Inc.*, 225 B.R. 257, 262-63 (Bankr.D.Mass.1998)).

4

19.    Further, in continuing to occupy the Premises post-petition, Big Lots should pay for that "use and occupancy" through an administrative expense under § 503(b)(1). *See In re Goody's Family Clothing, Inc.*, 392 B.R. at 614 (recognizing "the mere fact that the Debtors are occupying the [l]andlord's premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving [a debtor's estate] under section 503(b)(1)."

20.    Accordingly, the Debtor should be compelled to make immediate payment to Movant, for the following post-petition rent expenses: **$12,364.00** (rent); **$16,049.37** (taxes); and **$10,187.64** (insurance), for a total of **$38,601.01**.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order, in the form appended hereto:

(A)    Allowing Movant an administrative expense claim of **$38,601.01**;

(B)    Compelling the Debtor to reimburse the Movant for **$38,601.01** within ten (10) days; and

(C)    Granting Movant such further relief as this Court deems just and proper.

Dated:  January 7, 2025

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ *R. Karl Hill*
R. KARL HILL (2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302-888-7604
*Attorneys for Movant,*
*Phenix City Square, LLC*

5

#103407174v1

OF COUNSEL:

JONES WALKER LLP
C. Ellis Brazeal III (admitted pro hac vice)
420 20th Street N, Suite 1100
Birmingham, AL 35203
T: (205) 244-5237
ebrazeal@joneswalker.com