# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., et al., | Case No. 24-11967(JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 1600** |

## DECLARATION OF MATTHEW POOLE IN SUPPORT OF SQUARETRADE, INC.'S MOTION FOR ORDER COMPELLING IMMEDIATE ASSUMPTION OR REJECTION OF AGREEMENT; OR, IN THE ALTERNATIVE, FOR STAY RELIEF

I, Matthew Poole, hereby declare as follows:

1. I am over 18 years of age. I am the Senior Director, Corporate Counsel of Squaretrade, Inc. ("Movant"). The statements set forth in this declaration are based upon my own personal knowledge, and/or my review of Movant's books and records which I have access to.

2. I submit this Declaration in support of Movant's "*Motion For Order Compelling Immediate Assumption Or Rejection Of Agreement; Or, In The Alternative For Stay Relief*" (the "Motion"). All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Motion.

3. Movant markets, sells, and administers service contracts called Protection Plans ("Protection Plans") that provide extended warranty coverage for various consumer goods – such as furniture, electronics and appliances. These Protection Plans are sold direct to consumers and through large retailers such as Big Lots.

4. On or around July 8, 2021, Movant and Big Lots Stores, LLC[2] and certain of the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

[2] Big Lots Stores, LLC was formerly known as Big Lots Stores, Inc.

other Debtors entered into. that certain "*SquareTrade, Inc. Retailer Agreement*" (as amended, the "Agreement"). The Agreement provides, among other things, that either of the parties may terminate the Agreement if the other party breaches the Agreement and that breach is not cured within thirty (30) days following written notice thereof. (Agreement, § 6.d). The Agreement also includes a confidentiality provision, and will be filed with the Court under seal if necessary.

5. After the Petition Date, the Debtors continued to sell and benefit from the sale of Movant's Protection Plans to their customers for certain products purchased through the Debtors' "brick and mortar" stores and website.

6. Among other things, the Agreement provides that: (1) the Debtors shall pay to Movant the wholesale cost (the "Wholesale Cost") for each Protection Plan that is sold to the Debtors' customers ("Customers"); (2) Movant will handle all claims by the repair or replacement of the covered product, or by the issuance of a retailed branded electronic gift card or check; and (3) the Debtors shall sell to Movant the retail branded electronic gift cards at an agreed-upon discount (the "Discounted Gift Cards").

7. The Debtors have breached, and continue to breach the Agreement for several reasons.

8. *First*, the Debtors have failed to pay Movant for Protection Plans sold post-petition, including several post-petition invoices (the "Invoices")[3] totaling **$522,952.38**:

- (1) the October 2024 invoice in the amount of $158,705.10;
- (2) the November 2024 invoice in the amount of $239,486.58; and
- (3) the December 2024 invoice in the amount of $124,760.70.[4]

There may be future amounts that are due and owing to Movant from the post-petition sale of other Protection Plans.

9. *Second*, the Debtors have continued to sell Protection Plans administered by

---

[3] True and correct copies of the Invoices are attached collectively as **Exhibit "B"** to the Motion.
[4] The amounts due to Movant under the October 2024, November 2024 and December 2024 invoices (the "Invoices") constitute the aggregate amount of the "Wholesale Cost" due to Movant from the Debtors sale of Protection Plans to their Customers (the "Wholesale Costs") during the relevant periods.

2

Movant in their stores and website post-petition, despite not paying the Invoices and the Wholesale Costs of these plans to Movant. Although it appears that the Debtors may have ceased selling Protection Plans in certain of their stores and/or website in December 2024, they have failed to confirm to Movant whether these plans are still being sold.

10. *Third*, the Debtors have acknowledged in the GBRP Sale Motion that it is, or will soon be unable to perform its obligations to provide and honor Discounted Gift Cards pursuant to the terms of the Agreement. Specifically – given the Debtors' stated inability to close the Nexus Sale, and their intention of completing going out of business sales for all of their stores and to stop honoring gift cards shortly following the initial closing date for the GBRP sale[5] – it appears that the Debtors and GBRP will decline to honor the Discounted Gift Cards purchased by Movant and given to certain customers that have purchased Protection Plans (the "Customers") shortly after the initial closing of the GBRP Sale. This will result in Movant having to honor qualifying Customers' claims with alternative forms of payment.

11. *Fourth*, if the Debtors elect not to continue their gift card program, they will no longer be able to sell Discounted Gift Cards to the Movant in the future, as contemplated by the terms of the Agreement.

12. As a result, the Debtors are currently in breach of, and cannot comply with their obligations under the Agreement. The Movant is not only prejudiced financially by the Debtors' inability to pay the Invoices; more importantly, the Debtors failure to confirm that it has ceased, or stipulate that it will cease selling Protection Plans will result in the Movant being in the untenable position of having to service Protection Plans sold by the Debtors in the future that Movant will not be paid for. This is especially because the Debtors are in control of whether to continue or stop selling the Protection Plans at their stores or website.

---

[5] *See* https://cases.ra.kroll.com/biglots/Home-Index; (Doc. No. 1437, pg. 170 of 186).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information, knowledge, and belief.

Dated: January 7, 2025

By:   /s/ *Matthew Poole*  
Matthew Poole