UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

Big Lots, Inc., *et al*.,

   Debtors[1].

_____/

Case No. 24-11967-JKS
Chapter 11
**Hearing Date: January 21, 2025 @ 1:00 p.m.**
**Objection Deadline: January 14, 2025**

## ASHLEY FURNITURE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

  Ashley Furniture Industries, LLC ("Ashley"), by and through its undersigned counsel and pursuant to 11 U.S.C. § 362(d), respectfully requests that the Court enter an order modifying the automatic stay, to the extent necessary, to allow Ashley to sell goods in Ashley's possession pursuant Ashley's rights under the Custom Product and Manufacturing Agreement (the "Agreement") between Ashley and Big Lots Stores, LLC ("Big Lots Stores"). In support, Ashley states:

### JURISDICTION

  1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

### BACKGROUND

  2. The Debtors filed voluntary chapter 11 petitions on September 9, 2024. They continue to operate as debtors-in-possession, and no trustee or examiner has been appointed.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081

{2234/000/00469387}

3. In mid-2023, Ashley and Big Lots Stores entered into the Agreement. Under the Agreement, Ashley agreed to manufacture and deliver Broyhill brand furniture to Big Lots Stores. Ashley would invoice Big Lots Stores under net 30 terms.

4. Big Lots Stores did not include the Agreement as an executory contract on Schedule G.

5. On a post-petition basis, the Debtors have continued to request that Ashley manufacture furniture pursuant to the Agreement. However, the Debtors have not timely remitted payment. As of December 26, 2024, the Debtors had failed to pay over $8 million in post-petition invoices when due pursuant to the Agreement's net 30 terms. Ashley has issued another approximately $5.5 million in post-petition invoices which remain unpaid but which are within 30 days from the date of issuance.

6. Ashley is in possession of roughly $30-50 million of undelivered inventory (the "Inventory"). Upon Big Lots Stores' default, Ashely has rights to liquidate the Inventory, including a license for the use of Broyhill or Big Lots intellectual property.[2]

## RELIEF REQUESTED

7. Through this motion, Ashley requests the Court modify the automatic stay such that Ashley may proceed with its rights under the Agreement to sell the Inventory. For the avoidance of doubt, Ashley seeks to exercise its rights upon the Debtors' post-petition default rather than to terminate the Agreement. Thus, the Agreement will remain an executory contract which the Debtors may assume and assign subject to the cure of all defaults. To the extent that Ashley will seek payment on account of the Debtors' default under the Agreement, Ashley will do so in this

---

[2] The Agreement is subject to a confidentiality agreement. If necessary, Ashley will provide a copy of the Agreement to the Court or parties in interest subject to proper protections of Ashley's confidentiality obligation.

{2234/000/00469387}

Court through an application for administrative expense, proof of claim, or assumption procedures, as appropriate.

## ARGUMENT

8. The filing of a bankruptcy case operates as a stay of any act to exercise control over property of the estate. 11 U.S.C. § 362(a). "Pending a debtor's decision to assume or reject an executory contract, courts have generally concluded that the contract is 'enforceable by the debtor but not against the debtor.'" *In re Broadstripe, LLC*, 402 B.R. 646, 656 (Bankr. D. Del. 2009) (quoting *U.S. ex rel. United States Postal Service v. Dewey Freight System, Inc.*, 31 F.3d 620, 524 (8th Cir. 1994)). That prohibition on enforcement arises from the automatic stay's proscription of acts which interfere with the estate's property interests. *Id.* However, section 362(d) of the Bankruptcy Code provides that a bankruptcy court may grant relief from the automatic stay for "cause," including lack of adequate protection. 11 U.S.C. § 362(d)(1).

### A. Cause Exists to Lift the Automatic Stay Pursuant to § 362(d)(1)

9. The Bankruptcy Code does not specify what constitutes "cause" sufficient to justify terminating, annulling, modifying or conditioning the automatic stay under § 362(d)(1). Accordingly, whether cause exists to grant stay relief is left to the discretion of the court on a case by case basis. The court looks to the totality of the circumstances in each particular case when making this determination. *In re Bryan Rd., LLC*, 382 B.R. 844, 854 (Bankr. S.D. Fla. 2008) (citations omitted). Courts often balance the prejudice to the debtor from lifting the stay, the prejudice to the creditor from maintenance of the stay, and the probability of the creditor prevailing on the merits. *In re Trump Entertainment Resorts, Inc.*, 526 B.R. 116, 120-21 (Bankr. D. Del. 2015) (citing *Izzarelli v. Rexene Prods. Co (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr D. Del. 1992)).

10. In this case, the *Rexene* factors all favor relief from the automatic stay. Without stay relief, Ashley will become entitled to a roughly $30-50 million administrative expense as a result of having manufactured the Inventory at the Debtors' post-petition request. The Debtors estates will have a commensurate burden. Stay relief will provide Ashley the ability to sell the Inventory through other channels which, in turn, will protect Ashley from the Debtors' default and will also avoid a significant expense likely to cause the Debtors' administrative insolvency. As to the merits, the Debtors cannot dispute that they have defaulted on their post-petition obligations, and Ashley will hold its license regardless of the Debtors' decision on assumption or rejection. *See* 11 U.S.C. § 365(n). If the Debtors or the Purchaser wishes to take delivery of the Inventory, they must pay for it. Absent payment, Ashley has the right to sell the Inventory. Stay relief will allow Ashley to protect its interests and also ameliorate the potential administrative burden on the Debtors' estates.

11. Based on the foregoing, cause exists for stay relief, and this Motion should be granted.

**WHEREFORE**, the Ashley request the Court enter an order granting this Motion and modifying the automatic stay such that Ashley may exercise its rights, pursuant to the Agreement, to sell the Inventory through alternate sales channels.

> Respectfully submitted,
>
> THE POWELL FIRM, LLC
> /s/ Jason C. Powell
> JASON C. POWELL, ESQUIRE (No. 3768)
> 1813 N. Franklin Street
> P.O. Box 289
> Wilmington, DE 19899
> (302)650-1572
> jpowell@delawarefirm.com
>
> -and-
>
> **SHRAIBERG PAGE P.A.**
> Attorneys for Ashley Furniture Industries, Inc.
> 2385 NW Executive Center Drive, #300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Facsimile: 561-998-0047
> bss@slp.law
> ependergraft@slp.law
>
> By: /s/ Bradley S. Shraiberg
> Bradley S. Shraiberg
> Fla. Bar No. 121622
> Eric Pendergraft
> Fla. Bar No. 91927

{2234/000/00469387}