**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** 1/14/2025 at 4:00 PM ET |
| | **Hearing Date:** 1/21/2025 at 1:00 PM ET |

**PEM-AMERICA, INC. AND PEM-AMERICA (H.K.) COMPANY LIMITED'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIMS**

Pem-America, Inc. and Pem-America (H.K.) Company Limited (together "Pem-America"), creditors in the above-captioned matter, by and through its undersigned attorney, file this *Motion for Allowance and Payment of Administrative Claims* ("Motion"). Pem-America requests entry of an order allowing its administrative expense claims as set forth herein, ordering payment pursuant to 11 U.S.C. §§ 503(b)(9) and 503(b)(1)(A), and granting any other form of relief that the Court finds just and proper. In support of the Motion, Pem-America sets forth the following.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is 11 U.S.C. § Section 503(b).

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

## BACKGROUND

3. The Debtors commenced the above-captioned, jointly administered cases by filing voluntary petitions under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") on September 9, 2024 (the "Petition Date").

4. The Debtors are operating as debtors-in-possession. No trustee or examiner has been appointed.

5. Pem-America is a manufacturer of home textiles. Prior to the Petition Date, the Debtors and Pem-America entered into contracts for the sale of goods. Upon request of the Debtors through the submission of orders, Pem-America provided the Debtors with home textiles for resale by the Debtors in their retail stores, both prior to and after the Petition Date.

6. As a result of the above, proofs of claim have been filed by Pem-America (H.K.) Company Limited in the amount of $387,363.50, of which $93,988.82 was for goods received by Debtors within 20 days before the Petition Date pursuant to 11 U.S.C. §503(b)(9), and $120,440.88 was for goods sold and delivered to Debtors post-petition pursuant to 11 U.S.C. §503(b)(1)(A), bringing the total §503(b) claims to $214,429.70.[2] Proofs of claim for Pem-America, Inc. were filed in the amount of $1,491,128.93, of which $224,849.37 was for goods received by the Debtors within 20 days before the Petition Date and $995,312.25 was for goods sold and delivered to Debtors post-petition pursuant to 11 U.S.C. §503(b)(1)(A), bringing the total §503(b) claims to $1,220,161.62.[3] A summary of accounts for amounts owed by the Debtors to Pem-America is attached hereto as Exhibit A.

7. Pem-America has delivered goods with a purchase price and value of no less than $1,878,492.43 to the Debtors in the normal course of business, for which payment is

---

[2] Pem-America (H.K.) Company Limited filed claim numbers 877 and 2088.
[3] Pem-America, Inc. filed claim numbers 1318 and 1592.

now overdue and remains outstanding. On information and belief, the Debtors have or will use the post-petition goods as merchandise in their stores. Thus, the cost of the post-petition goods is necessary to preserve the value of the Debtors' estates. To date, however, the Debtors have failed to remit the cost of these goods to Pem-America. Accordingly, Pem-America applies to this Honorable Court for allowance and immediate payment of administrative expense claims in the amount of $1,115,753.13[4] pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

8. Within twenty days prior to the petition date, the Debtors received goods from Pem-America totaling $318,838.19 (the "503(b)(9) goods"). Accordingly, Pem-America applies to this Honorable Court for allowance of an administrative expense claim in the amount of $318,838.19[5] pursuant to 11 U.S.C. § 503(b)(9).

## BASIS FOR RELIEF REQUESTED

9. The balance due on the pre- and post-petition goods should be treated as administrative claims. 11 U.S.C. § 503(b)(1)(A) provides for the allowance of administrative expenses, including, actual, necessary costs and expenses of preserving the bankruptcy estate. *In re Energy Future Holdings Corp.,* 990 F.3d 728, 741-42 (3d Cir. 2021) (holding that claim is entitled to administrative expense priority under section 503(b)(1) if "(1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate"); See, *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. 2010). See also, *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW), 2021 WL 3174911 at *15 (Bankr. D. Del. July 27, 2021) (amounts owed for goods ordered and shipped prepetition but received post-petition were entitled to administrative expense priority); *In re S.*

---

[4] The amounts owing under 11 U.S.C. §503(b)(1)(A) are $995,312.25 for Pem-America, Inc. and $120,440.88 for Pem-America (H.K.) Company Limited.
[5] The amounts owing pursuant to 11 U.S.C. §503(b)(9) are $93,988.82 for Pem-America (H.K.) Company Limited and $224,849.37 for Pem-America, Inc.

*Mont. Elec. Generation & Transmission Coop., Inc.*, No. 11-62031 (RBK), 2013 WL 85162, at *5 (Bankr. D. Mont. Jan. 8, 2013) (the portion of an asserted section 503(b)(9) claim for goods delivered post-petition should be treated as a 503(b)(1)(A) claim).

10. This Court has previously held that, in the absence of evidence to the contrary, goods or services exchanged at the contracted rate are presumed to be at fair market value, such that the contract rate is presumed to be the "value" for purposes of section 503(b). *In re Smurfit-Stone Container Corp.,* No. 09-10235 (BLS), 2010 Bankr. LEXIS 661, 15-16 (Bankr. D. Del. March 8, 2010). Therefore, the purchase price for the goods in Exhibit A are presumed to be the fair market value of the goods, for purposes of section 503(b).

11. When goods are delivered to and accepted by a debtor-in-possession post-petition, payment of the amount due for those goods is entitled to treatment as an administrative expense, even if they were ordered pre-petition. *In re Bluestem Brands, Inc.*, 2021 WL 3174911 (Bankr.Del., July 27, 2021); *In re Christmas Tree Shops, LLC*, Case No. 23-10576 (TMH), ECF No. 257 (Bankr. D. Del., June 12, 2023). The Debtors received the goods from Pem-America after the Petition Date. On information and belief, the Debtors will sell or have already started to sell the post-petition goods at their retail stores. Accordingly, the cost of the post-petition goods is an actual, necessary expense of preserving the Debtors' estates, and Pem-America is entitled to an administrative expense claim for the value of those goods.

12. With respect to the 503(b)(9) goods, Pem-America is entitled to the allowance of an administrative expense claim under Section 503(b)(9). Section 503(b)(9) of the Bankruptcy Code provides that, "there shall be allowed administrative expenses . . . including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the

ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). For the purposes of Section 503(b)(9), "goods are 'received' when the debtor or its agent takes physical possession of them" even if they are ordered or shipped on an earlier date. *In re World Imports, Ltd.*, 862 F.3d 338, 242 (3d Cir. 2017).

13.  Administrative claims are entitled to priority payment under section 507(a)(2) of the Bankruptcy Code. Accordingly, Pem-America is entitled to an administrative expense claim with respect to the value of the 503(b)(9) goods.

## RESERVATION OF RIGHTS

14.  The filing of this Motion shall not be construed as a waiver or release of any of Pem-America's claims, rights, or remedies. Pem-America reserves the right to supplement or amend this Motion in any manner and for any purpose including without limitation to assert additional administrative claims for any additional period.

## CONCLUSION

WHEREFORE, Pem-America respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit B, (a) allowing Pem-America administrative claims in the total amount of $1,434,591.32, and (b) granting such other and further relief as the Court may deem just and appropriate.

Date: January 7, 2025                              Respectfully submitted,

                                                                        **CAMPBELL & LEVINE, LLC**

                                                                        */s/ Katherine L. Hemming*
                                                                          Katherine L. Hemming (DE No. 5496)
                                                                           222 Delaware Ave, Suite 1620
                                                                           Wilmington, DE 19801
                                                                           (302) 426-1900
                                                                           khemming@camlev.com
                                                                           *Counsel for Pem-America, Inc. and Pem-America (H.K.) Company Limited*