# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline**<br>January 14, 2025, at 4:00 p.m. (ET)<br><br>**Hearing Date**<br>January 21, 2025, at 1:00 p.m. (ET)<br><br>**Related to Docket No. ___** |

### ORDER GRANTING MOTION OF HIGHLAND AND STERLING, LLC AND BIG HOLDINGS 2, LLC TO (A) COMPEL IMMEDIATE REJECTION OF LEASE AND SURRENDER POSSESSION OF THE PREMISES PURSUANT TO 11 U.S.C. § 365 OR, ALTERNATIVELY, (B) GRANT LANDLORD RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d); AND (C) FOR RELATED RELIEF

Upon the motion (the "Motion") of Highland and Sterling, LLC and Big Lots Holdings 2, LLC (collectively, the "Landlord"), for entry of an order (this "Order") compelling Debtors to immediately reject the Lease[2] and surrender possession of the Premises to Landlord and directing Debtors and any party with interest in the personal property remaining at the Premises, to remove or abandon any remaining personal property on or before the surrender date or, alternatively, lifting the automatic stay to allow Landlord to exercise its state law remedies against the Premises and

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion

terminate the Lease; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the notice of the Motion is appropriate under the circumstances and no further or additional notice is requires; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing held on January 21, 2025 (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Lease is rejected effective as of January 21, 2025 (the "Rejection Date").

3. Debtors are directed to surrender the Premises to the Landlord immediately as of the Rejection Date.

4. Any personal property remaining on the Premises as of the Rejection Date is hereby abandoned (the "Abandoned Property"), with such abandonment being effective as of the Rejection Date, and the landlord under the Lease may use or dispose of the Abandoned Property in its sole discretion without further order of this Court and without further notice or liability to the Debtors or any consenting third party.

5. Any third party claiming an interest in any personal property remaining at the Premises is directed to remove the personal property prior to the Rejection Date.

6. The automatic stay set forth in 11 U.S.C. § 362 is hereby modified to the extent necessary to allow Landlord to terminate the Lease and otherwise effectuate the relief granted herein.

7. The Landlord shall have an allowed administrative expense under 11 U.S.C. § 503(b) and 11 U.S.C. § 365(d)(3) for all post-petition rent due and owing through the Rejection Date in the amount no less than $316,219.43 (the "Allowed Administrative Expense").

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. The Debtors are directed to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.