**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Hearing Date: **January 21, 2025 at 1:00 p.m.**<br>Objection Deadline: **January 14, 2025 at 4:00 p.m.** |

**THE LANCASTER, OHIO LANDLORD'S MOTION TO COMPEL IMMEDIATE PAYMENT OF POST-PETITION RENT IN ACCORDANCE WITH BANKRUPTCY CODE § 365(d)(3) AND STUB RENT IN ACCORDANCE WITH BANKRUPTCY CODE § 503(b)**

William Roth Lancaster LLC (the "Lancaster, Ohio Landlord" or the "Landlord") moves the Court to compel immediate payment of Post-Petition Rent in accordance with 11 U.S.C. § 365(d)(3) ("§ 365(d)(3)") and Stub Rent in accordance with 11 U.S.C. § 503(b) ("§ 503(b)") with respect to the Lancaster, Ohio Store (as those terms are defined below) and in support thereof respectfully states as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081

## JURISDICTION

1.      This Court has jurisdiction over this Motion in accordance with 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (B), (M) and (O).  Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested in this Motion are Bankruptcy Code (11 U.S.C. §§ 101 et seq.) §§ 105, 503 and 365.

## RELEVANT FACTS

3.      The Landlord is the lessor of Big Lots Store # 5448, located in Lancaster, Ohio (the "Store") pursuant to an unexpired written non-residential real property lease agreement between the Landlord and Big Lot Stores-CSR, LLC (the "Tenant") (as amended from time to time, the "Lease"). The Lease is voluminous and may contain confidential or proprietary information. Further, the Landlord believes that the Debtors have a copy of the Lease.  Therefore, the Lease is not attached to this Motion; however, a copy of the Lease is available upon request.

4.      In September, 2024, the monthly base rent for the Store was $13,431.67 plus additional amounts due under the Lease.

5.      Big Lots, Inc. and its affiliated Debtors (including the Tenant) filed for Chapter 11 relief on September 9, 2024 (the "Petition Date").

6.      Since the Petition Date, the Debtors have continued to occupy and receive the benefits from the use of the Store.  Further, GBRP will continue to use the Store during its going out of business sale which commenced on or about January 1, 2025.

7.      The Lease has not been rejected.

4916-9107-9949v1

8.      The Debtors have not paid base rent due under the Lease for the months of November and December, 2024, or January, 2025 (collectively, "Post-Petition Rent"). The monthly base rent is $13,431.67 and total Post-Petition Rent due is $40,295.01.

9.      Additionally, the Debtors have not paid rent for the period from the Petition Date through September 30, 2024 (the "Stub Rent"). The Stub Rent due is $12,895.47, which is comprised of base rent and CAM charges.

## RELIEF REQUESTED

10.      Bankruptcy Code § 365(d)(3) requires a debtor-lessee of an unexpired lease of non-residential real property to "…timely perform all of the obligations of the debtor …arising from and after the order for relief…" Bankruptcy Code § 365(d)(3) protects landlords by requiring debtor-tenants to timely perform their lease obligations. *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3rd Cir. 2001).

11.      Furthermore, paragraph 48 of the *Order (I) Approving the Asset Purchase Agreement …* (D.I. 1556) (the "GBRP Sale Order") provided that "[f]or the avoidance of doubt, during the Designation Rights Period nothing in this Sale Order or the APA shall modify the obligations of the Debtors pursuant to Section 365(d)(3)…."

12.      Bankruptcy Code §§503 (a) and (b) allow a party to request payment of an administrative expense for the "… actual, necessary costs and expenses of preserving the estate…" Accordingly, a landlord is entitled to payment of an administrative expense for a debtor/tenant's post-petition use and occupancy of a leased property. *In re Goody's Family Clothing Inc.*, 392 B.R. 604 (Bankr. D. Del. 2008), aff'd, 610 F.3d 812 (3rd Cir. 2010).

13.     Paragraph 14(a) of the *Final Order Under Bankruptcy Code .... Authorizing Debtors to (A) Obtain Postpetition Financing ...* (D.I. 584) contemplated payment of Stub Rent to landlords by December 7, 2024. Further, the GBRP Sale Order allocated $17 million for the Debtors to pay unpaid stub rent obligations.

14.     The Debtors are well aware of the unpaid Post Petition Rent and Stub Rent.  For example, on December 20, 2024, the Landlord emailed Debtors' counsel and Alix Partners and demanded, among other things, that the Post Petition Rent and the Stub Rent be included in the Debtors' budget due which was required to be filed by December 26, 2024.  Therefore, the amounts due the Landlord should have been budgeted and are immediately payable to the Landlord.

15.     From the Petition Date through September 30, 2024, the Debtors had the use and benefit of the Store.  Further, the Debtors have not paid base rent for November, December and January.  And, the Debtors and GBRP will continue to have the use and benefit of the Store until the GBRP going out of business sale is completed or the Lease is rejected.

16.     Therefore, the Landlord is entitled to immediate payment of the Post-Petition Rent in accordance with § 365(d)(3), the immediate payment of Stub Rent (from the funds allocated by GBRP for the Debtors payment of Stub Rent or otherwise), and such other relief to which the Landlord is entitled at law or in equity.

## **RESERVATION OF RIGHTS**

The Landlord reserves all other rights, claims, and interests with respect to Lease, the Store, and any related matters (including, without limitation, to seek attorneys' fees if further litigation is needed).

**WHEREFORE**, the Landlord respectfully requests that this Court enter an order (i)

compelling the Debtors to immediately pay the Post-Petition Rent; (ii) compelling the Debtors to immediately pay the Stub Rent; and (iii) granting it such other and further relief as is just and proper.

Dated:  January 7, 2025
       Wilmington, DE 19801

                                   **ESBROOK P.C.**

                                   */s/ Scott J. Leonhardt*
                                   Scott J. Leonhardt (DE 4885)
                                   1000 N. West Street
                                   Suite 1200
                                   Wilmington, DE 19801
                                   (Phone) 302.650.7540
                                   E-Mail: scott.leonhardt@esbrook.com

                                         -and-

                                   Robert B. Berner (0020055)
                                   Bailey Cavalieri LLC
                                   409 E. Monument Ave., Suite 103
                                   Dayton, Ohio  45402
                                   (Phone) 937.223.4701 / (Fax) 937.223.0170
                                   E-Mail: rberner@baileycav.com

                                   *Counsel for the Landlord*

4916-9107-9949v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Lancaster, Ohio Landlord's Motion to Compel Immediate Payment of Post-Petition Rent In Accordance with Bankruptcy Code § 365(d)(3) and Stub Rent in Accordance with Bankruptcy Code § 503(b)* was served electronically on the date of filing, through the Court's ECF System on all ECF participants registered in the case at the email address registered with the Court.

**ESBROOK P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE 4885)
1000 N. West Street
Suite 1200
Wilmington, DE 19801
(Phone) 302.650.7540
E-Mail: scott.leonhardt@esbrook.com

-and-

Robert B. Berner (0020055)
Bailey Cavalieri LLC
409 E. Monument Ave., Suite 103
Dayton, Ohio  45402
(Phone) 937.223.4701 / (Fax) 937.223.0170
E-Mail: rberner@baileycav.com

*Counsel for the Landlord*

4916-9107-9949v1