**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>Hearing Date: January 21, 2025 at 1:00 p.m. (ET)<br>Objection Deadline: January 14, 2025 at 4:00 p.m. (ET) |

**MOTION OF WRP GATEWAY, LLC FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

WRP Gateway, LLC ("WRP" or "Landlord"), a creditor and party-in-interest of the above-captioned debtors and debtors in possession in the above jointly administered cases, files this *Motion for Allowance and Payment of Administrative Expense Claim* ("Motion") pursuant to Section 503 of the Bankruptcy Code. In support of its Motion, WRP states as follows:

**JURISDICTION**

1.	This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2.	The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

**BACKGROUND**

3.     On September 9, 2024 ("Petition Date"), Big Lots, Inc. and its affiliates ("Debtors") commenced the above-captioned jointly administered cases ("Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Court").

**(a) Lease between Landlord and the Debtor**

4.     Landlord and one of the Debtors, PNS Stores, Inc., as tenant ("Debtor"), are parties and subject to a Lease Agreement dated April 9, 2010 (together with all amendments, exhibits, schedules, attachments, and other integrated documents, the "Lease"). The Lease is an unexpired lease of nonresidential real property under Section 365 of the Bankruptcy Code.

5.     Pursuant to the Lease, the Debtor leased certain nonresidential real property located at the Gateway Plaza Shopping Center, 120 N. Fair Avenue, Yakima, Washington 98901 (as further defined in the Lease, the "Demised Premises"). The Demised Premises is identified by the Debtor as Store #4558.

6.     The Lease has not been assumed or rejected, and the Debtor remains in possession of the Demised Premises. Debtor continues to use the Demised Premises in its ordinary course of its business.

**(b) Amounts Due to Landlord Under the Lease**

7.     In exchange for the Debtor's use of the Demised Premises during the Term of the Lease, the Debtor was required to make Minimum Monthly Rent payments to Landlord of $15,771.25, in addition to monthly operating expenses, insurance expenses, and other obligations. The monthly Lease obligation totals $21,775.19.

8.     Despite its continued use of the Demised Premises, Debtor has not made the post-petition payments due and owing. The total post-petition amounts due under the Lease through December 2024 totals $36,291.98. A summary of this amount due is attached as Exhibit A.

## BASIS FOR RELIEF REQUESTED

9. Section 365(d)(3) of the Bankruptcy Code requires a debtor-in-possession to timely pay all post-petition rent and related charges until an unexpired lease is rejected.

10. Section 503(b)(1)(A) also affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. *See, e.g., In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010). Under Section 507(a) of the Bankruptcy Code, administrative expense claims allowed under Section 503(b) are afforded high priority.

11. Here, the Debtor has failed to pay the post-petition rent to date totaling $36,291.98, and amounts will continue to accrue absent rejection of the Lease. Landlord's administrative expense claim is the current post-petition rent of $36,291.98 and all future rent due and owing under the Lease through the date of assumption or rejection (collectively, "Post-Petition Rent").

12. Landlord is entitled to allowance and immediate payment of the Post-Petition Rent currently due, and allowance and prompt payment of Post-Petition Rent that will be due under the Lease as an administrative expense claim pursuant to Sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## CONCLUSION

13. Landlord respectfully requests entry of an Order (a) allowing the Post-Petition Rent and all future rent due and owing under the Lease through the date of assumption or rejection as an administrative expense claim, (b) ordering the Debtors to immediately pay the Post-Petition Rent, (c) ordering that the Debtors promptly pay all rent due and owing Landlord under the Lease that accrues after December 31, 2024, without further order of the Court, and (d) granting such other and further relief as this Court deems necessary and appropriate.

Dated: January 7, 2025                                   **BAYARD, P.A**.

/s/ GianClaudio Finizio
GianClaudio Finizio (No. 4253)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: gfinizio@bayardlaw.com

and

HILLIS CLARK MARTIN & PETERSON, P.S.
Brian C. Free, WSBA #35788
999 Third Avenue, Suite 4600
Seattle, WA 98126
Tel: 206.470-7646
Email: brian.free@hcmp.com

*Counsel to WRP Gateway, LLC*