## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br>**Hearing Date: January 21, 2025 at 1:00 p.m.**<br>**Objection Deadline: January 14, 2025 at 4:00 p.m.** |

### ARRIVE LOGISTICS' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

D.M. Trans, LLC d/b/a Arrive Logistics ("Arrive"), by and through its undersigned counsel, hereby submits this motion ("Motion"), pursuant to sections 503(b) and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form attached hereto as **Exhibit A,** (a) allowing its administrative expense claim in the amount of $351,406.72, (b) compelling payment thereof within seven (7) days, and (c) granting such other and further relief as the Court deems just and proper.  In support of this Motion, Arrive respectfully states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]      The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2.      Arrive consents to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory predicates for the relief requested in this Motion are sections 503(b) and 507(a)(2) of the Bankruptcy Code

## FACTUAL BACKGROUND

4.      On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), commenced the above-captioned, jointly administered cases (these "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On September 23, 2024, the U.S. Trustee filed a notice of appointment of a committee of unsecured creditors [D.I. 248] (the "Committee").

7.      Prior to the Petition Date, Arrive provide certain transportation and logistics services to the Debtors.  Since the Petition Date, Arrive has continued to provide such services to the Debtors, for which it has invoiced the Debtors.  As of the date of this filing, a total of $351,406.72 has been invoiced but remains due and unpaid by the Debtors.  A summary of these invoices and the amounts outstanding is attached hereto as **Exhibit B**.

## RELIEF REQUESTED

8.      Arrive respectfully requests that the Court enter an order allowing, and requiring the immediate payment of, its administrative expense claim in the amount of $351,406.72.

## BASIS FOR RELIEF REQUESTED

**I.    CLAIMANT IS ENTITLED TO AN ADMINISTRATIVE EXPENSE CLAIM FOR SERVICES RENDERED TO THE DEBTORS POSTPETITION.**

9.    Section 503(b) of the Bankruptcy Code provides for the allowance of an administrative expense claim for the "actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(a).  A post-petition claim qualifies as an administrative expense claim under section 503(b)(1) of the Bankruptcy Code if (a) it arises out of a transaction between the creditor and the debtor's estate post-petition and (b) the consideration supporting the claimant's right to the expense was supplied to and benefits the debtor's estate.  *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021).  "A main purpose of granting administrative priority to certain expenses is to incentivize creditors to continue doing business with a debtor." *In re Juvennelliano*, 464 B.R. 651, 655 (Bankr. D. Del. 2011).

10.    Here, Arrive has continued to provide valuable transportation and logistics services to the Debtors throughout the duration of these Chapter 11 Cases.  And the Debtors have continued to receive the benefit of those services, which have enabled the Debtors to continue operating their businesses in the ordinary course.  Accordingly, Arrive should be allowed an administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code for the amounts that remain invoiced and unpaid by the Debtors for those services.  The costs of these Chapter 11 Cases should not be involuntarily foisted upon Arrive and other trade creditors.

**II.    THE COURT SHOULD COMPEL PAYMENT OF ARRIVE'S ADMINISTRATIVE EXPENSE CLAIM WITHIN SEVEN DAYS.**

11.    The Court has discretion to require that Arrive's administrative expense claim be paid immediately.  "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors."  *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005).  "In making this determination, one of the chief factors

3

courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (internal citations omitted). "Courts will also consider the particular needs of each administrative claimant and the length and expense of the case's administration." *In re NE OPCO, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) (internal citations omitted). "To qualify for exceptional immediate payment, a creditor must show that 'there is a necessity to pay and not merely that the Debtor has the ability to pay.'" *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) (internal citation omitted).

12.     There is no prejudice to the Debtors in requiring immediate payment of this administrative expense claim.  The Debtors have secured postpetition financing that purportedly allows them to continue to operate during these Chapter 11 Cases, including the payment of ordinary course trade expenses.  Thus, the Debtors already have the capacity, ability, and authority to pay Arrive's administrative expense claim.  Despite purportedly having sufficient cash on hand and/or availability under the DIP facility to do so, the Debtors have failed to timely pay Arrive for postpetition services rendered and have provided no explanation for the delay.

13.     In contrast, Arrive will suffer severe hardship if its administrative expense claim is not paid immediately.  In reliance on the Debtors' representations that they had the ability, authority, and intent to timely pay Arrive for postpetition services, Arrive agreed to and did provide such services in the amount of no less than $351,406.72.  These amounts represent a significant receivable in the context of Arrive's business.  Thus, nonpayment or even a delay in payment presents a threat to Arrive's business and its ability to satisfy the needs of other customers.  Arrive further submits that there would be no meaningful prejudice to other creditors if Arrive is paid immediately.  As holder of an administrative expense claim, Claimant is entitled to payment in

4

full on that claim in any potential plan or liquidation, so immediate payment will not disadvantage any other creditors.

14.     In sum, the totality of the circumstances supports compelling the Debtors to pay Arrive's administrative expense claim immediately, as further delay in payment will only prejudice Arrive, and there is no cognizable prejudice to the Debtors or to the Debtors' other creditors. Accordingly, Arrive requests that its administrative expense claim be paid within seven days after entry of this Court's order granting this Motion.

## RESERVATION OF RIGHTS

15.     Arrive reserves the right to amend this Motion and seek such other and further relief should additional information become available or additional obligations of the Debtors come due. Arrive also reserves all of its rights, claims, defenses, and remedies under the Bankruptcy Code or other applicable law.

*[Remainder of page intentionally blank]*

WHEREFORE, Arrive respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) allowing Arrive's administrative expense claim against the Debtors in an amount no less than $351,406.72, (b) directing the Debtors to pay that administrative expense claim within seven days of entry of the order, and (c) granting such other relief as is just and proper.

Dated: January 7, 2025

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

*/s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (DE No. 5462)
Steven L. Walsh (DE No. 6499)
1313 North Market Street, Suite 1201
Wilmington, DE 19801-6101
Telephone: (302) 442-7010
Email:  kcapuzzi@beneschlaw.com
         swalsh@beneschlaw.com

*Counsel to Arrive Logistics*