**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Hearing Date: January 21, 2025 at 1:00 p.m.<br>Obj. Deadline: January 14, 2025 at 4:00 p.m. |

**MOTION OF JORDAN MANUFACTURING COMPANY, INC. FOR ENTRY OF
AN ORDER ALLOWING AND COMPELLING PAYMENT OF CHAPTER 11
ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF**

Jordan Manufacturing Company, Inc. ("JMC"), by and through its undersigned counsel, hereby moves (the "Motion") for entry of an order, pursuant to section 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), and in substantially the same form attached hereto as **Exhibit A**, allowing and compelling payment of JMC's chapter 11 administrative expense claims in the above-captioned cases. In support of this Motion, JMC respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

**BACKGROUND**

4. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in this Court. The Debtors have operated since the Petition Date and have continued to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. Prior to the Petition Date, JMC and the Debtor Big Lots eCommerce LLC (the "Debtor") entered into that certain (i) Supplier Direct Fulfillment Program Agreement, effective as of May 3, 2017 and (ii) related Statement of Work, effective as of May 19, 2017 (collectively, the "Agreement"). In accordance with the Agreement and at the Debtor's request, JMC supplied and shipped certain Products (as defined in the Agreement) to the Debtor and/or directly to its customers both prior to and after the Petition Date.[2]

6. The Debtors have failed to make any post-petition payments to JMC for Products ordered by the Debtor and supplied by JMC post-petition.[3]

7. JMC is owed the amount of not less than $708,111.32 (the "Post-Petition Administrative Claim") from the Debtor for post-petition Products delivered in accordance with the Agreement, of which $663,522.80 relates to Products delivered directly to the Debtor and $44,588.52 pertains to Products drop shipped to third parties at the Debtor's request, each as summarized on the attached **Exhibits B** and **C**, respectively.

---

[2] JMC filed a proof of claim [Claim No. 2616 on the claims register] for $229,102.42 for Products sold and delivered to the Debtor prior to the Petition Date, of which $75,440.65 constitutes an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code. These amounts owed are in addition to the Post-Petition Administrative Claim.

[3] To be certain, JMC also has not received any payment from the Debtors on account of the amounts set forth in its proof of claim.

8. Invoices and other documentation supporting the Post-Petition Administrative Claim will be provided upon reasonable request.

**RELIEF REQUESTED**

9. JMC respectfully requests that the Court allow the Post-Petition Administrative Claim as a chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. JMC also requests that the Court require payment of all past-due amounts within seven (7) days of entry of an order approving this Motion and subsequently in accordance with the term of the parties' Agreement.

**BASIS FOR RELIEF**

10. Section 503(b)(1)(A) of the Bankruptcy Code provides, in pertinent part, that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction.'" *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. 2010).

11. JMC is entitled to an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. JMC provided goods to the Debtors for resale in their retail stores post-petition at a time when Debtors were still operating their businesses. Thus, JMC and the Debtors engaged in post-petition transactions, and JMC's post-petition goods benefited the Debtors' estates by providing the Debtors with merchandise to sell in their stores.

12. Further, JMC relied upon the Debtors' post-petition debtor-in-possession financing and the budgets approved by the Court in determining whether to sell goods to the Debtors. The

Debtors specifically placed post-petition orders with JMC, backed by their ability to pay under the terms of the DIP financing, and then failed to pay for these contracted-for goods.

13. Further, now that the Debtors are in "wind-down" mode, they filed a wind-down budget [D.I. 1434] with respect to the payment of administrative expenses. It is unclear whether this budget contemplates payment of administrative claims for goods provided to the Debtors, as the "Merchandise Vendors" line is blank. However, the Debtors continue to remain open, conducting going out of business sales and ostensibly selling JMC's goods. The wind-down budget does contemplate other administrative claims being paid, including the rent claims and the claims of professionals. The Court should not permit other parties to be paid on the backs of the Debtors' merchandise vendors such as JMC.

14. Based on the foregoing, the Court should enter an order granting JMC an allowed chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code and order the Debtors to pay all past-due amounts within seven (7) days of entry of an order approving this Motion and subsequently in accordance with the term of the parties' Agreement.

WHEREFORE, JMC respectfully requests that the Court enter an order granting the Motion in substantially the form attached hereto as **Exhibit A** and order such other and further relief as is just and proper.

Dated:  January 7, 2025	BARNES & THORNBURG LLP

*/s/ Kevin G. Collins*
Kevin G. Collins (DE No. 5149)
222 Delaware Avenue, Suite 1200
Wilmington, DE  19801
Tel: (302) 300-3434
Fax: (302) 300-3456
Email:  kevin.collins@btlaw.com

David A. Hall (admitted *pro hac vice*)
171 Monroe Avenue NW, Suite 1000
Grand Rapids, MI 49503-2694
Tel: (616) 742-3954
Fax: (616) 742-3999
Email: david.hall@btlaw.com

*Counsel to Jordan Manufacturing Company, Inc.*