IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Hearing Date: January 21, 2025, at 1:00 p.m.<br>Obj. Deadline: January 14, 2025, at 4:00 p.m. |

**MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

Industrias Mediasist, S.A. de C.V. d/b/a Cottonella ("Cottonella") by its undersigned counsel, files this motion (the "Motion") to request the entry of an order, substantially in the form attached hereto (the "Proposed Order"), for allowance and immediate of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) and respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. §§ 157(b). Venue of these cases and this Motion in this district and before this Court is proper under 28 U.S.C. §§ 14408 and 1409. The statutory predicates for the relief requested herein are section 105(a) and 503(b) of the Bankruptcy Code.

2. Pursuant to Local Rule 9013-1(f), LRI consents to the entry of a final order or

---

[1] The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (these "Cases"), together with the last four digits of each of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

judgment by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

3. On September 9, 2024, the Debtors commenced these Cases. The Debtors are operating their businesses as debtors-in-possession. No trustee or examiner has been appointed in these Cases.

4. Cottonella is a textile company that develops, manufactures, and markets towels, threads, sheets and other textile products. Located in the State of Puebla, Mexico, Cottonella has a workforce of more than 1,200 employees.

5. After the Petition Date, the Debtors purchased goods from Cottonella (the "Post-Petition Goods") pursuant to three purchase orders, attached together as Exhibit A. The Post-Petition Goods were delivered to and received by the Debtors. Cottonella's invoices for the Post-Petition Goods are attached together as Exhibit B. The aggregate total of the Post-Petition Goods delivered to the Debtors is **$298,560.96**, as shown below:

| Debtor's Purchase Order | Cottonella's Invoice Number | Amount |
|---|---|---|
| **95621795**<br>September 23, 2024<br>Montgomery, AL<br>$89,640.00 | 44232 | $61,194.24 |
| | 44234 | $28,445.76 |
| **95621796**<br>September 23, 2024<br>Tremont, PA<br>$134,340.48 | 44229 | $61,194.24 |
| | 44230 | $61,194.24 |
| | 44235 | $11,952.00 |
| **95621797**<br>September 23, 2024<br>Durant, OK<br>$74,580.48 | 44321 | $61,194.24 |
| | 44233 | $13,386.24 |

6. Before supplying the Debtors with the Post-Petition Goods, the Debtors told Cottonella its receipt of payment was "backed" by the Bankruptcy Court:

> Yes, this morning we filed a petition for Chapter 11 reorganization.
> If you read the entire announcement, you will see that we have secured over $700 Million in new financing and have a stalking horse buyer called Nexus Capital,
> Additionally, all future POs while we are in court are protected by DIP financing.
> You will get paid for anything you ship as it backed by the court.
> I hope this eases any concerns you may have.

*See* September 9, 2024, Email from Kostas Chronis (KChronis@biglots.com) to Rodolfo Carillo, attached as Exhibit C.

7. Communications between Cottonella and the Debtors show that the Post-Petition Goods, comprising 200,000 pieces, were essential for the Debtors' Black Friday sales – and that Cottonella worked with great urgency to supply the Post-Petition Goods on a rush basis, despite a hurricane passing near one of Cottonella's suppliers and general difficulties with rushed orders. *See* Emails dated October 2, 2024 – October 7, 2024 between Jillian Kaple (JKaple@biglots.com) and Rodolfo Carillo of Cottonella attached as Exhibit D (*Cottonella to Debtors*: "they are informing us about some delays due to the hurricane pass near their facilities. In this way, we may ask you to please extend the PO's shipping dates . . ."; *Debtors to Cottonella*: "We cannot move these Pos as they are already cutting it very close for a Black Friday deal."; *Cottonella to Debtors*: "The supplier did a great job producing and shipping the tickets quite fast but I would really appreciate if you could move the shipping dates of the PO's from 10/18 to 10/24 as it would be impossible to ticket, package and ship the 200,000 pieces of the orders to be ready at the point of collection between 10/10 and 10/17.").

**RELIEF REQUESTED**

8. Cottonella respectfully requests that the Court enter an order (i) allowing Cottonella's administrative expense claim in the amount of $298,560.96 and (ii) compelling the Debtors to immediately pay Cottonella the total amount of $298,560.96.

**BASIS FOR RELIEF REQUESTED**

A. **Cottonella's Administrative Expense Claim Should Be Allowed.**

9. Section 503(b) of the Bankruptcy Code mandates the allowance of an administrative expense for the "actual, necessary costs and expenses of preserving the estate[.]" To qualify as an administrative expense, an expense "must arise from a [post-petition] transaction with the debtor-in-possession" and "be beneficial to the debtor-in-possession in the operation of the business." *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314-315 (3rd Cir. 2011). To be awarded an administrative expense claim, a post-petition creditor demonstrate that it conducted a transaction with a debtor in possession that, in turn, provided a benefit to such debtor's estate. *See Calpine Corp. v. O'Brien Env't Energy, Inc.* (*In re O'Brien Env't Energy, Inc.*), 181 F.3d 527, 532–33 (3d Cir. 1999) (noting that, to establish a priority claim under section 503(b)(1)(A) of the Bankruptcy Code, the debt must arise post-petition and benefit the estate (citations omitted)).

10. **Indeed, as stated by the Debtors:** "pursuant to section 503(b)(1) of the Bankruptcy Code, *obligations that arise in connection with the post-petition delivery of desired and necessary Goods . . . are in fact administrative expense priority claims in virtually all instances.*" Debtors' Critical Vendor Motion [D.I. 11] at ¶ 40.

11. "The principal purpose of 11 U.S.C. 503 is to induce entities to do business with a debtor after bankruptcy by insuring that those entities receive payment for services rendered."

*In re Valley Media, Inc.*, 279 B.R. 105, 141 (Bankr. D. Del. 2002) (citing *Microsoft Corp. v. DAK Indus., Inc.* (*In re DAK Indus., Inc.*), 66 F.3d 1091, 1097 (9th Cir. 1995)). "[T]he caselaw recognizes that it is necessary to give administrative claim status to post-petition creditors, in order to encourage them to continue to do business with the debtor. 'Absent the priority established under § 503, a debtor in possession could not keep its employees, nor obtain services necessary to its operation as it attempts to reorganize, or wind-down pending ultimate liquidation.'" *In re MTE Holdings LLC*, 2021 WL 22582870, *6 (Bankr. D. Del. June 2, 2021) ((citing *Pennsylvania Dept. of Environmental Resources v. Tri–State Clinical Laboratories, Inc.*, 178 F.3d 685, 90 (3d Cir.1999)).

12.    Cottonella's administrative expense claim should be allowed because it arises from a post-petition transaction with the Debtors and provided a benefit to the Debtors' estates. The Debtors purchase and received the Post-Petition Goods after the Petition Date. The Post-Petition Goods were so essential (*i.e.*, provided such a benefit) to the Debtors' Black Friday efforts that the Debtors' refused to extend the shipping date, even to accommodate delays occasioned by a hurricane. To not allow Cottonella's administrative claim would be contrary to the policy underlying section 503(b) of the Bankruptcy Code, as such a result would *dis*courage vendors from doing business with debtors-in-possession. Cottonella sold goods to the Debtors post-petition which benefitted the Debtors' estates. Its administrative expense claim should be allowed.

**B.    The Debtors Should be Compelled to Pay Cottonella's Administrative Expense Claim Immediately.**

13.    The Court has discretion to require that an administrative expense be paid immediately. *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant

and potential detriment to other creditors." *Id.* "In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (internal citations omitted). "Courts will also consider the particular needs of each administrative claim and the length and expense of the case's administration." *In re NE OPCO, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) (internal citations omitted). "To qualify for exceptional immediate payment, a creditor must show that 'there is a necessity to pay and not merely that the Debtor has the ability to pay.'" *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) (internal citation omitted).

14. There is no prejudice to the Debtors in requiring immediate payment of Cottonella's administrative expense claim. The Debtors are adequately funded with Court-approved post-petition financing and have budgeted for post-petition purchases. *See* D.I. 115 (Interim DIP Order); D.I. 584 (Final DIP Order).

15. On the other hand, Cottonella will suffer severe hardship if its administrative claim is not paid immediately. Cottonella is a manufacturer and supplier with its own operating costs – including payroll to support approximately 1200 workers. Cottonella also has obligations to its trading partners. If forced to wait indefinitely for payment of the administrative expense amount, Cottonella will suffer disruption in its ability to order, accept and fulfill future orders for customers, with attendant reputational damage. It would also be grossly unfair for the Debtors to be permitted to delay payment to Cottonella after expressly representing to Cottonella that payments in respect of the Post-Petition Goods were "protected by DIP financing" and "backed by the Court." *See* Exhibit C. Cottonella deserves to be paid immediately.

**NO PRIOR REQUEST**

16. Cottonella as not made any prior request for the relief sought herein to this court or any other court.

WHEREFORE, Cottonella respectfully requests that this Court enter the proposed order attached hereto as **Exhibit E**: (i) allowing Cottonella's administrative expense claim in the amount of $298,560.96; (ii) directing that the Debtors must pay Cottonella's administrative expense claim in the amount of $298,560.96 on or before the third (3rd) business day after entry of the Court's order; and (iii) granting to Cottonella such other and further relief as is appropriate.

**RAINES FELDMAN LITTRELL LLP**

Dated: January 7, 2025
Wilmington, Delaware

 /s/ Mark W. Eckard
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
1200 N. Broom Street
Wilmington, DE 19806
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com
         meckard@raineslaw.com