# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: 1/22/25 at 4:00 p.m.**<br><br>**Hearing Date: To Be Determined** |

## HOME MERIDIAN INTERNATIONAL'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Home Meridian International (a division of Hooker Furnishings Corporation) ("HMi"), a creditor in this bankruptcy case, pursuant to Sections 105 and 503 of the Bankruptcy Code, files this *Motion for Allowance and Payment of Administrative Expense Claim* (this "Motion"). In support of this Motion, HMi submits the *Declaration of Brian Spencer* (the "Spencer Declaration") attached hereto as **Exhibit A**, and states as follows:

### RELEVANT BACKGROUND

1. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its various affiliated entities (collectively, the "Debtors") commenced the above-captioned jointly administered cases (collectively, the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2. Before the Petition Date, HMi supplied furniture to the Debtors on credit.

3. HMi has filed a proof of claim identifying not less than $3,106,677.00 in unpaid invoices as of the Petition Date for furniture sold to the Debtors, $246,405.00 of which qualifies for priority treatment under section 503(b)(9) of the Bankruptcy Code. A schedule of the invoices that make up HMi's claim is attached to HMi's Proof of Claim.

4. After the Petition Date, HMi and the Debtors maintained their ordinary business relationship, with HMi continuing to sell furniture to the Debtors.

5. On October 9, 2024, this Court entered its *Order (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* [Docket No. 463] (the "Critical Vendor Order").

6. On October 2, 2024, the Debtors and HMi entered into that certain agreement acknowledging HMi's critical vendor status (the "Critical Vendor Letter Agreement"), a copy of which is attached to HMi's Proof of Claim. Under the Critical Vendor Letter Agreement, in recognition of HMi's critical vendor status and to induce HMi to continue to ship goods on credit, the Debtors agreed to pay HMi $621,335.40 (the "Critical Vendor Claim") in two installments, with $200,000.00 paid within thirty (30) days of execution of the Critical Vendor Letter Agreement and the remaining $421,335.40 paid within ninety (90) days. As of the filing of this Motion, HMi is still owed $421,335.40 of its Critical Vendor Claim.

7.	In reliance on the Critical Vendor Letter Agreement and the Critical Vendor Order, HMi continued to supply furniture to the Debtors on credit post-Petition Date despite HMi's already significant outstanding pre-petition claim.  As of the filing of this Motion, HMi is also owed not less than $417,330.00 for goods shipped post-petition (the "Post-Petition Claim"), the full amount of which is now past-due.  The Spencer Declaration attached hereto as Exhibit A contains a schedule of the invoices that make up HMi's Post-Petition Claim.

8.	The aggregate amount of HMi's Critical Vendor Claim and Post-Petition Claim is $838,665.40.

**RELIEF REQUESTED**

9.	Through this Motion, pursuant to 11 U.S.C. §§ 105 and 503, HMi requests entry of an order, substantially in the form attached hereto as **Exhibit B**, allowing HMi an administrative claim in the amount of $838,665.40 and ordering the Debtors to pay HMi the full amount.

**BASIS FOR RELIEF REQUESTED**

10.	Section 503(b)(9) of the Bankruptcy Code provides that "the value of any goods received by the debtor within 20 days before the [Petition Date] in which the goods have been sold to the debtor in the ordinary course of such debtor's business" shall be allowed as an administrative expense.  The expenses incurred by a debtor within the "20 day" period prior to the initiation of a bankruptcy case are treated the same as administrative expenses arising from the post-petition delivery of goods and services. *In re Dana Corp.*, 367 B.R. 409, 415 (Bankr. D. Del. 2002).

11.	Moreover, Section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate.  "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." *In re Goody's Family*

*Clothing, Inc.,* 610 F.3d 812, 818 (3d Cir. 2010) quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)* 536 F.2d 950, 954 (1st Cir. 1976). Under Section 507(a) of the Bankruptcy Code, administrative expense claims allowed under Section 503(b) are to be given high priority.

12. Accordingly, HMi is entitled to allowance and immediate payment in the amount of $838,665.40 (the combined amount of the HMi's Critical Vendor Claim and Post-Petition Claim), all as an administrative expense claim pursuant to the Critical Vendor Letter Agreement and Sections 503(a), 503(b)(1)(A), 503(b)(9) and 507(a)(2) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

13. HMi reserves its right to further amend, modify, or supplement this Motion. HMi expressly reserves all of its rights and remedies at law or in equity and nothing contained herein is intended to or should be construed to limit HMi's rights, remedies, or interests.

**WHEREFORE**, in accordance with the Debtors' obligations under Sections 503(a), 503(b)(1)(A), 503(b)(9) and 507(a)(2) of the Bankruptcy Code, HMi respectfully requests entry of an Order (a) allowing the Critical Vendor Claim and Post-Petition Claim as an administrative expense claim, (b) ordering the Debtors to pay the administrative expense claim, and (c) granting such other and further relief as this Court deems necessary and appropriate.

Dated:  January 8, 2025            Respectfully submitted,

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone:  (302) 888-6221
Email:  kbifferato@connollygallagher.com

-and-

**SHUMAKER, LOOP & KENDRICK, LLP**

DAVID H. CONAWAY, ESQ.
North Carolina Bar No. 10648
dconaway@shumaker.com
RONALD D. P. BRUCKMANN, ESQ.
North Carolina Bar No. 53693
rbruckmann@shumaker.com
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280
Telephone: 704-375-0057

*Attorneys for Home Meridian International (a division of Hooker Furnishings Corporation)*