## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date:**<br>**TBD** |
| | **Objection Deadline:**<br>**January 22, 2025, at 4:00 p.m. (ET)** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF PORTER, WRIGHT, MORRIS & ARTHUR LLP AS SPECIAL COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 31, 2024

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned proposed counsel, respectfully move (the "**Application**") as follows:

### RELIEF REQUESTED

1. The Debtors respectfully seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Porter, Wright, Morris & Arthur LLP ("**Porter Wright**") as special counsel for the Debtors *nunc pro tunc* to October 31, 2024.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2.      In support of this Application, the Debtors rely upon and incorporate by reference (i) the *Declaration of Robert J. Tannous in Support of the Debtors' Application for Entry of an Order Authorizing Retention and Employment of Porter, Wright, Morris & Arthur LLP as Special Counsel for the Debtors* Nunc Pro Tunc *to October 31, 2024* (the "**Tannous Declaration**"), attached as **Exhibit B**, (ii) the *Statement of Porter, Wright, Morris & Arthur LLP Pursuant to 11 U.S.C. § 329, Fed. R. Bankr. P. 2016 and Bankr. D. Del. L.R. 2016-1* (the "**Rule 2016 Statement**"), attached as **Exhibit C**; and (iii) the *Declaration of Ronald A. Robins, Jr., in Support of the Debtors' Application for Entry of an Order Authorizing Retention and Employment of Porter, Wright, Morris & Arthur LLP as Special Counsel for the Debtors* Nunc Pro Tunc *to October 31, 2024* (the "**Robins Declaration**"), attached hereto as **Exhibit D**.

## JURISDICTION

3.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these cases and the Application is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order with respect to this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      The statutory bases for the relief requested herein are sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, as supplemented by rules 2014 and 2016 of the

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

## BACKGROUND

6.      On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.  On September 23, 2024, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors.  *See* D.I. 248.

7.      On October 17, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [D.I. 518] (the "**Interim Compensation Procedures Order**"), approving procedures for retained professionals to be compensated in the Chapter 11 Cases.

8.      On October 18, 2024, the Court entered the *Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals* [D.I. 548] (the "**OCP Order**"), approving procedures for the retention and compensation of the Debtors' professionals employed in the ordinary course of business (the "**Ordinary Course Professionals**" or "**OCPs**").

9.      On October 31, 2024, the Debtors engaged Porter Wright to conduct an investigation into whether any colorable claims for breach of fiduciary duty may be made against the Debtors' current and former directors or executive officers.  Over the course of eight days, Porter Wright expended more than 400 attorney hours to conduct the requested investigation and produce a thorough report describing their process and conclusions.

10.    On November 12, 2024, the Debtors filed the *Declaration of Disinterestedness of Robert J. Tannous in Support of Employment of Porter, Wright, Morris & Arthur LLP as a Professional Utilized in the Ordinary Course of Business* [D.I. 1063] and the *Notice of Supplement to List of Ordinary Course Professionals* [D.I. 1064] in accordance with the OCP Order, seeking to retain Porter Wright as an Ordinary Course Professional.  The deadline to object to the retention of Porter Wright as an OCP was November 22, 2024, which was subsequently extended to November 25, 2024 for the U.S. Trustee.

11.    On November 25, 2024, the U.S. Trustee filed the *United States Trustees Objection To Declaration of Disinterestedness of Robert J. Tanouss In Support of Employment Of Porter, Wright, Morris & Arthur LLP And Its Retention As An Ordinary Course Professional* [D.I. 1242], objecting to the retention of Porter Wright as an OCP and arguing that the Debtors should instead seek to retain Porter Wright under section 327 of the Bankruptcy Code.

## BASIS FOR RELIEF

12.    Section 327(e) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

13.    Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

14.     Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand.").

15.     Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtor's case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005).  In general, subject to the requirements of sections 327 and 1107, a debtor-in-possession is entitled to the counsel of their choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

16.     Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.  Additionally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file "a supporting affidavit or verified statement of the professional person and a proposed order for approval."  Del. Bankr. L.R. 2014-1.

17.     Furthermore, the Debtors respectfully request that Porter Wright's retention and employment be approved *nunc pro tunc* to October 31, 2024.  The United States Court of

Appeals for the Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See In re Arkansas*, 798 F.2d 645, 650 (3d Cir. 1986).   Here, the Debtors submit that the delay was due to hardship beyond the professional's control.   The Debtors initially sought to retain Porter Wright in accordance with the procedures approved by the OCP Order.   The Debtors now file this application in response to the U.S. Trustee's objection to Porter Wright's retention as an OCP.   The Debtors believe that no party-in-interest will be prejudiced by the granting of the retention and employment *nunc pro tunc* to October 31, 2024, because Porter Wright provided valuable services to the Debtors' estates, and Porter Wright's work for the Debtors is largely complete.   Therefore, the Debtors do not expect to incur any additional obligations on account of Porter Wright's retention.   Rather, subjecting Porter Wright to retention under section 327 of the Bankruptcy Code and the procedures established by the Interim Compensation Procedures Order promotes greater disclosure to the Court and all parties in interest.   Accordingly, the Debtors request that this Court authorize the retention and employment of Covington *nunc pro tunc* to October 31, 2024.

## PORTER WRIGHT'S QUALIFICATIONS

18.     Porter Wright is a full-service law firm focused on delivering outstanding and efficient legal services with extensive experience in a wide range of practice areas including investigations, litigation, real estate, banking, and corporate.   Porter Wright maintains offices in Columbus, Cleveland, and Dayton, and has a breadth of specialized expertise in Ohio law, including Ohio general corporation law.

19.     Big Lots, Inc. is a corporation incorporated under the laws of the state of Ohio, and most of the affiliates are similar Ohio entities.   During the course of these chapter 11 cases, certain questions concerning claims under the Ohio general corporation law were raised,

and the Debtors made the decision within their business judgment to engage an Ohio law firm to conduct an internal investigation of the company.  Accordingly, the Debtors require legal counsel with experience in both internal investigations and Ohio general corporation law.  Porter Wright has substantial experience in both of these areas and is also familiar with the Debtors' organization and operations, having previously represented a special litigation committee formed by the board of directors of Big Lots, Inc.

### SERVICES TO BE PROVIDED BY PORTER WRIGHT

20.     The Debtors believe that the services of Porter Wright are necessary are necessary to the successful prosecution of these chapter 11 cases.  Subject to further order of this Court, Porter Wright will render the following professional services to the Debtors, in coordination with the Debtors' other advisors:

a.     prepare a report and conduct an internal investigation into colorable claims against any of the Debtors' current and former directors and principal officers;

b.     counseling the Debtors with respect to the laws of the state of Ohio;

c.     coordinate with the Debtors' other professionals in representing the Debtors in connection with these cases; and

d.     perform all other necessary legal services

21.     The Debtors believe that Porter Wright's employment is in the best interests of the Debtors, their estates, and their creditors.

22.     Subject to this Court's approval of the Application, Porter Wright is willing to serve as the Debtors' counsel and to perform the services described above.

**COMPENSATION**

23.     In connection with these chapter 11 cases, Porter Wright was retained by the Debtors pursuant to an engagement letter executed by the Debtors on October 31, 2024 (the "**Engagement Agreement**").  Debtors did deposit a $50,000.00 retainer with Porter Wright.

24.     Porter Wright has not been paid any compensation by the Debtors within the ninety days before the Petition Date and Porter Wright is not a creditor of the Debtors.

25.     In addition, compensation for professional services rendered to the Debtors will be based upon the hours actually expended by each assigned professional at each professional's hourly billing rate, as detailed further in the Tannous Declaration.  Subject to Court approval in accordance with the Interim Compensation Procedures Order, Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the orders of this Court, the Debtors propose to compensate Porter Wright for professional services rendered at its normal and customary hourly rates in effect from time to time as set forth in the Tannous Declaration.

26.     Porter Wright will also seek reimbursement for reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

27.     Porter Wright intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

28.     Porter Wright intends to use its reasonable best efforts to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1,

2013 (the "**Appendix B Guidelines**").  To that end, Porter Wright provides the following statements in response to the request for additional information set forth in Part D.1. of the Appendix B Guidelines:

<u>**Question:**</u>  Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

<u>**Response:**</u>  [No.]

<u>**Question:**</u>  Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

<u>**Response:**</u>  [No.]

<u>**Question:**</u>  If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

<u>**Response:**</u>  [Not Applicable.]

<u>**Question:**</u>  Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

<u>**Response:**</u>  [For a one month period.]

### NOTICE

29.    Notice of this Application will be provided to: (a) the Office of the United States Trustee (Attn: Linda J. Casey); (b) Counsel to the Official Committee of Unsecured Creditors (c) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (d) Otterbourg P.C., as counsel to the Term Agent; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice of this Application is required.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Application and the relief requested herein; (ii) enter the proposed order attached hereto as **<u>Exhibit A</u>**; and (iii) grant such other and further relief as it deems just and proper.

January 8, 2025

*/s/ Ronald A. Robins, Jr.*
Ronald A. Robins, Jr.
Executive Vice President,
Chief Legal and Governance Officer
Big Lots, Inc.
