**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al.,*[1] | ) | Case No. 24-11967 (JKS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Document No. 511** |
| | ) | |
| | ) | **Obj. Deadline: January 15, 2025 at 4:00 p.m.** |
| | ) | **Hearing Date: January 21, 2025 at 1:00 p.m.** |

**CLOVER CORTEZ, LLC'S MOTION FOR ALLOWANCE AND PAYMENT
OF ADMINISTRATIVE EXPENSE CLAIM**

**Clover Cortez LLC**, (the **"Landlord"**), by its undersigned counsel, hereby files this Motion for Allowance and Payment of Administrative Expense Claim pursuant to 11 U.S.C. §§ 503 and 365(d)(3) (the "Application"). In support of the Application, Landlord states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Landlord confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

2. Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory for the relief requested in this Motion are Sections 363(d)(3) and 503(b)(1)(A) of the Bankruptcy Code.

**Factual Background**

4. The Landlord is the lessor of Big Lots' location #5171, located at 5584 Cortez Road West, Bradenton, FL 34210 (the **"Location"**).

5. In its Notice of Potential Assumption and Assignment, dated October 16, 2024 (Docket #511, at Page 22 of the attachment thereto), the Debtor listed the "cure amount" due under the terms of the Lease as being $18,792.00 (the **"Alleged Cure Amount"**).

6. The Alleged Cure Amount is incorrect.

7. Accordingly, on November 1, 2024, Landlord filed its Objection to Cure Amount and to Assumption and Assignment of Lease ("Objection to Cure Claim") (Docket No. 794) stating that, at that time, the correct cure amount was not less than $108,873.81. Copies of the Lease and its amendments (which are voluminous) are available from the Landlord's counsel upon request.

8. Since the time of the filing of its Objection to Cure Claim, Debtor has failed to make several payments due under the Lease in the ordinary course.

9. As a result of these failures, the total amount of cure claim is now **$148,562.87** ("Updated Cure Claim").

10. Approximately **$108,952.78** of the Updated Cure Claim constitutes post-petition obligations, rents and other charges, of the Debtor.

11. Accordingly, Landlord hereby files this Motion to seek the allowance and payment of all of the unpaid post-petition rents and other charges that are due under the Lease from the

2

Petition Date to the date of the filing of this Application, in the amount of **$108,952.78.**

## Relief Requested

### A. <u>Landlord is entitled to an allowed administrative expense claim for postpetition stub rent pursuant to Bankruptcy Code Section 503(b)(1)(A).</u>

12. Section 503(b)(1)(A) of the Bankruptcy Code provides for the allowance of administrative expenses, including in particular, actual, necessary costs and expenses of preserving the bankruptcy estate.

13. Landlord has an administrative expense claim pursuant to Bankruptcy Code Section 503(b)(1)(A) in the amount of $15,121.39 for the postpetition portion of the rent for the period from September 9, 2024 through September 30, 2024. Bankruptcy courts in the Third Circuit have consistently granted landlords allowed administrative expense claims pursuant to Bankruptcy Code Section 503(b)(1)(A) for post-petition stub rent. *See, e.g., In re: Goody's Family Clothing, Inc.,* 392 B.R. 604, 614 (Bankr. D. Del. 2008); *In re DVI, Inc.,* 308 B.R. 703, 708 (Bankr. D. Del. 2004); *In re ZB Co., Inc.,* 302 B.R. 316, 319 (Bankr. D. Del. 2003); *In re HQ Global Holdings, Inc.,* 282 B.R. 169, 173 (Bankr. D. Del. 2002).

14. A landlord's administrative claim under Section 503(b)(1) for postpetition stub rent is equal to the lease contract rate. DVI, 308 B.R. at 707 – 08 *citing ZB Co.,* 302 B.R. at 319. *See also In re Goody's,* 392 B.R. at 614. ("There is a presumption that the lease rate is the fair market value unless the Debtor presents evidence to the contrary."). Section 507(a) of the Bankruptcy Code further provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. *See* 11 U.S.C. §507(a)(2).

15. Landlord submits that the Debtors' use of the premises contemplated by the Leases has been actual and necessary in preserving the Debtor's bankruptcy estates.

16. As a result, Landlord is entitled to allowed administrative rent claims and expenses in the amount of $15,121.39.

B. **Landlord is entitled to an allowed administrative expense claim for amounts that have become due under the Lease for the period from October 1, 2024 through the date hereof pursuant to Bankruptcy Code Section 363(d)(3) that have not been paid.**

17. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, that a "trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property…until such lease is assumed or rejected notwithstanding 503(b)(1) of this title." 11 U.S.C. § 365(b)(3). Section 365(d)(3) of the Bankruptcy Code mandates the timely performance of all post-petition, pre-rejection obligations arising under any unexpired lease of nonresidential real property. *See* 11 U.S.C. § 365(d)(3). An obligation arises under a lease for purposes of Section 365(d)(3) when the legally enforceable duty to perform an obligation arises under the lease. *In re Montgomery Ward Holding Corp.,* 268 F.3d 205, 211 (3d Cir. 2001).

18. From October 1, 2024 through the present, the Debtors have failed to pay obligations that have become due under the Kease in the amount of 93,831.39. Landlord is entitled to the allowance of an administrative expense claim pursuant to Bankruptcy Code Section 363(d)(3) in this amount.

### Reservation of Rights

19. The Landlord files this Application without prejudice to each and all of its remaining claims against the Debtors and the Debtors' estates, including but not limited to the Landlords' unsecured claims for rejection damages and prepetition rent owed if the Leases ultimately are rejected or any and all cure amounts if the Leases are assumed and assigned.

4

**Conclusion**

**WHEREFORE**, Landlord, through undersigned counsel, respectfully request that the Court enter an Order granting Landlord an allowed Chapter 11 administrative rent expense claim in the amount of $108,952.78, as summarized above and set forth in detail in **Exhibits 1** attached hereto, and for such other relief as is just and proper under the circumstances.

Dated:  January 8, 2025
            Wilmington, DE                                    SULLIVAN · HAZELTINE · ALLINSON LLC


 /s/ William A. Hazeltine
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, Delaware 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195
Email: whazeltine@sha-llc.com

and

Luis Martinez-Monfort, Esq.
Martinez-Monfort P.A.
4427 W Kennedy Blvd., Suite 250
Tampa FL  33609
Tel:  813-940-8383
Email:  luis@martinezmonfort.com

*Counsel for Clover Cortez LLC*