## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., *et al.,*[1] | ) | Case No. 24-11967 (JKS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Related Document No. 511** |
| | ) | |
| | ) | **Obj. Deadline: January 15, 2025 at 4:00 p.m.** |
| | ) | **Hearing Date: January 21, 2025 at 1:00 p.m.** |

### COLLIN CREEK ASSOCIATES, LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

COMES NOW, Collin Creek Associates, LLC ("**Collin Creek**"), a creditor and landlord of the Debtor, and files this *Motion for Allowance and Payment of Administrative Expense Claim* ("**Motion**"),[2] and, in support thereof, would respectfully show as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested in this Motion are sections 503(b) and 507(a)(2) of the Bankruptcy Code.

### BACKGROUND

3.     On or about April 7, 2011, Collin Creek, as landlord, entered into a certain lease

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

[2] ECF 511.

agreement with PNS Stores, Inc., doing business as Big Lots, as tenant ("**Tenant**") (collectively referred to herein as the "**Lease**"), for the property located at 600 W. 15th Street, Plano, Texas 75075, and being approximately 108,118 square feet of commercial real estate space for an initial term of 70 months ending on January 31, 2017. Tenant thereafter exercised its option to extend the term of the Lease commencing February 1, 2022 and expiring on January 31, 2027 on a triple net basis for an annual Fixed Minimum Rent,[3] together with additional rent of Tenant's pro rata share of common area maintenance expenses, real property taxes and insurance. All Fixed Minimum Rent and additional rent (collectively, "**Rent**") is due in advance on the first day of each month.

4.     On September 9, 2024, Big Lots, Inc. and each of its subsidiaries, including Tenant, ("**Big Lots**") filed a voluntary petition for relief under Chapter 11 of the United States Code. The cases are jointly administered under Case No. 24-11967.

5.     On December 2, 2024, the Debtors filed their *Seventh Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (and the Abandonment of Property)*[4] listing Collin Creek as a lease agreement to be rejected as of December 31, 2024.

6.     On January 2, 2025, the Court entered the *Order Authorizing the Debtors to Reject Certain Unexpired Leases Effective December 31, 2024*[5] formally rejecting the Collin Creek lease.

7.     The Lease provides that "tenant shall pay to Landlord Tenant's pro rata share of Real Estate Taxes within thirty (30) days after Tenant's receipt of an invoice therefor…"[6]

8.     In addition to the payment of fixed minimum rent, and Tenant's pro rata share of taxes, Tenant is also responsible "on an annual basis, to pay Tenant's pro rata share of the premiums    paid    by    Landlord    for    maintaining    the    commercial    general    liability

---

[3] As defined in the lease attached as **Exhibit A.**
[4] ECF 1296.
[5] ECF 1550.
[6] *See* **Exhibit A**.

insurance…policies."[7]

9.      On December 4, 2024, the Debtors became obligated under the Lease to pay taxes in the amount of $76,809.86.

10.     On December 4, 2024, the Debtors also became obligated to pay the insurance in the amount of $15,471.18.

11.     Collin Creek promptly provided a copy of the tax bills to the Debtors.

12.     The Lease entitled Collin Creek to recover its fees, costs, and expenses associated with Debtor's breach of the Lease and/or with respect to actions taken in the Debtors' bankruptcy to protect Collin Creek's interests. The outstanding amounts of accrued attorney's fees, costs and expenses total $12,163.50 plus attorney's fees, costs and expenses to be incurred.

## RELIEF REQUESTED

13.     Collin Creek requests that this Court enter an order compelling the Debtor to pay it as required by Section 365(d)(3) and 503(b)(1)(A) of the Bankruptcy Code, the sum of:

    a.   2024 insurance: $15,471.18

    b.   2024 real estate taxes: $76,809.86

    c.   Stub rent: $2,352.42

    d.   Attorney's fees: $12,163.50

    **TOTAL: $106,797.08** [8]

14.     The Court should enter an order substantially in the form attached hereto compelling immediate payment by Debtors to Collin Creek pursuant to §§105(a), 365(d)(3), and 503(b)(1)(A) of the Bankruptcy Code.

---

[7] *See* **Exhibit A**.
[8] *See* **Exhibit B.**

**ARGUMENT**

15.    Allowance and payment of an administrative expense claim under section 503(b) is appropriate as the Debtors' use and occupancy of the property is a necessary expense of preserving the estate. The Debtors' use and occupancy of the property after the Petition Date is manifest. The Debtors continued to use and occupy the premises after the Petition Date. Moreover, as the U.S. Court of Appeals for the Third Circuit has indicated: "The mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under section 503(b)(1)."[9]

16.    Collin Creek is entitled to immediate payment of all post-petition rent and additional rent obligations as they come due under the Lease pursuant to 11 U.S.C. §365(d)(3). Debtor is required to pay certain post-petition obligations as they become due or are billed to the Debtor post-petition.

17.    Nothing in the Bankruptcy Code suggests that the Debtors can pick and choose among their administrative expenses, paying some in full and others in part, or not at all.

18.    Collin Creek joins in the arguments of other landlords also seeking to compel immediate payment of post-petition stub rent and tax obligations to the extent not inconsistent herewith.

19.    Collin Creek requests that the Court direct the Debtors to make immediate payment of CAM charges and tax obligations to Collin Creek for the month of September and compel the Debtor to pay all other post-petition obligation as and when they come due in accordance with the terms of the Lease. Failing that, the Court should prohibit the Debtors from paying any

---

[9] *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990).

administrative expenses incurred by or with respect to any person, including the Debtors' professionals, unless the Debtors can adequately assure the Court that they are not, and will not become, administratively insolvent.

## RESERVATION OF RIGHTS

20.     Collin Creek reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue or arise or that subsequently become known to Collin Creek. Collin Creek further reserves its rights to raise any additional objections. Collin Creek expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit Collin Creek's rights, remedies, or interests with respect to the Lease.

Dated:  January 8, 2025

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ Tara T. LeDay*
Jarrod B. Martin
Texas Bar No. 24070221
Tara T. LeDay
Texas Bar No. 24106701
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.658.1818
F: 713.658.2553
E:  jarrod.martin@chamberlainlaw.com
     tara.leday@chamberlainlaw.com

-and-

**SULLIVAN · HAZELTINE · ALLINSON** LLC

*/s/ William A. Hazeltine*
William A. Hazeltine, Esq. (3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel:     (302) 428-8191
Fax:     (302) 428-8195
Email:  whazeltine@sha-llc.com

*Attorneys for Collin Creek Associates, LLC*