## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | (Chapter 11) |
| Debtors[1]. | (Jointly Administered) |
| | **Objection Deadline: January 22, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date: To Be Determined** |

### MOTION OF STANDARD FIBER, LLC FOR ALLOWANCE AND COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Standard Fiber, LLC ("***Standard Fiber***" or "***Claimant***"), a creditor of the Debtors[2] in the above jointly administered cases, by and through its undersigned attorneys, files this *Motion of Standard Fiber, LLC for Allowance and Compelling Immediate Payment of Administrative Expense Claim* (this "***Motion***") pursuant to section 503(b) of title 11 of the United States Code (the "***Bankruptcy Code***"), and submits as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

[2] Standard Fiber has claims against AVDC, LLC, Big Lots Stores, LLC, Closeout Distribution, LLC, CSC Distribution LLC, and Durant DC, LLC, and is asserting its collective claims against the Debtors by this Motion. A breakdown of claims by Debtor can be provided on request.

1

2.  The statutory basis for the relief requested are sections 105, 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## BACKGROUND

3.  On September 9, 2024 (the "*Petition Date*"), Big Lots, Inc. and certain of its affiliates (collectively, the "*Debtors*") commenced the above-captioned jointly administered cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Court*").

4.  The Debtors are operating as debtors-in-possession. No trustee or examiner has been appointed.

5.  Standard Fiber is a trade creditor of the Debtors who has delivered products to the Debtors post-petition in fulfilment of purchase orders placed by the Debtors in the ordinary course of business. Notwithstanding their receipt of goods from Standard Fiber, and Standard Fiber's understanding that the Debtors have utilized these goods in the course of operating their businesses, the Debtors have not made any payments to Standard Fiber for these goods since mid-November 2024.

6.  The total post-petition amount currently past due and owed to Standard Fiber is $303,163.12. The Debtors also owe Standard Fiber an additional $257,786.08 for goods already delivered, which amounts are due to be paid on or prior to January 10, 2025. Combined, this represents a total of $560,949.20 owed to Standard Fiber for goods delivered post-petition. Itemized invoices for these charges and related purchase orders are attached to this Motion as Exhibit A and a summary account statement is attached to this Motion as Exhibit B.

**RELIEF REQUESTED**

A.   *Claimant is Entitled to an Administrative Expense Claim for Goods Delivered to the Debtors Postpetition.*

7.   Section 503(b) of the Bankruptcy Code mandates the allowance of an administrative expense for the "actual, necessary costs and expenses of preserving the estate[.]" To qualify as an administrative expense, an expense must be beneficial to the debtor-in-possession's operation of the business post-petition. *See In re Bluestem Brands, Inc.*, 2021 Bankr. LEXIS 1980, *14-15 (Bankr. D. Del. 2021). Therefore, the "correct standard for determination of an administrative claim . . . is simply whether the Vendors provided a benefit to the estate post-petition. It does not require that there be a post-petition contract." *Id.* (holding that an administrative expense claim existed even where there was no post-petition contract because "the Vendors' goods were physically received by the Debtors after commencement of the bankruptcy cases and were beneficial and necessary to preserving the estate, as the Debtors resold those goods and used the proceeds"). Claims arising from goods purchased in the ordinary course of business by a debtor-in-possession are generally entitled to administrative priority for "the actual and necessary costs and expenses of such goods and services, which were necessary for the preservation of the estate." *See In re Thatcher Glass Corp.*, 59 B.R. 797, 799 (Bankr. D. Conn. 1986).

8.   Since the Petition Date, the Claimant has provided the Debtors with over half a million dollars of inventory for their stores. Claimant's uninterrupted shipment of goods to the Debtors has been critical to the Debtors' businesses during these cases, providing direct and substantial benefits to the estates. Claimant is, therefore, entitled to an administrative expense claim in the amount of $560,949.20 for the value of the goods delivered post-petition.

B.  **The Court Should Compel Payment of Claimants' Administrative Expense Claims Within Seven Days.**

9. Section 1129(a)(9) of the Bankruptcy Code requires the payment of administrative claims "on the effective date of the plan." *In re Arts Dairy, LLC*, 414 B.R. 219, 221 (Bankr. N.D. Ohio 2009).

10. However, the "requirement of paying administrative claims 'on the effective date of the plan' has been interpreted [by courts] as setting an outside limit, with nothing preventing a court from authorizing the payment of an administrative-expense claim earlier than the effective date of the debtor's plan of reorganization." *Id.* (citing *In Re Plastech Engineered Prods.*, 394 B.R. 147, 152 (Bankr. E.D. Mich. 2008) (holding that the timing for payment of an administrative expense is left to the sound discretion of the court)). In fact, "in the instance of administrative claims arising from ordinary course of business payments, such as that made for wages and trade debt, it is generally accepted that such expenses be paid when due, and not when the debtor's plan becomes effective." *Id.*

11. In exercising its discretion to determine the timing of an administrative expense payment, courts generally consider three factors: (1) prejudice to the debtor, (2) hardship to the claimant, and (3) potential detriment to other creditors. *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). A holistic analysis of each case, considering the "particular needs of each administrative claimant and the length and expense of the case's administration" is made. *In re NE OPCO, Inc.*, 501 B.R. 233, 259 (Bankr. D. Del. 2013) (internal citations omitted). In order to qualify for immediate payment of an administrative expense claim, "a creditor must show that there is a necessity to pay and not merely that the Debtor has the ability to pay." *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) (internal citation omitted).

12. Since November 17, 2024, the Debtors have failed to timely pay Claimant for post-petition deliveries and have provided no explanation for the delay. Claimant has and will continue to suffer significant hardship if its administrative expense claim is not paid immediately.

13. Claimant has detrimentally relied on the Debtors' representations that they had the ability, authority, and intent to timely pay Claimant for post-petition deliveries, to date delivering in excess of $560,000 in goods to the Debtors, which has allowed for the continued operation of the Debtors' businesses during the pendency of these cases. Such as is the case here, "[w]hen third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." *See In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010).

14. Claimant is a distributor with significant overhead costs, including material costs, payroll, and lease payments. If forced to wait indefinitely for payment of the administrative expense amounts, Claimant will be harmed and may experience disruptions in its ability to accept and fulfill future orders for the Debtors, any purchasers of the Debtors' businesses, and Claimant's other customers.

15. Claimant further submits that there would be no meaningful prejudice to other creditors if Claimant is paid immediately. As a holder of an allowed administrative expense claim, Claimant is entitled to payment in full on its administrative expense claim in any potential plan or liquidation. Therefore, immediate payment will not disadvantage any other creditors.

16. The totality of the circumstances supports compelling the Debtors to pay Claimant's administrative expense claim immediately, as further delay in payment will only prejudice Claimant.

17. Accordingly, Claimant requests that its administrative expense claim be paid within seven days after the entry of this Court's order granting the Motion.

**RESERVATION OF RIGHTS**

18. By entering this Motion or making these claims, Claimant does not waive any rights related to the matters herein, including the right to submit these claims to insurance.

**CONCLUSION**

19. Standard Fiber respectfully requests that the Court enter an order (a) allowing Standard Fiber, LLC an administrative expense claim against the Debtors in an amount no less than $560,949.20 and ordering the Debtors to pay that administrative expense claim within seven days of entry of the order, and (b) granting such other relief as is just and is proper. A proposed order is attached hereto as Exhibit C.

| | |
|---|---|
| Dated: January 8, 2025<br>Wilmington, Delaware | **BAYARD, P.A.**<br><br>*/s/ Ericka F. Johnson*<br>Ericka F. Johnson, Esq. (DE Bar No. 5024)<br>Steven D. Adler, Esq. (DE Bar No. 6257)<br>600 North King Street, Suite 400<br>Wilmington, Delaware 19801<br>Tel: (302) 655-5000<br>Email: ejohnson@bayardlaw.com<br>        sadler@bayardlaw.com<br><br>- and -<br><br>Lauren Kanzer (*pro hac vice* pending)<br>Ariane Erfani Jazi (*pro hac vice* pending)<br>**VINSON & ELKINS LLP**<br>1114 Avenue of the Americas<br>32nd Floor<br>New York, New York 10036<br>Tel: 212.237.0166<br>Fax: 917.849.5380<br>Email: lkanzer@velaw.com<br>        aerfani@velaw.com<br><br>*Attorneys For Standard Fiber, LLC* |