IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Objection Deadline: January 23, 2025 at 4:00 pm (ET)**<br>**Hearing Date: February 26, 2025 at 10:30 am (ET)** |

### MOTION OF CONNOR RECREATIONAL CENTER, INC. TO COMPEL IMMEDIATE PAYMENT OF STUB RENT AND POST-PETITION RENT AND OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)

Connor Recreational Center, Inc. ("Connor"), by and through its undersigned counsel, hereby files this *Motion of Connor Recreational Center, Inc. to Compel Immediate Payment of Stub Rent and Post-Petition Rent and Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* (the "Motion") seeking an order substantially in the form attached hereto as **Exhibit A**, compelling immediate payment of Stub Rent for in accordance with 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and in support thereof respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The debtors and debtors-in-possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163) INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

2. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

## SUMMARY OF ARGUMENT

3. Section 365(d)(3) of the Bankruptcy Code requires a debtor-in-possession to pay timely all post-petition rent and related charges until an unexpired lease is rejected. See 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(l) of this title").

4. Further, as this Court explained in *In re Sportsman's Warehouse, Inc.*, the "debtor's use and occupancy of leased premises post-petition is an actual and necessary expense of preserving the estate" giving rise to an administrative expense under section 503(b) of the Bankruptcy Code to the extent of "the actual value or benefit the debtor is receiving." 436 B.R. 308, 315 (Bankr. D. Del. 2009). The rent payable to a landlord is "presumed to be the contract rate of rent" and the landlord is also entitled to real-estate taxes, payable as administrative expenses. *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 20 (Bankr. D. Del. 2010); *see also In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010 ("When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority.").

## BACKGROUND FACTS AND RELIEF REQUESTED

5. Connor is the landlord of the premises located at Plaza North Shopping Center, 5952 University Parkway, Winston-Salem, NC 27105 (the "Premises") at which Big Lots Stores, Inc. (the "Debtor") operates a store at the Premises pursuant to that certain written lease of nonresidential real property dated April 19, 1995 (as amended) (the "Lease"). The Lease has not been assumed or rejected, and the Debtor remains in possession of the Premises and continues to

enjoy its full use and occupation.

6. Following the filing of the Debtor's chapter 11 cases on September 9, 2024 (the "Petition Date"), the Debtor did not pay post-petition rent for September 2024. For the period of September 9 through September 30, 2024, Connor is entitled to no less than $15,963.10 (the "Stub-Rent Amount").

7. The Court should enter an order compelling immediate payment by Debtor to Connor of the Stub Rent Amount pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1)(A).

## ARGUMENT

8. Allowance and payment of an administrative expense claim under section 503(b) is appropriate as the Debtor's use and occupancy of the property is a necessary expense of preserving the estate. The Debtor's use and occupancy of the property after the Petition Date is manifest. Since the Petition Date, the Debtor has continued to use and occupy the premises to the exclusion of Connor. Moreover, as the U.S. Court of Appeals for the Third Circuit has indicated: "The mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under section 503(b)(1)." *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990). Accordingly, Connor is entitled to be paid the Stub Rent Amount, in the amount of $15,963.10, as an administrative expense claim pursuant to 11 U.S.C. §503(b)(1).

9. Moreover, Connor requests an order compelling the Debtor to timely pay all future obligations arising under the Lease as and when they come due.

10. Nothing in the Bankruptcy Code suggests that the Debtor can pick and choose among its administrative expenses, paying some (like attorneys' fees) in full and others (like stub rent payable to landlords) in part, or not at all.

11. In addition, Connor is entitled to adequate protection under 11 U.S.C. §§ 361 and 363(e) due to the Debtor's continuing use of the Premise.

12. Connor joins in the arguments of other landlords also seeking to compel immediate payment of post-petition stub-rent to the extent not inconsistent herewith.

13. Connor requests that the Court direct the Debtor to make immediate payment of stub rent to Connor for the month of September. Failing that, the Court should prohibit the Debtor from paying any administrative expenses incurred by or with respect to any person, including the Debtor's professionals, unless the Debtor can adequately assure the Court that they are not, and will not become, administratively insolvent.

## RESERVATION OF RIGHTS

14. Connor reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to Connor or that become defaulted with the passage of time. Connor further reserves its rights to raise any additional objections to assumption of the Lease, including the ability of any proposed assignee to perform and to provide the necessary adequate assurance information. Connor expressly reserves all rights and remedies at law or in equity against the Debtor and nothing contained herein is intended to or should be construed to limit Connor's rights, remedies, or interests with respect to the Lease.

[*Remainder of page intentionally left blank*]

WHEREFORE, Connor respectfully requests that the Court grant this Motion and enter the attached Order and grant such other and further relief that the Court deems just and proper.

Dated: January 9, 2025  **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
E-mail: mbusenkell@gsbblaw.com

*Counsel to Connor Recreational Center, Inc.*