IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Hearing Date (Requested): Jan. 21, 2025 at 1:00 p.m. (ET)<br>Obj. Deadline (Requested): Jan. 16, 2025 at 4:00 p.m. (ET) |

**MOTION OF JBL/CREST MILLS FOR ENTRY OF
AN ORDER ALLOWING AND COMPELLING PAYMENT OF CHAPTER 11
ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF**

JBL/Crest Mills ("Crest"), by and through its undersigned counsel, hereby moves (the "Motion") for entry of an order, pursuant to section 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), and in substantially the same form attached hereto as **Exhibit A**, allowing and compelling payment of Crest's chapter 11 administrative expense claims in the above-captioned cases. In support of this Motion, Crest respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. Crest consents to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

3. The statutory predicates for the relief requested in this Motion are sections 503(b) and 507(a)(2) of the Bankruptcy Code

## BACKGROUND

4. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in this Court. The Debtors have operated since the Petition Date and have continued to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. Crest and the Debtors Big Lots (the "Debtor") had a long history whereby Crest would supply and ship (at the Debtors' request) certain products to the Debtors. This happened both prior to and after the Petition Date.

6. To date the Debtors have failed to make any post-petition payments to Crest for products ordered by the Debtors and supplied by Crest post-petition. To avoid any confusion, Crest is only seeking payment for the post-petition products shipped to the Debtors.

7. Crest is owed the amount of not less than $575,979.95 (the "Post-Petition Administrative Claim") from the Debtors for post-petition products delivered in accordance with and as evidenced by the Statement of Account and the Bills of Lading that clearly establish delivery of the products amount owed and the delivery dates to the Debtors post-petition. See attached **Exhibit B** .

8. Invoices and other documentation supporting the Post-Petition Administrative Claim will be provided upon reasonable request.

## RELIEF REQUESTED

9. Crest respectfully requests that the Court allow the Post-Petition Administrative Claim as a chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the

2

Bankruptcy Code. Crest also requests that the Court require payment of all past-due amounts within five (5) days of entry of an order approving this Motion.

### BASIS FOR RELIEF

10. Section 503(b)(1)(A) of the Bankruptcy Code provides, in pertinent part, that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction.'" *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. 2010).

11. Crest is entitled to an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. Crest provided goods to the Debtors for resale in their retail stores post-petition at a time when Debtors were still operating their businesses. Thus, Crest and the Debtors engaged in post-petition transactions, and Crest's post-petition goods benefited the Debtors' estates by providing the Debtors with merchandise to sell in their stores.

12. Further, and quite relevant and dispositive, Crest relied upon the Debtors' post-petition debtor-in-possession financing and the **line item budgets** that were approved by this Court in determining whether to sell goods to the Debtors at all. The Debtors specifically placed post-petition orders with Crest. Crest relied on the DIP Order as it established the Debtors' ability to pay under the terms of the DIP financing. To date the Debtors have failed to pay for these contracted-for goods supplied by Crest.

13. Currently, the Debtors are in "wind-down" mode, they filed a wind-down budget with respect to the payment of administrative expenses. It is unclear whether this budget contemplates payment of administrative claims for goods provided to the Debtors, as the

"Merchandise Vendors" line is **blank**. However, the Debtors continue to remain open, conducting going out of business sales and ostensibly selling Crest goods at certain if not all of its locations. If the Budget is not qualified than the possibility exists two-fold. Either the Debtors' DIP lender would receive a windfall if the budget items are not paid or suppliers (like Crest) will be harmed and prejudiced since it relied on same in making its decision to ship. Moreover, this Court cannot turn a blind eye to the fact that some of the products in question were sold to Gordon Brothers Retail Partners, LLC. Simply stated, not paying Crest for these products would result in an unjust windfall for the Debtors and/or the Debtors' DIP lender.

14. The Debtors' wind-down budget does contemplate other administrative claims being paid, including the rent claims and the claims of professionals. This is not the "Wild West". This Court should not permit other parties to be paid on the backs of the Debtors' merchandise vendors such as Crest. While the professionals may argue they have a carve-out, Crest would argue that the DIP budget should protect them as well. While I respect the professionals they themselves cannot ignore what they negotiated into the DIP facility that induced suppliers like Crest to ship. If there is going to be any short fall, they too must share the pain.

15. Based on the foregoing, the Court should enter an order granting Crest an allowed chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code and order the Debtors to pay all past-due amounts within five (5) days of entry of an order approving this Motion and subsequently in accordance with the term of the parties' Agreement.

*[Remainder of page intentionally blank]*

WHEREFORE, Crest respectfully requests that the Court enter an order granting the Motion in substantially the form attached hereto as **Exhibit A** and order such other and further relief as is just and proper.

Dated: January 9, 2025

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

 /s/ *Kevin M. Capuzzi*
Kevin M. Capuzzi (DE No. 5462)
Steven L. Walsh (DE No. 6499)
1313 North Market Street, Suite 1201
Wilmington, DE 19801-6101
Telephone: (302) 442-7010
Email:  kcapuzzi@beneschlaw.com
             swalsh@beneschlaw.com

-and-

**OLSHAN FROME WOLOSKY LLP**
Michael S. Fox (*pro hac vice* forthcoming)
1325 Avenue of Americas
New York, NT 10019
Tel: (212) 451-2277
Email: mfox@olshanlaw.com

*Co-Counsel to JBL/Crest Mills*

5