IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: D.I. 1659 |

**MOTION OF JBL/CREST MILLS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9006(c) AND LOCAL RULE 9006-1(e) SHORTENING THE NOTICE PERIOD FOR MOTION OF JBL/CREST MILLS FOR ENTRY OF AN ORDER ALLOWING AND COMPELLING PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF**

JBL/Crest Mills ("Crest"), by and through its undersigned counsel, respectfully states the following in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. Crest contemporaneously filed herewith the *Motion of JBL/Crest Mills for Entry of an Order Allowing and Compelling Payment of Chapter 11 Administrative Expense Claims and for Related Relief* (the "Admin Claim Motion")[2] and seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (a) shortening the time for notice of the hearing to consider approval of the Admin Claim Motion so that the matter may be heard at the hearing currently scheduled for January 21, 2025, at 1:00 p.m. (ET) (the "Proposed Hearing Date") and (b) setting a deadline of 4:00 p.m. (prevailing Eastern time) on January 16, 2025 (the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Admin Claim Motion.

"Proposed Objection Deadline") for objections or responses to the relief requested in the Admin Claim Motion.

## JURISDICTION AND VENUE

2. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. Crest consents to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are rules 2002(a) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1(a) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

5. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") in this Court. The Debtors have operated since the Petition Date and have continued to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. Crest and the Debtors Big Lots had a long history whereby Crest would supply and ship (at the Debtors' request) certain products to the Debtors. This happened both prior to and after the Petition Date.

7. To date the Debtors have failed to make any post-petition payments to Crest for products ordered by the Debtors and supplied by Crest post-petition.

**THE ADMIN CLAIM MOTION**

8. Thus, through the Admin Claim Motion, Crest seeks entry of an order allowing, and compelling prompt payment of, an administrative expense claim for past-due amounts that have accrued with respect to goods ordered by, and shipped to, the Debtors by Crest postpetition. Currently, the Debtors are in "wind-down" mode, they filed a wind-down budget with respect to the payment of administrative expenses. It is unclear whether this budget contemplates payment of administrative claims for goods provided to the Debtors, but the Debtors continue to remain open, conducting going out of business sales and ostensibly selling Crest goods at certain if not all of its locations. Dozens of other landlords and trade vendors have filed similar requests for payment of administrative expense claims, the vast majority of which have similarly been noticed for the January 21st hearing in the cases. Crest believes it is imperative that its Admin Claim Motion is heard promptly to ensure that Crest is given a similar opportunity to obtain payment for postpetition goods provided for the benefit of the Debtors' and their estates. Accordingly, Crest respectfully requests that the Court shorten the time for notice of the hearing to consider approval of the Admin Claim Motion so that it may be heard at the hearing currently scheduled for January 21, 2025, at 1:00 p.m., along with the remaining administrative expense claimants, and grant related relief as described herein.

**BASIS FOR RELIEF**

9. Local Rule 9006-1(c)(i) ordinarily requires that, unless otherwise specified in the Bankruptcy Rules or Bankruptcy Code, all motions must be filed at least fourteen (14) days prior to the hearing. Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. Del. Bankr. L.R. 9006-1(e). Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown

may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings").

10. Crest submits that there is sufficient cause to justify shortening the notice period for the hearing on the Admin Claim Motion so that it may be heard at the hearing currently scheduled for January 21st. As further set forth above and in the Admin Claim Motion, the Debtors appear to be at a critical point in these cases. Numerous trade and other creditors appear to have gone unpaid for postpetition services rendered and goods provided to the Debtors and their estates. Indeed, dozens of motions similar to the Admin Claim Motion have been filed in recent weeks, all of which have been noticed for the January 21st hearing. Thus, Crest believes it is essential that its motion be heard contemporaneously with the remaining administrative expense claimants, so that Crest has an opportunity to be heard at the same time as these similarly situated creditors.

11. Moreover, Crest submits that the Debtors (and other parties in interest) will not be prejudiced by this modest request to shorten the applicable notice period by 2 days, because it is highly unlikely that the Debtors will attempt to substantively address each of the administrative expense claim motions that have been filed on the 21st and, thus, expects the Debtors to seek relief that would be applicable to each of those motions *en masse*. Based upon the foregoing, Crest submits that cause exists to justify shortening the notice period for the Admin Claim Motion. Accordingly, Crest requests that a hearing on the Admin Claim Motion be scheduled for the Proposed Hearing Date, with objections due by the Proposed Objection Deadline.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

12. Before filing this Motion, counsel to Crest notified counsel to the Debtors, the Committee, and the U.S. Trustee. Counsel to the Debtors stated that the Debtors have no objection to the relief requested herein. As of the time of this filing, counsel to the Committee and the U.S. Trustee have not yet responded.

## NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made by Crest to this Court or any other court.

*[Remainder of page intentionally blank]*

WHEREFORE, for the reasons set forth herein, Crest respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested herein and (ii) granting Crest such other and further relief as the Court deems proper and just.

Dated: January 9, 2025

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

*/s/ Kevin M. Capuzzi*
Kevin M. Capuzzi (DE No. 5462)
Steven L. Walsh (DE No. 6499)
1313 North Market Street, Suite 1201
Wilmington, DE 19801-6101
Telephone: (302) 442-7010
Email: kcapuzzi@beneschlaw.com
  swalsh@beneschlaw.com

-and-

**OLSHAN FROME WOLOSKY LLP**
Michael S. Fox (*pro hac vice* forthcoming)
1325 Avenue of Americas
New York, NT 10019
Tel: (212) 451-2277
Email: mfox@olshanlaw.com

*Co-Counsel to JBL/Crest Mills*