IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Related to Docket No. 1669 |

**MOTION TO SHORTEN NOTICE PERIOD REGARDING
PRO-MART INDUSTRIES, INC.'S MOTION FOR ALLOWANCE AND
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Pro-Mart Industries, Inc. ("PMI"), by and through its undersigned counsel, hereby files this motion (the "Motion") for an order shortening the notice period for the *Pro-Mart Industries, Inc. Motion for Allowance and Payment of Administrative Expense Claim* [Docket No. 1669] (the "Administrative Expense Motion") filed on January 9, 2025.[2]  In support of this Motion, PMI respectfully states as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware on February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

---

[1] The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (these "Cases"), together with the last four digits of each of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Administrative Expense Motion.

616273370

2. Venue of these Cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are sections 102 and 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 2014, and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1(b) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Relief Requested**

4. By this Motion, PMI requests entry of an order scheduling a hearing on **January 21, 2025 at 1:00 p.m. (ET)** to consider the Administrative Expense Motion. PMI further requests that the Court set 4:00 p.m. (ET) on **January 14, 2025** as the deadline to object to the Administrative Expense Motion.

**Basis for the Relief Requested**

5. With respect to motions seeking to shorten otherwise applicable notice and objections periods, Local Rule 9006-1(e) provides in pertinent part that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) (permitting the Court to order time periods set by the Bankruptcy Rules to be reduced "for cause shown").

6. With respect to the Administrative Expense Motion, the relief sought therein is substantially similar to other motions filed by similarly situated administrative expense vendor claimants which are scheduled to be heard at the omnibus hearing scheduled for January 21, 2025 at 1:00 p.m. (the "January Omnibus Hearing"). *See e.g.,* Docket Nos. 1634, 1640, 1645 and 1659.

PMI is in position comparable to other vendors that provided goods and services to the Debtors post-petition that have not received payment in the ordinary course. As such, the factual and legal issues that will be considered with respect to those motions are the same that will need to be considered in resolving PMI's Administrative Expense Motion. Granting this Motion would promote and enhance judicial efficiency by allowing the Court to consider all similar pending administrative claims request simultaneously.

7. For the reasons outlined above, PMI submits that good cause and compelling circumstances exist warranting expedited consideration of the Administrative Expense Motion and that a prompt and simultaneous hearing is in the best interests of the Debtors, their estates, and creditors. Accordingly, PMI respectfully requests that the Administrative Expense Motion be heard on January 21, 2025 at 1:00 p.m.

8. Local Rule 9006-1(c) requires that objection deadlines with respect to motions be scheduled such that all objections be filed and served at least seven days before the hearing date. Here, the PMI seeks an objection deadline of January 14, 2025, which is seven days before the hearing in compliance with this Local Rule.

9. Under Local Rule 9006-1(e), this Court may rule on this Motion without the need for a hearing. Thus, PMI requests that this Motion be granted without further hearing.

**Compliance with Local Rule 9006-1(e)**

10. Prior to the filing of this Motion, undersigned counsel for PMI directed e-mails to counsel for each of the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the Office of the United States Trustee (the "US Trustee") requesting their respective positions with respect to this Motion.

11. The Debtors do not object to the relief request in this Motion. Undersigned counsel has not received a response from the Committee or the US Trustee.

**No Prior Request**

12. No previous request for the relief sought herein has been made by PMI to this or any other court.

**Consent to Jurisdiction**

13. Pursuant to Local Rule 9013-1(f), the PMI consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**Conclusion**

WHEREFORE, PMI respectfully requests that the Court enter an order (i) granting the relief requested herein; (ii) shortening the notice deadline for the Administrative Expense Motion, and allowing the Administrative Expense Motion to be heard on January 21, 2025 at 1:00 pm (ET); and (iii) granting such other and further relief as is just and proper.

Dated: January 10, 2025    BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings (DE 5564)
301 South College Street, Suite 2150
Charlotte, North Carolina 28202
(704) 749-8965
jarret.hitchings@bclplaw.com

*Counsel to Pro-Mart Industries, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of January 2025, I caused to be electronically filed the foregoing *Motion to Shorten Notice Period Regarding Pro-Mart Industries, Inc. Motion for Allowance and Payment of Administrative Expense Claim* using the Court's CM/ECF filing system. The CM/ECF system generated an email notice of the filing, linked to this document, to those parties registered to receive electronic notices in this case.

Dated: January 10, 2025                    BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Jarret P. Hitchings*
Jarret P. Hitchings (No. 5564)
301 S. College Street, Suite 2150
Charlotte, North Carolina 28202
(704) 749-8965
jarret.hitchings@bclplaw.com

*Counsel to Pro-Mart Industries, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No.** _____ |

## ORDER GRANTING MOTION TO SHORTEN NOTICE PERIOD REGARDING PRO-MART INDUSTRIES, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon the *Motion to Shorten Notice Period Regarding Pro-Mart Industries, Inc.'s Motion for Allowance and Payment of Administrative Expense Claim* (the "Motion")[2] of Pro-Mart Industries, Inc. ("PMI") for entry of this Order pursuant to sections 102 and 105 of the Bankruptcy Code, Bankruptcy Rules 2002, 2014, and 9006(c), and Local Rules 2014-1(b) and 9006-1(e), shortening the notice period for PMI's *Motion for Allowance and Payment of Administrative Expense Claim* [Docket No. 1669] (the "Administrative Expense Motion"), as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding

---

[1] The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 bankruptcy cases (these "Cases"), together with the last four digits of each of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

616273370

in accordance with 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The notice of the hearing on the Administrative Expense Motion required by Local Rule 2014-1(b) is hereby shortened as set forth herein.

3. Objections to approval of the Administrative Expense Motion shall be filed with the Court on or before **January 14, 2025 at 4:00 p.m. (ET)**.

4. The Administrative Expense Motion will be heard at the omnibus hearing scheduled before the Court on **January 21, 2025 at 1:00 p.m. (ET)**.

5. PMI is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.