## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>**January 24, 2025, at 4:00 p.m. (ET)**<br><br>**Hearing Date:**<br>**February 26, 2025, at 10:30 a.m. (ET)** |

## CHURCH & DWIGHT CO., INC.'S MOTION FOR ENTRY OF AN ORDER ALLOWING, AND COMPELLING PAYMENT OF, ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF

Church & Dwight Co., Inc. ("C&D"), by and through its undersigned counsel, hereby moves (this "Motion") for an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), allowing, and compelling immediate payment of, C&D's administrative expense claim in the amount of $2,369,961.00 (the "Admin Claim"). In support of this Motion, C&D respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

of Delaware, dated as of February 29, 2012. Venue is proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-l(f), C&D consents to the entry of a final order with

respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article

III of the United States Constitution to enter such final order absent consent of the parties.

3.      The bases for the relief requested herein are sections 105(a) and 503(b) of title 11

of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4.      On September 9, 2024 (the "Petition Date"), the above-referenced debtors and

debtors in possession (the "Debtors") each filed voluntary petitions under chapter 11 of the

Bankruptcy Code. The Debtors are operating their business as debtors and debtors in possession.

No trustee or examiner has been appointed.

5.      Postpetition, C&D routinely provided goods to the Debtors in the ordinary course

of business pursuant to certain purchase orders and an agreement between the Debtors and C&D.

C&D has not been paid for certain goods it delivered to the Debtors postpetition.

6.      As of January 5, 2025, the value of goods C&D provided to the Debtors following

the Petition Date total not less than $2,369,961.00.  A summary of the purchase orders past due as

of the filing of this Motion are as follows:

| Invoice # | PO # | Invoice Date | Net due date | Total Amount Owed |
|---|---|---|---|---|
| 0916497039 | 95641529 | 10/23/2024 | 11/22/2024 | 5,003.52 |
| 0916506109 | 95643209 | 10/29/2024 | 11/28/2024 | 3,816.00 |
| 0916506110 | 95643208 | 10/29/2024 | 11/28/2024 | 6,768.00 |
| 0916513734 | 0095651928 | 11/04/2024 | 12/04/2024 | 657.60 |
| 0916524226 | 0095666621 | 11/10/2024 | 12/11/2024 | 32,133.96 |
| 0916524940 | 0095666631 | 11/11/2024 | 12/11/2024 | 38,356.12 |

| Invoice # | PO # | Invoice Date | Net due date | Total Amount Owed |
|-----------|------|--------------|--------------|-------------------|
| 0916524946 | 0095670109 | 11/11/2024 | 12/11/2024 | 1,918.80 |
| 0916525456 | 0095666622 | 11/11/2024 | 12/12/2024 | 30,883.08 |
| 0916529985 | 0095670112 | 11/14/2024 | 12/14/2024 | 3,697.20 |
| 0916530317 | 0095670113 | 11/14/2024 | 12/14/2024 | 5,779.80 |
| 0916530825 | 0095670116 | 11/14/2024 | 12/14/2024 | 14,461.20 |
| 0916534163 | 0095671747 | 11/17/2024 | 12/17/2024 | 45,632.00 |
| 0916534167 | 0095676584 | 11/17/2024 | 12/17/2024 | 26,192.56 |
| 0916537425 | 0095671745 | 11/19/2024 | 12/19/2024 | 36,212.46 |
| 0916537426 | 0095671733 | 11/19/2024 | 12/19/2024 | 33,422.40 |
| 0916537427 | 0095676590 | 11/19/2024 | 12/19/2024 | 32,765.82 |
| 0916537428 | 0095671746 | 11/19/2024 | 12/19/2024 | 61,258.62 |
| 0916537429 | 0095672037 | 11/19/2024 | 12/19/2024 | 27,198.02 |
| 0916537430 | 0095676587 | 11/19/2024 | 12/19/2024 | 46,179.68 |
| 0916537931 | 0095671742 | 11/19/2024 | 12/19/2024 | 27,123.36 |
| 0916538431 | 0095676583 | 11/19/2024 | 12/19/2024 | 20,032.20 |
| 0916539185 | 0095657342 | 11/20/2024 | 12/20/2024 | 13,892.04 |
| 0916539186 | 0095671749 | 11/20/2024 | 12/20/2024 | 29,617.22 |
| 0916539187 | 0095676580 | 11/20/2024 | 12/20/2024 | 36,571.10 |
| 0916540210 | 0095676576 | 11/20/2024 | 12/20/2024 | 16,016.80 |
| 0916540211 | 0095670110 | 11/20/2024 | 12/20/2024 | 3,720.60 |
| 0916541206 | 0095676592 | 11/21/2024 | 12/21/2024 | 31,159.74 |
| 0916541207 | 0095676437 | 11/21/2024 | 12/21/2024 | 22,106.36 |
| 0916548368 | 0095692147 | 11/25/2024 | 12/26/2024 | 30,418.92 |
| 0916549122 | 0095692148 | 11/26/2024 | 12/27/2024 | 30,051.60 |
| 0916554282 | 0095691844 | 11/30/2024 | 12/30/2024 | 13,892.04 |
| 0916554597 | 0095691848 | 12/1/2024 | 12/31/2024 | 16,595.68 |
| 0916554598 | 0095691843 | 12/1/2024 | 12/31/2024 | 32,323.50 |
| 0916554599 | 0095691840 | 12/1/2024 | 12/31/2024 | 38,493.00 |
| 0916554600 | 0095691854 | 12/1/2024 | 12/31/2024 | 20,181.60 |
| 0916554601 | 0095691860 | 12/1/2024 | 12/31/2024 | 30,150.40 |
| 0916554602 | 0095691861 | 12/1/2024 | 12/31/2024 | 37,731.20 |
| 0916554603 | 0095691865 | 12/1/2024 | 12/31/2024 | 36,578.22 |

| Invoice # | PO # | Invoice Date | Net due date | Total Amount Owed |
|---|---|---|---|---|
| 0916554604 | 0095691866 | 12/1/2024 | 12/31/2024 | 10,547.66 |
| 0916554876 | 0095691857 | 12/1/2024 | 12/31/2024 | 37,731.20 |
| 0916555110 | 0095691853 | 12/1/2024 | 12/31/2024 | 32,981.44 |
| 0916555111 | 0095691845 | 12/1/2024 | 12/31/2024 | 34,598.82 |
| 0916555112 | 0095691855 | 12/1/2024 | 12/31/2024 | 20,264.40 |
| 0916555113 | 0095691856 | 12/1/2024 | 12/31/2024 | 20,264.40 |
| 0916555114 | 0095691858 | 12/1/2024 | 12/31/2024 | 36,916.00 |
| 0916555486 | 0095691851 | 12/2/2024 | 01/01/2025 | 41,086.86 |
| 0916555487 | 0095691847 | 12/2/2024 | 01/01/2025 | 19,985.40 |
| 0916555488 | 0095691846 | 12/2/2024 | 01/01/2025 | 37,731.20 |
| 0916555489 | 0095691839 | 12/2/2024 | 01/01/2025 | 32,128.60 |
| 0916555490 | 0095691838 | 12/2/2024 | 01/01/2025 | 23,452.20 |
| 0916555491 | 0095691862 | 12/2/2024 | 01/01/2025 | 55,347.36 |
| 0916555492 | 0095691863 | 12/2/2024 | 01/01/2025 | 51,037.14 |
| 0916555493 | 0095691800 | 12/2/2024 | 01/01/2025 | 14,126.34 |
| 0916556484 | 0095691867 | 12/2/2024 | 01/01/2025 | 14,341.74 |
| 0916557239 | 0095691852 | 12/3/2024 | 01/02/2025 | 29,125.60 |
| 0916557240 | 0095691841 | 12/3/2024 | 01/02/2025 | 62,049.84 |
| 0916560132 | 0095693284 | 12/4/2024 | 01/03/2025 | 5,431.68 |
| 0916560133 | 0095693286 | 12/4/2024 | 01/03/2025 | 4,375.52 |
| 0916560892 | 0095691864 | 12/5/2024 | 01/04/2025 | 48,279.96 |
| 0916560893 | 0095691842 | 12/5/2024 | 01/04/2025 | 46,847.40 |
| 0916560894 | 0095693283 | 12/5/2024 | 01/04/2025 | 4,526.40 |
| 0916561768 | 0095693287 | 12/5/2024 | 01/04/2025 | 3,611.69 |
| 0916561769 | 0095693285 | 12/5/2024 | 01/04/2025 | 943.00 |
| 0916569518 | 0095691850 | 12/11/2024 | 01/10/2025 | 23,756.04 |
| 0916569519 | 0095691834 | 12/11/2024 | 01/10/2025 | 19,706.40 |
| 0916569520 | 0095691836 | 12/11/2024 | 01/10/2025 | 21,250.80 |
| 0916569521 | 0095691837 | 12/11/2024 | 01/10/2025 | 31,507.20 |
| 0916569522 | 0095691804 | 12/11/2024 | 01/10/2025 | 23,831.00 |
| 0916569523 | 0095691806 | 12/11/2024 | 01/10/2025 | 30,930.40 |
| 0916569524 | 0095691808 | 12/11/2024 | 01/10/2025 | 19,706.40 |

| Invoice # | PO # | Invoice Date | Net due date | Total Amount Owed |
|---|---|---|---|---|
| 0916570902 | 0095691805 | 12/11/2024 | 01/10/2025 | 20,218.32 |
| | | | **Total:** | **1,817,630.83** |

7.      In addition, certain purchase orders will become past due shortly following the filing of this Motion.  A summary of those purchase orders are as follows:

| Invoice # | PO # | Invoice Date | Net due date | Total Amount Owed |
|---|---|---|---|---|
| 0916571986 | 0095691802 | 12/12/2024 | 01/11/2025 | 33,314.00 |
| 0916571987 | 0095691803 | 12/12/2024 | 01/11/2025 | 37,731.20 |
| 0916571988 | 0095691807 | 12/12/2024 | 01/11/2025 | 33,652.68 |
| 0916572554 | 0095691801 | 12/12/2024 | 01/11/2025 | 25,680.12 |
| 0916572555 | 0095691811 | 12/12/2024 | 01/11/2025 | 26,748.24 |
| 0916572877 | 0095691809 | 12/12/2024 | 01/11/2025 | 29,636.42 |
| 0916572878 | 0095691810 | 12/12/2024 | 01/11/2025 | 29,478.80 |
| 0916575236 | 0095718240 | 12/14/2024 | 01/13/2025 | 37,468.00 |
| 0916576515 | 0095691835 | 12/15/2024 | 01/14/2025 | 37,731.20 |
| 0916576905 | 0095718239 | 12/16/2024 | 01/15/2025 | 37,731.20 |
| 0916576906 | 0095718479 | 12/16/2024 | 01/15/2025 | 21,487.44 |
| 0916576907 | 0095718481 | 12/16/2024 | 01/15/2025 | 17,396.32 |
| 0916576908 | 0095718480 | 12/16/2024 | 01/15/2025 | 23,548.60 |
| 0916578571 | 0095718482 | 12/16/2024 | 01/15/2025 | 18,371.04 |
| 0916579340 | 0095718241 | 12/17/2024 | 01/16/2025 | 37,731.20 |
| 0916579864 | 0095718484 | 12/17/2024 | 01/16/2025 | 22,806.66 |
| 0916581174 | 0095714456 | 12/18/2024 | 01/17/2025 | 2,241.00 |
| 0916583018 | 0095718485 | 12/19/2024 | 01/18/2025 | 24,029.80 |
| 0916583019 | 0095718242 | 12/19/2024 | 01/18/2025 | 36,983.04 |
| 0916584060 | 0095718483 | 12/19/2024 | 01/18/2025 | 18,563.96 |
| | | | **Total:** | **552,330.92** |

8.      The Admin Claim is comprised of those purchase orders past due and those purchase orders that will become due shortly after filing this Motion.[2]

9.      Upon information and belief, the goods provided by C&D were used as merchandize for sale in the Debtors' business.

## RELIEF REQUESTED

10.     C&D respectfully requests that the Court enter the Proposed Order attached hereto as **Exhibit A** allowing, and compelling immediate payment of, the Admin Claim.

## BASIS FOR RELIEF

11.     The Bankruptcy Code addresses when an administrative expense claim must be allowed:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . , including —
>
> (l)(A) the actual, necessary costs and expenses of preserving the estate . . . .

11 U.S.C. § 503(b)(1)(A).  To qualify as an administrative expense, an expense must therefore (i) arise from a postpetition transaction with a debtor and (ii) be beneficial to the debtor's business operations.  *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741-42 (3d Cir. 2021); *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314-315 (3rd Cir. 2011).  Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have second priority. *See* 11 U.S.C. § 507(a)(2).

12.     A debtor's postpetition use of goods may be sufficient to establish that such use is an actual, necessary expense of preserving a debtor's estate.  *In re Bluestem Brands, Inc.*, Case

---

[2]     Upon information and belief, the Debtors have copies of the purchase orders.  C&D does not attach the purchase orders to this Motion as they are voluminous.  Copies of the purchase orders can be provided upon reasonable request and may be provided in advance of (or at) the hearing on the Motion to the extent a hearing is necessary.

No. 20-10566, 2021 WL 3174911, at *5 (Bankr. Del. July 27, 2021) ("In this case, it is undisputed that the Vendors' goods were physically received by the Debtors after commencement of the bankruptcy cases and were beneficial and necessary to preserving the estate, as the Debtors resold those goods and used the proceeds."); *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 614 (Bankr. D. Del. 2008) (holding that post-petition occupation of non-residential real property established that payment for such use was an actual, necessary expense of preserving the debtors' estates) (citing *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990)). In the absence of evidence to the contrary, goods or services exchanged at the contracted rate are presumed to be at fair market value, such that the contract rate is presumed to be the "value" for purposes of section 503(b). *In re Smurfit Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010).

13.    Here, the Admin Claim should be allowed as an administrative expense claim under 11 U.S.C. § 503(b).  As evidenced by the invoice date for each purchase order, C&D delivered numerous goods after the Petition Date, during which the Debtors largely continued to operate their business in the ordinary course.  Those goods, without question, benefitted the Debtors' estates.  On information and belief, the Debtors have already sold (or intend to sell) the goods provided by C&D.  Even if they haven't, the goods provided by C&D may be assets purchased in any postpetition sale.  Consequently, those goods benefitted the estate, and the amounts for which should be allowed as an administrative expense claim under 11 U.S.C. § 503(b).  Notably, the Debtors appear to concede this fact. *See Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From PostPetition Delivery of Goods*

*Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Kentexs, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 11] ¶ 40 ("The Debtors submit that, pursuant to section 503(b)(1) of the Bankruptcy Code, obligations that arise in connection with the post-petition delivery of desired and necessary Goods, including Goods ordered prepetition, are in fact administrative expense priority claims in virtually all instances.").  For these reasons, the Admin Claim should be allowed under 11 U.S.C. § 503(b).

14.     C&D further requests that this Court compel immediate payment of the Admin Claim.  This Court has the discretion to do so.  *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005).  In making this determination, the court may consider the prejudice and hardships of the parties as well as the goal of obtaining an orderly and fair distribution among creditors.  *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).

15.     Here, the Debtors should be compelled to immediately pay the Admin Claim. Without payment of the substantial Admin Claim, C&D risks nonpayment in a case where its Allowed Claim is entitled to receive payment in full for providing an actual and necessary benefit to the Debtors' estates.  Nonpayment, let alone the lack of immediate payment, would significantly harm and prejudice C&D, which itself needs to operate its business, pay and otherwise satisfy its own contracts, and fulfill orders of other customers.  Importantly, if the Admin Claim is allowed in full, immediate payment would not harm other parties as it would be paid in full at some point. At bottom, C&D does not believe the Debtors should be permitted to risk C&D's business, and therefore believes the Admin Claim should be immediately paid.

16.     In addition, C&D is aware that the Debtors obtained postpetition financing in these chapter 11 cases. Upon information and belief, the Debtors had budgeted for payment of certain postpetition delivery claims such as the Admin Claim.  C&D relied on those representations when it delivered goods to the Debtors—goods the Debtors didn't reject and otherwise used to benefit their business and estates.  C&D is also aware the Debtors recently filed a budget to pay certain administrative expense claims [D.I. 1434].  Such budget suggests vendors such as C&D will not be paid, but the Debtors should not be permitted to pay certain administrative claims and ignore the Admin Claim reflecting the substantial amount of goods C&D delivered to the Debtors postpetition.  For the following reasons, this Court should compel immediate payment of the Admin Claim.

## **RESERVATION OF RIGHTS**

17.     C&D reserves all rights with respect to this Motion and Admin Claim, including, but not limited to, the right to amend, update or supplement this Motion or Admin Claim.  C&D further reserves all rights to file additional requests for allowance of administrative expense claims. By filing this Motion, C&D does not waive any claims against the Debtors.

## **NOTICE**

18.     Notice of this Motion will be provided to: (i) the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Official Committee of Unsecured Creditors; and (iv) all parties that have noticed their appearances in this case pursuant to Bankruptcy Rule 2002.  In light of the relief requested, C&D submits that no further notice is required.

WHEREFORE, C&D respectfully requests that the Court enter the Proposed Order attached hereto as **Exhibit A** allowing, and compelling immediate payment of, the Admin Claim, and granting other and further relief as the Court deems just and necessary.

Dated: January 10, 2025
Wilmington, Delaware

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Tori L. Remington*
Tori L. Remington (DE No. 6901)
Hercules Plaza
1313 Market Street, Suite 1000
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
E-mail: tori.remington@troutman.com

-and-

Francis J. Lawall (*pro hac vice* forthcoming)
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4451
Email: francis.lawall@troutman.com

*Counsel to Church & Dwight Co., Inc.*