## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*,[1] | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | **Obj. Deadline: January 28, 2025 at 4:00 p.m.** |
|  | : | **Hearing Date: February 26, 2025 at 10:30 a.m.** |
|  | : |  |
|  | : |  |

## MOTION OF BAYSHORE MALL 1A, BAYSHORE MALL 1B, LLC, AND BAYSHORE MALL 2, LLC TO COMPEL IMMEDIATE PAYMENT OF POST-PETITION RENT AND LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)

Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC (together, "Bayshore") (c/o Pintzuk Organization)[2], successor in interest to Bayshore Mall Acquisition, LLC, by and through its undersigned counsel, hereby files this *Motion of Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC to Compel Immediate Payment of Post-Petition Rent and Lease Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* ("Motion") seeking an order substantially in the form attached hereto, compelling immediate payment of post-petition rent and other obligations related to the Lease for Big Lots Store #1775 (defined below) in accordance with 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and in support thereof respectfully represents as follows:

---

[1] The debtors and debtors in possession in these Chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Bayshore has been previously identified by the Debtors in the Potential Assumed Contract Schedule appended to the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount filed by the Debtors as "Pintzuk Organization". ECF No. 511.

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

## SUMMARY OF ARGUMENT

3.      Section 365(d)(3) of the Bankruptcy Code requires a debtor-in-possession to pay timely all post-petition rent and related charges until an unexpired lease is rejected. See 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such leases are assumed or rejected, notwithstanding section 503(b)(l) of this title").

4.      As this Court explained in *In re Sportsman's Warehouse, Inc.*, the "debtor's use and occupancy of leased premises post-petition is an actual and necessary expense of preserving the estate" giving rise to an administrative expense under section 503(b) of the Bankruptcy Code to the extent of "the actual value or benefit the debtor is receiving." 436 B.R. 308, 315 (Bankr. D. Del. 2009). The rent payable to a landlord is "presumed to be the contract rate of rent" and the landlord is also entitled to real-estate taxes, payable as administrative expenses. *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 20 (Bankr. D. Del. 2010); *see also In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) ("When third parties are induced to supply goods or services to the debtor-in-possession ... the purposes of [Section 503] plainly require that their claims be afforded priority.").

## BACKGROUND FACTS AND RELIEF REQUESTED

5.      Bayshore is the owner of the real property located at 3845 Bayshore Rd., Cape May, New Jersey 08204 (the "Property"), consisting of commercial space in a shopping center mall.

6.      The Debtors utilize the Property as Big Lots Store #1775 pursuant to the lease by and between the Debtors (through Big Lots Stores, LLC) and Bayshore Mall Acquisition, LLC dated May 7, 2003, as renewed, amended, assigned, and/or modified (the "Lease").[3] *See* Lease, attached hereto as Exhibit "A".

7.      Bayshore purchased the Property from Bayshore Mall Acquisition, LLC in March 2004. *See* Deed, attached hereto as Exhibit "B". Bayshore Mall Acquisition, LLC assigned all leases for the Property, including the Lease, to Bayshore as part of the sale.

8.      On or around August 1, 2024, the Debtors stopped meeting their obligations under the Lease, including but not limited to making full, timely rent payments.

9.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

10.      On September 10, 2024, the Bankruptcy Court directed joint administration, but not substantive consolidation, of the Debtors' bankruptcy cases. ECF No. 95.

11.      On September 23, 2024, the United States Trustee appointed an Official Committee of Unsecured Creditors in connection with the Debtors' bankruptcy cases.  ECF No. 248.

---

[3] The original Lease, attached hereto as Exhibit A, between Bayshore and Big Lots Stores, LLC, has been renewed, amended, assigned, and/or modified at least three times, including but not limited to: (i) on or around July 31, 2008 (Option 1 renewal notification deadline); (ii) on or around July 31, 2013 (Option 2 renewal notification deadline); (iii) on or around July 31, 2018 (Option 3 renewal notification deadline); (iv) on or around July 31, 2023 (Option 4 renewal notification deadline).

12.     The Debtors' proposed going-concern Asset Sale to Nexus Capital Management, LP ("Nexus") failed. The Debtors were able to obtain approval, on or about January 2, 2025, of an Order Approving the Sale of Certain of the Debtors' Assets to Gordon Brothers Retail Partners, LLC ("Sale Order") (ECF No. 1556).

13.     On information and belief, as of the date of the filing of the instant Motion, the Lease has not been assumed or rejected, and the Debtors remain in possession of the Property and continue to enjoy its full use and occupation.

14.     Pursuant to the Lease, the Debtor is currently obligated to pay Bayshore fixed minimum rent of $17,925.00 per month ("Monthly Rent"), monthly estimated common area maintenance charges ("CAM") of $2,868.00, monthly estimated real estate taxes of $3,808.00, monthly estimated insurance of $3,166.00, and other charges totaling $27,767.00 ("Monthly Rent and Obligations"). Under the Lease, Monthly Rent and Obligations are due and payable the first of every month.

15.     On or about January 10, 2025, the Debtors paid stub rent for the period of September 9 through September 20, 2024 in the amount of $20,099.57.

16.     Bayshore is entitled to be paid for unpaid post-petition Monthly Rent, CAM, insurance, taxes that have come due since October 1, 2024.

17.     The Debtors have paid a portion of the Monthly Rent and Obligations that have come due for October, November and December 2024 and January 2025.  As previously stated, the Monthly Rent and Obligations are $27,767.00. The Debtors paid the sum of $27,408.50 respectively on October 2, November 5 and December 4, 2024. The Debtors underpaid each of these Monthly Rent and Obligations by $358.50 for a total of $1,075.50. Additionally, the Debtors paid Bayshore $9,483.50 on January 6, 2025, which was applied to the CAM, monthly estimated

real estate taxes, and monthly estimated insurance for January 2025, but has failed to pay Monthly Rent of $17,925.00 due for January 2025. *See* Lease Statement Ledger, attached hereto as Exhibit "C".

18.     Accordingly, Bayshore is entitled to be paid for unpaid post-petition Monthly Rent, CAM, insurance, taxes that have come due since October 1, 2024, currently in the amount of $19,000.50.

19.     Accordingly, The Court should enter an order compelling immediate payment by Debtors to Bayshore of all unpaid post-petition Monthly Rent and Obligations that have come due under the Lease pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1)(A).

## ARGUMENT

20.     Allowance and payment of an administrative expense claim under section 503(b) is appropriate as the Debtors' use and occupancy of the Property is a necessary expense of preserving the estate. The Debtors' use and occupancy of the Property after the Petition Date is manifest. The Debtors continue to use and occupy the premises to the exclusion of Bayshore. Moreover, as the U.S. Court of Appeals for the Third Circuit has indicated: "The mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under section 503(b)(1)." *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990).

21.     Bayshore is also entitled to immediate payment of all post-petition rent and additional rent obligations as they come due under the Lease pursuant to 11 U.S.C. § 365(d)(3). The current monthly amount due on the first of the month under the Lease is $27,767.00, consisting of Monthly Rent of $17,925.00 per month, monthly estimated CAM charges of $2,868.00, monthly estimated real estate taxes of $3,808.00, and monthly estimated insurance of $3,166.00, and other

charges. The Debtors underpaid the Monthly Rent and Obligations due from October through December 2024 by a total of $1,075.50. For January 2025, the Debtors only paid CAM, estimated taxes and estimated insurance in the amount of $9,483.50, but not Monthly Rent, leaving a shortfall of $17,925.00.  Accordingly, Bayshore is entitled to be paid for unpaid post-petition Monthly Rent, CAM, insurance, taxes that have come due since October 1, 2024, currently in the amount of $19,000.50.

22.     The Debtor should be compelled to immediately pay the unpaid post-petition Monthly Rent, CAM, insurance and taxes as they come due pursuant to 11 U.S.C. § 365(d)(1).

23.     Moreover, Bayshore requests an order compelling the Debtors to timely pay all future obligations arising under the Lease as and when they come due.

24.     In addition, Bayshore is entitled to adequate protection under 11 U.S.C. §§ 361 and 363(e) due to the Debtors' continuing use of the Property.

25.     Bayshore joins in the arguments of other landlords also seeking to compel immediate payment of post-petition stub-rent and post-petition rent and other obligations to the extent not inconsistent herewith.

26.     Bayshore requests that the Court direct the Debtors to make immediate payment of unpaid post-petition Lease obligations as and when they come due in accordance with the terms of the Lease. Failing that, the Court should prohibit the Debtors from paying any administrative expenses incurred by or with respect to any person, including the Debtors' professionals, unless the Debtors can adequately assure the Court that they are not, and will not become, administratively insolvent.

## **RESERVATION OF RIGHTS**

27.     Bayshore reserves its right to further amend, modify, or supplement this Motion,

including, without limitation, adding any obligations that accrue, arise, or are related to the pre-

assumption period that subsequently become known to Bayshore or that become defaulted with

the passage of time. Bayshore further reserves its rights to raise any additional objections to

assumption of the Lease, including the ability of any proposed assignee to perform and to provide

the necessary adequate assurance information. Bayshore expressly reserves all rights and remedies

at law or in equity against the Debtors and nothing contained herein is intended to or should be

construed to limit Bayshore's rights, remedies, or interests with respect to the Lease.

WHEREFORE, Bayshore respectfully requests that the Court grant this Motion and enter

the attached Order and grant such other and further relief that the Court deems just and proper.

Respectfully submitted,

Dated: January 14, 2025          By: */s/ Leslie B. Spoltore*
Leslie B. Spoltore, Esquire
Edmond M. George, Esquire (*pro hac vice*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
123 South Justison Street, Suite 100
Wilmington, DE 19801
Phone: (302) 238-6947
Email: leslie.spoltore@obermayer.com
          edmond.george@obermayer.com

*Counsel to Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC*