IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Big Lots, Inc., et. al., | : | Case No. 24-11967 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Obj. Deadline: January 28, 2025 |
| | : | Hearing Date: February 26, 2025 @ 10:30 p.m. |

**EAST WEST IMPORT EXPORT, INC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

East West Import Export, Inc. ("East West" or "Claimant") by its undersigned attorneys, files this Motion for Allowance and Payment of Administrative Expense Claim, and in support hereof states as follows:

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b).

3. East West consents to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for relief requested in this Motion are sections 503(b) and 507(a)(2) of the Bankruptcy Code.

**FACTUAL BACKGROUND**

5. East West is a vender and supplier of candles to the Debtors.

1

6. On September 9, 2024 (the "Petition Date") the Debtors commenced the above-referenced jointly administered bankruptcy cases under Chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their businesses as debtors in possession. No trustee or examiner has been appointed. On September 23, 2024, the U.S. Trustee filed a notice of appointment of a committee of unsecured creditors [D.I. 248].

8. On the Petition Date, the Debtors filed that certain *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expenses Status to Debtors' Undisputed Obligations to Vendors Arising From Post Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [D.I. 11] (the "Critical Vendor Motion"). Per the Critical Vendor Motion, in order to preserve the going concern value of the estate, the Debtors requested authority to pay the prepetition claims of certain vendors, suppliers and service providers in part in recognition of the importance of Debtors' relationships with such vendors, suppliers, and service providers and their desire that the bankruptcy cases have as little effect on the Debtors' ongoing businesses and operations as possible.

9. As the Debtors explained in the Critical Vendor Motion:

> The Debtors strongly believe that the uninterrupted supply of Goods and Services, on Customary Trade Terms, and the continuing support of their customers are imperative to the Debtors' ongoing businesses and operations and the preservation and maximization of the value of the Debtors' estates. The continued availability of trade credit, in amounts and on terms consistent with those that Debtors have worked hard to obtain over time, is also clearly advantageous to the Debtors, as it allows the Debtors to maintain and enhance

necessary liquidity and to focus on retuning to profitability and preserving and maximizing the value of the Debtors. (Critical Vendor Motion at 20).

10. Also on the Petition Date, the Debtors filed a *Motion to Approve Debtor in Possession Financing* [D.I. 19] (the "DIP Financing Motion").

11. On September 10, 2024, the Bankruptcy Court entered an interim order [D.I. 106] (the "Interim Critical Vendor Order"), *inter alia*, authorizing the Debtors, under certain conditions, to pay prepetition claims of certain vendors, suppliers, and service providers.

12. On October 9, 2024, the Court entered a final order [D.I. 463] (the "Final Critical Vendor Order"), *inter alia*, authorizing the Debtors to pay prepetition claims of certain vendors on a final basis. The Final Critical Vendor Order provides, *inter alia*:

> The Debtors' Prepetition Order Vendors shall be granted administrative expense claims **with priority status**, pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code, with respect to those obligations of the Debtors for Goods delivered to and accepted by the Debtors on or after the Petition Date under Prepetition Orders that the Debtors determine are valid claims against the Debtors estates. (emphasis added).

13. On October 22, 2024, the Court entered the Final DIP Order [D.I. 584].

14. East West and Debtors entered into a Critical Vendor Agreement (the "EW CV") attached hereto as **Exhibit B** and dated December 4, 2024 providing, *inter alia*, that Debtors would pay for post-petition goods provided by East West on 2% net thirty (30) days or net forty-five (45) days.

15. The EV CV provides that, "The agreed-upon amount of your prepetition claims (net of any setoffs, credits, or discounts) that the Company has agreed to pay in recognition of your critical vendor status, is $45,000.00 (the " **Vendor Settled Claim**").

16. East West received purchase orders from Debtors before and after the Petition Date and fulfilled those orders post-petition in the ordinary course of business.

17. Debtors placed post-petition orders for goods from East West which were delivered but were not paid for by Debtors. East West is therefore a post-petition trade creditor of Debtors.

18. Post-petition East West delivered goods with a purchase price and value of no less than $201,289.46 (the "Post-Petition Invoices"). Debtors proposed to pay $45,000.00, approximately half of East West's pre-petition administrative claim in the amount of $91,440.28, which East West has agreed to. Therefore, the total amount of East West's administrative claim is $246,289.46, plus attorneys' fees and interest thereon ("EW Administrative Claim"). East West filed a Proof of Claim in this case attaching a summary of the unpaid invoices owed by Debtors to East West on October 15th, 2024.

19. East West seeks allowance and immediate payment of the EW Administrative Claim.

**RELIEF REQUESTED**

*i. Claimant is Entitled to Payment for Its Administrative Expense Claim for Goods Ordered by, and Delivered to, the Debtors Post-Petition.*

20. Section 503(b) of the Bankruptcy Code mandates the allowance of an administrative expense for ". . . the actual, necessary costs and expenses of preserving the estate. . . ." 11 U.S.C. 503(b)(1)(A). To qualify as an administrative expense, an expense "must arise from a [post-petition] transaction with the debtor-in-possession" and "must be beneficial to the debtor-in-possession in the operation of the business." In re Marcal Paper Mills, Inc., 650 F.3d 311, 314-15 (3rd Cir. 2011); see also Calpine Corp. v. O'Brien Env't Energy, Inc. (In re O'Brien Env't Energy, Inc.), 181 F.3d 527, 532–33 (3d Cir. 1999) (noting that, to establish a priority claim under section 503(b)(1)(A) of the Bankruptcy Code, the debt must arise post-petition and benefit the estate) (citations omitted).

21. The Claimant's Administrative Expense Claim arises from goods ordered and delivered post-petition. These goods sustained the Debtors' business and were a part of the inventory that was sold for valuable consideration to Gordon Brothers Retail Partners, LLC, pursuant to the transaction approved by the Court on January 2, 2025 [D.I. 1556].

22. Therefore, the Claimant's Administrative Expense Claim for post-petition deliveries should be allowed as an actual, necessary cost and expense of preserving the estate.

### ii. The Court Should Compel Prompt Payment of Claimant's Administrative Expense Claim.

23. The Court has discretion to require that Claimant's Administrative Expense Claim be paid promptly. See In re Garden Ridge Corp., 323 B. R. 136, 143 (Bankr. D. Del. 2005). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." Id. "Courts will also consider the particular needs of each administrative claimant and the length and expense of the case's administration." In re NE OPCO, Inc., 501 B.R. 233, 259 (Bankr. D. Del. 2013) (internal citations omitted). "To qualify for exceptional immediate payment, a creditor must show that 'there is a necessity to pay and not merely that the Debtor has the ability to pay.'" In re Global Home Products, 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006) (citing In re Continental Airlines, 146 B.R. 520, 531 (Bankr. D. Del

24. Claimant is a distributor. In order to fulfill the Debtors' post-petition orders, Claimant incurred significant costs and expenses; namely, Claimant had to purchase the goods for delivery to the Debtors. Claimant will suffer hardship if its Administrative Expense Claim is not paid promptly. In reliance on the Debtors' representations that they had the ability, authority, and intent to timely pay Claimant for post-petition deliveries, Claimant agreed to, and delivered,

$1,021,403.96 in goods. These receivables, constituting the Administrative Expense Claim, are large in proportion to the size of Claimants' business.

25. Claimant submits that there would be no meaningful prejudice to other creditors if Claimant's Administrative Expense Claim were paid promptly.

26. The totality of the circumstances supports compelling the Debtors to pay Claimant's Administrative Expense Claim promptly, to prevent prejudice to the Claimant. Accordingly, Claimant requests that its Administrative Expense Claim be paid within seven (7) days after the entry of this Court's order granting the Motion.

## RESERVATION OF RIGHTS

27. By filing this Motion and asserting its Administrative Expense Claim, Claimant does not waive any rights related to the matters herein, including the right to submit this claim to insurance.

## CONCLUSION

WHEREFORE, East West Import Export, Inc. respectfully requests that this Court enter an order that, substantially the form attached hereto as **Exhibit A** (i) allowing the EW Administrative Claim in the amount of $246,289.46, plus attorneys' fees and interest thereon (in amounts to be shown prior to or at hearing on this Motion) as an administrative expenses priority claim pursuant to Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, (ii) compelling the Debtors to pay the EW Administrative Claim in full within seven (7) days of the date of an order entered hereon or earlier; and (iii) granting East West such other and further relief as is just and equitable.

| | |
|---|---|
| Dated: January 14th, 2025<br>Wilmington, DE | Respectfully submitted,<br><br>**WERB & SULLIVAN**<br><br>*/s/ Brian A. Sullivan*<br>Brian A. Sullivan (DE Bar No. 2098)<br>1225 N. King Street, Suite 600<br>Wilmington, DE 19801<br>Phone: 302-652-1100<br>Fax: 302-652-1111<br>bsullivan@werbsullivan.com<br><br>*Counsel to East West Import Export, Inc.* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Big Lots, Inc., et. al., | : | Case No. 24-11967 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Obj. Deadline: January 28, 2025 |
| _____ | : | Hearing Date: February 26, 2025 @ 10:30 p.m. |

**NOTICE OF EAST WEST IMPORT EXPORT, INC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

**PLEASE TAKE NOTICE** that, on January 14, 2025, East West Import Export, Inc. filed a Motion for Allowance and Immediate Payment of Administrative Claim Pursuant to 11 U.S.C. 503 (b)(1)(A) (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion are required to be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 by January 28, 2025, at 4:00 p.m. (ET)(the "Objection Deadline").

**A HEARING ON THE MOTION WILL BE HELD ON** February 26, 2025 at 10:30 p.m. **(ET) BEFORE THE HONORABLE J. KATE SICKLES U.S. BANKRUPTCY JUDGE, U.S. BAKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 5th FLOOR, COURTROOM NO. 6, WILMINGTON, DELAWARE 19801**.

**PLEASE TAKE FURTHER NOTICE, IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS OTICE, THE BANKRUPTCY COURT MAY GRANT THE RELEIF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: January 14th, 2025
      Wilmington, DE

                              **WERB & SULLIVAN**

                              */s/ Brian A. Sullivan*
                              Brian A. Sullivan (DE Bar No. 2098)
                              1225 N. King Street, Suite 600
                              Wilmington, DE 19801
                              Phone: 302-652-1100
                              Fax: 302-652-1111
                              bsullivan@werbsullivan.com

                              *Counsel to East West Import Export, Inc.*

## **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Big Lots, Inc., et. al., | : | Case No. 24-11967 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Obj. Deadline: January 28, 2025 |
| | : | Hearing Date: February 26, 2025 @ 10:30 p.m. |

## ORDER GRANTING EAST WEST IMPORT EXPORT, INC'S MOTION FOR ALLOWANCE AND PAYMENT OF <u>ADMINISTRATIVE CLAIM</u>

Upon consideration of the *EAST WEST IMPORT EXPORT, INC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM*; and the Court having determined that the legal and factual bases set forth in the Motion establish sufficient cause for the relief granted herein; accordingly,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED;

2. East West Import Export, Inc. is granted an allowed Administrative Claim in the amount of $246,289.46, plus attorneys' fees and interest thereon (in amounts to be shown prior to or at hearing on this Motion) as an administrative expenses priority claim pursuant to Sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

3. The Debtors be compelled to pay the EW Administrative Claim in full within seven (7) days of the date of an order entered hereon or earlier

## **EXHIBIT B**

| PO | Invoice | Amount | Ship Date | Status |
|---|---|---|---|---|
| 95385699 | 22155 | $19,663.82 | 10/31/2024 | Received for processing |
| 95453267 | 22179 | $19,511.46 | 11/4/2024 | Schedule 12/4/24 |
| 95610439 | 22180 | $15,877.08 | 11/4/2024 | Schedule 12/4/24 |
| 95610426 | 22181 | $22,827.86 | 11/5/2024 | Schedule 11/30/24 |
| 95385699 | 22182 | $18,119.94 | 10/31/2024 | Schedule 12/6/24 |
| 95385700 | 22183 | $20,280.06 | 10/31/2024 | Schedule 12/6/24 |
| 95610284 | 22185 | $19,851.84 | 11/14/2024 | Received for processing |
| 95644861 | 22186 | $8,503.20 | 11/5/2024 | Schedule 1/16/25 |
| 95644863 | 22187 | $7,077.00 | 11/5/2024 | Schedule 12/18/24 |
| 95453266 | 22190 | $12,754.80 | 11/20/2024 | Schedule 1/9/25 |
| 95385701 | 22191 | $14,514.58 | 11/5/2024 | Received for processing |
| 95610426 | 22192 | $22,307.82 | 11/5/2024 | Schedule 12/5/24 |

TOTAL:              $201,289.46

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Big Lots, Inc., et. al., | : | Case No. 24-11967 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Obj. Deadline: January 28, 2025 |
| _____ | : | Hearing Date: February 26, 2025 @ 10:30 p.m. |

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I caused a copy of the East West Import Export, Inc.'s Motion for Allowance and Payment of Administrative Claim to be served on all parties that are registered to receive notice via the Court's CM/ECF notification system including the following:

Robert J. Dehney, Sr.
Andrew R. Remming
Daniel B. Butz
Tamara K. Mann
Sophie Rogers Churchill
Casey B. Sawyer
**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 N. Market Street, 16th Floor
Wilmington, DE 19801
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com
biglots.mnat@morrisnichols.com

*Counsel to the Debtors*

Brian M. Resnick, Esq.,
Adam L. Shpeen, Esq.
Stephen D. Piraino, Esq.
Jonah A. Peppiatt, Esq.
Ethan Stern, Esq.
**Davis Polk & Wardwell LLP**
450 Lexington Avenue
New York, NY 10017
notice.biglots@davispolk.com

| | |
|---|---|
| Chad B. Simon, Esq.<br>James V. Drew, Esq.<br>Sarah L. Hautzinger, Esq.<br>**Otterbourg P.C.**<br>230 Park Avenue New York, NY 10169<br>CSimon@otterbourg.com<br>JDrew@otterbourg.com<br>shautzinger@otterbourg.com<br><br>*Counsel to the Committee* | John H. Knight, Esq.<br>**Richards, Layton & Finger**, P.A.<br>920 N. King Street<br>Wilmington, DE 19801<br>knight@rlf.com |

Dated: January 14th, 2025
Wilmington, DE

**WERB & SULLIVAN**

*/s/ Brian A. Sullivan*
Brian A. Sullivan (DE Bar No. 2098)
1225 N. King Street, Suite 600
Wilmington, DE 19801
Phone: 302-652-1100
Fax: 302-652-1111
bsullivan@werbsullivan.com