**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF COREY MIDDLETON IN SUPPORT OF MOTION OF TEMPUR
SEALY INTERNATIONAL, INC. FOR ALLOWANCE AND
IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

I, Corey Middleton, submit this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746, and declare as follows to the best of my knowledge, information, and belief:

1.      I am the Director, AR and AP Shared Services for Tempur Sealy International, Inc. and its affiliates (collectively, "TSI"), a creditor of the Debtors.

2.      I am authorized to submit this Declaration on behalf of TSI and in support of its *Motion for Allowance and Immediate Payment of Administrative Expense Claim* (the "Motion").[1]

3.      All facts set forth in this Declaration are based upon my personal knowledge and review of relevant documents maintained by TSI in the ordinary course of business. If called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

4.      I am familiar with TSI's business relationship with the Debtors and with TSI's accounting and recordkeeping practices with respect to the Debtors' account.

5.      The Debtors and TSI are parties to the following agreements (collectively, the "Agreements"):

- Sealy Retailer Agreement, entered into May 15, 2019, as amended by the First Amendment to Sealy Retailer Agreement, entered into February 1, 2021 and

---

[1] Capitalized terms used herein but undefined shall have the meanings ascribed to them in the Motion.

Second Amendment to Sealy Retailer Agreement, entered into August 11, 2021

- Statement of Work, entered into September 16, 2019, as amended by the First Amendment to Statement of Work, entered into January 20, 2020
- Dealer Agreement, signed September 28, 2004
- Trailer Interchange Agreement, entered into March 30, 2020
- Trademark Sublicense Agreement, effective August 1, 2021

6.      Pursuant to the terms of the Agreements, the Debtors purchase from TSI certain Tempur Sealy branded bedding products under the trademarks and trade names of Tempur-Pedic®, Sealy® and Stearns & Foster® (collectively, the "Goods" or "Tempur Products").

7.      As of the Petition Date, the Debtors owed TSI not less than $4,095,504.70 under the Agreements (the "Pre-Petition Claim").[2]

8.      On and after the Petition Date, TSI and the Debtors maintained their ordinary business relationship, with TSI continuing to sell the Goods to the Debtors.

9.      On October 28, 2024, the Debtors and TSI entered into that certain agreement addressing TSI's critical vendor status (the "Critical Vendor Letter Agreement"). Under the Critical Vendor Letter Agreement, in recognition of TSI's critical vendor status, the Debtors agreed to pay TSI $2,260,081.00[3] (the "Critical Vendor Claim") within 60 days of October 28, 2024 and in exchange TSI agreed to continue to provide Tempur Products to the Debtors post-Petition Date in accordance with Customary Trade Terms (as defined in the Critical Vendor Letter Agreement).

10.     In reliance upon the Critical Vendor Letter Agreement, the Critical Vendor Order and the representations of the Debtors, TSI continued in good faith to conduct business with the Debtors post-Petition-Date despite TSI's already significant outstanding Pre-Petition Claim.

---

[2] The Pre-Petition Claim includes amounts arising under section 503(b)(9) of the Bankruptcy Code.
[3] The Critical Vendor Claim represents the agreed priority amount of TSI's significant pre-Petition Date claim to be paid by the Debtors pursuant to the Critical Vendor Letter Agreement.

11.    TSI is also owed not less than $3,187,044.27 from the Debtors in post-Petition Date amounts due under the Agreements (the "Post-Petition Claim"). Attached as Exhibit 1 to this Declaration is a true and accurate itemization of the amounts comprising the Post-Petition Claim.

12.    As of the date of this Declaration, the Debtors have not paid TSI the Critical Vendor Claim or the Post-Petition Claim. The total amount of the Critical Vendor Claim and the Post-Petition Claim is not less than $5,447,125.27 (the "Administrative Claim").

13.    The Debtors' failure to pay the Administrative Claim has resulted in hardship to TSI, who has lost the time value of a substantial sum of money that TSI could have used as capital for its business.

I declare under penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge, information, and belief.

Dated: January 14, 2025

Corey Middleton

0011277.0793974   4898-9434-5225v6