IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____x

In re:

BIG LOTS, INC., et al.[1]

　　　　　　　Debtors.

_____x

Chapter 11

Case No. 24-11967 (JKS)
(Jointly Administered)

Obj. Deadline: February 19, 2025 at 4:00 p.m. (ET)
Hearing Date: February 26, 2025 at 10:30 a.m. (ET)

MOTION OF HOME ESSENTIALS AND BEYOND, INC. FOR ALLOWANCE AND COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Home Essentials and Beyonds, Inc. ("HEB"), a creditor of the above captioned debtors and debtors in possession in the above jointly administered cases, pursuant to Section 503 of the Bankruptcy Code, files this Motion for Allowance and Compelling Immediate Payment of Administrative Expense Claim (this Motion"), and states as follows:

**JURISDICTION**

1.　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, " Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

2. The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 503(a), 503(b)(1)(A), and 507(a)(2).

**BACKGROUND**

3. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its various affiliated entities (collectively, the Debtors") commenced the above-captioned jointly administered cases (collectively, the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. HBE and the Debtors, are parties and subject to a series of Purchase Orders (together with all amendments, exhibits, schedules, attachments, and other integrated documents, the "Agreement").

5. The Debtors placed post-petition orders for goods from HBE which have been delivered but have not been paid for. HBE delivered goods with a purchase price and value of no less than $183,589.90 to the Debtors in the normal course of post-petition business, for which payment is now overdue and remains outstanding. Exhibit "A" annexed hereto sets forth a complete list of each post-petition invoice which is owed to HEB by the Debtors and which remains unpaid.

6. HEB seek an allowance and immediate payment of these post-petition trade debts as administrative claims in the total amount of $183,589.90.

**BASIS FOR RELIEF REQUESTED**

7. Section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. "When third parties are induced to supply goods or services to the debtor-in-possession ... the purposes of [Section 503] plainly require that their claims be afforded priority." In re Goody's Family Clothing, Inc., 610 F.3d 812, 818 (3d Cir. 2010) quoting Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.) 536 F.2d 950, 954 (1 Cir. 1976). Under Section 507(a) of the Bankruptcy Code,

administrative expense claims allowed under Section 503(b) are to be given high priority.

8. The Debtors have failed to pay the cost of contracted-for goods provided by HEB to the Debtors and to be sold for the Debtors' benefit. HEB was induced to produce and deliver these goods after the Petition Date, pursuant to the its agreement with HEB, which goods were delivered to the Debtors for the purpose of sale as part of the Debtors' ongoing business operations. Collectively, these current post-petition amounts are due and owing to HEB in accordance with its agreement with the Debtors and are an administrative expense claim which remains due and owing through the date of assumption or rejection.

9. Accordingly, HEB is entitled to allowance and immediate payment in the amount of $183,589.90 (the " Post-Petition Costs"), all as an administrative expense claim pursuant to Sections 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

RESERVATION OF RIGHTS

10. HEB reserves its rights to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to HEB or that become defaulted with the passage of time. HEB further reserves its right to raise any additional objections to and proposed assumption of its agreement with the Debtors, including challenge to the ability of any proposed assignee to perform and to provide the necessary adequate assurance information.

11. HEB further expressly reserves all of its rights and remedies at law or in equity against the Debtors.

12. Nothing contained herein is intended to or should be construed to limit any and all other rights, remedies, or interests of HEB pertaining to the Debtors or the claims of HEB against the Debtors.

**CONCLUSION**

13. In accordance with the Debtors' obligations under Sections 503(a), 503(b)(1)(A),and 507(a)(2) of the Bankruptcy Code, HEB respectfully requests entry of an Order (a) allowing the Post-Petition Costs and all future costs due and owing to HEB under its agreement with the Debtors or otherwise through the date of assumption or rejection as an administrative expense claim, (b) ordering the Debtors to immediately pay these post-petition trade debts as administrative claims and/or Post-Petition Costs in the total amount of

$183,589.90, and (c) granting such other and further relief as this Court deems necessary and appropriate.

Dated: January 14, 2025

AVROM R. VANN, P.C.
Attorney for Post-Petition Creditor

By: _____
Avrom R. Vann, Esquire
Attorney at Law, State of New Jersey
Bar Number: 026771980
Office and Post Office Address
2 University Plaza - Suite 600
Hackensack, New Jersey 07601
(212) 382-1700
Email: a2442@aol.com