**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

RECEIVED

2025 JAN 15  AM 10: 50

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BIG LOTS, INC., et al.[1], | ) | |
| Debtors | ) | Case No. 24-11967 (JKS) |
| | ) | |
| | ) | (Jointly Administered) |

**CONROAD ASSOCIATES, LP'S FILING OF CLAIMS AND JOINDER IN MOTION TO COMPEL IMMEDIATE PAYMENT OF STUB RENT AND POST-PETITION ADMINISTRATIVE EXPENSES**

NOW COMES Landlord Conroad Associates, LP ("Conroad" or "Landlord"), as owner and landlord of Big Lots Stores #251 and #260 (collectively the "Properties"), and filing of claims, the joinders and objections contained herein shall constitute a Motion to Compel Immediate Payment of Stub Rent and Post-Petition Administrative Expenses, as well as assertion of Conroad's claims for monies and cure of other defaults under Landlord's leases (the "Leases) of the Properties to Big Lots, Inc. and each of its subsidiaries (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"), and respectfully represents as follows:

---

1 The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors 'corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

## JOINDER

1. Conroad respectfully joins in the following Objections: Collin Creek Associates, LLC's Motion for Allowance and Payment of Administrative Claim (Docket No. 1641); and hereby adopts the objections, authorities and arguments therein, to the extent not inconsistent with the positions of Conroad.

## LEASE

2. Landlord is the Owner and Lessor of the Properties leased to Debtors at 1612 N. State Street, Greenfield, Indiana (Store #251) and 204 Charleston Avenue East, Mattoon, Illinois (Store #260).

## JOINDER AND RESERVATION OF RIGHTS

3. Landlord also joins in any other Motions filed by any other landlords concerning to Debtor's failure to pay Stub Rent, accrued post-petition real estate taxes, and other monetary and non-monetary obligations accruing post-petition through such time that Debtor has rejected the Leases, as well as returned possession and control of the Properties to Landlord in a condition and in accordance with the terms, conditions, and provisions of the Leases..

## OBJECTIONS

4. The Debtors listed a Preliminary Cure Amount of $17,786.00 for Store #251 and $8,955.00 for Store #260, which appears to represent the September, 2024 rent and no other costs or damages. Debtor has failed to pay real estate taxes accruing post-petition as provided by the Leases, might not have fully paid all utility expenses, or fulfilled its other post-petition obligations under the Leases.  Debtors obligations under the Leases will continue until such date that the Leases have been rejected, as well as Debtor returning possession and control of the Properties to Landlord in the condition set forth in the Leases.

5. Debtors, as well as assignees, or purchasers of the Leases are required to provide adequate assurances that unliquidated obligations (including, among other obligations, accrued property and other taxes) will be timely paid, even if unknown upon the assignment of the Leases.

6. The Debtors have not paid the Post-Petition rent for the month of September and Debtors'
failure to pay the Post-Petition September rent constitutes a default under the Leases that
continues today and might continue past the assignment of the Leases. The duty to pay rent and
fulfill other obligations of the Leases (except those that might diminish the value of the
bankruptcy estate) cannot be modified, abridged, or abrogated by Debtor's bankruptcy. The
Stub Rent is an administrative expense that must be paid, as all other Post-Petition administrative
expenses that benefit the bankruptcy estates. Debtors failure to pay Post-Petition Stub Rent
converts Landlord's priority claims under the Bankruptcy Code to a subordinated Post-Petition
debt that allows Debtor to profit from the use of the Properties for the benefit of increasing the
cash available for the Stalking Horse Bidder. Section 363(e) of the Bankruptcy Code requires
adequate protection to any party with an interest in property used by the Debtor during the
bankruptcy proceedings. The only means of providing such assurance is to require the
immediate payment of the Stub Rent. Section 365(d)(3) of the Bankruptcy Code requires
landlords to receive timely payment for post-petition, pre-rejection use and occupancy of the
Properties. Debtor's assertion that the September rent accrued on a pre-petition date and Debtor
is not obligated to pay the Stub Rent in a timely fashion is a specious argument that is not
supported by bankruptcy law. The timely payment of rent is particularly salient in this situation,
where the Stalking Horse Bidder is attempting to use Landlord's unpaid rent as equity in its
purchase of the Assets and has submitted proposed orders to the Court to absolve itself of
liabilities in contravention of the Bankruptcy Code. Established bankruptcy law requires any
assignee (whether Stalking Horse Bidder, buyer at auction, or other) of an assumed contract to
agree to assume and satisfy all of the obligations under the executory contract (the Leases).
Nexus' proposed orders before the Court attempt to absolve Nexus of pre-closing obligations and
liabilities.

7. The Debtors are required to pay all property and other taxes associated with the Properties
during the terms of the Leases. The property and other taxes are paid in arrears, might not yet be
due and payable, or might not be knowable in amount. The Debtors have submitted proposed
orders to the Court that attempt to absolve and free Debtors (as well as assignees of the Leases)
from liability from unpaid, accrued, and not yet due property and other taxes. In the event the
Debtors assign or sell the Leases, the assignees/purchasers of the Leases must remain liable for
all accrued and unpaid property and other taxes, whether known or unknown, as well as all other

obligations under the Leases. Debtor continues to possess, occupy, control, and profit from the Properties, and real estate payments due are no different than any other occupancy expense (i.e. trash removal, utilities, rent, whatever) and the Bankruptcy Code requires all such expenses to be paid during Debtor's control of the Properties and by the assignee subsequent to the assumption and assignment of the Leases. Debtor's prior statement of Cure Cost or Cure Amount was not in good faith, as does not include the real estate tax payments that will become due and will be unpaid upon the assumption and assignment of the Leases. The amount of such real estate taxes will include interest and penalties if such real estate tax payment is not made in a timely manner. Debtor has previously been order by this Court to pay Stub Rent and has not done so. The Court should hold Debtor in contempt for failure to abide by the Orders of this Court. Debtor should be estopped from arguing before the Court that real estate tax payments due and payable during the tenure of Debtor's occupancy of Conroad's real estate is any different from rent, and Debtor must pay all such real estate tax bills, whether or not attributable to Pre-Petition period.

8. The Debtors continue to occupy, benefit from, operate, and profit from the Properties. The Debtors are required to comply with substantially all the terms, covenants, and conditions of the Leases, which would include, but are not be limited to, maintaining the Properties in good order and repair, complying with all building codes and local ordinances, as well as other covenants and conditions contained in the Leases.

9. The Bankruptcy Code requires the Debtors to cure all defaults under the Leases as of the date of assumption and assignment. Section 365(b)(1). Conroad objects to entry of an order approving or ratifying a sale of the Leases that does not (a) require that the full amount of the Cure Amount and Cure Costs under the Leases be paid at or prior to assumption and assignment of the Leases, (b) provide that any and all unliquidated and unknown covenants and obligations under the Leases that might have arisen or accrued at any time prior to the sale or assignment of the Leases, and (c) in any manner releases Debtors and/or the assignee/purchaser of the Leases from its continuing obligation to fulfill the terms, conditions, covenants, warranties, indemnifications, and obligations under the Leases. In the Assumption and Assignment Agreement filed with the Court on October 30, 2024 (D.I. 658), Debtor states that "All defaults or other obligations of Assignor subject to 11 U.S.C. 365(b) shall be cured by Assignor on or before the Closing Date or as soon thereafter as reasonably practicable (or as otherwise agreed

with the counterparty to such Assigned Asset), and Assignee.… Assignee shall assume all obligations with respect to the Assigned Assets due from and after the Closing Date." It makes no legal or logical sense that the sale/assignment of 800 Big Lots leases is any different than the sale/assignment of a single lease. As Debtor has admitted through the above referenced filing that all defaults and other obligations of Debtor must be cured by assignment of such lease, the Court should require such to be the case in the assignment of Conroad's Leases.

10. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants, and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)1)(B) due upon the assumption and assignment of a lease if the underlying lease provides for them. Conroad reserves its right to supplement the objections contained herein to include the amount of attorneys' fees incurred by Conroad.

11. Nothing in this Motion shall be construed to waive or limit Conroad's rights under the Leases, Bankruptcy Code, or other law. Conroad reserves its rights to amend or supplement this Objection and make other objections to protect its interests and enforce its rights under the Leases.

## CONCLUSION

**WHEREFORE,** Landlord respectfully request the Court enter an order compelling payment of Stub Rent, real estate tax accruals, and other amounts due Landlord under the Leases; and granting Landlord such other and further relief as the Court deems just and proper.

Dated: January 9, 2025                                        Respectfully Submitted,


Conroad Associates, L.P.


By:_____

Its: General Partner

CERTIFICATE OF SERVICE

I, Lloyd Abrams, do hereby certify that by January 10, 2025, a copy of the foregoing was emailed to the parties listed on the attached service list in the manner indicated.

_Lloyd R. Abrams_

_____

Lloyd Abrams

SALE OBJECTIONS PARTIES:

(i) proposed counsel to the Debtors, (y) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Esq., Adam L. Shpeen, Esq., Stephen D. Piraino, Esq., Jonah A. Peppiatt, Esq., and Ethan Stern, Esq. (notice.biglots@davispolk.com) and (z) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Esq., Andrew R. Remming, Esq., Daniel B. Butz, Esq., Tamara K. Mann, Esq., and Casey B. Sawyer, Esq. (biglots.mnat@morrisnichols.com), (ii) counsel to the ABL Agent, (y) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola, Esq. (jventola@choate.com), Jonathan D. Marshall, Esq. (jmarshall@choate.com), and Jacob S. Lang, Esq. (jslang@choate.com), and (z) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn: Regina Stango Kelbon, Esq. (regina.kelbon@blankrome.com) and Stanley Tarr, Esq. (stanley.tarr@blankrome.com), (iii) counsel to the Term Agent, (y) Otterbourg P.C., 230 Park Avenue, New York, NY 10169, Attn: Chad B. Simon, Esq.

(CSimon@otterbourg.com), James V. Drew, Esq. (JDrew@otterbourg.com), and Sarah L. Hautzinger, Esq. (shautzinger@otterbourg.com) and (z) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, DE 19801, Attn: John H. Knight, Esq. (knight@rlf.com), (iv) proposed counsel to the Committee, (y) McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017, Attn: Darren Azman, Esq. (dazman@mwe.com) and Kristin G. Going, Esq. (kgoing@mwe.com), and (z) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto, Esq. (jalberto@coleschotz.com) and Stacy L. Newman, Esq. (snewman@coleschotz.com), (v) counsel to the Stalking Horse Bidder, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Christopher Marcus, P.C. (cmarcus@kirkland.com), Douglas A. Ryder, P.C. (douglas.ryder@kirkland.com), and Nicholas M. Adzima (nicholas.adzima@kirkland.com), and (vi) the U.S. Trustee, Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) (collectively, the "Objection Notice Parties").