# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | : | Case No. 24-11967 (JKS) |
| | : | (Jointly Administered) |
| Debtors. | : | **Related to Docket Nos. 13, 1337 and 1717**<br>**Hearing Date: January 21, 2025 at 1:00 p.m.** |

### DECLARATION OF JORDAN FORD IN SUPPORT OF ENTRY OF AN ORDER (I) APPROVING THE ASSUMPTION AND ASSIGNMENT OF LEASE TO ALDI INC. FOR STORE NO. 5230 (VERO BEACH, FL) AND (II) GRANTING RELATED RELIEF

I, Jordan Ford, hereby declare under penalty of perjury as follows:

1. I am a Director of Real Estate for Aldi Inc. ("Aldi"). Aldi was the successful bidder for assignment of the Debtor's lease for Store No. 5230 (Vero Beach, FL) with a successful bid of $800,000.00.

2. I submit this declaration (this "**Declaration**") in support of the request for assignment of the Lease to Aldi as set forth in the *Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Procedures To Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* ("**Sale Motion**") [Doc 13] and *Aldi Inc.'s Reply in Support of Motion of Debtors for Entry of Interim and Final Orders (I) Establishing Procedures To Sell Certain Leases, (II)*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Approving the Sale of Certain Leases, and (III) Granting Related Relief* ("**Sale Motion**") (the "**Reply**").[2]

3. I am authorized to submit this declaration on behalf of Aldi, and, if I were called upon as a witness, I could and would testify competently to the facts set forth herein.

4. Aldi and its incorporated subsidiaries operate more than 2,400 stores in the United States under the trade name "Aldi Food Market." Aldi Food Markets are operated as retail grocery stores.

5. Aldi has determined that its affiliated entity, Aldi (Florida) LLC ("**Designated Assignee**"), will be the designated assignee for the Lease. The Designated Assignee is an incorporated subsidiary of Aldi and is wholly owned by Aldi. The Designated Assignee is a creditworthy entity, with no substantial long term debt or secured debt.

6. If necessary, Aldi will guarantee the Designated Assignee's obligations as assignee of the Debtor's interest as tenant in the Lease. Aldi and its affiliates are well-capitalized, creditworthy and well-known operators of quality supermarkets throughout the United States, and will have no issues satisfying the future obligations under the Lease.

7. The real estate and improvements that are the subject of the Lease consists of a stand-alone building with dedicated on-site parking. The improved real estate that is the subject of the Lease is aptly suited for the operation of an Aldi Food Market.

8. In connection with Aldi's submission of a bid for the Leased Premises and participation in the auction for assignment of the Lease, I investigated the due diligence material made available by A&G Realty Partners regarding the site.

9. From my review of the due diligence materials, public records, and other publicly available information, there is no grocery store located at the Indian River Mall. Moreover, there is no

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning set forth in the Reply.

evidence of joint advertising of the Leased Premises and the Indiana River Mall, even after the Landlord (or its affiliates) acquired ownership of the Indian River Mall Parcels and the Big Lots Parcel. Indian River Mall has separate signage that does not include advertising for the Big Lots at the Leased Premises. In fact, there is a separate sign for Big Lots in front of the Leased Premises for advertising purposes.

10. The Indian River Mall's website lists dozens of tenants, but does not include Big Lots that operated on the Leased Premises.

11. Aldi intends to use the Leased Premises for operation of an "Aldi Food Market" retail grocery store and other uses as are incidental to the operation of a retail grocery store including, without limitation, the sale of beer and wine.

12. Aldi intends to sell beer and wine at the Leased Premises for off-premises consumption, only, in its prototypical format. Aldi does not permit the consumption of alcoholic beverages at the Leased Premises.

13. Aldi submitted its bid on the condition that the assignment would be made free and clear of any restriction prohibiting the sale of beer and wine contained in the Lease. Without this protection, Aldi would not have bid on the Lease.

14. Aldi maintains a commercial general liability policy (which in part is satisfied pursuant to self-insurance and/or self insurance retention programs) that complies with the Lease's insurance requirements and which is consistent with all of its stores located in Florida and around the United States.

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the foregoing statements are true and correct.

Dated:   1/15/25                                                               Jordan Ford, Director of Real Estate
Aldi Inc.