**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1351, 1414, 1438, 1440, 1447, 1701 & 1703** |

**DEBTORS' PRELIMINARY OMNIBUS REPLY TO OBJECTIONS
TO THE DEBTORS' MOTION FOR AN EXTENSION OF TIME
TO ASSUME OR REJECT UNEXPIRED LEASES**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), file this preliminary reply (this "**Reply**") to the Objections[2] to the *Motion of Debtors for Entry of an Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [D.I. 1351] (the "**Motion**").[3] In support of this Reply, and in further support of approval of the Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] "**Objections**" refers to those objections, limited objections and joinders filed at D.I. 1414, 1438, 1440, 1447, 1701 and 1703.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**REPLY**

1.      Five days prior to the expiration of the Debtors' initial deadline to assume or reject their Unexpired Leases, this Court entered an order approving the GBRP sale transaction (the "**GBRP Sale Order**"), which, among other things, permitted GBRP to direct the Debtors to assume and assign Unexpired Leases through February 28, 2025 (the "**Designation Rights Period**")[4] pursuant to its contractually provided Designation Rights (as defined in the GBRP Asset Purchase Agreement).  Through the Designation Rights, Variety Wholesalers, Inc. ("**Variety**") intends to acquire and continue the operation of between 200 and 400 of the Debtors' stores under the Big Lots brand.  The Debtors, GBRP and Variety are working expeditiously to determine which Unexpired Leases can drive additional value to the estates or comprise the group of continuing Big Lots stores.  However, the parties understandably require additional time to complete this analysis.  Accordingly, the Debtors are seeking an appropriate and necessary extension of the deadline by which the Debtors must assume or reject their Unexpired Leases (the "**Deadline Extension**") by 90 days, through and including April 7, 2025.  Sufficient cause exists to grant this relief.

2.      As articulated in the Motion, courts have identified several non-exclusive factors to consider when determining whether cause exists to extend a debtor's deadline to assume or reject unexpired leases of nonresidential real property, including:

(i)     The complexity of the case facing the debtor;

(ii)    Whether the debtor has had sufficient time to assess intelligently its financial situation and the potential value of its assets;

(iii)   Whether the debtor is paying for the use of the property;

(iv)   Whether the debtor's continued occupation could damage the lessor beyond the compensation available to it under the Bankruptcy Code;

---

[4] Pursuant to the GBRP Asset Purchase Agreement, the Designation Rights Period may be extended until March 31, 2025 at the election of GBRP.

2

(v) Whether the leases are an important asset of the estate; and

(vi) The number of leases the debtor must evaluate.

*See S. St. Seaport L.P. v. Burger Boys, Inc.* (*In re Burger Boys*), 94 F.3d 755, 760–61 (2d Cir. 1996); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993). Courts also recognize that temporary business uncertainty may justify additional time to assume or reject unexpired leases. *See In re Babylon Ltd. P'ship*, 76 B.R. 270, 274 (Bankr. S.D.N.Y. 1987) (noting that an extension for cause can be granted when the Debtor cannot make an assumption decision due to uncertainty around the future of its business). At this juncture of the Chapter 11 Cases, the Debtors and their advisors are working tirelessly to effectuate the GBRP sale transaction and optimize the Debtors' go-forward business profile for the benefit of the Debtors' stakeholders. This includes working collaboratively with GBRP, in accordance with the Designation Rights, to continue to appraise the hundreds of Unexpired Leases within the Debtors' real estate portfolio to tap any unrealized value which may be present. Recognizing that the approval of a sale of substantially all of a debtor's assets may underscore a debtor's need for additional time to evaluate its unexpired leases, this Court regularly approves extensions of a debtor's deadline to assume or reject unexpired leases in such circumstances. *See Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Jan. 10, 2025) [D.I. 463]; *LL Flooring Holdings, Inc.*, No. 24-11680 (BLS) (Bankr. D. Del. Oct. 23, 2024) [D.I. 493]; *SL Beverage Liquidation, LLC*, No. 24-11468 (BLS) (Bankr. D. Del. Oct. 21, 2024) [D.I. 408]. Crucially, in order to secure entry of the GBRP Sale Order, GBRP committed to paying the expenses associated with their continued use of the leases, a commitment which counsels against a determination that the Deadline Extension will result in economic harm to the Debtors' landlords. *See* Dec. 31 Hr'g Tr. at 175:6–15. The balance of the *In re Burger Boys* factors weighs strongly in favor of granting the Motion and overruling the Objections.

3. Many of the Objections were filed prior to this Court's entry of the GBRP Sale Order. As a result, a subset of the Objections articulates economic concerns, namely the non-payment of outstanding stub rent amounts and the accrual go-forward freight costs, that have since been resolved by GBRP's commitment to make payments pursuant consistent with the GBRP Asset Purchase Agreement and the GBRP Sale Order. *See* GBRP Sale Order ¶ 22. Indeed, in light of these assurances, at least two previously objecting parties have withdrawn their objections, including those filed at D.I. 1435 and 1439. And, it would be wholly improper for parties to use the Motion as a means to undermine the GBRP Sale Order.

4. A handful of Objections posit that the Debtors are "on a liquidation track," that the Unexpired Leases cannot play a role in the Debtors' reorganization, and that the Debtors should therefore not be granted additional time to evaluate the Unexpired Leases. *See* Objection of Edgewater Park Urban Renewal, LLC [D.I. 1414]; Objection of Steger Towne Crossing, LP [D.I. 1440]. After entry of the GBRP Sale Order, the Unexpired Leases are even more critical to the administration of these Chapter 11 Cases. GBRP is now working with Variety to identify those 200-400 stores which will continue to operate under the Big Lots name. *See* GBRP Asset Purchase Agreement, § 2.05(b)(ii); Dec. 31 Hr'g Tr. at 179:3–11. The Unexpired Leases represent a key source of value to Big Lots as it continues as a going concern, and the Debtors will utilize the Deadline Extension to realize value for their stakeholders.

5. The GBRP Sale Order provides that GBRP may exercise its Designation Rights until February 28, 2025, or, at GBRP's election and if GBRP agrees to pay the costs which arise from the extended period, March 31, 2025. *See* GBRP Asset Purchase Agreement, "Designation Rights Period." The Designation Rights were a crucial, negotiated element of the GBRP sale transaction, and this extension is necessary to give them effect. Importantly, during the

Designation Rights Period, each landlord's rights are reserved, and if a lease is designated by GBRP for assumption and assignment, each landlord will be provided with notice and afforded the opportunity to object to the designation. *See* GBRP Sale Order ¶¶ 41-45. In order for the Debtors and GBRP to realize the benefit of the Designation Rights Period, the Deadline Extension must be authorized.

## **RESERVATION OF RIGHTS**

6. The Debtors file this Reply without prejudice to, and with full reservation of, their rights to make additional arguments in support of the Motion, including in response to the Objections filed at D.I. 1701 and 1703,[5] at any hearing thereon.

## **CONCLUSION**

7. For the reasons set forth herein, the Debtors respectfully request that the Court overrule the Objections and grant the Motion and any such other and further relief as the Court may deem just and proper.

*[Remainder of page intentionally left blank.]*

---

[5] For the avoidance of doubt, the Debtors reserve all rights with respect to such objections, including arguing that such objections were not timely filed.

Dated: January 15, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4277)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*