# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date: February 26, 2025 at 10:30 a.m.**<br>**Objection Deadline: January 29, 2025 at 4:00 p.m.** |

## MOTION OF UNCAS INTERNATIONAL LLC
## FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Uncas International LLC ("Uncas"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, granting Uncas an allowed administrative expense claim pursuant to section 503(b) of title 11 of the United States Code (the "Bankruptcy Code") in the amount of no less than **$2,086,523.55**. In further support of this Motion, Uncas respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 503 and 507.

---

[1] The debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

1

2. Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules"), Uncas consents to the entry of a final order by the Court in connection with this matter.

## RELEVANT BACKGROUND

3. Uncas is a global supplier of jewelry and accessory collections, with a focus on delivering retailers top-tier materials and craftsmanship, ensuring products are market-ready, swiftly and efficiently.

4. On September 9, 2024 (the "Petition Date") the Debtors filed voluntary petitions for chapter 11 relief under the Bankruptcy Code. On September 10, 2024, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. Prior to the Petition Date, Uncas and certain of the Debtors entered into a Scan-Based Trading Vendor Agreement, dated as of May 15, 2023 (the "Vendor Contract"), pursuant to which the Debtors, as retailers, agreed to receive and accept, on consignment, certain products supplied by Uncas, as more particularly described therein.[2]

6. Uncas and the Debtors have continued to perform under the Vendor Contract during the pendency of these chapter 11 cases. The Debtors have received significant financial benefits from being able to sell Uncas' product pursuant to the Vendor Contract, and the Debtors continue to sell product pursuant to the terms of the Vendor Contract.

7. As of the Petition Date, the Debtors owed Uncas no less than $2,273,508.93 (the "Prepetition Claim"), consisting of, among other claims, an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code in an amount of no less than $196,424.86 for goods

---

[2] The Vendor Contract is by and between debtors Big Lots Store, LLC; Big Lots Stores – PNS, LLC; CSC Distribution, LLC; AVDC, LLC; and Closeout Distribution, LLC.

4936-6172-6477.2

delivered within twenty (20) days of the Petition Date (the "503(b)(9) Claim"). For the sake of completeness, and out of an abundance of caution, Uncas reasserts the 503(b)(9) Claim herein. On December 26, 2024, Uncas timely filed proofs of claim asserting the Prepetition Claim, which are fully incorporated herein by reference.

8. In addition, following the Petition Date, Uncas continued to supply inventory to the Debtors, which remains unpaid. As of the date hereof, Uncas is owed no less than $1,890,098.69 on account of goods delivered to the Debtors and amounts unpaid after the Petition Date (the "Post-Petition Claim," and, together with the 503(b)(9) Claim, the "Administrative Expense Claim").[3]

**RELIEF REQUESTED**

9. By this Motion, Protos seeks an order pursuant to sections 503(b)(9), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, allowing the Administrative Expense Claim, compelling the Debtors to pay the Administrative Claim in the amount of **$2,086,523.55**, and granting such other relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

10. Section 503 of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense" after notice and a hearing, for "the actual, necessary costs and expenses of preserving the estate," 11 U.S.C. § 503(b)(1)(A), and "the value of any goods received by the debtor within the 20 days before the commencement of a case under this Title in which the goods would have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

---

[3] Copies of documents supporting the Administrative Expense Claim are voluminous and can be made available upon request.

11. In connection with the 503(b)(9) Claim, Uncas delivered, and the Debtors received, goods used by the Debtors in the ordinary course of business. Uncas is entitled to an allowed administrative expense claim for the full value of such goods.

12. In connection with the Post-Petition Claim, Uncas provided the Debtors with essential inventory after the Petition Date, which contributed to the Debtors' continued operations. As such, the costs of the products provided by Uncas are an actual and necessary cost and expense of preserving the Debtors' estates; therefore, Uncas is entitled to payment of its Post-Petition Claim for the necessary goods supplied to the Debtors. *In re Marcal Paper Mills, Inc.*, 650 B.R. 311, 315 (3d Cir. 2011) ("By giving priority to those claims that help keep the debtor-in-possession functioning, sections 503 and 507 advance the estate's interest in survival above all other financial goals.") (internal quotations omitted); *In the Matter of Whistler Energy II, L.L.C.,* 931 F.3d 432, 443 (5th Cir. 2019) ("Absent full payment, creditors would have little incentive to do business with the debtor-in-possession.").

13. Further, the Court has the discretion to determine whether to compel immediate payment of an administrative claim. *See In re HP Global Holdings, Inc.*, 282 B.R. 169, 173-74 (Bankr. D. Del. 2002). In deciding when such payment should be made, a court can consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. All of these factors favor the immediate payment of the Administrative Expense Claim.

14. Denying immediate payment of the Administrative Expense Claim would cause Uncas undue hardship. The goods have been manufactured, delivered and used by the Debtors, making it impossible for Uncas to reclaim the goods at a later date. Second, there is not material prejudice to the Debtors. The goods were necessary to the Debtors' continued operations, without which they would not have been able to continue to operate. The Debtors are permitted by the

Court to pay certain administrative expense claims necessary for its ongoing business operations, and given section 503(b)(9) of the Bankruptcy Code, there is no rational basis upon which to discriminate on the timing of payment for goods sold, delivered and used within the section 503(b)(9) *pre-petition* administrative claim period and those sold, delivered and used within the section 503(b)(1) *post-petition* administrative claim period: both benefited the Debtors' estates and were necessary for the support of the Debtors' estates.

15. Finally, there would be no detriment to other creditors. Allowing the Debtors to continue to use goods supplied by Uncas was a benefit to both the Debtors and all creditors since continued use generated revenues, at the expense of the Uncas, and sustained ongoing business operations.

16. Balancing these factors, the Debtors should be required to make the immediate payment of the Administrative Expense Claim without further delay or, at least, within seven (7) business days of entry an order granting relief.

## **RESERVATION OF RIGHTS**

17. Uncas reserves all rights with respect to this Motion and under applicable law, including, but not limited to, the right to amend and/or supplement this Motion at any time prior to the Court's determination of the Motion, and to file additional papers with this Court as the circumstances may warrant.

## **CONCLUSION**

**WHEREFORE,** for the foregoing reasons, Uncas respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested in the Motion, (ii) allowing its Administrative Expense Claim against the Debtors in the total amount of $2,086,523.55, (iii) ordering the Debtors to pay Uncas the amount of the Administrative Expense

Claim in full within seven (7) days of the date of entry of an order hereon, and (iv) granting such other relief as this Court determines is appropriate in this matter.

Dated: January 15, 2025            **CROSS & SIMON, LLC**

<u>/s/ Kevin S. Mann</u>
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200 (Telephone)
csimon@crosslaw.com
kmann@crosslaw.com

- and -

**NIXON PEABODY LLP**
Christopher M. Desiderio, Esq.
55 West 46th Street
New York, New York 10036
Telephone: (212) 940-3000
cdesiderio@nixonpeabody.com

*Counsel to Uncas International LLC*