IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 1605** |

**DEBTORS' OBJECTION TO MOTION OF HIGHLAND AND STERLING, LLC AND BIG HOLDINGS 2, LLC TO COMPEL IMMEDIATE REJECTION OF LEASE AND SURRENDER POSSESSION OF THE PREMISES OR, ALTERNATIVELY, GRANT LANDLORD RELIEF FROM STAY**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), file this objection (this "**Objection**") to the motion compel immediate rejection of lease or, alternatively, grant landlord relief from stay (the "**Motion**") filed Highland and Sterling, LLC and Big Holdings 2, LLC (collectively, the "**Landlord**"). In support of this Objection, the Debtors respectfully state as follows:

**Objection**

1. On January 3, 2025, the sale (the "**Sale**") of substantially all of the Debtors' assets to Gordon Brothers Retail Partners, LLC ("**GBRP**") closed.[2] As part of the Sale, GBRP acquired

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners* [D.I. 1588].

Designation Rights to "all Leased Real Property."[3] Because the Excluded Assets do not include the lease (the "**Lease**") for the premises located at 1410 East Plaza Boulevard, National City, California 91950 (the "**Premises**"), *all* Leased Real Property undoubtably includes the Lease. The Landlord's contention to the contrary is unfounded and baseless.

2. Prior to the Sale—when circumstances in this case were very different—the Landlord submitted a signed termination bid in the amount of $75,000 in cash consideration. In addition to the Landlord's termination offer, Burlington Coat Factory of Texas, Inc. ("**Burlington**") informed the Debtors that they were interested in bidding on the Lease in an amount significantly higher than $75,000. The Debtors, as prudent fiduciaries, explored Burlington's offer. Burlington submitted a signed bid package in the amount of $700,000. To ensure a fair and transparent process, the Debtors prepared to hold an auction for the Lease.

3. Of course, the closing of the Sale dramatically changed these cases, including the appropriate disposition of the Lease. However, at the request of the Landlord and keeping to the Debtors' commitment to transparency, GBRP held an auction (the "**Auction**") on January 13, 2025 for the Lease. The Landlord was an active participant in the Auction, but Burlington emerged as the high bidder with a $3,000,000 bid plus payment of all allowed cure costs (subject to the parties' rights to contest the Landlord's claimed cure amount), and GBRP notified the Debtors of its intent to assume and assign the Lease to Burlington.[4] The proposed transaction with Burlington will fully cure outstanding arrears under the Lease and provide a speedy resolution for the Lease's status—all without incurring additional lease-related expenses.

---

[3] *See* Section 2.01(a)(iv) of the Asset Purchase Agreement filed at D.I. 1556.

[4] Pursuant to the designation rights procedures established by the *Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I.1556], the Debtors intend to file a notice of designation on or before January 21, 2025.

4. Additionally, at the Landlord's request, security and utilities remain on at the premises, which costs will be covered by the Sale budgets, to ensure that no harm befalls the Premises and that fire systems are fully functional.

5. To the extent that the Landlord has objections relating to the proposed assignment to Burlington, the Sale Order provides for an objection period and an opportunity to be heard. Now, however, is not the time to compel rejection of this Lease. Compelling rejection today would be inconsistent with GBRP's Designation Rights under the Sale Order. And, the Premises are safe, the outstanding arrears are going to be paid in full under the anticipated transaction, and the timeline for resolution is imminent. The Landlord simply seeks rejection in an improper attempt take for itself the lease value that GBRP already purchased.

6. The Debtors respectfully request that this Court deny the Motion and allow for the Designation Process to play out as provided for in the Sale Order.

## Reservation of Rights

7. Notwithstanding anything herein to the contrary, the Debtors reserve their rights to contest the allegations raised in the Motions on any other grounds, whether or not such grounds are raised in this Objection.

## Conclusion

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court deny the Motion.

*[Remainder of page intentionally left blank]*

Dated: January 15, 2025
       Wilmington, Delaware

                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                          */s/ Sophie Rogers Churchill*
                          Robert J. Dehney, Sr. (No. 3578)
                          Andrew R. Remming (No. 5120)
                          Daniel B. Butz (No. 4227)
                          Tamara K. Mann (No. 5643)
                          Sophie Rogers Churchill (No. 6905)
                          1201 N. Market Street, 16th Floor
                          Wilmington, DE 19801
                          Tel: (302) 658-9200
                          rdehney@morrisnichols.com
                          aremming@morrisnichols.com
                          dbutz@morrisnichols.com
                          tmann@morrisnichols.com
                          srchurchill@morrisnichols.com

                          *-and-*

                          DAVIS POLK & WARDWELL LLP

                          Brian M. Resnick (admitted *pro hac vice*)
                          Adam L. Shpeen (admitted *pro hac vice*)
                          James I. McClammy (admitted *pro hac vice*)
                          Stephen D. Piraino (admitted *pro hac vice*)
                          Ethan Stern (admitted *pro hac vice*)
                          450 Lexington Avenue
                          New York, NY 10017
                          Tel.: (212) 450-4000
                          brian.resnick@davispolk.com
                          adam.shpeen@davispolk.com
                          james.mcclammy@davispolk.com
                          stephen.piraino@davispolk.com
                          ethan.stern@davispolk.com

                          *Counsel to the Debtors and Debtors in Possession*