## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS)<br>(Jointly Administered) |
| Debtors. | **Objection deadline: January 30, 2025 at 4:00 pm (ET)**<br>**Hearing date: February 26, 2025 at 10:30 am (ET)** |

## MOTION OF MIDWEST QUALITY GLOVES, INC. D/B/A MIDWEST GLOVES & GEAR FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. §503(b)(1)(A)

Midwest Quality Gloves, Inc. d/b/a Midwest Gloves & Gear ("Midwest"), by and through its undersigned counsel, submits this Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C §503(b)(1)(A) (the "Motion") for amounts owed by Big Lots, Inc., *et al.* (the "Debtors") pursuant to section 503(b) of title 11 of the United States Code (the "Bankruptcy Code") for $127,819.20 (the "Administrative Expense Claim") for goods provided as set forth below in the above-captioned Chapter 11 Bankruptcy cases. In support thereof, Midwest respectfully states the following:

### JURISDICTION AND VENUE

1. This court (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Del. Bankr. L.R. 9013-1(f), Midwest consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory basis for relief requested herein is section 503(b)(1) of the Bankruptcy Code.

## BACKGROUND

5.      On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

6.      The Debtors' Chapter 11 cases have been jointly administered for procedural purposes, and the Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On December 5, 2024 and December 6, 2024, Midwest provided goods to the Debtors. Payment for the goods was due on January 5, 2025 and January 6, 2025. As of the date of this Motion, Midwest has not received payment from the Debtors.

8.      As of the filing of this Motion, the Debtors owe a total of $127,819.20 to Midwest on account of the post-petition goods provided to the Debtors since the Petition Date (the "Post-Petition Goods"). A copy of the invoices, purchase orders and accounts receivable aging report are attached hereto as Exhibit "A".

9.      Midwest has an administrative claim for the post-petition amounts due and owing. To the extent there may be any additional amounts due, Midwest reserves all rights and will work with the Debtors to calculate the correct amount of the Administrative Expense Claim.

## RELIEF REQUESTED

10.     By this Motion, Midwest requests that the Court enter an Order, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, granting it an allowed administrative expense claim in the total amount of no less than $127,819.20, and requiring that the Debtors remit payment of the Administrative Expense Claim to Midwest within ten (10) business days after entry of the Order allowing the Administrative Expense Claim.

**BASIS FOR RELIEF**

11.     Section 503 of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A)

12.     Pursuant to 11 U.S.C. §503(b)(1)(A), creditors are allowed administrative expense claims, including the "actual, necessary costs and expenses of preserving the estate" after a notice and hearing. In Order for a claim to be given priority as an administrative claim, "it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. V. TriState Clinical Labs, Inc.*', 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations are omitted). The U.S. Supreme Court noted that "'actual and necessary costs' should include costs ordinarily incident to operation of a business, and [are] not limited to costs without which rehabilitation would be impossible." *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); Matter of H.L.S. Energy Co., 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); see also 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

13.     Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor-in-possession incurred the transaction on which the claim is based or that the claimant furnished the consideration to the debtor-in-possession. Second, it must show that the transaction resulted in a direct benefit to the debtor-in-

possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); see also *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532-33. "To establish an administrative claim, a claimant must show that (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 20-12522 JTD, 2021 WL 4876908 at *6 (D. Del. October 19, 2021).

14.     The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommereds., 16th ed.).

15.     In this case, the Post Petition Goods benefited the estate by permitting the Debtors' to continue conducting post-petition business functions and sales in their ordinary course business operations. The amounts sought pursuant to this Motion were incurred by the Debtors subsequent to the Petition Date as actual, necessary costs and expenses of preserving the Debtors' estates. Therefore, the amounts due under the Agreement should be accorded administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A).

## **RESERVATION OF RIGHTS**

16.     Midwest reserves the right to amend this Administrative Expense Claim in any respective, including, but not limited to, asserting all amounts owed as applicable and all rights, claims, and remedies at law and equity under the Bankruptcy Code and applicable non-bankruptcy law.

WHEREFORE, Midwest respectfully requests that the Court enter an Order directing

payment of its Administrative Expense Claim for $127,819.20 and for such additional relief as the Court may deem appropriate.

Dated: January 16, 2025

Respectfully submitted,

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

By: /s/ *Ronald S. Gellert*
Ronald S. Gellert (DE 4259)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Tel: 302-425-5806
Email: rgellert@gsbblaw.com

*Counsel for Midwest Quality Gloves, Inc.
d/b/a Midwest Gloves & Gear*