# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1723** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE DEBTORS' REPLY TO CERTAIN OBJECTIONS TO DEBTORS' ASSUMPTION AND ASSIGNMENT OF LEASE IN NASHVILLE

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below and sealing one of the exhibits attached to the *Debtors' Reply to Certain Objections to Debtors' Assumption and Assignment of Lease in Nashville* [D.I. 1723] (the "**Reply**"). In support of this Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1. By this Motion, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request entry of an order (a) authorizing the Debtors to file under seal and to redact that certain lease agreement between

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

5620 Nolensville Pike, LLC ("**Nolensville**") and Ross Stores, Inc. ("**Ross**") dated June 28, 2022 (the "**Ross Lease**") which is attached as <u>Exhibit C</u> to the Reply and (b) directing that the Ross Lease shall remain under seal and confidential and not be made available to any person without the prior written consent of the Debtors, Ross, and Nolensville, any party as may be ordered by the Court or agreed to by the Debtors, Ross, and Nolensville.

## JURISDICTION AND VENUE

2.This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## RELEVANT BACKGROUND

4.On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

5. On November 20, 2024, the Court entered the *Fourth Interim Order (I) Establishing Procedures to Sell Certain Leases, (II) Approving the Sale of Certain Leases, and (III) Granting Related Relief* [D.I. 1198] (the "**Fourth Interim Lease Sale Order**"), pursuant to which the Debtors held an auction (the "**Auction**") for certain unexpired lease assets on December 4, 2024. The Debtors filed the *Fourth Notice of Successful Bidders with Respect to the Auction of Certain of the Debtors' Lease Assets and Assumption and Assignment of Certain Unexpired Leases* [D.I. 1312] (the "**Notice**") proposing to assume and assign certain unexpired leases of real property, including the lease of real property located at store #5216 at 5702 Nolensville Road, Nashville, TN 37211 (the "**Nolensville Lease**").

6. On December 13, 2024, Nolensville and Ross each filed objections to the proposed assumption and assignment of the Nolensville Lease [D.I. 1346 and D.I. 1350] (together, the "**Objections**"). In connection with the Objections, Ross produced the Ross Lease to the Debtors on a "professional eyes only" basis. On December 17, 2024, the Debtors filed under seal the Reply, which attached the Ross Lease as Exhibit C.

7. Because the Ross Lease was marked for "professionals' eyes only," the Debtors seek to keep the Ross Lease under seal.

## BASIS FOR RELIEF

8. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Ross Lease under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

>             (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

9.  Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(b).

10. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

11. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection. *See, e.g., Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good

cause." *Id.* Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

12. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See id*.

## THE MOTION TO SEAL SHOULD BE GRANTED

13. Cause exists to redact the Ross Lease because the information contained therein constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as it concerns the terms of a private, confidential commercial contract between two non-debtor parties—Ross and Nolensville—that contains sensitive information relating to the terms of the commercial lease. As such, Ross produced the Ross Lease to the Debtors on the explicit expectation that the Debtors would maintain the confidentiality of the Ross Lease on a "professionals' eyes only" basis. Broad publication of the Ross Lease would be inappropriate and potentially harmful to Ross or Nolensville, who in turn may seek recourse against the Debtors.

14. Moreover, the Debtors have an obligation maintain the confidentiality of the Ross Lease pursuant to Local Rule 9018-1(f), which provides:

> If any information or documents are designated confidential by the producing party at the time of production and the parties have not stipulated to a confidentiality agreement, until such an agreement has been agreed to by the parties or ordered by the Court, disclosure shall be limited to members and employees of the law firm representing the receiving party and such other persons as to which the parties agree.

Bankr. D. Del. L.R. 9018-1(f). The Debtors and Ross are not parties to a confidentiality agreement, and the Ross Lease was produced to the Debtors on a "professional eyes only" basis. Therefore, the Debtors respectfully submit that they are bound by Local Rule 9018-1 to limit disclosure of the Ross Lease to the Debtors attorneys. Accordingly, the Debtors submit that good cause exists for the Court to grant them leave to file under seal and to redact the Ross Lease.

15. The Debtors have provided an unredacted version of the Reply and its exhibits to the Court pursuant to Local Rule 9018-1. Substantially contemporaneously herewith, the Debtors have filed a redacted version of the Reply on the Court's docket.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

16. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the Ross Lease is subject to the Confidentiality Rights (as defined in Local Rule 9018-1(d)(iii)) of Ross and/or Nolensville. The Debtors understand from Ross's counsel that the entirety of the Lease should be kept confidential.

### NOTICE

17. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) McDermott Will & Emery LLP and Cole Schotz P.C., counsel to the Committee; (iii) counsel to Ross; (iv) counsel to Nolensville; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: January 16, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*

Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
James I. McClammy (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
james.mcclammy@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*