# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date: January 21, 2025 at 1:00 p.m. (ET)** |

## LIMITED REPLY AND RESERVATION OF RIGHTS OF BAYSHORE MALL 1A, BAYSHORE MALL 1B, LLC, AND BAYSHORE MALL 2, LLC TO DEBTORS' OMNIBUS OBJECTION TO MOTIONS FOR ALLOWANCE AND PAYMENT OF STUB RENT, POST-PETITION RENT AND OTHER <u>ADMINISTRATIVE EXPENSE CLAIMS</u>

Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC (together, "<u>Bayshore</u>") (c/o Pintzuk Organization)[2], successor in interest to Bayshore Mall Acquisition, LLC, by and through its undersigned counsel, hereby files this *Limited Reply and Reservation of Rights of Bayshore Mall 1A, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC to Debtors' Omnibus Objection to Motions for Allowance and Payment of Stub Rent, Post-Petition Rent and Other Administrative Expense Claims* ("<u>Limited Reply</u>"), and in support thereof respectfully represents as follows:

---

[1] The debtors and debtors in possession in these Chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Bayshore has been previously identified by the Debtors in the Potential Assumed Contract Schedule appended to the Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount filed by the Debtors as "Pintzuk Organization". ECF No. 511.

4931-2233-0640 v1

**JURISDICTION**

1. This Court has jurisdiction over this Limited Reply pursuant to 28 U.S.C. §§ 157 and 1334. This Limited Reply presents a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief related to the Limited Reply and Omnibus Objection are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

**LIMITED REPLY TO OMNIBUS OBJECTION**

3. Bayshore is the owner of the real property located at 3845 Bayshore Rd., Cape May, New Jersey 08204 (the "Property"), consisting of commercial space in a shopping center mall leased and utilized by the Debtors as Big Lots Store #1775 ("Lease").

4. On or about January 14, 2025, Bayshore filed its *Motion of Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC to Compel Immediate Payment of Post-Petition Rent and Lease Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* (the "Bayshore Motion to Compel Payment") (D.I. 1702) seeking the payment of all unpaid post-petition rent and related charges under the Lease.

5. On or about January 14, 2025, the Debtors filed the *Debtors' Omnibus Objection to Motions for Allowance and Payment of Stub Rent, Post-Petition Rent and Other Administrative Expense Claims* ("Omnibus Objection") (D.I. 1705).

6. In the Omnibus Objection, the Debtors identify, respectively in Exhibits A and B, certain motions to allow and compel payment of administrative expense claims filed by trade creditors ("Trade Motions") and motions to compel payment of stub rent and/or post-petition rent filed by landlords ("Rent Motions").

7. Bayshore's Motion to Compel Payment was noticed for the omnibus hearing date scheduled for February 26, 2025, while, on information and belief, the other Trade Motions and

Rent Motions identified in the Omnibus Objection were noticed for the omnibus hearing scheduled for January 21, 2025.

8. Bayshore's Motion to Compel Payment was not listed in the Debtors' Omnibus Objection.

9. In the Omnibus Objection, the Debtors request that the Court deny without prejudice or hold the Trade Motions and Rent Motions in abeyance until after the Debtors establish, in consultation with the Unsecured Creditors Committee, a bar date and process to reconcile administrative expense claims. The Debtors state an intention to file a motion to be heard at the omnibus hearing scheduled for February 26, 2025, establishing a bar date and procedures for filing claims related to administrative claims accrued prior to the closing of the Sale. See, Omnibus Objection, D.I. 1705, fn 10.

10. In support of the relief sought in the Omnibus Objection, the Debtors allege that they are at a critical juncture in bankruptcy case and do not want to be distracted by determining the allowance of administrative claims. Debtors further allege that their estates are administratively insolvent and that immediate payment of the Trade Motions and Rent Motions would be at the expense of similarly-situated claimants.

11. The Debtors are required under 11 U.S.C. § 365(d)(3) to "timely perform all the obligations of the debtor. . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected. . . ."

12. By failing to remain current on post-petition Lease obligations, the Debtors in essence are attempting to finance the costs of the bankruptcy on landlords and other creditors.

**RESERVATION OF RIGHTS**

13. Bayshore's Motion to Compel Payment is scheduled to be heard at the omnibus hearing scheduled for February 26, 2025. While the Omnibus Objection is not explicitly directed to Bayshore's Motion to Compel Payment, Bayshore is concerned that any determination made at the omnibus hearing on January 21, 2025, regarding the filing and allowance of administrative claims for unpaid rent may prejudice its rights and interests. Since its interests may be impacted by the Omnibus Objection, Bayshore requests the opportunity to be heard at the January 21, 2025 omnibus hearing.

14. Bayshore reserves its right to further amend, modify, or supplement its Motion to Compel Payment and the instant Limited Reply, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to Bayshore or that become defaulted with the passage of time. Bayshore further reserves its rights to raise any additional objections to assumption of the Lease, including the ability of any proposed assignee to perform and to provide the necessary adequate assurance information. Bayshore expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit Bayshore's rights, remedies, or interests with respect to the Lease.

WHEREFORE, Bayshore respectfully requests that the Court deny the Omnibus Objection.

(A portion of this page intentionally left blank)

and grant such other and further relief that the Court deems just and proper.

                                                                Respectfully submitted,

Dated: January 16, 2025            By: */s/ Leslie B. Spoltore*
                                                      Leslie B. Spoltore, Esquire
                                                      Edmond M. George, Esquire (*pro hac vice*)
                                                      OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                                      123 South Justison Street, Suite 100
                                                      Wilmington, DE 19801
                                                      Phone: (302) 238-6947
                                                      Email: leslie.spoltore@obermayer.com
                                                                edmond.george@obermayer.com

                                                     *Counsel to Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC*