**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re Dkt. Nos. 1584 & 1705** |
| | **Hearing Date: January 21, 2025 at 1:00 p.m.** |

**CREDITOR GIFTREE CRAFTS COMPANY LIMITED'S REPLY TO THE DEBTORS' OMNIBUS OBJECTION TO GIFTREE'S MOTION FOR AN ORDER MOTION FOR AN ORDER (I) ALLOWING AND COMPELLING IMMEDIATE PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIMS AND PREPETITION CLAIMS; AND (II) FOR OTHER REQUESTED RELIEF**

Giftree Crafts Company Limited ("Giftree")[2], by and through its undersigned counsel, hereby submits this reply (the "Reply") in further support of its *Motion For An Order (I) Allowing And Compelling Immediate Payment Of Its Administrative Expense Claims And Prepetition Claims; And (II) For Other Requested Relief* (the "Motion") (Dkt. No. 1584) and in response to the omnibus objection to the Motion (the "Objection") (Dkt. No. 1705) filed by the Debtors,[3] and respectfully states as follows:

**REPLY**

1.  The Motion is not an attempt by Giftree to "rush to the courthouse" to secure payment, as the Debtors have alleged in their Objection. Rather, Giftree filed this Motion after

---

[1] The debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.
[2] Giftree is a critical foreign vendor supplying essential Christmas tree products to the Debtors.
[3] All capitalized terms used but not otherwise defined herein shall have the same meanings as ascribed to them *infra* or in the Motion.

7963604

months of outreach, and to preserve its rights against the Debtors which are apparently engaging in such conduct themselves—having already paid at least $23 million in 503(b)(9) claims (*see* Committee's Motion to Compel Payments, Dkt. No. 1360), as well as certain other administrative claims, including professional fees and stub rent (*see* GBRP Sale Order, Dkt. No. 1556),[4] all to the detriment of other administrative creditors who should be entitled to the same priority and treatment under the Bankruptcy Code. *See* 11 U.S.C. § 1123(a)(4) ("a plan shall . . . provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest . . ."). This is all in the face of an anticipated distribution to the "unlucky" administrative creditors (like Giftree) of a mere 7.6%. *See* Transcript of Hearing on December 31, 2024, 42:11-43:4.[5]

2.       Meanwhile, the Debtors have not disputed Giftree's claims, the timing of their receipt of Giftree's goods, the necessity of Giftree's goods/services, and the resultant benefit to the Debtors' estates. Indeed, as is detailed in the Declaration of Hua Peng in support of Motion (the "Peng Declaration"), in the twenty (20) days preceding the Petition Date, the Debtors received $778,433.59 in goods sold by Giftree and purchased in the ordinary course of the Debtors'

---

[4] Among other things, GBRP Sale Order approved the Asset Purchase Agreement which states: "The purchase price is (I) an amount equal to the Debt Payoff Amount (estimated $304,000,000); plus (II) an amount in cash required to satisfy Selling Entities' obligations in respect of unpaid "stub" rent, not to exceed $17,000,000 in the aggregate; plus (III) an amount not to exceed $42,391,000 in the aggregate as set forth in, and limited to (determined on both a line-item and aggregate basis), the amounts set forth in the APA Administration Budget (including for any such Seller obligations arising under the Agency Agreement); plus (IV) an amount not to exceed $125,000,000 as set forth in, and limited to (determined on both a line-item and aggregate basis), the amounts set forth in the amounts set forth in the Winddown Budget; plus (V) $7,500,000 to fund the Professional Fee Escrow Amount." *See* GBRP Sale Order, Ex. 1, Art. 3.01. It further states "provided, that Seller covenants that a condition to Buyer's funding of the APA Administrative Budget is Seller's agreement to use a portion of such funds to pay those items denominated . . ." *Id*. "Upon the Initial Closing Date, the Buyer shall pay the Debtors the portion of the Purchase Price allocated to outstanding stub rent . . . and the Debtors shall promptly pay such outstanding stub rent to the applicable landlords, unless otherwise agreed between the Debtors and the applicable landlord." *See* GBRP Sale Orde, Ex. 1, Art. 4.02.

[5] Stating in part: "Q For over 250 million of unpaid administrative expense claims that the debtors are characterizing as not go forward claim, the debtors are currently estimating $19 million approximately to be able to be shared with them; is that correct? A: Our forecast is $19 million. However, there is upside in certain of these assets to receive a higher recovery for admin claims." $19 million in assets divided by $250 million in claims= 7.6%.

7963604

businesses, which entitles Giftree to an administrative claim under section[6] 503(b)(9). Post-petition, Giftree delivered an additional $537,378.82 in goods to the Debtors, forming the basis for Giftree's further administrative claim under section 503(b)(1)(A). Giftree also delivered goods prepetition totaling in the amount of $238,035.77. In total, ~$1.55 million is owed by the Debtors to Giftree.

3.      These claims were presented to the Debtors, directly and through counsel, months ago. Giftree has also submitted Proof of Claims documenting its Prepetition Claims and 503(b)(9) Claims. See Claim Nos. 1778[7], 1779[8], 1780[9], 1781[10] and 1782[11]; *see also*, Peng Declaration, ¶11. Moreover, the Motion includes a complete record of all invoices, purchase orders, and tracking histories supporting Giftree's claims as Exhibit 1 to the Peng Declaration. *See* Peng Declaration, Ex.1. The Debtors have never affirmatively denied or disputed any portion of Giftree's claims, and the impact the ~$1.55 million outstanding balance owed by the Debtors has on Giftree cannot be understated. *See generally*, Peng Declaration. Within its own discretion, a court can require administrative claims under section 503(b)(1) be paid immediately upon considering prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005). Given the circumstances, at the very least, the claims should be allowed, and Giftree should not be forced to comply with future (and likely

---

[6] Unless otherwise noted, section references herein refer to the corresponding sections within Title 11 of the United States Code (the "Bankruptcy Code").
[7] Asserting a prepetition claim in the amount of $13,369.50 and a 503(b)(9) claim in the amount of $140,969.15 against CSC DISTRIBUTION, LLC.
[8] Asserting a prepetition claim in the amount of $53,850.13, and a 503(b)(9) claim in the amount of $11,791.5 against AVDC, LLC.
[9] Asserting a 503(b)(9) claim in the amount of $118,924.8 against CLOSEOUT DISTRIBUTION, LLC.
[10] Asserting a prepetition claim in the amount of $60,885, and a 503(b)(9) claim in the amount of $238,225,75 against DURANT DC, LLC.
[11] Asserting a prepetition claim in the amount of $109,931.14, and a 503(b)(9) claim in the amount of $268,522.39 against BIG LOTS STORES, LLC.

7963604

cumbersome and expensive) procedures[12]—particularly given the meager anticipated distribution it may receive.

4.  For the foregoing reasons and the reasons set forth in the Motion, the Debtors' objection should be overruled, and Giftree's claim should be allowed in the total amount of $1,553,848.18 (including a 503(b)(9) claim in the amount of $778,433.59, post-petition claim in the amount of $537,378.82, and prepetition claim in the amount of $238,035.77), with Giftree's administrative claims in the amount of $1,315,812.41 ordered to paid immediately or as soon as reasonably practicable.

Dated: January 17, 2025

*/s/Cheryl A. Santaniello*
Cheryl A. Santaniello, Esq. (DE Bar No. 5062)
Porzio, Bromberg & Newman, P.C.
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone:  (302) 526-1235
Facsimile:  (302) 416-6064
E-mail: casantaniello@pbnlaw.com

Kelly D. Curtin, Esq. *(pro hac vice)*
Jenny Zhou, Esq. *(pro hac vice)*
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box. 1997
Morristown, New Jersey 07962
Telephone: (973) 538-4006
Facsimile: (973) 538-5146
Email: kdcurtin@pbnlaw.com
Email: jzhou@pbnlaw.com

*Counsel for Giftree Craft Company Limited*

---

[12] As stated in the Objection, the Debtors purportedly intend to file a motion, to be heard at the omnibus hearing scheduled for February 26, 2025 (or an earlier hearing date), seeking to establish a bar date and procedures for filing claims related to administrative expenses incurred prior to the closing of the sale. Giftree has already submitted all relevant records to both the Court and the Debtors concerning its claims, it should not be required to comply with the proposed procedures, as doing so would unnecessarily duplicate legal expenses and impose an undue burden.

7963604