# EXHIBIT B

## Critical Vendor Agreement

<u>**Big Lots, Inc.**</u>

November 12, 2024

TO: TEXAS STAR NUT AND FOOD CO INC

206 Market Ave.,
Boerne, TX 78006

Dear Valued Vendor:

As you are aware, Big Lots, Inc. and certain of its affiliates (collectively, the "**Company**") commenced chapter 11 proceedings in the United States (collectively, the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on September 9, 2024 (the "**Petition Date**") (Case No. 24-11967(JKS)). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay the prepetition claims of certain vendors, suppliers, and service providers in part in recognition of the importance of the Company's relationship with such vendors, suppliers, and service providers and its desire that the Chapter 11 Cases have as little effect on the Company's ongoing businesses and operations as possible. On October 9, 2024, the Bankruptcy Court entered a final order (the "**Order**") authorizing the Company, under certain conditions, to pay the prepetition claims of certain vendors, suppliers, and service providers that agree to be bound by the terms of the Order. A copy of the Order is enclosed.

In order to receive payment on account of prepetition claims, you must sign this agreement ("**Vendor Agreement**") and agree to continue to supply goods and services to the Company based on "**Customary Trade Terms.**" In this Vendor Agreement, Customary Trade Terms are defined as the normal and customary trade terms, practices, and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability, and other applicable terms and programs) that were most favorable to the Company and in effect between you and the Company in the one-year period prior to the Petition Date, or such other trade terms and conditions as you and the Company agree upon; provided however that pricing for any items ordered shall reflect commodity prices at the time the Company places an order for any items, regardless of how such pricing compares to pricing during the one-year period prior to the Petition Date.

For purposes of administration of this vendor payment program as authorized by the Bankruptcy Court (the "**Vendor Payment Program**"), you and the Company both agree to the following:

1.      The agreed-upon portion of your prepetition claim (net of any setoffs, credits, or discounts) that the Company has agreed to pay in recognition of your critical vendor status, is

$142,776 (the "**Vendor Claim Portion**"), of which amount $71,009.16 is with respect to claims arising under section 503(b)(9) of the Bankruptcy Code.

2. The Company agrees to pay you the amount of your Vendor Claim Portion 30 days after execution of this Vendor Agreement. Any prepetition claims you may have shall be reduced by the amount of the Vendor Claim Portion set forth in paragraph 1 of this Vendor Agreement and paid to you.

3. You agree to supply post-petition goods or services to the Company in accordance with the Customary Trade Terms of Net 45 for all shipments.

4. You will continue to extend to the Company all Customary Trade Terms (as described above) during the pendency of the Chapter 11 Cases or such other trade terms and conditions as you and the Company agree upon in writing.

5. You will not demand a lump-sum payment upon consummation of a chapter 11 plan in the Chapter 11 Cases on account of any administrative expense priority claim that you assert, but instead agree that such claims will be paid in the ordinary course of business after consummation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Company.

6. You will not separately seek payment for reclamation or similar claims outside of the terms of the Order; provided however that for the avoidance of any doubt, the balance of your pre-petition claim after crediting payment received by you pursuant to this Vendor Agreement, shall remain outstanding.

7. You will not file or otherwise assert against the Company, the estates, or any other person or entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) or interest related in any way to any remaining prepetition amounts allegedly owed to you by the Company arising from agreements entered into prior to the Petition Date. Furthermore, you agree to take (at your own expense) all necessary steps to remove any such lien or interest as soon as possible.

8. If either the applicable Vendor Payment Program authorized by the Order or your participation therein terminates as provided in the Order, or you later refuse to continue to supply goods to the Company on Customary Trade Terms during the pendency of the Chapter 11 Cases, the Company may, in its sole discretion, and without further order of the Bankruptcy Court, (a) declare any payments you receive on account of your Vendor Claim (including claims arising under section 503(b)(9) of the Bankruptcy Code) to be voidable post-petition transfers pursuant to section 549(a) of the Bankruptcy Code that the Company may recover from you in cash or in goods (including by setoff against post-petition obligations) and (b) demand that you immediately return such payments to the extent that the aggregate amount of such payments exceeds the post-petition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever. Upon recovery of such payment by the Company, your Vendor Claim shall be reinstated in such an amount as to restore the Company and you to your original positions, as if the agreement had never been entered into and the payment of the Vendor Claim had not been made.

9. The undersigned, a duly authorized representative of TEXAS STAR NUT AND FOOD CO INC, has reviewed the terms and provisions of the Order and agrees that TEXAS STAR NUT AND FOOD CO INC is bound by such terms. By accepting payment of the Vendor Claim, you agree to the terms of the Order and submit to the jurisdiction of the Bankruptcy Court for enforcement thereof.

10. Any dispute with respect to this letter agreement, the Order, and/or your participation in the Vendor Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Vendor Agreement or our Chapter 11 Cases, please do not hesitate to call.

Sincerely,

Big Lots, Inc.

By: _____
Ronald A. Robins, Jr.
Executive Vice President, Chief
Legal and Governance Officer

Agreed and Accepted by:

TEXAS STAR NUT AND FOOD CO INC

By: *Laura Hamel*
Its: Laura Hamel, Controller
Dated: 11/12, 2024

3