**Exhibit 1**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

## ORDER APPROVING STIPULATION REGARDING ENTRY INTO LEASE TERMINATION AGREEMENT

Upon consideration of the *Stipulation Regarding Entry Into Lease Termination Agreement* (the "**Stipulation**"),[2] attached hereto as **Exhibit A**; and the Court having jurisdiction over the matters raised in the Stipulation, and consideration of the Stipulation and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Stipulation is in the best interests of the Debtors, their estates, creditors, and all parties-in-interest, and just cause exists for the relief granted herein; it is hereby ORDERED, ADJUDGED AND DECREED that:

1.  The Stipulation is APPROVED.

2.  The Debtors are authorized to take any action necessary or appropriate to implement the terms of the Stipulation and this Order without further order of the Court.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

3. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

4. This Order is effective immediately upon entry by the Court.

# **EXHIBIT A**

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

### STIPULATION REGARDING ENTRY INTO LEASE TERMINATION AGREEMENT

The above-captioned debtors and debtors in possession (the "**Debtors**") and DTS Properties VI LLC ("**DTS**" and, together with the Debtors, the "**Parties**"), by and through their undersigned counsel, hereby stipulate as follows:

### RECITALS

WHEREAS, on September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**");

WHEREAS, on January 2, 2025, the Bankruptcy Court entered its *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556] (the "**GBRP Sale Order**"[2]), the term of which, among other things, Debtors, including Tenant, sold substantially all of their

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the GBRP Sale Order.

assets to Gordon Brothers Retail Partners, LLC ("**GBRP**"), including "Designation Rights" with respect to certain leasehold interests, including the Lease (as defined below;

WHEREAS, DTS, as landlord, and BLBO Tenant LLC, as lessee, are parties to a lease (the "**Lease**") for non-residential real property located at 6420 20th St., Vero Beach, Florida (the "**Leased Property**");

WHEREAS, in furtherance of the Designation Rights, GBRP and DTS have agreed to terminate the Lease in exchange for valuable consideration as detailed in the lease termination agreement ("**LTA**") attached hereto as **Annex A**;

WHEREAS, in furtherance of the Designation Rights and the Designation Rights Procedures, GBRP has delivered to the Debtors an Agreed Assignment Notice designating the Lease for termination in accordance with the terms of the LTA and GBRP Sale Order;

WHEREAS, the Debtors have vacated the premises of the Leased Property and returned the keys (or authorized DTS to rekey the Leased Property);

NOW THEREFORE, in consideration of the above and the material promises contained in this stipulation ("**Stipulation**"), the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## STIPULATION

1. <u>Effectiveness of LTA</u>.  The LTA attached hereto as **Annex A** shall be deemed fully executed upon entry of an order approving this Stipulation.

2. <u>Execution/Authority to Bind</u>.  This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, each of which shall be deemed an original, and all of which together shall constitute the same instrument.  Each person signing this Stipulation represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party, to bind such Party to the terms and conditions of this Stipulation, and to act with respect to the rights and claims that are being altered or otherwise affected by this Stipulation.

3. <u>Jurisdiction</u>.  The Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer, or enforce the terms and provisions of, this Stipulation.

4. <u>Entire Agreement</u>.  This Stipulation and the attached LTA embodies the entire agreement and understanding of and between the Parties hereto and supersedes any prior agreements or understandings between the Parties, whether oral or written, regarding the terms of this Stipulation.  This Stipulation may not be modified, nor may any of its provisions be waived, except by a subsequent, express written agreement signed by the Parties hereto.  The failure of any Party hereto to insist in any one or more instances, upon the strict performance of any of the terms or provisions of this Stipulation, shall not be construed as a waiver or relinquishment of such Party's right to enforce any such term or provision.  The Parties agree that if any provision of this Stipulation is determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, that provision shall not be a part of this Stipulation and the legality, validity, and enforceability of the remaining provisions shall not be affected.

*[Signature Page Follows]*

Date: January 20, 2025

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**RIEMER & BRAUNSTEIN LLP**

*/s/ Steven E. Fox*
Steven E. Fox
Times Square Tower, Suite 2506
Seven Times Square
New York, New York 10036
Tel: 212-789-3150
Email: sfox@riemerlaw.com

*Attorneys for Gordon Brothers Retail Partners, LLC*

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**

*/s/ Ivan M. Gold*
Ivan M. Gold
Three Embarcadero Center, 12th Floor,
San Francisco, CA 94111-4074
Tel:  (415) 273-7431
Email:  igold@allenmatkins.com

-and-

**HOGAN♦McDANIEL**
Garvan F. McDaniel (No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

*Attorneys for DTS Properties VI LLC*

**ANNEX A**

Case 24-11967-JKS    Doc 1783-1    Filed 01/20/25    Page 10 of 18

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "**Agreement**") is made as of this 17 day of January, 2025 between DTS PROPERTIES VI LLC, an Illinois limited liability company ("**Landlord**") and BLBO Tenant LLC, an Ohio limited liability company ("**Tenant**") or "**Debtor**").

## RECITALS

WHEREAS, BIG VEFL Owner LLC, Landlord's predecessor-in-interest, and Tenant entered into a certain Lease Agreement dated August 25, 2023 (the "**Lease**"), covering certain premises located at 6420 20th St, Vero Beach, Florida (the "**Premises**"), operated as Big Lots #on the terms and conditions set forth therein;

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession (the "**Debtors**"), has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), which chapter 11 cases are being jointly administered under In re Big Lots, Inc., et al., Case No. 24-11967 (JKS) (the "**Bankruptcy Cases**");

WHEREAS, On January 2, 2025, the Bankruptcy Court entered its *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556] (the "**GBRP Sale Order**"), the term of which, among other things, Debtors, including Tenant, sold substantially all of their assets to Gordon Brothers Retail Partners, LLC ("**GBRP**"), including "Designation Rights" with respect to certain leasehold interests, including the Lease for the Premises;

WHEREAS, GBRP has advised Tenant that it intends to designate the Lease as a "Post-Closing Designated Lease" pursuant to the GBRP Sale Order for purposes of a consensual termination of the Lease;

WHEREAS, the Parties desire to enter into this Agreement, for among things, to effectuate GBRP's exercise of its Designation Rights under the GBRP Sale Order, provide for the termination of the Lease and the restoration of possession of the Premises to Landlord as of the Termination Date (as defined below), provide for the abandonment of any remaining equipment at the Premises and its removal by Landlord in its sole and absolute discretion, and provide for the mutual releases of the parties;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement (the "**Bankruptcy Court Order**"):

#99081943v2
4921-6666-1648.2

Docusign Envelope ID: 6689DD3D-F472-4651-AC83-7864FD7B231E
Case 24-11967-JKS    Doc 1783-1    Filed 01/20/25    Page 12 of 18

## AGREEMENT

1.     <u>Recitals</u>.  The Recitals are incorporated herein as if set forth at length.

2.     <u>Lease Termination</u>.    Subject to the Bankruptcy Court Order, the Lease shall be terminated effective as of the later of (a) the Vacate Date (as defined below), which date shall be no later than February 28, 2025, unless otherwise agreed to in writing by Landlord, and (b) the date the Bankruptcy Court enters the Bankruptcy Court Order approving this Agreement (the "**Termination Date**"). No later than the Termination Date, Tenant shall surrender the Premises to Landlord, deliver possession of the Premises to Landlord, i.e., by written or electronic mail notice to Landlord, and shall return, as applicable, all access codes and keys (or written confirmation that Landlord is authorized to change the locks), key codes and alarm codes for the Premises (if practically available) to Landlord (or its agent) or by providing written confirmation that Landlord is authorized to changes the locks (the "**Vacate Date**"). Effective as of the Termination Date, Tenant shall: (a) surrender the Premises to Landlord and shall give, grant and surrender unto Landlord all of Tenant's right, title or interest in or to the Premises, including, without limitation, all of Tenant's right, title and interests in the Lease, and Landlord hereby accepts such surrender, and (b) provide Landlord with utility and service provider account information with respect to the Premises on request. Each of the parties hereto acknowledges performance of all obligations of the other party under the Lease or otherwise in connection with the Premises through and including the Vacate Date except as otherwise agreed to herein, and agree that, from and after the Termination Date, the Lease, and all rights and obligations of the parties thereunder, shall be deemed to have expired as if such date where the expiration date set forth in the Lease. Further, as of the date of execution of this Agreement, Tenant acknowledges and agrees that, from and after the date hereof, (x) Landlord shall have the right to immediately market the Premises for lease, and (y) Tenant shall not market the Lease, and shall remove the Lease from any further sale process, and shall instruct its representatives, advisors and agents (including GBRP and its affiliates) accordingly.

3.     <u>Consideration</u>.  As consideration for this Agreement, Landlord shall (a) pay to GBRP, within two (2) business days of entry of the Bankruptcy Court Order, the sum of $665,105.50 in immediately available funds pursuant wire instructions separately provided, (b) waive all amounts outstanding and billed under the Lease as of the Petition Date, which amount includes any rent and charges attributable for the period from the Petition Date through February 28, 2025 (currently the sum of $134,894.50), and (c) waive any claim for damages for the rejection of the Lease under 11 U.S.C. § 502(b)(6) (the "<u>Consideration</u>"); provided, however, Landlord's Consideration and the waiver of prepetition and post-petition sums due and owing from Tenant, shall not include any obligations of the Tenant to indemnify the Landlord for any third party claims asserted with respect to or arising from the Tenant's use and occupancy of the Premises prior to the Termination Date for which the Tenant had a duty to indemnify Landlord pursuant to the Lease, including but not limited to any third party claims or mechanics' liens that have been or may be filed against the Tenant and the Premises (the "**Liens**"), which Liens shall attach to in all respects to the proceeds of the Consideration.

2

#99081943v2

4. <u>Landlord Release of Tenant</u>. Conditioned upon and effective as of (i) the entry of the Bankruptcy Court Order and (ii) Tenant's return of possession of the Premises to Landlord in accordance with this Agreement on or prior to the Termination Date, for valuable consideration, and the mutual covenants and agreements contained herein, Landlord does hereby fully, forever and irrevocably release, discharge and acquit Tenant, and its respective past and present affiliates that have filed for relief under the Bankruptcy Code, and the respective past and present officers, directors, agents and employees, of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, arising under the Lease to Landlord each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease by and between Tenant and Landlord. Notwithstanding the above, Landlord does not waive or release Tenant from the following: (i) obligations arising under this Agreement; (ii) any Lease obligations that expressly survive the Termination Date; (iii) any indemnification obligations for Liens and arising from third party damage and personal injury claims asserted with respect to or arising from Tenant's use and occupancy of the Premises prior to the Termination Date for which Tenant had a duty to indemnify Landlord pursuant to the Lease (but only to the extent that such latter claims are covered by Tenant's insurance policies and on the condition that Landlord only seeks recovery from the insurer and only up to the insured amount, but subject to the provisions of paragraph 12 of the GBRP Sale Order with respect to any self-insured retention amount); and (iv) Landlord's exercise of any discovery rights Landlord has against the Tenant in connection with any civil litigation or arbitration proceedings involving a third party.

5. <u>Tenant Release of Landlord</u>. Conditioned upon and effective as of (i) the entry of the Bankruptcy Court and (ii) Tenant's return of possession of the Premises to Landlord in accordance with this Agreement on or prior to the Termination Date, for valuable consideration, and the mutual covenants and agreements contained herein, Tenant and its affiliated Debtors do hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected,

3

liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease, including the pursuit of any avoidance actions under Sections 544, 545, 547, 548, 550 and 553 of the Bankruptcy Code against the Landlord, relating to or arising out of the Lease, this Agreement or the Premises. Notwithstanding the above, Tenant, the bankruptcy estate, and anyone eligible to make a claim by or through the Tenant and bankruptcy estate, including the Committee, does not waive or release Landlord from the following: (i) any obligations arising under this Agreement; (ii) any indemnifications obligations arising from third party claims asserted with respect to or arising from Landlord's obligations prior to the Termination Date for which Landlord had a duty to indemnify Tenant pursuant to the Lease (but only to the extent that such claims are covered by Landlord's insurance policies and on the condition that Tenant only seeks recovery from the insurer and only up to the insured amount); and (iii) Tenant's exercise of any discovery rights Tenant has against the Landlord in connection with any civil litigation or arbitration proceedings involving a third party.

      6.    As further consideration for this Release, the parties hereto, for themselves and their successors and assigns, hereby agree, represent and warrant that the matters released herein are not limited to matters that are known or disclosed, and the parties hereby waive any and all rights and benefits that they now have, or in the future may have, conferred upon it by virtue of the provisions of Section 1542 of the Civil Code of the State of California (or any other statute or common law principles of similar effect), which Section provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

      7.    In this connection, the parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the parties further agree, represent and warrant that this Release has been negotiated and agreed upon in light of that realization and that, except as expressly limited above, they nevertheless hereby intend to release, discharge, and acquit the Released Parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

      8.    <u>Conditions Precedent</u>. As a condition precedent to the effectiveness of this Agreement, each and all of the following shall have occurred no later than the Termination Date:

      (a)    Tenant has delivered possession of the Premises to Landlord;

4

#99081943v2

  (b) Tenant has delivered to Landlord the keys and access codes to the Premises (or written confirmation that Landlord is authorized to change the locks);

  (c) An order has been entered by the Bankruptcy Court approving the entirety of this Agreement. Tenant shall use commercially reasonable efforts to promptly file and serve an Agreed Assignment Notice pursuant to the GBRP Sale Order and seek and obtain Bankruptcy Court approval of this Agreement, on an expedited basis if necessary, such that the Termination Date shall occur no later than February 28, 2025.

  9. <u>Abandonment</u>. Subject to Court approval, upon the Termination Date, any personal property remaining at the premises is deemed abandoned and Landlord is free to dispose of or utilize any personal property without further notice or liability to the Tenant or any consenting third parties; provided that, the Tenant shall have fourteen (14) days after the Closing Date to remove any point-of-sale ("**POS**") systems from the Premises during which time the Landlord shall not utilize or dispose of any such POS systems and shall use commercially reasonable efforts to provide access to the Premises to Tenant to remove any such POS systems.

  10. <u>Further Assurances</u>. Upon the Termination Date, each of the parties to this Agreement shall use all reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, and to assist and cooperate with the other Parties in doing, all things necessary, proper or advisable to carry out the intent and purposes of this Agreement, including, without limitation, the execution and delivery of a termination notice or similar instrument as may be necessary to terminate and release the Memorandum of Lease Agreement recorded on August 29, 2023 in the Records of the Clerk of the Circuit Court of Indian River County, Florida, at Book 3646, page 1393.

  11. <u>Authority to Settle</u>. Each of the parties to this Agreement respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby. Each of the parties to this Agreement respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

  12. <u>Entire Agreement</u>. This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral. Each of the parties to this Agreement respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement. Each of the parties to this Agreement further acknowledges that such party is not executing this Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

#99081943v2

13. **Advice of Counsel.** Each of the parties to this Agreement respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or that it has had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or has had the opportunity to have had, the same explained to it by its own counsel. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

14. **Attorneys' Fees.** Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

15. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Counterparts may be delivered via facsimile transmission, electronic mail (including .pdf or any electronic signature complying with the U.S. Federal ESIGN Act of 2000 or other applicable law) or other transmission method, and any counterpart so delivered shall be deemed to be duly and validly delivered and be valid and effective for all purposes. Further, each of the parties to this Agreement agrees that scanned or electronic signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

16. **Governing Law.** This Agreement shall be governed by and construed under the laws of the State of Delaware, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

17. **Jurisdiction.** The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, *forum non conveniens*, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

18. **Miscellaneous.**

(a) The headings of the sections of this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of this Agreement. This Agreement and its terms, provisions, covenants and conditions may not be amended, changed, altered, modified or waived except by an express instrument in writing signed by each and all of the parties hereto.

#99081943v2

(b) This Agreement and each of its provisions are binding upon and shall inure to the benefit of the Tenant's successors and assigns, including, without limitation, a trustee, if any, subsequently appointed under Chapter 7 or 11 of the Bankruptcy Code.

(c) Each of the parties to this Agreement shall take all necessary steps, cooperate, and use reasonable best efforts to obtain and achieve the objectives and fulfill the obligations of this Agreement. Each of the parties hereto shall cooperate with each other and shall execute and deliver any and all additional notices, papers, documents, and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations hereunder and to carry out the intent of this Agreement.

(d) Each of the parties to this Agreement shall pay all of its own legal fees, costs, and any other expenses incurred or to be incurred in connection with the consummation of this Agreement.

(e) Tenant acknowledges and agrees that Landlord shall have no obligation to pay a broker commission or any other compensation to any broker or real estate consultant engaged by Tenant with respect to this Agreement.

(f) The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all parties hereto and their counsel. Because this Agreement was drafted with the participation of all parties hereto and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the parties to this Agreement respectively represents and warrants that each such party was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Agreement, and there was no disparity in bargaining power among the parties to this Agreement.

*[Signatures appear on following page]*

Docusign Envelope ID: 6689DD3D-F472-4651-AC83-7864FD7B231E
Case 24-11967-JKS    Doc 1783-1    Filed 01/20/25    Page 18 of 18

IN WITNESS HEREOF, the parties have duly executed this Agreement as of the date and year first written above.

**DTS PROPERTIES VI LLC**, an Illinois limited liability company

By: DTS PROPERTIES MANAGEMENT INC.,
an Illinois corporation
Its: Manager

By: PREMIUM ASSET MANAGEMENT Inc.,
an Illinois corporation
Its: Authorized Agent and representative

By: _____
Print Name: Dan Shoffet
Its: President

**BLBO TENANT LLC**, an Ohio limited liability company

By: _____
Print Name: _____
Its: _____

**CONSENTED TO:**

**GORDON BROTHER RETAIL PARTNERS, LLC,**
a Delaware Limited liability company

By: Richard Edwards
Print Name: Richard Edwards
Its: Head of NA Retail

#99081943v2
4921-6666-1648.2