**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al*., | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection deadline: February 5, 2025 at 4:00 pm (ET)** |
| | **Hearing date: February 26, 2025 at 10:30 am (ET)** |

**MOTION OF GH2 NSB BB, LLC FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. §503(b)(1)(A)**

Pursuant to section 503(b) of title 11 of the United States Code (the "Bankruptcy Code"),
GH2 NSB BB, LLC ("GH2")[2], by and through its undersigned counsel, files this *Motion for
Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C §503(b)(1)(A)* (the
"Motion") for amounts owed from the Petition Date ($42,837.71 as of December 31, 2024) (the
"Administrative Expense Claim"). In support of the relief requested, GH2 respectfully states the
following:

**JURISDICTION AND VENUE**

1.      This court (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C.
§§157 and 1334(b). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This
matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (M) and (O).

2.      The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 503(a),
503(b)(1)(A) and 507(a)(2).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers,
are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984);
Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC
(6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673);
PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address
of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.
[2] Pursuant to Del. Bankr. L.R. 9013-1(h), GH2 does consent to the entry of final orders or judgments by the Court if it is determined that the Court,
absent consent of the parties. cannot enter final orders or judgments consistent with Article III of the United States Constitution

3.      Pursuant to Del. Bankr. L.R. 9013-1(f), GH2 consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### BACKGROUND

4.      On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

5.      The Debtors' Chapter 11 cases have been jointly administrated for procedural purposes, and the Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

**GH2's Lease with the Debtor.**

6.      On July 31, 2019, GH2 and debtor Big Lots Stores, Inc. (the "Debtor") entered into a *Lease Agreement* for real property located at 1998 State Road 49, New Smyrna Beach, Florida and known as Store # 5272 (the "Lease").

7.      On May 16, 2019, GH2 and the Debtor entered into a *First Lease Extension and Modification Agreement* which, among other things, extended the expiration date under the Lease from January 31, 2023, for six additional years, until January 31, 2029 (the "Extension").  A copy of the Lease and the Extension is attached hereto as composite Exhibit "A".[3]

8.      Pursuant to the Lease, the Debtor is liable to GH2 for, among other things, rent, insurance, real property taxes and a common area allocation for the leased premises occupied by the Debtor.

9.      For the period from the Petition Date through December 31, 2024, the Debtor is indebted to GH2 under the Lease for unpaid insurance, real property taxes, and a common area

---

[3] The monetary and non-monetary obligations of the Debtor Tenant to GH2 are described by the Lease and the Extension.

#62633254 v1

maintenance allocation equal to $42,837.71 ("Post Petition Amount Due"). A summary of the Post-Petition Amount Due the Debtor to GH2 is attached hereto as Exhibit B[4].

10.     As of the Petition Date, the Debtor agrees it is indebted to GH2 in the amount of $101,924.04.

## RELIEF REQUESTED

11.     By this Motion, GH2 requests that the Court enter an Order, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, granting it an allowed administrative expense claim in the total amount of no less than the Post Petition Amount Due of $42,837.71, and requiring that the Debtor remit immediate payment of the Post Petition Amount Due to GH2 within no more than seven (7) days after entry of the Order allowing the Administrative Expense Claim.

## BASIS FOR RELIEF

12.     Section 503 of the Bankruptcy Code provides, in pertinent part:
(b) After notice and a hearing, there shall be allowed administrative expenses, other
than claims allowed under section 502(f) of this title, including –
(1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

13.     Pursuant to 11 U.S.C. §503(b)(1)(A), creditors are allowed administrative expense claims, including the "actual, necessary costs and expenses of preserving the estate" after a notice and hearing. In Order for a claim to be given priority as an administrative claim, "it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. V. TriState Clinical Labs, Inc.*', 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations are omitted). The U.S. Supreme Court noted that "'actual and necessary costs' should include costs ordinarily incident to operation of a business, and [are] not limited to costs without which rehabilitation would

---

[4] Copies of documents supporting the line items referenced in Exhibit A are available upon request to counsel.  The Post-Petition Amount Due continues to accrue

be impossible." *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc.* (*In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); Matter of H.L.S. Energy Co., 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); see also 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

14.    Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor-in-possession incurred the transaction on which the claim is based or that the claimant furnished the consideration to the debtor-in-possession. Second, it must show that the transaction resulted in a direct benefit to the debtor-in-possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); see also *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532-33. "To establish an administrative claim, a claimant must show that (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 20-12522 JTD, 2021 WL 4876908 at *6 (D. Del. October 19, 2021).

15.    The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommereds., 16th ed.).

16.    In this case, the Post Petition Amount Due benefited the estate by permitting the Debtor to operate its business from the leased premises and generate revenue in the ordinary course

of business operations. The amounts sought pursuant to this Motion were incurred by the Debtor subsequent to the Petition Date as actual, necessary costs and expenses of preserving the Debtor's estates. Therefore, the amounts due under the Agreement should be accorded administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A).

## RESERVATION OF RIGHTS

16.     GH2 reserves the right to amend this Administrative Expense Claim in any respective, including, but not limited to, asserting all amounts owed as applicable and all rights, claims, and remedies at law and equity under the Bankruptcy Code and applicable nonbankruptcy law.

**WHEREFORE**, GH2 NSB BB, LLC respectfully requests that the Court enter an Order directing the immediate payment of its Administrative Expense Claim for $42,837.71 and for such additional relief as the Court may deem appropriate.

Dated: January 22, 2025            **GELLERT SEITZ BUSENKELL & BROWN, LLC**
                                   */s/ Ronald S. Gellert*
                                   Ronald S. Gellert (DE 4259)
                                   1201 North Orange Street, Suite 300
                                   Wilmington, Delaware 19801
                                   Telephone: (302) 425-5806
                                   Facsimile: (302) 425-5814
                                   Email: rgellert@gsbblaw.com

                                   and

                                   **GRAYROBINSON, P.A.**
                                   Steven J. Solomon, Esq.
                                   (*pro hac vice* forthcoming)
                                   Florida Bar No.  931969
                                   333 SE 2nd Avenue, Suite 3200
                                   Miami, FL 33131
                                   Phone:  305.913.0367
                                   E-mail:steven.solomon@gray-robinson.com

                                   *Counsel for GH2 NSB BB, LLC*