## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| BIG LOTS, INC., *et al.*,[1] | : | Case No. 24-11967 (JKS) |
|  | : | (Jointly Administered) |
|  | : |  |
| Debtors. | : | Hearing Date: February 26, 2025, at 10:30 a.m. |
|  | : | Objection Deadline: February 5, 2025, at 4:00 p.m. |

## APPLICATION OF MILELLI REALTY-LEHIGH STREET, LLC FOR AN ORDER COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSES

Milelli Realty-Lehigh Street, LLC ("Landlord"), a creditor in the above-captioned, jointly-administered bankruptcy proceeding, by and through its undersigned counsel, applies ("Application") to this Honorable Court for entry of an order compelling the above-captioned debtors and debtors-in-possession (the "Debtors") to pay all post-petition lease obligations (the "Post-Petition Obligations") and, in support thereof, respectfully represents as follows:

### PRELIMINARY STATEMENT[2]

1.      The Debtors and Landlord are counterparties to a Lease for retail space located in Allentown, Pennsylvania.  Since the Petition Date, the Debtors have had exclusive use and possession of the Premises.  Yet, the Debtors have failed to timely perform all of their obligations under the Lease.  Accordingly, the Landlord respectfully requests that the Court

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] All capitalized terms used but not defined in this Preliminary Statement shall have the same meaning ascribed to them as used *infra*.

compel the Debtors to immediately meet all post-petition rent obligations under the Lease in accordance with 11 U.S.C. § 503(b).[3]

## JURISDICTION

2.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105, 365 and 503 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code").

3.      Pursuant to Local Rule 9013-1(f), Landlord does not consent to the entry of a final judgement or order.

## BACKGROUND

### A.      LANDLORD'S RELATIONSHIP WITH THE DEBTORS

4.      On or about February 5, 1999, the Landlord's predecessor in interest, Lehigh Street Associates, L.P. entered into a Lease Agreement (collectively with all schedules, amendments, assignments and modifications thereto [including that certain Fifth Lease Extension and Modification Agreement between Claimant, as landlord and Debtor, as tenant], the "Lease")[4] with Consolidated Stores Corporation (predecessor in interest to Big Lots Stores,

---

[3] The Landlord is aware of the Debtor's *Motion to Approve Sale, Authorize The Debtor to Enter Into And Perform Under The GBRP APA and To Assume And Authorize Assumption And Assignment Of Executory Leases and Unexpired Leases* [D.I. 1437].  As part of the sale, the Landlord is hopeful the Lease will be assumed and assigned, with all cure amounts satisfied, and will work in good faith with the Debtor and Purchaser. However given the case history, uncertainty of closing and accruing obligations of the Debtor, at this time the Landlord must insist that its administrative claims be satisfied.

[4] The lease is voluminous and, therefore, is not attached to this Application; however, a copy of the Lease is available upon request.

ME1 35584404v.1

LLC (the "Debtor")), pursuant to which the Debtor leases 28,272 +/- square feet of retail space at 2349 Lehigh Street, Allentown, PA (the "Premises")[5]

5.    Since September 9, 2024 (the "Petition Date"), the Landlord has performed all of its obligations under the Lease, including respecting the Debtor's right to exclusive use and possession of the Premises.

6.    The Debtor, in contrast, has failed to comply with the terms of the Lease.  Among other things, the Debtors owe the following Post-Petition Obligations:

| | |
|---|---:|
| **Stub Rent – Base Rent** ($23,560.00 per month x 22/30 days for the period 9/9/24 – 9/30/24) | $17,277.33 |
| **Stub Rent – CAM** ($2,356.00 per month x 22/30 days for the period 9/9/24 – 9/30/24) | $1,727.73 |
| **Stub Rent – Insurance** ($594.57 per month x 22/30 days for the period 9/9/24 – 9/30/24) | $436.31 |
| **Stub Rent – Real Estate Taxes** ($3,242.81 per month x 22/30 days for the period 9/9/24 – 9/30/24) | $2,378.06 |
| **2024 Real Estate Tax Reconciliation** | $46,678.46 |
| **November Rent – Base Rent** | $23,560.00 |
| **November Rent – CAM** | $2,356.00 |
| **November Rent – Insurance** | $594.57 |
| **November Rent – Real Estate Taxes** | $3,242.81 |
| *Sub Total* | *$98,251.27* |
| Less Partial Payment of Stub Rent | $6,193.38 |
| **OUTSTANDING BALANCE** | **$92,057.89**[6] |

---

[5] Working cooperatively with the Debtors' financial advisor Alix Partners LLC, the Landlord entered into the *Sixth Amendment to Lease* (dated as of October 21, 2024) however the Restructuring Effective Date (as defined in the Sixth Amendment) has not yet occurred.

ME1 35584404v.1

**B.**     **BANKRUPTCY PROCEEDINGS**

7.     On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court") and, thereby, commenced their individual chapter 11 cases (collectively, the "Bankruptcy Cases").

8.     On October 16, 2024, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts* [Doc. No. 511] (the "Cure Notice").

9.     On December 13, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Doc. No. 1351] (the "Extension Motion")

10.     On December 19, 2024, the Debtor filed the *Seventh Notice of Filing of List of Additional Closing Stores Pursuant to the Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [Doc. No. 1397], which identified the Premises as a location where the Debtors intend to conduct Store Closing Sales, but does not set a date certain to assume or reject the Lease.

11.     On January 2, 2025, the Court entered the *Bridge Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Doc. No. 1551], which extends the deadline by which the Debtors must assume or reject the Lease from January 7, 2025, through and including January 21, 2025.

---

[6] In addition to this amount, "Post-Petition Obligations" includes all other amounts and obligations owed under the terms of the Lease, including, without limitation, any additional amount accruing but which remains unpaid from the date this Application is filed until the date this matter is heard by the Court.

ME1 35584404v.1

12.     Also on January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Doc. No. 1556] (the "Sale Order"), which approves the sale of certain of the Debtors' assets to Gordon Brothers Realty Partners, LLC ("Gordon Brothers") pursuant to the asset purchase agreement attached thereto as Exhibit 1.

13.     On January 6, 2025, the Debtors advised that their sale to Gordon Brothers had closed by filing the *Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [Doc. No. 1588].  While Landlord is hopeful that the Lease will be assumed and assigned, with all arrearages cured, at this time no determination as to the Lease has been announced.

14.     While the Landlord will continue to work in good faith with the Debtors under the expectation that the Lease will be assumed and assigned with arrearages satisfactorily cured, at this time the entry of an order fixing the administrative rent claim to date, along with compelling the immediate satisfaction of all post-petition obligations, is appropriate and necessary to properly safe guard the Landlord's interests.

**RELIEF REQUESTED**

15.     Landlord respectfully requests that the Court enter an order compelling the payment of all Post-Petition Obligations owed under the Lease by a date certain.

ME1 35584404v.1

## BASIS FOR RELIEF REQUESTED

**A.    THE LANDLORD IS ENTITLED TO PAYMENT OF THE POST-PETITION OBLIGATIONS.**

16.    First, timely performance of all Post-Petition Obligations is required by the Bankruptcy Code.  Section 365(d)(3) of the Bankruptcy Code requires the Debtors to "timely perform all the obligations . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3).  The Court may extend upon a showing of "cause" the Debtors' timely performance, however, the time for performance shall not be extended beyond such 60-day period.  11 U.S.C. § 365(d)(3).

17.    The Bankruptcy Code is not ambiguous.  Post-petition payments are due under Section 365(d)(3) "irrespective of whether payments required under the leases meet the usual requirement for administrative status, reasonableness and benefits to the estate, they are unconditionally due." *In re Wingspread Corp.*, 116 B.R. 915, 925 (S.D.N.Y. 1990).

18.    The Lease is an unexpired lease of real property which has yet to be assumed or rejected.  The Post-Petition Obligations arise under the terms of the Lease.  Accordingly, pursuant to the clear and unambiguous terms of the Bankruptcy Code, Landlord is entitled to payment.

19.    Second, the Post-Petition Obligations should be treated as an administrative claim.  11 U.S.C. § 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, actual, necessary costs and expenses of preserving the bankruptcy estate. "[W]hen third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly

6

require that their claims be afforded priority." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (internal citations omitted, second modification in original).

20.    Since the Petition Date, Landlord has incurred administrative expenses, including, without limitation, certain Post-Petition Obligations relating to its maintenance of the Premises.

21.    When determining the reasonable value of services for purposes of calculating an administrative expense claim, "there is a presumption that the contract terms and rate represent the reasonable value of the services or goods provided under the contract." *In re ID Liquidation One, LLC*, 503 B.R. 392, 399 (Bankr. D. Del. 2013).

22.    Landlord seeks to recover the Post-Petition Obligations pursuant to the terms of the Lease.

23.    It is well settled that the decision whether to order payment of § 503(b)(1) administrative claims is within the sound discretion of this Honorable Court. *See, e.g., In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).

24.    The law is clear.  Since the Debtors chose not to reject the Lease, they must pay the Post-Petition Obligations without further delay (to the extent not cured before this Application is heard). There is no legal or equitable basis to further delay payment of the Post-Petition Obligations owed to Landlord.

## RESERVATION OF RIGHTS

25.    Landlord expressly reserves the right to amend this Application or supplement the Application with affidavits and other supporting documents a decision from the Court regarding the amount of Landlord's administrative expense claim becomes necessary.  Moreover, nothing contained herein shall constitute a waiver of the Landlord's right to file another Application, as

ME1 35584404v.1

necessary, should the Debtor continue to fail to meet its Post-Petition Obligations after this Application is heard by the Court.

## NOTICE

26.     Notice of this Application is being provided to: (i) the Debtors; (ii) counsel to the Debtors; (iii) the Office of the United States Trustee; (iv) counsel to the official committee of unsecured creditors; and (v) all parties requesting notice in the Debtors' chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of relief requested herein, Landlord respectfully submits that no other or further relief is necessary.

## CONCLUSION

For the foregoing reasons, the Landlord respectfully requests that this Court grant the Application and such other and further relief as is just and proper.

Dated:  January 22, 2025
        Wilmington, Delaware

Respectfully Submitted,

**McCARTER & ENGLISH, LLP**

By: */s/ Shannon D. Humiston*
      Shannon D. Humiston (No. 5740)
      Renaissance Centre
      405 N. King Street, 8th Floor
      Wilmington, Delaware  19801
      Telephone: (302) 984-6313
      Facsimile: (302) 984-2496
      shumiston@mccarter.com

      and

      Jeffrey T. Testa (admitted *pro hac vice*)
      100 Mulberry Street
      Four Gateway Center
      Newark, NJ 07012
      Telephone: (973) 622-4444
      Facsimile: (973) 624-7070
      jtesta@mccarter.com

      *Counsel for Milelli Realty-Lehigh Street, LLC*

ME1 35584404v.1