**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: February 26, 2025 at 10:30 a.m. (ET)**<br>**Objections Due: February 5, 2025 at 4:00 p.m. (ET)** |

**DOSKOCIL MANUFACTURING COMPANY, INC.'S MOTION
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

  Doskocil Manufacturing Company, Inc., d/b/a Petmate ("DMC"), by and through its undersigned attorneys, hereby files this motion (the "Motion") seeking the allowance and payment of an administrative expense claim pursuant to §§ 503(b) and 507(a)(2) of Title 11 of the United States Code (the "Bankruptcy Code") in the amount of $577,255.96 (the "DMC Administrative Expense Claim") against Debtor Big Lots, Inc. ("Big Lots," and together with its affiliated co-debtors in these jointly administered cases, the "Debtors"). In support of this Motion, DMC respectfully states as follows:

**JURISDICTION AND VENUE**

  1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

  2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors and debtors in possession (each a "Debtor" and, together, "Debtors") in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

4921-5666-5102.2

3. The statutory bases for the relief requested herein are § 503(b)(1) and § 507(a)(2) of the Bankruptcy Code.

## BACKGROUND

**A.    Case Background**

4. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors continue to operate their businesses and manage their property as debtors in possession under §§ 1107(a) and 1108 of the Bankruptcy Code while their jointly-administered bankruptcy cases (the "Bankruptcy Cases") proceed.

5. On the Petition Date, the Debtors filed that certain *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors To Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors Undisputed Obligations to Vendors Arising From PostPetition Delivery of Goods Ordered Prepetition and Authorizing Debtors To Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors To Return Goods, (IV) Authorizing Debtors To Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 11] (the "Critical Vendor Motion"). Per the Critical Vendor Motion, in order to preserve the going concern value of the estate, the Debtors requested authority to pay the prepetition claims of certain vendors, suppliers, and service providers in part in recognition of the importance of the Debtors' relationships with such vendors, suppliers, and service providers and their desire that the bankruptcy cases have as little effect on the debtors' ongoing businesses and operations as possible.

6. Also on the Petition Date, the Debtors filed a Motion to Approve Debtor in Possession Financing [D.I. 19] (the "DIP Financing Motion").

7. On September 10, 2024, the Bankruptcy Court entered an interim order [D.I. 106] (the "Interim Critical Vendor Order") authorizing the debtors, under certain conditions, to pay prepetition claims of certain vendors, suppliers, and service providers.

8. On September 23, 2024, the U.S. Trustee filed a notice of appointment of a committee of unsecured creditors [D.I. 248] (the "Committee").

9. On October 9, 2024, the Court entered a final order [D.I. 463] (the "Final Critical Vendor Order") authorizing the debtors to pay prepetition claims of certain vendors on a final basis.

10. On October 22, 2024, the Court entered the Final DIP Order [D.I. 584].

**B.    The Agreement**

11. During the pre-petition period, Big Lots and DMC enjoyed a purchase order-based arrangement whereby DMC would receive periodic purchase orders ("POs") from Big Lots requesting that DMC provide certain goods and services (the "Products"). Upon fulfilling such a PO, DMC would then submit an invoice for the value of the Products, which would subsequently be paid by Big Lots.

12. Because the Products are critical to the successful reorganization of the Debtors, and as contemplated and authorized under the Final Critical Vendor Order, DMC and Big Lots entered into a Continuing Vendor Agreement (the "CVA") effective as of October 31, 2024 (the "CVA Effective Date") in order to continue the relationship after the Petition Date. Under the CVA, DMC agreed to continue to supply Big Lots with the Products with additional requirements reflecting the needs of the ongoing Bankruptcy Cases. A true and correct copy of the CVA is attached hereto as **Exhibit A**.

13. Big Lots placed post-petition orders for the Products after the CVA Effective Date.

14. DMC has performed under the CVA since the CVA Effective Date, in that all of Big Lots' orders for Products have been filled and delivered.  However, Big Lots has not paid any of DMC's invoices (true and correct copies of which are attached hereto as **Exhibit B**) submitted since the CVA Effective Date.

15. The total amount owed by Big Lots for the Products since the CVA Effective Date is $577,255.96.

**RELIEF REQUESTED AND BASIS THEREFOR**

16. DMC respectfully requests that this Court enter an order allowing the DMC Administrative Expense Claim in the amount of $577,248.12 as an administrative expense claim pursuant to §§ 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code and require immediate payment thereof.

17. Section 503(b) of the Bankruptcy Code provides, in pertinent part, that allowed administrative expense claims exist for the "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).  Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have second priority.  11 U.S.C. § 507(a)(2).

18. Under the Bankruptcy Code, "[i]f the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services."  *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984); *see also Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy Inc.)*, 181 F.3d 527, 533 (3d Cir. 1999); *Matter of H.L.S. Energy Co., Inc.*, 151 F.3d 434, 437 (5th Cir. 1998) ("The Bankruptcy Code

provides that 'the actual, necessary costs and expenses of preserving the estate' are characterized as administrative expenses … entitled to priority over the claims of other unsecured creditors." (citing 11 U.S.C. § 503(b)(1)(A))).

19. The DMC Administrative Expense Claim is entitled to administrative expense priority pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code because the claim was incurred by the Debtor's estate after the Petition Date, and because both the Agreement and the CVA preserved the Debtor's estate in accordance with the Debtor's post-petition business decisions.

WHEREFORE, DMC respectfully requests that this Court enter an order that (i) allows the DMC Administrative Expense Claim in full in the amount of $577,255.96 as an administrative expense priority claim pursuant to §§ 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, (ii) compels Big Lots to pay the Administrative Expense Claim in full within ten (10) days of the date of an order entered hereon, and (iii) grants DMC such other and further relief as is just and equitable.

[*Signature Page to Follow*]

| | |
|---|---|
| Dated: January 22, 2025 | **COOCH AND TAYLOR, P.A** |
| | |
| | */s/ R. Grant Dick IV* |
| | R. Grant Dick IV (Del. No. 5123) |
| | The Brandywine Building |
| | 1000 N. West Street, Suite 1500 |
| | Wilmington, DE 19801 |
| | Telephone:    302-984-3800 |
| | Facsimile:    302-984-3939 |
| | Email: gdick@coochtaylor.com |
| | |
| | **Of Counsel:** |
| | |
| | **FOLEY & LARDNER LLP** |
| | Matthew D. Lee, Esq. |
| | 150 E Gilman St, Suite 5000 |
| | Madison, WI 53703-1482 |
| | Telephone:    608-258-4203 |
| | Email: mdlee@foley.com |
| | |
| | *Attorneys for Doskocil Manufacturing Company, Inc., d/b/a Petmate* |