# **Exhibit A**

<u>**Big Lots, Inc.**</u>

October 23, 2024

TO: Doskocil Manufacturing Company Inc.
(on behalf of itself and its affiliates,
including Cosmic Pet and Petmate)

\<address\>

Dear Valued Vendor:

  As you are aware, Big Lots, Inc. and certain of its affiliates (collectively, the "**Company**") commenced chapter 11 proceedings in the United States (collectively, the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") on September 9, 2024 (the "**Petition Date**"). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay the prepetition claims of certain vendors, suppliers, and service providers in part in recognition of the importance of the Company's relationship with such vendors, suppliers, and service providers and its desire that the Chapter 11 Cases have as little effect on the Company's ongoing businesses and operations as possible. On October 9, 2024, the Bankruptcy Court entered a final order (the "**Order**") authorizing the Company, under certain conditions, to pay prepetition claims of certain vendors, suppliers, and service providers that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

  In order to receive payment on account of prepetition claims, you must sign this agreement ("**Vendor Agreement**") and agree to continue to supply goods and services to the Company based on "**Customary Trade Terms**." In the motion seeking the Bankruptcy Court's entry of the Order, Customary Trade Terms are defined as the normal and customary trade terms, practices, and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability, and other applicable terms and programs) that were most favorable to the Company and in effect between you and the Company in the one-year period prior to the Petition Date, or such other trade terms and conditions as you and the Company agree upon.

  For purposes of administration of this vendor payment program as authorized by the Bankruptcy Court (the "**Vendor Payment Program**"), you and the Company both agree to the following:

  1.  In recognition of your collective critical vendor status, the Company agrees to initially pay (i) Cosmic Pet $85,653 (the "**Cosmic Pet Settled Claim**"), of which none is with respect to your claims arising under Section 503(b)(9) of the Bankruptcy Code; (ii) Petmate $28,301 (the "**Petmate Settled Claim**"), of which amount $26,380 is with respect to your claims arising under Section 503(b)(9) of the Bankruptcy Code; and (iii) Doskocil Manufacturing

1

Company Inc. $25,886 (the "**Doscskocil Settled Claim**" and, together with the Cosmic Pet Settled Claim and the Petmate Settled Claim, the "**Vendor Settled Claims**").

2. The Company agrees to provisionally pay the respective entities such entity's Vendor Settled Claim within thirty (30) days of execution of this Vendor Agreement. Any prepetition claims DMC may have shall be reduced by the amount of the Vendor Settled Claims set forth in paragraph 4 of this Vendor Agreement.

3. DMC agrees to supply post-petition goods or services to the Company in accordance with the Customary Trade Terms, which include net thirty (30) days.

4. DMC will continue to extend to the Company all Customary Trade Terms (as modified herein) during the pendency of the Chapter 11 Cases or such other trade terms and conditions as DMC and the Company agree upon.

5. DMC will not demand a lump sum payment upon consummation of a chapter 11 plan in the Chapter 11 Cases on account of any administrative expense priority claim that DMC asserts, but instead agrees that such claims will be paid in the ordinary course of business after consummation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Company.

6. DMC will not separately seek payment for reclamation or similar claims outside of the terms of the Order.

7. DMC will not file or otherwise assert against the Company, the estates, or any other person or entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) or interest related in any way to the remaining prepetition amounts owed to DMC by the Company arising from agreements entered into prior to the Petition Date.

8. If DMC later refuses to continue to supply goods to the Company on the Customary Trade Terms described herein prior to confirmation of a plan, dismissal, or conversion of the cases, the Company may, in its sole discretion, and without further order of the Bankruptcy Court, (a) declare any payments DMC received on account of Vendor Settled Claims (including claims arising under Section 503(b)(9) of the Bankruptcy Code) to be voidable post-petition transfers pursuant to Section 549(a) of the Bankruptcy Code that the Company may recover from DMC in cash or in goods (including by setoff against post-petition obligations) and (b) demand that DMC immediately return such payments to the extent that the aggregate amount of such payments exceeds the post-petition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever. Upon recovery of such payment by the Company, DMC's Vendor Settled Claims shall be reinstated in such an amount as to restore the Company and DMC to their original positions, as if this Vendor Agreement had never been entered into and the payment of the Vendor Settled Claims had not been made.

9. The undersigned, a duly authorized representative of DMC, has reviewed the terms and provisions of the Order and agrees that DMC is bound by such terms as modified by this Vendor Agreement. By accepting payment of the Vendor Settled Claims, DMC agrees to the terms of the Order as modified by this Vendor Agreement and submits it to the jurisdiction of the Bankruptcy Court for enforcement thereof.

10.  Any dispute with respect to this letter agreement, the Order, and/or DMC's participation in the Vendor Payment Program shall be determined by the Bankruptcy Court.

*(signature page to follow)*

If you have any questions about this Vendor Agreement or our Chapter 11 Cases, please do not hesitate to call.

Sincerely,

Big Lots, Inc.

By: _____
Ronald A. Robins, Jr.
Executive Vice President, Chief
Legal and Governance Officer

Agreed and Accepted by:

Doskocil Manufacturing Company Inc.
(on behalf of itself and its affiliates,
including Cosmic Pet and Petmate)

By: _____
Name: Daniel Horan
Title: Chief Commercial Officer

Dated: October 31, 2024

4