# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>                              Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: February 7, 2025 at 4:00 p.m.**<br>**Hearing Date: February 26, 2025 at 10:30 a.m.** |

### MOTION OF TOPAZ DISTRIBUTION, LLC FOR ALLOWANCE
### AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Topaz Distribution, LLC, ("Topaz") by its undersigned counsel files this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, allowing and directing immediate payment of the Administrative Claim (defined herein) pursuant to sections 105, 503(b) and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, Topaz respectfully states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion are sections 105, 503, and 507 of the Bankruptcy Code.

### BACKGROUND

4. On September 9, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in

this Court.

5.  Prior to the Petition Date, Topaz provided to goods to the Debtors on a purchase order basis. Topaz timely filed proofs of claim for amounts owed for goods delivered prepetition (the "Prepetition Claims") against appropriate Debtors. Each of the Prepetition Claims assert priority claims under sections 503(b)(9) and 546(c)(1) of the Bankruptcy Code as set forth below:

| Claim | Debtor | Amount |
|---|---|---|
| 2802 | Durant DC, LLC | $43,523.48 |
| 2805 | Closeout Distribution, LLC | $70,407.62 |
| 2811 | Big Lot Stores, LLC | $64,171.92 |
| 2812 | CSC Distribution, LLC | $37,924.09 |
| 2813 | AVDC, LLC | $15,383.43 |
| **Total Prepetition Claim** | | **$231,410.54** |

6.  In addition to the Prepetition Claims, Topaz also timely asserted a reclamation demand pursuant to the section 546(c) of the Bankruptcy Code for goods delivered to the Debtors during the 45 days prior to the Petition Date. *See* Docket No. 256 (the "Reclamation Demand").

7.  Relying on the representations of the Debtors,[1] Topaz continued to sell and deliver goods to the Debtors postpetition despite Topaz's significant outstanding Prepetition Claim. As of the filing of this Motion, Topaz has not received payments from the Debtors on account of goods delivered postpetition in the amount of $122,542 (the "Postpetition Claim").

---

[1] Pursuant to the DIP Motion (*see* Docket No. 20), the requested financing was intended to infuse liquidity into the Debtors' estates and "satisfy an immediate cash need to maintain business relationships with vendors [and] suppliers." *See* DIP Motion at ¶ 4. Topaz relied on this and other direct representations from the Debtors' employees regarding making payments in the ordinary course for postpetition goods sold to Debtors when deciding to continue supplying goods to the Debtors. Indeed, the Approved Budget (defined in the DIP Motion) attached as Exhibit 4 to the DIP Motion earmarked significant funds in operating disbursements, which Topaz reasonably believed would accommodate payment of claims for the goods provided to the Debtors postpetition.

101609688.1

Invoices supporting the Postpetition Claim are attached hereto as <u>Exhibit B</u>.

8.  Accordingly, Topaz asserts an administrative claim of not less than $353,953.52 consisting of the Postpetition Claim, and the Prepetition Claims entitled administrative expense priority under 11 U.S.C. § 503(b)(9) and 546(c)(1) Claim (collectively, the "<u>Administrative Claim</u>"). As of the filing of this Motion, the Debtors have failed or otherwise refused to pay the Administrative Claim.

## RELIEF REQUESTED

9.  By this Motion, Topaz seeks allowance and immediate payment of the Administrative Claim as an administrative expense of the Debtors' estates pursuant to sections 503 and 507 of the Bankruptcy Code. *See* 11 U.S.C. §§ 503 and 507. The Administrative Claim represents the actual and necessary cost of preserving the Debtors' estates.

## BASIS FOR RELIEF

10. The Bankruptcy Code provides an administrative expense priority for the "actual, necessary costs and expenses of preserving the estate." *See* 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).

11. To be entitled to administrative expense priority, the claimant must establish that "the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." *See In re ID Liquidation One, LLC*, 503 B.R. 392, 399 (Bankr. D. Del. 2013).

12. The Administrative Claim clearly represents an administrative expense entitled to priority under the Bankruptcy Code. Topaz's postpetition sale of the goods to the Debtors added value to the Debtors' estates because it enabled the Debtors to maintain their ongoing business operations and maximize the value of their businesses, which in turn directly and

substantially benefited the Debtors' estates. Moreover, the goods may be a part of the inventory that was sold to Gordon Brothers Retail Partners, LLC, pursuant to the transaction approved by the Court on January 2, 2025. *See Docket No.* 1556. Failure to pay the Administrative Claim would unfairly allocate the losses associated with the Debtors businesses to a trade creditor that sold goods that remained unpaid within 45 days of the Petition Date, and that continued to provide credit to the Debtors postpetition, effectively transferring the value of Topaz's goods to the purchaser without fair compensation.

13. This Court may, and in this Case should, in exercising its discretion, require the Debtors to make immediate payment of the Administrative Claim. *See In re Glob. Home Prods., LLC,* 2006 WL 3791955, at *3 (Bankr. D. Del. Dec. 21, 2006). ("[W]hen a claimant timely files a request for payment of an administrative expense under section 503(a), the timing of the payment of that administrative expense claim is left to the discretion of the Court.") (citing *In re Garden Ridge Corp.,* 323 B.R. 136 (Bankr. D. Del. 2005)). In determining whether to order immediate payment of an administrative expense claim, courts consider the prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *Garden Ridge*, 323 B.R. at 143.

14. Topaz is entitled to immediate payment of its Administrative Claim. Topaz will suffer a hardship as a result of having to wait an undetermined amount of time for payment, thus losing the time value of a substantial sum of money that Topaz could have used as capital for its business. Immediate payment of the Administrative Claim will serve to mitigate this economic hardship faced by Topaz and nonpayment of the Administrative Claim. Topaz further submits that there will be no meaningful prejudice to other creditors if Claimant's Administrative Claim were paid promptly. Accordingly, this Court should direct the Debtors to

make immediate payment of the Administrative Claim.

## **RESERVATION OF RIGHTS**

15.    Nothing in this Motion is intended to be, or should be construed as, a waiver by Topaz of any of its rights under any invoice or purchase order with the Debtors, the Bankruptcy Code, or applicable law, including, but not limited to, its rights of reclamation, setoff and/or recoupment and other affirmative defenses to payment. Topaz expressly reserves all such rights, including, without limitation, the right to supplement and/or amend this Motion to assert additional postpetition amounts due and owing under open purchase orders and invoices.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Topaz respectfully requests that this Court enter the Proposed Order granting the relief requested therein and such other further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

| | |
|---|---|
| Dated: January 24, 2025<br>Wilmington, Delaware | **POLSINELLI PC**<br>*/s/ Michael V. DiPietro*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Michael V. DiPietro (Del. Bar No. 6781)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>mdipietro@polsinelli.com<br><br>-and-<br><br>**PERKINS COIE LLP**<br>Amir Gamliel<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067-1721<br>Telephone: (310) 788-3276<br>Facsimile: (310) 843-1246<br>AGamliel@perkinscoie.com<br><br>*Counsel for Topaz Distribution, LLC* |