# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>BIG LOTS, INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Objection Deadline: February 12, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: February 26, 2025 at 10:30 a.m. (ET)** |

## MOTION OF HOME CREATIONS INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)(A)

Home Creations Inc.[2] ("**HCI**"), by and through its undersigned counsel, submits this Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C § 503(b)(l)(A) (the "**Motion**") for amounts owed by Big Lots, Inc., *et al*. (the "**Debtors**") pursuant to section 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**") for $1,474,964 U.S.D. (the "**Administrative Expense Claim**") for goods provided as set forth below in the above-captioned Chapter 11 bankruptcy cases. HCI seeks an order allowing its Administrative Expense Claim and requiring payment thereof be made within seven (7) days of entry of the proposed order. In support thereof, HCI respectfully states the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 503(a), 503(b) and 507(a)(2).

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, lnc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

[2] Creditor is Home Creations Inc. c/o Cross-Border Counselor, LLP.

3. Pursuant to Del. Bankr. L.R. 9013-l(f), HCI consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot otherwise enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**"),

5. The Debtors' Chapter 11 cases have been jointly administered for procedural purposes, and the Debtors are operating their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. HCI and the Debtors are parties and subject to a series of Purchase Orders (together with all amendments, exhibits, schedules, attachments and other integrated documents, the "**Agreement**").

7. The Debtors placed orders for goods from HCI which have been delivered and have not been paid for. Specifically, HCI received and fulfilled post-petition purchase orders from the Debtors in the ordinary course of business, but the Debtors breached their obligations and have not paid for such goods as summarized below.

8. HCI delivered goods with a purchase price and value of no less than $1,474,964 to the Debtors in the normal course of business post-petition for which payment is now overdue and remains outstanding. A summary of account and individual invoices for post-petition amounts owed by the Debtors to HCI is attached to the supporting Declaration of Yuan Huang ("**Huang Decl.**") as **Exhibit A**.

9. As of the filing of this Motion, the Debtors owe a total of $1,474,964 to HCI on account of these post-petition goods provided to the Debtors since the Petition Date (the "**Post-Petition Goods**"). Therefore, HCI seeks allowance and immediate payment of its Administrative

Expense Claim in the total amount of $1,474,964. See Post-Petition Goods Summary Tabulation, below.

Post-Petition Goods Summary Tabulation

| Invoice Number | Customer Name | Supplier Reference | Invoice Date | Invoice Value | Payment Due Date | PO NO |
|---|---|---|---|---|---|---|
| S202410230015 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $11,277.00 | 2024-12-20 | 95642972 |
| S202410230013 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $11,277.00 | 2024-12-20 | 95602143 |
| S202410230014 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $22,554.00 | 2024-12-20 | 95642973 |
| S202410280005 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $25,735.50 | 2024-12-20 | 95602142 |
| S202410250011 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $12,883.50 | 2024-12-20 | 95602141 |
| S202410230012 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $24,223.50 | 2024-12-20 | 95602142 |
| S202411120001 | Big Lots Stores LLC | 5005944 | 2024-11-19 | $12,883.50 | 2024-12-20 | 95602141 |
| S202410230022 | Big Lots Stores LLC | 5005944 | 2024-11-21 | $22,554.00 | 2024-12-20 | 95602151 |
| S202410230021 | Big Lots Stores LLC | 5005944 | 2024-11-21 | $38,745.00 | 2024-12-20 | 95602150 |
| S202410280001 | Big Lots Stores LLC | 5005944 | 2024-11-22 | $36,981.00 | 2024-12-20 | 95602150 |
| S202410230009 | Big Lots Stores LLC | 5005944 | 2024-11-18 | $33,374.00 | 2024-12-20 | 95588248 |
| S202410230011 | Big Lots Stores LLC | 5005944 | 2024-11-22 | $12,883.50 | 2024-12-20 | 95602141 |
| S202410230020 | Big Lots Stores LLC | 5005944 | 2024-11-21 | $51,502.50 | 2024-12-20 | 95602149 |
| S202410230025 | Big Lots Stores LLC | 5005944 | 2024-11-22 | $62,775.00 | 2024-12-20 | 95573222 |
| S202410230010 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $44,366.00 | 2024-12-27 | 95578601 |
| S202410230023 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $20,734.00 | 2024-12-27 | 95642947 |
| S202411060017-01 | Big Lots Stores LLC | 5005944 | 2024-11-28 | $3,080.00 | 2024-12-27 | 95575145 |
| S202411060017-02 | Big Lots Stores LLC | 5005944 | 2024-11-28 | $12,816.00 | 2024-12-27 | 95637664 |
| S202410230029 | Big Lots Stores LLC | 5005944 | 2024-11-27 | $34,380.00 | 2024-12-27 | 95647144 |
| S202410230027 | Big Lots Stores LLC | 5005944 | 2024-11-27 | $41,850.00 | 2024-12-27 | 95573224 |
| S202410230028 | Big Lots Stores LLC | 5005944 | 2024-11-27 | $20,925.00 | 2024-12-27 | 95642943 |
| S202410230024 | Big Lots Stores LLC | 5005944 | 2024-11-27 | $55,632.00 | 2024-12-27 | 95578600 |
| S202411060015 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $18,480.00 | 2024-12-27 | 95575145 |
| S202411060016 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $18,480.00 | 2024-12-27 | 95575145 |
| S202411060013 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $18,480.00 | 2024-12-27 | 95575146 |
| S202410230017 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $55,440.00 | 2024-12-27 | 95575146 |
| S202410230008 | Big Lots Stores LLC | 5005944 | 2024-11-26 | $66,102.00 | 2024-12-27 | 95578599 |
| S202410230026 | Big Lots Stores LLC | 5005944 | 2024-12-5 | $125,550.00 | 2025-1-3 | 95573223 |
| S202411150001 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $89,320.00 | 2025-1-10 | 95575145 |
| S202410230016 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $36,960.00 | 2025-1-10 | 95575145 |
| S202410230019 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $107,360.00 | 2025-1-10 | 95642946 |
| S202410230018 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $110,880.00 | 2025-1-10 | 95575147 |
| S202411150004 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $73,920.00 | 2025-1-10 | 95575146 |
| S202411150003 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $55,440.00 | 2025-1-10 | 95575146 |
| S202410250010 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $34,048.00 | 2025-1-10 | 95578611 |
| S202410250008 | Big Lots Stores LLC | 5005944 | 2024-12-10 | $51,072.00 | 2025-1-10 | 95578605 |
| | | | Total Amount | $1,474,964.00 | | |

**RELIEF REQUESTED**

10. By this Motion, HCI requests that the Court enter an Order, pursuant to Section 503(b)(l)(A) of the Bankruptcy Code, granting it an allowed administrative expense claim in the total amount of no less than $1,474,964, and requiring that the Debtors remit immediate payment of the Administrative Expense Claim to HCI no more than seven (7) days after entry of the Order allowing the Administrative Expense Claim.

3

**BASIS FOR RELIEF**

11. Section 503 of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including - (l)(A) the actual, necessary costs and expenses of preserving the estate ....

11 U.S.C. § 503(b)(l)(A).

12. Pursuant to 11 U.S.C. §503(b)(l)(A), creditors are allowed administrative expense claims, including the "actual, necessary costs and expenses of preserving the estate" after a notice and hearing. In Order for a claim to be given priority as an administrative claim, "it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. v. TriState Clinical Labs, Inc.*, 178 F.3d 685,689 (3d Cir. 1999) (internal quotations are omitted). The U.S. Supreme Court noted that "'actual and necessary costs' should include costs ordinarily incident to operation of a business, and [are] not limited to costs without which rehabilitation would be impossible." *Reading Co. v. Brown*, 391 U.S. 471,483 (1968). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); *Matter of H.L.S. Energy Co.*, 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code, however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); *see also* 4 COLLIER ON BANKRUPTCY, ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

13. Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor in possession incurred the transaction on which the claim is based or that the claimant furnished the consideration to the debtor in possession. Second, it must show that the transaction resulted in a direct benefit to the debtor in possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); *see also In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532-33. "To establish an administrative claim, a claimant must show that

(1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 20-12522 JTD, 2021 WL 4876908 at *6 (Bankr. D. Del. Oct. 19, 2021).

14. The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommer eds., 16th ed.).

15. In this case, the Post-Petition Goods benefited the estate by permitting the Debtors to continue conducting post-petition business functions and sales in their ordinary course business operations. The amounts sought pursuant to this Motion were incurred by the Debtors subsequent to the Petition Date as actual, necessary costs and expenses of preserving the Debtors' estates. Therefore, the amounts due under the Agreement should be accorded administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A).

16. The Court should further compel payment to HCI within seven (7) days of the entry of an Order as HCI will continue to suffer irreparable harm of diminishing returns based on delays and the consumption of assets by professional fees. *See In re Garden Ridge Corp.,* 323 B.R. 136, 143 (Bankr. D. Del. 2005). The "requirement of paying administrative claims 'on the effective date of the plan' has been interpreted [by courts] as setting an outside limit, with nothing preventing a court from authorizing the payment of an administrative-expense claim earlier than the effective date of the debtor's plan of reorganization." *In re Arts Dairy, LLC,* 414 B.R. 219, 221 (Bankr. N.D. Ohio 2009); *In re HQ Global Holdings, Inc.,* 282 B.R. 169, 173 (Bankr. D. Del. 2002).

**RESERVATION OF RIGHTS**

17. HCI reserves the right to amend this Motion and does not waive any rights related to the Administrative Expense Claim or the matters herein including, but not limited to, asserting all amounts owed, as applicable, and all rights, claims, defenses, offsets, and remedies at law and equity under the Bankruptcy Code and applicable non-bankruptcy law.

WHEREFORE, HCI respectfully requests that the Court enter an Order in substantial conformity with the Proposed Form of Order attached hereto as **Exhibit B** (i) directing the immediate payment of HCI's Administrative Expense Claim for $1,474,964.00 and (ii) for such additional relief as the Court may deem appropriate.

Dated: January 28, 2025
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

/s/ E.E. Allinson III
Elihu Ezekiel Allinson, III, Esq. (DE 3476)
919 North Market Street, Suite 420
Wilmington, DE 19801
Direct: (302) 428-8191 Ext. 103
Facsimile: (302) 428-8195
Email: zallinson@sha-llc.com

and

John W. Kim (Cal. Bar No. 216251)
BROWER LAW GROUP, APC
100 Pacifica, Suite 160
Irvine, CA 92618
Direct:  (949) 534-3757
Email:  john@browerlawgroup.com

*Counsel to Home Creations Inc.*