**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br><u>Obj. Deadline</u>:  Feb. 18, 2025, at 4:00 p.m. (ET)<br><u>Hearing</u>:  Feb. 26, 2025, at 10:30 a.m. (ET) |

**COVER SHEET FOR THE FINAL FEE APPLICATION OF GUGGENHEIM
SECURITIES, LLC, INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN
POSSESSION, FOR COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD FROM SEPTEMBER 9, 2024 TO AND INCLUDING JANUARY 27, 2025**

| | |
|---|---|
| Name of Applicant | <u>Guggenheim Securities, LLC</u> |
| Authorized to Provide Professional Services to: | <u>Debtors and Debtors in Possession</u> |
| Date of Retention: | <u>Oct. 18, 2024, effective as of Sept. 9, 2024</u> |
| Period for which Compensation and Reimbursement Is Sought: | <u>September 9, 2024 – January 27, 2025</u> |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | <u>$11,247,438.00</u> |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | <u> $108,700.70</u> |

This is a(n) ____monthly ____ interim __X__ final application.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**FINAL FEE APPLICATION OF GUGGENHEIM SECURITIES, LLC
AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**PRIOR FEE STATEMENTS
SEPTEMBER 9, 2024 TO AND INCLUDING JANUARY 27, 2025**

| APPLICATIONS | REQUESTED | | PAID | | OUTSTANDING | |
| --- | --- | --- | --- | --- | --- | --- |
| | FEES | EXPENSES | FEES | EXPENSES | FEES | EXPENSES |
| First Consolidated Monthly Fee Application[2] [Docket No. 1055] 9/9/2024 – 10/31/2024 | $8,944,000.00 | $19,638.23 | $7,235,200.00[3] | $19,683.23 | $1,708,800.00 | $0.00 |

---

[2] The *First Consolidated Monthly Application of Guggenheim Securities, LLC for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Investment Banker to the Debtors and Debtors in Possession for the Period of September 9, 2024 to and Including October 31, 2024* ("Consolidated Monthly Fee Application") was filed on November 8, 2024. The objection deadline for the Consolidated Monthly Fee Application expired on November 29, 2024. The Debtors filed a certificate of no objection on December 3, 2024 [Docket No. 1301].

[3] The Retention Order (as defined herein) authorizes the Debtors to pay Guggenheim Securities' monthly fees (the "Monthly Fees") each month when required under the Engagement Letter (as defined below) without the need to file a prior fee application; provided however, that such Monthly Fees shall be subject to review and approval in any interim and final fee applications.

ii

**FINAL FEE APPLICATION OF GUGGENHEIM SECURITIES, LLC
AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**HOURS BY PROFESSIONAL AND PROJECT CATEGORY
SEPTEMBER 9, 2024 TO AND INCLUDING JANUARY 27, 2025**

| Time by Professional | | |
|---|---|---|
| **Name** | **Position** | **Hours** |
| Stuart Erickson | Senior Managing Director | 460.0 |
| Stephen Preefer | Senior Managing Director | 39.0 |
| Adam Rifkin | Managing Director | 298.5 |
| Michael Gottlieb | Managing Director | 409.5 |
| Joshua Borow | Vice President | 349.5 |
| Cole Ahnell | Associate | 238.0 |
| Kelly Walsh | Associate | 441.5 |
| Braeden Kobza | Analyst | 237.5 |
| Lily Zelov | Analyst | 510.5 |
| **Total** | | **2,984.0** |

| Time by Category | |
|---|---|
| **Category** | **Hours** |
| General Correspondence | 844.0 |
| Case Administration | 1,149.0 |
| Coordination of Creditors | 31.5 |
| Financial Matters | 269.5 |
| Sale Related Activities | 621.0 |
| Travel | 69.0 |
| **Total** | **2,984.0** |

**FINAL FEE APPLICATION OF GUGGENHEIM SECURITIES, LLC
AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION**

**EXPENSES BY CATEGORY
SEPTEMBER 9, 2024 TO AND INCLUDING JANUARY 27, 2025**

| Expense Category | Amount |
|---|---|
| T&E Taxi/Car Service | $5,711.65 |
| T&E Meals - Overtime | 3,315.99 |
| OFFICE Postage and Delivery | 101.85 |
| T&E Other | 187.00 |
| T&E Airfare | 1,071.07 |
| T&E Meals | 523.84 |
| PROFESSIONAL Legal | 94,467.50 |
| T&E Hotel | 2,686.84 |
| T&E Internet | 634.96 |
| **Total Expenses** | **$108,700.70** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br><u>Obj. Deadline</u>: Feb. 18, 2025, at 4:00 p.m. (ET)<br><u>Hearing</u>: Feb. 26, 2025, at 10:30 a.m. (ET) |

**FINAL FEE APPLICATION OF GUGGENHEIM SECURITIES, LLC, INVESTMENT BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM SEPTEMBER 9, 2024 TO AND INCLUDING JANUARY 27, 2025**

Guggenheim Securities, LLC ("<u>Guggenheim Securities</u>"), the investment banker for the above captioned debtors and debtors in possession (the "<u>Debtors</u>"), hereby submits this final fee application (this "<u>Final Fee Application</u>"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), pursuant to sections 328 and 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), (a) granting final allowance of compensation for professional services to the Debtors during the period from September 9, 2024 to and including January 27, 2025 (the "<u>Final Compensation</u>

---

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Period") in the amount of $11,247,438.00, (b) granting final allowance of Guggenheim Securities' expenses incurred during the Final Compensation Period in connection with such services in the amount of $108,700.70 and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses. In support of this Final Fee Application, Guggenheim Securities respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested in this Final Fee Application are sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and the Retention Order.

## BACKGROUND

3. On September 9, 2024 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under the Bankruptcy Code.

4. On September 18, 2024, the Debtors filed an application to retain and employ Guggenheim Securities as their investment banker [Docket No. 210] (the "Retention Application") effective as of the Petition Date, pursuant to the terms and conditions of that certain engagement letter between Guggenheim Securities and the Debtors, effective as of May 20, 2024 (together with the Annex and the Indemnification Provisions attached thereto, the "Engagement Letter").

2

5.     On October 18, 2024, the Court entered the Retention Order. The Retention Order, among other things, approved the Engagement Letter, as modified by the Retention Order, pursuant to section 328(a) of the Bankruptcy Code, and authorized the Debtors to pay, reimburse, and indemnify Guggenheim Securities in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

6.     On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556] (the "Sale Order") which approved the sale of certain of the Debtors' assets to Gordon Brothers Retail Partners (the "Sale"). The Sale closed on January 3, 2025 [Docket No. 1588].

7.     Given the closing of the Sale, Guggenheim Securities is filing its Final Fee Application now given that its services are no longer needed and to stop the incurrence of Monthly Fees.

## TERMS OF GUGGENHEIM SECURITIES' RETENTION

8.     The Retention Order approved the payment of (among other fees and expenses) the following fees to Guggenheim Securities, as set forth in greater detail in the Retention Application, the Engagement Letter and the Retention Order:[2]

a. **Monthly Fees.**

  i.    The Company will pay Guggenheim Securities a non-refundable cash fee of $200,000 per month (each, a "Monthly Fee"), which fee will be due and

---

[2] To the extent there is any inconsistency between the summary of the fee and expense structure set forth herein and the terms of the Engagement Letter, as amended by the Retention Order, the terms of the Engagement Letter, as amended by the Retention Order, shall control.

3

        paid by the Company in advance promptly on the twentieth (20) day of each calendar month during the period of Guggenheim Securities' engagement under the Engagement Letter (with the first such Monthly Fee to become due and payable by the Company as of May 20, 2024), in each case, whether or not any Transaction is consummated.

    ii..     Commencing with the fourth full Monthly Fee actually paid under the Engagement Letter, an amount equal to 50% of the Monthly Fees actually paid to Guggenheim Securities shall be credited against any Transaction Fee that thereafter becomes payable pursuant to Sections 4(b), 4(c) or 4(d) of the Engagement Letter (it being understood that, once credited against any one of the foregoing fees, any such amount of the Monthly Fee so credited cannot be credited again against any other fee payable under the Engagement Letter).

**b. Financing Fee(s).**

    i.     If any Financing Transaction is consummated, then, in each case, the Company will pay Guggenheim Securities one or more cash fees (each, a "Financing Fee") in an amount equal to the sum of:

        A. 125 basis points (1.25%) of the aggregate face amount of any debt obligations to be issued or raised by the Company (including the face amount of any related commitments) in any Debt Financing that is secured by first priority liens over the Company's assets, plus

        B. 250 basis points (2.50%) of the aggregate face amount of any debt obligations to be issued or raised by the Company (including the face amount of any related commitments) in any Debt Financing that is not covered by Section 4(c)(i)(A) of the Engagement Letter, plus

        C. 400 basis points (4.00%) of the aggregate amount of gross proceeds raised by the Company in any Equity Financing (including the face amount of any related commitments); plus

        D. With respect to any other securities or indebtedness issued that is not otherwise covered by Sections 4(c)(i)(A) to 4(c)(i)(C) of the Engagement Letter, such financing fees, underwriting discounts, placement fees or other compensation as customary under the circumstances and mutually agreed in advance by the Company and Guggenheim Securities.

    ii.     Financing Fees for any Financing Transaction will be payable upon the consummation of the related Financing Transaction.

    iii.     In connection with any Debt Financing constituting a "debtor-in-possession" financing consummated in connection with a Bankruptcy Case

("DIP Financing"), on account of which Guggenheim Securities has been actually paid a Financing Fee under the Engagement Letter (any Financing Fee so paid specifically on account of any such DIP Financing, a "DIP Financing Fee"), an amount equal to 50% of any such DIP Financing Fee shall be credited against any Restructuring Transaction Fee or Sale Transaction Fee that thereafter becomes payable pursuant to Sections 4(b) or 4(d) of the Engagement Letter; it being understood that such portion of any such DIP Financing Fee can only be credited once against any one of the foregoing fees and cannot be credited against any other fee payable under the Engagement Letter.

c. **Sale Transaction Fee(s).**

   i. If any Sale Transaction is consummated, then in each case, the Company will pay Guggenheim Securities a cash fee (each, a "Sale Transaction Fee") in an amount equal to 1.50% of the Aggregate Sale Consideration relating to such Sale Transaction.

   ii. Any such Sale Transaction Fee will be payable promptly upon the consummation of any Sale Transaction.

d. **Maximum Fee Cap.**

   i. Notwithstanding anything to the contrary in Section 4 of the Engagement Letter, the aggregate amount of Monthly Fees, Restructuring Transaction Fees, Financing Fees and Sale Transaction Fees that is actually paid to Guggenheim Securities under the Engagement Letter shall not exceed an amount equal to $16,000,000 (unless otherwise agreed in writing among the Company and Guggenheim Securities).

e. **Expense Reimbursement.**

   i. The Company will, whether or not any Transaction contemplated under the Engagement Letter will be proposed or consummated, promptly reimburse Guggenheim Securities, upon request, for its reasonable and documented travel and all other reasonable and documented out-of-pocket expenses incurred in connection with or arising out of the Engagement Letter, including Guggenheim Securities' entering into the Engagement Letter, Guggenheim Securities' activities under or as contemplated by the Engagement Letter or Guggenheim Securities' enforcing its rights thereunder, including all reasonably incurred (and documented) fees, disbursements and other charges of (x) any legal counsel retained by Guggenheim Securities (without the requirement that the retention of such legal counsel be approved by the applicable Insolvency Authority) and (y) any other consultants and advisors reasonably required to be retained by Guggenheim Securities.

The Retention Order also approved a certain Restructuring Transaction Fee. Guggenheim Securities, however, is not seeking a Restructuring Transaction Fee in connection with these chapter 11 cases.

## **RELIEF REQUESTED**

9. By this Final Fee Application, Guggenheim Securities requests entry of the Proposed Order, substantially in the form attached hereto, (a) granting final allowance of compensation for professional services to the Debtors during the Final Compensation Period in the amount of $11,247,438.00 (b) granting final allowance of Guggenheim Securities' expenses incurred during the Final Compensation Period in connection with such services in the amount of $108,700.70 and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.

10. During the Final Compensation Period, certain Monthly Fees, a Financing Fee, and a Sale Transaction Fee became payable to Guggenheim Securities pursuant to the terms of the Engagement Letter, as modified by the Retention Order.

11. With respect to the Monthly Fees, during the Final Compensation Period, $800,000.00 became payable to Guggenheim Securities on account of four (4) Monthly Fees for the months of September 2024, October 2024, November 2024 and December 2024 pursuant to the terms of the Engagement Letter.[3]

12. With respect to the Financing Fee, Guggenheim Securities earned a $8,843,750.00 Financing Fee on account of the Financing Transaction approved pursuant to the *Final Order Under Bankruptcy Code Sections 105, 361, 362, 363, 364, 503, 506, 507, And 552, And*

---

[3] Guggenheim Securities is not seeking payment of the January 20, 2025 Monthly Fee.

6

*Bankruptcy Rules 2002, 4001, 6003, 6004, And 9014 (I) Authorizing Debtors To (A) Obtain Postpetition Financing And (B) Use Cash Collateral, (II) Granting (A) Liens And Providing Superpriority Administrative Expense Status And (B) Adequate Protection To Prepetition Secured Creditors, (III) Modifying Automatic Stay, And (IV) Granting Related Relief* [Docket No. 584] (the "<u>Final DIP Order</u>") ($550,000,000.00 DIP ABL Facility raised + $157,500,000.00 DIP Term Loan Commitment raised (both as defined in the Final DIP Order) = $707,500,000.00 x 1.25% = $8,843,750.00).[4] In accordance with the Engagement Letter, however, 50% of the Monthly Fees for the months of August 2024, September 2024 and October 2024 are credited against the Financing Fee (3 x $200,000.00 = $600,000.00 x 0.5% = $300,000.00).[5] Accordingly, the net Financing Fee is calculated as follows: $550,000,000.00 DIP ABL Facility raised + $157,500,000.00 DIP Term Loan Commitment raised (both as defined in the Final DIP Order) = $707,500,000.00 x 1.25% = $8,843,750.00 – $300,000.00 of Monthly Fee Crediting = $8,543,750.00.

13. With respect to the Sale Transaction Fee, Guggenheim Securities earned a $6,375,563.00 Sale Transaction Fee on account of the Sale approved pursuant to the Sale Order which closed on January 3, 2025 ($425,037,552.00 of Aggregate Sale Consideration x 1.5% = $6,375,563.00).[6] In accordance with the Retention Order and Engagement Letter, however, 50%

---

[4] In the Consolidated Monthly Fee Application, the Financing Fee was rounded up $250.00 to the nearest thousand. The amount set forth above and sought in this Final Fee Application is the exact amount (i.e., so $250.00 less than the amount sought in the Consolidated Monthly Fee Application.

[5] Specifically, the Engagement Letter provides that commencing with the fourth full Monthly Fee actually paid under the Engagement Letter, an amount equal to 50% of the Monthly Fees actually paid to Guggenheim Securities shall be credited against any Transaction Fee that thereafter becomes payable pursuant to Sections 4(b), 4(c) or 4(d) of the Engagement Letter.

[6] The $425,037,552.00 Aggregate Sale Consideration is comprised of the Purchase Price set forth in the APA (as defined in the Sale Order) which includes the Debt Payoff Amount and related letters of credit of $199,328,060, $17,000,000 stub rent, the APA Administration Budget of $42,391,000, the Winddown Budget of $125,000,000 and

7

of the November 2024 and December 2024 Monthly Fees ($200,000.00) and 50% of the Financing Fee ($4,271,875.00) are credited against the Sale Transaction Fee for a net Sale Transaction Fee of $1,903,688.00: $425,037,552.00 of Aggregate Sale Consideration x 1.5% = $6,375,563.00 less $200,000.00 of Monthly Fee crediting less $4,271,875.00 of the Financing Fee crediting = $1,903,688.00.[7]

14. Accordingly, a summary of the compensation earned by Guggenheim Securities during the Final Compensation Period is:

| Monthly Fees | $800,000.00 |
|---|---|
| Financing Fee (after crediting) | $8,543,750.00 |
| Sale Transaction Fee (after crediting) | $1,903,688.00 |
| **TOTAL FEES** | **$11,247,438.00** |

## SUMMARY OF SERVICES

15. All services for which compensation is requested by Guggenheim Securities were performed during the Final Compensation Period on behalf of the Debtors. During the Final Compensation Period, as well as during the period leading up to these chapter 11 cases, Guggenheim Securities performed significant services on behalf of the Debtors, including but not limited to, the following:[8]

- Financial Matters: Assisting with the Debtors' review and analysis of their business and financial condition, including, among other things, assisting with, in coordination with the Debtors' restructuring advisor: (i) the review of presentation materials related to the Debtors' business plan, (ii) the review and analysis of the Debtors' cash flow

---

$7,500,000 Professional Fee Escrow Amount (each as described and defined in the APA) as well as the escrow of January 2025 rent and operating expenses in the amount of $33,818,492 for the week ending January 10, 2025 pursuant to the Agency Agreement (as defined in the APA), in all cases, as set forth in the APA, closing funds-flow memorandum and related schedules for the Sale and other info as provided by the Debtors

[7] As noted above, the August, September and October Monthly Fees were previously credited against the Financing Transaction Fee.

[8] This summary is organized by the categories in which Guggenheim Securities tracked its hours during the Final Compensation Period. For a comprehensive description of Guggenheim Securities' services during the Final Compensation Period, please refer to the time records attached hereto as **Exhibit B**.

8

- forecasts, (iii) the development and implementation of a marketing process pertaining to obtaining debtor-in-possession financing and (iv) a range of other financial analyses.;

- Case Administration: Administrative and process related items, including, without limitation: (i) reviewing relevant materials on the court docket, (ii) advising and assisting the Debtors with their overall strategy and related action plans, as well as with their preparation for Board presentations, (iii) coordinating with the Debtors and the Debtors' advisors with respect to the implementation of certain of the transactions underlying these chapter 11 cases and (iv) the review and preparation of hours and expense tracking;

- Coordination of Creditors: Assisting the Debtors in connection with, among other things: (i) discussions and meetings with creditors and other key stakeholders (and their associated advisors), and (ii) the Debtors' coordination of due diligence materials with those stakeholders and their advisors. This category also includes advisors-only discussions between the Guggenheim Securities deal team and the advisors to certain other constituents in these chapter 11 cases;

- Sale Related Activities: Assisting the Debtors in connection with their sale efforts, including, without limitation, in connection with the Debtors' (i) preparation of related marketing and due diligence materials, (ii) solicitation and review of proposals from prospective investors, (iii) coordination of due diligence materials with prospective investors and (iv) negotiation of the relevant sale transactions, in coordination with Debtors' counsel;

- General Correspondence: Telephone calls, emails and other communications with the internal Guggenheim Securities team, the Debtors and their advisors, and certain other constituents regarding various matters pertaining to these chapter 11 cases; and

- Travel: Time spent traveling on behalf of the Debtors, including travel time to and from the Debtors' headquarters and the Court.

16. Although Guggenheim Securities, in line with market convention, does not bill by the hour, Guggenheim Securities has kept track of its post-petition time in one-half hour increments in accordance with the Retention Order. Such time records for the period between September 9, 2024 to and including January 27, 2025 are attached hereto as **Exhibit B**. During the Final Compensation Period, Guggenheim Securities professionals spent approximately 2,984 hours providing investment banking services to the Debtors.

17.     The fees charged by Guggenheim Securities have been billed in accordance with the Engagement Letter and the Retention Order and are comparable to those fees charged by Guggenheim Securities for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. Guggenheim Securities submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national investment banking market.

18.     There is no agreement or understanding between Guggenheim Securities and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

## ACTUAL AND NECESSARY EXPENSES

19.     Guggenheim Securities also incurred certain necessary expenses during the Final Compensation Period for which it is entitled to reimbursement under the Engagement Letter. The detail for such expenses is set forth on **Exhibit C** hereto. Guggenheim Securities' total expenses incurred during the Final Compensation Period in connection with its services to the Debtors are $108,700.70.[9]

## BASIS FOR RELIEF

20.     Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. *See* 11 U.S.C. § 328(a). Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to

---

[9] As noted in the Consolidated Monthly Fee Application, Guggenheim Securities received expense advances in the amounts $25,000.00 and $15,000.00 from the Debtors prior to the Petition Date, but after the application of prepetition expenses, $0 remained to be applied against the postpetition expenses set forth in the Consolidated Monthly Fee Application.

with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. *See In re Nat'l Gypsum Co.*, 123 F.3d 861, 862–63 (5th Cir. 1997). Section 328(a) explicitly contemplates court approval of contingent fees. *See* 11 U.S.C. § 328(a) ("The trustee . . . with the court's approval, may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including . . . on a fixed or percentage fee basis, or on a contingent fee basis.").

21. If a court has entered an order authorizing a professional's employment that "expressly and unambiguously states specific terms and conditions (e.g., specific hourly rates or contingency fee arrangements) that are being approved pursuant to the first sentence of Section '328(a),'" the court is constrained to apply only the "improvident" standard of section 328(a) in any later review of such professional's requested compensation. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3d Cir. 1995).

22. Under the section 328(a) standard, a bankruptcy court wishing to render a previously approved fee arrangement "improvident" must find that there have been "developments not capable of being anticipated at the time of the fixing of the terms and conditions" of the engagement. 11 U.S.C. § 328(a). It is not enough that developments in a case are simply unforeseen. *Daniels v. Barron (In re Barron)*, 225 F.3d 583, 585 (5th Cir. 2000).

23. Section 330 of the Bankruptcy Code, moreover, provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the following non-exclusive criteria for the award of such compensation and reimbursement. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>     A. the time spent on such services;
>
>     B. the rates charged for such services;
>
>     C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>     D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
>     E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
>     F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3); *see also In re XO Commc'ns, Inc.*, 398 B.R. 106, 113 (Bankr. S.D.N.Y. 2008) (stating that, "in considering a transaction fee, courts recognize that certain of these factors do not apply, such as 'time spent' or the 'rates charged'") (quoting *In re Intelogic Trace, Inc.*, 188 B.R. 557, 559 (Bankr. W.D. Tex. 1995).

24. Here, the Retention Order approved Guggenheim Securities' compensation under section 328(a) of the Bankruptcy Code as to all parties except the U.S. Trustee, which retained the right to review Guggenheim Securities' compensation based on the reasonableness standard of section 330.

25. Each component of Guggenheim Securities' compensation that became payable during the Final Compensation Period was earned under the terms of the Court-approved Engagement Letter, as modified by the Retention Order. Guggenheim Securities submits that the services it performed on behalf of the Debtors, as summarized above and as more fully described

13

in Guggenheim Securities' time records, were necessary for and beneficial to the Debtors' estates. Moreover, Guggenheim Securities' services were consistently performed in a timely, expert and considered manner commensurate with the complexity and importance of the issues involved.

26. No previous application for the relief sought herein has been made to this or any other Court.

## CERTIFICATION OF COMPLIANCE

27. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Final Fee Application complies with that rule.

WHEREFORE, Guggenheim Securities requests entry of the Proposed Order, substantially in the form attached hereto, (a) granting final allowance of compensation for professional services to the Debtors during the Final Compensation Period in the amount of $11,247,438.00, (b) granting final allowance of Guggenheim Securities' expenses incurred during the Final Compensation Period in connection with such services in the amount of $108,700.70 and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.

Dated: January 28, 2025
New York, New York

**GUGGENHEIM SECURITIES, LLC**

*/s/ Stuart Erickson*
Stuart Erickson
Senior Managing Director