# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ) | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | Hearing Date: February 26, 2025 at 10:30 a.m. |
| ) | Objection Deadline: February 12, 2025 at 4:00 p.m. |

## MOTION OF SHANDONG TAIPENG INTELLIGENT HOUSEHOLD PRODUCTS CO., LTD FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

NOW COMES, Shandong Taipeng Intelligent Household Products Co., LTD ("**Shandong**"), and in support of its Motion for Allowance of Payment of Administrative Claim in the amount of $715,392.00, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and parties to this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested in this Motion is 11 U.S.C. §§ 503 and 507.

3. Shandong confirms its consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

### BACKGROUND

4. On September 9, 2024 (the "**Petition Date**"), each of the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to act as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5. On September 23, 2024, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the official committee of unsecured creditors (the "**Committee**") [D.I. 248]. No request has been made for the appointment of a trustee or examiner.

6. On the Petition Date, the above-captioned debtors and debtors-in-possession filed a Motion to Approve Debtor in Possession Financing [D.I. 19] (the "**DIP Financing Motion**") which, inter alia, sought approval to pay over $970 million of operating disbursements between September 1, 2024 and November 30, 2024. See DIP Financing Motion, Budget. The debtors explained that such financing was necessary to "satisfy an immediate cash need to maintain business relationships with vendors, suppliers, operators and managers, to make capital expenditures and to satisfy other working capital and operational needs and otherwise finance the Debtors' operations." DIP Financing Motion, ¶4. The debtors further explained that they "require[]uninterrupted access to their cash and an immediate capital infusion in order to, among other things, (a) satisfy payroll, pay vendors and suppliers, and meet overhead expenses, … (c) pay for goods and services critical to necessary operations …" DIP Financing Motion, ¶6.

7. Additionally, according to the debtors, the "DIP Facilities are necessary to the successful resolution of these cases, which is important to reassure customers and vendors, protect

operations, and maximize value for creditors." DIP Financing Motion, ¶32. On September 10, 2024, the Court entered the Interim DIP Order [D.I. 114], and on October 22, 2024, the Court entered the Final DIP Order [D.I. 584].

8. Shandong is an export-oriented enterprise specializing in outdoor gazebo and pergola structures, patio furniture, sheds, multi-functional tents and other related products. Prior to the Petition Date, Shandong delivered materials to Debtor CSC Distribution, LLC and Closeout Distribution, LLC (together the "**Debtors**") based upon orders placed with Shandong from the Debtors.

9. Following the Petition Date, Shandong continued to provide finished goods inventory to the Debtors in the ordinary course of business and in accordance with those orders made by the Debtors, specifically for the time period of November 19, 2024 through and including December 17, 2024. The Debtors have failed to remit payment for the post-petition goods delivered. The unpaid post-petition invoices amount to $715,392.00. The materials supplied by Shandong were purchased by the Debtors for resale and, thus, benefitted their respective estates. A summary of the unpaid invoices owed to Shandong is attached hereto as **Exhibit A**.[2]

## RELIEF REQUESTED

10. By this Motion, Shandong respectfully requests that the Court enter an order (i) granting to Shandong an allowed administrative expense priority claim in the aggregate amount of $715,392.00 and (ii) authorizing and directing the Debtors to remit payment of the administrative expense priority claim within ten (10) days from entry of the order.

---

[2] Due to their voluminous nature, copies of the invoices and proofs of delivery and available are attached hereto as **Exhibit B** and have been served upon counsel to the Debtors, counsel to the Committee and the U.S. Trustee. Copies of **Exhibit B** are available upon reasonable request to undersigned counsel for Shandong.

**BASIS FOR RELIEF**

11. Shandong is entitled to an administrative claim for the post-petition delivery of goods pursuant to 11 U.S.C. § 503(b)(1)(A).

12. Section 503 of the Bankruptcy Code provides:

> [a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

13. "The Bankruptcy Code provides that an entity may file a request for payment of an administrative expense. Section 503(b) provides that, after notice and a hearing, there shall be allowed, administrative expenses, . . . including--(1)(A) the actual, necessary costs and expenses of preserving the estate. . . ." *In re Transamerican Nat. Gas Corp.*, 978 F.2d 1409, 1415 (5th Cir. 1992) (internal citations and quotations omitted) (quoting *In re Coastal Carriers Corp.*, 128 Bankr. 400, 403 (Bankr. D. Md. 1991)). As the *Transamerican Nat. Gas. Corp.* Court recognized:

> The purpose of Section 503 is to permit the debtor's business to operate for the benefit of its prepetition creditors. In order to effectuate a successful reorganization, third parties must be willing to furnish postpetition goods or services on credit. Third parties might refuse to extend credit to debtors-in-possession for fear that their claims would not be paid, but an advance payment requirement would impede the debtor's business. Section 503 requires that such claims be given priority, therefore inducing third parties to extend credit and enhancing the likelihood of a successful reorganization.

*Id*. at 1415-16.

14. "For a claim in its entirety to be entitled to . . . priority under [§ 503(b)], the debt must arise from a transaction with the debtor-in-possession … [and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." *In re O'Brien Envt'l Energy, Inc.*, 181 F.3d 527, 532-33 (3rd Cir. 1999) (quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976)).

The Third Circuit has closely interpreted the meaning of section 503(b) and concluded that "the concept of 'necessary costs' under the Code is somewhat broader than would be suggested by the dictionary definition.

15. "'[U]sual and necessary costs" should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible.'" *Penn. Dept. of Envtl. Resources v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 689 (3rd Cir. 1999) (quoting *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968)).

16. The transactions giving rise to Shandong's claim for $715,392.00 satisfy both of the requirements set forth in *O'Brien*. First, there is no question that the Debtors issued orders to Shandong to obtain manufacturing support materials post-petition which triggered post-petition payment obligations by the Debtors. Second, the goods that Shandong provided to the Debtors, in accordance with the Debtors' orders, conferred a benefit on the Debtors by keeping the Debtors in business throughout the bankruptcy process. The Debtors accepted and realized the benefit and value of the goods provided to it by Shandong, which has enabled the Debtors to realize income, and potential for income which it would not otherwise have realized but for the actions of Shandong. *See* 11 U.S.C. §§ 363, 1107, and 1108; *see also In re Dant & Russell, Inc.*, 853 F.2d 700, 707 (9th Cir. 1988); *In re Gloria Mfg. Corp.*, 47 B.R. 370 (E.D. Va. 1984). Absent the delivery by Shandong of the materials and goods ordered by the Debtors, the Debtors would not have been able to fill product orders in the ordinary course of its business and the value of the Debtors' estates would have decreased, thereby diminishing the estates and the amounts to be recovered by other creditors through the bankruptcy process.

17. Accordingly, Shandong is entitled to an allowed administrative expense priority claim under 11 U.S.C. § 503(b) in the aggregate amount of $715,392.00 as set forth herein.

18.     Further, there is no basis for postponing payment of Shandong's claim. "There is no restriction on the debtor's paying administrative claims prior to confirmation of the plan in a Chapter 11 case…" *In re Dakota Indus., Inc.*, 31 B.R. 23, 26 (D.S.D. 1983); *see also In re Isis Foods, Inc.*, 27 B.R. 156, 157-58 (W.D. Mo. 1982) (affirming the bankruptcy court's order that debtor make immediate payment on administrative expense claims prior to confirmation of the plan). Moreover, there has been no suggestion that the Debtors are administratively insolvent and unable to pay their bills.

## RESERVATION OF RIGHTS

19.     Shandong files this administrative claim based upon the best information available at this time and reserves the right to amend the claim as more information becomes available. Shandong hereby reserves the right to alter, amend, supplement, modify, and or withdraw this claim at any and all times. The submission of this claim is subject to and not a waiver or release of, and Shandong hereby reserves, any lack of venue or jurisdiction by this court over this case or any adversary action, contested matter, or other proceeding in this case. Shandong further reserves any right to a jury trial in any matter and any right to a de novo review of any non-core matter. Shandong further reserves rights to have an Article III Court enter final orders on matters to the fullest extent provided in *Stern v. Marshall*. Shandong further reserves any right to contest and deny any and all claims if any asserted against Shandong and further reserves any right to withdraw the reference of this case or any matter and any other rights claims actions defenses and set off or recoupment.

**CONCLUSION**

20.     Shandong hereby requests allowance of its administrative claim and payment within 10 days of the entry of an order approving this request and that Shandong be granted such other relief as is just and proper.

Dated: January 29, 2025
Wilmington, Delaware                              GELLERT SEITZ BUSENKELL & BROWN, LLC

                                                  */s/ Michael Busenkell*
                                                  Michael Busenkell (DE 3933)
                                                  1201 N. Orange Street, Suite 300
                                                  Wilmington, DE 19801
                                                  Telephone: 302-425-5812
                                                  Facsimile:  302-425-5814
                                                  Email: mbusenkell@gsbblaw.com

                                                  *Counsel for Shandong Taipeng Intelligent Household Products Co., LTD*