### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date: Feb. 26, 2025 at 10:30 a.m.**<br>**Objection Deadline: Feb. 12, 2025 at 4:00 p.m.** |

### MOTION OF COOKIES UNITED LLC FOR AN ORDER ALLOWING AND COMPELLING PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM

Cookies United LLC ("**Cookies United**"), by its undersigned counsel, submits this Motion for entry of an Order, pursuant to sections 503(b)(1) and 507(a)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), allowing its administrative expense claim in the full amount of $94,907.76, and compelling the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") to make immediate payment thereon, and in support thereof, respectfully represents as follows:

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Upon information and belief, the debtors in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

2. The statutory bases for the relief requested herein are sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code.

## BACKGROUND

3. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. Cookies United is a premier manufacturer of high-quality baked goods and provides cookies, cakes, gingerbread kits and other baking products to the Debtors. Prior to the Petition Date, Cookies United supplied the Debtors with baked goods, including gingerbread house kits, in the ordinary course of business and pursuant to purchase orders submitted by the Debtors. Upon fulfilling a purchase order, Cookies United would submit an invoice for the value of the goods delivered, which would subsequently be paid by the Debtors.[2]

5. Since the Petition Date, Cookies United continued to provide the Debtors with baked goods in the ordinary course pursuant to periodic purchase orders received from the Debtors, which are attached on **Exhibit 1**. Cookies United honored the Debtors' post-petition purchase orders, and upon delivery of the baked goods requested by the Debtors, invoiced the Debtors in the ordinary course as reflected on the invoices also included with **Exhibit 1**. Notwithstanding repeated requests for payment and representations from the Debtors that the invoices would be paid, the Debtors failed to pay all amounts due on the post-petition invoices in the total amount of $94,907.76.

---

[2] The Debtors failed to pay approximately $20,000 in pre-petition invoices, which outstanding invoice amounts have been listed as undisputed on the Debtors' Schedules of Assets and Liabilities filed in these cases.

**RELIEF REQUESTED**

6. By this Motion, Cookies United requests that the Court enter an order, pursuant to sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, allowing its post-Petition Date administrative expense claim in the full amount of $94,907.76 (the "**Administrative Expense Claim**"), and compelling the Debtors to make immediate and full payment of the Administrative Expense Claim.

**BASIS FOR THE RELIEF REQUESTED**

*7.* Section 503(b)(1) of the Bankruptcy Code grants administrative expense claim status for "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). A claim under § 503(b)(1)(A) may be established by evidence demonstrating that (a) the expense and right to payment arose post-petition and (b) the expense provided a benefit to the continued operation of the debtor's business. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021); *In re Green Field Energy Services, Inc.*, 585 B.R. 89, 114 (Bankr. D. Del. 2018); *In re Harnischfeger Industries, Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); *In re Waste Systems Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002). Section 507(a) of the Bankruptcy Code grants first priority status to administrative expense claims allowed under section 503(b) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(1).

8. Claims arising from goods purchased in the ordinary course of business by a debtor in possession are generally entitled to administrative priority. *See, e.g., In re Thatcher Glass Corp.*, 59 B.R. 797, 799 (Bankr. D. Conn. 1986); *see also In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) (*citing In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003) ("There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate.")).

9. Here, Cookies United continued to provide the Debtors with valuable goods throughout the duration of these chapter 11 cases and the Debtors have continued to profit from and received the benefit of those goods. Accordingly, the Administrative Expense Claim should be allowed in full pursuant to section 503(b)(1)(A) and granted priority status under section 507(a)(2) of the Bankruptcy Code.

10. In addition to allowing the Administrative Expense Claim, the Court has discretion to require that it be paid immediately and generally consider courts consider prejudice to the debtor, hardship to the creditor, and potential detriment to other creditors. *In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). "To qualify for exceptional immediate payment, a creditor must show that there is a necessity to pay and not merely that the Debtor has the ability to pay." *In re Continental Airlines*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) (internal quotation and citation omitted).

11. There is no prejudice to the Debtors in requiring immediate payment of the Administrative Expense Claim. The Debtors have the capacity, ability, and authority to pay the Administrative Expense Claim in full, having secured post-petition financing that allows them to continue operating in chapter 11, including making payment of ordinary course trade expenses. Despite purportedly having sufficient cash on hand and/or availability under their post-petition financing facility, the Debtors have failed to timely pay Cookies United and have provided no explanation for the delay.

12. Moreover, Cookies United will suffer hardship if the Administrative Expense Claim is not paid immediately. Cookies United has its own operating costs and obligations to its creditors and if it is forced to wait indefinitely for payment of the Administrative Expense Claims,

it will impact its ability to order, accept and fulfill future orders for customers. Immediate payment of the Administrative Expense Claim will serve to mitigate the economic hardship faced by Cookies United. Accordingly, the Court should compel immediate payment of the Administrative Expense Claim, and in no event later than five days after entry of the Order approving this Motion.

## RESERVATION OF RIGHTS

13.   Cookies United expressly reserves its rights to amend and/or supplement this Motion as otherwise appropriate, to assert other claims against the Debtors, including but not limited to, administrative expense and other priority claims.

## CONCLUSION

**WHEREFORE**, Cookies United respectfully requests the entry of an Order, substantially in the form annexed hereto, (i) allowing the Administrative Expense Claim; (ii) compelling the immediate payment of the Administrative Expense Claim; and (iii) granting such other and further relief as the Court deems appropriate.

Dated:  January 29, 2025                                    ARCHER & GREINER, P.C.

By:   /s/ Natasha M. Songonuga
Natasha M. Songonuga (Bar No. 5391)
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Email: nsongonuga@archerlaw.com

- and -

Gerard DiConza
ARCHER & GREINER, P.C.
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 682-4940
Email: gdiconza@archerlaw.com

*Attorneys for Cookies United LLC*

5