# EXHIBIT A

## Azman Certification

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| BIG LOTS, INC., *et al.*, | ) ) ) | Case No. 24-11967 (JKS) |
| Debtors.¹ | ) ) ) | (Jointly Administered) |

## CERTIFICATION OF DARREN AZMAN

I, Darren Azman, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am a partner of the firm of McDermott Will & Emery LLP ("McDermott" or the "Firm")² which maintains offices for the practice of law at, among other locations, One Vanderbilt Avenue, New York, New York 10017, and The Brandywine Building, 1000 N. West Street, Suite 1400, Wilmington, Delaware 19801.  I am a member in good standing of the Bars of the States of New York and Massachusetts, and I have been admitted to practice in the U.S. Courts of Appeals for the Second and Third Circuits, and the U.S. District Courts for the District of Massachusetts and the Eastern and Southern Districts of New York.  There are no disciplinary proceedings pending against me.

---

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *First Interim Fee Application of McDermott Will & Emery LLP, Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the Period from September 24, 2024 through December 31, 2024* (the "Interim Fee Application").

2.     I have personally performed many of the legal services rendered by McDermott as counsel to the Committee and am familiar with the other work performed on behalf of the Committee by the attorneys and other persons in the Firm.

3.     I have reviewed the Interim Fee Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and submit that the Interim Fee Application substantially complies with that Local Rule. To the extent that the Interim Fee Application does not comply in all respects with the requirements of Local Rule 2016-2, I believe that such deviations are not material and respectfully request that any such requirement be waived.

4.     In addition, I certify that McDermott has made reasonable efforts to comply with the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"). With respect to section C.5 of the U.S. Trustee Guidelines, I certify the following with respect to the Interim Fee Period:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response:** No.

**Question:** If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

2

| | |
|---|---|
| **Response:** | The fees sought in the Interim Fee Application did not exceed the fees budgeted for the time period covered by the application by 10% or more. |
| **Question:** | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| **Response:** | No. |
| **Question:** | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees. |
| **Response:** | The Interim Fee Application includes 17.4 hours, totaling $30,450.00, for time spent to review and revise time entries to ensure compliance with the Local Rules and to avoid disclosure of privileged or confidential information. |
| **Question:** | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. |
| **Response:** | As noted above, the Interim Fee Application includes 17.4 hours, totaling $30,450.00, for time spent to review and revise time entries to ensure compliance with the Local Rules and to avoid disclosure of privileged or confidential information. |
| **Question:** | If the fee application includes any rate increases since retention:<br><br>i. Did your client review and approve those rate increases in advance?<br><br>ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? |
| **Response:** | The Interim Fee Application does not include any rate increases since McDermott's retention. |

5.      McDermott's staffing plan is attached as **Exhibit 1** hereto. A schedule setting forth a description of the task codes utilized in the Chapter 11 Cases, the number of budgeted and billed hours expended by McDermott professionals by task code, and the budgeted and billed

3

aggregate fees associated with each task code is attached as **Exhibit 2** hereto.  Additionally, a summary of blended hourly rates for McDermott timekeepers who billed to (a) non-bankruptcy matters and (b) the Chapter 11 Cases is attached as **Exhibit 3** hereto.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
        January 29, 2025

                          MCDERMOTT WILL & EMERY LLP

                          */s/ Darren Azman*
                          Darren Azman

# EXHIBIT 1

### Staffing Plan

Average hourly rates are based on the individual hourly rate of all timekeepers and are provided by position and overall.

| Position | Number of Timekeepers | Average Hourly Rate |
|---|---|---|
| Partners | 9 | $1,692 |
| Counsel | 3 | $1,393 |
| Associates | 13 | $1,047 |
| Paralegals | 4 | $584 |
| Other Timekeepers | 4 | $425 |
| **Total** | 33 | $1,123 |

# EXHIBIT 2

## Budget and Compensation Summary by Matter
## September 24, 2024 through December 31, 2024

| # | Matter | Hours | | | Compensation ($) | | |
|---|---|---|---|---|---|---|---|
| | | Budgeted | | Billed | Budgeted | | Billed |
| | | Low | High | | Low | High | |
| B110 | Case Administration | 200 | 400 | 312.9 | $240,000 | $480,000 | $384,960.00 |
| B130 | Asset Disposition | 100 | 200 | 132.0 | $120,000 | $240,000 | $188,529.00 |
| B140 | Automatic Stay | 10 | 20 | 4.3 | $12,000 | $24,000 | $4,473.50 |
| B150 | Meetings/Communications with Creditors | 400 | 600 | 486.6 | $480,000 | $720,000 | $628,707.00 |
| B155 | Court Hearings | 200 | 400 | 302.3 | $240,000 | $480,000 | $447,038.50 |
| B160 | Fee/Employment Applications | 50 | 100 | 92.8 | $60,000 | $120,000 | $135,949.00 |
| B185 | Assumption/Rejection of Leases | 10 | 20 | 1.9 | $12,000 | $24,000 | $2,119.50 |
| B190 | Contested and Litigation-Related Matters | 1,000 | 1,500 | 1,224.8 | $1,200,000 | $1,800,000 | $1,535,995.00 |
| B195 | Non-Working Travel | 10 | 20 | 13.4 | $12,000 | $24,000 | $22,217.50 |
| B220 | Employee Benefits/Pensions | 10 | 20 | 13.2 | $12,000 | $24,000 | $15,614.00 |
| B230 | Financing/Cash Collateral | 200 | 400 | 435.8 | $240,000 | $480,000 | $597,808.50 |
| B280 | Vendor Matters | 10 | 20 | 33.0 | $12,000 | $24,000 | $47,690.50 |
| B290 | Insurance Matters | 10 | 20 | 21.8 | $12,000 | $24,000 | $21,788.00 |
| B310 | Claims Administration | 10 | 20 | 0.9 | $12,000 | $24,000 | $936.00 |
| B320 | Plan/Disclosure Statement | 10 | 20 | 0.6 | $12,000 | $24,000 | $747.00 |
| **Total** | | **2,230** | **3,760** | **3,076.3** | **$2,676,000** | **$4,512,000** | **$4,034,573.00** |

# EXHIBIT 3

## Rate Disclosure

The blended hourly rate for all U.S.-based McDermott timekeepers, excluding time billed on bankruptcy and pro bono engagements and by timekeepers practicing primarily in McDermott's Business Restructuring Practice Group, during period beginning from September 24, 2024 through December 31, 2024 (the "Interim Fee Period"), was in the aggregate, approximately $1,260 per hour (the "Non- Bankruptcy Blended Hourly Rate").[1]

The blended hourly rate for all McDermott timekeepers who billed time to McDermott's representation of the Committee during the Interim Fee Period was approximately $1,312 per hour (the "Committee Blended Hourly Rate"). The following is a comparison of these rates:

| Position | Committee Blended Hourly Rate | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Partners | $1,696 | $1,655 |
| Counsel | $1,394 | $1,505 |
| Associates | $1,066 | $1,055 |
| Paralegals | $582 | $475 |
| All Positions | $1,312 | $1,260 |

---

[1] McDermott calculated the Non-Bankruptcy Blended Hourly Rate by dividing the total dollar amount billed during the Interim Fee Period by U.S.-based McDermott timekeepers, excluding time billed on bankruptcy and pro bono engagements and by timekeepers practicing primarily in McDermott's Business Restructuring Practice Group, by the total number of corresponding hours billed by U.S.-based McDermott timekeepers during the Interim Fee Period.