# Exhibit 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BIG LOTS, INC., *et al.* | ) | Case No. 24-11967 (JKS) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**JOINT STIPULATION BY AND AMONG
THE DEBTORS AND GATEWAY BL ACQUISITION, LLC
RESOLVING GATEWAY'S MOTIONS TO ENFORCE THE SALE ORDER AND
COMPEL PERFORMANCE BY DEBTORS UNDER ASSET PURCHASE AGREEMENT**

This joint stipulation ("Stipulation") is made and entered into by and among (a) debtor Big Lots, Inc., and the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and (b) Gateway BL Acquisition, LLC and its affiliates, including Nexus Capital Management LP and its affiliates (collectively, "Gateway" and, together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 8, 2024, Gateway and the Debtors executed a stalking horse asset purchase agreement (as amended by that certain First Amendment to Asset Purchase Agreement, dated as of October 14, 2024 [D.I. 495]) ("APA"). The APA contemplated the payment of certain bid protections to Gateway upon termination of the APA, including (a) a $7.5 million break-up fee (the "Break-Up Fee"), (b) the reimbursement of certain expenses totaling $2 million

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

(the "Expense Reimbursement"), and (c) the return of a $2.5 million good-faith deposit (the "Deposit Amount" and together with the Break-Up Fee and the Expense Reimbursement, the "Bid Protections");

WHEREAS, on September 9, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Sale, Auction, and Sale Hearing, and (V) Approving Assumption and Assignment Procedures* [D.I. 612] (the "Bidding Procedures Order"), which, among other things, approved the Bid Protections;

WHEREAS, on November 22, 2024, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1232] (the "Sale Order") and approved the sale transaction between the Debtors and Gateway thereunder pursuant to the APA;

WHEREAS, on December 21, 2024, Gateway sent a notice to the Debtors purporting to terminate the APA;

**WHEREAS**, on December 27, 2024, the Debtors filed a motion to approve a sale of substantially all of the Debtors' assets to Gordon Brothers Retail Partners, LLC ("GBRP" and the sale transaction thereof, the "GBRP Sale");

**WHEREAS**, on January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "GBRP Sale Order") and approved the GBRP Sale;

**WHEREAS**, on January 3, 2025, the GBRP Sale closed, and on January 6, 2025, the Debtors filed the *Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588];

**WHEREAS**, on January 3, 2025, and January 7, 2025, respectively, Gateway filed motions to enforce the Sale Order and compel payment of the Bid Protections; and

**WHEREAS**, the Parties have agreed to resolve their disputes regarding the Bid Protections as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS**:

1.      The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2.      This Stipulation shall be binding on the Parties upon the entry of the Order (the approval date being the "Effective Date").

3. As soon as reasonably practicable following the Effective Date, but in any event no later than three (3) business days thereafter, the Debtors are authorized and shall take all steps reasonably necessary (including delivery of the joint release instruction to the Escrow Agent (as defined in the APA)) to ensure (a) the release of the $2.5 million Deposit Amount to Gateway and (b) the release of $1.5 million of the Expense Reimbursement to Gateway.

4. In compromise, and full satisfaction, of Gateway's asserted $7.5 million Break-Up Fee and the $500,000 remainder of the Expense Reimbursement, on the Effective Date Gateway shall have an allowed administrative expense claim pursuant to section 503(b) of the Bankruptcy Code in the amount of $1.25 million (the "Bid Protections Administrative Claim") that shall be treated *pari passu* with other administrative expense claims incurred prior to the closing of the GBRP Sale (subject to the terms set forth in the GBRP Sale Order).

5. Upon entry of an order by the Court approving this Stipulation, each of the Parties—on behalf of themselves and any other legal or natural persons and entities who or which may claim by, through, or under them, including their executors, administrators, heirs, assigns, predecessors, successors, affiliates (regardless of whether such interests are held directly or indirectly) assigns, subsidiaries, direct and indirect equity holders, funds, portfolio companies, management companies, current, and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, advisory board members, investment advisors, and other professionals (each, a "Releasing Party")—agree, to the fullest extent permissible under applicable law, to irrevocably and fully and mutually waive and release (to the extent not already transferred to GBRP pursuant to the GBRP Sale Order), any and all claims and causes of action (whether based in tort, statute, regulation, common law, contract, equity, or any other law) against each other that existed or may have existed as of the date of the

entry of this Order, with the exception of the Bid Protections Administrative Claim, regarding any matter or interaction between them and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory; *provided*, that the Parties reserve all rights to seek remedies to enforce the Stipulation and this Order.  For the avoidance of doubt, each Releasing Party is a released party hereunder, and each released party shall be entitled to and be the beneficiary of the release in the prior sentence.

6. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

7. This Stipulation may be executed in one or more counterparts and by electronic mail, each of which will be deemed an original but all of which together will constitute one instrument.

8. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto and order of the Court.

9. The Stipulation is intended by the Parties to be binding upon the Parties' successors, agents, and assigns, including any bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

10. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies.

11. The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

12. The Court retains jurisdiction with respect to all matters arising from or related to this Stipulation and the interpretation, implementation, and enforcement thereof, and the Parties

hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

**STIPULATED AND AGREED TO THIS 22nd DAY OF JANUARY 2025:**

Dated:  January 22, 2025
 Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4277)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
James I. McClammy (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
james.mcclammy@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| */s/ Joseph Barry* | |
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KIRKLAND & ELLIS LLP** |
| Joseph Barry (Del. Bar No. 4221) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kenneth J. Enos (Del. Bar No. 4544) | Christopher Marcus, P.C. (admitted *pro hac vice*) |
| Jared W. Kochenash (Del. Bar. No. 6557) | Nicholas Adzima (admitted *pro hac vice*) |
| Rodney Square | 601 Lexington Avenue |
| 1000 North King Street | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 571-6600 | Email: christopher.marcus@kirkland.com |
| Facsimile: (302) 571-1253 | nicholas.adzima@kirkland.com |
| Email: jbarry@ycst.com | |
| kenos@ycst.com | -and- |
| jkochenash@ycst.com | |
| | Judson Brown, P.C. (admitted *pro hac vice*) |
| | McClain Thompson (admitted *pro hac vice*) |
| | 1301 Pennsylvania Avenue, N.W. |
| | Washington, D.C. 20004 |
| | Telephone: (212) 446-4800 |
| | Email: judson.brown@kirkland.com |
| | mcclain.thompson@kirkland.com |
| | |
| *Co-Counsel for Gateway BL Acquisition, LLC* | *Co-Counsel for Gateway BL Acquisition, LLC* |