IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BIG LOTS, INC., et al., | ) | Case No. 24-11967 (JKS) |
| | ) | |
| Debtors. | ) | **Hearing Date: 2/26/25 at 10:30 AM** |
| | ) | |
| | ) | **Objection Deadline: 2/11/25 at 4:00 PM** |
| | ) | |
| | ) | |

### BRAMLI USA INC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

BRAMLI USA, INC. ("BRAMLI"), a creditor in the above-captioned jointly administered bankruptcy cases, by and through its undersigned counsel, files this Motion for Allowance and Payment of Administrative Expense Claim (the "Motion"). BRAMLI requests entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) allowing its administrative expense claim as set forth herein pursuant to 11 U.S. Code § 503, (ii) ordering payment thereof within seven days of entry of the order, and (iii) granting any other relief that the Court finds just and proper. In support of this Motion, BRAMLI respectfully sets forth the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Section 105, 503(a), and 503(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code").

4. This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), BRAMLI consents to the entry of a final judgment or order with respect to this Motion

if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**FACTUAL BACKGROUND**

5.     BIG LOTS, INC ("BIG LOTS"), along with the affiliated Debtors (collectively the "Debtors"), is an American discount retail chain specializing in the sale of closeout and overstock merchandise. BIG LOTS commenced the above-captioned, jointly administered cases by filing voluntary petitions under Chapter 11 of the Bankruptcy Code on September 9, 2024 (the "Petition Date"). *See* ECF # 1. BIG LOTS' business is being operated by a Debtor in Possession ("DIP"). On September 23, 2024, the U.S. Trustee filed a notice of appointment of a committee of unsecured creditors. *See* ECF # 248.

6.     BRAMLI, the creditor at issue in this Motion, is a company based in Savannah, Georgia, that specializes in producing high-quality plastic parts for customers around the country. As part of its product offerings, BRAMLI supplies various kinds of office and domestic storage units to commercial consumers. Between January 11, 2024, and August 11, 2024, (the "Pre-petition Administrative Expenses"), and again between October 18, 2024, to November 25, 2024 (the "Post-petition Administrative Expenses") BIG LOTS purchased products from BRAMLI as part of its ongoing business operations and desire to preserve the going concern value of its estate. Purchase orders, invoices, and proof of delivery of products, evidencing these transactions are attached hereto as **Exhibit B**. BIG LOTS has not satisfied payment of the delivered BRAMLI products, resulting in open orders and an outstanding balance of $276,822.60 for pre- and post-petition purchases. For an accounting of all open orders, see the attached spreadsheet of invoice status and delivery method for the relevant periods, attached hereto as **Exhibit C**.

7.     On or around January 8, 2025, BRAMLI discovered that BIG LOTS and the

2

affiliated debtors were involved in these bankruptcy proceedings dating back to September 9, 2024. To date, BIG LOTS has failed to pay BRAMLI pre-petition administrative expenses dating to January 11, 2024, and post-petition administrative expenses, for goods sold and delivered by BRAMLI pursuant to purchase orders issued by BIG LOTS (the Debtor-In-Possession) between October 18, 2024, through to November 25, 2024 – collectively, the "Administrative Expense Claim."

8.   BRAMLI seeks allowance and immediate payment of its Administrative Expense Claim in the total amount of $276,822.60; inclusive of Pre-petition Administrative Expenses totaling $89,257.20, and Post-petition Administrative Expenses totaling $187,565.40.

## RELIEF REQUESTED

I.   <u>BRAMLI is Entitled to Payment of Pre-Petition Administrative Expense Claims for Goods Ordered by and Delivered to BIG LOTS Before Bankruptcy.</u>

9.   Section 503(b)(3)(D) of the Bankruptcy Code allows for administrative expenses incurred prior to the filing of a chapter 11 bankruptcy petition, if those expenses are incurred in efforts which were intended to benefit the bankruptcy estate. *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 945 (3d Cir. 1994). Specific to this provision of the Bankruptcy Code is a test administered by courts called the "substantial contribution test" under 503(b)(3)(D). *In re Fortune Nat. Res. Corp.*, 366 B.R. 549, 552 (Bankr. E.D. La. 2007).

10.  Bankruptcy courts do not have a concrete standard for the substantial contribution test; rather a creditor's substantial contribution is "best left to a case-by-case analysis wherein the bankruptcy judge should make specific and detailed findings on the substantial contribution issue." *Id*. With that said, bankruptcy courts will take into consideration, "at a minimum…the cost of the claimed fees and expenses against the benefits conferred upon the estate which flow directly from those actions." *Id. See also Matter of DP Partners Ltd. P'ship*, 106 F.3d 667, 672

(5th Cir. 1997) ("…a claimant is entitled to administrative fees and expenses if these costs are incurred in making a substantial contribution to a Chapter 9 or 11 case… Generally, services which make a substantial contribution are those which "foster and enhance, rather than retard or interrupt the progress of reorganization."). In contrast, see also *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988), where the bankruptcy court determined that a pre-petition legal-judgment against a debtor did not meet the substantial contribution test and was thus not compensable pursuant to 503(b)(3)(D).

11.  In the case at bar, BIG LOTS is in the business of selling closeout and overstock merchandise, with an inherent need for storage as part of operating as an ongoing concern. BIG LOTS contracted with BRAMLI to provide said storage products, which BRAMLI did provide; resulting in pre-bankruptcy petition fees between January 11, 2024, and August 11, 2024, totaling $89,257.20. These pre-petition sales fostered and enhanced, rather than retarded or interrupted BIG LOTS efforts after filing for bankruptcy. Thus, BRAMLI'S expenses were incurred in benefit to the bankruptcy estate and meet the substantial contribution test. On these grounds, BRAMILI respectfully asks this Court to direct the BIG LOTS to honor these Pre-Petition Administrative Expenses.

II.  <u>BRAMLI is Entitled to Payment of Its Post-Petition Administrative Expense Claim for Goods Ordered by and Delivered to BIG LOTS.</u>

12.  Section 503(b) of the Bankruptcy Code mandates the allowance of an administrative expense for "… the actual, necessary costs and expenses of preserving the estate…" 11 U.S.C. § 503(b)(1)(A). To qualify as an administrative expense, an expense "must arise from a [post-petition] transaction with the debtor-in-possession" and "must be beneficial to the debtor-in-possession in the operation of the business." *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314-15 (3rd Cir. 2011); *see also In re O'Brien Env't Energy, Inc.*, 181 F.3d 527, 532–33 (3d Cir. 1999)

(noting that, to establish a priority claim under Section 503(b)(1)(A) of the Bankruptcy Code, the debt must arise post-petition and benefit the estate).

13. "[W]hen third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly require that their claims be afforded priority." *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (internal citations omitted); *see also In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D. N.Y. 2003) ("There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate.").

14. BIG LOTS, as Debtor-In-Possession, made multiple purchases from BRAMLI during the post-petition period, which it delivered to BIG LOTS between October 2024 through to November 2024, totaling $187,565.40. The goods provided to BIG LOTS have been vital and necessary for ongoing business operations and preserving the going concern value of its estate. Per the referenced laws by the bankruptcy courts, this claim is afforded priority, and for compensation equal to its contractual rate. BRAMLI is therefore entitled to its Post-Petition Administrative Expenses.

    III.    <u>The Court Should Compel Payment of BRAMLI'S Administrative Expense Claims Within Seven Days.</u>

15. The Court has discretion to require that BRAMLI'S Administrative Expense Claim be paid immediately. *See In re Garden Ridge Corp.*, 323 B. R. 136, 143 (Bankr. D. Del. 2005). The "requirement of paying administrative claims 'on the effective date of the plan' has been interpreted as setting an outside limit, with nothing preventing a court from authorizing the payment of an administrative expense claim earlier than the effective date of the debtor's plan of reorganization." *In re Arts Dairy, LLC*, 414 B.R. 219, 221 (Bankr. N.D. Ohio 2009) (citing *In Re Plastech Engineered Prods.*, 394 B.R. 147, 152 (Bankr. E.D. Mich. 2008) (holding that the

timing for payment of an administrative expense is left to the sound discretion of the court)).

16. "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *Garden Ridge Corp.*, 323 B.R. 143. "In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (internal citations omitted). "Other factors include the particular needs of each administrative claimant and the length and expense of the case's administration." Id (citation omitted).

17. In the case at bar, BRAMLI will suffer severe hardship if its Administrative Expense Claim is not paid immediately. BRAMLI is a small business with significant overhead costs; including material costs, payroll, and rent payments. If forced to wait indefinitely for payment of its Administrative Expense Claims, BRAMLI will be significantly harmed and may experience disruptions in its ability to accept and fulfill future orders for its customers.

18. BRAMLI is entitled to payment in full on its Administrative Expense Claim in any potential plan or liquidation. The totality of the circumstances supports compelling BIG LOTS to pay BRAMLI's Administrative Expense Claims immediately because further delay in payment will only prejudice BRAMLI. Accordingly, BRAMLI requests that its Administrative Expense Claims be allowed and paid within seven days after the entry of an order granting the Motion.

## RESERVATION OF RIGHTS

19. By filing this Motion and asserting its Administrative Expense Claims, BRAMLI does not waive any rights related to the matters herein, or to assert additional claims or administrative expense claims against the BIG LOTS.

**CONCLUSION**

WHEREFORE, BRAMLI USA, INC. respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) allowing the total of BRAMLI's Administrative Expense Claims against BIG LOTS in the amount of $276,822.60, (ii) ordering BIG LOTS to pay such Administrative Expense Claim within seven days of entry of the order, and (iii) granting such other relief as is just and proper.

Dated: January 31, 2025

                                               **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

                                               */s/ Alexandra D. Rogin*
                                               Alexandra Rogin (DE No. 6197)
                                               222 Delaware Avenue, 7th Floor
                                               Wilmington, DE 19801
                                               302-552-2901
                                               arogin@eckertseamans.com
                                               *Attorneys for BRAMLI USA, Inc.*

Daniel E. Beederman
Daniel.Beederman@sfbbg.com
Richard M. Goldwasser
Richard.Goldwasser@sfbbg.com
**SCHOENBERG FINKEL BEEDERMAN BELL GLAZER LLC**
300 S. Wacker Dr., Ste. 1500
Chicago, IL 60606
(312) 648-2300
(PHV Forthcoming)