## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS INC., *et al.*,[1]<br><br>               Debtors. | Chapter 11<br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: February 26, 2025 at 10:30 a.m.**<br><br>**Objection Deadline: February 14, 2025 at 4:00 p.m.** |

## META PLATFORMS, INC.
## APPLICATION FOR ALLOWANCE AND PAYMENT OF
## ADMINISTRATIVE EXPENSE AND RESERVATION OF RIGHTS

Meta Platforms, Inc. ("Meta") files this application (this "Application") for allowance and payment of an administrative expense in the above-captioned chapter 11 cases jointly administered under Case No. 24-11967 (the "Chapter 11 Cases"). In support of its Application, Meta respectfully states as follows:

### PRELIMINARY STATEMENT

1. Meta asserts an administrative expense of no less than $2,088,755.89, together with attorneys' fees and costs in amounts that continue to accrue (the "Administrative Expense"), in connection with advertising services provided to the Debtors in the course of the parties' post-petition business relationship. Meta has not received any portion of the Administrative Expense as of the date of this Application.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

1

2. The Debtors and Meta entered into a post-petition agreement pursuant to which Meta was promised and assured payment in full and critical vendor status pursuant to the Critical Vendor Order (as defined below). Meta never would have agreed to provide such services absent the assurances it received for post-petition payment in full. Meta in fact performed as the parties agreed and provided actual and necessary services for the operation and preservation of the Debtors' estates.

3. However, the Debtors failed to make the payments as bargained for between the parties. Instead, the Debtors sold substantially all of their assets to affiliates of Gordon Brothers Retail Partners LLC ("Gordon Brothers"), without providing for payment in full (or even, potentially, at all) of the Administrative Expense. Meta is owed payment of its Administrative Expense, and files this Application to (i) allow its Administrative Expense in full, and (ii) compel payment of the Administrative Expense.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Meta confirms its consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue of these cases and this Application is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory predicates for the relief requested in this Application are 11 U.S.C. §§ 105 and 503(b)(1)(A).

**BACKGROUND**

8.  On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court in the District of Delaware (the "Court"), commencing the Chapter 11 Cases.

9.  The Debtors continue to operate their businesses as Debtors-in-possession pursuant to sections 1107 and 1108 of the Code.

10. On September 9, 20024, the Court entered its *Interim Order (I) Authorizing the Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising from Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 106] (the "Interim Critical Vendor Order").

11. On October 9, 2024, the Court entered its *Final Order (I) Authorizing the Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising from Post-Petition Delivery of Goods Ordered Prepetition and Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 463] (the "Critical Vendor Order").

12. Subsequent to this Court's entry of the Interim Critical Vendor Order, the Debtors designated Meta as a critical vendor, and agreed to pay Meta in full. On September 18, 2024, Bruce Millard, on behalf of the Debtors, wrote to Meta promising "I can confirm that Meta has administrative priority and that this invoice will be paid this week through Big Lots, not iProspect. I can also confirm that all future invoices will be paid in full".

> From: Millard, Bruce <BMillard@biglots.com>
> Sent: Wednesday, September 18, 2024 9:02 AM
> To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮@meta.com>
> Cc: ▮▮▮▮▮▮▮▮▮@meta.com>; Zuehlke, Jenifer <JZuehlke@biglots.com>; Nelson, Amy <anelson@biglots.com>; Volk, Than <NVolk@biglots.com>; ▮▮▮▮▮▮▮▮▮▮▮▮@meta.com>; Schroeder, Jamie <JSchroed@biglots.com>; Ollhoff, Dominic <dollhoff@biglots.com>; ▮▮▮▮▮▮▮▮▮▮▮▮@meta.com>; Michelle Posen <mposen@horizon-big.com>; Cherie Hankin Calingasan <chcalingasan@horizon-next.com>
> Subject: RE: Big Lots + Meta Finance
>
> Hi ▮▮▮▮,
>
> I can confirm that Meta has administrative priority and that this invoice will be paid this week through Big Lots, not iProspect. I can also confirm that all future invoices will be paid in full.
>
> Thanks!
> Bruce
>
> **Bruce Millard**
> *SVP, Chief Marketing Officer*
> **M:** 740-417-5822
>
> Big Lots
> 4900 E. Dublin Granville Rd.
> Columbus, OH 43081-7651
> --

13. Mr. Millard, a Senior Vice President and Chief Marketing Office of Big Lots, induced Meta to provide advertising services and extend credit to the Debtors, by providing Meta with critical vendor status and a promise of payment in full of pending and future invoices. Meta in fact extended credit and provided advertising services that were actual and necessary to the preservation of the Debtors' estates as set forth in Paragraph 13 of the Critical Vendor Order.[2]

---

[2] Paragraph 13 of the Critical Vendor Order also provides that "the Debtors' inability to enter into a Vendor Agreement shall not preclude them from paying a Critical Vendor Claim . . . when, in their sole discretion, such payment is

14. The Debtors breached the critical vendor agreement, the material representations have proven false, and the Debtors have failed to pay the amounts owed in exchange for advertising services, resulting in the Administrative Expense in the amount set forth below:

| **Invoice Number**[3] | **Invoice Period** | **Amount Owed** |
|---|---|---|
| 25882901 | October 1 – October 31, 2024 | $331,712.18 |
| 25908686 | November 1 – November 30, 2024 | $1,076,562.62 |
| 25960892 | December 1 – December 31, 2024 | $680,481.09 |
| **TOTAL OWED POST-PETITION:** | | **$2,088,755.89** |

15. Notably, in the transcript of the Deposition of Kent Percy held on December 30, 2024 (the "Percy Transcript"), which was moved into and accepted as evidence at the Court's hearing held on December 31, 2024, Mr. Percy, a member of the Debtors' financial advisory consultants, stated that as of December 5, the Debtors were aware that their transaction with Nexus "was in doubt." (Percy Transcript at p. 19, line 21). Mr. Percy also stated that despite these doubts, the Debtors continued to order products and services from vendors after December 5. (Percy Transcript at p. 20, line 1). Meta's Administrative Expense includes amounts incurred after the date that the Debtors were professedly aware that the sale to Nexus was "in doubt." In fact, the Debtors requested that Meta increase their ad spending during the period that the Debtors knew their sale was "in doubt."

---

necessary to the Debtors' business or operations or the preservation and maximization of the value of the Debtors' estates."

[3] The invoices contain confidential bank account and payment information of the type that may be required to be filed under seal. Upon information and belief, the Debtors are already in possession of copies of the referenced invoices. Meta does not attach copies of the invoices hereto because of these confidentiality concerns but will provide copies of the same to the Court and the Debtors upon request.

AFSDOCS:301274528.3

16.     As of the date of this Application, the full amount of $2,088,755.89 of the Administrative Expense remains unpaid and outstanding, together with attorneys' fees and costs in an amount to be determined and which continue to accrue.

## RELIEF REQUESTED

17.     By this Application, Meta requests that this Court enter an Order, pursuant to sections 503(b)(1)(A) and 105 of the Bankruptcy Code, requiring the Debtors to pay the Administrative Expense within five (5) days from entry of this order.

## BASIS FOR THE RELIEF REQUESTED

18.     Section 503(b)(1)(A) allows a court to grant an administrative expense for "the actual, necessary costs and expenses of preserving the estate," including services provided by vendors who provide services to the Debtors post-petition necessary for their continued operation.

19.     Meta was designated by the Debtors as a critical vendor and, as a result, agreed to continue providing services to the Debtors post-petition because, as acknowledged and agreed by the Debtors, the services provided by Meta to the Debtors are critical to the Debtors, and constituted actual, necessary costs and expenses of preserving the Debtors' estates.

20.     The Administrative Expense represents the performance of services post-petition for the benefit of the Debtors, for which Meta has not received payment. The payment of the Administrative Expense is therefore entitled to administrative priority under Section 503(b)(1) of the Bankruptcy Code. *See, e.g., In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) ("[W]hen third parties are induced to supply goods or services to the debtor-in-possession . . . the purposes of administrative claims plainly require that their claims be afforded priority.") (quotations and citations omitted).

21. This Court has the authority to, and may, require the Debtors to make an immediate payment of Meta's Administrative Expense. *See In re Photo Promotion Assocs., Inc.*, 881 F.2d 6, 8–9 (2d Cir. 1989) (stating that bankruptcy court has "broad discretion" in timing of payments of section 503(b) expenses); *In re Dakota Indus., Inc.*, 31 B.R. 23, 26 (D.S.D. 1983) ("There is no restriction on the debtor's paying administrative claims prior to confirmation of the plan in a Chapter 11 case . . . ."); *In re Isis Foods, Inc.*, 27 B.R. 156, 157–58 (W.D. Mo. 1982) (affirming bankruptcy court's order authorizing payment of administrative expenses by debtor before effective date of chapter 11 plan).

22. Meta respectfully submits that immediate payment by the Debtors of the Administrative Expense is appropriate. Section 503(b)(1) permits the continued operation of a debtor's business by giving post-petition vendors administrative priority. The Debtors here have sold substantially all of their assets to Gordon Brothers but remain in Chapter 11 with no clear direction or plan, and with their few remaining assets constituting a rapidly melting ice cube. Meta should not be forced to wait in limbo for payment which it was entitled to at the time it performed the services for the Debtors, and which it would not have agreed to perform if not for the promise of timely post-petition payment. Immediate payment of the Administrative Expense is consistent with the purpose and the letter of section 503(b) of the Bankruptcy Code, and should be approved.

## **RESERVATION OF RIGHTS**

23. Meta expressly reserves and preserves all of its rights, including but not limited to the right to supplement this Application, object to any plan or disclosure statement or appear at any hearing and/or raise any objection, including but not limited to any objections based on the Debtors' failure to pay the Administrative Expense in full.

AFSDOCS:301274528.3

24. Meta also reserves the right to assert any claims or causes of action against the Debtors and/or any third parties related to the Administrative Expense and/or the circumstances thereof, including but not limited to any claims or causes of action based on fraud, false or materially misleading statements or similar claims, and nothing contained herein or the omission of anything herein shall be or shall be construed as a waiver of any such rights by Meta.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Meta respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, for the allowance and payment of the Administrative Expense, in the total amount of $2,088,755.89, and such attorneys' fees and costs as may be determined at a later date.

Dated: January 31, 2025

**CAROTHERS & HAUSWIRTH LLP**

*/s/ Gregory W. Hauswirth*
Gregory W. Hauswirth (No. 5679)
1007 N. Orange Street, 4th Foor
Wilmington, DE 19801
Direct: 302.332.7181
Facsimile: 412.910.7510
ghauswirth@ch-legal.com

*and*

**ARENTFOX SCHIFF LLP**

George P. Angelich (*Pro hac vice)*
ARENTFOX SCHIFF LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
Telephone : (212) 457-5423
Email: George.Angelich@afslaw.com

James E. Britton (*Pro hac vice*)
ARENTFOX SCHIFF LLP
800 Boylston Street, 32nd Floor
Boston, MA 02199

AFSDOCS:301274528.3

Telephone: (617) 973-6102
Email: James.Britton@afslaw.com

*Counsel for Meta Platforms, Inc.*

AFSDOCS:301274528.3