**<u>Exhibit A</u>**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. 461, 1778** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED
LEASES EFFECTIVE AS OF JANUARY 31, 2025 AND (B) ABANDON CERTAIN
PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession

(the "**Debtors**") for entry of an order: (a) authorizing the rejection of the Initial Leases,

(b) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases

and (ii) abandoning personal property in connection with any rejected Contract or Lease,

(c) authorizing and approving the Rejection Notice to affected Counterparties and (d) granting

related relief, all as more fully set forth in the Motion; and the order of this Court approving the

Motion on a final basis [D.I. 461]; and the filing of the notice of rejection (the "**Rejection Notice**")

by the Debtors [D.I. 1778]; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Rejection Notice and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Rejection Notice, and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Rejection Notice and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Lease listed on <u>**Schedule 1**</u> attached hereto (the "**Durant Lease**") is hereby rejected as of the later of: (a) January 31, 2025; (b) the date upon which the applicable Debtor surrenders the premises subject to the Durant Lease (the "**Durant Premises**") and provides confirmation of such surrender in writing (email being sufficient) to the landlord identified in the Durant Lease (the "**Landlord**"); and (c) such other date to which the Debtors and the Landlord have agreed to in writing (the latest of such dates (a) through (c), the "**Rejection Date**").

2.      The Debtors are authorized to abandon all property (other than personal property leased by or otherwise not owned by the Debtors) remaining on the Durant Premises, including all property described on <u>**Schedule 1**</u> attached hereto, after the Rejection Date. Any property of (a) the Debtors or (b) any third parties that have received notice of and not timely objected to this

Rejection Notice (such noticed and non-objecting parties, the "**Consenting Third Parties**"),[3] remaining on the Durant Premises after the Rejection Date (such property, the "**Abandoned Property**")[4] shall, as of the Rejection Date, be deemed permanently abandoned and surrendered to the Landlord, and any rights, interests, claims, liens, or encumbrances with respect to such Abandoned Property (including any related claims against the Landlord or its affiliates), whether held by the Debtors or any other party, shall be deemed permanently abandoned, surrendered, waived, and extinguished.

3.      After the Rejection Date, the Landlord and/or its designees shall be and hereby is authorized to use or dispose of any Abandoned Property without notice or liability to any Debtor or Consenting Third Party and without further order of the Court, and, to the extent applicable, the automatic stay is modified to allow such disposition.

4.      If the Debtors become aware that a non-Debtor third party, other than a Consenting Third Party, holds an interest in property left at the Durant Premises, the Debtors shall promptly (a) inform the Landlord, (b) provide the Landlord with a detailed description of such property, and (c) notify the Landlord of which non-Debtor third party or parties hold a purported interest in such property.

5.      After the Rejection Date, the Debtors, any actual or prospective purchasers or transferees of any property located on the Durant Premises, any owners of property not owned by the Debtors but located on the Durant Premises as of the Rejection Date, and any agents or affiliates

---

[3] Though the original objection deadline for the Rejection Notice was January 31, 2025, at 4:00 p.m. (prevailing Eastern Time), the Debtors extended the objection deadline until 5:00 p.m. (prevailing Eastern Time) for the Landlord for purposes of verifying and confirming that no party has objected to the Rejection Notice or the abandonment of the Abandoned Property.

[4] For the avoidance of doubt, Abandoned Property includes all property (if any) that the Debtors (or their agent, as applicable) have sold or purported to sell to any other party but which remains on the Durant Premises after the Rejection Date

of any of the foregoing shall be and hereby are prohibited from accessing or otherwise using (directly or indirectly) the Durant Premises for any purpose whatsoever, without the express consent of the Landlord or its designee, and no Landlord party shall have any liability for refusing to allow the Debtors or such other foregoing parties to access or otherwise use the Durant Premises following the Rejection Date.

6.     Nothing herein shall prejudice the rights of the Debtors to argue that the Durant Lease was terminated prior to the Rejection Date; that any claim for damages arising from the rejection of the Durant Lease is limited to the remedies available under the termination provision of such Durant Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

7.     Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

8.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver of the Debtors' or any other party's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an admission that any particular claim is of a type described in the Motion; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9.     All rights, claims, and defenses of the Landlord are preserved, including, without limitation, all rights of the Landlord to bring any claim or assert any administrative priority against the Debtors and their affiliates, or, without limitation, any other party, related to or arising out of

the Durant Lease, including, without limitation, the condition of or damage caused to the Durant Premises and/or the Debtors' use of the Durant Premises.  All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of rejection of the Durant Lease.

10.    Notwithstanding anything to the contrary contained herein, nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Landlord as to the amount, priority, character, or validity of any claim or cause of action by or against the Landlord, (b) a waiver or impairment of any rights, claims, or defenses of the Landlord to dispute the amount, priority, character, or validity of any claim, whether brought by or against the Landlord, on any grounds, whether under bankruptcy or non-bankruptcy law, (c) a waiver or impairment of any rights or defenses of the Landlord to contest any ownership interest asserted by any party as to property located on the Durant Premises as of the Rejection Date, or (d) a promise by the Landlord to pay any claim or expense whatsoever.

11.    Notwithstanding anything to the contrary in this Order, the Debtors shall honor, in the ordinary course, all obligations arising under the Durant Lease before the Rejection Date.

12.    Notice of the Rejection Notice is deemed good and sufficient notice of (a) the relief requested therein and (b) the treatment of Abandoned Property, the requirements of Bankruptcy Rule 6004(a), and the Local Rules, and all principles of fairness and due process are satisfied by such Rejection Notice.

13.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

14.    The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

**Schedule of Rejected Contracts and Leases Abandoned Property**

| # | Real Property Address | Debtor Entity | Landlord Entity | Landlord Address | Effective Rejection Date | Personal Property |
|---|---|---|---|---|---|---|
| 1 | 2306 Enterprise Drive Durant, OK | Durant DC, LLC | BIGDUOK001 LLC | c/o 333 West Wolf Point Plaza Chicago, IL 60654 | 1/31/2025 | Racking, Heavy Equipment, Various DC Equipment, Conveyor Belts, Automated Systems, Assorted Machinery, Distribution Center, Office Furniture, IT Equipment, G&A Items, Miscellaneous Items, Equipment and Fixtures. |