123!**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: Feb. 18, 2025, at 4 pm (ET)**<br>**Hearing Date: Feb. 26, 2025, at 10:30 am (ET)** |

**MOTION OF CRAIG ELECTRONICS LLC FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE**
**EXPENSE CLAIM UNDER 11 U.S.C. § 503(B)(1)**

Craig Electronics LLC ("**Craig**") hereby files this Motion (the "**Motion**") for entry of an

order allowing, and directing payment of, an administrative expense claim under 11 U.S.C. §

503(b)(1).  In support of this Motion, Craig submits the Declaration of Todd Richardson attached

hereto, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the statutory predicate

for the relief requested herein is 11 U.S.C. § 503(b)(1).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

**RELEVANT BACKGROUND**

3.      On September 9, 2024 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Title 11 of the United States Code (the "**Bankruptcy Code**").

4.      Upon receipt of purchase orders from the Debtors in the ordinary course of business, Craig supplied and shipped products to the Debtors after the Petition Date.[2]  To date, the Debtors have failed to make any post-petition payments to Craig for products ordered by the Debtors and delivered by Craig post-petition.

5.      More specifically, as of the date of this Motion, the Debtors owe Craig not less than $99,997.00 (the "**Post-Petition Balance**") for goods ordered and delivered post-petition to the Debtors. The Post-Petition Balance remains due and owing and has not been disputed by the Debtors.  A summary of the open invoices that comprise the Post-Petition Balance, along with copies of the invoices and related purchase orders, are appended as Schedules I and II to the Richardson Declaration attached hereto as **Exhibit A**.

**RELIEF REQUESTED**

6.      By this Motion, Craig seeks entry of an order (i) granting Craig an allowed administrative expense claim in the amount of $99,997.00 pursuant to 11 U.S.C. § 503(b)(1), and (ii) authorizing and directing payment of such administrative expense claim.

**BASIS FOR RELIEF REQUESTED**

7.      Section 503 of the Bankruptcy Code permits the allowance of claims with administrative expense priority, and provides that "[a]n entity may timely file a request for payment

---

[2] Craig also supplied the Debtors with goods pre-petition, but Craig is only seeking in this Motion allowance and payment for the post-petition products shipped to the Debtors.

of an administrative expense[.]" 11 U.S.C. § 503(a).

8.      More specifically, section 503(b) sets forth the requirements that must be met before a claim will receive priority over other claims.  11 U.S.C. § 503(b).  The statute provides that an administrative expense claim must be: (a) an actual, necessary cost and expense of preserving the estate; which was (b) rendered after the commencement of the bankruptcy.  11 U.S.C. § 503(b)(1)(A).  Generally, a request for priority payment of an administrative expense pursuant to section 503 qualifies if it arose post-petition and results in a direct benefit to the estate.  *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001).

9.      Craig provided one or more of the Debtors with goods after the Petition Date that enabled the Debtors to operate their businesses and derive income therefrom post-petition.  The costs and expenses of the goods that Craig provided to the Debtors post-petition constituted actual and necessary costs of preserving the Debtors' estates.  Craig is, therefore, entitled to an administrative expense claim in the amount of the Post-Petition Balance on account of the goods delivered post-petition for which payment remains outstanding.

10.      Based on the foregoing, pursuant to 11 U.S.C. §§ 105 and 503(b)(1)(A), Craig respectfully requests that the Court allow, authorize, and order the Debtors to pay the Post-Petition Balance to Craig without delay.

## NO PRIOR REQUEST

11.      No prior request for the relief sought in this Motion has been made to this or to any other court.

## RESERVATION OF RIGHTS

12.      Craig reserves the right to supplement or amend this Motion to include, as part of its administrative expense claim, additional amounts that are outstanding or that come due and owing for

post-petition services provided to the Debtors.  Craig further reserves the right to make any additional

arguments at or prior to any hearing held on the Motion.

**CONCLUSION**

**WHEREFORE**, Craig respectfully requests entry of an order, substantially in the form

attached hereto as **Exhibit B**, (i) granting the Motion; (ii) allowing an administrative expense claim

against the Debtors in the amount of $99,997.00; (iii) directing the Debtors to make payment to

Craig without delay; (iv) reserving all of Craig's rights to file supplemental or additional

administrative expense requests for all additional amounts outstanding or that come due; and (v)

granting such other and further relief as this Court finds just and proper.

Dated: February 4, 2025                    GREENBERG TRAURIG, LLP

By: */s/ Dennis A. Meloro*_____
Dennis A. Meloro (Bar No. 4435)
222 Delaware Avenue | Suite 1600
Wilmington, DE  19801
Phone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

*Counsel for Craig Electronics LLC*