# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: February 26, 2025 at 10:30 am (ET)** |
| | ) **Objection Deadline: February 18, 2025 at 4:00 pm (ET)** |

## MOTION OF FGX INTERNATIONAL INC. FOR ENTRY OF AN ORDER ALLOWING AND COMPELLING PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS AND FOR RELATED RELIEF

FGX International Inc. ("FGX"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order pursuant to section 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), in substantially the form attached hereto as <u>Exhibit A</u>, allowing and compelling payment of FGX's chapter 11 administrative expense claims in the above-captioned cases. In support of this Motion, FGX respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

2. The statutory predicates for the relief requested in this Motion are sections 503(b) and 507(a)(2) of the Bankruptcy Code.

3. FGX consents to the entry of final orders or judgments of the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On September 9, 2024 (the "Petition Date"), the above-captioned debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On or around November 7, 2014, FGX and debtors Big Lots Stores, LLC (F/K/A Big Lots Stores, Inc.), Big Lots Stores - CSR, LLC (F/K/A CS Ross Company), Big Lots Stores - PNS, LLC (F/K/A PNS Stores, Inc.), and Closeout Distribution, LLC (F/K/A "Closeout Distribution, Inc.) (collectively, the "Debtors") entered into that certain Scan Based Trading Agreement (as amended, the "Agreement") whereby FGX provided certain goods to the Debtors for sale on consignment.[2] FGX provided goods to the Debtors pursuant to the Agreement both prior to and after the Petition Date.

6. On or around May 27, 2022, FGX perfected its interest in the consigned goods by filing UCC-1 financing statements in the respective states of organization of the Debtors.

7. As of the date of this Motion, the Debtors have failed to make post-petition payments to FGX for certain products ordered by the Debtors and supplied by FGX post-petition.

---

[2] The Agreement (including all amendments) is in the Debtors' possession. To the extent the Debtors require a copy of the Agreement, FGX will provide it to the Debtors upon request.

For the avoidance of any doubt, FGX is only seeking payment for post-petition products shipped to the Debtors.

8. Specifically, FGX provided no less than $707,273.54 in goods to the Debtors during the months of December 2024 and January 2025, for which payment has not been received. During this period, the Debtors returned $34,959.88 in goods to FGX. Crediting the value of the returned goods against the goods provided by FGX, the Debtors owe FGX not less than $672,313.66 (the "Administrative Claim") for post-petition products provided in the month of December 2024 and January 2025, as evidenced by the transaction summary attached hereto as Exhibit B.

9. As the invoices and other documentation supporting the Administrative Claim are voluminous and therefore impractical to attach to this Motion, such documentation will be provided to the Debtors upon reasonable request.

## RELIEF REQUESTED

10. FGX respectfully requests that the Court allow the Administrative Claim as a chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. FGX also requests that the Court require payment of the Administrative Claim within seven (7) days of entry of an order approving this Motion.

## BASIS FOR RELIEF

**A. FGX is entitled to payment of its Administrative Claim for goods provided to the Debtors post-petition.**

11. Section 503(b)(1)(A) of the Bankruptcy Code provides, in pertinent part, that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). "In determining whether a claim is entitled to administrative status under section 503(b)(1)(A), courts apply a two-part test: '(1) there must be a post-petition transaction between the creditor and the

3

debtor; and (2) the estate must receive a benefit from the transaction.'" *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 19 (Bankr. D. Del. 2010).

12. Here, FGX is entitled to an administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code. FGX provided goods to the Debtors post-petition for sale in their retail stores at a time when Debtors were still operating their businesses. Thus, FGX and the Debtors engaged in post-petition transactions, and FGX's post-petition goods benefited the Debtors' estates by providing the Debtors with merchandise to sell in their stores. FGX's Administrative Claim for goods provided to the Debtors post-petition should be allowed as an actual and necessary cost to preserve the Debtors' estates.

**B. The Court should require payment of the Administrative Claim within seven days.**

13. In addition to allowing the Administrative Claim, the Court should compel payment of the Administrative Claim within seven days of the entry of an order approving this Motion. The Debtors placed post-petition orders with FGX, which relied upon the Debtors' post-petition debtor-in-possession financing and budgets providing for payment of trade vendors that were approved by this Court in determining whether to sell goods to the Debtors post-petition. But despite paying other administrative creditors in full, the Debtors have failed to pay for goods supplied by FGX in the months of December 2024 and January 2025.

14. Further, after retaining the goods provided by FGX and presumably selling some or all of such goods to Gordon Brothers as part of the sale of substantially all of the Debtors' assets, *see* Docket Nos. 1556 and 1588, it now appears that the Debtors have no intention of paying FGX for these post-petition shipments. The Debtors' new wind-down budget includes no amounts on the "Merchandise Vendors" line but allocates millions for other administrative creditors. *See* Docket No. 1434. The Court should not permit the Debtors to retain the goods provided to them

post-petition by FGX and sell such goods for the benefit of other administrative claimants while making no payments at all to FGX or other vendors. The Court should therefore require immediate payment of the Administrative Claim, consistent with the Debtors' treatment of other administrative creditors.

15. For the foregoing reasons, FGX requests that the Court enter an order in the form attached hereto as **Exhibit A** granting FGX an allowed chapter 11 administrative expense claim pursuant to section 503(b)(1)(A) of the Bankruptcy Code and ordering the Debtors to pay the Administrative Claim within seven (7) days of entry of an order approving this Motion.

Dated: February 4, 2025
Wilmington, Delaware

                                          */s/ William F. Taylor, Jr.*
William F. Taylor, Jr. (DE #2936)
**Whiteford, Taylor & Preston LLC**[3]
WHITEFORD TAYLOR & PRESTON LLC
600 North King Street, Suite 300
Wilmington, Delaware 19801
Email: wtaylor@whitefordlaw.com

- and -

David W. Gaffey, Esq.
**Whiteford, Taylor & Preston LLP**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone: (703) 280-9260
Email: dgaffey@whitefordlaw.com

*Attorneys for FGX International Inc.*

---

[3] Whiteford operates as Whiteford, Taylor & Preston LLC in Delaware.