**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| BIG LOTS, INC., *et al.*, | ) | Case No. 24-11967 (JKS) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. [•]** |

**ORDER (I) AUTHORIZING AND APPROVING (A) THE DEBTORS' ENTRY INTO AND PERFORMANCE UNDER THE PURCHASE AGREEMENT, (B) THE SALE OF THE PURCHASED ASSETS, (C) THE ASSUMPTION AND ASSIGNMENT OF THE LEASES AND THE CITY AGREEMENT, AND (D) THE DEBTORS' ENTRY INTO THE NEW LEASE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and, each, a "**Debtor**"), pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 2002, 6004, 6006, and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), seeking entry of an order (this "**Order**"): (a) authorizing and approving (i) the Debtors' entry into and performance under that certain Purchase and Sale Agreement, attached as **Exhibit 1** to this Order (the "**Purchase Agreement**" and, together with all other agreements, documents, instruments, deliverables thereunder or

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

attached thereto or referenced therein, and as may be amended, modified and supplemented, the "**Transaction Documents**"), whereby Big Lots Management, LLC f/k/a BLHQ LLC ("**Seller**") has agreed to sell, and OhioHealth Corporation ("**Purchaser**") has agreed to purchase, the Purchased Assets (as defined in the Purchase Agreement), and the other Transaction Documents, (ii) the sale of the Purchased Assets to Purchaser free and clear of any lien (as defined in Section 101(37) of the Bankruptcy Code), encumbrance, claim (as defined in Section 101(5) of the Bankruptcy Code), license, charge, mortgage, deed of trust, option, pledge, security interest, restriction or similar interests, title defects, hypothecations, easements, rights of way, encroachments, orders, conditional sale or other title retention agreements and other similar impositions, imperfections or defects of title or restrictions on transfer or use or other encumbrances of any kind, except, solely in the case of the Property (as defined in the Purchase Agreement), for Permitted Title Exceptions (as defined in the Purchase Agreement) and deemed Permitted Title Exceptions, on the terms set forth in the Purchase Agreement and the other Transaction Documents, (iii) the assumption and assignment of the Leases (as defined in the Purchase Agreement) which, as of the Closing (as defined in the Purchase Agreement) have not expired or terminated pursuant to a right exercised by Seller in accordance with the Purchase Agreement or pursuant to a right exercised by any tenant thereunder, on the terms set forth in the Purchase Agreement and the other Transaction Documents, (iv) the assumption and assignment, if, at or prior to Closing, Purchaser elects to assume the City Agreement (as defined in the Purchase Agreement) at Closing, of the City Agreement, on the terms set forth in the Purchase Agreement and the other Transaction Documents, (v) the entry by the Debtors (or their assignee or designee pursuant to the Purchase Agreement) into the New Lease (as defined in the Purchase Agreement), on the terms set forth in the Purchase Agreement and the other Transaction Documents, and

(b) granting related relief, all as more fully set forth in the Motion; and upon the Ramsden Declaration and the Robins Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND, CONCLUDED, AND DETERMINED THAT:**

      A.     <u>Notice</u>. As evidenced by the certificate filed with the Court Docket No. [•], proper, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding, (i) the Motion; (ii) the entry of this Order; (iii) the Sale (as defined herein) of the Purchased Assets contemplated under the Purchase Agreement; and (iv) the potential assumption and assignment of the Leases and the City Agreements (including the satisfaction of any cure costs associated therewith) have been provided to all parties entitled thereto. Such notice constitutes

good and sufficient notice of, and a reasonable opportunity to object or be heard regarding, the Motion and the entry of this Order under Bankruptcy Code §§102(1), 363 and 365 and Bankruptcy Rules 2002 (including, without limitation, 2002(i)), 6004, 6006, and 9019 and Local Rule 6004-1. No other or further notice of, opportunity to object to, or other opportunity to be heard regarding the Motion or the entry of this Order need be given to any entity.

B.     <u>Purchased Assets Are Property of the Estate</u>.  The Purchased Assets sought to be sold and assigned by the Debtors to Purchaser pursuant to the Purchase Agreement and Transaction Documents are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

C.     <u>Disclosures</u>.  The disclosures made by the Debtors in the Motion and related documents filed with the Court concerning the private sale (the "**Sale**") of the Purchased Assets are sufficient under the circumstances.

D.     <u>Entry Into and Sale is in Best Interests of the Debtors' Estates</u>.  The Debtors' determination that a sale of the Property through a private sale on the terms and conditions set forth in the Purchase Agreement is in the best interests of the Debtors' estates and constitutes a valid and sound exercise of the Debtors' business judgment.  The total consideration provided to the Debtors for the Property represents the highest and best offer reasonably and practicably received by the Debtors for the Property.  No other entity or group of entities has presented a higher or otherwise better offer to the Debtors to purchase the Property for greater economic value to the Debtors' estates.  The Sale contemplated under the Purchase Agreement, including the total consideration to be realized by the Debtors thereunder, (i) is the highest and best offer received for the Purchased Assets by the Debtors and (ii) is in the best interests of the Debtors, their creditors, their estates, and other parties in interest.  Entry into the Purchase Agreement by the Debtors is

therefore also in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

E.      Good Faith.  The sales process engaged in by Purchaser and Seller, and the negotiation of the Purchase Agreement, was non-collusive, in good faith, and substantively and procedurally fair to all parties in interest.  Purchaser is acquiring the Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.  Neither Purchaser nor any of its affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of its respective representatives, successors, or assigns is an "insider" (as defined under section 101(31) of the Bankruptcy Code) of any Debtor, and, therefore, each such person is entitled to the full protections of section 363(m), and otherwise has proceeded in good faith in all respects in connection with these chapter 11 cases in that:  (1) Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the applicable Property; (2) all payments to be made by Purchaser and other agreements or arrangements entered into, or to be entered into, by such Purchaser in connection with the Sale have been disclosed; (3) Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (4) the negotiation and execution of the Purchase Agreement, including the applicable Sale contemplated thereby, were at arms'-length and in good faith.  There was no evidence of insider influence or improper conduct by Purchaser or any of their affiliates in connection with the negotiation of the Sale with the Debtors.

F.      No Collusion.  The Sale and transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code.  None of the Debtors, Purchaser, or any of their respective affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective representatives, attorneys, successors, or assigns have

5

engaged in any conduct that would cause or permit the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

  G. <u>Purchasers Not Successors</u>.  By consummating the Sale substantially pursuant to the terms of the Purchase Agreement, neither Purchaser nor its affiliates are a mere continuation of any Debtor or any Debtor's estate, and there is no continuity, no common identity, and no continuity of enterprise between Purchaser and any Debtor.  By consummating the Sale substantially pursuant to the terms of the Purchase Agreement, Purchaser and its affiliates shall not be deemed to be holding itself out as a continuation of the Debtors based on the Sale, the Purchase Agreement, any subsequent documentation entered into for purposes of consummating such transaction, or this Order.  Neither Purchaser nor its affiliates are a successor to any Debtor or any Debtor's estate by reason of any theory of law or equity, and the Sale does not amount to a consolidation, merger, or *de facto* merger of any purchaser and the Debtors.

  H. <u>Binding Agreement</u>.  The Purchase Agreement is a valid and binding contract between the Seller and Purchaser and shall be enforceable pursuant to its terms.  The Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under laws of the United States, any state, territory, possession, or the District of Columbia.  The Purchase Agreement and the other Transaction Documents, and the Sale itself, and the consummation thereof, shall be, to the extent provided in the applicable agreement, specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed with respect to any of the Debtors, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.  The terms and provisions of the Purchase Agreement and the other Transaction Documents and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their

estates, and their creditors (whether known or unknown), the applicable purchaser, and each of their respective affiliates, successors, and assigns, the counterparties to the Leases and the City Agreement, and any affected third parties, including, without limitation, all persons asserting encumbrances (collectively, the "**Bound Parties**"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner, receiver, party, entity, or other fiduciary.  The provisions of this Order and the terms and provisions of the Purchase Agreement and the other Transaction Documents, shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtors, dismissing these chapter 11 cases, or converting these chapter 11 cases to cases under chapter 7.  The rights and interests granted pursuant to this Order, the Purchase Agreement and the other Transaction Documents shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.  Any trustee appointed for the Debtors under any provision of the Bankruptcy Code, whether the Debtors are proceeding under chapter 7 or chapter 11 of the Bankruptcy Code, shall be authorized and directed to perform under the Purchase Agreement, the other Transaction Documents and this Order without the need for further order of the Court.

I. <u>Free and Clear Sale</u>. The Debtors may sell the Purchased Assets free and clear of all claims against or interests in the Debtors, their estates, or any of the Purchased Assets (except, with respect to the Property, for the Permitted Title Exceptions) because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of claims or interests who did not object or who withdrew their objections to the Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). Those holders of claims or interests who did object, fall within one or more of the other subsections of Bankruptcy Code section 363(f), including that such holders of claims or interests are adequately protected by having their claims that constitute interests in the Purchased Assets, if any, attach to the proceeds of the Sale with the same priority that existed immediately prior to the closing. If the Sale was not free and clear of all claims or interests (except, with respect to the Property, for the Permitted Title Exceptions), or if Purchaser would, or in the future could, be liable for any of such claims, Purchaser would not have entered into and consummated the Sale, thus adversely affecting the Debtors and their estates and creditors. In addition, the sale of the Purchased Assets other than pursuant to a transfer that is free and clear of all claims, interests, and encumbrances (other than, with respect to the Property, for the Permitted Title Exceptions), would be of substantially less benefit to the Debtors' estates. The total consideration to be provided under the Sale reflects Purchaser's reliance on this Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the applicable assets free and clear of all claims (other than, with respect to the Property, the Permitted Title Exceptions).

J. <u>Time of the Essence</u>. Time is of the essence in consummating the Closing. In order to maximize the value of the Purchased Assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Purchase Agreement. Good and sufficient reasons

for approval of the Purchase Agreement have been articulated by the Debtors. The Debtors and Purchaser, being a good faith buyer under section 363(m) of the Bankruptcy Code, may close the transactions contemplated by the Purchase Agreement at any time after entry of this Order subject to the terms and conditions of the Purchase Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is granted and approved to the extent indicated herein, the Purchase Agreement and other Transaction Documents, the transactions contemplated thereunder and the Sale of the Purchased Assets contemplated thereby, is authorized and approved as set forth in this Order.

2. All objections to the Motion or the relief requested therein that have not been withdrawn or otherwise resolved are overruled on the merits and denied. All persons and entities with notice of the relief sought in the Motion and set forth in this Order that failed to timely object thereto are deemed to consent to such relief, including for purposes of section 363(f)(2) of the Bankruptcy Code.

3. The Debtors are authorized to enter into, and perform under, the Purchase Agreement and all other Transaction Documents, including, without limitation, all exhibits and schedules attached to the Purchase Agreement.

4. The Purchase Agreement and all other Transaction Documents, all of the terms and conditions thereof, and the Sale of the Purchased Assets contemplated thereby, are hereby approved in all respects, except as otherwise expressly set forth herein. The failure specifically to include any particular terms of the Purchase Agreement or the other Transaction Documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the entry into the Purchase Agreement other Transaction Documents, and the Sale of the Purchased Assets, be authorized and approved in their entirety.

5.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale of the Purchased Assets to Purchaser pursuant to and in accordance with the terms and conditions of the Purchase Agreement and the other Transaction Documents, (b) close the Sale of the Purchased Assets as contemplated in the Purchase Agreement, the other Transaction Documents and this Order, and (c) execute and deliver, perform under, consummate, and implement the Purchase Agreement and other Transaction Documents, together with all additional instruments and ancillary documents that may be reasonably necessary or desirable to implement the Sale of the Purchased Assets, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and such other Transaction Documents.

6.  This Order shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in the Debtors, all holders of any claims against any Debtor, any holders of claims against or on some or all of the Purchased Assets, all counterparties to any executory contract or unexpired lease of the Debtors, any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in any of these chapter 11 cases or upon a conversion to chapter 7 of the Bankruptcy Code of any of the Debtors' cases, and any filing agents, filing officers, title agents, recording agencies, secretaries of state, and other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Purchased Assets.  The terms and provisions of the Purchase Agreement and this Order shall inure to the benefit of the Debtors, their estates and their creditors, Purchaser and its affiliates, and any other affected third parties, including all persons asserting any claims in the Purchased Assets to be sold pursuant to the Purchase

Agreement, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise shall be binding. This Order shall survive any dismissal or conversion of any of these chapter 11 cases or any dismissal of any subsequent chapter 7 cases.

7. The transfer of the Purchased Assets shall constitute a legal, valid, binding, and effective transfer of each such Purchased Assets and, upon the Debtors' receipt of the purchase consideration, shall be free and clear of any lien (as defined in Section 101(37) of the Bankruptcy Code), encumbrance, claim (as defined in Section 101(5) of the Bankruptcy Code), license, charge, mortgage, deed of trust, option, pledge, security interest, restriction or similar interests, title defects, hypothecations, easements, rights of way, encroachments, orders, conditional sale or other title retention agreements and other similar impositions, imperfections or defects of title or restrictions on transfer or use or other encumbrances of any kind, except, solely in the case of the Property (as defined in the Purchase Agreement), for Permitted Title Exceptions (as defined in the Purchase Agreement) and deemed Permitted Title Exceptions. Those holders of claims who did not object (or who ultimately withdrew their objections, if any) to the Sale of the Purchased Assets are deemed to have consented to the Sale of the Purchased Assets being free and clear of their claims pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of claims who did object could be compelled in a legal or equitable proceeding to accept money satisfaction of such claims pursuant to section 363(f)(5) of the Bankruptcy Code, or fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are therefore adequately protected by having their claims that constitute interests in the Property, if any, attach to the proceeds of the Sale with the same priority that existed immediately prior to the closing. Upon the closing, the

Debtors shall transfer the Property to Purchaser. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Property shall be free and clear of any lien (as defined in Section 101(37) of the Bankruptcy Code), encumbrance, claim (as defined in Section 101(5) of the Bankruptcy Code), license, charge, mortgage, deed of trust, option, pledge, security interest, restriction or similar interests, title defects, hypothecations, easements, rights of way, encroachments, orders, conditional sale or other title retention agreements and other similar impositions, imperfections or defects of title or restrictions on transfer or use or other encumbrances of any kind, except, solely in the case of the Property (as defined in the Purchase Agreement), for Permitted Title Exceptions (as defined in the Purchase Agreement) and deemed Permitted Title Exceptions.

8. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the Debtors' assumption and assignment to Purchaser, and Purchaser's assumption on the terms set forth in the Purchase Agreement, of the Leases and the City Agreement is hereby approved in its entirety, and the requirements of section 365 of the Bankruptcy Code with respect thereto are deemed satisfied; *provided* that to the extent the Debtors have, on or prior to February 14, 2025, delivered a Termination Notice (as defined in the Purchase Agreement) to WPG (as defined in the Purchase Agreement) in the form attached as Exhibit K to the Purchase Agreement in accordance with the provisions governing delivery of notices under the WPG Lease (as defined in the Purchase Agreement), such termination was validly exercised, is effective and is binding on WPG, and, in the event of such valid exercise, the Initial Termination Fee (as defined in the WPG Lease) is payable by March 15, 2025 to the Debtors by WPG; *provided further* that the City Agreement shall only be assumed by Seller and assigned to Purchaser if Purchaser elects to assume the City Agreement at the Closing and shall otherwise be rejected by Seller. The Debtors are hereby authorized in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to assign and

sell to Purchaser the Leases and the City Agreement free and clear of all adverse interests of any kind or nature whatsoever (except to the extent expressly set forth in the Purchase Agreement) and execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer the Leases and the City Agreement to Purchaser.  Upon the date that the Leases and the City Agreement are assigned and sold, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested in all right, title, and interest in the Leases and the City Agreement.  The Leases and the City Agreement shall be transferred to, and remain in full force and effect for the benefit of Purchaser in accordance with its respective terms, notwithstanding any provision in the Leases or the City Agreement that prohibits, restricts, or conditions such assignment or transfer, or requires any counterparty to consent to assignment.  Purchaser has provided adequate assurance of future performance under the Leases and the City Agreement within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.  No defaults have occurred nor cure costs are owing under the Leases and the City Agreement, and the contract counterparties to the Leases and the City Agreement are hereby enjoined from taking any action against Purchaser with respect to any claim for cure.  As of the date of the Closing, Purchaser shall be deemed to be substituted for the Debtors as a party to the Leases and the City Agreement and the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Leases and the City Agreement arising from and after the assignment and sale.  All counterparties to the Leases and the City Agreement shall cooperate and expeditiously execute and deliver, upon the reasonable requests of Purchaser, and shall not charge Purchaser for, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale of the Purchased

Assets under the Purchase Agreement or the other Transaction Documents.  Notwithstanding anything to the contrary in this Order or the Purchase Agreement, from and after the date that the Leases and the City Agreement are assumed, assigned and sold to Purchaser, Purchaser shall be responsible for continuing obligations under the Leases and the City Agreement, *cum onere*, including, without limitation, liabilities for any breach of the Leases and the City Agreement occurring after such assumption, assignment and sale, subject to any defenses provided by the Leases or the City Agreement, applicable non-bankruptcy law or otherwise agreed.

9. Upon the closing of the Purchase Agreement, the Debtors are authorized and approved, at their election, to enter into the New Lease on a form which substantially reflects the terms provided in Exhibit E of the Purchase Agreement and is reasonably acceptable to the parties thereto.

10. Except with respect to Permitted Title Exceptions for the Property, WPG's leasehold interest in the Leases, the counterparty to the City Agreement's interest in the City Agreement, and the New Lease, all persons and entities holding liens or interests in the Purchased Assets (other than, with respect to the Permitted Title Exceptions, the holders of Permitted Title Exceptions) arising under or out of, in connection with, or in any way relating to the Debtors or the transfer of such Purchased Assets to Purchaser hereby are forever barred, estopped, and permanently enjoined from asserting against Purchaser or its successors or assigns, its property, or such persons' or entities' liens or interests in and to the Property.

11. Except to the extent of the Debtors' post-closing obligations to Purchaser set forth in the Purchase Agreement (including in respect of the New Lease), after the closing of the sale, the Debtors shall have no further liability with respect to the Purchased Assets, and any claims, whether administrative or otherwise, relating to or arising from such Purchased Assets after the

closing of the sale asserted against the Debtors shall be deemed disallowed except under the New Lease.

12.     Notwithstanding anything to the contrary herein, the net cash proceeds of the Sale will not be transferred or applied other than in accordance with the Final Sale Order [Docket No. 1556].

13.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel any of the liens and other encumbrances of record.

14.     If any person or entity that has filed statements or other documents or agreements evidencing liens on, or interests in, any of the Purchased Assets (other than with respect to the Permitted Title Exceptions, the holders of the Permitted Title Exceptions) shall not have delivered to the Debtors prior to the closing in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, and any other documents necessary for the purpose of documenting the release of liens or interests which the person or entity has or may assert with respect to such assets, the Debtors and Purchaser are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to such assets.

15.     This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing

persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

16. The Purchase Agreement, other Transaction Documents, and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates or the rights of any party holding a lien, claim or encumbrance on or against the Purchased Assets.

17. The Sale of the Purchased Assets contemplated by the Purchase Agreement is undertaken by the Seller and Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate any transaction shall not affect the validity of such transaction (including, for the avoidance of doubt, the sale of the Purchased Assets free and clear of all claims (other than, with respect to the Property, the Permitted Title Exceptions)), unless such authorization and consummation of such transaction was stayed pending such appeal. Purchaser is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. Purchaser has not colluded with any potential purchasers, or any other parties interested in the Purchased Assets, and therefore the sale of the Purchased Assets may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

18. The automatic stay pursuant to section 362 is hereby lifted to the extent necessary, without further order of this Court, to (a) allow Purchaser to deliver any notice provided for in the

Purchase Agreement, the other Transaction Documents and any ancillary documents and (b) allow Purchaser to take any and all actions permitted under this Order, the Purchase Agreement, the other Transaction Documents and any ancillary documents in accordance with the terms and conditions thereof.

19. The Debtors, including their respective officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Purchase Agreement, the other Transaction Documents and this Order. The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of the Purchase Agreement, the other Transaction Documents and this Order and the relief granted pursuant to this Order.

20. From time to time, as and when requested by any party, each party to the Sale of the Purchased Assets shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale of the Purchased Assets, including such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in Purchaser its right, title and interest in and to the Purchased Assets, as applicable.

21. Notwithstanding the provisions of the Bankruptcy Rules, including Bankruptcy Rules 6004(h), 6006(d), and 7062, or any applicable provisions of the Local Rules, this Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is waived and shall not apply. Time is of the essence in closing the Sale of the Purchased Assets and the Seller and Purchaser intend to close the Sale of the Purchased Assets as soon as practicable. The Debtors

and Purchaser are authorized to close the Sale of the Purchased Assets immediately upon entry of this Order.

22. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

23. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6004(a) and the Local Rules are satisfied by such notice.

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

25. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement and other Transaction Documents

entered into for purposes of consummating the Sale of the Purchased Assets, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Purchased Assets.