## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| BIG LOTS, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) **Re: D.I. 1942** |

**DECLARATION OF RONALD A. ROBINS, JR., EXECUTIVE VICE PRESIDENT, CHIEF LEGAL AND GOVERNANCE OFFICER, GENERAL COUNSEL, AND CORPORATE SECRETARY OF BIG LOTS, INC. IN SUPPORT OF MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING (A) THE DEBTORS' ENTRY INTO AND PERFORMANCE UNDER THE PURCHASE AGREEMENT, (B) THE SALE OF THE PURCHASED ASSETS, (C) THE ASSUMPTION AND ASSIGNMENT OF THE LEASES AND THE CITY AGREEMENT, AND (D) THE DEBTORS' ENTRY INTO THE NEW LEASE AND (II) GRANTING RELATED RELIEF**

I, Ronald A. Robins, Jr. (Rocky), hereby declare under penalty of perjury:

1. I am the Executive Vice President, Chief Legal and Governance Officer, General Counsel, and Corporate Secretary of Big Lots, Inc. (together with its affiliated debtors and debtors in possession, the "**Debtors**" or the "**Company**"). I joined the Company in 2015. I graduated from Duke University with a Bachelor of Arts and from Harvard Law School with a juris doctor.

2. I submit this declaration (this "**Declaration**") in support of the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving (A) the Debtors' Entry Into and Performance*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Under the Purchase Agreement, (B) the Sale of the Purchased Assets, (C) the Assumption and Assignment of the Leases and the City Agreement, and (D) the Debtors' Entry Into the New Lease and (II) Granting Related Relief* [D.I. 1942] (the "**Motion**").[2]

3. The statements in this Declaration are, except where specifically noted, based on: (a) my personal knowledge; (b) information regarding the Debtors' operations and finances that I obtained from the Debtors' advisors or employees; (c) my review of the Debtors' books, records, and relevant documents; and/or (d) information provided to me by the Debtors' advisors working under my supervision. I am over the age of 18 and am authorized to submit this Declaration on behalf of the Debtors. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

### The Proposed Sale and Negotiation of the Purchase Agreement

4. I understand that, beginning in 2024, the Company began the process of soliciting bids for the Purchased Assets. In light of this Court's approval of the sale of substantially all of the Debtors' assets to Gordon Brothers Retail Partners, LLC, the Purchased Assets are no longer necessary to the continued operation of the Company's go-forward business. Accordingly, the Debtors determined, in their business judgment, that the value-maximizing path forward for the Debtors' estates is to divest the Purchased Assets for the benefit of the Debtors' administrative claimants.

5. Over the previous year, the Debtors received a number of alternative indications of interest for the Purchased Assets, none of which contemplated a purchase price which was competitive with the terms proposed by Purchaser. Accordingly, the Debtors have determined, in

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or that certain purchase agreement attached as **Exhibit B** to the Motion (the "**Purchase Agreement**").

their business judgment, that the consideration offered for the Purchased Assets pursuant to the Purchase Agreement is the most value-maximizing transaction presently available to the Debtors.

**<u>Entry into the Sale is Beneficial to the Debtors and the Debtors' Estates</u>**

6.    I believe the Sale constitutes the highest or otherwise best offer for the Purchased Assets and will provide a greater recovery to the Debtors' estates than any available alternative. I understand that after engaging in good faith, arm's-length negotiations, Seller and Purchaser agreed on the applicable purchase price in cash for the Purchased Assets, which totals approximately $36 million in cash consideration. I believe that the value generated by the Sale outweighs any benefits of retaining and maintaining the Purchased Assets. As shown by the Purchase Agreement, the Debtors are preparing to consummate the Sale for what is a fair price, especially when considered against other indications of interest received, which are less competitive with respect to the proposed consideration for the Purchased Assets. For all these reasons, I believe that the proposed Sale is the value-maximizing disposition of the Purchased Assets.

**<u>The Sale is Appropriate as a Private Sale</u>**

7.    It is my opinion that consummating the Sale on a private basis is appropriate in light of the facts and circumstances of these chapter 11 cases and is in the best interest of the Debtors' estates and all parties in interest. I do not believe that the cost and timing of conducting a public marketing and sale process for the Purchased Assets would result in incremental value sufficient to justify the incurrence of such costs and delay, particularly in light of the Debtors' liquidity constraints and need to generate funds for the payment of administrative claims. I believe there are no credible purchasers that would emerge for the Purchased Assets that would offer consideration exceeding the purchase price contemplated by the Purchase Agreement, especially on a practicable timeline within the context of these chapter 11 cases.

8. Accordingly, I believe a private sale to Purchaser is the best course of action and is in the best interest of the Debtors' estates.

### Purchaser is Entering into the Sale in Good Faith

9. It is my understanding that the Debtors engaged in good faith, arm's-length negotiations around the terms of the Sale and have used commercially reasonable efforts to negotiate and finalize the terms of the Purchase Agreement. The Debtors and Purchaser were each represented by separate counsel in connection with the negotiation and documentation of the Purchase Agreement. To the best of my knowledge, the Debtors and Purchaser have negotiated and acted at all times in good faith, and Purchaser is not affiliated with the Debtors in any way.

10. Moreover, I am not aware of any facts indicating that either the Debtors or Purchaser are fraudulently entering into the transaction contemplated by the Purchase Agreement. I believe that Purchaser conducted itself in good faith and in a non-collusive, fair manner. To the best of my knowledge, Purchaser is purchasing the Purchased Assets in good faith and for value.

11. For each of the foregoing reasons, I believe that the consideration and other benefits that will accrue to the Debtors' estates as a result of the Sale is fair. At this time, the Debtors have not received a higher or better offer for the Purchased Assets. I believe that the proposed Sale is the best available option to maximize the value of the Purchased Assets for the benefit of the Debtors' estates.

### Conclusion

12. Accordingly, for all the foregoing reasons, I believe that entering into the Purchase Agreement and consummating the Sale is fair, reasonable, and represents a sound exercise of the Debtors' business judgment. I believe that Purchaser's offer is the highest and best offer presently available to the Debtors and that the private sale of the Purchased Assets is appropriate under the circumstances.

13.    Given the details described above and based on my experience as an investment banking professional and involvement in other sale transactions, I believe that the Court should approve the private sale of the Purchased Assets to Purchaser.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 5, 2024  
Columbus, Ohio

    */s/ Ronald A. Robins, Jr.*  
Ronald A. Robins, Jr.  
Executive Vice President, Chief Legal and Governance Officer, General Counsel, and Corporate Secretary  
Big Lots, Inc.