IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1702** |

### DEBTORS' OBJECTION TO BAYSHORE'S MOTION TO COMPEL THE IMMEDIATE PAYMENT OF POST-PETITION RENT AND LEASE OBLIGATIONS

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), file this objection (this "**Objection**") to the *Motion of Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC to Compel Immediate Payment of Post-Petition Rent and Lease Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* [D.I. 1702] (the "**Motion**") filed by Bayshore Mall 1A, LLC, Bayshore Mall 1B, LLC, and Bayshore Mall 2, LLC (collectively, "**Bayshore**"). In support of this Objection, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Argument**

1.  The Debtors (through Big Lots Stores, LLC) and Bayshore are parties to a lease governing the real property located at 3845 Bayshore Rd., Cape May, New Jersey 08204, as such may be renewed, amended, assigned, and/or modified (the "**Lease**").

2.  In its Motion, Bayshore asserts that it is owed (i) approximately $358.50 for each of October, November and December 2024 (the "**2024 Monthly Rent Amounts**") and (ii) $17,925.00 for January 2025 rent (the "**January 2025 Rent**," together with the 2024 Monthly Rent Amounts, the "**Asserted Outstanding Amounts**"). *See* Motion ¶ 17. Bayshore requests that this Court enter an order compelling the immediate payment by the Debtors of the Asserted Outstanding Amounts. *See* Motion ¶ 19.

3.  For the reasons set forth below and in the Debtors' *Omnibus Objection to and Reservation of Rights Regarding Motions for Allowance and Payment of Administrative Expense Claims* [D.I. 1826], the Debtors respectfully request that the Court decline to compel the immediate payment of the Asserted Outstanding Amounts, as neither the 2024 Monthly Rent Amounts nor the January 2025 Rent are presently ripe for payment.

4.  As stated on the record during the January 21, 2025 hearing, the Debtors have committed to establish, in consultation with the Committee, a procedure for the reconciliation of administrative expense claims that will provide for the orderly payment of similarly-situated claimants. *See* Jan. 21, 2025 Hr'g Tr. at 22:19–27:23. Because the 2024 Monthly Rent Amounts arose prior to the January 2, 2025, the Debtors submit that these amounts, if they are in fact owed by the Debtors, should be subject to the administrative expense claim reconciliation procedures and not paid out of turn. *See In re Glob. Home Prods., LLC*, No. 06-10340 (KG), 2006 WL 3791955, at *3 (Bankr D. Del. Dec. 21, 2006) ("[O]ne of the chief factors courts consider [in

determining whether to grant a motion to compel immediate payment] is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets . . . .") (internal quotation marks and citations omitted) (citing *In re HQ Glob. Holdings, Inc.*, 282 B.R. 169, 172 (Bankr. D. Del. 2002)).  Equitable principles marshal against paying the 2024 Monthly Rent Amounts outside of the orderly process contemplated by the administrative expense claim reconciliation procedures.  Accordingly, the Court should deny the Motion's request for the immediate payment of the 2024 Monthly Rent Amounts or, at the very least, hold the Motion in abeyance pending the Debtors' effectuation of the administrative expense claim reconciliation procedures.

5. With respect to the January 2025 Rent, the Debtors submit that this amount is presently subject to an agreed abatement and is not presently payable.  Big Lots Stores, LLC ("**Tenant**") and Bayshore Mall 1A LLC ("**Landlord**") entered into a lease amendment (the "**Lease Amendment**"), which is effective as of October 1, 2024.  The Lease Amendment entitles Tenant to an Abatement Period (as defined in the Lease Amendment) of sixty days, beginning on December 1, 2024 and ending two months thereafter, during which Tenant's rent obligations are "abated and forgiven" in full.  While the totality of the Lease Amendment becomes effective upon the occurrence of the Restructuring Effective Date (as defined in the Lease Amendment), the Lease Amendment provides that Tenant shall obtain its benefits, and Landlord shall be bound thereby, on the effective date thereof (i.e., October 1, 2024).  Until such time that the Lease is rejected (if such rejection ultimately occurs), the Lease Amendment is operative and the Debtors are entitled to its benefits, including the abatement of the January 2025 Rent.  Accordingly, the Debtors respectfully ask that the Court deny the Motion's request for the immediate payment of the January 2025 Rent until such time as it is owed and payable pursuant to the terms of the Lease Amendment.

**Reservation of Rights**

6. Notwithstanding anything herein to the contrary, the Debtors reserve their rights to contest the Motion on any other grounds, including that the Asserted Outstanding Amounts asserted by Bayshore are not entitled to administrative expense priority or do not accurately reflect the amount of the Debtors' actual liability, whether or not such grounds are raised in this Objection. Nothing contained herein should be deemed to constitute an admission regarding the validity or allowability of the Asserted Outstanding Amounts or any other administrative expense claims asserted in these Chapter 11 Cases.

**Conclusion**

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) deny the Motion and (b) grant the Debtors such other and further relief as is just and proper.

*[Remainder of page intentionally left blank]*

Dated: February 6, 2025
Wilmington, Delaware

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Casey B. Sawyer*
        Robert J. Dehney, Sr. (No. 3578)
        Andrew R. Remming (No. 5120)
        Daniel B. Butz (No. 4227)
        Tamara K. Mann (No. 5643)
        Sophie Rogers Churchill (No. 6905)
        1201 N. Market Street, 16th Floor
        Wilmington, DE 19801
        Tel: (302) 658-9200
        rdehney@morrisnichols.com
        aremming@morrisnichols.com
        dbutz@morrisnichols.com
        tmann@morrisnichols.com
        srchurchill@morrisnichols.com

        *-and-*

        DAVIS POLK & WARDWELL LLP

        Brian M. Resnick (admitted *pro hac vice*)
        Adam L. Shpeen (admitted *pro hac vice*)
        James I. McClammy (admitted *pro hac vice*)
        Stephen D. Piraino (admitted *pro hac vice*)
        Ethan Stern (admitted *pro hac vice*)
        450 Lexington Avenue
        New York, NY 10017
        Tel.: (212) 450-4000
        brian.resnick@davispolk.com
        adam.shpeen@davispolk.com
        james.mcclammy@davispolk.com
        stephen.piraino@davispolk.com
        ethan.stern@davispolk.com

        *Counsel to the Debtors and Debtors in Possession*