**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline**: **February 19, 2025, at 4:00 p.m. (ET)** |
| | **Hearing Date**: **February 26, 2025, at 10:30 a.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) SETTING A BAR DATE FOR
FILING PROOFS OF CLAIMS FOR PRE-CLOSING ADMINISTRATIVE EXPENSE
CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING PRE-CLOSING
ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, AND (III) GRANTING
RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

With the support of the Official Committee of Unsecured Creditors (the "**Committee**") in

the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), Big Lots, Inc. and certain of its

affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession, hereby

file this *Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-*

*Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing*

*Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice*

---

[1]    The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*and Filing Procedures* (this "**Motion**").  In support of this Motion, the Debtors respectfully state as follows:

**Relief Requested**

1.       By this Motion, and pursuant to sections 105, 501, 502, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 3002, and 3003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1(e) and 3003-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and with the support of the Committee, the Debtors request that the Court enter an order substantially in the form attached as **Exhibit A** (the "**Pre-Closing Administrative Expense Claims Procedures Order**"):

  a.       establishing **5:00 p.m. prevailing Eastern Time on April 3, 2025** as the deadline (the "**Pre-Closing Administrative Expense Claims Bar Date**") for each person or entity to file a proof of claim in respect of any administrative expense claim against the Debtors arising from the Petition Date through and including January 3, 2025 (the "**Pre-Closing Administrative Expense Claims**");

  b.       approving the forms of notice to be used to inform potential creditors of the Pre-Closing Administrative Expense Claims Bar Date;

  c.       approving mailing procedures with respect to notice of the Pre-Closing Administrative Expense Claims Bar Date;

  d.       relieving the Debtors of any obligation to respond to motions, applications, and other requests for allowance or payment of Pre-Closing Administrative Expense Claims that are pending as of, or are filed after, the entry of the Pre-Closing Administrative Expense Claims Procedures Order; and

  e.       granting related relief.

**Preliminary Statement**

2.       The sudden and unexpected collapse of the Nexus sale in December has resulted in the Debtors being inundated with requests and inquiries from creditors, including landlords,

vendors and other parties, holding claims arising after the Petition Date regarding the timing and manner of payment of their claims. Indeed, as of the date of the filing of this Motion, 97 motions have been filed by creditors seeking to compel immediate and full payment of such claims.

3. After the closing of the GBRP transaction on January 3, 2025 (the "**GBRP Closing Date**"), the Debtors have advised creditors holding claims arising after the Petition Date but prior to the GBRP Closing Date, including all of those who have filed motions to compel payment of their claims, that the Debtors, in close consultation with the Committee, intend to put into place procedures that will allow for a fair, transparent, and efficient process to reconcile such claims and facilitate payment of such claims as quickly as practicable. To avoid a "race to the courthouse" dynamic – where some creditors holding administrative expense claims enjoy more favorable treatment than others by virtue of being the first to obtain relief from this Court – and to promote equality of treatment of similarly situated creditors under the unique circumstances in which the Debtors find themselves presently, the Debtors believe that it is imperative that such procedures are implemented posthaste. Hence, the filing of this Motion and the relief sought herein.

4. After weeks of careful consideration and discussions with the Committee, and with the Committee's full support, the Debtors hereby seek authority to establish a fair and transparent process for the reconciliation of Pre-Closing Administrative Expense Claims, which the Debtors committed to put in place during the January 2, 2025 hearing. *See* Jan. 2, 2025 Hr'g Tr. at 48:20–24. Additionally, the Court encouraged the development of such a process at the January 21, 2025 hearing. *See* Jan. 21 Hr'g Tr. at 32:7–11 ("[I]t isn't a prudent use of time or expense engaging in ad hoc litigation of claims. . . . the Debtors really do need to implement . . . an orderly process to reconcile and determine the validity of administrative expense claims."). The procedures set forth in the proposed Pre-Closing Administrative Expense Claims Procedures Order (the "**Pre-Closing**

**Administrative Expense Claims Procedures**"), and the other relief sought herein, will provide a streamlined, fair, and comprehensive process for the reconciliation and allowance of Pre-Closing Administrative Expense Claims,  and will solve any potential "race to the courthouse" incentives, which will not only be distracting for the Debtors as they implement the GBRP Sale transaction, but will be detrimental to the Debtors' creditors and estates. A Pre-Closing Administrative Expense Claims Bar Date will allow the Debtors to ascertain the universe of asserted Pre-Closing Administrative Expense Claims against their estates for the period prior to the closing of the GBRP Sale, thereby enabling the Debtors to commence making *pro rata* payments of undisputed Pre-Closing Administrative Expense Claims.

5.     The Debtors have filed a schedule of Pre-Closing Administrative Expense Claims held by parties other than Landlord Claimants (as defined below), attached hereto as **Exhibit B** (the "**Pre-Closing Administrative Expense Claims Schedule**").[2]  If an administrative creditor (other than a Landlord Claimant) with a Pre-Closing Administrative Expense Claim agrees with the amount set forth in the Pre-Closing Administrative Expense Claims Schedule with respect to such claim, no further action is needed to be taken (i.e., they do not need to file a proof of claim). If an administrative creditor with a Pre-Closing Administrative Expense Claim disagrees with the amount of their Pre-Closing Administrative Expense Claim listed on the Pre-Closing Administrative Expense Claims Schedule or if their potential Pre-Closing Administrative Expense Claim is not listed on the Pre-Closing Administrative Claims Schedule, they may file a proof of Pre-Closing Administrative Expense Claim (a "**Proof of Pre-Closing Administrative Expense**

---

[2] The Pre-Closing Administrative Expense Claims Schedule reflects the Debtors' good faith estimate, based on their books and records, of the Pre-Closing Administrative Expense Claims.

**Claim**"), in accordance with the Pre-Closing Administrative Expense Claims Procedures set forth herein.

6.     Because the Debtors believe they have been in compliance with their obligations under their leases of non-residential real property, the Debtors have determined that the most efficient way to resolve potential disputes regarding the Pre-Closing Administrative Expense Claims asserted by the Debtors' landlord counterparties (the "**Landlord Claimants**") is for such Landlord Claimants to file a Proof of Pre-Closing Administrative Expense Claim by the Pre-Closing Administrative Expense Bar Date. For the avoidance of doubt, the Pre-Closing Administrative Expense Claims asserted by the Landlord Claimants will not be listed on the Pre-Closing Administrative Expense Schedule, and the Debtors request that, except as provided in ¶ 26 herein, the Landlord Claimants be required to file a Proof of Pre-Closing Administrative Expense Claim, in accordance with the procedures set forth herein.

7.     As soon as reasonably practicable after the Pre-Closing Administrative Expense Claims Bar Date, the Debtors, in consultation with the Committee (as defined below), expect to begin making *pro rata* payments to holders of Pre-Closing Administrative Expense Claims on account of their respective Pre-Closing Administrative Expense Claims and set aside an adequate reserve for any disputed Pre-Closing Administrative Expense Claims. To allay any concerns that payments to holders of Pre-Closing Administrative Expense Claims may prejudice holders of unpaid claims arising after the GBRP Closing Date, the Debtors will work in good faith with the Committee to also set aside an adequate reserve for any unpaid Post-Closing Administrative Expense Claims (as defined below), to the extent any exist. Additionally, the Debtors intend to file a notice with the Court prior to making any payments on account of Pre-Closing Administrative Expense Claims.

8.      For the avoidance of doubt, administrative expense claims incurred after January 3, 2025 (the "**Post-Closing Administrative Expense Claims**") would not be subject to the procedures set forth herein.  The Debtors intend to pay Post-Closing Administrative Expense Claims in the ordinary course pursuant to the GBRP Sale Order (as defined below) and APA (as defined in the GBRP Sale Order), to the extent such Post-Closing Administrative Expense Claims are included in, and contemplated to be paid by, the APA Administrative Budget (Exhibit F to the GBRP Sale Order), the Winddown Budget (Exhibit G to the GBRP Sale Order), or the Agency Agreement (Exhibit H to the GBRP Sale Order) (collectively, the "**APA Budgets**").

## Jurisdiction, Venue, and Authority

9.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

10.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

11.     Venue of these Chapter 11 Cases and related proceedings is proper in this district pursuant to a 28 U.S.C. §§ 1408 and 1409.

## Background

12.     On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of

their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.     On September 23, 2024, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to 11 U.S.C. § 1102(a)(1).  No trustee or examiner has been appointed in the Chapter 11 Cases.

14.     The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court, on September 10, 2024, in each of the Chapter 11 Cases.[3]

15.     On September 10, 2024, the Court entered the *Order Authorizing Retention and Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent* [D.I. 96], which authorized Kroll Restructuring Administration LLC ("**Kroll**" or "**Claims and Noticing Agent**") to serve as the Debtors' claims and noticing agent.

16.     Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

17.     On November 20, 2024, the Court entered the *Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief,*

---

[3]  *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

*Including Notice and Filing Procedures* [D.I. 1188] (the "**Prepetition Bar Date Order**"), which, among other things, established the General Bar Date and Government Bar Date (each as defined in the Prepetition Bar Date Order). Pursuant to the unopposed oral motion made by the Committee at the hearings on December 30 and 31, 2024 (the "**GBRP Sale Hearing**"), the Court entered the *Amended Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1531] (the "**Amended Prepetition Bar Date Order**"), which established the Amended General Bar Date (as defined in the Amended Prepetition Bar Date Order).

18.     At the GBRP Sale Hearing, the Debtors sought and received Court approval to consummate a sale of substantially all assets to Gordon Brothers Retail Partners, LLC (the "**GBRP Sale**"). On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**GBRP Sale Order**").  The GBRP Sale was subsequently consummated on January 3, 2025. *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588].

### The Proposed Pre-Closing Administrative Expense Claims Bar Date

19.     Bankruptcy Rule 3003(c)(3) states that the Court shall fix the time within which proofs of claim may be filed.  Bankruptcy Rule 3003(c)(2) requires a creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated to file a proof of claim within

the time fixed by the Court under Bankruptcy Rule 3003(c)(3).  Furthermore, Local Rule 2002-1(e) permits a chapter 11 debtor to request a bar date for filing proofs of claim.

20.     Bankruptcy Rule 2002(a) provides that creditors are entitled to at least twenty-one (21) days' notice of the time fixed for filing proofs of claim under Bankruptcy Rule 3003, and Bankruptcy Rule 2002(p) provides that a creditor with a foreign address is entitled to at least thirty (30) days' notice of such deadline.

21.     As detailed further below, the proposed Pre-Closing Administrative Expense Claims Bar Date complies with applicable Bankruptcy Rules.

22.     The Debtors request that the Court establish 5:00 p.m. prevailing Eastern Time on April 3, 2025 as the Pre-Closing Administrative Expense Claims Bar Date.  The Pre-Closing Administrative Expense Claims Bar Date will be the deadline by which each person or entity must file a proof of claim in respect of any Pre-Closing Administrative Expense Claim against any of the Debtors, except as otherwise provided in this Motion.  The Debtors and Kroll have determined that, subject to entry of the Pre-Closing Administrative Expense Claims Procedures Order by February 26, 2025, service of Pre-Closing Administrative Expense Claims Bar Date Notice (as defined below) will be completed by March 4, 2025.  As such, the Pre-Closing Administrative Expense Claims Bar Date complies with applicable Bankruptcy Rules because it provides at least thirty (30) days' notice to potential claimants, which is more than is required by Bankruptcy Rule 2002(a) and satisfies Bankruptcy Rule 2002(p) with respect to creditors with a foreign address.

23.     The Debtors may file a separate request for relief with respect to the adjudication and allowance of Pre-Closing Administrative Expense Claims.

**The Proposed Claim Filing Requirements and Procedures**

**A.      Who Must File a Proof of Claims with Respect to Pre-Closing Administrative Expense Claims**

24.      Except as otherwise provided herein (including, for the avoidance of doubt, ¶ 26), the Debtors propose that the following persons or entities asserting a Pre-Closing Administrative Expense Claim against the Debtors arising, or deemed to arise, from the Petition Date through and including January 3, 2025, shall be required to file a Proof of Pre-Closing Administrative Expense Claim by the Pre-Closing Administrative Expense Claims Bar Date if such persons or entities wish to be treated as administrative creditors with respect to such Pre-Closing Administrative Expense Claim for the purposes of payments in these Chapter 11 Cases:

        a.      any Landlord Claimant;

        b.      any person or entity whose Pre-Closing Administrative Expense Claim is not listed on the Debtors' Pre-Closing Administrative Expense Claims Schedule; and

        c.      any person or entity whose Pre-Closing Administrative Expense Claim is listed in an incorrect amount and who desires to have its Pre-Closing Administrative Expense Claim allowed in a different amount than identified on the Pre-Closing Administrative Expense Claims Schedule.

**B.      Who is Not Required to File a Proof of Claims with Respect to Pre-Closing Administrative Expense Claim**

25.      The Debtors propose that the following persons or entities holding Pre-Closing Administrative Expense Claims against the Debtors shall not be required to file a Proof of Pre-Closing Administrative Expense Claim prior to the Pre-Closing Administrative Expense Claims Bar Date:

        a.      any person or entity whose Pre-Closing Administrative Expense Claim is listed on the Pre-Closing Administrative Expense Claims Schedule, if the person or entity does not disagree with the amount of the claim as identified on the Pre-Closing Administrative Expense Claims Schedule;

b.      any person or entity whose claim has been allowed by order of the Court entered on or before the Pre-Closing Administrative Expense Claims Bar Date;

c.      any person or entity with a claim arising under section 503(b)(9) of the Bankruptcy Code, which claim must be filed pursuant to the Prepetition Bar Date Order;

d.      any person or entity whose Pre-Closing Administrative Expense Claim has been (i) paid in full by the Debtors, (ii) otherwise satisfied pursuant to an agreement between the Debtors and the applicable holder of a Pre-Closing Administrative Expense Claim, (iii) satisfied pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (iv) is otherwise fully satisfied;

e.      any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided that a current employee must submit a Proof of Pre-Closing Administrative Expense Claim by the Pre-Closing Administrative Expense Claims Bar Date for all other claims arising after the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

f.      any person or entity holding a claim for which a separate deadline is fixed by this Court, including requests from professionals for payment under (i) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [D.I. 519] and (ii) the *Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals* [D.I. 548];

g.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

h.      any Debtor having a claim against another Debtor;

i.      any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtors;

j.      any person or entity with an administrative expense claim arising after January 3, 2025;

k.      any person or entity who has filed a Pre-Closing Administrative Expense Claims Motion to Compel; and

l.      any person or entity who, prior to the entry of the Pre-Closing Administrative Expense Claims Procedures Order, has already filed a proof of claim that complies with the Pre-Closing Administrative Expense Claims Procedures.

26.     For the avoidance of doubt, all Pre-Closing Administrative Expense Claims Motions to Compel are proposed to be treated as Proofs of Pre-Closing Administrative Expense Claims, and any potential administrative creditor who has filed such a Pre-Closing Administrative Expense Claims Motion to Compel shall not be required to file a Proof of Pre-Closing Administrative Expense Claim.  The amounts asserted in any Pre-Closing Administrative Expense Claims Motion to Compel filed prior to February 7, 2025 are reflected in the Pre-Closing Administrative Expense Claims Schedule, solely to the extent the Debtors agree with such asserted amount.  To the extent such Pre-Closing Administrative Expense Claims Motions to Compel are filed after the Pre-Closing Administrative Expense Claims Bar Date, the Debtors request they be denied and treated in accordance with ¶ 31 hereof.

27.     The Debtors respectfully request that they not be required to respond to any of the motions, applications, or other requests for allowance and payment of Pre-Closing Administrative Expense Claims filed before or after the entry of the Pre-Closing Administrative Expense Claims Procedures Order, and that any hearings with respect to such motions, applications, and requests that may be filed be adjourned *sine die*.

## C.     Requirements and Procedures for Filing a Proof of Pre-Closing Administrative Expense Claim

28.     The Debtors have prepared, and request that the Court approve, the customized proof of claim form (the "**Pre-Closing Administrative Expense Claim Form**") attached as **Exhibit 1** to the proposed Pre-Closing Administrative Expense Claims Procedures Order.  The Pre-Closing Administrative Expense Claim Form is derived from and substantially conforms to Official Form B410 but is customized for these Chapter 11 Cases.

29.     The Debtors propose that each Proof of Pre-Closing Administrative Expense Claim be required to meet the following minimum requirements:

a.      be submitted on the Pre-Closing Administrative Expense Claim Form, or substantially conform to such official form;

b.      be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the Pre-Closing Administrative Expense Claim is asserted, set forth the legal and factual bases for the Pre-Closing Administrative Expense Claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and

c.      if the claimant asserts a Pre-Closing Administrative Expense Claim against more than one Debtor, the claimant must file a separate Pre-Closing Administrative Expense Claim Form against each applicable Debtor.

30.     The Debtors propose the following requirements for filing a Proof of Pre-Closing Administrative Expense Claim:

a.      <u>Electronic proofs of claim</u>.  A Proof of Pre-Closing Administrative Expense Claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim."  A Proof of Pre-Closing Administrative Expense Claim must be submitted **<u>so as to be actually received</u>** on or before the Pre-Closing Administrative Expense Claims Bar Date.

b.      <u>Hardcopy proofs of claim</u>.  An original, signed copy of the Proof of Pre-Closing Administrative Expense Claim must be sent **<u>so as to be actually received</u>** on or before the Pre-Closing Administrative Expense Claims Bar Date as follows:

**<u>If by first class mail:</u>**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**<u>If by hand delivery, or overnight courier:</u>**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

c.      <u>Other methods not accepted</u>.  A Proof of Pre-Closing Administrative Expense Claim sent by means other than as described above, including by means of email or fax, will not be accepted.

**Consequences of Failure to Timely File a Proof of Pre-Closing Administrative Expense Claim**

31.     The Debtors propose that any entity that is required, but fails, to file a Proof of Pre-Closing Administrative Expense Claim in accordance with the Pre-Closing Administrative Expense Claims Procedures Order on or before the Pre-Closing Administrative Expense Claims Bar Date shall, to the extent applicable, be bound by the Pre-Closing Administrative Expense Claims Schedule (including the applicable Pre-Closing Administrative Expense Claim amount(s) listed therein), and be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Pre-Closing Administrative Expense Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such Pre-Closing Administrative Expense Claim.  Moreover, such creditor shall be prohibited from participating in any payment or distribution in these Chapter 11 Cases on account of such Pre-Closing Administrative Expense Claim.

**Procedures for Resolving Disputed Pre-Closing Administrative Expense Claims**

32.     After the Pre-Closing Administrative Expense Claims Bar Date, the Debtors shall have the sole authority to: (a) file or litigate to judgment, objections to Proofs of Pre-Closing Administrative Expense Claims; and (b) settle or compromise with persons or entities who have filed (i) Proofs of Pre-Closing Administrative Expense Claims (before or after entry of the Pre-Closing Administrative Expense Claims Procedures Order, in each case, in accordance with the Pre-Closing Administrative Expense Claims Procedures) or (ii) Pre-Closing Administrative Expense Claims Motions to Compel prior to or after the entry of the Pre-Closing Administrative Expense Claims Procedures Order (collectively, the "**Disputed Pre-Closing Administrative Expense Claims**"); provided that, in the case of (a) or (b) above (solely if the Debtors thereafter reach a consensual resolution with a holder of a Disputed Pre-Closing Administrative Expense

Claim), the Debtors shall memorialize such resolution in an order to be submitted to the Bankruptcy Court under Certification of Counsel. Additionally, the Debtors reserve the right to amend the Pre-Closing Administrative Expense Claim Schedule based on reconciliation of Pre-Closing Administrative Expense Claims listed therein, with reasonable notice provided to the affected counterparties.[4]

### Notice of the Pre-Closing Administrative Expense Claims Bar Date

**A.     Actual Notice of the Pre-Closing Administrative Expense Claims Bar Date to Known Potential Creditors**

33.     Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors propose to provide actual notice of the Pre-Closing Administrative Expense Claims Bar Date, in substantially the form attached as **Exhibit 2** to the proposed Pre-Closing Administrative Expense Claims Procedures Order (the "**Pre-Closing Administrative Expense Claims Bar Date Notice**"), and the Pre-Closing Administrative Expense Claim Form (collectively with the Pre-Closing Administrative Expense Claims Bar Date Notice, the "**Pre-Closing Administrative Expense Claims Bar Date Notice Package**") via email (where available) or mail to the following potential creditors and other parties in interest, wherever located:

      a.      the Office of the U.S. Trustee;

      b.      counsel to the Committee;

      c.      all known creditors and other known holders of potential Pre-Closing Administrative Expense Claims against the Debtors' or their estates based on the Debtors' post-petition books and records, including (i) those listed on the Pre-Closing Administrative Expense Claims Schedule and (ii) the Landlord Claimants;

---

[4] The Debtors, in consultation with the Committee, may extend the Pre-Closing Administrative Expense Claims Bar Date with respect to such affected counterparties.

d.      all parties who have filed motions, applications, or requests for payment of a Pre-Closing Administrative Expense Claim, as of the date of entry of the Pre-Closing Administrative Expense Claims Procedures Order;

e.      the Internal Revenue Service;

f.      all other taxing authorities for jurisdictions in which the Debtors do business or did business as of and following the Petition Date; and

g.      the office of the attorney general for the District of Delaware and for the states in which the Debtors operate.

34.    The proposed Pre-Closing Administrative Expense Claims Bar Date Notice provides notice of: (a) the Pre-Closing Administrative Expense Claims Bar Date; (b) who must file a Proof of Pre-Closing Administrative Expense Claim on account of a post-petition claim arising from the Petition Date through and including January 3, 2025; (c) the procedures for preparing and filing a Proof of Pre-Closing Administrative Expense Claim; (d) the consequences of failing to timely file a Proof of Pre-Closing Administrative Expense Claim; and (e) where parties can find further information about the Debtors' Chapter 11 Cases.

35.    The Debtors' Claims and Noticing Agent will email (where available) or mail the Pre-Closing Administrative Expense Claims Bar Date Notice within four (4) business days of entry of the Pre-Closing Administrative Expense Claims Procedures Order.  Thus, the proposed Pre-Closing Administrative Expense Claims Bar Date of April 3, 2025 will be at least thirty (30) days from the date the Pre-Closing Administrative Expense Claims Bar Date Notice is mailed. Therefore, each potential claimant will receive at least thirty (30) days' notice by email (where available) or mail of the Pre-Closing Administrative Expense Claims Bar Date.

36.    The Debtors request that service of the Pre-Closing Administrative Expense Claims Bar Date Notice in the manner described above be deemed to constitute good and sufficient notice of the Pre-Closing Administrative Expense Claims Bar Date in accordance with Bankruptcy Rule 2002(a)(7).

16

B.    **Publication Notice of the Pre-Closing Administrative Expense Claims Bar Date for Unknown Potential Creditors**

37.    To supplement the foregoing actual notice to known creditors, the Debtors propose to provide notice by publication consistent with Bankruptcy Rule 2002(l).  Fed. R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  The publication notice, a copy of which is attached to the proposed Pre-Closing Administrative Expense Claims Procedures Order as **Exhibit 3**, provides the same key information as the Pre-Closing Administrative Expense Claims Bar Date Notice, but for cost savings omits certain provisions that are not absolutely necessary.

38.    The Debtors propose to publish the notice in the national edition of *Wall Street Journal*, or another publication with similar national circulation, and on the case management website,[5] with any modifications necessary for ease of publication.  The foregoing publication is sufficient to provide constructive notice to unknown potential creditors of the Debtors.  The Debtors propose to publish all such notices at least twenty-one (21) days prior to the Pre-Closing Administrative Expense Claims Bar Date so as to provide at least the amount of time contemplated by Bankruptcy Rule 2002(a)(7).

## Basis for Relief

A.    **Authority Exists to Approve the Pre-Closing Administrative Expense Claims Bar Date and the Proposed Procedures for Filing Proofs of Pre-Closing Administrative Expense Claim in These Chapter 11 Cases.**

39.    Section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense." 11 U.S.C. § 503(a). In addition, Local Rule 2002-1(e) provides that "[i]n all cases under chapter 11, the debtor may request a bar date for the

---

[5] The case management website can be found at https://cases.ra.kroll.com/BigLots.

filing of proofs of claim or interest" (see Del. Bankr. L.R. 2002-1(e)), but neither the Bankruptcy Rules nor the Local Rules specify the time by which proofs of claim or requests for payment of administrative expense claims must be filed in a chapter 11 case. Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which proofs of claim may be filed in a chapter 11 case. Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.").

40.     As a result, the Court has discretion in setting such a date and is authorized to grant the relief requested herein. *See* 11 U.S.C. § 105(a) (empowering a court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code"); *see also Polysat, Inc. v. Union Tank Car Co. (In re Polysat, Inc.)*, 152 B.R. 886, 895–96 (Bankr. E.D. Pa. 1993) ("a bankruptcy court has the general authority to impose an administrative bar date" (citing *In re Holywell Corp.*, 68 B.R. 134, 137 (Bankr. S.D. Fla. 1986)).   It is well recognized that a claims bar date for prepetition claims plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. See, e.g., *Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).

41.     Given the facts and circumstances surrounding these Chapter 11 Cases, all of the reasons for a prepetition claims bar date apply equally to the Pre-Closing Administrative Expense Claims Bar Date and the procedures related thereto proposed by the Debtors. The Pre-Closing Administrative Expense Claims Procedures will allow the Debtors to reconcile Pre-Closing Administrative Expense Claims in an orderly and systematic manner without the chaos of individual claimants seeking payment of administrative expense claims on a one-off basis, thereby avoiding confusion among, and value-deteriorating actions by, administrative creditors. The

procedures described herein provide creditors with sufficient notice and opportunity, and a transparent process for filing Proofs of Pre-Closing Administrative Expense Claims and achieve administrative and judicial efficiency. Crucially, the proposed procedures will allow the conclusion of the Debtors' Chapter 11 Cases to move forward quickly with minimal administrative expense and delay. The absence of such procedures, in contrast, would prolong creditor uncertainty and delay or even derail the claims reconciliation process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." See *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

42. Moreover, establishing the Pre-Closing Administrative Expense Claims Bar Date will allow the Debtors to fully understand and evaluate the amount Pre-Closing Administrative Expense Claims, which is necessary for a potential payment.

43. Courts in this district routinely set administrative bar dates for thirty (30) days after service. *See, e.g., In re Number Holdings, Inc.*, Case No. 24-10719 (JKS) (Bankr. D. Del. June 4, 2024) [D.I. 784] (approving an administrative expense claim bar date that is thirty (30) days from service); *In re Sientra, Inc*., Case No. 24-10245 (JTD) (Bankr. D. Del. Mar. 26, 2024) [D.I. 209] (establishing an administrative expense claim bar date that is thirty (30) days from service); *In re Sherman/Grayson Hosp.*, LLC, Case No. 23-10810 (JKS) (Bankr. D. Del. Mar. 1, 2024) [D.I. 390] (approving an administrative expense claim bar date that is thirty (30) days after service); *In re Expressjet Airlines LLC*, Case No. 22-10787 (MFW) (Bankr. D. Del. Sept. 29, 2022) [D.I. 154] (establishing an administrative expense claim bar date that is thirty (30) days after service).

**B.     The Proposed Notice Procedures Are Reasonable and Appropriate.**

44. Furthermore, the proposed Pre-Closing Administrative Expense Claims Bar Date and notice procedures set forth herein fully comply with the applicable notice requirements of the

Bankruptcy Code and the Bankruptcy Rules. The proposed Pre-Closing Administrative Expense Claims Bar Date and notice procedures provide at least thirty (30) days' notice of the Pre-Closing Administrative Expense Claims Bar Date, in compliance with Bankruptcy Rule 2002(p)(2) and in excess of the twenty-one (21) days required by Bankruptcy Rule 2002(a).

45.      Additionally, the Debtors' proposed noticing campaign is consistent with applicable law, which requires actual notice to "known" potential creditors. *See Chemetron*, 72 F.3d at 346. "[A] 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof. Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). "A creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts.'" *Id.* (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983)). "Reasonably diligent efforts" do not require impracticable or extended searches, and a debtor does not have a duty to search out every conceivable or possible creditor. *See id.* (citations omitted). Rather, "the requisite search instead focuses on the debtor's own books and records." *Id.*

46.      For "unknown" potential creditors, publication notice generally is sufficient. *See id.* at 348. Courts recognize, however, that it "is impracticable to expect a debtor to publish notice in every newspaper a possible unknown creditor may read." *Id.* (internal quotation and citation omitted). "Publication in national newspapers is regularly deemed sufficient notice to unknown creditors . . . ." *Id.* at 348–49 (citations omitted).

47.      The Debtors' noticing campaign for known and unknown potential administrative creditors meet these criteria. The Debtors' proposed list of notice parties encompasses each of the categories of potential administrative claimants that the Debtors believe may exist based on their books and records and current and historical operations, and thus is designed to provide notice of

the Pre-Closing Administrative Expense Claims Bar Date to all potential administrative creditors who are "reasonably ascertainable" based on the Debtors' books and records. Additionally, for "unknown" potential creditors, the Debtors' proposed notice by publication fits squarely within the law as the Debtors propose to publish notice in a national newspaper of general circulation.

48.     For the foregoing reasons, the Debtors submit that the Pre-Closing Administrative Expense Claims Bar Date and related noticing and procedures are consistent with the Bankruptcy Code, Bankruptcy Rules, and applicable law, and should therefore be approved.

**Proposed Redaction of Personally Identifiable Information**

49.     On October 17, 2024, the Court entered the *Final Order (I) Confirming the Manner of Satisfying the Requirement to File a List of Equity Security Holders and (II) Authorizing Debtors to Redact Certain Personal Information* [D.I. 517] which authorized the Debtors, among other things, to redact the home and email addresses of individuals listed from any document filed or to be filed with the Court in the Chapter 11 Cases. The Debtors submit that authority to redact any such information on the Pre-Closing Administrative Expense Claims Schedule is necessary to ensure that the Debtors and Kroll may prevent the disclosure of confidential information and comply with applicable law.

**Notice**

50.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Riemer & Braunstein LLP, as counsel

to GBRP; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

51.     A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Pre-Closing Administrative Expense Claims Procedures Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: February 7, 2025
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B*. Sawyer
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*