IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC, *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline: February 19, 2025, at 4:00 p.m. (ET)** |
| | **Hearing Date: February 26, 2025, at 10:30 a.m. (ET)** |

**MOTION OF MAPLES INDUSTRIES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Maples Industries, Inc. ("Maples"), by and through its undersigned counsel, submit this Motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), for amounts owed by Big Lots, Inc., *et al.* (the "Debtors") pursuant to Bankruptcy Code section 503(b) for $1,000,442.15 (the "Administrative Expense Claim") for goods provided as set forth below in the above-captioned Chapter 11 Bankruptcy cases. In support thereof, Maples respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

of the United States Constitution.[2] Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 105(a), 503, and 507 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## BACKGROUND

3. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have operated since the Petition Date and have continued to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. Maples and the Debtors are parties and subject to a series of purchase orders (together with all amendments, exhibits, schedules, attachments and other integrated documents, the "Agreements").

5. After the Petition Date, the Debtors placed orders for goods from Maples which have been delivered and have not been paid for.

6. Since the Petition Date, Maples has delivered goods with a value of no less than $1,000,442.15 to the Debtors in the normal course of business for which payment is now overdue and remains outstanding.[3] A summary of outstanding amounts owed by the Debtors to Maples is attached hereto as **Exhibit B**.[4]

---

[2] Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the Court's entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter a final order consistent with Article III of the United States Constitution.

[3] Maples also provided goods to the Debtors before the Petition Date that have not been paid for. Accordingly, Maples filed proofs of claim for the pre-petition outstanding amounts (Claim Nos. 3704, 3705, 3707, and 3712).

[4] Due to their voluminous nature, copies of individual invoices, and proof of delivery, referenced in Exhibit B are available upon request to counsel.

7. On January 29, 2025, the Debtors sent Maples an email acknowledging that they owe Maples $1,000,442.15 for goods provided since the Petition Date. A copy of this correspondence is attached hereto as **Exhibit C**.

8. Maples now seeks allowance and immediate payment of its Administrative Expense Claim in the total amount of $1,000,442.15.

## RELIEF REQUESTED

9. By this Motion, Maples requests that the Court enter the Proposed Order, (i) allowing and directing the Debtors to pay all sums payable to Maples for past due post-petition goods provided from the Petition Date through the date hereof in the amount no less than $1,000,442.15; and (ii) granting such other, further, and additional relief as the Court deems just and proper.

## BASIS FOR RELIEF

10. Section 503(b)(1) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ."

11. The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the bankrupt to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.,* 536 F.2d 950, 954 (1st Cir. 1976)).

12. A claim qualifies for administrative expense priority if it arises from "a post-petition transaction with the debtor-in-possession and the expense must be beneficial to the debtor in-possession in the operation of the business." *In re Marcal Paper Mills, Inc.*, 650 F.3d. 311, 314-15 (3d Cir. 2011) (internal quotations omitted).

13. "There is an initial assumption that, where a contract exists, the contractual rate is the reasonable value of the goods or services provided to the estate." *In re Bethlehem Steel Corp.*, 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2023); *accord In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010) (citing *NLRB. v. Bildisco*, 465 U.S. 513, 531 (1984)).

14. Here, the Debtors entered into the Agreements and accepted the goods provided by Maples on a post-petition basis. Since the Petition Date, the Debtors have continued to benefit from the goods provided by Maples, which continue to support the Debtors' continued operation and benefitted the Debtors' estates.

15. However, despite receiving the benefits of those goods and acknowledging that they are liable to Maples, the Debtors failed to pay Maples in the amount of the Administrative Claim Amount. There can be no reasonable dispute that the goods provided by Maples constitute a "post-petition" transaction and provided "actual and necessary" benefits to the Debtors' bankruptcy estates. Accordingly, the Debtors are now obligated to pay Maples for the goods they provided.

## RESERVATION OF RIGHTS

16. Maples expressly reserves, and does not waive, any and all of its rights, claims, causes of action and defenses in connection with the Agreements, the Debtors' pre- and post-petition conduct related to the same, the Bankruptcy Code, applicable law or otherwise against the Debtors, any successor in interest, and any and all third parties. Maples does not waive any rights with respect to its ability to file or amend proofs of claim or otherwise assert claims in the Debtors' Chapter 11 cases by filing this Motion and reserves all rights with respect thereto.

17. Maples reserves all of its rights to amend, modify or supplement this Motion in any manner, at any time and for any purpose and to assert and file any and all additional claims or

amended claims of whatever kind or nature that it has or may hereafter have against the Debtors, which may be based on the respective rights and obligations arising under the relationship and agreements discussed herein or the same events and circumstances described herein.

### **NOTICE AND NO PRIOR REQUEST**

18. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Debtors; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; and (d) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Maples submits that no other or further notice is necessary.

19. No prior application for the relief sought herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, Maples respectfully requests that the Court enter the Proposed Order (i) allowing and directing the Debtors to pay all sums payable to Maples for past due post-petition goods provided from the Petition Date through the date hereof in the amount no less than $1,000,442.15; and (ii) granting such other, further, and additional relief as the Court deems just and proper.

Dated:  February 12, 2025
         Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Brett Fallon*
Brett Fallon (No. 2480)
Ryan M. Messina (No. 6875)
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
brett.fallon@faegredrinker.com
ryan.messina@faegredrinker.com

*Counsel to Maples Industries, Inc.*