THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BIG LOTS, INC., *et al.*, | : | Case No. 24-11967 (JKS) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: Docs. 1556 & 1923 |
| | : | Objections: Feb. 18, 2025, at 4:00 p.m. |

**LIMITED OBJECTION OF SUN POINT SDC, LLC
TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE,
INCLUDING CURE AMOUNT, AND RESERVATION OF RIGHTS**

SUN POINT SDC, LLC (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the Debtors' proposed assumption and assignment of lease, including the proposed cure amount indicated on the schedule attached to the *Notice of Filing Fifth Post-Closing Designation Notice* (Doc. 1923) (the "Notice"), and in support of its Objection, Landlord respectfully represents as follows:

**BACKGROUND**

1. Landlord and Big Lots Stores, Inc. (n/k/a Big Lots Stores, LLC) (the "Debtor") are parties to a lease agreement originally dated May 3, 2008, as may have been subsequently extended, amended and/or modified (the "Lease"). The Lease relates to approximately 27,000 square feet of retail space located at Sun Point Shopping Center, 3048 State Road 674, Ruskin, Florida 33570 (the "Leased Premises"). Landlord acquired the property and received an assignment of all leases in November 2018.

2. The Debtors filed voluntary petitions for relief under Chapter 11 of the United States Code on September 9, 2024 ("Petition Date"). The Debtors are in possession of the estates'

remaining assets and continue to manage their financial affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On January 2, 2025, this Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Doc. 1556) (the "Sale Order").

4. In accordance with the Sale Order, the purchaser was afforded designation rights with respect to any unexpired leases, including the right to designate any unexpired lease to be assumed and assigned to the purchaser or a designated third party.

5. On February 3, 2025, the Debtors filed the Notice, in which the Debtors provided notice of their intention to assume and assign (the "Proposed Assignment") the Lease to "Variety Stores, LLC" (the "Proposed Assignee").

6. In the Notice, the Debtors provide a proposed cure cost of **$4,161.00** (the "Proposed Cure Amount").

7. The deadline to file objections to the Proposed Assignment and Proposed Cure Amount is February 18, 2025, at 4:00 p.m.

## LIMITED OBJECTION

8. Prior to the assumption or assignment of any unexpired lease in a bankruptcy case, a debtor is required by section 365(b)(1) of the Bankruptcy Code to provide adequate assurance (a) that the debtor will promptly cure all defaults under the unexpired leases to be assumed and assigned and (b) of the future performance of a proposed assignee under the terms of an unexpired

2

168333316.1

leases sought to be assumed and assigned.

A. *Cure Amount and Adequate Assurance*

9. As of the date of this filing, the Debtors owe **$46,920.65** in rent, insurance, and other charges (the "Actual Cure Amount"). Additionally, the Landlord has not received any adequate assurance materials from or on behalf of the Proposed Assignee.

10. The Debtors must satisfy the Actual Cure Amount and provide adequate assurance that the Proposed Assignee will be able to perform under the Lease in the future, before the Debtors may assume and assign the Lease.

11. To the extent there is a dispute over the Actual Cure Amount, all undisputed amounts should be paid upon the assumption and assignment of the Lease, and the Debtors should be required to escrow any disputed amounts. The Court should then conduct a further proceeding within thirty (30) days of the assumption of the Lease to deal with any unresolved disputes.

12. Additionally, the Proposed Assignment must be subject to all terms of the Lease, including any obligations that may have accrued, but may not have been billed under the Lease. By way of limited example, the Debtors are responsible for real estate taxes, utilities, and common area maintenance charges, including, without limitation, any "true up" or reconciliation of these charges.

13. As the Landlord has not been provided with any proposed assumption and assignment agreement, the Proposed Assignment should be expressly conditioned upon the Proposed Assignee assuming, paying, and performing these obligations when due, regardless of whether such amounts relate to the period prior to, or after, the Proposed Assignment.

B. *Indemnification and Hold Harmless*

14. The Lease requires the Debtors to indemnify and hold the Landlord harmless with

respect to any claims resulting from injury or damages to persons or property occurring in or about the Leased Premises. Any Proposed Assignment must be subject to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when any claim arose.[1] Nothing in any order should preclude the Landlord from pursuing the Debtors, any policy of insurance, or any other party that may be liable under the Lease, and the Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

### C. *Signage*

15. The Debtors are responsible for the costs in connection with (a) obtaining any necessary permits, (b) placing, erecting, and maintaining signage, and (c) complying with any local codes and ordinances relating to signage. To the extent the Proposed Assignee wishes to change signage, then the Proposed Assignee must be bound by these terms of the Lease.

### D. *Restrictive Use Covenants*

15. The Debtors are bound by certain restrictive use covenants set forth in the lease, which may include exclusivity, permitted, and prohibited uses on the Leased Premises. Accordingly, the Proposed Assignee must be bound by these same restrictions.

## RESERVATION OF RIGHTS

16. The Landlord does not object to the Proposed Assignment subject, however, to this Objection. Additionally, the Landlord reserves its rights to: (a) amend this Objection for purposes of asserting any additional amounts which may be owed (whether pre-petition or administrative claims); (b) assert any claims (including, without limitation, administrative claims) for damages to the Leased Premises, the removal of personal property left behind by the Debtors and/or for damages relating to removal or change of signage; (c) object to the proposed form of assumption

---

[1] Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f). Therefore, any assumption must be in accordance with all provisions of the Lease.

4

168333316.1

and assignment agreement; (d) enforce any other rights of the Landlord or obligations of the Debtors and/or Proposed Assignee in connection with the Proposed Assignment of the Lease; (e) seek allowance and payment of any amounts owed under the Lease pursuant to the Bankruptcy Code, including, without limitation, sections 365(d)(3) and 503(b) of the Bankruptcy Code; and (f) object in the absence of compliance with any other restrictive use covenants.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an Order sustaining this Objection and granting relief consistent with this Objection, as well as granting the Landlord such other and further relief as it deems just and proper.

**FOX ROTHSCHILD LLP**

 */s/ Howard A. Cohen*
Howard A. Cohen (DE 4082)
1201 N. Market Street, Suite 1200
Wilmington, DE  19801
Tel. (302) 654-7444/Fax (302) 656-8920
Email: hcohen@foxrothschild.com

Dated:  February 18, 2025              *Attorneys for Sun Point SDC, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day February 2025, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases. I also caused a copy of the foregoing to be served by email on those parties entitled to notice under the Notice, in the form attached hereto as **Exhibit A.**

                                      */s/ Howard A. Cohen*
                                      Howard A. Cohen (DE No. 4082)

168333316.1

Exhibit "A"

Counsel to the Debtors
Robert J. Dehney, Sr. – rdenhey@morrisnicholds.com
Andrew R. Remming- aremming@morrisnichols.com
Daniel B. Butz- dbutz@morrisnichols.com
Sophie Rogers Churchill-srchurchill@morrisnichols.com
Casey B. Sawyer – csawyer@morrinichols.com

Brian M. Resnick – brian.resnick@davispolk.com
Adam L. Shpeen – adam.shpeen@davispolk.com
Stephen D. Piraino – stephen.piraino@davispolk.com
Etan Stern – ethan.stern@davispolk.com

Counsel to the Buyer
Steven E. Fox – sfox@riemerlaw.com

Counsel to Variety Wholesalers, Inc.
Simon E. Fraser – sfraser@cozen.com
Mark Felger – mfelger@cozen.com