**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 1556, 1923 |

**LIMITED OBJECTION AND RESERVATION**
**OF RIGHTS OF FOOD LION LLC TO DEBTORS' NOTICE**
**OF FILING OF FIFTH POST-CLOSING DESIGNATION NOTICE**

Food Lion LLC ("Food Lion") files this limited objection and reservation of rights (the "Limited Objection") and respectfully represent as follows:

**BACKGROUND**

**A.    Sublease History**

1.    Pursuant to that certain sublease agreement dated as of February 24, 2020, by and between Food Lion, as landlord, and Big Lots Stores, LLC (f/k/a Big Lots Stores, Inc. and hereinafter referred to as "Big Lots"), as tenant (as amended and assigned from time to time, the "Sublease"),[2] Big Lots leased certain real property commonly known as 12295 Capital Boulevard, Wake Forest, North Carolina (the "Premises").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Unless otherwise specified herein, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sublease. Upon information and belief, the Debtors have a copy of the Sublease and related documents but Food Lion is willing and able to share with the Debtors a copy of the Sublease and related documents, in its possession, upon request.

1

2.  The Sublease provides that Big Lots is responsible to pay to Food Lion Base Rent plus Additional Rent (together, the "Rent"). The Sublease also provides that Big Lots is required to indemnify Food Lion for attorneys' fees incurred as a result of Big Lots' possession, use, occupation or control of the Premises.

3.  As of the Petition Date, Big Lots failed to pay certain amounts owed to Food Lion pursuant to the terms of the Sublease. Specifically, Big Lots failed to pay $6,978.80 to Food Lion on account of prepetition Rent under the Sublease. Further details pertaining to the amounts owed to Food Lion by Big Lots in connection with Sublease are set forth on the Aged Delinquencies Report, dated as of February 10, 2025, attached hereto as **Exhibit 1**. As of the date hereof, Food Lion has also incurred approximately $20,446 in post-petition attorneys' fees in connection with assessing and defending its rights in connection with Big Lots' possession, use, occupation, and control of the Premises.

**B.    Procedural History**

4.  On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") and thereby commenced their individual chapter 11 cases.

5.  On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Approving the Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (D) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures, (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption*

*and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Bid Procedures Motion") [Docket No. 18].

6. On September 10, 2024, the Court entered the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 95].

7. On October 16, 2024, in connection with the Bid Procedures Motion, the Debtors filed the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (the "Cure Notice") [Docket No. 511].

8. The Cure Notice listed the Sublease as a lease to be potentially assumed and assigned to the Successful Bidder(s), with the Cure Cost (each as defined in the Bid Procedures Motion) listed as $27,675.

9. On October 25, 2024, the Court entered the *Order (I) Approving Bidding Procedures for Sale of Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Auction for, and Hearing to Approve, Sale of Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (the "Bid Procedures Order") [Docket No. 612].

10. The Assumption and Assignment Procedures contained in the Bid Procedures Order provided that the deadline for parties to object to the Debtors' proposed Cure Costs contained in the Cure Notice is November 6, 2024 at 4:00 p.m. (Eastern Time).

11. On November 5, 2024, Food Lion and its affiliate The Stop & Shop Supermarket Company LLC filed the *Limited Objection and Reservation of Rights of The Stop & Shop Supermarket Company LLC and Food Lion LLC to Debtors' Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* (the "Initial Limited Objection") [Docket No. 910]. The Initial Limited Objection, in relevant part, reserved Food

3

Lion's right to object to any relief sought by the Debtors with regard to the assumption or assignment of the Sublease, including the right to receive payment of a Cure Cost that accurately reflects any additional amounts that become due and owing under the Sublease as of the assumption date of the Sublease and related relief pursuant to section 365(b)(1) of the Bankruptcy Code. The Initial Limited Objection further reserved Food Lion's right to amend or supplement the Initial Limited Objection as it deems appropriate based on the foregoing or otherwise when the Sublease is identified to be assumed or assigned.

12. On December 27, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing the Debtors to Enter Into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contacts and Unexpired Leases, and (IV) Granting Related Relief* (the "Sale Motion") [Docket No. 1437]. The Sale Motion explains that the sale to the original purchaser was not going to close. Instead, the Debtors requested to enter into a new asset purchase agreement (the "APA") with Gordon Brothers Retail Partners, LLC ("GBRP" or the "Buyer"), under which GBRP would purchase substantially all of the Debtors' assets, with certain stores to be operated by Variety Wholesalers, Inc., GBRP's operational entity.

13. On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Sale Order") [Docket No. 1556]. The Sale Order authorized the Debtors to enter into the APA and

provided, in relevant part, that the Debtors could assign certain leases to Variety Sore, LLC (the "Assignee") pursuant to the terms of the APA.

14. On January 31, 2025, Food Lion timely filed its proof of claim, asserting a $6,978.80 general unsecured claim on account of Big Lots' failure to pay prepetition Rent under the Sublease. Food Lion also asserted a $25,022.25 administrative priority claim for Big Lots' failure to pay post-petition Rent. Big Lots has since come current on all post-petition Rent due under the Sublease. Food Lion's $6,978.80 general unsecured claim regrading pre-petition Rent remains outstanding.

15. On February 3, 2025, pursuant to the Sale Order, the Debtors filed the *Notice of Filing of Fifth-Post Closing Designation Notice* (the "Designation Notice") [Docket No. 1923]. The Designated Leases Exhibit attached to the Designation Notice, identifying certain unexpired leases to be assumed by and assigned to the Assignee, identifies the Sublease at number 192. The listed cure amount in connection with the Sublease is $9,325.

## **LIMITED OBJECTION**

16. Food Lion hereby files this Limited Objection to the Cure Cost listed for the Sublease in the amount of $9,325 because it is incorrect. As set forth on the Aged Delinquencies Report attached hereto as Exhibit 1, Big Lots owes Food Lion $6,978.80 on account of unpaid pre-petition Rent. Further, under the Sublease, Big Lots is contractually obligated to indemnify Food Lion for attorneys' fees incurred as a result of Big Lots' possession, use, occupation or control of the Premises. To date, Food Lion has incurred approximately $20,446 in post-petition attorneys' fees in connection with assessing and defending its rights in connection with the Sublease as a result of Big Lots' possession, use, occupation, and control of the Premises.

17. To be clear, Food Lion does not object in principle to the assumption and/or assignment of the Sublease. However, upon information and belief, Food Lion submits that, in

order for the Debtors to assume and/or assign the sublease, the amount necessary to cure all monetary defaults thereunder is not less than $27,424.80.

## ARGUMENT

18. Section 365(b)(1) of the Bankruptcy Code provides, in relevant part, that:

> (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

This section of the Bankruptcy Code allows "a debtor to 'continue in a beneficial contract provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of said contract." *In re J.W. Mays*, 30 B.R. 769, 772 (Bankr. S.D.N.Y. 1983). Hence, the Debtors must cure *all* defaults under the Sublease as of the date of assumption (not merely prepetition defaults as of the Petition Date), and provide adequate assurance of future performance before they may be assumed. *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018).

19. Here, as noted above, Food Lion objects to the Debtors' proposed Cure Cost in connection with the Sublease because it fails to accurately reflect all of the outstanding monetary obligations that Big Lots currently owes, and will continue to owe, to Food Lion under the Sublease until the date the Sublease is assumed. Big Lots has possessed, used, occupied, and controlled the Premises causing Food Lion to incur attorneys' fees as a result. As such, Food Lion objects to the assumption of the Sublease absent payment of all amounts owed thereunder, in an amount not less than $27,424.80.

**RESERVATION OF RIGHTS**

20.     Food Lion hereby reserves its right to object to any other relief sought by the Debtors in connection with the assumption and/or assignment of the Sublease, including without limitation, any additional amounts coming due under the Sublease around or after the filing of this Limited Objection, and Buyer's proposed adequate assurance of future performance pursuant to section 365(b) of the Bankruptcy Code.

21.     Nothing contained herein shall be construed as a waiver of any right to object to the Debtors' treatment of or performance under the Sublease.

WHEREFORE, Food Lion respectfully requests that the Court enter and order (i) sustaining this Limited Objection; (ii) requiring the Debtors to pay all amounts accrued or accruing under the Sublease up until the date of assumption; (iii) establishing the cure cost pertaining to the Sublease in the minimum amount of $27,424.80 in accordance with section 365(b)(1)(A) of the Bankruptcy Code; and (v) granting Food Lion such other and further relief as the Court deems proper.

Dated: February 18, 2025           Respectfully submitted,

*/s/  Gregory G. Hesse*
Gregory G. Hesse (TX Bar No. 09549419)
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone:     (214) 979-3000
E-mail:           ghesse@HuntonAK.com

*Counsel for Food Lion LLC*

## Aged Delinquencies Report
Food Lion

2/10/2025
Page 1 of 1

| Suite | Trans Date | Description | Total | 02/10/2025 0 Days | 01/11/2025 30 Days | 12/12/2024 60 Days | 11/12/2024 90 Days | 10/13/2024 120 + Days |
|---|---|---|---|---|---|---|---|---|
| **-S--Big Lots (#0090601)** | | | | | | | | |
| -S-- 01 | 07/16/2024 | Property Ins Inv. #601033 INS 01.01.23 - 12.31.23 | $306.20 | 0.00 | 0.00 | 0.00 | 0.00 | 306.20 |
| | 09/01/2024 | CAM9/2024--CAM | $947.81 | 0.00 | 0.00 | 0.00 | 0.00 | 947.81 |
| | 09/01/2024 | Base Rent9/2024--BRT | $5,724.79 | 0.00 | 0.00 | 0.00 | 0.00 | 5,724.79 |
| | | Suite Total: | $6,978.80 | 0.00 | 0.00 | 0.00 | 0.00 | 6,978.80 |
| | Total: -S--Big Lots (#0090601) | | $6,978.80 | 0.00 | 0.00 | 0.00 | 0.00 | 6,978.80 |
| **Total: Food Lion** | | | $6,978.80 | 0.00 | 0.00 | 0.00 | 0.00 | 6,978.80 |
| **Grand Totals:** | | | $6,978.80 | 0.00 | 0.00 | 0.00 | 0.00 | 6,978.80 |