## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC, *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline:** Feb. 18, 2025, 4:00 p.m. (EST)<br>**Hearing Date:** To be Scheduled if Necessary<br>**Related to D.I. 1923** |

## OBJECTION OF GIBRALTAR MANAGEMENT CO., INC., NATIONAL REALTY & DEVELOPMENT CORP., AND GATOR DEVELOPMENT CORP. TO NOTICE OF FILING OF FIFTH POST-CLOSING DESIGNATION NOTICE

Gibraltar Management Co., Inc., National Realty & Development Corp., and Gator Development Corp., (collectively, the "Landlords"), by and through their attorneys, respectfully submit this objection (the "Objection") to the *Notice of Filing of Fifth Post-Closing Designation Notice* [D.I. 1923] (the "Designation Notice"). In support of this Objection, the Landlords respectfully state as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158), Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Close out Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## BACKGROUND

2.      On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Court.

3.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Landlords or their affiliates are parties to unexpired leases of nonresidential real property (each, a "Lease" and collectively, the "Leases") of the premises (the "Premises") identified on **Exhibit 1** hereto.

5.      The Premises are located within "shopping centers" as that term is used in Section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6.      On September 9, 2024, the Debtors filed a motion, *inter alia*, to establish procedures governing the potential sale of substantially all of the Debtors' assets and approval of the ultimate proposed sale (the "Bid Procedures/Sale Motion") [D.I. 18].

7.      On October 25, 2024, the Court entered an order granting the bidding procedures aspect of the Bid Procedures/Sale Motion (the "Bidding Procedures Order") [D.I. 612].

8.      On October 30, 2024, the Debtors held an auction covering substantially all of the Debtors' assets. Also on October 30, 2024, the Debtors filed a *Notice of Successful Bidder for the Sale of the Debtors' Assets* [D.I. 661], which declared Gateway BL Acquisition, LLC ("Gateway"), an affiliate of Nexus Capital Management LP ("Nexus"), as the successful bidder.

2

9.      On October 31, 2024, the Debtors filed the Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts [D.I. 683] (the "Cure Notice") including a list of leases and contracts that were subject to potential assumption and assignment in a Nexus sale.

10.     On November 6, 2024, the Landlords, among others, filed an objection to the Cure Notice [D.I. 945] (the "Initial Assumption and Assignment Objection").

11.     On December 19, 2024, Big Lots announced through a press release that it did not anticipate completing its previously announced asset purchase agreement with Nexus and that they were preparing to commence going out of business sales at all remaining stores in parallel with continued efforts at keeping the transaction alive.

12.     On December 19, 2024, the Debtors filed the *Notice of Status Conference* [D.I. 1398], which stated that at a status conference held that day, the Debtors announced that the contemplated transaction with Gateway "was no longer viable." Notice of Status Conference, p. 1.

13.     On December 27, 2024, the Debtors filed a *Motion of Debtors for Entry of an Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1437] ("GBRP Sale Motion"), in which the Debtors sought approval of an asset purchase agreement with Gordon Brothers Retail Partners, LLC ("GBRP"). GBRP separately arranged with Variety Wholesalers, Inc. ("Variety Wholesalers") for it or a designee to take assignment of at least 200 – and possibly up to 400 – of the Debtors' nonresidential real property leases.

3

14.    On January 2, 2025, the Court entered an order approving the GBRP Sale Motion [D.I. 1556] ("GBRP Sale Order"), which provided GBRP the right to designate any remaining unexpired lease of nonresidential real property for assumption and assignment to Variety or any other designated third party.  No nonresidential real property leases were assigned under the GBRP Sale Order.

15.    On January 6, 2025, the Debtors filed the *Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588], stating that the Initial Closing (as defined in the GBRP Sale Order) occurred on January 3, 2025.

16.    On February 3, 2025, the Debtors filed the Designation Notice [D.I. 1923], which proposes to assume and assign certain leases, including the Leases, to Variety Stores, LLC ("Variety Stores") with proposed cure amounts listed for each Lease (the "Proposed Cure Amounts").

17.    On February 5, 2025, the Landlords, through counsel, received certain information in support of adequate assurance of future performance for the proposed assumption and assignment of the Leases (the "Adequate Assurance Information").

**OBJECTION**

*A.    The Proposed Cure Amounts Are Either Incorrect or Subject to Change*

18.    As a condition of any assumption and assignment of the Leases, the Landlords are entitled to have all defaults cured.  11 U.S.C. § 365(b)(1)(A).  The Debtors are currently in default under the Leases for failure to pay rent and other charges currently due and owing.

19.    The Landlords object to the Proposed Cure Amounts to the extent that they do not reflect correct cure amounts for the Leases as of the date of assumption (the "Correct Cure Amounts").  The Proposed Cure Amounts and the Correct Cure Amounts, *exclusive* of

4

(i) attorneys' fees and (ii) accrued rent and charges and indemnity obligations, are listed on **Exhibit 1** hereto. The Correct Cure Amounts are accurate as of the dates listed in **Exhibit 1** hereto.

      B.      *The Proposed Cure Amounts Do Not Include Attorneys' Fees*

      20.      The Landlords further object to the Proposed Cure Amounts because they do not include attorneys' fees, which the Landlords are entitled to under the Leases. Therefore, attorneys' fees must be included as part of the Landlords' cure amounts as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

      21.      Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Leases, and the Landlords may seek to supplement this Objection by the time of any proposed order for assumption and assignment with the current amount of accrued attorneys' fees.

      C.      *Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, but Unbilled or Not Due Rent and Charges and Indemnity Obligations*

      22.      It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)). The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired

lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

23.    Therefore, to the extent the Debtors seek to assume and assign the Leases, the Debtors are first obligated to cure all outstanding defaults under the Leases, including the payment of the Correct Cure Amounts, plus attorneys' fees that accrued at the time of assumption and assignment.

24.    Further, the Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance, real property taxes, water, insurance premiums and any percentage rent which has accrued, or will accrue under the Leases through any assumption and assignment of the Leases and are not yet due ("Accrued but Unbilled or Not Yet Due Rent and Charges").

25.    Additionally, the Proposed Cure Amounts do not include contractual obligations to indemnify the Landlords for events occurring prior to any assumption and assignment of the Leases.  The Leases obligate the Debtors to indemnify and hold the Landlords harmless from and against various claims, liabilities and expenses ("Indemnity Obligations").

26.    The Debtors' responsibility for Accrued but Unbilled or Not Yet Due Rent and Charges and satisfaction of their Indemnity Obligations must be assumed by any assignee *cum onere*, as they are essential to the Landlords' entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance.  *See, In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).  This assumption must be made clear in any assumption and assignment order covering the Leases, including the proposed order included with the Designation Notice (the "Proposed Order").

D.    *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance*

27.    The Landlords reserve their rights to object to any proposed order on the assumption and assignment of the Leases absent identification of the exact proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and the GBRP Sale Order, and the Landlords having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment.

28.    Following the receipt and analysis of the Adequate Assurance Information, the Landlords, through counsel, engaged Variety in discussions regarding a potential resolution of their concerns.  As of the filing of this Objection, the Landlords and Variety have reached an agreement, subject to documentation, under which the Landlords' adequate assurance concerns would be satisfied (the "Adequate Assurance Resolution").

E.    *The Landlords Object to the Proposed Sale Order*

29.    The Landlords object to the Proposed Sale Order on all grounds relating to the proposed assumption and assignment of the Leases, including with respect to Accrued but Unbilled or Not Yet Due Rent and Charges and Indemnity Obligations, and the Unenforceable Provisions (as defined in the Proposed Sale Order).

## RESERVATION OF RIGHTS AND JOINDER

30.    The Landlords reserve their rights to supplement this Objection and make such other and further objections as they deem necessary or appropriate, including with respect to any (i) amended Proposed Cure Amounts, (ii) proposed assumption and assignment order covering the Leases including the Proposed Sale Order, and (iii) modifications to the Adequate Assurance Information or the Adequate Assurance Resolution.

30734783.1

31.     The Landlords hereby join any other objections filed by the Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order consistent with this Objection and grant the Landlords such other and further relief as this Court deems just and proper.

Dated:     February 18, 2025
           Wilmington, Delaware                **BALLARD SPAHR LLP**

                                               By:   _/s/ Laurel D. Roglen_
                                               Leslie C. Heilman, Esq. (DE No. 4716)
                                               Laurel D. Roglen, Esq. (DE No. 5759)
                                               919 North Market Street, 11th Floor
                                               Wilmington, DE 19801
                                               Telephone:  (302) 252-4465
                                               Facsimile:  (302) 252-4466
                                               E-mail:  heilmanl@ballardspahr.com
                                                        roglenl@ballardspahr.com


                                               -and-

                                               **BARCLAY DAMON LLP**

                                               Scott L. Fleischer
                                               1270 Avenue of the Americas, Suite 501
                                               New York, NY 10020
                                               Telephone:  (212) 784-5810
                                               Email:  sfleischer@barclaydamon.com

                                               Kevin M. Newman, Esq.
                                               Barclay Damon Tower
                                               125 East Jefferson Street
                                               Syracuse, NY 13202-2020
                                               Telephone:  (315) 425-2700
                                               Email:  knewman@barclaydamon.com

                                               *Attorneys for Gibraltar Management Co., Inc.,*
                                               *National Realty & Development Corp., and Gator*
                                               *Development Corp.*