**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re:

BIG LOTS, INC., et al,

          Debtors.

_____/

Chapter 11
Case No. 24-11967 (JKS)
(Jointly Administered)
Re: Docs 1556 & 1923

**Objections: February 18, 2025 at 4:00 pm**

**OBJECTION OF DGN PROPERTIES LLC TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE AND PROPOSED ORDER**

DGN Properties LLC (the "Landlord"), by and through its counsel, hereby files this objection (the "Objection") to the Debtors' proposed assumption and assignment of lease, pursuant to the *Notice of Filing Fifth Post-Closing Designation* Notice (Doc 1923) (the "Notice"), and in support thereof, states as follows:

1. The Debtors filed a voluntary petitions for relief under Chapter 11 of the United Stated Code (the "Bankruptcy Code") on September 9, 2024 ("Petition Date").

2. The Landlord and Big Lots Stores, Inc. (the "Debtor") are parties to a lease agreement entered into on or about April 24, 1994 (the "Lease"), as subsequently amended and extended and modified pursuant to:

    (i) Lease Modification Agreement dated June 13, 1994;
    (ii) Lease Extension and Modification Agreement dated October 25, 1999;
    (iii) Second Lease Extension and Modification Agreement dated November 13, 2009;
    (iv) Third Lease Extension and Modification Agreement dated October 18, 2010;
    (v) Fourth Lease Extension and Modification Agreement dated September 18, 2012;
    (vi) Fifth Lease Extension and Modification Agreement dated November 18, 2014; and
    (vii) Sixth Lease Extension and Modification Agreement dated November 24, 2015.

3. Pursuant to the Lease, the Debtor leases approximately 44,863 square feet located at the Morse Shores Shopping Center, 4901 Palm Beach Boulevard, Suite 230, Fort Myers, Florida 33905 (the "Leased Premises").

4. On January 2, 2025, this Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (Doc 1556) (the "Sale Order").

5. Pursuant to the Sale Order, it appears that the purchaser, Gordon Brothers Retail Partners, LLC was provided, among other things, the right to designate unexpired leases that it wished to assume and to designate unexpired leases which it desired to assign to a designated third party.

6. Debtor filed a designation notice on or about February 3, 2025, wherein the Debtor designated the Lease to be assumed and assigned to Variety Stores, LLC ("Variety").

## **OBJECTION**

7. The Debtor identified the Cure Amount as $4,220.00 in the Notice (the "Proposed Cure Amount").

8. The Proposed Assignment of the Lease must be subject to all terms of the Lease, including all obligations due and owing under the Lease, and any obligations that may have accrued, but may not have been billed under the Lease. By way of limited example, the Debtors are responsible for payment of percentage rent and a pro rata share of real estate taxes, assessment and insurance.

9. Pursuant to Section 365(b)(1) of the Bankruptcy Code, the Debtor must, prior to an assumption or assignment, provide adequate assurance that the Debtor will promptly cure all defaults and of the future performance of the terms of the lease to be assumed and assigned. The Debtor and/or Variety Stores, LLC have failed to provide both. In fact, the proposed order provides for modification of the Lease.

10. Landlord also objects to the assumption and assignment for the reason that the proposed assumption and assignment appears to improperly alter and/or attempt to amend the terms of the Lease. Section 365(b) and Section 365(f) of the Bankruptcy Code require that an assumption of the Lease be subject to the provisions of the Lease agreement except in limited circumstances.

11. The Debtor's proposed assignment pursuant to the proposed order, is inconsistent with and violates Section 365(b)(3). For instance, paragraph 9 of the Debtor's proposed order impermissibly alters and amends the terms of the Lease including, but not limited to, Sections 23 (no such assignment or subletting shall violate any exclusives of existing tenants), Section 8 of the Lease and Section 6 of the Sixth Lease Extension (Signage), Section 6 (Alterations) and Section 4 (Operations and go dark provisions).

12. Debtors are bound by the restrictive use covenants set forth in the Lease and any attempted modification thereof, pursuant to the Debtors notice and/or proposed order is a violation of Section 365 of the Bankruptcy Code including, but not limited to, restrictions on tenant uses that may not breach any provision contained in any other lease.

13. The Lease requires the Debtors to indemnify and hold the Landlord harmless with respect to any claims resulting from injury or damages to persons or property occurring in or about the Leased Premises. Any assumption and assignment of the Lease must be subject to the terms of the Lease, including the continuation of all indemnification obligations, regardless of when any

claim arose.[1]  Nothing in any order should preclude the Landlord from pursuing the Debtors, any policy of insurance, or any other party that may be liable under the lease, and the Landlord specifically reserves its right to pursue such rights irrespective of any amounts claimed herein.

14. The Landlord reserves its rights to:  (a) amend this Objection for purposes of asserting any additional amounts which may be owed (whether pre-petition or administrative claims); (b) assert any claims (including, without limitation, administrative claims) for damages to the Leased Premises, the removal of personal property left behind by the Debtors and/or for damages relating to removal or change of signage; (c) object to the proposed form of assumption and assignment agreement; (d) enforce any other rights of the Landlord or obligations of the Debtors and/or Proposed Assignee in connection with the Proposed Assignment of the Lease;  seek allowance and payment of any amounts owed under the Lease pursuant to the Bankruptcy Code, including, without limitation, Sections 365(d)(3) and 503(b) of the Bankruptcy Code; and (f) object in the absence of compliance with any other restrictive use covenants.

WHEREFORE, the Landlord respectfully requests that this Court enter an Order sustaining this Objection and granting relief consistent with this Objection, as well as granting the Landlord such other and further relief as it deems just and proper.

Respectfully submitted,

Dated:  February 18, 2025         LAMBERT LESER

 /s/ *Keith A. Schofner*         
Keith A. Schofner  (P41852)
900 Wilshire Dr., Ste. 105
Troy, MI 48084
Tel. (248) 251-1001/Fax (248) 244-2244
Email: kschofner@lambertleser.com

*Attorney for DGN Properties LLC*

---

[1] Any ability to assume the Lease is subject to the protections provided by Section 365(b) and (f).  Therefore, any assumption must be in accordance with all provisions of the Lease.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of February 2025, I caused a copy of the foregoing to be served through the Court's EM/ECF system on all parties receiving notices in these cases.

/s/ *Keith A. Schofner*
Keith A. Schofner  (P41852)