**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>Objection deadline: March 4, 2025 at 4:00 pm (ET)<br>Hearing date: March 19, 2025 at 10:30 am (ET) |

**MOTION OF VITELLI FOODS, LLC FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. §503(b)(1)(A)**

Vitelli Foods, LLC ("Vitelli"), by and through its undersigned counsel, submits this Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C §503(b)(1)(A) (the "Motion") for amounts owed by Big Lots, Inc., *et al.* (the "Debtors") pursuant to section 503(b) of title 11 of the United States Code (the "Bankruptcy Code") for $79,619.40 (the "Administrative Expense Claim") for goods provided as set forth below in the above-captioned Chapter 11 Bankruptcy cases. In support thereof, Vitelli respectfully states the following:

**JURISDICTION AND VENUE**

1. This court (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334(b). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (M) and (O).

2. The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 503(a), 503(b)(1)(A) and 507(a)(2).

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

3. Pursuant to Del. Bankr. L.R. 9013-1(f), Vitelli consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

5. The Debtors' Chapter 11 cases have been jointly administered for procedural purposes, and the Debtors are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. Vitelli and the Debtors are parties and subject to a series of agreements (together with all amendments, exhibits, schedules, attachments and other integrated documents, the "Agreement").

7. The Debtors placed postpetition orders for goods from Vitelli which have been delivered and have not been paid for.

8. Vitelli delivered goods with a purchase price and value of no less than $52,603.20 to the Debtors in the normal course of business post-petition for which payment is now overdue and remains outstanding. Copies of invoices reflecting the post-petition amounts owed by the Debtors to Vitelli are attached hereto as Exhibit A.

9. As of the filing of this Motion, the Debtors owe a total of $52,603.20 to Vitelli on account of these post-petition goods provided to the Debtors since the Petition Date (the "Post-Petition Goods"). Therefore, Vitelli seeks allowance and immediate payment of its Administrative Expense Claim in the total amount of $52,603.20.

**RELIEF REQUESTED**

10. By this Motion, Vitelli requests that the Court enter an Order, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, granting it an allowed administrative expense claim in the total amount of no less than $52,603.20, and requiring that the Debtors remit immediate payment of the Administrative Expense Claim to Vitelli within no more than seven (7) days after entry of the Order allowing the Administrative Expense Claim.

**BASIS FOR RELIEF**

11. Section 503 of the Bankruptcy Code provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other
> than claims allowed under section 502(f) of this title, including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate . . .

11 U.S.C. § 503(b)(1)(A).

12. Pursuant to 11 U.S.C. §503(b)(1)(A), creditors are allowed administrative expense claims, including the "actual, necessary costs and expenses of preserving the estate" after a notice and hearing. In Order for a claim to be given priority as an administrative claim, "it must be (1) a cost or expense that is (2) actual and necessary to (3) preserving the estate." *Pa. Dep't of Envt'l Res. V. TriState Clinical Labs, Inc.*', 178 F.3d 685, 689 (3d Cir. 1999) (internal quotations are omitted). The U.S. Supreme Court noted that "'actual and necessary costs' should include costs ordinarily incident to operation of a business, and [are] not limited to costs without which rehabilitation would be impossible." *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968). An "actual or necessary cost" is one that has conferred a benefit upon the bankruptcy estate and was necessary to preserve the value of the estate assets. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.*), 181 F.3d 527, 533 (3d Cir. 1999); Matter of H.L.S. Energy Co., 151 F.3d 434, 437 (5th Cir. 1998) ("The 'benefit' requirement has no independent basis in the Code,

however, but is merely a way of testing whether a particular expense was truly 'necessary' to the estate"); see also 4 COLLIER ON BANKRUPTCY ¶ 503.06[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

13. Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor-in-possession incurred the transaction on which the claim is based or that the claimant furnished the consideration to the debtor-in-possession. Second, it must show that the transaction resulted in a direct benefit to the debtor-in-possession. *In re Harnischfeger Indus., Inc.*, 293 B.R. 650, 659 (Bankr. D. Del. 2003); see also *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d at 532-33. "To establish an administrative claim, a claimant must show that (1) there was a post-petition transaction between the claimant and the estate, and (2) those expenses yielded a benefit to the estate." *In re Mallinckrodt PLC*, 20-12522 JTD, 2021 WL 4876908 at *6 (D. Del. October 19, 2021).

14. The underlying purpose behind Section 503 is that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the Matter of Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommereds., 16th ed.).

15. In this case, the Post Petition Goods benefited the estate by permitting the Debtors to continue conducting post-petition business functions and sales in their ordinary course business operations. The amounts sought pursuant to this Motion were incurred by the Debtors subsequent to the Petition Date as actual, necessary costs and expenses of preserving the Debtors' estates.

Therefore, the amounts due under the Agreement should be accorded administrative expense status pursuant to 11 U.S.C. §503(b)(1)(A).

## RESERVATION OF RIGHTS

16. Vitelli reserves the right to amend this Administrative Expense Claim in any respective, including, but not limited to, asserting all amounts owed as applicable and all rights, claims, and remedies at law and equity under the Bankruptcy Code and applicable non-bankruptcy law.

WHEREFORE, Vitelli Foods, LLC respectfully requests that the Court enter an Order directing the immediate payment of its Administrative Expense Claim for $52,603.20 and for such additional relief as the Court may deem appropriate.

Respectfully Submitted,

Dated: February 18, 2025     **GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Margaret F. England*
Margaret F. England (DE 4248)
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: mengland@gsbblaw.com

*Counsel to Vitelli Foods, LLC*