IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hrg. Date: February 26, 2025, 10:30 A.M. ET**<br><br>**Re: Docket No. 1962 and 1791** |

**Opposition to Debtor's Motion for Entry of an Order (I) Setting a Bar Date for filing Proofs of Claims for Pre-Closing Administrative Expense Claims against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures to the Debtors Motion and in**
**FURTHER SUPPORT OF PRESTIGE PATIO'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Prestige Patio Co., Ltd. ("Prestige Patio") submits this Opposition to Debtor's Motion for Entry of an Order (I) Setting a Bar Date for filing Proofs of Claims for Pre-Closing Administrative Expense Claims against the Debtors, (II) **E**stablishing Pre-Closing Administrative Expense Claims Procedures, and (**III**) Granting Related Relief, Including Notice and Filing Procedures to the Debtors Motion (Docket # 1962) and in in further support of the motion made by Prestige Patio Co., Ltd. ("Prestige Patio") for an order directing the payment of Prestige Patio's administrative expenses (Docket #1791).

As set forth more fully in the Affidavit of Elana Reiter, the CEO of Prestige Patio, denying Prestige Patio's motion and granting the Debtor's motion will have a devastating effect both commercially and personally on my client and its principals.

Further, there is no dispute that representation were made that DIP funding was in place and that Administrative Expenses would be paid until funds were exhausted, which certainly did not occur by the end of 2024. In the case of Prestige, the Debtor issued a notification that the funds were being released in November 2024, yet there was a "business decision" by the Debtor to unilaterally cease paying "selected" Administrative Expenses, notwithstanding the availability of

funds and notwithstanding the "business decision" to pay select Administrative Expenses.

Further, the fact that the now "purchaser" [Gordon Brothers Retail Partner's, Inc. ("Gordon Brothers")] of the Debtor's assets is "defacto" the primary source of funds during the Post filing period, and, upon information and belief the Debtor and Gordon Brothers made the joint decision to cease funding the Debtor's reorganization efforts does not pass the "smell test".

If this Court elects not to direct the payment of the Claimants' Administrative Expenses, when DIP financing was still in place, the precedent will have far-reaching consequences beyond this case. The fundamental trust in DIP financing as a mechanism to protect vendors will have been eroded. If post-bankruptcy suppliers cannot rely on DIP financing assurances, future vendors will be unwilling to supply essential goods to companies undergoing restructuring, except on a COD basis, thus undermining the entire purpose of Chapter 11.

**Upon information and belief, an order permitting the non-payment of Administrative Expenses in Chapter 11 cases would be "unprecedented" !**

I urge the Court to consider a remedy that ensures vendors like my client will receive payment for post-filing goods supplied when there is the explicit understanding and the clear representation by the Debtor that DIP financing would cover all post filing obligations. Small businesses like Prestige Patio cannot absorb nearly $900k in unexpected losses without severe repercussions to the very survival of their business.

Notwithstanding the foregoing, should this Court elect to grant the Debtor's application, part of the application seeks an order "Establish(ing) Pre-Closing Administrative Expense Claims Procedures". In that context we urge the Court to direct a procedure in which the Administrative Claim creditors will receive payment on a pari-passu basis taking into consideration that some of the Administrative Claim Creditors did receive some payment. It is respectfully submitted that such a procedure would be the most equitable manner of handling the distribution of available funds.

Since the distribution of funds would require an accounting of monies available as well as a

determination of the accuracy of each Administrative Claim, there would be no prejudice to the Debtor to follow the proposed procedure.

Unlike many of the creditors who are likely to file claims who did receive some payments post filing, Prestige Patio did not receive any payments, notwithstanding the fact that payment was authorized as set forth more fully in the Affidavit of Elana Reither, Prestige Patio's CEO.

It is proposed that the distribution calculation shall be calculated taking into consideration of all post filing expenses [whether paid or unpaid] – (including the landlords) and then when determining the distribution to be made to post filing creditors, payments already made to individual creditors be "charged/credited" to those companies who already received some payment so that the "true" and fair pari-passu distribution will actually be made.

By way of example:

**Example #1:** If a creditor invoiced $10,000 since the filing of the petition and the payment calculation is $.10/$1.00 of debt and that creditor already received $5,000.00, since that creditor would only be entitled to $1,000, that creditor would not receive any further distribution.

**Example #2:** If a creditor invoiced $100,000 since the filing of the petition and the payment calculation is $.10/$1.00 of debt and that creditor already received $5,000.00 [thus the net claim that will have been filed would be $95,000]. Since that creditor already received a $5000 post-petition distribution, based upon the proposed calculation that claimant would be entitled to a total $10,000 Administrative Claim based on the total amount invoiced post-petition and since that creditor already received $5,000, that creditor would now only receive a distribution of $5,000.

The foregoing procedure would thus not favor one classification of post-petition creditors over any other.

**WHEREFORE,** it is respectfully requested that this Court grant the relief sought by Prestige Patio Co., Ltd and deny the relief sought by the Debtor, and for such other and further relief as to this Court may seem just and proper.

Dated: February 19, 2025
Wilmington, DE

**The Law Office of James Tobia, LLC**

*/s/ James Tobia*
James Tobia (No. 3798)
1716 Wawaset Street
Wilmington, DE 19806
Telephone: (302) 655-5303
Email: jtobia@tobialaw.com

-and-

SchrierShayne P.C.
Richard E. Schrier, Esq *(admitted Pro Hac Vice)*
262W. 38th Street,
New York, New York 10018
Telephone: 516-578-8999
212-566-4949
Email: richardschrier@gmail.com
*Attorneys for Prestige Patio Inc.
Administrative Claimant*

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

Case 24-11967-JKS    Doc 2013    Filed 02/19/25    Page 5 of 5