**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, *et al.*,<sup>1</sup><br><br>                Debtors, | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 1962** |

**LIMITED OBJECTION OF DELL FINANCIAL SERVICES, L.L.C. TO MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF CLAIMS FOR PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, AND (III) GRANTING RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

Dell Financial Services, L.L.C. ("<u>DFS</u>"), by and through its undersigned counsel, files this Limited Objection (the "<u>Limited Objection</u>") to the *Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting related Relief, including Notice and Filing Procedures* filed as D.I. 1962 (the "<u>Administrative Claim Procedures Motion</u>") with respect to the treatment of DFS' claim therein as well as the alleged administrative claim amount owed to DFS, and in support thereof would show as follows:

---

1 The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**BACKGROUND**

1.      On September 9, 2024 (the "<u>Petition Date</u>"), Big Lots, Inc. and each of its subsidiaries (collectively, the "<u>Debtor</u>") commenced a bankruptcy case by filing a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Prior to the Petition Date, on May 2, 2023, the Debtor and DFS entered into Subscription Agreement No. 613856-86711 and seven (7) related schedules (collectively, the "<u>Subscription Agreement</u>"). Pursuant to the Subscription Agreement, DFS provides to the Debtor certain computers, servers, laptops, and related equipment (the "<u>Equipment</u>"), described more specifically and identified in the schedules (with their attachments) to the Subscription Agreement. Under the Subscription Agreement, the Debtor was to make payments to DFS as required under the Subscription Agreement and the related schedules.

3.      The Debtor also entered into a Payment Plan Agreement with DFS, Agreement No. 011-9012176-001 ("<u>License Agreement</u>") for an Enterprise Software License Agreement. The Debtor was required to make payments pursuant to the terms of the License Agreement.

4.      At the expiration or earlier cancellation or termination of the Subscription Agreement, the Debtors are required to remove all data from the Equipment, return the Equipment at a place designated by DFS, and cease the use of software or other services provided with the Equipment. The Debtors would also pay DFS for any missing, incomplete, or damaged Equipment. DFS holds a perfected security interest in the Equipment through a UCC-1 filing with the State of Ohio.

5.     Based on a lack of accounting and clarity from the Debtors regarding the safety measures in place with respect to the Equipment, DFS realized that its interests in the Equipment were not being adequately protected during the pendency of this Bankruptcy Case. In order to protect its interests, DFS filed its *Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d), or in the Alternative, for Adequate Protection Payments* [D.I. 436] so that it may terminate the Subscription agreement and take possession of the Equipment.

6.     Following subsequent discussions with Debtors, DFS and Debtors entered into a stipulation under which it was agreed that (i) Debtor would be allowed to continue use and, where applicable, store and preserve of the Equipment; (ii) Debtors and their agents would implement safeguards to account for and prevent abandonment or disposal of the Equipment, as well as agree to procedures for the return of any DFS Equipment from any of Debtor's closing store locations, and (iii) that Debtor would make monthly post-petition payments to DFS in the ordinary course of business as well as maintaining required insurance coverage on the Equipment. The Court approved and entered the stipulation on November 13, 2024, through the *Order Approving Stipulation Regarding Motion of Dell Financial Services L.L.C. for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d), or in the Alternative, for Adequate Protection Payments* filed as D.I. 1071 (the "Agreed Order and Stipulation").

7.     Despite the Agreed Order and Stipulation, Debtors have failed to make post-petition payments and have not paid the three (3) monthly payments due since entry of the Agreed Order and Stipulation. On February 17, 2025, DFS sent an Amended Notice of Breach to Debtors in accordance with the terms of the Agreed Order and Stipulation, providing an opportunity to cure the breach. A true and correct copy of the Amended Notice of Breach is attached hereto as Exhibit 'A.'

8.     However, to date, the Debtors have not yet cured the breach. As noted in DFS' amended notice of the breach, if the Debtor fails to timely cure the breach, DFS intends to file a motion to enforce the terms of the Agreed Order and Stipulation.

### **OBJECTION TO ADMINISTRATIVE CLAIM PROCEDURES MOTION**

A.  <u>Debtors are obligated to make monthly payments pursuant to the Agreed Order and Stipulation, and the payment of past-due administrative claims should not be subject to the proposed claim adjudication procedure.</u>

9.     DFS objects to the Administrative Claim Procedures Motion to the extent that it applies to DFS and identifies the administrative claim amount DFS is purportedly owed as set forth therein under Exhibit B, *The Pre-closing Administrative Expense Claims Schedule*. The Agreed Order and Stipulation entered by the Court contains material representations between Debtor and DFS and includes an enforceable obligation of the Debtors to make "full payment(s) due each month until a final determination is made with respect to the assumption, assumption and assignment, or rejection of applicable executory contract(s)" pursuant to the terms of underlying agreements. *See* D.I. 1071-1, para 4.

10.    Since the entry of the Agreed Order and Stipulation, the Debtors have been in breach of the stipulation by failing to remit monthly payments as required thereunder. Debtors have not made the required payments due in the months of December, January, or February following entry of the Agreed Order and Stipulation. For these months, DFS is owed $578,503.14 for leased equipment and software subscription provided and subject to the Agreed Order and Stipulation.[2]

---

[2] For schedules under the agreements where payments are due on an annual basis, the annual payment amount has been amortized into monthly payment amounts, and the converted monthly payment amount is reflected in the total monthly amount due.

11.     DFS's rights to monthly payments are provided for under the Agreed Order and Stipulation. The Agreed Order and Stipulation remain binding and enforceable over subsequent motions. *See* Waldorf v. Shuta, 142 F.3d 601, 617 (3d Cir. 1998) (Noting the general rule that a stipulation remains binding during subsequent proceedings between the parties unless expressly limited). DFS objects to the Administrative Claim Procedures Motion to the extent it proposes procedures that would remove, alter, or delay the Debtor's obligations to make timely monthly payment to DFS pursuant to the Agreed Order and Stipulation.  Regarding the Debtor's failure to make payments pursuant to the Agreed Order and Stipulation, DFS has a right to seek enforcement and compel payment, irrespective of the Administrative Claim Procedures Motion. D.I. 1071-1, para 5.[3]

## RESERVATION OF RIGHTS

12.     DFS hereby reserves its rights to revise this objection and make such other and further objections or seek other relief as may be appropriate, including but not limited to, adjusting the cure amount and objecting to the assumption and assignment based on the lack of adequate assurance of future performance and any other grounds.

## CONCLUSION

13.     For the reasons set forth above, DFS respectfully requests that this Court enter an order: (a) sustaining this Limited Objection; (b) ruling that to the extent that the Administrative Claim Procedures Motion conflicts with the Agreed Order and Stipulation, including any restriction or delay with respect to remitting month payments pursuant to the Agreed Order and Stipulation, the Agreed Order and Stipulation control; (c) ruling that the Debtors' obligations under

---

[3] DFS intends to file a Motion to Compel Performance under the Agreed Order and Stipulation if the Debtors do not cure the breach thereunder within the time frame set forth in the Amended Notice of Breach.

the Agreed Order and Stipulation remain fully in force; and (c) granting DFS such further relief as it deems proper.

Dated: February 19, 2025

        Respectfully submitted,

**AUSTRIA LEGAL, LLC**

<u>/s/ Matthew P. Austria</u>
Matthew P. Austria (No. 4827)
1007 North Orange Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 521-5197
Facsimile: (302) 291-1772
Email: maustria@austriallc.com

-and-

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**
Sabrina L. Streusand
J. Patrick Landon
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9900
Facsimile: (512) 236-9904
Email: streusand@slollp.com

*Counsel for Dell Financial Services L.L.C.*