**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: February 19, 2025, at 4:00 p.m. (by agreement)** |
| | **Re: D.I. 1556 and 1923** |

**THE GROVE CITY, OHIO LANDLORD'S OBJECTION TO FIFTH POST-CLOSING DESIGNATION NOTICE AND RESERVATION OF RIGHTS**

Eastgrove Shopping Center, LLC (the "Grove City, Ohio Landlord" or the "Landlord") files its objection, reservation of rights, and joinder (the "Objection") with respect to the *Notice of Filing of Fifth Post-Closing Designation Notice* (D.I. 1923) (the "Fifth Post-Closing Designation Notice" or "Fifth Notice").

The Landlord does not oppose the proposed assumption and assignment of the Lease, subject to this Objection, and in support thereof, respectfully states as follows:[2]

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] The Landlord is currently in negotiations with the Debtors and others regarding the assumption and assignment of the Lease and files this Objection under compulsion of the Fifth Notice's objection deadline.

1

**RELEVANT FACTS**

1.      The Landlord is the lessor of Big Lots Store #451, located at 3961 Hoover Rd., Grove City, Ohio (the "Store") pursuant to an unexpired written non-residential real property lease agreement between the Landlord and Big Lots Stores – CSR, LLC (the "Tenant") (as amended from time to time, the "Lease"). The Lease is voluminous and may contain confidential or proprietary information. Further, the Landlord believes that the Debtors and others have a copy of the Lease. Therefore, the Lease is not attached to this Objection; however, a copy of the Lease is available upon request.

2.      Big Lots, Inc. and its affiliated Debtors (including the Tenant) filed for Chapter 11 relief on September 9, 2024 (the "Petition Date").

3.      On January 2, 2025, the Court entered its *Order (I) Authorizing Sale of Debtors' Assets Free and Clear of Liens … (II) Authoring the Debtors to Enter Into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexired Leases, and (IV) Granting Related Relief* (D.I. 1556) (the "Sale Order").

4.      Since the Petition Date, the Debtors and then Gordon Bros. have continued to use, occupy, and receive the benefits from their use of the Store.

5.      The Lease has not been rejected.

6.      The Debtors filed the Fifth Notice on February 3, 2025.

7.      Attached to the Fifth Notice was Gordon Brothers Retail Partners, LLC's ("Gordon Bros.") *Notice of Designation of Designated Asset.* The Schedule attached thereto identified the Lease as a Designated Asset. See page 4 of 17.

2

8. The Fifth Notice stated that Variety Stores, LLC (and, with its affiliates, "Variety") will send adequate assurance of future performance information to the Landlord (the "Adequate Assurance Information").

9. The Fifth Notice also stated the Lease cure amount was $0 (the "Alleged Cure").

10. Further, attached to the Fifth Notice was a proposed form of order authorizing the assumption and assignment of the Lease and other leases, which included as an exhibit a proposed assumption and assignment agreement between the Debtors and Variety (collectively, the "Proposed Order").

11. The Fifth Notice stated that objections must be filed by February 18, 2025. However, the Landlord obtained an agreed extension of the objection date until February 19, 2025, at 4:00 p.m.

## THE LANDLORD'S OBJECTIONS

12. Bankruptcy Code §365(b)(1) prohibits the assumption of an executory contract unless, among other things, there is (a) a prompt cure of any default and (b) adequate assurance of future performance under the contract. Further, Bankruptcy Code §365(b)(3) provides additional protections for the Landlord, including (x) the assignee's financial condition and operating performance must be similar to the Debtor, (y) the assignment is subject to all the provisions of the Lease, including provisions such as radius, location, use or exclusivity and will not breach any such provision in any other agreement, and (z) the assignment will not disrupt the tenant mix or balance.

13. Further, any assumption of an executory contract must be *cum onere* [taken with all burdens], and include all of the conditions, liabilities, obligations along with any benefits. N.L.R.B. v. Bildisco, 465 U.S. 513, 531 (1984).

4897-3259-9837

**A. Adequate Assurance.**

14.     The Landlord requested additional adequate assurance information from Variety, and has received some, but not all, information requested. Given the confidentiality of the adequate assurance information, the Landlord states that it is currently reviewing the adequate assurance information which has been provided and intends to continue discussions with Variety. However, as of the filing of this Objection, the Landlord has not received satisfactory adequate assurance of future performance as required by the Bankruptcy Code and, therefore, objects and reserves all rights with respect to adequate assurance.

**B. The Actual Cure.**

15.     The Landlord objects to the Alleged Cure. The correct cure is $33,128.66 (the "Actual Cure", and comprised of the following amounts:

        a.  Rent September 1, 2024 to Petition Date    $ 4,732.66

        b.  Rent November, 2024    $14,198.00

        c.  Rent December, 2024    $14,198.00

16.     Further, the Actual Cure due the landlord also includes attorney's fees (in an amount to be determined) and any additional unpaid amounts under the Lease coming due after the filing of this Objection, including, for example monthly rents for March 2025 (and thereafter), payable in accordance with Section 365(d)(3).

17.     Payment of the Actual Cure is a condition of any assumption and assignment of the Lease.

**C. The Assumption and Assignment of the Lease Must be *Cum Onere*.**

18.     The assumption and the assignment of the Lease must be subject to all of the Lease terms, including, but not limited to, all obligations under the Lease and any obligations that may

4

have accrued but have not been billed under the Lease. These obligations include, but are not limited to, real estate taxes, CAM charges, insurance, utilities, and true ups or reconciliations (including, but not limited to, Real Estate Taxes due pursuant to the reconciliation on April 1, 2025 and thereafter) and indemnity obligations that have arisen but are not yet known to Landlord.

19. Additionally, the assumption and assignment of the Lease must be subject to the Lease's provisions regarding signage, alterations, use, sales volume, and other matters.

20. Therefore, any assumption and assignment of the Lease must be conditioned upon Variety assuming, paying and performing all Lease obligations whether those amounts and/or obligations relate to any period of time before or after the assignment.

**D. The Proposed Order.**

21. The Landlord objects to the Proposed Order (and the Assumption and Assignment Agreement attached thereto) to the extent that the assumption and assignment is not *cum onere* or otherwise inconsistent with the requirements of the Bankruptcy Code, including, but not limited to any provisions which modify the terms of the Lease with respect to use, signage, alterations, go-dark, and sales volume such as those in paragraphs 9(a), (b), (c), (g) and (i).

## RESERVATION OF RIGHTS

22. The Landlord reserves the right to revise, supplement or amend this Objection.

23. The Landlord also reserves (and does not waive) all other rights, claims, and interests with respect to Lease, the Store, and any related matters, including, without limitation, (a) all rights under 11 U.S.C. §§ 365(b), 365(d)(3), 365(f), and 503(b), and (b) any rights to attorney's fees under the Lease and/or applicable law, and (c) the right to supplement or amend this Objection, including additional amounts and obligations which may arise after the filing of this Objection.

4897-3259-9837

## JOINDER IN OTHER LANDLORD CURE OBJECTIONS

24.   The Landlord joins in any legal objections of other similarly situated landlords.

**WHEREFORE**, the Landlord respectfully requests that this Court enter an order (i) granting this Objection and awarding the Landlord relief consistent with this Objection; (ii) compelling the Debtors and any assignee to fully comply with Bankruptcy Code § 365(b) and other applicable law, and (iii) for such other and further relief as is just and proper.

Dated: February 19, 2025
       Wilmington, DE 19801

**ESBROOK P.C.**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE 4885)
1000 N. West Street
Suite 1200
Wilmington, DE 19801
(Phone) 302.650.7540
E-Mail: scott.leonhardt@esbrook.com

and

Robert B. Berner (0020055)
Bailey Cavalieri LLC
409 E. Monument Ave., Suite 103
Dayton, Ohio 45402
(Phone) 937.223.0254
E-Mail: rberner@baileycav.com

*Counsel for the Landlord*

4897-3259-9837