**EXHIBIT A**

Docusign Envelope ID: 1F2E685D-173C-4A15-9EF7-F8EA3729443B

Big Lots Store No. 499

## AMENDMENT TO LEASE

THIS AMENDMENT TO LEASE (this "*Amendment*") is made effective as of November 1, 2024, (the "*Effective Date*"), by and between Tranel, Inc., a New York corporation ("*Landlord*"), and Big Lots Stores, LLC, an Ohio limited liability company ("*Tenant*," and together with the Landlord, the "*Parties*" and each, a "*Party*").

## RECITALS

WHEREAS, Landlord and Tenant are parties to that certain lease dated January 26, 1994 (as amended from time to time thereafter, the "*Lease*"), with respect to that certain premises located at 1811 S CHURCH ST, BURLINGTON, NORTH CAROLINA 27215, which premises is defined and more particularly described in the Lease (the "*Premises*");

WHEREAS, on September 9, 2024, Tenant and certain of its debtor affiliates (collectively, the "*Debtors*") commenced cases (collectively, the "*Chapter 11 Cases*") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "*Bankruptcy Code*") which are now pending in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"). The Chapter 11 Cases are being jointly administered under Case Number 24-11967; and

WHEREAS, Landlord and Tenant desire to modify certain terms and conditions of the Lease, effective as of the Restructuring Effective Date (as hereinafter defined).

NOW, THEREFORE, in consideration of the foregoing, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, Landlord and Tenant hereby agree as follows:

## AGREEMENT

1. <u>Capitalized Terms</u>. Capitalized terms used and not otherwise defined herein shall have their respective meaning assigned to such terms in the Lease.

2. <u>Effective Date</u>. This Amendment, and each of its amendments, modifications, and waivers with respect to the Lease as set forth herein, shall, subject to Paragraph 8 hereof, be effective on the date that the Lease is assumed or assigned in the Chapter 11 Cases, whether pursuant to (a) procedures approved by the Bankruptcy Court or (b) entry of an order by the Bankruptcy Court approving the assumption or assignment of the Lease, in each case, that also approve this Amendment, including pursuant to or in connection with a sale of Tenant's assets pursuant to Section 363 of the Bankruptcy Code, confirmation of Tenant's Chapter 11 plan of reorganization in the Chapter 11 Cases, or a stand-alone motion for assumption or assignment of the Lease (in each case, the "*Restructuring Effective Date*"); *provided, however*, that Tenant shall obtain the benefit of this Amendment, and this Amendment shall be binding on Landlord, beginning on the Effective Date hereof. In the event the Restructuring Effective Date does not occur, or the Lease is rejected in accordance with the Bankruptcy Code, this Amendment shall be null and void in all respects, and nothing in this Amendment shall give rise to any claim, causes of action, or damages (compensatory or consequential) against either Party and Landlord shall be permitted to assert an unsecured rejection claim for pre-petition rent based upon the original rent and charges due and owing under the Lease without regard to this Amendment and assert an administrative expense claim for unpaid post-petition rent based upon the original rent and charges due under the Lease without regard to this Amendment. Nothing contained in this Amendment is intended to be or shall be construed as or deemed an assumption or an assignment of the Lease, as amended hereby, or any contract or document related thereto under section 365 of the Bankruptcy Code. Prior to the Restructuring Effective Date, Tenant expressly reserves its right, in

(FRTC)

1

Docusign Envelope ID: 1F2E686D-173C-4A15-9EF7-F8EA3729443B

Big Lots Store No. 499

its sole and absolute discretion, to assume, reject, or assign the Lease pursuant to Section 365 of the Bankruptcy Code. Tenant shall keep Landlord reasonably apprised of the status of the Restructuring Effective Date and agrees to notify Landlord upon its occurrence and provide Landlord with evidence of same. Notwithstanding the execution and delivery of this Agreement, prior to the Restructuring Effective Date, Landlord expressly reserves the right to negotiate with other potential assignees who may bid upon the Lease during the resolution of the Chapter 11 Cases.

3. Lease Modification.

(a) Term. Tenant hereby exercises its option (the "**Fifth Option Term**") to extend the Term of the Lease for five (5) years from **February 1, 2027** through **January 31, 2032**.

(b) Rent. During the Fifth Option Term the fixed minimum rent/base rent shall be **$168,000.00** per annum, payable in equal monthly installments of **$14,000.00**. Notwithstanding anything to the contrary, herein or elsewhere, Tenant shall be required to continue to pay fixed minimum rent/base rent and Additional Rent except as otherwise excused herein.

(c) Waiver of Claims. Subject to Paragraph 8 below, Landlord hereby (i) waives, releases, and discharges Tenant and all of its affiliated companies, the Debtors, and their bankruptcy estates, and their respective successors and assigns, from any and all claims, damages, obligations, liabilities, actions, and causes of action of every kind and nature whatsoever it may have for any cure payments or other amounts due and owing under the Lease, or that otherwise arose under or in connection with the Lease, through and including the Effective Date hereof, including but not limited to claims for so-called "stub rent" (whether or not asserted as administrative priority claims pursuant to Section 503(b) of the Bankruptcy Code), whether known or unknown, liquidated or unliquidated, fixed or contingent, matured or unmatured, now existing or hereafter arising, including any claims and causes of action for damages, payments, or amounts owing or that may become owing pursuant to Section 365(b) of the Bankruptcy Code, (for clarity, this waiver shall only apply as follows: (a) fixed rent and additional rent due and payable pursuant to the Lease in the amount of **$3,690.00**, for the period from **September 1, 2024 through September 8, 2024** and (b) fixed rent and additional rent due and payable pursuant to the Lease in the amount of **$10,148.00** for the period of **September 9, 2024 through September 30, 2024**), (ii) agrees and acknowledges that it will not object to or oppose the assumption of the Lease by Tenant.

(d) Right to Extend Term.
  i. Tenant acknowledges and agrees that there are no unexercised options granted to Tenant under the Lease to extend the Term remaining.

  ii. Provided there is no default occurring, beyond any applicable notice and cure period, on the date of exercise of the Extension Option set forth herein and on the date the Extension Term commences, in addition to the existing unexercised options contained in the Lease, Tenant shall have the right (each an "**Extension Option**"), exercisable at Tenant's option, to extend the Term for two (2) additional periods of five (5) years each (each an "**Extension Term**"), exercisable as hereinafter provided. If properly exercised, the first Extension Term shall commence immediately following the end of the current Term as renewed herein, and each subsequent Extension Term shall commence immediately upon expiration of the preceding Extension Term, and in such event, each such Extension Term shall be part of the Term. Tenant shall exercise an Extension Option by giving Landlord written notice of the exercise thereof not later than six (6) months, nor earlier than sixteen (16) months, prior to the expiration of the current Term or the Extension Term.

(FRTC)

2

Big Lots Store No. 499

  iii. During each Extension Term, all the terms, conditions, covenants and agreements set forth in the Lease (except as modified by this Amendment) shall continue to apply and be binding upon Landlord and Tenant, except that the Fixed Monthly Rent shall increase by ten percent (10%) over the Fixed Monthly Rent due immediately prior to the Extension Term, and Fixed Monthly Rent for each subsequent Extension Term shall increase upon the commencement of such subsequent Extension Term by ten percent (10%) over the Fixed Monthly Rent due during the immediately preceding Extension Term.

 (e) *Attorneys' Fees*. Landlord further acknowledges and agrees that, notwithstanding anything to the contrary in the Lease, Landlord shall not be entitled to receive from Tenant or its affiliates (or charge as rent due from Tenant or its affiliates) any attorneys' fees incurred by Landlord in connection with this Amendment.

 4. *No Default and Waiver of Charges*. Landlord acknowledges and affirms that after giving effect to the terms and provisions contained herein, as of the Effective Date, other than amounts due on account of reconciliations under the Lease for calendar year 2023, in the amounts of **$5,730.83 for CAM** and **$11,922.50 for taxes**. Tenant is not in default under any of the terms, conditions, or provisions of the Lease, and that there exist no events or circumstances which, with the passage of time or the giving of notice or both, constitutes a default under the Lease (including, without limitation, any failure of Tenant to meet its obligations to continuously operate in the Premises). Landlord further acknowledges and agrees that after giving effect to the terms and provisions contained herein, as of the Effective Date, other than amounts due on account of reconciliations under the Lease for calendar year 2023, it has no offsets, claims, or defenses against Tenant with respect to any obligation or duty of Tenant arising pursuant to the Lease. To the extent that any notices of default or non-payment have been delivered to Tenant, all such notices are hereby waived and of no further force or effect. Except on account of amounts with respect to reconciliations under the Lease for calendar year 2023, no default interest, late fees, charges, surcharges, or other fees shall be due, and all such interest, late fees, charges, surcharges, or other fees are waived and shall not apply.

 5. *Confidentiality*. Tenant and Landlord will keep confidential (a) the terms of this Amendment, and (b) all negotiations and communications, in connection with this Amendment (collectively, "*Confidential Information*"). Tenant and Landlord will not disclose or make available any Confidential Information to any other person or entity, except (i) accountants, brokers, attorneys, and other agents of Landlord and Tenant for the sole purpose of providing advice to Landlord and Tenant in connection with the Confidential Information and who agree to preserve the confidential nature of same, or (ii) potential lenders of purchasers, or (iii) as required by law.

 6. *Authority*. Each Party represents and warrants that it has the authority and power to enter into this Amendment and that this Amendment constitutes a legal, valid and binding obligation of that Party.

 7. *Notices*.

 (a) Notwithstanding anything to the contrary contained in the Lease, whenever any demand, request, approval, consent or notice ("*Notice*") shall or may be given by one party to the other, Notice shall be addressed to the parties at their respective addresses as specified below and delivered by (i) a nationally recognized overnight express courier, or (ii) registered or certified mail return receipt requested, The date of actual receipt shall be deemed the date of service of notice. In the event an addressee refuses to accept delivery, however, then notice shall be deemed to have been served on the date of said refusal of

(FRTC)

Big Lots Store No. 499

delivery. Either party may, at any time, change its notice address by giving the other party notice, in accordance with the above, stating the change and setting forth the new address.:

*If to Tenant:*

4900 East Dublin Granville Road
Columbus, OH 43081-7651
Attn: Lease Administration

*If to Landlord:*

[handwritten left margin:]
Tranel, Inc.
40 East 69 Street
New York, NY 10021
Attn: General Counsel

Horizon Commons LLC [struck through]
40 East 69 Street [struck through]
New York, New York 10021 [struck through]
Attn: General Counsel [struck through]

[handwritten, struck through:] Tranel, Inc. P.O. Box 334 Leroy Hill Station New York, NY 10021

[handwritten, struck through:] w/ a copy to The Rosen Group 12200 Corp Center Way Suite 201 Wellington FL 33414

8. **Limitation.** Notwithstanding anything in this Amendment to the contrary, if Tenant assigns the Lease (i), to a party other than the acquirer of a substantial portion of the assets of Tenant as a going concern or (ii) as otherwise may be permitted without Landlord's consent pursuant to the terms and conditions of the Lease, then unless Landlord has approved such assignment in writing, Sections 3(a), (b) (c) and (d) (but not, for the avoidance of doubt, any other Section) of this Amendment shall automatically be void and of no further effect and [Guaranteed Minimum Rent (conform to defined term)] and additional rent that would otherwise be due and payable under the Lease from and after the date of such assignment shall continue to apply.

9. **Consent to Dollar Store.** Tenant consents to Landlord leasing space in the Shopping Center to a tenant operating as a single point dollar store selling merchandise at $10.00 or below consisting of no more than 10,000 square feet.

10. **Miscellaneous.**

(a) Landlord and Tenant each hereby represents that it has dealt with no party or broker in connection with this Amendment except for A&G Real Estate Partners ("*Tenant's Broker*"). Any and all fees that may be due to Tenant's Broker shall be paid by Tenant pursuant to a separate agreement and Tenant shall indemnify, defend and hold harmless Landlord for any claim or action related thereto. Insofar as each Party knows, no other broker negotiated this Amendment or is entitled to any commission in connection therewith. Landlord and Tenant each agrees to indemnify, defend, and hold the other harmless from and against any and all claims, loss, cost and damages (including reasonable attorneys' fees and court costs) suffered or incurred by the non-breaching Party as a result of a breach of this representation.

(b) This Amendment may be executed in counterparts, each of which shall constitute an original, and which together shall constitute one and the same agreement. This Amendment may be executed or delivered by electronic or facsimile means, and copies of executed signature pages stored electronically in portable document format (pdf) shall be binding as originals. Neither Party shall record this Amendment without the express prior written consent of the other Party.

(c) Subject to the other terms of this Amendment, each of Landlord and Tenant agree to execute and deliver such other instruments and perform such other acts, in addition to the matters herein specified, as may be reasonably necessary, from time to time, to effectuate the modifications, waivers and amendments contemplated by this Amendment.

4

(FRTC)

Docusign Envelope ID: 1F2E686D-173C-4A15-9EF7-F8EA3729443B

Big Lots Store No. 499

    (d)    This Amendment, and all covenants contained herein, shall be binding and inure to the benefit of the Parties and their respective successors, assigns, heirs, executors, administrators, and representatives.

    (e)    The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

    (f)    Except as modified as set forth in this Amendment, all the terms and provisions of the Lease remain unchanged and in full force and effect and Landlord and Tenant hereby ratify and confirm same. Landlord and Tenant acknowledge and agree that the Lease, as modified by this Amendment, sets forth the entire agreement between Landlord and Tenant and there are no other agreements, understandings, undertakings, representations, or warranties among the Parties with respect to the subject matter hereof except as set forth herein. In case of any conflict between the terms and provisions of the Lease and the terms and provisions of this Amendment, the terms and provisions of this Amendment shall control.

*[signature page follows]*

(FRTC)

Docusign Envelope ID: 1F2E686D-173C-4A15-9EF7-F8EA3729443B

Big Lots Store No. 499

IN WITNESS WHEREOF, the Parties hereto have executed this Amendment effective as of the Effective Date.

**LANDLORD:**

TRANEL, INC.

By: /s/ Jonathan P. Rosen

Name: Jonathan P. Rosen

Title: President


**TENANT:**

Big Lots Stores, LLC

By: /s/ Joshua H. Nanberg

Name: Joshua H. Nanberg

Title: Vice President, Real Estate



(FRTC)

6