# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1659, 1669, 1671, 1672, 1674, 1689, 1704, 1709, 1712, 1716, 1722, 1726, 1733, 1752, 1775, 1780, 1791, 1818, 1820, 1837, 1839, 1847, 1859, 1860, 1868, 1869, 1895, 1896, 1897, 1898, 1924, 1930, 1941, 1965, 1980, 1982** |

## DEBTORS' OMNIBUS OBJECTION TO AND RESERVATION OF RIGHTS REGARDING MOTIONS FOR ALLOWANCE AND PAYMENT OF <u>ADMINISTRATIVE EXPENSE CLAIMS</u>

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), file this omnibus objection and reservation of rights (this "**Objection**") to the Pre-Closing Administrative Expense Claims Motions to Compel[2] filed by certain trade creditors (collectively, the "**Movants**"), which are listed on **Exhibit A** attached hereto. In support of this Objection, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] As defined in the *Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1962] (the "**Admin Bar Date Motion**").

**Objection**

1. On January 14, 2025, the Debtors filed the *Debtors' Omnibus Objection to Motions for Allowance and Payment of Stub Rent, Post-Petition Rent, and Other Administrative Expense Claims* [D.I. 1705] (the "**First Omnibus Objection**"),³ which requested, *inter alia*, that this Court deny without prejudice all motions to compel payment of administrative expense claims filed by certain Trade Movants and Landlord Movants. *See generally* First Omnibus Obj. In the alternative, the First Omnibus Objection requested that the Court hold all such motions in abeyance "until the Debtors have a reasonable opportunity to work with the Committee and other parties in interest to establish an orderly process for reconciling administrative expense claims, including the establishment of an administrative claims bar date." *Id.* ¶ 6.

2. On January 22, 2025, the Debtors filed the *Debtors' Omnibus Objection to and Reservation of Rights Regarding Motions for Allowance and Payment of Administrative Expense Claims* [D.I. 1826] (the "**Second Omnibus Objection**"), which reiterated the Debtors' arguments made in the First Omnibus Objection and noted that the Debtors intended to file a motion establishing orderly and equitable procedures for reconciling administrative expense claims in these Chapter 11 Cases, consistent with this Court's direction at the January 21, 2025 omnibus hearing. *See generally* Second Omnibus Obj.⁴

3. On February 7, 2025, after consultation with the Committee, the Debtors filed the Admin Bar Date Motion which, *inter alia*, requested entry of an order (a) establishing a Pre-

---

³ Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the First Omnibus Objection, the Second Omnibus Objection (as defined below), and the Admin Bar Date Motion, as applicable.

⁴ *See also* Jan. 21, 2025 Hr'g Tr. at 32:5–11 ("I am very sympathetic to the objectors in this case but I also agree with the debtors and the committee that under the facts of this case it isn't a prudent use of time or expense engaging in ad hoc litigation of claims. So, the debtors really do need to implement, timely implement, an orderly process to reconcile and determine the validity of administrative expense claims.").

Closing Administrative Expense Claims Bar Date, (b) approving the forms of notice to be used to inform potential creditors of the Pre-Closing Administrative Expense Claims Bar Date, (c) approving mailing procedures with respect to notice of the Pre-Closing Administrative Expense Claims Bar Date, (d) relieving the Debtors of any obligation to respond to motions, applications, and other requests for allowance or payment of Pre-Closing Administrative Expense Claims that are pending as of, or are filed after, the entry of the Pre-Closing Administrative Expense Claims Procedures Order, and (e) granting related relief. The Admin Bar Date Motion attached the Pre-Closing Administrative Expense Claims Schedule in order to promote transparency and facilitate cooperation of the various Movants in engaging in the claims reconciliation process.

4. Since filing the Admin Bar Date Motion, the Debtors have worked extensively and productively with the advisors and counsel to the various Movants to reconcile claims. As of the filing of this Objection, the Debtors have confirmed with approximately 38 Movants that such Movants are willing to participate in the reconciliation process and to adjourn their Pre-Closing Administrative Expense Claims Motions to Compel *sine die* while such reconciliation is ongoing.

5. However, the Debtors understand that some Movants are not willing to adjourn their motions *sine die* or have not responded to the Debtors' repeated requests for adjournment. Moreover, although the Debtors are hopeful that all Movants consensually agree to participate in the claims reconciliation process (thereby mooting their respective Pre-Closing Administrative Expense Claims Motions to Compel), the Admin Bar Date Motion is currently pending before the Court. Accordingly, the Debtors file this Objection to all pending Pre-Closing Administrative Expense Claims Motions to Compel, except to the extent (a) the Debtors already objected to such motions in the First Omnibus Objection and the Second Omnibus Objection or (b) the applicable

3

Movant agreed to extend the Debtors' objection deadline beyond the February 26, 2025 omnibus hearing.

6. The Debtors incorporate by reference all arguments made in the First Omnibus Objection, the Second Omnibus Objection, and the Admin Bar Date Motion as though fully set forth herein. The Debtors therefore respectfully request that (a) the Court adjourn the Pre-Closing Administrative Expense Claims Motions to Compel *sine die* pending reconciliation of each respective Movant's Pre-Closing Administrative Expense Claim and (b) the Debtors not be required to respond to any of the motions, applications, or other requests for allowance and payment of Pre-Closing Administrative Expense Claims filed before or after the entry of the Pre-Closing Administrative Expense Claims Procedures Order.

## **Reservation of Rights**

7. Notwithstanding anything to the contrary in this Objection, the First Omnibus Objection, the Second Omnibus Objection, or the Admin Bar Date Motion, the Debtors reserve their rights to supplement the First Omnibus Objection, the Second Omnibus Objection, and this Third Omnibus Objection and to contest the allegations raised in the Pre-Closing Administrative Expense Claims Motions to Compel on any other grounds, including that the claims asserted by Movants are not entitled to administrative expense priority or do not accurately reflect the amount of the Debtors' actual liability, whether or not such grounds are raised in this Objection. Nothing contained herein should be deemed to constitute an admission regarding the validity or allowability of the claims asserted by the Movants or any other administrative expense claims asserted in these Chapter 11 Cases.[5]

---

[5] As of the filing of this Objection, three objections have been filed by certain Movants with respect to the Admin Bar Date Motion. *See* D.I. 2012, 2013, 2014. The Debtors intend to respond to such objections (if not consensually resolved) through a separate reply brief prior to the February 26, 2025 omnibus hearing.

**Conclusion**

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) adjourn the Pre-Closing Administrative Expense Claims Motions to Compel *sine die* pending reconciliation of each respective Movant's Pre-Closing Administrative Expense Claim and (b) the Debtors not be required to respond to any of the motions, applications, or other requests for allowance and payment of Pre-Closing Administrative Expense Claims filed before or after the entry of the Pre-Closing Administrative Expense Claims Procedures Order.

*[Remainder of page intentionally left blank]*

Dated: February 19, 2025
       Wilmington, Delaware

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Sophie Rogers Churchill*
                                      Robert J. Dehney, Sr. (No. 3578)
                                      Andrew R. Remming (No. 5120)
                                      Daniel B. Butz (No. 4227)
                                      Tamara K. Mann (No. 5643)
                                      Sophie Rogers Churchill (No. 6905)
                                      1201 N. Market Street, 16th Floor
                                      Wilmington, DE 19801
                                      Tel: (302) 658-9200
                                      rdehney@morrisnichols.com
                                      aremming@morrisnichols.com
                                      dbutz@morrisnichols.com
                                      tmann@morrisnichols.com
                                      srchurchill@morrisnichols.com

                                      *-and-*

                                      DAVIS POLK & WARDWELL LLP

                                      Brian M. Resnick (admitted *pro hac vice*)
                                      Adam L. Shpeen (admitted *pro hac vice*)
                                      James I. McClammy (admitted *pro hac vice*)
                                      Stephen D. Piraino (admitted *pro hac vice*)
                                      Ethan Stern (admitted *pro hac vice*)
                                      450 Lexington Avenue
                                      New York, NY 10017
                                      Tel.: (212) 450-4000
                                      brian.resnick@davispolk.com
                                      adam.shpeen@davispolk.com
                                      james.mcclammy@davispolk.com
                                      stephen.piraino@davispolk.com
                                      ethan.stern@davispolk.com

                                      *Counsel to the Debtors and Debtors in Possession*