statements**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re Dkt. No. 1962** |
| | **Hearing Date: February 26, 2025 at 10:30 a.m.** |

**CREDITOR GIFTREE CRAFTS COMPANY LIMITED'S OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF CLAIMS FOR PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, AND (III) GRANTING RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

Giftree Crafts Company Limited ("Giftree")[2], by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Debtors' *Motion For Entry Of An Order (I) Setting A Bar Date For Filing Proofs Of Claims For Pre-Closing Administrative Expense Claims Against The Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, And (III) Granting Related Relief, Including Notice And Filing Procedure* (the "Procedures Motion") (Dkt. No. 1962),[3] and respectfully states as follows:

---

[1] The debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Giftree is a critical foreign vendor supplying essential Christmas tree products to the Debtors.

[3] All capitalized terms used but not otherwise defined herein shall have the same meanings as ascribed to them *infra* or in the Motion.

8037637

**Preliminary Statement**

1.      While Giftree would have been supportive of a procedures motion that allowed valid administrative claims and provided clear parameters on the payment of such administrative claims, the Procedures Motion here fails to accomplish anything other than the establishment of a bar date.  More specifically, it fails to provide for an orderly process for handling the (many) pending motions to compel, does nothing to address section 503(b)(9) claims, and gives the Debtors unfettered discretion without any creditor assurances (including of claim allowance), all while preventing valid creditors from pursuing their rights via a mandatory adjournment of the pending motions to compel *sine die*.  If the Procedures Motion is granted, administrative creditors, which are projected to receive a mere 7.6% on account of their administrative claims, will be forced to continue to spend money monitoring these cases, and asserting and protecting their valid claims, while the Debtors are excused from addressing the pending motions. Accordingly, and for the reasons further set forth below, the Procedures Motion must be modified, or else denied.

**Background**

2.      On January 6, 2025, Giftree filed a *Motion For An Order (I) Allowing And Compelling Immediate Payment Of Its Administrative Expense Claims And Prepetition Claims; And (II) For Other Requested Relief* (the "Compel Motion") (Dkt. No. 1584) seeking payments of its approximately $1.3 million of administrative expenses[4].  Giftree filed this Motion after months of outreach, payments to some "lucky" administrative creditors[5] to the detriment of other administrative creditors who should have been entitled to the same priority and treatment under the Bankruptcy Code, and to preserve its valid and undisputed rights in the face of an anticipated

---

[4] Including a 503(b)(9) claim in the amount of $778,433.59, and post-petition claim in the amount of $537,378.82.

[5] This includes at least $23 million in 503(b)(9) claims (see Committee's Motion to Compel Payments, Dkt. No. 1360), as well as certain other administrative claims, including professional fees and stub rent (see GBRP Sale Order, Dkt. No. 1556).

8037637

distribution to the "unlucky" administrative creditors (like Giftree) of a mere 7.6%. *See* Transcript of Hearing on December 31, 2024, 42:11-43:4.[6]

3.        Aside from a discrepancy in the total amount of the claims[7], the Debtors have not disputed Giftree's claims, the timing of their receipt of Giftree's goods, the necessity of Giftree's goods/services, and the resultant benefit to the Debtors' estates.  However, based on the Debtors' representation to the Court that they would file an administrative procedures motion to address and allow Giftree's claims and work toward reconciling the discrepancy between the Debtors' records and Giftree's asserted claims, Giftree agreed to adjourn its Compel Motion to facilitate further discussion. *See* Transcript of Hearing dated January 21, 2025.  To date, the Debtors have not provided any documentation to support a reconciliation.

4.        On February 7, 2025, the Debtors filed the Procedures Motion. Inconsistent with previous representations, this Procedures Motion fails to address the allowance for any administrative claims.[8]  Instead, it specifically requests this Court's imprimatur on the Debtors' continued ignoring of such requests and further asks that the pending motions to compel be adjourned *sine die*. *See* Procedures Motion, ¶27.

---

[6] Stating in part: "Q For over 250 million of unpaid administrative expense claims that the debtors are characterizing as not go forward claim, the debtors are currently estimating $19 million approximately to be able to be shared with them; is that correct? A: Our forecast is $19 million. However, there is upside in certain of these assets to receive a higher recovery for admin claims."  $19 million in assets divided by $250 million in claims= 7.6%.

[7] The discrepancy is as follows:

|  | Big Lots | Giftree | Difference |
|---|---|---|---|
| Pre-petition | $ 226,392.19 | $ 238,035.67 | $ (11,643.48) |
| 503(b)(9) | $ 830,832.31 | $ 778,433.69 | $ 52,398.62 |
| Post-petition | $ 480,233.47 | $ 537,378.72 | $ (57,145.25) |
|  | $ 1,537,457.97 | $ 1,553,848.08 | $ (16,390.11) |

[8] The Debtors reserved the right to file a separate request for relief with respect to the adjudication and allowance of Pre-Closing Administrative Expense Claims. See Procedures Motion, ¶23.

8037637

**Objection**

5.      The Procedures Motion must be modified. First, the schedule included with the Procedures Motion needs to be generally revised to both reflect the Debtors against which the claims are against, and to include 503(b)(9) claims, which are currently omitted despite the use of the misnomer "Pre-Closing Administrative Expense Claims" in the Procedures Motion. *See* Procedures Motion, Exhibit B.  Indeed, the schedule fails to identify the specific debtor entities responsible for the claims, which, in the absence of substantive consolidation, creates ambiguity regarding the proper distribution of payments.  Moreover, 503(b)(9) claims are omitted from the schedule.  The bulk of Giftree's administrative claim that is subject to its Compel Motion is a 503(b)(9) claim.  There is no reason why 503(b)(9) claims should be omitted from the schedule, particularly given that many of those claims apparently remain unpaid and given that the schedule is titled "Pre-Closing Administrative Expense Claims." Additionally, notwithstanding the pendency of the Compel Motion and discussions with the Debtors, the Procedures Motion also completely failed to include in its schedule <u>any</u> of Giftree's claims.[9]  Giftree's post-petition claim in the amount of $537,378.72 should be added to the schedule, in addition to its 503(b)(9) claim.

6.      Second, claims included on the schedule should be deemed "allowed" claims not subject to further dispute or objection. This is critical given the relief sought not only by Giftree in its pending Compel Motion, but by so many others. These creditors, which are receiving a mere pittance of a recovery, should not have to bear the brunt of having to continuously monitor these

---

[9] Once Giftree advised the Debtors of this omission, the Debtors advised that they would file an amended schedule in advance of the hearing reflecting that Giftree is entitled to a post-petition claim in the amount of $484,980.10. However, this amount is also incorrect, insofar as Giftree's post-petition claim amount is $537,378.72 as set forth in the Compel Motion.  Despite requests for support of the Debtor's number, Giftree has received no documentation. The Debtors also agreed to extend Giftree's objection deadline to the date such revised schedule is filed.

4

8037637

active cases to ensure that their claims remain valid when the Debtors themselves agree with the amounts asserted.

7.      Third, the Debtors should not be permitted to ignore, *en masse*, the pending motions to compel via a court ordered adjournment *sine die*.  This is an inappropriate request particularly given that the Procedures Motion does nothing other than establish a bar date—which fails to move the needle on any of the pending motions to compel.

8.      Finally, the Debtors should be prohibited from paying any administrative claims pending an equitable and pro rata distribution to all administrative creditors.  Currently, nothing in the Procedures Motion prevents the Debtors from paying other administrative claims while Giftree's claims are pending.  Instead, the Debtors are granted excessive discretion in determining the payment of administrative expense claims, with no established timeline, distribution framework, or clear payment criteria.[10]  This unfettered discretion undermines the principle of equal treatment for administrative expense claims under 11 U.S.C. § 503(b), which mandates that such claims be treated on an equal and pro rata basis with all other administrative expense claims. See *In re Lakeshore Constr. Co. of Wolfeboro, Inc.*, 2008 Bankr. LEXIS 1868, (Bankr. D.N.H. Jun. 18, 2008).

9.      For the foregoing reasons, the Debtors' Procedures Motion should be denied as it functions as a de facto tactic to delay the allowance and payment of administrative claims without offering effective solutions.

---

[10] The Procedures Motion states: "As soon as reasonably practicable after the Pre-Closing Administrative Expense Claims Bar Date, the Debtors, in consultation with the Committee (as defined below), expect to begin making pro rata payments to holders of Pre-Closing Administrative Expense Claims on account of their respective Pre-Closing Administrative Expense Claims and set aside an adequate reserve for any disputed Pre-Closing Administrative Expense Claims." See Procedures Motion, ¶7.

Dated: February 19, 2025

*/s/ Cheryl A. Santaniello*
Cheryl A. Santaniello, Esq. (DE Bar No. 5062)
Porzio, Bromberg & Newman, P.C.
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone:  (302) 526-1235
Facsimile:  (302) 416-6064
E-mail: casantaniello@pbnlaw.com

Kelly D. Curtin, Esq. *(pro hac vice)*
Jenny Zhou, Esq. *(pro hac vice)*
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box. 1997
Morristown, New Jersey 07962
Telephone: (973) 538-4006
Facsimile: (973) 538-5146
Email: kdcurtin@pbnlaw.com
Email: jzhou@pbnlaw.com

*Counsel for Giftree Craft Company Limited*

8037637