## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. 548** |

## DECLARATION OF DISINTERESTEDNESS OF
## JOHN ROEPCKE

## IN SUPPORT OF EMPLOYMENT OF
## ARY ROEPCKE MULCHAEY, P.C.

## AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

1.    __John Roepcke_____, declares and says:

1.    I am a [___Shareholder___] of Ary Roepcke Mulchaey, P.C., located at ____Two Miranova Place, Suite 600, Columbus, Ohio 4321___ (the "**Firm**"). The Firm is not a legal services firm.

2.    Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Firm provide [Audit of the Big Lots Savings Plan for the year-ended December 31, 2024 to allow for the filing of the Form 5500] to the Debtors, and the Firm has consented to provide those services.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3.     Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Debtors or to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases. The Firm does not perform services for any such person in connection with the Chapter 11 Cases.

4.     Neither I nor any partner or associate of the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

5.     Neither I nor any partner or associate of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the partners and associates of the Firm.

6.     The Debtors owe the Firm $____-0-_____ for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code. The Firm agrees to waive its prepetition claim.

7.     The Firm [is not] party to an indemnification agreement with the Debtors.

8.     The Firm reviewed its connections to, if any, the key parties-in-interest provided on **Exhibit 1**. The Firm is conducting further inquiries regarding its retention by creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

9.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on ___February 7_, 2024.

[John Roepcke]

2