IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1923** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF USPG PORTFOLIO EIGHT, LLC TO THE NOTICE OF
FILING OF FIFTH POST-CLOSING DESIGNATION NOTICE**

USPG Portfolio Eight, LLC ("**USPG Eight**" or the "**Landlord**"), through its undersigned counsel, Clark Hill PLC, hereby submits this limited objection and reservation of rights (the "**Objection**") with respect to the cure amounts identified in the *Notice of Filing of Fifth Post-Closing Designation Notice* [D.I. 1923] (the "**Designation Notice**"). In support of this Objection, the Landlord respectfully states as follows:

**PRELIMINARY STATEMENT**

1. At this time, the Landlord does not necessarily oppose the assumption and assignment of its lease agreement if it complies with 11 U.S.C. § 365, the lease agreement's terms are adhered to by the assignee and the accurate cure amount is paid. However, the proposed cure amount in the Designation Notice is inaccurate, and the Designation Notice fails to adequately

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277) (collectively, the "**Debtors**"). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

address the payment for future amounts billed post-petition or amounts incurred but not yet billed potentially related to prepetition events or actions. Accordingly, the Debtors must (1) revise the proposed cure to reflect the accurate outstanding amount; and (2) either (a) incorporate into the proposed cure the amounts for obligations billed post-petition or amounts not yet billed but relating to prepetition events or actions, or (b) provide clarity that the Debtors are not seeking to bar the Landlord's right to seek payment of those amounts. Furthermore, Section 365(b)(3) of the Bankruptcy Code recognizes additional requirements for the assumption and assignment of lease agreements in shopping centers such as assurance that percentage rent will not decline substantially, and that the assumption and assignment is subject to provisions of a lease concerning radius, location, use, and exclusivity. Any provisions of an assignment or in the proposed order seeking to eliminate the requirements of Section 365(b)(3) should be stricken.

## BACKGROUND FACTS

2. Prior to the Petition Date (defined below), the Landlord and Big Lots Stores, Inc. are parties to the Lease Agreement (the "**Lease**"). A copy of the Lease is attached to this Objection as **Exhibit A**. The Lease relates to the Debtors' Big Lots Store No. 5440 located in the Cross Creek Plaza shopping center in Beaufort, South Carolina (the "**Leased Premises**").

3. The Debtors filed voluntary petitions for relief under chapter 11 of the United States Code on September 9, 2024 (the "**Petition Date**"). The Debtors have remained in possession of the estates' assets and continue to manage their financial affairs pursuant to 11 U.S.C. §§ 1107 and 1108, including the Leased Premises.

4. On January 2, 2025, the Court entered its *Order (I) Authorizing Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of*

*Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

5. On February 3, 2025, pursuant to paragraph 43 of the Sale Order, the Debtors filed their Designation Notice which describes the leases and contracts designated for assumption and assignment to Variety Stores, LLC as assignee ("**Variety**" or the "**Assignee**"). In Exhibit B to the Designation Notice, the Debtors propose that the cure amount required to be paid to USPG Eight in order to cure monetary defaults and assume and assign the Lease to Variety is $0.00 (the "**Proposed Cure Amount**").

6. In addition, the Proposed Order attached to the Designation Notice as Exhibit C includes language that affects the lessee's future obligations other than curing defaults that existed as of the Designation Notice date. It is not clear from the Proposed Order whether the Debtors are seeking to avoid and bar the Landlord from seeking payment of prepetition amounts that were billed post-petition or amounts that have been accrued but not yet billed, such as reconciliations or taxes. A table summarizing the issues relating to the Proposed Cure Amount and the Designation Notice associated with the Leased Premises is below.

| **Leased Premises** | **Landlord** | **Proposed Cure** | **Proposed Cure Discrepancy**[2] |
|---|---|---|---|
| Beaufort, SC (Store No. 5440) | USPG Portfolio Eight, LLC | $0.00 | $145,128.26 |

7. Variety and USPG Eight are in active discussions concerning the resolution of the Proposed Cure Amount and the assumption and assignment of the Lease. Upon agreement with

---

[2] The Landlord explicitly reserves the right to amend the outstanding amount and oppose the proposed cure amount as set forth in the Designation Notice in a supplemental objection, including but not limited to, incorporating charges billed post-petition or not yet billed and future obligations.

M9079\501343\280944137

Variety and the Debtors, the deadline for USPG Eight to file this objection was extended until February 20, 2025.

## **OBJECTIONS**[3]

8. As reflected in the table above, the Proposed Cure Amount for the Lease of $0.00 is inaccurate. The current outstanding amount owed to USPG Eight is **$145,128.26**, as reflected in **Exhibits B** and **C** attached to this Objection.

9. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). Pursuant to 11 U.S.C. § 365(b), as a condition to any assumption of the Lease, all defaults must be cured upon assumption and adequate assurance of future performance of the Lease obligations must be provided. The Proposed Cure Amount set forth in the Designation Notice fails to reflect any of the outstanding balances due and owing to USPG Eight.

10. USPG Eight objects to the proposed assumption of its Lease unless the Debtors comply with all of the requirements of Sections 365 of the Bankruptcy Code. Absent the ability, or willingness, of the Debtors to satisfy the Bankruptcy Code's requirements any proposed assumption must be denied. Therefore, the Proposed Cure Amount set forth by the Debtors must be modified to reflect the additional charges owing in the total amount of **$145,128.26** and must make clear that the future obligations under the Lease will continue to be complied with and satisfied by Variety.

11. Additionally, it is not clear whether the Proposed Order is seeking to avoid and bar the Landlord from seeking payment of amounts that may be associated with prepetition actions or events, which were billed post-petition or that have accrued but have not yet been billed. USPG

---

[3] The Landlord explicitly reserves the right to file lease rejection damages as permitted under § 502 of the Bankruptcy Code.

Eight objects to the Proposed Cure Amount in the Designation Notice to the extent that the proposed cure is meant to include amounts that were billed post-petition or incurred but not yet billed amounts that are associated with pre-petition events, e.g., reconciliations for common area maintenance or taxes that the Debtors are obligated to satisfy under the Lease. The Debtors' seeking to relieve themselves of these liabilities is not permitted under § 365 of the Bankruptcy Code, which as discussed above, requires the full satisfaction of all outstanding amounts.

12. Accordingly, the Debtors must (1) either incorporate the amounts relating to prepetition actions or events that have been billed post-petition or have not yet been billed into the Proposed Cure Amount to recognize the liability for accruing charges due under the Lease or (2) provide clarity that the Debtors are not seeking to bar the Landlord's right to seek payment of these amounts.

13. Furthermore, while certain provisions may indirectly limit the assignment of the Lease, Section 365(b)(3) specifically protects certain provisions including the assurance that percentage rent will not decline substantially, and that the assumption and assignment is subject to provisions of a lease concerning radius, location, use, and exclusivity. These provisions are negotiated in good faith that legitimately preserve the Landlord's control over their shopping centers and Section 365(f) does not permit the invalidation of these provisions. This Court should deny any attempted assignment that fails to strictly comply with such provisions and strike any language in an order that prospectively renders such lease provisions unenforceable.

## RESERVATION OF RIGHTS

14. This Objection is not intended to be, and should not be construed as, a waiver by the Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law. The Landlord expressly reserves all such rights, including, without limitation, the right to: (i)

supplement and/or amend this Objection and to assert additional objections to the proposed assumption of the Lease on any and all grounds including revisions premised upon the Debtors' intentions as to the ambiguous language; (ii) amend the cure amount; (iii) assert additional non-monetary defaults under the Lease; (iv) assert rights for indemnification or contribution against the Debtors arising under the Lease; and (v) assert any further objections as they deem necessary or appropriate as it relates to the Lease and/or or interest of the Landlord, including objecting to confirmation of the Debtors' plan.

## JOINDER IN OBJECTIONS

15. The Landlord joins in any objections filed by the Debtors' other landlords to the extent that such objections are not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that this Court enter an order: (a) sustaining this Objection; and (b) granting the Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: February 20, 2025

Respectfully submitted,

CLARK HILL PLC

By: /s/ *Karen M. Grivner*
Karen M. Grivner (Bar No. 4372)
824 N. Market Street, Suite 710
Wilmington, Delaware 19801
Tel: (302) 250-4750
Fax: (302) 421-9439
Email: kgrivner@clarkhill.com

-and-

Audrey L. Hornisher (TX Bar No. 24094369)
901 Main Street, Suite 6000
Dallas, Texas 75202
Tel: (214) 651-4300
Fax: (214) 214-651-4330
Email: ahornisher@clarkhill.com

*Attorneys for USPG Portfolio Eight, LLC*

**CERTIFICATE OF SERVICE**

      I, Karen M. Grivner, certify that on February 20, 2025, a true and correct copy of the foregoing *Limited Objection and Reservation of Rights of USPG Portfolio Eight, LLC to the Notice of Filing of Fifth Post-Closing Designation Notice* was served electronically via the CM/ECF system on all parties registered to receive notice and via e-mail on the following parties:

Brian M. Resnick
Adam L. Shpeen
Stephen D. Piraino
Jonah A. Peppiatt
Ethan Stern
Davis Polk & Wardell LLP
450 Lexington Avenue
New York, NY 10017
notice.biglots@davispolk.com
*Debtors' Counsel*

Robert J. Dehney, Sr.
Andrew R. Remming
Daniel B. Butz
Tamara K. Mann
Casey B. Sawyer
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
biglots.mnat@morrisnichols.com
*Debtors' Counsel*

Steven E. Fox
Riemer Braunstein LLP
Times Square Tower, Suite 2506
Seven Times Square
New York, NY 10036
sfox@riemerlaw.com
*Counsel to Buyer*

Simon E. Fraser
Mark E. Felger
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
sfraser@cozen.com
mfelger@cozen.com
*Counsel to Variety Wholesalers, Inc.*

Darren Azman
Kristin G. Going
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017
dazman@mwe.com
kgoing@mwe.com
*Counsel to Committee*

Justin R. Alberto
Stacy L. Newman
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
jalberto@coleschotz.com
snewman@coleschotz.com
*Counsel to Committee*

Linda J. Casey
Office of the United States Trustee
Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
linda.casey@usdoj.gov

                                      /s/ *Karen M. Grivner*
                                      Karen M. Grivner