**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967<br><br>Jointly Administered<br><br>Re: Dkt. No. 1923<br><br>Objection Deadline: Extended to 2/21/25 at 10:00 a.m. (ET)<br>Hearing Date: TBD |

**THE SOUTHERN BENEDICTINE SOCIETY OF NORTH CAROLINA'S LIMITED OBJECTION TO ASSUMPTION AND ASSIGNMENT OF LEASE**

The Southern Benedictine Society of North Carolina, Incorporated ("Landlord"), by and through counsel, submits this limited objection to the Debtors' proposed assumption and assignment of the Lease (defined below), including to the proposed cure amount provided on <u>Exhibit B</u> to the Debtors' *Notice of Filing Fifth Post-Closing Designation Notice* (Doc. 1923) (the "Notice"). Although Landlord understands that the Proposed Assignee now agrees to the Actual Cure Amount due under the Lease, the Proposed Assignee has proposed that the Debtors pay Landlord certain components of the Actual Cure Amount. Landlord has no adequate assurance that the Debtors can promptly pay the Actual Cure Amount, so Landlord respectfully submits this Objection to preserve its rights and shows the Court as follows:

**BACKGROUND**

1. Landlord and Big Lots Stores, Inc. (n/k/a Big Lots Stores, LLC) ("Debtor") are parties to a Lease Agreement made effective February 3, 2012 (as extended, amended and/or modified, the "Lease") for premises at 601 Park Street, Belmont, North Carolina, and identified by Debtor as Store 5237 (the "Premises").

2. On January 2, 2025, this Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (D.I.. 1556) (the "Sale Order").

3. Pursuant to the Sale Order, the Debtors have filed the Notice indicating their intention to assume and assign (the "Proposed Assignment") the Lease to Variety Stores, LLC (the "Proposed Assignee").

4. On <u>Exhibit B</u> to the Notice, the Debtors provide a proposed cure amount of $22,676 (the "Proposed Cure Amount") under the Lease.

5. Under the Sale Order and the proposed Order attached as Exhibit C to the Notice, for an assumption and assignment of a lease to be effective, Gordon Brothers Retail Partners, LLC ("GBRP") must "promptly" pay the Cure Cost (as defined in the Notice) to the extent owed to any Landlord.

6. As of the date of this filing, Debtor actually owes Landlord $30,622.70 (the "Actual Cure Amount"), which consists of:

| Invoice | Date | Description | Amount | Big Lots Payment | Outstanding Balance |
|---|---|---|---|---|---|
| 252 | 07/19/24 | 2024 Property Taxes | $18,911.40 | $0 | $18,911.40 |
| 4987 | 09/01/24 | September Rent | $14,115.38 | $10,351.28 | $ 3,764.10 |
| 4989 | 11/01/24 | November Rent | $14,115.38 | $ 7,591.46 | $ 6,523.92 |
| 6844 | 01/01/24 | 2024 CAM Reconciliation | $ 1,423.28 | $0 | $ 1,423.29 |
|  |  |  |  | **Total Due:** | **$30,622.70** |

7. On February 19, 2025, GBRP, on behalf of itself and the Proposed Assignee, provided e-mail notice to counsel for Landlord that it intended to submit a revised schedule of the cure amount for the Lease for the Actual Cure Amount of $30,622.70.

8. However, GBRP has proposed to Landlord that Debtor pay the portion of the Actual Cure Amount arising from the 2024 Property Taxes such that "this obligation would remain with the Debtor." Landlord does not agree to the Proposed Assignment if any portion of the Actual Cure Amount is to be paid by Debtor, and, therefore, it submits this Objection to preserve its rights.

**LANDLORD'S LIMITED OBJECTIONS TO ASSUMPTION AND ASSIGNMENT**

9. For Debtor to assume and assign a lease that is in default, 11 U.S.C. § 365(b)(1)(A) requires Debtor to "cure[], or provide[] adequate assurance that the [Debtor] will promptly cure, such default" (other than certain defaults not at issue in this Motion).

10. Here, Debtor is in default of the Lease for failure to pay its obligations under the Lease, so the Actual Cure Amount must be paid in full upon the assumption and assignment of the Lease or promptly thereafter.

11. If GBRP or the Proposed Assignee pay the Actual Cure Amount upon assumption and assignment of the Lease as required under both the Sale Order and the proposed Order attached to the Notice, Landlord does not object to the Proposed Assignment. However, no party has provided any adequate assurance that Debtor can promptly pay any portion of the Actual Cure Amount, and the record in this case shows that the Debtors have been unable to pay their administrative expenses. Thus, if GBRP and the Proposed Assignee are now attempting to leave certain cure obligations for the Debtor to pay, Landlord objects to the Proposed Assignment for failure to comply with § 365(b)(1)(A).

*Landlord's Attorneys' Fees*

12.     Moreover, Debtor must cure all defaults under the Lease and compensate Landlord for its actual pecuniary losses as a result of defaults under the Lease. 11 U.S.C. § 365(b)(1)(B). To the extent provided for in the Lease, attorneys' fees and costs incurred in enforcement of the covenants, obligations, and conditions of a lease are "actual pecuniary losses" that are proper components of a cure claim, and Debtor must satisfy these charges as part of the assumption and assignment of the Lease. *In re Ent., Inc.*, 223 B.R. 141, 149 (Bankr. N.D. Ill. 1998). There is no logical distinction for purposes of Section 365 between attorneys' fees incurred in connection with pre-petition defaults and fees incurred with post-petition defaults. *Id.* at 154. That a landlord uses bankruptcy procedures to enforce a lease should not preclude recovery of attorneys' fees and costs for such enforcement activity (particularly where the Bankruptcy Court is the exclusive forum where the landlord can obtain any relief, being foreclosed from state court relief by the automatic stay). *Id.*; *see also Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 850 (4th Cir. 1999); *In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001) (landlords' fees and costs are recoverable as a component of cure under § 365(b)(1)); *Urban Retail Properties v. Loews Cineplex Ent. Corp.,* 2002 WL 535479 at *9 (S.D.N.Y. Apr. 9, 2002) (where lease "provides for recovery of attorneys' fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of Debtor's other obligations that arise postpetition . . . ."). The Supreme Court has upheld the enforceability of such attorneys' fees clauses, ruling that pre-petition attorneys' fee clauses were enforceable regarding issues peculiar to bankruptcy law. *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 452-53 (2007).

13.     Here, the Lease provides for Landlord's recovery of its attorneys' fees and costs if Landlord must enforce the provisions of the Lease, and Landlord must be paid as part of the cure

amount Landlord's attorneys' fees incurred in connection with this objection and through the date of assumption and assignment of the Lease.

*Assignment Subject to Adjustment Amounts and Indemnity Obligations*

14. Additionally, the Proposed Assignment must be subject to all terms of the Lease, including any obligations that may have accrued, but may not have been billed under the Lease. For example, certain charges, such as property taxes, utilities, and common area maintenance charges are estimated prospectively, billed to, and paid by, Debtor during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred at the shopping center where the Premises are located. To the extent the estimated payments exceed actual charges, the result is a credit to Debtor. To the extent the estimated payments do not cover actual charges incurred under the Lease, the result is an additional amount (or debit) for which Debtor is liable. Because these accrued, but unbilled, charges are not yet due under the Lease, failure to pay them does not create a current default that gives rise to a requirement of cure by Debtor but nevertheless must be paid when they come due. The Proposed Assignment should be conditioned upon the Proposed Assignee assuming, paying, and performing these obligations when due, regardless of whether such amounts relate to the period before, or after, the Proposed Assignment.

15. The Lease requires Debtor to indemnify and hold Landlord harmless regarding any claims resulting from injury or damages to persons or property occurring in or about the Premises. Any Proposed Assignment must be subject to the terms of the Lease, including that the Proposed Assignee continues to be responsible for all indemnification obligations, regardless of when any claim arose. Nothing in any order should preclude Landlord from pursuing Debtor, any policy of insurance, or any other party that may be liable under the Lease,

and Landlord specifically reserves its right to pursue such rights despite any amounts claimed herein.

*Reservation of Rights*

16.     Landlord reserves the right to make such other and further objections as may be appropriate, including to assert any additional amounts which may be owed (whether pre-petition or administrative claims).

WHEREFORE, Landlord respectfully requests that this Court enter an Order sustaining this Objection and granting relief consistent with this Objection, as well as granting Landlord such other and further relief as it deems just and proper.

Dated: February 21, 2025
Wilmington, Delaware

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (No. 2480)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201
brett.fallon@faegredrinker.com

and

Andrew W.J. Tarr
**ROBINSON, BRADSHAW & HINSON, P.A.**
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
atarr@robinsonbradshaw.com

**COUNSEL TO THE SOUTHERN BENEDICTINE SOCIETY OF NORTH CAROLINA, INCORPORATED**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 21st day of February, 2025, (a) a true and correct copy of the foregoing document was served on parties receiving ECF Electronic Notification and (b) caused copies of the foregoing document to be served via electronic mail upon: (i) Morris, Nichols, Arsht & Tunnell LLP, counsel to the Debtors, Attn: Casey B. Sawyer (csawyer@morrisnichols.com); (ii) Davis Polk & Wardwell LLP, counsel to the Debtors, Attn: Brian M. Resnick (brian.resnick@davispolk.com); (iii) Riemer Braunstein LLP, counsel to the Buyer, Attn: Steven E. Fox (sfox@riemerlaw.com); and (iv) Cozen O'Connor, counsel to Variety Wholesalers, Inc., Attn: Simon E. Fraser (Sfraser@cozen.com) and Mark Felger (mfelger@cozen.com).

/s/ Brett D. Fallon
Brett D. Fallon