**Exhibit 2**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>COACH AM GROUP HOLDINGS CORP.,<br>et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-10010 (KG)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 146, 170, 172, 174, 216, 232, 242, 264, 272, 386, 388, 390, 400, 453, 465, 474, 495, 501, 519, 527, 542, 543, 545, 547, 549, 551, 555, 561, 596** |

## ORDER GRANTING MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the motions for relief from the automatic stay (collectively, the "**Motions**") filed by the following movants (collectively, the "**Movants**"):

- Sean Loehr [Docket No. 170; Amended Motion: Docket No. 542];

- Lorraine Kenny [Docket No. 172; Amended Motion: Docket No. 542];

---

[1] Coach Am Group Holdings Corp. (4830); Coach Am Holdings Corp. (1816); Coach America Holdings, Inc. (2841); American Coach Lines, Inc. (2470); America Charters, Ltd. (8246); American Coach Lines of Atlanta, Inc. (4003); American Coach Lines of Jacksonville, Inc. (0136); American Coach Lines of Miami, Inc. (7867); American Coach Lines of Orlando, Inc. (0985); Coach America Group, Inc. (2816); B & A Charter Tours, Inc. (9392); Dillon's Bus Service, Inc. (5559); Florida Cruise Connection, Inc. (9409); Hopkins Airport Limousine Services, Inc. (1333); Lakefront Lines, Inc. (5309); The McMahon Transportation Company (0030); Midnight Sun Tours, Inc. (2791); Royal Tours of America, Inc. (2313); Southern Coach Company (6927); Tippet Travel, Inc. (8787); Trykap Airport Services, Inc. (0732); Trykap Transportation Management, Inc. (2727); KBUS Holdings, LLC (6419); ACL Leasing, LLC (2058); CAPD, LLC (4454); Coach America Transportation Solutions, LLC (6909); CUSA, LLC (3523); CUSA ASL, LLC (2030); CUSA AT, LLC (2071); CUSA AWC, LLC (2084); CUSA BCCAE, LLC (2017); CUSA BESS, LLC (3610); CUSA CC, LLC (1999); CUSA CSS, LLC (9896); CUSA EE, LLC (1982); CUSA ELKO, LLC (4648); CUSA ES, LLC (1941); CUSA FL, LLC (1920); CUSA GCBS, LLC (1891); CUSA GCT, LLC (1833); CUSA KBC, LLC (1808); CUSA K-TCS, LLC (1741); CUSA Leasing, LLC (1321); CUSA PCSTC, LLC (1701); CUSA PRTS, LLC (1591); CUSA RAZ, LLC (0640); CUSA Transit Services, LLC (8847); Get A Bus, LLC (1907); Coach BCCAE, L.P. (3488); Coach Leasing BCCAE, L.P. (6784). The Debtors' corporate offices are located at 8150 North Central Expressway, Suite M1000, Dallas, Texas 75206.

- Michael and Dawn Galusha [Docket No. 174; Amended Motion: Docket No. 542];

- Albert and April Bailey [Docket No. 386; Amended Motion: Docket No. 542];

- Ryan and Terri MacDonnell [Docket No. 388; Amended Motion: Docket No. 542];

- Patrick and Lavonne Schwartzenberger [Docket No. 390; Amended Motion: Docket No. 542];

- Stanley Ng [Docket No. 146];

- Rosalinda Simon and Diego Acosta [Docket No. 216];

- Karen Dunton, Carrie Rich, Kristy Gagoff and Stacey Wyatt [Docket No. 242];

- John Switalski [Docket No. 232];

- Jon V. Lepore [Docket No. 264];

- Byron Brown [Docket No. 453];

- Elizabeth Churchill [Docket No. 465];

- Elvira Montanez [Docket No. 474];

- Shelia Diane Wishon, Personal Representative of the of the Estate of Brandy Nicole Richey; and Margaret Coward, Personal Representative of the Estate of James Peter Richey; and Angela Stowe, Personal Representative of the Estate of James Alva Richey; and, Rhonda Marie Meeks [Docket No. 495];

- Rosemary and David Dionne and Bernadine Williamsen [Docket No. 501];

- Roberto Rivera III [Docket No. 519];

- Union Pacific Railroad Company [Docket No. 527];

- Thomas Leslie [Docket No. 543];

- Dwight Hauck and Susan Hauck [Docket No. 545];

- Terry Hensley [Docket No. 547];

- Corrie L. Burckhard [Docket No. 549];

- Maria Mack [Docket No. 551];

- David Klungtvedt [Docket No. 555];

- Bradley Passon [Docket No. 561];

- BNSF Railway Company;[2]

- National Railroad Passenger Corporation;[3]

- Danny P. Landry and Susan R. Landry[4]

- Lillian Proctor[5]

and the Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(b); and consideration of the Motions and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) in which the Court may enter a final order; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that granting the relief requested in the Motions as

---

[2] BNSF Railway Company is deemed to be a Movant in this Order notwithstanding that it has filed no motions for relief from stay. BNSF Railway Company has objected to certain of the Motions, which objection requested the entry of relief in favor of it, has propounded discovery on the Debtors in connection with the hearings on the Motions, and has participated in the negotiation of this Order. See Docket Nos. 272, 400 and 596.

[3] National Railroad Passenger Corporation is deemed to be a Movant in this Order notwithstanding that it has filed no motions for relief from stay. National Railroad Passenger Corporation has joined in certain of the objections of BNSF Railway Company and has requested the entry of relief in favor of it. See Docket No. 594.

[4] Danny P. Landry and Susan P. Landry are deemed to be Movants in this Order notwithstanding that they have filed no motions for relief from stay. The Landrys, through counsel, have informally requested stay relief.

[5] Lillian Proctor is deemed to be a Movant in this Order notwithstanding that she has filed no motions for relief from stay. Ms. Proctor, through counsel, has informally requested stay relief.

set forth in this Order is in the best interests of the above-captioned Debtors and Debtors-in-Possession (each, a "**Debtor**" and collectively, the "**Debtors**"), their estates and creditors; and notice of the Motions being sufficient under the circumstances; and the Debtors and the Movants having agreed to the relief set forth herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY AGREED, ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Motions are granted as set forth herein.

2. Subject to the limitations set forth in this Order, the Movants are granted relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d) ("**Stay Relief**") for cause shown with respect to each of the Debtors in these bankruptcy cases and their estates. From and after the entry of this Order, the Movants are permitted to institute, commence or proceed with any judicial, administrative or other proceeding (each, including the pending and to-be-filed actions referenced in the Motions, shall hereinafter be referred to as a "**Proceeding**") against a Debtor that was or could have been commenced before January 3, 2012 (the "**Petition Date**"). Without limiting the foregoing: (a) each Movant may prosecute, including propounding discovery on the Debtors, a Proceeding to final judgment, including any subsequent appeals therefrom, and (b) the Stay Relief granted by this Order includes, but is not limited to, the claims of any Movant or any defendant in any Proceeding against any Debtor, including the commencement and prosecution of any cross-claims against the Debtors for indemnification or contribution, and (c) nothing herein shall limit the ability of any Movant to prosecute a Proceeding (including, without limitation, propounding discovery upon) and recover against any non-Debtor person or entity, and (d) the automatic stay of 11 U.S.C. § 362 is modified to the extent that it would enjoin any person from enforcing any rights under any insurance policies which may be implicated by the Movant's claim(s).

3. All rights, all claims (including cross-claims and counter-claims), all causes of action and all defenses of all parties to any Proceeding are reserved and nothing in this

Order is, or shall be deemed to be, a waiver of any such rights, claims, causes of action or defenses. The Order shall not alter, impair, modify, limit or expand: (i) the rights and duties of the Debtors, their insurers, or any other party in interest; or (ii) the insurance policies or any related agreements between any of the Debtors and their insurers.

4. Nothing herein shall grant the Movants Stay Relief to execute upon any judgment or settlement obtained against any Debtor, except to the extent of any available insurance policies or proceeds. Any Movant who litigates his or her claim(s) outside of the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") shall not receive distribution from the Debtors on account of his or her claim(s) in the Debtors' bankruptcy cases unless (a) such claim(s) are settled or liquidated by a court of competent jurisdiction other than the Bankruptcy Court and (b) all reasonable efforts to obtain satisfaction of such claim(s) from the Debtors' insurers have been pursued, and any coverage litigation relating to such claim(s) has been resolved; provided, however, that nothing contained herein shall limit or prejudice the rights of Movants to have the Bankruptcy Court estimate their claims for voting purposes or to object to confirmation of any plan proposed in the Debtors' bankruptcy cases including, specifically, the classification and treatment of Movants' claims and the issue of whether a reserve needs to be established for Movant's claims; provided, further, however, that the Debtors and all parties in interest reserve the right to, without limitation, (i) object to any claims asserted in the Debtors' bankruptcy cases on grounds other than the merits of the underlying, liquidated claim(s), (ii) object to any requests by any Movant to have the Bankruptcy Court estimate such Movant's claim(s) for voting purposes, and/or (iii) oppose any objection by any Movant to confirmation of any plan proposed in the Debtors' bankruptcy cases. Notwithstanding the foregoing, the Debtors are hereby authorized, but not directed, to pay any Movant's claims, or any amount owed to the Debtors' insurers in respect of such claims, as such amounts become due and payable, and any such payment, once made, shall not be (i) avoidable under chapter 5 of the Bankruptcy Code or (ii) subject to disgorgement, clawback, avoidance or rescission based on any order of the Bankruptcy Court approving (x) a sale of the Debtors' assets

under section 363 of the Bankruptcy Code, (y) debtor-in-possession financing or (z) confirmation of a plan of reorganization.

5. The automatic stay of 11 U.S.C. § 362(a) is modified to permit the Debtors' insurers to pay claims and claim-related expenses (including but not limited to arrearages) and to exercise any and all rights and fulfill any and all obligations under all policies providing insurance coverage to the Debtors or under any related agreements, as related to the Movants' claims, without prejudice to any rights the Debtors' insurers may have against the Debtors or otherwise.

6. The Stay Relief granted pursuant to this Order shall not be affected by any provision of (i) any order authorizing the sale of substantially all of the Debtors' assets, (ii) any order implementing ADR procedures in these bankruptcy cases, or (iii) any order converting these cases to cases under Chapter 7. This Order shall be binding on any trustee or other successor to the Debtors in these bankruptcy cases, or any chapter 7 trustee appointed in the Debtors' bankruptcy cases (if these cases are converted to cases under chapter 7).

7. Within five (5) business days of the entry of this Order, the Debtors shall serve a copy of this Order, via first class mail, postage prepaid, upon any insurer which issued a policy of insurance providing liability, excess or umbrella coverage to any of the Debtors on the date of any accident which is the subject of a Proceeding, and shall take all other actions, if any, necessary to comply with the Debtors' obligations as insureds under the policies.

8. Within thirty (30) days of the entry of this Order, the Debtors shall produce complete copies of the Policies which may cover any of the claims asserted in any Proceeding (including to-be-filed actions) to respective counsel.

9. This Order may be made applicable to any party who is not a Movant upon the Debtors' filing of a Notice of Joinder substantially in the form annexed hereto as Exhibit A executed by the Debtors and the joining party.

10. The provisions of Bankruptcy Rule 4001(a)(3) are hereby waived. This Order shall be effective on May 1, 2012.

11. This Court shall retain jurisdiction to hear any disputes arising out of the implementation of this Order.

DATED: *April 3*, 2012

*/s/ Kevin Gross*
The Honorable Kevin Gross
Chief Judge, United States Bankruptcy Court

**EXHIBIT A**
**JOINDER AGREEMENT**

   The undersigned ("**Joinder Party**") hereby acknowledges that it has read and understands the *Order Granting Motions For Relief From The Automatic Stay* (the "**Order**") entered by the United States Bankruptcy Court for the District of Delaware (Gross, J.) on April __, 2012.
   The Joinder Party hereby agrees to be bound by the terms and conditions of the Order, it being understood that the Joinder Party shall hereafter be a "Movant" as defined in the Order.

[Debtor]

_____
By:
Its:

[Joinder Party]

_____
By:
Its:

Dated: _____