**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| BIG LOTS, INC., *et al.* | ) | CASE NO. 24-11967 (JKS) |
| | ) | |
| Debtors[1] | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF MBM INVESTMENTS, LLC TO DEBTORS'**
**TENTH POST-CLOSING DESIGNATION NOTICE**

MBM Investments, LLC ("Landlord") for its Objection to the Debtors' Tenth Post-Closing Designation Notice (D.I. 1994, the "**Designation Notice**"), including the Designation Notice proposed cure amount, respectfully states:

1.     Landlord is the landlord for Debtors' Store #5205, located at 10 Village Plaza, Danville, NY ("**Store 5205**").  In the Designation Notice, the Debtors propose to assume and assign the lease for Store 5205 (the "**Store 5205 Lease**").  In Exhibit B to the Designation Notice, the Debtors further propose that the cure amount for Store 5205 is $0.00 (the "**Store 5205 Cure Amount**").

2.     The Store 5205 Cure Amount is incorrect.  Rather than $0.00, the actual cure amount for Store 5205 is $15,869.04 (the "**Store 5205 Correct Cure Amount**").  The Store 5205 Correct Cure Amount is composed of:

| | |
|---|---|
| September 2024 Rent | $15,869.04 |
| **Store 5205 Correct Cure Amount** | **$15,869.04** |

---

[1] The debtors and debtors-in-possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163) INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

3.      Any assumption of the Lease requires full payment of the Correct Cure Amount.

Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A)      cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B)      compensate, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C)      provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  The Debtors must cure all defaults of the Lease and provide adequate assurance of future performance before it may be assumed.  Here, the Landlord objects to the Designation Notice to the extent it does not reflect the Store 5205 Correct Cure Amount.

4.      The Landlord is reviewing the information regarding adequate assurance of future performance by the proposed assignee of the Lease and has requested additional information.  The Landlord does not anticipate that it will have an issue with adequate assurance of future performance by Assignee, subject to the prompt payment of the Correct Cure Amount as set forth above.

**ROETZEL & ANDRESS LPA**

*/s/ Timothy M. Reardon*
Timothy M. Reardon (0059631)
6550 Seville Drive
Canfield, Ohio 44406
Phone:  330-533-6195
Fax: 330-533-6198
treardon@ralaw.com

*Counsel for MBM Investments, LLC*

22826664 _1