## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1962, 2067** |

**MOTION OF DEBTORS FOR LEAVE TO FILE DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, AND (III) GRANTING RELATED RELIEF, INCLUDING <u>NOTICE AND FILING PROCEDURES</u>**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each

of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Leave To File Debtors' Omnibus*

*Reply To Objections To the Motion of Debtors for Entry of an Order (I) Setting a Bar Date for*

*Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing*

*Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief,*

*Including Notice and Filing Procedures* (this "**Motion**"), and move for entry of an order,

substantially in the form attached as <u>**Exhibit A**</u> hereto, granting the Debtors leave to file the

*Debtors' Omnibus Reply To Objections To the Motion of Debtors for Entry of an Order (I) Setting*

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* (the "**Reply**") [D.I. 2067], filed substantially contemporaneously herewith, and respectfully state as follows:

**Relief Requested**

1.      By this Motion, and pursuant to rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors move the Court for authority to file the Reply in support of *Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1962] (the "**Administrative Expense Procedures Motion**").[2]

**Jurisdiction, Venue, and Authority**

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Administrative Expense Procedures Motion, as applicable.

the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Local Rule 9006-1(d).

## Background

6.      On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed.  On September 23, 2024, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") [D.I. 248].

7.      Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77].

8.      On February 7, 2025, the Debtors filed the Administrative Expense Procedures Motion to establish an orderly process to reconcile claims in response to the numerous motions filed by trade creditors and landlords seeking full and immediate payment of administrative claims (the "**Administrative Expense Movants**").  Objections to the Administrative Expense Procedures Motion were due on February 19, 2025, at 4:00 p.m. (ET) (the "**Objection Deadline**").

9.      Through this Motion, the Debtors seek leave to file a late reply because the Debtors have agreed to extend the Objection Deadline for many Administrative Expense Movants, as well

as the Office of the United States Trustee (the "**U.S. Trustee**"), with the expectation of resolving objections and reconciling claims. To advance these negotiations, the Debtors extended the objection deadline for Popcorn Alley, Inc., Vitelli Foods, LLC, certain landlords represented by Hiller Law, LLC, and Hybrid Promotions LLC to February 20, 2025, and until February 21, 2025 for the U.S. Trustee. Eleven parties filed objections between February 19–20, 2025. [D.I. 2012, 2013, 2014, 2018, 2020, 2021, 2023, 2030, 2031, 2037, and 2040]. Because certain of these objections remain unresolved, the Debtors need additional time to respond.

10. In addition, as set forth in the Reply, since filing the Administrative Expense Procedures Motion, the Debtors have made substantial progress in reconciling claims and have received confirmation from a meaningful number of Administrative Expense Movants that they are willing to participate in the proposed procedures and adjourn their motions *sine die*. As of the filing of this Motion, the Debtors' reconciliation efforts are ongoing in real time.

## Basis for Relief

11. Local Rule 9006-1(d) states, "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d). Local Rule 9029-3(a) requires that agendas be filed by 12:00 p.m. prevailing Eastern Time two (2) business days prior to any hearing. Del. Bankr. L.R. 9029-3(a).

12. Presently, the Administrative Expense Procedures Motion is set for hearing on February 26, 2025, at 10:30 a.m. (ET), for which the agenda is due on February 24, 2025, at 12:00 p.m. (ET). Pursuant to Local Rule 9006-1, the Debtors' reply was due one day prior. Due to the extension of the objection deadline for many Administrative Expense Movants and the U.S. Trustee, the Debtors respectfully submit that cause exists to grant the relief requested by this Motion.

13.     The Debtors have been working diligently to resolve comments and objections to the Administrative Expense Procedures Motion, and have been working closely with their financial advisor, AlixPartners, LLP, to assess and reconcile administrative expense claims.

14.     This additional time has proved fruitful: the Debtors have confirmed that 56 Administrative Expense Movants are willing to participate in the reconciliation process and to adjourn their motions *sine die* while such reconciliation is ongoing.  The Debtors have likewise already reconciliated a meaningful number of Pre-Closing Administrative Expense Claims and intend to file an amended Pre-Closing Administrative Expense Claims Schedule of such claims before the February 26, 2025, omnibus hearing.

15.     The Debtors' Reply will provide the Court with important information and legal authority to support the Administrative Expense Procedures Motion.  The Debtors believe that the Reply will aid the Court in its consideration of the issues and allow for a more efficient use of the Court's time at the Hearing.  The objecting parties will also not be prejudiced by the filing of the Reply, as it will provide them with a greater opportunity and time to review and prepare for the February 26, 2025 omnibus hearing.

16.     Accordingly, the Debtors submit that, under the circumstances, there is sufficient cause to grant leave to file the Reply.

### Notice

17.     Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel to the Committee; (c) the Administrative Expense Movants; (d) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (e) Otterbourg P.C., as counsel to the Term Agent; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

18.     A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    February 24, 2025
          Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No.6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*