**Exhibit B**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: ~~Docket No. ___~~ **D.I. 1962** |

**ORDER (I) SETTING A BAR DATE FOR FILING PROOFS OF CLAIMS FOR PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTORS, (II) ESTABLISHING PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, AND (III) GRANTING RELATED RELIEF, INCLUDING NOTICE AND FILING PROCEDURES**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 501, 502, and 503 of the Bankruptcy Code, Bankruptcy Rules 2002, 3002, and 3003, and Local Rules 2002-1(e) and 3003-1, (i) establishing a bar date for filing Proofs of Pre-Closing Administrative Expense Claims in these Chapter 11 Cases arising from the Petition Date ~~and~~ through and including January 3, 2025, (ii) establishing Pre-Closing Administrative Expense Claims Procedures, and (iii) granting related relief, including approving the form and manner of notice thereof; and the Court having

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein are defined in the Motion.

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth in this order (this "**Pre-Closing Administrative Expense Claims Procedures Order**").

2.      Unless otherwise provided herein, the following is hereby established in these Chapter 11 Cases:

a.      5:00 p.m. prevailing Eastern Time on [April 3], 2025 as the deadline (the "**Pre-Closing Administrative Expense Claims Bar Date**") for each

person or entity to file a Proof of Pre-Closing Administrative Expense Claim in respect of any claim against any of the Debtors from the Petition Date ~~and~~ through and including January 3, 2025 (the "**Pre-Closing Administrative Expense Claims**")~~.~~;

b. Solely for claims arising pursuant to leases for non-residential real property that have neither been assumed nor rejected by the Debtors in these Chapter 11 Cases as of the entry of this Order (each, an "**Outstanding Lease**"), 5:00 p.m. prevailing Eastern Time on the date that is the later of (a) April 3, 2025, or (b) fourteen (14) days from the date of the entry of an order rejecting such Outstanding Lease as the deadline (the "**Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date**") for each person or entity to file a Proof of Pre-Closing Administrative Expense Claim in respect of any claim against any of the Debtors from the Petition Date through and including January 3, 2025 with respect to such Outstanding Lease.

3.      The Pre-Closing Administrative Expense Claim Form, substantially in the form attached hereto as **Exhibit 1**, the Pre-Closing Administrative Expense Claim Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, and the form of publication notice of the Pre-Closing Administrative Expense Claims Bar Date and Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, substantially in the form attached hereto as **Exhibit 3**, are each hereby approved.

**Who Must File a Proof of Claims with Respect to Pre-Closing Administrative Expense Claims**

4.      Except as otherwise provided herein (including, for the avoidance of doubt, ¶ 6), the following persons or entities asserting a Pre-Closing Administrative Expense Claim against the Debtors arising, or deemed to arise, from the Petition Date through and including January 3, 2025, shall be required to file a proof of Pre-Closing Administrative Expense Claim (a "**Proof of Pre-Closing Administrative Expense Claim**") by the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, if such persons or entities wish to be treated as administrative creditors with respect

to such Pre-Closing Administrative Expense Claim for the purposes of ~~distributions~~payments in these Chapter 11 Cases:

     a.    any Landlord Claimant;

     b.    any person or entity whose Pre-Closing Administrative Expense Claim is not listed on the Debtors' schedule of post-petition liabilities arising on or prior to January 3, 2025 attached hereto as **Exhibit 4** (the "**Pre-Closing Administrative Expense Claims Schedule**"); and

     c.    any person or entity whose Pre-Closing Administrative Expense Claim is listed in an incorrect amount and who desires to have its Pre-Closing Administrative Expense Claim allowed in a different amount than identified on the Pre-Closing Administrative Expense Claims Schedule.

**Who is Not Required to File a Proof of Claims with Respect to Pre-Closing Administrative Expense Claims**

     5.    The following persons or entities holding Pre-Closing Administrative Expense Claims against the Debtors shall not be required to file a Proof of Pre-Closing Administrative Expense Claim prior to the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable:

     a.    any person or entity whose Pre-Closing Administrative Expense Claim is listed on the Pre-Closing Administrative Expense Claims Schedule, if the person or entity does not disagree with the amount of the claim as identified on the Pre-Closing Administrative Expense Claims Schedule.

     b.    any person or entity whose claim has been allowed by order of the Court entered on or before the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable;

     c.    any person or entity with a claim arising under section 503(b)(9) of the Bankruptcy Code, which claim must be filed pursuant to the Prepetition Bar Date Order;

     d.    any person or entity whose Pre-Closing Administrative Expense Claim has been (i) paid in full by the Debtors, (ii) otherwise satisfied pursuant to an agreement between the Debtors and the applicable holder of a Pre-Closing Administrative Expense Claim, (iii) satisfied pursuant to the Bankruptcy Code or in accordance with an order of the Court, or (iv) is otherwise fully satisfied;

e.      any current or former employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; provided that a current or former employee must submit a Proof of Pre-Closing Administrative Expense Claim by the Pre-Closing Administrative Expense Claims Bar Date for all other claims arising after the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

f.      any person or entity holding a claim for which a separate deadline is fixed by this Court, including requests from professionals for payment under (i) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [D.I. 519] and (ii) the *Order Approving Procedures for the Retention and Compensation of Ordinary Course Professionals* [D.I. 548];

g.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

h.      any Debtor having a claim against another Debtor;

i.      any contract or lease counterparty whose contract or lease has been assumed or assumed and assigned by the Debtors;

j.      any person or entity with an administrative expense claim arising after January 3, 2025;

k.      any person or entity who has filed a motion, application, proof of claim, or request for allowance and payment of a Pre-Closing Administrative Expense Claim prior to the Pre-Closing Administrative Expense Claims Bar Date (a **"Pre-Closing Administrative Expense Claims Motion to Compel"**); and

l.      any person or entity who, prior to the entry of the Pre-Closing Administrative Expense Claims Procedures Order, has already filed a proof of claim that complies with the Pre-Closing Administrative Expense Claims Procedures.

6.      For the avoidance of doubt, all Pre-Closing Administrative Expense Claims Motions to Compel shall be treated as Proofs of Pre-Closing Administrative Expense Claims, and any potential administrative creditor who has filed such a Pre-Closing Administrative Expense Claims Motion to Compel shall not be required to file a Proof of Pre-Closing

Administrative Expense Claim. The amounts asserted in any Pre-Closing Administrative Expense Claims Motion to Compel filed prior to February 7, 2025 are reflected in the Pre-Closing Administrative Expense Claims Schedule, solely to the extent the Debtors agree with such asserted amount. To the extent such Pre-Closing Administrative Expense Claims Motions to Compel are filed after the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, they shall be denied and treated in accordance with ¶ 9 of this Order, unless otherwise ordered by the Court.

7.        The Debtors are not required to respond to any of the motions, applications, or other requests for allowance and payment of Pre-Closing Administrative Expense Claims filed before or after the entry of this Pre-Closing Administrative Expense Claims Procedures Order, and any hearings with respect to such motions, applications, and requests that may be filed shall be adjourned *sine die*.

**Requirements and Procedures for Filing a Proof of Pre-Closing Administrative Expense Claim**

8.        The following procedures and requirements with respect to preparing and filing Proofs of Pre-Closing Administrative Expense Claim are hereby established:

a.    Proofs of Pre-Closing Administrative Expense Claim must be submitted on the Pre-Closing Administrative Expense Claim Form, or substantially conform to such official form;

b.    Proofs of Pre-Closing Administrative Expense Claim must be written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the Pre-Closing Administrative Expense Claim is asserted, set forth the legal and factual bases for the Pre-Closing Administrative Expense Claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and

c.    if the claimant asserts a Pre-Closing Administrative Expense Claim against more than one Debtor, the claimant must file a separate Pre-Closing Administrative Expense Claim Form against each applicable Debtor.

d.    <u>Electronic proofs of claim</u>.  A Proof of Pre-Closing Administrative Expense Claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim."  A Proof of Pre-Closing Administrative Expense Claim must be submitted **so as to be actually received** on or before the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable.

e.    <u>Hardcopy proofs of claim</u>.  An original, signed copy of the Proof of Pre-Closing Administrative Expense Claim must be sent **so as to be actually received** on or before the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, as follows:

**If by first class mail:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

f.    <u>Other methods not accepted</u>.  A Proof of Pre-Closing Administrative Expense Claim sent by means other than as described above, including by means of email or fax, will not be accepted.

**Consequences of Failure to Timely File a Proof of Pre-Closing Administrative Expense Claim**

9.    Absent further order of the Court to the contrary, any entity that is required, but fails, to file a Proof of Pre-Closing Administrative Expense Claim in accordance with this Pre-Closing Administrative Expense Claims Procedures Order on or before the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative

Expense Claims Bar Date, as applicable, shall, to the extent applicable, be bound by the

Pre-Closing Administrative Expense Claims Schedule (including the applicable Pre-Closing

Administrative Expense Claim amount(s) listed therein), and be forever barred, and estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Pre-Closing

Administrative Expense Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such Pre-Closing Administrative Expense Claim. Moreover, such creditor shall be prohibited from

participating in any payment or distribution in these Chapter 11 Cases on account of such

Pre-Closing Administrative Expense Claim.

**Actual Notice of the Pre-Closing Administrative Expense Claims Bar Date and Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date to Known Potential Creditors**

10.    Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (p), the Debtors shall provide the

Pre-Closing Administrative Expense Claims Bar Date Notice Package via email (where available if counsel for such persons or entities holding Pre-Closing Administrative Expense

Claims filed a notice of appearance or request for service of notice) or mail to the following

potential creditors and other parties in interest, wherever located:

a.    the Office of the U.S. Trustee;

b.    counsel to the Committee;

c.    all known creditors and other known holders of who hold or have held potential Pre-Closing Administrative Expense Claims against the Debtors' or their estates based on the Debtors' post-petition books and records (excluding the Debtors' current and former employees), including (i) those listed on the Pre-Closing Administrative Expense Claims Schedule and, (ii) those holders who were owed Pre-Closing Administrative Expense Claims (excluding the Debtors' current and former employees), and (iii) the Landlord Claimants;

d.    all parties who have filed motions, applications, or requests for payment of a Pre-Closing Administrative Expense Claim as of the date of entry of this Pre-Closing Administrative Expense Claims Procedures Order;

e.    the Internal Revenue Service;

f.    all other taxing authorities for jurisdictions in which the Debtors do business or did business as of and following the Petition Date; and

g.    the office of the attorney general for the District of Delaware and for the states in which the Debtors operate.

**Publication Notice of the Pre-Closing Administrative Expense Claims Bar Date and Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date for Unknown Potential Creditors**

11.    The Debtors shall publish the Pre-Closing Administrative Expense Claims Bar Date Notice, in substantially the form attached hereto as **Exhibit 3**, in the national edition of *Wall Street Journal* or another publication with similar national circulation, and on the case management website,[3] with any modifications necessary for ease of publication, promptly after entry of this Pre-Closing Administrative Expense Claims Procedures Order and at least twenty-one (21) days prior to the Pre-Closing Administrative Expense Claims Bar Date.

**Supplemental Service**

12.    After the initial service of the Pre-Closing Administrative Expense Claims Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental service of the Pre-Closing Administrative Expense Claims Bar Date Notice Package, including in the event that: (a) notices are returned by the post office with forwarding addresses; and (b) additional potential claimants become known after the initial service of the Pre-Closing Administrative Expense Claims Bar Date Notice Packages.  For holders of Pre-Closing Administrative Expense Claims receiving such supplemental service, except for entities that are exempt from complying

---

[3] The case management website can be found at https://cases.ra.kroll.com/BigLots.

with the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, as set forth in this Order, the deadline to file Proofs of Pre-Closing Administrative Expense Claim, if necessary, shall be the later of (a) the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the supplemental service of the Pre-Closing Administrative Expense Claims Bar Date Notice Packages (or another time period as may be fixed by the Court).

**Additional Relief**

13.     The Debtors and the Claims and Noticing Agent are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Pre-Closing Administrative Expense Claims Procedures Order, including without limitation, paying of costs incurred in connection with noticing the Pre-Closing Administrative Expense Claims Bar Date.

14.     The Debtors and the Claims and Noticing Agent are authorized to redact from the Pre-Closing Administrative Expense Claims Schedule the home and email addresses of individuals, including the Debtors' individual creditors and interest holders, employees, former employees, and equity holders.

15.     Notification of the relief granted by this Pre-Closing Administrative Expense Claims Procedures Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all administrative creditors of their rights and obligations in connection with Pre-Closing Administrative Expense Claims they may have against the Debtors in these Chapter 11 Cases.

16.     Nothing in this Pre-Closing Administrative Expense Claims Procedures Order shall prejudice the right of the Debtors or their estates, or any other party in interest, to dispute or assert offsets or defenses to any Pre-Closing Administrative Expense Claim reflected in the Pre-Closing Administrative Expense Claims Schedule or otherwise.

17.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Pre-Closing Administrative Expense Claims Procedures Order is hereby waived, and the terms and conditions of this Pre-Closing Administrative Expense Claims Procedures Order shall be effective and enforceable immediately upon its entry.

18.     The Debtors may make corrections, additions, or deletions to the Pre-Closing Administrative Expense Claims Bar Date Notice Package and the publication notice as appropriate, including to remove stale or non-pertinent information.

19.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Pre-Closing Administrative Expense Claims Procedures Order without seeking further order of the Court.

20.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Pre-Closing Administrative Expense Claims Procedures Order.

21.     After the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, the Debtors shall have the sole authority to: (a) file or litigate to judgment, objections to Proofs of Pre-Closing Administrative Expense Claims; and (b) settle or compromise with persons or entities who have filed (i) Proofs of Pre-Closing Administrative Expense Claims (before or after entry of the Pre-Closing Administrative Expense Claims Procedures Order, in each case, in accordance with

11

the Pre-Closing Administrative Expense Claims Procedures) or (ii) Pre-Closing Administrative Expense Claims Motions to Compel prior to or after the entry of the Pre-Closing Administrative Expense Claims Procedures Order (collectively, the "**Disputed Pre-Closing Administrative Expense Claims**"); *provided, that*, in the case of (a) or (b) above (solely if the Debtors thereafter reach a consensual resolution with a holder of a Disputed Pre-Closing Administrative Expense Claim), the Debtors shall memorialize such resolution in an order to be submitted to the Bankruptcy Court under Certification of Counsel.  Additionally, the Debtors may amend the Pre-Closing Administrative Expense Claim Schedule based on reconciliation of Pre-Closing Administrative Expense Claims listed therein, with reasonable notice provided to the affected counterparties.[4]

22.    Nothing in this Pre-Closing Administrative Expense Claims Procedures Order shall prejudice the rights of the Debtors or, their estates, or any potential claimant with respect to administrative expense claims incurred after January 3, 2025 (the "**Post-Closing Administrative Expense Claims**"), including the payment of Post-Closing Administrative Expense Claims in the ordinary course pursuant to the GBRP Sale Order and APA (as defined in the GBRP Sale Order).

23.    As soon as reasonably practicable after the later of (a) Pre-Closing Administrative Expense Claims Bar Date and (b) the Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, the Debtors, in consultation with the Committee, are hereby authorized to (i) commence making *pro rata* payments to holders of undisputed Pre-Closing Administrative Expense Claims on account of their respective (x) Pre-Closing Administrative Expense Claims

---

[4] The Debtors, in Consultation with the Committee, may extend the Pre-Closing Administrative Expense Claims Bar Date or the Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date with respect to such affected counterparties.

and (y) any claims arising under section 503(b)(9) of the Bankruptcy Code that were validly filed pursuant to the Prepetition Bar Date Order (the "**503(b)(9) Claims**") and (ii) set aside a reserve for any disputed Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims. The Debtors, in consultation with the Committee, are authorized to set aside an adequate reserve for any unpaid Post-Closing Administrative Expense Claim or 503(b)(9) Claim, to the extent any exist. Additionally, the Debtors are authorized to file a notice with the Court prior to making any payments on account of (a) Pre-Closing Administrative Expense Claims to which the Pre-Closing Administrative Expense Claims Procedures apply or (b) any 503(b)(9) Claims.

**EXHIBIT 1**

**Pre-Closing Administrative Expense Claim Form**

**EXHIBIT 2**

**Pre-Closing Administrative Expense Claim Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: ~~Docket No~~**D.I.** [——●] |

## NOTICE OF BAR DATE FOR FILING A PROOF
## OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS

On September 9, 2024 (collectively, the "**Petition Date**"), the following debtors (the "**Debtors**") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "**Court**"):

| Debtors | Case No. |
|---|---|
| Big Lots, Inc. | Case No. 24-11967 (JKS) |
| ADVC, LLC | Case No. 24-11981 (JKS) |
| Big Lots eCommerce LLC | Case No. 24-11980 (JKS) |
| Big Lots F&S, LLC | Case No. 24-11984 (JKS) |
| Big Lots Management, LLC | Case No. 24-11969 (JKS) |
| Big Lots Stores – CSR, LLC | Case No. 24-11976 (JKS) |
| Big Lots Stores – PNS, LLC | Case No. 24-11970 (JKS) |
| Big Lots Stores, LLC | Case No. 24-11973 (JKS) |
| BLBO Tenant, LLC | Case No. 24-11972 (JKS) |
| Broyhill LLC | Case No. 24-11971 (JKS) |
| Closeout Distribution, LLC | Case No. 24-11978 (JKS) |
| Consolidated Property Holdings, LLC | Case No. 24-11968 (JKS) |
| CSC Distribution LLC | Case No. 24-11974 (JKS) |
| Durant DC, LLC | Case No. 24-11975 (JKS) |
| GAFDC LLC | Case No. 24-11977 (JKS) |
| Great Basin, LLC | Case No. 24-11966 (JKS) |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| INFDC, LLC | Case No. 24-11983 (JKS) |
| PAFDC LLC | Case No. 24-11982 (JKS) |
| WAFDC, LLC | Case No. 24-11979 (JKS) |

On [February [●]], 2025, the Court entered an order (the "**Pre-Closing Administrative Expense Claims Procedures Order**")[2] establishing the following deadline for filing administrative expense claims from the Petition Date ~~and~~ through and including January 3, 2025 (the "**Pre-Closing Administrative Expense Claims**") in the Debtors' Chapter 11 Cases:

(a) **[April 3], 2025, 5:00 p.m. prevailing Eastern Time** as the deadline (the "**Pre-Closing Administrative Expense Claims Bar Date**") to file a Proof of Pre-Closing Administrative Expense Claim in respect of any Pre-Closing Administrative Expense Claim against any of the Debtors, unless otherwise provided in the Pre-Closing Administrative Expense Claims Procedures Order.

(b) Solely for claims arising under leases for non-residential real property that have neither been assumed nor rejected in these Chapter 11 Cases as of [February [●], 2025] (each, an "Outstanding Lease"), 5:00 p.m. prevailing Eastern Time on the date that is the later of (a) [April 3], 2025, or (b) fourteen (14) days from the date of the entry of an order rejecting such Outstanding Lease as the deadline (the "Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date") for each person or entity to file a Proof of Pre-Closing Administrative Expense Claim in respect of any claim against any of the Debtors from the Petition Date through and including January 3, 2025 with respect to such Outstanding Lease.

**Details on Who Must File a Claim.** Except as otherwise provided for in the Pre-Closing Administrative Expense Claims Procedures Order, the following persons or entities shall be required to file a proof of Pre-Closing Administrative Expense Claim (a "**Proof of Pre-Closing Administrative Expense Claim**"):

(a) any Landlord Claimant;

(b) any person or entity whose Pre-Closing Administrative Expense Claim is not listed on the Debtors' schedule of post-petition liabilities arising on or prior to January 3, 2025 attached to the Pre-Closing Administrative Expense Claims Procedures Order as **Exhibit 4** (the "**Pre-Closing Administrative Expense Claims Schedule**"); and

(c) any person or entity whose Pre-Closing Administrative Expense Claim is listed in an incorrect amount and who desires to have its Pre-Closing Administrative Expense Claim allowed in a different amount than identified on the Pre-Closing Administrative Expense Claims Schedule.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Pre-Closing Administrative Expense Claims Procedures Order.

Consult the Pre-Closing Administrative Expense Claims Procedures Order for ~~Details on Who Must File a Claim.~~ ~~Consult the Pre-Closing Administrative Expense Claims Procedures Order for~~ additional details on whether you are required to file a proof of Pre-Closing Administrative Expense Claim (a "**Proof of Pre-Closing Administrative Expense Claim**"). Copies of the Pre-Closing Administrative Expense Claims Procedures Order, the schedule of post-petition administrative liabilities arising on or prior to January 3, 2025 (the "**Pre-Closing Administrative Expense Claims Schedule**"), and other documents and information regarding the Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots. A copy of the Pre-Closing Administrative Expense Claims Schedule will be mailed at no cost to any claimant upon request.

**Instructions for Filing Proofs of Pre-Closing Administrative Expense Claim for Pre-Closing Administrative Expense Claims Arising on or prior to January 3, 2025.** Any person or entity asserting a Pre-Closing Administrative Expense Claim arising on or before January 3, 2025 against the Debtors **MUST** abide by the following procedures and requirements in preparing and filing proofs of claim: (i) each Proof of Pre-Closing Administrative Expense Claim must be (a) submitted on the enclosed claim form and (b) written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the Pre-Closing Administrative Expense Claim is asserted, set forth the legal and factual bases for the Pre-Closing Administrative Expense Claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and (ii) if the claimant asserts a Pre-Closing Administrative Expense Claim against more than one Debtor, the claimant must file a separate Proof of Pre-Closing Administrative Expense Claim against each applicable Debtor.

A Proof of Pre-Closing Administrative Expense Claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim." If filed by hardcopy, an original, signed copy of the proof of claim must be sent to:

> **If by first class mail:**
> Big Lots, Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> Grand Central Station, PO Box 4850
> New York, NY 10163-4850

> **If by hand delivery, or overnight courier:**
> Big Lots, Inc. Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

A claim must be submitted **so as to be actually received** on or before the Pre-Closing Administrative Expense Claims Bar Date or the Outstanding Lease Pre-Closing Administrative

Expense Claims Bar Date, as applicable.  Proofs of Pre-Closing Administrative Expense Claim sent by means other than as described above will not be accepted.

**Consequences of Failing to Timely File Your Pre-Closing Administrative Expense Claim**.  ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES ORDER, AS SET FORTH ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE OR THE OUTSTANDING LEASE PRE-CLOSING ADMINSITRATIVE EXPENSE CLAIMS BAR DATE, AS APPLICABLE, AS DESCRIBED IN THIS NOTICE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM FOR THE PURPOSES OF PAYMENT.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM OR THE DEBTORS BELIEVE YOU HAVE A PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM.

**Additional Information**.  Copies of the Debtors' Pre-Closing Administrative Expense Claims Schedule, the Pre-Closing Administrative Expense Claims Procedures Order, and certain other pleadings, orders, and notices, and other information regarding the Chapter 11 Cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/BigLots.  Filings in the Chapter 11 Cases are also available for a fee at the Court's website at **www.deb.uscourts.gov/**.  A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov**.  Documents filed in this case also may be examined between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you have any questions relating to this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, by: (a) phone at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International), or (b) email at BigLotsInfo@ra.kroll.com. You can also find further information at https://cases.ra.kroll.com/BigLots.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute or assert offsets or defenses against, any Pre-Closing Administrative Expense Claim as to the nature, amount, or liability thereof; (b) subsequently designate any Pre-Closing Administrative Expense Claim as disputed; and (c) otherwise amend or supplement the Pre-Closing Administrative Expense Claims Schedule.

*[Remainder of page left intentionally blank]*

Dated: [___], 2025
    Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel:  (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.:  (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEADLINES TO FILE CERTAIN ADMINISTRATIVE EXPENSE
CLAIMS**

**To all persons or entities with claims against the following debtors:**  Big Lots, Inc., Case No. 24-11967 (JKS); ADVC, LLC, Case No. 24-11981 (JKS); Big Lots eCommerce LLC, Case No. 24-11980 (JKS); Big Lots F&S, LLC, Case No. 24-11984 (JKS); Big Lots Management, LLC, Case No. 24-11969 (JKS); Big Lots Stores – CSR, LLC, Case No. 24-11976 (JKS); Big Lots Stores – PNS, LLC, Case No. 24-11970 (JKS); Big Lots Stores, LLC, Case No. 24-11973 (JKS); BLBO Tenant, LLC, Case No. 24-11972 (JKS); Broyhill LLC, Case No. 24-11971 (JKS); Closeout Distribution, LLC, Case No. 24-11978 (JKS); Consolidated Property Holdings, LLC, Case No. 24-11968 (JKS); CSC Distribution LLC, Case No. 24-11974 (JKS); Durant DC, LLC, Case No. 24-11975 (JKS); GAFDC LLC, Case No. 24-11977 (JKS); Great Basin, LLC, Case No. 24-11966 (JKS); INFDC, LLC, Case No. 24-11983 (JKS); PAFDC LLC, Case No. 24-11982 (JKS); and WAFDC, LLC, Case No. 24-11979 (JKS) (collectively, the "**Debtors**").  On September 9, 2024 (collectively, the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

By order dated [February [●]], 2025 (the "**Pre-Closing Administrative Expense Claims Procedures Order**"), the Court established claim filing deadlines as follows:  ~~(i)~~ all persons or entities with an administrative expense claim against any of the Debtors arising from the Petition Date through and including January 3, 2025~~,~~ **MUST FILE A PROOF OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM** on or before (i) **[April 3], 2025, 5:00 p.m. prevailing Eastern Time or** (ii) (ii) solely for claims arising pursuant to leases for non-residential real property that have neither been assumed nor rejected by the Debtors as of [February [●]], 2025 (the "**Outstanding Leases**"), the later of (a) [April 3], 2025, 5:00 p.m. prevailing Eastern Time and (b) fourteen (14) days from the date of the entry of an order rejecting such Outstanding Lease. A Proof of Pre-Closing Administrative Expense Claim must be submitted **so as to be actually received** on or before the applicable deadline to be deemed timely.

Copies of the Pre-Closing Administrative Expense Claims Procedures Order, the Debtors' schedule of post-petition liabilities and other documents and information regarding the Debtors' Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots or by calling at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International). Consult the Pre-Closing Administrative Expense Claims Procedures Order for additional details on whether you are required to file a Proof of Pre-Closing Administrative Expense Claim, as well as instructions and procedures for completing and filing Proofs of Pre-Closing Administrative Expense Claim.  Do not contact the Clerk of Court for legal advice.

**ANY PERSON OR ENTITY THAT IS REQUIRED TO TIMELY FILE A PROOF OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM BUT FAILS TO DO SO SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM FOR THE PURPOSE OF ~~DISTRIBUTION~~PAYMENT IN THE DEBTORS' CHAPTER 11 CASES.**

*BY ORDER OF THE COURT*

**EXHIBIT B**

The Pre-Closing Administrative Expense Claims Schedule