# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11967 (JKS) |
| | ) | (Jointly Administered) |
| BIG LOTS, INC., *et al.*,[1] | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | **Re: Docket No. 1923** |

## OBJECTION OF SIMPSONVILLE PLAZA, LLC TO DEBTORS' FIFTH POST-CLOSING DESIGNATION NOTICE

Simpsonville Plaza, LLC, successor in interest to Garrett Simpsonville Center, LLC ("Landlord"), hereby files this objection and reservation of rights (the "Objection") to the Debtors' *Fifth Post-Closing Designation Notice* [Docket No. 1923] (the "Designation Notice") and respectfully states the following:

## BACKGROUND

1. On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court.

2. Landlord, as landlord, and Debtor Big Lots Stores, Inc., as tenant ("Tenant"), are parties to that certain Lease Agreement entered as of the effective date of May 4, 2011 (together with all exhibits and attachments thereto and as amended and assigned from time to time, the "Lease") for certain property located at 915 S Street, Suite A, Simpsonville, South Carolina (the "Premises"). A true and correct copy of the Lease is attached hereto as **Exhibit "1"**.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

3.      The Designation Notice identifies the Lease as an unexpired lease that may be assumed and assigned by the Debtors pursuant to 11 U.S.C. § 365 with a purported cure amount of $0.00 (the "Cure Amount").  The stated Cure Amount does not include unpaid amounts accrued post-petition, which must be paid to fulfill Tenant's obligations under the Lease.

4.      Subsequent to the filing of these cases, Landlord and the Debtors agreed to a proposed Amendment to Lease with an effective date of November 1, 2024, which would have substituted Big Lots, LLC for Tenant, and which included Landlord's agreement for a 90-day abatement of Base Rent under the Lease for the period of November 2024 through January 2025; however, the Debtors never obtained the Court's authorization for such amendment.  At this time, absent Court authorization for the amendment, the Amendment to Lease is not valid or enforceable.  If the Lease is assumed, it is contemplated that the amendment will become effective. A true and correct copy of the proposed Amendment to Lease is attached hereto as **Exhibit "2"**.

5.      Tenant has not paid Landlord the rent due under the Lease for August and September 2024; Tenant did pay the rent for October 2024.  Tenant has paid no rent to Landlord for November 2024, December 2024 or January 2025.  Tenant paid the Base Rent for February 2025, in the amount of $17,484.84.  Tenant has not paid the 2024 common area maintenance (CAM) charges due under the Lease.

6.      Even if the abatement of Base Rent under the proposed Amendment to Lease were deemed effective (by approved assumption of the Lease or by separate order authorizing it), Tenant is in arrears under the Lease in the amounts of $32,238.58 for Base Rent, and $54,194.66 for the 2024 CAM charges due, for a total arrearage of $86,433.24. If the Amendment to Lease is not

authorized by the Court, the arrearage is increased by the Base Rent due for November 2024, December 2024 and January 2025.[2]

7.      If the Lease is not assumed, Landlord is entitled to allowance and payment of an administrative priority claim in the amount of Base Rent for November 2024, December 2024, January 2025, any additional months prior to the Court's approval of the rejection of the Lease, and the portion of the 2024 CAM charges incurred after September 9, 2024.

## OBJECTION

8.      Landlord files this Objection, not to express its opposition to Debtors' efforts to assume and assign Tenant's interest in the Lease, but to oppose such assumption and assignment to the extent that Debtors propose to do so in violation of the provisions of, without limitation, § 365 of the Bankruptcy Code.

9.      In order to assume and assign the Lease, Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Lease, including, without limitation, defaults related to compliance with all provisions of the Lease.

10.     The proposed assumption and assignment of the Lease must be accomplished subject to all of the Lease's provisions, both beneficial and burdensome. Section 365 of the Bankruptcy Code expressly provides that, for the assumption and assignment of an unexpired lease, the lease must be assumed and assigned in its entirety and not assumed and assigned only subject to the beneficial portions of such lease. *See Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re*

---

[2]  The proposed Amendment to Lease was intended to be effective in connection with the assumption of the Lease, and Landlord's abatement of Base Rent is effective only if the Lease is assumed.

*G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not 'cherry-pick' the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, *cum onere*, or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R. 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is 'selling' a lease or executory contract, rather than assuming and assigning it.").

11.    Landlord objects to the Designation Notice to the extent that the Cure Amount is inaccurate. The Debtors have failed to pay prepetition Base Rent for August and September 2024, post-petition Base Rent for the months of November 2024, December 2024 and January 2025 (which three months of Base Rent would be abated under the Amendment to Lease, if the Lease is assumed), and the Debtors have not paid the 2024 CAM charges due under the Lease. As stated above in paragraph 6, even if the Base Rent abatement under the Amendment to Lease is allowed, the total arrearage due under the Lease for payment in connection with the assumption of the Lease is $86,433.24 (the "Cure Amount").

12.    Any order approving the assumption and assignment of the Lease should provide that the Cure Amount will be paid at the time of assumption and adjusted to include all unpaid amounts due to Landlord under the Lease as of the date of the assumption and assignment of the Lease. Additionally, any order must provide that amounts which have accrued but are not yet due,

such as Tenant's share of 2025 CAM expenses, are obligations of the purchaser/assignee of the Lease and must be paid to Landlord when such obligations become due under the provisions of the Lease.

## **RESERVATION OF RIGHTS**

13.    Landlord reserves the right to modify, supplement, or amend this Objection as further information becomes available, including reserving the right to revise the Cure Amount before the date of assumption and assignment of the Lease.

## **CONCLUSION**

Accordingly, Landlord objects to the proposed assumption and assignment of the Lease and respectfully asks the Court to enter an order consistent with this Objection.

Dated: February 25, 2025                    CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

-and-

Julio E. Mendoza, Jr., Esq.
MAYNARD NEXSEN PC
1230 Main Street, Suite 700 (29201)
Columbia, SC 29202
(803) 540-2026
rmendoza@maynardnexsen.com

*Counsel for Simpsonville Plaza, LLC, successor in interest to Garrett Simpsonville Center, LLC*