**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF SECOND AMENDED[2] AGENDA FOR HEARING SCHEDULED**
**FOR FEBRUARY 26, 2025, AT 10:30 A.M. (ET)**

---

This proceeding will be conducted **in-person in courtroom 2 on the 6th floor**. All counsel and witnesses are expected to attend unless permitted to appear remotely via Zoom.

Please refer to Judge Stickles' Chambers Procedures (https://www.deb.uscourts.gov/judge-j-kate-stickles) and the Court's website (http://www.deb.uscourts.gov/ecourt-appearances) for information on who may participate remotely, the method of allowed participation (video or audio), Judge Stickles' expectations of remote participants, and the advance registration requirements.

Registration is required by 4:00 p.m. (Prevailing Eastern Time) the business day before the hearing unless otherwise noticed using the *eCourtAppearances* tool available on the Court's website.

---

**RESOLVED/WITHDRAWN MATTERS**

1.      Motion of Maureen Scullon to Modify the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code (D.I. 1256, filed 11/27/24).

        Objection Deadline: December 12, 2024, at 4:00 p.m. (ET).

        Responses Received:

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]      Amended items appear in **bold**.

a)       Informal comments received from the Debtors.

Related Documents:

a)       Certification of Counsel Regarding Order Approving Stipulation Granting Maureen Scullon Relief from the Automatic Stay to Proceed in Civil Action (D.I. 2024, filed 2/19/25).

b)       Order Approving Stipulation Granting Maureen Scullon Relief from the Automatic Stay to Proceed in Civil Action (D.I. 2039, entered 2/20/25).

Status:  An order has been entered. A hearing on this matter is no longer necessary.

2.       Ashley Furniture's Motion for Relief from the Automatic Stay (D.I. 1603, filed 1/7/25).

Objection Deadline: January 14, 2025, at 4:00 p.m. (ET); extended to January 16, 2025, at 12:00 p.m. (ET) for the Debtors.

Responses Received:

a)       Informal comments from the Debtors.

Related Documents:

a)       Certification of Counsel Regarding Agreed Order Granting Motion for Relief from the Automatic Stay (D.I. 1854, filed 1/27/25).

b)       Agreed Order Granting Motion for Relief from the Automatic Stay (D.I. 1933, entered 2/5/25).

Status:  An order has been entered. A hearing on this matter is no longer necessary.

3.       Debtors' Application for Entry of an Order Authorizing Retention and Employment of Porter, Wright, Morris & Arthur LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to October 31, 2024 (D.I. 1639, filed 1/8/25).

Objection Deadline: January 22, 2025, at 4:00 p.m. (ET).

Responses Received: None.

Related Documents:

a)       Certificate of No Objection Regarding Debtors' Application for Entry of an Order Authorizing Retention and Employment of Porter, Wright, Morris & Arthur LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to October 31, 2024 (D.I. 1853, filed 1/27/25).

       b)       Order Authorizing Retention and Employment of Porter, Wright, Morris & Arthur LLP as Special Counsel for the Debtors *Nunc Pro Tunc* to October 31, 2024 (D.I. 1887, entered 1/31/25).

       Status:  An order has been entered. A hearing on this matter is no longer necessary.

4.       Motion of Gainesville Realty, Ltd., to Compel Debtors to Immediately Reject a Lease of Non-Residential Real Property (D.I. 1799, filed 1/21/25).

       Objection Deadline: February 4, 2025, at 4:00 p.m. (ET); extended to February 18, 2025, at 4:00 p.m. (ET).

       Responses Received: None.

       Related Documents:

       a)       Notice of Withdrawal of, Without Prejudice, the Motion of Gainesville Realty, Ltd., to Compel Debtors to Immediately Reject a Lease of Non-Residential Real Property (D.I. 2029, filed 2/20/25).

       Status:  This matter was withdrawn.

**ADJOURNED MATTERS**

5.       Gerald Bogle's Motion for Relief from the Automatic Stay (D.I. 672, filed 10/31/24).

       Objection Deadline: November 14, 2024, at 4:00 p.m. (ET); extended to March 11, 2025.

       Responses Received: None at this time.

       Related Documents: None at this time.

       Status:  This matter is adjourned to the omnibus hearing scheduled for March 25, 2025, at 10:00 a.m. (ET).

6.       Motion of Amy Eskra-Brown for Relief from Bankruptcy Automatic Stay to Proceed Against Insurance Proceeds (D.I. 674, filed 10/31/24).

       Objection Deadline: November 14, 2024, at 4:00 p.m. (ET).

       Responses Received:

       a)       Debtors' Omnibus Objection to Motions for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (D.I. 1103, filed 11/14/24).

       Related Documents:

a)    Notice of Hearing in Support of Motion for Relief from Stay (D.I. 858, filed 11/4/24).

b)    Declaration of Jonathan Caruso in Support of Debtors' Omnibus Objection to Motions for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (D.I. 1352, filed 12/16/24).

Status:  This matter is adjourned to the omnibus hearing scheduled for March 25, 2025, at 10:00 a.m. (ET).

7.    Motion of Carol Donnelly for Relief from Bankruptcy Automatic Stay to Proceed Against Insurance Proceeds (D.I. 676, filed 10/31/24).

Objection Deadline: November 14, 2024, at 4:00 p.m. (ET).

Responses Received:

a)    Debtors' Omnibus Objection to Motions for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (D.I. 1103, filed 11/14/24).

Related Documents:

a)    Notice of Hearing in Support of Motion for Relief from Stay (D.I. 861, filed 11/4/24).

b)    Declaration of Jonathan Caruso in Support of Debtors' Omnibus Objection to Motions for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code (D.I. 1352, filed 12/16/24).

Status:  This matter is adjourned to the omnibus hearing scheduled for March 25, 2025, at 10:00 a.m. (ET).

8.    SquareTrade Inc.'s Motion for Order Compelling Immediate Assumption or Rejection of Agreement; or, in the Alternative, for Stay Relief (D.I. 1600, filed 1/7/25).

Objection Deadline: January 14, 2025, at 4:00 p.m. (ET).

Responses Received: None at this time.

Related Documents:

a)    Declaration of Matthew Poole in Support of SquareTrade, Inc.'s Motion for Order Compelling Immediate Assumption or Rejection of Agreement; or, in the Alternative, for Stay Relief (D.I. 1601, filed 1/7/25) (the "SquareTrade Motion").

4

b)      Declaration of Eve H. Karasik in Support of SquareTrade, Inc.'s Motion for Order Compelling Immediate Assumption or Rejection of Agreement; or, in the Alternative, for Stay Relief (D.I. 1602, filed 1/7/25).

Status: On February 21, 2025, the Debtors filed the *Twelfth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [D.I. 2050] (the "Twelfth Rejection Notice"), which provides for rejection of the contract at issue in the SquareTrade Motion. The Debtors understand that this matter will be resolved upon the Court's entry of the proposed order attached to the Twelfth Rejection Notice.

9.      Motion of Belkis Millan for Relief from the Automatic Stay (D.I. 1625, filed 1/7/25).

Objection Deadline: January 14, 2025, at 4:00 p.m. (ET).

Responses Received: None at this time.

Related Documents: None at this time.

Status:  This matter is adjourned to the omnibus hearing scheduled for March 25, 2025, at 10:00 a.m. (ET).

## ADMINISTRATIVE EXPENSE MOTIONS

10.     Attached as Exhibit A is a list of motions seeking to compel payment of asserted administrative expenses under sections 365 and/or 503 of the Bankruptcy Code, which are scheduled for this hearing.

Responses Received:[3]

a)      Debtors' Omnibus Objection to Motions for Allowance and Payment of Stub Rent, Post-Petition Rent and Other Administrative Expense Claims (D.I. 1705, filed 1/14/25) (the "Omnibus Objection").

b)      Debtors' Omnibus Objection to and Reservation of Rights Regarding Motions for Allowance and Payment of Administrative Expense Claims (D.I. 1826, filed 1/22/25) (the "Second Omnibus Objection").

c)      Debtors' Omnibus Objection to and Reservation of Rights Regarding Motions for Allowance and Payment of Administrative Expense Claims (D.I. 2022, filed 2/19/25) (the "Third Omnibus Objection").

---

[3] Exhibit A attached hereto details the status of each pending motion and any responses received and related documents.

5

Related Documents:

a)      *See* Exhibit A.

b)      Letter Filed by Brenda Rigsby (D.I. 1591, filed 1/3/25).

Status:   The Debtors have requested that the movants adjourn these matters *sine die* pending resolution of the Debtors pending motion to establish an administrative claims bar date and related procedures.  As noted on Exhibit A, 93 of these motions have been adjourned or withdrawn, and 4 motions are going forward.  The Debtors seek to address the remaining motions going forward in connection with Agenda Item 12.

**MATTERS GOING FORWARD**

11.     Motion of Highland and Sterling, LLC and Big Holdings 2, LLC to (A) Compel Immediate Rejection of Lease and Surrender Possession of the Premises Pursuant to 11 U.S.C. § 365 or, Alternatively, (B) Grant Landlord Relief from Stay Pursuant to 11 U.S.C. § 362(d); and (C) for Related Relief (D.I. 1605, filed 1/7/25).

Objection Deadline: January 14, 2025, at 4:00 p.m. (ET); extended to January 16, 2025, at 4:00 p.m. (ET) for the Debtors and Gordon Brothers Retail Partners.

Responses Received:

a)      Debtors' Objection to Motion of Highland and Sterling, LLC and Big Holdings 2, LLC to Compel Immediate Rejection of Lease and Surrender Possession of the Premises or, Alternatively, Grant Landlord Relief from Stay (D.I. 1727, filed 1/15/25).

Related Documents:

a)      Notice of Hearing (D.I. 1893, filed 1/31/25); and

b)      **Notice of Withdrawal (D.I. 2088, filed 2/26/25).**

Status: The Debtors understand from counsel to the movant that this matter will be withdrawn and is not going forward.

12.     Motion of Debtors for Entry of an Order (I) Authorizing and Approving (A) the Debtors' Entry into and Performance Under the Purchase Agreement, (B) the Sale of the Purchased Assets, (C) the Assumption and Assignment of the Leases and the City Agreement, and (D) the Debtors' Entry into the New Lease and (II) Granting Related Relief (D.I. 1942, filed 2/5/25).

Objection Deadline: February 19, 2025, at 4:00 p.m. (ET).

Responses Received:

a)      Informal comments received from Office of the United States Trustee (the "U.S. Trustee").

b)      Reservation of Rights of WPG Management Associates, Inc. to Motion of Debtors for Entry of an Order (I) Authorizing and Approving (A) the Debtors' Entry into and Performance Under the Purchase Agreement, (B) the Sale of the Purchased Assets, (C) the Assumption and Assignment of the Leases and the City Agreement, and (D) the Debtors' Entry into the New Lease and (II) Granting Related Relief (D.I. 2007, filed 2/18/25).

c)      Informal comments received from the Chubb Companies ("Chubb").

Related Documents:

a)      Declaration of Ronald A. Robins, Jr., Executive Vice President, Chief Legal and Governance Officer, General Counsel, and Corporate Secretary of Big Lots, Inc. in Support of Motion of Debtors for Entry of an Order (I) Authorizing and Approving (A) the Debtors' Entry into and Performance Under the Purchase Agreement, (B) the Sale of the Purchased Assets, (C) the Assumption and Assignment of the Leases and the City Agreement, and (D) the Debtors' Entry into the New Lease and (II) Granting Related Relief (D.I. 1943, filed 2/5/25).

b)      Certification of Counsel Regarding Order (I) Authorizing and Approving (A) The Debtors' Entry into and Performance Under the Purchase Agreement, (B) The Sale of the Purchased Assets, (C) The Assumption and Assignment of the Leases and the City Agreement, and (D) The Debtors' Entry into the New Lease and (II) Granting Related Relief (D.I. 2073, filed 2/24/25).

Status:  On February 24, 2025, the Debtors submitted a certification of counsel with respect to this matter. Accordingly, a hearing on this matter is only necessary if the Court has questions.

13.      Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 1962, filed 2/7/25) (the "Procedures Motion").

Objection Deadline: February 19, 2025, at 4:00 p.m. (ET), extended to February 21, 2025, at 3:00 p.m. (ET) for the U.S. Trustee.

Responses Received:

a)      Informal comments received from the U.S. Trustee and from various landlords represented by Ballard Spahr, Allen Matkins, Frost Brown Todd, Barclay Damon and Kelley Drye.  (the "Landlords").

b)      Objection of Shandong Taipeng Intelligent Household Products Co., to Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2012, filed 2/19/25) (the "Giftree Objection")

c)      Opposition to Debtor's Motion for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures to the Debtors Motion and in Further Support of Prestige Patio's Motion for Allowance and Payment of Administrative Expense Claim (D.I. 2013, filed 2/19/25).

d)      Limited Objection of Dell Financial Services, L.L.C. to Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2014, filed 2/19/25).

e)      Limited Objection and Reservation of Rights of Parfums de Coeur Regarding Debtors' Motion Regarding Administrative Expense Claims Procedures (D.I. 2018, filed 2/19/25).

f)      Joinder of RESPAWN to Prestige Patio's Opposition to Debtor's Motion for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures to the Debtors Motion and in Further Support of Prestige Patio's Motion for Allowance and Payment of Administrative Expense Claim (D.I. 2020, filed 2/19/25).

g)      Objection to East West Import Export, Inc. to Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2021, filed 2/19/25).

h)      [RESOLVED] Creditor Giftree Crafts Company Limited's Objection to the Debtors' Motion for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2023, filed 2/19/25).

i)      Joinder and Reservation of Rights of Popcorn Alley, Inc. d/b/a Stonehedge Farms to Shandong Taipeng Intelligent Household Products Co. Objection to Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2030, filed 2/20/25).

j)      Joinder and Reservation of Rights of Vitelli Foods, LLC to Shandong Taipeng Intelligent Household Products Co. Objection to Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2031, filed 2/20/25).

k)      Certain Landlords' Reservation of Rights with Respect to Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2037, filed 2/20/25).

l)      Joinder to Prestige Patio's Opposition to Debtor's Motion for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2040, filed on 2/20/25).

Related Documents:

a)      Debtors' Omnibus Reply to Objections to the Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2067, field 2/24/25).

b)      Motion of Debtors for Leave to File Debtors' Omnibus Reply to Objections to the Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2068, filed 2/24/25).

c)      Notice of Revised Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (D.I. 2070, filed 2/24/25).

Status:  This matter is going forward.  The Debtors have filed a further revised form of order in advance of the hearing that they understand resolve the informal comments from

the U.S. Trustee and the Landlords. Further, the Debtors have consensually resolved the Giftree Objection. **Dell Financial Services will not be pursuing its limited objection (D.I. 2014). Both Dell Financial Services and the Debtors are reserving all rights as to whether D.I. 1962 applies to any claims DFS may hold pursuant to that certain Stipulation approved by an order at D.I. 1071.**

## FEE APPLICATIONS

14.   Interim Fee Application Hearing

Related Documents:

a)   See attached Exhibit B; and

b)   **Certification of Counsel Regarding First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals (D.I. 2089, filed 2/26/25).**

Status: **A certification of counsel has been filed.** This matter is going forward to the extent the Court has any questions.

## MATTER UNDER CERTIFICATION

15.   Motion of Debtors for Entry of an Order Allowing the Advancement and Payment of Defense Costs and Settlement Amounts of Insured Persons Pursuant to the D&O Policy (D.I. 1983, filed 2/12/25).

Objection Deadline: February 19, 2025, at 4:00 p.m. (ET).

Responses Received:

a)   Informal comments received from the Committee.

Related Documents:

a)   Certification of Counsel Regarding Order Granting Debtors' Motion for Order Allowing the Advancement and Payment of Defense Costs and Settlement Amounts of Insured Persons Pursuant to the D&O Policy (D.I. 2074, filed 2/24/25);

b)   **Amended Certification of Counsel Regarding Order Granting Debtors' Motion for Order Allowing the Advancement and Payment of Defense Costs and Settlement Amounts of Insured Persons Pursuant to the D&O Policy (D.I. 2086, filed 2/26/25)**

Status: On February **26**, 2025, the Debtors submitted **an amended** certification of counsel with respect to this matter. Accordingly, a hearing on this matter is only necessary if the Court has questions.

Dated: February 26, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Casey B. Sawyer
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*