## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re:  D.I. 1556 and 1994**<br>**Obj. Deadline:  March 3, 2025 at 4 pm ET** |

### OBJECTION OF TLM REALTY CORP. TO DEBTORS' PROPOSED
### CURE AMOUNT AND ASSUMPTION AND ASSIGNMENT OF
### LEASE TO OCEAN STATE JOB LOT OF DE2025, LLC

TLM Realty Corp. (the "Landlord"), by and through its undersigned counsel, Kelley Drye & Warren LLP, hereby submits this limited objection (the "Objection") to the potential assumption and assignment of its Lease (as defined below) by the above-captioned debtors (collectively, "Debtors").  In support of this Objection, Landlord respectfully states as follows:

### PRELIMINARY STATEMENT

1.      Landlord does not seek to prevent Debtors from assigning the Lease to the proposed buyer, Ocean State Job Lots of DE2025, LLC (the "Proposed Assignee"), but files this objection to preserve its right to admissible evidence of adequate assurance of future performance from the

---

[1]      The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

assignee, the prompt cure of all defaults under the Lease, and compliance with all provisions of the Lease on a go-forward basis as required by section 365 of the Bankruptcy Code.

2.      Specifically: (i) Debtors or the Proposed Assignee must cure all defaults under the Lease, including non-monetary defaults, and compensate for pecuniary losses caused by such defaults; (ii) Debtors must provide Landlord with adequate assurance of future performance with respect to the Proposed Assignee of the Lease; (iii) Debtors must timely pay all post-petition rent and additional rent due under the Lease; (iv) the Proposed Assignee must provide Landlord with security as required by section 365(l) of the Bankruptcy Code; and (v) the Proposed Assignee must comply with all provisions of the Lease on a go-forward basis.

3.      Landlord will continue to work with Debtors to address these outstanding issues, but reserves the right to argue them at the hearing.

## **BACKGROUND**

4.      Landlord is the owner, affiliate, or managing agent of the property listed on the attached **Exhibit 1** (the "Leased Premises") where Debtors lease non-residential real estate pursuant to a written lease (the "Lease").  The Leased Premises is located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

5.      On September 9, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.  Since the Petition Date, Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On January 2, 2025, the Court entered an *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and*

*Permitted Encumbrances (III) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (the "Sale Order").[2] The Sale Order identified Gordon Brothers Retail Partners, LLC as the buyer (the "Buyer").

7.    On February 7, 2025, pursuant to the Sale Order, Buyer notified the Debtors of its determination to designate certain leases for assumption and assignment to the Proposed Assignee.

8.    On February 17, 2025, Debtors filed the *Notice of Filing of Tenth Post-Closing Designation Notice,*[3] attaching as Exhibit B a schedule of contracts and leases to be assumed and assigned to the Proposed Assignee, along with Debtors' proposed cure amount for each of the contracts and leases.  Debtors' proposed cure amounts for the Lease is included on **Exhibit 1**, attached hereto, in the column titled "Debtor Cure Amount."

## OBJECTION

## I.    Debtors or the Assignee Must Promptly Cure All Defaults

9.    The Debtor-proposed cure amount listed on **Exhibit 1**, attached hereto, in the column titled "Debtor Cure Amount" is not correct.  The correct cure amount for the Lease is set forth on **Exhibit 1**, attached hereto, in the column titled "Landlord Cure Amount."

10.    Section 365(b)(1)(A) of the Bankruptcy Code provides that, unless a debtor either (a) cures all defaults existing under a lease, or (b) provides a lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and assign such lease.  *See* 11 U.S.C. § 365(b)(1)(A).    Prior to assumption and assignment, Debtors are also required by section 365(b)(1)(B) of the Bankruptcy Code to compensate Landlord for any actual pecuniary loss, including the payment of related attorneys' fees.  *See* 11 U.S.C. §365(b)(1)(B).  Attorneys' fees

---

[2]    Docket No. 1556.

[3]    Docket No. 1994.

due under the Lease are compensable.  *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986).

11.     Pursuant to the Lease, Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs and expenses, real estate taxes, and assessments.  Certain of those amounts remain outstanding and are included in the Landlord Cure Amount.  As part of Landlord's pecuniary losses, it is entitled to attorneys' fees in connection with Debtors' obligation to cure all monetary defaults under the Lease, an estimate of which are included in the Landlord Cure Amount.

12.     To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or Landlord suffers other pecuniary losses with respect to the Lease, Landlord reserves the right to amend the Landlord Cure Amount to reflect such additional amounts or to account for year-end adjustments, including, without limitation, adjustments for 2024 and 2025, which have not yet been billed or have not yet become due under the terms of the Lease (the "Adjustment Amounts").  Debtors must be responsible for satisfying all accrued but unbilled obligations under the Lease including the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.  Landlord further reserves the right to amend the Landlord Cure Amount to include additional amounts that continue to accrue, including non-monetary obligations, and any other obligations that arise and/or become known to Landlord prior to the assumption and assignment of the Lease.

## II.    Debtors and/or the Proposed Assignee Must Provide Adequate Assurance of Future Performance

13.    In addition to the curing of all defaults, any assignment of the Lease is also conditioned upon Debtors or the Proposed Assignee providing the Landlord with adequate assurance of future performance.  *See* 11 U.S.C. § 365(b)(1)(C).

### (A)    *The Bankruptcy Code Requires Additional Protections for Shopping Center Leases*

14.    In connection with the assumption and assignment of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance.  *In re Joshua Slocum*, 922 F.2d at 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002).  Section 365(f)(2) provides:

> The trustee may assign an executory contract or unexpired lease of the debtor only if–
>
>     (A)  the trustee assumes such contract or lease in accordance with the provisions of this section; and
>
>     (B)  adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

15.    Section 365(b)(1) of the Bankruptcy Code provides:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–
>
>     (A)  cures, or provides adequate assurance that the trustee will promptly cure, such default…;
>
>     (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and

(C)  provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

16.    In connection with the assumption and assignment of a shopping center lease, adequate assurance of future performance includes adequate assurance:

(A)    of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor… as of the time the debtor became the lessee under the lease;

(B)    that any percentage rent due under such lease will not decline substantially;

(C)    that assumption . . . of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center; and

(D)    that assumption . . . of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

17.    Debtors bear the burden of proving adequate assurance of future performance in connection with the potential assumption and assignment of the Lease.  *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

18.    To determine whether the requirements of adequate assurance of future performance will be satisfied, at a minimum, Landlord and their attorneys must receive the following information from the Proposed Assignee of the Lease (collectively, the "Adequate Assurance Information"):

a.    The exact name and notice address of the entity that will be designated as the Proposed Assignee of the Lease and any guarantor;

b.    Audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2022, 2023, and 2024 for both the Proposed Assignee and any guarantors;

c.    The Proposed Assignee's and any guarantor's 2025 and 2026 business plans including sales and cash flow projections;

d.    Any financial projections, calculations, and/or financial *pro-formas* prepared in contemplation of purchasing the Lease;

e.    A detailed summary of the Proposed Assignee's and guarantor's experience operating retail stores; and

f.    The number of retail stores the Proposed Assignee and any guarantor operates and all trade names used.

19.    Landlord may also need similar information for Debtors in the year when Debtors entered into the Lease to appropriately evaluate the ability of the Proposed Assignee to provide adequate assurance of future performance.

20.    Unless and until Landlord receives all of this information, Debtors have not satisfied their burden pursuant to 11 U.S.C. § 365(b)(3).

*(B)    The Lease Must Be Assumed or Assumed and Assigned Cum Onere*

21.    Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof…".  11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected."  *See, e.g.*, *In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

22.    As the court noted in *In re Washington Capital Aviation & Leasing*, 156 B.R. at 167, 175 n. 3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

*See also In re Rickel Home Centers, Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach"). Debtors are not entitled to the benefits and protections of section 365(k) if they do not assume and assign a lease *cum onere* – with all benefits and burdens. *See, e.g., American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

23.     The proposed order, as drafted, would circumvent these protections. For example, paragraphs 9 (a),(g), (i), and (j) of the Proposed Order would render the use, signage, minimum sales, and radius provisions of the Lease unenforceable, in direct contravention of 11 U.S.C. § 365(b)(3)(C).

24.     Furthermore, Debtors or the Proposed Assignee must be required to comply with all contractual obligations to indemnify and hold Landlord harmless for events which occurred before assumption and assignment, but which were not known to Landlord as of the date of the assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-

assignment, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, either (a) the Debtors or the Proposed Assignee must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) the Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment.  Such claims for indemnity could include claims for personal injury occurring at the Leased Premises where the applicable Landlord is joined as a party to a lawsuit or for damage and destruction of property by Debtors or their agents or employees.

25.    Finally, the Landlord requests that the Proposed Assignee execute a short-form assumption and assignment agreement with Landlord that will put the Landlord in contractual privity with its new tenant, the Proposed Assignee.

**III.    Demand For Security**

26.    Section 365(l) of the Bankruptcy Code provides, in pertinent part:

> If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

27.    In the ordinary course of business, Landlord requires security deposits, letters of credit, or guaranties when leasing (or assessing an assignment of a lease) to certain companies based on their financial information and history.  In connection with the proposed assumption and assignment of the Lease, Landlord reserves the right to require such security in one of the forms listed in section 365(l) of the Bankruptcy Code.  Until the exact financials of the Proposed

Assignee are known to Landlord, Landlord reserves the right to specify the exact form and amount of such security; however, Landlord often requires a security deposit, or parent or personal guaranty in connection with leasing to a new tenant.

**IV.  Debtors Must be Responsible for Timely Payment of all Post-Petition Rent and Additional Rent Due Under the Lease Until it is Assumed, Assumed and Assigned, or Rejected**

28.      Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

> The [debtor] shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

29.      Landlord requests that the assumption and assignment of the Lease be conditioned upon Debtors' timely performance of all obligations arising under the Lease before the Lease is assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code, including, without limitation, the payment in full of rent and additional rent on the first day of each month.

**RESERVATION OF RIGHTS**

30.      Landlord reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by amending the Landlord Cure Amount and by adding or supplementing objections to the proposed assignment or adequate assurance of future performance information provided by Debtors.

## CONCLUSION

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) conditioning the assumption and assignment of the Lease on (a) Debtors or the Proposed Assignee providing adequate assurance of future performance in accordance with section 365(b) of the Bankruptcy Code; and (b) Debtors or the Proposed Assignee promptly paying the cure amount set forth in the column titled "Landlord Cure Amount" on **Exhibit 1**, attached hereto, plus any additional pecuniary losses suffered by Landlord; and (ii) granting such other and further relief as the Court deems just and proper.

Dated:  February 26, 2025

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DE Bar No. 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

-and-

**KELLEY DRYE & WARREN LLP**
Robert L. LeHane
Jennifer D. Raviele
Allison B. Selick
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: rlehane@kelleydrye.com
        jraviele@kelleydrye.com
        aselick@kelleydrye.com

**Exhibit 1**

**TLM Realty Corp.**

| Store No. | Location | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|
| 5333 | Dover, DE | $7,723.90 | $73,102.53 |