# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1983** |

### ORDER GRANTING DEBTORS' MOTION FOR ORDER ALLOWING THE ADVANCEMENT AND PAYMENT OF DEFENSE COSTS AND SETTLEMENT AMOUNTS OF INSURED PERSONS PURSUANT TO THE D&O POLICY

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 105(a) and 362(d)(1) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1, modifying the automatic stay, to the extent it applies, and authorizing the Debtors' liability insurer, Berkshire Hathaway Specialty Insurance Company (the "**D&O Insurer**"), to advance and/or pay defense costs, fees and settlement amounts on behalf of the Insured Persons as defined under the applicable insurance policy (collectively, the "**Insured Persons**", and the related liability insurance policy, the "**D&O Policy**", and the claims covered under the D&O Policy, the "**Covered Claims**"), subject to the terms and conditions of the D&O Policy; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing (if any) having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified to authorize, but not direct, the D&O Insurer to, without further order of the Court or notice to any party, advance and/or pay defense costs, fees and settlement amounts on behalf of the Insured Persons incurred in connection with the Covered Claims in accordance with and subject to the terms and conditions of the D&O Policy.

3. On or before the date that is twenty (20) days after the end of each calendar quarter, the Insured Persons shall provide, through counsel, a written summary (a "**Summary**") to each of the Debtors and the Committee setting forth (i) the aggregate amount paid, reimbursed, and/or advanced under the D&O Policy on account of any Covered Claim(s) during the immediate preceding calendar quarter, (ii) the aggregate amount paid, reimbursed, and/or advanced under the D&O Policy on account of any Covered Claim(s) to date, and (iii) the remaining available limits under the D&O Policy. Following confirmation of any chapter 11 plan or conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, Summaries shall be provided

to any estate representative(s) appointed pursuant to such plan or the chapter 7 trustee, each as applicable.

4. The D&O Insurer is authorized to take all actions necessary to effectuate the relief granted in paragraph 2 of this Order in accordance with the Motion.

5. Nothing in the Motion or this Order shall (a) affect, impair, prejudice, or otherwise alter the terms and conditions of the D&O Policy, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurer, the Debtors, or the Insured Persons in connection therewith; (b) affect, impair, prejudice, or otherwise alter the rights, obligations, and defenses of the D&O Insurer, the Debtors, or the Insured Persons under the D&O Policy, any related agreements, and/or any related reservation(s) of rights provided by the D&O Insurer, the Debtors or the Insured Persons in connection therewith; (c) relieve the Debtors and/or their estates of any of their obligations under any insurance policies, including but not limited to the D&O Policy, and related agreements; or (d) preclude or limit, in any way, the rights of any insurers, including, without limitation, the D&O Insurer, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policies, including, without limitation, the D&O Policy, or to otherwise assert any defenses to coverage, and such insurers, and/or any other parties to any such insurance policies, shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

6. Nothing in the Motion or this Order shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage or the applicability of any insurance policies, including, without limitation, the D&O Policy.

7. Nothing in the Motion or this Order shall constitute or be deemed to constitute a finding or determination that the proceeds of the D&O Policy are or are not property of the Debtors' estates.

8. This Order is without prejudice to the rights of any party with respect to the D&O Policy, and all parties reserve their respective rights under the D&O Policy and applicable law.

9. This Order is immediately valid and fully effected upon its entry and the fourteen (14) day stay imposed pursuant to Bankruptcy Rule 4001(a) is waived.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: February 26th, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE