# EXHIBIT 1

**Pre-Closing Administrative Expense Claim Form**

**United States Bankruptcy Court, District of Delaware**

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | |
|---|---|---|
| ☐ Big Lots, Inc. (Case No. 24-11967) | ☐ Big Lots Stores, LLC (Case No. 24-11973) | ☐ GAFDC LLC (Case No. 24-11977) |
| ☐ AVDC, LLC (Case No. 24-11981) | ☐ BLBO Tenant, LLC (Case No. 24-11972) | ☐ Great Basin, LLC (Case No. 24-11966) |
| ☐ Big Lots eCommerce LLC (Case No. 24-11980) | ☐ Broyhill LLC (Case No. 24-11971) | ☐ INFDC, LLC (Case No. 24-11983) |
| ☐ Big Lots F&S, LLC (Case No. 24-11984) | ☐ Closeout Distribution, LLC (Case No. 24-11978) | ☐ PAFDC LLC (Case No. 24-11982) |
| ☐ Big Lots Management, LLC (Case No. 24-11969) | ☐ Consolidated Property Holdings, LLC (Case No. 24-11968) | ☐ WAFDC, LLC (Case No. 24-11979) |
| ☐ Big Lots Stores - CSR, LLC (Case No. 24-11976) | ☐ CSC Distribution LLC (Case No. 24-11974) | |
| ☐ Big Lots Stores - PNS, LLC (Case No. 24-11970) | ☐ Durant DC, LLC (Case No. 24-11975) | |

# Proof of Pre-Closing Administrative Expense Claim

**Deadline to file Administrative Expense Claims: April 3, 2025, at 5:00 p.m. (prevailing Eastern Time)**

This form is for asserting claims entitled to administrative priority pursuant to 11 U.S.C. § 503(b) and 11 U.S.C. § 507(a)(2) against one of the above Debtors arising <u>from</u> the Petition Date (September 9, 2024) through and including January 3, 2025. Do not use this form to assert any pre-petition claims or administrative claims arising after January 3, 2025.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☐ No
☐ Yes. From whom? _____

**3. Where should notices**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if |
|---|---|
| Name _____ | Name _____ |
| Number    Street | Number    Street |
| City    State    Postal Code | City    State    Postal Code |
| Country | Country |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**
☐ No
☐ Yes.  Claim number on court claims registry (if known) _____  Filed on ___/___/____
                                                                                            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes. Who made the earlier filing? _____

**Proof of Administrative Expense Claim**          page 1

| Part 2: | Give Information About the Claim |
|---|---|

| 6. | Date debt was incurred? (if known) | _____ (MM/DD/YYYY) |
|---|---|---|
| 7. | How much is the administrative expense claim? | $_____ |
| 8. | What is the basis of the claim? (For example, Goods Sold, Services Performed, Taxes, etc. Attach any additional information.) | _____ |
| 9. | Offsets, Credits and Setoffs? | ❑ All payments made on this claim by the Debtor have been credited and deducted from the amount claimed hereon<br>❑ This claim is not subject to any setoff or counterclaim<br>❑ This claim is subject to any setoff or counterclaim as follows: _____ |
| 10. | **Supporting Documents:** Attach copies of supporting documents. DO NOT SEND ORIGINAL DOCUMENTS. | |

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.
❑ I am the creditor's attorney or authorized agent.
❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name      Middle name      Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number      Street

_____
City                    State      ZIP Code

Contact phone _____      Email _____

**Proof of Administrative Expense Claim**                                     page 2

# Instructions for Proof of Pre-Closing Administrative Expense Claim
United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of January 3, 2025.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.ra.kroll.com/BigLots.

### Understand the terms used in this form

**Pre-Closing Administrative Expense Claim:**
A claim for payment of an administrative expense of a kind specified in Section 503(b) (except 503(b)(9)) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code, in each case, arising through and including January 3, 2025.

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

If by first class mail:
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.ra.kroll.com/BigLots/EPOC-Index.

**Do not file these instructions with your form**

# EXHIBIT 2

**Pre-Closing Administrative Expense Claim Bar Date Notice**

Case 24-11967-JKS    Doc 2110-1    Filed 02/27/25    Page 6 of 13

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>**(**Jointly Administered**)**<br><br>**Re: D.I. [●]** |

**NOTICE OF BAR DATE FOR FILING A PROOF
OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS**

On September 9, 2024 (collectively, the "**Petition Date**"), the following debtors (the "**Debtors**") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "**Court**"):

| Debtors | Case No. |
|---|---|
| Big Lots, Inc. | Case No. 24-11967 (JKS) |
| ADVC, LLC | Case No. 24-11981 (JKS) |
| Big Lots eCommerce LLC | Case No. 24-11980 (JKS) |
| Big Lots F&S, LLC | Case No. 24-11984 (JKS) |
| Big Lots Management, LLC | Case No. 24-11969 (JKS) |
| Big Lots Stores – CSR, LLC | Case No. 24-11976 (JKS) |
| Big Lots Stores – PNS, LLC | Case No. 24-11970 (JKS) |
| Big Lots Stores, LLC | Case No. 24-11973 (JKS) |
| BLBO Tenant, LLC | Case No. 24-11972 (JKS) |
| Broyhill LLC | Case No. 24-11971 (JKS) |
| Closeout Distribution, LLC | Case No. 24-11978 (JKS) |
| Consolidated Property Holdings, LLC | Case No. 24-11968 (JKS) |
| CSC Distribution LLC | Case No. 24-11974 (JKS) |
| Durant DC, LLC | Case No. 24-11975 (JKS) |
| GAFDC LLC | Case No. 24-11977 (JKS) |
| Great Basin, LLC | Case No. 24-11966 (JKS) |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| INFDC, LLC | Case No. 24-11983 (JKS) |
| --- | --- |
| PAFDC LLC | Case No. 24-11982 (JKS) |
| WAFDC, LLC | Case No. 24-11979 (JKS) |

On [February [●]], 2025, the Court entered an order (the "**Pre-Closing Administrative Expense Claims Procedures Order**")[2] establishing the following deadline for filing administrative expense claims from the Petition Date through and including January 3, 2025 (the "**Pre-Closing Administrative Expense Claims**") in the Debtors' Chapter 11 Cases:

(a) **[April 3], 2025, 5:00 p.m. prevailing Eastern Time** as the deadline (the "**Pre-Closing Administrative Expense Claims Bar Date**") to file a Proof of Pre-Closing Administrative Expense Claim in respect of any Pre-Closing Administrative Expense Claim against any of the Debtors, unless otherwise provided in the Pre-Closing Administrative Expense Claims Procedures Order.

(b) **Solely for claims arising under leases for non-residential real property that have neither been assumed nor rejected in these Chapter 11 Cases as of [February [•], 2025]** (each, an "**Outstanding Lease**"), **5:00 p.m. prevailing Eastern Time on the date that is the later of (a) [April 3], 2025, or (b) fourteen (14) days from the date of the entry of an order rejecting such Outstanding Lease** as the deadline (the "**Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date**") for each person or entity to file a Proof of Pre-Closing Administrative Expense Claim in respect of any claim against any of the Debtors from the Petition Date through and including January 3, 2025 with respect to such Outstanding Lease.

**Details on Who Must File a Claim.** Except as otherwise provided for in the Pre-Closing Administrative Expense Claims Procedures Order, the following persons or entities shall be required to file a proof of Pre-Closing Administrative Expense Claim (a "**Proof of Pre-Closing Administrative Expense Claim**"):

(a) any Landlord Claimant;

(b) any person or entity whose Pre-Closing Administrative Expense Claim is not listed on the Debtors' schedule of post-petition liabilities arising on or prior to January 3, 2025 attached to the Pre-Closing Administrative Expense Claims Procedures Order as **Exhibit 4** (the "**Pre-Closing Administrative Expense Claims Schedule**"); and

(c) any person or entity whose Pre-Closing Administrative Expense Claim is listed in an incorrect amount and who desires to have its Pre-Closing Administrative Expense Claim allowed in a different amount than identified on the Pre-Closing Administrative Expense Claims Schedule.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Pre-Closing Administrative Expense Claims Procedures Order.

Consult the Pre-Closing Administrative Expense Claims Procedures Order for additional details on whether you are required to file a proof of Pre-Closing Administrative Expense Claim (a "**Proof of Pre-Closing Administrative Expense Claim**").  Copies of the Pre-Closing Administrative Expense Claims Procedures Order, the schedule of post-petition administrative liabilities arising on or prior to January 3, 2025 (the "**Pre-Closing Administrative Expense Claims Schedule**"), and other documents and information regarding the Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots.  A copy of the Pre-Closing Administrative Expense Claims Schedule will be mailed at no cost to any claimant upon request.

**Instructions for Filing Proofs of Pre-Closing Administrative Expense Claim for Pre-Closing Administrative Expense Claims Arising on or prior to January 3, 2025.**  Any person or entity asserting a Pre-Closing Administrative Expense Claim arising on or before January 3, 2025 against the Debtors **MUST** abide by the following procedures and requirements in preparing and filing proofs of claim: (i) each Proof of Pre-Closing Administrative Expense Claim must be (a) submitted on the enclosed claim form and (b) written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the Pre-Closing Administrative Expense Claim is asserted, set forth the legal and factual bases for the Pre-Closing Administrative Expense Claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and (ii) if the claimant asserts a Pre-Closing Administrative Expense Claim against more than one Debtor, the claimant must file a separate Proof of Pre-Closing Administrative Expense Claim against each applicable Debtor.

A Proof of Pre-Closing Administrative Expense Claim may be filed electronically at https://cases.ra.kroll.com/BigLots using the interface available after clicking the link entitled "Submit a Claim."  If filed by hardcopy, an original, signed copy of the proof of claim must be sent to:

**If by first class mail:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Big Lots, Inc. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

A claim must be submitted **so as to be actually received** on or before the Pre-Closing Administrative Expense Claims Bar Date or the Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable.  Proofs of Pre-Closing Administrative Expense Claim sent by means other than as described above will not be accepted.

**Consequences of Failing to Timely File Your Pre-Closing Administrative Expense Claim**. ABSENT FURTHER ORDER OF THE COURT, ANY HOLDER OF A PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES ORDER, AS SET FORTH ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIMS BAR DATE OR THE OUTSTANDING LEASE PRE-CLOSING ADMINSITRATIVE EXPENSE CLAIMS BAR DATE, AS APPLICABLE, AS DESCRIBED IN THIS NOTICE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM FOR THE PURPOSES OF PAYMENT.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM OR THE DEBTORS BELIEVE YOU HAVE A PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM.

**Additional Information**. Copies of the Debtors' Pre-Closing Administrative Expense Claims Schedule, the Pre-Closing Administrative Expense Claims Procedures Order, and certain other pleadings, orders, and notices, and other information regarding the Chapter 11 Cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/BigLots. Filings in the Chapter 11 Cases are also available for a fee at the Court's website at **www.deb.uscourts.gov/**. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov**. Documents filed in this case also may be examined between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you have any questions relating to this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, by: (a) phone at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International), or (b) email at BigLotsInfo@ra.kroll.com. You can also find further information at https://cases.ra.kroll.com/BigLots.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute or assert offsets or defenses against, any Pre-Closing Administrative Expense Claim as to the nature, amount, or liability thereof; (b) subsequently designate any Pre-Closing Administrative Expense Claim as disputed; and (c) otherwise amend or supplement the Pre-Closing Administrative Expense Claims Schedule.

[*Remainder of page left intentionally blank*]

| | |
|---|---|
| Dated: [__], 2025<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>/s/<br>Robert J. Dehney, Sr. (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Tamara K. Mann (No. 5643)<br>Sophie Rogers Churchill (No. 6905)<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>Wilmington, DE 19801<br>Tel: (302) 658-9200<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>tmann@morrisnichols.com<br>srchurchill@morrisnichols.com<br>csawyer@morrisnichols.com<br><br>-and-<br><br>DAVIS POLK & WARDWELL LLP<br><br>Brian M. Resnick (admitted *pro hac vice*)<br>Adam L. Shpeen (admitted *pro hac vice*)<br>Stephen D. Piraino (admitted *pro hac vice*)<br>Ethan Stern (admitted *pro hac vice*)<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>stephen.piraino@davispolk.com<br>ethan.stern@davispolk.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

# EXHIBIT 3

## Publication Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINES TO FILE CERTAIN ADMINISTRATIVE EXPENSE CLAIMS**

**To all persons or entities with claims against the following debtors:** Big Lots, Inc., Case No. 24-11967 (JKS); ADVC, LLC, Case No. 24-11981 (JKS); Big Lots eCommerce LLC, Case No. 24-11980 (JKS); Big Lots F&S, LLC, Case No. 24-11984 (JKS); Big Lots Management, LLC, Case No. 24-11969 (JKS); Big Lots Stores – CSR, LLC, Case No. 24-11976 (JKS); Big Lots Stores – PNS, LLC, Case No. 24-11970 (JKS); Big Lots Stores, LLC, Case No. 24-11973 (JKS); BLBO Tenant, LLC, Case No. 24-11972 (JKS); Broyhill LLC, Case No. 24-11971 (JKS); Closeout Distribution, LLC, Case No. 24-11978 (JKS); Consolidated Property Holdings, LLC, Case No. 24-11968 (JKS); CSC Distribution LLC, Case No. 24-11974 (JKS); Durant DC, LLC, Case No. 24-11975 (JKS); GAFDC LLC, Case No. 24-11977 (JKS); Great Basin, LLC, Case No. 24-11966 (JKS); INFDC, LLC, Case No. 24-11983 (JKS); PAFDC LLC, Case No. 24-11982 (JKS); and WAFDC, LLC, Case No. 24-11979 (JKS) (collectively, the "**Debtors**"). On September 9, 2024 (collectively, the "**Petition Date**"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

By order dated [February [●]], 2025 (the "**Pre-Closing Administrative Expense Claims Procedures Order**"), the Court established claim filing deadlines as follows: all persons or entities with an administrative expense claim against any of the Debtors arising from the Petition Date through and including January 3, 2025 **MUST FILE A PROOF OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM** on or before (i) **[April 3], 2025, 5:00 p.m. prevailing Eastern Time or** (ii) or (ii) solely for claims arising pursuant to leases for non-residential real property that have neither been assumed nor rejected by the Debtors as of [February [●]], 2025 (the "**Outstanding Leases**"), the later of (a) [April 3], 2025, 5:00 p.m. prevailing Eastern Time and (b) fourteen (14) days from the date of the entry of an order rejecting such Outstanding Lease. A Proof of Pre-Closing Administrative Expense Claim must be submitted **so as to be actually received** on or before the applicable deadline to be deemed timely.

Copies of the Pre-Closing Administrative Expense Claims Procedures Order, the Debtors' schedule of post-petition liabilities and other documents and information regarding the Debtors' Chapter 11 Cases are available free of charge at https://cases.ra.kroll.com/BigLots or by calling at (844) 217-1398 (toll-free) or +1 (646) 809-2073 (International). Consult the Pre-Closing Administrative Expense Claims Procedures Order for additional details on whether you are required to file a Proof of Pre-Closing Administrative Expense Claim, as well as instructions and procedures for completing and filing Proofs of Pre-Closing Administrative Expense Claim. Do not contact the Clerk of Court for legal advice.

**ANY PERSON OR ENTITY THAT IS REQUIRED TO TIMELY FILE A PROOF OF PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM BUT FAILS TO DO SO SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH PRE-CLOSING ADMINISTRATIVE EXPENSE CLAIM FOR THE PURPOSE OF PAYMENT IN THE DEBTORS' CHAPTER 11 CASES.**

*BY ORDER OF THE COURT*