**EXHIBIT A**

**AGREED ASSIGNMENT NOTICE**

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**AGREED ASSIGNMENT NOTICE**

WHEREAS, Gordon Brothers Retail Partners, LLC, as buyer ("Buyer"), and Big Lots, Inc., a Delaware corporation and debtor and debtor in possession ("Seller"), are parties to that certain Asset Purchase Agreement dated as of January 3, 2025 (the "Purchase Agreement"), pursuant to which Buyer agreed to acquire the Assets from Seller and the other the Selling Entities[2].

WHEREAS, pursuant to an order of the Bankruptcy Court entered January 2, 2025 (the "Sale Order") [ECF No. 1556], the Bankruptcy Court approved the Selling Entities' sale of the Assets to Buyer pursuant to the Purchase Agreement;

WHEREAS, on January 3, 3025, the Initial Closing under the Purchase Agreement occurred; and

WHEREAS, in accordance with Section 2.05(b) of the Purchase Agreement, Buyer desires to (a) designate each of the 365 Contracts identified on Exhibit A hereto and incorporated herein (each, a "Designated Lease" and, collectively, the "Designated Leases") as a "Designated Asset" for assumption and assignment, and (b) designate the applicable party listed as "Assignee" on Exhibit A with respect to each Designated Lease as the "Designated Buyer" (the "Assignee") with respect to the acquisition, assumption and assignment of such Designated Lease in furtherance of that certain Assignment and Assumption Agreement in substantially the form annexed hereto as Exhibit B ("Assignment Agreement").

**DESIGNATION OF DESIGNATED ASSET**

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] All capitalized undefined terms used in this Notice shall have the same meaning as in the Purchase Agreement.

1. In accordance with Section 2.05(b) of the Purchase Agreement, Buyer hereby (a) designates each of the Designated Leases as a "Designated Asset", and (b) designates the "Assignee" listed on <u>Exhibit A</u> with respect to such Designated Lease as the "Designated Buyer" for such Designated Lease.

2. In accordance with Paragraph 42 of the Sale Order, Buyer hereby notifies Sellers that the landlord under the Designated Lease consents to the assumption by the applicable Seller and assignment to Assignee on the terms set forth in the Assignment Agreement. The assignment shall be effective as of March 1, 2025.

IN WITNESS WHEREOF, this Agreed Assignment Notice has been signed by as of the date hereof.

Dated: February 27, 2025
Boston, Massachusetts

Respectfully submitted,

**GORDON BROTHERS RETAIL PARTNERS, LLC**

By: */s/ David Braun*
101 Huntington Avenue, 11th Floor
Boston, MA 02199
Email: dbraun@gordonbrothers.com

*Attorney for Gordon Brothers Retail Partners, LLC*

## EXHIBIT A

## DESIGNATED LEASES

| Store Number | Address | Base Rent PSF | Lease Expiration Date | Options | Assignee |
|---|---|---|---|---|---|
| 4765 | 2306 S. Jefferson Ave., Unit 160, Mount Pleasant, TX 75455-6056 | $4.28 | 1/31/2030 | 4-5 Years | JP & A Holdings, LLC |

**EXHIBIT B**

**ASSUMPTION AND ASSIGNMENT AGREEMENT**

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is made as of this 7th day of February, 2025 by and between Big Lots Stores, LLC ("Assignor") and JP & A Holdings, LLC ("Assignee" and together with Assignor, the "Parties" and each, a "Party").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (Bankr. D. Del. 2024) (the "Chapter 11 Cases");

WHEREAS, Gordon Brothers Retail Partners, LLC ("GBRP"), as buyer, and Big Lots, Inc. and certain of its subsidiaries, as seller ("Seller"), are parties to that certain Asset Purchase Agreement dated as of January 3, 2025 (the "Purchase Agreement"), pursuant to which Buyer agreed to acquire certain assets, including designation rights with respect to executory contracts and unexpired leases;

WHEREAS, on January 2, 2025, the Court entered an order approving the transactions contemplated under the Purchase Agreement [Docket No. 1556] (the "Sale Order");

WHEREAS, pursuant to Section 2.05(b) of that certain Asset Purchase Agreement dated as of January 3, 2025 by and between Assignor and Gordon Brothers Retail Partners, LLC ("GBRP"), GBRP has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, GBRP is conducting "store closing" or other liquidation sales at certain of Assignor's retail stores and distribution centers (each, a "GOB Sale") and intends to designate certain of Assignor's leases for assumption and assignment effective on or after the conclusion of the applicable GOB Sale (each, a "Vacate Date"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease(s) listed on the attached Schedule A (referred to as the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms of the Sale Order, subject to approval by the Bankruptcy Court in the Chapter 11 Cases (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **Assignment and Assumption.** Subject to Assignee's prior payment of the Purchase Price as set forth below and receipt of Bankruptcy Court Approval, on the earlier of (i) March 31,

2025; and (ii) the day after the Vacate Date at the Premises; provided, that Assignor or Gordon Brothers shall give Assignee no less than seven (7) days' advance written notice of the Vacate Date:

      (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

      (b) Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

      2.      Payment of Purchase Price. Assignee shall, on the date hereof, deliver the purchase price for the Lease(s) in the amount of $51,000.00 (the "Purchase Price") in immediately available funds wired to the account of Gordon Brothers Retail Partners, LLC ("GBRP"). If the assumption and assignment of the Lease(s) do(es) not occur by February 28, 2025, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Lease(s) on and after February 28, 2025.

      3.      Assumption of Liabilities. In addition to assuming all remaining obligations that exist with respect to the Lease(s), including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease(s).

      4.      No Further Liability of Assignor. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Lease(s).

      5.      Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

      6.      "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s). Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

      7.      Compliance With Law. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

9. **Jurisdiction.** The Parties consent to the exclusive jurisdiction of, and entry of final orders and judgments by, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. **No Reliance.** Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11. **Third Party Beneficiaries.** This Agreement is expressly intended to confer rights and benefits upon GBRP, and GBRP shall have the right to enforce the provisions of this Agreement.

12. **Construction.** This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

13. **Execution in Counterparts.** This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**BIG LOTS STORES, LLC**

By: _____
Name: Joshua H. Nanberg
Title: VP, Real Estate

**[ASSIGNEE]**

By: _____
Name: PAUL WILSON
Title: MANAGING MEMBER

*[Signature Page to A&A Agreement]*

## Schedule A

Leases

| Store Number | Address | Base Rent PSF | Lease Expiration Date | Options | Purchaser Entity |
|---|---|---|---|---|---|
| 4765 | 2306 S Jefferson Ave, Unit 160, Mount Pleasant, TX, 75455-6056 | $4.28 | 1/31/2030 | 4 – 5 year options | JP & A Holdings, LLC. |