IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case Nos. 24-11967 (JKS), *et seq.*<br>(Jointly Administered) |

**SALISBURY PROMENADE, LLC'S LIMITED OBJECTION TO
AND RESERVATION OF RIGHTS IN CONNECTION WITH NOTICE
OF FILING OF TENTH POST-CLOSING DESIGNATION NOTICE**
*(relates to Docket No. 1994)*

Salisbury Promenade, LLC ("Landlord"), by its undersigned counsel, hereby files this limited objection to and reservation of rights in connection with the Notice Of Filing Of Tenth Post-Closing Designation Notice (Docket No. 1994) (the "Notice"), and in support hereof states as follows:

1.　　On September 9, 2024 (the "Petition Date"), each of the above-captioned debtors (including the Debtor, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2.      Landlord is the landlord under a lease (the "Lease") of the Debtor's store located at 210 Marlboro Avenue, Easton, Maryland, sometimes referred to as Store No. 5439 (the "Property").

3.      On January 17, 2025, the Debtors filed and served their Notice Of Filing Of Tenth Post-Closing Designation Notice (Docket No. 1994) (the "Notice"), pursuant to which they purportedly intend to assume and assign the Lease to Ocean State Job Lot of MD2025, LLC (the "Purchaser").

4.      Attached as Exhibit D to the Notice is a proposed form of order proposing to assume the Lease and assign it to the Purchaser (the "Proposed Order"). The language exceeds the scope of § 365 of the Bankruptcy Code. Specifically, upon entry by the Court, the Proposed Order provides that:

> Upon remittance of the Cure Costs by OSJL to the Landlords pursuant to the terms of this Order, the Landlords shall be barred from asserting any additional cure amounts *or other claims* with respect to the Leases. For the avoidance of doubt, the Landlords shall be forever (i) barred from objecting to the applicable Cure Costs and from asserting any additional cure *or other amounts with respect to* the Leases, and the Debtors and OSJL shall be entitled to rely solely upon the Cure Costs set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or any OSJL entity, or their respective property that *any additional amounts are due* or other defaults exist, that conditions to assignment must be satisfied under the Leases, or that there is any objection or defense to the assumption or assumption and assignment of the Leases.

Proposed Order ¶ 5 (emphasis added).

5. Section 365(b)(1) of the Bankruptcy Code provides that

(b)(1) If there has been a ***default*** in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, ***such default***….

11 U.S.C. § 365(b)(1) (emphasis added).

6. Section 365 speaks only to a "default." There is nothing in the Bankruptcy Code, express or implied, that authorizes the Court to enter an order that deprives a landlord of unexpired real property of "other claims," "other amounts with respect to," or "any additional amounts . . . due" under a lease.

7. The prejudice suffered by a non-debtor counterparty such as Landlord is not hypothetical, as illustrated by two examples. First, if a tenant is required to pay property taxes in arrears, then the first payment that comes due after the assignment might be deemed ratably divided between the pre-assignment period and the post-assignment period. If this form of order is entered by the Court, the assignee might be able to take the position that the pre-assignment portion was barred. Given that the property tax payment had not yet come due as of the time of the assignment, the fact that the obligation has not yet been paid does not constitute a "default" and it should survive assignment under § 365(b)(1).

8.      A second hypothetical might be the occurrence of a slip-and-fall accident on the property, for which the landlord might ultimately be sued. Due to statutes of limitations often several years, the landlord might not even *know* that the accident had occurred, much less be able to plan for it in the short objection period for a lease-designation notice. Most commercial leases contain a provision requiring the tenant to indemnify, defend, and hold harmless the landlord for any such accidents, but the obligation does not arise—and a default for its failure does not occur—until the landlord receives the lawsuit or at least notice. The Debtors are in the best position to know whether such an accident has occurred on the Property. It is therefore improper for them to propose an order that absolves themselves and the Purchaser from such liability.

9.      By adding these "other claims," "other amounts with respect to," and "any additional amounts . . . due" clauses, the Debtors also muddy the temporal waters because it is not clear when the assumption and assignment occurs. For example, if buyer and seller wait until after a rent due date but before the end of a contractual grace period to close the sale, the rent obligation might not be a default but is still owed: therefore, they can engineer the sale so as to deprive Landlord a month of rent and similar expenses.

10.     Landlord thus requests that the Proposed Order be denied and not entered by the Court. Landlord further reserves the right to assert all amounts due

under the Lease after assumption and assignment, to the extent that such amounts were not "defaults" that existed as of the date and time of assumption and assignment.

11.    In the event that the Court overrules Landlord's objection, Landlord requests reasonable additional time to determine what amounts are due. In addition, Landlord requests that any order entered in connection with the assumption and assignment of the Lease contain provisions that (i) any unknown liabilities that the Debtors may have to Landlord under the Lease shall survive the assumption and assignment, and (ii) any obligations under the Lease that satisfy both pre-assignment and post-assignment liabilities survive the assumption and assignment in full without proration.

12.    Landlord reserves the right to join in any objections and responses filed in opposition to the relief requested in the Notice.

Dated:  March 3, 2025            Respectfully submitted,
        Wilmington, Delaware
                                 HILLER LAW, LLC


                                 **/s/ Adam Hiller**
                                 Adam Hiller (DE No. 4105)
                                 300 Delaware Avenue, Suite 210, #227
                                 Wilmington, Delaware 19801
                                 (302) 442-7677 telephone
                                 ahiller@adamhillerlaw.com

                                 *Attorney for Landlord*