IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1964** |

**ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE
AUTHORIZING THE DEBTORS-IN-POSSESSION TO ASSUME AND ASSIGN A
CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE**
**[1075 Mantua Pike, West Deptford, NJ – Store No. 5132]**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, having received a Notice of Designation of Designated Asset from Gordon Brothers Retail Partners, LLC ("**GBRP**") in accordance with Section 2.05(b) of the APA[2] and Paragraph 43 of the Sale Order, with respect to that certain unexpired lease of non-residential real property for the premises identified in **Exhibit A** hereto (the "**Lease**"); and the Debtors having filed and served a Designated 365 Contract Notice (the "**Designation Notice**") seeking, *inter alia*, (i) to

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

assume and assign the Lease to Berat Corporation (hereinafter, "**Berat**"); and (ii) such additional and related relief as the Court deems necessary; and the Court having determined that the legal and factual bases for the relief requested herein establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

**NOW, THEREFORE**, the Court hereby finds as follows:

A. Good and sufficient notice of the Designation Notice has been provided in accordance with the Designation Rights Procedures, and a reasonable opportunity to object or be heard regarding the proposed assumption and assignment of the Lease has been afforded to the applicable 365 Counterparties (each, a "**Landlord**" and collectively, the "**Landlords**") in accordance with the Designation Rights Procedures.

B. The assumption and assignment of the Lease to Berat, pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the APA and Sale Order, respectively.

C. Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, Berat has provided adequate assurance of future performance under the Lease.

D. The assumption and assignment of the Lease to Berat is in compliance with Section 365(b)(3) of the Bankruptcy Code.

E. The Assumption and Assignment Agreement, dated as of January 24, 2025 and attached hereto as **Exhibit B** (the "**Assignment Agreement**"), between and among the Debtors and Berat was negotiated and entered into in good faith, and from arm's length bargaining positions. Berat is hereby found to be a good faith purchaser of the Lease and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

2

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume and assign to Berat the Lease, pursuant to the terms and provisions of this Order and the Assignment Agreement, all of the terms of which are hereby approved.

2. Anything in the Assignment Agreement to the contrary notwithstanding, the assignment of the Lease under the Assignment Agreement shall be deemed effective as of the earlier to occur of (a) the applicable "Vacate Date" (as defined in the Agency Agreement) for the location subject to the Assignment Agreement and (b) March 31, 2025 (such date being hereinafter defined as the "**Closing Date**"), and the Lease shall be transferred free and clear of any and all liens, claims, interests, and encumbrances of any kind or nature, other than easements, rights-of-way, and restrictive covenants, as well as any reciprocal easement agreement or declaration of covenants and restrictions or other similar land use agreement (each an "**REA**" or any ground or master lease (each a "**Master Lease**") and any local law related to the shopping center (any REA, Master Lease and local law (collectively, the "**Permitted Encumbrances**"); provided, however, in all respects, the assumption and assignment of the Lease shall not be free and clear and Berat shall, except as set forth in this Order, assume all of the terms, conditions and covenants of the Lease as tenant under the Lease, and agrees to assume and undertake to pay, perform and discharge all of Debtors' obligations and duties with respect to such Lease that accrue and become due on or after the Closing Date (the "Lease Obligations").

3. Upon the entry of this Order and the occurrence of the Closing Date, Berat shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in

and to the Lease which accrue and become due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

4. Upon entry of this Order and the occurrence of the Closing Date, Berat is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5. Pursuant to Section 365(b)(l) of the Bankruptcy Code, the Cure Costs under the Lease shall be fixed in the amount of **$9,845.20**, which Cure Costs shall be promptly paid by Berat within three (3) business days of the Closing Date. Any objection of the Landlord to the assumption and assignment of the Lease, any Cure Costs, or for further adequate assurance of future performance other than that provided in the Assignment Agreement, to the extent not otherwise resolved by agreement, or by agreement contemplated to be heard after the date of any hearing to be held in connection with the Designation Notice, or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to GBRP, Berat, or the Debtors as a result of the assumption and assignment of the Lease contemplated by this Order. Upon remittance of the Cure Costs by Berat to the Landlord pursuant to the terms of this Order, the Landlord shall be barred from asserting any other amounts due and owing to the Landlord other than the Cure Costs, or asserting any other defaults with respect to the Lease for the period prior to the Closing Date that may be due as a Cure Cost.  For the avoidance of doubt, the Landlord shall be forever (i) barred from objecting to the applicable Cure Costs and from asserting any additional cure or other default amounts with respect to the Lease for the period prior to the Closing Date, and the Debtors and Berat shall be entitled to rely solely upon the Cure Costs set forth above, and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or Berat, or their respective property, that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the

Lease, or that there is any objection or defense to the assumption and assignment of the Lease. On and after the Closing Date, Berat shall be responsible for paying (and shall be entitled to receive any credits for) all amounts that accrue and come due under the Lease after the Closing Date; **provided**, **further**, for the avoidance of doubt, notwithstanding anything in this Order or the Assignment Agreement to the contrary, Berat shall be responsible for the payment of any accrued but unbilled obligations under the Lease, including any year-end adjustments or reconciliations, when billed in accordance with the terms of the Lease that become due and owing after the Closing Date (irrespective of the period in which such obligations relate).

6. The proceeds of the Lease sales shall be payable to GBRP in accordance with the APA and Sale Order, respectively.

7. All personal property and furniture, fixtures and equipment ("**FF&E**") remaining in the store subject to the Lease on or after the Closing Date shall be deemed abandoned by the Debtors pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. Berat may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; **provided**, that the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; **provided**, **further**, that that the Debtors will either (a) provide for the return of such non-owned property to its headquarters or (b) return such property to the applicable lessor, or other owner of the property; **provided**, **however**, that the Debtors are not aware of any other parties with interests in the FF&E; **provided**, **further**, **however**, that the Debtors may leave in place any property owned by the Landlord at the Store.

8.  Any party which did not object within the time set forth in the notice thereof is deemed to consent to the Debtors' assumption and assignment of the Lease, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the assignment of the Lease, payment of the Cure Costs and the transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any further liability pursuant to Section 365(k) of the Bankruptcy Code; <u>provided</u>, <u>however</u>, nothing in this Order or the Assignment Agreement shall prevent the Landlord of the Lease from seeking indemnification from the Debtors for third party claims related to events and circumstances that occurred prior to the Closing Date from the Debtors' applicable insurance policies.  For the avoidance of doubt and notwithstanding anything in this Order to the contrary, with respect to any claims that the Landlord or its agents have or may have in the future against the Debtors for which the Debtors maintained insurance covering such claims (for example, for personal injury claims or indemnification claims related to events occurring from the use and occupancy of the leased premises prior to the Closing Date), nothing in this Order shall prevent the Landlord or its agents from making claims and seeking recovery from such insurance policies and proceeds, and nothing in this Order shall be deemed to terminate such insurers' obligations under such insurance policies (regardless of whether the claims are made before or after entry of this Order or the assignment of the Lease)..

9.  Solely with respect to the transactions contemplated by this Order and the Assignment Agreement, and except as otherwise agreed between the applicable Landlord and Berat, nothing in this Order shall be deemed to annul or vary any provision of the Lease *other than* the following provisions (the "**Unenforceable Provisions**"), and, without limiting the generality of the foregoing, no violation by the Debtors or Berat of the Unenforceable Provisions shall

constitute an event of default under the Lease in connection with the assignment of the Lease pursuant to this Order:

    a.    a provision prohibiting Berat's intended use of the premises;

    b.    a provision unreasonably prohibiting necessary alterations to the premises, including the replacement or modification of any signage required to convert the premises to Berat's intended use; provided such alterations are necessary for Berat to conform the store to allow Berat to operate at the premises under its trade name and consistent with its typical grocery store operations, and done in a matter consistent with the terms of the Lease.

    c.    a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Lease or an increase in rent or other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by Berat in reestablishing grocery store operations after the assignment, to the extent any such provision does not permit Berat to "go dark" until the later of: (i) one hundred twenty (120) days after the Closing Date of the assignment of the Lease, or such later time, when the particular facts and circumstances may warrant additional time, which circumstances shall include, without limitation, the age and condition of the shopping center, the ability to obtain any permits and documents necessary to complete construction, the location of the premises in the shopping center, the shape of the premises to be assigned, the demographics of the shopping center's location and the overall quality of the shopping center and its existing tenants or (ii) the "going dark period" listed in the Assignment Agreement.

      d.      a provision conditioning assignment on Landlord consent, or requiring payment to the Landlord as the price of assignment, or granting Landlord the right to recapture the leased premises following the assignment;

      e.      a provision effecting forfeiture or a modification of any of Berat's rights or obligations presently in effect under the Lease upon an assignment by the Debtors of the Lease;

      f.      a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

      g.      a provision restricting Berat's ability to replace or modify existing signage on the premises; <u>provided</u>, that such signage is necessary by Berat to conform the store to Berat's typical grocery store consistent with Berat's intended use of the premises and is done in a manner consistent with the terms of the Lease;

      h.      a provision requiring the use of a certain tradename;

      i.      a provision regarding minimum sales revenues required to be satisfied at the premises covered by the Lease for any "going dark period"; and

      j.      any radius provisions set forth in the Lease to the extent applicable to any existing Berat stores located near the Debtors' premises (but such radius provisions shall at all times apply to any new stores which might be opened by Berat in the area of Debtors' premises after the Closing Date).

10.      Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and Berat are authorized to close the sale of the Lease set forth in the Assignment Agreement immediately upon entry of this Order. Time is of the essence in closing

the Lease sale transactions referenced herein, and the Debtors and Berat intend to close the Lease sale transactions as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

11. Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Lease and the Assignment Agreement.

12. Upon the entry of this Order and the occurrence of the Closing Date, the Landlords shall accept and honor the assignment of the Lease to Berat.

13. The Landlord shall reasonably cooperate and execute and deliver, without undue delay and upon the reasonable request of Berat, and at no cost to the Landlord, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the premises as contemplated under the Assignment Agreement.

14. Notwithstanding anything to the contrary in this Order, the Assignment Agreement or any side letter, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of Berat and applicable insurer and/or third-party administrator.

15. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of the Assignment Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the

Lease sales (but all Landlord/tenant disputes arising after the Closing Date which do not involve the Lease sales, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

16. The Debtors and Berat are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Lease, in accordance with the terms of the Assignment Agreement, and to carry out the terms and conditions of the Assignment Agreement.

17. Berat is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the Lease first accruing after Berat takes assignment thereunder as provided for under the Assignment Agreement), or their bankruptcy estates as a result of Berat taking title or possession of the Lease and the subject premises, and Berat is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for this Order or in the Assignment Agreement.

18. This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

19. Any remaining objections to the assignment of the Lease that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

20. To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

21. To the extent that Berat and the Landlords enter into a side letter with respect to the Lease, such side letter shall govern with respect to rights and obligations of Berat and the Landlord. For the avoidance of doubt, no side letter shall modify the rights and obligations of any

third party without such third party's consent.

22.  The failure to specifically include any particular provision of the Assignment Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement and all other related documents be authorized and approved in their entirety pursuant to this Order.

23.  The Assignment Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates; <u>provided</u>, <u>further</u>, that the Debtors shall provide any such modification, amendment, or supplement to the Landlord and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement; <u>provided</u>, <u>further</u>, that after the occurrence of the Closing Date, the final versions of the Assignment Agreement any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court.

**Dated: March 3rd, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE