UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | : | |
| Debtors. | : | Case No 24-11967 (JKS)<br>(Jointly Administered) |

### AMERICAN PLASTIC TOYS, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

American Plastic Toys, Inc. ("**APT**"), through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby submits this Motion for Allowance and Payment of an Administrative Claims pursuant to 11 U.S.C. §503(b) and 507(a)(2), and in support thereof respectfully states as follows:

### PRELIMINARY STATEMENT

1. On September 9, 2024 ("**Petition Date**"), the above captioned debtors (the "**Debtors**") filed petitions for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") in the US Bankruptcy Court for the District of Delaware ("**Court**"). After the Petition Date, APT delivered to one or more of the Debtors, and such Debtors received, $480,686.41 of goods ("**Post-Petition Goods**"), which were used by Debtors to fund their ongoing, post-petition operations. As such, the cost of the Post-Petition Goods was necessary to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

preserve the value of the Debtors' estate. To date, the Debtors have refused to pay the $480,686.41 owed for the Post-Petition Goods.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §157 and §1334. This is a core proceeding pursuant to 28 U.S.C. §1408 and §1409.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1408 and §1409.

4. Pursuant to Local Rule 9013-1(f), APT consents to the entry of a final judgment or order.

5. The statutory bases for the relief requested herein are § 503(b)(1) and § 507(a)(2) of the Bankruptcy Code.

## BACKGROUND

6. APT is in the business of selling plastic toys and other related items.

7. After the Petition Date, Debtors requested releases on purchase orders and issued new purchase orders to APT for the Post-Petition Goods sold by APT in the normal course of business.

8. Attached as **Exhibit A** is a summary identifying the purchase orders, invoices and amounts due for each individual transaction for the Post-Petition Goods, the total of which is $480,686.41.

9. The purchase orders issued by Debtors for the Post-Petition Goods are attached as **Exhibit B.**

10. The invoices and evidence of delivery for each of the transactions for the Post-Petition Goods, and demonstrating delivery post-petition, are attached as **Exhibit C**.

11. APT has not been paid for the Post-Petition Goods requested and shipped post-petition.

**ARGUMENT**

12. Section 503(b)(1) of the Bankruptcy Code provides in pertinent part as follows:

(b) After notice and hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –
    (1)(A) the actual necessary costs and expenses of preserving the estate…

13. An expense that is actual and necessary to preserving the estate is to be allowed as an administrative expense. *Pa. Dep't of Envt'l Res. v. TriState Clinical Labs, Inc*., 178 F.3d 685, 689 (3d Cir. 1999).

14. Entitlement to an administrative claim pursuant to §503(b)(1) requires demonstrating "(1) there was a 'post-petition transaction between the claimant and the estate,' and (2) those expenses yielded a 'benefit to the estate.'" *In re Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021).

15. "[W]hen third parties are induced to supply goods or services to the debtor-in possession pursuant to a contract that has not been rejected, the purposes of [administrative claims] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc*., 610 F.3d 812, 818 (3d Cir., 2010) (internal citations omitted), *see, also, In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010)("Courts in this District have consistently held that administrative expense priority is available to contract parties when the debtor enjoys the benefits of the contract pending assumption or rejection").

16. The evidence attached to this Motion demonstrates that after the Petition Date, Debtors requested, and APT delivered, the Post-Petition Goods in the amount of $480,686.41. **Exhibits A, B and C**.

17. On information and belief, Debtors have sold, or are selling, the Post-Petition Goods to fund their ongoing post-petition operations, thereby demonstrating the necessity of the Post-Petition Goods and the benefit to the bankruptcy estate.

18. Under these facts, APT is entitled to an administrative expense claim in the amount of $480,686.41 pursuant to § 503(b)(1) and § 507(a)(2) of the Bankruptcy Code.

WHEREFORE, APT respectfully requests that this Court grant the following relief:

A. Enter an order allowing APT's administrative expense claim in the amount of $480,686.41 for the Post-Petition Goods;

B. Order Debtors to pay APT's administrative expense claim in full within 10 days of the order requested herein; and

C. Grant APT such other and further legal or equitable relief as the Court deems just.

Dated: March 7, 2025

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

By: *Gary Bressler*
Gary Bressler, Esq
Gaston Loomis, Esq
300 Delaware Ave., Suite 1014
Wilmington, DE 19801
Telephone: 302.300.4515
gbressler@mdmc-law.com
gloomis@mdmc-law.com

*Attorneys for American Plastic Toys, Inc.*