**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. **2100** |
| | Objection Deadline: March 10, 2025 at 4:00 p.m. (ET) |

**LIMITED OBJECTION OF TOWN N' COUNTRY PLAZA, LLC F/K/A TOWN N' COUNTRY PLAZA, L.P. TO DEBTORS' SIXTEENTH NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (AND THE ABANDONMENT OF PROPERTY) [D.I. 2100]**

Town N' Country Plaza, LLC f/k/a Town N' Country Plaza, L.P. (the "Landlord"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the Debtors' proposed procedures in its Sixteenth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (and the Abandonment of Property) [D.I. 2100] (the "Notice") and the matters contained in the Rejection Order attached as Schedule 2 thereto, and in support of its Objection, Landlord respectfully represents as follows:

**BACKGROUND**

1. Landlord and Big Lots Stores, Inc. (n/k/a Big Lots Stores, LLC) (the "Debtor") are parties to that certain lease agreement originally dated September 15, 1994, as subsequently extended on April 24, 2006, July 29, 2011, and May 13, 2016 (and as may have been further

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081

1

amended, supplemented, or otherwise modified, the "Lease"). The Lease relates to approximately retail space located in the Landlord's shopping center located at 7565 W. Hillsborough Ave., Tampa, FL (the "Leased Premises"). Copies of the Lease documents are attached as Composite Exhibit "A." Landlord converted from a limited partnership to a limited liability company in 2021.

2. The Debtors filed voluntary petitions for relief under Chapter 11 of the United States Code on September 9, 2024 ("Petition Date"). The Debtors have remained in possession of the estates' assets and continue to manage their financial affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On February 26, 2025, the Debtors filed the Notice (D.I. 2100), in which the Debtors provided notice of the Debtors' rejection of the Lease and intention to abandon the Debtors' personal property remaining at the Leased Premises.

4. Schedule 2 to the Notice is a proposed "Order (I) Authorizing the Debtors to (A) Reject Certain Unexpired Leases Effective as of February 28, 2025 and (B) Abandon Certain Personal Property and (II) Granting Related Relief" (the "Proposed Order").

5. The Notice provides that the rejection of the Lease would be effective as of February 28, 2025 (the "Rejection Date"), and abandons property left at the Leased Premises (the "Abandoned Property") .

6. The deadline to file objections to the Notice is March 10, 2025, at 4:00 p.m.

**OBJECTION**

7. The Landlord generally objects to the intended Rejection Date and to the treatment of the Abandoned Property in the Notice.

**Objection to Rejection Date**

8. The rejection should not be effective until the date the Court enters an order

approving of the rejection of the Lease.

9. The Notice inappropriately requests for the Lease to be deemed rejected on February 28, 2025. However, substantial property remains on the Leased Premises including, without limitation, shopping carts, shelving, racks, and other personal property (the "Personal Property").

10. The Landlord has received the keys and codes to the Leased Premises, but before the Landlord can be deemed to be in unequivocal possession of the Leased Premises, the Personal Property must be removed. If rejection of the Lease is approved as of the Rejection Date requested by the Debtor and prior to the removal of the Personal Property, or the date the Personal Property is abandoned to the Landlord by order, then the Landlord is forced to provide free storage of the Personal Property to the Debtors through the date of removal or abandonment.

11. The Landlord requests that the effective date of the rejection of the Lease should be the later of date when the Debtors have (A) unequivocally relinquished possession of the Leased Premises to the Landlord by removing the Personal Property, or (B) the date an order is entered approving the rejection of the Lease and abandoning the Personal Property to the Landlord free and clear of all liens, claims, encumbrances, and rights of the Debtors or any third party, and permitting the Landlord to dispose of the Personal Property in its sole discretion without further notice or liability to the Debtors or any third party.

12. Section 365(a) of the Bankruptcy Code permits the Debtors to reject leases subject to the Court's approval. However, Section 365(d)(5) requires the Debtor to timely perform all of the Debtors' obligations under the Lease through the time of rejection. In the present case, the Debtors have not unequivocally surrendered the Leased Premises to the Landlord because the Debtors have failed to remove the Personal Property from the Leased Premises and have not

complied with Section 24 of the Lease, which requires the Debtor to "surrender the [Leased] Premises to Landlord in the same or better condition than existed when [the Debtor] entered possession." Further, the Court's Order (I) Authorizing Debtors to Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures to Reject Executory Contracts and Unexpired Leases [D.I. 461] provides that the Rejection Date

> shall be the later of (A) the proposed effective date of the rejection for such Lease as set forth in the Rejection Notice; (B) the date upon which the applicable Debtor surrenders in writing (including via email) the premises to the landlord and returns the keys, key codes, or security codes, as applicable (or certifies in writing that the landlord is authorized to change the locks); and (C) such other date to which the Debtors and the applicable Counterparty have agreed to or as the Court may order; (vi) for a real property Lease, any known third party having an interest in personal property, furniture, fixtures and equipment ("**FF&E**") located in or on the leased premises that the Debtors seek to abandon together with a general description of such Abandoned Property (as defined below); and (vii) the deadlines and procedures for filing objections to the Rejection Notice.

13.    There is no indication that any third party having an interest in the Debtors' Personal Property left at the Leased Premises has abandoned the third party's rights in the Personal Property.

**Objection to Abandonment of Personal Property at the Expense of the Landlord**

14.    The Notice requests the Court's approval for the Debtors to abandon the Personal Property and to shift the burden of disposing of the Personal Property to the Landlord, who has no need or use for the Personal Property.

15.    The Debtor should be required to remove its Personal Property from the Leased Premises prior to the Rejection Date or alternatively be required to abandon the Personal Property in advance of the Rejection Date and provide the Landlord with a claim for administrative expense for the costs of disposing of the Personal Property and bringing the Leased Premises into the condition required by Section 24 of the Lease.

4

16.     The treatment of the Abandoned Property as requested by the Debtors results in significant costs to the landlords and burdens the Landlord with the task of cleaning up the Leased Premises, removing the Personal Property, restoring the Leased Premises to the condition required by the Lease upon surrender, and potentially dealing with third party claims that may be asserted with respect to the Personal Property.

17.     Finally, to the extent that any of the Personal Property or other fixtures left by the Debtors consist of or contain any toxic or hazardous materials, the Court should not permit the Debtors to abandon such toxic or hazardous materials and should require the Debtors to remove the materials prior to the rejection date.

## Conclusion

18.     Any order granting relief regarding the Rejection Date or the Abandoned Party should (a) take into account the de facto use and occupation of the Leased Premises by the Debtors to store their Personal Property and (b) clearly provide that no rejection has been deemed to occur until after the Personal Property has been removed from the Leased Premises.  Alternatively, the order should provide that any Personal Property abandoned by the Debtors to the Landlord in conjunction with the rejection of the Lease must be abandoned free and clear of all liens, claims, encumbrances, and rights of the Debtors or any third parties prior to the date set for rejection of the Lease and provide the Landlord with an administrative expense claim to remove the Personal Property and restore the Leased Premises to the condition required by the Lease upon surrender.

## RESERVATION OF RIGHTS

19.     The Landlord reserves its rights to: (a) supplement or amend this Objection at any time prior to a final order disposing of this Objection; (b) assert any other or additional objections or claims for damages to the Leased Premises, the removal of personal property left behind by the

Debtors and/or for damages relating to removal or change of signage, (c) and object to any other relief or request by the Debtors or any third parties that affects the rights of the Landlord. The Landlord further joins in any objection to the Notice filed by any other landlord to the extent that they are not consistent with the Landlord's objections asserted herein.

WHEREFORE, the Landlord respectfully requests that this Court enter an Order sustaining this Objection or granting relief consistent with this Objection and granting the Landlord such other and further relief as it deems just and proper.

Dated: March 10, 2025                    **BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Email: dklauder@bk-legal.com

-and-

**Anthony & Partners, LLC**

Townsend J. Belt *(pro hac vice)*
Florida Bar Number: 0066811
tbelt@anthonyandpartners.com
lortega@anthonyandpartners.com
eservice@anthonyandpartners.com
100 South Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813-273-5616
Telecopier: 813-221-4113

*Co-Counsel to Town N' Country Plaza, LLC f/k/a Town N' Country Plaza, L.P.*