**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BIG LOTS, INC., *et al.*, ) | Case No. 24-11967 (JKS) |
| ) | |
| Debtors.[1] ) | (Jointly Administered) |
| ) | |
| ) | **Objection Deadline:** |
| ) | **March 18, 2025, at 4:00 p.m. (ET)** |
| ) | |
| ) | **Hearing Date:** |
| ) | **March 25, 2025, at 10:00 a.m. (ET)** |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEBTORS' TIME TO FILE NOTICES OF REMOVAL OF CLAIMS AND CAUSES OF ACTION RELATED TO THE DEBTORS' CHAPTER 11 CASES**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Debtors' Second Motion of Debtors for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Background**

**I.    General Background**

1. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"). The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

2. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[2]

3. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

4. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

---

[2] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS) *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

5. As of the Petition Date, the Debtors were parties to certain judicial and/or administrative proceedings in various courts and/or administrative agencies that are stayed under the Bankruptcy Code. The Actions may be subject to removal pursuant to 28 U.S.C. § 1452.

## II. The First Removal Extension Motion

6. This is the Debtors' second request for an extension of the Removal Deadline (as defined below). On December 5, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases* [D.I. 1314] (the "**First Removal Extension Motion**") seeking an extension of the time period within which the Debtors may file notices of removal with respect to civil actions eligible for removal under 28 U.S.C. § 1452 (the "**Removal Deadline**") by approximately 90 days, from December 9, 2024, through and including March 10, 2025 (the "**First Extended Removal Deadline**"). The First Removal Extension Motion was approved by the Court on December 13, 2024. *See Order Extending the Debtors' Time to File Notices of Removal of Claims and Causes of Action Related to the Debtors' Chapter 11 Cases* [D.I. 1348].

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, 28 U.S.C. § 1452, and rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-2.

## Relief Requested

11. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending the Removal Deadline for a period of 120 days, from the First Extended Removal Deadline,[3] through and including July 8, 2025 (the "**Second Extended Removal Deadline**").

12. The Debtors request that the proposed Second Extended Removal Deadline apply to all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2) (the "**Prepetition Actions**") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "**Postpetition Actions**" and, together with the Prepetition Actions, the "**Actions**").

13. The Debtors further request that the order approving this Motion be without prejudice to (a) any position the Debtors or any of their successors may take regarding whether Bankruptcy Code section 362 applies to stay any given Action and (b) the right of the Debtors or any of their successors to seek further extensions of the Removal Deadline pursuant to Bankruptcy Rule 9027.

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline has automatically extended such deadline until such time as the Court rules on this Motion.

**Basis for Relief**

14. Section 1452 of title 28 of the Bankruptcy Code provides for the removal of certain pending civil claims with respect to which federal district courts have jurisdiction under 28 U.S.C. § 1334. Section 1452(a) provides in pertinent part as follows:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

15. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of such claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed [in the bankruptcy court] within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (b) if the claim or cause of action has been stayed under § 362, 30 days after entry of an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies-but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

16. With respect to Postpetition Actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal must be filed within the shorter of these periods:

> (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

17. Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal periods under Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [T]he court may-at any time and for cause-extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or (B) on a motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

18. Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed . . . , the time is automatically extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

19. It is well settled that this Court is authorized to extend, for cause, the Removal Deadline under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W. Va. 2000) (explaining that Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (finding that an expansion of time to file notices of removal is authorized under the Bankruptcy Rules); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (providing that the drafters of the Bankruptcy Rules intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

20.     In the approximately three months since the filing of the First Removal Extension Motion, the Debtors have continued to engage in various activities to administer these Chapter 11 Cases, including (i) completing the sale (the "**GBRP Sale**") of substantially all of their assets to Gordon Brothers Retail Partners, LLC ("**GBRP**") [D.I. 1556]; (ii) continuing to make decisions regarding the assumption or rejection of remaining executory contracts and unexpired leases; (iii) completing the sale of certain real property previously owned by the Debtors [D.I. 1407]; (iv) obtaining Court approval to complete the sale of the Debtors' corporate headquarters [D.I. 2103]; (v) engaging with the Committee and other parties in interest regarding an orderly wind-down of the Debtors' estates; (vi) complying with ongoing chapter 11 reporting requirements, including the filing of monthly operating reports [D.I. 1512–1529, 1901–1919, 2120–2122, 2124–2128, 2130–2131, and 2133–2141]; and (vii) responding to inquiries from creditors and the U.S. Trustee.

21.     The Debtors have also been conducting a robust claims reconciliation process. The deadlines for filing proofs of claim in these Chapter 11 Cases (the "**Bar Dates**") expired or will expire (a) on January 31, 2025 for general claims and claims arising under section 503(b)(9) of the Bankruptcy Code (the "**General Bar Date**")[4] and (b) on March 10, 2025 for claims of governmental units (the "**Government Bar Date**").[5] Moreover, on February 27, 2025, the Court approved a deadline of April 3, 2025 (the "**Administrative Expense Bar Date**") for filing proofs of claims relating to administrative expense claims that accrued post-Petition Date, but prior to the closing of the GBRP Sale (the "**Pre-Closing Administrative Expense Claims**"). *See Order*

---

[4] *See Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1188] (the "**Bar Date Order**") at ¶ 2(a) (setting the General Bar Date as December 30, 2024); *Amended Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1531] at ¶ 1(a) (extending the General Bar Date to January 31, 2025).

[5] *See* Bar Date Order ¶ 2(b) (setting the Government Bar Date for March 10, 2025); *see also* Fed. R. Bankr. P. 3002(c)(1) (providing that governmental entities must file proofs of claims within 180 days after the Petition Date).

*(I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2110] (the "**Administrative Expense Bar Date Order**"). The Administrative Expense Bar Date Order also approved and established a set of orderly procedures for reconciling and allowing Pre-Closing Administrative Expense Claims. As of the date of the filing of this Motion, the Debtors' efforts to equitably reconcile such Pre-Closing Administrative Expense Claims is ongoing, and the Debtors have been in communication with hundreds of such claimants to resolve any differences between asserted claim amounts and the Debtors' accounts payable records. As approved by the Court in the Administrative Expense Bar Date Order, the Debtors expect to make interim pro rata payments to holders of Pre-Closing Administrative Expense Claims shortly after the Administrative Expense Bar Date.

22. In connection with the ongoing claims reconciliation process, the Debtors are considering whether it may be appropriate to file notices of removal with respect to some or all of the pending Actions to which the Debtors are or may become a party. In addition, through the claims reconciliation process, the Debtors may become aware of pending Actions in addition to those of which they are currently aware. Consequently, the Debtors require a reasonable amount of additional time to complete the claims reconciliation process and their evaluation of whether removal is appropriate with respect to each such Action. Absent approval of the requested extension of the Removal Deadline, the Debtors will not have sufficient time to properly evaluate whether removal is appropriate and may forfeit valuable rights under 28 U.S.C. § 1452. Among other things, the Debtors' ability to recover assets for the benefit of their estates and creditors could be hindered if the requested relief is not granted.

23.  The rights of other parties to the Actions will not be unduly prejudiced by the requested extension of the Removal Deadline.  In as much as section 362(a) of the Bankruptcy Code automatically stays all Prepetition Actions against the Debtors, most of the Actions will not proceed during the pendency of these Chapter 11 Cases even absent the relief requested herein.  Furthermore, if the Debtors ultimately seek to remove any particular Action, the other party thereto will have the rights to have such Action remanded pursuant to 28 U.S.C. § 1452(b).

24.  The requested extension is well within the range of relief granted by courts in this district under similar circumstances.  *See, e.g.*, *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Nov. 26, 2024) [D.I. 1524] (granting second removal extension for 90 days); *In re UpHealth Holdings, Inc.*, No. 23-11476 (LSS) (Bankr. D. Del. Apr. 24, 2024) [D.I. 527] (granting second removal extension for 120 days); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. June 23, 2023) [D.I. 1692] (same); *In re BBGI US, Inc.*, No. 20-11785 (CSS) [D.I. 1037] (Bankr. D. Del. Feb. 19, 2021) (same); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) [D.I. 1658] (Bankr. D. Del. Feb. 1, 2021) (same).

25.  For the reasons stated above, the Debtors submit that the relief requested herein is reasonable and in the best interests of their estates and their stakeholders.  The extension sought will afford the Debtors or their successors the opportunity to make fully informed decisions with respect to the removal of any Action and will ensure that the Debtors' estates do not forfeit valuable rights under 28 U.S.C. § 1452.

### Notice

26.  The Debtors will provide notice of this Motion to the following parties or their respective counsel: (i) U.S. Trustee; (ii) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Committee; (iii) Riemer & Braunstein LLP, as counsel to GBRP; (iv) the United

States Attorney's Office for the District of Delaware; (v) the counterparties to the Actions; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

27. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, and grant such other relief as this Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: March 10, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>/s/ *Brianna N. V. Turner*<br>Robert J. Dehney, Sr. (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Daniel B. Butz (No. 4227)<br>Casey B. Sawyer (No. 7260)<br>Brianna N. V. Turner (No. 7468)<br>1201 N. Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 658-9200<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>dbutz@morrisnichols.com<br>csawyer@morrisnichols.com<br>bturner@morrisnichols.com<br><br>-*and*-<br><br>**DAVIS POLK & WARDWELL LLP**<br><br>Brian M. Resnick (admitted *pro hac vice*)<br>Adam L. Shpeen (admitted *pro hac vice*)<br>James I. McClammy (admitted *pro hac vice*)<br>Stephen D. Piraino (admitted *pro hac vice*)<br>Ethan Stern (admitted *pro hac vice*)<br>450 Lexington Avenue<br>New York, New York 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>james.mcclammy@davispolk.com<br>stephen.piraino@davispolk.com<br>ethan.stern@davispolk.com<br><br>*Counsel to the Debtors and Debtors in Possession* |