**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: March 18, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: March 25, 2025 at 10:00 a.m. (ET)** |

**DENZEL ANDERSON'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

Denzel Anderson ("Mr. Anderson"), by and through his undersigned counsel, submits this motion (the "Motion"), under sections 105 and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting (i) relief from the automatic stay to commence, prosecute, and litigate to judgment certain claims and causes of action against the above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Big Lots") with any recovery limited to the proceeds of the Debtors' applicable insurance policies; and (ii) such other relief as the Court deems proper. In support of this Motion, Mr. Anderson submits

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution, LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

the *Declaration in Support of Denzel Anderson's Motion for Relief from the Automatic Stay*, attached hereto as **Exhibit B**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. §157(b) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), Mr. Anderson consents to entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and other predicates for the relief sought herein are sections 105 and 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1.

## BACKGROUND

4. On September 9, 2024, each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are being jointly administered for procedural purposes only and no trustee or examiner has been appointed.

5. Mr. Anderson is an individual with cerebral palsy, which substantially limits certain major life activities, including, standing, bending, and lifting objects. Mr. Anderson's disabilities qualify him as an individual with disabilities under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and similar state protection statutes.

6. From 2021 to 2024, Mr. Anderson was employed by the Debtors and worked at one of the Debtors' retail locations in Ypsilanti, Michigan.

7. Because of his disability, Mr. Anderson was subjected to verbal and physical abuse, including, without limitation, harassment, offensive remarks, physical attack, and discriminatory treatment by Big Lots and Big Lots' employees.

8. This abuse occurred during his employment with the Debtors, on site at the retail location in Ypsilanti, Michigan, and while Mr. Anderson was acting within the scope of his employment.

9. On several occasions, Mr. Anderson reported such harassment to managers and supervisors and requested intervention.

10. No action was ever taken to reprimand or discipline the harassers and no action was ever taken to prevent future harassment from occurring.

11. After Big Lots failed to take any action, the verbal abuse and harassment escalated and Mr. Anderson was physically assaulted by another Big Lots employee on two separate occasions on May 30, 2024, and May 31, 2024.

12. On May 30, 2024, while at work, Mr. Anderson was choked by another Big Lots employee.

13. The next day, while at work, Mr. Anderson was physically assaulted by the same employee and that employee's significant other. The altercation was recorded by the store's security cameras. The attackers punched Mr. Anderson multiple times.

14. Mr. Anderson filed proof of claim no. 5928 and proof of claim no. 5953 (together, the "Proofs of Claim") in these chapter 11 cases asserting a general unsecured claim in an amount not less than $8 million as a result of his injuries.

15. Mr. Anderson seeks to file a complaint in the appropriate forum and prosecute to judgment claims and causes of action against the Debtors for violations of the ADA and similar state protection statutes, negligence, and other claims and causes of action (collectively, the "Causes of Action").

## BASIS FOR RELIEF

16. Section 362(a) of the Bankruptcy Code imposes an automatic stay on judicial and non-judicial actions against property of the estate. *See* 11 U.S.C. § 362(a).

17. Section 362(d) of the Bankruptcy Code provides "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, modifying, or conditioning such stay . . . for cause . . . ." Cause is not defined in the Bankruptcy Code, yet the term "is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

18. As this Court has explained,

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. 'It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.'

*Rexene Prods.*, 141 B.R. at 576 (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

19. Courts conduct a "fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 857-58 (Bankr. D. Del. 2007). This Court has considered three factors when balancing the competing interests of a debtor and a movant: (a) the prejudice to either the bankruptcy estate or the debtor that would result should the stay be lifted; (b) any hardships facing the movant should the stay be maintained; and (c) the movant's probability of success if the stay is lifted. *Santa Fe Minerals v. BEPCO. L.P. (In re 15375 Memorial Corp.)*, 382 B.R. 652, 686 (Bankr. D. Del. 2008) (citing *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993)); *Rexene Prods.*, 141 B.R. at 576, *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009).

20. Cause exists to lift the automatic stay to allow Mr. Anderson to file a complaint against the Debtors and litigate the Causes of Action to judgment.

### A.  The Prejudice to the Debtors and the Estates Is Minimal

21. First, the hardship to the estates is minimal. Mr. Anderson seeks only to recover for the Causes of Action from available insurance proceeds of the Debtors' insurance policies. Thus, even if the Debtors are found liable and a damages judgment is entered in favor of Mr. Anderson, Mr. Anderson will not seek to recover any judgment from the Debtors' estates absent further order of the Court.

22. In the *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 1103] (the "Omnibus Objection"), the Debtors responded to several requests filed by claimants for relief from the automatic stay to permit personal injury litigation to proceed in non-bankruptcy fora. *See* Omnibus Objection ¶ 1 ("The Movants, each of which is a plaintiff asserting personal injury claims, seek relief from the automatic stay to proceed with their lawsuit against the Debtors.").

23. In the Omnibus Objection, the Debtors primarily argue that relief from the automatic stay should not be granted because it would force the Debtors to (i) incur defense costs and (ii) pay a $1 million self-insured retention (the "SIR") per occurrence under the Debtors' general liability insurance policy with Starr Indemnity & Liability Company (the "Liability Insurance Policy") for which there is no exception for bankruptcy or insolvency. *See* Omnibus Objection *passim*.

24. With respect to the first argument, many courts have held that litigation expenses alone are "not so prejudicial as to require continuance of a stay." *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); *see also In re Santa Clara Cty. Fair Ass'n, Inc.*, 180 B.R. 564, 566, (B.A.P. 9th Cir. 1995) ("Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief."); *Matter of Nkongho*, 59 B.R. 85 (Bankr. D. N.J. 1986) ("The Court of Appeals for the Third Circuit has declared that litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation against a debtor.") (internal citations omitted). This Court should reach the same conclusion.

25. With respect to the second argument, there may be insurance policies other than the Liability Insurance Policy that could provide coverage with respect to the Causes of Action, including, without limitation, the Debtors' employment practices liability policies. *See Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter Into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 12]; *see also* Janet R. Davis,

Gary L. Gassman, *The Ins and Outs of Employment Practices Liability Insurance Coverage and Claims*, American Bar Association, 42-WTR Brief 22, Winter 2013, at 24 ("[I]nsurers began offering [employment practices liability insurance] to provide coverage for claims involving an array of wrongful employment practices, such as wrongful discharge, discrimination, and sexual harassment, both as stand-alone products or as a policy endorsement on other coverage forms.") (internal citations omitted).

26. Moreover, many courts have concluded that, under certain circumstances, insurance policies are not executory contracts and a debtor's failure to pay a retention or deductible does not relieve an insurer of its obligations under the policies. *See, e.g., In re Vanderveer Estates Holding, LLC*, 328 B.R. 18, 25 (Bankr. E.D.N.Y. 2005) ("[W]here (as in this case) an insured debtor has paid the policy premium in full, the insurance policy is not an executory contract for purposes of § 365 of the Bankruptcy Code, even where the debtor has continuing obligations, such as the payment of a self-insured retention, a deductible, or a premium. Failure of the debtor to perform these continuing obligations does not excuse the insurer from performance under the contract, but gives rise to an unsecured claim by the insurer for any damages incurred by reason of the debtor's breach of the policy."). The Debtors cannot rely on the SIR to avoid lifting the stay.

27. Accordingly, the Debtors will not be prejudiced if this Court modifies the automatic stay to permit prosecution of the Causes of Action because Mr. Anderson seeks only to recover from available insurance proceeds of the Debtors' insurance policies.

**B. The Hardship to Mr. Anderson Is Great**

28. Second, Mr. Anderson would face significant hardship if the Court does not lift the automatic stay. Mr. Anderson has suffered, and continues to suffer, from the injuries he sustained.

Furthermore, all relevant events related to the Cause of Action took place in Ypsilanti, Michigan. Insofar as Mr. Anderson is aware, most, if not all, relevant witnesses are located in Michigan.

29. Without relief from the automatic stay, Mr. Anderson will be unable to liquidate his claim against the Debtors or receive any compensation from available insurance proceeds on account his injuries.

### C. Mr. Anderson's Causes of Action Are Likely to Be Successful on the Merits

30. Third, Mr. Anderson's claims are meritorious, as he already holds extensive evidence supporting his claims. Given the opportunity, Mr. Anderson can and will show that the Debtors acted negligently and violated applicable laws giving rise to certain of Mr. Anderson's Causes of Action.

31. Accordingly, Mr. Anderson respectfully requests the Court lift the automatic stay to allow him to prosecute the Causes of Action.

### WAIVER OF RULE 4001(a)(3) STAY IS APPROPRIATE

32. Bankruptcy Rule 4001(a)(3) provides that an order vacating the automatic stay is subject to a fourteen (14) day unless the court orders otherwise. Fed. R. Bankr. P. 4001(a)(3). Here, Bankruptcy Rule 4001(a)(3) should be waived to allow Mr. Anderson to proceed immediately with the filing of a complaint asserting the Causes of Action.

### NO PRIOR REQUEST

33. Mr. Anderson has not made any prior motion for the relief sought in this Motion to this Court or any other.

### NOTICE

34. Notice of this Motion will be provided to: (i) counsel to the Debtors; (ii) the Office of the U.S. Trustee; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) all

parties entitled to notice of this Motion pursuant to Bankruptcy Rule 2002 and Local Rule 4001-1(a).  Mr. Anderson submits that such notice is sufficient, and no other or further notice need be provided.

## CONCLUSION

WHEREFORE, Mr. Anderson respectfully requests that the Court (i) enter the Proposed Order attached as **Exhibit A**; and (ii) grant such other and further relief as is just and equitable.

Dated: March 11, 2025
      Wilmington, Delaware

Respectfully Submitted,

*/s/ James R. Risener III*
L. Katherine Good (No. 5101)
Brett M. Haywood (No. 6166)
James R. Risener III (No. 7334)
Andrew C. Ehrmann (No. 7395)
**POTTER ANDERSON CORROON LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6026
Fax: (302) 658-1192
Email: kgood@potteranderson.com
      bhaywood@potteranderson.com
      jrisener@potteranderson.com
      aehrmann@potteranderson.com

*Counsel for Denzel Anderson*