IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 JKS<br><br>Hearing: March 25, 2025 at 10:00 a.m. (et)<br>Obj. Deadline: March 18, 2025 at 4:00 p.m. (et) |

**MOTION OF THE AMERICAN BOTTLING COMPANY TO MODIFY THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

The American Bottling Company ("ABC" or the "Movant"), by and through its undersigned counsel, files this *Motion of The American Bottling Company to Modify the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* (the "Motion"). In support of the Motion, ABC respectfully states as follows:

**BACKGROUND**

1. On or about August 30, 2017, Big Lots, Inc., a predecessor to the present debtor, ("Big Lots" or the "Debtor") and ABC entered into that Cold Drink Equipment and Merchandising Agreement (the "Agreement"). A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit "A"**, redacted to remove confidential and/or non-relevant information.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores -PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC(9612); and Big Lots F&S, LLC (3277).

2.  Under the Agreement, ABC placed certain Cold Drink Equipment ("CDE") in most, if not all, stores operated by Big Lots at the time of the Agreement or subsequent dates. Every CDE was clad in trade dress of ABC.

3.  Big Lots has no ownership interest of any kind in any CDE as stated in Paragraph 13 of the Agreement:

> The CDE is, and shall at all times be and remain the property of ABC notwithstanding that the CDE or any part thereof may now be, or thereafter become in any manner affixed or attached to real property or any improvements thereon. Big Lots agrees to maintain upon the CDE property identification as supplied or affixed by ABC, which indicate that the CDE is the property of ABC.

4.  Each year, ABC paid Big Lots a placement fee per CDE, pursuant to paragraph 7 of the Agreement. Through the date of this Motion, ABC has paid all amounts owed to Big Lots under the Agreement.

5.  On September 29, 2024 (the "Petition Date"), Big Lots and several affiliated debtors (together, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

6.  On or around February 26, 2025, Big Lots reached out to ABC directly requesting that ABC remove the CDE from all Big Lots stores as soon as possible in light of Big Lots' impending exit from the stores. Shortly after, counsel to ABC reached out to Debtors' counsel regarding the communication received directly from the Big Lots business personnel. Counsel to ABC provided Big Lots with a list of all stores where ABC has CDE that need retrieval. Of the approximately 170 locations where ABC holds CDE, there are approximately 53 stores that Big Lots has not yet vacated. Accordingly, ABC seeks relief from this Court modifying the automatic

stay for the limited purpose of permitting ABC to retrieve its CDE from the stores where Big Lots is currently present.[2] After receiving permission from Debtors' counsel, ABC has communicated with Gordon Brothers to coordinate the retrieval of the CDE from the remaining stores.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

## RELIEF REQUETED AND BASIS FOR RELIEF

10. Pursuant to section 362(d) of the Bankruptcy Code, ABC hereby seeks modification of the automatic stay for the limited purpose of allowing ABC to terminate the Agreement (if Big Lots has not already terminated the Agreement) and take any and all actions related to obtaining possession of any and all CDE in any location presently occupied by Big Lots.

11. Section 362(d) of the Bankruptcy Code provides for relief from the automatic stay under certain circumstances. Bankruptcy Code Section 362(d) states in part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay... such as by terminating, annulling, modifying or conditioning such stay- for cause, including the lack of adequate protection of an interest in property of such party in interest.

12. "Cause" is not defined in the Bankruptcy Code. This allows bankruptcy courts to have flexibility and to determine cause on a case-by-case basis. *See In re Rexene Prods.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

---

[2] For the avoidance of doubt, the Debtors do not have any interest in the stores in which they have already vacated, and therefore, are not the subject of this Motion.

13. Courts in this District apply a three-factor balancing test to determine whether cause exists to lift the automatic stay, which examines whether (1) any great prejudice to either the bankrupt estate or the debtor will result from lifting the stay; (2) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) the creditor has a probability of prevailing on the merits.

14. Cause may also be established by a single factor that weighs in favor of lifting the stay. *In re Rexene,* 141 B.R. at 576.

**A.    Single Fact that is Cause for Relief from the Stay.**

15. In this case, the single factor outweighing all other factors is the ownership of the CDE by ABC. Big Lots has no right to acquire ownership of the CDE; therefore, the CDE can be of no value to Big Lots or the bankruptcy estates.

16. Big Lots suffers no harm if ABC terminates the agreement, or under the terms of the agreement, obtains possession of the CDE. To the contrary, Big Lots benefits from lifting the stay because ABC's taking possession of the CDE relieves Big Lots from obligations and risks under paragraph 10 of the Agreement for the "loss, theft, destruction or damage of or to the CDE." Agreement, at ¶ 10.

17. Since the filing of these bankruptcy cases, the Debtors have sold or closed most of the stores operated pre-petition. Debtors' counsel provided counsel to ABC with a list of the stores (both vacated and not vacated). However, as of the date hereof, ABC has not been able to determine whether the Debtors complied with the Agreement to prevent loss, theft, destruction or damage of or to the CDE. ABC believes that sufficient cause exists in order to modify the automatic stay to permit ABC to retrieve its property.

18. In deciding whether there is sufficient cause to lift the stay, courts conduct a balancing test whereby the interests of the estate are weighed against the hardships that will be incurred by a movant.

19. Under the facts of this case, the automatic stay should be modified to allow ABC to terminate the Agreement (if Big Lots has not already terminated the Agreement) and take any and all actions related to obtaining possession of any and all CDE in any location presently occupied by Big Lots.

20. If the single factor listed above is insufficient to grant relief from stay, the typical balancing of interests applied to many relief from stay actions in this Court support granting of the relief from stay requested in this motion.

**B.    Lifting The Stay Will Not Prejudice the Debtors' Estates and the Hardship to ABC Considerably Outweighs the Hardship to the Debtor.**

21. These chapter 11 cases were filed on September 9, 2024.

22. During the course of these cases, Big Lots has closed a significant number of stores and additional stores are closing in the coming months. Time is of the essence in order for Big Lots to retrieve the CDE prior to Big Lots vacating the stores.

23. Since Big Lots has no ownership interest in the CDE, there will be minimal if any prejudice to the Debtors or the other creditors to allow ABC to proceed to terminate the Agreement and obtain possession of the CDE. The prejudice to ABC from the lack of knowledge of the disposition or condition of the CDE is significant.

24. While the CDE may be a relatively small piece of the assets of the Debtors at locations containing the CDE, the value and importance of the CDE (all of which bear trade dress of ABC) is very important.

**WHEREFORE**, ABC requests that this Court modify automatic stay for the purpose of allowing ABC to terminate the Agreement (if Big Lots has not already terminated the Agreement) and take any and all actions related to obtaining possession of any and all CDE in any location occupied by Big Lots.

                                              **FOX ROTHSCHILD LLP**

By: */s/ Stephane Slater Ward*
Stephanie Slater Ward, Esquire (No. 6922)
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
(302) 654-7444/Fax (302) 656-8920
Email: sward@foxrothschild.com

Dated: March 11, 2025                    *Attorneys for The American Bottling Company*