**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF DLC PROPERTIES, LLC TO FIFTEENTH POST-CLOSING
DESIGNATION NOTICE**

DLC Properties, LLC ("DLC"), hereby submits its objection to the above captioned Debtors' *Notice of Filing of Fifteenth Post-Closing Designation Notice* (the "Cure Notice") (D.I. 2116). In support of its Objection, DLC states as follows:

**RELEVANT BACKGROUND**

1.      On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (D.I. 1).  Upon information and belief, the Debtors continue to operate their business under sections 1107(a) and 1108 of the Bankruptcy Code.

2.      DLC leases the premises located at 759 Highway 62, Mountain Home, Arkansas, the "Premises") to Big Lots Stores, Inc., one of the above-captioned debtors and debtors-in-possession  (the "Debtor") pursuant to a lease (the "Lease").

3.      Debtors are currently behind in their prepetition rent for the month of September, 2024 in the prorated amount of $4,692.43 (the "Cure Amount").

**OBJECTION**

4.      To the extent the Debtors seek to assume and assign the Lease, DLC objects to the assumption to the extent the Cure Amount has not been paid and to the extent not enough information has been provided regarding the assignee's ability to provide adequate assurance of future performance.

**A.      Objection to the Proposed Cure Amount**

5.      Pursuant to sections 365(b)(1) and 365(f)(2)(A) of the Bankruptcy Code, prior to assumption of a contract in default, (i) the trustee must cure or provide adequate assurance that the trustee will promptly cure a default; (ii) compensate, or provide adequate assurance of prompt compensation, of a party other than the debtor to such contract, for any actual pecuniary loss to such party resulting from such default; and (iii) provide adequate assurance of future performance under such contract.

6.      DLC objects to the Cure Notice as it fails to provide the correct Cure Amount for all amounts currently due and for additional amounts which may be incurred by the time of assumption of the contract.

**B.      Adequate Assurance and Clarification Regarding Counterparties to the Assumed Contracts and their Respective Obligations**

7.      DLC also objects to the assumption and assignment of the Lease Agreement as it has not been provided with adequate assurance of future performance.

8.      Adequate assurance of future performance "is considered to be something less than an absolute guarantee." *In re DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) (quoting *In re PRK Enters., Inc.*, 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999)). To determine what constitutes adequate assurance of future performance, the Court must evaluate the facts and circumstances of each case. *Id.*; *see In re Fleming Companies*, 499 F.3d 300, 307 (3d Cir. 2007) ("Adequate

assurance of future performance are not words of art; the legislative history of the Bankruptcy Code shows that they were intended to be given a practical, pragmatic construction," and "must be determined by consideration of the facts of the proposed assumption." (quoting *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n.10 (3d Cir. 2001)).

9.      In order for DLC to determine that sufficient adequate assurance is provided, at a minimum, it must be able to evaluate the financial ability of the purported assignee of the Lease.

### Joinder

10.      DLC hereby joins in and incorporates by reference any objections filed by other contract counter-parties to the assumption and assignment of their contracts.

### RESERVATION OF RIGHTS

11.      DLC reserves its right to amend, modify or supplement this Objection and to raise any additional arguments and objections as permitted under applicable law, including without limitation, the right to objections regarding adequate assurance of future performance under section 365.

### CONCLUSION

WHEREFORE, DLC respectfully requests that the Court enter an Order (i) sustaining this Objection to the extent that the Debtors do not rectify the Cure Amount as set forth herein and requiring any order authorizing the assumption of any agreements of  DLC  to include the cure amounts set forth herein; and (ii) granting DLC such other and further relief as the Court deems proper.

Dated:  March 14, 2025                    **GELLERT SEITZ BUSENKELL & BROWN, LLC**

                                        By: */s/Amy D. Brown*

                                             Amy D. Brown (DE 4077)
                                             1201 North Orange Street, Suite 300
                                             Wilmington, DE 19801
                                             Telephone: (302) 425-5800
                                             Fax: (302) 425-5814
                                             E-mail: abrown@gsbblaw.com

                                             *Counsel for DLC Properties, LLC*