**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC, *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Objection Deadline: March 14, 2025, 4:00 p.m. (ET)<br>Hearing Date: To be Scheduled if Necessary<br>Related to D.I. 2117 |

**OBJECTION OF RIVERCREST REALTY ASSOCIATES, LLC TO NOTICE OF FILING OF FOURTEENTH POST-CLOSING DESIGNATION NOTICE**

Rivercrest Realty Associates, LLC, (the "Landlord") as the managing agent for Lexington (Village), UY, LLC, by and through its attorneys, respectfully submits this objection (the "Objection") to the *Notice of Filing of Fourteenth Post-Closing Designation Notice* [D.I. 2117] (the "Designation Notice"). In support of this Objection, the Landlord respectfully states as follows:

### JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158), Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Close out Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

30849053

**BACKGROUND**

2. On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Court.

3. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Lexington (Village), UY, LLC, is a party to an unexpired lease of nonresidential real property (the "Lease") of the premises (the "Premises") identified on **Exhibit 1** hereto.

5. The Premises is located within a "shopping center" as that term is used in Section 365(b)(3) of the Bankruptcy Code.  *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. On September 9, 2024, the Debtors filed a motion, *inter alia*, to establish procedures governing the potential sale of substantially all of the Debtors' assets and approval of the ultimate proposed sale (the "Bid Procedures/Sale Motion") [D.I. 18].

7. On October 25, 2024, the Court entered an order granting the bidding procedures aspect of the Bid Procedures/Sale Motion (the "Bidding Procedures Order") [D.I. 612].

8. On October 30, 2024, the Debtors held an auction covering substantially all of the Debtors' assets.  Also on October 30, 2024, the Debtors filed a *Notice of Successful Bidder for the Sale of the Debtors' Assets* [D.I. 661], which declared Gateway BL Acquisition, LLC ("Gateway"), an affiliate of Nexus Capital Management LP ("Nexus"), as the successful bidder.

9. On October 31, 2024, the Debtors filed the Notice of Proposed Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amounts [D.I. 683] (the "Cure

Notice") including a list of leases and contracts that were subject to potential assumption and assignment in a Nexus sale.

10. On November 6, 2024, the Landlord, among others, filed an objection to the Cure Notice [D.I. 945] (the "Initial Assumption and Assignment Objection").

11. On December 19, 2024, Big Lots announced through a press release that it did not anticipate completing its previously announced asset purchase agreement with Nexus and that they were preparing to commence going out of business sales at all remaining stores in parallel with continued efforts at keeping the transaction alive.

12. On December 19, 2024, the Debtors filed the *Notice of Status Conference* [D.I. 1398], which stated that at a status conference held that day, the Debtors announced that the contemplated transaction with Gateway "was no longer viable." Notice of Status Conference, p. 1.

13. On December 27, 2024, the Debtors filed a *Motion of Debtors for Entry of an Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1437] ("GBRP Sale Motion"), in which the Debtors sought approval of an asset purchase agreement with Gordon Brothers Retail Partners, LLC ("GBRP"). GBRP separately arranged with Variety Wholesalers, Inc. ("Variety Wholesalers") for it or a designee to take assignment of at least 200 – and possibly up to 400 – of the Debtors' nonresidential real property leases.

14. On January 2, 2025, the Court entered an order approving the GBRP Sale Motion [D.I. 1556] ("GBRP Sale Order"), which provided GBRP the right to designate any remaining unexpired lease of nonresidential real property for assumption and assignment to Variety or any

3

other designated third party. No nonresidential real property leases were assigned under the GBRP Sale Order.

15. On January 6, 2025, the Debtors filed the *Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588], stating that the Initial Closing (as defined in the GBRP Sale Order) occurred on January 3, 2025.

16. On February 28, 2025, the Debtors filed the Designation Notice [D.I. 2117], which proposes to assume and assign certain leases, including the Lease, to Variety Stores, LLC ("Variety").

## OBJECTION

*A.     The Proposed Cure Amount Is Incorrect and Subject to Change[2]*

17. As a condition of any assumption and assignment of the Lease, the Landlord is entitled to have all defaults cured. 11 U.S.C. § 365(b)(1)(A). The Debtors are currently in default under the Lease for failure to pay rent and other charges currently due and owing.

18. The Landlord objects to the Debtors' proposed cure amount (the "Proposed Cure Amount") of $0.00 to the extent it does not reflect the correct cure amount for the Lease as of the date of assumption. The correct cure amount, exclusive of (i) attorneys' fees and (ii) accrued rent and charges and indemnity obligations (the "Correct Cure Amount"), is listed on **Exhibit 1** hereto. The Correct Cure Amount is accurate as of the date listed in **Exhibit 1** hereto.

*B.     The Proposed Cure Amount Does Not Include Attorneys' Fees*

19. The Landlord further objects to the Proposed Cure Amount because it does not include attorneys' fees, which the Landlord is entitled to under the Lease. Therefore, attorneys'

---

2 To the extent that the Lease is ultimately assigned to Variety, the Landlord and Variety have agreed on a cure amount that is accurate as of January 31, 2025.

4

30849053.6

fees must be included as part of the Landlord's cure amount as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B).  *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

20. Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Lease, and the Landlord may seek to supplement this Objection by the time of any proposed order for assumption and assignment with the current amount of accrued attorneys' fees.

C. *Any Assumption and Assignment Must Be Cum Onere, and Any Assignee Must Assume Liability for All Obligations for Accrued, but Unbilled or Not Due Rent and Charges and Indemnity Obligations*

21. The Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance, real property taxes, water, insurance premiums and any percentage rent which has accrued, or will accrue under the Lease through any assumption and assignment of the Lease and are not yet due ("Accrued but Unbilled or Not Yet Due Rent and Charges").

22. Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify the Landlord for events occurring prior to any assumption and assignment of the Lease.  The Lease obligates the Debtors to indemnify and hold the Landlord harmless from and against various claims, liabilities and expenses ("Indemnity Obligations").

30849053.6

23. The Debtors' responsibility for Accrued but Unbilled or Not Yet Due Rent and Charges and satisfaction of their Indemnity Obligations must be assumed by any assignee *cum onere*, as they are essential to the Landlord's entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance. *See, In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014). This assumption must be made clear in any assumption and assignment order covering the Lease, including the proposed order included with the Designation Notice (the "Proposed Order").

D. *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance*

24. The Landlord reserves its right to object to any proposed order on the assumption and assignment of the Lease absent identification of the exact proposed assignee, strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and the GBRP Sale Order, and the Landlord having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment.

25. As of the filing of this Objection, the Landlord and Variety have reached an agreement under which the Landlord's adequate assurance of future performance concerns have been satisfied (the "Adequate Assurance Resolution").

E. *The Landlord Objects to the Proposed Sale Order*

26. The Landlord has concerns and objects to the Proposed Sale Order on all grounds relating to the proposed assumption and assignment of the Lease, including with respect to Accrued but Unbilled or Not Yet Due Rent and Charges and Indemnity Obligations, "go-dark"

30849053.6

provisions and certain other of the Debtors' so-called Unenforceable Provisions[3] (as defined in the Proposed Sale Order).

### RESERVATION OF RIGHTS AND JOINDER

27. The Landlord reserves its right to supplement this Objection and make such other and further objections as it deems necessary or appropriate, including with respect to any (i) amended Proposed Cure Amount, (ii) proposed assumption and assignment order covering the Lease including the Proposed Sale Order, and (iii) modifications to the Adequate Assurance Resolution.

28. The Landlord hereby joins any other objections filed by the Debtors' landlords to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order consistent with this Objection and grant the Landlord such other and further relief as this Court deems just and proper.

Dated:  March 14, 2025
        Wilmington, Delaware            **BALLARD SPAHR LLP**

                                        By:    /s/Laurel D. Roglen
                                        Leslie C. Heilman, Esq. (DE No. 4716)
                                        Laurel D. Roglen, Esq. (DE No. 5759)
                                        919 North Market Street, 11th Floor
                                        Wilmington, DE 19801
                                        Telephone:  (302) 252-4465
                                        Facsimile:  (302) 252-4466
                                        E-mail:  heilmanl@ballardspahr.com
                                                 roglenl@ballardspahr.com

---

[3] The Landlord and Variety have agreed on a maximum "go-dark" period with respect to the Premises by separate agreement, and it is unclear what signage Variety is looking to put on the Premises, but the Lease and applicable law must be followed. Any of the Debtors' so-called Unenforceable Provisions that are acceptable to the Landlord must be considered unenforceable solely to facilitate the assignment of the applicable Lease and cannot modify the Lease going forward.

30849053.6

-and-

**BARCLAY DAMON LLP**

Kevin M. Newman, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202-2020
Telephone:  (315) 425-2700
Email:  knewman@barclaydamon.com

Scott L. Fleischer
1270 Avenue of the Americas, Suite 501
New York, NY 10020
Telephone:  (212) 784-5810
Email:  sfleischer@barclaydamon.com

*Attorneys for Rivercrest Realty Associates, LLC*