# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtor.[1] | (Jointly Administered) |
| | **Obj. Deadline: March 14, 2025 at 4:00 p.m. (ET)**<br>**Re: D.I. 2116** |

## LEBANON MARKETPLACE CENTER, LLC'S OBJECTION TO DEBTORS' NOTICE OF FILING OF FIFTEENTH POST-CLOSING DESIGNATION NOTICE [D.I. 2116]

Lebanon Marketplace Center LLC, as successor in interest to Lebanon Marketplace, LLC and Lebanon Marketplace II, LLC ("Landlord"), by and through undersigned counsel, hereby submits its objection (the "Objection") to *Debtors' Notice of Filing of Fifteenth Post-Closing Designation Notice* [D.I. 2116] (the "Notice"). In support of its Objection, Landlord respectfully states as follows:

### Background

1. On September 9, 2024 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with United States Bankruptcy Court for the District of Delaware (the "Court"). The cases (the "Bankruptcy Cases") are jointly administered under the above-captioned case. The Debtors continue to operate

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Grate Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Bankruptcy Cases.

2. Landlord is the owner of a shopping center located in Lebanon, Missouri (the "Center"), in which Debtor Big Lots Stores, LLC. ("Big Lots") operates a retail store pursuant to an unexpired nonresidential real property lease dated February 1, 2021 between Landlord's predecessors in interest, Lebanon Marketplace, LLC and Lebanon Marketplace II, LLC, and Big Lots' predecessor-in-interest, Big Lots Stores, Inc. (together with all amendments and modifications thereto, the "Lease").

3. The Lease is a lease "of real property in a shopping center," as that term is used in 11 U.S.C. § 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

4. Payments are due monthly pursuant to the terms of the Lease (each, a "Monthly Lease Payment"). Each Monthly Lease Payment in the aggregate amount of approximately $18,122.30 is comprised of the following components:[2]

      a.    Rent                        $14,700.00
      b.    CAM                      $ 3,422.30

5. On February 27, 2025, Debtors filed the Notice.

6. The Lease is included in the Notice with a listed cure amount of $3,130.00 (the "Proposed Cure Payment").[3]

7. On January 2, 2025, this Court entered its *Order (I) Authorizing Sale of Debtors' Assets Free and Clear of Liens, Claims, Interest, and Encumbrances, (II) Authorizing the Debtors to Enter Into and Perform Under the GBRP APA, (III) Authorizing Assumption and Assignment of*

---

[2] A true and correct copy of the general ledger showing payments due for December 2023-March 2025 is attached hereto as **Exhibit A**. The amount of the Monthly Lease Payment is subject to change pursuant to the terms of the Lease.
[3] The Notice incorrectly identifies the "Landlord" for the Lease as "Jared Enterprises."

SPR 19193564.1

*Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "Sale Order").

8. Pursuant to the Notice and the Sale Order, objections to the Proposed Cure Payment or the assumption and assignment of the Lease must be filed no later than March 14, 2025. This Objection is timely filed.

## **Objection**

9. Landlord hereby objects to the assumption of the Lease as set forth in the Notice because the Proposed Cure Payment does not include all prepetition and postpetition arrearage owed to Landlord.

10. A debtor in possession may not assume an unexpired lease "unless, at the time of assumption of such . . . lease, the [debtor in possession] cures, or provides adequate assurance that the [debtor in possession] will promptly cure" any monetary defaults under such lease. 11 U.S.C. § 365(b)(1)(A). A debtor bears the burden of proving it has satisfied the requirements for assumption and assignment. *Id.*; *In re Thane International, Inc.,* 586 B.R. 540, 546 (Bankr. D. Del. 2018) ("The debtor has the burden to show that a contract is assumable and that Section 365 has been met […] .").

11. The Proposed Cure Payment set forth in the Notice with respect to the Lease is deficient in that it does not include all pre- and post-petition arrearages owed to Landlord pursuant to the terms of the Lease, and therefore does not cure all existing monetary defaults under the Lease as required by the Bankruptcy Code.

12. Various credits and costs are included in the outstanding balance under the Lease. The Landlord's books and records show it is currently owed at least $49,190.63 in rent and related obligations pursuant to the Lease, as follows:

| Description | Amount |
|---|---|
| NNN 2024 Billback | $42,244.31 |
| September 2024 Rent Outstanding | $3,524.02 |
| September 2024 CAM Outstanding | $3,422.30 |
| **Total** | **$49,190.63** |

13.     In any order that is entered establishing the cure amount with respect to the Lease, such cure amount must be set to cover all amounts owing under the Lease, as may have been modified by the Sale Order.

### Joinder in Objections Raised by Other Landlords

14.     To the extent consistent with the objections expressed herein, Landlord also joins in the objections of any other shopping center lessors to the Debtors' proposed relief.

### Reservation of Rights

15.     Nothing in this Objection is intended to be, or should be construed as, a waiver by the Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law, including other orders of this Court entered herein. Landlord expressly reserves all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections to assumption and/or assignment of the Lease on any and all grounds; (ii) assert additional non-monetary defaults under the Lease; (iii) assert any rights for indemnification or contribution against the Debtors arising under the Lease; and (iv) assert any further objections as they deem necessary or appropriate.

| | |
|---|---|
| Dated:  March 14, 2025<br>Wilmington, Delaware | */s/ Laurel D. Roglen*<br>Leslie C. Heilman (DE No. 4716)<br>Laurel D. Roglen (DE No. 5759)<br>Margaret A. Vesper (DE No. 6995)<br>BALLARD SPAHR LLP<br>919 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801-3034<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: heilmanl@ballardspahr.com<br>           roglenl@ballardspahr.com<br>           vesperm@ballardspahr.com<br><br>and<br><br>Camber Jones<br>SPENCER FANE LLP<br>2144 E. Republic Road, Suite B300<br>Springfield, MO 65804<br>Telephone: (417) 888-1068<br>E-mail: cjones@spencerfane.com<br><br>*Counsel to Lebanon Marketplace Center LLC* |

SPR 19193564.1