**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket No. 2117<br>Objections Due: March 14, 2025, at 4:00 p.m. (ET) |

**OBJECTION OF GASTONIA RESTORATION PARTNERS, LLC TO DEBTORS' FOURTEENTH POST-CLOSING DESIGNATION NOTICE**

Gastonia Restoration Partners, LLC ("**Landlord**"), for its Objection to the Debtors' Fourteenth Post-Closing Designation Notice (D.I. 2117, the "**Designation Notice**"), including the Designation Notice proposed cure amounts, respectfully state:

1. The Landlord is the landlord for Debtors' Store #1536, located at 2587 W. Franklin Blvd., Gastonia, NC ("**Store 1536**"). In the Designation Notice, the Debtors propose to assume and assign the lease for Store 1536 (the "**Lease**"). In Exhibit B to the Designation Notice, the Debtors further propose that the cure amount for Store 1536 is $733.00 (the "**Cure Amount**").

2. The Cure Amount is incorrect. Rather than $733, the actual cure amount for Store 1536 is $2,247.42 (the "**Correct Cure Amount**"). The Store 5332 Correct Cure Amount is composed of:

| | |
|---|---|
| 1/25 and 2/25 CTI underpay | $ 22.66 |
| 2024 CAM Rec (neg) | ($ 3,196.12) |
| 2024 Insurance Rec | $ 5,118.52 |
| 2024 Prop Tax Rec | $ 302.36 |
| TOTAL CURE | $ 2,247.42 |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

17228405/1

3. Any assumption of the Lease requires full payment of the Correct Cure Amount. Section 365(b) provides in pertinent part as follows:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default. . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Simply put, the Debtors must cure all defaults of the Lease and provide adequate assurance of future performance before it may be assumed. *See In re Thane Int'l, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018). Here, the Landlord objects to the Designation Notice to the extent it does not reflect the Correct Cure Amount. The Landlord further objects to inclusion of any language in any order approving the assumption and/or assignment of the Lease that affects the lessee's obligations other than curing the defaults that existed as of the date of the Designation Notice. The Landlord reserves the right to: (i) enforce all obligations and amounts due under the Lease that were in default as of February 28, 2025 or that arise thereafter, against any assignee, and (ii) to object to the assumption and/or assignment of the Lease on any other grounds.

[*Remainder of Page Intentionally Left Blank*]

4.     The Landlord has reviewed information regarding adequate assurance of future performance by the proposed assignee of the Lease, and, based on that information, the Landlord does not object to assignment of the Lease subject to payment of the Correct Cure Amount as set forth above.

Dated: March 14, 2025

**MORRIS JAMES LLP**

*/s/ Carl N. Kunz, III*
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
ckunz@morrisjames.com

and

Paul G. Jennings, Esq
Gene L. Humphreys, Esq
**BASS, BERRY & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone (615) 742-6200
pjennings@bassberry.com
ghumphreys@bassberry.com

*Counsel for Gastonia Restoration Partners, LLC*