**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 1556, 1923** |

**CERTIFICATION OF COUNSEL REGARDING ASSUMPTION AND ASSIGNMENT**
**OF NONRESIDENTIAL REAL PROPERTY LEASES**

I, Simon Fraser, counsel to Variety Stores, LLC ("Variety"), certify as follows:

1.      On January 2, 2025 the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "Sale Order").[2]

2.      On February 3, 2025, pursuant to paragraph 43 of the Sale Order, the Debtors filed their *Notice of Fifth Post-Closing Designation Notice* with the Court [D.I. 1923] (the "Designation Notice").  Among other things, the Designation Notice attached a list of 200 of the Debtors' unexpired leases of nonresidential real property that had been designated for assumption by the

---

[1] The Debtors in these cases, together with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not otherwise defined in this Certification shall have the meanings provided in the Sale Order.

Debtors and assignment to Variety (the "Leases"), and identified the landlord associated with each Lease (together, the "Landlords").

3.      The Debtors served the Designation Notice on the Landlords as described in their claims agent's Affidavit of Service [D.I. 2032]. Variety separately served its information regarding adequate assurance of future performance pursuant to section 365(f)(2)(B) of the Bankruptcy Code on the Landlords as described in Variety's Affidavit of Service [D.I. 2049].

4.      The Designation Notice attached, as Exhibit C, a form of *Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors-In-Possession to Assume, Assign and Sell Certain Non-Residential Real Property Leases* (the "Proposed Order"). Among other things, the Proposed Order provides for the assumption of the Leases by the Debtors, the assignment of the Leases to Variety, and the fixing of the Cure Costs for the Leases at the amounts set forth on the Lease schedule attached as Exhibit A to the Proposed Order.

5.      Certain of the Landlords have objected or otherwise responded, either formally or informally, to one or more aspects of the relief set out in the Proposed Order with respect to their Leases. The Debtors, Variety, and/or Gordon Brothers Retail Partners, LLC ("Gordon Brothers" and, together with Variety and the Debtors, the "Parties") have engaged, or are engaging, in discussions with these Landlords regarding potential resolution of their objections, as well as with certain other Landlords regarding the potential amendment of their Leases upon assumption and assignment. On February 25, 2025, counsel for the Parties jointly filed a *Certificate of No Objection Regarding Fifth Post-Closing Designation Notice* [D.I. 2083] (the "CNO"). The CNO attached a revised Lease schedule that did not include the Leases of the aforementioned Landlords who had either objected or responded, or with whom the Parties were engaged in discussions about Lease amendments. Without the removed Leases, 118 Leases remained on the Lease schedule

attached to the CNO.  On February 27th, the Court entered the Proposed Order approving the Debtors' assumption, and assignment to Variety, of these 118 Leases [D.I. 2111].

6.    The Parties subsequently continued to engage with the Landlords whose Leases were not included in the CNO, and have now resolved the objections or concerns of 24 of these Landlords, whose Leases (the "Resolved Leases") are listed on a new Lease schedule (the "Resolved Lease Schedule").  Of the Resolved Leases, informal responses from the Landlords for Stores 275, 467, 1840, and 1843 were resolved by agreement to revise the Cure Costs from $0 to the figures shown on the Resolved Lease Schedule.  The Landlord for Store No. 5372 filed an objection with the Court at D.I. 1977.  This Landlord subsequently withdrew its objection [D.I. 2175] and now consents to the entry of the Proposed Order.  The Landlords for the remaining Resolved Leases have entered into amendments to their Leases, and have agreed to the assumption by the Debtors, and assignment to Variety, of their Leases as amended, pursuant to the Proposed Order.

7.    On March 7th the Parties filed a *Certification of Counsel Regarding Assumption and Assumption and Assignment of Nonresidential Real Property Leases* [D.I. 2188].  A copy of the Proposed Order attaching the Resolved Lease Schedule – but identical in all other respects to the Proposed Order filed with the CNO – was attached to this March 7th Certification of Counsel.

8.    The Proposed Order submitted to the Court on March 7th was not entered.  At a status conference on March 12th, the Court provided a comment to paragraph 7 of the Proposed Order.  In accordance with the Court's comment, the Parties have revised the second sentence of paragraph 7 of the Proposed Order to clarify that the Debtors will leave in place, as opposed to "abandon," any property owned by a Landlord, and to remove the representation of the Debtors that they are unaware of any third parties with interests in the FF&E (as defined in the Proposed

Order).  A Proposed Order containing this revised sentence, and attaching the Resolved Lease Schedule, is attached to this Certification as Exhibit "A."  A comparison of this Proposed Order to the original form is attached to this Certification as Exhibit "B."

9.    The Parties each agree to the entry of the Proposed Order attached as Exhibit "A." Because the revision does not prejudice the Landlords, the Parties respectfully submit that the Proposed Order attached as Exhibit "A" may be entered without the need for further solicitation of comment from the 24 Landlords on the Resolved Lease Schedule.

10.    Accordingly, the Parties respectfully request that the Court enter the Proposed Order attached hereto as Exhibit "A" at its earliest convenience.

**COZEN O'CONNOR**

Dated: March 17, 2025

*/s/ Simon E. Fraser*
Simon E. Fraser (No. 5335)
1201 N. Market St., Ste. 1001
Wilmington, DE  19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
E-mail:  sfraser@cozen.com

*Counsel to Variety Stores, LLC*