**EXHIBIT C**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.¹ | (Jointly Administered) |
| | **Re: Docket No. [•]** |

### ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-POSSESSION TO ASSUME, ASSIGN AND SELL CERTAIN EXECUTORY CONTRACTS

Upon the certification of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, having received a Notice of Designation of Designated Asset from Gordon Brothers Retail Partners, LLC ("**GBRP**") in accordance with Section 2.05(b) of the APA² and Paragraph 43 of the Sale Order, with respect to those certain executory contracts identified in **Exhibit A** hereto (each, a "**Contract**" and collectively, the "**Contracts**"); and the Debtors having filed and served a Designated 365 Contract Notice (the "**Designation Notice**") seeking, *inter alia*, (i) to assume and assign the Contracts to Variety

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

1

Wholesalers, Inc. ("**Variety**"); and (ii) such additional and related relief as provided by the Sale Order; and the Court having determined that the legal and factual bases for the relief requested herein establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

**NOW, THEREFORE**, the Court hereby finds as follows:

A.    After good and sufficient notice of the Designation Notice having been provided in accordance with the Designation Rights Procedures, and a reasonable opportunity to object or be heard regarding the proposed assumption and assignment of the Contracts has been afforded to the applicable 365 Counterparties in accordance with the Designation Rights Procedures.

B.    The assumption, assignment and sale of the Contracts to Variety, pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the APA and Sale Order, respectively.

C.    Pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code, to the extent required under the Sale Order, Variety has provided adequate assurance of future performance under the Contracts. Variety is hereby found to be a good faith purchaser of the Contracts and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1.    Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to Variety the Contracts, pursuant to the terms and provisions of this Order, the APA and the Sale Order.

2. In accordance with Section 363 of the Bankruptcy Code, effective as of the date of entry of this Order (such date being hereinafter defined as the "**Closing Date**"), the Contracts shall be transferred free and clear of any licenses, claims, interests, and other rights and encumbrances.

3. Upon the entry of this Order and the occurrence of the Closing Date, Variety shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to the Contracts which are due and owing from and after the Closing Date.

4. Upon entry of this Order and the occurrence of the Closing Date, Variety is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5. Pursuant to Section 365(b)(l) of the Bankruptcy Code, to the extent Cure Costs are owed to any of the 365 Counterparties, the Cure Costs shall be promptly paid by Variety. Any objection of the 365 Counterparties to the assumption or assignment or transfer of the Contracts, any Cure Cost, or seeking further adequate assurance of future performance, to the extent not otherwise resolved by agreement, or by agreement contemplated to be heard after the date of any hearing to be held in connection with the Designation Notice, or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to GBRP, Variety, or the Debtors as a result of the assumption and assignment of the Contracts. Upon remittance of the Cure Costs by Variety to the 365 Counterparties pursuant to the terms of this Order, the 365 Counterparties shall be barred from asserting any additional cure amounts or other claims with respect to the Contracts. For the avoidance of doubt, the 365 Counterparties shall be forever (i) barred from objecting to the applicable Cure Costs and from asserting any additional cure or other amounts with respect to the Contracts, and the Debtors and Variety shall be entitled to rely solely upon the Cure Costs set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or Variety, or

their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the Contracts, or that there is any objection or defense to the assumption or assumption and assignment of the Contracts. On and after the Closing Date, Variety shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under the Contracts due on or after the Closing Date.

6. The proceeds of the Contract sales shall be payable to GBRP in accordance with the APA and Sale Order, respectively.

7. Any party which did not object within the time set forth in the notice thereof is deemed to consent to the Debtors' assumption and assignment of the Contracts, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the sale and assignment of the Contracts and payment of the Cure Costs, if any, the Debtors shall be relieved from any further liability pursuant to Section 365(k) of the Bankruptcy Code.

8. Solely with respect to the transactions contemplated by this Order, and except as otherwise agreed between the applicable 365 Counterparty and Variety, nothing in this Order shall be deemed to annul or vary any provision of the Contracts *other than* the following provisions (the "**Unenforceable Provisions**"):

    a. a provision conditioning assignment on any 365 Counterparty consent, or requiring payment to any 365 Counterparties as the price of assignment;

    b. a provision effecting forfeiture or a modification of any of Variety's rights or obligations presently in effect under the Contracts upon an assignment by the Debtors of the Contracts; and

    c. a provision conditioning the Debtors' ability to assign their contractual rights upon any terms not otherwise required under the Bankruptcy Code;

9. Solely with respect to the transactions contemplated by this Order and the Sale Order, none of the Unenforceable Provisions shall apply to Variety in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or Variety of the Unenforceable Provisions shall constitute an event of default under any of the Contracts.

10. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

11. Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Contracts, Variety and GBRP.

12. Upon the entry of this Order and the occurrence of the Closing Date, the 365 Counterparties shall accept and honor the assignment of the Contracts to Variety.

13. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order and (ii) to resolve any disputes arising under or related to the Contract sales (but all 365 Counterparties/Variety disputes arising after the Closing Date which do not involve the Contracts sale, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

14. The Debtors and Variety are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Contracts.

15. Variety is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the Contracts first accruing after Variety takes assignment thereunder), or their bankruptcy estates as a result of Variety assuming the Contracts, and Variety is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates.

16. This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

17. Any remaining objections to the assignment of the Contracts that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

18. To the extent that Variety and any of the 365 Counterparties enter into a side letter with respect to one or more Contract, such side letter shall govern with respect to rights and obligations of Variety and the applicable 365 Counterparty. For the avoidance of doubt, no side letter shall modify the rights and obligations of any third party without such third party's consent.

## EXHIBIT A

## DESIGNATED CONTRACTS

- Arista
- Cisco ELA
- SolarWinds
- Snowflake
- Rand Worldwide Auto Cad LT 2025
- Siemens