## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*[1] | Case No. 24-11967 (JKS) (Jointly Administered) |
| Debtors. | **Re: D.I. No. 1672** |

### AMENDED MOTION OF THE ENCHANTE COMPANIES FOR ALLOWANCE AND COMPELLING IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Enchante Accessories Inc. ("EA"), Tzumi Innovations LLC ("TI"), Tzumi Electronics LLC ("TE"), Inspired Home Décor LLC ("IHD"), DreamGro Enterprises LLC ("DGE"), Madison Home International LLC ("MHI"), AYC Naturals LLC ("AYC"), and Code Red Novelties LLC ("CRN") (collectively, the "Enchante Companies"), creditors of the above captioned debtors and debtors in possession in the above jointly administered cases, pursuant to Section 503 of the Bankruptcy Code, file this *Amended Motion for Allowance and Compelling Immediate Payment of Administrative Expense Claim* (this "Motion"), and state as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots  Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores -  PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182);  CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);  GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC  (9612); and Big Lots F&S, LLC (3277).

2.      The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 503(a), 503(b)(1)(A), and 507(a)(2).

## BACKGROUND

3.      On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and its various affiliated entities (collectively, the "Debtors") commenced the above-captioned jointly administered cases (collectively, the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4.      On January 9, 2025, Enchante Companies filed their *Motion of Enchante for Allowance and Compelling Immediate Payment of an Administrative Expense Claim* [D.I. No. 1672].

5.      The Enchante Companies and the Debtors, are parties and subject to a series of Purchase Orders (together with all amendments, exhibits, schedules, attachments, and other integrated documents, the "Agreement").

6.      The Debtors placed postpetition orders for goods from the Enchante Companies which have been delivered but have not been paid for.

7.      EA delivered goods with a purchase price and value of no less than $1,599,494.41 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to EA is attached hereto as **Exhibit A**.

8.      TI delivered goods with a purchase price and value of no less than $52,036.80 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding.  A summary of account for postpetition amounts owed by the Debtors to TI is attached hereto as **Exhibit B**.

9.      TE delivered goods with a purchase price and value of no less than $239,368.20 to the Debtors in the normal course of business postpetition, for which payment is now overdue

and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to TE is attached hereto as **Exhibit C**.

10.    IHD delivered goods with a purchase price and value of no less than $289,229.00 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to IHD is attached hereto as **Exhibit D**.

11.    DGE delivered goods with a purchase price and value of no less than $29,937.60 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to DGE is attached hereto as **Exhibit E**.

12.    MHI delivered goods with a purchase price and value of no less than $193,004.30 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to MHI is attached hereto as **Exhibit F**.

13.    AYC delivered goods with a purchase price and value of no less than $543,449.50 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to AYC is attached hereto as **Exhibit G**.

14.    CRN delivered goods with a purchase price and value of no less than $305,578.80 to the Debtors in the normal course of business postpetition, for which payment is now overdue and remains outstanding. A summary of account for postpetition amounts owed by the Debtors to CRN is attached hereto as **Exhibit H**.

15.    Therefore, the Enchante Companies seek allowance and immediate payment of these postpetition trade debts as administrative claims in the total amount of **$3,252,098.61.**

## BASIS FOR RELIEF REQUESTED

16.    Section 503(b)(1)(A) of the Bankruptcy Code affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority."  *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)* 536 F.2d 950, 954 (1st Cir. 1976). Under Section 507(a) of the Bankruptcy Code, administrative expense claims allowed under Section 503(b) are to be given high priority.

17.    Here, the Debtors have failed to pay the cost of contracted-for goods provided to the Debtors by the Enchante Companies and to be sold for the Debtors' benefit.  The Enchante Companies were induced to produce and deliver these goods after the Petition Date, pursuant to the parties' Agreement, which goods were delivered to the Debtors for the purpose of sale as part of the Debtors' ongoing business operations.  Collectively, the current post-petition amounts due and owing under the Agreement through the date of assumption or rejection, constitute the Enchante Companies' administrative expense claim.

18.    Accordingly, the Enchante Companies are entitled to allowance and immediate payment in the amount of **$3,252,098.61** (the "Post-Petition Costs"), all as an administrative expense claim pursuant to Sections 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

19.    Enchante Companies reserve their rights to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre-assumption period that subsequently become known to the Enchante Companies or that become defaulted with the passage of time.  Enchante Companies further reserves their rights to raise any additional objections to assumption of the Agreement, including the ability of any proposed assignee to perform and to provide the necessary adequate

assurance information.  Enchante Companies expressly reserves all rights and remedies at law or in equity against the Debtors and nothing contained herein is intended to or should be construed to limit Enchante Companies rights, remedies, or interests with respect to the Agreement.

## **CONCLUSION**

20.    In accordance with the Debtors' obligations under Sections 503(a), 503(b)(1)(A),and 507(a)(2) of the Bankruptcy Code, Enchante Companies respectfully requests entry of an Order (a) allowing the Post-Petition Costs and all future costs due and owing under the Agreement through the date of assumption or rejection as an administrative expense claim, (b) ordering the Debtors to immediately pay the Post-Petition Costs, and (c) granting such other and further relief as this Court deems necessary and appropriate.

Dated: March 17, 2025

**JOYCE, LLC**
*Michael J. Joyce*
Michael J. Joyce  (No. 4563)
1225 King Street
Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com
www.joycellc.com
and

**BALASIANO & ASSOCIATES, PLLC**
Steven Balasiano
6701 Bay Parkway, 3rd Floor
Brooklyn, NY 11204
Telephone: (347) 905-5669
Email: Steven@balasianolaw.com

*Attorneys for the Enchante Companies*