IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Related D.I. 2066 |

**DECLARATION OF S. SUSAN SELF, VICE-PRESIDENT OF RITTER MANAGEMENT, INC., IN SUPPORT OF OBJECTION OF STEGER TOWNE CROSSING, LP TO NOTICE OF FILING OF EIGHTH POST-CLOSING DESIGNATION NOTICE WITH RESPECT TO ADEQUATE ASSURANCE OF <u>FUTURE PERFORMANCE AND PROPOSED CURE</u>**

I, S. Susan Self, hereby declare under penalty of perjury:

1. I am Vice President of Ritter Management, Inc.("**Ritter Management**"). I have served in this position since 2008. My educational background consists of a Bachelor of Arts in Interdisciplinary Studies from the University of Texas as Dallas. I hold the CPM (Certified Property Manager) and CCIM (Certified Commercial Investment Manager) designations, as well as a Texas Real Estate Broker's license.

2. I submit this declaration ("**Declaration**") in support of the *Objection of Steger Towne Crossing, LP to Notice of Filing of Eighth Post-Closing Designation Notice with Respect to Adequate Assurance of Future Performance and Proposed Cure* [D.I. 2066] (the "**Objection**").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.

3. The statements in this Declaration are, except where otherwise specifically noted, based on my own personal knowledge, information I obtained from Ritter Management's books and records, or information provided to me by Ritter Management's employees and advisors. I am over the age of 18 and I am authorized to submit this Declaration on behalf of the Landlord (defined below). If called as a witness, I would testify competently to the facts set forth in this Declaration.

4. Ritter Management was founded in 1994 to own commercial properties in major metropolitan areas in the United States. It currently owns seven properties in the North Texas area, including the adjacent Steger Towne Crossing and Steger Towne Crossing II shopping centers in Rockwall, Texas.

5. Steger Towne Crossing, LP ("**Landlord**") is a limited partnership formed by Ritter Management for the purpose of owning a portion of that certain retail shopping center known and referred to as Steger Towne Crossing, located at 2855 Ridge Road, Rockwall, Texas 75032 (the "**Shopping Center**").

6. At the time of the Shopping Center's development, the Landlord and two other parties: Dayton Hudson Corporation ("**Target**") and Albertson's, Inc. ("**Albertson's**" and together with Landlord and Target, the "**Landowner Parties**") entered into an Operation and Easement Agreement ("**OEA**") for the purpose of effectuating the common use and operation of their respective tracts of the Shopping Center by making certain covenants and granting one another certain reciprocal easements to permit the Shopping Center to operate as an integrated retail shopping complex. A true and correct copy of the OEA is attached to the Objection as Exhibit A [D.I. 2066-1].

7. The OEA was recorded in the real property records of Rockwall County, Texas on July 16, 1996.

8. My understanding is that the terms of the OEA constitute covenants running with the land that are binding upon the Landowner Parties and upon each of their respective successors and assigns pursuant to section 6.7 of the OEA.

9. My further understanding is that the OEA contains certain use restrictions that are mutually binding upon the Landowner Parties and their successors and assigns. Specifically, at section 5.1(B), I understand that the OEA contains a list of uses that are expressly not permitted at the Shopping Center. Among those prohibited uses is "[a]ny 'second hand' or 'surplus' store" (the "**Use Restriction**").

10. Effective June 3, 2021, the Landlord and Debtor PNS Stores, Inc. (now Big Lots PNS, LLC) ("**Big Lots**") entered into a lease (the "**Lease**") for premises consisting of approximately 36,878 square feet at the Shopping Center (the "**Premises**"). A true and correct copy of the Lease is attached to the Objection as Exhibit B [D,I. 2066-2].

11. At the time that the Lease was negotiated with Big Lots, Big Lots and its representatives were made aware of the existence of the OAE when representatives for Ritter Management and I attached it to an email dated March 8, 2021, as set forth in Exhibit D to the Objection [D.I. 2066-4].

12. I understand that the Debtors, via the sale of their designation rights to Gordon Brother Retail Partners and its designated buyers, have proposed to assign the Lease to Goodwill Industries of Dallas, Inc. ("**Goodwill**").

13. I further understand that Goodwill is a secondhand store that sells donated items, as set forth on a letter of intent from Goodwill dated December 23, 2024 , that specifically states

3

that the Premises "shall be used and occupied primarily for the sale, processing and collection of donations[.]" *See* **Exhibit 1** attached hereto.

14. It is my belief that an assignment of the Lease to Goodwill would violate the Use Restriction in the OAE that prohibits the Landlord from leasing the Premises for use as a secondhand store.

15. It is my further belief that an assignment to Goodwill would disrupt the tenant mix at the Shopping Center, as the OAE states that the Use Restriction is intended to prohibit uses that are "inconsistent with the operation of a first-class retail shopping center." I believe this inconsistent use includes a prohibited secondhand store.

16. I further believe that current tenants at the Shopping Center would be unwilling to re-sign their leases if a secondhand store is operating at the Shopping Center in violation of the OAE. I also believe that it would be difficult to attract new tenants to the Shopping Center willing to pay market rates if a secondhand store is operating at the Shopping Center in violation of the OAE.

17. In accordance with the facts described above, and my understanding of the OAE and the Use Restriction, it is my belief that the Debtors cannot demonstrate "adequate assurance of future performance" under the Lease as required by 11 U.S.C. § 365(b)(1) in order to assume and assign the Lease to Goodwill.

*[signature page to follow]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 19, 2025  
Dallas, Texas

*/s/ S. Susan Self*  
S. Susan Self, CCIM  
Vice President  
Ritter Management, Inc.

5