# **EXHIBIT B**

**Assumption & Assignment Agreements**

(see attached)

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is made as of this 18th day of January, 2025 by and between Big Lots Stores, LLC ("Assignor") and ABQ Liquidation LLC ("Assignee" and together with Assignor, the "Parties" and each, a "Party").

### RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (Bankr. D. Del. 2024);

WHEREAS, pursuant to Section 2.05(b) of that certain Asset Purchase Agreement dated as of January 3, 2025 by and between Assignor and Gordon Brothers Retail Partners, LLC ("GBRP"), GBRP has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, GBRP is conducting "store closing" or other liquidation sales at certain of Assignor's retail stores and distribution centers (each, a "GOB Sale") and has engaged Gordon Brothers Realty Services, LLC ("GBRS" and, together with GBRP, "Gordon Brothers") as its agent to assist with the disposition of Assignor's leases to be effective upon the conclusion of the applicable GOB Sale (each, a "Vacate Date"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease(s) listed on the attached Schedule A (referred to as the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms of the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556], subject to approval by the Bankruptcy Court in the Chapter 11 Cases (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

1. <u>Assignment and Assumption</u>. Subject to Assignor's prior payment of the Purchase Price as set forth below and receipt of Bankruptcy Court Approval, on the earlier of (i) March 31, 2025; and (ii) the day after the Vacate Date at the Premises; <u>provided</u>, that Assignor or Gordon Brothers shall give Assignee no less than seven (7) days' advance written notice of the Vacate Date.

(a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

(b) Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

2. Payment of Purchase Price. Assignee shall, on the date hereof, deliver the purchase price for the Lease(s) in the amount of $25,000 (the "Purchase Price") in immediately available funds wired to GBRS via the instructions set forth on Exhibit A hereto. If the assumption and assignment of the Lease(s) do(es) not occur by March 1st, 2025, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Lease(s) on and after March 1st, 2025.

3. Assumption of Liabilities. In addition to assuming all remaining obligations that exist with respect to the Lease(s), including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease(s).

4. No Further Liability of Assignor. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Lease(s).

5. Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

6. "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s). Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

7. Compliance With Law. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

9. Jurisdiction. The Parties consent to the exclusive jurisdiction of, and entry of final

orders and judgments by, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

        10.       <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Pasthat scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**BIG LOTS STORES, LLC**

By: ___*Joshua H. Nanberg*___
       Signed by:
       AB5634F80C07429...
Name: Joshua H. Nanberg
Title: VP, Real Estate

**ABQ Liquidation LLC**

By: _____
Name:
Title:

*[Signature Page to A&A Agreement]*

## SCHEDULE A

| Location No. | Address | City | State | Zip | Total Sq. Ft. | Lease Expiration |
|---|---|---|---|---|---|---|
| 4430 | 480 Georgetown Sq | Wood Dale | IL | 60191-1868 | 31,738 | 1/31/2029 |

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is made as of this __24_ day of ____January___, 2025 by and between Big Lots Stores, LLC ("Assignor") and South Lubbock FP LLC. ("Assignee" and together with Assignor, the "Parties" and each, a "Party").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (Bankr. D. Del. 2024);

WHEREAS, pursuant to Section 2.05(b) of that certain Asset Purchase Agreement dated as of January 3, 2025 by and between Assignor and Gordon Brothers Retail Partners, LLC ("GBRP"), GBRP has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, GBRP is conducting "store closing" or other liquidation sales at certain of Assignor's retail stores and distribution centers (each, a "GOB Sale") and has engaged Gordon Brothers Realty Services, LLC ("GBRS" and, together with GBRP, "Gordon Brothers") as its agent to assist with the disposition of Assignor's leases to be effective upon the conclusion of the applicable GOB Sale (each, a "Vacate Date"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease(s) listed on the attached Schedule A (referred to as the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms of the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556], subject to approval by the Bankruptcy Court in the Chapter 11 Cases (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. Assignment and Assumption. Subject to Assignor's prior payment of the Purchase Price as set forth below and receipt of Bankruptcy Court Approval, on the earlier of (i) March 31, 2025; and (ii) the day after the Vacate Date at the Premises; provided, that Assignor or Gordon Brothers shall give Assignee no less than seven (7) days' advance written notice of the Vacate Date.

(a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

(b) Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

2. _Payment of Purchase Price_.  Assignee shall, on the date hereof, deliver the purchase price for the Lease for Lubbock TX in the amount of ___$100,000_____ (the "_Purchase Price_") in immediately available funds wired to GBRS via the instructions set forth on _Exhibit A_ hereto.  If the assumption and assignment of the Lease(s) do(es) not occur by _____, 2025, Assignee will additionally reimburse Assignor for all amounts that came due, were required to be paid, and were in fact paid in connection with the Lease(s) on and after _____, 2025.

3. _Assumption of Liabilities_. In addition to assuming all remaining obligations that exist with respect to the Lease(s), including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease(s).

4. _No Further Liability of Assignor_.  From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Lease(s).

5. _Further Assurances_.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

6. _"As Is Where Is" Transaction_.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

7. _Compliance With Law_.  Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8. _Governing Law_.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

9. _Jurisdiction_.  The Parties consent to the exclusive jurisdiction of, and entry of final

orders and judgments by, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

      10.    <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Pasthat scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

<i>[Signature Pages Follow]</i>

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**BIG LOTS STORES, LLC**

By: _____
Name: Joshua H. Nanberg
Title: VP, Real Estate

**[ASSIGNEE]**

By: _____
Name: Chris Maddox
Title: President

*[Signature Page to A&A Agreement]*

## **Schedule A**

Leases

| Store Number | Address | Base Rent PSF | Lease Expiration Date | Options | Purchaser Entity |
|---|---|---|---|---|---|
| 4647 | 3303 98th Street Lubbock, TX 79423 | $8.50 | 1/31/2029 | 4-5 Years | South Lubbock FP LLC |

[Carrollton]

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is made as of this ___ day of February, 2025 by and between Big Lots Stores, LLC ("Assignor"), and Goodwill Industries of Dallas, Inc. ("Assignee" and together with Assignor, the "Parties" and each, a "Party").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (Bankr. D. Del. 2024) (the "Chapter 11 Cases");

WHEREAS, Gordon Brothers Retail Partners, LLC ("GBRP"), as buyer, and Big Lots, Inc. and certain of its subsidiaries, as seller (collectively, "Seller"), are parties to that certain Asset Purchase Agreement dated as of January 2, 2025 (the "Purchase Agreement"), pursuant to which Buyer agreed to acquire certain assets, including designation rights with respect to executory contracts and unexpired leases;

WHEREAS, on January 2, 2025, the Court entered an order approving the transactions contemplated under the Purchase Agreement [Docket No. 1556] (the "Sale Order");

WHEREAS, pursuant to Section 2.05(b) of the Purchase Agreement, GBRP has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, GBRP is conducting "store closing" or other liquidation sales at certain of Seller's retail stores and distribution centers (each, a "GOB Sale") and intends to designate certain of Seller's leases for assumption and assignment effective on or after the conclusion of the applicable GOB Sale (each, a "Vacate Date"); and

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property lease listed on the attached Schedule A (referred to as the "Lease") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms of the Sale Order, subject to approval by the Bankruptcy Court in the Chapter 11 Cases (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. Assignment and Assumption. (a) Upon the latest of the following to occur (the "Assignment Date") (i) the date of the Bankruptcy Court Approval, (ii) the date on which GBRP receives the Purchase Price as set forth below, (iii) the day after the Vacate Date at the Premises; provided, that Assignor or GBRP shall give Assignee no less than seven (7) days' advance written

notice of the Vacate Date, Assignor shall sell, transfer, convey, assign and set over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease, and Assignee shall assume and undertake to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease.

(b) No later than on the Assignment Date, Assignor shall surrender the premises subject to the Lease (the "Premises") to Assignee, deliver possession thereof to Assignee and deliver all access codes and keys (or written confirmation that Assignee is authorized to change the locks), key codes and alarm codes for the Premises (if practically available) to Assignee.

2. Deposit. Upon the execution of this Agreement by all Parties hereto, Assignee shall deposit the amount of $6,250.00 (the "Good Faith Deposit") in immediately available funds wired to GBRP via the instructions set forth on Exhibit A hereto. Such Good Faith Deposit shall be applied to the Purchase Price (as defined in Section 3 below) at the time such Purchase Price is due and payable hereunder and shall be refundable in accordance with Section 15 hereof.

3. Payment of Purchase Price. Assignee shall, on the business day after the date of the Bankruptcy Court Approval, deliver the purchase price for the Lease set forth on Schedule A attached hereto (the "Purchase Price") in immediately available funds wired to GBRP via the instructions set forth on Exhibit A hereto.

4. Assumption of Liabilities. In addition to assuming all remaining obligations that exist with respect to the Lease, including, but not limited to, accrued but unbilled adjustments for common area maintenance, real estate taxes, and insurance, Assignee shall assume and cure all outstanding liabilities with respect to the Lease (such obligations and liabilities, collectively, the "Outstanding Obligations"). Assignor hereby represents to Assignee that (i) to the best of Assignor's knowledge the amount of the Outstanding Obligations are $0.00 as of the date hereof, and (ii) Assignor will timely pay all rent due and payable under the Lease for February 2025.

5. No Further Liability of Assignor. From and after the date hereof, Assignor shall have no further obligations and duties with respect to the Lease.

6. Further Assurances. At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease.

7. "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that except as expressly set forth herein, Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease. Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease and all such other matters relating to or affecting the Lease as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease, Assignee is doing so based

2

upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease "AS IS" and "WHERE IS."

8. <u>Compliance With Law</u>. Assignee hereby agrees to comply with all applicable laws. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

9. <u>Abandonment</u>. Any personal property remaining at the premises is deemed abandoned and Assignee is free to dispose of or utilize any personal property without further notice or liability to the Debtor or any third parties.

10. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

11. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of, and entry of final orders and judgments by, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

12. <u>No Reliance</u>. Except as otherwise provided herein, each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

13. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

14. <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was

3

transmitted as an image as a defense to the enforcement of such document.

15.  Termination.

(a) Assignee shall have the right, in its sole and absolute discretion, to terminate this Agreement upon the occurrence of any of the following:

(i) The Bankruptcy Court Approval is not provided on or before July 1, 2025 (such date, the "Approval Deadline"); or

(ii) The Bankruptcy Court Approval is not based on or does not incorporate the order agreed to by GBRP and Assignee and filed by GBRP in connection with the approval of the transaction contemplated hereunder; or

(iii) If the Outstanding Obligations are materially greater than as represented by Assignor in Section 4(i), as reasonably determined by Assignee.

(b) In order to exercise its termination right under Section 15(a), Assignee shall, provide written notice to Assignor and GBRP, and GBRP shall within three (3) business days of receipt of Assignee's notice return the Good Faith Deposit in accordance with the wire instructions set forth on Exhibit B attached hereto. Upon a termination of this Agreement in accordance with this Section 15, the Parties shall have no further rights or obligations to each other hereunder.

16. Purchase Price Refund. If after the payment of the Purchase Price Assignor fails to surrender the Premises in accordance with the terms of this Agreement or otherwise fails to comply with its obligations hereunder, Assignee shall provide written notice thereof to GBRP, and GBRP shall be required to return the Purchase Price to Assignee within three (3) business days after the date of Assignee's notice in accordance with the wire instructions set forth on Exhibit B attached hereto, in which event all obligations of Assignee under this Agreement shall terminate upon Assignee's receipt of the Purchase Price and the Parties shall have no further rights or obligations to each other hereunder.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**BIG LOTS STORES, LLC**

By: *Joshua H. Nanberg*
Name: Joshua H. Nanberg
Title: VP, Real Estate

**GOODWILL INDUSTRIES OF DALLAS, INC.**

By: *Timothy R. He-*
Name: Timothy R. Heis
Title: President + CEO

With respect to Section 16 only:

**GORDON BROTHERS RETAIL PARTNERS, LLC**

By: *Richard P Edwards*
Name: Richard P. Edwards
Title: Head of NA Retail

*[Signature page to Assignment and Assumption Agreement (Carrollton)]*

## Schedule A

Lease, Premises and Purchase Price

| Store Number | Store Name | Tenant/ Assignor | Lease | Address | Premises | Allocated Purchase Price |
|---|---|---|---|---|---|---|
| 1624 | Carrollton Big Lots | Big Lots Stores, LLC | Lease Agreement made effective as of June 14, 2001, by and between Center America Property Trust, LP, as landlord, and Big Lot Stores, Inc. (as predecessor-in-interest to Assignor), as tenant, as amended | Rosemeade Plaza, 3621 North Josey Lane, Dallas, TX 75007 | The "Demised Premises" as described in the Lease | $25,000.00 |