# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>Re:  Docket Nos. 1556, 2178 |

## OBJECTION AND RESERVATION OF RIGHTS OF PLAZA AT SPEEDWAY LLC TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASE

Plaza At Speedway LLC, as landlord (the "Landlord"), by and through undersigned counsel, hereby file this objection (the "Objection") to the Debtors' *Notice of Filing of Eighteenth Post-Closing Designation Notice* [D.I. 2178] (the "Notice"), and in support hereof respectfully states as follows.

## BACKGROUND

1. The Landlord and Debtor Big Lots Stores, Inc. are parties to that certain Lease, dated February 18, 2015 (the "Lease") for the demised premises located at 6121 Crawfordsville Road, Indianapolis, IN 46224 (the "Premises" or the "Property"). A true and correct copy of the Lease is attached hereto as **Exhibit A**.

2. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced the above-captioned chapter 11 cases

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

(collectively, the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in this Court. No trustee or examiner has been appointed and the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "Sale Order").

4. On March 5, 2025, the Debtors filed the Notice, which states that Gordon Brothers Retail Partners, LLC ("Gordon Brothers" or "Buyer") notified Debtors of its determination to designate the Lease for assumption and assignment to Forman Mills, Inc. ("Forman Mills or "Proposed Assignee"). The Notice lists a cure amount for the Lease of $0.

## OBJECTION

5. The Landlord objects to the proposed assumption and assignment of the Lease on the grounds that (i) the Debtors propose to assume and assign the Lease without curing known existing defaults; (ii) the proposed order submitted in connection with the proposed assumption and assignment is inconsistent with law requiring that unexpired leases be assumed *cum onere*, subject to all benefits and burdens of such leases; (iii) the proposed order includes language that would rewrite the terms of the Lease and impose burdens and obligations on the Landlord that go beyond the terms of the Lease; and (iv) the transfer free and clear of (a) all applicable reciprocal easement agreements (or similar agreements) and other restrictive covenants applicable to the

2

Lease, (b) any liability and responsibility for all obligations to pay all accruing or accrued, but unbilled charges or obligations due under the Lease, including un-billed year-end adjustments and reconciliations, which may come due in the future in accordance with the terms of the Lease, regardless of when they arose, or (c) any contractual indemnification obligations to indemnify and hold the Landlord harmless with regard to claims for personal injuries at the Premises and/or damage to the Premises or the Lease arising from the Debtors' use and occupancy of the Lease prior to the assumption and assignment, but which may not be known to the Landlord as of the time of the assumption and assignment.

6.  Accordingly, the Landlord respectfully requests that the motion to assume and assign the Lease to the Proposed Assignee be denied.

I.  **The Debtors or the Proposed Assignee Have Not Proposed to Cure, or Provide Adequate Assurance of the Prompt Cure, of All Defaults Under the Lease**

7.  The Landlord objects to the proposed assignment on the grounds that the Debtors have failed to cure, or provide adequate assurance of the prompt cure, of all defaults under the Lease.

8.  In order to assume and assign an unexpired lease, a debtor must first satisfy section 365(b)(1)(A) of the Bankruptcy Code, which requires that a debtor either cure all defaults existing under a lease, or provide the landlord with adequate assurance that it will promptly cure such defaults. *See* 11 U.S.C. § 365(b)(1)(A).

9.  The proposed cure amount of $0 under the Lease as set forth in the Notice is not correct and demonstrates a complete disregard by the Debtors and the Buyer to conduct a good faith review of the actual amount owing under the Lease. A cursory review would have reflected that the Debtors have not paid rent the month that the petition was filed and have not paid property taxes owed. The correct cure amount is no less than $84,339.92, which includes (as set forth in

more detail below) (i) the amount of $44,062.50 for past due rent and late fees; (ii) $25,277.42 in property taxes from 2023 and 2024; and (iii) estimated attorney fees in the amount of $15,000.00. Certain of these amounts continue to accrue and the cure amount may be higher depending on the proposed assumption and assignment date.

10.     Additionally, the Landlord has been denied access to the Property to conduct an inspection. There may be additional breaches at the Property that require cure and unless and until access is granted to the Landlord to conduct such inspection, the total cure amount remains uncertain.

11.     Further, the Landlord is aware of a potential code violation that may require cure. Additional information regarding the violation is not known to the Landlord, but Landlord understands that the Debtor has received a citation.

**Rent & Late Fees**

| Month | Unpaid Rent | Late Fee (5%) |
|---|---|---|
| September 2024 | $18,750.00 | $5,625.00 |
| March 2025 | $18,750.00 | $937.50 |
|  | **$37,500.00** | **$6,562.50** |

**Property Taxes**

| Property Tax Year | Base Year - 2016 | Current Year | Increase | Due |
|---|---|---|---|---|
| 2023 | $112,272.80 | $139,717.20 | $27,444.40 | $15,917.75 (58%) |
| 2024 | $112,272.80 | $128,410.16 | $16,137.36 | $9,359.67 (58%) |
|  |  |  |  | **$25,277.42** |

12.     The cure amounts identified herein do not include cure amounts that may become due and owing after the date hereof, or any amounts that are currently unknown or undetermined by the Landlord. The Landlord reserves the right to amend or supplement this Objection and any

statement of cure amount as necessary or appropriate under the circumstances, including without limitation to account for further property inspections, reconciliations or adjustments which have not yet been billed or have not yet become due under the terms of the Lease, amounts that become due and owing after the date hereof, or amounts that the Landlord becomes aware of after the date hereof.

### III. The Lease Must Be Assumed and Assigned, If At All, *Cum Onere*

13. While the Landlord strongly disagrees that the Lease may be assumed and assigned as proposed in the Notice, it further objects to the proposed assumption and assignment to the extent that the Debtors, in any proposed order approving the assignment or otherwise, seek to modify the rights, claims and interests of the Landlord under the Lease and applicable law.

14. In order to assume and assign the Lease, the Debtors are required, at the time of assumption, to cure or provide adequate assurance of the prompt cure of all monetary and non-monetary defaults under the Lease, including, without limitation, any and all defaults with respect to insurance requirements under the Lease, real estate taxes and other charges, amounts payable under reciprocal easement agreements, utilities (including electricity, gas, oil, water, telephone, sanitary sewer services and all other and utilities), attorneys' fees and costs, repair, maintenance, and replacement obligations, and environmental cleanup obligations, hazardous materials restrictions, the satisfaction of liens, compliance with laws, indemnification obligations, or similar charges owing under the Lease that remain undetermined as of the date of the proposed assumption (the "Unliquidated Obligations").

15. Any assumption or assignment of the Lease must be done, if at all, subject to all of the benefits and burdens of such lease.  Section 365 of the Bankruptcy Code provides only for the assumption or assignment of an executory contract or unexpired lease in its entirety, and Debtors

may not assume and assign only the favorable parts of a contract or lease and reject parts that they deem unfavorable. *See In re Fleming Cos.*, 499 F.3d 300, 308 (3d Cir. 2007) (agreement must be assumed and assigned cum onere, accepting the burdens as well as the benefits); *Cinicola v. Scharffenberger*, 248 F.3d 110, 19-20 (3d Cir. 2001) ("If the trustee meets the assumption requirements under § 365, it must assume the executory contract entirely.") (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)); *In re G-1 Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not "cherry-pick" the provisions of an assumed contract with which it will comply."); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("The trustee must either assume the entire contract, cum onere, or reject the entire contract, shedding obligations as well as benefits."); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 119 (Bankr. D. Del. 2008) ("If the debtor decides to assume a lease, however, it must generally assume all the terms of the lease and may not pick and choose only favorable terms to be assumed. 'The [debtor] may not blow hot and cold. If he accepts the contract he accepts it cum onere. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.'") (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 97 (3d Cir. 1951)); *see also In re Access Beyond Technologies, Inc.*, 237 B.R 32, 47 (Bankr. D. Del. 1999) ("A debtor cannot avoid the requirements of section 365 by saying it is "selling" a lease or executory contract, rather than assuming and assigning it.").

16. Any order approving the assumption and assignment of the Lease to a proposed assignee must make clear that all liquidated cure amounts must be paid at or prior to assumption and assignment and all Unliquidated Obligations under the Lease shall survive, and that any assignee shall take the Lease subject to all of respective terms of the Lease and undertake to satisfy all monetary and other non-monetary obligations under the Lease, regardless of whether such Unliquidated Obligations could be argued to have existed, occurred, arose, accrued or related to a

period prior to the assumption and assignment of the Lease. Furthermore, any order approving the assumption and assignment of the Lease should confirm that the Landlord's setoff, recoupment, subrogation and indemnification rights are preserved, regardless of when such rights accrued.

17. The Landlord further objects to any proposed order approving the assumption and assignment of the Lease to the extent such order seeks to modify the Landlord's rights under the terms of Lease in a manner not consistent with the provisions of the Bankruptcy Code. For example, paragraph 14 of the proposed order submitted with the Notice would require landlords, among other things, to "cooperate and expeditiously execute and deliver . . . any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Assignment Agreements." The Landlord objects to this provision as an impermissible modification of the Landlord's rights and obligations under the Lease that finds no support in the Bankruptcy Code or other applicable law.

### IV. Demand for Security

18. Section 365(l) of the Bankruptcy Code provides:

> If an unexpired lease under which the debtor is the lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

19. The Landlord reserves all rights to require security in connection with any proposed assignment of the Lease pursuant to section 365(l) of the Bankruptcy Code, including without limitation in the form of parent or personal guaranties.

**RESERVATION OF RIGHTS**

20. The Landlord expressly reserves all of its rights under the Lease with respect to any and all obligations of the Debtors and/or any proposed assignee as tenant, including without limitation the Landlord's right to claim any amounts of rent, charges to compensate for monetary defaults, such as accrued real estate taxes, utility charges that have been assessed against the Premises, unsatisfied liens on the Premises created by the Debtors and/or any proposed assignee and/or insurance premiums, and charges to compensate for non-monetary defaults, including without limitation all maintenance, indemnification and environmental obligations of the Debtors and/or any proposed assignee. The Landlord further reserves all rights to raise further objections, as necessary or appropriate under the circumstances, relating to any motion or request to assume or assign the Lease, including without limitation the right to amend or supplement this Objection for any reason.

Dated: March 20, 2025

**BAYARD, P.A.**

By: */s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email: ejohnson@bayardlaw.com

Counsel for Plaza At Speedway LLC