**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. Nos. 1923, 1964, 1994, 2116, 2117, 2178, 2342, 2343 & 2347** |

**MOTION OF DEBTORS FOR LEAVE TO FILE DEBTORS' REPLIES TO CERTAIN OBJECTIONS TO DEBTORS' ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY LEASES**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor-in-possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Leave To File Debtors' Replies To Certain Objections To Debtors' Assumption and Assignment of Non-Residential Real Property Leases* (this "**Motion**"), and move for entry of an order, substantially in the form attached as **Exhibit A** hereto, granting the Debtors leave to file the (1) *Debtors' Omnibus Reply To Certain Objections To Debtors' Assumption and Assignment of Non-Residential Real Property Leases* [D.I. 2347], (2) *Debtors' Omnibus Reply To Certain Objections To Debtors' Assumption and Assignment of Non-Residential Real Property Leases to Forman Mills* [D.I. 2343], and (3) *Debtors' Reply To the Objection of Kin Properties To Debtors' Assumption and Assignment of*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Non-Residential Real Property Lease* [2342] (collectively, the "**Replies**"), filed substantially contemporaneously herewith, and respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to rule 9006-1(d) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors move the Court for authority to file the Replies in support of certain of the Debtors' Post Closing Designation Notices [D.I. Nos. 1923, 1964, 1994, 2116, 2117, and 2178] (the "**Contested Notices**").[2]

### Jurisdiction, Venue, and Authority

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Local Rule 9006-1(d).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order (as defined herein) as applicable.

**Background**

6. On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed. On September 23, 2024, the Office of the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") [D.I. 248].

7. Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77].

8. On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

9. Pursuant to the Designation Rights Procedures contained in the Sale Order, the Debtors, in conjunction with GBRP, were authorized to assume and assign certain of the Debtors' unexpired leases of non-residential real estate ("**Leases**") by filing Post-Closing Designation Notices. Parties wishing to object to the assumption and assignment of a lease contained in a Post-Closing Designation Notice were given fourteen days to file objections.

10.     On February 3, 2025, the Debtors filed the *Notice of Filing of Fifth Post-Closing Designation Notice* [D.I. 1923], seeking to assume and assign the leases for Stores Nos. 541 and 560 to Variety Stores, LLC.

11.     On February 10, 2025, the Debtors filed the *Notice of Filing of Eighth Post-Closing Designation Notice* [D.I. 1964], seeking to assume and assign the lease for Store No. 4742 to Goodwill Industries of Dallas, Inc.

12.     On February 25, 2025, the Debtors filed the *Notice of Filing of Twelfth Post-Closing Designation Notice* [D.I. 2084], seeking to assume and assign the lease for Store No. 4961 to TT&L Realty.

13.     On March 5, 2025, the Debtors filed the *Notice of Filing of Eighteenth Post-Closing Designation Notice* [D.I. 2178], seeking to assume and assign the leases for Store Nos. 1753 and 1754 to Forman Mills, Inc.

14.     As of the date hereof, no less than 54 such objections have been filed to the proposed assignments (the "**Objections**").

15.     Through this Motion, the Debtors seek leave to file late replies as the Debtors, GBRP, and the proposed assignees of certain Leases continue working to consensually resolve Objections. To promote judicial efficiency and minimize professional fee expenses, the Debtors have filed consolidated replies to address multiple open Objections that cannot be consensually resolved in advance of the Hearing (as defined herein), and submit that the additional time to file the Replies will allow for the resolution of additional Objections.

### Basis for Relief

16.     Local Rule 9006-1(d) states, "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d). Local Rule 9029-3(a) requires that agendas be

filed by 12:00 p.m. prevailing Eastern Time two (2) business days prior to any hearing. Del. Bankr. L.R. 9029-3(a).

17. Presently, the Contested Notices and their respective Objections are scheduled for hearing on March 25, 2025, at 10:00 a.m. (ET) (the "**Hearing**"), for which the agenda was due on March 21, 2025, at 12:00 p.m. (ET). Pursuant to Local Rule 9006-1, the Debtors' reply deadline was one day prior (the "**Reply Deadline**"). Accordingly, because the Hearing is set to go forward on a Tuesday, the Reply Deadline was the preceding Thursday, March 20, 2025, at 4:00 p.m.—five days before the Hearing. Given the large amount of time between the Reply Deadline and the Hearing, the Debtors have opted to work through the weekend to resolve open Objections and submit that the benefits of resolving and narrowing the scope of open Objections outweighs any possible prejudice caused by the late filing of the Replies. The Debtors have interfaced with the objecting parties in the days after the Reply Deadline, and the filing of the Debtors' Replies will not come as a surprise. Due to these continued efforts to resolve open Objections prior to the Hearing, the Debtors respectfully submit that cause exists to grant the relief requested by this Motion.

18. This additional time has proved fruitful: to date, the Debtors, GBRP, and certain proposed assignees have resolved or otherwise deferred over 40 Objections, including many since the Reply Deadline. The Debtors have likewise determined to reject two leases subject to Objections based on discussions with GBRP and the proposed assignees, further decreasing the number of open Objections necessitating Court resolution.

19. The Debtors' Replies will provide the Court with important information and legal authority to support assumptions and assignments sought in the Contested Notices. The Debtors believe that the Replies will aid the Court in its consideration of the issues and allow for a more

efficient use of the Court's time at the Hearing. The objecting parties will also not be prejudiced by the filing of the Replies, as they will provide them with a greater opportunity and time to review and prepare for the Hearing.

20. Accordingly, the Debtors submit that, under the circumstances, there is sufficient cause to grant leave to file the Replies.

## Notice

21. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel who filed Objections; (d) Riemer & Braunstein LLP, as counsel to GBRP; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

22. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: March 24, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No.6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-*and*-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*