**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Objection Deadline: April 7, 2025 at 4:00 p.m. (ET)<br>Hearing Date:<br><br>Re: D.I. 2293 |

**1255 SUNRISE REALTY, LLC'S MOTION TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN ITS OBJECTION TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF ITS UNEXPIRED LEASE IN EIGHTEENTH POST-CLOSING DESIGNATION NOTICE**

1255 Sunrise Realty, LLC ("Landlord") hereby moves (the "Motion") and respectfully states as follows:

**RELIEF REQUESTED**

1. By the Motion, Landlord seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing Landlord to file under seal the Confidential Information contained in paragraph 20 of its *Objection to Debtors' Proposed Assumption and Assignment of Its Unexpired Lease in Eighteenth Post-Closing Designation Notice* [D.I. 2293] (the "Objection").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a), 107, and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c) and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3. On September 9, 2024, the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing their voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Landlord, as landlord, and Debtor Big Lots Stores, LLC (the "Debtor"), as tenant, are parties to that certain Store Lease dated as of December 13, 2002 for the property located at 1255 Sunrise Highway, Copiague, NY 11726 (designated by the Debtors as Store #1753 on the Designation Notice) (the "Copiague Lease").

5. The Copiague Lease is a triple net lease with monthly base rent of $29,927, plus CAM, real estate and insurance charges that bring the total monthly rent obligation to approximately $50,000. There are less than three years remaining on the term of the Copiague Lease, which runs through January 31, 2028 with no renewal options.

6.     The Copiague Lease is a lease "of real property in a shopping center," as that term is used in 11 U.S.C. § 365(b)(3).

7.     On January 2, 2025, the Court entered the Sale Order[2] which, among other things, approved Gordon Brothers Retail Partners, LLC (the "Gordon Brothers") as the buyer of designation rights with respect to certain of the Debtors' unexpired leases of real property.

8.     Gordon Brothers notified the Debtors on March 5, 2025 of its determination to designate the Copiague Lease for assumption and assignment to the Proposed Assignee.[3] On March 5, 2025, the Debtors filed the Designation Notice, through which the Debtors seek entry of an order authorizing the Debtors to assume the Copiague Lease and assign it to the Proposed Assignee.

9.     The Designation Notice indicates that the Proposed Assignee will provide adequate assurance of future performance information to the landlords. However, the Proposed Assignee has provided the Landlord only with unaudited 2024/2023 financial statements (the "Unaudited Financials") for Forman Mills Holdings LLC ("Forman Mills Holdings"), which presumably is affiliated in some way with the Proposed Assignee. The Unaudited Financials (even assuming they apply to the Proposed Assignee) raise serious concerns regarding the Proposed Assignee's ability to pay the rent under the Copiague Lease.

---

[2] "Sale Order" means the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* (D.I. 1556).

[3] The Gordon Brothers notice, which is attached to the Designation Notice incorrectly identifies George Butsikaris Realty, Inc. as the landlord. George Butsikaris Realty, Inc. is the property manager for the Landlord (1255 Sunrise Realty, LLC).

10. Neither the Proposed Assignee nor the Debtor have provided any further information regarding the preparation of these Unaudited Financials or any other adequate insurance information despite Landlord's request for the same.

11. On March 19, 2025, Landlord filed its Objection to Debtors' Proposed Assumption and Assignment of Its Unexpired Lease in Eighteenth Post-Closing Designation Notice [D.I 2293]. Paragraph 20 to the Objection includes certain financial information (the "Confidential Information") that the Debtor has requested remain confidential and not made public.

12. Accordingly, Landlord has filed this Motion seeking authority to (i) file the Confidential Information under seal and (ii) file a version of paragraph 20 redacting the Confidential Information.

## BASIS FOR RELIEF REQUESTED

13. Landlord therefore respectfully requests that paragraph 20 be redacted from the Bankruptcy Documents pursuant to Bankruptcy Code section 107(b), which provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information

11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. 9018 (allowing a bankruptcy court to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information); and Local Rule 9018-1(d)(iii).

14. Although maintaining confidentiality with respect to the financial information in paragraph 20 is essential, Landlord understands that it is important for the Court to have a complete and unredacted record with respect to certain documents, including paragraph 20 to the Objection.

Accordingly, Landlord proposes that it be permitted to file the unredacted paragraph 20 under seal. In addition, Landlord proposes to provide an unredacted version of paragraph 20 to the Court, the U.S. Trustee, the Reorganized Debtors, and other parties-in-interest that obtain, after notice and a hearing, authorization from this Court.

15. Absent the relief requested herein, the Landlord may, by fulfilling its duty to disclose information under the Bankruptcy Code, violate the confidentiality provisions of the financial information in paragraph 20. Accordingly, Landlord believes that the relief requested herein appropriately balances the need to maintain confidential and sensitive business information with the need for adequate disclosure under the Bankruptcy Code.

16. Pursuant to Local Rule 9018-1(d), undersigned counsel hereby certifies that the Debtor has represented that it is the holder of Confidentiality Rights as defined by Local Rule 9018-1(d)(iii). Counsel to Landlord and the Reorganized Debtor conferred in good faith and agree the Confidential Information should remain under seal. As such, Landlord has filed the redacted version of paragraph 20 under notice consistent with Local Rule 9018-1(d)(ii). *See* Docket No. 2293.

**NOTICE AND NO PRIOR REQUEST**

17. Landlord will provide notice of the Motion to: (a) the Office of the United States Trustee for the District of Delaware (b) Counsel for Reorganized Debtor; and (c) all parties entitled to notice pursuant to Local Rule 2002-1(b). Landlord submits that no other or further notice is required.

18. No previous request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, Landlord respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: March 24, 2025<br>Wilmington, Delaware | GELLERT SEITZ BUSENKELL & BROWN, LLC<br><br> /s/  Michael Busenkell<br>Michael Busenkell (DE 3933)<br>1201 N. Orange Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: 302-425-5812<br>Facsimile: 302-425-5814<br>Email: mbusenkell@gsbblaw.com<br><br>-and-<br><br>HUNTON ANDREWS KURTH LLP<br>Gregory G. Hesse (DE 005710)<br>Fountain Place<br>1445 Ross Avenue, Suite 3700<br>Dallas, TX 75202<br>Telephone: (214) 979-3000<br>Email: ghesse@hunton.com<br><br>Robert A. Rich (application *pro hac vice* to be filed)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: 212-309-1132<br>Email: rrich@hunton.com<br><br>*Counsel to 1255 Sunrise Realty, LLC* |