**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date:**<br>**Objection Deadline: March 24, 2025, at 4 p.m. (ET)**<br><br>RE: D.I. 2159 |

**LIMITED OBJECTION TO PROPOSED**
**ASSUMPTION AND ASSIGNMENT OF LEASE**

Edifis LJC, Ltd. ("Landlord") hereby submit this limited objection (the "Limited Objection") to Debtors' Notice of Filing of Seventeenth Post-Closing Designation Notice [D.I. 2159] (the "Notice") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). In support of this Limited Objection, Landlord states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On September 10, 2024, this Court entered its order authorizing joint administration of these Chapter 11 cases [D.I. 95]. No trustee or examiner has been appointed and Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. Edifis LJC, Ltd., as successor-in-interest to SRPF A/Lake Jackson Retail Investors, L.P., as landlord, and Debtor, Big Lots Stores, Inc., as tenant, are parties to that certain lease agreement, as amended, relating to a portion of a shopping center consisting of approximately 31,405 square feet and commonly known as Suite BB at 125 Highway, 332 West Lake Jackson, Texas 77566 (the "Lake Jackson Lease").

1

3. On September 9, 2024, the Debtors filed a motion (the "Sale Motion") [D.I. 18], which, among other things, seeks Court approval to sell substantially all of the Debtors' assets and assume and assign various executory contracts and unexpired leases to a stalking horse bidder subject to higher and better bids.

4. In connection with and related to the proposed Sale Motion the Debtors filed and served a *Notice of Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and Cure Amount* [Docket No. 511] (the "Original Notice").

5. The Notice identified the Lake Jackson Lease as an unexpired lease to potentially be assumed and assigned as part of the proposed sale, and indicated that the amount necessary to cure any prepetition defaults under the Lake Jackson Lease is $23,482 (the "Original Proposed Cure Amount").

6. Landlord timely objected to the Original Proposed Cure Amount [D.E. 901].

7. On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "Sale Order").

8. On March 2, 2025, the Debtors filed the Notice, which states that Gordon Brothers Retail Partners, LLC ("Gordon Brothers" or "Buyer") notified Debtors of its determination to designate the Lake Jackson Lease for assumption and assignment to Burlington Coat Factory of Texas, L.P. ("Burlington" or "Proposed Assignee"). The Notice lists a cure amount for the Lake Jackson Lease of either $6,262 or $61,000.

9. The Debtor filed an amended Notice [D.I. 2199] which clarified the proposed cure sought to be approved is $6,262 (the "Second Proposed Cure Amount"). The amended notice extended the time to object through March 24, 2025.

10. Attempts to reconcile the Landlord's books and records with both the Debtors and the Proposed Assignee have been unsuccessful, necessitating the filing of this Limited Objection.

## ARGUMENT

11. Bankruptcy Code section 365(b)(1)(A) provides that unless a lessee-debtor either (a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will promptly cure those defaults, it cannot assume and assign a lease. As one court has held, "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that he receives the full benefit of his bargain in the event of assumption." *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 793 (Bankr. N.D. Ill. 1985); *accord, In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 25 (Bankr. D. Kan. 2001); *In re Mushroom Transportation Co., Inc.*, 78 B.R. 754, 759 (Bankr. E.D. Pa. 1987). Indeed, "the cost of assumption is nothing short of complete mutuality and requires performance in full as if bankruptcy had not intervened." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1367 (9th Cir. 1992). Bankruptcy Code section 365(b)(1)(A) "clearly and unambiguously" requires the cure of all defaults before an unexpired lease of nonresidential real property may be assumed. *In re Building Block Child Care Centers, Inc.* (9th Cir. BAP 1999) 234 B.R. 762, 765; *accord, In re Fifth Taste Concepts Las Olas, LLC*, 325 B.R. 42, 49 (Bankr. S.D. Fla. 2005) ("The purpose of § 365(b)(1)(A) is to preserve the entirety of an unexpired lease upon assumption and cure any defaults.") (emphasis in original).

12. Debtors bear the burden of proving the requirements of Bankruptcy Code section 365(b) by a preponderance of the evidence. *See In re PRK Enterprises, Inc.*, 235 B.R. 597, 602

3

(Bankr. E.D. Tex. 1999).

13. Debtors' Notice acknowledges the obligation to pay unpaid monetary obligations identifying the Second Proposed Cure Amount as the amounts asserted to be due to satisfy the "cure" requirement for the proposed assignment of the Lake Jackson Lease, as delineated in Exhibit A to the Notice. The correct cure amount for the Lake Jackson Lease, as reflected in Landlord's books and records, is $39,944.64 plus attorney's fees detailed below.

14. The current cure amount asserted by Landlord does not, however, include rent and charges that accrue after March 1, 2025. Bankruptcy Code section 365(b)(1) measures defaults as of the "time of assumption." *See, e.g., In re Rachels Industries, Inc.*, 109 B.R. 797, 811-12 (Bankr. W.D. Tenn. 1990). Debtors remain required to pay accruing post-petition rent and charges on a timely basis, as required by Bankruptcy Code section 365(d)(3) and Landlord reserves its rights and remedies against Debtors with respect to any additional sums.

15. Where, as here, there are defaults under a lease sought to be assumed and assigned, Bankruptcy Code section 365(b)(1) comes into play. The Lake Jackson Lease contains provisions (at Paragraph 21), for the recovery of reasonable attorneys' fees in proceedings for the enforcement of the leases.

16. Bankruptcy courts have held that attorneys' fees incurred in the enforcement of obligations, covenants and conditions of a lease are recoverable as part of a landlord's "pecuniary loss" under Bankruptcy Code section 365(b)(1)(B) due upon assumption and assignment of a lease if the underlying lease provides for them. *In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998). "Although attorneys' fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties." *In the Child World, Inc.*, 161 B.R. 349, 353 (Bankr.

S.D.N.Y. 1993); *see also Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 127 S.Ct. 1199, 1203-1206 (2007) (contract providing for attorneys' fee recovery enforceable in bankruptcy unless Bankruptcy Code specifically provides otherwise); *In re Crown Books Corporation*, 269 B.R. 12, 18 (Bankr. D. Del. 2001) (landlord's attorneys' fees incurred in proving post-petition rent had not been recoverable as component of cure under section 365(b)(1)). "[T]here is no logical distinction, for purposes of § 365, between claims for attorney's fees in connection with pre-petition defaults and such claims in connection with post-petition defaults." *In re Entertainment, Inc.*, 223 B.R. at 154. Landlord's attorneys' fees, which currently are in excess of $20,000.00, are ongoing. Landlord reserves its right to supplement this Limited Objection to provide such further attorneys' fees information as may be requested by Debtors.

## **RESERVATION OF RIGHTS**

17. Landlord fully reserves its rights to (a) further supplement or amend this Limited Objection and assert any additional objections, including any additional cure obligations that may arise under the Lake Jackson Lease in the ordinary course of business, and (b) further object to the Notice on additional grounds based upon any new information provided by Debtors or upon any different relief requested by Debtors, including a proposed assignment of the leases to an entity other than the proposed purchaser.

## **CONCLUSION**

18. Any assignment of the Lake Jackson Lease must be subject to the existing terms, conditions, and covenants of the leases and Debtors must provide (a) adequate assurance of future performance, and (b) a complete assumption and assignment of all lease obligations (including insurance and indemnification obligations).

| | |
|---|---|
| Dated: March 24, 2025<br>Wilmington, DE | **SULLIVAN · HAZELTINE · ALLINSON LLC**<br><br>*/s/ William A. Hazeltine*<br>William A. Hazeltine (No. 3294)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Telephone: (302) 428-8191<br>Email: whazeltine@sha-llc.com<br><br>-and-<br><br>*/s/ Eric J. Silver, Esq.*<br>ERIC J SILVER<br>Florida Bar Number 57262<br>esilver@stearnsweaver.com<br>**STEARNS WEAVER MILLER**<br>**WEISSLER ALHADEFF & SITTERSON, P.A**.<br>Museum Tower Building, Suite 2200<br>150 West Flagler Street<br>Miami, Florida 33130<br>Telephone:    (305) 789-3200<br>Facsimile:    (305) 789-3395<br><br>*Counsel for Edifis LJC, Ltd.* |