## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
|  | **Re: D.I. 2342 & 2343** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE (1) DEBTORS' REPLY TO THE OBJECTION OF KIN PROPERTIES TO DEBTORS' ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY LEASE AND THE (2) DEBTORS' OMNIBUS REPLY TO THE OBJECTIONS TO DEBTORS' ASSUMPTION AND ASSIGNMENT OF NON-RESIDENTIAL REAL PROPERTY TO FORMAN MILLS

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below and sealing certain information in the *Debtors' Reply to the Objection of Kin Properties To Debtors' Assumption and Assignment of Non-Residential Real Property Lease* [D.I. 2342] and the *Debtors' Omnibus Reply to the Objections to Debtors' Assumption and Assignment of Non-Residential Real Property to Forman Mills* [D.I. 2343] (collectively, the "**Replies**"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request entry of an order (a) authorizing the Debtors to file under seal and to redact sensitive financial information contained in the Replies (the "**Confidential Information**") and (b) directing that the Confidential Information shall remain under seal and confidential and not be made available to any person without the prior written consent of the Debtors.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Rule 9013-1(f) of the *Local Rules of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## RELEVANT BACKGROUND

4.      On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On

September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5.      On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

6.      On February 25, 2025, pursuant to the Sale Order, the Debtors filed the *Notice of Filing of Twelfth Post-Closing Designation Notice* [D.I. 2084] (the "**Twelfth Designation Notice**"), which, among other things, noticed the Debtors' lease for Store No. 4691, located at 416 Southbridge Street, Auburn, MA 10501 for assumption and assignment to TT&L Realty ("**TTL**").

7.      On March 5, 2025, pursuant to the Sale Order, the Debtors filed the *Notice of Filing of Eighteenth Post-Closing Designation Notice* [D.I. 2178] (the "**Eighteenth Designation Notice**"), which, among other things, noticed the Debtors' leases for Store No. 1753, located at 1255 Sunrise Highway, Copiague, NY, 11726, and Store No. 1754, located at 3215 N. 5th Street Highway, Reading, PA, 19605, for assumption and assignment to Forman Mills, Inc. ("**Forman Mills**").

8.      On March 12, 2025, Kin Properties, Inc., as managing agent, and Esan LLC and Alisan LLC, as landlords of the Lease (the "**Kin Landlords**") filed the *Objection and Reservation of Rights of Kin Properties Inc. and its Affiliated Landlords to Debtors' Proposed Assumption and Assignment of Lease* [D.I. 2212] with regard to the Twelfth Designation Notice.

9.     On March 19, 2025, Madeira Plaza Power, LLC ("**Madeira**") filed the *Objection of Madeira Plaza Power, LLC to Eighteenth Post-Closing Designation Notice* [D.I. 2292] with regard to the Eighteenth Designation Notice.

10.    On March 19, 2025, 1255 Sunrise Realty, LLC ("**Sunrise**") filed the *Objection of 1255 Sunrise Realty, LLC to Debtors' Proposed Assumption and Assignment of its Unexpired Lease in Eighteenth Post-Closing Designation Notice* [D.I. 2293] with regard to the Eighteenth Designation Notice (together with the Kin Landlord's objection and Maderia's objection, the "**Objections**").

11.    Because the Objections challenge the adequate assurance information and financial wherewithal separately provided by TTL and Forman Mills, the Debtors have included Confidential Information in the Replies that must remain sealed from the public.  For the avoidance of doubt, the Debtors believe that TTL and Forman Mills are the respective holders of the Confidential Information.

## BASIS FOR RELIEF

12.    Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Confidential Information under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b)   On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1)   protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code.  Bankruptcy Rule 9018 provides, in relevant part:

> On any motion or its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(d).

14.     Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

15.     Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection.  *See, e.g., Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").  Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *Id.*  Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need."  *Id.* at 27.

16.     Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature.  *Id.* at 27; *see also In re Global*

*Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See id.*

## THE MOTION TO SEAL SHOULD BE GRANTED

17.    Cause exists to redact Confidential Information because the information contained therein constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as it concerns sensitive corporate documents, personal financial statements and other documents of members and managers, company financing, business plans, and internal business correspondence.  Broad publication of the Confidential Information would be inappropriate and potentially harmful to TTL and Forman Mills, who in turn may seek recourse against the Debtors.

18.    Moreover, the Debtors have an obligation maintain the confidentiality of the Confidential Information pursuant to Local Rule 9018-1(f), which provides:

> If any information or documents are designated confidential by the producing party at the time of production, disclosure must be limited to members and employees of the law firm representing the receiving party and such other persons as to which the parties agree until a confidentiality agreement has been agreed to by the parties or ordered by the Court.

Bankr. D. Del. L.R. 9018-1(f).  The Debtors are not parties to a confidentiality agreement with either TTL or Forman Mills, and TTL and Forman Mills specifically requested that the Debtors keep the Confidential Information sealed.  Therefore, the Debtors respectfully submit that they are bound by Local Rule 9018-1 to limit disclosure of the Confidential Information to the Debtors

attorneys.  Accordingly, the Debtors submit that good cause exists for the Court to grant them leave to file under seal and to redact the Confidential Information.

19.    The Debtors have provided an unredacted version of the Replies and their exhibits to the Court and the Office of the United States Trustee pursuant to Local Rule 9018-1.  On March 24, 2025, the Debtors have filed redacted versions of the Replies on the Court's docket.  D.I. 2349 & 2350.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

20.    To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the Confidential Information is subject to the confidentiality rights (as defined in Local Rule 9018-1(d)(iii)) of TTL and Forman Mills.  The undersigned counsel avers that the Debtors have separately discussed and agreed on the proposed redactions of the Confidential Information with TTL and Forman Mills.

### NOTICE

21.    Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) McDermott Will & Emery LLP and Cole Schotz P.C., counsel to the Committee; (iii) counsel to Forman Mills; (iv) counsel to TTL; and (v) any other party entitled to notice pursuant to Bankruptcy Rule 2002.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:   March 25, 2025
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*