

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

J. KATE STICKLES
JUDGE

824 NORTH MARKET STREET
WILMINGTON, DELAWARE
302-252-3820

March 31, 2025

**VIA CM/ECF**

Monique B. DiSabatino, Esquire
Saul Ewing LLP
1201 North Market Street, Suite 2300
Wilmington, DE 19801

Rachael L. Smiley, Esquire
Ferguson Braswell Fraser Kubasta P.C.
2500 Dallas Parkway, Suite 600
Plano, TX 75093

Sophie Rogers Churchill, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
Wilmington, DE 19801

Stephen D. Piraino, Esquire
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Steven Fox, Esquire
Riemer & Braunstein LLP
Times Square Tower, Suite 2506
Seven Times Square
New York, NY 10036

Gregory A. Taylor, Esquire
Ashby & Geddes P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Re:  In re Big Lots, Inc., *et al.*, Case No. 24-11967 (JKS)
Letter Ruling on the Objection of Steger Towns Crossing to the
**Eighth Post-Closing Designation Notice (Related D.I. 1964 and 2066)**

Dear Counsel:

Before the Court is the above-referenced debtors' (the "Debtors") Eighth Post-Closing Designation Notice with Respect to Adequate Assurance of Future Performance and Proposed Cure[1] (D.I. 1964) (the "Eighth Notice") which seeks to assign the lease for Store No. 4742, the

---

[1] The Eighth Notice is pursuant to the Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief (D.I. 1556) (the "Sale Order"). The Sale Order states:

Objection of Steger Towne Crossing, LP ("Landlord") to the Eighth Notice (D.I. 2066), and the Debtors' Omnibus Reply (D.I. 2347). The Court heard argument on March 25, 2025,[2] on the following issues: (i) whether the assignment of the Lease to Goodwill Industries of Dallas, Inc. ("Goodwill") was a violation of the OEA,[3] and (ii) if so, whether the Debtors and Goodwill can demonstrate adequate assurance of future performance. The parties agree that the OEA contains a use restriction preventing any "second hand" store or "surplus" store[4] and that Goodwill qualifies as a "second hand" store. The parties dispute whether the Property is within the OEA boundaries mandating its application.

The terms of the OEA constitute covenants running with the land, bind the real estate described in the OEA, and inure to the benefit of and is binding upon the signatories and their

---

Notwithstanding anything to the contrary in this Sale Order or the APA, the transfer of any nonresidential real property lease shall be (i) solely effective following entry of a further order of this Court (a) authorizing the assumption or assumption and assignment of such nonresidential real property lease pursuant to the terms of this Sale Order and (b) following the payment of the applicable cure costs (if any) on the applicable Closing Date or as soon thereafter as reasonably practicable; (ii) subject to the Designation Rights Procedures set forth in this Sale Order; and (iii) subject to any easements, reciprocal easement agreements, operating or redevelopment agreements, licenses, permits, dedications, covenants, or other rights applicable to such real estate that run with the land or limit or condition the permitted use of the property (the "Lease Encumbrances") and shall not be free and clear of any such Lease Encumbrances, except to the extent provided in any order approving the assumption and assignment of any such Lease.

Sale Order at p. 7, ¶ H. Pursuant to the Sale Order, the Court approved, among other things, certain procedures by which Gordon Brother Retail Partners might designate certain of the Debtors' unexpired nonresidential real property leases for assumption and assignment to new tenants.

[2] At the hearing on March 25, 2025 (the "Hearing"), the Landlord introduced 6 exhibits: (i) Operation and Easement Agreement Between Dayton Hudson Corporation, Albertson's, Inc. and Steger Towne Crossing, L.P., dated July 16, 1996 (Ex.1) (the "OEA"); (ii) the Lease Agreement between Steger Towne Crossing II, L.P. and PNS Stores, Inc., dated June 3, 2021 (Ex. 2) (the "Lease"); (iii) the Big Lots, Inc., Transcript of the Hearing on Jan. 21, 2025 (D.I. 1838) (Ex. 3); (iv) E-mail communications between employees of the Debtors and the Landlord (Ex. 4); (v) Letter of Intent with respect to that certain real property located at 2855 Ridge Rd., Rockwall, Tax 75032 (the "Property") from Goodwill, dated Dec. 23, 2024 (Ex. 5); and (vi) the Declaration of S. Susan Self, Vice-President of Ritter Management in Support of the Objection (D.I. 2288), which is subject to limitation as set forth in the record at the Hearing (Ex. 6). No other evidence was presented.

[3] The OEA was recorded in the real property records of Rockwall County, Texas on July 16, 1996. Ex. 6 at ¶ 7.

[4] OEA at §5.1(B)(iii).

In re Big Lots, Inc., *et al.*, Case No. 24-11967 (JKS)
March 31, 2025
Page 3

respective successors and assigns who become parties to the OEA.[5] By contrast, the Lease does not reference, incorporate, or attach the OEA nor are the use restrictions contained therein.[6]

The OEA specifically includes the "Target Tract," the "Albertson's Tract," and the "Developer Track,"[7] that are collectively referred to as the "Shopping Center," and are "contiguous and adjacent on the Site Plan."[8] The parties agree that the Property is not included in any of the tracts specifically identified in the OEA. There is, however, an e-mail communication between the Landlord and the Debtors addressing placement of sign panels upon the existing Shopping Center Pylons that attaches a copy of the OEA.[9] The OEA contains a sign easement that governs Shared Pylon Sign #1 and #2. The Lease also contains information about signage but does not reference the OEA.[10]

No party presented evidence regarding whether the Property is within the OEA. In argument, Debtors' counsel referred to a title report that was not produced, and Landlord's counsel referred to a "Legal Description of the Shopping Center"[11] but could not present evidence interpreting the description.

"[A] landlord has the burden of proving that his stores comprise a "shopping center . . ."[12] Here, the Landlord has not met this burden. There is no evidence showing that the Property is governed by the OEA. As noted above, the OEA defines the "Shopping Center" as the Target Tract, the Albertson's Tract, and the Developer Track, and the parties concede that the Property in not in any of those tracks. The Lease also contains the term "Shopping Center," which is defined as "described in Exhibit B attached hereto." Exhibit B to the Lease is the "Legal

---

[5] Section 6.7 of the OEA states:

> Binding Effect. The terms of this OEA and all easements granted hereunder shall constitute covenants running with the land and shall bind the real estate described herein and inure to the benefit of and be binding upon the signatories hereto and their respective successors and assigns who become parties hereunder. This OEA is not intended to supersede, modify, amend, or otherwise change the provisions of any prior instrument affecting the land burdened hereby.

[6] *See* Ex. 2.

[7] Developer Tracts 1-8 are collectively identified as the "Developer Tract." OEA at Preamble, p.1.

[8] *Compare* OEA at Preamble, p.1 and OEA, Ex. X *with* Ex. 2 (Lease) at Section 1.E and Ex. A.

[9] Ex. 4 (Email from T. Ritter (Landlord) to S. Self (Landlord) and J. Nanberg (Big Lots), dated Mar. 8, 2021, which states "I attached the OEA once again. You will find the decisive passage about the pylon sign under section 5.3, Occupant Signs (page 29).").

[10] Ex. 2 (Lease) at Section 8; Ex. 2 at Ex. D-1.

[11] Ex. 2 (Lease) at Ex. B.

[12] *In re Joshua Slocum, Ltd.*, 99 B.R. 250, 257 (Bankr. E.D. Pa. 1989), *aff'd sub nom. In re Joshua Slocum Ltd.*, No. CIV. A. 89-4277, 1989 WL 428204 (E.D. Pa. Dec. 21, 1989), vacated, 922 F.2d 1081 (3d Cir. 1990). *See In re Ames Dep't Stores, Inc.*, 121 B.R. 160, 163 (Bankr. S.D.N.Y. 1990) (same).

Description of the Shopping Center,"[13] but no evidence was provided deciphering the legal description. Moreover, there is no evidence demonstrating that the use restrictions contained in the OEA have been incorporated into the Lease. As such, the Landlord has not met its burden.

    The use restrictions in the OEA cannot conclusively apply to the Lease and the objection of the Landlord is overruled. As the parties have remaining issues to resolve, the Court will not enter an order at this time.

                                      Very truly yours,

                                      J. Kate Stickles
                                      United States Bankruptcy Judge

---

[13] Ex. 2 (Lease) at Ex. B. at Section 1.E.