**<u>Exhibit 2</u>**

**Redline of Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. [•]2116 |

## ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-POSSESSION TO ASSUME, ASSIGN AND SELL CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES TO OLLIE'S BARGAIN OUTLET, INC. [_____ (Store NosNo. ____1586)]

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, having received a Notice of Designation of Designated Asset from Gordon Brothers Retail Partners, LLC ("**GBRP**") in accordance with Section 2.05(b) of the APA[2] and Paragraph 43 of the Sale Order, with respect to those certain unexpired leases of non-residential real properties for the premises identified in **Exhibit A** hereto (each, a "**Lease**" and collectively,

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

the "**Leases**"); and the Debtors having filed and served a Designated 365 Contract Notice (the "**Designation Notice**") seeking, *inter alia*, (i) to assume and assign the Leases to Ollie's Bargain Outlet, Inc. (or a designee thereof) (hereinafter, "**Ollie's**"); and (ii) such additional and related relief as provided by the Sale Order; and the Court having determined that the legal and factual bases for the relief requested herein establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

NOW, **THEREFORE**, the Court hereby finds as follows:

A.      After good and sufficient notice of the Designation Notice having been provided in accordance with the Designation Rights Procedures, and a reasonable opportunity to object or be heard regarding the proposed assumption and assignment of the Leases has been afforded to the applicable 365 Counterparties (each, a "**Landlord**" and collectively, the "**Landlords**") in accordance with the Designation Rights Procedures.

B.      The assumption, assignment and sale of the Leases to Ollie's, pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the APA and Sale Order, respectively.

C.      Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, to the extent required under the Sale Order, Ollie's has provided adequate assurance of future performance under the Lease.

D.      The assumption and assignment of the Leases to Ollie's is in compliance with Section 365(b)(3) of the Bankruptcy Code.

E.      The Assumption and Assignment Agreement, dated as of [__]February 26, 2025 and attached hereto as **Exhibit B** (the "**Assignment Agreement**"), between and among the Debtors and Ollie's was negotiated and entered into in good faith, and from arm's length

bargaining positions. Ollie's is hereby found to be a good faith purchaser of the Leases and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1.       Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to Ollie's the Leases, pursuant to the terms and provisions of this Order, the APA, the Sale Order, and the Assignment Agreement, all of the terms of which are hereby approved.

2.       In accordance with Section 363 of the Bankruptcy Code, effective as of the occurrence of a closing of the assignment of the Leases under the Assignment Agreement (such date being hereinafter defined as the "**Closing Date**"), the Leases shall be transferred free and clear of any leasehold mortgages, subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, liens, interests, mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.

3.       Upon the entry of this Order and the occurrence of the Closing Date, Ollie's shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to the Leases which are due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

4.       Upon entry of this Order and the occurrence of the Closing Date, Ollie's is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5.       Pursuant to Section 365(b)(l) of the Bankruptcy Code, to the extent Cure Costs are owed to any of the Landlords, the Cure Costs shall be promptly paid by Ollie's. Any objection of the Landlords to the assumption or assignment or transfer of the Leases, any Cure

Cost, or seeking further adequate assurance of future performance other than that provided in the Assignment Agreement, to the extent not otherwise resolved by agreement, or by agreement contemplated to be heard after the date of any hearing to be held in connection with the Designation Notice, or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to GBRP, Ollie's, or the Debtors as a result of the assumption and assignment of the Leases. Upon remittance of the Cure Costs by Ollie's to the Landlords pursuant to the terms of this Order, the Landlords shall be barred from asserting any additional cure amounts or other claims with respect to the Leases. For the avoidance of doubt, the Landlords shall be forever (i) barred from objecting to the applicable Cure Costs and from asserting any additional cure or other amounts with respect to the Leases, and the Debtors and Ollie's shall be entitled to rely solely upon the Cure Costs set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or Ollie's, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the Leases, or that there is any objection or defense to the assumption or assumption and assignment of the Leases. On and after the Closing Date, Ollie's shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under the Leases that first become due on or after the Closing Date.

6.      The proceeds of the Lease sales shall be payable to GBRP in accordance with the APA and Sale Order, respectively.

7.      All personal property and furniture, fixtures and equipment ("**FF&E**") remaining in the stores subject to the Leases on or after the Closing Date other than FF&E acquired by Ollie's pursuant to a separate agreement between Ollie's and GBRP, shall be deemed abandoned

4

pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. Ollie's may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; provided, that the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; provided, further, that that the Debtors will either (a) provide for the return of such property to the Headquarters (as defined below) or (b) return such property to the applicable lessor, or other owner of the property; provided, however, that the Debtors ~~are not aware of any other parties with interests in the FF&E; provided, further, however, that the Debtors may abandon~~ may leave in place any property owned by the applicable Landlord at the applicable Store.

8.    Any party which did not object within the time set forth in the notice thereof is deemed to consent to the Debtors' assumption and assignment of the Leases, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the sale and assignment of the Leases, payment of the Cure Costs and the transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any further liability pursuant to Section 365(k) of the Bankruptcy Code.

9.    Solely with respect to the transactions contemplated by this Order and the Assignment Agreement, and except as otherwise agreed between the applicable Landlord and Ollie's, nothing in this Order shall be deemed to annul or vary any provision of the Leases *other than* the following provisions (the "**Unenforceable Provisions**"):

    a.    a provision prohibiting Ollie's intended use of the premises;

    b.    a provision unreasonably prohibiting necessary alterations to the premises or signage required to convert the premises to Ollie's intended use; provided such

5

alterations are deemed necessary by Ollie's to conform such store to Ollie's typical retail store consistent with the Ollie's intended use of the premises;

      c.    a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Lease or an increase in rent or other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by Ollie's in reestablishing retail operations after the assignment, to the extent any such provision does not permit Ollie's to "go dark" until the later of: (i) two hundred seventy (270) days after the Closing Date of the assignment of the Lease, or such later time, when the particular facts and circumstances of a given store warrant additional time, which circumstances shall include, without limitation, the age and condition of the shopping center, the ability to obtain any permits and documents necessary to complete construction, the location of the premises in the shopping center, the shape of the premises to be assigned, the demographics of the shopping center's location and the overall quality of the shopping center and its existing tenants or (ii) the "going dark period" listed in the applicable Assignment Agreement;

      d.    a provision conditioning assignment on Landlord consent, or requiring payment to the Landlord as the price of assignment, or granting Landlord the right to recapture the leased premises following the assignment;

      e.    a provision effecting forfeiture or a modification of any of Ollie's rights or obligations presently in effect under the Leases upon an assignment by the Debtors of the Lease;

      f.    a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

6

g.      a provision restricting Ollie's ability to place reasonable signage on the premises; provided, that such signage is deemed necessary by Ollie's to conform such store to Ollie's typical retail store consistent with Ollie's intended use of the premises;

h.      a provision requiring the use of a certain tradename;

i.      a provision regarding minimum sales revenues required to be satisfied at the premises covered by the Lease; and

j.      any radius provisions set forth in the Lease to the extent applicable to any existing Ollie's stores located near the Debtors' premises (but such radius provisions shall at all times apply to any new stores which might be opened by Ollie's in the area of Debtors' premises after the Closing Date).

10.     Solely with respect to the transactions contemplated by this Order, the Sale Order, and the Assignment Agreement, none of the Unenforceable Provisions shall apply to Ollie's in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or Ollie's of the Unenforceable Provisions shall constitute an event of default under any of the Leases.

11.     Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and Ollie's are authorized to close the sale of the Leases set forth in the Assignment Agreement immediately upon entry of this Order. Time is of the essence in closing the Lease sale transactions referenced herein, and the Debtors and Ollie's intend to close the Lease sale transactions as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

12.     Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Leases and the Assignment Agreement.

13.     Upon the entry of this Order and the occurrence of the Closing Date, the Landlords shall accept and honor the assignment of the Leases to Ollie's.

14.     The Landlords shall cooperate and expeditiously execute and deliver, within ten (10) days of any reasonable requests of Ollie's and at no cost to the Landlords, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Assignment Agreement.

15.     Notwithstanding anything to the contrary in this Order, the Assignment Agreement or any side letters, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of Ollie's and applicable insurer and/or third-party administrator.

16.     This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of the Assignment Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the Lease sales (but all Landlord/tenant disputes arising after the Closing Date which do not involve the Lease sales, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

17.     The Debtors and Ollie's are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Leases, in accordance with the terms of the Assignment Agreement, and to carry out the terms and conditions of the Assignment Agreement.

18.     Ollie's is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the Leases first accruing after Ollie's takes assignment thereunder as provided for under the Assignment Agreement), or their bankruptcy estates as a result of Ollie's taking title or possession of the Leases and the subject premises, and Ollie's is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Assignment Agreement.

19.     This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

20.     Any remaining objections to the assignment of the Leases that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

21.     Any provision in the Leases regarding percentage rent to the extent of Debtors' sales prior to the Closing Date shall not be imputed against Ollie's, provided that Ollie's shall be liable for percentage rent for the prorated portion of calendar year 2025 remaining after the Closing Date for a partial calendar year as if the term began on the Closing Date (and Ollie's shall not be liable to pay any percentage rent based upon sales that occurred prior to the Closing Date) and no percentage rent is due and owing by Ollie's for the period prior to the Closing Date.

22.     To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

23.     To the extent that Ollie's and any of the Landlords enter into a side letter with respect to one or more Leases, such side letter shall govern with respect to rights and obligations of Ollie's and the applicable Landlord.  For the avoidance of doubt, no side letter shall modify the rights and obligations of any third party without such third party's consent.

24.     The failure to specifically include any particular provision of the Assignment Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement and all other related documents be authorized and approved in their entirety pursuant to this Order.

25.     The Assignment Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates; provided, further, that the Debtors shall provide any such modification, amendment, or supplement to the applicable Landlords and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement; provided, further, that after the occurrence of the Closing Date, the final versions of the Assignment Agreement and any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court.

26.    Notwithstanding anything to the contrary in the Assignment Agreement, the APA, the Sale Order, or this Order, the Landlords do not release, and are not releasing, the Debtors from any claims for indemnification under the Leases arising from any third party claims that may be asserted against the Landlords for occurrences taking place prior to the Closing Date. Nothing in this Order or the applicable Lease shall impair or prejudice each Landlord's rights with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the applicable premises subject to the Leases with regard to events that occurred prior to the Closing Date.

## EXHIBIT A

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 30 | 818 S MAIN ST., Bowling Green, OH 43402-4601 | Ollie's Bargain Outlet, Inc. | TOLSON INVESTMENTS |
| 380 | 1535 S WESTERN AVE, Marion, IN 46953-1543 | Ollie's Bargain Outlet, Inc. | Lone Star Equities JRB Mgt |
| 407 | 20 N GILBERT ST, Danville, IL 61832-8502 | Ollie's Bargain Outlet, Inc. | Gator Investments |
| 493 | 5121 SW 29TH ST, Topeka, KS 66614-2350 | Ollie's Bargain Outlet, Inc. | BOB BASSEL |
| 1076 | 704 WEST AYRE ST, Shawnee, OK 74801-4707 | Ollie's Bargain Outlet, Inc. | Claremore Blue Starr Investments |
| 1154 | 139 S INTERSTATE 35, New Braunfels, TX 78130-4824 | Ollie's Bargain Outlet, Inc. | Retail Plazas, Inc. |
| 1187 | 1925 TIFFIN AVE, Findlay, OH 45840-6752 | Ollie's Bargain Outlet, Inc. | ISAAC PROPERTY |
| 1189 | 3118 ANDREWS HWY, Odessa, TX 79762-7521 | Ollie's Bargain Outlet, Inc. | Routh Properties |
| 1238 | 353 JOHN FITCH HWY, Fitchburg, MA 01420-4501 | Ollie's Bargain Outlet, Inc. | PEACE AND GRACE REALTY, LLC |
| 1266 | 2804 N BROADWAY ST, Pittsburg, KS 66762-2627 | Ollie's Bargain Outlet, Inc. | Kayton Development |
| 1286 | 1615 W HENDERSON ST STE C, Cleburne, TX 76033-4176 | Ollie's Bargain Outlet, Inc. | Klement |
| 1370 | 1060 WASHINGTON SQUARE SC, Washington, MO 63090-5302 | Ollie's Bargain Outlet, Inc. | Super Gas & Food Mart Inc. |
| 1375 | 20050 CORTEZ BLVD, Brooksville, FL 34601-3834 | Ollie's Bargain Outlet, Inc. | South Square Shopping Center, LLC |

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 1433 | 4715 BILLINGSLEY BLVD STE C, Midland, TX 79705-2508 | Ollie's Bargain Outlet, Inc. | Pilchers |
| 1491 | 1209 W SPRING ST, Monroe, GA 30655-1756 | Ollie's Bargain Outlet, Inc. | Dinnerman Group |
| 1562 | 8402 N NAVARRO ST, Victoria, TX 77904-2604 | Ollie's Bargain Outlet, Inc. | VSC ASSOCIATES LLC |
| 1586 | 12 NORTHWEST BLVD, Nashua, NH 03063-4066 | Ollie's Bargain Outlet, Inc. | Demoulas Market Basket |
| 1649 | 2414 LAND O LAKES BLVD, Land O Lakes, FL 34639-4907 | Ollie's Bargain Outlet, Inc. | B&B GROCERY |
| 1664 | 315 E COMMERCE ST UNIT B, Brownwood, TX 76801-1800 | Ollie's Bargain Outlet, Inc. | Darby Yard LLC |
| 1674 | 303 E BATTLEFIELD ST STE J, Springfield, MO 65807-4903 | Ollie's Bargain Outlet, Inc. | Jared Enterprises |
| 1797 | 2008 MEMORIAL BLVD, Springfield, TN 37172-3914 | Ollie's Bargain Outlet, Inc. | Millan Enterprises |
| 1836 | 1200 BUSINESS 190 STE 2, Covington, LA 70433-3279 | Ollie's Bargain Outlet, Inc. | Petite Esplande Covington |
| 1864 | 1305 SIDNEY BAKER ST STE J, Kerrville, TX 78028-2737 | Ollie's Bargain Outlet, Inc. | Dorado Development Co., LLC |
| 1926 | 1590 GEORGE DIETER DR, El Paso, TX 79936-7614 | Ollie's Bargain Outlet, Inc. | MIMCO |
| 1959 | 809 S TIMBERLAND DR, Lufkin, TX 75901-4880 | Ollie's Bargain Outlet, Inc. | Ella Plaza LP |
| 1977 | 3125 W BROADWAY BLVD, Sedalia, MO 65301-2116 | Ollie's Bargain Outlet, Inc. | THOMPSON HILLS INVESTMENT CORP |
| 4488 | 96 DANIEL WEBSTER HWY, Belmont, NH 03220-3045 | Ollie's Bargain Outlet, Inc. | Vernet Properties |
| 4544 | 6516 N 73RD PLZ, Omaha, NE 68122-1747 | Ollie's Bargain Outlet, Inc. | Big Score Investors |

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 4651 | 3925 BROADWAY ST, Mount Vernon, IL 62864-2205 | Ollie's Bargain Outlet, Inc. | Namdar Realty Group |
| 4740 | 457 DALTON AVE, Pittsfield, MA 01201-2978 | Ollie's Bargain Outlet, Inc. | Edward Hoe |
| 5161 | 540 WATER ST., Chardon, OH 44024-1167 | Ollie's Bargain Outlet, Inc. | JDS Properties |
| 5185 | 759 HWY 62 E STE 311, Mountain Home, AR, 72653-3251 | Ollie's Bargain Outlet, Inc. | DLC |
| 5248 | 38 DUTCH TOWN PLZ, Palatine Bridge, NY 13428-0000 | Ollie's Bargain Outlet, Inc. | Kamin Realty |
| 5272 | 1998 STATE ROAD 44, New Smyrna Beach, FL 32168-8349 | Ollie's Bargain Outlet, Inc. | G3 DEVELOPMENT |
| 5294 | 98 VICTORY HWY, Painted Post, NY 14870-1007 | Ollie's Bargain Outlet, Inc. | GBR ERWIN ONE LIMITED LIABILITY COMPANY C/O GIBRALTAR MANAGEMENT COMPANY, INC |
| 5318 | 4633 ROOSEVELT BLVD, Middletown, OH 45044-6223 | Ollie's Bargain Outlet, Inc. | Kamin Realty |
| 5322 | 3161 SOUTH MCKENZIE ST, Foley, AL 36535-3701 | Ollie's Bargain Outlet, Inc. | Realty Income Corp |
| 5419 | 1077 E STUART DR, SUITE 100, Galax, VA 24333-2638 | Ollie's Bargain Outlet, Inc. | REGENCY PROPERTIES |
| 5443 | 1707 SOUTHDALE AVE, Lebanon, MO 65536-0000 | Ollie's Bargain Outlet, Inc. | Jared Enterprises |
| 5465 | 1200 N HILLS CENTER, Ada, OK 74820-1886 | Ollie's Bargain Outlet, Inc. | Eagle North Hills Shopping Center LP |
| Store Number | Address | Purchaser Entity | Landlord Name | Cure |

3

168693.00003/152563968v.153589445v.31

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 1586 | 12 Northwest Blvd Nashua, NH 03063-4066 | Ollie's Bargain Outlet, Inc. | Demoulas Market Basket | $0.00[3] |

[3] The Debtors agreed to pay Landlord $15,568.55 on account of outstanding post-petition, pre-assignment amounts. The Debtors' payment may have been made ahead of the entry of this Order. Gordon Brothers Retail Partners (GBRP) agreed to pay Landlord $13,321.50 on account of obligations owed by GBRP. This provides a total recovery to Landlord of $28,890.05.

168693.00003/152563968v153589445v.31

**EXHIBIT B**

**Assumption & Assignment Agreement**

(see attached)