13

**EXHIBIT B**

**Form Assumption & Assignment Agreement**

## ASSUMPTION AND ASSIGNMENT AGREEMENT

This ASSUMPTION AND ASSIGNMENT AGREEMENT (the "Agreement"), dated as of _____, 2025, is by and between [Applicable Big Lots Entity] ("Assignor") and **VARIETY STORES, LLC**, an Ohio limited liability company ("Assignee").  For the avoidance of doubt, all provisions of the applicable assigned lease, including any provision limiting future assignment, shall be binding on the applicable Assignee after consummation of the assignment of such lease by the Assignor to the Assignee.

## RECITALS

WHEREAS, Assignor, on September 9, 2024, along with its affiliated debtors Great Basin, LLC, Big Lots, Inc., Big Lots Management, LLC, Consolidated Property Holdings, LLC, Broyhill LLC, Big Lots Stores – PNS, LLC, Big Lots Stores, LLC, BLBO Tenant, LLC, Big Lots Stores – CSR, LLC, CSC Distribution LLC, Closeout Distribution, LLC, Durant DC, LLC, AVDC, LLC, GAFDC LLC, PAFDC LLC, WAFDC, LLC, INFDC, LLC, Big Lots eCommerce LLC, Big Lots F&S, LLC (collectively, the "Debtors") has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et se* . (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in the jointly administered chapter 11 cases captioned *In re  ig Lots, Inc.*, Case No. 24-11967 (JKS) (the "Chapter 11 Cases");

WHEREAS, Gordon Brothers Retail Partners, LLC ("Gordon Brothers") is conducting "store closing" or other liquidation sales at certain of Assignor's retail stores and distribution centers (each, a "GOB Sale") and the assignment of leases for such stores are intended to occur after the conclusion of the GOB Sale at such stores (the "Vacate Date");

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the unexpired lease(s) listed on Schedule A attached hereto (referred to as the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises"), pursuant to the terms and conditions of the *Order (I) Approving Sale of Debtors  Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the G RP APA, (III) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "Sale Order"); and

NOW, THEREFORE, in consideration of the premises and the mutual agreements herein contained, the parties ("Parties") hereto agree as follows:

## AGREEMENT

1. Assumption and Assignment. Effective as of the later of (the "Closing Date") (i) the date the Bankruptcy Court enters an order of record pursuant to 11 U.S.C. 363(b) and 365 approving the assumption and assignment contemplated by this Agreement and (ii) the day after the Vacate Date at the applicable Premises, and upon payment of the Purchase Price as set forth below:

    (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

    (b) Assignee hereby assumes and undertakes as of the Closing Date to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

2. Payment of Purchase Price.  Assignee shall, on or before five (5) business days following the Closing Date, deliver the purchase price for the Lease(s) in the amount of $_____ (the "Purchase Price") in immediately available funds wired to the account specified by Assignor.  Together with the

Purchase Price, Assignee shall also pay to Assignor the sum of _____TBD_____ and NO/100 Dollars ($_____.00) representing rent and other charges paid by Assignor under the Lease(s) for the month in which the Closing Date occurs. The Parties acknowledge that if the assumption and assignment of the Lease(s) does not occur before thirty (30) days following the Closing Date, the Lease(s) may thereafter be rejected in the Bankruptcy Court proceedings referenced above.

3. **Assumption of Liabilities.** In addition to assuming all remaining obligations that exist with respect to the Lease(s) as of the Closing Date, including, but not limited to, accrued but unbilled adjustments for common area maintenance ("CAM"), real estate taxes, and insurance (if any), Assignee also agrees to assume and cure all outstanding liabilities with respect to the Lease(s) as listed on **Schedule B**.

4. **No Further Liability of Assignor.** From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Lease(s).

5. **Further Assurances.** At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

6. **"As Is Where Is" Transaction.** Except as expressly provided in this Agreement, Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s). Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that the Assignee has conducted an independent inspection and investigation of the physical condition of the premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

7. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of law.

8. **Jurisdiction.** The Parties consent to the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement, including the entry of final orders and judgment. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, lack of Constitutional authority, or any similar grounds and irrevocably consent to service of process by first class U.S. mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

9. **No Reliance.** Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter. In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

10. **Construction.** This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud,

duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

11. <u>Execution in Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All signatures of the Parties to this Agreement may be transmitted by facsimile or by electronic mail, and such transmission will, for all purposes, be deemed to be the original signature of such Party whose signature it reproduces, and will be binding upon such Party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

**ASSIGNOR: [Applicable Big Lots Entity]**

By_____
Name_____
Its_____


**ASSIGNEE:**
**Variety Stores, LLC**
**a North Carolina limited liability company**

By_____
Name_____
Its_____

4

**Schedule A**

**Lease(s)**

| Store # | Address | City | State |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**<u>Schedule B</u>**

**[If No Amendment to Lease(s) and Landlord Consent Required Add]**
**LANDLORD'S CONSENT TO**
**ASSUMPTION AND ASSIGNMENT AGREEMENT**

Landlord joins in the execution of this Agreement for the purpose of consenting to this Agreement and the assignment of Assignor's rights under the Lease(s) as set forth herein.

**LANDLORD:**

By:_____
Name:_____
Title: _____
Date:_____