## **Exhibit A**

Lease Termination Agreement

## LEASE TERMINATION AGREEMENT

This Lease Termination Agreement (the "Agreement") is made as of this 14th day of February, 2025 by and between Edgewater Park Urban Renewal LLC ("Landlord") and Big Lots Stores, LLC ("Tenant" and together with Landlord, the "Parties" and each, a "Party").

## RECITALS

WHEREAS, Landlord and Tenant entered into a certain Lease Agreement dated March 1, 2019 (together with any previous modifications or amendments thereto, collectively, the "Lease"), covering certain premises located at Edgewater Park Plaza in Beverly (Edgewater Park) New Jersey (the "Premises"), on the terms and conditions set forth therein;

WHEREAS, Tenant, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, pursuant to Section 2.05(b) of that certain Asset Purchase Agreement dated as of January 3, 2025 by and between Tenant and Gordon Brothers Retail Partners, LLC ("Gordon Brothers"), Gordon Brothers has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, Gordon Brothers is conducting "store closing" or other liquidation sales at certain of Tenant's retail stores and distribution centers (each, a "GOB Sale") and is exercising its designation rights in connection with the disposition or termination of Tenant's leases to be effective upon the conclusion of the applicable GOB Sale (each, a "Vacate Date"); and

WHEREAS, the Parties desire to enter into this Agreement, for the purpose of, among other reasons, restoring Landlord to possession of the Premises as of the Termination Date, releasing one another from claims and causes of action as more fully set forth herein, and enabling Landlord to dispose of any remaining personal property at the Premises in its sole and absolute discretion.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows subject only to an order of the Bankruptcy Court approving this Agreement:

## AGREEMENT

1. <u>Recitals</u>.  The Recitals are incorporated in this Agreement as if fully set forth herein.

2. <u>Lease Termination</u>.  Subject to Landlord's prior payment of the Termination Fee, the Lease is terminated effective on the earlier of (i) March 31, 2025; and (ii) the day after the Vacate

1

Date at the Premises; provided, that Tenant or Gordon Brothers shall give Landlord no less than seven (7) days' advance written notice of the Vacate Date (the "Termination Date"). Except as otherwise expressly provided in this Agreement, Tenant shall remain obligated to comply with all terms, conditions, and obligations under the Lease through and until the Termination Date, including the payment of all rent, unless such obligations are expressly waived or reduced pursuant to this Agreement. As of the Termination Date, the Lease shall terminate and be of no further force or effect, and neither Party shall have any further right, duty, obligation, or liability under the Lease, except as expressly set forth in this Agreement.

3. Tenant Representations and Warranties.

(a) Tenant hereby represents and warrants that the following statements are true as of the Effective Date which shall remain accurate as of the Termination Date:

(i) Tenant holds the entire interest of the "tenant" under the Lease.

(ii) Other than as a result of the GOB Sale, Tenant has not otherwise pledged its interest in the Lease as collateral or otherwise sold, transferred, assigned or subleased all or any portion of the Lease or the Premises.

(iii) Tenant has no knowledge of any claim, injury or cause of action, which has occurred, whether or not filed, by or for any party, relating to the Lease.

(iv) No contracts for the furnishing of any labor or materials with respect to improvements or alterations in or about the Premises have been entered into by Tenant.

(v) No concessions or other rights of use and occupancy of the Premises have been granted by Tenant.

4. Consideration. On or before the Termination Date, Landlord shall pay to Gordon Brothers, via the wiring instructions set forth on Exhibit B, an amount equal to $80,000.00 (the "Termination Fee"). Notwithstanding the foregoing, if Tenant fails to vacate and surrender the Premises by the Termination Date in accordance with the applicable surrender requirements of the Lease or as otherwise set forth herein, Landlord shall have no obligation to pay the Termination Fee, and Tenant shall be deemed a "tenant at sufferance."

5. Landlord Release of Tenant. For valuable consideration, and the mutual covenants and agreements contained herein, and subject to the terms and conditions set forth in this Agreement, Landlord does hereby fully, forever, and irrevocably release, discharge, and acquit Tenant, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, from and against any and all rights, claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of

money, accounts, compensations, contracts, controversies, promises, damages, costs, losses, and expenses of every type, kind, nature, description, or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease, provided, however, that such release shall only become effective as of the Termination Date. Notwithstanding the foregoing, the following items shall be excluded from this release and shall survive the termination of the Lease: (i) Tenant's obligations that expressly survive the termination of the Lease, as indicated in the Lease; and (ii) the provisions, obligations, and covenants of Tenant under this Agreement.

6. <u>Tenant Release of Landlord</u>. For valuable consideration, and the mutual covenants and agreements contained herein, and subject to the terms and conditions set forth in this Agreement, Tenant does hereby fully, forever and irrevocably release, discharge and acquit Landlord, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities, from and against any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease, provided, however, that such release shall only become effective as of the Termination Date. Notwithstanding the foregoing, the following items shall be excluded from this release and shall survive the termination of the Lease, (i) Landlord's obligations that expressly survive the termination of the Lease, as indicated in the Lease; and (ii) the provisions, obligations and covenants of Landlord under this Agreement.

7. <u>Acknowledgment of Unknown Claims</u>. The Parties hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses that are presently unknown, unanticipated, and unsuspected, and the Parties further agree, represent and warrant that the releases set forth herein have been negotiated and agreed upon in light of that realization and that, except as expressly limited above, they nevertheless hereby intend to release, discharge, and acquit the released parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses, and expenses.

8. <u>Conditions Precedent</u>. As a condition precedent to the effectiveness of this

Agreement, each and all of the following shall have occurred no later than the Termination Date:

 (a) Landlord has delivered the Termination Fee to the Tenant; and

 (b) An order approving this Agreement in its entirety shall have been entered by the Bankruptcy Court. Upon the full execution of this Agreement, Tenant shall, at its sole cost and expense, take all necessary actions with the Bankruptcy Court to obtain such order promptly and in accordance with applicable law and procedure.

9. <u>Other Obligations of Tenant</u>.  On or before the Termination Date:

 (a) Tenant shall continue to make all Fixed Minimum Rent and Additional Rent payments as and when due, in accordance with the applicable terms of the Lease;

 (b) Subject to Section 10, hereof, Tenant shall deliver possession of the Premises to Landlord in accordance with the surrender provisions of the Lease; and

 (c) Tenant shall deliver to Landlord the keys and access codes to the Premises (or written confirmation that Landlord is authorized to change the locks).

10. <u>Furniture, Fixtures and Equipment</u>. Any furniture, fixtures and equipment ("<u>FF&E</u>") remaining at the Premises after the Termination Date is deemed abandoned and the Landlord and their managing agents are free to dispose of the FF&E in their sole and absolute discretion without liability to Tenant.

11. <u>Authority to Settle</u>. Each of the Parties respectively represents and warrants that each such party has the absolute and unfettered power, right and authority to enter into this Agreement and settle, compromise and release fully and completely all matters and claims contemplated to be resolved hereby.  Each of the Parties respectively represents and warrants that each such party owns and controls each of the claims, causes of action, or other matters that are the subject matter of this Agreement and that it has not assigned or transferred to any other person any of such claims, causes of action, or other matters.

12. <u>Third Party Beneficiaries</u>.  This Agreement is expressly intended to confer rights and benefits upon Gordon Brothers, and Gordon Brothers shall have the right to enforce the provisions of this Agreement.

13. <u>Entire Agreement</u>.  This Agreement, the exhibits hereto and the other items to be delivered as a condition precedent to the effectiveness of this Agreement, contains the entire agreement and understanding concerning the subject matter of the Agreement and supersedes and replaces all prior negotiations and proposed settlement agreements, written or oral.  Each of the Parties respectively represents and warrants that no other party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation or warranty, express or implied, not contained in this Agreement or the exhibits hereto to induce any party to execute this Agreement.  Each of the Parties further acknowledges that such party is not executing this

4

Agreement in reliance on any promise, representation or warranty not contained in this Agreement or the exhibits hereto.

14. <u>Advice of Counsel</u>. Each of the Parties respectively represents and warrants that each such party has (a) been adequately represented, or has had the opportunity to be represented, by independent legal counsel of its own choice, throughout all of the negotiations that preceded the execution of this Agreement, (b) executed this Agreement with the consent and upon the competent advice of such counsel, or had the opportunity to seek such consent and advice, (c) read this Agreement, and understands and assents to all the terms and conditions contained in this Agreement without any reservations; and (d) had, or had the opportunity to have, the same explained to it by its own counsel.  In entering into this Agreement, no Party is relying on any representation or statement made by any other Party or any person representing such other Party.

15. <u>Attorneys' Fees</u>.  Each party to this Agreement agrees that in the event a dispute arises as to the validity, scope, applicability, or enforceability of this Agreement, the prevailing party shall be entitled to recover its costs and attorneys' fees.

16. <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be an original, and all of which shall constitute one and the same document. Further, each of the Parties agrees that scanned signatures of each party hereto shall be deemed original signatures and shall be binding on each such party whose signature is by scan to the same extent as if it were its original signature.

17. <u>Governing Law</u>. This Agreement shall be governed by and construed under the laws of the State of New Jersey, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

18. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of, and entry of final orders and judgments by, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement.  The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law.  The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**EDGEWATER PARK URBAN RENEWAL LLC**

By: _____
Name:  Joel Waldman
Title:  Member

**BIG LOTS STORES, LLC**

By: _____
Name:  Joshua H. Nanberg
Title:  VP, Real Estate