**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>BIG LOTS, INC., *et al.*,<br>Debtors.[1] | Chapter 11<br>No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Re: D.I. 2228** |

### ORDER APPROVING LEASE TERMINATION AGREEMENT

Upon consideration of the *Certification of Counsel Regarding Order Approving Lease Termination Agreement* (the "**Certification of Counsel**")[2] and the Lease Termination Agreement, attached hereto as **Exhibit A**; and the Court having jurisdiction over the matters raised in the Certification of Counsel and the Lease Termination Agreement, and the relief requested in the Certification of Counsel being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Certification of Counsel is in the best interests of the Debtors, their estates, and all parties-in-interest, and just cause exists for the relief granted herein; it is hereby **ORDERED, ADJUDGED AND DECREED** that:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed thereto in the Certification of Counsel.

1. The Lease Termination Agreement is APPROVED; provided that the Debtors are authorized to abandon all property (other than personal property leased by or otherwise not owned by the Debtors) remaining on the Premises after the Termination Date. Property of any third party that has received notice of the Debtors' or the Debtors' agents' intention to abandon such property (an "**Abandonment Notice**") and has not notified the Debtors or the Debtors' agents of their desire to have such property returned to their possession within ten calendar days of such Abandonment Notice (such noticed and non-objecting parties, the "**Consenting Third Parties**") remaining on the Premises after the Termination Date (such property, the "**Abandoned Property**") shall, as of the Termination Date, be deemed permanently abandoned and surrendered to the Landlord, and any rights, interests, claims, liens, or encumbrances with respect to such Abandoned Property (including any related claims against the Landlord or its affiliates), whether held by the Debtors or any other party, shall be deemed permanently abandoned, surrendered, waived, and extinguished.

2. After the Termination Date, the Landlord and/or its designees shall be and hereby is authorized to use or dispose of any Abandoned Property without notice or liability to any Debtor or Consenting Third Party and without further order of the Court, and, to the extent applicable, the automatic stay is modified to allow such disposition.

3. The Debtors are authorized to take any action necessary or appropriate to implement the terms of the Lease Termination Agreement and this Order without further order of the Court.

4. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Lease Termination Agreement.

5. This Order is effective immediately upon entry by the Court.

Dated: March 31st, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE