# EXHIBIT A

| Store Number | Address | Purchaser Entity | Landlord Name | Cure |
|---|---|---|---|---|
| 5419 | 1077 E Stuart Dr, Suite 100 Galax, VA 24333-2638 | Ollie's Bargain Outlet, Inc. | Regency Properties (Regency CSP IV LLC) | $22,489.70 |
| 5272 | 1998 State Road 44 New Smyrna Beach, FL 32168-8349 | Ollie's Bargain Outlet, Inc. | G3 DEVELOPMENT | $100,000.00 |
| 1154 | 139 S Interstate 35 New Braunfels, TX 78130-4824 | Ollie's Bargain Outlet, Inc. | RPI Courtyard, Ltd. | $8,549.36 |
| 1649 | 2414 Land O Lakes Blvd Land O Lakes, FL 34639-4907 | Ollie's Bargain Outlet, Inc. | B&B GROCERY | $0[3] |
| 1674 | 303 E Battlefield St Ste J, Springfield, MO 65807-4903 | Ollie's Bargain Outlet, Inc. | 301-321 E Battlefield LLC (notice incorrectly lists Jared Enterprises) | $6,990.40 |
| 5322 | 3161 South Mckenzie St Foley, AL 36535-3701 | Ollie's Bargain Outlet, Inc. | Realty Income Corp | $6,311.00 |
| 5185 | 759 Hwy 62 E Ste 311 Mountain Home, AR 72653-3251 | Ollie's Bargain Outlet, Inc. | DLC Properties, LLC | $4,692.43 |
| 5443 | 1707 Southdale Ave, Lebanon, MO 65536-0000 | Ollie's Bargain Outlet, Inc. | Lebanon Marketplace Center LLC (notice incorrectly lists Jared Enterprises) | $10,878.63[4] |
| 4544 | 6516 N 73rd Plz Omaha, NE 68122-1747 | Ollie's Bargain Outlet, Inc. | Big Score Investors | $4,461.00 |

---

[3] The Debtors also agreed to pay Landlord $45,750.28 on account of outstanding post-petition, pre-assignment amounts, which resolves the Landlord's cure objection. The Debtors' payment may have been made ahead of the entry of this Order.

[4] The Debtors also agreed to pay Landlord $38,312 on account of outstanding post-petition, pre-assignment amounts. The Debtors' payment may have been made ahead of the entry of this Order. Taken together with Ollie's cure payment, this provides a total recovery to Landlord of $49,190.63, which resolves the Landlord's cure objection.

2

| Store Number | Address | Purchaser Entity | Landlord Name | Cure |
|---|---|---|---|---|
| 1926 | 1590 George Dieter Dr El Paso, TX 79936-7614 | Ollie's Bargain Outlet, Inc. | AP GROWTH PROPERTIES, LP (notice incorrectly lists MIMCO) | $7,538.33[5] |
| 1491 | 1209 W Spring St., Monroe, GA 30655-1756 | Ollie's Bargain Outlet | Hererra Properties, LLC (notice incorrectly lists Dinnerman Group) | $12,710.88[6] |
| 1797 | 2008 Memorial Blvd., Springfield TN 37172-3914 | Ollie's Bargain Outlet | Millan Enterprises | $56,442.60 |
| 5294 | 98 Victory Hwy, Painted Post NY, 14870-1007 | Ollie's Bargain Outlet | Gibraltar Management Co, Inc. | $11,079.99 |
| 407 | 20 N. Gilbert St., Danville, IL 61832-8502 | Ollie's Bargain Outlet | Gator Development Corp. | $5,915.87 |

---

[5] The Debtors agreed to pay Landlord $5,251.72 on account of outstanding post-petition, pre-assignment amounts. The Debtors' payment may have been made ahead of the entry of this Order. Gordon Brothers Retail Partners (GBRP) agreed to pay Landlord $1,951.95 on account of obligations owed by GBRP. Taken together with Ollie's cure payment, this provides a total recovery to Landlord of $14,742.

[6] As set forth on the record at the hearing, this amount is being paid by the Debtors, not Ollie's. The Debtors' payment may have been made ahead of the entry of this Order.

## EXHIBIT B

**Assumption & Assignment Agreement**

(see attached)

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is made as of this 26 day of February, 2025 by and between Big Lots Stores, LLC, an Ohio limited liability company ("Big Lots"), Big Lots Stores-CSR, LLC, an Ohio limited liability company, Big Lots Stores-PNS, LLC, a California limited liability company (together with Big Lots, collectively, "Assignor") and Ollie's Bargain Outlet, Inc., a Pennsylvania corporation or its designated affiliate, ("Assignee" and together with Assignor, the "Parties" and each, a "Party").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del. 2024) (the "Chapter 11 Cases");

WHEREAS, Gordon Brothers Retail Partners, LLC ("GBRP"), as buyer, and Big Lots, Inc. and certain of its subsidiaries, as seller ("Seller"), are parties to that certain Asset Purchase Agreement dated as of January 3, 2025 (the "Purchase Agreement"), pursuant to which Buyer agreed to acquire certain assets, including designation rights with respect to executory contracts and unexpired leases;

WHEREAS, on January 2, 2025, the Bankruptcy Court entered an order approving the transactions contemplated under the Purchase Agreement [Docket No. 1556] (the "Sale Order");

WHEREAS, pursuant to Section 2.05(b) of the Purchase Agreement and Paragraph 43 of the Sale Order, GBRP has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, GBRP is conducting "store closing" or other liquidation sales at certain of Assignor's retail stores and distribution centers (each, a "GOB Sale") and has designated Assignor's Leases (defined below) as "Designated Assets" (as defined in the Purchase Agreement) for assumption and assignment to Assignee as a "Designated Buyer" (as defined in the Purchase Agreement) effective as of March 31, 2025 (the "Closing Date"), which shall occur after the date on which Assignor vacates each Premises (defined below) subject to such Leases on or after the conclusion of the applicable GOB Sale (each, a "Vacate Date");

WHEREAS, Assignor has agreed to assign and Assignee has agreed to assume the real property Leases listed on the attached Schedule A with the term and address of each lease being as represented in the documents provided by Assignor, on Schedule A, including rights under any amendments, subordination, non-disturbance and recognition agreements executed in connection with such leases (each, a "Lease" and, collectively, the "Leases") with respect to the premises set forth on Schedule A (the "Premises") pursuant to the terms of the Sale Order, subject to approval by the Bankruptcy Court (the "Bankruptcy Court Approval") in the Chapter 11 Cases pursuant to 11 U.S.C. §§ 363(b) and 365 approving the assumption and assignment contemplated by this Agreement,

substantially in the form of that certain *Order Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors-In-Possession to Assume, Assign and Sell Certain Non-Residential Real Property Leases* attached hereto as **Exhibit 1** (the "Order"); and

WHEREAS, Assignor has filed or will file with the Bankruptcy Court that certain *Notice Of Filing Of Post-Closing Designation Notice* (the "Designation Notice"), which, *inter alia*, disclosed the proposed costs, if any, necessary to cure any defaults under the Leases, as contemplated by Section 365(b)(1)(A) of the Bankruptcy Code (collectively "Cure Costs") in connection with this Agreement.

NOW, THEREFORE, in consideration of the promises and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**AGREEMENT**

1. Assignment and Assumption. Subject to Assignee's prior payment of the Purchase Price for each Premises as set forth below and receipt of Bankruptcy Court Approval, on the Closing Date; provided, that Assignor or GBRP shall give Assignee no less than seven (7) days' advance written notice of the Vacate Date for each Premises; provided, further, that prior to the Closing Date and the applicable Vacate Date for each Premises, GBRP and Assignor shall provide Assignee and its agents with access to the Premises of each Lease for the purpose of allowing Assignee to conduct property inspections, surveys and take measurements; provided, further, that time is of the essence with respect to the Closing Date:

(a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to each such Lease free and clear (subject to this Agreement's express terms regarding the assumption and cure of certain liabilities) of leasehold mortgages (if any), subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, liens, mechanics liens, bills, interests, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.

(b) On the Closing Date, Assignor shall surrender each Premises to Assignee, deliver possession thereof to Assignee and deliver all access codes and keys (or written confirmation that Assignee is authorized to change the locks), key codes and alarm codes for each applicable Premises (if practically available) to Assignee.

(c) Except as specifically set forth in this Agreement, Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to each Lease that first becomes due after the Closing Date.

2. Payment of Purchase Price. Subject to the immediately following sentence, Assignee shall, on the Closing Date, deliver to GBRP the purchase price for the Leases in the amount of $1.00 (the "Purchase Price"). Notwithstanding anything to the contrary in this Agreement, in the event that any party objects to the proposed assumption and assignment of any Leases in the Chapter 11 Cases (an "Objection"), including, without limitation an objection asserting that the Cure Costs for any lease is higher than the amount set forth on the Designation Notice, and in the event that

any such Objection cannot be resolved to the satisfaction of Assignee, Assignee may, in its sole and exclusive discretion, terminate this Agreement solely with respect to such Lease(s) subject to such Objection by providing written notice to GBRP and Assignor, which notice may be provided by email to GBRP and Assignor's counsel (each a "Partial Termination") and, upon such Partial Termination, the Parties will have no further rights or obligations to each other relating to the Lease(s) subject to such Partial Termination and such Lease(s) may be rejected in the Chapter 11 Cases.

3. Assumption of Certain Liabilities. Assignee hereby agrees to pay all Cure Costs, if any, necessary to cure any defaults under the Leases on or after the Closing Date. For the avoidance of doubt, Assignee shall have no obligation for any tenant indemnification or liability claims that could arise against Assignor after the Closing Date, which claims remain the obligations of the Assignor.

4. No Further Liability of Assignor. From and after the Closing Date, Assignor shall have no further obligations and duties with respect to the Leases.

5. Further Assurances. At any time and from time to time after the Closing Date, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Leases.

6. "As Is Where Is" Transaction. Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Leases; *provided, however*, Assignor warrants and represents that it has fully complied with any requests from Assignee to provide access to all known lease and amendment documents relating to each Lease. Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Leases. Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Leases and all such other matters relating to or affecting the Leases as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Leases, Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Leases "AS IS" and "WHERE IS."

7. Compliance With Law. Assignee hereby agrees to comply with all applicable laws applicable to this Agreement and Assignee's use and occupancy of the Premises. Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section that arises or relates to any Premises for the time period on and after the Closing Date.

8. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

9. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11. <u>Third Party Beneficiaries</u>. This Agreement is expressly intended to confer rights and benefits upon GBRP, and GBRP shall have the right to enforce the provisions of this Agreement.

12. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

13. <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

14. <u>Intended Use & Going Dark</u>. Assignee intends to use each Premises for the operation of an Ollie's Bargain Outlet retail store (the "<u>Intended Use</u>"), and the Order shall so provide for such Intended Use. In order to facilitate such usage, Assignee may need to delay reestablishing retail operations at each Premises for a period of time not to exceed **two hundred seventy (270) days** after receipt of applicable permits, subject to events of force majeure (the "<u>Going Dark Period</u>"), and the Order shall so provide for such Going Dark Period.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**ASSIGNOR:**

**BIG LOTS STORES, LLC**

By: _____ *Joshua H. Nanberg* ____
              AB5634F80C07429...
Name: Joshua H. Nanberg
Title: VP, Real Estate

**ASSIGNOR:**

**BIG LOTS STORES-CSR, LLC**

By: _____ *Joshua H. Nanberg* ____
              AB5634F80C07429...
Name: Joshua H. Nanberg
Title: VP, Real Estate

**ASSIGNOR:**

**BIG LOTS STORES-PNS, LLC**

By: _____ *Joshua H. Nanberg* ____
              AB5634F80C07429...
Name: Joshua H. Nanberg
Title: VP, Real Estate

**ASSIGNEE:**

**OLLIE'S BARGAIN OUTLET, INC.**

By: _____
Name: Robert Helm
Title: Executive Vice President and Chief Financial Officer

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**ASSIGNOR:**

**BIG LOTS STORES, LLC**

By: _____
Name:
Title:

**ASSIGNOR:**

**BIG LOTS STORES-CSR, LLC**

By: _____
Name:
Title:

**ASSIGNOR:**

**BIG LOTS STORES-PNS, LLC**

By: _____
Name:
Title:

**ASSIGNEE:**

**OLLIE'S BARGAIN OUTLET, INC.**

By: ___[Signed by: 0E29271E68E34A2...]___
Name: Robert Helm
Title: Executive Vice President and Chief Financial Officer

*[Signature Page to A&A Agreement]*

## Schedule A

Leases

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 30 | 818 S MAIN ST., Bowling Green, OH 43402-4601 | Ollie's Bargain Outlet, Inc. | TOLSON INVESTMENTS |
| 380 | 1535 S WESTERN AVE, Marion, IN 46953-1543 | Ollie's Bargain Outlet, Inc. | Lone Star Equities JRB Mgt |
| 407 | 20 N GILBERT ST, Danville, IL 61832-8502 | Ollie's Bargain Outlet, Inc. | Gator Investments |
| 493 | 5121 SW 29TH ST, Topeka, KS 66614-2350 | Ollie's Bargain Outlet, Inc. | BOB BASSEL |
| 1076 | 704 WEST AYRE ST, Shawnee, OK 74801-4707 | Ollie's Bargain Outlet, Inc. | Claremore Blue Starr Investments |
| 1154 | 139 S INTERSTATE 35, New Braunfels, TX 78130-4824 | Ollie's Bargain Outlet, Inc. | Retail Plazas, Inc. |
| 1187 | 1925 TIFFIN AVE, Findlay, OH 45840-6752 | Ollie's Bargain Outlet, Inc. | ISAAC PROPERTY |
| 1189 | 3118 ANDREWS HWY, Odessa, TX 79762-7521 | Ollie's Bargain Outlet, Inc. | Routh Properties |
| 1238 | 353 JOHN FITCH HWY, Fitchburg, MA 01420-4501 | Ollie's Bargain Outlet, Inc. | PEACE AND GRACE REALTY, LLC |
| 1266 | 2804 N BROADWAY ST, Pittsburg, KS 66762-2627 | Ollie's Bargain Outlet, Inc. | Kayton Development |
| 1286 | 1615 W HENDERSON ST STE C, Cleburne, TX 76033-4176 | Ollie's Bargain Outlet, Inc. | Klement |
| 1370 | 1060 WASHINGTON SQUARE SC, Washington, MO 63090-5302 | Ollie's Bargain Outlet, Inc. | Super Gas & Food Mart Inc. |
| 1375 | 20050 CORTEZ BLVD, Brooksville, FL 34601-3834 | Ollie's Bargain Outlet, Inc. | South Square Shopping Center, LLC |

*Execution Version*

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 1433 | 4715 BILLINGSLEY BLVD STE C, Midland, TX 79705-2508 | Ollie's Bargain Outlet, Inc. | Pilchers |
| 1491 | 1209 W SPRING ST, Monroe, GA 30655-1756 | Ollie's Bargain Outlet, Inc. | Dinnerman Group |
| 1562 | 8402 N NAVARRO ST, Victoria, TX 77904-2604 | Ollie's Bargain Outlet, Inc. | VSC ASSOCIATES LLC |
| 1586 | 12 NORTHWEST BLVD, Nashua, NH 03063-4066 | Ollie's Bargain Outlet, Inc. | Demoulas Market Basket |
| 1649 | 2414 LAND O LAKES BLVD, Land O Lakes, FL 34639-4907 | Ollie's Bargain Outlet, Inc. | B&B GROCERY |
| 1664 | 315 E COMMERCE ST UNIT B, Brownwood, TX 76801-1800 | Ollie's Bargain Outlet, Inc. | Darby Yard LLC |
| 1674 | 303 E BATTLEFIELD ST STE J, Springfield, MO 65807-4903 | Ollie's Bargain Outlet, Inc. | Jared Enterprises |
| 1797 | 2008 MEMORIAL BLVD, Springfield, TN 37172-3914 | Ollie's Bargain Outlet, Inc. | Millan Enterprises |
| 1836 | 1200 BUSINESS 190 STE 2, Covington, LA 70433-3279 | Ollie's Bargain Outlet, Inc. | Petite Esplande Covington |
| 1864 | 1305 SIDNEY BAKER ST STE J, Kerrville, TX 78028-2737 | Ollie's Bargain Outlet, Inc. | Dorado Development Co., LLC |
| 1926 | 1590 GEORGE DIETER DR, El Paso, TX 79936-7614 | Ollie's Bargain Outlet, Inc. | MIMCO |
| 1959 | 809 S TIMBERLAND DR, Lufkin, TX 75901-4880 | Ollie's Bargain Outlet, Inc. | Ella Plaza LP |
| 1977 | 3125 W BROADWAY BLVD, Sedalia, MO 65301-2116 | Ollie's Bargain Outlet, Inc. | THOMPSON HILLS INVESTMENT CORP |
| 4488 | 96 DANIEL WEBSTER HWY, Belmont, NH 03220-3045 | Ollie's Bargain Outlet, Inc. | Vernet Properties |

*Execution Version*

| Store Number | Address | Purchaser Entity | Landlord Name |
|---|---|---|---|
| 4544 | 6516 N 73RD PLZ, Omaha, NE 68122-1747 | Ollie's Bargain Outlet, Inc. | Big Score Investors |
| 4651 | 3925 BROADWAY ST, Mount Vernon, IL 62864-2205 | Ollie's Bargain Outlet, Inc. | Namdar Realty Group |
| 4740 | 457 DALTON AVE, Pittsfield, MA 01201-2978 | Ollie's Bargain Outlet, Inc. | Edward Hoe |
| 5161 | 540 WATER ST., Chardon, OH 44024-1167 | Ollie's Bargain Outlet, Inc. | JDS Properties |
| 5185 | 759 HWY 62 E STE 311, Mountain Home, AR, 72653-3251 | Ollie's Bargain Outlet, Inc. | DLC |
| 5248 | 38 DUTCH TOWN PLZ, Palatine Bridge, NY 13428-0000 | Ollie's Bargain Outlet, Inc. | Kamin Realty |
| 5272 | 1998 STATE ROAD 44, New Smyrna Beach, FL 32168-8349 | Ollie's Bargain Outlet, Inc. | G3 DEVELOPMENT |
| 5294 | 98 VICTORY HWY, Painted Post, NY 14870-1007 | Ollie's Bargain Outlet, Inc. | GBR ERWIN ONE LIMITED LIABILITY COMPANY C/O GIBRALTAR MANAGEMENT COMPANY, INC |
| 5318 | 4633 ROOSEVELT BLVD, Middletown, OH 45044-6223 | Ollie's Bargain Outlet, Inc. | Kamin Realty |
| 5322 | 3161 SOUTH MCKENZIE ST, Foley, AL 36535-3701 | Ollie's Bargain Outlet, Inc. | Realty Income Corp |
| 5419 | 1077 E STUART DR, SUITE 100, Galax, VA 24333-2638 | Ollie's Bargain Outlet, Inc. | REGENCY PROPERTIES |
| 5443 | 1707 SOUTHDALE AVE, Lebanon, MO 65536-0000 | Ollie's Bargain Outlet, Inc. | Jared Enterprises |
| 5465 | 1200 N HILLS CENTER, Ada, OK 74820-1886 | Ollie's Bargain Outlet, Inc. | Eagle North Hills Shopping Center LP |