**Exhibit B**

**Comparison of Revised Proposed Order to Original Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-POSSESSION TO ASSUME, AND ASSIGN ~~AND SELL~~ CERTAIN NON-RESIDENTIAL REAL PROPERTY ~~LEASES~~LEASES TO VARIETY STORES, LLC**

Upon the Designation Notice (as defined herein) of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, and the Debtors having received a Notice of Designation of Designated Asset from Gordon Brothers Retail Partners, LLC ("**GBRP**") in accordance with Section 2.05(b) of the ~~APA[2]~~APA[2] and Paragraph 43 of the Sale Order, with

---

[1] ~~The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.~~

[2] ~~Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").~~

LEGAL\76065616\1

respect to certain unexpired leases of non-residential real property for the premises identified in **Exhibit A** hereto (the "**Leases**"); and the Debtors having filed and served a Designated 365

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

Contract Notice (the "**Designation Notice**") seeking, *inter alia*, (i) to assume and assign the Leases to Variety Stores, LLC (hereinafter, "**Variety**"); and (ii) such additional and related relief as ~~provided by~~ the ~~Sale Order~~Court deems necessary; and the Court having determined that the legal and factual bases for the relief requested herein establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

NOW, **THEREFORE**, the Court hereby finds as follows:

A. After good and sufficient notice of the Designation Notice having been provided in accordance with the Designation Rights Procedures, and a reasonable opportunity to object or be heard regarding the proposed assumption and assignment of the Leases has been afforded to each applicable 365 Counterparty (each, a "**Landlord**") in accordance with the Designation Rights Procedures.

B. The assumption, and assignment ~~and sale~~ of the Leases to Variety, pursuant to Sections 363 and 365 of the Bankruptcy Code, is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the ~~APA and Sale Order, respectively.~~Assignment Agreement (as defined herein).

C. Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, ~~to the extent required under the Sale Order~~and any additional agreements between a Landlord and Variety, Variety has provided adequate assurance of future performance under the Leases.

D. The assumption and assignment of the Leases to Variety ~~is in compliance~~complies with ~~Section~~Sections 365(b)(1) and (3) of the Bankruptcy Code.

E. The Assumption and Assignment Agreement, a form of which is attached hereto as **Exhibit B** (the "**Assignment Agreement**"), between and among the Debtors and Variety was

negotiated and entered into in good faith, and from arm's length bargaining positions. Variety is hereby found to be a good faith purchaser of the Leases and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, ~~sell~~ and assign to Variety each Lease, pursuant to the terms and provisions of this ~~Order, the APA, the Sale~~ Order, and the Assignment Agreement, all of the terms of which are hereby approved.

2. In accordance with Section 363 and 365 of the Bankruptcy Code, and pursuant to the terms of the Assignment Agreement, effective as of the ~~occurrence of a closing~~ later of (a) the day after the applicable "**Vacate Date**" (as defined in the Assumption and Assignment Agreement) and (b) the date the Bankruptcy Court enters this Order approving the assignment of ~~the Leases under the Assignment Agreement~~ an applicable Lease (such date being hereinafter defined as the "**Closing Date**"), each Lease and the Debtors' leasehold interest shall be transferred free and clear of any leasehold mortgages of the Debtors, subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law, and ~~rules~~ all rights, claims, liens, and interests, ~~mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.~~ other than easements, rights-of-way, and restrictive covenants, as well as any reciprocal easement agreement or declaration of covenants and restrictions or other similar land use agreement (each an "**REA**" or any ground or master lease (each a "**Master Lease**") and any local law related to the shopping center (any REA, Master Lease and local law (collectively, the "**Permitted Encumbrances**")) to which the Debtors were subject as of the Closing; provided, however, in all respects, Variety shall, except as set forth in this Order and the Assignment Agreement, assume all of the terms, conditions and covenants of the Leases as tenant under the

4
LEGAL\76065616\1

applicable Lease, and agrees to assume and undertake to pay, perform and discharge all obligations and duties with respect to each such Lease that accrue and become due on or after the Closing Date (the "**Lease Obligations**").

3. Upon the entry of this Order and the occurrence of the Closing Date, Variety shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to the Leases which ~~are~~accrue and become due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

4. Upon entry of this Order and the occurrence of the Closing Date, Variety is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5. Pursuant to Section 365(b)(l) of the Bankruptcy Code, to the extent a Cure Cost is owed to any Landlord, as more fully set forth on **Exhibit A** hereto, the Cure Cost shall be ~~promptly~~ paid by ~~GBRP~~ Variety no later than seven (7) business days of the Closing Date. Any objection of ~~any~~a Landlord to the assumption ~~or~~and assignment ~~or transfer~~ of ~~any~~an applicable Lease, any Cure Cost, or ~~seeking~~for further adequate assurance of future performance other than that provided in the Assignment Agreement, to the extent not otherwise resolved by agreement, or by agreement contemplated to be heard after the date of any hearing to be held in connection with the Designation Notice, or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to GBRP, Variety, or the Debtors as a result of the assumption and assignment of the Leases. Upon remittance of the Cure Costs by ~~GBRP~~Variety to each Landlord or, for Leases with no Cure Cost, as of the Closing, pursuant to the terms of this Order, such Landlord shall be barred from asserting any ~~additional cure~~other amounts ~~or~~due and owing to the Landlord prior to the Closing Date other than the Cure Costs, or asserting any other claims or defaults with respect to the applicable Lease~~.~~ for the period

5
LEGAL\76065616\1

prior to the Closing Date, including those that may be due as a Cure Cost, except as otherwise expressly set forth in this Order. For the avoidance of doubt, such Landlord shall be forever (i) barred from objecting to the applicable Cure Cost and from asserting any additional cure or other default amounts with respect to the applicable Lease for the period prior to the Closing Date, and the Debtors, GBRP and Variety shall be entitled to rely solely upon the Cure Cost set forth above and herein, and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or Variety, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the applicable Lease, or that there is any objection or defense to the assumption ~~or assumption~~ and assignment of the applicable Lease, except for as set forth in any side letter entered into between Variety and Landlord. On and after the Closing Date, Variety shall be responsible for paying (and shall be entitled to receive any credits for) all amounts ~~outstanding under each Lease due on or after the Closing Date.~~ that accrue and come due under an applicable Lease after the Closing Date; provided, further, for the avoidance of doubt, notwithstanding anything in this Order or the Assignment Agreement to the contrary, Variety shall be responsible for the payment of any accrued but unbilled obligations under the applicable Lease, including any year-end adjustments or reconciliations, when billed in accordance with the terms of the Lease that become due and owing after the Closing Date (irrespective of the period in which such obligations relate).

6. The proceeds of the Lease Sale shall be payable to GBRP in accordance with the Assignment Agreement, APA and Sale Order, respectively.

7. All personal property and furniture, fixtures and equipment ("FF&E") remaining in the store subject to any Lease on or after the Closing Date shall be deemed abandoned by the Debtors pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. Variety may, in

its sole discretion and without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; provided, that the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; provided, further, that that the Debtors will either (a) provide for the return of such property to the Headquartersits headquarters (as defined below) or (b) return such property to the applicable lessor, or other owner of the property; provided, however, that the Debtors are not aware of any other parties with interests in the FF&E; provided, further, however, that the Debtors may abandonleave in place any property owned by the Landlord at the applicable Store.

   8. Any party which did not object within the time set forth in the notice thereof is deemed to consent to the Debtors' assumption and assignment of the Leases, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the sale The assumption and assignment of the Leases, payment of the Cure Costs and the transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any further liability pursuant to Section 365(k) of the Bankruptcy Code; provided, however, notwithstanding anything to the contrary in the Assignment Agreement, the APA, the Sale Order, or this Order, the Landlords do not release, and are not releasing, the Debtors from any claims for indemnification under the Leases arising from any third party claims that may be asserted against the Landlords for occurrences taking place prior to the Closing Date. Nothing in this Order or the applicable Lease shall impair or prejudice each Landlord's rights with respect to the Debtors' available insurance coverage with respect to third-party claims asserted in connection with the Debtors' use and occupancy of the applicable premises subject to the Leases with regard to events that occurred prior to the Closing Date.

9. Solely with respect to the transactions contemplated by this Order and the Assignment Agreement, and except as otherwise agreed between the Landlord and Variety, nothing in this Order shall be deemed to annul or vary any provision of the Leases *other than* the following provisions (the "**Unenforceable Provisions**"):"), and, without limiting the generality of the foregoing, no violation by the Debtors or Variety of the Unenforceable Provisions shall have any effect on the Debtors or Variety in any respect and will not constitute an event of default under an applicable Lease in connection with the assignment of the Lease pursuant to this Order:

~~a provision prohibiting Variety's intended use of the premises;~~

~~b.~~a.  a provision unreasonably prohibiting necessary alterations to the premises, including the replacement, or modification of any signage ~~required to convert the premises to Variety's intended use~~; provided such alterations are ~~deemed~~ necessary ~~by~~for Variety to ~~conform such store~~operate at the premises under the Big Lots trade name, consistent with Variety's intended use of the premises, and done in a matter otherwise consistent with the terms of the applicable Lease and local law;

~~c.~~b.  a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Leases or an increase in rent or other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by Variety in reestablishing retail operations after the assignment, to the extent any such provision does not permit Variety to "go dark" ~~until the later of: (i) one hundred twenty (120) days after the Closing Date of the assignment of the Leases, or (ii) such later time, when the particular facts and circumstances of a given store warrant additional time, which circumstances shall include, without limitation, the age and condition of the shopping center, the ability to obtain any permits and documents necessary to complete construction, the location of the premises in the shopping center, the shape of the premises to be~~

8
LEGAL\76065616\1

~~assigned, the demographics of the shopping center's location and the overall quality of the shopping center and its existing tenants;~~for a period of no more than ninety (90) days after the Closing Date of the assignment of the Leases.

~~d.~~c.      a provision conditioning assignment on Landlord consent, or requiring payment to the Landlord as the price of assignment, or granting Landlord the right to recapture the leased premises following the assignment;

~~e.~~d.      a provision effecting forfeiture or a modification of any of Variety's rights or obligations presently in effect under the Leases upon an assignment by the Debtors of the Leases;

~~f.~~e.      a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

~~a provision restricting Variety's ability to place reasonable signage on the premises; provided, that such signage is deemed necessary by Variety to conform such store with Variety's intended use of the premises;~~

~~a provision requiring the use of a certain tradename; and~~

~~i.~~f.      a provision regarding minimum sales revenues required to be satisfied at the premises covered by the ~~Leases~~applicable Lease prior to the Closing date and for any "go dark" period.

~~Solely with respect to the transactions contemplated by this Order, the Sale Order, and the Assignment Agreement, none of the Unenforceable Provisions shall apply to Variety in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or Variety of the Unenforceable Provisions shall constitute an event of default under any of the Leases.~~

9
LEGAL\76065616\1

~~11.~~10.  Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and Variety are authorized to close the ~~sale~~assignment of the Leases set forth in the Assignment Agreement immediately upon entry of this Order. Time is of the essence in closing the Lease ~~sale~~assignment transaction referenced herein, and the Debtors and Variety intend to close the Lease ~~sale~~assignment transaction as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

~~12.~~11.  Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Leases and the parties to the Assignment Agreement.

~~13.~~12.  Upon the entry of this Order and the occurrence of the Closing Date, each Landlord shall accept and honor the assignment of the Leases to Variety.

~~14.~~13.  Each Landlord shall reasonably cooperate and ~~expeditiously~~ execute and deliver, ~~within ten (10) days of any~~without undue delay and upon the reasonable ~~requests~~request of Variety and at no cost to the applicable Landlord, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Assignment Agreement.

~~15.~~14.  Notwithstanding anything to the contrary in this Order, the Assignment Agreement or any side letters, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise

transferred without the express prior written consent of the Variety and applicable insurer and/or third-party administrator.

~~16.~~15.  This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of the Assignment Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the Lease sales (but all Landlord/tenant disputes arising subsequent to the Closing Date which do not involve the Lease sales, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

~~17.~~16.  The Debtors and Variety are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Leases, in accordance with the terms of the Assignment Agreement, and to carry out the terms and conditions of the Assignment Agreement.

~~18.~~17.  Variety is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under each Lease first accruing after Variety takes assignment thereunder as provided for under the Assignment Agreement and this Order), or their bankruptcy estates as a result of Variety taking title or possession of each Lease and the subject premises, and Variety is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Assignment Agreement and this Order.

~~19.~~18.  This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

20.19.  Any remaining objections to the assignment of the Leases that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

~~Any provision in the Leases regarding percentage rent to the extent of Debtors' sales prior to the Closing Date shall not be imputed against Variety, provided that Variety shall be liable for percentage rent for the prorated portion of calendar year 2025 remaining after the Closing Date for a partial calendar year as if the term began on the Closing Date (and Variety shall not be liable to pay any percentage rent based upon sales that occurred prior to the Closing Date) and no percentage rent is due and owing by Variety for the period prior to the Closing Date.~~

22.20.  To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

23.21.  To the extent that Variety and Landlord enter into a side letter with respect to any Lease, such side letter shall govern with respect to rights and obligations of Variety and Landlord. For the avoidance of doubt, no side letter shall modify the rights and obligations of any third party without such third party's consent.

24.22.  The failure to specifically include any particular provision of the Assignment Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement and all other related documents be authorized and approved in their entirety pursuant to this Order.

~~25.~~ 23. The Assignment Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates; provided, further, that the Debtors shall provide any such modification, amendment, or supplement to the Landlord and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement; provided, further, that after the occurrence of the Closing Date, the final versions of the Assignment Agreement any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court.

This Order shall be deemed to constitute a separate order with respect to each Lease. Any stay of this Order pending appeal by any party objecting to any of the relief granted in this Order shall stay this Order only with respect to the particular Lease(s) that are the subject of such objection(s) and/or such appeal, and shall not stay this Order with respect to any other Leases, and/or any other relief granted in this Order.

**EXHIBIT A**

**Designated Leases**

**EXHIBIT B**

**Form Assumption & Assignment Agreement**

24.

| | | |
|---|---|---|
| **Page 1: [1] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Table Paragraph

| | | |
|---|---|---|
| **Page 1: [2] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Default

| | | |
|---|---|---|
| **Page 1: [3] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Comment Subject

| | | |
|---|---|---|
| **Page 1: [4] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Book Title

| | | |
|---|---|---|
| **Page 1: [5] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Intense Reference

| | | |
|---|---|---|
| **Page 1: [6] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Subtle Reference

| | | |
|---|---|---|
| **Page 1: [7] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Intense Quote

| | | |
|---|---|---|
| **Page 1: [8] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Quote

| | | |
|---|---|---|
| **Page 1: [9] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Strong

| | | |
|---|---|---|
| **Page 1: [10] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Intense Emphasis

| | | |
|---|---|---|
| **Page 1: [11] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Emphasis

| | | |
|---|---|---|
| **Page 1: [12] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Subtle Emphasis

| | | |
|---|---|---|
| **Page 1: [13] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Body Text Hang Indent 2

| | | |
|---|---|---|
| **Page 1: [14] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Body Text Hang Indent

| | | |
|---|---|---|
| **Page 1: [15] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

Body Text Indent

| | | |
|---|---|---|
| **Page 1: [16] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

TOC 9

| | | |
|---|---|---|
| **Page 1: [17] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

TOC 8

| | | |
|---|---|---|
| **Page 1: [18] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

TOC 7

| | | |
|---|---|---|
| **Page 1: [19] Style Definition** | **Author** | **3/30/2025 9:26:00 AM** |

TOC 6

| Page 1: [20] Style Definition | Author | 3/30/2025 9:26:00 AM |

TOC 5

| Page 1: [21] Style Definition | Author | 3/30/2025 9:26:00 AM |

TOC 4

| Page 1: [22] Style Definition | Author | 3/30/2025 9:26:00 AM |

TOC 3

| Page 1: [23] Style Definition | Author | 3/30/2025 9:26:00 AM |

TOC 2

| Page 1: [24] Style Definition | Author | 3/30/2025 9:26:00 AM |

TOC 1

| Page 1: [25] Style Definition | Author | 3/30/2025 9:26:00 AM |

Title

| Page 1: [26] Style Definition | Author | 3/30/2025 9:26:00 AM |

List Continue 2

| Page 1: [27] Style Definition | Author | 3/30/2025 9:26:00 AM |

List Continue

| Page 1: [28] Style Definition | Author | 3/30/2025 9:26:00 AM |

List 2

| Page 1: [29] Style Definition | Author | 3/30/2025 9:26:00 AM |

List

| Page 1: [30] Style Definition | Author | 3/30/2025 9:26:00 AM |

List Bullet 3

| Page 1: [31] Style Definition | Author | 3/30/2025 9:26:00 AM |

List Bullet 2

| Page 1: [32] Style Definition | Author | 3/30/2025 9:26:00 AM |

Footnote Text,Car,FN,FT,Footnote Text Char Char Char,Footnote Text Char Char Char Char1 Char,Footnote Text Char1 Char,Footnote Text Char1 Char1 Char,Footnote Text Char2 Char Char Char Char Char,f,fn,fn Char Char Char Char Char Char,fn Char1,ft Char

| Page 1: [33] Style Definition | Author | 3/30/2025 9:26:00 AM |

List Bullet

| Page 1: [34] Style Definition | Author | 3/30/2025 9:26:00 AM |

Title Right Bold

| Page 1: [35] Style Definition | Author | 3/30/2025 9:26:00 AM |

Title Left Bold Ital

| Page 1: [36] Style Definition | Author | 3/30/2025 9:26:00 AM |

Title Left Bold

| Page 1: [37] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Title Center Bold

| Page 1: [38] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Block Text Double

| Page 1: [39] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Title Center

| Page 1: [40] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Body Text No Indent

| Page 1: [41] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Block Text

| Page 1: [42] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Body Text Double

| Page 1: [43] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Body Text

| Page 1: [44] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

List Paragraph: Font: 11 pt

| Page 1: [45] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Comment Text: Font:

| Page 1: [46] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

DocID: Font: (Default) Arial, 7 pt, Condensed by  0.3 pt

| Page 1: [47] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Footer: Font: 11 pt, Left, Tab stops:  3.25", Centered +  6.5", Right

| Page 1: [48] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Header: Font: 11 pt

| Page 1: [49] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 9

| Page 1: [50] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 8

| Page 1: [51] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 7

| Page 1: [52] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 6

| Page 1: [53] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 5

| Page 1: [54] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 4

| Page 1: [55] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 3

| Page 1: [56] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 2: Font: +Headings (Calibri Light), 13 pt, Font color: Accent 1, Left, Space Before:  2 pt, Line spacing:  single, Keep with next, Keep lines together

| Page 1: [57] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Heading 1: Indent: First line:  0"

| Page 1: [58] Style Definition | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Normal: Font: Widow/Orphan control, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

| Page 1: [59] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12 pt, Bold, Font color: Black

| Page 1: [60] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12 pt, Bold, Font color: Black

| Page 1: [61] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Normal, Centered, Indent: First line:  0", Space Before:  0.6 pt, After:  11.15 pt, Line spacing:  Exactly 13.3 pt, Font Alignment: Baseline

| Page 1: [62] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12 pt, Font color: Black, English (United States)

| Page 1: [63] Formatted Table | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Formatted Table

| Page 1: [64] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12.5 pt, Font color: Black, English (United States)

| Page 1: [64] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12.5 pt, Font color: Black, English (United States)

| Page 1: [65] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12 pt, Font color: Black

| Page 1: [65] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12 pt, Font color: Black

| Page 1: [66] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: 12 pt, Font color: Black

| Page 1: [67] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font color: Black

| Page 1: [68] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font color: Black

| Page 1: [69] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Normal, Indent: Left:  0.1", Space After:  12.1 pt, Line spacing:  Exactly 25.75 pt, Font Alignment: Baseline

| Page 1: [70] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, 12 pt, Font color: Black

| Page 1: [70] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, 12 pt, Font color: Black

| Page 1: [71] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, Font color: Black, Not All caps

| Page 1: [72] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, Font color: Black, Not All caps

| Page 1: [73] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, Font color: Black, Not All caps

| Page 1: [73] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, Font color: Black, Not All caps

| Page 1: [74] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, 12 pt, Bold, No underline, Font color: Black, Not All caps

| Page 1: [75] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Normal, Centered, Space Before:  0.1 pt, Line spacing:  Exactly 13.8 pt, Font Alignment: Baseline

| Page 1: [76] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, 12 pt, Bold, Font color: Black, Not All caps

| Page 1: [76] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Font: Times New Roman, 12 pt, Bold, Font color: Black, Not All caps

| Page 1: [77] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Condensed by  0.1 pt

| Page 1: [77] Formatted | Author | 3/30/2025 9:26:00 AM |
|---|---|---|

Condensed by  0.1 pt