# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors[1]. | (Jointly Administered) |

_____

## MOTION OF CANYON GRANDE PROPERTIES, LP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Canyon Grande Properties, LP ("Canyon Grande") by and through its undersigned counsel, submits this *Motion for Allowance and Payment of Administrative Expense Claim*, and in support states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 503(a), 503(b)(1)(A), and 507(a)(2).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**BACKGROUND**

3. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. Prior to the Petition Date, BIG CHCA Owner, LLC ("Big CHCA") and BLBO Tenant, LLC ("Tenant") entered into Lease Agreement ("Lease") relating to the premises located at 12550 Central Avenue, Chino CA 91710 for use as a retail location (the "Property").  Big Lots, Inc. executed an Unconditional Guaranty of Payment and Performance of the Lease (the "Guaranty").  Thereafter, Tenant executed an Estoppel Certificate acknowledging that BIG CHCA conveyed the Property to Reliable Properties ("Landlord"). Canyon Grande Properties LP ("Canyon Grande") is a subsidiary of Reliable Properties.

5. Canyon Grade is owed stub rent from September 9, 2024 through September 30, 2024 in the amount of SEVENTEEN THOUSAND EIGHT-HUNDRED FIFTEEN AND 65/100 ($17,815.65).

6. On January 31, 2025, Canyon Grande filed its proof of claim in the amount of $1,078,441.34 and asserting an administrative expense claim, in the form of prorated/stub rent, in the amount of $17,815.65. A true and correct copy of the proof of claim is attached hereto as Exhibit 1.

7. On February 7, 2025, the Debtors filed their *Motion for Entry of an Order (I) Setting Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and*

*(III) Granting Related Relief, Including Notice and Filing Procedures* [Dkt. No. 1962] ("Administrative Claims Motion").

8. On February 27, 2025, this Court entered the Order approving the Administrative Claims Motion and setting the deadline of April 3, 2025 for filing Pre-Closing Administrative Expense Claims.[2]

9. In addition to filing the proof of claim and out of an abundance of caution, Canyon Grande hereby files this Motion seeking recognition and payment of its administrative expense claim in the amount of $17,815.65.

## BASIS FOR RELIEF REQUESTED

10. Section 503(b)(1)(A) affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc*., 610 F.3d 812, 818 (3rd Cir. 2010). Section 507(a) of the Bankruptcy Code adds that administrative expense claims allowed under Section 503(b) will be given high priority.

11. Here, Tenant failed to pay Canyon Grande $17,815.65 in stub rents. Accordingly, Canyon Grande is entitled to allowance and payment of the stub rent, an administrative expense claim, in the aforementioned amount pursuant to Sections 503(a), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

---

[2] As defined in the Administrative Claims Motion.

## **CONCLUSION**

12. In accordance with Tenant's obligations under Sections 503(a), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, Canyon Grande respectfully requests entry of an order substantially in the form attached hereto as Exhibit 2 (the "Order") (a) allowing Canyon Grande's administrative expense claim in the amount of $17,815.65; (b) ordering payment of the administrative expense claim pursuant to the Order entered on February 27, 2025; and (c) granting such other and further relief as this Court deems necessary and appropriate.

Dated: March 31, 2025

/s/ Jeffrey I. Golden
_____
Jeffrey I. Golden (133040)
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000
jgolden@go2.law