# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

_____

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors[1]. | (Jointly Administered) |

_____

## MOTION OF ORCHARD VIEW PROPERTIES, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Orchard View Properties, LLC ("Orchard View") by and through its undersigned counsel, submits this *Motion for Allowance and Payment of Administrative Expense Claim*, and in support states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 503(a), 503(b)(1)(A), and 507(a)(2).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**BACKGROUND**

3. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. Prior to the Petition Date, Big MIFL1 Owner, LLC ("Landlord") and BLBO Tenant, LLC ("Tenant") entered into a Lease Agreement (the "Lease") whereby Tenant agreed to lease the Premises located at 2100 Southwest 27th Avenue, Miami, Florida 33145 for use as a retail location. Landlord and Big Lots Stores – PNS, LLC ("Seller") entered into an Agreement for Purchase and Sale of Real Property, as thereafter amended and modified (the "Purchase Agreement"). Pursuant to that Purchase Agreement, the Landlord became the owner of the building and the real property.

5. Orchard View is owed stub rent from September 9, 2024 through September 30, 2024 in the amount of THIRTY-NINE THOUSAND FOUR-HUNDRED SIXTY-SIX DOLLARS AND 31/100 ($39,466.31).

6. On January 31, 2025, Orchard View filed its proof of claim in the amount of $1,095,214.16 and asserting an administrative expense claim, in the form of prorated/stub rent, in the amount of $39,466.31. A true and correct copy of the proof of claim is attached hereto as Exhibit 1.

7. On February 7, 2025, the Debtors filed their *Motion for Entry of an Order (I) Setting Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and*

*(III) Granting Related Relief, Including Notice and Filing Procedures* [Dkt. No. 1962] ("Administrative Claims Motion").

8. On February 27, 2025, this Court entered the Order approving the Administrative Claims Motion and setting the deadline of April 3, 2025 for filing Pre-Closing Administrative Expense Claims.[2]

9. In addition to filing the proof of claim and out of an abundance of caution, Orchard View hereby files this Motion seeking recognition and payment of its administrative expense claim in the amount of $39,466.31.

## BASIS FOR RELIEF REQUESTED

10. Section 503(b)(1)(A) affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3rd Cir. 2010). Section 507(a) of the Bankruptcy Code adds that administrative expense claims allowed under Section 503(b) will be given high priority.

11. Here, Tenant failed to pay Orchard View $39,466.31 in stub rents. Accordingly, Orchard View is entitled to allowance and payment of the stub rent, an administrative expense claim, in the aforementioned amount pursuant to Sections 503(a), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

---

[2] As defined in the Administrative Claims Motion.

**CONCLUSION**

12. In accordance with Tenant's obligations under Sections 503(a), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, Orchard View respectfully requests entry of an order substantially in the form attached hereto as Exhibit 2 (the "Order") (a) allowing Orchard View's administrative expense claim in the amount of $39,466.31; (b) ordering payment of the administrative expense claim pursuant to the Order entered on February 27, 2025; and (c) granting such other and further relief as this Court deems necessary and appropriate.

Dated: April 3, 2025                            */s/Jeffrey I. Golden*

_____
Jeffrey I. Golden (133040)
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000
jgolden@go2.law