**<u>Exhibit 2</u>**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Re: Docket No. [•]1994 |

**ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-
POSSESSION TO ASSUME, ASSIGN AND SELL
CERTAIN NON-RESIDENTIAL REAL PROPERTY ~~LEASES~~LEASE 1996**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, having received a Notice of Designation of Designated Asset from Gordon Brothers Retail Partners, LLC ("**GBRP**") in accordance with Section 2.05(b) of the APA[2] and Paragraph 43 of the Sale Order, with respect to those certain unexpired leases of non-residential real properties for the premises identified in **Exhibit A** hereto (each, a "**Lease**" and collectively,

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin- Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

the "**Leases**"); and the Debtors having filed and served a Designated 365 Contract Notice (the "**Designation Notice**") seeking, *inter alia*, (i) to assume and assign the Lease ~~or Leases~~ to the named Purchaser for each Lease in Exhibit A and Exhibit B, namely Ocean State Job Lot of ~~DE2025, LLC ("OSJL DE"), Ocean State Job Lot of Webster, LLC ("OSJL Webster"), Ocean State Job Lot of MD2025, LLC ("OSJL MD"), Ocean State Job Lot of ME2025, LLC ("OSJL ME"), Ocean State Job Lot of NJ2025, LLC ("OSJL NJ"), Ocean State Job Lot of NY2025, LLC ("OSJL NY"), Ocean State Job Lot of~~ Harrisburg, LLC ("**OSJL** ~~HP"), Ocean State Job Lot of Trexlertown, LLC ("OSJL TP") and Ocean State Job Lot of VT2025, LLC ("OSJL VT")    (or a designee thereof) (hereinafter collectively called "**OSJL**~~ H"); and (ii) such additional and related relief as provided by the Sale Order; and the Court having determined that the legal and factual bases for the relief requested herein establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

**NOW, THEREFORE**, the Court hereby finds as follows:

A.  After good and sufficient notice of the Designation Notice having been provided in accordance with the Designation Rights Procedures, and a reasonable opportunity to object or be heard regarding the proposed assumption and assignment of the ~~Leases~~Lease has been afforded to the applicable 365 Counterparties (each, a "**Landlord**" and collectively, the "**Landlords**") in accordance with the Designation Rights Procedures.

B.  The assumption, assignment and sale of the ~~Leases~~Lease to OSJL H, pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the APA and Sale Order, respectively.

C. Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, to the extent required under the Sale Order, OSJL H has provided adequate assurance of future performance under the Lease.

D. The various assumption and assignment of the ~~Leases to OSJL DE, OSJL Webster, OSJL MD, OSJL ME, OSJL NJ, OSJL NY, OSJL HP, OSJL TP, and OSJL VT~~Lease OSJL H set forth on Exhibit A and on Exhibit B is in compliance with Section 365(b)(3) of the Bankruptcy Code.

E. The Assumption and Assignment ~~Agreements~~Agreement, dated as of ~~[__]~~March 31, 2025 and attached hereto as **Exhibit B** (the "**Assignment ~~Agreements~~Agreement**"), between and among the Debtors and ~~the various~~ OSJL ~~entities~~H was negotiated and entered into in good faith, and from arm's length bargaining positions. OSJL H is hereby found to be a good faith purchaser of the ~~Leases~~Lease and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to the OSJL ~~entity~~H on Schedule A the applicable Lease set forth on Schedule A, pursuant to the terms and provisions of this Order, the APA, the Sale Order, and the Assignment Agreements, all of the terms of which are hereby approved.

2. In accordance with Section 363 of the Bankruptcy Code, effective as of the occurrence of a closing of the assignment of the Leases under the Assignment Agreements (such date being hereinafter defined as the "**Closing Date**"), the ~~Leases~~Lease shall be transferred free and clear of any leasehold mortgages, subleases, licenses, holdover rights under applicable

bankruptcy and non-bankruptcy law and rules, claims, liens, interests, mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.

3. Upon the entry of this Order and the occurrence of the Closing Date, ~~the respective~~ OSJL ~~entity~~H shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to the ~~Leases~~Lease which are due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

4. Upon entry of this Order and the occurrence of the Closing Date, ~~each~~ OSJL ~~entity~~H is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5. Pursuant to Section 365(b)(l) of the Bankruptcy Code, to the extent Cure Costs are owed to ~~any of~~ the ~~Landlords~~Landlord, the Cure Costs, which are fixed as set forth on Exhibit A, shall be promptly paid by OSJL H. Any unpaid percentage rent accrued or payable under ~~any of~~ the ~~Leases~~Lease prior to the Closing Date are waived and not included as Cure Costs. Any objection of the ~~Landlords~~Landlord to the assumption or assignment or transfer of the ~~Leases~~Lease, any Cure Cost, or seeking further adequate assurance of future performance other than that provided in the Assignment Agreement, to the extent not otherwise resolved by agreement, or by agreement contemplated to be heard after the date of any hearing to be held in connection with the Designation Notice, or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to GBRP, OSJL ~~or any OSJL entity~~H, or the Debtors as a result of the assumption and assignment of the ~~Leases~~Lease. Upon remittance of the Cure Costs by OSJL H to the ~~Landlords~~Landlord pursuant to the terms of this Order, the ~~Landlords~~Landlord shall be barred from asserting any additional cure amounts or other claims with respect to the ~~Leases~~Lease. For

the avoidance of doubt, the ~~Landlords~~Landlord shall be forever (i) barred from objecting to the applicable Cure Costs and from asserting any additional cure or other amounts with respect to the ~~Leases~~Lease, and the Debtors and OSJL H shall be entitled to rely solely upon the Cure Costs set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or ~~any~~ OSJL ~~entity~~H, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the ~~Leases~~Lease, or that there is any objection or defense to the assumption or assumption and assignment of the ~~Leases~~Lease. On and after the Closing Date, ~~the~~ OSJL ~~entity~~H assuming ~~its respective~~the Lease shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under the ~~Leases~~Lease due on or after the Closing Date.

6. The proceeds of the Lease ~~sales~~sale shall be payable to GBRP in accordance with the APA and Sale Order, respectively.

7. All personal property and furniture, fixtures and equipment ("**FF&E**") remaining in the ~~stores~~store subject to the ~~Leases~~Lease on or after the Closing Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. ~~The applicable~~ OSJL ~~entity purchasing the applicable Lease~~H may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; <u>provided</u>, that the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; <u>provided</u>, <u>further</u>, that that the Debtors will either (a) provide for the return of such property to the Headquarters (as defined below) or (b) return such property to the applicable lessor, or other owner of the property; <u>provided</u>~~, however, that the Debtors are not aware of any other parties with interests in the~~

5

~~FF&E; provided,~~ further, however, that the Debtors may ~~abandon~~leave in place any property owned by the applicable Landlord at the applicable Store.

8. Any party which did not object within the time set forth in the notice thereof is deemed to consent to the Debtors' assumption and assignment of the ~~Leases~~Lease, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the sale and assignment of the ~~Leases~~Lease, payment of the Cure Costs and the transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any further liability pursuant to Section 365(k) of the Bankruptcy Code.

9. Solely with respect to the transactions contemplated by this Order and the Assignment ~~Agreements~~Agreement, and except as otherwise agreed between the ~~applicable~~ Landlord and ~~the applicable~~ OSJL ~~entity~~H, nothing in this Order shall be deemed to annul or vary any provision of the ~~Leases~~Lease *other than* the following provisions (the "**Unenforceable Provisions**"):

   a. a provision prohibiting ~~the applicable~~ OSJL ~~entity's~~H's intended use of the premises including the sale of pool and spa supplies; or the use of the sidewalk adjoining the front exterior of the leased premises during the Lease term and any options, if exercised, for the continued and uninterrupted display and sale of propane gas tanks stored in metal cages and of seasonal landscaping materials, plants, flowers and shrubbery. The sidewalk activity must be conducted in accordance with local zoning and building codes; all displays shall be maintained in a neat, clean and orderly condition; the activity must not interfere with the flow of pedestrian traffic on the sidewalk; and the Assignee shall provide liability insurance, in the amounts required under the Lease,

6

covering the sidewalk area in front of the leased premises and arising from Assignee's outside display and sales of merchandise.

      b.      a provision unreasonably prohibiting necessary alterations to the premises or signage required to convert the premises to ~~the applicable~~ OSJL ~~entity's~~H's intended use; provided such alterations are deemed necessary by ~~the applicable~~ OSJL ~~entity~~H to conform such store to a typical Ocean State Job Lot retail store consistent with ~~the applicable~~ OSJL ~~entity's~~H's intended use of the premises;

      c.      a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Lease or an increase in rent or other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by ~~the applicable~~ OSJL ~~entity~~H in reestablishing retail operations after the assignment, to the extent any such provision does not permit ~~the applicable~~ OSJL ~~entity~~H to "go dark" until the later of: (i) one hundred eighty (180) days after the Closing Date of the assignment of the Lease, or such later time, when the particular facts and circumstances of a given store warrant additional time, which circumstances shall include, without limitation, the age and condition of the shopping center, the ability to obtain any permits and documents necessary to complete construction, the location of the premises in the shopping center, the shape of the premises to be assigned, the demographics of the shopping center's location and the overall quality of the shopping center and its existing tenants or (ii) the "going dark period" listed in the applicable Assignment Agreement;

d.  a provision conditioning assignment on Landlord consent, or requiring payment to the Landlord as the price of assignment, or granting Landlord the right to recapture the leased premises following the assignment;

e.  a provision effecting forfeiture or a modification of any of ~~the applicable~~ OSJL ~~entity's~~H's rights or obligations presently in effect under the ~~Leases~~Lease upon an assignment by the Debtors of the Lease; including any existing default of any Lease provision by the Debtors on the date hereof.

f.  a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

g.  a provision restricting ~~the applicable~~ OSJL ~~entity's~~H's ability to place reasonable signage on the premises; <u>provided</u>, that such signage is deemed necessary by OSJL H to conform such store to ~~OSJL's~~OSJL H's typical retail store consistent with ~~the applicable~~ OSJL ~~entity's~~H's intended use of the premises;

h.  a provision requiring the use of a certain tradename;

i.  a provision regarding minimum sales revenues required to be satisfied at the premises covered by the Lease; and

j.  any radius provisions set forth in the Lease to the extent applicable to any existing OSJL stores located near the Debtors' premises (but such radius provisions shall at all times apply to any new stores which might be opened by OSJL in the area of Debtors' premises after the Closing Date).

10. Solely with respect to the transactions contemplated by this Order, the Sale Order, and the Assignment Agreements, none of the Unenforceable Provisions shall apply to ~~the applicable~~ OSJL ~~entity~~H in any respect and, without limiting the generality of the foregoing, no

violation by the Debtors or ~~the applicable~~ OSJL ~~entity~~H of the Unenforceable Provisions shall constitute an event of default under ~~any of~~ the ~~Leases~~Lease.

11. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Debtors and OSJL H are authorized to close the sale of the ~~Leases~~Lease set forth in the Assignment ~~Agreements~~Agreement immediately upon entry of this Order. Time is of the essence in closing the Lease sale transactions referenced herein, and the Debtors and OSJL H intend to close the Lease sale transactions as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

12. Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Leases and the Assignment Agreements.

13. Upon the entry of this Order and the occurrence of the Closing Date, the ~~Landlords~~Landlord shall accept and honor the assignment of the ~~Leases to the applicable~~Lease to OSJL ~~entity~~H.

14. The ~~Landlords~~Landlord shall cooperate and expeditiously execute and deliver, within ten (10) days of any reasonable requests of ~~the applicable~~ OSJL ~~entity~~H and at no cost to the ~~Landlords~~Landlord, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Assignment ~~Agreements~~Agreement and a memorandum of Lease.

15. Notwithstanding anything to the contrary in this Order, the Assignment Agreements or any side letters, none of the Debtors' insurance policies (and/or any agreements

related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the Debtors and applicable insurer and/or third-party administrator.

16. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of the Assignment Agreements, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the Lease sales (but all Landlord/tenant disputes arising after the Closing Date which do not involve the Lease sales, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

17. The Debtors and OSJL ~~H~~ are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the ~~Leases~~Lease, in accordance with the terms of the Assignment ~~Agreements~~Agreement, and to carry out the terms and conditions of the Assignment ~~Agreements~~Agreement.

18. ~~The applicable~~ OSJL ~~entity~~H is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the ~~Leases~~Lease first accruing after ~~the applicable~~ OSJL ~~entity~~H takes assignment thereunder as provided for under the Assignment ~~Agreements~~Agreement), or their bankruptcy estates as a result of ~~the applicable~~ OSJL ~~entity~~H taking title or possession of the ~~Leases~~Lease and the subject premises, and OSJL H is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Assignment ~~Agreements~~Agreement.

19. This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

20. Any remaining objections to the assignment of the ~~Leases~~Lease that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

21. Any provision in the ~~Leases~~Lease regarding percentage rent to the extent of Debtors' sales prior to the Closing Date shall not be imputed against ~~the applicable~~ OSJL ~~entity and OSJL~~H, provided that ~~the applicable~~ OSJL ~~entity~~H shall be liable for percentage rent for the prorated portion of calendar year 2025 remaining after the Closing Date for a partial calendar year as if the term began on the Closing Date (and ~~the applicable~~ OSJL ~~entity and OSJL~~H shall not be liable to pay any percentage rent based upon sales that occurred prior to the Closing Date or imputed during the Go Dark period after the Closing Date) and no percentage rent is due and owing by ~~the applicable~~ OSJL ~~entity and OSJL~~H for the period prior to the Closing Date.

22. To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment ~~Agreements~~Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

23. To the extent that ~~any applicable~~ OSJL ~~entity~~H and the ~~applicable~~ Landlord~~(s)~~ enters into a side letter with respect to ~~one or more Leases~~the Lease, such side letter shall govern with respect to rights and obligations of ~~the applicable~~ OSJL ~~entity~~H and the ~~applicable~~ Landlord. For the avoidance of doubt, no side letter shall modify the rights and obligations of any third party without such third party's consent.

24. The failure to specifically include any particular provision of the Assignment ~~Agreements~~Agreement or other related documents in this Order shall not diminish or impair the

effectiveness of such provision, it being the intent of this Court that the Assignment ~~Agreements~~__Agreement__ and all other related documents be authorized and approved in their entirety pursuant to this Order.

25. The Assignment ~~Agreements~~__Agreement__ and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates; <u>provided</u>, <u>further</u>, that the Debtors shall provide any such modification, amendment, or supplement to the ~~applicable Landlords~~ __Landlord__ and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement; <u>provided</u>, <u>further</u>, that after the occurrence of the Closing Date, the final versions of the Assignment ~~Agreements~~__Agreement__ any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court.

**~~26. Big Lots Stores, LLC, Big Lots Stores, Inc, and Big Lots Stores  PNS, LLC, each acting singly, has the authority to execute the  Assignment Agreements and any related agreements, documents or other instruments with respect to the Lease Assignments  on Schedule B on behalf of itself and the Debtors.~~**

# EXHIBIT A

## Leases and Applicable ~~Assignees~~**Assignee**

| Store Number | Address | Cure Costs | OSJL Assignee |
|---|---|---|---|
| ~~1195~~1996 | ~~257 W New~~3850 Union Deposit Rd, ~~Somers Point, NJ~~Harrisburg, PA | $~~9,728.19~~50,000.00 | Ocean State Job Lot of ~~NJ2025~~ME2025, LLC |
| ~~1528~~ | ~~730 Center St, Auburn, ME~~ | ~~$4,484.11~~ | ~~Ocean State Job Lot of ME2025, LLC~~ |
| ~~1775~~ | ~~3845 Bayshore Rd, Cape May, NJ~~ | ~~$77,205.67~~ | ~~Ocean State Job Lot of NJ 2025, LLC~~ |
| ~~1883~~ | ~~8015 Oswego Rd, Liverpool, NY~~ | ~~None~~ | ~~Ocean State Job Lot of NY2025, LLC~~ |
| ~~1958~~ | ~~801 E Pulaski Hwy, Elkton, MD~~ | ~~None~~ | ~~Ocean State Job Lot of MD2025, LLC~~ |
| ~~1973~~ | ~~66 Morrisville Plaza, Morrisville VT~~ | ~~None~~ | ~~Ocean State Job Lot of VT2025, LLC~~ |
| ~~5205~~ | ~~10 Village Plaza, Dansville, NY~~ | ~~None~~ | ~~Ocean State Job Lot of NY2025, LLC~~ |
| ~~5249~~ | ~~580 N Main St, Barnegat, NJ~~ | ~~None~~ | ~~Ocean State Job Lot of NJ2025, LLC~~ |
| ~~5259~~ | ~~24 Kent Towne Market, Chester MD~~ | ~~$6,292.30~~ | ~~Ocean State Job Lot of MD2025, LLC~~ |
| ~~5333~~ | ~~515 Dupont Hwy, Dover, DE~~ | ~~$78,470.69~~ | ~~Ocean State Job Lot of DE2025, LLC~~ |
| ~~4669~~ | ~~116 E Main St, Webster, MA~~ | ~~$124,386.00~~ | ~~Ocean State Job Lot of Webster, LLC~~ |
| ~~5439~~ | ~~210 Marlboro Ave, Easton, MD~~ | ~~None~~ | ~~Ocean State Job Lot of MD2025, LLC~~ |
| ~~1956~~ | ~~7150 Hamilton Blvd, Trexlertown, PA~~ | ~~$36,293.00~~ | ~~Ocean State Job Lot of Trexlertown, LLC~~ |
| ~~1996~~ | ~~Dauphin Plaza, Rte I 83 and 3800 Union Deposit Road, Harrisburg, PA~~ | ~~$84,120.00~~ | ~~Ocean State Job Lot of Harrisburg, LLC~~ |
| ~~1997~~ | ~~900 Norman A. Eskridge Highway, Unit #50, Seaford,DE~~ | ~~None~~ | ~~Ocean State Job Lot of DE2025, LLC~~ |

## EXHIBIT B

**Assumption & Assignment ~~Agreements~~Agreement**

(see attached)