# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 13, 2025, at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>April 21, 2025, at 4:00 p.m. (ET)<br><br>Re: D.I. 1556 & 1810 |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASES

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached as **Exhibit A** hereto (the "**Proposed Order**"), granting the relief requested in the Debtors' various Designation Notices (as defined below). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**RELIEF REQUESTED**

1. By this Motion, the Debtors request entry of an order authorizing the assumption and assignment of certain Leases of non-residential real property that have already been designated to various proposed assignees pursuant to the Designation Notices. The Debtors are not seeking any changes to the relief sought under the Designation Notices and are not seeking to impact any deadlines or other matters subject to the Designation Notices. Rather, the Debtors file this Motion out of an abundance of caution to satisfy paragraph two (2) of this Court's *Order (I) Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "**Extension Order**") [D.I. 1810], which provides "that if the Debtors file a motion to assume or reject an Unexpired Lease prior to the Extended 365(d)(4) Deadline, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be satisfied" to the extent that each of the pending Designation Notices do not qualify as a "motion to assume" as used in the Extension Order.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

5. The statutory and legal predicates for the relief requested herein are sections 105(a) and 365(d) of the Bankruptcy Code and Bankruptcy Rule 6006.

## RELEVANT BACKGROUND

6. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

7. On January 2, 2025, the Bankruptcy Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").[2]

8. Pursuant to the Sale Order, GBRP acquired Designation Rights over all of the Debtors' Leases and has thereafter designated certain Leases, via notice to the Debtors, for assignment to various proposed assignees. Consistent with the Sale Order and GBRP's notices, the Debtors have filed multiple Designated 365 Contract Notices (the "**Designation Notices**") seeking to assume and assign such Leases consistent with GBRP's designations.

---

[2] Capitalized terms not defined herein are used as defined in the Sale Order.

9. As of the date hereof, due to upcoming objection deadlines, objections, or informal discussions, certain of the Leases subject to the Designation Notices remain with the Debtors' estates and have not yet been assumed and assigned to the proposed assignees.

10. On January 21, 2025, the Court entered the Extension Order pursuant to which the deadline for the Debtors to assume and assign Leases was extended through April 7, 2025 (the "**Extended 365(d)(4) Deadline**"). Consistent with caselaw in Delaware (see, e.g., *In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, at *9 (Bankr. D. Del. Apr. 29, 2014)), the Extension Order provides that if the Debtors file a motion to assume or reject an unexpired Lease prior to the Extended 365(d)(4) Deadline, the time period within which the Debtors must assume or reject such unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be satisfied.

## EFFECT OF RELIEF REQUESTED

11. Although the Debtors believe, consistent with this Court's ruling in *Filene's Basement*, that the filing of the Designation Notices seeking to assume and assign Leases is sufficient for the satisfaction of the section 365(d)(4) deadline, the Debtors file this Motion out of an abundance of caution to seek the relief sought under the Designation Notices and to satisfy the Extension Order's provision that filing a motion to assume and assign an unexpired Lease satisfies the 365(d)(4) deadline.

12. Attached hereto as **Exhibit B** is a list of the outstanding Designated Leases from the various Designation Notices that have not yet been assumed and assigned, or otherwise resolved, and for which this Motion seeks the relief requested in the applicable Designation Notices. For the avoidance of doubt, the list of Designated Leases on **Exhibit B** is not meant to be exclusive, and the Debtors, by this Motion, seek the relief set forth in the applicable Designation

4

Notices for all Designated Leases that have not yet been assumed and assigned or otherwise resolved (whether by consensual resolution, Court order or otherwise).

13. For the avoidance of doubt, by this Motion the Debtors are not seeking to relitigate any issues pertaining to the Designated Leases or change any objection deadlines, response deadlines, cure amounts, proposed assignees, or any other element of relief or procedure sought in the Designation Notices.

WHEREFORE, for the reasons set forth herein and in the Designation Notices, the Debtors request that this Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A** hereto, and grant such other relief as is just and proper under the circumstances.

Dated: April 6, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
James I. McClammy (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
james.mcclammy@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*