IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 13, 2025, at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>April 29, 2025, at 4:00 p.m. (ET) |

**COVER SHEET FOR THE FEE APPLICATION OF PORTER, WRIGHT, MORRIS & ARTHUR LLP FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM OCTOBER 31, 2024 TO AND INCLUDING JANUARY 31, 2025**

| | |
|---|---|
| Name of Applicant | Porter, Wright, Morris & Arthur LLP |
| Authorized to provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | January 31, 2025, effective October 31, 2024 |
| Period for which Compensation and Reimbursement Is Sought | October 31, 2024 – January 31, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $290,339.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $4,701.66 |

This is a(n) ____ monthly _____ interim  X  final application.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

i

**FIRST AND FINAL FEE APPLICATION OF PORTER, WRIGHT, MORRIS & ARTHUR LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

**PRIOR FEE STATEMENTS**

**NONE**

**FIRST AND FINAL FEE APPLICATION OF PORTER, WRIGHT, MORRIS & ARTHUR LLP, AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

<u>**HOURS BY PROFESSIONAL AND PROJECT CATEGORY**</u>
<u>**OCTOBER 31, 2024, TO AND INCLUDING JANUARY 31, 2025**</u>

| <u>Name</u> | <u>Position</u> | <u>Hourly Billing Rate</u> | <u>Hours</u> | <u>Total Compensation</u> |
|---|---|---|---|---|
| David S. Bloomfield | Partner/Litigation. Member of Ohio Bar since 1997. Partner since 2006. | $665 | 81.60 | $50,939.00 |
| Jared M. Klaus | Partner/Litigation. Member of Ohio Bar since 2011. Partner since 2020. | $540 | 24.90 | $13,446.00 |
| Tami H. Kirby | Partner/Corporate (Bankruptcy). Member of Ohio Bar since 2004. Partner since 2013. | $580 | 5.10 | $2,958.00 |
| James A. King | Partner/Litigation. Member of Ohio Bar since 1988. Partner since 1999. | $770 | 75.10 | $57,827.00 |
| Robert Tannous | Partner/Corporate. Member of Ohio Bar since 1987. Partner since 1996. | $875 | 9.10 | $7,962.50 |
| Diego De La Vega | Associate/Corporate. Member of Ohio Bar since 2024. | $365 | 19.40 | $7,081.00 |
| Rochelle Qin | Associate/Corporate. Member of Pennsylvania Bar since 2024. | $365 | 13.80 | $5,037.00 |
| Alexis R. Pannell | Associate/Litigation. Member of Ohio Bar since 2023. | $370 | 31.60 | $11,692.00 |
| Eleanor R. Tosti | Associate/Litigation. Member of Massachusetts Bar since 2022. | $380 | 50.20 | $19,076.00 |
| Helen K. Sudhoff | Associate/Labor & Employment. Member of Ohio Bar since 2021. | $380 | 30.70 | $11,666.00 |

| Name | Position | Hourly Billing Rate | Hours | Total Compensation |
|---|---|---|---|---|
| Adanna M. Smith | Associate/Litigation. Member of Maryland Bar since 2019. | $380 | 33.00 | $12,540.00 |
| Diana L. Jia | Associate/Corporate. Member of Ohio Bar since 2016. | $425 | 59.30 | $25,202.50 |
| Matthew F. Stowe | Of Counsel/Litigation. Member of Texas Bar since 1999. | $855 | 73.50 | $62,842.50 |
| Kathy K. Ly | Paralegal | $300 | 3.00 | $900 |
| Barbara A. Harrison | Paralegal | $325 | 3.10 | $1,007.50 |
| Greg A. Veatch | Paralegal/Litigation Support | $325 | .50 | $162.60 |
| **Total** | | **$564.97 (blended)** | **513.90** | **$290,339.50** |

| Time by Category | | |
|---|---|---|
| **Category** | **Hours** | **Total Fees** |
| Investigation | 326.50 | $184,463.75 |
| Witness interviews | 61.30 | $34,633.00 |
| Prepare report | 53.00 | $29,943.75 |
| Deposition and Bankruptcy Court hearing | 30.10 | $21,696.50 |
| Miscellaneous | 33.00 | $16,277.50 |
| Travel | 10.00 | $3,325.00 |
| **Total** | 513.90 | $290,339.50 |

**FIRST AND FINAL FEE APPLICATION OF PORTER, WRIGHT, MORRIS
& ARTHUR LLP, AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

**EXPENSES BY CATEGORY**
**OCTOBER 31, 2024, TO AND INCLUDING JANUARY 31, 2025**

| Expense by Category | Amount |
|---|---|
| Travel Expenses | $4,701.66 |
| **Total** | **$4,701.66** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 13, 2025, at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>April 29, 2025, at 4:00 p.m. (ET) |

**FIRST AND FINAL FEE APPLICATION OF PORTER, WRIGHT, MORRIS & ARTHUR LLP FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM OCTOBER 31, 2024, TO AND INCLUDING JANUARY 31, 2025**

Porter, Wright, Morris & Arthur LLP ("**Porter Wright**"), special legal counsel for the above captioned debtors and debtors in possession (the "**Debtors**"), hereby submits this final fee application (this "**Final Fee Application**" or "**Application**"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Sections 328 and 330 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and the United States Trustee's Guidelines for

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "**U.S. Trustee Guidelines**") (a) granting final allowance of compensation for professional services to the Debtors during the period from October 31, 2024, to and including January 31, 2025 (the "**Final Compensation Period**") in the amount of $290,097.16, (b) granting final allowance of Porter Wright's expenses incurred during the Final Compensation Period in connection with such services in the amount of $4,701.66 and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses. In support of this Final Fee Application, Porter Wright respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and other bases for the relief requested in this Final Fee Application are sections 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the Retention Order.

## BACKGROUND

3. On September 9, 2024 (the "**Petition Date**"), the Debtors filed with this Court their voluntary petitions for relief under the Bankruptcy Code.

4. On October 31, 2024, the Debtors engaged Porter Wright to conduct an investigation into whether any colorable claims for breach of fiduciary duty may be made against

2

the Debtors' current and former directors or executive officers. Over the course of eight days, Porter Wright expended more than 400 attorney hours to conduct the requested investigation and produce a thorough report describing their process and conclusions.

5. On January 8, 2025, the Debtors filed an application to retain and employ Porter Wright [Doc. 1639] (the "**Retention Application**") effective as of October 31, 2024, pursuant to the terms and conditions of that certain engagement letter between Porter Wright and the Debtors dated October 31, 2024 (the "**Engagement Letter**").

6. On January 31, 2025, the Court entered the Retention Order. The Retention Order, among other things, approved the Engagement Letter, as modified by the Retention Order, pursuant to section 328(a) of the Bankruptcy Code, and authorized the Debtors to pay and reimburse Porter Wright in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

7. Given that Porter Wright's services are complete, Porter Wright is filing its Final Fee Application.

## TERMS OF RETENTION

8. Porter Wright has been engaged by Debtors pursuant to the Retention Order and its Engagement Letter which provides that following hourly rates: Robert J. Tannous - $875, James A. King - $770, David S. Bloomfield, Jr. - $665, and Jared M. Klaus - $540.

9. Debtors also deposited the sum of $50,000.00 as a retainer to be held by Porter Wright to be applied to the final fees and expenses once approved by this Court.

## RELIEF REQUESTED

10. By this Final Fee Application, Porter Wright requests entry of the Proposed Order, substantially in the form attached hereto, (a) granting final allowance of compensation for

3

professional services to the Debtors during the Final Compensation Period in the amount of $290,339.50 (b) granting final allowance of Porter Wright's expenses incurred during the Final Compensation Period in connection with such services in the amount of $4,701.66 and (c) directing payment of all such allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.

## SUMMARY OF SERVICES

11. All services for which compensation is requested by Porter Wright were performed during the Final Compensation Period on behalf of the Debtors. During the Final Compensation Period, Porter Wright performed services on behalf of the Debtors relating to the investigation.

12. The fees charged by Porter Wright have been billed in accordance with the Engagement Letter and the Retention Order and are comparable to those fees charged by Porter Wright for professional services rendered in connection with similar matters. Porter Wright submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable matters. The time detail for such fees is attached hereto as **Exhibit B**. There is no agreement or understanding between Porter Wright and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these chapter 11 cases.

## ACTUAL AND NECESSARY EXPENSES

13. Porter Wright also incurred certain necessary expenses during the Final Compensation Period for which it is entitled to reimbursement under the Engagement Letter. The detail for such expenses is set forth on **Exhibit C** hereto. Porter Wright's total expenses incurred during the Final Compensation Period in connection with its services to the Debtors are $4,701.66.

14. In accordance with Local Rule 2016-2, Porter Wright has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

**INFORMATION RELATED TO THE REVISED U.S. TRUSTEE GUIDELINES**

15. Porter Wright provides the following information pursuant to the U.S. Trustee Guidelines.

16. Porter Wright's hourly rates for services are comparable to the rates charged by Porter Wright, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

17. The blended hourly rate for all Porter Wright timekeepers who worked on this case is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Porter Wright timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "**Non-Chapter 11 Matters**") during the period beginning October 31, 2024 and ending on January 31, 2025 (the "**Comparable Period**") was, in the aggregate, approximately $564.97. By comparison, the blended hourly rate for all Porter Wright timekeepers (including both professionals and paraprofessionals) who worked on this case during the Final Application Period was, in the aggregate, $568.20.

18. The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar) in the Final Fee Application and in comparison to the blended hourly rate for Porter Wright's Non-Chapter 11 Matters during the period:

| Position at Porter Wright | Blended Hourly Rate for Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $680.41 | $697.37 |
| Of Counsel | $855.00 | $855.00 |
| Associates | $387.80 | $387.80 |
| Paraprofessional | $313.64 | $313.64 |

| TOTAL | $564.97 | $568.20 |

19. Due to the immediacy and limited nature of the engagement, Porter Wright did not have a budget or staffing plan.

20. In addition, Porter Wright provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

   a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **No**.

   b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **Not applicable.**

   c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **No**.

   d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. **No.**

   e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **No**.

   f. If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? **Not applicable.**

## BASIS FOR RELIEF

21. Section 328(a) of the Bankruptcy Code allows a professional to obtain prior court approval of the terms of its retention. See 11 U.S.C. § 328(a).

22. Under section 328(a), a professional may avoid uncertainty by obtaining (i) advance court approval of compensation terms agreed to with the estate and (ii) a court's finding that such terms are "reasonable" in advance of the professional's providing related services. *See In re Nat'l Gypsum Co.*, 123 F.3d 861, 862–63 (5th Cir. 1997).

23. Section 330 of the Bankruptcy Code, provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the following non-exclusive criteria for the award of such compensation and reimbursement.

24. Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A. the time spent on such services;
>
> B. the rates charged for such services;
>
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

7

11 U.S.C. § 330(a)(3); *see also In re XO Commc'ns, Inc.*, 398 B.R. 106, 113 (Bankr. S.D.N.Y. 2008) (stating that, "in considering a transaction fee, courts recognize that certain of these factors do not apply, such as 'time spent' or the 'rates charged'") (*quoting In re Intelogic Trace, Inc.*, 188 B.R. 557, 559 (Bankr. W.D. Tex. 1995).

25.     Here, the Retention Order approved Porter Wright's compensation under Section 328(a) of the Bankruptcy Code. Each component of Porter Wright's compensation that became payable during the Final Compensation Period was earned under the terms of the Engagement Letter and the Retention Order. Porter Wright submits that the services it performed on behalf of the Debtors, as summarized above and as more fully described in Porter Wright's time records, were necessary for and beneficial to the Debtors' estates. Moreover, Porter Wright's services were consistently performed in a timely, expert and considered manner commensurate with the complexity and importance of the issues involved.

26.     No previous application for the relief sought herein has been made to this or any other Court.

## CERTIFICATION OF COMPLIANCE

27.     The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies that, to the best of his knowledge, information and belief, this Final Fee Application complies with that Rule.

WHEREFORE, Porter Wright requests entry of the Proposed Order, substantially in the form attached hereto, (a) granting final allowance of compensation for professional services to the Debtors during the Final Compensation Period in the amount of $290,339.50, (b) granting final allowance of Porter Wright's expenses incurred during the Final Compensation Period in connection with such services in the amount of $4,701.66 and (c) directing payment of all such

allowed compensation and expenses, less any amounts previously paid for such compensation and expenses.

Dated: April 8, 2025

/s/ David S. Bloomfield, Jr.
David S. Bloomfield, Jr.
*Admitted Pro Hac Vice*
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 S. High Street, 29th Floor
Columbus, Ohio 43215-6194
(614) 227-2169 (telephone)
(614) 227-2100 (facsimile)
dbloomfield@porterwright.com

*Porter, Wright, Morris & Arthur LLP*