## EXHIBIT B

**Assumption & Assignment Agreements**

(see attached)

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (the "Agreement") is made as of this 14th day of March, 2025 by and between Big Lots Stores, LLC and Big Lots Stores – PNS, LLC (collectively, "Assignor") and Tractor Supply Company, a Delaware Corporation, or its designees ("Assignee" and together with Assignor, the "Parties" and each, a "Party").

## RECITALS

WHEREAS, Assignor, along with its affiliated debtors and debtors in possession, has filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), jointly administered under case *In re Big Lots, Inc.*, Case No. 24-11967 (Bankr. D. Del. 2024) (the "Chapter 11 Cases");

WHEREAS, Gordon Brothers Retail Partners, LLC ("GBRP"), as buyer, and Big Lots, Inc. and certain of its subsidiaries, as seller ("Seller"), are parties to that certain Asset Purchase Agreement dated as of January 3, 2025 (the "Purchase Agreement"), pursuant to which Buyer agreed to acquire certain assets, including designation rights with respect to executory contracts and unexpired leases;

WHEREAS, on January 2, 2025, the Court entered an order approving the transactions contemplated under the Purchase Agreement [Docket No. 1556] (the "Sale Order");

WHEREAS, pursuant to Section 2.05(b) of that certain Asset Purchase Agreement dated as of January 3, 2025, by and between Assignor and GBRP, GBRP has the right to designate certain contracts or leases for assumption and assignment to itself or its designee(s);

WHEREAS, pursuant to that certain Designated Buyer Agreement dated March 14, 2025 (the "Designation Agreement"), GBRP agreed to designate Assignee as the Designated Buyer of the real property lease(s) listed on the attached Schedule A (referred to as the "Lease(s)") with respect to the premises set forth on Schedule A (the "Premises");

WHEREAS, consistent with the terms of the Designation Agreement, Assignor has agreed to assign, and Assignee has agreed to assume the Lease(s) with respect to the Premises set forth on Schedule A pursuant to the terms of the Sale Order, subject to approval by the Bankruptcy Court in the Chapter 11 Cases (the "Bankruptcy Court Approval").

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.     Assignment and Assumption. Subject to Assignee's prior payment of the Purchase Price as set forth below, upon the later of: (i) March 17, 2025 and (ii) entry by the Bankruptcy Court of the appropriate *Order(s) Pursuant to Sections 363 and 365 of the Bankruptcy Code Authorizing the Debtors-In-Possession to Assume, Assign and Sell, Certain Non-Residential Real*

*Property Lease(s)* (the "<u>Assumption and Assignment Order(s)</u>") (the "<u>Assignment Effective Date</u>"):

 (a) Assignor hereby sells, transfers, conveys, assigns and sets over to Assignee, its successors and assigns, all of Assignor's right, title, and interest in and to the Lease(s).

 (b) Subject to the Assumption and Assignment Order(s), Assignee hereby assumes and undertakes to pay, perform, and discharge all of Assignor's obligations and duties with respect to the Lease(s).

2. <u>Payment of Purchase Price</u>.  Assignee shall, on the date hereof, deliver the purchase price for the Lease(s) in the amount of $1.00 (the "<u>Purchase Price</u>").  If the assumption and assignment of the Lease(s) do(es) not occur on or before March 31, 2025, Assignee will additionally reimburse GBRP for all amounts that came due, were required to be paid, and were in fact paid in connection with the Lease(s) on and after March 31, 2025.

3. <u>Assumption of Liabilities</u>. Following the Assignment Effective Date, and in addition to assuming all remaining obligations that exist with respect to the Lease(s), Assignee shall assume and cure all outstanding liabilities with respect to the Lease(s).

4. <u>No Further Liability of Assignor</u>.  From and after the Assignment Effective Date, Assignor shall have no further obligations and duties with respect to the Lease(s).

5. <u>Further Assurances</u>.  At any time and from time to time after the date hereof, at the request of Assignee, and without further consideration, Assignor shall execute and deliver such other instruments of sale, transfer, conveyance, assignment, and confirmation or consents and take such other action as Assignee may reasonably request as necessary or desirable in order to more effectively transfer, convey, and assign to Assignee Assignor's rights to the Lease(s).

6. <u>"As Is Where Is" Transaction</u>.  Assignee hereby acknowledges and agrees that Assignor makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Lease(s).  Without limiting the foregoing, Assignor hereby disclaims any warranty (express or implied) of merchantability or fitness for any premises subject to the Lease(s). Assignee further acknowledges that Assignee has conducted an independent inspection and investigation of the physical condition of premises subject to the Lease(s) and all such other matters relating to or affecting the Lease(s) as Assignee deemed necessary or appropriate and that in proceeding with its acquisition of the Lease(s), Assignee is doing so based upon such independent inspections and investigations. Accordingly, Assignee will accept the Lease(s) "AS IS" and "WHERE IS."

7. <u>Compliance With Law</u>.  Assignee hereby agrees to comply with all applicable laws.  Assignee agrees to indemnify and hold Assignor harmless for any violation or alleged violation of this section.

8. <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

9. <u>Jurisdiction</u>. The Parties consent to the exclusive jurisdiction of, and entry of final orders and judgments by, the United States Bankruptcy Court for the District of Delaware with respect to all matters arising under or relating to this Agreement. The Parties hereby irrevocably waive any objection on the grounds of venue, forum non conveniens, or any similar grounds and irrevocably consent to service of process by mail or in any other manner permitted by applicable law. The Parties further hereby waive any right to a trial by jury with respect to any lawsuit or judicial proceeding arising or relating to this Agreement.

10. <u>No Reliance</u>. Each Party represents and warrants that in entering into this Agreement it is relying on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.

11. <u>Third Party Beneficiaries</u>. This Agreement is expressly intended to confer rights and benefits upon GBRP, and GBRP shall have the right to enforce the provisions of this Agreement.

12. <u>Construction</u>. This Agreement has been drafted through a cooperative effort of both Parties, and neither Party shall be considered the drafter of this Agreement so as to give rise to any presumption of convention regarding construction of this document. All terms of this Agreement were negotiated in good faith and at arm's-length, and this Agreement was prepared and executed without fraud, duress, undue influence, or coercion of any kind exerted by any of the Parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.

13. <u>Execution in Counterparts</u>. This Agreement may be executed electronically and delivered in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. All such counterparts, when so executed, shall be deemed to constitute one final agreement as if one document had been signed by all Parties to this Agreement. Each such counterpart, upon execution and delivery of all counterparts, shall be deemed a complete and original of this Agreement. The Parties hereby each agree that its authorized signatories may receive and review this Agreement via electronic record and may sign this Agreement via electronic digital signature (i.e., DocuSign or similar electronic signature technology), and the Parties may rely on such electronic digital signatures as if they are original signatures by each Party or duly authorized representatives of each Party, and delivery of an executed copy of this Agreement by facsimile or by other electronic means (.pdf) shall be legal and binding and shall have the same full force and effect as if an original executed copy of this Agreement had been delivered. No Party may raise the use of an image transmission device or method or the fact that any signature was transmitted as an image as a defense to the enforcement of such document.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the foregoing Agreement is dated effective as of the date and year first written above.

**BIG LOTS STORES, LLC**

By: _____
Name:
Title:

**TRACTOR SUPPLY COMPANY**

*Robert L Rogers III*
Robert L Rogers III (Mar 15, 2025 16:53 CDT)
_____
Robert L. Rogers III
SVP – Real Estate and Construction

*[Signature Page to A&A Agreement]*

## Schedule A

Leases

| Location | Address | City | State | Cure Costs |
|---:|---|---|---|---:|
| 487 | 1103 VOLUNTEER PKWY | BRISTOL | TN | $0 |
| 4641 | 8318 FM 78 | CONVERSE | TX | $0 |
| 1244 | 101 N SEVEN OAKS DR | KNOXVILLE | TN | $0 |
| 1555 | 3830 S NOVA RD | PORT ORANGE | FL | $0 |
| 1145 | 2565 N KANSAS EXPY | SPRINGFIELD | MO | $0 |
| 1820 | 404 N CANAL BLVD | THIBODAUX | LA | $0 |
| 1429 | 3190 ATLANTA HWY | ATHENS | GA | $0 |
| 1854 | 70 PEARL ST | ESSEX JUNCTION | VT | $0 |
| 5425 | 1170 MAE ST | HUMMELSTOWN | PA | $0 |
| 5291 | 40 RISING SUN TOWN CENTER | RISING SUN | MD | $50,901 |
| 1982 | 465 COORS BLVD NW | ALBUQUERQUE | NM | $46,113 |
| 4512 | 3834 S 6TH | KLAMATH FALLS | OR | $5,318 |
| 5130 | 4310 SHIPYARD BLVD. | WILMINGTON | NC | $6,778 |
| 1939 | 1530 E 17TH ST | IDAHO FALLS | ID | $4,770 |
| 4696 | 4555 16TH ST | MOLINE | IL | $184,211 |