## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case Nos. 24-11967 (JKS), *et seq.*<br><br>(Jointly Administered)<br><br>**Hearing Date: May 13, 2025, 1:00 p.m.**<br>**Objections due by: May 5, 2025** |

## MOTION OF SHARRELL SMITH,
## AS PARENT AND GUARDIAN OF HEAVEN SMITH,
## A MINOR, FOR RELIEF FROM THE AUTOMATIC STAY

Sharrell Smith, as parent and guardian of Heaven Smith, a minor, ("Movant") by Movant's undersigned counsel, files this Motion for Relief from the Automatic Stay (the "Motion"), and in support hereof states as follows:

### BACKGROUND

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. § 1409(a).  The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

2.      On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and certain affiliated debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.  These Chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.  No trustee or examiner has been appointed in these Chapter 11 cases.

3.      Shortly before June 20, 2023, Movant purchased a pink children's Disney chair at a Big Lots store in New Haven, Allen County, Indiana. On or about June 20, 2023, Heaven Smith, a minor, was using a pink children's Disney chair at a store in New Haven, Allen County, Indiana owned and/or operated by one or more of the Debtors. While stepping over or around the Subject Chair, Heaven lost her balance and fell, and was stabbed and impaled by the vertical chair structure, causing severe and permanent injuries (the "Accident"). Movant asserts that the injuries sustained by Heaven in the Accident were due to the negligent and reckless design of the chair.

4.      On March 7, 2025, Movant filed a Complaint in Superior Court 3 of Allen County, Indiana (the "State Court Complaint") against various parties on account of the Accident. Movant now seeks to amend the State Court Complaint to assert claims against one or more of the Debtors, but it is stayed from filing that amendment due to the automatic stay of these bankruptcy cases. Upon information

and belief, Movant's claims against the Debtors on account of the Accident are covered by applicable insurance.

## ARGUMENT

5.    Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if–
> (A)    the debtor does not have equity in such property; and
> (B)    such property is not necessary to an effective reorganization . . . .

6.    Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D.Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists.  After a *prima facia* showing by a movant, the debtor has the burden of proving that a Movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

7.     "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576. According to the *Rexene Prods.* case, this balancing test requires the Court to determine whether:

    a.     any great prejudice to either the bankruptcy estate or the debtor will result,

    b.     the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

    c.     the movant has a probability of prevailing on the merits.

*Id.* at 576.

8.     Cause exists in this case to grant relief from the automatic stay to amend the State Court Complaint to assert claims against the applicable Debtor(s). First, there will be no prejudice to the Debtors or their bankruptcy estates. To the extent that Movant is seeking a recovery from third parties, including but not limited to available insurance, and is not attempting to execute directly on assets of the Debtors' estates, the Debtors' assets will remain available for whatever disposition may ultimately be sought by the Debtors and/or ordered by the Court.

9.     Further, the hardship that will be suffered by Movant outweighs any potential hardship to the Debtors if Movant is not granted relief from the automatic stay. At this time, there is not benefit to the Debtors', their estates, or any third parties

from delaying litigation over the validity and amount of Movant's claims against the Debtors, to the extent they would be covered by insurance. Denying or delaying Movant access to available insurance proceeds would cause very severe hardship.

10.    Regarding the third *Rexene* factor, Movant need only prove this prong with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578.  As shown above, Movant's claim arises from the manufacture of a product sold by the Debtors in the ordinary course of business in the course of commerce to Movant, a consumer. Movant asserts that the Debtors, as seller, is properly named as a defendant in the suit and that the "very slight" burden of proving likelihood of success is met.

11.    In addition, this Court has broad jurisdiction to supervise the administration of claims, but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5).  Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v. Bepco, LP (In re 15375 Memorial Corp.),* 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movant's claims. Thus, this Court would lack jurisdiction to administer Movant's claims even if the automatic stay were not lifted at this time.

12.    When weighing the above factors, the Court should lift the automatic stay to permit Movant to amend the State Court Complaint to include claims against one or more of the Debtors on account of the Accident.

13.    Service by mail upon the entire 2002 notice list in this case would be unduly burdensome and cost significant resources, as most parties on that list receive automatic notification of new docket entries contemporaneously with their filing. Therefore, Movant is causing copies of this Motion to be served by email only upon counsel for the Debtors and counsel for the Official Committee of Unsecured Creditors, and CM/ECF service for the remaining interested parties.

14.    Movant believes that the relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets.  Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movant requests that this Court enter an order, substantially in the form appended hereto, granting Movant relief from the automatic stay to amend the State Court Complaint naming one or more of the Debtors as additional defendants and prosecute the litigation under applicable non-bankruptcy law, including but not limited to pursuing available insurance proceeds; and granting Movant such further

relief as this Court deems just and proper.

Dated:  April 14, 2025                        Respectfully submitted,
        Wilmington, Delaware
                                              HILLER LAW, LLC


                                               **/s/ Adam Hiller**
                                              Adam Hiller (DE No. 4105)
                                              300 Delaware Avenue, Suite 210, #227
                                              Wilmington, Delaware 19801
                                              (302) 442-7677 telephone
                                              ahiller@adamhillerlaw.com

                                              -and-

                                              Kenneth J. Allen, Esquire
                                              Otto J. Shragal, Esquire
                                              Jeffrey L. Lund, Esquire
                                              501 Allen Court, Suite 3000
                                              Chesterton, Indiana 46304
                                              (219) 465-6292 telephone
                                              JLund@allen.law

                                              *Attorney for Movant*