**Exhibit B**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: D.I. ~~[•]~~461, 2412** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF MARCH 31, 2025 AND (B) ABANDON CERTAIN PERSONAL PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order: (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, (c) authorizing and approving the Rejection Notice to affected Counterparties and (d) granting related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on a final basis [D.I. 461]; and the filing of the notice of rejection (the "**Rejection Notice**") by the Debtors [D.I. ~~[•]~~2412]; and this Court having jurisdiction over this matter

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Rejection Notice and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Rejection Notice, and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Rejection Notice and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The ~~Contracts and~~ Leases listed on **Schedule 1** attached hereto ~~are~~(the "**Tremont Lease**" and "**Montgomery Lease**" and, collectively, the "**Distribution Center Leases**") are each hereby rejected as of the later of the following, as determined for each of the Distribution Center Leases: (a) March 31, 2025 ~~(the "**Rejection Date**") or, for a real property Lease, the later of (A) the Rejection Date; (B)~~; (b) the date upon which the ~~applicable~~relevant Debtor (i) surrenders ~~in writing (including via email)~~ the premises ~~to the landlord and returns the keys, key codes, or security codes, as applicable (or certifies in writing that the landlord is authorized to change the locks~~that are subject to the Tremont Lease (the "**Tremont Premises**") or the Montgomery Lease (the "**Montgomery Premises**" and, together with the Tremont Premises, the "**Distribution Center Premises**"), as applicable, and (ii) provides confirmation of each such

surrender in writing (email being sufficient) to, as applicable, the landlord identified in the Tremont Lease (the "**Tremont Landlord**") or the Montgomery Lease (the "**Montgomery Landlord**" and, together with the Tremont Landlord, the "**Landlords**"); and (~~C~~c) such other date(s) to which the Debtors and the ~~applicable Counterparty~~Landlords have agreed to in writing (the latest of such dates (a) through (c), as determined independently for each of the Distribution Center Leases, a "**Rejection Date**").

2. The Debtors are authorized~~, but not directed,~~ to abandon ~~any abandoned~~all property (other than personal property leased by or otherwise not owned by the Debtors) remaining on the Distribution Center Premises, including all property described on **Schedule 1** attached hereto, ~~and any abandoned property of the Debtors remaining in the leased premises after the Rejection Date~~ after the applicable Rejection Date for each Distribution Center Lease. Any property of (a) the Debtors or (b) any third parties that have received notice of and not timely objected to this Rejection Notice (such noticed and non-objecting parties, the "**Consenting Third Parties**"), remaining on Distribution Center Premises after the applicable Rejection Date(s) (such property, the "**Abandoned Property**")[3] shall, as of the applicable Rejection Date for each Distribution Center Lease, be deemed permanently abandoned and surrendered to the applicable Landlord, and any rights, interests, claims, liens, or encumbrances with respect to such Abandoned Property (including any related claims against the applicable Landlord or its affiliates), whether held by the Debtors or any other party, shall be deemed permanently abandoned~~ as of the Rejection Date~~, surrendered, waived, and extinguished.

[3] For the avoidance of doubt, Abandoned Property includes all property (if any) that the Debtors (or their agent, as applicable) have sold or purported to sell to any other party but which remains on either of the Distribution Center Premises after the applicable Rejection Date for each Distribution Center Lease.

3. ~~All~~After the applicable ~~landlords or their~~Rejection Date for the Distribution Center Leases, the relevant Landlord and/or its designees shall be and hereby is authorized to use or dispose of any ~~abandoned property~~Abandoned Property without notice or liability to any Debtor or ~~consenting non-Debtor third party~~Consenting Third Party and without further order of the Court, and, to the extent applicable, the automatic stay is modified to allow such disposition.

4. If the Debtors become aware that a non-Debtor third party, other than a Consenting Third Party, holds an interest in property left at either of the Distribution Center Premises, the Debtors shall promptly (a) inform the applicable Landlord, (b) provide the applicable Landlord with a detailed description of such property, and (c) notify the applicable Landlord of which non-Debtor third party or parties hold a purported interest in such property.

5. After the applicable Rejection Date for each Distribution Center Lease, the Debtors, any actual or prospective purchasers or transferees of any property located on either of the Distribution Center Premises, any owners of property not owned by the Debtors but located on either of the Distribution Center Premises as of the applicable Rejection Date for each, and any agents or affiliates of any of the foregoing shall be and hereby are prohibited from accessing or otherwise using (directly or indirectly) the Distribution Center Premises for any purpose whatsoever, without the express consent of the applicable Landlord or its designee, and no Landlord party shall have any liability for refusing to allow the Debtors or such other foregoing parties to access or otherwise use the relevant Distribution Center Premises following the Rejection Date applicable to each of the Distribution Center Leases.

6. ~~4.~~ Nothing herein shall prejudice the rights of the Debtors to argue that any of the ~~Contracts or~~Distribution Center Leases were terminated prior to the Rejection Date for either Distribution Center Lease; that any claim for damages arising from the rejection of any

~~Contract~~Distribution Center Lease is limited to the remedies available under the termination provision of such ~~Contract~~Distribution Center Lease; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

7. ~~5.~~ Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

8. ~~6.~~ Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (~~i~~a) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (~~ii~~b) a waiver of the Debtors' or any other party's right to dispute any claim; (~~iii~~c) a promise or requirement to pay any particular claim; (~~iv~~d) an admission that any particular claim is of a type described in the Motion; (~~v~~e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (~~vi~~f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9. All rights, claims, and defenses of the Landlords are preserved, including, without limitation, all rights of the Landlords to bring any claim or assert any administrative priority against the Debtors and their affiliates, or, without limitation, any other party, related to or arising out of either of the Distribution Center Leases, including, without limitation, the condition of or damage caused to either of the Distribution Center Premises and/or the Debtors' use of either of the Distribution Center Premises. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of rejection of the Distribution Center Leases.

10. Notwithstanding anything to the contrary contained herein, nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Landlords as to the amount, priority, character, or validity of any claim or cause of action by or against the Landlords, (b) a waiver or impairment of any rights, claims, or defenses of the Landlords to dispute the amount, priority, character, or validity of any claim, whether brought by or against the Landlords, on any grounds, whether under bankruptcy or non-bankruptcy law, (c) a waiver or impairment of any rights or defenses of the Landlords to contest any ownership interest asserted by any party as to property located on either of the Distribution Center Premises as of the applicable Rejection Date for either of the Distribution Center Leases, or (d) a promise by the Landlords to pay any claim or expense whatsoever.

11. 11. Notwithstanding anything to the contrary in this Order, the Debtors shall honor, in the ordinary course, all obligations arising under each Distribution Center Lease before the Rejection Date applicable to such Distribution Center Lease.

12. ~~7.~~ Notice of the Rejection Notice is deemed good and sufficient notice of (a) the relief requested therein and (b) the treatment of Abandoned Property, the requirements of Bankruptcy Rule 6004(a), and the Local Rules, and all principles of fairness and due process are satisfied by such Rejection Notice.

13. ~~8.~~ Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

14. ~~9.~~ The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

15. ~~10.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Schedule of Rejected Contracts and Leases; Abandoned Property**

| # | Store # | Store Address | Debtor Entity | Landlord Entity | Landlord Address | Effective Rejection Date | Personal Property |
|---|---|---|---|---|---|---|---|
| 1 | 870 | 2855 SELMA HWY MONTGOMERY, AL | CSC Distribution, LLC | BIGMOAL001, LLC c/o OAK STREET REAL ESTATE CAPITAL | 20 N LASALLE ST. SUITE 4140, ATTN: ASSET MANAGEMENT, CHICAGO, IL, 60602 | 3/31/2025 | Racking, Office Furniture, IT Equipment, Storage Units, Filing Cabinets, Signage, G&A items, Miscellaneous Items, Cleaning and Maintenance Equipment, Trailers, Shopping Carts, Other Miscellaneous Fixtures, Display Coolers |
| 2 | 874 | 50 RAUSCH CREEK RD TREMONT, PA | Closeout Distribution, Inc. | BIGTRPA001, LLC c/o OAK STREET REAL ESTATE CAPITAL | 20 N LASALLE ST. SUITE 4140, ATTN: ASSET MANAGEMENT, CHICAGO, IL, 60602 | 3/31/2025 | Racking, Office Furniture, IT Equipment, Storage Units, Filing Cabinets, Signage, G&A items, Miscellaneous Items, Cleaning and Maintenance Equipment, Trailers, Shopping Carts, Other Miscellaneous Fixtures, Display Coolers |