# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>May 13, 2025 at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>May 5, 2025 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THEIR PROPERTY INSURERS**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and their Property Insurers* (this "**Motion**"). In further support of this Motion, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. By this Motion, and pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

"**Bankruptcy Rules**"), the Debtors request entry of an Order, substantially in the form attached hereto as **Exhibit A** and authorizing the Debtors to enter into the settlement agreement substantially in the form attached hereto as **Exhibit B** (the "**Settlement Agreement**").

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b).

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a) and 365 under the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

**A.    General Background**

6. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief. The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

7. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[2]

8. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

9. On October 17, 2024, the Court entered the *Final Order Authorizing (I) Debtors To (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 524] (the "**Final Insurance Order**").

10. At a hearing on December 31, 2024, the Debtors sought and received Court approval to consummate a sale (the "**GBRP Sale**") of substantially all assets to Gordon Brothers

---

[2] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

Retail Partners, LLC ("**GBRP**"). On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556]. The GBRP Sale was subsequently consummated on January 3, 2025. *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588].

11. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3] and the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (collectively, the "**First Day Declaration**").

**B.    The Property Insurance Policies and the Settlement Agreement**

12. Prior to the Petition Date, the Debtors obtained first party property insurance to protect the Debtors' real property and certain personal property interests insured thereunder. *See generally Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors To (A) Continue and Renew Their Liability, Property, Casualty, Surety Bond, and Other Insurance Programs, and Honor All Obligations in Respect Thereof, (B) Honor and Renew the Terms of the Premium Financing Agreements and Pay the Financing Agreement Payments Thereunder, and (C) Enter into New Premium Financing Agreements in the Ordinary Course of Business and (II) Financial Institutions To Honor and Process Related Checks and Transfers* [D.I. 12] (the

"**Insurance Motion**"). Specifically, the Debtors maintain several Property Insurance Policies with a market of insurers (the "**Market**") who each cover a percentage of liability on each occurrence insured by the policies. *See id.* at ¶ 10. The Market is made up of: (i) AXA XL/XL Insurance America Inc. policy no. US00065403PR24A, (ii) Chubb/ACE American Insurance Co. policy no. GPA D38115522 009, (iii) Zurich American Insurance Company policy no. ERP0171421-08, (iv) AWAC/Allied World Assurance Co. policy no. 0312-9011-1A, (v) Allianz Global Risks US Ins Co policy no. USP00074822, (vi) AIG policy no. 62502487, (vii) Guide One Insurance policy no. 99002548, and (viii) CNA Insurance Company, policy no. RMP703483189 (collectively, the "**Property Policies**"). *See id.* at Schedule 1.

13.   The Property Policies are occurrence policies. The Property Policies cover the period from June 1, 2022 – June 1, 2023 (the "**Covered Period**") and generally covers losses that occur to certain real property and personal property at an insured location during the Covered Period. The Property Policies ensure that the Debtors would be protected for the financial downside of damage that might occur to the Debtors' property, subject to the terms, conditions, and exclusions and up to the applicable limits of liability listed in the Property Policies.

14.   The Debtors filed a claim under its Property Policies for losses occurring on or about September 27, 2022 as a result of Hurricane Ian. After an arm's length negotiation to consensually resolve the claim, the Market and the Debtors agreed to fully and finally resolve the claim for $268,302.79, along with a release for the Market (such resolution, the "**Settlement**"), which resulted in the Settlement Agreement.

## BASIS FOR RELIEF

15.   Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'(i) administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

16. "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *In re Coram Healthcare Corp.*, 315 B.R. at 330 (citation omitted). Rather, a settlement should be approved by a court so long as the settlement is above "the lowest point in the range of reasonableness." *Id.* (citation omitted); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608, 613 (2d Cir. 1983); *In re Wash. Mut. Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92–93 (Bankr. D. Del. 2005). Taken together, section

6

105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 424–25.

17. The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393; *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor).

18. For the avoidance of doubt, the Debtors believe that the relief sought under the Settlement Agreement would be permissible under the terms of the Final Insurance Order, as the Settlement represents an ordinary course transaction between the Debtors and their property insurers. *See* Final Insurance Order at ¶ 10 ("Nothing in this Order or the [Insurance] Motion (a) alters, amends or modifies the terms and conditions of the Insurance Programs, including, but not limited to, (i) the obligation, if any, of any Carrier to pay defense costs and any amounts within an Insurance Deductible . . ."). Notwithstanding this, and in furtherance of Rule 9019's goal of encouraging compromises and providing certainty to provide to parties in interest in chapter 11 proceedings, the Debtors respectfully submit that the Debtors' entry into the Settlement Agreement

satisfies each of the *Martin* factors and falls well above the lowest point in the range of reasonableness. The Court should therefore approve the Settlement Agreement.

19. The terms of the Settlement Agreement are within the range of reasonableness. First, the Settlement Agreement resolves the Debtors' claim without the need for costly and time-consuming litigation. Any such litigation would increase the costs of obtaining a recovery without a material increase in the amount of recovery. Furthermore, a resolution now provides much needed recovery to the Debtors' estates and creditors in the Chapter 11 Cases. Given the small likelihood that success in litigation would substantially increase the recovery, creditors benefit from a quicker resolution that avoids additional attorneys' fees and costs associated with litigation. Therefore, the paramount interest of creditors favors the Settlement Agreement.

20. For the foregoing reasons, entry into the Settlement Agreement constitutes a reasonable exercise of the Debtors' business judgment, falls well above the lowest point in the range of reasonableness, and is in the best interests of the Debtors' estates, their creditors, and all stakeholders. Therefore, the Debtors respectfully request that the Court enter the Proposed Order approving the Settlement Agreement.

## NOTICE

21. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Emery and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; (d) Zelle LLP and Fox Swibel Levin & Carroll LLP, as counsel to the Market; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

22. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots.

Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, and grant such other relief as this Court deems appropriate under the circumstances.

Dated: April 21, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*