IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BIG LOTS, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>TBD<br><br>**Response Deadline:**<br>May 14, 2025, at 4:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO REDUCED AMOUNT TAX CLAIMS PURSUANT TO 11 U.S.C. §§ 502 AND 505, FED. R. BANKR. P. 3007 AND DEL. L.R. 3007-1**

**TO THE CLAIMANTS LISTED IN SCHEDULE 1 ATTACHED TO THE PROPOSED ORDER:**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION(S) THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**

**THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE RIGHTS OF THE DEBTORS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED IN SCHEDULE 1 ATTACHED TO THE PROPOSED ORDER.**

**THE CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN SCHEDULE 1 TO THE PROPOSED ORDER.**

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file the *Debtors' First Omnibus Objection (Substantive) to Reduced Amount Tax Claims Pursuant to 11 U.S.C. §§ 502 and 505, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "**Objection**"). In support of this Objection, the Debtors respectfully state as follows:

## RELIEF REQUESTED

1. For the reasons set forth below, the Debtors object to the claims identified in **Schedule 1** (the "**Disputed Claims**"), which is attached to the Proposed Order and incorporated herein by reference. The Debtors respectfully request entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") reducing the amount of the Disputed Claims. In further support of this Objection, the Debtors submit the Declaration of John W. Lammert (the "**Lammert Declaration**"), attached hereto as **Exhibit B** and incorporated herein by reference.

## JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to rule 9013-1(h) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 502 and 505 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Practice and Procedure (the "**Bankruptcy Rules**"), and Local Rule 3007-1.

## BACKGROUND

A. **General Background**

6. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

7. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On September 23, 2024, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

B. **Claims Resolution Process in the Chapter 11 Cases**

8. On September 10, 2024, the Court entered the *Order Authorizing Retention and Appointment of Kroll Restructuring Administration LLC as Claims and Noticing Agent* [D.I. 96]. Kroll Restructuring Administration LLC ("**Kroll**") is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, *inter alia*, information regarding the name and address

of each claimant, the date the proof of claim was received by Kroll, then claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

9. On November 20, 2024, the Court entered the *Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1188] (the "**Bar Date Order**") establishing, among other things, (a) December 30, 2024, as the general bar date to assert claims (other than administrative expense claims) against the Debtors (the "**General Bar Date**") and (b) March 10, 2024, as the governmental bar date (the "**Governmental Bar Date**," and each, a "**Bar Date**").[2]

10. The Debtors' claims register, prepared and maintained by Kroll, reflects that over 9,000 claims have been filed in the Chapter 11 Cases.

## C. Disputed Claims and Property Tax Disputes

11. Certain taxing authorities (the "**Taxing Authorities**") from the state of Texas filed proofs of claim asserting claims for 2024 property taxes (the "**Disputed Claims**") related to the Debtors' property prior to the Governmental Bar Date. The Debtors dispute the Taxing Authorities' assessment of the value of the property that forms the basis of the Disputed Claims. The Debtors submit that the corresponding tax assessment, and, therefore, the amount of the Disputed Claims, should be reduced.

12. The property that is the subject of the Disputed Claims consists of personal property on which the Debtors' stores were located in 2024.[3] The chart appended to the Lammert

---

[2] On December 31, 2024, the Court entered the *Amended Order (I) Establishing Certain Bar Dates for Filing Proofs of Claim Against the Debtors, and (II) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1531], which extended the general bar date to January 31, 2025.

[3] Claims related to property tax assessments for 2025 will be dealt with a separate motion seeking to set the Market Value (as defined below) of the Debtors' property for tax purposes pursuant to section 505 of the Bankruptcy Code.

Declaration as Annex 1 details the Debtors' appraisal values of the properties compared to the Taxing Authorities' appraisals.

13. The Debtors and their advisors have reviewed and analyzed the Disputed Claims and certain of the Debtors' property tax assessments. Based on that review, the Debtors determined that the amounts asserted in the Disputed Claims for the 2024 tax assessments are overstated, and the assessors have asserted a fair market value higher than that indicated in the Debtors' books and records.

## BASIS FOR RELIEF

14. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable. 11 U.S.C. §§ 101(5) and 101(10).

15. When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173–74. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174. The burden of persuasion is always on the claimant. *Id.*

16. Section 502(b) of the Bankruptcy Code provides several grounds upon which a proof of claim may be disallowed, including "if such claim is for a tax assessed against property of the estate, such claim exceeds the reasonable value of such services." 11 U.S.C. § 502(b)(3).

17. Section 505 of the Bankruptcy Code also permits the Court to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a).

18. In assessing the value of the property and quantifying tax liabilities for tax year 2024, the Debtors' various tax assessors were required to determine the fair market value of the property (as such term is defined by Taxes state statute, the "**Market Value**"). Market Value contemplates current market prices and values of the assessment date of such property. Pursuant to Texas Tax Code Section 23.01, the taxable property is required to be "appraised at its market value as of January 1" of the applicable year, the "market value of property shall be determined by the application of generally accepted appraisal methods and techniques," and "each property shall be appraised based upon the individual characteristics that affect the property's market value, and all available evidence that is specific to the value of the property shall be taken into account in determining the property's market value." Tex. Tax Code § 23.01. As set forth in the Texas Administrative Code, market value is defined as:

> [t]he price at which a property would transfer for cash or its equivalent under prevailing market conditions if:
>
> (A) exposed for sale in the open market with a reasonable time for the seller to find a purchaser;
>
> (B) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is

 

> capable of being used and of the enforceable restrictions on its use; and
>
> (C) both the seller and purchaser seek to maximize their gains and neither is in a position to take advantage of the exigencies of the other.

Tex. Tax Code § 1.04.

19. Accordingly, the Market Value attributed to the property must contemplate a hypothetical arm's-length transaction for the property as if such property were offered for sale on the open market between a prudent, voluntary seller and an equally prudent, voluntary buyer, both of whom are well-informed about the property. The taxing assessors are specifically required to implement and apply this definition of Market Value in assessing taxable property within their jurisdiction.

20. As described in greater detail in the Lammert Declaration, the Debtors have relied upon third-party appraisal analysis to approximate the value of the Debtors' inventory and furniture, fixtures, and equipment. The third-party analysis is based upon market information and more closely approximates the statutory definition of Market Value.

21. The Debtors assert that properties relating to the Texas Tax Claims were overvalued in connection with the 2024 property taxes. Despite these overvaluations, the Debtors made timely tax payments that exceeded the reasonable market value of the properties to avoid penalties or other liability for non-payment as well as to preserve their appeal rights under non-bankruptcy law.

22. If the Disputed Claims are not reduced, the Taxing Authorities will obtain improper recoveries on account of these claims to the detriment of other similarly situated creditors. Accordingly, the Disputed Claims should be reduced to the amount listed in the column titled "Modified 2024 Claim Amount" in <u>Schedule 1</u> attached to the Proposed Order.

**RESPONSE TO OBJECTION**

23. To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is received no later than **May 14, 2025 at 4:00 p.m. (ET)** (the "**Response Deadline**").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, and served upon the undersigned counsel to the Debtors so that the Response is received no later than the Response Deadline.

24. Every Response to this Objection must contain at a minimum the following information:

   a. a caption setting forth the name of this Court, the case name, the case number, and the title of the Objection to which the response is directed;

   b. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   c. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   d. any supporting documentation, to the extent that it was not included in the proof of claim previously filed with the Clerk of the Court or Kroll, upon which the claimant intends to rely to support the basis for and amounts asserted in the proof of claim; and

   e. the name, address, telephone number, if any, of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the applicable claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

25. If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may seek entry of the Proposed Order without further notice or hearing.

**NOTICE**

26. Notice of this Objection will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Committee; (c) each holder of the claims subject to this Objection; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b). The Debtors respectfully submits that no further notice of this Objection is required under the circumstances.

27. Pursuant to Bankruptcy Rule 3007, the Debtors have provided or will provide all holders of claims listed in this Objection with at least thirty (30) days' notice of the hearing to consider this Objection.

**SEPARATE CONTESTED MATTERS**

28. To the extent that a Response is filed regarding any claim listed in this Objection and the Debtors are unable to resolve the response, each such claim, and the objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each claim.

**ADJOURNMENT OF HEARING**

29. The Debtors reserve the right to seek an adjournment of the hearing on any responses to this Objection. In the event that the Debtors seek such an adjournment, it will be noted on the notice of agenda for the hearing, and such agenda will be served on the affected claimant by serving the person designated in the response.

**RESERVATION OF RIGHTS**

30. The Debtors expressly reserves the right to amend, modify, or supplement this Objection. Should the grounds for an objection stated in this Objection be dismissed or

overruled, the Debtors reserve the right to object to each of the claims on any other grounds that the Debtors discover or elect to pursue. The Debtors reserve the right to assert additional substantive or non-substantive objections to the Disputed Claims at a later time.

31. Notwithstanding anything contained in this Objection or the exhibits attached hereto, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the claimants subject to this Objection, (b) enforce rights of setoff against the claimants relating to such avoidance actions, or (c) seek disallowance pursuant to section 502(d) of the Bankruptcy Code of claims that are subject to such avoidance actions.

32. The undersigned has reviewed the requirements of Local Rule 3007-1 and certifies to the best of his or her information, knowledge, and belief that this Objection complies with that Rule.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully requests that the Court enter an order substantially in the form attached as **Exhibit A** and grant such other relief as is just and proper under the circumstances.

Dated: April 23, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No.6905)
Brianna N. V. Turner (No. 7468)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
bturner@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*