**<u>Exhibit 1</u>**

**Redacted Motion**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC. *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date**<br>May 13, 2025, at 1:00 p.m. (ET)<br><br>**Objection Deadline**<br>May 6, 2025, at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING**
**THE DEBTORS' ASSUMPTION OF CERTAIN LITIGATION-RELATED**
**AGREEMENTS AND (II) GRANTING RELATED RELIEF**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of the Certain Litigation-Related Agreements and (II) Granting Related Relief* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

**BACKGROUND**

**I.    General Background**

1.    On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

1

States Code (as amended, the "**Bankruptcy Code**"). The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

2. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[2]

3. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

4. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

5. The Debtors request entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**: (a) approving their assumption of the Litigation-Related Agreements (as defined below) and (b) granting related relief.

---

[2] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

## II.     The Debtors' Sale Process

6.     The Debtors incorporate by reference the factual background to the sale of substantially all of their assets (the "**GBRP Sale**") to Gordon Brothers Retail Partners, LLC ("**GBRP**") as set forth in (a) *Debtors' Motion for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances* [D.I. 1590] and (b) *Debtors' Second Motion for Entry of an Order Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2521].  The GBRP Sale was approved by the Court on January 2, 2025, and subsequently consummated on January 3, 2025.[3]

7.     As set forth in section 7.13 of that certain Asset Purchase Agreement, dated as of January 3, 2025, by and among the Debtors and GBRP (the "**GBRP APA**"),[4] the Debtors are party to certain litigation actions constituting "Specified Proceedings" under the GBRP APA.  *See* GBRP APA, § 7.13.  Under section 7.13, both the Debtors and GBRP are obligated to cooperate in good faith with respect to pursuing any Specified Proceedings and use reasonable best efforts to secure the value of such proceedings.  *Id.*  Finally, under section 7.13, the Debtors are entitled to retain 60% of any value that is realized from the monetization of the Specified Proceedings.  *Id.*

8.     As set forth in the confidential schedules to the APA, the Specified Proceedings include certain pending litigation subject to the Litigation-Related Agreements (the "**Specified Litigation**").  Under the APA, Big Lots is required to assume the Litigation-Related Agreements.  The Debtors therefore file this motion to comply with their obligations under the APA and to

---

[3] *See Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**GBRP Sale Order**"); *Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588].

[4] *See* GBRP Sale Order, Ex. 1.

3

ensure that the Debtors benefit from their share of the upside of litigation proceedings, as described further below.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, 28 U.S.C. § 1452, and rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-2.

## RELIEF REQUESTED

13. Pursuant to sections 105(a) and 365(a) and (b) of title 11 of the United States Code ("**Bankruptcy Code**") and Bankruptcy Rule 6006, the Debtors request approval to assume the Litigation-Related Agreements (as defined below) and all other and further relief as is appropriate under the circumstances.

## THE LITIGATION-RELATED AGREEMENTS

14. Pursuant to that certain Participation Agreement (the "**Participation Agreement**"), dated June 21, 2024 (as amended, modified or otherwise supplemented thereby) by and among the

certain of the Debtors and Golden Mantella, LLC ("**Purchaser**"), the Debtors sold, and the Purchaser purchased, an interest in the Debtors' claims, interests and causes of action arising from or substantially related to the Specified Litigation (the "**Litigation Assets**"). Pursuant to that certain Upside Sharing and Coordination Agreement, dated June 21, 2024 (as amended, modified or otherwise supplemented) by and among the Debtors and Purchaser (the "**Coordination Agreement**" and together with the Participation Agreement, the "**Litigation-Related Agreements**") entered into in connection with Participation Agreement, the Purchaser and the Debtors agreed to cooperate in connection with the monetization of the Litigation Assets. In connection therewith, the Debtors are entitled to receive a portion of the proceeds of recoveries in a final adjudication or settlement of the Specified Litigation under certain recovery scenarios as set forth in the Coordination Agreement. The Litigation-Related Agreements are attached hereto as **Exhibit B**.

## DISCUSSION

15.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See In re Caribbean Petroleum Corp.*, 444 B.R. 263, 268 (Bankr. D. Del. 2010) ("Courts normally leave the decision to reject a contract to the debtor's sound business judgment."); *In re Armstrong World Indus.*, 348 B.R. 136, 162 (D. Del. 2006) (explaining that courts defer to a debtor's business judgment to reject a contract under 11 U.S.C. § 365(a)). Debtors are allowed considerable discretion in determining whether to assume or reject an executory contract. The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of "bad faith, or of whim or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

5

16. Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate. *See Trans World Airlines*, 261 B.R. at 117–18 (noting that the standard under section 365 requires consideration of the benefit to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990) (explaining that section 365 "allows the debtor-in-possession to assume contracts that are beneficial to the estate"); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990) (applying the business judgment standard, which requires a showing that the "contract will be advantageous to the estate").

17. Here, the Debtors respectfully submit that assumption of the Litigation-Related Agreements is a sound exercise of the Debtors' business judgment, both because it is required by the APA and because it will ensure that to the extent there is "upside" on the Litigation Assets that such funds will come into the estate form the part of the pool for distribution to creditors.

### COMPLIANCE WITH BANKRUPTCY RULE 6004(A) AND WAIVER OF BANKRUPTCY RULE 6004(H)

18. To implement the foregoing successfully, the Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances and waive the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) to the extent applicable. Given the Debtors' limited resources in these Chapter 11 Cases, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors by delaying the effectiveness of the assumption of the Litigation-Related Agreements. Thus, ample cause exists to justify finding that the notice requirements of Bankruptcy Rule 6006(c) have been satisfied and to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent

such stay would otherwise apply to the relief sought in this Motion or contained in any order granting this Motion.

## NOTICE

19. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; (d) Crowell & Moring LLP, as counsel to the Purchaser; and (e) any other party that has requested notice pursuant to Local Rule 2002-1(b).

20. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

22. WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A** and grant such other and further relief as is appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

Dated: April 29, 2025
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

 /s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC. *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date**<br>**May 13, 2025 at 1:00 p.m. (ET)**<br><br>**Objection Deadline**<br>**May 6, 2025, at 4:00 p.m. (ET)** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE DEBTORS' ASSUMPTION OF THE
LITIGATION-RELATED AGREEMENTS AND (II) GRANTING RELATED RELIEF**

      **PLEASE TAKE NOTICE** that today, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of the Litigation-Related Agreements and (II) Granting Related Relief* (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "**Court**"). A copy of the Motion is attached hereto.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be (a) in writing; (b) filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **May 6, 2025, at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"); and (c) served so as to be received on or before the Objection Deadline by the undersigned counsel to the Debtors.

      **PLEASE TAKE FURTHER NOTICE** THAT IF ANY OBJECTIONS TO THE MOTION ARE RECEIVED, A HEARING WITH RESPECT TO THE MOTION WILL BE HELD ON **MAY 13, 2025, AT 1:00 P.M. (PREVAILING EASTERN TIME)** BEFORE THE HONORABLE J. KATE STICKLES AT THE UNITED STATES BANKRUPTCY COURT FOR

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM 6, WILMINGTON, DELAWARE 19801.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: April 29, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC. *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. [●]** |

### ORDER (I) APPROVING THE DEBTORS' ASSUMPTION OF THE LITIGATION-RELATED AGREEMENTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) approving the Debtors' assumption of the Litigation-Related Agreements and (ii) granting related relief, each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors' assumption of the Litigation-Related Agreements (which includes for the avoidance of doubt, all exhibits, attachments, and other documents incorporated therein) is approved effective as of the entry of this Order.

3. There is no cure amount due and owing with respect to the Litigation-Related Agreements.

4. Nothing herein modifies the GBRP APA, including the allocation of proceeds of the Specified Litigation between the Debtors and GBRP.

5. Notwithstanding the provisions of Bankruptcy Rule 6004(h) (to the extent that such rule would otherwise be applicable to the relief sought in the Motion or granted pursuant to this Order), this Order is final, is not subject to any stay whatsoever, and shall be immediately effective and enforceable upon its entry.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT B

## Litigation-Related Agreements

**[REDACTED IN FULL]**