IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 2647** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' ASSUMPTION OF CERTAIN LITIGATION-RELATED AGREEMENTS AND (II) GRANTING RELATED RELIEF**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below and sealing certain information in the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of Certain Litigation-Related Agreements and (II) Granting Related Relief* [D.I. 2647] (collectively, the "**Assumption Motion**").[2] In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein are defined in the Assumption Motion.

**RELIEF REQUESTED**

1. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request entry of an order (a) authorizing the Debtors to file under seal and to redact the exhibits attached to the Assumption Motion, which contain sensitive commercial information (the "**Agreements**") and (b) directing that the Agreements shall remain under seal and confidential and not be made available to any person without the prior written consent of the Debtors.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the *Local Rules of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

4. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On

September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5. The factual background relevant to this Motion is described in the Assumption Motion and incorporated herein by reference. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

## BASIS FOR RELIEF

6. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Agreements under seal. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

7. Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own, the court may, with or without notice, issue any order that justice requires to . . . protect the estate or any entity

3

> regarding a trade secret or other confidential research, development or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(d).

8. Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

9. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is "commercial information," which need not rise to the level of a trade secret to be entitled to protection. *See, e.g., Orion Pictures*, 21 F.3d at 28 (concluding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Id.* Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

10. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id*. at 27; *see also In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See id*.

**THE MOTION TO SEAL SHOULD BE GRANTED**

11. Cause exists to redact Agreements because the information contained therein constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as the provisions and terms of the Agreements are confidential and reflect business dealings between two private parties that were negotiated prior to the commencement of these chapter 11 cases. Broad publication of the Agreements would be inappropriate and potentially harmful to the Debtors or to Purchaser, who in turn may seek recourse against the Debtors. Accordingly, the Debtors submit that good cause exists for the Court to grant them leave to file under seal and to redact the Agreements.

12. The Debtors have provided an unredacted version of the Agreements to the Court and the Office of the United States Trustee pursuant to Local Rule 9018-1. The Debtors have filed or will file a redacted version of the Assumption Motion and Agreements substantially contemporaneously herewith.

**COMPLIANCE WITH LOCAL RULE 9018-1(d)**

13. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the Agreements are subject to the confidentiality rights (as defined in Local Rule 9018-1(d)(iii)) of the Debtors.

**NOTICE**

14. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; (d) Crowell & Moring LLP, as counsel to the Purchaser; and (e) any other party that has requested notice pursuant to Local Rule 2002-1(b).

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: April 29, 2025
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*