IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 1994 & 2650 |

### ORDER PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS-IN-POSSESSION TO ASSUME, ASSIGN AND SELL CERTAIN NON-RESIDENTIAL REAL PROPERTY LEASE #1195

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for an order pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006 and 9014, and Local Rule 6004-1, having received a Notice of Designation of Designated Asset from Gordon Brothers Retail Partners, LLC ("**GBRP**") in accordance with Section 2.05(b) of the APA[2] and Paragraph 43 of the Sale Order, with respect to that certain unexpired lease of non-residential real properties for the premises identified in **Exhibit A** hereto (the "**Lease**"); and the Debtors having filed and served a Designated 365 Contract Notice (the "**Designation Notice**") seeking, *inter alia*, (i) to

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used herein and not otherwise defines shall have the meanings ascribed thereto in the Court's *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**Sale Order**").

1

#100077027v2

assume and assign the Lease to the named Purchaser for the Lease in Exhibit A and Exhibit B, namely Ocean State Job Lot of NJ2025, LLC ("**OSJL NJ**" or "**OSJL**"); and (ii) such additional and related relief as provided by the Sale Order; and the Court having determined that the legal and factual bases for the relief requested herein establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

    **NOW, THEREFORE**, the Court hereby finds as follows:

    A.    After good and sufficient notice of the Designation Notice having been provided in accordance with the Designation Rights Procedures, and a reasonable opportunity to object or be heard regarding the proposed assumption and assignment of the Lease has been afforded to the applicable 365 Counterparty (the "**Landlord**") in accordance with the Designation Rights Procedures.

    B.    The assumption, assignment and sale of the Lease to OSJL, pursuant to Sections 363 and 365 of the Bankruptcy Code is in the best interests of the Debtors, their estates and their creditors, and is consistent with the terms of the APA and Sale Order, respectively.

    C.    Pursuant to Sections 365(b)(1)(C), 365(f)(2)(B) and 365(b)(3) of the Bankruptcy Code, to the extent required under the Sale Order, OSJL has provided adequate assurance of future performance under the Lease.

    D.    The assumption and assignment of the Lease to OSJL NJ as set forth on Exhibit A and on Exhibit B is in compliance with Section 365(b)(3) of the Bankruptcy Code.

    E.    The Assumption and Assignment Agreement, dated as of February 12, 2025 and attached hereto as **<u>Exhibit B</u>** (the "**Assignment Agreement**"), between and among the Debtors and OSJL was negotiated and entered into in good faith, and from arm's length bargaining

positions. OSJL is hereby found to be a good faith purchaser of the Lease and is found to be entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT**

1. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, the applicable Debtor is hereby authorized to assume, sell and assign to the OSJL entity on **Exhibit A** the Lease set forth on **Exhibit A**, pursuant to the terms and provisions of this Order, the APA, the Sale Order, and the Assignment Agreements, all of the terms of which are hereby approved.

2. In accordance with Section 363 of the Bankruptcy Code, effective as of the occurrence of a closing of the assignment of the Lease under the Assignment Agreement (such date being hereinafter defined as the "**Closing Date**"), the Lease shall be transferred free and clear of any leasehold mortgages, subleases, licenses, holdover rights under applicable bankruptcy and non-bankruptcy law and rules, claims, liens, interests, mechanics liens, bills, any rights under Section 365(h) of the Bankruptcy Code, and other rights and encumbrances.

3. Upon the entry of this Order and the occurrence of the Closing Date, OSJL shall be deemed to have assumed and succeeded to the entirety of the Debtors' rights and obligations in and to the Lease which are due and owing from and after the Closing Date and shall have the rights of the tenant thereunder.

4. Upon entry of this Order and the occurrence of the Closing Date, OSJL is a good faith purchaser and shall be entitled to the protections of Bankruptcy Code Section 363(m).

5. Pursuant to Section 365(b)(l) of the Bankruptcy Code, to the extent Cure Costs are owed to the Landlord, the Cure Costs, which are fixed as set forth on **Exhibit A**, shall be promptly paid by OSJL.  Any unpaid percentage rent accrued or payable under the Lease prior to the Closing Date are waived and not included as Cure Costs.  Any objection of the Landlord to the assumption

or assignment or transfer of the Lease, any Cure Cost, or seeking further adequate assurance of future performance other than that provided in the Assignment Agreement, to the extent not otherwise resolved by agreement, or by agreement contemplated to be heard after the date of any hearing to be held in connection with the Designation Notice, or disposed of by separate order of this Court, is hereby overruled. There shall be no accelerations, assignment fees, increases, or any other fees charged to GBRP, OSJL or any OSJL entity, or the Debtors as a result of the assumption and assignment of the Lease. Upon remittance of the Cure Costs by OSJL to the Landlord pursuant to the terms of this Order, the Landlord shall be barred from asserting any additional cure amounts or other claims with respect to the Lease. For the avoidance of doubt, the Landlord shall be forever (i) barred from objecting to the applicable Cure Costs and from asserting any additional cure or other amounts with respect to the Lease, and the Debtors and OSJL shall be entitled to rely solely upon the Cure Costs set forth above and (ii) barred, estopped, and permanently enjoined from asserting or claiming against the Debtors, GBRP or any OSJL entity, or their respective property that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under the Lease, or that there is any objection or defense to the assumption or assumption and assignment of the Lease. On and after the Closing Date, the OSJL entity assuming its Lease shall be responsible for paying (and shall be entitled to receive any credits for) all amounts outstanding under the Lease due on or after the Closing Date.

6. The proceeds of the Lease sales shall be payable to GBRP in accordance with the APA and Sale Order, respectively.

7. All personal property and furniture, fixtures and equipment ("**FF&E**") remaining in the stores subject to the Lease on or after the Closing Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as of the Closing Date. The OSJL entity purchasing the

#100077027v2

Lease may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or any consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition; provided, that the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; provided, further, that that the Debtors will either (a) provide for the return of such property to the Headquarters (as defined below) or (b) return such property to the applicable lessor, or other owner of the property; provided, further, however, that the Debtors may leave in place any property owned by the applicable Landlord at the applicable Store.

8. Any party which did not object within the time set forth in the notice thereof is deemed to consent to the Debtors' assumption and assignment of the Lease, and the satisfaction of the requirements of Section 365 of the Bankruptcy Code. Upon the sale and assignment of the Lease, payment of the Cure Costs and the transfer of the furniture, fixtures and equipment referenced immediately above, as applicable, shall relieve the Debtors from any further liability pursuant to Section 365(k) of the Bankruptcy Code.

9. Solely with respect to the transactions contemplated by this Order and the Assignment Agreement, and except as otherwise agreed between the Landlord and OSJL, nothing in this Order shall be deemed to annul or vary any provision of the Lease *other than* the following provisions (the "**Unenforceable Provisions**"):

    a. Intentionally omitted.

    b. a provision unreasonably prohibiting necessary alterations to the premises or signage required to convert the premises to the applicable OSJL entity's intended use; provided such alterations are deemed necessary by the applicable OSJL entity to conform

such store to a typical Ocean State Job Lot retail store consistent with the applicable OSJL entity's intended use of the premises;

  c. a provision commonly referred to as a "going dark" or "continuous operations" provision, providing in substance for a forfeiture of the Lease or an increase in rent or other penalty by reason of the Debtors' cessation of retail operations before the assignment, and/or any delay by the applicable OSJL entity in reestablishing retail operations after the assignment, to the extent any such provision does not permit the applicable OSJL entity to "go dark" until the later of: (i) one hundred eighty (180) days after the Closing Date of the assignment of the Lease, or such later time, when the particular facts and circumstances of a given store warrant additional time, which circumstances shall include, without limitation, the age and condition of the shopping center, the ability to obtain any permits and documents necessary to complete construction, the location of the premises in the shopping center, the shape of the premises to be assigned, the demographics of the shopping center's location and the overall quality of the shopping center and its existing tenants or (ii) the "going dark period" listed in the applicable Assignment Agreement;

  d. a provision conditioning assignment on Landlord consent, or requiring payment to the Landlord as the price of assignment, or granting Landlord the right to recapture the leased premises following the assignment;

  e. a provision effecting forfeiture or a modification of any of the applicable OSJL entity's rights or obligations presently in effect under the Leases upon an assignment by the Debtors of the Lease; including any existing default of any Lease provision by the Debtors on the date hereof.

#100077027v2

f.  a provision conditioning the Debtors' ability to assign their leasehold rights upon any terms not otherwise required under the Bankruptcy Code;

g.  a provision restricting the applicable OSJL entity's ability to place reasonable signage on the premises; provided, that such signage is deemed necessary by OSJL to conform such store to OSJL's typical retail store consistent with the applicable OSJL entity's intended use of the premises;

h.  a provision requiring the use of a certain tradename;

i.  a provision regarding minimum sales revenues required to be satisfied at the premises covered by the Lease; and

j.  any radius provisions set forth in the Lease to the extent applicable to any existing OSJL stores located near the Debtors' premises (but such radius provisions shall at all times apply to any new stores which might be opened by OSJL in the area of Debtors' premises after the Closing Date).

10.  Notwithstanding anything to the contrary contained herein, nothing in this Order shall act to revise, modify or change the existing permitted use clause in the Lease, as amended, for the store at 257 W. New Road, Somers Point, NJ known as store number 1195.

11.  Solely with respect to the transactions contemplated by this Order, the Sale Order, and the Assignment Agreement, none of the Unenforceable Provisions shall apply to the applicable OSJL entity in any respect and, without limiting the generality of the foregoing, no violation by the Debtors or the applicable OSJL entity of the Unenforceable Provisions shall constitute an event of default under the Lease.

12.  Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately

upon entry, and the Debtors and OSJL are authorized to close the sale of the Lease set forth in the Assignment Agreement immediately upon entry of this Order. Time is of the essence in closing the Lease sale transaction referenced herein, and the Debtors and OSJL intend to close the Lease sale transaction as soon as practicable. This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.

13. Upon entry of this Order, this Order and the findings hereunder shall be binding upon all parties to the Lease and the Assignment Agreement.

14. Upon the entry of this Order and the occurrence of the Closing Date, the Landlord shall accept and honor the assignment of the Lease to the applicable OSJL entity.

15. The Landlord shall cooperate and expeditiously execute and deliver, within ten (10) days of any reasonable requests of OSJL and at no cost to the Landlord, any instruments, applications, consents or other documents which may be required by any public or quasi-public authority or other party or entity, for the purpose of obtaining any permits, approvals or other necessary documents required for the alteration, opening and operating of the properties as contemplated under the Assignment Agreement and a memorandum of Lease.

16. Notwithstanding anything to the contrary in this Order, the Assignment Agreement or any side letters, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred without the express prior written consent of the Debtors and applicable insurer and/or third-party administrator.

17. This Court shall retain jurisdiction (i) to construe and determine any disputes under this Order, (ii) to enforce and implement the terms and provisions of the Assignment Agreement,

all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, and (iii) to resolve any disputes arising under or related to the Lease sale (but all Landlord/tenant disputes arising after the Closing Date which do not involve the Lease sale, this Order or the Debtors shall not be subject to the jurisdiction of this Court).

18. The Debtors and OSJL are hereby authorized and directed to execute and deliver any and all documents, and to do all things reasonably necessary, to effectuate the purposes of this Order, to transfer the Debtors' interests in and to the Lease, in accordance with the terms of the Assignment Agreement, and to carry out the terms and conditions of the Assignment Agreement.

19. OSJL is not a successor in interest to the Debtors (other than with respect to the Debtors' rights and obligations under the Lease first accruing after the applicable OSJL entity takes assignment thereunder as provided for under the Assignment Agreement), or their bankruptcy estates as a result of the applicable OSJL entity taking title or possession of the Lease and the subject premises, and OSJL is not assuming any liabilities or obligations of the Debtors or their bankruptcy estates, except as may be specifically provided for in the Assignment Agreement.

20. This Order shall be effective and enforceable after its entry as provided by Bankruptcy Rule 7062.

21. Any remaining objections to the assignment of the Lease that have not been withdrawn, waived, adjourned, or settled, and all reservations of rights included in such objections, are overruled in all respects and denied.

22. Any provision in the Lease regarding percentage rent to the extent of Debtors' sales prior to the Closing Date shall not be imputed against the applicable OSJL entity and OSJL, provided that the applicable OSJL entity shall be liable for percentage rent for the prorated portion of calendar year 2025 remaining after the Closing Date for a partial calendar year as if the term

#100077027v2

began on the Closing Date (and the applicable OSJL entity and OSJL shall not be liable to pay any percentage rent based upon sales that occurred prior to the Closing Date or imputed during the Go Dark period after the Closing Date) and no percentage rent is due and owing by the applicable OSJL entity and OSJL for the period prior to the Closing Date.

23. To the extent there is any inconsistency between the terms of this Order and the terms of the Assignment Agreement (including all ancillary documents executed in connection therewith), the terms of this Order shall govern.

24. To the extent that any applicable OSJL entity and the Landlord enters into a side letter with respect to the Lease, such side letter shall govern with respect to rights and obligations of OSJL and the Landlord. For the avoidance of doubt, no side letter shall modify the rights and obligations of any third party without such third party's consent.

25. The failure to specifically include any particular provision of the Assignment Agreement or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Assignment Agreement and all other related documents be authorized and approved in their entirety pursuant to this Order.

26. The Assignment Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement is consistent with this Order and does not have any adverse effect on the Debtors' estates; provided, further, that the Debtors shall provide any such modification, amendment, or supplement to the applicable Landlords and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases no less than one (1) day prior to execution of such modification, amendment, or supplement; provided, further, that after the occurrence of the

#100077027v2

Closing Date, the final versions of the Assignment Agreement any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court.

|  |  |
|---|---|
| **Dated: April 30th, 2025**<br>**Wilmington, Delaware** | J. KATE STICKLES<br>**UNITED STATES BANKRUPTCY JUDGE** |

11

#100077027v2