**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline**: May 26, 2025 at 4:00 p.m. (ET) |

**SEVENTH MONTHLY FEE STATEMENT OF DAVIS POLK & WARDWELL LLP, AS BANKRUPTCY COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD MARCH 1, 2025, THROUGH AND INCLUDING MARCH 31, 2025**

| | |
|---|---|
| Name of Professional: | DAVIS POLK & WARDWELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 21, 2024, *nunc pro tunc* to September 9, 2024 |
| Period for which compensation and reimbursement is sought: | March 1, 2025 through and including March 31, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $976,064.00 (80% of $1,220,080.00) |
| Amount of reimbursement sought as actual, reasonable and necessary: | $4,186.30 |
| This is a  x  monthly __ interim __ final application | |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

The total time expended for fee statement preparation is approximately 8.3 hours and the corresponding compensation requested is approximately $10,038.50.[2]

If this is not the first fee statement filed, disclose the following for each prior fee statement:

Prior Monthly Fee Statements Filed:

| DATE FILED | PERIOD COVERED | REQUESTED FEES / EXPENSES | APPROVED FEES / EXPENSES |
|---|---|---|---|
| November 7, 2024 | September 9, 2024 – September 30, 2024 | $1,622,452.00 / $14,645.65 | $1,622,452.00 / $14,645.65 |
| December 4, 2024 | October 1, 2024 – October 31, 2024 | $2,693,605.50 / $28,149.16 | $2,693,605.50 / $28,149.16 |
| December 17, 2024 | November 1, 2024 – November 30, 2024 | $2,799,817.50 / $13,067.39 | $2,799,817.50 / $13,067.39 |
| January 15, 2025 | December 1, 2024 – December 31, 2024 | $3,026,382.50 / $15,175.95 | $3,026,382.50 / $15,175.95 |
| March 18, 2025 | January 1, 2025 – January 31, 2025 | $2,232,226.00 / $8,652.35 | $1,785,780.80 / $8,652.35 |
| April 7, 2025 | February 1, 2025 – February 28, 2025 | $1,146,841.50 / $5,412.94 | $911,430.40 / $5,290.73[3] |

Prior Interim Fee Application Filed:

| DATE FILED | PERIOD COVERED | REQUESTED FEES / EXPENSES | APPROVED FEES / EXPENSES |
|---|---|---|---|
| January 15, 2025 | September 9, 2024 – December 31, 2024 | $10,142,257.50 / $71,038.15 | $10,142,257.50 / $59,201.84[4] |

---

[2] With the exception of 0.7 hours billed on March 17, 2025 (accounting for $500.50 in compensation), allowance for compensation for such time is not requested in this statement but will be sought in a subsequent fee statement.

[3] In response to comments from the Office of the United States Trustee for the District of Delaware, Davis Polk agreed to a voluntary fee reduction of $7,553.50 and a voluntary expense reduction of $122.21, each as reflected in the *Certificate of No Objection Regarding the Sixth Monthly Fee Statement of Davis Polk & Wardwell LLP, as Bankruptcy Counsel for the Debtors and Debtors in Possession, for Allowance of Monthly Compensation and for Payment of All Actual and Necessary Expenses Incurred for the Period February 1, 2025, Through and Including February 28, 2025* [D.I. 2682].

[4] Davis Polk agreed to a voluntary expense reduction of $11,836.31 as reflected in the *First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [D.I. 2271].

## COMPENSATION BY PROFESSIONAL

**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**March 1, 2025 through March 31, 2025**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **Partners** | | | | |
| Corey M. Goodman | Partner/Tax. Partner since 2021. Joined the firm as a partner in 2021. Member of the NY Bar since 2008. | 2,645 | 0.9 | $2,380.50 |
| James I. McClammy | Partner/Civil Litigation. Partner since 2015. Joined the firm as an associate in 2000. Member of the NY Bar since 1999. | 2,645 | 7.7 | $20,366.50 |
| Brian M. Resnick | Partner/Restructuring. Partner since 2011. Joined the firm as an associate in 2003. Member of the NY Bar since 2004. | 2,645 | 10.2 | $26,979.00 |
| Adam L. Shpeen | Partner/Restructuring. Partner since 2021. Joined the firm as an associate in 2012. Member of the NY Bar since 2013. | 2,610 | 10.1 | $26,361.00 |
| **Counsel** | | | | |
| Avelina Burbridge | Counsel/Real Estate. Joined the firm as a counsel in 2024. Member of the NY Bar since 2015. | 2,040 | 25.5 | $52,020.00 |
| Tracy L. Matlock | Counsel/Tax. Joined the firm as an associate in 2011. Member of the NY Bar since 2013. | 2,040 | 1.4 | $2,856.00 |
| Stephen D. Piraino | Counsel/Restructuring. Joined the firm as an associate in 2014. Member of the NY Bar since 2014. | 2,040 | 157.2 | $320,688.00 |
| Heather Weigel | Counsel/Mergers & Acquisitions. Joined the firm as an associate in 2017. Member of the NY Bar since 2018. | 1,790 | 1.4 | $2,506.00 |
| **Associates** | | | | |

---

[5] The hourly billing rate for non-working travel time has been adjusted to 50% of the normal rates.

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Sadaf Bajwa | Associate/Litigation. Joined the firm as an associate in 2023. Member of the NY Bar since 2024. | 1,255 | 7.4 | $9,287.00 |
| Jonathan Bi | Associate/Mergers & Acquisitions. Joined the firm as an associate in 2023. Member of the NY Bar since 2024. | 1,255 | 4.7 | $5,898.50 |
| Matthew R. Brock | Associate/Litigation. Joined the firm as an associate in 2014. Member of the NY Bar since 2015. | 1,780 | 83.4 | $148,452.00 |
| Vincent Cahill | Associate/Restructuring. Joined the firm as an associate in 2022. Member of the NY Bar since 2023. | 1,670 | 17.5 | $29,225.00 |
| Louis W. Chisholm | Associate/Litigation. Joined the firm as an associate in 2024. Member of the NY Bar since 2021. | 1,780 | 9.1 | $16,198.00 |
| Charles Collier | Associate/Tax. Joined the firm as an associate in 2021. Member of the NY Bar since 2018. | 1,780 | 2.4 | $4,272.00 |
| Jacob Goldberger | Associate/Restructuring. Joined the firm as an associate in 2023. Member of the NY Bar since 2023. | 1,255 | 102.7 | $128,888.50 |
| Madison Gonzalez | Associate/Mergers & Acquisitions. Joined the firm as an associate in 2023. Member of the NY Bar since 2024. | 1,255 | 0.9 | $1,129.50 |
| Andrew Lent | Associate/Real Estate. Joined the firm as an associate in 2021. Member of the NY Bar since 2022. | 1,760 | 23.3 | $41,008.00 |
| Caroline Peters | Associate/Tax. Joined the firm as an associate in 2022. Member of the NY Bar since 2024. | 1,670 | 4.7 | $7,849.00 |
| Ethan Stern | Associate/Restructuring. Joined the firm as an associate in 2021. Member of the NY Bar since 2022. | 1,760 | 18.3 | $32,208.00 |

4

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Samantha Stroman | Associate/Litigation. Joined the firm as an associate in 2023. Member of the NY Bar since 2024. | 1,255 | 21.3 | $26,731.50 |
| Tony Sun | Associate/Restructuring. Joined the firm as an associate in 2023. Member of the NY Bar since 2024. | 1,255 | 5.8 | $7,279.00 |
| Kevin L. Winiarski | Associate/Restructuring. Joined the firm as an associate in 2023. Member of the NY Bar since 2024. | 1,255 | 76.1 | $95,505.50 |
| **Discovery Attorneys** | | | | |
| Pablo Echegaray | Discovery Attorney. Joined the firm in 2019. Member of the NY Bar since 2007. | 735 | 61.3 | $45,055.50 |
| Rashida K. Jackson | Discovery Attorney. Joined the firm in 2022. Member of the NY Bar since 2010. | 735 | 42.6 | $31,311.00 |
| Steve A. Karagiannakis | Discovery Attorney. Joined the firm in 2014. Member of the NY Bar since 2003. | 735 | 24.9 | $18,301.50 |
| **Legal Assistants / Law Graduates / Librarians / eDiscovery** | | | | |
| Maria Budis | Law Clerk/Restructuring. Joined the firm in 2024. | 1,065 | 24.9 | $26,518.50 |
| Cameron Carpenter | Law Clerk/Restructuring. Joined the firm in 2024. | 1,065 | 44.3 | $47,179.50 |
| Sijia (Scarlett) Huang | Law Clerk/Restructuring. Joined the firm in 2024. | 1,065 | 12.7 | $13,525.50 |
| Magali Giddens | Legal Assistant | 715 | 14.1 | $10,081.50 |
| Madeleine Menkes | Legal Assistant | 505 | 2.0 | $1,010.00 |
| Alex Ionescu | eDiscovery Project Manager | 550 | 22.5 | $13,612.50 |
| LeKeith Lewis | eDiscovery Project Manager | 760 | 1.2 | $912.00 |
| Lee B. Stein | eDiscovery Project Manager | 760 | 5.9 | $4,484.00 |
| **Total** | | $1,438.10 | 848.4 | $1,220,080.00[6] |
| **BLENDED RATE: $1,438.10** | | | | |

---

[6] This amount reflects a voluntary reduction in fees in the amount of $1,872.50.

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate[5] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| **ATTORNEY BLENDED RATE: $1,529.91** | | | | |

**COMPENSATION BY PROJECT CATEGORY**

**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**March 1, 2025 through March 31, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions | 33.0 | $62,636.00 |
| Business Operations | 9.8 | $19,992.00 |
| Claims / Creditor Outreach | 76.1 | $106,428.00 |
| Contracts / Leases | 164.5 | $256,897.50 |
| Corporate Governance / Board Matters / Communications | 29.7 | $60,323.50 |
| Employee & Labor | 4.9 | $9,996.00 |
| General Case Administration | 54.6 | $78,789.00 |
| Hearing Preparation / Attendance | 78.6 | $137,750.00 |
| Litigation | 294.0 | $347,916.50 |
| Regulatory / Antitrust / Tax / IP | 21.2 | $41,429.50 |
| Retention DPW: Preparation of Fee Applications, Budgeting | 70.4 | $77,932.00 |
| Retention Non-DPW: Prep of Retention-Related Materials | 1.0 | $1,760.00 |
| Travel (Non-Working) (50%) | 10.6 | $18,230.00 |
| **TOTAL** | **848.4** | **$1,220,080.00**[7] |

---

[7] This amount reflects a voluntary reduction in fees in the amount of $1,872.50.

**EXPENSE SUMMARY**

**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**March 1, 2025 through March 31, 2025**

| Expense Category | Total Expenses |
|---|---:|
| Computer Research | $1,115.43 |
| Meals | $223.91 |
| Postage, Courier & Freight | $70.95 |
| Travel | $2,776.01 |
| **Grand Total Expenses** | **$4,186.30**[8] |

---

[8] This amount reflects a voluntary reduction in expenses in the amount of $3,878.97.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline**:<br>May 26, 2025 at 4:00 p.m. (ET) |

**SEVENTH MONTHLY FEE STATEMENT OF DAVIS POLK & WARDWELL LLP, AS BANKRUPTCY COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF MONTHLY COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
MARCH 1, 2025 THROUGH AND INCLUDING MARCH 31, 2025**

Davis Polk & Wardwell LLP ("Davis Polk"), as bankruptcy counsel for the debtors and debtors in possession in the above-captioned cases (the "Debtors"), submits this fee statement (the "Fee Statement") for monthly and interim allowance of compensation for professional services rendered by Davis Polk to the Debtors for the period of March 1, 2025 through March 31, 2025 (the "Statement Period"), and reimbursement of actual and necessary expenses incurred by Davis Polk during the Statement Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

(the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [D.I. 519] (the "Interim Compensation Procedures Order").[2]  In support of this Fee Statement, Davis Polk represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Fee Statement pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-1, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## BACKGROUND

3. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors have continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 cases.

---

[2] Capitalized terms used but not defined herein are defined in the Interim Compensation Procedures Order.

2

4. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee"). *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

## DAVIS POLK'S RETENTION

5. Prior to the commencement of these Chapter 11 cases, the Debtors retained Davis Polk to provide advice regarding, among other things, preparing for, commencing, and prosecuting these cases under Chapter 11 of the Bankruptcy Code. On September 18, 2024, the Debtors filed the *Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* [D.I. 205] (the "Davis Polk Retention Application").

6. On October 21, 2024, this Court granted the Davis Polk Retention Application pursuant to the *Order Approving Application of Debtors for Authority to Employ and Retain Davis Polk & Wardwell LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* [D.I. 577] (the "Davis Polk Retention Order").

## INTERIM COMPENSATION PROCEDURES ORDER

7. The Court entered the Interim Compensation Procedures Order on October 17, 2024. The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all Retained Professionals (as defined in the Interim Compensation Order) in these cases.

8. In particular, the Interim Compensation Procedures Order provides that Retained Professionals may file and serve a Monthly Fee Statement on or after the 5th day of each month following the month or months for which compensation is sought, for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding

3

month or months. Compensation Notice Parties will have until 4:00 p.m. (prevailing Eastern Time) on the day that is 21 days after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested compensation for services rendered and reimbursement of expenses incurred. Provided that there are no objections to such Monthly Fee Statement filed before the expiration of the Objection Deadline, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9. Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Retained Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Statement.

## RELIEF REQUESTED

10. Davis Polk submits this Statement for (a) allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as counsel for the Debtors in these cases during the Statement Period and (b) reimbursement of actual, reasonable, and necessary expenses incurred by Davis Polk in representing the Debtors during the Statement Period.

11. During the Statement Period, Davis Polk incurred fees in the amount of $1,220,080.00.[3] For the same period, Davis Polk incurred actual, reasonable, and necessary expenses totaling $4,186.30.[4] As of the date of this Statement, Davis Polk has received no payments with respect to these amounts.

---

[3] This amount reflects a voluntary reduction in fees in the amount of $1,872.50.

[4] This amount reflects a voluntary reduction in expenses in the amount of $3,878.97.

12. Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Davis Polk timekeepers to the Debtors' cases during the Statement Period.

13. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

14. **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Davis Polk during the Statement Period.

15. Davis Polk charges $0.15 per page for photocopying and printing.

16. In accordance with Local Rule 2016-1, Davis Polk has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

17. Davis Polk has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Davis Polk so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Davis Polk has endeavored to coordinate with the other professionals involved in these cases to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. Davis Polk believes it has been successful in this regard.

18. No agreement or understanding exists between Davis Polk and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

19. The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of his or her information, knowledge, and belief that this Fee Statement complies with that Rule.

WHEREFORE, Davis Polk respectfully requests that the Debtors pay Davis Polk $980,250.30, which is equal to the sum of 80% ($976,064.00) of Davis Polk's requested compensation ($1,220,080.00) and 100% ($4,186.30) of Davis Polk's requested expense reimbursement.

Dated:   May 5, 2025
         New York, NY

**DAVIS POLK & WARDWELL LLP**

*/s/ Brian M. Resnick*
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Counsel to the Debtors and Debtors in Possession*