**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.¹ | (Jointly Administered) |
| | **Re D.I. 2531** |

**DECLARATION OF DAVID S. BLOOMFIELD, JR. IN SUPPORT OF THE FIRST AND FINAL FEE APPLICATION OF PORTER, WRIGHT MORRIS & ARTHUR LLP FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM OCTOBER 31, 2024 THROUGH JANUARY 31, 2025**

I, David S. Bloomfield, Jr., hereby declare as follows:

1. I am a Partner at the firm of Porter, Wright, Morris & Arthur LLP ("Porter Wright"). I submit this declaration (this "Declaration") in support of the *First and Final Fee Application of Porter, Wright, Morris & Arthur LLP For Compensation For Professional Services Rendered and Reimbursement of Expenses Incurred For the Period From October 31, 2024 To and Including January 31, 2025* (D.I. 2531) (the "Application") and in response to inquiries from the Court.

2. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with members of the Porter Wright team, and my review of

---

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

relevant documents. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

3. On May 2, 2025, the Court, through an email from this Court's judicial assistant asked the following questions of Porter Wright:

**Porter, Wright, Morris & Arthur, LLP – 1st and Final**
- Transient Billing - The below individuals billed less than 5.0 hours for the October 2024 – January 2025 billing period, please advise how they contributed value to the estate:

| Timekeeper/Role | Hourly Rate | Hours | Total Fee |
|---|---|---|---|
| Kathy K. Ly, Paralegal | $300 | 3.00 hrs | $ 900.00 |
| Barbara A. Harrison, Paralegal | $325 | 3.10 hrs. | $1,007.50 |
| Greg A. Veatch, Paralegal/Litigation Support | $325 | 0.50 hrs | $ 162.60 |

- Please explain why the two return American Airlines flights were booked as business class and not economy flights.
- Please explain Mr. King's "Gift Shop" purchase of $4.00 at the Sheraton on November 20, 2024.
- Please reduce expenses by $30 for alcohol purchases at Washington Street Ale House.

**Role of "Transient Billers"**

4. In response to the Transient Billing question, all three timekeepers performed paralegal/litigation support services at the request of Counsel.

5. As the Court is aware, Porter Wright was hired on October 31, 2024, and it delivered a report to Big Lots, Inc. on November 8, 2024, regarding whether any colorable claims could have been made against any of Big Lots, Inc.'s then-current or former directors or executive officers, namely claims for breach of fiduciary duty ("Report"). This Report was the work product of several attorneys and the three paraprofessionals identified by the Court as "Transient Billers."

6. The first biller is Kathy Ly, a paraprofessional with Porter Wright with over 16 years of legal experience, including attending law school. On November 1, 2024, Ms. Ly, performed analysis of Big Lots, Inc.'s proxy statements and the litigation pending against Big

Lots, Inc. so that Counsel would be able to ask witnesses to be interviewed (namely, then-current and former Board members and then-officers of Big Lots, Inc.) about these issues. Ms. Ly's services were not needed following this research because the remaining tasks involved interviewing witnesses and preparing the Report, which work was performed by Porter Wright attorneys.

7. The second biller is Barb Harrison, a paraprofessional with Porter Wright with over 32 years of legal experience and a Certified Legal Assistant degree (i.e., Paralegal certification) from Capital University Law School. On November 1, 2024, Counsel initially requested Ms. Harrison, to coordinate and organize the interviews and compile reports that each attorney prepared. At my direction, on November 4, 2024, in connection with the drafting of the report, I asked Ms. Harrison to prepare a chart containing information about Board Members, the period of their service, and to review the public filings to ensure that the information on that chart was accurate. On November 6, 2024, I asked Ms. Harrison to review materials to be appended to the Report to remove any confidential information, such as social security numbers and bank account information, which information was contained within the appendices to the report. All of Ms. Harrison's work was performed at the direction of Counsel, and her work product was included in the Report.

8. The third biller is Greg Veatch, who is a paralegal and a litigation support specialist with nearly 25 years of legal experience. On November 1, 2024, I requested Mr. Veatch assist with accessing the various materials necessary for the team to review to prepare the Report. On November 8, 2024, in connection with delivery of the report, I asked Mr. Veatch to prepare all the documents Porter Wright reviewed in connection with the Report for production to Counsel for the Unsecured Creditors, if that counsel would request that information. On November 11, 2024,

the Unsecured Creditors, in fact, demanded that Porter Wright produce its work product, which work product Mr. Veatch had prepared on November 8, and which work product was transmitted to Counsel for the Unsecured Creditors on November 11.

9. All three paraprofessionals performed necessary work and assisted the attorneys in delivering the Report, and all three billers are experienced professionals, whose work was performed in an exceedingly efficient and cost-effective manner.

**Explanation Regarding the Two "Business Class" Flights from Philadelphia to Columbus – for Mr. King and Myself**

10. In response to the question about the airline flights, those flights were for myself and for James A. King.

11. On November 5, 2024, Mr. King initially purchased a roundtrip ticket to Philadelphia, leaving and returning on November 12, 2024, to testify at a hearing before this Court regarding Porter Wright's preparation of the Report and its conclusions. As of November 5, 2024, this Court's hearing on issues involved in the Report was scheduled for 1:30 pm on November 12, 2024. The initial roundtrip ticket he purchased was economy class.

12. Around November 11, 2024, Jim King and I learned that the Court's hearing had been continued until November 21, 2024 at 10:30 am. Because the hearing was moved, on November 11, 2024, Mr. King had to re-book his travel with flights leaving on Wednesday, November 20 and returning on November 21. Again, Mr. King requested he be booked in economy class.

13. On November 11, 2024, Mr. King and I learned that the Unsecured Creditors Committee requested a Rule 30(b)(6) deposition of a Porter Wright deponent and that this deposition would likely occur on November 20, the day before the November 21 hearing at which Mr. King would testify.

14. On November 13, 2024, I had a discussion with Joel Haims at McDermott Will & Emery LLP, in which Mr. Haims and I agreed that the Rule 30(b)(6) deponent for Porter Wright would be Mr. King, and that Mr. King's deposition would occur on November 20, 2024, in Wilmington, Delaware beginning at noon.

15. Consequently, on November 14, 2024, Mr. King re-booked (for a second time) the outbound flight to Philadelphia to leave earlier on November 20, 2024. When the travel agent, Direct Travel, re-booked Mr. King's ticket for a second time, the only seat available on the inbound flight from Philadelphia was a business-class seat, which the travel agent booked. That flight from Philadelphia to Columbus was operated by PSA Airlines as American Eagle; the plane was a regional jet (Embraer 175), containing a limited number of seats. Had an economy-class seat been available, Mr. King would have purchased that ticket.

16. Regarding my flights on November 20, 2024, and November 21, 2024, I purchased a flight to and from Philadelphia on American Airlines on November 13, 2024 after my discussions with Mr. Haims regarding the scheduling of Mr. King's deposition. I purchased the tickets myself. For the outbound flight to Philadelphia, leaving on November 20, I purchased an economy seat. However, for the inbound flight from Philadelphia on November 21, which left after the Court hearing that day at which Mr. King testified, the only available seat on the flight at 7:18 pm that evening was in business class. Again, that flight was on a regional jet containing a limited number of seats. Had an economy seat been available, I would have booked that seat; however, because of the relatively last-minute nature of my travel arrangements, I purchased the only seat that I could at the lowest possible price, which happened to be in business class.

**Porter Wright Will Withdraw $34 in Expenses from Application**

17. In response to the question regarding the $4.00 purchase, although this purchase was for food purchased from the hotel's convenience center in connection with travel to Wilmington, Delaware for the deposition of James A. King and the hearing before the Court on November 21, 2024, at which Mr. King testified, Porter Wright will withdraw the $4.00 charge from the expenses requested.

18. Finally, Porter Wright will reduce its expenses by $30.00 per the Court's instruction.

19. Accordingly, Porter Wright will seek only $4,667.66 in reimbursement of expenses (i.e., $34 less than initially requested), rather than $4,701.66 initially requested.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

| | |
|---|---|
| Dated: May 6, 2025<br>Columbus, Ohio | By: */s/ David S. Bloomfield, Jr.*<br>David S. Bloomfield, Jr.<br>Partner<br>Porter, Wright, Morris & Arthur LLP |