**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>June 26, 2025, at 1:00 p.m. (ET)<br><br>**Objection Deadline:**<br>May 22, 2025, at 4:00 p.m. (ET) |

**MOTION OF DEBTORS TO DETERMINE TAX LIABILITY
AND STAY PROCEEDINGS**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors to Determine Tax Liability and Stay Proceedings* (this "**Motion**"). In further support of this Motion, the Debtors rely on the *Declaration of John Lammert in Support of the Motion of Debtors to Determine Tax Liability and Stay Proceedings* (the "**Lammert Declaration**") attached hereto as **Exhibit B** and respectfully state as follows:

**RELIEF REQUESTED**

1.   By this Motion, and pursuant to sections 105(a) and 505 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Debtors request entry of an Order, substantially in the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

form attached hereto as **Exhibit A**, (i) determining market value to establish the bases upon which to compute taxes for tax years 2024 and 2025 as to the Property (as defined below) and to stay state proceedings and (ii) staying all state and administrative proceedings.

## JURISDICTION AND VENUE

2.  The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b).

3.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.  Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory bases for the relief requested herein are sections 105(a) and 505 of the Bankruptcy Code.

## BACKGROUND

**A.  General Background**

6.  On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief. The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

7.  The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024.

8.  On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

9.  Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3] and the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (collectively, the "**First Day Declaration**").

**B.   Valuation of the Debtors' Property**

10. The Debtors historically have paid property taxes in several Texas jurisdictions. The property (the "**Property**") that is the subject of this Motion is comprised of personal property located at the Debtors' former store locations, as set forth on Exhibit 1 to the Lammert Declaration (the "**Assessment Schedule**").

11. In assessing the Property and quantifying the tax liability for the years 2024 and 2025, the various taxing assessors were required to determine the fair market value of the Property (as such term is defined by Texas state statute, the "**Market Value**").  Market Value contemplates

current market prices and values as of the assessment date of such property. Pursuant to Texas Tax Code Section 23.01, taxable property is required to be "appraised at its market value as of January 1" of the applicable tax year, the "market value of property shall be determined by the application of generally accepted appraisal methods and technique," and "each property shall be appraised based upon the individual characteristics that affect the property's market value, and all available evidence that is specific to the value of the property shall be taken into account in determining the property's market value." Tex. Tax Code § 23.01. As set forth in the Texas Administrative Code, "Market Value" is defined as:

> [t]he price at which a property would transfer for cash or its equivalent under prevailing market conditions if:
>
> (A) exposed for sale in the open market with a reasonable time for the seller to find a purchaser;
>
> (B) both the seller and the purchaser know of all the uses and purposes to which the property is adapted and for which it is capable of being used and of the enforceable restrictions on its use; and
>
> (C) both the seller and purchaser seek to maximize their gains and neither is in a position to take advantage of the exigencies of the other.

Tex. Tax Code § 1.04.

12. Accordingly, the Market Value of attributed to the Property must contemplate a hypothetical arm's-length sales transaction for the Property as if such property were offered for sale on the open market between a prudent, voluntary seller and an equally prudent, voluntary buyer, both of whom are well-informed about the property. The taxing assessors are specifically required to implement and apply this definition of Market Value in assessing taxable property within their jurisdiction.

13. The Debtors believe that the taxing assessors miscalculated the Market Value of the Property, resulting in an overstated amount of the claims by the Taxing Authorities. Instead, the values identified on the Assessment Schedule as "Asserted Assessed Value" represent the correct Market Value under applicable non-bankruptcy law (the "**Asserted Market Values**").

14. As set forth in the Lammert Declaration, the Debtors and their advisors used both sales data from the Debtors' historical sales together with information provided by a third-party firm ("**Third-Party Research Data**") to approximate the Asserted Market Values of the Property as allowed by applicable non-bankruptcy law as of the date the values were to be assessed. These two sources provide a representative assessment of the Market Values of the Property.

15. Based on the Debtors' sales data and the Third-Party Research Data, the Debtors have estimated the value of the Property as of January 1, 2024 (Tax Year 2024) and January 1, 2025 (Tax Year 2025). Those values are the Asserted Market Values set forth in the Assessment Schedules attached to the Lammert Declaration.

**BASIS FOR RELIEF**

16. Section 505(a)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of *any tax,* any fine or penalty relating to a tax, or any addition to tax, *whether or not previously assessed, whether or not paid, and whether or not contested* before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (emphasis added).

17. Courts, including the Third Circuit, have interpreted section 505(a) as a "jurisdictional statute" that confers on the bankruptcy court the broad authority to determine the amount or legality of any tax claims. *See In re Custom Distrib. Servs., Inc.*, 224 F.3d 235, 239–

40 (3d Cir. 2000); *In re Venture Stores, Inc.*, 54 Fed. App'x 721, 723 (3d Cir. 2002). Congress provided bankruptcy courts with this broad power under section 505 of the Bankruptcy Code to promote prompt and centralized estate administration, and to avoid requiring the estate to "litigate the tax or assessment in several state jurisdictions." *In re Indianapolis Downs, LLC*, 462 B.R. 104, 112 (Bankr. D. Del. 2011) (quoting *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 575 (Bankr. D. Del. 2005).

18.    This broad authority includes the power to determine property and *ad valorem* taxes like the kind addressed by this Omnibus Objection. *See*, *e.g.*, *In re Majestic Star Casino, LLC*, 57 B.R. 327, 362-64 (Bankr. D. Del. 2011) (determining disputed valuation for property tax purposes), *aff'd*, Civ. No. 11–1060–LPS, 2013 WL 6504624 (D. Del. Dec. 10, 2013); *In re Cont'l Airlines, Inc.*, 138 B.R. 430, 433 (Bankr. D. Del. 1992) (describing Bankruptcy Code's "broad grant of jurisdiction" to bankruptcy courts to determine tax liabilities under section 505), *rev'd on other grounds,* 149 B.R. 76 (D. Del. 1993), *aff'd in part, rev'd in part*, 8 F.3d 811 (3d Cir. 1993) (unpublished table decision); *In re Dura Auto. Sys. Inc.*, Case No. 06-11202 (KJC) (Bankr. D. Del. June 24, 2008) [Docket No. 3482] (granting an order determining adjustments to amounts owed to tax authorities). This Court, therefore, has the authority to determine the value of the Property for tax purposes for tax years 2024 and 2025.

19.    Bankruptcy Code section 505(a)(l)'s broad grant of tax determination authority is subject to only three express exceptions set out in Bankruptcy Code section 505(a)(2), none of which apply here. First, section 505(a)(2)(A) of the Bankruptcy Code prevents the Court from re-adjudicating taxes that were already contested and finally adjudicated in a court of competent jurisdiction prior to the commencement of the case. 11 U.S.C. § 505(a)(2)(A). None of the tax liabilities the Debtors seek to have determined here have been adjudicated or contested to date.

20.     *Second*, Bankruptcy Code section 505(a)(2)(B) addresses tax refunds which are not at issue in this Motion, and therefore, this limitation does not apply.

21.     *Third*, Bankruptcy Code section 505(a)(2)(C) prevents bankruptcy courts from determining the amount or legality of any *ad valorem* tax if the applicable periods to contest or seek redetermination under non-bankruptcy law have expired. The time to contest 2024 and 2025 tax liabilities relating to the Property has not expired, and, thus, this exception does not apply.

22.     Accordingly, the Court has the authority to make the determinations requested under section 505 of the Bankruptcy Code. The Court should exercise that authority here. Bankruptcy courts have long recognized the advantages of applying Bankruptcy Code section 505 procedures to facilitate prompt, accurate determination of contested state tax issues. *See, e.g., Continental Airlines*, 138 B.R. at 434 (noting the "relative speed" with which a tax issue could be handled in a bankruptcy court rather than in a state's appeals process); *Stevens v. IRS (In re Stevens)*, 210 B.R. 200, 202 (Bankr. M.D. Fla. 1997) ("Pursuant to the legislative history of [section] 505(a)(1), Congress clearly intended for the statute to allow bankruptcy courts to rapidly determine tax issues necessary for the efficient administration of the estate."); *In re Schmidt*, 205 B.R. 394, 397 (Bankr. N.D. Ill. 1997) ("The legislative history is indicative of Congressional intent to vest the bankruptcy courts with a fairly broad jurisdictional grant under [section] 505(a).").

23.     Without the relief sought in this Motion, the Debtors may be forced to proceed with contested matters in the local taxing jurisdictions at significant expense to the estates and which could take a substantial time to conclude. An expeditious judicial determination by this Court regarding the Market Value of the Property would considerably aid the speed and effort required to administer the Debtors' Chapter 11 Cases to the benefit of the estates and their creditors.

24. Based on the above, the Debtors respectfully request that the Court exercise its authority under section 505 of the Bankruptcy Code to set the value of the Property which are the subject of the Claims to the Asserted Market Values set forth in the Assessment Schedule. Once the value of the Property is established, the 2024 and 2025 tax rolls will be adjusted according to the attached schedules and therefore the tax amounts set forth in the Claims should be reduced accordingly.

25. In addition, the Debtors also request that this Court stay all state and administrative proceedings while the Court addresses the tax liability determinations requested herein. As indicated above, one of the aims of section 505 of the Bankruptcy Code is to enable debtors in bankruptcy the chance to expeditiously resolve tax questions in a manner that avoids costs and cumbersome administrative proceedings. Requiring the Debtors to participate in state and administrative proceedings while prosecuting this Omnibus Objection would cause the Debtors to incur unnecessary costs and require an extensive amount of professional time attending hearings across the state. None of the Texas Authorities will be prejudiced by this relief as they will have the opportunity litigate the same issues before this Court, as intended by the Bankruptcy Code.

## RESERVATION OF RIGHTS

26. Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease

pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors', or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim.

## NOTICE

1. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Emery and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; (d) the Taxing Authorities; (e) the tax assessors listed on the Assessment Schedule; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.

2. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, and grant such other relief as this Court deems appropriate under the circumstances.

Dated: May 8, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*