# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 2681 |

**DEBTORS' MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF THE DEBTORS' LETTER OBJECTION TO HOMEVIEW DESIGN INC.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A) AND 503(B)(9)**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting leave to file a surreply, attached to the Proposed Order (the "**Surreply**"), to address new arguments raised in *HomeView Design Inc.'s Supplemental Brief in Support of the Allowance and Immediate Payment of its Post-Closing Administrative Expense Claim* [D.I. 2681] (the "**Reply**") filed by HomeView Design Inc. ("**HomeView**"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**RELIEF REQUESTED**

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file the Surreply in further support of the Debtors' *Letter Objection to HomeView Design Inc.'s Motion for Allowance and Immediate Payment of Administrative Expense Claims, Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9)* [D.I. 2557] (the "**Objection**") and to address new issues raised in the Reply.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the *Local Rules of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

4. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

5. The factual background relevant to this Motion is described in the Objection and incorporated herein by reference. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

## BASIS FOR RELIEF

6. Surreplies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in a reply. Leave to file a surreply should be granted where the "proposed brief responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (granting motion for leave to file surreply because the reply brief "raised legal arguments that EMC did not have an opportunity to rebut and relied on case law not cited" in the opening brief).

7. In short, reserving facts or issues for a reply brief is prejudicial and "amounts to impermissible 'sandbagging,'" and the objecting party should have an opportunity to respond. *Rockwell Tech. v. Spectra–Physics Lasers*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002) (citation omitted); *see also St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013); *Walsh v. Irvin Stern's Costumes*, 2006 WL 166509, at *12 (E.D. Pa. Jan. 19, 2006)). That is precisely the situation here.

8. For example, in *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651 (3d Cir. 2003), the Third Circuit observed:

> In its reply brief in support of its motion to dismiss, Graphnet argued for the first time that Worldcom's claims were precluded by the so-called "filed rate doctrine." Worldcom objected to the issue

being raised for the first time in Graphnet's reply brief and the district court properly allowed Worldcom to file a sur-reply brief to respond to Graphnet's arguments.

*Worldcom*, 343 F.3d at 653; *see also Mullen v. Port Auth. of N.Y. and N.J.*, 100 F. Supp. 2d 249, 256 n.5 (D.N.J. 1999) ("Although defendant raised this argument for the first time in his reply brief, plaintiff had the opportunity to address this point in his sur-reply.").

9. As was the case in *Worldcom*, in the Reply, HomeView has raised a series of new arguments concerning its asserted claim. After filing the motion, arguing at the hearing held on March 25, 2025, HomeView has now raised for the first time in its Reply a handful of arguments, including ones based upon equitable principles, that were never mentioned in its previous briefing or oral argument. Moreover, the Reply relies on inapposite and inapplicable case law, as discussed in the Surreply, and the Debtors submit that filing the Surreply allows all parties, including the Court and HomeView's counsel, to be prepared to address all potential arguments during oral argument.

10. Finally, as set forth in the Court's scheduling order entered on March 31, 2025 [D.I. 2429], the form of which the Debtors consensually negotiated with HomeView, the Debtors reserved their rights to file a surreply brief in response to any reply brief filed by HomeView (i.e., the Reply).[2] Accordingly, for the reasons set forth herein, the Debtors respectfully submit that cause exists to permit the Debtors to file the Surreply.

## NOTICE

11. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Committee;

---

[2] In addition, prior to the filing of this Motion, counsel to the Debtors informed counsel to HomeView that the Debtors intended to file the Surreply, to which counsel to HomeView did not object.

5

(c) Riemer & Braunstein LLP, as counsel to GBRP; (d) Kasen Law Group, P.C., as counsel to HomeView; and (e) any other party that has requested notice pursuant to Local Rule 2002-1(b).

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  May 11, 2025
  Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 /s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*