## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 2681** |

## DEBTORS' MOTION TO EXTEND DEADLINES UNDER
## SECTION 505 OF THE BANKRUPTCY CODE

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the Debtors' deadlines to challenge or otherwise determine certain tax/assessments liabilities pursuant to section 505 of the Bankruptcy Code. In support of this Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.      The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the Debtors' deadlines to challenge or otherwise determine certain tax assessments/liabilities pursuant to section 505 of the Bankruptcy Code, until

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

the Court has entered an order determining the value of each of the claims subject to the Debtors'

Tax Claim Objections (as defined herein).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012. This is a core proceeding under 28

U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under

28 U.S.C. §§ 1408 and 1409.

3.     Pursuant to Rule 9013-1(f) of the *Local Rules of the United States Bankruptcy*

*Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final

judgment or order with respect to this Motion if it is determined that this Court would lack

Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.     On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these chapter

11 cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United

States Code (the "**Bankruptcy Code**"). The Debtors continue to operate their businesses and

manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108

of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On

September 23, 2024, the U.S. Trustee appointed the Committee pursuant to section 1102 of the

Bankruptcy Code.

5.     On April 23, 2025, the Debtors filed the *Debtors' First Omnibus Objection*

*(Substantive) to Reduced Amount Tax Claims Pursuant to 11 U.S.C. §§ 502 and 505, Fed. R.*

*Bankr. P. 3007 and Del. L.R. 3007-1* (D.I. 2633) (the "**First Tax Claim Objection**") and the

*Debtors' Second Omnibus Objection (Substantive) to Reduced Amount Tax Claims Pursuant to 11*

*U.S.C. §§ 502 and 505, Fed. R. Bankr. P. 3007 and Del. L.R. 3007-1* (D.I. 2634) (the "**Second Tax Claim Objection**" and collectively the "**Tax Claim Objections**"), seeking to reduce the amount of certain tax assessments and claims filed by various counties in Texas.  The Tax Claim Objections are currently scheduled to be heard at the hearing on June 26, 2025, at 1:00 p.m. (ET).

6.     The factual background relevant to this Motion is described in the Tax Claim Objections and incorporated herein by reference.  Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

## BASIS FOR RELIEF

7.     Section 505(a)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of *any tax,* any fine or penalty relating to a tax, or any addition to tax, *whether or not previously assessed, whether or not paid, and whether or not contested* before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1) (emphasis added).

8.     Courts, including the Third Circuit, have interpreted section 505(a) as a "jurisdictional statute" that confers on the bankruptcy court the broad authority to determine the amount or legality of any tax claims.  *See In re Custom Distrib. Servs., Inc.*, 224 F.3d 235, 239–40 (3d Cir. 2000); *In re Venture Stores, Inc.*, 54 Fed. App'x 721, 723 (3d Cir. 2002).  Congress provided bankruptcy courts with this broad power under section 505 of the Bankruptcy Code to promote prompt and centralized estate administration, and to avoid requiring the estate to "litigate the tax or assessment in several state jurisdictions."  *In re Indianapolis Downs, LLC*, 462 B.R. 104,

112 (Bankr. D. Del. 2011) (*quoting In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 575 (Bankr. D. Del. 2005).

9.      The Debtors filed the Tax Claim Objections, relying in part on section 505 of the Bankruptcy Code, to reduce the liability of certain tax claims based on reduced assessments.  The Debtors must be able to prosecute the Tax Claim Objections and have them adjudicated without fear that any applicable determination deadlines will expire in the interim.  Accordingly, out of an abundance of caution, the Debtors request entry of any order, substantially in the form attached hereto as **Exhibit A** extending all operative deadlines to seek determination of tax assessment/liabilities under section 505 of the Bankruptcy Code, as such deadlines relate to the claims subject to the Tax Claims Objections.[2]

## NOTICE

10.      Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) McDermott Will & Emery LLP and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; (d) Kasen Law Group, P.C., as counsel to HomeView; and (e) any other party that has requested notice pursuant to Local Rule 2002-1(b).

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

---

[2] The Debtors submit that under Local Rule 9006-2, filing this Motion operates to automatically extend the operative deadlines until the Court acts on this Motion.  *See* Bankr. D. Del. L.R. 9006-2 ("bridge orders not required").

Dated:   May 9, 2025
         Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*