# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11967 (JKS) |
| BIG LOTS, INC., *et al.*, | |
| | (Jointly Administered) |
| Debtors.[1] | Hearing Date: *Only if objections are filed*<br>Objection Deadline: June 5, 2025 at 4:00 p.m. (ET) |

**SUMMARY OF SIXTH MONTHLY FEE APPLICATION OF
COLE SCHOTZ P.C., SPECIAL REAL ESTATE COUNSEL,
EFFICIENCY COUNSEL AND DELAWARE COUNSEL TO THE COMMITTEE,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM MARCH 1, 2025 THROUGH MARCH 31, 2025**

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Big Lots, Inc., *et al.* |
| Date of retention: | November 13, 2024, effective as of September 24, 2024 |
| Period for which compensation and reimbursement is sought: | March 1, 2025 through March 31, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $27,102.00 (80% of $33,877.50) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $629.08 |
| This is a: | __X__ monthly ___ interim ___ final application |

The total time expended for fee application preparation is approximately 11.2 hours and the corresponding compensation requested is approximately $5,678.00.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Prior Monthly Fee Applications Filed:

| Prior Application Fee Period Application Docket No. Date Filed | Requested Fees and Expenses | | Approved Fees and Expenses | |
|---|---|---|---|---|
| | Total Fees Requested | Total Expenses Requested | Total Fees Approved | Total Expenses Approved |
| 9/24/24 – 10/31/24 Docket No. 1234 11/22/24 | $756,297.00 | $4,048.21 | $605,037.60 | $4,048.21 |
| 11/1/24 – 11/30/24 Docket No. 1306 12/05/24 | $596,848.50 | $3,571.48 | $477,478.80 | $3,571.48 |
| 12/1/24 – 12/31/24 Docket No. 1676 1/10/25 | $387,309.00 | $1,172.29 | $309,847.20 | $1,172.29 |
| 1/1/25 – 1/31/25 Docket No. 2142 2/28/25 | $178,821.50 | $3,537.40 | $143,057.20 | $3,537.40 |
| 2/1/25-2/28/25 Docket No. 2394 3/26/25 | $51,189.00 | $1.10 | $40,951.20 | $1.10 |

Prior Interim Fee Application Filed:

| Prior Application Fee Period Application Docket No. Date Filed | Requested Fees and Expenses | | Approved Fees and Expenses | |
|---|---|---|---|---|
| | Total Fees Requested | Total Expenses Requested | Total Fees Approved | Total Expenses Approved |
| 9/24/24 – 12/31/24 Docket No. 1870 1/29/2025 | $1,740,454.50 | $8,791.98 | $1,740,454.50 | $8,070.48[2] |

---

[2] Cole Schotz agreed to a voluntary expense reduction of $721.50 as reflected in the *First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2271].

2

**BIG LOTS, INC.,** *et al.*

**SUMMARY OF BILLING BY PROFESSIONAL**
**MARCH 1, 2025 THROUGH MARCH 31, 2025**

| Attorney Name | Year Admitted | Position (Department) | Hourly Billing Rate[1] | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) | $925.00 | 11.3 | $10,452.50 |
| Stacy L. Newman | 2007 | Member (Bankruptcy) | $800.00 | 13.8 | $11,040.00 |
| Sarah A. Carnes | 2015 | Member (Bankruptcy) | $900.00 | 0.8 | $720.00 |
| Jack M. Dougherty | 2021 | Associate (Bankruptcy) | $575.00 | 0.5 | $287.50 |
| Melissa M. Hartlipp | 2022 | Associate (Bankruptcy) | $430.00 | 9.0 | $3,870.00 |
| Michael A. Solimani | 2024 | Associate (Bankruptcy) | $405.00 | 13.1 | $5,305.50 |
| Pauline Z. Ratkowiak | N/A | Paralegal | $405.00 | 0.4 | $162.00 |
| Larry S. Morton | N/A | Paralegal | $400.00 | 5.1 | $2,040.00 |
| **Blended Rate: $627.36** | | | **TOTALS:** | **54.0** | **$33,877.50** |

---

[1] This rate is Cole Schotz P.C.'s regular hourly rate for legal services. All hourly rates are adjusted by Cole Schotz P.C. on a periodic basis (the last such adjustment occurred on September 1, 2024).

**BIG LOTS, INC.,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**MARCH 1, 2025 THROUGH MARCH 31, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses, and Leases (Section 363) | 0.4 | $320.00 |
| Automatic Stay Matters/Litigation | 0.3 | $277.50 |
| Case Administration | 9.8 | $6,960.00 |
| Cash Collateral and DIP Financing | 0.6 | $386.50 |
| Claims Analysis, Administration and Objections | 3.2 | $2,897.50 |
| Committee Matters and Creditor Meetings | 5.8 | $4,413.00 |
| Creditor Inquiries | 0.8 | $740.00 |
| Executory Contracts | 2.2 | $1,246.50 |
| Fee Application Matters/Objections | 11.2 | $5,678.00 |
| Leases (Real Property) | 7.7 | $5,072.00 |
| Litigation/ Gen. (Except Automatic Stay Relief) | 0.7 | $598.00 |
| Preparation For and Attendance at Hearings | 11.2 | $5,208.50 |
| Utilities/Sec. 366 Issues | 0.1 | $80.00 |
| **Total:** | **54.0** | **$33,877.50** |

**BIG LOTS, INC.,** *et al.*

**EXPENSE SUMMARY**
**MARCH 1, 2025 THROUGH MARCH 31, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Fees | PACER | $38.10 |
| Online Research | Westlaw/LEXIS | $247.71 |
| Transcript | Reliable | $73.95 |
| Outside Printing Service | Reliable/Parcels | $269.32 |
| **TOTAL** | | **$629.08** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Hearing Date: *Only if objections are filed*<br>Objection Deadline: June 5, 2025, 2025 at 4:00 p.m. (ET) |

**SIXTH MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C.,
SPECIAL REAL ESTATE COUNSEL, EFFICIENCY COUNSEL
AND DELAWARE COUNSEL TO THE COMMITTEE, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM MARCH 1, 2025 THROUGH MARCH 31, 2025**

Cole Schotz P.C. (the "Applicant" or "Cole Schotz"), as special real estate counsel, efficiency counsel and Delaware counsel to the Official Committee of Unsecured Creditors (the "Committee") of Big Lots, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[Docket No. 519] (the "<u>Interim Compensation Order</u>"),[2] for allowance of compensation for services rendered and reimbursement of expenses for the period from March 1, 2025 through March 31, 2025 (the "<u>Application Period</u>"), and respectfully represents as follows:

### Jurisdiction and Venue

1.  The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

### Background

**A.  The Chapter 11 Cases**

4.  On September 9, 2024 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). Since the Petition Date, the Debtors have remained in possession of their assets and have continued to

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

2

operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 23, 2024, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed a seven-member Committee consisting of: (i) Realty Income Corporation; (ii) Blue Owl Real Estate Capital LLC; (iii) America's Realty, LLC; (iv) Zest Garden Limited; (v) NCR Voyix Corporation; (vi) Twin Star International, Inc.; and (vii) Everstar Merchandise Co., Limited. *See* Docket No. 248. Blue Owl Real Estate Capital LLC serves as the chair of the Committee.

6. On December 9, 2024, NCR Voyix Corporation resigned from the Committee.

**B.    The Retention of Cole Schotz**

7. On October 18, 2024, the Committee applied to the Court for an order authorizing the retention and employment of Cole Schotz as special real estate counsel, efficiency counsel and Delaware counsel to the Committee, effective as of September 24, 2024. *See* Docket No. 553.

8. On November 13, 2024, the Court entered the *Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 Authorizing and Approving the Retention and Employment of Cole Schotz P.C. as Special Real Estate Counsel, Efficiency Counsel and Delaware Counsel to the Official Committee of Unsecured Creditors Effective as of September 24, 2024* authorizing the retention and employment of Cole Schotz as special real estate counsel, efficiency counsel and Delaware counsel to the Committee. *See* Docket No. 1084.

**C.    The Interim Compensation Order**

9. The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that on or after the fifth day of each month following the

3

month for which compensation is sought, each Retained Professional seeking compensation may file a monthly fee statement (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month and serve such Monthly Fee Statement on the Compensation Notice Parties. Provided that there are no objections to the Monthly Fee Statement filed within twenty-one (21) days after service of a Monthly Fee Statement, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the compensation and expenses requested in its Monthly Fee Statement, after which the Debtors are authorized and directed to pay such Retained Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Statement.

### Relief Requested

10. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $27,102.00, which is equal to eighty percent (80%) of the $33,877.50 in fees for professional services rendered by Cole Schotz during the Application Period. This amount is derived solely from the applicable hourly billing rates of Cole Schotz personnel who rendered such services to the Committee. In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Application Period in the amount of $629.08.

**A.   Compensation Requested**

11. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Cole Schotz with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-1(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented

4

chronologically in categories and all meetings or hearings are individually identified. *See* DEL. BANKR. L.R. 2016-1(d).

12. The attorneys and professionals who rendered services related to each category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation sought for each category.

**B.     Expense Reimbursement Requested**

13. Cole Schotz incurred out-of-pocket expenses during the Application Period in the amount of $629.08. Attached hereto as **Exhibit B** is a description of the expenses actually incurred by Cole Schotz in the performance of services rendered as special real estate counsel, efficiency counsel and Delaware counsel to the Committee. The expenses are broken down into categories of charges, including among other things, the following charges: photocopying, scanning and printing, couriers' services, filing fees, and legal research. *See* DEL. BANKR. L.R. 2016-1(e).[3]

**Valuation of Services**

14. Attorneys and professionals of Cole Schotz have expended a total of 54.0 hours in connection with this matter during the Application Period.

15. The amount of time spent by each of the Cole Schotz professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**. The rates are Cole Schotz's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Cole Schotz for the Application Period as special real estate

---

[3] In accordance with Local Rule 2016-1(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies, does not charge for incoming facsimile transmissions and does not charge more than $0.25 per page for outgoing facsimiles. Applicant does not surcharge for computerized research. DEL. BANKR. L.R. 2016-1(e)(iii).

5

counsel, efficiency counsel and Delaware counsel to the Committee in these Chapter 11 Cases is $33,877.50.

16. Cole Schotz believes that the time entries included in **Exhibit A** attached hereto and the expense breakdown set forth in **Exhibit B** attached hereto are in compliance with the requirements of Local Rule 2016-1.

17. Cole Schotz's itemized time records for professionals performing services for the Committee during the Application Period are attached hereto as **Exhibit C**.

18. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of these Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## No Prior Request

19. No prior request for the relief sought in the Application has been made to this or any other court.

## Certificate of Compliance and Waiver

20. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

## Notice

21. Cole Schotz will provide notice and serve this Application on the Compensation Notice Parties. In light of the nature of the relief requested in this Application, Cole Schotz submits that no other or further notice is required.

**Conclusion**

WHEREFORE, Cole Schotz respectfully requests (i) interim allowance of (a) compensation in the amount of $27,102.00 (80% of $33,877.50) for professional services rendered and (b) reimbursement for actual and necessary costs in the amount of $629.08; (ii) payment by the Debtors of the foregoing amounts; and (iii) such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 15, 2025<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Justin R. Alberto*<br>Justin R. Alberto (No. 5126)<br>Stacy L. Newman (No. 5044)<br>500 Delaware Avenue, Suite 600<br>Wilmington, DE 19801<br>Tel:   (302) 652-3131<br>Fax:   (302) 652-3117<br>Email: jalberto@coleschotz.com<br>          snewman@coleschotz.com<br><br>*-and-*<br><br>Sarah A. Carnes (admitted *pro hac vice*)<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Tel:   (212) 752-8000<br>Fax:   (212) 752-8393<br>Email: scarnes@coleschotz.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |

7