# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| BIG LOTS INC., *et al.*,[1] | ) Case No. 24-11967 (JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Time: June 26, 2025 at 1:00 pm |
| | ) Objection Deadline: June 19, 2025 |

### UNIVERSITY PLAZA STEPHENVILLE, LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

University Plaza Stephenville, LLC ("Stephenville"), by and through the undersigned counsel, hereby files this Motion for Allowance and Payment of Administrative Claim pursuant to 11 U.S.C. § 503(b)(1)(A) and states:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### FACTUAL BACKGROUND

2. On September 9, 2024 (the "Petition Date"), the above-referenced debtors (collectively, the "Debtors") filed for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

---

[1] The debtors and debtors in possession in these chapter 11 cases (hereafter, "Debtors") are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

1

3. Prior to the Petition Date, Stephenville and Debtors entered into a Lease Agreement (the "Lease") whereby Debtors agreed to lease retail space located at 2133 West Washington Street, Stephenville, Texas. A true and correct copy of the Lease Agreement is attached hereto as Exhibit A.

4. After the Petition Date, the Debtors continued operating their businesses and managing their assets as Debtors in Possession pursuant to 11 U.S.C. § 1108 of the Bankruptcy Code in the ordinary course of business.

5. On November 13, 2024, Stephenville filed its proof of claim in the amount of $51,519.52 (Claim No. 3221).

6. On January 31, 2025, the Lease Agreement expired under its own terms.

7. On February 7, 2025, the Debtors filed their Motion for Entry of an Order (I) Setting Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures (Docket No. 1962) ("Administrative Claims Motion").

8. On February 27, 2025, this Court entered the Order approving the Administrative Claims Motion and setting the deadline of April 3, 2025, for filing Pre-Closing Administrative Expense Claims arising from the Petition Date through and including January 3, 2025 (Docket No. 2110).

9. On April 3, 2025, Stephenville filed its Proof of Administrative Expense Claim in the amount of $13,696.99 for lease charges incurred between the Petition Date and January 3, 2025 (Claim No. 8879).

10. Stephenville is owed an additional $79,098.64 for lease charges incurred between January 4, 2025, and January 31, 2025 (the "Lease Charges"). This amount includes move out charges. A ledger including a breakdown of the amount owed is attached hereto as Exhibit B.

## RELIEF REQUESTED

11. Stephenville respectfully requests that the Court enter an order allowing its administrative claim and compelling payment in full for the Lease Charges incurred between January 4, 2025 and January 31, 2025.

12. 11 U.S.C. § 503(b)(1)(A) affords administrative priority to claims for the actual, necessary costs and expenses of preserving an estate. "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." In re Goody's Family Clothing, Inc., 610 F.3d 812, 818 (3rd Cir. 2010).

13. Here the Debtors failed to pay the Lease Charges through the date the lease expired under its own terms. The Lease Charges were actual and necessary costs and expenses of preserving the Debtors' bankruptcy estate and operating the business of the Debtors.

14. Accordingly, Stephenville is entitled to allowance and payment of the Lease Charges, an administrative expense claim, in the aforementioned amount pursuant to 11 U.S.C. § 503(b)(1)(A).

## RESERVATION OF RIGHTS

15. Stephenville reserves all rights with respect to this Motion and all other pending pleadings in the above-captioned bankruptcy cases, and as against the Debtors or any other party under the Bankruptcy Code and other applicable law. Stephenville further reserves all rights to

amend and/or supplement this Motion at any time prior to any hearing on the Motion and to assert further arguments as the evidence may allow.

## **CONCLUSION**

WHEREFORE, based on the foregoing, University Plaza Stephenville, LLC, respectfully requests that this Court grant this Motion and enter an Order allowing and authorizing payment University Plaza Stephenville, LLC as an Allowed Administrative Expense Claim in the amount of $79,098.64 pursuant to 11 U.S.C. § 503(b)(1)(A) and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 16, 2025          By:   */s/ Chase N. Miller*
                                   Chase N. Miller
                                   DE Bar No. 5363
                                   McCabe, Weisberg & Conway, LLC
                                   1415 Foulk Road, Suite 100
                                   Foulkstone Plaza
                                   Wilmington, DE 19803
                                   Tel: (302) 409-3520
                                   Fax: (855) 425-1980
                                   Email: ChaseMiller@mwc-law.com
                                   Attorney for University Plaza Stephenville, LLC