`

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 511 & 683** |

**OMNIBUS LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TROPICANA PALM PLAZA LLC WITH RESPECT TO INTERIM FEE APPLICATIONS FILED ON AND AFTER MAY 15, 2025**

Tropicana Palm Plaza LLC, a Nevada limited liability company ("Landlord"), by and through its undersigned counsel, submits this limited objection and reservation of rights (this "Objection") in response to the *Second Interim Fee Application Of Morris, Nichols, Arsht & Tunnell Llp, As Bankruptcy Co-counsel For The Debtors And Debtors In Possession, For Allowance Of Compensation And For Reimbursement Of All Actual And Necessary Expenses Incurred For The Period January 1, 2025, Through And Including March 31, 2025* [D.I. 2745]; *Interim Application for Compensation // Combined Fourth Monthly and Second Interim Fee Application of PwC US Tax LLP as Tax Compliance and Tax Advisory Services Provider to the Debtors for Compensation and Reimbursement of Expenses for the period January 1, 2025 to March 31, 2025* [D.I. 2747]; *Monthly Application for Compensation / Sixth Monthly Fee Application of Cole Schotz P.C., Special Real Estate Counsel, Efficiency Counsel and Delaware*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Counsel to the Committee, for Allowance of Compensation and Reimbursement of Expenses for the period March 1, 2025 to March 31, 2025* [D.I. 2748]; *Interim Application for Compensation // Second Interim Application of AlixPartners, LLP, Financial Advisor to the Chapter 11 Debtors, for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred for the period January 1, 2025 to March 31, 2025* [D.I. 2749]; *Interim Application for Compensation // Second Interim Application of Davis Polk & Wardwell LLP, as Bankruptcy Counsel for the Debtors and Debtors in Possession, for Allowance of Compensation and for Reimbursement of all Actual and Necessary Expenses Incurred for the period January 1, 2025 to March 31, 2025* [D.I. 2750]; *Interim Application for Compensation (Second) of Cole Schotz P.C., as Special Real Estate Counsel, Efficiency Counsel and Delaware Counsel to the Committee, for Allowance of Compensation and Reimbursement of Expenses for the period from January 1, 2025 to March 31, 2025* [D.I. 2751]; *Interim Application for Compensation (Second) of McDermott Will & Emery LLP, Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the period from January 1, 2025 to March 31, 2025* [D.I. 2751]; *Interim Application for Compensation (Second) of McDermott Will & Emery LLP, Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the period from January 1, 2025 to March 31, 2025* [D.I. 2752]; *Interim Application for Compensation (Second) of FTI Consulting, Inc., Financial Advisor to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses for the period from January 1, 2025 to March 31, 2025* [D.I. 2753]; (collectively, the "<u>Applications</u>"). In support of this Objection, Landlord states as follows.

**BACKGROUND**

1. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Landlord and Debtor Big Lots Stores-PNS, LLC ("Tenant"), are parties to that certain lease dated in or around August 2020 (together with all exhibits and attachments thereto, as amended and assigned from time to time (the "Lease" for non-residential real property located at 5120 S. Fort Apache, Las Vegas, Nevada 89148 (the "Premises"), located in the shopping center known as "Tropicana Beltway Center."

3. On March 12, 2025, the Court entered the *Supplemental Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claim Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2214] (the "Order").

4. The Order provides in relevant part:

    a. Unless otherwise provided herein, the following is hereby established in these Chapter 11 Cases:a.5:00 p.m. prevailing Eastern Time on April 3, 2025 as the deadline (the "Pre-Closing Administrative Expense Claims Bar Date") for each person or entity to file a Proof of Pre-Closing Administrative Expense Claim in respect of any claim against any of the Debtors from the Petition Date through and including January 3, 2025 (the "Pre-Closing Administrative Expense Claims"). *Order*, at Section 2(b).
    b. After the Pre-Closing Administrative Expense Claims Bar Date or Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, as applicable, the Debtors shall have the sole authority to: (a) file or litigate to judgment, objections to Proofs of Pre-Closing Administrative Expense Claims; and (b) settle or compromise with persons or entities who have filed (i) Proofs of Pre-Closing Administrative Expense Claims (before or after entry of the Pre-Closing Administrative Expense Claims Procedures Order, in each case, in accordance with the Pre-Closing Administrative Expense Claims Procedures) or (ii) Pre-Closing Administrative Expense Claims Motions to Compel prior to or after the entry of the Pre-Closing

3

        Administrative Expense Claims Procedures Order (collectively, the "Disputed Pre-Closing Administrative Expense Claims"); provided, that, in the case of (a) or (b) above (solely if the Debtors thereafter reach a consensual resolution with a holder of a Disputed Pre-Closing Administrative Expense Claim), the Debtors shall memorialize such resolution in an order to be submitted to the Bankruptcy Court under Certification of Counsel. Additionally, the Debtors may amend the Pre-Closing Administrative Expense Claim Schedule based on reconciliation of Pre-Closing Administrative Expense Claims listed therein, with reasonable notice provided to the affected counterparties. Order at Section 21.

    c.  "As soon as reasonably practicable after the later of (a) Pre-Closing Administrative Expense Claims Bar Date and (b) the Outstanding Lease Pre-Closing Administrative Expense Claims Bar Date, the Debtors, in consultation with the Committee, are hereby authorized to (i) commence making pro rata payments to holders of undisputed Pre-Closing Administrative Expense Claims on account of their respective (x) Pre-Closing Administrative Expense Claims…" Order at Section 23.

5.    The Order does not specify an objection deadline for administrative claims.

6.    The Order does not specify a payment deadline for administrative claims.

7.    Landlord timely filed its Proof of Pre-closing Administrative Expense Claim pursuant to the Order.

8.    On May 15, 2025, the Unsecured Creditors Committee and Debtors filed numerous Applications seeking payment for professional services.

## **OBJECTION**

11 USC 503(b) lists types of claims allowed as administrative claims. The Pre-closing Administrative Expense Claims are allowed pursuant to 11 USC 503(b)(1)(A) and professional fees are allowed under 11 USC 503(b)(4). Landlord requests that no payments be made toward the amounts sought in the Applications unless and until timely filed administrative claims, including Pre-closing Administrative Expense Claims, have been paid. This is necessary in order to ensure that all administrative creditors receive their pro rata share of payment if, as now appears likely, the estate is administratively insolvent. *See, e.g., In re Energy Co-op., Inc.,* 55 B.R. 957, 967 (Bankr. N.D. Ill. 1985)("if it appears unlikely that there will be sufficient assets in the estate

to cover priority claims, payment of fees will be deferred until each administrative claimants' pro rata share can be determined").

| | |
|---|---|
| Dated: May 21, 2025<br>Wilmington, Delaware | **ROBINSON & COLE LLP**<br><br>*/s/ Jamie L Edmonson*<br>Jamie L. Edmonson (No. 4247)<br>1201 N. Market Street, Suite 1406<br>Wilmington, Delaware 19801<br>Tel: (302) 516-1700<br>Fax: (302) 516-1699<br>Email: jedmonson@rc.com<br><br>- *And* -<br><br>**CARLYON CICA CHTD.**<br>Candace C. Carlyon (NV Bar No. 2666)<br>  *(*admitted *pro hac vice*)<br>Dawn M. Cica (NV Bar No. 4565)<br>  (admitted *pro hac vice*)<br>265 East Warm Springs Road, Suite 107<br>Las Vegas, Nevada  891109<br>Telephone:  (702) 685-4444<br>Email:     dcica@carlyoncica.com<br>           ccarlyon@carlyoncica.com<br><br>*Co-Counsel to Tropicana Palm Plaza LLC* |

5