IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BIG LOTS, INC.., *et al.*[1] | § | Case No. 24-11967 (JKS |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |
| | § | Objection Deadline: May 27, 2025 |
| | § | Hearing: June 26, 2025 at 1:00 PM |

**OBJECTION OF THE MCCREARY ENTITIES TO THE
DEBTORS' MOTION TO EXTEND DEADLINES UNDER
SECTION 505 OF THE BANKRUPTCY CODE (D.I. 2732)**

**TO THE HONORABLE J. KATE STICKLES:**

NOW COME the McCreary entities[2] and file this Objection to the *Debtors' Motion to Extend Deadlines Under Section 505 of the Bankruptcy Code* (the "**Motion**"). In support, the McCreary entities respectfully show as follows:

**CONSENT STATEMENT**

1. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the McCreary entities consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

[2] The "McCreary entities" are: Tax Appraisal District of Bell County, Bowie Central Appraisal District, Brown County Appraisal District, Comal Appraisal District, Fort Bend Central Appraisal District, Harrison Central Appraisal District, McLennan Central Appraisal District, Midland Central Appraisal District, Travis Central Appraisal District, and Central Appraisal District of Taylor County.

1

**BACKGROUND**

2. The McCreary entities are political subdivisions of the State of Texas, being tax appraisal districts charged with appraising taxable property.

3. The McCreary entities are responding to the Motion out of an abundance of caution although the debtors do not specifically reference seeking deadline extensions except as to their Tax Claims Objections, D.I. 2633 and 2634 to which the McCreary entities are not parties. The debtors have, however, also filed a *Motion of Debtors to Determine Tax Liability and Stay Proceedings at* D.I. 2712 to which the McCreary entities are affected parties and which pertain to tax assessments.

4. In the Motion (D.I. 2732), the debtors seek an order "extending the Debtors' deadlines to challenge or otherwise determine certain tax assessments/liabilities pursuant to section 505 of the Bankruptcy Code".

**THE MCCREARY ENTITIES' OBJECTIONS TO RELIEF SOUGHT BY DEBTORS**

5. There are no applicable deadlines in section 505 of the Bankruptcy Code and therefore, no section 505 deadlines to extend. The Motion should therefore be denied.

6. The debtors appear to be attempting an end-run around the requirements of the Texas Tax Code, including deadlines established therein, for a taxpayer to challenge ad valorem tax valuations and assessments through the state administrative and state court processes. The debtors appear to purposefully plead vaguely for this reason. The debtors have not identified the accounts/claims for which they are seeking to extend any applicable deadlines. Each account or tax claim has a different date on which the deadlines under state law expire. The debtors cannot seek an extension as to any deadline that expired before they filed the Motion. *See In re CM Reed Almeda 1-3062, LLC*, 2016 WL 3563148, at*5 ("court finds that § 505(a)(2)(C) precludes

it from determining the debtor's ad valorem tax liability for any year in which the applicable period to contest or seek redetermination of such taxes had expired, under applicable state law, before the 505 Motion was filed.")

## Relief Sought by The McCreary Entities

7. The McCreary entities request that the Court deny the Motion as pled in its entirety. The McCreary entities further request such other and further relief as is just and proper and to which they demonstrate themselves entitled.

Dated:  May 27, 2025                    Respectfully submitted,

**CIARDI CIARDI & ASTIN.**

*/s/ John D. McLaughlin, Jr.*
_____
John D. McLaughlin, Jr. (No. 4123)
1204 North King Street
Wilmington, Delaware 19801
Tel: (484) 437-2676
Fax: (302) 300-4253
jmclaughlin@ciardilaw.com

**-and-**

**McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

*/s/ Julie Anne Parsons*
Julie Anne Parsons
Texas Bar No. 00790358
P. O. Box 1269
Round Rock, Texas 78680-1269
(512) 323-3241 (phone)
jparsons@mvbalaw.com

*Attorneys for The McCreary Entities*