IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.1 | (Jointly Administered) |
| | Hearing Date: June 26, 2025 @ 1 pm |
| | Objection Deadline: June 19, 2025 |

# MOTION OF LIPP CDS, INC. FOR LEAVE TO FILE
# PROOF OF CLAIM AFTER CLAIMS BAR DEADLINE

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT JUDGE:

Lipp CDS Inc., a creditor in this case, makes this Motion for Leave to File Proof of Claim after claims bar deadline and as grounds therefore will show the Court the following.

I. BACKGROUND

Lipp CDS Inc. is a California licensed real estate broker, whose license at all times relevant to the claims, was active and in good standing in the State of California. Lipp CDS Inc. entered into a written agreement with the Debtor, Big Lots Stores—PNS, LLC on February 3, 2023. That agreement, referred as the Client Registration and Commission Agreement, is attached to the Declaration of Deron Conway, Exhibit B. Lipp CDS Inc. procured the Property in question,

1

described as 6351 Westminster Blvd. Westminster, California 92683. The Property was eventually sold to the Buyer identified in the original Purchase and Sale Agreement, 6351 Westminster Blvd, LLC. The sale, however, did not close until January, 2025, after this bankruptcy case was filed. Lipp CDS Inc. never received notice of the bankruptcy filing, and a review of the Debtor's list of creditors verifies that fact. This Motion for Leave to File Proof of Claim is based on the lack of notice to Lipp CDS Inc of the bankruptcy filing and the corresponding lack of notice of the claims bar deadline.

On November 27, 2024, a Motion to Approve the Sale of the Property at 6351 Westminster Blvd. Westminster, California, was filed by the Debtor. In the Motion to Approve the Sale, a Purchase and Sale Agreement was attached to the Motion. The Purchase and Sale Agreement, approved by the Court, is attached as Exhibit D. In the Purchase and Sale Agreement attached to the Motion, certain warranties were made at Paragraph 10.3, specifically, that neither the Debtor, nor the Buyer were aware of the existence of any brokers. That statement is false. An authorized representative of Big Lots, Inc. executed the Client Registration and Commission Agreement attached to the Declaration of Deron Conway, Exhibit B, evidencing the Debtor's actual knowledge of the Client Registration and Commission Agreement. The Purchase and Sale Agreement dated February 2, 2023, Exhibit B, is identical in all respects to the Purchase and Sale Agreement

2

presented to this Court: the terms of the sale, the parties, and the real estate to be sold are all identical. The only exception is that the original Purchase and Sale Agreement between the Debtor and the Buyer acknowledges that a broker was involved and that broker was identified as Lipp CDS Inc. See Exhibit B, Purchase and Sale Agreement, Sec. 10.3 BROKERS.

Counsel for Lipp CDS Inc. has inquired of the Debtor's counsel as to why Lipp CDS Inc. was not listed as a creditor in this bankruptcy case, since all affected parties, both the Debtor/Seller and the Buyer, were indisputably aware of the Client Registration and Commission Agreement between the Debtor and Lipp CDS Inc. Although it is far from clear what reasons the debtor has, if any, for refusing to pay the commission, it appears the Debtor's position is that the original Purchase and Sale Agreement was determined to be void due to the Buyer's failure to close on time, and because the original Purchase and Sale Agreement was void, the Client Registration and Commission Agreement must be void. There is neither logic, nor law that supports this argument. Lipp CDS Inc. was not a party to the prior litigation between the Debtor/Seller and the Buyer. No determination was ever made in that litigation of the validity of the Client Registration and Commission Agreement. The Commission Agreement is an independent agreement and is valid and not contingent on performance under the original Purchase and Sale Agreement. There is nothing in either the original Purchase and Sale

Agreement or the Client Registration and Commission Agreement that could be reasonably construed to lead to that conclusion. The Client Registration and Commission Agreement is not governed by Ohio law, it is governed by California law, as the Property lies in California and the Broker has a California broker's license. In addition, the Client Registration and Commission Agreement was executed in California. *In re Fresh - G Restaurant Intermediate Holdings LLC,* 580 B.R. 103 (Bankr. D. Del. 2017).

## II.    LEGAL ANALYSIS

This Motion is made under Federal Rules of Bankruptcy Procedure 3003(c) and 9006. The case law is clear that when a creditor receives no notice of a bankruptcy proceeding, there is no need to show neglect or inadvertence as just cause for granting an extension after the claims bar date, nor is there any need for the creditor to have requested leave before the claims bar deadline, as Lipp CDS Inc. had no notice of either. *In re Sacred Heart Hospital* 186 B.R. 891 (E.D. Pa. Bnkrptcy 1997). There is no prejudice to the Debtor in granting Lipp CDS Inc. leave to file its proof of claim, as the bankruptcy case is still active and open and the administration of the Estate has not been completed. *Id* at 896. In addition, this case is a Debtor in Possession case, and as such, the Debtor's authorization to employ the broker should be sufficient authorization to pay the broker the commission it earned out of the proceeds received by this bankruptcy Estate from the sale of the Property. *In re Young* 646 B.R. 779 (W. D. Pa. Bnkrptcy 2022).

Lipp CDS Inc., the Creditor, conferred significant value on this Estate as the procuring cause of the sale of the real estate. 11 U.S.C. § 503(b)(3)(D). Lipp CDS

4

Inc. is entitled to compensation, as a result. The Creditor's Client Registration and Commission Agreement was executed by the Debtor, who can claim neither surprise nor prejudice, as it agreed to pay the commission due.

The litigation between the Debtor and the Buyer has no impact on and, in fact, had no effect on the Client Registration and Commission Agreement. The closing of the sale after the expiration of the Client Registration and Commission Agreement also has no effect on the payment of the commission under California law, as the sale was procured while the Client Registration and Commission Agreement was in effect. *Baker v. Curtis* (1951) 105 Cal App. 2d 663, 669-70; *Matthews v. Starritt* (1967) 252 Cal App. 2d 884.

III.   APPEARANCE OF COUNSEL

The undersigned attorney has not been admitted to the bar of this Court; however, this Motion falls within the description of claims litigation as set out in Local Rule 9010—1(e)(3), which indicates that *pro hac* admission is not required to prosecute a proof of claim or a response to the claim. As set forth in the attached Declaration, counsel has been admitted to and is active and in good standing in the U.S. Bankruptcy Court for the Central District of California, for the U.S. Bankruptcy Court for the Northern District of Texas, and the U.S. Bankruptcy Court for the Southern District of Ohio. In the event the Court requires that counsel be admitted *pro hac vice* in this Court, then counsel will comply with that

requirement within the time permitted by Local Rule 9010—1(d). (Declaration: Exhibit E).

IV. CONCLUSION

Lipp CDS, Inc. a Creditor in this case, requests the Court to grant its motion for an extension of time to file its proof of claim and that such extension be for a period of thirty (30) days after the date of entry of the Court's Order.

RESPECTFULLY SUBMITTED,

SUSAN BARILICH, P.C.

*/s/ Susan Barilich/*

By: Susan Barilich, Esq.
Attorney for Lipp CDS Inc.