# **EXHIBIT B**

(Agency Agreement)

**EXECUTION VERSION**

## AGENCY AGREEMENT

This Agency Agreement (the "Agreement") is entered into as of this 3rd day of January, 2025 (the "Execution Date"), and is to be effective upon the Initial Closing (as defined in the APA (as defined below)), by and between **BIG LOTS, INC.**, a company organized under the laws of the State of Ohio and **BIG LOTS STORES, LLC** (together, "Big Lots") and each of the Subsidiaries of Big Lots (collectively defined as the "Merchant" or the "Debtors"), and **GORDON BROTHERS RETAIL PARTNERS, LLC**, a Delaware limited liability company (as "Agent" and "Buyer"; and together with Merchant and Agent, each a "Party" and collectively, the "Parties"); provided that this Agreement shall only be effective upon the Initial Closing (as defined in the APA) and shall automatically terminate upon a valid termination of the APA (as defined below).

## R E C I T A L S:

WHEREAS, the Selling Entities filed voluntary petitions and commenced cases (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on September 9, 2024 (the "Petition Date");

WHEREAS, simultaneously with the execution hereof, Buyer and Merchant entered into an Asset Purchase Agreement (the "APA") pursuant to which (a) Buyer will acquire certain assets and liabilities of Merchant, as set forth more particularly therein, (b) designate certain assets and liabilities to be sold by Agent pursuant to this Agreement, and (c) designate certain other assets to be acquired by Buyer or any Designated Buyers, in each case, in accordance with the terms and conditions of the APA;

WHEREAS, Merchant operates retail stores, and together with Buyer desires that the Agent act as Merchant's and Buyer's exclusive agent for the limited purposes of: (a) selling all of the Inventory from Merchant's retail store locations identified on Exhibit 1 attached hereto (each individually, a "Store," and collectively, the "Stores) and certain Inventory located in Merchant's third party distribution centers (hereinafter, the "Distribution Centers"; in the latter case as allocated by Buyer and Agent) (as further described below, the "Sale"); and (b) disposing of the Owned FF&E (as defined below) in the Stores (and subject to Section 7, certain designated Owned FF&E located in the Corporate HQ).

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Agent and Merchant hereby agree as follows:

Section 1.    Definitions and Exhibits

1.1    Defined Terms.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the APA.  Certain additional terms set forth below are defined in the Sections referenced of this Agreement:

| Defined Term | Section Reference |
|---|---|
| Additional Agent Inventory | Section 8.10(a) |
| Agency Accounts | Section 3.2(b)(ii) |
| Agency Documents | Section 11.1(b) |
| Agent | Preamble |
| Agent Collateral | Section 15.11(a)(iii) |
| Agent Indemnified Party(ies) | Section 13.1 |

| | |
|---|---|
| Agreement | Preamble |
| APA | Recitals |
| Applicable General Laws | Section 2(d) |
| Bankruptcy Cases | Recitals |
| Bankruptcy Code | Recitals |
| Bankruptcy Court | Recitals |
| Buyer | Preamble |
| Control Agreement | Section 3.2(b)(ii) |
| Corporate HQ | Section 8.1(b)(iii) |
| Debtors | Preamble |
| Designated Deposit Accounts | Section 3.2(b)(i) |
| Distribution Centers | Recitals |
| Distribution Center Expenses | Section 4.1 |
| E-Commerce Platform | Section 8.9(a) |
| Events of Default | Section 14 |
| Expenses | Section 4.1 |
| Final Reconciliation | Section 8.7(b)(i) |
| Final Reconciliation Settlement Date | Section 8.7(b)(i) |
| Force Majeure Event | Section 8.8 |
| Hazardous Materials | Section 7.3 |
| Liquidation Sale Laws | Section 2(b) |
| Merchant | Preamble |
| Merchant's Designated Deposit Accounts | Section 3.2(b)(ii) |
| Merchant Sales Taxes Account | Section 8.3 |
| Non-CAM Trash Removal Charges | Section 4.1 |
| Occupancy Expenses | Section 4.1 |
| Owned FF&E | Section 7.1 |
| Party(ies) | Preamble |
| Proceeds | Section 3.2(a) |
| Remaining Inventory | Section 3.2(d) |
| Retained Employee | Section 9.1 |
| Retention Bonuses | Section 9.4 |
| Returned Inventory | Section 8.5 |
| Sale | Recitals |
| Sale Commencement Date | Section 6.1 |
| Sale Term | Section 6.1 |
| Sale Termination Date | Section 6.1 |
| Sales Taxes | Section 8.3 |
| Store(s) | Recitals |
| Store Advertising | Section 2(c) |
| Third-party | Section 4.1 |
| UCC | Section 15.11(a) |
| Vacate Date | Section 6.2 |
| Vacate Notice | Section 6.1(b) |
| WARN Act | Section 9.1 |

1.2    <u>Exhibits</u>.  The Exhibits and Schedules annexed to this Agreement, as listed below, are an integral part of this Agreement:

| <u>Exhibit</u> | <u>Section Reference</u> | <u>Description</u> |
|---|---|---|

| Exhibit 1 | Recitals | Stores |
| Exhibit 2(a) | Section 2(a) | Sale Order Terms |
| Exhibit 3.2(b) | Section 3.2(b) | Merchant's Designated Account |
| Exhibit 4.1(a) | Section 4.1(a) | Store Occupancy Expense Schedule |
| Exhibit 8.1 | Section 8.1 | Sale Guidelines |
| Exhibit 11.1(c) | Section 11.1(c) | Pre-Existing Liens |

Section 2.    Appointment of Agent/Liquidation Sale Laws/Sale Order

(a)    Appointment of Agent.  Effective on the Initial Closing Date, but subject to entry of the Sale Order (which shall include those provisions listed in Exhibit 2(a) hereof and otherwise be in form and substance satisfactory to Agent), Merchant and Buyer jointly appoint Agent as Merchant's and Buyer's exclusive agent, pursuant to the terms of this Agreement, for the limited purpose of conducting the Sale and disposing of Additional Agent Inventory and Owned FF&E at the Stores, Distribution Centers and the Corporate HQ.

(b)    Upon the Initial Closing, Agent shall be authorized to use Store Advertising with respect to Stores and the Sale Order shall provide that Agent shall be required to comply with applicable federal, state and local laws, regulations and ordinances, including, without limitation, all law and regulations relating to advertising, privacy, consumer protection, occupational health and safety and the environment, together with all applicable statutes, rules, regulations and orders of, and applicable restrictions imposed by, governmental authorities (collectively, the "Applicable General Laws"), other than all applicable laws, rules and regulations in respect of "going out of business", "store closing" or similar themed sales and permitting (collectively, the "Liquidation Sale Laws"). The Sale Order shall further provide that provided the Sale is conducted in accordance with the terms of this Agreement, the Sale Guidelines and the Sale Order, and otherwise in a safe and professional manner, Agent shall be deemed to be in compliance with any Applicable General Laws.

(c)    Advertisement.  Agent shall be authorized to advertise the Sale as a "store closing", "sale on everything", "everything must go", "everything on sale", or similar-themed sale ("Store Advertising").  For the avoidance of doubt, Agent agrees with Buyer that during the Sale Term the Sale Advertising shall not include the right to use the sale theme "going out of business".

(d)    Authority.  Except as otherwise specifically provided in this Agreement, Agent shall have no authority, and shall not represent that it has any authority, to enter into any contract, agreement, or other arrangement or take any other action by or on behalf of Merchant or Buyer that would (or reasonably be expected to) have the effect of creating any obligation or liability, present or contingent, on behalf of or for the account of Merchant or Buyer without Merchant's or Buyer's, as applicable, prior written consent.

Section 3.    Payments

3.1    Use of POS System.  To ensure accurate sales audit functions, Agent shall use Merchant's existing point-of-sale system for recording all sales of Inventory and Additional Agent Inventory in the Stores, and Merchant and/or Buyer shall ensure that Agent shall have access and use of such point-of-sale system for the duration of the Sale Term.

3.2    Control of Proceeds

(a)    For purposes of this Agreement, "Proceeds" shall mean the aggregate of (a) the total amount (in dollars) of all sales of Inventory made under this Agreement, in each case during the Sale

Term; (b) all proceeds from the sale or other disposition of Owned FF&E; (c) all proceeds from the sale of Additional Agent Inventory pursuant to <u>Section 8.10</u> hereof; and (d) all proceeds of Merchant's insurance for loss or damage to Inventory arising from events occurring during the Sale Term, in each case, exclusive of Sales Taxes.  For the avoidance of doubt: (1) all proceeds from the sales at the Stores for periods prior to the Sale Commencement Date; and (2) all proceeds of Merchant's insurance for loss or damage to Inventory arising from events occurring prior to the Sale Commencement Date shall, in each case, not constitute "Proceeds" hereunder.  The Parties hereby agree that, as compensation for Agent's services hereunder, Agent shall receive and retain for its sole and exclusive benefit all Proceeds.

(b)    Upon the Initial Closing, all Proceeds shall be controlled by Agent in the manner provided for below:

(i)    Prior to the date Agent establishes the Agency Accounts (see clause (ii) below), all Proceeds (including credit card Proceeds) and proceeds of the sale of Additional Agent Inventory and Owned FF&E shall be collected by Merchant and deposited on a daily basis into depository accounts designated by, owned and in the name of, Merchant for the Stores, which accounts shall be designated for the deposit of Proceeds (including all cash, credit card payments, checks and similar items of payment, deposits and any other amounts contemplated by this Agreement (including proceeds from the sale of Additional Agent Inventory and Owned FF&E), and the disbursement of amounts payable to or by Agent hereunder (the "<u>Designated Deposit Accounts</u>").  The Sale Order shall provide (a) that Merchant grants to Agent a first priority security interest in and lien upon each Designated Deposit Account to the extent of any Proceeds and any other amounts payable to Agent deposited therein, and (b) for turnover to Agent of any such Proceeds (and any other amounts payable to Agent deposited therein) in accordance with the terms and provisions of this Agreement and the Sale Order, as applicable.  If, notwithstanding the provisions of this section, Merchant, Merchant's lender(s) or agent(s) receives or otherwise has dominion over or control of any Proceeds, or other amounts due to Agent, such party shall hold the same and other amounts in trust for Agent, and shall not deposit such Proceeds or other amounts due Agent hereunder in any account except a Designated Deposit Account or as otherwise instructed by Agent.  Until such time as Agent establishes the Agency Accounts (see clause (ii) below), Merchant and Agent shall cooperate with each other to establish and implement appropriate steps and procedures to accomplish a daily reconciliation, and remittance to Agent, of all Proceeds (including credit card Proceeds) and other amounts contemplated by this Agreement that are deposited into the Designated Deposit Accounts; and shall, to the extent requested by Agent, enter into deposit control agreement(s) for such accounts.

(ii)    Agent may establish its own accounts (including, without limitation, credit card accounts and systems), dedicated solely for the deposit of the Proceeds (including credit card Proceeds), and  other amounts contemplated by this Agreement, and the disbursement of amounts payable to Agent hereunder (the "<u>Agency Accounts</u>"), and Merchant shall promptly, upon Agent's reasonable request, execute and deliver all necessary documents to open and maintain the Agency Accounts; <u>provided</u>, <u>however</u>, Agent may elect to continue to use Merchant's Designated Deposit Accounts as the Agency Accounts.  The Agency Accounts shall be dedicated solely to the deposit of Proceeds (including credit card Proceeds) and other amounts contemplated by this Agreement, and the distribution of amounts payable hereunder; provided that, in the event (a) Agent elects to continue to use Merchant's deposit accounts ("<u>Merchant's Designated Deposit Accounts</u>") as the Agency Accounts, and (b) such accounts have amounts deposited therein by Merchant that do not constitute Proceeds, then Merchant and Agent shall cooperate with each other to establish and implement appropriate steps and procedures to accomplish a daily reconciliation, and remittance to Agent, of all Proceeds (including credit card Proceeds) and other such amounts contemplated by this Agreement.  In the event Agent elects to continue to use Merchant's Designated Deposit

Accounts as the Agency Accounts, Merchant shall deliver to Agent copies of all bank statements and other information relating to such accounts to enable Agent to track and trace deposited funds that constitute Proceeds (including credit card Proceeds) and other amounts contemplated by this Agreement.  Upon Agent's notice to Merchant of Agent's designation of the Agency Accounts, all Proceeds of the Sale (including credit card Proceeds) and all other amounts contemplated by this Agreement shall be deposited into the Agency Accounts.  If requested by Agent, each account shall be subject to an agreement between and among Agent and Merchant or Buyer (as applicable), and the subject bank, providing for, among other things, that such bank will comply with instructions originated by Agent directing the disposition of funds in such account without further consent of Merchant or Buyer, as applicable (a "Control Agreement").  If, notwithstanding the provisions of this Section 3.2(b), Merchant or Buyer receives or otherwise has dominion over or control of any Proceeds, or other amounts due to Agent under this Agreement, Merchant or Buyer, as applicable, shall be deemed to hold such Proceeds and other amounts "in trust" for Agent and shall not commingle Proceeds or other amounts due to Agent with any of Merchant's or Buyer's other funds or deposit such Proceeds or other amounts in any account except a Designated Deposit Account or as otherwise instructed by Agent.  "Agency Accounts" shall not include Merchant's Citibank account containing accrued and unpaid professional fees held in escrow.

(iii)    Agent shall have the right to use Merchant's credit card facilities, including Merchant's credit card terminals and processor(s), credit card processor coding, and Merchant identification number(s) and existing bank accounts for credit card Proceeds solely for purposes of the Sale, and for processing transactions relating to Additional Agent Inventory and Owned FF&E.  In the event that Agent elects to use Merchant's credit card facilities, Merchant shall process credit card transactions on behalf of Agent and for Agent's account, applying customary practices and procedures. Without limiting the foregoing, Merchant shall cooperate with Agent to download data from all credit card terminals each day during the Sale Term to effect settlement with Merchant's credit card processor(s), and shall take such other actions necessary to process credit card transactions on behalf of Agent under Merchant's identification number(s).  At Agent's request, Merchant shall cooperate with Agent to establish Merchant's identification numbers under Agent's name to enable Agent to process all such credit card Proceeds (and proceeds from the sale of Owned FF&E) for Agent's own account.  Merchant shall not be responsible for, and Agent shall pay as an Expense hereunder, all credit card fees, charges, and chargebacks related to Inventory and Owned FF&E sold during the Sale, whether received during or after the Sale Term.  Agent shall not be responsible for, as an Expense or otherwise, any credit card fees, charges, or chargebacks that do not relate to the Sale, whether received, prior to, during or after the Sale Term.

(iv)    Commencing on the first Business Day following the Sale Commencement Date, and continuing on each Business Day thereafter, Merchant shall promptly pay to Agent by wire transfer of immediately available funds all funds constituting Proceeds (including, without limitation, Proceeds from credit card sales) that are deposited into the Designated Deposit Accounts for the prior day.  Agent shall, within a reasonable period of time after the date of each such payment by Merchant, notify Merchant of any shortfall in such payment, in which case, Merchant shall promptly pay to Agent funds in the amount of any shortfall.

(v)    Title to all cash in the Stores on and as of the start of business on the Sale Commencement Date shall be transferred to Agent.

(c)    Bulk Sales.  Agent shall be authorized to sell Inventory in bulk to one or more purchasers, in which case Merchant and/or Buyer shall execute any such customary and reasonably necessary documents of transfer prepared by Agent at Agent's sole cost and expense (provided that such

documents shall not expand Merchant and/or Buyer's liabilities or obligations).

(d)     Remaining Inventory.  To the extent that there is unsold Inventory remaining at the Sale Termination Date (the "Remaining Inventory"), such Remaining Inventory shall be deemed transferred to Agent free and clear of all liens, claims, interests and encumbrances of any kind or nature (other than Permitted Encumbrances (as defined in the APA)).  Agent and its affiliates shall be authorized to sell or otherwise dispose of the Remaining Inventory with all logos, brand names, and other intellectual property on the Inventory intact, and shall be authorized to advertise the sale of the Remaining Inventory using Merchant's name and logo.  The proceeds received by Agent from such disposition shall constitute Proceeds hereunder.

Section 4.     Expenses of the Sale

4.1     Expenses.  Agent shall be unconditionally responsible for all "Expenses", which expenses shall be paid by Agent in accordance with Section 4.2 below.  Agent and/or Merchant may review or audit the Expenses at any time.  As used herein, "Expenses" shall mean the Store-level operating expenses required for the Sale or sale of the Remaining Inventory, limited to the following:

(a)     actual Occupancy Expenses for the Stores on a per location basis consistent with those Occupancy Expense categories set forth in Exhibit 4.1(a) until the last day of the calendar month in which the applicable Sale Termination Date occurs;

(b)     actual wages and commissions for all Store-level Retained Employees used in conducting the Sale for actual days/hours worked as well as payroll (including overtime) for any temporary employees/labor engaged for the Sale;

(c)     amounts payable by Merchant for benefits for Retained Employees (including payroll taxes, FICA, unemployment taxes, workers' compensation and health care insurance benefits) for Store-level Retained Employees used in the Sale, in an amount equal to eighteen percent (18%) of base wages for all Store-level Retained Employees (the "Benefits Cap");

(d)     Retention Bonuses for Retained Employees, as provided for in Section 9.4 below;

(e)     all costs and expenses associated with Agent's on-site supervision of the Stores, including, but not limited to, any and all fees, wages, deferred compensation, taxes, and third party payroll costs and expenses of Agent's field personnel, travel to, from or between the Stores, and all out-of-pocket and commercially reasonable expenses relating thereto (including reasonable and documented corporate travel to monitor and manage the Sale);

(f)     all costs and expenses associated with banners, sign-walkers, and interior and exterior signs that are produced for the Sale;

(g)     the promotional costs including, without limitation, email blasts, digital advertising, television, ROP, other advertising and direct mail attributable to the Sale and ordered or requested by Agent;

(h)     the costs and expenses of obtaining additional supplies used at the Stores as may be required by Agent in the conduct of the Sale;

(i)     postage/overnight delivery/courier charges to and from or among the Stores to the extent relating to the Sale;

(j)    credit card and bank card fees, chargebacks, and discounts relating to the Sale;

(k)    any and all costs of moving, transferring, or consolidating Inventory between the Stores;

(l)    a pro rata portion for the Sale Term of Merchant's premiums in respect of general liability, casualty, property, inventory, and other insurance policies attributable to the Inventory and the Stores;

(m)    third-party payroll processing fees associated with the Sale;

(n)    armored car service and security personnel;

(o)    actual costs of the Designated Deposit Accounts (including Agent Accounts) attributable to the Sale Term, including bank fees and wire charges;

(p)    Store cash thefts and other Store cash shortfalls in registers;

(q)    all fees and charges incurred by Agent and Merchant to comply with Applicable General Laws in connection with the Sale, if applicable;

(r)    Agent's costs and expenses associated with this Agreement, the APA, the Sale, or the transactions contemplated by this Agreement, including, without limitation, legal fees and expenses incurred in connection with the review of data, preparation, negotiation, and execution of this Agreement and any ancillary documents, and the Sale;

(s)    Distribution Center Expenses;

(t)    costs and expenses associated with temporary labor requested or obtained by Agent for purposes of the Sale;

(u)    reserved; and

(v)    the actual costs and expenses of Agent providing such additional services as the Agent deems appropriate for the Sale.

"Expenses" shall not include: (i) any rent or other occupancy expenses other than Occupancy Expenses in accordance with Schedule 4.1(a) hereof to the extent actually incurred or (ii) any costs, expenses or liabilities other than the Expenses listed above. All costs or expenses related to the Sale not included as Expenses shall be paid by Merchant promptly when due during the Sale Term. Notwithstanding anything to the contrary herein, to the extent that any Expense listed in Section 4.1 is also an Occupancy Expense, then Section 4.1(a) and Exhibit 4.1(a) shall control and such Expense shall not be double counted. There will be no double counting or payment of Expenses to the extent that Expenses appear or are contained in more than one Expense, and *provided*, in no event shall Agent be obligated to fund any amount that is otherwise expressly provided for in the APA Administrative Budget or Winddown Budget (each as defined in the APA) and that would constitute double counting of any Expense that is required to be funded under this Agreement. Notwithstanding anything herein to the contrary, other than in respect of Buyer's obligation to fund the APA Administrative Budget and Winddown Budget, respectively, under the APA, Agent shall not have any obligation to pay any Expenses (including, without limitation, Occupancy Expenses) incurred after the earlier of the Sale Termination Date or the applicable Vacate Date for the applicable Store, in each case other than in respect of Remaining Inventory.

As used herein, the following terms have the following meanings:

"Distribution Center Expenses" means the actual costs and expenses, including use and Occupancy Expenses and Distribution Center employee payroll and other obligations, of the operations of the Distribution Centers, and the actual costs and expenses (including outbound freight) related to the processing, transfer, and consolidation of Inventory, Additional Agent Inventory, and supplies in the Distribution Centers and from the Distribution Centers to the Stores (and the provision of such services shall be referred to as collectively, the "Distribution Center Services").

"Occupancy Expenses" means those categories of expenses at the Stores as set forth on Exhibit 4.1(a) attached hereto, including any percentage rent obligations indicated thereon and incurred by Merchant under applicable leases or occupancy agreements that are allocable to the sales as part of the Sale during the Sale Term. Notwithstanding anything to the contrary set forth in this Agreement, Merchant and Agent further agree that to the extent that, in connection with the conduct of the Sale and/or Agent's vacating of the Stores (but not in connection with the disposition of any unsold Owned FF&E or other non-Inventory assets being abandoned or otherwise disposed of by Merchant), Merchant incurs additional trash removal charges at a Store, other than the fixed charge component of Merchant's lease obligation for a particular Store provided for on Exhibit 4.1(a) (the "Non-CAM Trash Removal Charges"), such Non-CAM Trash Removal Charges shall be paid by Agent as an Expense of the Sale, in addition to any trash removal charges as may be set forth in Exhibit 4.1(a) hereof.

"Third-party" means, with reference to any Expenses, a party that is not affiliated with or related to Merchant.

4.2    Payment of Expenses.  Agent shall be responsible for the payment of all Expenses out of Proceeds (or from Agent's own accounts if and to the extent there are insufficient Proceeds).  All Expenses incurred during each week of the Sale (*i.e.* Sunday through Saturday) shall be paid by Agent to or on behalf of Merchant, or paid by Merchant and thereafter reimbursed by Agent as provided for herein, immediately following the Weekly Sale Reconciliation; provided, however, in the event that the actual amount of an Expense is unavailable on the date of the reconciliation (such as payroll), Merchant, Buyer and Agent shall agree to an estimate of such amounts, which amounts will be reconciled once the actual amount of such Expense becomes available.  Agent, Buyer and/or Merchant may review or audit the Expenses at any time.

Section 5.    Reserved.

Section 6.    Sale Term.

6.1    Term.  The Sale shall be deemed to have commenced at each of the Stores on the Initial Closing Date (hereinafter, the "Sale Commencement Date").  Agent shall complete the Sale and vacate the premises of each Store in favor of Merchant or its representative or assignee on or before February 28, 2025 (the "Sale Termination Date").  The period beginning on the Sale Commencement Date through and including the Sale Termination Date shall be referred to herein as the "Sale Term."  The Sale Termination Date as to any Store may be (a) extended by mutual written agreement of Agent, Merchant and Buyer, or (b) accelerated by Agent, in which case Agent shall provide Merchant and Buyer with not less than seven (7) days' advance written notice of any such planned accelerated Sale Termination Date (each such notice being a "Vacate Notice").

6.2    Vacating the Closing Stores.  Subject to the terms of Section 6.1 hereof, Agent shall provide Merchant and Buyer with not less than seven (7) days' advance written notice of its intention to vacate any

Store (as to each, as applicable, the "Vacate Date").  On the Vacate Date, Agent shall vacate such Store in favor of Merchant or its representatives or assignee and leave such Store in "broom clean" condition (ordinary wear and tear excepted), subject to Agent's right to abandon in place any unsold Inventory, Additional Agent Inventory, and unsold Owned FF&E).  Agent's obligations to pay all Expenses, including Occupancy Expenses, for each Store subject to a Vacate Notice shall continue only until the earlier of the (a) applicable Vacate Date for such Store, or (b) Sale Termination Date.  Any reference in this Section 6 to vacating the Stores means vacating the Stores, as applicable, in favor of Merchant, its representatives, or assignee and shall not mean Merchant vacating possession or disclaimer of lease in favor of the landlord or owner of the Store premises.  Agent agrees that it shall be obligated to repair any damage caused by Agent (or any representative, agent, or licensee thereof) to any Store during the Sale Term, ordinary wear and tear excepted.

Section 7.    FF&E.

7.1    Disposition of Owned FF&E.  Agent shall sell all FF&E owned by Merchant (collectively, the "Owned FF&E") and located at the Stores or Distribution Centers.  Agent shall be responsible for the payment of all expenses incurred in connection with the disposition of the Owned FF&E, and shall retain all Proceeds realized from the sale of such Owned FF&E.

7.2    Abandonment of FF&E.  Agent shall be authorized to abandon any and all sold and unsold Owned FF&E in place without any cost or liability to Merchant, Buyer or any third party.  For the avoidance of doubt, Agent shall not be authorized to abandon unsold FF&E that Agent or Merchant know is not owned by Merchant, and Merchant shall retain sole responsibility for the ultimate disposition thereof.

7.3    Merchant FF&E Representations.  All Owned FF&E may be sold by Agent on Merchant's and Buyer's behalf free and clear of all claims, liens and encumbrances of any kind (except for Permitted Encumbrances).  Anything in this Agreement to the contrary notwithstanding, Agent will not have any obligation whatsoever to purchase, sell, make, store, handle, treat, dispose, generate, transport or remove any Hazardous Materials that may be located at the Stores or the Distribution Centers.  Agent shall have no liability to any party for any environmental action brought (i) that is related to the storage, handling, treatment, disposition, generation, or transportation of Hazardous Materials, or (ii) in connection with any remedial actions associated therewith or the Stores or the Distribution Centers.  Merchant, and not Agent, shall be solely responsible to remove from the Stores all Hazardous Materials. For purposes of this Agreement, the term "Hazardous Materials" means, collectively, any chemical, solid, liquid, gas, or other substance having the characteristics identified in, listed under, or designated pursuant to (i) the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C.A. 9601(14), as a "hazardous substance", (ii) the Resource Conservation and Recovery Act, 42 U.S.C.A. 6903(5) and 6921, as a "hazardous waste", or (iii) any other laws, statutes or regulations of a government or political subdivision or agency thereof, as presenting an imminent and substantial danger to the public health or welfare or to the environment or as otherwise requiring special handling, collection, storage, treatment, disposal, or transportation.

Section 8.    Conduct of the Sale.

8.1    Rights of Agent and Merchant.  Agent shall be permitted to conduct and advertise the Sale consistent with the Sale Advertising throughout the Sale Term.  Agent shall conduct the Sale in the name of and on behalf of Merchant in a commercially reasonable manner and in compliance with the terms of this Agreement and, except as modified by the Sale Order, all governing laws and applicable agreements to which Merchant is a party.  Agent shall conduct the Sale in accordance with the Sale Guidelines annexed hereto as Exhibit 8.1, whether by in-store promotion, media advertising, or other promotional materials. Merchant shall have a right of access to the Stores at any time in the event of an emergency situation and

shall promptly notify Agent of such emergency.  In addition to any other rights granted to Agent hereunder, in conducting the Sale, Agent, in the exercise of its sole discretion, shall have the following rights, limited by the Sale Guidelines:

(a)    to establish Stores' hours, which are consistent with the terms of applicable leases, mortgages, or other occupancy agreements and local laws or regulations, including, without limitation, Sunday closing laws; and will not extend the hours of operation at one or more of the Stores beyond the hours historically operated by Merchant;

(b)    to use without charge during the Sale Term (except where otherwise designated as an Expense pursuant to Section 4.1 hereof), (i) all furniture, fixtures and equipment and leasehold improvements, (ii) bank accounts, (iii) Store-level, corporate headquarters ("Corporate HQ") and Distribution Center computer hardware and software, (iv) existing supplies located at the Stores, (v) intangible assets (including Merchant's intellectual property), (vi) Stores' and Corporate HQ's keys, case keys, security codes, passwords, and safe and lock combinations required to gain access to and operate the Stores, Corporate HQ and Distribution Centers, (vii) reasonably sized and placed office space at Corporate HQ to coordinate the management of the Sale; and (viii) any other assets of Merchant located at the Stores, Corporate HQ or Distribution Centers (whether owned, leased, or licensed) consistent with applicable terms of leases or licenses.  Agent shall exercise due care and return to Merchant immediately at the end of the Sale all materials and supplies except materials or supplies expended;

(c)    to be provided by Merchant or Buyer, as applicable (at no additional cost to Agent) (i) such central services necessary or incident to the conduct of the Sale as provided for under the APA Administrative Budget and/or Winddown Budget, including, but not limited to, use of Merchant's central office facilities, central administrative services, and personnel to process payroll, perform MIS, and provide other central office services necessary for the Sale and (ii) to use all Intellectual Property Rights (but solely in connection with the Sale and pursuant to such reasonable restrictions requested by Merchant and/or Buyer in order for Merchant and/or Buyer to comply with its privacy policy and applicable laws governing the use and dissemination of confidential consumer personal data);

(d)    to establish Sale prices and implement advertising, signage (including A-frame, interior and exterior banners and signs and sign walkers), and promotional programs consistent with the sale theme described herein, and as otherwise provided in the Sale Order and the Sale Guidelines, as and where applicable (including, without limitation, by means of media advertising, A-frame, interior and exterior banners and signs, use of sign walkers and similar signage);

(e)    to transfer Inventory and Additional Agent Inventory between the Stores at Agent's expense;

(f)    to transfer and re-allocate Inventory and reserved;

(g)    to conduct the Sale in accordance with the Sale Guidelines attached hereto as Exhibit 8.1; and

(h)    subject to the provisions of Section 8.10 below, to include Additional Agent Inventory as part of the Sale.

8.2    Terms of Sales to Customers.  All sales of Inventory will be "final sales" and "as is" and all advertisements and sales receipts will reflect the same.  Agent shall not warrant the Inventory in any manner, but will, to the extent legally permissible, pass on all manufacturers' warranties to customers.  All sales will be made only for cash or nationally recognized credit and debit cards.  Agent shall clearly mark

all receipts for the Inventory sold at the Stores during the Sale Term, so as to distinguish such Inventory from the Inventory sold prior to the Sale Commencement Date.  Agent shall not warrant the Inventory in any manner, but will, to the extent legally permissible, pass on all manufacturers' warranties to customers.

8.3    _Sales Taxes_.  During the Sale Term, all sales, excise, gross receipts and other taxes attributable to the Sale, including as indicated on Merchant's and/or Buyer's point of sale equipment (excluding for the avoidance of doubt taxes on net income) payable to any Taxing Authority having jurisdiction (collectively, "_Sales Taxes_") shall be added to the sales price of Inventory, Additional Agent Inventory or other applicable property and collected by Agent, on Merchant's and Buyer's behalf, at the time of sale. All Sales Taxes indicated on Merchant's point of sale equipment or otherwise collected by Agent shall be deposited into a segregated account designated by Merchant solely for the deposit of such Sales Taxes ("_Merchant Sales Taxes Account_").  For the avoidance of doubt, Merchant will have payment authority on the Merchant Sales Tax Account from inception until Merchant no longer has any obligation with respect to the payment of Sales Taxes hereunder.  For any Merchant Sales Taxes Accounts that Agent obtains control or payment authority over, Agent agrees to remit any funds in such Merchant Sales Taxes Accounts to Merchant. Merchant shall prepare and file all applicable reports and documents required by the applicable Taxing Authorities with respect to Sales Taxes incurred on transactions processed under Merchant's identification number(s), and Merchant shall promptly pay all such Sales Taxes from the Merchant Sales Taxes Account.  Provided that Agent performs its responsibilities in accordance with this Section 8.3, Agent shall have no further obligation to Merchant, Buyer, any Taxing Authority, or any other party, and Merchant and Buyer, as applicable, shall each indemnify and hold harmless Agent (severally but not jointly) from and against any and all costs, including, without limitation, reasonable attorneys' fees, assessments, fines or penalties which Agent sustains or incurs as a result or consequence of the failure by such party to promptly pay such Sales Taxes to the proper Taxing Authorities and/or the failure by such party to promptly file with such Taxing Authorities all reports and other documents required by applicable law to be filed with or delivered to such Taxing Authorities. If Agent fails to perform its responsibilities in accordance with this Section 8.3, and provided Merchant and/or Buyer, as applicable, comply with their obligations hereunder, Agent shall indemnify and hold harmless Merchant and/or Buyer, as applicable, from and against any and all costs, including, without limitation, reasonable attorneys' fees, assessments, fines or penalties which Merchant and/or Buyer, as applicable, sustains or incurs as a result or consequence of the failure by Agent to collect Sales Taxes and/or the failure by Agent to promptly deliver any and all reports and other documents required to enable Merchant and/or Buyer, as applicable, to file any requisite returns with such Taxing Authorities.

8.4    _Supplies_.  Agent shall have the right to use all existing supplies necessary to conduct the Sale (_e.g._, boxes, bags, and twine, but not gift certificates, rain checks, Inventory credits, or the like) located at the Stores at no charge to Agent.  In the event that additional supplies are required in any of the Stores and Agent requests such additional supplies, the acquisition of such additional supplies shall be the responsibility of Agent as an Expense; _provided_, _however_, that if reasonably requested by Agent, Merchant shall assist Agent in obtaining supplies, at Agent's expense, from Merchant's vendors at Merchant's usual and customary costs for such supplies.

8.5    _Returns of Inventory_.  During the first twenty-one (21) days of the Sale, Agent shall accept returns of Inventory sold by Merchant prior to the Sale Commencement Date in accordance with Merchant's return policies in effect at the time of purchase (to the extent presented in accordance with the foregoing terms, each such item being defined herein as "_Returned Inventory_"); _provided_, that Agent shall not be obligated to accept any return where the purpose behind such return is for the customer to repurchase the same item so as to take advantage of the sale price being offered in connection with the Sale; _provided_, _further_, that anything herein to the contrary notwithstanding, Agent shall not be obligated to accept any return of Inventory sold through Merchant's E-Commerce Platform (except for sales of Inventory that are fulfilled by the Stores), regardless of whether such goods were sold before or after the Sale Commencement

Date. For any item of Returned Inventory that is NOT otherwise capable of being resold, Merchant shall reimburse Agent for the refund issued by Agent pursuant to the Weekly Sale Reconciliation for any given week.

8.6     Gift Cards; Inventory Credits; Membership Program.  During the first fourteen (14) days following the Sale Commencement Date, Agent shall accept Merchant's gift cards, gift certificates, Inventory credits and other similar Merchant-issued credits; provided, that Agent shall not accept any such items following such date.

8.7     Sale Reconciliation.

(a)     Weekly Reconciliation.  On each Wednesday during the Sale Term, commencing on the second Wednesday after the Sale Commencement Date, Agent, Buyer and Merchant shall cooperate to reconcile Expenses, Proceeds, sales of Additional Agent Inventory, and such other Sale-related items as either party shall reasonably request, in each case for the prior week or partial week (i.e., Sunday through Saturday), pursuant to procedures agreed upon by Merchant and Agent.

(b)     Final Reconciliation.

(i)     Within thirty (30) days after the Sale Termination Date applicable to the last Store in which the Sale is concluded, Agent, Buyer and Merchant shall jointly prepare a final reconciliation of the Sale including, without limitation, a summary of Proceeds, Sales Taxes, proceeds of Owned FF&E, Expenses, and any other accountings required hereunder (the "Final Reconciliation").  Within seven (7) Business Days after completion of the Final Reconciliation, any undisputed and unpaid Expenses shall be paid by Agent (the "Final Reconciliation Settlement Date").  In the absence of an order of the Bankruptcy Court to the contrary, no disputed amounts owing hereunder shall be paid until the dispute has been resolved by agreement of the Parties or as determined in the manner prescribed in Section 8.7(b)(ii) hereof.

(ii)     Once executed by Merchant, Buyer, and Agent, such Final Reconciliation shall be deemed approved without further order of the Bankruptcy Court (other than the Sale Order). During the Sale Term, and thereafter until all of Merchant's, Buyer's and Agent's obligations under this Agreement have been satisfied, Merchant, Buyer, and Agent shall have reasonable access to Merchant's, Buyer's and Agent's records with respect to Expenses to review and audit such records.

(iii)     In the event that there is any dispute with respect to (x) the Final Reconciliation and/or (z) any other dispute relating to this Agreement, such dispute shall be promptly (and in no event later than the fifth (5th) Business Day following a request by either Merchant, Buyer or Agent) submitted to the Bankruptcy Court for resolution.

8.8     Force Majeure.  If any casualty, act of war or terrorism, act of God, or epidemic or pandemic) prevents the conduct of business in the ordinary course at any Store for a period in excess of five (5) consecutive days (a "Force Majeure Event"), such Store and the Inventory located at such Store shall in Agent's reasonable discretion (following consultation with Merchant and Buyer) be eliminated from the Sale and considered to be deleted from this Agreement as of the first date of such event, and Agent, Buyer and Merchant shall have no further rights or obligations hereunder with respect thereto and there shall not be any effect on the APA; provided, however, that the proceeds of any insurance attributable to such Inventory shall constitute Proceeds hereunder.  If a Store is eliminated from the Sale due to a Force Majeure Event, Agent will use its commercially reasonable efforts to transfer therefrom all Inventory that is not the subject of insurance proceeds and include such Inventory in the Sale at other Stores.

8.9    <u>E-Commerce Platform</u>.  (a) Anything in this Agreement to the contrary notwithstanding, Agent shall not be entitled to conduct any sale of Inventory utilizing Merchant's existing e-commerce platform ("<u>E-Commerce Platform</u>") except for any sale of Inventory that is fulfilled by the Stores; <u>provided</u>, that Buyer agrees that it shall make available the www.biglots.com website and shall prominently display liquidation information requested by the Agent to be used for advertising and. Buyer shall maintain these websites at its own cost and expense at all times during the Sale Term to facilitate Agent's conduct of the Sale.

(b)    Upon the occurrence of the Initial Closing and continuing to the end of the Sale Term, Buyer shall be deemed to have granted to Agent a temporary, irrevocable, royalty-free and non-exclusive license and right to use all Intellectual Property Rights, solely in connection with Agent's conduct of the Sale.  Without limiting the generality of the foregoing, Agent shall be authorized to use the Intellectual Property Rights to advertise and promote the Sale, including (without limitation) the hanging of customary liquidation sign packages and banners at the Stores and, the use of trade names, logos, trademarks, e-mail lists, customer lists, catalog recipient lists, loyalty card information, social media sites (including Facebook, Instagram, Twitter, Pinterest, TikTok, etc.) and E-Commerce Platform (whether or not the Sale is conducted through the E-Commerce Platform) for purposes of promoting the Sale. Buyer shall provide Agent with access to the E-Commerce Platform, as well as any technical support that is necessary or desirable for Agent to access or modify such platform to promote or conduct the Sale during the Sale Term; <u>provided</u>, that all such promotion utilizing the E-Commerce Platform, social media sites and other non-bricks and mortar retail channels formerly operated by Merchant shall be subject to the prior approval of Buyer.

8.10    <u>Additional Agent Inventory</u>.

(a)    Agent shall have the right to supplement the Inventory in the Sale with additional goods procured by Agent which are of like kind to the Inventory in the Sale ("<u>Additional Agent Inventory</u>"). The Additional Agent Inventory shall be purchased by Agent as part the Sale at Agent's sole expense (and such purchase price shall not constitute an Expense) and Agent shall be responsible for all actual and documented costs and expenses incurred in connection with the receipt, shipping, delivery, processing and transfer of any Additional Agent Inventory. Sales of Additional Agent Inventory shall be run through Merchant's cash register systems; <u>provided</u>, <u>however</u>, Agent shall mark the Additional Agent Inventory using either a "dummy" SKU or department number, or in such other manner so as to distinguish the sale of Additional Agent Inventory from the sale of Inventory. Agent and Merchant shall also cooperate so as to ensure that the Additional Agent Inventory are marked in such a way that a reasonable consumer could identify the Additional Agent Inventory as non-Merchant goods.  Additionally, Agent shall provide signage in the Stores notifying customers that the Additional Agent Inventory have been included in the Sale.

(b)    Agent and Merchant intend that the transactions relating to the Additional Agent Inventory are, and shall be construed as, a true consignment in all respects and not a consignment for security purposes.  At all times and for all purposes the Additional Agent Inventory and their proceeds shall be the exclusive property of Agent, and no other person or entity shall have any claim against any of the Additional Agent Inventory or their proceeds. The Additional Agent Inventory shall at all times remain subject to the exclusive control of Agent.

(c)    Merchant shall, at Agent's sole expense (and not as an Expense), insure the Additional Agent Inventory and, if required, promptly file any proofs of loss with regard to same with Merchant's insurers.  Agent shall be responsible for payment of any deductible under any such insurance in the event of any casualty affecting the Additional Agent Inventory, which amount shall be deemed an Additional Agent Inventory expense.

(d)    Merchant and Buyer acknowledge, and the Sale Order shall provide, that the Additional Agent Inventory shall be consigned to Merchant as a true consignment under Article 9 of the UCC. Merchant and Buyer further acknowledge and agree that Agent is hereby granted a first priority security interest in and lien upon (i) the Additional Agent Inventory and (ii) the Additional Agent Inventory proceeds, which security interest shall be deemed perfected pursuant to the Sale Order without the requirement of filing UCC financing statements or providing notifications to any prior secured parties (provided that Agent is hereby authorized to deliver all required notices and file all necessary financing statements and amendments thereof under the applicable UCC identifying Agent's interest in the Additional Agent Inventory as consigned goods thereunder and Merchant as the consignee therefor, and Agent's security interest in and lien upon such Additional Agent Inventory and Additional Agent Inventory proceeds).

Section 9.    Employee Matters.

9.1    Merchant's Employees.    Subject to the applicable provisions of the Sale Order and any other provisions in this Agreement relating to employees, Agent may use Merchant's Store level employees in the conduct of the Sale to the extent Agent deems expedient, and Agent may select and, after consulting with Merchant, schedule the number and type of Merchant's employees required for the Sale. Agent shall identify any such Store employees to be used in connection with the Sale (each such employee, a "Retained Employee") prior to the Sale Commencement Date. Merchant covenants that it will use commercially reasonable efforts to provide a sufficient number of Retained Employees at each Store to conduct the Sale. Retained Employees shall at all times remain employees of Merchant, and shall not be considered or deemed to be employees of Agent. Merchant, Buyer and Agent agree that except to the extent that wages, payroll taxes, benefits, and other costs relating to the employment of Retained Employees constitute Expenses hereunder and except as otherwise expressly provided in this Agreement, nothing contained in this Agreement and none of Agent's actions taken in respect of the Sale shall be deemed to constitute an assumption by Agent of any of Merchant's obligations relating to any of Merchant's employees including, without limitation, Worker Adjustment Retraining Notification Act ("WARN Act") claims, and other termination-type claims and obligations, or any other amounts required to be paid by statute or law (except to the extent such items are amounts for which Merchant is entitled to indemnification pursuant hereto), nor shall Agent become liable under any collective bargaining or employment agreement or be deemed a joint or successor employer with respect to such employees. Merchant shall not, without Agent's prior written consent, raise the salary or wages or increase the benefits for, or pay any bonuses or make any other extraordinary payments to, any of the Retained Employees, except as otherwise provided in this Agreement.

9.2    Termination of Employees by Merchant.    Agent may in its discretion stop using any Retained Employee at any time during the Sale. In the event Agent determines to discontinue its use of any Retained Employee in connection with the conduct of the Sale, Agent will provide written notice to Merchant and Buyer at least seven (7) days prior thereto, except for termination "for cause" (such as dishonesty, fraud, or breach of employee duties), in which case the seven (7) day notice period shall not apply; provided, however, that Agent shall notify Merchant and Buyer of the basis for such "cause." During the Sale Term, Merchant shall not transfer or dismiss employees of the Stores except "for cause" without Agent's prior consent (which consent shall not be unreasonably withheld). Notwithstanding any other provision hereof, Agent will indemnify Merchant with respect to any claims by Retained Employees arising from Agent's actionable treatment of such Retained Employees as provided for in Section 13.2 below.

9.3    Payroll Matters.    Subject to Section 4.1 hereof, during the Sale Term, Merchant shall process the payroll for all Retained Employees and any former employees and temporary labor engaged for the Sale. Each Wednesday prior to the date on which such payroll is payable (or such other date as may be reasonably requested by Merchant to permit the funding of the payroll accounts before such payroll is due and payable) during the Sale Term, Agent shall transfer to Merchant's payroll accounts an amount equal to

the base payroll for Retained Employees plus related payroll taxes, workers' compensation and benefits for such week, in the amount required under <u>Section 4.1(b)</u> and <u>(c)</u>.

9.4    <u>Employee Retention Bonuses</u>.  To the extent not specifically provided for in either the APA Administrative Budget and/or Winddown Budget, Agent shall pay, as an Expense hereunder, retention bonuses ("<u>Retention Bonuses</u>") (which bonuses shall be inclusive of payroll taxes but as to which no benefits shall be payable) up to a maximum of approximately ten percent (10%) of base payroll, to certain Retained Employees who do not voluntarily leave employment and are not terminated "for cause", as Agent shall determine in its sole discretion.  The amount of such Retention Bonuses, which will be payable within thirty (30) days after the Sale Termination Date, shall be in an amount to be determined by Agent, in its discretion, and shall be processed through Merchant's payroll system.  Agent shall provide Merchant with a copy of Agent's Retention Bonus, including timing of payments and to whom the payments will be made, plan within three (3) Business Days after the Sale Commencement Date.  Agent shall not utilize the Retention Bonus as a mechanism to encourage Retained Employees to act contrary to Merchant's best interests.

9.5    <u>No Liability of Buyer</u>.  All Retained Employees shall remain employees of Merchant and Buyer shall have no liability or responsibility with respect to any such employees, or Merchant and Agent's use of such employees.

Section 10.    <u>Conditions Precedent</u>.

10.1    <u>Conditions to Agent's Obligations</u>.  The willingness of Agent to enter into the transactions contemplated under this Agreement is directly conditioned upon the satisfaction of the following conditions, unless specifically waived in writing by Agent:

(a)    All representations and warranties of Merchant hereunder shall be true and correct in all material respects (except where the failure of such representations and warranties to be so true would not reasonably be expected to have a material adverse effect on the ability of Merchant to execute and deliver this Agreement and perform  its material obligations hereunder) and no Event of Default shall have occurred at and as of the date hereof and as of the Sale Commencement Date;

(b)    No injunction, stay or restraining order shall be in effect prohibiting the consummation of the transactions contemplated by this Agreement (including, without limitation, the Sale);

(c)    The Bankruptcy Court shall have entered the Sale Order in form and substance reasonably acceptable to Agent;

(d)    The Initial Closing shall have occurred;

(e)    This Agreement shall have been duly executed and delivered by all Parties; and

(f)    If necessary, Debtors shall have obtained an order approving its motion ("<u>Lease Extension Motion</u>") pursuant to Section 365(d)(4) of the Bankruptcy Code, <u>inter alia</u>, extending the Merchant's time to assume or reject the leases for the Stores to a date not sooner than the Sale Termination Date.

10.2    <u>Conditions to Buyer's Obligations</u>.  The willingness of Buyer to enter into the transactions contemplated under this Agreement is directly conditioned upon the satisfaction of the following conditions, unless specifically waived in writing by Buyer:

(a)     All representations and warranties of Merchant hereunder shall be true and correct in all material respects (except where the failure of such representations and warranties to be so true would not reasonably be expected to have a material adverse effect on the ability of Buyer to execute and deliver this Agreement and perform its material obligations hereunder) and no Event of Default shall have occurred at and as of the date hereof and as of the Sale Commencement Date;

(b)     No injunction, stay or restraining order shall be in effect prohibiting the consummation of the transactions contemplated by this Agreement or the APA;

(c)     The Bankruptcy Court shall have entered the Sale Order in form and substance reasonably acceptable to Buyer;

(d)     The Initial Closing shall have occurred; and

(e)     This Agreement shall have been duly executed and delivered by all Parties.

10.3    <u>Conditions to Merchant's Obligations</u>.  The willingness of Merchant to enter into the transactions contemplated under this Agreement is directly conditioned upon the satisfaction of the following conditions, unless specifically waived in writing by Merchant:

(a)     All representations and warranties of Agent hereunder shall be true and correct in all material respects (except where the failure of such representations and warranties to be so true would not reasonably be expected to have a material adverse effect on the ability of Agent to execute and deliver this Agreement and perform its material obligations hereunder) and no Event of Default shall have occurred at and as of the date hereof and as of the Sale Commencement Date, in each case solely as a result of Agent's conduct;

(b)     The Bankruptcy Court shall have entered the Sale Order in form and substance reasonably acceptable to Merchant;

(c)     The Initial Closing shall have occurred; and

(d)     This Agreement shall have been duly executed and delivered by all Parties.

Section 11.    <u>Representations, Warranties and Covenants</u>.

11.1    <u>Merchant's Representations, Warranties, and Covenants</u>.  Each entity comprising Merchant hereby represents, warrants, and covenants in favor of Agent as follows:

(a)     Such Merchant (i) is a corporation duly organized, validly existing, and in good standing under the laws of its formation; (ii) has all corporate requisite power and authority to own, lease, and operate its assets and properties and to carry on its business as presently conducted and to grant the rights intended to be granted herein as provided herein; and (iii) is, and during the Sale Term will continue to be, duly authorized and qualified to do business and in good standing in each jurisdiction where the nature of its business or properties requires such qualification, including all jurisdictions in which any Store is located, except, in each case, to the extent that the failure to be in good standing or so qualified would not reasonably be expected to have a material adverse effect on the ability of Merchant to execute and deliver this Agreement and perform its material obligations hereunder.

(b)     Subject to the entry of the Sale Order, such Merchant has the right, power, and authority to execute and deliver this Agreement and each other document and agreement contemplated

hereby (collectively, together with this Agreement, the "Agency Documents") and to perform its obligations hereunder.  Subject to the entry of the Sale Order, such Merchant has taken all necessary actions required to authorize the execution, delivery, and performance of the Agency Documents, and no further consent or approval on the part of such Merchant is required for such Merchant to enter into and deliver the Agency Documents, to perform its obligations thereunder, and to consummate the Sale.  Subject to the issuance and entry of the Sale Order, each of the Agency Documents has been duly executed and delivered by such Merchant and constitutes the legal, valid, and binding obligation of such Merchant, enforceable in accordance with its terms, except as such enforceability may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting creditors' rights generally and by general principles of equity (regardless of whether enforceability is considered in a proceeding in equity or at law).  Subject to the entry of the Sale Order, no court order or decree of any federal, state, local, or provincial governmental authority or regulatory body is in effect that would prevent or materially impair, or is required for such Merchant's consummation of, the transactions contemplated by this Agreement, and no consent of any third party that has not been obtained is required therefor, other than as shall be obtained prior to the Sale Commencement Date, except for any such consent the failure of which to be obtained could not reasonably be expected to have a material adverse effect on the ability of such Merchant to execute and deliver this Agreement and perform fully its obligations hereunder.  Other than for any consent as shall be obtained prior to the Sale Commencement Date, and any contracts or agreements identified by such Merchant to Agent on or prior to the Sale Commencement Date, no contract or other agreement to which such Merchant is a party or by which Merchant is otherwise bound will prevent or materially impair the consummation of the Sale and the other transactions contemplated by this Agreement.

(c)     Except for the Bankruptcy Case and the matters set forth on Exhibit 11.1(c), no action, arbitration, suit, notice, or legal, administrative, or other proceeding before any court or governmental body has been instituted by or against Merchant, or has been settled or resolved, or to Merchant's knowledge, is threatened against or affects Merchant, relative to Merchant's business or properties, or which questions the validity of this Agreement, or that if adversely determined, would have a material adverse effect upon the ability of Merchant to perform its obligations under this Agreement.

(d)     Subject to the provisions of the Sale Order, Agent shall have the right for the duration of the Sale Term to the unencumbered use and occupancy of, and peaceful and quiet possession of, the Stores  and Distribution Centers.

11.2    Agent's Representations, Warranties and Covenants.  Agent hereby represents, warrants, and covenants in favor of Merchant as follows:

(a)     Agent (i) is a limited liability company duly and validly existing and in good standing under the laws of the state of its organization; (ii) has all requisite power and authority to carry on its business as presently conducted and to consummate the transactions contemplated hereby; and (iii) is and during the Sale Term will continue to be duly authorized and qualified as a foreign company to do business and in good standing in each jurisdiction where the nature of its business or properties requires such qualification.

(b)     Agent has the right, power, and authority to execute and deliver each of the Agency Documents to which it is a party and to perform fully its obligations thereunder.  Each entity comprising Agent has taken all necessary actions required to authorize the execution, delivery, and performance of the Agency Documents, and no further consent or approval is required on the part of any entity comprising Agent for such entity to enter into and deliver the Agency Documents, to perform its obligations thereunder, and to consummate the Sale.  Each of the Agency Documents has been duly executed and delivered by each entity comprising Agent and constitutes the legal, valid, and binding obligation of such entity enforceable in accordance with its terms, except as such enforceability may be limited by applicable bankruptcy,

insolvency, reorganization, moratorium or other similar laws affecting creditors' rights generally and by general principles of equity (regardless of whether enforceability is considered in a proceeding in equity or at law). No court order or decree of any federal, provincial, state, or local governmental authority or regulatory body is in effect that would prevent or impair or is required for each entity comprising Agent's consummation of the transactions contemplated by this Agreement, and no consent of any third party which has not been obtained is required therefor other than as provided herein. No contract or other agreement to which any entity comprising Agent is a party or by which any entity comprising Agent is otherwise bound will prevent or impair the consummation of the transactions contemplated by this Agreement.

(c)    No action, arbitration, suit, notice, or legal, administrative, or other proceeding before any court or governmental body has been instituted by or against any entity comprising Agent, or has been settled or resolved, or to the knowledge of any entity comprising Agent, has been threatened against or affects any such entity, which questions the validity of this Agreement or any action taken or to be taken by any such entity in connection with this Agreement, or which if adversely determined, would have a material adverse effect upon the ability of any entity comprising Agent to perform its obligations under this Agreement.

(d)    Agent will have at the Initial Closing and at any time payments are required to be made by Agent hereunder or under the APA sufficient funds available in cash to pay the Expenses and any fees and expenses incurred by or otherwise required to be paid by Agent in connection with the Sale and the disposition of the Owned FF&E in the Stores and Distribution Centers pursuant to this Agreement and the transactions contemplated by this Agreement.

Section 12.    <u>Insurance</u>.

12.1    <u>Worker's Compensation Insurance</u>. Merchant shall continue until the Sale Termination Date, in such amounts as Merchant currently has in effect, worker's compensation insurance (including employer liability insurance) covering all Retained Employees in compliance with all statutory requirements. Prior to the Sale Commencement Date, Merchant shall deliver to Agent a certificate of its insurance broker or carrier evidencing such insurance.

12.2    <u>Agent's Insurance</u>. As an Expense of the Sale, Agent shall maintain throughout the Sale Term, in such amounts as it currently has in effect, comprehensive public liability and automobile insurance policies covering injuries to persons and property in or in connection with Agent's agency at the Stores, and shall cause Merchant to be named an additional insured with respect to such policies. Prior to the Sale Commencement Date, Agent shall deliver to Merchant certificates evidencing such insurance policies, setting forth the duration thereof and naming Merchant as an additional insured, in form and substance reasonably satisfactory to Merchant. In the event of a claim under such policies, Agent shall be responsible for the payment of all deductibles, retentions, or self-insured amounts thereunder, to the extent such claim arises from or relates to the alleged acts or omissions of Agent or Agent's employees, agents or Supervisors.

12.3    <u>Other Insurance</u>. Notwithstanding the foregoing, and subject to any restrictions that may be set forth in the APA, Merchant may modify any insurance to the extent that it is not required for the operation of the Stores.

Section 13.    <u>Indemnification</u>.

13.1    <u>Merchant Indemnification</u>. Merchant and Buyer shall, severally as to themselves only, indemnify and hold Agent and its officers, directors, employees, agents, representatives, and independent contractors (collectively, "<u>Agent Indemnified Parties</u>") harmless from and against all claims, causes of action, demands, penalties, losses, liability, damage, or other obligations, including, without limitation,

reasonable attorneys' fees and expenses, directly or indirectly asserted against, resulting from or related to: (i) Merchant's or Buyer's, as applicable, breach of or failure to comply with any of its agreements, covenants, representations or warranties contained in this Agreement; (ii) subject to Agent's compliance with its obligations under <u>Section 8.3</u> hereof, any failure by Merchant (for which Merchant shall have the indemnity obligations hereunder) or Buyer (for which Buyer shall have the indemnity obligations hereunder), to pay any Sales Taxes to the proper Taxing Authorities or to properly file with any Taxing Authorities any reports or documents required by applicable law to be filed in respect thereof; (iii) any failure of Merchant or Buyer, as applicable, to pay to its employees any wages, salaries or benefits due to such employees during the Sale Term; (iv) any consumer warranty or products liability claims relating to Inventory; (v) any liability or other claims asserted by customers, any of Merchant's or Buyer's, as applicable, employees, or any other person against any Agent Indemnified Party (including, without limitation, claims by employees arising under collective bargaining agreements, worker's compensation, or under the WARN Act); (vi) any harassment or any other unlawful, tortious, or otherwise actionable treatment of any customers, employees or agents of Agent by Merchant or Buyer, as applicable, or any of their respective representatives (other than Agent); (vii) in the case of Buyer, any failure of Buyer to pay to any expenses during the Sale Term to the extent provided for under either the APA Administrative Budget and/or Winddown Budget, as applicable; (viii) reserved; and (ix) the gross negligence (including omissions) or willful misconduct of Merchant or Buyer, as applicable, or their respective officers, directors, employees, agents (other than Agent) or representatives; <u>provided</u>, that, in each case of clauses (i) – (viii), Merchant shall not have any indemnification obligations with respect to any Assumed Liabilities (as defined in the APA).

13.2    <u>Agent Indemnification</u>.    Agent shall indemnify and hold Merchant and Buyer and their officers, directors, employees, agents and representatives harmless from and against all claims, causes of action, demands, penalties, losses, liability, damage, or other obligations, including, without limitation, reasonable attorneys' fees and expenses, directly or indirectly asserted against, resulting from, or related to: (i) Agent's breach of or failure to comply with any of its agreements, covenants, representations or warranties contained in this Agreement (including any failure to pay Expenses as required hereunder); (ii) any claims by any party engaged by Agent as an employee or independent contractor arising out of such employment; (iii) any harassment or any other unlawful, tortious or otherwise actionable treatment of any customers, employees or agents of Merchant or Buyer, as applicable, by Agent or any of its representatives; (iv) any consumer warranty or products liability claims relating to Additional Agent Inventory; (v) as set forth in <u>Section 8.3</u> above; (vi) reserved; and (vii) the gross negligence (including omissions) or willful misconduct of Agent, its officers, directors, employees, agents or representatives.

Section 14.    <u>Defaults</u>.

The following shall constitute "<u>Events of Default</u>" hereunder:

(a)    Merchant's, Buyer's, or Agent's failure to perform any of their respective material obligations hereunder, which failure shall continue uncured ten (10) business days after receipt of written notice thereof to the defaulting party; or

(b)    subject to <u>Section 8.8</u> hereof, the Sale is terminated or materially interrupted or impaired at any Store for any reason other than (i) an Event of Default by Agent or (ii) any other material breach or action by Agent not authorized hereunder.

In the event of an Event of Default, the non-defaulting party may, in its discretion, elect to terminate this Agreement upon seven (7) Business Days' written notice to the other party and pursue any and all rights and remedies and damages resulting from such default hereunder in the event such cure is not effected by the defaulting party.

Section 15.   <u>Miscellaneous</u>.

    15.1   <u>Notices</u>.  All notices and communications provided for pursuant to this Agreement shall be in writing, and sent by hand, by e-mail, and/or a recognized overnight delivery service, as follows:

If to Merchant:

> c/o Big Lots, Inc.
> 4900 E. Dublin-Granville Road,
> Columbus, Ohio 43081
> Attn:   Rocky Robins
>         Jonathan Ramsden
> E-mail: rrobins@biglots.com
>        jramsden@biglots.com

with a copy (which will not constitute notice) to:

> Davis Polk & Wardwell LLP
> 450 Lexington Avenue
> New York, NY 10017
> Attn: H. Oliver Smith
>     Brian Wolfe
>     Brian Resnick
>     Adam L. Shpeen

> E-mail: oliver.smith@davispolk.com
>        brian.wolfe@davispolk.com
>        brian.resnick@davispolk.com
>        adam.shpeen@davispolk.com

If to Agent:

> Gordon Brothers Retail Partners, LLC
> 101 Huntington Avenue, 11th Floor
> Boston, MA 02119
> Attn:   Rick Edwards, Head of North America Retail
>        David Braun, Senior Transaction Counsel
> Email:  redwards@gordonbrothers.com
>        dbraun@gordonbrothers.com

With a copy to (which shall not constitute notice):

> Riemer & Braunstein LLP
> Times Square Tower
> Seven Times Square, Suite 2506
> New York, NY 10036
> Attn:   Steven E. Fox
> Email:  sfox@riemerlaw.com

If to Buyer:

GORDON BROTHERS RETAIL PARTNERS, LLC
101 Huntington Avenue, 11th Floor
Boston, MA 02119
Attn:    Rick Edwards, Head of North America Retail
          David Braun, Senior Transaction Counsel
Email:  redwards@gordonbrothers.com
          dbraun@gordonbrothers.com

With a copy (which will not constitute notice) to:

Riemer & Braunstein LLP
Times Square Tower
Seven Times Square, Suite 2506
New York, NY 10036
Attn:    Steven E. Fox
Email:  sfox@riemerlaw.com

15.2    <u>Governing Law; Consent to Jurisdiction</u>.

(a)    This Agreement shall be governed and construed in accordance with the laws of the State of Delaware without regard to conflicts of laws principles thereof.

(b)    The parties hereto agree that the Bankruptcy Court (and the District Court and Circuit Court of Appeal with appellate jurisdiction over the Bankruptcy Court) shall retain exclusive jurisdiction to hear and finally determine any disputes arising from or under this Agreement, and by execution of this Agreement each party hereby irrevocably accepts and submits to the jurisdiction of such court with respect to any such action or proceeding and to service of process by certified mail, return receipt requested to the address listed above for each party.

15.3    <u>Entire Agreement</u>.  This Agreement, the Exhibits hereto, and the Agency Documents (subject, in each instance, to the Sale Order) contain the entire agreement between the Parties with respect to the transactions contemplated hereby and supersede and cancel all prior agreements, including but not limited to all proposals, letters of intent, or representations, written or oral, with respect thereto.

15.4    <u>Amendments</u>.  This Agreement, the Exhibits hereto, and the Agency Documents may not be modified except in a written instrument executed by each of Merchant and Agent.

15.5    <u>No Waiver</u>.  No party's consent to or waiver of any breach or default by the other in the performance of its obligations hereunder shall be deemed or construed to be a consent or waiver to or of any other breach or default in the performance by such other party of the same or any other obligation of such party.  Failure on the part of any party to complain of any act or failure to act by the other party or to declare the other party in default, irrespective of how long such failure continues, shall not constitute a waiver by such party of its rights hereunder.

15.6    <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and be binding upon Agent, Buyer, and Merchant and their respective successors and permitted assigns, including, without limitation, any chapter 11 or chapter 7 trustee; <u>provided</u>, <u>however</u>, that this Agreement may not be assigned by Merchant, Buyer, or Agent to any party without the prior written consent of the other; <u>provided</u>, <u>further</u>, <u>however</u>, that Agent shall have the right to syndicate this Agreement upon notice to (but not consent of) Buyer and Merchant, but Agent shall remain liable under this Agreement notwithstanding such syndication.

15.7    <u>Execution in Counterparts</u>.  This Agreement or any of the other Agency Documents may be executed in any number of counterparts, each of which shall be an original, but all of which taken together shall constitute one and the same agreement. This Agreement may be executed by means of (a) an electronic signature that complies with the federal Electronic Signatures in Global and National Commerce Act, state enactments of the Uniform Electronic Transactions Act, or any other relevant and applicable electronic signatures law; (b) an original manual signature; or (c) a faxed, scanned, or photocopied manual signature delivered by electronic method of transmission (including a "pdf" by email). Each electronic signature or faxed, scanned, or photocopied manual signature shall for all purposes have the same validity, legal effect, and admissibility in evidence as an original manual signature. Agent reserves the right, in its sole discretion, to accept, deny, or condition acceptance of any electronic signature on this Agreement.

15.8    <u>Section Headings</u>.  The headings of sections of this Agreement are inserted for convenience only and shall not be considered for the purpose of determining the meaning or legal effect of any provisions hereof.

15.9    <u>Survival</u>.  All representations, warranties, covenants and agreements made herein shall terminate as of the Initial Closing.

15.10    <u>Termination</u>.    This Agreement may be terminated at any time before the Sale Commencement Date as set forth below; <u>provided</u>, <u>however</u>, that any payments made to Merchant hereunder prior to termination shall not be refunded or in any way unwound:

(a)    by mutual written consent of the Merchant and the Agent;

(b)    automatically and without any action or notice by either Agent or Merchant, immediately upon the occurrence of any of the following events:

(i)    the issuance of a final and non-appealable order by any agency, division, subdivision, audit group, procuring office, or governmental or regulatory authority, or any adjudicatory body thereof, of the United States or any state thereof, any foreign government or state or any municipal or other political subdivision thereof to restrain, enjoin, or otherwise prohibit the transfer of the assets contemplated hereby; or

(ii)    approval by the Bankruptcy Court of, or the filing by or on behalf of Merchant of a motion or other request to approve, any financing, refinancing, acquisition, divestiture, public offering, recapitalization, business combination or reorganization of or involving all or a material portion of, collectively, the Inventory and Owned FF&E (other than any transaction with Agent or an affiliate of Agent) or any standalone plan of reorganization for Merchant involving the retention of all or a material portion of, collectively, the Inventory and the Owned FF&E (an "<u>Alternative Transaction</u>"); or

(iii)    Merchants' Bankruptcy Cases being converted into a case under Chapter 7 of the Bankruptcy Code or dismissed.

(c)    upon written notice by Agent if the condition set forth in Section 10.02 of the APA has not been satisfied.

(d)    upon written notice by Merchant if Merchant is not in material breach of this Agreement and there has been a material violation or breach by Agent of any representation, warranty, covenant or agreement contained in this Agreement that (A) has not been waived by Merchant, and (B) is

not capable of being cured or, if capable of being cured, is not cured in all material respects within ten (10) business days following receipt by Agent of notification thereof.

In the event that this Agreement is validly terminated as provided herein, then each of the Parties to this Agreement shall be relieved of its duties and obligations arising under this Agreement after the date of such termination; provided, however, that nothing in this Section 15.10 shall be deemed to release any party from liability for any breach of its obligations under this Agreement prior to such termination.

15.11    Agent's Security Interest.

(a)    Effective upon payment by Buyer of the Purchase Price at the Initial Closing, Merchant shall be deemed to have granted to Agent first priority, senior security interests in and liens (subject to the subordination provisions set forth herein below) upon: (i) the Inventory; (ii) all Proceeds (including, without limitation, credit card Proceeds); and (iii) all "proceeds" (within the meaning of Section 9-102(a)(64) of the UCC) of each of the foregoing (all of which are collectively referred to herein as the "Agent Collateral"), to secure the full payment and performance of all obligations of Merchant to Agent hereunder.  Upon entry of the Sale Order, and payment by the Buyer of the Purchase Price, the security interest granted to the Agent hereunder shall be deemed properly perfected without the necessity of filing Uniform Commercial Code financing statements or any other documentation. For purposes of this Agreement, "UCC" shall mean the Uniform Commercial Code as the same may be in effect from time to time in the State of Delaware.

(b)    Without any further act by or on behalf of the Agent or any other party (including (without limitation) any Lender or the Merchant), the Agent's security interests in and liens upon the Agent Collateral created hereunder are (i) validly created; (ii) effective upon entry of the Sale Order, perfected; and (iii) senior to all other liens and security interests.  Merchant and Buyer shall cooperate with Agent with respect to all filings (including, without limitation, UCC-1 financing statements) and other actions to the extent reasonably requested by Agent in connection with the security interests and liens granted under this Agreement.

(c)    Merchant will not grant any security interest in any of the Agent Collateral other than in favor of the Agent.

(d)    In the event of an Event of Default by the Merchant hereunder, in any jurisdiction where the enforcement of its rights hereunder is sought, the Agent shall have, in addition to all other rights and remedies, the rights and remedies of a secured party under the Uniform Commercial Code.

15.12    Third Party Beneficiaries.  This Agreement shall not be deemed to confer any rights or remedies upon any person or entity (including any landlord of Merchant) that is not a party hereto.

15.13    Wiring of Funds.  All amounts required to be paid by Agent or the Merchant under any provision of this Agreement shall be made by wire transfer of immediately available funds which shall be wired by Agent or Merchant, as applicable, no later as 2:00 p.m. (Eastern Time) on the date that such payment is due; provided, however, that all of the information necessary to complete the wire transfer has been received by Agent or Merchant, as applicable, by 10:00 a.m. (Eastern Time) on the date that such payment is due.  In the event that the date on which any such payment is due is not a Business Day, then such payment shall be made by wire transfer on the next Business Day.

15.14    Nature of Remedies.  Except to the extent expressly set forth herein, all rights, remedies, powers, privilege and adjustments under Sections 3 and 11 shall be in addition to and not in limitation of those provided elsewhere in this Agreement or by applicable law.  No failure to exercise and no delay in

exercising, on the part of the Agent, any right, remedy, power, privilege or adjustment hereunder, shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power, privilege, or adjustment hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, privilege, or adjustment.

15.15    <u>Further Assurances</u>.    From time to time, and without further consideration, each of Merchant and Agent covenants and agrees that each such party shall execute and deliver, or shall cause to be executed and delivered, such other instruments of transfer and conveyance and other documents and take such other actions as the other party may reasonably request as necessary, proper or advisable under applicable laws and regulations to consummate and make effective the transactions contemplated by this Agreement (including satisfaction of all closing conditions that are within the control of Merchant or Agent, as applicable, and reasonably cooperating with the Sale), and shall lend all reasonable assistance to the other party in conducting the Sale and otherwise in the carrying out of the intentions and purposes of this Agreement.  Each of Merchant and Agent further covenants and agrees that it shall promptly deliver to the other party all such information and documents as such party shall reasonably request in connection with the Sale.

*[Remainder of Page Intentionally Blank;*
*Signatures Appear Next Page]*

IN WITNESS WHEREOF, Agent and Merchant hereby execute this Agency Agreement as of the day and year first written above.

**AGENT:**

**GORDON BROTHERS RETAIL PARTNERS, LLC**

By: *Richard P Edwards*

Name:  Rick Edwards

Title:   President, Head of North American Retail

*[Signatures Continued Next Page]*

**BUYER:**

**GORDON BROTHERS RETAIL PARTNERS, LLC**

By: *Richard P Edwards*

Name: Rick Edwards

Title: President, Head of North American Retail

**MERCHANT:**

**BIG LOTS, INC.**

By: _____

Name: _____

Title: _____

**BIG LOTS STORES, LLC,**

By: _____

Name: _____

Title: _____

**BUYER:**

**GORDON BROTHERS RETAIL PARTNERS, LLC**

By: _____
Name: _____
Title: _____


**MERCHANT:**

**BIG LOTS, INC.**

By: _____
Name: _____Bruce K. Thorn_____
Title: ___President and Chief Executive Officer___


**BIG LOTS STORES, LLC,**

By: _____
Name: _____Bruce K. Thorn_____
Title: ___President and Chief Executive Officer___

*[Signature Page to the Agency Agreement]*

## **EXHIBIT 1**

*See attached.*

BIG LOTS, INC.
Stores
Exhibit

| | Store List | | | | | |
|---|---|---|---|---|---|---|
| # | Store # | Name | Address | City | State | Zip |
| 1 | 1899 | ABERDEEN | 1371 N SANDHILLS BLVD | ABERDEEN | NC | 28315 |
| 2 | 4598 | ABILENE | 3204 S CLACK DR | ABILENE | TX | 79606 |
| 3 | 5465 | ADA | 1200 N HILLS CENTER | ADA | OK | 74820 |
| 4 | 4680 | ADRIAN | 1416 S MAIN ST, STE 100 | ADRIAN | MI | 49221 |
| 5 | 5298 | AKRON | 426 EAST WATERLOO RD | AKRON | OH | 44319 |
| 6 | 1846 | AKRON | 1890 W MARKET ST suite #500 | AKRON | OH | 44313 |
| 7 | 5406 | ALBANY | 2525 DAWSON RD | ALBANY | GA | 31707 |
| 8 | 1844 | ALBEMARLE | 720 NC 24 27 BYP E | ALBEMARLE | NC | 28001 |
| 9 | 4753 | ALBUQUERQUE | 9500 MONTGOMERY BLVD NE, SUITE A | ALBUQUERQUE | NM | 87111 |
| 10 | 1982 | ALBUQUERQUE | 465 COORS BLVD NW | ALBUQUERQUE | NM | 87121 |
| 11 | 294 | ALCOA | 116 S HALL RD | ALCOA | TN | 37701 |
| 12 | 1448 | ALLENTOWN | 2349 LEHIGH ST | ALLENTOWN | PA | 18103 |
| 13 | 303 | ALLIANCE | 1965 W STATE ST | ALLIANCE | OH | 44601 |
| 14 | 1644 | ALPENA | 2680 US HWY 23 S | ALPENA | MI | 49707 |
| 15 | 86 | ALTON | 1751 HOMER M ADAMS PKWY | ALTON | IL | 62002 |
| 16 | 1867 | ALTOONA | 415 ORCHARD AVE STE 7 | ALTOONA | PA | 16601 |
| 17 | 1484 | AMARILLO | 3415 BELL ST | AMARILLO | TX | 79109 |
| 18 | 1270 | AMSTERDAM | 4879 STATE HIGHWAY 30 | AMSTERDAM | NY | 12010 |
| 19 | 5489 | ANDALUSIA | 130 COVINGTON MALL | ANDALUSIA | AL | 36420 |
| 20 | 5321 | ANDERSON | 4358 S SCATTERFIELD RD | ANDERSON | IN | 46013 |
| 21 | 5367 | ANDERSON | 162 STATION DR | ANDERSON | SC | 29621 |
| 22 | 802 | ANNISTON | 3124 MCCLELLAN BLVD | ANNISTON | AL | 36201 |
| 23 | 1468 | APOPKA | 775 S ORANGE BLOSSOM TRL | APOPKA | FL | 32703 |
| 24 | 1995 | APPLE VALLEY | 21640 BEAR VALLEY RD | APPLE VALLEY | CA | 92308 |
| 25 | 5238 | ARDEN | 11 MCKENNA RD | ARDEN | NC | 28704 |
| 26 | 5142 | ARDMORE | 1203 N COMMERCE  STREET | ARDMORE | OK | 73401 |
| 27 | 1192 | ARLINGTON | 2110 S COOPER ST | ARLINGTON | TX | 76013 |
| 28 | 1890 | ARLINGTON | 5781 SW GREEN OAKS BLVD | ARLINGTON | TX | 76017 |
| 29 | 1805 | ASHEBORO | 1432 E DIXIE DR | ASHEBORO | NC | 27203 |
| 30 | 833 | ASHLAND | 711 MARTIN LUTHER KING JR BLVD | ASHLAND | KY | 41101 |
| 31 | 1969 | ASHTABULA | 2466 W PROSPECT RD | ASHTABULA | OH | 44004 |
| 32 | 1158 | ATHENS | 603 US HWY 72 W | ATHENS | AL | 35611 |
| 33 | 1429 | ATHENS | 3190 ATLANTA HWY | ATHENS | GA | 30606 |
| 34 | 29 | ATHENS | 918 E STATE ST | ATHENS | OH | 45701 |
| 35 | 498 | ATHENS | 1637 Decatur Pike | ATHENS | TN | 37303 |
| 36 | 1763 | ATLANTA | 3358 CHAMBLEE TUCKER RD | ATLANTA | GA | 30341 |
| 37 | 1398 | ATTLEBORO | 217 S MAIN ST | ATTLEBORO | MA | 02703 |
| 38 | 4691 | AUBURN | 416 SOUTHBRIDGE ST | AUBURN | MA | 01501 |
| 39 | 1471 | AUBURN | 360 GRANT AVE RD STE 2 | AUBURN | NY | 13021 |
| 40 | 459 | AUBURN | 1716 OPELIKA RD | AUBURN | AL | 36830 |
| 41 | 1528 | AUBURN | 730 CENTER ST | AUBURN | ME | 04210 |
| 42 | 4525 | AUGUSTA | 152 WESTERN AVE | AUGUSTA | ME | 04330 |
| 43 | 3 | AUGUSTA | 2708 PEACH ORCHARD RD | AUGUSTA | GA | 30906 |
| 44 | 4133 | AURORA | 15351 E HAMPDEN AVE | AURORA | CO | 80013 |
| 45 | 1243 | AURORA | 888 GREEN BLVD | AURORA | IN | 47001 |
| 46 | 372 | AUSTELL | 5055 AUSTELL RD | AUSTELL | GA | 30106 |
| 47 | 4387 | AUSTIN | 801 E WILLIAM CANNON RD STE 135B | AUSTIN | TX | 78745 |
| 48 | 4131 | AUSTIN | 8666 SPICEWOOD SPRINGS RD | AUSTIN | TX | 78759 |
| 49 | 550 | AVON PARK | 818 US HWY 27  S | AVON PARK | FL | 33825 |
| 50 | 4655 | BAKERSFIELD | 4751 WHITE LANE | BAKERSFIELD | CA | 93309 |
| 51 | 1464 | BARBERTON | 241 W WOOSTER RD | BARBERTON | OH | 44203 |
| 52 | 5249 | BARNEGAT | 580 N MAIN ST | BARNEGAT | NJ | 08005 |
| 53 | 5385 | BARTLESVILLE | 564 SE WASHINGTON BLVD | BARTLESVILLE | OK | 74006 |
| 54 | 5242 | BATTLE CREEK | 5440 BECKLEY RD. | BATTLE CREEK | MI | 49015 |
| 55 | 420 | BAY CITY | 1001 N EUCLID AVE | BAY CITY | MI | 48706 |
| 56 | 5181 | BEACHWOOD | 24295 CHAGRIN BLVD. | BEACHWOOD | OH | 44122 |
| 57 | 5440 | BEAUFORT | 328 ROBERT SMALLS PKWY | BEAUFORT | SC | 29906 |
| 58 | 1263 | BECKLEY | 4522 ROBERT C BYRD DR | BECKLEY | WV | 25801 |
| 59 | 257 | BEDFORD | 3309 16TH ST | BEDFORD | IN | 47421 |
| 60 | 1179 | BEDFORD | 2853 CENTRAL DR | BEDFORD | TX | 76021 |
| 61 | 1570 | BELLE VERNON | 142 FINLEY RD | BELLE VERNON | PA | 15012 |
| 62 | 122 | BELLEFONTAINE | 1760 S MAIN ST | BELLEFONTAINE | OH | 43311 |
| 63 | 109 | BELLEVUE | 15 E 6TH ST | BELLEVUE | KY | 41073 |
| 64 | 5237 | BELMONT | 601 PARK ST | BELMONT | NC | 28012 |
| 65 | 4488 | BELMONT | 96 DANIEL WEBSTER HWY | BELMONT | NH | 03220 |
| 66 | 4556 | BEND | 2600 NE HIGHWAY 20 | BEND | OR | 97701 |
| 67 | 5163 | BENTON | 1426 MILITARY PLAZA | BENTON | AR | 72015 |
| 68 | 1380 | BETHLEHEM | 2192 W UNION BLVD | BETHLEHEM | PA | 18018 |
| 69 | 1765 | BEVERLY | 4355 ROUTE 130 STE A | BEVERLY | NJ | 08010 |
| 70 | 5225 | BILLERICA | 480 BOSTON RD | BILLERICA | MA | 01821 |
| 71 | 1923 | BILLINGS | 1515 MAIN ST | BILLINGS | MT | 59105 |
| 72 | 1596 | BISMARCK | 1026 E BISMARCK EXPY | BISMARCK | ND | 58504 |
| 73 | 4643 | BLAINE | 634 COUNTY ROAD 10 NE | BLAINE | MN | 55434 |
| 74 | 247 | BLOOMINGTON | 3620 W 3RD ST | BLOOMINGTON | IN | 47404 |
| 75 | 1141 | BLOOMSBURG | 2431 COLUMBIA BLVD | BLOOMSBURG | PA | 17815 |
| 76 | 5241 | BLUE SPRINGS | 603 SW US HIGHWAY 40 | BLUE SPRINGS | MO | 64014 |
| 77 | 5097 | BLUFFTON | 32 MALPHRUS RD STE 111 | BLUFFTON | SC | 29910 |
| 78 | 4518 | BOURBONNAIS | 185 S KENNEDY DR | BOURBONNAIS | IL | 60914 |
| 79 | 4729 | BOWLING GREEN | 3000 SCOTTSVILLE RD | BOWLING GREEN | KY | 42104 |
| 80 | 30 | BOWLING GREEN | 818 S MAIN ST | BOWLING GREEN | OH | 43402 |
| 81 | 5231 | BOYERTOWN | 801 E PHILADELPHIA AVE STE 4 | BOYERTOWN | PA | 19512 |
| 82 | 5171 | BRADENTON | 5584 CORTEZ RD. WEST | BRADENTON | FL | 34210 |
| 83 | 5353 | BRADFORD | 1001 E MAIN ST | BRADFORD | PA | 16701 |
| 84 | 5456 | BRANDENBURG | 777 BYPASS RD | BRANDENBURG | KY | 40108 |
| 85 | 560 | BRANDON | 843 W BLOOMINGDALE AVE | BRANDON | FL | 33511 |
| 86 | 1955 | BRICK | 135 VAN ZILE RD | BRICK | NJ | 08724 |
| 87 | 5346 | BRIDGEPORT | 56104 NATIONAL RD | BRIDGEPORT | OH | 43912 |
| 88 | 246 | BRIDGEPORT | 104 THOMPSON DR | BRIDGEPORT | WV | 26330 |
| 89 | 1951 | BRIDGEVILLE | 1155 WASHINGTON PIKE | BRIDGEVILLE | PA | 15017 |
| 90 | 4572 | BRIGHTON | 893 S KUNER RD. | BRIGHTON | CO | 80601 |
| 91 | 487 | BRISTOL | 1103 VOLUNTEER PKWY | BRISTOL | TN | 37620 |
| 92 | 1738 | BRISTOL | 1235 FARMINGTON AVE | BRISTOL | CT | 06010 |
| 93 | 5135 | BROCKPORT | 6515 BROCKPORT SPENCERPORT RD | BROCKPORT | NY | 14420 |
| 94 | 1144 | BROKEN ARROW | 1750 S ELM PL | BROKEN ARROW | OK | 74012 |
| 95 | 1375 | BROOKSVILLE | 20050 CORTEZ BLVD | BROOKSVILLE | FL | 34601 |
| 96 | 1742 | BROWNSVILLE | 1601 E PRICE RD | BROWNSVILLE | TX | 78521 |
| 97 | 1664 | BROWNWOOD | 315 E COMMERCE ST UNIT B | BROWNWOOD | TX | 76801 |
| 98 | 1507 | BRUNSWICK | 4420 ALTAMA AVE STE C2 | BRUNSWICK | GA | 31520 |
| 99 | 1699 | BRUNSWICK | 1733 PEARL RD STE 125 | BRUNSWICK | OH | 44212 |

BIG LOTS, INC. Stores

Exhibit

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | **Store List** | | | | |

| 100 | 1694 | BRUNSWICK | 8 GURNET RD STE 8 | | BRUNSWICK | ME | 04011 |
|---|---|---|---|---|---|---|---|
| 101 | 4052 | BUENA PARK | 8932 VALLEY VIEW ST | | BUENA PARK | CA | 90620 |
| 102 | 1852 | BUFFALO | 4101 TRANSIT RD | | BUFFALO | NY | 14221 |
| 103 | 5414 | BUFORD | 4125 HIGHWAY 20, STE A-2 | | BUFORD | GA | 30518 |
| 104 | 1900 | BULLHEAD CITY | 2350 MIRACLE MILE STE 500 | | BULLHEAD CITY | AZ | 86442 |
| 105 | 1861 | BURLESON | 648 SW WILSHIRE BLVD | | BURLESON | TX | 76028 |
| 106 | 499 | BURLINGTON | 1811 S CHURCH ST | | BURLINGTON | NC | 27215 |
| 107 | 1289 | BURLINGTON | 3320 AGENCY ST | | BURLINGTON | IA | 52601 |
| 108 | 5475 | BURNHAM | 331 FREEDOM AVE | | BURNHAM | PA | 17009 |
| 109 | 5229 | BURTON | 4157 E. COURT STREET | | BURTON | MI | 48509 |
| 110 | 473 | BUTLER | 190 ALAMEDA PLZ | | BUTLER | PA | 16001 |
| 111 | 5490 | CALLAWAY | 225 S TYNDALL PKWY | | CALLAWAY | FL | 32404 |
| 112 | 1079 | CAMBRIDGE | 1755 SOUTHGATE PKWY | | CAMBRIDGE | OH | 43725 |
| 113 | 1874 | CAMDEN | 2209 W DEKALB ST | | CAMDEN | SC | 29020 |
| 114 | 1413 | CAMP HILL | 3437 SIMPSON FERRY RD | | CAMP HILL | PA | 17011 |
| 115 | 1842 | CAMPBELLSVILLE | 400 CAMPBELLSVILLE BYP | | CAMPBELLSVILLE | KY | 42718 |
| 116 | 1622 | CANTON | 1336 WHIPPLE AVE NW | | CANTON | OH | 44708 |
| 117 | 1775 | CAPE MAY | 3845 BAYSHORE RD | | CAPE MAY | NJ | 08204 |
| 118 | 5266 | CAPE MAY COURT HOUSE | 20 COURT HOUSE S DENNIS RD. | | CAPE MAY COURT HOUSE | NJ | 08210 |
| 119 | 4751 | CARLSBAD | 2302 W PIERCE ST | | CARLSBAD | NM | 88220 |
| 120 | 5487 | CARROLLTON | 1004 BANKHEAD HWY STE A3 | | CARROLLTON | GA | 30117 |
| 121 | 1624 | CARROLLTON | 3621 N JOSEY LN | | CARROLLTON | TX | 75007 |
| 122 | 4563 | CARSON CITY | 4215 S CARSON ST | | CARSON CITY | NV | 89701 |
| 123 | 1003 | CARTERSVILLE | 160 MARKET SQ | | CARTERSVILLE | GA | 30120 |
| 124 | 1748 | CARY | 128 KILMAYNE DR | | CARY | NC | 27511 |
| 125 | 4609 | CASA GRANDE | 1346 E FLORENCE BLVD STE 3 | | CASA GRANDE | AZ | 85122 |
| 126 | 4444 | CASPER | 2141 E 12TH ST | | CASPER | WY | 82601 |
| 127 | 4565 | CEDAR PARK | 850 N BELL BLVD STE 104 | | CEDAR PARK | TX | 78613 |
| 128 | 5204 | CHAFFEE | 12177 ROUTE 16 | | CHAFFEE | NY | 14030 |
| 129 | 1386 | CHALMETTE | 8700 W JUDGE PEREZ DR | | CHALMETTE | LA | 70043 |
| 130 | 1788 | CHAMBERSBURG | 184 SOUTHGATE MALL | | CHAMBERSBURG | PA | 17201 |
| 131 | 5161 | CHARDON | 540 WATER ST. | | CHARDON | OH | 44024 |
| 132 | 1877 | CHARLESTON | 118 HILLS PLZ | | CHARLESTON | WV | 25387 |
| 133 | 378 | CHARLESTON | 7200 MCCORKLE AVE SE | | CHARLESTON | WV | 25304 |
| 134 | 117 | CHARLESTON | 1401 SAM RITTENBERG BLVD. STE 15 | | CHARLESTON | SC | 29407 |
| 135 | 347 | CHATTANOOGA | 3901 HIXSON PIKE STE 157 | | CHATTANOOGA | TN | 37415 |
| 136 | 810 | CHESAPEAKE | 1971 S MILITARY HWY | | CHESAPEAKE | VA | 23320 |
| 137 | 5335 | CHESAPEAKE | 4300 PORTSMOUTH BLVD | | CHESAPEAKE | VA | 23321 |
| 138 | 5293 | CHESTER | 2660 WEIR PLACE | | CHESTER | VA | 23831 |
| 139 | 5259 | CHESTER | 24 KENT TOWNE MARKET | | CHESTER | MD | 21619 |
| 140 | 4663 | CHESTERFIELD | 50630 GRATIOT AVE | | CHESTERFIELD | MI | 48051 |
| 141 | 1718 | CHILLICOTHE | 985 N BRIDGE ST | | CHILLICOTHE | OH | 45601 |
| 142 | 5109 | CHRISTIANSBURG | 130 CONSTON AVE | | CHRISTIANSBURG | VA | 24073 |
| 143 | 5340 | CINCINNATI | 3640 WERK RD. | | CINCINNATI | OH | 45248 |
| 144 | 424 | CIRCLEVILLE | 201 LANCASTER PIKE | | CIRCLEVILLE | OH | 43113 |
| 145 | 310 | CLARKSVILLE | 1041 S RIVERSIDE DR | | CLARKSVILLE | TN | 37040 |
| 146 | 1310 | CLARKSVILLE | 706 E LEWIS & CLARK PKWY | | CLARKSVILLE | IN | 47129 |
| 147 | 1725 | CLEARFIELD | 130 PLAZA DR | | CLEARFIELD | PA | 16830 |
| 148 | 4220 | CLEARWATER | 1243 S MISSOURI AVE | | CLEARWATER | FL | 33756 |
| 149 | 1286 | CLEBURNE | 1615 W HENDERSON ST STE C | | CLEBURNE | TX | 76033 |
| 150 | 1372 | CLEMMONS | 100 WESTWOOD VILLAGE DR | | CLEMMONS | NC | 27012 |
| 151 | 494 | CLEONA | 467 W PENNA AVE | | CLEONA | PA | 17042 |
| 152 | 1055 | CLEVELAND | 12588 ROCKSIDE RD | | CLEVELAND | OH | 44125 |
| 153 | 405 | CLEVELAND | 840 25TH ST NW | | CLEVELAND | TN | 37311 |
| 154 | 1496 | CLEVELAND | 6282 PEARL RD | | CLEVELAND | OH | 44130 |
| 155 | 5458 | CLEVELAND | 14901 LORAIN AVE | | CLEVELAND | OH | 44111 |
| 156 | 1950 | CLIFTON | 1006 ROUTE 46 | | CLIFTON | NJ | 07013 |
| 157 | 5120 | CLIFTON PARK | 54 CROSSING BLVD | | CLIFTON PARK | NY | 12065 |
| 158 | 229 | CLINTON | 105 LONGMIRE RD | | CLINTON | TN | 37716 |
| 159 | 1965 | CLINTON | 200 CLINTON BLVD | | CLINTON | MS | 39056 |
| 160 | 5107 | CLINTON TOWNSHIP | 35603 S GRATIOT AVE | | CLINTON TOWNSHIP | MI | 48035 |
| 161 | 1983 | CLOVIS | 820 E 21ST ST | | CLOVIS | NM | 88101 |
| 162 | 4682 | CLOVIS | 1155 SHAW AVE | | CLOVIS | CA | 93612 |
| 163 | 1827 | COCOA | 801 DIXON BLVD STE 1131 | | COCOA | FL | 32922 |
| 164 | 4474 | COEUR D ALENE | 101 E BESF AVE | | COEUR D ALENE | ID | 83814 |
| 165 | 4743 | COLLINS | 2221 MAIN ST | | COLLINS | NY | 14034 |
| 166 | 292 | COLUMBIA | 1301 S JAMES CAMPBELL BLVD | | COLUMBIA | TN | 38401 |
| 167 | 1178 | COLUMBIA | 9221 TWO NOTCH RD STE 30 | | COLUMBIA | SC | 29223 |
| 168 | 5123 | COLUMBIA | 6169 ST. ANDREWS RD. | | COLUMBIA | SC | 29212 |
| 169 | 1012 | COLUMBIA | 6880 GARNERS FERRY RD | | COLUMBIA | SC | 29209 |
| 170 | 5243 | COLUMBUS | 4260 WEST BROAD ST | | COLUMBUS | OH | 43228 |
| 171 | 5430 | COLUMBUS | 3075 E 25TH ST | | COLUMBUS | IN | 47203 |
| 172 | 1 | COLUMBUS | 2837 WINCHESTER PIKE | | COLUMBUS | OH | 43232 |
| 173 | 1461 | COLUMBUS | 5300 SIDNEY SIMONS BLVD STE 32 | | COLUMBUS | GA | 31904 |
| 174 | 410 | COLUMBUS | 4645 MORSE CENTRE RD | | COLUMBUS | OH | 43229 |
| 175 | 5447 | COLUMBUS | 4870 MORSE RD | | COLUMBUS | OH | 43230 |
| 176 | 1521 | CONCORD | 280 CONCORD PKWY N | | CONCORD | NC | 28027 |
| 177 | 4552 | CONROE | 1404 N LOOP 336 W | | CONROE | TX | 77304 |
| 178 | 4641 | CONVERSE | 8318 FM 78 | | CONVERSE | TX | 78109 |
| 179 | 1781 | CONWAY | 1641 CHURCH ST | | CONWAY | SC | 29526 |
| 180 | 1257 | CONWAY | 150 E OAK ST | | CONWAY | AR | 72032 |
| 181 | 1989 | CONYERS | 1820 HWY 20 SE STE 128 | | CONYERS | GA | 30013 |
| 182 | 282 | COOKEVILLE | 633 S JEFFERSON AVE | | COOKEVILLE | TN | 38501 |
| 183 | 1753 | COPIAGUE | 1255 SUNRISE HWY | | COPIAGUE | NY | 11726 |
| 184 | 5113 | CORAL SPRINGS | 725 N. UNIVERSITY DR. | | CORAL SPRINGS | FL | 33071 |
| 185 | 198 | CORBIN | 14659 N US HWY 25 E STE 41 | | CORBIN | KY | 40701 |
| 186 | 1382 | CORNELIA | 323 HABERSHAM VILLAGE CIR | | CORNELIA | GA | 30531 |
| 187 | 1879 | CORPUS CHRISTI | 4938 S STAPLES ST | | CORPUS CHRISTI | TX | 78411 |
| 188 | 1085 | CORSICANA | 1955 W 7TH AVE | | CORSICANA | TX | 75110 |
| 189 | 1794 | CORTLAND | 3662 STATE ROUTE 281 STE 1 | | CORTLAND | NY | 13045 |
| 190 | 469 | COSHOCTON | 300 DOWNTOWNER PLAZA | | COSHOCTON | OH | 43812 |
| 191 | 4090 | COVINA | 20808 E ARROW HWY | | COVINA | CA | 91724 |
| 192 | 1093 | COVINGTON | 3111 HIGHWAY 278 NW | | COVINGTON | GA | 30014 |
| 193 | 1836 | COVINGTON | 1200 BUSINESS 190 STE 2 | | COVINGTON | LA | 70433 |
| 194 | 265 | COVINGTON | 3905 WINSTON AVE | | COVINGTON | KY | 41015 |
| 195 | 571 | CRESTVIEW | 2507 S FERDON BLVD | | CRESTVIEW | FL | 32536 |
| 196 | 491 | CROSSVILLE | 106 CUMBERLAND SQ | | CROSSVILLE | TN | 38555 |
| 197 | 516 | CRYSTAL RIVER | 146 SE US HIGHWAY 19 | | CRYSTAL RIVER | FL | 34429 |
| 198 | 375 | CULLMAN | 1619 TOWN SQ SW | | CULLMAN | AL | 35055 |
| 199 | 5234 | CULPEPER | 751 DOMINION SQUARE SHOPPING CENTER | | CULPEPER | VA | 22701 |

BIG LOTS, INC. Stores

Exhibit

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | **Store List** | | | |
| 200 | 461 | CUMBERLAND | 1629 Old Town Rd | CUMBERLAND | MD | 21502 |
| 201 | 1011 | CUMMING | 580 ATLANTA RD STE 210 | CUMMING | GA | 30040 |
| 202 | 5127 | CUYAHOGA FALLS | 405 HOWE AVE. | CUYAHOGA FALLS | OH | 44221 |
| 203 | 546 | DADE CITY | 12820 US HIGHWAY 301 | DADE CITY | FL | 33525 |
| 204 | 1190 | DALLAS | 260 MERCHANTS SQUARE | DALLAS | GA | 30132 |
| 205 | 4652 | DALLAS | 2128 FORT WORTH AVE | DALLAS | TX | 75211 |
| 206 | 809 | DALTON | 1335 W WALNUT AVE | DALTON | GA | 30720 |
| 207 | 5205 | DANSVILLE | 10 VILLAGE PLAZA | DANSVILLE | NY | 14437 |
| 208 | 407 | DANVILLE | 20 N GILBERT ST | DANVILLE | IL | 61832 |
| 209 | 1298 | DANVILLE | 1714 PERRYVILLE RD STE 400 | DANVILLE | KY | 40422 |
| 210 | 5404 | DANVILLE | 142 EXECUTIVE DR | DANVILLE | VA | 24541 |
| 211 | 1222 | DAYTON | 164 WOODMAN DR | DAYTON | OH | 45431 |
| 212 | 5134 | DEARBORN | 5600 MERCURY DR | DEARBORN | MI | 48126 |
| 213 | 1401 | DECATUR | 1820 6TH AVE SE | DECATUR | AL | 35601 |
| 214 | 5387 | DELAND | 131 E INTERNATIONAL SPEEDWAY BLVD | DELAND | FL | 32724 |
| 215 | 5437 | DELAWARE | 159 S SANDUSKY ST | DELAWARE | OH | 43015 |
| 216 | 391 | DEPEW | 5165 BROADWAY | DEPEW | NY | 14043 |
| 217 | 1783 | DERBY | 600 NEW HAVEN AVE | DERBY | CT | 06418 |
| 218 | 1446 | DERRY | 55 CRYSTAL AVE | DERRY | NH | 03038 |
| 219 | 1245 | DESOTO | 719 N HAMPTON RD STE 217 | DESOTO | TX | 75115 |
| 220 | 1873 | DIBERVILLE | 10541 DIBERVILLE BLVD STE B | DIBERVILLE | MS | 39540 |
| 221 | 1078 | DICKSON | 220 DICKSON PLAZA DR | DICKSON | TN | 37055 |
| 222 | 5239 | DOTHAN | 2821 MONTGOMERY HIGHWAY | DOTHAN | AL | 36303 |
| 223 | 5168 | DOUGLASVILLE | 2842 CHAPEL HILL RD | DOUGLASVILLE | GA | 30135 |
| 224 | 5333 | DOVER | 515 DUPONT HWY | DOVER | DE | 19901 |
| 225 | 5223 | DOVER | 550 MOUNT PLEASANT AVE | DOVER | NJ | 07801 |
| 226 | 1761 | DU BOIS | 5522 SHAFFER RD UNIT 7 | DU BOIS | PA | 15801 |
| 227 | 1798 | DUBLIN | 1941 VETERANS BLVD | DUBLIN | GA | 31021 |
| 228 | 1666 | DUBLIN | 6569 SAWMILL RD | DUBLIN | OH | 43017 |
| 229 | 1595 | DUNDALK | 1400 MERRITT BLVD | DUNDALK | MD | 21222 |
| 230 | 1404 | DUNKIRK | 1170 CENTRAL AVE | DUNKIRK | NY | 14048 |
| 231 | 1166 | DUNMORE | 1010 ONEILL HWY | DUNMORE | PA | 18512 |
| 232 | 1726 | DUNN | 1140 W BROAD ST | DUNN | NC | 28334 |
| 233 | 1807 | DURANT | 2418 W MAIN ST | DURANT | OK | 74701 |
| 234 | 1747 | DURHAM | 4723 NC HWY 55 | DURHAM | NC | 27713 |
| 235 | 5178 | DYERSBURG | 2450 LAKE RD STE E | DYERSBURG | TN | 38024 |
| 236 | 5312 | EASLEY | 1023A S PENDLETON ST | EASLEY | SC | 29642 |
| 237 | 1603 | EAST HARTFORD | 940 SILVER LN STE 3 | EAST HARTFORD | CT | 06118 |
| 238 | 1707 | EAST LIVERPOOL | 15977 STATE ROUTE 170 | EAST LIVERPOOL | OH | 43920 |
| 239 | 1534 | EAST PEORIA | 2500 E WASHINGTON ST | EAST PEORIA | IL | 61611 |
| 240 | 1123 | EAST ROCHESTER | 825 FAIRPORT RD | EAST ROCHESTER | NY | 14445 |
| 241 | 1529 | EAST STROUDSBURG | 156 EAGLES GLEN PLZ STE 190 | EAST STROUDSBURG | PA | 18301 |
| 242 | 5439 | EASTON | 210 MARLBORO AVE, STE 55 | EASTON | MD | 21601 |
| 243 | 387 | EASTPOINTE | 16100 E 10 MILE RD | EASTPOINTE | MI | 48021 |
| 244 | 1979 | EBENSBURG | 881 HILLS PLZ STE 500 | EBENSBURG | PA | 15931 |
| 245 | 1203 | EDGEWOOD | 1815 PULASKI HWY | EDGEWOOD | MD | 21040 |
| 246 | 4610 | EDINBURG | 313 EAST TRENTON RD. | EDINBURG | TX | 78539 |
| 247 | 5252 | EDMOND | 1600 S. BROADWAY | EDMOND | OK | 73013 |
| 248 | 1926 | EL PASO | 1590 GEORGE DIETER DR | EL PASO | TX | 79936 |
| 249 | 4702 | EL PASO | 6375 MONTANA AVE SUITE 101 | EL PASO | TX | 79925 |
| 250 | 4245 | EL PASO | 7025 N MESA ST | EL PASO | TX | 79912 |
| 251 | 4661 | EL PASO | 10771 GATEWAY SOUTH BLVD STE G | EL PASO | TX | 79934 |
| 252 | 1891 | ELIZABETH CITY | 685 S HUGHES BLVD | ELIZABETH CITY | NC | 27909 |
| 253 | 5345 | ELIZABETHTON | 791 WEST ELK AVE | ELIZABETHTON | TN | 37643 |
| 254 | 135 | ELIZABETHTOWN | 200 SYCAMORE ST STE 151 | ELIZABETHTOWN | KY | 42701 |
| 255 | 224 | ELKIN | 1504 N BRIDGE ST | ELKIN | NC | 28621 |
| 256 | 458 | ELKINS | 710 BEVERLY PIKE | ELKINS | WV | 26241 |
| 257 | 1958 | ELKTON | 801 E PULASKI HWY STE 141 | ELKTON | MD | 21921 |
| 258 | 1631 | ELMIRA | 801 LAKE ST | ELMIRA | NY | 14901 |
| 259 | 5358 | ELYRIA | 2685 HILLTOP DR | REDDING | CA | 44035 |
| 260 | 1853 | ENGLEWOOD | 1855 ENGLEWOOD RD | ENGLEWOOD | FL | 34223 |
| 261 | 5282 | EPHRATA | 389 N. READING RD. | EPHRATA | PA | 17522 |
| 262 | 5121 | ERIE | 2215 W 12TH ST | ERIE | PA | 16505 |
| 263 | 1854 | ESSEX JUNCTION | 70 PEARL ST | ESSEX JUNCTION | VT | 05452 |
| 264 | 515 | EUSTIS | 405 PLAZA DR | EUSTIS | FL | 32726 |
| 265 | 5299 | EVANS | 526 N. BELAIR RD | EVANS | GA | 30809 |
| 266 | 1760 | EVANSVILLE | 720 S GREEN RIVER RD | EVANSVILLE | IN | 47715 |
| 267 | 5188 | EYNON | 866 SCRANTON CARBONDALE HWY | EYNON | PA | 18403 |
| 268 | 5268 | FAIRFIELD | 4613 DIXIE HWY | FAIRFIELD | OH | 45014 |
| 269 | 4675 | FAIRHAVEN | 7 PLAZA WAY | FAIRHAVEN | MA | 02719 |
| 270 | 1776 | FAIRHOPE | 150 EASTERN SHORE SHOPPING CTR | FAIRHOPE | AL | 36532 |
| 271 | 1849 | FAIRLESS HILLS | 500 LINCOLN HWY STE 4 | FAIRLESS HILLS | PA | 19030 |
| 272 | 62 | FAIRMONT | 1228 COUNTRY CLUB RD | FAIRMONT | WV | 26554 |
| 273 | 4144 | FARMERS BRANCH | 2865 VALLEY VIEW LN | FARMERS BRANCH | TX | 75234 |
| 274 | 4458 | FARMINGTON | 909 FARMINGTON AVE | FARMINGTON | NM | 87401 |
| 275 | 4626 | FARMINGTON | 634 WILTON RD (US 2) | FARMINGTON | ME | 04938 |
| 276 | 4737 | FARMINGTON HILLS | 30120 GRAND RIVER AVE | FARMINGTON HILLS | MI | 48336 |
| 277 | 5310 | FAYETTEVILLE | 3915 RAMSEY STREET | FAYETTEVILLE | NC | 28311 |
| 278 | 206 | FAYETTEVILLE | 3910 RAEFORD RD | FAYETTEVILLE | NC | 28304 |
| 279 | 5151 | FENTON | 691 GRAVOIS BLUFFS  BOULEVARD | FENTON | MO | 63026 |
| 280 | 1187 | FINDLAY | 1925 TIFFIN AVE | FINDLAY | OH | 45840 |
| 281 | 1238 | FITCHBURG | 353 JOHN FITCH HWY | FITCHBURG | MA | 01420 |
| 282 | 1601 | FLINT | 5112 MILLER RD | FLINT | MI | 48507 |
| 283 | 5288 | FLORENCE | 2528 DAVID H MCLEOD BLVD | FLORENCE | SC | 29501 |
| 284 | 296 | FLORENCE | 6829 BURLINGTON PIKE | FLORENCE | KY | 41042 |
| 285 | 5413 | FLORENCE | 340 SEVILLE ST | FLORENCE | AL | 35630 |
| 286 | 5322 | FOLEY | 3161 SOUTH MCKENZIE ST | FOLEY | AL | 36535 |
| 287 | 553 | FORT LAUDERDALE | 1003 W STATE RD 84 | FORT LAUDERDALE | FL | 33315 |
| 288 | 541 | FORT MYERS | 4901 PALM BEACH BLVD STE 230 | FORT MYERS | FL | 33905 |
| 289 | 1545 | FORT MYERS | 4429 CLEVELAND AVE | FORT MYERS | FL | 33901 |
| 290 | 5417 | FORT OGLETHORPE | 558 BATTLEFIELD PKWY | FORT OGLETHORPE | GA | 30742 |
| 291 | 1293 | FORT PAYNE | 110 DEKALB PLAZA BLVD SW | FORT PAYNE | AL | 35967 |
| 292 | 568 | FORT PIERCE | 2311 S US HWY 1 | FORT PIERCE | FL | 34982 |
| 293 | 1546 | FORT SMITH | 4900 ROGERS AVE | FORT SMITH | AR | 72903 |
| 294 | 1384 | FORT WALTON BEACH | 111 RACETRACK RD NW | FORT WALTON BEACH | FL | 32547 |
| 295 | 1226 | FORT WAYNE | 6128 STELLHORN RD | FORT WAYNE | IN | 46815 |
| 296 | 4134 | FORT WORTH | 6300 RUFE SNOW DR | FORT WORTH | TX | 76148 |
| 297 | 1998 | FORT WORTH | 6425 MCCART AVE | FORT WORTH | TX | 76133 |
| 298 | 1640 | FRACKVILLE | 940 MALL RD | FRACKVILLE | PA | 17931 |
| 299 | 5405 | FRANKFORT | 1300 US HIGHWAY 127 | FRANKFORT | KY | 40601 |

| | | Store List | | | | |
|---|---|---|---|---|---|---|
| 300 | 1365 | FRANKLIN | 273 FRANKLIN PLAZA DR | FRANKLIN | NC | 28734 |
| 301 | 396 | FRANKLIN | 697 ALLEGHENY BLVD | FRANKLIN | PA | 16323 |
| 302 | 5138 | FRANKLIN | 275 E CENTRAL ST | FRANKLIN | MA | 02038 |
| 303 | 5284 | FRANKLIN | 1538 NORTH MORTON ST | FRANKLIN | IN | 46131 |
| 304 | 4613 | FRANKLIN PARK | 10205 GRAND AVE | FRANKLIN PARK | IL | 60131 |
| 305 | 5395 | FREDERICK | 1308 W PATRICK ST | FREDERICK | MD | 21703 |
| 306 | 5438 | FREDERICKSBURG | 10611 COURTHOUSE RD | FREDERICKSBURG | VA | 22407 |
| 307 | 5338 | FREMONT | 1800 E STATE ST | FREMONT | OH | 43420 |
| 308 | 5416 | FRONT ROYAL | 260 REMOUNT RD | FRONT ROYAL | VA | 22630 |
| 309 | 5474 | FROSTBURG | 10701 NEW GEORGES CREEK RD SW | FROSTBURG | MD | 21532 |
| 310 | 5235 | FUQUAY VARINA | 630 LAKESTONE COMMONS AVE | FUQUAY-VARINA | NC | 27526 |
| 311 | 1262 | GAFFNEY | 1329 W FLOYD BAKER BLVD | GAFFNEY | SC | 29341 |
| 312 | 1860 | GAINESVILLE | 1104 E HIGHWAY 82 | GAINESVILLE | TX | 76240 |
| 313 | 5289 | GAINESVILLE | 2323 NW 13TH ST | GAINESVILLE | FL | 32609 |
| 314 | 242 | GAINESVILLE | 1500 BROWNS BRIDGE RD STE 102 | GAINESVILLE | GA | 30501 |
| 315 | 5419 | GALAX | 1077 E STUART DR, SUITE 100 | GALAX | VA | 24333 |
| 316 | 804 | GALESBURG | 1280 N HENDERSON ST | GALESBURG | IL | 61401 |
| 317 | 5255 | GALLATIN | 744 NASHVILLE PIKE | GALLATIN | TN | 37066 |
| 318 | 1505 | GALLIPOLIS | 400 SILVER BRIDGE PLZ | GALLIPOLIS | OH | 45631 |
| 319 | 4471 | GALLUP | 900 US HIGHWAY 491 | GALLUP | NM | 87301 |
| 320 | 1802 | GARDNER | 344 TIMPANY BLVD | GARDNER | MA | 01440 |
| 321 | 1536 | GASTONIA | 2587 W FRANKLIN BLVD | GASTONIA | NC | 28052 |
| 322 | 1871 | GAYLORD | 1401 W MAIN ST | GAYLORD | MI | 49735 |
| 323 | 1999 | GEORGETOWN | 1651 PARIS PIKE | GEORGETOWN | KY | 40324 |
| 324 | 1125 | GLASGOW | 942 HAPPY VALLEY RD | GLASGOW | KY | 42141 |
| 325 | 1608 | GLEN BURNIE | 344 HOSPITAL DR | GLEN BURNIE | MD | 21061 |
| 326 | 1911 | GLENDALE | 6660 W CACTUS RD STE A110 | GLENDALE | AZ | 85304 |
| 327 | 5187 | GLOUCESTER | 6571 MARKET DR. | GLOUCESTER | VA | 23061 |
| 328 | 1513 | GOFFSTOWN | 533 MAST RD | GOFFSTOWN | NH | 03045 |
| 329 | 5149 | GOLDSBORO | 1101 N BERKELEY BLVD STE C | GOLDSBORO | NC | 27534 |
| 330 | 1701 | GONZALES | 120 N AIRLINE HWY | GONZALES | LA | 70737 |
| 331 | 1975 | GOOSE CREEK | 431 SAINT JAMES AVE UNIT G | GOOSE CREEK | SC | 29445 |
| 332 | 1777 | GRANBURY | 1820 ACTON HWY | GRANBURY | TX | 76049 |
| 333 | 1477 | GRAND RAPIDS | 3464 PLAINFIELD AVE NE | GRAND RAPIDS | MI | 49525 |
| 334 | 409 | GRAND RAPIDS | 5450 DIVISION AVE S | GRAND RAPIDS | MI | 49548 |
| 335 | 5262 | GRANVILLE | 70 QUAKER ST. | GRANVILLE | NY | 12832 |
| 336 | 5118 | GREEN BAY | 1507 WEST MASON STREET | GREEN BAY | WI | 54303 |
| 337 | 578 | GREENACRES | 4515 LAKE WORTH RD | GREENACRES | FL | 33463 |
| 338 | 1235 | GREENEVILLE | 1475 E ANDREW JOHNSON HWY | GREENEVILLE | TN | 37745 |
| 339 | 251 | GREENFIELD | 1612 N STATE ST | GREENFIELD | IN | 46140 |
| 340 | 1806 | GREENSBORO | 3718 BATTLEGROUND AVE | GREENSBORO | NC | 27410 |
| 341 | 1288 | GREENSBURG | 6041 STATE ROUTE 30 STE 20 | GREENSBURG | PA | 15601 |
| 342 | 1858 | GREENVILLE | 609 GREENVILLE BLVD SE | GREENVILLE | NC | 27858 |
| 343 | 335 | GREENVILLE | 2111 N PLEASANTBURG DR | GREENVILLE | SC | 29609 |
| 344 | 1221 | GREENVILLE | 6408 WESLEY ST | GREENVILLE | TX | 75402 |
| 345 | 1808 | GREENVILLE | 2131 WOODRUFF RD | GREENVILLE | SC | 29607 |
| 346 | 4714 | GREENWICH | 1251 STATE ROUTE 29 | GREENWICH | NY | 12834 |
| 347 | 1094 | GREENWOOD | 339 BYPASS 72 NW | GREENWOOD | SC | 29649 |
| 348 | 1021 | GREENWOOD | 701 W PARK AVE | GREENWOOD | MS | 38930 |
| 349 | 5407 | GREER | 14154 E WADE HAMPTON BLVD | GREER | SC | 29651 |
| 350 | 1617 | GRIFFIN | 1659 N EXPRESSWAY | GRIFFIN | GA | 30223 |
| 351 | 451 | GROVE CITY | 3961 HOOVER RD | GROVE CITY | OH | 43123 |
| 352 | 840 | GULFPORT | 19 HARDY COURT CTR | GULFPORT | MS | 39507 |
| 353 | 1081 | GUNTERSVILLE | 14228 US HIGHWAY 431 | GUNTERSVILLE | AL | 35976 |
| 354 | 5218 | HAGERSTOWN | 1501 WESEL BLVD | HAGERSTOWN | MD | 21740 |
| 355 | 5265 | HAINES CITY | 35884 HWY 27 | HAINES CITY | FL | 33844 |
| 356 | 1839 | HAMBURG | 5599 S PARK AVE | HAMBURG | NY | 14075 |
| 357 | 5301 | HAMILTON | 102 UTICA STREET | HAMILTON | NY | 13346 |
| 358 | 5334 | HAMILTON | 600 RT 33 | HAMILTON | NJ | 08619 |
| 359 | 5411 | HAMPTON | 2318 W MERCURY BLVD | HAMPTON | VA | 23666 |
| 360 | 1392 | HANOVER | 1150 CARLISLE ST | HANOVER | PA | 17331 |
| 361 | 1073 | HARLAN | 116 VILLAGE CENTER RD | HARLAN | KY | 40831 |
| 362 | 4562 | HARLINGEN | 2014 S. EXPRESSWAY 83 | HARLINGEN | TX | 78552 |
| 363 | 1996 | HARRISBURG | 3850 UNION DEPOSIT RD | HARRISBURG | PA | 17109 |
| 364 | 5361 | HARRISON | 10560 HARRISON AVE | HARRISON | OH | 45030 |
| 365 | 1381 | HARRISON | 617 HWY 62 65 N | HARRISON | AR | 72601 |
| 366 | 1241 | HARRISONBURG | 131 S CARLTON ST | HARRISONBURG | VA | 22801 |
| 367 | 5226 | HARTSVILLE | 139 WESTFIELDS STREET | HARTSVILLE | SC | 29550 |
| 368 | 368 | HARTVILLE | 840 W MAPLE ST | HARTVILLE | OH | 44632 |
| 369 | 1094 | HAZARD | 294 VILLAGE LN | HAZARD | KY | 41701 |
| 370 | 5399 | HEATH | 851 S 30TH ST | HEATH | OH | 43056 |
| 371 | 1882 | HENDERSONVILLE | 204-A THOMPSON ST | HENDERSONVILLE | NC | 28792 |
| 372 | 1780 | HENRICO | 8028 W BROAD ST | HENRICO | VA | 23294 |
| 373 | 4470 | HERMISTON | 930 S HIGHWAY 395 STE A | HERMISTON | OR | 97838 |
| 374 | 1845 | HERMITAGE | 4109 LEBANON PIKE | HERMITAGE | TN | 37076 |
| 375 | 5400 | HERMITAGE | 2235 E STATE ST | HERMITAGE | PA | 16148 |
| 376 | 604 | HICKORY | 526c US HIGHWAY 70 SW | HICKORY | NC | 28602 |
| 377 | 5236 | HICKSVILLE | 275 S. BROADWAY | HICKSVILLE | NY | 11801 |
| 378 | 1727 | HIGH POINT | 2531 EASTCHESTER DR | HIGH POINT | NC | 27265 |
| 379 | 5379 | HIGH POINT | 1677 WESTCHESTER DR | HIGH POINT | NC | 27262 |
| 380 | 5092 | HILLIARD | 5419 ROBERTS RD | HILLIARD | OH | 43026 |
| 381 | 1757 | HINESVILLE | 521 W OGLETHORPE HWY | HINESVILLE | GA | 31313 |
| 382 | 4417 | HOBBS | 903 E BENDER BLVD | HOBBS | NM | 88240 |
| 383 | 5217 | HOLBROOK | 5755 SUNRISE HWY | HOLBROOK | NY | 11741 |
| 384 | 1746 | HOLLAND | 1588 SPRING MEADOWS DR | HOLLAND | OH | 43528 |
| 385 | 376 | HOMEWOOD | 142 GREEN SPRINGS HWY | HOMEWOOD | AL | 35209 |
| 386 | 5374 | HOOVER | 1773 MONTGOMERY HWY | HOOVER | AL | 35244 |
| 387 | 1143 | HOT SPRINGS NATIONAL PARK | 207 AIRPORT RD | HOT SPRINGS NATIONAL PARK | AR | 71913 |
| 388 | 4420 | HOUMA | 104 ARMOUR DR | HOUMA | LA | 70364 |
| 389 | 1964 | HOUSTON | 5807 E SAM HOUSTON PKWY N STE A | HOUSTON | TX | 77049 |
| 390 | 4237 | HOUSTON | 919 N SHEPHERD DR | HOUSTON | TX | 77008 |
| 391 | 1986 | HOUSTON | 9795 WESTHEIMER RD | HOUSTON | TX | 77042 |
| 392 | 5314 | HUBER HEIGHTS | 5555 EXECUTIVE BLVD | HUBER HEIGHTS | OH | 45424 |
| 393 | 4772 | HUMBLE | 9669 FM 1960 BYPASS RD W #500 | HUMBLE | TX | 77338 |
| 394 | 5425 | HUMMELSTOWN | 1170 MAE ST | HUMMELSTOWN | PA | 17036 |
| 395 | 1291 | HUNTINGTON | 2080 N JEFFERSON ST | HUNTINGTON | IN | 46750 |
| 396 | 1850 | HUNTSVILLE | 3240 MEMORIAL PKWY NW | HUNTSVILLE | AL | 35810 |
| 397 | 849 | HURRICANE | 34 Putnam Village Dr. Hurrican, WV | SCOTT DEPOT | WV | 25526 |
| 398 | 1939 | IDAHO FALLS | 1530 E 17TH ST | IDAHO FALLS | ID | 83404 |
| 399 | 1426 | INDIANA | 2444 PHILADELPHIA ST | INDIANA | PA | 15701 |

BIG LOTS, INC. Stores

Exhibit

## Store List

| | | | | | | |
|---|---|---|---|---|---|---|
| 400 | 5382 | INDIANAPOLIS | 1650 E COUNTY LINE RD | INDIANAPOLIS | IN | 46227 |
| 401 | 5214 | INDIANAPOLIS | 10235 EAST WASHINGTON ST. | INDIANAPOLIS | IN | 46229 |
| 402 | 91 | INDIANAPOLIS | 5520 MADISON AVE | INDIANAPOLIS | IN | 46227 |
| 403 | 512 | INVERNESS | 445 E HIGHLAND BLVD | INVERNESS | FL | 34452 |
| 404 | 4196 | IRVING | 950 W AIRPORT FWY | IRVING | TX | 75062 |
| 405 | 5173 | JACKSBORO | 2500 JACKSBORO PIKE STE 1 | JACKSBORO | TN | 37757 |
| 406 | 245 | JACKSON | 1050 W ARGYLE ST | JACKSON | MI | 49202 |
| 407 | 1061 | JACKSON | 570 E MAIN ST | JACKSON | OH | 45640 |
| 408 | 1620 | JACKSON | 103 OLD HICKORY BLVD | JACKSON | TN | 38305 |
| 409 | 5247 | JACKSONVILLE | 1110 WESTERN BLVD | JACKSONVILLE | NC | 28546 |
| 410 | 1366 | JACKSONVILLE | 9119 MERRILL RD STE 50 | JACKSONVILLE | FL | 32225 |
| 411 | 517 | JACKSONVILLE | 9718 OLD SAINT AUGUSTINE RD | JACKSONVILLE | FL | 32257 |
| 412 | 5143 | JACKSONVILLE | 9625 CROSSHILL BLVD STE 119 | JACKSONVILLE | FL | 32222 |
| 413 | 1018 | JAMESTOWN | 21 S MAIN ST | JAMESTOWN | NY | 14701 |
| 414 | 1494 | JASPER | 1100 HWY 78 W | JASPER | AL | 35501 |
| 415 | 254 | JASPER | 195 S US HWY 231 | JASPER | IN | 47546 |
| 416 | 221 | JEFFERSON CITY | 264 E BROADWAY BLVD | JEFFERSON CITY | TN | 37760 |
| 417 | 5403 | JENSEN BEACH | 3550 NW FEDERAL HIGHWAY | JENSEN BEACH | FL | 34957 |
| 418 | 204 | JOHNSON CITY | 3110 E OAKLAND AVE | JOHNSON CITY | TN | 37601 |
| 419 | 467 | JOHNSTOWN | 1425 SCALP AVE STE 130 | JOHNSTOWN | PA | 15904 |
| 420 | 1261 | JONESBORO | 1907 WOODSPRINGS RD | JONESBORO | AR | 72401 |
| 421 | 5433 | JOPLIN | 630 S RANGELINE RD | JOPLIN | MO | 64801 |
| 422 | 5101 | KANNAPOLIS | 950 S CANNON BLVD STE A | KANNAPOLIS | NC | 28083 |
| 423 | 4526 | KELLER | 1580 KELLER PKWY STE 50B | KELLER | TX | 76248 |
| 424 | 1497 | KENNESAW | 4200 WADE GREEN RD NW STE 144 | KENNESAW | GA | 30144 |
| 425 | 4469 | KENNEWICK | 3019 W KENNEWICK AVE | KENNEWICK | WA | 99336 |
| 426 | 1864 | KERRVILLE | 1305 SIDNEY BAKER ST STE J | KERRVILLE | TX | 78028 |
| 427 | 5412 | KETTERING | 2050 E DOROTHY LN | KETTERING | OH | 45420 |
| 428 | 4097 | KILLEEN | 800 S FORT HOOD ST | KILLEEN | TX | 76541 |
| 429 | 4524 | KINGMAN | 3320 N STOCKTON HILLS RD STE D1 | KINGMAN | AZ | 86409 |
| 430 | 225 | KINGSPORT | 1913 SHERWOOD RD | KINGSPORT | TN | 37664 |
| 431 | 4757 | KINGSTON | 1375 ULSTER AVE | KINGSTON | NY | 12401 |
| 432 | 1703 | KINSTON | 2407 N HERRITAGE ST STE A | KINSTON | NC | 28501 |
| 433 | 5162 | KISSIMMEE | 2311 West Vine St. | KISSIMMEE | FL | 34741 |
| 434 | 1740 | KITTANNING | 30 FRANKLIN VILLAGE MALL | KITTANNING | PA | 16201 |
| 435 | 4512 | KLAMATH FALLS | 3834 S 6TH | KLAMATH FALLS | OR | 97603 |
| 436 | 5162 | KNIGHTDALE | 7132 KNIGHTDALE BLVD. | KNIGHTDALE | NC | 27545 |
| 437 | 462 | KNOXVILLE | 4825 N BROADWAY ST | KNOXVILLE | TN | 37918 |
| 438 | 5315 | KNOXVILLE | 4580B CHAPMAN HWY | KNOXVILLE | TN | 37920 |
| 439 | 1244 | KNOXVILLE | 101 N SEVEN OAKS DR | KNOXVILLE | TN | 37922 |
| 440 | 4049 | LA CANADA FLINTRIDGE | 2243 FOOTHILL BLVD | LA CANADA FLINTRIDGE | CA | 91011 |
| 441 | 1831 | LA PLACE | 240 W AIRLINE HWY | LA PLACE | LA | 70068 |
| 442 | 132 | LAFAYETTE | 2050 S 22ND ST | LAFAYETTE | IN | 47905 |
| 443 | 64 | LAGRANGE | 127 COMMERCE AVE | LAGRANGE | GA | 30241 |
| 444 | 5470 | LAKE CHARLES | 3250 GERSTNER MEMORIAL DR | LAKE CHARLES | LA | 70601 |
| 445 | 5152 | LAKE CITY | 2311 WEST US HWY 90 | LAKE CITY | FL | 32055 |
| 446 | 1155 | LAKE JACKSON | 125 HWY 332 W STE BB | LAKE JACKSON | TX | 77566 |
| 447 | 4755 | LAKE WORTH | 6708 LAKE WORTH BLVD | LAKE WORTH | TX | 76135 |
| 448 | 5190 | LAKELAND | 4233 S FLORIDA AVE | LAKELAND | FL | 33813 |
| 449 | 5196 | LAKELAND | 4212 US HIGHWAY 98 N | LAKELAND | FL | 33809 |
| 450 | 4341 | LAKEWOOD | 7777 W JEWELL AVE | LAKEWOOD | CO | 80232 |
| 451 | 5448 | LANCASTER | 1700 E MAIN ST | LANCASTER | OH | 43130 |
| 452 | 1588 | LANCASTER | 1206 HIGHWAY 9 BYPASS W | LANCASTER | SC | 29720 |
| 453 | 1393 | LANCASTER | 1262 MILLERSVILLE PIKE | LANCASTER | PA | 17603 |
| 454 | 1649 | LAND O LAKES | 2414 LAND O LAKES BLVD | LAND O LAKES | FL | 34639 |
| 455 | 1848 | LANSDALE | 648 E MAIN ST | LANSDALE | PA | 19446 |
| 456 | 490 | LAPEER | 1875 W GENESEE ST | LAPEER | MI | 48446 |
| 457 | 1604 | LAREDO | 2310 E SAUNDERS ST | LAREDO | TX | 78041 |
| 458 | 4603 | LAREDO | 7807 SAN DARIO AVE | LAREDO | TX | 78045 |
| 459 | 5424 | LARGO | 11912 SEMINOLE BLVD, UNIT A | LARGO | FL | 33778 |
| 460 | 4178 | LAS CRUCES | 2350 E LOHMAN AVE | LAS CRUCES | NM | 88001 |
| 461 | 4639 | LAS VEGAS | 7781 W TROPICAL PKWY | LAS VEGAS | NV | 89149 |
| 462 | 416 | LATROBE | 300 Unity Plaza | LATROBE | PA | 15650 |
| 463 | 1524 | LAUREL | 1910 HWY 15 N | LAUREL | MS | 39440 |
| 464 | 1385 | LAURINBURG | 1664 S MAIN ST STE B | LAURINBURG | NC | 28352 |
| 465 | 1205 | LAWRENCEBURG | 2000 N LOCUST AVE | LAWRENCEBURG | TN | 38464 |
| 466 | 1124 | LAWTON | 3801 NW CACHE RD STE 14 | LAWTON | OK | 73505 |
| 467 | 1813 | LEBANON | 1031 W MAIN ST | LEBANON | TN | 37087 |
| 468 | 5443 | LEBANON | 1707 SOUTHDALE AVE | LEBANON | MO | 65536 |
| 469 | 820 | LEBANON | 726 E MAIN ST | LEBANON | OH | 45036 |
| 470 | 200 | LEECHBURG | 500 HYDE PARK RD | LEECHBURG | PA | 15656 |
| 471 | 548 | LEESBURG | 923 N 14TH ST | LEESBURG | FL | 34748 |
| 472 | 1173 | LEHIGHTON | 1241 BLAKESLEE BOULEVARD DR E | LEHIGHTON | PA | 18235 |
| 473 | 5371 | LENOIR | 845 BLOWING ROCK BLVD | LENOIR | NC | 28645 |
| 474 | 1383 | LENOIR CITY | 455 HWY 321 N | LENOIR CITY | TN | 37771 |
| 475 | 1376 | LEWISBURG | 7405 WESTBRANCH HWY | LEWISBURG | PA | 17837 |
| 476 | 4633 | LEWISTON | 1810 19TH AVENUE | LEWISTON | ID | 83501 |
| 477 | 1487 | LEWISVILLE | 1374 W MAIN ST | LEWISVILLE | TX | 75067 |
| 478 | 1005 | LEXINGTON | 838 WINSTON RD | LEXINGTON | NC | 27295 |
| 479 | 1511 | LEXINGTON | 820 LANE ALLEN RD | LEXINGTON | KY | 40504 |
| 480 | 5422 | LEXINGTON | 421 COLUMBIA AVE | LEXINGTON | SC | 29072 |
| 481 | 5099 | LIMA | 2100 HARDING HIGHWAY | LIMA | OH | 45804 |
| 482 | 5328 | LINCOLNTON | 403 N GENERALS BLVD | LINCOLNTON | NC | 28092 |
| 483 | 5483 | LIVE OAK | 1528 OHIO AVE S | LIVE OAK | FL | 32064 |
| 484 | 1883 | LIVERPOOL | 8015 OSWEGO RD | LIVERPOOL | NY | 13090 |
| 485 | 831 | LOCKPORT | 5987 S TRANSIT RD | LOCKPORT | NY | 14094 |
| 486 | 1633 | LOGANSPORT | 2525 E MARKET ST | LOGANSPORT | IN | 46947 |
| 487 | 1483 | LONDON | 845 S MAIN ST | LONDON | KY | 40741 |
| 488 | 4662 | LONGVIEW | 1733 WEST LOOP 281 | LONGVIEW | TX | 75604 |
| 489 | 4538 | LONGVIEW | 700 OCEAN BEACH HWY | LONGVIEW | WA | 98632 |
| 490 | 83 | LORAIN | 1211 TOWER BLVD | LORAIN | OH | 44053 |
| 491 | 4315 | LOS ANGELES | 1815 W SLAUSON AVE | LOS ANGELES | CA | 90047 |
| 492 | 5355 | LOUISVILLE | 6650 DIXIE HWY | LOUISVILLE | KY | 40258 |
| 493 | 346 | LOUISVILLE | 5518 NEW CUT RD | LOUISVILLE | KY | 40214 |
| 494 | 4709 | LOUISVILLE | 5252 BARDSTOWN RD | LOUISVILLE | KY | 40291 |
| 495 | 226 | LOUISVILLE | 4121 SHELBYVILLE RD | LOUISVILLE | KY | 40207 |
| 496 | 4647 | LUBBOCK | 3303 98TH ST | LUBBOCK | TX | 79423 |
| 497 | 1915 | LUBBOCK | 5402 4TH ST UNIT 2 | LUBBOCK | TX | 79416 |
| 498 | 1959 | LUFKIN | 809 S TIMBERLAND DR | LUFKIN | TX | 75901 |
| 499 | 5396 | LUMBERTON | 2750C N ROBERTS AVE | LUMBERTON | NC | 28358 |

## Store List

| | | | | | | |
|---|---|---|---|---|---|---|
| 500 | 5283 | LUMBERTON | 1636 ROUTE 38 | LUMBERTON | NJ | 08048 |
| 501 | 1177 | LUZERNE | 560 UNION ST | LUZERNE | PA | 18709 |
| 502 | 411 | LYNCHBURG | 20722 TIMBERLAKE RD STE A | LYNCHBURG | VA | 24502 |
| 503 | 1517 | LYNN | 126 BOSTON ST | LYNN | MA | 01905 |
| 504 | 5445 | MACON | 195 TOM HILL SR BLVD | MACON | GA | 31210 |
| 505 | 255 | MADISON | 1345 CLIFTY DR | MADISON | IN | 47250 |
| 506 | 412 | MADISON HEIGHTS | 115 SEMINOLE PLZ | MADISON HEIGHTS | VA | 24572 |
| 507 | 5485 | MALONE | 228 W MAIN ST, STE 14 | MALONE | NY | 12953 |
| 508 | 1840 | MARIANNA | 4700 HIGHWAY 90 | MARIANNA | FL | 32446 |
| 509 | 5380 | MARIETTA | 110 S 7TH ST | MARIETTA | OH | 45750 |
| 510 | 5122 | MARIETTA | 2932 CANTON RD STE 210 | MARIETTA | GA | 30066 |
| 511 | 77 | MARION | 1615 MARION MOUNT GILEAD RD | MARION | OH | 43302 |
| 512 | 5278 | MARION | 364 US 70 W STE 1 | MARION | NC | 28752 |
| 513 | 380 | MARION | 1535 S WESTERN AVE | MARION | IN | 46953 |
| 514 | 1862 | MARSHALL | 109 E END BLVD N | MARSHALL | TX | 75670 |
| 515 | 340 | MARTINSBURG | 110 EAGLE SCHOOL RD | MARTINSBURG | WV | 25404 |
| 516 | 463 | MARTINSVILLE | 2646 GREENSBORO RD | MARTINSVILLE | VA | 24112 |
| 517 | 5369 | MARYSVILLE | 15715 US HIGHWAY 36 | MARYSVILLE | OH | 43040 |
| 518 | 1260 | MASSENA | 138 HARTE HAVEN PLZ | MASSENA | NY | 13662 |
| 519 | 260 | MATTOON | 204 CHARLESTON AVE E | MATTOON | IL | 61938 |
| 520 | 1217 | MATTYDALE | 2413 BREWERTON RD | MATTYDALE | NY | 13211 |
| 521 | 1752 | MAYFIELD | 1109 PARIS RD | MAYFIELD | KY | 42066 |
| 522 | 829 | MAYSVILLE | 1162 US HWY 68 | MAYSVILLE | KY | 41056 |
| 523 | 1462 | MCKINNEY | 105 S CENTRAL EXPY | MCKINNEY | TX | 75070 |
| 524 | 1001 | McMINNVILLE | 231 NORTHGATE DR | McMINNVILLE | TN | 37110 |
| 525 | 801 | MEADVILLE | 820 WATER ST | MEADVILLE | PA | 16335 |
| 526 | 4465 | MEDFORD | 1070 BIDDLE RD | MEDFORD | OR | 97504 |
| 527 | 526 | MELBOURNE | 1345 S BABCOCK ST | MELBOURNE | FL | 32901 |
| 528 | 1895 | MEMPHIS | 6777 WINCHESTER RD | MEMPHIS | TN | 38115 |
| 529 | 1843 | MENTOR | 8489 MARKET ST | MENTOR | OH | 44060 |
| 530 | 1922 | MERIDIAN | 100 E FAIRVIEW AVE | MERIDIAN | ID | 83642 |
| 531 | 5381 | MERRILLVILLE | 3201 E LINCOLN HWY | MERRILLVILLE | IN | 46410 |
| 532 | 1106 | MESQUITE | 3737 GUS THOMASSON RD | MESQUITE | TX | 75150 |
| 533 | 4226 | METAIRIE | 755 VETERANS MEMORIAL BLVD | METAIRIE | LA | 70005 |
| 534 | 4150 | METAIRIE | 7135 VETERANS MEMORIAL BLVD | METAIRIE | LA | 70003 |
| 535 | 1606 | METHUEN | 40 JACKSON ST | METHUEN | MA | 01844 |
| 536 | 4258 | MIAMI | 11247 SW 40TH ST | MIAMI | FL | 33165 |
| 537 | 1118 | MIAMISBURG | 1220 E CENTRAL AVE | MIAMISBURG | OH | 45342 |
| 538 | 5362 | MICHIGAN CITY | 4110 FRANKLIN ST | MICHIGAN CITY | IN | 46360 |
| 539 | 5202 | MIDDLE RIVER | 9977 PULASKI HWY | MIDDLE RIVER | MD | 21220 |
| 540 | 5376 | MIDDLESBORO | 102 N 12TH ST | MIDDLESBORO | KY | 40965 |
| 541 | 5296 | MIDDLETOWN | 820 WASHINGTON ST | MIDDLETOWN | CT | 06457 |
| 542 | 5318 | MIDDLETOWN | 4633 ROOSEVELT BLVD | MIDDLETOWN | OH | 45044 |
| 543 | 5198 | MIDDLETOWN | 830 STATE ROUTE 35 | MIDDLETOWN | NJ | 07748 |
| 544 | 1433 | MIDLAND | 4715 BILLINGSLEY BLVD STE C | MIDLAND | TX | 79705 |
| 545 | 1488 | MIDWEST CITY | 160 N AIR DEPOT BLVD | MIDWEST CITY | OK | 73110 |
| 546 | 1400 | MILFORD | 631 N DUPONT BLVD | MILFORD | DE | 19963 |
| 547 | 1435 | MILFORD | 146 S MAIN ST | MILFORD | MA | 01757 |
| 548 | 49 | MILFORD | 825 MAIN ST | MILFORD | OH | 45150 |
| 549 | 1090 | MILLEDGEVILLE | 2485 N COLUMBIA ST STE 108 | MILLEDGEVILLE | GA | 31061 |
| 550 | 1589 | MILLINGTON | 8055 US HWY 51 N | MILLINGTON | TN | 38053 |
| 551 | 5326 | MILLVILLE | 101 BLUEBIRD LN | MILLVILLE | NJ | 08332 |
| 552 | 1705 | MILTON | 6247 HIGHWAY 90 | MILTON | FL | 32570 |
| 553 | 425 | MILWAUKEE | 5667 S 27TH ST | MILWAUKEE | WI | 53221 |
| 554 | 5378 | MISHAWAKA | 420 W MCKINLEY AVE | MISHAWAKA | IN | 46545 |
| 555 | 1103 | MOBILE | 5363 HWY 90 W STE C | MOBILE | AL | 36619 |
| 556 | 5466 | MOCKSVILLE | 1063 YADKINVILLE RD | MOCKSVILLE | NC | 27028 |
| 557 | 4463 | MODESTO | 1717 OAKDALE RD | MODESTO | CA | 95355 |
| 558 | 4696 | MOLINE | 4555 16TH ST | MOLINE | IL | 61265 |
| 559 | 219 | MONCKS CORNER | 1013 OLD HIGHWAY 52 | MONCKS CORNER | SC | 29461 |
| 560 | 5119 | MONROE | 3129 HWY 74 W | MONROE | NC | 28110 |
| 561 | 1491 | MONROE | 1209 W SPRING ST | MONROE | GA | 30655 |
| 562 | 414 | MONROE | 1575 N TELEGRAPH RD | MONROE | MI | 48162 |
| 563 | 5393 | MONTGOMERY | 5484 ATLANTA HWY | MONTGOMERY | AL | 36109 |
| 564 | 1218 | MONTGOMERY VILLAGE | 19142 MONTGOMERY VILLAGE AVE | MONTGOMERY VILLAGE | MD | 20886 |
| 565 | 5311 | MOORESVILLE | 376 WEST PLAZA DRIVE | MOORESVILLE | NC | 28117 |
| 566 | 58 | MOREHEAD | 370 KROGER CTR | MOREHEAD | KY | 40351 |
| 567 | 5224 | MOREHEAD CITY | 2900 ARENDELL ST STE 19 | MOREHEAD CITY | NC | 28557 |
| 568 | 5391 | MORGANTON | 1251 BURKEMONT AVE | MORGANTON | NC | 28655 |
| 569 | 211 | MORGANTOWN | 902 FAIRMONT RD | MORGANTOWN | WV | 26501 |
| 570 | 1052 | MORRISTOWN | 2342 E ANDREW JOHNSON HWY | MORRISTOWN | TN | 37814 |
| 571 | 1973 | MORRISVILLE | 66 MORRISVILLE PLZ STE 5 | MORRISVILLE | VT | 05661 |
| 572 | 4601 | MOSES LAKE | 813 N STRATFORD RD. | MOSES LAKE | WA | 98837 |
| 573 | 1236 | MOUNDSVILLE | 1230 LAFAYETTE AVE | MOUNDSVILLE | WV | 26041 |
| 574 | 1296 | MOUNT AIRY | 1328 CARTER ST | MOUNT AIRY | NC | 27030 |
| 575 | 4765 | MOUNT PLEASANT | 2306 S JEFFERSON AVE, UNIT 160 | MOUNT PLEASANT | TX | 75455 |
| 576 | 5383 | MOUNT PLEASANT | 100 CROSSROADS PLAZA | MOUNT PLEASANT | PA | 15666 |
| 577 | 1495 | MOUNT STERLING | 1342 INDIAN MOUND DR | MOUNT STERLING | KY | 40353 |
| 578 | 4651 | MOUNT VERNON | 3925 BROADWAY ST | MOUNT VERNON | IL | 62864 |
| 579 | 5185 | MOUNTAIN HOME | 759 HWY 62 E STE 311 | MOUNTAIN HOME | AR | 72653 |
| 580 | 1514 | MUNCY | 809 LYCOMING MALL RD | MUNCY | PA | 17756 |
| 581 | 5347 | MURFREESBORO | 1262 NW BROAD ST | MURFREESBORO | TN | 37129 |
| 582 | 5209 | MURPHY | 1450 ANDREWS RD | MURPHY | NC | 28906 |
| 583 | 1204 | MURRAY | 700 N 12TH ST | MURRAY | KY | 42071 |
| 584 | 4278 | MURRIETA | 25260 MADISON AVE | MURRIETA | CA | 92562 |
| 585 | 5211 | MUSKEGON | 1650 E. SHERMAN BLVD | MUSKEGON | MI | 49444 |
| 586 | 1060 | MUSKOGEE | 2300 E SHAWNEE RD | MUSKOGEE | OK | 74403 |
| 587 | 1006 | MYRTLE BEACH | 1370 S KINGS HWY | MYRTLE BEACH | SC | 29577 |
| 588 | 1586 | NASHUA | 12 NORTHWEST BLVD | NASHUA | NH | 03063 |
| 589 | 1228 | NATRONA HEIGHTS | 1726 PACIFIC AVE | NATRONA HEIGHTS | PA | 15065 |
| 590 | 137 | NEW ALBANY | 440 NEW ALBANY PLZ | NEW ALBANY | IN | 47150 |
| 591 | 1184 | NEW BERN | 520 BERNE SQ | NEW BERN | NC | 28562 |
| 592 | 1154 | NEW BRAUNFELS | 139 S INTERSTATE 35 | NEW BRAUNFELS | TX | 78130 |
| 593 | 157 | NEW CASTLE | 2611 ELLWOOD RD | NEW CASTLE | PA | 16101 |
| 594 | 5114 | NEW CASTLE | 26 PENN MART CENTER | NEW CASTLE | DE | 19720 |
| 595 | 815 | NEW PHILADELPHIA | 408 BLUEBELL DR NW | NEW PHILADELPHIA | OH | 44663 |
| 596 | 522 | NEW PORT RICHEY | 5241 US HWY 19 | NEW PORT RICHEY | FL | 34652 |
| 597 | 5272 | NEW SMYRNA BEACH | 1998 STATE ROAD 44 | NEW SMYRNA BEACH | FL | 32168 |
| 598 | 5492 | NEWBURGH | 39 NORTH PLANK RD | NEWBURGH | NY | 12550 |
| 599 | 1167 | NEWNAN | 216 BULLSBORO DR | NEWNAN | GA | 30263 |

Big Lots, Inc. Stores

Exhibit

| | | Store List | | | | |
|---|---|---|---|---|---|---|

| 600 | 823 | NEWPORT NEWS | 14347 B WARWICK BLVD | NEWPORT NEWS | VA | 23602 |
| 601 | 1138 | NEWTON | 2725 NORTHWEST BLVD | NEWTON | NC | 28658 |
| 602 | 1769 | NIAGARA FALLS | 2429 MILITARY RD | NIAGARA FALLS | NY | 14304 |
| 603 | 5390 | NILES | 5555 YOUNGSTOWN WARREN RD, UNIT 970 | NILES | OH | 44446 |
| 604 | 209 | NILES | 1907 S 11TH ST | NILES | MI | 49120 |
| 605 | 397 | NORFOLK | 1851 E LITTLE CREEK RD | NORFOLK | VA | 23518 |
| 606 | 1696 | NORMAN | 2211 W MAIN ST | NORMAN | OK | 73069 |
| 607 | 1713 | NORRISTOWN | 2644 DEKALB PIKE | NORRISTOWN | PA | 19401 |
| 608 | 5384 | NORTH CHESTERFIELD | 10001 HULL STREET RD | NORTH CHESTERFIELD | VA | 23236 |
| 609 | 559 | NORTH FORT MYERS | 13970 N CLEVELAND AVE | NORTH FORT MYERS | FL | 33903 |
| 610 | 5144 | NORTH HAVEN | 380 Universal Dr. North | NORTH HAVEN | CT | 06473 |
| 611 | 1389 | NORTH MYRTLE BEACH | 710 HWY 17 S STE D | NORTH MYRTLE BEACH | SC | 29582 |
| 612 | 5348 | NORTH PRINCE GEORGE | 5260 OAKLAWN BLVD | NORTH PRINCE GEORGE | VA | 23875 |
| 613 | 1140 | NORTH VERSAILLES | 1701  LINCOLN HWY STE 10 | NORTH VERSAILLES | PA | 15137 |
| 614 | 5240 | NORTHPORT | 5510 MCFARLAND BLVD | NORTHPORT | AL | 35476 |
| 615 | 4623 | NORTHRIDGE | 8960 TAMPA AVENUE | NORTHRIDGE | CA | 91324 |
| 616 | 5184 | NORWALK | 205 MILAN AVE | NORWALK | OH | 44857 |
| 617 | 837 | OAK HILL | 291 MALL RD | OAK HILL | WV | 25901 |
| 618 | 283 | OAK RIDGE | 250 S ILLINOIS AVE | OAK RIDGE | TN | 37830 |
| 619 | 1815 | OCALA | 8602 SW HIGHWAY 200 | OCALA | FL | 34481 |
| 620 | 5484 | OCALA | 6851 SE MARICAMP RD | OCALA | FL | 34472 |
| 621 | 535 | OCALA | 2653 E SILVER SPRINGS BLVD | OCALA | FL | 34470 |
| 622 | 1676 | OCEAN SPRINGS | 2648 BIENVILLE BLVD | OCEAN SPRINGS | MS | 39564 |
| 623 | 1189 | ODESSA | 3118 ANDREWS HWY | ODESSA | TX | 79762 |
| 624 | 1847 | OKLAHOMA CITY | 7301 S PENNSYLVANIA AVE STE A | OKLAHOMA CITY | OK | 73159 |
| 625 | 1774 | OKLAHOMA CITY | 3000 NW 63RD ST | OKLAHOMA CITY | OK | 73116 |
| 626 | 1851 | OLEAN | 502 N UNION ST | OLEAN | NY | 14760 |
| 627 | 4544 | OMAHA | 6516 N 73RD PLZ | OMAHA | NE | 68122 |
| 628 | 1191 | ONEIDA | 2132 GLENWOOD SHOPPING PLZ | ONEIDA | NY | 13421 |
| 629 | 5263 | ONTARIO | 1250 STATE ROUTE 104 | ONTARIO | NY | 14519 |
| 630 | 5220 | ONTARIO | 929 N LEXINGTON SPRINGMILL RD | ONTARIO | OH | 44906 |
| 631 | 1053 | ORANGE | 2260 MACARTHUR DR | ORANGE | TX | 77630 |
| 632 | 528 | ORANGE CITY | 2412 S VOLUSIA AVE | ORANGE CITY | FL | 32763 |
| 633 | 1991 | ORANGEBURG | 1371 CHESTNUT ST | ORANGEBURG | SC | 29115 |
| 634 | 5427 | OREGON | 3010 NAVARRE AVE | OREGON | OH | 43616 |
| 635 | 5091 | ORLANDO | 2544 E COLONIAL DR | ORLANDO | FL | 32803 |
| 636 | 563 | ORMOND BEACH | 122 S NOVA RD | ORMOND BEACH | FL | 32174 |
| 637 | 1074 | OSWEGO | 140 STATE ROUTE 104 STE J | OSWEGO | NY | 13126 |
| 638 | 1682 | OWASSO | 8787 N OWASSO EXPY STE F | OWASSO | OK | 74055 |
| 639 | 5388 | OWENSBORO | 4610 FREDERICA ST | OWENSBORO | KY | 42301 |
| 640 | 1089 | PADUCAH | 3200 IRVIN COBB RD | PADUCAH | KY | 42003 |
| 641 | 5294 | PAINTED POST | 98 VICTORY HWY | PAINTED POST | NY | 14870 |
| 642 | 5248 | PALATINE BRIDGE | 38 DUTCH TOWN PLZ | PALATINE BRIDGE | NY | 13428 |
| 643 | 1766 | PALATKA | 109 S STATE ROAD 19 | PALATKA | FL | 32177 |
| 644 | 5215 | PANAMA CITY | 535 W 23RD ST | PANAMA CITY | FL | 32405 |
| 645 | 5479 | PARAGOULD | 2511 W KINGS HWY | PARAGOULD | AR | 72450 |
| 646 | 1063 | PARK HILLS | 107 SAINT FRANCOIS PLZ | PARK HILLS | MO | 63601 |
| 647 | 5103 | PARKVILLE | 2525 CLEALAGH DR | PARKVILLE | MD | 21234 |
| 648 | 5094 | PARMA | 7512 BROADVIEW RD | PARMA | OH | 44134 |
| 649 | 4139 | PASADENA | 6804 SPENCER HWY | PASADENA | TX | 77505 |
| 650 | 1656 | PASCAGOULA | 4201 DENNY AVE | PASCAGOULA | MS | 39581 |
| 651 | 1212 | PEARL | 5778 HWY 80 E | PEARL | MS | 39208 |
| 652 | 1057 | PELHAM | 3550 PELHAM PKWY | PELHAM | AL | 35124 |
| 653 | 4262 | PEMBROKE PINES | 7930 PINES BLVD | PEMBROKE PINES | FL | 33024 |
| 654 | 5153 | PENSACOLA | 6235 N DAVIS HWY STE 119 | PENSACOLA | FL | 32504 |
| 655 | 5344 | PENSACOLA | 400 N NAVY BLVD STE 11-14 | PENSACOLA | FL | 32507 |
| 656 | 1784 | PEORIA | 8901 N KNOXVILLE AVE | PEORIA | IL | 61615 |
| 657 | 446 | PERU | 1421 38TH ST | PERU | IL | 61354 |
| 658 | 1388 | PHILADELPHIA | 15501 BUSTLETON AVE | PHILADELPHIA | PA | 19116 |
| 659 | 4124 | PHOENIX | 3543 W THUNDERBIRD RD | PHOENIX | AZ | 85053 |
| 660 | 5441 | PHOENIXVILLE | 270 SCHUYLKILL RD | PHOENIXVILLE | PA | 19460 |
| 661 | 5176 | PICKERINGTON | 1171 HILL RD N | PICKERINGTON | OH | 43147 |
| 662 | 4710 | PIKEVILLE | 255 WEDDINGTON BRANCH RD | PIKEVILLE | KY | 41501 |
| 663 | 497 | PIQUA | 1254 E ASH ST | PIQUA | OH | 45356 |
| 664 | 1266 | PITTSBURG | 2804 N BROADWAY ST | PITTSBURG | KS | 66762 |
| 665 | 1478 | PITTSBURGH | 11628 PENN HILLS DR | PITTSBURGH | PA | 15235 |
| 666 | 5093 | PITTSBURGH | 4717 MCKNIGHT RD | PITTSBURGH | PA | 15237 |
| 667 | 4740 | PITTSFIELD | 457 DALTON AVE | PITTSFIELD | MA | 01201 |
| 668 | 1539 | PLANT CITY | 1427 S COLLINS ST | PLANT CITY | FL | 33563 |
| 669 | 4664 | PLYMOUTH | 90 SHOPS AT 5 WAY | PLYMOUTH | MA | 02360 |
| 670 | 1636 | PONTIAC | 300 N TELEGRAPH RD | PONTIAC | MI | 48341 |
| 671 | 1132 | POPLAR BLUFF | 2160 N WESTWOOD BLVD | POPLAR BLUFF | MO | 63901 |
| 672 | 561 | PORT CHARLOTTE | 1825 TAMIAMI TRL | PORT CHARLOTTE | FL | 33948 |
| 673 | 4546 | PORT HUENEME | 733 W CHANNEL ISLANDS BLVD | PORT HUENEME | CA | 93041 |
| 674 | 835 | PORT HURON | 659 24TH ST | PORT HURON | MI | 48060 |
| 675 | 1555 | PORT ORANGE | 3830 S NOVA RD | PORT ORANGE | FL | 32127 |
| 676 | 1017 | PORTAGE | 5960 US HIGHWAY 6 | PORTAGE | IN | 46368 |
| 677 | 1087 | PORTER | 23741 HWY 59 STE 30 | PORTER | TX | 77365 |
| 678 | 42 | PORTSMOUTH | 2523 GALLIA ST | PORTSMOUTH | OH | 45662 |
| 679 | 5192 | POTSDAM | 200 MARKET ST. | POTSDAM | NY | 13676 |
| 680 | 316 | PRESTONSBURG | 371 VILLAGE DR | PRESTONSBURG | KY | 41653 |
| 681 | 5460 | PRINCE FREDERICK | 765 SOLOMONS ISLAND RD N | PRINCE FREDERICK | MD | 20678 |
| 682 | 82 | PRINCETON | 1350 STAFFORD DR | PRINCETON | WV | 24740 |
| 683 | 4450 | PUEBLO | 755 DESERT FLOWER BLVD | PUEBLO | CO | 81001 |
| 684 | 4719 | PULASKI | 3779 ROME RD | PULASKI | NY | 13142 |
| 685 | 1685 | QUINCY | 3812 BROADWAY ST | QUINCY | IL | 62305 |
| 686 | 5363 | RAINBOW CITY | 3225 RAINBOW DR STE 200D | RAINBOW CITY | AL | 35906 |
| 687 | 1391 | RAYNHAM | 59 NEW STATE HWY UNIT 2 | RAYNHAM | MA | 02767 |
| 688 | 1754 | READING | 3215 N 5TH STREET HWY | READING | PA | 19605 |
| 689 | 4712 | REDDING | 2685 HILLTOP DR | REDDING | CA | 96002 |
| 690 | 4111 | REDONDO BEACH | 1207 AVIATION BLVD | REDONDO BEACH | CA | 90278 |
| 691 | 4658 | REVERE | 151 VFW PARKWAY, STE 50 | REVERE | MA | 02151 |
| 692 | 5324 | REYNOLDSBURG | 6300 E LIVINGSTON AVE | REYNOLDSBURG | OH | 43068 |
| 693 | 4274 | RIALTO | 155 E BASE LINE RD | RIALTO | CA | 92376 |
| 694 | 348 | RICHLANDS | 180 KENTS RIDGE RD | RICHLANDS | VA | 24641 |
| 695 | 297 | RICHMOND | 472 EASTERN BYP | RICHMOND | KY | 40475 |
| 696 | 1247 | RICHMOND | 3779 NATIONAL RD E | RICHMOND | IN | 47374 |
| 697 | 1411 | RICHMOND | 8151 BROOK RD | RICHMOND | VA | 23227 |
| 698 | 1927 | RIO RANCHO | 1660 RIO RANCHO DR SE | RIO RANCHO | NM | 87124 |
| 699 | 5291 | RISING SUN | 40 RISING SUN TOWN CENTER | RISING SUN | MD | 21911 |

**Store List**

| | | | | | | |
|---|---|---|---|---|---|---|
| 700 | 5297 | ROANOKE | 4350 FRANKLIN RD SW | ROANOKE | VA | 24014 |
| 701 | 1715 | ROANOKE | 2911 HERSHBERGER RD NW | ROANOKE | VA | 24017 |
| 702 | 1207 | ROANOKE RAPIDS | 1110 JULIAN R ALLSBROOK HWY | ROANOKE RAPIDS | NC | 27870 |
| 703 | 5244 | ROCHESTER | 3660 DEWEY AVE | ROCHESTER | NY | 14616 |
| 704 | 475 | ROCHESTER | 750 OHIO RIVER BLVD | ROCHESTER | PA | 15074 |
| 705 | 4706 | ROCHESTER | 3170 CHILI AVE UNIT #T5 | ROCHESTER | NY | 14624 |
| 706 | 1474 | ROCHESTER | 1100 JEFFERSON RD | ROCHESTER | NY | 14623 |
| 707 | 1961 | ROCK HILL | 2349 CHERRY RD STE 79 | ROCK HILL | SC | 29732 |
| 708 | 4742 | ROCKWALL | 2855 RIDGE RD | ROCKWALL | TX | 75032 |
| 709 | 5126 | ROCKWOOD | 1426 N GATEWAY AVE | ROCKWOOD | TN | 37854 |
| 710 | 1821 | ROCKY MOUNT | 955 N WESLEYAN BLVD | ROCKY MOUNT | NC | 27804 |
| 711 | 222 | ROGERSVILLE | 420 PARK BLVD | ROGERSVILLE | TN | 37857 |
| 712 | 1535 | ROLLA | 1001 S BISHOP AVE | ROLLA | MO | 65401 |
| 713 | 1473 | ROME | 2204 SHORTER AVE NW | ROME | GA | 30165 |
| 714 | 1246 | ROME | 1146 ERIE BLVD W | ROME | NY | 13440 |
| 715 | 4666 | ROSEBURG | 1350 NE STEPHENS ST STE 50 | ROSEBURG | OR | 97470 |
| 716 | 1908 | ROSWELL | 2513 N MAIN ST | ROSWELL | NM | 88201 |
| 717 | 4543 | ROWLETT | 3601 LAKEVIEW PKWY | ROWLETT | TX | 75088 |
| 718 | 5451 | ROXBORO | 730 N MADISON BLVD | ROXBORO | NC | 27573 |
| 719 | 1369 | RUSKIN | 3048 E COLLEGE AVE | RUSKIN | FL | 33570 |
| 720 | 235 | SAINT ANN | 10415 SAINT CHARLES ROCK RD | SAINT ANN | MO | 63074 |
| 721 | 509 | SAINT AUGUSTINE | 308 STATE ROAD 312 | SAINT AUGUSTINE | FL | 32086 |
| 722 | 514 | SAINT CLOUD | 3401 13TH ST STE 100 | SAINT CLOUD | FL | 34769 |
| 723 | 540 | SAINT PETERSBURG | 2900 34TH ST N | SAINT PETERSBURG | FL | 33713 |
| 724 | 1680 | SALEM | 1227 W MAIN ST | SALEM | VA | 24153 |
| 725 | 5276 | SALISBURY | 711 E. INNES ST. | SALISBURY | NC | 28144 |
| 726 | 1581 | SALISBURY | 404 N FRUITLAND BLVD | SALISBURY | MD | 21801 |
| 727 | 1832 | SAN ANTONIO | 7723 GUILBEAU RD STE 110 | SAN ANTONIO | TX | 78250 |
| 728 | 4110 | SAN ANTONIO | 1739 SW LOOP 410 STE 200 | SAN ANTONIO | TX | 78227 |
| 729 | 1963 | SAN ANTONIO | 2902 GOLIAD RD STE 116 | SAN ANTONIO | TX | 78223 |
| 730 | 1599 | SAN ANTONIO | 13926 NACOGDOCHES RD | SAN ANTONIO | TX | 78217 |
| 731 | 1451 | SAN ANTONIO | 3715 COLONY DR | SAN ANTONIO | TX | 78230 |
| 732 | 5157 | SANFORD | 2950 S. HORNER BLVD. | SANFORD | NC | 27332 |
| 733 | 418 | SANTA FE | 3140 CERRILLOS RD | SANTA FE | NM | 87507 |
| 734 | 1083 | SARALAND | 8 SARALAND BLVD S | SARALAND | AL | 36571 |
| 735 | 5370 | SARASOTA | 501 N BENEVA RD | SARASOTA | FL | 34232 |
| 736 | 5210 | SAUGERTIES | 330 ROUTE 212 | SAUGERTIES | NY | 12477 |
| 737 | 1708 | SAULT SAINTE MARIE | 3396 I 75 BUSINESS SPUR UNIT 1 | SAULT SAINTE MARIE | MI | 49783 |
| 738 | 5189 | SCHERERVILLE | 707 US HIGHWAY 41 | SCHERERVILLE | IN | 46375 |
| 739 | 1997 | SEAFORD | 900 NORMAN ESKRIDGE HWY | SEAFORD | DE | 19973 |
| 740 | 1591 | SEARCY | 103 N POPLAR ST | SEARCY | AR | 72143 |
| 741 | 1977 | SEDALIA | 3125 W BROADWAY BLVD | SEDALIA | MO | 65301 |
| 742 | 1058 | SELMA | 1403 S POLLOCK ST | SELMA | NC | 27576 |
| 743 | 275 | SENECA | 207 OCONEE SQUARE DR | SENECA | SC | 29678 |
| 744 | 5332 | SEVIERVILLE | 201 FORKS OF THE RIVER PARKWAY | SEVIERVILLE | TN | 37862 |
| 745 | 256 | SEYMOUR | 2000 E TIPTON ST | SEYMOUR | IN | 47274 |
| 746 | 603 | SHALLOTTE | 4600 MAIN ST STE 1 | SHALLOTTE | NC | 28470 |
| 747 | 1076 | SHAWNEE | 704 W AYRE ST | SHAWNEE | OK | 74801 |
| 748 | 1623 | SHAWNEE | 7408 NIEMAN RD | SHAWNEE | KS | 66203 |
| 749 | 5432 | SHELBY | 1728 E DIXON BLVD | SHELBY | NC | 28152 |
| 750 | 1823 | SHELBY TOWNSHIP | 7651 23 MILE RD | SHELBY TOWNSHIP | MI | 48316 |
| 751 | 1164 | SHELBYVILLE | 1840 E MICHIGAN RD | SHELBYVILLE | IN | 46176 |
| 752 | 216 | SHEPHERDSVILLE | 445 HWY 44 E STE 208 | SHEPHERDSVILLE | KY | 40165 |
| 753 | 1027 | SHERMAN | 2222 TEXOMA PKWY | SHERMAN | TX | 75090 |
| 754 | 5491 | SHIPPENSBURG | 300 S FAYETTE ST, STE D | SHIPPENSBURG | PA | 17257 |
| 755 | 4519 | SHOW LOW | 4421 S WHITE MOUNTAIN RD STE A | SHOW LOW | AZ | 85901 |
| 756 | 5179 | SICKLERVILLE | 465 BERLIN CROSS KEYS RD. | SICKLERVILLE | NJ | 08081 |
| 757 | 4325 | SIERRA VISTA | 135 S HIGHWAY 92 UNIT A | SIERRA VISTA | AZ | 85635 |
| 758 | 5182 | SIMPSONVILLE | 915 S ST STE A | SIMPSONVILLE | SC | 29681 |
| 759 | 1009 | SLIDELL | 196 GAUSE BLVD W | SLIDELL | LA | 70460 |
| 760 | 358 | SMYRNA | 3791 S COBB DR SE STE G | SMYRNA | GA | 30080 |
| 761 | 1657 | SMYRNA | 299 N LOWRY ST | SMYRNA | TN | 37167 |
| 762 | 1195 | SOMERS POINT | 257 W NEW RD | SOMERS POINT | NJ | 08244 |
| 763 | 205 | SOMERSET | 345 N HWY 27 STE 5 | SOMERSET | KY | 42503 |
| 764 | 5468 | SOUDERTON | 709 ROUTE 113 | SOUDERTON | PA | 18964 |
| 765 | 1200 | SOUTH BEND | 1911 E IRELAND RD | SOUTH BEND | IN | 46614 |
| 766 | 4108 | SOUTH OGDEN | 3801 WASHINGTON BLVD | SOUTH OGDEN | UT | 84403 |
| 767 | 1980 | SOUTH PLAINFIELD | 686 OAK TREE AVE | SOUTH PLAINFIELD | NJ | 07080 |
| 768 | 5352 | SOUTH POINT | 367 COUNTY RD 406 STE B | SOUTH POINT | OH | 45680 |
| 769 | 1075 | SOUTH WILLIAMSON | 86 APPALACHIAN PLZ | SOUTH WILLIAMSON | KY | 41503 |
| 770 | 1648 | SOUTHAVEN | 875 MAIN ST | SOUTHAVEN | MS | 38671 |
| 771 | 5172 | SOUTHFIELD | 29712 SOUTHFIELD RD. | SOUTHFIELD | MI | 48076 |
| 772 | 4723 | SOUTHGATE | 14333 EUREKA RD | SOUTHGATE | MI | 48195 |
| 773 | 5434 | SOUTHPORT | 4956 LONG BEACH RD SE, STE 8 | SOUTHPORT | NC | 28461 |
| 774 | 4677 | SPARKS | 1300 DISC DR | SPARKS | NV | 89436 |
| 775 | 843 | SPARTANBURG | 1000 N PINE ST | SPARTANBURG | SC | 29303 |
| 776 | 5360 | SPARTANBURG | 108 FRANKLIN AVE | SPARTANBURG | SC | 29301 |
| 777 | 1046 | SPARTANBURG | 204 CEDAR SPRINGS RD | SPARTANBURG | SC | 29302 |
| 778 | 5331 | SPEEDWAY | 6121 CRAWFORDSVILLE RD | SPEEDWAY | IN | 46224 |
| 779 | 1892 | SPINDALE | 1639 US HIGHWAY 74A BYP | SPINDALE | NC | 28160 |
| 780 | 1826 | SPRING HILL | 2384 COMMERCIAL WAY | SPRING HILL | FL | 34606 |
| 781 | 1674 | SPRINGFIELD | 303 E BATTLEFIELD ST STE J | SPRINGFIELD | MO | 65807 |
| 782 | 1265 | SPRINGFIELD | 390 COOLEY ST | SPRINGFIELD | MA | 01128 |
| 783 | 4689 | SPRINGFIELD | 2701 VETERANS PKWY | SPRINGFIELD | IL | 62704 |
| 784 | 1188 | SPRINGFIELD | 205 E LEFFEL LN | SPRINGFIELD | OH | 45505 |
| 785 | 1145 | SPRINGFIELD | 2565 N KANSAS EXPY | SPRINGFIELD | MO | 65803 |
| 786 | 1797 | SPRINGFIELD | 2008 MEMORIAL BLVD | SPRINGFIELD | TN | 37172 |
| 787 | 214 | SPRINGFIELD | 3173 S DIRKSEN PKWY | SPRINGFIELD | IL | 62703 |
| 788 | 228 | STATE COLLEGE | 503 BENNER PIKE | STATE COLLEGE | PA | 16801 |
| 789 | 1297 | STATESBORO | 13 LESTER RD STE C | STATESBORO | GA | 30458 |
| 790 | 1690 | STATESVILLE | 1020 CROSSROADS DR | STATESVILLE | NC | 28625 |
| 791 | 152 | STERLING HEIGHTS | 33100 SCHOENHERR RD | STERLING HEIGHTS | MI | 48312 |
| 792 | 5129 | STRONGSVILLE | 15177 PEARL ROAD | STRONGSVILLE | OH | 44136 |
| 793 | 472 | SUFFOLK | 924 N MAIN ST | SUFFOLK | VA | 23434 |
| 794 | 1886 | SUGAR LAND | 3410 HIGHWAY 6 | SUGAR LAND | TX | 77478 |
| 795 | 4668 | SUMMERSVILLE | 197 MERCHANTS WALK | SUMMERSVILLE | WV | 26651 |
| 796 | 5372 | SUMMERVILLE | 10150 DORCHESTER RD  UNIT 227 | SUMMERVILLE | SC | 29485 |
| 797 | 1692 | SUMTER | 1121 BROAD ST | SUMTER | SC | 29150 |
| 798 | 1423 | SWANSEA | 207 SWANSEA MALL DR | SWANSEA | MA | 02777 |
| 799 | 5327 | TALLAHASSEE | 3111 MAHAN DR STE 18 | TALLAHASSEE | FL | 32308 |

BIG LOTS, INC. Stores

Exhibit

| Store List |
| --- |

| | | | | | | |
|---|---|---|---|---|---|---|
| 800 | 547 | TAMPA | 7565 W HILLSBOROUGH AVE | TAMPA | FL | 33615 |
| 801 | 1723 | TEMPLE | 2603 THORNTON LN | TEMPLE | TX | 76502 |
| 802 | 1953 | TERRE HAUTE | 1800 FORT HARRISON RD STE 19 | TERRE HAUTE | IN | 47804 |
| 803 | 1729 | TERRE HAUTE | 4650 S US HIGHWAY 41 | TERRE HAUTE | IN | 47802 |
| 804 | 1131 | TEXARKANA | 2729 NEW BOSTON RD | TEXARKANA | TX | 75501 |
| 805 | 1820 | THIBODAUX | 404 N CANAL BLVD | THIBODAUX | LA | 70301 |
| 806 | 5366 | THOMASVILLE | 15083 US HWY 19 S | THOMASVILLE | GA | 31792 |
| 807 | 1734 | TIFFIN | 644 W MARKET ST | TIFFIN | OH | 44883 |
| 808 | 5148 | TIFTON | 163 VIRGINIA AVE S STE C | TIFTON | GA | 31794 |
| 809 | 454 | TOLEDO | 3946 W ALEXIS RD | TOLEDO | OH | 43623 |
| 810 | 5442 | TOLEDO | 3234 SECOR RD, STE 2 & 3 | TOLEDO | OH | 43606 |
| 811 | 1875 | TOMS RIVER | 1214 ROUTE 37 E ste 1 | TOMS RIVER | NJ | 08753 |
| 812 | 1629 | TONAWANDA | 750 YOUNG ST | TONAWANDA | NY | 14150 |
| 813 | 493 | TOPEKA | 5121 SW 29TH ST | TOPEKA | KS | 66614 |
| 814 | 5186 | TRAVERSE CITY | 1144 W SOUTH AIRPORT RD | TRAVERSE CITY | MI | 49686 |
| 815 | 1956 | TREXLERTOWN | 7150 HAMILTON BLVD | TREXLERTOWN | PA | 18087 |
| 816 | 1697 | TROTWOOD | 5009 SALEM AVE | TROTWOOD | OH | 45426 |
| 817 | 4575 | TULARE | 1675 HILLMAN STREET | TULARE | CA | 93274 |
| 818 | 5423 | TULLAHOMA | 1806 N JACKSON ST | TULLAHOMA | TN | 37388 |
| 819 | 1062 | TULSA | 2144 S SHERIDAN RD | TULSA | OK | 74129 |
| 820 | 1237 | TUPELO | 2605 W MAIN ST | TUPELO | MS | 38801 |
| 821 | 4145 | TYLER | 4400 S BROADWAY AVE | TYLER | TX | 75703 |
| 822 | 1038 | TYLER | 1421 S BECKHAM AVE | TYLER | TX | 75701 |
| 823 | 5429 | UNIONTOWN | 99 MATTHEW DR, STE 107 | UNIONTOWN | PA | 15401 |
| 824 | 1283 | UTICA | 350 LELAND AVE | UTICA | NY | 13502 |
| 825 | 5375 | VALDOSTA | 110 E NORTHSIDE DR | VALDOSTA | GA | 31602 |
| 826 | 1160 | VAN WERT | 1155 S SHANNON ST | VAN WERT | OH | 45891 |
| 827 | 529 | VENICE | 565 US HWY 41 BYP | VENICE | FL | 34285 |
| 828 | 1834 | VESTAL | 150 VESTAL PKWY W | VESTAL | NY | 13850 |
| 829 | 1888 | VICKSBURG | 1800 S FRONTAGE RD STE E | VICKSBURG | MS | 39180 |
| 830 | 1562 | VICTORIA | 8402 N NAVARRO ST | VICTORIA | TX | 77904 |
| 831 | 1371 | VIDALIA | 2305 E 1ST ST | VIDALIA | GA | 30474 |
| 832 | 4698 | VIENNA | 113 GRAND CENTRAL AVE | VIENNA | WV | 26105 |
| 833 | 258 | VINCENNES | 2323 N 6TH ST | VINCENNES | IN | 47591 |
| 834 | 5426 | VINTON | 1090 BYPASS RD | VINTON | VA | 24179 |
| 835 | 5476 | VIRGINIA BEACH | 2864 VIRGINIA BEACH BLVD | VIRGINIA BEACH | VA | 23452 |
| 836 | 4608 | WACO | 4905 WEST WACO DRIVE | WACO | TX | 76710 |
| 837 | 5159 | WADSWORTH | 160 GREAT OAKS TRAIL | WADSWORTH | OH | 44281 |
| 838 | 5428 | WAKE FOREST | 12295 CAPITAL BLVD | WAKE FOREST | NC | 27587 |
| 839 | 1390 | WALDORF | 1200 SMALLWOOD DR W | WALDORF | MD | 20603 |
| 840 | 1489 | WALLINGFORD | 968 N COLONY RD STE B | WALLINGFORD | CT | 06492 |
| 841 | 1396 | WAPPINGERS FALLS | 1574 ROUTE 9 | WAPPINGERS FALLS | NY | 12590 |
| 842 | 1816 | WARNER ROBINS | 2191 WATSON BLVD | WARNER ROBINS | GA | 31093 |
| 843 | 1751 | WARREN | 4331 MAHONING AVE NW | WARREN | OH | 44483 |
| 844 | 1954 | WARWICK | 2485 WARWICK AVE | WARWICK | RI | 02889 |
| 845 | 1609 | WASHINGTON | 254 OAK SPRING RD | WASHINGTON | PA | 15301 |
| 846 | 1370 | WASHINGTON | 1060 WASHINGTON SQUARE SHOPPING CTR | WASHINGTON | MO | 63090 |
| 847 | 111 | WATERFORD | 5640 DIXIE HWY | WATERFORD | MI | 48329 |
| 848 | 1022 | WATERTOWN | 1125 ARSENAL ST | WATERTOWN | NY | 13601 |
| 849 | 4632 | WAXAHACHIE | 507 N HWY 77 STE 300 | WAXAHACHIE | TX | 75165 |
| 850 | 1185 | WAYCROSS | 1803 KNIGHT AVE STE A2 | WAYCROSS | GA | 31501 |
| 851 | 5159 | WAYNESBORO | 2715 W MAIN ST | WAYNESBORO | VA | 22980 |
| 852 | 1787 | WAYNESBURG | 110 GREENE PLZ | WAYNESBURG | PA | 15370 |
| 853 | 1621 | WAYNESVILLE | 1176 RUSS AVE | WAYNESVILLE | NC | 28786 |
| 854 | 4527 | WEATHERFORD | 108 COLLEGE PARK DR | WEATHERFORD | TX | 76086 |
| 855 | 5280 | WEAVERVILLE | 130 WEAVER BLVD | WEAVERVILLE | NC | 28787 |
| 856 | 4669 | WEBSTER | 116 E MAIN ST | WEBSTER | MA | 01570 |
| 857 | 4148 | WEBSTER | 1201 W NASA PKWY | WEBSTER | TX | 77598 |
| 858 | 1215 | WEBSTER GROVES | 8563 WATSON RD | WEBSTER GROVES | MO | 63119 |
| 859 | 4730 | WEIRTON | 250 THREE SPRINGS DR | WEIRTON | WV | 26062 |
| 860 | 1516 | WESLACO | 1025 N TEXAS BLVD STE 1 | WESLACO | TX | 78596 |
| 861 | 1744 | WEST BABYLON | 501 W MONTAUK HWY | WEST BABYLON | NY | 11704 |
| 862 | 1857 | WEST COLUMBIA | 3230 AUGUSTA RD | WEST COLUMBIA | SC | 29170 |
| 863 | 5132 | WEST DEPTFORD | 1075 MANTUA PIKE | WEST DEPTFORD | NJ | 08096 |
| 864 | 1741 | WEST HAZLETON | 290 SUSQUEHANNA BLVD | WEST HAZLETON | PA | 18202 |
| 865 | 1880 | WEST MIFFLIN | 7005 CLAIRTON RD | WEST MIFFLIN | PA | 15122 |
| 866 | 1134 | WEST MONROE | 160 BLANCHARD ST | WEST MONROE | LA | 71291 |
| 867 | 1157 | WEST PLAINS | 1362 SOUTHERN HILLS CTR | WEST PLAINS | MO | 65775 |
| 868 | 1520 | WEST SENECA | 1980 RIDGE RD | WEST SENECA | NY | 14224 |
| 869 | 1814 | WESTLAND | 35507 FORD RD | WESTLAND | MI | 48185 |
| 870 | 481 | WESTMINSTER | 140 VILLIAGE SHOPPING CTR | WESTMINSTER | MD | 21157 |
| 871 | 4107 | WESTMINSTER | 6351 Westminster Dr | CA | | 92683 |
| 872 | 244 | WHEELERSBURG | 9025 OHIO RIVER RD | WHEELERSBURG | OH | 45694 |
| 873 | 5330 | WHITEHALL | 2631 MACARTHUR RD | WHITEHALL | PA | 18052 |
| 874 | 5258 | WHITEVILLE | 28 WHITES CROSSING LN | WHITEVILLE | NC | 28472 |
| 875 | 1402 | WICHITA FALLS | 3923 KELL BLVD | WICHITA FALLS | TX | 76308 |
| 876 | 1737 | WILKES BARRE | 310 E END CTR | WILKES BARRE | PA | 18702 |
| 877 | 5261 | WILKESBORO | 1826 W US HWY 421 STE K | WILKESBORO | NC | 28697 |
| 878 | 5368 | WILLIAMSBURG | 6610 MOOKETOWN RD | WILLIAMSBURG | VA | 23188 |
| 879 | 5160 | WILLOUGHBY | 35101 EUCLID AVE | WILLOUGHBY | OH | 44094 |
| 880 | 134 | WILMINGTON | 1334 ROMBACH AVE | WILMINGTON | OH | 45177 |
| 881 | 5462 | WILMINGTON | 6832 F MARKET ST | WILMINGTON | NC | 28405 |
| 882 | 5130 | WILMINGTON | 4310 SHIPYARD BLVD. | WILMINGTON | NC | 28403 |
| 883 | 5246 | WILMINGTON | 4439 GOVERNOR PRINTZ BLVD | WILMINGTON | DE | 19802 |
| 884 | 5183 | WILSON | 1700 RALEIGH RD PKWY W STE 104 | WILSON | NC | 27896 |
| 885 | 51 | WINCHESTER | 1090 MILLWOOD PIKE | WINCHESTER | VA | 22602 |
| 886 | 5386 | WINSTON SALEM | 975 HANES MALL BLVD | WINSTON SALEM | NC | 27103 |
| 887 | 1013 | WINSTON SALEM | 5952 UNIVERSITY PKWY STE H | WINSTON SALEM | NC | 27105 |
| 888 | 523 | WINTER GARDEN | 1013 S DILLARD ST | WINTER GARDEN | FL | 34787 |
| 889 | 518 | WINTER HAVEN | 1520 3RD ST SW | WINTER HAVEN | FL | 33880 |
| 890 | 98 | WINTERSVILLE | 498 CADIZ RD | WINTERSVILLE | OH | 43953 |
| 891 | 4430 | WOOD DALE | 480 GEORGETOWN SQ | WOOD DALE | IL | 60191 |
| 892 | 838 | WOOSTER | 1925 CLEVELAND RD | WOOSTER | OH | 44691 |
| 893 | 4558 | YAKIMA | 120 N. FAIR AVENUE | YAKIMA | WA | 98901 |
| 894 | 1016 | YORK | 2140 WHITE ST | YORK | PA | 17404 |
| 895 | 1361 | YORKTOWN | 4318 GEORGE WASHINGTON MEM HWY | YORKTOWN | VA | 23692 |
| 896 | 1466 | YOUNGSTOWN | 7100 SOUTH AVE | YOUNGSTOWN | OH | 44512 |
| 897 | 1759 | YOUNGSTOWN | 4341 KIRK RD | YOUNGSTOWN | OH | 44511 |
| 898 | 5320 | YUKON | 1630 GARTH BROOKS BLVD | YUKON | OK | 73099 |
| 899 | 4043 | YUMA | 1625 S 4TH AVE | YUMA | AZ | 85364 |

**BIG LOTS, INC. Stores**
**Exhibit**

| Store List |
| --- |

| | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| 900 | 5373 | ZANESVILLE | 3515 MAPLE AVE | ZANESVILLE | OH | 43701 |
| 901 | 1501 | ZEPHYRHILLS | 4840 ALLEN RD | ZEPHYRHILLS | FL | 33541 |

**EXECUTION VERSION**

**EXHIBIT 2.1(a)**

The Sale Order shall provide, and otherwise be satisfactory to Agent, <u>inter alia</u>, that:

      (i)      The Agreement (and each of the transactions contemplated thereby, including without limitation the Sale) is approved in its entirety pursuant to Section 363 of the Bankruptcy Code;

      (ii)      The Bankruptcy Court finds that time is of the essence in effectuating this Agreement and proceeding with the Sale at the Stores uninterrupted;

      (iii)      Merchant's decisions to (a) enter into the Agreement and (b) perform under and make payments required by the Agreement is a reasonable exercise of the Merchant's sound business judgment consistent with its fiduciary duties and is in the best interests of the Merchant, its estate, its creditors, and other parties in interest;

      (iv)      The Agreement was negotiated in good faith and at arm's length between the Buyer, Merchant and Agent, and that Agent is entitled to the protection of Sections 363(m) and 364(e) of the Bankruptcy Code;

      (v)      Agent's performance under the Agreement will be made, in good faith and for valid business purposes and uses, as a consequence of which Agent is entitled to the protection and benefits of Sections 363(m) and 364(e) of the Bankruptcy Code;

      (vi)      Buyer, Merchant and Agent shall be authorized to continue to take any and all actions as may be necessary or desirable to implement the Agreement and each of the transactions contemplated thereby (including, without limitation, the Sale and completing the Final Reconciliation);

      (vii)      Agent, as agent for Buyer and Merchant, is authorized to conduct, advertise, post signs and otherwise promote the Sale consistent with the Sale Advertising;

      (viii)      Agent shall be entitled to sell all Inventory and Owned FF&E hereunder free and clear of all liens, claims, interests or encumbrances thereon, with any presently existing liens encumbering all or any portion of the Inventory, Owned FF&E, the Proceeds or any proceeds of the foregoing attaching, as applicable, only to the Purchase Price under the APA;

      (ix)      (A) During the Sale Term, and for purposes of conducting the Sale, Agent shall have the right to the unencumbered use and occupancy of, and peaceful and quiet possession of, each Store, Distribution Center and the Corporate HQ and the assets currently located at the Stores, in each case subject to the extent of Merchant's or Buyer's rights and entitlement to use the same, and the services provided at such Stores to the extent Merchant is entitled to such services, and (B) Merchant shall not assign, reject or otherwise terminate any lease or other occupancy agreement relating to any such Stores or vacate any such Stores until the applicable Sale Termination Date or Vacate Date.

      (x)      Agent shall have the right to use the Stores, Distribution Centers and Corporate HQ and all related services, furniture, fixtures, equipment and other assets of Merchant as designated under the Agreement for the purpose of conducting the Sale, free of any interference from any entity or person subject to compliance with the Sale Guidelines and Sale Order;

(xi)    All newspapers and other advertising media in which the Sale is advertised shall be directed to accept the Sale Order as binding and to allow Buyer, Merchant and Agent to consummate the transactions provided for in the Agreement, including, without limitation, the conducting, promoting, and advertising of the Sale in the manner contemplated by the Agreement;

(xii)    All utilities, internet service providers, website service or hosting providers, landlords, creditors, governmental authorities, and all persons acting for or on their behalf shall not interfere with or otherwise impede the conduct or advertising of the Sale, institute any action in any court (other than in the Bankruptcy Court) or before any administrative body which in any way directly or indirectly interferes with or obstructs or otherwise impedes the conduct or advertising of the Sale;

(xiii)    Agent shall not be the successor to Merchant, or any predecessor or affiliate of Merchant, and Agent will not assume, or in any way be liable or responsible for, any claim or liability, whether known or unknown, whether asserted or unasserted, whether accrued or unaccrued, whether contingent or not, whether at law or in equity or otherwise, whether existing on the date hereof or arising thereafter and whether relating to or arising out of Merchant's businesses, the Inventory, the Owned FF&E or otherwise;

(xiv)    Any amounts owed by Merchant to Agent under this Agreement shall be granted the status of superpriority claims in Merchant's Bankruptcy Case pursuant to section 364(c) of Bankruptcy Code senior to all other superpriority claims;

(xv)    Agent shall be granted a valid, binding, enforceable and perfected security interest and lien as provided for in the Agreement without the necessity of filing financing statements or other steps to perfect the security interest or lien (other than entry of the Sale Order);

(xvi)    In the event any of the provisions of the Sale Order are modified, amended or vacated by a subsequent order of the Bankruptcy Court or any other court, Agent shall be entitled to the protections provided in Sections 363(m) and 364(e) of the Bankruptcy Code, and no such appeal, modification, amendment or vacatur shall affect the validity and enforceability of the Sale or the liens or priority authorized or created under this Agreement or the Sale Order;

(xvii)    (A) The terms of the Agreement shall be binding on any trustee appointed for the Merchant under any provision of the Bankruptcy Code, whether the Bankruptcy Case of the Merchant is proceeding under chapter 7 or chapter 11 of the Bankruptcy Code (a "Trustee"); (B) any such Trustee shall be authorized and directed to operate the business of Merchant to the fullest extent necessary to permit compliance with the terms of the Agreement and to allow for Agent's continued conduct of the Sale; and (C) Agent and any such Trustee shall be authorized to perform under the Agreement without the need for further order of the Bankruptcy Court;

(xviii)    The application of any automatic stay of immediate enforcement of the Sale Order is waived;

(xix)    The Sale Order constitutes an authorization of the conduct of Buyer, Merchant and Agent in connection therewith;

(xx)    The sale by Agent of Additional Agent Inventory in the course of Agent's conduct of the Sale shall be authorized; and

- 29 -

(xxi)    The Bankruptcy Court shall retain jurisdiction over the Parties to enforce this Agreement.

**EXECUTION VERSION**

## EXHIBIT 3.2(b)

*See attached.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (___) |
| Debtors.[1] | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING (A) DEBTORS TO CONTINUE TO MAINTAIN EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (B) DEBTORS TO OPEN AND CLOSE BANK ACCOUNTS, AND (C) FINANCIAL INSTITUTIONS TO ADMINISTER THE BANK ACCOUNTS AND HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, (II) WAIVING DEPOSIT AND INVESTMENT REQUIREMENTS, AND (III) ALLOWING INTERCOMPANY TRANSACTIONS AND AFFORDING ADMINISTRATIVE EXPENSE PRIORITY TO POST-PETITION INTERCOMPANY CLAIMS

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each

of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the

"**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of Interim and Final Orders*

*(I) Authorizing (A) Debtors To Continue To Maintain Existing Cash Management System, Bank*

*Accounts, and Business Forms, (B) Debtors To Open and Close Bank Accounts, and (C) Financial*

*Institutions To Administer the Bank Accounts and Honor and Process Related Checks and*

*Transfers, (II) Waiving Deposit and Investment Requirements, and (III) Allowing Intercompany*

*Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany*

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Claims* (this "**Motion**").  This Motion is supported by the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Ramsden Declaration**") filed contemporaneously herewith and incorporated herein by reference.  In further support of this Motion, the Debtors respectfully state as follows:

<u>**Relief Requested**</u>

1.      By this Motion, and pursuant to sections 105(a), 345, 363(c)(1), 364(a), and 503(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **<u>Exhibit D</u>** and **<u>Exhibit E</u>** (the "**Proposed Orders**"), (a) authorizing, but not directing, the Debtors to (i) continue operating their prepetition cash management system with respect to intercompany cash management, as further described below (the "**Cash Management System**"), (ii) maintain their existing bank accounts (together with any accounts opened after the date hereof, the "**Bank Accounts**" and each, a "**Bank Account**") located at certain banks and financial institutions (each, a "**Bank**" and, collectively, the "**Banks**"), with the ability to open and close Bank Accounts post-petition in the ordinary course of business, and (iii) maintain their existing Business Forms (as defined below), (b) authorizing the applicable financial institutions to treat, service, and administer the Bank Accounts in the ordinary course of business and to receive, process, honor, and pay all checks or wire transfers used by the Debtors, (c) waiving the requirements of section 345(b) of the Bankruptcy Code, rules 2015-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and section 2 of the U.S. Trustee Guidelines (as defined below) on an interim basis, (d) allowing the Debtors to continue to enter into and perform Intercompany Transactions (as defined below), and (e) affording post-petition Intercompany

3

Claims (as defined below) administrative expense priority treatment under sections 503(b)(1) and 364(a) of the Bankruptcy Code.

<u>**Jurisdiction, Venue, and Authority**</u>

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Background**</u>

**A.    General Background**

5.      On September 9, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

3

6.      Contemporaneously herewith, the Debtors have filed a motion requesting the joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7.      Big Lots is a one-stop shop home discount retailer.  Big Lots' mission is to help customers "Live Big and Save Lots" by offering bargains on everything for their homes, including furniture, décor, pantry essentials, kitchenware, groceries, and pet supplies.  Headquartered in Columbus, Ohio, Big Lots operates more than 1,300 stores across 48 states in the United States, as well as an ecommerce store with expanded fulfillment and delivery capabilities.

8.      Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Ramsden Declaration.

### B.    The Debtors' Cash Management System

9.      In the ordinary course of business, the Debtors utilize the Cash Management System to collect, disburse, and monitor funds generated by the operations of the Debtors.  The Debtors' Cash Management System consists of 832 Bank Accounts with eight different Banks— PNC Bank, National Association ("**PNC Bank**"), US Bank National Association ("**US Bank**"), Bank of America, N.A., Citizens Bank, N.A., Fifth Third Bank, National Association, The Huntington National Bank, Truist Bank, and Wells Fargo Bank, N.A.—and all of the Bank Accounts hold cash denominated in U.S. dollars.  A non-exhaustive list of the Bank Accounts (with account numbers partly redacted) is attached hereto as **Exhibit A**.  The Debtors believe that all of the Bank Accounts are maintained at stable financial institutions, all of which have executed Uniform Depository Agreements and are thus designated as authorized depositories by the Office of the United States Trustee for Region 3.  In addition, a list of the Debtors' outstanding letters of credit (the "**Letters of Credit**") is attached hereto as **Exhibit B**.

4

10.     The Cash Management System enables the Debtors to monitor the collection and disbursement of funds and maintain control over the administration of their Bank Accounts.  The Cash Management System is not entirely automated—the employees of the Debtors are required to monitor the system, manage the proper disbursement of funds, utilize the wire, check, and automated clearing house (ACH) capabilities of a number of different banks to disburse funds, and manually deposit checks using an internal remote capture tool.

11.     The Cash Management System has two main components:  (a) cash collection and (b) cash disbursement.  To provide an overview of the movement of cash through the Cash Management System, a schematic diagram illustrating the flow of funds through the Cash Management System is attached hereto as **Exhibit C**.

## *Cash Collection*

12.     A substantial portion of the Debtors' present and expected future revenues consists of income generated from in-store and online sales of merchandise.  In addition, the Debtors generate cash receipts from other miscellaneous sources, including gift card sales, lease-to-own programs, vendor rebates, and warranty sales.

13.     Armored vehicles periodically collect the Debtors' third-party non-credit card receipts from their stores (the frequency of collection varies by store location) and deposit such receipts into collection Bank Accounts at various Banks (the "**Collection Accounts**").  The Collection Accounts comprise 21 master accounts, with numerous sub-accounts under each master account—the Debtors maintain 781 sub-accounts in the aggregate, which correspond to specific store locations.  The Collection Accounts operate as zero balance accounts ("**ZBAs**"), with all funds therein swept daily into an Operating Account (as defined below) located at PNC Bank (last four digits of account #2984) (the "**Store Deposits Operating Account**").  The Store Deposits

5

Operating Account also operates as a ZBA that, in turn, sweeps all funds therein on a daily basis into the Debtors' primary concentration account located at PNC Bank (#0162) (the "**Primary Concentration Account**"). The Debtors also deposit their credit card receipts directly into the Primary Concentration Account. Pursuant to that certain Amended and Restated Deposit Account Control Agreement, dated as of August 19, 2024, by and among Debtor Big Lots Stores, LLC ("**Big Lots Stores**"), PNC Bank, and 1903P Loan Agent, LLC (the "**Concentration Account DACA**"), Big Lots Stores granted PNC Bank and 1903P Loan Agent, LLC a security interest in the Primary Concentration Account and all funds on deposit therein. As of the Petition Date, the balance of cash in the Primary Concentration Account is $10,228,080.

14.    In addition, the Debtors maintain a concentration account located at US Bank (#8517) (the "**US Bank Concentration Account**" and, together with the Primary Concentration Account, the "**Concentration Accounts**"), which receives and transfers funds from and to, among other Bank Accounts, the Primary Concentration Account. As of the Petition Date, the balance of cash in the US Bank Concentration Account is $654,932.

*Cash Disbursements*

15.    In the ordinary course of business, the Debtors transfer funds on an as-needed basis from the Concentration Accounts to operating accounts located at PNC Bank and US Bank (collectively "**Operating Accounts**"). The Debtors maintain 15 Operating Accounts to fund their cash disbursements, including the payment of vendors, payroll, employee benefits, taxes, and other expenses. All of the Operating Accounts function as ZBAs, with all funds therein swept daily into the Concentration Accounts.

16.    In addition, the Debtors maintain 12 stand-alone Bank Accounts located at PNC Bank and US Bank (the "**Stand-Alone Accounts**") and fund such accounts on an as-needed basis

from the Concentration Accounts.  The Debtors utilize the Stand-Alone Accounts to fund or support letters of credit, administer stock options, settle intercompany balances, and to transmit funds to the Debtors' office located in China.  Pursuant to the Concentration Account DACA, Debtor Big Lots Stores granted PNC Bank a security interest in a Stand-Alone Account #4894 and all funds on deposit therein.  Moreover, on September 3, 2024, pursuant to that certain Credit Agreement, dated as of September 21, 2022 (as amended by that certain First Amendment to Credit Agreement, dated as of April 18, 2024, and as further amended by that certain Second Amendment to Credit Agreement, dated as of July 31, 2024) by and among Debtor Big Lots, Inc., as borrower, PNC Bank, as administrative agent, and each of the other subsidiary borrowers, loan parties, and lenders party thereto (the "**ABL Credit Agreement**"), the Debtors elected to enter a Dominion Period (as defined in the ABL Credit Agreement), wherein Stand-Alone Account #4894 was repurposed as a credit management account, and which Dominion Period may be effectuated through automated or manual transfer from the Debtors' accounts.

17.    Finally, pursuant to that certain Amended and Restated Deposit Account Control Agreement, dated as of August 19, 2024, by and among Debtor Big Lots, Inc., PNC Bank, and Gordon Brothers (the "**Stand-Alone Account DACA**"), Debtor Big Lots, Inc. granted PNC Bank and Gordon Brothers a security interest in the Stand-Alone Account #7451 and all funds on deposit therein.

<u>*Banking, Processing, and Security Fees*</u>

18.    In the ordinary course of business, the Banks charge, and the Debtors pay, honor, or allow the deduction from the appropriate Bank Accounts, certain service charges, and other fees, costs, and expenses (collectively, the "**Bank Fees**").  The Bank Fees are paid by the Debtors monthly via automatic debiting fees of approximately $280,000 per month in the aggregate.  In

addition, in the ordinary course of business, credit card processors charge, and the Debtors pay, certain fees, charges, refunds, chargebacks, reserves, and other amounts due and owing from the Debtors to the credit card processors (collectively, the "**Merchant Services Obligations**") pursuant to (a) that certain merchant processing agreement by and among Worldpay, LLC and Debtor Big Lots Stores (together with all documentation and amendments related thereto, the "**Worldpay Merchant Processing Agreement**"), (b) that certain merchant processing agreement by and among DFS Services LLC and Debtor Big Lots Stores (together with all documentation and amendments related thereto, the "**Discover Merchant Processing Agreement**"), (c) that certain merchant processing agreement by and among American Express Travel Related Services Company, Inc. and Big Lots Stores (together with all documentation and amendments related thereto, the "**American Express Merchant Processing Agreement**"), (d) that certain merchant processing agreement by and among Comenity Capital Bank and Big Lots Stores (together with all documentation and amendments related thereto, the "**Comenity Merchant Processing Agreement**"), and (e) that certain merchant processing agreement by and among PayPal, Inc. and Debtor Big Lots eCommerce LLC  (together with all documentation and amendments related thereto, the "**PayPal Merchant Processing Agreement**") (together with all documentation and amendments related thereto, the "**Merchant Processing Agreements**", and together with the Worldpay Merchant Processing Agreement, Discover Merchant Processing Agreement, American Express Merchant Processing Agreement, Comenity Merchant Processing Agreement, and PayPal Merchant Processing Agreement, the **"Merchant Processing Agreements"**).  The Merchant Services Obligations are paid by the Debtors monthly and average approximately $4,900,000 per month in the aggregate.  Finally, in the ordinary course of business, the Debtors employ multiple security firms to collect periodically via armored vehicles the Debtors' third-party non-credit card

receipts from the Debtors' stores and to deposit such receipts into the Collection Accounts (collectively, the "**Security Obligations**") pursuant to certain service agreements (together with all documentation and amendments related thereto, the "**Security Service Agreements**"). The Security Obligations are paid by the Debtors monthly and average approximately $370,000 per month in the aggregate.

*Intercompany Transactions*

19.     The Debtors also maintain relationships with each other in the ordinary course of business (collectively, the "**Intercompany Transactions**") that result in intercompany receivables and payables (the "**Intercompany Claims**"). In general, the Intercompany Transactions are made through wire or book transfers to (a) facilitate the payment of employee wages and benefits and sales and marketing expenses, (b) reimburse certain Debtors for various expenditures associated with their businesses, and (c) fund the Bank Accounts for general capital expenditures.

20.     In connection with the daily operation of the Cash Management System, as funds are disbursed throughout the Cash Management System and as business is transacted among the Debtors, at any given time there may be an Intercompany Claim owed by one Debtor to another, which allows the Debtors to facilitate and maintain its operations. The Intercompany Claims are generally reflected as journal entry receivables and payables each month. Further, each Debtor tracks all fund transfers in its respective accounting system and can ascertain, trace, and account for all Intercompany Transactions. Indeed, the Debtors' general practice is to maintain schedules that record all cash activity in the Bank Accounts and to reconcile such amounts with the Debtors' books and monthly cash balance.

21.     If the Intercompany Transactions were to be discontinued, the Cash Management System and the Debtors' operations would be disrupted unnecessarily to the detriment of the

Debtors, their creditors, and other stakeholders.  Moreover, the Intercompany Transactions ultimately result in a net benefit to the Debtors.  Accordingly, the Debtors seek the authority to continue the Intercompany Transactions in the ordinary course of business consistent with past practice.

*Corporate Credit Card Program*

22.     In the ordinary course of business, the Debtors maintain a Corporate Credit Card Program, administered by US Bank, to help fund their operations, which includes: (a) purchasing cards, including ActivePay virtual cards, (b) individual travel cards and (c) CTS travel cards (the "**Corporate Credit Card Program**").

23.     The purchasing cards are used in the ordinary course of business by the Debtors to purchase merchandise for sale in the Debtors' stores or online and for general corporate functions. This includes ActivePay virtual cards, which are utilized to streamline the Debtors' accounts payable function as a payment alternative to the traditional check, wire and ACH methods.  There are approximately 150 purchasing cards (the "**Purchasing Cards**") used by the Debtors.  The Debtors incur on average approximately $500,000 per month in charges on the Purchasing Cards. US Bank currently requires the Debtors to fund obligations in advance of incurring charges on the Purchasing Cards.  Therefore, the Debtors estimate that, as of the Petition Date, they do not owe any outstanding prepetition amounts on account of the Purchasing Cards.

24.     Travel expenses incurred by the Debtors and the Debtors' employees are charged to the individual travel cards or the CTS travel cards (the "**Travel Cards**").  The Debtors incur on average approximately $150,000 in charges through the Travel Cards per month.  As with the Purchasing Cards, US Bank requires the Debtors to fund obligations in advance of incurring

charges on the Travel Cards.  The Debtors estimate that, as of the Petition Date, they do not owe any outstanding prepetition amounts on account of the Travel Cards.

25.     By this Motion, the Debtors seek authority to continue the Corporate Credit Card Program in the ordinary course of business, including making ordinary course modifications thereto, and to pay any outstanding amounts, regardless of whether such amounts arose before or after the Petition Date, in the ordinary course and consistent with historical practices.

*Business Forms*

26.     As part of the Cash Management System, the Debtors utilize numerous preprinted correspondence and business forms, including purchase orders, letterhead, envelopes, promotional materials, checks, invoices, sales orders, acknowledgements, and other business forms (collectively, the "**Business Forms**"), in the ordinary course of their business.  The Debtors also maintain books and records to document, among other things, their profits and expenses.  To minimize expenses to their estates and avoid confusion on the part of customers, vendors, and suppliers during the pendency of the Chapter 11 Cases, the Debtors request that the Court authorize their continued use of all correspondence and Business Forms (including letterhead, purchase orders, invoices, as well as preprinted and future checks) as such forms were in existence immediately before the Petition Date, without reference to the Debtors' status as debtors in possession, rather than requiring the Debtors to incur the expense and delay of ordering entirely new business forms as required under the U.S. Trustee Guidelines.

**Basis for Relief**

A. **The Continued Use of the Debtors' Cash Management System, Bank Accounts, and Business Forms is Essential to the Debtors' Ongoing Operations and Restructuring Efforts and is Necessary for the Preservation and Maximization of the Debtors' Estates**

27.     The office of the U.S. Trustee for the District of Delaware (the "**U.S. Trustee**") has established guidelines (the "**U.S. Trustee Guidelines**") to supervise the administration of chapter 11 cases.  The U.S. Trustee Guidelines and Local Rules require a chapter 11 debtor to, among other things, (a) close all existing bank accounts over which a debtor has possession, (b) open new bank accounts in depositories, approved by the U.S. Trustee, and that are designated as debtor in possession accounts ("**DIP Accounts**"), with separate DIP Accounts established for an operating account and a tax account (to the extent that payroll or other taxes are an issue for the debtor), cash collateral (to the extent required by court order), and a payroll account (to the extent that the debtor had a separate payroll account prepetition), (c) obtain and utilize new checks for all DIP Accounts that bear the designation "Debtor in Possession" and contain other information about the debtors' chapter 11 case, and insure that the signature cards for all DIP Accounts clearly indicate that the debtor is a "Chapter 11 Debtor in Possession," (d) deposit all receipts and make all disbursements only through the approved DIP Accounts, with any funds in excess of those required for current operations being maintained in a DIP interest-bearing account, (e) deposit to the tax DIP Account sufficient funds to pay all tax liability, (f) deposit all estate funds into DIP Accounts with a financial institution that agrees to comply with the requirements of the U.S. Trustee (which will be monitored by the U.S. Trustee), with no DIP Account exceeding the insured or collateralized limits of that approved depository, and (g) provide copies of bank statements for prepetition bank accounts and/or post-petition DIP Accounts, or other supporting documentation upon request by the U.S. Trustee.  *See U.S. Trustee Guidelines, Information Regarding Bank Accounts*, at §§ A-G.

12

Additionally, section 345(b) of the Bankruptcy Code requires the holders of deposits that are not insured by the United States or backed by the full faith and credit of the United States to obtain a bond or other security. *See* 11 U.S.C. § 345(b). These requirements under the U.S. Trustee Guidelines are designed to establish a clear line of demarcation between prepetition and post-petition claims and payments and to help protect against a debtor's inadvertent payment of prepetition claims by preventing banks from honoring checks drawn before the commencement of the debtor's chapter 11 cases.

28.     The Debtors hereby seek (a) authority to continue using their current centralized, integrated Cash Management System and (b) a waiver of the requirements of the U.S. Trustee Guidelines and Local Rule 2015-2(a), which would require, among other things, the closure of the Bank Accounts, the opening of new deposit accounts, and the immediate ordering of new business forms with a legend identifying each of the Debtors as "Debtor in Possession," to the extent that they prohibit the Debtors from continuing to utilize their existing Cash Management System. It is essential that the Debtors be permitted to continue to consolidate the management of their cash as necessary and appropriate to continue the operation of their businesses and preserve and maximize the value of their estates.

29.     The basic structure of the Cash Management System constitutes the Debtors' ordinary, usual, and essential business practices. The Cash Management System is similar to those commonly employed by corporate enterprises comparable to the Debtors in size and complexity. The Cash Management System is integrated with the Debtors' accounting processes and software that produce the Debtors' financial statements and includes the necessary accounting controls to enable the Debtors, as well as other interested parties in the Chapter 11 Cases, to trace funds through the system. The design, development, testing, and implementation of this portion of the

Debtors' accounting system, and its interfacing with the Cash Management System, require the dedicated efforts of a significant number of the Debtors' employees.  If the Debtors were required to dismantle the Cash Management System, it would disrupt the Debtors' day-to-day operations and their accounting processes and software.  Dismantling the Cash Management System would also impair the Debtors' ability to generate timely reports of transactions and balances, as well as financial statements required under the Debtors' prepetition credit documents.

30.     The widespread use of similar cash management systems is attributable to the numerous benefits they provide, including the ability to tightly control corporate funds, ensure cash availability, and reduce administrative expenses by facilitating the expeditious movement of funds and developing of timely and accurate account balance and presentment information.  These controls are particularly important here, given the significant amount of cash that flows through the Cash Management System on an annual basis.

31.     It would be very time consuming, difficult, and costly for the Debtors to establish an entirely new system of accounts and a new cash management system, and doing so would disrupt the Debtors' relationships with their key counterparties and suppliers.  The attendant delays from opening new accounts, revising cash management procedures, and instructing their commercial counterparties and countless other entities to redirect payments would negatively impact the Debtors' ability to operate their businesses and preserve and maximize the value of their estates while pursuing these arrangements.  Under the circumstances, maintenance of the Cash Management System is essential and clearly in the best interest of the Debtors' estates.  Furthermore, preserving the "business as usual" atmosphere and avoiding the unnecessary and costly distractions that would inevitably be associated with any substantial disruption to the Cash Management System would facilitate the Debtors' efforts to maximize the value of their estates in

the Chapter 11 Cases.  In short, any benefits of the Debtors' strict compliance with the U.S. Trustee Guidelines and Local Rule 2015-2(a) would be far outweighed by the resulting expense, inefficiency, and disruption to the Debtors' businesses.

32.    Similarly, to avoid delays in payments to administrative creditors, to ensure as smooth a transition into chapter 11 as possible with minimal disruption, and to aid in the Debtors' efforts to preserve and enhance the value of the Debtors' estates, it is important that the Debtors be permitted to continue to maintain the Bank Accounts with the same account numbers following the commencement of the Chapter 11 Cases, subject to a prohibition against honoring checks issued or dated before the Petition Date absent a prior order of the Court.

33.    By avoiding the disruption and delay to the Debtors' disbursements that would necessarily result from closing the Bank Accounts and opening new Bank Accounts, all parties in interest, including employees, vendors, and counterparties, would be best served by preserving business continuity.  The benefit to the Debtors, their business operations, and all parties in interest would be considerable.  The confusion that would ensue absent the relief requested herein would substantially hinder the Debtors' efforts in the Chapter 11 Cases.

34.    Further, it would minimize the Debtors' expenses to authorize continued use of the Business Forms, substantially in the forms existing immediately before the Petition Date, without modification to add reference to the Debtors' status as debtors in possession.  As a result of the press releases issued by the Debtors and other media coverage, parties doing business with the Debtors undoubtedly would be aware of the Debtors' status as debtors in possession and, thus, in the absence of such relief, the Debtors' estates would be required to bear a potentially significant expense that the Debtors respectfully submit is unwarranted.

35.     Once the Debtors' existing checks have been used, the Debtors will, when reordering checks, ensure that the designation "Debtor in Possession" and the corresponding bankruptcy case number will be printed on all checks.  With respect to electronic checks and checks that the Debtors or their agents print themselves, the Debtors will begin printing the "Debtor in Possession" legend on such items within ten days of the date of entry of the interim order approving the relief requested herein.

36.     Continued use by the Debtors of their Cash Management System, Bank Accounts, and Business Forms in a similar manner as maintained before the Petition Date, with ordinary course changes thereto implemented consistent with past practices, is also appropriate and warranted under sections 363 and 364 of the Bankruptcy Code.  Section 363(c) of the Bankruptcy Code authorizes a debtor in possession operating its business pursuant to section 1108 of the Bankruptcy Code to "enter into transactions . . . in the ordinary course of business without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).  Moreover, section 364(a) of the Bankruptcy Code authorizes a debtor in possession to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing.  *See* 11 U.S.C. § 364(a).  This provision further supports the relief requested herein and provides the Debtors with the ability, to the extent necessary in the operation of the Cash Management System in the ordinary course, to obtain unsecured credit and incur unsecured debt.

37.     The Bankruptcy Code does not define "ordinary course of business."   In determining whether a transaction qualifies as "ordinary course," the Third Circuit has adopted the "horizontal" dimension test (*i.e.*, whether "from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry") and "vertical" dimension test (*i.e.*,

16

whether the transaction is consistent with the reasonable expectations of "hypothetical creditor[s]"). *In re Roth Am., Inc.*, 975 F.2d 949, 953 (3d Cir. 1992); *see also Sportsman's Warehouse, Inc. v. McGillis/Eckman Invs.-Billings, LLC (In re Sportsman's Warehouse, Inc.)*, No. 09-10990, 2013 WL 492554, at *9 (Bankr. D. Del. Feb. 7, 2013) ("In determining whether a transaction is in the ordinary course of business, the Third Circuit has adopted the two-part horizontal and vertical dimension test." (citation omitted)); *In re Blitz U.S.A., Inc.*, 475 B.R. 209, 214 (Bankr. D. Del. 2012) (describing the Third Circuit's use of the two-part horizontal and vertical dimension test); *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 797 (Bankr. D. Del. 2007) ("[A] debtor's pre-petition business practices and conduct is the primary focus of the vertical analysis."). "The touchstone of 'ordinariness' is . . . the interested parties' reasonable expectations of what transactions the debtor in possession is likely to enter in the course of its business." *In re Roth Am., Inc.*, 975 F.2d at 953 (citing *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 394 (S.D.N.Y. 1983)).

38.     Included within the purview of section 363(c) of the Bankruptcy Code is a debtor's ability to continue "routine transactions" necessitated by a debtor's business practices. *See In re Roth Am.*, *Inc.*, 975 F.2d at 952 ("The framework of section 363 is designed to allow a trustee (or debtor-in-possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary." (citation omitted)); *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996) ("A debtor in possession under Chapter 11 is generally authorized to continue operating its business." (citations omitted)); *In re Nellson Nutraceutical, Inc.*, 369 B.R. at 796 (noting that courts have shown a reluctance to interfere in a debtor's making of routine, day-to-day business decisions) (citations omitted).  The

17

"routine transactions" necessitated by the Debtors' Cash Management System easily qualify as "ordinary course" under both the "horizontal" dimension test and the "vertical" dimension test— as explained above, the Cash Management System is similar to those commonly employed by corporate enterprises comparable to the Debtors in size and complexity.  Accordingly, the Debtors submit that they have authority to continue the collection and disbursement of cash pursuant to their Cash Management System described above under section 363(c)(1) of the Bankruptcy Code and, to the extent such transactions constitute indebtedness, under section 364(a) of the Bankruptcy Code.

39.    In fact, courts in this jurisdiction routinely grant relief similar to that requested herein.  *See, e.g.*, *In re Cano Health, Inc.*, No. 24-10164 (KBO) (Bankr. D. Del. March 5, 2024) [D.I. 258] (allowing the continued use of cash management systems and prepetition bank accounts, including maintaining the debtors' prepetition business forms without the "debtor in possession" label); *In re MRRC Hold Co.*, No. 24-11164 (CTG) (Bankr. D. Del. July 2, 2024) [D.I. 137] (same); *In re Optio Rx, LLC*, No. 24-11188 (TMH) (Bankr. D. Del. July 1, 2024) [D.I. 128] (same); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Mar. 11, 2024) [D.I. 159] (same); *In re Revitalid Pharm. Corp.*, No. 23-11704 (BLS) (Bankr. D. Del. Nov. 6, 2023) [D.I. 78] (same); *In re Lincoln Power, L.L.C.*, No. 23-10382 (LSS) (Bankr. D. Del. Apr. 27, 2023) [D.I. 110] (same); *In re DeCurtis Holdings LLC*, No. 23-10548 (JKS) (Bankr. D. Del. May 23, 2023) [D.I. 153] (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [D.I. 176] (same); *In re Salem Harbor Power Dev. LP*, No. 22-10239 (MFW) (Bankr. D. Del. Apr. 19, 2022) [D.I. 111] (same);.  The Debtors submit that the circumstances described herein warrant similar relief.

40.    Finally, the Debtors submit that the Debtors' continued use of the Cash Management System, Bank Accounts, and Business Forms is necessary and appropriate and,

therefore, may be authorized by the Court under section 105(a) of the Bankruptcy Code, pursuant to what is referred to interchangeably as the "doctrine of necessity." The Court's power to utilize the "doctrine of necessity" in the Chapter 11 Cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 235–36 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings" (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 549 (1990))); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad." (citation omitted)); *In re Nortel Networks, Inc.*, 532 B.R. 494, 554 (Bankr. D. Del. 2015) ("The Third Circuit has construed [section 105 of the Bankruptcy Code] to give bankruptcy courts 'broad authority' to provide appropriate equitable relief to assure the orderly conduct of reorganization proceedings, and to 'craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.'" (citation omitted)); *Patrick v. Dell Fin. Servs. (In re Patrick)*, 344 B.R. 56, 58 (Bankr. M.D. Pa. 2005) ("There is no doubt that § 105(a) is a 'powerful [and] versatile tool' designed to empower bankruptcy courts to fashion orders in furtherance of the Bankruptcy Code." (quoting *Joubert v. ABN AMRO Mortg. Grp., Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005))).

41.     The United States Supreme Court first articulated the doctrine of necessity over 140 years ago, in *Miltenberger v. Logansport, Crawfordsville & Southwestern Railway Company*, in affirming the authorization by the lower court of the use of receivership funds to pay pre-

receivership debts owed to employees, vendors, and suppliers, among others, when such payments were necessary to preserve the receivership property and the integrity of the business in receivership. *Miltenberger v. Logansport, Crawfordsville & Sw. Ry. Co.*, 106 U.S. 286, 311–12 (1882). This doctrine has become an accepted component of modern bankruptcy jurisprudence and its application by courts largely adheres to the Supreme Court's reasoning in *Miltenberger*. *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. at 824–25 (recognizing the use of the "doctrine of necessity"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (same).

42.     The Court's power to utilize the "doctrine of necessity" in the Chapter 11 Cases derives from the Court's inherent equity powers and its statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also Energy Res. Co.*, 495 U.S. at 549 (finding that section 105(a) of the Bankruptcy Code is "consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships" (citations omitted)).

43.     Here, continuing the Cash Management System without interruption is vital to the Debtors' survival and the preservation and maximization of the value of the Debtors' estates. In particular, an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in part and rev'd in part*, 997 F.2d 1039 (3d Cir. 1993). The requirement to maintain all accounts separately "would be a huge administrative burden and [be] economically inefficient." *Columbia Gas*, 997 F.2d at 1061; *see also In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (cash management system allows debtor "to administer more efficiently and effectively its financial operations and assets"). The Cash Management System is the mechanism whereby the

Debtors are able to transfer their revenue toward the payment of their obligations and without which the Debtors' operations would be severely disrupted and the value of their estates would be impaired.  Similarly, if the Debtors are not permitted to maintain and use their Bank Accounts and continue to use their existing Business Forms as set forth herein, the resulting prejudice would include (a) disruption of the ordinary financial affairs and business operations of the Debtors, (b) delay in the administration of the Debtors' estates, (c) compromise of the Debtors' internal controls and accounting system, and (d) costs to the Debtors' estates to set up new systems, open new accounts, and print new Business Forms.  Accordingly, it is well within the Court's equitable power under section 105(a) of the Bankruptcy Code to approve the continued use of the Cash Management System, the Bank Accounts, and Business Forms.

44.     Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interests of the Debtors' estates and stakeholders.  Absent this relief, the Debtors' estates would suffer, possibly precipitously and irreparably.  Consequently, the Debtors' stakeholders would benefit if the requested relief is granted.

**B.     The Debtors Should be Authorized To Open and Close Bank Accounts**

45.     Pursuant to this Motion, and for the reasons articulated above, the Debtors also seek authorization to implement changes to the Cash Management System in the ordinary course of business, including opening any additional Bank Accounts or closing any existing Bank Account as they may deem necessary and appropriate.  The Debtors request that the Court authorize the Banks to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional Bank Accounts; *provided, however*, that, unless otherwise ordered by the Court, the Debtors shall open any such new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee or at a bank willing to immediately execute such an agreement.

46.     The Debtors further request that nothing contained in the Proposed Orders granting the relief requested herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.

### C.     The Banks Should be Authorized To Continue To Treat, Service, and Administer the Bank Accounts in the Ordinary Course of Business

47.     The Debtors also seek entry of the Proposed Orders granting the Banks authority to:

(a)     continue to treat, service, and administer the Debtors' Bank Accounts, as accounts of the respective Debtor as a debtor in possession, without interruption, and in the ordinary course of business without the need for further order of the Court;

(b)     receive, process, honor, debit, and pay any and all checks, drafts, wires, check transfer requests, and/or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, including all checks that are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit with the Banks;

(c)     receive, process, honor, debit, and pay any and all checks, drafts, wires, check transfer requests, and/or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, including all checks that are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof evidencing amounts paid by the Debtors under the Proposed Orders whether presented prior to, on, or after the Petition Date, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit with the Bank; and

(d)     debit all undisputed prepetition and post-petition amounts owed to the Banks as service charges for the maintenance of the Cash Management System without the need for further order of the Court.

48.     The Debtors request that the Court approve procedures for the Debtors to provide the Banks stop payment orders with respect to all outstanding and unpaid prepetition checks and other items drawn on any Bank Account that the Court has not authorized by court order to be paid.  The Debtors also request that all applicable financial institutions be authorized to (a) receive,

process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors requested authority to pay in the Motion or any other motion approved by the Court, regardless of whether the checks were presented or fund transfer requests were submitted before, on, or after the Petition Date and (b) rely on the Debtors' designation of any particular check, draft, wire, ACH transfer, electronic funds transfer payment, or item as approved by the Proposed Orders. Pursuant to the relief requested in this Motion, the Banks shall not be liable to any party on account of (x) following, in good faith, the Debtors' instructions, representations, or presentation as to any order of the Court (without any duty of further inquiry), (y) the honoring of any prepetition check, draft, wire, ACH transfer, electronic funds transfer payment, or item in a good faith belief, or upon representation by a Debtor that the Court has authorized such prepetition check, draft, wire, ACH transfer, electronic funds transfer payment, or item, or (z) an innocent mistake and/or human error made despite implementation of reasonable item handling procedures.

49.    The Debtors further request that the existing deposit agreements between the Debtors and the Banks continue to govern the post-petition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including the termination and fee provisions, remain in full force and effect. The Debtors request authority for the Debtors and the Banks to agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, including the opening and closing of Bank Accounts, and for the Banks to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, *provided*, that the Banks shall not have any liability to any party for relying on such representations in good faith. The Debtors further request that the

relief granted in the Proposed Orders extend to any new Bank Account opened by the Debtors after the date thereof and to the bank at which such account is opened.

50.     The Debtors also request that, in accordance with current practice and the applicable agreements governing the Bank Accounts, the Banks be authorized to "charge back" to the Debtors' Bank Accounts any amounts incurred by the Bank resulting from returned checks or other returned items, and the Debtors be authorized, but not directed, to pay, in their sole discretion, any fees and expenses owed to the Banks, in each case, regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items.

51.     The Debtors further request that any payment from a Bank Account at the request of the Debtors made by the Banks prior to the Petition Date (including any ACH transfer the Banks are or becomes obligated to settle), or any instruments issued by the Banks on behalf of any Debtor pursuant to a "midnight deadline" or similar protocol, be deemed to be paid prepetition, whether or not actually debited from such Bank Account prepetition.

**D.     The Deposit and Investment Requirements of Section 345(b) of the Bankruptcy Code Should be Waived on an Interim Basis**

52.     Section 345 of the Bankruptcy Code governs a debtor's deposit and investment of cash during a chapter 11 case and authorizes deposits or investments of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."  11 U.S.C. § 345(a).  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code requires the estate to obtain, from the entity with which the money is deposited or invested, a bond in favor of the United States and secured by the undertaking of an adequate corporate surety, unless the court, for cause, orders otherwise.  *Id.*

24

53.     Investment of cash in strict compliance with the requirements of section 345(b) of the Bankruptcy Code would, in large chapter 11 cases such as these, be inconsistent with section 345(a) of the Bankruptcy Code, which permits a debtor in possession to make such investments of money of the estate "as will yield the maximum reasonable net return on such money."  Thus, in 1994, to avoid "needlessly handcuff[ing] larger, more sophisticated debtors," Congress amended section 345(b) of the Bankruptcy Code to provide that its strict investment requirements may be waived or modified if the Court so orders "for cause."  140 Cong. Rec. H. 10,767 (Oct. 4, 1994), 1994 WL 545773.

54.     Pursuant to Local Rule 2015-2(b), and subject to certain exceptions not relevant here, a waiver of the requirements set forth in section 345(b) of the Bankruptcy Code may not be granted without notice and a hearing.  However, Local Rule 2015-2(b) also provides that "if a motion for such a waiver is filed on the first day of a chapter 11 case in which there are more than 200 creditors, or otherwise with cause shown, the Court may grant an interim waiver until a hearing on the debtor's motion can be held."  Del. Bankr. L.R. 2015-2(a).

55.     Here, the Debtors satisfy both the procedural and substantive requirements necessary to obtain an interim waiver of section 345(b) of the Bankruptcy Code.  The Debtors have filed this Motion on the first day of the Chapter 11 Cases, and the Debtors, collectively, have substantially more than 200 creditors.  Accordingly, the Debtors' present request for an interim waiver is appropriate.  *See* Del. Bankr. L.R. 2015-2(a).

56.     Moreover, the Debtors submit that cause exists to waive the investment and deposit restrictions of section 345(b) of the Bankruptcy Code on an interim basis to the extent that the Debtors' cash management deposits do not comply with the proscribed requirements, as set forth in the Proposed Orders, without prejudice to the Debtors' right to request a further extension or

waiver of the requirements of section 345(b) of the Bankruptcy Code in the Chapter 11 Cases.  The

Banks at which the Debtors maintain all of their Bank Accounts are financially stable banking

institutions, FDIC-insured (up to an applicable unit per account), and parties to  Uniform

Depository Accounts with the U.S. Trustee.  The Debtors intend to be in chapter 11 only a short

period of time, and the costs of having to obtain additional guaranties or sureties far outweigh the

risk of the Debtors continuing to maintain their traditional cash-only Bank Accounts for the short

period of time they remain in chapter 11.  Finally, courts in this district routinely grant such an

interim waiver under similar circumstances.  *See, e.g.*, *In re Revitalid Pharm. Corp.*, No. 23-11704

(BLS) (Bankr. D. Del. Oct. 13, 2023) [D.I. 39]; *In re Lincoln Power, L.L.C.*, No. 23-10382 (LSS)

(Bankr. D. Del. Apr. 4, 2023) [D.I. 55]; *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr.

D. Del. Apr. 1, 2022) [D.I. 105]; *In re Salem Harbor Power Dev. LP*, No. 22-10239 (MFW)

(Bankr. D. Del. Mar. 25, 2022) [D.I. 46]; *In re Alto Maipo Del. LLC*, No. 21-11507 (KBO) (Bankr.

D. Del. Nov. 18, 2021) [D.I. 48]; *In re PWM Prop. Mgmt. LLC*, No. 21-11445 (MFW) (Bankr. D.

Del. Nov. 3, 2021) [D.I. 56].

## E.    The Debtors Should be Allowed To Continue To Enter Into and Perform Intercompany Transactions

57.    As described above, the Cash Management System is essential to the Debtors'

ability to continue to engage in Intercompany Transactions with affiliates.  At any given point,

there may be outstanding amounts due and owing between Debtors, all of which are documented

and recorded as Intercompany Transactions.

58.    The Debtors believe that they are authorized to continue entering into and

performing under Intercompany Transactions because such transactions are "in the ordinary course

of business" pursuant to section 363(c)(1) of the Bankruptcy Code.  The Intercompany

Transactions are common and routine among similar businesses and constitute a matter that falls squarely within the ordinary course of the Debtors' businesses.

59.     Nonetheless, as the continuation of Intercompany Transactions is critical to the Debtors' ability to continue to operate their businesses and preserve and maximize the value of the Debtors' estates, out of an abundance of caution, the Debtors request express authorization to engage in Intercompany Transactions post-petition.  If the Debtors' Intercompany Transactions are unable to continue, a number of services or goods provided by and among the Debtors would experience significant disruption.  Discontinuing the Intercompany Transactions would hinder the Debtors' ability to make timely payments to its Debtor affiliates and provide benefits to their employees.  The Debtors believe that the continuation of the Intercompany Transactions is in the best interests of the Debtors and their estates and stakeholders and request authority to continue entering into and performing under such Intercompany Transactions in the ordinary course of business on a post-petition basis.  Accordingly, the Debtors request authorization to continue to enter into and perform Intercompany Transactions.

**F.     Continuation of Corporate Credit Card Program is Warranted Under Sections 363, 364(a), and 105(a) of the Bankruptcy Code**

60.     The Corporate Credit Card Program is essential to the Debtors' operations and the preservation and maximization of the value of their estates.  The Corporate Credit Card Program allows the Debtors' employees to charge business-related expenses, thereby allowing the employees to conduct business more efficiently.  Continuing the Corporate Credit Card Programs and satisfying the prepetition and post-petition amounts outstanding thereunder would help minimize any adverse effect of the commencement of the Chapter 11 Cases on the Debtors' business and the value of the Debtors' estates.  Accordingly, the Debtors request authority to continue the Corporate Credit Card Programs in the ordinary course of business, including making

27

ordinary course modifications thereto, and to pay any outstanding obligations, whether arising prepetition or post-petition, regarding the same.

**G.    Post-petition Intercompany Claims Should be Afforded Administrative Expense Priority**

61.    The Debtors also respectfully request that all Intercompany Claims against Debtors arising after the Petition Date in the ordinary course of business be afforded administrative expense priority under sections 503(b)(1) and 364(a) of the Bankruptcy Code.  Section 503(b) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1).  Granting administrative expense priority to post-petition Intercompany Claims would ensure that (a) each Debtor would not fund the operations of an affiliate at the expense of such Debtor's creditors and (b) each Debtor using funds that flow through the Cash Management System would still bear ultimate responsibility for its ordinary course transactions with affiliates.

62.    Finally, this Court has granted administrative expense priority status for post-petition intercompany claims.  *See, e.g.*, *In re Cano Health, Inc., et al.*, No. 24-10164 (KBO), (Bankr. D. Del. March 5, 2024) [D.I. 258]; *In re Revitalid Pharm. Corp.*, No. 23-11704 (BLS) (Bankr. D. Del. Nov. 6, 2023) [D.I. 78]; *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) [D.I. 176]; *In re Salem Harbor Power Dev. LP*, No. 22-10239 (MFW) (Bankr. D. Del. Apr. 19, 2022) [D.I. 111]; *In re PWM Prop. Mgmt. LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021) [D.I. 181].

63.    Accordingly, the Debtors request that all Intercompany Claims against a Debtor by another Debtor arising after the Petition Date, as a result of Intercompany Transactions and

transfers in the ordinary course of business, be afforded administrative expense priority status in accordance with sections 503(b) and 364(a) of the Bankruptcy Code.

## **Debtors' Reservation of Rights**

64.     Nothing contained herein is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, a waiver or impairment of the Debtors' rights to dispute any claim on any grounds, or an assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any claims related to the relief requested herein under applicable bankruptcy and non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed, as an admission as to the amount, priority, character, or validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Emergency Consideration**

65.     Pursuant to Local Rule 9013-1(m), the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003(b).  Bankruptcy Rule 6003 provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003.  As set forth in this Motion and the Ramsden Declaration, the Debtors believe that an orderly transition into chapter 11 is critical to the viability of the Debtors' businesses and operations, and the preservation and maximization of the value of the Debtors' estates, and that any delay in granting the relief requested herein could cause immediate and

29

irreparable harm. Accordingly, the Debtors submit that the relief requested herein satisfies Bankruptcy Rule 6003.

**Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)**

66.    To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances. The Debtors also request that, to the extent applicable to the relief requested in this Motion, the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve and maximize value for their estates and economic stakeholders. Accordingly, the Debtors respectfully submit that ample cause exists to justify the (a) finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and (b) waiving of the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

**Notice**

67.    Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for states in which the Debtors conduct business; (g) Choate, Hall & Stewart LLP, as counsel to the ABL Agent; (h) Otterbourg, P.C., as counsel to the Term Agent; (i) the Banks; (j) US Bank; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

30

68.     As this Motion is seeking "first-day" relief, the Debtors will serve copies of this Motion and any order entered in respect thereto as required by Local Rule 9013-1(m).  A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://www.cases.ra.kroll.com/BigLots.   Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Orders, substantially in the forms attached hereto as **Exhibit D** and **Exhibit E**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

31

Dated:    September 9, 2024
          Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-*and*-

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (*pro hac vice* forthcoming)
Adam L. Shpeen (*pro hac vice* forthcoming)
Stephen D. Piraino (*pro hac vice* forthcoming)
Ethan Stern (*pro hac vice* forthcoming)
450 Lexington Avenue
New York, NY 10017
Tel: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# Exhibit A

## Bank Accounts

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Master Account | 5822 | Big Lots Stores - PNS, LLC | $122,690 |
| Bank of America, N.A. | Collection Master Account | 6248 | Big Lots Stores, LLC | $271,084 |
| Citizens Bank, N.A. | Collection Master Account | 0746 | Big Lots Stores, LLC | $107,385 |
| Citizens Bank, N.A. | Collection Master Account | 6895 | Big Lots Stores - PNS, LLC | $10,000 |
| Fifth Third Bank, National Association | Collection Master Account | 2709 | Big Lots Stores, LLC | $230,710 |
| Fifth Third Bank, National Association | Collection Master Account | 5616 | Big Lots Stores - PNS, LLC | $103,869 |
| Fifth Third Bank, National Association | Collection Master Account | 6464 | Big Lots Stores - CSR, LLC | $21,575 |
| Fifth Third Bank, National Association | Collection Master Account | 7696 | Closeout Distribution, LLC | $6,762 |
| PNC Bank, National Association | Collection Master Account | 5268 | Big Lots Stores, LLC | $172,127 |
| PNC Bank, National Association | Collection Master Account | 8795 | Big Lots Stores - CSR, LLC | $16,235 |
| The Huntington National Bank | Collection Master Account | 0569 | Big Lots Stores, LLC | $508,866 |
| The Huntington National Bank | Collection Master Account | 0572 | Big Lots Stores - CSR, LLC | $85,474 |
| The Huntington National Bank | Collection Master Account | 0756 | Big Lots Stores - PNS, LLC | $151,971 |
| Truist Bank | Collection Master Account | 2923 | Big Lots Stores - PNS, LLC | $44,287 |
| Truist Bank | Collection Master Account | 8772 | Big Lots Stores, LLC | $306,254 |
| US Bank National Association | Collection Master Account | 1261 | Big Lots Stores - PNS, LLC | $147,402 |
| US Bank National Association | Collection Master Account | 3662 | AVDC, LLC | $30,511 |
| US Bank National Association | Collection Master Account | 7099 | Big Lots Stores - CSR, LLC | $25,645 |
| US Bank National Association | Collection Master Account | 8578 | Big Lots Stores, LLC | $228,286 |
| Wells Fargo Bank, N.A. | Collection Master Account | 0038 | Big Lots Stores, LLC | $100,641 |
| Wells Fargo Bank, N.A. | Collection Master Account | 6583 | Big Lots Stores - PNS, LLC | $264,529 |
| Bank of America, N.A. | Collection Sub-Account | 0143 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0156 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0169 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0172 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0198 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0208 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0211 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0224 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 0318 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0334 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0347 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0389 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0402 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0415 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0428 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0431 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0444 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0455 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0457 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0499 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0710 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 0821 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 1496 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 1574 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 1684 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 1913 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2231 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2253 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2294 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2425 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2426 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2439 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2442 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2455 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2468 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2471 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2484 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 2497 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2507 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2510 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2523 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2536 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2549 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2552 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2565 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2578 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2581 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2594 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2604 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2617 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2620 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2711 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2738 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 2896 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3124 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3229 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3362 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3450 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3463 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3469 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3472 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3499 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3502 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3595 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3603 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3695 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 3771 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3820 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3823 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3916 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3950 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 3955 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4114 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4132 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4145 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4191 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4201 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4276 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4528 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4598 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4762 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4871 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 4999 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5051 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5175 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5330 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5512 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5525 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5615 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5712 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5796 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5827 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 5842 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6030 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6056 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 6069 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6085 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6098 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6108 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6111 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6117 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6137 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6140 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6146 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6153 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6166 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6179 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6194 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6195 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6218 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6280 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6293 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6324 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6329 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6394 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6456 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6468 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6484 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6497 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6551 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6652 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6745 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 6997 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 7310 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 7494 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 7913 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8121 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8145 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8195 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8290 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8300 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8322 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8427 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8430 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8443 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8580 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8593 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8603 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8616 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8629 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8632 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8645 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8658 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8661 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8674 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8687 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8690 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8700 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8713 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8726 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8739 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8755 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8768 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 8778 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8784 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8797 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8807 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8810 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8823 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8849 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8852 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8865 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8878 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 8881 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9026 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9068 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9071 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9136 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9178 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9181 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9217 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9246 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9259 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9262 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9281 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9291 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9301 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9330 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9343 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9369 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9372 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9437 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Bank of America, N.A. | Collection Sub-Account | 9440 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9466 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9495 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9505 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9521 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9547 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9550 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9707 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9773 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9786 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9811 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9853 | Big Lots Stores - PNS, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9882 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9906 | Big Lots Stores, LLC | $0 |
| Bank of America, N.A. | Collection Sub-Account | 9919 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 0001 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 0573 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 0574 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 0615 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 0740 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 0904 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1318 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1326 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1334 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1342 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1367 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1375 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1570 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1618 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Fifth Third Bank, National Association | Collection Sub-Account | 1690 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1706 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1708 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1714 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1716 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1829 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1925 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 1941 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 2143 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 2215 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 2611 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 2629 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 2655 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3270 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3312 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3320 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3338 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3346 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3353 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3361 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3379 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3874 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 3962 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4168 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4242 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4267 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4697 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4705 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4732 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Fifth Third Bank, National Association | Collection Sub-Account | 4771 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4789 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4797 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4805 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4813 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4839 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4847 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4854 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4862 | Closeout Distribution, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4870 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4888 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4896 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4904 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4912 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4920 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4946 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4952 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4961 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4978 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4979 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 4994 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5009 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5033 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5041 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5066 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5074 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5608 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5624 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 5709 | Big Lots Stores - CSR, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Fifth Third Bank, National Association | Collection Sub-Account | 5928 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 6020 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7189 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7676 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7720 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7753 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7779 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7829 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7874 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7981 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 7999 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8005 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8013 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8026 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8034 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8039 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8042 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8046 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8047 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8059 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8062 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8067 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8070 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8075 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8083 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8088 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8091 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8096 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8104 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Fifth Third Bank, National Association | Collection Sub-Account | 8109 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8112 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8117 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8120 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8125 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8133 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8138 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8141 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8146 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8153 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8158 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8166 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8182 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8187 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8190 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8195 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8216 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8224 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8232 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8240 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8257 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8267 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8273 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8281 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8299 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8307 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8323 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8331 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8356 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Fifth Third Bank, National Association | Collection Sub-Account | 8364 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8406 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8414 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8430 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8448 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8484 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8513 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8521 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8539 | Big Lots Stores - PNS, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8588 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8679 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8711 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8795 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 8893 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 9240 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 9307 | Big Lots Stores - CSR, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 9325 | Big Lots Stores, LLC | $0 |
| Fifth Third Bank, National Association | Collection Sub-Account | 9422 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0011 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0052 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0060 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0086 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0094 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0096 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0102 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0104 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0110 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0128 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0135 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| US Bank National Association | Collection Sub-Account | 0136 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0179 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0313 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0614 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0817 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0879 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0898 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0944 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 0989 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1117 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1166 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1190 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1208 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1240 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1265 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1273 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1281 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1299 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1307 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1311 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1315 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1318 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1349 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1356 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1364 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1380 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1398 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1406 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1414 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| US Bank National Association | Collection Sub-Account | 1455 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1463 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1513 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1691 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1733 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1771 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1813 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 1984 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2081 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2182 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2415 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2514 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2522 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2532 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2626 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2702 | AVDC, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2768 | AVDC, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2784 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2936 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2944 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2951 | Big Lots Stores - CSR, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2969 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2969 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2977 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 2993 | Big Lots Stores - CSR, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3005 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3017 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3025 | Big Lots Stores - CSR, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3033 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| US Bank National Association | Collection Sub-Account | 3041 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3051 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3058 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3074 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3082 | Big Lots Stores - CSR, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3106 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3143 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3165 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3369 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3429 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3558 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3670 | AVDC, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 3963 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4083 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4089 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4261 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4708 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4716 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4724 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4732 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4740 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4757 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4765 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4773 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4781 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4799 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4807 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4815 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4823 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| US Bank National Association | Collection Sub-Account | 4831 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4849 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4856 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4864 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4872 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4880 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4898 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4906 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4914 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4922 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4930 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4948 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4955 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4963 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4971 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4989 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 4997 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 5706 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 5761 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 5829 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 5896 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6297 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6297 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6300 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6313 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6321 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6334 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6541 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 6727 | AVDC, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| US Bank National Association | Collection Sub-Account | 6752 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7025 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7149 | Big Lots Stores - CSR, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7350 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7367 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7558 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7613 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7891 | AVDC, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7892 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7909 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 7992 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8061 | Big Lots Stores - CSR, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8138 | AVDC, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8187 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8461 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8479 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8529 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8676 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8796 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 8965 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9006 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9020 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9081 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9120 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9138 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9146 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9153 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9161 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9179 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| US Bank National Association | Collection Sub-Account | 9187 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9195 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9203 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9286 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9404 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9412 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9420 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9438 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9446 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9572 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9580 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9588 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9598 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9741 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9833 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9841 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9858 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9866 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9876 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9908 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9932 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9940 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9957 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9965 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9973 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9981 | Big Lots Stores - PNS, LLC | $0 |
| US Bank National Association | Collection Sub-Account | 9999 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0012 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0038 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0051 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0053 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0111 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0178 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0205 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0211 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0279 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0296 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0301 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0337 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0343 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0350 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0457 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0478 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0546 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0586 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0588 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0596 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0624 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0658 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0806 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0954 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 0984 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1017 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1146 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1198 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1277 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1319 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1392 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1453 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1548 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1662 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1678 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1818 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1826 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1834 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1863 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1871 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1905 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1921 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 1939 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2308 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2368 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2629 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2659 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2683 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2700 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2710 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2718 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 2797 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3088 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3096 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3104 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3112 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3120 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3138 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3146 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3153 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3237 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3245 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3252 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3260 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3278 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3286 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3302 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3328 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3343 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3350 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3368 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3376 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3444 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3476 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3508 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3510 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3653 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3661 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3675 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3679 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3683 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 3947 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4029 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4088 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4461 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4540 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4691 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4700 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4718 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4742 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4767 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4783 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4791 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4825 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4841 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4858 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4866 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4882 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4890 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4908 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4916 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4924 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4957 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4965 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4973 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 4981 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5012 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5053 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5095 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5103 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5131 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5140 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5145 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5178 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5186 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5236 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5244 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5251 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|------|--------------|-----------------------------------|---------------|--------------------------------------|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5286 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5301 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5335 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5343 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5352 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5376 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5384 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5400 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5414 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5435 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5483 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5558 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5566 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5582 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5608 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5616 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5665 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5673 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5699 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5715 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5731 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5756 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5881 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5924 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5932 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5940 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 5985 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6017 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6030 | Big Lots Stores, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6143 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6161 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6326 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6549 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6654 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6656 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 6934 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7123 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7136 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7156 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7399 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7423 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7440 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7491 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7501 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7603 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7611 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7629 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7637 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7645 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7652 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7706 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7714 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 7722 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8009 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8017 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8025 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8033 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8173 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8181 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8199 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8207 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8215 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8223 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8231 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8231 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8249 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8256 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8264 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8272 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8348 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8355 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8363 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8371 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8382 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8384 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8389 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8390 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8397 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8400 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8405 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8413 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8421 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8434 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8439 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8447 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8512 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8520 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|------|-------------|-----------------------------------|---------------|--------------------------------------|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8546 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8553 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8561 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8579 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8582 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8587 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8595 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8603 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8605 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8686 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8694 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8702 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8710 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8728 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8736 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8744 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8751 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8769 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8777 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8785 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8785 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8793 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8825 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8866 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8876 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8884 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8884 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8892 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8900 | Big Lots Stores - PNS, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|------|--------------|-----------------------------------|---------------|--------------------------------------|
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8918 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8926 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 8961 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9106 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9148 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9199 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9211 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9354 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9362 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9412 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9557 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9763 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9822 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9832 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9857 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9923 | Big Lots Stores, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9934 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9964 | Big Lots Stores - PNS, LLC | $0 |
| Wells Fargo Bank, N.A. | Collection Sub-Account | 9972 | Big Lots Stores - PNS, LLC | $0 |
| PNC Bank, National Association | Concentration | 0162 | Big Lots Stores, LLC | $10,228,080 |
| US Bank National Association | Concentration | 8517 | Big Lots Stores, LLC | $654,932 |
| PNC Bank, National Association | Operating | 0189 | Big Lots Stores, LLC | $0 |
| PNC Bank, National Association | Operating | 0723 | Big Lots Stores, LLC | $0 |
| PNC Bank, National Association | Operating | 0731 | Big Lots Stores, LLC | $0 |
| PNC Bank, National Association | Operating | 0758 | Big Lots Stores - PNS, LLC | $0 |
| PNC Bank, National Association | Operating | 0766 | Big Lots Stores - PNS, LLC | $0 |
| PNC Bank, National Association | Operating | 2088 | Big Lots Stores, LLC | $0 |
| PNC Bank, National Association | Operating | 2984 | Big Lots Stores, LLC | $330,992 |
| PNC Bank, National Association | Operating | 3895 | AVDC, LLC | $0 |

| Bank | Account Type | Last Four Digits of Account Number | Debtor Entity | Est. Balance as of the Petition Date |
|---|---|---|---|---|
| PNC Bank, National Association | Operating | 4751 | AVDC, LLC | $0 |
| PNC Bank, National Association | Operating | 5625 | Big Lots Stores - PNS, LLC | $0 |
| PNC Bank, National Association | Operating | 5633 | Big Lots Stores - PNS, LLC | $0 |
| PNC Bank, National Association | Operating | 5641 | Big Lots Stores, LLC | $0 |
| PNC Bank, National Association | Operating | 5668 | Big Lots Stores, LLC | $0 |
| PNC Bank, National Association | Operating | 6215 | Big Lots Stores, LLC | $0 |
| US Bank National Association | Operating | 1397 | Big Lots Stores, LLC | -$2,951 |
| PNC Bank, National Association | Stand-Alone | 0124 | CSC Distribution LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 0167 | Big Lots Stores - CSR, LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 2317 | Big Lots F&S, LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 2527 | Closeout Distribution, LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 2904 | Big Lots Stores - PNS, LLC | $0 |
| PNC Bank, National Association | Credit Management | 4894 | Big Lots Stores, LLC | -$599,528 |
| PNC Bank, National Association | Stand-Alone | 6024 | Big Lots Management, LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 6032 | Big Lots eCommerce LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 6227 | Great Basin, LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 6752 | WAFDC, LLC | $0 |
| PNC Bank, National Association | Stand-Alone | 7451 | Big Lots, Inc. | $0 |
| PNC Bank, National Association | Stand-Alone | 8005 | Durant DC, LLC | $0 |
| US Bank National Association | Stand-Alone | 8569 | Big Lots Stores, LLC | $0 |

# Exhibit B

## Letters of Credit

| Issuer | Beneficiary | Description | Amount |
|---|---|---|---|
| PNC Bank, National Association | Lumbermens Mutual Casualty Company | Workers' Compensation – Deductible | $49,176 |
| PNC Bank, National Association | Ace American Insurance Company | Workers' Compensation - Deductible | $346,000 |
| PNC Bank, National Association | Sentry Insurance, a Mutual Company | Workers' Compensation - Deductible | $400,000 |
| PNC Bank, National Association | Airlines Reporting Corporation | Travel Booking | $10,000 |
| PNC Bank, National Association | Georgia Self-Insurers Guaranty Trust Fund | Workers' Compensation - Self-Insurance | $1,020,000 |
| PNC Bank, National Association | Zurich North America Insurance Company | Workers' Compensation - Deductible | $1,000,000 |
| PNC Bank, National Association | Arch Insurance Company | Workers' Compensation - Deductible | $9,351,109 |
| PNC Bank, National Association | Starr Indemnity & Liability Company | Workers' Compensation - Deductible | $25,300,000 |
| PNC Bank, National Association | Roanoke Insurance Group Inc. | Surety Bond Collateral - US Customs Only | $8,900,000 |
| PNC Bank, National Association | ENGIE Impact | Utility Bill Payment | $122,595 |
| PNC Bank, National Association | Liberty Mutual Insurance Company | Surety Bond Collateral | $10,300,000 |
| PNC Bank, National Association | Ohio Bureau of Workers' Compensation | Workers' Compensation - Self-Insurance | $1,600,000 |
| US Bank National Association | Great World, Inc. | Trade Payables | $2,809,820 |

## Exhibit C

### Diagram of Cash Management System



# Exhibit D

## Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (___) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. ___** |

**INTERIM ORDER (I) AUTHORIZING (A) DEBTORS TO CONTINUE TO MAINTAIN EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS, (B) DEBTORS TO OPEN AND CLOSE BANK ACCOUNTS, AND (C) FINANCIAL INSTITUTIONS TO ADMINISTER THE BANK ACCOUNTS AND HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, (II) WAIVING DEPOSIT AND INVESTMENT REQUIREMENTS, AND (III) ALLOWING INTERCOMPANY TRANSACTIONS AND AFFORDING ADMINISTRATIVE EXPENSE PRIORITY TO POST-PETITION INTERCOMPANY CLAIMS**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of interim and final orders, pursuant to sections 105(a), 345, 363(c)(1), 364(a), and 503(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors to (i) continue operating their Cash Management System, (ii) maintain their existing Bank Accounts located at the Banks and open and close Bank Accounts post-petition in the ordinary course of business, and (iii) maintain their existing Business Forms, (b) authorizing the

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

applicable financial institutions to treat, service, and administer the Bank Accounts in the ordinary course of business and to receive, process, honor, and pay all checks or wire transfers used by the Debtors, (c) waiving the requirements of section 345(b) of the Bankruptcy Code, Local Rule 2015-2, and section 2 of the U.S. Trustee Guidelines on an interim basis, (d) allowing the Debtors to continue to enter into and perform Intercompany Transactions, and (e) affording post-petition Intercompany Claims administrative expense priority treatment under sections 503(b)(1) and 364(a) of the Bankruptcy Code, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors

and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth in this order (this "**Order**").

2.      Subject to the limitations of this Order, the Debtors are authorized, but not directed, pursuant to sections 105(a), 363(c)(1), and 364(a) of the Bankruptcy Code, to continue, in their sole discretion, to maintain, operate, and make transfers under their Cash Management System in the same or similar manner as it was maintained before the Petition Date.

3.      The Debtors shall maintain full, accurate, and complete records of all transfers within the Cash Management System, including transfers between Debtors, so that transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.  The Banks shall not be required to monitor, and the Banks shall not be liable to any party on account of, compliance or noncompliance by the Debtors with the foregoing conditions and limitations.

4.      To the extent that cash, including cash collateral (as defined in the Bankruptcy Code), of any Debtor is used by another Debtor, the Debtor funding such use shall have an allowed administrative expense claim pursuant to sections 503(b) and 507(a) of the Bankruptcy Code.

5.      The Debtors are authorized, but not directed, to continue, in their sole discretion, to maintain the Bank Accounts with the same account numbers following the commencement of the Chapter 11 Cases.

6.     The Banks are authorized to:

(a)     continue to treat, service, and administer the Debtors' Bank Accounts, as accounts of the respective Debtor as a debtor in possession, without interruption, and in the ordinary course of business without the need for further order of the Court;

(b)     receive, process, honor, debit, and pay any and all checks, drafts, wires, check transfer requests, and/or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, including all checks that are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit with the Banks;

(c)     receive, process, honor, debit, and pay any and all checks, drafts, wires, check transfer requests, and/or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, including all checks that are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof evidencing amounts paid by the Debtors under the Proposed Orders whether presented prior to, on, or after the Petition Date, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit with the Banks; and

(d)     debit all undisputed prepetition and post-petition amounts owed to the Banks as service charges for the maintenance of the Cash Management System without the need for further order of the Court.

7.     All applicable financial institutions shall be authorized to (a) receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors requested authority to pay in the Motion or any other motion approved by the Court, regardless of whether the checks were presented or fund transfer requests were submitted before, on, or after the Petition Date and (b) rely on the Debtors' designation of any particular check, draft, wire, ACH transfer, electronic funds transfer payment, or item as approved by this Order.  The Banks shall not be liable to any party on account of (x) following the Debtors' instructions, representations, or presentation as to any order of the Court (without any duty of further inquiry), (y) the honoring of any prepetition check, draft, wire, ACH transfer, electronic funds transfer payment, or item in a good faith belief, or upon representation

-4-

by a Debtor, that the Court has authorized such prepetition check, draft, wire, ACH transfer, electronic funds transfer payment, or item, or (z) an innocent mistake and/or human error made despite implementation of reasonable item handling procedures. Further, the Banks may rely, without a duty of inquiry, upon the failure of the Debtors to issue a stop payment order with respect to any item, whether such item is issued prepetition or post-petition, as a direction by the Debtors that such item will be paid. To the extent that the Debtors have represented to the Banks that a check, draft, wire, ACH transfer, electronic funds transfer payment, or item should be dishonored, the Banks are hereby authorized to comply with such representations, either through utilizing the Banks' stop-payment system, or through voiding the check, draft, wire, ACH transfer, electronic funds transfer payment, or item using the Bank's relevant internal procedures. Without limiting the foregoing, the Banks may assume that any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order unless otherwise specifically advised by the Debtors, and the Banks shall not have any liability to any party for relying on representations by the Debtors in good faith as provided for herein.

8.     Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect. The Debtors shall be authorized, without further order of the Court, to implement changes to the Cash Management System and cash management procedures in the ordinary course of business, including the opening and closing of Bank Accounts subject to paragraph 9, and for the Banks to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, *provided* that the Banks shall not have any liability to any party for

relying on such representations in good faith.  The relief granted herein shall extend to any new Bank Account opened by the Debtors after the date hereof and to the bank at which such Bank Account is opened.  Immediately upon entry of this Order, to the extent authorized in the existing deposit agreement, the Banks are authorized, but not obligated, without further order of this Court, to recommence any transfers or sweeps, including to effectuate the voluntary Dominion Period described in the Motion, without regard to whether the funds swept and/or transferred include funds deposited prior to the Petition Date.

9.     The Debtors shall give notice to the U.S. Trustee, the Banks, and counsel to any official committee appointed in the Chapter 11 Cases within 14 days of opening a new Bank Account or closing an existing Bank Account; *provided*, *however*, that, unless otherwise ordered by the Court, the Debtors shall open any new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee or at a bank willing to immediately execute such an agreement.

10.     In accordance with current practice and any applicable agreement governing the Bank Accounts, the Banks are authorized to "charge back" to the Debtors' Bank Accounts any prepetition and post-petition cash management fees and expenses incurred by the Banks resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions, or other electronic transfers of any kind, and the Debtors are authorized, but not directed, to pay, in their sole discretion, the Bank Fees (and the Banks are authorized to debit or charge back the Bank Accounts for any such Bank Fees unless notified by the Debtors that any such Bank Fees are disputed), in each case regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items and without need for further order of the Court.

11.     Any payment from a Bank Account at the request of the Debtors made by the Bank prior to the Petition Date (including any ACH transfer the Bank is or becomes obligated to settle), or any instruments issued by the Banks on behalf of any Debtor pursuant to a "midnight deadline" or similar protocol, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

12.     For the Banks that have signed a Uniform Depository Agreement with the U.S. Trustee, all Bank Accounts with such Banks are deemed to satisfy section 345(b) of the Bankruptcy Code.

13.     Within 14 days of the date of entry of this Order, with respect to the Banks that are party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall (a) contact each Bank, (b) provide each Bank with each of the Debtors' tax identification numbers, and (c) identify each of their Bank Accounts held at such Bank as being held by a debtor in possession in a bankruptcy case.

14.     Nothing contained herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.  For the avoidance of doubt, those agreements existing between the Debtors and the Banks shall continue to govern the post-petition cash management between the Debtors and the Banks and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with the Banks (including, for the avoidance of doubt, any rights of the Banks to use funds from the Bank Accounts to remedy any overdraft of another Bank Account or other cash management obligations, whether prepetition or postpetition, to the extent permitted under the

-7-

applicable agreement), unless the Debtors and the applicable Bank agree otherwise, and any other legal rights and remedies afforded to such Bank under applicable law shall be preserved.

15.     The Debtors are authorized, but not directed, to continue the Corporate Credit Card Program in the ordinary course of business, consistent with prepetition practices (subject to ordinary course modifications thereto), including the payment of all past and future obligations as they become due and owing under the accounts (whether pre- or post-petition) on a post-petition basis and performing all obligations thereunder (collectively, the "**Card Obligations**").  The issuer of the cards under the Corporate Credit Card Program is authorized to continue to make advances pursuant to the terms of its existing agreement (in reliance upon section 364(e) of the Bankruptcy Code) with the Debtors, and the Debtors are authorized to incur credit in respect of such advances under sections 364(a) and (c) of the Bankruptcy Code, as applicable.  The terms of the existing agreement by and between the Debtors and issuer of the cards under the Corporate Credit Card Program, including the termination, fee provisions, rights, benefits, collateral, and offset and termination rights, and remedies afforded under such agreements shall remain in full force and effect and govern the parties' post-petition transactions with the Debtors, including making ordinary course modifications thereto.

16.     The Debtors are authorized, but not directed, to continue to operate and perform under the Merchant Processing Agreements, including paying and reimbursing the credit card processors for Merchant Services Obligations, whether such Merchant Service Obligations are incurred prepetition or post-petition, in accordance with the Merchant Processing Agreements.

17.     The Debtors are authorized, but not directed, to continue to operate and perform under the Security Service Agreements, including paying and reimbursing the security firms for

Security Obligations, whether such Security Obligations are incurred prepetition or post-petition, in accordance with the Security Service Agreements.

18.     The Debtors are authorized, but not directed, to continue, in their sole discretion, to use the Business Forms, including purchase orders, letterhead, envelopes, promotional materials, checks, and other business forms substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession; *provided*, that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, ensure that the designation "Debtor in Possession" and the corresponding bankruptcy case number be printed on all checks; *provided*, *further*, that, with respect to electronic checks and checks that the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten days of the date of entry of this Order.

19.     Notwithstanding anything contained herein, despite the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on disbursements of each Debtor, regardless of which Debtor pays those disbursements.

20.     The Debtors are authorized to continue entering into and performing under Intercompany Transactions in the ordinary course of business.

21.     All Intercompany Claims against a Debtor by another Debtor arising after the Petition Date as a result of Intercompany Transactions and transfers in the ordinary course of business shall be afforded administrative expense priority status in accordance with sections 503(b) and 364(a) of the Bankruptcy Code.

22.     A final hearing to consider the relief requested in the Motion shall be held on _____, 2024 at ___ _.m. (prevailing Eastern Time) and any objections or responses to the

Motion shall be filed and served on the Notice Parties so as to be actually received on or prior to _____, 2024 at ___ _.m. (prevailing Eastern Time).

23.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

24.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

25.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

26.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

27.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

28.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit E**

## **Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (___) |
| Debtors.[1] | (Jointly Administered) |
|  | **Re: Docket No. ___** |

**FINAL ORDER (I) AUTHORIZING (A) DEBTORS TO CONTINUE TO MAINTAIN
EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS
FORMS, (B) DEBTORS TO OPEN AND CLOSE BANK ACCOUNTS, AND
(C) FINANCIAL INSTITUTIONS TO ADMINISTER THE BANK ACCOUNTS AND
HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, (II) WAIVING
DEPOSIT AND INVESTMENT REQUIREMENTS, AND (III) ALLOWING
INTERCOMPANY TRANSACTIONS AND AFFORDING ADMINISTRATIVE
EXPENSE PRIORITY TO POST-PETITION INTERCOMPANY CLAIMS**

Upon the motion (the "**Motion**")[2] of Big Lots, Inc. and certain of its affiliates (collectively,

the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for

entry of interim and final orders, pursuant to sections 105(a), 345, 363(c)(1), 364(a), and 503(b)

of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing,

the Debtors to (i) continue operating their Cash Management System, (ii) maintain their existing

Bank Accounts located at the Banks and open and close Bank Accounts post-petition in the

ordinary course of business, and (iii) maintain their existing Business Forms, (b) authorizing the

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

applicable financial institutions to treat, service, and administer the Bank Accounts in the ordinary course of business and to receive, process, honor, and pay all checks or wire transfers used by the Debtors, (c) waiving the requirements of section 345(b) of the Bankruptcy Code, Local Rule 2015-2, and section 2 of the U.S. Trustee Guidelines on an interim basis, (d) allowing the Debtors to continue to enter into and perform Intercompany Transactions, and (e) affording post-petition Intercompany Claims administrative expense priority treatment under sections 503(b)(1) and 364(a) of the Bankruptcy Code, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Ramsden Declaration; and the Court having held a hearing, if necessary to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Ramsden Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Debtors having submitted that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn,

resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis to the extent set forth in this order (this "**Order**").

2.      Subject to the limitations of this Order, the Debtors are authorized, but not directed, pursuant to sections 105(a), 363(c)(1), and 364(a) of the Bankruptcy Code, to continue, in their sole discretion, to maintain, operate, and make transfers under their Cash Management System in the same or similar manner as it was maintained before the Petition Date.

3.      The Debtors shall maintain full, accurate, and complete records of all transfers within the Cash Management System, including transfers between Debtors, so that transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions. The Banks shall not be required to monitor, and the Banks shall not be liable to any party on account of, compliance or noncompliance by the Debtors with the foregoing conditions and limitations.

4.      To the extent that cash, including cash collateral (as defined in the Bankruptcy Code), of any Debtor is used by another Debtor, the Debtor funding such use shall have an allowed administrative expense claim pursuant to sections 503(b) and 507(a) of the Bankruptcy Code.

5.      The Debtors are authorized, but not directed, to continue, in their sole discretion, to maintain the Bank Accounts with the same account numbers following the commencement of the Chapter 11 Cases.

6.      The Banks are authorized to:

(e)      continue to treat, service, and administer the Debtors' Bank Accounts, as accounts of the respective Debtor as a debtor in possession, without

-3-

interruption, and in the ordinary course of business without the need for further order of the Court;

(f)     receive, process, honor, debit, and pay any and all checks, drafts, wires, check transfer requests, and/or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, including all checks that are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit with the Banks;

(g)     receive, process, honor, debit, and pay any and all checks, drafts, wires, check transfer requests, and/or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, including all checks that are cashed at the Banks' counters or exchanged for cashier's checks by the payees thereof evidencing amounts paid by the Debtors under the Proposed Orders whether presented prior to, on, or after the Petition Date, as the case may be, to the extent that the Debtors have sufficient funds standing to their credit with the Banks; and

(h)     debit all undisputed prepetition and post-petition amounts owed to the Banks as service charges for the maintenance of the Cash Management System without the need for further order of the Court.

7.     All applicable financial institutions shall be authorized to (a) receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to, the claims that the Debtors requested authority to pay in the Motion or any other motion approved by the Court, regardless of whether the checks were presented or fund transfer requests were submitted before, on, or after the Petition Date and (b) rely on the Debtors' designation of any particular check, draft, wire, ACH transfer, electronic funds transfer payment, or item as approved by this Order.  The Banks shall not be liable to any party on account of (x) following the Debtors' instructions, representations, or presentation as to any order of the Court (without any duty of further inquiry), (y) the honoring of any prepetition check, draft, wire, ACH transfer, electronic funds transfer payment, or item in a good faith belief, or upon representation by a Debtor, that the Court has authorized such prepetition check, draft, wire, ACH transfer, electronic funds transfer payment, or item, or (z) an innocent mistake and/or human error made

-4-

despite implementation of reasonable item handling procedures.  Further, the Banks may rely, without a duty of inquiry, upon the failure of the Debtors to issue a stop payment order with respect to any item, whether such item is issued prepetition or post-petition, as a direction by the Debtors that such item will be paid.  To the extent that the Debtors have represented to the Banks that a check, draft, wire, ACH transfer, electronic funds transfer payment, or item should be dishonored, the Banks are hereby authorized to comply with such representations, either through utilizing the Banks' stop-payment system, or through voiding the check, draft, wire, ACH transfer, electronic funds transfer payment, or item using the Bank's relevant internal procedures.  Without limiting the foregoing, the Banks may assume that any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order unless otherwise specifically advised by the Debtors, and the Banks shall not have any liability to any party for relying on representations by the Debtors in good faith as provided for herein.

8.     Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect.  The Debtors shall be authorized, without further order of the Court, to implement changes to the Cash Management System and cash management procedures in the ordinary course of business, including the opening and closing of Bank Accounts subject to paragraph 9, and for the Banks to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions, *provided* that the Banks shall not have any liability to any party for relying on such representations in good faith.  The relief granted herein shall extend to any new Bank Account opened by the Debtors after the date hereof and to the bank at which such Bank

Account is opened.  Immediately upon entry of this Order, to the extent authorized in the existing deposit agreement, the Banks are authorized, but not obligated, without further order of this Court, to recommence any transfers or sweeps, including to effectuate the voluntary Dominion Period described in the Motion, without regard to whether the funds swept and/or transferred include funds deposited prior to the Petition Date.

9.      The Debtors shall give notice to the U.S. Trustee, the Banks, and counsel to any official committee appointed in the Chapter 11 Cases within 14 days of opening a new Bank Account or closing an existing Bank Account; *provided*, *however*, that, unless otherwise ordered by the Court, the Debtors shall open any new Bank Account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee or at a bank willing to immediately execute such an agreement.

10.     In accordance with current practice and any applicable agreement governing the Bank Accounts, the Banks are authorized to "charge back" to the Debtors' Bank Accounts any prepetition and post-petition cash management fees and expenses incurred by the Banks resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions, or other electronic transfers of any kind, and the Debtors are authorized, but not directed, to pay, in their sole discretion, the Bank Fees (and the Banks are authorized to debit or charge back the Bank Accounts for any such Bank Fees unless notified by the Debtors that any such Bank Fees are disputed), in each case regardless of whether such items were deposited prepetition or post-petition or relate to prepetition or post-petition items and without need for further order of the Court.

11.     Any payment from a Bank Account at the request of the Debtors made by the Bank prior to the Petition Date (including any ACH transfer the Bank is or becomes obligated to settle),

or any instruments issued by the Banks on behalf of any Debtor pursuant to a "midnight deadline" or similar protocol, shall be deemed to be paid prepetition, whether or not actually debited from the Bank Account prepetition.

12.     For the Banks that have signed a Uniform Depository Agreement with the U.S. Trustee, all Bank Accounts with such Banks are deemed to satisfy section 345(b) of the Bankruptcy Code.

13.     Nothing contained herein shall prevent the Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services.  For the avoidance of doubt, those agreements existing between the Debtors and the Banks shall continue to govern the post-petition cash management between the Debtors and the Banks and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with the Banks (including, for the avoidance of doubt, any rights of the Banks to use funds from the Bank Accounts to remedy any overdraft of another Bank Account or other cash management obligations, whether prepetition or postpetition, to the extent permitted under the applicable agreement), unless the Debtors and the applicable Bank agree otherwise, and any other legal rights and remedies afforded to such Bank under applicable law shall be preserved.

14.     The Debtors are authorized, but not directed, to continue the Corporate Credit Card Program in the ordinary course of business, consistent with prepetition practices (subject to ordinary course modifications thereto), including the payment of all past and future obligations as they become due and owing under the accounts (whether pre- or post-petition) on a post-petition basis and performing all obligations thereunder (collectively, the "**Card Obligations**").  The issuer

of the cards under the Corporate Credit Card Program is authorized to continue to make advances

pursuant to the terms of its existing agreement (in reliance upon section 364(e) of the Bankruptcy

Code) with the Debtors, and the Debtors are authorized to incur credit in respect of such advances

under sections 364(a) and (c) of the Bankruptcy Code, as applicable.  The terms of the existing

agreement by and between the Debtors and issuer of the cards under the Corporate Credit Card

Program, including the termination, fee provisions, rights, benefits, collateral, and offset and

termination rights, and remedies afforded under such agreements shall remain in full force and

effect and govern the parties' post-petition transactions with the Debtors including making

ordinary course modifications thereto.

15.     The Debtors are authorized, but not directed, to continue to operate and perform

under the Merchant Processing Agreements, including paying and reimbursing the credit card

processors for Merchant Services Obligations, whether such Merchant Service Obligations are

incurred prepetition or post-petition, in accordance with the Merchant Processing Agreements.

16.     The Debtors are authorized, but not directed, to continue to operate and perform

under the Security Service Agreements, including paying and reimbursing the security firms for

Security Obligations, whether such Security Obligations are incurred prepetition or post-petition,

in accordance with the Security Service Agreements.

17.     The Debtors are authorized, but not directed, to continue, in their sole discretion, to

use the Business Forms, including purchase orders, letterhead, envelopes, promotional materials,

checks, and other business forms substantially in the forms existing immediately before the

Petition Date, without reference to their status as debtors in possession; *provided*, that, once the

Debtors' existing checks have been used, the Debtors shall, when reordering checks, ensure that

the designation "Debtor in Possession" and the corresponding bankruptcy case number be printed on all checks.

18.     Notwithstanding anything contained herein, despite the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on disbursements of each Debtor, regardless of which Debtor pays those disbursements.

19.     The Debtors are authorized to continue entering into and performing under Intercompany Transactions in the ordinary course of business.

20.     All Intercompany Claims against a Debtor by another Debtor arising after the Petition Date as a result of Intercompany Transactions and transfers in the ordinary course of business shall be afforded administrative expense priority status in accordance with sections 503(b) and 364(a) of the Bankruptcy Code.

21.     Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

22.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

23.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a

grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

24.    Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

25.    The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

26.    The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**EXECUTION VERSION**

## **EXHIBIT 4.1(a)**

*See attached.*

## Occupancy Categories
**Exhibit 4.1**

Rent
RE Insurance
LL Charges
Maintenance
Repairs
Equipment
Storage

**EXECUTION VERSION**

## EXHIBIT 8.1

- The Sale Guidelines shall be the Store Closing Procedures approved pursuant to the *Final Order (I) Authorizing Debtors to Assume the Consulting Agreement, (II) Authorizing Store Closing Sales and Approving Related Procedures, and (III) Granting Related Relief* [D.I. 576].

**EXECUTION VERSION**

## EXHIBIT 11.1(c)

*See attached.*

Note: The below information has been prepared as an aid for review of the Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements"). It is not intended to be, and should not be viewed as, a part of the filed Schedules and Statements. To the extent information presented below differs from the filed Schedules and Statements and the associated Global Notes, the filed Schedules, Statements and Global Notes control.

**DRAFT - Subject to Material Change**

**Professional Eyes Only**

**Subject to FRE 408 and Equivalents**

Schedule D Part 1: List Creditors Who Have Secured Claims

| Debtor Name | Creditor Name | Address 1 | Address 2 | City | State | Zip | Creditor E-Mail | Date Debt Incurred | Last 4 Acc Number |
|---|---|---|---|---|---|---|---|---|---|
| Big Lots Stores, LLC | BANC OF AMERICA LEASING & CAPITAL, LLC | 125 DUPONT DRIVE | | PROVIDENCE | RI | 02907 | | | |
| Big Lots Stores, LLC | CANON FINANCIAL SERVICES, INC. | 158 GAITHER DRIVE, SUITE 200 | | MT. LAUREL | NJ | 08054 | | | |
| Big Lots Stores, LLC | CANON SOLUTIONS AMERICA, INC. | 4000 COMMUNICATION AVENUE, SUITE 100 | | BOCA RATON | FL | 33431 | | | |
| Big Lots, Inc. | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | P.O. BOX 2576 | | SPRINGFIELD | IL | 62708 | | | |
| Big Lots, Inc. | DELL FINANCIAL SERVICES L.L.C. | MAIL STOP-RR1 DF-23, ONE DELL WAY | | ROUND ROCK | TX | 78682 | | | |
| Big Lots, Inc. | FULCRUM CREDIT PARTNERS LLC | 111 CONGRESS AVENUE, 25TH FLOOR | | AUSTIN | TX | 78701 | | | |
| Big Lots Stores, LLC | GORDON BROTHERS RETAIL PARTNERS, LLC | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots Stores, LLC | IBM CREDIT LLC | ONE NORTH CASTLE DRIVE | | ARMONK | NY | 10504 | | | |
| Big Lots Stores, LLC | LOGICALIS, INC. | 2600 S. TELEGRAPH ROAD, SUITE 200 | | BLOOMFIELD HILLS | MI | 48302 | | | |
| AVDC, LLC | MUFG BANK, LTD., AS COLLATERAL AGENT | 1221 AVENUE OF THE AMERICAS, 6TH FLOOR | | NEW YORK | NY | 10020 | | | |
| Great Basin, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | 500 FIRST AVE, 4TH FL | | PITTSBURGH | PA | 15219 | | | |
| Big Lots Stores, LLC | RUG DOCTOR, LLC. | 600 DATA DRIVE, SUITE 150 | | PLANO | TX | 75075 | | | |
| AVDC, LLC | WACHOVIA SERVICE CORPORATION | C/O WELLS FARGO SECURITIES, MAC D1086-051 | 550 S. TRYON ST. | CHARLOTTE | NC | 28202 | | | |
| AVDC, LLC | WELLS FARGO BANK, NATIONAL ASSOCIATION, AS AGENT | 30 SOUTH WACKER DRIVE, 22ND FLOOR | | CHICAGO | IL | 60606 | | | |
| Big Lots Stores, LLC | FGX INTERNATIONAL INC. | 500 GEORGE WASHINGTON HIGHWAY | | SMITHFIELD | OH | 02917 | | | |
| Big Lots Stores - PNS, LLC | FGX INTERNATIONAL INC. | 500 GEORGE WASHINGTON HIGHWAY | | SMITHFIELD | OH | 02917 | | | |
| Big Lots Stores - CSR, LLC | FGX INTERNATIONAL INC. | 500 GEORGE WASHINGTON HIGHWAY | | SMITHFIELD | OH | 02917 | | | |
| Closeout Distribution, LLC | FGX INTERNATIONAL INC. | 500 GEORGE WASHINGTON HIGHWAY | | SMITHFIELD | OH | 02917 | | | |
| Big Lots Stores, LLC | MENLO M. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Big Lots Stores - PNS, LLC | MENLO M. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Big Lots Stores, LLC | NGO J. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Big Lots Stores - PNS, LLC | NGO J. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Big Lots Stores - PNS, LLC | PEDRAZA J. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Big Lots Stores, LLC | SMITH I. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Big Lots Stores - PNS, LLC | SMITH I. | C/O DAVID J. GALLO, ESQ., 12702 VIA CORTINA | | DEL MAR | CA | 92014 | | | |
| Closeout Distribution, LLC | MI HOLDING COMPANY, LLC | 7001 S. HARLEM AVENUE | | BEDFORD PARK | IL | 60638 | | | |
| Big Lots Stores, LLC | MI HOLDING COMPANY, LLC | 7001 S. HARLEM AVENUE | | BEDFORD PARK | IL | 60638 | | | |
| AVDC, LLC | MI HOLDING COMPANY, LLC | 7001 S. HARLEM AVENUE | | BEDFORD PARK | IL | 60638 | | | |
| Big Lots, Inc. | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| AVDC, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots eCommerce LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots F&S, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots Management, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots Stores - CSR, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots Stores - PNS, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots Stores, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| BLBO Tenant, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Broyhill LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Closeout Distribution, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Consolidated Property Holdings, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| CSC Distribution LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Durant DC, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| GAFDC LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Great Basin, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| INFDC, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| PAFDC LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| WAFDC, LLC | 1903P LOAN AGENT LLC, AS ADMINISTRATIVE AGENT | 101 HUNTINGTON AVENUE, SUITE 1100 | | BOSTON | MA | 02199 | | | |
| Big Lots, Inc. | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| AVDC, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Big Lots eCommerce LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Big Lots F&S, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Big Lots Management, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Big Lots Stores - CSR, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Big Lots Stores - PNS, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Big Lots Stores, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| BLBO Tenant, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Broyhill LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Closeout Distribution, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Consolidated Property Holdings, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| CSC Distribution LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| Durant DC, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| GAFDC LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| INFDC, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| PAFDC LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |
| WAFDC, LLC | PNC BANK, NATIONAL ASSOCIATION, AS AGENT | ATTN: COMM. LENDING OPS, 500 FIRST AVE, 4TH FL | (P7-PFSC-04-L) | PITTSBURGH | PA | 15219 | | | |

| Relative Priority | Description3 | Description2 | Co-Debtor | Contingent | Unliquidated | Disputed | Amount of Claim | Value of Collateral | Category |
|---|---|---|---|---|---|---|---|---|---|
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |
| | | UCC Lien | | Yes | Yes | No | Undetermined | Undetermined | UCC Liens |