IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BIG LOTS, INC., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Re: D.I. 2214** |

### NOTICE OF COMMENCEMENT OF INTERIM PAYMENTS PURSUANT TO THE ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES ORDER

**PLEASE TAKE NOTICE** that, on March 12, 2025, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2214] (the "**Administrative Expense Claims Procedures Order**") in the above-captioned cases (the "**Chapter 11 Cases**").[2]

**PLEASE TAKE FURTHER NOTICE** that:

1. Paragraph 23 of the Administrative Expense Claims Procedures Order authorizes the Debtors to "(i) commence making *pro rata* payments to holders of Pre-Closing Administrative Expense Claims on account of their respective (x) Pre-Closing Administrative Expense Claims and (y) any claims arising under section 503(b)(9) of the Bankruptcy Code that were validly filed pursuant to the Prepetition Bar Date Order (the "**503(b)(9) Claims**") and (ii) set aside a reserve for any disputed Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims."

2. Beginning on or about June 10, 2025 (the "**Initial Payment Date**"), the Debtors, following consultation with the Official Committee of Unsecured Creditors (the "**Committee**"), intend to commence *pro rata* payments (collectively, the "**Initial Payments**") in an initial

---

[1] The debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Administrative Expense Claims Procedures Order.

aggregate amount of $10,000,000.00 (the "**Initial Payment Amount**") to certain holders of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims, as applicable.

3. Attached hereto as **Exhibit A** is a schedule (the "**Initial Payment Schedule**") of holders (such holders, the "**Reconciled Claimants**") of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims, which claims (a) have been consensually reconciled or (b) were undisputed, in each case as of June 2, 2025 (the "**Record Date**"). The Reconciled Claimants are entitled to receive an Initial Payment in an amount equal to their respective *pro rata* share of the Initial Payment Amount pursuant to the Administrative Expense Claims Procedures Order.

4. Pursuant to paragraphs 21 and 23 of the Administrative Expense Claims Procedures Order, the Debtors, in consultation with the Committee, shall establish an adequate reserve (the "**Reserve**") for future payment on account of (a) Disputed Pre-Closing Administrative Expense Claims and (b) Pre-Closing Administrative Expense Claims that have not been consensually reconciled prior to the Record Date, each to the extent such claims are not included on the Initial Payment Schedule. Each Reconciled Claimant may also be entitled to a future payment (an "**Additional Payment**") from the Reserve in an amount and on a date to be determined by the Debtors, in consultation with the Committee; *provided*, *however*, that the Debtors shall not be required to make any Additional Payments to Reconciled Claimants until the Debtors have made a Reserved Payment to each Reserved Claimant (each as defined below) (solely to the extent the Debtors and a Reserved Claimant are able to reach a consensual resolution on the amount of such Reserved Claimant's Pre-Closing Administrative Expense Claim and/or 503(b)(9) Claim (as applicable)).

5. To the extent a holder of a Pre-Closing Administrative Expense Claim is not included on the Initial Payment Schedule (a "**Reserved Claimant**"), such Reserved Claimant's rights to receive payment on account of its Pre-Closing Administrative Expense Claim and/or 503(b)(9) Claim (as applicable) are fully preserved. To the extent the Debtors and a Reserved Claimant are able to reach a consensual resolution on the amount of such Reserved Claimant's Pre-Closing Administrative Expense Claim and/or 503(b)(9) Claim (as applicable) after the Record Date, such Reserved Claimant shall be entitled to receive a payment in an amount equal to such Reserved Claimant's *pro rata* share of the Reserve (each such payment, a "**Reserved Payment**") on the next payment date.[3] For the avoidance of doubt, the Debtors reserve all rights to object at a later date to any Pre-Closing Administrative Expense Claim and/or 503(b)(9) Claim (as applicable) asserted by a Reserved Claimant.

6. Each Initial Payment will be paid to Reconciled Claimants in the same manner as the Debtors most recently transacted with such claimants in the ordinary course of business both prior to and after September 9, 2024 (the "**Petition Date**"), including through electronic funds transfer using an automated clearing house (ACH); *provided*, that if a Pre-Closing Administrative Expense Claim or 503(b)(9) Claim has been transferred by the applicable holder of such claim (each, a "**Transferred Claim**") and a notice of such transfer has been filed on the docket in these

---

[3] For the avoidance of doubt, each Reserved Payment will equal the same percentage recovery as each Initial Payment to Reconciled Claimants.

Chapter 11 Cases prior to the Record Date, any Initial Payment paid on account of such Transferred Claim shall be made to the transferee notice party listed on the filed notice of such transfer.

7. To the extent a Reconciled Claimant or a transferee of a Transferred Claim prefers to receive its Initial Payment in a manner different than such claimant historically received funds from the Debtors in the ordinary course of business, such Reconciled Claimant must inform the Debtors no later than **June 9, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "**Payment Method Deadline**"), by contacting counsel to the Debtors, Davis Polk & Wardwell LLP, by email at biglots.claims@davispolk.com. For the avoidance of doubt, if a Reconciled Claimant or a transferee of a Transferred Claim elects for a method of payment that is different than the manner in which such claimant most recently received funds from the Debtors in the ordinary course of business, there may be a delay in such claimant receiving its respective Initial Payment.

8. If a Reconciled Claimant or a transferee of a Transferred Claim does not wish to elect for a different form of payment prior to the Payment Method Deadline, the Debtors will make an Initial Payment to such Reconciled Claimant in accordance with paragraph 6 of this notice.

9. To the extent any holder of a Pre-Closing Administrative Expense Claim or 503(b)(9) Claim has questions regarding the contents of this notice, such claimant is encouraged to contact Davis Polk & Wardwell LLP, counsel to the Debtors, by emailing biglots.claims@davispolk.com.

*[Remainder of page intentionally left blank]*

Dated: June 2, 2025
Wilmington, DE

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Initial Payment Schedule**