# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: June 20, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: June 26, 2025 at 1:00 p.m. (ET)** |

### SIEMENS INDUSTRY, INC.'S MOTION FOR ALLOWANCE
### AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE
### CLAIM PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A) AND 507(a)(2)

Siemens Industry, Inc. ("Siemens"), by its undersigned counsel, hereby submits this motion pursuant to sections 503(b)(1)(A) and 507(a)(2) of title 11 of the United States Code ("Bankruptcy Code") for entry of an order allowing and directing immediate payment of its administrative expense claims incurred between September 9, 2024 and March 31, 2025 in the amount of $200,011.57 ("Motion"). In support of the Motion, Siemens respectfully states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

17368516/1

4. The statutory predicates for the relief requested herein is 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).

## BACKGROUND

### The Bankruptcy Case

5. On September 9, 2024 (the "Petition Date"), the above captioned debtors ("Debtors") commenced these jointly administered bankruptcy cases ("Cases") under Chapter 11 of the Bankruptcy Code. The general circumstances and events leading to the commencement of the Debtors' Cases are described in the Declaration of Jonathan Ramsden as Chief Financial and Administrative officers of the Debtors in support of the Debtors' Chapter 11 Proceedings and First Day Pleadings [D.I. 3] also filed on the Petition Date.

### The Siemens Agreement

6. Siemens is a creditor of the Debtors pursuant to that certain Equipment and Service Purchase Agreement between Siemens and Debtors dated as of November 16, 2006, as amended by the First Amendment dated April 18, 2008, the Second Amendment dated February 13, 2009, the Third Amendment dated August 14, 2009, the Fourth Amendment dated January 15, 2010, the Fifth Amendment dated March 1, 2011, the Sixth Amendment dated April 11, 2011, the Seventh Amendment dated March 15, 2012, the Eighth Amendment dated March 15, 2012, the Ninth Amendment dated March 8, 2013, the Tenth Amendment dated March 12, 2013, the Eleventh Amendment dated April 30, 2014, the Twelfth Amendment dated August 5, 2014, and the Thirteenth Amendment dated February 15, 2016 (collectively, the "Siemens Agreement") pursuant to which Siemens provides Debtors certain energy management equipment, software, systems and services at their retail locations.

7. Notwithstanding the commencement of the Cases and the fact the Debtors have not paid a Siemens invoice in almost a year, from the Petition Date through May 7, 2025, Siemens

continued to comply with the terms of the Siemens Agreement, providing Debtors energy management equipment, software, systems and services at their retail locations.

### The Gordon Brothers Sale

8. On December 27, 2024, the Debtors filed their Motion of Debtors for Entry of an Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Debtors to Enter into and Perform Under the GBRP APA Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and Granting Related Relief [D.I. 1437] ("GBRP Sale Motion"), in which the Debtors sought approval of an asset purchase agreement with Gordon Brothers Retail Partners, LLC ("GBRP").

9. On January 2, 2025, the Court entered an order approving the GBRP Sale Motion [D.I. 1556] ("GBRP Sale Order"), which provided GBRP the right to designate any remaining executory contracts and unexpired lease of nonresidential real property for assumption and assignment to a designated third party, which sale closed January 3, 2025 ("Closing") [D.I. 1588].

10. Patiently waiting for word on the Debtors' intentions with respect to the Siemens Agreement, Siemens continued to comply with the terms of the Siemens Agreement, providing Debtors energy management equipment, software, systems and services at their retail locations post Closing.

11. Finally, on March 17, 2025, Debtors filed the Notice of Filing of Twenty-Third Post-Closing Designation Notice [D.I. 2258] ("Notice"), identifying Variety Wholesalers, Inc. ("Variety") as the Designated Buyer (as defined in the GBRP Sale Order) with respect to the acquisition, assumption and assignment of, among others, the Siemens Agreement, with a Cure Cost of $0.

12. By March 28, 2025, Debtors unpaid obligations to Siemens under the Siemens Agreement grew to $324,652.39, compelling Siemens to file its Limited Objection to the Notice [D.I. 2406] ("Limited Objection"). In reliance of the Notice and Variety's stated intention of assuming the Siemens Agreement, Siemens continued to comply with the terms of the Siemens Agreement, providing Debtors energy management equipment, software, systems and services at their retail locations after receipt of the Notice.

13. Then, on May 7, 2025, after having received the benefit of nine months of uncompensated goods and services provided to them pursuant to the Siemens Agreement, Debtors filed a Notice of Rejection of certain executory contracts ("Rejection Notice"), ultimately rejecting the Siemens Agreement as of March 31, 2025 ("Rejection Date") [D.I. 2702].

14. Nevertheless, despite not having paid for the goods and services received pursuant to the Siemens Agreement post-petition, the Debtors acknowledged that the cost incurred as a result of such goods and services were actual and necessary expenses of their bankruptcy estates.

**The Debtors Administrative Expense Motion**

15. On February 7, 2025, Debtors filed their Motion for an Order Setting a Bar Date for the filing of pre-closing (prior to January 3, 2025) administrative claims [D.I. 1962] (the "Admin Motion"). At paragraph 5 of the Admin Motion, Debtors acknowledge that creditors appearing on Exhibit B thereto provided actual and necessary goods and services to the Debtors, hold administrative expense claims, and need not file an administrative expense claim if such creditor agreed with the scheduled amount of their claim. Siemens appears on Exhibit B of the Admin Motion as holding an allowed administrative priority claim in the amount of $119,263.15.

16. Because Siemens was actually owed $125,109.36 as of January 3, 2025, it timely filed its administrative priority Claim No. 8342 ("Pre-Closing Administrative Claim"), for invoices

accruing from the Petition Date through January 3, 2025 ("Closing Date"). Copies of the invoices giving rise to the Pre-Closing Administrative Claim are attached to timely filed Claim No. 8342.

17. Because Siemens continued to provide the Debtors certain energy management equipment, software, systems and services at their retail locations from the Closing Date until receipt of the May 7, 2025 Rejection Notice, Siemens is also entitled to an additional $74,902.21 administrative claim for the period from the Closing Date through March 31, 2025 ("Post-Closing Administrative Claim"). Copies of the invoices giving rise to the Post-Closing Administrative Claim are attached to the Limited Objection as Exhibit B.

## RELIEF REQUESTED

18. Accordingly, Siemens respectfully requests that the Court enter an order (i) requiring the Debtors to immediately pay Siemens its Administrative Claim in the amount not less than $200,011.57.

## BASIS FOR RELIEF REQUESTED

19. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense". 11 U.S.C. § 503(a). Further, section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

20. Section 503(b)(1)(A) of the Bankruptcy Code states that, "there shall be allowed administrative expenses . . . including—the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

21. Courts generally apply a two-part test to determine whether a claim is entitled to administrative status under 503(b)(1)(A). *In re Indianapolis Downs, LLC*, 486 B.R. 286, 301 (Bankr. D. Del. 2013). That two-part test dictates that, "(1) the expense must have arisen from a

post-petition transaction between the creditor and the debtor, and (2) the expense must have been 'actual and necessary' to preserve the estate." *In re Indianapolis Downs, LLC*, 486 B.R. at 301 (*citing In re New Century TRS Holdings, Inc.*, 446 B.R. 565, 661 (Bankr. D. Del. 2011)).

22. Costs that are "actual and necessary" to the preservation of the estate include expenses incurred in the ordinary operation of the business. *Penn Dept. of Envtl. Resources v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 689 (3d. Cir. 1999) (*citing Reading Co. v. Brown*, 391 U.S. 471, 483 (1968)).

23. Here, the Debtors' continued acceptance of goods and services vital to the Debtors' business (i) after the Petition Date and until at least the Rejection Date, (ii) pursuant to the Siemens Agreement, and (iii) in the ordinary course of the Debtors' business, undoubtedly meets the standard of costs that are actual and necessary to the preservation of the estate that has been elucidated by the Third Circuit with regard to administrative claims pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

24. Furthermore, the Debtors admit the goods and services provided to them by Siemens were actual and necessary costs and expenses of their estates. See, Admin Motion.

25. Moreover, the goods and services provided by Siemens enabled Debtors to sell, for valuable consideration, and assign to Variety valuable real property leases and assets enhanced by the goods and services provided by Siemens at the retail locations.

26. In addition, payment of Siemens' Pre-Closing Administrative Claim and Post-Closing Administrative Claim (collectively, "<u>Administrative Claim</u>") will not prejudice the Debtors, as Debtors acknowledged Siemens as holding a valid administrative expense claim and intend to pay (and are indeed setting aside a reserve for payment) at the very least, its Pre-Closing Administrative Expense Claim. See, Admin Motion.

27. Notice of this Motion is being given to Debtors, Debtors' counsel and any other party receiving CM/ECF electronic noticing.

## Conclusion

WHEREFORE, Siemens a respectfully requests that the Court enter an Order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing Siemens' Administrative Claim in the amount of $200,011.57 and directing immediate payment thereof and for such other and further relief as is appropriate.

| | |
|---|---|
| Dated:  June 6, 2025<br>Wilmington, Delaware | **MORRIS JAMES LLP**<br><br>*/s/ Jeffrey R. Waxman*<br>Jeffrey R. Waxman (DE Bar No. 4159)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: jwaxman@morrisjames.com<br><br>-and-<br><br>**PHILLIPS LYTLE LLP**<br>Angela Z. Miller<br>One Canalside<br>125 Main Street<br>Buffalo, New York  14203<br>Telephone: (716) 847-8400<br>Facsimile: (716) 852-6100<br><br>*Counsel for Siemens Industry, Inc.* |

17368516/1