**Exhibit B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | Re: D.I. [●]461, 2702 |

**ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES EFFECTIVE AS OF MARCH 31, 2025 AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order: (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, (c) authorizing and approving the Rejection Notice to affected Counterparties and (d) granting related relief, all as more fully set forth in the Motion; and the order of this Court approving the Motion on a final basis [D.I. 461]; and the filing of the notice of rejection (the "**Rejection Notice**") by the Debtors [D.I. [●]2702]; and this Court having jurisdiction over this matter

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter ~~an~~a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Rejection Notice and of the opportunity to be heard at ~~the~~a hearing, if any, thereon before this Court (the "**Hearing**") were appropriate under the circumstances and that no other notice need be provided, except as set forth herein; and this Court having reviewed the Rejection Notice, and having heard the statements and argument in support of the relief requested at ~~a hearing, if~~ any~~, before this Court (the "~~ Hearing~~"~~); and this Court having determined that the legal and factual bases set forth in the Motion, the Rejection Notice and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The ~~Contract and Leases~~Contracts listed on **Schedule 1** attached hereto (as may have been amended, supplemented, or modified from time to time, the "**Spireon Contracts**") are hereby rejected and terminated as of March 31, 2025 (the "**Rejection Date**").

2. To the extent it applies or may be deemed to apply, the automatic stay under 11 U.S.C. § 362 is hereby modified to the extent necessary to allow Spireon, Inc. ("**Spireon**") to transfer any services previously provided to the Debtors pursuant to the Spireon Contracts (the "**Services**") to the applicable owners of any specific devices (the "**Devices**") tied to such Services by serial number of each applicable Device in the Spireon Contracts.

3.  Nothing herein shall prejudice the rights of the Debtors to argue that any of the Contracts were terminated prior to the Rejection Date; that any claim for damages arising from the rejection of any Contract is limited to the remedies available under the termination provision of such Contract; or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

4.  Nothing in this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

5.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vi) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; or (vii) a waiver by the Debtors or Spireon of any rights, defenses, objections, or arguments regarding any claim for amounts owed for the Services whether prepetition, post-petition, or rejection damages or any other action, contested matter, or proceeding in or related to these chapter 11 cases.

6.  Notice of the Rejection Notice is deemed good and sufficient notice of the relief requested therein.

7.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

8. ~~7.~~ The Debtors <ins>and Spireon</ins> are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

9. ~~8.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Schedule 1

## Schedule of Rejected Contracts and Leases

| No. | Debtor | Contract Counterparty | Contract Counterparty Address | City | State | ZIP | Country | Rejected Agreement/Lease | Rejection Effective Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Great Basin, LLC | Spireon, Inc. | 9724 Kingston Pike, #800 | Knoxville | TN | 37922 | USA | Subscription Service Agreement | 3/31/2025 |
| 2 | Great Basin, LLC | Spireon, Inc. | 12345 S. 123rd Street | Los Angeles | CA | 90001 | USA | Pilot Program Agreement | 3/31/2025 |
| 3 | Big Lots, Inc. | Spireon | 16802 Aston Sacal | Irvine | CA | 92606 | USA | Standard Purchase Option Order Form | 3/31/2025 |