# **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 672** |

**ORDER APPROVING STIPULATION RESOLVING GERALD
BOGLE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the *Certification of Counsel Regarding Order Approving Stipulation Resolving Gerald Bogle's Motion for Relief from the Automatic Stay* (the "Certification of Counsel") and the *Stipulation By and Among the Debtors and Gerald Bogle Resolving Gerald Bogle's Motion for Relief From the Automatic Stay*, a copy of which is attached to this Order as **Exhibit 1** (the "Stipulation"); and the Court having jurisdiction over the matters raised in the Certification of Counsel and Stipulation, and the relief requested in the Certification of Counsel being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Certification of Counsel and Stipulation is in the best interest of the Debtors, their estates, and all parties-in-interest, and just cause exists for the relief granted herein; IT IS HEREBY ORDER THAT:

---

[1] The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

17379944/3

2

1. The Stipulation attached to this Order as **Exhibit 1** is hereby APPROVED.

2. The Motion is hereby resolved, and the automatic stay is hereby lifted as to Movant's civil action against Big Lots, LLC.

3. The Court shall retain jurisdiction to resolve any disputes arising from or related to this Order or Stipulation.

4. This Order and the Stipulation shall become effective and binding immediately upon entry of this Order notwithstanding anything in the Federal Rules of Bankruptcy Procedure, or any other rules of procedures, that may be interpreted to the contrary.

# **EXHIBIT 1**

Stipulation

# **EXHIBIT 1**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 672** |

## STIPULATION BY AND AMONG THE DEBTORS AND GERALD BOGLE RESOLVING GERALD BOGLE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This stipulation is entered into by and between Gerald Bogle ("Movant") and the debtors and debtors in possession (the "Debtors" and together with Movant, the "Parties"). Subject to the approval of the United States Bankruptcy Court for the District Delaware (the "Court"), the Parties stipulate an agree as follows:

## RECITALS

**WHEREAS**, on September 9, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware;

**WHEREAS**, prior to the Petition Date, the Movant filed a civil action against Big Lots, LLC in the United States District Court for the Western District of Washington at Tacoma (the "Civil Action");

---

[1] The Debtors and Debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

17379944/3

**WHEREAS**, the Civil Action has been captioned and docketed as *Gerald Bogle v. Big Lots, LLC*, No. 3:23-cv-05588, in the United States District Court for the Western District of Washington;

**WHEREAS**, on October 31, 2024, the Movant filed that certain *Gerald Bogle's Motion for Relief from the Automatic Stay* [Docket No. 672] (the "<u>Bogle Lift Stay Motion</u>");

**WHEREAS**, pursuant to the Bogle Lift Stay Motion, the Movant requests that the automatic stay provisions of the Bankruptcy Code be lifted for the limited purposes and solely to the extent necessary to allow the Movant to proceed in the Civil Action, so that the Movant may prosecute the Civil Action to settlement or final judgment. Enforcement of any such settlement or judgment against Big Lots, LLC shall be solely against the Debtors' applicable insurance policy;

**WHEREAS**, the Debtors provided timely notice to the applicable insurer;

**WHEREAS**, the Debtors have informed Movant that their insurer has taken the position that it will not provide coverage because they purportedly do not have record of such notice;

**WHEREAS**, Movant, in entering into this stipulation, has not relief on any representations by the Debtors about the existence or amount of insurance coverage and agrees that the Debtors' insurer's failure to provide coverage for any reason will not give rise to any claim against the Debtors;

**WHEREAS**, Movant agrees that enforcement of any such settlement or judgment against Big Lots, LLC shall be solely against the Debtors' applicable insurance policy;

**WHEREAS**, the Parties have agreed, subject to approval of the Court of this Stipulation, to permit relief from the automatic stay for the reason set forth herein and subject to the terms and conditions set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. This Stipulation shall be binding on the Parties upon the entry of the Order (the approval date being the "Effective Date").

3. Upon the signing of the Order approving this Stipulation, the automatic stay provisions of the Bankruptcy Code shall be lifted for the limited purpose and solely to the extent necessary to allow (but not require) Movant to proceed in the Civil Action so that Movant may prosecute the Civil Action to settlement or final judgment. Enforcement of any such settlement or judgment against Big Lots, LLC will be solely against the Debtors' applicable insurance policy; *provided*, that, except as otherwise set forth herein, all other provisions of the automatic stay provisions of the Bankruptcy Code, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Debtors, shall remain in full force and effect.

4. In consideration of the foregoing modification of the automatic stay, while Movant may prosecute the Civil Action to settlement or final judgment against the defendants, its recovery is limited based on the terms and conditions set forth herein, as of the Effective Date.

5. To the extent a proof of claim has already been filed in these Chapter 11 Cases, such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Order.

The Debtors' claims and noticing agent is authorized to remove such proof of claim from the claims register.

6. The Stipulation hereby resolves the Bogle Lift Stay Motion.

7. Nothing contained in this Stipulation is intended to be or shall be construed as (i) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (ii) a waiver by the Debtors of their right to object to any and all proofs of claim relating to any action that have been or may be filed by the Claimant in the chapter 11 cases of the Debtors. The limited relief set forth in this Stipulation shall not be construed as an admission of liability by the Debtors or their affiliates regarding any claim or cause of action arising from or in relation to the Civil Action or any other matter.

8. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

9. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors, their successors in interest, and assigns, including, without limitation, any trustee in bankruptcy.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

12. This Stipulation may be executed in one or more counterparts and by electronic mail, each of which will be deemed an original but all of which together will constitute one instrument.

13. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto and order of the Court.

14. This Stipulation shall continue to be effective in a Chapter 7 case.

15. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies.

16. The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

17. The Court retains jurisdiction with respect to all matters arising from or related to this Stipulation and the interpretation, implementation, and enforcement thereof, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

*[Remainder of Page Intentionally Left Blank]*

**STIPULATED AND AGREED TO THIS 20th DAY OF JUNE 2025:**

Dated: June 20, 2025

| **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** | **MORRIS JAMES LLP** |
|---|---|
| */s/ Daniel B. Butz* | */s/ Christopher M. Donnelly* |
| Robert J. Dehney, Sr. (No. 3578) | Jeffrey R. Waxman (DE Bar No. 4159) |
| Andrew R. Remming (No. 5120) | Christopher M. Donnelly (DE Bar No. 7149) |
| Daniel B. Butz (No. 4277) | 500 Delaware Avenue, Suite 1500 |
| Tamara K. Mann (No. 5643) | Wilmington, Delaware 19801 |
| Sophie Rogers Churchill (No. 6905) | Telephone: (302) 888-6800 |
| 1201 N. Market Street, 16th Floor | Facsimile: (302) 571-1750 |
| Wilmington, DE 19801 | E-mail: jwaxman@morrisjames.com |
| Telephone: (302) 658-9200 | cdonnelly@morrisjames.com |
| E-mail: rdehney@morrisnichols.com | |
| aremming@morrisnichols.com | *Counsel for Gerald Bogle* |
| dbutz@morrisnichols.com | |
| tmann@morrisnichols.com | |
| srchurchill@morrisnichols.com | |

   *-and-*

**DAVIS POLK & WARDWELL LLP**

   Brian M. Resnick (admitted *pro hac vice*)
   Adam L. Shpeen (admitted *pro hac vice*)
   James I. McClammy (admitted *pro hac vice*)
   Stephen D. Piraino (admitted *pro hac vice*)
   450 Lexington Avenue New York, NY 10017
   Telephone: (212) 450-4000
   E-mail: brian.resnick@davispolk.com
            adam.shpeen@davispolk.com
            james.mcclammy@davispolk.com
            stephen.piraino@davispolk.com

6

17379944/3