UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 24-11967 (JKS)<br>Jointly Administered<br><br>**Re: D.I. 2207, 2381, 2557, 2681, 2722, 2768** |

**CERTIFICATION OF COUNSEL REGARDING ORDER
GRANTING IN PART AND DENYING IN PART HOMEVIEW
DESIGN, INC.'S MOTION FOR ALLOWANCE AND IMMEDIATE
PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

The undersigned counsel hereby certifies as follows:

1. On September 9, 2024 (the "**Petition Date**"), the above-captioned debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2. On March 11, 2025, HomeView Design Inc. ("**HomeView**") filed *HomeView Design Inc.'s Motion for Allowance and Immediate Payment of Administrative Expense Claims, Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9)* [D.I. 2207] (the "**Motion**").

3. On March 25, 2025, the Court heard preliminary argument on the Motion, and orally ruled [D.I. 2381] that HomeView's 503(b)(9) claim, and HomeView's claim relating to invoice nos. 0048412, 0048413, 0048414, DLAX1670131484, DLAX1670131475, and DLAX1670131470 are both subject to the *Pre-Closing Administrative Expense Claims Procedures Order* [D.I. 2110].

4. The Court also asked for briefing on HomeView's claim relating to purchase order nos.: 95558537, 95558538, 95558539, 95643797, 95678063, 95696535, 95696536, 95696537, and 95610243.

5. On April 11, 2025, the Debtors filed a letter brief in opposition to the Motion [D.I. 2557].

6. On May 2, 2025, HomeView filed *HomeView Design Inc.'s Supplemental Brief in Support of the Allowance and Immediate Payment of Its Post-Closing Administrative Expense Claim* [D.I. 2681].

7. On May 11, 2025, the Debtors filed *Debtors' SurReply to HomeView Motion,* along with a motion for leave to file [D.I. 2722].

8. On May 13, 2025, the Court held an evidentiary hearing on HomeView's claim relating to purchase order nos.: 95558537, 95558538, 95558539, 95643797, 95678063, 95696535, 95696536, 95696537, and 95610243.

9. At the conclusion of the hearing, the Court took the matter under advisement.

10. On May 21, 2025, the Court issued an oral opinion [D.I. 2768] wherein the Court ruled, among other things, that, with respect to purchase order nos.: 95558537, 95558538, 95558539, 95643797, 95678063, 95696535, 95696536, 95696537, and 95610243:

    a. "With respect to damages, the Court awards an administrative expense claim under the administration expense claims procedures order for the full purchase order price and storage fees."

    b. "The Court will not award estimated damages based on destruction and disposal costs, because there was no evidence that such expenses were included in the post-petition contract between the debtors and HomeView."

    c. "In light of statements made by counsel that numerous big lots stores had been reopened by Variety, the Court encourages HomeView to pursue potential avenues to mitigate its damages."

       d.  "The parties should confer and submit a proposed order under certification of counsel".

11. Following the May 21, 2025 ruling, the Debtors and HomeView (together, the "**Parties**") conferred extensively through counsel (both via numerous emails and multiple zoom calls) regarding a form of order consistent with the Court's Rulings.

12. However, the Parties disagree over the interpretation of the Court's May 21 Ruling, particularly with respect to the calculation of the amount of HomeView's Pre-Closing Administrative Expense Claim for purchase order nos.: 95558537, 95558538, 95558539, 95643797, 95678063, 95696535, 95696536, 95696537, and 95610243 (the "**Claim Amount**").

13. HomeView interprets the Court's May 21, 2025 ruling as allowing a claim calculated as follows:

```
  $554, 109.28      Full Purchase Order Price
+ $15,537.40        Storage Fees as of May, 2025
  $569,646.68       Total Claim
```

14. Upon information and belief, the Debtors interpret the Court's May 21, 2025 ruling as allowing a claim calculated as follows:

```
  $554, 109.28      Full Purchase Order Price
- $36,000           Estimated Ocean Freight Savings
- $2,000            Estimated Bookage Fee Savings
+ $15,537.40        Storage Fees as of May, 2025
  $531,646.68       Total Claim
```

15. Furthermore, the Parties extensively attempted to agree on a jointly submitted certification of counsel intended to alert the Court to their disagreements over the proposed form of order.

16. However, the Parties have likewise been unable to agree to the language of any such jointly submitted certification of counsel.

17. Accordingly, Homeview hereby submits its own certification of counsel, and welcomes the Debtors to submit their own certification of counsel as well.

18. The form of Order proposed by HomeView is attached hereto marked as **<u>Exhibit A</u>**.

19. Upon information and belief, the most recent form of Order proposed by the Debtors is attached hereto marked as **<u>Exhibit B</u>**.

WHEREFORE, HomeView respectfully request that the Court resolve this dispute and enter an appropriate Order at the Court's earliest convenience.

Dated: June 23, 2025

Respectfully submitted,

KASEN LAW GROUP, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esquire (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlawgroup.com

*Counsel to HomeView Design Inc.*