**Exhibit B**
**(Debtors' Latest Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 2207, 2381, 2557, 2681, 2722, 2768** |

### ORDER GRANTING IN PART AND DENYING IN PART HOMEVIEW DESIGN, INC.'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon consideration of *HomeView Design Inc.'s Motion for Allowance and Immediate Payment of Administrative Expense Claims, Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b)(9)* (the "**Motion**"),[2] all accompanying documents, any responses thereto, and any further support thereof; and the Court having determined that it has subject matter jurisdiction to consider and determine the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, the Debtors' letter objection to the Motion [D.I. 2557], *HomeView Design Inc.'s Supplemental Brief in Support of the Allowance and Immediate Payment of Its Post-Closing Administrative Expense Claim* [D.I. 2681] (the "**Reply**"), and the Debtors' surreply to the Motion [D.I. 2722], as applicable.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and sufficient notice was given under the circumstances; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted in part and denied in part, as set forth herein.

2. As stated by the Court at the March 25, 2025 hearing, HomeView's 503(b)(9) claim, and HomeView's claim relating to invoice nos. 0048412, 0048413, 0048414, DLAX1670131484, DLAX1670131475, and DLAX1670131470 are subject to the *Order (I) Setting a Bar Date for Filing Proofs of Claim for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2114] (the "**Procedures Order**").

3. For the reasons stated by the Court in the May 21, 2025 oral ruling [D.I. 2768], with respect to purchase order nos.: 95558537, 95558538, 95558539, 95643797, 95678063, 95696535, 95696536, 95696537, and 95610243 (the "**Purchase Orders**"): (a) HomeView has an allowed Pre-Closing Administrative Expense Claim (the "**Claim**") in the amount of $531,646.68 (the "**Claim Amount**")[3] and (b) the Claim is a Pre-Closing Administrative Expense Claim (as defined in the Procedures Order) subject to the Procedures Order.

---

[3] The Claim Amount shall be calculated as follows:

| | |
|---|---|
| $554,109.28 | Full Purchase Order Price |
| - $36,000 | Estimated Ocean Freight Savings |
| - $2,000 | Estimated Bookage Fee Savings |
| + $15,537.40 | Storage Fees as of May, 2025 |
| $531,646.68 | Total Claim |

2

4. For the avoidance of doubt, the HomeView has no claim against the Debtors on account of the Purchase Orders other than the Claim. For the avoidance of doubt, any claim asserted by HomeView against the Debtors on account of estimated destruction and disposal costs shall be disallowed and not included in the Claim Amount.

5. HomeView shall use good faith efforts to mitigate the Claim Amount by attempting to resell the subject goods to a third party or by other means, and the Claim shall be reduced on a dollar-for-dollar basis by the proceeds of any such sale. HomeView shall promptly inform the Debtors of (a) its efforts to sell the subject goods and (b) any sale of the goods, including any proceeds from such sale.

6. The Debtors are authorized to take all actions necessary and appropriate to give effect to this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.