## Exhibit A

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 2201** |

**STIPULATION GRANTING DENZEL ANDERSON RELIEF FROM THE
AUTOMATIC STAY TO PROCEED IN CIVIL ACTION**

Big Lots, Inc. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Denzel Anderson (the "**Movant**," and, together with the Debtors, the "**Parties**") hereby enter into the following stipulation (the "**Stipulation**") granting relief from the automatic stay provisions of the Bankruptcy Code for the limited purpose and solely to the extent necessary to allow (but not require) the Movant to proceed to litigate the Contemplated Civil Action (as defined below) to settlement or final judgment, including enforcement thereof, and any subsequent appeals therefrom, but its recovery against the Debtors shall be, solely from the Debtors' applicable insurance policies, including, without limitation that certain employment practices liability policy, no. 01-146-52-61, issued by National Union Fire Insurance Company of Pittsburgh, Pa. (the "**AIG Policy**").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## RECITALS

WHEREAS, the Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409;

WHEREAS, the statutory basis for the relief requested herein is 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001(d);

WHEREAS, on September 9, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**");

WHEREAS, Movant seeks to file suit against Debtors Big Lots, Inc. and PNS Stores, Inc. relating to alleged violations of the ADA and similar state protection statutes, negligence, discrimination, harassment, and other claims and causes of action Movant suffered, pre-dating the Petition Date, including in connection with alleged physical incidents on May 30, 2024 and May 31, 2024 (the "**Contemplated Civil Action**");

WHEREAS, on March 11, 2025, the Movant filed that certain *Denzel Anderson's Motion for Relief from the Automatic Stay* [D.I. 2201] (the "**Anderson Lift Stay Motion**");

WHEREAS, pursuant to the Anderson Lift Stay Motion, the Movant requests that the automatic stay provisions of the Bankruptcy Code be lifted for the limited purposes and solely to the extent necessary to allow (but not require) the Movant to initiate and proceed in the Contemplated Civil Action, so that the Movant may prosecute the Contemplated Civil Action to settlement or final judgment, including enforcement thereof any subsequent appeals therefrom.

2

Enforcement of any such settlement or judgment against the Debtors shall be solely against the Debtors' applicable insurance policies, including, without limitation, the AIG Policy;

WHEREAS, the Parties have agreed, subject to approval of the Court of this Stipulation, to permit relief from the automatic stay for the reasons set forth herein and subject to the terms and conditions set forth below.

**NOW, THEREFORE**, upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed, by and among the Parties, that:

1.      This Stipulation shall have no force or effect unless and until approved by the Court (the date of such approval, the "**Effective Date**").

2.      Upon the signing of the Order approving this stipulation, the automatic stay provisions of the Bankruptcy Code shall be lifted for the limited purpose and solely to the extent necessary to allow (but not require) Movant to initiate and proceed in the Contemplated Civil Action so that Movant may prosecute the Contemplated Civil Action to settlement or final judgment, including enforcement thereof any subsequent appeals therefrom. Enforcement of any such settlement or judgment against the Debtors will be solely against the Debtors' applicable insurance policies, including, without limitation, the AIG Policy; *provided*, that, except as otherwise set forth herein, all other provisions of the automatic stay provisions of the Bankruptcy Code, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Debtors, shall remain in full force and effect.

3.       To the extent applicable, the automatic stay is further modified, if and to the extent necessary, to permit any of the Debtors' insurers from which coverage is sought to administer, handle, defend, settle, and/or pay such claims alleged in the Contemplated Civil Action in the ordinary course of business and without further order of this Bankruptcy Court.

4.       In consideration of the foregoing modification of the automatic stay, while Movant may prosecute the Contemplated Civil Action to settlement or final judgment against the defendants, and any subsequent appeals therefrom, as of the Effective Date, Movant's recovery is limited based on the terms and conditions set forth herein.

5.       To the extent a proof of claim already has been filed in these Chapter 11 Cases, such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Order.

6.       The Stipulation hereby resolves the Anderson Lift Stay Motion.

7.       Nothing contained in this Stipulation is intended to be or shall be construed as (i) a waiver by the Debtors of any claims or causes of action that may exist against any creditor or interest holder, (ii) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (iii) a waiver by the Debtors of their right to object to any and all proofs of claim relating to any action that have been or may be filed by the Claimant in the chapter 11 cases of the Debtors.  The limited relief set forth in this Stipulation shall not be construed as an admission of liability by the Debtors or their affiliates regarding any claim or cause of action arising from or in relation to the Contemplated Civil Action or any other matter.

8.       In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such

circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

9.      Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors, their successors in interest, and assigns, including, without limitation, any trustee in bankruptcy.

10.     This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11.     Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party. The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

12.     This Stipulation may be executed in one or more counterparts and by electronic copy, each of which will be considered effective as an original signature.

13.     This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court.

14.     This Stipulation shall continue to be effective in a Chapter 7 case.

15.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

16.     The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned counsel, the Parties have executed and delivered this Stipulation as of the day first set forth below.

Dated: June 25, 2025

DAVIS POLK & WARDWELL LLP

/s/ *James I. McClammy*

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
James I. McClammy (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Matthew R. Brock (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
james.mcclammy@davispolk.com
stephen.piraino@davispolk.com
matthew.brock@davispolk.com

*-and-*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com

*Counsel to the Debtors and Debtors in Possession*

Dated: June 6, 2025
Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**


*/s/ Brett M. Haywood*
L. Katherine Good (No. 5101)
Brett M. Haywood (No. 6166)
James R. Risener III (No. 7334)
Andrew C. Ehrmann (No. 7395)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6026
Fax: (302) 658-1192
Email: kgood@potteranderson.com
       bhaywood@potteranderson.com
       jrisener@potteranderson.com
       aehrmann@potteranderson.com


*Counsel for Denzel Anderson*

8