# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BIG LOTS, INC. *et al.*,[1] | ) Case No. 24-11967 (JKS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date** |
| | ) August 13, 2025, at 10:00 a.m. (ET) |
| | ) |
| | ) **Objection Deadline** |
| | ) July 16, 2025, at 4:00 p.m. (ET) |

## DEBTORS' THIRD MOTION FOR ENTRY OF
## AN ORDER EXTENDING THEIR EXCLUSIVE PERIODS
## TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors in possession (the "**Debtors**") respectfully state the following in support of this motion (the "**Motion**"):

## PRELIMINARY STATEMENT

1. This is the Debtors' third request for an extension of the Exclusive Periods (as defined below). On January 6, 2025 the Debtors filed the *Debtors' Motion for Entry of an Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances* [D.I. 1590] (the "**First Exclusivity Motion**") seeking initial extensions of (a) the period (the "**Exclusive Filing Period**") during which the Debtors have the exclusive right to

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

file a chapter 11 plan (the "**Plan**") by 90 days, through and including the earlier of (i) the Effective Date of the Plan (as defined in the First Exclusivity Motion) and (ii) April 7, 2025, and (b) the period during which the Debtors have the exclusive right to solicit votes thereon (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**") by 90 days, through and including the earlier of (i) the Effective Date of the Plan and (ii) June 6, 2025. The First Exclusivity Motion was approved by the Court on January 16, 2025. *See Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances* [D.I. 1755] (the "**First Exclusivity Order**").

2.  On April 7, 2025, the Debtors filed the *Debtors' Second Motion for Entry of an Order Extending Their Exclusive Periods To File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2521] (the "**Second Exclusivity Motion**"), seeking, most notably, further extensions of the Exclusive Filing Period and Exclusive Solicitation Period. On April 23, 2025, the Court approved the relief sought in the Second Exclusivity Motion and entered the *Order Further Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2591], which extended the Exclusive Filing Period through and including July 6, 2025, and the Exclusive Solicitation Period through and including September 7, 2025.

3.  In the approximately three months since the filing of the Second Exclusivity Motion, the Debtors have, among other things, engaged in extensive negotiations with Gordon Brothers Retail Partners, LLC ("**GBRP**") over certain provisions of the asset purchase agreement approved by the GBRP Sale Order,[2] successfully completed a *pro rata* initial distribution of $10,000,000 to certain holders of Pre-Closing Administrative Expense Claims (as defined in the

---

[2] *See Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "**GBRP Sale Order**").

Administrative Expense Claims Procedures Motion[3]) and/or claims arising under section 503(b)(9) of the Bankruptcy Code, continued to review and reconcile hundreds of Pre-Closing Administrative Expense Claims, and prepared and filed appellate briefs for the multiple appeals of the GBRP Sale Order pending in the United States District Court for the District of Delaware. In addition, the Debtors have been working closely with the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (as defined below) (the "**Committee**") to ensure that the Debtors' estates are wound down in the most value-maximizing manner.

4. An extension of the Exclusive Periods is necessary to avoid the distraction of a party attempting to file a Plan while the Debtors work to maximize value for creditors in an orderly and equitable matter. The Debtors need the maximum amount of optionality to determine, in conjunction with the Committee and other key constituencies, the optimal path forward. Having the Debtors' exclusive period to file a plan and solicit votes thereon expire at this stage would only lead to disorder and a waste of scarce estate resources, thereby jeopardizing the significant progress the Debtors have made to advance these Chapter 11 Cases and unnecessarily increasing administrative expenses and diminishing creditor recoveries. For the reasons set forth herein, cause exists to extend the Exclusive Periods.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District

---

[3] *See Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1962] (the "**Administrative Expense Claims Procedures Motion**"). The Administrative Expense Procedures Motion was granted by the Court pursuant to the *Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2214] (the "**Administrative Expense Claims Procedures Order**").

of Delaware, dated as of February 29, 2012.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The bases for the relief requested herein are sections 1121(c) and 1121(d) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9006-2.

## BACKGROUND

**I.    General Background**

9. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. Additional detail regarding the Debtors, their business, the events leading to the filing of the Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (the "**Ramsden Declaration**") and incorporated herein by reference.

10. The Chapter 11 Cases are being jointly administered for procedural purposes only

pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[4]

11. On September 23, 2024, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102(a)(1). *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

12. Pursuant to Section 1121(b) of the Bankruptcy Code and the First Exclusivity Order, the Debtors' Exclusive Filing Period expires on April 7, 2025. Pursuant to Section 1121(c)(3) of the Bankruptcy Code and the First Exclusivity Order, the Debtors' Exclusive Solicitation Period expires on June 6, 2025.

## II. The Debtors' Sale Process

13. The Debtors incorporate by reference the factual background to the GBRP Sale as set forth in the First Exclusivity Motion. *See* First Exclusivity Mot. ¶¶ 8–14. Capitalized terms used but not defined in this Section II shall have the meanings given to them in the First Exclusivity Motion.

14. Following the Initial Closing of the GBRP Sale on January 3, 2025, the Debtors have been focused on consummating the GBRP Sale via the Designation Rights Period by working with landlords and other contract counterparties regarding the transfer of leases, contracts, and other assets to GBRP or other Designated Buyers.

---

[4] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS) *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

15. After the Initial Closing, in accordance with Section 1.01 of the GBRP APA, GBRP twice elected to extend the Designation Rights Period through March 17, 2025, and March 31, 2025, respectively (the latter date solely with respect to certain of the Debtors' assets and leases). *See Not. of Extension of Designation Rights Period and Sale Termination Date* [D.I. 2158]; *Second Not. of Extension of Designation Rights Period* [D.I. 2262].

16. Prior to the filing of this Motion, the GBRP Sale was substantially completed.

### III. Additional Events Since the Filing of the Second Exclusivity Motion

17. In the time since the filing of the Second Exclusivity Motion, the Debtors have continued to engage in various activities to administer these Chapter 11 Cases, including (i) engaging in negotiations with GBRP to reach a resolution of the *Motion of Gordon Brothers Retail Partners, LLC Seeking an Order (A) Enforcing Asset Purchase Agreement, Agency Agreement and Sale Approval Order and (B) Granting Related Relief* [D.I. 2840]; (ii) initiating and closing a $10,000,000 *pro rata* initial distribution to certain holders of Pre-Closing Administrative Expense Claims and/or claims arising under section 503(b)(9) of the Bankruptcy Code; (iii) preparing and filing appellate briefs and appendices in defense of the GBRP Sale in the cases of *Hello Sofa LLC v. Big Lots, Inc.*, Case No. 1:25-cv-00130-GBW (D. Del. 2025), *Peak Living Inc. v. Big Lots, Inc.*, Case No. 1:25-cv-00072-GBW (D. Del. 2025), and *Prestige Patio, Inc. v. Big Lots, Inc.*, Case No. 1:25-cv-00078-GBW (D. Del. 2025) pending before the United States District Court for the District of Delaware; (iv) engaging with the Committee and other parties in interest regarding an orderly wind-down of the Debtors' estates; (v) complying with ongoing chapter 11 reporting requirements, including the filing of monthly operating reports [D.I. 2655-2673, 2828-2839, 2841-2847, 2930-2948]; and (vi) responding to inquiries from creditors and the U.S. Trustee.

18. The Debtors have also continued to conduct the claims reconciliation process pursuant to the Administrative Expense Claims Procedure Order. As of the date of the filing of

this Motion, the Debtors' efforts to equitably reconcile such Pre-Closing Administrative Expense Claims is ongoing, and the Debtors have begun the process of making distributions on account of these claims on a *pro rata* basis with the filing of the *Notice of Commencement of Interim Payments Pursuant to the Administrative Expense Claims Procedures Order* [D.I. 2854]. Nevertheless, the Debtors continue to interface with hundreds of claimants regarding the reconciliation and payment of their claims.

## RELIEF REQUESTED

19. By this Motion, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, extending (a) the Exclusive Filing Period by 90 days, from July 6, 2025,[5] through and including October 4, 2025, and (b) the Exclusive Solicitation Period by 90 days, from September 7, 2025, through and including December 6, 2025, in each case, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

## BASIS FOR RELIEF

20. Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a chapter 11 plan in the first 120 days following the commencement of a chapter 11 case. If a debtor files a plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with 60 additional days following the expiration of the exclusive filing period (or 180 days following the commencement of the case) to solicit acceptances of a plan.

21. Section 1121(d) of the Bankruptcy Code provides a debtor with a mechanism to extend these Exclusive Periods, stating that "[o]n request of a party in interest made . . . and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period

---

[5] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline has automatically extended such deadline until such time as the Court rules on this Motion.

referred to in this section." 11 U.S.C. § 1121(d)(l). The ultimate decision to extend the Exclusive Periods rests within the discretion of the bankruptcy court. *See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965–66 (D. Del. 1986) (finding the authority to extend the debtor's exclusivity period is within the discretion of the bankruptcy court).

22. While the Bankruptcy Code does not define "cause," courts rely on various factors to determine whether cause exists to extend a debtor's exclusive period. These factors include:

(i) the size and complexity of the case;

(ii) the existence of good faith progress;

(iii) the necessity of sufficient time to negotiate and prepare adequate information;

(iv) whether creditors are prejudiced by the extension;

(v) whether the debtor is paying its debts as they become due;

(vi) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vii) whether the debtor has made progress negotiating with creditors;

(viii) the length of time a case has been pending;

(ix) whether the debtor is seeking an extension to pressure creditors; and

(x) whether or not unresolved contingencies exist.

*In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409–10 (E.D.N.Y. 1989) (listing certain of the above factors); *In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); *In re Gen. Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) (same); *In re Sw. Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451–54 (Bankr. W.D. Tex. 1987) (same); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (same).

23. Not all of these factors are relevant in every case, and a finding that one or more of

these factors exists may justify extending a debtor's exclusive periods. *See In re Express One Int'l Inc.*, 194 B.R. at 100 (finding the negotiations with creditors, reasonable prospects of filing a viable plan, good faith progress in the cases, and lack of prejudice for creditors, all relevant in determining whether cause exists to extend the exclusivity period); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that cause to extend the exclusivity period existed based on a demonstration of reasonable prospects for filing a viable plan and the relatively short time the case was pending). In fact, the mere complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods to allow the debtor a meaningful opportunity to formulate a chapter 11 plan. *See, e.g.*, *In re Texaco, Inc.*, 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987) (holding that cause existed to extend the exclusivity period based on size and complexity of the case alone).

24. Based on a weighing of the relevant factors, there is more than sufficient cause to approve the requested extension of the Exclusive Periods:

(i) **These Chapter 11 Cases Are Large and Complex.** These Chapter 11 Cases involve 19 debtor-affiliate entities. At the outset of these Chapter 11 Cases, the Debtors operated approximately 1,300 stores and employed over 27,000 employees. *See* Ramsden Decl. ¶¶ 5, 17. Moreover, the Debtors have a wide variety of parties in interest, including various vendors, customers, and landlords—many of whom have been active in these Chapter 11 Cases.

(ii) **Additional Time is Necessary.** The Debtors seek to protect their exclusive ability to propose a chapter 11 plan to avoid the costs and distraction associated with addressing any plans filed by third parties and to advance the goal of achieving a speedy and fully consensual conclusion to these Chapter 11 Cases.

(iii) **The Chapter 11 Cases Have Been Pending for Approximately Ten Months.** The requested extension of the Exclusive Periods is the third such request made in these Chapter 11 Cases and comes approximately ten months after the Petition Date. As discussed above, during this time, the Debtors have made significant progress towards determining, in conjunction with the Committee, the most value-maximizing path forward in these Chapter 11 Cases, whether that be through a Plan, dismissal, or

> conversion. An extension of the Exclusive Periods would allow the Debtors to continue to build on the significant progress made thus far and facilitate an efficient wind-down of the Debtors' estates.
>
> (v) **An Extension Will Not Prejudice Creditors.** The Debtors are not seeking an extension of the Exclusive Periods to pressure or otherwise prejudice any of their creditors. Rather, the Debtors the Debtors assert that avoiding the expense of a party proposing a Plan will inure to the benefit of creditors by saving estate resources.
>
> (vi) **The Debtors Have Continued to Pay Post-Closing Operating Expenses.** In accordance with the GBRP APA and the GBRP Sale Order, the Debtors or GBRP (as applicable) have continued to pay all of their undisputed post-January 3, 2025 administrative expenses in the ordinary course of business or as otherwise provided by an order of the Court.

25. Based on the analysis of the relevant factors, the Debtors submit that sufficient cause exists for this Court to authorize an additional extension of (a) the Exclusive Filing Period by 90 days, from July 6, 2025, through and including October 4, 2025, and (b) the Exclusive Solicitation Period by 90 days, from September 7, 2025, through and including December 6, 2025, in each case, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

## RESERVATION OF RIGHTS

26. The Debtors reserve their rights to request an additional extension of the Exclusive Filing Period and the Exclusive Solicitation Period.

## NOTICE

27. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to GBRP; and (d) any other party that has requested notice pursuant to

Local Rule 2002-1(b).

## **CONCLUSION**

28. WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A** and grant such other relief as is just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

Dated: July 2, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Tamara K. Mann (No. 5643)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
tmann@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*