**Exhibit 1**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 2745, 2747, 2749, 2750, 2751, 2752 & 2753** |

**SECOND OMNIBUS ORDER GRANTING INTERIM ALLOWANCE OF
FEES AND EXPENSES FOR CERTAIN PROFESSIONALS**

These matters come to be heard, in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (D.I. 519) (the "Interim Compensation Order"),[2] on the Interim Fee Applications filed by the Professionals identified in **Exhibit A** and **Exhibit B** hereto for the periods set forth on **Exhibit A** and **Exhibit B** and this Court having determined that proper and adequate notice of these matters has been given and that no other or further notice is necessary; and the requested compensation for the services detailed in the applicable Interim Fee Applications being for reasonable and necessary services rendered by the applicable Professionals; the reimbursements for expenses detailed in the Interim Fee Applications representing actual and necessary expenses incurred by the applicable

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Procedures Order.

Professionals in connection with these cases; the legal and factual bases set forth in the Interim Fee Applications having established just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED:

1. Interim compensation and reimbursement of expenses for the Professionals are hereby allowed as set forth in this Order, including **Exhibit A** and **Exhibit B** attached hereto.

2. Unless otherwise ordered by the Court or agreed by the Professional, the entry of this Order is without prejudice to the right of the Professionals at a future hearing to request the allowance and payment of compensation and/or expenses in amounts in excess of those allowed pursuant to the first decretal paragraph of this Order for the periods covered by the Interim Fee Applications.

3. The Debtors are authorized and directed to promptly disburse to each Professional payment in the amount of the difference between (a) 100% of the total fees and expenses allowed herein for such Professional as set forth in Column 9 on **Exhibit A** and **Exhibit B** attached hereto and (b) the actual payment received by such Professional for the period covered herein, subject to final allowance by the Court pursuant to the terms of the Interim Compensation Order.

4. This Order shall be deemed a separate order with respect to each of the Interim Fee Applications. Any stay of this Order pending appeal with respect to any one of the Professionals shall only apply to the particular Professional that is subject to such appeal and shall not operate to stay the applicability and/or finality of this Order with respect to any of the other Professionals.

5. The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

7. This Order shall be effective immediately upon entry.

## **Exhibit A**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **DEBTORS' PROFESSIONALS** | | | | | | | | | | |
| (1) | (2) | (3) | (4)[1] | (5) | (6) | (7) | (8) | (9) | (10) | (11) |
| Applicant | Interim Period | Total Fees Requested for the Interim Period | Amount of Fees Requested in Monthly Applications (80%) | Amount of Holdback Fees Requested (20%) | Total Expenses Requested for the Interim Period (100%) | Total Amount Requested for the Interim Period (Fees and Expenses) | Total Amount Disallowed or Waived for the Interim Period | Total Amount Authorized by this Order for the Interim Period | Total Amount Requested in Case (Fees and Expenses) thru the Interim Periods | Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
| Morris, Nichols, Arsht & Tunnell LLP | 1/1/25-3/31/25 | $1,011,145.50 | $808,916.40 | $202,229.10 | $30,284.01 | $1,041,429.51 | $1,526.50[2] | $1,039,903.01 | $3,114,815.97 | $3,108,566.47 |
| PwC US Tax LLP | 1/1/25-3/31/25 | $403,123.20 | $322,498.56 | $80,624.64 | $0.00 | $403,123.20 | $0.00 | $403,123.20 | $1,052,489.90 | $1,052,489.90 |
| AlixPartners, LLP | 1/1/25-3/31/25 | $3,426,646.50 | $2,741,317.20 | $685,329.30 | $33,735.44 | $3,460,381.94 | $1,273.50[3] | $3,459,108.44 | $8,703,887.52 | $8,691,817.80 |
| Davis Polk & Wardwell LLP | 1/1/25-3/31/25 | $4,599,147.50 | $3,673,275.20 | $890,554.12 | $18,251.59 | $4,617,399.09 | $31,480.00[4] | $4,581,958.70 | $14,830,694.74 | $14,783,418.04 |
| **SUB TOTALS** | | **$9,440,062.70** | **$7,546,007.16** | **$1,858,737.16** | **$82,271.04** | **$9,522,333.74** | **$34,280.00** | **$9,484,093.35** | **$27,701,888.13** | **$27,636,292.21** |

---

[1] Please note that the amounts listed in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications, and are not intended to and should not be construed as a finding by the Court or admission by the Applicant that such amounts were actually paid by the Debtors.

[2] This reflects a voluntary reduction of $1,526.50 agreed to with the Court.

[3] This reflects a voluntary reduction of $1,273.50 agreed to with the Court.

[4] This reflects a voluntary reduction of $31,480.00 agreed to with the Court.

**Exhibit B**

| OFFICIAL COMMITTEE OF UNSECURED CREDITORS' PROFESSIONALS | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| (1) | (2) | (3) | (4)[1] | (5) | (6) | (7) | (8) | (9) | (10) | (11) |
| Applicant | Interim Period | Total Fees Requested for the Interim Period | Amount of Fees Requested in Monthly Applications (80%) | Amount of Holdback Fees Requested (20%) | Total Expenses Requested for the Interim Period (100%) | Total Amount Requested for the Interim Period (Fees and Expenses) | Total Amount Disallowed or Waived for the Interim Period | Total Amount Authorized for the Interim Period (or Final Period as applicable) | Total Amount Requested in Case (Fees and Expenses) thru the Interim Periods (or Final Period as applicable) | Total Amount Authorized Per Court Order to Date (Fees and Expenses) |
| Cole Schotz P.C. | 1/1/25-3/31/25 | $263,888.00 | $211,110.40 | $52,777.60 | $4,167.58 | $268,055.58 | $3,965.50[2] | $264,090.08 | $2,017,302.06 | $2,012,615.06 |
| McDermott Will & Emery LLP | 1/1/25-3/31/25 | $859,500.50 | $687,600.40 | $171,900.10 | $3,962.92 | $863,463.42 | $76.21[3] | $863,387.21 | $4,921,776.59 | $4,919,696.13 |
| FTI Consulting, Inc. | 1/1/25-3/31/25 | $272,482.50 | $217,986.00 | $54,496.50 | $0.00 | $272,482.50 | $0.00 | $272,482.50 | $2,237,735.22 | $2,237,735.22 |
| SUB TOTALS | | $1,395,871.00 | $1,116,696.80 | $279,174.20 | $8,130.50 | $1,404,001.50 | $4,041.71 | $1,399,959.79 | $9,176,813.87 | $9,170,046.41 |
| GRAND TOTAL | | $10,835,933.70 | $8,662,704.16 | $2,137,911.36 | $90,401.54 | $10,926,335.24 | $38,321.71 | $10,884,053.14 | $36,878,702.00 | $36,806,338.62 |

---

[1] Please note that the amounts listed in Columns (4) and (6) are amounts of fees and expenses for which payment was requested in monthly applications, and are not intended to and should not be construed as a finding by the Court or admission by the Applicant that such amounts were actually paid by the Debtors.

[2] This reflects a voluntary reduction of $3,965.50 agreed to with the Court.

[3] This reflects a voluntary reduction of $76.21 agreed to with the Court.