**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.,*<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 24-11967 (JKS)<br>) (Jointly Administered)<br>)<br>) Hearing Date: August 13, 2025 at 10:00 a.m. (ET)<br>) Objection Deadline: August 1, 2025 at 4:00 p.m. (ET)<br>) |

**<u>MOTION OF BENELLA DUGAN FOR RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE</u>**

Benella Dugan (the "Movant"), by and through her undersigned counsel, hereby moves this Honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of (i) pursuing her claims against the above-captioned debtors and debtors-in-possession, and (ii) to proceed to collect any award against any available insurance proceeds under any applicable policy. In support of this Motion, the Movant respectfully shows the Court as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. DublinGranville Road, Columbus, OH 43081.

3.  The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

4.  Pursuant to Del. Bankr. L.R. 9013-1(f), Movant does consent to the entry of final orders or judgments by the Court with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Movant does not, however, consent to the adjudication of her claim by this Court nor does she concede that jurisdiction is proper as to such adjudication under 28 U.S.C. § 1334 or otherwise.

## FACTS

### I. Chapter 11 Background

5.  On September 9, 2024 (the "Petition Date"), Big Lots and several affiliated debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. These cases have been consolidated for procedural purposes and are jointly administered under Case No. 24-11967-JKS.

6.  No trustee or examiner has been appointed in these Chapter 11 Cases.

### II. Movant's Claims

7.  On June 22, 2023, Movant was a customer at a Store operated by debtor Big Lots Stores, Inc. (the "Debtor") located at 2311 S. U.S. Hwy. 1, Fort Pierce, FL 34982 (the "property". While at the Property, Movant attempted to sit on a chair that was designed, owned, distributed, supplied, and/or maintained by Debtor. The chair was being offered for sale by Debtor. Movant attempted to use that chair in the manner for which the chair was intended (i.e., to sit in) when that chair collapsed and/or was otherwise defective, causing Movant to sustain serious injuries.

8. As a result of Movant's injuries, Movant filed a complaint in the Circuit Court of the 19th Judicial Circuit, in and for St. Lucie County, Florida (the "State Court Action") asserting claims for strict liability and negligence against the Debtor (the "Claims"). The State Court Action has been assigned case no. 2024CA001183. A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

9. The prosecution of the State Court Action has been stayed with respect to the Debtors as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

10. Upon information and belief, Debtors are covered by two insurance policies which are applicable to the Movant's claims through (i) Starr Indemnity & Liability Company, Policy Number 1000100047231 and (ii) ACE Property & Casualty Insurance Co., Policy Number XEUG28123905008, attached hereto as **Exhibit B**. For the avoidance of doubt, Movant will only seek to recover from any amounts obtained, whether through settlement or judgment, above any self-insured retention and will not seek to recover any other amounts from Debtor's estate.

**RELIEF REQUESTED**

11. Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting so that she may prosecute the State Court Action against the Debtor to judgment and satisfy any award or other resolution they may obtain against the Debtor from the proceeds of any applicable insurance policies.

**BASIS FOR RELIEF REQUESTED**

12. Movant is entitled to relief from the automatic stay and/or discharge injunction pursuant to 11 U.S.C. § 362(d)(1).

13. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interesting property for such party interest

11 U.S.C. § 362(d)(1).

14. Because the automatic stay is not meant to be indefinite or absolute, the Court has the authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facia* showing by a movant, the debtor has the burden of proving that a Movant is not entitled to relief from the stay. *Id*. at 577; 11 U.S.C. § 362(g).

15. The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *Rexene Prods.*, 141 B.R. at 576 (internal citations and quotations omitted). "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

16. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtor's equity in property. *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g). If a creditor seeking relief from the automatic stay makes a

prima facie case of "cause" for listing the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In Re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

17. Courts often follow the logic of the intent behind § 362(d) which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

18. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

> (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and
>
> (3) the creditor's probability of success on the merits.

*See In re Tribune Co.*, 418 B.R. at 126.

19. Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because the Movant's claims must eventually be liquidated before Movant can recover from the bankruptcy estate. On the other hand, the prejudice to Movant in forcing her to pursue claims in Delaware, or not pursing these claims at all until possibly after this bankruptcy case is fully administered, is manifest. The Movant is a resident of Florida and the events which form the basis of

Movant's claims occurred exclusively in Florida.  Most, if not all, witnesses and parties are located in Florida.  If the Movant is forced to litigate her claims in Delaware, she would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware.  "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources."  *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990).  Here judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

20. By contrast, adjudication of Movant's claims in a commercial bankruptcy such as this would have no discernable effect on the administration of the Debtors' cases. The Debtors will not suffer any hardship if the Movant's claims are allowed to proceed. Movant's claims are garden variety personal injury and wrongful death claims which do not present any factual or legal issues which will impact or distract the Debtors from their reorganization process.

21. As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.*, 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) vacated, 298 B.R. 49 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration[ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from the stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

22. In this case, Movant was seriously injured as a result of the negligence of the Debtor. This is, in whole or in part, a personal injury action and no detailed showing is required to obtain stay relief in such cases. There is little doubt that Movant's injuries were the result of Debtor's negligence.

23. Moreover, to the extent Movant's claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. U.S.C. § 157(b)(5) ("personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose . . . .").

24. Furthermore, to the extent that the Debtor's liability to the Movant is covered by insurance policies, any recovery by Movant will not affect the Debtor's estates. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

25. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Movant's favor. No defenses, much less strong defenses, appear to exist here.

"Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

26. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute the Claims against the Debtor to judgment and satisfy any award or other resolution they may obtain against the Debtor from the proceeds of any applicable insurance policies.

## CONCLUSION

WHEREFORE, Benella Dugan respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit C**, and for such further additional relief as may be just and proper under the circumstances.

Date: July 18, 2025
Wilmington, Delaware

Respectfully submitted,

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
mbusenkell@gsbblaw.com

*Attorneys for Benella Dugan*