# EXHIBIT A

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT, IN AND
FOR ST. LUCIE COUNTY, FLORIDA

**BENELLA DUGAN,** an individual,

      Plaintiff,               **CASE NO.:** 2024CA001183

vs.

**BIG LOTS STORES, LLC d/b/a BIG
LOTS,** a Foreign Limited Liability
Company, **BIG LOTS MANAGEMENT,
LLC,** a Foreign Limited Liability Company,
**BIG LOTS STORES - PNS, LLC,** a Foreign
Limited Liability Company, and **BIG LOTS
STORES, INC.,** a Foreign Limited Liability
Company,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      COMES NOW Plaintiff, BENELLA DUGAN ("Plaintiff"), by and through the

undersigned counsel, hereby files suit against Defendants – BIG LOTS STORES,

LLC d/b/a BIG LOTS, a Foreign Limited Liability Company, BIG LOTS

MANAGEMENT, LLC, a Foreign Limited Liability Company, BIG LOTS STORES -

PNS, LLC, a Foreign Limited Liability Company, and BIG LOTS STORES, INC., a

Foreign Limited Liability Company – (collectively hereinafter Defendants), and

states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    This is an action for damages which exceed the sum of Fifty Thousand

      ($50,000.00) Dollars.

2.      At all times material hereto Plaintiff was a Florida resident; Plaintiff resided in Fort Pierce, Florida, within St. Lucie County, Florida.

3.      At all times material hereto, Defendant **BIG LOTS STORES, LLC** d/b/a BIG LOTS, was a Foreign Limited Liability Company, authorized to do business, and doing substantial business, within the State of Florida, including St. Lucie County, Florida.

   a.      At all times material hereto, Defendant BIG LOTS STORES, LLC d/b/a BIG LOTS operated a store located at 2311 S. U.S. Hwy. 1, Fort Pierce, FL 34982.

   b.      At all times material hereto, Defendant BIG LOTS STORES, LLC was the owner of the fictitious name BIG LOTS.

   c.      At all times material hereto, Defendant BIG LOTS STORES, LLC was doing business as BIG LOTS.

4.      At all times material hereto, Defendant **BIG LOTS MANAGEMENT, LLC,** was a Foreign Limited Liability Company, authorized to do business, and doing substantial business, within the State of Florida, including St. Lucie County, Florida.

5.      At all times material hereto, Defendant **BIG LOTS STORES - PNS, LLC,** was a Foreign Limited Liability Company, authorized to do business, and doing substantial business, within the State of Florida, including St. Lucie County, Florida.

6.    At all times material hereto, Defendant **BIG LOTS STORES, INC.**, was a Foreign Limited Liability Company, doing substantial business within the State of Florida, including St. Lucie County, Florida.

7.    Per Sunbiz.org, each of the Defendants have their last known principal address as: 4900 E. DUBLIN GRANVILLE RD., COLUMBUS, OH 43081.

8.    At all times material hereto, **Defendants** either owned and/or controlled a store and property located at 2311 S. U.S. Hwy. 1, Fort Pierce, FL 34982, herein the **"subject premises."**

9.    On or about June 22, 2023, Plaintiff was a business invitee of the subject premises.

   a.    On the aforementioned date, Plaintiff attempted to sit on a chair that was designed, owned, distributed, supplied, and/or maintained by Defendants (hereinafter this chair is simply referred to as "chair").

   b.    That chair was inside the store of the subject premises.

   c.    That chair was being offered for sale by Defendants.

   d.    Plaintiff attempted to use that chair in the manner for which the chair was intended (i.e., to sit in) when that chair collapsed and/or was otherwise defective, causing Plaintiff to sustain serious injuries ("subject incident").

10.    At all times material hereto, the chair was expected to and did reach the Plaintiff without a substantial change affecting that condition.

11.    Given that the chair collapsed upon Plaintiff sitting on it, that chair was not suitable for its intended purpose.

12. At all times material hereto, Plaintiff acted in a reasonable and prudent manner.

13. The acts complained of, and giving rise to this action, occurred in St. Lucie County, Florida, therefore, venue is proper in this Honorable Court pursuant to Florida Statute § 47.011.

14. All conditions precedent to this action have either been satisfied, waived, and/or otherwise excused.

**COUNT 1**
**STRICT LIABILITY – DESIGN DEFECT**
**(BIG LOTS STORES, LLC d/b/a BIG LOTS)**

15. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

16. Within this Count, Defendant **BIG LOTS STORES, LLC** is referred to simply as "Defendant."

17. At the time Defendant placed the chair into the stream of commerce, the chair contained design defect(s) which rendered the chair unreasonably dangerous to persons, including Plaintiff, and other intended and foreseeable users.

18. The design defect(s) of the chair were unreasonable and dangerously defective beyond the extent contemplated by ordinary persons with ordinary knowledge regarding these products, including Plaintiff.

19. At all times material hereto, the chair failed to perform as safely and an ordinary consumer, such as Plaintiff, would expect when used as intended.

20.   At all times material hereto, the chair was used and consumed in a manner foreseeable by Defendant.

21.   As a result of the design defect(s) of the chair, the chair failed to perform as safely as an ordinary consumer, including Plaintiff, would expect when utilizing the chair in an intended and/or reasonably foreseeable manner.

22.   The design defects of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

   **WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 2
### STRICT LIABILITY – MANUFACTURING DEFECT
### (BIG LOTS STORES, LLC)

23.   Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

24.   Within this Count, Defendant **BIG LOTS STORES, LLC** is referred to simply as "Defendant."

25.   At the time the chair was manufactured and placed into the stream of commerce, the chair contained manufacturing defects.

26.   At the time Defendant placed the chair into the stream of commerce, the chair contained manufacturing defects.

   a.   At all times material hereto, the chair was expected to and did reach the Plaintiff without a substantial change affecting that condition.

27.   At all times material hereto, because of said manufacturing defects, the chair was unreasonably dangerous because of a manufacturing defects making it different from its intended design.

28.   The defect(s) of the chair rendered the chair unreasonably dangerous to persons such as the Plaintiff, who was an intended and/or foreseeable user.

29.   As a result of the manufacturing defect(s), the chair failed to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

30.   The chair's manufacturing defect(s) were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

31.   The manufacturing defect(s) of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future

pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 3**
**STRICT LIABILITY – DEFECTIVE WARNING/ FAILURE TO WARN**
**(BIG LOTS STORES, LLC)**

32.   Plaintiff adopts and realleges paragraphs 1 through 13 as if fully set forth herein and further alleges:

33.   Within this Count, Defendant **BIG LOTS STORES, LLC** is referred to simply as "Defendant."

34.   At all times material hereto, the chair was manufactured, designed, sold, supplied, and/or distributed by Defendant.

35.   At the time the chair was manufactured, designed, sold, supplied, and/or distributed and placed into the stream of commerce by Defendant, the chair lacked and/or contained defective warnings and instructions which

rendered the chair unreasonably dangerous to persons, such as Plaintiff, who was an intended or foreseeable user.

a.  When Defendant placed the chair into the stream of commerce, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who were intended or foreseeable users.

36.  At all times material hereto, the chair lacked adequate warning and instructions regarding the use of the chair, which made the chair unreasonably dangerous.

37.  The lack of, and/or defectiveness of, warnings and instructions resulted in the chair failing to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

38.  The lack of, and/or defectiveness of, warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

39.  The lack of and/or defective warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish;

past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 4
### NEGLIGENCE – DESIGN/MANUFACTURING DEFECT
### (BIG LOTS STORES, LLC)

40.  Plaintiff adopts and realleges paragraphs 1 through 13 as if fully set forth herein and further alleges:

41.  Within this Count, Defendant **BIG LOTS STORES, LLC** is referred to simply as "Defendant."

42.  At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

43.  At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the chair into the stream

of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

44.    At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use as a safe consumer product that it would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

45.    At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous or untoward adverse side effects.

46.    At all times material hereto, Defendant failed to act as a reasonably careful designer, manufacturer, distributor, supplier, and/or seller would in like circumstances in the design, manufacture, and/or sale of the chair.

47.    At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, and/or supplying the chair in such a negligent manner in that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would

expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

48.   Defendant's failure to act as a reasonably careful designer and/or manufacturer, seller, and/or supplier in like circumstances resulted in the chair collapsing and failing to perform as intended.

49.   At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, promoting, selling, and/or supplying the chair in such a negligent manner that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

50.   The negligent manner in which the chair was designed, manufactured, distributed, promoted, and/or sold was the direct and proximate cause of the defective chair causing injuries to Plaintiff.

51.   Defendant's negligence, including the negligent design and/or manufacture of the chair, was the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future

inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 5**
**NEGLIGENCE**
**(BIG LOTS STORES, LLC)**

52.   Plaintiff adopts and realleges paragraphs 1 through 13 as if fully set forth herein and further alleges:

53.   Within this Count, Defendant **BIG LOTS STORES, LLC** is referred to simply as "Defendant."

54.   At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

   a.   At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the

chair into the stream of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

55. At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use and would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

56. At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's preparation, design, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous, or untoward adverse side effects.

57. At the aforementioned time and place, Defendant, by and through its employees, against and/apparent agents, owed a duty of care to the Plaintiff and other business invitees, to reasonably inspect, operate and maintain the subject premises, including the chair that was on the subject premises, in a reasonable, safe condition such that the Plaintiff, and other invitees, might be able to sit on that chair without unreasonable risk of danger or harm.

58.   At all times relevant hereto, Defendant had a duty to warn all users, including Plaintiff, of the risks, dangers, and adverse side effects of the chair.

59.   At all times relevant hereto, Defendant knew or reasonably should have known that the chair was unreasonably dangerous and defective when used as directed and as designed, including but not limited to the following particulars;

   a.   By failing to conduct inspection of the chair prior to placing same on the subject premises for sale;

   b.   By failing to instruct or warn Plaintiff that the chair was not suitable for its intended use;

   c.   Additional conduct or inaction to be discovered through discovery, at trial, and/or otherwise.

60.   At the aforementioned time and place, Defendant by and through its employees, agents and/or apparent agents breached the aforementioned duty(ies) of care by allowing a dangerous and/or hazardous condition(s) to exist on the subject premises, specifically the defective chair, for a sufficient length of time, or, in the alternative, Defendant created that dangerous and/or hazardous condition(s);

61.   In addition, and/or in the alternative, and without limitation, Defendant was negligent in one or more of the following respects:

   a.   Negligently constructing the chair;

b.   Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition;

c.   Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition without providing any warnings to Plaintiff as to the dangerousness and/or defectiveness of that chair;

d.   Failure to warn the Plaintiff of the existence or presence of dangerous and/or hazardous conditions of the chair;

e.   Failure to warn the Plaintiff of an existence or presence of dangerous and/or hazardous conditions of the chair which the defendant knew or should have known of;

f.   Negligently permitting a dangerous and/or hazardous condition to exist on the premises where Defendant, knew or should have known that injury was likely to occur;

g.   Failing to repair and/or improve the dangerous condition and/or hazardous condition that existed on its premises in the area where Defendant knew or should have known that invitees, including Plaintiff, were likely to be injured by the use of the chair;

h.   Failing to repair the dangerous condition and/or hazardous condition;

i.   Failing to inspect the chair to ensure its condition was not dangerous and/or in a hazardous condition;

j.   Failing to warn Plaintiff and other members of the public of the dangerousness and/or defectiveness of the chair;

k.   Failing to take reasonable steps to remedy the dangerousness and/or defectiveness of the chair;

l.   Failing to take reasonable steps to guard Plaintiff from the dangerousness and/or defectiveness of the chair;

m.   Failing to take reasonable steps to identify the existence of the dangerousness and/or defectiveness of the chair;

n.   Failing to use due care when inspecting the chair;

o.   Failing to maintain the premises in a reasonably safe condition;

> p.   Failing to exercise reasonable care under all of the relevant surrounding circumstances;
>
> q.   Failing to adopt, implement and maintain proper safety procedures and/or maintenance procedures;
>
> r.   Allowing the chair to remain on the subject premises in an unreasonable and dangerous condition for such a period of time that Defendant knew or should have known that the chair was a dangerous or defective hazard.
>
> s.   Failing to properly maintain, inspect, monitor and/or observe the subject premises, including the chair;
>
> t.   Failing to identify the dangerousness and/or defectiveness of the chair, which was not observable to Plaintiff, but was and/or should have been observable to the Defendant had Defendant exercised due care;
>
> u.   Negligently training, teaching and/or instructing Defendant's employees, agents and/or apparent agents to use due care in the inspection of the chair and/or in the placement for sale of the chair;
>
> v.   Additional conduct to be determined through discovery, trial, or otherwise.

62.   As a direct and proximate result of the aforementioned negligence, Plaintiff was caused to be injured when the chair collapsed while on the subject premises.

63.   The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

64.   Had Defendant performed its duties in a reasonable manner, Plaintiff would not have been injured.

65.   As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered serious as well as permanent injuries, as well as corresponding

pain and suffering. Plaintiff will also continue to require future medical care, including without limitation physical therapy, pain management, and other medical treatments.  Plaintiff has also suffered mental distress and anguish.

66.   As a direct and proximate result of Defendant's negligence, Plaintiff was injured, suffered aggravation of a pre-existing condition, pain and suffering (past, present, and future), disability(past, present, and future), disfigurement(past, present, and future), impairment of working ability(past, present, and future), mental anguish(past, present, and future), loss of enjoyment of life (past, present, and future), and Plaintiff has incurred medical expenses in the care and treatment of said injuries; all of said injuries and damages are permanent within a reasonable degree of medical probability and her damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 6**
**STRICT LIABILITY – DESIGN DEFECT**
**BIG LOTS MANAGEMENT, LLC**

67.   Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

68.   Within this Count, Defendant **BIG LOTS MANAGEMENT, LLC** is referred to simply as "Defendant."

69.   At the time Defendant placed the chair into the stream of commerce, the chair contained design defect(s) which rendered the chair unreasonably dangerous to persons, including Plaintiff, and other intended and foreseeable users.

70.   The design defect(s) of the chair were unreasonable and dangerously defective beyond the extent contemplated by ordinary persons with ordinary knowledge regarding these products, including Plaintiff.

71.   At all times material hereto, the chair failed to perform as safely and an ordinary consumer, such as Plaintiff, would expect when used as intended.

72.   At all times material hereto, the chair was used and consumed in a manner foreseeable by Defendant.

73.   As a result of the design defect(s) of the chair, the chair failed to perform as safely as an ordinary consumer, including Plaintiff, would expect when utilizing the chair in an intended and/or reasonably foreseeable manner.

74.   The design defects of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future

loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS MANAGEMENT, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 7
### STRICT LIABILITY – MANUFACTURING DEFECT
### (BIG LOTS MANAGEMENT, LLC)

75.   Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

76.   Within this Count, Defendant **BIG LOTS MANAGEMENT, LLC** is referred to simply as "Defendant."

77.   At the time the chair was manufactured and placed into the stream of commerce, the chair contained manufacturing defects.

78.   At the time Defendant placed the chair into the stream of commerce, the chair contained manufacturing defects.

   a.   At all times material hereto, the chair was expected to and did reach the Plaintiff without a substantial change affecting that condition.

79.   At all times material hereto, because of said manufacturing defects, the chair was unreasonably dangerous because of a manufacturing defects making it different from its intended design.

80.   The defect(s) of the chair rendered the chair unreasonably dangerous to persons such as the Plaintiff, who was an intended and/or foreseeable user.

81.  As a result of the manufacturing defect(s), the chair failed to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

82.  The chair's manufacturing defect(s) were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

83.  The manufacturing defect(s) of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS MANAGEMENT, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 8**
**STRICT LIABILITY – DEFECTIVE WARNING/ FAILURE TO WARN**
**(BIG LOTS MANAGEMENT, LLC)**

84.   Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

85.   Within this Count, Defendant **BIG LOTS MANAGEMENT, LLC** is referred to simply as "Defendant."

86.   At all times material hereto, the chair was manufactured, designed, sold, supplied, and/or distributed by Defendant.

87.   At the time the chair was manufactured, designed, sold, supplied, and/or distributed and placed into the stream of commerce by Defendant, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who was an intended or foreseeable user.

   a.   When Defendant placed the chair into the stream of commerce, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who were intended or foreseeable users.

88.   At all times material hereto, the chair lacked adequate warning and instructions regarding the use of the chair, which made the chair unreasonably dangerous.

89.   The lack of, and/or defectiveness of, warnings and instructions resulted in the chair failing to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

90.   The lack of, and/or defectiveness of, warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

91.   The lack of and/or defective warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS MANAGEMENT, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

## COUNT 9
## NEGLIGENCE – DESIGN/MANUFACTURING DEFECT
## (BIG LOTS MANAGEMENT, LLC)

92.   Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

93.   Within this Count, Defendant **BIG LOTS MANAGEMENT, LLC** is referred to simply as "Defendant."

94.   At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

95.   At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the chair into the stream of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

96.   At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use as a safe consumer product that it would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

97.   At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant

introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous or untoward adverse side effects.

98.   At all times material hereto, Defendant failed to act as a reasonably careful designer, manufacturer, distributor, supplier, and/or seller would in like circumstances in the design, manufacture, and/or sale of the chair.

99.   At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, and/or supplying the chair in such a negligent manner in that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

100.  Defendant's failure to act as a reasonably careful designer and/or manufacturer, seller, and/or supplier in like circumstances resulted in the chair collapsing and failing to perform as intended.

101.  At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, promoting, selling, and/or supplying the chair in such a negligent manner that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

102.    The negligent manner in which the chair was designed, manufactured, distributed, promoted, and/or sold was the direct and proximate cause of the defective chair causing injuries to Plaintiff.

103.    Defendant's negligence, including the negligent design and/or manufacture of the chair, was the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS MANAGEMENT, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 10**
**NEGLIGENCE**
**(BIG LOTS MANAGEMENT, LLC)**

104.    Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

105. Within this Count, Defendant **BIG LOTS MANAGEMENT, LLC** is referred to simply as "Defendant."

106. At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

   a.   At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the chair into the stream of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

107. At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use and would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

108. At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's

preparation, design, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous, or untoward adverse side effects.

109. At the aforementioned time and place, Defendant, by and through its employees, against and/apparent agents, owed a duty of care to the Plaintiff and other business invitees, to reasonably inspect, operate and maintain the subject premises, including the chair that was on the subject premises, in a reasonable, safe condition such that the Plaintiff, and other invitees, might be able to sit on that chair without unreasonable risk of danger or harm.

110. At all times relevant hereto, Defendant had a duty to warn all users, including Plaintiff, of the risks, dangers, and adverse side effects of the chair.

111. At all times relevant hereto, Defendant knew or reasonably should have known that the chair was unreasonably dangerous and defective when used as directed and as designed, including but not limited to the following particulars;

    a.    By failing to conduct inspection of the chair prior to placing same on the subject premises for sale;

    b.    By failing to instruct or warn Plaintiff that the chair was not suitable for its intended use;

c.    Additional conduct or inaction to be discovered through discovery, at trial, and/or otherwise.

112.   At the aforementioned time and place, Defendant by and through its employees, agents and/or apparent agents breached the aforementioned duty(ies) of care by allowing a dangerous and/or hazardous condition(s) to exist on the subject premises, specifically the defective chair, for a sufficient length of time, or, in the alternative, Defendant created that dangerous and/or hazardous condition(s);

113.   In addition, and/or in the alternative, and without limitation, Defendant was negligent in one or more of the following respects:

a.    Negligently constructing the chair;

b.    Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition;

c.    Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition without providing any warnings to Plaintiff as to the dangerousness and/or defectiveness of that chair;

d.    Failure to warn the Plaintiff of the existence or presence of dangerous and/or hazardous conditions of the chair;

e.    Failure to warn the Plaintiff of an existence or presence of dangerous and/or hazardous conditions of the chair which the defendant knew or should have known of;

f.    Negligently permitting a dangerous and/or hazardous condition to exist on the premises where Defendant, knew or should have known that injury was likely to occur;

g.    Failing to repair and/or improve the dangerous condition and/or hazardous condition that existed on its premises in the area where Defendant knew or should have known that invitees, including Plaintiff, were likely to be injured by the use of the chair;

h.    Failing to repair the dangerous condition and/or hazardous condition;

i.    Failing to inspect the chair to ensure its condition was not dangerous and/or in a hazardous condition;

j.    Failing to warn Plaintiff and other members of the public of the dangerousness and/or defectiveness of the chair;

k.    Failing to take reasonable steps to remedy the dangerousness and/or defectiveness of the chair;

l.    Failing to take reasonable steps to guard Plaintiff from the dangerousness and/or defectiveness of the chair;

m.    Failing to take reasonable steps to identify the existence of the dangerousness and/or defectiveness of the chair;

n.    Failing to use due care when inspecting the chair;

o.    Failing to maintain the premises in a reasonably safe condition;

p.    Failing to exercise reasonable care under all of the relevant surrounding circumstances;

q.    Failing to adopt, implement and maintain proper safety procedures and/or maintenance procedures;

r.    Allowing the chair to remain on the subject premises in an unreasonable and dangerous condition for such a period of time that Defendant knew or should have known that the chair was a dangerous or defective hazard.

s.    Failing to properly maintain, inspect, monitor and/or observe the subject premises, including the chair;

t.    Failing to identify the dangerousness and/or defectiveness of the chair, which was not observable to Plaintiff, but was and/or should have been observable to the Defendant had Defendant exercised due care;

u.    Negligently training, teaching and/or instructing Defendant's employees, agents and/or apparent agents to use due care in the inspection of the chair and/or in the placement for sale of the chair;

v.   Additional conduct to be determined through discovery, trial, or otherwise.

114.  As a direct and proximate result of the aforementioned negligence, Plaintiff was caused to be injured when the chair collapsed while on the subject premises.

115.  The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

116.  Had Defendant performed its duties in a reasonable manner, Plaintiff would not have been injured.

117.  As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered serious as well as permanent injuries, as well as corresponding pain and suffering. Plaintiff will also continue to require future medical care, including without limitation physical therapy, pain management, and other medical treatments.  Plaintiff has also suffered mental distress and anguish.

118.  As a direct and proximate result of Defendant's negligence, Plaintiff was injured, suffered aggravation of a pre-existing condition, pain and suffering (past, present, and future), disability(past, present, and future), disfigurement(past, present, and future), impairment of working ability(past, present, and future), mental anguish(past, present, and future), loss of enjoyment of life (past, present, and future), and Plaintiff has incurred medical expenses in the care and treatment of said injuries;

all of said injuries and damages are permanent within a reasonable degree of medical probability and her damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS MANAGEMENT, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 11
### STRICT LIABILITY – DESIGN DEFECT
### (BIG LOTS STORES - PNS, LLC)

119. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

120. Within this Count, Defendant **BIG LOTS STORES - PNS, LLC** is referred to simply as "Defendant."

121. At the time Defendant placed the chair into the stream of commerce, the chair contained design defect(s) which rendered the chair unreasonably dangerous to persons, including Plaintiff, and other intended and foreseeable users.

122. The design defect(s) of the chair were unreasonable and dangerously defective beyond the extent contemplated by ordinary persons with ordinary knowledge regarding these products, including Plaintiff.

123. At all times material hereto, the chair failed to perform as safely and an ordinary consumer, such as Plaintiff, would expect when used as intended.

124. At all times material hereto, the chair was used and consumed in a manner foreseeable by Defendant.

*Dugan v. Big Lots Stores LLC et al.*
Complaint and Demand For Jury Trial

125. As a result of the design defect(s) of the chair, the chair failed to perform as safely as an ordinary consumer, including Plaintiff, would expect when utilizing the chair in an intended and/or reasonably foreseeable manner.

126. The design defects of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES - PNS, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 12**
**STRICT LIABILITY – MANUFACTURING DEFECT**
**(BIG LOTS STORES - PNS, LLC)**

127. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

128. Within this Count, Defendant **BIG LOTS STORES - PNS, LLC** is referred to simply as "Defendant."

*Dugan v. Big Lots Stores LLC et al.*
Complaint and Demand For Jury Trial

129. At the time the chair was manufactured and placed into the stream of commerce, the chair contained manufacturing defects.

130. At the time Defendant placed the chair into the stream of commerce, the chair contained manufacturing defects.

   a. At all times material hereto, the chair was expected to and did reach the Plaintiff without a substantial change affecting that condition.

131. At all times material hereto, because of said manufacturing defects, the chair was unreasonably dangerous because of a manufacturing defects making it different from its intended design.

132. The defect(s) of the chair rendered the chair unreasonably dangerous to persons such as the Plaintiff, who was an intended and/or foreseeable user.

133. As a result of the manufacturing defect(s), the chair failed to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

134. The chair's manufacturing defect(s) were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

135. The manufacturing defect(s) of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and

*Dugan v. Big Lots Stores LLC et al.*
Complaint and Demand For Jury Trial

physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES - PNS, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 13**
**STRICT LIABILITY – DEFECTIVE WARNING/ FAILURE TO WARN**
**(BIG LOTS STORES - PNS, LLC)**

136. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

137. Within this Count, Defendant **BIG LOTS STORES - PNS, LLC** is referred to simply as "Defendant."

138. At all times material hereto, the chair was manufactured, designed, sold, supplied, and/or distributed by Defendant.

139. At the time the chair was manufactured, designed, sold, supplied, and/or distributed and placed into the stream of commerce by Defendant, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who was an intended or foreseeable user.

     a.   When Defendant placed the chair into the stream of commerce, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who were intended or foreseeable users.

140.  At all times material hereto, the chair lacked adequate warning and instructions regarding the use of the chair, which made the chair unreasonably dangerous.

141.  The lack of, and/or defectiveness of, warnings and instructions resulted in the chair failing to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

142.  The lack of, and/or defectiveness of, warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

143.  The lack of and/or defective warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses;

past, present, and future loss of earnings and earning capacity. All of said

injuries and damages will continue in the future

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS

STORES - PNS, LLC for damages, interest, and costs, as well as all other

remedies this Honorable Court deems just and proper.

### COUNT 14
### NEGLIGENCE – DESIGN/MANUFACTURING DEFECT
### (BIG LOTS STORES - PNS, LLC)

144. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth

herein and further alleges:

145. Within this Count, Defendant **BIG LOTS STORES - PNS, LLC** is referred

to simply as "Defendant."

146. At all times material hereto, Defendant owed a duty to Plaintiff, as the

designer, manufacturer, seller, distributor, and/or supplier of the chair to

design, manufacture, sell, distribute, and/or supply and to place the chair

into the stream of commerce in a reasonably careful manner without

defects so that the chair would perform and function as safely as an

ordinary consumer would expect when utilizing the chair in an intended

or reasonably foreseeable manner.

147. At all times material hereto, Defendant owed a duty to Plaintiff, and other

persons similarly situated, to use reasonable care in designing,

manufacturing, distributing, selling, and placing the chair into the stream

of commerce without defects, so that the chair would perform and function

as safely as an ordinary consumer would expect when utilizing the chair

in an intended or reasonably foreseeable manner and for a purpose for which it was made.

148. At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use as a safe consumer product that it would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

149. At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous or untoward adverse side effects.

150. At all times material hereto, Defendant failed to act as a reasonably careful designer, manufacturer, distributor, supplier, and/or seller would in like circumstances in the design, manufacture, and/or sale of the chair.

151. At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, and/or supplying the chair in such a negligent manner in that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

152. Defendant's failure to act as a reasonably careful designer and/or manufacturer, seller, and/or supplier in like circumstances resulted in the chair collapsing and failing to perform as intended.

153. At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, promoting, selling, and/or supplying the chair in such a negligent manner that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

154. The negligent manner in which the chair was designed, manufactured, distributed, promoted, and/or sold was the direct and proximate cause of the defective chair causing injuries to Plaintiff.

155. Defendant's negligence, including the negligent design and/or manufacture of the chair, was the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future

loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES - PNS, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 15
### NEGLIGENCE
### (BIG LOTS STORES - PNS, LLC)

156. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

157. Within this Count, Defendant **BIG LOTS STORES - PNS, LLC** is referred to simply as "Defendant."

158. At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

   a.   At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the chair into the stream of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer

would expect when utilizing the chair in an intended or reasonably

foreseeable manner and for a purpose for which it was made.

159. At all times material hereto, Defendant owed a duty to Plaintiff, and other

users of the chair to make sure that the design of the chair was appropriate

for use and would perform and function as safely as an ordinary consumer

would expect when utilizing the chair in an intended or reasonably

foreseeable manner.

160. At all times relevant hereto, Defendant had a duty to exercise reasonable

care, and to comply with the existing standards of care, in Defendant's

preparation, design, development, manufacture, inspection, labeling,

marketing, promotion, and/or sale of the chair, which Defendant

introduced into the stream of commerce, including a duty to ensure that

users, including Plaintiff, would not suffer from unreasonable, dangerous,

or untoward adverse side effects.

161. At the aforementioned time and place, Defendant, by and through its

employees, against and/apparent agents, owed a duty of care to the

Plaintiff and other business invitees, to reasonably inspect, operate and

maintain the subject premises, including the chair that was on the subject

premises, in a reasonable, safe condition such that the Plaintiff, and other

invitees, might be able to sit on that chair without unreasonable risk of

danger or harm.

162.   At all times relevant hereto, Defendant had a duty to warn all users, including Plaintiff, of the risks, dangers, and adverse side effects of the chair.

163.   At all times relevant hereto, Defendant knew or reasonably should have known that the chair was unreasonably dangerous and defective when used as directed and as designed, including but not limited to the following particulars;

   a.   By failing to conduct inspection of the chair prior to placing same on the subject premises for sale;

   b.   By failing to instruct or warn Plaintiff that the chair was not suitable for its intended use;

   c.   Additional conduct or inaction to be discovered through discovery, at trial, and/or otherwise.

164.   At the aforementioned time and place, Defendant by and through its employees, agents and/or apparent agents breached the aforementioned duty(ies) of care by allowing a dangerous and/or hazardous condition(s) to exist on the subject premises, specifically the defective chair, for a sufficient length of time, or, in the alternative, Defendant created that dangerous and/or hazardous condition(s);

165.   In addition, and/or in the alternative, and without limitation, Defendant was negligent in one or more of the following respects:

   a.   Negligently constructing the chair;

b.   Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition;

c.   Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition without providing any warnings to Plaintiff as to the dangerousness and/or defectiveness of that chair;

d.   Failure to warn the Plaintiff of the existence or presence of dangerous and/or hazardous conditions of the chair;

e.   Failure to warn the Plaintiff of an existence or presence of dangerous and/or hazardous conditions of the chair which the defendant knew or should have known of;

f.   Negligently permitting a dangerous and/or hazardous condition to exist on the premises where Defendant, knew or should have known that injury was likely to occur;

g.   Failing to repair and/or improve the dangerous condition and/or hazardous condition that existed on its premises in the area where Defendant knew or should have known that invitees, including Plaintiff, were likely to be injured by the use of the chair;

h.   Failing to repair the dangerous condition and/or hazardous condition;

i.   Failing to inspect the chair to ensure its condition was not dangerous and/or in a hazardous condition;

j.   Failing to warn Plaintiff and other members of the public of the dangerousness and/or defectiveness of the chair;

k.   Failing to take reasonable steps to remedy the dangerousness and/or defectiveness of the chair;

l.   Failing to take reasonable steps to guard Plaintiff from the dangerousness and/or defectiveness of the chair;

m.   Failing to take reasonable steps to identify the existence of the dangerousness and/or defectiveness of the chair;

n.   Failing to use due care when inspecting the chair;

o.   Failing to maintain the premises in a reasonably safe condition;

p.      Failing to exercise reasonable care under all of the relevant surrounding circumstances;

q.      Failing to adopt, implement and maintain proper safety procedures and/or maintenance procedures;

r.      Allowing the chair to remain on the subject premises in an unreasonable and dangerous condition for such a period of time that Defendant knew or should have known that the chair was a dangerous or defective hazard.

s.      Failing to properly maintain, inspect, monitor and/or observe the subject premises, including the chair;

t.      Failing to identify the dangerousness and/or defectiveness of the chair, which was not observable to Plaintiff, but was and/or should have been observable to the Defendant had Defendant exercised due care;

u.      Negligently training, teaching and/or instructing Defendant's employees, agents and/or apparent agents to use due care in the inspection of the chair and/or in the placement for sale of the chair;

v.      Additional conduct to be determined through discovery, trial, or otherwise.

166.    As a direct and proximate result of the aforementioned negligence, Plaintiff was caused to be injured when the chair collapsed while on the subject premises.

167.    The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

168.    Had Defendant performed its duties in a reasonable manner, Plaintiff would not have been injured.

169.    As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered serious as well as permanent injuries, as well as corresponding

pain and suffering. Plaintiff will also continue to require future medical care, including without limitation physical therapy, pain management, and other medical treatments.  Plaintiff has also suffered mental distress and anguish.

170.   As a direct and proximate result of Defendant's negligence, Plaintiff was injured, suffered aggravation of a pre-existing condition, pain and suffering (past, present, and future), disability(past, present, and future), disfigurement(past, present, and future), impairment of working ability(past, present, and future), mental anguish(past, present, and future), loss of enjoyment of life (past, present, and future), and Plaintiff has incurred medical expenses in the care and treatment of said injuries; all of said injuries and damages are permanent within a reasonable degree of medical probability and her damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES - PNS, LLC for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 16
### STRICT LIABILITY – DESIGN DEFECT
### (BIG LOTS STORES, INC.)

171.   Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

172.   Within this Count, Defendant **BIG LOTS STORES, INC.**is referred to simply as "Defendant."

173. At the time Defendant placed the chair into the stream of commerce, the chair contained design defect(s) which rendered the chair unreasonably dangerous to persons, including Plaintiff, and other intended and foreseeable users.

174. The design defect(s) of the chair were unreasonable and dangerously defective beyond the extent contemplated by ordinary persons with ordinary knowledge regarding these products, including Plaintiff.

175. At all times material hereto, the chair failed to perform as safely and an ordinary consumer, such as Plaintiff, would expect when used as intended.

176. At all times material hereto, the chair was used and consumed in a manner foreseeable by Defendant.

177. As a result of the design defect(s) of the chair, the chair failed to perform as safely as an ordinary consumer, including Plaintiff, would expect when utilizing the chair in an intended and/or reasonably foreseeable manner.

178. The design defects of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future

loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, INC. for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 17
### STRICT LIABILITY – MANUFACTURING DEFECT
### (BIG LOTS STORES, INC.)

179. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

180. Within this Count, Defendant **BIG LOTS STORES, INC.**is referred to simply as "Defendant."

181. At the time the chair was manufactured and placed into the stream of commerce, the chair contained manufacturing defects.

182. At the time Defendant placed the chair into the stream of commerce, the chair contained manufacturing defects.

     a.    At all times material hereto, the chair was expected to and did reach the Plaintiff without a substantial change affecting that condition.

183. At all times material hereto, because of said manufacturing defects, the chair was unreasonably dangerous because of a manufacturing defects making it different from its intended design.

184. The defect(s) of the chair rendered the chair unreasonably dangerous to persons such as the Plaintiff, who was an intended and/or foreseeable user.

*Dugan v. Big Lots Stores LLC et al.*
Complaint and Demand For Jury Trial

185.  As a result of the manufacturing defect(s), the chair failed to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

186.  The chair's manufacturing defect(s) were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

187.  The manufacturing defect(s) of the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, INC. for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

## COUNT 18
## STRICT LIABILITY – DEFECTIVE WARNING/ FAILURE TO WARN
## (BIG LOTS STORES, INC.)

188. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

189. Within this Count, Defendant **BIG LOTS STORES, INC.** is referred to simply as "Defendant."

190. At all times material hereto, the chair was manufactured, designed, sold, supplied, and/or distributed by Defendant.

191. At the time the chair was manufactured, designed, sold, supplied, and/or distributed and placed into the stream of commerce by Defendant, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who was an intended or foreseeable user.

   a. When Defendant placed the chair into the stream of commerce, the chair lacked and/or contained defective warnings and instructions which rendered the chair unreasonably dangerous to persons, such as Plaintiff, who were intended or foreseeable users.

192. At all times material hereto, the chair lacked adequate warning and instructions regarding the use of the chair, which made the chair unreasonably dangerous.

193. The lack of, and/or defectiveness of, warnings and instructions resulted in the chair failing to perform as intended and as safely as an ordinary consumer (including Plaintiff) would expect when utilizing the chair in an intended or reasonably foreseeable manner.

194. The lack of, and/or defectiveness of, warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's injuries and damages.

195. The lack of and/or defective warnings and instructions on or with the chair were the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, INC. for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

**COUNT 19**
**NEGLIGENCE – DESIGN/MANUFACTURING DEFECT**
**(BIG LOTS STORES, INC.)**

196. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

197. Within this Count, Defendant **BIG LOTS STORES, INC.** is referred to simply as "Defendant."

198.  At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

199.  At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the chair into the stream of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

200.  At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use as a safe consumer product that it would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

201.  At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant

introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous or untoward adverse side effects.

202. At all times material hereto, Defendant failed to act as a reasonably careful designer, manufacturer, distributor, supplier, and/or seller would in like circumstances in the design, manufacture, and/or sale of the chair.

203. At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, and/or supplying the chair in such a negligent manner in that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

204. Defendant's failure to act as a reasonably careful designer and/or manufacturer, seller, and/or supplier in like circumstances resulted in the chair collapsing and failing to perform as intended.

205. At all times material hereto, Defendant breached such duties by designing, manufacturing, distributing, promoting, selling, and/or supplying the chair in such a negligent manner that the chair was defective, unreasonably dangerous, and did not perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

206. The negligent manner in which the chair was designed, manufactured, distributed, promoted, and/or sold was the direct and proximate cause of the defective chair causing injuries to Plaintiff.

207. Defendant's negligence, including the negligent design and/or manufacture of the chair, was the direct and proximate cause of the subject incident and Plaintiff's resulting injuries and damages, including: permanent bodily injury and past, present, and future pain and suffering; past, present, and future aggravation of pre-existing conditions and physical defects; past, present, and future disability and physical impairment; past present, and future scarring and disfigurement; past, present, and future mental anguish; past, present, and future inconvenience; past, present, and future loss of capacity for enjoyment of life; past, present, and future medical expenses; past, present, and future loss of earnings and earning capacity. All of said injuries and damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS STORES, INC. for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper.

### COUNT 20
### NEGLIGENCE
### (BIG LOTS STORES, INC.)

208. Plaintiff adopts and realleges paragraphs 1 through 14 as if fully set forth herein and further alleges:

209. Within this Count, Defendant **BIG LOTS STORES, INC.** is referred to simply as "Defendant."

210. At all times material hereto, Defendant owed a duty to Plaintiff, as the designer, manufacturer, seller, distributor, and/or supplier of the chair to design, manufacture, sell, distribute, and/or supply and to place the chair into the stream of commerce in a reasonably careful manner without defects so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

   a.  At all times material hereto, Defendant owed a duty to Plaintiff, and other persons similarly situated, to use reasonable care in designing, manufacturing, distributing, selling, and placing the chair into the stream of commerce without defects, so that the chair would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner and for a purpose for which it was made.

211. At all times material hereto, Defendant owed a duty to Plaintiff, and other users of the chair to make sure that the design of the chair was appropriate for use and would perform and function as safely as an ordinary consumer would expect when utilizing the chair in an intended or reasonably foreseeable manner.

212. At all times relevant hereto, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in Defendant's

preparation, design, development, manufacture, inspection, labeling, marketing, promotion, and/or sale of the chair, which Defendant introduced into the stream of commerce, including a duty to ensure that users, including Plaintiff, would not suffer from unreasonable, dangerous, or untoward adverse side effects.

213. At the aforementioned time and place, Defendant, by and through its employees, against and/apparent agents, owed a duty of care to the Plaintiff and other business invitees, to reasonably inspect, operate and maintain the subject premises, including the chair that was on the subject premises, in a reasonable, safe condition such that the Plaintiff, and other invitees, might be able to sit on that chair without unreasonable risk of danger or harm.

214. At all times relevant hereto, Defendant had a duty to warn all users, including Plaintiff, of the risks, dangers, and adverse side effects of the chair.

215. At all times relevant hereto, Defendant knew or reasonably should have known that the chair was unreasonably dangerous and defective when used as directed and as designed, including but not limited to the following particulars;

   a.   By failing to conduct inspection of the chair prior to placing same on the subject premises for sale;

   b.   By failing to instruct or warn Plaintiff that the chair was not suitable for its intended use;

c.   Additional conduct or inaction to be discovered through discovery, at trial, and/or otherwise.

216.   At the aforementioned time and place, Defendant by and through its employees, agents and/or apparent agents breached the aforementioned duty(ies) of care by allowing a dangerous and/or hazardous condition(s) to exist on the subject premises, specifically the defective chair, for a sufficient length of time, or, in the alternative, Defendant created that dangerous and/or hazardous condition(s);

217.   In addition, and/or in the alternative, and without limitation, Defendant was negligent in one or more of the following respects:

a.   Negligently constructing the chair;

b.   Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition;

c.   Putting the chair for sale on the subject premises in an unreasonably dangerous and/or defective condition without providing any warnings to Plaintiff as to the dangerousness and/or defectiveness of that chair;

d.   Failure to warn the Plaintiff of the existence or presence of dangerous and/or hazardous conditions of the chair;

e.   Failure to warn the Plaintiff of an existence or presence of dangerous and/or hazardous conditions of the chair which the defendant knew or should have known of;

f.   Negligently permitting a dangerous and/or hazardous condition to exist on the premises where Defendant, knew or should have known that injury was likely to occur;

g.   Failing to repair and/or improve the dangerous condition and/or hazardous condition that existed on its premises in the area where Defendant knew or should have known that invitees, including Plaintiff, were likely to be injured by the use of the chair;

h.     Failing to repair the dangerous condition and/or hazardous condition;

i.     Failing to inspect the chair to ensure its condition was not dangerous and/or in a hazardous condition;

j.     Failing to warn Plaintiff and other members of the public of the dangerousness and/or defectiveness of the chair;

k.     Failing to take reasonable steps to remedy the dangerousness and/or defectiveness of the chair;

l.     Failing to take reasonable steps to guard Plaintiff from the dangerousness and/or defectiveness of the chair;

m.     Failing to take reasonable steps to identify the existence of the dangerousness and/or defectiveness of the chair;

n.     Failing to use due care when inspecting the chair;

o.     Failing to maintain the premises in a reasonably safe condition;

p.     Failing to exercise reasonable care under all of the relevant surrounding circumstances;

q.     Failing to adopt, implement and maintain proper safety procedures and/or maintenance procedures;

r.     Allowing the chair to remain on the subject premises in an unreasonable and dangerous condition for such a period of time that Defendant knew or should have known that the chair was a dangerous or defective hazard.

s.     Failing to properly maintain, inspect, monitor and/or observe the subject premises, including the chair;

t.     Failing to identify the dangerousness and/or defectiveness of the chair, which was not observable to Plaintiff, but was and/or should have been observable to the Defendant had Defendant exercised due care;

u.     Negligently training, teaching and/or instructing Defendant's employees, agents and/or apparent agents to use due care in the inspection of the chair and/or in the placement for sale of the chair;

v.    Additional conduct to be determined through discovery, trial, or otherwise.

218. As a direct and proximate result of the aforementioned negligence, Plaintiff was caused to be injured when the chair collapsed while on the subject premises.

219. The injuries and damages suffered by Plaintiff were the reasonably foreseeable results of Defendant's negligence.

220. Had Defendant performed its duties in a reasonable manner, Plaintiff would not have been injured.

221. As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered serious as well as permanent injuries, as well as corresponding pain and suffering. Plaintiff will also continue to require future medical care, including without limitation physical therapy, pain management, and other medical treatments.  Plaintiff has also suffered mental distress and anguish.

222. As a direct and proximate result of Defendant's negligence, Plaintiff was injured, suffered aggravation of a pre-existing condition, pain and suffering (past, present, and future), disability(past, present, and future), disfigurement(past, present, and future), impairment of working ability(past, present, and future), mental anguish(past, present, and future), loss of enjoyment of life (past, present, and future), and Plaintiff has incurred medical expenses in the care and treatment of said injuries;

all of said injuries and damages are permanent within a reasonable degree

of medical probability and her damages will continue in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant BIG LOTS

STORES, INC. for damages, interest, and costs, as well as all other remedies this

Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a matter of right and/or law.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, interest, and costs, as well as all other remedies this Honorable Court deems just and proper

**DATED** this 28th day of June 2024.

Respectfully submitted,

**SHINER LAW GROUP, P.A.**
*Attorneys for Plaintiff*
7800 Congress Ave., Suite 108
Boca Raton, Florida 33487
P: (561) 777-7700 | F: (561) 368-3364
Primary: Litigation@ShinerLawGroup.com

By: /s/ David I. Shiner
**DAVID I. SHINER**
FL Bar No. 572721