**<u>Exhibit B</u>**

**Decision of the California District Court in the Westminster Litigation**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 24-757-MWF (JDEx)          Date:  August 8, 2024
Title:    Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING PLAINTIFF'S MOTION FOR
JUDGMENT ON THE PLEADINGS [19]

Before the Court is Plaintiff Big Lots Stores PNS LLC's ("Big Lots") Motion
for Judgment on the Pleadings (the "Motion"), filed on May 31, 2024.  (Docket No.
19).  Defendant 6351 Westminster Blvd LLC ("6351 Westminster") filed an
Opposition on June 24, 2024.  (Docket No. 26).  Defendant also filed a Notice of
Errata on July 8, 2024.  (Docket No. 27).  Plaintiff filed a Reply on July 15, 2024.
(Docket No. 28).

The Court has considered the papers filed on the Motion and held a hearing on
**July 29, 2024**.

For the reasons set forth below, the Motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff initiated this action on April 7, 2024.  (Complaint (Docket No. 1)).  In
the Complaint, Plaintiff makes the following allegations:

Plaintiff is the owner of real property located in Westminster, California known
as APN: 203-562-14 ("the Property").  (Complaint (Docket No. 1) ¶ 5).  Located on
the Property is Big Lots Store #4107 (the "Store").  (*Id*.).  Defendant is a Wyoming
limited liability company and an affiliate of Backbay Investment Group.  (*Id*. ¶ 6).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 24-757-MWF (JDEx)**          **Date:  August 8, 2024**
Title:      Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC
_____

On February 2, 2023, the parties entered into a purchase agreement (the "Agreement"), under which Defendant agreed to purchase the Property for $6,800,000. (*Id*. ¶¶ 7–8).  Section 6 of the Agreement provided that the sale of the Property shall close "not later than thirty (30) days after the expiration of the due diligence period," known as the "Closing Date."  (*Id*. ¶ 9).  Under the Agreement, the expiration of the due diligence period was February 17, 2023, making the Closing Date March 19, 2023. (*Id*. ¶ 10).  The Agreement also contained a time-is-of-the-essence clause and provided that the Agreement would be governed by Ohio law.  (*Id*. ¶¶ 11–12).

On February 27, 2023, following the close of the due diligence period but prior to the Closing Date, Plaintiff received notice that the Store had been vandalized.  (*Id*. ¶ 13).  Plaintiff promptly notified Defendant of the vandalism.  (*Id*.).  The parties subsequently executed an amendment to the Agreement (the "Amended Agreement"), in which they agreed to a 15-day extension of the Closing Date from March 19, 2023, to April 3, 2023 (the "Amended Closing Date").  (*Id*. ¶ 16).  The Amended Agreement provided "that all other terms of the Agreement [would] remain the same."  (*Id*. ¶ 17).

The parties ultimately could not agree on the appropriate amount of credit Defendant should receive against the purchase price in light of the vandalism.  (*Id*. ¶ 19).  Therefore, the transaction did not close by the Amended Closing Date.  (*Id*. ¶ 20).  Plaintiff alleges that the failure to close by the Amended Closing Date rendered the Agreement void under Ohio law.  (*Id*.).

After the Amended Closing Date passed, the parties continued to negotiate various terms for the purchase of the Property.  (*Id*. ¶ 21).  Plaintiff alleges that the continued communication between the parties constituted "new offers" and that neither party believed the Agreement was still in effect.  (*Id*. ¶¶ 21–22).  Despite this alleged understanding, Defendant has repeatedly insisted that Plaintiff is contractually obliged to sell the Property under the Agreement.  (*Id*. ¶ 24).

Based on these allegations, the Complaint seeks (1) declaratory judgment that Defendant has no interest in the Property or right to specific performance of the Agreement; and (2) attorneys' fees.  (*Id*. ¶¶ 30–31, 34).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 24-757-MWF (JDEx)      **Date:** August 8, 2024
Title:      Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

Defendant filed an Answer and Counterclaim on April 17, 2024. (Docket No. 9). In the Answer, Defendant asserts several affirmative defenses, including failure to state a claim, waiver, and estoppel. (Answer at 5). Defendant also alleges one Counterclaim seeking specific performance of the Agreement. (Counterclaim ¶ 4). According to Defendant, the parties undertook months of negotiation after the Amended Closing Date had passed and Plaintiff never gave Defendant written notice of default as required by the Agreement. (*Id*. ¶ 14; *see also* Opp. at 4 n.1 (noting a scrivener's error in the Counterclaim)).

In support of its Counterclaim, Defendant alleges that, in December 2023, both parties agreed to use W.L. Butler ("Butler"), a third-party contractor, to determine the amount of credit as provided in the Agreement. (Counterclaim ¶¶ 11–12, 15). Butler inspected the Property on February 27, 2024, in the presence of both parties. (*Id*. ¶ 16). On March 19, 2024, Butler presented its Project Summary calculating the credit amount to be $3,867,423. (*Id*. ¶ 18). Defendant subsequently sought to close the purchase of the Property at the purchase price less the credit determined by Butler, but Plaintiff repeatedly refused. (*Id*. ¶¶ 19–21). Believing that Plaintiff was in default of its obligations under the Agreement, Defendant gave notice of Plaintiff's default on April 3, 2024. (*Id*. ¶ 22).

Plaintiff now brings this Motion seeking judgment on all claims asserted in the Complaint and the Counterclaim.

## II.    **LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The analysis for Rule 12(c) motions for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 24-757-MWF (JDEx)**          **Date:  August 8, 2024**
Title:      Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC
_____

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  "Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.*

In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (citation omitted).

## III.  **DISCUSSION**

Plaintiff seeks judgment on the pleadings as to its claims for declaratory judgment and attorneys' fees.  (Motion at 5).  Plaintiff also moves for judgment in its favor on Defendant's Counterclaim for specific performance.  (*Id.* at 3).  The Court addresses each in turn.

### A.  **Plaintiffs' Claims**

The Court first considers Plaintiff's request for declaratory judgment based on its argument that, under Ohio law, the Agreement is rendered void by the time-is-of-the-essence clause and Defendant's failure to close by the Amended Closing Date. (Motion at 5–6).

The time-is-of-the-essence clause, contained in Section 14.9 of the Agreement, provides as follows:

---

**CIVIL MINUTES—GENERAL**                                          **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  SACV 24-757-MWF (JDEx)          **Date:**  August 8, 2024
**Title:**      Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

---

14.9 - Time of the Essence.  The parties agree that time is of the essence and that the failure of a party hereto to perform any act on or before the date specified herein for performance thereof shall be deemed cause for termination hereof by the other party, without prejudice to other remedies available for default hereunder.

(Complaint, Ex. B (Docket No. 1-2) at 19).

"Generally the interpretation of a contract is, under Ohio law, a matter of law for the court." *MoonScoop SAS v. Am. Greetings Corp.*, 489 F. App'x 95, 100 (6th Cir. July 16, 2012) (citing *St. Marys v. Auglaize Cty. Bd. of Comm'rs*, 875 N.E.2d 561, 568 (Ohio 2007)).  "The role of courts in examining contracts is to ascertain the intent of the parties." *St. Marys*, 875 N.E.2d at 566.  "Where the terms in a contract are not ambiguous, courts are constrained to apply the plain language of the contract." *Id.* "But when a contract is susceptible to two or more reasonable interpretations, the resolution of the ambiguity is an issue for the trier of fact." *MoonScoop*, 489 F. App'x at 100 (citation omitted).

"When it is said that time is of the essence, the proper meaning of the phrase is that the performance by one party at the time specified in the contract or within the period specified in the contract is essential in order to enable him to require performance from the other party." *Lake Ridge Acad. v. Carney*, 613 N.E.2d 183, 186 (Ohio 1993) (citation omitted).  Generally, "[w]here time is of the essence in closing upon a purchase agreement, and the time for closing has elapsed without action by the parties, the purchase agreement is void." *St. Paul's Lutheran Church v. Brooks*, No. H–07–022, 2008 WL 2152566, at *3 (Ohio Ct. App. 2008) (citation omitted); *see also Ballard v. Cleveland*, No. 02AP-485, 2002 WL 31870134, at *3 (Ohio Ct. App. 2002) (noting that "the contract's 'time-is-of-the-essence' clause creates a presumption that the [closing date] was mandatory"); Ohio Rep.Op.R. 3.4 (appellate opinions may be cited as legal authority regardless of whether they are published).

The facts of *St Paul's Lutheran Church* are directly on point.  There, the parties had entered into a purchasing agreement providing that time was of the essence and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 24-757-MWF (JDEx)          Date:  August 8, 2024**
**Title:        Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC**

that any modification to the contract must be in writing.  *St. Paul's Lutheran Church*, 2008 WL 2152566, at *3.  Because the plaintiff was unable to deliver clear title by the closing date (which was already extended multiple times by written agreement) as required under the purchase agreement, the defendant had two options: (1) accept the clouded title and proceed with closing, or (2) declare the purchase agreement void.  *Id.* The defendant, however, chose not to exercise either option but attempted to intervene in a quiet title action related to the property nearly two months later.  *Id.* at *4.  The defendant justified its intervention by averring that he was allowed to proceed under the purchase agreement because he had never declared the contract void.

The Court of Appeals of Ohio disagreed and concluded that the purchase agreement was void based on the existence of "[t]he 'time is of the essence' clause, the parties' course of conduct in executing express written extensions, and [the defendant's] failure to expressly waive the clause or exercise an option under the purchase agreement."  *Id.* at *5.  In so holding, the court recognized that "where a contract is plain and unambiguous, it does not become ambiguous by reason of the fact that in its operation it will work a hardship upon one of the parties thereto and a corresponding advantage to the other exists."  *Id.* (citation omitted).

Similarly here, Defendant does not dispute that the Agreement contained a time-is-of-the-essence clause, that the parties previously extended the Closing Date by written agreement, and that the parties failed to close the transaction by the Amended Closing Date.  (Opp. at 7).  Nor does Defendant contend that the parties expressly waived the time-is-of-the-essence clause.  The Court therefore concludes that the Agreement was automatically rendered void after the Amended Closing Date passed.

In response, Defendant argues that the time-is-of-the-essence clause did not automatically void the Agreement upon failure to complete the transaction by the Amended Closing Date.  (*Id.* at 5).  While such a failure provides "***cause*** for termination," Defendant argues that, in order to actually void the Agreement, Plaintiff was required to provide notice and an opportunity to cure pursuant to Section 10.1 of the Agreement, which provides as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  SACV 24-757-MWF (JDEx)          Date:  August 8, 2024
Title:       Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

> ***Notwithstanding any provisions of this Agreement to the contrary***, if the sale of the Property to Buyer is not consummated ***solely because of Buyer's material[] default*** under the express terms of[] this Agreement following the Due Diligence Period, Seller shall be entitled, as its sole and exclusive remedy, to terminate this Agreement. . . . . Buyer shall not be deemed to be in default under this Agreement unless Seller shall have given written notice to Buyer and Buyer shall not have cured such default within five (5) business days after receipt of Seller's notice.

(Complaint, Ex. B at 16 (emphasis added)).  Defendant alleges that, despite the notice requirement, Plaintiff never gave any notice of default.  (Counterclaim ¶ 14).

But the Court is not persuaded that termination under the time-is-of-the-essence clause was subject to Section 10.1's notice requirement.  Most notably, Section 10.1 starts with the phrase "[n]otwithstanding any provisions of this Agreement to the contrary," which necessarily includes the time-is-of-the-essence clause.  The Court follows the reasoning in *St. Paul's Lutheran Church*, which found the purchase agreement void, despite the fact that the defendant failed to exercise his option to declare the contract void.  *Id.* at \*3 ("A party does not have to declare a breach in order for a breach to have occurred.").

Defendant contends that, to the extent that the time-is-of-the-essence clause could automatically void the Agreement, Plaintiff waived its right to enforce—and is therefore estopped from relying on—the provision.  (Opp. at 7–10; *see also* Answer at 5 (asserting waiver and estoppel)).  In so arguing, Defendant points to the fact that Plaintiff, instead of providing notice of default, continued to negotiate the price of the Property and agreed to retain Butler to determine the amount of credit due as contemplated under the Agreement.  (*See* Counterclaims ¶¶ 13–15).  It was only ***after*** Butler presented his calculation and Defendant sought to close on the transaction that Plaintiff refused to honor the Agreement.  (*See id.*; *see also* Opp. at 10).

Defendant is correct that, generally, "a party may relinquish a right by either express words or by conduct which seems to dispense with performance at the

_____

**CIVIL MINUTES—GENERAL**                                                    7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 24-757-MWF (JDEx)          Date:  August 8, 2024**
Title:        Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

designated time." *Hacker v. Nat'l Coll. of Bus. & Tech.*, 927 N.E.2d 38, 42 (Ohio Ct. App. 2010) (citations omitted).  "Even if time is of the essence, a time requirement may be waived when the party to be benefitted does any act inconsistent with the supposition that he continues to hold the other party to his part of the agreement." *Id.* (internal quotation marks and citations omitted); *see also MoonScoop*, 489 F. App'x at 106 ("Under Ohio law, a party may waive contractual terms by intentionally acting in a manner inconsistent with the claimed right and thereby be estopped from insisting upon it." (citations omitted)).

However, Plaintiff could not have implicitly waived the time-is-of-the-essence clause through its conduct because the Agreement involved the sale of real estate and is therefore subject to the Statute of Frauds.  *See* Ohio Rev. Code § 1335.05 (sale of land is subject to Statute of Frauds); *see also Franke v. Blair Realty Co.*, 164 N.E. 353, 365 (1928) (finding invalid a subsequent oral agreement modifying a written contract for real estate commissions and substituting a new time for performance under the Statute of Frauds).  While Ohio law "will permit an agreement to be removed from operation of the Statutes of Frauds but only by virtue of either of the following: (1) partial performance; and (2) the doctrine of promissory estoppel," Defendant does not allege facts that support either theory.  *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgmt., Inc.*, 622 N.E.2d 1093, 1100–03 (1993).

Moreover, Defendant's reliance on waiver and estoppel are contrary to the plain text of the Agreement. which provides as follows:

> 14.4 - Modifications and Waivers.  This Agreement cannot be changed nor can any provision of this Agreement, or any right or remedy of any party, be waived orally.  Changes and waivers can be made only in writing, and the change or waiver must be signed by the party against whom the change or waiver is sought to be enforced.  Any waiver of any provision of this Agreement, or any right or remedy, given on any one or more occasions shall not be deemed a waiver with respect to any other occasion.

(Complaint, Ex. B at 17).

---

**CIVIL MINUTES—GENERAL                                    8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 24-757-MWF (JDEx)          **Date:** **August 8, 2024**
Title:      Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

Accordingly, the Motion is **GRANTED** with respect to Plaintiff's request for declaratory judgment and attorneys' fees as requested in its own Complaint.

**B.     Defendant's Counterclaim**

Plaintiff also seeks judgment on the Counterclaim for specific performance on two grounds: (1) specific performance of the Agreement is unavailable as a remedy because the Agreement is void; and (2) even if the Agreement is not void, the time for seeking specific performance has long passed under Section 10.1 of the Agreement. (Motion at 6). Because there is a dispute whether the Agreement is void for the reasons already discussed, Plaintiff's first argument necessarily fails. The Court therefore focuses on Plaintiff's second argument.

Section 10.1 provides, in relevant part, as follows:

10.1 - Seller Default. Notwithstanding any provision in this Agreement to the contrary, if Closing does not occur by reason of a material default by Seller which continues for five (5) days after written notice from Buyer, then Buyer shall have the right, as its sole and exclusive remedy, to either (a) terminate this Agreement . . . or (b) sue Seller for specific performance. . . . Buyer's right to sue Seller for specific performance is contingent upon Buyer filing suit against Seller for specific performance within ninety (90) days after the occurrence of Seller's material default delaying Closing and, in the event that Buyer does not file suit for specific performance within such ninety (90) day period, Buyer shall be deemed to have waived its right to sue Seller for specific performance, and the remedy set forth in Section 10.1(a) above to terminate this Agreement shall be Buyer's sole and exclusive remedy.

(Complaint, Ex. B at 15).

The crux of the parties' dispute is the date on which the 90-day filing deadline was triggered. Plaintiff argues that deadline began to run immediately after the parties failed to close the transaction on the Amended Closing Date. (Motion at 8). By

---

**CIVIL MINUTES—GENERAL                                    9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 24-757-MWF (JDEx)          Date:  August 8, 2024**
Title:       Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

contrast, Defendant argues that the deadline began to run on April 8, 2024, five days after Defendant first gave written notice of Plaintiff's default.  (Opp. at 11–12).

Here, Plaintiff has the better argument.  Based on the Court's reading, Section 10.1 appears to require the following conditions: (1) material default by Plaintiff; (2) Defendant's written notice of the default; (3) Plaintiff's failure to cure that default within five days of written notice; and (4) Defendant's initiation of the lawsuit within 90 days of the material default.  There is no dispute that Plaintiff was in material default when it failed to deliver the Property as promised by the Amended Closing Date.  (*See* Motion at 8; Opp. at 5–6).  There is also no dispute that Defendant did not file its Counterclaim until April 17, 2024—over a year after the Amended Closing Date.  The Counterclaim thus fails because the Agreement is clear that Defendant's right to sue for specific performance is "contingent upon [Defendant] filing suit against [Plaintiff] for specific performance within ninety (90) days *after the occurrence of [Plaintiff's] material default* delaying Closing."  (Complaint, Ex. B at 15 (emphasis added)).  Contrary to Defendant's arguments, nothing in the Agreement suggests that the material default occurs after Plaintiff *fails to cure*; the clear language of the Agreement is otherwise.  The Court therefore concludes that Defendant waived its right to sue Plaintiff for specific performance.

The Court is further persuaded by Plaintiff's argument that Defendant's proffered interpretation runs contrary to the intent of the parties.  (*See* Reply at 7).  Indeed, if the Court were to accept Defendant's reading of the Agreement, Defendant could "have waited indefinitely after the [Amended] Closing Date, sent notice of default to [Plaintiff], and then sued for specific performance *years or decades later*."  (*Id.* (emphasis added)).

At the hearing, Defendant argued that it was not in default on the Amended Closing Date because the parties continued to engage in protracted negotiations.  This argument, at its core, invokes waiver and estoppel.  However, for the reasons already discussed, this argument necessarily fails because Plaintiff could not waive the 90-day statute of limitations unless it was done in compliance with Section 14.4 of the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **SACV 24-757-MWF (JDEx)**          **Date:  August 8, 2024**
Title:      Big Lots Stores PNS LLC v. 6351 Westminster Blvd LLC

Accordingly, the Motion is **GRANTED** with respect to the Counterclaim.

## IV.   **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**.  Under applicable Ohio law, the Agreement is rendered void by the parties' failure to close by the Amended Closing Date and the time-is-of-the-essence clause.  Defendant's Counterclaim is also **DISMISSED** in its entirety.  Plaintiff is therefore entitled to declaratory judgment and attorneys' fees as requested in its Complaint.

A separate judgment shall issue.

IT IS SO ORDERED.