## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: August 13, 2025 at 10:00 am EST**<br>**Objection Deadline: August 6, 2025 at 4:00 pm EST** |

## MOTION OF CAROLYN NEIGHBORS FOR RELIEF FROM THE AUTOMATIC STAY

Carolyn Neighbors, by and through her undersigned counsel, hereby files her Motion for Relief from the Automatic Stay (the "Motion") and, in support hereof, states as follows:

### BACKGROUND

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 1409(a). The statutory basis for relief requested herein is 11 U.S.C. § 362.

2.    On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and certain affiliated debtors (the "Debtors"), including Big Lots Stores, Inc. and Big Lots Stores, LLC (the "Defendant Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. These Chapter 11 cases are being jointly administered. No trustee or examiner has been appointed.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868), Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400);  GAFDC LLC (8673); PAFDC LLC (2377); WAFDC LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).

3.      On February 21, 2025, Movant filed a complaint in the State Court of Habersham County, Georgia, against the Defendant Debtors related to an injury that she sustained while shopping at one of their stores (the "State Court Action").

4.      On March 11, 2025, Movant became aware of these bankruptcy proceedings when counsel for the Defendant Debtors filed a Notice of Suggestion of Bankruptcy (the "Notice") in the State Court Action.  Since receiving the Notice, Movant has not taken any action to proceed in the State Court Action.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and other predicates for the relief sought herein are sections 105 and 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-1.

## BASIS FOR RELIEF

7.      Through this Motion, Movant seeks entry of an order pursuant to section 362(d) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure, granting relief so that she may prosecute her claims in the State Court Action and satisfy any award or other resolution she may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity.

8.      Section 362(d)(1) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay…
    (1) For cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Code but rather it must be determined on a case-by-case basis. *In re Rexene Prods. Co.*, 141 B.R. 547, 576 (Bankr. D. Del. 1992) (internal citations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

9.      The logic of the intent behind § 362(d) is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)).

10.     As this Court has explained:

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to section (362(d)(1)) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their places of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

*Rexene Prods.*, 141 B.R. at 576 quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

11.     Courts conduct a "fact-intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 857-58 (Bankr. D. Del. 2007). This Court has considered three factors when balancing the competing interest of a debtor and a movant: (a) the prejudice to either the bankruptcy estate or the debtor that would result should the stay be lifted; (b) any hardships

facing the movant should the stay be maintained; and (c) the movant's probability of success if the stay is lifted. *Santa Fe Minerals v. BEPCO. L. P. (In re 15375 Memorial Corp.)*, 382 B.R. 652, 686 (Bankr. D. Del. 2008) (citing *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993)); *Rexene Prods.*, 141 B.R. at 576, *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009).

## ARGUMENT

12.     Cause exists to lift the automatic stay to allow Ms. Neighbors to pursue the State Court Action against the Debtor Defendants and litigate the case to judgment.

**The Prejudice to the Debtors and The Estates is Minimal**

13.     First, the hardship to the estates is minimal. Ms. Neighbors seeks only to recover from the State Court Action available insurance proceeds of the Debtors' insurance policies. Thus, even if the Defendant Debtors are found liable and a damages judgment is entered in favor of Ms. Neighbors, Ms. Neighbors will not seek to recover any judgement from the Debtors' estates absent further order of the Court. *See In re 15375 Memorial corp.,* 382 B.R. 652 687 (Bankr. D. Del 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("[W]hen a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate," (quoting *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claims to the insurance proceeds, those proceeds are not the property of the estate." *In re Edgeworth,* 993 F.2d 51,55-56 (5th Circ. 1993).

14.     In response to several similarly filed motions for relief, Debtors filed *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [D.I. No. 1103] (the "Omnibus Objection"). In it, they argued that the motions

-4-

should be denied because they would otherwise be forced to incur defense costs and pay a $1 million self-insured retention (SIR) per occurrence under their general liability insurance policy with Starr Indemnity and Liability Company (the "Policy"), which has not exception for bankruptcy or insolvency.

15.     With respect to the first argument, many courts have held that litigation expenses alone are "not so prejudicial as to require continuance of a stay." In re Burger Boys, Inc., 183 B.R. 682, 688 (Bankr. S.D.N.Y. 1994); see also In re Santa Clara Cty. Fair Ass'n. Inc., 180 B.R. 564, 566 (B.A.P. 9th Cir. 1995) ("Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief."); Matter of Nkongho, 59 B.R. 85 (Bankr. D. N.J. 1986) ("The Court of Appeals for the Third Circuit has declared that litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation against a debtor.") (internal citations omitted). This Court should reach the same conclusion.

16.     With respect to the second argument, there may be insurance policies other than the Policy that could provide coverage with respect to the State Court Action.

17.     Moreover, many courts have concluded that, under certain circumstances, insurance policies are not executory contracts and a debtor's failure to pay a retention or deductible does not relieve an insurer of its obligations under the policies. See, e.g., In re Vanderveer Estates Holding, LLC, 328 B.R. 18, 25 (Bankr. E.D.N.Y. 2005) ("[W]here (as in this case) an insured debtor has paid the policy premium in full, the insurance policy is not an executory contract for the purposes of § 365 of the Bankruptcy Code, even where the debtor has continuing obligations, such as the payment of a self-insured retention, a deductible, or a premium. Failure of the debtor to perform these continuing obligations does not excuse the insurer from performance under the

contract, but gives rise to an unsecured claim by the insurer for any damages incurred by reason of the debtor's breach of the policy."). The Debtors cannot rely on the SIR to avoid lifting the stay.

18.     Accordingly, the Debtors will not be prejudiced if this Court modifies the automatic stay to permit prosecution of the State Court Action because Ms. Neighbors seeks only to recover from available insurance proceeds of the Debtors' insurance policies.

**The Hardship to Ms. Neighbors is Great**

19.     Ms. Neighbors will face significant hardship if this Court does not lift the automatic stay.  Ms. Neighbors has suffered, and continues to suffer, from the injuries she sustained. Furthermore, all relevant events related to the State Court Action took place in Habersham County, Georgia where, as far as Ms. Neighbors is aware, all relevant witnesses are located. Finally, delaying the State Court Action can cause potential witnesses to forget first hand accounts of the event.

20.     If Ms. Neighbors is forced to litigate her claims in Delaware, she would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Ms. Neighbors' claims to be liquidated in the forum where they are presently postured to be adjudicated quickly. Moreover, the Debtors will not suffer any hardship if the State Court Action is allowed to proceed. Ms. Neighbors' claim is a garden variety personal injury claim which does not present any factual or legal issues which will impact or distract the Debtors from their reorganizing process.

21.     Without relief from the stay, Ms. Neighbors will not be able to liquidate her claim against the Debtor Defendants or receive any compensation from any available insurance proceeds.

**Ms. Neighbors is Likely to be Successful on the Merits of the State Court Action**

22.     Ms. Neighbors' claims are meritorious, and she is prepared to proceed with the State Court Action. Given the opportunity, she believes that she will be able to show that the Debtor Defendants were negligent, giving rise to the causes of action raised in the State Court Action. The likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420,426 (D. Del. 1993).

23.     Accordingly, Ms. Neighbors respectfully requests that this Court lift the automatic stay so that she may prosecute the State Court Action.

## WAIVER OF RULE 4001(a)(3) STAY IS APPROPRIATE

24.     Bankruptcy Rule 4001(a)(3) provides that an order vacating the automatic stay is subject to a fourteen (14) day stay unless the court orders otherwise. Fed. R. Bankr. P. 4001(a)(3). Here, Ms. Neighbors requests that Rule 4001(a)(3) be waived to allow her to proceed immediately in the State Court Action.

## NO PRIOR REQUEST

25.     Ms. Neighbors has not made any prior motion for the relief sought herein to this or any other Court.

## NOTICE

26.     Notice of this Motion will be provided to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) and all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 4001- 1(a). Ms. Neighbors submits that such notice is sufficient and that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, Ms. Neighbors respectfully requests that this Court (i) enter the proposed order attached hereto as Exhibit A; and (ii) grant such other and further relief as is deemed just and equitable.

Dated: July 23, 2025
Wilmington, Delaware

GELLERT SEITZ BUSENKELL & BROWN, LLC

 */s/ Margaret M. Manning*
Margaret M. Manning, Esq. (DE Bar No. 4183)
Ronald S. Gellert (DE Bar No. 4259)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-416-3344
Facsimile: 302-425-5814
Email: mmanning@gsbblaw.com

*Counsel to Carolyn Neighbors*