**<u>Exhibit A</u>**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 674** |

## STIPULATION GRANTING AMY ESKRA-BROWN RELIEF FROM THE AUTOMATIC STAY TO PROCEED IN CIVIL ACTION

Big Lots, Inc. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Amy Eskra-Brown (the "**Movant**," and, together with the Debtors, the "**Parties**") hereby enter into the following stipulation (the "**Stipulation**") granting relief from the automatic stay provisions of the Bankruptcy Code for the limited purpose and solely to the extent necessary to allow (but not require) the Movant to proceed to litigate the Civil Action (as defined below), but her recovery against the Debtors shall be limited to proceeds from the Debtors' applicable insurance policy.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## RECITALS

WHEREAS, the Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409;

WHEREAS, the statutory basis for the relief requested herein is 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001(d);

WHEREAS, on September 9, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**");

WHEREAS, prior to the Petition Date, the Movant filed a civil action against Big Lots Stores, Inc. in the Court of Common Pleas of Allegheny County, Pennsylvania (the "**Civil Action**");

WHEREAS, the Civil Action has been captioned and docketed as *Amy Eskra-Brown v. Big Lots Stores, Inc. d/b/a Big Lots,* Civ. A. No. GD-23-006899, in the Court of Common Pleas of Allegheny County, Pennsylvania;

WHEREAS, on October 31, 2024, the Movant filed that certain *Motion for Relief from Bankruptcy Stay to Proceed Against Insurance Proceeds* [D.I. 674] (the "**Eskra-Brown Lift Stay Motion**");

WHEREAS, pursuant to the Eskra-Brown Lift Stay Motion, the Movant requests that the automatic stay provisions of the Bankruptcy Code be lifted for the limited purposes and solely to the extent necessary to allow (but not require) the Movant to proceed in the Civil Action, so that the Movant may prosecute the Civil Action to settlement or final judgment (including, to the

extent applicable, any appeals). Enforcement of any such settlement or judgment against the Debtors shall be solely against the Debtors' applicable insurance policies and proceeds thereof;

WHEREAS, the Debtors have represented to Movant that the applicable insurance policy may be subject to a $1 million self-insured retention (the "**SIR**") and do not guarantee that any coverage is available for the Civil Action;

WHEREAS, Movant, in entering this stipulation, has not relied on any representations by the Debtors about the existence or amount of insurance coverage and agrees that the Debtors' insurer's failure to provide coverage for any reason will not give rise to any claim against the Debtors' estates;

WHEREAS, nothing contained herein shall serve as a waiver or release of liability of the Debtors in the Civil Action;

WHEREAS, the Parties have agreed, subject to approval of the Court of this Stipulation, to permit relief from the automatic stay for the reasons set forth herein and subject to the terms and conditions set forth below.

**NOW, THEREFORE**, upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed, by and among the Parties, that:

1. This Stipulation shall have no force or effect unless and until approved by the Court (the date of such approval, the "**Effective Date**").

2. Upon the entry of the Order approving this Stipulation, the automatic stay provisions of the Bankruptcy Court shall be lifted for the limited purpose and solely to the extent necessary to allow (but not require) Movant to proceed in the Civil Action so that Movant may prosecute the Civil Action to settlement or final judgment (including, to the extent applicable, any appeals). Enforcement of any such settlement or judgment against the Debtors will be solely

against the Debtors' applicable insurance policy and proceeds thereof; *provided*, that, except as otherwise set forth herein, all other provisions of the automatic stay provisions of the Bankruptcy Code, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Debtors, shall remain in full force and effect.

3. In consideration of the foregoing modification of the automatic stay, while Movant may prosecute the Civil Action to settlement or final judgment against the defendants, her recovery as to the Debtors, their assets or their estates is limited based on the terms and conditions set forth herein, as of the Effective Date. Nothing herein shall limit the rights of Movant as to any non-Debtor.

4. To the extent a proof of claim already has been filed in these Chapter 11 Cases, such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Order.

5. The Stipulation hereby resolves the Eskra-Brown Lift Stay Motion.

6. Nothing contained in this Stipulation is intended to be or shall be construed as (i) a waiver by the Debtors of any claims or causes of action that may exist against any creditor or interest holder, (ii) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (iii) a waiver by the Debtors of their right to object to any and all proofs of claim relating to any action that have been or may be filed by the Claimant in the chapter 11 cases of the Debtors. The limited relief set forth in this Stipulation shall not be construed as an admission of liability by the Debtors or their affiliates regarding any claim or cause of action arising from or in relation to the Civil Action or any other

matter. Furthermore, nothing contained in this Stipulation is intended to be or shall be construed as a waiver or release by the Movant of any claims or causes of action.

7. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

8. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors, their successors in interest, and assigns, including, without limitation, any trustee in bankruptcy.

9. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party. The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

11. This Stipulation may be executed in one or more counterparts and by electronic copy, each of which will be considered effective as an original signature.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court.

13. This Stipulation shall continue to be effective in a Chapter 7 case and following confirmation of any plan of reorganization

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned counsel, the Parties have executed and delivered this Stipulation as of the day first set forth below.

Dated: July 23, 2025

| | |
|---|---|
| */s/ Christopher D. Loizides* | /s/ *Casey B. Sawyer* |
| Christopher D. Loizides (No.3968) | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| LOIZIDES, P.A. | Robert J. Dehney, Sr. (No. 3578) |
| 1225 King Street, Suite 800 | Andrew R. Remming (No. 5120) |
| Wilmington, DE 19801 | Daniel B. Butz (No. 4227) |
| Telephone: (302) 654-0248 | Sophie Rogers Churchill (No. 6905) |
| Facsimile: (302) 654-0728 | Casey B. Sawyer (No. 7260) |
| Email: loizides@loizides.com | 1201 N. Market Street, 16th Floor |
| | Wilmington, DE 19801 |
| *Counsel to Carol A. Donnelly* | Tel: (302) 658-9200 |
| | rdehney@morrisnichols.com |
| | aremming@morrisnichols.com |
| | dbutz@morrisnichols.com |
| | srchurchill@morrisnichols.com |
| | csawyer@morrisnichols.com |
| | |
| | *-and-* |
| | |
| | DAVIS POLK & WARDWELL LLP |
| | Brian M. Resnick (admitted *pro hac vice*) |
| | Adam L. Shpeen (admitted *pro hac vice*) |
| | James I. McClammy (admitted pro hac vice) |
| | Stephen D. Piraino (admitted pro hac vice) |
| | Matthew R. Brock (admitted pro hac vice) |
| | 450 Lexington Avenue |
| | New York, NY 10017 |
| | Tel.: (212) 450-4000 |
| | brian.resnick@davispolk.com |
| | adam.shpeen@davispolk.com |
| | james.mcclammy@davispolk.com |
| | stephen.piraino@davispolk.com |
| | matthew.brock@davispolk.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |