**<u>Exhibit A</u>**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 2559** |

**STIPULATION GRANTING SHARRELL SMITH, AS PARENT AND GUARDIAN OF
HEAVEN SMITH, RELIEF FROM THE AUTOMATIC STAY
TO PROCEED IN CIVIL ACTION**

Big Lots, Inc. and its affiliates that are debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Sharrell Smith, as Parent and Guardian of Heaven Smith, (the "**Movant**," and, together with the Debtors, the "**Parties**") hereby enter into the following stipulation (the "**Stipulation**") granting relief from the automatic stay provisions of the Bankruptcy Code for the limited purpose and solely to the extent necessary to allow (but not require) the Movant to litigate the Civil Action (as defined below), but their recovery against the Debtors shall be, solely from defendant Jakks Pacific, Inc. ("**Jakks Pacific**"), Jakks Pacific's applicable insurance policies, and/or the Debtors' applicable insurance policy.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## RECITALS

WHEREAS, the Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409;

WHEREAS, the statutory basis for the relief requested herein is 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001(d);

WHEREAS, on September 9, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**");

WHEREAS, on March 7, 2025 Movant filed an action in the Superior Court for the State of Indiana, County of Allen captioned *Smith v. Jakks Pacific, Inc.*, 02D03-2503-CT-000137 (the "**Civil Action**");

WHEREAS, on April 14, 2025, Movant filed that certain *Motion of Sharrell Smith, as Parent and Guardian of Heaven Smith, a Minor, for Relief from Automatic Stay* [D.I. 2559] (the "**Smith Lift Stay Motion**");

WHEREAS, defendant Jakks Pacific has agreed to indemnify the Debtors in connection with the Civil Action;

WHEREAS, Movant, in entering this stipulation, has not relied on any representations by the Debtors about the existence or amount of insurance coverage and agrees that failure by the Debtor's insurer or Jakks Pacific to provide coverage or indemnification for any reason will not give rise to any claim against the Debtors' estates;

WHEREAS, pursuant to the Smith Lift Stay Motion, Movant requests that the automatic stay provisions of the Bankruptcy Code be lifted for the limited purposes and solely to the extent necessary to allow (but not require) the Movant to add Debtor Big Lots, LLC as a defendant in the Civil Action so that the Movant may prosecute the Civil Action to settlement or final judgment against the Debtors. Enforcement of any such settlement or judgment against the Debtors shall be solely against Jakks Pacific, Inc., Jakks Pacific's applicable insurance policies, and/or the Debtors' applicable insurance policies;

WHEREAS, the Parties have agreed, subject to approval of the Court of this Stipulation, to permit relief from the automatic stay for the reasons set forth herein and subject to the terms and conditions set forth below.

**NOW, THEREFORE**, upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed, by and among the Parties, that:

1. This Stipulation shall have no force or effect unless and until approved by the Court (the date of such approval, the "**Effective Date**").

2. Upon the entry of the Order approving this Stipulation, the automatic stay set forth in 11 U.S.C. § 362(a) shall be lifted and modified pursuant to § 362(d) for the limited purpose of and solely to the extent necessary to allow (but not require) Movant to proceed in the Civil Action so that Movant may prosecute the Civil Action to settlement or final judgment. Enforcement of any such settlement or judgment against the Debtors will be solely against Jakks Pacific, Jakks Pacific's applicable insurance policies, and/or the Debtors' applicable insurance policies; *provided*, that, except as otherwise set forth herein, all other provisions of the automatic stay provisions of the Bankruptcy Code, including, without limitation, those provisions prohibiting the commencement or continuation of any judicial proceeding against the Debtors

that was or could have been commenced prior to the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Debtors, shall remain in full force and effect. Nothing in this Stipulation shall limit or otherwise affect Movant's claims and other rights against third-party non-debtors, including but not limited to Jakks Pacific and other co-defendants in the Civil Action.

3. Nothing contained in this Stipulation shall limit or otherwise alter the terms of any tolling agreement or other agreement to commence any action against the Debtors affecting any statute of limitation, statute of repose, statute requiring the refiling of the Lawsuit within one year of its voluntary dismissal, laches, and/or any failure of Movant to institute or commence or continue litigation or other legal proceedings within some specified period, before a specified date, or before the happening of a specified event (each a "**Tolling Agreement**").

4. To the extent a proof of claim already has been filed in these Chapter 11 Cases, such proof of claim shall be deemed withdrawn upon the approval of this Stipulation and Order.

5. The entry of an order approving this Stipulation hereby resolves the Smith Lift Stay Motion.

6. Nothing contained in this Stipulation is intended to be or shall be construed as (i) a waiver by the Debtors of any claims or causes of action that may exist against any creditor or interest holder, (ii) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (iii) a waiver by the Debtors of their right to object to any and all proofs of claim relating to any action that have been or may be filed by the Claimant in the chapter 11 cases of the Debtors; provided that this Stipulation shall not limit the effect of or otherwise alter the terms of any Tolling Agreement. The limited relief

set forth in this Stipulation shall not be construed as an admission of liability by the Debtors or their affiliates regarding any claim or cause of action arising from or in relation to the Civil Action or any other matter.

7.  In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, this Stipulation shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

8.  Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors, their successors in interest, and assigns, including, without limitation, any trustee in bankruptcy.

9.  This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

10. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party. The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

11. This Stipulation may be executed in one or more counterparts and by electronic copy, each of which will be considered effective as an original signature.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court.

13. This Stipulation shall continue to be effective in a Chapter 7 case.

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned counsel, the Parties have executed and delivered this Stipulation as of the day first set forth below.

Dated: July 25, 2025

| | |
|---|---|
| HILLER LAW, LLC | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Adam Hiller* | /s/ *Casey B. Sawyer* |
| Adam Hiller, Esquire<br>Hiller Law, LLC<br>300 Delaware Avenue, Suite 210, #227<br>Wilmington, Delaware 19801<br>(302) 442-7677 telephone<br>ahiller@adamhillerlaw.com | Robert J. Dehney, Sr. (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Daniel B. Butz (No. 4227)<br>Sophie Rogers Churchill (No. 6905)<br>Casey B. Sawyer (No. 7260)<br>1201 N. Market Street, 16th Floor<br>Wilmington, DE 19801<br>Tel: (302) 658-9200<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>dbutz@morrisnichols.com<br>srchurchill@morrisnichols.com<br>csawyer@morrisnichols.com |
| *-and-* | *-and-* |
| ALLEN LAW GROUP<br>Kenneth J. Allen, Esquire<br>Otto J. Shragal, Esquire<br>Jeffrey L. Lund, Esquire<br>501 Allen Court, Suite 3000<br>Chesterton, Indiana 46304<br>(219) 465-6292 telephone<br>JLund@allen.law | DAVIS POLK & WARDWELL LLP<br>Brian M. Resnick (admitted *pro hac vice*)<br>Adam L. Shpeen (admitted *pro hac vice*)<br>James I. McClammy (admitted *pro hac vice*)<br>Stephen D. Piraino (admitted *pro hac vice*)<br>Matthew R. Brock (admitted *pro hac vice*)<br>450 Lexington Avenue<br>New York, NY 10017<br>Tel.: (212) 450-4000<br>brian.resnick@davispolk.com<br>adam.shpeen@davispolk.com<br>james.mcclammy@davispolk.com<br>stephen.piraino@davispolk.com<br>matthew.brock@davispolk.com |
| *Counsel to the Movant* | *Counsel to the Debtors and Debtors in Possession* |