**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BIG LOTS, INC., *et al.* | ) ) | Case No. 24-11967 (JKS) |
| Debtors.¹ | ) ) | (Jointly Administered) |
|  | ) ) | **Re: D.I. 2840** |
|  | ) |  |

**ORDER APPROVING THE JOINT STIPULATION BY AND AMONG THE DEBTORS AND GORDON BROTHERS RETAIL PARTNERS, LLC RESOLVING MOTION BY GORDON BROTHERS RETAIL PARTNERS, LLC SEEKING AN ORDER (A) ENFORCING THE ASSET PURCHASE AGREEMENT, AGENCY AGREEMENT AND SALE APPROVAL ORDER AND (B) GRANTING RELATED RELIEF**

Upon consideration of (1) the *Certification of Counsel Regarding Joint Stipulation by and Among the Debtors and Gordon Brothers Retail Partners, LLC Resolving Motion by Gordon Brothers Retail Partners, LLC Seeking an Order (A) Enforcing the Asset Purchase Agreement, Agency Agreement and Sale Approval Order and (B) Granting Related Relief* (the "Certification of Counsel") and (2) the *Joint Stipulation by and Among the Debtors and Gordon Brothers Retail Partners, LLC Resolving Motion by Gordon Brothers Retail Partners, LLC Seeking an Order (A) Enforcing the Asset Purchase Agreement, Agency Agreement and Sale Approval Order and (B) Granting Related Relief* (the "Stipulation"),² by and between the above-captioned debtors and

---

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

² Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

2

debtors in possession (collectively, the "<u>Debtors</u>") and Gordon Brothers Retail Partners, LLC and its affiliates (collectively, "<u>GBRP</u>" and, together with the Debtors, the "<u>Parties</u>"), and which is attached to this order (this "<u>Order</u>") as **Exhibit 1**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved in its entirety.

2. The Stipulation shall be binding on the Parties upon entry of this Order.

3. In compromise, and full satisfaction, of the Budget Dispute and the GBRP Claim, not later than three (3) Business Days after the Effective Date: (a) the Debtors agree to release to GBRP the Released Funds and (b) GBRP agrees to pay the Debtors by wire transfer of immediately available funds the Funding; *provided*, that, pending agreement of the Parties, the Parties may offset the Released Funds and the Funding, as applicable, in order to effectuate a "net" payment from the Debtors to GBRP.

4. As soon as reasonably practicable following the Effective Date, but in any event no later than three (3) Business Days thereafter, in compromise, and full satisfaction, of the GBRP

Claim and the Budget Dispute, the Parties are authorized and shall take all steps reasonably necessary to ensure the payment of the amounts owed hereunder and pursuant to the Stipulation.

5. The releases set forth in the Stipulation are approved and shall be effective as of the Effective Date.

6. Notwithstanding Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

**<u>Exhibit 1</u>**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BIG LOTS, INC., *et al.* | ) ) ) | Case No. 24-11967 (JKS) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**JOINT STIPULATION BY AND AMONG THE DEBTORS AND GORDON BROTHERS RETAIL PARTNERS, LLC RESOLVING MOTION BY GORDON BROTHERS RETAIL PARTNERS, LLC SEEKING AN ORDER (A) ENFORCING THE ASSET PURCHASE AGREEMENT, AGENCY AGREEMENT AND SALE APPROVAL ORDER AND (B) GRANTING RELATED RELIEF**

This joint stipulation ("Stipulation") is made and entered into by and among (a) debtor Big Lots, Inc., and the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and (b) Gordon Brothers Retail Partners, LLC and its affiliates (collectively, "GBRP" and, together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on September 9, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin Granville Road, Columbus, OH 43081.

**WHEREAS**, on December 27, 2024, GBRP and the Debtors executed an Asset Purchase Agreement (the "GBRP APA"), including an associated Agency Agreement (the "GBRP Agency Agreement");

**WHEREAS**, section 3.01(b) of the GBRP APA provided that upon the sale of the Corporate/HQ Facility (the "HQ Sale"), if any, the Net Proceeds of any such sale (after deduction of any applicable HQ Sale Deductions) shall be allocated as follows: (a) the first $10,000,000.00 is payable to GBRP; and (2) all remaining Net Proceeds above $10,000,000.00 shall be retained by the Debtors;

**WHEREAS**, on January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "GBRP Sale Order"), which, among other things, approved the Debtors' entry into the GBRP APA and the GBRP Agency Agreement and the sale transaction between the Debtors and GBRP contemplated thereby (the "GBRP Sale");

**WHEREAS**, on January 3, 2025, the GBRP Sale closed, and on January 6, 2025, the Debtors filed the *Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588];

**WHEREAS**, on April 17, 2025, prior to the filing of the Motion, counsel to the Debtors sent a letter to GBRP (the "April 17 Letter") asserting that the Debtors' withholding of the HQ Sale Proceeds was necessary and appropriate because GBRP had (a) failed to fund certain required amounts under the GBRP APA and (b) improperly attempted to claw back certain funds previously

2

advanced to the Debtors, collectively in an aggregate amount of $11,551,000.00 (such disputes, collectively, the "Budget Dispute");[2]

**WHEREAS**, by letter dated May 9, 2025, GBRP responded to the April 17 Letter, disputing that any of the amounts asserted as being due and owing by GBRP in respect of the Budget Dispute are in fact owed under either the GBRP APA, GBRP Agency Agreement, or GBRP Sale Order (the "GBRP Response")[3];

**WHEREAS**, on May 30, 2025, GBRP filed the *Motion by Gordon Brothers Retail Partners, LLC Seeking an Order (A) Enforcing Asset Purchase Agreement, Agency Agreement and Sale Approval Order and (B) Granting Related Relief* [D.I. 2840] (the "Motion") seeking, among other things, turnover by the Debtors to GBRP of (a) $10,000,000 in proceeds from HQ Sale (the "HQ Sale Proceeds") and (b) $295,095.29 in other funds asserted to be owed to GBRP under the GBRP APA and the GBRP Agency Agreement (such funds, the "Additional Funds" and such claim by GBRP against the Debtors, the "GBRP Claim");[4] and

**WHEREAS**, the Parties have agreed to resolve their disputes regarding the GBRP Claim and the Budget Dispute as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS**:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

---

[2] Further details regarding the Debtors' Claim are set forth in paragraphs 21 and 22 of the Motion. A copy of the April 17 Letter is attached to the Motion (defined herein) as Exhibit F.

[3] Further details regarding the GBRP Response are set forth in the Motion. A copy of the GBRP Response is attached to the Motion as Exhibit G.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the GBRP APA, the GBRP Agency Agreement, the GBRP Sale Order, and the Motion, as applicable.

3

2.  This Stipulation shall be binding on the Parties upon the entry of an order approving this Stipulation (such order, the "Order" and such approval date, the "Effective Date").

3.  In compromise, and full satisfaction, of the Budget Dispute and the GBRP Claim, not later than three (3) Business Days after the Effective Date: (a) the Debtors agree to release to GBRP the HQ Sale Proceeds and the Additional Funds, in each case by wire transfer of immediately available funds the aggregate sum of $10.356 million (collectively, the "Released Funds") and (b) GBRP agrees to pay the Debtors by wire transfer of immediately available funds the aggregate sum of $9.056 million (the "Funding"); *provided*, that, upon agreement of the Parties, the Parties may offset the Released Funds and the Funding, as applicable, in order to effectuate a "net" payment from the Debtors to GBRP in the amount of $1.300 million.

4.  As soon as reasonably practicable following the Effective Date, but in any event no later than three (3) business days thereafter, in compromise, and full satisfaction, of the GBRP Claim and the Budget Dispute, the Parties are authorized and shall take all steps reasonably necessary to ensure the payment of the amounts owed hereunder.

5.  Upon the Effective Date, each of the Parties — on behalf of themselves and any other legal or natural persons and entities who or which may claim by, through, or under them, including their executors, administrators, heirs, assigns, predecessors, successors, affiliates (regardless of whether such interests are held directly or indirectly) assigns, subsidiaries, direct and indirect equity holders, funds, portfolio companies, management companies, current, and former directors, officers, members, employees, partners, managers, independent contractors, agents, representatives, principals, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, advisory board members, investment advisors, and other professionals (each, a "Releasing Party") — agree, to the fullest extent permissible under applicable law, to irrevocably and fully and mutually waive and release (to the extent not already

4

transferred to GBRP pursuant to the GBRP Sale Order), any and all claims and causes of action (whether based in tort, statute, regulation, common law, contract, equity, or any other law) against each other that existed or may have existed as of the Effective Date regarding any funding in connection with the GBRP Claim and the Budget Dispute, and whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory; *provided*, that the Parties reserve all rights to seek remedies to enforce this Stipulation and the Order.  For the avoidance of doubt, each Releasing Party is a released party hereunder, and each released party shall be entitled to and be the beneficiary of the release in the prior sentence.

6.     Following the payment of the Released Funds to GBRP in accordance with the terms of this Stipulation, GBRP is hereby barred from asserting any claim against the Debtors and the Debtors' estates on account of the Funding or the Released Funds.  Following the payment of the Funding to Debtors in accordance with the terms of this Stipulation, the Debtors are hereby barred from asserting any claim against GBRP on account of the Funding or the Released Funds; *provided*, that, notwithstanding anything to the contrary herein, nothing in this Stipulation shall prevent the Parties from asserting claims against one another for transactions arising under the GBRP APA, the GBRP Agency Agreement, and/or the GBRP Sale Order, as applicable (other than, for the avoidance of doubt, the GBRP Claim and the Budget Dispute).

7.     In accordance with Section 2.09 of the GBRP APA, the Parties will undertake such actions as may be reasonably necessary or appropriate or as GBRP or any Designated Buyer may reasonably request to transfer, convey or assign to GBRP or any Designated Buyer the relevant Assets, to assure fully to GBRP and its respective successors or assigns, all of the properties, rights, titles, interests, estates, remedies, powers and privileges intended to be conveyed to GBRP (and any Designated Buyer) under the GBRP APA, the GBRP Agency Agreement, and/or the GBRP

5

Sale Order, as applicable, and to assure fully to otherwise make effective the transactions contemplated thereby, including, without limitation, (1) promptly upon Buyer's reasonable request, execute, to the extent practicable, any documents related to obtaining a release of insurance collateral, (2) provide updates on the shared litigation claims to the extent there has been a material development related to such shared litigation claims, and (3) provide bi-weekly updates on cash receipts and an accounting of those amounts constituting acquired Assets to which Buyer is entitled under the GBRP APA, GBRP Agency Agreement and/or GBRP Sale Order, as applicable (*provided*, that, the Debtors will also provide to GBRP similar bi-weekly updates on cash disbursements required to be funded to the Debtors by GBRP under the GBRP APA, the GBRP Agency Agreement, and/or the GBRP Sale Order, as applicable); *provided*, that, for the avoidance of doubt, and notwithstanding anything to the contrary herein, nothing in this paragraph 7 shall override the release provisions set forth in paragraph 5 of this Stipulation.

8. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

9. This Stipulation may be executed in one or more counterparts and by electronic mail, each of which will be deemed an original but all of which together will constitute one instrument.

10. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto and order of the Court.

11. The Stipulation is intended by the Parties to be binding upon the Parties' successors, agents, and assigns, including any bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

12. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies.

13. The Parties acknowledge that this Stipulation is the joint work product of all of the Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

14. The Court retains jurisdiction with respect to all matters arising from or related to this Stipulation and the interpretation, implementation, and enforcement thereof, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

[*Remainder of page intentionally left blank*]

**STIPULATED AND AGREED TO THIS 5TH DAY OF AUGUST 2025:**

Dated:   August 5, 2025
         Wilmington, Delaware

| **RIEMER & BRAUNSTEIN LLP** | **DAVIS POLK & WARDWELL LLP** |
|---|---|
| */s/ Steven E. Fox* | */s/ Adam L. Shpeen* |
| Steven E. Fox (admitted *pro hac vice*) | Brian M. Resnick (admitted *pro hac vice*) |
| Times Square Tower, Suite 2506 | Adam L. Shpeen (admitted *pro hac vice*) |
| New York, NY 10036 | James I. McClammy (admitted *pro hac vice*) |
| Tel: (212) 789-3150 | Stephen D. Piraino (admitted *pro hac vice*) |
| sfox@riemerlaw.com | Matthew R. Brock (admitted *pro hac vice*) |
| | Kevin L. Winiarski (admitted *pro hac vice*) |
| *-and-* | 450 Lexington Avenue |
| | New York, NY 10017 |
| **ASHBY & GEDDES, P.A.** | Tel.: (212) 450-4000 |
| Gregory A. Taylor (No. 4008) | brian.resnick@davispolk.com |
| 500 Delaware Avenue, 8th Floor | adam.shpeen@davispolk.com |
| Wilmington, DE 19801 | james.mcclammy@davispolk.com |
| Tel: (302) 654-1888 | stephen.piraino@davispolk.com |
| GTaylor@ashbygeddes.com | matthew.brock@davispolk.com |
| | kevin.winiarski@davispolk.com |
| *Co-Counsel to GBRP* | |
| | *-and-* |
| | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| | Robert J. Dehney, Sr. (No. 3578) |
| | Andrew R. Remming (No. 5120) |
| | Daniel B. Butz (No. 4227) |
| | Sophie Rogers Churchill (No. 6905) |
| | Casey B. Sawyer (No. 7260) |
| | 1201 N. Market Street, 16th Floor |
| | Wilmington, DE 19801 |
| | Tel: (302) 658-9200 |
| | rdehney@morrisnichols.com |
| | aremming@morrisnichols.com |
| | dbutz@morrisnichols.com |
| | srchurchill@morrisnichols.com |
| | csawyer@morrisnichols.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |