**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: BIG LOTS, INC., *et al.*, Debtors.[1] | Chapter 11<br>Case No. 24-11967 (JKS)<br>(Jointly Administered)<br>**Hearing Date: September 11, 2025 at 1:00 p.m. (ET)**<br>**Objection Deadline: September 4, 2025 at 4:00 p.m. (ET)**<br>**Re: Docket Nos. 2799, 2928, 3006** |
|---|---|

**SUMMARY OF THIRD INTERIM FEE APPLICATION OF COLE SCHOTZ P.C., AS SPECIAL REAL ESTATE COUNSEL, EFFICIENCY COUNSEL AND DELAWARE COUNSEL TO THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Big Lots, Inc., *et al.* |
| Date of retention: | November 13, 2024, effective as of September 24, 2024 |
| Period for which compensation and reimbursement is sought: | April 1, 2025 through June 30, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $80,224.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $222.00 |
| This is an: | ___ monthly _X_ interim ___final application |

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## SUMMARY OF FEES AND EXPENSES REQUESTED

Prior Monthly Fee Applications Filed:

| **Monthly Application** | | **Requested Fees and Expenses** | | **Allowed Fees and Expenses** | | **Unpaid Fees and Expenses** | |
|---|---|---|---|---|---|---|---|
| **Monthly Fee Period, Docket No., Date Filed** | **CNO Docket No., Date Filed** | **Total Fees Requested** | **Total Expenses Requested** | **Total Fees Allowed** | **Total Expenses Allowed** | **Unpaid Fees** | **Unpaid Expenses** |
| 9/24/24 – 10/31/24 D.I. 1234 11/22/24 | D.I. 1348 12/16/24 | $1,740,454.50 | $8,791.98 | $1,740,454.50 | $8,070.48[2] | $0.00 | $0.00 |
| 11/1/24 – 11/30/24 D.I. 1306 12/05/24 | D.I. 1444 12/27/24 | | | | | | |
| 12/1/24 – 12/31/24 D.I. 1676 1/10/24 | D.I. 1921 2/3/2025 | | | | | | |
| 1/1/25 – 1/31/25 D.I. 2142 2/28/25 | D.I. 2376 3/24/25 | $263,888.00 | $4,167.58 | $259,922.50[3] | $4,167.58 | $0.00 | $0.00 |
| 2/1/25 – 2/28/25 D.I. 2394 3/26/25 | D.I. 2578 4/17/25 | | | | | | |
| 3/1/25 – 3/31/25 D.I. 2748 5/15/25 | D.I. 2907 6/24/25 | | | | | | |
| 4/1/25 – 4/30/25 D.I. 2799 5/23/25 | D.I. 2909 6/24/25 | $25,884.00 | $17.40 | $20,707.20 | $17.40 | $5,176.80 | $0.00 |
| 5/1/25-5/31/25 D.I. 2928 6/30/25 | D.I. 2997 7/23/25 | $38,559.50 | $38.00 | $30,847.60 | $38.00 | $7,711.90 | $0.00 |

---

2 Cole Schotz agreed to a voluntary expense reduction of $721.50 as reflected in the *First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2271].

3 Cole Schotz agreed to a voluntary fee reduction of $3,965.50 as reflected in the *Second Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2973].

| Monthly Application | | Requested Fees and Expenses | | Allowed Fees and Expenses | | Unpaid Fees and Expenses | |
|---|---|---|---|---|---|---|---|
| **Monthly Fee Period, Docket No., Date Filed** | **CNO Docket No., Date Filed** | **Total Fees Requested** | **Total Expenses Requested** | **Total Fees Allowed** | **Total Expenses Allowed** | **Unpaid Fees** | **Unpaid Expenses** |
| 6/1/25-6/30/25 D.I. 3006 7/25/25 | N/A[4] | $15,781.00 | $166.60 | N/A | N/A | $15,781.00 | $166.60 |
| **Total** | | **$2,084,567.00** | **$13,181.56** | **$2,051,931.80** | **$12,293.46** | **$28,669.70** | **$166.60** |

Prior Interim Fee Applications Filed:

| Interim Application | Requested Fees and Expenses | | Approved Fees and Expenses | |
|---|---|---|---|---|
| **Fee Period Application Docket No. Date Filed** | **Total Fees Requested** | **Total Expenses Requested** | **Total Fees Approved** | **Total Expenses Approved** |
| 9/24/24 – 12/31/24 D.I. 1870 1/29/2025 | $1,740,454.50 | $8,791.98 | $1,740,454.50 | $8,070.48[5] |
| 1/1/25 – 3/31/25 D.I. 2751 5/15/2025 | $263,888.00 | $4,167.58 | $259,922.50[6] | $4,167.58 |

[4] The objection deadline for the *Ninth Monthly Fee Application of Cole Schotz P.C., Special Real Estate Counsel, Efficiency Counsel, and Delaware Counsel to Committee, for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2025 through June 30, 2025* [Docket No. 3006] is August 15, 2025 at 4:00 p.m. (ET).

[5] Cole Schotz agreed to a voluntary expense reduction of $721.50 as reflected in the *First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2271].

[6] Cole Schotz agreed to a voluntary fee reduction of $3,965.50 as reflected in the *Second Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2973].

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Hearing Date: September 11, 2025 at 1:00 p.m. (ET)**<br>**Objection Deadline: September 4, 2025 at 4:00 p.m. (ET)**<br>**Re: Docket Nos. 2799, 2928, 3006** |

**THIRD INTERIM FEE APPLICATION OF COLE SCHOTZ P.C., AS SPECIAL REAL ESTATE COUNSEL, EFFICIENCY COUNSEL AND DELAWARE COUNSEL TO THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

Cole Schotz P.C. (the "Applicant" or "Cole Schotz"), as special real estate counsel, efficiency counsel and Delaware counsel to the Official Committee of Unsecured Creditors (the "Committee") of Big Lots, Inc. and the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals*

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[Docket No. 519] (the "Interim Compensation Order"),[2] for allowance of compensation for services rendered and reimbursement of expenses for the period from April 1, 2025 through June 30, 2025 (the "Application Period"), and respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Committee consents to entry of a final judgment or order with respect to this Application if it is determined that the Court does not have Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Such relief also is warranted under Bankruptcy Rule 2016, Local Rule 2016-1 and the Interim Compensation Order.

## Background

### A. The Chapter 11 Cases

4. On September 9, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

5. On September 23, 2024, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed a seven-member Committee consisting of: (i) Realty Income Corporation; (ii) Blue Owl Real Estate Capital LLC; (iii) America's Realty, LLC; (iv) Zest Garden Limited; (v) NCR Voyix Corporation; (vi) Twin Star International, Inc.; and (vii) Everstar Merchandise Co., Limited. *See* Docket No. 248. Blue Owl Real Estate Capital LLC serves as the chair of the Committee.

6. On December 9, 2024, NCR Voyix Corporation resigned from the Committee.

**B. The Retention of Cole Schotz**

7. On October 18, 2024, the Committee applied to the Court for an order authorizing the retention and employment of Cole Schotz as special real estate counsel, efficiency counsel and Delaware counsel to the Committee, effective as of September 24, 2024. *See* Docket No. 553.

8. On November 13, 2024, the Court entered the *Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 Authorizing and Approving the Retention and Employment of Cole Schotz P.C. as Special Real Estate Counsel, Efficiency Counsel and Delaware Counsel to the Official Committee of Unsecured Creditors Effective as of September 24, 2024* authorizing the retention and employment of Cole Schotz as special real estate counsel, efficiency counsel and Delaware counsel to the Committee. *See* Docket No. 1084.

**C. The Interim Compensation Order**

9. The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides that at three-month intervals (the "Interim Fee Period"), each of the Retained Professionals may file with the Court and serve on the Compensation Notice Parties an application (an "Interim Fee Application") for interim approval and allowance

of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications. The third such Interim Fee Period shall cover the period from April 1, 2025 through June 30, 2025.

**Relief Requested**

10. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $80,224.50 in fees for professional services rendered by Cole Schotz during the Application Period. This amount is derived solely from the applicable hourly billing rates of Cole Schotz personnel who rendered such services to the Committee. In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Application Period in the amount of $222.00.

**Interim Fee Application and Compliance with Guidelines**

11. This Application was prepared in accordance with (a) Local Rule 2016-1, (b) the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, adopted on June 11, 2013 (the "UST Guidelines"), and (c) the Interim Compensation Order (collectively with Local Rule 2016-1 and the UST Guidelines, the "Guidelines").

12. Annexed hereto are various schedules required by the Guidelines, as applicable.

13. Applicant provides the following responses to the questions set forth under ¶ C.5 of Appendix B of the UST Guidelines:

Question: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

Response: No.

Question: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee

application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response: The fees sought in this Application are less than the amount budgeted for the Interim Fee Period.

Question: Have any of the professionals included in this fee application varied their hourly rates based on the geographic location of the bankruptcy case.

Response: No.

Question: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? If so, please quantify by hours and fees.

Response: No.

Question: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

Response: No.

Question: Does this fee application include rate increases since retention?

Response: No.

**Reasonable and Necessary Services**

14. The services for which Applicant seeks compensation were, at the time rendered, necessary for, beneficial to and in the best interests of the Committee and the Debtors' estates. The services rendered were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Applicant is fair and reasonable given (i) the complexity of these Chapter 11 Cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title.

## Certificate of Compliance and Waiver

15. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

## Notice

16. Cole Schotz will provide notice and serve this Application on the Compensation Notice Parties. In light of the nature of the relief requested in this Application, Cole Schotz submits that no other or further notice is required.

## Conclusion

**WHEREFORE**, Cole Schotz respectfully requests the Court enter an order (i) approving the Application; (ii) awarding Cole Schotz compensation for the Application Period in the amount of $80,224.50 and reimbursement for actual and necessary expenses in the amount of $222.00; (iii) authorizing the payment of such sums to Cole Schotz pursuant to the Interim Compensation Order; and (iv) granting such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 14, 2025
Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Justin R. Alberto*
Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Tel: (302) 652-3131
Fax: (302) 652-3117
Email: jalberto@coleschotz.com
snewman@coleschotz.com

*-and-*

Sarah A. Carnes, Esq. (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Tel: (212) 752-8000
Fax: (212) 752-8393
Email: scarnes@coleschotz.com

*Counsel to the Official Committee of Unsecured Creditors*

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES

The aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2024 (the "Comparable Period") was $592.88 per hour, and the aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $714.98 per hour.

The blended hourly rate for all Cole Schotz timekeepers (including both attorneys and paralegals) who provided services to the Committee during the Application Period was approximately $722.06 per hour.

| Category of Timekeeper | 2024 Bankruptcy Blended Rate | 2024 Non-Bankruptcy Blended Rate | Application Period Blended Rate |
|---|---|---|---|
| Member | $852.79 | $720.58 | $896.02 |
| Special Counsel | $670.00 | $662.20 | $685.00 |
| Associate | $504.86 | $460.46 | $483.25 |
| Paralegal | $376.65 | $349.10 | $402.13 |
| **Aggregate** | **$714.98** | **$592.88** | **$722.06** |

**STAFFING PLAN FOR COLE SCHOTZ P.C.,
AS SPECIAL REAL ESTATE COUNSEL, EFFICIENCY COUNSEL
AND DELAWARE COUNSEL TO THE COMMITTEE,
FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Members | 4 | $895.00 |
| Associates/Law Clerks | 4 | $490.00 |
| Paralegals | 1 | $400.00 |
| | **Estimated Blended Hourly Rate** | **$600.00** |

**BUDGET FOR COLE SCHOTZ P.C., AS SPECIAL REAL ESTATE COUNSEL, EFFICIENCY COUNSEL AND DELAWARE COUNSEL FOR THE COMMITTEE, FOR THE PERIOD FROM APRIL 1, 2025 THROUGH JUNE 30, 2025**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses and Leases (Section 363) | 5 | $3,000 |
| Case Administration | 20 | $12,000 |
| Cash Collateral and DIP Financing | 10 | $6,000 |
| Claims Analysis, Administration and Objections | 30 | $18,000 |
| Committee Matters and Creditor Meetings | 20 | $12,000 |
| Creditor Inquiries | 10 | $6,000 |
| Executory Contracts | 5 | $3,000 |
| Fee Application Matters/Objections | 50 | $30,000 |
| Leases (Real Property) | 5 | $3,000 |
| Litigation | 10 | $6,000 |
| Preparation for and Attendance at Hearings | 20 | $12,000 |
| Reorganization Plan | 10 | $6,000 |
| Retention Matters | 5 | $3,000 |
| Tax/General | 5 | $3,000 |
| Utilities/Section 366 Matters | 5 | $3,000 |
| **TOTAL** | **210** | **$126,000** |

**BIG LOTS, INC., *et al.***

**SUMMARY OF BILLING BY PROFESSIONAL**
**APRIL 1, 2025 THROUGH JUNE 30, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Justin R. Alberto | 2008 | Member (Bankruptcy) | $925.00 | 31.6 | $29,137.50 |
| Stacy L. Newman | 2007 | Member (Bankruptcy) | $800.00 | 30.3 | $24,240.00 |
| Sarah A. Carnes | 2015 | Member (Bankruptcy) | $900.00 | 1.3 | $1,170.00 |
| Jack M. Dougherty | 2021 | Associate (Bankruptcy) | $575.00 | 0.8 | $460.00 |
| Melissa M. Hartlipp | 2022 | Associate (Bankruptcy) | $430.00 | 9.6 | $4,128.00 |
| Michael A. Solimani | 2024 | Associate (Bankruptcy) | $405.00 | 31.3 | $12,676.50 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) | $405.00 | 2.5 | $1,012.50 |
| Larry S. Morton | N/A | Paralegal (Bankruptcy) | $400.00 | 18.5 | $7,400.00 |
| | | | **TOTAL** | **125.9** | **$80,224.50** |

**BIG LOTS, INC., *et al.***

**COMPENSATION BY PROJECT CATEGORY**
**APRIL 1, 2025 THROUGH JUNE 30, 2025**

| Project Category | Estimated Hours | Estimated Fees | Actual Hours | Actual Fees |
|---|---|---|---|---|
| Asset Dispositions, Sales, Uses and Leases (Section 363) | 5 | $3,000 | 2.8 | $2,180.00 |
| Case Administration | 20 | $12,000 | 19.3 | $13,463.00 |
| Cash Collateral and DIP Financing | 10 | $6,000 | 3.5 | $2,341.00 |
| Claims Analysis, Administration and Objections | 30 | $18,000 | 11.3 | $9,312.00 |
| Committee Matters and Creditor Meetings | 20 | $12,000 | 9.4 | $7,763.50 |
| Creditor Inquiries | 10 | $6,000 | 6.9 | $5,066.50 |
| Executory Contracts | 5 | $3,000 | 2.0 | $1,323.50 |
| Fee Application Matters/Objections | 50 | $30,000 | 40.0 | $20,123.50 |
| Leases (Real Property) | 5 | $3,000 | 3.5 | $2,380.50 |
| Litigation | 10 | $6,000 | 7.7 | $6,209.50 |
| Preparation for and Attendance at Hearings | 20 | $12,000 | 12.7 | $5,681.50 |
| Reorganization Plan | 10 | $6,000 | 2.4 | $1,288.00 |
| Retention Matters | 5 | $3,000 | 2.3 | $1,312.00 |
| Tax/General | 5 | $3,000 | 1.9 | 1,620.00 |
| Utilities/Section 366 Matters | 5 | $3,000 | 0.2 | $160.00 |
| **TOTAL** | **210** | **$126,000** | **125.9** | **$80,224.50** |

**BIG LOTS, INC., *et al.***

**EXPENSE SUMMARY**
**APRIL 1, 2025 THROUGH JUNE 30, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Court Fees | PACER Service Center | $71.40 |
| Delivery/Couriers | Reliable/Parcels | $150.60 |
| **TOTAL** | | **$222.00** |

| SUMMARY OF INTERIM FEE APPLICATION | |
|---|---|
| Name of Applicant | Cole Schotz P.C. |
| Name of Client | Official Committee of Unsecured Creditors of Big Lots, Inc., *et al.* |
| Fee period covered by Interim Fee Application | April 1, 2025 through June 30, 2025 |
| Total compensation sought during Interim Fee Period | $80,224.50 |
| Total expenses sought during Interim Fee Period | $222.00 |
| Petition Date | September 9, 2024 |
| Retention Date | November 13, 2024, effective as of September 24, 2024 |
| Date of order approving employment | November 13, 2024 |
| Total compensation approved by interim order to date | $2,000,377.00 |
| Total expenses approved by interim order to date | $12,238.06 |
| Total allowed compensation paid to date | $2,051,931.80 |
| Total allowed expenses paid to date | $12,293.46 |
| Blended rate in Interim Fee Application for all Attorneys | $684.58 |
| Blended rate in Interim Fee Application for all Timekeepers | $637.21 |
| Compensation sought in this Interim Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $51,554.80 |
| Expenses sought in this Interim Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $55.40 |
| Number of professionals included in this Interim Fee Application | 8 |
| If applicable, number of professionals in this Interim Fee Application not included in staffing plan | 1 |
| If applicable, difference between fees budgeted and compensation sought for this Fee Period | ($45,775.50) |
| Number of professionals billing fewer than 15 hours to the case during this Fee Period: | 4 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this Interim Fee Application using the rates originally disclosed in the retention application: | No |