# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>September 4, 2025, at 4:00 p.m. (ET)<br>**Hearing Date:**<br>September 11, 2025, at 1:00 p.m. (ET) |

**COMBINED TENTH MONTHLY FEE APPLICATION (FOR THE PERIOD JUNE 1, 2025 THROUGH AND INCLUDING JUNE 30, 2025) AND THIRD INTERIM FEE APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2025, THROUGH AND INCLUDING JUNE 30, 2025**

| | |
|---|---|
| Name of Professional: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 22, 2024, *nunc pro tunc* to September 9, 2024 |
| Monthly period for which compensation and reimbursement is sought: | June 1, 2025 through June 30, 2025 |
| Amount of monthly compensation sought as actual, reasonable and necessary: | $117,467.20 (80% of $146,834.00) |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| | |
|---|---|
| Amount of monthly reimbursement sought as actual, reasonable and necessary: | $4,556.43 |
| Interim period for which compensation and reimbursement is sought: | April 1, 2025 through June 30, 2025 |
| Amount of interim compensation sought as actual, reasonable and necessary: | $568,482.00 |
| Amount of interim reimbursement sought as actual, reasonable and necessary: | $10,638.29 |

This is a __x__ monthly __x__ interim ___ final application

The total time expended for preparation of this fee Application is approximately 15 hours and the corresponding compensation requested is approximately $13,000.00.

If this is not the first fee Application filed, disclose the following for each prior fee Application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 11/26/24 D.I. 1252 | 9/9/24-9/30/24 | $478,009.00/$48,690.26 | $478,009.00/$48,690.26 |
| 12/6/24 D.I. 1318 | 10/1/24-10/31/24 | $583,013.00/$17,511.93 | $583,013.00/$17,511.93 |
| 12/19/24 D.I. 1399 | 11/1/24-11/30/24 | $467,263.50/$18,162.83 | $467,263.50/$18,162.83 |
| 1/24/25 D.I. 1848 | 12/1/24-12/31/24 | $447,925.00/$12,810.94 | $447,925.00/$8,087.94 |
| 3/17/25 D.I. 2251 | 1/1/25-1/31/25 | $377,279.00/$15,448.92 | $377,279.00/$15,448.92 |
| 4/14/25 D.I. 2560 | 2/1/25-2/28/25 | $292,123.00/$7,364.79 | $292,123.00/$7,364.79 |
| 5/6/25 D.I. 2692 | 3/1/25-3/31/25 | $341,743.50/$7,470.30 | $340,431.00/$7,286.30 |
| 6/20/25 D.I. 2895 | 4/1/25-4/30/25 | $250,732.00/$2,184.21 | $200,585.60/$2,184.21 |
| 7/29/25 D.I. 3013 | 5/1/25-5/31/25 | $447,925.00/$12,810.94 | Pending |

## MONTHLY COMPENSATION BY PROFESSIONAL

**BIG LOTS, INC., et al.**
**(Case No. 24-11967 (JKS))**

**June 1, 2025 through June 30, 2025**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,895 | 0.6 | 1,137.00 |
| Andrew R. Remming | Partner/Bankruptcy. Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2008. | 1,295 | 17.4 | 22,533.00 |
| Daniel B. Butz | Senior Counsel/Bankruptcy. Joined the firm as an associate in 2002. Member of the DE Bar since 2002. | 1,095 | 39.9 | 43,690.50 |
| Sophie Rogers Churchill | Associate/Bankruptcy. Joined the firm as an associate in 2021. Member of the DE Bar since 2022. | 770 | 29.6 | 22,792.00 |
| Casey B. Sawyer | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 675 | 36.6 | 24,705.00 |
| Brianna N. V. Turner | Associate/Bankruptcy. Joined the firm as an associate in 2024. Member of the DE Bar since 2024. | 625 | 33.7 | 21,062.50 |
| Desiree M. Vale | Paralegal | 435 | 11.8 | 5,133.00 |
| John Lawrence | Paralegal | 435 | 7.8 | 3,393.00 |
| Radha Chevli | Paralegal | 435 | 3.1 | 1,348.50 |
| Marie Reed | Legal Assistant | 385 | 2.4 | 924.00 |
| Valerie Walker | Legal Assistant | 385 | 0.3 | 115.50 |
| **Total** | | **801.50** | **183.2** | **$146,834.00** |
| **BLENDED RATE: $801.50** | | | | |
| **ATTORNEY BLENDED RATE: $861.34** | | | | |

**MONTHLY COMPENSATION BY PROJECT CATEGORY**

**BIG LOTS, INC., et al.**
**(Case No. 24-11967 (JKS))**

**June 1, 2025 through June 30, 2025**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 0.60 | 657.00 |
| Asset Dispositions/363 Sales | 3.10 | 3,030.50 |
| Automatic Stay Matters | 10.20 | 9,382.50 |
| Creditor Communications and Meetings | 1.00 | 708.00 |
| Fee Applications (MNAT - Filing) | 11.80 | 7,070.00 |
| Fee Applications (Others - Filing) | 17.30 | 10,097.50 |
| Executory Contracts/Unexpired Leases | 5.40 | 3,793.00 |
| Other Contested Matters | 16.80 | 13,870.50 |
| Tax Matters | 6.40 | 5,379.00 |
| Insurance Matters | 2.10 | 2,317.50 |
| Utility Matters | 0.10 | 109.50 |
| Vendor/Supplier Matters | 0.20 | 259.00 |
| Court Hearings | 13.40 | 10,034.00 |
| Claims Objections and Administration | 25.90 | 24,108.50 |
| Litigation/Adversary Proceedings | 10.80 | 10,027.50 |
| Professional Retention (MNAT - Filing) | 0.40 | 279.50 |
| Professional Retention (Others - Filing) | 0.50 | 483.50 |
| General Corporate Matters (including Corporate Governance) | 0.50 | 587.50 |
| General Case Strategy | 9.90 | 7,504.00 |
| Schedules/SOFA/U.S. Trustee Reports | 2.90 | 1,609.50 |
| Bankruptcy Appeals | 43.90 | 35,526.00 |
| **TOTAL** | **183.20** | **$146,834.00** |

**MONTHLY EXPENSE SUMMARY**

**BIG LOTS, INC., et al.**
**(Case No. 24-11967 (JKS))**

**June 1, 2025 through June 30, 2025**

| Expense Category | Total Expenses |
|---|---:|
| In-House Printing - black & white | 343.30 |
| Pacer | 389.20 |
| In-House Printing - color | 22.40 |
| Computer Research - Westlaw | 307.53 |
| Messenger Service | 10.00 |
| Photos/Art/Special Duplicating | 3,484.00 |
| **Grand Total Expenses** | **$4,556.43** |

**INTERIM SUMMARY**
**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**April 1, 2025, through June 30, 2025**

| Fee Application Filing Date, Docket No. | Period Covered By Application | Total Fees Requested | Total Expenses Requested | Certification of No Objection, Filing Date, Docket No. | Amount of Fees Allowed (80%) | Amount of Expenses Allowed (100%) | Total Outstanding |
|---|---|---|---|---|---|---|---|
| 6/20/2025 D.I. 2895 | 4/1/25-4/30/25 | $250,732.00 | $2,184.21 | 7/15/2025 D.I. 2969 | $200,585.60 | $2,184.21 | $50,146.40 |
| 7/29/2025 D.I. 3013 | 5/1/25-5/31/25 | $170,916.00 | $3,897.65 | Pending | $0.00 | $0.00 | $174,813.65 |
| N/A | 6/1/25-6/30/25 | $146,834.00 | $4,556.43 | Pending | $0.00 | $0.00 | $151,390.43 |
| **TOTAL** | | **$568,482.00** | **$10,638.29** | | **$200,585.60** | **$2,184.21** | **$376,350.48** |

**INTERIM COMPENSATION BY PROFESSIONAL**

**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**April 1, 2025 through June 30, 2025**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy. Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,895 | 0.8 | 1,516.00 |
| Andrew R. Remming | Partner/Bankruptcy. Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2008. | 1,295 | 51.9 | 67,210.50 |
| Daniel B. Butz | Senior Counsel/Bankruptcy. Joined the firm as an associate in 2002. Member of the DE Bar since 2002. | 1,095 | 135.7 | 148,591.50 |
| Tamara K. Mann | Special Counsel/Bankruptcy. Joined the firm as an associate in 2011. Member of the DE Bar since 2011. | 1,025 | 2.1 | 2,152.50 |
| Sophie Rogers Churchill | Associate/Bankruptcy. Joined the firm as an associate in 2021. Member of the DE Bar since 2022. | 770 | 144.9 | 111,573.00 |
| Echo Qian | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2024. | 730 | 4.2 | 3,066.00 |
| Avery Jue Meng | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 730 | 2.4 | 1,752.00 |
| Casey B. Sawyer | Associate/Bankruptcy. Joined the firm as an associate in 2023. Member of the DE Bar since 2023. | 675 | 132.5 | 89,437.50 |
| Brianna N. V. Turner | Associate/Bankruptcy. Joined the firm as an associate in 2024. Member of the DE Bar since 2024. | 625 | 153.1 | 95,687.50 |
| Byron Poland | Litigation Support | 435 | 0.2 | 87.00 |
| Desiree M. Vale | Paralegal | 435 | 52.5 | 22,837.50 |
| John Lawrence | Paralegal | 435 | 27.6 | 12,006.00 |

7

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Rebecca L. Weidman | Paralegal | 435 | 12.9 | 5,611.50 |
| Radha Chevli | Paralegal | 435 | 7.4 | 3,219.00 |
| Marie Reed | Legal Assistant | 385 | 8.7 | 3,349.50 |
| Valerie Walker | Legal Assistant | 385 | 1.0 | 385.00 |
| **Total** | | **770.41** | **737.9** | **568,482.00** |
| **BLENDED RATE: $770.41** | | | | |
| **ATTORNEY BLENDED RATE: $830.13** | | | | |

**INTERIM COMPENSATION BY PROJECT CATEGORY**
**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**
**April 1, 2025 through June 30, 2025**

| Project Category | Total Hours | Total Fees |
| --- | --- | --- |
| Case Administration | 4.2 | 2,480.00 |
| Asset Dispositions/363 Sales | 8.8 | 8,033.50 |
| Automatic Stay Matters | 16.6 | 15,345.50 |
| Creditor Communications and Meetings | 2.6 | 1,929.00 |
| Fee Applications (MNAT - Filing) | 51.3 | 35,016.50 |
| Fee Applications (Others - Filing) | 65.8 | 37,524.00 |
| Fee Applications (Other - Objections) | 0.6 | 405.00 |
| Executory Contracts/Unexpired Leases | 144 | 110,558.50 |
| Other Contested Matters | 26.7 | 22,354.50 |
| Employee Matters | 1.1 | 994.50 |
| Financing Matters/Cash Collateral | 0.7 | 534.50 |
| Tax Matters | 86.9 | 65,797.00 |
| Insurance Matters | 4.8 | 4,632.00 |
| Utility Matters | 1.2 | 1,272.00 |
| Vendor/Supplier Matters | 0.4 | 498.00 |
| Court Hearings | 93.6 | 73,056.50 |
| Claims Objections and Administration | 100.2 | 87,557.50 |
| Plan and Disclosure Statement | 4.7 | 4,293.50 |
| Litigation/Adversary Proceedings | 12.3 | 11,460.00 |
| Professional Retention (MNAT - Filing) | 1.3 | 886.50 |
| Professional Retention (Others - Filing) | 2.5 | 1,817.00 |
| General Corporate Matters (including Corporate Governance) | 1.4 | 1,372.00 |
| General Case Strategy | 29.1 | 21,128.50 |
| Schedules/SOFA/U.S. Trustee Reports | 8.5 | 4,845.00 |
| Bankruptcy Appeals | 68.6 | 54,691.00 |
| **TOTAL** | **737.90** | **$568,482.00** |

**INTERIM EXPENSE SUMMARY**

**BIG LOTS, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**April 1, 2025 through June 30, 2025**

| Expense Category | Total Expenses |
|---|---|
| Pacer | 1,189.80 |
| In-House Printing - black & white | 3,125.10 |
| In-House Printing - color | 43.20 |
| Computer Research - Westlaw | 1,264.08 |
| Photos/Art/Spec Duplicating-Out of Office | 3,484.00 |
| Meals | 372.00 |
| Courier/Delivery Service | 504.26 |
| Transcripts | 625.85 |
| Messenger Service | 30.00 |
| **Grand Total Expenses** | **$10,638.29** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>September 4, 2025, at 4:00 p.m. (ET)<br>**Hearing Date:**<br>September 11, 2025, at 1:00 p.m. (ET) |

**COMBINED TENTH MONTHLY FEE APPLICATION (FOR THE PERIOD JUNE 1, 2025 THROUGH AND INCLUDING JUNE 30, 2025) AND THIRD INTERIM FEE APPLICATION OF MORRIS, NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD APRIL 1, 2025, THROUGH AND INCLUDING JUNE 30, 2025**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as bankruptcy co-counsel for the debtors and debtors in possession in the above-captioned cases (the "Debtors"), submits this fee application (the "Fee Application") for (i) allowance of compensation for professional services rendered by Morris Nichols to the Debtors for the period of June 1, 2025 through June 30, 2025 (the "Monthly Application Period"); (ii) reimbursement of actual and necessary expenses incurred by Morris Nichols during the Monthly Application Period in rendering professional services on behalf of the Debtors; (iii) interim allowance of reasonable

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

compensation for professional services rendered by Morris Nichols to the Debtors for the period April 1, 2025 through June 30, 2025 (the "Interim Application Period"); and (iv) interim reimbursement of actual and necessary expenses and disbursements incurred by Morris Nichols in rendering professional services on behalf of the Debtors during the Interim Application Period, pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (D.I. 519) (the "Interim Compensation Procedures Order").[2] In support of this Fee Application, Morris Nichols represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

---

[2] Capitalized terms used but not defined herein are defined in the Interim Compensation Procedures Order.

**BACKGROUND**

3. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

**MORRIS NICHOLS'S RETENTION**

5. Prior to the commencement of these chapter 11 cases, the Debtors retained Morris Nichols to provide advice regarding, among other things, preparing for, commencing, and prosecuting these cases under chapter 11 of the Bankruptcy Code. On September 18, 2024, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 211) (the "Morris Nichols Retention Application").

6. On October 22, 2024, this Court granted the Morris Nichols Retention Application pursuant to the *Order Authorizing the Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 587) (the "Morris Nichols Retention Order").

**INTERIM COMPENSATION PROCEDURES ORDER**

7. The Court entered the Interim Compensation Procedures Order on October 17, 2024. The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all retained Professionals in these cases.

8. In particular, the Interim Compensation Procedures Order provides that

3

Professionals may file and serve a Monthly Fee Application following the month or months for which compensation is sought, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. Parties in interest will have 21 days (or the next business day if such day is not a business day) after the filing of a Monthly Fee Application (the "Objection Deadline") to object to the requested compensation for services rendered and reimbursement of expenses incurred.  Provided that there are no objections to such Monthly Fee Application filed before the expiration of the Objection Deadline, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9. Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.

## RELIEF REQUESTED

10. Morris Nichols submits this Fee Application for (i) monthly and interim allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as co-counsel for the Debtors in these cases during the Monthly and Interim Application Periods and (ii) monthly and interim reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols in representing the Debtors during the Monthly and Interim Application Periods.

## MONTHLY APPLICATION PERIOD

11. During the Monthly Application Period, Morris Nichols incurred fees in the amount of $146,834.00.  For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $4,556.43.  As of the date of this Fee Application, Morris Nichols has received no payments with respect to these amounts.

12. Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols's timekeepers billing time to the Debtors' cases during the Application Period.

13. **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided during the Monthly Application Period.

14. **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Monthly Application Period.

**INTERIM APPLICATION PERIOD**

15. During the Interim Application Period, Morris Nichols (i) provided professional services to the Debtors and incurred actual, reasonable, and necessary fees in the amount of $568,482.00, and (ii) incurred actual, reasonable, and necessary expenses totaling $10,638.29.

16. **Exhibits C** and **D** attached hereto, contain certain schedules pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses as per the U.S. Trustee Guidelines.

17. No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

18. The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of his or her information, knowledge, and belief that this Fee Application complies with that Rule.

5

**INFORMATION RELATED TO THE REVISED U.S. TRUSTEE GUIDELINES**

19. Morris Nichols provides the following information pursuant to the U.S. Trustee Guidelines.

20. Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Morris Nichols' hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

21. The blended hourly rate for all Morris Nichols timekeepers who worked on these cases is less than as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters") during the Interim Application Period was, in the aggregate, approximately $914.78. By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on this case during the Interim Application Period was, in the aggregate, $770.41.

22. The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar) in the Application and in comparison to the blended hourly rate for Morris Nichols' non-Chapter 11 matters:

6

| Position at Morris Nichols | Blended Hourly Rate for Interim Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $1,304 | $1,186 |
| Senior Counsel | $1,095 | $1,010 |
| Special Counsel | $1,025 | $892 |
| Associate | $690 | $689 |
| Paraprofessionals | $431 | $327 |

23. In addition, Morris Nichols provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **No**.

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **Not Applicable.**

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **No**.

d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. **No. Morris Nichols reserves the right to seek such fees in subsequent applications**.

e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **Morris Nichols spent 2.3 hours reviewing time records to redact privileged or other confidential information, for a total of $1,437.50 in fees.**

f. If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? **On December 16, 2024, the Debtors filed a Notice of Rate Change for Morris, Nichols, Arsht & Tunnell LLP (D.I. 1357) reflecting customary annual rate increases.**

7

WHEREFORE, Morris Nichols respectfully requests that this Court (a) allow Morris Nichols (i) monthly compensation in the amount of $146,834.00 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors during the Monthly Application Period; and (ii) monthly reimbursement in the amount of $4,556.43 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period; and (b) allow Morris Nichols (i) interim compensation in the amount of $568,482.00 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Interim Application Period, (ii) interim reimbursement of $10,638.29 for actual, reasonable, and necessary expenses incurred during the Interim Application Period, (c) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors; and (iii) grant such other further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: August 14, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Sophie Rogers Churchill*<br>Robert J. Dehney, Sr. (No. 3578)<br>Andrew B. Remming (No. 5120)<br>Daniel B. Butz (No. 4227)<br>Sophie Rogers Churchill (No. 6905)<br>Brianna N. V. Turner (No. 7468)<br>1201 N. Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>dbutz@morrisnichols.com<br>srchurchill@morrisnichols.com<br>bturner@morrisnichols.com<br><br>*Counsel to the Debtors and Debtors in Possession* |