**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Big Lots, Inc., *et al.* | Case No. 24-11967 (JKS) |
| Debtor(s). | (Jointly Administered) |
|  | Hrg. Date: 9/11/25 at 1:00 p.m.<br>Obj. Deadline: 9/4/25 |

**ADAM HERRERA'S MOTION FOR RELIEF FROM STAY**

Creditor, Adam Herrera (hereinafter "Creditor"), by and through undersigned counsel, hereby submits this motion (the "Motion") for entry of an Order modifying the automatic stay and/or any plan injunction, pursuant to 11 U.S.C. §§ 105(a), 362 and 524. More specifically, Creditor seeks authority to proceed with legal action against the Debtor, Big Lots, Inc. (the "Debtors"), as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds. In support of this Motion, Creditor respectfully avers as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory and procedural predicates for the relief requested herein are sections 105(a), 362 and 524 of Title 11 of the United States Code (the "Bankruptcy Code"), and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)").

**PROCEDURAL AND FACTUAL BACKGROUND**

1

5.      By way of background, Creditor has pre-petition personal injury and negligence claims against the Debtors.

6.      On October 27, 2023, Creditor was injured at the Big Lots store number 5452 in Rossford, OH. (the "State Court Action").

7.      Upon information and belief, the Debtors are insured for Creditor's claims thereagainst.

8.      On September 9, 2024 (the "Petition Date"), Big Lots and several affiliated debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. These cases have been consolidated for procedural purposes and are jointly administered under Case No. 24-11967-JKS.

## RELIEF REQUESTED AND BASIS THEREFOR

9.      By this Motion, Creditor seeks the entry of an Order modifying the stay and/or any plan injunction.

10.     Specifically, Creditor seeks the entry of an Order permitting Creditor to pursue his State Court Action against the Debtor(s), as nominal defendant(s) thereto, to fix the amount owed to Creditor, and to collect thereon against the Debtor(s)' insurance policies, as permissible by law.

11.     To be clear, Creditor is not seeking and will not seek to collect any sums directly from the Debtor(s) outside of this bankruptcy court proceeding unless and until this Court orders that Creditor may do so.

12.     Section 362(d)(1) of the Bankruptcy Code provides that relief from the stay may be granted "for cause, including the lack of adequate protection of an interest in property..." 11

U.S.C. § 362(d)(1).

13.     Under 11 U.S.C. § 362(d)(1), the automatic stay imposed after filing for bankruptcy

can be lifted, so long as an interested party can demonstrate "cause."

14.     A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a

case by case basis. *In the Matter of Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del.

1992) ("Rexene Products"). This Court relies upon a three-pronged balancing test in

determining whether "cause" exists for granting relief from the automatic stay to continue

litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from

continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by

maintenance of the stay outweighs the debtor's hardship; and (3) the creditor's probability of

success on the merits. S*ee In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009). To

establish cause, Movants must show that the "balance of hardships from not obtaining relief

tips significantly in [their] favor.", 298 B.R. 222, 225 (D. Del. 2003) (internal citation

omitted).

15.     11 U.S.C. § 362(g) provides:

In any hearing under subsection (d) or (e), concerning relief from the stay of any act under
subsection (a) of this section—
(1)     the party requesting such relief has the burden of proof on the issue of the debtor's equity
in property; and
(2)     the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

16.     Here, cause exists to grant the relief requested.  Neither the Debtor(s) or their

bankruptcy estates will be prejudiced by permitting the relief requested herein. In fact,

permitting such action is likely to benefit the Debtors and their estates, in that, a satisfaction of

sums due to Creditor by non-Debtor parties will reduce Creditor's claim against the Debtor(s)

and their estates accordingly. Moreover, Creditor's existing hardship in collecting against non-Debtor parties will undoubtedly be exacerbated, far outweighing any hardship to the Debtor(s), if the stay is not modified and Creditor is not permitted to pursue the legal action. And finally, under the circumstances presented, Creditor has colorable claims against non-Debtor parties, and is deserving of an opportunity to pursue those claims through the legal action proposed herein.

17.     Also, Creditor seeks an order modifying any plan injunction terms so that it does not enjoin Creditor from proceeding with his State Court Action to collect solely from the Debtors' available insurance.

18.     Any plan injunction must make clear that nothing in the plan constitutes a prohibition on any existing right to proceed against the Debtors' applicable insurance policies and proceeds.

19.     Also notably, the discharge injunction imposed by Bankruptcy Code Section 524(a) does not enjoin a creditor from seeking to establish a debtor's liability in order to collect from the debtors' insurers. Bankruptcy Code Section 524(e) assures creditors that a debtor's discharge will not prohibit them from collecting the full amount of the debtor's debt from co-debtors, insurers, guarantors, or other liable parties. S*ee First Fidelity Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993). And, Courts interpreting Section 524(e) have routinely held that the discharge injunction does not prevent a creditor from establishing an insurer's liability by proceeding against a discharged debtor.

20.     For the foregoing reasons, Creditor respectfully requests that the stay and/or plan injunction be modified, and an Order entered granting Creditor authority to proceed with his State Court against the Debtor(s), as nominal parties only, and to proceed to collect any

judgment or settlement obtained solely against available insurance proceeds.

CONCLUSION

21.    In accordance with the foregoing, Creditor respectfully requests entry of an Order

granting the relief requested herein and such other and further relief as this Bankruptcy Court

deems just and proper.

Date: August 26, 2025

Respectfully Submitted,
COLLINS PRICE WARNER &
WOLOSHIN
*/s/ Raeann Warner*
Raeann Warner (# 4931)
8 East 13th Street
Wilmington, DE 19801
302-655-4600
raeann@cpwwlaw.com