**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 9, 2025 at 10:00 a.m. (ET)<br>Objection Deadline: September 19, 2025 at 4:00 p.m. (ET) |

**SEDGWICK CLAIMS MANAGEMENT SERVICES' MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

Sedgwick Claims Management Services ("Sedgwick"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 503(b)(1)(A) and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code") (i) allowing and directing payment to Sedgwick on its administrative expense claim in an amount not less than $614,440.27 (the "Administrative Claim") and (ii) granting such other relief as this Court deems to be just, fair and equitable under the circumstances. In support of this Motion, Sedgwick respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores – PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores – CSR, LLC (6182); CSC Distribution, LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

IMPAC - 12434116v.5

*Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, Sedgwick consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are sections 105, 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## BACKGROUND

5. On September 9, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing these cases (the "Chapter 11 Cases"). These Chapter Cases are being jointly administered under case number 24-11967 (JKS). Docket. No. 95.

6. On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556] (the "GBRP Sale Order"). The GBRP Sale was subsequently consummated on January 3,

2

2025. *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [Docket No. 1588].

7. On February 7, 2025, the Debtors filed *Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* (the "Pre-Closing Bar Date Motion") [Docket No. 1962]. The Pre-Closing Bar Date Motion provided that administrative expense claims incurred after January 3, 2025 (the "Post-Closing Administrative Expense Claims") would not be subject to the procedures set forth in the Motion. The Debtors intend to pay Post-Closing Administrative Expense Claims in the ordinary course pursuant to the GBRP Sale Order and APA (as defined in the GBRP Sale Order), to the extent such Post-Closing Administrative Expense Claims are included in, and contemplated to be paid by, the APA Administrative Budget (Exhibit F to the GBRP Sale Order), the Winddown Budget (Exhibit G to the GBRP Sale Order), or the Agency Agreement (Exhibit H to the GBRP Sale Order) (collectively, the "APA Budgets").

8. On February 27, 2025, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [Docket No. 2110].

9. Following the Petition Date, Sedgwick provided post-petition services to Debtor Big Lots Stores, LLC including, but not limited to the administration insurance claims, including worker's compensation claims for the Debtors (collectively, the "Services"). Below is a list of invoices that were issued for the Services provided by Sedgwick post-petition:

IMPAC - 12434116v.5

| Invoice Number | Date of Invoice | Total Amount |
|---|---|---|
| SF-0147-2025-01622740 | Jan. 4, 2025 – Jan. 15, 2025 | $244,828.57[2] |
| SF-0147-2025-01639633 | Feb. 3, 2025 – Feb. 15, 2025 | $64,764.81 |
| SF-0147-2025-01656210 | Mar. 3, 2025 – Mar. 15, 2025 | $1,852.47 |
| SF-0147-2025-01663354 | Mar. 17, 2025 – Mar. 31, 2025 | $10,760.19 |
| SF-0147-2025-01674044 | Apr. 1, 2025 – Apr. 15, 2025 | $4,198.31 |
| SF-0147-2025-01681055 | Apr. 16, 2025 – Apr. 30, 2025 | $1,561.46 |
| SF-0147-2025-01710127 | Jun. 2, 2025 – Jun. 15, 2025 | $2,899.71 |
| SF-0147-2025-01718624 | Jun. 16, 2025 – Jun. 30, 2025 | $1,946.11 |
| SF-0147-2025-01728013 | Jul. 2, 2025 – Jul. 15, 2025 | $5,611.32 |
| SF-0147-2025-01734562 | Jul. 17, 2025 – Jul. 31, 2025 | $1,079.14 |
| 400000227938 | Mar. 1, 2025. – May 31, 2025 | $172,827.15 |
| 400000247186 | Jun. 1, 2025 – Aug. 31, 2025 | $102,111.03 |
| **Total Amount** | | **$614,440.27** |

10. The Debtors utilized and received the benefits of Sedgwick's Services in connection with the Debtors operation of their businesses and generation of post-petition revenue. However, the Debtors have failed to pay Sedgwick the outstanding balance of $614,440.27 that is due and payable for the Services provided post-petition at the request and for the benefit of

---

[2] This amount is less than the amount on the invoice because the invoice is for January 2 through 15, 2025 and, therefore covers time period before January 3, 2025. The $244,828.57 is the amount that was accrued after January 3, 2025.

Debtors. (the "Balance").  The claims funding summary invoices are attached hereto as **Exhibit B**.[3]

11.  The services provided were actual, necessary costs and expenses of preserving the estate, and as such are entitled to administrative expense priority under section 503(b)(1)(A) of the Bankruptcy Code.

## RELIEF REQUESTED

12.  By this Motion, Sedgwick hereby requests entry of the proposed order attached hereto as **Exhibit A**, allowing Sedgwick' Administrative Claim in the amount of $614,440.27, and directing the debtors to immediately pay the Administrative Claim.

## BASIS FOR RELIEF

13.  Section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . the actual, necessary costs of preserving the estate."  The touchstone of whether a claim is entitled to administrative expense status under section 503(b)(1)(A) is whether a benefit was provided to the debtor's estate post-petition. *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW), 2021 Bankr. LEXIS 1980, at *14 (Bankr. D. Del. July 27, 2021).

14.  Determining whether a creditor has an administrative claim is a two-prong test. First, the claimant must show either that the debtor- in-possession incurred the transaction on which the claim is based, or that the claimant furnished the consideration to the debtor- in-possession.  Second, it must show that the transaction resulted in a direct benefit to the debtor- in-possession. *In re Harnischfeger Indus., Inc.,* 293 B.R. 650, 659 (Bankr. D. Del. 2003); *see also In re O'Brien Envtl. Energy, Inc.,* 181 F.3d at 532-33.  The underlying purpose behind section 503 is

---

[3] The underlying invoices contain potentially confidential and sensitive business information and are therefore not attached hereto, but will be made available upon reasonable request.

that for a reorganization to succeed, "creditors that are asked to extend credit after the petition is filed must be given priority so they will be moved to furnish the necessary credit to enable the debtor to function." *In the* Matter *of Jartran, Inc.,* 732 F.2d 584, 586 (7th Cir. 1984) (citing *In re Mammoth Mart, Inc.,* 536 F.2d 950, 954 (1st Cir. 1976)); 4 COLLIER ON BANKRUPTCY, 503.06[3][a] (Richard Levin & Henry J. Sommer eds., 16thed.). Therefore, "when third parties are induced to supply goods or services to the debtors-in-possession . . . the purposes of [§ 503] plainly require that their claims be afforded priority." *Jartran,* 732 at 586 (quoting *Mammoth Mart* at 954).

15. As evidenced by the above detail and the summary invoices, attached hereto as **Exhibit B**, the Debtors utilized and relied upon Sedgwick's Services post-petition in connection with Debtors' ongoing business operations and generation of revenue. Nevertheless, the Debtors have failed to pay Sedgwick the outstanding balance of $614,440.27 due and payable for the Services provided during the post-petition period. The cost of the Services, as evidenced by the Balance, is therefore an actual, necessary cost and expense of preserving Debtors' estate.

16. In this case, Sedgwick meets the standard for an administrative expense claim. The Debtors requested that Sedgwick's Services after the Petition Date; Sedgwick provided the Services post-petition; and the Debtors accepted the benefits of Sedgwick's post-petition Services.

17. Sedgwick's Services were of critical importance to the Debtors' estates. Absent Sedgwick's Services, the Debtors would have had to procure a replacement claims administrator, thus interrupting business operations and diverting Debtors' time, attention, and financial resources away from these Chapter 11 Cases. Without the Services performed by Sedgwick post-petition, the Debtors likely would have faced more challenges, costs and delay to the detriment of their estates.

IMPAC - 12434116v.5

18. Accordingly, Sedgwick is entitled to an Administrative Claim in the amount of $614,440.27 for its Services performed post-petition, as these are costs and expenses that are "actual" and "necessary" to "preserving the estate" and arise out of post-petition transactions.

## NOTICE

19. Notice of this Motion has been given to: (i) counsel for the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to the Committee; and (iv) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Sedgwick submits that no other or further notice is necessary.

## RESERVATION OF RIGHTS

20. Sedgwick expressly reserves any and all other rights, objections, claims, and/or causes of action it may assert against Debtors, including, without limitation, the right to assert additional claims or administrative expenses against the Debtors and their estates, and to amend, modify, or supplement this request in advance of, or in connection with, any hearing on the Motion.

21. Sedgwick expressly reserves any and all rights to submit additional documents or evidence to support its administrative expense claims as required and appropriate.

## CONCLUSION

WHEREFORE, Sedgwick respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, that allows Sedgwick' Administrative Claim in the amount of $614,440.27 and directs the Debtors to immediately pay the Administrative Claim.

[*Remainder of the Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: September 5, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Sameen Rizvi*<br>Aaron H. Stulman (No. 5807)<br>Sameen Rizvi (No. 6902)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile:  (302) 658-1192<br>Email:  astulman@potteranderson.com<br>         srizvi@potteranderson.com<br><br>-and-<br><br>Lloyd A. Lim, Esq.<br>Kristina P. Tipton, Esq.<br>Rachel T. Kubanda, Esq.<br>**KEAN MILLER LLP**<br>Pennzoil South Tower<br>711 Louisiana Street, Suite 1800<br>Houston, Texas 77002<br>Telephone: (713) 844-3000<br>Facsimile:  (713) 844-3030<br>Email: lloyd.lim@keanmiller.com<br>         kristina.tipton@keanmiller.com<br>         rachel.kubanda@keanmiller.com<br><br>*Counsel for Sedgwick Claims Management Services, Inc.* |