# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL THE MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE INTERCHANGE DEFENDANTS

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby move (this "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below and sealing certain information in the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (collectively, the "**Settlement Motion**").[2] In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein are defined in the Settlement Motion.

## RELIEF REQUESTED

1.      Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Debtors request entry of an order (a) authorizing the Debtors to file under seal and to redact certain portions of the Settlement Motion, which contains sensitive commercial information from the ongoing case captioned *Target Corp., et al. v. Visa Inc., et al.*, No. 13-cv-03477 (S.D.N.Y.). (the "**Confidential Information**") and (b) directing that the Confidential Information shall remain under seal and confidential and not be made available to any person without the prior written consent of the Debtors.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Rule 9013-1(f) of the *Local Rules of the United States Bankruptcy Court for the District of Delaware* (the "**Local Rules**"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions with this Court under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors continue to manage their assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On September 23, 2024, the

Office of the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. Of Appointment of Comm. Of Unsecured Creditors* [D.I. 248].

5.     The factual background relevant to this Motion is described in the Settlement Motion and incorporated herein by reference.  Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1].

6.     Prior to the Petition Date, Big Lots became a plaintiff in pending litigation captioned *Target Corp., et al. v. Visa Inc., et al.*, No. 13-cv-03477 (S.D.N.Y.), on remand from *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL 1720 (E.D.N.Y.) (the "**Interchange Action**").

7.     The Interchange Action is one of the "Specified Proceedings" in that certain January 3, 2025, asset purchase agreement (the "**GBRP APA**") by and among the Debtors and Gordon Brothers Retail Partners, LLC ("**GBRP**").   Under Section 7.13 of the GBRP APA, the Debtors and GBRP are obligated to cooperate in good faith with respect to pursuing any Specified Proceedings and use reasonable best efforts to secure the value of any such proceedings.

8.     On April 29, 2025, in accordance with the Debtors' obligations under the GBRP APA, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of Certain Litigation-Related Agreements and (II) Granting Related Relief* [D.I. 2647] (the "**Assumption Motion**"), which is incorporated herein by reference.

9.      On May 21, 2025, this Court entered the *Order (I) Approving the Debtors'
*Assumption of the Litigation-Related Agreements and (II) Granting Related Relief* [D.I. 2775],
granting the relief sought in the Assumption Motion.

10.     As of the date hereof, as more fully described in the Settlement Motion, the Debtors
have executed a confidential settlement agreement with respect to the Interchange Action, which
remains pending for other plaintiffs and the defendants to the action (the "**Settlement
Agreement**").

<u>**BASIS FOR RELIEF**</u>

11.     Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may
authorize the Debtors to file the Confidential Information under seal.  Section 107(b) of the
Bankruptcy Code is a codified exception to the general rule of access and protects entities from
potential harm caused by the disclosure of confidential information.  Specifically, section 107(b)
provides, in relevant part:

> (b)    On request of a party in interest, the bankruptcy court shall,
> and on the bankruptcy court's own motion, the bankruptcy
> court may—
> (1)    protect an entity with respect to a trade secret or
> confidential research, development, or commercial
> information . . . .

11 U.S.C. § 107(b).

12.     Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a
party in interest may obtain a protective order authorizing the filing of a document under seal
pursuant to section 107(b) of the Bankruptcy Code.  Bankruptcy Rule 9018 provides, in relevant
part:

> On motion or on its own, the court may, with or without notice, issue
> any order that justice requires to . . . protect the estate or any entity

>                  regarding a trade secret or other confidential research, development
>                  or commercial information . . . .

Fed. R. Bankr. P. 9018; *accord* Del. Bankr. L.R. 9018-1(d).

13.    Once a court determines that a party in interest is seeking protection of information

that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the

court is *required* to protect a requesting interested party and has no discretion to deny the

application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*,

21 F.3d 24, 27 (2d Cir. 1994).

14.    Courts have held that protection under section 107(b) must be granted if the

information sought to be protected is "commercial information," which need not rise to the level

of a trade secret to be entitled to protection.  *See, e.g.*, *Orion Pictures*, 21 F.3d at 28 (concluding

that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial

information' nor requires the latter to reflect the same level of confidentiality as the former").

Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b)

of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good

cause."  *Id.*  Nor does section 107(b) of the Bankruptcy Code require a finding of "extraordinary

circumstances or compelling need."  *Id.* at 27.

15.    Rather, a party seeking the protection of section 107(b) need only demonstrate that

the information is "confidential" and "commercial" in nature.  *Id*. at 27; *see also In re Glob.

Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of

Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could

reasonably be expected to cause the entity commercial injury").  Once it is established that the

subject information qualifies as "commercial information" under section 107(b)(1), the

Bankruptcy Code mandates that this information be protected from disclosure.  *See id*.

## THE MOTION TO SEAL SHOULD BE GRANTED

16.     Cause exists to redact the Confidential Information because the information contained therein constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as the provisions and terms of the Confidential Information in the Settlement Motion reflect sensitive commercial negotiations between opposing litigants in the Interchange Action, which remains pending as to other parties.  Due to the ongoing litigation in the Interchange Action, broad publication of the Confidential Information, which contains the terms of the Settlement Agreement, may violate the terms of the Settlement Agreement, which in turn may subject the Debtors to liability and jeopardize the settlement.

17.     Furthermore, none of the settlements made thus far in the Interchange Action have been made public, and publication of the Confidential Information may disrupt or impede settlements for other parties to the Interchange Action and other cases that were or are still part of the *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* MDL by disclosing terms of the Settlement Agreement, which may be unique to the Debtors. This would be inappropriate and potentially harmful to other parties to the ongoing Interchange Action, who in turn may seek recourse against the Debtors.

18.     Accordingly, the Debtors submit that good cause exists for the Court to grant them leave to file under seal and to redact the Settlement Motion.

19.     The Debtors have provided an unredacted version of the Settlement Motion to the Court and the Office of the United States Trustee pursuant to Local Rule 9018-1.  The Debtors have filed or will file a redacted version of the Settlement Motion and Confidential Information substantially contemporaneously herewith.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

20.     To the best of the knowledge, information, and belief of the undersigned counsel to the Debtors, the Confidential Information is subject to the confidentiality rights (as defined in Local Rule 9018-1(d)(iii)) of the defendants to the Interchange Action, who have consented to the proposed redactions.

## NOTICE

21.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) McDermott Will & Schulte LLP and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b).

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:    September 12, 2025
          Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 /s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*