## Exhibit 1

**Redacted Motion**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date**:<br>**October 9, 2025 at 10:00 a.m. (ET)**<br><br>**Objection Deadline**:<br>**September 26, 2025 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE INTERCHANGE DEFENDANTS**

Big Lots, Inc. and certain of its affiliates (collectively, the "**Debtors**" or "**Big Lots**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (this "**Motion**"). The Motion is supported by the *Declaration of Ronald A. Robins, Jr. in Support of Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants*, attached hereto as **Exhibit A**

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

(the "**Robins Declaration**").  In further support of this Motion, the Debtors respectfully state as follows:

**RELIEF REQUESTED**

1.      By this Motion, and pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an Order, substantially in the form attached hereto as **Exhibit B** and authorizing the Debtors to enter into the settlement agreement substantially in the form attached hereto as **Exhibit C** (the "**Settlement Agreement**").

**JURISDICTION AND VENUE**

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 105(a) and 365 under the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

### A.    General Background

6.    On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief.  The Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

7.    The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[2]

8.    On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

9.    At a hearing on December 31, 2024, the Debtors sought and received Court approval to consummate a sale (the "**GBRP Sale**") of substantially all assets to Gordon Brothers Retail Partners, LLC ("**GBRP**").  On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors'*

---

[2] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores - PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores - CSR, LLC*, No. 24-11976 (JKS); *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots eCommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

*Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556]. The GBRP Sale was subsequently consummated on January 3, 2025. *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588].

10.    Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 3] and the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (collectively, the "**First Day Declaration**").

**B.    The Litigation-Related Agreements**

11.    The Debtors hereby incorporate by reference the background set forth in *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Assumption of Certain Litigation-Related Agreements and (II) Granting Related Relief* [D.I. 2647] (the "**Assumption Motion**").

12.    At the outset of the Chapter 11 Cases, the Court approved the retention of counsel from Vorys, Sater, Seymour and Pease LLP ("**Vorys**") and Gibbs & Bruns LLP ("**Gibbs**") as Ordinary Course Professionals, authorizing them to continue their ongoing representation of Debtors in pending litigation captioned *Target Corp., et al. v. Visa Inc., et al.*, No. 13-cv-03477 (S.D.N.Y.), on remand from *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL 1720 (E.D.N.Y.) (the "**Interchange Action**") pursuant to the fee terms ("**Legal Fees**") reflected in their respective engagement letters. *See Order Approving Procedures*

4

*for the Retention and Compensation of Ordinary Course Professionals* [D.I. 548]; *see also Declaration of Disinterestedness of Adam K. Brandt in Support of Employment of Vorys, Sater, Seymour and Pease LLP as a Professional Utilized in the Ordinary Course of Business* [D.I. 1014]; *Declaration of Disinterestedness of Jorge Gutierrez in Support of Employment of Gibbs & Bruns LLP as a Professional Utilized in the Ordinary Course of Business* [D.I. 1121].

13.     As set forth in the Assumption Motion and that certain Asset Purchase Agreement, dated as of January 3, 2025, by and among the Debtors and GBRP (the "**GBRP APA**"), the Debtors are party to certain litigation actions constituting "Specified Proceedings" under the GBRP APA. *See* Assumption Mot., ¶ 7; GBRP APA, § 7.13.  Under section 7.13 of the GBRP APA, both the Debtors and GBRP are obligated to cooperate in good faith with respect to pursuing any Specified Proceedings and use reasonable best efforts to secure the value of any such proceedings. *Id.*  Under section 7.13, the Debtors are entitled to retain 60% of any value that is realized from the monetization of the Specified Proceedings.  *Id.*  Payment of the Legal Fees is also expressly contemplated by the Litigation-Related Agreements.  *See* Robins Decl. ¶ 8; Assumption Mot., Exs. A–B.

14.     As set forth in the confidential schedules to the GBRP APA, the Specified Proceedings include certain pending litigation subject to the Litigation-Related Agreements (as defined below) (the "**Specified Litigation**").  On May 21, 2025, the Court approved the Debtors' assumption of the Litigation-Related Agreements, as required under the GBRP APA.  *See Order (I) Approving the Debtors' Assumption of the Litigation-Related Agreements and (II) Granting Related Relief* [D.I. 2775] (the "**Assumption Order**").

15.     As further set forth in the Assumption Motion and the Robins Declaration, pursuant to that certain Participation Agreement (the "**Participation Agreement**"), dated June 21, 2024 (as

amended, modified or otherwise supplemented thereby) by and among certain of the Debtors and

Golden Mantella, LLC ("**Purchaser**"), the Debtors sold, and the Purchaser purchased, an interest

in the Debtors' claims, interests and causes of action arising from or substantially related to the

Specified Litigation (the "**Litigation Assets**").  *See* Robins Decl., ¶ 4.  Pursuant to that certain

Upside Sharing and Coordination Agreement, dated June 21, 2024 (as amended, modified or

otherwise supplemented) by and among the Debtors and Purchaser (the "**Coordination**

**Agreement**" and together with the Participation Agreement, the "**Litigation-Related**

**Agreements**") entered into in connection with Participation Agreement, the Purchaser and the

Debtors agreed to cooperate in connection with the monetization of the Litigation Assets.  *See id.*

In connection therewith, the Debtors are entitled to receive a portion of the proceeds of recoveries

in a final adjudication or settlement of the Specified Litigation under certain recovery scenarios as

set forth in the Coordination Agreement, net of Legal Fees owed to the law firms.  *See id.*

16.    The Debtors are a plaintiff in the Interchange Action.  *See* Robins Decl., ¶ 6.  The

Interchange Action is one of the Specified Proceedings under the GBRP APA and is also a

Specified Litigation under the Litigation-Related Agreements.  *See id.*  Accordingly, subject to

certain conditions, to the extent the Debtors monetize any claims they hold in the Interchange

Action, any such proceeds would be subject to the upside sharing provisions of the Coordination

Agreement and the Participation Agreement.  The Debtors would also be required to remit 40% of

any such proceeds to GBRP pursuant to the GBRP APA.

**C.    The Interchange Settlement**

17.    On August 10, 2025, following lengthy negotiations with the defendants in the

Interchange Action (collectively, the "**Interchange Defendants**"), the Debtors reached an

agreement in principle with the Interchange Defendants providing for a settlement of all of the

Debtors' claims in the Interchange Action (the "**Interchange Settlement**").  Robins Decl., ¶ 7.
On August 29, 2025, the Debtors and the Interchange Defendants entered into a binding[3] term
sheet (the "**Settlement Term Sheet**") providing for the terms of the Interchange Settlement and
obligating the parties to negotiate in good faith on a definitive settlement agreement.  *Id.*  On
September 12, 2025, the Debtors and the Interchange Defendants executed the Settlement
Agreement, subject in all respects to approval of the Interchange Settlement by this Court.  *Id.*

18.    The terms of the Interchange Settlement, as more fully detailed in the Robins
Declaration and the Settlement Agreement attached hereto as **Exhibit C**, are subject to customary
confidentiality provisions, but are summarized below:



---

[3] For the avoidance of doubt, the Debtors' entry into the Settlement Term Sheet was subject in all respects to
approval of the Interchange Settlement by the Court.

| Summary of Interchange Settlement | |
| --- | --- |
| **Settlement Payment** | ████████████████████████████████ |
| **Effectiveness** | ████████████████████████████████ |

19.     Upon receipt of the Settlement Payment, the Debtors' estates will receive ████ ████ in proceeds, which is net of (a) ████████ owed to GBRP under the GBRP APA,[4] (b) ████████ in Legal Fees owed to Vorys and ████████ in Legal Fees owed to Gibbs, each under their approved agreements as counsel to Big Lots in the Interchange Action, and (c) approximately ████████████████████████████████ .

## BASIS FOR RELIEF

20.     Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). The Third Circuit has emphasized that

---

[4] *See* Robins Decl., ¶ 5.

"[c]ompromises are favored in bankruptcy." *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (quoting COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. 1993)); *see also In re World Health Alts., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). Additionally, the Third Circuit has recognized that "'(i) administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'" *In re Penn Cent. Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) (quoting *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

21.     "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc*., 211 B.R. 798, 801 (D. Del. 1997). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *In re Coram Healthcare Corp.*, 315 B.R. at 330 (citation omitted). Rather, a settlement should be approved by a court so long as the settlement is above "the lowest point in the range of reasonableness." *Id.* (citation omitted); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608, 613 (2d Cir. 1983); *In re Wash. Mut. Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92–93 (Bankr. D. Del. 2005). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (proposed settlement held in best interest of the estate); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 424–25.

22.     The Third Circuit has set out four criteria for a bankruptcy court to consider when evaluating a settlement proposal: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393; *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor).

23.     In furtherance of Rule 9019's goal of encouraging compromises and providing certainty to provide to parties in interest in chapter 11 proceedings, the Debtors respectfully submit that the Debtors' entry into the Settlement Agreement satisfies each of the *Martin* factors and falls well above the lowest point in the range of reasonableness.  The Court should therefore approve the Settlement Agreement.

24.     The terms of the Settlement Agreement are within the range of reasonableness. First, the Settlement Agreement resolves the Debtors' claims in the Interchange Action without the need for costly and time-consuming litigation.  *See* Robins Decl., ¶ 9. ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████ *See id.*  With respect to the Legal Fees, the Debtors respectfully submit that payment of such fees is consistent with the engagement letters entered into between the Debtors and Vorys and Gibbs prior to the Petition Date, *see id.*, ¶ 8, the terms of which were approved in the Ordinary Course Retention of

both firms.  Moreover, payment of the Legal Fees was expressly contemplated in the Litigation-Related Agreements assumed by the Debtors prior to the filing of this Motion.  *See id.*

25.    A resolution now provides much needed recovery to the Debtors' estates and creditors in the Chapter 11 Cases.  *See* Robins Decl., ¶ 10.  While it is possible that success in litigation could substantially increase the recovery, litigation is inherently uncertain and costly.  In contrast, a settlement now permits creditors to benefit from a quicker resolution that avoids additional attorneys' fees and costs associated with litigation.  Therefore, the paramount interest of creditors favors the Settlement Agreement.  *See* Robins Decl., ¶ 11.

26.    For the foregoing reasons, entry into the Settlement Agreement constitutes a reasonable exercise of the Debtors' business judgment, falls well above the lowest point in the range of reasonableness, and is in the best interests of the Debtors' estates, their creditors, and all stakeholders.  Therefore, the Debtors respectfully request that the Court enter the Proposed Order approving the Settlement Agreement.

## **NOTICE**

27.    Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) McDermott Will & Schulte LLP and Cole Schotz P.C., as counsel to the Committee; (c) Riemer & Braunstein LLP, as counsel to GBRP; (d) Vorys and Gibbs, as counsel to Big Lots in the Interchange Action; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

28.    A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://cases.ra.kroll.com/BigLots. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **Exhibit B**, and grant such other relief as this Court deems appropriate under the circumstances.

Dated: September 12, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

 /s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Robins Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., et al.[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF RONALD A. ROBINS, JR. IN SUPPORT OF MOTION OF
DEBTORS PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019
AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT
AGREEMENT BETWEEN THE DEBTORS AND THE INTERCHANGE DEFENDANTS**

I, Ronald A. Robins, Jr. declares as follows:

1.        I am the Executive Vice President, Chief Legal & Governance Officer, General Counsel, and Corporate Secretary of Big Lots, Inc. (together with its direct and indirect subsidiaries, the "**Debtors**", "**Big Lots**" or the "**Company**").  I first joined Big Lots in 2015 and have held several positions with the Company since then.

2.        I submit this declaration (the "**Declaration**") in support of *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (the "**Motion**"), filed contemporaneously herewith.[2]

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3.      Except as otherwise indicated herein, all of the facts set forth in this Declaration are based on my personal knowledge, my review of the relevant documents, or information provided to me by professionals advising the Company.  If called upon to testify, I could and would testify to the facts set herein on that basis.  I am over the age of 18 years and am authorized to submit this Declaration.

## I.      The Litigation-Related Agreements and the GBRP APA

4.      Prior to the Petition Date, the Debtors entered into the Participation Agreement with Golden Mantella, LLC ("**Purchaser**"), wherein the Debtors sold an interest in the Debtors' claims, interests, and causes of action arising from or substantially related to the Specified Litigation (the "**Litigation Assets**").   Furthermore, prior to the Petition Date, the Debtors entered into the Coordination Agreement with Purchaser, wherein the Debtors and Purchaser agreed to cooperate in connection with monetizing the Litigation Assets.

5.      During these Chapter 11 Cases, the Debtors entered into, and subsequently consummated, the transactions contemplated under the GBRP APA.  I understand that, pursuant to the GBRP APA, Big Lots is required to assume the Litigation-Related Agreements to ensure that the Debtors benefit from their share of the upside of the Litigation Assets.   Moreover, I understand that, under the GBRP APA, the Debtors are entitled to retain 60% of any value that is realized from monetizing the Specified Proceedings (as defined in the GBRP APA), which includes the Specified Proceedings.

## II.      The Interchange Action and Interchange Settlement

6.      Certain of the Debtors are plaintiffs in *Target Corp., et al. v. Visa Inc., et al.*, No. 13-cv-03477 (S.D.N.Y.), transferred on remand from *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL 1720 (E.D.N.Y.) (the "**Interchange Action**").  The

Interchange Action is one of the Specified Proceedings under the GBRP APA and is also a Specified Litigation under the Litigation-Related Agreements.  Accordingly, subject to certain conditions, to the extent the Debtors monetize any claims they hold in the Interchange Action, any such proceeds would be subject to the upside sharing provisions of the Litigation-Related Agreements.  The Debtors would also be required to remit 40% of any such net proceeds to GBRP pursuant to the GBRP APA.

7.      On August 10, 2025, following lengthy negotiations with the Interchange Defendants, the Debtors reached an agreement in principle with the Interchange Defendants providing for a settlement of all of the Debtors' claims in the Interchange Action (the "**Interchange Settlement**").  The Interchange Settlement provides for, among other things, a payment of ▇▇▇▇▇ to the Debtors, of which the Debtors' estates will receive ▇▇▇▇▇ after payment of (a) ▇▇▇▇▇ to GBRP pursuant to the GBRP APA, (b) ▇▇▇▇▇ ▇▇▇▇▇ owed to Vorys (the "**Vorys Fees**"), (c) ▇▇▇▇▇ owed to Gibbs (the "**Gibbs Fees**" and, together with the Vorys Fees, the "**Legal Fees**"), and (d) approximately ▇▇▇▇▇ On August 29, 2025, the Debtors and the Interchange Defendants entered into the Settlement Term Sheet.  On September [12], 2025, the Debtors and the Interchange Defendants executed the Settlement Agreement, subject in all respects to approval of the Interchange Settlement by this Court

8.      Prior to the Petition Date, certain of the Debtors entered into engagement letters with Vorys and Gibbs to have such firms represent the Debtors in the Interchange Action. I understand that payment of the Legal Fees is consistent with the terms of such engagement letters. Moreover, I understand that payment of the Legal Fees is provided for in the Litigation-Related

Agreements that were assumed by the Debtors in the Chapter 11 Cases. Accordingly, I believe that payment of the Legal Fees through the Interchange Settlement is reasonable under the circumstances.

9.      In my opinion, having been familiar with the Debtors' efforts to settle their claims in the Interchange Action, I believe that the amount of the Settlement Payment amount is fair and reasonable under the circumstances. ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

10.      Moreover, given that the Debtors are focused on making incremental payments to administrative expense creditors in the Chapter 11 Cases, the Interchange Settlement will provide a much-needed source of funds for such payments.

11.      Accordingly, because the Interchange Settlement provides material residual value to the Debtors' estates, after payment of the above-mentioned fees and costs to certain parties, I believe that entry into the Settlement Agreement is in the best interests of the Debtors' estates.

*      *      *      *      *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 12, 2025
       Columbus, Ohio

By:   /s/ Ronald A. Robins, Jr.
      Ronald A. Robins, Jr.
      Executive Vice President, Chief Legal
      & Governance Officer, General
      Counsel, Corporate Secretary
      Big Lots, Inc.

4

**EXHIBIT B**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., et al.[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. [●]** |

## ORDER AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE INTERCHANGE DEFENDANTS

Upon the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (this "**Motion**")[2] for entry of an order authorizing the Debtors to enter into the Settlement Agreement; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion and the *Declaration of Ronald A. Robins, Jr. in Support of Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (the "**Robins Declaration**"), and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED as set forth herein

2. The terms of the Settlement Agreement attached as **Exhibit C** to the Motion, including the Debtors' entry into the Settlement Agreement, are hereby approved.

3. As of the date of the Debtors' entry into the Settlement Agreement, for good and valuable consideration, on and after the date hereof, each of the Interchange Defendants, their affiliates, and their respective parents, subsidiaries, associates, principals, agents, servants, employees, directors, officers, lienholders, heirs, executors, administrators, representatives, and assigns, in each case in their respective capacities as such (collectively, the "**Released Parties**"), are, and are deemed to be, hereby conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever released and discharged by the Debtors and

their estates, including any of their successors and assigns, from any and all claims asserted against the Interchange Defendants in the Interchange Action (the "**Released Claims**").[3]

4.      Subject in all respects to the terms of the Settlement Agreement, the Debtors covenant and agree, on behalf of their estates, to and shall not sue, make, assert or maintain, directly or indirectly, any Released Claims or to bring, request, initiate or file any suit or action regarding any Released Claims.

5.      Pursuant to the terms of the Settlement Agreement, the Debtors are authorized to file a Stipulation and Order of Dismissal in the Interchange Action.

6.      The Parties are authorized to take all actions necessary and appropriate to give effect to this Order.

7.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

---

[3] For the avoidance of doubt, in the event that any provision of this Order relating to the Released Claims conflicts with the terms of the Settlement Agreement, the Settlement Agreement shall control.

## **EXHIBIT C**

**Settlement Agreement**


**Redacted in Full**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date:**<br>**October 9, 2025 at 10:00 a.m. (ET)**<br><br>**Objection Deadline:**<br>**September 26, 2025 at 4:00 p.m. (ET)** |

### NOTICE OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE INTERCHANGE DEFENDANTS

**PLEASE TAKE NOTICE** that today, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be (a) in writing; (b) filed with the Clerk of the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, on or before **September 26, 2025 at 4:00 p.m. (ET)** (the "**Objection Deadline**"); and (c) served so as to be received on or before the Objection Deadline by the undersigned proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE** THAT IF ANY OBJECTIONS TO THE MOTION ARE RECEIVED, A HEARING WITH RESPECT TO THE MOTION WILL BE HELD ON **OCTOBER 9, 2025 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE J. KATE STICKLES AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 MARKET STREET, 5TH FLOOR, COURTROOM #6, WILMINGTON, DELAWARE 19801.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS TO THE MOTION ARE TIMELY FILED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: September 12, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*