**Exhibit B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.[1]<br><br>                      Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. [●]** |

**ORDER APPROVING JOINT MOTION OF DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPROVE THE SETTLEMENT WITH CERTAIN OFFICERS AND DIRECTORS OF THE DEBTORS PURSUANT TO 11 U.S.C. § 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Upon the *Joint Motion of Debtors and the Official Committee of Unsecured Creditors to Approve Settlement with Certain Officers and Former Directors of the Debtors Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019* (this "**Motion**")[2] for entry of an order authorizing the Debtors to enter into the Settlement Agreement; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion and the Settlement Agreement, as applicable.

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion and the *Declaration of Elizabeth LaPuma in Support of Joint Motion of Debtors and the Official Committee of Unsecured Creditors to Approve the Settlement with Certain Officers and Directors of the Debtors Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019* (the "**LaPuma Declaration**"), and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED as set forth herein.

2. The terms of the Settlement Agreement attached as **Exhibit C** to the Motion, including the Debtors' entry into the Settlement Agreement, are hereby approved.

3. **Releases by Debtors**. For good and valuable consideration, the adequacy of which is hereby confirmed, effective immediately upon the receipt by the Debtors of the Settlement Payment, each of the Debtor Releasing Parties, their respective successors and assigns (including, without limitation, a Chapter 7 trustee, if any) hereby forever releases and discharges: each of the Creditors' Committee Released Parties and each of the D&O Released Parties from any and all Claims, Causes of Action, suits, charges, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, appraisal rights, interest, torts, controversies, agreements, promises, variances, trespasses, obligations, liabilities, proceedings, orders, damages, rights,

executions, judgments, liens, costs, attorneys' fees, losses, expenses, demands and remedies of any nature, whether known or unknown, existing or potential, foreseeable or unforeseeable, liquidated or unliquidated, insured or uninsured, or at law or equity, that any of the Debtor Releasing Parties had or have ever had or may hereafter have against any of the Creditors' Committee Released Parties or the D&O Released Parties, as applicable, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world through and including the Settlement Effective Date, including, without limitation: (a) any D&O Claims; (b) the Asserted Claims; (c) any Unknown Claims, and (d) any and all other Claims and Causes of Action arising out of or relating to: (1) the Debtors, the Estates and the Chapter 11 Cases; (2) any action, inaction (whether contemplated or not), or decision whatsoever made by the D&Os in their capacity as directors and officers of the Debtors (including, for the avoidance of doubt, with respect to and during the Chapter 11 Cases); and (3) the negotiation or execution of the Settlement Agreement; *provided*, none of the foregoing releases set forth in this paragraph or Section 6(a) of the Settlement Agreement, and nothing otherwise set forth in the Settlement Agreement, shall release the Parties from any obligations they may have under the Settlement Agreement, nor foreclose the right of any Party to enforce the terms of the Settlement Agreement.

4. **Releases by Committee**. For good and valuable consideration, the adequacy of which is hereby confirmed, effective immediately upon the receipt by the Debtors of the Settlement Payment, each of the Creditors' Committee Releasing Parties hereby forever releases and discharges: each of the D&O Released Parties from any and all Claims, Causes of Action, suits, charges, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, appraisal rights, interest, torts, controversies, agreements, promises, variances, trespasses, obligations, liabilities, proceedings, orders, damages, rights, executions, judgments,

liens, costs, attorneys' fees, losses, expenses, demands and remedies of any nature, whether known or unknown, existing or potential, foreseeable or unforeseeable, liquidated or unliquidated, insured or uninsured, or at law or equity, that any of the Creditors' Committee Releasing Parties had or have ever had or may hereafter have, whether direct or derivatively on behalf of the Debtors or their Estates, against any of the D&O Released Parties, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world through and including the Settlement Effective Date, including, without limitation: (a) any D&O Claims; (b) the Asserted Claims; (c) any Unknown Claims, and (d) any and all other Claims and Causes of Action arising out of or relating to: (1) the Debtors, the Estates and the Chapter 11 Cases; (2) any action, inaction (whether contemplated or not), or decision whatsoever made by the D&Os in their capacity as directors and officers of the Debtors (including, for the avoidance of doubt, with respect to and during the Chapter 11 Cases); and (3) the negotiation or execution of the Settlement Agreement; *provided*, none of the foregoing releases set forth in this paragraph or Section 6(c) of the Settlement Agreement, and nothing otherwise set forth in the Settlement Agreement, shall release the Parties from any obligations they may have under the Settlement Agreement, nor foreclose the right of any Party to enforce the terms of the Settlement Agreement.

5. **Releases by Settling D&Os**. For good and valuable consideration, the adequacy of which is hereby confirmed, effective immediately upon the receipt by the Debtors of the Settlement Payment, each of the D&O Releasing Parties hereby forever releases and discharges each of the Creditors' Committee Released Parties from any and all Claims, Causes of Action, suits, charges, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, appraisal rights, interest, torts, controversies, agreements, promises, variances, trespasses, obligations, liabilities, proceedings, orders, damages, rights, executions,

judgments, liens, costs, attorneys' fees, losses, expenses, demands and remedies of any nature, whether known or unknown, existing or potential, foreseeable or unforeseeable, liquidated or unliquidated, insured or uninsured, or at law or equity, that any of the D&O Releasing Parties had or have ever had or may hereafter have against any of the Creditors' Committee Released Parties, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world through and including the Settlement Effective Date, including, without limitation: (a) any Unknown Claims, and (b) any and all other Claims and Causes of Action arising out of or relating to (1) the Debtors, the Estates and the Chapter 11 Cases; and (2) the negotiation or execution of this Agreement; *provided*, none of the foregoing releases set forth in this paragraph or Section 6(d) of the Settlement Agreement, and nothing otherwise set forth in the Settlement Agreement, shall release the Parties from any obligations they may have under the Settlement Agreement, nor foreclose the right of any Party to enforce the terms of the Settlement Agreement.

6. **Injunction**. Upon entry of this Order, all persons and entities (collectively, the "**Enjoined Parties**") are and shall be permanently enjoined from taking any actions to interfere with the implementation of the Settlement Agreement, including, directly or indirectly: (i) commencing, conducting, or continuing in any manner any D&O Claim, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order in connection with any D&O Claim, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien, or encumbrance of any kind in connection with any D&O Claim, and (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Settlement Agreement and this Order. For the avoidance of doubt, such injunction shall extend and apply to any successors of the Debtors and the

Committee, including, but not limited to, a chapter 7 trustee appointed in the event of conversion of the Chapter 11 Cases to chapter 7 cases.

7. **Gatekeeper**. Upon entry of this Order, no Enjoined Party may commence or pursue a D&O Claim without the Court (i) first determining, after notice and a hearing, that such D&O Claim represents a Claim of any kind that is not released pursuant to this Order or paragraph 6(a) or 6(c) of the Settlement Agreement, and (ii) specifically authorizing such Enjoined Party to bring such Claim or Cause of Action against one or more of the D&O Released Parties.

8. The Parties are authorized to take all actions necessary and appropriate to give effect to this Order.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.