IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC. *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date** |
| | **October 9, 2025, at 10:00 a.m. (ET)** |
| | **Objection Deadline** |
| | **October 2, 2025, at 4:00 p.m. (ET)** |

**DEBTORS' FOURTH MOTION FOR ENTRY OF
AN ORDER EXTENDING THEIR EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") respectfully state the following in support of this motion (the "**Motion**"):

**PRELIMINARY STATEMENT**

1. This is the Debtors' fourth request for an extension of the Exclusive Periods (as defined below).[2] On July 21, 2025 the Court entered the Third Exclusivity Order, extending the

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] *See Order Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances* [D.I. 1755] (the "**First Exclusivity Order**"); *Order Further Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2591] (the "**Second Exclusivity Order**"); *Order Further Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [D.I. 2983] (the "**Third Exclusivity Order**").

period during which the Debtors have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**") through and including October 4, 2025, and the period during which the Debtors have the exclusive right to solicit votes thereon (the "**Exclusive Solicitation Period**" and together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including December 6, 2025.

2. In the approximately three months since the entry of the Third Exclusivity Order, the Debtors have, among other things, successfully completed a second *pro rata* distribution of $10,000,000 [D.I. 3053] to certain holders of Pre-Closing Administrative Expense Claims (as defined in the Administrative Expense Claims Procedures Motion[3]) and/or claims arising under section 503(b)(9) of the Bankruptcy Code, while continuing to review and reconcile hundreds of Pre-Closing Administrative Expense Claims. Furthermore, the Debtors have negotiated multiple stipulations to resolve pending motions for relief from the automatic stay and reached settlement related to certain pending litigation related to interchange fees. In addition, the Debtors have continued to work closely with the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "**Committee**") to ensure that the Debtors' estates are wound down in the most value-maximizing manner.

3. An extension of the Exclusive Periods is necessary to avoid the distraction of a party attempting to file a Plan while the Debtors continue executing the administrative claims reconciliation process and winding down the Debtors' affairs. The Debtors cannot afford the

---

[3] *See Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 1962] (the "**Administrative Expense Claims Procedures Motion**"). The Administrative Expense Procedures Motion was granted by the Court pursuant to the *Order (I) Setting a Bar Date for Filing Proofs of Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2214] (the "**Administrative Expense Claims Procedures Order**").

distraction that would be risked by allowing third parties to file a proposed chapter 11 plan. Having the Debtors' Exclusive Filing and Solicitation Periods expire at this stage would only lead to disorder and a waste of scarce estate resources, thereby jeopardizing the significant progress the Debtors have made to advance these Chapter 11 Cases and unnecessarily increasing administrative expenses and diminishing creditor recoveries. For the reasons set forth herein, cause exists to extend the Exclusive Periods.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 1121(c) and 1121(d) of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9006-2.

## BACKGROUND

**I.    General Background**

8. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases. Additional detail regarding the Debtors, their business, the events leading to the filing of the Chapter 11 Cases, and the facts and circumstances supporting the relief requested herein is set forth in the *Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77] (the "**Ramsden Declaration**") and incorporated herein by reference.

9. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court on September 10, 2024, in each of the Chapter 11 Cases.[4]

10. On September 23, 2024, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102(a)(1). *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

11. Pursuant to Section 1121(b) of the Bankruptcy Code and the Third Exclusivity Order, the Debtors' Exclusive Filing Period expires on October 4, 2025. Pursuant to Section 1121(c)(3) of the Bankruptcy Code and the Third Exclusivity Order, the Debtors' Exclusive Solicitation Period expires on December 6, 2025.

---

[4] *See In re Great Basin, LLC*, No. 24-11966 (JKS); *In re Big Lots, Inc.*, No. 24-11967 (JKS); *In re Big Lots Management, LLC*, No. 24-11969 (JKS); *In re Consolidated Property Holdings, LLC.*, No. 24-11968 (JKS); *In re Broyhill LLC*, No. 24-11971 (JKS); *In re Big Lots Stores – PNS, LLC*, No. 24-11970 (JKS); *In re Big Lots Stores, LLC*, No. 24-11973 (JKS); *In re BLBO Tenant, LLC*, No. 24-11972 (JKS); *In re Big Lots Stores – CSR, LLC*, No. 24-11976 (JKS) *In re CSC Distribution LLC*, No. 24-11974 (JKS); *In re Closeout Distribution, LLC*, No. 24-11978 (JKS); *In re Durant DC, LLC*, No. 24-11975 (JKS); *In re AVDC, LLC*, No. 24-11981 (JKS); *In re GAFDC LLC*, No. 24-11977 (JKS); *In re PAFDC LLC*, No. 24-11982 (JKS); *In re WAFDC, LLC*, No. 24-11979 (JKS); *In re INFDC, LLC*, No. 24-11983 (JKS); *In re Big Lots Ecommerce LLC*, No. 24-11980 (JKS); *In re Big Lots F&S, LLC*, No. 24-11984 (JKS).

**II.     The Debtors' Sale Process**

12.     The Debtors incorporate by reference the factual background of the GBRP Sale as set forth in the First Exclusivity Motion. *See* First Exclusivity Mot. ¶¶ 8–14. Capitalized terms used but not defined in this Section II shall have the meanings given to them in the First Exclusivity Motion.

13.     Following the Initial Closing of the GBRP Sale on January 3, 2025, the Debtors focused on consummating the GBRP Sale via the Designation Rights Period by working with landlords and other contract counterparties regarding the transfer of leases, contracts, and other assets to GBRP or other Designated Buyers.

14.     After the Initial Closing, in accordance with Section 1.01 of the GBRP APA, GBRP twice elected to extend the Designation Rights Period through March 17, 2025, and March 31, 2025, respectively (the latter date solely with respect to certain of the Debtors' assets and leases). *See Not. of Extension of Designation Rights Period and Sale Termination Date* [D.I. 2158]; *Second Not. of Extension of Designation Rights Period* [D.I. 2262].

15.     As of the filing of this Motion, the GBRP Sale has been substantially completed.

**III.    Additional Events Since Entry of the Third Exclusivity Order**

16.     In the time since the filing of the Third Exclusivity Motion, the Debtors have continued to engage in various activities to administer these Chapter 11 Cases, including (i) initiating and closing a second $10,000,000 *pro rata* distribution to certain holders of Pre-Closing Administrative Expense Claims and/or claims arising under section 503(b)(9) of the Bankruptcy Code with the filing of the *Notice of Commencement of Interim Payments Pursuant to the Administrative Expense Claims Procedures Order* [D.I. 3053]; (ii) negotiating stipulations to consensually resolve multiple motions for relief from the automatic stay [D.I. 3003, 3004, 3008,

3063, 3064, 3065]; (iii) negotiating the settlement as discussed in the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement Between the Debtors and the Interchange Defendants* [D.I. 3158]; (iv) filing the *Joint Motion of Debtors and the Official Committee of Unsecured Creditors to Approve Entry into Settlement Agreement with Certain Officers and Directors of the Debtors Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019* [D.I. 3166]; (v) engaging with the Committee and other parties in interest regarding an orderly wind-down of the Debtors' estates; (vi) complying with ongoing chapter 11 reporting requirements, including the filing of monthly operating reports [D.I. 3032-3050, 3114-3132]; and (vii) responding to inquiries from creditors and the U.S. Trustee.

17. The Debtors have also continued to conduct the claims reconciliation process pursuant to the Administrative Expense Claims Procedure Order. As of the date of the filing of this Motion, the Debtors' have reconciled more than 2,000 Pre-Closing Administrative Expense Claims. The Debtors' efforts to equitably reconcile such Pre-Closing Administrative Expense Claims is ongoing, and the Debtors have completed two interim payments [D.I. 2854 & 3053] and plan to make a third payment in the near future. Nevertheless, the Debtors continue to interface with hundreds of claimants regarding the reconciliation and payment of their claims.

## RELIEF REQUESTED

18. By this Motion, the Debtors seek entry of an Order, substantially in the form attached hereto as **Exhibit A**, extending (a) the Exclusive Filing Period by 90 days, from October 4, 2025,[5] through and including January 2, 2026, and (b) the Exclusive Solicitation Period by 90

---

[5] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline has automatically extended such deadline until such time as the Court rules on this Motion.

days, from December 6, 2025, through and including March 6, 2025, in each case, without

prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

## BASIS FOR RELIEF

19.       Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to

file a chapter 11 plan in the first 120 days following the commencement of a chapter 11 case.   If

a debtor files a plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code

provides a debtor with 60 additional days following the expiration of the exclusive filing period

(or 180 days following the commencement of the case) to solicit acceptances of a plan.

20.       Section 1121(d) of the Bankruptcy Code provides a debtor with a mechanism to

extend these Exclusive Periods, stating that "[o]n request of a party in interest made . . . and after

notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period

referred to in this section."   11 U.S.C. § 1121(d)(l).   The ultimate decision to extend the Exclusive

Periods rests within the discretion of the bankruptcy court.   *See First Am. Bank of N.Y. v. Sw.*

*Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965–66 (D. Del. 1986) (finding the authority to extend

the debtor's exclusivity period is within the discretion of the bankruptcy court).

21.       While the Bankruptcy Code does not define "cause," courts rely on various factors

to determine whether cause exists to extend a debtor's exclusive period.   These factors include:

    (i)    the size and complexity of the case;

    (ii)    the existence of good faith progress;

    (iii)    the necessity of sufficient time to negotiate and prepare adequate information;

    (iv)    whether creditors are prejudiced by the extension;

    (v)    whether the debtor is paying its debts as they become due;

    (vi)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vii) whether the debtor has made progress negotiating with creditors;

(viii) the length of time a case has been pending;

(ix) whether the debtor is seeking an extension to pressure creditors; and

(x) whether or not unresolved contingencies exist.

*In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409–10 (E.D.N.Y. 1989) (listing certain of the above factors); *In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same); *In re Gen. Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) (same); *In re Sw. Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451–54 (Bankr. W.D. Tex. 1987) (same); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (same).

22. Not all of these factors are relevant in every case, and a finding that one or more of these factors exists may justify extending a debtor's exclusive periods. *See In re Express One Int'l Inc.*, 194 B.R. at 100 (finding the negotiations with creditors, reasonable prospects of filing a viable plan, good faith progress in the cases, and lack of prejudice for creditors, all relevant in determining whether cause exists to extend the exclusivity period); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that cause to extend the exclusivity period existed based on a demonstration of reasonable prospects for filing a viable plan and the relatively short time the case was pending). In fact, the mere complexity and size of a chapter 11 case alone may warrant extension of the exclusive periods to allow the debtor a meaningful opportunity to formulate a chapter 11 plan. *See, e.g.*, *In re Texaco, Inc.*, 76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987) (holding that cause existed to extend the exclusivity period based on size and complexity of the case alone).

23. Based on a weighing of the relevant factors, there is more than sufficient cause to

approve the requested extension of the Exclusive Periods:

    (i) **These Chapter 11 Cases Are Large and Complex.** These Chapter 11 Cases involve 19 debtor-affiliate entities. At the outset of these Chapter 11 Cases, the Debtors operated approximately 1,300 stores and employed over 27,000 employees. *See* Ramsden Decl. ¶¶ 5, 17. Moreover, the Debtors have a wide variety of parties in interest, including various vendors, customers, and landlords—many of whom have been active in these Chapter 11 Cases.

    (ii) **Additional Time is Necessary.** The Debtors seek to protect their exclusive ability to propose a chapter 11 plan to avoid the costs and distraction associated with addressing any plans filed by third parties and to advance the goal of achieving an efficient and value-preserving conclusion to these Chapter 11 Cases.

    (iii) **The Chapter 11 Cases Have Been Pending for Approximately One Year.** The requested extension of the Exclusive Periods is the fourth such request made in these Chapter 11 Cases and comes approximately one year after the Petition Date. As discussed above, during this time, the Debtors have made significant progress towards determining, in conjunction with the Committee, the most value-maximizing path forward in these Chapter 11 Cases, whether that be through a Plan, dismissal, or conversion. An extension of the Exclusive Periods would allow the Debtors to continue to build on the significant progress made thus far and facilitate an efficient wind-down of the Debtors' estates.

    (v) **An Extension Will Not Prejudice Creditors.** The Debtors are not seeking an extension of the Exclusive Periods to pressure or otherwise prejudice any of their creditors. Rather, the Debtors assert that avoiding the expense of a party proposing a Plan will inure to the benefit of creditors by saving estate resources.

    (vi) **The Debtors Have Continued to Pay Post-Closing Operating Expenses.** In accordance with the GBRP APA and the GBRP Sale Order, the Debtors or GBRP (as applicable) have continued to pay all of their undisputed post-January 3, 2025 administrative expenses in the ordinary course of business or as otherwise provided by an order of the Court.

24. Based on the analysis of the relevant factors, the Debtors submit that sufficient cause exists for this Court to authorize an additional extension of (a) the Exclusive Filing Period by 90 days, from October 4, 2025, through and including January 2, 2025, and (b) the Exclusive Solicitation Period by 90 days, from December 6, 2025, through and including March 6, 2026, in

each case, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods.

## RESERVATION OF RIGHTS

25. The Debtors reserve their rights to request an additional extension of the Exclusive Filing Period and the Exclusive Solicitation Period.

## NOTICE

26. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to GBRP; and (d) any other party that has requested notice pursuant to Local Rule 2002-1(b).

## CONCLUSION

27. WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order attached as **Exhibit A** and grant such other relief as is just and proper under the circumstances.

*[Remainder of page intentionally left blank]*

Dated: September 18, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

*-and-*

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*