**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 2214, 2854 & 3053** |

**THIRD NOTICE OF COMMENCEMENT OF INTERIM PAYMENTS PURSUANT TO THE ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES ORDER**

　　　　**PLEASE TAKE NOTICE** that, on March 12, 2025, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered the *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2214] (the "**Administrative Expense Claims Procedures Order**") in the above-captioned cases (the "**Chapter 11 Cases**").[2]

　　　　**PLEASE TAKE FURTHER NOTICE** that:

　　　　1.　　On June 2, 2025, the Debtors filed the *Notice of Commencement of Interim Payments Pursuant to the Administrative Expense Claims Procedures Order* [D.I. 2854] (the "**First Payment Notice**"). The First Payment Notice commenced *pro rata* payments (collectively, the "**Phase 1 Payments**") in an initial aggregate amount of $10,000,000.00 (the "**Phase 1 Payment Amount**") to holders of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims (the "**Phase 1 Reconciled Claimants**"), which claims were (a) consensually reconciled or (b) undisputed, in each case as of June 2, 2025 (the "**First Record Date**").

---

[1] The debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Administrative Expense Claims Procedures Order.

2. The First Payment Notice stated that:

   a. the Debtors would establish an adequate reserve (the "**Reserve**") for future payments on account of (a) Disputed Pre-Closing Administrative Expense Claims and (b) Pre-Closing Administrative Expense Claims that were not consensually reconciled pursuant to the First Record Date;

   b. each Phase 1 Reconciled Claimant may also be entitled to a future, additional payment from the Reserve; and

   c. to the extent a holder of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims was not included on Exhibit A to the First Payment Notice (such holders, the "**Phase 1 Reserved Claimants**"), but was able to reach a consensual reconciliation with the Debtors at a later date, such Phase 1 Reserved Claimant would be entitled to receive a payment in an amount equal to such Phase 1 Reserved Claimant's *pro rata* share of the Reserve on the next payment date.

3. On July 31, 2025, the Debtors filed the second *Notice of Commencement of Interim Payments Pursuant to the Administrative Expense Claims Procedures Order* [D.I. 3053] (the "**Second Payment Notice**"). The Second Payment Notice commenced *pro rata* payments (collectively, the "**Phase 2 Payments**") in an aggregate amount of $10,000,000.00 (the "**Phase 2 Payment Amount**") to certain holders of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims, ("**Phase 2 Reconciled Claimants**") whose Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims were (a) consensually reconciled or (b) undisputed as of July 31, 2025 (the "**Second Record Date**"), as applicable.

4. The Second Payment Notice stated that:

   a. each Phase 2 Reconciled Claimant is entitled to receive an amount equal to such Phase 2 Reconciled Claimant's *pro rata* share of the Reserve, which, for the avoidance of doubt, shall equal the same percentage recovery as each Phase 1 Payment;

   b. each Phase 1 Reconciled Claimant is entitled to receive a Phase 2 Payment; and

   c. each Phase 2 Reconciled Claimant is entitled to receive a Phase 2 Payment.

5. Beginning on or about October 3, 2025 (the "**Third Payment Date**"), the Debtors intend to commence *pro rata* payments (collectively, the "**Phase 3 Payments**") in an aggregate amount of $40,000,000.00 (the "**Phase 3 Payment Amount**") to certain holders of Pre-Closing Administrative Expense Claims and or 503(b)(9) Claims, as applicable.

6. Attached hereto as **Exhibit A** is a schedule (the "**Third Payment Schedule**") of (a) Phase 1 Reconciled Claimants, (b) Phase 2 Reconciled Claimants, and (c) holders of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims not included on Exhibit A to the First Payment Notice or Second Payment Notice (such holders, the "**Reserved Claimants**"), whose Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims were consensually

2

reconciled or undisputed as of <u>September 25, 2025</u> (such claimants, the "**Phase 3 Reconciled Claimants**" and such date, the "**Third Record Date**").

7. On the Third Payment Date:

    a. each Phase 3 Reconciled Claimant is entitled to receive an amount equal to such Phase 3 Reconciled Claimant's *pro rata* share of the Reserve (a "**Catch-Up Payment**"), which, for the avoidance of doubt, shall equal the same cumulative percentage recovery received by each Phase 1 Reconciled Claimant and Phase 2 Reconciled Claimant;

    b. each Phase 1 Reconciled Claimant is entitled to receive a Phase 3 Payment;

    c. each Phase 2 Reconciled Claimant is entitled to receive a Phase 3 Payment; and

    d. each Phase 3 Reconciled Claimant is entitled to receive a Phase 3 Payment.

8. Each Phase 3 Payment and Catch-Up Payment, as applicable, will be paid to Phase 1 Reconciled Claimants, Phase 2 Reconciled Claimants, and Phase 3 Reconciled Claimants as applicable, in the same manner as the Debtors most recently transacted with such claimants in the ordinary course of business both prior to and after the Petition Date, including with respect to Phase 1 Payments and/or Phase 2 Payments, including through electronic funds transfer using an automated clearing house (ACH); *provided*, that if a Pre-Closing Administrative Expense Claim or 503(b)(9) Claim has been transferred by the applicable holder of such claim (each, a "**Transferred Claim**") and a notice of such transfer has been filed on the docket in these Chapter 11 Cases prior to the Record Date, any Phase 3 Payment and/or Catch-Up Payment paid on account of such Transferred Claim shall be made to the transferee notice party listed on the filed notice of such transfer.

9. To the extent a Phase 1 Reconciled Claimant, a Phase 2 Reconciled Claimant, a Phase 3 Reconciled Claimant, or a transferee of a Transferred Claim prefers to receive its Phase 3 Payment and/or Catch-Up Payment (as applicable) in a manner different than such claimant historically received funds from the Debtors in the ordinary course of business, or with respect to the Phase 1 Payments or Phase 2 Payments, such claimant must inform the Debtors no later than **<u>October 2, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>** (the "**Payment Method Deadline**"), by contacting counsel to the Debtors, Davis Polk & Wardwell LLP, by email at biglots.claims@davispolk.com. For the avoidance of doubt, if a Phase 1 Reconciled Claimant, a Phase 2 Reconciled Claimant, a Phase 3 Reconciled Claimant, or a transferee of a Transferred Claim elects for a method of payment that is different than the manner in which such claimant most recently received funds from the Debtors in the ordinary course of business, or with respect to the Phase 1 Payments or Phase 2 Payments, there may be a delay in such claimant receiving its respective payment.

10. If a Phase 1 Reconciled Claimant, a Phase 2 Reconciled Claimant, a Phase 3 Reconciled Claimant, or a transferee of a Transferred Claim does not wish to elect for a different form of payment prior to the Payment Method Deadline, the Debtors will make a payment to such claimant in accordance with paragraph [8] of this notice.

3

11. For the avoidance of doubt, the Debtors reserve all rights to object at a later date to any Pre-Closing Administrative Expense Claim and/or 503(b)(9) Claim (as applicable) asserted by a claimant not included on **Exhibit A** attached hereto.

12. To the extent any holder of a Pre-Closing Administrative Expense Claim or 503(b)(9) Claim has questions regarding the contents of this notice, such claimant is encouraged to contact Davis Polk & Wardwell LLP, counsel to the Debtors, by emailing biglots.claims@davispolk.com.

[*Remainder of page intentionally left blank*]

Dated: September 25, 2025
Wilmington, DE

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel.: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*