# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Obj. Deadline: 10/17/25 at 4:00 p.m. (ET)**<br>**Hrg. Date:** *Only if an objection is filed* |

### SUMMARY OF ELEVENTH MONTHLY FEE APPLICATION OF MCDERMOTT WILL & SCHULTE LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2025 THROUGH AUGUST 31, 2025

| | |
|---|---|
| Name of Applicant: | MCDERMOTT WILL & SCHULTE LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Big Lots, Inc., *et al.* |
| Date of retention: | November 13, 2024, effective September 24, 2024 |
| Period for which compensation and reimbursement are sought: | August 1, 2025 through August 31, 2025 |
| Amount of compensation sought as actual, reasonable, and necessary: | $192,649.20 (80% of $240,811.50) |
| Amount of reimbursement sought as actual, reasonable, and necessary: | $0.00 |
| This is a: | Monthly Fee Application |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Prior Monthly Applications:**

| MONTHLY FEE APPLICATION | | | REQUESTED FEES AND EXPENSES | | APPROVED FEES AND EXPENSES | | HOLDBACK |
|---|---|---|---|---|---|---|---|
| Application Docket No. Date Filed | CNO Date Filed Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (80%) | Approved Expenses (100%) | Fees Holdback (20%) |
| First Monthly DI 1247 11/25/24 | 12/17/24 DI 1372 | 9/24/24-10/31/24 | $1,551,738.00 | $6,679.15 | $1,241,390.40 | $6,679.15 | $310,347.60 |
| Second Monthly DI 1441 12/27/24 | 1/21/25 DI 1806 | 11/1/24-11/30/24 | $1,813,155.50 | $15,698.38 | $1,450,524.40 | $15,698.38 | $362,631.10 |
| Third Monthly DI 1841 1/24/25 | 2/19/25 DI 2010 | 12/1/24-12/31/24 | $669,679.50 | $1,362.64 | $535,743.60 | $1,362.64 | $133,935.90 |
| Fourth Monthly DI 2118 2/28/25 | 3/24/25 DI 2375 | 1/1/25-1/31/25 | $295,219.50 | $3,886.71 | $236,175.60 | $3,886.71 | $59,043.90 |
| Fifth Monthly DI 2402 3/28/25 | 4/21/25 DI 2585 | 2/1/25-2/28/25 | $237,040.00 | $0.00 | $189,632.00 | $0.00 | $47,408.00 |
| Sixth Monthly DI 2639 4/25/25 | 5/19/25 DI 2759 | 3/1/25-3/31/25 | $327,241.00 | $76.21 | $261,792.80 | $76.21 | $65,448.20 |
| Seventh Monthly DI 2798 5/23/25 | 6/24/25 DI 2908 | 4/1/25-4/30/25 | $368,374.50 | $6,705.97 | $294,699.60 | $6,705.97 | $73,674.90 |
| Eighth Monthly DI 2922 6/27/25 | 7/21/25 DI 2891 | 5/1/25-5/31/25 | $247,993.50 | $167.66 | $198,394.80 | $167.66 | $49,598.70 |
| Ninth Monthly DI 3007 7/25/25 | 8/22/25 DI 3097 | 6/1/25-6/30/25 | $105,839.00 | $0.00 | $84,671.20 | $0.00 | $21,167.80 |
| Tenth Monthly DI 3101 8/22/25 | 9/15/25 DI 3161 | 7/1/25-7/31/25 | $168,751.00 | $0.00 | $135,000.80 | $0.00 | $33,750.20 |
| Totals | | | $5,785,031.50 | $34,576.72 | $4,628,025.20 | $34,576.72 | $1,157,006.30 |

ii

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF BIG LOTS, INC., *ET AL.*
SUMMARY OF BILLING BY PROFESSIONAL
AUGUST 1, 2025 THROUGH AUGUST 31, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[2] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Joel C. Haims | 1994 | Partner; Trial | $2,015 | 39.0 | $78,585.00 |
| Kristin K. Going | 2002 | Partner; Corporate Advisory | $1,860 | 1.7 | $3,162.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,860 | 16.7 | $31,062.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $1,760 | 7.4 | $13,024.00 |
| Stacy A. Lutkus | 2003 | Partner; Corporate Advisory | $1,825 | 20.6 | $37,595.00 |
| Natalie A. Rowles | 2018 | Associate; Corporate Advisory | $1,445 | 18.4 | $26,588.00 |
| Elizabeth H. Shereff | 2022 | Associate; Trial | $1,270 | 35.6 | $45,212.00 |
| Cristian P. Catanese | 2023 | Associate; Corporate Advisory | $1,145 | 4.3 | $4,923.50 |
| Nolley M. Rainey | N/A | Paralegal; Corporate Advisory | $550 | 1.2 | $660.00 |
| **Total** | | | | 144.9 | $240,811.50 |

**Blended Rate: $1,661.92**

---

[2] Except as set forth below, the rate represents the current standard hourly rate of each McDermott attorney and paralegal who rendered legal services.

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF BIG LOTS, INC., *ET AL*.**
**SUMMARY OF FEES BY PROJECT CATEGORY**
**AUGUST 1, 2025 THROUGH AUGUST 31, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 3.7 | $5,840.50 |
| Meetings and Communications with Creditors | 44.5 | $71,827.00 |
| Court Hearings | 3.1 | $5,163.50 |
| Fee/Employment Applications | 21.0 | $36,201.50 |
| Contested and Litigation-Related Matters | 72.6 | $121,779.00 |
| **Total** | **144.9** | **$240,811.50** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., *et al.*,<br><br>               Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 24-11967 (JKS)<br>)<br>) (Jointly Administered)<br>)<br>) **Obj. Deadline: 10/17/25 at 4:00 p.m. (ET)**<br>) **Hrg. Date:** *Only if an objection is filed* |

**ELEVENTH MONTHLY FEE APPLICATION OF MCDERMOTT
WILL & SCHULTE LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM AUGUST 1, 2025 THROUGH AUGUST 31, 2025**

McDermott Will & Schulte LLP (the "Applicant" or "McDermott"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Big Lots, Inc., *et al.*, the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for allowance of compensation for services rendered and expenses incurred for the period from August 1, 2025 through August 31, 2025 (the "Application Period"), and respectfully represents as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

3. McDermott confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.    The Chapter 11 Cases**

4. On September 9, 2024 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases by filing petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

5. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 248.

**B.     The Committee's Retention of McDermott**

6.      On October 18, 2024, the Committee applied [Docket No. 552] to the Court for an order authorizing the Committee to retain and employ McDermott as its counsel, effective as of September 24, 2024.  On November 13, 2024, the Court entered an order [Docket No. 1083] authorizing such retention.

**C.     The Interim Compensation Order**

7.      On October 17, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Docket No. 519] (the "Interim Compensation Order"),[2] which sets forth the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases.  Specifically, the Interim Compensation Order provides that a retained professional may file and serve a Monthly Fee Statement on or after the fifth (5th) day of each month following the month for which compensation is sought.  Provided that there are no objections to the Monthly Fee Statement filed within twenty-one (21) days after the service of a Monthly Fee Statement, the professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Statement.

**RELIEF REQUESTED**

8.      By this Application, McDermott requests the allowance of $192,649.20, which is equal to eighty percent (80%) of the $240,811.50 in fees for professional services rendered by McDermott during the Application Period.

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

**DESCRIPTION OF SERVICES RENDERED**

9. During the Application Period, McDermott professionals, including attorneys and paraprofessionals (collectively, the "McDermott Professionals"), devoted 144.9 hours to, among other things, contested and litigation-related matters, meetings and communications with the Committee and other creditors, and preparation of professional fee applications. McDermott Professionals' most significant work in these matter categories is summarized below, and all work performed by McDermott Professionals is described in detail in **Exhibit A** hereto, which provides a detailed itemization, by project category, of all services performed by McDermott Professionals with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Local Rule 2016-1(d) in that each time entry contains a separate time allotment, a description of the type of activity, and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings and hearings are individually identified.

A. **Contested and Litigation-Related Matters**
   **Amount Sought: $121,779.00**

10. During the Application Period, McDermott Professionals, among other things: (i) prepared an investigative report outlining the Committee's investigation of potential estate claims against the Debtors' directors and officers; (ii) reviewed and revised a draft agreement regarding the proposed settlement of such claims and the motion to approve same; (iii) corresponded with counsel to the Debtors and the Debtors' directors and officers regarding same; and (iv) analyzed documents relevant to the Debtors' proposed settlement with certain defendants in a multidistrict litigation suit.

11. McDermott Professionals devoted a total of 72.6 hours to contested and litigation-related matters during the Application Period, for which compensation in the amount of $121,779.00 is sought.

**B.  Meetings and Communications with Creditors**
    **Amount Sought: $71,827.00**

12. During the Application Period, McDermott Professionals communicated with the Committee members and their counsel both as a group and on an individual basis.  Among other things, McDermott Professionals: (i) prepared a comprehensive presentation regarding the Committee's investigation into potential estate claims and causes of action against the Debtors' directors and officers; (ii) discussed such presentation with the Committee; (iii) conducted legal research in connection with preparing such presentation; (iv) gave recommendations to the Committee regarding various requests by the Debtors and other parties in interest; (v) counseled the Committee in connection with the Committee's responses to the Debtors' pleadings; and (vi) delivered email updates regarding Committee business, case updates, and various outstanding matters.  McDermott Professionals also devoted time to responding to individual creditor inquiries regarding case status matters.

13. McDermott Professionals devoted a total of 44.5 hours to communications with the Committee and other creditors (and related tasks) during the Application Period, for which compensation in the amount of $71,827.00 is sought.

**C.  Fee and Employment Applications**
    **Amount Sought: $36,201.50**

14. During the Application Period, McDermott Professionals: (i) prepared and filed a supplemental declaration in support of McDermott's retention application; (ii) drafted and revised McDermott's tenth monthly fee application [Docket No. 3101]; and (iii) drafted and revised McDermott's third interim fee application [Docket No. 3082].

5

15.  McDermott Professionals devoted a total of 21.0 hours to the preparation of professional fee applications and related matters during the Application Period, for which compensation in the amount of $36,201.50 is sought.

## VALUATION OF SERVICES

16.  McDermott Professionals expended a total of 144.9 hours in connection with this matter during the Application Period. The amount of time spent by each of the McDermott Professionals providing services to the Committee during the Application Period is set forth in **Exhibit A**. The rates reflected in this Application are McDermott's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by McDermott during the Application Period as counsel for the Committee in the Chapter 11 Cases is $240,811.50.

17.  In accordance with the factors enumerated in Bankruptcy Code section 330, McDermott submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

## NO PRIOR REQUEST

18.  No prior request for the relief requested in this Application has been made to this Court or any other court.

## CERTIFICATE OF COMPLIANCE AND REQUEST FOR WAIVER

19.  The undersigned representative of McDermott certifies that he has reviewed the requirements of Local Rule 2016-1 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the

requirements of Local Rule 2016-1, McDermott believes that such deviations are not material and respectfully requests that any such requirement be waived.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, McDermott respectfully requests that it (a) be allowed compensation in the amount of $192,649.20 (80% of $240,811.50) for necessary professional services rendered to the Committee during the Application Period, and (b) be granted such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
September 26, 2025

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
(302) 485-3900
dhurst@mwe.com

- and -

Darren Azman
Kristin K. Going
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400
dazman@mwe.com
kgoing@mwe.com

*Counsel for the Official Committee of Unsecured Creditors*

8