# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BIG LOTS, INC., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 3158, 3179** |

### ORDER AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE INTERCHANGE DEFENDANTS

Upon the *Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (this "**Motion**")[2] for entry of an order authorizing the Debtors to enter into the Settlement Agreement; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found and determined that the relief set forth in this Order is in the best interests of the Debtors and their estates; and that the legal and factual bases set forth in the Motion and the *Declaration of Ronald A. Robins, Jr. in Support of Motion of Debtors Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019 Authorizing and Approving the Debtors' Entry into a Settlement Agreement between the Debtors and the Interchange Defendants* (the "**Robins Declaration**"), and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED as set forth herein

2. The terms of the Settlement Agreement attached as **Exhibit C** to the Motion, including the Debtors' entry into the Settlement Agreement, are hereby approved.

3. As of the date of the Debtors' entry into the Settlement Agreement, for good and valuable consideration, on and after the date hereof, each of the Interchange Defendants, their affiliates, and their respective parents, subsidiaries, associates, principals, agents, servants, employees, directors, officers, lienholders, heirs, executors, administrators, representatives, and assigns, in each case in their respective capacities as such (collectively, the "**Released Parties**"), are, and are deemed to be, hereby conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever released and discharged by the Debtors and

their estates, including any of their successors and assigns, from any and all claims asserted against the Interchange Defendants in the Interchange Action (the "**Released Claims**").[3]

4. Subject in all respects to the terms of the Settlement Agreement, the Debtors covenant and agree, on behalf of their estates, to and shall not sue, make, assert or maintain, directly or indirectly, any Released Claims or to bring, request, initiate or file any suit or action regarding any Released Claims.

5. Pursuant to the terms of the Settlement Agreement, the Debtors are authorized to file a Stipulation and Order of Dismissal in the Interchange Action.

6. The Parties are authorized to take all actions necessary and appropriate to give effect to this Order.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

---

[3] For the avoidance of doubt, in the event that any provision of this Order relating to the Released Claims conflicts with the terms of the Settlement Agreement, the Settlement Agreement shall control.

Dated: September 30th, 2025
Wilmington, Delaware

KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE