# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>Hearing Date: November 4, 2025 at 1:00 p.m. (ET)<br>Objection Deadline: October 22, 2025 at 4:00 p.m. (ET) |

**MOTION BY GORDON BROTHERS RETAIL PARTNERS, LLC
SEEKING AN ORDER (A) ENFORCING ASSET PURCHASE AGREEMENT
AND SALE APPROVAL ORDER, (B) COMPELLING TURNOVER
OF MONIES BY PAYPAL, INC. AND (C) GRANTING RELATED RELIEF**

Gordon Brothers Retail Partners, LLC ("GBRP"), through its undersigned co-counsel, respectfully seeks the issuance and entry of an order of the Court, inter alia, (a) enforcing the GBRP Sale Order and GBRP APA (each as defined below), (b) compelling PayPal, Inc. ("PayPal") to turn over to GBRP those funds being withheld by it, and (c) granting GBRP such other and further relief as may be just and proper.

## Jurisdiction, Venue, and Authority

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

{02171968;v1 }

2. This matter is a "core" proceeding within the meaning of 28 U.S.C. § 157(b). In addition, GBRP confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

3. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a), 363 and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

5. Pursuant to Paragraph 101 of the Sale Order, the Court retained jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of the Sale Order and the GBRP APA, all amendments thereto, and any waivers and consents thereunder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Debtors' sale of assets to GBRP.

## Background

**A.  General Background**

6. On September 9, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have been authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

7. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 95] entered by the Court in each of the Chapter 11 Cases on September 10, 2024.

8. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 248].

**B.  The GBRP Asset Purchase Agreement and Sale Approval**

9. Pursuant to that certain *Motion Of Debtors For Entry Of An Order (I) Approving Sale Of Debtors' Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances, (II) Authorizing The Debtors To Enter Into And Perform Under The GBRP APA, (III) Authorizing Assumption And Assignment Of Executory Contracts And Unexpired Leases, And (IV) Granting Related Relief* (the "GBRP Sale Motion") [D.I. 1437], the Debtors sought approval to enter into an Asset Purchase Agreement (the "GBRP APA")[2] with GBRP. A true and correct copy of the GBRP APA is annexed hereto as Exhibit "A".

10. Pursuant to that certain *Order (I) Approving The Asset Purchase Agreement, (II) Authorizing And Approving The Sale Of Certain Of The Debtors' Assets Free And Clear Of All Claims, Liens, Rights, Interests, Encumbrances, And Other Assumed Liabilities And Permitted Encumbrances, (III) Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases, And (IV) Granting Related Relief* entered January 2, 2025 (the "GBRP Sale Order")[D.I. 1556], the Court approved the Debtors' sale of assets to GBRP under the terms of the GBRP APA. A true and correct copy of the Sale Order is annexed hereto as Exhibit "B".

11. In accordance with Section 2.01(a)(xix) of the GBRP APA, the Debtors' rights to receive "all prepaid and deferred items, including any royalties, advance payments, prepayments, prepaid expenses, prepaid rentals, prepaid assets, unbilled charges, fees, security and other deposits

---

[2]  Capitalized terms used herein unless otherwise defined shall have the meanings ascribed thereto in the GBRP APA or Sale Order, as the context makes applicable.

or the like" were among the Debtors' assets that were sold and conveyed to GBRP, and therefore constitute the exclusive property of GBRP.

12. On January 3, 2025, among other things, the "Initial Closing" under the GBRP APA occurred.

**C.    PayPal's Failure/Refusal to Turn Over Monies to GBRP**

13. Prior to the Petition Date, the Debtors processed certain customer merchandise purchases through PayPal. Upon information and belief, PayPal presently holds a reserve of approximately $600,000 (the "PayPal Reserve Funds") in connection with the Debtors' accounts with PayPal, the rights to any refund of which belongs to GBRP pursuant to the terms of Section 2.01(a)(xix) of the GBRP APA and related Sale Order. Upon further information and belief, based on a review of the Debtors' accounts, the last customer transaction utilizing PayPay occurred on or about March 17, 2025, such that nearly seven (7) months have passed since Big Lots permanently ceased operations and the last PayPal transaction was processed.

14. By letter dated August 21, 2025, GBRP informed PayPal of its interest in the aforementioned PayPal Reserve Funds, and further that it believed the time was ripe for a final reconciliation of the Debtors' accounts with PayPal and a return of any remaining unapplied PayPal Reserve Funds. A copy of the August 21st letter is annexed hereto as Exhibit "C". Regrettably, PayPal failed to respond to the August 21st letter, and further has to date not returned any portion of the PayPal Reserve Funds to GBRP.

15. By letter dated September 9, 2025, GBRP reiterated to PayPal (a) GBRP's interest in the PayPal Reserve Funds, (b) GBRP's request for a final reconciliation of the Debtors' accounts with PayPal, and (c) GBRP's demand that PayPal return any remaining unapplied PayPal Reserve Funds. A copy of GBRP's September 9th letter is annexed hereto as Exhibit "D". Once again,

PayPal has to date failed to respond to the September 9th letter, and further has not returned any portion of the PayPal Reserve Funds to GBRP.

### Relief Requested

### The Court Should Direct PayPal's Turnover to GBRP of the PayPal Reserve Funds

16. As noted above, pursuant to the terms of Section 2.01(a)(xix) of the GBRP APA and the Sale Order, GBRP asserts that it is entitled to receive the PayPal Reserve Funds being held by PayPal. Despite repeated overtures, to date PayPal has failed and/or refused to engage with GBRP, notwithstanding that the last customer transaction utilizing PayPay occurred on or about March 17, 2025 (*i.e.*, nearly seven (7) months since Big Lots permanently ceased operations and processed the last transaction through PayPal), thus necessitating GBRP's resort to this Court for appropriate relief.

17. In this connection, GBRP seeks an order of the Court compelling PayPal to immediately turn over to GBRP all of the PayPal Reserve Funds being held by PayPal, together with such other and further relief as is just and proper.

### Reservation of Rights

18. GBRP reserves its rights to supplement this Motion to (a) assert such other or additional amounts that it may discover are due and owing to it by PayPal, (b) assert claims for damages suffered by it as a result of PayPal's failure and/or refusal to turn over the PayPal Reserve Funds, and (c) enforce any other rights arising under the GBRP APA and Sale Order.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth above, GBRP respectfully requests the Court enter an order providing substantially in the form of Exhibit "E" hereto, among other things, (a) enforcing the Sale Order and GBRP APA, (b) compelling PayPal to turn over to GBRP the PayPal Reserve Funds, and (c) granting GBRP such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
October 8, 2025

Respectfully Submitted,

ASHBY & GEDDES, P.A.

*/s/ Gregory A. Taylor*
Gregory A. Taylor (No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Phone: (302) 654-1888
Email: gtaylor@ashbygeddes.com

-and-

RIEMER & BRAUNSTEIN LLP
Steven E. Fox (pro hac vice)
Times Square Tower
Seven Times Square, Suite 2506
New York, New York 10036
Tel: 212-789-3150
Email: sfox@riemerlaw.com

*Attorneys for Gordon Brothers Retail Partners, LLC*