# Exhibit E

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Related D.I. No. __** |

### ORDER GRANTING MOTION BY GORDON BROTHERS RETAIL PARTNERS, LLC SEEKING TO (A) (A) ENFORCING ASSET PURCHASE AGREEMENT AND SALE APPROVAL ORDER, (B) COMPEL TURNOVER OF MONIES BY PAYPAL, INC. AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] filed by Gordon Brothers Retail Partners, LLC ("GBRP"), seeking the issuance and entry of an order of the Court, inter alia, (a) enforcing the GBRP Sale Order and GBRP APA (each as defined below), (b) compelling PayPal, Inc. ("PayPal") to turn over to GBRP those funds being withheld by it, and (c) granting GBRP such other and further relief as may be just and proper; and the Court having conducted a hearing on November 4, 2025 (the "Hearing"),[3] at which time all parties in interest were offered an opportunity to be heard with respect to the Motion; and the Court having considered (1) the Motion and all objections

---

[1]     The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]     Capitalized terms used herein unless otherwise defined shall have the meanings ascribed thereto in the Motion.

[3]     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

related thereto, (2) the arguments of counsel made, and evidence adduced related thereto, and (3) the full record in these chapter 11 cases, including the record of the Hearing held before the Court; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the matters relevant to the relief requested in the Motion; and due and sufficient notice of the Hearing and the relief sought in the Motion having been given under the particular circumstances of these chapter 11 cases; and no other or further notice needing to be provided; and it appearing that (1) the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (3) venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (4) the relief requested provided for herein being appropriate under the particular circumstances of these chapter 11 cases;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. Notice of the Motion and the Hearing was fair and adequate under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9008, the Local Rules, and applicable law.

3. Any and all objections and responses to the Motion that have not been withdrawn, waived, settled, adjourned, or resolved, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

4. PayPal is directed to turn over to GBRP all funds being held by PayPal, with such transfer to occur not later than five (5) days after the entry of this Order.

5. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Sale Order, the GBRP APA and the GBRP Agency Agreement, all amendments thereto, and any waivers and consents thereunder and each

of the agreements executed in connection therewith, and to adjudicate, if necessary, any and all disputes concerning or relating in any way thereto.