**<u>Exhibit A</u>**

Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 1898, 1941, 2110, 2214** |

**JOINT STIPULATION ALLOWING APPLICATIONS FOR ADMINISTRATIVE EXPENSES OF META PLATFORMS, INC. AND HORIZON MEDIA LLC**

This stipulation ("Stipulation") is made as of the 21st day of October 2025 (the "Effective Date") by and among: (i) Former BL Stores, Inc., and its affiliated debtors (the "Debtors") in the chapter 11 cases jointly administered under Case No. 24-11967 (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), (ii) Meta Platforms, Inc. ("Meta"), and (iii) Horizon Media LLC a/k/a Horizon, LLC ("Horizon"). The Debtors, Meta, and Horizon are each sometimes individually referred to herein as a "Party" and are collectively sometimes referred to herein as the "Parties."

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**RECITALS**

A. On September 9, 2024 (the "Petition Date"), each of the Debtors filed petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court, commencing the Chapter 11 Cases. The Debtors remain debtors-in-possession.

B. Prior to and following the Petition Date, the Debtors advertised or caused to be advertised their business on Meta's platforms. Meta provided or caused to be provided advertising services following the Petition Date as a "Critical Vendor" under and in accordance with the terms of *Final Order (I) Authorizing Debtors to Pay Prepetition Critical Vendor Claims, Foreign Vendor Claims, and 503(b)(9) Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Status to Debtors' Undisputed Obligations to Vendors Arising From Post-Petition Delivery of Goods Ordered Postpetition and Authorizing Debtors to Pay Those Obligations in the Ordinary Course of Business, (III) Authorizing Debtors to Return Goods, (IV) Authorizing Debtors to Pay Certain Prepetition Claims of Lien Claimants, and (V) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 463] (the "Critical Vendor Order").

C. On January 31, 2025, Meta filed its *Application for Allowance and Payment of Administrative Expense and Reservation of Rights* [Docket No. 1898] (the "Meta Application"), which, as set forth more fully therein, sought allowance and payment of an administrative expense for advertising services provided to the Debtors as a Critical Vendor (as defined in the Critical Vendor Order) during the Chapter 11 Cases in the amount of $2,088,755.89 (the "Meta Administrative Expense").

D. On February 5, 2025, Horizon filed its *Motion for Allowance and Payment of Administrative Claim* [Docket No. 1941] (the "Horizon Application"), which, as set forth more

fully therein, sought (among other things) allowance and payment of an administrative expense for advertising services provided to the Debtors during the Chapter 11 Cases in the amount of $5,384,302.47 (the "Filed Horizon Administrative Expense").

E. On February 27, 2025, the Bankruptcy Court entered its *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [Docket No. 2110, as amended by Docket No. 2214] (the "Administrative Expense Procedures Order"), which, among other things, established procedures for the allowance and payment of certain administrative expenses in the Chapter 11 Cases.

F. Following entry of the Administrative Expense Procedures Order, the Debtors conducted a review of the Meta Application and the Horizon Application and determined that some or all of the amounts asserted in the Meta Application and the Horizon Application may correspond to the same expenses owed by the Debtors for advertising on Meta's platforms.

G. On September 25, 2025, the Debtors filed the *Third Notice of Commencement of Interim Payments Pursuant to the Administrative Expense Claims Procedures Order* [Docket No. 3176] (the "Payment Notice") providing for the payment of Phase 3 Payments (as defined in the Payment Notice) to Meta and Horizon.

H. On October 3, 2025, the Debtors sent to Horizon the aggregate sum of $1,232,016.46 on account of Horizon's and Meta's administrative expense claims, consisting of $754,074.95 on account of Horizon's administrative expense claim and $477,941.51 on account of Meta's administrative expense claim (the "Meta Portion").

3

I.   The Parties wish to facilitate the payment of the Debtors' post-Petition Date obligations owed Meta, by the Debtors to Meta, and those owed Horizon, by the Debtors to Horizon, while avoiding any duplicate payment to either non-Debtor Party.  Accordingly, each Party has agreed to enter into this Stipulation to effectuate the payment of the Meta Administrative Expense (allowed as described below) to Meta by the Debtors and the payment of the Filed Horizon Administrative Expense (allowed as described below) to Horizon by the Debtors.

**<u>NOW, THEREFORE, IT IS STIPULATED AND AGREED, THAT:</u>**

1.   The above Recitals are incorporated by reference as if fully set forth herein and made a part hereof.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Administrative Expense Procedures Order.

2.   The Meta Application is granted and the Meta Administrative Expense is allowed in full as a Pre-Closing Administrative Expense Claim in the amount of $2,088,755.89 (the "<u>Allowed Meta Administrative Expense</u>").

3.   The Horizon Application is granted as set forth herein.  The Filed Horizon Administrative Expense is reduced by the amount of $2,088,755.89 and allowed as a Pre-Closing Administrative Expense Claim in the amount of $3,295,546.58 (the "<u>Allowed Horizon Administrative Expense</u>" and, together with the Allowed Meta Administrative Expense, the "<u>Allowed Administrative Expenses</u>").

4.   After reasonable diligence, the Debtors represent and warrant that the above reduction of the Filed Horizon Administrative Expense is all that is necessary to resolve any concern about duplication of the amount owed Horizon and the amount owed Meta and no further investigation is necessary.  In light of the foregoing and based on the Debtors' diligence, the Debtors represent and warrant that there is no basis for the Meta Administrative Expense or the

Allowed Horizon Administrative Expense, or the treatment thereof as described in this Stipulation, to be reconsidered, and the Debtors covenant not to seek any such reconsideration.

5.  Horizon is authorized to transmit the Meta Portion of funds received from the Debtors to Meta on written instructions that Meta provides to Horizon. The Debtors' transmission of the Meta Portion to Horizon does not constitute a transfer for purposes of 11 U.S.C. §§ 548, 549, or 550 or any state law equivalent, and the Debtors, on behalf of themselves and the estates, hereby release, acquit, and discharge Horizon and Meta from any claim that the Debtors may have in connection with the Meta Portion of funds, including without limitation, under 11 U.S.C. §§ 548, 549, or 550 or any state law equivalent.

6.  The Debtors shall continue to make payments to Meta and Horizon thereafter in accordance with the Administrative Expense Procedures Order, respectively, until the Allowed Administrative Expenses are paid in full. Notwithstanding the foregoing, the Debtors shall pay the Allowed Administrative Expenses at the same time and on the same terms as all other Pre-Closing Administrative Expense Claims (as defined in the Administrative Expense Procedures Order) that have been consensually reconciled between the Debtors and the applicable holders of Pre-Closing Administrative Expense Claims in the Chapter 11 Cases, pursuant to the Administrative Expense Claims Procedures Order. For the avoidance of doubt, the Debtors shall only be obligated to pay Meta and Horizon their respective *pro rata* percentages of the Allowed Administrative Expenses until the Allowed Administrative Expenses are paid in full, consistent with the terms of the Administrative Expense Procedures Order.

7.  The Debtors and their successors and assigns (including, for the avoidance of doubt, any post-plan successor or reorganized entity, any estate or plan trust representative, or any trustee appointed in the Chapter 11 Cases or in the event that the Chapter 11 Cases are converted to

Chapter 7) shall not object to the Meta Administrative Expense, the Allowed Horizon Administrative Expense, or the Catch-Up Payments, and none of the Meta Administrative Expense, the Allowed Horizon Administrative Expense, the Catch-Up Payments or any amount required to be paid thereafter by the Debtors as described above shall be subject to offset, setoff, recoupment, recharacterization, avoidance (whether under chapter 5 of the Bankruptcy Code or any other applicable state or federal law or equity), disgorgement, diminution, or dilution and shall be paid in full and on time by the Debtors and in accordance with the terms set forth above and (unless inconsistent with the terms above) in the Administrative Expense Procedures Order.

8. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation.

[*Remainder of Page Intentionally Left Blank; Signature Page to Follow*]

Dated: October 21, 2025

| **ARENTFOX SCHIFF LLP** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
|---|---|
| */s/ James E. Britton* | */s/ Sophie Rogers Churchill* |
| George P. Angelich (admitted *pro hac vice*) | Robert J. Dehney, Sr. (No. 3578) |
| 1301 Avenue of the Americas, 42nd Floor | Andrew R. Remming (No. 5120) |
| New York, NY 10019 | Daniel B. Butz (No. 4227) |
| Tel: (212) 457-5423 | Sophie Rogers Churchill (No. 6905) |
| George.Angelich@afslaw.com | Casey B. Sawyer (No. 7260) |
| | 1201 N. Market Street, 16th Floor |
| James E. Britton (admitted *pro hac vice*) | Wilmington, Delaware 19801 |
| 800 Boylston Street, 32nd Floor | Tel: (302) 658-9200 |
| Boston, MA 02199 | rdehney@morrisnichols.com |
| Tel: (617) 973-6102 | aremming@morrisnichols.com |
| James.Britton@afslaw.com | dbutz@morrisnichols.com |
| | srchurchill@morrisnichols.com |
| *Counsel for Meta Platforms, Inc.* | csawyer@morrisnichols.com |

| **LOEB & LOEB LLP** | *-and-* |
|---|---|
| */s/ Noah Weingarten* | **DAVIS POLK & WARDWELL LLP** |
| William M. Hawkins | Brian M. Resnick (admitted *pro hac vice*) |
| Noah Weingarten | Adam L. Shpeen (admitted *pro hac vice*) |
| 345 Park Avenue | Stephen D. Piraino (admitted *pro hac vice*) |
| New York, New York 10154 | Ethan Stern (admitted *pro hac vice*) |
| (212) 407-4000 | Kevin L. Winiarski (admitted *pro hac vice*) |
| whawkins@loeb.com | 450 Lexington Avenue |
| nweingarten@loeb.com | New York, New York 10017 |
| | Tel: (212) 450-4000 |
| *Counsel for Horizon Media LLC* | brian.resnick@davispolk.com |
| | adam.shpeen@davispolk.com |
| | stephen.piraino@davispolk.com |
| | ethan.stern@davispolk.com |
| | kevin.winiarski@davispolk.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |