**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FORMER BL STORES, INC., et al.[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 3261 |

**MOTION TO SHORTEN NOTICE OF MOTION OF DEBTORS FOR ENTRY OF ORDER (I) CONVERTING CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND SETTING A HEARING THEREON, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") submit this motion (the "**Motion to Shorten**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening notice of the *Motion of Debtors for Entry of Order (I) Converting Chapter 11 Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief*, filed contemporaneously herewith (the "**Conversion Motion**")[2] and respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Conversion Motion.

**RELIEF REQUESTED**

1. The Debtors file this Motion to Shorten seeking entry of an order (a) shortening notice with respect to the Conversion Motion, (b) scheduling the Conversion Motion to be heard at the hearing currently scheduled for **November 4, 2025 at 1:00 p.m. (ET)** (the "**Hearing**"), (c) setting **October 31, 2025 at 12:00 p.m. (ET)** as the deadline for interested parties to file and serve any objections to the Conversion Motion, and (d) granting such other relief as the Court deems just and proper.

**JURISDICTION**

2. The Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), to the entry of a final order or judgment by the Court in connection with this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 9006-1(e).

**BACKGROUND**

4. On September 9, 2024 (the "**Petition Date**"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United

States Code (as amended, the "**Bankruptcy Code**").  The Debtors remain in possession of, and continue to manage, their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See Not. of Appointment of Comm. of Unsecured Creditors* [D.I. 248].

6. Additional information about the Debtors' business and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Amended Declaration of Jonathan Ramsden as Chief Financial and Administrative Officer of the Debtors in Support of the Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 77-1] (the "**First Day Declaration**").

7. Contemporaneously herewith, the Debtors filed the Conversion Motion, which seeks entry of an order converting these chapter 11 cases (the "**Chapter 11 Cases**") to cases under chapter 7 of the Bankruptcy Code.

## BASIS FOR RELIEF

8. Local Rule 9006-1(c)(i) provides, in relevant part, that unless the Bankruptcy Rules or Local Rules state otherwise, "all motion papers must be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

9. Pursuant to Bankruptcy Rule 2002(a)(4), absent cause, the Debtors are required to provide creditors at least 21 days' notice of "a hearing on a motion to dismiss a Chapter 7, 11, or 12 case or to convert it to another chapter. . ." Fed. R. Bankr. P. 2002(a)(4).

10. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

11. Pursuant to Bankruptcy Rule 9006(c), "the court may-for cause and with or without motion or notice-reduce the time," including the notice period otherwise required for the relief requested. Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the common filing of such motions "given the accelerated time frame of bankruptcy proceedings"). Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

12. Sufficient cause exists to justify shortening the notice period to consider the relief requested in the Conversion Motion at the Hearing. As more fully stated in the Conversion Motion, the Debtors no longer have sufficient resources to continue these Chapter 11 Cases, and there is no reasonable likelihood that the Debtors can confirm and consummate a chapter 11 plan. Accordingly, it is in the best interest of all stakeholders that the administration of the Debtors' estates is handed over to a chapter 7 trustee in an efficient and expedient manner. Prompt approval of the Conversion at the Hearing is necessary to ensure that the Debtors can implement such a transfer without needless depletion of the estates' resources. In addition, the Debtors are in the process of making payments to administrative expense creditors pursuant to the *Fourth Notice of*

*Commencement of Interim Payments Pursuant to the Administrative Expense Claims Procedures Order* [D.I. 3245] and anticipate that all such payments will be made before the Hearing.

13. Furthermore, the Debtors have extensively negotiated the Conversion Motion with the Official Committee of Unsecured Creditors (the "**Committee**"). Importantly, the Committee is fully supportive both of this Motion to Shorten and the Conversion Motion. Rather than file the Conversion Motion prematurely, the Debtors proactively engaged with the Committee on conversion procedures that best protected creditors and ensured value preservation for the Debtors' estates. Given the novel issues these Chapter 11 Cases present, that was a time-consuming process. But, in light of the consensus built, the Debtors and the Committee submit that shortened noticed is appropriate under these circumstances.

14. Therefore, the Debtors respectfully submit that shortening the notice period for the Conversion Motion will not prejudice any party in interest, and that sufficient cause exists for the Court to hear the Conversion Motion at the Hearing as requested in this Motion to Shorten.

## AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)

15. Pursuant to Local Rule 9006-1(e), the Debtors notified the Office of the United States Trustee (the "**U.S. Trustee**") and the Committee of their intention to file this Motion to Shorten. The Committee and the U.S. Trustee have both indicated they do not object to shortened notice of the Conversion Motion.

## NOTICE

16. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to GBRP; (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the Office of the United States Attorney for the District of Delaware; and (h) to the extent note listed herein, those parties

requesting notice pursuant to Bankruptcy Rule 2002.  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## **CONCLUSION**

For the reasons set forth above, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: October 24, 2025
Wilmington, Delaware

        **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

/s/ *Casey B. Sawyer*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, DE 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

-and-

**DAVIS POLK & WARDWELL LLP**
Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*