IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., *et al.*, | Case No. 24-11967 (JKS) |
| recaptioned as Former BL stores, Inc. | (Jointly Administered) |
| | Hearing Date: November 4, 2025 @ 1 pm |
| Debtors.1 | |
| | Objection Deadline: October 31, 2025 |

**OBJECTION OF LIPP CDS, INC. TO MOTION OF BIG LOTS, INC., ET AL FOR CONVERSION OF CHAPTER 11 CASE TO CHAPTER 7**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT JUDGE:

Lipp CDS Inc., a creditor in this case, files its Objection to the Motion of Former BL Stores, Inc. the Debtor to convert the Ch. 11 case to a Ch. 7 case, and will show the Court the following.

I. BACKGROUND

Lipp CDS Inc. is a California licensed real estate broker, whose license at all times relevant to the claims, was active and in good standing in the State of California. Lipp CDS Inc. entered into a written agreement referred as the Client Registration and Commission Agreement with the Debtor, Big Lots Stores—PNS, LLC on February 3, 2023. Lipp CDS Inc. procured the Property, described as 6351 Westminster Blvd. Westminster, California 92683, which was eventually sold by the Debtor to the Buyer identified in the original Purchase and Sale Agreement,

1

6351 Westminster Blvd, LLC. The sale, however, did not close until January, 2025, after this bankruptcy case was filed. (Doc. 1262). Lipp CDS Inc. never received notice of the bankruptcy filing, and filed its Motion for Leave to File Proof of Claim which the Debtor ultimately did not oppose and the Court granted leave to file the Proof of Claim. (DOC 2808. DOC 2917.)

Lipp CDS, Inc. filed its Claim on July 8, 2025; the Debtor filed its Objection to Lipp CDS, Inc's Proof of Claim on July 22, 2025. (Doc 2989). On August 5, 2025, Lipp. CDS, Inc. filed its Reply to the Debtor's Objection. (DOC 3057). On September 8, 2025, the parties submitted a Joint Letter of the Debtors and Lipp CDS, Inc. submitting the dispute concerning the Proof of Claim to the Court without requiring a hearing on the dispute. (DOC 3143). As of the date of the filing of this Objection, the matter is still pending and the Court has not ruled on it.

Lipp CDS Inc., the Creditor, conferred significant value on this Estate as the procuring cause of the sale of the real estate. 11 U.S.C. § 503(b)(3)(D). Lipp CDS Inc. is entitled to compensation, as a result. The Creditor's Client Registration and Commission Agreement was executed by the Debtor, who can claim neither surprise nor prejudice, as it agreed to pay the commission due.

II. ARGUMENT

The ability of the Debtor to re-organize was facilitated by the sale of assets that were initially part of this bankruptcy Estate. The sale of the Big Lots headquarters at 6351 Westminster Blvd. in Westminster, California 92683 yielded a net $6.1 million to this Estate as a direct result of the efforts of the procuring broker, Lipp CDS, Inc. The conversion should not be approved until the administrative claim of Lipp CDS, Inc. is approved and paid in full. The conversion would not be in the best interests of creditors because it would deprive Lipp CDS, Inc. and other creditors of the significant assets amassed by the Debtor, including the cash proceeds from the sale of 6351 Westminster Blvd. in Westminster, California, acquired by the Debtor during the pendency of the Chapter 11 case. *In re Adler*, 329 B. R. 406 (Bankr. S. D. N. Y. 2005); see also, *Monroe Bank & Trust v. Pinnock*, 2006 WL 2367350 (E.D. Mich. August 15, 2006).

III. APPEARANCE OF COUNSEL

The undersigned attorney has not been admitted to the bar of this Court; however, this Objection falls within the description of claims litigation as set out in Local Rule 9010—1(e)(3), which indicates that *pro hac* admission is not required to prosecute a proof of claim or a response to the claim. As set forth in the attached

Declaration, counsel has been admitted to and is active and in good standing in the U.S. Bankruptcy Court for the Central District of California, for the U.S. Bankruptcy Court for the Northern District of Texas, and the U.S. Bankruptcy Court for the Southern District of Ohio. In the event the Court requires that counsel be admitted *pro hac vice* in this Court, then counsel will comply with that requirement within the time permitted by Local Rule 9010—1(d). (Declaration: Exhibit E).

IV. CONCLUSION

Lipp CDS, Inc. a Creditor in this case objects to the request of Big Lots, Inc. et al to convert the case to a Chapter 7 on the grounds set forth above.

RESPECTFULLY SUBMITTED,

**SUSAN BARILICH, P.C.**

*/s/ Susan Barilich*
By: Susan Barilich, Esq.
Attorney for Lipp CDS Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BIG LOTS, INC., et al., recaptioned as Former BL stores, Inc. | CASE NO: 24-11967 (JKS) |
| Debtors.1 | |

## CERTIFICATE OF SERVICE

I, Susan Barilich, of Susan Barilich, P.C. hereby certify that on the 31st of October, 2025, I served a copy of the **OBJECTION OF LIPP CDS, INC. TO MOTION OF BIG LOTS, INC., ET AL FOR CONVERSION OF CHAPTER 11 CASE TO CHAPTER 7** on the attached service list via electronic mail.

/s/ Susan Barilich
Susan Barilich, Esq. (CA Bar No. 159530)

## SERVICE LIST

**VIA CM/ECF:**

Robert J. Dehney, Sr., Esquire
Andre R. Remming, Esquire
Tamara K. Mann, Esquire
Sophie Rogers Churchhill, Esquire
Casey B. Sawyer, Esquire
**MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP**
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899


Brian M. Resnick, Esquire
Adam L. Shpeen, Esquire
Stephen D. Piraino, Esquire
Ethan Stern, Esquire
**DAVIS & POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017

Office of the United States Trustee
Attn: Linda Casey, Esquire
844 King Street, Suite 2207
Lockbox 35
Wilmington DE 19801