**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FORMER BL STORES, Inc., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | Jointly Administered |
| | Re: Docket No. 3261 |
| | Hearing Date: November 4, 2025 at 1:00 p.m. (ET) |
| | Obj. Deadline: October 31, 2025 at 4:00 p.m. (ET) |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF DEBTORS FOR ENTRY OF ORDER (I) CONVERTING CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND SETTING A HEARING THEREON, AND (III) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, hereby objects (this "Objection") to the *Motion of Debtors for Entry of Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [D.I. 3261] (the "Conversion Motion"), and in support of this Objection respectfully states:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**PRELIMINARY STATEMENT**

It is unclear that the Debtors retain any assets that a chapter 7 trustee can utilize to pay the costs of administering the chapter 7 estate. The proposed order, however, requires that the chapter 7 trustee administer the Disputed Administrative Expense Claims Reserve. Absent a record demonstrating that the chapter 7 estate will have sufficient funds to pay the cost of administering the remaining assets of the estate, the order cannot mandate that a chapter 7 trustee administer specific assets.

Furthermore, under the proposed order, the Official Committee of Unsecured Creditors (the "Committee") will not dissolve when the cases convert, but rather "shall remain in existence with its full statutory rights and duties until the appointment of a ***permanent*** chapter 7 trustee." Conversion Mot. at Exh. A, ¶ 3.(e). The chapter 7 trustee is the fiduciary of the estate upon conversion, and the Committee dissolves upon conversion.

**JURISDICTION AND STANDING**

1. This Court has jurisdiction to hear and determine the Conversion Motion and this Objection under: (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court of the District of Delaware issued under 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. The U.S. Trustee has standing to be heard on the Conversion Motion under 11 U.S.C. § 307. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys.,*

*Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

4. On September 9, 2024 (the "Petition Date"), each of the above-referenced debtors (the "Debtors") filed a voluntary chapter 11 petition for relief in the United States Bankruptcy Court for the District of Delaware. The Debtors remain in possession of their property and continue to manage their assets as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases, which are being jointly administered for procedural purposes only.

5. On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee.

6. At a hearing on December 31, 2024, the Debtors received Court approval to consummate a sale (the "GBRP Sale") of substantially all of their assets to Gordon Brothers Retail Partners, LLC ("GBRP"). On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "GBRP Sale Order"). On January 3, 2025, the parties consummated the GBRP Sale.

7. The GBRP Sale Order (i) permitted the Debtors to fund a Professional Fee Escrow Account and (ii) provided that the Professional Persons have a first-priority claim over all administrative expense claims and unsecured claims of any kind or nature whatsoever,

3

including claims under 11 U.S.C. §§ 326 (relating to chapter 7 trustee's commission), 507(a) (which includes the chapter 7 trustee's costs in administering the estate). GBRP Sale Order, ¶ 19. Further, if the Professional Fee Escrow Account is insufficient to pay all Allowed Professional Fee claims, then the Professional Persons will have a superpriority administrative claim, senior to all other claims, and a superpriority lien, senior to all other liens, on all remaining assets in the Debtors' estates. *Id.*, ¶ 21.

8.  On March 12, 2025, the Court entered the Administrative Expense Claims Procedure Order[2] [D.I. 2214]. The Administrative Expense Claims Procedures Order authorized the Debtors to make certain payments on Pre-Closing Administrative Expense Claims and authorized a reserve to be set aside for any disputed Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims.

9.  The proposed order converting the Debtors' cases provides that the chapter 7 trustee (i) "shall continue to maintain the Disputed Administrative Expense Claims Reserve" and (ii) use the reserve to pay Later Reconciled Administrative Expense Claims, Pre-Closing Administrative Expense Claims, and/or 503(b)(9) Claims. Conversion Mot., Ex. A, ¶ 3.(g).

10. Further, the proposed order reaffirms the Professional Persons' superpriority liens and claims on all of the Debtors' assets for the payment of any Professional Fee Shortfall. *Id.,* Ex. A., ¶ 4.

11. The proposed order further provides, "To the extent permitted by law, the Committee shall not be automatically disbanded on the Conversion Date and the Committee shall remain in existence with its full statutory rights and duties until the appointment of a permanent chapter 7 trustee." *Id.*, Exh. A., ¶ 3.(e).

---

[2] Capitalized terms not defined herein shall have the definition ascribed to them in the Conversion Motion.

**OBJECTION**

12.     The Conversion Motion indicates that the Debtors have "largely completed monetizing their remaining assets." Conversion Mot., ¶ 2. The only remaining assets specifically identified in the Conversion Motion – the Professional Fee Escrow Account and the Disputed Administrative Expense Claims Reserve – are expressly preserved for their respective beneficiaries, and the proposed order reaffirms this principle. Further, the Professional Persons have a superpriority claim and lien, purportedly superior to the right of a chapter 7 trustee's commission and the costs of administering the chapter 7 estate. The Conversion Motion does not disclose if there are any assets other than these assets that can be used to administer the estate. Nevertheless, the Conversion Motion mandates that the chapter 7 trustee maintain and distribute the funds in the Administrative Expense Claims Reserve.

13.     The Debtors amassed chapter 11 administrative expense claims well exceeding their ability to pay, resulting in payment to holders of Pre-Closing Administrative Expense Claims and 503(b)(9) Claims of only a small fraction of their claims. Costs of administering the chapter 7 estate cannot be borne by a chapter 7 trustee or chapter 7 administrative creditors. These Debtors elected to proceed through a chapter 11 sale and administration after determining that they were administratively insolvent to maximize the value of the estate and ensure payment of post-sale administrative expense claims. The cases should not be converted while that process, including reconciliation and payment on Pre-Closing Administrative Expense Claims and 503(b)(9) Claims, remain ongoing if there are no, or insufficient, funds to pay for the chapter 7 administration. Rather, the equitable result in this case is to have the professionals whose fees are ensured to be paid to continue to administer the encumbered and earmarked assets and not burden additional creditors who will not be paid.

14. Furthermore, there is no basis for continuing the Committee's existence and full statutory rights after conversion but prior to the election of a permanent trustee. Upon conversion, the Committee dissolves. *In re Constellation Enters. LLC*, 587 B.R. 275, 281-82 (D. Del. 2018) ("the legal entity that was the Committee automatically dissolved and ceased to exist as of the conversion of the chapter 11 case to chapter 7."). If the cases are converted, the order should not authorize the Committee to continue to exist until a permanent trustee is appointed.

## RESERVATION OF RIGHTS

15. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights to (i) amend or supplement this Objection and (ii) conduct discovery.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order: (i) denying approval of the Conversion Motion; and (ii) granting such other and further relief as the Court deems just and equitable.

Dated: October 31, 2025

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Linda J. Casey*
Linda Casey
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207,
 Lockbox 35
Wilmington, DE 19801
Telephone: (302) 573-6491
Email:  linda.casey@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Linda Casey, hereby certify that on October 31, 2025, I caused to be served a copy of this Objection by electronic service on the registered parties via the Court's CM/ECF system and courtesy copies were sent via email to parties in interest.


Dated: October 31, 2025                              */s/ Linda Casey*
                                                     Linda Casey