**Exhibit A**

Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 3140** |

**STIPULATION REGARDING SEDGWICK CLAIMS MANAGEMENT SERVICES'
MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIMS**

This stipulation (the "Stipulation") is entered into by and among: (i) Sedgwick Claims Management Services ("Sedgwick") and (ii) the above-captioned debtors and debtors in possession (collectively, the "Debtors," and together with Sedgwick, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"),

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

which initiated the above-captioned and styled bankruptcy cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered under case number 24-11967 (JKS).

    B. Prior to the Petition Date, Sedgwick and Debtors entered into a certain Services Agreement for Administration of a Claims Program (the "Contract"). Pursuant to the Contract, Sedgwick administered, among other things, Debtors' self-insured worker's compensation insurance program and auto liability coverage, and Debtors were required to regularly deposit funds into an escrow account for Sedgwick to pay claims asserted against the Debtors and their applicable insurance policies (the "Escrow Account"). As of the Petition Date, the Escrow Account had a balance of $1,815,000.00. During the Cases, Sedgwick has paid $1,464,115.63 on account of claims asserted against the Debtors for workers compensation and auto liability, and, as of the filing of this Stipulation and Agreed Order, the remaining balance in the Escrow Account is $350,884.37 (the "Escrow Balance").

    C. On February 27, 2025, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [D.I. 2110] ("Administrative Expense Procedures Order"), which governed the administrative claims incurred by the Debtors' estate prior to January 3, 2025 (the "Pre-Closing Period"). Administrative expense claims incurred after January 3, 2025 (the "Post-Closing Period"), are not subject to the procedures set forth in the Administrative Expense Procedures Order.

    D. On April 3, 2025, Sedgwick timely filed its proof of claim for services it provided pursuant to the Contract during the Pre-Closing Period (the "Pre-Closing Administrative Claim").

2

E. Following the Pre-Closing Period, Sedgwick continued to provide services to Debtor Big Lots Stores, LLC pursuant to the Contract.

F. On September 5, 2025, Sedgwick timely filed its *Motion for Allowance an Immediate Payment of Administrative Expense Claims* [D.I. 3140] (the "Motion") in connection with the post-closing services it provided pursuant to the Contract (the "Post-Closing Administrative Claim").

G. Sedgwick invoiced the Debtors $1,464,115.63 for Pre-Closing and Post-Closing services and loss funding pursuant to the terms of in the Contract.

H. Since the filing of the Motion, only two outstanding workers' compensation claims remain to be administered under the Contract.

I. The Parties have entered into this Stipulation with respect to the Pre-Closing Administrative Claim and the Post-Closing Administrative Claim (collectively, the "Administrative Expense Claims").

**NOW THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, it is hereby **STIPULATED AND AGREED** that:

1. Subject to entry by the Bankruptcy Court of the proposed order approving this Stipulation (the "Proposed Order"), the Motion, shall be deemed withdrawn without prejudice.

2. Upon entry of the Proposed Order, the Contract will be deemed terminated, and the Parties will have no further obligations under the Contract.

3. The Debtors, on behalf of themselves, their estate, successors, assigns, representatives, and any trustee that may be appointed, hereby fully and forever release, and discharge Sedgwick and its successors, assigns, officers, directors, employees, insurers, and representatives from any and all claims, causes of action, or liabilities, known or unknown, arising

out of or related to: (i) the Contract, (ii) the Administrative Expense Claims, (iii) the Escrow Account, or (iv) any transactions or dealings between the Parties prior to the date of this Stipulation and Agreed Order, including, without limitation, claims enumerated in Sections 544 through 550 of the Bankruptcy Code.

4. Sedgwick on behalf of itself, its successors, assigns, officers, directors, employees, insurers, and representatives, hereby fully and forever releases, and discharges the Debtors, their estate, successors, assigns, representatives, and any trustee that may be appointed, from any and all claims, causes of action, or liabilities, known or unknown, arising out of or related to: (i) the Contract, (ii) the Administrative Expense Claims, (iii) the Escrow Account, or (iv) any transactions or dealings between the Parties prior to the date of this Stipulation.

5. For the avoidance of any doubt, Sedgwick shall have no obligation to administer or process any future claims under the Contract on behalf of the Debtors, or their estates.

6. Pursuant to the terms of the Contract, Sedgwick will retain $50,000 to cover outstanding costs and expenses incurred in connection with administering the claims, including pursuing its Administrative Expense Claims.

7. The remainder of the Escrow Balance, which is $300,884.37, will be remitted to the Debtors as soon as reasonably practicable following entry of the Proposed Order.

8. As soon as reasonably practicable following entry of the Proposed Order, Sedgwick will also remit to the Debtors $120,812.81 in service credits, which Sedgwick has determined is owed to the Debtor after having performed the "true-up" analysis required under the Contract.

9. In total Sedgwick will remit to the Debtors $421,697.18 from the Escrow Balance and service credits.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings of the Parties.

11. The undersigned, who executes this Stipulation by or on behalf of each respective Party, represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party and that the respective Parties have full knowledge of, and have consented to, this Stipulation. This Stipulation may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

12. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13. Notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, upon entry of the Proposed Order, this Stipulation shall be immediately effective and enforceable upon its entry.

14. The Bankruptcy Court shall retain sole and exclusive jurisdiction over all matters related to this Stipulation and the Proposed Order.

**STIPULATED AND AGREED TO BY**:

Dated: October 31, 2025

By: */s/ Lloyd A. Lim*
    **KEAN MILLER LLP**
    Lloyd A. Lim (*admitted pro hac vice*)
    711 Louisiana Street, Suite 1800
    Houston, Texas 77002
    Telephone: (713) 844-3000
    Lloyd.Lim@keanmiller.com

    *Counsel to Sedgwick Claims Management Services*

By: */s/ Sophie Rogers Churchill*
    **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
    Robert J. Dehney, Sr. (No. 3578)
    Andrew R. Remming (No. 5120)
    Daniel B. Butz (No. 4227)
    Sophie Rogers Churchill (No. 6905)
    Casey B. Sawyer (No. 7260)
    1201 N. Market Street, 16th Floor
    Wilmington, Delaware 19801
    Tel: (302) 658-9200
    rdehney@morrisnichols.com
    aremming@morrisnichols.com
    dbutz@morrisnichols.com
    srchurchill@morrisnichols.com
    csawyer@morrisnichols.com

    *-and-*

    **DAVIS POLK & WARDWELL LLP**
    Brian M. Resnick (admitted pro hac vice)
    Adam L. Shpeen (admitted pro hac vice)
    Stephen D. Piraino (admitted pro hac vice)
    Ethan Stern (admitted pro hac vice)
    Kevin L. Winiarski (admitted pro hac vice)
    450 Lexington Avenue
    New York, New York 10017
    Tel: (212) 450-4000
    brian.resnick@davispolk.com
    adam.shpeen@davispolk.com
    stephen.piraino@davispolk.com
    ethan.stern@davispolk.com
    kevin.winiarski@davispolk.com

    *Counsel to the Debtors and Debtors in Possession*