IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 3261, 3292, 3293** |

**DEBTORS' REPLY IN FURTHER SUPPORT OF MOTION OF DEBTORS FOR
ENTRY OF ORDER (I) CONVERTING CHAPTER 11 CASES TO CASES UNDER
CHAPTER 7, (II) ESTABLISHING DEADLINE FOR FILING FINAL CHAPTER 11
FEE APPLICATIONS AND SETTING A HEARING THEREON,
AND (III) GRANTING RELATED RELIEF**

Former BL Stores, Inc. and each of its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby submits this reply (this "**Reply**") in further support of the *Motion of Debtors for Entry of Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [D.I. 3261] (the "**Motion**") and in response to the (a) *United States Trustee's Objection to the Motion of Debtors for Entry of Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [D.I. 3293] (the "**UST Objection**") and (b) *Objection of Lipp CDS, Inc. to Motion of Big Lots, Inc., et al. for Conversion of Chapter*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*11 Case to Chapter 7* [D.I. 3292] (the "**Lipp CDS Objection**" and, together with the UST Objection, the "**Objections**"). The Motion and this Reply are supported by the *Declaration of Kent Percy in Support of Motion of Debtors for Entry of Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* (the "**Percy Declaration**"), which is attached hereto as **Exhibit A** and incorporated by reference herein. In further support of the Motion, the Debtors respectfully state as follows:

**REPLY**

1. Neither Objection attempts to dispute that under the Bankruptcy Code the Debtors have the right, exercisable in their discretion, to convert these Chapter 11 Cases to cases under chapter 7. Indeed, the text of section 1112(a) is crystal clear: the debtor "may convert a [chapter 11] case to a case under chapter 7" subject only to three limitations, none of which are applicable here. *See* 11 U.S.C. § 1112(a); H.R. Rep. No. 95-595, 1st Sess. 405 (1977) ("Subdivision (a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case"). Instead, both Objections seek to delay and/or deny conversion, on grounds that lack any merit whatsoever.

2. The UST Objection argues that the Debtors have not carried their burden to show that "the chapter 7 estate will have sufficient funds to pay the cost of administering the remaining assets of the estate." UST Obj. at 2. To establish a clear record to address this issue, the Debtors intend to submit the Percy Declaration into evidence. As set forth in the Percy Declaration, the Debtors are leaving behind assets for the chapter 7 Trustee that they believe are sufficient to pay the costs of case administration.[2] Leaving aside the fact that nothing in the text of section 1112(a)

---

[2] The U.S. Trustee's position that the Debtors should remain in chapter 11 until they have completed reconciling Pre-Closing Administrative Expense Claims is untenable. *See* UST Obj. at ¶¶ 12–13. Specifically,

2

of the Bankruptcy Code nor any other provision in the Bankruptcy Code requires a debtor-in-possession to leave behind a specific threshold of assets upon conversion to chapter 7 (nor has the U.S. Trustee identified any such provision), the post-conversion estate will have the following Estate Assets (as defined below), which the Debtors respectfully submit are more than sufficient to fund the administration of the chapter 7 cases:

- *First*, the Debtors' estates will be capitalized with $750,000 in unencumbered funds (such funds, the "**Estate Cash**") as well as an additional $300,000 for estimated Q4 U.S. Trustee fees.

- *Second*, the Debtors' estates will have the right to receive certain tax refunds that are anticipated to be paid to the estates in the coming months (the "**Tax Refunds**"). Such Tax Refunds are projected to be up to $3,000,000.

- *Third,* the Debtors' estates will hold the Debtors' interest in certain litigation-related assets where the Debtors are a plaintiff (the "**Litigation-Related Assets**" and, together with the Estate Cash and Tax Refunds, the "**Estate Assets**"). Although such Litigation-Related Assets are inherently uncertain and difficult to quantify, if monetized, such assets would inure to the benefit of the Debtors' estates. Of course, as is typical in chapter 7, the chapter 7 Trustee (or any permanent trustee, once appointed) will be financially incentivized to pursue monetization of the Litigation-Related Assets.

*See* Percy Decl. at ¶ 8.

3. As set forth in the Percy Declaration, the Debtors believe that these Estate Assets are sufficient to complete administration of the chapter 7 cases for multiple reasons. *First*, the Debtors no longer have an operating business nor many employees, and thus the chapter 7 Trustee (or any permanent trustee, once appointed) will not have to incur any significant costs in maintaining the Debtors' operations. *See* Percy Decl. at ¶ 10. *Second*, the Debtors' reconciliation

---

remaining in chapter 11 would only lead to increased professional fees incurred by the Debtors' estates, thereby eroding creditor recoveries and resulting in a worse outcome for holders of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims. As set forth herein and in the Percy Declaration, the Debtors respectfully submit that the Estate Assets (as defined herein) being left behind for the chapter 7 Trustee are more than sufficient to complete the administration of the estates and the reconciliation of Pre-Closing Administrative Expense Claims and 503(b)(9) Claims.

3

of Pre-Closing Administrative Expense Claims and 503(b)(9) Claims will have largely been completed by the Conversion Date,[3] and thus the small amount of outstanding reconciliations will be the only remaining significant tasks for a chapter 7 Trustee to complete. *See id.* Importantly, any Administrative Expense Claim Payments to be made by the chapter 7 Trustee will be funded from the Disputed Administrative Expense Claims Reserve, and thus there is no risk of diminishing the Estate Assets through such payments. *See id.*

4. Furthermore, the U.S. Trustee argues that "there is no basis for continuing the Committee's existence and full statutory rights after conversion but prior to the election of a permanent trustee." UST Obj. at ¶ 14 (citing *In re Constellation Enters. LLC*, 587 B.R. 275, 281–82 (D. Del. 2018)). In response, the Debtors and Committee have agreed to modify the Proposed Order such that, on the Conversion Date, the Committee will be dissolved, provided that the Professional Persons retained by the Committee may file and prosecute Final Fee Applications (which the Debtors would propose to be due 45 days post-Conversion Date). This modification, as well as certain other technical modifications requested by various parties, has been reflected in a revised form of Proposed Order attached hereto as **Exhibit B** (the "**Modified Proposed Order**").[4]

5. Although the Debtors have been in communication with the U.S. Trustee regarding whether the above modifications and submission of the Percy Declaration are sufficient to resolve the UST Objection, the Debtors have not received a response from the U.S. Trustee as of the filing

---

[3] Importantly, as set forth in the Percy Declaration, the Debtors have resolved approximately $269 million in Pre-Closing Administrative Expense Claims and 503(b)(9) Claims. *See* Percy Decl. ¶ 10. The Debtors estimate that, on the high-end, the total amount of Pre-Closing Administrative Expense Claims and 503(b)(9) Claims is approximately $289 million, whereas the low-end total amount of such claims is approximately $274 million. *See id.* Accordingly, based on the Debtors' estimates, there are only approximately $5 million to $20 million of Pre-Closing Administrative Expense Claims and/or 503(b)(9) Claims that are yet to be consensually reconciled. *Id.*

[4] For the convenience of the Court and all parties in interest, a redline of the Modified Proposed Order marked against the Proposed Order attached as Exhibit A to the Motion is attached hereto as **Exhibit C**.

of this Reply. Accordingly, the Debtors are filing this Reply out of an abundance of caution and reserve all rights to supplement this Reply prior to and at the November 4, 2025, hearing to approve the Motion.

6. Finally, with respect to the Lipp CDS Objection, the Debtors respectfully submit that Lipp CDS's right to receive a payment on account of its alleged administrative expense claim is not prejudiced by the Debtors' conversion to chapter 7. As set forth in the Motion and the Proposed Order, the Debtors have proposed to establish a Disputed Administrative Expense Claims Reserve to be administered by Kroll.[5] To the extent the Court rules that Lipp CDS is entitled to a Pre-Closing Administrative Expense Claim, such claim would receive the same *pro rata* payment as all other holders of Later Reconciled Administrative Expense Claims, to be funded by the Trustee from the Disputed Administrative Expense Claims Reserve.

7. Accordingly, the Debtors would respectfully request that the Court overrule the Lipp CDS Objection, as such objection does not assert a reason to deny the Debtors' right to convert the Chapter 11 Cases pursuant to section 1112(a) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

8. Notwithstanding anything to the contrary in this Reply or the Motion, the Debtors reserve their rights to supplement this Reply and to contest the allegations raised in the Objections on any other grounds. Nothing contained herein should be deemed to constitute an admission regarding the allegations raised in the Objections.

---

[5] In response to a concern raised in the UST Objection regarding the Disputed Administrative Expense Claims Reserve, *see* UST Obj. at ¶¶ 12–13, the Debtors would respectfully submit that the establishment of such reserve is merely a continuation of this Court's Administrative Expense Claims Procedures Order. *See* D.I. 2214 at ¶ 23 ("The Debtors, in consultation with the Committee, shall set aside an adequate reserve for any unpaid Post-Closing Administrative Expense Claim or 503(b)(9) Claim, to the extent any exist.").

**WHEREFORE**, for the reasons set forth herein and in the Motion, the Debtors respectfully request that the Court overrule the Objections, grant the Motion, and enter an order substantially in the form of the Modified Proposed Order attached hereto as **Exhibit B**.

Dated: November 3, 2025

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Casey B. Sawyer (No. 7260)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
csawyer@morrisnichols.com

**DAVIS POLK & WARDWELL LLP**

Brian M. Resnick (admitted *pro hac vice*)
Adam L. Shpeen (admitted *pro hac vice*)
Stephen D. Piraino (admitted *pro hac vice*)
Ethan Stern (admitted *pro hac vice*)
Kevin L. Winiarski (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel: (212) 450-4000
brian.resnick@davispolk.com
adam.shpeen@davispolk.com
stephen.piraino@davispolk.com
ethan.stern@davispolk.com
kevin.winiarski@davispolk.com

*Counsel to the Debtors and Debtors in Possession*