**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 7 |
|---|---|
| FORMER BL STORES, INC., et al.,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: January 29, 2026, at 11:00 a.m. (ET)**
**Objection Deadline: December 16, 2025, at 4:00 p.m. (ET)**

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF NOVEMBER 10, 2025**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors") in the above-captioned cases, files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trustee to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Trustee, effective as of November 10, 2025. In support of the

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

Application, the Trustee submits the declaration of Bradford J. Sandler (the "Sandler Declaration"), attached hereto as **Exhibit B** and incorporated herein by reference. In support of this Application, the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On November 10, 2025 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 3320].

**Relief Requested**

6. The Trustee respectfully requests that the Court enter the Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, authorizing the Trustee to employ and retain PSZ&J as the Trustee's counsel effective as of November 10, 2025.

**Basis for Relief**

7. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an attorney to represent or assist the trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

8. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

**Disinterestedness**

9. PSZ&J has advised the Trustee that neither PSZ&J nor any partner, counsel, or associate of PSZ&J: (i) holds an adverse interest in connection with these cases; or (ii) represents any other entity having an adverse interest in connection with these cases, except as disclosed in the Sandler Declaration.

10. The Trustee has selected PSZ&J because of its experience and knowledge and believes that PSZ&J has no disqualifying conflicts of interest. PSZ&J has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors and these cases, entities that are claimants of the Debtors or other parties in interest in these cases.

11. To the best of the Trustee's knowledge, and except as disclosed in the Sandler Declaration, PSZ&J has had no other prior connection with the Debtors, their creditors, or any other party in interest. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates.

12. PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to the Debtors and these cases. PSZ&J has not—except as disclosed in the Sandler Declaration—and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these cases. The Trustee believes that PSZ&J is qualified to represent the Trustee in these cases.

**<u>Services to Be Provided</u>**

13. The services PSZ&J may be required to render for the Trustee include, without limitation, the following:

a. Assisting, advising, and representing the Trustee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations, and any other matters relevant to these cases;

b. Preparing on behalf of the Trustee necessary applications, motions, complaints, answers, orders, agreements, and other legal papers;

c. Reviewing, analyzing, and responding to pleadings filed in these cases and any other legal proceeding pending before this Court or any other Court, and appearing in court to present necessary

motions, applications, and pleadings and otherwise to protect the interests of the Trustee and the estates;

d. Assisting, advising, and representing the Trustee in the evaluation of claims and on any litigation matters, including avoidance actions; and

e. Providing legal advice to the Trustee regarding the administration of these cases and performing all other legal services for the Trustee that may be necessary and proper in these cases.

14. The Trustee intends to work closely with PSZ&J and any other retained professionals that may become involved in these cases in the future to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates in these cases.

**Compensation**

15. The Trustee requests that PSZ&J be compensated on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.

16. PSZ&J has advised the Trustee that this type of compensation and payment arrangement is customary and reasonable for the work to be performed. The Trustee agrees and submits that PSZ&J's requested compensation and payment arrangement is customary and reasonable. PSZ&J will file interim and final fee applications in these cases.

**Notice**

17. The Trustee will provide notice of this Application to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

**No Prior Request**

18. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: December 2, 2025

*/s/ Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Former BL Stores, Inc., *et al.*