**Exhibit B**

**Sandler Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., et al.,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF BRADFORD J. SANDLER IN SUPPORT OF**
**APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO**
**EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS**
**COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF NOVEMBER 10, 2025**

I, Bradford J. Sandler, Esquire, declare under penalty of perjury as follows:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP
("PSZ&J" or the "Firm"), located at 919 North Market Street, 17th Floor, Wilmington, Delaware
19801.  I am duly admitted and in good standing to practice law in the State of Delaware and the
United States District Court for the District of Delaware, among other jurisdictions.[2]

2.      I am authorized to submit this declaration (the "Declaration") in support of
the *Application of Chapter 7 Trustee for Authorization to Employ and Retain Pachulski Stang*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] I am in good standing to practice law in all jurisdictions to which I am, and have been, admitted to practice.

*Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, Effective as of November 10, 2025* (the "<u>Application</u>"), submitted concurrently herewith.[3]

3.      Neither I, the Firm, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, the Debtors' creditors, or any other parties in interest herein, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as set forth herein.

4.      Bankruptcy Rule 2014 requires that an application for employment under section 327 of the Bankruptcy Code disclose all connections with the Debtors, the estates, the professionals, and the Office of the U.S. Trustee.  Accordingly, the Firm discloses its known connections herein.

5.      The Firm has undertaken an investigation of its disinterestedness in connection with this Declaration.  The Firm conducts a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new matters into that database.  Thus, a review of the computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation.  In particular, an employee of the Firm, under my supervision, entered the names of the parties listed on the Debtors' creditor matrix into the Firm's electronic database.

6.      To date, it appears that PSZ&J does not hold or represent any interest adverse to, and has no connection with, subject to the disclosures set forth herein, the Debtors,

---

[3]    Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

their creditors, the U.S. Trustee, or any party in interest herein in the matters upon which PSZ&J is to be retained, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code. The Firm will file a supplemental declaration disclosing any newly-discovered connections, as needed.

7.      The Trustee has selected PSZ&J because of its experience and knowledge and believes that PSZ&J has no disqualifying conflicts of interest. PSZ&J has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors and these cases, entities that are claimants of the Debtors or other parties in interest in these cases.

8.      PSZ&J is not aware of any other prior connection with the Debtors, their creditors, or any other party in interest, except as disclosed herein. Upon information and belief, PSZ&J does not hold or represent any interest adverse to the Debtors' estates.

9.      PSZ&J may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to the Debtors and these cases. PSZ&J has not and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these cases, except as may be disclosed in any supplemental disclosure.

10.     PSZ&J is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

    a.      are not creditors, equity security holders, or insiders of the Debtors;

    b.      are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

    c.      do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to,

connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

11.     Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  PSZ&J has one hourly rate schedule for all work undertaken by the Firm, which is adjusted from time to time, usually effective as of January 1 of each calendar year.  The current hourly rates charged by PSZ&J for professionals and paralegals employed in its offices are:

| | |
|---|---|
| Partners | $1,075.00 - $2,350.00 |
| Of Counsel | $1,050.00 - $1,850.00 |
| Associates | $725.00 - $1,225.00 |
| Paraprofessionals | $575.00 - $675.00 |

12.     The professionals and paralegals presently designated to represent the Trustee and their current standard hourly rates are:

| | |
|---|---|
| Bradford J. Sandler | $1,895.00 |
| Peter J. Keane | $1,295.00 |
| Edward A. Corma | $875.00 |
| Andrea T. Bates | $650.00 |

13.     Other attorneys and paralegals may from time to time provide services in connection with the matters described herein.

14.     An hourly fee rate is reasonable and customary for work of this nature.  The hourly rate is set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

15.     It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as case-required secretarial/staff overtime.  The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

*[Remainder of Page Intentionally Left Blank]*

16.    No promises have been received by the Firm or by any partner, of counsel, or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these cases, except among the partners, of counsel, and associates of the Firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 2, 2025

*/s/ Bradford J. Sandler*
Bradford J. Sandler