**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 3350** |

**ORDER GRANTING APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC AS ACCOUNTANTS AND FINANCIAL ADVISORS TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF NOVEMBER 10, 2025**

Upon consideration of the Application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (collectively, "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code for authority to employ and retain Giuliano, Miller & Company, LLC ("GMCO") as accountants and financial advisors to the Trustee, effective as of November 10, 2025, the Court having reviewed the Application, and the Declaration of Donna M. Miller (the "Declaration"); the Court finding that:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the information available to GMCO to date and the disclosures GMCO has made to date, GMCO neither has nor represents any interest materially adverse to the interests of the Debtors' estates, any other parties in interest, or in connection with the Debtors' cases; (d) the Court having determined that GMCO is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (e) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ GMCO as accountants and financial advisors pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of November 10, 2025.

3. GMCO shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

4. GMCO is authorized to render professional services to the Trustee as described in the Application.

3

5. The Trustee and GMCO are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.