**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Related Docket No. 3351** |

**ORDER GRANTING APPLICATION OF CHAPTER 7 TRUSTEE FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, EFFECTIVE AS OF NOVEMBER 10, 2025**

Upon consideration of the application (the "Application")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (collectively, the "Debtors") in the above-captioned cases, seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Trustee, effective as of November 10, 2025; and upon consideration of the Sandler Declaration, which was submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application and the Sandler Declaration that PSZ&J does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

to be engaged, that PSZ&J is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Trustee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to employ and retain PSZ&J as counsel pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of November 10, 2025.

3. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and any other applicable procedures and orders of this Court.

3

      4.      PSZ&J is authorized to render professional services to the Trustee as described in the Application and the Sandler Declaration.

      5.      The Trustee and PSZ&J are authorized to take all actions necessary to implement the relief granted in this Order.

      6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      7.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.