**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 7 |
|  | ) |
|  | ) Case No. 24-11967 (JKS) |
| FORMER BL STORES, INC., *et al.*, | ) |
|  | ) (Jointly Administered) |
| Debtors.[1] | ) |
|  | ) **Obj. Deadline: 1/9/26 at 4:00 p.m. (ET)** |
|  | ) **Hrg. Date: 1/29/26 at 11:00 a.m. (ET)** |
|  | ) **Related to Docket Nos. 1247, 1441, 1841, 1871,** |
|  | ) **2118, 2402, 2639, 2752, 2798, 2922, 3007, 3082,** |
|  | ) **3101, 3177, 3260** |

**SUMMARY OF THIRTEENTH MONTHLY, FOURTH INTERIM,**
**AND FINAL FEE APPLICATION OF MCDERMOTT WILL & SCHULTE LLP,**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR (I) THE MONTHLY PERIOD FROM OCTOBER 1, 2025 THROUGH**
**NOVEMBER 10, 2025; (II) THE INTERIM PERIOD FROM JULY 1, 2025 THROUGH**
**SEPTEMBER 30, 2025; (III) THE CASE PERIOD FROM SEPTEMBER 24, 2024**
**THROUGH NOVEMBER 10, 2025; AND (IV) THE POST-CONVERSION**
**PERIOD FROM NOVEMBER 11, 2025 THROUGH DECEMBER 15, 2025**

| | |
|---|---|
| Name of Applicant: | **MCDERMOTT WILL & SCHULTE LLP** |
| Authorized to provide professional services to: | **Official Committee of Unsecured Creditors of Former BL Stores, Inc., *et al.* (f/k/a Big Lots, Inc., *et al.*)** |
| Date of retention: | **November 13, 2024, effective September 24, 2024** |
| Monthly period for which compensation and reimbursement are sought: | **October 1, 2025 through November 10, 2025** |

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| | |
|---|---|
| Amount of monthly compensation sought as actual, reasonable, and necessary: | **$123,772.50** |
| Amount of monthly expense reimbursement sought as actual, reasonable, and necessary: | **$0.00** |
| Interim period for which compensation and reimbursement are sought: | **July 1, 2025 through September 30, 2025** |
| Amount of interim compensation sought as actual, reasonable, and necessary: | **$590,929.00** |
| Amount of interim expense reimbursement sought as actual, reasonable, and necessary: | **$0.00** |
| Case period for which compensation and reimbursement are sought: | **September 24, 2024 through November 10, 2025** |
| Amount of final compensation sought as actual, reasonable, and necessary: | **$6,330,982.00** |
| Amount of final expense reimbursement sought as actual, reasonable, and necessary: | **$32,493.26[2]** |
| Post-conversion period for which compensation and reimbursement are sought: | **November 11, 2025 through December 15, 2025** |
| Amount of post-conversion compensation sought as actual, reasonable, and necessary: | **$37,812.00** |
| Amount of post-conversion expense reimbursement sought as actual, reasonable, and necessary: | **$0.00** |
| This is a: | **Monthly, Interim, and Final Fee Application** |

---

[2] This amount reflects (i) a voluntary reduction of expenses in the amount of $2,007.25, as referenced in the *First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2271] (the "First Interim Fee Order"); and (ii) a voluntary reduction of expenses in the amount of $76.21, as referenced in the *Second Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2973] (the "Second Interim Fee Order").

**SUMMARY OF MONTHLY FEE APPLICATIONS FOR INTERIM FEE PERIOD**

| MONTHLY FEE APPLICATION | | | REQUESTED FEES AND EXPENSES | | APPROVED FEES AND EXPENSES | | HOLDBACK |
|---|---|---|---|---|---|---|---|
| Application Docket No. Date Filed | CNO Date Filed Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (80%) | Approved Expenses (100%) | Fees Holdback (20%) |
| Tenth Monthly DI 3101 8/22/25 | 9/15/25 DI 3161 | 7/1/25-7/31/25 | $168,751.00 | $0.00 | $135,000.80 | $0.00 | $33,750.20 |
| Eleventh Monthly DI 3177 9/26/25 | 10/20/25 DI 3246 | 8/1/25-8/31/25 | $240,811.50 | $0.00 | $192,649.20 | $0.00 | $48,162.30 |
| Twelfth Monthly DI 3260 10/24/25 | 11/17/25 DI 3327 | 9/1/25-9/30/25 | $181,366.50 | $0.00 | $145,093.20 | $0.00 | $36,273.30 |
| Total | | | $590,929.00 | $0.00 | $472,743.20 | $0.00 | $118,185.80 |

**SUMMARY OF MONTHLY AND INTERIM FEE APPLICATIONS FOR CASE PERIOD**

| MONTHLY FEE APPLICATION | | | REQUESTED FEES AND EXPENSES | | APPROVED FEES AND EXPENSES | | HOLDBACK |
|---|---|---|---|---|---|---|---|
| Application Docket No. Date Filed | CNO Date Filed Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (80%) | Approved Expenses (100%) | Fees Holdback (20%) |
| First Monthly DI 1247 11/25/24 | 12/17/24 DI 1372 | 9/24/24-10/31/24 | $1,551,738.00 | $6,679.15 | $1,241,390.40 | $6,679.15 | $310,347.60 |
| Second Monthly DI 1441 12/27/24 | 1/21/25 DI 1806 | 11/1/24-11/30/24 | $1,813,155.50 | $15,698.38 | $1,450,524.40 | $15,698.38 | $362,631.10 |
| Third Monthly DI 1841 1/24/25 | 2/19/25 DI 2010 | 12/1/24-12/31/24 | $669,679.50 | $1,362.64 | $535,743.60 | $1,362.64 | $133,935.90 |
| First Interim DI 1871 1/29/25 | N/A | 9/24/24-12/31/24 | $4,034,573.00 | $23,740.17 | $4,034,573.00 | $21,732.92[3] | $0.00 |
| Fourth Monthly DI 2118 2/28/25 | 3/24/25 DI 2375 | 1/1/25-1/31/25 | $295,219.50 | $3,886.71 | $236,175.60 | $3,886.71 | $59,043.90 |
| Fifth Monthly DI 2402 3/28/25 | 4/21/25 DI 2585 | 2/1/25-2/28/25 | $237,040.00 | $0.00 | $189,632.00 | $0.00 | $47,408.00 |
| Sixth Monthly DI 2639 4/25/25 | 5/19/25 DI 2759 | 3/1/25-3/31/25 | $327,241.00 | $76.21 | $261,792.80 | $76.21 | $65,448.20 |
| Second Interim DI 2752 5/15/25 | N/A | 1/1/25-3/31/25 | $859,500.50 | $3,962.92 | $859,500.50 | $3,886.71[4] | $0.00 |
| Seventh Monthly DI 2798 5/23/25 | 6/24/25 DI 2908 | 4/1/25-4/30/25 | $368,374.50 | $6,705.97 | $294,699.60 | $6,705.97 | $73,674.90 |
| Eighth Monthly DI 2922 6/27/25 | 7/21/25 DI 2891 | 5/1/25-5/31/25 | $247,993.50 | $167.66 | $198,394.80 | $167.66 | $49,598.70 |

---

[3] This amount reflects a voluntary reduction of expenses in the amount of $2,007.25, as referenced in the First Interim Fee Order.

[4] This amount reflects a voluntary reduction of expenses in the amount of $76.21, as referenced in the Second Interim Fee Order.

| MONTHLY FEE APPLICATION | | | REQUESTED FEES AND EXPENSES | | APPROVED FEES AND EXPENSES | | HOLDBACK |
|---|---|---|---|---|---|---|---|
| Application Docket No. Date Filed | CNO Date Filed Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees (80%) | Approved Expenses (100%) | Fees Holdback (20%) |
| Ninth Monthly DI 3007 7/25/25 | 8/22/25 DI 3097 | 6/1/25-6/30/25 | $105,839.00 | $0.00 | $84,671.20 | $0.00 | $21,167.80 |
| Third Interim DI 3082 8/14/25 | N/A | 4/1/25-6/30/25 | $722,207.00 | $6,873.63 | $722,207.00 | $6,873.63 | $0.00 |
| Tenth Monthly DI 3101 8/22/25 | 9/15/25 DI 3161 | 7/1/25-7/31/25 | $168,751.00 | $0.00 | $135,000.80 | $0.00 | $33,750.20 |
| Eleventh Monthly DI 3177 9/26/25 | 10/20/25 DI 3246 | 8/1/25-8/31/25 | $240,811.50 | $0.00 | $192,649.20 | $0.00 | $48,162.30 |
| Twelfth Monthly DI 3260 10/24/25 | 11/17/25 DI 3327 | 9/1/25-9/30/25 | $181,366.50 | $0.00 | $145,093.20 | $0.00 | $36,273.30 |
| Totals[5] | | | $6,207,209.50 | $34,576.72 | $6,089,023.70 | $32,493.26 | $118,185.80 |

---

[5]    The total amounts shown are the sums of the amounts shown for the first, second, and third interim, and tenth, eleventh, and twelfth monthly fee applications.

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF FORMER BL STORES, INC.,** *ET AL.*
**SUMMARY OF BILLING BY PROFESSIONAL FOR MONTHLY**
**PERIOD FROM OCTOBER 1, 2025 THROUGH NOVEMBER 10, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[6] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Joel C. Haims | 1994 | Partner; Trial | $2,015 | 2.1 | $4,231.50 |
| Kristin K. Going | 2002 | Partner; Corporate Advisory | $1,860 | 5.1 | $9,486.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,860 | 7.8 | $14,508.00 |
| Stacy A. Lutkus | 2003 | Partner; Corporate Advisory | $1,825 | 27.4 | $50,005.00 |
| Natalie A. Rowles | 2018 | Associate; Corporate Advisory | $1,445 | 31.2 | $45,084.00 |
| Cristian P. Catanese | N/A | Associate; Corporate Advisory | $1,145 | 0.4 | $458.00 |
| **Total** | | | | **74.0** | **$123,772.50** |

**Blended Rate: $1,672.60**

---

[6]    Except as set forth below, the rate represents the current standard hourly rate of each McDermott attorney and paralegal who rendered legal services.

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF FORMER BL STORES, INC.,** *ET AL.*
**SUMMARY OF FEES BY PROJECT CATEGORY FOR MONTHLY**
**PERIOD FROM OCTOBER 1, 2025 THROUGH NOVEMBER 10, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 0.2 | $365.00 |
| Meetings and Communications with Creditors | 5.8 | $9,204.00 |
| Court Hearings | 6.6 | $11,644.50 |
| Fee/Employment Applications | 11.8 | $20,364.00 |
| Contested and Litigation-Related Matters | 2.3 | $3,778.00 |
| Claims Administration/Objections | 24.7 | $40,456.50 |
| Plan/Disclosure Statement | 22.6 | $37,960.50 |
| **Total** | **74.0** | **$123,772.50** |

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF FORMER BL STORES, INC., *ET AL.*
SUMMARY OF BILLING BY PROFESSIONAL FOR INTERIM
PERIOD FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[7] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Joel C. Haims | 1994 | Partner; Trial | $2,015 | 80.3 | $161,804.50 |
| Kristin K. Going | 2002 | Partner; Corporate Advisory | $1,860 | 5.6 | $10,416.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,860 | 31.8 | $59,148.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $1,760 | 17.1 | $30,096.00 |
| Stacy A. Lutkus | 2003 | Partner; Corporate Advisory | $1,825 | 59.1 | $107,857.50 |
| Kelly D. Newsome | 2015 | Partner; White Collar & Securities | $1,700 | 0.2 | $340.00 |
| Daniel A. Thomson | 2019 | Associate; Corporate Advisory | $1,470 | 15.6 | $22,932.00 |
| Natalie A. Rowles | 2018 | Associate; Corporate Advisory | $1,445 | 42.5 | $61,412.50 |
| Elizabeth H. Shereff | 2022 | Associate; Trial | $1,270 | 101.0 | $128,270.00 |
| Cristian P. Catanese | 2023 | Associate; Corporate Advisory | $1,145 | 6.5 | $7,442.50 |
| Nolley M. Rainey | N/A | Paralegal; Corporate Advisory | $550 | 2.2 | $1,210.00 |
| **Total** | | | | **361.9** | **$590,929.00** |

**Blended Rate: $1,632.85**

---

[7]    Except as set forth below, the rate represents the current standard hourly rate of each McDermott attorney and paralegal who rendered legal services.

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF FORMER BL STORES, INC.,** *ET AL.*
**COMPENSATION BY PROJECT CATEGORY FOR INTERIM
PERIOD FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 1.2 | $2,232.00 |
| Asset Disposition | 4.4 | $7,118.00 |
| Automatic Stay | 0.8 | $1,156.00 |
| Meetings and Communications with Creditors | 122.0 | $193,107.50 |
| Court Hearings | 3.1 | $5,163.50 |
| Fee and Employment Applications | 45.9 | $76,969.50 |
| Contested and Litigation-Related Matters | 181.2 | $300,072.00 |
| Claims Administration/Objections | 3.3 | $5,110.50 |
| **Total** | **361.9** | **$590,929.00** |

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF FORMER BL STORES, INC.,** *ET AL.*
**SUMMARY OF BILLING BY PROFESSIONAL FOR CASE**
**PERIOD FROM SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[8] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Andrew B. Kratenstein | 2000 | Partner; Trial | $1,905 | 38.7 | $73,723.50 |
| Joel C. Haims | 1994 | Partner; Trial | $1,830 | 174.4 | $319,152.00 |
| | | | $2,015 | 205.1 | $413,276.50 |
| Jared M. Gerber | 2008 | Partner; Trial | $1,875 | 14.5 | $27,187.50 |
| Kristin K. Going | 2002 | Partner; Corporate Advisory | $1,750 | 178.2 | $311,850.00 |
| | | | $1,860 | 54.9 | $102,114.00 |
| David R. Hurst | 1998 | Partner; Corporate Advisory | $1,750 | 51.1 | $89,425.00 |
| | | | $1,860 | 109.7 | $204,042.00 |
| Darren Azman | 2011 | Partner; Corporate Advisory | $1,650 | 201.8 | $332,970.00 |
| | | | $1,760 | 30.7 | $54,032.00 |
| Stacy A. Lutkus | 2003 | Partner; Corporate Advisory | $1,650 | 443.8 | $732,270.00 |
| | | | $1,825 | 202.9 | $370,292.50 |
| Monica Asher | 2009 | Partner; Trial | $1,590 | 31.5 | $50,085.00 |
| Zena M. Ho | 2009 | Partner; Corporate Advisory | $1,575 | 4.3 | $6,772.50 |
| Kelly D. Newsome | 2015 | Partner; White Collar & Securities | $1,525 | 60.1 | $91,652.50 |
| | | | $1,700 | 0.2 | $340.00 |
| Deanna Boll | 1998 | Counsel; Corporate Advisory | $1,395 | 48.1 | $67,099.50 |
| Kristine Suh | 1997 | Counsel; Corporate Advisory | $1,395 | 46.8 | $65,286.00 |
| Eric C. Seitz | 2009 | Counsel; Corporate Advisory | $1,390 | 31.9 | $44,341.00 |

---

[8]   The rate represents the standard hourly rate of each McDermott attorney and paralegal who rendered legal services during 2024 and 2025, as applicable.

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[8] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Daniel A. Thomson | 2019 | Associate; Corporate Advisory | $1,290 | 139.9 | $180,471.00 |
| | | | $1,470 | 18.9 | $27,783.00 |
| Ana A. Hubert | 2019 | Associate; Corporate Advisory | $1,245 | 2.5 | $3,112.50 |
| Graciany Miranda | 2019 | Associate; Corporate Advisory | $1,245 | 3.6 | $4,482.00 |
| Natalie A. Rowles | 2018 | Associate; Corporate Advisory | $1,245 | 460.9 | $573,820.50 |
| | | | $1,445 | 268.6 | $388,127.00 |
| Chris Combs | 2021 | Associate; Trial | $1,200 | 121.7 | $146,040.00 |
| | | | $1,395 | 0.6 | $837.00 |
| Catherine T. Lee | 2021 | Associate; Corporate Advisory | $1,155 | 9.9 | $11,434.50 |
| Elizabeth H. Shereff | 2022 | Associate; Trial | $1,040 | 239.4 | $248,976.00 |
| | | | $1,270 | 452.1 | $574,167.00 |
| Grayson W. Williams | 2021 | Associate; Corporate Advisory | $1,040 | 191.4 | $199,056.00 |
| Cristian P. Catanese | 2023 | Associate; Corporate Advisory | $925 | 167.4 | $154,845.00 |
| | | | $1,145 | 44.2 | $50,609.00 |
| Jesse Horowitz | N/A | Associate; Trial | $805 | 63.6 | $51,198.00 |
| Leslie N. Ramirez | N/A | Associate; Trial | $805 | 146.0 | $117,530.00 |
| Amanda Smith | 2022 | Associate; Trial | $805 | 16.4 | $13,202.00 |
| Joshua C. Lee | 2023 | Associate; Corporate Advisory | $1,020 | 8.6 | $8,772.00 |
| Rachel M. Lee | 2024 | Associate; Trial | $1,020 | 33.6 | $34,272.00 |
| Michael D. Wombacher | 2022 | Associate; Corporate Advisory | $805 | 148.5 | $119,542.50 |
| Zenab Irfan | 2025 | Associate; Trial | $895 | 33.4 | $29,893.00 |
| Daniel D. Northrop | N/A | Paralegal; Corporate Advisory | $745 | 4.3 | $3,203.50 |

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Practice Area | Hourly Billing Rate[8] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Raniel Dizon | N/A | Technology Project Manager | $570 | 2.7 | $1,539.00 |
| Serena J. Wright | N/A | Technology Project Manager | $570 | 16.3 | $9,291.00 |
| | | | $595 | 4.3 | $2,558.50 |
| Jessica M. Hirshon | N/A | Paralegal; Corporate Advisory | $565 | 5.6 | $3,164.00 |
| Kate K. Delcoure | N/A | Paralegal; IP Prosecution, Transactions & Strategy | $525 | 2.9 | $1,522.50 |
| Nolley M. Rainey | N/A | Paralegal; Corporate Advisory | $500 | 5.4 | $2,700.00 |
| | | | $550 | 12.7 | $6,985.00 |
| Fitalesh Belayneh | N/A | Senior Litigation Technology Analyst | $295 | 1.0 | $295.00 |
| Andy Garcia | N/A | Litigation Technology Data Analyst | $280 | 8.0 | $2,240.00 |
| | | | $295 | 1.0 | 295.00 |
| Daniel Valentino | N/A | Litigation Technology Data Analyst | $280 | 9.2 | $2,576.00 |
| | | | $295 | 1.8 | $531.00 |
| **Total** | | | | **4,575.1** | **$6,330,982.00** |

**Blended Rate: $1,383.79**

**OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF FORMER BL STORES, INC.,** *ET AL.*
**COMPENSATION BY PROJECT CATEGORY FOR CASE**
**PERIOD FROM SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 331.1 | $413,319.00 |
| Asset Disposition | 201.9 | $293,558.50 |
| Automatic Stay | 20.9 | $30,255.00 |
| Meetings and Communications with Creditors | 690.3 | $947,779.50 |
| Court Hearings | 362.3 | $541,407.50 |
| Fee and Employment Applications | 264.1 | $415,941.50 |
| Assumption/Rejection of Leases | 1.9 | $2,119.50 |
| Contested and Litigation-Related Matters | 2,095.0 | $2,832,705.00 |
| Non-Working Travel | 18.8 | $31,639.00 |
| Employee Benefits/Pensions | 13.2 | $15,614.00 |
| Financing/Cash Collateral | 435.8 | $597,808.50 |
| Vendor Matters | 33.0 | $47,690.50 |
| Insurance Matters | 21.8 | $21,788.00 |
| Claims Administration/Objections | 60.8 | $98,796.00 |
| Plan/Disclosure Statement | 24.2 | $40,560.50 |
| **Total** | **4,575.1** | **$6,330,982.00** |

**OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF FORMER BL STORES, INC., *ET AL.*
EXPENSE SUMMARY FOR CASE PERIOD FROM
SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Transcripts | Reliable; Veritext | $10,099.15 |
| Lien Searches | CT Corporation; Stewart Title | $8,918.20 |
| Online Research | CourtAlert.com Inc. | $390.58 |
| Express Mail | Federal Express | $277.18 |
| Transportation | Various | $9,770.11 |
| Lodging | Various | $3,732.48 |
| Business Meals | Various | $1,389.02 |
| **Total** | | **$34,576.72** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 7 |
|  | ) |
| FORMER BL STORES, INC., *et al.*, | ) Case No. 24-11967 (JKS) |
|  | ) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) |
|  | ) **Obj. Deadline: 1/9/26 at 4:00 p.m. (ET)** |
|  | ) **Hrg. Date: 1/29/26 at 11:00 a.m. (ET)** |
|  | ) **Related to Docket Nos. 1247, 1441, 1841, 1871,** |
|  | ) **2118, 2402, 2639, 2752, 2798, 2922, 3007, 3082,** |
|  | ) **3101, 3177, 3260** |

### THIRTEENTH MONTHLY, FOURTH INTERIM, AND FINAL
### FEE APPLICATION OF MCDERMOTT WILL & SCHULTE LLP,
### COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
### FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
### FOR (I) THE MONTHLY PERIOD FROM OCTOBER 1, 2025 THROUGH
### NOVEMBER 10, 2025; (II) THE INTERIM PERIOD FROM JULY 1, 2025 THROUGH
### SEPTEMBER 30, 2025; (III) THE CASE PERIOD FROM SEPTEMBER 24, 2024
### THROUGH NOVEMBER 10, 2025; AND (IV) THE POST-CONVERSION
### <u>PERIOD FROM NOVEMBER 11, 2025 THROUGH DECEMBER 15, 2025</u>

McDermott Will & Schulte LLP (the "<u>Applicant</u>" or "<u>McDermott</u>"), counsel to the

Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Former BL Stores, Inc. (f/k/a

Big Lots, Inc.) and its affiliated debtors (collectively, the "<u>Debtors</u>"), submits this thirteenth

monthly, fourth interim, and final fee application (the "<u>Application</u>"), pursuant to (i) sections 330

and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"),

(ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (iii) Rule

2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

(the "Local Rules"), and (iv) the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* Order [Docket No. 3319] (the "Conversion Order"), for final allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for (i) the monthly period from October 1, 2025 through November 10, 2025 (the "Monthly Period"), (ii) the interim period from July 1, 2025 through September 30, 2025 (the "Interim Period"), (iii) the period from September 24, 2024 through November 10, 2025 (the "Case Period"), and (iv) the period from November 11, 2025 through December 15, 2025 (the "Post-Conversion Period").  In support of the Application, McDermott submits the Certification of Darren Azman, attached hereto as **Exhibit A**.  In further support of the Application, McDermott respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

3.      McDermott confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

**A.    The Chapter 11 Cases**

4.    On September 9, 2024 (the "Petition Date"), the Debtors commenced cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  No trustee or examiner was appointed in the Chapter 11 Cases.

5.    On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code.  *See* Docket No. 248.

6.    On November 10, 2025 (the "Conversion Date"), the Court entered the Conversion Order, thereby converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code.

7.    The Conversion Order requires all Chapter 11 Case professionals to file their applications for final allowance of compensation for services rendered and reimbursement of expenses no later than 45 days after the Conversion Date.  *See* Conversion Order, ¶ 3(a)(i).  This Application represents McDermott's fourth interim fee application and final request for payment of compensation and reimbursement of expenses in the Chapter 11 Cases.

**B.    The Committee's Retention of McDermott**

8.    On October 18, 2024, the Committee applied [Docket Nos. 552] to the Court for an order authorizing the Committee to retain and employ McDermott as its counsel, effective as of September 24, 2024.  On November 13, 2024, the Court entered an order [Docket No. 1083] authorizing such retention.

C.    **The Interim Compensation Order**

9.    On October 17, 2024, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [Docket No. 519] (the "Interim Compensation Order"),[2] which established the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases.

## RELIEF REQUESTED

10.    By this Application, McDermott seeks approval and allowance of compensation in the amount of $123,772.50 for professional services rendered during the Monthly Period, and $590,929.00 for professional services rendered during the Interim Period.  McDermott also seeks final approval and allowance of (i) compensation in the amount of $6,330,982.00 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $32,493.26[3] incurred, during the Case Period, including any and all holdbacks; and (ii) compensation in the amount of $37,812.00 for professional services rendered during the Post-Conversion Period.  Pursuant to the Interim Compensation Order, and as detailed in the chart above, McDermott filed twelve monthly fee applications [Docket Nos. 1247, 1441, 1841, 2118, 2402, 2639, 2798, 2922, 3007, 3101, 3177, 3260] (collectively, the "Monthly Fee Applications") and three interim fee applications [Docket Nos. 1871, 2752, 3082] (the "Interim Fee Applications") during the Chapter 11 Cases.

11.    In support of this request for the final allowance of all fees and expenses incurred by McDermott during the Case Period, McDermott incorporates herein by reference each of its

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such items in the Interim Compensation Order.

[3]    As noted above, this amount reflects (i) a voluntary reduction of expenses in the amount of $2,007.25, as referenced in the First Interim Fee Order; and (ii) a voluntary reduction of expenses in the amount of $76.21, as referenced in the Second Interim Fee Order.

Monthly Fee Applications and Interim Fee Applications, together with the certificates of no

objection filed with respect to the same.

## DESCRIPTION OF SERVICES RENDERED

12.    During the Case Period, McDermott professionals, including attorneys and

paraprofessionals (collectively, the "McDermott Professionals"), devoted 4,575.1 hours to,

among other things, contested and litigation-related matters, meetings and communications with

the Committee and other creditors, financing and cash collateral matters, preparation for and

attendance at hearings, preparation of professional fee and retention applications, case

administration matters, sale matters, claims administration, vendor matters, plan and disclosure

statement matters, automatic stay matters, and insurance matters.  McDermott Professionals'

most significant work in these matter categories is summarized below, and all work performed

by McDermott Professionals in the Chapter 11 Cases is described in detail in the Monthly Fee

Applications, the invoices attached hereto as **Exhibit B** (for the Monthly Period), and the invoice

attached hereto as **Exhibit C** (for the Post-Conversion Period).

**A.    Contested and Litigation-Related Matters**
   **Amount Sought: $2,832,705.00**

13.    During the Case Period, McDermott Professionals conducted investigations into:

(i) various estate claims and causes of action, including claims against the Debtors' prepetition

lenders and the Debtors' directors, officers, and employees; and (ii) the proposed sale of

substantially all of the Debtors' assets to Gordon Brothers Retail Partners, LLC ("Gordon

Brothers").  In connection therewith, McDermott Professionals, working alongside co-counsel at

Cole Schotz P.C. ("Cole Schotz") and the Committee's financial advisor, FTI Consulting, Inc.

("FTI"), drafted and served formal discovery requests, reviewed documents produced in

response to such discovery requests, analyzed legal issues related to the potential estate claims,

and drafted internal memoranda and Committee presentations related to such claims. In addition, McDermott Professionals: (i) drafted a complaint asserting various claims against the Debtors' directors and officers; (ii) served demand letters on counsel to the Debtors' directors and officers; (iii) negotiated a written settlement agreement with the Debtors' directors and officers; and (iv) prepared an investigative report outlining the Committee's investigation of the claims against the Debtors' directors and officers.

14.     McDermott Professionals devoted a total of 2,095.0 hours to contested and litigation-related matters during the Case Period, for which compensation in the amount of $2,832,705.00 is sought.

**B.      Meetings and Communications with Creditors**
**Amount Sought: $947,779.50**

15.     During the Case Period, McDermott Professionals communicated with the Committee members and their counsel both as a group and on an individual basis. Among other things, McDermott Professionals: (i) provided recommendations to the Committee regarding various requests by the Debtors and other parties in interest; (ii) counseled the Committee in connection with the Committee's responses to the Debtors' pleadings; and (iii) delivered email updates regarding Committee business, case updates, and various outstanding matters. In addition, McDermott Professionals devoted time to responding to individual creditor inquiries regarding case status matters and anticipated creditor recoveries. McDermott Professionals also coordinated with Cole Schotz and FTI to prepare for weekly Committee calls by preparing, discussing, and reviewing Committee presentations on topics such as case status and strategy and the Debtors' operations and finances.

16.     McDermott Professionals devoted a total of 690.3 hours to communications with the Committee and other creditors (and related tasks) during the Case Period, for which compensation in the amount of $947,779.50 is sought.

**C.     Financing/Cash Collateral**
**        Amount Sought: $597,808.50**

17.     During the Case Period, McDermott Professionals reviewed and analyzed the Debtors' debtor-in-possession financing and cash collateral motion [Docket No. 19] (the "DIP Financing Motion") and proposed financing and cash collateral order, along with the related declarations and loan documents.  McDermott Professionals identified significant issues with the relief being requested by the Debtors and prepared lists of issues that were negotiated with the Debtors and their lenders.  At the same time, McDermott Professionals prepared an objection to the DIP Financing Motion.  Ultimately the Committee was able to negotiate meaningful improvements to the financing documents, obviating the need for the filing of a formal objection.

18.     McDermott Professionals devoted a total of 435.8 hours to cash collateral and financing matters during the Case Period, for which compensation in the amount of $597,808.50 is sought.

**D.     Court Hearings**
**        Amount Sought: $541,407.50**

19.     During the Case Period, McDermott Professionals prepared for and attended numerous hearings.  These hearings related to, among other things: (i) the Debtors' first and second day motions; (ii) the Debtors' bid procedures motion; (iii) the *Emergency Motion of the Official Committee of Unsecured Creditors for an Order Further Extending the Challenge Deadline* [Docket No. 1151]; (iv) the Debtors' proposed sale of substantially all of their assets to Gateway BL Acquisition, LLC (the "Stalking Horse Bidder"); (v) the Debtors' proposed sale of substantially all of their assets to Gordon Brothers; and (vi) the *Motion of Debtors for Entry of*

*Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3261] (the "<u>Motion to Convert</u>").

20.     McDermott Professionals devoted a total of 362.3 hours to preparation for and attendance at Court hearings during the Case Period, for which compensation in the amount of $541,407.50 is sought.

**E.      Fee and Employment Applications**
**        Amount Sought: $415,941.50**

21.     During the Case Period, McDermott Professionals, among other things, drafted and revised McDermott's retention application and drafted McDermott's monthly and interim fee applications.  In addition, McDermott Professionals assisted with the resolution of informal objections to McDermott's retention application raised by the U.S. Trustee.  McDermott Professionals also revised the Debtors' proposed interim compensation procedures order, analyzed various aspects of the retention applications submitted by the Debtors, and corresponded with the Debtors' professionals with respect to the terms of their proposed engagements.

22.     McDermott Professionals devoted a total of 264.1 hours to the preparation of professional fee and retention applications (and related matters) during the Case Period, for which compensation in the amount of $415,941.50 is sought.

**F.      Case Administration**
**        Amount Sought: $413,319.00**

23.     During the Case Period, McDermott Professionals devoted time to, among other things: (i) monitoring the Court's docket for case updates and deadlines; (ii) corresponding with the Debtors, the Committee, and other parties in interest regarding case status, pending motions, and case administration issues; (iii) analyzing various pleadings and drafting summaries of such

pleadings for circulation to the Committee; (iv) negotiating the proposed orders on various

pleadings; and (v) preparing for and participating in conferences with case professionals and

various parties in interest regarding case status and case management issues.

24.     McDermott Professionals devoted a total of 331.1 hours to case administration

matters during the Case Period, for which compensation in the amount of $413,319.00 is sought.

**G.     Asset Disposition**
**Amount Sought: $293,558.50**

25.     During the Case Period, McDermott Professionals: (i) reviewed and analyzed the

proposed asset purchase agreement between the Debtors and the Stalking Horse Bidder and the

competing bid submitted by Gordon Brothers; (ii) drafted a limited objection to the Debtors'

proposed bidding procedures; (iii) attended the auction related to the sale of substantially all of

the Debtors' assets; (iv) worked with Cole Schotz to revise the Committee's limited objection

and supplemental limited objection to the proposed sale of the Debtors' assets; (v) participated in

various meetings and conferences with case professionals in connection with the Committee's

discovery requests related to the Committee's sale objections; (vi) reviewed and analyzed the

asset purchase agreement between the Debtors and Gordon Brothers after the sale to the Stalking

Horse Bidder failed to close; (vii) liaised with Cole Schotz to revise the Committee's objection

to the proposed sale of substantially all of the Debtors' assets to Gordon Brothers; (viii) analyzed

the motions filed by the Stalking Horse Bidder to enforce the order authorizing the sale of the

Debtors' assets to the Stalking Horse Bidder and to compel performance by the Debtors under

the Debtors' asset purchase agreement with the Stalking Horse Bidder; (ix) negotiated a

settlement with the Debtors and Stalking Horse Bidder with respect to such motions; and

(x) analyzed issues related to Gordon Brothers' motion to enforce the asset purchase agreement,

agency agreement, and order approving the sale of the Debtors' assets to Gordon Brothers.

26.     McDermott Professionals devoted a total of 201.9 hours to sale matters during the Case Period, for which compensation in the amount of $293,558.50 is sought.

**H.     Claims Administration/Objections**
        **Amount Sought: $98,796.00**

27.     During the Case Period, McDermott Professionals devoted time to, among other things: (i) analyzing and revising the Debtors' motion for entry of an order setting a bar date for and establishing procedures related to the filing of proofs of claim for pre-closing administrative expense claims; (ii) providing comments to Debtors' counsel regarding such proposed procedures; (iii) analyzing the Debtors' notices of interim distributions; and (iv) communicating and negotiating with the Debtors' professionals regarding claims reconciliation matters, distributions, and other wind down matters.

28.     McDermott Professionals devoted a total of 60.8 hours to claims administration matters during the Case Period, for which compensation in the amount of $98,796.00 is sought.

**I.      Vendor Matters**
        **Amount Sought: $47,690.50**

29.     During the Case Period, McDermott Professionals reviewed, analyzed, and negotiated the proposed order on the Debtors' motion to pay prepetition vendor claims [Docket No. 11] (the "Vendor Motion"), and performed due diligence with respect to such claims. Specifically, McDermott professionals researched matters relating to the Debtors' calculation of claims arising under Bankruptcy Code section 503(b)(9), participated in conferences with counsel to the Debtors with respect to such claims, drafted a reservation of rights with respect to the calculation of such claims, and provided the Debtors with revised language resolving the Committee's objections to the Vendor Motion.

30.     McDermott Professionals devoted a total of 33.0 hours to vendor matters during the Case Period, for which compensation in the amount of $47,690.50 is sought.

**J.     Plan/Disclosure Statement**
**        Amount Sought: $40,560.50**

31.     During the Case Period, McDermott Professionals analyzed various matters related to the conversion of the Chapter 11 Cases to chapter 7.  Among other things, McDermott Professionals: (i) reviewed information from the Debtors related to the claims reconciliation process and other wind down matters; (ii) researched issues related to the proposed post-confirmation reserve for holders of pre-closing administrative expense claims; (iii) revised the draft Motion to Convert; (iv) corresponded internally and with counsel to the Debtors regarding the U.S. Trustee's objection to same; and (v) liaised with the Debtors' professionals regarding the procedures related to the conversion and wind down.

32.     McDermott Professionals devoted a total of 24.2 hours to plan and disclosure statement matters during the Case Period, for which compensation in the amount of $40,560.50 is sought.

**K.     Automatic Stay**
**        Amount Sought: $30,255.00**

33.     During the Case Period, McDermott Professionals devoted time to, among other things: (i) analyzing the Debtors' motion to allow the advancement and payment of defense costs and settlement amounts pursuant to the Debtors' primary directors and officers liability insurance policy; (ii) researching issues related to such motion; (iii) communicating with Debtors' counsel regarding the Committee's objections to such motion; and (iv) negotiating a settlement with the Debtors resolving the Committee's objections to such motion.

34.     McDermott Professionals devoted a total of 20.9 hours to automatic stay matters during the Case Period, for which compensation in the amount of $30,255.00 is sought.

11

L.     **Insurance Matters**
       **Amount Sought: $21,788.00**

35.     During the Case Period, McDermott Professionals analyzed the estates' directors and officers liability insurance policies and drafted a memorandum related to the coverage provided by such policies.

36.     McDermott Professionals devoted a total of 21.8 hours to insurance matters during the Case Period, for which compensation in the amount of $21,788.00 is sought.

M.     **Employee Benefits/Pensions**
       **Amount Sought: $15,614.00**

37.     During the Case Period, McDermott Professionals analyzed various matters related to the proposed final order on the *Motion of Debtors for Entry of Interim and Final Orders Authorizing (I) Debtors to (A) Honor Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [Docket No. 14]. Among other things, McDermott Professionals: (i) corresponded with Debtors' counsel regarding such matters; (ii) prepared diligence requests related to same; and (iii) drafted an objection and reservation of rights related to same.

38.     McDermott Professionals devoted a total of 13.2 hours to employee benefits matters during the Case Period, for which compensation in the amount of $15,614.00 is sought.

## POST-CONVERSION SERVICES RENDERED

39.     Subsequent to entry of the Conversion Order, McDermott Professionals devoted 21.4 hours to preparation of McDermott's final fee application in these cases.  By the Application, McDermott seeks approval and allowance of compensation in the amount of $37,812.00 for professional services rendered during the Post-Conversion Period.  All work

performed by McDermott Professionals during the Post-Conversion Period is described in detail in the invoice attached hereto as **Exhibit C**.

**ACTUAL, REASONABLE,
AND NECESSARY EXPENSES INCURRED**

40.     McDermott incurred out-of-pocket expenses in connection with its representation of the Committee during the Case Period in the amount of $32,493.26.[4]  A description of all expenses that McDermott incurred in the performance of the services rendered as counsel to the Committee in the Chapter 11 Cases is included in the Monthly Fee Applications.  The expenses are broken down into categories of charges, including charges for transcripts, liens searches, and express mail, and amounts incurred for transportation, lodging, and business meals.

**VALUATION OF SERVICES**

41.     McDermott Professionals expended a total of 4,575.1 hours in connection with this matter during the Case Period.  The amount of time spent by each of the McDermott Professionals providing services to the Committee during the Case Period is set forth in the charts included with the Application, and the work of such professionals is described in detail in the Monthly Fee Applications and in the invoices attached hereto as **Exhibit B**.  The rates reflected in the Application are McDermott's normal hourly rates of compensation for work of this character.  The reasonable value of the services rendered by McDermott during the Case Period as counsel for the Committee in the Chapter 11 Cases is $6,330,982.00.

42.     In addition, McDermott Professionals expended a total of 21.4 hours during the Post-Conversion Period in connection with the preparation of its final fee application in the Chapter 11 Cases, and such work is described in detail in the invoice attached hereto as

---

[4]     As noted above, this amount reflects (i) a voluntary reduction of expenses in the amount of $2,007.25, as referenced in the First Interim Fee Order; and (ii) a voluntary reduction of expenses in the amount of $76.21, as referenced in the Second Interim Fee Order.

13

**Exhibit C**.  The reasonable value of the services rendered by McDermott during the Post-Conversion Period is $37,812.00.

43.      In accordance with the factors enumerated in Bankruptcy Code section 330, McDermott submits that the amount requested is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

## NOTICE

44.      Notice of the Application will be served on the Compensation Notice Parties.  In addition, notice of the Application will be served on all parties that have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

45.      No prior request for the relief sought in the Application has been made to this or any other court.

## CERTIFICATE OF COMPLIANCE AND WAIVER

46.      The undersigned representative of McDermott certifies that he has reviewed the requirements of Local Rule 2016-1 and that the Application substantially complies with that Local Rule.  To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, McDermott believes that such deviations are not material and respectfully requests that any such requirement be waived.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, McDermott respectfully requests that the Court enter an enter an order (a) granting the Application and authorizing, on a final basis, (i) compensation in the amount of $123,772.50 for professional services rendered during during the Monthly Period, (ii) compensation in the amount of $590,929.00 for professional services rendered during the Interim Period, (iii) compensation in the amount of $6,330,982.00 for professional services rendered, and reimbursement of actual, reasonable, and necessary expenses in the amount of $32,493.26 incurred, during the Case Period, and (iv) compensation in the amount of $37,812.00 for professional services rendered during the Post-Conversion Period; and (b) granting such other and further relief as the Court deems just and proper

Dated:   Wilmington, Delaware
         December 19, 2025

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
(302) 485-3900
dhurst@mwe.com

- and -

Darren Azman
Kristin K. Going
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400
dazman@mwe.com
kgoing@mwe.com

*Counsel for the Official Committee*
*of Unsecured Creditors*