**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
|  | **Hearing Date: January 29, 2026 at 11:00 a.m. (ET)**<br>**Objection Deadline: January 9, 2026 at 4:00 p.m. (ET)** |

**SUMMARY OF FINAL FEE APPLICATION
OF COLE SCHOTZ P.C., AS SPECIAL REAL ESTATE
COUNSEL, EFFICIENCY COUNSEL AND DELAWARE COUNSEL
TO THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD
FROM SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors of Big Lots, Inc., *et al.* |
| Date of retention: | November 13, 2024, effective as of September 24, 2024 |
| Period for which compensation and reimbursement is sought: | September 24, 2024 through November 10, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $2,230,867.00[2] |

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  This amount includes an estimated $25,000 in additional fees and expenses incurred after the Conversion Date (as defined herein) in connection with, among other things, (i) the preparation and prosecution of this Application and (ii) the conversion of the Chapter 11 Cases to Chapter 7 of the Bankruptcy Code.  Cole Schotz reserves the right to seek additional amounts for fees and expenses incurred after the Conversion Date if not accounted for herein.

Amount of expense reimbursement
sought as actual, reasonable and necessary:  $13,797.36

This is a:                                                      ___ monthly ___ interim _X_ final application

### SUMMARY OF FEES AND EXPENSES REQUESTED

Prior Monthly Fee Applications Filed:

| Fee Period Application Docket No. Date Filed | Total Fees Requested | Total Expenses Requested | Total Fees Approved | Total Expenses Approved |
|---|---|---|---|---|
| 9/24/24 – 10/31/24 Docket No. 1234 11/22/24 | $756,297.00 | $4,048.21 | $605,037.60 | $4,048.21 |
| 11/1/24 – 11/30/24 Docket No. 1306 12/05/24 | $596,848.50 | $3,571.48 | $477,478.80 | $3,571.48 |
| 12/1/24 – 12/31/24 Docket No. 1676 1/10/25 | $387,309.00 | $1,172.29 | $309,847.20 | $1,172.29 |
| 1/1/25 – 1/31/25 Docket No. 2142 2/28/25 | $178,821.50 | $3,537.40 | $143,057.20 | $3,537.40 |
| 2/1/25 – 2/28/25 Docket No. 2394 3/26/25 | $51,189.00 | $1.10 | $40,951.20 | $1.10 |
| 3/1/25 – 3/31/25 Docket No. 2748 5/15/25 | $33,870.50 | $629.08 | $27,102.00 | $629.08 |
| 4/1/25 – 4/30/25 Docket No. 2799 5/23/25 | $25,884.00 | $17.40 | $20,707.20 | $17.40 |
| 5/1/25 – 5/31/25 Docket No. 2928 6/30/25 | $38,559.50 | $38.00 | $30,847.60 | $38.00 |
| 6/1/25 – 6/30/25 Docket No. 3006 7/25/25 | $15,781.00 | $166.60 | $12,624.80 | $166.60 |
| 7/1/25 – 7/31/25 Docket No. 3113 8/29/25 | $13,719.00 | $59.40 | $10,975.20 | $59.40 |
| 8/1/25 – 8/31/25 Docket No. 3185 9/30/25 | $26,071.50 | $431.00 | $20,857.20 | $431.00 |

| 9/1/25 – 9/30/25 Docket No. 3270 10/30/25 | $35,655.50 | $82.50 | $28,524.40 | $82.50 |

Prior Interim Fee Applications Filed:

| Fee Period Application Docket No. Date Filed | Total Fees Requested | Total Expenses Requested | Total Fees Approved | Total Expenses Approved |
|---|---|---|---|---|
| 9/24/24 – 12/31/24 Docket No. 1870 1/29/2025 | $1,740,454.50 | $8,791.98 | $1,740,454.50 | $8,070.48[3] |
| 1/1/25 – 3/31/25 Docket No. 2751 5/15/2025 | $263,888.00 | $4,167.68 | 259,922.50[4] | $4,167.68 |
| 4/1/25 – 6/30/25 Docket No. 3083 8/14/2025 | $80,224.50 | $222.00 | $80,224.50 | $222.00 |

---

[3]  Cole Schotz agreed to a voluntary expense reduction of $721.50 as reflected in the *First Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2271].

[4]  Cole Schotz agreed to a voluntary fee reduction in the amount of $3,965.50 as reflected in the *Second Omnibus Order Granting Interim Allowance of Fees and Expenses for Certain Professionals* [Docket No. 2973].

**FORMER BL STORES, INC.,** *et al.*

**SUMMARY OF BILLING BY PROFESSIONAL**
**SEPTEMBER 24, 2024 THROUGH NOVEBER 10, 2025**

| Name of Professional Person | Date of Bar Admission | Position with the Applicant | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Stuart Komrower | 1984 | Member (Bankruptcy) | $1,050.00 | 2.7 | $2,835.00 |
| Norman L. Pernick | 1985 | Member (Bankruptcy) | $1,300.00 | 30.9 | $40,170.00 |
| Christopher Gagic | 1997 | Member (Tax) | $685.00 | 25.9 | $17,741.50 |
| G. David Dean | 2002 | Member (Bankruptcy) | $950.00 | 0.4 | $380.00 |
| Seth Van Aalten | 2004 | Member (Bankruptcy) | $1,150.00 | 1.4 | $1,610.00 |
| Stacy L. Newman | 2007 | Member (Bankruptcy) | $800.00 | 373.3 | $298,640.00 |
| | | | $875.00 | 37.1 | $32,462.50 |
| Justin R. Alberto | 2008 | Member (Bankruptcy) | $925.00 | 745.5 | $689,587.50 |
| | | | $1,150.00 | 28.0 | $32,200.00 |
| Sarah A. Carnes | 2015 | Member (Bankruptcy) | $900.00 | 515.6 | $464,040.00 |
| Lisa Bordoff Procopio | 2005 | Special Counsel (Tax) | $685.00 | 78.0 | $53,430.00 |
| Arielle H. Wasserman | 2019 | Associate (Litigation) | $650.00 | 26.9 | $17,485.00 |
| Jasleen Chandhoke | 2019 | Associate (Corporate) | $530.00 | 3.6 | $1,908.00 |
| Jack M. Dougherty | 2021 | Associate (Bankruptcy) | $575.00 | 305.0 | $175,375.00 |
| Michael E. Fitzpatrick | 2022 | Associate (Bankruptcy) | $575.00 | 1.3 | $747.50 |
| Erin C. Palmer | 2022 | Associate (Litigation) | $460.00 | 31.1 | $14,306.00 |
| Arjun Padmanabhan | 2022 | Associate (Litigation) | $455.00 | 77.9 | $35,444.50 |
| Seokin Yeh | 2022 | Associate (Litigation) | $455.00 | 12.8 | $5,824.00 |

| | | | | | |
|---|---|---|---|---|---|
| Melissa M. Hartlipp | 2022 | Associate (Bankruptcy) | $430.00 | 241.0 | $103,630.00 |
| | | | $485.00 | 1.8 | $873.00 |
| Elazar A. Kosman | 2022 | Associate (Bankruptcy) | $430.00 | 23.3 | $10,019.00 |
| Julie A. Aberasturi | 2023 | Associate (Bankruptcy) | $485.00 | 0.6 | $291.00 |
| Adam H. Bouvier | 2023 | Associate (Litigation) | $415.00 | 40.0 | $16,600.00 |
| Michael A. Solimani | 2024 | Associate (Bankruptcy) | $405.00 | 305.4 | $123,687.00 |
| | | | $460.00 | 19.1 | $8,786.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) | $405.00 | 35.8 | $14,499.00 |
| | | | $425.00 | 1.8 | $765.00 |
| Larry S. Morton | N/A | Paralegal (Bankruptcy) | $400.00 | 91.0 | $36,400.00 |
| | | | $420.00 | 14.6 | $6,132.00 |
| Pat Feuerbach | N/A | eDiscovery Analyst | $455.00 | 0.2 | $91.00 |
| | | | **TOTAL** | **3,072.0** | **$2,205,867.00** |

| | |
|---|---|
| **Total Requested Compensation:** | **$2,230,867.00**[1] |
| **Total Attorney Compensation:** | **$2,147,980.00** |
| **Blended Rate All Attorneys:** | **$733.45** |
| **Blended Rate All Timekeepers:** | **$718.06** |

---

[1] This amount includes an estimated $25,000 in additional fees and expenses incurred after the Conversion Date (as defined herein) in connection with, among other things, (i) the preparation and prosecution of this Application and (ii) the conversion of the Chapter 11 Cases to Chapter 7 of the Bankruptcy Code. Cole Schotz reserves the right to seek additional amounts for fees and expenses incurred after the Conversion Date if not accounted for herein.

2

**FORMER BL STORES, INC.,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses, And Leases (Section 363) | 689.5 | $520,525.00 |
| Automatic Stay Matters/Litigation | 10.3 | $8,554.50 |
| Budgeting (Case) | 0.2 | $81.00 |
| Business Operations | 10.1 | $7,712.50 |
| Case Administration | 221.7 | $149,904.50 |
| Cash Collateral and DIP Financing | 215.3 | $174,689.50 |
| Claims Analysis, Administration and Objections | 106.9 | $96,440.50 |
| Committee Matters and Creditor Meetings | 329.6 | $250,320.00 |
| Creditor Inquiries | 32.8 | $28,359.50 |
| Document Review/Committee Investigation | 444.6 | $297,754.50 |
| Employee Matters | 1.8 | $1,502.50 |
| Executory Contracts | 10.2 | $6,454.00 |
| Fee Application/Objections | 199.5 | $103,403.50 |
| Leases (Real Property) | 199.8 | $149,125.50 |
| Litigation/Gen. (Except Automatic Stay Relief) | 184.3 | $149,004.00 |
| Other Investigative Matters | 2.8 | $1,400.00 |
| Preparation For and Attendance at Hearings | 283.4 | $183,330.00 |
| Reorganization Plan | 17.1 | $11,527.00 |
| Reports; Statements and Schedules | 3.0 | $1,438.00 |
| Retention Matters | 85.1 | $50,896.50 |
| Tax/General | 2.3 | $1,850.00 |
| U.S. Trustee Matters and Meetings | 6.3 | $3,140.50 |
| Utilities/Sec. 366 Issues | 2.0 | $1,500.00 |
| Vendor Matters | 13.4 | $9,580.00 |
| **Total:** | **3,072.0** | **$2,205,867.00** |

**FORMER BL STORES, INC.,** *et al.*

**EXPENSE SUMMARY**
**SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying/Printing/Scanning (6,266 pages @ $0.10/page) | | $626.60 |
| Outside Printing and Service | Reliable | $4,003.45 |
| Court Fees | PACER Service Center | $927.00 |
| Filing Fees | U.S. Bankruptcy Court U.S. District Court | $550.00 |
| Online Research | Westlaw/LexisNexis | $2,746.58 |
| Delivery/Couriers | Parcels/Reliable | $4,869.78 |
| Transcripts | Reliable | $73.95 |
| **TOTAL** | | **$13,797.36** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: January 29, 2026 at 11:00 a.m. (ET)**<br>**Objection Deadline: January 9, 2026 at 4:00 p.m. (ET)** |

### FINAL FEE APPLICATION
### OF COLE SCHOTZ P.C., AS SPECIAL REAL ESTATE
### COUNSEL, EFFICIENCY COUNSEL AND DELAWARE COUNSEL
### TO THE COMMITTEE, FOR ALLOWANCE OF COMPENSATION
### AND REIMBURSEMENT OF EXPENSES FOR THE FINAL PERIOD
### FROM SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025

Cole Schotz P.C. (the "Applicant" or "Cole Schotz"), as special real estate counsel, efficiency counsel and Delaware counsel to the Official Committee of Unsecured Creditors (the "Committee") of Former BL Stores, Inc. and the above-captioned debtors and debtors in possession (collectively, the "Debtors") during the course of the Debtors' chapter 11 cases (the "Chapter 11 Cases"), hereby applies (the "Application"), pursuant to (i) sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the *Order Establishing Procedures for Interim Compensation and Reimbursement of*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Expenses of Retained Professionals* [Docket No. 519] (the "<u>Interim Compensation Order</u>"), and (v) the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3319] (the "<u>Conversion Order</u>"),[2] for final allowance of compensation for services rendered and reimbursement of expenses for the period from September 24, 2025 through November 10, 2025 (the "<u>Final Period</u>"), and respectfully represents as follows:

<u>**Jurisdiction and Venue**</u>

1.      The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Committee consents to entry of a final judgment or order with respect to this Application if it is determined that the Court does not have Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3.      The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.  Such relief also is warranted under Bankruptcy Rule 2016, Local Rule 2016-1, the Interim Compensation Order, and the Conversion Order.

<u>**Background**</u>

**A.      The Chapter 11 Cases**

4.      On September 9, 2024 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Interim Compensation Order or the Conversion Order, as applicable.

5.      On September 23, 2024, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed a seven-member Committee consisting of: (i) Realty Income Corporation; (ii) Blue Owl Real Estate Capital LLC; (iii) America's Realty, LLC; (iv) Zest Garden Limited; (v) NCR Voyix Corporation; (vi) Twin Star International, Inc.; and (vii) Everstar Merchandise Co., Limited. *See* Docket No. 248. Blue Owl Real Estate Capital LLC serves as the chair of the Committee.

6.      On December 9, 2024, NCR Voyix Corporation resigned from the Committee.

**B.      The Retention of Cole Schotz**

7.      On October 18, 2024, the Committee applied to the Court for an order authorizing the retention and employment of Cole Schotz as special real estate counsel, efficiency counsel and Delaware counsel to the Committee, effective as of September 24, 2024. *See* Docket No. 553.

8.      On November 13, 2024, the Court entered the *Order Pursuant to 11 U.S.C. §§ 328(a) and 1103 Authorizing and Approving the Retention and Employment of Cole Schotz P.C. as Special Real Estate Counsel, Efficiency Counsel and Delaware Counsel to the Official Committee of Unsecured Creditors Effective as of September 24, 2024* [Docket No. 1084] (the "Retention Order") authorizing the retention and employment of Cole Schotz as special real estate counsel, efficiency counsel and Delaware counsel to the Committee.

**C.      The Interim Compensation Order**

9.      The Interim Compensation Order set forth the procedures for interim compensation and reimbursement of expenses during the Chapter 11 Cases. Specifically, the Interim Compensation Order provides that on or after the fifth day of each month following the month for which compensation is sought, each Retained Professional seeking compensation may file a monthly fee application for interim allowance of compensation for services rendered and

reimbursement of expenses incurred during the preceding month (a "Monthly Fee Application")

and that at three-month intervals, each of the Retained Professionals may file with the Court and

serve on the Compensation Notice Parties an application for interim approval and allowance (an

"Interim Fee Application").

**D.    The Conversion Order**

10.    On November 10, 2025, the Court entered the Conversion Order, converting the

Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code.  The Conversion Order

provides that each Retained Professional shall submit an application for final allowance of

compensation for services rendered and reimbursement of expenses (a "Final Fee Application")

incurred (x) through the Conversion Date, (y) after the Conversion Date in connection with the

preparation and prosecution of such Final Fee Application, and (z) after the Conversion Date in

connection with the conversion of these Chapter 11 Cases to Chapter 7 of the Bankruptcy Code,

by no later than 45 days after the Conversion Date (*i.e.*, Friday, December 26, 2025).

**Relief Requested**

11.    By this Application, and pursuant to the Interim Compensation Order, the

Conversion Order, and sections 330 and 331 of the Bankruptcy Code, Cole Schotz is seeking

compensation in the amount of $2,230,867.00[3] in fees for professional services rendered by Cole

Schotz during the Final Period.  This amount is derived solely from the applicable hourly billing

rates of Cole Schotz personnel who rendered such services to the Committee.  In addition, Cole

Schotz is seeking reimbursement of expenses incurred during the Final Period in the amount of

$13,797.36.

---

[3]    This amount includes an estimated $25,000 in additional fees and expenses incurred after the Conversion Date
(as defined herein) in connection with, among other things, (i) the preparation and prosecution of this
Application and (ii) the conversion of the Chapter 11 Cases to Chapter 7 of the Bankruptcy Code.  Cole Schotz
reserves the right to seek additional amounts for fees and expenses incurred after the Conversion Date if not
accounted for herein.

A.      **Compensation Requested**

12.     Attached to each Monthly Fee Application filed prior to this Application, and this Application for the period from October 1, 2025 through November 10, 2025, is a detailed itemization, by project category, of all services performed by Cole Schotz with respect to the Chapter 11 Cases during the Final Period.  Each detailed itemization complies with Local Rule 2016-1(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.  *See* DEL. BANKR. L.R. 2016-1(d).

13.     The attorneys and professionals who rendered services related to each category are identified in Exhibit A of each Monthly Fee Application, and this Application for the period from October 1, 2025 through November 10, 2025, along with the number of hours for each individual and the total compensation.

B.      **Expense Reimbursement**

14.     Cole Schotz incurred out-of-pocket expenses during the Final Period in the amount of $13,797.36.  Attached as Exhibit B to each Monthly Fee Application, and this Application for the period from October 1, 2025 through November 10, 2025, is a description of the expenses actually incurred by Cole Schotz in the performance of services rendered as special real estate counsel, efficiency counsel, and Delaware co-counsel to the Committee.  The expenses are broken down into categories of charges; for example, among other things, photocopying, scanning and printing, telephone, Court fees, transcription charges, filing fees,

telephonic appearances, legal research and other non-ordinary expenses. *See* DEL. BANKR. L.R. 2016-1(e).[4]

## The Application and Compliance with Guidelines

15.     This Application was prepared in accordance with (a) Local Rule 2016-1, (b) the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, adopted on June 11, 2013 (the "UST Guidelines"), and (c) the Interim Compensation Order (collectively with Local Rule 2016-1 and the UST Guidelines, the "Guidelines").

16.     Annexed hereto are various schedules required by the Guidelines, as applicable.

17.     Cole Schotz provides the following responses to the questions set forth under ¶ C.5 of Appendix B of the UST Guidelines:

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. |
| Response: | No. |
| Question: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| Response: | The fees sought in this Application are less than the amount budgeted for the Final Fee Period. |
| Question: | Have any of the professionals included in this fee application varied their hourly rates based on the geographic location of the bankruptcy case. |
| Response: | No. |
| Question: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  If so, please quantify by hours and fees. |

---

[4]     In accordance with Local Rule 2016-1(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies.  Applicant does not surcharge for computerized research. DEL. BANKR. L.R. 2016-1(e)(iii).

| | | |
|---|---|---|
| <u>Response</u>: | No. | |
| <u>Question</u>: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees. | |
| <u>Response</u>: | No. | |
| <u>Question</u>: | Does this fee application include rate increases since retention? | |
| <u>Response</u>: | On September 1, 2025, Cole Schotz increased the hourly rates of certain of its professionals.  In accordance with the Retention Order, Cole Schotz provided 10 business days' notice of such increase to the Debtors and U.S. Trustee on August 15, 2025.  *See* Docket No. 3091. | |

**<u>Reasonable and Necessary Services</u>**

18.     The services for which Cole Schotz seeks compensation were, at the time rendered, necessary for, beneficial to and in the best interests of the Committee and the Debtors' estates.  The services rendered were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Cole Schotz is fair and reasonable given (a) the complexity of the Chapter 11 Cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**<u>Certificate of Compliance and Waiver</u>**

19.     The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with that Local Rule.  To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

## Notice

20.     Cole Schotz will provide notice and serve this Application on the Compensation Notice Parties.  In light of the nature of the relief requested in this Application, Cole Schotz submits that no other or further notice is required.

## Conclusion

**WHEREFORE**, Cole Schotz respectfully requests the Court enter an order: (i) granting the Application and authorizing final allowance of compensation in the amount of $2,230,867.00 for professional services rendered and reimbursement of actual and necessary costs incurred in the amount of $13,797.36 during the Final Period;[5] (iii) authorizing the payment of the amounts requested in the Application; and (iv) granting such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

---

[5]    In connection with certain Monthly and Interim Fee Applications, Cole Schotz has agreed with the Court and the U.S. Trustee to certain reductions in its fees and expenses in the aggregate amount of $4,687.00.  The agreed upon reductions will be reflected in the proposed order approving this Application.

Dated: December 23, 2025
      Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Stacy L. Newman*
Justin R. Alberto (No. 5126)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
Tel:    (302) 652-3131
Fax:    (302) 652-3117
Email: jalberto@coleschotz.com
        snewman@coleschotz.com

*-and-*

Sarah A. Carnes, Esq. (admitted *pro hac vice*)
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Tel:    (212) 752-8000
Fax:    (212) 752-8393
Email: scarnes@coleschotz.com

*Counsel to the Official Committee of Unsecured Creditors*

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES

The aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2024 (the "Comparable Period") was $592.88 per hour, and the aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $714.98 per hour.

The blended hourly rate for all Cole Schotz timekeepers (including both attorneys and paralegals) who provided services to the Committee during the Final Period was approximately $718.06 per hour.

| Category of Timekeeper | 2024 Bankruptcy Blended Rate | 2024 Non-Bankruptcy Blended Rate | Application Period Blended Rate |
|---|---|---|---|
| Member | $852.79 | $720.58 | $897.13 |
| Special Counsel | $670.00 | $662.20 | $685.00 |
| Associate | $504.86 | $460.46 | $472.38 |
| Paralegal | $376.65 | $349.10 | $403.20 |
| **Aggregate** | **$714.98** | **$592.88** | **$718.06** |

**STAFFING PLAN FOR COLE SCHOTZ P.C.,**
**AS SPECIAL REAL ESTATE COUNSEL, EFFICIENCY COUNSEL**
**AND DELAWARE COUNSEL TO THE COMMITTEE,**
**FOR THE PERIOD FROM SEPTEMBER 24, 2025 THROUGH NOVEMBER 10, 2025**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| Members | 7 | $895.00 |
| Associates | 4 | $490.00 |
| Paralegals | 1 | $400.00 |
| | **Estimated Blended Hourly Rate** | **$700.00** |

**BUDGET FOR COLE SCHOTZ P.C., AS SPECIAL REAL ESTATE COUNSEL,
EFFICIENCY COUNSEL AND DELAWARE COUNSEL FOR THE COMMITTEE,
FOR THE PERIOD FROM SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses, And Leases (Section 363) | 750 | $525,000 |
| Automatic Stay Matters/Litigation | 20 | $14,000 |
| Budgeting (Case) | 5 | $3,500 |
| Business Operations | 15 | $10,500 |
| Case Administration | 250 | $175,000 |
| Cash Collateral and DIP Financing | 300 | $210,000 |
| Claims Analysis, Administration and Objections | 150 | $105,000 |
| Committee Matters and Creditor Meetings | 350 | $245,000 |
| Creditor Inquiries | 50 | $35,000 |
| Document Review/Committee Investigation | 650 | $455,000 |
| Employee Matters | 10 | $7,000 |
| Executory Contracts | 10 | $7,000 |
| Fee Application/Objections | 200 | $140,000 |
| Leases (Real Property) | 200 | $140,000 |
| Litigation/Gen. (Except Automatic Stay Relief) | 200 | $140,000 |
| Other Investigative Matters | 10 | $7,000 |
| Preparation For and Attendance at Hearings | 300 | $210,000 |
| Reorganization Plan | 50 | $35,000 |
| Reports; Statements and Schedules | 5 | $3,500 |
| Retention Matters | 75 | $52,500 |
| Tax/General | 5 | $3,500 |
| U.S. Trustee Matters and Meetings | 10 | $7,000 |
| Utilities/Sec. 366 Issues | 5 | $3,500 |
| Vendor Matters | 50 | $35,000 |
| **TOTAL** | **3,620** | **$2,534,000** |

**FORMER BL STORES, INC.,** *et al.*

**COMPENSATION BY PROJECT CATEGORY**
**SEPTEMBER 24, 2024 THROUGH NOVEMBER 10, 2025**

| Project Category | Estimated Hours | Estimated Fees | Actual Hours | Actual Fees |
|---|---|---|---|---|
| Asset Dispositions, Sales, Uses, And Leases (Section 363) | 750 | $525,000 | 689.5 | $520,525.00 |
| Automatic Stay Matters/Litigation | 20 | $14,000 | 10.3 | $8,554.50 |
| Budgeting (Case) | 5 | $3,500 | 0.2 | $81.00 |
| Business Operations | 15 | $10,500 | 10.1 | $7,712.50 |
| Case Administration | 250 | $175,000 | 221.7 | $149,904.50 |
| Cash Collateral and DIP Financing | 300 | $210,000 | 215.3 | $174,689.50 |
| Claims Analysis, Administration and Objections | 150 | $105,000 | 106.9 | $96,440.50 |
| Committee Matters and Creditor Meetings | 350 | $245,000 | 329.6 | $250,320.00 |
| Creditor Inquiries | 50 | $35,000 | 32.8 | $28,359.50 |
| Document Review/Committee Investigation | 650 | $455,000 | 444.6 | $297,754.50 |
| Employee Matters | 10 | $7,000 | 1.8 | $1,502.50 |
| Executory Contracts | 10 | $7,000 | 10.2 | $6,454.00 |
| Fee Application/Objections | 150 | $105,000 | 199.5 | $103,403.50 |
| Leases (Real Property) | 200 | $140,000 | 199.8 | $149,125.50 |
| Litigation/Gen. (Except Automatic Stay Relief) | 200 | $140,000 | 184.3 | $149,004.00 |
| Other Investigative Matters | 10 | $7,000 | 2.8 | $1,400.00 |
| Preparation For and Attendance at Hearings | 300 | $210,000 | 283.4 | $183,330.00 |
| Reorganization Plan | 50 | $35,000 | 17.1 | $11,527.00 |
| Reports; Statements and Schedules | 5 | $3,500 | 3.0 | $1,438.00 |
| Retention Matters | 75 | $52,500 | 85.1 | $50,896.50 |
| Tax/General | 5 | $3,500 | 2.3 | $1,850.00 |

| Project Category | Estimated Hours | Estimated Fees | Actual Hours | Actual Fees |
|---|---|---|---|---|
| U.S. Trustee Matters and Meetings | 10 | $7,000 | 6.3 | $3,140.50 |
| Utilities/Sec. 366 Issues | 5 | $3,500 | 2.0 | $1,500.00 |
| Vendor Matters | 50 | $35,000 | 13.4 | $9,580.00 |
| **TOTAL** | **3,620** | **$2,534,000** | **3,072.0** | **$2,205,867.00** |

| SUMMARY OF FINAL FEE APPLICATION | |
|---|---|
| Name of Applicant | Cole Schotz P.C. |
| Name of Client | Official Committee of Unsecured Creditors of Former BL Stores, Inc., *et al.* |
| Fee period covered by Final Fee Application | September 24, 2024 through November 10, 2025 |
| Total compensation sought during Final Fee Period | $2,230,867.00[1] |
| Total expenses sought during Final Fee Period | $13,797.36 |
| Petition Date | September 9, 2024 |
| Retention Date | November 13, 2024, effective as of September 24, 2024 |
| Date of order approving employment | November 13, 2024 |
| Total compensation approved by interim order to date | $2,080,601.50 |
| Total expenses approved by interim order to date | $12,460.16 |
| Total allowed compensation paid to date | $2,080,601.50 |
| Total allowed expenses paid to date | $12,460.16 |
| Blended rate in Final Fee Application for all Attorneys | $733.45 |
| Blended rate in Final Fee Application for all Timekeepers | $718.06 |
| Compensation sought in this Final Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $60,356.80 |
| Expenses sought in this Final Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $572.90 |
| Number of professionals included in this Final Fee Application | 24 |
| If applicable, number of professionals in this Interim Fee Application not included in staffing plan | 11 |
| If applicable, difference between fees budgeted and compensation sought for this Fee Period | ($328,133.00) |
| Number of professionals billing fewer than 15 hours to the case during this Fee Period: | 4 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Final Fee Application using the rates originally disclosed in the retention application: | Yes. Cole Schotz has an annual rate increase on September 1 of each year.  The total compensation sought in this Application using the rates originally disclosed in the retention application would be $2,195,307.00.  The rate increase resulted in $10,560.00 of additional fees compared to the rates disclosed in the retention application. |

---

[1] This amount includes an estimated $25,000 in additional fees and expenses incurred after the Conversion Date (as defined herein) in connection with, among other things, (i) the preparation and prosecution of this Application and (ii) the conversion of the Chapter 11 Cases to Chapter 7 of the Bankruptcy Code.  Cole Schotz reserves the right to seek additional amounts for fees and expenses incurred after the Conversion Date if not accounted for herein.