## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al*., | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline**: **January 16, 2026, at 4:00 p.m. (ET)** |
| | **Hearing Date**: **January 29, 2026, at 11:00 a.m. (ET)** |

**COMBINED FOURTEENTH MONTHLY FEE STATEMENT
(FOR THE PERIOD OCTOBER 1, 2025 THROUGH AND INCLUDING
NOVEMBER 10, 2025) AND FINAL FEE APPLICATION OF MORRIS,
NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL
FOR THE CHAPTER 11 DEBTORS, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
SEPTEMBER 9, 2024, THROUGH AND INCLUDING NOVEMBER 10, 2025**

| | |
|---|---|
| Name of Professional: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 22, 2024, *nunc pro tunc* to September 9, 2024 |
| Monthly Period for which compensation and reimbursement is sought: | October 1, 2025, through November 10, 2025 |

---

[1] The debtors and debtors in possession in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

| | |
|---|---|
| Monthly Amount of compensation sought: | $132,274.00 |
| Monthly Amount of reimbursement sought: | $2,136.32 |
| Final Period for which compensation and reimbursement is sought: | September 9, 2024, through November 10, 2025 |
| Final Amount of compensation sought as actual, reasonable and necessary: | $3,976,148.00[2] |
| Final Amount of reimbursement sought as actual, reasonable and necessary: | $139,207.36[3] |

This is a  _x_  monthly       ___  interim       _x_   final application

The total time expended for preparation of this fee statement is approximately 10.0 hours and the corresponding compensation requested is approximately $10,325.00.

If this is not the first fee statement filed, disclose the following for each prior fee statement:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 11/26/24 D.I. 1252 | 9/9/24-9/30/24 | $478,009.00/$48,690.26 | $478,009.00/$48,690.26 |
| 12/6/24 D.I. 1318 | 10/1/24-10/31/24 | $583,013.00/$17,511.93 | $583,013.00/$17,511.93 |
| 12/19/24 D.I. 1399 | 11/1/24-11/30/24 | $467,263.50/$18,162.83 | $467,263.50/$18,162.83 |
| 1/24/25 D.I. 1848 | 12/1/24-12/31/24 | $447,925.00/$12,810.94 | $447,925.00/$8,087.94 |
| 3/17/25 D.I. 2251 | 1/1/25-1/31/25 | $377,279.00/$15,448.92 | $377,279.00/$15,448.92 |
| 4/14/25 D.I. 2560 | 2/1/25-2/28/25 | $292,123.00/$7,364.79 | $292,123.00/$7,364.79 |

---

[2] This amount includes an additional $35,000.00, which reflects Morris Nichols's estimated fees incurred after November 10, 2025, through the final fee hearing in these cases. This amount is subject to augmentation based on the fees actually incurred by Morris Nichols.

[3] This amount includes an additional $2,000.00, which reflects Morris Nichols's estimated expenses incurred after November 10, 2025, through the final fee hearing in these cases.

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 5/6/25 D.I. 2692 | 3/1/25-3/31/25 | $341,743.50/$7,470.30 | $340,401.00/$7,286.30 |
| 6/20/25 D.I. 2895 | 4/1/25-4/30/25 | $250,732.00/$2,184.21 | $250,732.00/$2,184.21 |
| 7/29/25 D.I. 3013 | 5/1/25-5/31/25 | $170,916.00/$3,897.65 | $170,916.00/$3,897.65 |
| 8/14/25 D.I. 3088 | 6/1/25-6/30/25 | $146,834.00/$4,556.43 | $146,569.00/$4,500.43 |
| 9/18/25 D.I. 3171 | 7/1/25-7/31/25 | $88,683.00/$276.60 | $70,946.40/$276.60 |
| 9/22/25 D.I. 3172 | 8/1/25-8/31/25 | $73,528.50/$1,295.05 | $58,822.80/$1,295.05 |
| 10/27/25 D.I. 3265 | 9/1/25-9/30/25 | $92,432.00/$364.13 | $73,945.60/$364.13 |

**MONTHLY COMPENSATION BY PROFESSIONAL**

**FORMER BL STORES, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**October 1, 2025, through November 10, 2025**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy.  Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,895 | 0.2 | 379.00 |
| Andrew R. Remming | Partner/Bankruptcy.  Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2008. | 1,295 | 29.8 | 38,591.00 |
| Daniel B. Butz | Senior Counsel/Bankruptcy. Joined the firm as an associate in 2002. Member of the DE Bar since 2002. | 1,095 | 26.8 | 29,346.00 |
| Sophie Rogers Churchill | Associate/Bankruptcy.  Joined the firm as an associate in 2021. Member of the DE Bar since 2022. | 770 | 19.7 | 15,169.00 |
| Casey B. Sawyer | Associate/Bankruptcy.  Joined the firm as an associate in 2023.  Member of the DE Bar since 2023. | 675 | 31.1 | 20,992.50 |
| Brianna N. V. Turner | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the DE Bar since 2024. | 625 | 24.9 | 15,562.50 |
| Byron Poland | Litigation Support | 435 | 0.2 | 87.00 |
| Desiree M. Vale | Paralegal | 435 | 13.4 | 5,829.00 |
| John Lawrence | Paralegal | 435 | 11.0 | 4,785.00 |
| Radha Chevli | Paralegal | 435 | 1.4 | 609.00 |
| Marie Reed | Legal Assistant | 385 | 2.4 | 924.00 |
| **Total** | | **822.09** | **160.9** | **$132,274.00** |
| **BLENDED RATE: $822.09** | | | | |
| **ATTORNEY BLENDED RATE: $905.96** | | | | |

**MONTHLY COMPENSATION BY PROJECT CATEGORY**

**FORMER BL STORES, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**October 1, 2025, through November 10, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 1.30 | 780.00 |
| Asset Dispositions/363 Sales | 2.40 | 2,438.00 |
| Automatic Stay Matters | 2.80 | 2,165.50 |
| Creditor Communications and Meetings | 0.70 | 534.50 |
| Fee Applications (MNAT - Filing) | 20.70 | 13,228.50 |
| Fee Applications (Others - Filing) | 7.30 | 3,755.50 |
| Other Contested Matters | 50.20 | 46,085.00 |
| Tax Matters | 0.40 | 393.00 |
| Court Hearings | 27.50 | 21,548.50 |
| Claims Objections and Administration | 19.40 | 17,461.00 |
| Plan and Disclosure Statement | 0.70 | 304.50 |
| Professional Retention (Others - Filing) | 1.50 | 1,035.00 |
| General Corporate Matters (including Corporate Governance) | 0.30 | 231.00 |
| General Case Strategy | 22.90 | 20,613.50 |
| Schedules/SOFA/U.S. Trustee Reports | 2.80 | 1,700.50 |
| **TOTAL** | **160.9** | **$132,274.00** |

**MONTHLY EXPENSE SUMMARY**

**FORMER BL STORES, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**October 1, 2025, through November 10, 2025**

| Expense Category | Total Expenses |
|---|---:|
| Pacer | 342.70 |
| In-House Printing - black & white | 378.10 |
| Messenger Service | 15.00 |
| In-House Printing - color | 20.80 |
| Courier/Delivery Service | 292.00 |
| Meals | 621.37 |
| Court Costs | 285.00 |
| Transcripts | 181.35 |
| **Grand Total Expenses** | **$2,136.32** |

**FINAL COMPENSATION BY PROFESSIONAL**

**FORMER BL STORES, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**September 9, 2024, through November 10, 2025**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy.  Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 1,695 | 71.7 | 121,531.50 |
| | | 1,895 | 11.1 | 21,034.50 |
| Donna Culver | Partner/Bankruptcy.  Partner since 1999. Joined firm as an associate in 1991. Member of the DE Bar since 1991. | 1,175 | 8.0 | 9,400.00 |
| Andrew R. Remming | Partner/Bankruptcy.  Partner since 2016. Joined firm as an associate in 2008. Member of the DE Bar since 2008. | 1,145 | 313.3 | 358,728.50 |
| | | 572.5 | 6.6 | 3,778.50 |
| | | 1,295 | 237.7 | 307,821.50 |
| Matthew B. Harvey | Partner/Bankruptcy.  Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014.  Member of the DE Bar since 2008. | 1,145 | 1.1 | 1,259.50 |
| Daniel B. Butz | Senior Counsel/Bankruptcy. Joined the firm as an associate in 2002. Member of the DE Bar since 2002. | 1,075 | 499.6 | 537,070.00 |
| | | 1,095 | 400.3 | 438,328.50 |
| Tamara K. Mann | Special Counsel/Bankruptcy.  Joined the firm as an associate in 2011. Member of the DE Bar since 2011. | 965 | 76.5 | 73,822.50 |
| | | 1,025 | 4.5 | 4,612.50 |
| Matthew O. Talmo | Partner/Bankruptcy.  Partner since 2025. Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 810 | 0.3 | 243.00 |
| Sophie Rogers Churchill | Associate/Bankruptcy.  Joined the firm as an associate in 2021. Member of the DE Bar since 2022. | 635 | 552.6 | 350,901.00 |
| | | 770 | 418.0 | 321,860.00 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Avery Jue Meng | Associate/Bankruptcy.  Joined the firm as an associate in 2023.  Member of the DE Bar since 2023. | 730 | 2.4 | 1,752.00 |
| Grace E. Venit | Associate/Bankruptcy.  Joined the firm as an associate in 2022. Member of the DE Bar since 2022. | 595 | 54.6 | 32,487.00 |
| Echo Qian | Associate/Bankruptcy.  Joined the firm as an associate in 2023.  Member of the DE Bar since 2023. | 595 | 3.1 | 1,844.50 |
| | | 730 | 4.2 | 3,066.00 |
| Austin Park | Associate/Bankruptcy.  Joined the firm as an associate in 2023.  Member of the DE Bar since 2023. | 545 | 12.5 | 6,812.50 |
| Casey B. Sawyer | Associate/Bankruptcy.  Joined the firm as an associate in 2023.  Member of the DE Bar since 2023. | 545 | 515.2 | 280,784.00 |
| | | 675 | 460.1 | 310,567.50 |
| Brianna N. V. Turner | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the DE Bar since 2024. | 545 | 210.1 | 114,504.50 |
| | | 625 | 611.9 | 382,437.50 |
| J. Luke Brzozowski | Associate/Bankruptcy.  Joined the firm as an associate in 2024.  Member of the DE Bar since 2024. | 545 | 0.5 | 272.50 |
| Byron Poland | Litigation Support | 395 | 1.1 | 434.50 |
| | | 435 | 1.0 | 435.00 |
| Ronald Amores | Litigation Support | 435 | 0.5 | 217.50 |
| Desiree M. Vale | Paralegal | 395 | 10.4 | 4,108.00 |
| | | 435 | 140.4 | 61,074.00 |
| John Lawrence | Paralegal | 395 | 3.5 | 1,382.50 |
| | | 435 | 63.0 | 27,405.00 |
| Rebecca L. Weidman | Paralegal | 395 | 156.8 | 61,936.00 |
| | | 435 | 136.2 | 59,247.00 |
| Radha Chevli | Paralegal | 435 | 10.9 | 4,741.50 |
| Mary C. Hall | Legal Assistant | 385 | 0.2 | 77.00 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Amy Pellegrino | Legal Assistant | 385 | 2.0 | 770.00 |
| Valerie Walker | Legal Assistant | 355 | 0.9 | 319.50 |
| | | 385 | 2.0 | 770.00 |
| Marie Reed | Legal Assistant | 355 | 41.1 | 14,590.50 |
| | | 385 | 51.1 | 19,673.50 |
| Billie Springart | Legal Assistant | 385 | 1.7 | 654.50 |
| **Sub-Total** | | **773.29** | **5,098.7** | **3,942,755.50** |
| **Voluntary Reductions** | | | | **$1,607.50** |
| **Post-Conversion Estimate** | | | | **$35,000.00** |
| **TOTAL** | | | | **$3,976,148.00** |
| **BLENDED RATE: $773.29** | | | | |
| **ATTORNEY BLENDED RATE: $823.28** | | | | |

**FINAL COMPENSATION BY PROJECT CATEGORY**

**FORMER BL STORES, INC.,** *et al.*
**(Case No. 24-11967 (JKS))**

**September 9, 2024, through November 10, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 38.6 | 18,603.00 |
| Asset Dispositions/363 Sales | 608.5 | 505,875.00 |
| Automatic Stay Matters | 92.5 | 78,902.50 |
| Creditor Communications and Meetings | 52.6 | 39,845.00 |
| Fee Applications (MNAT - Filing) | 245.8 | 169,370.50 |
| Fee Applications (Others - Filing) | 232.4 | 138,053.50 |
| Fee Applications (Other - Objections) | 1.3 | 1,055.00 |
| Executory Contracts/Unexpired Leases | 847.2 | 671,828.50 |
| Other Contested Matters | 359.1 | 310,546.00 |
| Non-Working Travel | 6.6 | 3,778.50 |
| Governmental/Regulatory Matters | 1.0 | 863.00 |
| Employee Matters | 17.6 | 15,723.00 |
| Financing Matters/Cash Collateral | 49.4 | 43,056.00 |
| Tax Matters | 150.5 | 111,154.50 |
| Real Estate Matters | 1.0 | 704.00 |
| Insurance Matters | 13.5 | 12,319.00 |
| Reclamation/503(b)(9) Matters | 1.9 | 1,511.50 |
| Utility Matters | 60.9 | 53,047.00 |
| Vendor/Supplier Matters | 62.6 | 52,164.00 |
| Court Hearings | 1089.1 | 818,357.50 |
| Claims Objections and Administration | 330.5 | 288,819.00 |
| Plan and Disclosure Statement | 32.7 | 25,220.00 |
| Litigation/Adversary Proceedings | 27.1 | 24,599.50 |
| Professional Retention (MNAT - Filing) | 46.6 | 28,250.50 |
| Professional Retention (MNAT - Objections) | 1.3 | 789.50 |
| Professional Retention (Others - Filing) | 168.0 | 112,148.50 |

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Professional Retention (Others - Objections) | 8.9 | 7,033.50 |
| General Corporate Matters (including Corporate Governance) | 5.6 | 5,022.50 |
| General Case Strategy | 291.6 | 219,286.00 |
| Schedules/SOFA/U.S. Trustee Reports | 137.4 | 94,025.00 |
| Bankruptcy Appeals | 116.9 | 90,804.50 |
| **Sub-Total** | **5,098.7** | **$3,942,755.50** |
| **Voluntary Reductions** | | **$1,607.50** |
| **Post-Conversion Estimate** | | **$35,000.00** |
| **TOTAL** | | **$3,976,148.00** |

# FINAL EXPENSE SUMMARY

## FORMER BL STORES, INC., *et al.*
### (Case No. 24-11967 (JKS))

**September 9, 2024, through November 10, 2025**

| Expense Category | Total Expenses |
|---|---|
| Pacer | 7,670.00 |
| In-House Printing - black & white | 20,835.90 |
| In-House Printing - color | 15,729.60 |
| In-House Duplicating | 71.16 |
| In-House Duplicating - color | 199.32 |
| Computer Research - Westlaw | 8,561.98 |
| Photos/Art/Spec Duplicating-Out of Office | 10,492.02 |
| Meals | 9,192.02 |
| Courier/Delivery Service | 5,604.54 |
| Transcripts | 21,708.25 |
| Supplemental Tech Trial Support Services | 628.25 |
| Use of Facilities/Equipment | 4,635.00 |
| Court Costs | 35,736.00 |
| Conference Calls | 22.74 |
| Support Staff Overtime | 656.18 |
| Secretarial Overtime | 48.35 |
| Messenger Service | 120.00 |
| Miscellaneous | 20.00 |
| Paralegal Overtime | 239.05 |
| **Sub-Total** | **$142,170.36** |
| **Voluntary Reductions** | **$4,963.00** |
| **Post-Conversion Estimate** | **$2,000.00** |
| **TOTAL** | **$139,207.36** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline:** **January 16, 2026, at 4:00 p.m. (ET)** |
| | **Hearing Date:** **January 29, 2026, at 11:00 a.m. (ET)** |

**COMBINED FOURTEENTH MONTHLY FEE STATEMENT
(FOR THE PERIOD OCTOBER 1, 2025 THROUGH AND INCLUDING
NOVEMBER 10, 2025) AND FINAL FEE APPLICATION OF MORRIS,
NICHOLS, ARSHT & TUNNELL LLP, AS BANKRUPTCY CO-COUNSEL
FOR THE CHAPTER 11 DEBTORS, FOR ALLOWANCE OF MONTHLY
COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND
NECESSARY EXPENSES INCURRED FOR THE PERIOD
SEPTEMBER 9, 2024, THROUGH AND INCLUDING NOVEMBER 10, 2025**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as bankruptcy

co-counsel for the chapter 11 debtors in the above-captioned cases (the "Debtors"), submits this

fee application (the "Fee Application") for (i) allowance of compensation for professional services

rendered by Morris Nichols to the Debtors for the period of October 1, 2025, through and including

November 10, 2025 (the "Statement Period"), (ii) reimbursement of actual and necessary expenses

incurred by Morris Nichols during the Statement Period, (iii) final allowance of reasonable

---

[1] The debtors and debtors in possession in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

compensation for professional services rendered by Morris Nichols to the Debtors for the period September 9, 2024 through November 10, 2025 (the "<u>Final Application Period</u>"); and (iv) final reimbursement of actual and necessary expenses and disbursements incurred by Morris Nichols in rendering professional services on behalf of the Debtors during the Final Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* (D.I. 519) (the "<u>Interim Compensation Procedures Order</u>").[2]    In support of this Fee Statement, Morris Nichols represents as follows:

**<u>JURISDICTION</u>**

1.      This Court has jurisdiction over this Fee Statement pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-1, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

---

[2]  Capitalized terms used but not defined herein are defined in the Interim Compensation Procedures Order.

## BACKGROUND

3.        On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing these chapter 11 cases.

4.        On September 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

5.        On November 10, 2025, upon the hearing converting the chapter 11 cases to cases under chapter 7 of Bankruptcy code, the court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* (D.I. 3319) (the "Conversion Order"), effective as of the entry of the Order (the "Conversion Date").  As per the Conversion Order, Final Fee Applications shall be submitted by the applicable professionals no later than December 26, 2025 (the "Final Fee Application Deadline").

## MORRIS NICHOLS'S RETENTION

6.        Prior to the commencement of these chapter 11 cases, the Debtors retained Morris Nichols to provide advice regarding, among other things, preparing for, commencing, and prosecuting these cases under chapter 11 of the Bankruptcy Code.  On September 18, 2024, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors Nunc Pro Tunc to the Petition Date* (D.I. 211) (the "Morris Nichols Retention Application").

7.        On October 22, 2024, this Court granted the Morris Nichols Retention Application pursuant to the *Order Authorizing the Retention and Employment of Morris, Nichols,*

*Arsht & Tunnell LLP as Bankruptcy Co-Counsel for the Debtors* Nunc Pro Tunc *to the Petition Date* (D.I. 587) (the "Morris Nichols Retention Order").

## INTERIM COMPENSATION

8.    The Court entered the Interim Compensation Procedures Order on October 17, 2024.  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all retained Professionals in these cases.

9.    In particular, the Interim Compensation Procedures Order provides that Professionals may file and serve a Monthly Fee Statement following the month or months for which compensation is sought, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month. Parties in interest will have 21 days (or the next business day if such day is not a business day) after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested compensation for services rendered and reimbursement of expenses incurred.  Provided that there are no objections to such Monthly Fee Statement filed before the expiration of the Objection Deadline, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

10.    Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Statement.

## RELIEF REQUESTED

11.    Morris Nichols submits this Fee Application for (i) monthly and final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as co-counsel for the Debtors in these cases during the Statement and Final Application Periods and (ii) monthly and final reimbursement of actual, reasonable, and

necessary expenses incurred by Morris Nichols in representing the Debtors during the Statement and Final Application Periods.

## STATEMENT PERIOD

12.     During the Statement Period, Morris Nichols incurred fees in the amount of $132,274.00.  For the same period, Morris Nichols incurred actual, reasonable, and necessary expenses totaling $2,136.32.  As of the date of this Fee Application, Morris Nichols has received no payments with respect to these amounts.

13.     Set forth on the foregoing "Compensation by Project Category" is a summary, by subject matter category, of the time expended by Morris Nichols's timekeepers billing time to the Debtors' cases during the Statement Period.

14.     **Exhibit A** attached hereto contains logs, sorted by case project category, which show the time recorded by professionals, paraprofessionals, and other support staff, as well as descriptions of the services provided.

15.     **Exhibit B** attached hereto contains a breakdown of actual, reasonable, and necessary expenses incurred by Morris Nichols during the Statement Period.

16.     Morris Nichols charges $.10 per page for photocopying and printing. Morris Nichols does not charge for outgoing domestic facsimiles or incoming facsimiles.

17.     In accordance with Local Rule 2016-1, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

## FINAL APPLICATION PERIOD

18.     Morris Nichols seeks allowance of $3,941,148.00, for actual, reasonable, and necessary legal services rendered to the Debtors during the Final Application Period; and $137,207.36 as reimbursement of actual, reasonable, and necessary expenses incurred in

connection with the rendition of such services during the Final Application Period. Morris Nichols requests that the Debtors be authorized and directed to pay Morris Nichols an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid.

19.     Morris Nichols further requests allowance of $35,000.00 for estimated, reasonable and necessary legal services rendered to the Debtors incurred after November 10, 2025, through the final fee hearing in these cases, and $2,000.00 as reimbursement of estimated, reasonable, and necessary expenses incurred in connection with the rendition of such services through the final fee hearing.

20.     Morris Nichols has endeavored to represent the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work has been performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter. Moreover, Morris Nichols has endeavored to coordinate with the other professionals involved in these cases so as to minimize any duplication of effort and to minimize attorneys' fees and expenses to the Debtors. Morris Nichols believes it has been successful in this regard.

21.     **Exhibit C** attached hereto contains the Final Application Summary which details the fees and expenses incurred, paid, and outstanding during the Application Period in conformance with Exhibit E to the U.S. Trustee Guidelines.

22.     **Exhibit D** attached hereto contains the Staffing Plan which provides information relating to the timekeepers who assisted with this chapter 11 case through the Application Period in conformance with Exhibit C to the U.S. Trustee Guidelines.

6

23.     No agreement or understanding exists between Morris Nichols and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

24.     The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of his or her information, knowledge, and belief that this Fee Application complies with that Rule.

**INFORMATION RELATED TO THE REVISED U.S. TRUSTEE GUIDELINES**

25.     Morris Nichols provides the following information pursuant to the U.S. Trustee Guidelines.

26.     Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys.  In addition, Morris Nichols' hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

27.     The blended hourly rate for all Morris Nichols timekeepers who worked on these cases is less than as the firm's blended rate for all timekeepers over a Comparable Period (defined below).  In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters") during the Final Application Period was, in the aggregate, approximately $876.83.  By comparison, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on this case during the Final Application Period was, in the aggregate, $773.29.

28.     The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar) in the Application and in comparison to the blended hourly rate for Morris Nichols' non-Chapter 11 matters:

| Position at Morris Nichols | Blended Hourly Rate for Final Application Period | Blended Hourly Rate Non-Chapter 11 Matters |
|---|---|---|
| Partner | $1,268 | $1,156 |
| Senior Counsel | $1,084 | $1,044 |
| Special Counsel | $968 | $861 |
| Associate | $635 | $656 |
| Paraprofessionals | $414 | $329 |

29.     In addition, Morris Nichols provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

  a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **No.**

  b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? **Not Applicable.**

  c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? **No.**

  d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees. **No.**

  e. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. **Morris Nichols spent 4.7 hours reviewing time records to redact privileged or other confidential information, for a total of $2,937.00 in fees.**

  f. If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458? **The client was informed regarding Morris**

8

**Nichols's rates and future rate increases in connection with Morris Nichols's engagement and the client's approval of Morris Nichols's retention application. On December 16, 2024, the Debtors filed a Notice of Rate Change for Morris, Nichols, Arsht & Tunnell LLP (D.I. 1357) reflecting customary annual rate increases.**

WHEREFORE, Morris Nichols respectfully requests that this Court (a) allow Morris Nichols (i) monthly compensation in the amount of $132,274.00 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors during the Statement Period; and (ii) monthly reimbursement in the amount of $2,136.32 for actual, reasonable, and necessary expenses incurred during the Statement Period; and (b) allow Morris Nichols (i) final compensation in the amount of $3,941,148.00 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors during the Final Application Period, plus $35,000.00 for estimated time through the final fee hearing; (ii) final reimbursement of $137,207.36 for actual, reasonable, and necessary expenses incurred during the Final Application Period, plus $2,000.00 for estimated expenses through the final fee hearing, (c) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors; and (iii) grant such other further relief as the Court deems just and proper.

Dated: December 26, 2025
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Sophie Rogers Churchill*
Robert J. Dehney, Sr. (No. 3578)
Andrew B. Remming (No. 5120)
Daniel B. Butz (No. 4227)
Sophie Rogers Churchill (No. 6905)
Brianna N. V. Turner (No. 7468)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@morrisnichols.com
aremming@morrisnichols.com
dbutz@morrisnichols.com
srchurchill@morrisnichols.com
bturner@morrisnichols.com

*Counsel to the Debtors*