**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 3348** |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO HIRE INDEPENDENT CONTRACTORS FOR CERTAIN TRANSITION SERVICES, EFFECTIVE AS OF NOVEMBER 10, 2025, PURSUANT TO 11 U.S.C. § 105(a), AND TO PAY FOR SUCH SERVICES AND DE MINIMUS EXPENSES ASSOCIATED WITH SUCH SERVICES PURSUANT TO 11 U.S.C. § 503(b)(1)(A), WITHOUT FURTHER COURT ORDER**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") for entry of an order (this "Order") authorizing him to employ certain independent contractors (the "Independent Contractors") to render ordinary course of business services that are essential to the Trustee's duties in administering the Debtors' estates, effective as of November 10, 2025, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and to pay for such services and de minimus expenses associated with his duties in administering the Debtors' estates, pursuant to 11 U.S.C. § 503(b)(1)(A), without further court order, as more fully set forth in the Motion; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. §§ 1334 and 157; (b) this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); (c) notice of the Motion and the hearing was sufficient and proper; and (d) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing to the Court that the Motion should be approved, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee is hereby authorized, but not directed, at his discretion, pursuant to 11 U.S.C. §§ 105(a), to: (a) employ the Independent Contractors to the services described in the Motion, effective as of November 10, 2025, without further order of this Court; and (b) employ additional Independent Contractors to the services described in the Motion, effective as of November 10, 2025, without further order of this Court; provided, however, that the hourly rate for any such additional Independent Contractors shall not exceed $200 per hour for any one additional Independent Contractor.

3. The Trustee is hereby authorized, but not directed, at his discretion, pursuant to 11 U.S.C. §§ 105(a) and 503(b)(1)(A), to pay the Independent Contractors for their post-petition services as requested in the Motion, without further order of this Court.

4. The Trustee is hereby authorized, but not directed, at his discretion, pursuant to 11 U.S.C. §§ 105(a) and 503(b)(1)(A), to pay de minimus expenses as requested in the Motion, without further order of this Court.

5. Neither the Trustee nor the Independent Contractors shall be required to file a fee application or request before payment of the post-petition services of the Independent Contractors or for any de minimis expenses.

6. Nothing in this Order shall be construed to find that the Trustee is operating the Debtors' businesses pursuant to 11 U.S.C. § 721 or any other applicable provision of the Bankruptcy Code.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: December 29th, 2025**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4896-6850-8804.1 31275.00001

3