**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.,*<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Hearing Date: To Be Determined**<br>**Objection Deadline: February 11, 2026 at 4 p.m. (ET)** |

**MOTION OF JENNIFER BELL**
**FOR RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE**

Jennifer Bell ("Ms. Bell" or "Movant"), by and through his undersigned counsel, hereby moves this Court (the "Motion"), pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Ms. Bell to prosecute a personal injury action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (the "State Court Action") against debtor Big Lots Stores, LLC and Big Lots Management, LLC (together, "Big Lots" or, with the above-captioned co-debtors, the "Debtors"), and to proceed to collect any award against the Debtors' applicable insurance policies. In support of this Motion, Ms. Bell respectfully represents as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Ms. Bell consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

**FACTS**

5. On September 9, 2024, (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

6. On November 11, 2025, the Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code. Alfred T. Giuliano has been appointed chapter 7 Trustee (the "Trustee") in these jointly administered cases.

7. On or about December 21, 2024, Plaintiff lawfully entered the Big Lots retail store located at 1751 Homer M. Adams Parkway, Alton, Illinois (the "Premises").

8. At that same time and place, a dangerous condition existed on the Premises, including but not limited to a foreign substance without any proper warning present at or near the entryway of the Premises.

9. Big Lots and/or their agents knew or, in the exercise of reasonable care, should have known of the dangerous condition in sufficient time to remedy it or to warn Ms. Bell. Big Lots had the upmost duty to maintain a safe entryway to the Premises for individuals such as Ms. Bell.

10. As a direct result of the dangerous condition and the Debtors' negligence, Ms. Bell slipped and fell and sustained injuries and damages.

11. On September 9, 2025, without actual or constructive notice of the Debtors' bankruptcy proceedings, Ms. Bell filed her complaint against Big Lots commencing the State Court Action.

12. The filing, prosecution and liquidation of Ms. Bell's claims in the State Court Action has been delayed as a consequence of the Debtors' chapter 11 filing and the automatic stay provisions set forth in 11 U.S.C. § 362(a).

13. Upon information and belief, the Debtors are covered by insurance policies applicable to Ms. Bell's claims.

**RELIEF REQUESTED**

14. Through this Motion, Ms. Bell seeks entry of an order pursuant to § 362(d) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that she may prosecute her claims to judgment in the State Court Action and satisfy any award or other resolution she may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity.

**BASIS FOR RELIEF REQUESTED**

15. Ms. Bell is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

16. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

17. The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

18. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

19. Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy courtfrom duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

20. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

4

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3) The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

21. 19. Here, the facts weigh in Ms. Bell's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Ms. Bell's claims must eventually be liquidated before she can recover from the bankruptcy estate. Further, because her claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Ms. Bell has demanded and is entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

22. Upon information and belief, the Debtors' liability in this matter is covered by insurance. As such, any recovery by Ms. Bell will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

23. Conversely, Ms. Bell will face substantial hardship if the stay is not lifted. She suffered physical injuries and damages as a result of the Debtors' negligence. She will be

prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Ms. Bell resides in State of Illinois and the events which form the basis of her claims occurred entirely in Illinois. If Ms. Bell is forced to litigate her claims in Delaware, she would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Ms. Bell's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

24. Neither the Debtors nor their estates will suffer any hardship if Ms. Bell's claims in the State Court Action are allowed to proceed. Her claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from a reorganization process. Indeed, the Debtors cases were converted to liquidating cases under chapter 7 of the Bankruptcy Code.

25. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Ms. Bell's favor. The facts presented in the State Court Action regarding the Debtors' negligence and the resulting injuries Ms. Bell sustained speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110

B.R. 191, 196 (Bankr. E.D. Pa. 1990).

26.  When weighing the above factors, the Court should lift the automatic stay, in order to permit Ms. Bell to prosecute her claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution she may obtain against the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

WHEREFORE, Ms. Bell respectfully requests that the Court enter an Order lifting the automatic stay, substantially in the form attached hereto, and for such further additional relief as may be just and proper under the circumstances.

Dated: January 28, 2026

/s/ *Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Jennifer Bell*