**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: March 5, 2026 at 11:00 a.m. (ET)**
**Objection Deadline: February 17, 2026 at 4:00 p.m. (ET)**

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO EMPLOY AND RETAIN CROWELL & MORING LLP AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(E) EFFECTIVE AS OF JANUARY 12, 2026**

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) authorizing the Trustee to employ and retain Crowell & Moring LLP ("Crowell" or the "Firm") as special counsel to the Trustee for antitrust and class action matters, effective as of January 12, 2026; and (b) granting related relief. In support of the Application, the Trustee relies upon and

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

incorporates by reference the declaration of Deborah E. Arbabi, Esq. (the "Arbabi Declaration"), attached hereto as **Exhibit B**.

### Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

### Background

4.      On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.    On November 10, 2025 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 3320].

6.    The Trustee has determined to retain Crowell as special counsel for the purpose of pursuing recoveries on certain antitrust and class action matters.

**Basis for Relief**

7.    Section 327(e) of the Bankruptcy Code authorizes a trustee to retain, "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

8.    Crowell's retention as special counsel falls within the scope of section 327(e) of the Bankruptcy Code. When analyzing the retention of special counsel under section 327(e), "the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest, and the role of general counsel." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005) (citing *In re First Am. Health Care of Georgia, Inc.*, 1996 WL 33404562, at *3 (Bankr. S.D. Ga. Apr. 18, 1996)). In general, subject to the requirements of section 327 of the Bankruptcy Code, trustees are entitled to the counsel of their choosing. *See, e.g., In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

9.      Here, the Trustee's retention of Crowell is in the best interests of the Debtors'

estates and satisfies the standards for retention under section 327(e) of the Bankruptcy Code.

Crowell has been representing the Debtors in connection with antitrust and class action matters,

and the Trustee believes that it is in the best interests of the Debtors' estates to employ and retain

Crowell as special counsel to continue providing representation with respect to those matters.

### Qualifications and Scope of Services

10.      The Trustee has also filed an application seeking to employ Pachulski Stang Ziehl

& Jones LLP ("PSZJ") as general bankruptcy counsel.  The Trustee intends that the services to be

performed by Crowell, and those services to be performed by PSZJ and any other parties retained

by the Trustee, will not be duplicative.  However, Crowell may be required, from time to time, to

consult or advise PSZJ with regard to the matters on which Crowell is representing the Trustee.

11.      Attached as **Exhibit C** is a copy of the engagement letter between the Trustee and

Crowell.  Crowell's services consist of pursuing recoveries on certain antitrust and class action

matters (the "Matters").  The currently pending Matters are listed below:

- In re Auto. Parts Antitrust Litig., No. 12-md-02311-MOB-MKM (E.D. Mich.)

- In re Cathode Ray Tube Antitrust Litig., No. 07-cv-05944-JST (N.D. Cal.)

- In re Hard Disk Drive Suspension Assemblies Antitrust Litig., No. 19-md-02918-MMC (N.D. Cal.)

- DZ Reserve v. Meta Platforms, Inc., No. 3:18-cv-04978-JD (N.D. Cal.)

- Klein v. Meta Platforms, Inc., No. 3:20-cv-08570-JD (N.D. Cal.)

- Cabrera v. Google LLC, No. 5:11-cv-1263-EJD (N.D. Cal.)

- In re Google Digit. Advert. Antitrust Litig., No. 1:21-md-03010-PKC (S.D.N.Y.)

- Steamfitters Local Union No. 420 v. Mallinckrodt ARD LLC, No. 19-cv-03047-KBH (E.D. Pa.)

- In re Actos Antitrust Litig., No. 13-cv-09244-RA-SDA (S.D.N.Y.)

- Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co., No. 17-cv-07223-SVW-AS (C.D. Cal.)

- In re Effexor XR Antitrust Litig., No. 11-cv-05479-PGS-LHG (D.N.J.)

- In re Novartis & Par Antitrust Litig., No. 18-cv-04361-AKH (S.D.N.Y.)

- In re Generic Pharms. Pricing Antitrust Litig., No. 16-md-02724-CMR (E.D. Pa.)

- In re HIV Antitrust Litig., No. 19-cv-02573-EMC (N.D. Cal.)

- Searcy v. Gilead Scis. Inc., No. 20-cv-01523-MTS (E.D. Mo.)

- In re McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig., No. 21-md-02996-CRB (N.D. Cal.)

- In re Nat'l Prescription Opiate Litig., No. 17-md-02804-DAP (N.D. Ohio)

- In re Suboxone Antitrust Litig., No. 13-md-02445-MSG (E.D. Pa.)

- In re Xyrem (Sodium Oxybate) Antitrust Litig., No. 20-md-02966-RS (N.D. Cal.)

- In re Cattle and Beef Antitrust Litig., No. 20-cv-01319-JRT-JFD (D.Minn.)

- In re Cattle and Beef Antitrust Litig., No. 22-md-3031 (JRT/JFD) (D. Minn.)

- In re Frozen Potato Prods. Antitrust Litig., No. 1:24-cv-11801-JIC (N.D. Ill.)

- In re Granulated Sugar Antitrust Litig., No. 0:24-cv-02233-JWB-DTS (D. Minn.)

- In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14-md-02542-VSB-HBP (S.D.N.Y.)

- In re Pork Antitrust Litig., No. 18-cv-01776-JRT-HB (D. Minn.)

- In Re Turkey Antitrust Litig., No. 19-cv-08318-VMK (N.D. Ill.)

- Lincoln Adventures, L.L.C. v. Certain Underwriters at Lloyd's, No. 08-cv-00235-CCC-JAD (D.N.J.)

- In re Visa Debit Card Antitrust Litigation, 24-cv-07435-JGK (S.D.N.Y.)

12.     By this Application, the Trustee also seeks authority to employ Crowell as special counsel for any additional Matters ("<u>Additional Matters</u>").  The Trustee proposes that, if Crowell and the Trustee agree to expand the scope of the representation to cover any Additional Matters, the Trustee will file a notice with the Court regarding the same, with a 10-day objection period, and will serve such notice on the Rule 2002 service list of parties requesting notice.  The expansion of the scope of the representation will be deemed authorized if no objections or received, or, once any objections are resolved.

13.     Crowell has stated its desire and willingness to continue to act as special counsel and to render the necessary professional services required in connection therewith.  Moreover, the retention and employment of Crowell would allow the Debtor's estates to avoid incurring the unnecessary cost of having another firm essentially repeat work previously done by Crowell.  Accordingly, the employment and retention of Crowell is in the best interests of the Debtors' estates and should be approved.

<u>**Compensation**</u>

14.     Crowell has been representing the Debtors on a contingent fee basis, consisting of a 20% recovery fee on any amounts recovered.  The Trustee proposes that compensation be payable to Crowell in the same manner, subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, plus reimbursement of actual, necessary expenses and other charges incurred by Crowell.

15.     It is Crowell's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges (including color copies), charges for mailing supplies (including, without limitation, envelopes and labels) provided to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  Crowell will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to other clients.

16.     The Trustee understands that Crowell intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the January 12, 2026.

<u>**Disinterestedness and Disclosure of Connections**</u>

17.     To the best of the Trustee's knowledge, information, and belief, other than as set forth in the Arbabi Declaration, Crowell:  (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware and (ii) does not hold any interest adverse to the Debtors' estates with respect to the matters for which it is to be retained by the Trustee.

18.     Crowell will review its files periodically during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise in such review, Crowell will use reasonable efforts to

identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

## Notice

19.     The Trustee will provide notice of this Application to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee respectfully submits that no further notice is required.

## No Prior Request

20.     No prior request for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, the Trustee requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  February 2, 2026

*/s/ Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Former BL Stores, Inc., et al.