**Exhibit C**

**Engagement Letter**



Deborah E. Arbabi
DArbabi@crowell.com
(949) 798-1318 direct

Crowell & Moring LLP
3 Park Plaza
20th Floor
Irvine, CA 92614
+1.949.263.8400 main
+1.949.263.8414 fax

January 22, 2026

**VIA ELECTRONIC MAIL**

Alfred T. Giuliano
Chapter 7 Trustee of Former BL Stores, Inc., et al.
Giuliano, Miller & Co., LLC
2301 E. Evesham Road
Pavilion 800, Suite 210
Voorhees, NJ 08043
(856) 767-3000 ext 111
atgiuliano@giulianomiller.com

Re:     *Class Action Settlement Claims Recovery*

Dear Mr. Giuliano:

      This letter will serve to memorialize our agreement concerning the representation of you, Alfred T. Giuliano, who, as the appointed chapter 7 trustee (the "Trustee") for the estates of Former BL Stores, Inc. (fka Big Lots, Inc.) (collectively, the "Debtors"),[1] is the successor in interest to the recovery claims belonging to the Debtors, by Crowell & Moring LLP ("Crowell") in submitting and defending claims in class action settlement recovery matters, or other types of claims recovery matters (the "Action" or "Actions") on behalf of the Debtors' bankruptcy estates. We are pleased to represent you in pursuing these claims on your behalf. Each Action will be mutually agreed upon by you and Crowell. The terms of this letter will govern all Actions that Crowell pursues for you, unless we agree otherwise in writing. Crowell acknowledges that this letter agreement is only effective upon approval by the Bankruptcy Court.

      Daniel Sasse and I will be principally responsible for the day-to-day representation. During the course of the representation, you should feel comfortable to call either of us at any time. Other Crowell lawyers, law clerks, or legal assistants may also work on this matter from time to time under our supervision as the need arises.

---

[1] The Debtors' chapter 7 bankruptcy cases are pending before the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and are jointly administered and captioned as In re Former BL Stores, Inc., Case No. 24-11967 (JKS) (Bankr. D. Del.) (the "Bankruptcy Cases").

crowell.com

**◌ Crowell**

Alfred T. Big Lots
January 22, 2026

<u>You will incur no hourly charges for Crowell's legal services in connection with the Actions</u>. Instead, you agree to pay Crowell, as a fee for our legal services, a portion of any amount that is recovered by you in connection with the Actions (the "Contingent Fee"). The Contingent Fee shall be determined as follows: you agree to pay Crowell an amount equal to twenty percent (20%) of any amount that is recovered by you. Crowell acknowledges that payment of the Contingent Fee is contingent upon approval of one or more fee applications filed with the Bankruptcy Court in the Bankruptcy Cases.

The Contingent Fee described above includes all disbursements and other costs incurred in connection with the Actions. <u>You shall have no obligation to reimburse Crowell for disbursements and other costs (non-attorney fee expenses)</u>. However, if Crowell provides any services to you that are not covered by this agreement which would require a further agreement between you and Crowell, you agree to pay for those services pursuant to our standard hourly rates then in effect and for any associated expenses. Crowell and you, Alfred T. Giuliano, acknowledge that the fees and costs in this agreement are not set by law and are negotiable between you and Crowell.

Crowell's client for purposes of this engagement is you, Alfred T. Giuliano, only in your capacity as the Trustee. Crowell is not undertaking the representation of any person or entity related to or affiliated with you (hereinafter collectively referred to as "Related Entities"). Crowell will not be precluded by reason of undertaking this or any future engagement of you from representing existing or future clients in legal matters relating to or adverse to any Related Entities. Crowell acknowledges that the Trustee may sell and assign to one or more purchasers (each, a "Purchaser") the rights to one or more of the Actions as assets of the Debtors' chapter 7 bankruptcy estates; provided, however, that Crowell reserves all of its rights to decline future representation of a Purchaser with respect to any Action, and a Purchaser will need to enter into a separate engagement agreement with Crowell with respect to any Action if those parties agree to such representation in any Action.

As you know, in addition to the services that Crowell agrees to provide you under this agreement, Crowell also represents a large number of diverse clients, which may include clients involved in activities affecting you. We ask that you agree that the representation of you by Crowell in any matters will not be grounds for asserting a conflict of interest in any work that the firm may do for other clients (including your competitors) that is unrelated to Crowell's representation of you. Specifically, you agree that Crowell may represent other clients in matters that do not involve any confidential information that has been obtained by Crowell in the course of any representation of you even though our representation of the other client or clients may be adversarial to you in business transactions, litigation, or judicial or administrative proceedings. Accordingly, you waive any conflict of interest in any such matter, and will not assert any conflict of interest as a ground for disqualifying Crowell from representing other clients in any such matter.

You understand and agree that Crowell may simultaneously represent other claimants in making claims against the class action settlement funds in the Actions (all such claimants, including you, being referred to hereinafter as the "Group"). You waive any conflict of interest based on Crowell's representation of other claimants in the Group and agrees not to assert Crowell's representation of you in the Actions as a ground for disqualifying Crowell from representing other Group members. You also understand that because any settlement fund is a fixed amount, the amount paid to each claimant will correspondingly decline as more claims are filed. You agree to waive any actual or potential conflict based upon the grounds that Crowell's submission and pursuit of claims for other claimants is against your

2



Alfred T. Big Lots
January 22, 2026

interests. Please note that Crowell does not anticipate that this representation will involve any direct adversity with other claimants in the putative classes, but if such adversity develops Crowell's representation would be subject to additional conflict checks at that time.

Furthermore, although your interests and those of Crowell's other clients in the Group currently appear to coincide, and we believe we can effectively and diligently represent all members of the Group, the possibility always exists that the interests of multiple parties in a matter may diverge. For example, you or another member of the Group may decide to pursue different and inconsistent courses of action if circumstances change or for some other reason. If such a conflict develops in any Action, we will inform you promptly; if your interests become irreconcilable with the Group, you agree that Crowell may withdraw from representing one or more of its clients, possibly including you. In such an event, Crowell would assist you in obtaining substitute counsel, if necessary, and Crowell would waive any claim to the Contingent Fee outlined above. Likewise, you may withdraw from this Agreement at any time, provided that if it subsequently obtains a recovery in any Action that Crowell was pursuing for you, you shall, upon receipt of such recovery, promptly notify Crowell of such recovery and shall remit to Crowell a portion of such recovery that takes into account, among other things, the stage at which you withdrew from the Agreement, and the value of the time expended and risk undertaken by Crowell prior to the withdrawal. If we are required to withdraw from representing you in any Action, you agree that we may continue to represent other members of the Group in the Action. This letter will confirm your understanding and agreement that, in the event we withdraw as counsel for you, you hereby waive any rights you might otherwise have to require Crowell to withdraw as counsel for other members of the Group.

Finally, we will retain files from this matter for seven years after its completion. All documents other than those with intrinsic value (such as a deed or a contract) may be destroyed at that time, unless we have received instructions from you asking for their return.

We appreciate the opportunity to partner with you in these matters. If these terms and conditions are acceptable, please sign and PDF a copy of this letter to me within ten business days. If we do not receive the countersigned letter or any objections to it within ten days, and with your knowledge we begin to work for you, we will treat the terms of this letter as having been accepted by you.

Sincerely,

Deborah E. Arbabi
Crowell & Moring LLP

AGREED:

By: _____    Date: 1/25/26
Alfred T. Giuliano, solely in his capacity as
Chapter 7 Trustee for the estates of Former
BL Stores, Inc., et al.

3