**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. \_\_\_\_\_** |

**ORDER AUTHORIZING THE DESTRUCTION, ABANDONMENT, OR OTHER**
**DISPOSAL OF CERTAIN RECORDS AND DOCUMENTS**
**(VISTA PACKAGING AND LOGISTICS)**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), seeking entry of an order (this "Order"), pursuant to 11 U.S.C. §§ 105(a) and 554 and Fed. R. Bankr. P. 6007, authorizing, but not directing, the Trustee's abandonment, disposal, and/or destruction of certain non-essential books, records, information, and other papers of the Debtors (collectively, the "Documents") held by Vista Packaging and Logistics ("Vista"), as further detailed in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Trustee is hereby authorized, but not directed, in his sole and absolute discretion, to abandon and discard or destroy the Documents, pursuant to 11 U.S.C. §§ 105(a) and 554 and Fed. R. Bankr. P. 6007; *provided*, *however*, that the Trustee shall destroy (or cause to be destroyed) any of the Documents that contain personally identifiable information as that term is defined in 11 U.S.C. § 101(41A).

3. The Trustee is hereby authorized, but not directed, to pay any outstanding costs for the storage and/or destruction of the Documents.

4. Notwithstanding anything to the contrary in the Motion or this Order, with respect to any Documents that may be relevant to any claims that may be covered by any insurance policies issued by Starr Insurance ("Starr") to, or that provide coverage to, any of the Debtors (or their predecessors) at any time and all agreements, documents or instruments relating thereto (collectively, the "Starr Contracts"), the Trustee shall provide to the Starr: (i) an inventory of all such Documents within five (5) calendar days after entry of this Order, (ii) the appropriate

contact at the facility or facilities where such Documents are held, if know, and whatever authorization the facility or facilities require to allow the [Starr] or their designee to take possession of all or any portion of such Documents at their current location, and (iii) no less than thirty (30) calendar days after entry of this Order (the "Inspection Period") for the Starr or their designee to take possession of such Documents prior to commencing the abandonment, disposal and/or destruction thereof; provided, however, that as of the expiration of the Inspection Period the Debtors' estates shall not incur any further costs or fees associated with storing the Documents and the Trustee may abandon, dispose of and/or destroy the Documents in accordance with this Order without any further notice; provided, further, that, the Inspection Period shall be extended upon Starr's written request therefor to the Trustee at least three (3) business days before the end of such Inspection Period and at Starr's sole cost and expense.

5. The requirements of Rule 6007(a) of the Federal Rules of Bankruptcy Procedure that the Motion be served upon "all creditors" is hereby waived, and service upon the parties described in the Motion is found to be sufficient for the purposes of the relief requested in the Motion.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

8. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.