**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 3430** |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION**
**OF CROWELL & MORING LLP AS SPECIAL COUNSEL TO THE**
**CHAPTER 7 TRUSTEE UNDER 11 U.S.C. § 327(E)**
**EFFECTIVE AS JANUARY 12, 2026**

Upon the application (the "Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), for entry of an order pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"): (a) authorizing the Trustee to employ Crowell & Moring LLP ("Crowell") as special counsel to the Trustee effective as of January 12, 2026, and (b) granting related relief, all as more fully set forth in the Application; and upon the Arbabi Declaration; and the Court being satisfied, based on the representations made in the Application and the Arbabi Declaration that Crowell does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, that Crowell is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and that the employment of

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Crowell is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Trustee is authorized to retain and employ Crowell as special counsel, effective as of the January 12, 2026, pursuant to the terms set forth in the Application.

3. Crowell shall be compensated for legal services rendered to the Trustee and reasonable expenses incurred in connection therewith in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of the Court.

4. Crowell shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases in compliance with sections

330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5. The Trustee is authorized, but not directed, to employ Crowell as special counsel for any Additional Matters in accordance with the provisions of this Order. If Crowell and the Trustee agree to expand the scope of the representation to cover any Additional Matters, the Trustee shall file a notice with the Court regarding the same, with a 10-day objection period. If no objections are received, or if all objections are resolved, the expansion of the scope of the representation shall be deemed authorized.

6. The Trustee is authorized to take all actions necessary or appropriate to carry out the provisions of this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: March 2nd, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

4911-4568-1554.1 31275.00001