# Exhibit A

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

### STIPULATION GRANTING JENNIFER BELL LIMITED RELIEF FROM THE AUTOMATIC STAY TO PURSUE LITIGATION

Alfred T. Guliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors") and Jennifer Bell (the "Creditor," and, together with the Trustee, the "Parties") hereby enter into the following stipulation (the "Stipulation") granting relief from the automatic stay provisions of the Bankruptcy Code for the limited purpose and solely to the extent necessary to allow (but not require) the Creditor to proceed to litigate the Civil Action (as defined below), but Creditor's recovery against the Debtors' estates shall be, solely from the Debtors' applicable insurance policy, if any.

---

[1] The debtors and debtors in possession in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The former address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

## RECITALS

WHEREAS, the Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409;

WHEREAS, the statutory basis for the relief requested herein is 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001(d);

WHEREAS, on September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on November 10, 2025, the above-captioned chapter 11 cases was converted to a cases under chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the duly authorized representative of the Debtors' bankruptcy estates;

WHEREAS, on September 9, 2025, Creditor filed a complaint against Big Lots Stores, LLC and Big Lots Management, LLC in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois (Case No. 2025LA001130) alleging causes of action for premises liability and negligence against the Debtors relating to injuries she allegedly sustained on or about December 21, 2024 (the "Civil Action");

WHEREAS, the Creditor requests that the automatic stay provisions of the Bankruptcy Code be lifted for the limited purposes and solely to the extent necessary to allow (but not require) the Creditor to proceed with and/or refile the Civil Action, so that the Creditor may prosecute the Civil Action to settlement or final judgment. Enforcement of any such settlement or judgment against the Debtors shall be solely against the Debtors' applicable insurance policies, if any;

WHEREAS, the Debtors have represented to Creditor that its general liability insurance policy is subject to a $1 million self-insured retention (the "SIR") and does not guarantee that any coverage is available for the Civil Action;

WHEREAS, Creditor agrees that the Debtors' estates and the Trustee will have no liability to Creditor to the extent the Debtors' insurer declines to provide coverage because the Debtors have not satisfied the SIR, because the Debtors do not defend the Civil Action, or for any other basis set forth in the applicable policy;

WHEREAS, the Parties have agreed, subject to approval of the Court of this Stipulation, to permit relief from the automatic stay for the reasons set forth herein and subject to the terms and conditions set forth below.

**NOW, THEREFORE**, upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed, by and among the Parties, that:

1. This Stipulation shall have no force or effect unless and until approved by the Court (the date of such approval, the "Effective Date").

2. Upon the signing of the Order approving this Stipulation, the automatic stay provisions of the Bankruptcy Court shall be lifted for the limited purpose and solely to the extent necessary to allow (but not require) Creditor to proceed in the Civil Action so that Creditor may prosecute the Civil Action to settlement or final judgment. Enforcement of any such settlement or judgment against the Debtors will be solely against the Debtors' applicable insurance policy, from non-debtor defendants, non-debtor sources, indemnification obligations of nondebtors, insurance carriers, and the proceeds of applicable insurance policies only, and not from the Debtors or their estates; *provided*, that, except as otherwise set forth herein, all other provisions of the automatic stay provisions of the Bankruptcy Code, including, without limitation, those provisions prohibiting

the commencement or continuation of any judicial proceeding against the Debtors that was or could have been commenced prior to the Petition Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Petition Date from the respective estates and/or assets or property of any of the Debtors, shall remain in full force and effect.

3. The Trustee, on behalf of the Debtors' estates, shall have no obligation to participate in any Civil Action, including, but not limited to, responding to discovery or subpoenas that may be issued as a result of the Civil Action, and shall not be required to expend any fees or costs associated with the Civil Action, including, not limited to, any discovery costs.

4. To the extent necessary, the automatic stay is further modified to allow any applicable insurer, to (a) administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Court any judgment, settlement, claim, award, or any other right of payment resulting from or in connection with the Civil Action (and any costs related thereto), subject to and in accordance with the terms of any applicable insurance policies, any related agreements, or any claim services agreements and (b) draw on any and all collateral such insurer is holding, pursuant to the terms and conditions of any applicable insurance policy and all related documents, agreements, and instruments related thereto and applicable non-bankruptcy law.

5. In consideration of the foregoing modification of the automatic stay, while Creditor may prosecute the Civil Action to settlement or final judgment against the defendants, its recovery is limited based on the terms and conditions set forth herein, as of the Effective Date, and Creditor hereby waives any claims against the Debtors' estates, whether such claims were filed as a proof of claim or scheduled by the Debtors, and Creditor waives the right to any distribution from the Debtors' estates.

6. Nothing contained in this Stipulation is intended to be or shall be construed as (i) a waiver by the Trustee of any claims or causes of action that may exist against any creditor or interest holder, (ii) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code, or (iii) a waiver by the Trustee of his right to object to any and all proofs of claim relating to any action that have been or may be filed by the Creditor in the chapter 7 cases of the Debtors. The limited relief set forth in this Stipulation shall not be construed as an admission of liability by the Trustee, the Debtors or their estates, or their affiliates regarding any claim or cause of action arising from or in relation to the Civil Action or any other matter.

7. For the avoidance of doubt, nothing in this Stipulation or Order approving same shall: (a) alter, amend, or otherwise modify the terms and conditions of any insurance policies, issued to the Debtors or of any related agreements; (b) terminate, expand, or contract any coverage that may be available under any insurance policy; (c) alters, amends, or otherwise modifies the Debtors' obligations to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (d) alters, amends, or otherwise modifies any of the Debtors' other obligations under the insurance policies and related agreements; (e) creates or permits a direct right of action by Creditor against any of the Debtors' insurers; (f) preclude or limit, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under any insurance policy or to assert any defenses to coverage under any allegedly applicable insurance policy or to otherwise assert any defenses to coverage any insurance policy, as applicable; or (g) constitutes a determination or admission that coverage exists with respect to Creditor's claims in the Civil Action.

Case 24-11967-JKS    Doc 3443-1    Filed 03/02/26    Page 7 of 9

8. In the event that the terms of this Stipulation are not approved by the Bankruptcy Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including statements in the Recitals) shall be of no evidentiary value whatsoever in any proceedings.

9. Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the terms and provisions of this Stipulation immediately shall be effective and enforceable upon the Effective Date and shall thereafter be binding upon the Parties hereto and their respective affiliates and successors, their successors in interest, and assigns, including, without limitation, any trustee in bankruptcy.

10. This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party. The Parties each declare that their respective decisions in executing this Stipulation are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein.

12. This Stipulation may be executed in one or more counterparts and by electronic copy, each of which will be considered effective as an original signature.

13. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court.

4913-9006-7600.1 31275.00001                                6

14. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

15. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned counsel, the Parties have executed and delivered this Stipulation as of the day first set forth below.

Dated: February 27, 2026

| JOYCE LLC | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| */s/ Michael J. Joyce* | */s/ Peter J. Keane* |
| Michael J. Joyce (DE Bar No. 4563) | Peter J. Keane (DE Bar No. 5503) |
| 1225 King Street | 919 North Market Street, 17th Floor |
| Suite 800 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 652-4100 |
| (302)-388-1944 | pkeane@pszjlaw.com |
| mjoyce@mjlawoffices.com | |
| | *Counsel to Alfred T. Giuliano, Chapter 7 Trustee* |
| *Counsel to the Creditor* | |