# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

Hearing Date: April 1, 2026 at 11:00 a.m. (ET)
Objection Deadline: March 19, 2026 at 4:00 p.m. (ET)

### APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO EMPLOY AND RETAIN ERNST & YOUNG LLP AS TAX SERVICES PROVIDER, EFFECTIVE AS OF FEBRUARY 10, 2026

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) authorizing the Trustee to employ and retain Ernst & Young LLP ("EY LLP") as tax services provider for work related to the Affordable Care Act ("ACA"), effective as of February 10, 2026; and (b) granting related relief. In support of the Application, the Trustee relies upon and

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

incorporates by reference the declaration of Lori Maite (the "Maite Declaration"), attached hereto as **Exhibit B**.

## Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

4. On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On November 10, 2025 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 3320].

### EY LLP's Qualifications

6. EY LLP has significant qualifications and experience as an outside tax services provider. The firm's related experience is widely recognized, and it regularly provides such services to large and complex business entities. Significantly, EY LLP has extensive experience in delivering such services to debtors who have filed chapter 11 cases. *See, e.g.*, *In re Express, Inc. et al.*, No. 24-10831 (KBO) (Bankr. D. Del. June 4, 2024); *In re Clovis Oncology Inc., et al.*, No. 2211292 (JKS) (Bankr. D. Del. Mar. 24, 2023); *In re FTX Trading Ltd., et al.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 17, 2023); *In re Celsius Network LLC, et al.*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Dec. 20, 2022); *In re Carestream Health, Inc., et al.*, No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022); *In re Riverbed Tech., Inc.,* No. 21-11503 (CTG) (Bankr. D. Del. Jan. 3, 2022); *In re EHT US1, Inc., et al.*, No. 21-10036 (CSS) (Bankr. D. Del. May 11, 2021); *In re MatlinPatterson Glob. Opportunities Partners II L.P. et al.*, No. 21-11255 (DSJ) (Bankr. S.D.N.Y. Aug. 24, 2021); and *In re Alpha Entm't LLC*, No. 20-10940 (LSS) (Bankr. D. Del. July 12, 2020).

7. EY LLP's professionals have already provided certain services to the Debtors. EY LLP was also an ordinary course professional for the Debtors under the approved procedures during the chapter 11 cases. EY LLP filed its OCP declaration on February 27, 2025, which disclosed the services EY LLP was providing to the Debtors during the chapter 11 cases as well as the results of EY LLP's connections check. *See* Docket No. 2114. Accordingly, EY LLP is both well-qualified and uniquely able to provide tax services to the Trustee in these chapter 7 cases

in an efficient and timely manner.  The Trustee believes that EY LLP's employment is in the best interests of the Debtors, their estates, and their creditors.

8.  A copy of the engagement letters between the Trustee and EY LLP (the "Engagement Letters") is attached to this Application as **Exhibit C**.

### Services to be Provided

9.  EY LLP has agreed to provide the following services (the "Services"), as necessary, to the Trustee:

> Affordable Care Act (ACA) work will include:
> - IRS reporting Services: Assist Client in complying with the annual informational tax reporting requirements under IRC §§ 6055 and 6056.
> - IRS reporting fulfillment (Forms 1095-C) Services: Assist Client with electronic or hard copy print and distribution of IRS Forms 1095-C.

10.  Certain ACA filings are due in March 2026, so EY LLP needs to be retained as soon as possible to meet these deadlines.

### Compensation

11.  Before the Conversion Date, the Debtors paid in full the remaining amounts owed to EY LLP to complete its ACA services for the Trustee.  The Trustee is not expected to incur additional costs for retaining EY LLP.

### Certain Provisions of the Engagement Letters

12.  EY LLP's provision of Services to the Trustee is contingent upon the Court's approval of each term and condition set forth in the Engagement Letters.  Included among the terms and conditions set forth in the Engagement Letters are dispute resolution provisions substantially similar to the following:

> Any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Agreement or the services provided hereunder (including any such matter involving any parent, subsidiary, affiliate, successor in interest or agent of Client or its subsidiaries or of EY) shall be brought in the Bankruptcy

Court or the applicable district court (if such district court withdraws the reference) and the parties to this Agreement, and any and all successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have jurisdiction and venue of such claims or controversies) for the resolution of such claims, causes of action or lawsuits. The parties to this Agreement, and any and all successors and assigns thereof, hereby waive trial by jury, such waiver being informed and freely made. If the Bankruptcy Court, or the district court upon withdrawal of the reference, does not have or retain jurisdiction over the foregoing claims or controversies, the parties to this Agreement and any and all successors and assigns thereof, agree to submit first to nonbinding mediation; and, if mediation is not successful, then to binding arbitration, in accordance with the dispute resolution procedures as set forth in Appendix 1 to this Agreement. Judgment on any arbitration award may be entered in any court having proper jurisdiction. The foregoing is binding upon Client, EY and any all successors and assigns thereof.

13. The Engagement Letters may be terminated by EY LLP or the Trustee in accordance with their terms. Notwithstanding such termination, however, the Debtors' estates will remain obligated to pay all accrued fees and expenses as of the effective date of such termination.

## EY LLP's Disinterestedness

14. To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Maite Declaration, EY LLP: (a) does not hold or represent an interest adverse to the Debtors or their estates; and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code. To the extent that EY LLP discovers any new relevant facts or relationships bearing on the matters described herein during the period of its retention, EY LLP will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Basis for Relief

A. **The Bankruptcy Code Permits the Employment and Retention of EY LLP on the Terms of the Engagement Letters.**

15. Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are

disinterested persons." 11 U.S.C. § 327(a). For the reasons discussed above and in the Maite Declaration, EY LLP satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code.

16. Additionally, section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . ." 11 U.S.C. § 328(a). Accordingly, section 328 permits the compensation of professionals, including tax services providers, on more flexible terms that reflect the nature of their services and market conditions.

17. The Trustee respectfully submits that the terms and conditions of the Engagement Letters are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code given the numerous issues that EY LLP may be required to address in the performance of the Services and the market prices for EY LLP's services for engagements of this nature.

18. As set forth above, given that the Debtors have prefunded amounts for EY LLP to complete all of its Services pursuant to its engagement by the Trustee, the Trustee requests that EY LLP not be required to file any fee application for its Services, unless its work exceeds the prefunded amount.

**B.    The Indemnification Provision in the Engagement Letters Is Appropriate.**

19. The Trustee and EY LLP believe that the indemnification provision in the Engagement Letters, as modified by the Order, is customary and reasonable for tax engagements both out-of-court and in other bankruptcy cases. *See United Artists Theatre Co. v. Walton (In re*

*United Artists Theatre Co.*), 315 F.3d 217, 234 (3d Cir. 2003) (finding indemnification agreement between debtor and financial adviser reasonable under section 328 of the Bankruptcy Code). Accordingly, the Trustee respectfully submits that the terms of the indemnification provision are reasonable and customary and should be approved.

    **C.**    **The Retention of EY LLP Is Critical.**

20. Denial of the relief requested herein will deprive the Trustee of the assistance of a skilled tax services provider in these chapter 7 cases for a particular scope of work related to the ACA. Moreover, since EY LLP has already provided services to the Debtors before the Conversion Date, a denial of EY LLP's employment would result in an unjust disadvantage to the Trustee, the Debtors' estates, and all parties in interest because of EY LLP's understanding of the Debtors' prior business. Indeed, if the Trustee was forced to engage a new tax services provider with respect to the Services who lacks a thorough understanding of the Debtors' prior business, such change would mandate the commitment of significant and costly resources to educate a replacement.

21. In addition, the Trustee submits that the employment and retention of EY LLP is warranted by the circumstances of these chapter 7 cases. The Third Circuit has ruled that a bankruptcy court may grant an application of employment and retention effective retroactively where the services performed by the applicant "were necessary under the circumstances." *In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986). Factors such as "whether the applicant was under time pressure to begin service" and absence of prejudice favor the granting of such an application. *Id.* The Trustee respectfully submits that EY LLP's Services "were necessary under the circumstances" since they have been critical to the Trustee's efforts to administer the estates. Further, the Trustee believes that no party in interest can be prejudiced by the employment and

retention of EY LLP because EY LLP's Services have benefited, and will continue to benefit, the Debtors' estates as a whole.

22. Based on the foregoing, the Trustee submits that he has satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry of an order authorizing the Trustee to retain and employ EY LLP in these chapter 7 cases on the terms described in the Engagement Letters.

## Notice

23. The Trustee will provide notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

## No Prior Request

24. No prior request for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, the Trustee requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  March 5, 2026	*/s/ Alfred T. Giuliano*
	Alfred T. Giuliano
	Chapter 7 Trustee for the Estates of
	Former BL Stores, Inc., et al.