**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 3447** |

**ORDER AUTHORIZING ALFRED T. GIULIANO, CHAPTER 7**
**TRUSTEE, TO EMPLOY AND RETAIN ERNST & YOUNG LLP AS TAX SERVICES**
**PROVIDER, EFFECTIVE AS OF FEBRUARY 10, 2026**

Upon the application (the "Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the

"Trustee") of the estates of the above-captioned debtors (the "Debtors"), for entry of an order

pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"):

(a) authorizing the Trustee to employ and retain Ernst & Young LLP ("EY LLP") as tax services

provider for work related to the Affordable Care Act ("ACA"), effective as of February 10, 2026,

and (b) granting related relief, all as more fully set forth in the Application; and upon the Maite

Declaration; and the Court being satisfied, based on the representations made in the Application

and the Maite Declaration that EY LLP does not represent or hold any interest adverse to the

Debtors or the Debtors' estates, that EY LLP is disinterested as that term is defined under section

101(14) of the Bankruptcy Code, and that the employment of EY LLP is necessary and in the best

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4898-4936-2058.4 31275.00001

interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted as set forth in this Order.

2.      The Trustee is authorized to employ and retain EY LLP in accordance with the terms and conditions set forth in the Engagement Letters, effective as of February 10, 2026.

3.      EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

4.      The terms of the Engagement Letters, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved.

5.      EY LLP is entitled to keep the fees that it received from the Debtors during the chapter 11 cases in satisfaction of the Services being provided to the Trustee in the Engagement Letters.

6.      EY LLP shall be excused from submitting time records and filing a fee application for allowance of its compensation and reimbursement of its expenses with this Court with respect to services rendered in these chapter 7 cases.

7.      Notwithstanding anything to the contrary in the Engagement Letters, the Indemnification Provisions are hereby modified as follows:

(a) EY LLP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) the Debtors shall have no obligation to indemnify EY LLP, or provide contribution or reimbursement to EY LLP, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from EY LLP's gross negligence, willful misconduct, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtors allege breach of EY LLP's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which EY LLP should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letters, as modified by this Order; and

(c) if, before the entry of an order closing these chapter 7 cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation, the advancement of defense costs, EY LLP must file an application therefor in this Court, and the Trustee may not pay any such amounts to EY LLP before the entry of an order by this Court approving such payment.  This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by EY LLP for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Trustee's obligation to indemnify, or make contributions or reimbursements to, EY LLP.  All parties in interest shall retain the right to object to any demand by EY LLP for indemnification, contribution, and/or reimbursement.

8.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.      The Trustee and EY LLP are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11.      To the extent that the express terms of this Order are inconsistent with the Engagement Letters, the express terms of this Order shall govern.

12.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.