**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: May 19, 2026 at 10:00 a.m. (ET)**
**Objection Deadline: April 10, 2026 at 4:00 p.m. (ET)**

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
FOR ORDER AUTHORIZING THE DESTRUCTION,
ABANDONMENT, OR OTHER DISPOSAL OF CERTAIN RECORDS AND
DOCUMENTS (CERTAIN PAYROLL RECORDS LOCATED AT
<u>FORMER CORPORATE OFFICE</u>)**

Alfred T. Giuliano, chapter 7 trustee (the "<u>Trustee</u>") to the estates of the above-captioned

debtors (the "<u>Debtors</u>"), hereby moves this Court (the "<u>Motion</u>"), for entry of an order,

substantially in the form attached to this Motion as **Exhibit A**, pursuant to sections 105(a) and

554 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6007 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") authorizing, but not directing, the

Trustee's abandonment, disposal, and destruction of certain former employee payroll records that

contain personally identifiable information ("<u>PII</u>") (the "<u>Documents</u>") located at a former

corporate office of the Debtors at 4900 E Dublin Granville Rd, Westerville, Ohio 43081.  In

support of the Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 554 of the Bankruptcy Code and Bankruptcy Rule 6007.

**Background**

4.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing the Debtors' cases (the "Cases").  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On November 10, 2025 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 3320].

6.      The Documents include approximately two pallets of payroll records for former employees who received final payouts (such as PTO, final wages, commissions, etc.) following

DE:4912-7134-0443.1 31275.00001                          2

their termination of employment.  The Documents are located at a former corporate office of the

Debtors at 4900 E Dublin Granville Rd, Westerville, Ohio 43081 (the "Premises").

7.       Prior to the Conversion Date, Variety Stores, LLC ("Variety") occupied the

Premises pursuant to a lease assumption and assignment during the chapter 11 cases.  Variety is

now vacating the Premises effective March 31, 2026, and the Documents were discovered and

have been determined as not necessary for the Trustee's administration of the estates. The

Trustee needs to dispose of the Documents located on site.[2]  Accordingly, the Trustee files this

Motion to abandon and destroy the Documents to avoid any further storage costs and any

potential unnecessary administrative expenses of the estates.

## Relief Requested

8.       By this Motion, the Trustee seeks an order authorizing him, in exercise of his

business judgment and in his sole and absolute discretion, to abandon and, as appropriate,

discard or destroy the Documents, which are not necessary to the discharge of the Trustee's

duties or to the continued administration of these estates.  The continued maintenance of the

Documents constitutes a burden to the estates.

## Basis for Relief

9.       Section 554 of the Bankruptcy Code provides, in relevant part, that "[a]fter notice

and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate

or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  In addition,

section 363(b)(1) provides, in pertinent part:

> The trustee, after notice and a hearing, the trustee may use,  sell, or
> lease, other than in the ordinary course of business,  property of the
> estate.

11 U.S.C. § 363(b)(1).

_____

[2] Pending the Court's ruling on this Motion, the Documents are being held by Royal Document Destruction.

10.     Moreover, the abandonment, destruction or other disposal of the Documents is also governed by Bankruptcy Rule 6007, which reads, in pertinent part, as follows:

> **Notice of Proposed Abandonment or Disposition; Objections; Hearing.**  Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code.  A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court.  If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to the other entities as the court may direct.

Fed.R. Bankr. P. 6007.

11.     Courts have held that "[t]he trustee's power to abandon property is discretionary." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted).  A trustee may abandon estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome to the estate."  *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985); *see In re Contract Research Solutions, Inc.*, 2013 Bankr. LEXIS 1784, at *11-12 (Bankr. D. Del. May 1, 2013) (granting request to abandon personal property at leased location that, according to the debtors, was of negligible commercial value, storing it created a burden on the estate, and abandonment would pose no threat to public safety and would not contravene any law or regulation).  The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis.  *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

12.     "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion."  *Id.*  "The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the

estate." *Id.* "The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority." *Id.*

13.     All of the conditions to abandonment are satisfied here for both the Documents. The Trustee does not anticipate any prejudice to any party in interest if the Documents are discarded or destroyed.  The Documents are not necessary to administer the Debtors' estates. The Trustee will cause to be destroyed any of the Documents that contain personally identifiable information as that term is defined in 11 U.S.C. § 101(41A).

14.     The Trustee has determined that abandoning and destroying the Documents at this time makes the most economic sense and saves the estates from having to incur the continued unnecessary costs.

### Waiver of Bankruptcy Rule 6007

15.     Among other things, Bankruptcy Rule 6007(a) requires that the Trustee serve a copy of this Motion, "[u]nless otherwise directed by the court" on "all creditors."  Fed. R. Bank. Pro. 6007(a).  The Debtors' creditor matrix collectively contains thousands of parties. Accordingly, serving the Motion upon all such parties would be unnecessarily burdensome and costly.  The Trustee will serve a copy of this Motion and related documents on the parties in interest set forth below and, therefore, requests, to the extent required, a limited waiver of the service requirement set forth in Rule 6007.  The Trustee submits that the requested waiver is appropriate and will properly and timely effectuate notice to the real parties in interest.  In any event, the Trustee will not be abandoning any of the Documents that are necessary for the remaining administration of the Debtors' estates, and, thus, abandonment will not prejudice creditors and parties in interest.

**Notice**

16.     Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that this Court (a) enter the proposed order attached to this Motion as **Exhibit A**, authorizing, but not directing, the Trustee to abandon and discard or destroy the Documents in his sole and absolute discretion, and (b) grant such other and further relief as this Court deems just and proper.

Dated:  March 27, 2026                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:     bsandler@pszjlaw.com
               pkeane@pszjlaw.com
               ecorma@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*