**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: May 19, 2026 at 10:00 a.m. (ET)**
**Objection Deadline: April 10, 2026 at 4:00 p.m. (ET)**

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7**
**TRUSTEE, TO EMPLOY AND RETAIN ROBBINS GELLER RUDMAN & DOWD LLP**
**AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) FOR OHIO LITIGATION,**
**EFFECTIVE AS OF JANUARY 12, 2026**

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) authorizing the Trustee to employ and retain Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") as special counsel to the Trustee for the matter captioned *Corpus Christi Firefighters' Retirement System v. Macellum Capital Management, LP, et al.*, No. 21CV-2695

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4926-8441-4088.2 31275.00001

(Ohio Ct. Com. Pl., Franklin Cnty.)  (the "Ohio Litigation"), effective as of January 12, 2026; and (b) granting related relief.  In support of the Application, the Trustee relies upon and incorporates by reference the declaration of Randall Baron (the "Baron Declaration"), attached hereto as **Exhibit B**.

### Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

### Background

4.      On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.     On November 19, 2024, Robbins Geller filed its *Declaration of Disinterestedness in Support of Employment as a Professional Utilized in the Ordinary Course of Business* [Bankr. Docket No. 1179] (the "Ordinary Course Professional Declaration"), indicating that the Debtors requested that Robbins Geller provide legal representation in connection with the Ohio Litigation, and Robbins Geller had consented to provide those services.  There were no objections in response to the Ordinary Course Professional Declaration and accordingly, the ordinary course retention of Robbins Geller by the Debtors was deemed approved and effective. The economic terms of the engagement letter governing Robbins Geller's retention as an ordinary course professional to the Debtors are identical to the terms of the Trustee's Engagement Letter (defined below) with Robbins Geller.

6.     On November 10, 2025 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 3320].

7.     The Trustee has determined to retain Robbins Geller as special counsel on behalf of the Debtors' estates in the Ohio Litigation.

### Basis for Relief

8.     Section 327(e) of the Bankruptcy Code authorizes a trustee to retain, "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

9.     Robbins Geller's retention as special counsel falls within the scope of section 327(e) of the Bankruptcy Code.  When analyzing the retention of special counsel under section

327(e), "the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest, and the role of general counsel." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005) (citing *In re First Am. Health Care of Georgia, Inc.*, 1996 WL 33404562, at *3 (Bankr. S.D. Ga. Apr. 18, 1996)). In general, subject to the requirements of section 327 of the Bankruptcy Code, trustees are entitled to the counsel of their choosing. *See, e.g.*, *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

10.     Here, the Trustee's retention of Robbins Geller is in the best interests of the Debtors' estates and satisfies the standards for retention under section 327(e) of the Bankruptcy Code. Robbins Geller has been representing the Debtors in connection with the Ohio Litigation, and the Trustee believes that it is in the best interests of the Debtors' estates to employ and retain Robbins Geller as special counsel to continue pursuing the Ohio Litigation on behalf of the Debtors' estates.

11.     A copy of the Trustee's engagement letter (the "Engagement Letter") with Robbins Geller is attached to this Application as **Exhibit C**.

### Qualifications and Scope of Services

12.     Robbins Geller's services will consist of pursuing the Ohio Litigation on behalf of the Debtors' estates. The Ohio Litigation involves litigation commenced in April 2021 by Corpus Christi Firefighters' Retirement System ("Corpus Christi") as plaintiff against defendants Macellum Capital Management, L.P., Ancora Holdings, Inc., and their respective affiliates and

principals alleging that those defendants violated Ohio's Anti-Manipulation Statute, Ohio Revised Code §1707.043, by amassing an 11-percent ownership stake in Big Lots, Inc. common stock and publicly criticizing Big Lots' board of directors and advocating for various changes in Big Lots' corporate policy and leadership but then quickly selling the shares after the trading price of Big Lots common stock increased following its public criticism. The complaint in the Ohio Litigation alleges that the defendants netted proceeds of over $34.6 million from the stock sale.  In December 2024, Debtor Big Lots, Inc. retained Robbins Geller to represent it along with Plaintiff Corpus Christi, in the Ohio Litigation.

13.     Robbins Geller is widely recognized as one of the world's leading complex litigation firms, specializing in securities fraud, antitrust, and shareholder rights. With a bench of approximately 200 lawyers across nine offices, the firm includes many former federal and state prosecutors, as well as judicial clerks, who provide extensive trial and appellate experience. Robbins Geller secured some of the largest recoveries in history. Robbins Geller is well qualified to represent the estates interest in the Ohio Litigation.

14.     On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 1556] approving the sale of substantially all assets to Gordon Brothers Retail Partners, LLC ("GBRP") and the related asset purchase agreement (along with the amendment(s) thereto, the "GBRP APA").  The GBRP sale was subsequently consummated on January 3, 2025. *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [Docket No. 1588].

15.     A recovery from the Ohio Litigation will benefit the Debtors' estates and be available for distribution to creditors.  The GBRP APA provides for continued ownership and control of the claim by the Debtors' estates, and pursuant to section 7.13 of the GBRP APA, the Debtors' estates retain 60% of any proceeds from the Ohio Litigation (net of any costs of pursuing such proceeds, including costs of counsel) and GRBP as the Buyer retains 40% of the proceeds.

16.     Robbins Geller has stated its desire and willingness to continue to act as special counsel and to render the necessary professional services required in connection therewith.  Moreover, the retention and employment of Robbins Geller would allow the Debtor's estates to avoid incurring the unnecessary cost of having another firm essentially repeat work previously done by Robbins Geller.  Accordingly, the employment and retention of Robbins Geller is in the best interests of the Debtors' estates and should be approved.

17.     The Trustee has also filed an application seeking to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel.  The Trustee intends that the services to be performed by Robbins Geller, and those services to be performed by PSZJ and any other parties retained by the Trustee, will not be duplicative.  However, Robbins Geller may be required, from time to time, to consult or advise PSZJ with regard to the matters on which Robbins Geller is representing the Trustee.

**Compensation**

18.     Robbins Geller has been representing the Debtors as an ordinary course professional on a contingent fee basis, consisting of a 33.33% recovery fee on any amounts recovered.  The Trustee proposes that compensation be payable to Robbins Geller in the same manner, and that the contingency fee arrangement and other terms of employment set forth in the Engagement Letter be approved pursuant to section 328(a) of the Bankruptcy Code.

**Disinterestedness and Disclosure of Connections**

19.     To the best of the Trustee's knowledge, information, and belief, other than as set forth in the Baron Declaration, Robbins Geller: (i) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware and (ii) does not hold any interest adverse to the Debtors' estates with respect to the matters for which it is to be retained by the Trustee.

20.     Robbins Geller will review its files periodically during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise in such review, Robbins Geller will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

**Notice**

21.     The Trustee will provide notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee respectfully submits that no further notice is required.

**No Prior Request**

22.     No prior request for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, the Trustee requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  March 27, 2026

*/s/ Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Former BL Stores, Inc., et al.

4926-8441-4088.2 31275.00001                               8