**<u>Exhibit C</u>**

**Engagement LEtter**



| | Chicago | Melville | Nashville | San Diego | Wilmington |
|---|---|---|---|---|---|
| | Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

**CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED**

March 4, 2026

VIA E-MAIL

Alfred T. Giuliano
Chapter 7 Trustee of Former BL Stores, Inc., *et al.*
Giuliano, Miller & Co., LLC
2301 E. Evesham Road
Pavilion 800, Suite 210
Voorhees, NJ 08043
856-767-3000 ext 111
atgiuliano@giulianomiller.com

> Re:  *Corpus Christi Firefighters' Retirement System v. Macellum Capital Management, LP, et al.*, No. 21CV-2695 (Ohio Ct. Com. Pl., Franklin Cnty.)

Dear Mr. Giuliano:

This letter will confirm that Robbins Geller Rudman & Dowd LLP ("Robbins Geller") has been retained by Alfred T. Giuliano, the appointed chapter 7 trustee (the "Trustee") for the estates of Former BL Stores, Inc. (fka Big Lots, Inc.) ("Big Lots") and related debtor affiliates (collectively, the "Debtors"),[1] in connection with the above referenced litigation alleging that Macellum Capital Management, L.P., Ancora Holdings, Inc., and their respective affiliates and principals, violated Ohio's Anti-Manipulation Statute, Ohio Revised Code §1707.043. Robbins Geller has conducted an investigation that provided a valid basis to assert the claims in the above referenced action for violations of O.R.C. §1707.043 (hereinafter referred to as the "Ohio Litigation."). Robbins Geller acknowledges that this letter agreement (the "Agreement") is only effective upon approval by the Bankruptcy Court.

The terms under which we will represent the Trustee on a contingency fee and cost basis are:

1.  The Trustee desires to have Robbins Geller represent Big Lots, through the Trustee, in the Ohio Litigation, where Robbins Geller also currently represents Plaintiff Corpus Christi Firefighters' Retirement System ("Corpus Christi"). Based on the facts currently known to Robbins Geller, we believe we may represent both Corpus Christi and Big Lots' estate in this matter. For the

---

[1]  The Debtors' chapter 7 bankruptcy cases are pending before the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and are jointly administered and captioned as *In re Former BL Stores, Inc.*, Case No. 24-11967 (JKS) (Bankr. D. Del.) (the "Bankruptcy Cases").

**Robbins Geller
Rudman & Dowd** LLP

March 4, 2026
Page 2

avoidance of doubt, the Trustee is only retaining Robbins Geller in his capacity as a chapter 7 trustee and not in any individual capacity.

2.      Such representation may be cost-efficient as it may avoid the duplication of effort and expense likely to result if each client has a separate attorney. But there are risks associated with the joint representation of clients. Our communications with each of you, and all information provided by each of you, shall not be privileged as to the others. Such communications and information may be shared by us with both the Trustee and Corpus Christi, and you each would have the right to have access to such communications and other information. Though we believe that the interests of Corpus Christi and Big Lots' estate regarding the Ohio Litigation are currently aligned, there is a risk that could change or that the entities have other interests that are not the subject of the litigation are not aligned. Accordingly, by agreeing to this arrangement, the Trustee would take the risk that Corpus Christi could potentially learn of, use, and disclose information it learns from the Ohio Litigation—including information that the Trustee provides to Robbins Geller—to the detriment of Big Lots' estate.

3.      In considering whether to consent to such joint representation, you should consider, among other factors, whether you believe our representation of you will be adversely affected by our obligation to promote the interests of Corpus Christi including when monitoring their holdings and/or prosecuting other cases. Among other things, this would necessarily mean that the scope of this engagement would be narrowly limited to representing Big Lots' estate in the Ohio Litigation and that Robbins Geller would not represent the Trustee or Corpus Christi regarding other issues where they may have adverse interests, including the identification of any such issues. And, to the extent that the Trustee and Corpus Christi disagreed on any issues involving our representation in the Ohio Litigation—whether involving strategy, settlement issues, apportionment of proceeds, or otherwise— Robbins Geller would need you to resolve those issues without the firm intervening.

4.      In the event that a conflict of interest arises between Big Lots' estate and Corpus Christi, we may be forced to withdraw as counsel to one or both of you. In such an event, you agree that notwithstanding our firm's withdrawal from the representation of Big Lots' estate, we may continue to represent Corpus Christi and may utilize in such representation all information that we have acquired, regardless of its source, in our concurrent representation of both of you. In such event, we anticipate that the Trustee would be required to obtain new counsel with the likely duplication of expense that arises from engaging new counsel and, depending upon when such a conflict would arise, the possibility that new counsel may have limited time to become well-versed in the matter.

5.      By signing below, you waive any conflict of interest that may exist or arise by virtue of our firm's representation of both Big Lots' estate and Corpus Christi in the Ohio Litigation. To the extent you have questions about your rights regarding the above or the advisability of entering into such an agreement, we recommend consulting with independent counsel of your choice.

6.      Neither the Trustee nor the estate of Big Lots or any Debtors will have responsibility for legal fees and expenses. Legal fees and expenses will be paid only out of, or in addition to, a recovery (*i.e.*, judgment or settlement). We will advance all fees and expenses necessary to prosecute the case. In the event that the case is not successful, the responsibility for these fees and expenses is

**Robbins Geller
Rudman & Dowd LLP**

March 4, 2026
Page 3

ours alone – neither the Trustee nor the estates of Big Lots or its affiliated Debtors has responsibility for any fees or expenses. The Trustee has agreed to pay Robbins Geller an amount equal to 33.33% of any recovery plus expenses and costs from the Ohio Litigation; except as stated in this sentence, the Trustee shall have no financial responsibility to Robbins Geller with respect to the Ohio Litigation or otherwise. For the purposes of this paragraph, the term "recovery" does not include any additional award for attorneys' fees, costs, or expenses. For the avoidance of doubt, legal fees and expenses will only be paid out of plaintiffs' recovery to the extent they are not recovered from defendants as part of an award of attorneys' fees, costs, and expenses in the Ohio Litigation. The Trustee agrees that the hourly rates for the attorneys listed on the attached Schedule A are reasonable for the professional legal services being rendered by Robbins Geller. Our hourly rates vary by timekeeper, depending on various factors including the experience of that individual timekeeper. We generally raise hourly rates for timekeepers in January of each year and the Trustee agrees as long as any such increases do not exceed 7%. Robbins Geller acknowledges that payment of its legal fees and expenses pursuant to this Agreement is contingent upon Bankruptcy Court approval of the Agreement and the Trustee's application to retain Robbins Geller pursuant to the Agreement.

7.      The Trustee acknowledges that Corpus Christi was acting on behalf of Big Lots and protecting its assets by initiating and pursuing the Ohio Litigation. The Trustee also acknowledges that due to Big Lots' bankruptcy, Corpus Christi's Big Lots holdings will ultimately be cancelled and that such cancellation is a substantial cost to Corpus Christi for protecting Big Lots' assets. The Trustee also acknowledges that O.R.C. §1707.043 (E)(1) states that "the party who brought the action is entitled to all costs . . . incurred in connection with the enforcement of this section." Accordingly, the Trustee agrees that, in the event that plaintiffs obtain any recovery in the Ohio Litigation, either through settlement or through payment on a judgment, Corpus Christi shall recover such costs in the amount of $150,000, regardless of whether Corpus Christi is removed from the case as a plaintiff during the course of the Ohio Litigation via legal or procedural arguments or otherwise.

8.      The Trustee agrees that we may divide fees with other attorneys for serving as local counsel, as referral fees or for other services performed. The division of attorneys' fees with other counsel may be determined upon a percentage basis or upon time spent in assisting the prosecution of an action. The division of fees with other counsel is our sole responsibility; it will not increase the fees received by us upon a successful resolution of the litigation; and it will not increase the Trustee's or Big Lots' estate's obligations under this Agreement or otherwise.

9.      The Trustee will reasonably cooperate in connection with the prosecution of the action, including discovery and deposition testimony if requested.

10.      Robbins Geller shall not enter into a settlement of the Ohio Litigation without the Trustee's express written consent, which consent will not be unreasonably withheld.

11.      The Trustee further agrees to retain and preserve documents and electronically stored information that are potentially relevant to the Ohio Litigation. Without limiting the preceding

**Robbins Geller
Rudman & Dowd LLP**

March 4, 2026
Page 4

sentence, the Trustee shall take reasonable steps to ensure that documents related to Big Lots' interactions with Ancora Holdings Inc., Macellum Capital Management, and each of their employees, partners and affiliates, including electronic records such as e-mail, have been preserved. If requested, Robbins Geller shall provide reasonable assistance in identifying and preserving relevant documents and electronic files pertaining to the Ohio Litigation.

12.     Robbins Geller acknowledges that the Trustee may sell and assign to one or more purchasers (each, a "Purchaser") the Trustee's rights to all or a portion of its 60% interest in the net proceeds of any settlement or judgment in the Ohio Litigation as assets of the Debtors' chapter 7 bankruptcy estates; provided, however, that the Trustee, on behalf of Big Lots' estate, will retain his rights of ownership and control over the claims asserted in the Ohio Litigation. Prior to effectuating any assignment contemplated by this paragraph, the Trustee agrees to meet and confer with Robbins Geller with respect to the potential impact of any such assignment to a Purchaser on the claims asserted in the Ohio Litigation.

13.     Disclosures.  Given the scope of our business and the scope of our client representations through our various offices in the United States and abroad, it is possible that some of our present or future clients will have matters adverse to Big Lots while we are representing the Trustee. The Trustee has no objection to our representation of parties with interests adverse to Big Lots and waives any actual or potential conflict of interest as long as those other engagements are not substantially related to the services rendered to Big Lots' estate in connection with this Agreement. Where ethically permissible, we agree to notify you of each such engagement as it arises. We agree, however, that your prospective consent to conflicting representations shall not apply in any instance where, as the result of our representation of the Trustee, we have obtained sensitive, proprietary, or other confidential information of a non-public nature that, if known to another client of our firm, could be used to the material disadvantage of the Trustee in a matter in which we represent, or in the future are asked to undertake representation of, that client.

14.     Similarly, new lawyers frequently join our firm. These lawyers may have represented parties adverse to Big Lots while employed by other Law Firms or organizations. The Trustee, consistent with ethical standards and subject to the foregoing limitations, has no objection to our continuing representation of the Company notwithstanding our lawyers' prior professional relationships, subject to paragraph 7 above. In the event that we learn that these lawyers have engaged in an adverse representation that was substantially related to the services rendered to Big Lots' estate in connection with this Agreement, we will promptly advise you of such actual or potential conflict and, in any event, will enact an ethical wall between those lawyers and the attorneys representing the Trustee pursuant to this retention Agreement.

15.     The Trustee has no objection to our representation of the City of Pontiac General Employees' Retirement System in the securities class action previously pending in the Southern District of Ohio under the caption *Willis v. Big Lots, Inc., et al*, Case No. 2:12-cv-00604-MHW-NMK

**Robbins Geller**
**Rudman & Dowd** LLP

March 4, 2026
Page 5

(S.D. Oh.). The *Willis* action settlement was finally approved on or around November 2018. The Trustee waives any actual or potential conflict of interest related to our previous representation of such plaintiff.

16.     Termination. Our representation of the Big Lots' estate may be terminated by the Trustee or by Robbins Geller at any time by written notice to the Trustee or by Robbins Geller. We reserve the right to withdraw from our representation if the Trustee fails to honor the terms of the engagement; if our continued representation would be unlawful or unethical; or for any other reason permitted by the applicable ethics rules. If permission to withdraw is required by a court, we shall seek that permission promptly, and termination shall coincide with the court ruling or order permitting withdrawal. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above referenced Action, and the Trustee agrees to take such steps that are reasonably practicable to free Robbins Geller of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal. In the event the Trustee or a successor trustee terminates the representation, the Trustee agrees that Robbins Geller may apply to the Court for compensation on a *quantum meruit* basis from any recovery obtained by the Trustee from any defendant in the Ohio Litigation paid, directly or indirectly, on behalf of any defendant in the Ohio Litigation.

17.     The Trustee hereby appoints his counsel, Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), to be his representative for the purpose of Robbins Geller's communications with him. The Trustee agrees that Robbins Geller will be entitled to rely, without investigation or inquiry, upon the information, directions, and decisions communicated by PSZ&J as being authorized by the Trustee, on behalf of the estate of Big Lots.

18.     Any disagreement, problem, question or dispute about the Agreement shall first be brought before the Bankruptcy Court for initial disposition. Thereafter, if the Bankruptcy Court so decides, the Agreement shall be subject to arbitration within forty-five (45) days of a written request by either the Trustee or Robbins Geller. Any dispute arising out of or relating to this Agreement or the relationship formed thereby shall be arbitrated by arbitrators Layn Phillips, Greg Lindstrom or Fouad Kurdi, pursuant to arbitration rules established by such arbitrator. The party receiving the written request for arbitration shall have the right to select one of Phillips, Lindstrom or Kurdi within ten (10) days of the date written notification of notice of arbitration is given. In the event that the party receiving the written request for arbitration fails to select Phillips, Lindstrom or Kurdi within such ten (10) day period, the other party shall have the right to then select one of Phillips, Lindstrom or Kurdi who will then serve as arbitrator. In the event that none of the aforementioned is available within forty-five (45) days of receiving written notice to arbitrate, Robbins Geller shall select one arbitrator from Judicial Arbitration and Mediation Services, Inc. ("JAMS"). The Trustee shall select one arbitrator from JAMS, and the two selected arbitrators shall select a third arbitrator from JAMS; such three arbitrators shall then arbitrate the dispute pursuant to arbitration rules established by

**Robbins Geller**
**Rudman & Dowd** LLP

March 4, 2026
Page 6

JAMS.   Any arbitration shall be conducted in San Diego, California, unless the Parties agree otherwise in writing.  Judgment upon the arbitration award may be entered in any court of competent jurisdiction.  The arbitrators shall apply the substantive law of California to any such dispute. Any decision pursuant to this paragraph shall be confidential and the determination(s) by the mediator shall be binding and non-appealable. Fees paid to the mediator shall be split equally by the Trustee and Robbins Geller.

   After executing this letter please return it to us via email to eluedeke@rgrdlaw.com.

   We look forward to the successful prosecution of these claims.

Very truly yours,

Randall J. Baron

**Robbins Geller
Rudman & Dowd** LLP

March 4, 2026
Page 7

Please sign below and return this Agreement if you would like us to pursue this matter as outlined above.

BIG LOTS INC.

By: _____    3/4/26
Alfred. T. Giuliano, solely in his    [DATE]
capacity as Chapter 7 Trustee of
of Former BL Stores, Inc., *et al.*

Corpus Christi Firefighters' Retirement System acknowledges and agrees to Robbins Geller Rudman & Dowd LLP's concurrent representation of the Trustee, on behalf of Big Lots' estate, and agrees, to the extent applicable, to the terms and conditions represented in this retention, including the terms of paragraph 7.

CORPUS CHRISTI FIREFIGHTERS'
RETIREMENT SYSTEM

By: _____    3/19/2026
[DATE]

Its: BOARD CHAIRMAN