**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 3451** |

**ORDER GRANTING MOTION OF ALFRED T. GIULIANO,
CHAPTER 7 TRUSTEE, PURSUANT TO 11 U.S.C. § 105 AND
FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING TRUSTEE'S
SETTLEMENT OF HURRICANE HELENE INSURANCE RECOVERY**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), seeking entry of an order (this "Order"), pursuant to 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 9019, authorizing, but not directing, the Trustee's entry into settlement documentation (the "Settlement") between the Trustee and certain insurers of the Debtors' property insurance policies (the "Insurers," and together with the Trustee, the "Parties"), a copy of which Settlement is attached to this Order as Exhibit 1, as further detailed in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

4924-4229-2895.1 31275.00001

*United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     The terms of the Settlement documentation attached hereto as <u>Exhibit 1</u> are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3.     The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement .

4.     Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5.      The Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **Exhibit 1**

**Settlement**

# POLICY RELEASE

FOR AND IN CONSIDERATION of the sum of $602,550.53 as a final settlement payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Alfred T. Giuliano, not individually but solely as Chapter 7 Trustee of the bankruptcy estate of Former BL Stores, Inc. (f/k/a Big Lots Inc) and its affiliated debtors jointly administered under case no. 24-11967 currently pending in the United States Bankruptcy Court for the District of Delaware ("Releasor") REMISES, RELEASES, ACQUITS AND FOREVER DISCHARGES AXA XL/XL Insurance America Inc., Chubb/ACE American Insurance Co., Zurich American Insurance Company, ALLIED WORLD ASSURANCE CO., (U.S.) INC., Allianz Global Risks US Ins. Co., Guide One Insurance Company, Starr Surplus Lines, and Lexington Insurance Company, and its parents, subsidiaries, affiliates, associates, principals, agents, servants, employees, officers, directors, lienholders, heirs, executors, administrators, representatives, and assigns, of and from any and all actions, causes of action, claims, demands, damages, including contractual and extra-contractual damages, injuries, debts, costs, statutory penalties, loss of use, loss of services, loss of business, business interruption, repair and damages or expenses of any nature, whether known or unknown, which do or may relate in any way to: the loss which is alleged to have occurred on or about August 29, 2021 at multiple locations as asserted under claim numbers XL Claim No. 0006874623, Chubb Claim No. KY21K2741222, Zurich Claim No. 5630070719, Allianz Global Corporate & Specialty Claim No. SF-USPR10810421, ALLIED WORLD ASSURANCE CO., (U.S.) INC. Claim No. 2021020804, Starr Surplus Lines Claim No. STP 21040, Guide One Insurance Claim No. AA151356, and Lexington Insurance Company Claim No. 7322395062US, which claims and any rights related thereto are expressly waived and extinguished in further consideration of the above-mentioned settlement payment.

Releasor acknowledges and assumes all risk, chance, or hazard that said damages, costs, expenses or other matters released may be or become progressive, greater, or more extensive than is now known, anticipated or expected. Releasor also understands that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms, or corporation hereby released. Further, Releasor acknowledges that no promise or inducement which is not herein expressed has been made to it, and that in executing this release it does not rely upon any statements or representations made by any person, firm, or corporation hereby released, or any of their respective principals, agent, servants, employees or representatives, concerning the nature, extent or duration of said damages, losses, or the legal liability therefore.

This RELEASE, contains the ENTIRE AGREEMENT between the parties hereto regarding the matters released, and the terms of this release are contractual and not a mere recital. This RELEASE is contingent upon the approval of the United States Bankruptcy Court for the District of Delaware ("Court"). Payment shall be made under the Release after an order

5403688 v2 - 03803 / 261

from the Court approving the Release becomes final, non-appealable, and is not subject to an appeal. If the Court does not approve this Release, then no party shall have any obligations under this Release.

IN WITNESS WHEREOF, the Parties have executed below as of the date first above written.

Alfred T. Giuliano, not individually but solely as Chapter 7 Trustee of the bankruptcy estate of Former BL Stores, Inc. and its affiliated debtors

By: _____

AXA XL/XL Insurance America Inc., Chubb/ACE American Insurance Co., Zurich American Insurance Company, ALLIED WORLD ASSURANCE CO., (U.S.) INC., Allianz Global Risks US Ins. Co., Guide One Insurance Company, Starr Surplus Lines and Lexington Insurance Company

By: Kenneth Thomas

Name: _____

Title: outside Counsel to Insurers listed Above

5403688 v2 - 03803 / 261