**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., et al., | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 3455 |

**DECLARATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, IN SUPPORT OF JOINT MOTION OF CHAPTER 7 TRUSTEE AND GORDON BROTHERS RETAIL PARTNERS, LLC PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (I) APPROVING THE CLOSE-OUT AGREEMENT WITH ARCH; (II) WITHDRAWING PROOFS OF CLAIM NOS. 7092, 7093, AND 7095; AND (III) GRANTING RELATED RELIEF**

I, Alfred T. Giuliano, make this declaration pursuant to 28 U.S.C. § 1746:

1.      I am the duly-appointed chapter 7 trustee to the estates of the above-captioned debtors (the "Debtors"). Since my appointment on November 10, 2025 (the "Conversion Date"), I have familiarized myself with the Debtors' assets, liabilities, and financial affairs.

2.      I submit this declaration (the "Declaration") in support of the *Joint Motion Of Trustee And GBRP Pursuant To Section 105 Of The Bankruptcy Code And Bankruptcy Rule 9019 For Entry Of An Order (I) Approving The Close-Out Agreement With Arch; (II) Withdrawing Proofs Of Claim Nos. 7092, 7093, And 7095; And (III) Granting Related Relief* (the "Motion")[2],

---

[1]      The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]      Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

filed March 27, 2026 [Docket No. 3455].[3] I have reviewed and am familiar with the Motion and the relief sought therein. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, my review of relevant documents and other information prepared or collected by my advisors, representatives, or counsel at my direction, or my opinion based on my experience with the Debtors' books and records. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of the Debtors' estates.

3.    As set forth in the Motion, prior to the Conversion Date, GBRP purchased certain specified rights and proceeds under the Big Lots Insurance Program, including all of the Debtors' rights and interest in any excess Big Lots Collateral under the Big Lots Insurance Program, as set forth more fully in the Asset Purchase Agreement.

4.    Following the Conversion Date, I have worked with GBRP and engaged in good faith, arms-length discussions and negotiations regarding pursuit and recovery of a number of various assets that were purchased by GBRP under the GBRP APA.

5.    In particular, since the Conversion Date, I engaged with GBRP and Arch in good faith, arms-length discussions and negotiations in furtherance of GBRP's efforts to recover the cash collateral that serves to secure the Debtors' obligations under the Big Lots Insurance Program, and which cash collateral constitutes an Acquired Asset under the Asset Purchase Agreement. As set forth in the Motion, the Big Lots Insurance Program entitles Arch to retain the Big Lots

---

[3]    On January 2, 2025, the Court entered the *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556] (the "GBRP Sale Order"), which, among other things, approved the Debtors' entry into the GBRP APA and the GBRP Agency Agreement and the sale transaction between the Debtors and GBRP contemplated thereby (the "GBRP Sale").

Collateral to secure, among other things, the Big Lots Reimbursement Obligations.

6.    Under the Agreement, Arch is waiving certain of its filed claims against the Estates, and GBRP has agreed to contribute to the Estates the sum of $100,000 from the Arch Payment upon GBRP's receipt of same (the "GBRP Contribution"), an amount to which the Estates would otherwise not be entitled to under the terms of the Asset Purchase Agreement.  These claims waivers by Arch will avoid the costly burden of addressing Arch's filed claims and should serve to streamline the claims resolution process.  Additionally, the GBRP Contribution will provide me with additional funds for the Estates and to administer the chapter 7 cases and enhance potential creditor recoveries therein.  The GBRP Contribution was negotiated between me and GBRP in good faith and at arms-length, with both parties represented by counsel.

7.    I believe the Agreement is the best interests of the estates and of all creditors, and a reasonable exercise of my business judgment, for the following reasons:

a.    First, engaging in litigation over the BIG LOTS Collateral under the BIG LOTS Insurance Program, including estimating and liquidating Arch's claims, would be costly and time-consuming, and the outcome of any such endeavor is inherently uncertain.

b.    Second, the payment of the Close-Out Payment without the Agreement would like required extensive efforts (and resulting costs) on the part of the Estates and professionals, and as it may have taken a great deal of time to secure such release.

c.    Third, although there is no current litigation, in my experience as a Trustee, insurance claims and contracts are often complex to litigate, typically involving extensive fact discovery.

d.    Finally, I believe the Agreement is in the paramount interest of creditors. The Estates receive immediate $100,000 in cash from the GBRP Contribution that would

otherwise not be required to be paid to the Estates. However, as a condition for the Trustee's cooperation and consent to the Agreement, and in furtherance of avoiding potential litigation costs over the recovery of the Close-Out Payment that the Estates could be required to participate in, GBRP has agreed to pay the GBRP Contribution to the Estates. In addition, pursuant to the Agreement, Arch is waiving certain of its claims against the Debtors' estates. This relieves a substantial burden in addressing Arch's claims and streamlines the claims resolution process. Further, the Agreement arises out of an arm's-length bargaining between me, GBRP, an Arch.

8.      For the foregoing reasons, it is my business judgment that entering into the Agreement is in the best interests of the Debtors' estates.

Dated: May 5, 2026

_____
Alfred T. Giuliano
Chapter 7 Truste of Former BL Stores, Inc., et al.