### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., et al., | Case No. 24-11967 (JKS) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 3455** |

**ORDER APPROVING JOINT MOTION OF TRUSTEE AND
GBRP PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (I) APPROVING
THE CLOSE-OUT AGREEMENT WITH ARCH; (II) WITHDRAWING PROOFS
OF CLAIM NOS. 7092, 7093, AND 7095; AND (III) GRANTING RELATED RELIEF**

Upon the *Joint Motion of Trustee and GBRP Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (I) Approving the Close-Out Agreement With Arch; (II) Withdrawing Proofs of Claim Nos. 7092, 7093, and 7095; and (III) Granting Related Relief* (the "Motion")[2] for entry of an order approving the settlement on the terms contained in the Agreement; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Bankruptcy Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and

---

[1]      The Debtors in these chapter 7 cases (the "Bankruptcy Cases"), along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and the Agreement, as applicable.

1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and this Court having found that the Parties negotiated the terms and conditions of the Agreement in good faith, at arm's length, and free of any collusion; and this Court having found that the terms and conditions contained in the Agreement are fair, equitable, reasonable and in the best interests of the Debtors, their estates, creditors and equity holders and is a valid and sound exercise of the Trustee's business judgment and should be approved; and that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Agreement attached hereto as **<u>Exhibit 1</u>** and all of the terms thereof are hereby approved.

3.      The Trustee is authorized to enter into the Agreement on behalf of itself and all of the other Trustee Entities and to take any and all actions necessary and appropriate to consummate and perform all of the terms and conditions of the Agreement.

4.      To the extent necessary, GBRP is also authorized to enter into the Agreement on behalf of itself and all of the other GBRP Entities and to take any and all actions necessary and appropriate to consummate and perform all of the terms and conditions of the Agreement.

5.     To the extent necessary, Arch is also authorized to enter into the Agreement and to take any and all actions necessary and appropriate to consummate and perform all of the terms and conditions of the Agreement including, but not limited to, drawing on, applying, releasing, and/or returning BIG LOTS Collateral, as applicable.

6.     Within ten (10) business days after the Close-Out Effective Date, Arch shall pay the Close-Out Payment to GBRP in the manner set forth in the Agreement.  Within five (5) business days after receipt of the Close-Out Payment, GBRP shall remit $100,000.00 to the Trustee via wire transfer pursuant to wire instructions and W-9 provided by the Trustee

7.     On and after the Close-Out Effective Date, none of GBRP, any of the other GBRP Entities, the Trustee, any of the other Trustee Entities, or any person or entity claiming by and/or through any of them shall have any rights, title, or interests in the Retained BIG LOTS Collateral or the proceeds thereof.

8.     On and after the Close-Out Effective Date, Arch shall have all right, title, and interest in the Retained BIG LOTS Collateral and is authorized to draw upon the Retained BIG LOTS Collateral, hold and use the proceeds and take other actions related to the Retained BIG LOTS Collateral, in each case in Arch's sole discretion and without further order of the Court.

9.     The Stay/Injunction, to the extent applicable, is lifted to permit Arch to conduct the Claims Handling.

10.    The following releases set forth in the Agreement are hereby approved:

a. In consideration of the promises contained in the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, on and after the Close-Out Effective Date, the GBRP Entities and the Trustee Entities hereby fully and irrevocably release waive, acquit, and forever discharge the Arch Entities of and from any and all claims, counterclaims, rights, actions, demands, causes of action, liabilities, obligations, damages, losses, liabilities, costs (including, without limitation, attorneys' fees) and expenses, of any kind or nature whatsoever involving, related to, or arising under any federal, state,

or local statute, regulation, ordinance, or common law (including, but not limited to, any and all such pursuant to §§ 362, 363, 542, 544, 547, 548, 549, and 550 of the Bankruptcy Code), whether asserted or unasserted, known or unknown, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, actually or potentially existing, which each of the GBRP Entities and the Trustee Entities, respectively, had or claim to have or may have against any or all of the Arch Entities from the beginning of time through the Close-Out Effective Date arising out of or under or related to the BIG LOTS Insurance Program, the BIG LOTS Collateral, the Retained BIG LOTS Collateral, the Claims Handling (as defined in the Agreement), and/or the Request; provided, however, the release set forth in this paragraph shall not include (a) any obligations expressly set forth in the Agreement and (b) any rights, claims, or obligations under or with respect to any policies of insurance and/or related agreements that are not part of the BIG LOTS Insurance Program and/or with respect to any surety bonds and/or any agreements related thereto; provided, further, that except as expressly set forth in the Agreement, nothing shall serve to modify or amend any of the terms or provisions of the APA and/or Sale Order, and each of the Arch Entities, GBRP Entities and the Trustee Entities hereby reserve all rights and remedies thereunder.

b. In consideration of the promises contained in the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, on and after the Close-Out Effective Date, the Arch Entities and the Trustee Entities hereby fully and irrevocably release, waive, acquit, and forever discharge each of the GBRP Entities of and from any and all claims, counterclaims, rights, actions, demands, causes of action, liabilities, obligations, damages, losses, liabilities, costs (including, without limitation, attorneys' fees) and expenses, of any kind or nature whatsoever involving, related to, or arising under any federal, state, or local statute, regulation, ordinance, or common law, whether asserted or unasserted, known or unknown, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, actually or potentially existing, which the Arch Entities and the Trustee Entities, respectively, had or claim to have or may have against any or all of the GBRP Entities from the beginning of time through the Close-Out Effective Date arising out of or under or related to the BIG LOTS Insurance Program, the BIG LOTS Collateral, the Retained BIG LOTS Collateral, the Claims Handling, and/or the Request; provided, however, the release set forth in this paragraph shall not include (a) any obligations expressly set forth in the Agreement and (b) any rights, claims, or obligations under or with respect to any policies of insurance and/or related agreements that are not part of the BIG LOTS Insurance Program and/or with respect to any surety bonds and/or any agreements related thereto; provided, further, that except as expressly set forth in the Agreement, nothing shall serve to modify or amend any of the terms or provisions of the APA and/or Sale Order, and each of the Arch Entities, GBRP Entities and the Trustee Entities hereby reserve all rights and remedies thereunder.

c. In consideration of the promises contained in the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, on and after the Close-Out Effective Date, the Arch Entities and the GBRP Entities hereby fully and irrevocably release, waive, acquit, and forever

discharge each of the Trustee Entities of and from any and all claims, counterclaims, rights, actions, demands, causes of action, liabilities, obligations, damages, losses, liabilities, costs (including, without limitation, attorneys' fees) and expenses, of any kind or nature whatsoever involving, related to, or arising under any federal, state, or local statute, regulation, ordinance, or common law, whether asserted or unasserted, known or unknown, fixed or contingent, liquidated or unliquidated, matured or unmatured, foreseen or unforeseen, actually or potentially existing, which the Arch Entities and the GBRP Entities respectively, had or claim to have or may have against any or all of the Trustee Entities from the beginning of time through the Close-Out Effective Date arising out of or under or related to the BIG LOTS Insurance Program, the BIG LOTS Collateral, the Retained BIG LOTS Collateral, the Claims Handling, and/or the Request; provided, however, the release set forth in this paragraph shall not include (a) any obligations expressly set forth in the Agreement and (b) any rights, claims, or obligations under or with respect to any policies of insurance and/or related agreements that are not part of the BIG LOTS Insurance Program and/or with respect to any surety bonds and/or any agreements related thereto; provided, further, that except as expressly set forth in the Agreement, nothing shall serve to modify or amend any of the terms or provisions of the APA and/or Sale Order, and each of the Arch Entities, GBRP Entities and the Trustee Entities hereby reserve all rights and remedies thereunder.

11.    Nothing in this Order or the Agreement (i) expands, contracts or otherwise alters the insurance coverage provided by the BIG LOTS Insurance Program or the terms and conditions of the BIG LOTS Insurance Program; (ii) permits any holder of a Covered Claim to recover the same amounts from Arch and again from any other person or entity, including the GBRP Entities and/or the Trustee Entities; (iii) creates or permits a direct right of action by any holder of a Covered Claim against Arch; (iv) precludes or limits, in any way, the rights of Arch to contest and/or litigate with any person or entity the existence, primacy, and/or scope of available insurance coverage under any allegedly applicable policy; (v) is a determination as to insurance coverage under the BIG LOTS Insurance Program; (vi) relieves any holder of a Covered Claim from any obligation to have filed a proof of claim in the Bankruptcy Cases; or (vii) alters, modifies, amends, affects, impacts, or prejudices in any way or respect any of the terms and conditions of and/or any of the legal, equitable, or contractual rights, obligations, claims, or defenses under any insurance

policy and/or any related agreement that is not part of the BIG LOTS Insurance Program and/or any surety bond and/or any agreement related thereto.

12.    On the Close-Out Effective Date, the Arch POCs shall be deemed withdrawn without any further notice or action required by the Parties, and the Trustee may make any appropriate adjustments to the claims register as appropriate, without further Court order.  For the avoidance of doubt, nothing withdraws, releases, waives, discharges, alters, modifies, or impacts any other proofs of claim filed in the Bankruptcy Cases by Arch and/or any of Arch's affiliates.

13.    This Order and the Agreement are binding upon and shall inure to the benefit of the Parties and their respective administrators, heirs, executors, legal representatives, successors and permitted assigns, including, without limitation, any successor to GBRP; provided, however, except as expressly stated in this Order or the Agreement, nothing in this Order or the Agreement is intended to benefit any third party.

14.    The terms and conditions of this Order are immediately effective and enforceable upon its entry, and for the avoidance of doubt the stays provided for by Rules 4001(a)(3) and 6004(h) of the Federal Rules of Bankruptcy Procedure, if and to the extent applicable, shall be, and hereby are, waived.

15.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

**Dated: May 7th, 2026**
**Wilmington, Delaware**

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE