**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: To Be Scheduled if Necessary**
**Objection Deadline: May 27, 2026 at 4:00 p.m. (ET)**

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR**
**AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF KOHRMAN JACKSON & KRANTZ LLP AS SPECIAL TAX COUNSEL**
**TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2025**

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), files this application (the "Application"), pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Trustee to retain Kohrman Jackson & Krantz LLP ("KJK") as special tax counsel to the Trustee, effective as of November 10, 2025, for the purpose of pursuing Regional Income Tax Agency ("RITA") refunds in the State of Ohio.  In support hereof, the Trustee relies on the declaration of

---

[1]    The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4929-2092-0996.1 31275.00001

Chris M. Macke (the "Declaration"), attached hereto as Exhibit B, and respectfully submits as follows:

### Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

### Background

4.      On September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On November 10, 2025, the Court entered an order converting the cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 Trustee [Docket No. 3320].

6.      The Trustee has selected Pachulski Stang Ziehl & Jones LLP ("PSZJ") as legal counsel and Giuliano, Miller & Company, LLC ("GMC") as accountant and financial advisor in connection with the administration of these chapter 7 cases.

7.      The Trustee has determined to retain KJK as special tax counsel for the purpose of pursuing RITA refunds in the State of Ohio.

**Basis for Relief**

8.      Section 327(e) of the Bankruptcy Code authorizes a trustee or debtor in possession to employ and retain, with court approval,

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).   Bankruptcy Rule 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." Fed. R. Bankr. P. 1107(b).

9.      Accordingly, retention of special counsel is permissible so long as:   (a) the appointment is in the best interests of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention; and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession.  *See In re DeVlieg, Inc.*, 174 B.R. 497, 502–05 (N.D. Ill. 1994); *see also In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985) ("[Section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement.").

10.     For the reasons set forth herein and in the Declaration, the retention of KJK as special tax counsel to the Trustee is in the best interests of the Debtors' estates and satisfies all other standards of retention under section 327(e) of the Bankruptcy Code.

**Retention of KJK**

11.     The Trustee believes that retaining KJK is in the best interests of the Debtors' estates.  KJK previously represented the Debtors in connection with pursuit of the RITA refunds before the Petition Date.  Given KJK's familiarity with these issues, the Debtors' estates will save time and expenses by retaining KJK to continue with the representation rather than engaging new counsel that would have to get up to speed on the matter.  A copy of the engagement letter between the Trustee and KJK (the "Engagement Letter") is attached as Schedule 1 to the Declaration.

12.     The Trustee believes that KJK possesses extensive knowledge and expertise in the areas of law relevant to the pursuit of the RITA refunds and that KJK is well-qualified to represent the Trustee as special tax counsel.

13.     The Trustee has been advised that KJK will use every effort to staff the engagement in a cost-effective manner and that KJK will work with PSZJ and GMC to make every effort to avoid duplication of services.

14.     KJK maintains a computerized conflicts system which contains, *inter alia*, a record of all present and former clients, parties against whom or whose interests KJK has represented or is representing, other parties involved in or related to matters in which KJK has been or is involved, and all vendors providing goods and services to KJK.  The parties searched are attached as Schedule 2 to the Declaration.

15.     Based upon the conflicts search and records, other than as set forth in this Application and in the Declaration, KJK has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, their estates, their assets, or their business and will

not represent other entities that are creditors of, or have other relationships to, the Debtors in matters relating to these cases except as set forth in this Application and in the Declaration.  The Trustee has been advised that KJK has no connection with the Debtors, their creditors, or other parties in interest in these cases, other than as described in the Declaration.  KJK may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

16.    Because of the legal services that may be necessary in connection with the pursuit of the RITA refunds, the Trustee believes that the retention of KJK as special counsel is in the best interests of the Debtors' estates.

17.    KJK has been representing the Debtors on a contingent fee basis, consisting of a 30% contingency fee of the gross amount recovered (the "Contingency Fee"), calculated on the total gross amount recovered by settlement, verdict, arbitration award, or otherwise, before deduction of case expenses.  If there is no recovery, KJK will not receive a Contingency Fee.  The Trustee proposes that compensation be payable to KJK in the same manner, subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, plus reimbursement of actual, necessary expenses and other charges incurred by KJK.

18.    It is KJK's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges (including color copies), charges for mailing supplies (including, without limitation, envelopes and labels) provided to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and

other overtime.  KJK will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to other clients.

19.     The Trustee understands that KJK intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after November 10, 2025.

WHEREFORE, the Trustee requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to retain KJK as special tax counsel to the Trustee, effective as of November 10, 2025, and granting such other and further relief as the Court deems just and proper.

Dated:  May 13, 2026

*/s/ Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee