**<u>Exhibit A</u>**

**Proposed Order**

4929-2092-0996.1 31275.00001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. _____** |

**ORDER AUTHORIZING RETENTION OF**
**KOHRMAN JACKSON & KRANTZ LLP AS SPECIAL TAX COUNSEL**
**TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2025**

Upon the application (the "Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 327(e) and 328 of the Bankruptcy Code, authorizing the Trustee to employ and retain Kohrman Jackson & Krantz LLP ("KJK") as special tax counsel to the Trustee, effective as of November 10, 2025, for the purpose of pursuing a real estate tax assessment appeal, all as more fully set forth in the Application; and upon the Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4929-2092-0996.1 31275.00001

28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to employ and retain KJK as special counsel pursuant to sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, *nunc pro tunc* to November 10, 2025, pursuant to the terms set forth in the Application.

3. KJK shall be compensated for legal services rendered to the Trustee and reasonable expenses incurred in connection therewith in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of the Court.

4. KJK shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases in compliance with sections

330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.