**Exhibit B**

**Declaration**

4929-2092-0996.1 31275.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF CHRIS M. MACKE
IN SUPPORT OF APPLICATION OF THE CHAPTER 7 TRUSTEE
FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF KOHRMAN JACKSON & KRANTZ LLP AS SPECIAL TAX COUNSEL
TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO NOVEMBER 10, 2025**

I, Chris M. Macke, state as follows:

1.     I am an attorney at law admitted to practice in the State of Ohio.  I am a partner with the law firm of Kohrman Jackson & Krantz LLP ("KJK" or the "Firm"), which maintains offices at 1375 E. 9th St., 29th Floor, Cleveland, Ohio 44114.  I am familiar with the matters set forth herein and make this declaration (the "Declaration") in support of the application of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above captioned debtors (the "Debtors"), seeking approval to employ and retain KJK, effective as of November 10, 2025, as special tax counsel to the Trustee pursuant to sections 327(e) and 328 of the Bankruptcy Code (the "Application").[2]

---

[1]     The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277).  The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

2.      Neither I, the Firm, nor any member, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest, or their respective attorneys, except as set forth herein.

3.      A copy of the engagement letter between the Trustee and KJK (the "Engagement Letter") is attached to this Declaration as **Schedule 1**.

4.      The Firm maintains a computerized conflicts system which contains, *inter alia*, a record of all present and former clients, parties against whom or whose interests the Firm has represented or is representing, other parties involved in or related to matters in which the Firm has been or is involved, and all vendors providing goods and services to the Firm.  The parties searched (the "Potential Parties in Interest") are attached to this Declaration as **Schedule 2**.

5.      To the best of my knowledge and belief, other than as set forth herein, KJK has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, their estates, their assets, or their business and will not represent other entities that are creditors of, or have other relationships to, the Debtors in matters relating to these cases except as set forth herein.  Therefore, the Firm holds no material adverse interest to the Debtors or the Debtors' estates.  Accordingly, the Firm is eligible for retention.

6.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these cases for persons that are parties in interest in these cases.  Except as set forth herein, I am not aware of the Firm performing any services for any such person or entity in connection with these cases or having any relationship with any such person or entity or their attorneys or accountants that we understand is adverse to the Debtors or their estates.

7.      From time to time, the Firm may have provided, and may currently provide, services to certain other parties in interest, or affiliates thereof, in all instances on matters in which such party does not or did not hold or represent an interest adverse to the Debtors or their estates with respect to the services for which the Firm is being retained.

8.      The Trustee has retained various professionals during the pendency of these cases. The Firm may have previously worked with, and will continue to work with, these professionals on various representations. Further, the Firm and certain of its members, of counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent stakeholders and creditors of the Debtors and other parties of interest in connection with matters unrelated to the Debtors and these cases. At this time, the Firm is not aware of such representations except as noted above. If the Firm identifies any further such representations, the Firm shall make further disclosures as may be appropriate at that time.

9.      To my knowledge, neither the Firm nor any of its members have any connections with the United States Trustee or any person employed in the Office of the United States Trustee or the United States Bankruptcy Court for the District of Delaware.

10.      No agreement exists, nor will any agreement be made, to share any compensation received by the Firm for its services with any other person or firm. The Firm is willing to be retained by the Trustee and will make appropriate application to this Court for compensation and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases.

11.      KJK has been representing the Debtors on a contingent fee basis, consisting of a 30% contingency fee of the gross amount recovered (the "Contingency Fee"), calculated on the

total gross amount recovered by settlement, verdict, arbitration award, or otherwise, before deduction of case expenses. If there is no recovery, KJK will not receive a Contingency Fee.

12.    It is KJK's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges (including color copies), charges for mailing supplies (including, without limitation, envelopes and labels) provided to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. KJK will charge the Debtors' estates for these expenses in a manner and at rates consistent with charges made generally to other clients.

13.    KJK intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after November 10, 2025.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  May 13, 2026                              /s/ Chris M. Macke
                                                  Chris M. Macke

4929-2092-0996.1 31275.00001                4

## Schedule 1

### Engagement Letter



**1375 E. 9th St., 29th Floor**
**Cleveland, OH 44114**
**(216) 696-8700**

## CONTINGENT FEE AGREEMENT

## THIS IS A BINDING LEGAL DOCUMENT. READ IT CAREFULLY BEFORE YOU SIGN IT AND KEEP A COPY FOR YOUR RECORDS.

This Contingent Fee Agreement ("Agreement") is entered into by and between Alfred T. Giuliano, Trustee for Former BL Stores, Inc. (hereinafter "Client" or "Clients") and Kohrman Jackson & Krantz LLP ("KJK").

Clients retain KJK to represent them in connection with claims arising from:

**The Ohio RITA tax return**

This Agreement applies only to the claims described above. Representation does not include appeals, post-judgement collection, bankruptcy proceedings, or related matters unless agreed to in writing.

Clients recognize that KJK has agreed, at the Clients' request, to accept this employment as Clients' attorneys in these specific claims without payment of any retainer fee and without payment of an hourly fee for the legal work that KJK will perform. KJK reserves the right to forgo initiating a lawsuit if it deems that a lawsuit is not advisable.

Clients agree to pay KJK a fee equal to**:** Thirty Percent (30%) ("Contingency Fee") of the gross amount recovered. The Contingency Fee shall be calculated on the total gross amount recovered by settlement, verdict, arbitration award, or otherwise, before deduction of case expenses. If there is no recovery, KJK will not receive a contingency fee.

KJK may incur reasonable out-of-pocket expenses in investigating, preparing, litigating, and, if applicable, appealing the case. These may include but are not limited to:
- Filing fees
- Service of process fees
- Deposition and transcript costs
- Expert witness fees

4908-4135-0290, v. 1

- Investigation costs
- Medical records and reports
- Copying and document reproduction costs
- Trial exhibits and demonstrative evidence
- Travel and mileage
- Mediation and arbitration fees

These expenses are collectively referred to as "Case Expenses."

KJK may engage independent contractors or vendors to assist in the case. Payments to such providers are considered Case Expenses.

Case Expenses shall be reimbursed to KJK from the recovery after deduction of the Contingency Fee. If there is no recovery, Clients remain responsible for repayment of Case Expenses advanced by KJK Clients hereby authorize KJK to pay Case Expenses, medical expenses and subrogated interests from the proceeds of recovery.

No settlement shall be accepted without Clients' written consent. All settlement proceeds shall be deposited into KJK's Interest on Lawyers Trust Account (IOLTA). From the recovery, KJK shall distribute funds in the following order:

1. Attorney's fee
2. Reimbursement of Case Expenses
3. Payment of valid liens or subrogation interests
4. Remaining balance to Clients

Upon the conclusion of the matter, KJK will provide Clients with a written settlement statement showing:

- Total recovery
- Attorney's fee
- Case Expenses
- Lien payments
- Net amount to Clients

Clients have the right to terminate KJK's representation at any time upon written notice. KJK may withdraw as permitted or required by the Ohio Rules of Professional Conduct.

If this Agreement is terminated by either party before recovery is obtained, Clients agree to pay to KJK the reasonable value of legal services rendered and the actual Case Expenses advanced through the date of termination, calculated on a quantum meruit basis as permitted under Ohio law.

If Clients later obtain a recovery arising from the claims that were the subject of this representation, KJK shall be entitled to payment of its quantum meruit fee and reimbursement of Case Expenses from such recovery. Clients acknowledge that KJK may assert a lawful attorney charging lien against any recovery to secure payment of earned fees and advanced expenses.

4908-4135-0290, v. 1

Upon termination, KJK will take reasonable steps to protect Clients' interests as required by the Ohio Rules of Professional Conduct.

Clients agree to:

- Cooperate fully in the preparation and presentation of the case

- Provide truthful and complete information

- Appear for depositions, hearings, medical examinations, and trial when requested

- Notify KJK within fourteen (14) days of any change in address, phone number, or email

Failure to cooperate may result in KJK withdrawing as permitted by the Ohio Rules of Professional Conduct.

Please carefully review this letter agreement and the linked "Terms of Engagement for Legal Services," which contains additional terms and conditions regarding this engagement. Whenever the terms and conditions in this Contingency Fee Agreement vary in any regard with the Terms of Engagement for Legal Services, the terms in this Contingency Fee Agreement will apply to our agreement.

Clients hereby acknowledge that a copy of this document has been given to the Clients and that the Clients have been advised to retain it in Clients' possession, and that the Clients have read and understand the contents of this document before the Clients have signed it.

---

**Alfred T. Giuliano**
**Trustee for Former BL Stores, Inc.**

---

**ADDRESS**                           **ADDRESS**

---

**DATE**                              **DATE**

4908-4135-0290, v. 1

**Schedule 2**

**Interested Parties**

**U.S. Bankruptcy Judges, District of Delaware**
Chief Judge Karen B. Owens
Judge Laurie Selber Silverstein
Judge Brendan L. Shannon
Judge Craig T. Goldblatt
Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Mary F. Walrath
Judge Thomas M. Horan

**Current Directors and Officers**
Bruce K. Thorn
Emily E. Schreck
James A. Schroeder
Jonathan E. Ramsden
Juan E. Guerrero
Michael A. Schlonsky
Monica M. Welt
Ronald A. Robins Jr.
Steven J. Hutkai
Jason A. Seeman
Lorraine M. Kaufman
Matthew S. Weger
Allen G. Hembree
Alvin C. Concepcion
Amanda J. Corbett
Amy L. Nelson
Brooke T. Schwerin
Chinthaka Liyanapathirana
Christopher M. Macke
Christopher R. Means
Colin K. Coburn
Craig R. Gourley
Daniel H. Yokum
James M. Kelley
Jay A. Caudill
Johan G. Hoover
Julie C. Holbein
Kevin P. Kuehl
Leonard J. Sisilli
Lynda L. Kline

Maria D. Matos
Megan M. Mellquist
Michael F. Robey
Michael L. French
Nathan C. Longbottom
Shelly L. Trosclair
Steven S. Rogers
Christopher J. McCormick
Cynthia T. Jamison
James R. Chambers
Kimberley A. Newton
Kristen Ayn Cox
Maureen B. Short
Molly W. Jennings
Sebastian DiGrande
Seth Laurence Marks
Wendy L. Schoppert

**Debtors**
Big Lots, Inc.
Consolidated Property Holdings, LLC
Broyhill LLC
Big Lots Management, LLC
Big Lots Stores - PNS, LLC
BLBO Tenant, LLC
Big Lots Stores, LLC
Big Lots Stores - CSR, LLC
AVDC, LLC
INFDC, LLC
CSC Distribution LLC
GAFDC LLC
Great Basin, LLC
Closeout Distribution, LLC
PAFDC LLC
Big Lots eCommerce LLC
Durant DC, LLC
WAFDC, LLC
Big Lots F&S, LLC

**Debtors' Professionals**
Davis Polk & Wardwell
AlixPartners, LLP
Morris, Nichols, Arsht & Tunnell LLP
Guggenheim Securities, LLC
A&G Real Estate Partners
Kroll Restructuring Administration, LLC

Gordon Brothers Retail Partners, LLC

**Creditor Professionals**
Berkeley Research Group, LLC
Otterbourg P.C.
Choate, Hall & Stewart LLP

**Former Officers and Directors**
Timothy J. Kovalcik
James D. Campbell Jr.
Margarita Giannantonio
Gregg W. Sayers
John W. Alpaugh
Shannon E. Letts
Derek T. Panfil
Sandra Y. Campos
Marla C. Gottschalk
Nancy Reardon
Deborah A. Beisswanger
Scott W. Corder
Kelly M. Gerhardt
Michael A. Jasinowski
Ashley M. White
Gene E. Burt, II
Andrej Mueller
Paige P. Gill
Robert A. LeBrun
Graham W. McIvor
Kristin L. Morris
Nicholas N. Padovano
Erica N. Fortune
Thomas A. Kingsbury
Jeremy A. Ball
Nicholas E. Padovano
Kristen L. Morris
Amy R. Stern
Amanda R. Jami
Robert V. LaCommare
Ojas Nivsarkar
Jackie Smith
Charles H. Buckingham

**U.S. Trustee, District of Delaware (and Key Staff Members)**
Vara, Andrew
Attix, Lauren
Bates, Malcolm

4929-2092-0996.1 31275.00001                    3

Casey, Linda
Dice, Holly
Dortch, Shakima
Fox, Timothy
Girello, Michael
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Konde, Hawa
Leamy, Jane
Lipshie, Jonathan
McCollum, Hannah
McMahon, Joseph
Nyaku, Jonathan
O'Malley, James
Serrano, Edith
Thomas, Elizabeth
Wynn, Dion