**<u>Exhibit B</u>**

**Redline of Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. ——3457** |

**ORDER AUTHORIZING ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, TO EMPLOY AND RETAIN ROBBINS GELLER RUDMAN & DOWD LLP
AS SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e) FOR OHIO LITIGATION,
EFFECTIVE AS OF JANUARY 12, 2026**

Upon the application (the "Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), for entry of an order pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"): (a) authorizing the Trustee to employ retain Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") as special counsel to the Trustee for the matter captioned *Corpus Christi Firefighters' Retirement System v. Macellum Capital Management, LP, et al.*, No. 21CV-2695 (Ohio Ct. Com. Pl., Franklin Cnty.) (the "Ohio Litigation"), effective as of January 12, 2026, and (b) granting related relief, all as more fully set forth in the Application;

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and upon the Baron Declaration; and the Court being satisfied, based on the representations made in the Application and the Baron Declaration that Robbins Geller does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, that Robbins Geller is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and that the employment of Robbins Geller is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Trustee is authorized to retain and employ Robbins Geller as special counsel, effective as of January 12, 2026, pursuant to the terms set forth in the Engagement Letter.

3.     The contingency fee arrangement is hereby approved pursuant to section 328(a) of the Bankruptcy Code~~, and~~.

4.     To the extent the Ohio Litigation results in any recovery as the result of a judgment, settlement, or otherwise, Robbins Geller~~'s compensation~~ shall ~~not be~~file a fee statement identifying the financial benefit recovered on behalf of the Trustee, net of any costs and disbursements incurred by Robbins Geller. The fee statement will also include appropriate detail with respect to such costs and disbursements.

5.     Robbins Geller shall be entitled to payment of compensation and reimbursement of expenses in accordance with the approved contingency fee arrangement, subject to review ~~under section 330(a) except~~only to the extent that the Court determines that the compensation provided under the approved Engagement Letter proves to have been improvident in light of developments not capable of being anticipated at the time of approval~~.~~

~~4.     For the avoidance of doubt, Robbins Geller shall be entitled to payment of compensation and reimbursement of expenses in accordance with the approved contingency fee arrangement,~~ in accordance with section 328(a), and without the need for a lodestar or reasonableness review under section 330(a).

6.     ~~5.~~The Trustee is authorized to take all actions necessary or appropriate to carry out the provisions of this Order.

7.     ~~6.~~This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.