**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 3456** |

**ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
FOR ORDER AUTHORIZING THE DESTRUCTION,
ABANDONMENT, OR OTHER DISPOSAL OF CERTAIN RECORDS AND
DOCUMENTS (CERTAIN PAYROLL RECORDS FORMERLY LOCATED AT
FORMER CORPORATE OFFICE)**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee

(the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), seeking entry of an

order (this "Order"), pursuant to 11 U.S.C. §§ 105(a) and 554 and Fed. R. Bankr. P. 6007,

authorizing, but not directing, the Trustee's abandonment, disposal, and destruction of certain

former employee payroll records that contain personally identifiable information ("PII") (the

"Documents") formerly located at a former corporate office of the Debtors at 4900 E Dublin

Granville Rd, Westerville, Ohio 43081, as further detailed in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing

Order of Reference from the United States District Court for the District of Delaware*, dated

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Trustee is hereby authorized, but not directed, in his sole and absolute discretion, to abandon and discard or destroy the Documents, pursuant to 11 U.S.C. §§ 105(a) and 554 and Fed. R. Bankr. P. 6007; *provided, however*, that the Trustee shall destroy (or cause to be destroyed) any of the Documents that contain personally identifiable information as that term is defined in 11 U.S.C. § 101(41A); provided further that no Documents subject to the Inspection Period (as defined below) shall be destroyed prior to the expiration of such Inspection Period.

3.      The Trustee is hereby authorized, but not directed, to pay any outstanding costs for the storage and/or destruction of the Documents.

4.      Notwithstanding anything to the contrary in the Motion or this Order, with respect to any Documents that may be relevant to any claims asserted by Juanita Morales-Euresti ("Creditor") in a certain complaint against Big Lots Stores Inc. and DOES 1-100 in the Superior

Court of California, County of Contra Costa (Case No. C21-01454) alleging causes of action for premises liability and negligence against the Debtors relating to injuries she allegedly sustained prior to the Petition Date (the "Civil Action"), the Trustee shall provide to Creditor the appropriate contact at the location where the Documents are currently held and whatever authorization is necessary, including any authorization reasonably required by the third-party custodian, to allow Creditor or her designee or representatives to take possession of all or any portion of such Documents relevant to the Civil Action at their current location, including the right to copy, scan, photograph, and remove such Documents, and shall provide Creditor or her designee or representatives no less than thirty (30) calendar days after entry of this Order (the "Inspection Period") to take possession of such Documents that Creditor or her designee determines to be relevant to Civil Action prior to commencing the abandonment, disposal and/or destruction thereof; provided, further, that the Trustee shall ensure that the Documents are not destroyed, altered, or disposed of during the Inspection Period; provided, however, that as of the expiration of the Inspection Period the Debtors' estates shall not incur any further costs or fees associated with storing the Documents and the Trustee may abandon, dispose of and/or destroy the Documents in accordance with this Order without any further notice; provided, however, that the Trustee shall provide no less than five (5) business days' prior written notice to Creditor before any such destruction following the expiration of the Inspection Period; provided, further, that, the Inspection Period shall be extended upon Creditor's written request therefor to the Trustee at least three (3) business days before the end of such Inspection Period and at Creditor's sole cost and expense.

5.      The requirements of Rule 6007(a) of the Federal Rules of Bankruptcy Procedure that the Motion be served upon "all creditors" is hereby waived, and service upon the parties

described in the Motion is found to be sufficient for the purposes of the relief requested in the Motion.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

8.      The Court shall retain ~~exclusive~~ jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

June 17, 2026

Kate Stickles
(USBJ)