**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Former BL Stores, Inc., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | Objections due by: July 28, 2026 |
| | Hearing Date: August 20, 2026, 11:00 a.m. |

**MOTION OF FELICIA CHAMBERS FOR RELIEF FROM THE**
**AUTOMATIC STAY AND THE PLAN INJUNCTION**

Creditor, Felicia Chambers (hereinafter "Ms. Chambers"), by and through undersigned counsel, hereby submits this motion (the "Motion") for entry of an Order modifying the automatic stay and/or any plan injunction, pursuant to 11 U.S.C. §§ 105(a), 362 and 524. More specifically, Ms. Chambers seeks authority to proceed with legal action against the above-captioned Debtors (the "Debtors"), as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds. In support of this Motion, Ms. Chambers respectfully states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The debtors and debtors in possession in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The former address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4.    The statutory and procedural predicates for the relief requested herein are sections 105(a), 362 and 524 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)").

**PROCEDURAL AND FACTUAL BACKGROUND**

5.    By way of background, Ms. Chambers has pre-petition personal injury and negligence claims against the Debtors.

6.    On or about July 3, 2022, while shopping at the Big Lots store located at 3003 W. Manchester Blvd., Inglewood, CA 90305 (the "Store"), Ms. Chambers was removing a lawn chair from the display wall when the remaining lawn chairs that were hung on the wall fell, striking Ms. Chambers in the head, causing significant bodily injury, emotional distress, and pain and suffering.

7.    On December 14, 2023, Ms. Chambers, through her counsel, filed a Complaint for Damages for Negligence – Premises Liability in the Superior Court of the State of California, County of Los Angeles, Case No. 23TRCV04183, against Big Lots Stores, LLC, Susanna Garcia, and Does 1 through 200 (the "State Court Action"). A true and correct copy is attached hereto as **Exhibit A**.

8.    Upon information and belief, the Debtors are insured for Ms. Chambers's claims in the State Court Action.

9.    On September 9, 2024 (the "Petition Date"), Big Lots, Inc. and several affiliated debtors each filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. These cases have been consolidated for procedural purposes and are jointly administered under Case No. 24-11967-JKS.

10.   On January 31, 2025, Ms. Chambers filed Proofs of Claim against Big Lots Management, LLC, Big Lots Stores – PNS, LLC, and Big Lots, Inc. (the "Proof of Claim") asserting a general unsecured claim against the Debtors in the amount of not less than $30,000,000.

11.   On November 11, 2025, the Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code. Dkt. No. 3319. Alfred T. Giuliano has been appointed chapter 7 Trustee (the "Trustee"). Dkt. No. 3320.

## RELIEF REQUESTED

12.   By this Motion, Ms. Chambers seeks the entry of an Order modifying the stay.

13.   Specifically, Ms. Chambers seeks the entry of an Order permitting her to pursue her State Court Action against the Debtors, as nominal defendants thereto, to fix the amount owed to Ms. Chambers, and to collect against the Debtors' insurance policies, as permissible by law.

14.   Ms. Chambers is not seeking and will not seek to collect any sums directly from the Debtors or their estates outside of this bankruptcy court proceeding unless and until this Court orders that Ms. Chambers may do so.

15.   Under 11 U.S.C. § 362(d)(1), the automatic stay imposed after filing for bankruptcy can be lifted, so long as an interested party can demonstrate "cause."

16.   A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case-by-case basis. *In the Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (3) the creditor's probability of success on the merits. *See In re Tribune Co.*, 418 B.R. 116,

126 (Bankr. D. Del. 2009). To establish cause, the movant must show that the "balance of hardships from not obtaining relief tips significantly in [their] favor." *In re American Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003) (internal citation omitted).

17.    Here, cause exists to grant the relief requested. Neither the Debtors nor the estates will be prejudiced by permitting the relief requested herein. In fact, permitting such action is likely to benefit the Debtors and their estates, in that a satisfaction of sums due to Ms. Chambers by non-Debtor parties will reduce Ms. Chambers's claim against the Debtors and their estates accordingly.

18.    Moreover, Ms. Chambers's existing hardship in collecting against non-Debtor parties will undoubtedly be exacerbated, far outweighing any hardship to the Debtors, if the stay is not modified and Ms. Chambers is not permitted to pursue the State Court Action.

19.    Finally, under the circumstances presented, Ms. Chambers has colorable claims against non-Debtor parties, and deserves an opportunity to pursue those claims through the legal action proposed herein.

20.    For the foregoing reasons, Ms. Chambers respectfully requests that the stay be lifted, and an Order entered granting Ms. Chambers authority to proceed with her State Court Action against the Debtors, as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds.

21.    Ms. Chambers expressly reserves all of her rights with respect to this Motion, including the right to amend or supplement this Motion at any time prior to the final hearing thereon.

**CONCLUSION**

WHEREFORE, Ms. Chambers respectfully requests entry of an Order granting the relief

requested herein and such other and further relief as this Bankruptcy Court deems just and proper.

Respectfully submitted,

Dated: July 7, 2026

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (No. 3047)
STINSON LLP
1007 N. Orange St.
3rd Floor #127
Wilmington, DE 19801
Telephone: (302) 509-4634
Email: jeffrey.schlerf@stinson.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 7, 2026, a true and correct copy of the foregoing motion was duly served via the Court's Electronic Case Filing system on all parties registered to receive electronic notices in these cases and the below parties via First Class Mail:

Peter J Keane
Edward A. Corma
Pachulski Stang Ziehl & Jones
919 North Market Street, 17th Floor
Wilmington, DE 19801

Linda J. Casey
Office of United States Trustee
844 King Street Suite 2207
Wilmington, DE 19801

Dated: July 7, 2026                    /s/*Jeffrey M. Schlerf*