**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |

**Hearing Date: August 20, 2026, at 11:00 a.m. (ET)**
**Objection Deadline: August 4, 2026 at 4:00 p.m. (ET)**

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, TO EMPLOY AND RETAIN SPECIAL COUNSEL UNDER 11 U.S.C. §
327(E) TO PURSUE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION,
EFFECTIVE AS OF JULY 14, 2026**

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), submits this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) authorizing the Trustee to employ and retain (i) Murray Murphy Moul + Basil, LLP; (ii) Sperling Kenny Nachwalter; (iii) Bartko Pavia LLP (collectively, the "Firms") as special counsel to the Trustee to pursue the estates' claims in the matter captioned *In re: Blue Cross Blue Shield*

---

[1]   The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Antitrust Litigation* (2:13-CV- 20000-RDP) (the "BCBS Litigation"), effective as of July 14, 2026; and (b) granting related relief.  In support of the Application, the Trustee relies upon and incorporates by reference the declarations of each of the Firms (the "Declarations"), attached hereto as **Exhibits B-1 through B-3**.

## Jurisdiction and Venue

1.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief sought herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

4.     On September 9, 2024 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On January 2, 2025, the Court entered an order approving the sale (the "GBRP Sale") of substantially all of the Debtors' assets to GBRP pursuant to that certain Asset Purchase Agreement dated as of January 2, 2025 (the "APA").  *See Order (I) Approving the Asset Purchase Agreement, (II) Authorizing and Approving the Sale of Certain of the Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, Encumbrances, and Other Assumed Liabilities and Permitted Encumbrances, (III) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [D.I. 1556]. The GBRP Sale closed on January 3, 2025.  *See Notice of Closing of Sale of Debtors' Assets to Gordon Brothers Retail Partners, LLC* [D.I. 1588].

6.      On November 10, 2025 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 3319], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 3320].

7.      The Trustee has determined to retain the Firms as special counsel for the purpose of pursuing BCBS Litigation.  The Firms previously represented the Debtors in the BCBS Litigation, and the Firms associate together as cocounsel in connection with representation of Big Lots and other plaintiffs.

**Basis for Relief**

8.      Section 327(e) of the Bankruptcy Code authorizes a trustee to retain, "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

9.      The Firms' retention as special counsel falls within the scope of section 327(e) of the Bankruptcy Code.  When analyzing the retention of special counsel under section 327(e), "the court should consider all relevant facts surrounding the debtor's case, including but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest, and the role of general counsel."  *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005) (citing *In re First Am. Health Care of Georgia, Inc.*, 1996 WL 33404562, at *3 (Bankr. S.D. Ga. Apr. 18, 1996)).  In general, subject to the requirements of section 327 of the Bankruptcy Code, trustees are entitled to the counsel of their choosing.  *See, e.g.*, *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

10.     Here, the Trustee's retention of the Firms to pursue the BCBS Litigation is in the best interests of the Debtors' estates and satisfies the standards for retention under section 327(e) of the Bankruptcy Code.  The Firms has been representing the Debtors in connection with the BCBS Litigation since July 2021, and the Trustee believes that it is in the best interests of the Debtors' estates to employ and retain the Firms as special counsel to continue providing representation with respect to the BCBS Litigation.

## Qualifications and Scope of Services

11.     The Trustee has also filed an application seeking to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel.  The Trustee intends that the services to be performed by the Firms, and those services to be performed by PSZJ and any other parties retained by the Trustee, will not be duplicative.  However, the Firms may be required, from time to time,

to consult or advise PSZJ with regard to the matters on which the Firms are representing the Trustee.

12.      Attached as **Exhibit C** is a copy of the engagement letter between the Trustee and the Firms (the "Engagement Letter").  The Firms' services consist of pursuing the BCBS Litigation on behalf of various plaintiffs, including the Debtors.  The Firms have associated with each other as co-counsel in the BCBS Litigation.

13.      The core allegation in the BCBS Litigation is that the BCBS Association and its 36 member-owner Blues have impermissibly allocated geographic markets by carving the United States into "service areas" in which only one designated Blue is permitted to sell health insurance and services to subscribers (i.e. employers).

14.      The BCBS Litigation is a "Specified Proceeding" under the GBRP APA.  See APA, schedule 1.01(b).  Under section 7.13 of the GBRP APA,  the Trustee is obligated in good faith to use reasonable efforts to pursue each "Specified Proceeding" with a cost-sharing arrangement between the Debtors' estates and GBRP for any recoveries:

> Section 7.13. Proceedings. The Parties shall cooperate in good faith with respect to pursuing any Specified Proceedings and shall use reasonable best efforts to ensure that the value of any Specified Proceeding is not impaired by this Agreement; provided that if the Buyer does not use good faith efforts to pursue any Specified Proceeding, such Specified Proceeding shall be deemed automatically to be an Excluded Asset. 60% of any proceeds of any Proceedings (other than the Excluded Proceedings) (net of any costs of pursuing such proceeds, including costs of counsel, which shall be retained by the Party responsible for such costs) shall be paid to or retained by, as applicable, Seller for its own account and 40% of such remaining proceeds shall be paid to or retained by, as applicable, Buyer.

APA, § 7.13.

15.      The Firms have stated their desire and willingness to continue to act as special counsel and to render the necessary professional services required in connection therewith.  Moreover, the retention and employment of the Firms would allow the Debtor's estates to avoid

incurring the unnecessary cost of having another firm essentially repeat work previously done by the Firms.  Accordingly, the employment and retention of the Firms is in the best interests of the Debtors' estates and should be approved.

### Compensation

16.    The Trustee has agreed to pay as legal fees to the Firms in an amount equal to 33% of any recovery obtained. In addition, any non-monetary consideration or other consideration of value that is recovered above and beyond that provided by the class action settlement - such as advantageous modifications to the proposed injunctive relief - shall be monetized as agreed to by the parties and considered part of any recovery on which the fees shall be based. Collectively, the 33% fee and any fee associated with non-monetary relief shall be collectively referred to as the "Fee."  The Trustee will have ultimate authority regarding the terms of any settlement of any claim as it relates to the estates.  The Fee will be divided among the Firms based on their respective contributions to the representation of the estates, and such division has not yet been decided by the Firms. However, it is agreed that Murray Murphy Moul+ Basil shall be entitled to 15% of the total Fee.  The Trustee will be given notice of the ultimate division of the Fee.

17.    All costs and out-of-pocket expenses, including expert fees, will be advanced by the Firms on behalf of the estates, and the estates shall reimburse the Firms only out of any recovery after application of the 33% contingent fee. Out-of-pocket expenses generally include items such as witness fees, travel-related expenses, and expert consulting fees. Costs include such items as copying and printing expenses, document hosting fees, transcript fees, and research expenses. The Firms will use their best efforts to ensure such costs are at or below market rates.

18.     The Trustee proposes that compensation be payable to the Firms in the same manner, and that the contingency fee arrangement and other terms of employment set forth in the Engagement Letter be approved pursuant to section 328(a) of the Bankruptcy Code.

**Disinterestedness and Disclosure of Connections**

19.     To the best of the Trustee's knowledge, information, and belief, other than as set forth in the Declarations, the Firms:  (i) have no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee for the District of Delaware and (ii) do not hold any interest adverse to the Debtors' estates with respect to the matters for which they are to be retained by the Trustee.

20.     The Firms will review their files periodically during the pendency of these cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise in such review, the Firms will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

**Notice**

21.     The Trustee will provide notice of this Application to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee respectfully submits that no further notice is required.

**No Prior Request**

22.     No prior request for the relief requested herein has been made to this Court or any other Court.

4921-8834-5250.1 31275.00001                                    7

8

WHEREFORE, the Trustee requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  July 21, 2026

/s/ Alfred T. Giuliano
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Former BL Stores, Inc., et al.