## Exhibit C

**Engagement Letter**



July 14, 2026

**BY EMAIL**

Alfred T. Giuliano CPA, CIRA, CFE, CDBV
Giuliano, Miller & Co., LLC
2301 E. Evesham Road
Pavilion 800, Suite 210
Voorhees, NJ 08043
856-767-3000 ext 111
Email: atgiuliano@giulianomiller.com

  Re: *In re: Blue Cross Blue Shield Antitrust Litigation* (U.S. District Court, Northern
    District of Alabama, Case No. 2:13-cv-20000-RDP)

Dear Mr. Guiliano:

  We write to memorialize our representation of Alfred T. Giuliano, in his capacity as
chapter 7 trustee for the estates of Former Big Lots Stores, Inc. et al. (collectively *Big Lots*)[1]
in connection with the MDL proceedings pending in the Northern District of Alabama (*In
re: Blue Cross Blue Shield Antitrust Litigation* (2:13-CV- 20000-RDP) (the *BCBSA Antitrust
Litigation*). This letter is intended to supersede the previous engagement agreement dated
July 28, 2023. The core allegation in the BCBSA Antitrust Litigation is that the BCBS
Association and its 36 member-owner Blues have impermissibly allocated geographic
markets by carving the United States into "service areas" in which only one designated Blue
is permitted to sell health insurance and services to subscribers (i.e. employers).

  Murray Murphy Moul + Basil, LLP has associated with Sperling Kenny Nachwalter,
and Bartko Pavia LLP (collectively the *Attorneys*) as co-counsel in this matter. This
engagement relates solely to the Attorneys' representation of the Trustee, on behalf of the
estates of Big Lots, with regard to its claims in the BCBSA Antitrust Litigation. Should the
Trustee want any of the Attorneys to represent it in connection with any other matter, a
separate engagement would be required.

  **Confidentiality**. The Trustee and the Attorneys acknowledge that as a result of this
engagement they may receive confidential information from one another. For example, the

---

[1] The chapter 7 cases of Big Lots are pending before the U.S. Bankruptcy Court for the District
of Delaware (the "Bankruptcy Court") and are jointly administered and captioned In re Former
BL Stores, Inc., et al., Case No. 24-11967 (JKS) (the "Bankruptcy Cases").

3060.000/5947551.1

Alfred T. Giuliano
July 14, 2026
Page 2

Trustee may provide Attorneys with confidential plan data, documents, and contracts. Likewise, Attorneys may provide the Trustee with confidential expert models, legal analyses, and investigative materials. The Trustee and Attorneys agree to maintain the confidentiality of all such information and not to use such information except in furtherance of this representation in this matter. The Trustee and the Attorneys agree to keep the terms of this engagement letter confidential.

**Fees, Expenses and Costs**. In consideration of the services rendered and to be rendered pursuant to this engagement letter, the Trustee, on behalf of the estates of Big Lots, agrees to pay as legal fees to the Attorneys an amount equal to 33% of any recovery obtained for the estates of Big Lots. In addition, any non-monetary consideration or other consideration of value that is recovered above and beyond that provided by the class action settlement - such as advantageous modifications to the proposed injunctive relief - shall be monetized as agreed to by the parties and considered part of any recovery on which the Attorneys fees shall be based. Collectively, the 33% fee and any fee associated with non-monetary relief shall be collectively referred to as the Fee. The Attorneys will of course consult with the Trustee regarding and obtain the Trustee's approval of any proposed settlement. The Trustee will have ultimate authority regarding the terms of any settlement of any claim. The Attorneys agree not to settle or compromise any claim without the Trustee's approval regarding the terms and form of the settlement. The Trustee understands and agrees that the Fee will be divided among the Attorneys based on their respective contributions to the representation of Big Lots, and that such division has not yet been decided by the Attorneys. However, it is agreed that Murray Murphy Moul+ Basil shall be entitled to 15% of the total Fee. The Trustee will be given notice of the ultimate division of the Fee, and the Attorneys agree to the filing of a final fee statement with the Bankruptcy Court in the Bankruptcy Cases that details the financial benefit recovered on behalf of the Debtors' estates, net of any costs and disbursements incurred by the Attorneys, and such fee statement will also include appropriate detail with respect to such costs and disbursements and shall also disclose the terms of any sharing of compensation among the Attorneys.

All costs and out-of-pocket expenses, including expert fees, will be advanced by the Attorneys on behalf of the Trustee, and the Trustee shall reimburse the Attorneys only out of any recovery after application of the 33% contingent fee. Out-of-pocket expenses generally include items such as witness fees, travel-related expenses, and expert consulting fees. Costs include such items as copying and printing expenses, document hosting fees, transcript fees, and research expenses. The Attorneys will use their best efforts to ensure such costs are at or below market rates.

Attorneys represent that they have been engaged by multiple clients for this matter and, where appropriate, all out of pocket expenses will be apportioned between the clients on a *pro rata* basis depending on the respective size of their recoveries. This typically allows for substantial cost savings, although as noted the Trustee, on behalf of the estates Big Lots, would only be responsible for such costs and expenses in the event of a recovery. We are not aware of any conflicts or potential conflicts of interest by reason of such representations and we ask you to alert us if the Trustee is aware of any such conflicts. If such conflict or

Alfred T. Giuliano
July 14, 2026
Page 3

potential conflict arises, the party that becomes aware of such conflict will bring it to the other party's attention. On this basis, the Trustee consents to such representation.

**Communication; Document Retention**. We would be pleased to communicate with you by e-mail. Unless you indicate to us to the contrary, we will assume that you consent to this means of communication. During the course of our representation, we may develop paper and electronic files containing our work product as well as copies of correspondence and other matters. Except for certain types documents for which the Attorneys elect otherwise, it is our practice to scan the originals of documents, including any and all signature page(s), to store them in a computer database or other electronic format, and then to destroy the originals unless you direct otherwise. You agree that thereafter any printout or other output readable by human sight, the reproduction of which accurately reproduces the original of a document, may be used for any purpose as if it were the original, including proof of the content of the original writing. Paper files that are maintained by us are transferred to an off-site storage facility at some point. It is our policy to retain these paper files for a duration coincident with any legal requirements. Unless you have retrieved these paper files from us before the ten years have elapsed, the papers will be destroyed then without further notice to you.

**Dispute Resolution**. To the extent the parties cannot amicably reach agreement on any disputed issue arising out of or relating to this engagement letter, the parties agree to submit their claims to binding arbitration under the rules and jurisdiction of the American Arbitration Association. Any money in dispute will be held in an escrow account mutually agreeable to the parties.

If this agreement accurately reflects your understanding of the terms of our representation of the Trustee in this matter, please sign and date in the space provided below and return the original to the Attorneys at the above address.

The Trustee acknowledges that the Attorneys have made no promises or guarantees with respect to Big Lots's claims in this matter.

**Disclosures**: Bartko Pavia LLP is a California law firm, and in connection with the above-described contingency fee and fee division, the Client and the Firm acknowledge and agree, consistent with Cal. Business & Professions Code Section 6147, as follows:

1.    Under California law, a contingency fee is not set by law but is negotiable between attorney and client. The contingency fee and percentages in this Agreement set forth the result of that negotiation between the Firm and the Client.

2.    As described above, the Client and the Firm each have separate interests in any compensation received from the Action. Thus, the Firm shall have a lien on any judgment, settlement or recovery which the Client may obtain from the Action or on funds held by the Firm

3060.000/5947551.1

Alfred T. Giuliano
July 14, 2026
Page 4

for the benefit of the Client resulting from the Action, which lien shall be in an amount equal to all sums due the Firm under this Agreement.

3.      There are no related matters arising out of the relationship between the Firm and the Client which would require the Client to pay the Firm any compensation that is not covered by this Agreement, except that, as described below, if the Client terminates this Agreement, the Client acknowledges the Firm's right to recover in *quantum meruit* for services rendered.

4.      The Client acknowledges that this Agreement adequately describes how any and all Costs incurred under this Agreement will affect the Firm's contingency fee and the Client's recovery.

We look forward to working with the Trustee in these matters and thank you again for your confidence and trust.

Very truly yours,

MURRAY MURPHY MOUL + BASIL LLP          SPERLING KENNY NACHWALTER

Joseph Murray                                       Joseph M. Vanek

BARTKO PAVIA LLP

Jason A. Zweig

JAZ:cmp

SO AGREED.

Dated:_____7/17/26_____

Chapter 7 Trustee to Former BL Stores, Inc. et al.

/s/ Alfred T. Giuliano
_____

By:  Alfred T. Giuliano

3060.000/5947551.1