IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FORMER BL STORES, INC., *et al.*, | ) | Case No. 24-11967 (JKS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors,[1] | ) | |

**Objection Deadline: August 13, 2026, at 4:00 p.m. (ET)**
**Hearing Date: August 20, 2026, at 11:00 a.m. (ET)**

**FIRST INTERIM APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM NOVEMBER 10, 2025 THROUGH JUNE 30, 2026**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective as of November 10, 2025 by order signed on or about December 23, 2025 |
| Period for which Compensation and Reimbursement is Sought: | November 10, 2025 through June 30, 2026[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $276,812.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   3,571.79 |

This is a:        ☐monthly        ☒ interim        ☐final application.

---

[1]  The debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The former address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2]  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

2

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $2,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Shirley S. Cho | Partner 2019; Member of CA Bar since 1997; Member of NY Bar since 2002 | $1,650.00 | 2.60 | $ 4,290.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE and NH Bars since 2010 | $1,375.00 $1,295.00 | 141.30 26.30 | $194,287.50 $ 34,058.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 950.00 $ 875.00 | 26.30 7.30 | $ 24,985.00 $ 6,387.50 |
| Andrea T. Bates | Paralegal | $ 695.00 $ 650.00 | 14.20 2.60 | $ 9,869.00 $ 1,690.00 |
| Melissa N. Flores | Paralegal | $ 650.00 | 0.20 | $ 130.00 |
| Leslie A. Forrester | Library | $ 695.00 | 1.00 | $ 695.00 |
| Janet Grayson | Case Management Assistant | $ 525.00 | 0.80 | $ 420.00 |

**Grand Total:** $ 276,812.50
**Total Hours:**      222.60
**Blended Rate:** $     1,243.54

**COMPENSATION BY CATEGORY**

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 22.90 | $30,867.50 |
| Asset Disposition | 17.60 | $22,432.00 |
| Appeals | 7.10 | $ 8,081.50 |
| Bankruptcy Litigation | 52.40 | $67,528.50 |
| Case Administration | 2.90 | $ 1,906.50 |
| Claims Administration and Objections | 17.90 | $21,075.00 |
| Other Professional Compensation | 5.00 | $ 5,991.00 |
| Contract and Lease Matters | 0.40 | $   550.00 |
| Insurance Issues | 2.00 | $ 2,546.00 |
| Litigation (Non-Bankruptcy) | 5.10 | $ 6,612.50 |
| Meetings of and Communications with Creditors | 2.40 | $ 3,047.50 |
| Operations | 0.40 | $   380.00 |
| PSZJ Retention | 3.00 | $ 3,498.00 |
| Other Professional Retention | 49.60 | $57,110.00 |
| Stay Litigation | 29.50 | $39,434.50 |
| Tax Issues | 4.40 | $ 5,752.00 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Attorney Service | Reliable Services | $1,411.59 |
| Bloomberg | | $   100.00 |
| Lexis/Nexis – Legal Research | | $   129.94 |
| Pacer – Court Research | | $   231.90 |
| Reproduction Expense | | $1,410.40 |
| Westlaw – Legal Research | | $   287.96 |

---

[3]PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FORMER BL STORES, INC., *et al*., | ) | Case No. 24-11967 (JKS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors,[1] | ) | |

**Objection Deadline: August 13, 2026, at 4:00 p.m. (ET)**
**Hearing Date: August 20, 2026, at 11:00 a.m. (ET)**

**FIRST INTERIM APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM NOVEMBER 10, 2025 THROUGH JUNE 30, 2026**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel

for the Chapter 7 Trustee, hereby submits its First Interim Application for Compensation and for

Reimbursement of Expenses for the Period from November 10, 2025 through June 30, 2026 (the

"Application").

By this Application PSZ&J seeks an interim allowance of compensation in the

amount of $276,812.50 and actual and necessary expenses in the amount of $3,571.79 for a total

allowance of $280,383.69, and payment of the unpaid amount of such fees and expenses, for the

---

[1] The debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows:  Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277).  The former address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

4899-5134-2784.1 31275.00001

period November 10, 2025 through June 30, 2026 (the "Interim Period").  In support of this

Application, PSZ&J respectfully represents as follows:

### Background

1.      On September 9, 2024 (the "Petition Date"), each of the Debtors

commenced a case under Chapter 11 of the Bankruptcy Code.  On November 10, 2025, the Court

entered an order converting the chapter 11 cases to chapter 7, and Alfred T. Giuliano ("Chapter 7

Trustee") was appointed as the Chapter 7 Trustee in these cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was

approved effective as of November 10, 2025 by this Court's "Order Granting Application of

Chapter 7 Trustee for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP

as Counsel to Chapter 7 Trustee, Effective as of November 10, 2025," signed on or about

December 23, 2025 (the "Retention Order").

### PSZ&J's APPLICATION FOR COMPENSATION AND
### FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

4.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Chapter 7 Trustee.

5.      PSZ&J has received no payment and no promises for payment from any

source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application.  The Firm has no

agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Cases, except among the partners, of counsel, and associates of the Firm.

### Fee Statements

6.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular billing code, separate time entries are set forth in the time reports.  PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

7.      A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

4899-5134-2784.1 31275.00001                                   3

photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

8.      PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Trustee for the receipt of faxes in this case.

9.      With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

<u>Summary of Services Rendered</u>

10.      The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

11.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Chapter 7 Trustee on a regular basis with respect to various matters in connection with the Debtor's  bankruptcy case, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

## Summary of Services by Project

12.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.     Asset Analysis and Recovery

13.     This category relates to asset analysis and recovery issues.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding estate

litigation and next steps; (2) reviewed and analyzed issues regarding document preservation; (3) reviewed and analyzed Hurricane Ida insurance claim issues; (4) reviewed and analyzed issues regarding Ohio litigation; (5) reviewed and analyzed issues regarding Gordon Brothers; (6) performed research; (7) reviewed and analyzed cash reconciliation issues; (8) reviewed and analyzed insurance settlement issues; (9) reviewed and analyzed issues regarding BCBS; (10) reviewed and analyzed vehicle issues; (11) reviewed and analyzed issues regarding IEEPA refunds; (12) reviewed and analyzed Debtor in Possession account issues; (13) reviewed and analyzed asset recovery issues; and (14) corresponded and conferred regarding asset analysis and recovery issues.

Fees:  $30,867.50;     Hours:  22.90

**B.     Asset Disposition**

14.     This category relates to the sale or other disposition of assets.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed abandonment issues; (2) reviewed and analyzed issues regarding Vista records; (3) performed work regarding a motion to abandon Vista records; (4) performed work regarding a notice of destruction of Vista records; (5) reviewed and analyzed distribution issues; (6) performed work regarding Agenda Notices; (7) performed work regarding a Hurricane Ida settlement motion; (8) reviewed and analyzed issues regarding the reissuance of checks relating to disbursements; (9) performed work regarding an order on the motion to abandon records; (10) performed work regarding

4899-5134-2784.1 31275.00001                                   6

declarations in support of the Arch motion; (11) reviewed and analyzed issues regarding the Cathay Home payment; and (12) corresponded regarding asset disposition issues.

Fees: $22,432.00;   Hours: 17.60

C.   **Appeals**

15.   This category relates to appellate issues.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the Lipp CDS ("Lipp") appeal of administrative claim denial; (2) reviewed and analyzed the Lipp notice of appeal; (3) reviewed and analyzed a mediation position letter; (4) reviewed and analyzed the Lipp appellate docket; (5) reviewed and analyzed settlement issues; and (6) corresponded regarding appellate issues.

Fees: $8,081.50;   Hours: 7.10

D.   **Bankruptcy Litigation**

16.   This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the conversion order; (2) reviewed and analyzed initial case issues; (3) performed research; (4) reviewed and analyzed critical date issues; (5) attended to scheduling issues; (6) performed work regarding an Omnibus hearing date order; (7) reviewed and analyzed insurance settlement issues; (8) reviewed and analyzed pending litigation issues; (9) performed work regarding the Hurricane Ida insurance settlement Bankruptcy Rule 9019 motion; (10) reviewed and analyzed issues regarding the Gerson matter; (11) performed work regarding Agenda Notices; (12) reviewed and analyzed issues regarding a removal extension

motion; (13) reviewed and analyzed issues regarding the Arch settlement; (14) performed work regarding the Kroll disbursement agreement; (15) performed work regarding declarations relating to the Arch motion; (16) prepared for and attended a hearing on May 19, 2026; (17) performed work regarding a motion relating to unclaimed funds; (18) reviewed and analyzed payment issues relating to the Hurricane Ida settlement; and (19) conferred and corresponded regarding bankruptcy litigation matters.

Fees:  $67,528.50;      Hours:  52.40

### E.      Case Administration

17.      This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained document control; (2) maintained a memorandum of critical dates; and (3) reviewed and analyzed issues regarding a final report and account filed by the Debtors.

Fees:  $1,096.50;      Hours:  2.90

### F.      Claims Administration and Objections

18.      This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding a schedule of unpaid debts; (2) reviewed and responded to creditor inquiries; (3) reviewed and analyzed issues regarding administrative claims; (4) reviewed and analyzed distribution issues; (5) reviewed and analyzed reconciliation issues; (6) performed work regarding a stipulation and order to resolve the Lipp administrative expense claim; (7) reviewed and analyzed bar date issues; (8) reviewed and analyzed issues regarding an allocation motion;

(9) performed research; (10) reviewed and analyzed issues regarding super priority claims; and (11) corresponded and conferred regarding claim issues.

Fees:  $21,075.00;     Hours:  17.90

### G.    Other Professional Compensation

19.    This category relates to work regarding the compensation of professionals other than the Firm.  During the Interim Period, the Firm, among other things: (1) performed work regarding Agenda Notice and Hearing Binders; (2) reviewed and analyzed issues regarding Chapter 11 professional fees and final fee applications; (3) performed research; (4) reviewed and analyzed issues regarding the Newtone interim fee application; and (5) corresponded regarding compensation issues.

Fees:  $5,991.00;     Hours:  5.00

### H.    Contract and Lease Matters

20.    This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things, reviewed and analyzed contract rejection issues, and reviewed and analyzed rent check issues.

Fees:  $550.00;     Hours:  0.40

### I.    Insurance Issues

21.    This category relates to insurance issues.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed insurance issues and insurance policy issues; (2) reviewed and analyzed settlement issues; and (3) reviewed and analyzed issues regarding an inspection notice.

Fees:  $2,546.00;     Hours:  2.00

4899-5134-2784.1 31275.00001                                9

**J.      Litigation (Non-Bankruptcy)**

22.      This category relates to litigation in courts, other than the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues and documents relating to Ohio litigation and prepared a related summary; (2) reviewed and analyzed employment litigation issues; (3) reviewed and analyzed issues regarding Florida personal injury litigation; and (4) corresponded regarding litigation issues.

Fees:  $6,612.50;       Hours:  5.10

**K.      Meeting of and Communications with Creditors**

23.      This category relates to meeting of and communications with creditors issues.  During the Interim Period, the Firm, among other things, prepared for and attended a Section 341 meeting of creditors on January 8, 2026.

Fees:  $3,047.50;       Hours:  2.40

**L.      Operations**

24.      This category relates to operations issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed payroll and utility issues.

Fees:  $380.00;       Hours:  0.40

**M.      PSZJ Retention**

25.      This category relates to issues regarding retention of the Firm.  During the Interim Period, the Firm, among other things, performed work regarding its retention application, and corresponded regarding retention issues.

Fees:  $3,498.00;       Hours:  3.00

**N.      Other Professional Retention**

26.     This category relates to issues regarding retention of professionals other than the Firm.  During the Interim Period, the Firm, among other things: (1) performed work regarding the GMCO retention application; (2) performed work regarding the Crowell retention application; (3) performed work regarding the Robbins Geller retention application; (4) reviewed and analyzed issues regarding the Thompson Hine engagement; (5) performed work regarding the Stevens Lee retention application; (6) performed work regarding the Ernst Young retention application; (7) performed work regarding the Bewley retention application; (8) performed work regarding the KJK retention application; and (9) corresponded and conferred regarding retention issues.

Fees:  $57,110.00;     Hours:  49.60

**O.      Stay Litigation**

27.     This category relates to the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things: (1) performed work regarding a relief from stay stipulation in the Jones matter; (2) reviewed and analyzed inquiries regarding relief from stay issues; (3) performed research; (4) reviewed and analyzed issues regarding a payment demand received after a Plan injunction letter had been sent; (5) reviewed and analyzed relief from stay issues regarding the Anderson matter; (6) reviewed and analyzed relief from stay motions and prepared a summary; (7) reviewed and analyzed insurance issues; (8) performed work regarding relief from stay stipulations in the Morales, Bell, Myers and Austria matters; (9) performed work regarding stay violation letters in the Caruso and Rossi litigation matters;

(10) reviewed and analyzed issues regarding the Dugan matter; (11) reviewed and analyzed issues regarding a creditor notice of lien; (12) reviewed and analyzed issues regarding garnishment proceedings; (13) performed work regarding response letters relating to stay issues and creditor inquiries; (14) reviewed and analyzed the Slocum relief from stay motion; and (15) corresponded and conferred regarding stay litigation issues.

Fees:  $39,434.50;     Hours:  29.50

**P.     Tax Issues**

28.     This category relates to work regarding tax issues.  During the Interim Period, the Firm, among other things: (1) reviewed and analyzed tax refund issues; (2) performed research; (3) reviewed and analyzed issues regarding a tax notice relating to the Hobbs, New Mexico location; and (4) corresponded and conferred regarding tax issues.

Fees:  $5,752.00;     Hours:  4.40

**Valuation of Services**

29.     Attorneys and paraprofessionals of PSZ&J expended a total 222.60 hours in connection with their representation of the Chapter 7 Trustee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Shirley S. Cho | Partner 2019; Member of CA Bar since 1997; Member of NY Bar since 2002 | $1,650.00 | 2.60 | $ 4,290.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE and NH Bars since 2010 | $1,375.00 $1,295.00 | 141.30 26.30 | $194,287.50 $ 34,058.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 950.00 $ 875.00 | 26.30 7.30 | $ 24,985.00 $ 6,387.50 |
| Andrea T. Bates | Paralegal | $ 695.00 $ 650.00 | 14.20 2.60 | $ 9,869.00 $ 1,690.00 |
| Melissa N. Flores | Paralegal | $ 650.00 | 0.20 | $ 130.00 |
| Leslie A. Forrester | Library | $ 695.00 | 1.00 | $ 695.00 |
| Janet Grayson | Case Management Assistant | $ 525.00 | 0.80 | $ 420.00 |

**Grand Total:** $ 276,812.50
**Total Hours:** 222.60
**Blended Rate:** $ 1,243.54

30. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period is $276,812.50.

31. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period November 10, 2025 through June 30, 2026, an interim allowance be made to PSZ&J for compensation in the amount of $276,812.50 and actual and necessary expenses in the amount of $3,571.79 for a total allowance of $280,383.69; that payment of such allowed amounts be authorized on an interim basis; and for such other and further relief as this Court may deem just and proper.

Dated:  July 24, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:    bsandler@pszjlaw.com
              pkeane@pszjlaw.com
              ecorma@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

4899-5134-2784.1 31275.00001                    14

## CERTIFICATION

Peter J. Keane certifies the following:

a)       I am an attorney with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)       I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Chapter 7 Trustee.

c)       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

*/s/ Peter J. Keane*
Peter J. Keane

4899-5134-2784.1 31275.00001