### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HORCELIA MORROW,<br><br>      Movant,<br><br><br><br>    v.<br><br>BIG LOTS STORES, INC. d/b/a<br>BIG LOTS,<br><br>      Debtor. | CIVIL DIVISION<br>No.: 24-11967 JKS<br><br>Chapter 11 converted to 7 |

**MOTION FOR RELIEF FROM BANKRUPTCY STAY TO PROCEED AGAINST INSURANCE PROCEEDS**

Filed on behalf of Movant:
*Horcelia Morrow*

Counsel of Record for this Party

Ed Hull, Esquire
IL Bar No. 3125281

Cutler | Hull
33 N Dearborn St. Ste 4101
Chicago, IL 60602

ehull@cutlerhull.com
312-307-4141
(312) 995-7102 - Fax

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

HORCELIA MORROW,

      Movant,

   v.

BIG LOTS STORES, INC. d/b/a
BIG LOTS,

      Debtor.

CIVIL DIVISION
No.: 24-11967 JKS

Chapter 11 converted to 7

<u>**MOTION FOR RELIEF FROM BANKRUPTCY STAY TO PROCEED AGAINST INSURANCE PROCEEDS**</u>

    **AND NOW,** comes Movant, Horcelia Morrow (hereinafter "Movant") by and through her attorneys, **CUTLER | HULL** and **Ed Hull Esquire,** and files the within Motion for Relief from Bankruptcy Stay to Proceed Against Insurance Proceeds against Big Lots Stores, Inc., d/b/a Big Lots (hereinafter "Debtor/Defendant") in the above-captioned bankruptcy proceeding. In support thereof, Movant aver as follows:

**- BACKGROUND FACTS -**

*Underlying Lawsuit*

1.      On or about July 10, 2024, Movant- *a business invitee* - sustained serious injuries and damages after falling while attempting to exit the Big Lots store through the designated entrance/exit way due to an unsafe entrance/exit way that had trip hazards but no warning signs located at or near 1751 Homer M Adams Pkwy Alton IL ("the subject premises").

2.      Due to such injuries, Movant filed a Complaint in Civil Action against Debtor/Defendant in Kane County[1], asserting a Negligence claim.

---

[1] Complaint in Civil Action attached hereto as *Exhibit A.*

*Movant Gave Pre-Bankruptcy Filing Notice of her Claim to Defendant*

3.      After plaintiff was injured as described in the Complaint in Civil Action attached as Exhibit A hereto plaintiff reported the incident to the Big Lots store personnel including the then manager at the Alton Illinois store.

4.      The store personnel including the then manager took all of the information from plaintiff concerning the incident that resulted in her injuries and prepared an incident report, assigned a formal Big Lots claim number to plaintiff's claim and communicated all of that to the Big Lot store personnel responsible for customer injury claims and reports from customers concerning incidents such as that reported by plaintiff.

5.  In addition, plaintiff caused two separate written notice of claim letters to be sent to the then CEO of Big Lots—one in October 2024 and a second one in December 2024—at the then address for his offices and the headquarters for Big Lots. See attached Exhibit B

*Bankruptcy Filing by Defendant*

6.      At all relevant times Big Lots Stores, Inc. was a business entity doing business as "Big Lots" and operated throughout the State of Illinois, including at the aforementioned subject premises.

7.      On or about September 9, 2024, Debtor/Defendant filed a Notice of Suggestion of Bankruptcy for Big Lots, Inc., and Certain of its Affiliates under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, to which the Chapter 11 (now converted to 7) cases are being jointly administered as Case No. 24-11967.

8.  Per Debtor/Defendant's filing of the aforementioned, all proceedings in the underlying Civil Action would be stayed pursuant to 11 U.S.C. § 362.

**- RELIEF SOUGHT= WARRANTED -**

9.  Movant has an interest in moving the underlying case forward against the insurance proceeds and insurance coverage for Big Lots and avoiding unnecessary delay.

10.  The Bankruptcy Code allows a court to "grant relief from the stay ...  by terminating, annulling, modifying, or condition such stay ...  for cause." Bankruptcy Code § 362(d)(l).

11.  It is the understanding of Movant that Debtor/Defendant had comprehensive business liability insurance coverage, which is further supported after a review of the docket entries of record in the above matter indicating that indemnification is available to the Debtor/Defendant.

12.  Therefore, Movant seeks relief from stay because they seek only to proceed against the Insurance Policy/Insurance Proceeds and would ultimately not interfere with the bankruptcy proceedings.

**WHEREFORE,** Movant respectfully requests that this Honorable Court enters an Order granting Movant's relief from stay to proceed against insurance proceeds.

Respectfully submitted,

**Cutler | Hull**

*/s/ Ed Hull*
Ed Hull, Esquire
*Counsel for Movant*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

HORCELIA MORROW,

    Movant,

v.

BIG LOTS STORES, INC. d/b/a
BIG LOTS,

    Debtor.

CIVIL DIVISION
No.: 24-11967 JKS

Chapter 11
Converted to 7

## ORDER OF COURT

AND NOW, this \_\_\_ day of _____ 2026, on consideration of the foregoing Motion for Relief from Stay filed by Horcelia Morrow it is hereby **ORDERED** that the within Motion is **GRANTED**. Specifically, Movant may proceed against Big Lots Stores, Inc., d/b/a Big Lots for insurance proceeds and/or under the insurance policy or policies relevant to the underlying Action.

**BY THE COURT:**

_____

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served

upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| X | Overnight Delivery |
| X | Electronic Mail/ CM/ECF Filing |

**Alfred T. Giuliano**

844 King Street
Suite 2207
Wilmington, DE   19801
http://www.justice.gov/ust/r03/wilmington/index.htm
Phone: 302.573.6491
Fax: 302.573.6497
_Trustee—Appointed_

**Daniel B. Butz**
**Robert J. Dehney**
**Andrew R. Remming**
**Sophie Rogers Churchill**
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
16th Floor
Wilmington, DE 19801
302-575-7348
Fax : 302-658-3989
dbutzfamnat.com
rdehney(u morrisnichols.com
aremming@mnat.com
srchurchill amorrisnichols.com
_Bankruptcy Counsel for Debtor, Big Lots, Inc_

**James McClammy**
**Jonah Peppiatt**
**Stephen D. Piraino**
**Brian M. Resnick**
**Adam L. Shpeen**
**Ethan Stem**
Davis Polle & Wardwell LLP

450 Lexington Ave.
New York, NY 10017
212-450-4000
james.mcclammy(mdavisnolk.com
jonah.peppiatt@davispolk.com
stephen.piraino@davispolk.com
brian.resnick(q'ldavispolk.com
adam.shpeenu]☐davispolk.com
ethan.sternta)davispolk.com
*Bankruptcy Counsel for Debtor, Big Lots, Inc*

and via CM/ECF electronic service upon parties registered to receive notices.

**CUTLER | HULL**

**DATE:** JULY 20, 2026          *Isl Ed Hull*_____

**Ed Hull**, Esquire *Counsel for Movant*

# EXHIBIT A

Kane County Circuit Court   THERESA E. BARREIRO   ACCEPTED: 6/26/2026 10:49 AM   By: AB   Env #38740803

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

2026-LA-000352

| | |
|---|---|
| HORCELIA MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. |
| | ) |
| BIG LOTS INC.; BIG LOTS STORES INC.; | ) |
| BIG LOTS STORES INC d/b/a BIG LOTS; | ) |
| BIG LOTS LLC; FORMER BL STORES INC. | ) |
| VALCOUR DEVELOPMENT | ) |
| COMPANY | ) |
| Defendants. | ) |

*Clerk of the Circuit Court
Kane County, Illinois*

**6/25/2026 3:45 PM**

**FILED/IMAGED**

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET
FOR CASE MANAGEMENT CONFERENCE BEFORE

Pheanis, Mark A  ON

**Please see our website for the court date at
https://kanecoportal.co.kane.il.us/portal**

FAILURE TO APPEAR MAY RESULT IN THE CASE BEING
DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED

### COMPLAINT

NOW comes the Plaintiff, HORCELIA MORROW, by and through her attorneys, CUTLER & HULL, and complains of the Defendants, BIG LOTS INC., BIG LOTS STORES INC., BIG LOTS STORES INC d/b/a BIG LOTS, BIG LOTS LLC, and FORMER BL STORES INC. (hereinafter collectively as "BIG LOTS"), and VALCOUR DEVELOPMENT COMPANY (hereinafter "VALCOUR"), pleading hypothetically and in the alternative, Plaintiff states as follows:

### COUNT I

1. On, about and before July 10, 2024 and at all times relevant, BIG LOTS INC. was a business entity doing business in the State of Illinois.

2. On, about and before July 10, 2024 and at all times relevant, BIG LOTS STORES INC. was a business entity doing business in the State of Illinois.

3. On, about and before July 10, 2024 and at all times relevant, BIG LOTS STORES INC. d/b/a BIG LOTS was a business entity doing business in the State of Illinois.

4. On, about and before July 10, 2024 and at all times relevant, BIG LOTS LLC was a business entity doing business in the State of Illinois.

5. On, about and before July 10, 2024 and at all times relevant on information and belief, FORMER BL STORES INC. was a business entity doing business in the State of Illinois.

1

6. On, about and before July 10, 2024 and at all times relevant, on information and belief VALCOUR DEVELOPMENT COMPANY. was a business entity engaged in the business of owning and managing property on which Big Lots had a store in the State of Illinois.

7. On, about and before July 10, 2024 and at all times relevant, on information and belief VALCOUR DEVELOPMENT COMPANY was a business entity that owned and managed the premises where the Alton Illinois Big Lots store was located in the State of Illinois.

8. On, about and before July 10, 2024 and at all times relevant, BIG LOTS owned, leased, possessed, controlled, operated and/or managed and maintained the premises located at, on and near 1751 Homer M Adams Pkwy in Alton IL (hereinafter the "premises").

9. On, about and before July 10, 2024 and at all times relevant , VALCOUR DEVELOPMENT COMPANY also owned, leased, possessed, controlled, operated and/or managed and maintained the premises located at, on and near 1751 Homer M Adams Pkwy in Alton IL (hereinafter the "premises").

10. On, about and before July 10, 2024 and at all times relevant, BIG LOTS employed, supervised, directed through its other employees or agents, servants and or workmen who were, in turn, acting within the course and scope of their employment, agency and or service trained, directed and controlled certain personnel, agents, servants, workman and employees at the premises.

11. On, about and before July 10, 2024 and at all times relevant, VALCOUR DEVELOPMENT COMPANY employed, supervised, directed through its other employees or agents, servants and or workmen who were, in turn, acting within the course and scope of their employment, agency and or service trained, directed and controlled certain personnel, agents, servants, workman and employees at the premises.

12. On, about and before July 10, 2024 and at all times relevant, HORCELIA MORROW was a resident of Illinois.

13. On, about and before July 10, 2024 and at all times relevant BIG LOTS owed a duty to and was

2

responsible for making sure that all entrance and exit ways from the Big Lots store and the outside areas where persons lawfully on the premises could be reasonably expected to use such areas, walk, travel in a wheelchair, go into and out of the Big Lots store and generally use were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

14. On, about and before July 10, 2024 and at all times relevant BIG LOTS knew, or should have known that persons such as the Plaintiff, HORCELIA MORROW, would be on the premises and using the entranceways and exit ways.

15. On, about and before July 10, 2024 and at all times relevant BIG LOTS knew, or should have known that persons such as the Plaintiff, HORCELIA MORROW, would be on the premises and using the entranceways and exit ways while helping a person who was a customer of BIG LOTS with their wheelchair.

16. On, about and before July 10, 2024 and at all times relevant BIG LOTS knew, or should have known that persons such as Plaintiff, may from time to time be on the premises and using the entranceways and exit ways and be in the outside areas and be walking about said areas.

17. On, about and before July 10, 2024 and at all times relevant BIG LOTS knew, or should have known that persons using a wheelchair, may from time to time be on the premises and using the entranceways and exit ways and be in the outside areas and be moving about said areas.

18. On, about and before July 10, 2024 and at all times relevant BIG LOTS knew, or should have known that it should make sure that its personnel, employees, workmen or agents inspect the premises and the outside areas where persons such as the plaintiff could be reasonably expected to walk and be present and to make sure that said areas were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

19. On, about and before July 10, 2024 and at all times relevant Plaintiff was lawfully on the said

3

premises of Defendant BIG LOTS.

20. On, about and before July 10, 2024 and at all times relevant Plaintiff was lawfully in the said premises, using the entrance and exit ways and the outside areas, where persons such as her could be reasonably expected to use said areas of the premises.

21. On, about and before July 10, 2024 and at all times relevant a BIG LOTS employee, workman, servant or agent was responsible for making sure that all outside areas where persons such as Plaintiff could be reasonably expected to use said areas of the premises and be present were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

22. On or about and before July 10, 2024 at all times relevant a BIG LOTS employee, workman, servant or agent undertook to perform work on and/or inspect said areas of the premises and said employee or agent failed to perform said work and/or inspection in a non-negligent manner.

23. On, about and before July 10, 2024 and at all times relevant a BIG LOTS employee, workman, servant or agent failed to make sure that all entranceways and exit ways and outside areas where persons such as Plaintiff could be reasonably expected to use said areas of the premises and be present were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

24. On, about and before July 10, 2024 and at all times relevant BIG LOTS and its employees workmen, servants or agents, had a duty to exercise ordinary care in the inspection, repair and work on said areas of the premises such that said areas were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

25. At and before the time and place aforesaid, Defendant, BIG LOTS, was negligent in one or more of the following ways:

4

a.  Carelessly and negligently managed, and maintained said premises, and in particular the said outside area and entranceways and exit ways where persons such as the Plaintiff could reasonably be expected to be walking;

b.  Carelessly and negligently managed, and maintained said premises, and in particular the said outside area and entranceways and exit ways where persons such as the Plaintiff could reasonably be expected to be walking and helping a BIG LOTS customer who used a wheelchair;

c.  Carelessly and negligently failed to properly manage and maintain said premises, and in particular the outside areas where persons such as a BIG LOTS customer who used a wheelchair could be reasonably expected to walk and be present in a safe and proper condition;

d.  Carelessly and negligently failed to properly manage and maintain said premises, and in particular the outside areas where persons such as Plaintiff could be reasonably expected to walk and be present in a safe and proper condition;

e.  Carelessly and negligently failed to train, direct and manage its personnel, employees, workmen, servants and agents who were engaged in inspecting and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present;

f.  Carelessly and negligently failed to train, direct and manage its personnel, employees, workmen, servants and agents who were engaged in inspecting and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair;

g.  Carelessly and negligently allowed its personnel, employees, workmen, servants and agents who were engaged in inspecting and performing work on the entranceways and exit

5

ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair to do so in an unsafe manner;

h.  Carelessly and negligently failed to provide Plaintiff with reasonably safe conditions in said areas including the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present in and around the said premises;

i.  Carelessly and negligently failed to provide Plaintiff and the BIG LOTS customers using wheelchairs with reasonably safe conditions in said areas including the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present and helping a BIG LOTS customer who used a wheelchair in and around the said premises;

j.  Failed to provide or maintain sufficient and/or appropriate warning signs or other warning mechanisms in and about the said areas including the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present and helping a BIG LOTS customer who used a wheelchair in and around the said premises;

k.  Failing to properly train and instruct its personnel, employees, workmen, servants, and agents working in, on  or around the said premises, and in particular those employees, workmen, servants, or agents that were engaged in inspecting, and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair;

l.  Failed to properly train its personnel, employees, workmen, servants and agents in the proper and safe inspecting, and performing work on the entranceways and exit ways and

6

surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair;

m. Carelessly and negligently failed to warn lawful users, including the Plaintiff, of the unsafe conditions;

n. Carelessly and negligently supervised its agents, workers, servants, personnel and employees working in and around said premises;

o. Carelessly and negligently caused or allowed uneven hazardous areas and hazardous areas to be present in and around the entranceways and exit ways and the outside and surrounding areas of said premises such that persons such as the Plaintiff could slip, trip and fall.

p. Carelessly and negligently caused or allowed uneven hazardous areas and hazardous areas to be present in and around the entranceways and exit ways and outside and surrounding areas of said premises such that persons using wheelchairs could not safely navigate or traverse with a wheelchair over the areas of the entranceways and exit ways and surrounding areas.

q. Failed to provide Plaintiff with a safe pathway for walking in and around the said premises and in particular the entranceways and exit ways and outside and surrounding areas of said premises where persons such as Plaintiff could be reasonably expected to walk and be present in and about the premises:

r. Through its employees and agents failed to properly perform the inspecting, and performing work on the entranceways and exit ways and surrounding areas to make those areas on the premises safe for persons such as Plaintiff and wheelchair users.

26. Defendant, BIG LOTS, knew or should have known of the foregoing dangerous conditions and problems.

27. After plaintiff was injured as described herein plaintiff reported the incident to the store personnel

7

including the then manager at the Alton Illinois store.

28. The store personnel including the then manager took all of the information from plaintiff concerning the incident that resulted in her injuries and prepared an incident report, assigned a formal Big Lots claim number to plaintiff's claim and communicated all of that to the Big Lot store personnel responsible for customer injury claims and reports from customers concerning incidents such as that reported by plaintiff.

29. In addition, plaintiff caused two separate written notice of claim letters to be sent to the then CEO of Big Lots—one in October 2024 and a second one in December 2024—at the then address for his offices and the headquarters for Big Lots.

30. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, BIG LOTS, its agents, personnel, workmen, servants and employees, the Plaintiff was caused to lose her balance and fell and suffered severe and permanent injuries to herself including but not limited to great pain, suffering, mental anguish, and embarrassment,  the inability to enjoy the ordinary pleasures of life and she had to undergo medical treatment and incur medical bills for medical treatment and has been unable to form her normal daily activities.

WHEREFORE, the Plaintiff, HORCELIA MORROW, prays for judgment to be entered in her favor and against the defendant, BIG LOTS, in an amount in excess of $50,000 which this Court deems just and proper, plus costs.

## COUNT II

31. On, about and before July 10, 2024 and at all times relevant, BIG LOTS INC. was a business entity doing business in the State of Illinois.

32. On, about and before July 10, 2024 and at all times relevant, BIG LOTS STORES INC. was a business entity doing business in the State of Illinois.

33. On, about and before July 10, 2024 and at all times relevant, BIG LOTS STORES INC. d/b/a BIG

LOTS was a business entity doing business in the State of Illinois.

34. On, about and before July 10, 2024 and at all times relevant, BIG LOTS LLC was a business entity doing business in the State of Illinois.

35. On, about and before July 10, 2024 and at all times relevant on information and belief, FORMER BL STORES INC. was a business entity doing business in the State of Illinois.

36. On, about and before July 10, 2024 and at all times relevant, on information and belief VALCOUR DEVELOPMENT COMPANY. was a business entity engaged in the business of owning and managing property on which Big Lots had a store in the State of Illinois.

37. On, about and before July 10, 2024 and at all times relevant, on information and belief VARIETY WHOLESALERS. was a business entity engaged in the business of acquiring parts of the Big Lots business in the State of Illinois.

38. On, about and before July 10, 2024 and at all times relevant, on information and belief GORDON RETAIL. was a business entity engaged in the business of acquiring parts of the Big Lots business in the State of Illinois.

39. On, about and before July 10, 2024 and at all times relevant, on information and belief VALCOUR DEVELOPMENT COMPANY was a business entity that owned and managed the land on which the Alton Illinois Big Lots store was located in the State of Illinois.

40. On, about and before July 10, 2024 and at all times relevant, BIG LOTS owned, leased, possessed, controlled, operated and/or managed and maintained the premises located at, on and near 1751 Homer M Adams Pkwy in Alton IL (hereinafter the "premises").

41. On, about and before July 10, 2024 and at all times relevant , VALCOUR DEVELOPMENT COMPANY also owned, leased, possessed, controlled, operated and/or managed and maintained the premises located at, on and near 1751 Homer M Adams Pkwy in Alton IL (hereinafter the "premises").

42. On, about and before July 10, 2024 and at all times relevant, BIG LOTS employed, supervised,

9

directed through its other employees or agents, servants and or workmen who were, in turn, acting within the course and scope of their employment, agency and or service trained, directed and controlled certain personnel, agents, servants, workman and employees at the premises.

43. On, about and before July 10, 2024 and at all times relevant, VALCOUR DEVELOPMENT COMPANY employed, supervised, directed through its other employees or agents, servants and or workmen who were, in turn, acting within the course and scope of their employment, agency and or service trained, directed and controlled certain personnel, agents, servants, workman and employees at the premises.

44. On, about and before July 10, 2024 and at all times relevant, HORCELIA MORROW was a resident of Illinois.

45. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT COMPANY owed a duty to and was responsible for making sure that all entrance and exit ways from the Big Lots store and the outside areas where persons lawfully on the premises could be reasonably expected to use such areas, walk, travel in a wheelchair, go into and out of the Big Lots store and generally use were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

46. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT COMPANY knew, or should have known that persons such as the Plaintiff, HORCELIA MORROW, would be on the premises and using the entranceways and exit ways.

47. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT COMPANY knew, or should have known that persons such as the Plaintiff, HORCELIA MORROW, would be on the premises and using the entranceways and exit ways while helping a person who was a customer of BIG LOTS with their wheelchair.

48. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT

10

COMPANY knew, or should have known that persons such as Plaintiff, may from time to time be on the premises and using the entranceways and exit ways and be in the outside areas and be walking about said areas.

49. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT COMPANY knew, or should have known that persons using a wheelchair, may from time to time be on the premises and using the entranceways and exit ways and be in the outside areas and be moving about said areas.

50. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT COMPANY knew, or should have known that it should make sure that its personnel, employees, workmen or agents inspect the premises and the outside areas where persons such as the plaintiff could be reasonably expected to walk and be present and to make sure that said areas were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

51. On, about and before July 10, 2024 and at all times relevant Plaintiff was lawfully on the said premises of Defendant VALCOUR DEVELOPMENT COMPANY.

52. On, about and before July 10, 2024 and at all times relevant Plaintiff was lawfully in the said premises, using the entrance and exit ways and the outside areas, where persons such as her could be reasonably expected to use said areas of the premises.

53. On, about and before July 10, 2024 and at all times relevant a VALCOUR DEVELOPMENT COMPANY employee, workman, servant or agent was responsible for making sure that all outside areas where persons such as Plaintiff could be reasonably expected to use said areas of the premises and be present were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

54. On or about and before July 10, 2024 at all times relevant a VALCOUR DEVELOPMENT

11

COMPANY employee, workman, servant or agent undertook to perform work on and/or inspect said areas of the premises and said employee or agent failed to perform said work and/or inspection in a non-negligent manner.

55. On, about and before July 10, 2024 and at all times relevant a VALCOUR DEVELOPMENT COMPANY employee, workman, servant or agent failed to make sure that all entranceways and exit ways and outside areas where persons such as Plaintiff could be reasonably expected to use said areas of the premises and be present were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

56. On, about and before July 10, 2024 and at all times relevant VALCOUR DEVELOPMENT COMPANY and its employees workmen, servants or agents, had a duty to exercise ordinary care in the inspection, repair and work on said areas of the premises such that said areas were safe, in proper repair and free of uneven portions of such areas and trip hazards and hazards that would prevent a person from using their wheelchair in its intended and foreseeable manner of operation.

57. At and before the time and place aforesaid, Defendant, VALCOUR DEVELOPMENT COMPANY, was negligent in one or more of the following ways:

   a. Carelessly and negligently managed, and maintained said premises, and in particular the said outside area and entranceways and exit ways where persons such as the Plaintiff could reasonably be expected to be walking;

   b. Carelessly and negligently managed, and maintained said premises, and in particular the said outside area and entranceways and exit ways where persons such as the Plaintiff could reasonably be expected to be walking and helping a BIG LOTS customer who used a wheelchair;

   c. Carelessly and negligently failed to properly manage and maintain said premises, and in particular the outside areas where persons such as a BIG LOTS customer who used a

12

wheelchair could be reasonably expected to walk and be present in a safe and proper condition;

d. Carelessly and negligently failed to properly manage and maintain said premises, and in particular the outside areas where persons such as Plaintiff could be reasonably expected to walk and be present in a safe and proper condition;

e. Carelessly and negligently failed to train, direct and manage its personnel, employees, workmen, servants and agents who were engaged in inspecting and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present;

f. Carelessly and negligently failed to train, direct and manage its personnel, employees, workmen, servants and agents who were engaged in inspecting and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair;

g. Carelessly and negligently allowed its personnel, employees, workmen, servants and agents who were engaged in inspecting and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair to do so in an unsafe manner;

h. Carelessly and negligently failed to provide Plaintiff with reasonably safe conditions in said areas including the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present in and around the said premises;

i. Carelessly and negligently failed to provide Plaintiff and the BIG LOTS customers using wheelchairs with reasonably safe conditions in said areas including the entranceways and

13

exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present and helping a BIG LOTS customer who used a wheelchair in and around the said premises;

j.  Failed to provide or maintain sufficient and/or appropriate warning signs or other warning mechanisms in and about the said areas including the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to walk and be present and helping a BIG LOTS customer who used a wheelchair in and around the said premises;

k.  Failing to properly train and instruct its personnel, employees, workmen, servants, and agents working in, on  or around the said premises, and in particular those employees, workmen, servants, or agents that were engaged in inspecting, and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair;

l.  Failed to properly train its personnel, employees, workmen, servants and agents in the proper and safe inspecting, and performing work on the entranceways and exit ways and surrounding areas where persons such as Plaintiff could be reasonably expected to be walking and helping a BIG LOTS customer who used a wheelchair;

m.  Carelessly and negligently failed to warn lawful users, including the Plaintiff, of the unsafe conditions;

n.  Carelessly and negligently supervised its agents, workers, servants, personnel and employees working in and around said premises;

o.  Carelessly and negligently caused or allowed uneven hazardous areas and hazardous areas to be present in and around the entranceways and exit ways and the outside and surrounding areas of said premises such that persons such as the Plaintiff could slip, trip

14

and fall.

p. Carelessly and negligently caused or allowed uneven hazardous areas and hazardous areas to be present in and around the entranceways and exit ways and outside and surrounding areas of said premises such that persons using wheelchairs could not safely navigate or traverse with a wheelchair over the areas of the entranceways and exit ways and surrounding areas.

q. Failed to provide Plaintiff with a safe pathway for walking in and around the said premises and in particular the entranceways and exit ways and outside and surrounding areas of said premises where persons such as Plaintiff could be reasonably expected to walk and be present in and about the premises:

r. Through its employees and agents failed to properly perform the inspecting, and performing work on the entranceways and exit ways and surrounding areas to make those areas on the premises safe for persons such as Plaintiff and wheelchair users.

58. Defendant, VALCOUR DEVELOPMENT COMPANY _, knew or should have known of the foregoing dangerous conditions and problems.

59. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, VALCOUR DEVELOPMENT COMPANY, its agents, personnel, workmen, servants and employees, the Plaintiff was caused to lose her balance and fell and suffered severe and permanent injuries to herself including but not limited to great pain, suffering, mental anguish, and embarrassment, the inability to enjoy the ordinary pleasures of life and she had to undergo medical treatment and incur medical bills for medical treatment and has been unable to form her normal daily activities.

WHEREFORE, the Plaintiff, HORCELIA MORROW, prays for judgment to be entered in her favor and against the defendant, VALCOUR DEVELOPMENT COMPANY, in an amount in excess of $50,000 which this Court deems just and proper, plus costs.

15

Respectfully Submitted,
HORCELIA MORROW


By:_____/s/ Ed Hull_____
                One of her attorneys

Ed Hull--3125281
Cutler & Hull
33 N Dearborn Street Ste. 410
Chicago, IL 60602
(312) 726-0777
ehull@cutlerhull.com

16

# EXHIBIT B

# Cutler | Hull

Attorneys at Law
33 N. Dearborn Street
Suite 1205
Chicago, Illinois 60602

Phone:(312) 726-0777
Fax:   (312) 995-7102

E-Mail Address:
ehull@cutlerhull.com

October 1, 2024

**VIA Regular Mail**

Bruce Thorn, President/CEO
Big Lots Stores, Inc.
4900 E. Granville Dublin Road
Columbus, OH 43081

|  | **Re:** | **Our Client:** | **Horcelia Morrow** |
|---|---|---|---|
|  |  | **Date of Loss:** | **July 10, 2024** |
|  |  | **Store:** | **Alton, IL** |

# PERSONAL INJURY DAMAGE CLAIM

Dear  Mr. Thorn:

We have been retained to represent **Horcelia Morrow** in connection with claims for damages and losses that our client sustained as a result of a fall at your Alton IL store caused by Big Lots negligence on July 10, 2024.

In connection with our representation of **Horcelia Morrow** we are entitled to receive and hereby claim an attorneys' lien upon any and all claims that our client has against you and your insurance company, and as to all amounts that may be recovered on our client's behalf.

**Send this to your insurance company.**

We look forward to hearing from you. Contact me via email **at ehull@cutlerhull.com** or by **phone at 312-307-4141.**

Very truly yours,

CUTLER | HULL

*/s/ Ed Hull*

Ed Hull

# Cutler | Hull

Attorneys at Law
33 N. Dearborn Street
Suite 1205
Chicago, Illinois 60602

Phone:(312) 726-0777
Fax:    (312) 995-7102

E-Mail Address:
ehull@cutlerhull.com

December 4, 2024

**VIA Regular Mail**

Bruce Thorn, President/CEO
Big Lots Stores, Inc.
4900 E. Granville Dublin Road
Columbus, OH 43081

**FOLLOW UP--2**

| Re: | **Our Client:** | **Horcelia Morrow** |
| --- | --- | --- |
| | **Date of Loss:** | **July 10, 2024** |
| | **Store:** | **Alton, IL** |

## PERSONAL INJURY DAMAGE CLAIM

Dear  Mr. Thorn:

We have been retained to represent **Horcelia Morrow** in connection with claims for damages and losses that our client sustained as a result of a fall at your Alton IL store caused by Big Lots negligence on July 10, 2024.

In connection with our representation of **Horcelia Morrow** we are entitled to receive and hereby claim an attorneys' lien upon any and all claims that our client has against you and your insurance company, and as to all amounts that may be recovered on our client's behalf.

**Send this to your insurance company.**

We look forward to hearing from you. Contact me via email **at ehull@cutlerhull.com** or by **phone at 312-307-4141.**

Very truly yours,

CUTLER | HULL

*/s/ Ed Hull*

Ed Hull

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

|          |                                          |
|----------|------------------------------------------|
| _____ | First Class Mail, Postage Prepaid        |
| _____ | Certified Mail - Return Receipt Requested|
| _____ | Hand Delivery                            |
| _____ | Facsimile Transmission                   |
|    X     | Overnight Delivery                       |
|    X     | Electronic Mail/ CM/ECF Filing           |

**Alfred T. Giuliano**

844 King Street
Suite 2207
Wilmington, DE   19801
http://www.justice.gov/ust/r03/wilmington/index.htm
Phone: 302.573.6491
Fax: 302.573.6497

*Trustee—Appointed*

**Daniel B. Butz; Robert J. Dehney; Andrew R. Remming; Sophie Rogers Churchill**

Morris, Nichols, Arsht & Tunnell LLP 1201 N. Market Street
16th Floor Wilmington, DE 19801
    302-575-7348
    Fax : 302-658-3989
dbutz@mnat.com rdehney@morrisnichols.com
aremming@mnat.com srchurchill@morrisnichols.com
    *Bankruptcy Counsel for Debtor, Big Lots, Inc*

**James McClammy; Jonah Peppiatt; Stephen D. Piraino; Brian M. Resnick; Adam L. Shpeen; Ethan Stem**

Davis Polle & Wardwell LLP
    450 Lexington Ave. New York, NY 10017 212-450-4000
james.mcclammy@davisnolk.com

jonah.peppiatt@davispolk.com stephen.piraino@davispolk.com
brian.resnick@davispolk.com adam.shpeen@davispolk.com
ethan.stem@davispolk.com
  *Bankruptcy Counsel for Debtor, Big Lots, Inc*

and via CM/ECF electronic service upon parties registered to receive notices.

                                             **CUTLER | HULL**

**DATE:** JULY 20, 2026                    *Isl Ed Hull*
                                             **Ed Hull**, Esquire
                                             *Counsel for Movant*