**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*,[1] | Case No. 24-11967 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 3513** |

**ORDER APPROVING APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, TO EMPLOY AND RETAIN SPECIAL COUNSEL UNDER 11 U.S.C. §
327(E) TO PURSUE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION,
EFFECTIVE AS OF JULY 14, 2026**

Upon the application (the "Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), for entry of an order pursuant to sections 327(e) and 328 of title 11 of the United States Code (the "Bankruptcy Code"): (a) authorizing the Trustee to employ and retain (i) Murray Murphy Moul + Basil, LLP; (ii) Sperling Kenny Nachwalter; (iii) Bartko Pavia LLP (collectively, the "Firms") as special counsel to the Trustee to pursue the estates' claims in the matter captioned *In re: Blue Cross Blue Shield Antitrust Litigation* (2:13-CV- 20000-RDP) (the "BCBS Litigation"), effective as of July 14, 2026; and (b) granting related relief, all as more fully set forth in the Application; and upon the Declarations; and the Court being satisfied, based on the representations made in the Application

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and the Declarations that the Firms do not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, that each of the Firms are disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and that the employment of the Firms is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      Pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Trustee is authorized to retain and employ the Firms as special counsel, effective as of the July 14, 2026, pursuant to the terms set forth in the Application and Engagement Letter.

3.      The contingency fee arrangement is hereby approved pursuant to section 328(a) of the Bankruptcy Code.

4.      To the extent the BCBS Litigation results in any recovery as the result of a judgment, settlement, or otherwise, the Firms shall file a fee statement identifying the financial benefit recovered on behalf of the Debtors' estates, net of any costs and disbursements incurred by the Firms. The fee statement will also include appropriate detail with respect to such costs and disbursements and shall also disclose the terms of any sharing of compensation among the Firms.

5.      The Firms shall be entitled to payment of compensation and reimbursement of expenses in accordance with the approved contingency fee arrangement, subject to review only to the extent that the Court determines that the compensation provided under the approved Engagement Letter proves to have been improvident in light of developments not capable of being anticipated at the time of approval in accordance with section 328(a), and without the need for a lodestar or reasonableness review under section 330(a).

6.      The Trustee is authorized to take all actions necessary or appropriate to carry out the provisions of this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 13th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

3