**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>**Obj. Due: September 16, 2026, at 4:00 p.m. ET**<br>**Hearing Date: TBD** |

**MOTION OF MARGARET PISKO FOR**
**RELIEF FROM THE AUTOMATIC STAY**

Margaret Pisko ("Ms. Pisko" or "Movant"), by and through her undersigned counsel, files this motion for relief from the automatic stay to allow prosecution of a personal injury claim pending in New Jersey against one or more of the above-captioned debtors ("Debtors"), under 11 U.S.C. § 362(d) and pursuant to Fed. R. Bankr. P. 4001(a), 9014 and Del. Bankr. L.R. 4001-1. In support of the Motion, Ms. Pisko states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Pursuant to 28 U.S.C. § 1409, venue of this Motion is proper in this Court.

4. Pursuant to Del. Bankr. L.R. 9013-1(f), the Movant consents to the entry of final orders or judgments by the Court with respect to the Motion if it is determined that the Court,

[1] The debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. The Movant does not, however, consent to the adjudication of her claims by this Court nor does she concede that jurisdiction is proper as to such adjudication under 28 U.S.C. § 1334 or otherwise.

## FACTUAL BACKGROUND

### A. Ms. Pisko's Injury

5. On or about December 6, 2022, Ms. Pisko was a business invitee at a Big Lots retail store located at 1214 NJ-47, Suite 1, Toms River, New Jersey (the "Premises").

6. While at the Premises, Ms. Pisko tripped on a piece of metal that created an uneven walking surface in the cart-return area at or near the front entrance of the store. Ms. Pisko asserts that the condition constituted a dangerous and unsafe tripping hazard and that the defendants knew or, in the exercise of reasonable care, should have known of the condition.

7. As a result of the incident, Ms. Pisko asserts that she sustained serious injuries, including an impacted humeral-head fracture, left-arm pain, right-knee pain, and other injuries and damages.

8. Ms. Pisko further asserts that she has incurred and may continue to incur medical expenses, has undergone diagnostic testing and treatment, and has suffered and may continue to suffer lost wages, lost earnings, and lost earning capacity.

### B. The State Court Action

9. On September 9, 2024, Ms. Pisko commenced an action in the Superior Court of New Jersey, Burlington County, Law Division, captioned *Margaret Pisko v. Big Lots, Inc., et al.*, Docket No. L-001832-24 (the "State Court Action").

10. The complaint (the "Complaint") in the State Court Action asserts personal injury claims against Big Lots, Inc. and certain John Doe corporate and individual defendants arising from the December 6, 2022 incident. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

11. The State Court Action has been stayed due to Big Lots' filing of these bankruptcy cases.

**C. The Big Lots Bankruptcy Case**

12. On September 29, 2024 (the "Petition Date"), Big Lots, Inc. and certain of its affiliates commenced voluntary cases under chapter 11 of the Bankruptcy Code in this Court. The cases are jointly administered under Case No. 24-11967 (JKS).

13. On November 10, 2025, this Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [D.I. 3319] (the "Conversion Order").

14. Alfred Giuliano was thereafter appointed as chapter 7 trustee (the "Trustee"). [D.I. 3322].

15. On December 4, 2024, Ms. Pisko timely filed Proof of Claim No. 3665 against Big Lots, Inc. in the amount of $200,000.[2]

16. Upon information and belief, the Debtors are insured for Ms. Pisko's claims in the State Court Action.

[2] The Proof of Claim does not include interest, costs, and any other amounts that may be awarded by the jury.

## RELIEF REQUESTED[3]

17. By this Motion, Ms. Pisko seeks the entry of an Order modifying the automatic stay.

18. Specifically, Ms. Pisko seeks entry of an Order permitting her to pursue her State Court Action against the Debtors, as nominal defendants thereto, to fix the amount owed to Ms. Pisko, and to collect against the Debtors' insurance policies, as permissible by law.

19. Ms. Pisko is not seeking and will not seek to collect any sums directly from the Debtors or their estates outside of this bankruptcy court proceeding, unless and until this Court orders that Ms. Pisko may do so.

20. By virtue of 11 U.S.C. § 362(a), the commencement of or prosecution of any action against the Debtors has been stayed pending a hearing on this Motion.

21. Section 362(d) of the Bankruptcy Code provides the following:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and

[3] The party opposing stay relief bears the burden of proof on every issue except the debtor's equity in the property. 11 U.S.C. § 362(g). This statute "by its burden shifting, seems almost . . . to ask 'why shouldn't the stay be lifted'" rather than asking "why should the court lift the stay." *In re Abeinsa Hldg., Inc.*, No. 16-10790 (KJC), 2016 Bankr. LEXIS 3641, at *8 (Bankr. D. Del. Oct. 6, 2016).

(B) such property is not necessary to an effective reorganization.

9. In determining whether cause exists to lift the stay to permit a party to pursue an action outside of the Bankruptcy Court, this Court may consider whether: (a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship of the debtor; and (c) the creditor has a probability of prevailing on the merits. *See generally In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

10. Courts are also directed to consider the following legislative history:

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576.

11. The legislative history of section 362 indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R. REP. NO. 95-595, 95TH CONG., 1ST SESS., 343–344 (1977), U.S. Code Cong. & Admin. News, pp. 5787, 6300. *See also In re Rexene*, 141 B.R. at 576 (finding "cause" for relief to allow civil plaintiffs to proceed with a class action against the debtor because discovery was nearly complete, both parties were nearly ready for trial prior to the bankruptcy filing, trial of the claim in bankruptcy court would be burdensome to plaintiffs and risk unnecessary, duplicative litigation, and plaintiffs had at least some probability of success on merits of suit); s*ee also In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) (citing various

examples of "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claims).

12. This Court, in the *Continental Airlines* decision referred to above, set forth the following framework for analyzing motions for relief from the automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the Movant. In balancing the competing interests of the debtor and the Movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *See Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 734–37 (7th Cir. 1991).

*Continental Airlines*, 152 B.R. at 424.

13. Application of the standards set forth in the case law here weighs overwhelmingly in favor of granting stay relief. The prejudice to Ms. Pisko in forcing her to pursue her claim in Delaware, or not pursuing the claim at all until these chapter 7 cases are fully administered, is manifest. The incident occurred in New Jersey, the State Court Action is pending in New Jersey, and the relevant witnesses, medical providers, and evidence are concentrated there. In any event, because Ms. Pisko's claim is in the nature of personal injury, this Court may not try that claim. 28 U.S.C. § 157(b)(5).

14. By contrast, liquidation of Ms. Pisko's claim in the forum where it is already pending would not interfere with a reorganization. The Debtors' cases have been converted to chapter 7, there is no operating business to rehabilitate, and Ms. Pisko has already filed Proof of Claim No. 3665.

15. Moreover, Ms. Pisko's exhibiting hardship in collecting against non-Debtor parties will undoubtedly be exacerbated, far outweighing any hardship to the Debtors, if the stay is not modified, and Ms. Pisko is not permitted to pursue the State Court Action.

16. Finally, under the circumstances presented, Ms. Pisko has colorable claims against non-Debtor parties and deserves an opportunity to pursue those claims through the legal action proposed herein.

17. As to probability of success on the merits, this Court need not conduct a "mini-trial" to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.*, 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002), vacated, 298 B.R. 49 (S.D.N.Y. 2003). Rather, this prong merely requires a showing that the cause of action has some merit.

18. Here, Ms. Pisko asserts that she was seriously injured after tripping on a piece of metal that created an uneven walking surface and dangerous tripping hazard in the cart-return area at the Toms River store. The Complaint alleges that Big Lots and the other defendants created or permitted the condition, knew or should have known of it, and failed to repair the condition or provide adequate warnings. This is, in whole or in part, a personal injury action, and no detailed merits showing is required to obtain stay relief.

19. For the foregoing reasons, Ms. Pisko respectfully requests that the stay be lifted and an Order entered granting Ms. Pisko authority to proceed with her State Court Action against the Debtors, as nominal parties only, and to proceed to collect any judgment or settlement obtained solely against available insurance proceeds.

20. Ms. Pisko expressly reserves all of her rights with respect to this Motion, including the right to amend or supplement the Motion at any time prior to the final hearing thereon.

**WHEREFORE**, the Movant respectfully requests entry of an Order, substantially in the form of the Proposed Order, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: September 2, 2026
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Email: jedmonson@rc.com
Telephone: (302) 516-1700
Facsimile: (302) 516-1699

*Counsel for Margaret Pisko*