# Exhibit A

New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

| For Use by Clerk's Office Only | | | | |
|---|---|---|---|---|
| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |

| | | |
|---|---|---|
| Attorney/Pro Se Name<br>John A. Mattiacci Jr. | Telephone Number<br>8562192481 ext. | County of Venue<br>Burlington |
| Firm Name (if applicable)<br>Mattiacci Law, LLC | | Docket Number (when available) |
| Office Address - Street<br>110 Marter Street, Suite 502 | City<br>Moorestown | State NJ / Zip 08057 |
| Document Type<br>Complaint | | Jury Demand<br>■ Yes ☐ No |
| Name of Party (e.g., John Doe, Plaintiff)<br>Margaret Pisko, Plaintiff | Caption<br>Margaret Pisko v. Big Lots, Inc., et al | |

Case Type Number (See page 3 for listing) 605

Are sexual abuse claims alleged? ☐ Yes ■ No

Does this case involve claims related to COVID-19? ☐ Yes ■ No

Is this a professional malpractice case? ☐ Yes ■ No

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending? ☐ Yes ■ No

If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No

Name of defendant's primary insurance company (if known) ☐ None ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ☐ Yes ■ No

If "Yes," is that relationship:

☐ Employer/Employee ☐ Friend/Neighbor ☐ Familial ☐ Business

☐ Other (explain) ______________________________

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations? ☐ Yes ■ No

If yes, please identify the requested accommodation:

Will an interpreter be needed? ☐ Yes ■ No

If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: ______________________________

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES**

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under “Case Characteristics”.

**Please check off each applicable category**

☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

**MATTIACCI LAW, LLC**
By: John A. Mattiacci, Jr., Esquire
Attorney ID No.: 041622002
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
PH: 856-219-2481
FX: 856-219-2479
Attorney for Plaintiff

| | |
|---|---|
| MARGARET PISKO<br><br>vs.<br><br>BIG LOTS, INC. AKA BIG LOTS!<br><br>JOHN DOE CORPORATION (#1-10)<br><br>JOHN DOE INDIVIDUAL (#1-10)<br><br>Defendants | **SUPERIOR COURT OF NEW JERSEY**<br>**BURLINGTON COUNTY - LAW DIVISION**<br><br>**DOCKET NO.**<br><br>**PLAINTIFF'S CIVIL ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Margaret Pisko, is a citizen and resident of the State of New Jersey currently residing at 320 Radio Road, Apartment 7A, Little Egg Harbor, NJ.

2. Defendant Big Lots, Inc. AKA Big Lots! is upon information and belief a corporation or other business entity existing under and by virtue of the laws of the State of Ohio with its principal place of business at 4900 E. Dublin Granville Road, Columbus, Ohio 43081, and at all times relevant owned, operated, managed, controlled and maintained the retail store and premises held open to the public and known as Big Lots! located at 1214 NJ-47, Suite 1, Toms River, NJ 08753 (hereinafter "the premises").

3. Defendant(s) JOHN DOE CORPORATION (#1-10) are the fictitious names of corporations, partnerships, entities and/or individuals who are presently unknown to plaintiff and are presently being identified in this complaint under a fictitious name pursuant to New Jersey Rule of Court 4:26-4, and who are the alter egos or are otherwise responsible for the conduct or liability of those who owned or otherwise performed or had responsibilities for the care, custody, control, inspection,

maintenance, ownership, and repair of the premises, including the common areas, walkways, merchandise, including the cart return area at or near the front entrance of the store and the surrounding ground that caused Plaintiff's injuries, and at all times relevant hereto conducted business in the State of New Jersey on a regular, continuous and systematic basis.

4. Defendant(s) JOHN DOE INDIVIDUAL (#1-10) are the fictitious names of individuals who are presently unknown to plaintiff and are presently being identified in this complaint under a fictitious name pursuant to New Jersey Rule of Court 4:26-4, and who are the alter egos or are otherwise responsible for the conduct or liability of those who owned or otherwise performed or had responsibilities for the care, custody, control, inspection, maintenance, ownership, and repair of the premises, including the cart return area at or near the front entrance of the store and the surrounding ground that caused Plaintiff's injuries, and at all times relevant hereto conducted business in the State of New Jersey on a regular, continuous and systematic basis.

5. At all times material hereto, defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), acted and/or failed to act by and through their duly authorized agents, servants, workmen, contractors, owners, officers and/or employees acting with the course and scope of their respective employment and/or agency.

6. At all times material hereto, defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), had responsibilities for the care, custody, control, inspection, maintenance, ownership, and repair of the premises, including the common areas, walkways, merchandise, including the cart return area at or near the front entrance of the store and the surrounding ground that caused or contributed to Plaintiff's incident and injuries.

7. At all times material hereto, the negligence and carelessness of defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), jointly and severally, resulted in severe and/or permanent injuries to Plaintiff.

8. At all times material hereto defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), acted as the owners and/or property managers of the premises, including the common areas, walkways, and merchandise, and including the cart return area at or near the front entrance of the store and the surrounding ground that caused or contributed to Plaintiff's incident and injuries.

9. At all times material hereto defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), caused and/or allowed the premises, including the cart return area at or near the front entrance of the store and the surrounding ground, to remain in dangerous condition to invitees, including Plaintiff.

10. At all times material hereto, defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), had duty and responsibility to maintain the premises, including the cart return area at or near the front entrance of the store and the surrounding ground in a safe condition and free of hazards and dangerous conditions.

11. At all times material hereto, defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), were responsible for the safety of invitees at the aforementioned premises including, but not limited to, Plaintiff Margaret Pisko.

12. On or about December 6, 2022, Plaintiff Margaret Pisko was a business invitee inside the premises when she was caused to trip on a piece of metal causing an uneven walking surface in the cart return area at or near the front entrance of the store and was injured due to a dangerous and unsafe tripping hazard inside the premises.

13. Defendants created and/or permitted this condition to exist on the premises that was so dangerous that it was a certainty and/or a substantial certainty that Plaintiff would be injured in an area where defendants knew or should have known pedestrians would walk in that area of the cart return to obtain or return shopping carts, that was offered to business invitees.

14. At all times relevant hereto, defendants knew or in the exercise or reasonable care should have known that creating, allowing and/or failing to remove an unsafe and dangerous and unsafe tripping hazard inside the premises constituted a foreseeable hazard to invitees, including Plaintiff.

15. At all times relevant hereto, defendants had actual and/or constructive notice of the hazardous condition that caused Plaintiff's fall incident, specifically the dangerous and unsafe tripping hazard inside the premises which caused the injuries damages more specifically set forth hereinafter, and said condition was present for an extended amount of time.

16. As a direct and proximate result of the negligence and carelessness of the defendants, jointly and severally, Plaintiff Margaret Pisko suffered serious injuries to including but are not limited to an impacted humeral head fracture, left arm pain, right knee pain, and other areas of the body, limitations, pain, and other injuries and damages more specifically set forth hereinafter.

**COUNT I**

**MARGARET PISKO V. BIG LOTS, INC. AKA BIG LOTS!, JOHN DOE CORPORATION (#1-10), AND JOHN DOE INDIVIDUAL (#1-10)**

17. The previous paragraphs are incorporated by reference as if fully set forth herein.

18. The negligence and carelessness of defendants Big Lots, Inc. AKA Big Lots!, JOHN DOE CORPORATION (#1-10) and/or JOHN DOE INDIVIDUAL (#1-10), acting individually, jointly and/or severally and by and through their respective agents, servants, workmen and/or employees, consisted of, inter alia, the following:

a. Failing to warn Plaintiff of the hazardous condition that injured her, namely the dangerous, unsafe and hazardous condition of the cart return area at or near the front entrance of the store inside the premises;

b. Failing to utilize caution signs or other warning signs in and around the cart return area at or near the front entrance of the store inside the premises were located;

c. Failing to adequately warn Plaintiff about the dangerous, unsafe and hazardous

condition of cart return area at or near the front entrance of store when defendants had actual knowledge or constructive knowledge of the defective condition prior to Plaintiff's incident;

d. Failing to inspect and maintain the dangerous, unsafe and hazardous condition of the cart return area at or near the front entrance of the store and surrounding ground in a safe condition;

e. Failing to provide a hazard-free area for invitees, such as Plaintiff;

f. Failing to adequately train their respective agents, servants, workmen and/or employees to identify, locate, correct, repair and/or remove hazards located on the premises, such as the dangerous, unsafe and hazardous condition of the cart return area at or near the front entrance of the store and surrounding ground on the premises;

g. Failing to adequately train their agents, servants, workmen and/or employees to warn business invitees of hazards such as the dangerous, unsafe and hazardous condition in the cart return area at or near the front entrance and surrounding ground on the premises;

h. Failing to exercise reasonable care in searching for dangerous conditions of the premises;

i. Creating, permitting, or utilizing a mode of operation that resulted in a dangerous, unsafe and hazardous condition of the cart return area at or near the front entrance of the store and surrounding ground;

j. Creating, permitting, or utilizing a mode of operation that resulted in a dangerous, unsafe and hazardous condition of the cart return area at or near the front entrance of the store and surround ground when defendant knew or in the exercise of

reasonably care should have known that it did or would result in a tripping hazard;

k. Failing to search for and correct the dangerous, unsafe and hazardous condition of the cart return area at or near the front entrance of the store and surrounding ground when defendants knew or in the exercise of reasonable care should have known that allowing such a dangerous condition to exist on the premises created an unreasonable hazard to invitees such as Plaintiff;

l. Failing to maintain the premises in a safe condition for invitees such as Plaintiff;

m. Violating local building codes and property codes;

n. Violating their duties pursuant to the Restatement Second of Torts;

o. Other acts of carelessness and negligence that may be uncovered during discovery;

p. Failing to properly train and supervise their respective employees;

q. Failing to adopt, enact, employ and enforce proper safety programs, procedures, measures and plans to regularly inspect, identify, mark and/or remove dangerous, unsafe and dangerous condition of the cart return area at or near the front entrance of the store and surrounding ground;

r. Failing to repair the dangerous, unsafe and dangerous condition of the cart return area at or near the front entrance of the store and surrounding ground;

s. Permitting a dangerous condition to exist on the premises;

t. Failing to post appropriate warnings in the area where Plaintiff was injured;

u. Failing to recognize and repair a known, dangerous condition;

v. Failing to have on staff enough workers to make the premises safe;

w. Failing to fully, completely, or property remove prior fence or guide in the cart return area;

x. Failing to act reasonably under the circumstances.

22. As a direct and proximate result of the negligence and carelessness of the defendants, jointly and severally, as aforesaid, Plaintiff Margaret Pisko suffered permanent injuries whereby body part(s) or organ(s) or both, have not healed to function normally and will not heal to function normally with further medical treatment, which injuries required medical treatment, caused pain and suffering, disability and impairment and the loss of enjoyment of life and incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in continuing pain and suffering. disability and impairment and loss of enjoyment of life.

23. As a further direct and proximate result of the negligence and carelessness of the defendants, jointly and severally, as aforesaid, Plaintiff suffered, *inter alia*, a loss of life's pleasures and an inability to engage in her usual and customary activities, she has in the past and will in the future continue to experience pain, suffering, emotional distress and humiliation, embarrassment, the inability to engage in some or all athletic or physical pursuits, and an inability to perform her work duties or recreational activities in full or in part, some or all of which may be permanent in nature.

24. As a further direct and proximate result of the negligence and carelessness of the defendants, jointly and severally, as aforesaid, Plaintiff was caused to undergo extensive treatment and diagnostic testing, including X-rays, MRI scans, and other medical and orthopedic testing and evaluation, and Plaintiff may require additional treatment in the future, all to her great detriment and loss.

25. As a further direct and proximate result of the negligence and carelessness of the defendants, jointly and severally, as aforesaid, Plaintiff has in the past and may in the future have to pay or incur various sums for medical care, all to her great detriment and loss.

26. As a further direct and proximate result of the negligence and carelessness of the defendants, jointly and severally, as aforesaid, Plaintiff has in the past been caused to miss time from work and has in the past or may in the future continue to suffer lost wages, lost earnings and lost earning capacity.

WHEREFORE Plaintiff Margaret Pisko demands judgment in her favor and against defendants, jointly and severally, for compensatory damages together with interest, costs, and any other amount this Honorable Court deems appropriate.

***MATTIACCI LAW, LLC***

BY: ______________________________
John A. Mattiacci, Jr.
Attorney for Plaintiff, Margaret Pisko

**DESIGNATION OF TRIAL COUNSEL**
**PURSUANT TO RULE 4:25-4**

Please take notice that John A. Mattiacci, Jr., Esquire is hereby designated as trial counsel for plaintiff, Margaret Pisko.

**DEMAND FOR TRIAL BY JURY**

Please take notice that demand is hereby made by plaintiffs, Margaret Pisko, for a Trial by Jury as to all issues of this cause of action.

**MATTIACCI LAW, LLC**

BY: ______________________________
JOHN A. MATTIACCI, JR., ESQUIRE

Dated: 9/7/2024

**CERTIFICATION PURSUANT TO RULES 4:5-1 and 4:6-1(d)**

1. The Complaint has been filed within the time period allowed by the Rules of the Court.

2. To the best of my knowledge and belief, this matter is not the subject of any other matters pending in the Superior Court of New Jersey for Burlington County.

3. To the best of my knowledge and belief, there are no other parties who should be joined in this action pursuant to Rule 4:30A.

**MATTIACCI LAW, LLC**

BY: ______________________________
JOHN A. MATTIACCI, JR., ESQUIRE

Dated: 9/7/2024

**DEMAND FOR ANSWERS TO INTERROGATORIES**

Plaintiff hereby demands that defendants provide certified answers to Form C and C(2) Interrogatories within the time prescribed by the Rules of the Court.

**MATTIACCI LAW, LLC**

BY: ________________________________
JOHN A. MATTIACCI, JR., ESQUIRE

Dated: 9/7/2024

**CERTIFICATION**

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

[signature]

MARGARET PISKO

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-001832-24

**Case Caption:** PISKO MARGARET VS BIG LOTS, INC.
**Case Initiation Date:** 09/09/2024
**Attorney Name:** JOHN ANTHONY MATTIACCI JR
**Firm Name:** MATTIACCI LAW, LLC
**Address:** 110 MARTER AVE STE 502
MOORESTOWN NJ 08057
**Phone:** 8562192481
**Name of Party:** PLAINTIFF : Pisko, Margaret
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Margaret Pisko? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/09/2024
Dated

/s/ JOHN ANTHONY MATTIACCI JR
Signed