# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 1627** |

**ORDER APPROVING STIPULATION REGARDING ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM OF BIG MIFL2 OWNER LLC**

Upon consideration of the *Stipulation Regarding Allowance of Administrative Expense Claim of Big Mifl2 Owner LLC* (the "Stipulation"),[2] by and between Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors") and Big Mifl2 Owner LLC ("Lessor," and together with the Trustee, the "Parties"), a copy of which is attached hereto as **Exhibit 1**; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

[2] Capitalized terms used but not otherwise defined herein have the terms given to them in the Stipulation.

the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is APPROVED.

2. The Parties are authorized to take any actions necessary or appropriate to implement the terms of the Stipulation and this Order without further order of the Court.

3. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

4. This Order is effective immediately upon entry by the Court.

# EXHIBIT 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| FORMER BL STORES, INC., *et al.*, | Case No. 24-11967 (JKS) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 1627** |

**STIPULATION REGARDING ALLOWANCE OF**
**ADMINISTRATIVE EXPENSE CLAIM OF BIG MIFL2 OWNER LLC**

Alfred T. Guliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors") and Big Mifl2 Owner LLC (the "Lessor," and, together with the Trustee, the "Parties") hereby enter into the following stipulation (the "Stipulation") and respectfully state as follows:

**RECITALS**

WHEREAS, on September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS, on January 7, 2025, Big Mifl2 Owner LLC ("Lessor") filed the *Motion of Big Mifl2 Owner LLC for an Order (I) Compelling Debtor to Timely Perform Lease Obligations Under*

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Former BL Stores, Inc. (9097); Former Management Stores of Ohio, LLC (7948); Consolidated Property Holdings, LLC (0984); Former Furniture Stores of Ohio, LLC (7868); Former Savings Stores of California, LLC (5262); Former Stores of Ohio, LLC (6811); Former Tenant Stores of Ohio, LLC (0552); Former Savings Stores of Ohio, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Former eCommerce Stores of Ohio, LLC (9612); and Former Low Cost Stores of Ohio, LLC (3277). The former address of the Debtors' corporate headquarters was 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*11 U.S.C. § 365(d)(3) and (II) Allowing, and Compelling Payment of Administrative Claim Under 11 U.S.C. § 503(b)(1)(A)* [Docket No. 1627] (the "Motion").

WHEREAS, on January 14, 2025, the Debtors filed the *Debtors' Omnibus Objection to Motions for Allowance and Payment of Stub Rent, Post-Petition Rent and Other Administrative Expense Claims*, by which the Debtors objected to the Motion [Docket No. 1705].

WHEREAS, on February 7, 2025, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [Docket No. 1962]

WHEREAS, on February 27, 2025, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against Debtors, (II) Establishing Pre-Closing Administrative Expense Claim Procedures, and (III) Granting Related Relief, Including Notice and Filing Procedures* [Docket No. 2110] setting a bar date of April 3, 2025 for any chapter 11 administrative expense claims that arose from the Petition Date through January 3, 2025 (the closing date of the Debtors' sale of substantially all of its assets to Gordon Brothers Retail Partners, LLC).

WHEREAS, on November 10, 2025, the above-captioned chapter 11 cases was converted to a cases under chapter 7 of the Bankruptcy Code, and Alfred T. Giuliano (the "Trustee") was appointed as chapter 7 trustee of the Debtors' bankruptcy estates.

WHEREAS, prior to the Petition Date, Lessor and Debtor BLBO Tenant, LLC ("Tenant") were parties to a lease (the "Lease") dated effective as of August 25, 2023 of nonresidential real property located at 18325 South Dixie Highway, Miami, Florida 33517 (the "Premises"). The

Lease Agreement between Lessor and the Tenant was part of the acquisition by Big Mifl2 of the Premises from Blue Owl, Inc. The primary term of the Lease was for twenty (20) years, commencing on August 25, 2023.

WHEREAS, on October 30, 2024, the Debtors filed a *Fifth Notice of Rejection and Abandonment of Personal Property* (the "Rejection Notice") [Docket No. 666] rejecting the Lease effective November 30, 2024.

WHEREAS, the Lessor has provided detail and supporting documentation regarding its asserted chapter 11 administrative claim as set forth in the Motion.

WHEREAS, the Trustee and the Lessor have entered into the *Stipulation Regarding Allowance of Administrative Expense Claim of Big Mifl2 Owner LLC* (the "Stipulation") that resolves the Motion. The Stipulation is attached as Exhibit 1 to the proposed form of order approving the Stipulation (the "Proposed Order"), which is attached hereto as **Exhibit A**. The Stipulation, by its terms, is not effective until entry of the Order.

**STIPULATION**

NOW THEREFORE, in consideration of the foregoing, the Trustee and Lessor hereby stipulate and agree (this "Stipulation") as follows, which such Stipulation shall be effective upon approval by order of the Bankruptcy Court (the "Order"):

1. Lessor shall have an allowed chapter 11 administrative expense claim pursuant to section 503 of the Bankruptcy Code in the amount of $306,634.79 (the "Allowed Chapter 11 Admin Claim") against Debtor BLBO Tenant, LLC (now known as Former Tenant Stores of Ohio, LLC).

2. Within five (5) business days of entry of an Order approving this Stipulation, the Trustee shall make an interim distribution in the amount of 27.15% of the Allowed Chapter 11

Admin Claim (or $83,251.34) to Lessor via check or wire (with any wire instructions to be provided by Lessor or its counsel). Such interim distribution may be made from funds held by Kroll as Disbursing Agent from the Disputed Administrative Expense Claims Reserve as defined in the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket Nol 3319]. The Order approving this Stipulation (and Lessor's wire instructions, if applicable) shall serve as sufficient evidence and instruction to Kroll to make such distribution as authorized and directed by the Trustee.

3. Any remaining distribution on account of the Allowed Chapter 11 Admin Claim shall be made as and when funds are available and as and when other similarly situated chapter 11 administrative creditors receive any distribution in excess of the 27% pro rata distribution.

4. For the avoidance of doubt, nothing contained in this Stipulation is intended as or shall be construed or deemed to be an allowance of any other claims scheduled, filed, or asserted by Lessor. All rights, claims, objections and defenses of the Trustee with respect to any other claim not addressed by this Stipulation are expressly reserved. Nothing contained in this Stipulation is intended as or shall be construed or deemed to be an admission as to the validity of any claim against the Debtors' estates under the Bankruptcy Code or other applicable nonbankruptcy law, other than the Allowed Chapter 11 Admin Claim.

5. This Stipulation constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, are not intended to confer upon any other person any rights or remedies hereunder.

6. Each Party has participated in and jointly consented to the drafting of this Stipulation and agrees that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

7. The Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

Dated: September 30, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

Dated: September 30, 2026

**KELLEY DRYE & WARREN LLP**

*/s/ Robert L. LeHane*

Robert L. LeHane
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7737
Email: rlehane@kelleydrye.com

*Counsel to Big Mifl2 Owner LLC*