# Exhibit A

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND CATHAY HOME INC. AUTHORIZING REPLACEMENT OF MISDIRECTED DISTRIBUTIONS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), and Cathay Home Inc. ("Cathay," and together with the Trustee, the "Parties"), by and through their undersigned counsel, hereby enter into this stipulation (the "Stipulation") and agree as follows:

**RECITALS**

WHEREAS, on September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, during the chapter 11 cases, the Court entered the *Order (I) Setting a Bar Date for Filing Proofs of Claims for Pre-Closing Administrative Expense Claims Against the Debtors, (II) Establishing Pre-Closing Administrative Expense Claims Procedures, and (III)*

[1] The Debtors in these chapter 7 cases, along with the last four digits of their respective employer identification numbers, are as follows: Great Basin, LLC (6158); Big Lots, Inc. (9097); Big Lots Management, LLC (7948); Consolidated Property Holdings, LLC (0984); Broyhill LLC (7868); Big Lots Stores - PNS, LLC (5262); Big Lots Stores, LLC (6811); BLBO Tenant, LLC (0552); Big Lots Stores - CSR, LLC (6182); CSC Distribution LLC (8785); Closeout Distribution, LLC (0309); Durant DC, LLC (2033); AVDC, LLC (3400); GAFDC LLC (8673); PAFDC LLC (2377); WAFDC, LLC (6163); INFDC, LLC (2820); Big Lots eCommerce LLC (9612); and Big Lots F&S, LLC (3277). The former address of the debtors' corporate headquarters is 4900 E. Dublin-Granville Road, Columbus, OH 43081.

*Granting Related Relief, Including Notice and Filing Procedures* [Docket No. 2214] (the "Administrative Expense Claims Procedures Order"), pursuant to which the Debtors made interim distributions to holders of certain allowed administrative expense claims;

WHEREAS, Cathay holds an allowed administrative expense claim against Debtor Big Lots Stores, LLC (now known as Former Stores of Ohio, LLC) (Case No. 24-11973) in the amount of $463,118.13 (the "Cathay Claim");

WHEREAS, between August and November 2025, the Debtors made the following four distributions on account of the Cathay Claim by wire transfer from the Debtors' account at PNC Bank, National Association ending in 0189 (collectively, the "Misdirected Distributions"):

| **Distribution** | **Wire Date** | **Amount** | **Wire Reference No.** |
|---|---|---|---|
| First | August 11, 2025 | $42,850.56 | W2588H1705I5A3A56 |
| Second | October 6, 2025 | $63,118.44 | W25A3L4635QFI1UJ6 |
| Third | October 31, 2025 | $18,028.46 | W25AUL47040TT2UDW |
| Fourth | November 6, 2025 | $1,760.58 | W25B5M4708MM00QFR |
| **Total** | | **$125,758.04** | |

WHEREAS, the Misdirected Distributions were transmitted not to Cathay, but to an account held by or for the benefit of Cathay Home Collection Limited, an entity located in Hong Kong ("CHCL");

WHEREAS, Cathay has represented to the Trustee that (i) Cathay did not receive any portion of the Misdirected Distributions, (ii) Cathay does not maintain a facility or a bank account in Hong Kong, and (iii) Cathay has no affiliation or relationship with CHCL;

WHEREAS, based on the Trustee's review of the Debtors' books and records, the Trustee believes that the Debtors' vendor records included both Cathay and CHCL, which have similar names, and that the Misdirected Distributions were transmitted by the Debtors' representatives to CHCL as a result of an error in reconciling the payee information for those two vendors;

WHEREAS, on November 10, 2025, the Debtors' chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the duly authorized representative of the Debtors' estates;

WHEREAS, the Trustee has determined, in the exercise of his business judgment, that making a replacement distribution to Cathay on the terms set forth herein, while preserving the estates' rights to recover the Misdirected Distributions from CHCL and any other responsible person or entity, is in the best interests of the Debtors' estates and their creditors; and

WHEREAS, the Parties have agreed, subject to approval of the Court, to resolve the matters set forth herein on the terms and conditions set forth below.

NOW, THEREFORE, upon the foregoing recitals, which are incorporated as though fully set forth herein, it is hereby stipulated and agreed, by and between the Parties, that:

1. Effective Date. This Stipulation shall have no force or effect unless and until approved by the Court (the date of entry of an order approving this Stipulation, the "Effective Date").

2. Replacement Distribution. Within fourteen (14) days after the later of (a) the Effective Date and (b) the Trustee's receipt of the Payment Documentation (as defined below), the Trustee shall pay to Cathay the sum of $125,758.04 (the "Replacement Distribution") by check payable to "Cathay Home Inc." and delivered to Cathay's undersigned counsel.

3. Payment Documentation. As conditions precedent to the Trustee's obligation to make the Replacement Distribution, Cathay shall deliver to the Trustee a completed and executed IRS Form W-9 for Cathay; and (b) any other written payment instructions from Cathay's counsel (collectively, the "Payment Documentation").

4. Treatment of Replacement Distribution. Upon payment, the Replacement Distribution shall be deemed a distribution on account of the Cathay Claim in lieu of the Misdirected Distributions, and Cathay shall be deemed to have received distributions in the aggregate amount of $125,758.04 on account of the Cathay Claim. Any future distribution on account of the Cathay Claim shall be calculated after giving effect to the Replacement Distribution. The Replacement Distribution shall not increase the amount, or alter the priority, of the Cathay Claim, and Cathay shall not be entitled to any further distribution on account of the Misdirected Distributions.

5. Preservation of Estate Claims. All rights, claims, and causes of action of the Trustee and the Debtors' estates arising from or relating to the Misdirected Distributions, including, without limitation, any claims against CHCL, any initial or subsequent transferee of the Misdirected Distributions, and any financial institution, whether arising under the Bankruptcy Code or applicable non-bankruptcy law, are expressly preserved and belong exclusively to the Debtors' estates. Any recovery on account of the Misdirected Distributions shall be property of the Debtors' estates, and Cathay shall have no interest therein.

6. Assignment. Effective upon Cathay's receipt of the Replacement Distribution, and without the need for further documentation, Cathay assigns and transfers to the Trustee, on behalf of the Debtors' estates, any and all rights, claims, and causes of action that Cathay has or may have against CHCL or any other person or entity arising from or relating to the Misdirected Distributions.

7. Turnover of Duplicate Recovery. If Cathay receives any portion of the Misdirected Distributions, or any proceeds thereof, from any source, Cathay shall hold such

funds in trust for the Debtors' estates and remit them to the Trustee within ten (10) business days after receipt.

8. Cooperation. Cathay shall reasonably cooperate with the Trustee in connection with the Trustee's efforts to recover the Misdirected Distributions, including by providing non-privileged information and documents in its possession, custody, or control and, if reasonably requested, a declaration or testimony regarding the matters set forth herein.

9. Release by Cathay. Effective upon Cathay's receipt of the Replacement Distribution, Cathay, on behalf of itself and its successors and assigns, releases and forever discharges the Trustee, the Debtors' estates, and the Trustee's professionals and agents from any and all claims, demands, and causes of action arising from or relating to the Misdirected Distributions; provided, however, that nothing herein shall release (a) any obligation arising under this Stipulation or (b) Cathay's right to receive future distributions, if any, on account of the Cathay Claim in accordance with the Bankruptcy Code and any applicable order of the Court.

10. Reservation of Rights. Except as expressly set forth herein, nothing contained in this Stipulation is intended to be or shall be construed as (a) a waiver or release by the Trustee or the Debtors' estates of any claim or cause of action against any person or entity, including, without limitation, CHCL, any financial institution, or any of the Debtors' former officers, employees, professionals, or advisors; (b) an allowance, disallowance, reclassification, or modification of the Cathay Claim or any other claim; or (c) an admission of liability by the Trustee, the Debtors, or their estates.

11. No Liability for Replacement Distribution. The Trustee, the Debtors' estates, and the Trustee's professionals and agents shall have no liability to any person or entity on account

of making the Replacement Distribution in accordance with this Stipulation and the Payment Documentation.

12. In the event that this Stipulation is not approved by the Court, it shall be null and void and have no force or effect, and the Parties agree that, in such circumstances, this Stipulation (including the statements in the Recitals) shall be of no evidentiary value whatsoever in any proceeding.

13. This Stipulation shall be binding upon the Parties and their respective affiliates, successors, and assigns, including, without limitation, any successor trustee.

14. This Stipulation constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

15. Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

16. This Stipulation may be executed in one or more counterparts and by electronic signature, each of which shall be deemed an original and all of which together shall constitute one instrument.

17. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of both Parties or by order of the Court.

18. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of the laws of another jurisdiction.

19. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or relating to this Stipulation.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, and in agreement herewith, by and through the undersigned counsel, the Parties have executed and delivered this Stipulation as of the date set forth below.

Dated: October 13, 2026

BG LAW

*/s/ Jessica Bagdanov*
Jessica Bagdanov
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Email: jbagdanov@bg.law

*Counsel to Cathay Home Inc.*

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Email: pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*