**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FORMER BL STORES, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Bankr. Case No. 24-11967 (JKS)<br><br>(Jointly Administered) |
| LIPP CDS INC.,<br><br>Appellant,<br><br>v.<br><br>FORMER BL STORES INC.,<br><br>Appellee. | Civil Action No. 1:25-cv-01398-GBW<br><br>Re: D.I. 11 |

**STIPULATION AND [PROPOSED] ORDER FOR LIMITED REMAND TO THE BANKRUPTCY COURT PURSUANT TO FED. R. BANKR. P. 8008(c) FOR THE PURPOSE OF CONSIDERING APPROVAL OF SETTLEMENT STIPULATION, AND STAYING BRIEFING SCHEDULE**

This stipulation (the "Remand Stipulation") is entered into by and between Appellant Lipp CDS Inc. ("Lipp CDS" or "Appellant") and Alfred T. Giuliano, the chapter 7 trustee (the "Trustee" and, together with Lipp CDS, the "Parties") of the estates of the above-captioned debtors (the "Debtors"), through their undersigned counsel. The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on September 9, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on July 8, 2025, Lipp CDS filed Proof of Claim No. 10731 (the "Claim"), asserting an administrative expense claim in the amount of $62,595.94 on account of a broker's commission in connection with a prepetition sale agreement for real property owned by the Debtors;

WHEREAS, on July 22, 2025, the Debtors filed an objection to the Claim [Bankr. D.I. 2989], and on November 4, 2025, the Bankruptcy Court issued an opinion [Bankr. D.I. 3300] and entered an order sustaining the objection and denying the Claim [Bankr. D.I. 3301] (the "Claim Order");

WHEREAS, on November 10, 2025, the Bankruptcy Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Bankr. D.I. 3319], and the Trustee was appointed as chapter 7 trustee of the Debtors' estates [Bankr. D.I. 3320];

WHEREAS, on November 18, 2025, Lipp CDS filed a notice of appeal of the Claim Order [Bankr. D.I. 3328], which appeal is pending before this Court in the above-captioned civil action (the "Appeal");

WHEREAS, on October 15, 2026, this Court entered an order withdrawing the Appeal from the mediation process and setting a briefing schedule [D.I. 11] (the "Briefing Order"), pursuant to which Appellant's opening brief is due November 12, 2026, Appellee's answering brief is due December 10, 2026, and Appellant's reply brief is due December 31, 2026;

WHEREAS, the Parties have resolved the Claim and the Appeal, subject to Bankruptcy Court approval, pursuant to the *Stipulation Between Alfred T. Giuliano, Chapter 7 Trustee, and Lipp CDS Inc. Regarding Administrative Expense Claim* (the "Settlement Stipulation"), which provides, among other things, that (i) Lipp CDS shall have an allowed chapter 11 administrative expense claim in the amount of $55,000.00, (ii) the Trustee shall make an interim distribution on

account of such allowed claim, and (iii) the Parties shall file a stipulation to dismiss the Appeal within fifteen (15) days of the effective date of the Settlement Stipulation;

WHEREAS, on October 26, 2026, the Trustee filed a certification of counsel submitting the Settlement Stipulation and a proposed order approving it to the Bankruptcy Court [Bankr. D.I. 3539];

WHEREAS, the Bankruptcy Court has advised the Parties that it lacks authority to approve the Settlement Stipulation while the Appeal is pending and stated that it would approve the Settlement Stipulation if this Court remands for that purpose;

WHEREAS, the filing of this Remand Stipulation is intended to provide the notice to the Clerk of this Court contemplated by Bankruptcy Rule 8008(b);

WHEREAS, Bankruptcy Rule 8008(c) provides that, if the bankruptcy court states that it would grant the motion, the district court may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal; and

WHEREAS, the Parties agree that a limited remand to permit the Bankruptcy Court to consider approval of the Settlement Stipulation, together with a stay of the briefing schedule pending the Bankruptcy Court's ruling, will promote judicial economy and avoid unnecessary expense to the Parties and the Debtors' estates.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties, subject to the approval of this Court, as follows:

1. The Appeal is remanded to the Bankruptcy Court pursuant to Bankruptcy Rule 8008(c) for the limited purpose of permitting the Bankruptcy Court to consider and, if appropriate, enter an order approving the Settlement Stipulation (the "Approval Order") and granting such related relief as may be necessary to implement the Settlement Stipulation.

2. This Court retains jurisdiction over the Appeal pending the Bankruptcy Court's decision on remand and further order of this Court. The Appeal is not dismissed by this Remand Stipulation.

3. All deadlines set forth in the Briefing Order are stayed pending further order of this Court.

4. Within seven (7) days after the Bankruptcy Court decides the matter on remand, the Parties shall notify the Clerk of this Court of the Bankruptcy Court's decision, as required by Bankruptcy Rule 8008(c).

5. If the Bankruptcy Court enters the Approval Order, the Parties shall file a stipulation dismissing the Appeal pursuant to Bankruptcy Rule 8023 within fifteen (15) days after the effective date of the Settlement Stipulation, with each Party to bear its own attorneys' fees and costs.

6. If the Bankruptcy Court declines to enter the Approval Order, or the Settlement Stipulation otherwise does not become effective, the Parties shall, within fourteen (14) days thereafter, submit to this Court a joint proposed amended briefing schedule for the Appeal.

7. Except as expressly provided in the Settlement Stipulation, nothing in this Remand Stipulation shall constitute an admission by, or a waiver of any right, claim, defense, or argument of, any Party in the Appeal.

8. This Remand Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Signatures transmitted electronically or by "/s/" designation with the consent of the signatory shall be deemed original signatures.

*[Signature page follows]*

Dated: November 12, 2026

**GELLERT SEITZ BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert* ______________
Ronald S. Gellert (DE Bar No. 4259
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5806
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com

-and-

**SUSAN BARILICH, PC**
Susan Barilich
535 N. Brand Blvd., Ste. 504
Glendale, CA 91203
Telephone: (818) 500-0377
Facsimile: (800) 850-7209
Email: susan@barilichlaw.com

*Counsel to Appellant Lipp CDS Inc.*

Dated: November 12, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*________________
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

SO ORDERED this ___ day of November, 2026.

______________________________________
THE HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE